IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Chapter 11 |
| INC., (F/K/A NEW CENTURY | : | |
| FINANCIAL CORPORATION), | : | |
| a Delaware corporation, | : | |
| | : | |
| | : | Case No. 07-[____] (___) |
| Debtor. | : | |
| | : | |
| Employer Tax I.D. No. | : | |
| | : | |
| 33-0683629 | : | |
| | : | |
| In re: | : | |
| | : | |
| NEW CENTURY FINANCIAL | : | Chapter 11 |
| CORPORATION (F/K/A NEW | : | |
| CENTURY REIT, INC.), | : | |
| a Maryland corporation, | : | |
| | : | |
| | : | Case No. 07-[____] (___) |
| Debtor. | : | |
| | : | |
| Employer Tax I.D. No. | : | |
| | : | |
| 56-2451736 | : | |
| | : | |
| In re: | : | |
| | : | |
| NEW CENTURY MORTGAGE | : | Chapter 11 |
| CORPORATION (F/K/A JBE | : | |
| MORTGAGE) (D/B/A NCMC | : | |
| MORTGAGE CORPORATE, NEW | : | |
| CENTURY CORPORATION, NEW | : | Case No. 07-[____] (___) |
| CENTURY MORTGAGE | : | |
| VENTURES, LLC), | : | |
| a California corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Employer Tax I.D. No. | : | |
| | : | |
| 93-1195257 | : | |

In re:                                          :
                                                :
NC CAPITAL CORPORATION,                         :        Chapter 11
a California corporation,                        :
                                                :
                          Debtor.               :
                                                :        Case No. 07-[_____] (___)
Employer Tax I.D. No.                           :
                                                :
33-0829437                                      :
                                                :
In re:                                          :
                                                :
HOME123 CORPORATION (F/K/A                      :        Chapter 11
THE ANYLOAN CORPORATION,                        :
1800ANYLOAN.COM,                                :
ANYLOAN.COM),                                   :
a California corporation,                        :        Case No. 07-[_____] (___)
                                                :
                          Debtor.               :
                                                :
Employer Tax I.D. No.                           :
                                                :
33-0854965                                      :
                                                :
In re:                                          :
                                                :
NEW CENTURY CREDIT                              :        Chapter 11
CORPORATION (F/K/A WORTH                        :
FUNDING INCORPORATED),                          :
a California corporation,                        :
                                                :        Case No. 07-[_____] (___)
                          Debtor.               :
                                                :
Employer Tax I.D. No.                           :
                                                :
95-4729811                                      :

In re:                                          :
                                                :
NC ASSET HOLDING, L.P. (F/K/A                   :   Chapter 11
NC RESIDUAL II CORPORATION),                    :
a Delaware limited partnership,                 :
                                                :
                              Debtor.           :   Case No. 07-[____] (___)
                                                :
Employer Tax I.D. No.                           :
                                                :
90-0277171                                      :

In re:                                          :
                                                :
NC RESIDUAL III CORPORATION,                    :   Chapter 11
a Delaware corporation,                         :
                                                :
                              Debtor.           :
                                                :   Case No. 07-[____] (___)
Employer Tax I.D. No.                           :
                                                :
75-3023143                                      :

In re:                                          :
                                                :
NC RESIDUAL IV CORPORATION,                     :   Chapter 11
a Delaware corporation,                         :
                                                :
                              Debtor.           :
                                                :   Case No. 07-[____] (___)
Employer Tax I.D. No.                           :
                                                :
41-2152421                                      :

In re:                                          :
                                                :
NEW CENTURY R.E.O. CORP.,                        :   Chapter 11
a California corporation,                        :
                                                :
                              Debtor.           :
                                                :   Case No. 07-[____] (___)
Employer Tax I.D. No.                           :
                                                :
33-0824457                                      :

3

In re:                                    :
                                          :
**NEW CENTURY R.E.O. II CORP.,**          :    **Chapter 11**
**a California corporation,**             :
                                          :
                    **Debtor.**           :
                                          :    Case No. 07-[_____] (___)
**Employer Tax I.D. No.**                 :
                                          :
20-5323198                                :
                                          :
_____          :
                                          :
In re:                                    :
                                          :
**NEW CENTURY R.E.O. III CORP.,**         :    **Chapter 11**
**a California corporation,**             :
                                          :
                                          :
                                          :    Case No. 07-[_____] (___)
                    **Debtor.**           :
                                          :
**Employer Tax I.D. No.**                 :
                                          :
65-1297602                                :
_____          :
In re:                                    :
                                          :
**NEW CENTURY MORTGAGE**                  :    **Chapter 11**
**VENTURES, LLC (D/B/A SUMMIT**           :
**RESORT LENDING, TOTAL**                 :
**MORTGAGE RESOURCE, SELECT**             :
**MORTGAGE GROUP,**                       :    Case No. 07-[_____] (___)
**MONTICELLO MORTGAGE**                   :
**SERVICES, AD ASTRA**                    :
**MORTGAGE, MIDWEST HOME**                :
**MORTGAGE, TRATS FINANCIAL**             :
**SERVICES, ELITE FINANCIAL**             :
**SERVICES, BUYERS ADVANTAGE**            :
**MORTGAGE),**                            :
**a Delaware limited liability company,** :
                                          :
                    **Debtor.**           :
                                          :
**Employer Tax I.D. No.**                 :
**71-0973199**                            :

4

In re:                                          :
                                                :
NC DELTEX, LLC,                                 :      **Chapter 11**
a Delaware limited liability company,           :
                                                :
                          Debtor.               :
                                                :      Case No. 07-[____] (___)
Employer Tax I.D. No.                           :
33-1141691                                      :
                                                :
_____                 :
                                                :
In re:                                          :
                                                :
NCORAL, L.P.,                                    :      **Chapter 11**
a Delaware limited partnership,                 :
                                                :
                          Debtor.               :
                                                :      Case No. 07-[____] (___)
Employer Tax I.D. No.                           :
20-4665740                                      :

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

New Century Financial Corporation ("NCF"), a Maryland corporation, New

Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and

indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by

and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of

an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (as amended

from time to time, the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as

amended from time to time, the "Local Rules"), directing the joint administration of the Debtors'

chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of this

Motion, the Debtors respectfully represent as follows:

## BACKGROUND[1]

1.      New Century Financial Corporation, a Maryland corporation ("NCF") and publicly owned real estate investment trust, is one of the largest specialty mortgage finance businesses in the United States. Through its subsidiaries and its primary holding company subsidiary, New Century TRS Holdings, Inc., a Delaware corporation ("New Century TRS" and together with NCF and the other debtor subsidiaries, the "Debtors"), NCF originates, purchases, sells, and services mortgage loans nationwide. NCF historically focused on "subprime" lending, or lending to individuals whose borrowing needs were generally not fulfilled by traditional financial institutions because they did not satisfy the credit, documentation or other underwriting standards prescribed by conventional mortgage lenders and loan buyers. In September 2005, NCF through some of its subsidiaries also began offering conventional mortgage loans, including: "Alt-A" mortgage loans, loans insured by the Federal Housing Administration ("FHA"), and loans guaranteed by the Veterans Administration ("VA"). During the fiscal year ending December 31, 2006, the Debtors originated or purchased approximately $60 billion of mortgage loans, most of which were sold in the secondary market. Since their inception, the Debtors have issued or enabled over $220 billion in loans. These loans have helped millions of homebuyers and homeowners across the nation access credit and realize the benefits of home ownership, including many who might not otherwise have been able to do so.

2.      On February 7, 2007, NCF announced that it would restate its quarterly financial statements for the first, second, and third quarters of 2006 after the Debtors discovered that there may be errors in the application of generally accepted accounting principles regarding NCF's allowance for loan repurchase losses. The announcement resulted in the filing of various

---

[1] The facts and circumstances supporting this Motion are set forth in the Declarations of Monika McCarthy and Holly Etlin in Support of Chapter 11 Petitions and Request for First Day Relief.

securities class action lawsuits and shareholder derivative suits.

3.    On March 2, 2007, NCF announced that it could not timely file its Annual Report on Form 10-K and that KPMG LLP, NCF's independent auditors, could not complete its audit of NCF's 2006 financial statements until after completion of the internal investigation by NCF's audit committee. NCF also announced that the Securities and Exchange Commission had requested a meeting with NCF to discuss these events and that the United States Attorney's Office had commenced a criminal inquiry.

4.    These announcements, together with increased borrower defaults that have adversely affected the subprime mortgage market nationwide, had a devastating impact on the Debtors' business. Shortly after the March 2, 2007 announcement, the financial institutions that provide the short term credit facilities that the Debtors need to originate and purchase loans (each a "Warehouse Lender"), commenced exercising remedies against the Debtors, thereby threatening their viability. During the following week, the Warehouse Lenders made margin calls in excess of $150 million, which the Debtors were unable to satisfy fully. Thereafter, the Warehouse Lenders began restricting and ultimately ceased providing funding for loans originated by the Debtors. Each of the Warehouse Lenders has declared the Debtors in default under its credit facility.

5.    As a result of the defaults, the Warehouse Lenders have exercised remedies under their agreements with the Debtors, including asserting control of the cash flow from the loans they financed and in some instances exercising strict foreclosure or commencing foreclosure sales of the Debtors' loans. The lack of cash flow from these loans has further exacerbated the Debtors' liquidity situation.

6.    Although the Debtors have not had sufficient resources or access to credit to originate loans, the Debtors continue to operate their mortgage loan servicing business in

7

accordance with their historically high standards and comply with their obligations under their agreements with indenture trustees and other parties to provide servicing for mortgage loans. Because their financing for servicing advances has also been terminated, the Debtors' liquidity has been additionally constrained by their being required to provide necessary loan servicing advances from their own working capital.

7.    During the weeks leading up to the Petition Date (as defined below), the Debtors, aided by their professional advisors, including investment bank Lazard Frères & Co. LLC ("Lazard"), sought sources of additional financing, infusions of debt and/or equity capital, or a sale of their businesses to a strategic or financial investor.

8.    The Debtors' inability to originate loans and the exercise of remedies by the Warehouse Lenders have left the Debtors in a severe liquidity crisis. Without a prompt sale of the Debtors' mortgage loan servicing business and loan origination platform, those businesses will not be viable and the value will be destroyed. Accordingly, the Debtors have commenced these chapter 11 cases to pursue an expedited sale of these businesses and the Debtors' other assets for the benefit of the Debtors' stakeholders.

9.    Although the Debtors have been unsuccessful in obtaining financing that would permit them to continue originating loans, Debtors were successful in obtaining debtor in possession financing of up to $150 million, which they expect will provide sufficient working capital to maintain and stabilize their businesses through the sale of the Debtors' operating businesses and other assets.

10.    On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief. Further, a motion for joint administration of the Debtors' bankruptcy cases is pending before the Court. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

8

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." The Debtors are "affiliates," as that term is defined in section 101(2) of Title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code"). Accordingly, this Court is authorized to grant the relief requested.

12.     In addition, Local Rule 1015-1 provides in relevant part:

> If two (2) or more petitions are pending in the same Court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates, without notice or hearing. An order of joint administration may be entered upon the filing of a motion for joint administration, together with an affidavit or verification, which establishes that the joint administration of the respective debtors' estates is warranted, will ease the administrative burden for the Court and the parties.

13.     Pursuant to Local Rule 1015-1, the Debtors have filed the Declarations of Taj Bindra and Holly Etlin in Support of Chapter 11 Petitions and Request for First Day Relief (the "Declarations") contemporaneously herewith. The Declarations establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and the parties.

14.     The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed

RLF1-3133720-1

and served in these cases. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

15.    In addition, the Debtors respectfully request that parties in interest be excused from including each of the Debtors' names, states of incorporation or organization, tax identification numbers and case numbers in the captions of pleadings filed in these cases. The Debtors submit that including each of the Debtors' states of incorporation or organization and tax identification numbers would be unnecessarily cumbersome and confusing to parties in interest. Instead, for all pleadings, the Debtors request that they and other parties in interest be permitted and directed to use a consolidated caption, in the form attached hereto as Exhibit A, indicating that the pleading relates to the jointly administered bankruptcy cases of "New Century TRS Holdings, Inc., a Delaware corporation, et al."[2]

16.    Because these cases involve fifteen (15) Debtors with thousands of potential creditors, the entry of an order of joint administration will (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases. Therefore, joint administration of these chapter 11 cases is in the best interest of the Debtors, the Debtors' estates, their creditors and other parties in interest.

---

[2] A proposed consolidated caption for all notices, applications, motions and other pleadings is attached hereto as Exhibit A and incorporated herein by reference.

RLF1-3133720-1

17.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. Moreover, the ex parte entry of joint administration orders in multiple related cases such as these is common and generally noncontroversial in this District and elsewhere.[3]

18.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors also seek the Court's direction that a notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of the cases in substantially the following form:

> "An order has been entered in this case directing the joint administration of the chapter 11 cases of New Century TRS Holdings, Inc., a Delaware corporation, et al. The docket in Case No. 07-_____ (___) should be consulted for all matters affecting this case."

## NOTICE

19.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; (3) the 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11 petitions; and (4) all parties who have

---

[3] See, e.g., In re USG Corp., No. 01-2094 (RJN) (D. Del. June 25, 2001) (Farnan, J.) (order directing joint administration of Chapter 11 cases); In re Pillowtex, Inc., No. 00-4211 (SLR) (D. Del. Nov. 14, 2000) (same); In re Purina Mills, Inc., No. 99-3938 (SLR) (D. Del. Oct. 29, 1999) (same); In re Loewen Group Int'l, Inc., No. 99-1244 (PJW) (D. Del. June 1, 1999) (Farnan, J.) (same); In re HQ Global Holdings, Inc., No. 02-10760 (MFW) (Bankr. D. Del. Mar. 14, 2002) (same); In re Globalstar Capital Corp., No. 02-10499 (KG) (Bankr. D. Del. Feb. 21, 2002) (Walsh, J.); In re Kaiser Aluminum Corp., No. 02-10429 (PJW) (Bankr. D. Del. Feb. 13, 2002) (Katz, J.) (same); In re NationsRent, Inc., No. 01-11628 (PJW) (Bankr. D. Del. Dec. 18, 2001) (same); In re Burlington Indus., Inc., No. 01-11282 (PJW) (Bankr. D. Del. Nov. 15, 2001) (same); In re Borden Chems. & Plastics Operating Ltd. P'ship, No. 01-1268 (RRM) (Bankr. D. Del. Apr. 5, 2001) (Newsome, J.) (same); In re The Imperial Home Decor Group, Inc., No. 00-19 (MFW) (Bankr D. Del. Jan. 5, 2000) (same). Because of the voluminous nature of these unreported orders, they are not attached to this Motion.

timely filed requests for notice under Bankruptcy Rule 2002. As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or any other Court.

12

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other further relief the Court deems just and proper.

Dated:  April 2, 2007
        Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

        -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**EXHIBIT A**

[Proposed Form of Caption]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-[____] (___)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Chapter 11** |
| **INC., (F/K/A NEW CENTURY** | : | |
| **FINANCIAL CORPORATION),** | : | |
| **a Delaware corporation,** | : | |
| | : | **Case No. 07-[____] (___)** |
| **Debtor.** | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **33-0683629** | : | |
| | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **NEW CENTURY FINANCIAL** | : | **Chapter 11** |
| **CORPORATION (F/K/A NEW** | : | |
| **CENTURY REIT, INC.),** | : | |
| **a Maryland corporation,** | : | |
| | : | **Case No. 07-[____] (___)** |
| **Debtor.** | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **56-2451736** | : | |
| | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **NEW CENTURY MORTGAGE** | : | **Chapter 11** |
| **CORPORATION (F/K/A JBE** | : | |
| **MORTGAGE) (D/B/A NCMC** | : | |
| **MORTGAGE CORPORATE, NEW** | : | |
| **CENTURY CORPORATION, NEW** | : | **Case No. 07-[____] (___)** |
| **CENTURY MORTGAGE** | : | |
| **VENTURES, LLC),** | : | |
| **a California corporation,** | : | |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **93-1195257** | : | |

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **NC CAPITAL CORPORATION,** | : | **Chapter 11** |
| **a California corporation,** | : | |
| | : | |
| **Debtor.** | : | |
| | : | **Case No. 07-[____] (___)** |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **33-0829437** | : | |

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **HOME123 CORPORATION (F/K/A** | : | **Chapter 11** |
| **THE ANYLOAN CORPORATION,** | : | |
| **1800ANYLOAN.COM,** | : | |
| **ANYLOAN.COM),** | : | |
| **a California corporation,** | : | **Case No. 07-[____] (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **33-0854965** | : | |

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **NEW CENTURY CREDIT** | : | **Chapter 11** |
| **CORPORATION (F/K/A WORTH** | : | |
| **FUNDING INCORPORATED),** | : | |
| **a California corporation,** | : | |
| | : | **Case No. 07-[____] (___)** |
| **Debtor.** | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **95-4729811** | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| NC ASSET HOLDING, L.P. (F/K/A | : | Chapter 11 |
| NC RESIDUAL II CORPORATION), | : | |
| a Delaware limited partnership, | : | |
| | : | |
| Debtor. | : | |
| | : | Case No. 07-[_____] (____) |
| Employer Tax I.D. No. | : | |
| | : | |
| 90-0277171 | : | |
| In re: | : | |
| | : | |
| NC RESIDUAL III CORPORATION, | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | Case No. 07-[_____] (____) |
| Employer Tax I.D. No. | : | |
| | : | |
| 75-3023143 | : | |
| In re: | : | |
| | : | |
| NC RESIDUAL IV CORPORATION, | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | Case No. 07-[_____] (____) |
| Employer Tax I.D. No. | : | |
| | : | |
| 41-2152421 | : | |
| In re: | : | |
| | : | |
| NEW CENTURY R.E.O. CORP., | : | Chapter 11 |
| a California corporation, | : | |
| | : | |
| Debtor. | : | |
| | : | Case No. 07-[_____] (____) |
| Employer Tax I.D. No. | : | |
| | : | |
| 33-0824457 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **NEW CENTURY R.E.O. II CORP.,** | : | **Chapter 11** |
| **a California corporation,** | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No.** | : | **Case No. 07-[____] (___)** |
| | : | |
| **20-5323198** | : | |
| | : | |
| | : | |
| In re: | : | |
| | : | |
| **NEW CENTURY R.E.O. III CORP.,** | : | **Chapter 11** |
| **a California corporation,** | : | |
| | : | |
| | : | |
| | : | |
| Debtor. | : | **Case No. 07-[____] (___)** |
| | : | |
| **Employer Tax I.D. No.** | : | |
| | : | |
| **65-1297602** | : | |
| | : | |
| In re: | : | |
| | : | |
| **NEW CENTURY MORTGAGE** | : | **Chapter 11** |
| **VENTURES, LLC (D/B/A SUMMIT** | : | |
| **RESORT LENDING, TOTAL** | : | |
| **MORTGAGE RESOURCE, SELECT** | : | |
| **MORTGAGE GROUP,** | : | **Case No. 07-[____] (___)** |
| **MONTICELLO MORTGAGE** | : | |
| **SERVICES, AD ASTRA** | : | |
| **MORTGAGE, MIDWEST HOME** | : | |
| **MORTGAGE, TRATS FINANCIAL** | : | |
| **SERVICES, ELITE FINANCIAL** | : | |
| **SERVICES, BUYERS ADVANTAGE** | : | |
| **MORTGAGE),** | : | |
| **a Delaware limited liability company,** | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No.** | : | |
| **71-0973199** | : | |

| | |
|---|---|
| In re: | : |
| | : |
| **NC DELTEX, LLC,** | : **Chapter 11** |
| **a Delaware limited liability company,** | : |
| | : |
| **Debtor.** | : |
| | : **Case No. 07-[_____] (___)** |
| **Employer Tax I.D. No.** | : |
| **33-1141691** | : |
| | : |
| In re: | : |
| | : |
| **NCORAL, L.P.,** | : **Chapter 11** |
| **a Delaware limited partnership,** | : |
| | : |
| **Debtor.** | : |
| | : **Case No. 07-[_____] (___)** |
| **Employer Tax I.D. No.** | : |
| **20-4665740** | : |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

This matter coming before the Court on the Motion of Debtors and Debtors in

Possession for an Order Directing Joint Administration of Related Chapter 11 Cases (the

"Motion") filed by the above-captioned debtors and debtors in possession (collectively, the

"Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (c) notice of this Motion having been provided to, inter alia,

the Office of the United States Trustee for the District of Delaware, counsel to Greenwich

Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc.

("CIT"), the Debtors' proposed post-petition senior secured lenders, the 50 largest unsecured

creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11

petitions, and all parties who have timely filed requests for notice under Bankruptcy Rule 2002;

(d) capitalized terms not otherwise defined herein have the meaning given to them in the Motion;

(e) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; and

(f) joint administration of the Debtors' chapter 11 cases is appropriate pursuant to Bankruptcy

Rule 1015(b) and Local Rule 1015-1; and the Court having considered the Declarations of Taj

Bindra and Holly Etlin in Support of Chapter 11 Petitions and Request for First Day Relief; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and the Court having determined that the relief sought in the

Motion is in the best interests of the Debtors and their estates; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to

them in the Motion.

3.    The above-captioned chapter 11 cases are consolidated for procedural

purposes only and shall be administered jointly under Case No. _____.

4.    Pleadings in these cases are authorized and required to bear a consolidated

caption in the form set forth on Exhibit A attached hereto and incorporated herein by reference,

which caption is approved in all respects.

5.    The Clerk of the Court shall maintain one file and one docket for all of

these jointly administered cases, which file and docket shall be the file and docket for New

Century TRS Holdings, Inc. (the "Caption Case").

6.    A docket entry shall be made on the docket in each of the above-captioned

cases (other than the Caption Case) substantially as follows:

> "An order has been entered in this case directing the joint
> administration of the chapter 11 cases of New Century TRS
> Holdings, Inc., a Delaware corporation, et al. The docket in Case

2

No. 07-_____  (___) should be consulted for all matters affecting this case."

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned chapter 11 cases.

8.    This Court shall retain exclusive jurisdiction to enforce and interpret the terms of this Order.

Dated: _____, 2007
   Wilmington, Delaware     _____
                UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

[FORM OF CAPTION]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-[\_\_\_] (\_\_)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.