IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-[____] (___) |
| | : | Jointly Administered |
| Debtors. | : | |

DECLARATION OF JOHN VANDER HOOVEN IN SUPPORT OF
MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER
APPROVING THE APPOINTMENT OF XROADS CASE MANAGEMENT SERVICES,
LLC AS CLAIMS AND NOTICING AGENT PURSUANT TO SECTION 156(c)
OF THE JUDICIAL CODE AND RULE 2002-1(f) OF THE LOCAL RULES

STATE OF CALIFORNIA    )
                       ) SS:
COUNTY OF ORANGE       )

JOHN VANDER HOOVEN declares under penalty of perjury as follows:

1.   I am a Managing Director at XRoads Case Management Services, LLC ("XRoads"), located at 1821 East Dyer Road, Suite 225, Santa Ana, California. I submit this declaration in support of the motion (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing and approving the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

appointment of XRoads as claims and noticing agent (the "Claims and Noticing Agent") in these chapter 11 cases.

2. XRoads specializes in providing consulting and administrative services related to the orderly administration of pending chapter 11 bankruptcy cases. XRoads employs personnel experienced in the field of bankruptcy and bankruptcy procedures. XRoads has served as Claims and Noticing Agent in a number of cases, including among others: In re APX Holdings, L.L.C., Case No. 06-10875 (Bankr. C.D. Cal. 2006); In re Nellson Nutraceutical, Inc., Case No. 06-10072 (Bankr. D. Del. 2006); In re Gardenburger, Inc., Case No. 05-19539 (Bankr. N.D. Cal. 2005); In re Fresh Choice Inc., Case No. 04-54318 (Bankr. N.D. Cal. 2004); In re Factory 2-U Stores, Inc., Case No. 04-10111 (Bankr. D. Del. 2004). Accordingly, I submit that XRoads is qualified and competent to serve as Claims and Noticing Agent in these chapter 11 cases.

3. The Debtors propose to employ XRoads on the terms set forth in that certain agreement for services by and between the Debtors and XRoads, entered into as of March 8, 2007 (the "XRoads Agreement"), a copy of which is attached to the Motion as Exhibit B. The services to be performed by XRoads as Claims Agent are described in the Motion.

4. The fees to be charged by XRoads are set forth in the XRoads Agreement. Most clerical/administrative services are priced on a unit basis. To the extent that the Debtors require the assistance of XRoads to perform technical support services or other claims-related consulting services, such services shall be priced on a per-hour basis ranging from $40.00 to $325.00.

5. The Debtors have proposed, subject to the Court's approval, that the fees and expenses incurred by XRoads be treated as an administrative expense to the Debtors' chapter

11 estates and be paid by the Debtors in accordance with the terms of the XRoads Agreement, without the necessity of XRoads filing interim or final fee applications or otherwise complying with the monthly, quarterly or final compensation procedures applicable to professionals.

6. To the best of my knowledge, neither XRoads, nor any of its professional personnel, has any relationship with the Debtors, or any potential party in interest, that would impair XRoads' ability to serve as the official Claims and Noticing Agent. The following indirect relationships are disclosed in good faith and have no bearing on XRoads ability to serve as the official Claims and Noticing Agent:

   a. O'Melveny & Myers LLP ("O'Melveny") has previously represented clients of the parent entity of XRoads – XRoads Solutions Group, LLC ("XSG") and parties adverse and non-adverse to XSG clients in unrelated matters. In addition, O'Melveny currently represents XSG in an unrelated matter and has previously represented XSG in other unrelated matters. Hunter Simon, son of Dennis Simon (XSG's Managing Principal), is an associate at O'Melveny in their Los Angeles, California, Transactions Department. Hunter Simon has not and is not expected to be involved in the Debtors' case.

   b. The son of one of XSG's Principals is employed by the Debtors as a Junior Account Executive in the Debtors' Reno, Nevada offices.

7. XRoads is not employed by the United States and shall not seek any compensation from the United States. By accepting employment in these cases, XRoads waives any rights to receive compensation from the United States with respect to the services provided in these chapter 11 cases. XRoads is not an agent of the United States and is not acting on behalf of the United States. XRoads will not misrepresent facts to the public.

8. XRoads does not consider itself to be a professional for purposes of section 327 of the Bankruptcy Code, but to the extent that it may be deemed to be such a professional, XRoads believes that it is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14), in that XRoads, its management and staff:

a.  are not creditors, equity security holders or insiders of the Debtors;

b.  are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors; and

c.  do not hold or represent an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

9.  XRoads has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If this Court approves XRoads' proposed retention, XRoads will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. XRoads may, however, provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, provided that such services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

10. XRoads will not withdraw from providing services as the Claims and Noticing Agent in these cases unless authorized by an order of this Court.

I declare under penalty that the foregoing is true and correct. Executed this 2nd day of April, 2007.

*[signature: John D Vander Hooven]*

John Vander Hooven