**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |

**DECLARATION OF TAJVINDER S. BINDRA**
**IN SUPPORT OF SALE AND FINANCING MOTIONS**

I, Tajvinder S. Bindra, hereby declare:

1.     I am Chief Financial Officer ("CFO") and Executive Vice President of
New Century Financial Corporation ("NCF"), a Maryland Corporation and parent company of
New Century TRS Holdings, Inc., a Delaware corporation ("New Century TRS" and together
with NCF and various subsidiaries, as described below, the "Debtors"). I have been employed
by NCF since November 6, 2006, when I became an Executive Vice President. I have been
NCF's CFO since November 15, 2006. In my capacity as CFO and Executive Vice President, I
have been actively engaged in the Debtors' efforts to restructure their business and finances, as
described herein.

2.     I submit this Declaration in connection with the Debtors' Emergency
Motion for Interim and Final Order Pursuant to 11 U.S.C. §§ 105, 362 and 364 and Bankruptcy
Rules 2002, 4001 and 9014 (a) Approving Debtor-in-Possession Financing with Administrative

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Expense Superpriority and Secured by Senior Liens, (b) Granting Senior Liens and Superpriority Administrative Expense Claim, (c) Granting Other Relief, and (d) Setting Final Hearing. Any capitalized term not expressly defined herein shall have the meaning ascribed to that term therein. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me at the Debtors' operations or who are otherwise employed by the Debtors, upon information supplied to me by the Debtors' professionals and consultants, or upon my opinion based on my experience and knowledge since November 2006 with respect to the Debtors' operations, financial condition and related business issues. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the Debtors.

## THE PROPOSED DEBTOR IN POSSESSION FINANCING FACILITY

**A.** **Necessity of Postpetition Financing**

3.      The Debtors believe that orderly auction sales of their assets and businesses conducted over the next 30 to 60 days is the best (and perhaps only viable) means of maximizing returns for stakeholders. As a result, it is imperative that the Debtors have access to sufficient liquidity to continue funding operations over this time period. Without additional financing, the Debtors expect to exhaust their liquidity within the next 14 to 45 days. Thus, it is imperative that the Debtors obtain the proposed financing.

4.      The proposed DIP Loan is a scaled down facility designed to allow the Debtors to <u>quickly</u> auction their businesses and to maintain their operations in a stable condition pending the completion of certain sales. The Debtors will be seeking expedited bidding procedures and hope to consummate major sales within about 45 days. Particularly given the critical importance of maintaining customer, supplier and employee confidence pending such sales, the Debtors submit that it is appropriate at the time of the first hearing to authorize the Debtors to access the full amount available under the proposed DIP Loan facility.

5.       In order to obtain the most attractive financing possible, Lazard widely solicited proposals for DIP financing. Over the last several weeks, Lazard solicited proposals for DIP financing from 14 financial institutions who are active and sophisticated providers of this type of financing. Ultimately, the most attractive proposal was submitted by the DIP Lenders. Active and arms' length bargaining produced the Debtor-in-Possession Loan and Security Agreement dated as of April 2, 2007, by and among the Debtors, Greenwich and CIT.

6.       The proposed DIP Loan is a standalone facility provided by one lender, CIT, as an independent business matter, and by the other member of the DIP lending syndicate, Greenwich, as an independent loan and in order to help finance the Debtors as going concerns so that Greenwich can make a bid for certain of the Debtors' assets. Thus, the Debtors are simultaneously filing a motion to approve bidding procedures for a sale of certain mortgage loans and mortgage-backed securities to Greenwich for $50 million, subject to overbid. The DIP Lenders are willing to provide the DIP facility only if Greenwich is given a fair opportunity to pursue its bid. As a result, one condition of the DIP Financing requires that the Court approve the bidding procedures discussed herein by April 10, 2007.

7.       Without the DIP Loan, the Debtors' businesses will be harmed by, among other things, the potentially rapid deterioration of the Debtors' mortgage loan servicing business and loan origination platform, loss of key employees and deterioration of employee morale - all of which will adversely impact asset values. Consequently, the Debtors believe that the financing offered by the DIP Lenders is critical and will provide them with the ability to operate their businesses pending their sale.

8.       The Debtors have concluded, in their business judgment, and based on the above described efforts of Lazard and the fact the Greenwich bid is subject to overbid, that the stalking horse bid made by Greenwich for the Purchased Assets and the proposed DIP Financing were each fair.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 2nd day of April, 2007 at $\underline{S\text{HORT } H\text{ILLS}}$, New Jersey.

Tajvinder S. Bindra
Chief Financial Officer and
Executive Vice President
New Century Financial Corporation