# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | |
| | Re: Docket No. __ |

## BIDDING PROCEDURES FOR THE SALE OF CERTAIN LOANS AND RESIDUALS

The following bidding procedures, which were approved by order of the Bankruptcy Court dated April __, 2007 (the "Bidding Procedures") shall govern the auction process for the LNFA Mortgage Loans and Residuals[2] (the "Purchased Assets") as set forth in the Asset Purchase Agreement between New Century Financial Corporation, the Selling Subsidiaries Named Herein and Greenwich Capital Financial Products, Inc. Dated as of April 2, 2007 (the "APA"). The Sellers will seek entry of an order from the Bankruptcy Court authorizing and approving the sale of the Purchased Assets free and clear of liens, claims, and encumbrances to Greenwich Capital Financial Products, Inc., or its designee (the "Purchaser") or such other Successful Bidder (defined below) as may be made at the Auction (defined below).

1. **Approvals.** The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and the compliance with (i) the applicable provisions of the Bankruptcy Code; (ii) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) other applicable rules and law; and (iv) the terms of the APA.

2. **Assets to be Sold.** The Auction shall consist of all of the Purchased Assets free and clear of claims, interests, liens, and encumbrances.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA.

3. <u>Confidentiality Agreements</u>. Upon execution of a confidentiality agreement, in form and substance satisfactory to the Sellers, any party that wishes to conduct due diligence on the Purchased Assets may be granted access to all material information that has been or will be provided to the Purchaser and other bidders.

4. <u>Determination of "Qualifying Bidder" Status</u>. In order to participate in the bidding process and be deemed a "Qualifying Bidder," each potential bidder other than the Purchaser must deliver to the Sellers, with copies to the Official Committee of Unsecured Creditors (the "OCUC"), a written and binding offer that:

(a) states such bidder, on its own or together with other Qualified Bidder(s), offers to purchase all of the Purchased Assets upon the terms and conditions substantially as set forth in the APA;

(b) states such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Purchased Assets on terms and conditions no less favorable to the Sellers than the terms and conditions contained in the APA;

(c) be accompanied by a clean and duly executed APA (the "Modified APA") and a marked Modified APA reflecting the variations from the APA executed by the Purchaser;

(d) states such bidder is financially capable of consummating the transactions contemplated by the Modified APA;

(e) states such Qualifying Bidder's offer is irrevocable until the closing of the purchase of the Purchased Assets if such bidder is the Successful Bidder or the Back-up Bidder (as defined below);

(f) contains such financial and other information that will allow the Sellers to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code (if applicable) in a form requested by the Sellers to allow the Sellers to serve within one business day after receipt of such information on counter-parties to any contracts or leases being assigned in connection with the proposed sale that have requested, in writing, such information;

(g) identifies with particularity each and every executory contract and unexpired lease, the assumption and assignment of which is a condition to closing;

(h) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

2

(i) fully discloses the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

(j) is likely to result in a value to the Sellers, in the Sellers' reasonable judgment after consultation with their financial and legal advisors, that is more than the aggregate of the value of the sum of: (A) the Purchase Price of $50,000,000, plus (B) the amount of the Break-Up Fee or $500,000; plus (C) $500,000;

(k) (i) does not contain any due diligence or financing contingencies of any kind; and (ii) contains evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Purchased Assets, which evidence is reasonably satisfactory to the Sellers;

(l) includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA; and

(m) is accompanied by a cash deposit of at least $1,000,000 (the "Good Faith Deposit").

A competing bid meeting the above requirements shall constitute a "Qualifying Bid" and such bidder shall be a "Qualifying Bidder." The Sellers may aggregate separate bids from Qualified Bidders to create a Qualified Bid. The Sellers shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 5:00 p.m. (prevailing Eastern time) on April 30, 2007. The Purchaser is deemed a Qualifying Bidder and the APA constitutes a Qualifying Bid for all purposes.

5. Bid Deadline. All Qualified Bids must be submitted no later than 5:00 p.m. (prevailing Eastern time) on April 26, 2007 (the "Bid Deadline") to:

    (i) Sellers

    Lazard Freres & Co. LLC
    30 Rockefeller Plaza
    New York, NY 10020
    Facsimile: (212) 830-3647
    Email: Evan.Geller@lazard.com
    Attention: Evan Geller

with a copy to:

        O'Melveny & Myers LLP
        275 Battery Street, Suite 2600
        San Francisco, California 94111
        Facsimile: (415) 984-8701
        Email: bchristensen@omm.com
        Attention:   Suzzanne Uhland, Esq.
                        C. Brophy Christensen, Esq.

        -and-

        Richards, Layton & Finger, P.A.
        One Rodney Square
        Wilmington, DE  19899
        Facsimile: (302) 651-7701
        Email: ramos@rlf.com
        Attention:    Mark D. Collins, Esq.
                        Marcos A. Ramos, Esq.

    (ii)    Greenwich Capital

        Greenwich Capital Financial Products, Inc.
        600 Steamboat Road
        Greenwich, CT  06830
        Facsimile: (203) 422-4478
        Attention: Jon Stapleton

with a copy to:

        Kirkland & Ellis LLP
        777 South Figueroa Street
        Los Angeles, California 90017
        Facsimile: (213) 680-8500
        Attention:   Bennett L. Spiegel, Esq.
                        Shirley S. Cho, Esq.

    (iv)    Official Committee of Unsecured Creditors

    [to be determined]

    6.    <u>No Qualifying Bids</u>.  If no timely, conforming Qualifying Bids are submitted by the Bid Deadline, the Sellers shall not hold an Auction and instead shall request at the Sale Hearing that the Court approve the APA with the Purchaser.

7. <u>Auction</u>. In the event that the Sellers timely receive one or more Qualifying Bids other than the APA, the Sellers shall conduct an auction with respect to the Purchased Assets (the "<u>Auction</u>"). The Auction will take place starting on a date and at a time during the week of April 30, 2007 selected by the Sellers, which date and time will be identified in the notice identifying the Qualifying Bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other location as designated by the Debtors in a notice to all Qualified Bidders. The Auction shall be governed by the following procedures:

(a) Only representatives of the Sellers, Purchaser, Qualifying Bidders, and the OCUC shall be entitled to be present at the Auction;

(b) Only the Purchaser and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(c) Purchaser may make a credit bid at the Auction pursuant to section 363(k) of the Bankruptcy Code and may credit bid the amount of the Breakup Fee at the Auction;

(d) Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(e) The Purchaser and the Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

(f) Bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

(g) Qualifying Bidders may then submit successive bids in increments of at least $100,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $100,000 higher than the previous bid;

(h) All Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the APA or Modified APA, as applicable, at the Auction; and

(i) The Auction will be conducted so that each Qualified Bidder will be informed of the terms of the previous bid;

(j) The Auction shall continue until there is only one offer that the Sellers determine, subject to Court approval, is the highest and best offer from among the Qualifying Bidders and the Purchaser submitted at the Auction (the "<u>Successful Bid</u>"). In making this decision, the Sellers may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates. The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser,

as set forth in the applicable Modified APA. For purposes of determining the Successful Bid, any overbid submitted by Purchaser shall be deemed to include the full amount of the Breakup Fee. Within three days after adjournment of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of the Auction shall not be considered by the Court.

        8.      Back-Up Bidder and Return of Deposits. If an Auction is conducted, the party with the next highest or otherwise best Qualifying Bid, as determined by the Sellers in the exercise of their business judgment, at the Auction shall be required to serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. (prevailing Eastern time) on the third business day following the conclusion of the Auction or the closing of the sale transaction with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bid, and the Sellers will be authorized, but not required, to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.

        Except as otherwise provided herein, the Good Faith Deposits shall be returned to each bidder not selected by the Sellers as the Successful Bidder or the Back-up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-up Bidder shall be held by the Sellers until the earlier of _____, 2007 or 24 hours after the closing of the sale transaction with the Successful Bidder.

        9.      Sale Hearing. The Successful Bid (or the APA, if no Qualifying Bid other than that of the Purchaser is received or accepted) will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Purchased Assets to the Successful Bidder (the "Sale Hearing") will take place on _____, 2007 at \_\_:\_\_ _.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard, before the Honorable \_\_\_\_\_, United States Bankruptcy Court, District of Delaware. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

        10.      Payment Of Breakup Fee. In consideration of the Purchaser's entry into the APA and the time and expenses that the Purchaser has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides Sellers in seeking to sell the Purchased Assets for the highest and best offer at the Auction, Sellers agree that Sellers shall pay the Purchaser the "Breakup Fee" as set forth in the APA. The Breakup Fee shall be paid as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Sellers hereby acknowledge that the Breakup Fee shall survive termination of the APA and entry of the Bidding

Procedures Order by the Bankruptcy Court shall bind all Sellers' senior secured lenders to the treatment of the Breakup Fee.