# **EXHIBIT D**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket No. __** |
| | : | |

### ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH AUCTION OF CERTAIN ASSETS, (B) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF CERTAIN ASSETS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF

This matter coming before the Court on the Emergency Motion for (i) an Order

(a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain

Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving

Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a)

Approving the Proposed Sale and (b) Granting Related Relief (the "Bidding Procedures

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the

"Debtors"); after due deliberation and sufficient cause appearing, it is hereby

### FOUND AND DETERMINED THAT:[3]

      A.      The Court has jurisdiction over the Bidding Procedures Motion pursuant

to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is

proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.      Due and proper notice of the Bidding Procedures Motion has been given

and no further notice is required.

      C.      The Bidding Procedures, substantially in the form annexed hereto as

Exhibit A, are fair, reasonable and appropriate and are designed to maximize the recovery of the

Purchased Assets.

      D.      The Debtors have demonstrated that the payment of the Break-Up Fee to

Greenwich Capital Financial Products, Inc. (the "Purchaser" or "Stalking Horse Bidder"), as set

forth in the Bidding Procedures Motion and the Asset Purchase Agreement with Purchaser (the

"APA"), is supported by a compelling and sound business justification and is in the best interests

of the Debtors and their respective estates pursuant to section 363 of the Bankruptcy Code

because, among other things:

---

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the APA

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(i)  the break-up fee in the amount of $1,000,000, i.e., 2.0% of the Purchase Price, (the "Break-Up Fee") is the product of arm's-length, good-faith negotiations among the Selling Debtors and Purchaser;

(ii)  the Break-Up Fee is a material component of, and condition to, the Purchaser's offer for the Purchased Assets;

(iii)  approval of the Break-Up Fee will encourage fair and competitive bidding by enabling the Debtors to file and serve notice of a motion to approve the sale of the Purchased Assets to Purchaser and thereby to set a floor on bidding while subjecting Purchaser's offer to a competitive bidding process through the auction process; and

(iv)  the amount of the Break-Up Fee is fair and reasonable under the circumstances because it is equal to 2.0% of the anticipated sale price for the Purchased Assets.

E.      The Debtors' proposed notice of the Sale, Sale Hearing, Auction, and Bidding Procedures as set forth in the Sale Notice attached hereto as Exhibit B (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, Auction, and Bidding Procedures.

F.      The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders; and it is therefore

**ORDERED THAT:**

1.      The Bidding Procedures Motion is approved on the terms set forth herein.

3

2.      All objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3.      The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are approved in all respects. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4.      The Bid Deadline upon which date and time all Qualified Bids must be submitted as set forth in the Bidding Procedures is 5:00 p.m. (Prevailing Eastern Time) on April 26, 2007.

5.      If a Qualifying Bid is received other than the APA, the Debtors shall conduct an Auction for the Purchased Assets in accordance with the Bidding Procedures. The Auction shall take place at 10:00 a.m. (Prevailing Eastern Time), during the week of April 30, 2007, at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or at such other time, date or place as may be designated by the Debtors. Only parties submitting Qualified Bids and their advisors, and representatives of the Official Committee of Unsecured Creditors, are entitled to attend the Auction.

6.      The APA is a Qualified Bid and Purchaser is a Qualified Bidder for all purposes.

### Break-Up Fee

7.      In consideration of the Purchaser's entry into the APA and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides Sellers in seeking to sell the Purchased Assets for the highest and best

4

offer at the Auction, Sellers agree that Sellers shall pay the Purchaser the Break-Up Fee in cash

by Sellers to Purchaser if Sellers consummate a sale of all or a material portion of the Purchased

Assets with a third party other than Purchaser. The Break-Up Fee shall be paid as an

administrative expense of the Sellers with priority over any and all administrative expenses of

the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Break-Up Fee shall

survive termination of the APA and entry of the Bidding Procedures Order by the Bankruptcy

Court.

        8.    The Debtors are authorized to take all necessary actions pursuant to the

terms of the APA and Bidding Procedures to pay the Break-Up Fee to Purchaser should it

become due and payable, and are authorized to pay such Break-Up Fee without further Order of

the Court.

        9.    Solely for the purposes of determining a Successful Bid, any overbid

submitted by Purchaser shall be deemed to include the full amount of the Break-Up Fee

potentially payable by the Debtors.

        10.    The following provisions of the APA regarding payments to Purchaser,

are approved and the Debtors are authorized and directed to perform thereunder as applicable:

(i) the entirety of Article 9, entitled "Termination" and (ii) Section 9.2 entitled "Break-Up Fee."

### The Sale Hearing and Notice Thereof

        11.    The Sale Hearing to approve the Successful Bid shall be held before this

Court at _____ ___.m. (Prevailing Eastern Time), on _____, 2007, or such other

date and time as may be convenient to the Court, or as may be announced at the Sale Hearing

without further notice.

5

12.     The form of the notice of the Sale Hearing attached hereto as <u>Exhibit B</u> (the "<u>Sale Notice</u>") is approved in all respects.  The Debtors shall serve the Sale Notice by first class mail, postage prepaid, no later than three days after entry of this Order to: (i) all parties known or reasonably believed to have asserted a Lien in the Purchased Assets; (ii) all state or federal governmental agencies having jurisdiction over the Purchased Assets; (iii) relevant entities that have issued a license or permit to the Selling Debtors; and (iv) all creditors of the Selling Debtors listed on the master mailing matrix.

13.     The Debtors shall publish the Sale Notice once in the national edition of the <u>Wall Street Journal</u> as soon as practicable after entry of this Order.

14.     Objections, if any, to the sale of the Purchased Assets shall be filed on before _____, 2007 at 4:00 p.m. (Prevailing Eastern Time) with a courtesy copy to the Court and served on (i) counsel to the Debtors, O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA  94111, Attention:  Suzzanne Uhland, Esq. and O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq.; (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551 Wilmington, Delaware 19899, Attention  Mark D. Collins, Esq.; (iii) counsel to the Purchaser, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017, Attention: Shirley S. Cho and Pachulski Stang Ziehl Young Jones & Weintraub, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attention: Laura Davis Jones, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors; and (v)  the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.  Only those objections that are timely filed, served and received will be considered by the Court at the Sale Hearing.

6

**Miscellaneous**

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

16.     Notwithstanding the possible applicability of Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.


Dated: _____ , 2007
          Wilmington, Delaware

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

7

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. __** |
| | : | |

## BIDDING PROCEDURES FOR THE SALE OF CERTAIN LOANS AND RESIDUALS

The following bidding procedures, which were approved by order of the Bankruptcy Court dated April __, 2007 (the "Bidding Procedures") shall govern the auction process for the LNFA Mortgage Loans and Residuals[2] (the "Purchased Assets") as set forth in the Asset Purchase Agreement between New Century Financial Corporation, the Selling Subsidiaries Named Herein and Greenwich Capital Financial Products, Inc. Dated as of April 2, 2007 (the "APA"). The Sellers will seek entry of an order from the Bankruptcy Court authorizing and approving the sale of the Purchased Assets free and clear of liens, claims, and encumbrances to Greenwich Capital Financial Products, Inc., or its designee (the "Purchaser") or such other Successful Bidder (defined below) as may be made at the Auction (defined below).

1. Approvals. The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and the compliance with (i) the applicable provisions of the Bankruptcy Code; (ii) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) other applicable rules and law; and (iv) the terms of the APA.

2. Assets to be Sold. The Auction shall consist of all of the Purchased Assets free and clear of claims, interests, liens, and encumbrances.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA

3.    Confidentiality Agreements. Upon execution of a confidentiality agreement, in form and substance satisfactory to the Sellers, any party that wishes to conduct due diligence on the Purchased Assets may be granted access to all material information that has been or will be provided to the Purchaser and other bidders.

4.    Determination of "Qualifying Bidder" Status. In order to participate in the bidding process and be deemed a "Qualifying Bidder," each potential bidder other than the Purchaser must deliver to the Sellers, with copies to the Official Committee of Unsecured Creditors (the "OCUC"), a written and binding offer that:

(a)    states such bidder, on its own or together with other Qualified Bidder(s), offers to purchase all of the Purchased Assets upon the terms and conditions substantially as set forth in the APA;

(b)    states such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Purchased Assets on terms and conditions no less favorable to the Sellers than the terms and conditions contained in the APA;

(c)    be accompanied by a clean and duly executed APA (the "Modified APA") and a marked Modified APA reflecting the variations from the APA executed by the Purchaser;

(d)    states such bidder is financially capable of consummating the transactions contemplated by the Modified APA;

(e)    states such Qualifying Bidder's offer is irrevocable until the closing of the purchase of the Purchased Assets if such bidder is the Successful Bidder or the Back-up Bidder (as defined below);

(f)    contains such financial and other information that will allow the Sellers to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code (if applicable) in a form requested by the Sellers to allow the Sellers to serve within one business day after receipt of such information on counter-parties to any contracts or leases being assigned in connection with the proposed sale that have requested, in writing, such information;

(g)    identifies with particularity each and every executory contract and unexpired lease, the assumption and assignment of which is a condition to closing;

(h)    does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

2

(i)     fully discloses the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

(j)     is likely to result in a value to the Sellers, in the Sellers' reasonable judgment after consultation with their financial and legal advisors, that is more than the aggregate of the value of the sum of: (A) the Purchase Price of $50,000,000, plus (B) the amount of the Break-Up Fee or $500,000; plus (C) $500,000;

(k)     (i) does not contain any due diligence or financing contingencies of any kind; and (ii) contains evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Purchased Assets, which evidence is reasonably satisfactory to the Sellers;

(l)     includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA; and

(m)     is accompanied by a cash deposit of at least $1,000,000 (the "Good Faith Deposit").

A competing bid meeting the above requirements shall constitute a "Qualifying Bid" and such bidder shall be a "Qualifying Bidder." The Sellers may aggregate separate bids from Qualified Bidders to create a Qualified Bid. The Sellers shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 5:00 p.m. (prevailing Eastern time) on April 30, 2007. The Purchaser is deemed a Qualifying Bidder and the APA constitutes a Qualifying Bid for all purposes.

5.     Bid Deadline. All Qualified Bids must be submitted no later than 5:00 p.m. (prevailing Eastern time) on April 26, 2007 (the "Bid Deadline") to:

(i)     Sellers

Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020
Facsimile: (212) 830-3647
Email: Evan.Geller@lazard.com
Attention:     Evan Geller

with a copy to:

RLF1-3134265-1

O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Facsimile: (415) 984-8701
Email: bchristensen@omm.com
Attention:   Suzanne Uhland, Esq.
                    C. Brophy Christensen, Esq.

-and-

Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899
Facsimile:  (302) 651-7701
Email: ramos@rlf.com
Attention:      Mark D. Collins, Esq.
                    Marcos A. Ramos, Esq.

(ii)      Greenwich Capital

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT  06830
Facsimile: (203) 422-4478
Attention:  Jon Stapleton

with a copy to:

Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, California 90017
Facsimile: (213) 680-8500
Attention:   Bennett L. Spiegel, Esq.
                    Shirley S. Cho, Esq.

(iv)      Official Committee of Unsecured Creditors

[to be determined]

6.      <u>No Qualifying Bids</u>.  If no timely, conforming Qualifying Bids are
submitted by the Bid Deadline, the Sellers shall not hold an Auction and instead shall request at
the Sale Hearing that the Court approve the APA with the Purchaser.

4

7.    Auction.  In the event that the Sellers timely receive one or more Qualifying Bids other than the APA, the Sellers shall conduct an auction with respect to the Purchased Assets (the "Auction").  The Auction will take place starting on a date and at a time during the week of April 30, 2007 selected by the Sellers, which date and time will be identified in the notice identifying the Qualifying Bidders.  The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other location as designated by the Debtors in a notice to all Qualified Bidders.  The Auction shall be governed by the following procedures:

(a)    Only representatives of the Sellers, Purchaser, Qualifying Bidders, and the OCUC shall be entitled to be present at the Auction;

(b)    Only the Purchaser and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(c)    Purchaser may make a credit bid at the Auction pursuant to section 363(k) of the Bankruptcy Code and may credit bid the amount of the Breakup Fee at the Auction;

(d)    Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(e)    The Purchaser and the Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

(f)    Bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

(g)    Qualifying Bidders may then submit successive bids in increments of at least $100,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $100,000 higher than the previous bid;

(h)    All Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the APA or Modified APA, as applicable, at the Auction; and

(i)    The Auction will be conducted so that each Qualified Bidder will be informed of the terms of the previous bid;

(j)    The Auction shall continue until there is only one offer that the Sellers determine, subject to Court approval, is the highest and best offer from among the Qualifying Bidders and the Purchaser submitted at the Auction (the "Successful Bid").  In making this decision, the Sellers may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates.  The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser,

5

as set forth in the applicable Modified APA. For purposes of determining the Successful Bid, any overbid submitted by Purchaser shall be deemed to include the full amount of the Breakup Fee. Within three days after adjournment of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of the Auction shall not be considered by the Court.

8.     Back-Up Bidder and Return of Deposits. If an Auction is conducted, the party with the next highest or otherwise best Qualifying Bid, as determined by the Sellers in the exercise of their business judgment, at the Auction shall be required to serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. (prevailing Eastern time) on the third business day following the conclusion of the Auction or the closing of the sale transaction with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bid, and the Sellers will be authorized, but not required, to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.

Except as otherwise provided herein, the Good Faith Deposits shall be returned to each bidder not selected by the Sellers as the Successful Bidder or the Back-up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-up Bidder shall be held by the Sellers until the earlier of _____, 2007 or 24 hours after the closing of the sale transaction with the Successful Bidder.

9.     Sale Hearing. The Successful Bid (or the APA, if no Qualifying Bid other than that of the Purchaser is received or accepted) will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Purchased Assets to the Successful Bidder (the "Sale Hearing") will take place on _____, 2007 at __:__ _.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard, before the Honorable _____, United States Bankruptcy Court, District of Delaware. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

10.     Payment Of Breakup Fee. In consideration of the Purchaser's entry into the APA and the time and expenses that the Purchaser has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides Sellers in seeking to sell the Purchased Assets for the highest and best offer at the Auction, Sellers agree that Sellers shall pay the Purchaser the "Breakup Fee" as set forth in the APA. The Breakup Fee shall be paid as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Sellers hereby acknowledge that the Breakup Fee shall survive termination of the APA and entry of the Bidding

6

Procedures Order by the Bankruptcy Court shall bind all Sellers' senior secured lenders to the treatment of the Breakup Fee.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors | ) | |

### NOTICE OF SALE HEARING

PLEASE BE ADVISED that the certain of the above captioned debtor and debtors in possession (the "Debtors") have entered into an asset purchase agreement (the "APA") to sell the Purchased Assets[2] to Greenwich Capital Financial Products, Inc. ("Purchaser" or "Stalking Horse Bidder"), as more fully set forth in the Debtors' motion filed with the Bankruptcy Court on April 2, 2007 (the "Motion") for orders (i) approving bidding procedures and bid protections in connection with the Auction of the Purchased Assets and (ii) approving the APA. The Debtors seek to sell to Purchaser the Purchased Assets free and clear of any claims, liens, interests and/or other encumbrances pursuant to section 363(f) of title 11 of the United States Code

PLEASE BE FURTHER ADVISED that on April __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set key dates and times relating to the sale of the Purchased Assets. *__All interested bidders should carefully read the Bidding Procedures__*. To the extent there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, an Auction of the Purchased Assets will take place starting on a date and at a time during the week of April 30, 2007 selected by the Sellers, which date and time will be identified in the notice identifying the Qualifying Bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other date, time or location as designated by the Debtors in a notice to all Qualified Bidders. Only representatives of the Official Committee of Unsecured Creditors and Qualified Bidders, as defined in the Bidding Procedures, and their advisors are permitted to attend and bid at the Auction

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, all Qualified Bids must be submitted no later than 5:00 p.m. (prevailing Eastern time) on April 26, 2007 (the "Bid Deadline") and served on the parties indicated in the Bidding Procedures and comply with all requirements set forth in the Bidding Procedures in order to become a Qualified Bid

PLEASE BE FURTHER ADVISED that the hearing to approve any Qualified Bid accepted by the Debtors at the Auction and sale of the Purchased Assets will be held at _____ a.m (Prevailing Eastern Time), on _____, 2007, in the United States District Court for the District of Delaware, located at 844 King Street, Wilmington, Delaware 19801, or at such time thereafter as counsel may be heard or at such time as the Bankruptcy Court may determine. Any objection to the proposed sale must set forth, in writing, with particularity, the grounds for such objection or other statements or position, and must be filed with the Bankruptcy Court and served in such a manner that it is actually received on or before 4:00 p.m. (Prevailing Eastern Time), on _____, 2007. Any objection not conforming to the foregoing will not be considered by the Bankruptcy Court

PLEASE BE FURTHER ADVISED that if the sale of the Purchased Assets is approved any party that believes it may have a claim, lien, or other interest or encumbrance against, on, in or otherwise relating to any of the assets shall be forever barred from enforcing such claim, lien, interest or other encumbrance against Purchaser or such other Successful Bidder as the Selling Debtors may choose at the Auction

PLEASE BE FURTHER ADVISED that, all requests for information concerning the sale of the Purchased Assets should be directed to the undersigned counsel for the Debtors

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion

Wilmington, Delaware
Dated: April [__], 2007

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Ben H. Logan
Suzzanne S. Uhland
Austin K. Barron
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Counsel for the Debtors and Debtors in Possession

2