# EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. __** |
| | : | |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT BY AND AMONG NEW CENTURY FINANCIAL CORPORATION, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC. AND THE OTHER PARTIES NAMED THEREIN, (B) AUTHORIZING SALE OF CERTAIN LOANS AND RESIDUALS TO PURCHASER OR ITS DESIGNEE(S), FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Emergency Motion for (i) an Order (a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon the Order of this Court dated April __, 2007 (a) Approving Bidding Procedures and Bid Protections in

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief (the "Bidding Procedures Order"); and a hearing having been held on May __, 2007 in connection with the Motion (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale; and the Court having considered (x) the Motion, (y) the objections to the Motion having been overruled on the merits with prejudice, and (z) the arguments made and evidence proffered or adduced in support of approval of the Sale at the Sale Hearing; and it appearing from the affidavits of service filed with the Court that due and sufficient notice of the Motion and the relief granted by this Order, have been provided to all parties affected thereby (the "Sale Notice"); and it further appearing that no other or further notice hereof is required; and upon the Court record of these cases; and the Court having received evidence in support of the approval of that certain the Asset Purchase Agreement between certain of the Debtors and Greenwich Capital Financial Products, Inc. Dated as of April 2, 2007 (the "APA")[2] attached hereto as Exhibit A and such other agreements to be entered into among the parties thereto as contemplated therein and the Sale; and it appearing that the relief requested in the Motion and approved hereby is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and upon the record of the Sale Hearing and these chapter 11 cases including the decision of the Court to approve the Motion, APA, and Sale as reflected on the record of the Sale Hearing; and after due deliberation and good and sufficient cause appearing therefor, this Court hereby makes the following findings of fact and conclusions of law:

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the APA (as defined herein) and the Sale Motion, and to the extent of any inconsistency, the APA shall govern

# I. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>[3]:

A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), the parties may consummate the Sale immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

C. As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014 and in substantial compliance with the Bidding Procedures Order.

D. Actual written notice of the Sale Hearing, the Motion, and the Sale and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all parties in interest in these cases, including, but not limited to: (i) counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>"); (ii) counsel to the Administrative Agent for the Debtors' post-petition secured lenders; (iii) counsel to Purchaser; (iv) all Potential Bidders and any party who has expressed in writing to acquire the

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Order to the extent not inconsistent herewith.

Purchased Assets; (v) the United States Trustee; (vi) any entity that has filed a notice of appearance and demand for service of papers in these bankruptcy cases pursuant to Bankruptcy Rule 2002; (vii) all of the parties that have filed UCC-1 financing statements against the Debtors; (viii) all state or federal governmental agencies having jurisdiction over the Purchased Assets; (ix) relevant entities that have issued a license or permit to the Selling Debtors; and (x) all creditors of the Debtors listed on the master mailing matrix.

E. The Sale Notice was published in the National Edition of the Wall Street Journal substantially in the form approved by the Bidding Procedures Order as soon as practicable after the approval of the Sale Notice.

F. The Debtors have complied with all obligations to provide notice of the Motion, Auction, and Sale Hearing, required by the Bidding Procedures Order and such notice was good and sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, or the Sale is required.

G. The disclosures made by the Debtors concerning the APA, the Sale and the Sale Hearing were good, complete and adequate.

H. The Third Party Purchasers closing on the Closing Date are set forth on Exhibit B attached hereto and are deemed to be a Purchaser under the APA to the extent of their Purchased Assets and all references to Purchaser herein also include Third Party Purchasers.

I. The Purchaser is not affiliated with the Debtors.

J. The terms of the Sale, as set forth in the APA, are fair and reasonable under the circumstances of these chapter 11 cases.

K. The Purchaser has negotiated the terms and conditions of the Sale in good faith and at arm's length, is entering into the Sale in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the

protections afforded thereby. The Purchaser is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale at any time after the entry of this Order, including immediately after its entry. The Court has found that the Purchaser has acted in good faith in all respects in connection with these chapter 11 cases and the Sale in that, among other things:

(1) the Purchaser recognized that the Debtors were free to negotiate with any other party that expressed qualified interest in purchasing the Purchased Assets;

(2) the Purchaser agreed to subject the APA to the competitive Bidding Procedures set forth in the Bidding Procedures Order;

(3) the Purchaser in no way induced, caused, or required the commencement of the chapter 11 filings of the Debtors;

(4) all payments to be made by Purchaser and other agreements or arrangements entered into by Purchaser with the Selling Debtors in connection with the Sale have been disclosed;

(5) there is no evidence that either Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction;

(6) no common identity of directors or controlling stockholders exists between any of Purchaser and any of the Debtors; and

(7) the negotiation and execution of the APA and all other aspects of the Sale were conducted in good faith.

L. [No other Qualified Bid was received as of the Required Bid Deadline. Therefore, in accordance with the Bidding Procedures Order and the Bidding Procedures, no Auction was required or held.] or [The Auction was duly noticed and conducted in a non-collusive, fair, and good-faith manner in accordance with the Bidding Procedures.]

M. The APA constitutes the highest and best offer for the Purchased Assets,

and will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative. The Debtors' determination that the APA constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Selling Debtors' business judgment.

N. The APA represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of these Chapter 11 Cases. No other entity or group of entities has offered to purchase the Purchased Assets for greater economic value to the Debtors' estates than Purchaser.

O. The consideration provided for the Purchased Assets pursuant to the APA constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

P. The transfer of each of the Purchased Assets to Purchaser is or will be as of the Closing Date a legal, valid, and effective transfer of such assets, and vests or will vest Purchaser with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all Liens, encumbrances, offset rights, and other interests accruing, arising or relating to any time prior to the Closing Date.

Q. The Debtors may sell the Purchased Assets free and clear of all Liens, encumbrances, offset rights, and other interests against the Debtors or their estates because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens, encumbrances, offset rights or interests against the Debtors or their estates who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such encumbrances or interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their encumbrances or

interests, if any, in each instance against the Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the property in which they allege an interest.

R. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to a chapter 11 plan in that, among other things, the value of the Purchased Assets is extremely time-sensitive and the threatened continued erosion of these relationships, and that any sale taking place after the time contemplated by the parties would likely yield markedly less value than the Sale contemplated hereby.

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:

1. The relief requested in the Motion is granted and approved as set forth in this Order, and the Sale contemplated thereby is hereby approved as set forth in this Order.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. The APA, all other ancillary documents to the APA (including the Transaction Documents) and all of the terms and conditions thereof are hereby approved in their entirety. To the extent of any conflict or inconsistency between the provisions of this Order and the terms and conditions of the APA, as applicable, this Order shall govern and control.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Purchased Assets to Purchaser pursuant to and in accordance with the terms and conditions of the APA, (ii) close the Sale as contemplated in the APA and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the

APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, and to take all further actions as may be reasonably requested in accordance with the APA by Purchaser as the case may be, for the purpose of assigning, transferring, granting, conveying, and conferring to Purchaser, or reducing to possession, the Purchased Assets, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA or such other ancillary documents.

5. The terms and provisions of this Order shall be binding in all respects upon Purchaser, the Debtors and their estates, any trustees thereof, their estates, all creditors and shareholders of any of the Selling Debtors, all interested parties, and their respective successors and assigns, including, but not limited to, all non-debtor parties to the LNFA Mortgage Loans and Residuals.

6. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Purchased Assets on the Closing Date. Such Purchased Assets shall be transferred to Purchaser upon the Closing Date and, as of such Closing Date, any such transfer shall constitute a legal, valid, binding and effective transfer of such Purchased Assets and shall be free and clear of (a) all Liens and encumbrances, (b) all offset rights, and (c) all other interests, including without limitation, any and all Claims, obligations, demands, guaranties, options, debts, rights, contractual commitments, restrictions, and matters of any kind and nature, whether direct or indirect, monetary or non-monetary, absolute or contingent, matured or unmatured, liquidated or unliquidated, of, by or against the Debtors, their estates or such Purchased Assets, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, (i) claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, diminution, modification or termination of the interest of

the Debtors in such Purchased Assets, (ii) claims and encumbrances in respect of taxes, or (iii) any claim that Purchaser or any of their Affiliates is a successor to the Debtors arising under federal, state or local law, rule, regulation or at equity), with all such encumbrances and interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against such Purchased Assets.

7. Purchaser shall have no liability or responsibility for any encumbrance, offset right or interest arising, accruing, or relating to a period prior to the Closing Date. All persons and entities holding Liens or interests in all or any portion of the Purchased Assets arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' businesses prior to the Closing Date, the transfer of the Purchased Assets to Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property, the Purchased Assets, such persons' or entities' Liens or interests in and to the Purchased Assets.

8. On the Closing Date, each creditor of the Debtors is authorized and directed to execute such documents and take all other actions as may be necessary to release encumbrances, offset rights or interests on the Purchased Assets, if any, as provided for herein, as such encumbrances, offset rights, or interests may have been recorded or may otherwise exist.

9. This Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrar of certificates, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. On the

Closing Date, all Liens, encumbrances, offset rights, or other interests against the Debtors' estates of record as of the date of this Order shall forthwith be removed and stricken as against the Purchased Assets, without further order of the Court or act of any party. Upon the Closing Date, the entities listed above in this paragraph are authorized and specifically directed to strike all such recorded Liens, encumbrances, offset rights or other interests against the Purchased Assets as provided for herein from their records, official and otherwise.

10. Each and every federal, state, and local governmental agency, unit or department is hereby directed to accept this Order as sole and sufficient evidence of the transfer of title of the Purchased Assets to Purchaser and such agency or department may rely upon this Order in consummating the transactions contemplated by the APA.

11. If any person or entity that has filed a financing statement, mortgage, mechanic's lien, lis pendens, or other document or agreement evidencing an encumbrance or interest in the Purchased Assets that are being transferred free and clear, as provided herein, of such encumbrance or interest, shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, a termination statement, instrument of satisfaction, release of all such encumbrances or interests which such person or entity has with respect to the Purchased Assets or otherwise, the Debtors or Purchaser are hereby authorized to execute and file such statement, instrument, release, or other document on behalf of such person or entity with respect to the Purchased Assets.

12. All entities who are presently, or on or before the Closing Date may be, in possession of some or all of the Purchased Assets to be transferred as of such Closing Date are hereby directed to surrender possession of the Purchased Assets to Purchaser on the Closing Date at that entity's sole expense.

13. All persons and entities are hereby forever prohibited and enjoined from

taking any action that would adversely affect or interfere with the ability of the Debtors to transfer the Purchased Assets to the Purchaser, in each case in accordance with the terms of the APA and this Order.

14. The Purchaser shall not have any liability or other obligation of the Debtors arising under or related to any of the Purchased Assets. The Purchaser shall not be liable for any claims against the Debtors, or any of their predecessors or affiliates, and the Purchaser shall not have any successor or vicarious liabilities of any kind or character, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Purchased Assets prior to the Closing. The Purchaser has given substantial consideration under the APA for the benefit of the holders of Liens. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against or interests in the Debtors, any of the Purchased Assets.

15. The terms and provisions of the APA, and Transition Documents, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including the Debtors, any trustees thereof, their estates, their creditors, their shareholders, and all interested parties, administrative agencies, governmental units, secretaries of state, federal, state and local officials, including any such administrative or governmental authorities maintaining any authority relating to environmental, health, or safety laws, and their respective successors or assigns, and upon any persons asserting an encumbrance against or interest on any of the Purchased Assets to be sold and assigned to Purchaser.

16. Any amounts that become payable by the Debtors to Purchaser pursuant to the APA shall constitute administrative expenses of the Debtors' estates under sections 503(b) or 507(b) of the Bankruptcy Code with priority over all other administrative expenses and shall be paid by the Debtors in the time and manner provided for in the APA without further Court order.

17. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (i) these chapter 11 cases, (ii) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (iii) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the APA or the terms of this Order. Unless otherwise agreed to by Purchaser, the Debtors agree that (x) their obligations hereunder and under the APA shall not be discharged by the entry of an order confirming a chapter 11 plan of reorganization in any of the Debtors' chapter 11 cases and (y) the relief and protections granted to Purchaser pursuant to this Order shall not be affected in any manner by the entry of an order confirming a chapter 11 plan of reorganization in any of the Debtors' chapter 11 cases. This Order shall be binding upon and enforceable against, among others, the Debtors, their estates and any and all chapter 7 and chapter 11 trustees thereof.

18. This Court retains jurisdiction, even after the closing of these chapter 11 cases, to:

(a) interpret, implement and enforce the terms and provisions of this Order and the terms of the APA, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith;

(b) protect Purchaser or any of the Purchased Assets against any of the encumbrances or other interests, as provided herein, including to enjoin the commencement or continuation of any action seeking to impose

successor liability;

(c) enter orders in aid or furtherance of the Sale;

(d) compel delivery of all Purchased Assets to Purchaser; and

(e) re-open the Debtors' chapter 11 cases to enforce the provisions of this Order.

19. Purchaser is not a joint employer, single-employer, co-employer, or successor employer with any of the Debtors by virtue of the APA, the consummation of the Sale, or the entry of this Order.

20. Purchaser may consummate the Sale at any time after entry of the Order (including immediately thereafter) by waiving any and all closing conditions set forth in the APA that have not been satisfied and by proceeding to close the Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors and/or any other party in interest.

21. The Sale is undertaken by Purchaser in good faith (as that term is used in section 363(m) of the Bankruptcy Code), and Purchaser shall continue to be in good faith (as that term is used in section 363(m) of the Bankruptcy Code) by proceeding to close the Sale, even if such closing occurs immediately upon entry of this Order. Accordingly, the reversal or modification on appeal of the authorization to consummate the Sale provided herein shall not affect the validity of the Sale to Purchaser unless such authorization is duly stayed prior to closing of the Sale pending such appeal. Purchaser is a purchaser in good faith of the Purchased Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

22. As of the date hereof, the Purchaser has joined the Third Party Purchasers on <u>Exhibit B</u> hereof as the purchaser of those Purchased Assets as may be more specifically set forth in the agreement(s) between Purchaser and such Third Party Purchasers. Such Third Party

Purchasers shall be entitled to the full benefits of this Order as if such Third Party Purchasers were the Purchaser herein to the extent of their respective Purchased Assets.

23. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Parties and the Debtors in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement is not material.

24. The provisions of this Order are non-severable and mutually dependent.

25. Notwithstanding Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

Dated: Wilmington, Delaware
April ___, 2007

_______________________________
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Asset Purchase Agreement**

# EXHIBIT B

**Third Party Purchasers**

1. TCIF, LLC, a Delaware Limited Liability Company