IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, <u>et al.</u>,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : |

EMERGENCY MOTION OF THE DEBTORS AND
DEBTORS IN POSSESSION FOR AN ORDER SHORTENING NOTICE
PERIOD AND APPROVING THE FORM AND MANNER OF NOTICE

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the Court for an order, pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court District of Delaware (the "Local Rules"), (i) approving the form and manner of notice of the Sale Motion (defined below) and (ii) scheduling a hearing for April 10, 2007, at 3:30 p.m., to consider

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

the Sales Procedures requested in the Sale Motion. In further support of this Motion, the Debtors respectfully represent as follows:

### I. The Debtors' Sale Motion Seeks Immediate Relief Which is Necessary to Preserve and Maximize the Value of the Assets

1. Today, the Debtors have filed their Emergency Motion for (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assts and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief (the "Sale Motion"). A copy of the Sale Motion (without exhibits) is attached hereto as Exhibit A.

2. As more fully described in the Sale Motion, the Debtors have moved the Court to approve the Debtors' sale of certain of their assets and interests in residual trusts and specific LNFA mortgage loans on a servicing-released basis (collectively, the "Assets") free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code.[2] As this Motion is filed in connection with the Sale Motion, in the interest of judicial economy and efficiency, the Debtors refer to and incorporate herein the background facts contained in the Sale Motion.

3. The Debtors have moved the Court for the relief requested in the Sale Motion as part of their plan to increase liquidity, help stabilize their businesses and allow them to pursue going concern sales of their assets. As described in the Sale Motion, the Debtors have executed an Asset Purchase Agreement (the "APA") with Greenwich Capital Financial Products,

---

[2] The Debtors' discussion herein of their sale of the Assets is qualified in its entirety by the Debtors' Sale Motion and the documents and information disclosed therewith. Terms not otherwise defined herein shall have the meaning accorded to such terms in the Sale Motion.

Inc. ("Greenwich" or the "Purchaser"). Pursuant to the APA, Greenwich has agreed to purchase, and the Debtors have agreed to sell, the Assets, subject to the approval of the Court and the sale procedures discussed in the Sale Motion. The APA provides for a purchase price for the Assets of $50,000,000, subject to adjustment, and a closing date for the sale of the Assets on or about May 18, 2007. See Sale Motion.

4. As noted above, the parties contemplate that Greenwich's offer to purchase the Assets will be subject to higher and/or better offers as determined by the Debtors pursuant to the sale procedures described in the Sale Motion. As more fully described in the Sale Motion, these sale procedures include the (i) notice procedures applicable to the Debtors' auction (if any) of the Assets; (ii) standards for interested parties to become a Qualified Bidder at any auction; (iii) deadline for the submission of any Qualified Bids for the Assets; (iv) procedures to govern the Debtors' conduct of the auction of the Assets and their determination of the highest and/or best offer for the Assets; and (v) Court's approval of Greenwich as the stalking-horse bidder for the Assets, including (but not limited to) Greenwich's entitlement to the Breakup Fee provided for in the APA in the event that the Debtors consummate a sale of all or substantially all of the Assets to a purchaser other than Greenwich. Collectively, these procedures hereafter are referred to as the Sale Procedures.

5. Significantly for purposes of this Motion, the Sale Procedures must be approved no later than April 10, 2007. Indeed, as set forth in the Sale Motion, the Debtors' failure to obtain approval of the Sale Procedures by no later than April 10, 2007 may constitute

an event of default under the Debtors' proposed debtor in possession financing.[3] The Debtors are in a struggling industry -- the sub-prime residential mortgage industry. Without the liquidity available through the DIP Financing, the Debtors will struggle to continue to operate as a going concern and it will be difficult, if not impossible, for the Debtors to conduct an orderly sale of their assets and businesses.

## II. The Court Should Consider the Sale Procedures at a Hearing on April 10, 2007

6. In short, the Debtors believe that the Sale Transaction offers the best opportunity for the Debtors to preserve and maximize the value of the Assets. However, in order for the Debtors to maximize the value of their estates, and to avoid an event of default under the DIP Financing, the Debtors require the Court to consider the Sale Procedures requested in the Sale Motion as soon as possible. As noted in the Sales Motion, the Debtors have asked the Court to schedule a separate hearing on or about May 7, 2007 for the Court to consider their actual sale of the Assets.

7. Local Rule 9006-1(c) requires that all motion papers shall be filed and served at least fifteen (15) days prior to a hearing date scheduled for such motion, and eighteen (18) days if notice is given by mail, unless the Bankruptcy Rules state otherwise. Bankruptcy Rule 2002(a) requires that parties in interest shall receive twenty days' notice of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business. The Debtors respectfully submit, however, that for the reasons discussed herein the Court's consideration of the Sale Procedures requested in the Sale Motion at a hearing scheduled on April 10, 2007 (the

---

[3] As more fully described in the Debtors' motion for authorization to obtain postpetition financing, Greenwich and The CIT Group/Business Credit, Inc. have agreed to provide the Debtors with debtor in possession financing (the "DIP Financing").

"Hearing"), is reasonable and appropriate under the circumstances. Moreover, the Debtors intend to serve the Sale Motion today upon: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich and The CIT Group/Business Credit, Inc., the Debtors' proposed post-petition senior secured lenders; (3) the 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11 petitions; and (4) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules.

8. Local Rule 9006-1(c) also requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least five (5) business days before the hearing date. The Debtors hereby request approval of an objection deadline for any party to submit a written objection to the Sale Procedures of no later than 4:00 p.m. on the day immediately preceding the Hearing. Due to the emergency nature of the Debtors' need for the Court to consider the Sale Procedures, the Debtors believe that this objection deadline will afford interested parties sufficient time to consider and appropriately respond to the Sale Procedures requested in the Sale Motion while affording the Court and the Debtors time to review and consider any objections filed with respect thereto. Accordingly, the Debtors submit that this objection deadline is appropriate and necessary under the circumstances.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit B: (i) granting this Motion; (ii) approving the

*[Remainder of Page Intentionally Blank]*

shortened notice period requested herein and the form, manner and sufficiency of notice of the Sale Motion and Sale Procedures; (iii) scheduling the Hearing; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: April 2, 2007
       Wilmington, Delaware

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION