IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416 (KJC)<br>Jointly Administered<br>**Re: D.I. 12** |

**LIMITED OBJECTION OF MORGAN STANLEY MORTGAGE CAPITAL INC. TO THE EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A), 362 AND 364 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 4001, AND 9014 (A) APPROVING DEBTOR-IN-POSSESSION FINANCING WITH ADMINISTRATIVE EXPENSE SUPERPRIORITY AND SECURED BY LIENS, (B) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM, (C) GRANTING OTHER RELIEF AND (D) SETTING FINAL HEARING**

Morgan Stanley Mortgage Capital Inc. ("MSMCI"), a creditor and party in interest, files this limited objection to the Emergency Motion of Debtors and Debtors in Possession for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 362 and 364 and Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014 (A) Approving Debtor-In-Possession Financing with Administrative Expense Superpriority and Secured by Liens, (B) Granting Liens and Superpriority Administrative Expense Claim, (C) Granting Other Relief and (D) Setting Final Hearing (Docket No. 12) (the "Motion"),[1] and in support thereof represents as follows:

**Background**

1.    MSMCI is a party to (a) a Master Repurchase Agreement, dated as of December 12, 2005 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "MRA"), by and among (i) NC Capital Corporation, New

---
[1] Capitalized terms used but not defined herein have the meanings given to the in the Motion.

Century Mortgage Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, Home123 Corporation, New Century Credit Corporation (the "Sellers"), each of which is a Debtor in these Chapter 11 cases, (ii) the buyers from time to time parties thereto (the "Buyers"), including MSMCI, and (iii) MSMCI, as agent for the Buyers; and (b) a related Guaranty (the "Guaranty"), dated December 12, 2005 (as amended, restated, supplemented or otherwise modified and in effect from time to time) made by New Century Financial Corporation (the "Guarantor"), which is a also a Debtor.

2. Pursuant to the MRA, the Sellers agreed to sell to the Buyers, and the Buyers agreed to buy from the Sellers, specified types of property, including mortgage loans and residual interests in mortgage loans (all such property, collectively, the "MRA Property"), with a simultaneous agreement by the Buyers to sell to the Sellers, and the Sellers to repurchase from the Buyers, the MRA Property against payment by the Sellers of a specified repurchase price. MSMCI is currently the only Buyer under the MRA.

3. Before the Petition Date, MSMCI sent the Sellers and the Guarantor (a) a "Notice of Default, Acceleration and Exercise of Remedies" in connection with the MRA and (b) notices of disposition of MRA Property, which dispositions have not yet occurred.

4. The MRA and the Guaranty are "repurchase agreements" and "securities contracts" as defined in Bankruptcy Code §§ 101(47) and 741(7). Pursuant to Bankruptcy Code §§ 362(b)(6)-(7) and 362(o), MSMCI's exercise of its contractual rights to offset or net out any termination value, payment amount, or other transfer obligation arising under or in connection with those contracts is not subject to (a) the

automatic stay provided under Bankruptcy Code § 362(a) or (b) stay by order of a court in any proceeding under the Bankruptcy Code.

### Objections to the Motion

5. In the DIP Credit Agreement, "Collateral" is defined as including "all of each Borrower's now owned or hereafter acquired right, title and interest in and to" specified property, including "the Residuals", which are defined as "the unencumbered securitization residual interests listed on Schedule G [to the DIP Credit Agreement] and all rights and interests related thereto." The DIP Credit Agreement that was filed with the Court, however, does not include a Schedule G, so MSMCI cannot determine whether the Residuals include any MRA Property.

6. The proposed Interim Order would grant the Lenders junior liens on the Debtors' interests with respect to property that, like the MRA Property, is subject to repurchase agreements, securities contracts, or other "financial contracts" that enjoy the benefit of special protections under the Bankruptcy Code. One of those protections is the right to dispose of or otherwise realize on property that is subject to such contracts. To avoid any implication that the Interim Order has any effect on the exercise of such rights, the following provision should be added to it: "Nothing in this Interim Order shall limit or otherwise affect any rights provided under the Bankruptcy Code to any party to an agreement or transaction of the kind specified in section 561(a) of the Bankruptcy Code, including any right to dispose of property free and clear of any subordinate Lien, with such subordinate Lien attaching only to the proceeds of such disposition."

7. The Interim Order should provide that the Liens granted to the Lenders are subject and subordinate to any parties' rights of setoff, netting and recoupment.

8. Because the Borrowers are jointly and severally liable for the Obligations, it is possible that some Borrowers will make payments under the DIP Credit Agreement that exceed the amount of funds that they received under the DIP Credit Agreement. Those Borrowers would in effect be providing credit support to the other Borrowers. To remedy the potential inequity that could thereby result, the Interim Order should provide that Borrowers that make payments under the DIP Credit Agreement that exceed the amount of funds that they received under the DIP Credit Agreement shall have allowed claims under Bankruptcy Code § 364(c)(1) in the amount of such excess payments, with such claims being junior to the Lenders' section 364(c)(1) claims.

9. Prior to the Petition Date, the Borrowers received proceeds of purchased loans in an amount of at least $15,060,429.16 (the "Proceeds") in which MSMCI asserted an interest. MSMCI previously demanded turnover of the Proceeds from the Borrowers, and the Borrowers refused. MSMCI reasserts its interest in and reserves its rights with respect to the Proceeds. The Interim Order should provide that it does not limit or otherwise affect MSMCI's rights with respect to the Proceeds.

Dated: April 3, 2007

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

Luc A. Despins, Esq.
Wilbur F. Foster, Jr., Esq.
MILBANK, TWEED, HADLEY & MCCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Phone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Howard R. Hawkins, Jr., Esq.
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Phone: (212) 504-6000
Facsimile: (212) 504-6666

*Attorneys for Morgan Stanley Mortgage Capital Inc.*

783070