

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | Re: Docket No. 6 |

**ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO (I) CONTINUE ALL INSURANCE POLICIES AND AGREEMENTS RELATING THERETO, (II) CONTINUE CERTAIN PREMIUM FINANCING ARRANGEMENTS RELATING THERETO, AND (III) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF PURSUANT TO 105(a) AND 363(b) OF THE BANKRUPTCY CODE**

The matter coming before the Court on the Motion for an Order Authorizing the Debtors and Debtors in Possession to (i) Continue All Insurance Policies and Agreements Relating Thereto, (ii) Continue Certain Premium Financing Arrangements Relating Thereto, and (iii) Honor Certain Obligations in Respect Thereof Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided, and (d) capitalized

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3134204-2

terms not otherwise defined herein have the meaning given to them in the Motion; and the Court having considered the Declarations of Holly Etlin and Monika McCarthy in Support of Chapter 11 Petitions and First-Day Relief; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to maintain and continue to make all postpetition payments (including postpetition fees and premiums) with respect to the Insurance Policies and the Premium Finance Agreement on an uninterrupted basis.

3. The Debtors are authorized, but not directed, to maintain and continue on an uninterrupted basis the Debtors' prepetition practices with respect to each policy or contract.

4. The Debtors are authorized, but not directed, to pay any prepetition premiums and deductibles related to the Insurance Policies to the extent that the Debtors determine, in their discretion, that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse or any form of impairment to the coverage, benefits or proceeds provided under the Insurance Policies.

5. The Debtors are authorized, but not directed, to enter into new policies and/or bonds or assume existing policies and/or bonds in the ordinary course of business.

6. To the extent that the Insurance Policies, Premium Finance Agreement, or any related contract or agreement, are deemed executory contracts, the relief granted hereby shall not be deemed an assumption of any such contract pursuant to section 365 of the Bankruptcy

Code, and all of the Debtors' rights pursuant to section 365 of the Bankruptcy Code are expressly reserved.

7. The Debtors, their officers, employees and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

8. The Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Date: April 3, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE