# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 10 |

## INTERIM ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE

The matter having come before the Court on the Motion of the Debtors and Debtors in Possession for an Order Authorizing the Debtors to Pay Prepetition Wages, Compensation and Employee Benefits Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been sufficient under the circumstances and no other further notice is required, and (d) capitalized terms not otherwise defined herein have the meaning given to them in the Motion; and the Court

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Date: 4-3-07
Docket No. 47

RLF1-3134261-3

having considered the Declarations of Monika McCarthy and Holly Etlin in Support of Chapter 11 Petitions and First-Day Relief; and the Court having determined that the legal and factual bases set forth in the Motion established just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not obligated or directed, to honor and pay all of the Employee Obligations, Employee Deductions and Employee Expenses (as defined in the Motion), including without limitation prepetition wages, compensation, and employee benefits and any other obligations as set forth in the Motion, on an unaccelerated basis and in a manner consistent with the Debtors' prepetition business practices and policies, or on a modified basis as set forth in the Motion; provided however, that the Debtors request for authority to honor and pay amounts under the Incentive Plans and Retention Plans [and make payments to employees on account of prepetition wages and vacation obligations in excess of $10,950] shall be considered at a hearing scheduled for April 10, 2007 at 3:30 p.m. (the "Final Hearing") and the Debtors shall not be permitted to make such payments ~~under the Incentive Plans and Retention Plans~~ pending the Court's consideration of the Debtors' request at the Final Hearing.

3. The Debtors are authorized, but not obligated or directed, to continue to honor, pay and maintain all of their employee compensation, including benefit and reimbursement policies, plans, programs, practices and procedures and all related costs and expenses in the ordinary course of their business, to the extent that such policies, plans, programs, practices and procedures were in effect as of the Petition Date ; provided, however,

that the Debtors shall not be permitted to make any payments under the Incentive Plans and Retention Plans pending the Court's consideration of the Debtors' request at the Final Hearing.

4. The Debtors are authorized, but not obligated or directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of Employee Obligations, Employee Deductions and Employee Expenses dishonored as a consequence of the commencement of these chapter 11 cases.

5. The banks and financial institutions at which the Debtors maintain disbursement accounts are authorized and directed to honor and pay all prepetition and postpetition checks issued, and fund transfer requests made, by the Debtors on their payroll accounts in respect of Employee Obligations, Employee Deductions and Employee Expenses to the extent sufficient funds are on deposit in such accounts.

6. Notwithstanding anything to the contrary herein, *subject to further order of the Court, (i)* no employee shall be paid cash in excess of $10,950.00 for outstanding prepetition wages and accrued but unused vacation obligations as of the Petition Date (it being understood, however, that employees shall be authorized to utilize their prepetition accrued but unused vacation in the ordinary course of business postpetition) *and (ii) payments to Independent ~~Directors~~ Consultants on account of prepetition work shall not exceed $250,000.00 in the aggregate.*

7. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under section 365 of the Bankruptcy Code or otherwise, including without limitation any employment or insurance agreement to which the Debtors are party.

8. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

RLF1-3134261-3

9. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

ated: April 3, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE