# Exhibit B



*ORIGINAL*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket No. 5 |

**INTERIM ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

This matter coming before the Court on the Motion for Interim and Final Orders Authorizing the Debtors to Provide Adequate Assurance of Payment to Utility Providers Pursuant to Section 366(b) of the Bankruptcy Code (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been provided to, inter alia, the Office of the United States Trustee for the District of Delaware; counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3134215-2

Date: 4-3-07
Docket No. 51

petition senior secured lenders; the 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11 petitions; the Utility Providers; and all parties who have filed timely requests for notice under Bankruptcy Rule 2002, and (d) capitalized terms not otherwise defined herein have the meaning given to them in the Motion; and the Court having considered the Declarations of Holly Etlin and Monika McCarthy in Support of Chapter 11 Petitions and Request for First Day Relief; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis.

2. Until the entry of a subsequent order of this Court, to be considered at the Final Hearing, the Debtors are authorized, but not directed, to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Providers to the Debtors.

3. Unless any Utility Provider received adequate assurance of payment for future services prior to the Petition Date, promptly after the date of entry of this Order, but in no event later than 20 days after the Petition Date, the Debtors shall furnish Utility Providers adequate assurance of payment for postpetition date services by making a deposit (a "Utility Deposit") equal to two weeks of the Debtors' estimated costs, totaling approximately $118,016.27 in aggregate deposits, of their utility consumption to each Utility Provider for the purpose of providing such Utility Provider with adequate assurance of payment of its

2

postpetition date services to the Debtors.

4. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Provider is prohibited from (a) altering, refusing or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of any additional deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, electricity, telephone or sanitation services, or any other utility service of like kind to the Debtors.

5. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors in the Motion, then the Utility Provider must serve a written request (the "Request") upon the Debtors setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment.

6. The Request must be actually received by Debtors' counsel, Suzzanne S. Uhland, Esq. and Emily Culler, Esq., O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899, within forty-five (45) days of the date of this Order (the "Request Deadline").

7. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if the Debtors in their sole discretion determine that the Request is reasonable. The Debtors will file and serve any such agreements on the Office of the United States Trustee, counsel to any official

3

committees and those parties requesting notice in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

8. If the Debtors believe that a Request is unreasonable, the Debtors within thirty (30) days after the receipt of the Request shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit paid to the objecting Utility Provider, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors or recover or setoff against a prepetition deposit.

9. The Utility Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make a timely Request.

10. The Debtors may supplement the list of Utility Providers on Exhibit A to the Motion. If the Debtors supplement the list subsequent to the filing of the Motion, the Debtors will serve a copy of the Motion and this Order on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service"). In addition, the Debtors will send a sum equal to two weeks of the estimated cost of utility consumption as a Utility Deposit for the added Utility Provider. Any subsequently added Utility Provider set forth on a supplement to Exhibit A to the Motion will fall within the scope of this Order from the date of the filling of the supplemental Exhibit A. If such an added Utility Provider makes a request, the Debtors and such Utility Provider shall be bound by the Procedures set forth herein, as applicable.

11. The Debtors may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a

Utility Provider, the Utility Provider shall immediately refund any unused Utility Deposit to the Debtors.

12. Nothing in this Order shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtors or any other party of any rights with respect to the assumption or rejection of an executory contract.

13. A Final Hearing to consider the Motion is scheduled for April 24, 2007 at 2:30 p.m. before the undersigned United States Bankruptcy Judge. Any objections to the relief requested in the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by counsel to the Debtors; counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; the Office of the United States Trustee for the District of Delaware; and counsel to any statutory committee(s) appointed in these cases on or before April 17, 2007 at 4:00 p.m. EDT.

14. Pursuant to Bankruptcy Rule 4001(b), the Debtors shall serve a copy of this Order by United States mail, first class postage pre-paid, on the Office of the United States Trustee for the District of Delaware; counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; the Utility Providers; all persons requesting special notice herein, and counsel for any statutory committee(s), if one has been appointed or, if not, on 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter

11 petitions, on or before April 5, 2007.

15. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

16. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

Dated: April 3, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE