# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : |

## ORDER PROVIDING THAT CREDITORS' COMMITTEES ARE NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION

This matter coming before the Court on the Motion of the Debtors for an Order Providing that Creditors' Committees are not Authorized or Required to Provide Access to Confidential Information of the Debtors or to Privileged Information (the "Motion") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. No Creditors' Committee appointed in this case shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[2] of the Debtors to any creditor it represents.

3. No Creditors' Committee shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[3] to any creditor it represents, other than those creditors who are members of such Creditors' Committee (and subject to the provisions of the confidentiality agreement executed by such creditor). Nonetheless, any Creditors' Committee appointed shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information and (b) the relevant privilege is either (i) held and controlled solely by the Creditors' Committee or (ii) held and controlled jointly by the Creditors' Committee and other

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or its advisors or other agents, which is furnished, disclosed, or made known to the Creditors' Committee, whether intentionally or unintentionally and in any manner, including in written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, reports or any other written materials disclosing, discussing, containing or reflecting Confidential Information, whether prepared by the Debtors or the Creditors' Committee, their respective, professionals, advisors or members, or others receiving or holding the Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Creditors' Committee orally that the Debtors or their advisors or other agents advise the Creditors' Committee should be treated as confidential Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Creditors' Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the possession of the Creditors' Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

[3] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Creditors' Committee or is a joint privilege with the Debtors or some other party.

2

parties, all of whom consent to the disclosure of such privileged information.

    4.  Any Creditors' Committee appointed in this case is authorized to enter into further confidentiality agreements governing the use and disclosure of Confidential Information and Privileged Information.

    5.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April ___, 2007
   Wilmington, Delaware

                _____
                THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE