# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors"); and the Court having reviewed the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1. The Motion is GRANTED.

2. Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

3. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight mail on: (i) the Debtors, New Century Mortgage Corporation, 18400 Von Karman Avenue, Suite 1000, Irvine, CA 92612 (Attention: Monika L. McCarthy, Esq.); (ii) proposed counsel for the Debtors, O'Melveny & Myers LLP, 400 S. Hope Street, Los Angeles, California 90071 (Attention: Suzzanne Uhland, Esq. and Emily Culler, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square P.O. Box 551, Wilmington, DE 19899 (Attention: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) the Debtors' proposed crisis managers, AP Services, LLC, 9 West 57th Street, Suite 3420, New York, New York, 10019 (Attention: Holly Felder Etlin); (iv) Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attention: Joseph McMahon, Esq.); (v) counsel to the Debtors' post-petition senior secured lenders, Kirkland & Ellis, 777 South Figueroa Street, Los Angeles, CA 90017-5800 (Attention: Bennett L. Spiegel, Esq. and Shirley S. Cho, Esq.); and (vi) counsel to any Official Committee of Unsecured Creditors appointed in these cases (subsequent to its appointment in these cases) (collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit law and the Local Rules.

b.  Each Notice Party will have until 4:00 p.m. (prevailing eastern time) on the 20th day (or the next business day if such day is not a business day) following service of the Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

c.  If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d.  Each Professional may submit its first Monthly Fee Application no earlier than the 15th day of the second full month of the Debtors' cases. This initial Monthly Fee Application will cover the period from the Petition Date through the end of the full month preceding the filing date of the Monthly Fee Application. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

e.  At four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request, which will be substantially in the form of Exhibit A attached hereto and incorporated herein by reference, must

include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.  The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.  Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Period. The first Interim Fee Application Requests shall cover fees and expenses incurred from the Petition Date through and including the end of the fourth full month of the Debtors' cases.

h.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

4. Each member of any Committee is permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the respective Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of this Court.

5. Notice of interim and final fee application requests shall be served on (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests and any notices of hearing on interim or final fee application requests (collectively, the "Hearing Notices"); and (b) all other parties entitled to notice shall be entitled to receive only the Interim Fee Application Requests and the Hearing Notices. Providing notice of interim and final fee application requests in this manner will permit the parties most active in these chapter 11 cases to review and object to professional fees and will save the expense of undue duplication and mailing.

6. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

Dated: April ___, 2007  
       Wilmington, Delaware

                                                         THE HONORABLE KEVIN J. CAREY  
                                                          UNITED STATES BANKRUPTCY JUDGE

# **Annex 1**

RLF1-3135627-1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

## NOTICE OF INTERIM FEE APPLICATION REQUEST

Name of Applicant: _____

Authorized to Provide
Professional Services to: _____

Date of Retention: _____

Period for which compensation and
reimbursement is sought: _____

Amount of Compensation sought as
actual, reasonable and necessary:   $_____

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:   $_____

This is (a)n: ____ interim   ____ final application

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Summary of Fee Applications for Compensation Period:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Summary of Any Objections to Fee Applications:

| Date of Fee Application | Date of Objection | Total Fees Subject to Objection | Total Expenses Subject to Objection |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE NOTICE that, pursuant to the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated _____ (the "Interim Compensation Order"), objections, if any, to the Interim Fee Application Request must be filed with the Court and served on the Applicant at the address set forth below and the Notice Parties (as defined in the Interim Compensation Order) so as to be received by _____. If no timely objections are filed to the Interim Fee Application Request, the Court may enter an order granting the Interim Fee Application Request without a hearing.

Dated: [_____], 2007             [Name and Address of Applicant]

2