# **EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[7] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | | Re: Docket No. ___ |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014, AND DEL. BANKR. LR 2014-1

Upon consideration of the application (the "Application")[8] filed by the above-captioned debtors and debtors-in possession for an order approving the employment and retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. LR 2014-1, nunc pro tunc to April 2, 2007; and upon the affidavit of David S. Kurtz (the "Kurtz Affidavit"), a managing director at Lazard, in support thereof and in support of the engagement letter between Lazard and the Debtors, dated as of March 29, 2007 (the "Engagement Letter"), a

---

[7] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[8] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

RLF1-3135635-2

copy of which is attached to the Application, and the related indemnification letter (the "Indemnification Letter"); and the Court being satisfied based on the representations made in the Application and in the Kurtz Affidavit that Lazard represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Engagement Letter and Indemnification Letter are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted as amended by this Order; and it is further

ORDERED, that in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. LR 2014-1, the Debtors are authorized to employ and retain Lazard as financial advisor on the terms set forth in the Application and this Order, effective nunc pro tunc to April 2, 2007, and to the extent consistent with the Application and this Order, the Engagement Letter and the Indemnification Letter; and it is further

ORDERED, that Lazard shall be compensated in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable orders of this Court; and it is further

ORDERED, that all of Lazard's fees and expenses in these cases, including without limitation the Announcement Fee, Bankruptcy Sale Fee, Alternate Transaction Fee, Strategic Advisory Fee, Retainer and Monthly Fee (as such terms are defined in the Engagement

Letter) are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Lazard in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

ORDERED, that to the extent Lazard performs services for the Debtors beyond those set forth in the Application and in the Engagement Letter, the Debtors shall seek the approval of the Court for the additional services and relevant fees; and it is further

ORDERED, that Lazard shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that Lazard may submit time records in a summary format which shall set forth a description of the services rendered by each restructuring professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors and, therefore, the information requirements of Local Rule 2016-2 are hereby modified and waived, to the extent necessary, with respect to Lazard. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses as provided in the Engagement Letter and Indemnification Letter, upon approval by the Court of interim and final applications; and it is further

ORDERED, that the provisions set forth in the Indemnification Letter are approved, subject during the pendency of the Debtors' bankruptcy cases to the following:

    (a)    subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in

accordance with the Indemnification Letter for any claim arising from, related to or in connection with the services provided for in the Engagement Letter (the "Services"), but not for any claim arising from, related to, or in connection with Lazard's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

(b) notwithstanding any provisions of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter or Indemnification Letter, as modified by this Order;

(c) if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply;

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter or Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

ORDERED, that notwithstanding anything to the contrary in the Application and the Engagement Letter, if Lazard requires professional assistance in the exercise of its

4

engagement, and to the extent Lazard wishes to be reimbursed for the work of such professionals or that such professionals be directly compensated by the Debtors, Lazard shall file, or cause to be filed, an appropriate application with the Court, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, seeking the approval of the engagement of such professionals, including attorneys, whom Lazard wishes to engage. The fees and expenses of such professionals shall be subject to Court review and approval in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the U.S. Trustee and any other applicable requirements; and it is further

ORDERED, that during the pendency of any of the Debtors' chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE