**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

## DECLARATION OF SUZZANNE UHLAND IN SUPPORT OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR AUTHORIZATION TO EMPLOY O'MELVENY & MYERS LLP AS CO-COUNSEL TO THE DEBTORS PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

I, Suzzanne Uhland, declare and state as follows:

      1.     I am partner in the law firm of O'Melveny & Myers LLP ("OMM"),

proposed co-counsel for New Century Financial Corporation ("NCF"), a Maryland corporation,

New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their

direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the

"Debtors") in the above-captioned chapter 11 cases. The attorneys employed by OMM who are

primarily responsible for rendering services in these chapter 11 cases are duly admitted to

practice law in the courts of the State of California and/or the State of New York and have been

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

admitted pro hac vice in Delaware in connection with motions heard to date or will seek admission concurrently with the Debtors' Application.

        2.      I submit this declaration in support of the application of the Debtors for authorization to employ OMM as bankruptcy co-counsel (the "Application").

        3.      The name, address, telephone and facsimile numbers of OMM are:

        O'Melveny & Myers LLP
        275 Battery Street
        San Francisco, California 94111
        Telephone: (415) 984-8700
        Facsimile: (415) 984-8701

        4.      OMM is a full service international law firm, with more than 1,000 lawyers throughout offices located in the United States and abroad. In addition to restructuring, reorganization and bankruptcy expertise, attorneys at OMM provide legal services in virtually every major practice area, including corporate and securities, litigation, intellectual property, banking, tax, employee benefits, real estate, government regulation and international trade.

        5.      OMM is well qualified to represent the Debtors. For several years, OMM has represented the Debtors as its general outside corporate counsel, including securities and mergers and acquisition work as well as employee benefits, outsourcing and other transactional matters. Prior to the Petition Date OMM commenced assisting and representing the Debtors in connection with restructuring matters and its potential bankruptcy filing. As a result, OMM has been actively engaged in representing the Debtors in considering various possible strategic transactions and ultimately preparing for these chapter 11 cases. Additionally, OMM is representing the Debtors in the pending government investigations. In selecting OMM to continue as its counsel, the Debtors considered OMM's knowledge, expertise and experience in the above described areas of law. In the course of representing New Century in a variety of transactional matters OMM has given a number of opinions.

        6.      Through its representation of the Debtors, OMM has acquired detailed knowledge of the Debtors' businesses, financial affairs and capital structure, as well as the legal

issues that are likely to arise in these chapter 11 cases. In selecting OMM as their general bankruptcy co-counsel, the Debtors considered OMM's knowledge of the Debtors' operations and finances and its expertise and experience in reorganizations and bankruptcy cases and other areas of expertise that are likely to be relevant to a complete and efficient representation of the Debtors as general bankruptcy counsel.

7.      OMM has served as counsel to debtors and creditors in various large and complex bankruptcy cases, including prior experience representing Wherehouse Entertainment, Inc., M T S, Inc. d/b/a Tower Records At Home Corporation, SeraCare Life Sciences, Inc., and Advanced Marketing Services, Inc. In addition, the OMM attorneys who will be primarily responsible for representing the Debtors in matters related to their reorganization are members of OMM's restructuring, reorganization and bankruptcy department, with substantial experience in a wide range of bankruptcy cases.

8.      OMM's depth of experience in business reorganizations and its familiarity with the Debtors makes OMM uniquely qualified to effectively deal with the legal issues that may arise in the context of the Debtors' reorganization. Therefore, the Debtors believe that OMM is well qualified to serve as their co-counsel and that retention of OMM is in the best interests of the estates.

9.      OMM's services are necessary to enable and assist the Debtors in performing their duties as debtors and debtors in possession. In connection with these cases, and subject to further order of the Court, the Debtors will utilize OMM to render the following types of professional services:

a.      To advise the Debtors generally regarding matters of bankruptcy law in connection with their chapter 11 cases;

b.      To advise the Debtors of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), applicable local bankruptcy rules pertaining to the administration of their cases and U.S. Trustee Guidelines related to the daily operation of their business and the administration of the estates;

c.      To prepare motions, applications, answers, proposed orders, reports and papers in connection with the administration of the estates;

d.    To negotiate with creditors, prepare and seek confirmation of a chapter 11 plan and related documents, and assist the Debtors with implementation of the plan;

e.    To assist the Debtors in the analysis, negotiation and disposition of certain estate assets for the benefit of the estates and their creditors;

f.    To advise the Debtors regarding bankruptcy related litigation and employment matters;

g.    To represent the Debtors in connection with their pending government investigation;

h.    To serve as Debtors' general outside corporate counsel and assist advise and represent the Debtors in general corporate, and securities law matters, Securities and Exchange Commission compliance matters, corporate governance matters, contract review and preparation of corporate documentation, and transactional and corporate law assistance with respect to asset dispositions and negotiation;

i.    To represent the Debtors in connection with employee benefits and outsourcing matters; and

j.    To render such other necessary advice and services as the Debtors may require in connection with their cases.

10.    The Debtors have also proposed to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel in Delaware. RLF will provide additional necessary legal services to the Debtors and will advise the Debtors in connection with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended from time to time, the "Local Rules") and local practice in Delaware in connection with the prosecution of the Debtors' chapter 11 cases. OMM, the Debtors and RLF have conferred and will continue to confer to ensure that there will be no undue duplication of effort or overlap of work between and among the co-counsel, and that the estates receive the best possible value

11.    Because of the size and nature of the Debtors' business, the Debtors have engaged, and propose to continue to engage, other specialized corporate counsel, including Allen Matkins Leck Gamble Mallory & Natsis LLP, the firm that represents the Debtors in connection with their financings, including the Master Repurchase Agreements, and Thacher Proffitt & Wood LLP, the firm that represented the Debtors in securitizations. OMM and those firms have similarly conferred and will continue to work to avoid duplication of efforts.

12.     Prior to the Petition Date, the Debtors paid OMM $2.5 million for fees and expenses for advice and legal services rendered in connection with restructuring advice and the preparation and commencement of the Debtors' case, as well as to serve as a retainer.  After deducting fees and expenses previously billed (and paid) and estimated unbilled prepetition amounts for such prepetition legal services, approximately $1.9 million remains as a retainer, which will be available to be applied to postpetition services.  During the ninety days prior to the Petition Date, the Debtors paid invoices in the amounts as set forth on <u>Annex 1</u> attached hereto.

13.     There are no arrangements between OMM and any other entity to share compensation received or to be received in connection with these cases other than as among the partners of OMM.

14.     OMM acknowledges that all amounts paid to OMM during these cases are subject to final allowance by the Court regardless of the method approved by the Court for the draw down on the retainer (if authorized).  In the event that the Court disallows any fees or expenses paid to OMM, the fees and expenses will be disgorged by OMM and returned to the Debtors or as otherwise ordered by the Court.

15.     OMM intends to request compensation for professional services rendered in connection with these chapter 11 cases plus reimbursement of actual, necessary expenses and other charges incurred by OMM during these cases.  The OMM attorneys and personnel who are expected to be principally responsible for this matter and their respective hourly rates are: Ben Logan $795, Suzzanne Uhland $725, Victoria Newmark $555, Brian Metcalf $540 and Emily Culler $480.  The referenced hourly rates are subject to periodic adjustment to reflect economic and other conditions.  Other attorneys and paralegals within OMM may from time to time serve the Debtors in connection with the matters described herein.

16.     The hourly rates set forth above are OMM's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate OMM fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

17.     It is OMM's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. OMM generally charges all of its clients $.15 per page for photocopying and printing expenses and $1.25 per page for out-going facsimile transmissions. For the purposes of these bankruptcy cases, OMM will charge $.10 per page for photocopying and printing expenses and $1.00 per page for out-going facsimile transmissions. OMM will otherwise charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to OMM's other clients or as previously fixed by this Court. OMM believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

18.     OMM categorizes its billings by subject matter and in compliance with the applicable guidelines of the Office of the United States Trustee. OMM acknowledges its compensation in the Debtors' cases is subject to approval of the Court in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

19.     OMM has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. OMM maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. OMM has a department devoted to the research and analysis of conflict of interest and other conflict issues.

20.     I caused OMM to review and analyze the conflict database to determine whether OMM has any connection with the principal parties in interest in these cases to the best of our knowledge, using information provided to OMM by the Debtors and information contained in the database, including (1) Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-

petition senior secured lenders; (2) the consolidated list of the 50 largest unsecured creditors for the Debtors, (3) the names of entities revealed by a search of Uniform Commercial Code filings in the states of Delaware and California, where the Debtors are incorporated, (4) the names of the Debtors' shareholders of whom we are aware who hold more than 5% of the Debtors' stock, (5) the names of members of the Debtors' boards of directors and certain senior employees, and (6) certain other parties such as the Debtors' other professionals, each as identified on Annex 2 (the "Potential Parties in Interest") attached hereto.

21.    Based upon this research, in consultation with other OMM attorneys, we have determined that OMM has in the past represented, currently represents and/or may in the future represent, certain Potential Parties in Interest (including, without limitation, those entities set forth on Annex 3 attached hereto who are current clients or are possible affiliates of current clients, and those entities and possible affiliates thereof set forth on Annex 4 attached hereto who have been or may have been represented by OMM in the past).  Given the size and diversity of OMM's practices and the number of Potential Parties in Interest, OMM will have represented many of the Potential Parties in Interest on matters unrelated to these cases.  While we recognize that OMM has in the past represented, and currently represents a significant number of Potential Parties in Interest, we believe that any other law firm of the size of OMM, offering a similar scope of services as OMM, would find itself in the same situation.

22.    I do not believe that any single matter on behalf of any client listed on Annex 3 is an engagement that would involve either the billing of fees in excess of three percent (3.0%) of OMM's annual fees billed.  To the extent that the Debtors commence an adversary proceeding under Bankruptcy Rule 7001 or initiate a claim objection with respect to any such client, OMM will either obtain an appropriate waiver of the conflict or refer the matter to alternative counsel.  In any event, OMM does not and will not represent any of the foregoing claimants or any party in interest in any facet of the Debtors' cases.

23.    OMM has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or these chapter 11 cases, Greenwich

and CIT, the Debtors' proposed post-petition senior secured lenders.  To the extent this representation could present a potential conflict, OMM will obtain a waiver from Greenwich and CIT to represent the Debtors in these cases but may not represent either party in an adversary proceeding under Bankruptcy Rule 7001.  To the extent the Debtors commence such litigation, OMM will either obtain a further waiver or refer the matter to alternative counsel.  In any event, OMM will not represent any such claimants or any party in interest in any facet of the Debtors' cases.

24.    I have also caused inquiry to be made of all partners of OMM worldwide as to whether attorney has any relationship with the Debtors, has ever been employed by the Debtors and/or owns stock in the Debtors. One of the partners of OMM holds a substantially less than 1% equity interest in Greenlight Masters fund, which is a shareholder of the Debtors.  In such capacity, such partner does not exercise any investment discretion over the investments made by Greenlight Masters fund.  In addition, the spouse of one of the partners in OMM holds 16 shares of the stock of the Debtors, out of about 55.7 million shares outstanding, such shares being held in a Roth IRA. To date, I have uncovered no additional information that is not otherwise disclosed herein.

25.    To the best of my knowledge, and based upon the foregoing efforts and inquiries, OMM and the attorneys employed by it are disinterested persons who do not hold or represent an interest adverse to the estates and, except as set forth above, do not have any connection with the Debtors, their creditors, or any other party in interest in these cases or with their respective counsel or accountants, with the judges of this Court, or with the United States Trustee or any person employed in the Office of the United States Trustee.

26.    OMM makes the following additional disclosures with respect to OMM's disinterestedness.  References to OMM include all members expected to render services in these cases:

     a.    OMM is not and was not a creditor, equity security holder or insider of the Debtors, except that OMM has previously rendered legal services to the Debtors for which it has been compensated as disclosed above.

b.    OMM is not and was not an investment banker for any outstanding security of the Debtors.

c.    OMM is not and was not, within three years before the date of the filing of the petitions herein, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

d.    OMM is not and was not, within two years before the date of filing of the petition herein, a director, officer or employee of any investment banker for any security of the Debtors.

e.    OMM has no interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment banker for any security of the Debtors or for any other reason. OMM has in the past provided legal services to the Debtors' investment banker, Lazard Frères & Co. LLC ("Lazard"), in matters unrelated to the Debtors or their cases.  OMM has not represented Lazard since 1998.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 6th day of April, 2007 at _San Francisco_ , California.

Suzzanne Uhland

**ANNEX 1**

## PAYMENT AND RECEIPT HISTORY – 90 DAYS PRIOR TO PETITION DATE

| Invoice No. | Invoice Date | Invoice Amount | Payment Application Date | Payment Amount | Payment Details |
|---|---|---|---|---|---|
| 674140 | 12/1/2006 | 28,340.14 | 1/31/2007 | 28,340.14 | Ck#575571 |
| 675733 | 12/27/2006 | 41,226.40 | 1/31/2007 | 41,226.40 | Ck#577214 |
| 675737 | 12/27/2006 | 38,629.06 | 1/31/2007 | 38,629.06 | Ck#577214 |
| 675740 | 12/27/2006 | 62,890.78 | 1/31/2007 | 62,890.78 | Ck#577214 |
| 675742 | 12/27/2006 | 27,438.82 | 1/31/2007 | 27,438.82 | Ck#577214 |
| 676762 | 1/8/2007 | 24,788.45 | 3/1/2007 | 24,788.45 | Ck#580430 |
| 678944 | 1/24/2007 | 1,411.94 | 3/6/2007 | 1,411.94 | Wire |
| 678952 | 1/24/2007 | 21,839.30 | 3/6/2007 | 21,839.30 | Wire |
| 679755 | 1/24/2007 | 21,839.40 | 3/6/2007 | 21,839.40 | Wire |
| 679756 | 1/24/2007 | 91,804.19 | 3/16/2007 | 91,804.19 | Ck#584243 |
| 679868 | 2/5/2007 | 17,380.70 | 3/12/2007 | 17,380.70 | Ck#583756 |
| 682544 | 3/6/2007 | 26,357.05 | 3/9/2007 | 26,357.05 | Wire |
| 682545 | 3/6/2007 | 165,714.52 | 3/9/2007 | 165,714.52 | Wire |
| 682546 | 3/6/2007 | 12,134.35 | 3/9/2007 | 12,134.35 | Wire |
| 682547 | 3/6/2007 | 11,503.40 | 3/9/2007 | 11,503.40 | Wire |
| 682548 | 3/6/2007 | 10,200.92 | 3/9/2007 | 10,200.92 | Wire |
| 682549 | 3/6/2007 | 610,312.65 | 3/6/2007 | 26,222.89 | Wire |
|  |  |  | 3/9/2007 | 459,089.76 | Wire |
| 683324 | 3/5/2007 | 35,163.30 | 3/30/2007 | 35,163.30 | Wire |
| 685172 | 3/30/2007 | 9,215.00 | 3/30/2007 | 9,215.00 | Wire |
| 685174 | 3/30/2007 | 26,176.10 | 3/30/2007 | 26,176.10 | Wire |
| 685175 | 3/30/2007 | 2,524.51 | 3/30/2007 | 2,524.51 | Wire |
| 685176 | 3/30/2007 | 649,111.93 | 3/30/2007 | 649,111.93 | Wire |
| 685177 | 3/30/2007 | 1,494,396.99 | 3/30/2007 | 1,494,396.99 | Wire |
| 685178 | 3/30/2007 | 2,238.00 | 3/30/2007 | 2,238.00 | Wire |
| 685179 | 3/30/2007 | 221,433.39 | 3/30/2007 | 221,433.39 | Wire |

| | | | | | |
|---|---|---|---|---|---|
| Total Payment Applied: | | | $ 3,529,071.29 | | |
| Unallocated Credit: | | | $ 2,388,427.25 | | |
| Total Payment Received: | | | $ 5,917,498.54 | | |
| Estimated Unbilled Prepetition Amount: | | | $490,000 | | |
| Total Available for Postpetition Services: | | | $1,898,427.54 | | |

LA3:1130592.6

**ANNEX 2**

**List of Potential Parties-in-Interest for New Century TRS Holdings, Inc., et al.**

**UCC-1 Parties**

Access Investments II, LLC
Ameritech Credit Corporation
Aspen Funding Corp
Bank Leumi Leasing Corporation
Bank of America, NA
Bank of the West
Barclays Bank, PLC
Carrington Mortgage Credit Fund I, LP
CDC Mortgage Capital Inc.
Charter One Vendor Finance LLC
CIT Communications Finance Corporation
Citigroup Global Markets Realty Corp.
Consultants Group Commercial Funding Corp.
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Capital LLC
DB Structured Products, Inc
Deutsche Bank Trust Company Americas
Federal National Mortgage Association
Galleon Capital Corp
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Financial LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Heineman, Dale Scott
IOS Capital
IXIS Real Estate Capital Inc
Johnson, Kurt F.
Mission Center Partners
Morgan Stanley Mortgage Capital Inc.
NC Capital Corporation
New Century Funding A
New Century Funding I
New Century Mortgage Securities Inc.
Newport Funding Group
PFE International Inc.
Ropes & Gray LLP
St. Andrew Funding Turst c/o New Century Mortgage
State Street Global Markets
Sterling Bank
The CIT Group/Equipment Financing

U.S. Bancorp Equipment Finance, Inc.
U.S. Bank National Association
UBS Real Estate Securities Inc.
United California Capital
Whitwood, Jason Allen

## 50 Largest Unsecured Creditors [1]

Adteractive
Affiliated Computer Services
Alaska Seaboard Partners Limited Partnership
Aspen Funding Corp.
Assurant Specialty Property Insurance
Aurora Loan Services
Bank of America, N.A.
Barclays Bank PLC
Carrington Securities, LP
Catarina Mortgage Services Inc.
ChoicePoint Precision Marketing
Citigroup Global Markets Realty Corp.
Countrywide
Credit Suisse First Boston Mortgage Capital LLC
Credit-Based Asset Servicing and Securitization LLC
DB Structured Products, Inc.
Deutsche Bank
EMC Mortgage Corporation
Fiserv CCS
Galleon Capital Corporation
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Finance, LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Harbor Asset Management Services
HSBC Bank USA, N.A.
INDY MAC Bank, FSB
IXIS Real Estate Capital, Inc.
JP Morgan Chase Bank, NA
Lehman Brothers Bank FSB
Low.com
Lowermybills.com
Morgan Stanley Mortgage Capital Inc.
National Field Representatives

---

[1] Includes certain UCC-1 Parties

Newport Funding Corp.
Nextag
NOMURA Securities
Pricewaterhouse Coopers LLP
Residential Funding Corporation
SG Mortgage Finance Corp
Sheffield Receivables Corporation
Sprint
State Street Global Markets, LLC
Suntrust
System Source, Inc.
Tucson Funding LLC
UBS Real Estate Securities Inc.
Washington Mutual Bank, FA

## Largest Shareholders of New Century Financial Corporation[2]

Greenlight Capital LLC
David Einhorn
Morgan Stanley
Morgan Stanley Capital Services
Hotchkis and Wiley Capital Management LLC

## Directors and Senior Employees

Alexander, Marilyn A.
Bilotta, Frank
Bindra, Taj S.
Black, Harold A.
Cimino, Richard
Clifford, Leigh Ann
Cloyd, Kevin
Cole, Robert K
Dodge, Patti
Fleig, David
Forster, Fredric J.
Garday, Louis
Gotschall, Edward
Jewett, Jennifer
Lange, Donald E.
Meola, Anthony
Morrice, Brad A.
Peltier, Warren

---

[2] These individuals and entities directly or indirectly own more than 5% of the shares of New Century Financial Corporation.

Sachs, Michael M.
Theologides, Stergios
Threadgill, Jonathan
Torterelli, Joseph
Zalle, Paul
Zona, Richard A.

## Professionals

AlixPartners LLP
Allen Matkins Leck Gamble Mallory & Natsis LLP
Cooley Godward Kronish LLP
Heller Ehrman LLP
Lazard Freres & Co. LLC
O'Melveny & Myers LLP
Richards Layton & Finger, P.A.
Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates
Sullivan & Cromwell LLP
Thacher Proffitt & Wood LLP
Xroads Case Management Services, LLC

## Debtors

New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation
New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation
New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation
NC Capital Corporation, a California corporation
Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation
New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation
NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership
NC Residual III Corporation, a Delaware corporation
NC Residual IV Corporation, a Delaware corporation
New Century R.E.O. Corp., a California corporation
New Century R.E.O. II Corp., a California corporation
New Century R.E.O. III Corp., a California corporation
New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company

NC Deltex, LLC, a Delaware limited liability company
NCoral, L.P., a Delaware limited partnership

## ANNEX 3

Potential Parties in Interest[1] currently represented by O'Melveny & Myers LLP.

| **Parties Filing UCC Financing Statements** |
|---|
| **in Delaware or California** |
| Aspen Funding Corp. |
| Bank of America, N.A. |
| Barclays Bank |
| CDC Mortgage Capital Inc. |
| CIT Communications Finance Corp. |
| Citigroup |
| Countrywide |
| Credit Suisse First Boston |
| DB Structured Products Inc |
| Deutsche Bank |
| Federal National Mortgage Association |
| General Electric Capital Corp. |
| GMAC |
| Goldman Sachs Company |
| Greenwich Capital Financial Products |
| Morgan Stanley |
| U.S. Bancorp |
| U.S. Bank, N.A. |
| UBS |
| |
| **50 Largest Unsecured Creditors** |
| AON Risk Services |
| General Electric Capital Corporation |
| GMAC Commercial Finance |
| Goldman Sachs Mortgage Company |
| JPMorgan Chase Bank, N.A. |
| Lehman Brothers Bank |
| Morgan Stanley |
| Nextag |
| Nomura Securities |
| Pricewaterhouse Coopers LLP |
| Suntrust |
| |
| **Debtors** |
| New Century Financial Corporation |

---

[1] All entities listed potentially include affiliates of stated entity.

## ANNEX 4

Potential parties in interest[1] formerly represented by O'Melveny & Myers LLP.

| **Secured Lenders** |
| --- |
| Ameritech Credit Corporation |
| Bank Leumi |
| Guaranty Federal Savings Bank |
| Newport Fund Inc. |
| Ropes & Gray |
| |
| **50 Largest Unsecured Creditors** |
| Accenture |
| Affiliated Computer Services |
| Guaranty Bank |
| HSBC Bank |
| Sprint |
| State Street Global Markets |
| Washington Mutual Bank |
| |
| **5% Largest Shareholders** |
| Greenlight Capital, LLC |
| Hotchkis & Wiley Capital Management LLC |
| **Professionals** |
| Allen Matkins Leck Gamble Mallory & Natsis LLP |
| Lazard Frères & Co. LLC |
| Richards Layton & Finger, P.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP |
| Sullivan & Cromwell LLC |
| |
| **Directors and Senior Employees** |
| Stergios Theologides |

---

[1] All entities listed potentially include affiliates of stated entity.