IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
O'MELVENY & MYERS LLP AS CO-COUNSEL TO THE DEBTORS
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

This matter coming before the Court on the Application of Debtors and Debtors in possession (the "Debtors") for an Order Authorizing the Retention and Employment of O'Melveny & Myers LLP as Co-Counsel to the Debtors Pursuant to Section 327(a) of the Bankruptcy Code (the "Application");[2] the Court having reviewed the Application; the Court finding that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (3) notice of this Application having been provided to, inter alia, the Office of the United States Trustee for the District of Delaware; counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Application.

lenders; the 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11 petitions; and all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (4) capitalized terms not otherwise defined herein have the meaning given to them in the Application; and the Court having considered the Declaration of Curtis R. Smith in Support of Chapter 11 Petitions and Request for First Day Relief and the Declaration of Suzzanne Uhland in Support of Application to Employ O'Melveny and Myers LLP as Co-Counsel to the Debtors Pursuant to Section 327(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application and in the Declaration of Suzzanne Uhland in support of the Application establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain OMM as their co-counsel under a general retainer upon the terms and conditions set forth in the Application effective nunc pro tunc to- the date of commencement of these chapter 11 cases.

3.      OMM shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules of the Court, and such procedures as may be fixed by order of this Court.

4.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.


Dated: _____, 2007
        Wilmington, Delaware          _____
                                      UNITED STATES BANKRUPTCY JUDGE