07-10416 —
Lea[d]

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

STATE OF OHIO, ex rel. )
MARC DANN )
ATTORNEY GENERAL, et al. ) Judge: EILEEN T.
30 East Broad Street ) GALLAGHER
State Office Tower – 14th Floor )
Columbus, Ohio 43215-3428 )
 )
   Plaintiff, )
 )
 ) STIPULATED PRELIMINARY
NEW CENTURY FINANCIAL ) INJUNCTION
CORP., et al. )
18400 Von Karman Ave., Suite 1000 )
Irvine, CA 92612 )
 )
   Defendants. )

WHEREAS, on March 14, 2007, the Attorney General and Department of Commerce (collectively, the "State") filed a Complaint for Declaratory Judgment, Restitution, Injunctive Relief, and Civil Penalties (the "Complaint") against New Century Financial Corporation, New Century Mortgage Corporation and Home123 Corporation, and all other affiliates of the Defendants doing business in Ohio (New Century Mortgage Corporation and Home123 Corporation collectively, "New Century").[1] The Complaint arises out of New Century's inability to fund mortgage loans due to liquidity shortages and alleges violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.,

---

[1] New Century Financial Corporation is solely a holding company and does not engage in the origination or servicing of mortgage loans; New Century Mortgage Corporation is the only affiliate that both originates and services mortgage loans in Ohio; Home123 Corporation was solely engaged in the origination of mortgage loans but is no longer doing business in Ohio.

1

the Ohio Mortgage Loan Act, R.C. 1321.20 et seq. and the Ohio Mortgage Brokers Act, R.C. 1322.01 et seq.

WHEREAS, on March 14, 2007, the State filed a Motion for Temporary Restraining Order ("TRO"), which the Court granted. The TRO enjoined Defendants from soliciting new loans, accepting loan applications, accepting fees for application and processing of loans, processing new loans, arranging for appraisals that borrowers will be obligated to pay and engaging in certain servicing functions, including initiating and concluding foreclosures and engaging in any acts or practices that violate the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq, the Ohio Mortgage Loan Act, R.C. 1321.20 et seq., or the Ohio Mortgage Brokers Act. R.C. 1322.01 et seq.

WHEREAS, the TRO stated that it was effective for fourteen (14) days or until further order of the Court.

WHEREAS, the Court has scheduled a preliminary injunction hearing for March 28, 2007.

WHEREAS, on March 16, 2007, the State agreed to certain modifications to the TRO, which the Court entered on March 16, 2007 (the "Modified TRO"). Defendants consented to the modifications set forth in the Modified TRO, while preserving all their rights to defend this action. In addition, in connection with the entry of the Modified TRO, Defendants agreed not to transfer, sell or assign any loan that was more than 60 days delinquent, and if any of its lenders seek to exercise collateral rights on any Ohio mortgage loan that is more than 60 days delinquent, New Century will seek to repurchase such loan from the lender.

WHEREAS, as required by the Modified TRO, the Parties have engaged in discussions regarding the scope of the TRO, and have reached the agreements set forth below.

THEREFORE, the Parties, for good and valuable consideration, hereby agree as follows:

1. The TRO and the Modified TRO will be replaced by this agreement as a stipulated preliminary injunction, and New Century agrees to abide by the terms set forth herein.

2. New Century, their agents, officers, employees, and anyone else acting in concert or participation with them agree that they will cease and desist from: soliciting Ohio consumers for broker services or residential mortgage loans; accepting origination fees from Ohio consumers for brokers services or residential mortgage loans; accepting fees from Ohio consumers in connection with the origination of residential mortgage loans except fees disbursed by a closing agent after a loan is closed and funded by an entity other than the Defendants; accepting mortgage loan applications in Ohio; arranging for appraisals in connection with mortgage loans in Ohio where consumers will be obligated to pay, directly or indirectly, for such appraisal; initiating new foreclosure actions, continuing to prosecute pending foreclosure actions, enforcing foreclosure sales notices, or evicting consumers from houses in foreclosure without receiving prior approval from the State pursuant to the review process set forth below; engaging in any acts or practices that violate the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq,

the Ohio Mortgage Loan Act, R.C. 1321.20 et seq., or the Ohio Mortgage Brokers Act. R.C. 1322.01 et seq.

       3.      New Century Mortgage Corporation ("NCMC") will continue its standard foreclosure review and loss mitigation efforts that begin simultaneously once mortgage loans become sixty (60) days in arrears consistent with its policies, procedures, contractual obligations and applicable federal and state law. NCMC will continue to make every effort for all Ohio borrowers, including those pending in court and those whose accounts are severely delinquent, to bring their loans current or otherwise avoid a foreclosure sale, including using forbearance agreements, payment deferral arrangements, modification of loan terms, short payoffs, short sales and deeds in lieu of foreclosure. Any and all such offers to Ohio borrowers, must be confirmed in writing, with a copy to the State. Such notice may include a statement that any borrower who desires to bring their loan current to avoid foreclosure sale should continue to make all mortgage payments. Once a loan becomes one hundred eighty (180) days in arrears and there is no practicable solution to that delinquency, NCMC shall notify the State of their intent and may proceed to file an action which seeks a judgment of foreclosure ("Severely Delinquent Loan"), subject to the review process set forth below.

       4.      Not fewer than thirty (30) days prior to filing suit seeking a judgment of foreclosure on a loan secured by Ohio property, or the sale, assignment or other transference of title to any owner-occupied mortgage for amounts below the conforming loan limit that is an (i) hybrid adjustable rate mortgage ("ARM") loan (2/28 or 3/27) or (ii) Option ARM secured by Ohio property and that is more than sixty (60)

4

days in arrears, or any fixed rate loan which is not otherwise excluded herein, for a period of 30 days, which may be extended at the request of the state. NCMC shall provide the State with notice of its intentions and will provide to the State the Loan file containing information sufficient to evaluate whether the transaction is consistent with Ohio law. Such file shall include the following information in its possession: (a) the name, home address, address of the mortgaged property and telephone number of each borrower, (b) the name and contact information of the mortgage brokers, loan officers, and any other New Century employees or agents who were involved in each loan from solicitation through servicing to foreclosure or other closure of the loan, (c) a copy of the loan application and any other document signed by the borrower, (d) any and all documents used to determine the borrower's ability to repay the loan, (e) any and all documents related to the determination of the interest rate, the adjustable rate terms and the balloon payment, if any, (f) Good Faith Estimate (g) Truth-In-Lending Disclosure forms; (h) HUD-1 Settlement Statement; (i) documentation of any payments made outside of closing or to anyone else not specifically identified in the closing documents, (j) loan payment history; (k) loss mitigation history and (l) any and all documents related to the appraisal including but not limited to any communication between the broker and the appraiser, the appraisal report, (m) any documentation reflecting a review process including a comparison of the appraisal with the county tax appraisal to verify the accuracy of the appraisal, (n) credit reports of the borrower, (o) a copy of the assignment(s) reflecting the lender(s) assigned the loan after origination, (p) if applicable, documentation of why loans repurchased by New Century were repurchased by New

Century, (q) the mortgage loan origination disclosure statements, (r) documentation reflecting service on the borrower and any other party joined as an unknown name. For New Century loans that they refinanced within the past three years, NCMC shall provide all of the above documentation for each loan refinanced for the same borrower; and all documentation to determine whether the borrower was receiving a net tangible benefit from the refinancing. NCMC will provide the State any other information reasonably requested for the purpose of the State's evaluation of the potential foreclosure sale, assignment or other title transference. If any document requested above is not within the possession of NCMC it will provide the name and contact information of the person(s) in possession of such information, and will cooperate with any effort to obtain such information.

     5. NCMC and the State agree to the following process by which the document review set forth in paragraph 4 above is to be accomplished in a prompt and timely fashion (the "Transaction Review Process"). The State shall within the thirty (30) day period after receipt of the documents, raise any concerns with NCMC about the transactions so that NCMC can address them. For cause, the State can make a written request that NCMC not proceed with a transaction and provide the reasons under Ohio law why the transaction should not proceed. With respect to that transaction, NCMC will stay the transaction until such time as the State agrees that the transaction may proceed, or until further order of the court. Removal of the stay for any individual transaction will be filed with the Court and cannot proceed until actual notice to the borrower of NCMC's intent to proceed to judgment. Either party may inform the borrower or their counsel, at

any time, of the status of their case. All records created and maintained by the State as a result of the review process are considered confidential pursuant to R.C. 1321.55, 1322.061 and 1345.05(A). Factors that shall not be "cause" to suspend a foreclosure proceeding include, without limitation, (a) minor documentation deficiencies that do not constitute a legal basis to suspend a foreclosure proceeding or (b) external events unrelated to the loan transaction that impair a borrower's ability to fulfill his or her repayment obligations such as illness, death, divorce, job loss, disability, natural disaster or other external factors. In addition, if NCMC verifies that the borrower's house is vacant, the State will exercise its best efforts to expedite the review process.

Procedure:

a) within 7 days of the date of this order, NCMC will use its best efforts to begin to provide the documents listed above to the State for all currently filed foreclosure actions in Ohio in which the Sheriff's sale is set, the Sheriff's sale has been requested, and/or a judgment of foreclosure has been granted, and any loans more than sixty (60) days in arrears, intended to be assigned, sold or otherwise transferred; and will complete that production within 14 days of the date of this order;

b) within twenty one (21) days of the date of this order, NCMC will provide the documents listed above for all currently filed foreclosure actions in which service has been obtained, and either a motion for summary judgment or a motion for default judgment is pending and any newly identified loans more than sixty (60) days in arrears, intended to be assigned, sold or otherwise transferred;

c) within thirty five (35) days of the date of this order, NCMC will provide the documents listed above for all currently filed foreclosure actions in which service has been obtained or a request for service by publication is pending and any newly identified loans more than sixty (60) days in arrears, intended to be assigned, sold or otherwise transferred;

d) within forty nine (49) days of the date of this order, NCMC will provide the documentation for all currently filed foreclosure actions in which service has not yet been obtained and any newly identified loans more than sixty (60) days in arrears, intended to be assigned, sold, or otherwise transferred;

e) within sixty three (63) days of the date of this order, NCMC will provide documentation for all borrowers who are severely delinquent and/or whose loans have been referred for litigation and any newly identified loans, more than sixty days in arrears, intended to be assigned, sold or otherwise transferred.

6. The provisions of paragraphs 4 and 5 do not apply to the sale, assignment or other transference of title for the following loan types: (i) business to business loans as defined by R.C. 1343.01 (B)(6) (ii) jumbo mortgages; (iii) mortgages that have been purchased by Fannie Mae and/or Freddie Mac; (iv) mortgages that were guaranteed by FHA/VA and (v) fixed-rate mortgages which also have one of the attributes identified in (i) through (iv).

7. The Review Process agreed to herein shall remain in effect until further order of this Court, but not less than ninety (90) days.

8. In addition to the procedures for reviewing NCMC's foreclosures and transference of certain loans more than sixty (60) days in arrears, as set forth herein, New Century agree to take the following remedial action:

a.) New Century shall immediately cease and desist accepting, from either consumers or mortgage brokers, any applications for residential first or secondary mortgage loans secured by Ohio real property of from Ohio consumers.

b) New Century shall immediately cease and desist from advertising for its wholesale and retail businesses in Ohio or to Ohio consumers.

c) New Century shall seek to either (i) obtain funding for and close; or (ii) place with other lenders, applications from Ohio consumers to whom loan commitments have been issued.

d) For loan applications from Ohio consumers for which no commitment has been issued, New Century shall do one of the following: (i) obtain funding for and close into loans; or (ii) place with other lenders; or (iii) deny for cause, the loan applications. This Paragraph shall not apply if the Ohio consumer or the representative mortgage broker has voluntarily withdrawn the loan application.

e) New Century shall provide to the State a daily list of all loans to Ohio consumers that have closed but not been funded or which involve loan applications from Ohio consumers that have not closed. This list shall be updated as stated above until all Ohio consumers have either had their loans funded or all issues regarding Ohio loan applications have been resolved.

(1) This list shall include, but is not limited to:

i. The names, addresses and telephone numbers of all Ohio consumers that have closed but not funded loans from New Century or who have submitted an application to New Century that has not yet closed;

ii. The loan number;

iii. The amount of all prepaid loan fees submitted;

iv. The amount of each loan;

v. The current application status;

vi. The lock rate status;

vii. The actual closing dates;

viii. Whether the loan was a purchase or refinance; and

ix. The identification of the applicable lender with whom each loan will be placed and contact information for that lender.

(2) Any changes in the list shall be explained in writing.

(3) The list shall be sent to Robert Hart, Assistant Attorney General, Consumer Protection Section, at rhart@ag.state.oh.us, by 5:00 PM EDT on each business day.

f) New Century shall provide to the State on a weekly basis a liquidity schedule that lists the anticipated loans to be closed and the anticipated funding available.

g) New Century shall, as soon as possible, place any "upfront" fees previously collected from Ohio consumers relative to any first or secondary mortgage loan applications in a separate escrow account maintained at a federally insured depository institution.

h) New Century shall release any liens filed on Ohio real property or filed on property owned by Ohio consumers as a result of a residential mortgage loan closing with New Century but not being funded. In the event that the loan subsequently funds, New Century may file a lien against the property at that time.

i) In the event that interest on an Ohio residential mortgage loan closed or originated by New Century starts on any day other than the day of funding, or if there is any change of terms from the signed loan document, New Century must notify Robert Hart immediately at the contact information provided in paragraph 9.h.3 above.

j) Nothing in this Order shall prevent New Century servicing closed mortgage loans, or engaging in other activity not prohibited herein or by the Ohio Mortgage Broker Act, R.C. 1322.01 et seq. and/or Ohio Mortgage Loan Act, R.C. 1321.20 et seq.

k) New Century shall use every best effort to obtain and maintain sufficient net worth to comply with the terms of this agreement.

l) New Century shall issue a statement to all relevant credit bureaus indicating that any mortgage loan in arrears is in dispute and shall not be seen as a negative credit indicator.

9. The Parties agree to file this Agreement with the Court and agree to cancel the preliminary injunction hearing set for March 28, 2007.

10. The Parties agree to stay all further proceedings in this action for 90 days except as provided in Paragraph 4, and file an appropriate stipulated stay with the Court. The State reserves the right to seek reimbursement of fees and costs as provided by statute.

11. Insofar as either Party believes the other Party is not acting in good faith that Party shall so indicate to the opposing Party. Should efforts to resolve this issue prove unsuccessful, either Party shall notify the opposing Party of their intent to file a motion with the court to terminate the agreement and request to reschedule the preliminary injunction hearing. Neither party shall object to the scheduling of a prompt preliminary injunction hearing nor shall either Party object to the termination of the agreement at such a preliminary injunction hearing.

12. Any public statement by the State regarding this Agreement shall include a statement that all borrowers with loans originated or serviced by New Century who desire to bring their loan current to avoid foreclosure sale should continue to make all mortgage payments and that all borrowers with loans originated or serviced by New Century which are not delinquent should continue to make all mortgage payments. Borrowers, or any person authorized to assist the borrower, should contact New Century at 1-888-477-0193, to discuss a solution to their foreclosure case.

13. Nothing in this agreement shall constitute an endorsement, approval or sanction by the State of the legality of the individual loans under review by the State

nor shall any finding of the review process be binding on any factual issues to be determined by any court.

    14.    This Agreement represents that full and complete agreement between the Parties and may only be modified in writing by agreement of the Parties, or by further order of the Court.

FOR THE OHIO ATTORNEY GENERAL, MARC E. DANN

_3/27/07_
DATE

MARC E. DANN (0039425)
Attorney General
Plaintiff

FOR THE OHIO DEPARTMENT OF COMMERCE,
DIVISION OF FINANCIAL INSTITUTIONS

_3/27/07_
DATE

JOHN REARDON
Superintendent
Ohio Department of Commerce
Division of Financial Institutions
Plaintiff

Approved as to form:

_3/27/07_
DATE

MATTHEW J. LAMPKE (0067973)
Assistant Chief
Ohio Department of Commerce
Division of Financial Institutions
Counsel for Plaintiff

13

FOR NEW CENTURY FINANCIAL CORPORATION,
NEW CENTURY MORTGAGE CORPORATION
AND HOME123 CORPORATION

March 28, 2007
DATE

[signature]
DONALD S. SCHERZER (0022315)
Roetzel & Andress, LPA
Counsel for Defendants

3·27·2007
DATE

[signature]
STERGIOS THEOLOGIDES
Executive Vice President
Corporate Affairs and General Counsel
New Century Financial Corporation

IT IS SO ORDERED.

[signature]
JUDGE EILEEN T. GALLAGHER

3·28-07
DATE

325247 v_01 \ 117805.0001

RECEIVED FOR FILING
MAR 28 2007
By [signature] GERALD E. FUERST, CLERK, Dep.

14