# EXHIBIT C

HENNIGAN, BENNETT & DORMAN LLP

LAWYERS

865 SOUTH FIGUEROA STREET

SUITE 2900

LOS ANGELES, CALIFORNIA 90017

TELEPHONE (213) 694-1200

FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1012

BENNETTB@HBDLAWYERS.COM

April 10, 2007

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Mr. Terry Theologides
Executive Vice President and General Counsel
New Century Financial Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612

    Re:    *Retainer Agreement Between Hennigan, Bennett & Dorman LLP and New Century Financial Corporation and its Debtor Subsidiaries and Affiliates*

Dear Mr. Theologides:

This letter sets forth the terms and conditions upon which Hennigan, Bennett & Dorman LLP ("HB&D" or "us") will represent New Century Financial Corporation and such of its subsidiaries and affiliates that are debtors in possession (collectively, "New Century" or "you") in any of the bankruptcy cases jointly administered under Case No. 07-10416 (KJC) (collectively, the "Bankruptcy Cases") as its special litigation counsel. Although HB&D's employment by New Century is subject to the approval of the Bankruptcy Court, in light of the need for New Century to respond immediately to the requests for preliminary relief filed in the UBS Adversary Proceeding described below, New Century asked HB&D to commence work over the holiday weekend beginning on April 6, 2007, with the expectation that HB&D's engagement as special litigation counsel will be subsequently approved by the Bankruptcy Court with an effective date no later than April 6, 2007.

    A.    **Scope of Engagement**

HB&D will serve as special bankruptcy litigation counsel to New Century and will render such ordinary and necessary legal services as may be required in connection with the following:

    1.    The adversary proceeding commenced by UBS Real Estate Securities Inc. ("UBS"), and currently pending before the United States Bankruptcy Court, District of

603475\v1

HENNIGAN, BENNETT & DORMAN LLP

Mr. Theologides
April 10, 2007
Page 2

Delaware (the "Bankruptcy Court") as Adversary No. 07-50875 (KJC) (the "UBS Adversary Proceeding") including the requests for a temporary restraining order and preliminary injunctive relief;

    2.    Representing New Century in other bankruptcy and/or commercial litigation matters in the Bankruptcy Court or other courts having jurisdiction over particular matters; and

    3.    Such other advice and representation as may be necessary or appropriate in the Bankruptcy Cases concerning the foregoing.

HB&D's employment as special litigation counsel does not include the provision of advice with respect to matters involving taxation, securities, environmental, labor, criminal, real estate, or other specialized areas of law. Finally, the limited scope of our employment as New Century's special litigation counsel does not include giving attention to, forming professional opinions as to, or advising you with respect to, disclosure obligations under federal securities or other nonbankruptcy laws or agreements. Should you decide to expand the scope of HB&D's representation with respect to this matter, a separate written agreement and, potentially Bankruptcy Court approval, will be necessary.

**B.**    **Financial Arrangements.**

You have agreed to pay HB&D a reasonable fee for its services and to reimburse HB&D for the costs and expenses charged to its account with respect to this engagement as provided for in the title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

During the course of the chapter 11 cases, HB&D will request the payment of monthly interim compensation from New Century, in accordance with the procedures for interim compensation established by the Bankruptcy Court, based upon our guideline hourly rates. These rates currently range from $245 to $805 per hour for attorneys, from $415 to $635 per hour for financial consultants, and from $65 to $255 for paralegals and clerks. We anticipate that Bruce Bennett, Jeanne Irving, Sidney P. Levinson, and Joshua D. Morse, whose guideline hourly rates currently are $805, $630, $615 and $465, respectively, will render the majority of the legal services in connection with this engagement. Our guideline hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities and seniority of our professionals as well as general economic factors. Please note that, should it become appropriate and cost-effective to do so, we also may utilize in this engagement "temporary" attorneys, paralegals, and clerks who are provided to us on a contract basis from outside services and for whom we will charge a reasonable hourly rate intended to compensate us for the costs and overhead associated with such personnel.

603475\v1

HENNIGAN, BENNETT & DORMAN LLP

Mr. Theologides
April 10, 2007
Page 3

It is HB&D's practice to charge our clients a reasonable fee for services rendered, which fee is based upon not only the total number of hours charged at guideline hourly rates, but also upon such other factors as the complexity of the problems presented to us, the amounts at issue, the nature, quality and extent of the opposition encountered, the results accomplished, the skill we exercised in accomplishing those results, the extent to which our services were rendered outside the Los Angeles area, after normal business hours or on other than normal business days, delays in our receipt of compensation, and the extent to which we were at risk in being paid. After confirmation of a plan of reorganization for New Century (or, if earlier, at the conclusion of our engagement), we will assess such factors and determine the amount of our total fee. To the extent that such fee exceeds the total number of hours of service provided charged at guideline hourly rates, we will consult with New Century before setting that final fee and, in any event, we will seek the allowance of the fee by the Bankruptcy Court. By executing this agreement, New Century consents to this procedure for determining HB&D's reasonable final fee.

Our invoices also will include charges for the reasonable costs and expenses that we incur in connection with this engagement. Such costs and expenses typically include, among others, charges for messenger services, air couriers, photocopying, postage, long distance telephone, computerized legal research facilities (including the time billed for such legal research), investigative searches, computerized document management services (including scanning and coding), and other charges customarily invoiced by law firms in addition to fees for legal services, such as court fees and travel expenses. In the event that we incur expenses that we deem to be extraordinary or significant, such as transcript costs or sizable outsourced photocopying expenses, you agree that, upon request by us, you will pay those expenses directly.

C.   **Waivers and Important Information Regarding HB&D's Representation**

Because of the specialized nature of our practice, from time to time HB&D concurrently may represent one client in a particular case and the adversary of that client in an unrelated case, as summarized more specifically below. Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case.

603475\v1

HENNIGAN, BENNETT & DORMAN LLP

Mr. Theologides
April 10, 2007
Page 4

1. **Representation of Unrelated Debtors.**

While representing New Century, HB&D may represent a debtor of New Century or of one or more of its affiliates, or an entity in which New Century or one or more of its affiliates has made an investment, as a debtor in a reorganization case or in connection with out-of-court negotiations concerning the entity's ability to pay its debts generally.

New Century consents to our representation, in unrelated matters, of entities that may be indebted to New Century or to one or more of its affiliates or in which New Century or one or more of its affiliates might directly or indirectly own an equity interest. New Century also agrees that it does not consider such concurrent representations of New Century or its affiliates and any such adversary to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation.

2. **Representation of Creditors or Equity Security Holders in Unrelated Matters.**

HB&D, while representing New Century, also may represent a creditor or equity security holders of New Century in a matter not involving New Century. HB&D also may represent a creditor or equity security holders in a case involving a debtor that also is indebted to New Century or its affiliates. The pertinent debtor could be a debtor in a reorganization case or involved in out-of-court negotiations with its creditors and interest holders.

New Century consents to our representation, in unrelated matters, of creditors of New Century in connection with claims against or equity security interests in debtors other than New Century, or in connection with claims asserted against or equity security interests in debtors that are also indebted to New Century or its affiliates (or debtors in which New Century or its affiliates directly or indirectly own an equity interest). New Century also agrees that it does not consider such concurrent representations to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation.

3. **Relationships of HB&D Attorneys.**

Also, please note that several attorneys at HB&D have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms, companies and government agencies. HB&D has strict policies against disclosing confidential information to anyone outside the firm, including spouses, parents, children, siblings, fiancés and fiancées. You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

603475\v1

HENNIGAN, BENNETT & DORMAN LLP

Mr. Theologides
April 10, 2007
Page 5

### D. Policy Regarding Transactional Opinion Letters.

HB&D maintains a policy that it does not provide opinion letters regarding the legal effect of proposed transactions to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then only upon further written agreement, which provides for compensation to us for the special risks attendant to the furnishing of such opinions.

### E. Miscellaneous.

1. By this agreement, HB&D is being engaged solely by New Century. Our employment does not include the representation of any employee, officer, director, member or affiliate of New Century.

2. Subject to the approval of the Bankruptcy Court, this agreement shall be effective as of the date on which HB&D first rendered services to New Century. You may discharge us at any time. We may withdraw at any time with New Century's consent or for good cause without its consent. Good cause for our withdrawal includes New Century's breach of this agreement, its refusal or failure to cooperate with us, or any fact or circumstance that would render our continuing representation unlawful or unethical.

3. This agreement constitutes the entire understanding between New Century and HB&D regarding HB&D's employment as special reorganization counsel in connection with this matter. By executing this agreement you acknowledge that you have read carefully and understand all of its terms. This agreement cannot be modified except by further written agreement signed by each party.

4. This agreement and HB&D's representation of New Century shall be governed, construed and interpreted in accordance with the laws of the State of California, without giving effect to principles of conflicts of law and choice of law that would cause the laws of any other jurisdiction to apply.

603475\v1

Case 07-10416-BLS    Doc 172-4    Filed 04/10/07    Page 7 of 7

HENNIGAN, BENNETT & DORMAN LLP

Mr. Theologides
April 10, 2007
Page 6

5.  If you have any questions about the foregoing, please call me. In addition, please feel free to obtain independent legal advice concerning the terms and conditions of this agreement. If you are in agreement with the foregoing, and it accurately represents New Century's understanding of your retainer agreement with this firm, please cause a copy of this letter to be executed by an authorized representative of New Century where indicated and return this letter to me, together with the retainer payment. If not, please contact me immediately.

6.  This agreement is subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court does not approve New Century's engagement of HB&D on the terms set forth herein, New Century will immediately engage other counsel to represent it in the UBS Adversary Proceeding.

We look forward to working with you

Sincerely,

/s/ Bruce Bennett

Bruce Bennett

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated: April 10, 2007

NEW CENTURY FINANCIAL CORPORATION

By_____

Its   EVP + General Counsel

603475\v1