**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416 (KJC)** |
| a Delaware corporation, et al. | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re:  Docket Nos. 70 and 71 |
| | : | |
| | : | Objection Deadline: April 11, 2007 @ 4:00 p.m. |
| | : | Hearing Date:  April 12, 2007 @ 3:00 p.m. |

**OBJECTION TO EMERGENCY MOTION OF DEBTORS
REGARDING BIDDING PROCEDURES AND OTHER MATTERS**

General Electric Capital Corporation, by its undersigned counsel, hereby files this objection to the Emergency Motion of Debtors and Debtors in Possession (collectively, the "Debtors") for (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Proposed Sale of Assets Used in Their Loan Servicing Business, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief ("Motion").  For the reasons set forth below, the Debtors' Motion should be denied.

**I.    DISCUSSION**

Pursuant to, among other things, a Master Security Agreement dated as of February 18, 2004, as amended, and various recorded financing statements, General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS").  GE's secured status arises out of certain loans GE extended to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Mortgage, New Century Financial and Home 123 Corporation.  The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents.  Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection.  Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the assets that are pledged as collateral to GE or that are being leased by GE to any of the Debtors.  The Motion and the relief sought therein fail to provide any such protections to GE.  Furthermore, the Motion is both procedurally and legally deficient for the various reasons set forth below.  Accordingly, for these reasons and the reasons set forth below, the Motion should be denied.

The Motion is initially deficient because it purports to request more than just the scheduling of a hearing on the Debtors' Motion and approval of the Debtors' proposed bidding procedures. Specifically, although the Motion initially asks this Court to approve bidding procedures with respect to Debtors' proposed sale of their Servicing Business (as that term is defined in the Motion) and related assets and to schedule a hearing on the proposed sale of the same on May 7, 2007, the caption of the Motion also states that the Motion seeks an Order "approving the proposed sale."  Attached to the Motion as Exhibit E is an Order approving the sale of the Servicing Business ("Sale Order").  Although the Sale Order appears to be a draft Order, the Debtors' Motion is not clear as to whether the Debtors are asking the Court to approve the form of the proposed Sale Order. The Motion is also not clear as to whether the Debtors are requesting approval of the "stalking horse bid" which the Debtors procured for their

Servicing Business and related assets and the sale transaction related thereto ("Stalking Horse Transaction"). To the extent the Debtors' Motion is requesting such approval, such request is both inappropriate at this time and premature and should not be permitted by this Court. Any such consideration by this Court of the Stalking Horse Transaction or the appropriateness of the corresponding Sale Order should not occur at the hearing on the Motion but should only take place at the May 7, 2007 hearing on the sale itself. GE seeks confirmation that it retains the right to object, through and including May 2, 2007, to any proposed sale of the Debtors' Servicing Business and related assets and to the terms of the corresponding Sale Order. In addition, to the extent that Debtors now seek this Court's approval of the Stalking Horse Transaction or the appropriateness of the proposed Sale Order, such request is inappropriate given the short amount of notice provided in connection with the Motion and the Motion, therefore, shall be denied.

  The Motion is also deficient because it fails to specifically identify the tangible assets of the Debtors that are to be sold. The sale of the Servicing Business reflected in the Motion and the Asset Purchase Agreement ("APA") attached thereto, relates to, among other things, the proposed sale by the Debtors of IT Assets (as that term is defined in the APA). Some or all of these IT Assets may serve as collateral for the obligations that are owed to GE by New Century Mortgage, New Century Financial or New Century TRS, or may be assets which GE is leasing to New Century Mortgage, New Century Financial or Home 123 Corporation. GE, however, is unable to discern from the Motion, the APA, or any of the other documents attached thereto, what tangible assets the Debtors are attempting to sell to the buyer in question. The APA, at page 5 of same, for example, states that the Computer Equipment to be sold consists of all items listed in Schedule 1.1(g) of the APA. However, no such schedule is attached to the APA which serves as an exhibit to the Motion. The Debtors must know what tangible assets they intend to sell to the buyer. It thus would be no burden on the Debtors to require them to identify

such assets so that GE will know if it is the Debtors' intention to sell GE's collateral or leased assets as part of this sale.  Because GE cannot discern from the Motion what, if any, of its collateral or leased assets are to be sold by the Debtors, the Motion is objectionable for that reason alone and, therefore should be denied.

The Motion is also deficient because it proposes a transaction which involves a sale of various assets without specifically allocating the proceeds of the sale to the assets to be sold.  In short, secured creditors are left to guess how much their collateral will be sold for and how much they can expect to receive from the proposed sale transaction.  All the Motion and the APA attached thereto indicate is that the Debtors propose to sell certain assets to the buyer, including, but not limited to, the IT Assets, for a purchase price of approximately $139,000,000.00 and that any valid liens on the assets sold will attach to the sale proceeds.  There is no allocation of the purchase price provided for in the Motion or the APA.  The APA does state on page 30 that there is an allocation schedule set forth in Schedule 4.5(a).  There is no such allocation schedule attached to the APA.  In addition, Section 4.5(a) of the APA goes on to state that the allocation schedule "shall be mutually agreed upon by Purchaser and Sellers within 120 days after the Closing Date to the extent reasonably possible…" Secured creditors, such as GE, have no way of knowing now, and would have no way of knowing even through the May 7, 2007 hearing date, what dollar amount the Debtors propose to pay to them for the release of their respective collateral.  This Court should not and cannot permit the sale process to commence where the Debtors do not afford each of the secured creditors, at the outset of the sale process, specific and detailed information as to the dollar amounts they will receive from the sale so that each such creditor can make its own determination at the outset of the sale process whether or not the proposed dollar amount to be remitted to it is fair and reasonable.  The failure of the Motion to provide

this critical information renders the Motion objectionable and the Motion, therefore, should be denied.

The Motion is also deficient for its treatment of those companies, including GE, who have leased assets to the Debtors. The Motion states on page 14 that "within two business days of the entry of the Bidding Procedures Order, the Debtors will send notice to the counterparties to executory contracts and leases that the APA proposes be assumed and assigned, listing the cure amounts." The Debtors have sought to move this sale forward on an extremely expedited basis. In view of the expedited nature of this proceeding, this Court should expect and require of the Debtors to immediately notify lessors as to whether or not their leases will be assumed as part of the sale and if so, the cure amounts proposed to be paid to such lessors as part of the sale. The Debtors most certainly know now which leases will be assumed and what the proposed cure amounts will be. The failure to provide such information in the Motion renders it objectionable, warranting the entry of an Order denying the Motion in its entirety.

The Motion is also objectionable because the bidding procedures provided for therein effectively negate GE's credit bid rights under Section 363 (k) of the <u>Bankruptcy Code.</u> The bidding procedures proposed by the Debtors contemplate bids being made for all of the assets to be sold and do not provide a mechanism for secured creditors to bid on the specific assets against which they hold liens. By structuring the bidding procedures in this manner, GE is not allowed an effective way to exercise its credit bid rights. This is not permissible under Section 363 (k) of the <u>Bankruptcy Code</u> absent a showing of "good cause" which the Debtors have not made in their Motion.

Finally, since GE does not consent to the Motion or the relief sought therein in their present form, the sale transaction proposed by the Debtors cannot pass muster

under § 363(f) of the Bankruptcy Code and, therefore, the Motion should be denied for that reason alone.

## II. CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Motion.

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware  19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation