IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
|  | : |  |
| In re: | : | Case No. 07-10416 (KJC) |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, | : | Jointly Administered |
| INC., a Delaware corporation, <u>et al.</u>, | : |  |
|  | : | Re: Docket Nos. 70 and 71 |
| Debtors. | : |  |
|  | : | Objection Deadline: April 11, 2007 @4:00 PM |
|  | : | Hearing Date: April 12, 2007 @3:00 PM |
|  | : |  |

**LIMITED OBJECTION TO EMERGENCY MOTION OF DEBTORS REGARDING BIDDING PROCEDURES AND OTHER MATTERS (SERVICING BUSINESS)**

Deutsche Bank National Trust Co. ("DBNTC") hereby files a limited objection to the Emergency Motion of Debtors and Debtors in Possession for (1) an Order (A) Approving Bidding Procedures and Bid Protection in Connection with the Proposed Sale of Assets Used in their Loan Servicing Business, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) An Order (A) Approving the Proposed Sale and (B) Granting Related Relief (the "Servicing Sale Motion"). While DBNTC is generally supportive of the Debtors' sale efforts, it is concerned about certain aspect of the bidding procedures outlined in the Servicing Sale Motion. In further support of its Objection, DBNTC represents the following:

**Background**

1. DBNTC is a national banking association which is the main trustee for the debtors' mortgage loan securitization transactions. DBNTC acts as trustee for 24 mortgaged backed securities trusts, containing approximately $14 billion in current principal amount of mortgage loans serviced by Debtor entities. The servicing agreements for these 24 trusts

constitute the vast majority of the Debtors' 28 executory servicing contracts (covering $19 billion in principal amount of mortgage loans) which are subject to the Servicing Sale Motion.

2.      With respect to the Seller/Servicer Trusts, DBNTC may assert claims for any losses arising from breach of the servicing obligations of the servicing debtor (typically New Century Mortgage Company).  Pursuant to the Cash Management Order entered in these cases, any post-petition breaches of such obligations would be afforded administrative expense priority.

### **Specific Objections**

<u>Failure to include Schedules to Asset Purchase Agreement</u>

3.      Although DBNTC believes that the Debtors' currently intend, through the Servicing Sale Motion and the process it contemplates, to assume and assign, without modification or exception, all of the various executory contracts that include servicing responsibilities currently being performed by one or more of the Debtors' for the DBNTC Trusts, DBNTC is not able to confirm this belief because the various Schedules to the Asset Purchase Agreement by and among Carrington Capital Management, LLC, Carrington Mortgage Services, LLC (collectively "Carrington"),  New Century Financial Corporation and New Century Mortgage Corporation, are not included in Exhibit A to the Servicing sale Motion. Those Schedules list, *inter alia*, the Assumed Contracts, Assumed Liabilities, Assumed Pre-Petition Contracts, and other important information that is necessary for DBNTC to be able to understand exactly what is to be sold to Carrington and how the sale might affect the rights of DBNTC.

<u>Failure to Fully Identify Components of the Adequate Assurance Packages</u>

4.       The Servicing Sale Motion indicates that any proposed purchaser will be required to provide "…evidence of the bidders ability to provide adequate assurance of future performance..."   DBNTC believes that the sale process would be enhanced if certain minimum

requirements could be identified in advance and included in the Notice that would identify what bidders should be required to submit to the Debtors to establish adequate assurance of future performance of the various servicing contracts pursuant to which the Debtors perform servicing for DBNTC and others.

5.    In light of the speed with which this sale is proposed to be conducted, DBNTC also believes that all Adequate Assurance Packages, as that term is identified in the Servicing Sale Motion, should be available for review by the other parties to the servicing contracts proposed to be assumed and assigned, including but not limited to DBNTC, so that those parties can provide the Debtors and others with their views regarding the ability of such bidders to satisfy the statutory requirement that assumption and assignment of the executory contracts be conditioned upon that bidder's ability to provide adequate assurance of future performance of the relevant executory contract. At a minimum, the Adequate Assurance Package should contain the following:

a. financial statements of the bidder and any entities which the bidder intends to involve in the performance of the assumed contracts (the "Bid Parties").

b. a resume of current servicing experience, including (a) a list of current mortgage backed securities transactions for which the Bid Parties act as servicer or master servicer, categorizing such transactions as "prime", "subprime" or "Alt-A" and (b) a description of the Bid Parties' special servicing and loss mitigation capabilities with respect to non-performing mortgages.

    c.   a list of states where the Bid Parties are licensed to service mortgages and any pending regulatory actions or material litigation affecting the licensed activities.

    d.  whether the Bid Parties are qualified as a Freddie Mac and/or Fannie Mae servicer.

    e.  the servicer rating(s) assigned to the Bid Parties by any nationally recognized rating agencies maintaining such ratings.

    f.  copies of any reports concerning the Bid Parties' servicing activities issued under the Uniform Single Attestation Program (USAP) or in connection with compliance with SEC Regulation AB.

<u>DBNTC should be able to attend the auction</u>

6.    As currently proposed, only certain parties may attend the Auction as that term is defined in the Servicing Sale Motion.  In light of the number of servicing contracts between the Debtors and DBNTC, DBNTC believes that it should be able to attend the auction, whether or not it then serves on the Official Committee of Unsecured Creditors.  DBNTC believes that the Debtors have agreed to DBNTC's attendance, but note this because the proposed order as of this writing does not so provide.

## **Conclusion**

For the reasons set forth above, DBNTC respectfully requests that the Bidding Procedures only be approved after DBNTC has been provided with the Schedules to the Asset Purchase Agreement and then only with the refinements identified above.

Dated:  April 11, 2007                                              PEPPER HAMILTON, LLP


                                                                                    /s/ David B. Stratton
                                                                                David B. Stratton (No. 960)
                                                                                Hercules Plaza, Suite 5100
                                                                                1313 Market Street
                                                                                P.O. Box 1709
                                                                                Wilmington, DE 19899-1709
                                                                                Telephone:  (302) 777-6500
                                                                                Facsimile: (302) 421-8390

                                                                                -and-

                                                                                Mark N. Berman
                                                                                Nixon Peabody LLP
                                                                                100 Summer Street
                                                                                Boston, MA  02110
                                                                                Telephone:  (617) 345-1000
                                                                                Facsimile:  (617) 345-1300

                                                                                -and-

                                                                                Dennis Drebsky
                                                                                Nixon Peabody LLP
                                                                                437  Madison Avenue
                                                                                New York, NY  10022
                                                                                Telephone:  (212) 940-3000
                                                                                Facsimile:  (212) 940-3111

                                                                                *Counsel to Deutsche Bank National Trust Company*