IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | |
| INC. a Delaware corporation, et al., [1] | : | Case No. 07-10416 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date:      April 12, 2007 at 3:00 p.m.** |
| | : | **Objection Deadline:  April 11, 2007** |
| | : | |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE [DOC. NO. 10]

The Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.* (the "*Debtors*"), by its proposed co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby files this limited objection (the "*Objection*") to the *Motion of Debtors and Debtors in Possession for an Order Authorizing the Debtors to Pay Prepetition Wages, Compensation and Employee Benefits Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code* [Doc. No. 10] (the "*Motion*"), and respectfully states as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com,Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## BACKGROUND

1.      On April 2, 2007 (the "*Petition Date*"), the Debtors commenced with this Court their voluntary cases (the "*Cases*") under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*").

2.      On the Petition Date, the Debtors also filed the instant Motion, by which the Debtors propose to pay to Employees[2] (including furloughed and/or terminated employees), *inter alia*, (i) prepetition wages, compensation and employee benefits in excess of the $10,950 priority limit imposed by section 507(a)(4) of the Bankruptcy Code, as may be necessary to pay such prepetition obligations in full; and (ii) at least $7.34 million pursuant to the Retention Plans.

3.      On April 3, 2007, the Court entered an order granting, on an interim basis, certain relief sought in the Motion. A final hearing (the "*Hearing*") on the Motion has been scheduled for April 12, 2007.

4.      On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors (the "*Committee*").[3]

5.      Thereafter, the Committee selected Hahn & Hessen LLP and Blank Rome LLP to serve as co-counsel to the Committee.

## LIMITED OBJECTION

### A.      The Hearing with Respect to Payments Made Under the Proposed Incentive and Retention Plans Should Be Adjourned

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] The Committee presently consists of the following members: Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc. Maguire Properties – Park Place, LLC.

6.     At this time, the Committee lacks the information necessary for it to properly respond to the Motion with respect to the proposed Incentive and Retention Plans. The relief requested in connection therewith is premised on the Debtors' ability to successfully sell their loan origination platform and create positive value for the estate. However, the Committee, given its recent appointment, has had little time to evaluate the Debtors' ability to successfully sell their loan origination platform or its underlying business judgment in seeking authorization to make these proposed payments.

7.     While the Committee has requested that the Debtors and/or their financial advisors provide this information to the Committee, and the Debtors have provided much of the information requested, at this time, neither the Committee nor its financial advisors have been able to sufficiently evaluate the merits of the Motion. Without a clear understanding of the Debtors' ability to successfully sell their loan origination platform for positive value for the estate and a better understanding of certain provisions of the Incentive and Retention Plans, the Committee and the Court lack the information needed to determine whether the relief requested with respect to the Incentive and Retention Plans is appropriate under the circumstances.

8.     Accordingly, the Committee requests that the Court adjourn the Hearing with respect to the Incentive and Retention Plans until such time as may be necessary to provide the Committee and the Court with the opportunity to properly review these plans and the proposed payments thereunder.[4]

9.     The Committee also is concerned about the appropriateness of making payments to Employees in excess of the statutory cap provided for in section 507(a)(4) of the Bankruptcy Code. Before the Committee can authorize such an extraordinary expenditure, the Committee

---

[4] A delay will not prejudice the estates since the March 2007 Retention Payments, if approved by the Court, are not scheduled to be paid until April 20, 2007 (an initial 50%) and April 30, 2007 (the final 50%).

3

must be convinced that it will provide an overall benefit to the Debtors' estate. The Committee

and its advisors continue to explore this with the Debtors and their professionals.

    **WHEREFORE**, the Committee respectfully requests that the Court adjourn the Hearing,

and extend the Interim Order until further hearing on the Motion and grant any such other relief

as the Court deems just and proper.

Dated:  Wilmington, Delaware
       April 11, 2007

**BLANK ROME LLP**

Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and-

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Jeffrey L. Schwartz, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Proposed Co-Counsel for The Official Committee,
of Unsecured Creditors of New Century TRS
Holdings, Inc., et al.*