UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS,<br>  INC., a Delaware corporation, *et al.*,[1] | : |  |
|  |  | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ORDER SHORTENING NOTICE AND OBJECTION PERIODS FOR DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF (I) SALE-RELATED INCENTIVE PAY TO SENIOR MANAGEMENT AND (II) RETENTION AND INCENTIVE PAY TO CERTAIN EMPLOYEES PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c) OF THE BANKRUPTCY CODE
<u>(DOCKET ENTRY # 189)</u>**

In support of her objection to the Debtors' motion for an order shortening notice and objection periods (the "Motion to Shorten") for the Debtors' emergency motion for order authorizing payment of (I) sale-related incentive pay to senior management and (II) retention of incentive pay to certain employees pursuant to sections 105(a), 363(b)(1) and 503(c) (the "EIP/KEIRP Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1.      Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion to Shorten.

2.      Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion to Shorten and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.      A motion for shortened notice under Del. Bankr. L.R. 9006-1(e) must specify the exigencies justifying shortened notice. In Paragraph 3 of the Motion to Shorten, the Debtors state:

> The Debtors believe it is crucial that the Court shorten the notice and objection periods for the Underlying Motion as the EIP and the KEIRP are essential to the Debtors' ability to maximize returns to creditors. Maintaining the value of the estates and ensuring the continued availability of a motivated and focused workforce is especially critical during this vital transition period when the Debtors are seeking to proceed with the Carrington and Greenwich transactions and solicit bids for the Debtors' remaining assets. By properly rewarding the participants of the Plans for their substantially increased responsibilities and burdens during this turbulent process, the Debtors can ensure that they will remain diligent and focused in their objective of maximizing the value of the estate. Accordingly, the sooner the Underlying Motion is granted, the sooner the Debtors' [sic] can secure the extraordinary effort necessary achieve [sic] the

       best return for their creditors.  Thus, expedited review of the Underlying Motion is warranted.

5.      Simply put, the Debtors' analysis can be reduced to the following statement: we need to have the EIP/KEIRP Motion heard on April 24 because there is an unsubstantiated risk that our employees may become distracted.  This analysis does not justify expedited review of the EIP/KEIRP Motion.  Given that the Debtors are no longer originating mortgage loans, the employees who stand to benefit the most from the EIP/KEIRP Motion should have substantially-reduced duties and, accordingly, there is no trade-off between their attention to ordinary-course operations and the activity in these bankruptcy cases.  Rather, the compelling interest that the U.S. Trustee and other parties in interest have in conducting a thorough review of the Debtors' proposal to commit substantial amounts of estate property to employees in these liquidating cases should be the paramount consideration in scheduling the EIP/KEIRP Motion for hearing.  The Motion to Shorten should be denied.

**[Continued on next page – space intentionally left blank]**

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that the Debtors' Motion to Shorten be denied.

       Respectfully submitted,

       **KELLY BEAUDIN STAPLETON**
       **UNITED STATES TRUSTEE**


       BY:  /s/ Joseph J. McMahon, Jr.
           Joseph J. McMahon, Jr., Esquire (# 4819)
           Trial Attorney
           United States Department of Justice
           Office of the United States Trustee
           J. Caleb Boggs Federal Building
           844 King Street, Room 2207, Lockbox 35
           Wilmington, DE  19801
           (302) 573-6491
           (302) 573-6497 (Fax)

Date:  April 12, 2007

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | | |
| INC., a Delaware corporation, *et al.*, | : | |
| | | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

**Related to Docket Entry # 189**

**ORDER DENYING THE DEBTORS' MOTION FOR ORDER SHORTENING NOTICE AND OBJECTION PERIODS FOR DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF (I) SALE-RELATED INCENTIVE PAY TO SENIOR MANAGEMENT AND (II) RETENTION AND INCENTIVE PAY TO CERTAIN EMPLOYEES PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c) OF THE BANKRUPTCY CODE**

After considering the Debtors' motion for an order shortening the notice and objection periods for the Debtors' emergency motion for order authorizing payment of (I) sale-related incentive pay to senior management and (II) retention of incentive pay to certain employees pursuant to sections 105(a), 363(b)(1) and 503(c) (the "Motion") (and any responses to the Motion, including the U.S. Trustee's objection), it is ORDERED that the Motion is DENIED.

**BY THE COURT:**

**The Honorable Kevin J. Carey**
**United States Bankruptcy Judge**

**Date: April \_\_\_\_\_, 2007**