**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket No. 25** |
| | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH AUCTION OF CERTAIN ASSETS, (B) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF CERTAIN ASSETS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Emergency Motion for (i) an Order (a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief (the "Bidding Procedures

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); after due deliberation and sufficient cause appearing, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over the Bidding Procedures Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Bidding Procedures Motion has been given and no further notice is required.

C. The Bidding Procedures, substantially in the form annexed hereto as Exhibit A, are fair, reasonable and appropriate and are designed to maximize the recovery of the Purchased Assets.

D. The Debtors have demonstrated that the payment of the Break-Up Fee to Greenwich Capital Financial Products, Inc. (the "Purchaser" or "Stalking Horse Bidder"), as set forth in the Bidding Procedures Motion and the Asset Purchase Agreement with Purchaser (the "APA"), is supported by a compelling and sound business justification and is in the best interests of the Debtors and their respective estates pursuant to section 363 of the Bankruptcy Code because, among other things:

---

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the APA.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

(i) the break-up fee in the amount of $945,000 (the "Break-Up Fee") is the product of arm's-length, good-faith negotiations among the Selling Debtors and Purchaser;

(ii) the Break-Up Fee is a material component of, and condition to, the Purchaser's offer for the Purchased Assets;

(iii) approval of the Break-Up Fee will encourage fair and competitive bidding by enabling the Debtors to file and serve notice of a motion to approve the sale of the Purchased Assets to Purchaser and thereby to set a floor on bidding while subjecting Purchaser's offer to a competitive bidding process through the auction process; and

(iv) the amount of the Break-Up Fee is fair and reasonable under the circumstances because it is equal to 2.0% of the anticipated sale price for the Purchased Assets.

E. The Debtors' proposed notice of the Sale, Sale Hearing, Auction, and Bidding Procedures as set forth in the Sale Notice attached hereto as Exhibit B (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, Auction, and Bidding Procedures.

F. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders; and it is therefore

**ORDERED THAT:**

1. The Bidding Procedures Motion is approved on the terms set forth herein.

3

RLF1-3134250-4

2. All objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit A</u>, are approved in all respects. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The Bid Deadline upon which date and time all Qualified Bids must be submitted as set forth in the Bidding Procedures is 5:00 p.m. (Prevailing Eastern Time) on April 30, 2007.

5. If a Qualifying Bid is received other than the APA, the Debtors shall conduct an Auction for the Purchased Assets in accordance with the Bidding Procedures. The Auction shall take place at 10:00 a.m. (Prevailing Eastern Time) on May 2, 2007, at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or at such other time, date or place as may be designated by the Debtors. Only parties submitting Qualified Bids and their advisors, and representatives of the Official Committee of Unsecured Creditors, are entitled to attend the Auction.

6. The APA is a Qualified Bid and Purchaser is a Qualified Bidder for all purposes.

### **<u>Break-Up Fee</u>**

7. In consideration of the Purchaser's entry into the APA and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides Sellers in seeking to sell the Purchased Assets for the highest and best

offer at the Auction, Sellers agree that Sellers shall pay the Purchaser the Break-Up Fee in cash by Sellers to Purchaser if and when Sellers consummate a sale of all or a material portion of the Purchased Assets with a third party other than Purchaser. Subject to any limitations provided in the DIP financing order, the Break-Up Fee shall be paid as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Break-Up Fee shall survive termination of the APA and entry of the Bidding Procedures Order by the Bankruptcy Court.

8. The Debtors are authorized to take all necessary actions pursuant to the terms of the APA and Bidding Procedures to pay the Break-Up Fee to Purchaser should it become due and payable, and are authorized to pay such Break-Up Fee without further Order of the Court.

9. Solely for the purposes of determining a Successful Bid, any overbid submitted by Purchaser shall be deemed to include the full amount of the Break-Up Fee potentially payable by the Debtors.

10. The following provisions of the APA regarding payments to Purchaser, are approved and the Debtors are authorized and directed to perform thereunder as applicable: (i) the entirety of Article 9, entitled "Termination" and (ii) Section 9.2 entitled "Break-Up Fee."

### The Sale Hearing and Notice Thereof

11. The Sale Hearing to approve the Successful Bid shall be held before this Court at 10:00 a.m. (Prevailing Eastern Time), on May 7, 2007, or such other date and time as may be convenient to the Court, or as may be announced at the Sale Hearing without further notice.

RLF1-3134250-4

12. The form of the notice of the Sale Hearing attached hereto as <u>Exhibit B</u> (the "<u>Sale Notice</u>") is approved in all respects. The Debtors shall serve the Sale Notice by first class mail, postage prepaid, no later than two days after entry of this Order to: (i) all parties known or reasonably believed to have asserted a Lien in the Purchased Assets; (ii) all state or federal governmental agencies having jurisdiction over the Purchased Assets; (iii) relevant entities that have issued a license or permit to the Selling Debtors; and (iv) all creditors of the Selling Debtors listed on the master mailing matrix.

13. The Debtors shall serve this Order (including the attached Bidding Procedures), the Sale Motion (including the APA) and the Sale Notice (attached as Exhibit B hereto) by first class mail, postage prepaid, no later than two days after entry of this Order, to the Contact Parties (as defined in the Sale Motion) and other parties in interest and prospects that have or may be identified as potential bidders for the Purchased Assets.

14. The Debtors shall publish the Sale Notice once in the national edition of the <u>Wall Street Journal</u> as soon as practicable after entry of this Order.

15. Objections, if any, to the sale of the Purchased Assets shall be filed on or before May 2, 2007 at 4:00 p.m. (Prevailing Eastern Time) with a courtesy copy to the Court and served on (i) counsel to the Debtors, O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, California 94111, Attention: Suzzanne Uhland, Esq. and O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071, Attention: Ben H. Logan, Esq.; (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551 Wilmington, Delaware 19899, Attention Mark D. Collins, Esq.; (iii) counsel to the Purchaser, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017, Attention: Bennett L. Spiegel and Shirley S. Cho and Pachulski Stang Ziehl Young Jones & Weintraub, 919

North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attention: Laura Davis Jones, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, Hahn and Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attention: Bonnie G. Fatell, Esq.; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801. Only those objections that are timely filed, served and received will be considered by the Court at the Sale Hearing.

### **Miscellaneous**

16.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

17.  Notwithstanding the possible applicability of Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: April 12, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1-3134250-4