IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | |
| | Re: Docket Nos. 10 and 50 |

## FINAL ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE

The matter having come before the Court on the Motion of the Debtors and Debtors in Possession for an Order Authorizing the Debtors to Pay Prepetition Wages, Compensation and Employee Benefits Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been sufficient under the circumstances and no other further notice is required, (d) the Court having held a hearing on the Motion, (e) the Court having entered an order granting interim relief with

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

respect to the Motion, and (f) capitalized terms not otherwise defined herein have the meaning given to them in the Motion; and the Court having considered the Declarations of Monika McCarthy and Holly Etlin in Support of Chapter 11 Petitions and First-Day Relief; and the Court having determined that the legal and factual bases set forth in the Motion established just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. ~~The Debtors are authorized, but not obligated or directed, to honor and pay all of the Employee Obligations, Employee Deductions and Employee Expenses (as defined in the Motion), including without limitation prepetition wages, compensation, including Incentive Plans and Retention Plans, vacation not subject to a cap other than with respect to Insiders (as defined in the Bankruptcy Code), and employee benefits and any other obligations as set forth in the Motion, on an unaccelerated basis and in a manner consistent with the Debtors' prepetition business practices and policies, or on a modified basis as set forth in the Motion in an aggregate amount not to exceed $_____ absent further court approval.~~

3. The Debtors are authorized, but not obligated or directed, to honor and pay vacation not subject to a cap other than with respect to ~~Insiders (as defined in the Bankruptcy Code).~~ the Chief Executive Officer and the 7 members of the Executive Management Committee.

4. The Debtors are authorized, but not obligated or directed, to continue to honor ~~and~~ and pay ~~and maintain~~ all of their employee compensation under the Retention Plans payable in April, 2007, with the exception of persons holding the title of Senior Vice President or a higher rank, ~~provid~~ which relief is denied without prejudice; provided that the Debtors shall obtain a release from the affected employee prior to or contemporaneous with

RLF1-3137972-1

5. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under section 365 of the Bankruptcy Code or otherwise, including without limitation any employment or insurance agreement to which the Debtors are party.

*[Handwritten margin annotations:]* such payment, which release shall ~~confirm~~ release compensation related claims of such employee. Any payments made hereunder shall be applied against such employees priority wage claims in the first instance.

6. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this ~~Order~~.

dated: April 12, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3137972-1