```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE

IN RE:                          )  Case No. 07-10416-KJC
                                )  Chapter 11
NEW CENTURY TRS HOLDINGS INC.,  )
                                )  Courtroom No. 5
                                )  824 Market Street
               Debtor.          )  Wilmington, Delaware 19801
                                )
                                )  April 5, 2007
                                )  10:02 A.M.

         TRANSCRIPT OF TELEPHONIC CONFERENCE CALL
            BEFORE HONORABLE KEVIN J. CAREY
             UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:         Richards Layton & Finger, PA
                         By:  MICHAEL MERCHANT, ESQ.
                         One Rodney Square, P.O. Box 551
                         Wilmington, Delaware 19899

                         O'Melveny & Myers LLP
                         By:  BEN LOGAN, ESQ.
                         400 South Hope Street
                         Los Angeles, California 90071

For Credit Suisse        Young Conaway Stargatt & Taylor
First Boston, et al:     By:  MICHAEL NESTOR, ESQ.
                         The Brandywine Building
                         1000 West Street, 17th Floor
                         Wilmington, Delaware 19899-0391

                         Chadbourne & Park, LLP
                         By: DOUGLAS E. DEUTSCHE, ESQ.
                         30 Rockefeller Plaza
                         New York, New York 10112

ECRO:                    Brandon McCarthy

       Proceedings recorded by electronic sound recording,
          transcript produced by transcription service.
```

---

# TRANSCRIPTS PLUS
**435 Riverview Circle, New Hope, Pennsylvania 18938**
e-mail <u>CourtTranscripts@aol.com</u>

**215-862-1115    (FAX) 215-862-6639**

**Appearances:**
**(Continued)**

| | |
|---|---|
| **For Morgan Stanley:** | **Morris Nichols Arsht & Tunnell**<br>**By:   GREGORY W. WERKHEISER, ESQ.**<br>**1201 North Market Street**<br>**P.O. Box 1347**<br>**Wilmington, Delaware 19899-1347**<br><br>**Milbank, Tweed, Hadley & McCloy**<br>**By:   WILBER FOSTER, ESQ.**<br>**1 Chase Manhattan Plaza**<br>**New York, New York 10005-1413** |
| **For Bank of America:** | **Potter Anderson & Corroon, LLP**<br>**By: LAURIE SELBER SILVERSTEIN, ESQ.**<br>**Hercules Plaza, P.O. Box 951**<br>**1313 N. Market Street**<br>**Wilmington, Delaware 19899-0951**<br><br>**Kaye Scholer**<br>**By:   MARGO SCHONHOLTZ, ESQ.**<br>**425 Park Avenue**<br>**New York, New York 10022-3598** |
| **For Deutsche Bank Structured Products:** | **Bingham McCutchen LLP**<br>**By:   ANDREW GALLO, ESQ.**<br>**One State Street**<br>**Hartford, Connecticut 06103-3178** |
| **For Residential Funding Company:** | **Buchanan Ingersoll & Rooney PC**<br>**By:   MARY CALOWAY, ESQ.**<br>**The Brandywine Building**<br>**1000 West Street, Suite 1410**<br>**Wilmington, Delaware 19801** |
| **For Carrington Mortgage:** | **Klehr Harrison Harvey Branzburg & Ellers**<br>**By:   STEVEN K. KORTANEK, ESQ.**<br>**919 Market Street, Suite 1000**<br>**Wilmington, Delaware 19801** |
| **For Dow Jones News Wires:** | **Dow Jones News Wires**<br>**By:   PEG BRICKLEY, ESQ.** |

**Appearances:**
**(Continued)**

| | |
|---|---|
| **For Wells Fargo Bank:** | Kelley Drye & Warren LLP<br>By:  JOEL RUBLIN, ESQ.<br>101 Park Avenue<br>New York, New York 10178 |
| **For Greenwich Capital Financial:** | Pachulski Stang Ziehl Young Jones & Weintraub<br>By:  LAURA DAVIS JONES, ESQ.<br>919 North Market Street, 16th Fl.<br>Post Office Box 8705<br>Wilmington, Delaware 19899-8705<br><br>Kirkland & Ellis<br>By:  SHIRLEY CHO, ESQ.<br>     BENNETT SPIEGEL, ESQ.<br>200 East Randolph Drive<br>Chicago, Illinois 60601 |
| **For the U.S. Trustee:** | Office of the U.S. Trustee<br>By:  JOSEPH J. McMAHON, JR., ESQ.<br>844 King Street<br>Wilmington, Delaware 19899 |
| **For UBS Real Estate Securities, Inc.:** | Paul Hastings Janofsky & Walker<br>By:  RICHARD CHESLEY, ESQ.<br>     KIMBERLY NEWMARCH, ESQ.<br>191 N. Wacker Drive<br>30th Floor<br>Chicago, Illinois |
| **For Safeco Financial Financial Institution Solutions, Inc.:** | Jorden Burt LLP<br>By:  RAUL CUERVO, ESQ.<br>     FRANK G. BURT, ESQ.<br>Suite 400 East<br>1025 Thomas Jefferson Street, N.W.,<br>Washington, D.C. 20007-0805<br><br>Ashby & Geddes<br>By:  WILLIAM P. BOWDEN, ESQ.<br>     DON BESKRONE, ESQ.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19801 |

**Appearances:**
 **(continued)**

**For Kodiak Funding, LP:**        **Winston & Strawn, LLP**
                                   **By: DAVID W. WIRT, ESQ.**
                                   **35 West Wacker Drive**
                                   **Chicago, Illinois 60601**

1        **THE COURT:  Good morning, this is Judge Carey.  We're**
2   **on the record in New Century.**
3        **This telephone conference has been put together to**
4   **resolve what I've been informed is a dispute concerning one of**
5   **the provisions of the proposed DIP order.**
6        **I've received and reviewed Mr. McMahon's e-mail**
7   **describing the U.S. Trustee's remaining objection and the**
8   **proposed order that's been submitted under certification of**
9   **counsel.**
10       **Let me start by saying, has the matter been resolved?**
11       **MR. McMAHON:  Your Honor, this is Joseph McMahon for**
12  **the Office of the United States Trustee.  And with me in my**
13  **office is Linda Logan, Regional Bankruptcy Analyst, and a non-**
14  **attorney with our office.**
15       **Your Honor, the matter has not been resolved.**
16       **THE COURT:  All right.  Let me -- normally I'd give**
17  **counsel an opportunity to argue.  But if there's nothing new in**
18  **the way of developments, let me tell you what I think based**
19  **upon the submissions and my recollection of what happened two**
20  **days ago.**
21       **I did not sustain the U.S. Trustee's objection to**
22  **this provision.**
23       **The U.S. Trustee is right, I did express reservations**
24  **about it as is the expense -- the breadth of the expense**
25  **reimbursement provision that runs in favor of the lender here,**

1  who's also to be the stalking horse bidder, as well as the
2  indemnification provision.
3       The debtor stood firm in its request for this part of
4  the relief, as well, based upon what the lender had expressed
5  to the debtor.
6       The debtor further argued, among other things, and in
7  light of the fees being charged for this particular financing,
8  that even if you considered this a part of the financing fee,
9  it still fell within a range that was reasonable.  And I tend
10 to agree with that.
11      Now, that having been said, I will -- let me repeat
12 something, and maybe expand a little bit on something that I
13 explained to the parties during that hearing.  And that is I
14 will take this factor into account when it comes to the
15 upcoming bidding procedures hearing.
16      And I did say to the parties that -- to the debtor
17 particularly that it would be best if, despite what the debtor
18 said to me, it would make all attempts to quantify that which
19 is related to DIP expense, and that which is related to sale
20 expense.
21      I will take that into account in determining whether
22 to approve the breakup fee that's been proposed.
23      Frankly, I think in the time between now and the
24 bidding procedures hearing, the debtor and the lender and
25 others concerned would be best served by trying to continue to

1 work with this issue.

2 And I say that for the following reason, and I'll --
3 I'll use a recent illustration.  Within the last couple of
4 weeks, I had occasion to consider approval of certain bidding
5 procedures with a breakup fee concerning a lender who was
6 otherwise also involved in other facets of the case.  And after
7 applying the O'Brien standard, I declined to approve the
8 breakup fee.

9 After which, the lender threatened to walk.  And, in
10 fact, informed the Court and the debtor that it would do so.

11 The debtor then threatened to convert the case, and
12 informed the Court that it intended to do so under the
13 circumstances because it was then without financing.

14 Well, fortunately the parties saw the better side of
15 reason and made the appropriate arrangement for finding a way
16 to move forward, which was palatable to the Court.

17 I tell you that only to emphasize something that I
18 did say at the first day hearings, and that is I will apply the
19 standard for the request for bidding procedures, and
20 particularly the breakup fee in accordance with applicable law
21 and precedent.  And the consequences will fall as they may, and
22 the Court's prepared to deal with that.

23 But beyond that,  I say no more unless there's other
24 -- something else we need to discuss or unless any party would
25 care to be heard further on this subject.

1  **MR. McMAHON:  Your Honor, Joe McMahon for the United**
2  **States Trustee.**
3  **Thank you for your clarification.  We do not wish to**
4  **be heard further.**
5  **MR. LOGAN:  Your Honor --**
6  **THE COURT:  Anyone else?**
7  **MR. LOGAN:  -- Ben Logan of O'Melveny and Myers on**
8  **behalf of the debtors.**
9  **No.  Again, thank you, and I have nothing further to**
10 **say.**
11 **THE COURT:  Okay.  Then --**
12 **MR. RUBLIN:  Your Honor, Joel Rublin at Kelley Drye.**
13 **I'd like to introduce myself, if I could.**
14 **We represent Wells Fargo as indenture trustee on two**
15 **ventures.  I have with me Tom Corzman (phonetic) from Wells**
16 **Fargo.**
17 **And, Your Honor, we noticed the certification of**
18 **counsel, of course, on the docket late yesterday.  And we**
19 **have, for whatever reason, not received prior notice, that I'm**
20 **aware of.  I know the amount of debt outstanding on our**
21 **unsecured debt aggregates 85 million.  And we -- we know this**
22 **order has already moved very far forward to the point of a**
23 **certification of counsel and statements that all counsel have**
24 **been consulted and signed off.  But, in fact, we had no input**
25 **into this order.**

1       And we'd like to essentially convey the point that
2  we're aware that there is a beneficial holder.  And I believe
3  counsel is -- at Winston and Strawn is also on this call -- may
4  have an interest in this order, as well.
5       MR. WIRT:  Your Honor, good morning.  David Wirt,
6  with the law firm of Winston and Strawn, counsel for Kodiak
7  Funding, LP, the beneficial holder that Mr. -- Joel referred
8  to.
9       MR. RUBLIN:  So, I think the big picture point that
10 we'd like to raise at this juncture is we know that a committee
11 is presumably being formed next Monday.  And we think that
12 certainly the committee should have final say on the form of
13 the order.  Everything being granted today should be done on an
14 interim basis so that we have an opportunity to take a look at
15 the implications here and really a chance to weigh in, so to
16 speak.  Because at this point, we really haven't had a chance
17 to evaluate what's -- you know, even -- even the fundamental
18 economic premise of what the debtor is saying has not been the
19 subject of really any kind of dialogue, at least as far as
20 we've had the input.
21      THE COURT:  All right.  Any --
22      MR. LOGAN:  Your Honor, Ben Logan.  If I -- if I
23 might?
24      THE COURT:  Go ahead.
25      MR. LOGAN:  $85 million is large in an absolute

1  sense.  Relative to this case, it's actually not a particularly
2  large claim.
3        Obviously the Court was quite clear, and as I think
4  we all understood, this is an interim order.  We did deal
5  extensive at the hearing two days ago about whether or not the
6  Court should away the formation of a Creditors' Committee, and
7  I'm not going to repeat the argument on that.
8        If Kodiak or Wells Fargo becomes a member of the
9  Creditors' Committee, we welcome the opportunity to work with
10 them.
11       **THE COURT:**  Very well.  Anyone else care to be heard?
12              (No audible response heard)
13       **THE COURT:**  Okay.  Then I am going to sign the order
14 that was submitted under certification.  I have reviewed the
15 black line of it, and have no questions.
16       I also wanted to just address briefly.  The fact that
17 we have received and reviewed the debtor's motion for an order
18 shortening notice in connection with its Carrington motion.
19 And consistent with what we had discussed at the first day
20 hearings, I am going to sign the order granting that relief and
21 setting the bidding procedures hearing on that proposed sale
22 for April 12th, 2007 at three o'clock P.M., again consistent
23 with the time that had been discussed at the hearing.
24       Does anyone care to be heard on that?
25              (No audible response heard)

1      **THE COURT:  Okay.  I hear no response.  Anything**
2  **further for today, Counsel?**
3      **MR. MERCHANT:  Your Honor, this is Mike Merchant,**
4  **Delaware counsel to the debtors.**
5      **I think the only open issue on the DIP order is in**
6  **Paragraph 37 regarding the timing of the final hearing and the**
7  **objection deadline.  I believe it was discussed in court the**
8  **other day that the final hearing would be at the omnibus date**
9  **scheduled for the 24th, but I don't think an objection deadline**
10 **has been set.**
11     **THE COURT:  Okay.  Well, normally we'd look for five**
12 **days, I think prior to the hearing.  Is there any reason that**
13 **we should not do that in connection with this matter?**
14     **MR. MERCHANT:  I -- I think that's fine by us, Your**
15 **Honor.**
16     **THE COURT:  Okay.  Let me fill in the blanks in**
17 **Paragraph 37.**
18                      **(Pause)**
19     **THE COURT:  Hearing time is 2:30 P.M. on the 24th.**
20 **Objections will be then due on the 19th of April.**
21     **MR. MERCHANT:  Thank you, Your Honor.**
22     **THE COURT:  You're welcome.  Anything further for**
23 **today, Counsel?**
24              **(No audible response heard)**
25     **THE COURT:  I hear no response.  All right.  Thank**

1 you, all.
2         MULTIPLE SPEAKERS:  Thank you, Your Honor.
3         THE COURT:  That concludes this hearing.  Court is
4 adjourned.
5         (Proceedings Adjourn at 10:13 A.M.)
6
7
8                **C E R T I F I C A T I O N**
9
10        I, Karen Hartmann, certify that the foregoing is a
11 correct transcript to the best of my ability, from the
12 electronic sound recording of the proceedings in the above-
13 entitled matter.
14
15  /s/  *Karen Hartmann*                Date:  April 11, 2007
16 TRANSCRIPTS PLUS
17
18
19
20
21
22
23
24