IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

## EMERGENCY MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER SHORTENING NOTICE PERIOD AND APPROVING THE FORM AND MANNER OF NOTICE

New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, New Century Financial Corporation ("NCF"), a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the Court for an order, pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court District of Delaware (the "Local Rules"), (i) approving the form and manner of notice of the Access Motion (defined below) and (ii) scheduling a hearing on the Access Motion for April 24,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2007, at 2:30 p.m. In further support of this Motion, the Debtors respectfully represent as follows:

### I.   The Debtors' Access Motion Seeks Immediate Necessary Relief

1.   Today, the Debtors have filed their Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order Authorizing the Access Sale and Granting Related Relief (the "Access Motion"). A copy of the Access Motion (without exhibits) is attached hereto as Exhibit A. As more fully described therein, the Debtors have moved the Court for an order authorizing New Century TRS to cause a non-debtor wholly-owned subsidiary to enter into and to perform under that certain Asset Purchase Agreement (the "APA") by and among New Century Warehouse Corporation, a California Corporation ("New Century Warehouse" or the "Seller"), a wholly-owned non-debtor subsidiary of New Century TRS, and Access Holdings Corporation, a Texas Corporation ("Access Holdings" or the "Buyer"), pursuant to Sections 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rules 2002 and 6004.[2]

2.   As this Motion is filed in connection with the Access Motion, in the interest of judicial economy and efficiency the Debtors refer to and incorporate herein the background facts contained in the Access Motion. In brief, in December 2005, New Century Warehouse, a shell company wholly owned by New Century TRS, entered in an agreement to acquire substantially all of the assets of Access Lending Corporation, a Texas corporation ("Access Lending"). Access Lending was in the business of financing residential mortgage loans

---

[2] The Debtors' discussion herein of the Access Sale is qualified in its entirety by the Debtors' Access Motion and the documents and information disclosed therewith. Terms not otherwise defined herein shall have the meaning accorded to such terms in the Access Motion.

2

originated by a network of loan brokers and smaller financial institutions. Access Lending provided financing to these loan originators used to fund the loans provided to customers. Access Lending, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities"). Since this acquisition, New Century Warehouse has operated largely independently of the Debtors. However, the Debtors' financial difficulties triggered cross-defaults under New Century Warehouse's Warehouse Loan Agreements.

    3.  One of these Warehouse Lenders, Goldman Sachs Mortgage Corporation ("Goldman") declared an event of default under a Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access Lending Warehouse Loan Agreement"). New Century Warehouse's other Warehouse Lenders were willing to work with it. New Century Warehouse has entered into the forbearance agreements[3] (the "Forbearance Agreements") with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These forbearance agreements have allowed New Century Warehouse to continue to operate. However, they expire on April 23, 2007. If State Street and Guaranty Bank exercise their remedies, it is likely that there will be no value for any other creditors or shareholders in New Century Warehouse. Moreover, the employees of New Century Warehouse would be likely to quit and New Century Warehouse cease functioning as an operating business.

---

[3] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

4.       Fortunately, New Century Warehouse has reached an agreement to sell substantially all of its assets as a going concern (the "Sale Transaction") and has reached an accommodation with State Street and Guaranty Bank. As the Sale Transaction involves non-debtor parties, the Debtors do not believe that approval of the Sale Transaction is required. However, in an abundance of caution, the Debtors have moved the Court for the relief requested in the Access Motion.

5.       Significantly for purposes of this Motion, the Forbearance Agreements currently are set to expire on April 23, 2007. Additionally, any additional delay in the closing under the APA could cause significant harm to Access Lending's ability to maintain its employees and customers, which in turn will diminish the ability to achieve full realization on the liquidation of the Loans. Moreover, in regards to the forbearance deadline, the Debtors hope that the relevant Warehouse Lenders may be willing to further extend the deadline under the Forbearance Agreements after the filing of the Access Motion and the setting of hearing thereon. Accordingly, the Debtors ask that the Court set hearing on the Access Motion for April 24, 2007.

## II.    The Court Should Consider the Access Motion at a Hearing on April 24, 2007

6.       In short, the Debtors believe that the Sale Transaction offers the best opportunity for the Debtors (among other things) to maximize their potential recovery on the Loans and benefit from the release of guaranty as against NCF as provided in the APA. However, in order for the Debtors to maximize the value of their estates, the Debtors require the Court to consider the Access Motion as soon as possible.

7.       Local Rule 9006-1(c) requires that all motion papers shall be filed and served at least fifteen (15) days prior to a hearing date scheduled for such motion, and eighteen

4

(18) days if notice is given by mail, unless the Bankruptcy Rules state otherwise. Bankruptcy Rule 2002(a) requires that parties in interest shall receive twenty days' notice of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business. The Debtors respectfully submit, however, that for the reasons discussed herein the Court's consideration of the Access Motion at a hearing scheduled on April 24, 2007 (the "Hearing"), is reasonable and appropriate under the circumstances. Moreover, the Debtors intend to serve the Access Motion today upon: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich and CIT, the Debtors' post-petition senior secured lenders; (3) counsel to the Official Committee of General Unsecured Creditors; (4) all persons or entities known to the Debtors that have asserted a Lien on, or security interest in all or any portion of the Debtors' assets, as revealed by relevant Uniform Commercial Code searches in California and Delaware; (5) the Securities and Exchange Commission; (6) the United States Department of Justice; and (7) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules.

        8. Local Rule 9006-1(c) also requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least five (5) business days before the hearing date. The Debtors hereby request approval of an objection deadline for any party to submit a written objection to the Access Motion of no later than 4:00 p.m. on April 23, 2007. Due to the emergency nature of the Debtors' need for the Court to consider the Access Motion, the Debtors believe that this objection deadline will afford interested parties sufficient time to consider and appropriately respond to the Access Motion while affording the Court and the Debtors time to review and consider any objections filed with respect thereto. Accordingly,

the Debtors submit that this objection deadline is appropriate and necessary under the circumstances.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit B: (i) granting this Motion; (ii) approving the shortened notice period requested herein and the form, manner and sufficiency of notice of the Access Motion; (iii) scheduling the Hearing; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: April 13, 2007
       Wilmington, Delaware

/s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION