**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No.: 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | **Re: Docket Nos. 149 and 150** |
| | : | |
| | : | **Objection Deadline: April 18, 2007 @ 4:00 p.m.** |
| | : | **Hearing Date:  April 19, 2007 @ 10:00 a.m.** |

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION**
**TO EMERGENCY MOTION OF DEBTORS**
**REGARDING BIDDING PROCEDURES AND OTHER MATTERS**

General Electric Capital Corporation, by its undersigned counsel, hereby files this objection to the Emergency Motion of Debtors and Debtors in Possession (collectively, the "Debtors") for (i) an Order (A) Approving Bidding Procedures In Connection With Auction Of Loan Origination Platform Assets, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (C) Scheduling Hearing To Consider Proposed Sale of Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (D) Granting Related Relief and (ii) an Order (A) Approving the Proposed Sale; and (B) Granting

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Related Relief ("Motion"). For the reasons set forth below, the Debtors' Motion should be denied.

## I.  DISCUSSION

Pursuant to, among other things, a Master Security Agreement dated as of February 18, 2004, as amended, and various recorded financing statements, General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GE's secured status arises out of certain loans to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Financial, New Century Mortgage and Home 123 Corporation. The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents. Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection. Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the assets that are pledged as collateral to GE or that are being leased by GE to any of the Debtors. The Motion and the relief sought therein fail to provide any such protections to GE. Furthermore, the Motion is both procedurally and legally deficient for the various reasons set forth below. Accordingly, for these reasons and the reasons set forth below, the Motion should be denied.

The Motion is initially deficient because it purports to request more than just the scheduling of a hearing on the Debtors' Motion and approval of the Debtors' proposed bidding procedures. Specifically, although the Motion initially asks this Court to approve bidding procedures with respect to the Debtors' proposed sale of their Loan Origination Platform (as that term is defined in the Motion) and related assets and to schedule a hearing on the proposed sale of same on May 15, 2007, the caption of the Motion also states that the Motion seeks an Order "approving the proposed sale." To the extent the Debtors' Motion is requesting approval of any sale of the Loan Origination Platform, such request is both inappropriate at this time and premature and should not be permitted by this Court. Any such consideration by this Court of the sale of the Loan Origination Platform should not occur at the hearing on the Motion but should only take place at the May 15, 2007 hearing on the sale itself. GE seeks confirmation that it retains the right to object, through and including the deadline for filing objections to the sale, to any proposed sale of the Debtors' Loan Origination Platform and related assets and to the terms of the corresponding Sale Order.

The Motion is also deficient because it fails to identify the tangible assets of the Debtors that are to be sold. The Motion states, in paragraph 20, that the Loan Origination Platform consists of, among other things, "supporting infrastructure such as proprietary technology and risk management practices and other physical assets upon which it is based." Some or all of these assets may serve as collateral for the obligations due and owing to GE by New Century Mortgage, New Century Financial or New Century TRS or may be assets which GE is leasing to New Century Mortgage, New Century Financial or Home 123 Corporation. GE is unable to discern from the Motion or any of the documents attached thereto, what tangible assets the Debtors are attempting to sell to any buyer of the Loan Origination Platform. Debtors must know what tangible assets they intend to sell to any buyer of the Loan Origination Platform. It thus would be no burden on the Debtors to require them to identify such assets so that GE will

know if it is the Debtors' intention to sell GE's collateral or leased assets as part of this sale. Because GE cannot discern from the Motion what, if any, of its collateral or leased assets are to be sold by the Debtors, the Motion is objectionable for that reason alone and, therefore should be denied.

The Motion is also deficient because it fails to provide creditors with an adequate opportunity to object to the sale. The Motion provides for an auction, on May 10, 2007, of the Loan Origination Platform, with a hearing on the sale to be held on May 15, 2007. Objections to the sale of the Loan Origination Platform would also be due on May 10, 2007. Creditors would have to object to the sale <u>on the same day</u> that the sale was held. Creditors would not be given an adequate opportunity to review the auction itself, as well as the sale price, prior to the expiration of the time to object. Because the Motion does not provide an adequate opportunity for creditors to object to the sale, the Motion is objectionable and, therefore should be denied.

The Motion is also deficient because it proposes a transaction which involves a sale of various assets without requiring that following the auction of same and prior to the deadline for creditors to object to the sale, that there will be an allocation of the proceeds of the sale to the assets sold. In short, secured creditors will be left following the auction to guess how much their collateral sold for and how much they can expect to receive from the sale transaction. This Court should not and cannot permit the sale process to commence where the Debtors do not afford each of the secured creditors following the auction, but prior to the deadline to object to the sale, specific and detailed information as to the dollar amounts they will receive from the sale so that each such creditor can make its own determination prior to the deadline to object to the sale whether or not the proposed dollar amount to be remitted to it is fair and reasonable.

The failure of the Motion to ensure that this critical information is provided to creditors renders the Motion objectionable and the Motion, therefore, should be denied.

The Motion is also deficient for its treatment of those companies, including GE, who have leased assets to the Debtors. The Motion states in paragraph 28 that "within three business days after the Court enters the Bidding Procedures Order, the Debtors will serve on the counterparties to these contracts and leases a Notice of Assumption and Assignment. . . . Thereafter, within 15 days prior to the Sale Hearing, the Debtors will advise these counterparties of any cure amounts associated with the Debtors' assumption and assignment of any contract or lease." The Debtors have sought to move this sale forward on an extremely expedited basis. In view of the expedited nature of this proceeding, this Court should expect and require of the Debtors to immediately notify lessors as to whether or not their leases will be assumed as part of the sale and if so, the cure amounts proposed to be paid to such lessors as part of the sale. The Debtors most certainly know now which leases will be assumed and what the proposed cure amounts will be. The failure to provide such information in the Motion renders it objectionable, warranting the entry of an Order denying the Motion in its entirety.

The Motion is also objectionable because the bidding procedures provided for therein effectively negate GE's credit bid rights under Section 363 (k) of the Bankruptcy Code. The bidding procedures proposed by the Debtors contemplate bids being made for all of the assets to be sold and do not provide a mechanism for secured creditors to bid on the specific assets against which they hold liens. By structuring the bidding procedures in this manner, GE is not allowed an effective way to exercise its credit bid rights. This is not permissible under Section 363 (k) of the Bankruptcy Code absent a showing of "good cause" which the Debtors have not made in their Motion.

Finally, since GE does not consent to the Motion or the relief sought therein in their present form, the sale transaction proposed by the Debtors cannot pass muster under § 363(f) of the Bankruptcy Code and, therefore, the Motion should be denied for that reason alone.

## II.     CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Motion.

> /s/ Michael G. Gallerizzo
> Michael G. Gallerizzo, Esquire (4550)
> David V. Fontana (4805)
> Gebhardt & Smith LLP
> 901 Market Street, Suite 451
> Wilmington, Delaware  19801
> (302) 656-9002
> Facsimile No.: (302) 429-5953
> mgall@gebsmith.com
>
> Counsel for General Electric Capital Corporation