## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLIDNGS, INC. et al | ) | Case No. 07-10416 (KJC) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| ————————————— | ) | ————————————————— |
| | ) | |
| | ) | |
| ALASKA SEABOARD PARTNERS LIMITED PARTNERSHIP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No 07-_____ (KJC) |
| vs. | ) | |
| | ) | |
| NEW CENTURY MORTGAGE CORP., NEW CENTURY FINANCIAL CORPORATION, and NC CAPITAL CORP. | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFIED COMPLAINT

Plaintiff, Alaska Seaboard Partners Limited Partnership, ("Alaska Seaboard"), by and through its undersigned counsel respectfully asserts this Complaint against the Defendants and in support thereof avers as follows:

### Introduction

1.     This action involves claims for breach of contract, breach of fiduciary duty, specific performance of an express trust, the imposition of a constructive trust, and injunctive relief to address the wrongful conduct of the Defendants in failing to remit funds belonging to

Alaska Seaboard that were received by Defendants on account of mortgage loans purchased by Alaska Seaboard on February 28, 2007. Rather than honor their agreements with Alaska Seaboard, Defendants have refused to turn over funds that belong to Alaska Seaboard that are not property of the Debtors' Estates. In addition to filing this Complaint, Alaska Seaboard is also seeking a temporary restraining order and preliminary and permanent injunction to prevent Defendants from transferring, dissipating or spending Alaska Seaboard's funds and a mandatory injunction requiring the immediate turn over of this property. Defendants cannot intend to operate as debtors-in-possession in Chapter 11 without honoring the commitments they made to Alaska Seaboard and without turning over Alaska Seaboard's property forthwith.

## The Parties

2.      Plaintiff, Alaska Seaboard Limited Partnership, is a limited partnership organized and existing under the laws of the State of Delaware. Alaska Seaboard is in the business of acquiring non-performing mortgage loans and other financial assets.

3.      Upon information and belief, Defendants New Century Mortgage Corporation, New Century Financial Corporation and NC Capital Corp. are corporations organized and existing under the laws of the State of Delaware or the State of California with their principal places of business at 18400 Von Karman, Suite 1000, Irvine, California 92612. Each of Defendants are debtors in the consolidated Chapter 11 proceeding of New Century TRS Holdings, Inc., Case No. 07-10416.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

5.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §1409 because the Chapter 11 cases to which this action is related are pending in this District and none of the exceptions set forth in 28 U.S.C. § 1409 are applicable to this matter.

<u>**Factual Background and Claims For Relief**</u>

6.     Until the filing of their Chapter 11 cases, the Defendants and their affiliated chapter 11 debtors were engaged in the business of providing mortgage products to borrowers nationwide through various operating affiliates, originating and purchasing mortgage loans, selling mortgage loans through whole loan sales and securitizations and servicing loans that they had originated.

7.     On April 2, 2007, New Century Financial Corp., and a number of its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. The Debtors have continued in the management and operation of their businesses and properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

8.     Defendant New Century Mortgage Corporation, ("NCMC"), operates the Debtors' servicing platform and is engaged in loan servicing activities that are designed and implemented to ensure that the borrowers repay each loan in a mortgage servicing portfolio in accordance with its terms.

9.     Defendant NC Capital Corporation ("NC Capital") conducts the secondary marketing activities of New Century Financial Corporation ("NCF") and is directly involved in the conveyance of mortgage loans on the secondary market to purchasers such as Alaska Seaboard.

10. Defendant NCF, through various subsidiaries and affiliates, is involved in the origination of mortgage loans, among other activities. Some of these loans are then sold by NC Capital on the secondary market.

11. On or about February 28, 2007, Alaska Seaboard and NC Capital executed that certain Mortgage Loan Purchase and Sale Agreement (the "Sale Agreement") pursuant to which Alaska Seaboard acquired from NC Capital a portfolio of mortgage loans that had been originated by NCMC (collectively, the "Transferred Loans"). A true and correct copy of the Sale Agreement is attached hereto, made a part hereof and marked as Exhibit "A".

12. In accordance with applicable regulations, on or about March 6, 2007, the borrowers under the Transferred Loans were notified of the transfer of their loans from NCMC to Alaska Seaboard. A true and correct copy of a form of the notice provided to the borrowers is attached hereto, made a part hereof and marked as Exhibit "B".

13. Pursuant to the terms of the notice, the Defendants were to have ceased accepting payments on account of the Transferred Loans on March 20, 2007 and servicing of the Transferred Loans was to be transferred to Alaska Seaboard's servicer, SN Servicing Corp., on March 21, 2007.

14. Under the Sale Agreement, all of the Defendants' right, title and interest in and to the Transferred Loans were irrevocably sold, transferred, assigned and conveyed to Alaska Seaboard on February 28, 2007, the Closing Date. In addition, the Sale Agreement provided that the servicing function previously performed by Defendants was to have been released as of the Closing Date.

15. Recognizing that, notwithstanding the sale of the Transferred Loans, the notice to borrowers and the transfer of servicing to Alaska Seaboard, mortgage payments would continue

to be received by NC Capital Corp. and its affiliates after the Closing Date.  As a result, the Sale

Agreement provided as follows with respect to the collection of such payments:

> 2.2 (b) Collection of Mortgage Payments: Seller agrees to Service
> the [Transferred Loans] after the related Closing Date until the
> Servicing Transfer Date.  Seller agrees to service the loans sold to
> Buyer in the manner which is consistent with the terms of the
> agreement and applicable law.  Seller shall advise Buyer of any
> action necessary to enforce the Buyer's rights in the [Transferred
> Loans].  Within ten (10) days after the Servicing Transfer Date,
> Seller shall deliver and report reflecting all collections of interest
> and principal received by Seller on account of the [Transferred
> Loans] during the Interim Servicing Period.  All of the amounts
> collected or received during the Interim Servicing Period shall be
> held for the benefit of the Buyer and Seller and shall distribute
> funds collected or received during such period to Buyer.  As of the
> Servicing Transfer Date the collection and receipt of all proceeds,
> interest and principal due on the [Transferred Loans] and actual
> performance of servicing shall pass to the Buyer, and Seller shall
> be discharged from all duties and obligations arising from such
> servicing.  If the Seller receives any proceeds or payments for the
> [Transferred Loans] after the Servicing Transfer Date, the Seller
> shall hold same in trust for the Buyer to be distributed within five
> (5) business days to Buyer.  Exhibit A, p. 5.

16.    The Servicing Transfer Date under the Sale Agreement occurred on March 21,

2007.

17.    In addition to the collection of mortgage payments, the Sale Agreement also

included similar provisions with respect to the collection of escrowed funds received from

borrowers, taxes and insurance allocable to the Transferred Loans.  As with the collection of

mortgage payments, these escrow payments were to have been transferred to Alaska Seaboard.

18.    Despite the clear and unequivocal obligations of NC Capital to remit all monies

received on account of the Transferred Loans to Alaska Seaboard pursuant to the Sale

Agreement, NC Capital has failed to honor its obligations by remitting payments collected on the

Transferred Loans to Alaska Seaboard.

19.     In addition to the transfer of loan payments and escrowed payments on account of the Transferred Loans, NC Capital was also required to provide payment information relating to the Transferred Loans to Alaska Seaboard to facilitate the transfer of servicing to Alaska Seaboard or its servicer.

20.     Subsequent to the Servicing Transfer Date, the Defendants provided reports to Alaska Seaboard detailing the collection of payments on account of the Transferred Loans by Defendants. A true and correct copy of the most recent report received by Alaska Seaboard from Defendants describing these collections (the "Collection Report") is attached hereto as Exhibit "C". The Collection Report states that Defendants are currently holding $497,623.02 of collections of monies remitted by borrowers on account of the Transferred Loans. Specifically, the Defendants have informed Alaska Seaboard that they are holding the following cash collections on account of the Transferred Loans (the "Collected Funds"):

| | |
|---|---|
| Principal Collections: | $   1,373.03 |
| Interest Collections: | $ 25,016.62 |
| Principal Payoff Amount: | $471,233.37 |
| Total: | $497,623.02 |

21.     The monies accounted for in the Collection Report were to have been distributed to Alaska Seaboard on or before April 3, 2007. However, despite repeated requests and assurances from the Defendants, they have failed to pay over these funds to Alaska Seaboard.

22.     Notwithstanding Defendants' failure to pay over the Collected Funds, Defendants have honored their obligations with respect to the transfer of escrow and suspense account balances. These monies were transferred to Alaska Seaboard on April 6. Despite Defendants' partial compliance with the requirements of the Sale Agreement, Defendants are still holding the Collected Funds in express trust for the benefit Alaska Seaboard, yet have failed to honor their obligations under the Sale Agreement by transferring these funds over to Alaska Seaboard.

23.     As noted above, $471,233.37 of the Collected Funds are loan payoffs made by borrowers under the Transferred Loans. The payment of a loan balance to the mortgage lender may require certain action by the mortgage lender under various state laws to avoid penalties imposed upon the lender for failure to satisfy the mortgage. Since Defendants have failed to account for these payoff amounts, Alaska Seaboard in unable to comply with applicable state laws concerning the satisfaction of mortgages and may be subject to severe penalties. In addition to failing to remit the actual payoffs, the documentation needed by Alaska Seaboard to verify that the loan has been paid off has also been withheld by Defendants.

24.     As a result of Defendants' actions, in addition to their failure to pay over monies belonging to Alaska Seaboard, they have exposed Alaska Seaboard to potentially serious penalties related to the failure to satisfy these mortgage obligations.

25.     Alaska Seaboard has made numerous demands that Defendants pay over  the Collected Funds. Despite these demands, the Defendants have failed and refused to turn over the Collected Funds.

26.     In addition, the Defendants have failed to provide information to Alaska Seaboard that is necessary to enable Alaska Seaboard to assume full servicing responsibilities for the Transferred Loans. Alaska Seaboard does not possess current payment histories with respect to the Transferred Loans and, as a result, its servicer, SN Servicing, is not able to update its records to reflect the receipt of payments. By failing to provide this information as required under the Sale Agreement, Alaska Seaboard may not be aware of defaults that are occurring under the Transferred Loans and borrowers who have fully performed their obligations under Transferred Loans may not be receiving full credit for payments they have made in the books of SN Servicing.

27.     As a result of the foregoing actions, Alaska Seaboard has suffered a significant injury and brings this action for legal and equitable relief to address the serious harm inflicted upon Alaska Seaboard's interest by Defendants.

**COUNT I**
**TURN OVER OF PROPERTY TO ALASKA SEABOARD**

28.     Alaska Seaboard incorporates by this reference Paragraphs 1 through 27 above as if fully set forth at length herein.

29.     As a result of the foregoing, Defendants should be directed to immediately turn over to Alaska Seaboard property belonging to Alaska Seaboard, including, but not limited to, the Loan Collections and the accounting of payments received as required by the Sale Agreement.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

**COUNT II**
**SPECIFIC PERFORMANCE OF EXPRESS TRUST**

30.     Alaska Seaboard incorporate by this reference Paragraphs 1 through 29 above as if fully set forth at length herein.

31.     Under the Sale Agreement, Defendants are holding the Collected Funds in express trust for Alaska Seaboard.

32.     Alaska Seaboard is entitled to a judgment in specific performance requiring the Defendants to maintain the Collected Funds and any and all other funds collected on account of the Transferred Loans in favor of Alaska Seaboard in express trust.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

33.    Alaska Seaboard incorporates by this reference Paragraphs 1 through 32 above as if fully set forth at length herein.

34.    As a result of the foregoing facts, NC Capital has breached the Sale Agreement by virtue of various events, including, but not limited to, NC Capital's failure to pay over the Collected Funds as expressly required under the sale agreement.

35.    As a result of Defendant's breach of the Sale Agreement, Alaska Seaboard is entitled to damages.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

## COUNT IV
## IMPOSITION OF CONSTRUCTIVE TRUST

36.    Plaintiff incorporates by this reference Paragraphs 1 through 35 above as if fully set forth at length herein.

37.    As a result of the foregoing facts, in the event Defendants are not holding the Collected Funds in express trust for the benefit of Alaska Seaboard, a constructive trust exists over the Collected Funds, and any other funds received by any of Defendants on account of the

Transferred Loans, because such funds are not property of Defendants and Defendants are holding any such funds solely for the benefit of Alaska Seaboard.

38.     As a result of the foregoing, the Court should impose a constructive trust upon Defendants assets to the full value of the Collected Funds, and any other funds received by any of Defendants on account of the Transferred Loans.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

## COUNT V
## BREACH OF FIDUCIARY DUTY

39.     Plaintiff incorporates Paragraphs 1 through 38 above as if fully set forth at length herein.

40.     Under the Sale Agreement, payments received on account of Transferred Loans by Defendants are to be held in express trust for the benefit of Alaska Seaboard.  As a result, Defendants owe Alaska Seaboard a fiduciary duty to ensure that the trust relationship created between them is performed as required under the Sale Agreement.

41.     Defendants have failed to act for the benefit of Alaska Seaboard.  As a result, Defendants have breached the fiduciary duty that they owe Alaska Seaboard.

42.     As a consequence of the breach of fiduciary duty, Alaska Seaboard has suffered damages.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

## COUNT VI
## ACCOUNTING

43.     Alaska Seaboard incorporates by this reference Paragraphs 1 through 42 above as if fully set forth at length herein.

44.     Under the Sale Agreement, and in their fiduciary capacity on behalf of Alaska Seaboard, Defendants are required to account to Alaska Seaboard for the collection of all payments they have received on account of the Transferred Loans.

45.     As set forth above, the information concerning payments received by Defendants is vitally important to preserve the interests of Alaska Seaboard, and the individual borrowers, to ensure full compliance with the terms and conditions of the loan documents and applicable state law.

46.     Defendants have failed to account to Alaska Seaboard as required under the Sale Agreement.

47.     Defendants must be required to account to Alaska Seaboard for all payments they have received on account of the Transferred Loans.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

## COUNT VII
## INJUNCTIVE RELIEF

48.     Plaintiff incorporates Paragraphs 1 through 47 above as if fully set forth at length herein.

49.     Alaska Seaboard will suffer irreparable injury unless a mandatory injunction is issued by this Court directing Defendants' full and complete compliance with the terms and

conditions of the Sale Agreement. As a result of Defendants' insolvency, Alaska Seaboard lacks an adequate remedy at law and will suffer irreparable injury if the relief requested herein is not granted.

50.     As a result of the foregoing, the Court should enter injunctive relief permanently enjoining Defendants from retaining any funds they receive on account of the Transferred Loans, from co-mingling any funds received on account of the Transferred Loans and a mandatory injunction requiring the immediate turn over of the Collected Funds to Alaska Seaboard, as well as any other funds that are received by Defendants on account of the Transferred Loans. The Court should also direct a full accounting of all payment received on account of the Transferred Loans.

WHEREFORE, Alaska Seaboard respectfully requests that judgment be entered in its favor on this count of the complaint, together with costs of suit such other and further relief as the Court deems just and proper.

Dated: April 16, 2007                                KLEHR, HARRISON, HARVEY,
                                                              BRANZBURG & ELLERS LLP

                                                              Richard M. Beck (DE ID.# 3793)
                                                              Michael W. Yurkewicz (DE ID.#4165)
                                                              919 Market Street
                                                              Suite 1000
                                                              Wilmington, DE  19801-3062
                                                              (302) 426-1189

                                                              Attorneys For Alaska Seaboard Partners
                                                              Limited Partnership

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEW CENTURY TRS HOLIDNGS, | ) Case No. 07-10416 (KJC) |
| INC. et al | ) |
| | ) |
| Debtors. | ) |
| | ) |
| _____ | ) _____ |
| | ) |
| | ) |
| ALASKA SEABOARD PARTNERS | ) |
| LIMITED PARTNERSHIP | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. No 07-_____ (KJC) |
| vs. | ) |
| | ) |
| NEW CENTURY MORTGAGE, NEW | ) |
| CENTURY FINANCIAL | ) |
| CORPORATION, and NC CAPITAL | ) |
| CORP. | ) |
| | ) |
| Defendants. | ) |

**VERIFICATION**

I, Timothy Ross, verify, under penalty of perjury, that I am authorized to make this

Verification on behalf of the Plaintiff in this adversary proceeding, and that the facts contained in

the foregoing Verified Complaint are true and correct to the best of my knowledge, information

and belief.

_____
Timothy Ross

Dated: April __, 2007