**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | **Case No. 07-10416 (KJC)** |
| **NEW CENTURY TRS HOLDINGS, INC.** | ) | |
| a Delaware Corporation, et al. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | Hearing Date: 4/24/07 @ 2:30 PM |
| **Debtors.** | ) | |

**LIMITED OBJECTION OF MILLS ENTERPRISES, LLC TO MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 365 AND 554 OF THE BANKRUPTCY CODE (A) AUTHORIZING ANDAPPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) AUTHORIZING AND APPROVING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY**

COMES NOW Mills Enterprises, LLC ("Mills Enterprises") by and through its undersigned counsel, and files this Limited Objection To Motion Of The Debtors And Debtors In Possession For Entry Of An Order Pursuant To Sections 365 and 554 of The Bankruptcy Code (A) Authorizing and Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing and Approving Procedures For The Rejection Of Executory Contracts and Unexpired Leases Of Personal and Non-Residential Real Property (the "Rejection Motion"). As grounds therefor, Mills Enterprises states as follows:

1. Mills Enterprises is a creditor and party-in-interest herein pursuant to 11 U.S.C. §1109.

2. On April 2, 2007, the Debtors each filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      In the Rejection Motion, Debtors seek to reject a Lease for nonresidential real property known located at 7401 104th Avenue, Kenosha Wisconsin (the "Leased Premises".) A copy of the Lease is attached hereto as Exhibit "A".

4.      Debtors seek to have the Lease rejected as of April 2, 2007 (the "Petition Date").

5.      Although Debtors have vacated the Leased Premises, they have left thousands of dollars worth of office equipment and furniture behind (the "Personal Property").

## ARGUMENT

6.      Notwithstanding the anticipated rejection of the Lease, the Debtors should remove the Equipment from the Leased premises.  It is well-settled that a rejection of a lease does not rescind the substantive rights and obligations of the parties as set forth in the lease. *See Cinicola v. Scharffenberger,* 248 F.3d 100, 188 at n.8 (3rd Cir.2001).

7.      Mills Enterprises should not be required to remove the Personal Property at its own expense. Accordingly, the Debtors should be required remove the Personal Property as soon as possible so that Mills Enterprises can re-let the Leased Premises. Until such time, Mills Enterprises should be entitled to an administrative expense claim for the cost of storage of the Personal Property and subsequent expenses associated with its removal.

8.      Further,  Mills Enterprises submits that the effective date of the rejection should be the date that the Personal Property is removed from the Leased Premises.  In no event should the lease rejection be deemed effective *nunc pro tunc* to April 2, 2007 as

requested by Debtor while the Debtor continues to store its Personal Property at the Leased Premises.

Mills Enterprises also reserves its rights to assert any and all administrative expense claims under Section 503(b)(1)(A) of the Bankruptcy Code, Mills Enterprises requests that the Court enter an Order conditioning the rejection of the Leases on the following:

1. Making the effective rejection date for Mills Enterprises the date the Debtor removes its Personal Property from the Leased Premises;

2. In the alternative, allowing Mills Enterprises an administrative expense claim for its costs of storing and expediting the removal of the Personal Property from the Leased Premises; and

3. Other such relief as is just and equitable

Respectfully Submitted,

WERB & SULLIVAN

DATED: April 17, 2007         /s/ Amy D. Brown__
                              Brian A. Sullivan, Esq. (DE Bar No. 2098)
                              Amy D. Brown, Esq. (DE Bar No. 4077)
                              Thirteenth Floor, 300 Delaware Avenue,
                              Wilmington, Delaware
                              Telephone: 302-652-1100
                              Telecopier: 302-652-1111

                              Attorneys for Mills Enterprises