UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY HOLDINGS, INC., a Delaware ) | Case No. 07-10416 (KJC) |
| corporation, et al.[1] ) | Jointly Administered |
| Debtor. ) | |
| ) | Requested Hearing Date: 4/24/2007 at 2:30 p.m. |
| | Objections Date: 4/23/2007 |

**EMERGENCY MOTION FOR AN ORDER DIRECTING THE UNITED
STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF
PLAN BENEFICIARIES PURSUANT TO 11 U.S.C. § 1102(a)(2)**

Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa"), for themselves and all others similarly situated, hereby move this Court for an order pursuant to 11 U.S.C. § 1102(a)(2) directing the United States Trustee to appoint an official committee consisting of beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or the New Century Financial Corporation Supplemental Executive Retirement/Savings Plans (collectively, the "Plan"). The Official Committee of Unsecured Creditors (the "OCUC") appointed by the United States trustee will not adequately represent the interests of the movants or the hundreds of other Plan beneficiaries. The OCUC is dominated by large, sophisticated financial institutions

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

that willingly made loans and other financial accommodations to the Debtors, creditors whose interests are vastly divergent from the Plan beneficiaries' interests. On the critical issue of ownership and control of Plan assets, the interests of the OCUC and the beneficiaries will be directly adverse. Moreover, many of the over 570 beneficiaries have potential claims that are not sufficiently large to justify incurring the personal time and expense or professional fees that would be required for any sort of meaningful participation in these cases. Without representation by an official committee, the Plan beneficiaries face that very unfortunate prospect. In further support of this Motion, the movants state the following:

## I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicates for relief requested herein are sections 105(a) and 1102(a) of the Bankruptcy Code.

## II. BACKGROUND

3. The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 on April 2, 2007 (the "Petition Date"). The Debtors did not file their schedules and statements of financial affairs on the Petition Date. They did, however, file a list of the creditors holding the largest fifty (50) unsecured claims on a consolidated basis (the "50 Largest List"). The large majority of the claims on the 50 Largest List appear to be held by warehouse lenders and/or counterparties to repurchase agreements, and were listed as unliquidated.[2] The largest liquidated claim on the 50 Largest List is a claim for approximately $2.5 million.

---

[2] Thirty three of the fifty claims on the list were identified as unliquidated.

SL1 717079v1/102440.00001

4. The movants are current or former employees of one or more of the Debtors. As of the Petition Date, the movants are owed at least the following amounts on account of mandatory and elective deferrals of compensation into the Plan:

| | |
|---|---|
| Gregory Schroeder | $876,721 |
| Michelle Parker | $403,000 |
| Martin Warren | $912,000 |
| Steve Holland | $400,000 |
| Nabil Bawa | $ 60,000 |

5. In general, certain of the Debtors' employees were required to contribute a portion of their bonus compensation to the Plan. In addition, enrolled employees were also able to make elective deferrals, up to specified percentages of their total compensation, and the Debtors were required to make certain matching contributions. Upon information and belief, the overwhelming majority of the contributions to the Plans were made by the employees from their own earned funds, not by the Debtors.

6. The funds in the Plan were initially contributed to a trust that the Debtors designated as a grantor or "rabbi" trust. Upon information and belief, the funds are currently held in a segregated account at Wells Fargo, and the Plan has been funded to 110% of the claims against it.

7. Upon information and belief, there are over 570 current or former employees who made contributions to the Plan, and the aggregate amount of the contributions made by those employees is in excess of $40 million.[3]

8. At the conclusion of a formation meeting on April 9, 2007, the United States Trustee appointed an OCUC consisting of the following seven members: (a) Credit-Based Asset Servicing and Securitization LLC; (b) Residential Funding Company, LLC; (c) Credit Suisse

---

[3] Prior to April 9, 2007, Schroeder had been contacted by over 70 current or former employees who were interested in forming an *ad hoc* committee of beneficiaries of the Plan. That number has since grown to over 125 beneficiaries of the Plan, and Schroeder expects the number to continue growing.

First Boston Mortgage Capital LLC; (d) Deutsche Bank National Trust Co.; (e) Wells Fargo Bank, N.A., as Indenture Trustee; (f) Fidelity National Information Services, Inc.; and (g) McGuire Properties-Park Place LLC.  *See* Notice of Appointment of Committee of Unsecured Creditors [D.E. 43].

### III.    RELIEF REQUESTED

9.    By letter dated April 11, 2007, the movants requested the United States Trustee to appoint a committee of Plan beneficiaries.  No response has been received to date, and given the short projected track of these cases, action is required now.  By this Motion, therefore, the movants seek an order directing the United States Trustee to appoint an additional committee of beneficiaries of the Plan in these jointly-administered cases.

10.    Section 1102 requires the United States Trustee to appoint a committee of creditors holding unsecured claims in a chapter 11 case.  *See* 11 U.S.C. § 1102(a)(1).  Although the United States trustee has the discretion to appoint additional committees, *see* id., the Court may order the United States trustee to appoint additional committees if "necessary to assure adequate representation of creditors or equity security holders."  *See* 11 U.S.C. § 1102(a)(2).  The Bankruptcy Code does not explain what is necessary to assure "adequate representation."

11.    In determining whether to appoint an additional committee under section 1102, this Court should consider all of the facts and circumstances, including the following factors:

 a. the ability of the original committee to function;
 b. the size, complexity, and nature of the chapter 11 cases;
 c. the delay and additional costs that would result from the appointment;
 d. the timing of the motion relative to the status of the chapter 11 cases;
 e. the motivation of the movants; and
 f. the tasks to be performed by the additional committee.

*See* In re Garden Ridge Corp., 2005 WL 523129, *2 (Bankr. D. Del. 2005); In re Kalvar Microfilm, Inc., 195 B.R. 599, 600 (Bankr. D. Del. 1996).  These factors are not determinative;

SL1 717079v1/102440.00001

rather they are guidelines for the court to consider in determining whether a particular constituency's interests are adequately represented. *See* In re Edison Bros. Stores, Inc., 1996 WL 534853, *3 (Bankr. D. Del. 1996); *see also* In re Trans World Airlines, Inc., 1992 WL 168152, *2 (Bankr. D. Del. 1992). Whether there is adequate representation must be determined on the particular facts of each case. *See, e.g.*, In re Hill Stores Co., 137 B.R. 4, 5 (Bankr. S.D.N.Y. 1992); In re Wang Lab., Inc., 149 B.R. 1, 2 (Bankr. D. Mass. 1992).

12. The circumstances of these cases cry out for the appointment of an additional committee to ensure that the interests of the beneficiaries of the Plan are adequately represented. The movants' interests and the interests of the other beneficiaries of the Plan are likely to be divergent from the interests of financial or trade creditors. In all likelihood, the OCUC and creditors will be looking for a way to access the funds in the Plans for the general benefit of the Debtors' estates. *Cf.* In re IT Group, Inc., 448 F.3d 661 (3rd Cir. 2006)(concluding that debtor's deferred compensation plan was an unfunded plan, not subject to certain ERISA requirements, even though plan established a "rabbi trust"); Goodman v. Resolution Trust Corp., 7 F.3d 1123 (4th Cir. 1993)(holding that assets of grantor trust were available to satisfy claims of grantor's general creditors).[4] In this sense, the OCUC will not be adequately representing the interests of the beneficiaries of the Plan; in fact, it will be acting directly adverse to those interests.

13. Moreover, most of the beneficiaries of the Plan who have contacted Schroeder regarding their potential claims made contributions aggregating less than $150,000. Approximately half of those contributions are $60,000 or less. These are individuals who, if left to their own devices, may not have sufficient financial means or incentive to ensure that their

---

[4] The movants do not agree that IT Group, Goodman, or any cases like them are controlling in these cases, or that the funds in the Plan are subject to the general claims of creditors here. The movants expect, however, that creditors may have different views on those issues.

interests are adequately protected. This is exactly what Congress had in mind when it provided for the appointment of an additional committee.

14. Other factors bear on the issue as well. The movants have not been dilatory in the filing of this Motion. The OCUC was formed on the afternoon of April 9. The movants also made a prompt written request to the U.S. Trustee, which has not yet been acted upon. The movants must move quickly in large part because the Debtors' cases are complicated, involving multiple business divisions and complex lending relationships with warehouse lenders and securitizations and the Debtors contend that the cases must be moved along at an extremely accelerated pace. If the beneficiaries of the Plan are not given a voice in these cases at the outset, then they will effectively be disenfranchised.

15. Further, no unreasonable delay or cost would attend the appointment of a second committee. If a committee is appointed, its tasks can and would be coordinated with those of the OCUC to ensure that there is minimal, if any, overlap on issues of common interest.

### IV. NOTICE

16. No trustee or examiner has been appointed in these cases. Notice of this Motion has been provided to: (1) the Office of the United States trustee for the District of Delaware; (2) counsel for the Debtors; (3) proposed counsel for the official committee of unsecured creditors; and (4) all parties who have filed timely requests for notice under Rule 2002 of Federal Rules of Bankruptcy Procedure. In light of the relief requested herein, Schroeder submits that no other or further notice is required.

### V. NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other court.

SL1 717079v1/102440.00001

WHEREFORE, the movants request that this Court enter an order pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(2) directing the United States Trustee to appoint an official committee consisting of certain beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, and grant such other and further relief as may be necessary and proper under the circumstances.

Dated: April 17, 2007

STEVENS & LEE, P.C

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street
Seventh Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopier: (302) 654-5181
Email: jhh@stevenslee.com

- and -

BERNSTEIN, SHUR, SAWYER & NELSON

Robert J. Keach
Michael A. Fagone
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
Telecopier: (207) 774-1127
Email: rkeach@bernsteinshur.com
        mfagone@bernsteinshur.com