UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : | |
| | | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: April 19, 2007 at 10:00 A.M.

**RESPONSE OF THE UNITED STATES TRUSTEE TO THE EMERGENCY MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE AUCTION OF LOAN ORIGINATION PLATFORM ASSETS, (B) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (C) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF LOAN ORIGINATION PLATFORM ASSETS AND APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (D) GRANTING RELATED RELIEF (DOCKET ENTRY # 149)**

In support of her response to the emergency motion of the Debtors and Debtors-in-possession for (I) an order (a) approving bidding procedures in connection with the auction of loan origination platform assets, (b) establishing procedures relating to the assumption and assignment of certain executory contracts and unexpired leases, including notice of proposed cure amounts, (c) scheduling

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

a hearing to consider the sale of the loan origination platform assets and approving the form and manner of notice thereof, and (d) granting related relief (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this response.

## RESPONSE

*Consumer Privacy Under 11 U.S.C. § 363(b)(1)*

4. The Motion does not provide sufficient information for the U.S. Trustee to determine whether a consumer privacy ombudsman needs to be appointed to protect personally identifiable information about individuals. 11 U.S.C. § 363(b)(1) provides:

> (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of

personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information[2] to any person unless –

    (A) such sale or lease is consistent with such policy; or

    (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –

        (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

        (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

5.    Given that there is little detail in the motion regarding the assets that comprise the Loan Origination Platform, it is unclear whether customer list(s) or other assets containing personally identifiable information are proposed to be sold. The U.S. Trustee will report to the Court on this issue at the hearing and, to the extent necessary, the related matter of whether a consumer privacy ombudsman should be appointed.

---

[2] "Personally identifiable information" is defined in 11 U.S.C. § 101(41A) as meaning

    (A) if provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purposes –
        (i) the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name;
        (ii) the geographical address of a physical place of residence of such individual;
        (iii) an electronic address (including an e-mail address) of such individual;
        (iv) a telephone number dedicated to contacting such individual at such physical place of residence;
        (v) a social security account number issued to such individual; or
        (vi) the account number of a credit card issued to such individual; or

    (B) if identified in connection with 1 or more of the items of information specified in subparagraph (A) --
        (i) a birth date, the number of a certificate of birth or adoption, or a place of birth; or
        (ii) any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically.

*11 U.S.C. § 363(o)*

      6.    Added to the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), 11 U.S.C. § 363(o) provides as follows:

> Notwithstanding [11 U.S.C. § 363(f)], if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act ["TILA"] or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

      7.    Again, the Debtors do not clearly state whether they propose to sell any interests in either consumer credit transactions that are subject to TILA or interests in consumer credit contracts. To the extent that they are, the sale order should acknowledge that the sale proposed by the Debtors will not be free and clear of claims and defenses that are related to a consumer credit transaction subject to TILA or any consumer credit contract as defined by Section 363(o) of the Bankruptcy Code.

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order granting relief consistent with this response.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**

    **BY:** /s/ Joseph J. McMahon, Jr.
        Joseph J. McMahon, Jr., Esquire (# 4819)
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Room 2207, Lockbox 35
        Wilmington, DE  19801
        (302) 573-6491
        (302) 573-6497 (Fax)

Date:  April 18, 2007