# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors** | : | |
| | : | **Re: Docket No. 149** |
| | : | |

Hearing Date: April 19, 2007 @ 10:00 a.m.
Objection Deadline: April 18, 2007

## LIMITED OBJECTIONS OF GMAC CF AND COUNTRYWIDE TO EMERGENCY MOTION OF DEBTORS REGARDING BIDDING PROCEDURES AND OTHER MATTERS IN CONNECTION WITH AUCTION OF LOAN ORIGINATION PLATFORM ASSETS

GMAC Commercial Finance LLC ("GMAC CF"), Countrywide Home Loans, Inc., Countrywide Financial Corporation, Countrywide Warehouse Lending, Countrywide Bank and Countrywide Securities Corporation (collectively, "Countrywide"), by their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the Emergency Motion of Debtors and Debtors in Possession (collectively, the "Debtors") for (I) an Order (A) Approving Bidding Procedures in Connection with Auction of Loan Origination Platform Assets, (B) Establishing

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a/ NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (C) Scheduling Hearing to Consider Proposed Sale of Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (D) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief ("Motion"). For the reasons set forth below, the Debtors' Motion should be modified as set forth herein.

## I.   SUMMARY

1.   The Debtors seek to establish bidding procedures and an expedited sale process to consummate a potential sale transaction of the Loan Origination Platform ("Purchased Assets"). There is no list of the Purchased Assets, no buyer for the assets and no proposed Asset Purchase Agreement ("APA") setting forth the material terms and conditions under which the Purchased Assets would be transferred to a buyer. GMAC CF and Countrywide file this Limited Objection because certain aspects of the proposed bidding procedures and the overly expedited nature of the processed sale process will not maximize value to the Debtors' estates and their creditors.

## II.   BACKGROUND

2.   Pursuant to, among other things, a Master Security Agreement dated as of June 24, 2005, as amended, and various recorded financing statements, GMAC CF is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GMAC CF's secured status arises out of that certain loan GMAC CF extended to the above-described Debtors, which loan is secured by certain of the assets of

those Debtors, including the software and associated licenses used to originate loans, related hardware and other collateral.

3. Pursuant to, among other things, that certain Master Securities Forward Transaction Agreement, that certain Mortgage Loan Purchase and Interim Servicing Agreement dated and effective as of August 4, 2004, and that certain Mortgage Loan Purchase and Interim Servicing Agreement dated and effective as of February 28, 2007, and various other contracts executed by one of the Debtors, Countrywide is also a creditor of the Debtors, including at minimum New Century Mortgage and NC Capital Corporation. The transactions between Countrywide and the Debtors are evidenced by and otherwise documented pursuant to the identified loan purchase agreements, various schedules thereto and various other documents. Pursuant to such documentation, Countrywide has in the past bought loans originated by the Debtors, either in bulk or via correspondent channels, and was engaged in certain securities trade transactions with the Debtors. In addition, Countrywide has serviced in the past and is servicing loans currently either directly for the Debtors or pursuant to contractual agreements with warehouse lenders of the Debtors. Countrywide's secured creditor status arises out of collateral in the form of promissory notes held by Countrywide, assignments of deeds of trust, and cash collateral, among possibly other collateral.

4. As creditors of the above-described Debtors, GMAC CF and Countrywide have standing to file this Limited Objection. Furthermore, GMAC CF and Countrywide have significant interests in assuring that they are fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the

assets that are pledged as collateral to GMAC CF and Countrywide. Due to the speed at which the Debtors are attempting to liquidate the Purchased Assets, the Motion and the relief sought therein fail to provide adequate protection to the interests of GMAC CF and Countrywide's interests in their collateral. While GMAC CF and Countrywide do not object to the April 19, 2007 hearing date on the bidding procedures, and they support a sale of the assets, they do believe that the bid deadline and auction date should be delayed to: (i) allow for more time to market the Purchased Assets to facilitate additional interest; and (ii) provide an adequate opportunity for potential purchasers to perform due diligence prior to submitting bids. Accordingly, for these reasons and the reasons set forth below, the relief afforded on the Motion should be modified in accordance with this Limited Objection.

### III. DISCUSSION

#### A. The Bid Deadline And Auction Date Are Too Expedited

5. The best way to maximize the potential value that can be recovered for the Debtors' estates through the auction process is to: (i) fully and completely market the Purchased Assets; and (ii) allow bidders ample time to evaluate the Purchased Assets and submit bids. To further maximize value, the proposed bidding procedures should also allow the Debtors to accept bids in whole or in part, without requiring that every bidder take the entirety of the Purchased Assets.

6. The proposed expedited schedule does not allow for sufficient time for prospective bidders to complete their due diligence and formulate competitive and realistic bids, particularly here, where due diligence has not begun. While the Debtors

may have been marketing the assets prior to the Petition Date, the Debtors have yet to identify a buyer and there may be potential buyers who do not even know the Purchased Assets are available. Accordingly, GMAC CF and Countrywide request that the Court extend the final bid date and the auction date for the reasons set forth above. Expanding the time periods for due diligence and bidding will serve to encourage more bidding, and hopefully, higher prices.

### B. The Assets Are Not Identified

7. The Motion does not specifically identify the tangible assets of the Debtors that are to be sold. Some or all of these assets may serve as collateral for the obligations that are owed to GMAC CF and Countrywide by New Century Mortgage, New Century Financial, NC Capital Corporation or New Century TRS. GMAC CF and Countrywide, however, are unable to discern from the Motion, or any of the other documents attached thereto, what tangible assets the Debtors are attempting to sell to potential purchasers. The Motion, at page 6, for example, states that the assets to be sold consist of the "supporting infrastructure" of the Loan Origination Platform. Because no schedule is attached to the Motion and no APA serves as an exhibit to the Motion, creditors cannot understand precisely what is sought to be liquidated or the terms on which such assets are offered. GMAC CF has a lien on a specific schedule of software, hardware and licenses, all of which are specifically identified in the prepetition loan documents. Because of such lack of detail, GMAC CF is unable to discern whether such assets are considered part of the "Loan Origination Platform" or the "supporting infrastructure."

8.     The Debtors know, or should know, the tangible assets they intend to sell pursuant to the Motion. It should be no burden on the Debtors to require them to identify such assets so that GMAC CF and Countrywide will know if it is the Debtors' intention to sell the collateral of GMAC CF and Countrywide as part of this sale. Because GMAC CF and Countrywide cannot discern from the Motion whether any of their collateral is to be sold, the Debtors should provide for ample time after the bidding procedures are approved in which creditors can object to the sale of their collateral.

C.     **No Allocation is Provided**

9.     The Motion does not specifically list the assets to be sold or allocate the sale proceeds, leaving secured creditors in the dark with regard to the value and identity of their collateral being sold. All the Motion indicates is that the Debtors propose to sell certain assets to any potential purchaser who proposes the highest and best offer and that any valid liens on the assets sold will attach to the sale proceeds. Because there is no allocation of the purchase price provided for in the Motion and no APA, which would normally provide an allocation schedule, GMAC CF and Countrywide cannot determine whether 11 U.S.C. § 363(f) is satisfied and respectfully reserve all their rights to further object at the time of the sale hearing. The Court should only permit the Debtors to commence the sale process only after secured creditors are provided a list of the assets to be sold and a proposed allocation of the sale proceeds. In this fashion, each creditor can make its own determination at the outset of the sale process whether or not the proposed dollar amount to be remitted to it is fair and reasonable.

### D.   Executory Contracts to be Assigned Must Be Disclosed

10.   Countrywide is further prejudiced by reason of the possibility that this Court will determine it is party to executory contracts with the Debtors. The Motion states on page 16 that "within three business days after the Court enters the Bidding Procedures Order, the Debtors will serve on the counterparties to these contracts and leases a Notice of Assumption and Assignment in the form attached as Exhibit 3 to the proposed Bidding Procedures Order." The Debtors have sought to move this sale forward on an extremely expedited basis. In view of the expedited nature of this proceeding, this Court should expect and require of the Debtors to immediately notify executory contract parties as to whether or not their contracts will be presented to buyers and potentially assumed as part of the sale and if so, the cure amounts proposed to be paid to such contracting parties as part of the sale. The Debtors should know now which contracting parties are comprised within the Purchased Assets and will be offered to possible bidders for assumption and what the proposed cure amounts will be.

### E.   Secured Creditors Should Be Permitted to Credit Bid

11.   The proposed bidding procedures appear to negate the rights of GMAC CF and Countrywide to credit bid under section 363(k) of the Bankruptcy Code. The bidding procedures proposed by the Debtors contemplate single bids being made for all of the assets to be sold in one lot, rather than permitting bids on one or more components individually. This oversight by the Debtors has the effect of precluding secured creditors from bidding on the specific assets against which they hold liens. By structuring the bidding procedures in this manner, GMAC CF and Countrywide are not allowed an effective way to exercise their credit bid rights to protect their interests. This

is not permissible under 11 U.S.C. § 363(k), absent a showing of "good cause," which the Debtors have not demonstrated in their Motion.

### F.    No Sale Can Be Approved At This Time

12.    Finally, to the extent the Motion, by reason of the caption of the Motion and the attached proposed order at Exhibit "C," requests more than just the scheduling of a hearing and approval of the Debtors' proposed bidding procedures, such request is premature. GMAC CF and Countrywide believe and understand that all sale issues will be preserved until at least the requested May 15, 2007 hearing on the sale itself, and accordingly, reserve their rights to object.

**(The remainder of this page is intentionally left blank)**

## IV. CONCLUSION

GMAC CF and Countrywide support the entry of an order that establishes fair procedures that will maximize the recovery for creditors. For the reasons set forth herein, GMAC CF and Countrywide respectfully request that this Court approve the bidding procedures in accordance with the modifications set forth in this Limited Objection.

Date: April 18, 2007

**EDWARDS ANGELL PALMER & DODGE LLP**

_____
William E. Chipman, Jr., Esq. (DE No. 3818)
919 Market Street, Suite 1500
Wilmington, DE 19801
Phone: 302-777-7770
Facsimile: 302-777-7263
www.eapdlaw.com

- and -

**BRYAN CAVE LLP**
Katherine Windler (State Bar No. 158899)
120 Broadway, Suite 300
Santa Monica, CA 90401
Phone:  (310) 576-2100
Fax:     (310) 576-2200
katherine.windler@bryancave.com