# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

ORDER AUTHORIZING THE DEBTOR AND DEBTOR IN POSSESSION
TO RETAIN AND EMPLOY COMPENSATION DESIGN GROUP, INC., LLC AS
COMPENSATION SPECIALIST *NUNC PRO TUNC* TO THE PETITION DATE
PURSUANT TO SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2014, 2016 AND 5002

This matter coming before the Court on the Application of the Debtor and Debtor in Possession for Order Authorizing the Retention and Employment of Compensation Design Group, Inc. as Compensation Specialist *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the "Application"), filed by the above-captioned debtor and debtor in possession (the "Debtors"); and the Court having reviewed the Application at a hearing before the Court (the "Hearing"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A) and (c) notice of this

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2

Application and Hearing was sufficient under the circumstances; and the Court having considered the Affidavit of Frank B. Glassner in Support of Application for Order, Pursuant to Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Compensation Design Group, Inc. ("CDG") as Compensation Specialist to the Debtors (the "Glassner Affidavit"); and the Court having determined that the legal and factual bases set forth in the Application, the Glassner Affidavit and at the Hearing, establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. In accordance with sections 327(e) and 328 and Bankruptcy Rules 2014, 2016 and 5002, the Debtors are authorized to retain and employ CDG as their compensation specialist, effective *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the Application, the Engagement Letters and the Glassner Affidavit, as modified in the Application.

4. CDG shall be entitled to allowance of compensation and reimbursement of expenses (including payment of the Overhead Charge), upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code and Bankruptcy Rules, the Local Rules of this Court and such other orders as the Court may direct.

5. Notwithstanding anything in the Application or the Engagement Letters to the contrary, this Court shall have exclusive jurisdiction with respect to any claim or controversy arising out of or relating to the Engagement Letters.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: April ____, 2006
       Wilmington, Delaware

                                                                          _____
                                                                          THE HONORABLE KEVIN J. CAREY
                                                                          UNITED STATES BANKRUPTCY JUDGE