**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Related to Docket Nos. 12, 89** |
| | : | |

**LIMITED RESPONSE OF GOLDMAN SACHS MORTGAGE COMPANY TO THE
EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR
INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 362 AND 364 AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 4001 AND 9014(A)
APPROVING DEBTOR-IN-POSSESSION FINANCING WITH ADMINISTRATIVE
EXPENSE SUPERIORITY AND SECURED BY LIENS, (B) GRANTING LIENS AND
SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM, (C) GRANTING OTHER
RELIEF AND (D) SETTING FINAL HEARING**

Goldman Sachs Mortgage Company ("GSMC"), by and through its undersigned

counsel, hereby files this limited response to the Emergency Motion of Debtors and Debtors In

Possession for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 362 and 364 and Federal

Rules of Bankruptcy Procedure 2002, 4001 and 9014(A) Approving Debtor-In-Possession

Financing with Administrative Expense Superiority and Secured By Liens, (B) Granting Liens

and Superpriority Administrative Expense Claim, (C) Granting Other Relief and (D) Setting

Final Hearing (the "DIP Motion").  In support of its limited response, GSMC respectfully

represents as follows:

1.      GSMC does not generally oppose the entry of an order granting the DIP

Motion on a final basis, and files this limited response solely to confirm that certain mortgage

loans are not subject to or otherwise affected by the relief granted in the order or otherwise

affected by the Debtor-in-Possession Loan and Security Agreement (the "DIP Loan Agreement")

to be approved by the Court (including the grant of collateral thereunder).

        2.      New Century TRS Holdings, Inc. and its affiliated debtors (collectively,

the "Debtors") filed the DIP Motion on April 2, 2007, concurrently with their petitions for relief

pursuant to chapter 11 of title 11 of the United States Code.  The DIP Motion seeks the approval

of the DIP Loan Agreement and the granting of security interests and liens as collateral for the

Debtors' obligations.  The collateral pledge under the DIP Loan Agreement includes "all of each

Borrower's [i.e. Debtor's] now owned or hereafter acquired right, title and interest" in certain

enumerated assets, including Mortgage Loans (as defined therein).  See Debtor-in-Possession

Loan and Security Agreement § 4, p. 4 (defining Collateral) (the form of which is attached as

Exhibit A to the Interim Order approving the DIP Motion, dated April 5, 2007).

        3.      On April 3, 2007, the Court conducted a hearing to approve the DIP

Motion on an interim basis.  At the hearing, GSMC's counsel provided the Debtors' and

proposed DIP lenders' respective counsel a copy of a letter identifying four loans that had

previously been delivered to New Century Mortgage Corporation by Deutsche Bank National

Trust Company, GSMC's custodian, pursuant to a bailee letter dated March 1, 2007.[1]  GSMC's

counsel stated on the record at the hearing that it is GSMC's position that the Delivered

Mortgage Loans are not subject to the pledge of collateral under the DIP Loan Agreement as

such mortgage loans do not constitute debtor property.  Counsel to the Debtors and the DIP

lenders did not dispute GSMC's statements.  The court entered an order dated April 5, 2007,

granting the DIP Motion and approving the DIP Loan Agreement on an interim basis in

accordance with the terms contained therein.

---

[1]  The four loans include loan numbers 210043569 (Ft. Lauderdale, FL), 210043638 (Brooklyn, NY), 210043571 (Norwalk, CA), and 210043651 (Ocoee, FL) (collectively, the "Delivered Mortgage Loans").

4.      At the time of the hearing, it was unclear to GSMC whether New Century

Mortgage Corporation (or any other debtor) was in physical possession of any of the Delivered

Mortgage Loans.  Since the time of the hearing, GSMC's counsel has repeatedly requested both

orally and in writing that New Century Mortgage Corporation confirm in writing whether it is in

possession of the Delivered Mortgage Loans and, if not, to whom it delivered the loans.  To date,

New Century Mortgage Corporation has not responded to these requests other than to confirm

that it did not purchase any of the Delivered Mortgage Loans.  GSMC has just received

confirmation that two of the loans have been returned to GSMC's custodian, but has received

conflicting information from different sources regarding the location of the other two loans (##

210043569 and 210043571).

5.      It is axiomatic that the Delivered Mortgage Loans cannot be pledged as

collateral for the DIP Loan Agreement.  Either New Century Mortgage Corporation holds the

Delivered Mortgage Loans as bailee for GSMC, or it is not in possession of the loans.  That said,

GSMC is concerned by New Century Mortgage Corporation's refusal to confirm which of these

two possible and easily determinable alternatives is true, notwithstanding GSMC's numerous

requests.

6.      GSMC therefore requests that the final order approving the DIP Motion

specify that the Delivered Mortgage Loans do not constitute Collateral under the DIP Loan

Agreement and are not otherwise subject to or affected by the final order granting the DIP

Motion.

**CONCLUSION**

WHEREFORE, GSMC respectfully requests that the final order granting the DIP

Motion clarify and confirm that the Delivered Mortgage Loans do not constitute collateral under

the DIP Loan Agreement and are not otherwise subject to or affected by the order, and that the

Court grant such other and further relief as would be just and equitable.

Dated: Wilmington, DE
         April 19, 2007

                                     Respectfully Submitted,

                                     KLEHR, HARRISON, HARVEY, BRANZBURG &
                                     ELLERS, LLP


                                      /s/ Michael W. Yurkewicz
                                     Michael W. Yurkewicz (I.D. No. 4165)
                                     919 Market Street
                                     Suite 1000
                                     Wilmington, DE  19801
                                     (302) 426-1189

                                     - and -

                                     CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                     Lisa M. Schweitzer (*pro hac vice* pending*)*
                                     One Liberty Plaza
                                     New York, New York  10006
                                     (212) 225-2000

                                     Attorneys for Goldman Sachs Mortgage Company