**Schedule 3**

**Notice of Assumption and Assignment**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : |

### NOTICE OF NEW CENTURY'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE OF ITS SERVICING BUSINESS AND THE FIXING OF CURE COSTS ASSOCIATED THEREWITH

NOTICE IS HEREBY GIVEN, as follows:

1. On April 19, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure in the above-captioned chapter 11 cases of New Century Financial Corporation ("New Century"), and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the assumption and assignment of certain executory contracts, unexpired leases, and other agreements of the Debtors (the "Assumed Contracts" listed on Exhibit A attached hereto) in connection with the sale of New Century's Servicing Business (as defined in the Bidding Procedures Order). Certain of the Debtors will assume the Assumed Contracts and assign them to Carrington Mortgage Services, LLC ("Carrington") under the terms of an Amended and Restated Asset Purchase Agreement, dated as of April 19, 2007 between the Debtors party thereto (the "Sellers") and Carrington (as

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

amended, the "APA"), or alternatively to the "Successful Bidder" for the Servicing Business under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court in the Bidding Procedures Order.

2. The Debtors believe that any and all defaults (other than the filing of these chapter 11 cases) under the Assumed Contracts can be cured by the payment of the Cure Amounts listed on Exhibit A attached hereto.

3. Any objections to (i) the assumption and assignment of an Assumed Contract, or (ii) the amount asserted as the Cure Amount (each, an "Assumption and/or Cure Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Contract (the "Claimed Cure Amount").

4. To be considered a timely Assumption and/or Cure Objection, the Assumption and/or Cure Objection must be filed with the Bankruptcy Court and served upon (i) the United States Trustee for the District of Delaware; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 So. Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark T. Power, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee")); (v) Mayer, Brown, Rowe & Maw LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attention: Thomas S. Kiriakos, Esq. and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attention: Steven K. Kortanek, Esq. (attorneys for Carrington); and (vi) any other parties who have timely filed requests for notice under Bankruptcy Rule 2002 or who are entitled to notice under any case management procedures order, if any, entered in these cases prior to the Mailing Deadline; all to be actually received no later than May 14, 2007 at 4:00 p.m. (prevailing Eastern Time); *provided*, non-debtor parties to the Assumed Contracts may file objections to adequate assurance of future performance under the Assumed Contracts so as to be filed with the Bankruptcy Court to be actually received no later than May 17, 2007 at 4:00 p.m. by the foregoing parties. The "Sale Hearing" (as defined in the Bidding Procedures Order) shall be held commencing on either on May 18, 2007 at 10.00 a.m. (in the event that New Century does not receive at least one Qualified Topping Bid on or before the Bid Deadline) or on May 21, 2007 at 10:00 a.m. (prevailing Eastern Time) (if the Debtors timely receive such a Qualified Topping Bid from a Qualified Bidder) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in Room #5 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.

5. If an Assumption and/or Cure Objection is timely filed, a hearing with respect to that objection shall be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, in Room #5 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street,

Wilmington, Delaware 19801. A hearing regarding the Cure Amount(s), if any, for any Assumed Contracts may be continued at the sole discretion of New Century until after the Closing (as defined in the APA).

6. Unless the Assumption and/or Cure Objection is timely filed and served, the assumption and assignment of the applicable Assumed Contract will proceed without further notice at the hearing to approve the sale of the Servicing Business.

7. Parties that fail to file and serve timely Assumption and/or Cure Objections shall be deemed to have waived and released any and all rights to assert cure amounts different from the Cure Amounts listed on Exhibit A hereto and shall be forever barred and estopped from asserting or claiming against the pertinent Debtor, Carrington, or any assignee of any Assumed Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Contract with respect to the period prior to the date of assumption.

8. If no cure amounts are due under the Assumed Contract, and the non-debtor party to the Assumed Contract does not otherwise object to the pertinent Seller assumption and assignment of the Assumed Contract, no further action need to be taken on the part of that non-debtor party.

9. Assumption and/or Cure Objections that object solely to the Cure Amount may not prevent or delay the pertinent Seller's assumption and assignment of any Assumed Contracts. If a party objects solely to a Cure Amount, the pertinent Seller may, in its sole discretion, hold the Claimed Cure Amount in reserve pending further order of the Court or mutual agreement of the parties. So long as the pertinent Seller holds the Claimed Cure Amount in reserve, and there are no other unresolved objections to assumption and assignment, the pertinent Seller can, without further delay, assume and assign the Assumed Contract that is the subject of the objection. At that point, the objecting party's recourse is limited to the funds held in reserve.

10. A pertinent Seller's decision to assume and assign to Carrington the Assumed Contracts is subject to Court approval and the Closing. Accordingly, absent such Closing, any of the Assumed Contracts shall not be deemed assumed nor assigned, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Contracts: (1) shall not constitute or be deemed to be a determination or admission by any Seller or Carrington that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved); and (2) shall not constitute or be deemed to be a commitment by the pertinent Seller in favor of the non-debtor party to the pertinent contract or lease to assume such agreement or lease or by Carrington to have such document assigned to it at the Closing.

Dated: April ___, 2007
Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Brian Metcalf
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION