UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : | |
| | : | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: April 24, 2007 at 2:30 P.M.

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER GRANTING AN EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS (DOCKET ENTRY # 117)

In support of her objection to the motion of the Debtors and Debtors-in-possession for an order granting an extension of time to file schedules and Statements (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

### INTRODUCTION

1. Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2.	Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.	Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

### GROUNDS/BASIS FOR RELIEF

4.	In the Motion, the Debtors request an extension of time to file schedules and Statements through and including July 31, 2007, without prejudice to their rights to request a further extension.  Mot. ¶ 17, Proposed Order ¶¶ 3, 4.  The Local Rules of this Court provide a benchmark extension to debtors involved in "mega-cases" of fifteen days to file their schedules and Statements in addition to the fifteen permitted under Interim Bankruptcy Rule 1007(c), for a total of thirty days.  Del. Bankr. L.R. 1007-1(b).  Here, the Debtors resort to the standard reasons as to why they believe there is "cause" for an extension that is *four times* the initial thirty-day period for filing schedules and Statements:  these cases are big and complex, and the Debtors' professionals are busy with other matters at the beginning of the cases.  Mot. ¶¶ 16, 17.

5.	The Local Rules were designed with input from bankruptcy practitioners whose practices center on large chapter 11 filings.  Such practitioners know that "mega-cases" typically require an extraordinary amount of attention during the first thirty days.  Such practitioners also know that the assembly of schedules and Statements in large chapter 11 filings typically requires

the gathering of large amounts of information from multiple sources. In light of the input from these experienced chapter 11 practitioners, the Local Rules committee set the standard extension at thirty days.

      6.      In their Motion, the Debtors provide no explanation unique to these cases as to why a deviation from the thirty-day standard is justified. In that regard, two points are worth noting. First, the Debtors' application to employ O'Melveny & Myers LLP (Docket Entry # 137) suggests that the firm was counseling the Debtors with regard to restructuring matters as early as February 2007. In other words, attorneys who are well-aware of bankruptcy's disclosure requirements were positioned in advance of the Debtors' bankruptcy filings to prepare the Debtors' employees for the assembly and organization of the information necessary to complete the schedules and Statements. Second, the Debtors' announced intention to restate their financial results for the first three quarters of 2006 means that there is a dearth of "fresh," publicly-available data concerning the Debtors' finances and their property which parties in interest can rely upon. Assuming that the sales which the Debtors have proposed to date are closed, what assets remain to be sold, and which Debtors own that remaining property? How much were the Debtors' officers and directors paid during the year prior to the bankruptcy filings? Parties in interest are entitled to verified answers to the aforementioned questions sooner rather than later.

      7.      Accurate and timely preparation of the schedules and Statements are essential to the administration of bankruptcy cases generally and chapter 11 cases in particular. *See In re Okan's Foods, Inc.*, 217 B.R. 739, 753 (Bankr. E.D. Pa. 1998) (noting that parties in interest are entitled to rely upon a debtor's disclosures in its schedules). Contrary to the Debtors' assertions, the nature and pace of these cases require a prompt deadline for the completion of those items. The U.S. Trustee

will not object to a deadline of May 15, 2007 for the preparation of those documents, with prejudice to the Debtors' rights to request a further extension.

8.      In any event, the Debtors should not be permitted to seek a bar date for filing proofs of claim under Federal Rule of Bankruptcy Procedure 3003(c)(2) until accurate schedules and Statements are filed.  Creditors should be provided with the Debtors' position as to what they are owed before incurring the expenses associated with filing a proof of claim.  *See* 11 U.S.C. § 1111(a).

## **CONCLUSION**

WHEREFORE the UST requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

BY:  /s/ Joseph J. McMahon, Jr.
     Joseph J. McMahon, Jr., Esquire (# 4819)
     Trial Attorney
     United States Department of Justice
     Office of the United States Trustee
     J. Caleb Boggs Federal Building
     844 King Street, Room 2207, Lockbox 35
     Wilmington, DE  19801
     (302) 573-6491
     (302) 573-6497 (Fax)

Date:  April 20, 2007