UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : |  |
|  |  | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: April 24, 2007 at 2:30 P.M.

# RESPONSE OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER PROVIDING THAT CREDITORS' COMMITTEES ARE NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION
## (DOCKET ENTRY # 119)

In support of her response to the motion of the Debtors and Debtors-in-possession for an order providing that creditors' committees are not authorized or required to provide access to confidential information of the Debtors or to privileged information, (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1. Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this response.

**GROUNDS/BASIS FOR RELIEF**

4. The U.S. Trustee has two concerns with respect to the motion. First, the order should expressly preserve the rights of creditors described in 11 U.S.C. § 1102(b)(3)(A) to seek relief under 11 U.S.C. § 1102(b)(3) notwithstanding the other provisions of the order. Second, through the Motion, the Debtors seek to prohibit the Committee from providing access to Confidential Information to creditors who do not sit on the Committee (see ¶ 2 of the Proposed Order). The U.S. Trustee submits that authorizing the Committee to provide access to Confidential Information subject to a creditor's entry into an acceptable form of confidentiality agreement would strike a better balance between the Debtors' interests in protecting Confidential Information and the

obligations imposed by 11 U.S.C. § 1102(b)(3).[2]

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order consistent with this response.

                  Respectfully submitted,

                  **KELLY BEAUDIN STAPLETON**
                  **UNITED STATES TRUSTEE**

           **BY:**  /s/ Joseph J. McMahon, Jr.
                  Joseph J. McMahon, Jr., Esquire (# 4819)
                  Trial Attorney
                  United States Department of Justice
                  Office of the United States Trustee
                  J. Caleb Boggs Federal Building
                  844 King Street, Room 2207, Lockbox 35
                  Wilmington, DE  19801
                  (302) 573-6491
                  (302) 573-6497 (Fax)

Date:  April 20, 2007

---

[2] It does not appear that Paragraph 4 of the proposed form of order ("Any Creditors' Committee appointed in this case is authorized to enter into further confidentiality agreements governing the use and disclosure of Confidential Information and Privileged Information.") is intended to address entities that are not members of the Committee, given the restriction imposed by Paragraph 2 of the proposed form of order.