UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS,<br>  INC., a Delaware corporation, *et al.*,[1] | : |  |
|  |  | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: April 24, 2007 at 1:30 P.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER AUTHORIZING THE ACCESS SALE AND GRANTING RELATED RELIEF (DOCKET ENTRY # 231)**

In support of her objection to the motion of the Debtors and Debtors-in-possession pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an order authorizing the Access Sale and granting related relief (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

**INTRODUCTION**

1.       Under (i) (an) applicable order(s) of the United States District Court for the District

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.  Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.  Property of the Debtors' estates is not being sold pursuant to the Motion. *See* 11 U.S.C. § 363(b)(1). In Paragraph 12 of the Motion, the Debtors state:

> To be clear, this is a transaction between two non-debtors. However, the parties to the transaction have conditioned the closing on approval by this Court, which the Debtors assert is appropriate given that a Debtor, New Century TRS, owns all of the stock of New Century Warehouse. Moreover, the estates will receive direct benefits by way of releases of the claims State Street and Guaranty Bank each have on account of NCF's guarantees of their Warehouse Loans, and by virtue of substantially increasing the prospects that the estates may realize value from New Century TRS's stock in New Century Warehouse.

Given that property of the Debtors' estates is not being sold, this Court should deny the Debtors' request for approval of section 363-related findings and protections in connection with the Access Sale. *See* 28 U.S.C. § 157(b); *In re Murchinson*, 54 B.R. 721, 725 (Bankr. N.D. Tex. 1985) (proceeding to dispose of property which is not an estate asset is not a core matter; bankruptcy court

lacked jurisdiction to authorize sale of property pursuant to 11 U.S.C. § 363(b)(1)); *see also In re Insilco Techs., Inc.*, 351 B.R. 315, 321-22 (Bankr. D. Del. 2006) (sole shareholder of subsidiary does not have direct interest in assets and liabilities of subsidiary).

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

>Respectfully submitted,
>
>**KELLY BEAUDIN STAPLETON**
>**UNITED STATES TRUSTEE**
>
>
>**BY:**  /s/ Joseph J. McMahon, Jr.
>Joseph J. McMahon, Jr., Esquire (# 4819)
>Trial Attorney
>United States Department of Justice
>Office of the United States Trustee
>J. Caleb Boggs Federal Building
>844 King Street, Room 2207, Lockbox 35
>Wilmington, DE  19801
>(302) 573-6491
>(302) 573-6497 (Fax)

Date:  April 23, 2007