IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC. a Delaware corporation, et al., [1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date:  April 24, 2007 at 1:30 p.m.<br>Objection Deadline:  April 23, 2007 at 4:00 pm |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER AUTHORIZING THE ACCESS SALE AND GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al*. (the "Debtors"), by its proposed co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby files this limited objection (the "Committee's Objection") to the *Motion of the Debtors and Debtors-in-Possession Pursuant to Sections 105 and 363 of the Bankruptcy Code and*

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com,Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

*Bankruptcy Rules 2002 and 6004 for an Order Authorizing the Access Sale and Granting Related Relief* (the "Motion"), and respectfully states as follows:

## SUMMARY

1.     By their Motion, the Debtors seek authorization, as sole shareholder of New Century Warehouse Corporation, a wholly-owned non-debtor subsidiary ("NCWC"), of NCWC's sale of substantially all of its assets (the "Sale") to Access Holding Corporation (the "Buyer") pursuant to that certain proposed Asset Purchase Agreement attached to the Motion as Exhibit 1 (the "APA"). In response to the Committee's requests, the Debtors have been providing the Committee with additional information in order for the Committee to be in a position to evaluate properly the merits of the proposed Sale. Initially, the Debtors have represented to the Committee that they conducted extensive prepetition marketing efforts to find an alternative buyer for NCWC's assets, but that those efforts were unsuccessful. As a result, the Debtors believe, in the exercise of their business judgment, that they have two remaining alternatives: (1) consummate the Sale with the Buyer, or (2) liquidate the assets of NCWC. The Debtors believe that the estates will realize a greater net recovery if the proposed Sale is approved than if NCWC's assets are liquidated.

2.     With respect to the issue of whether the Debtors have sufficiently marketed NCWC's assets for sale in order to ensure the Court and the estates' creditors that the highest possible value is being obtained for these assets under the circumstances, the Committee takes no position, but instead leaves the Debtors to their proof on this issue at the hearing on the Motion. The Committee does, however, object to the terms of the Sale as proposed because the transaction contemplated in the APA does not provide the estates with sufficient assurances that the net recoveries to be realized from the Sale will exceed the likely net recoveries to be realized

from a liquidation of those assets. Accordingly, even if the Debtors can demonstrate that there are no alternative purchasers for the NCWC Business and that an auction is not a viable alternative, the Motion should be denied unless the terms of the Sale are modified to provide a guarantee of a minimum price that exceeds the estimated liquidation value of the NCWC Business.

3. In addition, the proposed form of order seeking approval of the Sale is overly broad and goes beyond the scope of the Court's jurisdiction with respect to approving the sale of a non-debtor subsidiary's assets. The order should be modified to reflect the fact that the transaction is being approved under section 363 of the Bankruptcy Code, as a transaction out of the Debtors' ordinary course of business, and authorize the Debtor, as the sole-shareholder of NCWC, to approve the Sale. Further, the Court should retain jurisdiction over any disputes that arise with respect to the Sale, the Buyer or NCWC.

## BACKGROUND

4. On April 2, 2007 (the "Petition Date"), the Debtors commenced with this Court voluntary cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which Cases are being jointly administered pursuant to an order of the Court. The Debtors are continuing their business and managing their affairs as debtors and debtors in possession.

5. On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors (the "Committee"). The Committee presently consists of the following members: Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National

minimum

Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., Maguire Properties – Park Place, LLC.

6.     On April 9, 2007, the Committee selected Hahn & Hessen LLP and Blank Rome LLP to serve as co-counsel to the Committee.

7.     The Debtors filed the Motion on April 13, 2007 and proposed to the Court that it set such Motion for a hearing on April 24, 2007, with an objection deadline of April 23, 2007, merely ten days after its filing.

8.     On April 16, 2007, this Court granted the Debtors' motion to shorten notice and set a hearing date of April 24, 2007.

9.     All capitalized terms used in this Objection and that are not defined in this Objection have the meanings given to them in the Motion.

## OBJECTION

### The Debtors Have Not Demonstrated That There is No Alternative to the Sale

10.     In support of the Motion, the Debtors state, without support, that the Buyer is the only entity appropriately situated to liquidate the NCWC loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities (the "NCWC Loans"), and that the Debtors do not believe that any other transaction with a reasonable likelihood for closing is available. However, the Debtors did not provide any facts in support of such statements. Although the Debtors have been cooperating with the Committee and provided some additional information after the Motion was filed, they have not yet provided an adequate demonstration that the NCWC Business has been appropriately marketed and that a distressed sale to the Buyer, without competitive bidding, is the only viable alternative to liquidation. The Committee, therefore, leaves the Debtors to their proof on this issue.

**Issues with the Sale and the Proposed Purchase Agreement**

11. The proposed APA is seriously flawed in numerous respects. Although it is our understanding that the proposed APA is being revised to address at least some of the concerns raised with Debtors' counsel after the Motion was filed, the basic structure of the transaction remains intact. The Buyer is paying $76,058.44 in cash at the closing of the Sale, with an unsecured promise to pay 60% of the Net Proceeds received by Buyer from the sale of the NCWC Loans (minus a $100,000 fee to Buyer). In essence, the Buyer is purchasing the ongoing NWCW Business for next to nothing, and will be paid a commission of $100,000 plus 40% of the Net Proceeds of the NCWC Loans that NCWC generated, at its expense, prior to Closing.

12. The Committee respectfully submits that $76,058.44 is an unacceptable minimum price for the NCWC Business and that the APA be amended to ensure that the minimum price paid to NCWC be not less than $5,000,000, which is the Committee's estimate of the minimum liquidation value of NWCW based on the information provided to it by the Debtors. This minimum purchase price should be evidenced by the Buyer issuing a promissory note to NCWC, secured by a lien against and security interest in substantially all of the Buyer's assets.

**The Form of the Proposed Sale Order Is Overly Broad**

13. While the Debtors concede that NCWC is a non-debtor entity, the Debtors seek to afford the proposed Sale some of the same protections as a sale of debtor assets under section 363 of the Bankruptcy Code, as if NCWC were in fact a debtor before this Court. This is inappropriate. *See In re Murchison*, 54 B.R. 721 (Bankr. N.D. Tex. 1985 (bankruptcy court lacked jurisdiction over the sale of a non-debtor subsidiary's assets themselves). The Committee submits that the proposed form of order needs to be modified to simply provide for the Debtor's

approval of the Sale in its capacity as NCWC's sole shareholder, which is required under applicable state corporate law. In addition, the order should specifically provide that the Court retains jurisdiction and the Buyer is subject to the Court's jurisdiction should any disputes arise with respect to the Sale, the Buyer or NCWC.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.

**WHEREFORE**, the Committee respectfully requests that (i) the Motion be denied unless Debtors demonstrate at the hearing that an auction of the NCWC Business is not in the best interests of the Debtors' estates, (ii) that even if the Debtors so demonstrate, the Motion be denied unless the APA is amended to, among other things, provide a minimum price that exceeds the estimated liquidation value of the NCWC Business, and (iii) such other and further relief as the Court deems appropriate.

Dated:   Wilmington, Delaware
         April 23, 2007

                              BLANK ROME LLP


                              Bonnie Glantz Fatell (No. 3809 )
                              1201 Market Street, Suite 800
                              Wilmington, Delaware 19801
                              Telephone:   (302) 425-6400
                              Facsimile:   (302) 425-6464

                              -and-

                              HAHN & HESSEN LLP
                              488 Madison Avenue
                              New York, New York 10022
                              (212) 478-7200 - telephone
                              (212) 478-7400 - fax
                              Attn:   Mark T. Power, Esq.
                                      Don Grubman, Esq.

                              Proposed Co-Counsel to the Official
                              Committee of Unsecured Creditors of New
                              Century TRS Holdings, Inc. *et al.*