

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket No. 23 |

### ORDER PURSUANT TO SECTIONS 356 AND 554 OF THE BANKRUPTCY CODE (A) AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) AUTHORIZING AND APPROVING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 365 and 554 of the Bankruptcy Code authorizing and approving (a) the rejection of certain unexpired leases of nonresidential real property and (b) procedures for rejecting executory contracts and unexpired leases of personal and non-residential real property; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 147 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 147; and adequate notice of the Motion and opportunity for

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

objection having been given, with no objections or requests for hearing having been filed; and it appearing that no other notice be given; and after due deliberation and sufficient cause therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The leases identified in Exhibit "A" hereto are hereby rejected with rejection effective, as of April 24, 2007.

3. The leases identified on Exhibit "B" hereto are hereby rejected with rejection effective the later of (i) April 30, 2007 or (ii) the date the Debtors unequivocally relinquished control of the premises to the affected landlord by turning over keys or "key codes" to the affected landlord.

4. With respect to any personal property of the Debtors located at any of the premises subject to the leases identified on Exhibits "A" or "B", the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of rejection of the underlying expired lease.

5. The Rejection Procedures are approved in connection with the rejection of any executory contract, lease or sublease, or interest in such lease or sublease of the Debtors during the Cases as follows:

   a. The Debtors will file a notice to reject any such executory contract, lease or sublease, or interest in such lease or sublease, pursuant to section 365 of the Bankruptcy Code (the "Notice"), and will serve the Notice via overnight delivery service upon (i) United States Trustee; (ii) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; (iii) counsel to the Official Committee of Unsecured

2

Creditors (the "Creditors Committee") (if any); (iv) the contract counter-party or landlord(s) affected by the Notice; and (v) any other parties in interest to the executory contract or lease, including subtenants, if any, sought to be rejected by the Debtors, (collectively, the "Service Parties"), advising such parties of the Debtors' intent to reject the specified executory contract, lease, sublease or interest, as well as the deadlines and procedures for filing objections to the Notice (as set forth below). If the Notice is issued by the Debtors prior to the effective date of a plan of reorganization, the affected executory contract, lease, sublease or interest in such lease or sublease shall be deemed to be subject to a motion to reject for all purposes.

  b. The Notice shall be in the form of <u>Exhibit C</u> to the Motion, and shall set forth the following information to the best of the Debtors' knowledge, as applicable: (i) the street address of the real property underlying the lease and/or sublease, the interest in such personal property lease or sublease or the type of executory contract which the Debtors seek to reject; (ii) the Debtors' monthly payment obligation, if any, under the contract, lease or sublease or interest in such lease or sublease; (iii) the remaining term of the contract, lease or sublease or interest in such lease or sublease; (iv) the name and address of the contract counter-party, landlord and/or subtenant; (v) a general description of the terms of the executory contract or lease; and (vi) a disclosure describing the procedures for filing objections, if any.

  c. Should a party in interest object to the proposed rejection by the Debtors of an executory contract lease or sublease or interest in such lease or sublease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties (collectively, the "Notice Parties")

3

no later than ten (10) days after the date the Debtors serve the Notice; (i) counsel to the Debtors: O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899, Attn: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq. (ii) counsel to the Creditors' Committee, if any; and (iii) the Office of the United States Trustee.

  d. Absent an objection being filed in compliance with subparagraph (c) of this order, the rejection of such executory contract, lease or sublease, or interest in such lease or sublease, shall become effective ten (10) days from the date the Notice was served on the Service Parties (the "Rejection Date") without further notice, hearing or order of this Court; provided, however, that with respect to leases or subleases for non-residential real property, such rejection shall become effective on the later of (x) the Rejection Date or (y) the date the Debtors unequivocally relinquished control of the premises to the affected landlord by turning over keys or "key codes" to the affected landlord (the "NRP Lease Rejection Date").

  e. If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection is properly filed and served. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such executory contract, lease or sublease, or interest in such lease or sublease shall be

4

deemed to have occurred on the Rejection Date or the NRP Lease Rejection Date, as applicable.

    f.    If the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or other arrangement, such lessor or contract counter-party may not setoff or otherwise use such deposit without the prior authority of the Court.

    g.    With respect to any personal property of the Debtors located at any of the premises subject to any Notice, the Debtors shall remove such property prior to the expiration of the period within which a party must file and serve a written objection pursuant to section (c) above. If the Debtors determine that the value of the property at a particular location has a *de minimis* value or cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Notice and, absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying unexpired lease.

    6.    The Rejection Procedures shall not apply to Servicing Agreements. If the Debtors seek to reject a Servicing Agreement, the Debtors will file a separate motion and give notice and an opportunity to be heard by the trustees under such Securitization Document and the effective date of rejection of a Servicing Agreement shall be not earlier than thirty (30) days after the order approving such rejection becomes final unless the Court shortens such time.

    7.    The Debtors shall remove any leased personal property from the underlying premises prior to relinquishing control of the premises to the affected landlord.

    8.    The Debtors, as well as their officers, employees, consultants and agents, are authorized and empowered to take all actions necessary to implement the relief granted in

this Order.

9. Upon the rejection of an executory contract, lease or sublease, or interest in such lease or sublease, pursuant to this order, all affected parties to such rejected executory contract, lease and/or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these reorganization cases, if any; and (ii) thirty (30) days after the Rejection Date.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 24, 2007
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE