## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| | : | **Re: Docket No. 150** |
| Debtors. | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH
AUCTION OF LOAN ORIGINATION PLATFORM ASSETS, (B) ESTABLISHING
PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) SCHEDULING HEARING
TO CONSIDER PROPOSED SALE OF LOAN ORIGINATION PLATFORM ASSETS
AND APPROVING FORM AND MANNER OF NOTICE THEREOF
AND (D) GRANTING RELATED RELIEF**

This matter coming before the Court on the Emergency Motion for (i) an Order (a)

Approving Bidding Procedures in Connection With Auction of Loan Origination Platform

Assets, (b) Establishing Procedures Relating to the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases, (c) Scheduling Hearing to Consider Proposed Sale of

Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (d)

Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Related Relief (the "<u>Bidding Procedures Motion</u>")[2]

, filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>");

after due deliberation and sufficient cause appearing, it is hereby

### FOUND AND DETERMINED THAT:[3]

A.   The Court has jurisdiction over the Bidding Procedures Motion and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the

Bidding Procedures Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   Due and proper notice of the Bidding Procedures Motion has been given

and no further notice is required.

C.   The Bidding Procedures, substantially in the form attached as Exhibit 1

hereto, are fair, reasonable and appropriate and are designed to maximize the recovery of the

Loan Origination Platform.

D.   The Debtors' proposed form and scope of Notices (as defined below) are

reasonable and appropriate and comply with all applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, and Local Rules for the United States Bankruptcy Court for the District of

Delaware, and are reasonably calculated to provide all interested parties with timely and proper

notice.

---

[2] Except as further described below, capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion. At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought the within relief with regard to the Wholesale Division (as defined in the Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Motion). Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

E.      The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Bidding Procedures Motion is approved on the terms set forth herein.

2.      Except as otherwise set forth herein, all objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.  As soon as practicable, but not later than one business day prior to the Bid Deadline, the Debtors shall inform General Electric Capital Corporation ("GECC"), GMAC CF and Countrywide (collectively ("Countrywide") and RBC Mortgage Company and RBC Holdco Corporation (collectively "RBC") (and with GECC and Countrywide, the "Objectors") whether or not their respective collateral may be included as part of the Loan Origination Platform.  As soon as practicable, but not later than one business day following the determination of the Successful Bid (as defined below), to the extent available the Debtors will provide Positive Software, Inc. (through its counsel) with a description of the assets proposed to be transferred through the Successful Bid--such information to include to the extent available, without limitation, any provisions of the Successful Bid that define or describe the assets to be transferred, the assets to be excluded from the bid, and any listing of assets attached to the bid.  The Objectors remaining objections to the Bidding Procedures Motion may be presented for the Court's consideration at the Sale Hearing.

3.      The Bidding Procedures, substantially in the form attached as Exhibit 1 hereto, are approved and shall govern all bids and bid proceedings relating to the sale of the Loan

3

Origination Platform.  Each of the Debtors is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4.    As further described in the Bidding Procedures, the deadline for submitting bids for the Loan Origination Platform (the "Bid Deadline") shall be May 2, 2007, at 5̶4:00 p.m. (prevailing Eastern Time).  No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures, including without limitation that the bid is in an amount that the Debtors deem in their sole discretion after consultation with the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee")[4]

 to be a sufficient offer for the Loan Origination Platform assets.

5.    The Debtors shall not modify the terms of the Bidding Procedures without the consent of the Creditors' Committee or Court approval.

6.    In the event that the Debtors timely receive one or more Qualified Bids, the Debtors may conduct an auction with respect to the Loan Origination Platform (the "Auction"). The Auction will take place starting on May 9, 2007 at a time selected by the Debtors which will be identified in the notice identifying the Qualified Bidders.  The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other time, date or location as designated by the Debtors in a notice to all Qualified Bidders.  The Debtors shall have the right to elect not to conduct the Auction or to

---

[4] Throughout this Order and the related Bidding Procedures, the phrase "after consultation with the OCUC" shall mean that the Debtors and the OCUC will use all reasonable efforts to reach a consensus on the matters set forth herein and if a consensus cannot be reached, the OCUC shall have the right with respect to such issue to seek an immediate hearing on the disputed issue and, if the dispute relates to the ongoing pursuit of a going concern sale of the Loan Origination Platform, the burden of proof on business judgment shall remain with the Debtors.  Failure of the OCUC to seek a hearing at any stage in the sale process shall not be deemed a waiver by the Committee of its objection to the sale process or any part thereof

4

proceed with the Auction if they determine in their sole discretion after consultation with the Creditors' Committee that no bids, alone or in the aggregate, have been submitted for the Loan Origination Platform assets that offer sufficient value for such assets.

7.    The Court will hold a hearing on May 3, 2007 at ——————2:30 p.m., only in the event that the Debtors and the Creditors' Committee notify the Court and parties in interest by ——:May 2, 2007, at ——6:00 p.m., that the Debtors and the Creditors' Committee have a dispute regarding determination of whether a Qualified Bid as defined in the Bidding Procedures has been submitted and whether the Sale process should continue.

8.    The Court shall hold a sale hearing (the "Sale Hearing") commencing on May —:15, 2007 at —:00—1:30 p.m. (prevailing Eastern Time), at which time, the Court will consider approval of the sale of the Loan Origination Platform, including, as further described herein, the Debtors' assumption and assignment of certain executory contracts and unexpired leases of the Debtors (the "Assumed Contracts"), to the Successful Bidder under the Bidding Procedures (the "Sale"). The Debtors shall mail notice of the Bid Deadline, Auction, and Sale Hearing (the "Notice of Bid Deadline, Auction, and Sale Hearing," substantially in the form attached hereto as Exhibit 2 as provided in paragraph —13 herein.

9.    Within two business days after the Bid Deadline, the Debtors shall send via email, facsimile or overnight mail notice to all of the non-debtor counterparties (and to RBC as assignor and/or assignee) to the Assumed Contracts identified by any Qualified Bid (i) the Notice of Assumption and Assignment (the "Notice of Assumption and Assignment"), substantially in the form attached hereto as Exhibit 3, and (ii) such financial or other information setting forth the Qualified Bidder's assurance of future performance under section 365 of the Bankruptcy Code as provided by the Qualified Bidder to the Debtors. The Notice of Assumption and Assignment

5

will set forth the intent of the Debtors to assume the Assumed Contracts and assign them to the Successful Bidder. If, prior to or at the Auction, the Successful Bidder designates any additional Assumed Contracts, then the Debtor shall provide as promptly as possible after the conclusion of the Auction to any non-debtor counterparty to such additional Assumed Contract (i) a Notice of Assumption and Assignment related to any such additional Assumed Contract and (ii) the Successful Bidder's financial or other information of adequate assurance of future performance.

10.     Notwithstanding any other provisions of this Bidding Procedures Order (including the Exhibits attached hereto), within 45 days after the Auction and/orconclusion of the Sale Hearing the Debtors may move the Court to assume and assign any additional executory contracts or unexpired leases not previously identified by the Successful Bidder pursuant to the procedures set forth in paragraph 9, supra.

11.     All objections to the sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts (other than as to the adequate assurance of future performance), must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 S. Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); and (v) any party entitled to notice

6

under Local Rule 2002-1(b); all so as to be received no later than May —,11, 2007 at —5:00

—p.m. (prevailing Eastern Time). Any objection based on adequate assurance of future

performance must be filed and served so as to be received by each of the parties identified in this

paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern Time). All

objections must state with specificity the nature of such objection and will be heard by the Court

at the Sale Hearing. Any objection based on adequate assurance of future performance may be

presented at the Sale Hearing.

        12.    The effective date of any assumption and assignment of any Assumed

Contract shall be the date of closing of the sale of the Loan Origination Platform. Any cure

amounts to be paid under any Assumed Contract will be paid after such cure amount is fixed by

the Court after notice and a hearing or agreed upon by the parties.

        13.    The notices described in subparagraphs (a)-(dc) below (collectively, the

"Notices") shall be good and sufficient, and no other or further notice shall be required if given

as follows:

      a.     The Debtors shall serve within two (2) business days after entry of the Bidding
            Procedures Order (the "Mailing Deadline"), by overnight courier, electronic mail
            or same-day messenger delivery, copies of the Bidding Procedures Order and the
            Notice of Bid Deadline, Auction and Sale Hearing Notice upon: (i) the United
            States Trustee for the District of Delaware, (ii) the attorneys for the Creditors'
            Committee, (iii) Contact Parties and other parties in interest and prospects that
            have or may be identified as potential bidders for the Loan Origination Platform,
            (iv) all parties known or reasonably believed to have asserted a secured claim
            against the Loan Origination Platform assets, (v) the Internal Revenue Service,
            (vi) all state or federal governmental agencies having jurisdiction over the Loan
            Origination Platform assets, (vii) all applicable state and local taxing authorities,
            and (viii) any parties entitled to notice under Local Rule 2002-1(b).

      b.     Within two business days after the Bid Deadline, the Debtors shall serve, via
            email, facsimile, or overnight mail to all of the non-debtor counterparties (and to
            RBC as assignor and/or assignee) to the Assumed Contracts identified by any
            Qualified Bid (i) the Notice of Assumption and Assignment and (ii) such financial
            or other information setting forth the Qualified Bidder's assurance of future

7

performance under section 365 of the Bankruptcy Code as provided by the Qualified Bidder to the Debtors. The Notice of Assumption and Assignment will set forth the intent of the Debtors to assume the Assumed Contracts and assign them to the Successful Bidder. If, prior to or at the Auction, the Successful Bidder designates any additional Assumed Contracts, then the Debtor shall provide as promptly as possible after the conclusion of the Auction (i) a Notice of Assumption and Assignment related to any such additional Assumed Contract and (ii) the Successful Bidder's financial or other information of adequate assurance of future performance to any non-debtor counterparty to such additional Assumed Contract.

c.    On the Mailing Deadline, or as soon as practicable thereafter, the Debtors shall publish the Notice of Bid Deadline, Auction, and Sale Hearing in The Wall Street Journal (National Edition).

14.    The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bidding Procedures Motion or the Debtors' assumption and assignment of any Assumed Contract, or the consummation and performance of the Sale of the Loan Origination Platform with the Successful Bidder, including the transfer free and clear of all liens, claims, encumbrances, and interests of the assets constituting the Loan Origination Platform transferred as part of the Sale.

15.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order. Each of the Debtors is hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Bidding Procedures Order.

16.    Notwithstanding Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: _____, 2007

8

Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

9

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 150** |
| | : | |

## BIDDING PROCEDURES FOR THE SALE OF LOAN ORIGINATION PLATFORM

      The following bidding procedures, which were approved by order of the Bankruptcy Court dated April —[25], 2007 (the "Bidding Procedures") shall govern the auction process for the Loan Origination Platform.[2]  The Debtors will seek entry of an order from the Bankruptcy Court authorizing and approving the sale of the Loan Origination Platform free and clear of liens, claims, and encumbrances to the Successful Bidder (defined below) as may be made at the Auction (defined below).

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2]  Except as further described below, capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion of Debtors and Debtors in Possession for (i) an Order (a) Approving Bidding Procedures in Connection With Auction of Loan Origination Platform Assets, (b) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (c) Scheduling Hearing to Consider Proposed Sale of Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (d) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief [Dkt. No. 150] ("Bidding Procedures Motion").  At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought relief with regard to the Wholesale Division (as defined in the Bidding Procedures Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Bidding Procedures Motion).  Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division.

1.    Approvals. The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and in compliance with (i) the applicable provisions of the Bankruptcy Code; (ii) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) other applicable rules and law; and (iv) the terms of the Modified APA (as defined below).

2.    Assets to be Sold. The Auction shall consist of the Loan Origination Platform free and clear of claims, interests, liens, and encumbrances.

3.    Confidentiality Agreements. Information relevant to the Loan Origination Platform for evaluation by interested parties, including certain books and records, material contracts and other financial and operational information for due diligence investigation, will be made available via an online data room on intralinks to bidders who have executed a valid nondisclosure agreement. Specific information for accessing the dataroom will be provided after execution of such agreements. The Debtors may, in their sole discretion, schedule management presentations and make management otherwise available to selected bidders prior to the Bid Deadline. The diligence period will take place from April 24, 2007 through May 2, 2007.[3]

4.    Determination of "Qualified Bidder" Status. In order to participate in the bidding process and be deemed a "Qualified Bidder," each potential bidder must deliver to the Debtors, with copies to the Official Committee of Unsecured Creditors (the "OCUC"), a written and binding offer that:

(a)    states such bidder, on its own or together with other Qualified Bidder(s), offers to purchase some or all of the assets comprising the Loan Origination Platform;

(b)    states such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Loan Origination Platform upon the terms and conditions substantially in the form of the draft asset purchase agreement (an "APA") submitted by the Debtors to potential bidders;

(c)    be accompanied by a clean and duly executed asset purchase agreement (a "Modified APA") and a marked Modified APA reflecting any variations from the APA submitted by the Debtors;

(d)    states such bidder is financially capable of consummating the transactions contemplated by the Modified APA and is qualified to originate loans in the states where the Loan Origination Platform operates in accordance with applicable non-bankruptcy law;

(e)    states such Qualified Bidder's offer is irrevocable until the closing of the purchase of the Loan Origination Platform if such bidder is the Successful Bidder or the Back-up Bidder (as defined below);

---

[3] The Debtors commenced the marketing of the Loan Origination Platform on or about April 9, 2007 and that process continues subject to these bid procedures.

2

(f)    contains such financial and other information that will allow the Debtors to make a reasonable determination in their sole discretion after consultation with the OCUC[4] as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code (if applicable) in a form requested by the Debtors to allow the Debtors to serve such information by email, facsimile or overnight mail within two business day after receipt of such information on counter-parties (and to RBC Mortgage Company and RBC Holdco Corporation (collectively, "RBC"), collectively as assignor and/or assignee) to any contracts or leases being assigned in connection with the proposed sale;

(g)    states that such Qualified Bidder's offer shall be subject to, and comply with, the provisions of the Gramm-Leach Bliley Financial Services Modernization Act, if applicable, and other Federal and State consumer protection acts or statutes if applicable;

(h)    to the extent known, identifies with particularity each and every executory contract and unexpired lease, the assumption and assignment of which is a condition to closing, and provides the financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code as required by subparagraph (f), above;

(i)    does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

(j)    fully discloses the identity of each entity that will be bidding for the Loan Origination Platform or otherwise participating in connection with such bid, and the complete terms of any such participation;

(k)    (i) does not contain any due diligence, financing, or other conditions or contingencies of any kind (other than the conditions specified in the APA); and (ii) contains evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Loan Origination Platform, which evidence is reasonably satisfactory to the Debtors;

(l)    includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA;

---

[4] Throughout these bid procedures and related Order, the phrase "after consultation with the OCUC" shall mean that the Debtors and the OCUC will use all reasonable efforts to reach a consensus on the matters set forth herein and if a consensus cannot be reached, the OCUC shall have the right with respect to such issue to seek an immediate hearing on the disputed issue and, if the dispute relates to the ongoing pursuit of a going concern sale of the Loan Origination Platform, the burden of proof on business judgment shall remain with the Debtors. Failure of the OCUC to seek a hearing at any stage in the sale process shall not be deemed a waiver by the Committee of its objection to the sale process or any part thereof.

        (m)    is accompanied by a cash deposit of at least $1,000,000 (the "Good Faith Deposit");

        (n)    is in an amount that the Debtors deem in their sole discretion after consultation with the OCUC to be a sufficient offer for the Loan Origination Platform assets; and

        (o)    states that such bidder acknowledges that the Debtors, after consultation with the OCUC, have the absolute right to conclude that a sale of the Loan Origination Platform is not warranted and cease the sale process at any time without further order of the Court.

A bid meeting the above requirements shall constitute a "Qualified Bid" and such bidder shall be a "Qualified Bidder." The Debtors may aggregate separate bids from Qualified Bidders to create a Qualified Bid. For the purpose of clarity, any bid which is comprised in whole or in part of a credit bid shall not constitute a determination of, or evidence of, the value of the subject property for any purpose or proceeding in the Debtors' bankruptcy cases. The Debtors shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 5:00 p.m. (prevailing Eastern time) on May 7, 2007.

     5.    <u>Bid Deadline</u>. All Qualified Bids must be submitted no later than 5~~4~~:00 p.m. (prevailing Eastern time) on May 2, 2007 (the "<u>Bid Deadline</u>") to:

        (i)    The Debtors:

Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020
Facsimile: (212) 830-3647
Email: richard.puccio@lazard.com
Attention:    Richard Puccio

with a copy to:

O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Facsimile: (415) 984-8701
Email: bchristensen@omm.com
Attention:  Suzzanne Uhland, Esq.
               C. Brophy Christensen, Esq.

-and-

4
4

Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
Facsimile: (302) 651-7701
Email: ramos@rlf.com
Attention:      Mark D. Collins, Esq.
                      Marcos A. Ramos, Esq.

(ii)      Official Committee of Unsecured Creditors:

Hahn & Hessen LLP
488 Madison Avenue
New York NY 10022
Facsimile: (212) 478-7400
Email: mindelicato@hahnhessen.com
Attention:      Mark S. Indelicato, Esq.

- and-

Blank Rome LLP
Chase Manhattan Centre
1201 North Market Street
Suite 800
Wilmington, DE 19801
Facsimile: (302) 425-6464
Email: fatell@blankrome.com
Attention:      Bonnie G. Fatell, Esq.

Within two (2) business days after the Bid Deadline, the Debtors will notify any non-debtor party (and to RBC as assignor and/or assignee) to any executory contract or unexpired lease identified to be assumed and assigned by a Qualified Bid that such contract or lease has been identified by the Qualified Bid and of such financial or other information of adequate assurance of future performance as provided by the Qualified Bidder to the Debtors.

6.      Auction.  In the event that the Debtors timely receive one or more Qualified Bids that they deem in their sole discretion after consultation with the OCUC to constitute a sufficient bid for the Loan Origination Platform assets, the Debtors shall conduct an auction with respect to the Loan Origination Platform (the "Auction").  The Auction will take place starting on May 9, 2007 at a time selected by the Debtors which will be identified in the notice identifying the Qualified Bidders.  The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other time, date or location as designated by the Debtors in a notice to all Qualified Bidders.  The Auction shall be governed by the following procedures:

       (a)     Only representatives of the Debtors, Qualified Bidders and the OCUC shall be entitled to be present at the Auction;

       (b)     Only Qualified Bidders shall be entitled to make bids at the Auction;

       (c)     Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

       (d)     The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative;

       (e)     Bidding shall commence at the amount of the highest Qualified Bid submitted by the Qualified Bidders prior to the Auction;

       (f)     Qualified Bidders may then submit successive bids in increments of at least $250,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $250,000 higher than the previous bid, subject to the Debtors' discretion after consultation with the OCUC to modify the amount of such increments;

       (g)     All Qualified Bidders shall have the right to submit additional bids and make additional modifications to their Modified APA at the Auction;

       (h)     The Auction will be conducted so that each Qualified Bidder will be informed of the terms of the previous bid;

       (i)     The Auction shall continue until there is only one offer or combination of offers that the Debtors, after consultation with the OCUC, determine, subject to Court approval, is the highest and best offer from among the Qualified Bidders submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors may weigh a number of considerations including, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates. The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser as set forth in the Modified APA. Prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of the Auction shall not be considered by the Court.

       7.     <u>Back-Up Bidder and Return of Deposits</u>. If an Auction is conducted, the party with the next highest or otherwise best Qualified Bid, as determined by the Debtors in the exercise of their business judgment, after consultation with the OCUC, at the Auction shall be required to serve as a back-up bidder (the "<u>Back-up Bidder</u>") and keep such bid open and irrevocable until after the closing of the sale transaction with the Successful Bidder. Following

RLF1-3136716-34

the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bid, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.

Except as otherwise provided herein, the Good Faith Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-up Bidder shall be held by the Debtors until after the closing of the sale transaction with the Successful Bidder.

8.    Sale Hearing. The Successful Bid will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Loan Origination Platform to the Successful Bidder (the "Sale Hearing") will take place on May —,15, 2007 at —:—1:30 p.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard, before the Honorable Kevin J. Carey, United States Bankruptcy Court, District of Delaware, 824 Market Street, 5th Floor, Courtroom #5, Wilmington, Delaware 19801. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

Please be further advised that all objections to the sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts (other than as to the adequate assurance of future ~~payments~~performance), must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 S. Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); and (v) any party entitled to notice under Local Rule 2002-1(b); all so as to be received no later than May —,11, 2007 at —:—0—5:00 p.m. (prevailing Eastern Time). Any objection based on adequate assurance of future performance must be filed and served so as to be received by each of the parties identified in this paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern Time). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing. ~~Any objection based on adequate assurance of future performance may be presented at the Sale Hearing.~~

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC , | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### NOTICE OF SALE HEARING

PLEASE BE ADVISED that the certain of the above captioned debtor and debtors in possession (the "Debtors"), as more fully set forth in the Debtors' motion filed with United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April —,9, 2007 for (i) an order (a) approving bidding procedures in connection with an auction of the Debtors' loan origination platform assets (the "Loan Origination Platform"), (b) establishing certain procedures relating to the assumption and assignment of certain executory contracts and unexpired leases in connection with a proposed sale of the Loan Origination Platform (the "Sale"), (c) scheduling a hearing (the "Sale Hearing") to consider approval of the Sale and approving the form and manner of notice thereof and (d) granting certain related relief and (ii) an order approving the Sale, including the assumption and assignment of executory contracts and unexpired leases in connection therewith, and granting related relief (the "Bidding Procedures Motion"), seek to sell the Loan Origination Platform to the Successful Bidder[2] free and clear or any claims, liens, interests and/or other encumbrances pursuant to section 363(f) of title 11 of the United States Code.

PLEASE BE FURTHER ADVISED that on April —,|25|, 2007, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set key dates and times relating to the sale of the Loan Origination Platform. *All interested bidders should carefully read the Bidding Procedures*.  To the extent there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this Sale Notice, the terms of the Bidding Procedures shall control.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, an Auction of the Loan Origination Platform will take place starting on May 9, 2007 at a time selected by the Debtors which will be identified in the notice identifying the Qualified Bidders.  The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other location, time or date as designated by the Debtors in a notice to all Qualified Bidders.  Only representatives of Debtors, Qualified Bidders, as defined in the Bidding Procedures, the Official Committee of Unsecured Creditors and their advisors are permitted to attend the Auction.  Only Qualified Bidders may bid at the Auction.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, all Qualified Bids must be submitted no later than 5,4:00 p.m. (prevailing Eastern time) on May 2, 2007 (the "Bid Deadline") and served on the parties indicated in the Bidding Procedures and comply with all requirements set forth in the Bidding Procedures in order to become a Qualified Bid.

PLEASE BE FURTHER ADVISED that the hearing to approve any Qualified Bid accepted by the Debtors at the Auction and sale of the Loan Origination Platform to the Successful Bidder will be held at ———a1:30 p.m. (Prevailing Eastern Time), on May ——,15, 2007, in the Bankruptcy Court, located at 844 King Street, Wilmington, Delaware 19801, or at such time thereafter as counsel may be heard or at such time as the Bankruptcy Court may determine.  Any objectionobjections to the proposed sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts must set forth, in writing, with particularity, the grounds for such objection or other statements or position, and must be filed with the Bankruptcy Court and served upon (i) the United States Trustee for the District of Delaware; (ii) O'Melveny & Myers LLP, 400 So. Hope St , Los Angeles, CA

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc  (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P  (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp , a California corporation; New Century R.E.O  II Corp , a California corporation; New Century R.E.O. III Corp , a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership

[2] Except as further described below, capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion  At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought relief with regard to the Wholesale Division (as defined in the Bidding Procedures Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Bidding Procedures Motion)  Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division

90071, Attention: Ben H. Logan, Esq. and O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne Uhland, Esq. and C. Brophy Christensen, Esq. (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq., (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for the Creditors' Committee); (v) any party entitled to notice under Local Rule 2002-1(b), so as to be actually received no later than May ~~——,~~ 11, 2007 at ~~—:00 —.m.~~5:00 p.m. (prevailing Eastern Time) (other than as to objections based on the adequate assurance of future performance). Any objection based on adequate assurance of future performance must be filed and served so as to be received by each of the parties identified in this paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern Time). Any objection not conforming to the foregoing may not be considered by the Bankruptcy Court.

　　　　　PLEASE BE FURTHER ADVISED that if the sale of the Loan Origination Platform is approved any party that believes it may have a claim, lien, or other interest or encumbrance against, on, in or otherwise relating to any of the assets shall be forever barred from enforcing such claim, lien, interest or other encumbrance against the Successful Bidder as the Debtors may choose at the Auction

　　　　　PLEASE BE FURTHER ADVISED that, all requests for information concerning the sale of the Loan Origination Platform should be directed to the undersigned counsel for the Debtors. Copies of the Bidding Procedures Motion, Bidding Procedures and Bidding Procedures Order are available online at http://www.xroadscms.net/newcentury.

Wilmington, Delaware
Dated: April [ ], 2007

Mark D. Collins (No. 2981)　　　　　　　　　　Ben H. Logan
Michael J. Merchant (No. 3854)　　　　　　　　Suzzanne S. Uhland
Marcos A. Ramos (No. 4450)　　　　　　　　　Brian M. Metcalf
RICHARDS, LAYTON & FINGER, P.A.　　　　　Emily R. Culler
One Rodney Square　　　　　　　　　　　　　O'MELVENY & MYERS LLP
P.O. Box 551　　　　　　　　　　　　　　　　275 Battery Street
Wilmington, Delaware 19899　　　　　　　　　San Francisco, California  94111
(302) 651-7700　　　　　　　　　　　　　　　(415) 984-8700

Counsel for the Debtors and Debtors in Possession

Document comparison done by DeltaView on Tuesday, April 24, 2007 7:16:58 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://IM-DMS1/RLF1/3136713/3 |
| Document 2 | interwovenSite://IM-DMS1/RLF1/3136713/4 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    :        Chapter 11
                                          :
**NEW CENTURY TRS HOLDINGS,**             :        Case No. 07-10416 (KJC)
**INC., a Delaware corporation, et al.,**[1] :
                                          :        **Jointly Administered**
                        Debtors.          :
                                          :
                                          :

**NOTICE OF NEW CENTURY'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH
THE PROPOSED SALE OF LOAN ORIGINATION PLATFORM**

NOTICE IS HEREBY GIVEN, as follows:

1.        On April —[25], 2007, the United States Bankruptcy Court for the District
of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"),
pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy
Code") and rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure in
the above-captioned chapter 11 cases of New Century Financial Corporation and its affiliated
debtors and debtors-in-possession (collectively, the "Debtors"), approving, among other things, a
process for the Debtors' assumption and assignment of certain executory contracts, unexpired
leases, and other agreements of the Debtors (the "Assumed Contracts" listed on Exhibit A
attached hereto) in connection with the sale of the Loan Origination Platform (as defined in the
Bidding Procedures Order).[2]

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT,
Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a
Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage
Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital
Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com,
Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a
California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership;
NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New
Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New
Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort
Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage,
Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a
Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a
Delaware limited partnership.

[2]    Except as further described below, capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Emergency Motion of Debtors and Debtors in Possession for (i) an Order (a)
Approving Bidding Procedures in Connection With Auction of Loan Origination Platform Assets, (b) Establishing
Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases,
Including Notice of Proposed Cure Amounts, (c) Scheduling Hearing to Consider Proposed Sale of Loan
Origination Platform Assets and Approving Form and Manner of Notice Thereof and (d) Granting Related Relief

2.    Certain of the Debtors currently intend to assume the Assumed Contracts and assign them to the Successful Bidder under the terms of the Asset Purchase Agreement, dated as of _____, 2007 between the Debtors thereto (the "Sellers") and the Successful Bidder (the "APA"), for the Loan Origination Platform and pursuant to the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court in the Bidding Procedures Order.

3.    As required by the Bidding Procedures Order, the Debtors are providing each non-debtor party to the Assumed Contracts (and to RBC Mortgage Company and RBC Holdco Corporation (collectively, "RBC"), collectively as assignor and/or assignee) such financial or other information setting forth the Qualified Bidder's assurance of future performance under section 365 of the Bankruptcy Code as provided by the Qualified Bidder to the Debtors.

4.    If, prior to or at the Auction, the Successful Bidder designates any additional Assumed Contracts, then the Debtor shall provide as promptly as possible after the conclusion of the Auction to any non-debtor counterparty (and to RBC as assignor and/or assignee) to such additional Assumed Contract (i) a Notice of Assumption and Assignment related to any such additional Assumed Contract and (ii) the Successful Bidder's financial or other information of adequate assurance of future performance.

5.    Notwithstanding any other provision of the Bidding Procedures Order (including the Exhibits attached thereto), after the Auction and/or Sale Hearing the Debtors may move the Court to assume and assign any additional executory contracts or unexpired leases not previously identified by the Successful Bidder.

6.    The Successful Bid will be subject to approval by the Bankruptcy Court. The hearing to approve the sale of the Loan Origination Platform to the Successful Bidder (the "Sale Hearing") will take place on May —,15, 2007 at —:—-1:30 p.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard, before the Honorable Kevin J. Carey, United States Bankruptcy Court, District of Delaware, 824 Market Street, 5th Floor, Courtroom #5, Wilmington, Delaware 19801. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

7.    All objections to the sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts (other than as to the adequate assurance of future paymentsperformance), must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 S.

---

and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief [Dkt. No. 150] ("Bidding Procedures Motion"). At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought relief with regard to the Wholesale Division (as defined in the Bidding Procedures Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Bidding Procedures Motion). Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division.

Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors);
(iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention:
Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison
Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP,
Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention:
Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); and (v) any party entitled to
notice under Local Rule 2002-1(b); all so as to be received no later than May ~~——,~~11, 2007 at
~~——:—0——~~5:00 p.m. (prevailing Eastern Time).  Any objection based on adequate assurance
of future performance must be filed and served so as to be received by each of the parties
identified in this paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern
Time).  All objections must state with specificity the nature of such objection and will be heard
by the Court ~~at the Sale Hearing.  Any objection based on adequate assurance of future
performance may be presented~~ at the Sale Hearing.

8.      The effective date of any assumption and assignment of any Assumed
Contract shall be the date of closing of the sale of the Loan Origination Platform.  Any cure
amounts to be paid under any Assumed Contract will be paid after such cure amount is fixed by
the Court after notice and a hearing or agreed upon by the parties.

9.      Except as provided herein, the failure of any objecting person or entity to
timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any
objection to the Bidding Procedures Motion or the Debtors' assumption and assignment of any
Assumed Contract, or the consummation and performance of the Sale of the Loan Origination
Platform with the Successful Bidder, including the transfer free and clear of all liens, claims,
encumbrances, and interests of the assets constituting the Loan Origination Platform transferred
as part of the Sale.

10.      A pertinent Debtor's decision to assume and assign to the Successful
Bidder the Assumed Contracts is subject to Court approval and closing of the sale of the Loan
Origination Platform.  Accordingly, absent such approval and closing, any of the Assumed
Contracts shall not be deemed assumed nor assigned, and shall in all respects be subject to
further administration under the Bankruptcy Code.  The inclusion of any document on the list of
Assumed Contracts shall not constitute or be deemed to be a determination or admission by any
Debtor or Successful Bidder that such document is, in fact, an executory contract or unexpired
lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly
reserved).

Dated:  April _, 2007
       Wilmington, Delaware

                        _____

                        Mark D. Collins (No. 2981)
                        Michael J. Merchant (No. 3854)
                        Marcos A. Ramos (No. 4450)
                        RICHARDS, LAYTON & FINGER, P.A.
                        One Rodney Square
                        P.O. Box 551
                        Wilmington, Delaware 19899
                        (302) 651-7700

                              -and-

                        Suzzanne S. Uhland
                        Ben H. Logan
                        Brian Metcalf
                        O'MELVENY & MYERS LLP
                        275 Battery Street
                        San Francisco, California  94111
                        (415) 984-8700

                        PROPOSED ATTORNEYS FOR DEBTORS
                        AND DEBTORS IN POSSESSION

# EXHIBIT A