IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket No. 150** |
| | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH
AUCTION OF LOAN ORIGINATION PLATFORM ASSETS, (B) ESTABLISHING
PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) SCHEDULING HEARING
TO CONSIDER PROPOSED SALE OF LOAN ORIGINATION PLATFORM ASSETS
AND APPROVING FORM AND MANNER OF NOTICE THEREOF
AND (D) GRANTING RELATED RELIEF**

This matter coming before the Court on the Emergency Motion for (i) an Order (a) Approving Bidding Procedures in Connection With Auction of Loan Origination Platform Assets, (b) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (c) Scheduling Hearing to Consider Proposed Sale of Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (d) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Related Relief (the "Bidding Procedures Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); after due deliberation and sufficient cause appearing, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over the Bidding Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Bidding Procedures Motion has been given and no further notice is required.

C. The Bidding Procedures, substantially in the form attached as Exhibit 1 hereto, are fair, reasonable and appropriate and are designed to maximize the recovery of the Loan Origination Platform.

D. The Debtors' proposed form and scope of Notices (as defined below) are reasonable and appropriate and comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules for the United States Bankruptcy Court for the District of

---

[2] Except as further described below, capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion. At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought the within relief with regard to the Wholesale Division (as defined in the Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Motion). Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Delaware, and are reasonably calculated to provide all interested parties with timely and proper notice.

  E. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1. The Bidding Procedures Motion is approved on the terms set forth herein.

  2. Except as otherwise set forth herein, all objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits. As soon as practicable, but not later than one business day prior to the Bid Deadline, the Debtors shall inform General Electric Capital Corporation ("GECC"), GMAC CF and Countrywide (collectively ("Countrywide") and RBC Mortgage Company and RBC Holdco Corporation (collectively "RBC") (and with GECC and Countrywide, the "Objectors") whether or not their respective collateral may be included as part of the Loan Origination Platform. As soon as practicable, but not later than one business day following the determination of the Successful Bid (as defined below), to the extent available the Debtors will provide Positive Software, Inc. (through its counsel) with a description of the assets proposed to be transferred through the Successful Bid--such information to include to the extent available, without limitation, any provisions of the Successful Bid that define or describe the assets to be transferred, the assets to be excluded from the bid, and any listing of assets attached to the bid. The Objectors remaining objections to the Bidding Procedures Motion may be presented for the Court's consideration at the Sale Hearing.

3.      The Bidding Procedures, substantially in the form attached as Exhibit 1 hereto, are approved and shall govern all bids and bid proceedings relating to the sale of the Loan Origination Platform. Each of the Debtors is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4.      As further described in the Bidding Procedures, the deadline for submitting bids for the Loan Origination Platform (the "Bid Deadline") shall be May 2, 2007, at 4:00 p.m. (prevailing Eastern Time). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures, including without limitation that the bid is in an amount that the Debtors deem in their sole discretion after consultation with the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee")[4] to be a sufficient offer for the Loan Origination Platform assets.

5.      The Debtors shall not modify the terms of the Bidding Procedures without the consent of the Creditors' Committee or Court approval.

6.      In the event that the Debtors timely receive one or more Qualified Bids, the Debtors may conduct an auction with respect to the Loan Origination Platform (the "Auction"). The Auction will take place starting on May 9, 2007 at a time selected by the Debtors which will be identified in the notice identifying the Qualified Bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times

---

[4] Throughout this Order and the related Bidding Procedures, the phrase "after consultation with the OCUC" shall mean that the Debtors and the OCUC will use all reasonable efforts to reach a consensus on the matters set forth herein and if a consensus cannot be reached, the OCUC shall have the right with respect to such issue to seek an immediate hearing on the disputed issue and, if the dispute relates to the ongoing pursuit of a going concern sale of the Loan Origination Platform, the burden of proof on business judgment shall remain with the Debtors. Failure
(Continued...)

4

Square, New York, NY 10036, or such other time, date or location as designated by the Debtors in a notice to all Qualified Bidders. The Debtors shall have the right to elect not to conduct the Auction or to proceed with the Auction if they determine in their sole discretion after consultation with the Creditors' Committee that no bids, alone or in the aggregate, have been submitted for the Loan Origination Platform assets that offer sufficient value for such assets.

7.   The Court will hold a hearing on May 3, 2007 at 2:30 p.m., only in the event that the Debtors and the Creditors' Committee notify the Court and parties in interest by May 2, 2007, at 6:00 p.m., that the Debtors and the Creditors' Committee have a dispute regarding determination of whether a Qualified Bid as defined in the Bidding Procedures has been submitted and whether the Sale process should continue.

8.   The Court shall hold a sale hearing (the "Sale Hearing") commencing on May 15, 2007 at 1:30 p.m. (prevailing Eastern Time), at which time, the Court will consider approval of the sale of the Loan Origination Platform, including, as further described herein, the Debtors' assumption and assignment of certain executory contracts and unexpired leases of the Debtors (the "Assumed Contracts"), to the Successful Bidder under the Bidding Procedures (the "Sale"). The Debtors shall mail notice of the Bid Deadline, Auction, and Sale Hearing (the "Notice of Bid Deadline, Auction, and Sale Hearing," substantially in the form attached hereto as Exhibit 2 as provided in paragraph 13 herein.

9.   Within two business days after the Bid Deadline, the Debtors shall send via email, facsimile or overnight mail notice to all of the non-debtor counterparties (and to RBC as assignor and/or assignee) to the Assumed Contracts identified by any Qualified Bid (i) the

---

of the OCUC to seek a hearing at any stage in the sale process shall not be deemed a waiver by the Committee of its objection to the sale process or any part thereof.

Notice of Assumption and Assignment (the "Notice of Assumption and Assignment"), substantially in the form attached hereto as Exhibit 3, and (ii) such financial or other information setting forth the Qualified Bidder's assurance of future performance under section 365 of the Bankruptcy Code as provided by the Qualified Bidder to the Debtors. The Notice of Assumption and Assignment will set forth the intent of the Debtors to assume the Assumed Contracts and assign them to the Successful Bidder. If, prior to or at the Auction, the Successful Bidder designates any additional Assumed Contracts, then the Debtor shall provide as promptly as possible after the conclusion of the Auction to any non-debtor counterparty to such additional Assumed Contract (i) a Notice of Assumption and Assignment related to any such additional Assumed Contract and (ii) the Successful Bidder's financial or other information of adequate assurance of future performance.

      10. Notwithstanding any other provisions of this Bidding Procedures Order (including the Exhibits attached hereto), within 45 days after the conclusion of the Sale Hearing the Debtors may move the Court to assume and assign any additional executory contracts or unexpired leases not previously identified by the Successful Bidder pursuant to the procedures set forth in paragraph 9, supra.

      11. All objections to the sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts (other than as to the adequate assurance of future performance), must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 S. Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors); (iii)

Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); and (v) any party entitled to notice under Local Rule 2002-1(b); all so as to be received no later than May 11, 2007 at 5:00 p.m. (prevailing Eastern Time). Any objection based on adequate assurance of future performance must be filed and served so as to be received by each of the parties identified in this paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern Time). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

12. The effective date of any assumption and assignment of any Assumed Contract shall be the date of closing of the sale of the Loan Origination Platform. Any cure amounts to be paid under any Assumed Contract will be paid after such cure amount is fixed by the Court after notice and a hearing or agreed upon by the parties.

13. The notices described in subparagraphs (a)-(c) below (collectively, the "Notices") shall be good and sufficient, and no other or further notice shall be required if given as follows:

   a.   The Debtors shall serve within two (2) business days after entry of the Bidding Procedures Order (the "Mailing Deadline"), by overnight courier, electronic mail or same-day messenger delivery, copies of the Bidding Procedures Order and the Notice of Bid Deadline, Auction and Sale Hearing Notice upon: (i) the United States Trustee for the District of Delaware, (ii) the attorneys for the Creditors' Committee, (iii) Contact Parties and other parties in interest and prospects that have or may be identified as potential bidders for the Loan Origination Platform, (iv) all parties known or reasonably believed to have asserted a secured claim against the Loan Origination Platform assets, (v) the Internal Revenue Service, (vi) all state or federal governmental agencies having jurisdiction over the Loan

        Origination Platform assets, (vii) all applicable state and local taxing authorities, and (viii) any parties entitled to notice under Local Rule 2002-1(b).

    b.    Within two business days after the Bid Deadline, the Debtors shall serve, via email, facsimile, or overnight mail to all of the non-debtor counterparties (and to RBC as assignor and/or assignee) to the Assumed Contracts identified by any Qualified Bid (i) the Notice of Assumption and Assignment and (ii) such financial or other information setting forth the Qualified Bidder's assurance of future performance under section 365 of the Bankruptcy Code as provided by the Qualified Bidder to the Debtors. The Notice of Assumption and Assignment will set forth the intent of the Debtors to assume the Assumed Contracts and assign them to the Successful Bidder. If, prior to or at the Auction, the Successful Bidder designates any additional Assumed Contracts, then the Debtor shall provide as promptly as possible after the conclusion of the Auction (i) a Notice of Assumption and Assignment related to any such additional Assumed Contract and (ii) the Successful Bidder's financial or other information of adequate assurance of future performance to any non-debtor counterparty to such additional Assumed Contract.

    c.    On the Mailing Deadline, or as soon as practicable thereafter, the Debtors shall publish the Notice of Bid Deadline, Auction, and Sale Hearing in The Wall Street Journal (National Edition).

    14.    The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bidding Procedures Motion or the Debtors' assumption and assignment of any Assumed Contract, or the consummation and performance of the Sale of the Loan Origination Platform with the Successful Bidder, including the transfer free and clear of all liens, claims, encumbrances, and interests of the assets constituting the Loan Origination Platform transferred as part of the Sale.

    15.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order. Each of the Debtors is hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Bidding Procedures Order.

16. Notwithstanding Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: April 25, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE