# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 150** |
| | : | |

### BIDDING PROCEDURES FOR THE SALE OF LOAN ORIGINATION PLATFORM

The following bidding procedures, which were approved by order of the Bankruptcy Court dated April [25], 2007 (the "Bidding Procedures") shall govern the auction process for the Loan Origination Platform.[2] The Debtors will seek entry of an order from the Bankruptcy Court authorizing and approving the sale of the Loan Origination Platform free and clear of liens, claims, and encumbrances to the Successful Bidder (defined below) as may be made at the Auction (defined below).

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Except as further described below, capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion of Debtors and Debtors in Possession for (i) an Order (a) Approving Bidding Procedures in Connection With Auction of Loan Origination Platform Assets, (b) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (c) Scheduling Hearing to Consider Proposed Sale of Loan Origination Platform Assets and Approving Form and Manner of Notice Thereof and (d) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief [Dkt. No. 150] ("Bidding Procedures Motion"). At the hearing on the Bidding Procedures Motion, the Debtors clarified that they only sought relief with regard to the Wholesale Division (as defined in the Bidding Procedures Motion) and the sale of substantially all of the assets related to the Wholesale Division, and not with regard to the Retail Division (as defined in the Bidding Procedures Motion). Accordingly, any reference herein to the Loan Origination Platform refers only to the assets related to the Wholesale Division.

1.  <u>Approvals</u>. The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and in compliance with (i) the applicable provisions of the Bankruptcy Code; (ii) the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); (iii) other applicable rules and law; and (iv) the terms of the Modified APA (as defined below).

2.  <u>Assets to be Sold</u>. The Auction shall consist of the Loan Origination Platform free and clear of claims, interests, liens, and encumbrances.

3.  <u>Confidentiality Agreements</u>. Information relevant to the Loan Origination Platform for evaluation by interested parties, including certain books and records, material contracts and other financial and operational information for due diligence investigation, will be made available via an online data room on intralinks to bidders who have executed a valid nondisclosure agreement. Specific information for accessing the dataroom will be provided after execution of such agreements. The Debtors may, in their sole discretion, schedule management presentations and make management otherwise available to selected bidders prior to the Bid Deadline. The diligence period will take place from April 24, 2007 through May 2, 2007.[3]

4.  <u>Determination of "Qualified Bidder" Status</u>. In order to participate in the bidding process and be deemed a "Qualified Bidder," each potential bidder must deliver to the Debtors, with copies to the Official Committee of Unsecured Creditors (the "<u>OCUC</u>"), a written and binding offer that:

    (a) states such bidder, on its own or together with other Qualified Bidder(s), offers to purchase some or all of the assets comprising the Loan Origination Platform;

    (b) states such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Loan Origination Platform upon the terms and conditions substantially in the form of the draft asset purchase agreement (an "APA") submitted by the Debtors to potential bidders;

    (c) be accompanied by a clean and duly executed asset purchase agreement (a "Modified APA") and a marked Modified APA reflecting any variations from the APA submitted by the Debtors;

    (d) states such bidder is financially capable of consummating the transactions contemplated by the Modified APA and is qualified to originate loans in the states where the Loan Origination Platform operates in accordance with applicable non-bankruptcy law;

    (e) states such Qualified Bidder's offer is irrevocable until the closing of the purchase of the Loan Origination Platform if such bidder is the Successful Bidder or the Back-up Bidder (as defined below);

---

[3] The Debtors commenced the marketing of the Loan Origination Platform on or about April 9, 2007 and that process continues subject to these bid procedures.

2

(f) contains such financial and other information that will allow the Debtors to make a reasonable determination in their sole discretion after consultation with the OCUC[4] as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code (if applicable) in a form requested by the Debtors to allow the Debtors to serve such information by email, facsimile or overnight mail within two business day after receipt of such information on counter-parties (and to RBC Mortgage Company and RBC Holdco Corporation (collectively, "RBC"), collectively as assignor and/or assignee) to any contracts or leases being assigned in connection with the proposed sale;

(g) states that such Qualified Bidder's offer shall be subject to, and comply with, the provisions of the Gramm-Leach Bliley Financial Services Modernization Act, if applicable, and other Federal and State consumer protection acts or statutes if applicable;

(h) to the extent known, identifies with particularity each and every executory contract and unexpired lease, the assumption and assignment of which is a condition to closing, and provides the financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code as required by subparagraph (f), above;

(i) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

(j) fully discloses the identity of each entity that will be bidding for the Loan Origination Platform or otherwise participating in connection with such bid, and the complete terms of any such participation;

(k) (i) does not contain any due diligence, financing, or other conditions or contingencies of any kind (other than the conditions specified in the APA); and (ii) contains evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Loan Origination Platform, which evidence is reasonably satisfactory to the Debtors;

(l) includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA;

---

[4] Throughout these bid procedures and related Order, the phrase "after consultation with the OCUC" shall mean that the Debtors and the OCUC will use all reasonable efforts to reach a consensus on the matters set forth herein and if a consensus cannot be reached, the OCUC shall have the right with respect to such issue to seek an immediate hearing on the disputed issue and, if the dispute relates to the ongoing pursuit of a going concern sale of the Loan Origination Platform, the burden of proof on business judgment shall remain with the Debtors. Failure of the OCUC to seek a hearing at any stage in the sale process shall not be deemed a waiver by the Committee of its objection to the sale process or any part thereof.

3

RLF1-3136716-4

(m)  is accompanied by a cash deposit of at least $1,000,000 (the "Good Faith Deposit");

(n)  is in an amount that the Debtors deem in their sole discretion after consultation with the OCUC to be a sufficient offer for the Loan Origination Platform assets; and

(o)  states that such bidder acknowledges that the Debtors, after consultation with the OCUC, have the absolute right to conclude that a sale of the Loan Origination Platform is not warranted and cease the sale process at any time without further order of the Court.

A bid meeting the above requirements shall constitute a "Qualified Bid" and such bidder shall be a "Qualified Bidder." The Debtors may aggregate separate bids from Qualified Bidders to create a Qualified Bid. For the purpose of clarity, any bid which is comprised in whole or in part of a credit bid shall not constitute a determination of, or evidence of, the value of the subject property for any purpose or proceeding in the Debtors' bankruptcy cases. The Debtors shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 5:00 p.m. (prevailing Eastern time) on May 7, 2007.

5.  Bid Deadline. All Qualified Bids must be submitted no later than 4:00 p.m. (prevailing Eastern time) on May 2, 2007 (the "Bid Deadline") to:

(i)  The Debtors:

Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020
Facsimile: (212) 830-3647
Email: richard.puccio@lazard.com
Attention:   Richard Puccio

with a copy to:

O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Facsimile: (415) 984-8701
Email: bchristensen@omm.com
Attention:   Suzzanne Uhland, Esq.
             C. Brophy Christensen, Esq.

-and-

4

Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
Facsimile: (302) 651-7701
Email: ramos@rlf.com
Attention:   Mark D. Collins, Esq.
            Marcos A. Ramos, Esq.

(ii)    Official Committee of Unsecured Creditors:

Hahn & Hessen LLP
488 Madison Avenue
New York NY 10022
Facsimile: (212) 478-7400
Email: mindelicato@hahnhessen.com
Attention:   Mark S. Indelicato, Esq.

- and-

Blank Rome LLP
Chase Manhattan Centre
1201 North Market Street
Suite 800
Wilmington, DE 19801
Facsimile: (302) 425-6464
Email: fatell@blankrome.com
Attention:   Bonnie G. Fatell, Esq.

Within two (2) business days after the Bid Deadline, the Debtors will notify any non-debtor party (and to RBC as assignor and/or assignee) to any executory contract or unexpired lease identified to be assumed and assigned by a Qualified Bid that such contract or lease has been identified by the Qualified Bid and of such financial or other information of adequate assurance of future performance as provided by the Qualified Bidder to the Debtors.

6.   Auction. In the event that the Debtors timely receive one or more Qualified Bids that they deem in their sole discretion after consultation with the OCUC to constitute a sufficient bid for the Loan Origination Platform assets, the Debtors shall conduct an auction with respect to the Loan Origination Platform (the "Auction"). The Auction will take place starting on May 9, 2007 at a time selected by the Debtors which will be identified in the notice identifying the Qualified Bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other time, date or location as designated by the Debtors in a notice to all Qualified Bidders. The Auction shall be governed by the following procedures:

5

(a) Only representatives of the Debtors, Qualified Bidders and the OCUC shall be entitled to be present at the Auction;

(b) Only Qualified Bidders shall be entitled to make bids at the Auction;

(c) Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(d) The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative;

(e) Bidding shall commence at the amount of the highest Qualified Bid submitted by the Qualified Bidders prior to the Auction;

(f) Qualified Bidders may then submit successive bids in increments of at least $250,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $250,000 higher than the previous bid, subject to the Debtors' discretion after consultation with the OCUC to modify the amount of such increments;

(g) All Qualified Bidders shall have the right to submit additional bids and make additional modifications to their Modified APA at the Auction;

(h) The Auction will be conducted so that each Qualified Bidder will be informed of the terms of the previous bid;

(i) The Auction shall continue until there is only one offer or combination of offers that the Debtors, after consultation with the OCUC, determine, subject to Court approval, is the highest and best offer from among the Qualified Bidders submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors may weigh a number of considerations including, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates. The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser as set forth in the Modified APA. Prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of the Auction shall not be considered by the Court.

7. **Back-Up Bidder and Return of Deposits**. If an Auction is conducted, the party with the next highest or otherwise best Qualified Bid, as determined by the Debtors in the exercise of their business judgment, after consultation with the OCUC, at the Auction shall be required to serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until after the closing of the sale transaction with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale because of a

6

breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bid, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.

Except as otherwise provided herein, the Good Faith Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-up Bidder shall be held by the Debtors until after the closing of the sale transaction with the Successful Bidder.

8.   Sale Hearing. The Successful Bid will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Loan Origination Platform to the Successful Bidder (the "Sale Hearing") will take place on May 15, 2007 at 1:30 p.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard, before the Honorable Kevin J. Carey, United States Bankruptcy Court, District of Delaware, 824 Market Street, 5th Floor, Courtroom #5, Wilmington, Delaware 19801. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

Please be further advised that all objections to the sale of the Loan Origination Platform or to the assumption and assignment of any Assumed Contracts (other than as to the adequate assurance of future performance), must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 275 Battery Street, Suite 2600, San Francisco, CA 94111, Attention: Suzzanne S. Uhland, Esq. and Brophy Christensen, Esq., and O'Melveny & Myers, LLP, 400 S. Hope Street, Los Angeles, CA 90071, Attention: Ben H. Logan, Esq. (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); and (v) any party entitled to notice under Local Rule 2002-1(b); all so as to be received no later than May 11, 2007 at 5:00 p.m. (prevailing Eastern Time). Any objection based on adequate assurance of future performance must be filed and served so as to be received by each of the parties identified in this paragraph no later than May 14, 2007, at 12:00 p.m. (noon) (prevailing Eastern Time). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.