# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | | Re: Docket No. 123 |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014, AND DEL. BANKR. LR 2014-1

Upon consideration of the application (the "Application")[2] filed by the above-captioned debtors and debtors-in possession for an order approving the employment and retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. LR 2014-1, nunc pro tunc to April 2, 2007; and upon the affidavit of David S. Kurtz (the "Kurtz Affidavit"), a managing director at Lazard, in support thereof and in support of the engagement letter between Lazard and the Debtors, dated as of March 29, 2007 (the "Engagement Letter"), a copy of which is attached to the Application, and the related indemnification letter (the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

"Indemnification Letter"); and the Court being satisfied based on the representations made in the Application and in the Kurtz Affidavit that Lazard represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Engagement Letter and Indemnification Letter are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted as amended by this Order; and it is further

ORDERED, that in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Del. Bankr. LR 2014-1, the Debtors are authorized to employ and retain Lazard as financial advisor on the terms set forth in the Application and this Order, effective nunc pro tunc to April 2, 2007, and to the extent consistent with the Application and this Order, the Engagement Letter and the Indemnification Letter; and it is further

ORDERED, that Lazard shall be compensated in accordance with the terms of the Engagement Letter, as modified herein, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable orders of this Court; and it is further

ORDERED, that the provisions of the Engagement Letter are hereby modified as follows:

    (a)    The references to and definitions of "Non-Bankruptcy Sale Transaction", "Restructuring" and "Bankruptcy Sale Transaction" shall be eliminated, and the term "Sale Transaction" shall replace all references to any one, or group of, the terms above, with the definition of a "Sale Transaction" as

2

"any direct or indirect sale or series of direct or indirect sales of all or a substantial portion of the Company or the assets, secured assets, equity securities or other interests of the Company; provided, that, it is agreed that, any sale(s) involving (i) all or substantially all of the assets (the "Carrington Assets") described in that certain Amended and Restated Asset Purchase Agreement, dated as of April 19, 2007, between the Company and Carrington Capital Management, LLC and Carrington Mortgage Services, LLC (the "Carrington Agreement"), (ii) all or substantially all of the assets (the "Greenwich Assets") described in that certain Asset Purchase Agreement, dated as of April 2, 2007, between the Company and Greenwich Capital Financial Products, Inc. (the "Greenwich Agreement") and/or (iii) all or part of the wholesale mortgage origination business of the Company (the "Origination Business") shall be considered a Sale Transaction". For purposes hereof, a sale(s) of all or substantially all of the assets described in the Carrington Agreement other than the servicing platform shall be considered a sale(s) involving the Carrington Assets;

(b)     Clauses (c), (d) and (e) of paragraph 2 of the Engagement Letter shall be deleted and, instead, Lazard shall, pursuant to such paragraph 2, be paid the following fees in connection with any Sale Transaction:

(i)     A fee equal to $4.25 million, payable upon the consummation of any Sale Transaction;

(ii)    An additional fee, payable upon the consummation of any Sale Transaction, equal to 5% of the total amount of cash and the fair market value of all other property paid and payable for the Carrington Assets or the Greenwich Assets, as applicable, in excess of the purchase price stated in the Carrington Agreement or Greenwich Agreement, as applicable. If the consideration payable in respect of the Carrington Assets or the Greenwich Assets, as applicable, is subject to increase by contingent payments related to future events, the portion of Lazard's fee relating thereto shall be calculated based on the probability adjusted, net present value of such contingent payments and paid to Lazard upon the consummation of the relevant Sale Transaction;

(iii)   An additional fee, payable upon the consummation of any Sale Transaction involving all or part of the Origination Business, equal to the greater of (i) 5% of the OB Consideration (as defined below) and (ii) $1 million.

For purposes hereof, the OB Consideration means the total amount of cash and the fair market value of all other property paid and payable for any part of the Origination Business, plus the amount

3

of all indebtedness and any other liabilities related to the Origination Business that are directly or indirectly transferred or assumed. The OB Consideration shall also include, in the case of a sale of assets, the net value of any current assets not sold that are related to the Origination Business assets that are sold. If the OB Consideration is subject to increase by contingent payments related to future events, the portion of Lazard's fee relating thereto shall be calculated based on the probability adjusted, net present value of such contingent payments and paid to Lazard upon the consummation of the relevant Sale Transaction.

A fee paid in connection with a Sale Transaction shall be referred to as a "Sale Transaction Fee", and references in the Engagement Letter to any of the terms "Announcement Fee", "Strategic Advisory Fee" and "Bankruptcy Sale Fee", or to any group of the foregoing terms, shall be replaced with a reference to a "Sale Transaction Fee";

(c) The Retainer and all Monthly Fees shall be credited (without duplication) against any Sale Transaction Fee or Alternative Transaction Fee, and the Alternative Transaction Fee shall be credited (without duplication) against any Sale Transaction Fee. All other references to crediting of fees shall be eliminated from the Engagement Letter;

(d) Notwithstanding anything to the contrary in the Engagement Letter, the aggregate fees paid to Lazard thereunder shall not exceed $6 million if no part of the Origination Business is sold and shall, in no event, exceed $7 million;

(e) All references to an Opinion shall be eliminated from the Engagement Letter.

ORDERED, that all of Lazard's fees and expenses in these cases, including without limitation the Retainer, Monthly Fee, and Alternative Transaction Fee (as such terms are defined in the Engagement Letter), and Sale Transaction Fee (as defined above), are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Lazard in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; provided, further, that Lazard shall submit its

4

RLF1-3143124-1

calculation of any additional fees requested to both the Debtors and the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Committee") prior to submission to the Court; and it is further

ORDERED, that, notwithstanding the foregoing, (a) the United States Trustee retains all rights to object to the Retainer, Monthly Fee, Alternative Transaction Fee and Sale Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and (b) the Committee shall retain all rights to object to the reasonableness of the Sale Transaction Fee described in clause (b)(i) above if a sale(s) does not involve either the Carrington Assets or the Greenwich Assets; and it is further

ORDERED, that to the extent Lazard performs services for the Debtors beyond those set forth in the Application and in the Engagement Letter, the Debtors shall seek the approval of the Court for the additional services and relevant fees; and it is further

ORDERED, that Lazard shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-is granted such that Lazard may submit time records in one-half hour increments. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses as provided in the Engagement Letter and Indemnification Letter, upon approval by the Court of interim and final applications; and it is further

ORDERED, that the provisions set forth in the Indemnification Letter are approved, subject during the pendency of the Debtors' bankruptcy cases to the following:

(a) subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement

to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to or in connection with the services provided for in the Engagement Letter (the "Services"), but not for any claim arising from, related to, or in connection with Lazard's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

(b) notwithstanding any provisions of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter or Indemnification Letter, as modified by this Order;

(c) if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply;

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter or Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution or

reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

ORDERED, that notwithstanding anything to the contrary in the Application and paragraph 3 of the Engagement Letter, Lazard shall not be entitled to reimbursement of fees of counsel or other professional advisors pursuant to paragraph 3 of the Engagement Letter; and it is further

ORDERED, that, paragraph 4 of the Engagement Letter shall not be construed so as to prohibit disgorgement by the Court of fees paid to Lazard by the Debtors in the event of administrative insolvency of the Debtors; and it is further

ORDERED, that, notwithstanding anything to the contrary in the Engagement Letter or the Indemnification Letter, during the pendency of any of the Debtors' chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: April 05, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3143124-1