IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, *et al.*, [1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Hearing Date:** **May 15, 2007 at 1:30 p.m.** |
| | : | **Objection Deadline: May 8, 2007 at 4:00 p.m.** |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING ITS MEMBERS TO ENGAGE IN SECURITIES TRADING, LOAN SALES AND OTHER TRANSACTIONS INVOLVING THE DEBTORS AND THEIR RESPECTIVE ASSETS

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS

Holdings, Inc., *et al.* (the "Debtors"), by and through its proposed undersigned counsel, hereby

moves this Court (the "Motion") for the entry of an order permitting members of the Committee,

including both those named below and each future member, if any, and each ex-officio member

which has agreed in writing to abide by the terms of such order, (each a "Committee Member")

---

[1]     The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

and their "Affiliates"[2] to trade in the Securities[3] of the Debtors and any non-debtor affiliates of

the Debtors (collectively, the "New Century Group"), to participate in any sales of the New

Century Group's mortgage loans and/or loan portfolios (collectively, the "Loan Sales") and to

engage in other, similar transactions involving the Debtors and their respective assets, such as

loan origination and loan servicing platforms (collectively, with the Loan Sales, the "Assets Held

for Sale," and together, with the trades in the Securities, the "Trades and Transactions," or

individually, a "Trade or Transaction") upon the establishment and implementation of "Ethical

Walls"[4] in accordance with the terms and conditions of the proposed form of order attached

hereto. In support of this Motion, the Committee respectfully represents as follows:

## JURISDICTION

1.       The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases in this

district is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief sought herein are sections 105(a) and

1103(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[2]     As used herein the term "Affiliate" means with respect to any entity, any other entity directly or indirectly controlling, controlled by, or under common control with such other entity. For the purpose of this definition the term "control" (including, with correlative meanings, the terms "controlling," "controlled by," and "under common control with"), as used with respect to any entity shall mean the possession directly or indirectly of the power to direct or cause the direction of the management and policies of such entity, whether through the ownership of voting securities, by contract or otherwise.

[3]     The term "Securities" shall include all meanings thereof set forth in applicable state or federal securities laws or both, during the pendency of these cases.

[4]     As used herein, the term "Ethical Wall" refers to procedures established by an organization such as a financial institution to isolate its trading activities from its activities as a member of an official creditors' committee. An Ethical Wall typically involves procedures which both (i) comply with the requirements for insulating certain people from certain material non-public information and (ii) function without unnecessary disruption to the management and operation of the organization.

## BACKGROUND

3.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses and properties as debtors in possession. No trustee or examiner has been appointed.

4.      On April 11, 2007, the Office of the United States Trustee appointed the following members to the Committee: Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A., as Indenture Trustee, Fidelity National Services, Inc., and Maguire Properties-Park Place, LLC. That same day the Committee selected the undersigned as its counsel and FTI Consulting as its financial advisor.

## RELIEF REQUESTED

5.      By this Motion, the Committee seeks entry of an Order, which has become common in chapter 11 cases such as these, determining that Members which establish and implement Ethical Wall policies and procedures to prevent the misuse of any material non-public information that may be obtained in the performance of their duties neither violate their duties as Members nor subject their claims to disallowance, subordination or other adverse treatment by trading in the stock, notes, bonds or debentures of any one or more members of the New Century Group, or by participating in any Loan Sales or other similar transactions. The Order should also determine that participation in any Trade or Transaction with respect to one or more members of the New Century Group, whether or not covered by Bankruptcy Rule 3001(e), does not violate Member duties. In order to provide just and fair relief, the Order should be effective nunc pro tunc as of April 11, 2007, the date the Committee was formed, as to any Member which either (x) had an Ethical Wall then in place, or (y) represents that no material, non-public information

- 3 -

obtained through service on the Committee was used in closing any Trade or Transaction.

## ETHICAL WALL PROVISIONS

6.      Certain of the present Members are (or are affiliated with) institutional lenders,

investment advisors, or managers that provide investment-advisory services to institutional,

pension, mutual fund and high net-worth clients and affiliated funds and accounts. These

Members may also buy and sell Securities and other financial assets, including mortgage loans,

for their own portfolios.[5]  As part of these regular business activities, the Members have duties to

maximize returns for their clients or shareholders through the buying and selling of Securities

and other financial assets, including mortgage loans.

7.      The Debtors are in the process of selling off their Assets Held for Sale in a

piecemeal fashion and winding up their affairs. Certain of the Members are global institutions

that bid on such assets in the ordinary course of business. In some instances, the Members may

not even be aware that their organization and affiliates are considering asset acquisitions.[6]  This

proposed Order would also protect the Members in the event their organization and affiliates

participate in the purchase and sale of the Assets Held for Sale provided that they comply with

the provisions of the proposed Order.

8.      The Members are aware that they have certain legal duties regarding material

non-public information about the New Century Group, and that trading in Securities by Members

may implicate various laws or regulations regarding trading in Securities on the basis of material

non-public information. Accordingly, the Members are reluctant to engage in Trades and

Transactions while acting as Members, unless the Court provides the protection requested herein.

---

[5]      Certain of the Members purchased mortgage loans from the Debtor prior to the Petition Date.

[6]      To the extent the Member representative on the Committee is aware of the Member's participation as a
bidder of any Assets Held for Sale, the Members have agreed to notify Committee counsel in writing and
appropriate steps will be taken to ensure the integrity of the bidding process.

If the Members are barred from participating in Trades and Transactions during the pendency of these cases because of their service on the Committee, they risk the loss of potentially beneficial investment opportunities for their clients and themselves and the estate loses a potential purchaser that may have provided the highest and best offer. Alternatively, if Members resign from the Committee, their clients' and shareholders' interests, as well as those of other creditors who would benefit from their expertise, may be compromised because the Members are not taking active roles in the chapter 11 process.

9.      Denial of the relief sought herein would also discourage large creditors with expertise and experience in reorganizations from joining creditors' committees in other cases, despite the presumption in the Bankruptcy Code that the committee shall "ordinarily" consist of the largest creditors. *See* 11 U.S.C. § 1102(b)(1). Creditors that perform investment advisory services, or who buy and sell Securities or other financial assets, including mortgage loans, for their own account, simply should not be forced into the choice of serving on the Committee and risking the loss of beneficial investment opportunities for their clients or shareholders or foregoing service and possibly compromising those same responsibilities by taking a less active role in the chapter 11 process.

10.     Many institutions have faced the same dilemma with respect to committee memberships in other chapter 11 cases in recent years. Bankruptcy courts, including this Court, have recognized the importance of having institutional creditors participate on official committees and, based thereon, have entered orders permitting institutional members of official committees to trade the debtor's securities as long as Ethical Walls are implemented. For example, in *In re Mortgage Lenders Network USA, Inc.*, No. 07-10146 (PJW) (Bankr. D. Del. March 2, 2007) [D.I. 215], another subprime lending case, this Court entered an order permitting

- 5 -

members of the debtor's official committee of unsecured creditors to trade the debtor's securities

and to participate in any sales of the debtor's mortgage loans and/or loan portfolios upon the

establishment and implementation of an ethical wall. Similarly, in *In re NationsRent, Inc., et al.*,

No. 01-11628 (PJW) (Bankr. D. Del. Apr. 2, 2002) [D.I. 509], this Court entered an order

permitting members of the debtor's official committee of unsecured creditors to trade the

debtor's securities with the appropriate "policies and procedures set forth herein, such as the

Ethical Wall." (Copies of all available unpublished orders cited herein are attached hereto as

Exhibit A.) Similarly, in the case of *In re Lernout & Hauspie Speech Products N.V., et al.*, No.

01-01634 (JHW) (Bankr. D. Del. Nov. 15, 2001) [D.I. 1654], this Court entered an order that

permitted trading of the debtor's securities by members of the official unsecured creditors'

committee that "establish, effectively implement, and strictly adhere to the policies and

procedures set forth herein...." *See also, In re Northwestern Corp.*, No. 03-12872 (CGC)

(Bankr. D. Del. Nov. 6, 2003) [D.I. 335]; *In re The Finova Group, Inc.*, No. 01-00697 (PJW)

(Bankr. D. Del. Apr. 12, 2001) [D.I. 205]; *In re GST Telecom, Inc.*, No. 00-01982 (GMS)

(Bankr. D. Del. Oct. 19, 2000) [D.I. 714].

11.    An early case allowing similarly situated committee members to engage in

transactions was *In re Federated Dep't Stores, Inc.*, No. 1-90-00130, 1991 WL 79143, at *1

(Bankr. S.D. Ohio Mar. 7, 1991). In that case, Fidelity Management & Research Company

("Fidelity"), a member of an official bondholders' committee, moved for an order determining

that it would not violate its duties as a committee member by trading in the debtors' securities if

procedures were implemented to insulate its trading activities from its committee-related

activities. Numerous parties, including the SEC, supported Fidelity's motion, and the debtors

responded that they were not opposed to the requested relief. The SEC emphasized its view that

- 6 -

institutions serving on creditors' committees should not be precluded from also trading securities of the debtor provided that such members implemented procedures designed to prevent its trading personnel from having access to information obtained through its service on the committee. The SEC also noted that institutional creditors, such as investment advisors and broker-dealers, could bring valuable skills and experience to official committees.

12.     The Committee believes that any current or future Members that engage in Trades and Transactions should not be precluded from doing so during their tenure on the Committee. Such Members have resources and experience, including knowledge of the Debtors' business, industry and capital structure, that render them particularly valuable for official creditors' committee service. In addition, because the Members are among the Debtors' largest creditors (or representatives thereof), they have an incentive to pursue the Committee's work diligently toward the goal of promptly confirming a chapter 11 plan. Accordingly, the Committee seeks entry of an order that will permit Members which adopt and implement appropriate Ethical Walls to engage in such Trades and Transactions.

13.     For purposes of this Motion, to be considered an acceptable Ethical Wall which will enable Committee Members to enjoy the protections of the requested Order, an Ethical Wall should include provisions reasonable necessary in order to prevent an employee or agent of a Committee Member or any of its Affiliates from misusing material, non-public information obtained by a Member in the performance of its Committee duties. It should be designed to restrict the flow of material, non-public Committee information to ensure that such information is not shared with employees who are not responsible for performing any Committee-related functions. It should not be so restrictive, however, as to prohibit or impede necessary or appropriate information sharing, such as communications (i) between and among a Member's

- 7 -

representatives on the Committee and senior management who have a legitimate need to have
access to certain information in order to perform their fiduciary duties, or (ii) with regulators or
auditors, or legal or other professionals retained to render professional services to the Member.

14.     The Ethical Wall should not prevent any Member from sharing information which
is either publicly available, or which is produced as part of a Court-approved bidding process, if
such Member has been qualified as a bidder. In order to ensure the integrity of the process, the
Committee requests that any Member must promptly disclose its intention to become a qualified
bidder once such intention has been formed so that appropriate safeguards, if any, may be
implemented.

15.     For the foregoing reasons, the Committee respectfully requests that, nunc pro tunc
as of April 11, 2007, the Members should be permitted to engage in Trades and Transactions
during the pendency of these cases on the condition that such Members establish and effectively
implement policies and procedures, such as an Ethical Wall, to prevent the misuse of material
non-public information obtained by the Members in their official capacities.

## NOTICE

16.     Notice of this Motion has been given to Debtors' counsel, the United States
Trustee and all parties that have requested such notice pursuant to Bankruptcy Rule 2002. In
light of the nature of the relief requested herein, the Committee submits that no other or further
notice is required.

## CONCLUSION

WHEREFORE, the Committee respectfully requests the entry of an order (the "Order"),
substantially in the form attached hereto, which provides that:

>        (i)     Members and their Affiliates may participate in any Trades and
>                Transactions pursuant to the conditions of the Order, and subject to
>                the protections herein;

- 8 -

(ii)    that the provisions of the Order shall apply and inure to the benefit of all present Members as well as any entities that become members of the Committee including their successors and assigns, effective as of the date of their appointment provided an Ethical Wall was in place at such Member at that time.

and which grants such other and further relief as this Court deems just and appropriate under the

circumstances.

Dated:    Wilmington, DE
          April 26, 2007

                                        BLANK ROME LLP


                                        */s/ David W. Carickhoff*
                                        Bonnie Glantz Fatell (No. 3809)
                                        David W. Carickhoff (No. 3715)
                                        1201 Market Street, Suite 800
                                        Wilmington, Delaware 19801
                                        (302) 425-6400 - Telephone
                                        (302) 425-6464 - Facsimile

                                        - and -

                                        HAHN & HESSEN LLP
                                        Mark S. Indelicato
                                        Mark T. Power
                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 478-7200 - Telephone
                                        (212) 478-7400 - Facsimile

                                        Proposed Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.*

- 9 -