EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------X
:
In re:                                                          :   Chapter 11
                                                                :
Mortgage Lenders Network USA, Inc.,                             :   Case No. 07-10146 (PJW)
                                                                :
              Debtor.                                           :   Re: Docket No. 135, 2 //
-----------------------------------------------------------------X

## ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING ITS MEMBERS TO ENGAGE IN SECURITIES TRADING AND LOAN SALES

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of Mortgage Lenders Network USA, Inc. (the "Debtor") for entry of an order permitting Members[1] (present and future, if any) to trade in the MLN Group's Securities and to participate in any sales of the MLN Group's mortgage loans and/or loan portfolios upon the establishment and implementation of Ethical Walls and in accordance with the terms and conditions of this Order; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and that this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors; and it appearing that due and proper notice of the Motion has been given under the circumstances, and that no further notice need be given; and after due deliberation, and sufficient cause appearing therefore:

---

[1] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion or Exhibit A hereto.

900200.00001/40167454v.3

IT IS HEREBY ORDERED THAT:

1.     The Motion is granted as modified herein.

2.     Any Member acting in any capacity shall not violate and shall not be deemed to violate its fiduciary duties as a Member and, accordingly, will not subject its claims to possible disallowance, subordination or other adverse treatment to the extent that such Member and/or any of its Affiliates (collectively, an "Ethical Wall Entity") participates in a Transaction in the Securities or the Loan Sales, whether or not covered by Bankruptcy Rule 3001(e), during the pendency of this case, provided however, such Ethical Wall Entity effectively implements and strictly adheres to policies and procedures to erect and maintain an Ethical Wall to prevent (i) the Ethical Wall Entity's trading personnel from misusing any material non-public information obtained by such Ethical Wall Entity's designated representative(s) involved in Committee-related activities ("Committee Personnel"); and (ii) Committee Personnel from receiving material non-public information regarding such Ethical Wall Entity's trading in the Securities or participating in the Loan Sales in advance of such trades or sales.

3.     Ethical Wall procedures to be employed by an Ethical Wall Entity if it wishes to trade in Securities or participate in Loan Sales are not intended to prohibit the following scenarios of information sharing:

   (i)     senior management of such Ethical Wall Entity who, due to their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Ethical Wall, and (ii) use such information only in connection with senior managerial responsibilities; and

   (ii)    regulators, auditors, and designated legal personnel for the purpose of rendering legal advice to Committee Personnel and who will not share such non-public information generated from Committee activities with other employees and will keep such non-public information in files inaccessible to other employees; and

   (iii)   Committee Personnel who receive the usual and customary internal and public reports showing the Ethical Wall Entity's purchases and the amount and/or class of Securities or loans owned by such Ethical Wall Entity.

2

900200.00001/40167454v.3

4.     This Order is not intended to preclude the Court from taking any action it deems appropriate in the event that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Ethical Wall Entity's ability to trade based upon the establishment of the procedures set forth in this Order.

5.     This Order shall apply to an Ethical Wall Entity only if it is engaged in trading of the Securities or participating in the Loan Sales from the date of its appointment to the Committee.

6.     Nothing set forth in the Motion or this Order shall constitute an admission by any party or finding by this Court that debt obligations of the Debtor or MLN Group, whether arising under any credit agreements or otherwise, constitute "securities" for the purpose of the securities laws.

7.     Members and their Affiliates may participate in any Transactions in the Securities and/or the Loan Sales pursuant to the conditions of this Order, and be subject to the protections and authorizations herein, without the necessity of filing a Bound-by-Order Notice. An entity bound by this Order shall not trade in the Securities or participate in the Loan Sales except in compliance with this Order.

8.     Each Member electing to avail itself, or its Affiliates, of the protections of this Order shall remain bound by the terms and conditions herein until such party files an Unbound-by-Order Notice.[2] An Unbound-by-Order Notice filed by any Member of an Affiliated group shall be effective as to all members of such group. No Unbound-by-Order Notice shall permit any entity to make any unlawful use of any material non-public information.

---

[2] A form of Unbound-by-Order Notice is attached to this Order as Exhibit B.

3

9. The provisions of this Order shall apply and inure to the benefit of all present Members and their Affiliates as well as any entities that become members of the Committee, including their successors and assigns, after the date hereof.

10. This Court shall retain jurisdiction to (i) enforce and interpret the terms and conditions of this Order, and (ii) preside over any conflict arising from the terms and conditions hereof.

Dated: March 2, 2007

The Honorable Peter J. Walsh
United States Bankruptcy Judge

4

# Exhibit A

# Definitions

## DEFINITIONS

"**Affiliate**" means with respect to any entity, any other entity directly or indirectly controlling, controlled by, or under common control with such other entity. For the purpose of this definition, the term "control" (including, with correlative meanings, the terms "controlling", "controlled by" and "under common control with"), as used with respect to any entity, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such entity, whether through the ownership of voting securities, by contract or otherwise.

"**Ethical Wall**" means procedures established by an organization to isolate its trading activities from its activities as a member of an official creditors' committee or in monitoring and collecting a claim against the Debtor. These procedures will consist of whatever procedures the organization has or puts in place which are responsibly designed to be effective to prevent any material nonpublic information from going from Committee Personnel to trading personnel. The precise structure of Ethical Walls inside different organizations will necessarily differ from those in place at other organizations, due to the unique history, structure and other attributes of each different organization. Often, Ethical Walls include procedures inside the organization which (i) comply with the requirements for insulating certain people from certain material nonpublic information but (ii) function without unnecessary disruption to the management and operation of the organization. Such Ethical Wall arrangements can consist of the following, to the extent necessary to achieve compliance: staffing arrangements whereby the institution's personnel responsible for performing committee functions are different than the personnel responsible for performing trading functions; physical separation of the office and file spaces used by those personnel; establishment of procedures for securing Committee-related files; establishment of separate telephone and facsimile lines for trading activities and Committee activities; and special procedures for the delivery and posting of telephone messages.

"**Members**" means (i) Merrill Lynch Mortgage Lending, Inc.; (ii) Lehman Brothers Bank, FSB; (iii) Wachovia Bank, N.A., (iv) Duffy White Construction, LLC, (v) MTM Technologies, Inc., (vi) Workstage, LLC, and (vii) David D. Hagburg, and each future member of the Committee, if any.

"**Securities**" means the stock, notes, bonds or debentures of any one or more members of the MLN Group or participation in any of such debt obligations or any other claims against or interests in any one or more members of the MLN Group (whether or not covered by Bankruptcy Rule 3001(c)) which constitute "securities" within the meaning of applicable state or federal securities laws or both.

# Exhibit B

# Unbound—By-Order Notice

900200.00001/40167454v.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Mortgage Lenders Network USA, Inc., | : | Case No. 07-10146 (PJW) |
|  | : |  |
| Debtor. | : | Re: Docket No. ___ |

-----------------------------------------------------------------X

### UNBOUND-BY-ORDER NOTICE REGARDING
### ORDER PERMITTING COMMITTEE MEMBERS
### TO ENGAGE IN SECURITIES TRADING AND LOAN SALES

PLEASE TAKE NOTICE that the undersigned, on behalf of itself and its Affiliates,

hereby elects to cease being bound by the ORDER GRANTING MOTION OF THE OFFICIAL

COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING

ITS MEMBERS TO ENGAGE IN SECURITIES TRADING AND LOAN SALES (the "Order")

issued in the above-captioned action on _____, 2007.


Dated: _____, 2007

[ENTITY NAME]

By: _____
    [NAME]
    [ADDRESS]


900200.00001/40167454v.3

# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **NATIONSRENT, INC.,** | ) | |
| **a Delaware corporation, et al.,** | ) | **Case No. 01-11628 (PJW)** |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | $\mu$ : # 317 |

## ORDER PERMITTING SECURITIES
## TRADING UPON ESTABLISHMENT OF ETHICAL WALL

Upon the motion dated February 28, 2002 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Committee") of NationsRent, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order permitting the Members[1] of the Committee to trade in the NR Group's Securities (as defined below) upon the establishment and implementation of Ethical Walls and in accordance with the terms and conditions of this Order; and due and proper notice of the Motion having been given; and no adverse interest being affected; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that any Member, acting in any capacity, shall not violate (and shall not be deemed to have violated) its fiduciary duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment to the extent that such Member and/or its Affiliates (collectively, the "Ethical Wall Entity") trades

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Motion.

in the stock, notes, bonds, or debentures of any one or more members of the NR Group, or participations in or derivatives, based upon or relating to, any of the debt obligations or other claims or equity interests of any one or more members of the NR Group (whether or not covered by Bankruptcy Rule 3001(e)), which constitute "securities" within the meaning of applicable state or federal securities laws or both (collectively, the "Securities") during the pendency of these cases, provided, however, such Ethical Wall Entity establishes, effectively implements, and strictly adheres to the policies and procedures set forth herein, such as the Ethical Wall (as defined in the Motion), to prevent the Ethical Wall Entity's trading personnel from the misuse of non-public information obtained through such Ethical Wall Entity's designated personnel's ("Committee Personnel") performance of Committee-related activities and to prevent Committee Personnel from receiving information regarding such Ethical Wall Entity's trading in Securities in advance of such trades; and it is further;

ORDERED, that the Ethical Wall procedures to be employed by an Ethical Wall Entity, if it wishes to trade in Securities, shall include the following information-blocking procedures: (1) the Ethical Wall Entity shall cause all Committee Personnel to execute a letter acknowledging that they may receive non-public information and that they are aware of this order and the Ethical Wall procedures which are in effect with respect to the Securities; (2) Committee Personnel will not share non-public Committee information with any other employees of such Ethical Wall Entity other than in compliance with the Ethical Wall procedures (except (a) senior management of such Ethical Wall Entity who, due to their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Ethical Wall, and (ii) use such information only in connection with their senior managerial responsibilities, and (b) regulators, auditors, and designated legal personnel for the purpose of rendering legal advice to Committee Personnel and who will not

2

share such non-public information generated from Committee activities with other employees and will keep such non-public information in files in accessible to other employees); (3) Committee Personnel will keep non-public information generated from Committee activities in files (including electronic files) inaccessible to other employees; (4) Committee Personnel will receive no information regarding the Ethical Wall Entity's trades in Securities in advance of such trades, except that Committee Personnel may receive the usual and customary internal and public reports showing the Ethical Wall Entity's purchases and sales and the amount and class of securities owned by such Ethical Wall Entity, including the Securities; and (5) the Ethical Wall Entity's compliance department personnel or internal counsel shall review from time to time the Ethical Wall procedures employed by the Ethical Wall Entity as necessary to ensure compliance with this Order and shall keep and maintain records of their review; provided, however, that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Ethical Wall Entity's ability to trade based upon the establishment of the procedures set forth in this Order; and it is further

ORDERED, that this Order shall apply to an Ethical Wall Entity only if it is engaged in trading of Securities as a regular part of its business from the date of his or its appointment to the Committee; and it is further

ORDERED, that nothing set forth in the Motion or this Order shall constitute an admission by any party or a finding by this Court that debt obligations of the Debtors, whether arising under any credit agreements or otherwise, constitute "securities" for the purpose of the securities law; and it is further

ORDERED that this Court retains jurisdiction to construe and enforce the terms of this Order.

3

Dated: Wilmington, Delaware
April ___, 2002

HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

4

1526

FILED
JAMES J. WA ....ON

NOV 15 2001

U.S. BANKRUPTC
CAMDEN, ...
CV_____
DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

LERNOUT & HAUSPIE SPEECH
PRODUCTS N.V., et al.,

                                    Debtors.

Chapter 11      JRT

Case Nos. 00-4397 (JHW)
through 00-4399 (JHW)

(Jointly Administered)

## ORDER PERMITTING SECURITIES
## TRADING IN CERTAIN CIRCUMSTANCES

Upon the application (the "Application") of the Official Committee of Unsecured

Creditors (the "Dictaphone Committee") of Dictaphone Corporation for an order permitting the

trading in the securities of Lernout & Hauspie Speech Products N.V. ("L&H") by members of

the Dictaphone Committee (each, a "Member" and collectively, the "Members") under the

circumstances specified therein, and due and proper notice of the Application having been given,

and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted in its entirety.

2.      Any Member, acting in any capacity, will not violate its fiduciary duties as

a Member and, accordingly, will not subject its claims to possible disallowance, subordination or

other adverse treatment, to the extent that such Member and/or its affiliates, acting in any

capacity, trades in L&H's stock, notes, bonds, debentures, participations in any of L&H's debt

obligations or other claims (collectively, the "Securities") during the pendency of these cases;

provided that, such Member establishes, effectively implements and strictly adheres to the

policies and procedures set forth herein to prevent the trading in the Securities on the basis of

CWTNYLIB1\587330.3

non-public information obtained through the Member's participation in Dictaphone Committee-related activities.

3.    Each Member that wishes to trade in the Securities shall employ the following information-blocking procedures: (a) the Member shall cause all Member personnel with access to non-public information in the bankruptcy proceeding ("Dictaphone Committee Personnel") to execute a letter acknowledging that they may receive non-public information and that they are aware of this order and the information-blocking policies and procedures in effect with respect to the Securities; (b) Dictaphone Committee Personnel shall not share non-public Dictaphone Committee information with any other Member employee (except regulators, auditors, designated legal personnel for the purpose of rendering legal advice to Dictaphone Committee Personnel, and other Member personnel not involved in trading activities or portfolio decisions, all of whom may not share such non-public Dictaphone Committee information with any other Member employee); (c) Dictaphone Committee Personnel shall maintain all non-public information generated from Dictaphone Committee activities in files which are inaccessible to other employees of such Member; (d) Dictaphone Committee Personnel shall not receive any information regarding such Member's trades in Securities in advance of such trades other than the usual and customary internal and public reports showing the Member's purchases and sales and the amount and class of securities, including the Securities, owned by the Member; and (e) each Member's compliance department shall review from time to time the information blocking procedures to insure compliance with this Order and shall keep and maintain records of such review.

4.    Each Member that wishes to trade in the Securities shall file with the Court an affidavit certifying that it has implemented the foregoing information-blocking procedures.

5.    This order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of a Member's fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the information blocking procedures or for reasons unrelated to the Member's ability to trade based upon the establishment of such procedures.

6.    This Order shall apply only to Members that are engaged in the trading of Securities as a regular part of their business.

Dated: Wilmington, Delaware
~~October~~  , 2001
November 15

_____
UNITED STATES BANKRUPTCY JUDGE

3

# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. Case No. 03-12872 (CGC) |
| Debtor. | |

## ORDER PERMITTING SECURITIES TRADING UPON ESTABLISHMENT OF ETHICAL WALL [Re: Docket No. 257]

Upon the motion (the "Motion"), dated October 17, 2003, of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor") for an order permitting Members[1] (present and future, if any) to trade in the NOR Group's Securities upon the establishment and implementation of Ethical Walls and in accordance with the terms and conditions of this Order; and due and proper notice of the motion having been given, and after due deliberation, and sufficient cause appearing therefore, it is hereby

ORDERED, that a Member acting in any capacity will not violate its duties and, accordingly, will not subject its claims to possible disallowance, subordination or other adverse treatment, if a Member or any of its Affiliates (collectively, an "Ethical Wall Entity") participates in a Transaction in the Securities; and it is further

ORDERED, that any Ethical Wall Entity choosing to participate in a Transaction must effectively implement and strictly adhere to policies and procedures to erect and maintain an Ethical Wall to prevent:

---

[1] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion or Exhibit A hereto.

(i)    the Ethical Wall Entity's trading personnel from misusing any material non-public information obtained by such Ethical Wall Entity's designated representative(s) involved in Committee-related or reorganization-related activities ("C/R Personnel"); and

(ii)   C/R Personnel from receiving material non-public information regarding such Ethical Wall Entity's trading in the Securities in advance of such trades. This Order does not preclude this Court from taking any action it deems appropriate in the event that an actual breach of fiduciary duty has occurred; and it is further

ORDERED, that Members and their Affiliates may participate in any Transactions in the Securities pursuant to the conditions of this Order, and be subject to the protections and authorizations herein, without the necessity of filing a Bound-by-Order Notice; and it is further

ORDERED, that each Member electing to avail itself, or its Affiliates, of the protections of this Order shall remain bound by the terms and conditions herein until such party files an Unbound-by-Order Notice.[2] An Unbound-by-Order Notice filed by any Member of an Affiliated group shall be effective as to all members of such group. No Unbound-by-Order Notice shall permit any entity to make any unlawful use of any material non-public information; and it is further

ORDERED, that the provisions of this Order shall apply and inure to the benefit of all present Members and their Affiliates as well as any entities that become members of the Committee, including their successors and assigns, after the date hereof; and it is further

---

[2]    A form of Unbound-by-Order Notice is attached to this Order as Exhibit B.

2.

ORDERED, that this Court shall retain jurisdiction to (i) enforce and interpret the terms

and conditions of this Order, and (ii) preside over any conflict arising from the terms and

conditions hereof.

Dated: Wilmington, Delaware
     November 6, 2003

Honorable Charles G. Case
United States Bankruptcy Judge

3

1991 WL 79143
(Cite as: 1991 WL 79143 (Bankr.S.D.Ohio))

Only the Westlaw citation is currently available.

United States Bankruptcy Court, S.D. Ohio, Western Division.

In the Matter of FEDERATED DEPARTMENT STORES, INC., Allied Stores Corporation, et al, Debtors.

Bankruptcy No. 1-90-00130.

March 7, 1991.

### ORDER PERMITTING SECURITIES TRADING IN CERTAIN CIRCUMSTANCES

J. VINCENT AUG, Jr., Bankruptcy Judge.

*1 Upon the Motion of Fidelity Management & Research Company, ("Fidelity"), a member of the Official Bondholders' Committee (the "Committee") of Allied Stores Corporation ("Allied"), for an order determining that Fidelity will not be violating its duties as a Committee member (and accordingly will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment) by trading in securities of Allied, co-debtor Federated Department Stores, Inc. ("Federated"), and Ralphs Grocery Company ("Ralphs"), a non- debtor, during the pendency of the Allied and Federated Cases (the "Cases"), provided that Fidelity establishes and effectively implements policies and procedures to prevent the misuse of nonpublic information obtained through its activities as a Committee member; and this Court having considered Fidelity's Motion and accompanying Memorandum of Law, setting forth the information blocking devices Fidelity proposes to employ; the Memorandum of the Securities and Exchange Commission; the Statement of the Securities Industry Association and Certain Members of the Council of Institutional Investors; the Joinder of Caywood-Christian Capital Management; the Response of the Federated Bondholders Committee; the Response of Debtors; and the Response of the United States Trustee; and Memorandum of the U.S. Trustee opposing Fidelity's Motion (Doc. 3469); and the Court having concluded that the motion should be granted; it is hereby

ORDERED, that Fidelity will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors and Ralphs during the pendency of these Cases, provided that Fidelity employs an appropriate information blocking device or "Chinese Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any nonpublic committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors or Ralphs in advance of such trades; and it is further

ORDERED, that the "Chinese Wall" procedures to be employed by Fidelity if its wishes to trade in securities of the Debtors and Ralphs shall include the following information blocking procedures: (1) Fidelity shall have all personnel who will have access to nonpublic information in the bankruptcy proceeding ("committee personnel") execute a letter acknowledging that they may receive non-public information and that they are aware of the "Chinese Wall" procedures which are in effect with respect to the Debtors and Ralphs; (2) Fidelity committee personnel will share non-public Committee information with no other Fidelity employees (except the General Counsel for the purpose of rendering legal advice to committee personnel and who will not share such non- public committee information with other Fidelity employees); (3) Fidelity committee personnel will maintain all files containing non-public information generated from committee activities in cabinets inaccessible to other employees; (4) Fidelity committee personnel will receive no information regarding Fidelity's current securities trades in advance of such trades, except that committee personnel may receive reports on Fidelity's ownership of the securities represented by the Committee no more frequently than monthly; (5) Fidelity compliance department personnel shall review Fidelity's trades in securities of the Debtors and Ralphs to confirm that such trades were made in compliance with the "Chinese Wall" procedures and shall keep and maintain records of their review; *provided, however,* this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of fiduciary duty has occurred because the procedures employed are not so effective or for reasons unrelated to the fact of Fidelity's ability to trade based upon the establishment of the procedures set forth in this Order; and it is further

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1991 WL 79143
(Cite as: 1991 WL 79143, *1 (Bankr.S.D.Ohio))

*2 ORDERED, that with respect to the Joinder of Caywood-Christian Capital Management and certain other members of the Committee, such joining parties shall be covered by this Order (i) only if they are engaged in the trading of securities as a regular part of their business, and (ii) such entity files with the

Court a copy of the information blocking devices they propose to employ.

SO ORDERED:

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works