IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., | ) | |
| a Delaware corporation, et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket No. _____ |

## ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING ITS MEMBERS TO ENGAGE IN SECURITIES TRADING, AND OTHER TRANSACTIONS INVOLVING THE DEBTORS AND THEIR RESPECTIVE ASSETS AND LOAN SALES

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., et al. (the "Debtors") for entry of an order permitting members of the Committee, including any ex-officio member which has agreed to abide by the terms hereof, (each, a "Committee Member") to trade in the Securities (as such term is defined in the annexed motion) of the Debtors and any non-debtor affiliates of the Debtors (collectively, the "New Century Group"), to participate in any sales of the New Century Group's mortgage loans and/or loan portfolios (collectively, the "Loan Sales") and to engage in other, similar transactions involving the Debtors and their respective assets, such as loan origination and loan servicing platforms (collectively, with the Loan Sales, the "Assets Held for Sale," and together with the trades in the Securities, the "Trades and Transactions," or individually a "Trade or Transaction") upon the establishment and implementation of policies and procedures (an "Ethical Wall") designed to prevent the misuse of material non-public information obtained in the performance of Committee duties and in accordance with the terms and conditions of this Order; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28

1245399.v5
127340.01600/40168537v.1

-2-

U.S.C. § 1334 and that this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and it appearing that due and proper notice of the Motion has been given under the circumstances, and that no further notice need be given; and after due deliberation, and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is granted in all respects.

2. Any Committee Member (including any of its Affiliates) (collectively, with the Committee Member, an "Ethical Wall Entity") which shall have established an Ethical Wall as described in paragraph 3, infra, shall not violate and shall not be deemed to have violated its fiduciary duties as a Committee Member, and will not subject its claims to disallowance, subordination or other adverse treatment, if an Ethical Wall Entity participates in a Trade or Transaction, whether or not such Trade or Transaction is covered by Bankruptcy Rule 3001(e).

3. An Ethical Wall as such term is used herein shall incorporate such steps as are reasonably necessary in order to prevent an Ethical Wall Entity's employees or agents from misusing material, non-public information obtained by a Committee Member in the performance of its Committee duties. Such Ethical Wall should include provisions designed to restrict the flow of information between and among various parts of Ethical Wall Entities to ensure that material, nonpublic Committee information is not shared with employees who are not responsible for performing any Committee-related functions except as provided in paragraph 4, infra.

127340.01600/40168537v.1

4. Ethical Wall procedures to be employed by an Ethical Wall Entity if it wishes to engage in a Trade or Transaction need not be such which would prohibit or prevent necessary and appropriate information sharing, including, but not limited to:

    (i) Communication between and among a Committee Member and senior management of such Ethical Wall Entity who, in order to fulfill their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Ethical Wall, and (ii) use such information only in connection with senior managerial responsibilities; and

    (ii) Communication between and among an Ethical Wall Entity and regulators, auditors, and legal or other professionals, including in house legal counsel, retained to render legal or other professional services to Committee Members; and

    (iii) Sharing information concerning the Debtors' securities or property which is either publicly available or is available as part of a Court-approved bidding process to qualifying bidders, and the Committee Member has so qualified, provided that any Committee Member that is aware of such intent to bid or is made aware of such intent to bid shall disclose its intention to be so qualified once such intention has been formed so that appropriate safeguards, if any, may be implemented.

5. This Order is not intended to preclude the Court from taking any action it deems appropriate in the event that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Ethical Wall Entity's ability to engage in a Trade or Transaction based upon the establishment of the procedures set forth in this Order.

6. This Order shall only apply to Committee Members respecting their activities subsequent to and during their appointment to the Committee.

7. Nothing set forth in the Motion or this Order shall constitute an admission by any party or finding by this Court that debt obligations of the Debtor, whether arising under any credit agreements or otherwise, constitute "Securities" for the purpose of federal or state securities laws.

8. Committee Members may engage in any Trade or Transaction pursuant to the conditions of this Order, and be subject to the protections and authorizations herein.

9. The provisions of this Order shall apply and inure to the benefit of all present Committee Members and their Affiliates as well as any entities that become Committee Members after the date hereof.

10. This Order shall be effective _nunc pro tunc_ as of April 11, 2007, provided that any member having closed on a Trade or Transaction during the period from April 11, 2007, to the date hereof, shall either have had an Ethical Wall in place, or can represent that no material, non-public information obtained in the performance of Committee duties was used in connection with such closing.

-5-

11. This Court shall retain jurisdiction to (i) enforce and interpret the terms and conditions of this Order, and (ii) preside over any conflict arising from the terms and conditions hereof.

Dated: May ___, 2007

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge