IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 231 |

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING THE ACCESS SALE AND GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order Authorizing the Access Sale and Granting Related Relief (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (c) notice of this Motion having been provided to, inter alia, the Office of the United States Trustee for the District of Delaware, counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders, counsel to the Official Committee of General Unsecured Creditors, and all parties who have timely filed requests for notice under Bankruptcy Rule 2002, and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that due notice of the Motion and Hearing have been given and no other or further notice need be given, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). Venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code. In addition, the relief requested in the Motion is appropriate under Bankruptcy Rules 2002 and 6004.

C. The notice provided for the relief requested in the Motion was good and sufficient and appropriate under the particular circumstances, and no other or further notice is required.

D. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

E. The Debtors are authorized and directed to consummate and implement

the transactions that are the subject of the Motion.

  F.  The proposed asset purchase agreement has been revised pursuant to further negotiations with the Official Unsecured Creditors' Committee and is reflected in the form of Asset Purchase Agreement in substantially the form attached hereto as Exhibit A (the "Purchase Agreement"). The terms of the Purchase Agreement are fair and reasonable and provide fair value for the Acquired Assets and the sale of the Acquired Assets to the Buyer under the terms set forth in the Purchase Agreement is in the best interest of the Debtors, their creditors and their chapter 11 estates.

  G.  The Debtors' support for the relief requested in the Motion reflects the exercise of sound business judgment, and approval of the Motion is in the interests of the Debtors' creditors, stakeholders and other parties in interest. The Debtors have demonstrated both sound business purpose and compelling business circumstances in support of the transactions contemplated in the Motion and within the timeframe requested by Debtors. There can be no assurance that the value of the Acquired Assets would be maintained if any undue delay in consummation of the transactions contemplated by the Motion were to occur. There can be no assurance that the Buyer would be willing to complete the transactions if delay in consummation of the transactions were to occur.

  L.  The transaction contemplated by the Motion does not dictate the terms of any future chapter 11 plan, impermissibly restrict the rights of creditors, require creditors to vote for any plan, or attempt to circumvent the disclosure requirements of chapter 11.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

  1.  The Motion is GRANTED.

  2.  The Debtors are authorized to cause their subsidiary, New Century

Warehouse, to carry out the Access Sale, on the terms and conditions set forth in the Purchase Agreement.

3. Nothing contained in any chapter 11 plan confirmed in this case shall conflict with or derogate from the provisions of the Purchase Agreement.

4. The transactions for which authorization has been sought by the Motion were negotiated and entered into at arm's length and in good faith, without collusion.

5. The manner and notice of the Motion was proper pursuant to Bankruptcy Rule 2002.

6. The ten (10) day stay under Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately.

7. The Debtors and their affiliates, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

8. This Order is without prejudice to the rights of the Debtors, their estates, Deutsche Bank National Trust Company ("DB"), Goldman Sachs Mortgage Company ("Goldman") or Natixis Capital Markets Inc. ("IXIS") related to any loan financed by Goldman or sold to IXIS. The assets to be sold in the Access Sale shall not include the proceeds of a sale to IXIS of loans financed by Goldman, which funds had been transferred to the Debtors.

9. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: April 26, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE