## EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[7] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |

**ORDER UNDER 11. U.S.C. § 105 AND 373 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS *NUNC PRO TUNC* TO APRIL 2, 2007**

Upon the motion (the "Motion")[8] of the Debtors for an order under 11 U.S.C. §§ 105 and 363 authorizing the employment of AP Services, LLC ("APS") as crisis managers for the Debtors *nunc pro tunc* to April 2, 2007; and upon the Declaration of Holly Felder Etlin (the "Etlin Declaration") filed concurrently with the Motion; and the Court having reviewed the Motion and the Etlin Declaration; and the Court having held a hearing on the Motion and the Court having determined that the relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, creditors, and other parties-in-interest, and it appearing that APS does not hold or represent any interest adverse to the Debtors' estates and this Court having

---

[7] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[8] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

determined that the retention of APS in the best interests of the Debtors, their creditors, and equity security holders; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that

1. The Motion is GRANTED.

2. Under 11 U.S.C. §§ 105 and 363, the Debtors, as debtors-in-possession, are authorized to employ and retain APS as their crisis managers under the terms of the Engagement Letter as modified by the Motion and this Order, and APS is authorized to perform the requested services *nunc pro tunc* to April 2, 2007.

3. Under 11 U.S.C. §§ 105 and 363, the Debtors and authorized to compensate APS and provide indemnification to APS under the terms of the Engagement Letter as modified by the Motion and this Order.

4. Except as provided in this Order, to the extent accrued, APS shall receive (a) APS' hourly compensation as specified in the Engagement Letter and (b) reimbursement of APS' expenses, which in each case shall not hereafter be subject to challenge except under the reasonableness standard in 11 U.S.C. § 330.

5. The Debtors are authorized to pay a retainer amount of $1,000,000 to APS under the terms of the Engagement Letter.

6. The Engagement Letter is hereby revised to provide the APS employees serving as officers of the Debtors shall be entitled to receive only whatever indemnities are made available, during the terms of APS' engagement, to non-APS affiliated officers of the Debtors,

whether under the Debtors' by-laws, certificates of incorporation, applicable corporation laws, or contractual agreements of general applicability to the Debtors.

7. In the event that APS seeks reimbursement for attorneys' fees from the Debtors under the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in APS' own applications and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under 11 U.S.C. §§ 330 and 331 without regard to whether such attorneys have been retained under 11 U.S.C. § 327 and without regard to whether such attorney's services satisfy 11 U.S.C. § 330(a)(3)(C).

8. This Court will retain jurisdiction to continue and enforce the terms of the Motion, the Engagement Letter and this Order.

Dated: _____, 2007
Wilmington, Delaware

---

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE