IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware corporation, et al.,<br><br>       Debtors. | Chapter 11<br>Case No. 07-10416 (KJC)<br>Jointly Administered |

## STIPULATION AND ORDER (1) APPROVING AGREEMENT FOR THE DISPOSITION OF CERTAIN MORTGAGE LOANS AND RESIDUAL INTERESTS, AND (2) CONFIRMING, <u>INTER ALIA</u>, (A) THAT AUCTIONS OF MORTGAGE LOANS AND RESIDUALS CONDUCTED IN ACCORDANCE WITH AUCTION PROCEDURES THEREIN ARE COVERED BY BANKRUPTCY CODE "SAFE HARBOR" PROVISIONS AND ARE COMMERCIALLY REASONABLE, AND (B) ABSENCE OF NEED TO SEEK RELIEF FROM AUTOMATIC STAY

This stipulation and order (the "Stipulation and Order") is entered into by and among (a) New Century TRS Holdings, Inc., and its affiliated debtors and debtors in possession in the above-captioned jointly administered cases (collectively the "Debtors"), (b) Morgan Stanley Mortgage Capital Inc. ("MSMCI"), as Buyer and as Agent for Morgan Stanley REIT II Inc., and each of their respective affiliates, and as Purchaser under the Loan Purchase Agreement (as so defined), and (c) the Official Committee of Unsecured Creditors of the Debtors (the "Committee"; the Committee collectively with MSMCI and the Debtors, the "Parties").

### RECITALS

**WHEREAS,** on April 2, 2007, each of Debtors filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

**WHEREAS,** on April 9, 2007, the Committee was appointed in the Debtors' bankruptcy cases.

**WHEREAS,** MSMCI is party to (a) a Master Repurchase Agreement, dated as of December 12, 2005 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "MRA"), by and among (i) NC Capital Corporation ("NC Capital"), New Century Mortgage Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, Home123 Corporation, New Century Credit Corporation (the "Sellers"), each of which is a Debtor, (ii) the buyers from time to time parties thereto (the "Buyers"), including MSMCI, and (iii) MSMCI, as agent for the Buyers (the "Agent"); and (b) a related Guaranty, dated December 12, 2005 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "Guaranty") made by debtor New Century Financial Corporation (the "Guarantor" and, collectively with the Sellers, the "NCFC Entities") in favor of the Buyers.

**WHEREAS,** MSMCI and NC Capital are parties to that certain Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement (the "Loan Purchase Agreement") dated as of May 1, 2006, pursuant to which MSMCI agreed to purchase from NC Capital, and NC Capital agreed to sell to MSMCI, certain mortgage loans, subject to an obligation (the "EPD Obligation") on the part of NC Capital, at MSMCI's option, to repurchase any such mortgage loan as to which the related mortgagor is delinquent with respect to such mortgage loan's first monthly payment, either (a) after origination of such mortgage loan or (b) after the related closing date for such purchase and sale.

**WHEREAS,** on March 9, 2007, the Agent sent to the NCFC Entities a written "Notice of Event of Default, Acceleration and Exercise of Remedies" in which the Agent, among

- 2 -

other things, stated that (a) Events of Default had occurred and were continuing under the MRA and (b) the Purchase Price of all then-outstanding Transactions (each as defined in the MRA) was immediately due and payable, together with other specified amounts.

**WHEREAS**, MSMCI, the NCFC Entities, and the Committee have agreed, subject to entry of this Stipulation and Order on the docket as "so ordered" by the Bankruptcy Court, to enter into an Agreement for the Disposition of Certain Mortgage Loans and Residual Interests in the form attached hereto as Exhibit 1 (the "Agreement"), in order to set forth, among other things, their mutual understandings and agreements with respect to auction procedures for the Mortgage Loans and the Residuals (each as defined in the Agreement), the proceeds of which will be used, inter alia, to pay the MS Estimated Claim (as defined below), subject to the reservation of rights set forth below.

**NOW, THEREFORE**, IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, SUBJECT TO APPROVAL OF THE BANKRUPTCY COURT, THAT:

1.    Agreement. Upon entry of this Stipulation and Order on the docket as "so ordered" by the Bankruptcy Court, (a) the terms and conditions of the Agreement shall be deemed approved in their entirety by the Bankruptcy Court, and the Parties to be party thereto shall be permitted to (and shall) enter into the Agreement, (b) the Auctions (as defined in the Agreement) provided for in the Agreement shall be deemed to be covered by the Bankruptcy Code's "safe harbor" provisions for "repurchase agreements" (as defined in section 101 of the Bankruptcy Code) and/or "securities contracts" (as defined in section 741 of the Bankruptcy Code), (c) MSMCI need not seek relief from the automatic stay provided in section 362 of the Bankruptcy Code to conduct such Auctions in accordance with the Auction Procedures (as

- 3 -

defined in the Agreement) set forth in the Agreement, (d) each Auction that is conducted in

accordance with the Auction Procedures shall be deemed to have been conducted in a

commercially reasonable manner, (e) MSMCI shall be permitted to assert claims for deficiencies

(if any) in the payment of the MS Estimated Claim irrespective of which Qualifying Bidder (as

defined in the Agreement) wins any Auction, (f) subject to the reservation of rights set forth in

clause (g) below, MSMCI may retain all proceeds of each Auction (regardless of whether the

other Auction occurs) up to the maximum amount asserted by MSMCI under the MRA

(including but not limited to all paid-in-full and principal and interest claims, default interest,

costs of transfer of servicing, costs of foreclosure (including repo acceleration and expenses

relating to the Auction process), due diligence costs in addition to the due diligence costs

described in Section 3.2(b)(x) of the Agreement, hedging break costs, and legal expenses) and

the maximum amount of all EPD Obligations asserted by MSMCI under the Loan Purchase

Agreement[1] (collectively as of any applicable date, the "MS Estimated Claim"), and (g) the

Parties reserve all rights and defenses with respect to the amount and validity of MSMCI's

claims and those of its subsidiaries and affiliates against the Debtors (including, without

limitation, the MS Estimated Claim), other than with respect to the Parties' above-described

stipulations as to the commercial reasonableness of the Auctions, and as to the Auctions not

violating the automatic stay of section 362 of the Bankruptcy Code and as to the Auctions

provided for in this Agreement being covered by the Bankruptcy Code's "safe harbor"

provisions for "repurchase agreements" (as defined in section 101 of the Bankruptcy Code)

and/or "securities contracts" (as defined in section 741 of the Bankruptcy Code).

---

[1]        It being understood that MSMCI will provide a good faith estimate of the maximum
amount of the EPD Obligations under the Loan Purchase Agreement within one month
after the last settlement date provided by the Agreement.

2.    <u>Clarification of April 19, 2007 Order</u>.  For the avoidance of doubt, the

auction process and procedures for the Residuals and the Mortgage Loans shall not be governed

by the Bankruptcy Court's April 19, 2007 Bidding Procedures Order for the Loan-Servicing

Business, but shall instead be exclusively governed by the terms of this Stipulation and Order

and the Agreement.

3.    <u>Binding Nature</u>.  Upon entry of this Stipulation and Order on the docket as

"so ordered" by the Bankruptcy Court by the Approval Deadline (as defined below), (a) this

Stipulation and Order and the Agreement shall (i) inure to the benefit of, and (ii) be binding

upon, and enforceable by and against, the Parties and their respective affiliates, successors and

permitted assigns, and (b) this Stipulation and Order and the Agreement shall be binding upon,

and enforceable against, all parties in interest, including, without limitation, any trustee or

examiner appointed in the Debtors' bankruptcy cases and all parties bidding for (or submitting

letters of interest in respect of) the Mortgage Loans and/or Residuals.

4.    <u>Bankruptcy Court Approval</u>.  This Stipulation and Order and Agreement

are expressly subject to and contingent upon their approval by the Bankruptcy Court.  The

Debtors will seek to obtain Bankruptcy Court approval of this Stipulation and Order at the

omnibus hearing set for April 24, 2007 and will continue to seek to obtain such approval as soon

as practicable thereafter, if not approved at such hearing.  If this Stipulation and Order and the

Agreement, or any portion hereof or thereof, is not approved by the Bankruptcy Court on or

before the Approval Deadline, this Stipulation and Order and the Agreement shall be of no

further force and effect, and, in such event, neither this Stipulation and Order nor the Agreement

nor any negotiations and writings in connection with this Stipulation and Order or the Agreement

shall in any way be construed as or deemed to be evidence of or an admission on behalf of any

Party hereto or any subsidiary or affiliate of MSMCI regarding any claim or right that such

Party, subsidiary or affiliate may have against any other Party hereto or any such subsidiary or

affiliate. For purposes herein, "Approval Deadline" shall mean April 26, 2007 or as soon as

possible thereafter, but in no case later than the close of business of April 27, 2007.

      5.     Non-Severability. The provisions of this Stipulation and Order are

mutually interdependent, indivisible and non-severable.

      6.     Entire Agreement. This Stipulation and Order and the Agreement

constitute the entire agreement between the Parties hereto with respect to the subject matter

hereof and thereof and supersede all prior agreements and understandings, written and oral,

between the Parties with respect to the specific subject matter hereof and thereof. This

Stipulation and Order may not be modified or amended except by a writing signed by all of the

Parties. All representations, warranties, promises, inducements or statements of intention made

by the Parties hereto are embodied in this Stipulation and Order and the Agreement, and no Party

hereto shall be bound by, or liable for, any alleged representation, warranty, inducement or

statement of intention that is not expressly embodied herein or therein. The Parties represent and

warrant that this Stipulation and Order and the Agreement disclose all of the terms of the Parties'

agreement with respect to the subject matter hereof. To the extent there is a conflict between the

terms of this Stipulation and Order and the Agreement, the terms of the Agreement shall control.

The terms and conditions of the Agreement shall be deemed to be incorporated into the

Stipulation and Order as if they have been fully set forth herein in the first instance.

      7.     Effective Date. This Stipulation and Order may be executed in one or

more counterparts and by facsimile, all of which shall be considered one and the same

agreement, and shall become effective when one or more such counterparts have been signed by

- 6 -

each of the Parties and delivered to all Parties, and the Bankruptcy Court has "so ordered" this Stipulation and Order and entered it on the docket of the Bankruptcy Court.

8.     Authority. The Parties hereto represent and warrant to each other that: (a) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (b) each has full power and authority to enter into this Stipulation and Order; and (c) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

9.     Governing Law. This Stipulation and Order shall be governed by, and construed in accordance with, the Bankruptcy Code and the laws of the State of New York, without regard to any principles of choice of law thereof which would require the application of the law of any other jurisdiction.

10.     Retention of Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Stipulation and Order, and the Parties hereby consent to exclusive jurisdiction of the Bankruptcy Court with respect thereto. The Parties waive arguments of lack of personal jurisdiction or forum non-conveniens with respect to the Bankruptcy Court pertaining to this Stipulation and Order.

11.     No Waiver. No waiver or indulgence of any breach or series of breaches of this Stipulation and Order shall be deemed a waiver of any other breach of this Stipulation and Order, including, without limitation, a subsequent breach of the same provision of this Stipulation and Order, or any of its other provisions; or shall otherwise affect the enforceability of any provision of this Stipulation and Order.

- 7 -

12. <u>Headings</u>. The descriptive headings of the several sections of this

Stipulation and Order are inserted for convenience of reference only and do not constitute a part

of this Stipulation and Order.

13. <u>Effectiveness</u>. This Stipulation and Order shall be effective and

enforceable immediately upon entry on the docket after approval by the Bankruptcy Court, with

no stay of any kind (including, to the extent applicable, Bankruptcy Rule 6004(g)).

Dated: Wilmington, Delaware
     April 27, 2007

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    Robert J. Dehney (No. 3578)
                    Gregory W. Werkheiser (No. 3553)
                    1201 North Market Street
                    P.O. Box 1347
                    Wilmington, DE  19899-1347
                    Telephone:  (302) 658-9200
                    Facsimile:  (302) 658-3989

                    And

                    Luc A. Despins
                    Wilbur F. Foster, Jr.
                    MILBANK, TWEED, HADLEY & MCCLOY
                    LLP
                    One Chase Manhattan Plaza
                    New York, New York 10005
                    Telephone:  (212) 530-5000
                    Facsimile:  (212) 530-5219

                    And

                    Howard R. Hawkins, Jr.
                    CADWALADER, WICKERSHAM & TAFT LLP
                    One World Financial Center
                    New York, New York 10281
                    Telephone:  (212) 504-6000
                    Facsimile:  (212) 503-6666

                    Attorneys for Morgan Stanley Mortgage Capital
                    Inc.

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Chris M. Samis (No. 4909)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

And

Ben H. Logan
Suzanne S. Uhland
Brian Metcalf
Emily R. Culler
O'MELVENY & MYERS LLP
265 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors


BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6423
Facsimile: (302) 425-6464

And

Mark T. Power
Mark S. Indelicato
Jeffrey L. Schwartz
HAHN & HESSEN LLP
488 Madison Avenue
14th and 15th Floor
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Proposed Co-Counsel for Official
Committee of Unsecured Creditors

SO ORDERED THIS _____ DAY
OF _____ 2007.

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE