## EXHIBIT A

## SURETY CREDIT AGREEMENT

This Surety Credit Agreement (this "Agreement") is made as of April 27, 2007 by and among Hartford Fire Insurance Company, its subsidiaries and affiliated companies ("Hartford") and the Debtors and Debtors in Possession[1] (the "Debtors").

### WITNESSETH

WHEREAS, the Debtors commenced cases under Chapter 11 of the Bankruptcy Code on April 2, 2007 (the "Petition Date");

WHEREAS, prior to the Petition Date, Hartford issued approximately 361 surety bonds on behalf of, or for the benefit of, the Debtors which bonds include licensed lender bonds and mortgage banker/mortgage broker bonds and related bonds securing the Debtors' compliance with various state regulations and licensing requirements (the "Prepetition Bonds");

WHEREAS, prior to the Petition Date, Hartford issued certain cancellation notices in accordance with the terms of the Prepetition Bonds and related statutes (the "Cancellation Notices");

WHEREAS, the Debtors have requested that Hartford continue to provide surety credit to the Debtors until September 21, 2007 and reinstate certain Prepetition Bonds that the Debtors want to maintain until September 21, 2007 (the "Reinstated Bonds");

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; Ncoral, L.P., a Delaware limited partnership.

WHEREAS, Hartford has determined that it is in its best interest to continue to provide surety credit on the terms and conditions set forth herein;

WHEREAS, the Debtors have determined that the reinstatement of the Reinstated Bonds or the extension of the cancellation notice period for the Reinstated Bonds is the most cost effective and expedient means for the Debtors to obtain surety credit required for the continuation of the Business pending possible sale;

NOW, THEREFORE, in consideration of the foregoing and the promises and agreements hereinafter set forth, and intending to be legally bound hereby, the parties hereto agree as follows:

DEFINITIONS

As used in this Agreement, the following terms shall have the following meanings (such meanings to be equally applicable to both the singular and the plural forms of the terms defined):

*"Agreement"* means this Surety Credit Agreement, as the same may be amended, extended, supplemented or modified from time to time;

"*Bankruptcy Code*" means title 11 of the United States Code, as now or hereafter in effect, or any successor thereto;

*"Bankruptcy Court"* means the United States Bankruptcy Court for the District of Delaware or any other court having jurisdiction over the Cases from time to time;

*"Business Day"* means any day of the year except Saturday, Sunday and any day on which banks are required or authorized to close;

*"Cancellation Notices"* means those notices sent by Hartford prior to the Petition Date in accordance with the terms of the Prepetition Bonds and related statutes which cancelled certain Prepetition Bonds;

*"Cases"* shall mean the cases under Chapter 11 of the Bankruptcy Code of each of the Debtors pending in the Bankruptcy Court;

*"Debtors"* means the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a

2

Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; Ncoral, L.P., a Delaware limited partnership.

"*DIP Credit Agreement*" means that certain Debtor-in-Possession Loan and Security Agreement dated as of April 13, 2007.

"*Event of Default*" has meaning specified in Paragraph 8 below;

"*Hartford*" means Hartford Fire Insurance Company or any affiliate or subsidiary thereof that issued bonds on behalf of the Debtors;

"*Indemnity Agreement*" means without limitation those indemnity agreements entered into prior to the Petition Date by certain of the Debtors (which are attached as Group Exhibit "C" hereto) and specifically the General Indemnity Agreement entered into on August 15, 2000 by Debtor New Century Financial Corporation which is attached hereto as Exhibit "D";

"*Losses*" means any and all claims, damages, losses, liabilities, attorneys fees and expenses as set forth in the Indemnity Agreement;

"*Petition Date*" means April 2, 2007;

"*Prepetition Bonds*" means the bonds issued by Hartford totaling approximately 361 which were issued on behalf of, or for the benefit of, the Debtors which bonds include licensed lender bonds and mortgage banker/mortgage broker bonds and related bonds securing the Debtors' compliance with various state regulations and licensing requirements prior to the Petition Date and are set forth on Exhibit "B" hereto;

"*Postpetition Collateral*" means those Letters of Credit or cash equivalent security in the aggregate amount of $5 million which the Debtors will deliver to Hartford in order to secure the Debtors' obligations to Hartford under the Indemnity Agreement and for reimbursement in respect of all outstanding Prepetition Bonds and in consideration for the Reinstated Bonds;

"*Reinstated Bonds*" means those Prepetition Bonds that the Debtors have requested that Hartford reinstate or extend until September 21, 2007 which are set forth on Exhibit "A" hereto;

<u>AGREEMENTS</u>

1.    Subject to final documentation and approval by the Bankruptcy Court, Hartford will provide an extension of surety credit with respect to the Reinstated Bonds until September 21, 2007 subject to the conditions set forth herein. The Debtors have requested and Hartford has agreed that it will promptly send notices to the obligees on the Reinstated Bonds that the bonds remain in effect until May 21, 2007 pending the Bankruptcy Court's hearing and approval of this Agreement and will use its best efforts to ensure that such notices will be received by the obligees on the Reinstated Bonds on or before the cancellation dates listed on Exhibit A. The Debtors have also requested and Hartford has agreed that prior to May 22, 2007, it will not seek to send any notices of cancellation, notices of non-renewal or other notices that would have the effect of terminating any of the Reinstated Bonds.

2.    In consideration of Hartford's agreements set forth in Paragraph One, each of the Debtors agrees to indemnify Hartford as provided, and under the same terms, set forth in the indemnity agreements entered into prior to the Petition Date (Group Exhibit "C" hereto) and specifically as to the General Indemnity Agreement entered into on August 15, 2000 by Debtor New Century Financial Corporation which is attached hereto as Exhibit "D" (hereafter referred to as "Indemnity Agreement"). In that regard, each of the Debtors agrees to this reaffirmation of their indemnity obligations and execute an Indemnity Agreement in accordance with the form attached as Exhibit "D" and to deliver that Indemnity Agreement to Hartford upon approval of this Agreement by the Bankruptcy Court. The execution of the Indemnity Agreement in the form as set forth as Exhibit "D" shall be in addition to and not in lieu of the previous indemnity agreements executed by certain of the Debtors.

3.    In consideration of Hartford's agreements herein, the Debtors agree to deliver to Hartford Letters of Credit or cash equivalent security in the aggregate amount of $5 million (the "Postpetition Collateral") in order to secure the Debtors' obligations to Hartford under the Indemnity Agreements and for reimbursement in respect of all outstanding Prepetition Bonds.

4.    The Debtors agree that Hartford is entitled to use the Postpetition Collateral to secure the Debtors' obligations to Hartford under the Indemnity Agreement and their obligations of reimbursement in respect of any and all Prepetition Bonds.

5.    The Debtors agree that all liens and security interests granted shall be deemed valid and perfected as of the date the Bankruptcy Court enters its order approving this Agreement without the need of the execution or filing of any financing statements or other perfection documents and without

regard to applicable state, federal or local filing or recording statutes which may affect the perfection of liens and security interests in or assignments of property. Nothing shall in any way restrict the scope of Hartford's liens, security interests, rights of set-off or claims heretofore granted.

6.      The Debtors agree that all claims of Hartford in respect of amounts owed under or in connection with the Indemnity Agreement or by reason of Hartford's right of reimbursement shall be entitled to administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code junior to the administrative priority granted with respect to the obligations under the DIP Credit Agreement but otherwise senior to any other administrative expenses of the kind specified in section 503(b) or 507(a) of the Bankruptcy Code.

7.      With respect to the Postpetition Collateral, the Debtors agree that Hartford shall have no obligation to (a) release any Postpetition Collateral held by it or delivered to it pursuant to the terms hereof or (b) turnover or otherwise transfer the proceeds thereof until Hartford has received reasonable proof, reasonably acceptable to Hartford, that Hartford's obligations under the Bonds secured by such Letters of Credit or Postpetition Cash have been expressly released and discharged from all past, present or future claims or liability, without a loss on a bond or as described in the Indemnity Agreement and only after reimbursement of Hartford of all losses. The Debtors can request a reduction and return of collateral by Hartford, and Hartford shall have an obligation to consider such request in good faith, provided that, the request for reduction and return of collateral evidences that the total penal sum of Prepetition Bonds for which there is exposure is less than the collateral then held by Hartford. The following calculation will determine the exposure on the Bonds: the total penal amount of the Prepetition Bonds, less the penal sums of those Bonds released or discharged by the obligees and the penal sums of those Bonds for which the applicable suit limitation period has expired subject to proof and certification that no claims have been asserted against the Bonds.

8.      The Debtors and Hartford agree that the occurrence of any of the following shall constitute an event of default ("Event of Default") hereunder (a) if Hartford receives notice from the issuer of any Letter of Credit that such issuer refuses to renew any Letter of Credit and (1) assuming upon the expiration of such Letter of Credit(s), the aggregate amount of security then held by Hartford would be less than $5 million, and (2) within 5 business days request therefor, the Debtors fail to deliver to Hartford a replacement Letter of Credit or cash collateral, (b) the receipt by Hartford of claims against the Reinstated Bonds or the receipt by Hartford of notice that the Debtors have failed to pay the underlying obligations secured by the Reinstated Bonds, (c) the entry of any order

reversing, modifying, vacating or staying any term or provision of the Order to be entered by the Bankruptcy Court approving the terms of this Agreement, (d) the Debtors shall have become unable to pay all of their administrative and other reorganization expenses and claims as they generally become due and payable, (e) the conversion of the Cases to cases under Chapter 7 of the Bankruptcy Code, (f) the failure of the Debtors to meet any obligations under the Indemnity Agreement, and (g) the failure to comply with any term or condition of this Agreement. Irrespective of the above Events of Default, the Debtors agree that Hartford has the absolute right to apply the Postpetition Collateral in accordance with the terms of the Indemnity Agreement with respect to any Prepetition Bonds.

9.    The Debtors agree that upon the occurrence and continuation of an Event of Default (a) all Bonds may be cancelled by Hartford in accordance with the terms thereof and (b) Hartford is authorized and directed to immediately apply proceeds of the Letters of Credit and Postpetition Collateral to satisfy any and all claims against the Bonds and to pay fees, costs and expenses incurred by reason of such claims without further act, notice, deed or order of Court.

10.    The Debtors agree that the Debtors will reimburse Hartford, upon request, for each and every cost, expense or right to payment incurred by, or in favor of Hartford in accordance with the terms of the Indemnity Agreement, including without limitation, the reasonable fees and expenses of Hartford's outside counsel incurred from and after the Petition Date in connection with all of the matters described herein which shall be an allowed expense and obligation of the Debtors and their estates upon accrual, without further order of Court and without the filing of any application, request for payment or claim.

11.    The Debtors and Hartford agree that the Reinstated Bonds shall terminate on September 21, 2007.  To the extent the bond or statute requiring the bond requires Hartford to give notice of cancellation to the obligees to effect a cancellation of the bond on September 21, 2007, Hartford shall be free to issue such notification.  The Prepetition Bonds that are not included in the list of Reinstated Bonds shall terminate as provided in the cancellation notices issued prepetition or as otherwise provided by their terms or by the law.

12.    The Debtors shall reasonably cooperate with Hartford in any claim matter and shall use its commercially reasonable efforts to assist Hartford with any claim investigation including, without limitation, providing reasonable access to the relevant books and records of the Debtors, and providing any information that Hartford may reasonably request with respect to any claim under any Bond.

13. The Debtors agree to do and perform all acts and to make, execute and deliver all instruments and documents including the execution of the Indemnity Agreement in the form referenced as Exhibit "D" and those instruments and documents which may be reasonably requested by Hartford to effectuate the terms hereof or required under the terms hereof or the Indemnity Agreements.

14. The Debtors and the Hartford shall file with the Bankruptcy Court an appropriate motion for approval of this Agreement with an agreed upon proposed order approving the terms of the Agreements made herein.

15. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed an original and all of which shall be taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF, the undersigned are authorized to execute this Agreement and have so executed this Agreement on April _____, 2007.

NEW CENTURY FINANCIAL CORPORATION,
on behalf of the Debtors and Debtors in Possession

By:_____
Its:_____

HARTFORD FIRE INSURANCE COMPANY,
on behalf of itself, its subsidiaries, and affiliated companies

By:_____
Its:_____

**EXHIBIT A**

# NEW CENTURY FINANCIAL CORPORATION

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| HOME123 CORPORATION | 14BSBAH3788 | AR | 100,000 |
| New Century Credit Corporation | 14BSBAK8362 | AR | 100,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAH3739 | AR | 100,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8185 | AR | 100,000 |
| | | AR subtotal | 400,000 |
| New Century Credit Corporation | 14BSBCX3780 | AZ | 100,000 |
| New Century Mortgage Corporation | 14BSBAO6722 | AZ | 100,000 |
| Home123 Corporation | 14BSBBD3850 | AZ | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1103 | AZ | 25,000 |
| | | AZ subtotal | 250,000 |
| Home123 Corporation | 14BSBAK8374 | CA | 50,000 |
| New Century Credit Corporation | 14BSBAX0960 | CA | 50,000 |
| New Century Mortgage Corporation | 14BSBBT3865 | CA | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1285 | CA | 50,000 |
| NCoral, L.P. | 14BSBDW3910 | CA | 25,000 |
| New Century Mortgage Corporation D/B/A Home1 | 14BSBCC2107 | CA | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1290 | CA | 25,000 |
| New Century Warehouse Corporation | 14BSBCM4153 | CA | 25,000 |
| Sutter Buttes, L.P. | 14BSBDN4547 | CA | 25,000 |
| | | CA subtotal | 325,000 |
| Compufund Mortgage Company L.P. | 14BSBDW3920 | CO | 250,000 |
| Home123 Corporation | 14BSBAG1411 | CO | 250,000 |
| New Century Mortgage Ventures, LLC DBA Sumn | 14BSBDJ1293 | CO | 125,000 |
| Team Home Lending, Ltd. | 14BSBDN4555 | CO | 100,000 |

| Principal Name | Bond Number | Risk State | Limit |
| --- | --- | --- | --- |
| Capital Pacific Home Loans, L.P. | 14BSBDN4553 | CO | 25,000 |
| Residential Prime Lending, L.P. | 14BSBDN4554 | CO | 25,000 |
| New Century Credit Corporation | 14BSBAK2774 | CO | 20,000 |
| | | CO subtotal | 795,000 |
| Home123 Corporation | 14BSBAI0089 | CT | 40,000 |
| Home123 Corporation | 14BSBCV1743 | CT | 40,000 |
| Home123 Corporation | 14BSBDF8883 | CT | 40,000 |
| Home123 Corporation | 14BSBDG6387 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8206 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8230 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8231 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8232 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8233 | CT | 40,000 |
| Home123 Corporation | 14BSBDG8234 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4523 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4524 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4525 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4526 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4527 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4539 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4541 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4546 | CT | 40,000 |
| Home123 Corporation | 14BSBDN4550 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3916 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3933 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3934 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3935 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3938 | CT | 40,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Home123 Corporation | 14BSBDW3939 | CT | 40,000 |
| Home123 Corporation | 14BSBDW3943 | CT | 40,000 |
| Home123 Corporation | 14BSBEG3952 | CT | 40,000 |
| Home123 Corporation | 14BSBEG3956 | CT | 40,000 |
| NEW CENTURY CREDIT CORPORATION | 14BSBAK8382 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBAM6091 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBN5574 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBN5651 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBO3960 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBS3891 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBS3951 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBS7920 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBBU1382 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCB3407 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCE5542 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCK0402 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCN1284 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCS1549 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBCZ3939 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2746 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2747 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2748 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2749 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2750 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2751 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2752 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2753 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDA2754 | CT | 40,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| New Century Mortgage Corporation | 14BSBDB3550 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDB3551 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDB3553 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDB3554 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDB3555 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDE8782 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDG6321 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDG8222 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDN4528 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBDW3942 | CT | 40,000 |
| New Century Mortgage Corporation | 14BSBEG3968 | CT | 40,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAK2735 | CT | 40,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAL4598 | CT | 40,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8186 | CT | 40,000 |
| THE ANYLOAN COMPANY | 14BSBBM3920 | CT | 40,000 |
| Worth Funding Incorporated | 14BSBBO3931 | CT | 40,000 |
| | | CT subtotal | 2,720,000 |
| New Century Mortgage Corporation | 14BSBCK0460 | DC | 500,000 |
| Home123 Corporation | 14BSBDN4533 | DC | 200,000 |
| Home123 Corporation | 14BSBDG6404 | DC | 50,000 |
| Home123 Corporation | 14BSBDG8220 | DC | 50,000 |
| Home123 Corporation | 14BSBDG8227 | DC | 50,000 |
| HOME123 CORPORATION | 14BSBAJ1866 | DC | 50,000 |
| HOME123 CORPORATION | 14BSBBT3844 | DC | 50,000 |
| New Century Credit Corporation | 14BSBBI1630 | DC | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8203 | DC | 12,500 |
| | | DC subtotal | 1,012,500 |
| New Century Mortgage Corporation | 14BSBBU8659 | DE | 75,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Home123 Coporation | 14BSBAH3786 | DE | 50,000 |
| New Century Credit Corporation | 14BSBAK8379 | DE | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8188 | DE | 50,000 |
| | | DE subtotal | 225,000 |
| NewVensure, LLC | 14BSBEG3959 | FL | 35,000 |
| New Century Mortgage Corporation D/B/A Home | 14BSBBU1320 | FL | 10,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1300 | FL | 10,000 |
| THE ANYLOAN COMPANY | 14BSBAG7494 | FL | 10,000 |
| | | FL subtotal | 65,000 |
| Home123 Corporation | 14BSBDG8225 | GA | 150,000 |
| NEW CENTURY CREDIT CORPORATION | 14BSBAN3395 | GA | 150,000 |
| New Century Mortgage Corporation | 14BSBDG8223 | GA | 150,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1313 | GA | 150,000 |
| Peachtree Residential Mortgage, L.P. | 14BSBDN4557 | GA | 150,000 |
| | | GA subtotal | 750,000 |
| Home123 Corporation | 14BSBDG6331 | HI | 15,000 |
| New Century Mortgage Corporation | 14BSBDG6329 | HI | 15,000 |
| | | HI subtotal | 30,000 |
| Home123 Corporation | 14BSBAI0113 | IA | 50,000 |
| New Century Credit Corporation | 14BSBAK8385 | IA | 50,000 |
| New Century Mortgage Corporation | 14BSBBX6871 | IA | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8216 | IA | 50,000 |
| Home123 Corporation | 14BSBDN4545 | IA | 1,000 |
| Home123 Corporation | 14BSBDW3906 | IA | 1,000 |
| New Century Credit Corporation | 14BSBDW3908 | IA | 1,000 |
| New Century Mortgage Corporation | 14BSBDW3907 | IA | 1,000 |
| | | IA subtotal | 204,000 |
| Home123 Corporation | 14BSBAI0104 | ID | 395,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| New Century Mortgage Corporation | 14BSBBU1322 | ID | 325,000 |
| New Century Mortgage Ventures, LLC DBA Selec | 14BSBDG8189 | ID | 35,000 |
| New Century Credit Corporation | 14BSBBO3972 | ID | 25,000 |
| Aaron Jonathan Strunsky | 14BSBDW3882 | ID | 10,000 |
| Alfred Macias | 14BSBDW3873 | ID | 10,000 |
| Anabella Sorrells | 14BSBDW3874 | ID | 10,000 |
| Archana Tiwari Sarish | 14BSBEG3957 | ID | 10,000 |
| Barbara Susan Hansen | 14BSBDN4570 | ID | 10,000 |
| Benjamin Preston Brown | 14BSBDW3866 | ID | 10,000 |
| Brent Allen Scheiber | 14BSBDW3931 | ID | 10,000 |
| Brent Alton Van Manen | 14BSBDW6240 | ID | 10,000 |
| Casey Racquel Dubbs | 14BSBDW3930 | ID | 10,000 |
| Cesar Rene Rocha, Sr. | 14BSBDW3862 | ID | 10,000 |
| Chad Eric Naumescu | 14BSBDW3928 | ID | 10,000 |
| Charley Ralph Dillon | 14BSBDW3886 | ID | 10,000 |
| Christopher De Souza | 14BSBDW3909 | ID | 10,000 |
| Christopher Ray Cox | 14BSBDW3877 | ID | 10,000 |
| Christopher Thomas Sakas | 14BSBDW3903 | ID | 10,000 |
| Cindy Martin | 14BSBDW3922 | ID | 10,000 |
| Claudia A. George | 14BSBDW3883 | ID | 10,000 |
| Clayne Edward Wayman | 14BSBDW3860 | ID | 10,000 |
| Corey Dean Newell | 14BSBDN4569 | ID | 10,000 |
| David A. Cole | 14BSBDW3870 | ID | 10,000 |
| David Alan Neely | 14BSBDW3890 | ID | 10,000 |
| David Anthony Nemet | 14BSBEG3966 | ID | 10,000 |
| David Michael Ruiz | 14BSBEG3978 | ID | 10,000 |
| David Robert Spackman | 14BSBDW3914 | ID | 10,000 |
| Debera Sharples | 14BSBDW3863 | ID | 10,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Dona Mae Wilkinson | 14BSBDW3876 | ID | 10,000 |
| Dwight John Sandmark | 14BSBEG3975 | ID | 10,000 |
| Edson Elysee | 14BSBDW3898 | ID | 10,000 |
| Erek Ryan Schleif | 14BSBDW3929 | ID | 10,000 |
| Erick Enrrique Arellano | 14BSBDW3900 | ID | 10,000 |
| Francine Marie Redding | 14BSBDN4572 | ID | 10,000 |
| Geoffrey L. Bailey | 14BSBDW3856 | ID | 10,000 |
| Helen Ann Stevenson | 14BSBDW3896 | ID | 10,000 |
| Hilda Pinedo-Lopez | 14BSBDW3925 | ID | 10,000 |
| James Allen Whitesides | 14BSBDW3861 | ID | 10,000 |
| James Lackman | 14BSBDW3848 | ID | 10,000 |
| James Rey Pilcher | 14BSBDW3924 | ID | 10,000 |
| James Vincent Palazzolo | 14BSBDW3893 | ID | 10,000 |
| James William Baros, III | 14BSBDW3887 | ID | 10,000 |
| Jenny Baxley | 14BSBDW3904 | ID | 10,000 |
| Jereld Leslie MacGregor | 14BSBDN4565 | ID | 10,000 |
| John Joseph Magnan | 14BSBDN4571 | ID | 10,000 |
| John Michael Lohman | 14BSBDW3936 | ID | 10,000 |
| Jose Ignacio Redondo | 14BSBDW3923 | ID | 10,000 |
| Joseph B. Scerbo | 14BSBDW3868 | ID | 10,000 |
| Kathryn Jeanne Breidigan | 14BSBDW3859 | ID | 10,000 |
| Kelly Robert Gilligan | 14BSBDW3849 | ID | 10,000 |
| Kenneth David Rosenberg | 14BSBDW3885 | ID | 10,000 |
| Kenneth Michael Bayern | 14BSBDN4564 | ID | 10,000 |
| Kristi Elaine Sams | 14BSBDW3902 | ID | 10,000 |
| Kristopher Stephen Brandon | 14BSBDW3932 | ID | 10,000 |
| Leslie Jean Girard | 14BSBDN4566 | ID | 10,000 |
| Linda L. Cottle | 14BSBDW3864 | ID | 10,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Lorrie Louise Panzeri | 14BSBDW3905 | ID | 10,000 |
| Louis Joseph Hebert Jr. | 14BSBDN4561 | ID | 10,000 |
| Lucy Ang Chua | 14BSBDW3851 | ID | 10,000 |
| Luis Figueroa | 14BSBDW3872 | ID | 10,000 |
| Melody Joy Wood | 14BSBDW3897 | ID | 10,000 |
| Michael Francis Clancy | 14BSBEG3977 | ID | 10,000 |
| Michael Howard Newmann | 14BSBDW3894 | ID | 10,000 |
| Michael Joseph Murgatroy | 14BSBDW3891 | ID | 10,000 |
| Michelle Joy Ann Shelley | 14BSBEG3953 | ID | 10,000 |
| Mirna Yadira Davila | 14BSBDN4568 | ID | 10,000 |
| Mona Mohareb | 14BSBDW3852 | ID | 10,000 |
| Neil James Jensen | 14BSBDW3854 | ID | 10,000 |
| Nicholas Paul Montoya | 14BSBDW3875 | ID | 10,000 |
| Norman Alan Chess | 14BSBDW3853 | ID | 10,000 |
| Patricia Lorraine Webb | 14BSBDW3855 | ID | 10,000 |
| Patrick D'Oilvo Grant | 14BSBDW3858 | ID | 10,000 |
| Patrick S. McKay | 14BSBDW3878 | ID | 10,000 |
| Pragnesh Ishvar Gandhi | 14BSBDW3871 | ID | 10,000 |
| Ravi Ramesh Shahani | 14BSBDW3915 | ID | 10,000 |
| Raymond Aaron Sutherland | 14BSBDW3941 | ID | 10,000 |
| Richard Lawrence Conde | 14BSBEG3973 | ID | 10,000 |
| Rigo Hernandez | 14BSBDW3881 | ID | 10,000 |
| Robe Hegeman | 14BSBDW3895 | ID | 10,000 |
| Robert Jay Simon | 14BSBDW3884 | ID | 10,000 |
| Robert Lawrence Furman | 14BSBDW3857 | ID | 10,000 |
| Robert Ross Hayes | 14BSBEG3972 | ID | 10,000 |
| Rosanne Marie Chavez | 14BSBDW3926 | ID | 10,000 |
| Samuel Alton Newell | 14BSBDN4563 | ID | 10,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Sangnoon Tanomrat Smith | 14BSBDW3865 | ID | 10,000 |
| Sarah Mae Donaldson | 14BSBDN4562 | ID | 10,000 |
| Sean Michael Lloyd | 14BSBDW3927 | ID | 10,000 |
| Serena Jessica Robles | 14BSBDW3899 | ID | 10,000 |
| Shelley Angela Wallace | 14BSBDW3847 | ID | 10,000 |
| Stefce Gruevski | 14BSBDW3880 | ID | 10,000 |
| Steven Loren Ciminella | 14BSBDW3867 | ID | 10,000 |
| Steve Vincent Nash | 14BSBEG3971 | ID | 10,000 |
| Terry Ellen Weinberger | 14BSBDW3850 | ID | 10,000 |
| Tetsuya Tim Okura | 14BSBEG3979 | ID | 10,000 |
| Tracie Lynn Townsend | 14BSBEG3970 | ID | 10,000 |
| Veronica Garnsey | 14BSBDW3892 | ID | 10,000 |
| Wayne Norman Katz | 14BSBDW3888 | ID | 10,000 |
| | | ID subtotal | 1,720,000 |
| Home123 Corporation | 14BSBAH3728 | IL | 20,000 |
| NCORAL, L.P. dba Access Warehouse Lending | 14BSBDW3911 | IL | 20,000 |
| NEW CENTURY CREDIT CORPORATION | 14BSBAY8934 | IL | 20,000 |
| New Century Mortgage Corporation | 14BSBAR0064 | IL | 20,000 |
| New Century Warehouse Corporation DBA Acces | 14BSBDN4558 | IL | 20,000 |
| | | IL subtotal | 100,000 |
| Home123 Corporation | 14BSBAI6393 | KS | 300,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAH3770 | KS | 300,000 |
| New Century Mortgage Ventures, LLC | 14BSBDN4559 | KS | 300,000 |
| Midwest Home Mortgage, Ltd. | 14BSBDN4549 | KS | 275,000 |
| Ad Astra Mortgage, Ltd. | 14BSBDN4548 | KS | 250,000 |
| New Century Credit Corporation | 14BSBAK2773 | KS | 250,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8190 | KS | 100,000 |
| NewVensure, LLC | 14BSBEG3960 | KS | 100,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| | | KS subtotal | 1,875,000 |
| Home123 Corporation | 14BSBDW3919 | KY | 250,000 |
| New Century Credit Corporation | 14BSBDW3918 | KY | 250,000 |
| New Century Mortgage Corporation | 14BSBDW3917 | KY | 250,000 |
| New Century Warehouse Corporation | 14BSBCR2134 | KY | 250,000 |
| New Century Warehouse Corporation DBA Acces | 14BSBDN4550 | KY | 250,000 |
| NCORAL, L.P. dba Access Warehouse Lending | 14BSBDW3912 | KY | 100,000 |
| Home123 Corporation | 14BSBDU4664 | KY | 50,000 |
| | | KY subtotal | 1,400,000 |
| New Century Mortgage Ventures, LLC dba Total N | 14BSBDG8217 | LA | 50,000 |
| Home123 Corporation | 14BSBDN4538 | LA | 20,000 |
| New Century Mortgage Corporation | 14BSBCH6762 | LA | 20,000 |
| | | LA subtotal | 90,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8193 | MA | 75,000 |
| New Century Mortgage Corporation | 14BSBAY8967 | MA | 25,000 |
| | | MA subtotal | 100,000 |
| Home123 Corporation | 14BSBDN4530 | MD | 375,000 |
| New Century Mortgage Corporation | 14BSBCN9616 | MD | 375,000 |
| NewVensure, LLC | 14BSBEG3961 | MD | 100,000 |
| New Century Credit Corporation | 14BSBAM6111 | MD | 75,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8192 | MD | 25,000 |
| | | MD subtotal | 950,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAL9938 | ME | 500,000 |
| Home123 Corporation | 14BSBDF8884 | ME | 150,000 |
| Home123 Corporation | 14BSBCV1744 | ME | 50,000 |
| New Century Credit Corporation | 14BSBAK8445 | ME | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8191 | ME | 50,000 |
| | | ME subtotal | 800,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| New Century Credit Corporation | 14BSBAK8396 | MI | 125,000 |
| New Century Credit Corporation | 14BSBAK8403 | MI | 125,000 |
| New Century Mortgage Corporation | 14BSBAN3453 | MI | 125,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAK8357 | MI | 125,000 |
| Home123 Corporation | 14BSBAG7530 | MI | 25,000 |
| Home123 Corporation | 14BSBAG7531 | MI | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1324 | MI | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1334 | MI | 25,000 |
| | | MI subtotal | 600,000 |
| New Century Credit Corporation | 14BSBDB8758 | MN | 100,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAE8873 | MN | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8204 | MN | 50,000 |
| | | MN subtotal | 200,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1344 | MO | 20,000 |
| | | MO subtotal | 20,000 |
| Home123 Corporation | 14BSBAY8965 | MS | 150,000 |
| New Century Credit Corporation | 14BSBAO6689 | MS | 150,000 |
| New Century Mortgage Corporation | 14BSBAL9919 | MS | 150,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8226 | MS | 150,000 |
| New Century Mortgage Corporation D/B/A Home | 14BSBCM1219 | MS | 50,000 |
| | | MS subtotal | 650,000 |
| Home123 Corporation | 14BSBDN4531 | MT | 200,000 |
| New Century Mortgage Corporation D/B/A Home | 14BSBCR2151 | MT | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8194 | MT | 25,000 |
| | | MT subtotal | 275,000 |
| New Century Credit Corporation | 14BSBCX3818 | NC | 150,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8195 | NC | 150,000 |
| | | NC subtotal | 300,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Home123 Corporation | 14BSBAJ1848 | ND | 25,000 |
| New Century Credit Corporation | 14BSBAX5893 | ND | 25,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAK8358 | ND | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8218 | ND | 25,000 |
| New Century Mortgage Corporation | 14BSBDW3944 | ND | 20,000 |
| New Century Mortgage Corporation | 14BSBDW3945 | ND | 20,000 |
| New Century Mortgage Corporation | 14BSBDW3946 | ND | 20,000 |
| | | ND subtotal | 160,000 |
| Home123 Corporation | 14BSBAJ1841 | NE | 100,000 |
| New Century Credit Corporation | 14BSBAK8452 | NE | 100,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8212 | NE | 100,000 |
| NewVensure, LLC | 14BSBEG3962 | NE | 100,000 |
| | | NE subtotal | 400,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8219 | NH | 100,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8213 | NH | 25,000 |
| Home123 Corporation | 14BSBAJ1906 | NH | 20,000 |
| New Century Credit Corporation | 14BSBAL9906 | NH | 20,000 |
| New Century Mortgage Corporation D/B/A Home1 | 14BSBAN3455 | NH | 20,000 |
| | | NH subtotal | 185,000 |
| Home123 Corporation | 14BSBDH4796 | NJ | 300,000 |
| New Century Mortgage Corporation D/B/A Home1 | 14BSBBU1319 | NJ | 300,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1354 | NJ | 100,000 |
| | | NJ subtotal | 700,000 |
| Home123 Corporation | 14BSBAI6391 | NM | 25,000 |
| New Century Credit Corporation | 14BSBAL4537 | NM | 25,000 |
| NEW CENTURY MORTGAGE CORPORATION D | 14BSBAN3454 | NM | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8214 | NM | 25,000 |
| | | NM subtotal | 100,000 |

| Principal Name | Bond Number | Risk State | Limit |
| --- | --- | --- | --- |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAN3462 | NY | 500,000 |
| Home123 Corporation | 14BSBBU1351 | NY | 250,000 |
| New Century Credit Corporation | 14BSBCY8067 | NY | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1356 | NY | 50,000 |
| | | NY subtotal | 850,000 |
| New Century Mortgage Corporation | 14BSBBN5649 | OH | 400,000 |
| Home123 Corporation | 14BSBDH4797 | OH | 370,000 |
| NewVensure, LLC | 14BSBEG3967 | OH | 150,000 |
| New Century Credit Corporation | 14BSBCX3819 | OH | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDJ1349 | OH | 50,000 |
| | | OH subtotal | 1,020,000 |
| NEW CENTURY MORTGAGE CORPORATION | 14BSBAL4597 | OK | 44,000 |
| Home123 Corporation | 14BSBAI6418 | OK | 35,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8196 | OK | 6,000 |
| New Century Credit Corporation | 14BSBAK8434 | OK | 5,000 |
| | | OK subtotal | 90,000 |
| Home123 Corporation | 14BSBAH3787 | OR | 50,000 |
| New Century Mortgage Corporation | 14BSBBP8576 | OR | 50,000 |
| New Century Credit Corporation | 14BSBCX3820 | OR | 25,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8197 | OR | 25,000 |
| | | OR subtotal | 150,000 |
| NewVensure, LLC | 14BSBEG3963 | PA | 100,000 |
| | | PA subtotal | 100,000 |
| New Century Mortgage Corporation | 14BSBBW9124 | RI | 190,000 |
| Home123 Corporation | 14BSBAJ1854 | RI | 95,000 |
| Home123 Corporation | 14BSBDG8229 | RI | 70,000 |
| New Century Credit Corporation | 14BSBAL4562 | RI | 30,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8198 | RI | 25,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| | | RI subtotal | 410,000 |
| Home123 Corporation | 14BSBEG3976 | SC | 10,000 |
| | | SC subtotal | 10,000 |
| Home123 Corporation | 14BSBAI6445 | TN | 200,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8205 | TN | 200,000 |
| NewVensure, LLC | 14BSBEG3964 | TN | 25,000 |
| | | TN subtotal | 425,000 |
| NewVensure, LLC | 14BSBEG3965 | VA | 100,000 |
| Home123 Corporation | 14BSBAH3762 | VA | 50,000 |
| NEW CENTURY CREDIT CORPORATION | 14BSBAL4512 | VA | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8200 | VA | 50,000 |
| | | VA subtotal | 250,000 |
| New Century Mortgage Corporation | 14BSBAN3451 | VT | 1,900,000 |
| Home123 Corporation | 14BSBAJ1912 | VT | 550,000 |
| Home123 Corporation | 14BSBDN4532 | VT | 250,000 |
| New Century Credit Corporation | 14BSBCX3821 | VT | 50,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8199 | VT | 25,000 |
| | | VT subtotal | 2,775,000 |
| HOME123 CORPORATION | 14BSBAH3760 | WA | 1,520,000 |
| New Century Mortgage Corporation D/B/A Home1 | 14BSBBU8658 | WA | 1,090,000 |
| New Century Credit Corporation | 14BSBBQ4105 | WA | 400,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8201 | WA | 400,000 |
| | | WA subtotal | 3,410,000 |
| Home123 Corporation | 14BSBAI6458 | WI | 300,000 |
| New Century Credit Corporation | 14BSBAN3372 | WI | 300,000 |
| New Century Mortgage Corporation | 14BSBAN9332 | WI | 300,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8215 | WI | 300,000 |
| Home123 Corporation | 14BSBAI6459 | WI | 120,000 |

| Principal Name | Bond Number | Risk State | Limit |
|---|---|---|---|
| Home123 Corporation | 14BSBDN4542 | WI | 50,000 |
| New Century Mortgage Corporation | 14BSBDN4544 | WI | 50,000 |
| Home123 Corporation | 14BSBAI6466 | WI | 5,000 |
| New Century Credit Corporation | 14BSBDW3913 | WI | 5,000 |
| | | WI subtotal | 1,430,000 |
| Home123 Corporation | 14BSBAY4805 | WV | 100,000 |
| New Century Credit Corporation | 14BSBAL4573 | WV | 100,000 |
| New Century Mortgage Corporation | 14BSBAL4556 | WV | 100,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8202 | WV | 100,000 |
| New Century Mortgage Ventures, LLC | 14BSBDG8208 | WV | 100,000 |
| Home123 Corporation | 14BSBDN4529 | WV | 50,000 |
| New Century Mortgage Corporation | 14BSBAL4557 | WV | 50,000 |
| | | WV subtotal | 600,000 |
| New Century Mortgage Corporation | 14BSBDN4534 | WY | 365,000 |
| Home123 Corporation | 14BSBDN4535 | WY | 205,000 |
| New Century Credit Corporation | 14BSBDN4536 | WY | 25,000 |
| | | WY subtotal | 595,000 |
| 361 | | TOTAL | 29,516,500 |

**EXHIBIT B**

## SCHEDULE A
## 4/13/07

| Type of Bond | Bond Number | State Issued to | Cancelation Date by Hartford | Current Limits |
|---|---|---|---|---|
| Mortgage Banker Bond | 14BSBAH3739 | AR | 6/1/2007 | 100,000 |
| Mortgage Banker Bond | 14BSBAO6722 | AZ | 5/2/2007 | 100,000 |
| Bond of Residential Mortgage | 14BSBBT3865 | CA | 4/30/2007 | 50,000 |
| D/B/A Home123 Corporation Bond of Finance Lender and/or Broker | 14BSBCC2107 | CA | 4/30/2007 | 25,000 |
| Surely Bond of Supervised Lender | 14BSBAU9411 ** | CO ** | 4/30/2007 | 75,000 |
| First Mortgage Licensee Bond | 14BSBAK2735 | CT | 5/2/2007 | 40,000 |
| First Mortgage Licensee Bond | 14BSBAL4598 | CT | 5/2/2007 | 40,000 |
| First Mortgage Licensee Bond | 14BSBDG6321 | CT | 5/2/2007 | 40,000 |
| First Mortgage Lender/Broker Bond | 14BSBAM6091 | CT | 5/2/2007 | 40,000 |
| First Mortgage Lender/Broker Bond | 14BSBBN5574 | CT | 5/2/2007 | 40,000 |
| | 14BSBBO3960 | CT | 5/2/2007 | 40,000 |
| | 14BSBBS3891 | CT | 5/2/2007 | 40,000 |
| | 14BSBBS3951 | CT | 5/2/2007 | 40,000 |
| | 14BSBCN1284 | CT | 5/2/2007 | 40,000 |
| | 14BSBCZ3939 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2746 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2747 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2748 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2750 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2753 | CT | 5/2/2007 | 40,000 |
| | 14BSBDA2754 | CT | 5/2/2007 | 40,000 |
| | 14BSBDB3551 | CT | 5/2/2007 | 40,000 |
| | 14BSBDG8222 | CT | 5/2/2007 | 40,000 |
| Mortgage Broker Bond | 14BSBCK0460 ** | DC ** | 4/30/2007 | 500,000 |
| Licensed Lender Surety Bond | 14BSBBU8659 | DE | 4/26/2007 | 75,000 |

## SCHEDULE A
## 4/13/07

| | | | | |
|---|---|---|---|---|
| D/B/A Home 123 Corporation | 14BSBBU1320 | FL | 4/30/2007 | 10,000 |
| Mortgage Banker Bond | 14BSBDG8223 | GA | 4/30/2007 | 150,000 |
| Mortgage Broker Bond | 14BSBDG6329 | HI | 6/2/2007 | 15,000 |
| Regulated Loan License Bond | 14BSBDN4543 | IA | 5/3/2007 | 1,000 |
| Regulated Loan License Bond | 14BSBDW3907 | IA | 5/3/2007 | 1,000 |
| Mortgage Banker Bond | 14BSBBX6871 | IA | 5/2/2007 | 50,000 |
| Mortgage Broker/Lender Bond | 14BSBBU1322 | ID | 4/30/2007 | 325,000 |
| Residential Mortgage License Bond | 14BSBAR0064 | IL | 5/3/2007 | 20,000 |
| Supervised Lender Bond | 14BSBAH3770 ** | KS ** | 4/30/2007 | 300,000 |
| Surety Bond for Mortgage Loan Company | 14BSBDW3917 | KY | 4/30/2007 | 250,000 |
| Surety Bond - Telephone Solicitation | 14BSBCH6762 | LA | 7/3/2007 | 20,000 |
| Collection Agency Bond | 14BSBAY8967 | MA | 5/3/2007 | 25,000 |
| Mortgage Broker Bond | 14BSBCN9616 ** | MD ** | 5/30/2007 | 375,000 |
| Supervised Lender Bond | 14BSBAL9938 ** | ME ** | 4/30/2007 | 500,000 |
| Mortgage Broker, Lender or Servicer Bond | 14BSBAK8357 | MI | 6/30/2007 | 125,000 |
| | 14BSBAN3453 | MI | | 125,000 |
| Residential Mortgage Servicer Bond | 14BSBAE8873 | MN | 5/2/2007 | 50,000 |
| (No copy of bond) | 14BSBAL9919 | MS | | 150,000 |
| D/B/A Home 123 Corporation | 14BSBCR2151 | MT | 6/1/2007 | 50,000 |
| Surety Bond to Operate Money Broker Business | 14BSBAK8358 | ND | 5/3/2007 | 25,000 |
| Surety Bond To Operate Collection Agency Business | 14BSBDW3944 | ND | 5/3/2007 | 20,000 |
| Surety Bond To Operate Collection Agency Business | 14BSBDW3945 | ND | 5/3/2007 | 20,000 |
| Surety Bond To Operate Collection Agency Business | 14BSBDW3946 | ND | 5/3/2007 | 20,000 |
| Mortgage Banker Bond | 14BSBBZ2274 | NE | 5/3/2007 | 100,000 |
| Mortgage Broker's Surety Bond | 14BSBBN5649 ** | OH ** | 5/1/2007 | 60,000 |
| Supervised Lender License Bond | 14BSBAL4597 | OK | 5/2/2007 | 44,000 |

## SCHEDULE A
### 4/13/07

| | | | | |
|---|---|---|---|---|
| Mortgage Broker Bond | 14BSBBP8576 | OR | 5/2/2007 | 50,000 |
| Licensed Lender Bond | 14BSBAN3451 | VT | 5/30/2007 | 150,000 |
| Consumer Loan Business | 14BSBBU8658 ** | WA ** | 5/15/2007 | 1,100,000 |
| Mortgage Banker Bond | 14BSBAN9332 | WI | 4/30/2007 | 300,000 |
| Loan Company Bond | 14BSBDN4544 | WI | 6/1/2007 | 50,000 |
| Mortgage Lender Bond | 14BSBAL4556 | WV | 5/2/2007 | 100,000 |
| Mortgage Broker Bond | 14BSBAL4557 | WV | 5/2/2007 | 50,000 |
| Surety Bond For Mortgage Lenders and Brokers | 14BSBDN4534 ** | WY ** | 4/30/2007 | 365,000 |
| Mortgage Lender Bond | 14BSBAU9408 | VA | 7/1/2007 | 50,000 |
| | | | | 6,691,000 |

**EXHIBIT C**

# GENERAL INDEMNITY AGREEMENT

Hartford Fire Insurance Company
Hartford, Connecticut 06115



We, the undersigned, hereinafter referred to as Indemnitors, hereby request Hartford Fire Insurance Company, Hartford Plaza, Hartford, Connecticut, 06115, for itself and its affiliates, parent, and subsidiaries, individually and collectively called "Hartford" to furnish bonds, undertakings, recognizances, guarantees or other obligatory instruments of suretyship, hereinafter referred to as Bonds, and as an inducement therefor, we make the following representations of fact, promises and agreements:

## REPRESENTATIONS OF FACT:

1.    In the transaction of business, one, some or all of the Indemnitors are required, or may desire to give such Bonds.

2.    The Indemnitors expressly warrant their material, substantial or beneficial interest in such Bonds, and certify that all declarations made and answers given in any application for such Bonds are truthful and without reservation.

3.    The purpose of this Agreement is to induce Hartford to furnish Bonds.  It is understood and agreed, however, that Hartford is under no obligation to furnish Bonds to Indemnitors.

## PROMISES AND AGREEMENTS:

In consideration of the furnishing of such Bonds by Hartford and for other valuable consideration, the Indemnitors hereby jointly and severally promise and agree:

1.    To pay the initial premium and all renewal or additional premiums for each such Bond, as they fall due, and until Hartford has been provided with competent legal evidence that each Bond has been duly discharged.

2.    To indemnify and exonerate Hartford from and against any and all loss and expense of whatever kind, including; but not limited to interest, court costs, attorney and counsel fees, hereinafter referred to as Loss, which it may incur or sustain as a result of or in connection with (1) the furnishing of any Bond and/or (2) the enforcement of this Agreement. Indemnitors promise:
   (a)    To promptly reimburse Hartford for all sums paid on account of such Loss and it is agreed that (1) originals or photocopies of claim drafts, or of payment records kept in the ordinary course of business, including computer printouts, verified by affidavit, shall be prima facie evidence of the fact and amount of such Loss, and (2) Hartford shall be entitled to reimbursement for any and all disbursements made by it in good faith, under the belief that it was liable, or that such disbursement was necessary or expedient; and/or
   (b)    To deposit with Hartford on demand the amount of any reserve against such Loss which Hartford is required, or deems it prudent to establish, whether on account of an actual liability or one which is, or may be, asserted against it, and whether or not any payment for such Loss has been made.

3.    This Agreement shall apply to Bonds furnished
   (a)    By Hartford as surety, or where procured by Hartford, by any other surety or co-surety, in which event such surety or co-surety shall also have the benefit of this Agreement and the right to proceed thereon; and/or
   (b)    At the request of any Indemnitor; and/or
   (c)    For or on behalf of
       (1)    One, some or all of the Indemnitors; and/or
       (2)    Any joint venture or other form of common enterprise in which at the time the Bond was furnished, such Indemnitor or Indemnitors were members; and/or
       (3)    Any present or future affiliate or subsidiary of such Indemnitor or Indemnitors; and/or
       (4)    Any third Party at the request of an Indemnitor or Indemnitors and their subsidiaries and affiliates
at any time before this Agreement shall have been terminated, including any Bond(s) which may have been furnished before the date hereof.

4.  Indemnitors acknowledge and agree that the obligations contained in this Agreement apply to all Bonds issued, including any Bonds issued prior to the date this Agreement was executed by Indemnitors.

5.  The validity and effect of this General Indemnity Agreement shall not be impaired by, Hartford shall incur no liability on account of, and the Indemnitors need not be notified of
    (a)  Hartford's failure or refusal to furnish any Bond, including final Bond or Bonds where Hartford has furnished a bid Bond;
    (b)  Hartford's consent or failure to consent to changes in the terms and provisions of any Bond, or the obligation or performance secured by any Bond;
    (c)  The taking, failing to take, or release of security, collateral, assignment, indemnity agreements and the like, as to any Bond;
    (d)  The release by Hartford, on terms satisfactory to it, of any of the Indemnitors;
    (e)  Information which may come to the attention of Hartford which affects or might affect its rights and liabilities or those of the Indemnitors or any of them.

6.  The Indemnitors shall have no rights of Indemnity, contribution or right to seek collection of any other outstanding obligation against any other Indemnitor(s) or his/her property until the Indemnitor(s)' obligations to Hartford under this Agreement have been satisfied in full.

7.  Indemnitors agree that their obligations remain in full force and effect for any and all Bonds referenced in Item 4, above, notwithstanding that the entity on whose behalf said Bond(s) were issued has been sold, divested, transferred, dissolved or whose ownership has been otherwise altered in any way.

8.  This Agreement is in addition to and not in lieu of any other agreements and obligations undertaken in favor of Hartford.

9.  Provided, however, that each Indemnitor reserves the right to terminate his/her participation in this Agreement as a continuing request to Hartford for the furnishing of Bonds, upon written notice to Hartford of not less than twenty (20) days, whereupon the obligations and liability of an Indemnitor giving such written notice shall be limited to those Bond(s) furnished before the effective date of the written notice, including any Bond which was originally issued prior to the effective date of written notice and renewed subsequent to the effective date of such termination. Said written notice cannot modify, bar or discharge any Indemnitor(s)' obligation for any furnished Bond(s).

10.  Hartford may at its option, file or record this Agreement or any other document executed by any Indemnitor(s), in connection with the application or furnishing of any Bond(s), as a security agreement or as part of a financing statement or as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other law of any jurisdiction, but that the filing or recording of such document shall be solely at the option of Hartford and that failure to do so shall not release or impair any of the obligations of the Indemnitors under this Agreement. Any copy of this Agreement, certified by Hartford so to be, shall be considered for purposes of filing as a financing statement, as an original copy.

11.  In the event any part of this Agreement shall be void under law of the place governing the construction hereof, then such part only shall be considered as deleted and the remainder of this Agreement shall remain in full force and effect.

12.  This Agreement may not be added to, changed, or modified orally. No addition, change, or modification to this Agreement shall be effective unless specifically agreed in writing by any Indemnitor(s) and Hartford.

WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY.   THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.

Dated and effective this *15TH* day of *August, 19* *2000*

Note:  Corporate signatures and attestations must be by corporate officers empowered to sign and attest.  Attestations must be by corporate officers other than those signing.  Witnesses' signatures must be by persons not a party to, or relative of a party to, this Agreement.

Applicant is    ☐ Individual        ☐ Partnership        ☒ Corporation        ☐ Sub-S Corp.

Attest/Witness:

STERGIOS THEOLOGIDES
SECRETARY
NEW CENTURY FINANCIAL CORPORATION

New Century Financial Corporation                    (seal)
                                (Corporate/Individual Name)

By: BRAD MORRICE
    PRESIDENT
                                    (Title/Signature)

Federal I.D. or SSN
    33-0683629

Attest/Witness:

_____

_____

                                                        (seal)
                                (Corporate/Individual Name)
By:

                                    (Title/Signature)

Federal I.D. or SSN

_____

Attest/Witness:

_____

_____

                                                        (seal)
                                (Corporate/Individual Name)
By:

                                    (Title/Signature)

Federal I.D. or SSN

_____

Attest/Witness:

_____

_____

                                                        (seal)
                                (Corporate/Individual Name)
By:

                                    (Title/Signature)

Federal I.D. or SSN

_____

Form S-3327-4a (Rev. 1)

Page 3 of 4

## GENERAL AGREEMENT OF INDEMNITY



WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires the Hartford Fire Insurance Company, Hartford Plaza, Hartford, CT 06115, itself or its affiliates, parent and subsidiaries, individually and collectively called The Hartford, as "Surety" to execute bonds including undertakings and other like obligations, including any bond or bonds predating this Agreement (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its subsidiaries now existing or hereafter created or on behalf of any subsidiary of a subsidiary; and

WHEREAS, from time to time either the indemnitor or one or more of its subsidiaries may be a participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one of more of its subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless said Company from and against any and all loss, damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement.

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of the Company either as a direct writing company or to us a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the Company on behalf of Indemnitor or any of its subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its or their successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREAS said Indemnitor has signed this instrument this _____ 20th _____ day of _____ Nov. _____ 20 04

ATTEST

New Century Mortgage Ventures, LLC                    (Seal)
                                     Indemnitor

New   Century   Mortgage   Corporation,
Member

Stergios Theologides, Corporate Secretary

By _____
Patrick J. Flanagan, President

Must be acknowledged before Notary Public by Indemnitor(s):

State of _____ CA.

County of _____ Orange

On this _____ 20 _____ day of _____ Nov. _____ 20 04 before me personally appeared the above individual(s) to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the corporation that signed the foregoing instrument and acknowledged the execution of the same to me.

_____ (Seal)
(Notary Public)

My commission expires: _____ 11-28-2007

T. PHILIP DURAND
Commission # 1453503
Notary Public - California
Orange County
My Comm. Expires Nov 28, 2007

rev. 3/03

## ADDITIONAL INDEMNITY AGREEMENT



The Undersigned hereby agree(s) to the following as respects all bonds executed by the Hartford Fire Insurance Company, Hartford Plaza, Hartford, CT 06115, itself or its affiliates, parent and subsidiaries, individually and collectively called The Hartford, as "Surety", on behalf of

New Century Mortgage Ventures, LLC

(entity requiring bonds)
whether such bonds were executed before, on or after the date hereof:

1) To pay the Company in advance the initial premium and thereafter pay in advance such additional premiums as may become due until the Company is legally discharged and released of all liability under said bonds and evidence of such discharge and release satisfactory to it is delivered to the Company.

2) That the undersigned shall indemnify the Company from and against all claims, demands, losses, liability, damages (including punitive and exemplary), costs, charges, attorneys' fees, expenses, suits, orders, judgements, or adjudication's whatsoever which the Company may at any time sustain or incur to be put to by reason or in consequence of the Company's having executed or procured the execution of said bonds increasing or having increased a bond penalty by rider, defending or prosecuting any action, suit or other proceeding which may be brought in connection therewith, enforcing any of the agreements contained herein, procuring a release from said bonds, or canceling said bonds in accordance with any cancellation provision therein contained.

3) That the Company shall have the right and is hereby authorized, but not required, to pay, adjust, settle or compromise any claim, demand, suit or judgement upon said bonds, and the voucher or other evidence or such payment, adjustment, settlement or compromise, whether the Company was liable therefore or not, shall be prima facie evidence of the fact and extent of the liability of the undersigned.

4) That in the event the Company is required to reserve from its assets an amount to cover any claim, demand, liability, expense, suit, order, judgement or adjudication by reason of a breach or default of the said bonds, the undersigned will immediately on demand deposit with the Company in current funds an amount equal to such reserve as collateral security to be held by the Company for its indemnification without derogation of any other rights to indemnity afforded by this instrument.

5) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or the recovery of judgement upon any causes of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

6) That it is expressly understood and agreed by the undersigned that any and all other rights which the Company may have or acquire against the undersigned and/or others under any such other or additional agreement of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Company under this agreement.

7) That these covenants shall be jointly and severally binding upon the undersigned, their respective heirs, executors, administrators, successors, and assigns.

Signed, sealed and dated this _____20_____ day of _____Nov_____, 20 _04_.

SIGNATURE OF INDEMNITOR(S)

ATTEST

New Century Mortgage Corporation _____ (Seal)
Indemnitor

By _____

Stergios Theologides, Corporate Secretary
ATTEST

Patrick J. Flanagan, President _____ (Seal)
Indemnitor

By _____

(Title)                                        (Title)

Must be acknowledged before Notary Public by Indemnitor(s):
State of _____CA_____
County of _____Orange_____
On this _____20_____ day of _____Nov_____ 20 _04_ before me personally appeared the above individual(s) to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the corporation that signed the foregoing instrument and acknowledged the execution of the same to me.

_____ (Seal)
(Notary Public)

My commission expires: _____11-28-2007_____

T. PHILIP DURAND
Commission # 1453503
Notary Public - California
Orange County

rev. 3/03

## GENERAL AGREEMENT OF INDEMNITY



**THE HARTFORD**

WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires the Hartford Fire Insurance Company (hereinafter called the "Company") to execute bonds including undertakings and other like obligations, including any bond or bonds predating this Agreement (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its subsidiaries now existing or hereafter created or on behalf of any subsidiary of a subsidiary; and

WHEREAS, from time to time either the indemnitor or one or more of its subsidiaries may be a participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless said Company from and against any and all loss damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement.

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of the Company either as a direct writing company or as a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the Company on behalf of Indemnitor or any of its subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its or their successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREAS said Indemnitor has signed this instrument this _12th_ _____ day of _____

_January_, 19 _99_

ATTEST

New Century Mortgage Corporation (Seal)
_____
Indemnitor

By _____

_(Title)_          _(Title)_
Steve Holder   President          Brad Morrice   Secretary

CORPORATE ACKNOWLEDGEMENT

Must be acknowledged before Notary Public by Indemnitor(s):
State of _____
County of _____
On this _____ day of _____ 19 _____ before me personally appeared _____
to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the corporation that signed the foregoing instrument and acknowledged the execution of the same to me.

_____ (Seal)
(Notary Public)
My commission expires: _____

## GENERAL AGREEMENT OF INDEMNITY



THE HARTFORD

WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires the Hartford Fire Insurance Company (hereinafter called the "Company") to execute bonds including undertakings and other like obligations, including any bond or bonds predating this Agreement (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its subsidiaries now existing or hereafter created or on behalf of any subsidiary of a subsidiary; and

WHEREAS, from time to time either the indemnitor or one or more of its subsidiaries may be a participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless said Company from and against any and all loss damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement.

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of the Company either as a direct writing company or as a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the Company on behalf of Indemnitor or any of its subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its or their successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREAS said Indemnitor has signed this instrument this _____27ᵗʰ_____ day of _____

ATTEST

Stergios Theologides
Vice President, General Counsel, Secretary
(Title)

Worth Funding, Inc.                    (Seal)
Indemnitor

By    David McGee,    President/CEO
(Title)

### CORPORATE ACKNOWLEDGEMENT

Must be acknowledged before Notary Public by Indemnitor(s):

State of __CALIFORNIA__
County of __Los Angeles__
On this __27__ day of __March__ 19__2000__ before me personally appeared __Dave McGee__
to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the

_____ (Seal)
(Notary Public)

My commission expires: __6/27/2000__

SHAWN DENTON

# GENERAL AGREEMENT OF INDEMNITY


THE HARTFORD

WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires the Hartford Fire Insurance Company (hereinafter called the "Company") to execute bonds including undertakings and other like obligations, including any bond or bonds predating this Agreement (hereinafter referred to as bond or bonds) . . .

WHEREAS, from time to time either the Indemnitor or one or more of its subsidiaries may be a participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless said Company from and against any and all loss damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the . . . expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement . . . . . . may execute any bond or bonds at the request of the Company on behalf of Indemnitor or any of its subsidiaries

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its or their successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREAS said Indemnitor has signed this instrument this **23** day of _____ 19 **99**

ATTEST:

_(Title)_
Paul B Akers, Secretary

PWF Corporation     (Seal)
    Indemnitor

By _____
    _(Title)_
    Kirk Redding, CEO

CORPORATE ACKNOWLEDGEMENT

Must be acknowledged before Notary Public by Indemnitor(s):
State of CALIFORNIA
County of ORANGE
On this **23** day of July 19 **99** before me personally
appeared PAUL B. AKERS, SECRETARY AND KIRK REDDING, CEO
to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company . . . . . .

_(Notary Public)_     (Seal)
My commission expires 2-14-02

ERIKA L. MANZAGOL
COMM. #1173664
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Feb. 14, 2002

# GENERAL AGREEMENT OF INDEMNITY



WHEREAS, the undersigned (hereinafter individually and collectively called "Indemnitor") desires the Hartford Fire Insurance Company (hereinafter called the "Company") to execute bonds including undertakings and other like obligations, including any bond or bonds preceding this Agreement (hereinafter referred to as bond or bonds) on its behalf and on behalf of any of its

WHEREAS, from time to time either the Indemnitor or one or more of its subsidiaries may be a participant in joint ventures with others, and bonds will be required on behalf of the Indemnitor or one or more of its subsidiaries along with the other participants in such joint ventures.

NOW, THEREFORE, in consideration of the Company executing said bond or bonds, and the undersigned Indemnitor hereby requests the execution thereof, said Indemnitor being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless said Company from and against any and all loss damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution under said bond or bonds or its payment of any claim or liability thereunder and will place the said Company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said Company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said Indemnitor's liability to said Company under this Agreement.

IT IS UNDERSTOOD AND AGREED that with respect to any bonds on behalf of Indemnitor, or any subsidiary, participating in a joint venture that if specific application is filed with the Company for such bonds the liability of the Indemnitor to the Company with respect to such joint venture bonds shall be limited to the amount expressly set forth in said application.

IT IS UNDERSTOOD AND AGREED that all of the terms, provisions, and conditions of this Agreement shall be extended to and for the benefit not only of the Company either as a direct writing company or as a co-surety or reinsurer but also for the benefit of any surety or insurance company or companies with which the Company may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the Company on behalf of Indemnitor or any of its subsidiaries.

IT IS FURTHER UNDERSTOOD AND AGREED that said Indemnitor, its or their successors and assigns are jointly and severally bound by the foregoing conditions of this Agreement.

IN WITNESS WHEREAS said Indemnitor has signed this instrument this 13th day of September

ATTEST

_____                                      (Seal)
                                                             Indemnitor
                                                             PAUL RIGDON
PAUL RIGDON        (Title) PRESIDENT          By _____
                                                 (Title) STERGIOS THEOLOGIDES,
                                                 SECRETARY

CORPORATE ACKNOWLEDGEMENT

Must be acknowledged before Notary Public by Indemnitor(s):
State of      CALIFORNIA
County of     ORANGE
On this         13th    day of    SEPTEMBER          19 99      before me personally
appeared     PAUL RIGDON AND STERGIOS THEOLOGIDES
to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the
corporation that signed the foregoing instrument and acknowledged the execution of the same to me.

_____ (Seal)
(Notary Public)
My commission expires:  11/21/2001

KIMBERLY L. HILL
Commission # 1162199
Notary Public — California
Orange County
My Comm. Expires Nov 21, 2001

KIMBERLY L. HILL
Commission # 1162199
Notary Public — California
Orange County
My Comm. Expires Nov 21, 2001

ANYLOANS ASOTE IND FRM NEW CENT
IS IN PROCESS



ADDITIONAL INDEMNITY AGREEMENT

The Undersigned hereby agree(s) to the following as respects all bonds executed by the Hartford Fire Insurance Company (hereinafter called Company) on behalf of _____ Hearth Funding, Inc. _____
                                                    (entity requiring bonds)

whether such bonds were executed before, on or after the date hereof:

1) To pay the Company in advance the initial premium and thereafter pay in advance such additional premiums as may become due until the Company is legally discharged and released of all liability under said bonds and evidence of such discharge and release satisfactory to it delivered to the Company.

2) That the undersigned shall indemnify the Company from and against all claims, demands, losses, liability, damages (including punitive or exemplary), costs, charges, attorneys' fees, expenses, suits, orders, judgements, or adjudication's whatsoever which the Company may at any time sustain or incur to be put to by reason or in consequence of the Company's having executed or procured the execution of said bonds, increasing or having increased a bond penalty by rider, defending or prosecuting any action, suit or other proceeding which may be brought in connection therewith, enforcing any of the agreements contained herein, procuring a release from said bonds, or canceling said bonds in accordance with any cancellation provision therein contained.

3) That the Company shall have the right and is hereby authorized, but not required, to pay, adjust, settle or compromise any claim, demand, suit or judgement upon said bonds, and the voucher or other evidence of such payment, adjustment, settlement or compromise, whether the Company was liable therefore or not, shall be prima facie evidence of the fact and extent of the liability of the undersigned.

4) That in the event the Company is required to reserve from its assets an amount to cover any claim, demand, liability, expense, suit, order, judgement or adjudication by reason of a breach or default of the said bonds, the undersigned will immediately on demand deposit with the Company in current funds an amount equal to such reserve as collateral security to be held by the Company for its indemnification without derogation of any other rights to indemnity afforded by this instrument.

5) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or the recovery of judgement upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

6) That it is expressly understood and agreed by the undersigned that any and all other rights which the Company may have or acquire against the undersigned and/or others under any such other or additional agreement of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Company under this agreement.

7) That these covenants shall be jointly and severally binding upon the undersigned, their respective heirs, executors, administrators, successors and assigns.

Signed, sealed and dated this _____24th_____ day of _____MARCH, 2000_____ 19 _____

SIGNATURE OF INDEMNITOR(S)

ATTEST

_____
(Title)

ATTEST

_____
(Title)

New Century Mortgage Corporation _____(Seal)
                Indemnitor
By _STEVEN G. HOLDER, CO-CEO_____
                (Title)
                                              (Seal)

                Indemnitor
By _____
                (Title)

Must be acknowledged before Notary Public by Indemnitor(s):
State of ___California___
County of ___Orange___
On this __24th__ day of __March__ 49 2550 before me personally appeared
to me known to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the corporation
that signed the foregoing instrument and acknowledged the execution of the same to me.

_____(Seal)
          (Notary Public)
My commission expires: 11-21-2001

KIMBERLY L. HILL
Commission # 1162199
Notary Public — California
Orange County
My Comm. Expires Nov 21, 2001

## ADDITIONAL INDEMNITY AGREEMENT



THE
HARTFORD

The Undersigned hereby agree(s) to the following as respects all bonds executed by the Hartford Fire Insurance Company (hereinafter called Company) on behalf of    PMF CORPORATION

(entity requiring bonds)

whether such bonds were executed before, on or after the date hereof:

1) To pay the Company in advance the initial premium and thereafter pay in advance such additional premiums as may become due until the Company is legally discharged and released of all liability under said bonds and evidence of such discharge and release satisfactory to it is delivered to the Company.

2) That the undersigned shall indemnify the Company from and against all claims, demands, losses, liability, damages (including punitive and exemplary), costs, charges, attorneys' fees, expenses, suits, orders, judgements, or adjudication's whatsoever which the Company may at any time sustain or incur or be put to by reason of in consequence of the Company's having executed or procured the execution of said bonds increasing or having increased a bond penalty by rider, defending or prosecuting any action, suit or other proceeding which may be brought in connection therewith, enforcing any of the agreements contained herein, procuring a release from said bonds, or canceling said bonds in accordance with any cancellation provision therein contained.

3) That the Company shall have the right and is hereby authorized, but not required, to pay, adjust, settle or compromise any claim, demand, suit or judgement upon said bonds, and the voucher or other evidence or such payment, adjustment, settlement or compromise, whether the Company was liable therefore or not, shall be prima facie evidence of the fact and extent of the liability of the undersigned.

4) That in the event the Company is required to reserve from its assets an amount to cover any claim, demand, liability, expense, suit, order, judgement or adjudication by reason of a breach or default of the said bonds, the undersigned will immediately on demand deposit with the Company in current funds an amount equal to such reserve as collateral security to be held by the Company for its indemnification without derogation of any other rights to indemnity afforded by this instrument.

5) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or the recovery of judgement upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

6) That it is expressly understood and agreed by the undersigned that any and all other rights which the Company may have or acquire against the undersigned and/or others under any such other or additional agreement of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Company under this agreement.

7) That these covenants shall be jointly and severally binding upon the undersigned, their respective heirs, executors, administrators, successors, and assigns.

Signed, sealed and dated this   4th   day of   August   , 19 99 .

SIGNATURE OF INDEMNITOR(S)

ATTEST _Linda Sterling_

_____
(Title)

ATTEST

_____
(Title)

NEW CENTURY FINANCIAL CORPORATION    (Seal)
Indemnitor

By _Brad A._ _____
(Title) Brad A. Morrice- CEO    (Seal)

Indemnitor

By _____
(Title)    (Seal)

KIMBERLY L HILL
Commission # 1162199
Notary Public — California
Orange County
My Comm. Expires Nov 21, 200_

Must be acknowledged before Notary Public by Indemnitor(s):

State of   California
County of   Orange
On this    day of   August   19 __ before me personally appeared _____ known to me to be the person(s) or partner(s) or member(s) of the partnership or limited liability company or officer(s) of the corporation   Brad A. Morr that signed the foregoing instrument and acknowledged the execution of the same to me.

_Kimberly L Hill_ (Seal)
(Notary Public)
My commission expires:   November 21, 200_

'SERLY L HILL
Commission # 1162199
Notary Public — California
Orange County
My Comm. Expires Nov 21, 2001

**EXHIBIT D**

## GENERAL INDEMNITY AGREEMENT

Hartford Fire Insurance Company
Hartford, Connecticut 06115



THE
HARTFORD

We, the undersigned, hereinafter referred to as Indemnitors, hereby request Hartford Fire Insurance Company, Hartford Plaza, Hartford, Connecticut, 06115, for itself and its affiliates, parent, and subsidiaries, individually and collectively called "Hartford" to furnish bonds, undertakings, recognizances, guarantees or other obligatory instruments of suretyship, hereinafter referred to as Bonds, and as an inducement therefor, we make the following representations of fact, promises and agreements:

### REPRESENTATIONS OF FACT:

1.  In the transaction of business, one, some or all of the Indemnitors are required, or may desire to give such Bonds.

2.  The Indemnitors expressly warrant their material, substantial or beneficial interest in such Bonds, and certify that all declarations made and answers given in any application for such Bonds are truthful and without reservation.

3.  The purpose of this Agreement is to induce Hartford to furnish Bonds. It is understood and agreed, however, that Hartford is under no obligation to furnish Bonds to Indemnitors.

### PROMISES AND AGREEMENTS:

In consideration of the furnishing of such Bonds by Hartford and for other valuable consideration, the Indemnitors hereby jointly and severally promise and agree:

1.  To pay the initial premium and all renewal or additional premiums for each such Bond, as they fall due, and until Hartford has been provided with competent legal evidence that each Bond has been duly discharged.

2.  To indemnify and exonerate Hartford from and against any and all loss and expense of whatever kind, including, but not limited to interest, court costs, attorney and counsel fees, hereinafter referred to as Loss, which it may incur or sustain as a result of or in connection with (1) the furnishing of any Bond and/or (2) the enforcement of this Agreement. Indemnitors promise:
    (a)  To promptly reimburse Hartford for all sums paid on account of such Loss and it is agreed that (1) originals or photocopies of claim drafts, or of payment records kept in the ordinary course of business, including computer printouts, verified by affidavit, shall be prima facie evidence of the fact and amount of such Loss, and (2) Hartford shall be entitled to reimbursement for any and all disbursements made by it in good faith, under the belief that it was liable, or that such disbursement was necessary or expedient; and/or
    (b)  To deposit with Hartford on demand the amount of any reserve against such Loss which Hartford is required, or deems it prudent to establish, whether on account of an actual liability or one which is, or may be, asserted against it, and whether or not any payment for such Loss has been made.

3.  This Agreement shall apply to Bonds furnished
    (a)  By Hartford as surety, or where procured by Hartford, by any other surety or co-surety, in which event such surety or co-surety shall also have the benefit of this Agreement and the right to proceed thereon; and/or
    (b)  At the request of any Indemnitor; and/or
    (c)  For or on behalf of
        (1)  One, some or all of the Indemnitors; and/or
        (2)  Any joint venture or other form of common enterprise in which at the time the Bond was furnished, such Indemnitor or Indemnitors were members; and/or
        (3)  Any present or future affiliate or subsidiary of such Indemnitor or Indemnitors; and/or
        (4)  Any third Party at the request of an Indemnitor or Indemnitors and their subsidiaries and affiliates
    at any time before this Agreement shall have been terminated, including any Bond(s) which may have been furnished before the date hereof.

4.  Indemnitors acknowledge and agree that the obligations contained in this Agreement apply to all Bonds issued, including any Bonds issued prior to the date this Agreement was executed by Indemnitors.

5.  The validity and effect of this General Indemnity Agreement shall not be impaired by, Hartford shall incur no liability on account of, and the Indemnitors need not be notified of
    (a) Hartford's failure or refusal to furnish any Bond, including final Bond or Bonds where Hartford has furnished a bid Bond;
    (b) Hartford's consent or failure to consent to changes in the terms and provisions of any Bond, or the obligation or performance secured by any Bond;
    (c) The taking, failing to take, or release of security, collateral, assignment, indemnity agreements and the like, as to any Bond;
    (d) The release by Hartford, on terms satisfactory to it, of any of the Indemnitors;
    (e) Information which may come to the attention of Hartford which affects or might affect its rights and liabilities or those of the Indemnitors or any of them.

6.  The Indemnitors shall have no rights of Indemnity, contribution or right to seek collection of any other outstanding obligation against any other Indemnitor(s) or his/her property until the Indemnitor(s)' obligations to Hartford under this Agreement have been satisfied in full.

7.  Indemnitors agree that their obligations remain in full force and effect for any and all Bonds referenced in Item 4. above, notwithstanding that the entity on whose behalf said Bond(s) were issued has been sold, divested, transferred, dissolved or whose ownership has been otherwise altered in any way.

8.  This Agreement is in addition to and not in lieu of any other agreements and obligations undertaken in favor of Hartford.

9.  Provided, however, that each Indemnitor reserves the right to terminate his/her participation in this Agreement as a continuing request to Hartford for the furnishing of Bonds, upon written notice to Hartford of not less than twenty (20) days, whereupon the obligations and liability of an Indemnitor giving such written notice shall be limited to those Bond(s) furnished before the effective date of the written notice, including any Bond which was originally issued prior to the effective date of written notice and renewed subsequent to the effective date of such termination. Said written notice cannot modify, bar or discharge any Indemnitor(s)' obligation for any furnished Bond(s).

10. Hartford may at its option, file or record this Agreement or any other document executed by any Indemnitor(s), in connection with the application or furnishing of any Bond(s), as a security agreement or as part of a financing statement or as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other law of any jurisdiction, but that the filing or recording of such document shall be solely at the option of Hartford and that failure to do so shall not release or impair any of the obligations of the Indemnitors under this Agreement. Any copy of this Agreement, certified by Hartford so to be, shall be considered for purposes of filing as a financing statement, as an original copy.

11. In the event any part of this Agreement shall be void under law of the place governing the construction hereof, then such part only shall be considered as deleted and the remainder of this Agreement shall remain in full force and effect.

12. This Agreement may not be added to, changed, or modified orally. No addition, change, or modification to this Agreement shall be effective unless specifically agreed in writing by any Indemnitor(s) and Hartford.

WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.

Dated and effective this 15TH day of August ₩ 2000

Note: Corporate signatures and attestations must be by corporate officers empowered to sign and attest. Attestations must be by corporate officers other than those signing. Witnesses' signatures must be by persons not a party to, or relative of a party to, this Agreement.

Applicant is    ☐ Individual        ☐ Partnership        ☒ Corporation        ☐ Sub-S Corp.

Attest/Witness:

_STERGIOS THEOLOGIDES_
_SECRETARY_
_NEW CENTURY FINANCIAL CORPORATION_

New Century Financial Corporation                    (seal)
(Corporate/Individual Name)

By: _BRAD MORRICE_
_PRESIDENT_                    _[signature]_
(Title/Signature)

Federal I.D. or SSN
_330683629_

---

Attest/Witness:

_____

(Corporate/Individual Name)                    (seal)

By: _____

(Title/Signature)

Federal I.D. or SSN

_____

---

Attest/Witness:

_____

(Corporate/Individual Name)                    (seal)

By: _____

(Title/Signature)

Federal I.D. or SSN

_____

---

Attest/Witness:

_____

(Corporate/Individual Name)                    (seal)

By: _____

(Title/Signature)

Federal I.D. or SSN

_____

Form S-3327-4a (Rev. 1)

Page 3 of 4