**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Hearing Date: May 21, 2007 at 10:00 a.m. |
| | : | Re: Docket No. _____ |

**ORDER (I) AUTHORIZING THE REINSTATEMENT OR EXTENSION
OF CANCELLATION NOTICE PERIOD OF PREPETITION SURETY BONDS,
(II) AUTHORIZING POSTING SECURITY FOR SURETY BONDS AND CREDIT,
(III) AUTHORIZING THE EXTENSION OF POSTPETITION SECURED SURETY
CREDIT, AND (IV) GRANTING POSTPETITION LIENS, JUNIOR
SUPER-PRIORITY ADMINISTRATIVE CLAIMS AND ADMINISTRATIVE
CLAIMS AND TO SUPPLEMENT ORDER AUTHORIZING THE DEBTORS
AND DEBTORS IN POSSESSION TO (I) CONTINUE ALL INSURANCE POLICIES
AND AGREEMENTS RELATING THERETO AND (II) CONTINUE CERTAIN
PREMIUM FINANCING ARRANGEMENTS RELATING THERETO, AND
(III) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF
<u>PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE</u>**

This matter having come before the Court upon the Motion[2] of Debtors and Debtors in Possession, seeking entry of an order pursuant to sections 105(a) and 364(c) of the Bankruptcy Code (i) authorizing the reinstatement of prepetition surety bonds, (ii) authorizing the posting of

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

security for surety bonds and credit, (iii) authorizing the extension of postpetition secured surety credit, and (iv) granting postpetition liens, junior super-priority administrative claims and administrative claims and to supplement the Order Authorizing the Debtors and Debtors-In-Possession to (I) Continue All Insurance Policies and Agreements Relating Thereto, (II) Continue Certain Premium Financing Arrangements Relating Thereto, and (III) Honor Certain Obligations in Respect Thereof Pursuant to 105(a) and 363(b) of the Bankruptcy Code; and the Court having considered the submissions and arguments of counsel in support of the Motion, and the opposition thereto, if any; and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (iii) the Official Committee of General Unsecured Creditors; and (iv) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure and that no other or further notice need be given; and for sufficient cause shown, it is

THE COURT FINDS AND DETERMINES THAT:

A. Notice of the Motion and of the Hearing with respect thereto is sufficient and adequate under the circumstances and satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules, including sections 102(1) and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014.

B. In order to avoid irreparable harm, the Debtors require authorization to obtain postpetition surety credit.

C. Hartford Fire Insurance Company its subsidiaries and affiliated companies

("Hartford") has indicated its willingness to extend financial accommodations on behalf of the Debtors in the form of Postpetition Surety Credit[3] solely to the extent and as expressly provided by this Order. In consideration of this extension of surety credit, each of the Debtors have agreed to indemnify Hartford as provided, and under the same terms, set forth in the indemnity agreements entered into prior to the Petition Date and specifically as to the General Indemnity Agreement entered into on August 15, 2000 by Debtor New Century Financial Corporation which is attached hereto as Exhibit "C" (hereafter referred to as "Indemnity Agreement"), as though the Indemnity Agreement was entered into between each of the Debtors and Hartford as of the date of the approval of this Order as an obligation binding on the Debtors and Debtors in Possession, which obligation is secured by the collateral and priority claims approved in this Order.

D.  The reinstatement of the Prepetition Bonds, which are financial accommodations that cannot be assumed by the Debtors, is the most cost effective and expedient means for the Debtors to obtain surety credit required for the continuation of the Business following the Petition Date. The Debtors have attempted but have been unable to obtain surety credit on an (a) unsecured basis pursuant to sections 364(a) and (b) of the Bankruptcy Code and (b) unsecured superpriority basis pursuant to section 364(c) of the Bankruptcy Code, except to the extent provided in this Order.

E.  The terms pursuant to which Hartford has agreed to provide the Debtors with Postpetition Surety Credit were negotiated and entered into by Hartford and the Debtors in good

---

[3] Hartford provided surety credit to the Debtors prepetition by issuing a number of various types of surety bonds (the "Prepetition Bonds") securing the Debtors' compliance with various state regulations and licensing requirements. Prior to April 2, 2007 (the "Petition Date"), Hartford issued some notices of cancellation for most of the surety bonds subject to cancellation issued on behalf of the Debtors. The Prepetition Bonds issued on behalf of the Debtors are described in Exhibit A of this Order and the Motion. By this Order, Debtors want to maintain the

faith as contemplated by section 364(e) of the Bankruptcy Code. Hartford is therefore entitled to the benefits of section 364(e) of the Bankruptcy Code.

F.   Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize the significant disruption to the Debtors' businesses pending possible sale and will avoid immediate and irreparable harm to and is in the best interests of the Debtors, their creditors and these estates.

Based on the foregoing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1.   The Motion is granted.

2.   Each Debtor is authorized and directed to enter into, perform, execute and deliver all documents, and take all actions, necessary to immediately continue and fully meet their obligations under the terms of the Indemnity Agreement and the terms of this Order.

3.   The delivery by the Debtors to Hartford of the Letters of Credit or cash equivalent security in the aggregate amount of $5 million (the "Postpetition Collateral") in order to secure the Debtors' obligations to Hartford under the Indemnity Agreement and for reimbursement in respect of all outstanding Prepetition Bonds is hereby authorized.

4.   The Debtors are granted authority to obtain an extension of the Hartford surety bonds in Exhibit B until September 21, 2007.

5.   The Postpetition Collateral described in paragraph 3 of the Order above shall secure the Debtors' obligations to Hartford under the Indemnity Agreement and their obligations of reimbursement in respect of any and all Prepetition Bonds.

6.   All liens and security interests granted herein shall be deemed valid and perfected as of the Petition Date without the need of the execution or filing of any financing statements or other perfection documents and without regard to applicable state, federal or local filing or recording statutes which may affect the perfection of liens and security interests in or

---

bonds described in Exhibit B of this Order and the Motion for the continuation of their businesses pending possible sale. These are the bonds that Hartford is agreeing to reinstate (the "Reinstated Bonds").

assignments of property. Nothing in this Order shall in any way restrict the scope of Hartford's liens, security interests, rights of set-off or claims heretofore granted.

7. Pursuant to sections 364(c)(2) and (d)(1) of the Bankruptcy Code, the liens and security interests granted herein to Hartford are and shall at all times and for all purposes remain paramount and superior to any other debts, obligations, interests or liens of any kind or nature asserted against any or all of the Postpetition Collateral, whether arising prior to or after the Petition Date, including but not limited to any rights which have been or may hereafter be granted in any cash collateral or financing order.

8. All claims of Hartford in respect of amounts owed under or in connection with the Indemnity Agreement or by reason of Hartford's right of reimbursement shall be entitled to administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code over any and all other debts, charges or obligations of any kind or nature asserted against the Debtors, the Debtors' bankruptcy estates by the Debtors or any other person or entity now in existence, or hereafter arising or being appointed, whether incurred or arising prior or subsequent to the Petition Date, the entry of this Order or conversion of any of the bankruptcy cases to Chapter 7 of the Bankruptcy Code or in any other proceeding related hereto, including but not limited to any expense or cost of any kind specified in sections 105, 326, 328, 330, 331, 364(c), 503(b), 506(c), 507(a), 507(b), 546(c), 726 (to the extent permitted by law) and 1112 of the Bankruptcy Code, including administrative expenses arising under or out of any superseding proceeding under Chapter 7 of the Bankruptcy Code, but such administrative expense priority shall be junior and subordinate in all respects only to each of the following (a) any administrative superpriority expense status granted to the DIP Lenders under the DIP Credit Agreement, as such agreement may be amended, modified, supplemented, restated, refinanced or replaced, in whole or in part, from time to time, and all supplementary loan or credit facilities entered into by the Debtors that are granted superpriority expense status, (b) the administrative superpriority expense status granted to the Secured Bank Lenders pursuant to the Cash Collateral Order, as such order may be

amended, modified, supplemented, restated, refinanced or replaced, in whole or in part, from time to time and (c) the Carve-Out (as defined in the DIP Credit Agreement).

9. The liens and security interests granted to Hartford pursuant to the terms of this Order shall continue and remain in effect and Hartford shall have no obligation to (a) release any Postpetition Collateral held by it or delivered to it pursuant to the terms hereof or (b) turnover or otherwise transfer the proceeds thereof until Hartford has received reasonable proof, reasonably acceptable to Hartford, that Hartford's obligations under the Bonds secured by such Letters of Credit or Postpetition Cash have been expressly released and discharged from all past, present or future claims or liability, without a loss on a bond or as described in the Indemnity Agreement and only after reimbursement of Hartford of all losses. The Debtors can request a reduction and return of collateral by Hartford, and Hartford shall have an obligation to consider such request in good faith, provided that, the request for reduction and return of collateral evidences that the total penal sum of Prepetition Bonds for which there is exposure is less than the collateral then held by Hartford. The following calculation will determine the exposure on the Bonds: the total penal amount of the Prepetition Bonds, less the penal sums of those Bonds released or discharged by the obligees and the penal sums of those Bonds for which the applicable suit limitation period has expired subject to proof and certification that no claims have been asserted against the Bonds.

10. The occurrence of any of the following shall constitute an event of default ("Event of Default") under the Agreement (a) if Hartford receives notice from the issuer of any Letter of Credit that such issuer refuses to renew any Letter of Credit and (1) assuming upon the expiration of such Letter of Credit(s), the aggregate amount of security then held by Hartford would be less than $5 million, and (2) within 5 business days request therefor, the Debtors fail to deliver to Hartford a replacement Letter of Credit or cash collateral, (b) the receipt by Hartford of claims against the Reinstated Bonds or the receipt by Hartford of notice that the Debtors have failed to pay the underlying obligations secured by the Reinstated Bonds, (c) the entry of any order reversing, modifying, vacating or staying any term or provision of the Order to be entered

by the Bankruptcy Court approving the terms of this Agreement, (d) the Debtors shall have become unable to pay all of their administrative and other reorganization expenses and claims as they generally become due and payable, (e) the conversion of the Cases to cases under Chapter 7 of the Bankruptcy Code, (f) the failure of the Debtors to meet any obligations under the Indemnity Agreement, and (g) the failure to comply with any term or condition of the Agreement. Irrespective of the above Events of Default, Hartford has the absolute right to apply the Postpetition Collateral to any and all losses as set forth in the Indemnity Agreement with respect to any Prepetition Bonds.

       11. Upon the occurrence and continuation of an Event of Default (a) all Bonds may be cancelled by Hartford in accordance with the terms thereof and (b) Hartford is authorized and directed to immediately apply proceeds of the Letters of Credit and Postpetition Cash to satisfy any and all claims against the Bonds and to pay fees, costs and expenses incurred by reason of such claims without further act, notice, deed or order of Court.

       12. Each and every cost, expense or right to payment incurred by, or in favor of Hartford in accordance with the terms of the Indemnity Agreement, including without limitation, the reasonable fees and expenses of Hartford's outside counsel incurred from and after the Petition Date in connection with all of the matters described herein, shall be an allowed expense and obligation of the Debtors and their estates upon accrual, without further order of Court and without the filing of any application, request for payment or claim.

       13. Unless extended by the mutual written agreement of the Debtors and Hartford, or terminated earlier by agreement of the parties or operation of this Order, each of the Reinstated Bonds shall terminate on September 21, 2007. To the extent the bond or statute requiring the bond, requires Hartford to give notice of cancellation to the obligees to effect a cancellation of the bond on September 21, 2007, Hartford is authorized to issue such notification. The Prepetition Bonds that are not included in the list of Reinstated Bonds shall terminate as provided in the cancellation notices issued prepetition or as otherwise provided by their terms or

by the law. To the extent further notice is required to terminate Prepetition Bonds that are not Reinstated Bonds, the automatic stay is lifted and Hartford is authorized to issue such notices or to take other steps required to terminate or cancel these bonds. For greater certainty, so long as an Event of Default shall not have occurred and be continuing, Hartford shall not take any unilateral action to terminate any Reinstated Bond prior to September 21, 2007.

14. Debtors shall reasonably cooperate with Hartford in any claim matter and shall use its commercially reasonable efforts to assist Hartford with any claim investigation including, without limitation, providing reasonable access to the relevant books and records of the Debtors, and providing any information that Hartford may reasonably request with respect to any claim under any Bond.

15. The terms of this Order, the transactions contemplated hereby and the execution of any documents, instruments and agreements in connection therewith, shall not, unless otherwise expressly stated therein, impair or otherwise affect any rights, which Hartford may have under such existing contracts of indemnity, letters of credit, outstanding bonds or applicable law.

16. The Indemnity Agreement is a valid, binding agreement and obligation of the Debtors, and is hereby entered into, reaffirmed, confirmed and ratified and the Debtors do not have any claim, counterclaim, setoff, or defense of any kind or nature which would in any way affect the validity, enforceability and non-avoidability thereof.

17. The Debtors agree to do and perform all acts and to make, execute and deliver all instruments and documents including the execution of the Indemnity Agreement referenced as Exhibit "C" and those instruments and documents which may be reasonably requested by Hartford to effectuate the terms hereof or required under the terms hereof or the Indemnity Agreement; provided, however, that Hartford's request or the Debtors' performance or delivery of same shall not be, nor construed as, a waiver of any rights or terms of this Order.

18. Any notice to be given or other written matter to be delivered pursuant to this Order shall be deemed validly served either upon personal delivery thereof via a nationally

recognized courier service or upon written acknowledgment of receipt if transmitted via facsimile transmission:

    To the Debtors:

    O'Melveny & Myers LLP
    Suzzanne S. Uhland
    Ben H. Logan
    Victoria Newmark
    Emily R. Culler
    275 Battery Street
    San Francisco, California 94111
    Fax: (415) 984-8701

    To the Post-petition Senior Secured Lenders:

    Kirkland & Ellis LLP
    777 S. Figueroa St., Suite 3700
    Los Angeles, CA 90017
    Attn:   Bennett L. Spiegel, Esq.
            Shirley S. Cho, Esq.
    Fax: (213) 680-8500

    To Hartford:

    Julie Alleyne
    Director
    Bond Claim Department
    The Hartford
    One Hartford Plaza, T-4
    Hartford, CT 06155
    Fax: (860) 221-3965

    Counsel for Hartford:

    Leo & Weber, P.C.
    One North LaSalle Street, Suite 3600
    Chicago, IL 60602
    Fax: (312) 857-1240
    Attn:   T. Scott Leo, Esq.
            Grace Winkler Cranley, Esq.

19. The terms and conditions of the Indemnity Agreement and any actions taken pursuant thereto are binding upon and shall inure to the benefit of the Debtors, their creditors, any representatives of their estates, including, but not limited to, a trustee appointed under the Bankruptcy Code or any creditors' committee, Hartford and its successors and assigns.

20. The validity, liens, security interests, priorities, rights to payment and all other rights granted to Hartford under this Order may not, and shall not, be affected, modified, altered impaired or amended by, and shall survive without modification in any way: (a) the dismissal of any of these Chapter 11 Cases, (b) the conversion of any of these Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code, (c) the confirmation of any plan of reorganization or liquidation any of these Chapter 11 Cases, whether filed by one or more of the Debtors or a party in interest, (d) any order confirming such a plan for the Debtors, (e) absent the prior written consent of Hartford, by any other financing or extensions of credit, whether made pursuant to section 364 of the Bankruptcy Code or otherwise, and (f) the occurrence and continuance of an Event of Default (as defined in the DIP Credit Agreement).

21. This Order is a final order of the Bankruptcy Court. Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Order shall be (a) effective and immediately enforceable upon its entry pursuant to Bankruptcy Rule 8005 and (b) shall not be stayed absent (i) an application by a party in interest for such stay in accordance with Bankruptcy Rule 8005 and (ii) a hearing upon notice to the Debtors, counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders and Hartford.

22. If any or all of the provisions of this Order are reversed, modified, vacated or stayed then such reversal, stay, modification or vacation shall not affect (a) the validity of any right, lien, security interest, obligation, indebtedness or liability or (b) the validity and enforceability of any priority granted to any lien, security interest, obligation, indebtedness or liability incurred, authorized or created hereunder prior to the receipt of notice by Hartford of such reversal, modification, vacation or stay, and any such indebtedness, obligation or liability

1010
RLF1-3144748-1

23. This Court shall retain jurisdiction to hear all matters relating to this Order, the Indemnity Agreement, the Bonds and the delivery of Postpetition Cash and Letters of Credit in connection therewith.

Dated: _____, 2007
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge