IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

NEW CENTURY TRS HOLDINGS, INC.      Case No. 07-10416-KJC
        Debtor     (Chapter 11)

U.S. BANK N.A., AS TRUSTEE C/O
OCWEN FINANCIAL     Docket Number __464___
1661 WORTHINGTON ROAD
WEST PALM BEACH, FL 33416
        Movant

THOMAS D.H. BARNETT, ESQUIRE
NEIL F. DIGNON, ESQUIRE
DRAPER & GOLDBERG, P.L.L.C.
P.O. BOX 947
512 EAST MARKET STREET
GEORGETOWN, DE 19947
        Attorneys for the Movant
   v.

NEW CENTURY TRS HOLDINGS, INC
18400 VON KARMAN AVE.
IRVINE, CA 92612
        (Debtor)
And

United States Trustee
844 King Street, Room 2207
LockBox# 35
Wilmington, DE 19899
        (U.S. Trustee)
Wells Fargo Bank, N.A.
MAC N9303-120
608 2nd Avenue South
Minneapolis, MN 55479
        (Trustee)
        Respondents

## MOTION FOR RELIEF FROM AUTOMATIC STAY

U.S Bank N.A., as Trustee c/o Ocwen Financial ("Ocwen") by undersigned counsel, respectfully moves this Honorable Court to terminate the Automatic Stay and, as grounds therefore, states as follows:

1. This proceeding seeking relief under Section 362 of the U.S. Bankruptcy Code is a contested matter within the meaning of 9014 and 4001 of the Federal Rules of Bankruptcy Procedure, and this court has jurisdiction over this matter pursuant to 28 U.S.C. Section 157.

2. On April 2, 2007, the above named debtor, New Century TRS Holdings, Inc, ("Debtor"), filed in this court a Petition under Chapter 11 of the United States Bankruptcy Code.

3. On or about September 24, 2004, Lourdes Minier, ("Obligor") executed and delivered to New Century Mortgage Corporation a Note in the amount of THREE HUNDRED AND ONE THOUSAND, FORTY and 00/100 dollars ($301,040.00), plus interest at the rate of 6.50 % per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years.  A copy of the Note is attached as Exhibit "A" and incorporated herein.

4. To secure the repayment of the sums due under the Note, the Obligor executed and delivered to New Century Mortgage, a Mortgage dated September, 24, 2004 encumbering the real property ("Property") more particularly described in the Mortgage which has the address of 152 Beech Street, Yonkers, NY 10701.  A copy of the Mortgage is attached as Exhibit "B" and incorporated herein.

5. The Mortgage and Note were later transferred to Ocwen and Ocwen is the holder of the Mortgage and Note.

6. As of April 18th, 2007, the Obligor owed an unpaid principal balance of $300,820.09 under the Note, plus additional accruing interest, late charges, attorneys' fees and costs.

7. The Obligor has failed to make contractual payments due under the Note for the months of August, 2006 through April, 2007 and is in contractual arrears for a total amount of

$24,529.23, plus additional late charges, attorneys' fees and costs, minus some or all funds currently held in suspense.

8. Review of the Title to the property shows the Debtor, New Century TRS Holdings, Inc, holds a lien junior to the lien created by Ocwen by virtue of a Mortgage executed by Lourdes Minier for a principle amount of $75,260.00. New Century's junior lien is attached as Exhibit "C" and incorporated herein.

9. Ocwen believes the debt owed to New Century TRS Holdings, Inc has been paid in full and the attendant lien should have been released.

10. The Obligors are in default under the Ocwen Note.

11. Notwithstanding Ocwen's position that the New Century TRS Holdings, Inc has been retired, the Lien created by the mortgage held by New Century TRS Holdings, Inc, referred to in paragraph 8, is not necessary for Debtor's reorginization, as said lien adds little or no value to the Bankruptcy Estate.

12. A continued Stay of Ocwen's action against the Obligor will cause Ocwen significant prejudice.

13. Cause exists to terminate the Automatic Stay.

14. It is not economically feasible to attempt to recover the Judgement amount for the Bankruptcy Estate as the underlying real property is located out of state.

WHEREFORE, the premises considered, Ocwen respectfully requests that this Court enter an Order terminating the Automatic Stay allowing Ocwen to exercise its legal rights under

applicable law as to the Property, including but not limited to foreclosure against the Property under the Mortgage, and for such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/ Neil F. Dignon

Thomas D.H. Barnett  #0994
Neil F. Dignon #3625
Draper & Goldberg, P.L.L.C.
P.O. Box 947
512 East Market Street
Georgetown, Delaware 19947
(302) 855-9252

CERTIFICATION OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Automatic Stay and Proposed Order were mailed by first class mail, postage-paid, this  30th  day of April , 2007 to the following parties:

New Century TRS Holdings, Inc.
18400 Von Karman Ave.
Irvine, CA 92612
Debtor

Christopher M. Samis
Chun I. Jang
Mark D. Collins
Michael Joesph Merchant
Paul Noble Heath
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Attorney for the Debtor

Timothy P. Cairns
Pachulski STang Ziehl Young Jones
919 N. Market Street
17th Floor
Wilmington, DE 1901
Attorney for the Debtor

Wells Fargo Bank, N.A., Trustee
MAC N9303-120
608 2nd Avenue South
Minneapolis, MN 55479

James S. Carr
Kelley Drye & Warren
101 Park Avenue
New York, NY 10178
Attorney for Wells Fargo Bank, N.A.,Trustee

U.S. Trustee
United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899

Bonnie Glantz Fatell
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Attorney for the Official Committee of Unsecured Creditors

                                                          /s/ Neil F. Dignon
                                            Thomas D.H. Barnett, Esquire
                                            Neil F. Dignon, Esquire