IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 25 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO THE EMERGENCY MOTION
OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER
(A) APPROVING THE PROPOSED SALE TO GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC. AND (B) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.* (the "Debtors"), by its proposed co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby files this limited objection to the *Emergency Motion of Debtors and Debtors in Possession For (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with Auction of Certain Assets, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief* (the "Motion"), and respectfully states as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## SUMMARY

1. The Debtors seek approval of a proposed sale transaction (the "Sale Transaction") whereby certain of the Debtors (the "Sellers") would sell a pool of mortgage loans (the "Loans") and mortgage-backed residual interests in securitization trusts (the "Residual Interests", and together with the Loans, the "Purchased Assets") to Greenwich Capital Financial Products, Inc. ("Purchaser") pursuant to the terms and conditions of that certain Asset Purchase Agreement, dated as of April 2, 2007 (the "APA"). The Committee files this limited objection because certain provisions of the APA could (i) have a material adverse effect on the values realized by the Debtors' estates, (ii) severely hamper the ability of the Debtors to confirm a plan in these chapter 11 cases and make a distribution to creditors, and (iii) make it extremely difficult to evaluate properly the consideration that the Debtors would receive from the sale of the Purchased Assets.[2]

## BACKGROUND

2. On April 2, 2007 (the "Petition Date"), the Debtors commenced with this Court voluntary cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which Cases are being jointly administered pursuant to an order of the Court. The Debtors are continuing their business and managing their affairs as debtors and debtors in possession.

3. On April 9, 2007, the Office of the United States Trustee appointed the following

---

[2] On April 11, 2007, the Committee filed a limited objection to the bidding procedures and bid protections proposed in the Motion, and reserved its right to object to the Sale Transaction in the event that its concerns regarding the APA were not addressed. While the Debtors have circulated among potential bidders a proposed Amendment to the APA in an effort to address the concerns raised by the Committee, as of the filing of this Limited Objection, the Amendment has not yet been executed by Greenwich. Consequently the Committee is filing this Limited Objection in order to give bidders an opportunity to address the Committee's concerns in their initial bids.

members to the Committee: (i)Credit-Based Asset Servicing and Securitization LLC, (ii) Residential Funding Company, LLC, (iii) Credit Suisse First Boston Mortgage Capital LLC, (iv) Deutsche Bank National Trust Co., (v) Wells Fargo Bank, N.A., as indenture trustee, (vi) Fidelity National Information Services, Inc., and (vii) Maguire Properties – Park Place, LLC. On the same date, the Committee selected Hahn & Hessen LLP and Blank Rome LLP to serve as co-counsel and FTI Consulting, Inc. to serve as financial advisor.

## **LIMITED OBJECTION**

### A. The Provisions of the APA Expose the Estates to Unlimited Damages for an Extended Period.

4.     The APA provides no ceiling on the amount of damages that the Purchaser can assert against the Sellers for breaches of the APA and sets no time limit within which to bring claims under the APA, other than a one year survival period for breaches of representations and warranties. This combination of (i) unlimited liability and (ii) an extended survival period for Purchaser claims is virtually unheard of in the bankruptcy context, and for good reason. Since there is no ceiling on Sellers' liability, the minimum value to the estates of the proposed Sale Transaction is impossible to ascertain. Moreover, allowing the Purchaser to assert claims for a lengthy period of time after the closing could severely hamper the ability of the Debtors to confirm either a plan of reorganization or liquidation and make distributions to creditors.

5.     Limiting the claims period to a more typical period, such as three months after the closing date, is particularly important because Section 6.8 of the APA provides: "Following the Closing, the Company and the Sellers agree not to take any action in the Chapter 11 Cases, including, but not limited to, any action in connection with proposing or confirming any plan of reorganization that would, in any material respect, limit, impair or alter the Purchaser's rights

under this Agreement." Section 6.8 of the APA could be interpreted to prohibit the Debtors or the Committee from instituting an estimation proceeding in conjunction with the confirmation of any plan, dooming these proceedings to a perpetual state of limbo until the Purchaser is satisfied that it has no claims against the Debtors arising out of the APA.

6.   In light of the above, the Committee submits that the APA must be amended to provide that claims against the Sellers in connection with the APA (i) be limited to the $3 million holdback provided for in the APA, and (ii) must be brought within 90 days after the closing of the Sale Transaction.

### B.   Other Objectionable Provisions of the APA

7.   The APA contains a number of other provisions that are problematic and should be amended or clarified to avoid costly disputes over the satisfaction of closing conditions, the calculation of damages and other matters, including the following:

- The APA is silent as to when the Purchaser must reimburse the Sellers for certain costs of servicing the Loans between the date the APA was executed and closing, and the APA should be amended to specify the dates on which payments are due;

- Purchaser is purchasing the Loans at a steep discount, yet the APA does not limit or define the Sellers' potential liability with respect to any non-conforming Loan to the discounted price paid for such Loan. The absence of such limits could provide the Purchaser with a windfall and the APA should be amended accordingly;

127340.01600/40168590v.1

- The APA provides that the $3 million holdback be held by Purchaser post-closing. It is standard for holdback amounts to be placed in escrow. Since the identity of the successful bidder is not yet known, the Committee believes that the APA should be amended to add an escrow requirement for the $3 million holdback, at the discretion of the Debtors and the Committee;

- The enforceability representations of Sellers lack standard carve outs for bankruptcy, insolvency and similar laws; these should be added to the APA;

- Sellers must have the option to remove from the purchased assets certain Loans originated in Ohio that may be subject to transfer restrictions asserted by the Ohio State Attorney General's Office for a proportional reduction of the aggregate purchase price, after which Sellers should have a put right for those Loans for up to three months after the Closing at a price equal to the previous reduction in purchase price (and the APA should expressly provide that the review and approval process adopted by the State of Ohio with respect to foreclosures does not constitute an impairment of such delinquent Ohio Loans);

- The APA should carve out certain missing certificates for Residual Interests from the items deliverable at closing. Inasmuch as the purchase price of the Residual Interests has already been discounted to reflect that certain certificates are missing, Purchaser should not be

> permitted to hold up the Debtors at closing on a technicality (it should be noted that these Residual Interest certificates are not the equivalent of bearer bonds);

- The proposed sale order contains language which appears to limit the Debtors' and Committee's ability to confirm a plan in these cases. This language should be removed.

- The APA obligates the Debtor to perform post-closing servicing of the Mortgage Loans for up to thirty (30) days. The Debtors are, however, seeking to sell their loan servicing business prior to the thirtieth day after the closing on the APA. The APA should, therefore, be modified to allow for such post-closing servicing to be performed by the buyer of the Debtors' servicing business.

8. If the changes set forth above are not made, there is an unacceptable lack of clarity with respect to significant issues in the APA, which could significantly reduce the value to be received by these estates from the APA. The Committee respectfully submits that the APA must be amended as requested to reduce the risk that the assets of the Debtors' estates will be dissipated in costly disputes with the Purchaser over these issues and to permit the appropriate management of these chapter 11 cases.

127340.01600/40168590v.1

C.      **This Court Should Have Exclusive Jurisdiction Over Disputes under the APA**

9.      The APA provides that jurisdiction and venue in any action brought by a party pursuant to the APA lies in any federal or state court located in New York, including this Court. The Committee respectfully submits that this Court should have exclusive jurisdiction over any matter arising in connection with the APA.

C.      **Conclusion**

10.     While the Committee does not oppose the sale of the Purchased Assets, any such sale must be on terms and conditions designed to maximize the value to the Debtors' estates. In order to do so, it is not enough that the bidding procedures be designed to maximize the competitive bidding process. It is equally important that the terms of any purchase agreement set forth with certainty and clarity the essential terms of the transaction, including conditions of closing and the potential claims any purchaser may have against the Debtors' estates. Because of the flaws noted above, the APA exposes the estates to unacceptable uncertainties regarding the actual value that will be generated from the Sale Transaction. Accordingly, the APA must be modified to meet these concerns in order to permit the Committee and this Court to determine whether the proposed sale is in the best interests of the Debtors' estates.

127340.01600/40168590v.1

WHEREFORE, the Committee respectfully requests that this Court deny the Motion for an order approving the proposed sale unless the APA is modified in accordance with this objection.

Dated: April 30, 2007

BLANK ROME LLP

*(signature)*

Bonnie Glantz Fatell (No. 3809)
Regina Stango Kelbon
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464

-and-

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
Attention:  Mark S. Indelicato
            Mark T. Power

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al.*

## CERTIFICATE OF SERVICE

I, David W. Carickhoff, hereby certify that on April 30, 2007, I caused a copy of the following document to be served on the individuals on the attached service list in the manner indicated.

**Limited Objection Of The Official Committee Of Unsecured Creditors To The Emergency Motion Of Debtors And Debtors In Possession For An Order (A) Approving The Proposed Sale To Greenwich Capital Financial Products, Inc. And (B) Granting Related Relief**

_____
David W. Carickhoff (Bar No. 3715)

## Service List

### Via Hand Delivery:

Joseph J. McMahon, Jr.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox #35
Wilmington, DE 19801

*Representing Debtors*
Mark D. Collins
Michael J. Merchant
Chun I. Jang
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square, 920 King Street
Wilmington, DE 19899

*Representing Greenwich Capital Financial Products, Inc. and The CIT Group/Business Credit, Inc.*
Laura Davis Jones
Timothy P. Cairns
Pachulski Stang Ziehl Young Jones & Weintraub LLP
P.O. Box 8705
919 N. Market Street, 17th Floor
Wilmington, DE 19801

### Via First Class Mail & Electronic Mail:

*Representing Debtors*
Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily Culler
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

*Representing Greenwich Capital Financial Products, Inc. and The CIT Group/Business Credit, Inc.*
Bennet L. Spiegel
Shirley S. Cho
Kirkland & Ellis LLP
777 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017