# EXHIBIT C



HAHN&HESSEN LLP
ATTORNEYS

Mark S. Indelicato
Member of the Firm

Direct Dial: 212-478-7320
*Email: mindelicato@hahnhessen.com*

April 20, 2007

**VIA EMAIL**

Joseph J. McMahon, Jr.
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801

**Re: In re New Century TRS Holdings, Inc., et al., ("Debtors")**
**Case No. 07-10416 (KJC)**

Dear Mr. McMahon:

We have reviewed the letter addressed to your office dated April 11, 2007 (the "April 11 Letter") from Robert J. Keach, counsel to certain beneficiaries (the "Beneficiaries") of the New Century Financial Corporation Deferred Compensation Plan and/or the New Century Financial Corporation Supplemental Executive Retirement/Savings Plans (collectively, the "Plan"), requesting the appointment of an official committee of Plan Beneficiaries in the above-referenced chapter 11 cases (the "Cases"). For the reasons discussed below, the Official Committee of Unsecured Creditors ("Unsecured Creditors Committee") opposes that request.

As an initial matter, the Beneficiaries incorrectly assert that their interests are likely to be divergent from the interests of other creditors due to their greater rights to the assets of a "rabbi" trust, which was established pursuant to that certain New Century Financial Corporation Supplemental Benefit and Deferred Compensation Trust Agreement (the "Trust Agreement") and thus they are entitled to committee representation. However, it appears that the Plan is an unfunded plan as defined by ERISA and that the assets contained in the rabbi trust are no more then segregated general assets of the company to which the Beneficiaries have no specific right upon the insolvency of the employer. See In re IT Group, Inc., 448 F.3d 661 (3d Cir. 2006). Clearly, whatever funds may exist in the trust are property of the Debtors' estates, available for distribution to all of the Debtors' unsecured creditors, including the Plan Beneficiaries. In fact, sections 4.2 and 14.2 of the Trust Agreement and section 15.9 of the Plan clearly state that the "assets of the [t]rust shall at all times be subject to the claims of the general creditors of the [c]ompany ... [if the company becomes] [i]nsolvent," and that "nothing contained [in the Plan]





shall give any [Beneficiary] the rights to assets that are greater than those of a general creditor of the [c]ompany." Sections 4.2 and 15.9 of the Trust Agreement. This Circuit has already established that in the face of such unambiguous contractual intent, the assets of such Plans are available for the benefit of the estates' creditors and the Beneficiaries constitute general unsecured creditors of the Debtors. In re IT Group, Inc., 448 F.3d at 670.

Section 1102 (a) (1) of the Bankruptcy Code provides the United States trustee with discretion regarding the appointment of an official committee of creditors or equity security holders. A number of Delaware bankruptcy court decisions have articulated the factors to be considered in making such determination. Among the factors that courts consider, and which weigh against the appointment of a Plan Beneficiaries committee, are the "affirmative showing of "necessity" in order to assure "adequate representation" of all unsecured creditors." In re Trans World Airlines, Inc., Case No. 92-115, 1992 Bankr. LEXIS 1344 at *5 (Bankr. D. Del. 1992). For the Beneficiaries to be "adequately represented" by the Unsecured Creditors Committee as general unsecured creditors, it is not necessary for the Unsecured Creditors Committee to be an "exact reflection" of the creditor constituents. In re Garden Ridge Corp., et al., Case No. 04-19324, 2005 Bankr. LEXIS 323 at *11 (Bankr. D. Del. 2005). Instead, adequate representation is lacking only when conflicts prevent an official committee from upholding is fiduciary obligations to all general unsecured creditors, which is certainly not the case here. Id. at *12.

The appointment of an additional committee under §1102 is inappropriate if it is for the sole protection of a particular interest of one type of general unsecured creditor. In fact, one of the primary functions of the Committee is to reconcile the diverse views of their various creditor constituents, so as to foster negotiation and compromise with the Debtors during the reorganization process. In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *12; In re Trans World Airlines, Inc., 1992 Bankr. LEXIS 1344 at *6. Further, the appointment of an additional committee would place an unnecessary financial drain on the Debtors. See In re Kalvar Microfilm, Inc., et al., 195 B.R. 599, 600 (Bankr. D. Del. 1996).

In sum, as the Plan Beneficiaries are general unsecured creditors of the Debtors, there is no need for a separate committee. The Plan Beneficiaries should not be permitted to use estate assets to prosecute their own pecuniary interest. Their unsecured clams will be adequately represented by the Unsecured Creditors Committee. To the extent they have a particular claim, they can prosecute that claim for their own account.





If you have any additional questions concerning the Committee's position, please do not hesitate to contact me.

Very truly yours,

Mark S. Indelicato

cc: Robert J. Keach, Esq.
Suzanne S. Uhland, Esq.
Mark D. Collins, Esq.
Bonnie Glantz Fatell, Esq.
Mark T. Power, Esq.