# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |

### DECLARATION OF DAVID H. SANDS IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP AS SPECIAL CORPORATE AND LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* AS OF APRIL 2, 2007

I, **DAVID H. SANDS**, hereby declare as follows:

1. I am a member in good standing of the Bar of the State of California.

2. I am a partner in Sheppard, Mullin, Richter & Hampton, LLP ("SMRH"), proposed special corporate and litigation counsel to New Century TRS Holdings, Inc., *et al.*, the debtors and debtors in possession herein (the "Debtors") and New Century Warehouse Corporation ("New Century Warehouse"), a wholly-owned non-debtor subsidiary of New Century TRS Holdings, Inc.

3. This Declaration is submitted in support of the "Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Sheppard, Mullin, Richter & Hampton LLP as Special Corporate and Litigation Counsel to the Debtors *Nunc Pro Tunc* to

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

April 2, 2007" (the "Application") filed by the Debtors. Except where otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration. If called and sworn as a witness, I could and would testify competently such facts. This Declaration is made pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

## SMRH'S QUALIFICATIONS

5. As indicated by the biographical summaries annexed to the Application as Exhibit B, I believe that SMRH is highly qualified to serve as special corporate and litigation counsel in these chapter 11 cases. SMRH has experience in virtually all aspects of the law that may arise in connection with the proposed representation. In particular, I believe that SMRH is well-qualified to represent the Debtors and New Century Warehouse in connection with the Sale Transaction, general corporate legal work, litigation, labor and employment matters such as the Rubio Litigation, corporate governance and SEC matters, regulatory issues, and mergers and acquisitions, and related legal matters inasmuch as SMRH has a long-standing relationship with the Debtors and is already readily familiar with the various corporate and litigation issues faced by the company. SMRH desires and is willing to act in these cases and render the necessary professional services as special corporate and litigation counsel for the Debtors and New Century Warehouse.

6. More particularly, in and around December 2005, SMRH represented New Century Warehouse in connection with an agreement to acquire substantially all of the assets of Access Lending Corporation ("Access Lending"). Commencing on or about March 29, 2007, SMRH was engaged to represent New Century Warehouse Corporation and certain of the Debtors in structuring and negotiating a sale of substantially all of the assets of New Century Warehouse. Given the exigencies of this case, SMRH has (at the direction and with the

knowledge of the Debtors) expended considerable time and effort with respect to these sale efforts both prior to, and following, the commencement of chapter 11 cases by the Debtors. With SMRH's assistance, New Century Warehouse has reached an agreement to sell substantially all of its assets to Access Lending as a going concern, which transaction (the "Sale Transaction") included a release that was negotiated for the benefit of the Debtors.

7. Attorneys at SMRH are well qualified to represent the Debtors and New Century Warehouse inasmuch as they have significant expertise providing ongoing general and specialized corporate advice on all aspects of operations and business strategy to private and public businesses of all sizes, particularly those known as "middle market" companies. I have particular expertise representing mortgage companies involved in the creation and distribution of financial products and financial services in a wide variety of transactions, including formation and initial capitalization, executive compensation and regulatory compliance matters, Internet and e-commerce arrangements (including co-branding, licensing and other strategic transactions), various forms of equity and debt offerings (public and private), strategic alliances and partnerships, and merger and acquisitions.

8. On March 21, 2005, Daniel J. Rubio, John Hicks, David Vizcarra, individually and on behalf of themselves, all others similarly situated, and the general public commenced a lawsuit against New Century Mortgage Corporation ("New Century") entitled *Daniel J. Rubio v. New Century Mortgage Corporation*, Orange County Superior Court Case No. 05CC00063 (the "Rubio Litigation"). In May of 2005, New Century retained SMRH to represent it in connection with the Rubio Litigation, together with any related claims and proceedings.

9. Attorneys at SMRH also have extensive experience representing clients in the defense of employment and benefit related class action suits. Attorneys at SMRH have represented clients in a broad spectrum of collective and class actions, including disputes under the Fair Labor Standards Act and state wage/hour laws involving employee classification and exemption matters, overtime and other compensation matters; work place safety such as exposure to toxic or hazardous substances; discrimination in hiring and recruiting, performance

3

and promotion, compensation and termination; meals and rest periods; vacation pay; and commission disputes. Attorneys at SMRH have also represented clients in class action matters pertaining to the Employee Retirement Income Securities Act ("ERISA"). These cases have ranged in size and complexity from claims for benefits and breach of fiduciary duty to retiree medical benefits and disputes over vesting provisions.

## SERVICES TO BE PROVIDED BY SMRH

10. Subject to further Order of the Court, SMRH wishes to be employed to represent the Debtors and New Century Warehouse, in accordance with the terms of the form of retainer letter annexed to the Application as Exhibit C (the "Retainer Letter"), to provide, among other things, ordinary and necessary legal services as may be required in connection with the following:

> Representing the Debtors in connection with litigation, general corporate legal work, and related legal matters such as (a) labor and employment matters, including the defense of the Rubio Litigation, (b) corporate governance and SEC matters, (c) regulatory matters, (d) mergers and acquisitions and asset sales, including the pending Sale Transaction.

11. SMRH is not to be responsible for the provision of substantive legal advice outside of litigation and corporate legal work noted in Paragraph 19 of the Application, including advice in such areas as patent, trademark, taxation, criminal or real estate law. Further, SMRH has not been retained to devote attention to, form professional opinions as to, or advise the Debtors with respect to its disclosure obligations under federal securities or other nonbankruptcy laws or agreements.

## THE EFFECTIVENESS OF SMRH'S EMPLOYMENT

12. As discussed above, SMRH has been providing legal services to various of the Debtors since roughly March of 2004. On February 2, 2007, and following a comprehensive review by New Century Financial Corporation and New Century Mortgage Corporation and their financial consultants, New Century Financial Corporation, New Century Mortgage Corporation, Home 123 Corporation, NC Capital Corporation, and certain of their affiliates (the "New

4

Century Entities") entered into a comprehensive Retainer Letter setting forth the terms and conditions on which SMRH would continue to be engaged to serve as their corporate and litigation counsel. This Retainer Letter replaced and superseded all prior engagement letters to which the New Century Entities and SMRH were a party.

13. Commencing on or about March 29, 2007 SMRH was engaged to represent New Century Warehouse in structuring and negotiating a sale of substantially all of its assets. Given the immediate financial challenges faced by the Debtors and by New Century Warehouse, SMRH has expended considerable time and effort with respect to the Sale Transaction both prior to, and following, the commencement of Chapter 11 cases by the Debtors. With SMRH's assistance, New Century Warehouse has successfully negotiated an Asset Purchase Agreement with respect to the Sale Transaction, and on or about April 13, 2007 the Debtors filed a motion with this Court seeking authority to authorize New Century Warehouse to enter into and perform under the Asset Purchase Agreement. This motion was granted on April 24, 2007.

14. Moreover, SMRH was engaged by the Debtors to defend the Rubio Litigation on March 19, 2007. On the Petition Date, plaintiffs Daniel J. Rubio, John Hicks and David Vizcarra filed their *Plaintiff's Notice of Motion and Motion for Leave to File Fifth Amended Complaint* in violation of the automatic stay applicable in the Litigation by operation of Section 362 of the Bankruptcy Code. In response, on April 9, 2007 SMRH prepared and filed the *Debtors' Notice of Filing of Chapter 11 Petitions and Imposition of Automatic Stay; Opposition to Motion for Leave to File a Fifth Amended Complaint*. This was followed by the filing of an *Ex Parte Application by Plaintiffs to: Place This Case on Active Status, Allow This Case to Proceed Against Non-Bankrupt Co-Defendants, and to Reset Hearing on Plaintiff's Motion for Leave to File Fifth Amended Complaint as to Non-Bankrupt Co-Defendants*. SMRH prepared and filed a response to this *ex parte* application, on an emergency basis, on April 18, 2007.

15. Because of the expedited timetable within which SMRH was required to assist the Debtors and New Century Warehouse with respect to the Sale Transaction and to respond to pleadings in the Rubio Litigation, SMRH has continued to represent the Debtors following the

5

Petition Date. SMRH has worked diligently with the Debtors to file the Application as soon as practicable. Thus, I believe that approving SMRH's retention in these cases *nunc pro tunc* to April 2, 2007, is appropriate under the circumstances.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

16. To check and clear potential conflicts of interest in these cases, and based upon information known on or near the date of the Application and this declaration, SMRH researched its client database to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

> a. the Debtors (using both current and former names);
>
> b. the 50 largest unsecured creditors for the Debtors on a consolidated bases as identified in the Debtors' chapter 11 petitions;
>
> c. the Debtors' secured creditors;
>
> d. the Debtors' current directors and senior employees;
>
> e. the Debtors' significant shareholders of NCF; and
>
> f. professionals that the Debtors have identified as involved in these chapter 11 cases.

17. The identities of the Interested Parties were provided to SMRH by the Debtors and are set forth on Schedule 1 annexed hereto, and incorporated herein by reference. SMRH has advised the Debtors that it has not, does not, and will not represent any Interested Party with respect to matters related to the Debtors' chapter 11 cases. SMRH has further advised the Debtors that, to the extent its research of its relationships with the Interested Parties indicated that it has represented, or currently represents, any Interested Party in matters unrelated to these chapter 11 cases, the identities of such Interested Party (and, for current SMRH clients, a brief description of the type of work performed) are set forth below.

18. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry and except as may be described herein and in the Application, neither SMRH nor any of the attorneys employed by it have any connection with the Debtors, their creditors, the Official Committee of Unsecured Creditors (the "Committee"), the Office of the

6

U.S. Trustee, any other party with an actual or potential interest in these chapter 11 cases, or their respective attorneys or accountants. I make the following disclosures:

    a. SMRH has not represented, and does not and will not represent, any entity other than the Debtors and New Century Warehouse in matters related to these chapter 11 cases.

    b. SMRH formerly represented the following Interested Parties in matters unrelated to these chapter 11 cases:

        (i) Ameritech Credit Corporation;

        (ii) Bank of the West;

        (iii) Barclays Bank, PLC;

        (iv) Greenwich Capital Financial Products, Inc.; and

        (v) Nomura Securities

    c. Certain attorneys who are currently employed by, or are partners of, SMRH formerly represented the Barclays Bank, PLC in matters unrelated to these chapter 11 cases.

    d. SMRH currently represents the following Interested Parties in matters unrelated to these chapter 11 cases:

        (i) Bank of America, NA (major firm client; various matters);

        (ii) Bank of the West (trust administration);

        (iii) Barclays Bank, PLC (entertainment, intellectual property, antitrust matters);

        (iv) Countrywide Home Loans, Inc. (major firm client; various matters);

        (v) Credit Suisse First Boston Mortgage Capital LLC (creditor rights);

        (vi) Deutsche Bank Trust Company Americas (creditor rights and finance);

        (vii) General Electric Capital Corporation, aka GECC (major firm client; various matters);

        (viii) GMAC Commercial Financial LLC (major firm client; various matters);

        (ix) Goldman Sachs Mortgage Company (creditor rights);

        (x) U.S. Bancorp Equipment Finance, Inc. (corporate trust);

        (xi) U.S. Bank National Association (major firm client; various matters);

        (xii) Aurora Loan Services; (corporate matters)

        (xiii) HSBC Bank USA, N.A. (finance, regulatory, and litigation matters);

        (xiv) INDY MAC Bank, FSB (major firm client; various matters);

        (xv) JP Morgan Chase Bank, N.A. (creditor rights and finance);

(xvi) Lehman Brothers Bank FSB (corporate matters);

(xvii) Pricewaterhouse Coopers LLP (creditor rights and finance);

(xviii) Guaranty Bank (major firm client); and

(xix) Washington Mutual Bank, FA (major firm client; various matters).

e. SMRH also represents, or has represented, entities that might be affiliated with, or related to, various of the Interested Parties, as set forth in more detail below. SMRH's representation of these affiliated or related entities pertains to matters unrelated to these chapter 11 cases:

(i) SMRH currently represents Citigroup. CDC Holdings, Inc. is an affiliate of Citigroup, and CDC Holdings, Inc. might also be affiliated with or related to CDC Mortgage Capital, Inc. and/or Citigroup Global Markets Realty Corp.

(ii) SMRH currently represents CIT Communications, Media and Entertainment Finance and the CIT Group, which appear to be affiliated with CIT Communications Finance Corporation.

(iii) SMRH currently represents Citigroup, which is an affiliate of Citigroup Global Markets Realty Corp.

(iv) Credit Suisse Leasing is related to the client in a chapter 11 matter that SMRH is handling for Windpower Partners 1993 LP, and Credit Suisse Leasing appears to be affiliated with Credit Suisse First Boston Mortgage Capital LLC.

(v) Credit Suisse is related to the client in a matter that SMRH is handling for Swiss American Corporation, and Credit Suisse appears to be affiliated with Credit Suisse First Boston Mortgage Capital LLC.

(vi) SMRH currently represents Deutsche Financial Services and formerly represented Deutsche Bank Securities, Inc., both of which appear to be affiliates of Deutsche Bank Trust Company Americas.

(vii) SMRH formerly represented Gemini Partners, Inc., which might be an affiliate of Gemini Securitization Corp., LLC.

(viii) SMRH currently represents Goldman Sachs Specialty Lending Group, L.P., which appears to be an affiliate of Goldman Sachs Mortgage Company.

(ix) Kurt Johnson is related to the client in a matter that SMRH is handling for Mobile Sonar, Inc., and "Kurt Johnson" might be related to, or the same as, "Kurt F. Johnson."

(x) SMRH currently represents Morgan Stanley & Co. and Morgan Stanley/US Real Estate Investing Division, which appear to be affiliates of Morgan Stanley Mortgage Capital, Inc.

(xi) State Street Bank & Trust Company, which might be an affiliate of State Street Global Markets, is the ultimate parent of SSB Realty. SMRH currently represents SSB Realty, and SMRH previously represented State Street Bank & Trust Company.

(xii) SMRH currently represents Bear Stearns & Company, Inc. and Bear Stearns Commercial Mortgage, Inc., and Bear Stearns Merchant Manager II LLC is the ultimate parent in a matter that

8

      SMRH is handling for Tap Operating Company LLC (collectively, the "Bear Stearns Entities"). EMC Mortgage Corporation appears to be an affiliate of one or more of the Bear Sterns Entities.

(xiii) SMRH currently represents Household Commercial Financial Services, Inc. and Metris Companies, Inc., whose ultimate parent is HSBC Bank USA, N.A., and HSBC Bank USA, N.A. is related to another SMRH client, The Hong Kong and Shanghai Banking Corporation Limited, Shanghai Branch. SMRH also currently represents Wells Fargo HSBC Trade Bank, N.A., which appears to be an affiliate of HSBC Bank USA, N.A.

(xiv) JP Morgan Chase Bank is the ultimate parent in a matter SMRH is handling for Chase Home Finance, LLC. SMRH also represents JP Morgan Partners, LLC, JP Morgan Securities, Inc., JP Morgan Chase, and JP Morgan Private Bank, which appear to be affiliates of JP Morgan Chase Bank, N.A.

(xv) SMRH represents Lehman Brothers, which is an affiliate of Lehman Brothers Bank FSB and Aurora Loan Services.

(xvi) Lehman Brothers is also related to the client in a matter SMRH is handling for Mission Place, LLC and in a matter SMRH is handling for CleanBrands, LLC.

(xvii) Lehman Brothers and Lehman Brothers Bank FSB are related to the client in a matter SMRH is handling for Financial Freedom Senior Funding Group.

(xviii) Lehman Brothers Holdings, Inc. is the ultimate parent in a matter SMRH is handling for BNC Mortgage, Inc. and in another matter that SMRH is handling for Wilton Partners Forest Hills, LLC, *et. al.*

(xix) Lehman Brothers is the ultimate parent in a matter SMRH is handling for Aurora Loan Service and in another matter SMRH is handling for Integral Partners, LLC.

(xx) SMRH previously represented Price Waterhouse & Co. and Price Waterhouse S.A., which appear to be related to Pricewaterhouse Coopers LLP.

(xxi) SMRH represents Sprint Nextel, which appears to be related to Sprint.

(xxii) SMRH previously represented Sun Trust Banks of Florida, Inc., which may be related to Suntrust.

(xxiii) Anthony L. Meola, Esq. is the contact person in a matter that SMRH is handling for Dictaphone Corporation, and it is possible that "Anthony L. Meola" is the same as "Anthony Meola."

(xxiv) SMRH represents GMAC Commercial Finance, LLC, which is an affiliate of Residential Funding Corporation.

(xxv) SMRH formerly represented an official committee of creditors in connection with an unrelated Chapter 11 case whose general unsecured creditors included PriceWaterhouse Coopers LLP.

19. In the future, SMRH may serve as counsel to certain other Interested Parties in

9

matters unrelated to these cases. In the event that SMRH is so retained, SMRH will file supplementary disclosures with this Court regarding the nature of such representation of an Interested Party.

20. To the best of my knowledge, information and belief, SMRH represents no interest adverse to the Debtors in the matters for which SMRH is proposed to be retained.

## DISCLOSURE OF COMPENSATION

21. With respect to SMRH's services as special corporate and litigation counsel, I request that all legal fees and related costs and expenses incurred by the Debtors and New Century Warehouse on account of services rendered by SMRH in connection with these cases be paid as administrative expenses of the estates pursuant to, among other things, sections 330(a), 331 and 503(b) of the Bankruptcy Code.

22. Subject to the Court's approval, on an interim basis, SMRH will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. The billing rates for attorneys in SMRH's corporate and labor departments currently vary from $300 per hour to $615 per hour, and from $195 to $225 for paralegals and clerks. SMRH has agreed to give the Debtors advance written notice of any upward adjustments in the rates and acknowledges that the Debtors' consent thereto in writing is required before such rate increases become effective. The range of billing rates set forth above reflects, among other things, differences in experience levels within classifications and differences between types of services being provided. A list of the guideline hourly rates for those members of SMRH that are expected to render substantial and material services to the Committee is included in the biographical summaries annexed hereto as <u>Exhibit B</u>.

23. The Debtors and New Century Warehouse have been billed, and will continue to be billed, at SMRH's customary billing rates for matters of this type, together with reimbursement of all reasonable costs and expenses incurred by SMRH in connection herewith. Such expenses include, but are not limited to, charges for messenger services, air couriers,

photocopying, postage, long distance telephone service, outgoing facsimile service, computerized legal research facilities (including the time billed for such legal research), process service, investigative searches, and other charges customarily invoiced by law firms. The Debtors propose to pay SMRH at such rates and to reimburse it for such expenses, subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), and applicable orders of this Court. Moreover, the Debtors understand that SMRH hereinafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order entered by this Court establishing interim compensation procedures for all services performed and expenses incurred after the Petition Date.

24. Prior to the Petition Date, SMRH performed services for the Debtors and New Century Warehouse in connection with its retention as litigation and general corporate counsel, and I believe that the Debtors made approximately $373,879.16 in payments, in aggregate, to SMRH for services provided during the 90 days prior to the Petition Date. As of the Petition Date, I believe that the Debtors owed to SMRH approximately $48,124.56 for unpaid legal services and unreimbursed expenses prior to the Petition Date, and I accordingly believe that SMRH is entitled to assert a $48,124.56 claim against the Debtors' estates.

25. SMRH has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this declaration. Further, SMRH has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

26. I, subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and further Orders of the Court, propose that the Debtors pay SMRH its customary hourly rates for services rendered, as set forth above, and to reimburse SMRH according to its customary reimbursement polices, and I submit that such rates are reasonable.

11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 30, 2007, at Los Angeles, California.

_____
David H. Sands

# SCHEDULE 1

## List of Potential Parties-in-Interest for New Century TRS Holdings, Inc., et al.

### UCC-1 Parties

Access Investments II, LLC
Ameritech Credit Corporation
Aspen Funding Corp
Bank Leumi Leasing Corporation
Bank of America, NA
Bank of the West
Barclays Bank, PLC
Carrington Mortgage Credit Fund I, LP
CDC Mortgage Capital Inc.
Charter One Vendor Finance LLC
CIT Communications Finance Corporation
Citigroup Global Markets Realty Corp.
Consultants Group Commercial Funding Corp.
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Capital LLC
DB Structured Products, Inc
Deutsche Bank Trust Company Americas
Federal National Mortgage Association
Galleon Capital Corp
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Financial LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Heineman, Dale Scott
IOS Capital
IXIS Real Estate Capital Inc.
Johnson, Kurt F.
Mission Center Partners
Morgan Stanley Mortgage Capital Inc.
NC Capital Corporation
New Century Funding A
New Century Funding I
New Century Mortgage Securities Inc.
Newport Funding Group
PFE International Inc.
Ropes & Gray LLP
St. Andrew Funding Trust c/o New Century Mortgage
State Street Global Markets
Sterling Bank
The CIT Group/Equipment Financing
U.S. Bancorp Equipment Finance, Inc.
U.S. Bank National Association
UBS Real Estate Securities Inc.
United California Capital
Whitwood, Jason Allen

## 50 Largest Unsecured Creditors [6]

Adteractive
Affiliated Computer Services
Alaska Seaboard Partners Limited Partnership
Aspen Funding Corp.
Assurant Specialty Property Insurance
Aurora Loan Services
Bank of America, N.A.
Barclays Bank PLC
Carrington Securities, LP
Catarina Mortgage Services Inc.
ChoicePoint Precision Marketing
Citigroup Global Markets Realty Corp.
Countrywide
Credit Suisse First Boston Mortgage Capital LLC
Credit-Based Asset Servicing and Securitization LLC
DB Structured Products, Inc.
Deutsche Bank
EMC Mortgage Corporation
Fiserv CCS
Galleon Capital Corporation
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Finance, LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Harbor Asset Management Services
HSBC Bank USA, N.A.
INDY MAC Bank, FSB
IXIS Real Estate Capital, Inc.
JP Morgan Chase Bank, NA
Lehman Brothers Bank FSB
Low.com
Lowermybills.com
Morgan Stanley Mortgage Capital Inc.
National Field Representatives
Newport Funding Corp.
Nextag
NOMURA Securities
Pricewaterhouse Coopers LLP
Residential Funding Corporation
SG Mortgage Finance Corp
Sheffield Receivables Corporation
Sprint
State Street Global Markets, LLC
Suntrust

---

[6]    Includes certain UCC-1 Parties

2

System Source, Inc.
Tucson Funding LLC
UBS Real Estate Securities Inc.
Washington Mutual Bank, FA

### Largest Shareholders of New Century Financial Corporation[7]

Greenlight Capital LLC
David Einhorn
Morgan Stanley
Morgan Stanley Capital Services
Hotchkis and Wiley Capital Management LLC

### Directors and Senior Employees

Alexander, Marilyn A.
Bilotta, Frank
Bindra, Taj S.
Black, Harold A.
Cimino, Richard
Clifford, Leigh Ann
Cloyd, Kevin
Cole, Robert K
Dodge, Patti
Fleig, David
Forster, Fredric J.
Garday, Louis
Gotschall, Edward
Jewett, Jennifer
Lange, Donald E.
Meola, Anthony
Morrice, Brad A.
Peltier, Warren
Sachs, Michael M.
Theologides, Stergios
Threadgill, Jonathan
Torterelli, Joseph
Zalle, Paul
Zona, Richard A.

### Professionals

AlixPartners LLP
Allen Matkins Leck Gamble Mallory & Natsis LLP
Cooley Godward Kronish LLP
Heller Ehrman LLP
Lazard Freres & Co. LLC

---

[7] These individuals and entities directly or indirectly own more than 5% of the shares of New Century Financial Corporation.

3

O'Melveny & Myers LLP
Richards Layton & Finger, P.A.
Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates
Sullivan & Cromwell LLP
Thacher Proffitt & Wood LLP
Xroads Case Management Services, LLC

### Debtors

New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation
New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation
New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation
NC Capital Corporation, a California corporation
Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation
New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation
NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership
NC Residual III Corporation, a Delaware corporation
NC Residual IV Corporation, a Delaware corporation
New Century R.E.O. Corp., a California corporation
New Century R.E.O. II Corp., a California corporation
New Century R.E.O. III Corp., a California corporation
New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company
NC Deltex, LLC, a Delaware limited liability company
NCoral, L.P., a Delaware limited partnership