Michael Reed
MCCREARY, VESELKA, BRAGG, AND
ALLEN, P.C.
P. O. Box 1269
Round Rock, Texas 78680
512-323-3200

Attorneys for Tax Appraisal District of Bell
County, County of Denton, Mexia Independent
School District, County of Williamson

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 07-10416 |
| NEW CENTURY TRS HOLDINGS, INC., et al | |
| DEBTOR | CHAPTER 11 |

OBJECTION
TO THE EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH AUCTION OF CERTAIN ASSETS…(DOCKET #25)

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Tax Appraisal District of Bell County, County of Denton, Mexia Independent School District, County of Williamson, (hereinafter referred to as "Tax Appraisal District of Bell County, et al,"), and file their Objection to the Emergency Motion of Debtors and Debtors in Possession for (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with Auction of Certain Assets (Docket #25)… (the "Sale Motion") and would show the Court the following:

I.

Tax Appraisal District of Bell County, et al, are political subdivisions of the State of Texas.

II.

There are delinquent property taxes for the tax years 2000-2006 due, and as of January 1, 2007, liability and a lien for the 2007 tax year on the Debtor's property described as real and business personal property. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against the Debtor's property and are entitled to priority over other secured claims under 11 U.S.C. § 506.

III.

The laws of the State of Texas, Property Tax Code, Section 32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against this property. These tax claims are entitled to priority as secured claims, and over other secured claims, under 11 U.S.C. Section 506; see also <u>Stanford v. Butler</u>, 826 F.2d 353 (5th Cir. 1987); <u>Universal Seismic Associates, Inc.</u>, 288 F.3d 205 (5th Cir. 2002); <u>In Re Winn's Stores, Inc.</u> 177 B.R. 253 (Bktcy W.D. Tex 1995).

IV.

It is apparent from the records available to these local tax entities that numerous real estate properties have already been foreclosed upon by the debtors. But it is unclear from the Motion whether the "residual class interests issued by various securitization trusts" that are being conveyed include any fee ownership in any real property or the conveyance of any actual business personal property of the debtors which may be subject to the liens of the Tax Appraisal District of Bell County, et al. It is unclear, and probably cannot be clearly ascertained at this point whether any of the "slightly over 2,000 residential mortgage loans" being conveyed have already been foreclosed. It is not even possible at this very early point in the case to determine with any confidence which Texas tax jurisdictions have tax claims against properties that have already been foreclosed by the debtors.

V.

This being the case, the only reasonable solution at this point is the preservation of the liens of Texas ad valorem tax jurisdictions on property that currently bears such tax liens. Therefore, the inclusion of the following language in the Order Authorizing the Sale would be adequate to enable the Tax Appraisal District of Bell County, et al, to withdraw their Objection to this Sale:

> Other provisions in this order or in the APA being approved hereunder notwithstanding, the conveyance of any real property or business personal property authorized hereunder shall not be free and clear of the ad valorem tax liens of ad valorem tax jurisdictions located in the state of Texas, and such liens are hereby expressly retained until payment of all ad valorem taxes, and any penalties or interest which may ultimately accrue to such ad valorem taxes in the ordinary course of business.

VI.

WHEREFORE, the Tax Appraisal District of Bell County, et al, pray that the Court order that the conveyance of any real or business personal property included in this sale, if any, in the state of Texas, currently subject to the ad valorem tax liens of local governmental entities in Texas, be made subject to such liens and further request other and such relief as is just and proper.

Dated:  May 1, 2007

Respectfully submitted,

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants, Tax Appraisal District of Bell County, County of Denton, Mexia Independent School District, County of Williamson, P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200

/s/ Michael Reed
_____

Michael Reed
State Bar Number 16685400

CERTIFICATE OF SERVICE

    I hereby certify that I have placed a copy of the above Objection to the Sale Motion to the following parties and to those parties listed on the Court's Notice of Electronic Filing on May 1, 2007, by Facsimile or by Electronic Notification.

                                                         /s/ Michael Reed
                                                         ―――――――――――――
                                                         Michael Reed

| | |
|---|---|
| Mark D. Collins, Esq.<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>One Rodney Square<br>Wilmington, DE 19801<br>Fax: 302-651-7701 | Thomas S. Kiriakos, Esq.<br>Mayer, Brown, Rowe & Maw LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Fax: 312-706-8232 |
| Suzzanne Uhland, Esq.<br>and Brophy Christensen, Esq.<br>O'Melveny & Myers LLP<br>275 Battery Street, Ste 2600<br>San Francisco, CA 94111<br>Fax: 415-984-8701 | Steven K. Kortanek, Esq.<br>Womble, Carlyle, Sandridge & Rice, PLLC<br>222 Delaware Ave., Ste 1501<br>Wilmington, DE 19801<br>Fax: 302-661-7728 |
| Ben H. Logan, Esq.<br>O'Melveny & Myers LLP<br>400 So. Hope Street<br>Los Angeles, CA 90071<br>Fax: 213-430-6407 | Office of US Trustee<br>844 King Street<br>Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>Fax: 302-573-6497 |
| Mark T. Power, Esq.<br>Hahn & Hessen LLP<br>488 Madison Ave.<br>New York, NY 10022<br>Fax: 212-478-7400 | |
| Bonnie Glantz Fatell, Esq.<br>Blank Rome LLP<br>Chase Manhattan Center<br>1201 Market St., Ste 800<br>Wilmington, DE 19801<br>Fax: 302-428-5110 | |