FILED

### THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

2007 APR 30   AM 10: 50

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NEW CENTURY TRS HOLDINGS, INC, ) | Chapter 11 |
| A Delaware corporation, et al., ) | |
| ) | Case No. 07-10416 (KJC) |
| ) | |
| *Debtors.* ) | |
| ) | |
| David L. and Sherry A. TerMarsch ) | |
| 6136 Morning View Drive ) | |
| Lakeland, Florida, 33813 ) | |
| ) | |
| *Claimants victims, witness* ) | |

### DEMAND FOR CLAIM UNDER UCC 1 INTEREST IN ALL BANK DIRECTORS OFFICAL BONDS, FOR VIOLATIONS OF THEIR OATHS AND ENCUMBRANCE ON PROMISSORY NOTE UCC 3-603 MICHIGAN ACT 174 OF 1962, CODE SECTION 44. 3603

NOW COMES, David L TerMarsch and Sherry A TerMarsch, (hereinafter "TerMarsches") This motion is verified on first hand knowledge from the damaged individual, hereby invoking this court's inherent power to undo the damage that has been caused. Plaintiffs, the TerMarsches, not as attorneys, not being well versed in law, but as natural persons on the land, demanding all our rights at all times, and refusing no rights at any time.

The TerMarsches now come before this Honorable Court presenting a claim in the amount of $5,398,578.60 due to a notice of International Commercial Claim Administrative Remedy filed on January 26, 2005 and perfected said lean on April 27, 2005, all parties agree in my TACIT PROCURATION and by the acquiescence of New Century TRS Holdings, Inc.

The TerMarsches now come before this Honorable court demanding an interest in the bonds of all Bank Directors, and all bonded officers of New Century TRS Holdings, Inc., the Banking Act requires that all officers and directors are required to have bonds to hold their offices and have an oath to uphold the Constitution of the United States and the Constitution of the State

of Michigan and any other state they do business in by violating oaths of office so their bonds are attachable, in which we hold an interest in putting a claim against.

The TerMarsches hold an encumbrance on all promissory notes under UCC-3-603, Michigan act 174 of 1962, code section 44.3603,

1)  The TerMarsches have at all times demanded our rights and at no time have refused any rights, especially the right to redress of grievances and the return of the original promissory note as required by law.

2)  The TerMarsches comes before this Honorable Court demanding our rights to have all qualifications required by law presented to ourselves for all officers of this Honorable Court, to ensure that all officers have the necessary qualifications and had taken an oath to uphold the Constitution of the United States and the Constitution of the State of Delaware. Attached hereto and incorporated herein a FOIA request demanding all qualifications.

3)  The TerMarsches have now come to understand that all the directors of New Century TRS Holdings, Inc. and all the officers and directors of any bank including Greenwich Capital Financial Products should be bonded and have qualifications or else they do not have standing nor jurisdiction to be within this Honorable Court. I also have an understanding according to the trustees handbook that the trustee has taken on all the assets and all liabilities a New Century TRS Holdings Inc. and that he/she must also have a bond in the amount of $10 million to ensure faithful performance under the Constitution of the United States and the State of Delaware.

## OFFICERS OF THE COURT

A judge is an officer of the court as well as all attorneys. A state judge is a state judicial officer paid by the state to act impartially and lawfully. A federal judge is a federal judicial officer paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. *A judge is not the court. People v Zajic 88 Ill App 3d 477, 410 N.E. 2nd 626 (1980)*

A public office is a public trust, *Wright v. Lorain (1942, Lorain Co) 70 O App 337, 25 Ops 89, 46 NE2d 325; Hull v Cleveland (1946, Cuyahoga Co) 79 O App 87, 34 O Ops 475, 46 OL Abs 476, 70 NE2d 137; Halliday v Norfolk & W.R. Co. (1945, App, Franklin Co) 44 OL Abs 208, 62 NE2d 716, motion over.* And a public officer, as a public agent, is a trustee. *Knoup v Piqua Branch of State Bank (1853) 1 OS 603, revd on other grounds 57 US 369, 16 How 369, 14 L Ed 977.* A public official thus has a fiduciary duty to the citizens of the state *State v. McKelvey (1967) 12 OS2d 92, 41 O Ops 2d 372, 232 NE2d 391* and owes a duty of undivided loyalty to the public; such an officer is, therefore, subject to the rule which more generally forbids a trustee from acting in a manner which conflicts with the interests of those whom he serves. *63 A Am Jur 2d Public officers and Employees § 321.*

4)      If all these qualifications are not present it to myself within 21 days as requested in my FOIA demand, which I hope does not take 21 days considering this is something that should be within arms reach. Any records book and is something required to be kept by the Constitution of the United States and the Constitution of Delaware as a ministerial duty, and is not meant is a refusal of office.

5)      If the oath and qualifications of all officers are not present within 21 days that I respectfully request this Honorable Court must stay all proceedings due to the lack of jurisdiction to move forward until this problem can be corrected.

6)      The TerMarsches are entitled to 5,398,578.60 as a matter of law and request this to be paid in lawful US currency with a fair amount of interest to be added daily. This notice is given in good faith and if not responded to adequately, I will consider your acquiescence in agreement with all amounts due.

7)    The TerMarsches stand upon the Constitution of the United States, the Bill of

Rights, and the Constitution of the State of Delaware and demand all the rights

protected by the Constitution's in the Bill of Rights.

## CONSTITUTIONAL LAW

### *Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882)*
"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it."

### *Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694*
Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

### *Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286*
Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court.

### *Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359Y 371, 374*
Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

### *Olmstad v. United States, (1928) 277 U.S. 438*
"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

### *Owen v. City of Independence*
"The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

### *U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)*
"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance, with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, are bound to obey it."
"It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

### *Downs v. Bidwell, 182 U.S. 244 (1901)*

"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

### *Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644*
"Constitutional 'rights' would be of little value if they could be indirectly denied."

### *Mallowy v. Hogan, 378 U.S. 1*
"All rights and safeguards contained in the first eight amendments to the federal Constitution are equally applicable."

### *Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603*
"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

### *Norton v. Shelby County, 118 U.S. 425 p. 442*
"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

### *Sherar v. Cullen, 481 F. 2d 946 (1973)*
"There can be no sanction or penalty imposed upon one because of his exercise of Constitutional rights."

### *Simmons v. United States, 390 U.S. 377 (1968)*
"The claim and exercise of a Constitutional right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".

### *Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals*
The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

### *Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)*
It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

### *Murdock v. Pennsylvania, 319 U.S. 105*
"No state shall convert a liberty into a license, and charge a fee therefore."

### *Shuttlesworth v. City of Birmingham, Alabama, 373 U.S. 262*

"If the State converts a right (liberty) into a privilege, the citizen can ignore the license and fee and engage in the right (liberty) with impunity."

8.    The TerMarsches have come to understand that this Honorable Court does not

participate in any criminal activities, nor would this Honorable Court participate in any

criminal or fraudulent type activities. Nor would this Honorable Court allow any of its

officers are any person to file an action that would consist of a fraud upon the court.

## FRAUD

Whenever an officer of the court commits fraud during a proceeding in the court he/she is engaged in "fraud upon the court" and ***Bullock v United States 763 F. 2d 1115. 1121 (10th Cir. 1985).*** The Court stated, "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties are fraudulent documents.    False statements or perjury… it is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where is the impartial functions of the court had not been directly corrupted."

"Fraud upon the court" has been defined by 7th Circuit Court of Appeals to "embarrass that species of fraud which does, or attempts to, defile the court itself or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication "***Kenner v C.I.R.387 F 3d 689 (1968) 7 Moore's Federa Practice 2nd ed., p 512 ¶ 60.23.*** The 7th circuit further stated, "A decision produced by fraud upon the court is not an essence a decision at all and never becomes final".

"Fraud upon the court" makes void the orders and judgments of that court is also clear and well-stated in law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The people of the State of ***Illinois versus Fred E. Sterling. 357 Ill 354 192 NE 229 (1934)*** (The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as contracts and other transactions") ***Allen F. Moore v Stanley F Sievers 336 Ill 316 168 NE259 (1929)*** (" the maxim that fraud vitiates every transaction into which it enters…") ***In re Village of Willowbrook 37 Ill App2nd 393 (1962)*** (" it is axomatic that fraud vitiates everything") ***Dunham v Dunham 57 Ill App 475 (1894) affirmed 162 Ill 589(1896) Skelly Oil Co v Universal Oil Products Co 338 Ill App 79 86 NE 2nd 875 883-4 (1949) Thomas Stasel v The American Home Security Corporation 362 Ill350 19 NE 798 (1935).***

9.    The TerMarsches have come to understand that this Honorable Court has a duty

under the judicial canons to look into the matter for it, and not to participate in a type of

conspiracy against ourselves nor allow the banks and mortgage companies to conspire

against any individual of the United States to defraud or due theft of what is justly theirs

and not to allow them to do an accounting system, playing with promissory notes in any

type of deceptive manner, by not doing a presentment of the notes as required by law

before transferring, selling, assigning or bidding them off.

## **DISQUALIFICATION OF JUDGES**

In 1994, the US Supreme Court held that **"Disqualification is required** if an objective observer would entertain reasonable questions about the judges impartiality. If a judge's attitude or state of mind leads to a detached observer to conclude that a fair and impartial hearing is unlikely, but the judge **must be disqualified."** [Emphasis added]. *Liteky v. U.S., 114 S. Ct. 1147, 1162 (1994)*

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only their parents are partiality. *Liljeberg v. Health Services acquisition Corp., 486 U.S 847, 108 S.Ct. 2194 (1988)* (lct matters is not the reality of bias or purchase but its appearance); *United States v Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 445(a)* "it's directed against the appearance of judicial code, 28 U.S.C. §445 (A), is not intended to protect litigants from actual bias in their judge a rather to promote public confidence in the impartiality of the judicial process.").

That court also stated that section 455(a) "requires a judge precludes himself of any proceeding in which her/him impartially might reasonably be questioned." *Taylor v O'Grady, 888 F. 2nd 1189 (7th Cir. 1998).* In *Pfizer Inc. v Lord, 456 F. 2nd 532 (8th Cir. (1972),* the Court stated that "it is important that the litigant not only actually receive justice, but he believes that he has receive justice."

Our Supreme Court has ruled and has reaffirmed the practice that "Justice must satisfy the appearance of justice", *Landevine v. United States, 362 U.S. 610, 80 S. Ct. 1038 (1960),* citing *Offutt v. United States, 348 U.S. 11, 14,75 S. Ct, 11, 13 (1954).* A judge receiving a bribe from an interested party over which he is proceeding, does not give the appearance of justice.

"Recusal under section 455 is self-executing; then regarding the net file affidavits in support a refusal in the judges on the data to refuse himself/herself and <u>sue sponte</u> under the stated circumstances." *Taylor v. O'Grady, 888 F. 2nd 1189 (7th Cir. 1989).*

Further, the judge has a legal duty to disqualify himself even if there's no motion asking for the disqualification. The Seventh Circuit Court of Appeals further stated "we think that this language [455(a)] imposes a duty the judge to act <u>sue sponte, even of no motion are affidavits filed." *Balistrieri, at 1202.*

Should a judge not disqualify himself, and then the judge is a violation of the due process clause of the United States Constitution. *United States v. Sciuto, 521 F. 2nd 842, 845 (7th Cir.144*, but on a due process clause.").

Judges are to follow their judicial canons, their ethical canons, and the disciplinary rules. Judges still hold a bar card, and shall perform the duties of the office without partiality, diligently, without bias and prejudice, without influence, by upholding their oath of office, the Constitution of the United States, the bill of rights, and the Constitution of all foreign states, Judges who acts ministerial and violate their duties, their oath and ignore their morals, violate the laws of God and act in a treasonous manner.

## CONSPIRACY

A conspiracy is an agreement between two or more people to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. It does not matter whether or not the conspiracy was successful. The essence of the offense is that two or more persons have combined, or mutually agreed, to do something illegal.

The essence of the crime of conspiracy is the agreement. *United States v. Falcone*, 311 U.S. 205, 210 (1940). Stated another way, without an agreement there can be no conspiracy. Further, because the agreement is the crime, success of the conspiracy is irrelevant. *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990); *United States v. Nicoll*, 664 F.2d 1308, 1315 (5th Cir.), *cert. denied*, 457 U.S. 1118 (1982); *United States v. Kibby*, 848 F.2d 920, 922 (8th Cir. 1988). It is for this reason that a defendant may be charged with conspiracy as well as the substantive offense which served as the object of the conspiracy. *Iannelli v. United States*, 420 U.S. 770, 791 (1975); *Pinkerton v. United States*, 328 U.S. 640, 645-46 (1946).

The agreement need not be expressly stated or be in writing or cover all the details of how it is to be carried out. *United States v. DePew*, 932 F.2d 324, 328 (4th Cir.), *cert. denied*, 112 S. Ct. 210 (1991); *United States v. Hopkins*, 916 F.2d 207, 212 (5th Cir. 1990); *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir. 1990), *cert. denied*, 498 U.S. 1093 (1991); *United States v. Powell*, 853 F.2d 601, 604 (8th Cir. 1988); *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1992).

Rather, the existence of an agreement may be proved by inference from the actions and statements of the conspirators or from the surrounding circumstances of the scheme. *Glasser v. United States* , 315 U.S. 60, 80 (1942); *United States v. Mariani*, 725 F.2d 862, 865-66 (2d Cir. 1984); *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989);

*United States v. Ballard*, 663 F.2d 534, 543 (6th Cir. 1981); *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987); *United States v. Young*, 954 F.2d 614, 618-19 (10th Cir. 1992).

Moreover, the government is not required to prove that the members of the conspiracy directly stated to each other the purpose of the agreement or all of the details of the agreement. *United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988); *United States v. McNeese*, 901 F.2d 585, 599 (7th Cir. 1990); *United States v. Gonzalez*, 940 F.2d 1413, 1417 (11th Cir. 1991), *cert. denied*, 112 S. Ct. 910 (1992).

### Two or More Persons

A defendant cannot conspire with himself or herself. *Morrison v. California*, 291 U.S. 82, 92 (1934). In order to establish the existence of an agreement, the government must show that the defendant and at least one other person reached an understanding or agreement to carry out the objective of the conspiracy. *United States v. Giry*, 818 F.2d 120, 125 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987); *United States v. Barnes*, 604 F.2d 121, 161 (2d Cir. 1979), *cert. denied*, 446 U.S. 907 (1980); *United States v. Chase*, 372 F.2d 453, 459 (4th Cir.), *cert. denied*, 387 U.S. 907 (1967); *Sears v. United States*, 343 F.2d 139, 141-42 (5th Cir. 1965).

It makes no difference whether that other person is another defendant or even named in the indictment. *Rodgers v. United States*, 340 U.S. 367, 375 (1951) ("identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown"). *See also United States v. Allen*, 613 F.2d 1248, 1253 (3d Cir. 1980); *United States v. Anderson*, 611 F.2d 504, 511 (4th Cir. 1979); *United States v. Lewis*, 902 F.2d 1176, 1181 (5th Cir. 1990); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *United States v. Galvan*, 961 F.2d 738, 742 (8th Cir. 1992).

### Conspiring With Government Agents

Because there must be at least two culpable parties to reach an agreement, proof of an agreement solely between a defendant and a government agent or informer will not support a conspiracy conviction. *Rogers v. United States*, 340 U.S. 367, 375 (1951); *Morrison v. California*, 291 U.S. 82, 92 (1934); *United States v. Giry*, 818 F.2d 120, 125 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987); *United States v. Barnes*, 604 F.2d 121, 161 (2d Cir. 1979), *cert. denied*, 446 U.S. 907 (1980); *United States v. Chase*,

372 F.2d 453, 459 (4th Cir.), *cert. denied*, 387 U.S. 907 (1967); ***United States v. Pennell***, 737 F.2d 521, 536 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158 (1985); ***United States v. Escobar de Bright***, 742 F.2d 1096, 1099 (9th Cir. 1984).

Even though it is impossible to conspire with an undercover agent or informer, this issue should be distinguished from instances where a valid agreement exists between two or more conspirators, one of whom committed overt acts solely with a government agent. In these situations, it is proper to charge and prove at trial an overt act that involves only one of the conspirators and an undercover agent. ***United States v. Enstam***, 622 F.2d 857, 867 (5th Cir. 1980), *cert. denied*, 450 U.S. 912 (1981).

### Corporations as Conspirators

A corporation may be criminally liable for conspiracy under section 371. ***United States v. S & Vee Cartage Co.***, 704 F.2d 914, 920 (6th Cir.), *cert. denied*, 464 U.S. 935 (1983); ***United States v. Stevens***, 909 F.2d 431, 432-34 (11th Cir. 1990). Moreover, a corporation can enter into a conspiracy with its own employees. ***United States v. Ams Sintering Co.***, 927 F.2d 232, 236 (6th Cir. 1990); ***United States v. Hartley***, 678 F.2d 961, 972 (11th Cir. 1982), *cert. denied*, 459 U.S. 1170 (1983).

### Scope of the Agreement -- Single or Multiple Objects

A single conspiracy may have multiple objectives which involve a number of sub-agreements to commit each of the specified objectives. ***Braverman v. United States***, 317 U.S. 49, 53 (1942); ***United States v. Maldonado-Rivera***, 922 F.2d 934, 963 (2d Cir. 1990), *cert. denied*, 111 S. Ct. 2811 (1991); ***United States v. Rodriguez***, 585 F.2d 1234, 1248-49 (5th Cir. 1978); ***United States v. Warner***, 690 F.2d 545, 550 n.8 (6th Cir. 1982). In these cases, the issue of single or multiple conspiracies is frequently raised. Such a determination looks to whether there is one agreement to commit multiple objectives or more than one agreement, each with a separate object.

The general test is whether there was "one overall agreement" to perform various functions to achieve the objectives of the conspiracy. ***United States v. Leavis***, 853 F.2d 215, 218 (4th Cir. 1988); ***United States v. Warner***, 690 F.2d 545, 548-49 (6th Cir. 1982); ***United States v. Springer***, 831 F.2d 781, 784 (8th Cir. 1984); ***United States v. Arbelaez***, 719 F.2d 1453, 1457 (9th Cir. 1983), *cert. denied*, 467 U.S. 1255 (1984).

A single conspiracy does not become multiple conspiracies simply because of personnel changes or because its members are cast in different roles. ***United States v. Cambindo-***

*Valencia*, 609 F.2d 603, 625 (2d Cir. 1979), *cert. denied*, 446 U.S. 940 (1980); *United States v. Richerson*, 833 F.2d 1147, 1153-54 (5th Cir. 1987); *United States v. Spector*, 793 F.2d 932, 935-36 (8th Cir. 1986), *cert. denied*, 479 U.S. 1031 (1987); *United States v. Mayes*, 512 F.2d 637, 642 (6th Cir.), *cert. denied*, 422 U.S. 1008 (1975). In determining this issue, the courts apply a totality of the circumstances test under which a combination of the following factors are considered: (1) commonality of goals; (2) nature of the scheme; and (3) overlapping of participants in the various dealings. *United States v. Smith*, 789 F.2d 196, 201-02 (3d Cir. 1986), *cert. denied*, 479 U.S. 1031 (1987); *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978); *United States v. Bastone*, 526 F.2d 971, 979-80 (7th Cir. 1975), *cert. denied*, 425 U.S. 973 (1976); *United States v. DeLuna*, 763 F.2d 897, 918 (8th Cir.), *cert. denied*, 474 U.S. 980 (1985); *United States v. Mayo*, 646 F.2d 369, 372 (9th Cir.), *cert. denied*, 454 U.S. 1127 (1981); *United States v. David*, 940 F.2d 722, 724 (10th Cir. 1991); *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir.), *cert. denied*, 469 U.S. 843 (1984); *United States v. Tarantino*, 846 F.2d 1384, 1392-93 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988).

## *MEMBERSHIP*
### *Intent Requirement*

In order to establish a defendant's membership in a conspiracy, the government must prove that the defendant knew of the conspiracy and that he or she intended to join it and to accomplish the object of the conspiracy. *United States v. Flaherty*, 668 F.2d 566, 580 (1st Cir. 1981); *United States v. Southland*, 760 F.2d 1366, 1169 (2d Cir.), *cert. denied*, 474 U.S. 825 (1985); *United States v. Rankin*, 870 F.2d 109, 113 (3d Cir.), *cert. denied*, 493 U.S. 840 (1989); *United States v. Norris*, 749 F.2d 1116, 1121 (4th Cir. 1984), *cert. denied*, 471 U.S. 1065 (1985); *United States v. Yanin*, 868 F.2d 130, 133 (5th Cir.), *cert. denied*, 492 U.S. 924 (1989); *United States v. Christian*, 786 F.2d 203, 211 (6th Cir. 1986); *United States v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991); *United States v. Zimmerman*, 832 F.2d 454, 457 (8th Cir. 1987); *United States v. Esparza*, 876 F.2d 1390, 1392 (9th Cir. 1989); *United States v. Lynch*, 934 F.2d 1226, 1231 (11th Cir. 1991), *cert. denied*, 112 S. Ct. 885 (1992); *United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir.), *cert. denied*, 114 S. Ct. 286, 650 (1993). A defendant may become a member of a conspiracy without knowing all of the details of the unlawful scheme and without knowing all of the members. *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Diecidue*, 603 F.2d 535, 548

(5th Cir. 1979), *cert. denied*, 445 F.2d 946 (1980); ***United States v. Noble***, 754 F.2d 1324, 1327 (7th Cir.), *cert. denied*, 474 U.S. 818 (1985); ***United States v. Massa***, 740 F.2d 629, 636 (8th Cir. 1984), *cert. denied*, 471 U.S. 1115 (1985); ***United States v. Horn***, 946 F.2d 738, 740 (10th Cir. 1991).

Similarly, a defendant may become a member of a conspiracy even if that person agrees to play a minor role in the conspiracy, so long as he or she understands the essential nature of the scheme and intentionally joins in it. ***United States v. Warner***, 690 F.2d 545, 550 (6th Cir. 1982); ***United States v. Medina***, 940 F.2d 1247, 1250 (9th Cir. 1991); ***United States v. Andrews***, 953 F.2d 1312, 1318 (11th Cir.), *cert. denied*, 112 S. Ct. 3007 (1992). Further, the government is not required to prove any special mens rea beyond the degree of criminal intent required for the object offense. ***United States v. Feola***, 420 U.S. 671, 686-96 (1975).

## Proof of Membership

Although the government must prove that a defendant was a member of a conspiracy, this may be satisfied by a showing of only a "slight connection" to the conspiracy, *i.e.*, circumstantial evidence as to the defendant's knowledge of the conspiracy and its scope. ***United States v. Cooper***, 567 F.2d 252, 253 (3d Cir. 1977); ***United States v. Christian***, 786 F.2d 203, 211 (6th Cir. 1986); ***United States v. Moya-Gomez***, 860 F.2d 706, 758 (7th Cir. 1988), *cert. denied*, 492 F.2d 908 (1989); ***United States v. Ivey***, 915 F.2d 380, 384 (8th Cir. 1990); ***United States v. Boone***, 951 F.2d 1526, 1543 (9th Cir. 1991).

Thus, a defendant's knowledge of a conspiracy need not be proved by direct evidence; circumstantial evidence is sufficient. ***United States v. David***, 940 F.2d 722, 724 (1st Cir.), *cert. denied*, 112 S. Ct. 605 (1991); ***United States v. Christian***, 786 F.2d 203, 211 (6th Cir. 1986); ***United States v. Beale***, 921 F.2d 1412, 1430 (11th Cir.), *cert. denied*, 112 S. Ct. 99 (1991). Generally, this knowledge can be inferred from the defendant's own acts and statements. ***United States v. Martin***, 920 F.2d 345, 348 (6th Cir. 1990), *cert. denied*, 111 S. Ct. 2038 (1991); ***United States v. Kane***, 944 F.2d 1406, 1410 (7th Cir. 1991).

However, mere presence at the scene of a transaction or event is insufficient, of itself, to make someone a member of a conspiracy. ***United States v. Cintolo***, 818 F.2d 980, 1003 (1st Cir.), *cert. denied*, 484 U.S. 913 (1987); ***United States v. Marian***, 725 F.2d 862, 865 (2d Cir. 1984); ***United States v. Holcomb***, 797 F.2d 1320, 1327 (5th Cir. 1986); ***United States v. Bostic***, 480 F.2d 965, 968 (6th Cir. 1973); ***United States v. Raymond***, 793 F.2d 928, 932 (8th Cir. 1986).

## PRAYER

WHEREFORE : The TerMarsches demand that this Honorable Court to get a default judgment in the amount of $5,398,578.60. Stay all proceedings until all original wet ink notes are presented back to ourselves. Stay all proceedings until all OATHS and qualifications and bonds are presented as required by law to have standing and jurisdiction, including all qualifications of all officers of the court, immediately look into the unlawful activities of the banks and lending companies and not allow any person's promissory notes to be transferred without a presentment as required by law not to allow any fraud to be committed upon the court nor any other person and anything this Honorable Court deems just and proper in regards to equity and law.

All rights reserved

By: _David L. TerMarsch_
David L. TerMarsch

# CERTIFICATE OF SERVICE

I David L. TerMarsch do hereby certify that I mailed a copy of Demand for Claim, by U.S. Express Mail to:

The United States Bankruptcy Court          Express Mail No. EB 217782275 US
For the District of Delaware
844 N. King Street
Wilmington, DE 19801

O'Melveny & Myers LLP                       Express Mail No. EB 217782284 US
Times Square Tower
Seven Times Square
New York, NY 10036

Date: April 27, 2007

Submitted By David L. TerMarsch
David L. TerMarsch

*Preacipe Demand for Oath, Qualifications and Bonds*

David L. TerMarsch                                         April 27, 2007
6136 Morningview Dr.
Lakeland, FL [33813]

U.S. Bankruptcy Court
District of Delaware
C/o Peter T. Dalleo Clerk of Court
844 N. King Street
Wilmington, DE 19801

Dear:  Peter T. Dalleo Clerk of Court


        This letter is lawful notification to you, pursuant to The Bill of Rights of the National
Constitution, in particular, the First, Fourth, Fifth, Sixth, Ninth Amendments, and The Bill of
Rights. Pursuant to your oath, a written response is required to me David L. TerMarsch specific
to the subject matter.  Your failure to respond, within 21 days, as stipulated, and rebut, with
particularity, everything in this letter with which you disagree is your lawful, legal and binding
agreement with and admission to the fact that everything in this letter is true, correct, legal,
lawful and binding upon you, in any court, anywhere in America, without your protest or
objection or that of those who represent you.  Your silence is your acquiescence.  See:  *Connally
v. General Construction Co.*, 269 U.S. 385, 391.  Notification of legal responsibility is "the first
essential of due process of law." Also, see:  *U.S. v. Tweel*, 550 F. 2d. 297.  "Silence can only be
equated with fraud where there is a legal or moral duty to speak or where an inquiry left
unanswered would be intentionally misleading."

# PRAECIPE
## LEGAL NOTICE OF FRAUD
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRINCIPAL IS NOTICE TO AGENT


### NOTICE

YOU ARE IN DANGER OF LOSING YOUR



**BOND**

*Preacipe Demand for Oath, Qualifications and Bonds*

# DEMAND OF OFFICIAL OATH, QUALIFICATIONS AND BONDS

Request under the State Freedom of Information Act [FOIA] Title 5U.S.C. § 522

**Per *Ryder v. United States*, 115 S. Ct. 2031, 132 L. Ed .2d 136,515 U.S. 177, I am required to initiate a direct challenge to authority of anyone representing himself or herself as a government officer or agent prior to the finality of any proceeding in order to avoid implications of de facto officer doctrine. When challenged, those posing as government officers and agents are required to affirmatively prove whatever authority they claim and in the absence of proof, they may be held personally accountable for loss, injury and damages.**

*Requirements* concerning, filing oaths of office. In The event you do not have a personal surety bond, you may provide a Copy of your financial statement, which you are required to file annually. Your financial statement will be construed as a private treaty, surety, bond in the event that you exceed lawful authority.

*The constitutional oath of office is important enough that the first official act of Congress in 1789 set requirements for the oath in place. See I Stat. 23. The Constitution of the United States mandates a constitutional oath of office in Article VI, Clause 3. The requirement for civil commissions is in Article 11 § .2.Clause 2 of the Constitution.*
*Requirements for civil commissions were particularized in Marbury v. Madison , 5 U.S.137, 2 L. Ed. 60, 1 Cranch 137 (1803), and United, States v. Le Baron, 60 U .S. 73 (1856),*
*Requirements for surety bonds arise from common law doctrine and statutory law. See particularly, 26 USC § 6803. 7101. 7102 & 7485. 26 CRF §§ 301.7101-1 & 301.7102-1 and 31 USC § 9303.*
*Collateral issues other than the above requests intended to document your personal standing will be addressed separately from this request.You may provide the requested items within a reasonable period of twenty calendar days from receipt of this request. See the Administrative Procedures Act for deadlines. In the alternative, you may recuse yourself from this case so long as you provide written notice. In the event you do not formally recuse yourself, you may be considered a party to any past or subsequent adverse action. You may withdraw any and all claims, demands and/or encumbrances issued directly or indirectly within scope of your alleged administrative authority.*

Greetings: To Peter T. Dalleo Clerk of Court in regards to the Constitutional Violations, damaging of David L. TerMarsch. This is my first request for and all agent's oath and bonds. Of Clerk of Court and all agents, successors, deputies, and\or assigns of Respondent(s) use whatever means and resources necessary to allow this to happen in the matter of the **DEMAND ON OFFICIAL'S OATH QUALIFICATIONS AND BONDS,**

*Praecipe Demand for Oath, Qualifications and Bonds*

You are hereby respectfully ordered and commanded by the Great Writ of Praecipe to perform a lawful function that your office requires you to do and is simultaneously required by your **oath** to uphold the Constitution of the United States of America, the Constitution of the State of Delaware, which makes it a crime for a public official to be in dereliction of his duty and Interfering With Civil Rights. This may cause a vacancy of the office. You are hereby respectfully commanded to take immediate action in regards to this request. However, if I am mistaken please inform me as to what office in government would be most efficient in effectuating a remedy to the victim of this type of act. Please contact me upon receipt of this instrument in the event that I must also make official reports on your own existing forms to assure your performance in this matter.

This Praecipe is made as a prerequisite to filing a Writ of Mandamus to compel your performance in the event you fail to act in a manner prescribed by law. This Praecipe is an exhaustion of all statutory and administrative remedies prior to compelling your performance by an extraordinary writ. I only make this Praecipe in that the hope to have my God given right to enjoy and be able to better our lives, which I have been deprived of by Fraud and Deception.

If you, whoever you are, cannot produce these documents, please do not hesitate to let me know as soon as possible so that I can proceed with an action in Mandamus.

## DEMAND FOR CERTIFIED COPY OF OFFICIAL BONDS

Comes now David L. TerMarsch citizen of the United States of America, naturally born in the foreign State of Michigan, and domiciled within the territorial boundaries of the state of Florida, a flesh and blood person on the land. I David L. TerMarsch, as one of We the People, stand on The Declaration of Independence. I, David L. TerMarsch an innocent Petitioner, and has suffered damages merely because of the filing or serving of the above styled cause. I David L. TerMarsch command that Peter T. Dalleo Clerk of Court and all agents, involved in damaging me through **VIOLATIONS OF MY CONSTITUTIONAL PROTECTED RIGHTS**, to release to me, David L. TerMarsch copies of all bonds underwriting the Oaths and Duties of your office(s) and all the Oaths, Qualifications and Bonds of Officer's of all corporate people and public officials

1) Directors and officers of O'Melveny & Meyers LLP and attorneys connected with this case,
2) Directors, agents and officers of New Century Trs Holdings, Inc
3) Directors, agents and officers of New Century Mortgage
4) Directors, agents and officers of Deutsche Bank National Trust Company
5) Directors, agents and officers of HomEq Servicing Corporation
6) Directors, agents and attorneys of Lipson Neilson Cole Seltzer Garin P.C.
7) Directors, agents and attorneys of Evan & Lupak P.L.C.
8) Directors, agents and attorneys of Fabrizio & Brook, P.C. and attorneys
9) Sue L. Robinson Chief Judge
10) Joseph J. Farnan, Jr. Judge
11) Gregory M. Sleet, Judge
12) Mary Pat Thynge, Magistrate
13) Patrick J. Duggan, Judge District of Eastern Michigan
14) Paul J. Komives, Magistraste – District of Eastern Michigan
15) Marilyn Orem, Deputy Clerk – District of Eastern Michigan

*Preacipe Demand for Oath, Qualifications and Bonds*

as required by law and these shall be furnished for the last ten years. I David L. TerMarsch requesting all bonds to be certified.

THIS IS NOT A REFUSAL TO ASSIST Peter T. Dalleo Clerk of Court in his duties. Before I can assist in any VOID action especially in a action that would violate my rights protected by the United States Constitution and the Constitution of the State of Delaware, I would like to know that you have authority and Qualifications required by law so you can be held liable for your VOID action. There for unless and until I am provided with the requested information that I am legally entitled to you have no standing, nor jurisdiction to proceed and further in any action that would damage me and I can not participate in your activity.

As provided by Title 5 U.S.C. § 552, I will expect a reply within twenty (21) working days after your receipt of this request.

Again, If you cannot produce these documents, please do not hesitate to let me David L. TerMarsch know as soon as possible of the mistakes in regards to the disregard of my due process of law so that you can in good faith proceed in fixing the problem immediately. If I do not hear from you within 21 days I will have no choice other than to commence an action in Mandamus to compel you to do what the law requires each of you to do.

If these questions are not answered within 21 days this will be considered agreed by TACIT PROCURATION, by simply remaining silent all issues are deemed settled and you have no foundation for you actions. **ACQUIESCIENCE**

As required by law I' am not to participate in any criminal activity. Peter T. Dalleo Clerk of Court thru much study and concern I realize now if you move forward in any way to damage me or my family, I will have no other choice other than to file a RICO Action and make a criminal report against these types of activities and notice all necessary departments and parties of these types of activities.

Respectfully Submitted By: ___David L. TerMarsch___

David L. TerMarsch
*All Rights Reserved*

TITLE 10
Courts and Judicial Procedure
Organization, Powers, Jurisdiction and Operation of Courts

## CHAPTER 19. GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES

Subchapter I. Courts and Judges

### § 1906. Admission of attorneys.

There may be a competent number of persons, of an honest disposition and learned in the law, admitted by the Supreme Court of the State to practice as attorneys in the State. Attorneys, so admitted, shall behave themselves justly and faithfully in their practice; and if they misbehave themselves therein, they shall be subject to such disciplinary measures as the Supreme Court, in its discretion, may determine. Such attorneys may commence actions, prosecute and defend suits, draw writs, process and pleadings, and practice generally in all the courts of this State without further authority. (Code 1852, § 1922; Code 1915, § 3734; Code 1935, § 4284; 10 Del. C. 1953, § 1905; 60 Del. Laws, c. 182, § 1.)

### § 1907. Oath of attorneys-at-law.

Every attorney-at-law, upon admission to the Bar of this State, shall take and subscribe the following oath or affirmation:

"I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Delaware; that I will behave myself in the office of an attorney within the Court according to the best of my learning and ability and with all good fidelity, as well to the Court as to the client; that I will use no falsehood, nor delay any person's cause through lucre and malice." (Code 1852, § 438; Code 1915, § 378; Code 1935, § 347; 10 Del. C. 1953, § 1906; 60 Del. Laws, c. 182, § 1; 70 Del. Laws, c. 186, § 1.)

### § 1908. Temporary assignment of Judges to statutory courts.

(a) In case of need, the Chief Justice of the Supreme Court, or in case of the Chief Justice's absence from the State or incapacity, the Senior Associate Justice of the Supreme Court, present in the State and capable of acting, may designate one or more of the state judges, including the Justices of the Supreme Court and the Judges of the Superior Chancery and Common Pleas Court, to sit in any court of this State not created by the Constitution.

(b) The state judge designated pursuant to subsection (a) of this section shall serve as a judge of the court designated and shall hear and determine such causes in such court and for such period of time as shall be designated. (10 Del. C. 1953, § 1907; 56 Del. Laws, c. 271; 60 Del. Laws, c. 182, § 1; 70 Del. Laws, c. 186, § 1.)

*Praecipe Demand for Oath, Qualifications and Bonds*

### § 1909. Appointment of judges.

All judges of this State or any of its subdivisions shall be appointed by the Governor, by and with the consent of a majority of all members elected to the Senate, for such terms as shall be fixed by the Constitution or by state law. (74 Del. Laws, c. 263, § 1.)

## CHAPTER 19. GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES

### Subchapter VII. Court Commissioners

### § 1990. Definitions.

As used in this subchapter, unless a different meaning is clearly indicated by the context:

(1) "Commissioner" means a judicial officer of a particular court authorized to perform the judicial powers and duties of the court in issuing warrants in criminal cases and the fixing and approving of bail.

(2) "Court or courts" means such court or courts as established by the General Assembly in accordance with Article IV, § 1 (Judiciary) of the Constitution of this State.

(3) "Governing body" means the town council, city council, commissioners or other legislative body charged with governing the municipality, or Levy Court Commissioners, or other legislative body charged with governing the county. (10 Del. C. 1953, § 1976; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10.)

### § 1991. Appointment of commissioner or commissioners; term, vacancies and qualifications.

(a) The Governor shall appoint a commissioner or commissioners, only when so requested by the governing body, for a term of 4 years with the consent of a majority of all of the members elected to the Senate. Upon 2nd and subsequent appointments and confirmations, a commissioner shall hold office for a term of 6 years.

(b) Vacancies in office shall be filled for the unexpired term by the Governor with the consent of a majority of all of the members elected to the Senate.

(c) A commissioner must be a resident of the municipality or the county over which the court to which the commissioner is to be appointed has jurisdiction. (10 Del. C. 1953, § 1977; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10; 70 Del. Laws, c. 186, § 1; 74 Del. Laws, c. 165, § 4.)

### § 1992. Courts for which commissioners shall be appointed.

Provisions of this subchapter shall apply to all courts as established by the General Assembly in accordance with Article IV, § 1 (Judiciary) of the Constitution of this State. (10 Del. C. 1953, § 1978; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10.)

### § 1993. Powers of commissioners.

*Preacipe Demand for Oath, Qualifications and Bonds*

The commissioner or commissioners of the courts covered by the provisions of this subchapter shall have the power to issue warrants, or, upon the request of the prosecuting officer of a particular court or upon the request of the police, issue a summons for the arrest of persons for offenses alleged to have been committed against this State, or for any violation of an ordinance or legislative act of a municipality or county. In connection with the complaint made as to the commission of a criminal offense, the commissioner or commissioners are authorized to administer the oath of the person making the criminal complaint. All warrants shall bear the teste date of the chief judge or senior judge of the particular court involved in the issuance of the warrant.

A commissioner is further authorized to fix and approve bail, except for offenses in which the penalty may be death, in accordance with the laws of this State granting, fixing and approving bail bonds and recognizances. (10 Del. C. 1953, § 1976; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10.)

## § 1994. Court rules governing commissioners.

The Chief Justice of the State shall approve and promulgate rules governing the activities of the court commissioners which shall be prepared and submitted by the chief judge or senior judge of the court to be affected by said rules. (10 Del. C. 1953, § 1977; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10; 70 Del. Laws, c. 186, § 1.)

## § 1995. Salaries.

The governing body of the municipality or county in which the court has jurisdiction within the provisions of this subchapter, shall determine the amount of, and authorize the payment of, the annual salaries of the court commissioner or commissioners, as other salaries are paid by the governing body of a particular municipality or county. (10 Del. c. 1953, § 1978; 56 Del. Laws, c. 375; 66 Del. Laws, c. 185, § 10.)

TITLE 15

### § 2002. Appearance of registration officers for taking of oath and instruction.

Each person appointed under § 2001 of this title shall appear before the department to qualify by taking and subscribing to the prescribed oath (or affirmation) and to receive suitable instruction after due notice from the department, which shall be given at least 7 days before the times appointed for the appearance of the registration officers. No person shall be excused from the obligation unless that person shall have become disqualified by sickness, disability or otherwise. (67 Del. Laws, c. 354, § 19; 70 Del. Laws, c. 186, § 1.)

### § 2003. Oath of office for registration officers.

(a) Each person appointed under § 2001 of this title shall take and

*Preacipe Demand for Oath, Qualifications and Bonds*

subscribe before the department before beginning such person's duties the following oath (or affirmation):

I, _____, residing in _____ election district of the representative district in _____ county, do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the State of Delaware, and that I will faithfully discharge the duties of registration officer in _____ county, according to the best of my ability.

(b) Any board of elections member, administrative director, deputy administrative director or other authorized agent of the department may administer this oath (or affirmation). (67 Del. Laws, c. 354, § 19; 70 Del. Laws, c. 186, § 1.)

### § 2004. Certificate of appointment.

Each department shall deliver a certificate of appointment to whomsoever it shall appoint and who shall be sworn into office as a registration officer. Such certificate shall be in such form as shall be prescribed by the department and shall include the date of the expiration of such person's term of office. (67 Del. Laws, c. 354, § 19; 70 Del. Laws, c. 186, § 1.)

### § 2005. Request for a voter registration application.