**EXHIBIT B**

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416-KJC** |
| a Delaware corporation, et al.,[1] | : | |
| | : | |
| **Debtor.** | : | |

## AFFIDAVIT OF JOHN E. STONER

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) SS: |
| COUNTY OF IRVINE | ) |

JOHN E. STONER, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of California and am a partner of the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). Allen Matkins is a California limited partnership law firm with offices throughout California.

2. I submit this affidavit in support of the application (the "Application") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment of Allen Matkins as special finance counsel in the above-captioned case, in

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth.

3. To the extent that any information disclosed herein requires amendment or modification upon Allen Matkins' completion of further analysis or as additional creditor information becomes available to it, I will submit a supplemental affidavit to the Court.

4. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Allen Matkins intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, plus reimbursement of actual, necessary expenses and other charges incurred by Allen Matkins during its engagement.

5. The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

| NAME | TITLE | PRACTICE AREA | CURRENT HOURLY RATE |
|---|---|---|---|
| John E. Stoner | Partner | Corporate | $495 |
| Robert R. Barnes | Partner | Bankruptcy | $470 |
| Sherri Fraizer | Legal Assistant | Real Estate | $175 |
| Catherine Schiaffo | Legal Assistant | Bankruptcy | $85 |

6. The hourly rates set forth above are Allen Matkins' standard hourly rates for work of this nature. These rates are set at a level designed to compensate Allen Matkins fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The

-2-

hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. In particular, rate changes, if any, typically become effective July 1 of each year. Other attorneys and paralegals within Allen Matkins may from time to time serve the Debtors in connection with the matters described herein.

7. It is Allen Matkins' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and fax toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. In these jointly administered cases, Allen Matkins will charge the Debtors for expenses in accordance with the guidelines set forth in Local Bankruptcy Rule 2016-2.

8. In preparing this affidavit, Allen Matkins used a set of procedures established by the firm to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding employment of professionals by a debtor, trustee, or official committee under the Bankruptcy Code. In that regard, Allen Matkins requested and obtained from the Debtors a list of the names of entities who may be parties in interest in these cases, including, *inter alia*, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors, and parties holding equity interests in the Debtor (the "Potential Parties in Interest").

9. Allen Matkins maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Allen Matkins to make and maintain these records. The conflict system maintained by Allen Matkins is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has

been engaged, (iii) the identity of certain related parties (non-clients), (iv) the identity of adverse parties, and (v) the attorney at Allen Matkins that is knowledgeable about the matter. It is the policy of Allen Matkins that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Allen Matkins. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

10. Allen Matkins has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to these cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit 1 attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on Exhibit 2 attached hereto who have been represented by Allen Matkins within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of two percent (2%) of Allen Matkins' annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds four percent (4%) of Allen Matkins' annual fees billed. In any event, Allen Matkins will not represent any of the foregoing claimants or any party in interest in any facet of the Debtor's case.

11. I do not believe there is any connection or interest (as such terms are used in § 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Allen Matkins and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants or investment bankers who represent or

-5-

may represent claimants or other parties in interest in this case. In addition, as part of its practice, Allen Matkins appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. Allen Matkins has not and will not represent any such entities in relation to the Debtors and these cases, nor will Allen Matkins have any relationship with any such entities that would be adverse to the Debtors or the estates in the matters upon which Allen Matkins is to be employed.

12. Neither I, Allen Matkins, nor any partner or associate of Allen Matkins, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtor) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

13. Except as set forth herein, and based upon the information available to me, neither I, Allen Matkins, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which Allen Matkins is to be employed. Based upon the information available to me, I believe that Allen Matkins is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

14. No promises have been received by Allen Matkins, nor by any partner or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Allen Matkins has no agreement with any other entity to share with such entity any compensation received by Allen Matkins.

Dated: May 1, 2007

_____
JOHN E. STONER

SWORN TO AND SUBSCRIBED

before me this 1st day of May 2007

_____
Notary Public

My Commission Expires: March 15, 2009

LESLY ALANA GUNZ
Commission # 1859831
Notary Public - California
Orange County
My Comm. Expires Mar 15, 2009

## EXHIBIT 1 TO STONER AFFIDAVIT

<u>CURRENT CLIENTS/AFFILIATES</u>

Citigroup Global Markets Holdings, Inc.

Credit Suisse Securities (USA) LLC

Deutsche Bank Mortgage Capital, LLC

"GMAC Commercial." The Potential Parties in Interest include "GMAC Commercial Finance, LLC." The firm has done substantial work for GMAC Commercial Mortgage Corp., nka Capmark Finance, Inc., but as far as can be determined, the firm does not represent and has not represented "GMAC Commercial Finance, LLC."

Greenwich Capital Financial Products, Inc.

HSBC Bank USA, HSBC Bank Credit Corporation (USA), HSBC Realty Credit Corp. (USA)

I&G Stoneridge, Inc. (lessor)

Kilroy Realty Corp. (lessor)

Koll Company/KCI II 18400 Von Karman (lessor)

Robert Lambert

Legacy Partners/Sabre Springs (lessor)

Legacy Partners/Wateridge (lessor)

The Muller Company/2400 Dunlap (lessor)

Transwestern Koll Center, L.L.C. (lessor)

US Bank, NA

Washington Mutual Bank (FA) (lessor)

## EXHIBIT 2 TO STONER AFFIDAVIT

<u>FORMER CLIENTS/AFFILIATES (within the last five years)</u>

Credit Suisse First Boston Mortgage Capital, LLC

Countrywide Credit Industries, Inc.

Countrywide Home Loans, Inc.

Real-estate related affiliates of Goldman Sachs, in which Goldman Sachs may have had a direct or indirect interest, percentage unknown, including TrizecHahn Centers, Inc., WCB Properties, Westbrook Partners, LLC, and W9/Fig LLC.

Lehman Brothers Bank, FSB, aka Atlantic Bank & Trust Company, aka Capital Crossing Bank.

Real-estate related affiliates of Morgan Stanley & Company, Morgan Stanley Real Estate Funds, L.P., Morgan Stanley Real Estate Fund II, L.P., or Morgan Stanley Real Estate Fund, Inc., in which a Morgan Stanley entity may have had a direct or indirect interest, percentage unknown, including Christopher Homes Development Co., Gerald D. Hines Interests, Kearny Real Estate Company, Lennar Partners, Inc.

PricewaterhouseCoopers, LLP (lessee)

Skadden Arps Slate Meagher & Flom

Stergios "Terry" Theologides

Sterling Bank & Trust

UBS Asset Management

UBS Warburg (lessee)

UBS Wealth Management (lessor)