# EXHIBIT C

RLF1-3143645-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

## AFFIDAVIT OF THOMAS PRIORE

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) SS: | |
| COUNTY OF NEW YORK | ) | |

THOMAS PRIORE, being first duly sworn to oath, deposes and says:

1. I am the President and Chief Executive Officer of ICP Consulting LLC ("ICP"), proposed special asset valuation and liquidation advisors to New Century Financial Corporation, New Century TRS Holdings, Inc. and their direct and indirect subsidiaries the debtors and debtors in possession herein (the "Debtors").

2. I submit this affidavit in support of the application (the "Application") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment and retention of RL&F as their co-counsel in the above-captioned cases, in compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon ICP's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), ICP intends to apply for compensation for professional services rendered in connection with these chapter 11 cases (the "Chapter 11 Cases"), plus reimbursement of actual, necessary expenses and other charges incurred by ICP during the cases. The ICP engagement agreement contemplates a series of "benchmark" payments to be paid to ICP after the occurrence of certain events as set forth below:

    (a) $50,000 upon entry of an order granting the Application for work performed;

    (b) $100,000 upon completion of the servicing and origination platform auctions; and

    (c) $100,000 upon the completion of the auction of REIT (Real Estate Investment Trust) and non-REIT eligible residual securities held by the Debtors.

    3.    It is also ICP's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, normal travel, lodging, reasonable per diem, extraordinary and other out-of-pocket expenses. ICP will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to ICP's other clients or as previously fixed by this Court. ICP

believes that it is fairer to charge these expenses to the clients incurring them than to increase its rates and spread the expenses among all clients.

4. After the completion of each event, ICP will apply to the Court for payment of each "benchmark" payment amount along with any expenses incurred during the period preceding the "benchmark" event.

5. The Debtors have been advised that to have ICP employees record their time and activities as prescribed by Local Rule 2016(d) would be unduly burdensome and time-consuming. It is not the general practice of employees of ICP ("ICP Professionals") to keep detailed time records (i.e. increments of one-tenth of an hour (six minutes)) similar to those customarily kept by attorneys who are compensated through the Bankruptcy Court. Further, given the manner in which ICP proposes it be compensated, requiring ICP to comply with Local Rule 2016(d) seems unwarranted.

6. As such, the Debtors respectfully submit that a waiver of the requirements of Local Rule 2016(d) with respect to ICP is appropriate. Accordingly, to the extent necessary based on the foregoing, the Debtors respectfully seek a waiver of the information requirements set forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h).

7. Neither I, ICP, nor any employee of ICP, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

8. In preparing this affidavit, we used a set of procedures established by ICP to insure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by a debtor or official committee under the Bankruptcy

3

Code. In that regard, ICP requested and obtained from the Debtors a list[2] of the names of entities who may be parties in interest in these Chapter 11 Cases, including, <u>inter alia</u>, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest").

9. ICP maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of ICP to make and maintain these records. The conflict system maintained by ICP is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the employee at ICP that is knowledgeable about the matter. It is the policy of ICP that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by ICP. The scope of the system is a function of the completeness and accuracy of the information submitted by the employee opening a new matter.

10. Although ICP may in the future represent, in matters wholly unrelated to these cases, certain Potential Parties in Interest, ICP does not currently represent, and has not previously represented any Potential Parties in Interest. Further, ICP will not represent any of the foregoing claimants or any party in interest in any facet of the Debtors' cases.

11. I do not believe there is any connection or interest (as such terms are used in section 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between ICP and (i) the United States Trustee or any person employed by the Office of the United States Trustee

---

[2] This list is attached as Exhibit 1 hereto.

or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these cases. In addition, as part of its practice, ICP appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in these cases. ICP has not and will not represent any such entities in relation to the Debtors and these Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Debtors or their estates in the matters upon which ICP is to be employed.

12.    Except as set forth herein[3], and based upon the information available to me, neither I, ICP, nor any director or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which ICP is to be employed. Based upon the information available to me, I believe that ICP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

---

[3] ICP employees Aamer Abdullah and Michael Flynn were employed approximately eight (8) years ago by Credit Suisse First Boston Corporation ("CSFBC"), a subsidiary of Credit Suisse. Credit Suisse First Boston Mortgage Capital LLC ("CSFBMC"), a different subsidiary of Credit Suisse, is a potential Party in Interest in the Debtors' bankruptcy cases. While neither ICP nor the Debtors believe this presents a conflict of interest given CSFBC and CSFBMC are separate subsidiaries of Credit Suisse, the significant period of time that has passed since Mr. Abdullah and Mr. Flynn were employed by CSFBC and the fact that Mr. Abdullah and Mr. Flynn's actions will be directly supervised by Tom Priore, in an abundance of caution, ICP and Debtors are disclosing this information.

5

RLF1-3143645-1

11. No promises have been received by ICP, nor by any director or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. ICP has no agreement with any other entity to share with such entity any compensation received by ICP.

Dated: May 2, 2007
New York, New York

_____
Thomas Priore

SWORN TO AND SUBSCRIBED
before me this 2nd day of May 2007.

_____
Notary Public
My Commission Expires: 7/9/2007

BARBARA ANN WISLOSKY
Notary Public, State of New York
No. 01WI6061020
Qaulified in Queens County
Commission Expires July 9, 2007

6

**Error! Unknown document property name.**

# EXHIBIT 1

RLF1-3143645-1

**List of Potential Parties-in-Interest for New Century TRS Holdings, Inc., et al.**

**UCC-1 Parties**

Access Investments II, LLC
Ameritech Credit Corporation
Aspen Funding Corp
Bank Leumi Leasing Corporation
Bank of America, NA
Bank of the West
Barclays Bank, PLC
Carrington Mortgage Credit Fund I, LP
CDC Mortgage Capital Inc.
Charter One Vendor Finance LLC
CIT Communications Finance Corporation
Citigroup Global Markets Realty Corp.
Consultants Group Commercial Funding Corp.
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Capital LLC
DB Structured Products, Inc
Deutsche Bank Trust Company Americas
Federal National Mortgage Association
Galleon Capital Corp
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Financial LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Heineman, Dale Scott
IOS Capital
IXIS Real Estate Capital Inc
Johnson, Kurt F.
Mission Center Partners
Morgan Stanley Mortgage Capital Inc.
NC Capital Corporation
New Century Funding A
New Century Funding I
New Century Mortgage Securities Inc.
Newport Funding Group
PFE International Inc.
Ropes & Gray LLP
St. Andrew Funding Turst c/o New Century Mortgage
State Street Global Markets
Sterling Bank
The CIT Group/Equipment Financing

U.S. Bancorp Equipment Finance, Inc.
U.S. Bank National Association
UBS Real Estate Securities Inc.
United California Capital
Whitwood, Jason Allen

## 50 Largest Unsecured Creditors [1]

Adteractive
Affiliated Computer Services
Alaska Seaboard Partners Limited Partnership
Aspen Funding Corp.
Assurant Specialty Property Insurance
Aurora Loan Services
Bank of America, N.A.
Barclays Bank PLC
Carrington Securities, LP
Catarina Mortgage Services Inc.
ChoicePoint Precision Marketing
Citigroup Global Markets Realty Corp.
Countrywide
Credit Suisse First Boston Mortgage Capital LLC
Credit-Based Asset Servicing and Securitization LLC
DB Structured Products, Inc.
Deutsche Bank
EMC Mortgage Corporation
Fiserv CCS
Galleon Capital Corporation
Gemini Securitization Corp., LLC
General Electric Capital Corporation
GMAC Commercial Finance, LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
Guaranty Bank
Harbor Asset Management Services
HSBC Bank USA, N.A.
INDY MAC Bank, FSB
IXIS Real Estate Capital, Inc.
JP Morgan Chase Bank, NA
Lehman Brothers Bank FSB
Low.com
Lowermybills.com
Morgan Stanley Mortgage Capital Inc.

---

[1] Includes certain UCC-1 Parties

National Field Representatives
Newport Funding Corp.
Nextag
NOMURA Securities
Pricewaterhouse Coopers LLP
Residential Funding Corporation
SG Mortgage Finance Corp
Sheffield Receivables Corporation
Sprint
State Street Global Markets, LLC
Suntrust
System Source, Inc.
Tucson Funding LLC
UBS Real Estate Securities Inc.
Washington Mutual Bank, FA

### Largest Shareholders of New Century Financial Corporation[2]

Greenlight Capital LLC
David Einhorn
Morgan Stanley
Morgan Stanley Capital Services
Hotchkis and Wiley Capital Management LLC

### Directors and Senior Employees

Alexander, Marilyn A.
Bilotta, Frank
Bindra, Taj S.
Black, Harold A.
Cimino, Richard
Clifford, Leigh Ann
Cloyd, Kevin
Cole, Robert K
Dodge, Patti
Eckroth, Joseph
Fleig, David
Forster, Fredric J.
Garday, Louis
Gotschall, Edward
Haines, Eric
Jewett, Jennifer
Kenneally, David

---

[2] These individuals and entities directly or indirectly own more than 5% of the shares of New Century Financial Corporation.

3

RLF1-3143645-1

Lambert, Robert
Lange, Donald E.
Loewenthal, Marc
McCarthy, Monika L.
Meola, Anthony
Morrice, Brad A.
Sachs, Michael M.
Theologides, Stergios
Threadgill, Jonathan
Tortorelli, Joseph
Wolf, Colleen
Zalle, Paul
Zona, Richard A.

## Professionals

AlixPartners LLP (crisis managers)
Allen Matkins Leck Gamble Mallory & Natsis LLP (special financing counsel)
Heller Ehrman LLP (counsel to audit committee)
Lazard Freres & Co. LLC (investment banker)
O'Melveny & Myers LLP (debtors' counsel)
Richards Layton & Finger, P.A. (Delaware debtors' counsel)
Skadden, Arps, Slate, Meagher & Flom (special regulatory counsel)
Thatcher Proffit (special securitization counsel)
Xroads Case Management Services, LLC (claims and noticing agent)

## Debtors

New Century Financial Corporation, a Maryland corporation
New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation
New Century Mortgage Corporation, a California corporation
NC Capital Corporation, a California corporation
Home123 Corporation, a California corporation
New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation
NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership
NC Residual III Corporation, a Delaware corporation
NC Residual IV Corporation, a Delaware corporation
New Century R.E.O. Corp., a California corporation
New Century R.E.O. II Corp., a California corporation
New Century R.E.O. III Corp., a California corporation
New Century Mortgage Ventures, LLC, a Delaware corporation
NC Deltex, LLC, a Delaware corporation

4

5

NCORAL, L.P., a Delaware limited partnership

RLF1-3143645-1