IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____

In re:

NEW CENTURY TRS HOLDINGS, INC.,
a Delaware corporation, <u>et al.</u>,[1]

        Debtors.

_____

Chapter 11

Case No. 07-10416 (KJC)

Jointly Administered

**Hearing Date:**       May 7, 2007 at 10:00 a.m.
**Objection Deadline:** May 3, 2007 at 12:00 p.m.

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE EMERGENCY MOTION FOR AN ORDER DIRECTING THE UNITED
STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF PLAN
BENEFICIARIES PURSUANT TO 11 U.S.C. § 1102(a)(2) RE: DOCKET NO. 307**

      The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., *et al*. (the "Debtors"), by and through its co-counsel Hahn & Hessen LLP and Blank Rome LLP, hereby files this objection (the "Objection") to the Emergency Motion for an Order Directing the United States Trustee to Appoint an Official Committee of Plan Beneficiaries Pursuant to 11 U.S.C. § 1102(a)(2) (the "Motion"), and respectfully states as follows:

---

[1]     The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

877285.002 - 1246425.1
127340.01600/40168652v.1

## SUMMARY ARGUMENT

Given the facts and circumstances present in this case, the request of the beneficiaries (the "Movants" or "Beneficiaries") of the New Century Financial Corporation Supplemental Executive Retirement Savings Plan and New Century Financial Corporation Deferred Compensation Plan (collectively, the "Plan") for the appointment of an additional statutory committee is not well founded and should be denied. The Beneficiaries argue that they are not adequately represented by the members of the Committee alleging that their interests and those of the Committee members are vastly different. Movants further claim that on the "critical issue" of ownership and control of Plan assets, the interests of the [Committee] and the Beneficiaries will be directly adverse. (Motion, p. 2). These statements alone require the Court to deny the Motion. First, the interests of the Beneficiaries and the Committee members are directly aligned - they are all unsecured creditors entitled to the same treatment under a chapter 11 plan. The Debtors are liquidating their assets and accordingly all unsecured creditors, irrespective of the basis for their claims, are similarly situated with the same goal - to maximize distributions to unsecured creditors. Unquestionably, the official committee of unsecured creditors, as fiduciaries for all unsecured creditors, have that goal. Second, if in fact the Plan Beneficiaries seek to challenge the rabbi trust and attempt to prove that they have some priority rights to the trust funds, thereby being adverse to the interests of general unsecured creditors, then the Motion also must fail.

If the Beneficiaries believe they have a priority claim to the funds in the rabbi trust, funds which by law are property of the estate for the benefit of all creditors, they must pursue appropriate legal and procedural means to ask the Court to recognize their alleged interests. The appointment of a separate committee is not the answer. Nor does the Motion properly present

the dispute to the Court for adjudication.  The narrow issue the Court is asked to decide - indeed can decide - based on the Motion before it, is whether the grounds for the appointment of a separate committee are satisfied under 11 U.S.C. § 1102(a) <u>and</u> whether the Court should exercise its <u>discretion</u> to direct the appointment of an additional committee.

The mere fact that a group of creditors are similarly aligned and are adverse to the interests of general unsecured creditors is no reason to burden this estate with another layer of administrative expenses.  To the extent the Beneficiaries have a legitimate interest to protect in this case as unsecured creditors, the Committee is able to represent the interests of these creditors in this bankruptcy case without having to burden the estate with the appointment of another committee.  To the extent the Beneficiaries have a dispute against the Debtors' estate regarding their entitlement to the proceeds of the rabbi trust, they are free to litigate that dispute.  It is not appropriate to form an official committee to permit them to litigate this pecuniary dispute at the estates' expense.

## BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors commenced with this Court voluntary cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which Cases are being jointly administered pursuant to an order of the Court.  The Debtors are continuing their business and managing their affairs as debtors and debtors in possession.

2. On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors (the "Committee").  The Committee presently consists of the following members: Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche

Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., Maguire Properties – Park Place, LLC.

3. On April 9, 2007, the Committee selected Hahn & Hessen LLP and Blank Rome LLP to serve as co-counsel to the Committee.

4. On April 17, 2007, the U.S. Trustee filed a Motion for Appointment of a Chapter 11 Trustee or in the Alternative, an Examiner in these Cases. That motion is still pending.

5. On April 18, 2007, the Beneficiaries filed the Emergency Motion for an appointment of a Committee.

## DISCUSSION

**A.  Appointment of an Additional Committee is Discretionary and is not Warranted in this Case.**

6. The United States Trustee may appoint, within its discretion, an official committee of creditors or equity security holders pursuant to section 1102(a)(1) of the Bankruptcy Code. Unlike the appointment of an unsecured creditors' committee, which is mandatory in every Chapter 11 case, the appointment of additional committees should be the rare exception. In re Trans World Airlines, Inc., Case No. 92-115, 1992 Bankr. LEXIS 1344 at *6 (Bankr. D. Del. 1992) (noting that the appointment of a separate committee is considered an extraordinary remedy); In re Garden Ridge Corp., et al., Case No. 04-19324, 2005 Bankr. LEXIS 323 at *9 (Bankr. D. Del. 2005); In re Williams, 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002).

7. Although section 1102(a) of the Bankruptcy Code does not expressly set forth the factors to be considered in determining whether it is necessary to appoint additional committees, the courts have developed guidelines to determine whether such appointment is appropriate, based on the facts of each case. Among the factors that courts consider, and which weigh against the appointment of a Beneficiaries committee in the instant case, is the "affirmative showing of

"necessity" in order to assure "adequate representation" of all unsecured creditors." In re Trans World Airlines, Inc., 1992 Bankr. LEXIS 1344 at *5.  For the Beneficiaries to be "adequately represented" by the Committee as general unsecured creditors, it is not necessary for the Committee to be an "exact reflection" of all of the creditor constituents.  In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *11.  Instead, adequate representation is lacking only when conflicts prevent an official committee from upholding its fiduciary obligations to all general unsecured creditors, which is certainly not the case here.  Id. at *12.

8. The appointment of an additional committee under §1102 is inappropriate if it is for the sole protection of a particular interest of one type of general unsecured creditor.  In re Trans World Airlines, Inc., Case No. 92-115, 1992 Bankr. LEXIS 1344 at *6 (Bankr. D. Del. 1992); In re Enron Corp., 279 B.R. 71, 692(Bankr. S.D.N.Y. 2002); In re Hills Stores Co., 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992).  In fact, one of the primary functions of the Committee is to reconcile the diverse views of their various creditor constituents, so as to foster negotiation and compromise with the Debtors during the reorganization process.  In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *12;  In re Trans World Airlines, Inc., 1992 Bankr. LEXIS 1344 at *6. The Beneficiaries are not entitled to their own statutory committee merely because they believe that their interests are likely to be divergent from the other creditors in these cases.  In fact, the appointment of an additional committee in this case for a group of creditors whose unsecured claims are already adequately represented by the Committee, will only "intensify conflict" and create "further discord, litigation and delay" of the reorganization process.; In re Enron Corp., 279 B.R. at 688; In re Winn-Dixie Stores, Inc., 326 B.R. 853, 858 (Bankr. M.D. Fla. 2005).

9. Moreover, the appointment of a separate committee for the Beneficiaries in this case

based on the allegations that the Movants' interests are not being adequately represented is not supported by the facts. The Movants have been represented by Mr. Keach and his firm who have been quite diligent in protecting the interests of the Beneficiaries. Mr. Keach or a representative of the Beneficiaries was at the organizational meeting of creditors and sought membership on the Committee. When the Beneficiary was not chosen as a member of the Committee, Mr. Keach then immediately requested, in a letter to the Office of the United States Trustee, the appointment of a separate committee. When the United States Trustee did not immediately respond to this request, Mr. Keach filed the instant Motion, on behalf of Gregory Schroeder, Michelle Parker, Martin Warren, Steve Holland and Nabil Bawd *for themselves and all others similarly situated.* These actions clearly demonstrate that the interests of the Beneficiaries are being adequately represented in this case.

10. The driving force behind this Motion is not to have a separate committee appointed, but instead to insure that the estate pays all legal fees and expenses associated with the Beneficiaries' challenge to their classification as an unsecued creditor, and their entitlement to the proceeds of the rabbi trust. Movants allude to this fact in the Motion when they assert that "left to their own devices [the Beneficiaries] may not have sufficient financial means or incentive to ensure that their interests are adequately protected." Motion ¶11. This is not sufficient justification for the appointment of a separate committee. If this minimal threshold were all that was required for the appointment of a separate committee, every large retail chapter 11 case would require the appointment of a separate committee to represent the interests of the employees, landlords, utility companies and/or customers in addition to the traditional unsecured creditors' committee. Even if the Beneficiaries have a legitimate claim to the funds in the rabbi trust they should be compelled to litigate that dispute at their own expense. The Debtors' estates

should not be required to fund the litigation costs of each disparate group of creditors that has a unique claim against the estate. Of course the Beneficiaries are certainly free to seek reimbursement from the Debtors of any amounts paid to their professionals under section 503(b) of the Bankruptcy Code if they can demonstrate that they have made a substantial contribution in these bankruptcy cases, In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *14, or alternatively seek certification as a class and attempt to recover their legal fees through the class action process.

11. Further, the appointment of an additional committee will place an unecessary financial drain on the Debtors. In re Kalvar Microfilm, Inc., 195 B.R. 599, 601 (Bankr. D. Del. 1996). This Court previously has denied the appointment of a committee when it imposes an additional burden and unfair cost to the debtors' estates. Id.

12. Based on the factors set forth above, the appointment of a separate committee for the Beneficiaries in this case is not justified or warranted.

**B.    The Issue of Whether the Beneficiaries have Superior Rights to the Rabbi Trust is NOT before this Court**

13.    The Beneficiaries would like the Court to determine that they have rights to the funds in the rabbi trust that are superior to the rights of general unsecured creditors. However, a motion for the appointment of an additional committee does not put this issue before the Court for adjudication. The narrow issue raised by the Motion is whether the Court should exercise its discretion and appoint an additional committee of creditors if it finds such additional committee is necessary to assure adequate representation. The Court has two options - it may conclude that the official committee of unsecured creditors is sufficient or it may conclude that an additional committee, and the attendant additional burdens on the estate, are warranted.

14.    Before the Court should address the merits of the underlying claim of the

Beneficiaries to the funds in the rabbi trust, Movants must file an appropriate adversary proceeding, all parties in interest should have the opportunity to conduct discovery, and an evidentiary hearing should be conducted where all parties have an opportunity to present the factual basis to support their respective positions and the legal theories on which they rely.

15.     It is highly prejudicial to this estate to ask the Court to make a ruling on this very important legal and factual issue, on an emergency basis, through a motion to appoint a committee.  In fact, it is not even clear why this Motion is an emergency.  The Committee and the Debtors agreed that the funds in the rabbi trust would remain in a segregated account subject to further order of the Court.  (See Order, Dkt. No 466.)  There will be no harm or prejudice to the Movants to require that the underlying dispute be adjudicated in accordance with the procedural requirements of the Federal Rules of Bankruptcy Procedure.  Indeed, that is the only manner in which this dispute should proceed.

### C.     **On its Face, the Rabbi Trust is Property of the Estate Subject to the Claims of All General Unsecured Creditors**

16. The Committee submits that the merits of the dispute as to the Beneficiaries' rights to the Plan funds is not before this Court.  Nevertheless, and without prejudice to the Committee's right to brief this issue further after a full evidentiary hearing, the Committee submits that the Court cannot find on its face that the Plan funds are not subject to a rabbi trust.

17. Indeed the Beneficiaries themselves acknowledge that the funds in the Plan "were initially contributed to a trust the Debtors designated as a grantor or rabbi trust."   (Motion, § 6). A rabbi trust, by its terms, requires that the assets in the trust remain available to general unsecured creditors of the Debtor and that the participants do not have an ownership interest in the rabbi trust assets or any other specific assests of the Debtor.

18. The rabbi trust was established pursuant to the Plan and that certain New Century

Financial Corporation Supplemental Benefit and Deferred Compensation Trust Agreement (the "Trust Agreement").  It is well settled that participants in an unfunded deferred compensation plan who are recipients of a grantor trust established pursuant to that plan are considered unsecured creditors, who took the risks of being subject to the claims of general creditors for the benefits of favorable tax treatment under such a plan.  In re IT Group, Inc., 448 F. 3d  661, 669-70 (3d Cir. 2006);  see also Goodman v. Resolution Trust Corp., 7 F. 3d 1123, 1129 (4th Cir. 1993); Silicon Graphics, Inc. v. Merrill Lynch Trust Co. of California (In re Silicon Graphics, Inc.), Case No. 06-10977, 2007 Bankr. LEXIS 570 at *25 (Bankr. S.D.N.Y. 2007).  Though "a rabbi trust allows employees to defer their tax liability for deferred compensation until distribution, the Internal Revenue Code ("IRC") requires beneficiaries to hold only a limited interest in the trust assets prior to distribution.  Specifically, the IRC requires that all trust assets be property of the employer, and therefore subject to the claims of creditors of the employer."  In re WorldCom, Inc., Case No. 02-13533, 2007 Bankr. LEXIS 896 at *8 (Bankr. S.D.N.Y. March, 2007)(citations ommited).  Parties, like the Beneficiaries, who clearly are general unsecured creditors of the estate, with no greater rights to estate assets, are already adequately represented by the unsecured creditors' committee. See In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *11.  In re IT Group, Inc., 448 F.3d 661, 669-70 (3d Cir. 2006).  See Plan ¶ 15.9; see also In re IT Group, Inc., 448 F.3d 661, 669-70 (3d Cir. 2006) (holding that the debtor's deferred compensation plan for certain employees was an unfunded plan under ERISA and that certain trust assets pursuant to such plan are subject to the claims of the debtor's creditors in the event of insolvency).

19. The funds in the rabbi trust are property of the Debtors' estates, available for distribution to all of the Debtors' unsecured creditors, including the Plan Beneficiaries.  See Plan ¶15.9; In re IT Group, Inc., 448 F.3d at 669; In reWorldCom, 2007 Bankr. LEXIS 896 at *8-9

(stating that the employee's rights to the assets of a rabbi trust are subject to substantial limitations and as a result the receipient receives only the company's unsecured promise to pay benefits and has no rights against any assets other than the rights of general unsecured creditors)(citations omitted).  In fact, the Trust Agreement and the Plan clearly state that the "assets of the [t]rust shall at all times be subject to the claims of the general creditors of the [c]ompany under Federal and state law … [if the company becomes] [i]nsolvent." Trust Agreement ¶4.1.  Additionally, the Trust Agreement and the Plan provide that "nothing contained in the Plan shall give any Beneficiary the rights to assets that are greater than those of a general creditor of the company."  See Trust Agreement 14.12; and see Plan ¶15.9.  The enrollment package for these plans also sets forth that the trust established by the Debtors is a rabbi trust and as such its assets are subject to the claims of all creditors upon the bankruptcy of the Debtors.  This Circuit has already established that in the face of such unambiguous contractual intent, the assets of such plans are available for the benefit of the estates' creditors and the Beneficiaries constitute general unsecured creditors of the Debtors. In re IT Group, Inc., 448 F.3d at 670-71; see also Goodman v. Resolution Trust Corp., 7 F.3d 1123 (4th Cir. 1993) (holding that the assets of a grantor trust are subject to the claims of the company's general creditors).

**D.    The Beneficiaries Are Adequately Represented By The Committee**

20. Finally, the interests of the Beneficiaries in maximizing the value of the Debtors' assets for the benefit of creditors, are adequately represented by the sophisticated and varied creditor constituencies in the case. In re Winn-Dixie Stores, Inc., 326 B.R. at 858.  To the extent a Beneficiary committee is to be formed for the purpose of conducting an investigation of the assets of the Debtors' estate, including the rabbi trust, in order to maximize value, that task falls directly within the scope of duties the Committee is charged with fulfilling under 11 U.S.C.

§1103. Id.; In re Garden Ridge Corp., et al., 2005 Bankr. LEXIS 323 at *9. Here, the Committee is highly motivated to investigate and, if appropriate, pursue all potential claims because its creditor constituency would be the first beneficiary of any recoveries realized from such claims. See In re IT Group, Inc., 448 F.3d at 670-71; and see In re Enron Corp., 279 B.R. at 693. There is no allegation that the Committee is in any way conflicted or unable to fulfill its duties in this case. In re Enron Corp., 279 B.R. at 693. Consequently, any interest the Beneficiaries have in the rabbi trust or the other assets of the Debtors' estate is aligned with and will be adequately represented by the efforts of the Committee in pursuing such claims.

21. Since the Trust assets are clearly property of the estate, to which the Beneficiaries have no rights superior to those of any other general unsecured creditors, their interests are already adequately represented by the Committee. Goodman, 7 F.3d at 1129. In addition, to the extent they have an individual dispute, they are represented by diligent counsel and are not entitled to the appointment of a separate committee.

## **CONCLUSION**

22. Based on the foregoing, there is no legal basis to support or justify the appointment of a separate committee to represent the interests of the Beneficiaries. The Beneficiaries as unsecured creditors are entitled to the same rights in the rabbi trust and the Debtors' other assets as the general unsecured creditors of these estates, and are adequately represented by the Committee. If, however, the Beneficiaries have a unique claim and interest to the rabbi trust, they are free to litigate that dispute in an appropriate adversary proceeding with all parties in interest having an opportunity to partake in the process in accordance with the Federal Rules of Bankruptcy Procedure. There is no reason to burden this estate with the administrative expenses associated with an additional committee where the sole purpose of such committee is to advance the individual interests of the Beneficiaries to the detriment of all

unsecured creditors. The Bankruptcy Code does not support the appointment of an additional committee under these circumstances.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Beneficiaries' Motion and grant such other and further relief as is just and proper.

Dated: Wilmington, DE
May 3, 2007

                                    BLANK ROME LLP

                                    By:*/s/ Bonnie Glantz Fatell*
                                        Bonnie Glantz Fatell (DE No. 3809 )
                                        1201 Market Street, Suite 800
                                        Wilmington, Delaware  19801
                                        (302) 425-6400 - Telephone
                                        (302) 425-6464 - Facsimile

                                            - and -

                                        HAHN & HESSEN LLP
                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 478-7200 - Telephone
                                        (212) 478-7400 - Facsimile
                                        Attn:  Mark S. Indelicato
                                                 Mark T. Power

                                        Proposed Co-Counsel to the Official Committee
                                        of Unsecured Creditors of New Century TRS
                                        Holdings, Inc., *et al.*