# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| NEW CENTURY TRS HOLDINGS, : | Case No. 07-10416(KJC) |
| INC., a Delaware corporation, et al.,[1] : | |
| : | Jointly Administered |
| Debtors. : | |
| : | Hearing Date: 5/21/07 @ 10:00 a.m. |
| : | Objection Deadline: 5/14/07 @ 4:00 p.m. |

## MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR A PROCEDURE TO GRANT RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors") by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order (the "Order") in substantially the form attached hereto approving procedures to lift the automatic stay for certain foreclosure proceedings pursuant to sections 105(a) and 362 of Title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. sections 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 362 of the Bankruptcy Code.

## BACKGROUND

3. New Century Financial Corporation, a Maryland corporation ("NCF") and publicly owned real estate investment trust, is one of the largest specialty mortgage finance businesses in the United States. Through its subsidiaries and its primary holding company subsidiary, New Century TRS Holdings, Inc., a Delaware corporation ("New Century TRS" and together with NCF and the other debtor subsidiaries, the "Debtors"), NCF originates, purchases, sells, and services mortgage loans nationwide. NCF historically focused on "subprime" lending, or lending to individuals whose borrowing needs were generally not fulfilled by traditional financial institutions because they did not satisfy the credit, documentation or other underwriting standards prescribed by conventional mortgage lenders and loan buyers. In September 2005, NCF through some of its subsidiaries also began offering conventional mortgage loans, including: "Alt-A" mortgage loans, loans insured by the Federal Housing Administration ("FHA"), and loans guaranteed by the Veterans Administration ("VA"). During the fiscal year ending December 31, 2006, the Debtors originated or purchased approximately $60 billion of mortgage loans, most of which were sold in the secondary market. Since their inception, the Debtors have issued or enabled over $220 billion in loans. These loans have helped millions of homebuyers and homeowners across the nation access credit and realize the benefits of home

ownership, including many who might not otherwise have been able to do so.

4. On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

5. In the ordinary course of business, the Debtors originate and service loans to consumers throughout the United States. The borrowers or obligors of loans originated by the Debtors grant the applicable Debtor a security interest in the financed property. In some instances, the Debtors then sell the loans with a senior lien to a third party but retain a junior lien on the property. The Debtors' security interest is recorded in the name of the Debtor that originated the loan and an assignment may be recorded in the name of the new third party owner.

6. As a result of the substantial number of loans originated by the Debtors, the Debtors anticipate that they will be inundated with motions to lift the automatic stay, foreclosure notices and other actions by lenders with senior liens seeking to enforce their rights and interests in the mortgaged properties for without such relief the senior lenders would violate the automatic stay by foreclosing out the Debtors' junior liens. In fact, senior lienholders have already filed at least two motions to lift the automatic stay cases and the Debtors believe that substantially more will be forthcoming. The Debtors may also be named in bankruptcy proceedings, judicial foreclosure proceedings and non-judicial actions with respect to the mortgaged properties. The Debtors seek entry of an order establishing fair procedures to lift the automatic stay in certain circumstances without requiring the parties or the Court to get bogged down in numerous lift stay actions and at the same time protect the legitimate interests of the estates when there is a reasonable likelihood that the estates' junior liens have value.

**RELIEF REQUESTED**

7. By this motion, the Debtors respectfully request that the Court issue an order approving a procedure to modify the automatic stay to allow foreclosures of senior liens where the Debtors hold junior liens and the fee interest is not property of the estates.

8. Pursuant to section 541(a)(1) of the Bankruptcy Code, the Debtors' second liens are property of the estate and are protected by the automatic stay. See, e.g., In re March, 988 F.2d 498 (4th Cir. 1993) (Debtor's junior liens in real property were "clearly" property of the debtors' estate). For these foreclosure proceedings to take place, relief from the automatic stay is necessary. Because of the number of such proceedings, the Debtors propose the following procedures for obtaining relief from the automatic stay:

    a. Any party seeking to assert its rights with respect to a mortgage on property on which the Debtors hold a second lien must provide the Debtors and the Official Committee of Unsecured Creditors with written notice of the foreclosure, including the following information (the "Notice"):

        i. the status of the foreclosure action, including the location in which the action is pending and the date, time and location of any proposed foreclosure sale;

        ii. evidence regarding (a) the fair market value of the property, (b) the value of the senior lien, and (c) the position and value of any other known liens; and

        iii. all papers filed by such party with any court in connection with such proposed foreclosure action, including, without limitation, the applicable lawsuit and notice of foreclosure or similar documents, to fully apprise the

    Debtors of the pending foreclosure action.

b. The Notice must include payment to the Debtors' estates in the amount of $1,000.00 (the "Payment"). Checks should be made payable to "New Century Mortgage Company" and included in the Notice sent to counsel for the Debtors and the address below.

c. The Notice must be provided:

To the Debtors:

O'Melveny & Myers LLP
Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
275 Battery Street
San Francisco, California 94111
Fax: (415) 984-8701

To the Post-petition Senior Secured Lenders:

Kirkland & Ellis LLP
777 S. Figueroa St., Suite 3700
Los Angeles, CA 90017
Attn: Bennett L. Spiegel, Esq.
Shirley S. Cho, Esq.
Fax: (213) 680-8500

To the Official Committee of General Unsecured Creditors:

Hahn & Hessen LLP
Mark T. Power
Mark S. Indelicato
Jeffrey L. Schwartz
488 Madison Avenue
14th and 15th Floor
New York, New York 10022
Fax: (212) 478-7400

d. Upon receipt of the Notice, the Debtors shall send notice of receipt to the sender.

  9. If the Debtors in the ordinary course of their business do not reinstate the senior lien debt within 45 days after receipt of the Notice, the automatic stay will be lifted without further action of the Court.

10. These procedures will fairly balance the equities by allowing the Debtors a reasonable opportunity to assess whether reinstatement is economically appropriate to preserve a valuable second lien. The senior lien holder will be treated fairly by either receiving a prompt reinstatement of its debt or relief from the automatic stay without incurring the costs of adducing appraisal testimony or litigating these disputes which is likely to far exceed the $1,000 cost it must pay to get this treatment.

11. The Debtors believe that the relief requested herein will provide the most efficient and fair treatment for the numerous parties seeking relief as to the Debtors' lien positions. Additionally, the procedure will allow the Debtors and parties in interest to effectively protect any value attributable to these lien positions without significant cost to the estates. Accordingly, good and sufficient cause exists under sections 105(a) and 362 of the Bankruptcy Code for the Court to enter an order modifying the automatic stay and approving the procedures set forth herein. Similar procedures have been used in other cases. See, e.g., In re Empire Funding Corp., Case No. 00-11478 (FM) (Bankr. W.D. Tex. 2000) (order attached hereto as Exhibit A approving lift stay procedures); In re Conseco, Inc. et. al., Case No. 02 B 49672 (CD) (Bankr. N.D. Ill. E.D. 2003) (order attached hereto as Exhibit B approving lift stay procedures).

12. The Debtors will provide a copy of the Order granting this Motion to (i) senior lienholders and other third parties that file lift stay motions in respect of properties in which the Debtors hold a junior interest and (ii) those senior lienholders and third parties that make requests seeking to foreclose or otherwise impair or eliminate the Debtors' mortgage liens.

## NOTICE

13. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the

6

RLF1-3147121-1

District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; (3) the Official Committee of General Unsecured Creditors; and (4) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

14. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

15. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit C, granting the relief requested herein and such other further relief the Court deems just and proper.

Dated: May 3, 2007
       Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION