# EXHIBIT A

01/15/03  14:53 FAX 212 446 4900          KIRKLAND & ELLIS NY                                 ☒002

**ORIGINAL**
**FILED**
NOV 2 2000
U.S. BANKRUPTCY COU
BY _____ DEPU

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:                                                §
                                                      §
EMPIRE FUNDING CORP.,                                 §   CASE NO. 00-11478-FM-11
an Oklahoma corporation, d/b/a REAL                   §   (Chapter 11)
MONEY, d/b/a OKLAHOMA EMPIRE                          §
FUNDING CORP.,                                        §
                                                      §
     DEBTOR.                                          §

## AMENDED ORDER APPROVING LIFT STAY PROCEDURES FOR CHAPTER 7 CASES, CHAPTER 13 CASES AND STATE LAW FORECLOSURES

On August 7, 2000, this Court entered its Order Approving Lift Stay Procedures for Chapter 7 Cases, Chapter 13 Cases and State Law Foreclosures Which Empire Funding Corp. Holds an Interest (the "Lift Stay Procedure Order"). In their Joint Motion for Amended Order Approving Lift Stay Procedures for Chapter 7 Cases, Chapter 13 Cases and State Law Foreclosures (the "Motion"), Empire Funding Corp. ("Empire" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") have requested that the Court modify the Lift Stay Procedure Order to conserve the estate's resources. The requested modification is appropriate and in the best interest of the estate. The Court, having reviewed the record in these proceedings, hereby finds as follows: (i) good and sufficient notice of the relief requested in the Motion has been provided herein; (ii) the Debtor is a specialized consumer finance company, which, prior to filing bankruptcy, engaged in the business of originating, underwriting, purchasing, servicing, and selling consumer finance receivables which, to a large extent, are

676-1
FB

JAN 03 2003 16:34 FR CHOICEPOINT

01/15/03  14:53 FAX 212 446 4800          KIRKLAND & ELLIS NY                    ☒003

secured by second mortgages on residential real property; (iii) there are many cases pending in other bankruptcy courts in which Empire holds a property interest, or has been sued in an adversary proceeding for the avoidability of Empire's interest or noticed in state law foreclosure proceedings in which Empire holds a mortgage or has had its property interest eliminated through post-petition foreclosures of senior liens which could be voided by the Debtor; (iv) there are potentially a significant number of actions which might otherwise require each bankruptcy trustee or claimant to seek relief from the automatic stay from this Court to affect the Debtor's lien rights; (v) the submission of numerous motions for relief would be burdensome to this Court's calendar and docket and very cumbersome to individual borrowers; (vi) Debtor has been named in other bankruptcy proceedings seeking to determine the extent and validity of the liens and the value of the underlying property; (vii) in other judicial and non-judicial foreclosure proceedings, the Debtor has been notified that its interest may be eliminated through foreclosure of the senior liens; (viii) in certain instances post-petition foreclosures of senior liens have eliminated Debtor's interest and such post-petition foreclosures could be voided by the Debtor; and (ix) good and sufficient cause exists for granting the relief requested in the Motion as specifically provided herein. Therefore, this Court enters this Order to establish a procedure for lifting the automatic stay solely in those instances where the Debtor's lien has no value to the Debtor's estate. It is therefore,

ORDERED, ADJUDGED AND DECREED that

1.  Any party seeking to foreclose or otherwise affect any mortgages held by the Debtor must provide written documentation:

*Amended* ORDER APPROVING LIFT STAY PROCEDURES FOR PENDING
CHAPTER 7 CASES, CHAPTER 13 CASES AND STATE LAW
FORECLOSURES IN WHICH EMPIRE FUNDING HOLDS AN INTEREST - Page 2

JAN 03 2003 16:34 FR CHOICEPOINT

    a.    indicating the status of their bankruptcy, lawsuit or foreclosure action, including the location in which it is pending or the location of the post-petition foreclosure sale;

    b.    demonstrating that the equity in the property is such that the Debtor's lien is of no value to the Debtor's estate; and

    c.    pertinent documentation, such as the applicable motion to lift stay, chapter 13 plan, lawsuit, notice of foreclosure or similar documents to enable the Debtor to be apprised of the pending actions (collectively, "Written Documentation").

2.    The Written Documentation must be provided to Debtor's in-house counsel, Frank A. Musgrave, Empire Funding Corp., 9737 Great Hills Trail, Austin, Texas, 78759. Every third Friday, beginning on the 1st Friday after entry of this Order, the Debtor shall provide the Committee with a written summary outlining its analysis of the Written Documentation. The summary shall include the following information:

    a.    the name of the secured lender/creditor;

    b.    the name and address of the secured lender/creditor's counsel;

    c.    a description of the subject property;

    d.    the outstanding amount of the mortgage loan or other debt;

    e.    the fair market value of the subject property;

    f.    the estimated equity in the subject property; and

  g. the date the Debtor received the relevant Written Documentation.

3. The Debtor and/or the Committee shall have forty-five (45) days from the date the Debtor receives the Written Documentation to seek relief from this Court to prohibit the proposed exercise of the claimants' rights regarding the Debtor's lien. If no action is taken by the Debtor or the Committee, the automatic stay will automatically terminate on the forty-sixth (46th) day after Written Documentation is received as set forth above.

4. The automatic stay will remain in full force and effect as it relates to lawsuits or adversary proceedings naming the Debtor as a party or defendant (other than as indicated in this order) and in actions in which the Debtor may assert an affirmative claim or counterclaim.

5. This Order shall be effective as of May 15, 2000, the petition date in this case.

Signed this _____ day of _____, 2000.

_____
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

Russell L. Munsch, Esq.
Texas Bar No. 14671500
Joe Marshall, Esq.
Texas Bar No. 13031100
Mina A. Brees, Esq.
Texas Bar No. 0?947600
MUNSCH HARDT KOPF & HARR, P.C.
111 Congress Avenue, Suite 2010
Austin, Texas 78701
(512) 391-6100
(512) 391-6149 (Facsimile)

ATTORNEYS FOR THE
DEBTOR / DEBTOR-IN-POSSESSION

Amended ORDER APPROVING LIFT STAY PROCEDURES FOR PENDING
CHAPTER 7 CASES, CHAPTER 13 CASES AND STATE LAW
FORECLOSURES IN WHICH EMPIRE FUNDING HOLDS AN INTEREST - Page 4

JAN 03 2003 16:35 FR CHOICEPOINT