# EXHIBIT B

**EOD   JAN 2 9 2003**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco, Inc., et al.,[1] | ) | Case No. 02 B 49672 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Honorable Carol A. Doyle |
| | ) | |

### ORDER APPROVING LIFT STAY
### PROCEDURES FOR FORECLOSURE ACTIONS

Upon the motion (the "Motion")[2] of the CFC Debtors in the above-captioned chapter 11 cases seeking entry of an order, pursuant to sections 105(a) and 362 of Title 11 of the United States Code (the "Bankruptcy Code"), approving lift stay procedures for certain foreclosure actions on collateral by lenders who hold a senior lien on real property in which the CFC Debtors hold an interest; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the automatic stay will be deemed modified on the 31st day from receipt by the CFC Debtors of Written Documentation (as defined below), if the CFC Debtors do not file with this Court a notice objecting to such relief according to the following procedures:

    a.    Any party seeking to assert its rights with respect to a mortgage on a property on which there exists a CFC HE/HI lien must provide written documentation (collectively, "Written Documentation"):

---

[1] The Debtors are the following entities: Conseco, Inc., CIHC, Incorporated, CTIHC, Inc., Partners Health Group, Inc., Conseco Finance Corp. and Conseco Finance Servicing Corp.

[2] Capitalized terms used but not defined herein have the same meaning as in the Motion for Order Approving Lift Stay Procedures for Foreclosure Actions.

      i)     indicating the status of their foreclosure action, if any, including the location in which it is pending and the date, time and location of any proposed post-petition foreclosure sale; and

      ii)    regarding (a) the fair market value of the property, (b) the value of the senior lien, and (c) the position and value of any other known liens.

b. Written Documentation must be provided to:

> CFC Debtors' counsel
> Dryden J. Liddle, Esq.
> Kirkland & Ellis
> Citigroup Center
> 153 East 53rd Street
> New York, New York 10022
>
> Dominic Baglio and Shannon Schaefer
> Conseco Home Equity and Home Improvement Divisions
> 7360 S. Kyrene Road
> Tempe, AZ 85283
>
> Brian F. Corey, Esq.
> General Counsel
> Conseco Finance Corp.
> 1100 Landmark Towers
> 345 St. Peter Street
> Saint Paul, MN 55102
>
> Counsel to the Official CFC Unsecured Creditors' Committee
> Becker & Poliakoss, P.A.
> 3111 Sterling Road
> Fort Lauderdale, FL 33312-6566
> Attn: Ivan J. Reich

c. Upon receipt of the Written Documentation, the CFC Debtors shall send notice of receipt to sender.

d. The CFC Debtors shall have thirty (30) days from the date such Written Documentation is received to file an objection with this Court to prohibit the proposed exercise of the claimants' rights regarding the CFC Debtors' lien. If no objection is filed by the CFC Debtors, the automatic stay will automatically terminate on the thirty-first (31st) day after Written Documentation is received by the CFC Debtors; and it is further

ORDERED that if the CFC Debtors do not object to the proposed foreclosure within the 30 day period, the automatic stay shall be deemed vacated only as to the CFC Debtors in respect of the HE/HI liens; and it is further

ORDERED that this Order applies to all lift stay motions filed on or after January 15, 2003 against the CFC Debtors in respect of the HE/HI Liens; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising out of the Motion.

Chicago, Illinois

Dated: January 29, 2003

_____
The Honorable Carol A. Doyle
United States Bankruptcy Judge