IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, ) | |
| INC., et al., ) | Case No. 07-10416 (KJC) |
| a Delaware corporation ) | (Jointly Administered) |
| Debtor. ) | |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO APRIL 9, 2007**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtors and Debtors in possession (collectively, the "Debtors") hereby moves the Court for entry of an order under sections 328 and 1103 of the Bankruptcy Code, authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisor to the Committee. In support of this Application, the Committee respectfully states as follows:

### Introduction

1. On April 2, 2007 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors in possession.

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

1

## Background

3. The Debtors together with their direct and indirect subsidiaries is a nationwide mortgage banking company. The Debtors originate, purchase, sell, and service sub-prime mortgage loans.

4. Prior to the Petition Date, the Debtors funded the sub-prime mortgage loans it originated through lines of credit offered by certain financial institutions pursuant to Master Repurchase Agreements. The Debtors would use funds from these lines of credit, together with its own equity, to fund the newly originated loans.

5. The Debtors have reported that in the month leading to filing, they experienced a severe unexpected liquidity crisis brought on by increased Early Payment Defaults as well as an overall industry downturn.

6. Contemporaneously with its chapter 11 filing, the Debtors' Board of Directors concluded that an immediate sale of the Debtors' loan servicing business to Carrington Capital Management LLC and the sale of certain residential mortgage loans and residual interests in securitization trusts to Greenwich Capital Financial Products, Inc. would be in the best interest of the Debtors, their creditors and other constituents, and as such filed motions to sell the aforementioned assets.

7. On April 9, 2007 the Official Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee. The membership of the committee includes the following entities: (i) Credit-Based Asset Servicing and Securitization LLC, (ii) Residential Funding Company, LLC, (iii) Credit Suisse First Boston Mortgage Capital LLC, (iv) Deutsche Bank National Trust Co., (v) Wells Fargo Bank, N.A. as Indenture Trustee, (vi) Fidelity National Information Services, Inc., and (vii) Maguire Properties – Park Place, LLC. On the same day, the Committee appointed FTI as its financial advisor.

## Relief Requested

8. By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in this chapter 11 case, nunc pro tunc to April 9, 2007.

9. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

10. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

11. FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of this chapter 11 case, including but not limited to the following:

- Assistance and advice to the Committee with respect to the Debtors' disposition of assets including review of process, consultation on buyer candidates and assessment of bid procedures;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Assistance to the Committee in the review of financial related disclosures required by the

3

Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses required pursuant to the Debtors' Debtor in Possession ("DIP") financing including, but not limited to, assessment of borrowing base capacity and borrowing needs and preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance with a review of the Debtors' short-term cash management procedures;

- Assistance with a review of the Debtors' proposed key employee retention, incentive and other critical employee benefit programs;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan in this chapter 11 proceeding;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Litigation advisory services with respect to accounting and tax matters, along with expert witness testimony on case related issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### FTI's Eligibility for Employment

12. FTI has informed the Committee that, except as may be set forth in the Affidavit of Samuel E. Star (the "Star Affidavit"), it does not represent any other entity having an adverse interest in connection with this case, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

13. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

14. FTI has agreed not to share with any person or firm the compensation to be paid for

professional services rendered in connection with this case.

### Terms of Retention

15. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee. FTI seeks a fixed allowance for compensation of $150,000 per month for the first three months and $100,000 per month thereafter (the "Monthly Advisory Fee") and a Completion Fee of $650,000, plus reimbursement of actual and necessary expenses incurred by FTI. The Completion Fee will be considered earned and payable, subject to bankruptcy court approval, upon the earliest occurrence of the following: (a) the confirmation of a plan of reorganization or a plan of liquidation; (b) the sale or liquidation of all or substantially all of the Debtors' assets (whether in one transaction or multiple transactions); and (c) the conversion of the case to a case under Chapter 7 of Title 11 of the United States Code.

16. To the extent that FTI is requested to provide forensic and litigation consulting services, FTI will seek compensation for such services on an hourly basis, plus reimbursement of actual and necessary expenses. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be involved in these services are as follows:

| | |
|---|---|
| Senior Managing Directors | $525-700 |
| Directors / Managing Directors | $350-590 |
| Consultants/ Sr. Consultants | $215-420 |
| Administration / Paraprofessionals | $ 75-185 |

### Notice

17. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee, (iii) counsel to the DIP lenders and (iv) all parties that are filing notices of appearance. In light of the nature of the relief requested, the Committee submits that no further notice is required.

### No Prior Request

No prior Application for the relief requested herein has been made to this or any other Court. WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, as of April 9, 2007, and grant such further relief as is just and proper.

Executed May 4, 2007

Fidelity National Information Services, Inc. in its capacity as Co-Chairman of the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc.

By:_____
Michael J. Marino
601 Riverside Avenue
Jacksonville, FL 32204
Telephone: 904.854.5842
E-mail: mike.marino@fnf.com

Or
By:_____
Donald A. Workman
1050 Connecticut Avenue NW
Ste. 1100
Washington D.C. 20036
E-mail: dworkman@bakerlaw.com

Wells Fargo Bank, N.A. as Indenture Trustee in its capacity as Co-Chairman of the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc.

By:_____
Thomas M. Korsman
608 2nd Avenue South
Minneapolis, MN 55479
Telephone: 612.466.5890
E-mail: thomas.m.korsman@wellsfargo.com

No prior Application for the relief requested herein has been made to this or any other Court. WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, as of April 9, 2007, and grant such further relief as is just and proper.

Executed May 4, 2007

Fidelity National Information Services, Inc. in its capacity as Co-Chairman of the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc.

By:_____
Michael J. Marino
601 Riverside Avenue
Jacksonville, FL 32204
Telephone: 904.854.5842
E-mail: mike.marino@fnf.com

Wells Fargo Bank, N.A. in its capacity as Co-Chairman of the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc. *As Indenture Trustee,*

By:_____
Thomas M. Korsman
608 2nd Avenue South
Minneapolis, MN 55479
Telephone: 612.466.5890
E-mail: thomas.m.korsman@wellsfargo.com