IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NEW CENTURY TRS HOLDINGS, | ) |
| INC., et al., | ) Case No. 07-10416 (KJC) |
| a Delaware corporation | ) (Jointly Administered) |
| Debtor. | ) |

AFFIDAVIT IN SUPPORT OF THE APPLICATION
FOR AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS
FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

STATE OF NEW YORK    )
COUNTY OF NEW YORK   ) ss.

I, Samuel E. Star, being duly sworn, hereby deposes and says:

1.     I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "FTI"), a financial advisory services firm with numerous offices throughout the country. I submit this Affidavit on behalf of FTI (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") to New Century TRS Holdings, Inc., et al, the Debtors and Debtors-in-possession in the above-captioned chapter 11 case (collectively, the "Debtors"), for an order authorizing the employment and retention of FTI as financial advisor

under the terms and conditions set forth in the Application. Except as otherwise noted[1], I have personal knowledge of the matters set forth herein.

## Disinterestedness and Eligibility

2. In connection with the preparation of this Affidavit, FTI conducted a review of its contacts with the Debtors, its affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on Exhibit A to this Affidavit. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. A summary of such relationships that FTI identified during this process is set forth on Exhibit B to this Affidavit.

3. Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' case for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support and/or engineering and scientific investigation consulting services. To the best of my knowledge, no services have been provided to these parties in interest which are adverse to the rights of the Committee, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

---

[1] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

4. Prior to the Petition Date, FTI provided assistance to New Century Mortgage Corporation, a Debtor affiliate, in analyzing its marketing database for purposes of determining the class size in a potential lawsuit and measuring potential exposure in a California wage rules lawsuit in 2006. Both engagements were unrelated to the Debtors' bankruptcy cases and were terminated prior to the commencement of the Debtors' bankruptcy cases (work completed in July / August 2006). FTI incurred $176,532 in aggregate fees and expenses and received payments of $134,620 for services rendered in the aforementioned engagements. The remaining balance has been written off.

5. Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' case. It is my understanding that Kirkland & Ellis is engaged as counsel to Greenwich Capital Financial Products, Inc., CIT Group/Business Credit, Inc. and Citigroup Global Markets Realty Corp. in connection with these proceedings. Mr. George P. Stamas, a partner of Kirkland & Ellis, is currently a member of the Board of Directors of FTI. To the best of my knowledge, Mr. Stamas is in no way involved with the Kirkland & Ellis team in these proceedings, nor does Mr. Stamas have any professional involvement in this matter in any capacity. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtors. Based on our current knowledge of the

professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Committee herein in matters upon which FTI is to be employed, and none are in connection with this case.

5. FTI is not believed to be a "Creditor" of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

6. FTI has not reviewed the relationship that the members of the FTI engagement team may have against a comprehensive list of employees within the U.S. Trustee's office in this District, but will do so upon being provided with a list of such persons by the office of the U.S. Trustee.

7. As such, to the best of my knowledge, FTI does not represent any entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

8. It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

### Professional Compensation

9. Subject to Court approval and in accordance with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI

will seek payment for compensation on a fixed fee basis for its financial advisory services and on an hourly basis for its forensic and litigation consulting services, plus reimbursement of actual and necessary expenses incurred. FTI's fee structure and customary hourly rates, as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement, are outlined in the Application. The hourly rates are adjusted annually.

10. According to FTI's books and records, during the ninety day period prior to the Debtors' petition date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

11. To the best of my knowledge, a) no commitments have been made or received by FTI with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code and b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with this chapter 11 case.

Dated this 30th day of April 2007.

_____
Samuel E. Star

SUBSCRIBED AND SWORN TO BEFORE ME this 30th day of April 2007.

LINDA J. PEARSON
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PE6110512
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES MAY 24, 2008

_____
Notary Public

My Commission Expires:
May 24, 2008