## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC<br>) Chapter 11<br>) Jointly Administered<br>) Hearing Date:  May 30, 2007 |
| Debtors, | ) Response Date:  May 22, 2007 |

### MIDFIRST BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) AS TO 95 FAIRVIEW AVENUE, ROCHESTER, NY

NOW COMES MidFirst Bank, by and through its attorney Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

### CLAIM FOR RELIEF

2. MidFirst Bank is a corporation located at 999 NW Grand Avenue, Oklahoma City, Oklahoma, 73118.

3. On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

5. On or about August 2, 1996, non-filing borrower Darlene Marie Blake (hereinafter "Borrower") executed and delivered an indenture of mortgage in the principal sum of $75,500.00 unto Centerbank Mortgage Company.  Said mortgage created a lien upon

the property therein mentioned, 95 Fairview Avenue, Rochester, New York, 14619, all of which is of record in the Office of the Recorder of Deeds in Monroe County, State of New York.  First Union Mortgage Corporation, successor in interest to Centerbank Mortgage Company, subsequently executed an Assignment of Mortgage unto Mortgage Electronic Registration Systems, Inc.  Mortgage Electronic Registration Systems, Inc. subsequently executed an Assignment of Mortgage unto MidFirst Bank.  Copies of said mortgage and assignments are attached collectively hereto as Exhibit "A".

    6.    On or about October 29, 2003, New Century Financial Services, who is a Debtor in the within jointly administered case, obtained a Judgment in the amount of $1,734.40 against Borrower. A copy of said Judgment is attached hereto as Exhibit "B".

    7.    Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

    8.    At present, Borrower is contractually delinquent and a foreclosure proceeding is pending.

    9.    Movant's Broker Price Opinion, attached hereto as Exhibit "C", lists market value of the property as $57,000.00.  The payoff on the subject first mortgage is approximately $111,301.97 as of April 26, 2007.  There appears to be no equity in the Property.  In any event, any potential equity would not benefit the Debtors' Estate since the Debtors merely hold a Judgment against the Borrower.

10. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower.

WHEREFORE, MidFirst Bank hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause.

                    WHITTINGTON & AULGUR

By:  /s/ Kristi J. Doughty
     Robert T. Aulgur, Jr. (No. 165)
     Kristi J. Doughty (No. 3826)
     313 N. DuPont Hwy., Suite 110
     P.O. Box 617
     Odessa, DE  19730-1617
     (302) 378-1661
     Attorney for Movant

Date:  May 7, 2007