**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No.: 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 403 |
| | : | |
| | : | Objection Deadline: May 8, 2007 @ 4:00 p.m. |
| | : | Hearing Date: May 15, 2007 @ 1:30 p.m. |

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 ESTABLISHING PROCEDURES GOVERNING MISCELLANEOUS ASSET SALES**

General Electric Capital Corporation, by its undersigned counsel, hereby files this objection to the Motion for Order Pursuant to Bankruptcy Code Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales ("Motion"). For the reasons set forth below, the Debtors' Motion should be denied.

**I.    DISCUSSION**

Pursuant to, among other things, a Master Security Agreement dated as of February 18, 2004, as amended, and various recorded financing statements, General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GE's secured status arises out of certain loans GE extended to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Financial, New Century Mortgage and Home 123 Corporation. The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents. Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection. Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the assets that are pledged as collateral to GE or that are being leased by GE to any of the Debtors. The Motion and the relief sought therein fail to provide such protections to GE. Furthermore, the Motion is both procedurally and legally deficient for the various reasons set forth below. Accordingly, for these reasons and the reasons set forth below, the Motion should be denied.

The Motion is initially deficient because it fails to adequately describe the specific office furniture, equipment and other personal property which Debtors propose to sell as part of the asset sales described in the Motion (hereafter collectively referred to as the "Miscellaneous Assets"). See Bankruptcy Rule 2002(c)(2) (requiring that notices of proposed sale of property describe the property to be sold.) It is unclear, for example, whether the Miscellaneous Assets will include all assets of the Debtors which the Debtors are not planning to sell pursuant to the previously filed Loan Servicing and Loan Origination sale motions. If the term "Miscellaneous Assets is, indeed, meant to include all remaining assets of the Debtors, then the Debtors should be required to advise the creditors in this case to that effect so that lease creditors and lien

2

creditors will know that the Debtors plan on selling assets in which such creditors have an interest pursuant to the sales described in the Motion.

The Motion is also objectionable because it proposes sales without requiring that prior to the deadline for creditors to object to such sales, that there be an allocation of the proceeds from each sale to the assets sold. In short, secured creditors will be left following their receipt of the sale notices described in the Motion to guess how much their collateral will be sold for and how much they can expect to receive from each sale transaction. This Court should not and cannot permit the sale process to commence where the Debtors do not afford each of the secured creditors, prior to the deadline to object to each sale, specific and detailed information as to the dollar amount they will receive from the particular sale so that each such creditor can make its own determination prior to the deadline to object to the sale whether or not the proposed dollar amount to be remitted to it is fair and reasonable. See <u>Mission Iowa Wind Co. v. Enron Corp.</u>, 291 B.R.39 (S.D.N.Y. 2003) (Court requiring allocation hearing prior to closing of the sale); <u>see also</u>, matter of <u>WPRV-TV, Inc.</u>, 143 B.R. 315, 317 (D. Puerto Rico 1991), vacated on other grounds at 165 B.R. 1 (1992) (motion to sell provided for allocation of sale proceeds to secured creditor for its pieces of equipment collateral being sold). The failure of the Motion to ensure that this critical information is provided to creditors renders the Motion objectionable and the Motion, therefore, should be denied.

The Motion is also objectionable because the bidding procedures provided for therein effectively negate GE's credit bid rights under Section 363 (k) of the <u>Bankruptcy Code.</u> The bidding procedures proposed by the Debtors seemingly contemplate bids being made for all of the assets to be sold in each particular sale and do not provide a mechanism for secured creditors to bid on the specific assets against which they hold liens. By structuring the bidding procedures in this manner, GE is not allowed an effective way to exercise its credit bid rights. This is not permissible under Section 363 (k) of the <u>Bankruptcy Code</u> absent a showing of "good cause" which the Debtors have not made in their Motion. 11 U.S.C. § 363(k); <u>See also</u>, <u>Cohen</u>

v. KB Mezzanine Fund II, LP, et al (In re Submicron Systems Corp.), 432 F.3d 448, 459 (3d Cir. 2006) (permitting credit bid at full face value of secured claim over plan administrator's objection).

Finally, since GE does not consent to the Motion or the relief sought therein in their present form, the sale transactions proposed by the Debtors cannot pass muster under § 363(f) of the Bankruptcy Code and, therefore, the Motion should be denied. See In re WDH Howell, LLC, 298 B.R. 527, 534 (D.N.J. 2003) (where the lender objected to the sale, the court held that the debtor could not sell property for less than aggregate face value of the lender's secured claim); see also In re Kellstrom Industries, Inc., 282 B.R. 787, 793-94, FN. 5 (Bankr. D. Del. 2002) (even if the vendor's interest could be considered a "lien" for purposes of § 363(f)(3), the sale price was insufficient to cover the face value of the creditor claims).

## II.    CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Motion.

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware  19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation