**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| NEW CENTURY TRS HOLDINGS, INC., a | ) Case No. 07-10416 (KJC) |
| Delaware Corporation, et al.,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Re: Docket No. 172 |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF HENNIGAN, BENNETT & DORMAN LLP, AS LITIGATION COUNSEL TO THE DEBTORS NUNC PRO TUNC AS OF APRIL 6, 2007**

Upon review and consideration of the "Application For Order Pursuant To Section 327(e) Of The Bankruptcy Code Authorizing Employment Of Hennigan, Bennett & Dorman LLP, As Special Litigation Counsel To The Debtors *Nunc Pro Tunc* to April 6, 2007" [Docket No. 172] (the "Application") filed by New Century TRS Holdings, Inc., et al., the debtors and debtors in possession herein (the "Debtors"), seeking entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing and approving the employment and retention of Hennigan, Bennett & Dorman LLP ("HBD") as litigation counsel to the Debtors, consistent with the terms of the retainer agreement by and between the Debtors and HBD (the "Retainer Agreement"), substantially in the form annexed to the Application as Exhibit C; and upon consideration of the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited partnership.

Application and the Court being satisfied that HBD represents no interest adverse to the Debtors' estates and that the firm is a disinterested person, and that the employment of HBD is necessary and in the best interest of the Debtors and their estates; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefor; it is hereby

ORDERED that, in accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain HBD as litigation counsel upon the terms and conditions set forth in the Application and the Retainer Agreement except to the extent such terms and conditions are modified in this Order, effective as of April 6, 2007; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, HBD is authorized to represent the Debtors solely in connection with the following matters: **first**, the UBS Adversary Proceeding,[2] including the requests by UBS for a temporary restraining order and preliminary injunctive relief; **second**, the adversary proceeding commenced against certain of the Debtors by DB Structured Products, Inc., and currently pending before this Court as Adversary No. 07-51269 (KJC), including the requests for a temporary restraining order and preliminary injunctive relief; **third**, the adversary proceeding commenced against certain of the Debtors by Alaska Seaboard Partners Limited Partnership, and currently pending before this Court as Adversary No. 07-50962 (KJC), including the requests for a temporary restraining order and preliminary injunctive relief; and **finally**, in any other bankruptcy and/or commercial litigation matters in which the Debtors' general bankruptcy counsel employed under 11 U.S.C. § 327(a) will not be representing the Debtors due to actual or potential conflict of interest issues, said matters arising in this Court or in other courts; and it is further

---

[2] Initially capitalized terms not defined herein shall have the meaning ascribed to such terms in the Application.

ORDERED that, once every thirty days beginning on June 1, 2007, HBD shall file with this Court and serve on (i) the Official Committee of Unsecured Creditors and (ii) the United States Trustee a notice describing the particular matters on which HBD is representing the Debtors pursuant to this order; and it is further

ORDERED that, notwithstanding anything in the Application or Section C of the Retainer Agreement to the contrary, the Debtors are not waiving any objections to (i) present, undisclosed connections, which HBD has with an Interested Party; or (ii) connections which HBD may have with parties in interest that have not been disclosed and/or may arise in the future, and HBD remains obligated to disclose connections with parties in interest under Federal Rule of Bankruptcy Procedure 2014; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, approval of this Application does not constitute approval of a fee enhancement award to HBD, and HBD's rights to seek approval of a fee enhancement at the conclusion of its engagement are reserved; and it is further

ORDERED that HBD shall be compensated in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable orders issued by this Court.

Dated: Wilmington, Delaware
_____ May 7 _____, 2007

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE