**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| | : |
| Debtors. | : Re: Docket No. 274 |

**ORDER AUTHORIZING RETENTION OF PROFESSIONALS UTILIZED
IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO
SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion was sufficient under the circumstances and no other or further notice is required (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and in light of the Debtors'

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3147378-3

agreement to delete Gibson, Dunn & Crutcher, Howery, LLP and Baute & Tidus LLP, Wildman Harold, Gadere Wynn Sewell LLP, Haynes & Boone LLP, and Susman Godfrey LLP from Exhibit A to the Motion, and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. Pursuant to sections 327 and 328 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, but not directed, to employ the Ordinary Course Professionals, including, but not limited to, those listed on Exhibit A attached hereto, in the ordinary course of their business, effective as of the date of the commencement of the Debtors' chapter 11 cases for such Ordinary Course Professionals that are listed on Exhibit A hereto or such later date as noted below.

3. Within thirty days of (i) the date the professional commenced providing post-petition services to the Debtors or (ii) the date this Order is entered, whichever is later, each entity that is identified as an Ordinary Course Professional retained by the Debtors to provide postpetition services pursuant to this Order shall file a retention affidavit in the form attached hereto as Exhibit B hereto with the Court setting forth any connections which the Ordinary Course Professionals have with parties in interest (the "Retention Affidavit"). No payment to any such Ordinary Course Professional shall be made until such professional has filed a Retention Affidavit and the objection period described below has expired.

4. The Debtors shall serve all Retention Affidavits, via first-class mail, on (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich

Capital Financial Products, Inc. and The CIT Group/Business Credit, Inc., the Debtors' proposed post-petition senior secured lenders; (3) counsel to any official committees; and (4) all parties who have timely filed requests for notice under Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Notice Parties shall have twenty (20) days from the date of service of each Ordinary Course Professional Affidavit or such longer period to which the Debtors may consent (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional. Any objecting party shall serve the objection upon each of the Notice Parties and the Ordinary Course Professional on or before the Objection Deadline. If the objection cannot be consensually resolved within ten days of its receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled hearing date or such other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to the Ordinary Course Professional, the Debtors shall be authorized to employ and compensate such Ordinary Course Professional in accordance with this Order, effective as of a date that is not more than (i) in the case of entities that were listed on Exhibit A hereto, April 2, 2007 and (ii) in the case of entities that are listed on supplements to Exhibit A filed after the date this Order is entered, not more than thirty days earlier than the date the Affidavit was filed.

5. The Debtors may retain additional Ordinary Course Professionals from time to time during these cases as the need arises by filing a supplement to the attached Exhibit A which identifies a proposed Monthly Cap for such professional. Each Ordinary Course Professional listed on the supplement shall comply with the applicable provisions of this Order.

6. Upon (i) the passing of the Objection Deadline without the filing of an objection by a Notice Party or (ii) entry of an order authorizing the professional's employment,

the Debtors are authorized, but not directed, to pay compensation and reimburse expenses to each of the Ordinary Course Professionals in the customary manner in the full amount billed by each such professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), not to exceed the amounts identified on Exhibit A under the column titled "Monthly Cap" per month (the "Monthly Cap").

7. Payments to all Foreclosure Professionals authorized to be paid pursuant to this Order during the course of these chapter 11 cases shall not exceed $805,000.00 in the aggregate absent (i) written consent from the official committee of unsecured creditors (the "Creditors' Committee") to make such payments or (ii) an order of the Court authorizing the Debtors to make such payments.

8. Payments to any particular Ordinary Course Professional, other than the Foreclosure Professionals, pursuant to this Order during the course of these chapter 11 cases shall not exceed $150,000.00 in the aggregate absent (i) written consent from the Creditors' Committee to make such payments or (ii) an order of the court authorizing the Debtors to make such payments.

9. Any payments made in excess of the Monthly Cap shall be subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee and any order entered by the Court governing the payment of compensation and reimbursement of expenses in these chapter 11 cases.

10. The Debtors will provide notice to the Foreclosure Professionals as to the

sale of the underlying owned mortgage loans and the date that the Debtors' obligations to service the loans will cease and therefore the last date of their requested services for the Debtors' estates.

11. The rights of the Debtors, or the rights of any other party with standing, to seek a further order of this Court increasing or decreasing the Monthly Cap prospectively are hereby reserved.

12. Every ninety (90) days (commencing on the first day of the month following the 90th day after the entry of an order approving the relief requested herein), the Debtors will file a statement with the Court certifying the Debtors' compliance with the terms of the relief ordered herein, which statement shall include the following information: (i) the name of each Ordinary Course Professional and the aggregate amount paid as compensation for services rendered and as reimbursement of expenses incurred by each Ordinary Course Professional during the preceding 90 days and (ii) a list of any additional Ordinary Course Professionals that are retained or utilized after the Petition Date and who are not listed on Exhibit A hereto (the "Quarterly Statement").

13. Each Quarterly Statement shall be served, by first-class mail, on the Notice Parties.

14. Unless otherwise indicated in the relevant retention application, this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

15. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under 11 U.S.C. §365 or otherwise.

16. The terms of this Order shall be subject to any sale orders entered under section 363 of the Bankruptcy Code in these chapter 11 cases; provided, however, that if the

RLF1-3147378-3

Debtors seek to amend the procedures for employing and compensating Ordinary Course Professionals described in this Order, they must seek such relief by a motion limited to that purpose on proper notice.

17. The Court shall retain jurisdiction to enforce and implement the terms of this Order.

Dated: May ___, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3147378-3