**IN THE UNITED STATES BANKRUPTCY**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY HOLDINGS, INC, *et al.*, | : | Case No. 07- 10416(KJC) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: May 15, 2007 at 1:30 p.m.** |
| | : | **Objection Deadline: May 8, 2007** |

**JOINDER OF NEW YORK STATE TEACHERS'
RETIREMENT SYSTEM TO MOTION OF THE UNITED
STATES TRUSTEE FOR AN ORDER DIRECTING THE APPOINTMENT
OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR AN EXAMINER**

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest seeking appointment as the Lead Plaintiff in a shareholder securities class action currently entitled *Gold v. Morrice, et al*, Case No. 07-cv-00931-DDP-JTL, pending in the United States District Court for the Central District of California, and filed on behalf of the putative class of investors who purchased securities of New Century Financial Corp. ("NCFC"), one of the debtors herein, submits this response (the "Response") in support of the Motion Of The United States Trustee For An Order Directing The Appointment Of A Chapter 11 Trustee Or, In The Alternative, An Examiner (the "Motion") and states the following:

**BACKGROUND**

1.      On April 2, 2007 (the "Petition Date"), NCFC  and some of its affiliated entities (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  The cases are being jointly administered.

2.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.       On or about April 19, 2007, the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors.

4.       On or about April 17, 2007, the UST filed the Motion for an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) or, in the alternative, for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(2).

5.       In support of the Motion, the UST alleges that there were certain accounting and financial statement irregularities in NCFC's books and records and misstatements about the financial condition of NCFC during the reign of or control by essentially all of NCFC's current management, *see* Motion, at 8, and that NCFC's directors and officers failed to fulfill their fiduciary duties. *Id.*, at 9.

6.       For the reasons set forth in the Motion, NYSTRS joins in the request for relief that an Order be entered appointing a chapter 11 trustee.

## **JOINDER**

7.       While the UST correctly argues that cause exists for the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) (and establishes such cause), to the extent the Court finds otherwise, the language of 11 U.S.C. § 1104(a)(1), mandating the appointment of a trustee, is not exclusive.  Rather, courts have considerable discretion, based on the specific facts and circumstances of each case, to find other grounds that justify the appointment of a chapter 11 trustee.  *See In re Marvel Entm't Group, Inc.,* 140 F.3d 463, 473 (3d Cir. 1998); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3d Cir. 1989); *Comm. of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 242 (4th Cir. 1987).  In addition to dishonesty, incompetence and gross management (all of which appear to exist in this case), cause may be established by the (i) materiality of the misconduct of the debtor's management, (ii) evenhandedness or lack of

same in dealings with insiders or affiliated entities vis-à-vis other creditors, (iii) existence of pre-petition voidable preferences or fraudulent transfers, (iv) unwillingness or inability of management to pursue estate causes of action, (v) conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor, and (vi) self-dealing by management or waste or squandering of corporate assets.  *See In re Marvel Entm't Group, Inc.,* 140 F.3d at 472-473; *In re Sharon Steel Corp.,* 871 F.2d at 1228; *In re Intercat*, 247 B.R. at 920-21.

8.    Although courts generally favor allowing a debtor to remain in possession of its estate, *In re Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000), there must be some assurance that the debtor will carry out the fiduciary responsibilities of a trustee.  *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 169 (Bankr. S.D.N.Y. 1990) ("a debtor-in-possession must act as a 'fiduciary of his creditors' to 'protect and conserve property in its possession for the benefit of creditors,' and to refrain [ ] from acting in a manner which could damage the estate ..." (*citing In re Sharon Steel Corp.*, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1985)).  Where, as here, it appears that a debtor has no hope of fulfilling its fiduciary responsibilities to its creditors, "the stewardship of the reorganization effort must be turned over to an independent trustee."  *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989) (debtor's pre-petition actions represented calculated and calibrated effort in contemplation of the Chapter 11 filing to place debtor's operations beyond the reach of creditors and constituted sufficient "cause" for the appointment of a Chapter 11 trustee).

9.    It is axiomatic that a debtor-in-possession is a fiduciary, whose duties, like those of a trustee, extend to creditors.  *Commodity Futures Trading Comm. v. Weintraub*, 471 U.S. 343, 354-355, 852 L. Ed. 2d 372 (1985); *see also  Savino Oil & Heating Co.*, 99 B.R. at 525

(concept to leave a debtor-in-possession premised on belief that current management will carry out the fiduciary responsibilities of a trustee); *In re J.T.T. Corp.*, 958 F.2d 602, 604 (4th Cir. 1992). Hence, "cause may exist pursuant to § 1104(a)(1) for the appointment of a trustee when the debtor in possession breaches this duty." *NBD Park Ridge Bank v. SRJ Enterprises, Inc. (In re SRJ Enterprises, Inc.)*, 151 B.R. 189, 194-195 (Bankr. N.D. Ill. 1993).

## CONCLUSION

10.    Based upon all of the foregoing, NYSTRS joins in the UST's Motion[1] and respectfully requests that an Order be entered appointing a chapter 11 trustee, and granting such other and further relief as the Court deems just and proper.


Dated: May 8, 2007                              **CROSS & SIMON LLC**


By:   /s/ Christopher P. Simon
        Christopher P. Simon (Bar No. 3967)
        913 North Market St., 11th Floor
        Wilmington, Delaware 19899-1380
        302.777.4200 (Telephone)
        302.777.4224 (Facsimile)

        **LOWENSTEIN SANDLER PC**
        Michael S. Etkin, Esq. (ME 0570)
        Ira M. Levee, Esq. (IL 9958)
        65 Livingston Avenue
        Roseland, New Jersey  07068
        973.597.2500 (Telephone)
        973.597.2400 (Facsimile)

        *Bankruptcy Counsel to NYSTRS*

---

[1]    NYSTRS believes that sufficient cause has been established to justify the appointment of a chapter 11 trustee, but acknowledges that the UST has requested, in the alternative, the appointment of an examiner. NYSTRS supports the alternative relief *only* if the Court finds that cause for the appointment of a chapter 11 trustee does note exist.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald, Esq.
Noam Mandel, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554-1444 (Facsimile)

Blair A. Nicholas, Esq.
Matthew Silben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Counsel for NYSTRS and proposed Lead Counsel for the Class*