UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | STAY MOTION |
| ) | Bk. No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC. a ) | |
| SERVICES, INC., <u>et al.</u>, ) | |
| ) | Ref. No.: |
| Debtors. ) | |
| ) | CHAPTER 11 |
| ) | |
| REGIONS BANK d/b/a REGIONS MORTGAGE ) | |
| its assignees and/or successors in interest, ) | MOTION FOR ORDER GRANTING |
| ) | RELIEF FROM AUTOMATIC STAY |
| Movant, ) | |
| ) | |
| and ) | |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC., & ) | |
| NEW CENTURY MORTGAGE ) | **Objections:  May 22, 2007** |
| CORPORATION, ) | **Hearing: May 30, 2007, 2:30 p.m.** |
| ) | |
| Respondents. ) | |

Secured Properties:   **5621 Lake Mary Jess  Shore Ct., Orlando, FL  32839 &**
                                  **7390 Woodland Creek Lane, Fort Worth, FL  33467**

Regions Bank, d/b/a Regions Mortgage, its assignees and/or successors in interest ("Secured Creditor" herein) alleges as follows:

    1. That on or about April 2, 2007, the above named Debtors filed its Chapter 11 Petitions in Bankruptcy with this Court. The cases have been consolidated under Case No.: 07-10416 (KJC).

    2. Secured Creditor is the current payee of mortgages which are in the first secured position with regard to the above described real estate.  The underlying loans are in default and the movant has commenced foreclosure proceedings.

    3. On information and belief, debtor New Century Mortgage Corporation holds junior liens with regard to the above described real estate.

4. Abstracts as to the junior and senior liens and the real estate are attached as Exhibits A & B.

5. The Automatic Stay generated by the Bankruptcy Petition of New Century Mortgage Corporation, and its subordinate lien on the properties, are impediments to Movant's foreclosure proceedings on the subject properties.

6. Secured Creditor has elected to initiate foreclosure proceedings on the properties with respect to the subject Mortgage; however, Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7. This Secured Creditor is informed and believes, and based upon such information and belief, alleges that absent this Court's Order allowing this Secured Creditor to proceed with the pending foreclosure, Secured Creditor's security will be significantly jeopardized and/or destroyed.

8. On information and belief, the debtors' junior mortgages are in the process of being sold as part of this bankruptcy and may in the near future cease to be property of the estate. However, record title may not be promptly updated, therefore Orders terminating the Stay will remain necessary even after the sale is consummated.

9. Based upon the foregoing, Secured Creditor alleges that there appears to be no equity with respect to said properties, that Secured Creditor is not adequately protected, that the subject Properties are not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Secured Creditor in the foreclosure of Secured Creditor's interest. Secured Creditor urges that this Court issue an Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the properties, including necessary action to obtain possession of the properties.

10. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 362(d).

WHEREFORE, Secured Creditor prays judgment as follows:

       1.)  For an Order granting relief from the Automatic Stay as to each property, permitting this Secured Creditor to move ahead with foreclosure proceedings under Secured Creditor's Mortgages, and to sell the subject properties under the terms of said Mortgage, including necessary action to obtain possession of the properties.

       2.)  For such Order regarding adequate protection of Secured Creditor's interests as this Court deems proper.

       3.)  For attorneys' fees and costs of suit incurred herein.

       4.)  For an Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

       5.)  For such other relief as this Court deems appropriate.

Dated: 5/9/07                       By: /s/ Richard D. Becker
                                      RICHARD D. BECKER, ESQUIRE (#2203)
                                   Becker & Becker, P.A.
                                   2702 Capitol Trail
                                   Newark, DE  19711
                                   (302) 654-5374
                                   rickbecker@comcast.net