# EXHIBIT "C"

1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In the matter of                    )
                                    )
SA TELECOMMUNICATIONS, INC.,        )
et al.,                             )    Case Nos. 97-2395
                                    )    through 97-2401(PJW)
            Debtors.                )


                        U.S. Bankruptcy Court
                        Sixth Floor
                        824 Market Street
                        Wilmington, Delaware


                        Friday, March 27, 1998
                        1:00 p.m.


BEFORE: HONORABLE PETER J. WALSH
         United States Bankruptcy Judge


WILCOX & FETZER
1330 King Street - Wilmington Delaware  19801
(302) 655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters

81

1  major creditors are going to disagree with it.  And so

2  the examiner's report would simply serve as perhaps a

3  convenient and concise statement of what the parties

4  will be litigating over and it's not going to solve

5  anything.  I think an examiner's report is an

6  invitation to litigation and we already have that.

7          Fourth, I take a different approach from

8  the U.S. Trustee's position.  He claims we need

9  someone independent who will look at the facts without

10  any bias and report accordingly.  My view is the best

11  way to develop facts is in an adversary proceeding and

12  that's what we do all the time in this Court.  And so

13  I think it's probably equally effective, if not more

14  effective, to have the fighting parties look at the

15  facts and take their positions, and if we're lucky it

16  will result in a settlement.  If not, we will be back

17  here and pick up where we would leave off today.

18          So for those reasons I don't think that

19  appointing an examiner would be in the best interests

20  of these proceedings, certainly not in the best

21  interests of the creditors.  And parties have observed

22  and it went without saying that this has been an

23  acrimonious four months since the case was filed.  And

24  to pile on an examiner shackled by a limited budget

82

1  and time frame I just think would be a waste.

2          Finally, this is not the beginning of

3  this case, it's the end of the case.  And we're

4  looking at $44 million chasing a million and a half.

5  And I think it's time the parties realistically looked

6  at this nominal dividend that they are going to get

7  and reach an agreement that is going to settle it

8  without further debate about consolidation or

9  intercompany claims, because if we get to those issues

10  and we have hearings on the merits, the million and a

11  half is going to be spent in a matter of weeks.

12          In addition to the reasons I've already

13  given, in my view this is the wrong time and the wrong

14  case for the appointment of an examiner.  So I'll deny

15  that motion.

16          MR. ASTIN:  Your Honor, to clarify Your

17  Honor's ruling, is Your Honor ruling as to

18  1104(c)(2)?  You mentioned best interests of the

19  creditors under (c)(1).  Our request for relief was

20  pursuant to (c)(2), (c)(1) in the alternative.

          THE COURT:  My view is that (c)(2) is

not mandatory and for the same reasons I've already

given I'll deny the relief to the extent it is

premised on (c)(2).

WILCOX & FETZER LTD.
Registered Professional Reporters

1          MR. ASTIN:   Thank you, Your Honor.

2          MR. GWYNNE:   With respect to the two

3    motions being continued, motion to appoint trustee an

4    the motion for reconsideration on consolidation of th

5    schedules, we are going to continue them to some time

6    after the settlement period which would end on May

7    11?

8          MR. DeNATALE:   What we would ask is if

9    your chambers could give us a date, say, 40 days out

10   for a settlement conference with the Court, kind of

11   report back on the results of this process and maybe

12   we will carry those motions to that date -- until

13   after the settlement, 50 days out maybe for the

14   motions that Mr. Gwynne wants to adjourn over and

15   maybe 40 days out for settlement conference with Your

16   Honor, if that's possible.

17          May 11th is the end of the settlement

18   period I'm told.

19          THE COURT:   So the first date you are

20   looking for is --

21          MR. DeNATALE:   Would be a few days

22   before the 11th, if that's available.

23          THE COURT:   How about 4:00 on the 7th?

24          MR. DeNATALE:   That would be fine.



WILCOX & FETZER LTD.
Registered Professional Reporters

FILED UNDER SEAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
:
In re:                                             :    Chapter 11
:
ACANDS, INC.,                                      :    Case No. 02-12687 (RJN)
:
                        Debtor.                    :    Re: D. I. Nos. 73, 213 and 214
:
---------------------------------------------------x
:

## ORDER

Upon consideration of Travelers Casualty and Surety Company's motion for the appointment of an examiner, pursuant to 11 U.S.C. §§ 1104(c) and 105(a) (the "Motion"), appropriate notice having been provided to parties in interest, and good cause appearing therefore, it is hereby

ORDERED that the Motion is granted in part only, for the reasons set forth on the record at the hearing on November 18, 2002; it is further

ORDERED that the United States Trustee, after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person to serve as examiner in this case; it is further

ORDERED that the examiner is not to perform any task or take up any duty or in any way perform any work or incur cost to the estate without further order of the Court.

SO ORDERED.

Dated: __12/19__, 2002

Hon. Randall J. Newsome
United States Bankruptcy Judge

324639

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          .        Chapter 11
                                .
ACandS, Inc,                    .
                                .
          Debtor.               .        Bankruptcy #02-12687 (RJN)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Wilmington, DE
November 18, 2002
10:05 a.m.

TRANSCRIPT OF TRIAL
BEFORE THE HONORABLE RANDALL J. NEWSOME
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                     Laura Davis Jones, Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801

                                Alan J. Kornfeld, Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801

                                Beth Levine, Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801



1  Indeed, the Committee represents all Unsecured Creditors in

2  this case.  The unsecured general trade debt is nominal, and

3  as the Court has noted no separate Committee has been

4  appointed.  To appoint an Examiner with the broad powers that

5  Traveler's seeks would be to reward Traveler's in a way that

6  neither the plain language of the Code or its intent require,

7  and allow Traveler's to use this statute to manipulate the

8  process to further its goal to delay if not defeat its own day

9  of reckoning.  Thank you.

10          MR. OSTRAGER:  Sixty seconds, Your Honor?

11          THE COURT:  No.  We'll stand in recess for a few

12  minutes.

13      (Recess)

14          THE CLERK:  All rise.

15          THE COURT:  All right.  I'm prepared to rule on the

16  matter before me.  This Chapter 11 case is before the Court

17  pursuant to a Motion to Appoint an Examiner filed by

18  Traveler's Casualty & Insurance Company pursuant to Section

19  1104(C) of the Bankruptcy Code.  That statute states in

20  pertinent part as follows.  "If the Court does not order the

21  appointment of a Trustee under this Section, then at any time

22  before the confirmation of a plan, and on request of a Party-

23  In-Interest or the United States Trustee, and after notice and

24  a hearing, the Court shall order the appointment of an

25  Examiner to conduct such an investigation of the Debtor as is

1  appropriate, including an investigation of any allegations of

2  fraud, dishonesty, et cetera and so forth."

3  　　The facts before the Court are as follows.  A number of

4  transactions have been discussed by way of testimony here

5  today that raise red flags under the avoiding powers of the

6  Trustee, Sections 544 through 550.  Those transactions,

7  however, have been investigated first by forensic accountant

8  hired by the pre-petition Committee in this case to

9  investigate IREX and presumably the SPI spin, as well as the

10  2001 sale to Lancaster Acquisition of ACandS, or the ACandS

11  assets.  The transactions have been investigated quite

12  obviously by Traveler's in quite extensive detail.  They've

13  taken depositions.  They've taken depositions in the course of

14  this proceeding as well.  The Traveler's now asks that another

15  investigation take place, even though they have said that the

16  evidence is irrefutable that certain transactions that

17  occurred were either fraudulent transfers and/or preferences.

18  An Examiner investigating these transactions would almost

19  certainly need the assistance of an attorney, and probably the

20  assistance of an accountant if not a financial advisor and an

21  accountant.  In the meantime, the Creditors' Committee in this

22  case has taken the quite clear position that they intend to

23  investigate these transactions as well, thus making

24  potentially four different investigations on the very same

25  sets of transactions.  This would appear to the Court to be

1   utter and complete waste of money as well as time, and

2   completely contrary to the best interest, as far as I can

3   tell, of the Creditor community as a whole who do not, other

4   than Traveler's, support this motion, as well as a waste of

5   the Debtor's meager assets.

6       The statute, as the In Re:  Revco DSE case at 898 F. 2nd.

7   498, 6th Circuit (1990) does require where there is more than

8   $5,000,000 of debt the appointment of an Examiner.  To that

9   extent the motion is granted.  However, it is further ordered

10  that the Examiner appointed by the U.S. Trustee is not to

11  perform any task or take up any duty or in any way perform any

12  work without further order of the Court.  That order is to

13  ensure that the Committee is allowed to proceed with its

14  investigation, that the coverage action where the real stakes

15  in this case lie is permitted to proceed, and that those

16  matters be completed before putting yet another cop on the

17  beat in this case.  So if the U.S. Trustee can find someone to

18  accept the appointment under those circumstances, I will sign

19  an Order.  But only under those circumstances.  That does in

20  fact appoint an Examiner.  That's my disposition of this.

21  Anybody have any questions?

22          MR. PERCH:  Yes, Your Honor.

23          THE COURT:  Okay, Mr. Perch.

24          MR. PERCH:  Good afternoon, Your Honor.  Frank Perch

25  for the United States Trustee.  Your Honor, the U.S. Trustee

1    is required in the statute to appoint an Examiner if the Court

2    directs one to be appointed.  And we will, of course, consult

3    with all of the interested parties who wish to provide input

4    regarding the appointment of the Examiner, as the statute

5    requires.  I would like to inquire of the Court, because it

6    may be of assistance to the U.S. Trustee in this process,

7    whether with respect to the Court's ruling that the Examiner

8    is not permitted to perform any further duties until further

9    order of the Court, would the Court entertain a petition from

10   the Examiner who is appointed seeking leave to be authorized

11   to perform such tasks?  Or would the Court only hear from

12   other parties with respect to authorizing the Examiner to do

13   something?

14          THE COURT:  I would be most -- especially now, at

15   this point, I -- when I say they're not authorized to do

16   anything, I mean anything other than get appointed.  That's

17   all that this person is going to do.  It is as though they

18   were just like the old days of having a stand-by Chapter 11

19   Trustee under old XI.  This will be a stand-by Examiner who

20   will not begin to function until the Court orders him to.

21   There is not going to be one penny of fees that is spent by

22   this Examiner of any kind.  So does that answer your question?

23          MR. PERCH:  I understand the Court's position, Your

24   Honor.  Yes, thank you.

25          THE COURT:  And I don't anticipate that the Examiner

133

1  take an active role in this until such time as the passage of

2  time has occurred to allow an investigation by the Committee

3  to go forward, as well as Traveler's who frankly is

4  represented by this Creditors' Committee is free to pursue its

5  own investigation, as I think it's entitled to do under

6  applicable rules, and to cooperate with the Committee in their

7  investigation.  Until that has occurred, the Examiner may make

8  a motion to proceed, but it's not likely to be granted.

9         MR. PERCH:  Thank you, Your Honor.

10        THE COURT:  Now, is there anything further to come

11 before the Court today?

12        MS. JONES:  No, Sir, there is not.

13        THE COURT:  All right.  Let's see if I've forgotten

14 any housekeeping items of my own.  I probably have but they're

15 probably not very important either way.  We'll stand adjourned

16 today.

17     (Court adjourned)

18

19              CERTIFICATION
   I certify that the foregoing is a correct transcript from the
20 electronic sound recording of the proceedings in the above-
   entitled matter.

21

22 ~~Lewis Paul~~                    11-26-02
   Signature of Transcriber         Date

23

24

25

*Writer's Cramp, Inc.*
*Certified Court Transcribers*
*732-329-0191*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re                                                    Chapter 11

CITYSCAPE FINANCIAL CORP.,                    Case Nos. 98 B 22569 (ASH)
and CITYSCAPE CORP.,                                    and 98 B 22570 (ASH)

                        Debtors.
---------------------------------------------------------X

                ORDER APPROVING APPOINTMENT
                _____ OF EXAMINER _____

        Based upon the Order Pursuant To Section 1104(c) Of The Bankruptcy Code Directing

The Appointment Of An Examiner signed by the Court on October 20, 1998 (the "October 20

Order"), which directed the United States Trustee to appoint an examiner in this case and the

application of the United States Trustee dated October 21, 1998 for the approval of the

appointment of Harrison J. Goldin, Esq. as examiner in this case, it is hereby

        ORDERED, that the appointment of the Harrison J. Goldin as examiner in this case is

approved, subject to the submission of an affidavit of disinterestedness by Harrison J. Goldin no

later than October 26, 1998, and it is further

        ORDERED, that the scope of the examiner's powers shall be governed by the October 20

Order.

Dated: White Plains, New York
        October 22, 1998


                                        /s/ Adlai S. Hardin, Jr.
                                        HONORABLE ADLAI S. HARDIN, JR.
                                        BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
CITYSCAPE FINANCIAL CORP.,  :        Case Nos. 98-B-22569 (ASH)
and CITYSCAPE CORP.,                  :                and 98-B-22570 (ASH)
                                                :                Jointly Administered
                        Debtors.            :
-------------------------------------------------------x

## ORDER PURSUANT TO SECTION 1104(c)
## OF THE BANKRUPTCY CODE DIRECTING
## THE APPOINTMENT OF AN EXAMINER

Upon the motion dated October 6, 1998 (the "Motion"),[1] of Elliott Associates,

L.P. and Westgate International, L.P. for entry of an order, pursuant to section 1104(c) of the

Bankruptcy Code, directing the appointment of an examiner; and notice of the Motion having

been served in accordance with this Court's Order to Show Cause Why The Motion of Elliott

Associates, L.P. and Westgate International, L.P. For An Order, Pursuant to Section 1104(c) of

the Bankruptcy Code, Directing the Appointment of An Examiner And For Deferral Of

Consideration Of The Debtors' Disclosure Statement And Plan Of Reorganization As A Result

Thereof Should Not Be Granted, dated October 7, 1998 (the "Scheduling Order"); and it

appearing that no other or further notice is required; and the Court having received and reviewed

the five (5) responses and objections to the Motion (collectively, the "Objections") and the Reply

of Elliott Associates, L.P. and Westgate International, L.P. To Objections To Their Motion For

An Order Directing The Appointment Of An Examiner, dated October 15, 1988; and a hearing to

consider the Motion and the relief requested therein having been held before the Court on

---

[1]      Unless otherwise defined herein, any capitalized term used herein shall have the meaning
        ascribed to such term in the Motion.

October 15, 1998 (the "Hearing"); and based upon the record of the Hearing, including, without limitation, the fact that the Debtors' fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000 and based upon a holding by the Court that under the circumstances, the granting of relief is mandatory; and after due deliberation and good and sufficient cause appearing therefor, it is

ORDERED that the Motion be, and it hereby is, granted pursuant to Bankruptcy Code section 1104(c)(2) and each of the Objections be, and it hereby is, overruled; and it is further

ORDERED that, pursuant to section 1104(c)(2) of the Bankruptcy Code, the United States Trustee for the Southern District of New York (the "U.S. Trustee") is hereby directed to appoint an examiner forthwith having the duties and powers hereinafter set forth (the "Examiner"); and it is further

ORDERED that, pursuant to section 1104(d) of the Bankruptcy Code, after consultation with parties in interest, the U.S. Trustee shall appoint, subject to the Court's approval, a disinterested person as the Examiner, and it is further

ORDERED that the Debtors shall promptly file with this Court and serve upon (i) the parties served with the Motion pursuant to the Scheduling Order, (ii) the Debtors' twenty largest unsecured creditors and (iii) any other party in interest which has requested in writing that it be served with notice of all pleadings and other papers filed in these chapter 11 cases, notice of the person selected to serve as the Examiner and such person's acceptance of such appointment; and it is further

ORDERED that the Examiner shall conduct a preliminary investigation and

examine:

(a)    whether the facts relating to the Debtors' restatements of their
financial statements and write-downs of assets for the period beginning with the quarter
ended June 30, 1996 may give rise to potential claims of the Debtors' Estates against any
of the Individual Defendants (or any other of the Debtors' current and former officers and
directors) and/or the Debtors' financial advisors and other professionals (a "Potential
Claim");

(b)    the results of any investigations with regard to the restatements of
the Debtors' financial statements and write-downs of assets performed by the Debtors, any
special committee of the Debtors' boards of directors or any independent third-party;

(c)    the extent to which, if at all, any person who may be liable on a
Potential Claim and who is being released under the Plan is contributing to the Plan;

(d)    the facts and circumstances with respect to alleged short sales of
the Debtors' common stock during 1997 and 1998 by the Individual Defendants (or any
other of the Debtors' current and former officers and directors) and/or the Debtors'
financial advisors and other professionals;

(e)    the extent to which the proceeds of insurance policies of the
Debtors' that might cover a Potential Claim are being used to fund payments under the
Plan; and

(f)    the extent to which the proceeds of insurance policies of the
Debtors might be available to satisfy Potential Claims; and it is further

ORDERED that the Examiner shall (i) complete its investigation and prepare a

written report (the "Examiner Report") and (ii) file the Examiner Report with the Court, with two

copies to Chambers, and serve copies of same upon the Debtors, the Elliott Entities, counsel to

the Unofficial Senior Noteholders' Committee, counsel to the Unofficial Subordinated

Debentureholders' Committee and the Securities and Exchange Commission so as to be received

by 5:00 p.m. (New York City Time) on November 9, 1998; provided, however, that the

Examiner, for material cause shown, may request an extension of such deadline from the Court, as

it deems appropriate under the circumstances, having in mind the importance for the Debtors'

chapter 11 cases avoiding delay in the scheduled confirmation date, if possible; and, <u>provided,</u> <u>further,</u> that any party in interest may oppose such requested extension and request that an immediate hearing be held before the Court with respect to such extension request; and it is further

ORDERED that the Examiner's budget for performing the foregoing investigation and the filing of the Examiner Report, including, without limitation, any professionals retained by the Examiner or any experts hired by the Examiner, shall not exceed $100,000 without prior approval of the Court; and it is further

ORDERED that the Debtors, and any other party from whom the Examiner requests information, and all professionals engaged by the foregoing parties, are each directed to cooperate in all respects with the Examiner in its review and investigation and each of them, upon request by the Examiner, shall promptly furnish the Examiner with all work product, accountants' work papers, including, without limitation, reports and analyses, whether preliminary or final, together with all documents, data, and information obtained or used by each of them in relation to, or in review and investigation of, the items contained in the scope of the Examiner's investigation described in the decretal paragraph above; and it is further

ORDERED that, to the extent that any party or entity fails to comply with the terms and conditions of the immediately preceding decretal paragraph, the Examiner shall have the right to compel compliance with its informal or formal discovery requests in accordance with the Federal Rules of Civil Procedure; and it is further

ORDERED that nothing in this Order shall be deemed to limit the Debtors' rights, powers and duties of a debtor in possession as provided in section 1107 of the Bankruptcy Code; and it is further

ORDERED that the Examiner's appointment shall be effective immediately upon (i) approval of the Examiner by the Court and (ii) acceptance by the Examiner of his/her appointment, and such appointment shall continue only until the November 13, 1998 hearing on Confirmation, unless the Court should extend such appointment beyond that date.

Dated: White Plains, New York
      October 20, 1998

               /s/ Adlai S. Hardin, Jr._____
               UNITED STATES BANKRUPTCY JUDGE