**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, *et al.,* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## OBJECTION OF SPEEDPAY, INC. TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT AND PROPOSED CURE AMOUNT

Speedpay, Inc. ("Speedpay"), respectfully submits this objection (the "Objection") to the Notice of New Century's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of its Servicing Business and the Fixing of Cure Costs Associated Therewith (the "Assumption Notice") served upon Speedpay by New Century Mortgage Corporation ("New Century") and its affiliated debtors and debtors in possession (collectively, the "Debtors") on or about April 24, 2007.  In support of its Objection, Speedpay states as follows:

1.      On October 20, 2002, Speedpay and New Century entered into that certain Speedpay Utilization and Licensing Agreement (the "Agreement").

2.      On April 2, 2007 (the "Petition Date"), the Debtors initiated the above-captioned cases by filing voluntary petitions under chapter 11 of the United States Bankruptcy Code.

3.      Both before and after the Petition Date, in compliance with the Agreement, Speedpay has provided New Century with comprehensive software-based payment-processing services that allow customers to pay New Century through a variety of alternate payment mechanisms.  As set forth in the Agreement, in exchange for those services, Speedpay is entitled to:    (i) payment of a fee per transaction processed; and (ii) reimbursement for telecommunications charges incurred by Speedpay in connection with the services rendered to New Century.

4.      On April 24, 2007, the Debtors served the Assumption Notice on Speedpay, stating the Debtors' intent to assume and assign the Agreement.  As set forth in Attachment A to the Assumption Notice, the Debtors propose to assume and assign the Agreement without paying any cure amount to Speedpay.

5.      The Debtors failed to pay amounts due to Speedpay under the Agreement prior to the Petition Date.  Under 11 U.S.C. § 365(b)(1)(A), the Debtors may not assume and assign the Agreement unless they also cure those payment defaults.

6.      Contrary to the Debtors' assertion, the following amounts remain due and/or past due from New Century to Speedpay under the Agreement:

| Invoice No. | Invoice Date | Description | Invoice Amount |
|---|---|---|---|
| ECG352234 | 1/25/07 | December 2006 Telecommunications Charges | $3,391.83 |
| ECG352837 | 2/6/07 | January 2007 Transaction Fees | $14,378.00 |
| ECG355052 | 2/26/07 | January 2007 Telecommunications Charges | $3,526.55 |
| ECG356129 | 3/6/07 | February 2007 Transaction Fees | $12,972.40 |
| ECG358289 | 3/29/07 | February 2007 Telecommunications Charges | $3,151.94 |
| ECG359092 | 4/4/07 | March 2007 Transaction Fees | $12,544.00 |
| ECG361454 | 4/26/07 | March 2007 Telecommunications Charges | $3,057.28 |
| **TOTAL** | | | $53,022.00[1] |

7.      In addition, following the Debtors' bankruptcy filing, Speedpay has continued to perform its obligations under the Agreement and additional transaction fees and

---

[1] At this time, it is unclear whether additional amounts are due and will not be paid by the Debtors for April 1 and 2, 2007.

telecommunications charges have continued to accrue.  These amounts have been or will be invoiced in the ordinary course of business.

8.    Although Speedpay does not contest the Debtors' right to assume and assign the Agreement, Speedpay objects to the assumption and assignment of the Agreement in the absence of payment of all amounts owed to Speedpay under the Agreement, including, but not limited to the $53,022 in prepetition charges detailed above.

9.    Speedpay reserves the right to amend this Objection to the extent Speedpay determines that any other or additional amount is due under the Agreement.

WHEREFORE, Speedpay, Inc. respectfully requests that this Court enter an order: (i) finding the Debtors' cure obligation with respect to the Agreement is not less than $53,022; (ii) conditioning the Debtor's assumption of the Agreement upon the payment of all amounts due under the Agreement; and (iii) granting such further relief as this Court deems just.

Dated:  May 10, 2007

Respectfully submitted,

SPEEDPAY, INC.

By:    */s/ Joseph D. Frank*
        One of its attorneys

Joseph D. Frank (IL ARDC No. 6216085)
Jeremy C. Kleinman (IL ARDC No. 6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
(312) 276-1400 – telephone
(312) 276-0035 – facsimile
jfrank@fgllp.com; jkleinman@fgllp.com

## CERTIFICATE OF SERVICE

I, Joseph D. Frank, an attorney, hereby certify that on **May 10, 2007**, a true and correct copy of the foregoing **Objection of Speedpay, Inc. to Debtors' Assumption and Assignment of Contract and Proposed Cure Amount** was filed electronically.  Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, a copy was served this day upon the parties named below via overnight mail:

<div style="display:flex; justify-content:space-between;">
<div>

**VIA OVERNIGHT MAIL**
O'Melveny & Myers LLP
Attn: Suzzane S. Uhland, Esq. and Brophy
Christensen, Esq.
275 Battery Street
Suite 2600
San Francisco, CA 94111

</div>
<div>

**VIA OVERNIGHT MAIL**
O'Melveny & Myers, LLP
Attn: Ben H. Logan, Esq.
400 S. Hope Street
Los Angeles, CA 900071

</div>
</div>

<div style="display:flex; justify-content:space-between;">
<div>

**VIA OVERNIGHT MAIL**
Richards, Layton & Finger, P.A.
Attn: Bonnie Glantz Fatell, Esq.
One Rodney Square
Wilmington, DE 19899

</div>
<div>

**VIA OVERNIGHT MAIL**
Hahn & Hessen LLP
Attn: Mark T. Power, Esq.
488 Madison Avenue
New York, NY 10022

</div>
</div>

<div style="display:flex; justify-content:space-between;">
<div>

**VIA OVERNIGHT MAIL**
Blank Rome, LLP
Attn: Bonnie Glantz Fatell, Esq.
Chase Manhattan Centre
1201 Market Street
Suite 800
Wilmington, DE 19801

</div>
<div>

**VIA OVERNIGHT MAIL**
Mayer, Brown, Rowe & Maw LLP
Attn: Thomas S. Kiriakos, Esq.
71 South Wacker Drive
Chicago, IL 60606

</div>
</div>

**VIA OVERNIGHT MAIL**
Womble Carlyle Sandridge & Rice, LLC
Attn: Steven K. Kortanek, Esq.
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

_/s/ Joseph D. Frank_