## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.[1], | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: 5/23/07 at 4:00 p.m.** |
| | ) | **Hearing Date: 5/30/07 at 2:30 p.m.** |

**MOTION OF DANIEL J. RUBIO, JOHN HICKS, DAVID VIZCARA,
INDIVIDUALS ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY
SITUATED, AND THE GENERAL PUBLIC, FOR AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

Daniel J. Rubio, John Hicks and David Vizcarra, individuals on behalf of

themselves, and all others similarly situated and the general public (collectively,

"Movants"), by and through their undersigned counsel, hereby respectfully move this

Court to enter an order that grants them relief from the automatic stay so that they may

continue to litigate and liquidate their claims against certain of the above-captioned

debtors and debtors in possession ("Debtors" or "New Century") in a pending court

action in the United States District Court, Central District of California. In support of

their request, the Movants respectfully state as follows:

---

[1]      The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P. a Delaware limited partnership.

## JURISDICTION

1.        On April 2, 2007 ("Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the United States Code ("Bankruptcy Code").

2.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157

and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The

statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

## BACKGROUND

3.        On March 21, 2005, prior to the Petition Date, the Movants commenced a

lawsuit in state court against Debtor New Century Mortgage Corporation.  On

August 29, 2006, Debtor New Century Mortgage Corporation removed the action to the

United States District Court, Central District, Case No. 06-811 CJC (AJWx) (hereinafter

the "Federal Court Action").  Movants filed a motion for leave to file a fifth amended

complaint in the Federal Court Action; the hearing on that motion was scheduled for

April 23, 2007.

4.        The Federal Court Action proceeded in the federal court up until the

Petition Date, at which time the Federal Court Action was stayed, due to section 362(a)

of the Bankruptcy Code.

## SUMMARY OF FEDERAL COURT ACTION FILED BY MOVANTS

5.        The Federal Court Action was brought as a class action on behalf of

approximately 1600 individuals employed as loan officers in California by Debtor New

Century Mortgage Corporation.  The Federal Court Action alleges statutory wage and

hour claims under California law and the Fair Labor Standards Act as a predicate

violation of the California Unfair Competition Law (Business & Professions Code

§17200 et. seq.). The Federal Court Action seeks recovery of unpaid overtime wages and compensation for failure to provide statutorily mandated meal and rest periods, as well as related statutory violations. (*See* Fourth Amended Complaint attached hereto as Exhibit A).

6.     Prior to the Petition Date, Movants had pursued extensive discovery in the Federal Court Action, including serving 164 requests for production of documents, interrogatories, requests for admissions, and taking seven depositions. The discovery pursued by Movants in the Federal Court Action involved extensive depositions and production of documents to obtain classwide evidence to be used by Movants to establish the class certification requirements under Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), including numerosity, commonality, typicality, adequacy and that common issues of law and fact predominate. (FRCP 23(a) and (b)(3)). Movants sought and obtained extensive hard copy and electronic data demonstrating the classwide pattern and practice in which Debtor New Century did not pay its loan officers proper overtime wages and proper compensation for meal and rest periods as required by the California Labor Code and the Fair Labor Standards Act. The documents and electronic data sought and obtained by Movants included the following: timesheets, payroll data, records of telephone log-on and log-off times, building access data showing the date and times that loan officers entered their work areas, computer data from the software system used by loan officers showing the date and time that loan officers performed a task on the computer system (collectively the "Common Evidence").

7.     In order to obtain a sample of the Common Evidence for the class, Movants sought and obtained an order from the Magistrate Judge ordering that Debtor

New Century produce a sample of the Common Evidence for approximately two hundred class members. This order was entered by Magistrate Judge Andrew J. Wistrich on December 15, 2006. (*See* December 15, 2006 Order attached hereto as Exhibit B). Obtaining an order compelling Debtor New Century to produce a sample of the Common Evidence was critical to Movants' ability to satisfy the FRCP 23 requirements for class certification. Immediately after the order was entered by Magistrate Judge Wistrich ordering a sample of the Common Evidence to be produced, Movants and counsel for Debtor New Century[2] engaged in extensive discussions and Debtor New Century produced large quantities of the Common Evidence, although whether all of the Common Evidence had been properly produced by Debtor New Century was disputed. (*See* Declaration of James M. Trush ¶3, attached hereto as Exhibit C ("Trush Decl.")).

8.    Based upon the order entered by Magistrate Judge Wistrich compelling Debtor New Century to produce a sample of the Common Evidence, Movants were in the process of preparing their motion for class certification. (*See* Trush Decl. ¶4). United States District Judge Cormac J. Carney had previously entered a scheduling order providing that Movants were required to file their class certification motion by April 5, 2007. (*See* November 7, 2006 Civil Minutes attached hereto as Exhibit D).

9.    In addition to the massive amounts of discovery sought and obtained by Movants in the Federal Court Action, the Honorable Cormac J. Carney, United States District Judge, has made dispositive rulings in the Federal Court Action, regarding the application of the California Labor Code to the claims made by Movants. On

---

[2]  Prior to the Petition Date, counsel for New Century in the Federal Court Action was Sheppard, Mullin, Richter & Hampton LLP ("SMRH"). On or about May 1, 2007, the Debtors filed an *Application for Order Pursuant to Section 327(e) or the Bankruptcy Code Authorizing Employment of Sheppard, Mullin, Richter & Hampton LLP, as Special Corporate and Litigation Counsel to the Debtors Nunc Pro Tunc as of April 2, 2007* [Docket No. 490], seeking to retain SMRH as counsel to the Debtors in the Federal Court Action.

September 28, 2006, Judge Carney entered an order on the motion to dismiss and motion

to strike filed by Debtor New Century, which, among other things, ruled that California

Labor Code §226.7 provides a penalty and not a wage, as set forth in the previously

published opinion by Judge Carney in Corder v. Houston's Restaurant, Inc., 424

F.Supp.2d 1205 (C.D. Cal. 2006), and which ruled that California Code of Civil

Procedure §338 and §340 provide the applicable limitations periods for the meal and rest

period claims made by the Movants. (*See* September 28, 2006 Order issued by the

Honorable Cormac J. Carney, United States District Judge, attached hereto as Exhibit E).

   10. On the Petition Date, before Movants had been provided notice that

Debtors had filed a petition for relief under Chapter 11 of the Bankruptcy Code, Movants

had filed a motion for leave to file a fifth amended complaint in the Federal Court Action.

The proposed fifth amended complaint sought to add as defendants Debtor New Century

Financial Corporation and Home123 Corporation. The proposed fifth amended

complaint also sought to add five executives and officers of the Debtors as individual

defendants (defined in the proposed fifth amended complaint as the "Management

Defendants"). (*See* proposed fifth amended complaint ¶20-¶26, attached hereto as

Exhibit F).

   11. On April 16, 2007, Movants filed an ex parte application in the Federal

Court Action seeking an order that the Federal Court Action could proceed as against the

Management Defendants, because they are not part of this bankruptcy case filed by the

Debtors. On April 25, 2007, Judge Carney ruled that Debtor New Century is the real

party in interest based on the allegations in the proposed fifth amended complaint, and

the fact that California Labor Code §2802 provides a basis for the Management

Defendants to seek indemnity from Debtor New Century. (*See* April 25, 2007 order denying Plaintiffs' ex parte application to place the case on active status attached hereto as Exhibit G). As a result of the April 25, 2007 order by Judge Carney, in order for the Movants to proceed against the Management Defendants to liquidate their claims and to seek recovery from any insurance policies, the Movants must obtain an order for relief from the automatic stay from this Court.

12.    Movants notified the District Court in the Federal Court Action that they would no longer proceed against the Debtors once notice was given of the filing of the petition for relief under Chapter 11 of the Bankruptcy Code. As of the Petition Date, Movants acknowledge that, in order for Movants to proceed in the Federal Court Action against any of the Debtors, it was, and is, necessary to obtain an order for relief from the automatic stay from this Court.

## INSURANCE COVERAGE FOR THE CLAIMS BY MOVANTS

13.    Upon information and belief, the Defendant Debtors possess liability insurance that is sufficient to cover the Claims to the extent that Defendant Debtors and/or the Management Defendants are adjudged liable in the Federal Court Action to Movants.

14.    On April 3, 2007, the Court entered an "Order Authorizing The Debtors And Debtors In Possession To (I) Continue All Insurance Policies And Agreements Relating Thereto, etc.," (*See* Docket No. 50). In the motion of Debtors for an order authorizing the Debtors to continue all insurance policies, the Debtors represented to the Court that:

> "In connection with the operation of the Debtors' business and the management of their properties, the Debtors maintain various

6

insurance policies through third-party insurance carriers (the
"Insurance Carriers") providing coverage for, <u>inter alia</u> property,
general liability, **employee benefits legal liability**, commercial
automobile liability, **commercial umbrella liability**, difference in
condition coverage for flood and earthquake damages, **directors
and officers liability**, directors and officers "run-off" liability,
**employment practices liability**,...." (the "Insurance Policies").
(*See* Motion "For Order Authorizing The Debtors And Debtors In
Possession To (I) Continue All Insurance Policies And Agreements
Relating Thereto,...." ¶14, Docket No. 6, *emphasis added*).

15.     If the Movants are permitted to proceed with the Federal Court Action in

the federal court, as requested herein, the Movants intend to satisfy the Claims from

available insurance proceeds first, and to the extent such insurance proceeds do not exist

or are not sufficient to satisfy the Claims, the Movants will seek recovery on their Claims

from the Defendant Debtors by filing proofs of claim against the Defendant Debtors and

pursuing recovery on such claims in the Defendant Debtors' bankruptcy cases.  In other

words, the Movants only intend to liquidate the Claims in the Federal Court Action and

do not intend to pursue recovery on the Claims as against the Defendant Debtors, except

by filing and pursing proofs of claim in these cases, to the extent insurance does not fully

cover the Claims.

## RELIEF REQUESTED AND BASIS THEREFOR

16.     The Movants respectfully request that this Court ender an order, pursuant

to section 362(d) of the Bankruptcy Code, that modifies the automatic stay set forth in

section 362(a) of the Bankruptcy Code, in order to allow the Federal Court Action to

proceed against the Debtors and/or the Management Defendants.

17.     The automatic stay set forth in section 362(a) of the Bankruptcy Code is

not meant to be indefinite or absolute, and this Court has the power to grant relief from

the automatic stay in appropriate circumstances. *See In re Rexene Products Co.,* 141

7

B.R. 574, 576 (Bank. D. Del. 1992); *see also In re Wedgewood* 878 F.2d 693, 697 (3d

Cir. 1998). Appropriate circumstances (i.e., sufficient "cause" under section 362(d)(1) of

the Bankruptcy Code) are certainly present in this case.

18.    Section 362(d)(1) of the Bankruptcy Code provides for the lifting of the

automatic stay where "cause" exists:

> "On request of a party in interest and after notice and a hearing, the
> Court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying, or
> conditioning such stay – (1) for cause...."

*See* 11 U.S.C. § 362(d)(1). However, the Bankruptcy Code does not define "cause," and,

therefore, what constitutes cause must be determined on a case-by-case basis. *See*

*Rexene* 141 B.R. at 576 (citing *Matter of Fernstrom Storage and Van Co.* 938 F.2d 731,

735 (7th Cir. 1991)). A single factor, such as a desire to permit an action to proceed in

another tribunal or a lack of connection or interference with the pending bankruptcy case,

may establish sufficient case. *See Rexene* 141 B.R. at 576 (citing H.R. Rep. No. 95-595,

95th Cong., 1st Sess., 343-44 (1977)).

19.    In deciding whether to allow litigation to proceed in another forum, this

Court usually applies a three-part balancing test:

(a)    whether allowing the litigation to continue in another forum will
result in any great prejudice to the debtor;

(b)    whether maintaining the stay will cause any hardship to the non-
bankrupt party and whether this hardship is greater than the
resulting prejudice to the debtor; and

(c)    whether the non-bankrupt party has a probability of prevailing on
the merits of the litigation.

*See Rexene* 141 B.R. at 576 (citing *Fernstrom*, 938 F.2d at 735). Applying these factors

to the present case weighs heavily in favor of granting the Movants the relief they are

seeking herein.

> 20.    The purpose of the automatic stay is to enable the bankruptcy court

>> [t]o prevent certain creditors from gaining a preference for their
>> claims against the debtor; to forestall the depletion of the debtor's
>> assets due to legal costs in defendant proceedings against it; and, in
>> general, to avoid interference with the orderly liquidation or
>> rehabilitation of the debtor.

*See Rexene* 141 B.R. at 576 (quoting *St. Croix Condominium Owners v. St. Croix Hotel*,

682 F.2d 446, 448 (3d Cir. 1982)). The automatic stay is intended to prevent a "chaotic

and uncontrolled scramble for the debtor's assets in a variety of uncoordinated

proceedings in different courts." *See In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982).

In this case, the Movants are not attempting to gain any unfair advantage over the

Defendant Debtors' other creditors through proceeding in another court.

> 21.    In addition, the Movants are not seeking to continue with the prosecution

of the Federal Court Action in order to circumvent the Defendant Debtors' bankruptcy

proceedings. Indeed the Movants are seeking relief from the automatic stay only so that

they may liquidate their Claims, and if appropriate, collect any judgment against the

Defendant Debtors from available insurance proceeds, or if no such insurance exists or is

inadequate, as stated previously, the Movants will only pursue recovery within the

context of these bankruptcy proceedings. The Movants concede that they will only be

able to collect against the Defendant Debtors by bringing their liquidated claims to these

cases, and obtaining a distribution of such claims through the Defendant Debtors' estates.

*See Holtkamp*, 669 F.2d at 508.

22.     Allowing the Movants to liquidate their claims in the Federal Court Action will not prejudice the Debtors, and will benefit the orderly and efficient administration of this bankruptcy proceeding for numerous reasons, including:  Judge Carney has already made dispositive rulings regarding the application of the California Labor Code to this wage and hour class action, Magistrate Judge Wistrich has already made key rulings regarding the Common Evidence to be produced by the Debtor prior to the FRCP Rule 23 class certification determination, the Federal Court Action involves a California class of approximately 1600 employees of the Debtor and allowing the Federal Court Action to proceed will liquidate the claims of the entire class, and all of the witnesses and evidence are located in the Central District of California.  (*See* Trush Decl. ¶5).

23.     Moreover, the Defendant Debtors' estates will not be prejudiced if the Movants are granted relief from the automatic stay to continue to litigate the Federal Court Action.  As stated previously, the Debtors have already filed an application to retain their pre-petition counsel for the Federal Court Action.  Further, continued litigation of the Federal Court Action will in no way interfere with these bankruptcy proceedings.  Upon information and belief, the Defendant Debtors maintain insurance coverage that will pay for any costs the Defendant Debtors incur in connection with the Federal Court Action against the Management Defendants, so the Defendant Debtors' estates will not be depleted in any manner if the Federal Court Action is permitted to proceed.  "[W]here, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters [Bankruptcy] Code policy."  *Id.*

24.    The hardship to the Movants if the automatic stay is not lifted as requested herein considerably outweighs any possible prejudice the Defendant Debtors may suffer if the automatic stay is lifted.  If the requested relief is denied and the Movants are forced to eventually litigate their claims in Delaware, they will incur a substantial financial burden.  The Movants, their attorneys, the witnesses, and all of the relevant documents, are located in California.  Accordingly, "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *See Rexene,* 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1997)).  Such is the case here.

25.    The Movants also have a strong probability of prevailing on the merits in the Federal Court Action, and therefore, this factor weighs in favor of granting relief from the automatic stay.  "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe that the decision-making process should be relegated to bodies other than this court." *See Rexene* 141 B.R. at 578 (quoting *Fonseca v. Philadelphia Housing Authority (In re Fonseca),* 110 B.R. 191, 196 (Bankr. E.D. Pa 1990)).

26.    Finally, this Court should modify the automatic stay as requested herein so that judicial efficiency will be promoted. *See In re Pursuit Athletic Footwear, Inc.* 193 B.R. 713, 719 (Bankr. D. Del. 1996); *see also In re Kemble,* 776 F.2d 802, 807 (9th Cir. 1985).

WHEREFORE, for all the foregoing reasons, the Movants respectfully request that this Court enter an order, pursuant to section 362(d) of the Bankruptcy Code, that grants the Movants relief from the automatic stay set forth in section 362(a) of the Bankruptcy Code in order to permit the Movants to proceed with the Federal Court Action against Debtors New Century Mortgage Corporation, New Century Financial Corporation, Home123 Corporation and the Management Defendants (Carl Vernon, Frank J. Nese, Wallace Hayes, Steve Cassill, Nicole Haggard), and that the Court grants such other and further relief as is just and proper.

Dated: May 11, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

 /s/  Marc J. Phillips
Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
1007 North Orange Street
Wilmington, DE  19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

and

James M. Trush, Esq. (SBN 140088)
TRUSH LAW OFFICE
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187
Telephone:  (714) 384-6390
Facsimile:  (714) 384-6391

*Attorney for Movants Daniel J. Rubio, John Hicks,
David Vizcarra, individuals on behalf of themselves,
all others similarly situated, and the general public*

#537865v1

12