# EXHIBIT A

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5627
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  James M. Trush, Esq. (#140088)
   TRUSH LAW OFFICE
6  695 Town Center Drive, Suite 700
   Costa Mesa, CA 92626-7187
7  Tel.: (714) 384-6390 / Fax: (714) 384-6391
   Email: JTrush@earthlink.net
8
   Attorneys for Plaintiffs, DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA, on
9  behalf of themselves, all others similarly situated, and the general public

10                **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

12  DANIEL J. RUBIO, JOHN HICKS          )  Case No.: SACV06-811 CJC (AJWx)
    and DAVID VIZCARRA, on behalf        )  Dept.:      C64
13  of themselves, all others similarly  )  Honorable Cormac J. Carney
    situated, and the general public,    )
14                                       )  **CLASS ACTION**
                                         )
15        Plaintiffs,                    )  **FOURTH AMENDED COMPLAINT FOR:**
                                         )
16  vs.                                  )  **1.    RECOVERY OF UNPAID**
                                         )         **OVERTIME WAGES;**
17                                       )  **2.    FAILURE TO PAY OVERTIME**
    NEW CENTURY MORTGAGE                 )         **WAGES PURSUANT TO THE FLSA;**
18  CORPORATION, a California            )  **3.    FAILURE TO PROVIDE MEAL**
    corporation; and DOES 1 through      )         **PERIODS;**
19  100, inclusive,                      )  **4.    FAILURE TO PROVIDE PAID REST**
                                         )         **PERIODS;**
20        Defendants.                    )  **5.    ILLEGAL DEDUCTIONS;**
                                         )  **6.    ILLEGAL RECORD KEEPING;**
21                                       )  **7.    VIOLATIONS OF LABOR CODE**
                                         )         **§203; AND**
22                                       )  **8.    UNFAIR BUSINESS PRACTICES**
                                         )
23  _____       )  **DEMAND FOR JURY TRIAL**

24  ///

**FOURTH AMENDED COMPLAINT**

4

1    Plaintiffs DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA, on behalf of

2    themselves, all others similarly situated and the general public (hereinafter referred to as

3    "Plaintiffs"), hereby file this Complaint against Defendants NEW CENTURY

4    MORTGAGE CORPORATION, a California corporation, and DOES 1 to 100 (hereinafter

5    collectively referred to as "Defendants" or "New Century"). Plaintiffs are informed and

6    believe, and on the basis of that information and belief, allege as follows:

7                                            I.

8                                    **<u>INTRODUCTION</u>**

9        1.    This is a civil action seeking recovery of unpaid monies, wages and penalties

10   for Defendants' violations of California <u>Labor Code</u> ("Labor Code") §§1194, et seq., <u>Labor</u>

11   <u>Code</u> §§200, et seq., California <u>Business and Professions Code</u> ("B&PC") §§17000, et seq.

12   and 17200, et seq., Wage Orders issued by the California Industrial Welfare Commission

13   (hereinafter, "<u>Wage Orders</u>"), the <u>Fair Labor Standards Act</u>, 29 USC §§207, et seq. and

14   related common law principles.

15       2.    Plaintiffs' action seeks monetary damages, including full restitution from

16   Defendants as a result of Defendants' unlawful, fraudulent and unfair business practices.

17       3.    Plaintiffs will request the Court provide notice of this class action regarding

18   California state law overtime compensation and unfair practices pursuant to <u>FRCP</u> 23(c)(2).

19       4.    The acts complained of herein occurred, occur and will occur, at least in part,

20   within the time period from four (4) years preceding the filing of the original Complaint

21   herein, up to and through the time of trial for this matter.

22   ///

23   ///

24   ///

-2-

**FOURTH AMENDED COMPLAINT**

5

RELEVANT JOB TITLES

5.    The relevant job titles in this action are Defendants' California-based "Loan Officer" positions (hereinafter including any of Defendants' job positions with substantially similar titles and duties, including but not limited to "Loan Advisors").

6.    Any differences in the job activities, obligations and/or responsibilities among the different individuals in Defendants' Loan Officer positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

7.    With regard to the Loan Officers, Defendants have:

    a.  Imposed a policy and practice in which Loan Officers are paid for a maximum of 8 hours per day, even though they are required and expected to work more hours;

    b.  Imposed a policy and practice in which Loan Officers are paid for a maximum of 40 hours per week, even though they are required and expected to work more hours;

    c.  Failed to pay overtime pay for all overtime hours worked;

    d.  Failed to provide meal periods;

    e.  Failed to provide paid rest periods;

    f.  Taken illegal deductions from bonuses and/or commissions;

    g.  Kept records in an illegal manner;

    h.  Violated Labor Code §203; and

    i.  Conducted unfair business practices.

///

///

- 3 -

**FOURTH AMENDED COMPLAINT**

## II.

## PARTIES

PLAINTIFF DANIEL J. RUBIO

8.    Plaintiff DANIEL J. RUBIO is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

9.    Plaintiff DANIEL J. RUBIO has worked for Defendants as a California-based Loan Officer at a New Century office in Orange County, California.

10.    Plaintiff DANIEL J. RUBIO seeks unpaid wages, penalties and other compensation from Defendants because Defendants improperly:

      a.    Failed to pay Plaintiff DANIEL J. RUBIO overtime pay for all overtime hours worked;

      b.    Deprived Plaintiff DANIEL J. RUBIO of the requisite meal periods;

      c.    Failed to authorize and permit Plaintiff DANIEL J. RUBIO the requisite rest periods;

      d.    Taken illegal deductions from the bonuses and/or commissions of Plaintiff DANIEL J. RUBIO;

      e.    Failed to maintain accurate records for Plaintiff DANIEL J. RUBIO pursuant to Labor Code §226(a); and

      f.    Failed to pay Plaintiff DANIEL J. RUBIO pursuant to Labor Code §203.

PLAINTIFF JOHN HICKS

11.    Plaintiff JOHN HICKS is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

///

///

-4-

**FOURTH AMENDED COMPLAINT**

7

1    12.    Plaintiff JOHN HICKS has worked for Defendants as a California-based Loan

2    Officer at a New Century office in Orange County, California, and the Long Beach branch

3    office in Los Angeles County, California.

4    13.    Plaintiff JOHN HICKS seeks unpaid wages, penalties and other compensation

5    from Defendants because Defendants improperly:

6           a.    Failed to pay Plaintiff JOHN HICKS overtime pay for all overtime hours

7                 worked;

8           b.    Deprived Plaintiff JOHN HICKS of the requisite meal periods;

9           c.    Failed to authorize and permit Plaintiff JOHN HICKS the requisite rest

10                periods;

11          d.    Taken illegal deductions from the bonuses and/or commissions of

12                Plaintiff JOHN HICKS;

13          e.    Failed to maintain accurate records for Plaintiff JOHN HICKS pursuant

14                to Labor Code §226(a); and

15          f.    Failed to pay Plaintiff JOHN HICKS pursuant to Labor Code §203.

16   PLAINTIFF DAVID VIZCARRA

17   14.    Plaintiff DAVID VIZCARRA is an individual over the age of eighteen (18) and

18   is now and/or at all times mentioned in this Complaint was a resident of the State of

19   California.

20   15.    Plaintiff DAVID VIZCARRA has worked for Defendants as a California-based

21   Loan Officer at the Sacramento branch office of New Century in Sacramento County,

22   California.

23   16.    Plaintiff DAVID VIZCARRA seeks unpaid wages, penalties and other

24   compensation from Defendants because Defendants improperly:

- 5 -

**FOURTH AMENDED COMPLAINT**

*8*

1        a.     Failed to pay Plaintiff DAVID VIZCARRA  overtime pay for all

2             overtime hours worked;

3        b.     Deprived Plaintiff DAVID VIZCARRA  of the requisite meal periods;

4        c.     Failed to authorize and permit Plaintiff DAVID VIZCARRA  the

5             requisite rest periods;

6        d.     Taken illegal deductions from the bonuses and/or commissions of

7             Plaintiff DAVID VIZCARRA;

8        e.     Failed to maintain accurate records for Plaintiff DAVID VIZCARRA

9             pursuant to Labor Code §226(a); and

10       f.     Failed to pay Plaintiff DAVID VIZCARRA  pursuant to Labor Code

11             §203.

12 DEFENDANT, NEW CENTURY MORTGAGE CORPORATION

13     17.    Defendant NEW CENTURY MORTGAGE CORPORATION is now and/or at

14 all times mentioned in this Complaint was a California corporation and the owner and

15 operator of an industry, business and/or facility licensed to do business and actually doing

16 business in the State of California, as a mortgage lender.

17 DOES 1 TO 100, INCLUSIVE

18     18.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

19 Complaint were licensed to do business and/or actually doing business in the State of

20 California.

21     19.    Plaintiffs do not know the true names or capacities, whether individual, partner

22 or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued

23 under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

24 ///

**FOURTH AMENDED COMPLAINT**

9

20.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

21.    Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

22.    Defendants proximately caused Plaintiffs, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

23.    Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

24.    Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

25.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

///

///

-7-

**FOURTH AMENDED COMPLAINT**

10

26.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

27.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

28.    The United States District Court, Central District of California, Santa Ana Division has jurisdiction in this matter because this matter was originally filed in Los Angeles Superior Court but was Removed by Defendants to Federal Court and thereafter assigned to this division.

29.    Venue is proper in the Central District of California under 28 USC §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District. Defendants operate numerous offices and employ numerous class members in the counties within the Central District of California.

## IV.

## CLASS ACTION ALLEGATIONS

30.    FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

-8-

**FOURTH AMENDED COMPLAINT**

31.     Plaintiffs bring this suit as a class action pursuant to <u>FRCP</u> 23, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

32.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

     a.    All of Defendants' California-based employees during the appropriate time period with the title "Loan Officer" (as defined, supra) who Defendants failed to pay overtime pay for all overtime hours worked and who seek unpaid wages from Defendants (hereinafter, the "Overtime Class");

     b.    All California-based employees during the appropriate time period with the title "Loan Officer" (as defined, supra) whose compensation from Defendants was at least half commission pay and to whom Defendants failed to pay overtime wages for all overtime hours worked (hereinafter, the "FLSA Class");

     c.    All of Defendants' California-based employees during the appropriate time period with the title "Loan Officer" (as defined, supra) from who Defendants improperly deprived the requisite meal periods and who seek penalties from Defendants (hereinafter, the "Meal Period Class");

     d.    All of Defendants' California-based employees during the appropriate time period with the title "Loan Officer" (as defined, supra) for who Defendants improperly failed to authorize and permit requisite rest periods and who seek penalties from Defendants (hereinafter, the "Rest Period Class");

///

-9-

**FOURTH AMENDED COMPLAINT**

12

1           e.    All of Defendants' California-based employees during the appropriate

2               time period with the title "Loan Officer" (as defined, supra) from who

3               Defendants made improper deductions prior to calculating bonuses

4               and/or commissions for said employees (hereinafter, the "Deductions

5               Class");

6           f.    All of Defendants' California-based employees during the appropriate

7               time period with the title "Loan Officer" (as defined, supra) for who

8               Defendants did not maintain accurate records pursuant to Labor Code

9               §226(a) and who seek penalties from Defendants pursuant to Labor

10              Code §226(e) (hereinafter, the "Illegal Records Class"); and

11           g.    All of Defendants' California-based employees during the appropriate

12              time period with the title "Loan Officer" (as defined, supra) who

13              Defendant willfully failed to pay their wages after they were discharged

14              or quit and who seek unpaid wages from Defendants pursuant to Labor

15              Code §203 (hereinafter, the "LC 203 Class").

16    33.    The Overtime Class, FLSA Class, Meal Period Class, Rest Period Class,

17 Deductions Class, Illegal Records Class and LC 203 Class are hereinafter collectively

18 referred to as the "Classes."

19    34.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

20 necessary to amend the definition of the Classes. In any event, Plaintiffs will formally

21 define and designate a class definition at such time when Plaintiffs seek to certify the

22 Classes alleged herein.

23    35.    Numerosity (FRCP 23(a)(1)): The potential quantity of members of the Classes

24 as defined is so numerous that joinder of all members would be unfeasible and impractical.

-10-

**FOURTH AMENDED COMPLAINT**

13

1  The disposition of their claims through this class action will benefit both the parties and this

2  Court. The quantity of members of the Classes is unknown to Plaintiffs at this time,

3  however, it is estimated that each of the Classes numbers greater than 100 individuals. The

4  quantity and identity of such membership is readily ascertainable via inspection of

5  Defendants' records.

6       36.    Questions of Law or Fact Common To The Classes (FRCP 23(a)(2)): There are

7  common questions of law and/or fact as to the members of the Classes which predominate

8  over questions affecting only individual members of the Classes, including, without

9  limitation:

10     a.    Whether the members of the Overtime Class and FLSA Class were

11          expected to and/or mandated to regularly work overtime;

12     b.    Whether Defendants had a common policy, practice and/or procedure to

13          deny payment of overtime to the Overtime Class and FLSA Class;

14     c.    Whether Defendants had a common policy, practice or procedure to

15          prohibit the Overtime Class and FLSA Class from recording over 8

16          hours per day, regardless of the number of hours worked by the

17          Overtime Class and FLSA Class;

18     d.    The correct method of calculating the regular rate for the Overtime Class

19          and FLSA Class;

20     e.    The correct method of calculating unpaid overtime pay;

21     f.    Whether Defendants failed and continue to fail to provide meal periods

22          to the members of the Meal Period Class in violation of the Labor Code

23          and IWC Wage Order No. 2, §11;

24 ///

- 11 -

14

g.  Whether Defendants failed and continue to fail to authorize and permit members of the Rest Period Class to take rest periods in violation of the <u>Labor Code</u> and <u>IWC Wage Order</u> No. 2, §12;

h.  Whether Defendants make improper deductions prior to calculating bonuses and/or commissions;

i.  Whether Defendants had a common policy, procedure and/or practice to deny commission and/or bonus compensation to the Deductions Class, if certain loan fees were waived;

j.  Whether Defendants failed to keep adequate records for the members of the Illegal Records Class pursuant to <u>Labor Code</u> 226(a) (and the consequence for such statutory violations if Defendants did not);

k.  Whether the members of the LC 203 Class are entitled to penalties pursuant to <u>Labor Code</u> §203;

l.  The correct statute of limitations for the claims of the members of the Classes;

m.  Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200 and §17203;

n.  Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200 and §17203;

o.  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

p.  Whether the members of the Classes are entitled to injunctive relief;

q.  Whether the members of the Classes are entitled to restitution;

r.  Whether Defendants are liable for pre-judgment interest; and

- 12 -

**FOURTH AMENDED COMPLAINT**

15

s.    Whether Defendants are liable for attorneys' fees and costs.

37.    <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of Plaintiffs DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA are typical of the claims of all members of the Classes they respectively seek to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

38.    <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): Plaintiffs DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA:

        a.    is an adequate representative of the Classes they seek to represent;

        b.    will fairly protect the interests of the members of the Classes;

        c.    has no interests antagonistic to the members of the Classes; and

        d.    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

39.    <u>Superiority</u> (<u>FRCP</u> 23(b)): This action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

        a.    California has a public policy which encourages the use of the class action device;

        b.    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

///

- 13 -

**FOURTH AMENDED COMPLAINT**

16

c.  This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

- 14 -

**FOURTH AMENDED COMPLAINT**

17

ii)    a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)    inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv)    potentially incompatible standards of conduct for Defendants;

v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.    The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

i.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

40.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action. Collins v. Rocha (1972) 7 Cal.3d 232, 238.

///

- 15 -

**FOURTH AMENDED COMPLAINT**

18

1

V.

2

## CAUSES OF ACTION

3

**FIRST CAUSE OF ACTION**

4

**RECOVERY OF UNPAID OVERTIME WAGES AND PENALTIES**

5

**(On Behalf of the Overtime Class)**

6

**(Against All Defendants)**

7       41.    Plaintiffs incorporate by reference and reallege each and every one of the

8  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

9  set forth herein.

10      42.    Labor Code §204 establishes the fundamental right of all employees in the

11  State of California to be paid wages, including straight time and overtime, in a timely

12  fashion for their work.

13      43.    Labor Code §510(a) provides that "Any work in excess of eight hours in one

14  workday and any work in excess of 40 hours in any one workweek and the first eight hours

15  worked on the seventh day of work in any one workweek shall be compensated at the rate of

16  no less than one and one-half times the regular rate of pay for an employee."

17      44.    Labor Code §510(a) further provides that "Any work in excess of 12 hours in

18  one day shall be compensated shall be compensated at the rate of no less than twice the

19  regular rate of pay for an employee."

20      45.    Labor Code §510(a) further provides that "[A]ny work in excess of eight hours

21  on any seventh day of a workweek shall be compensate at the rate of no less than twice the

22  regular rate of pay of an employee.

23  ///

24  ///

- 16 -

**FOURTH AMENDED COMPLAINT**

19

46.     Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by <u>Wage Orders</u>.

47.     Defendants, as a matter of established company policy, procedure and/or practice, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

a.    Administered a uniform company policy and practice regarding the duties and responsibilities of the members of the Overtime Class;

b.    Administered a uniform company policy and practice regarding the payment of wages to the members of the Overtime Class;

c.    Had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment with each of the members of the Overtime Class;

d.    Required the members of the Overtime Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying straight time or overtime compensation for such excess hours worked;

e.    Paid the members of the Overtime Class with no straight time and/or overtime compensation paid for work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week;

f.    Failed to keep accurate records of the actual hours worked by the members of the Overtime Class;

///

-17-

**FOURTH AMENDED COMPLAINT**

20

g.    Did not employ the members of the Overtime Class using: i) an alternative workweek schedule adopted pursuant to Labor Code §511; ii) an alternative workweek schedule adopted pursuant a collective bargaining agreement pursuant to Labor Code §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to Labor Code §554;

h.    Disseminated false information throughout Defendants' facilities and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the members of the Overtime Class were not entitled to overtime compensation.

48.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and §1194(a), to recovery by the members of the Overtime Class, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

49.    Defendant's policy and practice prohibited the Overtime Class from recording over 8 hours per day or 40 hours per week, even though the Overtime Class was required and expected to work substantially more hours.

50.    Pursuant to Labor Code §218.6 and §1194(a) and CC §3287(b) and §3289, the members of the Overtime Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

///

- 18 -

**FOURTH AMENDED COMPLAINT**

21

51.    Pursuant to <u>Labor Code</u> §218.5 and §1194, the members of the Overtime Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA**

**(On Behalf of the FLSA Class)**

**(Against All Defendants)**

52.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

53.    The Federal <u>Fair Labor Standards Act</u>, 29 U.S.C. §207(a)(1) provides in pertinent part that "…[N]o employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

54.    The Federal <u>Fair Labor Standards Act</u>, 29 U.S.C. §207(i) provides in pertinent part that "No employer shall be deemed to have violated subsection (a) of this section [failing to pay overtime wages for overtime work] by employing any employee *of a retail or service establishment* for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services." (emphasis added).

- 19 -

**FOURTH AMENDED COMPLAINT**

22

55.    Thus, an employee is exempt from overtime pay under federal law only if he or she: 1) earns at least one and one half times the minimum wage for all hours worked, 2) receives over half of his or her compensation from commissions and 3) *is employed by a retail or service establishment*.

56.    As stated by the United States Department of Labor at 29 C.F.R. §779.316, "It is plain, therefore, that the term "retail or service establishment" as used in the Act does not encompass establishments in industries lacking a "retail concept." Such establishments not having been traditionally regarded as retail or service establishments cannot under any circumstances qualify as a "retail or service establishment" within the statutory definition of the Act, since they fail to meet the first requirement of the statutory definition. Industry usage of the term "retail" is not in itself controlling in determining when business transactions are retail sales under the Act. Judicial authority is quite clear that there are certain good and services which can never be sold at retail."

57.    29 C.F.R. §779.317 states in pertinent part: "There are types of establishments in industries where it is not readily apparent whether a retail concept exists and whether or not the exemption can apply. It, therefore, is not possible to give a complete list of the types of establishments that have no retail concept. It is possible, however, to give a partial list of establishments to which the retail concept does not apply. This list is as follows: … Loan Offices."

58.    29 C.F.R. §541.118(a) provides in pertinent part "An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed.

-20-

**FOURTH AMENDED COMPLAINT**

1  Subject to the exceptions provided below, the employee must receive his full salary for any
2  week in which he performs any work without regard to the number of days or hours
3  worked."

4      59.    The members of the FLSA Class are not exempt from overtime under any
5  "white collar" exemption under either federal or California law because their compensation
6  is commission-based and they are not paid "on a salary basis."

7      60.    Therefore, as employees of a Loan Office whose wages are not paid on a salary
8  basis, the members of the FLSA Class cannot be exempt from overtime pay.

9      70.    Defendants, as a matter of established company policy and procedure, at each
10 and every one of the individual facilities owned and/or operated by Defendants,
11 consistently:

12      a.    Administered a uniform company policy and practice regarding the
13          duties and responsibilities of the members of the FLSA Class;

14      b.    Administered a uniform company policy and practice regarding the
15          payment of wages to the members of the FLSA Class;

16      c.    Scheduled to work and in fact required the members of the FLSA Class
17          to work in excess of eight (8) hours per workday and/or in excess of forty (40)
18          hours per workweek; and

19      d.    Failed to pay the members of the FLSA Class for all work accomplished
20          in excess of forty (40) hours per week.

21      71.    B&PC §17200 provides in pertinent part "...[U]nfair competition shall mean
22  and include any unlawful, unfair or fraudulent business act...".

23  ///
24  ///

-21-
**FOURTH AMENDED COMPLAINT**

24

72.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

73.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

74.    Defendants' acts as described herein are unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Order(s), as specifically described herein.

75.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

76.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

78.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

79.    Plaintiffs, on behalf of themselves and all others similarly situated, seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

///

///

-22-

**FOURTH AMENDED COMPLAINT**

25

80.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

81.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

82.    Plaintiffs, on behalf of themselves and all others similarly situated, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(On Behalf of the Meal Period Class)**

**(Against All Defendants)**

83.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

84.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

85.    Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

///

- 23 -

**FOURTH AMENDED COMPLAINT**

26

86.   Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

87.   Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

88.   IWC Wage Order No. 2, §11(C) states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty " meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

89.   IWC Wage Order No. 2, §11(D) states: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

90.   The members of the Meal Period Class consistently worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

91.   The members of the Meal Period Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

**FOURTH AMENDED COMPLAINT**

27

92.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

93.    Defendants failed to comply with the required meal periods and incorrectly considered the members of the Meal Period Class to be exempt from meal period requirements established by Labor Code §226.7, §512 and §516 and IWC Wage Order No. 2, §11.

94.    Pursuant to IWC Wage Order No. 2, §11(D) and Labor Code §226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Meal Period Class are entitled to penalties in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID REST PERIODS

#### (On Behalf of the Rest Period Class)

#### (Against All Defendants)

95.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

96.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

-25-

28

97.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

98.    IWC Wage Order No. 2, §12(A) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

99.    IWC Wage Order No. 2, §12(B) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

100.    The members of the Rest Period Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

101.    Defendants failed to authorize and permit the required rest periods and incorrectly considered the members of the Rest Period Class to be exempt from meal period requirements established by Labor Code §226.7 and §516 and IWC Wage Order No. 2, §12.

102.    Pursuant to IWC Wage Order No. 2, §12(B) and Labor Code §226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of

-26-

**FOURTH AMENDED COMPLAINT**

1   compensation for each work day that the meal or rest period is not provided"), the members

2   of the Rest Period Class are entitled to penalties in an amount equal to one (1) hour of

3   wages per missed rest period, in a sum to be proven at trial.

4   ## FIFTH CAUSE OF ACTION

5   ## ILLEGAL DEDUCTIONS

6   ## (On Behalf of the Deductions Class)

7   ## (Against All Defendants)

8       103.   Plaintiffs incorporate by reference and reallege each and every one of the

9   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

10  set forth herein.

11      104.   Labor Code §221 states: "It shall be unlawful for any employer to collect or

12  receive from an employee any part of wages theretofore paid by said employer to said

13  employee."

14      105.   Labor Code §223 states: "Where any statute or contract requires an employer

15  to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage

16  while purporting to pay the wage designated by statute or by contract."

17      106.   As part of a uniform policy and procedure regarding sales, commissions and/or

18  bonuses, Defendants improperly adjust, reduce and/or negate the commissions paid to

19  members of the Deductions Class, if any fees are waived.

20      107.   Further, as part of a uniform policy and procedure regarding sales,

21  commissions and/or bonuses, Defendants improperly adjust, reduce and/or negate the

22  commissions and/or bonuses on said loans earned by the members of the Deductions Class,

23  despite the fact that Defendants have benefited and profited from said loans.

24  ///

-27-

**FOURTH AMENDED COMPLAINT**

30

108.   Defendants attempted to bypass and circumvent its obligations by keeping these commission and/or bonus forfeiture terms hidden from the members of the Deductions Class upon hire, and by failing and refusing to record and report all commissions and bonuses earned and/or deducted.

109.   Defendants wrongfully withheld money from the members of the Deductions Class in an amount equal to the commissions and/or bonuses forfeited and retained by Defendants.

110.   The members of the Deductions Class have therefore been injured, and are entitled to damages and restitution in an amount not less than the amount of commission and/or bonus wages wrongfully withheld by Defendants, according to proof at trial.

111.   The conduct of Defendants as alleged herein is inequitable, unfair and over-reaching, and has resulted in Defendants having profited unfairly and having been unjustly enriched.

112.   Pursuant to <u>Labor Code</u> §218.5 and §1194, the members of the Deductions Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SIXTH CAUSE OF ACTION**

**ILLEGAL RECORD KEEPING**

**(On Behalf of the Illegal Records Class)**

**(Against All Defendants)**

113.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

- 28 -

**FOURTH AMENDED COMPLAINT**

31

114.  <u>Labor Code</u> §226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

115.  Therefore, pursuant to <u>Labor Code</u> §226, California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Illegal Records Class, including but not limited to, beginning and ending of each work period, meal period and rest period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

116.  The members of the Illegal Records Class include all of Defendants' non-exempt employees, including those who Defendants have misclassified as exempt from overtime.

117.  As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did not furnish each of the members of the Illegal Records Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

118.  As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Illegal Records Class, including but not limited to, beginning and ending of

**FOURTH AMENDED COMPLAINT**

*32*

1  each work period, meal period and rest period, the total daily hours worked, and the total

2  hours worked per pay period and applicable rates of pay.

3      119.   Plaintiffs and all others similarly situated have suffered injury as a result of

4  Defendants' failure to maintain accurate records for the members of the Illegal Records

5  Class in that the members of the Illegal Records Class were not timely provided written

6  accurate itemized statements showing all requisite information, including but not limited to

7  total hours worked by the employee, net wages earned and all applicable hourly rates in

8  effect during the pay period and the corresponding number of hours worked at each hourly

9  rate, in violation of Labor Code §226, such that the members of the Illegal Records Class

10  were misled by Defendants as to the correct information regarding various items, including

11  but not limited to total hours worked by the employee, net wages earned and all applicable

12  hourly rates in effect during the pay period and the corresponding number of hours worked

13  at each hourly rate.

14      120.   Pursuant to Labor Code §226(e), the members of the Illegal Records Class are

15  entitled to penalties as follows:

16          a.   Fifty dollars ($50.00) per employee for the initial pay period in which a

17          violation occurs; and

18          b.   One hundred dollars ($100.00) per employee for each violation in a

19          subsequent pay period.

20  ///

21  ///

22  ///

23  ///

24  ///

**FOURTH AMENDED COMPLAINT**

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE §203

### (On Behalf of the LC 203 Class)

### (Against All Defendants)

121.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

122.   Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until and action therefor is commenced; but the wages shall not continue for more than thirty (30) days.

123.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of Defendants' former employees, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment, or proof.

124.   The members of the LC 203 Class are no longer employed by Defendants. They were either discharged from or quit Defendants' employ.

125.   Defendants willfully failed to pay the members of the LC 203 Class a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

126.   Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

-31-

**FOURTH AMENDED COMPLAINT**

34

1    127.   Thus, the members of the LC 203 Class are entitled to penalties pursuant to

2  Labor Code §203, in the amount of each LC 203 Class members' daily wage multiplied by

3  thirty (30) days.

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (On Behalf of Plaintiffs and the General Public)

### (Against All Defendants)

8    128.   Plaintiffs incorporate by reference and reallege each and every one of the

9  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

10  set forth herein.

11    129.   Plaintiffs also bring this action for the benefit of the public, who are entitled to

12  restitution of funds being improperly withheld by Defendants.

13    130.   Defendants have engaged in unlawful, deceptive and unfair business practices

14  prohibited by B&PC §17200, including those set forth in the preceding and foregoing

15  paragraphs of the complaint, thereby depriving Plaintiffs and members of the general public

16  of the minimum working standards and conditions due to them under the California labor

17  laws and the Wage Orders as specifically described herein.

18    131.   Defendants have engaged in unfair business practices in California by

19  practicing, employing and utilizing the employment practices outlined in the preceding

20  paragraphs, specifically, by requiring employees to perform the labor services complained

21  of herein without the proper compensation.

22    132.   Defendants' use of such practices constitutes an unfair business practice, unfair

23  competition and provides an unfair advantage over Defendants' competitors.

24  ///

**FOURTH AMENDED COMPLAINT**

35

1    133.   Plaintiffs, on behalf of the general public, seek full restitution from Defendants,

2  as necessary and according to proof, to restore any and all monies withheld, acquired and/or

3  converted by Defendants by means of the unfair practices complained of herein.

4    134.   Further, if Defendants are not enjoined from the conduct set forth above,

5  Defendants will continue to practice, employ and utilize the employment practices outlined

6  in the preceding paragraphs.

7    135.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent

8  injunction prohibiting Defendants from engaging in the foregoing conduct.

9    136.   Plaintiffs, on behalf of the general public, seek the appointment of a receiver,

10  as necessary, to establish the total monetary relief sought from Defendants.

11                                           **VI.**

12                              **PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiffs pray:

14    a.    That the Court issue an Order certifying the Classes herein, appointing the

15  named Plaintiff(s) as representative of all others similarly situated, and appointing the law

16  firm(s) representing the named Plaintiff(s) as counsel for the members of the Classes;

17  As to the First Cause of Action for Unpaid Overtime Wages:

18    b.    For damages, as set forth in Labor Code §1194(a) and IWC Wage Order No. 2

19  regarding wages due and owing, according to proof;

20    c.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code

21  §1194(a) and CC §3287;

22    d.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code

23  §218.5 and Labor Code §1194(a);

24  ///

-33 -

**FOURTH AMENDED COMPLAINT**

36

1    As to the Second Cause of Action for Restitution for Failure to Pay Overtime Wages:

2        e.    For an accounting, under administration of Plaintiffs and/or the receiver and

3    subject to Court review, to determine the amount to be returned by Defendants, and the

4    amounts to be refunded to members of the Classes who are owed monies by Defendants;

5        f.    For an Order requiring Defendants to identify each member of the FLSA

6    Classes by name, home address, and home telephone number;

7        g.    For an Order requiring Defendants to make full restitution and payment

8    pursuant to California law;

9        h.    For an Order for a preliminary and/or permanent injunction prohibiting

10   Defendants from engaging in the acts complained of herein;

11       i.    For the creation of an administrative process wherein each injured member of

12   the Classes may submit a claim in order to receive his/her money;

13       j.    For all other appropriate injunctive, declaratory and equitable relief;

14       k.    For interest to the extent permitted by law;

15       l.    For an award of attorneys' fees and costs incurred in the investigation, filing

16   and prosecution of this action pursuant to B&PC §§17200, et seq.;

17   As to the Third Cause of Action for Failure to Provide Meal Periods:

18       m.    For penalties amounting to one (1) hour of pay at the each employee's regular

19   rate of compensation for each workday that a meal period was not provided;

20   As to the Fourth Cause of Action for Failure to Provide Paid Rest Periods:

21       n.    For penalties amounting to one (1) hour of pay at the each employee's regular

22   rate of compensation for each workday that a rest period was not provided;

23   As to the Fifth Cause of Action for Illegal Deductions:

24       o.    For damages regarding wages due and owing, according to proof;

**FOURTH AMENDED COMPLAINT**

37

1       p.     For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u>

2   §1194(a) and <u>CC</u> §3287;

3       q.     For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u>

4   §218.5 and <u>Labor Code</u> §1194(a);

5   <u>As to the Sixth Cause of Action for Illegal Record Keeping</u>:

6       r.     For penalties as authorized by <u>Labor Code</u> §226(e);

7   <u>As to the Seventh Cause of Action for Penalties Pursuant to Labor Code §203</u>:

8       s.     For penalties as authorized by <u>Labor Code</u> §203;

9   <u>As to the Eighth Cause of Action for Unfair Business Practices</u>:

10      t.     For an accounting, under administration of Plaintiffs and/or the receiver and

11  subject to Court review, to determine the amount to be returned by Defendants, and the

12  amounts to be refunded to members of the Classes who are owed monies by Defendants;

13      u.     For an Order requiring Defendants to identify each of the members of the

14  Classes by name, home address, and home telephone number;

15      v.     For an Order requiring Defendants to make full restitution and payment

16  pursuant to <u>Labor Code</u> §§200, et seq., §§500, et seq. and/or §§1194;

17      w.    For an Order for a preliminary and/or permanent injunction prohibiting

18  Defendants from engaging in the acts complained of herein;

19      x.     For the creation of an administrative process wherein each injured member of

20  the Classes may submit a claim in order to receive his/her money;

21      y.     For all other appropriate declaratory and equitable relief;

22      z.     For interest to the extent permitted by law;

23  ///

24  ///

- 35 -

**FOURTH AMENDED COMPLAINT**

1    aa.    For an award of attorneys' fees and costs incurred in the investigation, filing

2  and prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u> §§17200, et seq., <u>Labor</u>

3  <u>Code</u> §1194 and/or any other applicable provision of law;

4  <u>As to All Causes of Action:</u>

5    bb.    For such other and further relief as this Court may deem just and proper; and

6    cc.    For reasonable attorneys' fees and costs incurred.

7                                    **VII.**

8                      <u>**DEMAND FOR JURY TRIAL**</u>

9    Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

10  Dated: December *30* , 2006        LAW OFFICES OF KEVIN T. BARNES
                                       TRUSH LAW ~~OFFICES~~
11

12                                     By:_____
13                                         Kevin T. Barnes, Esq.
                                           Gregg Lander, Esq.
14                                         James M. Trush, Esq.
                                           Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

                                   - 36 -
                      **FOURTH AMENDED COMPLAINT**

*39*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1

2

3

        I am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

4

        On **December ____, 2006**, I served the attached document(s) described as:

5

**FOURTH AMENDED COMPLAINT**

6

        on the interested parties in this action, addressed as follows:

7

8

9

10

11

| | |
|---|---|
| Greg S. Labate, Esq. | James M. Trush, Esq. |
| Kimberly A. Letcher, Esq. | TRUSH LAW OFFICE |
| SHEPPARD MULLIN RICHTER | 695 Town Center Drive, Suite 700 |
| & HAMPTON LLP | Costa Mesa, CA 92626-7187 |
| 650 Town Center Drive, 4th Floor | Tel.: (714) 384-6390 |
| Costa Mesa, CA 92626-1993 | Fax: (714) 384-6391 |
| Tel.: (714) 513-5100 | Email: JTrush@earthlink.net |
| Fax: (714) 513-5130 | |
| Email: GLabate@sheppardmullin.com | |

12

13

        using the following service method(s):

14

   **X**   **VIA MAIL:** I deposited the document(s) to be served at a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

15

16

17

18

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **December ____, 2006**, at _____, California.

19

20

21

                                        _____

                                                Cindy Rivas

22

23

24

-37-

**FOURTH AMENDED COMPLAINT**

40