# EXHIBIT C

## DECLARATION OF JAMES M. TRUSH

I, James M. Trush, hereby declare:

1. I am an attorney at law duly licensed to practice law before all Courts in the State of California, the United States District Court for the Central, Northern, Eastern and Southern Districts of California and the Ninth Circuit Court of Appeals. I am counsel for Plaintiffs in the above-entitled matter. I have personal knowledge of the matters stated herein and if called upon to testify, I could and would competently testify thereto.

2. Prior to the Petition Date[1], Movants had pursued extensive discovery in the Federal Court Action, including serving 164 requests for production of documents, interrogatories, requests for admissions, and taking seven depositions. The discovery pursued by Movants in the Federal Court Action involved extensive depositions and production of documents to obtain classwide evidence to be used by Movants to establish the class certification requirements under Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), including numerosity, commonality, typicality, adequacy and that common issues of law and fact predominate. (FRCP 23(a) and (b)(3)). Movants sought and obtained extensive hard copy and electronic data demonstrating the classwide pattern and practice in which Debtor New Century did not pay its loan officers proper overtime wages and proper compensation for meal and rest periods as required by the California Labor Code and the Fair Labor Standards Act. The documents and electronic data sought and obtained by Movants included the following: timesheets, payroll data, records of

---

[1] Capitalized terms not defined herein shall have the same meaning as in the *Motion of Daniel J. Rubio, John Hicks, David Vizcara, Individuals on Behalf of Themselves, All Others Similarly Situated, and the General Public, for an Order Granting Relief From the Automatic Stay* filed contemporaneously herewith.

telephone log-on and log-off times, building access data showing the date and times that loan officers entered their work areas, computer data from the software system used by loan officers showing the date and time that loan officers performed a task on the computer system (collectively the "Common Evidence").

3.  In order to obtain a sample of the Common Evidence for the class, Movants sought and obtained an order from the Magistrate Judge ordering that Debtor New Century produce a sample of the Common Evidence for approximately two hundred class members. This order was entered by Magistrate Judge Andrew J. Wistrich on December 15, 2006. (*See* December 15, 2006 Order attached as Exhibit B to the Motion). Obtaining an order compelling Debtor New Century to produce a sample of the Common Evidence was critical to Movants' ability to satisfy the FRCP 23 requirements for class certification. Immediately after the order was entered by Magistrate Judge Wistrich ordering a sample of the Common Evidence to be produced, Movants and counsel for Debtor New Century engaged in extensive discussions and Debtor New Century produced large quantities of the Common Evidence, although whether all of the Common Evidence had been properly produced by Debtor New Century was disputed.

4.  Based upon the order entered by Magistrate Judge Wistrich compelling Debtor New Century to produce a sample of the Common Evidence, Movants were in the process of preparing their motion for class certification. United States District Judge Cormac J. Carney had previously entered a scheduling order providing that Movants were required to file their class certification motion by April 5, 2007. (*See* November 7, 2006 Civil Minutes attached as Exhibit D to the Motion).

5.  Allowing the Movants to liquidate their claims in the Federal Court Action will not prejudice the Debtors, and will benefit the orderly and efficient administration of this bankruptcy proceeding for numerous reasons, including: Judge Carney has already made dispositive rulings regarding the application of the California Labor Code to this wage and hour class action, Magistrate Judge Wistrich has already made key rulings regarding the Common Evidence to be produced by the Debtor prior to the FRCP Rule 23 class certification determination, the Federal Court Action involves a California class of approximately 1600 employees of the Debtor and allowing the Federal Court action to proceed will liquidate the claims of the entire class, all of the witnesses and evidence are located in the Central District of California. Indeed, the corporate offices of New Century are located in Irvine, California in the Central District of California. The Common Evidence that Magistrate Judge Wistrich ordered to be produced is maintained by Debtor New Century in the Central District of California. The attorneys representing the Movants and the Debtor in the Federal Court Action have their offices in the Central District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of May, 2007 at Costa Mesa, California.

BY: /s/ James M. Trush
James M. Trush

#538441v1