# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                           Date: September 28, 2006

Title: DANIEL J. RUBIO v. NEW CENTURY MORTGAGE CORPORATION, et al.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Debra Beard | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [filed 09/05/06] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE [filed 09/05/06]**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. Pro. 78; Local Rule 7-15. Accordingly, the hearing set for October 2, 2006 at 1:30 p.m. is hereby vacated and off calendar.

Defendant New Century Mortgage Corporation ("New Century") filed a motion to dismiss the sixth cause of action from Plaintiff Daniel J. Rubio's complaint, and also filed a motion to strike certain portions of Mr. Rubio's complaint. New Century's motion to dismiss is GRANTED, with leave to amend. New Century's motion to strike is GRANTED in part and DENIED in part.

**Motion to Dismiss**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 1370, 1374 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the Court must accept

DOCKETED ON CM

SEP 29 2006

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                    Date: September 28, 2006
                                                                    Page 2

---

all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is only proper if it appears beyond doubt that the claimant can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

New Century argues that Mr. Rubio's sixth cause of action, for relief under section 226 of the California Labor Code, fails to state a claim for two reasons. First, New Century asserts that section 226(e) only provides relief to current employees, not former employees like Mr. Rubio. Second, even if section 226(e) provides relief to former employees, New Century argues that Mr. Rubio has not shown the requisite injury required by the statute. The Court will consider these arguments in turn.

Section 226(e) provides an employee a right to recover damages for an employer's failure to comply with the various wage reporting requirements set forth in section 226(a). *See* CAL. LABOR CODE § 226. Subsection (e) states, in relevant part, "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or [the statutory penalty from the employer]." CAL. LABOR CODE § 226(e). New Century asserts that the use of "suffering" in the present tense, along with the fact that the statute does not explicitly state that it covers former employees, indicates that subsection (e) only provides a right of relief for current employees. The Court finds this reading of subsection (e) too narrow, and inconsistent with the entire text of section 226.

"It is . . . a cardinal principle of statutory construction that we must 'give effect, if possible, to every clause and word of a statute.'" *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (quoting *United States v. Menasche*, 348 U.S. 528, 538-39 (1955)). In subsections (b) and (c) of the statute, employers are required to permit current *and* former employees to inspect employer records prepared for that employee. *See* CAL. LABOR CODE §§ 226(b), (c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                                Date: September 28, 2006
                                                                              Page 3

---

The Court is unable to see how this inspection right would protect former employees if, once they have identified how they were injured by their employer's past reporting violations, they had no right of action to recover for their harm. Reading subsection (e) to allow only current employees to bring an action would render the inspection rights of former employees in subsections (b) and (c) meaningless. Moreover, subsection (a) indicates that copies of the record "shall be kept on file by the employer for at least three years." CAL. LABOR CODE § 226(a). There is no provision in section 226 that relieves employers of this duty to keep records on file when an employee no longer works for the employer. Read as a whole, the provisions of section 226 provide protection to both current and former employees who identify reporting violations by their current or former employer.[1]

Mr. Rubio's right to sue New Century under subsection (e) does not mean, however, that his complaint properly stated a claim under that subsection. The statute provides a right of recovery for an "employee suffering injury." Cal. Labor Code § 226(e). The subsection also indicates that the amount of recovery will be the greater of "all actual damages" or a fixed statutory penalty. *Id.* The use of the phrase "suffering injury" and the right of recovery for actual damages indicates that an employee has a right of action under subsection (e) only to redress actual harm caused by an employer's failure to comply with the record-keeping requirements of subsection (a). Since Mr. Rubio's complaint did not indicate how he or the Illegal Records Class was harmed by New Century's alleged record-keeping violation, it fails to state a claim under subsection (e). Accordingly, Mr. Rubio's sixth cause of action is dismissed, with leave to amend.

**Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The

---

[1] The Court also notes that in *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949 (2005), the California Court of Appeal found that the defendant had violated wage statement requirements in an action brought by former employees. *Cicairos*, 133 Cal. App. 4th at 960-61. Though the Court of Appeal did not expressly consider the question of whether section 226(e) provides a right of action to a former employee, it did rule in favor of the former employees suing under that section. The fact that courts have entertained actions brought by former employees under section 226(e) is further support that the right of action extends to both current and former employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                    Date: September 28, 2006
                                                   Page 4

---

essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

New Century seeks to strike thirty-four separate portions of Mr. Rubio's complaint. These thirty-four requested strikes can be grouped into four categories: (1) those portions of the complaint treating recovery under Labor Code section 226.7 as a wage rather than a penalty, (2) those portions referring to the applicable time period in this case as being within four years from the filing of the complaint, (3) those portions referring to recovery for former employees under section 226(e), and (4) those portions citing wage orders issued by the Industrial Welfare Commission ("IWC"). The Court will consider these four categories in turn.

i.  **Section 226.7**

This Court previously found, in *Corder v. Houston's Restaurant, Inc.*, 424 F. Supp. 2d 1205 (C.D. Cal. 2006), that section 226.7 provides a penalty, and not a wage. For all the reasons set forth in that opinion, the Court makes the same finding in this case.[2] *See Corder*, 424 F. Supp. 2d at 1208-11. As such, the Court strikes all reference to unpaid wages in connection with those portions of the complaint seeking recovery for violations of section 226.7, and grants New Century's requests to strike numbers 8, 9, 20, and 26. Mr. Rubio will have leave to amend his complaint to properly indicate that he is seeking the recovery of penalties. Also, sections 218.5, 218.6, and 1194 provide attorneys' fees, costs, and prejudgment interest only for actions to recover wages, not actions to recover penalties. Mr. Rubio cannot recover attorneys' fees, costs, or prejudgment interest in his causes of action under section 226.7. Accordingly, the Court grants New Century's requests to strike

---

[2]The Court recognizes that while this case was pending in California state court, the presiding judge issued an order finding that section 226.7 allows employees to recover a wage, and not a penalty. However, under *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74 (9th Cir. 1979), a federal judge receiving a case on removal may reconsider prior rulings in the case by the state court. *Preaseau*, 591 F.2d at 79. This Court must "conscientiously carry out [its] judicial function" and cannot permit "what [it] believes to be a prior erroneous ruling to control the case." *Id.* (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960)). Given this Court's repeated conclusion that section 226.7 imposes a penalty on employers, it is appropriate to revisit the state court's decision on that issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                    Date: September 28, 2006
                                                                Page 5

---

numbers 21, 27, 31, 32, 33, and 34.

ii.   **Actionable Time Period**

With respect to Mr. Rubio's definition of the relevant time period, the Court agrees with New Century that it is improperly defined in the complaint. Sections 338 and 340 of the California Civil Procedure Code provide the applicable limitations periods for the claims raised by Mr. Rubio. For those claims seeking recovery of statutory penalties, the actionable period begins one year prior to the filing of the complaint. *See* CAL. CIV. PROC. CODE § 340(a). For those claims seeking recovery of unpaid wages, the actionable period begins three years prior to the filing of the complaint. *See* CAL. CIV. PROC. CODE § 338(a). New Century's motion to strike ¶ 3 of the complaint, defining the "relevant time period," is granted. Mr. Rubio has leave to amend this paragraph in a manner consistent with this order.

iii.  **Section 226(e)**

Given the Court's ruling on New Century's motion to dismiss, the motion to strike all references to Section 226(e) from the complaint is moot. However, the Court also notes that, if Mr. Rubio amends his complaint with a properly pleaded action under Section 226(e), recovery for former employees will be permitted, and any such requests would not be vulnerable to a second motion to strike.

iv.   **IWC Wage Orders**

New Century seeks to strike all reference to the IWC wage orders in Mr. Rubio's complaint, arguing that there exists no private right of action to enforce those orders. The Court need not reach the question of whether there exists a private right of action to enforce an IWC order independent of statutory authority, because Mr. Rubio never relies solely on the IWC orders for recovery. In each cause of action that mentions an IWC order, Mr. Rubio proceeds under specific sections of the Labor Code stating that employers are liable for a penalty if they violate an IWC order. For example, in his Meal Period Class and Rest Period Class claims, Mr. Rubio cites Labor Code Section 226.7, which instructs that an employer must pay a penalty to the employee if it "fails to provide an employee a meal period or rest period *in accordance with an applicable order of the Industrial Welfare Commission.*" CAL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                              Date: September 28, 2006
                                                                                          Page 6

---

LABOR CODE § 226.7(b) (emphasis added). Thus, in order to recover under Section 226.7, Mr. Rubio must show a violation of an IWC wage order. The Court fails to see how reference to the IWC wage orders could be irrelevant or immaterial in light of the fact that the Labor Code sections under which Mr. Rubio proceeds place those orders directly at issue. Accordingly, New Century's requests for strike numbers 1, 6, 7, 12, 13, 15, 16, 17, 18, 19, 22, 23, 24, 25, and 30 are denied.

Mr. Rubio has twenty days leave to amend its complaint consistent with this order. New Century has twenty days thereafter to file a responsive pleading.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                     Date: September 28, 2006
                                                                    Page 7

pfr

MINUTES FORM 11
CIVIL-GEN                                               Initials of Deputy Clerk ____