# EXHIBIT F

James M. Trush, Esq. (#140088)
TRUSH LAW OFFICE
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187
Tel.: (714) 384-6390 / Fax: (714) 384-6391
Email: JTrush@earthlink.net

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5627
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Attorneys for Plaintiffs, DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA, on
behalf of themselves, all others similarly situated, and the general public

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA, on behalf of themselves, all others similarly situated, and the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> NEW CENTURY MORTGAGE CORPORATION, a California corporation; NEW CENTURY FINANCIAL CORPORATION, a Maryland corporation; HOME123 CORPORATION, a California corporation; CARL VERNON, an individual; FRANK J. NESE, an individual; WALLACE HAYES, an individual; STEVE CASSILL, an individual, NICOLE HAGGARD, an individual; and DOES 8 through 17, inclusive, <br><br> Defendants. | Case No.: SACV06-811 CJC (AJWx) <br> Dept.:      C64 <br> Honorable Cormac J. Carney <br><br> **CLASS ACTION** <br><br> FIFTH AMENDED COMPLAINT FOR: <br><br> 1.  **RECOVERY OF UNPAID OVERTIME WAGES;** <br> 2.  **FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA;** <br> 3.  **FAILURE TO PROVIDE MEAL PERIODS;** <br> 4.  **FAILURE TO PROVIDE PAID REST PERIODS;** <br> 5.  **DENIAL OF OVERTIME COMPENSATION [FLSA 29 U.S.C. §207, 211(c), 216(b)]** <br> 6.  **ILLEGAL RECORD KEEPING;** <br> 7.  **VIOLATIONS OF LABOR CODE §203; AND** <br> 8.  **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

EXHIBIT B PAGE 1 OF 39

- 1 -

**FIFTH AMENDED COMPLAINT**

1       Plaintiffs DANIEL J. RUBIO, JOHN HICKS and DAVID VIZCARRA, on behalf of

2 themselves, all others similarly situated and the general public (hereinafter referred to as

3 "Plaintiffs"), hereby file this Complaint against Defendants NEW CENTURY

4 MORTGAGE CORPORATION, a California corporation; NEW CENTURY FINANCIAL

5 CORPORATION, a Maryland corporation; HOME123 CORPORATION, a California

6 corporation; (hereinafter collectively referred to as "New Century"); CARL VERNON, an

7 individual; FRANK J. NESE, an individual; WALLACE HAYES, an individual;

8 STEVE CASSILL, an individual; NICOLE HAGGARD, an individual (collectively referred

9 to as "Management Defendants"), and DOES 8 to 17 (hereinafter collectively

10 "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and

11 belief, allege as follows:

## I.

## <u>INTRODUCTION</u>

14    1.    This is a civil action seeking recovery of unpaid monies, wages and penalties

15 for Defendants' violations of California <u>Labor Code</u> ("<u>Labor Code</u>") §§1194, et seq., <u>Labor</u>

16 <u>Code</u> §§200, et seq., California <u>Business and Professions Code</u> ("<u>B&PC</u>") §§17000, et seq.

17 and 17200, et seq., Wage Orders issued by the California Industrial Welfare Commission

18 (hereinafter, "<u>Wage Orders</u>"), the <u>Fair Labor Standards Act</u>, 29 USC §§207, et seq. and

19 related common law principles.

20    2.    Plaintiffs' action seeks monetary damages, including full restitution from

21 Defendants as a result of Defendants' unlawful, fraudulent and unfair business practices.

22    3.    Plaintiffs will request the Court provide notice of this class action regarding

23 California state law overtime compensation and unfair practices pursuant to <u>FRCP</u> 23(c)(2).

24

EXHIBIT _B_ PAGE _2_ OF _39_

-2-

21

1       4.     The acts complained of herein occurred, occur and will occur, at least in part,

2  within the time period from four (4) years preceding the filing of the original Complaint

3  herein, up to and through the time of trial for this matter.

4  <u>RELEVANT JOB TITLES</u>

5       5.     The relevant job titles in this action are Defendants' California-based "Loan

6  Officer" positions (hereinafter including any of Defendants' job positions with substantially

7  similar titles and duties, including but not limited to "Loan Advisors").

8       6.     Any differences in the job activities, obligations and/or responsibilities among

9  the different individuals in Defendants' Loan Officer positions were and are legally

10  insignificant to the issues presented by this action.

11  <u>SUMMARY OF CLAIMS</u>

12       7.     With regard to the Loan Officers, Defendants have:

13         a.  Imposed a policy and practice in which Loan Officers are paid for a

14            maximum of 8 hours per day, even though they are required and expected to

15            work more hours;

16         b.  Imposed a policy and practice in which Loan Officers are paid for a

17            maximum of 40 hours per week, even though they are required and

18            expected to work more hours;

19         c.  Failed to pay overtime pay for all overtime hours worked;

20         d.  Failed to provide meal periods;

21         e.  Failed to provide paid rest periods;

22         f.  Kept records in an illegal manner;

23         g.  Violated <u>Labor Code</u> §203; and

24         h.  Conducted unfair business practices.    EXHIBIT B PAGE 3 OF 39

**FIFTH AMENDED COMPLAINT**        22

## II.

## PARTIES

<u>PLAINTIFF DANIEL J. RUBIO</u>

8.     Plaintiff DANIEL J. RUBIO is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

9.     Plaintiff DANIEL J. RUBIO has worked for Defendants as a California-based Loan Officer at a New Century office in Orange County, California.

10.     Plaintiff DANIEL J. RUBIO seeks unpaid wages, penalties and other compensation from Defendants because Defendants improperly:

      a.     Failed to pay Plaintiff DANIEL J. RUBIO overtime pay for all overtime hours worked;

      b.     Deprived Plaintiff DANIEL J. RUBIO of the requisite meal periods;

      c.     Failed to authorize and permit Plaintiff DANIEL J. RUBIO the requisite rest periods;

      d.     Failed to maintain accurate records for Plaintiff DANIEL J. RUBIO pursuant to <u>Labor Code</u> §226(a); and

      e.     Failed to pay Plaintiff DANIEL J. RUBIO pursuant to <u>Labor Code</u> §203.

<u>PLAINTIFF JOHN HICKS</u>

11.     Plaintiff JOHN HICKS is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

12.     Plaintiff JOHN HICKS has worked for Defendants as a California-based Loan Officer at a New Century office in Orange County, California, and the Long Beach branch office in Los Angeles County, California.

EXHIBIT *B* PAGE 4 OF 39

-4-

**FIFTH AMENDED COMPLAINT**

23

13.     Plaintiff JOHN HICKS seeks unpaid wages, penalties and other compensation from Defendants because Defendants improperly:

    a.    Failed to pay Plaintiff JOHN HICKS overtime pay for all overtime hours worked;

    b.    Deprived Plaintiff JOHN HICKS of the requisite meal periods;

    c.    Failed to authorize and permit Plaintiff JOHN HICKS the requisite rest periods;

    d.    Failed to maintain accurate records for Plaintiff JOHN HICKS pursuant to Labor Code §226(a); and

    e.    Failed to pay Plaintiff JOHN HICKS pursuant to Labor Code §203.

PLAINTIFF DAVID VIZCARRA

14.     Plaintiff DAVID VIZCARRA is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

15.     Plaintiff DAVID VIZCARRA has worked for Defendants as a California-based Loan Officer at the Sacramento branch office of New Century in Sacramento County, California.

16.     Plaintiff DAVID VIZCARRA seeks unpaid wages, penalties and other compensation from Defendants because Defendants improperly:

    a.    Failed to pay Plaintiff DAVID VIZCARRA  overtime pay for all overtime hours worked;

    b.    Deprived Plaintiff DAVID VIZCARRA  of the requisite meal periods;

    c.    Failed to authorize and permit Plaintiff DAVID VIZCARRA  the requisite rest periods;

EXHIBIT B PAGE 5 OF 39

- 5 -

**FIFTH AMENDED COMPLAINT**

24

1        d.     Failed to maintain accurate records for Plaintiff DAVID VIZCARRA

2              pursuant to <u>Labor Code</u> §226(a); and

3        e.     Failed to pay Plaintiff DAVID VIZCARRA  pursuant to <u>Labor Code</u>

4              §203.

5  <u>NEW CENTURY DEFENDANTS</u>

6      17.   Defendant NEW CENTURY MORTGAGE CORPORATION is now and/or at

7  all times mentioned in this Complaint was a California corporation and the owner and

8  operator of an industry, business and/or facility licensed to do business and actually doing

9  business in the State of California, as a mortgage lender.

10     18.   Defendant NEW CENTURY FINANCIAL CORPORATION is now and/or at

11  all times mentioned in this complaint was a Maryland corporation and the owner and

12  operator of an industry, business and/or facility licensed to do business and actually doing

13  business in the State of California, as a mortgage lender.

14     19.   Defendant HOME123 CORPORATION, is now and/or at all times mentioned

15  in this complaint was a California corporation and the owner and operator of an industry,

16  business and/or facility licensed to do business and actually doing business in the State of

17  California, as a mortgage lender.

18  <u>MANAGEMENT DEFENDANTS</u>

19     20.   At all relevant times alleged herein, Defendant CARL VERNON was an

20  individual employed by New Century as the president of the retail division and/or in other

21  executive and management capacities and during all relevant times was acting directly or

22  indirectly in the interest of New Century regarding the wrongful conduct alleged herein and

23  during all relevant times had operational control and was directly responsible for the failure

24  to pay statutorily required wages and failure to provide meal and rest periods, as alleged

herein. Accordingly, Defendant CARL VERNON is deemed to be an "Employer" within the meaning of the Fair Standards Labor Act ("FLSA") (29 U.S.C. §203).

21.    At all relevant times alleged herein, Defendant FRANK J. NESE was an individual employed by New Century as the senior vice president and chief marketing officer of retail operations and/or in other executive and management capacities and during all relevant times was acting directly or indirectly in the interest of New Century regarding the wrongful conduct alleged herein and during all relevant times had operational control and was directly responsible for the failure to pay statutorily required wages and failure to provide meal and rest periods, as alleged herein. Accordingly, Defendant FRANK J. NESE is deemed to be an "Employer" within the meaning of the Fair Standards Labor Act ("FLSA") (29 U.S.C. §203).

22.    At all relevant times alleged herein, Defendant WALLACE HAYES was an individual employed by New Century as the assistant vice president and/or in other executive and management capacities and during all relevant times was acting directly or indirectly in the interest of New Century regarding the wrongful conduct alleged herein and during all relevant times had operational control and was directly responsible for the failure to pay statutorily required wages and failure to provide meal and rest periods, as alleged herein. Accordingly, Defendant WALLACE HAYES is deemed to be an "Employer" within the meaning of the Fair Standards Labor Act ("FLSA") (29 U.S.C. §203).

23.    At all relevant times alleged herein, Defendant STEVE CASSILL was an individual employed by New Century as the assistant vice president and/or in other executive and management capacities and during all relevant times was acting directly or indirectly in the interest of New Century regarding the wrongful conduct alleged herein and during all relevant times had operational control and was directly responsible for the failure

-7-

EXHIBIT B PAGE 7 OF 39

26

1    to pay statutorily required wages and failure to provide meal and rest periods, as alleged

2    herein.  Accordingly, Defendant STEVE CASSILL is deemed to be an "Employer" within

3    the meaning of the Fair Standards Labor Act ("FLSA") (29 U.S.C. §203).

4        24.    At all relevant times alleged herein, Defendant NICOLE HAGGARD was an

5    individual employed by New Century as the region manager and/or in other executive and

6    management capacities and during all relevant times was acting directly or indirectly in the

7    interest of New Century regarding the wrongful conduct alleged herein and during all

8    relevant times had operational control and was directly responsible for the failure to pay

9    statutorily required wages and failure to provide meal and rest periods, as alleged herein.

10   Accordingly, Defendant NICOLE HAGGARD is deemed to be an "Employer" within the

11   meaning of the Fair Standards Labor Act ("FLSA") (29 U.S.C. §203).

12       25.    Defendants NEW CENTURY MORTGAGE CORPORATION, NEW

13   CENTURY FINANCIAL CORPORATION, and HOME123 CORPORATION are referred

14   to herein collectively as "New Century."

15       26.    Defendants CARL VERNON, FRANK J. NESE, WALLACE HAYES,

16   STEVE CASSILL and NICOLE HAGGARD are referred to herein collectively as the

17   "Management Defendants".

18       27.    New Century and the Management Defendants are referred to collectively as

19   "Defendants."

20   DOES 8 TO 17, INCLUSIVE

21       28.    DOES 8 to 17, inclusive are now, and/or at all times mentioned in this

22   Complaint were licensed to do business and/or actually doing business in the State of

23   California.

24

EXHIBIT *B* PAGE *8* 39

-8-

**FIFTH AMENDED COMPLAINT**

27

1    29.    Plaintiffs do not know the true names or capacities, whether individual, partner

2  or corporate, of DOES 8 to 17, inclusive and for that reason, DOES 8 to 17 are sued under

3  such fictitious names pursuant to California <u>Code of Civil Procedure</u> ("<u>CCP</u>") §474.

4    30.    Plaintiffs will seek leave of court to amend this Complaint to allege such names

5  and capacities as soon as they are ascertained.

6  <u>ALL DEFENDANTS</u>

7    31.    Defendants, and each of them, are now, and/or at all times mentioned in this

8  Complaint were in some manner legally responsible for the events, happenings and

9  circumstances alleged in this Complaint.

10    32.    Defendants proximately caused Plaintiffs, all others similarly situated and the

11  general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or

12  damages alleged in this Complaint.

13    33.    Defendants, and each of them, are now, and/or at all times mentioned in this

14  Complaint were the agents, servants and/or employees of some or all other Defendants, and

15  vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at

16  all times mentioned in this Complaint were acting within the course and scope of that

17  agency, servitude and/or employment.

18    34.    Defendants, and each of them, are now, and/or at all times mentioned in this

19  Complaint were members of, and/or engaged in, a joint venture, partnership and common

20  enterprise, and acting within the course and scope of, and in pursuance of said joint venture,

21  partnership and common enterprise.

22    35.    Defendants, and each of them, at all times mentioned in this Complaint

23  concurred and contributed to the various acts and omissions of each and every one of the

24

EXHIBIT _B_ PAGE _9_ of _39_

**FIFTH AMENDED COMPLAINT**

28

1   other Defendants in proximately causing the complaints, injuries and/or damages alleged in

2   this Complaint.

3        36.    Defendants, and each of them, at all times mentioned in this Complaint

4   approved of, condoned and/or otherwise ratified each and every one of the acts and/or

5   omissions alleged in this Complaint.

6        37.    Defendants, and each of them, at all times mentioned in this Complaint aided

7   and abetted the acts and omissions of each and every one of the other Defendants thereby

8   proximately causing the damages alleged in this Complaint.

9   **III.**

10   **JURISDICTION AND VENUE**

11        38.    The United States District Court, Central District of California, Santa Ana

12   Division has jurisdiction in this matter because this matter was originally filed in Los Angeles

13   Superior Court but was Removed by Defendants to Federal Court and thereafter assigned to

14   this division.

15        39.    Venue is proper in the Central District of California under 28 USC §1391(a)(2)

16   because a substantial part of the events or omissions giving rise to the claims herein

17   occurred in this District. Defendants operate numerous offices and employ numerous class

18   members in the counties within the Central District of California.

19   **IV.**

20   **CLASS ACTION ALLEGATIONS**

21        40.    FRCP 23(a) states: "One or more members of a class may sue or be sued as

22   representative parties on behalf of all only if (1) the class is so numerous that joinder of all

23   members is impracticable, (2) there are questions of law or fact common to the class, (3)

24   the claims or defenses of the representative parties are typical of the claims or defenses of

-10-

EXHIBIT B  PAGE 10 of 39

**FIFTH AMENDED COMPLAINT**

29

1  the class, and (4) the representative parties will fairly and adequately protect the interests of

2  the class."

3      41.    Plaintiffs bring this suit as a class action pursuant to <u>FRCP</u> 23, on behalf of

4  individuals who are entitled to the monies unlawfully withheld by Defendants.

5      42.    The putative class Plaintiffs will seek to certify is currently composed of and

6  defined as follows:  all current and former employees of Defendants employed in the

7  position of Loan Officer and/or Loan Advisor (including Defendant's job positions with

8  substantially similar titles and duties, including senior loan officer, retail loan officer, and

9  similar titles) employed in the State of California, from March 21, 2001 through the date of

10  entry of an order certifying this case as a class action pursuant to <u>FRCP</u> 23 (the "Class").

11      43.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

12  necessary to amend the definition of the Class. In any event, Plaintiffs will formally define

13  and designate a class definition at such time when Plaintiffs seek to certify the Class alleged

14  herein.

15      44.    <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)): The potential quantity of members of the Class

16  as defined is so numerous that joinder of all members would be unfeasible and impractical.

17  The disposition of their claims through this class action will benefit both the parties and this

18  Court. The quantity of members of the Class is unknown to Plaintiffs at this time, however,

19  it is estimated that the Class numbers greater than 100 individuals. The quantity and identity

20  of such membership is readily ascertainable via inspection of Defendants' records.

21      45.    <u>Questions of Law or Fact Common To The Classes</u> (<u>FRCP</u> 23(a)(2)): There are

22  common questions of law and/or fact as to the members of the Class which predominate

23  over questions affecting only individual members of the Class, including, without

24  limitation:

-11-

EXHIBIT B  PAGE 11 of 39

a.   Whether the members of the Class were expected to and/or mandated to regularly work overtime;

b.   Whether Defendants had a common policy, practice and/or procedure to deny payment of overtime to the Class;

c.   Whether Defendants had a common policy, practice or procedure to prohibit the Class from recording over 8 hours per day, regardless of the number of hours worked by the Class;

d.   The correct method of calculating the regular rate for the Class;

e.   The correct method of calculating unpaid overtime pay;

f.   Whether Defendants failed and continue to fail to provide meal periods to the members of the Class in violation of the Labor Code and IWC Wage Order No. 4, §11;

g.   Whether Defendants failed and continue to fail to authorize and permit members of the Class to take rest periods in violation of the Labor Code and IWC Wage Order No. 4, §12;

h.   Whether Defendants failed to keep adequate records for the members of the Class pursuant to Labor Code 226(a) (and the consequence for such statutory violations if Defendants did not);

i.   Whether the members of the Class are entitled to penalties pursuant to Labor Code §203;

j.   The correct statute of limitations for the claims of the members of the Class;

k.   Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200 and §17203;

B PAGE 12 OF 39

-12-

31

1       l.     Whether Defendants' conduct constitutes unfair business practices

2             within the meaning of B&PC §17200 and §17203;

3       m.   Whether the members of the Class are entitled to compensatory

4             damages, and if so, the means of measuring such damages;

5       n.    Whether the members of the Class are entitled to injunctive relief;

6       o.    Whether the members of the Class are entitled to restitution;

7       p.    Whether Defendants are liable for pre-judgment interest; and

8       q.    Whether Defendants are liable for attorneys' fees and costs.

9     46.    Typicality (FRCP 23(a)(3)): The claims of Plaintiffs DANIEL J. RUBIO,

10 JOHN HICKS and DAVID VIZCARRA are typical of the claims of all members of the

11 Class they respectively seek to represent because all members of the Class sustained injuries

12 and damages arising out of Defendants' common course of conduct in violation of law and

13 the injuries and damages of all members of the Class were caused by Defendants' wrongful

14 conduct in violation of law, as alleged herein.

15    47.    Adequacy (FRCP 23(a)(4)): Plaintiffs DANIEL J. RUBIO, JOHN HICKS and

16 DAVID VIZCARRA:

17       a.    is an adequate representative of the Class they seek to represent;

18       b.    will fairly protect the interests of the members of the Class;

19       c.    has no interests antagonistic to the members of the Class; and

20       d.    will vigorously pursue this suit via attorneys who are competent, skilled

21             and experienced in litigating matters of this type.

22    48.    Superiority (FRCP 23(b)): This action is maintainable as a class action because

23 the prerequisites of FRCP 23(a) are satisfied as outlined above, and in addition:

24

EXHIBIT B PAGE 13 of 39

- 13 -

**FIFTH AMENDED COMPLAINT**

32

a.    California has a public policy which encourages the use of the class action device;

b.    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.    This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.    If each individual member of each of the Class was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Class with Defendants' vastly superior financial and legal resources;

e.    Requiring each individual member of each of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.    Proof of a common business practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein

EXHIBIT _B_ PAGE _14_ OF _39_

**FIFTH AMENDED COMPLAINT**

_33_

1    and will establish the right of each of the members of the Class to

2    recover on the causes of action alleged herein;

3        g.    Absent class treatment, the prosecution of separate actions by the

4    individual members of the Class, even if possible, would likely create:

5            i)    a substantial risk of each individual plaintiff presenting in

6    separate, duplicative proceedings the same or essentially similar

7    arguments and evidence, including expert testimony;

8            ii)    a multiplicity of trials conducted at enormous expense to both the

9    judicial system and the litigants;

10            iii)    inconsistent or varying verdicts or adjudications with respect to

11    the individual members of the Class against Defendants; and

12            iv)    potentially incompatible standards of conduct for Defendants;

13            v)    potentially incompatible legal determinations with respect to

14    individual members of the Class which would, as a practical

15    matter, be dispositive of the interest of the other members of the

16    Class who are not parties to the adjudications or which would

17    substantially impair or impede the ability of the members of the

18    Class to protect their interests.

19        h.    The claims of the individual members of the Class are not sufficiently

20    large to warrant vigorous individual prosecution considering all of the

21    concomitant costs and expenses attending thereto; and

22        i.    Courts seeking to preserve efficiency and other benefits of class actions

23    routinely fashion methods to manage any individual questions. The

24    Supreme Court of California urges trial courts to be procedurally

- 15 -

EXHIBIT B PAGE 15 PG 39

34

**FIFTH AMENDED COMPLAINT**

1    innovative in managing class actions, which have an obligation to

2    consider the use of innovative procedural tools to certify a manageable

3    class.

4    49.    Whether each member of the Class might be required to ultimately justify an

5    individual claim does not preclude maintenance of a class action. <u>Collins v. Rocha</u> (1972) 7

6    Cal.3d 232, 238.

7                                              V.

8                                  <u>CAUSES OF ACTION</u>

9                              **FIRST CAUSE OF ACTION**

10          **RECOVERY OF UNPAID OVERTIME WAGES AND PENALTIES**

11                          **(Against New Century Only)**

12   50.    Plaintiffs incorporate by reference and reallege each and every one of the

13   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

14   set forth herein.

15   51.    <u>Labor Code</u> §204 establishes the fundamental right of all employees in the

16   State of California to be paid wages, including straight time and overtime, in a timely

17   fashion for their work.

18   52.    <u>Labor Code</u> §510(a) provides that "Any work in excess of eight hours in one

19   workday and any work in excess of 40 hours in any one workweek and the first eight hours

20   worked on the seventh day of work in any one workweek shall be compensated at the rate of

21   no less than one and one-half times the regular rate of pay for an employee."

22   53.    <u>Labor Code</u> §510(a) further provides that "Any work in excess of 12 hours in

23   one day shall be compensated shall be compensated at the rate of no less than twice the

24   regular rate of pay for an employee."

EXHIBIT _B_ PAGE _16_ OF _39_

**FIFTH AMENDED COMPLAINT**

35

54.   Labor Code §510(a) further provides that "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensate at the rate of no less than twice the regular rate of pay of an employee.

55.   Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by Wage Orders.

56.   Defendants, as a matter of established company policy, procedure and/or practice, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.    Administered a uniform company policy and practice regarding the duties and responsibilities of the members of the Class;

    b.    Administered a uniform company policy and practice regarding the payment of wages to the members of the Class;

    c.    Had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment with each of the members of the Class;

    d.    Required the members of the Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying straight time or overtime compensation for such excess hours worked;

    e.    Paid the members of the Class with no straight time and/or overtime compensation paid for work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week;

-17-

f.   Failed to keep accurate records of the actual hours worked by the members of the Class;

g.   Did not employ the members of the Class using: i) an alternative workweek schedule adopted pursuant to <u>Labor Code</u> §511; ii) an alternative workweek schedule adopted pursuant a collective bargaining agreement pursuant to <u>Labor Code</u> §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to <u>Labor Code</u> §554;

h.   Disseminated false information throughout Defendants' facilities and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the members of the Class were not entitled to overtime compensation.

57.   Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to <u>Labor Code</u> §218 and §1194(a), to recovery by the members of the Class, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

58.   Defendant's policy and practice prohibited the Class from recording over 8 hours per day or 40 hours per week, even though the Class was required and expected to work substantially more hours to meet production goals.

59.   Pursuant to <u>Labor Code</u> §218.6 and §1194(a) and <u>CC</u> §3287(b) and §3289, the members of the Class seek recovery of pre-judgment interest on all amounts recovered herein.

- 18 -

EXHIBIT B PAGE 18 OF 39

FIFTH AMENDED COMPLAINT

37

60.    Pursuant to <u>Labor Code</u> §218.5 and §1194, the members of the Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA

### (Against New Century and the Management Defendants)

61.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

62.    The Federal <u>Fair Labor Standards Act</u>, 29 U.S.C. §207(a)(1) provides in pertinent part that "…[N]o employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

63.    The Federal <u>Fair Labor Standards Act</u>, 29 U.S.C. §207(i) provides in pertinent part that "No employer shall be deemed to have violated subsection (a) of this section [failing to pay overtime wages for overtime work] by employing any employee *of a retail or service establishment* for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services." (emphasis added).

64.    Thus, an employee is exempt from overtime pay under federal law only if he or she: 1) earns at least one and one half times the minimum wage for all hours worked, 2)

- 19 -

**FIFTH AMENDED COMPLAINT**

38

1 receives over half of his or her compensation from commissions and 3) *is employed by a*

2 *retail or service establishment*.

3     65.    As stated by the United States Department of Labor at 29 C.F.R. §779.316, "It

4 is plain, therefore, that the term "retail or service establishment" as used in the Act does not

5 encompass establishments in industries lacking a "retail concept." Such establishments not

6 having been traditionally regarded as retail or service establishments cannot under any

7 circumstances qualify as a "retail or service establishment" within the statutory definition of

8 the Act, since they fail to meet the first requirement of the statutory definition. Industry

9 usage of the term "retail" is not in itself controlling in determining when business

10 transactions are retail sales under the Act. Judicial authority is quite clear that there are

11 certain good and services which can never be sold at retail."

12     66.    29 C.F.R. §779.317 states in pertinent part: "There are types of establishments

13 in industries where it is not readily apparent whether a retail concept exists and whether or

14 not the exemption can apply. It, therefore, is not possible to give a complete list of the types

15 of establishments that have no retail concept. It is possible, however, to give a partial list of

16 establishments to which the retail concept does not apply. This list is as follows: ... Loan

17 Offices."

18     67.    29 C.F.R. §541.118(a) provides in pertinent part "An employee will be

19 considered to be paid "on a salary basis" within the meaning of the regulations if under his

20 employment agreement he regularly receives each pay period on a weekly, or less frequent

21 basis, a predetermined amount constituting all or part of his compensation, which amount is

22 not subject to reduction because of variations in the quality or quantity of work performed.

23 Subject to the exceptions provided below, the employee must receive his full salary for any

24

EXHIBIT B PAGE 20 of 39

1  week in which he performs any work without regard to the number of days or hours

2  worked."

3      68.    The members of the Class are not exempt from overtime under any exemption

4  under either federal or California law.  During all relevant times herein, all members of the

5  Class were classified and treated by Defendants as non-exempt employees.

6      69.    As employees of a Loan Office whose wages are not paid on a salary basis, the

7  members of the Class cannot be exempt from overtime pay.

8      70.    Defendants, as a matter of established company policy and procedure, at each

9  and every one of the individual facilities owned and/or operated by Defendants,

10  consistently:

11          a.    Administered a uniform company policy and practice regarding the

12          duties and responsibilities of the members of the Class;

13          b.    Administered a uniform company policy and practice regarding the

14          payment of wages to the members of the Class;

15          c.    Scheduled to work and in fact required the members of the Class to work

16          in excess of eight (8) hours per workday and/or in excess of forty (40) hours

17          per workweek; and

18          d.    Failed to pay the members of the Class for all work accomplished in

19          excess of forty (40) hours per week.

20      71.    During all relevant times alleged herein, the Management Defendants were

21  acting directly or indirectly in the interest of New Century in dealing with members of the

22  Class regarding the nonpayment of overtime and other wrongful conduct alleged herein, and

23  are therefore deemed to be an "Employer" within the meaning of the FLSA (29 U.S.C.

24  §203).

-21-

EXHIBIT B PAGE 21 OF 39

**FIFTH AMENDED COMPLAINT**

40

72. During all relevant times alleged herein, the Management Defendants had operational control and/or were directly responsible for the failure to pay statutorily required wages and overtime to the Class based upon the following conduct:

(a) The Management Defendants knew or had reason to know that New Century did not pay the members of the Class proper overtime based upon discussions at weekly and/or monthly meetings attended by members of the Class, the Management Defendants; and team leaders who directly supervised the members of the Class;

(b) The Management Defendants knew or had reason to know that New Century did not pay members of the Class proper overtime based upon reports, emails, and other communications received by the Management Defendants on a regular basis, which indicated that members of the Class worked substantial overtime beyond their scheduled 8 hours per day, 40 hours per week, including but not limited to, group summary reports, reports containing call center records, reports containing LoanTrack data, and reports containing building access information;

(c) During all relevant times alleged herein the Management Defendants knew or had reason to know that New Century did not pay members of the Class proper overtime and the Management Defendants imposed, enforced, and/or were otherwise directly responsible for New Century's failure to pay proper overtime to members of the Class as alleged herein.

73. <u>B&PC</u> §17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...".

-22-

EXHIBIT B PAGE 22 OF 39

74.   B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

75.   B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

76.   Defendants' acts as described herein are unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Order(s), as specifically described herein.

77.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

78.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

79.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

80.   Plaintiffs, on behalf of themselves and all others similarly situated, seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

EXHIBIT B  PAGE 23  29

42

81.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

82.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

83.    Plaintiffs, on behalf of themselves and all others similarly situated, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Against New Century Only)**

84.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86.    Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87.    Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee

-24-

**FIFTH AMENDED COMPLAINT**

EXHIBIT B PAGE 24 OF 39

43

1  with a second meal period of not less than 30 minutes, except that if the total hours worked

2  is no more than 12 hours, the second meal period may be waived by mutual consent of the

3  employer and the employee only if the first meal period was not waived."

4      88.   Labor Code §516 provides that the Industrial Welfare Commission may adopt

5  or amend working condition orders with respect to meal periods for any workers in

6  California consistent with the health and welfare of those workers.

7      89.   IWC Wage Order No. 4, §11(C) states: "Unless the employee is relieved of all

8  duty during a 30 minute meal period, the meal period shall be considered an "on duty "

9  meal period and counted as time worked. An "on duty" meal period shall be permitted only

10  when the nature of the work prevents an employee from being relieved of all duty and when

11  by written agreement between the parties an on-the-job paid meal period is agreed to. The

12  written agreement shall state that the employee may, in writing, revoke the agreement at any

13  time."

14      90.   IWC Wage Order No. 4, §11(D) states: "If an employer fails to provide an

15  employee a meal period in accordance with the applicable provisions of this order, the

16  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

17  compensation for each workday that the meal period is not provided.

18      91.   The members of the Class consistently worked over five (5) hours per shift and

19  therefore were entitled to a meal period of not less than thirty (30) minutes prior to

20  exceeding five (5) hours of employment.

21      92.   The members of the Class did not waive their meal periods, by mutual consent

22  with Defendants or otherwise.

23      93.   The members of the Class did not enter into any written agreement with

24  Defendants agreeing to an on-the-job paid meal period.

EXHIBIT B  PAGE 25 : 39

**FIFTH AMENDED COMPLAINT**

44

94.    Defendants failed to comply with the required meal periods established by Labor Code §226.7, §512 and §516 and IWC Wage Order No. 4, §11.

95.    Pursuant to IWC Wage Order No. 4, §11(D) and Labor Code §226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to penalties in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID REST PERIODS

### (Against New Century Only)

96.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

97.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

98.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

99.    IWC Wage Order No. 4, §12(A) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours

1 | worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

2 | thereof. However, a rest period need not be authorized for employees whose total daily

3 | work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be

4 | counted as hours worked for which there shall be no deduction from wages.

5 |     100.   <u>IWC Wage Order</u> No. 4, §12(B) states: "If an employer fails to provide an

6 | employee a rest period in accordance with the applicable provisions of this order, the

7 | employer shall pay the employee one (1) hour of pay at the employee's regular rate of

8 | compensation for each workday that the rest period is not provided.

9 |     101.   The members of the Class consistently worked over four (4) hours per shift and

10 | therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding

11 | four (4) hours of employment.

12 |     102.   Defendants failed to authorize and permit the required rest periods and

13 | incorrectly considered the members of the Class to be exempt from meal period

14 | requirements established by <u>Labor Code</u> §226.7 and §516 and <u>IWC Wage Order</u> No. 4, §12.

15 |     103.   Pursuant to <u>IWC Wage Order</u> No. 4, §12(B) and <u>Labor Code</u> §226.7(b) (which

16 | requires, in the event that "an employer fails to provide an employee a meal or rest period in

17 | accordance with an applicable order of the industrial Welfare Commission, the employer

18 | shall the employee one additional hour of pay at the employee's regular rate of

19 | compensation for each work day that the meal or rest period is not provided"), the members

20 | of the Class are entitled to penalties in an amount equal to one (1) hour of wages per missed

21 | rest period, in a sum to be proven at trial.

EXHIBIT B PAGE 27 39

**FIFTH AMENDED COMPLAINT**

46

## FIFTH CAUSE OF ACTION

## DENIAL OF OVERTIME COMPENSATION

### [FLSA  29 U.S.C. §207, 211(c), 216(b)]

### (Against New Century and the Management Defendants)

104.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

105.   Under the FLSA 29 U.S.C. §207, Defendants were and are obligated to compensate Plaintiffs and the Class for all hours worked in excess of 40 hours per work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

106.   During all relevant times alleged herein, Plaintiffs and the members of the Class were regularly required to work greatly in excess of 40 hours per week, but were not paid for such overtime.

107.   By failing to pay overtime compensation to Plaintiffs and the members of the Class, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA, which require overtime compensation to non-exempt employees.

108.   As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs and the members of the Class have been damaged, in that they have not received wages due and owing pursuant to the FLSA.

109.   Defendants have made it difficult to account with precision for the unpaid overtime worked by the members of the Class, because they did not keep and preserve the hours worked by such employees as required for such non-exempt employees pursuant to 29 U.S.C. §211(c).

EXHIBIT B PAGE 28    39

47

110.   Defendants' failure to retain records of hours worked by Plaintiffs and members of the Class was willful and deliberate, and designed to serve their policy of unlawfully denying overtime compensation to Plaintiffs and members of the Class.

111.   Pursuant to 29 U.S.C. §216(b) this action is maintainable as an "opt-in" collective action as to the claims for unpaid overtime wages, penalties, unlawfully withheld wages, liquidated damages, costs and attorneys fees under the FLSA.  In addition to the Plaintiffs, numerous members of the Class are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation during the period alleged herein.  Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as Plaintiffs' own interests in bringing this action.  These similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' employment records.  These similarly situated employees should be notified of, and allowed to "opt-in" to this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims, including liquidated damages and attorneys fees under the FLSA.

112.   As a result of the unlawful acts of Defendants, the Plaintiffs and all similarly situated members of the Class have been deprived of overtime compensation in the amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys fees, costs, and other compensation pursuant to 29 U.S.C. §216.  Plaintiffs and other persons employed or formerly employed by Defendants as Loan Officers who may "opt-in" to this collective action request relief as described herein.

EXHIBIT _B_ PAGE _29_ _39_

**FIFTH AMENDED COMPLAINT**

48

# SIXTH CAUSE OF ACTION

## ILLEGAL RECORD KEEPING

### (Against New Century Only)

113.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

114.   Labor Code §226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

115.   Therefore, pursuant to Labor Code §226, California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Class, including but not limited to, beginning and ending of each work period, meal period and rest period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

116.   The members of the Class include all of Defendants' non-exempt employees, including those who Defendants have misclassified as exempt from overtime.

117.   As a pattern and practice, in violation of Labor Code §226(a), Defendants did not furnish each of the members of the Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during

EXHIBIT B PAGE 30  39

**FIFTH AMENDED COMPLAINT**

49

1  each respective pay period and the corresponding number of hours worked at each hourly

2  rate by each respective individual.

3      118.  As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did

4  not maintain accurate records pertaining to the total hours worked for Defendants by the

5  members of the Class, including but not limited to, beginning and ending of each work

6  period, meal period and rest period, the total daily hours worked, and the total hours worked

7  per pay period and applicable rates of pay.

8      119.  Plaintiffs and all others similarly situated have suffered injury as a result of

9  Defendants' failure to maintain accurate records for the members of the Class in that the

10  members of the Class were not timely provided written accurate itemized statements

11  showing all requisite information, including but not limited to total hours worked by the

12  employee, net wages earned and all applicable hourly rates in effect during the pay period

13  and the corresponding number of hours worked at each hourly rate, in violation of <u>Labor</u>

14  <u>Code</u> §226, such that the members of the Class were misled by Defendants as to the correct

15  information regarding various items, including but not limited to total hours worked by the

16  employee, net wages earned and all applicable hourly rates in effect during the pay period

17  and the corresponding number of hours worked at each hourly rate.

18      120.  Pursuant to <u>Labor Code</u> §226(e), the members of the Class are entitled to

19  penalties as follows:

20          a.    Fifty dollars ($50.00) per employee for the initial pay period in which a

21          violation occurs; and

22          b.    One hundred dollars ($100.00) per employee for each violation in a

23          subsequent pay period.

24

EXHIBIT B PAGE 31 of 39

**FIFTH AMENDED COMPLAINT**

50

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE §203

### (Against New Century Only)

121.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

122.   Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until and action therefor is commenced; but the wages shall not continue for more than thirty (30) days.

123.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of Defendants' former employees, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment, or proof.

124.   The members of the Class are no longer employed by Defendants. They were either discharged from or quit Defendants' employ.

125.   Defendants willfully failed to pay the members of the Class a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

126.   Defendants' willful failure to pay wages to the members of the Class violates Labor Code §203 because Defendants knew wages were due to the members of the Class, but Defendants failed to pay them.

-32-

EXHIBIT _B_ PAGE _32_ _39_

51

127.   Thus, the members of the Class are entitled to penalties pursuant to <u>Labor Code</u> §203, in the amount of each Class members' daily wage multiplied by thirty (30) days.

## EIGHTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of Plaintiffs and the General Public)

### (Against New Century Only)

128.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

129.   Plaintiffs also bring this action for the benefit of the public, who are entitled to restitution of funds being improperly withheld by Defendants.

130.   Defendants have engaged in unlawful, deceptive and unfair business practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and members of the general public of the minimum working standards and conditions due to them under the California labor laws and the <u>Wage Orders</u> as specifically described herein.

131.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the proper compensation.

132.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

EXHIBIT B PAGE 33 : 39

52

1    133.   Plaintiffs, on behalf of the general public, seek full restitution from Defendants,

2  as necessary and according to proof, to restore any and all monies withheld, acquired and/or

3  converted by Defendants by means of the unfair practices complained of herein.

4    134.   Further, if Defendants are not enjoined from the conduct set forth above,

5  Defendants will continue to practice, employ and utilize the employment practices outlined

6  in the preceding paragraphs.

7    135.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent

8  injunction prohibiting Defendants from engaging in the foregoing conduct.

9    136.   Plaintiffs, on behalf of the general public, seek the appointment of a receiver,

10  as necessary, to establish the total monetary relief sought from Defendants.

11

**VI.**

12

**PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiffs pray:

14    a.   That the Court issue an Order certifying the Classes herein, appointing the

15  named Plaintiff(s) as representative of all others similarly situated, and appointing the law

16  firm(s) representing the named Plaintiff(s) as counsel for the members of the Classes;

17  <u>As to the First Cause of Action for Unpaid Overtime Wages</u>:

18    b.   For damages, as set forth in <u>Labor Code</u> §1194(a) and <u>IWC Wage Order</u> No. 4

19  regarding wages due and owing, according to proof;

20    c.   For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u>

21  §1194(a) and <u>CC</u> §3287;

22    d.   For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u>

23  §218.5 and <u>Labor Code</u> §1194(a);

24

EXHIBIT $B$ PAGE $34$ - $39$

**FIFTH AMENDED COMPLAINT**

$53$

1    <u>As to the Second Cause of Action for Restitution for Failure to Pay Overtime Wages</u>:

2      e.  For an accounting, under administration of Plaintiffs and/or the receiver and

3    subject to Court review, to determine the amount to be returned by Defendants, and the

4    amounts to be refunded to members of the Class who are owed monies by Defendants;

5      f.  For an Order requiring Defendants to identify each member of the FLSA

6    Classes by name, home address, and home telephone number;

7      g.  For an Order requiring Defendants to make full restitution and payment

8    pursuant to California law;

9      h.  For an Order for a preliminary and/or permanent injunction prohibiting

10    Defendants from engaging in the acts complained of herein;

11      i.  For the creation of an administrative process wherein each injured member of

12    the Classes may submit a claim in order to receive his/her money;

13      j.  For all other appropriate injunctive, declaratory and equitable relief;

14      k.  For interest to the extent permitted by law;

15      l.  For an award of attorneys' fees and costs incurred in the investigation, filing

16    and prosecution of this action pursuant to <u>B&PC</u> §§17200, et seq.;

17    <u>As to the Third Cause of Action for Failure to Provide Meal Periods</u>:

18      m.  For penalties amounting to one (1) hour of pay at the each employee's regular

19    rate of compensation for each workday that a meal period was not provided;

20    <u>As to the Fourth Cause of Action for Failure to Provide Paid Rest Periods</u>:

21      n.  For penalties amounting to one (1) hour of pay at the each employee's regular

22    rate of compensation for each workday that a rest period was not provided;

23    <u>As to the Fifth Cause of Action for Denial of Overtime Compensation</u>:

24      o.  That this action be certified as a collective action under 29 U.S.C. §216;

EXHIBIT B PAGE 35 ∵ 39

54

1      p.      That notice of the collective action and opportunity to opt-in be provided to all

2  members of the Class, and all others similarly situated;

3      q.      All actual, consequential, liquidated and incidental losses and damages, and all

4  remedies authorized by the FLSA, according to proof at trial;

5      r.      Such other damages as may be allowed in accordance with the Federal Rules of

6  Civil Procedure and 29 U.S.C. §216(b) according to proof at trial;

7      s.      Liquidated damages, attorneys fees, and costs pursuant to 29 U.S.C. §216(b),

8      t.      Any and all other relief, including equitable relief, as the Court may deem just

9  and proper.

10  As to the Sixth Cause of Action for Illegal Record Keeping:

11     u.      For penalties as authorized by Labor Code §226(e);

12  As to the Seventh Cause of Action for Penalties Pursuant to Labor Code §203:

13     v.      For penalties as authorized by Labor Code §203;

14  As to the Eighth Cause of Action for Unfair Business Practices:

15     w.      For an accounting, under administration of Plaintiffs and/or the receiver and

16  subject to Court review, to determine the amount to be returned by Defendants, and the

17  amounts to be refunded to members of the Classes who are owed monies by Defendants;

18     x.      For an Order requiring Defendants to identify each of the members of the

19  Classes by name, home address, and home telephone number;

20     y.      For an Order requiring Defendants to make full restitution and payment

21  pursuant to Labor Code §§200, et seq., §§500, et seq. and/or §§1194;

22     z.      For an Order for a preliminary and/or permanent injunction prohibiting

23  Defendants from engaging in the acts complained of herein;

24

EXHIBIT B PAGE 36 OF 39

**FIFTH AMENDED COMPLAINT**

55

1    aa.    For the creation of an administrative process wherein each injured member of

2  the Classes may submit a claim in order to receive his/her money;

3    bb.    For all other appropriate declaratory and equitable relief;

4    cc.    For interest to the extent permitted by law;

5    dd.    For an award of attorneys' fees and costs incurred in the investigation, filing

6  and prosecution of this action pursuant to CCP §1021.5, B&PC §§17200, et seq., Labor

7  Code §1194 and/or any other applicable provision of law;

8  As to All Causes of Action:

9    bb.    For such other and further relief as this Court may deem just and proper; and

10    cc.    For reasonable attorneys' fees and costs incurred.

11

12  Dated: April 2 , 2007          **TRUSH LAW OFFICES**
                                **LAW OFFICES OF KEVIN T. BARNES**

13

14                    By: _____

15                        James M. Trush, Esq.
                          Kevin T. Barnes, Esq.

16                        Gregg Lander, Esq.
                          Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

- 37 -

EXHIBIT B PAGE 37 39

**FIFTH AMENDED COMPLAINT**

56

1

## DEMAND FOR JURY TRIAL

2

3

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

4

5    Dated: April 2, 2007          **TRUSH LAW OFFICES**
                                    **LAW OFFICES OF KEVIN T. BARNES**
6

7

8    By: _____

         James M. Trush, Esq.

9        Kevin T. Barnes, Esq.
         Gregg Lander, Esq.
         Attorneys for Plaintiffs

10

M:\Rubio\Pld\USDistCrt\5th Amend Complaint 03-30-07

11

12

13

14

15

16

17

18

19

20

21

22

23

24

- 38 -                          EXHIBIT B PAGE 38    39

**FIFTH AMENDED COMPLAINT**

57

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 years and not a party to this action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626-7187, which is located in Orange County, where the service herein occurred.

On **April** _2_ , **2007**, I served the attached document(s) described as:

## FIFTH AMENDED COMPLAINT

on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Greg S. Labate, Esq. | Kevin T. Barnes, Esq. |
| Kimberly A. Letcher, Esq. | Gregg Lander, Esq. |
| SHEPPARD MULLIN RICHTER | LAW OFFICES OF KEVIN T. BARNES |
| & HAMPTON LLP | 5670 Wilshire Blvd., Suite 1460 |
| 650 Town Center Drive, 4th Floor | Los Angeles, CA 90036-5627 |
| Costa Mesa, CA 92626-1993 | Tel: (323) 549-9100 |
| Tel.: (714) 513-5100 | Fax: (323) 549-0101 |
| Fax: (714) 513-5130 | Email: Barnes@kbarnes.com |
| Email: GLabate@sheppardmullin.com | |

using the following service method(s):

__X__ **VIA MAIL:** I deposited the document(s) to be served at a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **April** _2_ , **2007**, at Costa Mesa, California.

_Dee Davis_
Dee Davis

**FIFTH AMENDED COMPLAINT**

EXHIBIT _B_ PAGE _39_ OF _39_

_58_