# EXHIBIT C

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

May 1, 2007

**CONFIDENTIAL: ATTORNEY-CLIENT
PRIVILEGED COMMUNICATION**

**VIA U.S. MAIL AND FACSIMILE TO:**

Monika McCarthy, Esq.
New Century Financial Corporation
18400 Von Karman
Suite #1000
Irvine, CA 92612

Re: Engagement of Irell & Manella LLP

Dear Monika:

We are pleased that you have asked Irell & Manella LLP (the "Firm") to represent New Century Financial Corporation and its subsidiaries and affiliates that are debtors in possession in any of the jointly administered bankruptcy cases under Case No. 07-10416(KJC) (collectively, the "Clients") with respect to various litigation and insurance coverage matters. At this time, the request for assistance specifically encompasses advice and representation with respect to defense of a class action lawsuit entitled Austin, et al. v. Clients TRS Holdings, Inc. and the Clients' insurance policies and insurance coverage. It is anticipated by the parties that additional litigation, insurance and bankruptcy matters may present themselves. This letter, attached Standard Terms of Retention and the terms of the application to employ the Firm shall govern the present representation and, unless superseded in a signed writing, any other matter the Firm may agree to undertake on the Client's behalf.

The Firm's employment as special litigation and insurance counsel does not include the provision of advice with respect to matters involving taxation, securities, environmental, labor, criminal, real estate, or other specialized areas of law. Finally, the limited scope of our employment as Client's special litigation and insurance counsel does not include giving attention to, forming professional opinions as to, or advising you with respect to, disclosure obligations under federal securities or other non-bankruptcy laws or agreements. Should you decide to expand the scope of the Firm's representation with respect to this matter, a separate written agreement and, potentially Bankruptcy Court approval, will be necessary.

The Firm's fees for legal services are based on the time spent working on the Client's representation. The hourly rates of the Firm's professional staff range from $575 to $790 for

1685724

Exhibit C
Page _____

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monika McCarthy, Esq.
May 1, 2007
Page 2

partners, $560 to $820 for of-counsel and senior counsel, $275 to $560 for associates, and $110 to $350 in the case of litigation support and legal assistants. Some attorneys may have higher rates than the schedule indicated here due to special expertise and other factors. While we do not yet know the identity of all of the individuals that will be assigned to your matters, I expect all of the work to be supervised by Kenneth Heitz. Ken's current rate is $790 per hour. With respect to litigation matters, Ken is expected to be assisted by Stephanie Kaufman and Glenn Vanzura. Their guideline hourly rates are $610 and $365, respectively. With respect to insurance matters, Ken is expected to be assisted by Marc Maister and Brian Bark. Their guideline hourly rates are $780 and $530, respectively. The hourly billing rates are adjusted periodically, and the applicable rates shall be those in effect at the time the particular services are rendered. The Firm also separately charges for expenses and other costs incurred in connection with rendering its services, as described more fully in the Standard Terms of Retention.

The Firm has agreed to forego payment of a retainer at this time given its understanding that the Bankruptcy Court has adopted payment procedures that provide for payment of eighty percent of fees and one hundred percent of costs on a monthly basis, subject to a payment of additional allowed fees every four months. Should the procedure not be applied to the Firm, or the allowance of fees and costs result in payment of fees and costs materially less than the amount invoiced for same, the Firm reserves the right to withdraw from the representation of Clients and/or seek provision of an agreed-upon retainer as a condition of its continued representation. Clients have agreed that they are jointly and severally liable for fees and expenses incurred on their mutual behalf.

You agree that (a) if I&M determines, in the exercise of its sole discretion, that an actual conflict of interest has arisen between any of the Clients rendering it inappropriate for I&M to continue its current joint representation; or (b) if any of the Clients determine to withdraw from the joint representation for any reason, then I&M shall have the authority to file an application for guidance with the Bankruptcy Court concerning the scope of its continued representation.

Because of the specialized nature of our bankruptcy practice, from time to time the Firm concurrently may represent one client in a particular case and the adversary of that client in an unrelated case, as summarized more specifically below. Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case.

While representing Clients, the Firm may represent a debtor of Clients or of one or more of its affiliates, or an entity in which Clients or one or more of their affiliates has made an investment, as a debtor in a reorganization case or in connection with out-of-court negotiations concerning the entity's ability to pay its debts generally.

Exhibit C
Page _____

1685724

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monika McCarthy, Esq.
May 1, 2007
Page 3

The Firm will render to Clients periodic billings, typically monthly, for fees and costs. The Firm also separately charges for expenses and other costs incurred in connection with rendering its services, as described more fully in the Standard Terms of Retention. The amounts reflected on the Firm's invoices are due within 30 days of the date of each statement.

Clients consent to our representation, in unrelated matters, of entities that may be indebted to Clients or to one or more of their affiliates or in which Clients or one or more of their affiliates might directly or indirectly own an equity interest. Clients also agree that they do not consider such concurrent representations of Clients or their affiliates and any such adversary to be inappropriate, and therefore waive any objections to any such present or future concurrent representation.

The Firm, while representing Clients, also may represent a creditor or equity security holders of Clients in a matter not involving Clients. The Firm also may represent a creditor or equity security holders in a case involving a debtor that also is indebted to Clients or their affiliates. The pertinent debtor could be a debtor in a reorganization case or involved in out-of-court negotiations with its creditors and interest holders.

Clients consent to our representation, in unrelated matters, of creditors of Clients in connection with claims against or equity security interests in debtors other than Clients, or in connection with claims asserted against or equity security interests in debtors that are also indebted to Clients or their affiliates (or debtors in which Clients or their affiliates directly or indirectly own an equity interest). Clients also agree that they it do not consider such concurrent representations to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation.

Also, please note that several attorneys at the Firm have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms, companies and government agencies. I&M has strict policies against disclosing confidential information to anyone outside the firm, including spouses, parents, children, siblings, fiancés and fiancées. You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

Conflict waivers are a serious matter, and it is our practice to recommend that clients consult with independent counsel before agreeing to such a waiver. The foregoing disclosures will also be made to the Bankruptcy Court.

Clients acknowledge and agree, by the signature of their authorized representative below, that if the Bankruptcy Court does not approve the representation described herein, then I&M will not be required to continue rendering services to any or all of the Clients, as I&M determines is appropriate under the circumstances.

1685724



Exhibit _____ C _____
Page _____

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monika McCarthy, Esq.
May 1, 2007
Page 4


Subject to the approval of the Bankruptcy Court, this agreement shall be effective as of the date on which the Firm first rendered services to Clients.

Please note that the Standard Terms of Retention provide, with one exception, that any dispute between the Firm and Clients shall be determined by mandatory, binding arbitration. The only exception is a dispute over fees or costs, because under California Business & Professions Code section 6204(a) an attorney and client can only agree to binding arbitration of a dispute over fees or costs after it has arisen. The Firm understands that the Bankruptcy Court may instead decide to determine any such disputes.

We appreciate the confidence you have placed in us and we look forward to working with you. If this letter and the attached Standard Terms of Retention accurately set forth our mutual understanding, please sign and date the enclosed copy and return it to me.

Sincerely,

Jeffrey M. Reisner
for IRELL & MANELLA LLP

1685724

Exhibit C
Page _____

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monika McCarthy, Esq.
May 1, 2007
Page 5

     THE CLIENTS HEREBY AGREE THAT THE TERMS AND CONDITIONS IN THIS LETTER AND THE ACCOMPANYING STANDARD TERMS OF RETENTION SHALL APPLY TO SERVICES RENDERED BY IRELL & MANELLA LLP ON THE CLIENTS' BEHALF.

     BY SIGNING THIS AGREEMENT, AND AS FURTHER SET FORTH IN THE ATTACHED TERMS OF RETENTION, THE CLIENTS ARE AGREEING TO BINDING ARBITRATION OF DISPUTES (EXCEPT DISPUTES OVER FEES AND COSTS), WHETHER AS TO QUALITY OF SERVICES RENDERED, THE ARBITRABILITY OF THE DISPUTE, OR OTHERWISE, AND THE CLIENT IS GIVING UP THE RIGHT TO A JURY OR COURT TRIAL. THE FIRM ENCOURAGES THE CLIENTS TO HAVE THIS AGREEMENT REVIEWED BEFORE EXECUTION BY INDEPENDENT COUNSEL ACTING ON THE CLIENTS' BEHALF.

                                              New Century Financial Corporation, on behalf of itself and its subsidiaries and its affiliates that are debtors in possession and jointly administered under Case No. 07-10416 (KJC)

Dated: 5-3-07

By: _____
Monika McCarthy
Its: SVP & Asst. General Counsel

1685724

Exhibit C
Page _____

## STANDARD TERMS OF RETENTION
## OF IRELL & MANELLA LLP

Except as modified in writing by the accompanying engagement agreement or in another writing signed by the Firm and the Client, the following provisions shall apply to the relationship between the Firm and the Client:

1. **Fees.** Fees for the Firm's services shall be based on time spent and the hourly billing rates in effect at the time that the services are performed. The billing rates of the Firm's attorneys, legal assistants, clerks, and other timekeepers vary, depending generally on the experience and capabilities of the persons involved, and the Firm adjusts these rates from time to time. The time for which the Client will be charged includes, but is not limited to, time spent in telephone and office conferences with the Client and with other counsel, witnesses, consultants, court personnel and others; conferences among the Firm's legal personnel; factual investigation; legal research; responding to the Client's requests for the Firm to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, agreements, pleadings, briefs and other documents; traveling; waiting in court; and depositions and other discovery proceedings. The Firm's customary practice is for each timekeeper to aggregate the activities performed on a given matter during a particular day (i.e., time is not broken out for individual tasks where more than one task is performed in a block of time), and the Client agrees that this practice is permitted. Moreover, the Firm may, in its good faith discretion,

   (a) consistent with a "team approach," use multiple personnel, including multiple attorneys, on the same or similar activities and may charge for each individual involved in such activities, including but not limited to (i) preparing for and attending depositions, (ii) preparing for and attending court hearings, (iii) preparing for and attending meetings with the Client or others, or in conversations with the Client or others, and (iv) engaging in intra-office conferences between and amongst lawyers, paralegals, and others,

   (b) perform and charge for legal research, as well as for subsequently performed legal research on the same topic,

   (c) engage in and charge for summarization of transcripts of depositions and court appearances by personnel or lawyers of the Firm's choice,

   (d) engage in and charge for time expended on administrative and clerical activities (including but not limited to time expended on copying and duplicating services, filing documents, proofreading, retrieving documents from files, and organizing documents), even when legal knowledge is not required) in accordance with the Firm's standard practice.

2. **Costs and In-House Services.** In addition to fees, the Firm will bill, typically monthly, for costs and expenses incurred and ancillary services provided such as photocopying, messenger and delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals and ground transportation), long-distance telephone, telecopying, word processing, secretarial overtime, court costs and filing fees. Certain of such items may be charged at more than the Firm's direct cost to cover its estimated associated overhead, but will not include any administrative overhead. Unless special arrangements are made, the Firm does not take responsibility for paying fees and expenses of third parties, which will be the Client's responsibility and may be billed directly to the Client.

3. **Retainer.** In addition to any retainer to which we have currently agreed, the Firm reserves the right, as a condition to the provision of further services, to require an increase in the retainer in the event that the amount of work which the Firm is called upon to perform, or expenses the Firm is required to incur or advance exceeds the Firm's current expectation, or in the event of any failure to make timely payment of the Firm's invoices.

1685724.2 06



Exhibit ___C___

Page _____

4. **Estimates Not Binding.** Although the Firm may furnish estimates of fees or costs that are anticipated will be incurred, these estimates shall not be binding, are subject to unforeseen circumstances, and are by their nature inexact.

5. **Billing and Payment.** Fees and expenses will generally be billed monthly and are due and payable within 30 days of the date of our statement. The Firm expects prompt payment. The Firm reserves the right to postpone or defer providing additional services or to discontinue the representation if billed amounts are not paid when due.

6. **Cooperation.** The Client will cooperate fully in the Firm's efforts on the Client's behalf

7. **Termination By The Client.** The Client has the right at any time, in the Client's sole discretion, to terminate the Firm's services and representation  Upon termination, the Client will remain obligated to pay for all services rendered and costs or expenses paid or incurred on the Client's behalf prior to the date of such termination or which are reasonably necessary thereafter.

8. **Termination By The Firm.** The Firm reserves the right to withdraw from representing the Client if, among other things, the Client fails to honor the terms of this engagement agreement, the Client fails to make timely payment of any invoice, the Client fails to cooperate or follow the Firm's advice on a material matter, or any fact or circumstance arises that, in the Firm's view, renders our continuing representation unlawful or unethical. If the Firm elects to withdraw, the Client will take all steps necessary to free the Firm of any obligation to perform further services, including the execution of any documents necessary to complete the Firm's withdrawal, and the Firm will be entitled to be paid at the time of withdrawal for all services rendered and costs and expenses paid or incurred on the Client's behalf.

9. **Date Of Termination.** The Firm's representation of the Client will be considered terminated at the earlier of (i) the Client's termination of the representation, (ii) the Firm's withdrawal from the representation, or (iii) the substantial completion of the Firm's substantive work for the Client.

10. **Related Activities.** If any claim or action is brought against the Firm or any of its personnel based on the Client's negligence or misconduct, or if any employee of the Firm is asked or required to testify or produce documents as a result of the Firm's representation of the Client or must defend the confidentiality of the Client's communications in any proceeding, the Client agrees to pay the Firm for any resulting costs or damages, including the Firm's time, even if the Firm's representation of the Client has ended.

11. **No Guarantee of Outcome.** The Firm does not and cannot guarantee any outcome in a matter.

12. **Client.** The Firm's client for the purpose of its representation is only the person or entity identified as the Client in the engagement agreement accompanying these Standard Terms of Retention Unless expressly agreed in a signed writing, the Firm is not undertaking the representation of any related or affiliated person or entity, nor any parent, brother-sister, subsidiary, or affiliated corporation or entity, nor any of their or the Client's officers, directors, agents, partners, or employees

13. **Cooperation Relating to the Firm's Professional Responsibilities; Notice of Material Client Events.** The Client will cooperate with the Firm in efforts to comply with the Firm's professional responsibilities relating to the representation. including responsibilities relating to conflicts of interest as well as other matters. Without limiting the foregoing, the Client (i) acknowledges that any change of control, merger, consolidation, recapitalization, insolvency, bankruptcy, reorganization, acquisition or sale of material assets or equity interests, or similar transaction or event involving the Client (any such transaction or event, a "Material Client Event") may have conflict-of-interest and other implications for the Firm's representation of Client, and (ii) in order to provide the Firm with a reasonable opportunity to evaluate and address any such implications adequately, the Client agrees to notify the Firm promptly in writing of any such Material Client Event and to provide the Firm such information as it may reasonably request relating to such Material Client Event.

1685724 2 06



- 7Exhibit ___C___

Page_____

14. **Payment Notwithstanding Dispute.** In the event of any dispute that relates to the Firm's entitlement to any payment, all undisputed amounts shall be paid by the Client. Any amounts held by the Firm in any trust account on the Client's behalf, sufficient to pay the disputed amounts, shall continue to be held in such trust account until the final disposition of the dispute.

15. **Document Retention and Destruction.** In the course of the Firm's representation, the Firm is likely to come into possession of copies or originals of documents or other materials belonging to the Client or others (collectively, "materials"). Once the particular matter to which those materials relate has been concluded, the Firm will have no further responsibility to maintain such materials. If the Client has not sought the return of such materials within one year of the closing of the matter to which such materials relate, the Firm will have the right to destroy those materials.

16. **Attorneys' Lien.** The Client hereby grants to the Firm a contractual lien pursuant to California Civil Code Section 2881 on any and all claims or causes of action (and all proceeds thereof) that are the subject of the Firm's representation of the Client. This attorneys' lien will be for any sums due and owing to the Firm for its services and any amounts advanced by the Firm on the Client's behalf. This lien will attach to any recovery that the Client may obtain, whether by arbitration, mediation, judgment, settlement or otherwise. If requested by the Firm, the Client agrees to execute a financing statement (UCC-1) in connection with the lien granted to us hereby.

17. **Scope of Representation; Application To Subsequent Matters.** The scope of the Firm's representation of the Client is limited to the specific matter or matters identified in the accompanying engagement agreement, and such additional matters as the Client and the Firm may in their mutual discretion agree from time to time. In each case, the Firm's agreement to any expansion of the scope of its representation of the Client will be subject, among other things, to such additional conflict checks, waivers, retainers, approvals and other arrangements as the Firm may in its professional judgment deem necessary or appropriate in the circumstances. Except as otherwise expressly provided in any written engagement agreement (or a written amendment of a prior engagement agreement) between the Firm and Client entered into in connection with such expansion of the scope of the Firm's representation, the agreement reflected in these Standard Terms of Retention, and in the accompanying engagement agreement, applies to the Firm's current representation of the Client and to any subsequent matters that the Firm agrees to undertake on the Client's behalf.

18. **No Third-Party Beneficiaries.** The Client acknowledges and agrees that there are no third-party beneficiaries of any kind to the Firm's engagement.

19. **No Modification Except By Signed Writing.** No provision of the engagement agreement or the Standard Terms of Retention can be waived, modified, amended, or supplemented except in a writing that is signed by an authorized representative of the Firm and the Client.

20. **Integrated Agreement.** The engagement agreement and the Standard Terms of Retention constitute the entire understanding and contract between the Client and the Firm with respect to the subject matter referred to herein. Any and all other representations, understandings, or agreements, whether oral, written, or implied, are merged into and superseded by the terms of the engagement letter and the Standard Terms of Retention.

21. **Headings.** The subject headings used in the Standard Terms of Retention are included for purposes of convenience only, and shall not affect the construction or interpretation of any provisions of this document.

22. **Arbitration.** CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 6204(a) PROVIDES THAT AN ATTORNEY AND CLIENT CANNOT AGREE TO MANDATORY AND BINDING ARBITRATION OF A DISPUTE CONCERNING FEES OR COSTS BEFORE SUCH A DISPUTE HAS ARISEN. THE FIRM AND THE CLIENT AGREE THAT ANY DISPUTE BETWEEN THEM, EXCEPT FOR A DISPUTE CONCERNING THE FIRM'S FEES AND COSTS, REGARDING ANY MATTER


8  Exhibit C
Page

1685724.2 06

RELATED TO OR ARISING OUT OF THE FIRM'S ENGAGEMENT BY THE CLIENT, OR ANY PARTY'S PERFORMANCE OF THE AGREEMENT GOVERNING THE FIRM'S SERVICES, INCLUDING THE QUALITY OF THE SERVICES THAT THE FIRM RENDERS, SHALL BE RESOLVED BY CONFIDENTIAL ARBITRATION IN LOS ANGELES, CALIFORNIA. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE FIRM AND THE CLIENT AGREE THAT ALL QUESTIONS AS TO WHETHER OR NOT AN ISSUE CONSTITUTES A DISPUTE SUBJECT TO ARBITRATION UNDER THIS SECTION SHALL THEMSELVES BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THIS SECTION 22. ANY AWARD SHALL BE FINAL, BINDING AND CONCLUSIVE UPON THE PARTIES, AND A JUDGMENT RENDERED THEREON MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. THE PREVAILING PARTY IN ANY ARBITRATION, OR IN ANY LITIGATION BETWEEN THE PARTIES, SHALL BE ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES AND COSTS FROM THE NON-PREVAILING PARTY.

Arbitration may be demanded by the sending of written notice to the other party. If arbitration is demanded, within 20 days of the demand the Client shall present a list of 5 qualified individuals who would be willing to serve that the Client would find acceptable to act as arbitrator. To serve as arbitrator, the individual must be a retired judge having served on any federal court or the California Superior Court or higher court in the State of California. Within 20 days of receiving the Client's list, the Firm may at its sole discretion (i) select any individual from that list and that individual shall serve as the arbitrator, or (i) propose the Firm's own list of 5 individuals for arbitrator. If the Firm chooses to present a separate list, the Client may within 20 days select any individual from that list and that person shall serve as arbitrator. If no arbitrator can be agreed upon at the end of this process, each party shall select one individual from such party's own respective list and those two persons shall jointly select the arbitrator. The arbitration shall be conducted pursuant to the procedures set forth in the California Code of Civil Procedure §§ 1280, et seq., and in that connection the Firm and the Client agree that Section 1283.05 thereof is applicable to any such arbitration.

In the event of any failure to select an arbitrator pursuant to the process described in the preceding paragraph (including, but not limited to any failure to participate in that process), the Firm and the Client reserve the right either (i) to enforce the arbitration agreement in any court having jurisdiction or (ii) submit the dispute to either the American Arbitration Association ("AAA") or JAMS ("JAMS") for resolution in accordance with their applicable rules, to the extent that those rules are not inconsistent with the procedures set forth in the California Code of Civil Procedure §§ 1280, et seq., and in that connection the Firm and the Client agree that Section 1283.05 thereof is applicable to any such arbitration. In addition, the arbitrator in any proceeding submitted to the AAA or JAMS must be a retired judge having served on any federal court or the California Superior Court or higher court in the State of California.