HEARING:  MAY 21, 2007, 10:00 A.M.
OBJECTIONS:  MAY 14, 2007

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter. 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC. a ) | Case No.: 07-10416 (KJC) |
| SERVICES, INC., et al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Ref. No. 526 |

**REGIONS BANK'S RESPONSE AND OPPOSITION TO MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR A PROCEDURE TO GRANT RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS <u>PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE</u>**

Regions Bank, d/b/a Regions Mortgage, its assignees and/or successors in interest ("Regions" herein) hereby opposes the Debtors' Motion and as reasons states:

1. The proposal that a senior lienholder pay $1,000 to the junior lienholder is unfair and unprecedented. It is not accurate to state that the senior lienholders' expense per loan will exceed $1,000.00 in all instances. In many instances, the senior lienholder will not be able to recover any payment to the debtor. Moreover, in most instances, debtor created the situation requiring the relief, and as such, it is unfair to require the senior lienholder to pay the debtors to cure the problem which the debtors have created.

2. As part of bundling 80% / 20% package loans, the debtors issued many of the first mortgages which are and will be seeking to foreclose. The debtor then sold off many of the risky first mortgages. The $1,000 fee is a transparent attempt to change the terms of the sale of the first loans from New Century to the next holder of the mortgages, by increasing the cost to the purchaser and thereby increasing the purchase price by $1,000 per loan.

3. On information and belief, the debtor has sold most, if not all of its portfolio of loans. Upon completion of the sales, the junior mortgages formerly owned by the debtors will

no longer be property of the debtors' estates. The Automatic Stay terminates with regard to actions against property when the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Accordingly, the Automatic Stay should terminate with regard to the debtor's junior mortgages in the very near future, probably before the proposed 45 day period expires on the first request which the debtors' would receive under their proposed procedure. If this case follows the pattern of other sub-prime portfolio sales, the purchaser(s) will not file record title changes of ownership (Assignments) on many of the loans. While the Stay will be terminated, because the debtor will still be listed as the record owner of junior mortgage, an Order from this Court will be required formally terminating the stay. The debtor's Motion fails to provide a procedure for a quick and simple order terminating the stay in instances where the junior loan have been sold. Further, it will be inappropriate to pay the debtor $1,000 to secure a formal termination of the stay Order on assets which it no longer owns, but for which it did not ensure that record title was corrected (e.g., the actual recording of an Assignment).

4. State Court judges will be reluctant to accept a "negative notice" termination of the automatic stay. The debtors' motion fails to provide for a mechanism for securing an affirmative Order which terminates the Stay when needed.

5. The period of 45 days proposed by the Debtors for the time for the response of the debtors 'to any submission is too long.

6. The debtors' statement that this Motion does not involve novel issues (p. 7, para. 14) is wrong. The proposed $1,000 payment from the senior lienholder to the junior lienholder is unprecedented and inappropriate. Ten calendar days is insufficient notice where the debtors seek an Order which affects tens of thousands of senior loans (as contrasted to the Debtors proposing the response time for a single property request of 45 days). Further, because this Motion affects the many sub-prime loans which this debtor issued then sold off to sub-prime secondary market holders, the debtors should be required to provide notice to each sub-prime secondary market mortgage holder to which it has sold loans. Notice to the Committee and U.S. Trustee is insufficient.

WHEREFORE, Regions respectfully requests that the debtors' Motion be denied, and for such other relief as this Court deems appropriate.

Dated: 5/14/07

By: /s/ Richard D. Becker
   RICHARD D. BECKER, ESQUIRE (#2203)
Becker & Becker, P.A.
2702 Capitol Trail
Newark, DE  19711
(302) 654-5374
rickbecker@comcast.net
Counsel for Regions Bank