IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:  NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,  Debtors. | )  Chapter 11 )  )  )  Case No. 07-10416 (KJC) )  ) |

**LIMITED OBJECTION OF LITTON LOAN SERVICING LP TO MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR A PROCEDURE TO GRANT RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE**

Litton Loan Servicing LP ("Litton"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the Motion Of The Debtors And Debtors In Possession For A Procedure To Grant Relief From The Automatic Stay For Certain Foreclosure Proceedings Pursuant To Sections 105(a) And 362 Of The Bankruptcy Code (the "Motion").  In support of the Objection, Litton respectfully states as follows:

**BACKGROUND**

1. On April 2, 2007, the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware.  Since the Petition Date, the Debtors have been operating their business and managing their affairs as debtors and debtors-in-possession.

2. In the ordinary course of business, the Debtors originate and service loans to consumers throughout the United States.  The borrowers or obligors of loans originated by the Debtors grant the applicable Debtor a security interest in the

financed property.  In some instances, the Debtors then sell the loans with a senior lien to a third party but retain a junior lien on the property.

   3. Litton services loans for various mortgage lenders who hold first priority mortgage liens on properties in which the Debtors hold junior liens.

   4. On May 3, 2007, the Debtors filed the Motion.  The Motion seeks the approval of a procedure to modify the automatic stay to permit foreclosures of senior liens, such as those serviced by Litton, in instances where the Debtors hold junior liens.  The Debtors propose a procedure where, upon expiration of a 45-day period, the automatic stay will be lifted if the Debtors do not "reinstate the senior lien debt."  Motion ¶ 9.  Additionally, the proposed procedures require a payment of $1,000 as a condition to stay relief or reinstatement of the senior lien debt.

## LIMITED OBJECTION

   5. While Litton does not object to efficient procedures through which parties may obtain stay relief to proceed with foreclosure proceedings, Litton does object to certain aspects of the Debtors' proposed procedures.  First, it is not clear what the Debtors mean by reinstating the senior lien debt as proposed in the Motion.  Second, the Debtors offer no justification for the $1,000 payment required under the proposed procedures.  Finally, Litton objects to the extent the proposed procedures in any way modify, enjoin or in any way impair Litton's rights to seek relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code.

**I.** **To The Extent The Proposed Procedures Purport To Modify Any Senior Lien Debt, Litton Objects To The Motion**

   6. The Debtors' procedures propose that "[i]f the Debtors in the ordinary course of their business do not reinstate the senior lien debt within 45 days after

2

receipt of the Notice, the automatic stay will be lifted without further action of the Court". Motion ¶ 9. It is unclear what the Debtors intend by the term "reinstate." Litton services loans on behalf of mortgage lenders who, as security for their mortgage loans, hold liens in the property owned by the underlying obligor. To the extent such liens represent first priority liens in the obligor's property, the Debtors' proposed "reinstatement" is of no significance. To the extent the Debtors are in any way attempting to modify, impair or in any way affect the priority or validity of such liens, such relief must be sought through an adversary proceeding. Consequently, to the extent the Motion seeks to effect any lien priority on the properties securing the loans serviced by Litton, Litton objects.

## II.     The $1,000 Payment Is Unwarranted

7. As part of their proposed procedures, the Debtors require the payment of $1,000 by parties seeking relief from the automatic stay. However, the Debtors fail to offer any rationale for such payment which far exceeds any filing fee associated with a motion for relief from the automatic stay. The imposition of such a payment on a party pursuing its remedies under section 362(d) is wholly unwarranted. Accordingly, Litton objects to any provision requiring the payment of any amounts to the Debtors as a prerequisite of obtaining relief from the automatic stay.

## III.    Litton Objects To The Extent The Motion Enjoins Rights Under Section 362(d) Of The Bankruptcy Code

8. To the extent the proposed procedures are the exclusive means for obtaining relief from the automatic stay, Litton objects to the Motion. The Debtors cite no basis, and none exists, for limiting parties' rights to seek relief under section 362(d).

Accordingly, Litton objects to any effort designed at altering, limiting or in any way impairing its rights to seek relief pursuant to section 362(d) of the Bankruptcy Code.

## CONCLUSION

As set forth above, Litton objects to the relief sought by the motion to the extent the Motion seeks to (i) reorder, modify or in any way affect lien priorities; (ii) require any payment as a prerequisite to stay relief under the procedures; and (iii) limit, alter or in any way impair rights under section 362(d) of the Bankruptcy Code.

April 11, 2007

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Michael G. Busenkell*
Michael G. Busenkell (Bar No. 3933)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430

Attorneys for Litton Loan Servicing LP

*U0006500*

4