UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                                      Case No. 07-10416-KJC
                                                            Chapter 11
NEW CENTURY TRS HOLDINGS, INC.,
et al.,                                                     Jointly Administered
                    Debtors.

                                                            **Ref. No. 526**
_____/               **Hearing: May 21, 2007 @10:00 a.m.**

**OBJECTION TO DEBTORS' MOTION FOR A PROCEDURE TO
GRANT STAY RELIEF FOR CERTAIN FORECLOSURE PROCEEDINGS**

COMES NOW the Law Offices of David J. Stern, P.A. ("DJS"), by and through its undersigned attorney, on behalf of numerous clients, and files this Objection to Debtors' Motion for a Procedure to Grant Stay Relief for Certain Foreclosure Proceedings, and states:

1.      DJS represents numerous mortgage lenders throughout Florida.

2.      DJS currently has more than 200 files where it has filed, or has been requested to file, foreclosure proceedings, by various mortgage companies, against property wherein NEW CENTURY TRS HOLDINGS, INC., or one or more of the other Debtor entities (collectively, "the Debtor"), holds an inferior mortgage.

3.      The Debtor's proposed procedure for granting stay relief to senior lienholders, such as DJS' clients, is unduly burdensome and costly for the senior lienholders and the individual property owners.

4.      Debtor concedes that its mortgages are inferior to the mortgage holders who will be affected by the procedure Debtor proposes.

5.      There is no legitimate justification for preventing said senior lienholders from enforcing their rights against properties that Debtor does not own but merely holds an inferior lien position upon.

6.      There is no legitimate justification why the senior lienholders should be made to pay a $1,000.00 fee to Debtor in order to obtain the stay relief to which they are entitled.

7.      Debtor has or is in the process of selling many of its mortgages. Once a mortgage is sold by Debtor it ceases to be property of the estate and the automatic stay ceases to apply. It

would be unconscionable for Debtor to charge a senior lienholder any money to obtain stay relief for any loans that are no longer owned by Debtor.

8.      Debtor does not have the ability or the intent to compensate senior lienholders or the individual property owners for the damages suffered by the delay in foreclosing.

9.      In Florida, a second lienholder has no right to cure and reinstate a mortgage in default once it has been accelerated and foreclosure has been filed.  The junior lienholder's only recourse is to pay the senior lien in full.

10.     Debtor does not have the ability or the intent to payoff any of the loans that are superior to its loan.

11.     Debtor is asking this Court to require senior lienholders to provide it with evidence regarding the fair market value of the property sought to be foreclosed as well as information concerning the value of any other known liens.

12.     It is unduly burdensome for senior lienholders to have to provide such information.  In many cases senior lienholders may have no valuation information and may have no knowledge as to the value of other known liens.  Having to obtain such information will require an undue and unnecessary expenditure of time and money.

13.     Said information is irrelevant to the senior lienholders entitlement to relief from stay.  All that should be required is evidence that the Debtor's lien is inferior and that the loan of the senior lienholder is in default.

14.     If Debtor intends to argue that the equity cushion is sufficient to provide adequate protection to the interest of the senior lienholder, Debtor should be required to present evidence as to value.

15.     Whether the property is worth twice as much or half as much as the senior lien is of little consequence to the Debtor.

16.     If there is little or no equity above the first mortgage, Debtor will have no incentive to payoff the mortgage.

17.     If there is significant equity above the first mortgage it is likely that the property in Florida will be sold for an amount in excess of the first mortgage and Debtor will be able to obtain such surplus funds.

18.     If the equity is only slightly greater than the first mortgage, Debtor does not have

sufficient operating capital to payoff the first mortgage.

      19.     There is no good reason why Debtor should be given 45 days to decide if it wants to oppose stay relief in a given instance.

      20.     Such a delay increases the amount of the first mortgage to the detriment of the debtor, the property owner, and all junior lienholders.  Twenty days should be sufficient time.

      21.     Requiring senior lienholders to pay Debtor $1,000.00 amounts to extortion.

      22.     It is very possible that state foreclosure courts will agree and will deny senior lienholders the right to add said fee to the mortgage debt.

      WHEREFORE, DJS prays that the Court will enter an order establishing a procedure for granting stay relief to senior lienholders that will only require that they establish the priority of their mortgage over the Debtor's lien; that the Debtor be required to oppose such stay relief within 20 days; and that no fee or only a nominal fee assessed.

Dated: May 14, 2007

LAW OFFICES OF DAVID J. STERN, P.A.
801 S. University Drive Suite 500
Plantation, FL 33324
Phone: (954) 233-8000 ext 207
Fax: (954) 233-8648

/S/ Frederic J. DiSpigna

_____

FREDERIC J. DISPIGNA, ESQUIRE
Florida Bar No. 345539
fdispigna@dstern.com

BECKER & BECKER, P.A.
2702 Capitol Trail
Newark, DE 19711
Phone: (302) 654-5374
Fax: (302) 654-7936

/S/ Richard D. Becker

_____

RICHARD D. BECKER, ESQUIRE
Rickbecker@comcast.net

07-82200.OBJ