**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No.: 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 70 |
| | : | |
| | : | Objection Deadline:  May 14, 2007 @ 4:00 p.m. |
| | : | Hearing Date:  May 21, 2007 @ 10:00 a.m. |

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO DEBTORS PROPOSED SALE OF THEIR LOAN SERVICING BUSINESS**

General Electric Capital Corporation, by its undersigned attorneys, hereby files this objection to the Debtors proposed sale of their loan servicing business ("Loan Servicing Sale Motion"). For the reasons set forth below, the Loan Servicing Sale Motion should be denied.

## I.  DISCUSSION

Pursuant to, among other things, that certain Master Security Agreement dated as of February 18, 2004, as amended ("Security Agreement"), and various recorded financing statements, General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GE's secured status arises out of certain loans GE

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

extended to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Financial, New Century Mortgage and Home 123 Corporation. The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents. Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection. Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the assets that are pledged as collateral to GE or that are being leased by GE to any of the Debtors. The Loan Servicing Sale Motion fails to provide such protections to GE. Furthermore, the Loan Servicing Sale Motion is legally deficient for the various reasons set forth below. Accordingly, for these reasons and the reasons set forth below, the Loan Servicing Sale Motion should be denied.

The Loan Servicing Sale Motion is initially deficient because it fails to describe with reasonable particularity and clarity the specific pieces of GE's collateral, if any, that the Debtors are proposing to sell pursuant to the Loan Servicing Sale Motion. See Schedule 1.1(g) to the Amended and Restated Asset Purchase Agreement. The failure to provide such specificity and clarity renders the Loan Servicing Sale Motion objectionable and warrants the entry of an Order denying approval of such sale. See Bankruptcy Rule 2002(c)(2)(requiring that notices of proposed sale of property describe the property to be sold.); see also, In re: Delaware & Hudson Railway Co., 124 B.R. 169, 176 (D. Del. 1991)(Court holding that pre-confirmation sale of substantially all of a debtor's assets requires adequate and reasonable notice to the interested parties.)

To the extent that the Debtors, through the Loan Servicing Sale Motion, are seeking to sell assets in which GE holds a duly perfected lien, the Loan Servicing Sale Motion is objectionable for the additional reasons set forth below. First, the Loan Servicing Sale Motion fails to provide for an allocation of the proceeds of the sale to the assets to be sold. In short, secured creditors will be left following the sale closing to guess how much their collateral was sold for and how much they can expect to receive from the sale. This Court should not and cannot permit the sale process to conclude where the Debtors do not afford each of the secured creditors, prior to the deadline to object to the sale, specific and detailed information as to the dollar amount they will receive from the sale so that each such creditor can make its own determination whether or not the proposed dollar amount to be remitted to it is fair and reasonable. See Mission Iowa Wind Co. v. Enron Corp., 291 B.R.39 (S.D.N.Y. 2003) (Court requiring allocation hearing prior to closing of the sale); see also, matter of WPRV-TV, Inc., 143 B.R. 315, 317 (D. Puerto Rico 1991), vacated on other grounds at 165 B.R. 1 (1992) (motion to sell provided for allocation of sale proceeds to secured creditor for its pieces of equipment collateral being sold). The failure of the Loan Servicing Sale Motion to provide this critical information renders the Loan Servicing Sale Motion objectionable and warrants the entry of an Order denying approval of the Loan Servicing Sale Motion.

Second, GE does not consent to the Loan Servicing Sale Motion or the sale proposed therein. Accordingly, the sale transaction proposed by the Debtors in their Loan Servicing Sale Motion cannot pass muster under § 363(f) of the Bankruptcy Code and, therefore, the Loan Servicing Sale Motion should be denied. See In re WDH Howell, LLC, 298 B.R. 527, 534 (D.N.J. 2003) (where the lender objected to the sale, the court held that the debtor could not sell property for less than aggregate face value of the lender's secured claim); see also In re Kellstrom Industries, Inc., 282 B.R. 787, 793-94, FN. 5 (Bankr. D. Del. 2002) (even if the vendor's interest could be considered a "lien" for purposes of § 363(f)(3), the sale price was insufficient to cover the face value of the creditor claims).

## II. CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Loan Servicing Sale Motion.

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware 19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation