**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No.: 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Objection Deadline: May 14, 2007 @ 4:00 p.m. |
| | : | Hearing Date: May 21, 2007 @10:00 a.m. |
| | : | |

: : : : : : : : : : : : :

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION**
**TO NOTICE OF LEASE/CONTRACT ASSUMPTION AND CURE AMOUNT**

General Electric Capital Corporation, by its undersigned attorneys, hereby files this objection to notice of lease/contract assumption and cure amount filed by the Debtors ("Lease Assumption Notice"). For the reasons set forth below, the Debtors' Lease Assumption Notice, as it relates to General Electric Capital Corporation, should be denied.

**I.    DISCUSSION**

Pursuant to, among other things, that certain Master Security Agreement dated as of February 18, 2004, as amended, certain promissory notes and various recorded financing statements (collectively, the "Loan Documents"), General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GE's secured status arises out of certain loans GE extended to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Financial, New Century Mortgage and Home 123 Corporation. The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents. Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection. Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to assume any contracts/leases relating to GE. The Lease Assumption Notice and the relief sought therein fail to provide such protections to GE. Furthermore, the Lease Assumption Notice is legally deficient for the various reasons set forth below. Accordingly, for these reasons and the reasons set forth below, the Lease Assumption Notice, as it relates to GE, should be denied.

The Lease Assumption Notice is initially deficient because it provides for the assumption of the Loan Documents, which are neither assumable nor assignable by the Debtors. The Debtors have cited no basis for their entitlement to assume and assign to a third party a security agreement and corresponding promissory notes executed for the benefit of GE. For this reason alone, the Lease Assumption Notice, as it relates to GE, should be denied.

Even if the Loan Documents were assumable by the Debtor, the Lease Assumption Notice is still deficient because it fails to provide for the proper cure amount owed to GE. The pleading lists as the proposed cure amount owed to GE the sum of $0.00. This proposed cure amount is incorrect. Indeed, the various loans GE extended to the above-described Debtors, which are evidenced by the Loan Documents, are significantly in arrears. Specifically, the

following payments came due to GE on April 1 and May 1, 2007 under the Notes referenced below, which Notes are part of the Loan Documents proposed to be assumed by the Debtor:

1. $5,122,033.11 Note – payments due each in the amount of $151,728.34;

2. $5,678,167.43 Note – payments due each in the amount of $168,202.53;

3. $5,000,000.00 Note – payments due each in the amount of $139,811.30;

4. $5,755,724.70 Note – payments due each in the amount of $160,943.17; and

5. $4,412,250.75 Note – payments due each in the amount of $150,239.07.

Because the Lease Assumption Notice fails to adequately set forth the cure amounts due under the Loan Documents and provide for the payment of same, the Lease Assumption Notice is also deficient for that reason and, therefore, as it relates to GE, should be denied.

## II.  CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Lease Assumption Notice, as it relates to GE.

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware  19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation

3