IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 Case |
| : | |
| NEW CENTURY TRS HOLDINGS, INC., : | |
| a Delaware corporation, *et al.*, : | Case No. 07-10416 (KJC) |
| : | Jointly Administered |
| : | |
| Debtors. : | **Hearing Date: May 15, 2007 at 1:30 p.m.** |
| : | **Re: Docket Nos. 278, 578, 615 and 646** |

**JOINDER OF WELLS FARGO BANK, N.A., AS INDENTURE
TRUSTEE, TO LIMITED REPLY OF KODIAK FUNDING, LP**

Wells Fargo Bank, N.A., as Indenture Trustee ("Wells Fargo"), by and through its undersigned counsel, hereby files its Joinder ("Joinder") to the Limited Reply ("Limited Reply") of Kodiak Funding, LP ("Kodiak") dated May 14, 2007, and respectfully states as follows:

**INTRODUCTION**

1. On or about April 2, 2007, New Century Financial Corporation ("NCFC"), one of the debtors herein, sought chapter 11 relief in this Court.

2. On April 17, 2007, Kelly Beaudin Stapleton, the United States Trustee for Region 3 (the "US Trustee") filed a motion seeking the appointment of a chapter 11 trustee or, in the alternative, an examiner pursuant to section 1104 of the Bankruptcy Code (the "Motion").[1] Thereafter, on or about May 8, 2007, NCFC filed its opposition (the "Opposition") to the Motion arguing, among other things, that an examiner should not be appointed under section 1104(c)(2) of the Bankruptcy Code because the debts identified by the US Trustee are owed to 'insiders' within the meaning of section 1104(c)(2).[2] Today, on May 14, 2007, Kodiak filed its Limited Reply to correct the mischaracterizations contained in the Opposition.[3]

---

[1] Docket No. 278.
[2] Docket No. 578 at pp. 17-18.
[3] Docket No. 646.

## BACKGROUND

3. Wells Fargo is Indenture Trustee under those certain Junior Subordinated Indentures, dated as of September 13, 2006 and November 16, 2006, respectively (together, the "Indentures"), pursuant to which NCFC issued $87,645,000 aggregate principal amount of its Junior Subordinated Notes due 2036 (the "Notes"). The Notes were purchased by New Century Capital Trust I and New Century Capital Trust II, respectively (the "Trusts"). The Trusts are Delaware statutory trusts created pursuant to those Amended and Restated Trust Agreements, dated as of September 13, 2006 and November 16, 2006, respectively, among NCFC, as Depositor, Wells Fargo, as Property Trustee, Wells Fargo Delaware Trust Company, as Delaware Trustee, and the Administrative Trustees named therein. The Trusts purchased the Notes using the proceeds from the issuance and sale of the Trusts' Preferred Securities ("Preferred Securities") and the Trusts' Common Securities ("Common Securities"). The aggregate amount of proceeds totaled $87,645,000; $85,000,000 for the Preferred Securities and $2,645,000 for the Common Securities. Thus, the Common Securities – which were issued to NCFC – constitute less than 3% of the Trusts' issued and outstanding securities.

## JOINDER

4. The Motion seeks the appointment of a chapter 11 trustee, or in the alternative, the appointment of an examiner in these cases pursuant to section 1104 of the Bankruptcy Code. In response to the Motion, NCFC filed an opposition, arguing, among other things, that the US Trustee cannot satisfy her burden under section1104(c)(2), which requires that "the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, *or owing to an insider,* exceed $5,000,000" for the Court to appoint an examiner in a

Chapter 11 case.[4]  (emphasis added).  In its Opposition, NCFC mischaracterizes the Trusts as being "insiders."  As set forth in its papers, NCFC incorrectly states that "[a]s the names of the [T]rusts suggest, both are 'insiders' within the meaning of §1104(c)(2)" and "[NCFC] is defined as the beneficial owner of the [] Trusts."[5]

5.    In response to the foregoing mischaracterizations, Kodiak filed its Limited Reply in which it describes in detail the economic realities of the structure and operation of the Trusts.

6.    Wells Fargo hereby joins in the Limited Reply of Kodiak, and in doing so, fully concurs with all of the factual statements and conclusions set forth in the Limited Reply and incorporates them by reference, as if set forth expressly herein.

---

[4]    11 U.S.C. §1104(c)(2).
[5]    *See* Opposition at p. 18.

Dated: May 14, 2007

Respectfully submitted,

/s/ Norman M. Monhait

Norman M. Monhait (I.D. No. 1040)
ROSENTHAL, MONHAIT & GODDESS, P.A.
Citizens Bank Center, Suite 1401
919 Market Street
P.O. Box 1070
Wilmington, DE 19899
Tel: (302) 656-4433
Fax: (302) 658-7567

---and---

James S. Carr (JC 1603)
David E. Retter (DR 4014)
Jonathan Hook (JH 3812)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

ATTORNEYS FOR WELLS FARGO BANK,
N.A., AS INDENTURE TRUSTEE