IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC. | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## CURE OBJECTION OF ADT SECURITY SERVICES, INC. TO NOTICE OF NEW CENTURY'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE OF ITS SERVICING BUSINESS AND THE FIXING OF CURE COSTS ASSOCIATED THEREWITH
## (DOCKET NOS. 340 AND 420)

ADT Security Services, Inc. ("ADT"), files this objection ("Cure Objection") to the Notice of New Century's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of its Servicing Business and the Fixing of Cure Costs Associated Therewith (Docket No. 420) ("Cure Notice"), and in accordance with the order approving the bidding and cure procedures associated with such sale (Docket No. 340) ("Bidding Procedures Order"). In support of the Cure Objection, ADT states as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1.  On April 2, 2007 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

2.  Prior to the Petition Date, the Debtors and ADT entered into numerous Commercial Sales Proposals/Agreements (collectively, the "ADT Agreements") pursuant to which ADT provided to the Debtors security equipment and services and ADT installed and maintained such equipment. True and correct copies of the ADT Agreements are attached hereto as Exhibit "A". Under the ADT Agreements, annual charges associated with such service and equipment total approximately $277,000.

3.  The Cure Notice sets the Debtors' proposed cure amount at $0.00 for the assumption and assignment of the ADT Agreements.

4.  A review of ADT's books and records indicates that there is a significant cure amount that must be paid prior to any assumption and assignment of the ADT Agreements to any proposed purchaser. According to ADT's records, as of the date of the filing of this Cure Objection, the proper cure amount that must be paid prior to any assumption and assignment of the ADT Agreements is $108,748.36 ("Cure Amount"). In support of the Cure Amount, ADT's aged trial balance is attached hereto as Exhibit "B".[2]

5.  ADT continues to perform its obligations under the ADT Agreements on a post-petition basis and fees and costs associated with such performance continue to accrue. These amounts were or will be invoiced in the ordinary course of business. Depending on the closing date of the sale of the Debtors' assets referenced in the Cure Notice, therefore, the Cure Amount may increase. ADT reserves the right to amend this Cure Objection and/or the Cure Amount to

---

[2] Copies of invoices relating to the Cure Amount are voluminous and, therefore, are not attached hereto, but are available upon request.

the extent that ADT determines, *inter alia*, that any other or additional amounts are due under the ADT Agreements.

6. Section 365 of the Bankruptcy Code, 11 U.S.C. § 365, provides, in pertinent part:

> (b)(1) If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract, the trustee
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

11 U.S.C. § 365(b)(1)(A).

7. The Cure Notice provides, in pertinent part:

> Parties that fail to file and serve timely Assumption and/or Cure Objections shall be deemed to have waived and released any and all rights to assert cure amounts different from the Cure Amounts listed on Exhibit A [to the Cure Notice] and shall be forever barred and estopped from asserting or claiming against the pertinent Debtor, Carrington, or any assignee of any Assumer Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Contract with respect to the period prior to the date of assumption.

See, Cure Notice at ¶7.[3]

8. By way of this Cure Objection, ADT asserts that the Debtors are in default under the terms of the ADT Agreements and hereby objects to the proposed cure amount set forth in the Cure Notice. Additionally, ADT does not consent to the assumption and assignment of the ADT Agreements unless and until all defaults under the ADT Agreements are cured.

WHEREFORE, ADT Security Services, Inc. respectfully requests that this Court enter an order (a) finding that the Debtors' cure obligation under the ADT Agreements is not less than $108,748.36; (b) conditioning the Debtors' assumption of the ADT Agreements upon the

---

[3] Unless otherwise defined herein, undefined terms shall have the meanings ascribed to them in the Cure Notice.

payment of all amounts due under the ADT Agreements; and (c) granting such further relief as this Court deems just and proper.

Dated: May 14, 2007

MORRIS JAMES LLP

*/s/ Brett D. Fallon*

Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Tel: 302-888-6888
Fax: 302-571-1750
Email: bfallon@morrisjames.com

McGUIREWOODS LLP
Sally E. Edison (PA Bar No. 78678)
William C. Price (PA Bar No. 90871)
625 Liberty Avenue
Dominion Tower, 23rd Floor
Pittsburgh, PA 15222
Tel: 412-667-6000
Email: sedison@mcguirewoods.com

*Counsel for ADT Security Services, Inc*

1569323

4