## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, <u>et al.</u> | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re:  Docket No. 526** |

### HSBC'S LIMITED OBJECTION TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR A PROCEDURE TO GRANT RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE

HSBC Bank USA, National Association, HSBC Mortgage Corporation USA and certain of their affiliates (collectively, "HSBC"), by and through their counsel, Drinker Biddle & Reath LLP, submit this limited objection ("Objection") to the Motion ('Procedures Motion") of New Century Financial Corporation, New Century TRS Holdings, Inc. and their direct and indirect subsidiaries that are each debtors and debtors in possession (each a "Debtor" and collectively, "Debtors") for a procedure to grant relief from the automatic stay for certain foreclosure proceedings pursuant to Section 105(a) and 362 of the Bankruptcy Code dated May 3, 2007 (Docket No. 526), and state as follows:

1.        HSBC holds thousands of first mortgages in which the Debtors may hold junior liens. Many of these mortgages are or may become delinquent during the pendency of these cases.[1]  HSBC's ability to enforce its rights and remedies under the mortgages against properties in which the Debtors have junior liens are subject to the automatic stay.

2.        HSBC welcomes fair and reasonable procedures for relief from the stay that equitably and efficiently address such requests.  However, HSBC believes that the informational

---

[1]  Upon information and belief, HSBC currently has approximately 125 delinquent mortgages or pending foreclosure proceedings subject to the automatic stay in these cases.

requirements set forth in Del. Bankr. L.R. 4001-1 are fair and reasonable and should be utilized

in these cases.  To the extent the Court believes some modification of the local procedures is

appropriate with respect to information purposes or otherwise, the order entered in In re

Conseco, Inc., Case No. 02-49672 (N.D.Ill., Jan. 29, 2003) attached to the Procedures Motion as

Exhibit B ("Conseco Order"), appears to provide fair and reasonable procedures that are

acceptable to HSBC.  HSBC, therefore, objects to the Procedures Motion to the extent it is

inconsistent with the Local Rules and/or the Conseco Order.

3.      The proposed protocol in the Procedures Motion, unlike the procedures set forth

in the Conseco Order, enlarge the rights of the Debtors under the Bankruptcy Code (i.e., $1,000

payment for each such request to the Debtors' estates) while at the same time placing additional

and unnecessary burdens on the requesting party (i.e., requiring the requesting party to provide

multiple copies of public documents that the Debtors either already have or that will be provided

to the Debtors through the normal service of process).

4.      More specifically, HSBC objects to and requests that the Court approve the

Procedures Motion, amended as follows:

(a)      **Deny any requirement for payment to the Debtors.**  The $1,000

payment requirement should be denied as it violates the well-settled "American Rule" under

which the courts have consistently held that a party in not entitled to attorney's fees or costs

without express statutory authority for such entitlement. *See* Northwestern Corp. v. Magten

Asset Management Corp. (In re Northwestern Corp.), 326 B.R. 519 (Bankr. Del. 2005) (no

award of attorneys' fees where there is no statutory provision for allowance of such fees).

When no statutory authority exists to require a party to pay fees or costs to another, §105(a) cannot be used as a basis for such authority.  As the Court of Appeals for the Eleventh Circuit explained:

> Although § 105 confers broad equitable powers upon the bankruptcy courts, 'it is still doctrine that expenses and allowances by the bankruptcy court shall be limited to statutory allowances . . . . [s]ince Congress has determined who may be reimbursed and compensated, an equity court may not enlarge upon legislation which is both an expression of policy and unambiguous.'

All Am. of Ashburn, Inc. v. Fox (In re Fox), 725 F.2d 661, 663 (11th Cir. 1984) (quoting In re FAS Int'l, Inc., 382 F.Supp. 77, 81 (S.D.N.Y. 1974), aff'd per curiam, 511 F.2d 1164 (2d Cir. 1975)).

  (b) **The Debtors' response time should be consistent with Section 362(e).** The Debtors' forty-five day response time should be limited to the thirty day time period set forth in Bankruptcy Code § 362(e).  Notwithstanding the debtors' request in Conseco for the same extension, the Conseco Order limits the response time to thirty days consistent with § 362(e).

  (c) **The requesting party should not have to produce multiple copies of public documents that have been or will be provided to the Debtors through ordinary service of process**.  The Procedures Motion requires that the requesting party's notice include all papers filed by the senior mortgagee in any court in connection with the foreclosure action. Given that such documents are publicly available (and presumably should have been served on the applicable Debtor in connection with any foreclosure action), the Debtors fail to provide any rationale for why the senior mortgagee should again be required to supply multiple copies of the same to the Debtors, their secured lender and the Committee.  While this requirement does not appear burdensome when applied to a few requests, HSBC respectfully submits that when

applied to the potentially hundreds, if not thousands of requests, it is overly burdensome and the senior mortgagee should not be required to incur the cost of duplicating and submitting such documents that the Debtors already have or can readily access on their own.

(d)      **The Debtors' right to reinstate senior mortgages should be limited to the extent permitted under the applicable agreements and law.  Further, HSBC requests that if the Debtors reinstate the senior mortgage, that the automatic stay is deemed terminated immediately upon any subsequent default and the senior mortgagee may enforce all of its rights and remedies without any further notice or requests for relief from this Court**.  Generally speaking, reinstatement is a preferable alternative to foreclosure. Notwithstanding, upon the occurrence of a subsequent default, the senior mortgagee rights may be further diminished if it must once again seek further relief.  As such, immediate relief would be appropriate.

(e)      **HSBC should not be required to submit evidence regarding (a) the fair market value of the property, (b) the value of the senior lien, and (c) the position and value of any other known liens**.  With regard to collateral valuation, Del. Bankr. L.R. 4001-1(c) only requires that the movant provide a good faith estimate of the value of the collateral as of the petition date.  Further, section 362(g) of the Bankruptcy Code places the burden on the Debtors to show that HSBC is adequately protected.  To the extent that the proposed procedures establish a higher burden of HSBC than is required under the Bankruptcy Code and/or Local Rules, such procedures should not be approved.

5.      For all of the foregoing reasons, HSBC requests that the Court grant the Procedures Motion, but only to the extent it is consistent with this limited objection.

## Conclusion

WHEREFORE, HSBC Bank USA, National Association, HSBC Mortgage Corporation and certain of their affiliates request that the Court grant the Procedures Motion, but only to the extent it provides for streamlined procedures for senior mortgagees to seek relief from the automatic stay when the Debtors' have a junior lien against the properties, and specifically as modified herein, and for such other and further relief as the Court deems just and proper.

Dated: May 14, 2007                    **DRINKER BIDDLE & REATH LLP**

/s/  Howard A. Cohen
Andrew C. Kassner (No. 4507)
Howard A. Cohen (No. 4082)
1100 North Market Street, Suite 1000
Wilmington, DE  19801-12454
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

- and -

Of Counsel:
Anne M. Peterson
Michael T. Ryan
HSBC Bank USA, National Association
One HSBC Center - 27th Floor
Buffalo, NY  14203
Telephone: (716) 841-1597
Facsimile:  (212) 642-3072

Attorneys for HSBC Bank USA,
National Association, HSBC Mortgage
Corporation USA and certain affiliates