IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC. ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al., ) | |
| ) | Jointly Administered |
| Debtors, ) | |

**OBJECTION OF SPRINT COMMUNICATIONS COMPANY L.P. TO
DEBTORS' ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACT AND PROPOSED CURE AMOUNT (Docket Nos. 340 and 420)**

Sprint Communications Company L.P. d/b/a Sprint Nextel Corporation ("Sprint"), files this objection ("Cure Objection") to the Notice of New Century's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of its Servicing Business and the Fixing of Cure Costs Associated Therewith (Docket No. 420) ("Cure Notice"), and in accordance with the order approving the bidding and cure procedures associated with such sale (Docket No. 340) ("Bidding Procedures Order"). In support of the Cure Objection, Sprint states as follows:

1. On April 2, 2007 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtors and Sprint entered into a Custom Service Agreement for various communications and data transmission services, which was most recently amended by that Seventh Amendment to Sprint Custom Service Agreement dated January 31, 2007 (the "Agreement").

3. The Cure Notice lists the proposed cure amount at $0.00 for the assumption and assignment of the Agreement.

4. Section 365 of the Bankruptcy Code, 11 U.S.C. § 365, provides, in pertinent part:

>(b)(1) If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract, the trustee
>
>>(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

11 U.S.C. § 365(b)(1)(A).

5. As of the Petition Date, the Debtors owed Sprint a total of at least $1,178,035.81 under the Agreement (the "Cure Amount").

6. After the Petition Date, Sprint continued to perform its obligations under the Agreement. Depending upon the total amount of unpaid post-petition charges that accrue under the Agreement through the closing date, the Cure Amount may increase to account for unpaid post-petition claims.

7. Sprint, therefore, objects to the Cure Notice because it does not properly account for the Cure Amount due to Sprint under the Agreement. Sprint does not object to the Debtors' proposed assumption and assignment of the Agreement to Carrington Mortgage Services, LLC ("Carrington"), provided that the Cure Amount is paid in connection therewith.

8. Sprint reserves the right to amend this Objection to assert additional cure amounts due under the Agreement. Sprint further reserves the right to object to adequate assurance of future performance under the Agreement if any party other than Carrington becomes the proposed assignee.

WHEREFORE, Sprint respectfully requests that this Court enter an order (a) conditioning the Debtors' assumption and assignment of the Agreement upon the payment of all amounts due pre-petition and post-petition and (b) granting such further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURE PAGE TO FOLLOW]

Dated: May 14, 2007                MORRIS JAMES LLP

*/s/ Brett D. Fallon, Esq.*
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Tel: 302-888-6888
bfallon@morrisjames.com

McGUIREWOODS LLP
David I. Swan (PA Bar No. 74685)
Kenneth M. Misken (VA Bar No 72207)
1750 Tysons Boulevard, Ste. 1800
McLean, VA 22102
Tel: 793-712-5000
dswan@mcguirewoods.com

*Counsel for Sprint Communications Company L.P.
d/b/a Sprint Nextel Corporation*