IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware corporation, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: 5/21/07 at 10:00 a.m<br>Objection Deadline: 5/14/07 at 4:00 p.m. |

**LIMITED OBJECTION OF CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC TO THE MOTION FOR ORDER (I)AUTHORIZING THE REINSTATEMENT OR EXTENSION OF CANCELLATION NOTICE PERIOD OF PREPETITION SURETY BONDS, (II) AUTHORIZING POSTING SECURITY FOR SURETY BONDS AND CREDIT, (III) AUTHORIZING THE EXTENSION OF POSTPETITION SECURED SURETY CREDIT, AND (IV) GRANTING POSTPETITION LIENS, JUNIOR SUPER-PRIORITY ADMINISTRATIVE CLAIMS AND ADMINISTRATIVE CLAIMS AND TO SUPPLEMENT ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO (I) CONTINUE ALL INSURANCE POLICIES AND AGREEMENTS RELATED THERETO AND (II) CONTINUE CERTAIN PREMIUM FINANCING ARRANGEMENTS RELATING THERETO, AND (III) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE**

Credit Suisse First Boston Mortgage Capital LLC ("Credit Suisse"), by and through its undersigned counsel, hereby submits this limited objection to the above-captioned Debtors' Motion for Order (I) Authorizing the Reinstatement or Extension of Cancellation Notice Period of Prepetition Surety Bonds, (II) Authorizing Posting Security for Surety Bonds and Credit, (III) Authorizing the Extension of Postpetition Secured Surety Credit, and (IV) Granting Postpetition Liens, Junior Super-Priority Administrative Claims and Administrative Claims and to Supplement Order Authorizing the Debtors and Debtors in Possession to (I) Continue All Insurance Policies and Agreements Relating Thereto and (II) Continue Certain Premium Financing Arrangements Relating Thereto, and (III) Honor Certain Obligations in Respect

Thereof Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code (the "Motion"). In support of its Limited Objection, Credit Suisse respectfully represents as follows:[1]

### Limited Objection

1. Credit Suisse, on the one hand, and New Century Mortgage Coporation, NC Capital Corporation, NC Asset Holding, L.P., Home123 Corporation, New Century Credit Corporation, New Century Mortgage Ventures, LLC, and New Century Financial Corporation (together, the "Repurchasing Debtors"), on the other hand, are parties[2] to that certain Amended and Restated Master Repurchase Agreement dated January 31, 2007 (the "Agreement").

2. Pursuant to the Agreement, Credit Suisse agreed to purchase loans originated or purchased by the Repurchasing Debtors (thus providing funding for the loans) and the Repurchasing Debtors agreed to repurchase those loans at a later date.

3. Under the terms of the Agreement, the Repurchasing Debtors acted as the servicer of the loans purchased by Credit Suisse and agreed to collect and deposit into a third-party custodial account borrower mortgage payments (principal and interest) (the "Payments") for the benefit of Credit Suisse, pending repurchase of the underlying mortgage loans by the Repurchasing Debtors. In addition, the Repurchasing Debtors also collected from the mortgage borrowers escrow payments (taxes and insurance payments) ("Escrow Funds" and, with the Payments, the "Funds"), which the Repurchasing Debtors held for the benefit of, and in trust for, the mortgage borrowers and Credit Suisse.

4. On or about March 12, 2007, Credit Suisse declared an Event of Default under

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] Other non-debtor sellers party to the Master Repurchase Agreement include: Loan Partners Mortgage, Ltd., Kingston Mortgage Company, Ltd., Compufund Mortgage Company, Ltd., Peachtree Residential Mortgage, L.P., Residential Prime Lending Limited Partnership, Team Home Lending, Ltd., Sutter Buttes Mortgage, L.P., Austin Mortgage, L.P., and Capital Pacific Home Loans, L.P.

the Agreement and notified the Repurchasing Debtors that, among other things, it was terminating the rights of the sellers and the servicer to service the portfolio. To date, the Repurchasing Debtors have failed to deposit into the custodial account Payments relating to the mortgage obligations purchased by Credit Suisse. Such Payments total in excess of $4.6 million. In addition, the Repurchasing Debtors have failed to properly account for certain Escrow Funds. Credit Suisse has provided the Debtors with a detailed accounting.

5.   It has been reported to the Court that other financial institutions (collectively with Credit Suisse, the "Warehouse Providers") that entered into similar repurchase agreements with the Debtors also assert that the Debtors are holding funds which belong to them. Based on the fact that the Repurchasing Debtors owe Credit Suisse alone almost $5 million, Credit Suisse believes that the Debtors are likely holding many millions in cash belonging to the Warehouse Providers.

6.   It is apparent from the Debtors' filings in these cases, including without limitation their motion to approve debtor in possession financing, that the Debtors have limited cash and continue to use such cash in connection with their postpetition operations. Pursuant to the Motion, the Debtors now seek authority to post $5 million in security for certain surety bonds and credit. Section 363 of the Bankruptcy Code prohibits the use of cash in which a third party holds an interest without first getting consent from such third party (which has neither been requested from or granted by Credit Suisse) or demonstrating that such party is adequately protected.

7.   Credit Suisse does not fundamentally oppose any of the relief sought by the Debtors' Motion. Nevertheless, Credit Suisse seeks assurance that the Debtors are complying with section 363 of the Bankruptcy Code and maintaining adequate cash reserves to preserve the

rights of the Warehouse Providers. In the absence of these assurances, Credit Suisse (i) requests that the Court deny the relief sought by the Debtors in the Motion and (ii) reserves its right to supplement this objection and to be heard on this Motion at the hearing currently scheduled for May 21, 2007.

Dated: New York, New York
May 14, 2007

**CHADBOURNE & PARKE LLP**

By: /s/*Joseph H. Smolinsky*
Joseph H. Smolinsky (JS 8408)
A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 408-5100
Fax: (212) 541-5369

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Michael R. Nestor (No. 3526)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Credit Suisse First
Boston Mortgage Capital LLC