**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| NEW CENTURY TRS HOLDINGS, <br> INC., a Delaware Corporation, et al. | ) Case No.: 07-10416 (KJC) <br> ) <br> ) (Jointly Administered) <br> ) |
| Debtors. | ) Objection Deadline: May 14, 2007 at 4:00 p.m., EST <br> ) Hearing Date:   May 18, 2007 at 10:00 a.m., EST <br> ) <br> ) |

## OBJECTION AND RESERVATION OF RIGHTS OF SYMANTEC CORPORATION TO ASSUMPTION AND ASSIGNMENT BY NEW CENTURY TRS HOLDINGS, INC. OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE OF SERVICING BUSINESS

SYMANTEC CORPORATION, the successor by merger to VERITAS GLOBAL SOFTWARE CORPORATION ("VERITAS") (collectively, VERITAS and SYMANTEC CORPORATION hereinafter referred to as "SYMANTEC"), hereby (1) objects (the "Objection") to the *Notice Of New Century's Intent To Assume And Assign Certain Executory Contracts And Unexpired Leases In Connection With The Proposed Sale Of Its Servicing Business And Fixing The Of Cure Costs Associated Therewith* (the "Assumption Notice") filed by NEW CENTURY TRS HOLDINGS, INC. and its various affiliates named in the Assumption Notice (collectively, the "Debtors") and the motion (the "Assumption Motion") by the Debtors to assume certain executory contracts and unexpired leases asserted in conjunction with the proposed sale of the Debtors' Servicing Business to Carrington Mortgage Services LLC or any successful bidder (the "Successful Bidder") as defined in the "Bidding Procedures Order" entered by this Court on or about April 19, 2007 and, further, (2) reserves all rights the "Reservation of Rights") SYMANTEC has with regard to the SYMANTEC CONTRACTS (as such executory contracts and unexpired leases hereinafter are defined).

## SUMMARY OF RELIEF SOUGHT BY SYMANTEC

Pursuant to 11 U.S.C. §365 (c) and Fed. R. Bankr. P. 6006(a) and (c), and 9014, SYMANTEC seeks entry of an order denying the assumption and assignment by the Debtors of the executory contracts (collectively, the "SYMANTEC CONTRACTS"): (A) the "Master Service Agreement" identified in the Assumption Notice; (B) the *Master Service Agreement*, dated February 24, 2006, by and between SYMANTEC and New Century Mortgage Corporation, which includes a license of certain software and other intellectual property owned by SYMANTEC (the "SYMANTEC SOFTWARE"); and (C) all licenses (the "VERITAS SOFTWARE LICENSES") of software in which SYMANTEC has an ownership interest (the "VERITAS LICENSED SOFTWARE"), and all support agreements in connection with the VERITAS LICENSED SOFTWARE (the "VERITAS SLSAs"). (Collectively, the SYMANTEC SOFTWARE, the VERITAS SOFTWARE and all other intellectual property in which SYMANTEC has an interest hereinafter is referred to as the "LICENSED SOFTWARE").

As set forth hereinafter, the Debtors are not permitted to assume or to assign any of the SYMANTEC CONTRACTS that include any license of the LICENSED SOFTWARE without SYMANTEC's express consent because applicable non-bankruptcy law requires SYMANTEC's consent to any assignment of such intellectual property. *See* 11 U.S.C. §365(c)(1). In the case before this Court, some or all of the SYMANTEC CONTRACTS include the grant of a license of the LICENSED SOFTWARE that is owned by SYMANTEC and is protected by the laws of the United States of American, including without limitation Title 17 and Title 35 of the United States Code, and the laws of various political subdivisions thereof. These laws mandate that SYMANTEC's consent to the assignment of such copyrights must be obtained before the Court may authorize assumption or assignment of any of the SYMANTEC CONTRACTS that include the license of any of the LICENSED SOFTWARE.

Conversely, SYMANTEC may withhold its consent to any assumption or assignment of such contracts, or grant such consent on whatever terms it may determine in its sole discretion is appropriate under the circumstances. SYMANTEC has not consented (and

hereby does not consent) to the assignment of any of the SYMANTEC CONTRACTS, or the assumption and/or assignment of any of the LICENSED SOFTWARE in conjunction with proposed sale of the Debtors' Servicing Business as referenced in the Assumption Notice and/or Assumption Motion.

In the event the Court declines to deny the assumption and assignment of the SYMANTEC CONTRACTS without further hearing, SYMANTEC requests that the Court enter its order directing the Debtors to file and serve additional pleadings that include the following information: (1) the identity of the specific "Master Service Agreement" (as referenced in the Assumption Notice) that Debtors' desire to assume and assign, including the date of such contract and other information pertinent to identifying such contract; (2) an express notice of any intent by Debtors' to assume and/or assign any of the VERITAS SLSAs, VERITAS SOFTWARE LICENSES, or other contract affecting the VERITAS LICENSED SOFTWARE or, conversely, a disclaimer of any intent to assume and/or assign any such contracts; and (3) the legal authority by which Debtors' contend they are authorized to assume any or all of the SYMANEC CONTRACTS.

Further, to the extent that any of the SYMANTEC CONTRACTS (including without limitation the Master Service Agreement, the VERITAS SLSAs or the VERITAS SOFTWARE LICENSES) are not assumed and assigned with SYMANTEC's consent, SYMANTEC seeks entry of an order directing that the Debtors certify that all of the LICENSED SOFTWARE (and any other intellectual property subject to the SYMANTEC CONTRACTS) has been deleted from any and all assets (the "Acquired Assets") that may be acquired pursuant to the proposed sale of the Debtors' Servicing Business as referenced in the Assumption Notice and Assumption Motion filed in this Bankruptcy Court.

The Objection is based on the matters set forth herein, the files and records in this case and such other and further evidence that may be adduced at the trial on this matter. Except as otherwise defined in the Objection, all capitalized terms set forth herein shall have the meaning as set forth in the Sale Motion or the Assumption Notice.

## FACTUAL BACKGROUND

1. Prior to commencement of this Bankruptcy Case, SYMANTEC and VERITAS merged and SYMANTEC is the successor entity from such merger; further, SYMANTEC is the current owner of all rights, title and interest of, in and to the LICENSED SOFTWARE, and the SYMANTEC CONTRACTS.

2. Prior to commencement of this Bankruptcy Case, SYMANTEC entered into a *Masters Service Agreement*, dated February 24, 2006, with New Century Mortgage Corporation and a true and accurate copy of such agreement is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth. This Masters Service Agreement provides, in pertinent part, that (i) SYMANTEC shall provide certain "Services" (as defined in such agreement) and certain "Deliverables" (as defined in such agreement), and (ii) *any "[a]ny Symantec proprietary or Confidential Information used to perform the Services, or included in any Deliverable, including but not limited to software, . . . code, . . . data or other intellectual property . . . (collectively, the "Symantec Information") [and] [t]o the extent Symantec incorporates any Symantec Information into the Deliverables, Symantec hereby grants to [New Century Mortgage Corporation] a non-exclusive, non-transferable license to use such Symantec Information at no additional charge solely for [New Century Mortgage Corporation's] internal business purposes . . . ."* See Master Service Agreement, dated February 24, 2006, at §7(b) [emphasis added]. All "Symantec Property" as defined in the Master Service Agreement is included in the LICENSED SOFT|WARE. The Master Service Agreement remains in force and effect only until it is terminated as provided by its terms. *Id.* at §1.

3. Prior to its merger with SYMANTEC, VERITAS licensed certain storage-management software (the so-called VERITAS SOFTWARE) that protects against data loss and file corruption, allows rapid recovery after disk or computer system failure, enables Information Technology managers to work efficiently with large numbers of files, and makes it possible to manage data distributed on large networks of computer systems without harming productivity or interrupting users.

4.  SYMANTEC has continued VERITAS' standard business practice of entering into a series of related contracts including, without limitation, a standard *Software License and Support Agreements* (the so-called "VERITAS SLSAs") that grant to a licensee a perpetual (with certain limitations and exceptions), non-exclusive, and non-transferable license (with certain limitations and exceptions) to use the VERITAS SOFTWARE and other intellectual property subject to the use restrictions set forth in the VERITAS SLSA. Pursuant thereto, the licensee is expressly prohibited from using, copying, modifying, renting, leasing or transferring the VERITAS SOFTWARE except as specifically provided in the VERITAS SLSA. More particularly, neither the VERITAS LICENSED SOFTWARE nor any rights therein may be assigned without the prior written consent of SYMANTEC. The VERITAS SLSA provides, in pertinent part, that the License remains in force and effect only until it is terminated as provided by the terms of the VERITAS SLSA. Upon termination of the license, the Debtors are obligated to discontinue use of the VERITAS SOFTWARE and to destroy all copies in its possession or control and, within ten (10) days, to certify that all such copies have been destroyed.

### The Sale and Assumption Motion and Notice

5.  To the best of SYMANTEC' information, the Assumption Notice constitutes the only notice to SYMANTEC of the executory contracts and unexpired leases that are subject to assumption and/or assignment in conjunction the proposed sale of the Debtors' Servicing Business as defined in the "Bidding Procedures Order" entered by this Court on or about April 19, 2007. Neither the Assumption Motion, the Assumption Notice nor any other pleading filed and served by the Debtors provides any more specific identification of the SYMANTEC CONTRACTS that the Debtors seek to assume and assign. Based on the description of the executory contracts and unexpired leases that are subject to assumption and/or assignment in conjunction the proposed sale of the Debtors' Servicing Business, SYMANTEC is unable to determine the precise executory contracts that the Debtors seek to assume and to assign.

**No Symantec Consent to Transfer of Any Software**

6. To date, SYMANTEC has not consented to the Debtors' assumption of or assignment of any of the SYMANTEC CONTRACTS or any other executory contract pertaining to the SYMANTEC SOFTWARE.

**GROUNDS FOR THE RELIEF REQUESTED BY SYMANTEC**

7. <u>No Objection To Sale of Acquired Assets.</u> SYMANTEC does not object to the entry of an order approving the Motion to the extent that it authorizes the sale of the Acquired Assets *per se*. But, SYMANTEC does object to the transfer of any of the LICENSED SOFTWARE or any SEMANTEC CONTRACT that grants a right to use any such software that may be situated on any of the Acquired Assets.

8. <u>Objection to Assumption or Assignment of SYMANTEC CONTRACTS.</u> SYMANTEC objects to entry of any order approving and authorizing assumption or assignment of any of the SYMANTEC CONTRACT. SYMANTEC contends that utilization of the LICENSED SOFTWARE is permissible only pursuant to the terms of the license granted in SYMANTEC CONTRACTS (that is, either the *Masters Service Agreement*, dated February 24, 2006, or the VERITAS LICENSES or the VERITAS SLSA if applicable) and with SYMANTEC's express consent.

9. Pursuant to 11 U.S.C. §365(c)(1), the SYMANTEC CONTRACTS cannot be assumed by the Debtors and assigned to the Carrington Mortgage Services LLC (or any other third party acquirer) if "applicable law excuses a party, other than the debtor, to such contract . . . from accepting performance from or rendering performance to an entity other than the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties" and that party does not consent to the assumption or assignment. 11 U.S.C. §365(c)(1).

10. In this instance, SYMANTEC submits that operation of certain Acquired Assets to be sold by the Debtor presumably would require utilization of the LICENSED SOFTWARE if such assets involve the storage of business data or information or any of the

"Deliverables" that are subject to the *Masters Service Agreement*, dated February 24, 2006 (*see* Exhibit "A" attached hereto. This means, effectively, that the LICENSED SOFTWARE will be used by the Successful Bidder in derogation of the express mandate imposed by Section 365 of the Bankruptcy Code.

### Due Process Would Be Denied By Assumption Of the SYMANTEC CONTRACTS.

11. Before a creditor's interests may be adversely affected by judicial action, the due process clause of the Fifth Amendment to the United States Constitution requires "notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." and to afford them an opportunity to present their objections. *See City of N.Y. v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights); *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed2d 235 (1982) (Bankruptcy proceedings are subject to the fifth amendment); *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) *citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

12. In the matter before this Court, neither the Assumption Motion, the Assumption Motion nor any other pleadings served on SYMANTEC adequately identifies the executory contracts and unexpired leases to which SYMANTEC is a party and which are sought to be assumed and assigned by the Debtors. Absent the provision of such fundamental information, SYMANTEC cannot determine precisely the grounds (if any) barring assumption and assignment of such contracts or whether the Debtor has complied with the mandates governing assumption and assignment of executory contracts as set forth in Section 365(b), (c) and (f) of the Bankruptcy Code. SYMANTEC submits that entry of an order authorizing and approving the assumption and assignment of any of the SYMANTEC CONTACTS without requiring the Debtors to specify the precise contracts at issue will deny SYMANTEC a meaningful opportunity to be heard on the issue whether any executory contracts to which it is a

party may be assumed and assigned by the Debtors. Therefore, approval of the assumption or assignment of such executory contracts based on the record before this Court would constitute denial of SYMANTEC' due process rights.

### No Assumption of the SYMANTEC CONTRACTS Without Consent

13. **The SYMANTEC SLSA Is an Executory Contract.** As a general proposition, intellectual property licenses are treated as executory contracts within the meaning of §365(a) and, accordingly, a debtor in possession cannot assume such contracts except if the debtor complies with the assumption requirements set forth in 11 U.S.C. §365. *See Perlman v. Catapult Entertainment, Inc. (In re Catapult Entertainment, Inc.*, 165 F.3d 199, *cert. denied*, 120 S.Ct. 369 (1999); *Everex Systems, Inc. V. Cadtrak Corp. (In re CFLC, Inc*, 89 F.3d 673, 677 (9th Cir. 1996) (nonexclusive license is an executory contract); *Fenix Cattle Co. v. Silver (In re Select-A-Seed Corp.)*, 625 F.2d 290, 292, (9th Cir. 1990) (copyright license for use of computer software is an executory contract); *In re Patient Education Media, Inc.*, 210 B.R. 237, 241 (Bankr. S.D.N.Y. 1997) (assuming, without deciding, that a copyright license satisfies the threshold of executoriness).

14. **Federal Law Requires Consent of a Patent or Copyright Owner To Transfer or Assign A Patent Or Copyright.** Under applicable federal law, the holder of a non-exclusive license of a copyright or a patent does not obtain the rights of ownership of the copyright or the patent, but acquires only a personal interest in a copyright or patent. *See In re Patient Education Media, Inc.*, 201 B.R. 237 (Bankr.S.D.N.Y.1997); *In re CFLC, Inc.* 89 F.3d 673, 679 (9th Cir.1996). Further, a nonexclusive license of a copyright or patent is personal to the transferee and cannot be assigned without the consent of the licensor. *Id. See also Unarco Industries, Inc. v. Kelley Co.*, 465 F.2d 1303, 1306 (7th Cir.1972); *In re Valley Media, Inc.*, 279 B.R. 105, 135-136 (Bankr.D.Del.2002); *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300, 309(Bankr.D.Del.2001).

15. Under federal patent and copyright laws, which constitute the applicable non-bankruptcy law governing SYMANTEC's rights pertaining to the LICENSED SOFTWARE,

SYMANTEC does not have to consent to the assignment of the any software or other intellectual property it owns to any third party. *See In re Patient Education Media, Inc.*, 210 B.R. 237, 241 (Bankr. S.D.N.Y. 1997) (copyright license) *citing Everex Systems, Inc. v. Cadtrak Corp. (In re CFLC, Inc.)*, 89 F.3d 673, 679 (9th Cir. 1996); *Perlman v. Catapult Entertainment, Inc. (In re Catapult Entertainment, Inc.)*, 165 F.3d 199, *cert. denied*, 120 S.Ct. 369 (1999) (debtor-in-possession cannot assume a non-exclusive patent license without the consent of the patent holder/licensor because applicable federal patent law prohibits the assignment of such a patent license without the consent of the patent holder); *Harris v. Enus Records Corp.*, 734 F.2d 1329, 1333-34 (9th Cir. 1984) (copyright licenses are not transferable without the licensor's consent); S*ol Solutions, Inc. v. Oracle Corp.*, 1991 WL 626458 at 5 (N.D. Cal., December 18, 1991) (*quoting* 17 U.S.C. §102) (software license that explicitly reserves all copyrights and other ownership rights to the licensor cannot to any such request).

16. <u>A Debtor In Possession Cannot Assume or Assign A Copyright Or Patent Over The Objection Of the Owner of the Copyright Or Patent.</u>   Pursuant to 11 U.S.C. §365(c)(1), a debtor in possession may not assign a non-exclusive license in a patent or copyright absent the consent of the owner of that patent or copyright. *See In re Access Beyond Tech., Inc.*, 237 B.R. 32 (Bankr.D.Del.1999); *In re Patient Education Media, Inc., supra*.   Moreover, a Chapter 11 debtor cannot assign its nonexclusive license to use copyrighted or patented materials without the licensor/owner's consent, even though such assignment would maximize assets available to creditors. *In re Patient Education Media, Inc., supra* (held: debtor could not assign its nonexclusive license without copyright owner's consent) (citing 11 U.S.C.A. § 365(c); 17 U.S.C.A. § 106); *accord, In re Access Beyond Tech., Inc., supra*.

17.   As previously stated, SYMANTEC has not and does not hereby consent to the assignment of any of the SYMANTEC CONTRACTS, including without limitation the *Masters Service Agreement*, dated February 24, 2006, the VERITAS LICENSES, or any other executory contract involving the LICENSED SOFTWARE, to any third party purchaser. Therefore, the Motion must be denied.

### SLSA Should Be Rejected If the Debtor Cannot Satisfy §365

18. If any of the SYMANTEC CONTRACTS are not assumed and assigned pursuant to SYMANTEC' consent (including, if required, payment of a transfer fee), SYMANTEC contends that such executory contract (and license granted therein) should be rejected no later than ten (10) days after entry of the order approving the sale. SYMANTEC seeks this relief because it is concerned that if such contract or license is not promptly rejected, the Debtors and the Successful Bidder acquiring any Acquired Assets that include the LICENSED SOFTWARE may effect a *de facto* assignment. That is, the Debtors, without complying with the prerequisites imposed on any assumption of intellectual property licenses, will continue to reap the benefits under these agreements (*i.e.*, use of the LICENSED SOFTWARE) and pass such benefits through to the Successful Bidder in derogation of SYMANTEC' right to control the parties that utilize its LICENSED SOFTWARE and to receive payment for such licenses. This *de facto* assignment would circumvent all the requirements of §365 by permitting the Purchaser to receive all of the benefits of the SLSA (including the License) for as long as it chooses without ever having to become liable on the contract.

WHEREFORE, pursuant to 11 U.S.C. §365(b), (c) and §365(f) and Fed. R. Bankr. P. 6006(a) and 9014, SYMANTEC seeks entry of an order denying the assumption and assignment of any SYMANTEC CONTRACTS <u>unless</u> SYMANTEC expressly consents to assumption and assignment of the SYMANTEC CONTRACTS as mandated by applicable non-bankruptcy law and 11 U.S.C. §365(c)(1).

In the event the Court declines to deny the assumption and assignment of the SYMANTEC CONTRACTS without further hearing, SYMANTEC requests that the Court enter its order directing the Debtors to file and serve additional pleadings that include the following information:

(1) the identity of the specific "Master Service Agreement" (as referenced in the Assumption Notice) that Debtors' desire to assume and assign, including the date of such

contract and other information pertinent to identifying such contract;

    (2) an express notice of any intent by Debtors' to assume and/or assign any of the VERITAS SLSAs, VERITAS SOFTWARE LICENSES, or other contract affecting the VERITAS LICENSED SOFTWARE or, conversely, a disclaimer of any intent to assume and/or assign any such contracts; and

    (3) the legal authority by which Debtors' contend they are authorized to assume any or all of the SYMANTEC CONTRACTS.

    Further, to the extent that any of the SYMANTEC CONTRACTS (including without limitation the Master Service Agreement, the VERITAS SLSAs or the VERITAS SOFTWARE LICENSES) are not assumed and assigned with SYMANTEC's consent, SYMANTEC seeks entry of an order directing that the Debtors certify that all of the LICENSED SOFTWARE (and any other intellectual property subject to the SYMANTEC CONTRACTS) has been deleted from any and all assets (the "Acquired Assets") that may be acquired pursuant to the proposed sale of the Debtors' Servicing Business as referenced in the Assumption Notice and Assumption Motion filed in this Bankruptcy Court.

Further, SYMANTEC requests such other and further relief as may be permitted by law or equity.

Dated: May 14, 2007

BIALSON, BERGEN & SCHWAB
Thomas M. Gaa
2600 El Camino Real, Suite 300
Palo Alto, California 94306
(650) 857-9500

-and-

ASHBY & GEDDES

Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888

Attorneys for SYMANTEC Software Corporation

180547.1