UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 07-10416 (KJC) |
| **NEW CENTURY HOLDINGS, INC.,** ) | |
| **A Delaware Corporation, et al.,** ) | Jointly Administered |
| ) | |
| ) | Hearing Date: May 18 and 21, 2007 at 10:00 AM |
| Debtors. ) | Objection Deadline: May 14, 2007, extended by |
| ) | agreement to May 15, 2007 for Oracle USA, Inc. |

**ORACLE USA, INC.'S OBJECTION TO EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH THE PROPOSED SALE OF ASSETS USED IN THEIR LOAN SERVICING BUSINESS, (B) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF CERTAIN ASSETS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF AND (II) AN ORDER (A) APPROVING THE PROPOSED SALE AND (B) GRANTING RELATED RELIEF**
**[RELATED TO D.I. #70]**

Oracle USA, Inc. ("Oracle") hereby files its objection to the Emergency Motion Of Debtors And Debtors In Possession For (I) An Order (A) Approving Bidding Procedures And Bid Protections In Connection With The Proposed Sale Of Assets Used In Their Loan Servicing Business, (B) Scheduling Hearing To Consider Proposed Sale Of Certain Assets And Approving Form And Manner Of Notice Thereof And (C) Granting Related Relief And (II) An Order (A) Approving The Proposed Sale And (B) Granting Related Relief (the "Sale Motion").

**I.    PRELIMINARY STATEMENT**

1.    Oracle objects to the Sale Motion on the following basis:

a)    The Debtors (as that term is defined below) may not assume and assign any Oracle Agreements (as that phrase is defined below) without Oracle's consent because these

Document #61701

agreements involve licensing of patented and/or copyrighted materials and Oracle does not consent to their assumption and assignment at this time;

b)   Oracle has not been provided with information required by 11 U.S.C. § 365 to assess the adequate assurance of future performance by either the current Proposed Buyers (as that term is defined below) or the eventual purchaser; and

c)   Debtors owe a sum of at least $1,200.00, which would be a required cure payment prior to assumption of any of the Oracle Agreements.

## II.   SUMMARY OF FACTS

2.   On or about May 27, 2005, Oracle and New Century Mortgage Corporation, one of the Debtors herein, entered into an Oracle License and Services Agreement ("OLSA"), along with an Ordering Document (as at any time amended) pursuant to which New Century Mortgage Corporation acquired licenses for certain Oracle software programs and related technical support services (the "Ordering Document"). Copies of the OLSA and the Ordering Document are attached hereto as Exhibit A and is incorporated herein by reference. Oracle's records reflect that the licenses acquired pursuant to the Ordering Document are still covered by an active contract for technical support services, which shall expire on May 27, 2007.

3.   In addition to the licenses acquired by New Century Mortgage Corporation under the Ordering Document, Oracle's records indicate that New Century Mortgage Corporation acquired licenses for other Oracle software prior to the OLSA and the Ordering Document, which are no longer covered by an active technical support services contract, including licenses for Oracle Database and Standard Management Pack on or about January 14, 2000 and licenses for Oracle Database on or about May 23, 2000 (collectively, the "Previous Licenses").

4.  On or about April 2, 2007, New Century Holdings, Inc. and several of its direct and indirect subsidiaries each filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code and Orders for Relief were entered on that date.

5.  On or about April 4, 2007, the Debtors filed the Sale Motion, seeking to sell to Carrington Capital Mortgage, LLC and Carrington Mortgage Services, LLC (collectively, the "Proposed Buyers") essentially all of the assets used in the Debtors' Loan Servicing Business[1].

6.  One of the assets sought to be sold by the Debtors pursuant to the Sale Motion is that certain "Oracle-Database," which is listed on Schedule 5.20(a) #32 of the APA. The Debtors also seek to sell, among other things, Intellectual Property Licenses, Transferred Intellectual Property, IT Assets Related to the Business and Software Contracts (collectively, the "IP Assets")[2].

7.  For the reasons set forth below, Oracle objects to the assumption and assignment of the "Oracle-Database", as well as any other Oracle licenses, software or agreements (collectively, the "Oracle Agreements").

### III.  ARGUMENT

    *A.  DEBTORS MAY NOT ASSUME AND ASSIGN ANY ORACLE AGREEMENTS WITHOUT ORACLE'S CONSENT BECAUSE THESE AGREEMENTS INVOLVE LICENSING OF PATENTED AND/OR COPYRIGHTED MATERIALS AND ORACLE DOES NOT CONSENT TO THEIR ASSUMPTION AND ASSIGNMENT AT THIS TIME.*

8.  11 U.S. C. § 365(c)(1) provides, in relevant part, that:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ...,

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning as in the Sale Motion.

[2] It is unclear whether any Oracle licenses, software or agreements are included within the IP Assets. In addition to the "Oracle-Database" listed on Schedule 5.20 of the APA, this Objection is intended to apply to any Oracle licenses, software or agreements sought to be assumed and assigned by the Sale Motion.

whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

9. Under federal law, non-exclusive patent licenses cannot be assigned absent the consent of the licensor. *In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999). *See also In re ANC Rental Corporation, Inc.*, 277 B.R. 226, 235 (Bankr. D. Del. 2002); *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 311, 316 (Bankr. D. Del. 2001). The Oracle Agreements involve the licensing of non-exclusive, patented software. As such, the Oracle Agreements cannot be assumed and assigned absent Oracle's consent. Oracle does not consent to the assumption and assignment of any of the Oracle Agreements, unless all of Oracle's concerns addressed in this opposition are addressed and resolved to Oracle's satisfaction.

10. In addition, as part of its standard business practice, Oracle requires assignees of contracts with Oracle to agree to be bound by the terms of the license or other agreement and to execute a document to that effect. Said documentation must be in form and substance satisfactory to Oracle. Oracle will not consent to any assignment of its contracts, unless and until the successful bidder executes such a document.

### B. ORACLE HAS NOT BEEN PROVIDED WITH INFORMATION REQUIRED BY 11 U.S.C. § 365 TO ASSESS THE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY EITHER THE CURRENT PROPOSED BUYERS OR THE EVENTUAL PURCHASER.

11. 11 U.S.C. § 365(b) sets forth specific prerequisites that must be satisfied prior to a debtor assuming and assigning any executory contract. These prerequisites include, among other things: (a) curing any default under the executory contract, and (b) providing adequate assurance of future performance under the executory contract.

12. First, the Sale Motion and its various schedules and exhibits contain an inadequate description of the Oracle Agreements sought to be assumed and assigned. This inadequate description precludes Oracle from properly assessing the impact of the intended assumption and assignment, as well as the specific Oracle Agreements involved. Thus, Oracle objects to the Sale Motion until an adequate and complete description of all the Oracle Agreements sought to be assumed and assigned by the Sale Motion is provided to Oracle and Oracle has an adequate opportunity to review and respond to the same.

13. Second, although the Debtors have identified a "stalking horse" bidder, the sale is expressly subject to a possible auction and potential overbid. Consequently, a successful bidder will not be identified until after the conclusion of the auction, which is to take place on May 16, 2007. Thus, Oracle objects to the assumption and assignment of any Oracle Agreements to the Proposed Buyers or the eventual purchaser until, inter alia, a determination is made that the successful bidder can provide adequate assurance of future performance under the Oracle Agreements sought to be assumed and assigned. Oracle reserves the right to review the alleged adequate assurance and to object to the same at the appropriate time.

14. To ensure adequate assurance of future performance by the Proposed Buyers or the eventual purchaser, Oracle requests that Debtors provide to Oracle at least the following information about the Proposed Buyers or the eventual purchaser: (i) financial bona fides; (ii) confirmation of status as a non-competitor of Oracle; and (iii) Proposed Buyers or eventual purchaser's willingness to execute a "standard" Oracle Assignment Agreement. Without this information, Oracle is unable to determine the buyer's creditworthiness or suitability/ability to adequately perform, post-assignment, of any of the Oracle Agreements that may be sought to be assumed or assigned pursuant to the Sale Motion.

15. With the limited information provided in the Schedules to the APA, Oracle cannot evaluate whether any of the prerequisites of 11 U.S.C. § 365(b) can be met, or how its pecuniary and proprietary interests may be affected by the Sale Motion. As such, Oracle objects to the Sale Motion.

### C. DEBTORS OWE THE SUM OF AT LEAST $1,200.00, WHICH WOULD BE A REQUIRED CURE PAYMENT PRIOR TO ANY ASSUMPTION.

16. As set forth in the Oracle invoices attached hereto as Exhibit B, the Debtors owe at least $1,200.00 under the Oracle Agreements. Oracle also may have additional amounts owed, which have not been invoiced, or identified, due to the incomplete and inadequate identification provided in Schedule 5.2(a) and in the APA. See 11 U.S.C. § 365(b)(1)(A). Oracle reserves its rights with respect to the cure amount until complete and adequate information is provided about the Oracle Agreements sought to be assumed and assigned by the Debtors.

17. In addition, it should be noted that Oracle requires that any licenses sought to be assigned to a third party should be covered by an active technical support services agreement. With the current technical support services set to expire on May 27, 2007, Oracle requires that any licenses to be assigned are conditioned upon renewal of the technical support services agreement. In addition, if any other licenses are sought to be assigned (such as the Previous Licenses), Oracle requires reinstatement of the technical support services for each of those licenses as a precondition to the assumption and assignment of those licenses.

18. Accordingly, Oracle objects to the assumption and assignment of any of the Oracle Agreements until each of the above appropriate cure is tendered. As such, the Debtors cannot assume any of the Oracle Agreements until the appropriate cure is tendered.

## IV. CONCLUSION

19. Based on the foregoing, it is respectfully requested that the Sale Motion be denied.

Dated: May 15, 2007

Respectfully submitted,

**MONZACK AND MONACO, PA**

/s/ Kevin J. Mangan

Kevin J. Mangan, Esq. (#3810)
1201 Orange Street, Suite 400
Wilmington, DE 19801
Telephone: 302-656-8162
Facsimile: 302-656-2769

-and-

**DAY PITNEY LLP**
Ronald S. Beacher, Esq.
Amish R. Doshi, Esq.
7 Times Square
New York, New York 10017
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

-and-

**ORACLE USA, INC.**
Dorian Daley, Esq.
Jeff S. Ross, Esq.
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

Attorneys for Oracle USA, Inc.