## MISCELLANEOUS SALE PROCEDURES

1. <u>Transactions Subject to these Procedures</u>. These Miscellaneous Sale Procedures will apply only to asset sales, in each instance, involving the sale of office furniture and equipment and other personal property (provided that the Debtors have the written consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to sell such other personal property) of no more than $100,000, as measured by the total cash and other consideration received by the Debtors on account of the assets at each location. The Debtors will not consummate asset sales pursuant to these procedures involving the sale of assets to any employee or "insider" of the Debtors.

2. <u>Notice of Proposed Sales</u>. After the Debtors enter into a contract or contracts contemplating a transaction that is subject to these Miscellaneous Sale Procedures, or otherwise anticipate a transaction that is subject to these procedures ("Proposed Sale"), the Debtors will file with the Court a notice of such Proposed Sale ("Sale Notice") and serve the Sale Notice by overnight delivery, facsimile or electronic mail on the following parties: (a) counsel to the Creditors' Committee; (b) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (c) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; and (d) the Office of the United States Trustee for the District of Delaware. The Debtors will use their reasonable best efforts to provide information to and consult with the Creditors' Committee regarding the Debtors' entrance into a Proposed Sale.

1

3. <u>Contents of Sale Notice</u>. The Sale Notice will include the following information:

- A description of the assets that are the subject of the Proposed Sale, the location of the assets, the selling Debtor, the approximate book value of the assets as reflected on the Debtors' books and records, or if no value is available, an estimated value, and the economic terms of the sale.

- An allocation of the purchase price amongst the various assets subject to the Proposed Sale.

- The identity of any nondebtor party to the Proposed Sale.

- To the extent applicable, a copy of any agreement providing for the Proposed Sale.

- The identity of any party holding liens, claims, encumbrances or other interests in the assets, and a statement indicating that all such liens, claims, encumbrances or interests are capable of monetary satisfaction or that the parties have consented to the Proposed Sale.

- The procedures by which parties may object to the Proposed Sale (described immediately below).

4. <u>Objection Procedures</u>. Interested parties, other than the Creditors' Committee, will have 5 business days following service of the Sale Notice (the "Initial Objection Deadline") to file with the Court and serve an objection to the Proposed Sale. The Creditors' Committee will have 10 business days following service of the Sale Notice (the

"Committee Objection Deadline", together with the Initial Objection Deadline, the "Objection Deadlines") to file with the Court and serve an objection to the Proposed Sale. Objections to the Proposed Sale must be served by overnight delivery, facsimile or electronic mail on the parties listed in Paragraph 3 of these procedures an objection to the Proposed Sale. Any such objection must be in writing and must state with specificity the grounds for the objection.

5.     If an objection to a Proposed Sale is properly filed and served then: (a) the objection will be deemed to be a request for a hearing on the Proposed Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection; and (b) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of a Court Order specifically approving the Proposed Sale.

6.     If no objection is properly filed prior to the Objection Deadlines, then the Proposed Sale will be deemed fully authorized by the Court and the Debtors may consummate the Proposed Sale, and no further notice or Court approval will be required; <u>provided, however,</u> that the Debtors may consummate the Proposed Sale prior to the Committee Objection Deadline, but no earlier than the Initial Objection Deadline, where (i) the Debtors have obtained the written consent of the Creditors' Committee to consummate the Proposed Sale prior to the Committee Objection Deadline and (ii) the Debtors have not received an objection to the Proposed Sale from any other Interested Party prior to the Initial Objection Deadline.

7.     <u>Conditions of Sale</u>. All buyers will acquire assets sold by the Debtors pursuant to these Miscellaneous Sale Procedures "AS IS–WHERE IS," without warranty, representation or recourse back to the estates; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests,

3

if any, to attach to the proceeds of the sale of the assets.

8. Notwithstanding anything in these procedures to the contrary, the Debtors are not permitted to sell or otherwise transfer pursuant to these procedures (a) property leased by the Debtors from third parties, or (b) any interests which they may have in consumer credit transactions which are subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time).

9. Notwithstanding anything in these procedures to the contrary, the Miscellaneous Sale Procedures shall not be used to sell any assets subject to lease arrangements absent the consent of the non-Debtor parties to such lease arrangements.