UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: )
)
) Chapter 11
New Century TRS Holdings, Inc., et al. ) Case No. 07-1-416 (KJC)
) (Jointly Administered)
)
Defendants. )
)

### STIPULATION AND ORDER RESOLVING DB STRUCTURED PRODUCTS INC.'S MOTION FOR PRELIMINARY INJUNCTION

This stipulation and order (the "Stipulation and Order") is entered into by and among (a) New Century TRS Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned jointly administered cases (collectively the "Debtors") and (b) DB Structured Products, Inc. ("DBSP" and collectively with the Debtors the "Parties")

### RECITALS

**WHEREAS**, On April 2, 2007 (the "Petition Date"), each of the Debtors filed voluntarily petitions for relief under title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, DBSP is a party to two Master Repurchase Agreements with certain of the Debtors dated September 2, 2005 and April 17, 2006 (as amended or otherwise modified and in effect from time to time the "DBSP Agreements") pursuant to which DBSP entered into

transactions with the Debtor parties to those agreements with respect to certain mortgage loans (the loans that were the subject of those transactions herein referred to as the "DBSP Loans");[1]

**WHEREAS**, DBSP and the Debtors have a dispute over whether a group of 235 Loans, as identified in an email from the Debtors' dated March 6, 2007 (the "Disputed Loans"), were properly transferred to DBSP prior to the Petition Date;

**WHEREAS**, on April 25, 2007, DBSP filed its complaint commencing Adversary Proceeding No. 07-51269 (the "Adversary Proceeding") and its accompanying Motion for a Preliminary Injunction (the "PI Motion");

**WHEREAS**, the Parties have agreed, subject to entry of this Stipulation and Order on the docket as "so ordered" by the Bankruptcy Court, to resolve the PI Motion in the manner outlined below;

**NOW THEREFORE**, it is hereby stipulated and agreed, by and among the Parties, that:

1. Other than the provisions in paragraph 2 below, this Stipulation and Order shall not become binding upon the Parties until the date that it is entered on the docket as "so ordered" by the Bankruptcy Court (the "Effective Date"). In the event that the Bankruptcy Court shall not approve this Stipulation and Order, this Stipulation and Order shall be null and void as to all Parties.

2. The Parties shall use their reasonable best efforts to obtain Bankruptcy Court approval of this Stipulation and Order.

3. Upon the Effective Date, DBSP shall withdraw, without prejudice, the PI Motion.

4. Certain of the DBSP Loans (the "DBSP Ohio Loans") are subject to a Stipulated Preliminary Injunction entered into between the State of Ohio and certain of the Debtors. The

---

[1] Capitalized terms that are undefined herein shall have the meaning attributed to them in the DBSP Agreements.

Debtors shall promptly take commercially reasonable actions, and shall cooperate reasonably in good faith with DBSP, to transfer servicing of the Ohio Loans to alternate servicer(s) of DBSP's choice, including the transfer of Servicing Records relating to the Ohio Loans.

5. On or about March 19, 2007, DBSP, certain of the Debtors and Union Bank of California, N.A. ("Union Bank") entered into that certain Special Deposit Account Control Agreement relating to Account Number 7930002156 (the "DBSP Collection Account") into which certain collections on the DBSP Loans were deposited. There is currently $267,616.03 in the DBSP Collection Account, which amounts were paid into the account since March 19, 2007. The Debtors shall take commercially reasonable actions (provided that the Debtors shall not be obligated to incur any material out-of-pocket costs or expenses) to cause such amounts held in the DBSP Collection Account, and any future amounts paid into the DBSP Collection Account, to be paid to DBSP. Approval of this Stipulation by the Bankruptcy Court shall constitute direction to Union Bank to release any current and future funds paid into the DBSP Collection Account to DBSP.

6. To the extent that the Debtors have collected any funds relating to DBSP Loans after the Petition Date that have not been deposited into the DBSP Collection Account, the Debtors shall remit any such funds to DBSP.

7. The Debtors shall promptly and diligently complete a reconciliation of all amounts collected by the Debtors in relation to the DBSP Loans (the "Reconciliation), and shall coordinate with the financial advisors to the Official Committee of Unsecured Creditors (the "Committee") in preparing such reconciliation. The Debtors shall provide the Reconciliation to DBSP as soon as possible upon its completion and review by the financial advisors to the Committee.

2

8. On or about May 15, 2007, the Debtors have filed that certain Motion for Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b) of the Bankruptcy Code (the "Adequate Protection Motion"), in which they seek, inter alia, to provide adequate protection to various parties to master repurchase agreements (the "Warehouse Parties"), including DBSP, in the form of (i) a super-administrative priority granted under Bankruptcy Code section 507(b) senior to any administrative priorities under Bankruptcy Code section 503(b)(1) but junior to the super-administrative priority granted to the lenders under the Debtor-In-Possession Loan and Security Agreement dated as of April 13, 2007 (the "DIP Loan Agreement"), (ii) a lien junior to the liens granted to the lenders under the DIP Loan Agreement and any valid, unavoidable and existing liens on all assets of the Estates other than First Lien Collateral (as defined in the DIP Loan Agreement), and (iii) once all obligations under the DIP Loan Agreement have been satisfied in full, a lien on all assets of the estates, subject to any existing valid, unavoidable and existing liens (collectively the "Adequate Protection Liens and Priorities"). The Adequate Protection Motion further provides that the Adequate Protection Liens and Priorities will be subject to the Carve Out provided for in the DIP Loan Agreement, will not encumber avoiding powers or their proceeds and will provide protection only to the extent that a Warehouse Party, including DBSP, is determined (by order of the Court or an agreement approved by the Court) to have a valid, unavoidable interest in property held by the Debtors as of the Petition Date; such determinations will be made as of the Petition Date so as to avoid any prejudice to a Warehouse Party, including DBSP, with respect to the use of this property since the Petition Date -- i.e., the Parties' rights will be determined as of the Petition Date. DBSP agrees to support the Adequate Protection Motion.

9. The Debtors claim that they are due $331,000 from DBSP on prepetition claims. DBSP shall be, and hereby is, granted relief from the automatic stay provided in section 362 of the Bankruptcy Code to setoff this claim by the Debtors against any prepetition amounts owed by the Debtors to DBSP to the extent that it is determined by final order that DBSP has a valid and enforceable claim against the Debtors.

10. The Debtors shall reasonably cooperate in good faith with DBSP in its efforts to obtain federal government insurance or guarantees ("Government Backing") with respect to any of the DBSP Loans that are entitled to receive Government Backing, including, without limitation, the Debtors shall provide DBSP or its consultant with: (a) reasonable direct access to FHA Connection for the purpose of obtaining Government Backing for the DBSP Loans; and (b) upon reasonable request, documents in the Debtors' possession that are necessary to complete the process of obtaining Government Backing with respect to any of the DBSP Loans.

11. With respect to the Disputed Loans:

   a. Neither DBSP nor the Debtors shall sell, offer for sale, realize, transfer, pledge, hypothecate, encumber, grant a lien in, or otherwise dispose of the Disputed Loans without the express written consent of the other and the Committee or an order of the Bankruptcy Court;

   b. The Debtors shall reasonably comply with any reasonable requests for information made by DBSP with respect to the Disputed Loans;

   c. The Parties shall cooperate in good faith in an effort to develop a means to realize upon the Disputed Loans, provided that no realization shall occur unless the Debtors, DBSP and the Committee agree in writing to the realization or pursuant to an order of the Bankruptcy Court.

4

  d. The Debtors shall provide DBSP and DBSP shall provide the Debtors with an accounting of all amounts collected by each other with respect to the Disputed Loans (the "Disputed Loan Collections") since March 6, 2007 and shall, after the first such accounting is provided, update this accounting once a week until such date as the Disputed Loans have been disposed of or the Parties' rights with respect to the Disputed Loans have been resolved (the "Resolution Date");

  e. Each Party shall segregate and hold in escrow all funds collected by the Party in relation to the Disputed Loans from the Petition Date until the Resolution Date (the "Disputed Loan Collections"). On the Resolution Date, the Disputed Loan Collections shall be distributed to the Parties in accordance with the provisions of any agreement between the Parties and consented to by the Committee, or final Court order resolving the Parties' rights with respect to the Disputed Loans.

12. Nothing in this stipulation shall be deemed an admission by any Party, and each Party expressly reserves all rights, as to: (1) the nature of the transactions between DBSP and the Debtors pursuant to the DBSP Agreements; (2) the validity, or lack thereof, of any claims asserted by DBSP in the Adversary Proceeding and any defenses of the Debtors thereto; and (3) the ownership of the Disputed Loans and their proceeds.

13. Any provision herein which requires the Debtors to take "commercially reasonable actions" or make "best efforts" shall not require the Debtors to incur any expenses outside the ordinary course of their business.

14. Upon the Effective Date, this Stipulation and Order shall (a) inure to the benefit of, and (ii) be binding upon, and enforceable by and against, the Parties and their respective affiliates, successors and permitted assigns, and (b) this Stipulation and Order shall be binding upon, and enforceable against, all parties in interest, including, without limitation, any trustee or examiner appointed in the Debtors' bankruptcy cases.

15. The provisions of this Stipulation and Order are mutually interdependent, indivisible and non-severable.

16. This Stipulation and Order constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, written and oral, between the Parties with respect to the specific subject matter hereof. This Stipulation and Order may not be modified or amended except by a writing signed by the Parties and the Committee. All representations, warranties, promises, inducements or statements of intention made by the Parties hereto are embodied in this Stipulation and Order, and no Party hereto shall be bound by, or liable for, any alleged representation, warranty, inducement or statement of intention that is not expressly embodied herein. The Parties represent and warrant that this Stipulation and Order discloses all of the terms of the Parties' agreement with respect to the subject matter hereof.

17. This Stipulation and Order may be executed in one or more counterparts and by facsimile, all of which shall be considered one and the same agreement.

18. The Parties hereto represent and warrant to each other that: (a) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (b) each has full power and authority to enter into this Stipulation and Order; and (c) this Stipulation and Order is

duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

19. This Stipulation and Order shall be governed by, and construed in accordance with, the Bankruptcy Code and the laws of the State of New York, without regard to any principles of choice of law thereof which would require the application of the law of any other jurisdiction.

20. The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Stipulation and Order, and the Parties hereby consent to the exclusive jurisdiction of the Bankruptcy Court with respect thereto. The Parties waive arguments of lack of personal jurisdiction or forum non-conveniens with respect to the Bankruptcy Court pertaining to this Stipulation and Order.

21. No waiver or indulgence of any breach or series of breaches of this Stipulation and Order shall be deemed a waiver of any other breach of this Stipulation and Order, including, without limitation, a subsequent breach of the same provision of this Stipulation and Order, or any of its other provisions; or shall otherwise affect the enforceability of any provision of this Stipulation and Order.

22. This Stipulation and Order shall be effective and enforceable immediately upon entry on the docket after approval by the Bankruptcy Court, with no stay of any kind (including, to the extent applicable, Bankruptcy Rule 6004(g)).

ACTIVE/72012686.5/0801826-0000325251
877285.001 - 1247876.2

Dated: Wilmington, Delaware
May 15, 2007

Stipulated and agreed:

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7710

-and-

Suzzanne S. Uhland
Ben H. Logan
Brian M. Metcalf
Victoria Newmark
Emily R. Culler
O'MELVENY & MEYERS LLP
275 Battery Street
San Francisco, CA 94111
Telephone: (412) 984-8700
Facsimile: (415) 984-8701

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

_____
Robert S. Brady (No. 2857)
Kenneth J. Enos (No. 4544)
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6660
Facsimile: (302) 571 1253

-and-

Robert M. Dombroff
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

-and-

Andrew J. Gallo
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8736

ATTORNEYS FOR DB STRUCTURED
PRODUCTS INC.

SO ORDERED THIS 15th DAY OF May, 2007

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

8

ACTIVE/72012686.5/0801826-0000325251
877285.001 - 1247876.2