# EXHIBIT A

## COLLATERAL TRUST AGREEMENT

This **COLLATERAL TRUST AGREEMENT** ("Agreement") is dated as of the 16th day of May, 2007 and is entered into between New Century Financial Corporation, a Delaware corporation and New Century Mortgage Corporation, a California corporation, as debtors and debtors in possession, and any and all of its subsidiaries and affiliates now owned and/ or hereafter controlled or acquired (the "Principal(s)"), and Bond Safeguard Insurance Company, an Illinois corporation, its heirs assigns or successors (the "Trustee").

## RECITALS

WHEREAS, the Principal(s) desires to have Bond Safeguard Insurance Company and/ or Lexon Insurance Company issue a surety bond or bonds (the "Bond(s)") on behalf of the Principal(s); and

WHEREAS, the Principal(s) may request Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates, to issue an additional bond or bonds, from time to time; and/ or

WHEREAS, to induce Bond Safeguard Insurance Company and/ or Lexon Insurance Company or any of its subsidiaries or affiliates to act as surety under a Bond or Bonds or to induce them to remain as Surety on existing bonds which have been or may be requested in the future or have previously been executed, the Principal(s) agree to deposit or caused to be deposited the "Trust Property" (as herein after defined) with the Trustee as collateral for the potential liability as surety incurred by Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates.

## AGREEMENT

NOW THEREFORE, the Principal and the Trustee hereby agree as follows:

## ARTICLE I
## (CREATION OF TRUST)

1.1 <u>Declaration of Trust.</u> The principal hereby delivers to the Trustee, in trust, to be held and disposed of upon the terms and conditions set forth in this Agreement, the U. S. Treasury zero coupon debt instruments, consisting of Serial Treasury Receipts of Interest payments ("STRIPs") and / or Certificates of Accrual Treasury Securities ("CATs"), registered in the name of the Trustee, in the original principal amount and maturing on such date as agreed to and set forth on the BNY Capital Markets, Inc. Safekeeping Account Verification statement to be attached hereto. For purposes of this Agreement, the "Trust Property" shall be the STRIPs and/ or CATs held by the Trustee at any time and from time to time pursuant to the terms of this Agreement.

1

1.2 <u>Acceptance of Trust.</u>  The Trustee hereby accepts the Trust Property in trust pursuant to the terms of this Agreement, and agrees to hold, administer and distribute the Trust Property in accordance with the terms of this Agreement.

**ARTICLE II**
**(DUTIES OF THE TRUSTEE)**

2.1 <u>Retention and Distribution of Trust Property.</u>

    (a)  The Trustee shall hold the Trust Property and dispose of the same as follows:

        (i.)  Within thirty (30) days following receipt of written notice from Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates that Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates has made or is required to make, payment to any Owner or Obligee, of any bond or bonds which have been or may be issued by Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates in satisfaction of Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates obligations under the Bond, accompanied by written evidence  of such payment or requirement to make payment, the Trustee shall thereupon sell at its sole option such amount of the Trust Property as shall yield the amount of cash proceeds equal to the amount paid or required to be paid by as described above, and shall pay such cash proceeds to Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates; within ten(10) days following such payment, the Trustee shall notify the Principal of such payment and of the principal amount of STRIPs and/or CATs sold and remaining as Trust Property.

        (ii.)  The Trustee may, upon maturity of any STRIPs and/or CATs, use the entire value of the proceeds at maturity to purchase new STRIPs and/or CATs with a maturity date of its choosing without the expressed consent of the Principals or any and all of its subsidiaries and affiliates now owned and/ or hereafter controlled or acquired, provided Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates remain liable on any Bond or Bonds.

2

(iii.) Within thirty (30) days following receipt of written notice signed by the Principal and Owner or Obligee that Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates have been exonerated of all past, present and future liability, that all Bonds have expired, and have been terminated, the Trustee shall deliver or cause to deliver the Trust Property to the Principal.

(b.) Unless the Trustee is otherwise notified, deliveries of the Trust Property required to be made under this Agreement to the Principal shall be directed to the address and attention of the person indicated in Section 7.1 of this Agreement and deliveries of cash proceeds from the sale of the Trust Property and any other documents or notices required to be made to Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates shall be directed to:

Bond Safeguard Insurance Company
256 Jackson Meadow Dr., Suite 201
Hermitage, TN 37076
Attn: David E. Campbell, President

2.2 Annual Statement. The Trustee shall deliver to Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates and the Principal an annual statement setting forth the composition and approximate market value of the Trust Property.

## ARTICLE III
## POWERS OF THE TRUSTEE

3.1 POWERS.

(a.) The Trustee shall have the power to take any and all actions as in the judgment of the Trustee is necessary or convenient to facilitate the discharge of its duties hereunder, including but not limited to, each power expressly granted in subsection (b) below and any power reasonably identical thereto.

(b.) Without limiting the generality of subsection (a) above, the Trustee shall have the following powers:

(i.) To sell the Trust Property or a portion thereof, and deliver the cash proceeds thereof to Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates or to itself in accordance with

3

Section 2.1 (a) (i) or 3.1 (b) (iii) of this Agreement, as the case may be;

(ii.) To deliver the Trust Property to the Principal in accordance with Section 2.1 (a) (iii) of this Agreement.

(iii.) To reimburse itself, from the cash proceeds received upon sale of the Trust Property or a portion thereof, for costs and expenses reasonably incurred, including the reasonable fees and expenses of counsel in the event advice of counsel is sought as provided in Section 5.2 of this Agreement, in connection with carrying out its duties set forth in this Agreement.

(iv.) To cause the Trust Property to be reissued into such denominations as may be necessary to carry out its desires set forth in this Agreement or to pay expenses.

## ARTICLE IV
## RELIANCE BY TRUSTEE

4.1 General Reliance. The Trustee may rely, and shall be fully protected in acting upon any resolution, statement, certificate, instrument, opinion, report, notice request, consent, order, bond or other paper or document which it in good faith does not believe to be other than genuine and to have been signed or presented by the proper party or parties or, in the case of cables, telecopies and telexes, to have been sent by the proper party or parties.

4.2 Requirement to Make Payment. For purposes of Section 2.1 (a) (i) of this Agreement, Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates requirement to make payment under a Bond shall be deemed to be conclusively proved or established by written documentation from the Owner or Obligee to that effect, or such other documentation as the Trustee shall determine in good faith establishes such requirement, and such documentation shall be full warranty to the Trustee for the sale of the Trust Property, payment to Bond Safeguard Insurance Company and/ or Lexon Insurance Company, or any of its subsidiaries or affiliates or any other action taken, suffered or omitted by the Trustee pursuant to Section 2.1 (a) (i) in reliance thereon.

## ARTICLE V
## LIMITATION ON LIABILITY: ADVICE OF COUNSEL

5.1 Limitation of Liability. The Trustee shall not be liable for any act done or step taken or omitted by it except to the extent that any act or omission constitutes gross negligence or willful misconduct.

4

5.2 <u>Advice of Counsel.</u>  The Trustee may consult with, and obtain advice from legal counsel in the event of any dispute or question as to the construction of any of the provision of this Agreement or its duties under this Agreement, and it shall incur no liability and be fully protected in acting in good faith in accordance with the advice of such counsel.

**ATRICLE VI**
**TERMINATION**

6.1 <u>Termination.</u>  This Agreement shall terminate upon (i) the written consent of each of the Principal and Trustee or (ii) expiration, termination and full exoneration of the sureties obligation.

**ARTICLE VII**
**MISCELLANEOUS**

7.1 <u>Notices.</u>  All notices, requests or other communications required or permitted to be made under this Agreement shall be in writing and delivered at the address designated below, or sent by telecopy pursuant to the instructions listed below, or by United States first class mail with postage prepaid, addressed as follows, or to such other address or addresses as may hereafter be furnished by the Principal to the Trustee or by the Trustee to the Principal in compliance with the terms hereof:

To the Trustee:

Bond Safeguard Insurance Company
256 Jackson Meadow Drive, Suite 201
Hermitage, TN 37076
Attn: David Campbell, President
Tel. (615) 250-3043
Fax (615) 250-3044

To the Principal:

New Century Financial Corporation
3121 Michelson – 6th Floor
Irvine, CA 92612
Attn: Bradley Alexander Morrice, President & CEO
Tel: (949) 440-7030
Fax: (949) 471-2625
In case of notice given by mail, notice shall be deemed given and received on the fifth calendar day after posting; in the case of notice by telecopier or hand delivery, on the date of actual transmission or personal delivery, as the case may be.

7.2 <u>Amendments.</u> This Agreement may be amended or modified (other than sections 1.1, 1.2, 7.2 in writing signed by the Principal and Trustee.

7.3 <u>Severability.</u> Should any provision of this Agreement be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Agreement.

7.4 <u>Governing Law.</u> This Agreement shall be governed by the laws of the State of Kentucky without giving effect to conflict of law principles.

7.5 <u>Consent to Jurisdiction.</u> The Principal hereby irrevocably submits to the nonexclusive jurisdiction of any United States Federal or Kentucky State court sitting in Louisville in any action or proceeding arising out of or relating to this Agreement, and the Principal hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in any such United States Federal or Kentucky State court and the Principal hereby waives any objection, including, without limitation, any objection to the venue or based on the grounds of <u>forum non conventions</u> which it may now or hereafter have to bringing of any such action or proceeding in such respective jurisdictions. As a method of service the Principal also irrevocably consents to the service of any and all process in any such action or proceeding brought in any court in or of the State of Kentucky by delivery of copies of such process to the Principal, at its address specified in Section 7.1 or by certified mail direct to such address, such service to be effective upon such delivery or five (5) days after such mailing.

7.6 <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

| Bond Safeguard Insurance Company | New Century Financial Corporation |
|---|---|
| as Trustee | as Principal |

By:_____    By:_____

Name: David E. Campbell    Name: Bradley Alexander Morrice

Title: President    Title: President & CEO

New Century Mortgage Corporation
as Principal

By :_____

Name:Bradley Alexander Morrice

Title:President, Chief Executive Officer
and Director

6

**SCHEDULE A**
**4/13/07**

| Principal Name on Bond | Type of Bond | Bond Number | State Issued to | Cancellation Date by Hartford | Current Limits |
|---|---|---|---|---|---|
| New Century Mortgage Corporation | Bond of Residential Mortgage | 14BSBBT3865 | CA | 4/30/2007 | 50,000 |
| New Century Mortgage Corporation | D/B/A Home123 Corporation Bond of | 14BSBCC2107 | CA | 4/30/2007 | 25,000 |
| New Century Mortgage Corporation | Mortgage Broker Bond | 14BSBCK0460 ** | DC ** | 4/30/2007 | 500,000 |
| New Century Mortgage Corporation | D/B/A Home 123 Corporation | 14BSBBU1320 | FL | 4/30/2007 | 10,000 |
| New Century Mortgage Corporation | Mortgage Broker Bond | 14BSBCN9616 ** | MD ** | 5/30/2007 | 375,000 |
| New Century Mortgage Corporation | Supervised Lender Bond | 14BSBAL9938 ** | ME ** | 4/30/2007 | 500,000 |
| New Century Mortgage Corporation | Residential Mortgage Servicer Bond | 14BSBAE8873 | MN | 5/2/2007 | 50,000 |
| New Century Mortgage Corporation | Surety Bond to Operate Money Broke | 14BSBAK8358 | ND | 5/3/2007 | 25,000 |
| New Century Mortgage Corporation | Surety Bond To Operate Collection A | 14BSBDW3944 | ND | 5/3/2007 | 20,000 |
| New Century Mortgage Corporation | Supervised Lender License Bond | 14BSBAL4597 | OK | 5/2/2007 | 44,000 |
| New Century Mortgage Corporation | Mortgage Lender Bond | 14BSBAL4556 | WV | 5/2/2007 | 100,000 |
| New Century Mortgage Corporation | Mortgage Broker Bond | 14BSBAL4557 | WV | 5/2/2007 | 50,000 |
| New Century Mortgage Corporation | Surety Bond For Mortgage Lenders a | 14BSBDN4534 ** | WY ** | 4/30/2007 | 365,000 |
| New Century Mortgage Corporation | Mortgage Banker Bond | 14BSBAH3739 | AR | 6/1/2007 | 100,000 |
| New Century Mortgage Corporation | Surety Bond of Supervised Lender | 14BSBAU9411 ** | CO ** | 4/30/2007 | 75,000 |
| New Century Mortgage Corporation | Mortgage Banker Bond | 14BSBDG8223 | GA | 4/30/2007 | 150,000 |
| New Century Mortgage Corporation | Regulated Loan License Bond | 14BSBDN4543 | IA | 5/3/2007 | 1,000 |
| New Century Mortgage Corporation | Regulated Loan License Bond | 14BSBDW3907 | IA | 5/3/2007 | 1,000 |
| New Century Mortgage Corporation | Mortgage Banker Bond | 14BSBBX6871 | IA | 5/2/2007 | 50,000 |
| New Century Mortgage Corporation | Residential Mortgage License Bond | 14BSBAR0064 | IL | 5/3/2007 | 20,000 |
| New Century Mortgage Corporation | Supervised Lender Bond | 14BSBAH3770 ** | KS ** | 4/30/2007 | 300,000 |
| New Century Mortgage Corporation | Collection Agency Bond | 14BSBAY8967 | MA | 5/3/2007 | 25,000 |
| New Century Mortgage Corporation | Mortgage Broker, Lender or Servicer | 14BSBAK8357 | MI | 6/30/2007 | 125,000 |
| New Century Mortgage Corporation | | 14BSBAN3453 | MI | | 125,000 |

**SCHEDULE A**
**4/13/07**

| | | | | | |
|---|---|---|---|---|---|
| New Century Mortgage Corporation | Surety Bond To Operate Collection A | 14BSBDW3945 | ND | 5/3/2007 | 20,000 |
| New Century Mortgage Corporation | Surety Bond To Operate Collection A | 14BSBDW3946 | ND | 5/3/2007 | 20,000 |
| New Century Mortgage Corporation | Mortgage Banker Bond | 14BSBBZ2274 | NE | 5/3/2007 | 100,000 |
| New Century Mortgage Corporation | Licensed Lender Bond | 14BSBAN3451 | VT | 5/30/2007 | 150,000 |
| New Century Mortgage Corporation | Mortgage Banker Bond | 14BSBAN9332 | WI | 4/30/2007 | 300,000 |
| New Century Mortgage Corporation | Loan Company Bond | 14BSBDN4544 | WI | 6/1/2007 | 50,000 |
| | | | | | 3,726,000 |

RETAIN BONDS LIST