**Hearing Date:  May 21, 2007**
**Hearing Time:  10:00 a.m.**
**Related Docket #493**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC. | ) | Case No. 07-10416-KJC |
| f/k/a NEW CENTURY FINANCIAL | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Debtors. | ) | |

### QKC MAUI OWNER, LLC'S OBJECTION TO PROPOSED CURE AMOUNT

QKC Maui Owner, LLC, a Delaware limited liability company ("QKC"),[1] by its attorneys,

Honigman Miller Schwartz and Cohn LLP, for its objection to the debtors' proposed cure amount,

states as follows:

    1.      This is a contested matter pursuant to Bankruptcy Rules 6006(b) and 9014.

    2.      Jurisdiction is based upon 28 U.S.C. §1334.

    3.      This is a core proceeding within the meaning of 28 U.S.C. §157(b).

    4.      One of the debtors is a lessee of QKC at the Queen Ka'ahumanu Center in Kahului,

Hawaii, pursuant to a written lease agreement dated December 20, 2004 (the "Lease").

    5.      Bankruptcy Code Section 365(b)(2), governs the financial obligations of a debtor

which wishes to assume and assign a lease.  Section 365(b) provides in pertinent part as follows:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--

---

[1] QKC Maui Owner, LLC is the owner of the mixed use shopping center commonly known as the Queen Ka'ahumanu Center, located in Kahului, Hawaii.

1

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, <u>for any actual pecuniary loss to such party resulting from such default</u>; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

(Emphasis added).

6.    QKC asserts that the requirements of Section 365(b)(1)(B) include compensation to the landlord for sums incurred for attorneys fees in connection with the bankruptcy case. *See, In re: F&N Acquisition Corp.*, 152 B.R. 304 (W.D.Wash. 1993); *In re: Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D.Cal. 1989); *In re: Westview 74th Street Drug Company*, 59 B.R. 747 (Bankr. S.D.N.Y. 1986); *In re: A. Tarricone*, 70 B.R. 464 (Bankr. S.D.N.Y. 1987); *In re: Ryan's Subs, Inc.*, 25 Bankr. Ct. Dec. 649 (W.D.Md. 1994); and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees if based upon the language of the lease). The QKC Lease has language which requires the reimbursement of attorneys fees in connection with proceedings of this kind.

7.    The amounts stated by the debtors in their table of estimated cure amounts is incorrect. The correct cure amount through May 1, 2007, not including pecuniary losses incurred by the landlord, additional amounts due after May 1, 2007, and year-end adjustments for common area maintenance and taxes is $14,244.81 which is the unpaid minimum rent and monthly charges for the month of April 2007. Certainly, the debtors are aware of the fact that if they did not pay rent for the month of April 2007, and therefore, their asserted "cure amount" as listed in the motion to assume and assign is patently false. Because the debtors were aware of this fact, QKC asserts it is entitled to

all fees and costs incurred in connection with this cure claim objection.

Wherefore, the QKC Maui Owner, LLC prays that the Court require the debtors to cure all amounts due and owing pursuant to the Lease and the Bankruptcy Code prior to the authorization of an assumption and assignment, and that the Court award QKC its costs and attorney fees incurred in this proceeding.

Dated:  May 18, 2007

                                    Honigman Miller Schwartz & Cohn LLP
                                    Attorneys for QKC Maui Owner, LLC
                                    By:          /s/ Andrew S. Conway
                                        Andrew S. Conway
                                      38500 Woodward Avenue, Suite 100
                                    Bloomfield Hills, Michigan 48304
                                    (248) 566-8416

OAKLAND.1295338.1