**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416 (KJC)** |
| **a Delaware Corporation, et. al.,** | : | |
| | : | |
| **Debtors.** | : | **Jointly Administered** |

**ORDER DENYING IN PART AND GRANTING IN PART MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, AN EXAMINER**

This matter came before this Court for hearing on May 15, 2007, on the Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner (the "Motion"). Due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules. This Court, having considered the evidence in the record and arguments of counsel, concluded that the United States Trustee had not proven by clear and convincing evidence that cause exists for the appointment of a chapter 11 trustee. The Court therefore denied the Motion insofar as it sought such an appointment under 11 U.S.C. § 1104(a)(1). Based upon the record, however, the Court found that grounds exist for the appointment of an examiner under 11 U.S.C. § 1104(c)(1), which provides that "if the court does not order the appointment of a trustee under this section, . . . on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of an examiner . . . if . . . such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . ." The Court finds that the appointment of an examiner is in the interests of creditors, any equity security holders, and other interests of the estate. This Court's finding of grounds for the appointment of

an examiner under subsection (c)(1) obviated the need for the Court to consider the issues raised under subsection (c)(2).

Based on the foregoing and on the record in this case, it is hereby

ORDERED that the Motion is denied insofar as it seeks the appointment of a chapter 11 trustee for cause pursuant to 11 U.S.C. § 1104(a)(1), and granted, pursuant to 11 U.S.C. § 1104(c)(1), insofar as it seeks the appointment of an examiner; and

IT IS FURTHER ORDERED that the United States Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(1); and

IT IS FURTHER ORDERED that the Examiner shall: (a) investigate any and all accounting and financial statement irregularities, errors or misstatements that gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements;  and (b) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation"); and

IT IS FURTHER ORDERED that the Debtors and the Committee shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation, and that the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation; and

IT IS FURTHER ORDERED that neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until the Examiner's report is filed with the Court; and

IT IS FURTHER ORDERED that the Examiner shall prepare and file an interim report, within 90 days after the date of appointment unless such time shall be extended by order of the Court, which interim report shall set forth the status of the Investigation and contain a proposed schedule for the continuation of the Investigation and the issuance of one or more additional reports; and

IT IS FURTHER ORDERED, that the Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies; and

IT IS FURTHER ORDERED that the Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; and

IT IS FURTHER ORDERED that the Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 389). Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330; and

      IT IS FURTHER ORDERED that the Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; and

      IT IS FURTHER ORDERED that nothing in this Order shall impede the right of the United States Trustee or any other party in interest to request any other lawful relief, including but not limited to a request to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the United States Trustee or any other party in interest believes should be brought to the attention of the Court.

                                                                     The Honorable Kevin J. Carey
                                                                     United States Bankruptcy Judge

Dated:_____