EXHIBIT A
PROPOSED ORDER
**(Long Form)**

SL1 723225v1/102505.00001

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY HOLDINGS, INC., a Delaware ) | Case No. 07-10416 (KJC) |
| corporation, et al.[1] ) | Jointly Administered |
| Debtor. ) | |
| ) | Related to Docket No. 307 |

**ORDER DENYING EMERGENCY MOTION OF PLAN BENEFICIARIES FOR AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF PLAN BENEFICIARIES PURSUANT TO 11 U.S.C. § 1102(a)(2)**

This Court having considered the *EMERGENCY MOTION OF PLAN BENEFICIARIES (THE "PLAN BENEFICIARIES") FOR AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF PLAN BENEFICIARIES PURSUANT TO 11 U.S.C. § 1102(a)(2)* (Docket No. 307)(the "Motion") in the above-captioned matter; and due and proper notice of the Motion having been given; the Court having considered the Motion and the objections to the Motion filed by the Official Committee of Unsecured Creditors (the "Committee") and the United States Trustee; and after a hearing before this Court on May 7, 2007, the Court finds as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

1. Although the Plan Beneficiaries and the Committee are diametrically opposed on the issue of ownership of or entitlement to the assets in the Plan (as defined in the Motion), and hence could not adequately represent them on those issues, (the "Plan Issues") on other issues the Committee can, as presently constituted, provide adequate representation to the Plan Beneficiaries within the meaning of the Bankruptcy Code and related law. The fact that there is a dispute or potential disputes between the Committee and the Plan Beneficiaries on a material issue does not mean that the Committee is incapable of providing adequate representation on other issues affecting the Plan Beneficiaries.

2. Even though the Committee cannot provide adequate representation on the Plan Issues, the estate should not be charged with funding the Plan Beneficiaries' litigation with respect to ownership of or entitlement to the Plan funds based upon the record at the hearing. The process established by the Code for the appointment of additional committees was not intended to allow the use of estate funds to litigate claims against the estate, without more.

3. The Plan Beneficiaries raise the narrow issue of entitlement to Plan funds. While the Plan Beneficiaries suggest that other issues may require a separate committee, the record before the Court at this time, including the testimony presented at the hearing, does not support the creation of an additional committee solely for the Plan Issues.

4. Counsel for both sides have discussed alternative avenues for advancing the interests of the Plan Beneficiaries, including, but not limited to: (a) the creation of an additional committee to represent all former employees, including those making claims under the WARN Act; and (b) the addition of a Plan Beneficiary to the Official

Committee of Unsecured Creditors, which later alternative the United States Trustee represents she is considering at this time. Accordingly, while the Court's recitation of these alternatives is not an invitation to pursue any or all of them, or a finding that any such alternatives are necessary at this time, avenues other than the appointment of an additional committee exist as a means of protecting the interests of the Plan Beneficiaries.

5. Given the dispute as to the ownership of or entitlement to the funds in the Plan, and the agreement of the Debtors and the Committee to do so, such funds should remain segregated and should not be used for any purpose unless and until the Court orders otherwise.

Based on the above findings, it is hereby:

**ORDERED** that the Motion is DENIED, without prejudice; and it is further

**ORDERED** that without prejudice to any party in interest's rights to assert, among other arguments, that such funds are or are not property of the Debtors' estates, all funds being held in or for the benefit of the "Plan" as defined in Motion shall remain *in status quo* and no use or distribution of such funds shall be permitted without a further order of this Court.

The movants shall serve a copy of this Order upon: (1) the Office of the United States Trustee; (2) counsel for Debtors; (3) [proposed] counsel for the Official Committee of Unsecured Creditors; and (4) all parties who have filed timely requests for notice under Rule 2002 of Federal rules of Bankruptcy Procedure.

Dated: May ___, 2007

_____
Kevin J. Carey
United States Bankruptcy Judge