# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

## SUPPLEMENTAL AFFIDAVIT OF FRANK B. GLASSNER IN SUPPORT OF THE APPLICATION FOR AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002 AUTHORIZING THE RETENTION OF COMPENSATION DESIGN GROUP, INC. AS COMPENSATION SPECIALISTS FOR THE DEBTORS *NUNC PRO TUNC* AS OF THE PETITION DATE

Frank B. Glassner makes this supplemental affidavit under 28 U.S.C. § 1746, and states:

1. I am the Chief Executive Officer of Compensation Design Group, Inc. ("CDG"), which is located at 101 California Street, Suite 2820, San Francisco, CA 94111, with additional offices in Chicago, Illinois and New York, New York. I am submitting this supplemental affidavit (the "Supplemental Affidavit") in support of the Application for an Order Under 11 U.S.C. §§ 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 Authorizing the Retention of Compensation Design Group, Inc. as Compensation Specialists for the Debtors Nunc Pro Tunc to the Petition Date (the "Application").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O. Corp., a California corporation; New Century R E O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

{10395523:2}
RLF1-3152836-1

2. I understand that the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has informally raised some concerns with the above-captioned debtors and debtors in possession (collectively, the "Debtors") regarding the Application. This Supplemental Affidavit is intended to address certain of the concerns raised by the U.S. Trustee. Specifically, the Supplemental Affidavit is intended to (i) describe the services provided by CDG to the Debtors prior to the commencement of these chapter 11 cases on April 2, 2007 (the "Petition Date"), (ii) verify that CDG does not have any connections with the Debtors or any "insiders" of the Debtors and is therefore a "disinterested person" under section 101 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and (iii) disclose the compensation paid to CDG by the Debtors in the 90 days preceding the Petition Date.

## SERVICES PROVIDED PRIOR TO THE PETITION DATE

3. As discussed in the Application, CDG's core focus is providing compensation consulting through the design and management of compensation, benefits, and human resource programs. CDG's professionals have particular expertise in working with: (i) executive compensation; (ii) wage and salary determination and administration; (iii) sales and marketing compensation; (iv) incentive compensation and performance management; (v) performance appraisal and development; (vi) surveys on compensation and organizational practices within specialized industries; (vii) studies linking organizational strategy and compensation programs to business strategy and performance objectives; and (viii) public offering, merger and acquisitions defensive and offensive strategies, and capital market assistance.

4. On March 9, 2007, CDG entered into the Engagement Letters (as defined in the Engagement Letters) with the Debtors. A description of the services provided by CDG pursuant

to the Engagement Letters is described in the Application and my affidavit attached thereto. Prior to entering into the Engagement Letters, beginning in 2005, CDG provided assistance to New Century Financial Corporation and the Compensation Committee of its Board of Directors, as related to the Board's responsibilities set forth in its Charter. CDG's services included performance of in-depth analysis of total compensation arrangements, including, but not limited to, base salary, annual incentives, long-term incentives, benefits and perquisites provided to named executive officers of New Century Financial Corporation and other employees, as well as an analysis of compensation provided to non-employee members of the Board of Directors, including, but not limited to, annual retainer, board/committee meeting fees, and long-term incentives.

## DISINTERESTEDNESS AND ELIGIBILITY

5. As discussed in my initial affidavit, in preparing our Application, CDG used a set of procedures established to insure compliance with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure regarding the retention of professionals by a debtor or official committee under the Bankruptcy Code. In that regard, CDG requested and obtained from the Debtors a list of the names of entities who may be parties in interest in these Chapter 11 cases, including, inter alia, the Debtors, their present officers and directors and parties holding equity interests in the Debtors. Other than CDG's prior representation of the Debtors, as disclosed herein, CDG does not have any relationship with the Debtors, their present officers and directors or any parties holding equity interests in the Debtors. Moreover, I am advised that CDG is a "disinterested person" as such term is defined in section 101 of the Bankruptcy Code.

## DISCLOSURE OF COMPENSATION

6.	As discussed above, in the 90 days preceding the Petition Date, CDG rendered services to the Debtors. CDG received total payments, including reimbursement of expenses, in the amount of $295,851.38 in the 90 days preceding the Petition Date. An accounting summary of the payments made to CDG is attached hereto as Exhibit 1. No amount was due and owing to CDG as of the Petition Date. Accordingly, CDG is not a creditor of the Debtors' estates.

_____
Frank B. Glassner
Chief Executive Officer

Executed this 18th day
of May, 2007

# EXHIBIT 1

## ACCOUNTING SUMMARY OF PAYMENTS

| Date | Transaction | Amount |
|---|---|---|
| 1/3/07 | Payment for professional services to be rendered by CDG during the month of December 2006, including reimbursement of expenses, pursuant to CDG Invoices No. 3277 and 3278, each dated November 20, 2006. | $84,095.06 |
| 2/2/07 | Payment for professional services to be rendered by CDG during the month of January 2007, including reimbursement of expenses, pursuant to CDG Invoices No. 3282 and 3283, each dated January 24, 2007. | $72,838.01 |
| 3/9/07 | Payment for professional services to be rendered by CDG during the month of February 2007, including reimbursement of expenses, pursuant to CDG Invoices No. 3287 and 3288, each dated February 22, 2007. | $70,537.31 |
| 3/15/07 | Payment for professional services rendered and to be rendered by CDG during the month of March 2007, including reimbursement of expenses, pursuant to CDG Invoices No. 3289 and 3290, each dated March 14, 2007. | $68,381.00 |
| **TOTAL** | | **$295,851.38** |

{10395523;2}**Error! Unknown document property name.**