# EXHIBIT B

RLF1-3153274-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware Corporation, et. al. | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

## ORDER DENYING IN PART AND GRANTING IN PART, AS AMENDED, MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE ~~APPROVING STIPULATED ORDER~~ OR, IN THE ALTERNATIVE, FOR APPOINTMENT OF AN EXAMINER

This matter came before this Court for hearing on May 15, 2007, on the Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner (the "Motion"). Due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules. This Court, having considered the evidence in the record and arguments of counsel, concluded that the United States Trustee had not proven by clear and convincing evidence that cause exists for the appointment of a chapter 11 trustee. The Court therefore denied the Motion insofar as it sought such an appointment under 11 U.S.C. § 1104(a)(1). On the record of the hearing the ~~Debtors and the Committee offered to stipulate that it was~~ United States Trustee amended the Motion to seek the appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(i) as the in the interests of creditors, any equity security holders, and other interests of the estates ~~to appoint an examiner pursuant to 11 U.S.C. § 1104(c)(i), and the United States Trustee consented to the appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(1)~~. Section 1104(c) of the Bankruptcy Code provides, in part, that "If the court does

not order the appointment of a trustee under this section, . . . on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of an examiner . . . if . . . such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . ." The Court finds that the appointment of an examiner is in the interests of creditors, any equity security holders, and other interests of the estate, and that good cause has been show for the relief granted.

Based on the foregoing and on the record in this case, it is hereby

ORDERED that the Motion is denied insofar as it seeks the appointment of a chapter 11 trustee for cause pursuant to 11 ~~US~~U.S.C. § 1104(a)(1); and

IT IS FURTHER ORDERED that ~~the stipulation of the Debtors and Committee~~Motion, as amended, to appoint an examiner pursuant to 11 U.S. C. § 1104(c)(1), is approved, and the ~~Motion is deemed withdrawn insofar as it seeks the appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(2), and the~~ United States Trustee is directed to appoint an examiner ("Examiner") pursuant to 11 U.S.C. 1104(c)(1); and

IT IS FURTHER ORDERED that the Examiner shall (a) investigate ~~the~~any and all accounting and financial statement irregularities, errors, or misstatements that gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006, ~~including how and why such errors occurred and who was involved in such errors~~and (b) otherwise perform the duties of an examiner set forth in 11 U.S.C. Sec. 1106(a)(3) (the "Investigation); and

IT IS FURTHER ORDERED that the Examiner shall, before commencing the Investigation, develop a work plan ~~and budget~~ for such Investigation. ~~The~~ and, to the extent the

Examiner ~~shall~~ <u>deems it necessary and useful, he or she may</u> consult with the Debtors and the Committee in developing the work plan. The Debtors and the Committee shall cooperate with the Examiner in the development of the work plan ~~and budget~~, and, except as provided below, shall provide the Examiner with such information and assistance as the Examiner reasonably requests ~~to determine: (a) the events that have transpired to date in these cases, and (b) the status and progress of the Committee's investigation~~. In preparing the work plan ~~and budget~~, the Examiner shall be mindful of the general goal of avoiding duplication of existing investigations. The Examiner shall also take into account the status of pending governmental investigations in developing the work plan. ~~If issues arise in connection with the development of the work plan and budget that the Examiner, the Debtors, and the Committee are unable to resolve, the parties may seek the resolution of those issues by the Court. If any of the Examiner, the Debtors, or the Committee believes that public disclosure of such dispute and/or the work plan and budget might be prejudicial to the Debtors' estates or to the course of future investigations, such party may request to proceed in camera or by motion filed under seal. The Examiner shall submit for Court approval the final work plan and budget prior to commencing the Investigation~~; and

IT IS FURTHER ORDERED that in conducting the Investigation, the Examiner shall use best efforts to coordinate with and to avoid interference with any investigations being conducted by the Securities and Exchange Commission, the United States Department of Justice, or other governmental agencies. Such cooperation shall not be deemed to be a public disclosure of the Investigation, its process, or its substance; and

IT IS FURTHER ORDERED that the Debtors and all of the Debtors' affiliates, subsidiaries and other companies under their control and the Examiner shall mutually coordinate and cooperate in connection with the performance of any of the Examiner's duties. The Debtors

shall provide to the Examiner all non-privileged documents and information relevant to the Investigation that the Examiner requests. Nothing herein shall prohibit the Debtors from objecting to requests, including, without limitation, on the ground that the documents or information requested are beyond the scope of the Investigation. If the Examiner seeks the disclosure of documents or information as to which any of the Debtors assert a claim of privilege or have objected and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtors' privileges, including, but not limited to, the attorney-client privilege and attorney work product privilege, remain and are not deemed waived or in any way impaired by the parties' stipulation referenced above or by this Order; and

IT IS FURTHER ORDERED that, subject to any applicable confidentiality agreement between the Committee and the Debtors, the Committee shall provide the Examiner with access to all materials it has received in response to discovery authorized by the Court or voluntarily provided by the Debtors, and the Examiner and the Committee shall cooperate and coordinate their efforts to assure, to the extent possible, that their investigations are not unduly duplicative; and

IT IS FURTHER ORDERED that, subject to the requirements for mutual cooperation and coordination set forth herein, nothing contained in this Order shall diminish the powers and authority of the Debtors or the Committee under the Bankruptcy Code, including the powers to investigate transactions and entities, to commence contested matters and adversary proceedings, and to object to claims; and

IT IS FURTHER ORDERED that the Examiner shall prepare and file a report, as is required by 11 U.S.C. § 1106(a)(4), within 6~~9~~0 days of the date of appointment, unless such time

shall be extended by order of the Court, advising as to (x) the status of the investigation, (y) whether the Examiner believes that he or she requires additional time to complete the Investigation, and (z) whether he or she has identified additional areas or topics which should be investigated and therefore whether the scope of the Investigation as defined herein should be broadened or otherwise amended; all parties in interest shall have the right to appear and be heard on whether the scope should be amended as requested by the Examiner; and

IT IS FURTHER ORDERED that until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examiner's duties, except in hearings before the Court; and

IT IS FURTHER ORDERED that the Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; and

IT IS FURTHER ORDERED that the Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant any procedures for interim compensation and reimbursement of expenses of professionals which are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330; and

IT IS FURTHER ORDERED that the Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; and

IT IS FURTHER ORDERED that nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to a request to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the Examiner, the Debtor, the Committee or the United States Trustee believe should be brought to the attention of the Court, or to have the Examiner's report, or parts thereof, filed under seal.

Dated: _____, 2007

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

6   DeltaView comparison of New Century Examiner Motion; Performed on 5/19/2007.