IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| NEW CENTURY TRS HOLDINGS | * | CASE NO. 07-10416 (KJC) |
| INC. A DELAWARE CORPARATION, | * | |
| *ET AL.*, | * | JOINTLY ADMINISTERED |
| | * | DOCKET NO. 526 |
| DEBTORS | * | REF DOCKEY NO.795 |
| | * | |
| | * | HEARING DATE MAY 21, 2007 |
| | * | @ 10:00 A.M. |
| | * | OBJECTION DEADLINE |
| | * | MAY 14, 2007 @ 4:00 P.M. |

**RESPONSE TO DEBTORS' AND DEBTORS IN POSSESSION'S MOTION FOR PROCEDURE TO GRANT STAY RELIEF IN CERTAIN FORECLOSURE PROCEEDINGS**

**COMES NOW**, Wells Fargo Bank, N.A., care of McCalla Raymer, LLC, (hereinafter "Wells Fargo") by and through its counsel, Neil F. Dignon, Esquire, of the firm Draper & Goldberg, PLLC., does hereby request this honorable court deny the motion of New Century TRS Holdings, Inc., *et al.*, debtor, and debtors in possession's, (hereinafter collectively "Debtors") Motion Seeking Establishment of Procedures for Grant of Relief of Automatic Stay in Certain Foreclosure Proceedings. In support of its request Wells Fargo states the following:

1. Admitted

2. Wells lacks sufficient information to either admit or deny the allegations and averments contained in this paragraph of Debtors' motion, and therefore leaves Debtors to their proof.

3. Admitted that Debtor is a mortgage lender as for the balance of the allegation of paragraph 3., Wells lacks sufficient information to either

        admit or deny the allegations and averments contained in this paragraph, and therefore, leaves Debtors to their proof.

4.     Admitted

5.     Wells lacks sufficient information to either admit or deny the allegations and averments contained in this paragraph of Debtors' motion, and therefore, leaves Debtors to their proof.

6.     As for the Debtors anticipating being inundated with lift stay motions and other procedures associated with foreclosures of senior liens, this is speculation and therefore, should be stricken from the motion, or at the very least disregarded by the court. As for the balance of the allegations in paragraph 6. Wells lacks sufficient information to either admit or deny the allegations and averments contained in this paragraph, and therefore, leaves Debtors to their proof.

7.     Wells lacks sufficient information to either admit or deny the allegations and averments contained in this paragraph of Debtors' motion ,and therefore leaves Debtors to their proof.

8.     The allegation that junior liens held by Debtors are property of the Chapter 11 estate states a conclusion of law, and as such, no response is required. As for the procedures proposed by Debtors, no response is required.

9.     Paragraph 9 outlines a procedure proposed by Debtors. As such. no response is required.

10.     Denied. Senior lien holders with be prejudiced in multiple ways. One Thousand Dollars ($1000.00) exceeds the going rate for a motion for relief

against a consumer debtor, and is far in excess of the attorney's fees this court traditionally awards for attorney's fees for prosecution of stay lift motion for the purpose of allowing foreclosure proceedings against residential real property. Further, $1,000.00 is an unreasonable amount of money for the time required to assess the value to the estate of a junior liens held by the estate. The Debtor in Possession is responsible for calculating the value of all of its assets as part of the administration of the chapter 11 bankruptcy. This is apparently an attempt on the part of the Debtor's to at the very least pass off the expense of the Debtors' costs for the administration of its bankruptcy to third party lien holders who are unfortunate enough hold liens against properties in which Debtors also hold a lien interest. At its worst, it is an attempt by the Debtors to misuse the Bankruptcy process, and their status as chapter 11 debtors and debtors in possession to force third party lien holders to make payment directly to Debtor's prior being able to exercise their undisputed rights in certain parcels of real property. This transparent attempt to misuse the bankruptcy court to create a revenue stream for Debtors is tantamount to an application for court ordered extortion. Such an order would result in extreme prejudice to third party lien holders such as Wells.

     Additionally Forty Five (45) days is far too long a period for Debtors to be permitted to redeem. Pursuant to the local rules of this court the maximum notice required for a stay lift motion is 18 days. Under the proposed procedure, Debtors would have the prospective applicant for lift

stay gather all the factual information Debtors would require to defend such a motion Since the Debtors would be required to compile and submit to Debtors all the information necessary for Debtors to defend a stay lift motion.  Were such a motion to be filed, Debtors would have at most 18 days to compile the same information to defend said motion.  As such, under the proposed special procedure Debtors would not be required to perform any of the fact finding required to defend a lift stay motion, but given two and one half (2 ½) times the amount of time to determine what action to take in the face of the stay lift request.  As such any special procedure should allow the Debtors no more than 18 days to redeem any senior lien.  Should Debtors fail to redeem the prospective movant's account within 18 days of sending the notice of request for stay relief per the special procedure, the automatic stay should be lifted.

Further, the information Debtors seek to have the court require in the notice is unduly burdensome on Wells Fargo and similarly situated lien holders.  By requiring the individual or entity seeking stay relief to provide the procedural posture of the foreclosure action, appraisals and a lien and assessment search, Debtors are attempting to have the court order Wells and other similarly situated lien holders to assume the burden of procuring for Debtors the information necessary for Debtors to defend against Wells stay lift motion.  Such an order would be prejudicial and patently inequitable to Wells and similarly situated lien holders.

11.    Denied

12. No response required

13. Admitted that as of the date of filing Debtors' Motion no trustee had been appointed, as to the balance of paragraph 13., Wells lacks sufficient information to either admit or deny the allegations and averments contained in this paragraph, and therefore leaves Debtors to their proof.

14. This paragraph states a conclusion of law, and as such no response is required.

15. Admitted

### APPLICATION TO COURT TO CONSIDER WELLS' LATE FILED RESPONSE

16. Wells re-alleges and re-avers all the information contained in paragraphs 1-16 above and incorporates by reference herein as though it were laid out at length.

17. This court disfavors default rulings preferring that matters be adjudicated on the merits (cite)

18. Wells holds interest in numerous properties that Debtors hold liens against and as such its rights will be affected by the court's ordering the requested relief.

19. A court may not enter a ruling affecting an individual's life liberty or property with affording that individual due process of law, said due process being notice and a reasonable opportunity to be heard.. *U.S. Const Amend 5.*

20. Wells receive no notice of the instant motion from Movant, but did by happenstance come to have actual notice of this Motion after the response date.

21. Neither Movant nor any respondent will suffer any prejudice should the court allow Wells to present its objection to this motion

22. As Wells is constitutionally entitled to notice and an opportunity to be heard, it is fair equitable and within the court's discretion to allow Wells' late filed response

**WHEREFORE,** for the reasons stated above, Wells Fargo Bank, N.A., respectfully requests this honorable court enter and order;

**A.** denying the Debtor's motion seeking special procedures for Motions for Relief regarding certain mortgage foreclosures.

**B.** Awarding counsel fees to Wells incurred defending this motion

**C.** Allowing Wells to file and considering its response to the above captioned motion

**D.** Such other relief as this court finds fair and equitable.

Respectfully submitted,

Draper & Goldberg, PLLC.,

/s/ Neil F. Dignon, Esquire
Neil F. Dignon, Esquire
I.D. No. 3625
Draper and Goldberg PLLC
512 East Market Street
Georgetown, DE 19947
Tel (302) 854-0380
Fax (302) 854-9419

DATED: May 21, 2007

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| NEW CENTURY TRS HOLDINGS | * | CASE NO. 07-10416 (KJC) |
| INC. A DELAWARE CORPARATION, | * | |
| *ET AL.*, | * | JOINTLY ADMINISTERED |
| | * | DOCKET NO. 526 |
| DEBTORS | * | REF DOCKEY NO.795 |
| | * | |
| | * | HEARING DATE MAY 21, 2007 |
| | * | @ 10:00 A.M. |
| | * | OBJECTION DEADLINE |
| | * | MAY 14, 2007 @ 4:00 P.M. |

## ORDER

UPON CONSIDERATION of the Debtor's Motion and Wells Fargo Bank N.A,'s (Wells) response thereto and good cause having been shown, it is this _____ day of _____, 2007 hereby **ORDERED**;

That Wells' late filed response to the subject motion shall allowed and considered by the court, and it is further

ORDERED The Debtors and Debtors in Possession's Motion Seeking Special Procedures for Motions Seeking Stay Relief in Certain Foreclosure Actions is **DENIED;** and it is further

**ORDERED** that Debtor and/or Debtor in Possession will pay Wells attorney;s fees in the amount of $_____ for defense of this motion

_____
JUDGE

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that copies of the foregoing Response to Motion for Special Procedures and attendant form of Order were forwarded via fax and first-class, postage pre-paid mail this 21st day of May, 2007 to:

Mark D. Collins Esquire
Michael J. Merchant, Esquire
Christopher M. SAmis Esquire
c/o Mark D. Collins Esquire
Richards Layton & Finger, P.A.
1 Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
Fax (302) 651-07701

Joseph J. McMahon Jr. Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street
Room 2207
Lockbox #35
Wilmington, DE 19899-0035
Fax (302) 573-6497

Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6464

Laura Davis Jones, Esquire
Timothy P. Cairns, Esquire
c/o Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street
17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Fax (302) 652-4400

Suzzanne S. Uhland, Esquire
Ben H. Logan, Esquire
Victoria Newmark, esquire
Emily R. Culler, Esquire
O'Melveney & Meyers LLP
275 Battery Street
San Francisco, CA 94111
Fax(415) 984-8701

Bennett L Spiegel, Esquire
Shirley S. Cho Esquire
Kirkland and Ellis LLP
777 South Figueroa Street
Suite 3700
Los Angeles, CA 90017
Fax (213) 680-8500

Mark T. Powers, Esquire
Mark S. Indelicato, Esquire
Jeffrey L Schwartz, Esquire
Hahn & Hessen LLP
488 Madison Ave
14th & 15th Floor
New York, NY 10022
Fax (212) 478-7400

Howard A. Cohen, Esquire
Drinher Biddle & Reath, LLP
1100 North Market Street
Suite 1000
Wilmington, DE 19801-1254
Fax (302) 467-4201

/s/ Neil F. Dignon, Esquire
I.D. No. 3625
Thomas D. H. Barnett
Neil F. Dignon
512 East Market Street
Georgetown, DE 19947
Tel (302) 854-0380
Fax (302) 854-9419
Attorneys for Plaintiff