# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| NEW CENTURY TRS HOLDINGS, : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] : | |
| : | Jointly Administered |
| Debtors. : | |
| : | Re: Docket No. 329 |

## ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY COMPENSATION DESIGN GROUP, INC., LLC AS COMPENSATION SPECIALIST *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002

This matter coming before the Court on the Application of the Debtors and Debtors in Possession for Order Authorizing the Retention and Employment of Compensation Design Group, Inc. as Compensation Specialist *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the "Application"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); and the Court having reviewed the Application at a hearing before the Court (the "Hearing"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A)

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3152380-3

and (c) notice of this Application and Hearing was sufficient under the circumstances; and the Court having considered the Affidavit of Frank B. Glassner in Support of Application for Order, Pursuant to Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Compensation Design Group, Inc. ("CDG") as Compensation Specialist to the Debtors (the "Glassner Affidavit") and the Supplemental Affidavit of Frank B. Glassner in Support of Application for Order, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Compensation Design Group, Inc. ("CDG") as Compensation Specialist to the Debtors (the " Supplemental Affidavit", and together with the Glassner Affidavit, the "Affidavits"); and the Official Committee of Unsecured Creditors (the "Creditors" Committee") having filed an objection to the Application [Docket No. 610], which was resolved in advance of the Hearing by an agreement documented in this Order; and the Court having determined that the legal and factual bases set forth in the Application, the Affidavits and at the Hearing, establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as modified herein.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. In accordance with sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, the Debtors are authorized to retain and employ CDG as their compensation specialist, effective *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the Application, the Engagement Letters and the Affidavits, as modified by this Order; provided, however, that CDG acknowledges that its services to be provided in

2

connection with these chapter 11 cases have been completed and that CDG shall not provide any additional services to the Debtors absent the consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") or a further order of the Court.

4. Notwithstanding anything in the Application, the Engagement Letters or the Affidavits to the contrary, CDG shall be entitled to allowance of total compensation in the amount of $64,000 (the "Flat Fee Amount") on account of all services performed in connection with these chapter 11 cases and as reimbursement for all expenses (including the Overhead Charge (as defined in the Engagement Letters)) incurred in connection with the provision of such services. No amounts shall be paid to CDG above the Flat Fee Amount on account of services provided in connection with these chapter 11 cases or as reimbursement for any expenses relating thereto.

5. Notwithstanding anything in the Application, the Engagement Letters or the Affidavits to the contrary, this Court shall have exclusive jurisdiction with respect to any claim or controversy arising out of or relating to the retention of CDG.

6. The indemnification obligations of the Debtors set forth in Paragraph 5 of the Engagement Letters are approved, subject during the pendency of these chapter 11 cases to the following:

   a. CDG shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services other than the compensation consulting services provided under the Engagement Letters, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtors shall have no obligation to indemnify CDG, or provide contribution or reimbursement to CDG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from CDG's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of CDG's contractual obligations unless the Court determines that

3

indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to CDG's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which CDG should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters as modified by this Order;

c.   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, CDG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, CDG must file an application therefore in this Court, and the Debtors may not pay any such amounts to CDG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CDG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify CDG. All parties in interest shall retain the right to object to any demand by CDG for indemnification, contribution or reimbursement; and

d.   Any limitation on any amounts to be contributed by the Parties to the Engagement Letters under the terms of the Engagement Letters shall be eliminated.

7.   Notwithstanding any provision of the Application, the Engagement Letters or the Affidavits to the contrary, final approval of the Flat Fee Amount shall be subject to review under the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8.   In light of the revised flat-fee structure, CDG is granted a limited waiver of the informational requirements of Local Rule 2016-2 to maintain time records in ½ hour increments.

9.   This Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: May 21, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4

RLF1-3152380-3