EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF [ VERMONT         ]   )
                              )  ss:
COUNTY OF [CHITTENDEN       ]  )

_____, being duly sworn, deposes and says:

1. I am a [Principal_____] of [Grant C. Rees, Attorney], (the "Firm"), which maintains offices at [164 Route 7 South, P.O. Box 108, Milton, Vermont]

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3.  Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as [ Foreclosure Counsel, Vermont

The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4.  The Firm's current customary rates, subject to change from time to time, are [ $150.00 / Hr.                    ]. In the normal course of its business, the Firm revises its billing rates on [ January 1 ], of each year and requests that, effective [ January 1 ] of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5.  In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: We have provided Foreclosure and / or Bankruptcy services to the following entities:
Barclays Bank, PLC; Countrywide Home Loans, Inc;
DB Structured Products, Inc ; Deutsche Bank Trust Company Americas; Federal National Mortgage Association; GMAC Commercial Financial LLC; U.S Bank National Association; Aurora Loan Services: Countrywide; Deutsche Bank; EMC Mortgage Corporation; Harbor Asset Management Services; HSBC Bank USA, N.A.; IndyMac Bank, N.A.; JP Morgan Chase Bank, NA; Washington Mutual Bank, N.A.;
New Century Mortgage Corporation

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm [WAS/ ] employed by the Debtors. The Debtors owe the Firm $[ 0.00 ]

for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm [WILL/            ] waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2007

_____
Affiant  Grant C. Rees, Esq.

Sworn to and subscribed before me
this 18th day of May, 2007

_____
Notary Public  Mimi DesOrmeaux

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2007

_____
Affiant  Grant C. Rees, Esq.

Sworn to and subscribed before me
this 18th day of May, 2007

_____
Notary Public  Mimi DesOrmeaux

# Grant C. Rees ATTORNEY

Admitted in Vermont, New Hampshire and Pennsylvania

164 Route 7 South
PO Box 108
Milton, VT 05468-0108
TEL: (802) 893-7400
FAX: (802) 893-3700
Eli Crittenden, Law Clerk
Mimi DesOrmeaux, Legal Assistant
e-mail: grantrees@prodigy.net

May 18, 2007

United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Fl.
Wilmington, DE 19801

FILED 2007 MAY 21 AM 10: 02
CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

RE: New Century Holdings
Case No.: 07-10416

Dear Mr. Bird:

Pursuant to the terms of the Court's Order Authorizing Retention of Professionals Utilized in Ordinary Course of Business, pursuant to Sections 327 and 328 of the Bankruptcy Code dated May 7, 2007 I enclose herewith my Affidavit of Ordinary Course Professional, executed.

My understanding of the Order, aforesaid, requires only that I file this with the Court and need not copy to other parties which I see are quite numerous. If I am mistaken in my understanding I would appreciate an indication to that effect.

Thank you and best wishes.

Sincerely,

Grant C. Rees

Enclosure
GCR/mdd

cc: Chris Samis, Esq.