IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>NEW CENTURY TRS HOLDINGS, INC. a<br>Delaware Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered |

## OBJECTION OF AT&T INC. TO NOTICE OF NEW CENTURY'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE OF ITS SERVICING BUSINESS AND THE FIXING OF CURE COSTS ASSOCIATED THEREWITH

AT&T Inc.[1] ("AT&T"), by and through its undersigned counsel, submits this objection (the "Objection") to the Debtor's Notice of New Century's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale of its Servicing Business and the Fixing of Cure Costs Associated Therewith (the "Notice"), and respectfully states as follows:

### BACKGROUND

1.      On April 2, 2007, (the "Petition Date"), New Century TRS Holdings Inc., New Century Financial Corporation and their direct and indirect subsidiaries (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.      AT&T provides various telecommunications services to the Debtors pursuant to certain contracts and agreements with the Debtors.

---

[1]      On or about November 19, 2005, SBC Communications Inc. acquired AT&T Corp. and changed its name to AT&T Inc.  Additionally, on or about December 29, 2006, AT&T Inc. purchased BellSouth Telecommunications, with AT&T Inc. being the surviving entity.

3.     On April 4, 2007, the Debtors filed a motion (the "Motion") seeking approval of, among other things, (i) the sale of certain assets of the Debtors to Carrinton Capital Management, LLC, (ii) institution of bidding procedures with respect to same, and (iii) the assumption of certain executory contracts.

4.     On April 20, this Court entered an order (the "Bidding Procedures Order") approving the bidding procedures with respect to the Motion.

5.     Upon information and belief, subsequent to the entry Bidding Procedures Order, the Debtors served the Notice on various parties who are counterparties to certain executory contracts with the Debtors.

6.     The Notice listed, among other things, certain executory contracts which the Debtors intend to assume and assign as well as the proposed cure amounts with respect to same. The Notice also provided a May 14, 2007 objection deadline.

7.     With respect to AT&T, the Debtors list AT&T as having an executory contract with the Debtors titled "General Contract Information dated as of August 15, 2001 by and between New Century Mortgage Corporation and AT&T" (the "AT&T Contract") and lists a cure amount of $0.00 (the "Proposed Cure Amount").

8.     Not only is the Proposed Cure Amount completely inaccurate (it is actually $1,314,259.66), AT&T **never** received a copy of the Notice.  In point of fact, AT&T only became aware of the Debtors' proposed sale through one of AT&T's in-house attorneys' reading of the press clippings regarding the same.  Upon learning of the sale, such in-house attorney immediately pulled the relevant pleadings and discovered that AT&T was listed on the Notice.

9.     Additionally, upon further investigation, it became more evident why AT&T did not receive the Notice.  Indeed, the Notice was sent to 55 Corporate Drive, Bridgewater, NJ

08807 -- an address that AT&T has not occupied in excess of one year.  The appropriate address
where the Notice should have been sent is 15100 FAA Blvd, Fort Worth TX 76155, which is the
address reflected in AT&T's proof of claim filed in this case on or around May 8, 2007.

10.    Accordingly, AT&T respectfully submits this Objection to the Proposed Cure
Amount and respectfully submits that prior to any assumption and assignment of the AT&T
Contract, AT&T should be provided with adequate assurance of future performance.

## OBJECTION

### A.    Cure Amount and Adequate Assurance

11.    The Proposed Cure Amount listed for the AT&T Contract is $0.00.  AT&T
objects to this amount on the basis that according to AT&T's books and records, the Debtors
currently have an outstanding balance of $1,314,259.66.

12.    AT&T reserves any and all rights to amend these amounts to include any
additional pre-petition or post-petition amounts in the event additional amounts are uncovered.

13.    The Debtors must satisfy the applicable provisions of 11 U.S.C. § 365 in order to
assume the AT&T Contract.

14.    11 U.S.C. § 365, which addresses the assumption of executory contracts and
unexpired leases, states in relevant part:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of
> the debtor, the trustee may not assume such contract or lease unless, at the
> time of assumption of such contract or lease,  the trustee
>
> (A)    cures, or provides adequate assurance that the trustee will promptly
> cure, such default . . .;
>
> (B)    compensates, or provides adequate assurance that the trustee will
> promptly compensate, a party other than the debtor to such
> contract or lease, for any actual pecuniary loss to such party
> resulting from such default; and

(C)     provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365 (b)(1).

15.     As such, before approval of the assumption of the AT&T Contract, the Debtors are required to cure defaults with AT&T under 11 U.S.C. §§ 365(b)(1)(A) and (B).

16.     In addition, under 11 U.S.C. § 365(b)(1)(C), in the event of assumption of the AT&T Contract, the Debtors are required to provide AT&T with adequate assurance of future performance.

17.     Accordingly, AT&T requests that the Debtor adjust its schedule to reflect the appropriate cure amount owing to AT&T and that the Debtors comport with the statutory requirements set forth in § 365 of the Bankruptcy Code.

**B.      Improper Service on AT&T**

18.     As noted *supra*, at no relevant time did AT&T ever receive a copy of the Motion or Notice.  Indeed, the Notice was sent to 55 Corporate Drive, Bridgewater, NJ 08807 -- an address that AT&T has not occupied in excess of one year.  The appropriate address where the Notice should have been sent is 15100 FAA Blvd, Fort Worth TX 76155, which is the address reflected in AT&T's proof of claim filed in this case on or around May 8, 2007

19.     AT&T only learned about the existence of the Notice and proposed sale yesterday -- the day of the actual hearing regarding the sale.  Accordingly, due process dictates that AT&T simply cannot be bound to the terms of, among other things, the Notice or any order associated therewith (including any order approving the sale contemplated in the Motion) entered in the Debtors' cases. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

20.    Accordingly, AT&T respectfully requests that the Court find that AT&T was not provided with appropriate notice of, among other things, the Notice and the Motion and find that this Objection is timely.

## CONCLUSION

For the reasons stated herein, AT&T respectfully requests that the Court (i) require the Debtors to cure all prepetition and post-petition defaults under the AT&T Contract, (ii) require the Debtors to provide AT&T with adequate assurance of future performance under the terms of the AT&T Agreements, and (iii) find that AT&T was not appropriately noticed and that this Objection is timely.

Dated: May 22, 2007

Respectfully submitted,

HARVEY PENNINGTON LTD.

_/s/ Charles . Brown, III_
Charles J. Brown, III (No. 3368)
913 Market Street, Suite 702
Wilmington, DE 19801
(302) 428-0719
Fax: (302) 428-0734
_Local Attorneys for AT&T Inc._

And

LOWENSTEIN SANDLER PC
Vincent D'Agostino
Eric H. Horn
65 Livingston Ave.
Roseland, NJ  07068
(973) 597-2500
Fax: (973)597-2400

_Attorneys for AT&T Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of AT&T Inc's Cure Objection  to be served via first class mail, postage prepaid upon the following:

Suzzanne Uhland, Esq.
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street, Suite 2600
San Francisco, CA 94111-3305

Mark Collins, Esq.
Marcus Ramos, Esq.
Michael Merchant, Esq.
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19801

Dated: May 22, 2007                    */s/ Charles . Brown, III*
                                       Charles J. Brown, III (No. 3368)