# Exhibit 1

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 448 |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ORDER AUTHORIZING EXAMINATIONS
AND DIRECTING PRODUCTION OF DOCUMENTS PURSUANT
TO BANKRUPTCY RULES 2004 AND 9016**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, *et al.* (the "Debtors") for entry of an order pursuant to Bankruptcy Rules 2004 and 9016, authorizing the production of documents from the Debtors and their Subsidiaries; and this matter being a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(B); and notice of the Motion having been served on counsel for the Debtors and all other parties who have filed a notice of appearance in the Chapter 11 Cases; and it appearing that no other or further notice is required; and the Debtors having informed the Committee and the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Court that the Debtors do not oppose the examination and the production of certain documents, including those listed on Schedule A; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to Bankruptcy Rules 2004 and 9016, the Debtors and their Subsidiaries are hereby directed to produce for inspection and copying, at such times and places to be designated by the Committee, the documents set forth in the annexed Schedule A and any additional documents as requested by the Committee, <u>provided</u> <u>however</u> that the Debtors and their Subsidiaries may object to the production of certain documents on the basis of privilege or other lawful grounds, and <u>provided</u> <u>further</u> that all documents withheld on such bases shall be listed in a log that complies with applicable laws and rules.

3. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: May __, 2007

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

## SCHEDULE A

## Schedule of Documents To Be Produced

## Definitions and Instructions

A.  The term "Debtors" means, collectively and individually, New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com,Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership, their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

B.  "Subsidiaries", as used herein, refers to collectively and individually, non-debtor subsidiaries including New Century Mortgage Securities LLC, New Century Mortgage Securities, Inc., New Century Funding SB-1, New Century Funding A, Von Karman Funding Trust, Home 123.ocm, Inc., eConduit Corporation, NC Residual Corporation, NCMC Insurance Corporation, North American Real Estate Solutions, Inc., New Century Funding I, NC Insurance Services, Inc., New Century Warehouse Corporation, Anyloan Financial Corporation, Access Investments II, LLC, Capital Standard Origination Company, Realtor Builder V, Inc., Realtor Builder IV, Inc., CSOC XIV, Inc., CSOC XXV, Inc., CSOC XXXVIII, Inc., Realtor Builder I, Inc., CSOC XI, Inc., CSOC XXXVII, Inc., CSOC XXXII, Inc., Realtor Builder II, Inc., Realtor Builder III, Inc., Realtor Builder VI, Inc., CSOC XXVII, Inc., CSOC XXIII, Inc., their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents, and representatives, and all those who act or have acted on their behalf.

C.  "Board of Directors" or "Board", as used herein, refers to Board of Directors of New Century Financial Corporation ("New Century") and any of the Board's committees.

D.  "Audit Committee", as used herein, refers to the audit committee of the Board.

E.  "Audit Committee Investigation", as used herein refers to, the investigation described in Form 12b-25 as filed by the Debtors with the U.S. Securities and Exchange Commission ("SEC") on March 2, 2007.

F.  "Senior Management", as used herein refers to, the Executive Officers as described in Form 10K for the year ending December 31, 2005 as filed by the Debtors with the SEC.

G.  "Document[s]", as used herein, means any documents or electronically stored information including, but not limited to, writings, drawings, graphs, charts, photographs, sound

recordings, images, electronic mail and memoranda and other data or data compilations stored in any medium from which information can be obtained, including, but not limited to, records stored in computer hard drives, disk, diskettes, tapes and/or "personal digital assistants".

H.  "Concerning", as used herein, means relating to, referring to, describing, evidencing or constituting.

I.  "Communication[s]", as used herein, includes, without limitation, every manner of transmitting or receiving facts, information, opinions or thoughts, whether orally, electronically, or by document.

J.  This subpoena applies to all documents in your possession, custody and/or control, regardless of the location of such documents.

K.  Each document is to be produced in its entirety, without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

L.  Documents that are stapled, clipped, or otherwise attached or fastened together in their original condition shall be produced in such form. Documents that are segregated or separated from other documents by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained in your files, and shall not be shuffled or otherwise rearranged.

M.  In the event that any document called for by this Subpoena has been destroyed, discarded or otherwise lost, the following information shall be provided for each such document: (i) all authors and addressees; (ii) any indicated or blind copies; (iii) the document's date, subject

matter and number of pages; (iv) the date of the document's destruction or discard and the reason therefor; and (v) whether any copies of the document presently exist, and if so, the name of the custodian of each copy.

N. In the event of an objection to the production of any document responsive to this subpoena on grounds of privilege, each such document shall be identified as completely as possible by stating the following information:

    a. Identify each author, writer, sender or initiator of such document, and any person who prepared or participated in the preparation of the document;

    b. Identify each and every person having custody or control of the document and all copies thereof;

    c. Provide a description of the general nature of the document and a description of the general subject matter as described in such document or if no such description appears, then such other description sufficient to identify said document;

    d. Provide the grounds which you believe establish the privilege as to the document; and

    e. If any portion of any document so described is not covered by the claim of privilege, such portion must be produced.

O. If no documents exist that are responsive to a particular request listed below, you shall so state in writing.

P. Each request in this subpoena shall be deemed continuing so as to require prompt, supplemental production of additional responsive documents that are received, generated or discovered after the time of original production.

Q. Each request in this subpoena shall be answered separately and fully.

### Time Period

Unless otherwise specified, the documents requested herein concern the period from January 1, 2004 through the present.

### Documents Requested

1. All minutes and resolutions of Board meetings for the Debtors and their Subsidiaries including, but not limited to, all briefings, presentations, reports, analyses, memoranda and other communications referred to in the minutes and resolutions.

2. All personnel organization charts for the Debtors and their Subsidiaries, and any documents relating thereto, for each of the years 2004 to the present.

3. All documents that identify finance and accounting department management personnel for the Debtors and their Subsidiaries including, but not limited to, the (a) Chief Financial Officer, (b) Treasurer, (c) Finance Director, (d) Corporate Controller, (e) Accounting Manager, and (f) Divisional Controllers.

4. All documents that identify the (a) Chief Information Officer and (b) Director of Computer Systems for the Debtors and their Subsidiaries for the years 2004 to the present.

5. All organizational charts for the Debtors and their Subsidiaries for each of the years 2004 to the present including, but not limited to, all documents relating thereto.

6. All policies and procedures manuals concerning the accounting policies, practices and procedures of the Debtors and their Subsidiaries.

7. All documents concerning any accounting policies and procedures manual of the Debtors and their Subsidiaries.

8. All documents concerning any chart of accounts for the Debtors and their Subsidiaries.

9. All documents concerning the computer systems and software utilized for accounting and finance functions by the Debtors and their Subsidiaries including, but not limited to, any memoranda or manuals.

10. All documents concerning the operation of the inter-company system of charges/credits of the Debtors and their Subsidiaries including, but not limited to, any memoranda, manuals and detail on the allocation of various overhead or other expenses.

11. All documents that identify those individual(s) responsible for the inter-company accounts of the Debtors and their Subsidiaries and such individuals' area(s) of responsibility.

12. All documents concerning the cash concentration accounts, custodial accounts and cash management system of the Debtors and their Subsidiaries including, without limitation, cash disbursement journals, for the period January 2004 to the present in electronic form.

13. All internal communications between the Debtors and their Subsidiaries concerning the concentration accounts and cash management system.

14. All consolidated and consolidating balance sheets for the Debtors and their Subsidiaries for each quarter for the years 2004 to the present in electronic form.

15. All profit and loss statements for the Debtors and their Subsidiaries for each quarter for the years 2004 to the present in electronic form.

16. All detailed year end trial balance(s) for the Debtors and their Subsidiaries for the years 2004 to the present in electronic form.

17. All documents including but not limited to informational packages concerning financial and operational reporting of the Debtors and their Subsidiaries provided to Senior Management including, but not limited to the Chief Financial Officer, Chief Operating Officer and/or Chief Executive Officer for years 2004 to the present.

18. All documents concerning the Debtors and their Subsidiaries' financial condition for the years 2004 to the present.

19. All consolidated and/or consolidating tax returns (federal and state) and supporting schedules for the Debtors and their Subsidiaries for the years ended December 31, 2004 to the present.

20. All financial statements and/or other financial reports (including drafts) that were provided to any regulatory agency, administrative body or any other governmental agency concerning the Debtors and their Subsidiaries.

21. All financial data and/or analyses relating to any account reconciliations for all reserve and/or custodial account(s) for the Debtors and their Subsidiaries supporting the balances at each quarter end for the years 2004 to the present.

22. All documents concerning any internal audit reports prepared by or on behalf of the Debtors and their Subsidiaries for the years 2004 to the present.

23. All documents that identify those individual(s) in charge of any internal audit for the Debtors and their Subsidiaries for the years 2004 to the present.

24. All reports, documents or other communications by outside auditors to the Audit Committee for the Debtors and their Subsidiaries for the years 2004 to the present.

25. All reports to the Audit Committee as required by the Sarbanes-Oxley Act of 2002 ("SOX") for the Debtors and their Subsidiaries for the years 2004 to the present including, but not limited to, disclosures required by SOX, section 404.

26. All management letters from outside auditors retained by the Debtors and their Subsidiaries for the years 2004 to the present and the Debtors' response thereto.

27. All management representation letters from the Debtors and their Subsidiaries' management to their outside auditors for the years 2004 to the present.

28. All insurance policies in effect for the Debtors and their Subsidiaries for the years 2004 to the present including, but not limited to, Director and Officer and/or Executive and Officer policies.

29. All documents relating to the Audit Committee Investigation including, but not limited to, documents concerning the matters and issues investigated by the Audit Committee and any results of any such investigation.

30. All documents (or any list of documents) provided to or reviewed by outside counsel and/or forensic accountants in connection with the Audit Committee Investigation.

31. All documents that identify individuals or entities that requested and/or were provided copies of any reports, memoranda or other communications concerning the Audit Committee Investigation.

32. All documents concerning any individuals interviewed and/or scheduled to be interviewed in connection with the Audit Committee Investigation.

33. All statements, transcripts of testimony, communications, and memorandum obtained by the outside counsel and forensic accountants retained by the Audit Committee in connection with the Audit Committee Investigation.

34. All notices and subpoenas received from the U.S. Attorney for the Central District of California, the SEC and/or any state attorney general's office or any other federal, state or other regulatory authority or agency concerning the Debtors and their Subsidiaries.

35. All statements, transcripts of testimony, communications and documents the Debtors and their Subsidiaries provided to the SEC, any federal, state or other regulatory

authority or agency, any grand jury or in any litigation or arbitration concerning any of the Debtors and their Subsidiaries.

36. All documents concerning SEC filings by the Debtors and their Subsidiaries including, but not limited to, internal communications between any officers, directors and/or Senior Management of the Debtors and their Subsidiaries.

37. All documents sufficient to identify any legal or equitable claims, including the nature and amount of all such claims, asserted against you concerning any of the Debtors and their Subsidiaries for the years 2006 to the present.

38. All employment agreements between the Debtors and their Subsidiaries and Senior Management including, but not limited to, the Chief Executive Officer, Chief Operating Officer and Chief Financial Officer of the Debtors and their Subsidiaries for the years 2004 to the present including, but not limited to, any documents relating thereto.

39. All compensation and incentive plans in effect for Senior Management of the Debtors and their Subsidiaries including, but not limited to, the Chief Executive Officer, Chief Operating Officer and Chief Financial Officer for the years 2004 to the present including, but not limited to, any documents relating thereto.

40. All documents relating to the beneficial ownership of securities of the Debtors and their Subsidiaries including, but not limited to, the purchase, sale and transfer of any securities from June 2004 to the present.

41. All financing and other agreements entered into by the Debtors and their Subsidiaries with warehouse and other lenders for the years 2004 to the present including, but not limited, to those lenders identified in the Debtors' bankruptcy petition and SEC filings.

42. All communications between and among the Board of Directors and/or Senior Management concerning (a) the Audit Committee Investigation, (b) the consolidated financial results for the quarters ending March 31, June 30, and September 30, 2006, (c) the Debtors' February 7, 2007 announcement that the consolidated financial results would be restated, (d) the Debtors' March 2, 2007 announcement that the Debtors' Annual 2006 Form 10-K would not be filed by March 1, 2007, (e) the criminal investigation commenced by the U.S. Attorneys' Office for the Central District of California, (f) the investigation commenced by the SEC, and (g) any other investigation commenced by a governmental authority.

43. All communications between and among (i) any officers and employees of the Debtors and their subsidiaries and (ii) the Board or Senior Management of the Debtors and their subsidiaries concerning (a) the Audit Committee Investigation, (b) the consolidated financial results for the quarters ending March 31, June 30, and September 30, 2006, (c) the Debtors' February 7, 2007 announcement that the consolidated financial results would be restated, (d) the Debtors' March 2, 2007 announcement that the Debtors' Annual 2006 Form 10-K would not be filed by March 1, 2007, (e) the criminal investigation commenced by the U.S. Attorneys' Office for the Central District of California, (f) the investigation commenced by the SEC, and (g) any other investigation commenced by a governmental authority.

44. All communications between and among any of the Debtors and their Subsidiaries' accounting employees, Senior Management and/or Board concerning the allowance for the repurchase of loans and/or the valuation of residual interests to be reported in the Debtors and their Subsidiaries ' financial statements during any period after January 1, 2005.