# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KLC) |
| INC., a Delaware corporation, *et al.*, | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF GEORGIA      )
                      )
COUNTY OF FULTON      )

MARK A. BAKER, being duly sworn, deposes and says that:

1. I am a partner of Morris, Schneider & Prior, L.L.C. (the "Firm"), which maintains offices at 1587 Northeast Expressway, Atlanta, Georgia 30329.

2. This Affidavit is submitted in connection with an Order of the Unites States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of these chapter 11 cases.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as its legal counsel for foreclosure, bankruptcy, evictions and related litigation in the States of Mississippi, Alabama, Tennessee, Georgia, North Carolina and South Carolina (the "States"). The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, is the attorney fee schedule currently authorized, approved and promulgated by Federal National Mortgage Association ("FNMA") regarding standard foreclosure, bankruptcy and evictions proceedings in the States. For matters involving hourly rates, such as contested proceedings other than standard foreclosure, bankruptcy and evictions proceedings, the hourly fees of the Firm are as follows:

|  | Current |
|---|---|
| Larry W. Johnson (GA, TN) | $245 |
| Joel A. Freedman (GA, TN) | $245 |
| Mark A. Baker (GA, AL, NC) | $195-245 |
| David C. Whitridge (GA, VA, MD, WV) | $195 |
| Angel R. Gordon (GA, NC) | $195 |
| Kyle S. Kotake (GA, HI) | $195-225 |
| Erika M. Hedrick (GA) | $175-195 |
| Lawrence W. Kelly (GA, TN, AZ) | $195-225 |
| Lori L. McGowan (GA, TN, AZ, CA) | $195-225 |
| LaSheka T. Payne (MS, GA) | $165-175 |
| N. John Rudd, Jr. (AL) | $195-225 |
| Daniel L. Feinstein (AL) | $195 |
| Paul G. Wersant (MD, DC, GA) | $195 |
| Jay G. Anderson (SC) | $195 |
| January N. Taylor (NC) | $175 |
| Andrew R. Bickwit (NC, GA, TN) | $195-225 |
| Other Associate Attorneys - DOE | $175-225 |
| David S. O'Quinn (GA, TN, NC, FL, TX) - Of Counsel | $195-225 |

In the normal course of its business, the Firm revises its billing rates on January 1st of each year and requests that, effective January 1st of each year, the aforementioned hourly rates be revised to the regular hourly rates which will be in effect at that time. In addition, FNMA changes its standard fee schedule from time to time. The Firm requests that, effective upon the change of any standard scheduled fee by FNMA, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the flowing connections:

**List of Potential Parties-in-Interest for New Century TRS Holdings, Inc., et al.**

**UCC-1 Parties**

The Firm has provided legal representation in the past, and is or may be currently representing, the following entities, affiliates or related entities, by providing similar legal services to those provided to the Debtors herein:

> Bank of America, NA
> Countrywide Home Loans, Inc.
> Federal National Mortgage Association
> Guaranty Bank
> Sterling Bank

### 50 Largest Unsecured Creditors [1]

The Firm has provided legal representation in the past, and is or may be currently representing, the following entities, affiliates or related entities, by providing similar legal services to those provided to the Debtors herein:

> Bank of America, N.A.
> Countrywide
> EMC Mortgage Corporation
> Guaranty Bank
> HSBC Bank USA, N.A.
> INDY MAC Bank, FSB
> JP Morgan Chase Bank, NA
> NOMURA Securities
> Suntrust
> Washington Mutual Bank, FA

### Debtors

The Firm has provided in the past, and is currently providing, legal representation to the following Debtor entity:

> New Century Mortgage Corporation, a California corporation

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

---

[1] Includes certain UCC-1 Parties

6.   Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7.   Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, hold, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.   Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $105,278.80 for prepetition services. If the Firms employment is authorized pursuant to the Ordinary Course Professionals Order, the will not waive the pre-petition claim.

9.   The Firm is conducting further inquiries regarding its retention by any the creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover and facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10.   I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.

_____
Mark A. Baker, Affiant:

Sworn to and subscribed before me this 22nd day of May, 2007.

_____
Notary Public
My Commission Expires: