## **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF CONNECTICUT    )
                                                    )    ss:
COUNTY OF HARTFORD      )

MARTHA CROOG, being duly sworn, deposes and says:

1. I am the sole managing member of the Law Office of Martha Croog, LLC, DBA Martha Croog, LLC, located at 740 North Main Street, Suite N, West Hartford, Connecticut 06117 (the "Firm").

2. The Firm submits this Affidavit in connection with an Order of the United States Bankruptcy Court for the District of Delaware entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these Chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

3. Prior to the commencement of these cases, the Firm has represented and advised the Debtors as legal counsel with respect to foreclosure, bankruptcy, eviction and related commercial litigation, as well as other default related services. The Debtors have asked, and the Firm has agreed, to continue to perform these services during the course of these Chapter 11 cases.

4. The Firm's current customary rate charged to the Debtors, subject to change from time to time, is $150.00 per hour for litigation and contested matters. In the normal course of business, the Firm revises its billing rates not more frequently than annually. The Firm requests that this rate be revised to the regular hourly rate which will be in effect at the time its rates are revised. Otherwise, the Firm generally adheres to FNMA investor guidelines in the billing of foreclosure, bankruptcy, eviction matters.

5. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of entities identified in Rule 2014(a) from counsel to the Debtors for the purpose of determining the connection, if any, which the Firm has with such entities. My search revealed no connections other than the aforementioned services performed for New Century Mortgage Corporation in the State of Connecticut. The Firm may have performed services in the past, may currently perform services, and may, in the future, perform services for persons that are parties in interest in the Chapter 11 cases, in matters that are unrelated to the Chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with the Chapter 11 cases.

6. Neither I nor any professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person, other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. Neither I nor any professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the Chapter 11 cases, the Firm was employed by the Debtors. The Debtors owe the Firm $2,5000.00, approximately, for pre-petition services. If the Firm's employment is authorized as an ordinary course professional, the Firm will not waive its pre-petition claims.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any other time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2007

_____
Affiant

Sworn to and subscribed before me
this 24th day of May, 2007

_/s/ Ravenscroft_____
Commissioner of the Superior Court

3