**EXHIBIT 1**

RLF1-3156163-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          :    Chapter 11

NEW CENTURY TRS HOLDINGS,                       :    Case No. 07-10416 KJC
INC. a Delaware corporation et al.,[1]          :
                                                :    Jointly Administered
                    Debtors.


AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL


STATE OF NEW YORK
COUNTY OF MONROE


MARK K. BROYLES, ESQ., being duly sworn, deposes and says:

1. I am a partner of Fein, Such & Crane, LLP, (the "Firm") which maintains offices at 28 East Main Street, Suite 1800, Rochester, New York 14614.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; new Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; new Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation: NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC., a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as Counsel in matters pertaining to the foreclosure of mortgage liens against property in the State of New York. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are in accordance with the attached Exhibit A. In the normal course of its business, the Firm revises its billing rates based on a fee schedule typically in line with the approved Fannie Mae fee schedule and requests that, effective upon the change of such fee schedule that the aforementioned rates be revised to the rates established by any new fee schedule adopted by Fannie Mae.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connections(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

None

The firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases with the exception that the firm may represent other entities unrelated to the Debtors which are foreclosing mortgages on properties in which the Debtors have a subordinate mortgage interest.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $14,490.00, representing $10,525.00 in fees and $3,965.00 in unreimbursed expenses, for pre-petition services. If

the Firm's employment is authorized pursuant to the ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007

MARK K. BROYLES, ESQ.

Sworn to and subscribed before me
this 22 day of May, 2007

_Reagan A Moffatt_
Notary Public

REAGAN A. MOFFATT
Notary Public, State of New York
Qualified in Monroe County
Commission Expires May 8, 2010

## NEW YORK

## FORECLOSURE FEE SCHEDULE

## FANNIE MAE, HUD & CONVENTIONAL

FORECLOSURES:

(a) In all counties <u>other</u> than in New York City and Long Island, $1,250.00 uncontested flat fee cap, or statutory costs, whichever is higher, excluding disbursements which are billed separately. The allocation of the said fee, based upon work completion, are as follows:

| | | |
|---|---|---|
| i. | File, Title, Review and Filing of Action | $500.00 |
| ii. | Service of Process and Notice of Lis Pendens | 750.00 |
| iii. | Service on all defendants | 1,000.00 |
| iv. | Submission for Order of Reference | 1,150.00 |
| v. | Entry of Judgment of Foreclosure And Sale | 1,250.00 |

(b) In the counties of New York City and Long Island $1,800.00 uncontested flat fee cap, or statutory costs, whichever is higher, excluding disbursements which are billed separately. The allocation of the said fee, based upon work completion, are as follows:

| | | |
|---|---|---|
| I. | File, Title, Review and Filing of Action | $650.00 |
| ii. | Service of Process and Notice of Lis Pendens | 900.00 |
| iii. | Service on all defendants | 1,250.00 |
| iv. | Submission for Entry of Order of Reference | 1,600.00 |
| v. | Entry of Judgment of Foreclosure and Sale | 1,800.00 |

(C) Contested foreclosures are billed on our hourly rate which currently ranges from $175.00 per hour (partner) to $150.00 per hour (associate) to $75.00 for a paralegal. Said rates only apply to additional services necessary in striking the Contested Answer.

**APPEARANCE FOR RESPONDENT IN FORECLOSURE ACTION:**

    (a)   $200.00 for file review, phone calls, filing of responsive pleadings, and in applying to incorporate our lien in the Final Judgment.

    (b)   $200.00 for filing Certification of Subsequent Encumbrancer and related documents to facilitate inclusion in Final Judgment.

    (c)   $100.00 to appear as a respondent bidding at Sale.

**SURPLUS MONEY PROCEEDINGS:**

    $750.00, unless contested.

**REO:**   Sale of REO
(only $250.00 owing in the event that
transaction aborts prior to closing)         $750.00

**COLLECTION LETTER:**

    $100.00, which fee is waived if litigation follows

**DEBT COLLECTION:**

    Twenty-five (25%) percent of all balances, plus costs, collected on suits on Note, deficiency judgments, or suits against third parties ancillary to the foreclosure proceeding. Client shall be given the option, before commencement of any proceeding, if it would prefer hourly rate billing for any such action.

**DEED-IN-LIEU TRANSACTIONS:**

    $350.00

**RESTRUCTURING, RECASTING OR SETTLEMENT STIPULATION TRANSACTIONS:**

    $350.00

BANKRUPTCY:

      (a) $800.00 initial retainer in Chapter 13 proceedings which includes Appearance, Proof of Claim, Affidavit Arrearages, Analysis of the Proposed Plan, a Notice of Objection to the Plan is suggested, and initial applicatioin for relief.

      (b) $450.00 initial retainer in Chapter 7 proceedings, where mortgage is current, which includes Proof of Claim, any Objections to the filing.

      (c) $800.00 initial retainer in Chapter 7 proceedings, where mortgage is not current, which includes Proof of Claim, any Objections to the filing, initial analysis for relief, and initial application for relief, if necessary.

      (d) $800.00 initial retainer on Chapter 11 proceedings, which includes initial application for relief, unless a review of the Plan indicates, at client's option, objections or litigation are necessary; in which case same shall be handled at the Firm's hourly rate.

      (e) Follow-up motions and procedures on all Chapters are billed at $500.00 per item, $650.00 if requiring second appearance.

RECEIVERSHIP PROCEEDINGS:

      (a) $500.00 for application to appoint receiver, unless contested in which event same shall be handled at the Firm's hourly rate.

      (b) $250.00 to dismiss Receiver in the event of a redemption, reinstatement or work-out (at which time this amount should be added to the debtors default costs).

It should be noted that the majority of the fees listed are chargeable to the debtor's account, and are reimbursable out of the loan proceeds collected. We will be happy to comply, where applicable, with Freddie Mac and Ginnie Mae Fee Schedules.

F:\FRCL\WORD\ALAN\FNMA.FEE