# EXHIBIT B

IXIS Real Estate Capital Inc.
9 West 57th Street, 36th Floor
New York, NY 10019

March 8, 2007

NC Capital Corporation, as a Seller
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

New Century Mortgage Corporation, as a Seller
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

NC Asset Holding, L.P., as a Seller
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

New Century Credit Corporation, as a Seller
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

Home123 Corporation, as Seller
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

New Century Financial Corporation, as Guarantor
18400 Von Karman, Suite 1000
Irvine, California 92612
Attention: Kevin Dwyer

    Re:    Notice of Default

**NOTICE OF DEFAULT AND RESERVATION OF RIGHTS**

Ladies and Gentlemen:

We refer to (i) that certain Fifth Amended and Restated Master Repurchase Agreement, dated as of November 10, 2006 (as amended, restated, supplemented or otherwise modified and in effect from time to time, this "Repurchase Agreement"), by and among NC Capital Corporation ("NC

Capital"), New Century Mortgage Corporation ("New Century"), NC Asset Holding, L.P. ("NC Asset Holding"), Home123 Corporation ("Home123"), New Century Credit Corporation ("NC Credit", together with NC Capital, New Century, Home123 and NC Asset Holding, collectively, the "Sellers", each, a "Seller") and IXIS Real Estate Capital Inc. (the "Buyer) and consented and agreed to by New Century Financial Corporation (the "Guarantor"), (ii) the Amended and Restated Custodial and Disbursement Agreement, dated as of November 10, 2006 (as amended, restated, supplemented or otherwise modified prior to the date hereof, the "Custodial Agreement"), between the Sellers and Deutsche Bank National Trust Company, as custodian and disbursement agent (the "Custodian"), (iii) the Amended and Restated Account Agreement (as amended, restated, supplemented or otherwise modified prior to the date hereof, the "Account Agreement"), dated November 10, 2006 among the Buyer, the Seller and Union Bank of California, N.A. (the "Bank") and (iv) the Amended and Restated Guarantee, dated November 10, 2006, made by the Guarantor on behalf of the Sellers in favor of the Buyer (the "Guarantee" and together with the Repurchase Agreement, the Account Agreement and the Guarantee, the "Repurchase Documents"). Unless otherwise defined herein, terms defined in the Repurchase Agreement and the Custodial Agreement and used herein shall have the meanings set forth in the Repurchase Agreement and the Custodial Agreement, as applicable.

This letter is to notify you that certain Events of Default have occurred and are continuing under the Repurchase Agreement, including (i) failure by the Sellers to deliver the monthly financial statements of the Guarantor, the Seller and their consolidated Subsidiaries required by Section 11(a)(1) of the Repurchase Agreement within the time required by Section 11(a)(1) of the Repurchase Agreement, (ii) failure by the Sellers to deliver the annual financial statements of the Guarantor, the Seller and their consolidated Subsidiaries required by Section 11(a)(2) of the Repurchase Agreement for the fiscal year ending December 31, 2006 within the time required by Section 11(a)(2) of the Repurchase Agreement, (iii) failure by the Sellers to keep adequate records and books of account, in which complete entries were made in accordance with GAAP consistently applied, pursuant to Section 11(c)(3) of the Repurchase Agreement, (iv) failure of the Seller to maintain the profitability required by Section 11(s) of the Repurchase Agreement for the Test Period ending December 31, 2006 and (v) a breach of the Seller's obligation to make certain transfers of cash pursuant to Section 4 of the Repurchase Agreement. Consequently, the obligations of the Buyer to enter into any additional Transactions pursuant to the Repurchase Agreement are terminated. Furthermore, pursuant to Section 13 of the Repurchase Agreement, the Repurchase Date for each Transaction currently outstanding is deemed to occur and the Purchase Price of all such Transactions are immediately due and payable, together with all Price Differential thereon and fees and expenses accruing under the Repurchase Agreement. Pursuant to Sections 5 of the Repurchase Agreement, the Seller shall deposit all Income into the following account at the Bank subject to the Account Agreement: Account No. GLA 111569, account name SER, Bank of New York, ABA No. 021000018, Attn: Eric Seyffer. Pursuant to Sections 13(a)(3) and 24 of the Repurchase Agreement, the Buyer hereby (a) terminates Seller as Servicer and appoints Saxon Mortgage Services, Inc. ("Saxon") as Servicer and instructs Seller to transfer servicing to Saxon, (b) directs the Seller immediately to deliver to the Buyer all of the Servicing Records and (c) directs the Seller to immediately deliver to the Buyer any Purchased Assets subject to such Transactions then in NCCC's, NCAH's, NCMC's, New Century's or Home123's possession or control.

We hereby further advise you (i) that the Buyer does not waive any Event of Default listed above nor any other Event of Default that may exist, and (ii) that the current non-exercise of rights, remedies, powers and privileges by the Buyer under the Repurchase Documents and applicable law with respect to such Events of Default shall not be, and shall not be construed as, a waiver thereof, and the Buyer reserves its rights fully to invoke any and all such rights, remedies, powers and privileges under the Repurchase Documents and applicable law at any time the Buyer deems appropriate in respect of any Events of Default that may then exist.

Very truly yours,

**IXIS REAL ESTATE CAPITAL INC.**, as Buyer

By: _____
Name: JOSEPH PISCINA
Title: MANAGING DIRECTOR

By: _____
Albert P. Zakes
Managing Director & General Counsel