IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Related to Doc. No. 736** |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' MOTION TO PROVIDE ADEQUATE PROTECTION**

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., et al., the above-captioned debtors and debtors-in-possession (the "Debtors"), by its proposed co-counsel, Blank Rome LLP and Hahn & Hessen LLP, responds in support of the Debtors' "Motion to Provide Adequate Protection" dated May 11, 2007 (the "Motion"), and in support thereof respectfully represents as follows:[2]

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

877285.005 - 1247431.1
127340.01600/40169074v.1

## Background

1.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses pursuant to Bankruptcy Code §§ 1107 and 1108, and no trustee or examiner has been appointed.

2.      On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Committee: Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., and Maguire Properties – Park Place, LLC. Since its formation, the Committee has appointed Kodiak Funding LP as an ex officio member of the Committee. Hahn & Hessen LLP and Blank Rome LLP were selected by the Committee to serve as its co-counsel, and FTI Consulting, Inc. was selected by the Committee to serve as its financial advisor.

## The Committee Supports The Debtors' Motion

3.      The Committee is informed, based upon its counsel's review of pleadings filed by various parties in the Debtors' Chapter 11 cases, and based upon discussions between its and the Debtors' professionals, that certain of the Warehouse Lenders have commenced adversary proceedings against the Debtors alleging, among other things, that from and after the Petition Date the Debtors have used or withheld funds that are, or should have been, the subject of express trusts for the benefit of such Warehouse Lenders. The Committee is also informed that

- 2 -

other Warehouse Lenders and Loan Purchasers have informally raised similar allegations. The Committee is also informed that the Debtors deny these allegations, and are investigating the facts and circumstances with respect to the proper characterization of certain funds held by the Debtors on the Petition Date in which the Warehouse Lenders and/or Loan Purchasers have asserted property interests.

4. The Committee and the Debtors, through their respective counsel, had several conversations concerning the pleaded and informal allegations raised by the Warehouse Lenders and the Loan Purchasers in which, among other things, the Committee stressed that if, and to the extent that, the Debtors may have used or withheld funds in which third parties have asserted colorable claims of ownership or security interests (the "Funds"), then a protocol must be formulated and presented to the Court for approval that will both preserve and reserve the rights and remedies of all of the interested parties in these Chapter 11 cases (not just those Warehouse Lenders and Loan Purchasers who have commenced litigation or otherwise contacted the Debtors over these issues), and prevent any disruption of the progress and administration of these Chapter 11 cases during these critical early months. The Debtors, upon consultation with the Committee, accordingly developed such a protocol which is now the subject of the Debtors' pending Motion.

5. The Committee and its retained professionals have not yet completed their analysis of the facts and circumstances of the Debtors' transactions and business relationship with the Warehouse Lenders and the Loan Purchasers immediately before and after the Petition Date, and have not yet evaluated the respective parties' rights, remedies and action in and with respect to the Funds. Accordingly, the Committee is not prepared to support or oppose either the

Debtors', the Warehouse Lenders' or the Loan Purchasers' respective characterizations of such rights, remedies and actions in and with respect to the Funds.

6. Nevertheless, the Committee agrees with the Debtors that the granting of adequate protection to the Warehouse Lenders and the Loan Purchasers, as contemplated by and requested in the Motion, is necessary at this critical point in the Debtors' Chapter 11 cases to prevent unnecessary expenditure of estate assets in litigation between the Debtors and the Warehouse Lenders or Loan Purchasers with respect to factual and legal issues which are premature and may be rendered moot over the next few weeks as the Debtors' Chapter 11 cases progress.

7. The Committee therefore supports the Debtors' Motion and the Court's granting adequate protection, pursuant to the terms and conditions set forth in the Motion and the proposed order annexed thereto, to those Warehouse Lenders and Loan Purchasers whose interests in property held by the Debtors as of the Petition Date may have been diminished during the pendency of the Debtors' Chapter 11 cases.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court (a) grant the Motion, and (b) grant such other and further relief as may be just and proper.

Dated: Wilmington, DE
May 25, 2007

BLANK ROME LLP

*/s/ Bonnie Glantz Fatell*

Bonnie Glantz Fatell (Del. No. 3809)
Jason Wade Staib (Del. No. 3779)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

877285.005 - 1247431.1
127340.01600/40169074v.1

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile

Proposed Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.*