**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware corporation, et al., <br><br>Debtors. | Chapter 11<br>Case No. 07-10416 (KJC)<br>Jointly Administered |

**DECLARATION OF PETER WORONIECKI IN SUPPORT OF RESPONSE OF MORGAN STANLEY MORTGAGE CAPITAL INC. TO DEBTORS' MOTION FOR ORDER TO PROVIDE ADEQUATE MOTION AND CROSS MOTION OF MORGAN STANLEY MORTGAGE CAPITAL INC. FOR ENTRY OF AN ORDER PROVIDING ADEQUATE PROTECTION OF ITS INTEREST IN PARTICULAR MORTGAGE LOAN PAYMENTS BY (1) PROHIBITING THE DEBTORS FROM USING SUCH PAYMENTS AND (2) REQUIRING THE DEBTORS TO SEGREGATE AND ACCOUNT FOR SUCH PAYMENTS**

Peter Woroniecki, hereby declares under penalty of perjury:

1. I am an executive director of Morgan Stanley Mortgage Capital Inc. ("MSMCI"), a creditor and party in interest in the above-captioned chapter 11 cases.

2. I have first-hand knowledge of the matters set forth herein and, if called as a witness, I could and would testify of my own personal knowledge to the facts set forth herein.

3. I have read and reviewed the Response of Morgan Stanley Mortgage Capital Inc. To Debtors' Motion For Adequate Assurance (the "Response") And Cross Motion Of Morgan Stanley Mortgage Capital Inc. For Entry Of An Order Providing Adequate

Protection Of Its Interest In Particular Mortgage Loan Payments by (1) Prohibiting Debtors From Using Such Payments And (2) Requiring Debtors To Segregate And Account For Such Payments, dated May 25, 2007 (the "Cross Motion"),[1] and submit this declaration in support thereof.

4.  The Payments at issue in respect of the Cross Motion consist of principal and interest payments and paid-in-full monies paid by individual borrowers in connection with particular Mortgage Loans that were part of the MRA Property.

5.  MSMCI perfected the security interest in the Mortgage Loans by (x) having the Custodian take possession of the promissory notes in connection with the Mortgage Loans and (y) filing Uniform Commercial Code financing statements in California and Delaware.

6.  On March 9, 2007, MSMCI sent to the Sellers and the Guarantor the Notice of Default in which MSMCI, among other things, stated that (a) Events of Default had occurred and were continuing under the MRA, (b) the obligation of MSMCI to enter into any additional Transactions pursuant to the MRA was terminated, and (c) the Purchase Price of all then-outstanding

---

[1] Capitalized terms used but not defined in this Declaration have the meanings given to them in the Response and Cross Motion or, if not defined in the Response and Cross Motion, the meanings given to them in the MRA.

2

Transactions was immediately due and payable, together with other specified amounts.

7. On March 27, 2007, MSMCI sent to the Sellers and the Guarantor the Demand to Remit in which MSMCI, among other things, (a) noted that, notwithstanding the Notice of Default and the requirements of the MRA, the Sellers had failed to remit proceeds of the Mortgage Loans to the Buyers; (b) stated MSMCI's understanding that, as of that date, the Sellers had failed to remit the total amount of $15,060,429.16 in connection with Mortgage Loans; and (c) demanded that the Sellers (i) immediately and continuously segregate all proceeds of the Mortgage Loans received, and (ii) forthwith remit such proceeds to a designated account maintained by the Agent.

8. Based on additional information made available to MSMCI subsequent to it sending the Demand to Remit, including information provided by the Debtors, the Debtors received, and did not remit to MSMCI, Payments in a total amount of at least $45,172,510.89.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 25, 2007.

_____
Peter Woroniecki