IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC., ) | Case No. 07-10416-KJC |
| et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objections due by: June 8, 2007 at 4:00 p.m. |
| ) | Hearing Date: June 15, 2007 at 10:00 a.m. |
| ) | |

## MOTION OF LITTON LOAN SERVICING LP
## FOR RELIEF FROM THE AUTOMATIC STAY
## AS TO 856 JAY BIRD LANE, WINDER, GEORGIA

Litton Loan Servicing LP, by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, files this Motion for Relief from the Automatic Stay and, in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### BASIS FOR RELIEF

4. Litton Loan Servicing LP ("Litton") is a limited partnership with a place of business of 4828 Loop Central Drive, Houston, Texas.

5. Litton provides mortgage loan servicing for Deutsche Bank National Trust Company, as Trustee ("Deutsche").

...

6. On or about April 2, 2007, New Century TRS Holdings, Inc., and its affiliated companies (collectively, the "Debtors") filed petitions for Relief under Chapter 11 of the United States Bankruptcy Code.

7. On or about May 28, 2004, individuals, Tim Quillian and Kristin H. Quillian (together, the "Obligors"), executed and delivered to Debtor New Century Mortgage Corporation ("New Century"), a Note in the principal amount of EIGHTY SEVEN THOUSAND AND TWO HUNDRED DOLLARS EVEN ($87,200.00), plus an adjustable rate of interest, attorney's fees, costs and late charges to be paid by the Obligors over thirty (30) years (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated as more fully stated herein.

8. Also on May 28, 2004, and as security for the Obligors' performance under the Note, Obligors executed and delivered a Security Deed to New Century, said Security Deed being recorded on June 4, 2004, in the Barrow County, Georgia Clerk's Office, at record number BK0941P60676 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit "B" and incorporated as more fully stated herein.

9. The property secured by the Mortgage is located at 856 Jay Bird Lane, Winder, Georgia (the "Mortgaged Property").

10. Subsequently, the Note and Mortgage were assigned and transferred to Deutsche.

11. As of May 9, 2007, Obligors are in default per the terms of the Note and Security Deed and owe an unpaid balance of EIGHTY-NINE THOUSAND, SEVEN HUNDRED, NINETY AND 97/100 DOLLARS ($89,790.97), plus additional accruing interest, attorney's fees, costs and late charges, as depicted on the attached Payoff Statement. A true and correct copy of the Payoff Statement is attached hereto as Exhibit "C."

12.  The current market value of the Mortgaged Property is ONE HUNDRED SIXTEEN THOUSAND DOLLARS EVEN ($116,000.00).

13.  New Century remains as a junior lien holder on the Mortgaged Property by virtue of a second mortgage.

14.  New Century's junior lien is not necessary for the Debtors' reorganization, as there appears to be insufficient equity in the Mortgaged Property to provide any value to the Debtors' Estates. Assuming, *arguendo*, that a foreclosure and sale of the Mortgaged Property does result in proceeds above and beyond the amount required to cure the first lien, the Debtors would be entitled to those proceeds to the extent provided under applicable state law.

15.  Moreover, cause exists under Section 362(d)(1) to terminate the automatic stay with respect to the Mortgaged Property. The Obligors have failed to make payments under the Note and is in default. Thus, Litton seeks relief from the automatic stay to pursue foreclosure of the Mortgage.

16.  Additionally, Litton's efforts to foreclose on the Mortgaged Property have been stayed by the Debtors' bankruptcy filing, which is causing Litton significant prejudice by allowing the Obligors to become further in default under the Note and Security Deed.

17.  Moreover, additional delay in permitting Litton to pursue foreclosure of the Mortgaged Property will likely lead to a decrease in value of the property, which will adversely affect the value of the Debtors' interest in the property, to the extent any such value does exist.

WHEREFORE, Litton Loan Servicing LP, hereby moves for an Order pursuant to 11 U.S.C. § 362(d) terminating the Automatic Stay, for cause, with regard to the Debtors' interest in 856 Jay Bird Lane, Winder, Georgia, and for other relief as this court deems just and proper.

Dated: May 25, 2007

Eckert Seamans Cherin & Mellott, LLC

By: /s/
Michael G. Busenkell (Bar No. 3933)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone:   (302) 425-0430
FAX:              (302) 425-0432

*Attorneys for Litton Loan Servicing LP*

4