IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, | : |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : Related Docket No.: 736 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF CITIGROUP GLOBAL MARKETS REALTY CORP. TO
DEBTORS' MOTION FOR ORDER TO PROVIDE ADEQUATE PROTECTION
PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362 AND 363(b)(1)**

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY COURT JUDGE:

Citigroup Global Markets Realty Corp. ("*Citigroup*") hereby submits this limited objection and reservation of rights (the "*Limited Objection*") with respect to the motion of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for an order providing adequate protection to counterparties to master repurchase agreements and certain whole loan purchasers pursuant to sections 105(a), 361, 362 and 363(b)(1) of title 11 of the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware corporation; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

United States Code [Doc. No. 736] (the "*Motion*").  In support of this Limited Objection, Citigroup respectfully represents as follows:

      1.      Citigroup files this Limited Objection out of an abundance of caution to be clear that its interest in and ability to recover collections on Advances (as defined below) received prior to the Petition Date (as defined below) is expressly reserved.  Citigroup has a first priority security interest in Advances.  Accordingly, any order providing any other party adequate protection in the form of replacement liens in the Debtors' assets needs to expressly make such replacement liens subordinate to Citigroup's lien on the Advances.

      2.      As part of the Debtors' loan servicing business, and in order to finance advances (the "*Advances*") required to be made in connection therewith,[2] New Century Mortgage Corporation ("*NCMC*") and Citigroup entered into that certain Servicer Advance Financing Facility Agreement, dated August 28, 2003 (as amended from time to time, the "*Servicer Advance Facility*") and that certain Amended and Restated Guaranty dated as of October 1, 2004 (as amended from time to time, the "*Guaranty*") by New Century Financial Corporation ("*NCF*") in favor of Citigroup Realty in support of the Servicer Advance Facility. As of April 2, 2007 (the "*Petition Date*"), NCMC owed Citigroup the aggregate principal amount of approximately $32 million secured by these Advances.[3]

---

[2]  Loan servicing typically involves collecting and remitting loan payments received from borrowers, making Advances and, in certain circumstances, contacting delinquent borrowers and supervising foreclosure actions and property dispositions following unremedied defaults.  As noted in the Debtors' motion, dated April 2, 2007 [Doc. No. 12] (the "*DIP Motion*"), seeking approval of secured postpetition financing (the "*DIP Loan Agreement*"), servicing contracts require the servicer to advance principal, interest and other costs with respect to delinquent mortgage loans, and these Advances "receive a priority of payment" from the securitization trusts that receive such Advances.  *See* DIP Motion, at ¶ 26.

[3]  On March 8, 2007, Citigroup sent to NCMC and NCF that certain Notice of Default pursuant to section 9.2 of the Servicer Advance Facility, notifying NCMC and NCF that in light of various events of default under the Servicer Advance Facility, the aggregate principal amount of $31,928,880.13, together with interest, fees, expenses and other charges as provided in the Servicer Advance Facility and Guarantee, were immediately due

3.      On May 23, 2007, the Court entered an order (the "*Sale Order*") approving NCF's and NCMC's agreement (the "*APA*") with Carrington Capital Management, LLC and Carrington Mortgage Services, LLC (together, "*Carrington*") to sell all of the assets used in the Debtors' mortgage loan servicing business (the "*Servicing Business Assets*").  Assets to be sold to Carrington pursuant to the APA include the Debtors' mortgage servicing rights ("*MSRs*") contained in servicing agreements with 28 securitization trusts, and the right to be reimbursed for certain servicing Advances made by the Debtors under the Debtors' MSRs.  The Sale Order and APA provide that a portion of the purchase price to be paid for the Servicing Business Assets shall be used to satisfy all Obligations (as defined in the Citigroup Servicer Advance Facility) due and owing to Citigroup under the Servicer Advance Facility.  Indeed, a condition to closing on the sale of the Servicing Business Assets is the repayment of all Obligations (as defined in the Servicer Advance Facility) due and owing to Citigroup under the Servicer Advance Facility, termination of the Servicer Advance Facility and a release by Citigroup of its liens thereunder.

4.      Pending the sale of the Servicing Business Assets, the Debtors, Citigroup and the Official Committee of Unsecured Creditors have been negotiating the terms of a stipulation concerning the collections on Advances that existed as of the Petition Date.  As a result thereof, on May 22, 2007 the Debtors submitted a motion [Doc. No. 820] to the Court seeking approval of that certain stipulation and agreement (the "*Stipulation*") between the Debtors and Citigroup with respect to the payment of cash collected on Advances in existence on the Petition Date (the "*Citigroup Cash Collateral*").  Among other things, the Stipulation provides for the payment of the Citigroup Cash Collateral on a weekly basis pending repayment

---

and payable.  Further, pursuant to section 9.2 of the Servicer Advance Facility, Citigroup indicated that it would no longer entertain requests for funding under the Servicer Advance Facility or otherwise.

{D0086839.1 }                                    3

of all Obligations (as defined in the Servicer Advance Facility) due and owing to Citigroup under the Servicer Advance Facility. The Stipulation further provides that Citigroup's interest in and ability to recover collections on Advances received by the Debtors prior to the Petition Date is expressly reserved. The Stipulation will be presented to the Court for approval on May 30, 2007.

**LIMITED OBJECTION**

5.      Because Citigroup has a first priority security interest in the Advances, any order providing adequate protection in the form of replacement liens in the Debtors' assets needs to expressly provide that such replacement liens are subordinate to Citigroup's lien on the Advances. Further, Citigroup expressly reserves its interest in and ability to recover collections on Advances received by the Debtors prior to the Petition Date.

WHEREFORE, Citigroup respectfully requests that the Court enter an order (a) clarifying the proposed order to provide that any replacement liens granted in the Debtors' assets are subordinate to Citigroup's lien on the Advances, and (b) granting such other and further relief as is just.

DATED:   May 25, 2007
             Wilmington, Delaware

                                        CAMPBELL & LEVINE, LLC

                                        */s/ Mark Hurford*
                                        Marla R. Eskin (DE 2989)
                                        Mark T. Hurford (DE 3299)
                                        800 North King Street, Suite 300
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 426-1900
                                        Facsimile: (302) 426-9947

                                                -and-

                                        Paul M. Basta
                                        KIRKLAND & ELLIS LLP
                                        Citigroup Center
                                        153 East 53rd Street
                                        New York, New York  10022-4611
                                        Telephone: (212) 446-4800
                                        Facsimile: (212) 446-4900

                                        ATTORNEYS FOR CITIGROUP GLOBAL
                                        MARKETS REALTY CORP.