## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE:** | ) |
| | )Chapter 11 |
| **NEW CENTURY TRS HOLDINGS, INC.,** | ) |
| | )Case Number  07-10416 (KJC) |
| **Debtor.** | ) |

| | |
|---|---|
| **ROSE TOWNSEND TRUST,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| **NEW CENTURY TRS HOLDINGS, INC.,** | ) |
| | ) |
| **Respondent.** | )**Objections Due: June 20, 2007** |
| | )**Hearing Date: June 27, 2007, @ 10:00 a.m.** |

## MOTION OF THE ROSE TOWNSEND TRUST
## FOR AN ORDER FOR RELIEF FROM
## THE AUTOMATIC STAY UNDER § 362 OF THE BANKRUPTCY CODE

COMES NOW, the ROSE TOWNSEND TRUST (hereinafter "Townsend") pursuant to 11 U.S.C. §362(d)(1) and (2) and Bankruptcy Rule 4001, by and through its attorney, Daniel K. Hogan, and moves the Court for an Order terminating the automatic stay on the basis that Townsend's interest is not adequately protected, the Debtor does not have any equity in the property and it is not necessary to an effective reorganization as follows:

1.      New Century Mortgage Corporation ("Debtor" or "New Century") and Townsend are engaged in an adversary proceeding pending in the United States Bankruptcy Court for the Eastern District of Washington, Case Number 06-80040 PCW.  The litigation involves a dispute between Townsend and New Century with respect to lien priority on a personal residence of Daryl Jane Johnston and Sally Arney.  Daryl Jane Johnston is operating under a Chapter 13 confirmed plan, Case No. 05-09692-W13.   The residence is located at 4223 S. Madison Rd., Spokane

Washington (the "Spokane Real Property").  A copy of the bankruptcy court docket in the litigation is attached as **Exhibit A**.

2.      In the adversary proceeding, Townsend filed a Motion for Summary Judgment on August 3, 2006 (Docket 63) seeking a determination that four (4) judgment liens of Townsend were superior to the mortgage lien of New Century.  On September 22, 2006, the Court issued an oral ruling granting Townsend's Motion for Summary Judgment (Docket 86).  On September 26, 2006, the Court issued an order granting Townsend's Motion for Summary Judgment (Docket 88).

3.      On October 6, 2006, New Century filed a Notice of Appeal of the Court's Order Granting Summary Judgment (Docket 90), and elected to have the Appeal heard by the U.S. District Court for the Eastern District of Washington (Docket 91).  New Century has not posted a supersedeas bond.

4.      New Century's appeal is presently pending under United States District Court case number 06-cv-00291-LRS.  A copy of the docket for the Appeal is attached hereto as **Exhibit B**.  Appellate briefs have been filed by New Century and Townsend.

5.      As a consequence of New Century's Chapter 11 proceeding in this Court, the Court entered an Order staying the appeal proceeding until an order granting relief from stay to hear the appeal is entered.  Docket 22.

6.      Townsend's interest in the Spokane Real Property is not adequately protected because it is not receiving any payment on its judgments from the judgment Debtor, and nor has New Century posted a supersedeas bond in the litigation.

7.      New Century has no interest in the Spokane Real Property because its mortgage lien ($382,500.00) is junior to that of the four Townsend judgment liens, and Townsend's judgment liens, with interest, substantially exceed the value of the Spokane Real Property ($425,000.00) as

listed in the case schedules (Docket 65).  However, New Century's mortgage is being paid in the Chapter 13 confirmed plan of Daryl Jane Johnson (Docket 65, Case No. 05-09692-PCW13).  New Century's mortgage interest is not necessary to its reorganization because New Century is the owner of a lender's policy of title insurance insuring its first lien position in the instance that the ruling of Bankruptcy Court is upheld on appeal.

8.      In any case, a controversy exists that must be brought to final resolution as to Townsend's and New Century's respective interest, if any, in the Spokane Real Estate.

WHEREFORE, Claimant respectfully requests that this Court enter an Order as follows:

1.      Removing the stay of 11 U.S.C. §362 as against Townsend so that the litigation pending in the United States District Court for the Eastern District of Washington can proceed, and that a supersedeas bond can be established;

2.      For such other and further relief that the Court deems just and equitable.

DATED this 25th day of May, 2007.

 /s/Daniel K. Hogan
Daniel K. Hogan (DE #2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-Mail: dkhogan@dkhogan.com
Attorney for Creditor Rose Townsend Trust