IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Hearing Date: May 30, 2007 |
| | : | Re: Docket No. 675 |

**RESPONSE OF DEBTORS AND THE DEBTORS IN POSSESSION
TO MOTION OF LAW OFFICES OF DAVID J. STERN, P.A.
FOR OMNIBUS RELIEF FROM STAY [DOCKET NO. 675]**

Since these chapter 11 cases were filed approximately seven weeks ago, the above-captioned debtors and debtors in possession (collectively, the "Debtor") and their management have engaged in extensive strategic planning and preparation for selling the companies' most vital remaining assets, have closed one sale and are now on the cusp of selling additional assets. During these early stages of the case, New Century's management also has been immersed in various other pressing and complex matters, including securing post-petition financing, implementing major reductions in the workforce, addressing vendor demands, attending to workforce retention priorities with respect of the company's key employees, among other critical matters. In order to sustain the momentum that is necessary to successfully

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

administer this complex case, it is critical that the Debtors follow an orderly and cohesive case strategy.

By the instant Motion, the Law Offices of David J. Stern (the "Movant") seek relief from the automatic stay to proceed with approximately 206 foreclosure actions where one or more of the Debtors purportedly hold a junior lien on collateral and one or more of Mr. Stern's clients hold a senior lien. The Debtors are anxious to work with senior lienholders, including the clients of Mr. Stern, to resolve any issues regarding the foreclosure proceedings where the Debtors hold a junior lien. In fact, the Debtors are negotiating with senior lienholders to provide a fair and reasonable procedure for expedited relief from the automatic stay. Any procedure must be orderly and provide the Debtors with sufficient information and time to properly analyze the Estate's interests in the underlying collateral. Mr. Stern has expressed interest in utilizing such procedure for future requests but refuses to apply any procedure to the requests set forth in the Motion.

The Motion is improper for numerous reasons. First, the Movant law firm lacks standing to request relief from the stay. Second, the Motion fails to comply with the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Motion does not even provide sufficient information for the Debtors to identify the collateral or the Estates' potential interests in such collateral. Moreover, the Debtors have not had sufficient time to properly analyze the 206 individual requests for stay relief set forth in the Motion. Finally, certain of Mr. Stern's clients violated the stay and now seek *nunc pro tunc* relief. Such relief is extraordinary and improper. For the reasons stated herein, the Motion should be denied.

## ARGUMENT

### The Law Offices of Mr. David J. Stern Does Not Have Standing to Seek Relief from the Automatic Stay

Bankruptcy Code Section 362(d) provides that the Court may grant relief from the automatic stay for cause, including lack of adequate protection, <u>upon request of a party in interest</u>. 11 U.S.C. § 362(d). Mr. Stern's law office is not a party in interest in this case. To the extent Mr. Stern represents and is acting on behalf of clients who are parties in interest, the Motion fails to identify these clients. The Motion is improper and must be denied for lack of standing.

### The Movant Failed to Comply with the Local Rules

Even if the Movant did have standing, Local Rule 4001-1(c) requires a movant seeking to foreclose on collateral to include the following information in a motion for relief from stay:

> (i) (A) An affidavit and supporting exhibits containing the following data, if applicable:
>> (1) True copies of all notes, bonds, mortgages, security agreements, financing statements, assignments and every other document upon which the movant will rely at the time of hearing;
>> (2) A statement of amount due, including a breakdown of the following categories:
>>> (a) Unpaid principal;
>>> (b) Accrued interest to and from specific dates;
>>> (c) Late charges to and from specific dates;
>>> (d) Attorneys' fees;
>>> (e) Advances for taxes, insurance and the like;
>>> (f) Unearned interest;
>>> (g) Any other charges;
>> (3) A per diem interest factor; and

>   (4) Movant's good faith estimate of the value of the collateral as of the petition date of the respective debtor.

The Movant fails to provide any of this required information in the Motion. Prior to filing this Response, the Debtors requested additional information and a continuance of the hearing on the Motion to allow the Movant to supplement the Motion to comply with the Local Rules and to attempt to resolve the issues consensually. As of the date of this Response, the Movant has not provided sufficient additional information.

### The Debtors Have Not Had Sufficient Time to Analyze the Requested Relief

The Debtors simply have not had sufficient time to properly analyze the 206 individual foreclosure proceedings the Movant seeks to continue. Mr. Stern filed the Motion at the last possible date, with only 16 days notice prior to the hearing. The Debtors are unable to research each request of the 206 requests for relief with the limited information included in the Motion on the schedule set by Mr. Stern. For example, Mr. Stern asserts that the Debtors have junior liens and no defenses to the priority of the listed mortgages of his clients but the Debtors do not have sufficient information or time to determine if this is accurate. The hearing on this voluminous request is premature. The Debtors would agree to continue the hearing until thirty days after the senior lienholders re-file a motion for relief from the stay and provide the information required by the Local Rules or would agree to consider the senior lienholders' requests through the procedure currently being negotiated by the Debtors and other lienholders.

### Certain of Mr. Stern's Clients are Currently in Violation of the Stay

Mr. Stern asserts that one or more of his clients violated the automatic stay at the beginning of this case by foreclosing on three properties where a Debtor held a junior lien and therefore requests *nunc pro tunc* relief from the automatic stay. Mr. Stern provides no basis for this extraordinary relief. The Debtors should be afforded an opportunity to determine whether

4

the Estates have suffered damages as a results of the violation and whether sanctions are appropriate. *Nunc pro tunc* relief must be denied.

### CONCLUSION

For the foregoing reasons, New Century respectfully requests that the Motion be denied.

Dated:  May 25, 2007
       Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION