IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC., ) | Case No. 07-10416-KJC |
| et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objections due by: June 8, 2007 at 4:00 p.m. |
| ) | Hearing Date: June 15, 2007 at 10:00 a.m. |
| ) | |

## MOTION OF LITTON LOAN SERVICING LP
## FOR RELIEF FROM THE AUTOMATIC STAY
## AS TO 122 BAYONNE COVE, MAUMELLE, ARKANSAS

Litton Loan Servicing LP, by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, files this Motion for Relief from the Automatic Stay and, in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### BASIS FOR RELIEF

4. Litton Loan Servicing LP ("Litton") is a limited partnership with a place of business of 4828 Loop Central Drive, Houston, Texas.

5. Litton provides mortgage loan servicing for U.S. Bank National Association, as Trustee ("U.S. Bank").

6. On or about April 2, 2007, New Century TRS Holdings, Inc., and its affiliated companies (collectively, the "Debtors") filed petitions for Relief under Chapter 11 of the United States Bankruptcy Code.

7. On or about September 20, 2005, individuals, James Danley and Tamara Danley (together, the "Obligors"), executed and delivered to Debtor New Century Mortgage Corporation ("New Century"), an Adjustable Rate Note in the principal amount of TWO HUNDRED AND FORTY-ONE THOUSAND, SIX HUNDRED DOLLARS ($241,600.00), plus an adjustable rate of interest, attorney's fees, costs and late charges to be paid by the Obligors over thirty (30) years (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated as more fully stated herein.

8. Also on September 20, 2005, and as security for the Obligors' performance under the Note, Obligors executed and delivered a Mortgage to New Century, said Mortgage being recorded on November 3, 2005, in the Pulaski County, Arkansas, Clerk's Office, at number 2005093242 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit "B" and incorporated as more fully stated herein.

9. The property secured by the Mortgage is located at 122 Bayonne Cove, Maumelle, Arkansas (the "Mortgaged Property").

10. Subsequently, the Note and Mortgage were assigned and transferred to U.S. Bank.

11. As of May 9, 2007, Obligors are in default per the terms of the Note and Mortgage and owe an unpaid balance of TWO HUNDRED SIXTY-FOUR THOUSAND, SIX HUNDRED AND FIFTY-SIX AND 75/00 DOLLARS ($264,656.75), plus additional accruing interest, attorney's fees, costs and late charges, as depicted on the attached Payoff Statement. A true and correct copy of the Payoff Statement is attached hereto as Exhibit "C."

12. The current market value of the Mortgaged Property is THREE HUNDRED THOUSAND DOLLARS EVEN ($300,000.00).

13. New Century remains as a junior lien holder on the Mortgaged Property by virtue of a second mortgage.

14. New Century's junior lien is not necessary for the Debtors' reorganization, as there appears to be insufficient equity in the Mortgaged Property to provide any value to the Debtors' Estates. Assuming, *arguendo*, that a foreclosure and sale of the Mortgaged Property does result in proceeds above and beyond the amount required to cure the first Mortgage, the Debtors would be entitled to those proceeds to the extent provided under applicable state law.

15. Moreover, cause exists under Section 362(d)(1) to terminate the automatic stay with respect to the Mortgaged Property. The Obligors have failed to make payments under the Note and are in default. Thus, Litton seeks relief from the automatic stay to pursue foreclosure of the Mortgage.

16. Additionally, Litton's efforts to foreclose on the Mortgaged Property have been stayed by the Debtors' bankruptcy filing, which is causing Litton significant prejudice by allowing the Obligors to become further in default under the Note and Mortgage.

17. Additional delay in permitting Litton to pursue foreclosure of the Mortgaged Property will likely lead to a decrease in value of the property, which will adversely affect the value of the Debtors' interest in the property, to the extent any such value does exist.

WHEREFORE, Litton Loan Servicing LP, hereby moves for an Order pursuant to 11 U.S.C. § 362(d) terminating the Automatic Stay, for cause, with regard to the Debtors' interest in 122 Bayonne Cove, Maumelle, Arkansas, and for other relief as this court deems just and proper.

Dated: May 25, 2007
                                    Eckert Seamans Cherin & Mellott, LLC

                                    By: _____
                                    Michael G. Busenkell (Bar No. 3933)
                                    300 Delaware Avenue, Suite 1210
                                    Wilmington, DE 19801
                                    Telephone:    (302) 425-0430
                                    FAX:          (302) 425-0432

                                    *Attorneys for Litton Loan Servicing LP*