IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) : |
| | : Jointly Administered |
| Debtors. | : |
| | Re: Docket Nos. 185 & 494 |

### ORDER AUTHORIZING PAYMENT OF (i) SALE-RELATED INCENTIVE PAY TO SENIOR MANAGEMENT AND (ii) RETENTION AND INCENTIVE PAY TO CERTAIN EMPLOYEES PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE

Upon the motion (as amended, the "Motion") of the Debtors for an order, under Bankruptcy Code sections 363(b), 503(c)(3) and 105 authorizing payment of (i) sale-related incentive pay to senior management and (ii) retention and incentive pay to certain employees, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having convened a hearing on the Motion on May 7, 2007 (the "Hearing"); and the Court having considered the evidence and testimony introduced at the Hearing; and the Court having heard the arguments of the proponents of, and objectors to, the Motion; and it

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla IBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L. P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E.O Corp , a California corporation; New Century R E.O II Corp , a California corporation; New Century R.E.O III Corp , a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P., a Delaware limited partnership

1

RLF1-3145860-7

appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore; and for the reasons stated by the Court on the record at the Hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The Debtors' Key Employee Incentive Plan (the "KEIP") and Key Employee Incentive and Retention Plan (the "KEIRP," and collectively with the KEIP, the "Restructured Plans") are designed to appropriately compensate the Plan Participants to ensure that they remain motivated to perform the requisite tasks to effectuate the asset sales of the Debtors' businesses, given the enormous additional burdens placed upon the participants.

B.  The full experience, expertise, unique skills, and enthusiastic involvement of the Plan Participants are critical to the Debtors' ability to maximize value for their estates pursuant to asset sales.

C.  The post-petition efforts of the Plan Participants extend beyond their ordinary course responsibilities and are critical to the Debtors' efforts to maximize value for their estates pursuant to asset sales.

D.  The Plan Participants are the personnel of the Debtors with the necessary skill and experience to implement the sale process proposed by the Debtors, successfully respond to or negotiate with potential purchasers and ensure that the transactions for which the Debtors seek approval of this Court produce the best results and maximum value for the Debtors and their estates.

E.  The Debtors have demonstrated that implementation of the Restructured Plans is justified under the facts and circumstances of these cases.

F.  The KEIP is a performance-based plan that is not subject to the limitations

on retention and severance plans set forth in Bankruptcy Code sections 503(c)(1) and (2).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is hereby **GRANTED** as set forth herein.

2. The Restructured Plans are hereby **APPROVED**.

3. The Debtors are authorized, but not directed, to make payments to the Plan Participants in accordance with the applicable guidelines for the KEIP and KEIRP set forth on Exhibit A and Exhibit B, respectively; provided, however, that the calculations of the proposed incentive payments due under the KEIP and/or the KEIRP will be provided to the professionals of the Official Committee of Unsecured Creditors (the "Committee") three (3) business days prior to such payment.

4. The Debtors are further authorized, but not directed, to make payments to KEIRP Participants and/or non-Plan Participant employees (excluding insiders) from the Critical Retention Pool in the maximum aggregate amount of $175,000.

5. Details of amounts paid from this pool will be provided to the professionals of the Committee on a weekly basis.

6. All payments authorized hereunder shall be allowed administrative expenses of the Debtors' estates under Bankruptcy Code section 503(b).

7. This Court shall retain jurisdiction over all matters set forth in the Motion, including the entitlement of any party to any payment pursuant to the Restructured Plans and any dispute regarding the calculation of the incentive payment to be made under the Restructured Plans.

8. The Motion of the United States Trustee to Continue the Hearing on the Debtors' Emergency Motion for Order Authorizing Payment of (i) Sale-Related Incentive Pay to Senior Management and (ii) Retention and Incentive Pay to Certain Employees Pursuant to

Sections 105(a), 363(b)(1) and 503(c) of the Bankruptcy Code [Docket No. 524] is **DENIED**.

9. The Debtors' oral motion for approval to: (i) file a redacted version of a chart identifying the KEIRP and KEIP participants and their potential compensation under the Plans (the "Chart") and (ii) file the unredacted Chart under seal, is **GRANTED**

10. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, the Debtors are authorized, and the Clerk of the Court is directed, to file and maintain the unredacted Chart under seal.

IT IS SO ORDERED,
this 25th day of May, 2007

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE