**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                Date: November 29, 2006

Title: DANIEL J. RUBIO v. NEW CENTURY MORTGAGE CORPORATION, et al.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Debra Beard              N/A
Deputy Clerk             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                         None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS [filed 11/07/06] AND GRANTING DEFENDANT'S MOTION TO STRIKE [filed 11/07/06]**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 4, 2006 at 1:30 p.m. is hereby vacated and off calendar.

Defendant New Century Mortgage Corporation ("New Century") seeks the dismissal of Plaintiff Daniel J. Rubio's sixth cause of action and seeks to strike those portions of Mr. Rubio's complaint that seek punitive damages for Mr. Rubio's first and third causes of action. New Century's motion to dismiss is DENIED, as Mr. Rubio has alleged sufficient facts to state a claim for relief. The motion to strike is GRANTED without leave to amend. Mr. Rubio's first and third causes of action allege solely statutory violations, and in such circumstances, Mr. Rubio is limited to the remedies made available by the statute.

**Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 06-811 CJC (AJWx)                                   Date: November 29, 2006
                                                                                                  Page 2

---

claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 1370, 1374 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is only proper if it appears beyond doubt that the claimant can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Mr. Rubio's sixth cause of action alleges that New Century failed to provide legally sufficient wage statements to Mr. Rubio and those employees similarly situated (the "Illegal Records Class") in violation of California Labor Code § 226. In its ruling on New Century's previous motion to dismiss, the Court indicated that Mr. Rubio was required to plead actual damage in order to maintain this cause of action. New Century argues that Mr. Rubio has failed to make such a pleading in his third amended complaint, and as such, the sixth cause of action must be dismissed.

The requirement that Mr. Rubio allege actual harm to the Illegal Records Class in his complaint does not remove this pleading from the liberal requirements of Rule 8. Specifically, Mr. Rubio is not subject to the heightened pleading requirement of Rule 9 that exists for causes of actions that require the pleading of special damages. *See* FED. R. CIV. P. 9(g). All Mr. Rubio needs to allege to state a claim under § 226 is that New Century failed to comply with the requirements of that section and that New Century's failure caused him harm. Mr. Rubio has made such allegations in his third amended complaint by asserting that New Century's failure to comply with § 226 misled him as to the total hours he worked, the net wages he earned, the applicable hourly pay rates during each pay period, and the number of hours worked at each hourly pay rate. The specific nature and amount of the harm suffered by Mr. Rubio and the Illegal Records Class will properly be developed by the parties during discovery and trial. At this stage, the third amended complaint contains sufficient facts to afford Mr. Rubio the opportunity to present evidence to support his claim that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)                    Date: November 29, 2006
                                                   Page 3

Illegal Records Class was harmed by New Century's actions.

**Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). This includes striking a claim for relief that cannot be maintained as a matter of law. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

New Century seeks to strike Mr. Rubio's requests for punitive damages under his first and third causes of action (for unpaid overtime and meal period violations, respectively). It argues that these are purely statutory causes of action, and that Mr. Rubio is thus limited to the remedies specifically provided by those statutes. Mr. Rubio, citing *Marshall v. Brown*, 141 Cal. App. 3d 408 (1983), responds that the proper procedure under California law is not to disallow a claim for punitive damages at the outset of the litigation, but simply to force the plaintiff to elect between the punitive damages and the statutory remedy if both are awarded at trial. In *Marshall*, the plaintiff brought two separate causes of action for wrongful interference with prospective employment: a tort claim alleging slander, and a statutory claim under Labor Code §§ 1050 and 1054. *Id.* at 411-412. The court noted that a statutory penalty "does not preclude recovery of punitive damages *in a tort action* where the necessary malice or oppression is shown." *Id.* at 418 (emphasis added) (citation omitted). However, it found that since the statutory penalty served the same purpose as a punitive damage award and punished the defendant for the same conduct, the plaintiff was not entitled to recover both, but forced to elect either the punitive award or the statutory penalty. *Id.* at 419.

*Marshall* is distinguishable from the present case because Mr. Rubio is only bringing statutory causes of action; he alleges no underlying common law remedy based on the conduct of New Century. Where a plaintiff alleges only a statutory cause of action, "the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate." *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 912 (2001). A plaintiff can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 06-811 CJC (AJWx)						Date: November 29, 2006
											Page 4

---

attempt to plead and prove a common law tort based on the same conduct, but if he relies solely on a statutory cause of action, he "may be deemed to have waived punitive damages." *Id.* at 913 (*citing Turnbull & Turnbull v. ARA Transp., Inc.*, 219 Cal. App. 3d 811, 827 (1990)). Since Mr. Rubio has not brought a common law tort action alleging unpaid overtime and meal period violations,[1] his entitlement to punitive damages must come from the Labor Code sections themselves. Labor Code sections 218 and 1194 provide a comprehensive remedial scheme. When an employee sues to recover unpaid overtime, he is entitled to recover the balance of the unpaid compensation, including interest thereon, and attorney's fees and costs. *See* CAL. LABOR CODE § 1194. Similarly, an employee suing for meal period violations is entitled to recover statutory penalties in the amount of one hour of additional pay at his regular rate of compensation for each day a meal period is not provided. *See* CAL. LABOR CODE § 226.7. These sections make no mention that an employee is entitled to recover punitive damages. Accordingly, the Court finds that Mr. Rubio is only entitled to recover those remedies explicitly provided by statute, and cannot claim punitive damages from New Century on his first and third causes of action.

pfr

MINUTES FORM 11
CIVIL-GEN													Initials of Deputy Clerk

---

[1] Indeed, as the right to recover for unpaid overtime and for meal period violations are purely the creatures of statute, and did not exist at common law, there is no common law action available to Mr. Rubio for these alleged violations. *See Pulido v. Coca-Cola Enters., Inc.*, 2006 WL 1699328 at *9 (C.D. Cal. May 25, 2006); *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988).