**EXHIBIT D**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 06-811 CJC (AJWx)
BK 07-10416(KJC)                                    Date: April 25, 2007

Title: <u>DANIEL J. RUBIO, et al. v. NEW CENTURY MORTGAGE CORPORATION</u>

PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

<u>Michelle Urie</u>                            <u>N/A</u>
Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO PLACE CASE ON ACTIVE STATUS** [filed 04/16/07]

Plaintiffs Daniel J. Rubio, John Hicks, and David Vizcarra (collectively, "Plaintiffs") purport to represent a class of similarly situated employees in a wage-and-hour litigation against Defendant New Century Mortgage Corporation ("New Century"). On April 2, 2007, New Century declared bankruptcy, triggering the automatic stay provisions of 11 U.S.C. § 362(a). At the time New Century declared bankruptcy, Plaintiffs had a pending motion seeking leave to file a fifth amended complaint, asserting new claims against New Century and adding several entity and individual defendants. On April 11, 2007, the Court ordered this action closed, pending the outcome of New Century's bankruptcy proceedings. Plaintiffs now seek to partially reopen their action to allow them to file an amended complaint, and proceed with the litigation, against the individual defendants.

New Century first argues that this Court lacks jurisdiction to rule on Plaintiffs' application. "Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991). On a motion by a party in interest, the bankruptcy court has the authority to terminate, annul, modify, or

DOCKETED ON CM
MAY -1 2007
BY _____ 178

condition any stay. 11 U.S.C. § 362(d). New Century argues that Plaintiffs are seeking modification of the stay. Accordingly, only the bankruptcy court has jurisdiction to entertain such a request. However, Plaintiffs' application does not, in fact, seek any modification of the bankruptcy stay. Plaintiffs do not seek to disturb the stay of proceedings against New Century. Instead, they seek to proceed against several individual defendants, none of whom are currently debtors in any bankruptcy proceeding. The bankruptcy court has no jurisdiction over these individual defendants, and thus could not grant the relief requested by Plaintiffs. This Court thus retains jurisdiction over the instant request, and will consider the merits of Plaintiffs' application.

As a general rule, the automatic stay triggered by a defendant's bankruptcy proceedings provides no protection to non-bankrupt co-defendants. *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983). However, in certain limited circumstances, the stay may extend to non-bankrupt co-defendants. *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). The most common reason for a stay to apply to proceedings against non-bankrupt parties is "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Id.* This rule has been applied to stay lawsuits seeking overtime compensation against non-bankrupt officers, directors, and shareholders of a corporation when the corporation is in bankruptcy. *See Bihari v. DDJ Capital Mgmt., LLC*, 306 B.R. 336, 338 (E.D. Cal. 2004). In *Bihari*, the court found that the plaintiff's allegation that he was not paid overtime wages for his work for the corporation necessarily made the corporate debtor a "major participant" in the action. *Id.* It thus applied the *A.H. Robins* rule to dismiss the action against the officers, directors, and shareholders. *Id.*

Although the rule in *A.H. Robins* has not been explicitly adopted by the Ninth Circuit, two bankruptcy courts and at least one district court within the Ninth Circuit have applied the rule. *See In re Chugach Forest Products, Inc.*, 23 F.3d 241, 247 fn. 5 (9th Cir. 1994) (citing *Circle K Corp. v. Marks (In re Circle K Corp.)*, 121 B.R. 257, 261 (Bankr. D. Ariz. 1990); *Maxicare Health Plans, Inc. v. Centinela Mammoth Hosp (In re Family Health Servs )*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989)); *see also Bihari*, 306 B.R. at 338. In *Chugach*, the Ninth Circuit merely noted that the *A.H. Robins* rule did not apply to the facts of the case at bar, but left open the question of whether it could apply under the right factual circumstances. The Court finds that the facts of this case compel the application of the *A.H. Robins* rule, and that the Ninth Circuit would uphold the application of the rule under these circumstances.

The barest scrutiny of Plaintiffs' complaint reveals that the individual defendants are merely ancillary, and that New Century is the real party in interest. Plaintiffs proposed fifth amended complaint states eight separate causes of action. Six of these do not implicate the individual defendants, but are pled against New Century only. The only claims made against the individual defendants are for the denial of overtime wages.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 06-811 CJC (AJWx)                           Date: April 26, 2007
                                                                    Page 3

---

Notably, Plaintiffs allege that the individual defendants "were acting directly or indirectly in the interest of New Century" at all times alleged in the complaint. Compl. ¶ 69. The complaint attempts to assert liability against the individual defendants based on their knowledge that New Century failed to pay overtime wages to members of the class. *Id.* ¶ 70. Thus, it is clear from the face of Plaintiffs' proposed amended complaint that New Century remains the real party in interest. Moreover, the California Labor Code provides for corporate indemnification of an employee's losses incurred in the discharge of his or her duties. *See* CAL. LABOR CODE § 2802. Thus, any recovery obtained by Plaintiffs against the individual defendants would directly impact New Century's obligations through California's statutory indemnity requirement. The facts of this case compel the conclusion that there is such identity between New Century and the individual defendants that New Century remains the real party in interest in any action against the individual defendants for overtime wages. Plaintiffs' application to reactivate this case against the individual defendants is DENIED, and this matter is referred to the bankruptcy court for all further proceedings.

pfr
MINUTES FORM 11
CIVIL-GEN                                                  Initials of Deputy Clerk

# NOTICE PARTY SERVICE LIST

Case No. SACV06-811 CJC(AJWx)   Case Title Rubio, et al v. New Century Mortgage Corp.

Title of Document Order Denying Plaintiffs' Ex Parte Application to Place Case on Active Status

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L A |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S A |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

**ADD NEW NOTICE PARTY**
(If sending by fax, mailing address must also be provided)

Name: Bankruptcy Court, District of Delaware

Firm:

Address (include suite or floor):

824 N. Market Street, 3rd Floor

Wilmington, DE 19801

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk  mu

G-75 (03/07)                     NOTICE PARTY SERVICE LIST

RightFAX         5/1/2007 3:07      PAGE 001/005      Fax Server

**From:**  Name:        United States District Court
                         312 North Spring Street
                         Los Angeles, CA 90012
          Voice Phone:   (213) 894-5474


**To:**    Name:         Greg Labate
           Company:
                         650 Town Center Drive, 4th Floor,
           City/State:   Costa Mesa, CA 92626-1993
           Fax Number:   714-513-5130

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P
The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d)*

**Fax Notes:**

Case 8:06-CV-00811 : DANIEL J RUBIO V  NEW CENTURY MORTGAGE CORPORATION

*Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner. Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division  The proper e-mail address for each division is as follows:*

*Western Division: CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division  CrimIntakeCourtDocs-SA@cacd.uscouts.gov
Eastern Division  CrimIntakeCourtDocs-RS@cacd.uscourts.gov*

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov*

**Switch to e-mail delivery and get these documents sooner!
To switch, complete and submit
Optical Scanning Enrollment / Update form G-76.
Call 213-894-5474 for help and free technical support.**

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed  If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you  Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:         Tuesday, May 01, 2007 3:07:06 PM
Number of pages including this cover sheet:  05