# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 07-10416 (KJC) |
| New Century TRS Holdings, | : | |
| Inc., a Delaware Corporation, et al.[1], | : | Jointly Administered |
| | : | |
| Debtors. | : | |

**AFFIDAVIT ON BEHALF OF GRAY & ASSOCIATES, LLP,
ORDINARY COURSE PROFESSIONAL**

STATE OF WISCONSIN    )
                      ) ss.
COUNTY OF MILWAUKEE)

I, Jay Pitner, being duly sworn, deposes and says:

1. I am a partner of Gray & Associates, LLP (the "Firm"), which maintains offices at 600 North Broadway, Suite 300, Milwaukee, Wisconsin 53202.

2. This affidavit is submitted in connection with an order of the United States Bankruptcy Court for the Central District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned Debtors and Debtors in possession (collectively "the Debtors")

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland Corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), Delaware Corporation; New Century Mortgage Corporation (F/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC) a California Corporation; NC Capital Corporation, a California Corporation; Home123 Corporation (f/k/a The Anyloan corporation, 1800anyloan.com, Anyloan.com), a California Corporation; New Century Credit Corporation (f/ka Worth Funding Incorporated), a California Corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership NC Residual III Corporation, a Delaware Corporation; NC Residual IV Corporation, a Delaware Corporation; New Century R.E.O. Corp., a California Corporation; New Century R.E.O. II Corp., a California Corporation; New Century R.E.O. III Corp., a California Corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRAYTS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex; LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. Prior to the filing of the petitions, which initiated the above-captioned cases, the Firm has represented and advised the Debtors as Wisconsin foreclosure counsel with respect to a broad range of aspects of the Debtors' business, including mortgage foreclosures, related bankruptcy proceedings and collateral issues regarding Wisconsin residential real estate. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are $150.00-$175.00 per hour. In the normal course of its business, the Firm periodically revises its regular hourly rates and requests that, effective upon each such periodic revision, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedures 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s), which the Firm has with such entities. The Firm's search of the database identified the following connections:

See attached Conflicts Checks Connections Statement.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $2,740.20 for pre-petition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2007.

                                                  Jay J. Pitner
                                                  Gray & Associates, L.L.P.
                                                  600 North Broadway
                                                  Suite 300
                                                  Milwaukee, WI 53202
                                                  Phone: 414.224.8404
                                                  Fax:   414.224.1279
                                                  Email: jpitner@gray-law.com

Subscribed and sworn to before me
this 21st day of May, 2007.

Michelle M. Neil, Notary Public
Milwaukee County, State of Wisconsin
My commission expires: 10/18/09

[Notary seal: MICHELLE M. NEIL, STATE OF WISCONSIN, NOTARY PUBLIC]

## Conflicts Checks Connections Statement

Based upon the results of the Firm's conflicts checks, the Firm has discovered that it has connections with a number of parties-in-interest for the debtors. The nature of these connections is that the Firm has represented in the past, represents at present and anticipates representing in the future a number of the parties-in-interest as Wisconsin foreclosure counsel with respect to mortgage foreclosures, related bankruptcy proceedings and collateral issues regarding Wisconsin residential real estate. These services do not differ from the services the Firm performs for the Debtors. The parties in interest are as follows:

Bank of America, N.A.
Barclays Bank, PLC
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Capital, LLC
Deutsche Bank Trust Company Americas
Federal National Mortgage Association
Guaranty Bank
U.S. Bank National Association
Alaska Sea Partners Limited Partnership
Aurora Loan Services
Bank of America, N.A.
Countrywide
Credit Suisse First Boston Mortgage Capital, LLC
Credit-Based Asset Servicing and Securitization LLC
Deutsche Bank
EMC Mortgage Corporation
Guaranty Bank
HSBC Bank USA, N.A.
INDY MAC Bank, FSB
JP Morgan Chase Bank, N.A.
Lehman Brothers Bank, FSB
Residential Funding Corporation
Suntrust
Washington Mutual Bank, F.A.
New Century Mortgage Corporation

It is conceivable that the Firm may be performing mortgage foreclosure services for one of the parties-in-interest and discover that the Debtors hold a junior mortgage upon the same parcel of Wisconsin residential real estate or vice-versa. When such occurrences have happened in the past, it is the Firm's policy to fully inform the parties of the areas of any potential conflict and obtain signed waivers from each party before proceeding with the foreclosure-related services. In the event such an occurrence should happen with respect to the Debtors and any party-in-interest or any other client of the Firm, the Firm will make the usual disclosures to both parties and obtain the appropriate waivers before proceeding with the representation of the parties.