## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | |
| **INC., a Delaware corporation, et al.,**[1] | : | Case No. 07-10416(KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Re: Docket No. 643 |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS (A) TO HONOR CERTAIN PREPETITION
OBLIGATIONS TO CUSTOMERS PURSUANT TO THE CUSTOMER
PROGRAMS AND (B) TO CONTINUE THE CUSTOMER PROGRAMS**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been provided to, inter alia, the Office of the United States Trustee for the District of Delaware, counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT") the Debtors'

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

proposed senior secured lenders, the 50 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors' chapter 11 petitions, and all parties who have timely filed requests for notice under Bankruptcy Rule 2002, and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The Debtors are authorized but not directed (a) to perform and honor their prepetition obligations related to the Customer Programs as they see fit, and (b) to continue, renew, replace, implement new, and/or terminate such of the Customer Programs as they see fit, in the ordinary course of business, without further application.

3. Absent further order of the Court, Customer Program payments made with respect to the Customer Restitution Plan shall not exceed $130,000 in the aggregate (inclusive of the $90,000 in payment authorized pursuant to the Initial Customer Motion).

4. Absent further order of the Court, Customer Program payments made on account of refund demands received from FHA and VA shall not exceed $20,000 in the aggregate.

5. Absent further order of the Court, Customer Program payments made in response to requests for the return of escrowed customer holdbacks shall not exceed $60,000 in the aggregate. Any and all payments made on account of such requests shall be made from

amounts being held by the Debtors in escrow (or from funds that were being held in escrow and have since been released to the Debtors by the respective escrow agent) and shall not be satisfied from property of the estate.

6. Absent further order of the Court, Customer Program payments made on account of refunds of unallowable fees charged by the Debtors to borrowers shall not exceed $80,000 in the aggregate.

7. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under 11 U.S.C. §365 or otherwise.

8. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Date: May ____, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE