IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NEW CENTURY TRS HOLDINGS, | ) |
| INC., et al., | ) Case No. 07-10416 (KJC) |
| a Delaware corporation | ) (Jointly Administered) |
| Debtor. | ) Re: Docket No. 551 |

### ORDER AUTHORIZING RETENTION OF
### FTI CONSULTING, INC.
### AS FINANCIAL ADVISOR
### FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtors and Debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. and its wholly owned subsidiaries (collectively "FTI") as financial advisors; and upon the Affidavit of Samuel E. Star in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interest in connection with this case; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application be, and it hereby is, granted as modified herein; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI effective on and as of April 9, 2007, nunc pro tunc, as their financial advisors on the terms set forth in the Application; and it is further

ORDERED that FTI shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that to the extent accrued during this retention, FTI shall receive (a) its fixed monthly compensation as specified in the Application and (b) reimbursement of FTI's expenses, which in each case shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; provided however, that notwithstanding any other provision of this Order or the Application, the U.S. Trustee shall have and retain the right to object to FTI's interim and final fee applications (including monthly fees and the Completion Fee) on all grounds, including but not limited to the reasonableness standard provided in Section 330 of the Bankruptcy Code; and it is further

ORDERED that the conditions for earning and receiving the Completion Fee as defined in paragraph 15 of the Application is revised as follows:

> The Completion Fee will be considered earned and payable, subject to bankruptcy court approval, upon the earliest occurrence of the following: (a) the confirmation of a plan of reorganization or a plan of liquidation or (b) the sale of substantially all of the Debtors' tangible assets (whether in one transaction or multiple transactions). In the event the Debtors' bankruptcy cases are converted to cases under Chapter 7 of Title 11 of the United States Code, FTI reserves the right to assert that the Completion Fee is earned and payable upon conversion, subject to notice to parties in interest and their rights to object (including the United States Trustee), and Bankruptcy Court approval.

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: May 30, 2007

———————————————
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE