## EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| | : |
| Debtors. | : |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF __ILLINOIS__        )
                             ) ss:
COUNTY OF __COOK__           )

Gerald M. Shapiro, being duly sworn, deposes and says:

1.   I am a partner and a principal in the Law firm of Fisher and Shapiro, LLC, successor in interest to Fisher and Fisher, Attorneys at Law, P.C. (the "Firm"), which maintains offices at :4201 Lake Cook Road, Northbrook, IL. 60062.

2.   This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as counsel in mortgage foreclosure proceedings and in consumer bankruptcy proceedings wherein the Debtors herein were Creditors. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are $175.00 per hour for matters which, by mutual agreement, are to be billed at an hourly rate. The vast majority of the work that the Firm has done on behalf of the Creditors in the past has been billed on a flat fee basis. Those flat fees have been billed at a rate consistent with and not in excess of the publicly-available schedule published by Federal National Mortgage Association. As this billing practice is the generally accepted standard within the industry, the Firm proposes that it be maintained for future services.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

The Firm represents members of the residential mortgage default servicing area. A review of the Firms records showed that the following Debtor entities were parties to

cases in which the Firm made an appearance.

| Debtor Name | Party in Interest |
|---|---|
| New Century Mortgage Corporation - | Plaintiff |
| New Century Credit Corporation | Plaintiff |
| Home 123 Corporation | Junior Lienholder/Defendant |

The Firm was also retained by New Century in its capacity of servicer for various asset backed trusts. (A list of the Trusts is appended to this Affidavit). The Firm was previously advised by Debtor that per the Cash Management Order entered in these proceedings, these Trust entities are not Debtors and the loans deposited in the subject pools are not property of the estate. It is therefore our understanding that the services provided in connection with and the payments for such services do not fall under the auspices of the Ordinary Course Professional Retention Order entered on May 7, 2007.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professionals employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professionals employed by the Firm, insofar as I have been able to ascertain, holds or represents

any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. As of the Petition date, the Debtors owed the Firm $237,979.21 for pre-petition services and advances on their behalf. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 31_, 2007

Affiant

Sworn to and subscribed before me
this __31st__ day of __May__, 2007

Notary Public

CATHERINE L. MARIE NORTIER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 28, 2010