**United States Bankruptcy Court**
**For the District of Delaware**

In re:    NC Residual III Corporation                                                                    Case No.    07-10424

                    Debtor

## NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

 NC Residual III Corporation (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of April 2, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system.  The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries,  reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers.  Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

Official Form 7
(04/07)

# STATEMENT OF FINANCIAL AFFAIRS
## United States Bankruptcy Court
## District of Delaware

In re:  NC Residual III Corporation                                                      Case No.    07-10424

                    Debtor


   This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

   Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

## *Definitions*

   *"In business."*   A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

   *"Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

In re:   NC Residual III Corporation                                                                                    Case No.    07-10424

                     Debtor

None

☐  **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT ( 000s) | SOURCE |
|---|---|
| $       (5,368) | 1/1/2007 - 3/31/2007 Business Operations (interest on investments, servicing revenue, interest income/expense on LHFI, LHFI loss provision) |
| $        3,121 | 1/1/2006 - 12/31/2006 Business Operations (intercompany interest, interest on investments, interest from residuals, other income, servicing revenue, interest income/expense on LHFI, LHFI loss provision) |
| $       22,463 | 1/1/2005 - 12/31/2005 Business Operations (intercompany interest, interest on investments, interest from residuals, other income, servicing revenue, interest income/expense on LHFI, LHFI loss provision, gain on sale of loans) |

In connection with the restatement of its previously filed interim financial statements for the quarters ended March 31, 2006, June 30, 2006 and September 30, 2006 (the "Interim Financial Statements"), the Audit Committee of the Board of Directors of New Century Financial Corporation (the "Company"), on the advice of its independent counsel, initiated an independent investigation into the issues giving rise to the Company's need to restate the Interim Financial Statements, and as previously reported to the Securities and Exchange Commission, subsequently expanded the investigation to include issues pertaining to the Company's valuation of certain residual interests in securitizations in 2006 and prior periods (the "Internal Investigation"). In addition to its independent counsel, the Audit Committee also retained forensic accountants and other professionals (collectively, the "Investigative Team") to assist it in connection with the Internal Investigation.

Based on recent communications with members of the Investigative Team, the Audit Committee determined that there were errors in the Company's previously filed annual financial statements for its fiscal year ended December 31, 2005 (the "2005 Financial Statements") with respect to both the accounting and reporting of loan repurchase losses and the Company's valuation of certain residual interests in securitizations. The Company's ability to further investigate these matters is constrained as the Company is currently in liquidation proceedings under chapter 11 of the Bankruptcy Code. However, based upon the work performed by the Investigative Team, the Audit Committee and management believe that it is more likely than not that these errors in the aggregate resulted in a material overstatement of pretax earnings in the 2005 Financial Statements. Accordingly, on May 23, 2007, the Company's Board of Directors concluded, based upon the recommendation of the Audit Committee, that the 2005 Financial Statements should no longer be relied upon.

The 2005 gross income numbers listed above are as previously reported. The 2006 gross income reflects preliminary adjustments associated with the restatement process.

In re:  NC Residual III Corporation                                                      Case No.   07-10424
            Debtor

None

X

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

In re:  NC Residual III Corporation                                                                   Case No.    07-10424
                    Debtor

None

X

**3. Payments to creditors**

    a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

In re:  NC Residual III Corporation                                      Case No.    07-10424
                    Debtor

None

☐      **3. Payments to creditors (continued)**

      b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through Home123 Corporation (07-10421) and/or New Century Mortgage Corporation (07-10419). Payments, if any, to any such creditors of this Debtor would be included among the payments listed in response to Item 3b of the Statement of Financial Affairs for Home123 Corporation and/or New Century Mortgage Corporation.

In re:  NC Residual III Corporation                                                                                          Case No.    07-10424

                        Debtor

None

☐

**3. Payments to creditors (continued)**

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through New Century Financial Corporation (07-10417), Home123 Corporation (07-10421), New Century Capital Corporation (07-10420), and/or New Century Mortgage Corporation (07-10419).  Payments, if any, to any such insiders of this Debtor would be included among the payments listed in response to Item 3c of the Statement of Financial Affairs for New Century Financial Corporation, Home123 Corporation, New Century Capital Corporation, and/or New Century Mortgage Corporation.

Schedule 3c of each Debtor includes payments to insiders in the form of checks, wire transfers and other similar disbursements made from bank accounts historically used for payroll and other employee-related disbursements.  This schedule does not include payments made directly to credit card issuers for employee business expenses incurred by insiders.

Such schedule also includes disbursements to Debtors and non-debtor affiliates from accounts that historically were used to effect intercompany transfers of cash, however such schedule is largely incomplete at this time.  This schedule does not include intercompany transactions effected via accounting journal entries.  The debtors are in the process of continuing to gather and analyze information concerning the intercompany transfers among the Debtors and non-debtor affiliates.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:  NC Residual III Corporation                                                     Case No.   07-10424
                         Debtor

None

**4. Suits and administrative proceedings, executions, garnishments and attachments**

[X]

    a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

In re:   NC Residual III Corporation _____          Case No.   07-10424 _____
                         Debtor

None

**4. Suits and administrative proceedings, executions, garnishments and attachments (continued)**

[X]

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                                    Case No.    07-10424
           Debtor

None

[X]

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                                Case No.   07-10424
                          Debtor

None

**6. Assignments and receiverships**

X

　　a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                Case No.   07-10424
                    Debtor

None
[X]

**6. Assignments and receiverships (continued)**

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

In re:   NC Residual III Corporation                                                    Case No.   07-10424
               Debtor

None

**7. Gifts**

[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| | | | |

In re:   NC Residual III Corporation                                                                Case No.    07-10424
                            Debtor

None    **8. Losses**

[X]        List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the
         commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or
         not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

In re:    NC Residual III Corporation                                                                Case No.    07-10424
                    Debtor

None   **9. Payments related to debt counseling or bankruptcy**
☐

     List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through Home123 Corporation (07-10421) and/or New Century Mortgage Corporation (07-10419). Payments, if any, relating to debt counseling or bankruptcy for this Debtor would be included among the payments listed in response to Item 9 of the Statement of Financial Affairs for Home123 Corporation and/or New Century Mortgage Corporation.

In re: NC Residual III Corporation

Debtor

Case No.    07-10424

None ☐

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFERREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

On March 8, 2007, New Century Mortgage Corporation, New Century Financial Corporation's (the "Company") indirect wholly owned subsidiary ("NCMC"), NC Capital Corporation, a direct wholly owned subsidiary of NCMC ("NC Capital"), NC Asset Holding, L.P. (successor by conversion to NC Residual II Corporation), an indirect wholly owned subsidiary of the Company ("NCAH"), Home123 Corporation, an indirect wholly owned subsidiary of the Company ("Home123") and New Century Credit Corporation, a direct wholly owned subsidiary of the Company ("NCCC" and, together with NCMC, NC Capital, NCAH and Home123, the "Existing Borrowers"), and NC Residual IV Corporation, a direct wholly owned subsidiary of the Company (the "New Borrowers" and together with the Existing Borrowers, collectively, the "Borrowers"), and Morgan Stanley Mortgage Capital Inc. ("Morgan Stanley") entered into Amendment No. 8 (the "Morgan Stanley Amendment") to that certain Master Repurchase Agreement dated December 12, 2005 (as amended to date, including by the Morgan Stanley Amendment, the "Morgan Stanley Agreement") by and among the Existing Borrowers and Morgan Stanley. The Morgan Stanley Amendment had the effect of adding the New Borrowers to the Morgan Stanley Agreement and allowing the Borrowers to pledge additional assets for $265 million in new financing. The Morgan Stanley Amendment also provides that Morgan Stanley may, in its discretion, elect to discontinue extending financing to the Borrowers under the Morgan Stanley Agreement.

On January 31, 2007, New Century Mortgage Corporation ("NCMC"), an indirect wholly owned subsidiary of New Century Financial Corporation (the "Company"), Home123 Corporation, an indirect wholly owned subsidiary of the Company ("Home123"), NC Capital Corporation, a direct wholly owned subsidiary of NCMC ("NC Capital"), New Century Credit Corporation, a direct wholly owned subsidiary of the Company ("NCCC" and, together with NCMC, Home123 and NC Capital, the "Existing Citigroup Borrowers"), NC Residual IV Corporation, a direct wholly owned subsidiary of the Company ("NCRIV" and, together with the Existing Citigroup Borrowers, the "Citigroup Borrowers"), the Company and Citigroup Global Markets Realty Corp. ("Citigroup") entered into Amendment Number Two (the "Citigroup Amendment") to that certain Master Repurchase Agreement dated as of August 1, 2006 (as amended to date, including by the Citigroup Amendment, the "Citigroup Agreement") by and among the Existing Citigroup Borrowers, the Company and Citigroup. The Citigroup Amendment had the effect of adding NCRIV as a Borrower under the Citigroup Agreement and allowing the Citigroup Borrowers to pledge additional assets for $60 million in additional financing.

In re:   NC Residual III Corporation

Debtor

Case No.    07-10424

None

X

**10. Other transfers (continued)**

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

In re:   NC Residual III Corporation                                                                Case No.   07-10424
                    Debtor

None      **11. Closed financial accounts**

[X]      List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise
         transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts,
         certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations,
         brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning
         accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
         petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                          Case No.   07-10424
                          Debtor

None      **12. Safe deposit boxes**

X         List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately
          preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
          or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)


| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

In re:   NC Residual III Corporation                                                        Case No.   07-10424

　　　　　　　　　Debtor

None

**13. Setoffs**

☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

In re:  NC Residual III Corporation                                                    Case No.   07-10424
                        Debtor

None      **14. Property held for another person**

[X]       List all property owned by another person that the debtor holds or controls.


| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                                      Case No.    07-10424
                                Debtor

None    **15. Prior address of debtor**

[X]     If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied
        during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either
        spouse.


ADDRESS                                NAME USED                              DATES OF OCCUPANCY

In re:   NC Residual III Corporation                                                                    Case No.    07-10424
                          Debtor

None        **16. Spouses and Former Spouses**

[X]         If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
            Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement
            of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property
            state.


NAME

In re:   NC Residual III Corporation                              Case No.   07-10424
                   Debtor

None
[X]

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

In re:  NC Residual III Corporation                                                    Case No.   07-10424
                        Debtor

None

[X]

**17. Environmental Information (continued)**

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

In re:  NC Residual III Corporation                                    Case No.    07-10424
                        Debtor

None

X

**17. Environmental Information (continued)**

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS                                                    STATUS OR
OF GOVERNMENTAL UNIT                    DOCKET NUMBER            DISPOSITION

In re:   NC Residual III Corporation                                                          Case No.    07-10424
_____
                    Debtor

None

**18 . Nature, location and name of business**

[X]

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

In re:   NC Residual III Corporation                                      Case No.   07-10424
                    Debtor

None
| X |

**18 . Nature, location and name of business (continued)**

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                            ADDRESS

In re:   NC Residual III Corporation                                                            Case No.    07-10424
              Debtor

       The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

       (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

In re:  NC Residual III Corporation                                                                                   Case No.    07-10424
                        Debtor

None

☐

**19. Books, records and financial statements**

    a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Tajvinder S. Bindra | November 2006 to Present |
| David Kenneally | August 2005 to March 2007 |
| Patti M. Dodge | July 2004 to November 2006 |
| Edward Gotschall | July 2004 to March 2006 |

Address: 18400 Von Karman Avenue, Irvine CA 92612

In re:   NC Residual III Corporation                                                                 Case No.   07-10424
                     Debtor

None

□

**19. Books, records and financial statements (continued)**

b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| KPMG | KPMG<br>John Donovan<br>21700 Oxnard St., Suite 1200<br>Woodland Hills, CA  91374 | 2005 - April 2007 |

In re:  NC Residual III Corporation                                                        Case No.  07-10424
                    Debtor

None    **19. Books, records and financial statements (continued)**
☐
          c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Tajvinder S. Bindra | 18400  Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 |
| David Kenneally | 18400  Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 |

In re:    NC Residual III Corporation                                                                    Case No.    07-10424
                        Debtor

<table>
<tr><td>None</td><td></td></tr>
</table>

**19. Books, records and financial statements (continued)**

☐    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

New Century Financial Corporation and its consolidated subsidiaries including the Debtor ("NC Residual III Corporation") provide financial statements in the ordinary course of business to various parties including regulatory agencies, financial institutions, shareholders, investment banks, customers, vendors and attorneys. In addition, financial statements have been provided to other parties as requested.

Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of New Century Financial Corporation's fiscal quarters and fiscal years and upon occurrence of certain significant events, New Century Financial Corporation prepares and files with the Securities and Exchange Commission ("SEC") Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports (collectively the "SEC Filings"). The SEC Filings contain financial information relating to the Debtor. It is the practice of New Century Financial Corporation to distribute copies of the SEC Filings to their vendors, creditors, lenders and other parties requesting financial information. Because the SEC Filings are of public record, New Century Financial Corporation has not maintained records of the parties who requested or obtained copies of any SEC Filings from the SEC or New Century Financial Corporation.

In addition, on a monthly basis and from time to time, NC Residual III Corporation, with the assistance of internal and outside accountants, prepare financial reports and statements (Collectively, the "Internal Reports"). The Internal Reports are utilized by NC Residual III Corporation in the operation and management of its business. In addition, in the ordinary course of business and in connection with certain transactions not in the ordinary course of business, the Internal Reports were often distributed to accountants, lawyers, lenders and other parties doing business with NC Residual III Corporation. NC Residual III Corporation has not maintained complete records of the parties who requested or obtained copies of the Internal Reports.

In re:   NC Residual III Corporation
                    Debtor

Case No.    07-10424

None
[X]

**20. Inventories**

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY                    INVENTORY SUPERVISOR

DOLLAR AMOUNT OF INVENTORY
(Specify cost, market, or other basis)

In re:  NC Residual III Corporation                                          Case No.    07-10424
                    Debtor

None            **20. Inventories (continued)**

[X]            b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.


DATE OF INVENTORY                                      NAME AND ADDRESSES OF CUSTODIAN
                                                                             OF INVENTORY RECORDS

In re:  NC Residual III Corporation                                               Case No.   07-10424
                    Debtor

**21 . Current Partners, Officers, Directors and Shareholders**

None

[X]

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

In re:   NC Residual III Corporation                                                Case No.   07-10424

                    Debtor

None

☐          **21 . Current Partners, Officers, Directors and Shareholders (continued)**

          b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls,
          or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| NC Capital Corporation 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Shareholder | 100% |
| Dave Kenneally 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Treasurer | N/A |
| Kevin Cloyd 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Director and President | N/A |
| Stergios Theologides 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Secretary | N/A |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The
Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:  NC Residual III Corporation                                                                     Case No.    07-10424
                        Debtor

None          **22 . Former partners, officers, directors and shareholders**

[X]            a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the
              commencement of this case.

NAME                                    ADDRESS                                    DATE OF WITHDRAWAL

In re:   NC Residual III Corporation                                                                                              Case No.   07-10424

                       Debtor

None

☐

**22 . Former partners, officers, directors and shareholders (continued)**

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Andrew Stidd<br>18400 Von Karman Avenue, Suite 1000<br>Irvine, CA 92612 | Director | 2007 |
| Edward Gotschall<br>18400 Von Karman Avenue, Suite 1000<br>Irvine, CA 92612 | Chief Financial Officer and Treasurer | 2006 |
| Frank B. Bilotta<br>18400 Von Karman Avenue, Suite 1000<br>Irvine, CA 92612 | Director | 2007 |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:  NC Residual III Corporation                                                          Case No.   07-10424
                        Debtor

None

☐  **23 . Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

The obligations of New Century TRS Holdings, Inc and its affiliated debtors are paid by and through New Century Financial Corporation (07-10417). Distributions, if any, to any such insiders of this Debtor would be included among the distributions listed in response to Item 23 of the Statement of Financial Affairs for New Century Financial Corporation.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries. The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

None  **24. Tax Consolidation Group**

☐      If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER (EIN)

New Century TRS Holdings, Inc.                      33-0683629

In re:  NC Residual III Corporation                                     Case No.   07-10424

              Debtor

None          **25. Pension Funds**

[X]           If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
              employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

In re:  NC Residual III Corporation                                    Case No.    07-10424
                    Debtor

## Declaration Under Penalty of Perjury
## On Behalf of a Corporation or Partnership

    I, Holly Felder Etlin, Chief Restructuring Officer of NC Residual III Corporation,

named as the debtor in this case, declare under penalty of perjury that I have read the

answers contained in the foregoing Statement of Financial Affairs and any attachments

thereto and that they are true and correct to the best of my knowledge, information, and

belief.


Date:    May 30, 2007                          _/s/ Holly Felder Etlin_____

                                               Holly Felder Etlin
                                               Chief Restructuring Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*