**United States Bankruptcy Court**
**For the District of Delaware**

In re:  New Century R.E.O. Corp.                                                                    Case No.    07-10426
                    Debtor

## NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

 New Century R.E.O. Corp. (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of April 2, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system.  The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries,  reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers.  Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

Official Form 7
(04/07)

# STATEMENT OF FINANCIAL AFFAIRS
## United States Bankruptcy Court
### District of Delaware

In re:   New Century R.E.O. Corp.                                                                     Case No.    07-10426
                    Debtor

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *Definitions*

*"In business."*   A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

In re:   New Century R.E.O. Corp.                                                    Case No.    07-10426
　　　　　　　　Debtor

None

**1. Income from employment or operation of business**

[X]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                   SOURCE
 ( 000s)

In re:   New Century R.E.O. Corp.                                                    Case No.   07-10426
                    Debtor

None
[X]

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

In re:  New Century R.E.O. Corp.                                                                Case No.   07-10426
                    Debtor

None

X

**3. Payments to creditors**

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

In re:  New Century R.E.O. Corp.                                                                                  Case No.    07-10426

　　　　　　Debtor

None

☐

**3. Payments to creditors (continued)**

　　b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through Home123 Corporation (07-10421) and/or New Century Mortgage Corporation (07-10419). Payments, if any, to any such creditors of this Debtor would be included among the payments listed in response to Item 3b of the Statement of Financial Affairs for Home123 Corporation and/or New Century Mortgage Corporation.

In re:  New Century R.E.O. Corp.                                                                          Case No.   07-10426

                Debtor

<table>
<tr><td>None</td></tr>
<tr><td>☐</td></tr>
</table>

**3. Payments to creditors (continued)**

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through New Century Financial Corporation (07-10417), Home123 Corporation (07-10421), New Century Capital Corporation (07-10420), and/or New Century Mortgage Corporation (07-10419).  Payments, if any, to any such insiders of this Debtor would be included among the payments listed in response to Item 3c of the Statement of Financial Affairs for New Century Financial Corporation, Home123 Corporation, New Century Capital Corporation, and/or New Century Mortgage Corporation.

Schedule 3c of each Debtor includes payments to insiders in the form of checks, wire transfers and other similar disbursements made from bank accounts historically used for payroll and other employee-related disbursements.  This schedule does not include payments made directly to credit card issuers for employee business expenses incurred by insiders.

Such schedule also includes disbursements to Debtors and non-debtor affiliates from accounts that historically were used to effect intercompany transfers of cash, however such schedule is largely incomplete at this time.  This schedule does not include intercompany transactions effected via accounting journal entries.  The debtors are in the process of continuing to gather and analyze information concerning the intercompany transfers among the Debtors and non-debtor affiliates.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:  New Century R.E.O. Corp.                                                                    Case No.    07-10426
                        Debtor

None    **4. Suits and administrative proceedings, executions, garnishments and attachments**

[X]        a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this
           bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or
           not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

In re:  New Century R.E.O. Corp.                                                              Case No.    07-10426
                          Debtor

None        **4. Suits and administrative proceedings, executions, garnishments and attachments (continued)**

[X]         b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding
            the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either
            or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| | | |

In re:   New Century R.E.O. Corp.                                                          Case No.   07-10426
                    Debtor

None
[X]

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

In re:   New Century R.E.O. Corp.                                      Case No.   07-10426
                 Debtor

None

[X]

**6. Assignments and receiverships**

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

In re:   New Century R.E.O. Corp.                                                            Case No.    07-10426
                        Debtor

None

[X]

**6. Assignments and receiverships (continued)**

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or
both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

In re:    New Century R.E.O. Corp.                                                    Case No.    07-10426
                    Debtor

None

**7. Gifts**

[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

In re:   New Century R.E.O. Corp.                                                   Case No.    07-10426
              Debtor

None

**8. Losses**

[X]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

In re:  New Century R.E.O. Corp.                                                                    Case No.    07-10426
                    Debtor

**9. Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

The obligations of New Century Financial Corporation and its affiliated debtors are paid by and through Home123 Corporation (07-10421) and/or New Century Mortgage Corporation (07-10419). Payments, if any, relating to debt counseling or bankruptcy for this Debtor would be included among the payments listed in response to Item 9 of the Statement of Financial Affairs for Home123 Corporation and/or New Century Mortgage Corporation.

In re:   New Century R.E.O. Corp.                                                                Case No.    07-10426
                        Debtor

None     **10. Other transfers**

[X]

  a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred
either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter
12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

|  |  | DESCRIBE PROPERTY |
|---|---|---|
| NAME AND ADDRESS OF TRANSFERREE, |  | TRANSFERRED AND |
| RELATIONSHIP TO DEBTOR | DATE | VALUE RECEIVED |

In re:  New Century R.E.O. Corp.
                Debtor

Case No.  07-10426

None

**10. Other transfers (continued)**

X

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

In re:   New Century R.E.O. Corp.                                                                    Case No.    07-10426
                        Debtor

None

**X**

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

In re:    New Century R.E.O. Corp.                                             Case No.    07-10426
                        Debtor

None    **12. Safe deposit boxes**
[X]
        List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately
        preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
        or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

In re:  New Century R.E.O. Corp.                                                                                      Case No.   07-10426
              Debtor

None

**13. Setoffs**

[X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |
| | | |

In re:   New Century R.E.O. Corp.                                                      Case No.    07-10426
                    Debtor

None    **14. Property held for another person**

[X]        List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

In re:   New Century R.E.O. Corp.                                                          Case No.   07-10426

          Debtor

None

X

**15. Prior address of debtor**

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                              DATES OF OCCUPANCY

In re:   New Century R.E.O. Corp.                                                                    Case No.    07-10426
                Debtor

None

☒

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

In re:   New Century R.E.O. Corp.                                                    Case No.    07-10426
                    Debtor

None

[X]

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

In re:   New Century R.E.O. Corp.                                                          Case No.   07-10426
_____
              Debtor

None

[X]

**17. Environmental Information (continued)**

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

In re:   New Century R.E.O. Corp.

Debtor

Case No.   07-10426

None

X

**17. Environmental Information (continued)**

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

In re:  New Century R.E.O. Corp.                                                    Case No.    07-10426
                        Debtor

None

[X]

**18 . Nature, location and name of business**

    a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

In re:   New Century R.E.O. Corp.                                                  Case No.   07-10426
                    Debtor

None

[X]

**18 . Nature, location and name of business (continued)**

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                        ADDRESS

In re:   New Century R.E.O. Corp.                                                        Case No.    07-10426
                    Debtor

        The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

        (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

In re:  New Century R.E.O. Corp.                                                    Case No.   07-10426
               Debtor

None

**19. Books, records and financial statements**

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| Tajvinder S. Bindra | November 2006 to Present |
| David Kenneally | August 2005 to March 2007 |
| Patti M. Dodge | July 2004 to November 2006 |
| Edward Gotschall | July 2004 to March 2006 |

Address: 18400 Von Karman Avenue, Irvine CA 92612

In re:   New Century R.E.O. Corp.                                                   Case No.   07-10426
                Debtor

None       **19. Books, records and financial statements (continued)**

☐          b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of
           account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| KPMG | KPMG<br>John Donovan<br>21700 Oxnard St., Suite 1200<br>Woodland Hills, CA  91376 | 2005 - April 2007 |

In re:  New Century R.E.O. Corp.                                                                Case No.    07-10426
           Debtor

None

**19. Books, records and financial statements (continued)**

☐

    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |
| Tajvinder S. Bindra | 18400  Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 |
| David Kenneally | 18400  Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 |

In re:  New Century R.E.O. Corp.                                                                                          Case No.    07-10426

    Debtor

None

☐

**19. Books, records and financial statements (continued)**

    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued
        by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS                                            DATE ISSUED

New Century Financial Corporation and its consolidated subsidiaries including the Debtor ("New Century R.E.O. Corp.") provide financial statements in
the ordinary course of business to various parties including regulatory agencies, financial institutions, shareholders, investment banks, customers, vendors
and attorneys. In addition, financial statements have been provided to other parties as requested.

Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of New Century Financial Corporation's fiscal quarters and fiscal years
and upon occurrence of certain significant events, New Century Financial Corporation prepares and files with the Securities and Exchange Commission
("SEC") Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports (collectively the "SEC Filings"). The SEC Filings
contain financial information relating to the Debtor. It is the practice of New Century Financial Corporation to distribute copies of the SEC Filings to their
vendors, creditors, lenders and other parties requesting financial information. Because the SEC Filings are of public record, New Century Financial
Corporation has not maintained records of the parties who requested or obtained copies of any SEC Filings from the SEC or New Century Financial
Corporation.

In addition, on a monthly basis and from time to time, New Century R.E.O. Corp., with the assistance of internal and outside accountants, prepare
financial reports and statements (Collectively, the "Internal Reports"). The Internal Reports are utilized by New Century R.E.O. Corp. in the operation and
management of its business. In addition, in the ordinary course of business and in connection with certain transactions not in the ordinary course of
business, the Internal Reports were often distributed to accountants, lawyers, lenders and other parties doing business with New Century R.E.O. Corp.
New Century R.E.O. Corp. has not maintained complete records of the parties who requested or obtained copies of the Internal Reports.

In re:    New Century R.E.O. Corp.                                          Case No.    07-10426
              Debtor

None
[X]    **20. Inventories**

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the
dollar amount and basis of each inventory.


DATE OF INVENTORY                    INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                                  (Specify cost, market, or other basis)

In re:   New Century R.E.O. Corp.                                      Case No.   07-10426
                      Debtor

None
**20. Inventories (continued)**

[X]   b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.


NAME AND ADDRESSES OF CUSTODIAN
DATE OF INVENTORY                                          OF INVENTORY RECORDS

In re:   New Century R.E.O. Corp.                                                    Case No.   07-10426
_____
                    Debtor

**21 . Current Partners, Officers, Directors and Shareholders**

None

[X]

   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

In re:   New Century R.E.O. Corp.                                                          Case No.   07-10426
                    Debtor

None    **21 . Current Partners, Officers, Directors and Shareholders (continued)**

☐        b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| NC Capital Corporation 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Shareholder | 100% |
| David Kenneally 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Treasurer | N/A |
| Kevin Cloyd 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Director and President | N/A |
| Stergios Theologides 18400 Von Karman Avenue, Suite 1000 Irvine, CA 92612 | Director and Executive Vice President and Secretary | N/A |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:   New Century R.E.O. Corp.                                                    Case No.   07-10426
                    Debtor

None

[X]   **22 . Former partners, officers, directors and shareholders**

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME                          ADDRESS                          DATE OF WITHDRAWAL

In re:   New Century R.E.O. Corp.                                                                    Case No.   07-10426

                Debtor

**22 . Former partners, officers, directors and shareholders (continued)**

None
☐       b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Edward Gotschall<br>18400 Von Karman Avenue, Suite 1000<br>Irvine, CA 92612 | Treasurer | 2006 |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:    New Century R.E.O. Corp.                                                                    Case No.    07-10426

              Debtor

None

☐

**23 . Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

The obligations of New Century TRS Holdings, Inc and its affiliated debtors are paid by and through New Century Financial Corporation (07-10417). Distributions, if any, to any such insiders of this Debtor would be included among the distributions listed in response to Item 23 of the Statement of Financial Affairs for New Century Financial Corporation.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries. The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:  New Century R.E.O. Corp.                                                         Case No.    07-10426
_____                                              _____
              Debtor

<div style="margin-left: 40px;">None</div>

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                              TAXPAYER IDENTIFICATION NUMBER (EIN)
_____              _____

New Century TRS Holdings, INC.                                  33-0683629

In re:   New Century R.E.O. Corp.                                                                    Case No.   07-10426

              Debtor

**25. Pension Funds**

None

[X]

    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

In re:  New Century R.E.O. Corp.                                                  Case No.    07-10426
                    Debtor

## Declaration Under Penalty of Perjury
## On Behalf of a Corporation or Partnership

I, Holly Felder Etlin, Chief Restructuring Officer of New Century R.E.O. Corp.,
named as the debtor in this case, declare under penalty of perjury that I have read the
answers contained in the foregoing Statement of Financial Affairs and any attachments
thereto and that they are true and correct to the best of my knowledge, information, and
belief.


Date:    May 30, 2007                              */s/ Holly Felder Etlin*
                                                   Holly Felder Etlin
                                                   Chief Restructuring Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*