**United States Bankruptcy Court**
**For the District of Delaware**

In re:   New Century TRS Holdings, Inc. _____   Case No.   07-10416 _____

                    Debtor

# NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

 New Century TRS Holdings, Inc. (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of April 2, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system.  The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries,  reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers.  Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

Form 6 - Summary
(10/06)

# United States Bankruptcy Court
### District of Delaware

In re:  New Century TRS Holdings, Inc.      Case No.  07-10416
       Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 2 | $0.00 | | |
| B - Personal Property | Yes | 7 | $556,220,271.46 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | UNKNOWN | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 5 | | UNKNOWN | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $982,923,699.94 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $0.00 |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | $0.00 |
| Total Number of sheets in all schedules | | 22 | | | |
| Total Assets | | | $556,220,271.46 | | |
| Total Liabilities | | | | $982,923,699.94 | |

Official Form 6 - Statistical Summary  (10/06)

# United States Bankruptcy Court

### District of Delaware

| In re: | New Century TRS Holdings, Inc. | Case No. | 07-10416 |
|---|---|---|---|
| | | Chapter | 11 |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101 (8)), filing a case under chapter 7, 11 o r13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | N/A |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | N/A |
| Student Loan Obligations (from Schedule F) | N/A |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | N/A |
| Obligations to Pension or Profit-Sharing and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4.  Total from Schedule F | | $982,923,699.94 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $982,923,699.94 |

Form B6A
(10/05)

In re:   New Century TRS Holdings, Inc.                                         Case No.    07-10416
                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☒  Check this box if debtor has no real property to report on this Schedule.

In re:  New Century TRS Holdings, Inc.                                                    Case No.    07-10416
        Debtor

## SCHEDULE A - REAL PROPERTY
### (Continuation Sheet)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |

|  | Schedule A Total | $0.00 |
|---|---|---|

Form B6B
(10/05)

In re:  New Century TRS Holdings, Inc.                                          Case No.    07-10416
                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

### SCHEDULE B NOTES

**UNLESS OTHERWISE NOTED, SCHEDULE B LISTS THE NET BOOK VALUE FOR EACH OF THE DEBTOR'S ASSETS AS OF MARCH 31, 2007 AS REFLECTED ON THE DEBTOR'S BOOKS AND RECORDS.**

**THE DEBTOR RESERVES ALL RIGHTS WITH RESPECT TO THE CHARACTERIZATION OF THE ASSETS LISTED ON SCHEDULE B.**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Union Bank of California Multi-Candidate PAC Account 445 S. Figueroa St., MC G08-470 Los Angeles, CA 90071-1655 Account#2110108462 See footnote 1 | | $11,059.37 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |

Page Total    $11,059.37

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8. Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached Exhibit B9 | | UNKNOWN |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keough, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Investment in Carrington Capital See attached Exhibit B13 | | $49,541,964.22 |
| | | 100% of interest in Newvensure, LLC 18400 Von Karman Avenue, Ste 1000 Irvine, CA 92612 | | UNKNOWN |

| Page Total | $49,541,964.22 |
|---|---|

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% of interest in Anyloan Financial Corporation<br>18400 Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 | | UNKNOWN |
| | | 100% of interest in New Century Capital Services<br>18400 Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 | | UNKNOWN |
| | | .0359% of interest in New Century Financial Corporation<br>18400 Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 | | UNKNOWN |
| | | 100% of interest in New Century Mortgage Corporation<br>18400 Von Karman Avenue, Ste 1000<br>Irvine, CA 92612 | | UNKNOWN |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | Intercompany Receivable<br>New Century Mortgage Corporation | | $391,528,048.51 |

Page Total    $391,528,048.51

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts Receivable. | | Intercompany Receivable New Century Residual III Corporation | | $30,942,889.00 |
| | | Intercompany Receivable New Century Insurance Services | | $1,883,200.00 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to set off claims. Give estimated value of each. | | 2006 IRS Tax Refund | | $82,313,110.36 |

Page Total     $115,139,199.36

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Page Total $0.00

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment and supplies. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crop-growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page Total          $0.00

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|

|  |  |  | Schedule B Total | $556,220,271.46 |

Footnotes:

1. This does not include custodial and escrow accounts maintained by the Debtor in the ordinary course of its servicing and loan origination businesses.

| Page Total | $0.00 |
|---|---|

# EXHIBIT B-9

## INTERESTS IN INSURANCE POLICIES

New Century Mortgage Corporation, et.al.

**Exhibit B9**
**Insurance**

### INSURANCE POLICIES [1]

| Coverage Type | | Policy # | Carriers | Annualized Premiums | Policy Effective Dates |
|---|---|---|---|---|---|
| **Commercial Package** | Property | FIA 1003282 | Fidelity & Deposit Co. of | $268,373 | 3/17/07 - 3/17/08 |
| | General Liability | FIA 1003282 | | $150,178 | 3/17/07 - 3/17/08 |
| | | | | | |
| | | | | | |
| | Property HI | CP0913762802 | Fidelity & Deposit Co. of | $8,605 | 03/17/07 - 3/17/08 |
| | | | | | |
| | Property FL Wind | 1430489 | Citizens Insurance | $774 | 5/15/07 to 5/15/08 |
| **Commercial Auto** | Auto Liability | CAP0016872 | Fidelity & Deposit Co. of | $12,999 | 3/17/07 - 3/17/08 |
| **Commercial Umbrella Policy** | Excess Liability | UMB9137352 | Fidelity & Deposit C. of Maryland | $104,135 | 3/17/07 - 3/17/08 |
| | | | | | |
| | | | | | |
| | | | | | |
| **Difference in Conditions (Earth** | Primary $10M | 306912JF1 | Empire Indemnity Ins Co | $330,155 | 3/17/07 -3/17/08 |
| | | | | | |
| | $10MM excess - $10MM | CPN 10000356001 | Endurance | $100,000 | 3/17/07 -3/17/08 |
| | | | | | |
| | | | | | |
| **Directors & Officers Liability** | Primary | 6724385 | AISLIC        American | $522,917 | 06/08/06 - 04/02/07 |
| | | | | | |
| | 2nd | G2166120A002 | ACE USA | $385,370 | 06/08/06 - 04/02/07 |
| | 3rd | FD064467 | Lloyds (Aon) Syndicate | $400,456 | 06/08/06 - 04/02/07 |
| | 4th | RNN727183 | AXIS | $109,480 | 06/08/06 - 04/02/07 |
| | 5th | 4121907 | Starr Excess Liability Insurance | $206,350 | 06/08/06 - 04/02/07 |
| | 6th | ELU09290606 | XL EU | $325,000 | 06/08/06 - 06/08/07 |
| | 7th | FD0604994 | Loyd's(Aon) Syndicate | $172,283 | 06/08/06 - 06/08/07 |
| | 8th | DOXG21661338001 | ACE | $103,393 | 06/08/06 - 06/08/07 |
| | 9th | RNN727184 | Axis | $99,726 | 06/08/06 - 06/08/07 |
| | 10th | 73551016 | Liberty | $93,282 | 06/08/06 - 06/08/07 |
| | 11th | NY06DOL149577NV | Navigators | $45,427 | 06/08/06 - 06/08/07 |
| | | | | | |
| | IDL | 00DA023401506 | Twin City Fire Insurance Co | $60,000 | 06/08/06 - 06/08/07 |
| | | | | | |
| | IDL | AID001606800 | ARCH | $220,000 | 06/08/06 - 06/08/07 |
| | IDL | 287036031 | Continental Casualty Co | $110,000 | 06/08/06 - 06/08/07 |
| | IDL | NY06DOL149583NV | Navigators | $50,000 | 06/08/06 - 06/08/07 |
| | | | | | |
| **Directors & Officers Liability** | Pre- petittionTail coverage | 672-43-85 | American International Specialty | $653,329 | 04/02/07 - 6/8/2013 |
| | | G2166120A-002 | ACE American Ins Co | $481,712 | 04/02/07 - 6/8/2013 |
| | | FD0604467 | Lloyds of London | $564,506 | 04/02/07 - 6/8/2013 |
| | | RNN727183 | Axis Reinsurance Co | $136,850 | 04/02/07 - 6/8/2013 |
| | | 4121907 | Starr Excess Liability Ins | $257,813 | 04/02/07 - 6/8/2013 |
| | | ELU092906-06 | American International Specialty | $589,286 | 6/8/07 - 6/8/2013 |
| | | FD0604994 | Lloyds of London | $342,891 | 6/8/07 - 6/8/2013 |
| | | DOXG21661338001 | ACE American Ins Co | $186,534 | 6/8/07 - 6/8/2013 |
| | | RNN727184 | Axis Reinsurance Co | $178,995 | 6/8/07 - 6/8/2013 |
| | | 073551-016 | Liberty Mutual Ins Co | $170,046 | 6/8/07 - 6/8/2013 |
| | | NY06DOL149577NV | Navigators Ins Co | $85,024 | 6/8/07 - 6/8/2013 |
| | IDL | AID0016068-00 | Arch Ins Co | $385,000 | 6/8/07 - 6/8/2013 |
| | IDL | 287036031 | Continental Casualty Co | $192,500 | 6/8/07 - 6/8/2013 |
| | IDL | NY06DOL149583NV | Navigators Ins Co | $87,500 | 6/8/07 - 6/8/2013 |
| | | | | | |
| | IDL | 00DA023401506 | Twin City Fire Ins Co | $90,000 | 06/08/07 - 06/07/08 |
| | | | | | |
| **Directors & Officers Liability** | Post Petition Coverage | 7133592 | National Union Fire Ins. Co of Pittsburgh, Pa (AIG) | $458,000 | 04/02/07 - 04/02/08 |
| | | 14-MGU-07-A14285 | U.S. Specialty Ins. Co. (HCC) | $640,000 | 04/02/07 - 04/02/08 |
| | | | | | |
| **Employment Practices Liability** | Captive Insurer | 514-02-06EPL02 | NCMC Insurance | $248,400 | 1/1/2006 - 06/15/2006 |
| | | 514-1-06EP02 | NCMC Insurance | $1,140,000 | 6/15/06 - 6/15/07 |
| **Employment Practices Liability** | Primary | 12575-1330-EPLI-2006 | MaxRe | $330,000 | 6/15/06 - 6/15/07 |
| | | | | | |

New Century Mortgage Corporation, et.al.

Exhibit B9
Insurance

| INSURANCE POLICIES [1] | | | | |
|---|---|---|---|---|
| Coverage Type | | Policy # | Carriers | Annualized Premiums | Policy Effective Dates |
| Fire & Lia | Forced Place | MSH7710548B | Safeco | | 10/01/02 UTC |
| Fire | Fire | MIP7553565A | Safeco | | 09/15/02 to UTC |
| Fire & Lia | REO | MSH7710681B | Safeco | | 10/1/02 to UTC |
| Fire & Lia | Forced Place | MIH7710548B | Safeco | | 10/1/02 to UTC |
| Fire & Lia | REO | MIP7553681A | Safeco | | 2/01/05 to UTC |
| Fire & Lia | REO | MIH7710681B | Safeco | | 10/1/02 to UTC |
| Flood | Forced Place | 1916-3253 or 1910-3253 | Lloyds of London | | 6/1/06 - 6/1/08 |
| Flood | REO | 1916-3253 | Lloyds of London | | 6/1/06 to 6/1/08 |
| Wind | Forced Place | 1770-3253 | Lloyds of London | | 6/1/06 - 6/1/08 |
| | | | | | |
| | | | | | |
| Fiduciary Liability | Benefit Compensation Plans | PHSD219056 | Philadelphia Indemnity Insurance | $25,228 | 11/01/06 - 11/01/07 |
| | | | | | |
| | | | | | |
| Mortgage Bankers Bond | Fideltiy &Crime | MBB-05-00071 | Lloyd's of London Syndicates | $426,889 | 02/28/07 - 02/28/08 |
| Excess Mortgage Bankers Bond | 1st Excess Fidelity | QK0702078 | Lloyd's of London Syndicates | $252,284 | 02/28/07 - 02/28/08 |
| 2cd Excess Mortgage Bankers Bond | 2nd Excess Fidelity | QK0702946 | Lloyd's of London Syndicates | $498,304 | 02/28/07 - 02/28/08 |
| | | | | | |
| | | | | | |
| Mortgage Bankers Professional | Errors & Ommission | P014620600 | Stateside Insurance | $510,000 | 7/31/06 - 7/31/07 |
| MBPL Excess | Errors & Ommission | P014620601 | Lloyd's | $295,000 | 7/31/06 - 7/31/07 |
| | | | | | |
| | | | | | |
| Workers' Compensation | Ca-Deductible All Other Retrc | WC 249221914 | National Fire Ins Co of Hartford | $583,891 | 02/25/04- 02/25/05 |
| | All States except CA & HI | WC 249221928 | Valley Forge Insurance Co (CNA) | $417,630 | 02/25/04- 02/25/05 |
| | Hawaii | WC 249221900 | Transportation Ins. Co | $4,045 | 02/25/04- 02/25/05 |
| | Stop Gap-ND, W Virg., OH, & Wy. | GL249221931 | Valley Forge Insurance Co (CNA) | $100 | 02/25/04- 02/25/05 |
| | | | | | |
| | Workers' Compensation  (AOS) | WLR C43981547 | ACE AMERICAN INSURANCE | $843,440 | 02/25/05 - 2006 |
| | Workers' Compensation  (Wisc) | SCFC4  3981031 | ACE AMERICAN INSURANCE | INC | 02/25/05 - 2006 |
| | | | | | |
| | Workers' Compensation  (AOS) | WLRC44438124 | ACE AMERICAN INSURANCE | $617,450.00 | 02/25/06 - 2007 |
| | Workers' Compensation  (Wisc) | SCFC44438136 | ACE AMERICAN INSURANCE | INC | 02/25/06 - 2007 |
| | Workers' Compensation  (AOS) | TRJUB1761B465 | Travelers | $326,689 | 02/25/07 - 2008 |
| | Workers' Compensation  (Wisc) | TC2JUB1761B361 | Travelers | INC | 02/25/07 - 2008 |
| | | | | | |
| Medical Accident & Health | Foreign Accident & Health | GLB 910 3360 | American International Group | $11,445 | 8/14/2006 to 8/14/2007 |
| | | | | | |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8340 | Hartford | $1,805 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8341 | Hartford | $913 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8342 | Hartford | $1,022 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8343 | Hartford | $1,829 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8344 | Hartford | $6,762 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8346 | Hartford | $3,999 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8347 | Hartford | $17,713 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8349 | Hartford | $4,602 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8460 | Hartford | $1,126 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8464 | Hartford | $8,882 | 2/25/07 TO 2/25/08 |
| Workers' Compensation | ABA LL P Workers Comp | 59 WETQ 8468 | Hartford | $2,084 | 2/25/07 TO 2/25/08 |
| | | | | | |
| | | | | | |
| Access Lending Only - Subsidiary | Nortary Errors & Omissions Liability | DRS1003541 | RLI Surety | $77 | 11/15/2006 TO 11/15/2007 |
| | | | | | |
| TOTALS | | | | $15,960,419 | |

Notes:
(1) On a consolidated basis in the ordinary course of business, the Debtor maintains various types of insurance coverage, including liability and casualty insurance, with various
   insurers for all the Debtors, as noted on Schedule B-9 for New Century Financial Corporation as primary named insured and all other debtors as a secondary named insured.
   In addition to any insurance policies identified in response to item 9, the Debtor may have rights to coverage under certain other insurance  polices listed in Schedule G for this
   Debtor, as well as Schedule G for all other Debtors.  The agents for all such insurance policies are set forth on the Debtor's Schedule G.

# EXHIBIT B-13

## INTERESTS IN STOCKS AND INTERESTS IN INCORPORATED OR UNINCORPORATED BUSINESS

**In Re New Century TRS Holdings, Inc.**                                    **Case No. 07-10416**

**Exhibit B13**
**Investment in Carrington**

| Description | Amount |
|---|---|
| Carrington Agreement | $    1,000,000.00 |
| Carrington Mortgage Credit | 25,000,000.00 |
| Carrington FY 04 Equity Method | 3,778,935.00 |
| Carrington Investment | 1,000,000.00 |
| Record Inv in Carrington Revenue 1st Qtr 05 | 2,628,171.65 |
| Record Inv in CCM for MGMT co revenue 06/05 | 2,171,717.00 |
| Recorded Inv CCM and Fund Co | 3,096,241.75 |
| Recorded Inv CCM and Fund Co | 1,074,150.76 |
| Recorded Inv CCM and Fund Co | 3,177,380.39 |
| Carrington Distribution Pymt - 2005 Perf Fee | (2,351,150.25) |
| Recorded Inv CCM and Fund Co/Mgmt | 3,155,439.92 |
| Recorded Inv CCM and Fund Corp/Mgmt | 4,468,856.00 |
| Recorded Inv CCM and Fund Co/Mgmt | 1,342,222.00 |
| **Total** | **$  49,541,964.22** |

Form B6D
(10/05)

In re:  New Century TRS Holdings, Inc.                                                          Case No.    07-10416
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

## SCHEDULE D NOTES

THE DEBTOR RESERVES THE RIGHT TO DISPUTE OR CHALLENGE THE VALIDITY, PERFECTION OR IMMUNITY FROM AVOIDANCE OF ANY LIEN PURPORTED TO BE GRANTED OR PERFECTED IN ANY SPECIFIC ASSET TO A SECURED CREDITOR LISTED ON SCHEDULE D.  MOREOVER, ALTHOUGH THE DEBTOR HAS SCHEDULED CLAIMS OF VARIOUS CREDITORS AS SECURED CLAIMS, THE DEBTOR RESERVES ALL RIGHTS TO DISPUTE OR CHALLENGE THE SECURED NATURE OF ANY SUCH CREDITOR'S CLAIM OR THE CHARACTERIZATION OF THE STRUCTURE OF ANY SUCH TRANSACTION, OR ANY DOCUMENT OR INSTRUMENT (INCLUDING, WITHOUT LIMITATION, ANY INTERCOMPANY AGREEMENT), RELATED TO SUCH CREDITOR'S CLAIM.

CERTAIN OF THE DEBTOR'S AGREEMENTS LISTED ON SCHEDULE G MAY BE IN THE NATURE OF CONDITIONAL SALES AGREEMENTS OR SECURED FINANCINGS.  NO ATTEMPT HAS BEEN MADE TO IDENTIFY SUCH AGREEMENTS FOR PURPOSES OF SCHEDULE D.  IN CERTAIN INSTANCES, THE DEBTOR MAY BE A CO-OBLIGOR, CO-MORTGAGOR OR GUARANTOR WITH RESPECT TO SCHEDULED CLAIMS OF THE DEBTOR AND ITS AFFILIATES, AND NO CLAIM SCHEDULED ON SCHEDULE D IS INTENDED TO ACKNOWLEDGE CLAIMS OF CREDITORS THAT ARE OTHERWISE SATISFIED OR DISCHARGED BY OTHER ENTITIES.

THE DESCRIPTIONS PROVIDED ARE INTENDED ONLY TO BE A SUMMARY.  REFERENCE TO THE APPLICABLE CREDIT AGREEMENTS AND RELATED DOCUMENTS IS NECESSARY FOR A COMPLETE DESCRIPTION OF THE COLLATERAL AND THE NATURE, EXTENT AND PRIORITY OF ANY LIENS.  NOTHING HEREIN SHALL BE DEEMED A MODIFICATION OR INTERPRETATION OF THE TERMS OF SUCH AGREEMENTS.

SCHEDULE D ALSO CONTAINS THE NAMES AND ADDRESSES OF CERTAIN PARTIES WHO HAVE FILED UCC-1 FILING STATEMENTS WITH THE SECRETARY OF STATE OF VARIOUS JURISDICTIONS IN WHICH THE DEBTOR, OR ITS SUBSIDIARIES, ARE ENGAGED IN BUSINESS.

In re:  New Century TRS Holdings, Inc.                                Case No.    07-10416
          Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CODEBTOR | H W J OR C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION 2400 E. KATELLA AVE. SUITE 800 ANAHEIM, CA  92806 | | | COMPUTERS & EQUIPMENT LEASE FINANCING STATEMENT NO. 50081142 | X | X | | UNKNOWN | UNKNOWN |
| GENERAL ELECTRIC CAPITAL CORPORATION 7 SENTRY PKWY/W SUITE 200 BLUE BELL, PA  19422 | | | COMPUTERS & EQUIPMENT LEASE FINANCING STATEMENT NO. 50081787 | X | X | | UNKNOWN | UNKNOWN |
| GMAC COMMERCIAL FINANCIAL LLC 210 INTERSTATE NORTH PKWAY SUITE 315 ATLANTA, GA  30339 | | | EQUIPMENT LEASE FINANCING STATEMENT NO. 52059104 | X | X | | UNKNOWN | UNKNOWN |

Schedule D Total | UNKNOWN

In re:  New Century TRS Holdings, Inc.                                    Case No.   07-10416
                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## SCHEDULE E NOTES

**WAGES, SALARIES AND COMMISSIONS / CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS:**

PURSUANT TO AN ORDER ISSUED BY THE BANKRUPTCY COURT, THE DEBTORS WERE AUTHORIZED TO PAY AND HONOR VARIOUS OUTSTANDING PRE-PETITION UNSECURED PRIORITY CLAIMS, INCLUDING, CERTAIN EMPLOYEE WAGE AND BENEFIT CLAIMS.

ON APRIL 3, 2007, THE BANKRUPTCY COURT ENTERED AN ORDER PURSUANT TO SECTIONS 105(A), 363(B), OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO HONOR AND PAY ALL OF THE EMPLOYEE OBLIGATIONS, EMPLOYEE DEDUCTIONS AND EMPLOYEE EXPENSES, INCLUDING WITHOUT LIMITATION PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS AND ANY OTHER OBLIGATIONS A SET FORTH IN THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS.

THE DEBTORS BELIEVE THAT AMOUNTS ENTITLED TO PRIORITY AND WOULD OTHERWISE HAVE BEEN LISTED IN SCHEDULE E WITH RESPECT TO EMPLOYEE WAGES, SALARIES OR BENEFITS, HAVE ALREADY BEEN PAID, PURSUANT TO THE AUTHORITY GRANTED IN THE COURT'S ORDER, RECORDED ON DOCKET #47. TO THE EXTENT PRE-PETITION AMOUNTS HAVE BEEN IDENTIFIED, THE DETAIL SCHEDULED HEREIN REFLECTS KNOWN AMOUNTS REPRESENTING PREPETITION VACATION, SEVERANCE AND SICK LEAVE - PAID TIME OFF ("PTO") OWING TO EMPLOYEES UP TO $10,950 PER PERSON EARNED WITHIN 180 DAYS IMMEDIATELY PRECEDING THE FILING DATE OF APRIL 2, 2007.

TO THE EXTENT ADDITIONAL AMOUNTS ARE OWED TO EMPLOYEES THAT HAVE NOT ALREADY BEEN PAID, AND ARE NOT DETAILED ON SCHEDULE E, THOSE EMPLOYEES ARE NAMED AND THE CORRESPONDING CLAIM AMOUNT IS LISTED AS "UNKNOWN."

THE LISTING OF ANY CLAIM ON THIS SCHEDULE E DOES NOT CONSTITUTE AN ADMISSION BY THE DEBTOR THAT SUCH CLAIM IS ENTITLED TO PRIORITY TREATMENT UNDER 11 U.S.C. § 507. THE DEBTOR RESERVES THE RIGHT TO TAKE THE POSITION THAT THE CLAIM LISTED HEREIN IS A SECURED CLAIM, AN UNSECURED OR A SUBORDINATED CLAIM. CERTAIN CLAIMS LISTED IN THIS SCHEDULE MAY BE DESIGNATED AS CONTINGENT, UNLIQUIDATED AND/OR DISPUTED. A FAILURE TO DESIGNATE A CLAIM ON THIS SCHEDULE E AS CONTINGENT, UNLIQUIDATED AND/OR DISPUTED DOES NOT CONSTITUTE AN ADMISSION THAT SUCH CLAIM IS NOT SUBJECT TO OBJECTION. THE DEBTOR RESERVES THE RIGHT TO DISPUTE OR ASSERT OFFSETS OR DEFENSES TO ANY CLAIM REFLECTED ON THE SCHEDULE E AS TO NATURE, AMOUNT, LIABILITY OR STATUS.

DUE TO CONFIDENTIALITY CONCERNS, THE DEBTOR HAS SUPPRESSED THE ADDRESSES OF THE EMPLOYEE CLAIMANTS LISTED IN THIS SCHEDULE.

**SCHEDULE E – TAXES AND CERTAIN OTHER DEBTS OWED TO GOVERNMENT UNITS**

ON APRIL 3, 2007, DOCKET #49, THE BANKRUPTCY COURT ENTERED AN ORDER PURSUANT TO SECTIONS 105(A), 363(B), OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO PAY ALL UNDISPUTED PREPETITION USE TAX OBLIGATIONS DUE AND OWING TO STATE AND LOCAL TAXING AUTHORITIES IN THE ORDINARY COURSE OF BUSINESS, ON AN UNACCELERATED BASIS, IN AN AGGREGATE AMOUNT NOT TO EXCEED $10,000 ABSENT FURTHER COURT APPROVAL. THIS SCHEDULE DOES NOT INCLUDE PRIORITY CLAIMS OWING TO GOVERNMENTAL UNITS THAT ARE AUTHORIZED TO BE PAID PURSUANT TO THE AFOREMENTIONED ORDER.

SCHEDULE "E" CONTAINS THE DEBTOR'S BEST ESTIMATE OF ALL THE CLAIMS AGAINST THE DEBTOR'S ESTATE HELD BY GOVERNMENTAL AND QUASI-GOVERNMENTAL ENTITIES. THE DEBTOR HAS NOT DETERMINED WHETHER, AND TO WHAT EXTENT, ANY OF THE CREDITORS IDENTIFIED ON SCHEDULE "E" ARE ENTITLED TO PRIORITY UNDER SECTION 507 OF THE BANKRUPTCY CODE. THE DEBTOR RESERVES THE RIGHT TO ASSERT THAT CERTAIN CLAIMS IDENTIFIED ON SCHEDULE "E" ARE NOT CLAIMS OF GOVERNMENTAL ENTITIES AND/OR THAT SUCH CLAIMS ARE NOT ENTITLED TO PRIORITY.

In re:   New Century TRS Holdings, Inc.                                                    Case No.   07-10416
                 Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

## TYPES OF PRIORITY CLAIMS  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[X]  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ]  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ]  **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

[X]  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

[ ]  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re:  New Century TRS Holdings, Inc.                                                    Case No.    07-10416
_____                                                          _____
               Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

Wages, Salaries, and Commissions
_____
TYPE OF PRIORITY

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | H W J OR C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| HABIB, STACY D | | | EMPLOYEE CLAIM | | | | UNKNOWN | UNKNOWN | |
| | | | Subtotals (Totals of this page) | | | | UNKNOWN | UNKNOWN | |

In re:   New Century TRS Holdings, Inc.                                                           Case No.    07-10416
                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

Taxes and Certain Other Debts Owed to Governmental Units

**TYPE OF PRIORITY**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | H W J OR C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| IRS OGDEN, UT  84201 | | | 2006 TAXES | X | X | | UNKNOWN | UNKNOWN | |
| | | | Subtotals (Totals of this page) | | | | UNKNOWN | UNKNOWN | |
| | | | Total | | | | UNKNOWN | | |
| | | | Totals | | | | | UNKNOWN | $0.00 |

Form B6F
(10/05)

In re:  New Century TRS Holdings, Inc.                                                                Case No.    07-10416
_____
            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  Do not inlcude claims listed in Schedules D and E.  If all creditors will not fit on the page, use the continuation sheet provided.   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.  Report the total of all claims listed in this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding general unsecured claims to report on this Schedule.

## SCHEDULE F NOTES

**THE DEBTORS GENERALLY USED A CENTRALIZED CASH MANAGEMENT SYSTEM FOR NON-CUSTODIAL PAYMENTS TO CREDITORS.  SUBSTANTIALLY ALL SUCH ACCOUNTS PAYABLE PROCESSING OCCURRED AT, AND DISBURSEMENTS WERE MADE FROM, NEW CENTURY MORTGAGE CORPORATION FOR ALL OTHER DEBTOR ENTITIES, AND INTERCOMPANY ALLOCATIONS WERE PERFORMED ACCORDINGLY.  FURTHERMORE, INVOICES WERE NOT PROCESSED AT NEW CENTURY MORTGAGE CORPORATION UNTIL THE TIME THAT SUCH INVOICES WERE PAID.  SUBSEQUENT TO THE FILING, THE DEBTORS IMPLEMENTED A PROCESS TO GATHER AND RECORD ALL UNPROCESSED ACCOUNTS PAYABLE LIABILITIES AND SEGREGATE THESE AMOUNTS INTO PRE-PETITION AND POST-PETITION LIABILITIES.  THE LIABILITIES LISTED ON SCHEDULE F ARE THE RESULT OF THIS PROCESS, AND THE DEBTORS HAVE MADE THEIR BEST EFFORT TO IDENTIFY THE ENTITY OWING THE ACCOUNTS PAYABLE OBLIGATION TO EACH CREDITOR.**

**CERTAIN CLAIMS LISTED IN THIS SCHEDULE MAY BE DESIGNATED AS CONTINGENT, UNLIQUIDATED AND/OR DISPUTED.  A FAILURE TO DESIGNATE A CLAIM ON THIS SCHEDULE F AS CONTINGENT, UNLIQUIDATED AND/OR DISPUTED DOES NOT CONSTITUTE AN ADMISSION THAT SUCH CLAIM IS NOT SUBJECT TO OBJECTION.  THE DEBTOR RESERVES THE RIGHT TO DISPUTE OR ASSERT OFFSETS OR DEFENSES TO ANY CLAIM REFLECTED ON THE SCHEDULE F AS TO NATURE, AMOUNT, LIABILITY OR STATUS.**

In re:  New Century TRS Holdings, Inc.                                    Case No.    07-10416
                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CODEBTOR | H W J OR C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION 2400 E. KATELLA AVE., SUITE 800 ANAHEIM, CA  92806 | X | | EQUIPMENT LEASE | X | X | X | UNKNOWN |
| GMAC COMMERCIAL FINANCIAL LLC 210 INTERSTATE NORTH PKWAY, SUITE 315 ATLANTA, GA  30339 | X | | EQUIPMENT LEASE | X | X | X | UNKNOWN |
| HOME123 CORPORATION 18400 VON KARMAN AVE SUITE 1000 IRVINE, CA  92612 | | | INTERCOMPANY | | | | $177,371,649.92 |
| NEW CENTURY CREDIT CORPORATION 18400 VON KARMAN AVE SUITE 1000 IRVINE, CA  92612 | | | INTERCOMPANY | | | | $67,632,943.86 |
| NEW CENTURY FINANCIAL CORPORATION 18400 VON KARMAN AVE SUITE 1000 IRVINE, CA  92612 | | | INTERCOMPANY | | | | $268,251,608.16 |
| NEW CENTURY RESIDUAL IV CORPORATION 18400 VON KARMAN AVE SUITE 1000 IRVINE, CA  92612 | | | INTERCOMPANY | | | | $469,667,498.00 |
| RICHARD AUSTIN, LAUREN LIVA, MICHAEL VANDALL, SCOTT RASMUSSEN AND MARTHA MORELAND C/O JAMES E. HUGGETT, ESQ. MARGOLIS EDELSTEIN 750 S. MADISON STREET, SUITE 102 WILMINGTON, DE  19801 | | | LITIGATION | X | X | X | UNKNOWN |

Schedule F Total    $982,923,699.94

Form B6G

(10/05)

In re:  New Century TRS Holdings, Inc.                                    Case No.    07-10416
_____
                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e ., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

## SCHEDULE G NOTES

WHILE EVERY EFFORT HAS BEEN MADE TO ENSURE THE ACCURACY OF THE STATEMENT OF EXECUTORY CONTRACTS, INADVERTENT ERRORS OR OMISSIONS MAY HAVE OCCURRED.  THE DEBTOR DOES NOT MAKE, AND SPECIFICALLY DISCLAIMS, ANY REPRESENTATION OR WARRANTY AS TO THE COMPLETENESS OR ACCURACY OF THE INFORMATION SET FORTH HEREIN, OR THE VALIDITY OR ENFORCEABILITY OF ANY CONTRACTS, AGREEMENTS OR DOCUMENTS LISTED HEREIN.  THE DEBTOR HEREBY RESERVES THE RIGHT TO DISPUTE THE VALIDITY, STATUS OR ENFORCEABILITY OF ANY CONTRACTS, AGREEMENTS OR LEASES SET FORTH HEREIN AND TO AMEND OR SUPPLEMENT THIS STATEMENT.

THE CONTRACTS, AGREEMENTS AND LEASES LISTED ON SCHEDULE G MAY HAVE EXPIRED OR MAY HAVE BEEN MODIFIED, AMENDED AND SUPPLEMENTED FROM TIME TO TIME BY VARIOUS AMENDMENTS, RESTATEMENTS, WAIVERS, ESTOPPEL CERTIFICATES, LETTERS AND OTHER DOCUMENTS, INSTRUMENTS AND AGREEMENTS WHICH MAY NOT BE LISTED HEREIN.  CERTAIN OF THE REAL PROPERTY LEASES LISTED ON THIS SCHEDULE G MAY CONTAIN RENEWAL OPTIONS, GUARANTEES OF PAYMENT, OPTIONS TO PURCHASE,  RIGHTS OF THE FIRST REFUSAL, RIGHTS TO LEASE ADDITIONAL SPACE AND OTHER MISCELLANEOUS RIGHTS.  SUCH RIGHTS, POWERS, DUTIES AND OBLIGATIONS ARE NOT SET FORTH ON THIS SCHEDULE G.  CERTAIN OF THE EXECUTORY AGREEMENTS MAY NOT HAVE BEEN MEMORIALIZED AND COULD BE SUBJECT TO DISPUTE.  SCHEDULE G DOES NOT INCLUDE ALL EQUIPMENT PURCHASE ORDERS.  ADDITIONALLY, THE DEBTOR MAY BE A PARTY TO VARIOUS OTHER AGREEMENTS CONCERNING REAL PROPERTY, SUCH AS EASEMENTS, RIGHTS OF WAY, SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENTS, SUPPLEMENTAL AGREEMENTS, AMENDMENTS/LETTER AGREEMENTS, TITLE DOCUMENTS, CONSENTS, SITE PLANS, MAPS AND OTHER MISCELLANEOUS AGREEMENTS.  SUCH AGREEMENTS ARE NOT SET FORTH ON THIS SCHEDULE G.

ON A CONSOLIDATED BASIS IN THE ORDINARY COURSE OF BUSINESS, THE DEBTOR MAINTAINS VARIOUS TYPES OF INSURANCE COVERAGE, INCLUDING LIABILITY AND CASUALTY INSURANCE, WITH VARIOUS INSURERS FOR ALL THE DEBTORS, AS NOTED ON SCHEDULE B-9 FOR NEW CENTURY FINANCIAL CORPORATION AS PRIMARY NAMED INSURED AND ALL OTHER DEBTORS AS A SECONDARY NAMED INSURED. IN ADDITION TO ANY INSURANCE POLICIES IDENTIFIED IN RESPONSE TO ITEM 9, THE DEBTOR MAY HAVE RIGHTS TO COVERAGE UNDER CERTAIN OTHER INSURANCE POLICES LISTED IN SCHEDULE G FOR ALL DEBTORS. THE AGENTS FOR ALL SUCH INSURANCE POLICIES ARE SET FORTH ON THE DEBTOR'S SCHEDULE G.

CERTAIN OF THE AGREEMENTS LISTED ON SCHEDULE G MAY BE IN THE NATURE OF CONDITIONAL SALES AGREEMENTS OR SECURED FINANCINGS.  THE DEBTORS RESERVE THE RIGHT TO DISPUTE OR CHALLENGE THE CHARACTERIZATION OF PERSONAL PROPERTY LEASES.  THE DEBTOR RESERVES ALL OF ITS RIGHTS TO DISPUTE OR CHALLENGE THE CHARACTERIZATION OF THE STRUCTURE OF ANY TRANSACTION, OR ANY DOCUMENT OR INSTRUMENT (INCLUDING, WITHOUT LIMITATION, ANY INTER-COMPANY AGREEMENT) RELATED TO A CREDITOR'S CLAIM.

LISTING A CONTRACT OR AGREEMENT ON THIS SCHEDULE DOES NOT CONSTITUTE AN ADMISSION THAT SUCH CONTRACT OR AGREEMENT IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE OR THAT SUCH CONTRACT OR AGREEMENT WAS IN EFFECT ON THE PETITION DATE OR IS VALID OR ENFORCEABLE.  ANY AND ALL OF THE DEBTOR'S RIGHTS, CLAIMS AND CAUSES OF ACTION WITH RESPECT TO THE CONTRACTS AND AGREEMENTS LISTED ON THIS SCHEDULE ARE HEREBY RESERVED AND PRESERVED.

OMISSION OF A CONTRACT OR AGREEMENT FROM THIS SCHEDULE DOES NOT CONSTITUTE AN ADMISSION THAT SUCH OMITTED CONTRACT OR AGREEMENT IS NOT AN EXECUTORY CONTRACT OR UNEXPIRED LEASE. THE DEBTOR'S RIGHTS UNDER THE BANKRUPTCY CODE WITH RESPECT TO ANY SUCH OMITTED CONTRACTS OR AGREEMENTS ARE NOT IMPAIRED BY THE OMISSION.  THIS SCHEDULE MAY BE AMENDED AT ANY TIME TO ADD ANY OMITTED CONTRACT OR AGREEMENT.

In re:    New Century TRS Holdings, Inc.                                                    Case No.    07-10416
                Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OR ANY GOVERNMENT CONTRACT |
|---|---|
| JOHN L SULLIVAN<br>407 ROCKCREST DR<br>STE 100<br>COPELL, TX  75019 | CORPORATE CONTRACT |
| BUCHANAN INGERSOLL & ROONEY PC<br>301 GRANT ST<br>20TH FL ONE OXFORD CENTRE<br>PITTSBURGH, PA  15219 | SERVICE AGREEMENT<br>ACCESS FUNDING ACQUISITION |
| CORPORATION OF AMERICA<br>345 ROUSER RD<br>CORAOPOLIS, PA  15108 | SERVICE AGREEMENT<br>ACCESS FUNDING ACQUISITION |
| VISION GLOBAL SOLUTIONS LLC<br>345 ROUSER RD<br>CORAOPOLIS, PA  15108 | SERVICE AGREEMENT<br>ACCESS FUNDING ACQUISITION |

Form B6H
(10/05)

In re:  New Century TRS Holdings, Inc.                                                    Case No.    07-10416
_____
            Debtor

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's s pouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

Page 1 of  2

In re:   New Century TRS Holdings, Inc.                                    Case No.    07-10416
                Debtor

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| HOME123 CORPORATION<br>18400 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CA  92612 | GENERAL ELECTRIC CAPITAL CORPORATION<br>2400 E. KATELLA AVE., SUITE 800<br>ANAHEIM, CA  92806 |
| NEW CENTURY FINANCIAL CORPORATION<br>18400 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CA  92612 | GENERAL ELECTRIC CAPITAL CORPORATION<br>2400 E. KATELLA AVE., SUITE 800<br>ANAHEIM, CA  92806 |
| NEW CENTURY FINANCIAL CORPORATION<br>18400 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CA  92612 | GMAC COMMERCIAL FINANCIAL LLC<br>210 INTERSTATE NORTH PKWAY, SUITE 315<br>ATLANTA, GA  30339 |
| NEW CENTURY MORTGAGE CORPORATION<br>18400 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CA  92612 | GENERAL ELECTRIC CAPITAL CORPORATION<br>2400 E. KATELLA AVE., SUITE 800<br>ANAHEIM, CA  92806 |
| NEW CENTURY MORTGAGE CORPORATION<br>18400 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CA  92612 | GMAC COMMERCIAL FINANCIAL LLC<br>210 INTERSTATE NORTH PKWAY, SUITE 315<br>ATLANTA, GA  30339 |

In re:   New Century TRS Holdings, Inc.                                    Case No.    07-10416
                    Debtor

### Declaration Under Penalty of Perjury
### On Behalf of a Corporation or Partnership

I, Holly Felder Etlin, Chief Restructuring Officer of New Century TRS Holdings, Inc., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Summary and Schedules and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.


Date:    May 30, 2007                          */s/ Holly Felder Etlin*
                                               Holly Felder Etlin
                                               Chief Restructuring Officer


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*