**United States Bankruptcy Court**
**For the District of Delaware**

In re:   New Century R.E.O. III Corp.                                                                                          Case No.   07-10428
                Debtor

# NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
# AND STATEMENT OF FINANCIAL AFFAIRS

New Century R.E.O. III Corp. (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of April 2, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system.  The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries,  reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers.  Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

# United States Bankruptcy Court
District of Delaware

In re: New Century R.E.O. III Corp.

Debtor

Case No. 07-10428

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 2 | $0.00 | | |
| B - Personal Property | Yes | 6 | $0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $0.00 |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | $0.00 |
| Total Number of sheets in all schedules | | 13 | | | |
| Total Assets | | | $0.00 | | |
| Total Liabilities | | | | $0.00 | |

# United States Bankruptcy Court
District of Delaware

In re: New Century R.E.O. III Corp.

Case No. 07-10428

Chapter 11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101 (8)), filing a case under chapter 7, 11 o r13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | N/A |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | N/A |
| Student Loan Obligations (from Schedule F) | N/A |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | N/A |
| Obligations to Pension or Profit-Sharing and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $0.00 |

In re: New Century R.E.O. III Corp.  Case No. 07-10428
        Debtor

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

    If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

[X] Check this box if debtor has no real property to report on this Schedule.

In re: New Century R.E.O. III Corp.  
      Debtor

Case No. 07-10428

## SCHEDULE A - REAL PROPERTY
**(Continuation Sheet)**

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |
| | | Schedule A Total | $0.00 | |

In re:  New Century R.E.O. III Corp.                                                                                      Case No.  07-10428
        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

### SCHEDULE B NOTES

**UNLESS OTHERWISE NOTED, SCHEDULE B LISTS THE NET BOOK VALUE FOR EACH OF THE DEBTOR'S ASSETS AS OF MARCH 31, 2007 AS REFLECTED ON THE DEBTOR'S BOOKS AND RECORDS.**

**THE DEBTOR RESERVES ALL RIGHTS WITH RESPECT TO THE CHARACTERIZATION OF THE ASSETS LISTED ON SCHEDULE B.**

# SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |

Page 2 of 6

Page Total $0.00

## SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8. Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached Exhibit B9 | | UNKNOWN |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keough, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

## SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to set off claims. Give estimated value of each. | X | | | |

In re: New Century R.E.O. II Corp.  
Debtor

Case 07-10416-BLS    Doc 1015    Filed 05/31/07    Page 10 of 20

Case No. 07-10428

## SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Page 5 of 6

Page Total    $0.00

In re: New Century R.E.O. II Corp.
Debtor

Case 07-10416-BLS    Doc 1015    Filed 05/31/07    Page 11 of 20

Case No. 07-10428

## SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment and supplies. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crop-growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Schedule B Total | $0.00 |

| | |
|---|---|
| Page Total | $0.00 |

# EXHIBIT B-9

INTERESTS IN INSURANCE POLICIES

New Century Mortgage Corporation, et.al. Case 07-10416-BLS   Doc 1015   Filed 05/31/07   Page 13 of 20

Exhibit B9
Insurance

| INSURANCE POLICIES [1] | | | | | |
|---|---|---|---|---|---|
| **Coverage Type** | | **Policy #** | **Carriers** | **Annualized Premiums** | **Policy Effective Dates** |
| **Commercial Package** | Property | FIA 1003282 | Fidelity & Deposit Co. of | $268,373 | 3/17/07 - 3/17/08 |
| | General Liability | FIA 1003282 | | $150,178 | 3/17/07 - 3/17/08 |
| | Property HI | CP0913762802 | Fidelity & Deposit Co. of | $8,605 | 03/17/07 - 3/17/08 |
| | Property FL Wind | 1430489 | Citizens Insurance | $774 | 5/15/07 to 5/15/08 |
| **Commercial Auto** | Auto Liability | CAP0016872 | Fidelity & Deposit Co. of | $12,999 | 3/17/07 - 3/17/08 |
| **Commercial Umbrella Policy** | Excess Liability | UMB9137352 | Fidelity & Deposit C. of Maryland | $104,135 | 3/17/07 - 3/17/08 |
| **Difference in Conditions (Earth** | Primary $10M | 306912JF1 | Empire Indemnity Ins Co | $330,155 | 3/17/07 -3/17/08 |
| | $10MM excess - $10MM | CPN 10000356001 | Endurance | $100,000 | 3/17/07 -3/17/08 |
| **Directors & Officers Liability** | Primary | 6724385 | AISLIC       American | $522,917 | 06/08/06 - 04/02/07 |
| | 2nd | G2166120A002 | ACE USA | $385,370 | 06/08/06 - 04/02/07 |
| | 3rd | FD064467 | Lloyds (Aon) Syndicate | $400,456 | 06/08/06 - 04/02/07 |
| | 4th | RNN727183 | AXIS | $109,480 | 06/08/06 - 04/02/07 |
| | 5th | 4121907 | Starr Excess Liability Insurance | $206,350 | 06/08/06 - 04/02/07 |
| | 6th | ELU09290606 | XL EU | $325,000 | 06/08/06 - 06/08/07 |
| | 7th | FD0604994 | Loyd's(Aon) Syndicate | $172,283 | 06/08/06 - 06/08/07 |
| | 8th | DOXG21661338001 | ACE | $103,393 | 06/08/06 - 06/08/07 |
| | 9th | RNN727184 | Axis | $99,726 | 06/08/06 - 06/08/07 |
| | 10th | 73551016 | Liberty | $93,282 | 06/08/06 - 06/08/07 |
| | 11th | NY06DOL149577NV | Navigators | $45,427 | 06/08/06 - 06/08/07 |
| | IDL | 00DA023401506 | Twin City Fire Insurance Co | $60,000 | 06/08/06 - 06/08/07 |
| | IDL | AID001606800 | ARCH | $220,000 | 06/08/06 - 06/08/07 |
| | IDL | 287036031 | Continental Casualty Co | $110,000 | 06/08/06 - 06/08/07 |
| | IDL | NY06DOL149583NV | Navigators | $50,000 | 06/08/06 - 06/08/07 |
| **Directors & Officers Liability** | Pre- petittionTail coverage | 672-43-85 | American International Specialty | $653,329 | 04/02/07 - 6/8/2013 |
| | | G2166120A-002 | ACE American Ins Co | $481,712 | 04/02/07 - 6/8/2013 |
| | | FD0604467 | Lloyds of London | $564,506 | 04/02/07 - 6/8/2013 |
| | | RNN727183 | Axis Reinsureance Co | $136,850 | 04/02/07 - 6/8/2013 |
| | | 4121907 | Starr Excess Liability Ins | $257,813 | 04/02/07 - 6/8/2013 |
| | | ELU092906-06 | American International Specialty | $589,286 | 6/8/07 - 6/8/2013 |
| | | FD0604994 | Lloyds of London | $342,891 | 6/8/07 - 6/8/2013 |
| | | DOXG21661338001 | ACE American Ins Co | $186,534 | 6/8/07 - 6/8/2013 |
| | | RNN727184 | Axis Reinsureance Co | $178,995 | 6/8/07 - 6/8/2013 |
| | | 073551-016 | Liberty Mutual Ins Co | $170,046 | 6/8/07 - 6/8/2013 |
| | | NY06DOL149577NV | Navigators Ins Co | $85,024 | 6/8/07 - 6/8/2013 |
| | IDL | AID0016068-00 | Arch Ins Co | $385,000 | 6/8/07 - 6/8/2013 |
| | IDL | 287036031 | Continental Casualty Co | $192,500 | 6/8/07 - 6/8/2013 |
| | IDL | NY06DOL149583NV | Navigators Ins Co | $87,500 | 6/8/07 - 6/8/2013 |
| | IDL | 00DA023401506 | Twin City Fire Ins Co | $90,000 | 06/08/07 - 06/07/08 |
| **Directors & Officers Liability** | Post Petition Coverage | 7133592 | National Union Fire Ins. Co of Pittsburgh, Pa (AIG) | $458,000 | 04/02/07 - 04/02/08 |
| | | 14-MGU-07-A14285 | U.S. Specialty Ins. Co. (HCC) | $640,000 | 04/02/07 - 04/02/08 |
| **Employment Practices Liability** | Captive Insurer | 514-02-06EPL02 | NCMC Insurance | $248,400 | 1/1/2006 - 06/15/2006 |
| | | 514-1-06EP02 | NCMC Insurance | $1,140,000 | 6/15/06 - 6/15/07 |
| **Employment Practices Liability** | Primary | 12575-1330-EPLI-2006 | MaxRe | $330,000 | 6/15/06 - 6/15/07 |

New Century Mortgage Corporation, et.al. Case 07-10416-BLS   Doc 1015   Filed 05/31/07   Page 14 of 20

Exhibit B9
Insurance

## INSURANCE POLICIES [1]

| Coverage Type | | Policy # | Carriers | Annualized Premiums | Policy Effective Dates |
|---|---|---|---|---|---|
| **Fire & Lia** | Forced Place | MSH7710548B | Safeco | | 10/01/02 UTC |
| **Fire** | Fire | MIP7553565A | Safeco | | 09/15/02 to UTC |
| **Fire & Lia** | REO | MSH7710681B | Safeco | | 10/1/02 to UTC |
| **Fire & Lia** | Forced Place | MIH7710548B | Safeco | | 10/1/02 to UTC |
| **Fire & Lia** | REO | MIP7553681A | Safeco | | 2/01/05 to UTC |
| **Fire & Lia** | REO | MIH7710681B | Safeco | | 10/1/02 to UTC |
| **Flood** | Forced Place | 1916-3253 or 1910-3253 | Lloyds of London | | 6/1/06 - 6/1/08 |
| **Flood** | REO | 1916-3253 | Lloyds of London | | 6/1/06 to 6/1/08 |
| **Wind** | Forced Place | 1770-3253 | Lloyds of London | | 6/1/06 - 6/1/08 |
| | | | | | |
| **Fiduciary Liability** | Benefit Compensation Plans | PHSD219056 | Philadelphia Indemnity Insurance | $25,228 | 11/01/06 - 11/01/07 |
| | | | | | |
| **Mortgage Bankers Bond** | Fideltiy &Crime | MBB-05-00071 | Lloyd's of London Syndicates | $426,889 | 02/28/07 - 02/28/08 |
| **Excess Mortgage Bankers Bond** | 1st Excess Fidelity | QK0702078 | Lloyd's of London Syndicates | $252,284 | 02/28/07 - 02/28/08 |
| **2cd Excess Mortgage Bankers Bond** | 2nd Excess Fidelity | QK0702946 | Lloyd's of London Syndicates | $498,304 | 02/28/07 - 02/28/08 |
| | | | | | |
| **Mortgage Bankers Professional** | Errors & Ommission | P014620600 | Stateside Insurance | $510,000 | 7/31/06 - 7/31/07 |
| **MBPL Excess** | Errors & Ommission | P014620601 | Lloyd's | $295,000 | 7/31/06 - 7/31/07 |
| | | | | | |
| **Workers' Compensation** | Ca-Deductible All Other Retro | WC 249221914 | National Fire Ins Co of Hartford | $583,891 | 02/25/04- 02/25/05 |
| | All States except CA & HI | WC 249221928 | Valley Forge Insurance Co (CNA) | $417,630 | 02/25/04- 02/25/05 |
| | Hawaii | WC 249221900 | Transportation Ins. Co | $4,045 | 02/25/04- 02/25/05 |
| | Stop Gap-ND, W Virg., OH, & Wy. | GL249221931 | Valley Forge Insurance Co (CNA) | $100 | 02/25/04- 02/25/05 |
| | | | | | |
| | Workers' Compensation  (AOS) | WLR C43981547 | ACE AMERICAN INSURANCE | $843,440 | 02/25/05 - 2006 |
| | Workers' Compensation  (Wisc) | SCFC4  3981031 | ACE AMERICAN INSURANCE | INC | 02/25/05 - 2006 |
| | | | | | |
| | Workers' Compensation  (AOS) | WLRC44438124 | ACE AMERICAN INSURANCE | $617,450.00 | 02/25/06 - 2007 |
| | Workers' Compensation  (Wisc) | SCFC44438136 | ACE AMERICAN INSURANCE | INC | 02/25/06 - 2007 |
| | Workers' Compensation  (AOS) | TRJUB1761B465 | Travelers | $326,689 | 02/25/07 - 2008 |
| | Workers' Compensation  (Wisc) | TC2JUB1761B361 | Travelers | INC | 02/25/07 - 2008 |
| | | | | | |
| **Medical Accident & Health** | Foreign Accident & Health | GLB 910 3360 | American International Group | $11,445 | 8/14/2006 to 8/14/2007 |
| | | | | | |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8340 | Hartford | $1,805 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8341 | Hartford | $913 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8342 | Hartford | $1,022 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8343 | Hartford | $1,829 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8344 | Hartford | $6,762 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8346 | Hartford | $3,999 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8347 | Hartford | $17,713 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8349 | Hartford | $4,602 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8460 | Hartford | $1,126 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8464 | Hartford | $8,882 | 2/25/07 TO 2/25/08 |
| **Workers' Compensation** | ABA LL P Workers Comp | 59 WETQ 8468 | Hartford | $2,084 | 2/25/07 TO 2/25/08 |
| | | | | | |
| Access Lending Only - Subsidiary | Nortary Errors & Omissions Liability | DRS1003541 | RLI Surety | $77 | 11/15/2006 TO 11/15/2007 |
| | | | | | |
| **TOTALS** | | | | $15,960,419 | |

Notes:
(1) On a consolidated basis in the ordinary course of business, the Debtor maintains various types of insurance coverage, including liability and casualty insurance, with various insurers for all the Debtors, as noted on Schedule B-9 for New Century Financial Corporation as primary named insured and all other debtors as a secondary named insured. In addition to any insurance policies identified in response to item 9, the Debtor may have rights to coverage under certain other insurance polices listed in Schedule G for this Debtor, as well as Schedule G for all other Debtors.  The agents for all such insurance policies are set forth on the Debtor's Schedule G.

In re:  New Century R.E.O. III Corp.                                                                 Case No.  07-10428
        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

[X]  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

In re: New Century R.E.O. III Corp.     Case No. 07-10428
         Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

In re: New Century R.E.O. III Corp.     Case No. 07-10428
        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

    State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not inlcude claims listed in Schedules D and E. If all creditors will not fit on the page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns. Report the total of all claims listed in this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

[X] Check this box if debtor has no creditors holding general unsecured claims to report on this Schedule.

## SCHEDULE F NOTES

**THE DEBTORS GENERALLY USED A CENTRALIZED CASH MANAGEMENT SYSTEM FOR NON-CUSTODIAL PAYMENTS TO CREDITORS. SUBSTANTIALLY ALL SUCH ACCOUNTS PAYABLE PROCESSING OCCURRED AT, AND DISBURSEMENTS WERE MADE FROM, NEW CENTURY MORTGAGE CORPORATION FOR ALL OTHER DEBTOR ENTITIES, AND INTERCOMPANY ALLOCATIONS WERE PERFORMED ACCORDINGLY. FURTHERMORE, INVOICES WERE NOT PROCESSED AT NEW CENTURY MORTGAGE CORPORATION UNTIL THE TIME THAT SUCH INVOICES WERE PAID. SUBSEQUENT TO THE FILING, THE DEBTORS IMPLEMENTED A PROCESS TO GATHER AND RECORD ALL UNPROCESSED ACCOUNTS PAYABLE LIABILITIES AND SEGREGATE THESE AMOUNTS INTO PRE-PETITION AND POST-PETITION LIABILITIES. THE LIABILITIES LISTED ON SCHEDULE F ARE THE RESULT OF THIS PROCESS, AND THE DEBTORS HAVE MADE THEIR BEST EFFORT TO IDENTIFY THE ENTITY OWING THE ACCOUNTS PAYABLE OBLIGATION TO EACH CREDITOR.**

Form B6G
(10/05)

In re:  New Century R.E.O. III Corp.                                    Case No.  07-10428
              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e ., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

[X] Check this box if debtor has no executory contracts or unexpired leases.

In re: New Century R.E.O. III Corp.                                                                                     Case No. 07-10428
       Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

[X] Check this box if debtor has no codebtors.

In re: New Century R.E.O. III Corp.  Case No. 07-10428
      Debtor

## Declaration Under Penalty of Perjury
## On Behalf of a Corporation or Partnership

I, Holly Felder Etlin, Chief Restructuring Officer of New Century R.E.O. III Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Summary and Schedules and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date: May 30, 2007        */s/ Holly Felder Etlin*
                                                   Holly Felder Etlin
                                                   Chief Restructuring Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*