UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416 (KJC)** |
| a Delaware Corporation, et al., | : | |
| | : | |
| Debtors. | : | **Jointly Administered** |

## ORDER DENYING IN PART AND GRANTING IN PART MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, AN EXAMINER

This matter came before this Court for hearing on May 15, 2007, on the Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner (the "Motion"). Due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules. This Court, having considered the evidence in the record and arguments of counsel, concluded that the United States Trustee had not proven by clear and convincing evidence that cause exists for the appointment of a chapter 11 trustee. The Court therefore denied the Motion insofar as it sought such an appointment under 11 U.S.C. § 1104(a)(1). Based upon the record, however, the Court found that grounds exist for the appointment of an examiner under 11 U.S.C. § 1104(c)(1), which provides that "if the court does not order the appointment of a trustee under this section, . . . on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of an examiner. . .if. . .such appointment is in the interests of creditors, any equity security holders, and other interests of the estate. . . ." The Court finds that the appointment of an examiner is in the interests of creditors, any equity security holders, and other interests of the estate.

Based on the foregoing and on the record in this case, it is hereby

ORDERED that:

1. The Motion is denied insofar as it seeks the appointment of a chapter 11 trustee for cause pursuant to 11 U.S.C. § 1104(a)(1), and granted, pursuant to 11 U.S.C. § 1104(c)(1), insofar as it seeks the appointment of an examiner;

2. The United States Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(1);

3. The Examiner shall: (a) investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude that it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements, (b) investigate any possible post-petition unauthorized use of cash collateral by the Debtor,[1] and (c) otherwise

---

[1] The hearing on the Motion was held on May 15, 2007. After submission of competing orders, the Court had further discussion on May 21, 2007 on the record with the parties; however, before any order memorializing the Court's ruling on the Motion, was entered, the U.S. Trustee, by letter dated May 25, 2007, requested the insertion of additional language in any order directing the appointment of an Examiner, which request was occasioned by statements contained in the Debtor's form 8-K, filed with the Securities and Exchange Commission on May 24, 2007. The Debtors, by letter of the same date, agreed to the insertion of additional language, but differed as to the specifics of such language. The Court, therefore, directed that this matter be added to the agenda for the May 30, 2007 hearing, already scheduled to consider other matters. After yet further discussion with the parties, the Court will adopt the language suggested by the U.S. Trustee with respect to the additional language (paragraph 3(a)(ii)).

At the May 30, 2007 hearing, upon consideration of the Debtors' Motion to Provide Adequate Protection (Docket No. 736) and the various responses and objections thereto, it appeared that the Debtors may have used certain cash collateral without the required consent or court order. See 11 U.S.C.

perform the duties of an examiner set forth in section 1106(a)(3) (as limited by this Order) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation");

4. The Examiner shall, before commencing the Investigation, meet and confer with the Debtors, the Committee, and the U.S. Trustee, if the U.S. Trustee requests participation. The Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation. Such "meet and confer" shall occur prior to June 15, 2007, and the Court shall hold a status conference on June 15, 2007 at 10:00 o'clock a.m. to discuss with the parties the results of such "meet and confer" and to order, if appropriate, further relief as will aid the Examiner in the performance of the Examiner's duties and/or to accommodate the needs of the estate;

5. The Examiner shall prepare and file a report, as is required by 11 U.S.C. § 1106(a)(4), within 90 days of the date of appointment, unless such time shall be extended by order of the Court, advising as to (x) the status of the investigation, (y) whether the Examiner believes that the Examiner requires additional time to complete the Investigation, and (z) whether the Examiner has identified additional areas or topics which should be investigated and therefore whether the scope of the Investigation as defined herein should be broadened or otherwise amended; all parties in interest shall have the right to appear and be heard on whether the scope of the Investigation should be amended as requested by the Examiner;

6. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the

---

§363(c)(2). The Court, therefore, sua sponte, has added to the Examiner's charge, investigation of the possible unauthorized use of cash collateral by the Debtors.

-3-

performance of the Examiner's duties, except in hearings before the Court; provided further, that no portion of any report containing any evaluation of the strengths or weakness of any potential claim or right of action the estates may have or suggested litigation strategy in connection therewith shall be disclosed publicly without further order of this Court;

7.  The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327;

8.  The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant any procedures for interim compensation and reimbursement of expenses of professionals which are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330;

9.  The Examiner shall have the standing of a "party-in- interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; provided however, this Order is not intended to confer upon the Examiner any "party in interest" status for the purpose of intervening or joining in any adversary proceeding or contested matter in connection with disputes involving the non-debtor counter parties to repurchase agreements or any lenders of the Debtor[2];

10. The Examiner shall cooperate fully with any governmental agencies (such

---

[2] This proviso is included to address the concern expressed by certain parties at the May 30, 2007 hearing that the Court's expansion of the Investigation (see paragraph 3(b) hereof) not delay disposition of their rights.


cooperation shall not be deemed a public disclosure as referenced in paragraph 6 hereof, including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition), and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies;

11. The Debtors and all of the Debtors' affiliates, subsidiaries and other companies under their control and the Examiner shall mutually coordinate and cooperate in connection with the performance of any of the Examiner's duties. The Debtors shall provide to the Examiner all non-privileged documents and information relevant to the Investigation that the Examiner requests. Nothing herein shall prohibit the Debtors from objecting to requests, including, without limitation, on the ground that the documents or information requested are beyond the scope of the Investigation. If the Examiner seeks the disclosure of documents or information as to which any of the Debtors assert a claim of privilege or have objected and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtors' privileges, including, but not limited to, the attorney-client privilege and attorney work product privilege, remain and are not deemed waived or in any way impaired by the parties' stipulation referenced above or by this Order;

12. Subject to any applicable confidentiality agreement between the Committee and the Debtors, the Committee shall provide the Examiner with access to all materials it has received in response to discovery authorized by the Court or voluntarily provided by the Debtors, and the Examiner and the Committee shall cooperate and coordinate their efforts to assure, to the extent

possible, that their investigations are not unduly duplicative;

13. Subject to the requirements for mutual cooperation and coordination set forth herein, nothing contained in this Order shall diminish the powers and authority of the Debtors or the Committee under the Bankruptcy Code, including the powers to investigate transactions and entities, to commence contested matters and adversary proceedings, and to object to claims; and

14. Nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to a request to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the Examiner, the Debtor, the Committee or the United States Trustee believe should be brought to the attention of the Court, or to have the Examiner's report, or parts thereof, filed under seal.

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

Dated: June 1, 2007