## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. 526 |
| | : | |

### ORDER ESTABLISHING PROCEDURE FOR RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS PURSUANT TO 11 U.S.C. SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE

This matter having come before the Court upon the Motion of the Debtors and Debtors in Possession for a Procedure to Grant Relief from the Automatic Stay for Certain Foreclosure Proceedings Pursuant to Sections 105(a) and 362 of the Bankruptcy Code; and the Court having considered the submissions and arguments of counsel in support of the Motion, and the oppositions thereto, and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (iii) the Official Committee of General Unsecured Creditors; and (iv) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3153255-3

Bankruptcy Procedure and that no other or further notice need be given; and after due deliberation and sufficient cause therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as modified herein.

2. Any party seeking to assert its rights with respect to a mortgage on property on which the Debtors hold a second lien and electing to utilize the procedures described herein shall provide the Debtors and the Official Committee of Unsecured Creditors with written notice of the foreclosure, including the following information (the "Notice"):

   i. the status of the foreclosure action, including the location in which the action is pending and the date, time and location of any proposed foreclosure sale;

   ii. evidence regarding (a) the fair market value of the property, (b) the value of the moving party's senior lien, and (c) the position and value of any other liens senior to the lien of the Debtors' estates to the extent known by the moving party; and

   iii. all those certain papers filed by such party with any court in connection with such proposed foreclosure action that affect the status of foreclosure, including, without limitation, the applicable lawsuit and notice of foreclosure or similar documents, to fully apprise the Debtors of the pending foreclosure action.

3. A single Notice may cover multiple properties on which the moving party has a senior lien.

4. The moving party shall make payment to the Debtors' estates in the

amount of $1,000.00 (the "Payment"), per Notice, excepting however, that upon the payment of $10,000 in the aggregate by any single moving party, no further Payment need be made by such moving party regardless of the number of Notices or properties affected. Checks should be made payable to "New Century Mortgage Company" and included in the first ten (10) Notices sent to counsel for the Debtors and the address below.

    a. The Notice must be provided:

To the Debtors:

O'Melveny & Myers LLP
Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
275 Battery Street
San Francisco, California 94111
Fax: (415) 984-8701

and New Century Mortgage Corp.

Charles Houston
VP Litigation and Regulatory Counsel
3121 Michelson Drive
Irvine, CA 92612-0515

To the Official Committee of General Unsecured Creditors:

Hahn & Hessen LLP
Mark T. Power
Mark S. Indelicato
Jeffrey L. Schwartz
488 Madison Avenue
14th and 15th Floor
New York, New York 10022
Fax: (212) 478-7400

    b. Upon receipt of a Notice, the Debtors shall send notice of receipt to the moving party.

    5. If the Debtors elect to take the necessary action to the extent permitted by and as provided under applicable non-bankruptcy laws to prevent the first lien from foreclosing, they must do so within 30 days of receipt of the Notice.

6.      If the Debtors do not take the necessary action to the extent permitted by and as provided under applicable non-bankruptcy law to prevent the first lien from foreclosing within 30 days after receipt of the Notice, the automatic stay is hereby deemed lifted without further order of this Court. If the Debtors reinstate the senior lien debt prior to the expiration of 30 calendar days after the Debtors' receipt of the Notice, and the Debtors thereafter default under any of the provisions of the note or security documents of the moving party, the moving party shall file a written notice of default with this Court. If the Debtors fail to respond to the written notice of default within two (2) business days, the automatic stay is hereby deemed lifted without further order of the Court.

7.      This Order applies to lift stay motions filed on or after April 2, 2007 against the Debtors in respect of the Debtors' junior liens provided the parties having filed such lift stay motions choose to pursue relief from stay under the procedures approved herein.

8.      Nothing in this Order shall be construed to prevent parties from seeking relief from stay by filing a separate motion seeking relief outside the parameters of the procedures approved herein.

9.      To the extent that providing any information required by the Notice would violate applicable state and/or federal privacy laws, such requirements shall be waived; provided however, that such parties must provide the Debtors and the Official Committee of Unsecured Creditors with information sufficient for the Debtors to make a determination on the lift stay request. To protect the privacy rights of its borrowers, and to comply with applicable state and/or federal privacy laws, a moving party may provide information to the Debtors that is not included in disclosures sent to the Official Committee of Unsecured Creditors. The Debtors shall comply with all privacy laws with respect to information or disclosures they may receive.

10. To the extent that any party electing to participate in the procedures approved herein requires, in addition to this Order, proof that the stay has been lifted after the expiration of the 30-day period described above, such party must file a written notice with the Court of its intent to file, under certification of counsel, an appropriate form of order stating that the stay has been lifted. If the Debtors fail to respond to this written notice within three (3) business days, then the certification of counsel may be filed with the Court and the Court may enter the order attached to the certification of counsel.

11. This Court shall retain jurisdiction over all matters arising out of the implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE