# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. ___ |
| | : | |

**ORDER (A) APPROVING THE SALE OF CERTAIN TECHNOLOGY ASSETS,
(B) APPROVING AND ESTABLISHING PROCEDURES RELATED TO THE
SALE AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
THEREWITH AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014 for an Order (A) Approving the Sale of Certain Technology Assets, (B) Approving and Establishing Procedures Related to the Sale and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (C) Granting Related Relief (the "Motion"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. section 157(b)(2), (c) notice of this Motion having been provided to, inter

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Purchasers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

alia, the Office of the United States Trustee for the District of Delaware, counsel to the Official

Committee of General Unsecured Creditors, and all parties who have timely filed requests for

notice under Bankruptcy Rule 2002, and (d) capitalized terms not otherwise defined herein have

the meanings given to them in the Motion; and the Court having determined that due notice of

the Motion and Hearing have been given and no other or further notice need be given, and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein, and the Court having determined that the relief sought in the Motion is in the best

interests of the Debtors and their estates; and after due deliberation and sufficient cause

appearing therefor,

IT IS HEREBY FOUND THAT:

A.      The Court has jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. sections 157 and 1334, and this matter is a core proceeding pursuant to 28

U.S.C. section 157(b)(2).  Venue of these chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C. sections 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are sections 105(a),

363 and 365 of the Bankruptcy Code.  In addition, the relief requested in the Motion is

appropriate under Bankruptcy Rules and Bankruptcy Rules 2002, 6004, 6006 and 9014.

C.      Reasonable notice of the Motion and a reasonable opportunity to object or be

heard with respect to the Motion as it pertains to the sale of the Technology Assets[2] has been

afforded to all interested persons and entities, including, but not limited to: (i) the United States

Trustee for the District of Delaware; (ii) the attorneys for the Debtors; (iii) the attorneys for the

Creditors' Committee; (iv) all parties who are known to possess or assert a Lien against, or

---

[2] Capitalized terms not otherwise defined shall have the meaning accorded to such terms in the Motion.

control over, any Technology Assets; (v) the Internal Revenue Service; (vi) Contract Counterparties; and (vii) all other parties entitled to notice under Local Rule 2002-1(b).

D.    Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Bankruptcy Court, has been in the form and manner specified in the Motion, and such notice is reasonable and adequate.

E.    The Debtors are authorized to consummate and implement the transactions that are the subject of the Motion.  No consents or approvals are required for the Debtors to consummate the sale of the Technology Assets other than the consent and approval of this Court. Neither the execution of the APA nor the consummation of the sale of the Technology Assets in accordance with its terms will constitute a violation of any provision of the organizational documents of any Debtor or any other instrument, law, regulation or ordinance by which any Debtor is bound.

F.    The terms of the APA are fair and reasonable and provide fair value for the Technology Assets and the sale of the Technology Assets to the purchaser under the terms set forth in the APA is in the best interest of the Debtors, their creditors and their chapter 11 estates.

G.    The Debtors' support for the relief requested in the Motion reflects the exercise of sound business judgment, and approval of the Motion is in the interests of the Debtors' creditors, stakeholders and other parties in interest.  The Debtors have demonstrated both sound business purpose and compelling business circumstances in support of the transaction contemplated in the Motion and within the timeframe requested by Debtors.  There can be no assurance that the value of the Technology Assets would be maintained if any undue delay in consummation of the transactions contemplated by the Motion were to occur.  There can be no assurance that the purchaser would be willing to complete the transactions if delay in consummation of the

3

transactions were to occur.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to sections 363 and 365 of the Bankruptcy Code, the sale, conveyance and assignment of the Technology Assets of and by the Debtors, including the assumption and assignment of certain executory contracts and unexpired leases in connection therewith (the "Assumed Contracts") of the Debtors (subject only to the Court's resolution of any Adequate Assurance Objection as defined in paragraph 6 below), pursuant to the APA (the "Sale"), is approved, and each Debtor is authorized to execute any and all documents, instruments and papers and to take all actions necessary and appropriate to effectuate, implement and consummate the transactions contemplated by the APA in consideration of the purchase price specified therein, including assigning and transferring to the purchaser or its designees all of the Debtors' right, title and interest (including common law rights) in and to all of the Debtors' tangible and intangible property included among the Technology Assets except as otherwise explicitly provided by the APA.  Without limiting the foregoing, each of the Debtors is authorized to close and consummate the APA and all other agreements and documents related to and contemplated thereby (collectively, the "Disposition Documents"), which agreements and documents hereby are authorized and approved in all respects.

3.      The transfer(s) of the Technology Assets of and by the Debtors to the purchaser or one or more of its designees are legal, valid and effective transfers and shall vest the purchaser or its designees with all right, title and interest of the Debtors in and to the Technology Assets pursuant to section 363(f) of the Bankruptcy Code free and clear of any and all liens, security interests, pledges, hypothecations, encumbrances or other interests or claims (including

4

but not limited to any and all "claims" as defined in section 101(5) of the Bankruptcy Code, including any and all warranty claims and any and  any and all rights and claims under any bulk transfer statutes and similar laws, whether arising by agreement, by statute or otherwise and whether arising before, on or after the date on which this chapter 11 case was commenced, whether known or unknown, including Liens of any of the creditors, vendors, suppliers, employees, or lessors of any of the Debtors or any other third party.  Any and all such Liens shall attach to the proceeds of the Sale, with the same priority, validity, force and effect as they now have against the Technology Assets.

4.    The Sale pursuant to this Sale Order and the Disposition Documents shall be binding upon the Debtors, the purchaser, all creditors, members, and owners of the Debtors, all persons having or asserting a claim or Lien against, or an interest in, the Debtors or the Technology Assets of the Debtors, and all parties to any actions or proceedings that directly or indirectly contest the power or authority of the Debtors to sell, assign and convey the Technology Assets or that seek to enjoin any such sale, assignment or conveyance.

5.    Any party having the right to consent to the assumption or assignment of the Assumed Contracts that failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment as required by section 365(c) of the Bankruptcy Code.  Except as set forth below in paragraph 6, any objection to the Debtors' assumption or assignment of the Assumed Contracts (other than an Adequate Assurance Objection) is hereby overruled.

6.    To the extent that any objection or response to the sufficiency of the assurance of future performance by the proposed assignee of the Assumed Contracts (an "Adequate Assurance Objection") was not withdrawn or resolved prior to the hearing, then the

5

Court shall consider any Adequate Assurance Objection at hearing on June 27, 2007, at 10:00 a.m.

7. All defaults of the Debtors under the Assumed Contracts shall be deemed cured upon occurrence of assumption and assignment as provided in the APA. The Debtors shall have no liability with respect to any Assumed Contract except to the extent that such contract is assumed and assigned as provided in the APA; the Debtors in no event shall have any liability for any default or breach occurring under or with respect to any such contract prior to the effective date of such assumption and assignment, and any party to any Assumed Contract is forever barred from asserting against the Debtors any claim related to any such breach or default.

8. The contemplated transactions have been undertaken by the purchaser and the Sellers at arm's-length, without collusion, and the purchaser will acquire the Technology Assets pursuant to the APA and the Disposition Documents, in good faith, within the meaning of section 363(m) of the Bankruptcy Code and is, and shall be, entitled to all of the protections in accordance therewith.

9. The consideration provided by the purchaser for the Technology Assets under the APA is fair and reasonable, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

10. The provisions of this Sale Order are nonseverable and mutually dependent.

11. This Sale Order and all provisions of the Disposition Documents shall be binding upon any successors and assigns of the Debtors, including without limitation, any trustee appointed for any of the Debtors in its chapter 11 case or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

6

12.    Nothing contained in any chapter 11 plan confirmed in the chapter 11 case of any Debtor or any order of this Court confirming such plan or any other order entered in these chapter 11 cases shall conflict with or derogate from the provisions of the APA, to the extent modified by this Sale Order, or the terms of this Sale Order.

13.    The APA, the Disposition Documents, or other instruments relating thereto may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors or their estates.

14.    The failure specifically to include any particular provisions of the APA or the Disposition Documents in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and the Disposition Documents be authorized and approved in their entirety.

15.    To the extent of any inconsistency between the provisions of the APA, any documents executed in connection therewith, and this Sale Order, the provisions contained herein shall govern.

16.    All objections, if any, to the entry of this Sale Order, to the extent not waived or resolved, are overruled.

17.    Without limiting in any manner the effect of the other provisions of this Order, any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing or otherwise asserting a Lien in, to, or against the Technology Assets shall be, and hereby is, directed to deliver to the Debtors prior to Closing, in proper form for filing after Closing and executed by the appropriate parties,

7

termination statements, instruments of satisfaction, mortgage or deed of trust releases, or similar instruments as appropriate to cause the release of any such Lien as of record, and, in the event that any such person or entity fails to comply with the direction set forth in this Paragraph, then, at the option of the purchaser, the purchaser either may seek to have such person or entity held in contempt of this Court or shall be hereby authorized without the requirement of any further action (including any further Order of this Court) either to execute and file or record such statements, instruments, releases, and other documents on behalf of such person or entity releasing such asserted Lien in, to, or against the Technology Assets or to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the termination or release of any such Lien in, to, or against the Technology Assets.

18.     Consistent with, but not in limitation of, the foregoing, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated with APA and the Disposition Agreements.

19.     All persons or entities who or that are in possession of some or all of the Technology Assets of the Debtors on the Closing are hereby directed to surrender possession of those Technology Assets to the purchaser at the Closing.

20.     Without limiting the generality of the other provisions of this Sale Order, and except solely to the extent provided by other U.S. federal law, the purchaser under no circumstances shall be deemed to be a successor of the Debtors (and the purchaser expressly has disclaimed in the APA any such liability with respect to the Debtors). Accordingly, the purchaser shall have no successor or vicarious liabilities of any kind or character with respect to the Technology Assets except solely to the extent provided by superseding U.S. federal law, and

8

all persons and entities shall be hereby enjoined from asserting any such claims against the purchaser.

        21.    The automatic stay of Section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the APA, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

        22.    The ten (10) day stay under Bankruptcy Rules 6004(h) and 6006(d) are hereby waived, and this Order shall be effective immediately.

        23.    The Debtors and their affiliates, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

        24.    The Bankruptcy Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions of the APA, the Disposition Documents, and the Sale Order in all respects and, further, to hear and determine any and all disputes between any Debtor and/or the purchaser, as the case may be, and any non-seller party to, among other things, any Assumed Contracts, concerning inter alia, assignment thereof by the pertinent Debtor to the purchaser or its designees under the APA, and any claims against any Debtor or any creditor or other third party arising in connection with any dispute between the purchaser and any Debtor as to their respective obligations with respect to any asset or liability of or claim against any Debtor or otherwise arising hereunder.

Dated: _____, 2007
       Wilmington, Delaware

                                 _____
                                 THE HONORABLE KEVIN J. CAREY
                                 UNITED STATES BANKRUPTCY JUDGE