**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF FLORIDA

        ss:

COUNTY OF PINELLAS

    WILLIAM M. GOLSON, being duly sworn, deposes and says:

        1.     I am an attorney and president of GOLSON LAW FIRM (the "Firm"),

which maintains offices at 1230 S. Myrtle Av., Suite 105, Clearwater, FL 33756.

        2.     This Affidavit is submitted in connection with an Order of the United

States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007,

authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors")

to employ and compensate certain professionals in the ordinary course of business during the

pendency of these chapter 11 cases.

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Mortgage Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3.    Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as COUNSEL FOR POST-SALE MATTERS - EVICTION. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4.    The Firm's current customary rates, subject to change from time to time, are flat fee of $350 for the eviction; $175 per hour should the matter become contested. In the normal course of its business, the Firm revises its billing rates on - fees are modeled on the reimbursable amount of fee approved by Federal National Mortgage Association (FNMA) and would change only if FNMA approved a change for the State of Florida. Should FNMA approve an increase of the fee for Florida, the Firm would request that its fee change effective at the same time.

5.    In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

**See Exhibit "A" Attached**

The Firm may have performed services in the past, may currently perform services, and may

perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.      Prior to the filing of the above-captioned cases, the Firm **WAS** employed by the Debtors. The Debtors owe the Firm **$1,266.00** for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm **WILL NOT** waive the pre-petition claim.

9.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10.      I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June __5__ , 2007

_____
Affiant

Sworn to and subscribed before me
this __5__ day of June, 2007

_____
Notary Public

Melanie S. Liverman
Commission #DD330757
Expires: Jun 25, 2008
Bonded Thru
Atlantic Bonding Co., Inc.

**EXHIBIT A**

Golson Law Firm represents or has represented  a mortgage servicer or investor, or an investor through a mortgage servicer, whose name is listed below or who may be a brother/sister corporation of or otherwise affiliated with a party named below, or whose name appears in whole or in part in the name of a servicer or investor.  For example, the firm represents "Deutsche Bank National Trust Company, as trustee....".

### List of Potential Parties-in-Interest for New Century TRS Holdings, Inc., et al.

### UCC-1 Parties

Bank of America, NA
Bank of the West
Carrington Mortgage Credit Fund I, LP
Citigroup Global Markets Realty Corp.
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Capital LLC
Deutsche Bank Trust Company Americas
Federal National Mortgage Association
General Electric Capital Corporation
GMAC Commercial Financial LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
IXIS Real Estate Capital Inc
Morgan Stanley Mortgage Capital Inc.
New Century Mortgage Securities Inc.
State Street Global Markets
Sterling Bank
The CIT Group/Equipment Financing
U.S. Bancorp Equipment Finance, Inc.
U.S. Bank National Association

### 50 Largest Unsecured Creditors [1]

Alaska Seaboard Partners Limited Partnership
Aurora Loan Services
Bank of America, N.A.
Carrington Securities, LP
Citigroup Global Markets Realty Corp.
Countrywide

---

[1] Includes certain UCC-1 Parties

Credit Suisse First Boston Mortgage Capital LLC
Credit-Based Asset Servicing and Securitization LLC
Deutsche Bank
EMC Mortgage Corporation
General Electric Capital Corporation
GMAC Commercial Finance, LLC
Goldman Sachs Mortgage Company
Greenwich Capital Financial Products, Inc.
HSBC Bank USA, N.A.
INDY MAC Bank, FSB
IXIS Real Estate Capital, Inc.
JP Morgan Chase Bank, NA
Morgan Stanley Mortgage Capital Inc.
NOMURA Securities
Residential Funding Corporation
State Street Global Markets, LLC
Suntrust
Washington Mutual Bank, FA