**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| | : |
| Debtors. | : |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF MASSACHUSETTS )
) ss:
COUNTY OF MIDDLESEX )

[INSERT NAME OF AFFIANT], being duly sworn, deposes and says:

1. I am a **Partner** of **Guaetta and Benson, LLP** (the "Firm"), which maintains offices at **9 Acton Road, Suite 10, Chelmsford, MA 01824**

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors possibly as **local foreclosure counsel by and through Countrywide Home Loans, Inc. possibly as loan servicer for various pools and loans originated by Debtor.** The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are **per FHA, VA and other conventional investor guidelines in Massachusetts, typically $150.00/hr capped per guidelines (foreclosure $1250.00 (VA $850.00)/Motion for relief in bankruptcy $750.00/Eviction $600.00).** In the normal course of its business, the Firm revises its billing rates on **n/a per guidelines** of each year and requests that, effective **n/a per guidelines** of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

**The firm serves as local foreclosure counsel for Countrywide Home Loans who, in turn, services and refers loans held or assigned to: Deutsche Bank N.A. as Trustee for various**



pools, **IXIS Real Estate, Morgan Stanley, Guaranty Bank, U.S. Bank, N.A., HSBC Bank, JP Morgan Chase Bank N.A. and/or Bank of New York as successor in interest, Nomura Securities, Washington Mutual, Citigroup Mortgage Loan Trust Inc.** The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm **was possibly** employed by the Debtors, if so only by and through Countrywide Home Loans, Inc. as servicer for Debtors' loans. We do not know enough about the agreements between Countrywide Home Loans, Inc., the pooling and servicing agreements and Debtors to provide an informed answer. However, to the best of our knowledge the Firm has never been directly employed by Debtors. The Debtors owe the Firm **unknown** for prepetition services -- see explanation above. Based on the foregoing we do not believe Debtors owe the Firm for prepetition services as we are



compensated in the ordinary course by Countrywide Home Loans, Inc. as servicer. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm n/a the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2007

_____
Affiant

Sworn to and subscribed before me this 5th day of June, 2007

_____
Notary Public   Jeanne M. Arno
Jan. 17, 2014