**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,[1]** | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |

**AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL**

STATE OF HAWAII       )
                       )     ss:
CITY AND COUNTY OF HONOLULU   )

      **Walter Beh, II,** being duly sworn, deposes and says:

      1.      I am a member of Rush Moore LLP A Limited Liability Law Partnership

(the "Firm"), which maintains offices at 737 Bishop Street, Suite 2400, Honolulu, Hawaii 96813

and 75-167 Kalani Street, Suite 103, Kailua-Kona, Hawaii 96740.

      2.      This Affidavit is submitted in connection with an Order of the United

States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007,

authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors")

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.    Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as attorneys in its foreclosure and bankruptcy cases in Hawaii against various borrowers/mortgagors who owe money to Debtors. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4.    The Firm's current customary rates, subject to change from time to time, are attached hereto as Exhibit "A". However, the Firm has been providing services to the Debtors based on an agreed upon fee scale for its foreclosure and bankruptcy services, subject to increase with prior approval, and not at an hourly rate. In the normal course of its business, the Firm revises its billing rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time, unless the agreed upon fee scale is being utilized.

In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: none. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are

parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

5.    Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

6.    Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.    Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm approximately $27,000.00 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

9.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ , 2007



_____
Walter Beh, II

Sworn to and subscribed before me
this 4th day of June, 2007.

_____
Dana Kamisato
Notary Public, State of Hawaii

My commission expires on: ___10-03-08___

## EXHIBIT A

## RMCSMB BILLING RATES

January 1, 2007

| ATTORNEY | REGULAR RATE | INSURANCE RATE* |
|---|---|---|
| **PARTNERS** | | |
| BEH, WALTER II | $260 | |
| SANPEI, EDWARD M. | $280 | |
| MAU, STEPHEN K.C. | $280 | |
| SATO, EARL T. | $280 | |
| STREET, J. STEPHEN | $275 | |
| YUSI, JENNIFER | $280 | $185 |
| SHIBATA, DAVID | $310 | |
| TIUS, SUSAN | $250 | |
| NAKAMURA, CHERYL A. | $250 | $160 |
| ANZAI, IRENE A. | $260 | |
| NAKANISHI, CRAIG I. | $270 | |
| CHINEN, TRACY G. | $230 | $150-$165 |
| OTANI, CAROLINE S. | $200 | $125 |
| ROSS, KENNETH A. | $220 | $140-$160 |
| TANI, JASON M. | $225 | $135-$185 |
| ANDREWS, LISSA | $225 | $185 |
| NAKOA, SHAWN | $220 | |

EXHIBIT A

| ATTORNEY | REGULAR RATE | INSURANCE RATE* |
|---|---|---|
| **COUNSEL** | | |
| MORRY, G. RICHARD | $260 | $180 |
| STRANDTMAN, LISA | $200 | $120 |
| | | |
| **ASSOCIATES** | | |
| BENTO, SHAH | $170 | |
| HARRIS, REGINAULD | $150 | $125 |
| PETERSON, DEVON | $140 | $125 |
| LYONS, DANA | $120 | |
| **OTHERS** | | |
| LAW CLERKS | $ 90 | $ 75 |
| LEGAL ASSISTANTS | $ 90 | $ 65 |
| DOCUMENT ANALYST | $ 70 | $ 45 |

*General insurance rates: see billing attorney for special contract rates.

billing rates 2007.wpd