## **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF NASSAU    )

Kelly Ann Poole, being duly sworn, deposes and says:

1. I am an attorney of the law firm of Rosicki, Rosicki & Associates, P.C. (the "Firm"), which maintains offices at 51 East Bethpage Road, Plainview, New York 11803.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors in default matters. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates with the Debtors are subject to change from time to time, and are in accordance with the attached Exhibit A. In the normal course of its business, the Firm revises its billing rates on January 1st of each year and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

We have provided Foreclosure and/or Bankruptcy and/or Eviction services to the following entities: Bank of America, N.A.; Citigroup Global Markets Realty Corp.; Countrywide Home Loans, Inc.; Credit Suisse First Boston Mortgage Capital LLC; DB Structured Products, Inc.; Deutsche Bank Trust Company Americas; Federal National Mortgage Association; Greenwich Capital Financial Products, Inc.; IXIS Real Estate Capital Inc.; Morgan Stanley Mortgage Capital Inc.; The CIT Group; U.S. Bank National Association; UBS Real Estate

Securities Inc.; Aurora Loan Services; Credit-based Asset Servicing and Securitization LLC; Deutsche Bank; EMC Mortgage Corporation; HSBC Bank USA, NA; INDY MAC Bank, FSB; JP Morgan Chase Bank, NA; Lehman Brothers Bank FSB; Residential Funding Corporation; Suntrust; Washington Mutual Bank, FA, Morgan Stanley.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $5,864.50 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2007

Affiant: Kelly Ann Poole, Esq.

Sworn to and subscribed before me
this 5th day of June, 2007

Notary Public

SUSAN A WEST
Notary Public State of New York
No. 02WE6115628
Qualified in Suffolk County
Commission Expires Sept. 13, 2008

# Exhibit "A"

## NEW YORK FEE SCHEDULE

Foreclosure:

   (1) In all counties other than in New York City and Long Island, fee is $1,250.00 for uncontested foreclosure actions, plus statutory disbursements which are billed separately.

   (2) In the counties of New York City and Long Island, fee is $1,800.00 for uncontested foreclosure actions, plus statutory disbursements which are billed separately.

   (3) Contested foreclosure actions are billed at an hourly rate of $175.00.

Bankruptcy:

   (1) Chapter 7 and 13 cases: fee is $125.00 for Proof of Claims, and $800.00 for motions for relief.

   (2) Chapter 11 cases – fee is $125.00 for Proof of Claim, and hourly rate of $175.00 applies to any litigated matter and motions for relief.

   (3) Contested bankruptcy matters are billed at an hourly rate of $175.00.