**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| Debtors. | : | |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF VIRGINIA        )
                                         ) ss:
COUNTY OF FAIRFAX   )

**John S. Burson**, being duly sworn, deposes and says:

1. I am a **Managing Partner of Shapiro & Burson, LLP** (the "Firm"), which maintains offices at 13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as legal representation with regard to foreclosure of loans and related bankruptcy matters. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are flat fees for services based upon schedules provided by Debtor, or, if none, according to standard HUD/FNMA flat fee schedules.

5. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtor or currently represents any of its creditors, other parties-in-interest, the United States Trustee or any other person employed by the Office of the United States Trustee with respect to the matters upon which it is to be and the Firm does not, by reason of any direct of indirect relationship to, connection with, interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate of any class of creditors or equity interest holders.

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtor is not adverse to the Debtor's interests, or the interests of its creditors or estate in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtor in the ordinary course in this Chapter 11 Case.

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtor's potential universe of creditors and the Firm's clients, the Firm

may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtor in matters entirely unrelated to the Debtor and its estate. The Firm does not and will not represent any such entity in connection with this pending Chapter 11 Case and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtor or its estate.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm **WAS** employed by the Debtors. The Debtors owe the Firm **$0** for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm **WILL** waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2007

_____
Affiant

Sworn to and subscribed before me
this 5th day of June, 2007.

_____
Notary Public