# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF COLORADO    )
                     )    ss:
COUNTY OF DENVER     )

I, Don H. Meinhold, being duly sworn, deposes and says:

1. I am a partner/manager of Castle Meinhold & Stawiarski, LLC (the "Firm"), which maintains offices at 999 18th Street, Suite 2201, Denver, Colorado.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as foreclosure and bankruptcy counsel The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are attached hereto as Exhibit A. In the normal course of its business, the Firm revises its billing rates to confirm to industry standards (FNMA, HUD, VA, FHLMC, etc) as appropriate. Hourly billing rates are reviewed and revised periodically as appropriate

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: The firm provides residential foreclosure and bankruptcy legal services to multiple mortgage servicers and originators including some of the entities contained in the list of entities identified in Rule 2014(a) from counsel to the Debtors. However, the firm engages in no services to such parties which would create a legal conflict of interest with the services provided to the Debtors.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are

parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $1873.61 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 5_, 2007

_____
Don H. Meinhold
Affiant

Sworn to and subscribed before me
this _5th_ day of _June_, 2007

_____
Notary Public

JENNIFER INGRAM
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 01/18/2010

EXHIBIT A

# CASTLE MEINHOLD & STAWIARSKI, LLC
Attorneys At Law

999 18th Street, Suite 2201
Denver, Colorado 80202
(303) 865-1400

## Fee Schedule Colorado and Wyoming

We follow VA/FHA/FNMA/FHLMC approved fee guidelines. Eviction fees apply where we have previously completed the foreclosure action. All others by separate agreement.

| COLORADO | Foreclosure | Deed-In-Lieu | Eviction |
|---|---|---|---|
| FHA | $850 | $400 | $275 |
| FNMA | $800 | $350 | $250 |
| FHLMC | $700 | $350 | $350-$400 |
| CONV | $800 | $350 | $350-$400 |
| VA | $800 | $225 | n/a |

| WYOMING | Foreclosure | Deed-In-Lieu | Eviction |
|---|---|---|---|
| FHA | $650 | $350 | $350 |
| FNMA | $600 | $350 | $350 |
| FHLMC/Homesteps | $700 | $250 | $400 |
| CONV/HUD | $600 | $350 | $350 |
| VA | $600 | $350 | n/a |

| BANKRUPTCY (CO/WY) | FHA | FNMA & CONV | FHLMC | VA |
|---|---|---|---|---|
| **Chapter 7** Case Analysis & Monitor only | $450 | $450 | $400 | $450 |
| **Chapter 7** Case Analysis & File Motion | $650 | $650 | $400 | $450 |
| **Chapter 13** Plan Analysis (Includes Proof of Claim and Objection to Confirmation if necessary) | $450 | $450 | $450 | $450 |
| **Chapter 13 – Subsequent action:** Motion for Relief or Dismissal (analysis previously invoiced) | +$300 | +$350 | +$250 | +$200 |
| **Chapter 13** Motion for Relief or Dismissal with simultaneous Plan Analysis | $1,000 | $800-$1000 | $700 | $650 |

**Chapter 13**
Default letter $100 (except FNMA $50)

EXHIBIT A

## **MISCELLANEOUS CHARGES**

Standard Fees for matters that fall outside the parameters of a normal foreclosure or bankruptcy which occur on a regular basis.

| | |
|---|---|
| Assignment preparation | $ 50 |
| Bankruptcy verification (each) | $ 10 |
| Certification of Note Holder | $ 50 |
| Certification of 75 day redemption period | $ 50 |
| Demand letter preparation | $125 |
| Judicial foreclosure (non-contested) | $1500 |
| Junior lien: monitor and file intent | $500 |
| Junior lien: monitor senior | $250 |
| Loan Modification preparation | $250-$500 |
| Lost Instrument Bond preparation | $100 |
| Recording documents | $ 50 |
| Repay Agreement preparation | $250 |
| Sale of Certificate of Purchase/or Note | $500 |
| Subordinate (HUD) loan preparation | $350 |
| Title clearance, tax payment, lien release | $125 |
| Vacate sale in Rule 120 action | $250 |
| HOA Superlien Process Resolution | $125 |

## **HOURLY RATES**

Hourly rates for matters that fall outside the parameters of a normal foreclosure or bankruptcy which do not occur on a regular basis (for example, non-conforming or contested issues).

| | |
|---|---|
| Attorney Time | $200 |
| Law Clerk Time | $ 90-95 |
| Paralegal Time | $ 90-95 |