## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Related Docket No. 632 |
| | : | |

## LIMITED RESPONSE OF CARRINGTON CAPITAL MANAGEMENT, LLC AND CARRINGTON MORTGAGE SERVICES, LLC TO GENERAL ELECTRIC CAPITAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Carrington Capital Management, LLC ("CCM") and Carrington Mortgage Services, LLC ("CMS", and together with CCM, "Carrington"), by and through their undersigned attorneys, respectfully submit the following limited response (the "Response") to the motion of General Electric Capital Corporation ("GECC") seeking relief from the automatic stay (the "Motion") [Docket No. 632].[1]

### BACKGROUND

1.     On May 21, 2007, this Court held a hearing to approve the sale of the Debtors' mortgage loan servicing business (the "Servicing Business") to Carrington (the "Sale Hearing"). On May 23, 2007, the Court entered an order approving the sale of the Servicing Business to Carrington (the "Sale Order") [Docket No. 844].

2.     The Sale Order requires the Debtors to reserve from the proceeds of the sale "the outstanding balance as of the Petition Date" that GECC alleges is due and owing it under the Master Security Agreement and related Promissory Notes, in an amount equal to $7,558,887.80 (the "Reserve"). *See* Sale Order at ¶ 3.  With the exception of certain objections pertaining to

---

[1]     Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.

executory contracts and unexpired leases, the Sale Order further provided that "all objections to the entry of this Sale Order, to the extent not waived or resolved, are overruled." *See id.* at ¶ 31.

<u>**RESPONSE**</u>

3.      In its Motion, GECC argues that the stay should be lifted on two alternative grounds with respect to all its collateral. Carrington submits that stay relief is not warranted with respect to the GECC assets (the "GECC Purchased Assets") to be transferred in connection with the sale of the Servicing Business, although Carrington does not oppose stay relief with respect to the other collateral that is the subject of the motion.

4.      As a threshold matter, with respect to GECC Purchased Assets, GECC faces no risk of erosion in its collateral value. For those assets, this Court already has effectively granted GECC the ideal form of adequate protection: upon the closing of the sale of the Servicing Business, the Debtors have agreed to establish the Reserve, a segregated cash account from which GECC will be entitled to receive payment of its secured claim upon the Court's determination and allowance of such claim. The cash amount in the Reserve is not simply the amount owed to GECC allocable to the GECC Purchased Assets, but instead constitutes the entire outstanding balance of GECC's alleged claims related to all its collateral. Thus, GECC's claims will be 100% cash collateralized following the closing. Based on this, Carrington submits that GECC is and will be adequately protected with respect to the GECC Purchased Assets.

5.      Moreover, Carrington notes that the Reserve was the precise form of "adequate protection," however styled, that GECC requested in order to resolve its objections at the Sale Hearing. The specific terms of the Sale Order were negotiated at length between the Debtors, the Committee, Carrington and GECC, and such order was submitted with GECC's express consent and approval. As noted above, the Sale Order expressly provided that all objections, to the

2

extent not resolved, were overruled.  Thus, the Court should not now be asked, in essence, to revisit that order.

      6.    Moreover, GECC's contention that its collateral is not necessary to a successful reorganization is factually incorrect with respect to the GECC Purchased Assets.  At the hearing to approve the bidding procedures for the sale of the Servicing Business, the Court heard uncontroverted testimony from the Debtors' lead investment banker that the sale of the Servicing Business as a whole, rather than through a piecemeal liquidation, would maximize the return to the Debtors' estates and their creditors.  Likewise, at the Sale Hearing, it was undisputed, based on evidence that the Debtors presented, that the sale of the Servicing Business to Carrington would create significant additional value for the benefit of the Debtors' estates.  If GECC were granted relief from the automatic stay and permitted to exercise remedies with respect to the GECC Purchased Assets, this could jeopardize the closing of the Sale of the Servicing Business and significantly harm the Debtors' estates and their creditors.

## CONCLUSION

WHEREFORE, Carrington respectfully requests that this Court find that GECC's interest in the Purchased Assets is adequately protected under the Sale Order and grant such further relief as may be appropriate under the circumstances.

Dated: June 7, 2007
Wilmington, Delaware

Christopher D. Loizides (Bar No. 3968)
Loizides, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Ph: (302) 654-0248
Fax: (302) 654-0728
loizides@loizides.com

- and -

MAYER, BROWN, ROWE & MAW LLP
Thomas S. Kiriakos
Sean T. Scott
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606
Ph: 312-701-8310
Fax: 312-706-8482
tkiriakos@mayerbrownrowe.com
stscott@mayerbrownrowe.com

Counsel to Carrington Mortgage Services, LLC and
Carrington Capital Management, LLC