# Exhibit A

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                             . Case No. 07-10416-KJC
                                   .
                                   .
  NEW CENTURY TRS HOLDINGS,        .
     INC., et al.,                 . 824 Market Street
                                   . Wilmington, DE  19801
                Debtors.           .
                                   . April 19, 2007
. . . . . . . . . . . . . . . . . .. 3:09 p.m.

                        TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For the Debtors:                O'Melveny & Myers LLP
                                By:  SUZZANNE UHLAND, ESQ.
                                Embarcadero Center West
                                275 Battery Street
                                San Francisco, CA  94111-3305

                                O'Melveny & Myers LLP
                                By:  BRIAN METCALF, ESQ.
                                400 South Hope Street
                                Los Angeles, CA  90071-2899

For Carrington Capital          Mayer, Brown, Rowe & Maw LLP
Management, LLC &               By:  THOMAS S. KIRIAKOS, ESQ.
Carrington Mortgage                  SEAN SCOTT, ESQ.
Services, LLC:                  71 S. Wacker
                                Chicago, Illinois 60606-4637

Audio Operator:                 Brandon McCarthy

 Proceedings recorded by electronic sound recording, transcript
             produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609) 586-2311    Fax No.  (609) 587-3599

APPEARANCES (Cont'd.)

| | |
|---|---|
| For Carrington Capital Management, LLC & Carrington Mortgage Services, LLC: | Womble Carlyle Sandridge & Rice<br>By: STEVEN K. KORTANEK, ESQ.<br>222 Delaware Avenue, 15th Floor<br>Wilmington, DE 19801 |
| For the Unsecured Creditors Committee: | Blank Rome, LLP<br>By: BONNIE GLANTZ FATELL, ESQ.<br>Chase Manhattan Centre<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801<br><br>Hahn & Hessen LLP<br>By: MARK T. POWER, ESQ.<br>488 Madison Avenue<br>14th and 15th Floor<br>New York, NY  10022 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By: JOSEPH McMAHON, ESQ.<br>844 King Street<br>Suite 2313<br>Lockbox 35<br>Wilmington, DE 19801 |
| For Kochak: | Rosenthal, Monhait, Gross & Goddess, PA.<br>By: NORMAN M. MONHAIT, ESQ.<br>919 Market Street<br>Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899 |
| For Lehman: | Weil, Gotshal & Manges LLP<br>By: ROBERT JORDAN, ESQ.<br>    JACQUELINE MARCUS, ESQ.<br>767 Fifth Avenue<br>New York, NY  10153 |
| For the Debtors: | Hennigan, Bennett & Dorman, LLP<br>By: BRUCE BENNETT, ESQ.<br>    JOSHUA D. MORSE, ESQ.<br>    BRENT TRUITT, ESQ.<br>601 South Figueroa Street<br>Suite 3300<br>Los Angeles, CA  90017 |

```
APPEARANCES (Cont'd.)

                              Richards, Layton & Finger, P.A.
                              By:  MARCOS A. RAMOS, ESQ.
                                   MARK COLLINS, ESQ.
                                   CHRISTOPHER M. SAMIS, ESQ.
                              One Rodney Square
                              920 N. King Street
                              P.O. Box 551
                              Wilmington, DE 19899

For GECC:                     Gebhardt & Smith LLP
                              By:  MIKE GALLERIZZO, ESQ.
                              401 East Pratt Street
                              Ninth Floor
                              World Trade Center
                              Baltimore, MD  21202

For Greenwich:                Kirkland & Ellis, LLP
                              By:  SHIRLEY CHO, ESQ.
                              777 South Figueroa Street
                              Los Angeles, CA  90017

For Positive Software:        Munsch Hardt Kopf & Harr
                              By:  MARK RALSTON, ESQ.
                              3800 Lincoln Plaza
                              500 N. Akard Street
                              Dallas, TX 75201-6659

                              Fox Rothschild
                              By:  ANTHONY M. SACCULLO, ESQ.
                              Citizens Bank Center, Suite 1300
                              919 North Market Street
                              Wilmington, DE

For RBC:                      Monzack and Monaco, P.A.
                              By:  RACHEL B. MERSKY, ESQ.
                                   FRANK MONACO, ESQ.
                              1201 North Orange Street
                              Suite 400
                              Wilmington, DE 19899

For Deutsche Bank National    Nixon Peabody, LLP
Trust Co.:                    By:  DENNIS J. DREBSKY, ESQ.
                              437 Madison Avenue
                              New York, NY    10022
```

4

```
APPEARANCES (Cont'd):
                              Pepper Hamilton, LLP
                              By:  DAVID B. STRATTON, ESQ.
                              Hercules Plaza
                              Suite 5100
                              1313 Market Street
                              P.O. Box 1709
                              Wilmington, DE 19899

For Premier:                  Stevens & Lee
                              By:  JOSEPH GREY, ESQ.
                                   JOSEPH HUSTON, ESQ.
                              1105 North Market Street
                              Wilmington, DE  19801

                              Bernstein & Shur
                              By:  ROBERT KEACH, ESQ.
                              100 Middle Street
                              West Tower
                              Portland, ME 04101

For Wells Fargo/C-Bass:       Hunton & Williams
                              By:  J.R. SMITH, ESQ.
                              Riverfront Plaza
                              East Tower
                              951 East Byrd Street
                              Richmond, VA 23219

                              Eckert Seamans
                              By:  MICHAEL BUSENKELL, ESQ.
                              300 Delaware Avenue
                              Suite 1210
                              Wilmington, DE  19801

For UBS:                      Ashby & Geddes
                              By:  GREGORY ALAN TAYLOR, ESQ.
                              500 Delaware Avenue
                              8th Floor
                              P.O. Box 1150
                              Wilmington, Delaware 19899

For Bank of America, N.A.:    Potter, Anderson & Corroon, LLP
                              By: LAURIE SELBER SILVERSTEIN,
                                    ESQ.
                              Hercules Plaza
                              1313 North Market Street
                              Wilmington, DE 19801
```

```
                                                          5
APPEARANCES (Cont'd.):

For Countrywide & GMAC CF:   Edwards & Angell, Palmer
                               & Dodge, LLP
                             By: WILLIAM CHAPMAN, ESQ.
                             919 North Market Street
                             Wilmington, DE  19801

For Citi Corp.:              Campbell & Levine, LLC
                             By:  MARK T. HURFORD, ESQ.
                             800 N. King Street
                             Suite 300
                             Wilmington, DE  19801

For Alaska Seaboard          Klehr, Harrison, Harvey,
Limited Partners:              Branzburg & Ellers LLP
                             By:  MICHAEL YURKEWICZ, ESQ.
                             260 South Broad Street
                             Philadelphia, PA 19102-5003

For Morgan Stanley Company:  Morris, Nichols, Arsht
                               & Tunnell LLP
                             By:  GREGORY W. WERKHEISER, ESQ.
                             Chase Manhattan Centre,
                             18th Floor
                             1201 North Market Street
                             Wilmington, DE 19899-1347

For Squire, Sanders &        Squire, Sanders & Dempsey, L.L.P.
Dempsey:                     By:  JOSEPH RODGERS, ESQ.
                             4900 Key Tower
                             127 Public Square
                             Cleveland, OH  44114

For Deutsche Bank:           Bingham McCutchen, LLP
                             By:  RICHARD AGINS, ESQ.
                             One State Street
                             Hartford, CT 06103

For Bank of America:         Kaye Scholer LLP
                             By:  NICHOLAS CREMONA, ESQ.
                             425 Park Avenue
                             New York, NY  10022

For Murray Capital           Murray Capital Management, Inc.
Management, Inc.:            By:  MARTI MURRAY
```

6

APPEARANCES (Cont'd.)

For DB Structured Products:	Young, Conaway, Stargatt & Taylor
	By:  ROBERT BRADY, ESQ.
	1000 West Street
	17th Floor
	Wilmington, DE  19801

For Washington Mutual:	Connolly Bove Lodge & Hutz
	By:  MARC PHILLIPS, ESQ.
	The Nemours Building
	1007 North Orange Street
	Wilmington, DE  19899

7

INDEX

**WITNESSES**                                                          **PAGE**
DAVID S. KURTZ
    Cross Examination by Mr. Gallerizzo                 77
    Cross Examination by Mr. Power                       79

ANTHONY MEOLA
    Cross Examination by the Court                      134
    Redirect Examination by Ms. Uhland                  135

**EXHIBIT**                                              **I.D.**     **EVD.**
UST-1     Privacy Policy                                  43           44

D-1       New Century Mortgage                           132          133
          Corporation bylaws

1  servicing business.  The majority, the vast majority of the
2  employees associated with that business are located in Santa
3  Ana, California.  Then there are also a smaller group of
4  employees that are located in Indiana.  As to how many computer
5  terminals they have, I don't know the answer to that question.
6  Q    Well, let me ask this question.  Is it -- you understand
7  the service business?  You're familiar with the service
8  business generally?
9  A    Yes.
10 Q    Is that a technology-based business?
11 A    Yes, very much so.
12 Q    To your knowledge, do those hundreds of employees all
13 utilize computers as part of their performing their --
14 A    I believe most if not all.
15 Q    And is the computers and the telephone system a crucial --
16 in your experience in this business, a crucial element of the
17 sale of that business and the way it operates?
18 A    Yeah, exactly.  It goes to the heart of what these
19 employees do.  I mean, their job is to collect, to process
20 payments that come into the door with respect to the mortgage
21 loans that they're servicing.  And most importantly, to very
22 quickly reach out to delinquent debtors with respect to
23 mortgage loans that have fallen into default.  Experience has
24 proven that the sooner one reaches out to those delinquent
25 debtors, the greater likelihood that one can restore them to

1  good standing.  And so they're -- these employees are highly
2  dependent upon the technology associated with their computers
3  and with their telephones.  They literally couldn't do their
4  jobs without it.
5  Q    Now, in connection with the debtor's operations and the
6  debtor's computer systems, are you aware that the debtor has
7  certain software on those computers that is important for the
8  servicing of those mortgage loans?
9  A    Yes.
10 Q    And now, let's do the scenario which is being proposed to
11 the Court, where basically you would permit a lot which would
12 permit the bulk of that equipment to be sold separately.  Do
13 you think -- and understanding this debtor's business and the
14 bid that Carrington made -- that we'd be able -- the debtor
15 would be able to close on this sale within the time frame of a
16 little -- we're at a month approximately, and also replace all
17 the equipment that GECC would be bidding on?
18 A    I think that would be virtually, if not impossible, if not
19 literally impossible.  I mean, if we couldn't control those
20 assets, it would be extremely harmful to our ability to realize
21 value and close this sale.  When I gave my earlier answer as to
22 whether it could be managed or not, I was assuming that a -- as
23 long as the total bid exceeded the amount of the credit bid for
24 that equipment, we could continue to control those assets.  If
25 this creates and opportunity to lose control of those assets,

Kurtz - Cross/Power                                              82

1  that within this time frame?
2  A    In a credible way it seems virtually impossible.
3  Q    So in your judgment, based on your experience, GECC's
4  credit bid is not designed to show fair market value for those
5  assets in a open noticed auction?  Was that your opinion, your
6  view?
7            MR. GALLERIZZO:  Objection, Your Honor.
8            THE COURT:  Basis?
9            MR. GALLERIZZO:  Basis is he's asking him for a legal
10 conclusion.
11           THE COURT:  Overruled.  You may answer, sir.
12 A    This doesn't strike me as having anything to do with fair
13 market value.  It seems to me this is all about tactics and
14 leverage.
15 Q    And you said previously in your testimony in response to
16 GECC's counsel that in your view GECC's protected as to the
17 fair market value of its collateral because it's liens will be
18 attached to the proceeds, will succeed the entire debt and the
19 valuation issue can be reserved, isn't that right?
20 A    I actually went one step further than that.  What I said
21 was all of their rights can be protected with regard to those
22 proceeds and ultimately determined by the Bankruptcy Court.
23 Q    So in your view, does the fact that GECC may credit bid in
24 an auction it really hasn't been noticed properly and hasn't
25 been vetted for the best possible values, does that have any

J&J COURT TRANSCRIBERS, INC.

1  reflection on what the fair market value of that collateral may
2  actually be at the end of the day?
3  A    No.
4         MR. POWER: Your Honor, no further questions.
5         THE COURT: Anyone else like to examine this witness?
6  Is there any redirect?
7         MS. UHLAND: No, Your Honor.
8         THE COURT: Thank you, sir. You may step down.
9         THE WITNESS: Thank you.
10        MS. UHLAND: Your Honor, with that, we would again
11 request the Court overrule the objection and argue that cause
12 is certainly set forth with respect to 363(k) to not permit the
13 credit bidding except as previously described as part of an
14 overall qualified bid.
15        THE COURT: All right. Is there anyone who I have
16 not yet heard from who wishes to be heard in connection with
17 this motion? I hear no response. All right.
18        This is a circumstance under which permitting the
19 relief that GECC here requests in connection with credit bid I
20 think creates more problems than it solves. I agree with Mr.
21 Kurtz. It has the strong potential to create a disorganized
22 sale and potentially to reduce the overall value of the going
23 concern that the debtor here is attempting to capture. Not
24 only that, but it would make for a destructive transition based
25 upon the testimony of Mr. Kurtz which I find credible. Yet, on

1 the other hand, GECC is fully protected with respect to the
2 value of its liens which will attach to proceeds.
3     Under these circumstances, I do find that cause
4 exists and will not permit the credit bid. Neither will I
5 require an allocation prior to the sale as requested by GECC.
6 The debtor has agreed already to provide the list of assets.
7 So that part of the objection has become moot and therefore
8 what remains of the objection is overruled for those reasons.
9     I find otherwise that with respect to the proposed
10 bidding procedures, especially in light of support of the
11 Committee and the resolution of the objection of the U.S.
12 Trustee and of others that they provide an appropriate basis to
13 frame the auction. I conclude that the breakup fee and expense
14 reimbursements specifically are of value to the estate and meet
15 the administrative expense priority required by O'Brien and in
16 part help frame the bidding and auction procedures, all to the
17 value and benefit of the estate. So I'm prepared, upon
18 submission of the appropriate order under certification
19 accompanied by a final form of APA, to approve the bidding
20 procedures.
21     Are there any questions about that ruling? All
22 right. I hear none. I'm sorry.
23     MR. GALLERIZZO: Yes, Your Honor. On the allocation
24 issue, we do plan to come back in response to the sale motion
25 and raise that issue again. Can I ask the Court to indulge us