**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., | (Jointly Administered) |
| _et al_.,[1] | |
| | Hearing Date: 6/15/2007 at 10:00 a.m. E.S.T. |
| Debtors. | Objection Deadline: 6/07/07 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO GENERAL ELECTRIC CAPITAL
CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS

Holdings, Inc., _et al_., the above-captioned debtors and debtors-in-possession (the "Debtors"), by

its co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby file this Objection to the

Motion of General Electric Capital Corporation's ("GECC") for Relief From the Automatic Stay

(the "Motion") (Docket No. 630), and in support thereof respectfully represents as follows:[2]

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Mortgage Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

## PRELIMINARY STATEMENT

1.      "If at first you don't succeed, try, try again."  This has been GECC's

mantra in the first few months of these cases as its Motion represents its third attempt before this

Court to force the Debtors' estates to immediately pay it in cash substantially more than the

value of the specific pieces of equipment that GECC alleges are part of its collateral, which the

Debtors obtained Court authority to sell, free and clear of GECC's security interest, as part of the

pending sale of the Debtors' servicing business to Carrington.  GECC previously tried to obtain a

Court order allowing it to credit bid at the auction the full amount of its claim for the equipment

being sold as part of the going-concern sale of the entire servicing business and then again to

require that its entire claim be paid in full in cash as a condition to the Court entering the order

approving the sale to Carrington.  Both times, the Court overruled GECC's objection.  Instead,

the Court ordered that GECC's alleged security interest in the equipment being sold would attach

to the sale proceeds and required the Debtors to reserve out of the sale proceeds the full amount

of GECC's alleged claim (approximately $7.5 million) pending further order of the Court

determine the parties' rights in and to such reserve.[3]  As such, any alleged interest GECC may

have in the equipment that is subject to the sale to Carrington has been adequately protected and

GECC cannot, as a matter of law, demonstrate "cause" under Bankruptcy Code §362(d)(1) for

the granting of relief from the automatic stay.  Moreover, the Court already ruled that such

equipment was necessary for the Debtors' successful sale of the servicing business as a going-

---

[3]     At the time the Court ordered that the full amount of GECC's claim be reserved since the Debtors had not yet
determined what specific pieces of equipment would be sold to Carrington.  The Debtors have now produced a
schedule identifying the specific pieces of office equipment to be sold and it appears that the equipment subject
to the proposed sale to Carrington is a small percentage of the entire amount of equipment against which GECC
alleges a security interest.  The schedule of equipment being sold to Carrington appears to involve only 17
pages of equipment out of more than 200 pages of equipment, which GECC alleges is part of its collateral.
Consequently, after the closing on the sale, the Committee intends to move to reduce substantially the amount
of the GECC Reserve to reflect a more realistic reserve for the true value of the equipment being sold.

- 2 -

concern when it found cause under Bankruptcy Code section 363(k) to deny GECC's right to credit bid its alleged claim, consequently GECC cannot satisfy the requirements for relief under Bankruptcy Code §362(d)(2)(B).

2.      With respect to all of the equipment in issue, GECC bears the burden to demonstrate cause for relief from the automatic stay.  Here, GECC plainly has not met such burden, as the Motion lacks any facts or legal argument necessary to determine whether cause exists to lift the stay, including the Debtors' alleged lack of equity in the equipment.

3.      To the extent the automatic stay should be lifted with respect to any equipment that is not the subject of the Carrington Sale, GECC's Motion to lift the stay is premature and unsubstantiated at best as some of this equipment may be needed in the continuing wind-down process of the Debtors' estate or may be needed in certain upcoming sales of the Debtors' assets.  GECC has failed to demonstrate that the value of any of the equipment is deteriorating while being held by the Debtors for a short period of time.  The Motion should, therefore, be denied.[4]

## BACKGROUND

4.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code").  The Debtors have continued in the management and operation of their businesses pursuant to Bankruptcy Code §§ 1107 and 1108, and no trustee or examiner has been appointed.

---

[4]   To the extent any of the equipment is not need by the Debtors' in the operation of the estates and is not likely to be the subject of an upcoming asset  sale, the Committee has no objection, subject to its verification that GECC has a valid and perfected security  interest in such equipment, to the Court granting GECC limited stay relief to permit it to go to the Debtors' various locations and attempt to retrieve its equipment at GECC's sole cost and expense.

877285.006-1250146.1
900200.00001/21597480v.1

5.      On April 9, 2007, the Office of the United States Trustee for the District of

Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the

Committee:  Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing

and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust

Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc.,

and Maguire Properties – Park Place, LLC.  Since its formation, the Committee has appointed

Kodiak Funding LP as an ex officio member of the Committee.  Hahn & Hessen LLP and Blank

Rome LLP were selected by the Committee to serve as its co-counsel, and FTI Consulting, Inc.

was selected by the Committee to serve as its financial advisor.

6.      On April 20, 2007, the Court entered its Order establishing bidding

procedures (the "Bidding Procedures Order") (Docket No. 340) governing the sale of the

Debtors' mortgage loan servicing business (the "Servicing Business").  Pursuant to the Bidding

Procedures Order, the Debtors conducted an auction of the Servicing Business assets on May 16,

2007 (the "Auction").

7.      At the conclusion of the Auction, the Debtors determined that Carrington

Capital Management, LLC and Carrington Capital Mortgage Services, LLC (collectively,

"Carrington") had submitted the highest and best offer for the Servicing Business assets and

declared Carrington's bid of approximately $188 million as the successful bid for such assets.

Thus, Carrington was deemed the successful bidder at the Auction.

8.      On May 23, 2007, the Court entered an order (the "Sale Order") approving

the sale of the Servicing Business assets to Carrington (the "Sale").

<u>ARGUMENT</u>

9.      Under Section 362(d)(1) of the Bankruptcy Code, the Court may grant

- 4 -

relief from the automatic stay "for cause."  The phrase  "for cause" is not defined in the

Bankruptcy Code, "leaving courts to consider what constitutes cause based on the totality of the

circumstances of each particular case."  Baldino v. Wilson (In re Wilson 116 F.3d 87, 90 (3d Cir.

1997) (citing Trident Assocs. v. Metropolitan Life Ins. Co. (In re Trident Assocs.), 52 F.3d 127

(6th Cir. 1995)).  In determining whether sufficient cause exists, this Court should consider (i)

the policies underlying the automatic stay, and (ii) the competing interests of the estate and the

movant.  American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),

152 B.R. 420, 424 (D. Del. 1993); see also In re W.R. Grace & Co., 2007 WL 1129170 (Bankr.

D. Del. 2007).

       10.     In a chapter 11 case, the automatic stay is a fundamental protection that

gives the debtor a breathing spell by maintaining the status quo to permit an effective

rehabilitation.  See  Borman v. Raymark Indus., 946 F.2d 1031, 1036 (3d Cir. 1991).  Denying

GECC relief from the automatic stay is consistent with this purpose.  In short, if the stay is

terminated, allowing GECC to repossess the equipment and, the Debtors' ability to conduct its

business as a debtor-in-possession could be greatly jeopardized.

       11.     The balance of the competing interests also strongly weighs in favor of not

lifting the automatic stay.  Here, the prejudice to GECC is minimal and GECC makes absolutely

no showing that its interest in the equipment is not adequately protected because it cannot do so.

As noted, some of the equipment is being sold as part of the Carrington Sale.  Pursuant to the

order entered previously by this Court on May 23, 2007 approving the sale of the Debtors'

Servicing Business to Carrington, the Debtors are establishing a reserve in the full amount of

GECC's alleged prepetition secured claim - a sizeable $7,558,887.80 in cash.  As set forth in the

Sale Order, there is already in place a mechanism to pay any allowed secured claim of GECC

- 5 -

related to the equipment subject to the Sale:

> The Debtors further shall reserve from the proceeds of the sale
> (i) the outstanding balance as of the Petition Date due to General
> Electric Capital Corporation ("GECC") under the Master Security
> Agreement and related promissory notes relating to the Purchased
> Assets, which balance as of the petition date totaled $7,558,887.80
> . . . Consistent with the foregoing, the Liens of GECC … shall also
> attach to the Secured Claim Reserve with the same priority,
> validity, force and effect as they now have against the Purchased
> Assets.  Such Secured Claim Reserve will otherwise remain free
> and clear of all other Liens, and shall not be the subject of any
> distributions, pending agreement of the Debtors, the Committee
> and GECC . . .  or further order of the Court.

Sale Order at ¶ 3.

12.    The reserve was provided to GECC as the method to protect any interest it

may have in any equipment that is subject to its secured financing arrangement and being sold to

Carrington.  Having received a reserve consisting of cash in the full amount of its alleged

prepetition secured claim, subject to the Carrington Sale, GECC cannot now argue that its

alleged interest in the equipment "is not adequately protected."  See e.g. 11 U.S.C. §§ 361, 363.

The Sale, as already approved by this Court, should go forward, since under these circumstances,

GECC has not demonstrated that it has suffered any harm and thus no cause exists to lift the

automatic stay as to such equipment.

13.    Additionally, the Motion must be denied because GECC has made no

effort to establish or prove the value of the equipment that is subject to their security interest,

including whether the Debtors have any equity in such equipment.  See 11 U.S.C. § 362(g)(1)

(party moving for relief from stay "has the burden of proof on the issue of the debtor's equity in

property"); see also e.g. Collier on Bankruptcy, ¶ 362.10, at p. 362-117 (15th ed. rev. 2006) (the

party moving for relief from stay "first must establish its prima facie case.  Failure to prove a

prima facie case requires denial of the requested relief.").  In the absence of providing any

evidence regarding the Debtors' equity in the equipment, GECC cannot establish it is entitled to

relief from stay under Bankruptcy Code Section 362(d)(2).  See 11 U.S.C. § 362(d)(2)(A), (B)

(relief from stay under Bankruptcy Code Section 362(d)(2) may be granted where "the debtor

does not have an equity in such property" and "such property is not necessary to an effective

reorganization").

            14.      Further, with respect to the equipment that is not the subject of the Sale,

the Debtors may not be able to effectively liquidate and continue to sell their assets without basic

office equipment such as phones, computers, printers, monitors and similar items that comprise

the Equipment.  The Debtors may need some of GECC's equipment in order to carry out

necessary business tasks, such as the continued servicing of loans as well as any additional asset

sales.  Certain of the equipment may be necessary to aid the Debtors and the Committee in the

wind-down process of the Debtors' estates.  In addition, GECC has failed to demonstrate that

any of the other equipment is currently declining in value in any way so as to justify any relief

from the automatic stay to allow them to repossess such equipment.

            15.      Lastly, the Motion is defective in that GECC seeks, as part of its Motion,

to obtain relief from the automatic stay to foreclose on certain equipment that GECC itself

alleges are the subject of true equipment leases, not security interests.  If GECC wishes to

repossess leased equipment, then its remedy is to file a motion to compel assumption or rejection

of the relevant leases under Bankruptcy Code Section 365(a), not by way of a motion for relief

from the automatic stay.  Consequently, that portion of GECC's motion with respect to the lease

equipment should be denied.[5]

         **WHEREFORE**, the Committee respectfully requests that the Court deny the

Motion in its entirety.

Dated: June 7, 2007                BLANK ROME LLP


                                */s/ Bonnie Glantz Fatell*
                                Bonnie Glantz Fatell (No. 3809)
                                David W. Carickhoff (No. 3715)
                                1201 Market Street, Suite 800
                                Wilmington, Delaware 19801
                                Telephone:    (302) 425-6400
                                Facsimile:    (302) 425-6464

                                     -and-

                                  HAHN & HESSEN LLP
                                488 Madison Avenue
                                New York, New York 10022
                                (212) 478-7200 - Telephone
                                (212) 478-7400 - Facsimile
                                Attn:   Mark T. Power
                                    Katharine G. Craner

                                Co-Counsel to the Official Committee
                                of Unsecured Creditors of New Century
                                TRS Holdings, Inc., *et al.*

---

[5]      Upon information and belief, the Debtors have been timely paying their post-petition obligations under any equipment leases, including GECC's alleged leases. The Committee reserves the right to seek the disgorgement of these payments in the event it is determine that such leases are in fact disguised financing.