IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., | : Case No. 07-10416 (KJC) |
| a Delaware Corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : Related to Docket No. ____ |
| | : |
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO JUNE 1, 2007

Upon the Application of the Examiner for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 (the "Application") dated June 8, 2007 of Michael J. Missal, the Examiner appointed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), for entry of an order authorizing the employment of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates") as counsel to the Examiner *nunc pro tunc* to June 1, 2007; and the Court having reviewed the Application and the Affidavit of Edward M. Fox Pursuant to 11 U.S.C. §§ 101(14), 327, and Fed. R. Bankr. P. 2014 in Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 (the "Fox Affidavit") and the exhibits thereto submitted in support thereof; and the Court being satisfied that (i) except as otherwise set forth in the Fox Affidavit, K&L Gates does not represent any interests adverse to the Debtors or their estates; (ii) K&L Gates and its attorneys are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code; (iii) the employment of K&L Gates is necessary and in the best interests

of the Examiner, the Debtors and their estates; (iv) adequate notice of the Application has been given to the parties designated pursuant to Local Bankruptcy Rule 2002-1; and (v) it appearing that no other or further notice of the Application need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is approved in all respects; and it is further

ORDERED that the Examiner is hereby authorized to retain K&L Gates as his counsel, effective *nunc pro tunc* to June 1, 2007, upon the terms and conditions set forth in the Application and the Fox Affidavit; and it is further

ORDERED that K&L Gates shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330, upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures established in these cases; and it is further

ORDERED that any party receiving timely and sufficient notice of the Court's consideration of the Application that has failed to file and serve a timely objection to the relief requested in the Application shall, absent good cause shown, be deemed to have consented to the relief requested by the Application; and it is further

ORDERED that this Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       June ____, 2007

SO ORDERED:

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

2