IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: June 20, 2007 at 4:00 p.m. |
| | : | Hearing Date: June 27, 2007 at 10:00 a.m. |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF

New Century TRS Holdings, Inc., a Delaware corporation, New Century Financial Corporation, a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 501 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) establishing a bar date by which all entities must file proofs of claim in these chapter 11 cases (the "General Bar Date"); (ii) establishing a bar date by which all

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

governmental units must file proofs of claim in these chapter 11 cases (the "Governmental Bar Date"); (iii) establishing the date by which all entities must file proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these chapter 11 cases (the "Rejection Bar Date") (iv) establishing the date by which all entities must file proofs of claim arising out of the Debtors' amendment of their Schedules (the "Schedules Bar Date" and together with the General Bar Date, the Governmental Bar Date and the Rejection Bar Date, the "Bar Dates"); and (vi) approving the form and manner of notice of the Bar Dates (the "Bar Dates Notice"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1134. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.  New Century Financial Corporation, a Maryland corporation ("NCF") and publicly owned real estate investment trust, is one of the largest specialty mortgage finance businesses in the United States. Through its subsidiaries and its primary holding company subsidiary, New Century TRS Holdings, Inc., a Delaware corporation, NCF originates, purchases, sells, and services mortgage loans nationwide. NCF historically focused on "subprime" lending, or lending to individuals whose borrowing needs were generally not fulfilled by traditional financial institutions because they did not satisfy the credit, documentation or other underwriting standards prescribed by conventional mortgage lenders and loan buyers. In September 2005, NCF through some of its subsidiaries also began offering conventional mortgage loans, including: "Alt-A" mortgage loans, loans insured by the Federal Housing Administration ("FHA"), and loans guaranteed by the Veterans Administration ("VA"). During the fiscal year ending December 31, 2006, the Debtors originated or purchased approximately $60 billion of mortgage loans, most of which were sold in the secondary market. Since their inception, the Debtors have issued or enabled over $220 billion in loans. These loans have

helped millions of homebuyers and homeowners across the nation access credit and realize the benefits of home ownership, including many who might not otherwise have been able to do so.

3. On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief and the Debtors' bankruptcy cases are being jointly administered pursuant to an order of the Court. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

4. By order entered on May 7, 2007, the Court authorized the sale of a pool of approximately 2,200 unencumbered mortgage loans with an unpaid balance of $173 million and mortgage-backed residual interests in securitization trusts (the "LNFA") to Ellington Management Group, L.L.C. on behalf of its Client Funds. The Court further authorized the sale of the Debtors' servicing business (the "Carrington Sale") to Carrington Mortgage Services, LLC, an affiliate of Carrington Capital Management, LLC ("Carrington") by order entered on May 23, 2007. At the closing of the Carrington Sale, Carrington will transfer the sale proceeds to the Debtors and the Debtors will enter into an agreement with Carrington to transition the servicing business. The Debtors will continue operating the servicing business in the ordinary course while it is transitioned to Carrington. The Debtors estimate that the transition period could take up to six months but may be continued upon request from Carrington from time to time. The Debtors are in the process of liquidating additional LNFA, technology and other assets of the estates.

### RELIEF REQUESTED

5. Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Pursuant to Bankruptcy Rule 3003(c)(3), the Debtors request that the Court (a) establish the Bar Dates and related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

A. **Establishment of the Bar Dates**

6.  The General Bar Date. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Except as provided below, the General Bar Date would apply to all entities holding claims[2] against the Debtors (whether secured, unsecured, priority or unsecured nonpriority) that arose prior to the Petition Date. The Debtors request that the Court establish August 31, 2007, as the General Bar Date, which shall be approximately 60 days after the date the Debtors' serve the Bar Dates Notice the ("Service Date"), such Service Date to occur as soon as practicable on or after the date of the entry of the Bar Date Order.[3]

(a) Entities That Must File Proofs of Claim by the General Bar Date. The Debtors propose that, subject to the provisions set forth herein for holders of claims subject to the Rejection Bar Date, the Governmental Bar Date and the Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

(i) any entity whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules (as defined below) or is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(ii) any entity that believes that its prepetition claim is improperly classified or is listed in an incorrect amount in the Schedules and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

(b) Entities Not Required to File Proofs of Claim by the General Bar Date. The Debtors propose that the following entities, whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

---

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[3] The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs on May 31, 2007.

4

RLF1-3162954-1

(i) any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein;

(ii) any entity (1) whose claim against a Debtor is not listed as disputed, contingent or unliquidated in the Schedules and (2) that agrees with the nature, classification and amount of its claim as identified in the Schedules;

(iii) any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(iv) any Interest Holder whose claim is based exclusively upon the ownership of an Interest (as set forth in Section C herein); and

(v) any of the Debtors that hold claims against one or more of the Debtors.

7. The Governmental Bar Date. Section 502(b)(9) of the Bankruptcy Code provides that governmental units[4] shall have at least 180 days from the Petition Date in which to file a claim. The Governmental Bar Date would apply to all governmental units holding claims against the Debtors that arose prior to the Petition Date. The Debtors request that the Court establish October 2, 2007 at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date.

8. The Rejection Bar Date. The Debtors anticipate that certain entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, unless a different deadline has previously been established by an order of this Court, for any claim relating to Debtors' rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") approved by the Court pursuant to an order, the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date and (b) 30 days after the effective date of rejection.[5]

---

[4] As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

[5] Certain contracts and leases may be assumed and assigned. Neither this Motion nor any other motion should be construed to alter the objection deadlines set forth in any assumption and assignment motion or notice or

5

9. <u>The Schedules Bar Date</u>. The Debtors propose that they retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Debtors' schedules of assets and liabilities (as they may be amended from time to time, the "Schedules") as to nature, amount, liability, classification or otherwise; (b) subsequently designate any claim as disputed, contingent or unliquidated; and (c) otherwise amend their Schedules; <u>provided, however</u>, that if one of the Debtors amends its Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against such Debtor, the affected claimant will have until the Schedules Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of the amended scheduled claim. The Debtors request that the Schedules Bar Date be established as the later of (a) the General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the Schedules, if any, is served on the claimant.[6] To the extent the Debtors further amend their Schedules relating to the claim of any creditor in accordance with Local Rule 1009-2 the Debtors shall serve notice of both the amendment and the Schedules Bar Date on such affected creditor. Notwithstanding the foregoing, nothing contained herein would preclude the Debtors from amending their Schedules in accordance with the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**B.     <u>No Requirement to File Proofs of Interest</u>**

10. The Debtors propose that any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability partnership or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before

---

to alter any order the Court has previously entered or may hereafter enter.

[6] The imposition of the Schedules Bar Date is consistent with Local Rule 1009-2, which provides a creditor with 20 days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

6

the General Bar Date; <u>provided, however,</u> that Interest Holders that wish to assert claims against any of the Debtors that arise out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in paragraph 6(b) of this Motion applies.

## C. **Effect of Failure to File Proofs of Claim**

11. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order (defined below) with respect to a particular claim against a Debtor but that fails to do so by the applicable Bar Date, should be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan of reorganization or liquidation in these chapter 11 cases in respect of an Unscheduled Claim.

## D. **Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim**

12. The Debtors propose to serve on all known entities holding potential prepetition and postpetition claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as <u>Exhibit B</u> (the "Bar Dates Notice"); and (b) a proof of claim form based upon Official Form No. 10, substantially in the form attached hereto as <u>Exhibit C</u> (the "Proof of Claim Form" and together with the Bar Dates Notice, the "Bar Dates Notice Package"). The Debtors anticipate they will serve upon all known entities holding potential prepetition Claims the Bar Dates Notice Package with in 3 business days after the entry of the Order.

13. The Bar Dates Notice states, among other things, that proofs of claim must be filed with the Debtors' court-approved claims agent, XRoads Case Management Services, LLC ("XRoads"), on or before the applicable Bar Date. As soon as practicable after the date that

7

RLF1-3162954-1

the Court enters the Bar Date Order, the Debtors intend to mail the Bar Dates Notice Package by first class United States mail, postage prepaid, to, inter alia, all known potential claimants and their counsel (if known), all parties that have requested notice in these cases, the Office of the United States Trustee, counsel to the Committee and all taxing authorities for the jurisdictions in which the Debtors conducted business. The date on which the Debtors actually serve the notice of the Bar Dates and proof of claim forms is referred to herein as the "Service Date." The Debtors have fixed the General Bar Date and the Governmental Bar Date to ensure that potential claimants receive approximately 60 days' notice of the General Bar Date and 90 days' notice of the Governmental Bar Date, which exceeds the minimum notice period provided by Bankruptcy Rule 2002(a)(7);[7] the Governmental Bar Date is also not less than 180 days from the Petition Date pursuant to Bankruptcy Code Section 502(b)(9).

14. The Debtors respectfully submit that establishing 60 days after the Service Date as the General Bar Date will provide potential claimants ample time after the mailing of the Bar Dates Notice within which to review the Schedules and compare the information contained therein with their own books and records.

15. The Proof of Claim Form mailed to potential claimants will state, along with the claimant's name, whether the entity's claim is listed in the Schedules and, if so, (a) whether the claim is listed as disputed, contingent or unliquidated, and (b) whether the entity's claim is listed as secured, unsecured or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) will also be identified on the Proof of Claim Form. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

---

[7] Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of ... the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c)...."

16.     For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d),[8] must be delivered to XRoads at the address identified on the Bar Dates Notice so as to be received no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. The Debtors propose that claimants be permitted to submit proofs of claim in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail will not be accepted</u>. Proofs of claim will be deemed filed when actually received by XRoads. If a claimant wishes to receive acknowledgement of XRoads' receipt of a proof of claim, the claimant also must submit to XRoads by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim, and (b) a self-addressed, stamped return envelope.

17.     In addition, the Debtors propose that all persons and entities asserting claims against the Debtors' estates should be required to file the Proof of Claim Forms in English and in lawful currency of the United States. If a person or entity does not specify the amount of its claim in lawful currency of the United States, the Debtors reserve the right to convert such claim to lawful currency of the United States using the applicable conversion rate as of April 2, 2007, unless the Debtors deem another date to be more appropriate.

### E.  **Filing Proofs of Claim Against Multiple Debtors; Failure to Identify a Debtor**

18.     The Debtors also propose that all entities asserting claims against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor. If entities are permitted to assert claims against more than one Debtor in a single proof of claim, XRoads may have difficulty maintaining separate claims registers for each Debtor, and the

---

[8] Bankruptcy Rule 3001(c) requires as follows:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

Debtors may be required to object to a proof of claim simply to clarify the proper Debtor liable for the amounts identified in the claim. Likewise, persons and entities should be required to identify on each proof of claim the particular Debtor against which their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in these cases. The requirement will not be unduly burdensome on claimants since those entities will know, or should know, the identity of the Debtor against which they are asserting a claim.

### F. Publication of Notice

19. In addition to those parties listed on the Debtors' Schedules or having filed a notice of appearance in these chapter 11 cases, the Debtors believe that potential claims against the Debtors may exist that the Debtors are unaware of or unable to identify. Accordingly, the Debtors believe that it is necessary to provide notice of the Bar Dates to entities whose names and addresses are unknown to the Debtors. Therefore, pursuant to Bankruptcy Rule 2002(l),[9] the Debtors request authority to publish notice of the Bar Dates, substantially in the form attached hereto as Exhibit D (the "Publication Notice"), once in the national edition of *The Wall Street Journal* and such other local publications as the Debtors deem appropriate, no less than 30 days prior to the General Bar Date.

20. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (3) the Examiner (4) the Committee, and (5) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

---

[9] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

21. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

## NO PRIOR MOTION

22. No prior motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> authorizing and establishing the Bar Dates and approving the form and manner of notice.

Dated: June 8, 2007
       Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION