**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.**, a Delaware corporation, et al.,[1] | : | Case No.: 07-10416 (KJC) |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | Re: Docket No. 1064 |
| | : | |
| | : | Objection Deadline: June 15, 2007 @ 4:00 p.m. |
| | : | Hearing Date: June 21, 2007 @ 2:00 p.m. |

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO MOTION FOR ORDER APPROVING THE SALE OF CERTAIN TECHNOLOGY ASSETS**

General Electric Capital Corporation, by its undersigned counsel, hereby files this objection to the Motion for Order Approving the Sale of Certain Technology Assets ("Motion"). For the reasons set forth below, the Debtors' Motion should be denied.

**I.   DISCUSSION**

Pursuant to, among other things, a Master Security Agreement dated as of February 18, 2004, as amended, and various recorded financing statements, General Electric Capital Corporation ("GE") is a secured creditor of certain of the Debtors in these cases including New Century Mortgage Corporation ("New Century Mortgage"), New Century Financial Corporation ("New Century Financial") and New Century TRS Holdings, Inc. ("New Century TRS"). GE's

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

secured status arises out of certain loans GE extended to the above-described Debtors, which loans are secured by certain of the assets of those Debtors.

GE is also a lease creditor of the Debtors New Century Financial, New Century Mortgage and Home 123 Corporation. The lease transactions between GE and those Debtors are evidenced by and otherwise documented pursuant to certain master lease agreements, various schedules thereto and various other documents. Pursuant to such lease documentation, GE is leasing certain equipment to New Century Mortgage, New Century Financial and Home 123 Corporation.

As a secured creditor and lease creditor of the above-described Debtors, GE has standing to file this Objection. Furthermore, GE has a significant interest in assuring that it is fully and completely protected in connection with any attempt by the Debtors to sell or otherwise use the assets that are pledged as collateral to GE or that are being leased by GE to any of the Debtors. The Motion and the relief sought therein fail to provide such protections to GE. Furthermore, the Motion is both procedurally and legally deficient for the various reasons set forth below. Accordingly, for these reasons and the reasons set forth below, the Motion should be denied.

The Motion is initially deficient because it fails to adequately describe the specific equipment and other personal property which Debtors propose to sell as part of the sale of the Technology Assets described in the Motion. See <u>Bankruptcy Rule</u> 2002(c)(2) (requiring that notices of proposed sale of property describe the property to be sold.) The Debtors simply state on p. 5 of the Motion that the Technology Assets also include "the network hardware for the data center . . ., hardware used in the operation of the data center . . . and office furniture located at the data centers in California and Illinois." No further descriptions or information as to the equipment to be sold are included in the Motion except the Debtors' statement that they "do not believe any equipment that will be sold as part of the Technology Assets is financed or leased from any party." Motion p. 5, fn. 4. Some or all of these assets may serve as collateral

for the obligations due and owing to GE by New Century Mortgage, New Century Financial or New Century TRS or may be assets which GE is leasing to New Century Mortgage, New Century Financial or Home 123 Corporation.  GE is unable to discern from the Motion what tangible assets the Debtors are attempting to sell to any buyer of the Technology Assets.  The Debtors must know what these tangible assets are.  It would thus be no burden on the Debtors to identify such assets so that GE will know if it is the Debtors' intention to sell GE's collateral or leased assets as part of this sale.  Because GE cannot discern from the Motion what, if any, of its collateral or the leased assets are to be sold by the Debtors, the Motion is objectionable for that reason alone and, therefore, should be denied.

The Motion is also objectionable because it proposes a sale without requiring that prior to the deadline for creditors to object to such sale, there be an allocation of the proceeds from the sale to the assets sold.  In short, secured creditors will be left following the sale to guess how much their collateral will be sold for and how much they can expect to receive from the sale transaction.  This Court should not and cannot permit the sale process to commence where the Debtors do not afford each of the secured creditors, prior to the deadline to object to the sale, specific and detailed information as to the dollar amount they will receive from the sale so that each such creditor can make its own determination prior to the deadline to object to the sale whether or not the proposed dollar amount to be remitted to it is fair and reasonable.  See Mission Iowa Wind Co. v. Enron Corp., 291 B.R.39 (S.D.N.Y. 2003) (Court requiring allocation hearing prior to closing of the sale); see also, matter of WPRV-TV, Inc., 143 B.R. 315, 317 (D. Puerto Rico 1991), vacated on other grounds at 165 B.R. 1 (1992) (motion to sell provided for allocation of sale proceeds to secured creditor for its pieces of equipment collateral being sold). The failure of the Motion to ensure that this critical information is provided to creditors renders the Motion objectionable and the Motion, therefore, should be denied.

The Motion is also objectionable because the bidding procedures provided for therein effectively negate GE's credit bid rights under Section 363 (k) of the Bankruptcy Code.  The

bidding procedures proposed by the Debtors require a cash deposit equal to 10% of the bid amount. By structuring the bidding procedures in this manner, GE is not allowed an effective way to exercise its credit bid rights. This is not permissible under Section 363 (k) of the Bankruptcy Code absent a showing of "good cause" which the Debtors have not made in their Motion. 11 U.S.C. § 363(k); See also, Cohen v. KB Mezzanine Fund II, LP, et al (In re Submicron Systems Corp.), 432 F.3d 448, 459 (3d Cir. 2006) (permitting credit bid at full face value of secured claim over plan administrator's objection).

Finally, since GE does not consent to the Motion or the relief sought therein in their present form, the sale transaction proposed by the Debtors cannot pass muster under § 363(f) of the Bankruptcy Code and, therefore, the Motion should be denied. See In re WDH Howell, LLC, 298 B.R. 527, 534 (D.N.J. 2003) (where the lender objected to the sale, the court held that the debtor could not sell property for less than aggregate face value of the lender's secured claim); see also In re Kellstrom Industries, Inc., 282 B.R. 787, 793-94, FN. 5 (Bankr. D. Del. 2002) (even if the vendor's interest could be considered a "lien" for purposes of § 363(f)(3), the sale price was insufficient to cover the face value of the creditor claims).

## II. CONCLUSION

For the reasons set forth herein, GE respectfully requests that this Court deny the Debtors' Motion.

/s/ Michael G. Gallerizzo
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware  19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation