IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Obj Deadline: 6/18/07 |
| | : | Cmt. Obj. Deadline: 6/25/07 |
| | : | |

**NOTICE OF PROPOSED SALE OF
ASSETS BY DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO MISCELLANEOUS ASSET SALE PROCEDURES**

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to the Order Pursuant to Bankruptcy Code Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 16, 2007 [Docket No. 704] (the "Sale Order"), propose to sell certain assets (the "Assets") to Delivery Specialist, Inc. (the "Purchaser") pursuant to an agreement entered into as of June 7, 2007, (the "Purchase Agreement"). A copy of the Purchase Agreement is annexed hereto as

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Exhibit A. This Notice is being provided in accordance with, and sets forth the information required under, the Sale Order.

<span style="text-decoration: underline;">Description of the Assets</span>. As more fully detailed on Exhibit B to the Purchase Agreement, the Assets consist of furniture assets. The Assets are the property of Home123 Corporation, one of the Debtors in the above-captioned cases, and are located in 2000 RiverEdge Parkway, Suite 870, Sandy Springs, GA 30328. The approximate value of the Assets, as set forth in the Debtors' books and records, is $46,233. The purchase price (the "Purchase Price") for the Assets is $4,000. The Debtors are not aware of any appraisal or other indicia of value with respect to the Assets.

<span style="text-decoration: underline;">Allocation of Purchase Price</span>. The Purchase Price for the Assets is allocated as set forth on Exhibit B hereto.

<span style="text-decoration: underline;">Liens on and Other Interests in the Assets</span>. To the extent that any party has liens on or interests in the Assets, such information is set forth in Exhibit B to the Purchase Agreement. To the extent any party has liens on or interests in the Assets, the Debtors believe that all such liens or interests would be subject to money satisfaction in accordance with section 363(f)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and/or that such lienholders consent to the proposed sale.

<span style="text-decoration: underline;">Economic Terms and Conditions of the Proposed Miscellaneous Asset Sale</span>. The Debtors propose to sell the Assets to Purchaser "as is - where is," without warranty, representation or recourse back to estates; provided, however, that Purchaser will take title to the Assets free and clear of all liens, claims, encumbrances and other interests therein, pursuant to section 363(f) of the Bankruptcy Code (the "Miscellaneous Asset Sale"). The terms and conditions of the proposed Miscellaneous Asset Sale are set forth in the Purchase Agreement.

RLF1-3163101-1

Procedures to Object to the Proposed Miscellaneous Asset Sale. Any objection to the proposed Miscellaneous Asset Sale (an "Objection") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before **June 18, 2007** (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; and (e) the Office of the United States Trustee for the District of Delaware (the "Interested Parties"). The objection deadline for the Committee shall be **June 25, 2007** (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no Objections are filed with the Bankruptcy Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the Miscellaneous Asset Sale in accordance with the terms of the Sale Order.

If an Objection is timely filed and served, then (a) the Objection shall be deemed to be a request for a hearing on the Miscellaneous Asset Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection, and (b) the Miscellaneous Asset Sale may not proceed absent written withdrawal of the Objection or entry of an order by the Court approving the Miscellaneous Asset Sale.

RLF1-3163101-1

| | |
|---|---|
| Dated: June 11, 2007<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Christopher M. Samis*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marcos A. Ramos (No. 4450)<br>Christopher M. Samis (No. 4909)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br><br>-and-<br><br>Suzzanne S. Uhland<br>Ben H. Logan<br>Victoria Newmark<br>Emily R. Culler<br>O'MELVENY & MYERS LLP<br>275 Battery Street<br>San Francisco, California  94111<br>(415) 984-8700<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |