Loan Number: 0092623503 - 7359

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

September 21, 2004                    Orange                              CA
Date                                  City                                State

48 Courtland Lane, Willingboro, NJ 08046
Property Address

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ **192,500.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **Ameriquest Mortgage Company.**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **8.990 %**. This interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**
   **(A) Time and Place of Payments**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on **November 1, 2004**.
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **October 1, 2034**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my payments at:    **505 City Parkway West, Suite 100, Orange, CA 92868**

   or at a different place if required by the Note Holder.
   **(B) Amount of My Initial Monthly Payments**
   Each of my initial monthly payments will be in the amount of U.S. $ **1,547.52**. This amount may change.
   **(C) Monthly Payment Changes**
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Dates**
   The interest rate I will pay may change on the first day of, **October, 2006** and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   **(B) The Index**
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."
   If at any point in time the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
   **(C) Calculation of Changes**
   Before each Change Date, the Note Holder will calculate my new interest rate by adding **six and one-half** percentage point(s) **(6.500%)** to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percent (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.



Initials:

Loan Number: 0092623503 - 7359

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **10.990** % or less than **8.990%**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) **1.000%**) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **14.990** % or less than **8.990** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. PREPAYMENT PRIVILEGE**

I may repay all or any part of the principal balance of this Note in accordance with the terms of this Section without incurring a prepayment charge. A "prepayment" is any amount that I pay in excess of my regularly scheduled payments of principal and interest that the Lender will apply to reduce the outstanding principal balance on this Note in accordance with this Section.

**(A) Application of Funds**

I agree that when I indicate in writing that I am making a prepayment, the Lender shall apply funds it receives in accordance with the order of application of payments set forth in Section 2 of the Security Instrument.

**(B) Monthly Payments**

If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and Security Instrument, my regularly scheduled payments of principal and interest will not change as a result.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payment**

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.



0000009262350303005903G2

201-2UNIV (Rev. 07/03)

Initials: RPJ

09/21/2004 1:25:55 PM

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonable determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition of Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Oral agreements, promises or commitments to lend money, extend credit, or forbear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. This written agreement contains all the terms the Borrower(s) and the Lender have agreed to. Any subsequent agreement between us regarding this Note or the instrument which secures this Note, must be in a signed writing to be legally enforceable.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Robert Presley  9/21/04_____(Seal)     _____(Seal)
Borrower   Robert Presley, Jr.                          Borrower

_____(Seal)     _____(Seal)
Borrower                                                Borrower


0000009262350303000590303

201-3UNIV (Rev 07/03)              3 of 3                       09/21/2004 1:25:55 PM