IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,**[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Proposed Hearing Date: 6/27/07 at 10:00 a.m. |
| | Proposed Objection Deadline: 6/22/07 at 4:00 p.m. |
| | Re: Docket No. 1210 |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER (A) APPROVING SUPPLEMENT NO. 1 TO THE ASSET PURCHASE AGREEMENT BY AND AMONG NEW CENTURY FINANCIAL CORPORATION AND CERTAIN SUBSIDIARIES AND ELLINGTON MANAGEMENT GROUP, L.L.C. ON BEHALF OF ITS CLIENT FUNDS, (B) AUTHORIZING SALE OF CERTAIN LOANS TO PURCHASER OR ITS DESIGNEE(S), FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (C) GRANTING RELATED RELIEF**

New Century TRS Holdings, Inc., a Delaware corporation, New Century Financial Corporation, a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") the Court for an order pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shortening the notice and objection periods (the "Motion to Shorten") for the Motion of Debtors and Debtors in Possession for an Order (A) Approving Supplement No. 1 to the Asset Purchase Agreement by and Among New Century Financial Corporation and Certain of its Subsidiaries and Ellington Management Group, L.L.C. on Behalf of its Client Funds, (B) Authorizing the Sale of Certain Loans to Purchaser or its Designee(s) Free and Clear of All Liens, Claims and Encumbrances and Interests and (C) Granting Related Relief [Docket No. 1210] (the "Underlying Motion").  A copy of the Underlying Motion is attached hereto as Exhibit A.  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

**Relief Requested**

1.     The Debtors respectfully request that the Court enter an order permitting the Underlying Motion to be heard on June 27, 2007 at 10:00 a.m. (EDT) and establishing the objection deadline for the Underlying Motion as June 22, 2007 at 4:00 p.m. (EDT).  The Debtors intend to provide notice of the Underlying Motion via overnight mail to the Applicable Parties (as defined at ¶ 4 below) on June 13, 2007, thus granting such parties at least fourteen (14) days notice of the Hearing.

2.     Bankruptcy Rule 2002(a)(2), read in conjunction with Rule 9006-1(e) of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requires that a motion proposing the use, sale or lease of property of the estate other than in the ordinary course of business be filed and served at least twenty (20) days prior to the proposed hearing date unless the Court for cause shown shortens the time or directs another method of giving notice.  Additionally, Local Rule 9006-1(c) provides

2

that objection deadlines be set at least five (5) business days before a hearing date. The Debtors submit that allowing parties-in-interest additional time in which to object to the relief requested in the Underlying Motion is warranted given the shortened notice of the Hearing. Accordingly, the Debtors respectfully submit that the parties-in-interest will not be prejudiced by the dates proposed herein.

3. The Debtors believe it is critical that the Court shorten the notice and objection periods for the Underlying Motion in order to maximize the value realized from the sale of the LFNA.[2] The prompt sale of the LNFA presents the best opportunity to maximize the value of the LNFA Mortgage Assets for the estates. It is highly likely that a decline in the value of the LNFA Mortgage Assets will occur due to additional defaults and foreclosures on subprime loans. Further, the Underlying Motion is merely supplementing the prior sale of certain LFNA to Ellington.

4. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to the Examiner; (3) counsel to Greenwich Capital Financial Products, Inc. and The CIT Group/Business Credit, Inc., the Debtors post-petition senior secured lenders; (4) counsel to the Official Committee of Unsecured Creditors; (5) all of the parties that have filed UCC-1 financing statements against the Debtors; (6) the Internal Revenue Service; and (7) all parties entitled to notice under Local Rule 2002-1(b) (collectively, the "Applicable Parties"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Underlying Motion.

3

RLF1-3164417-1

5. WHEREFORE, the Debtors respectfully request the entry of an order in the form appended hereto as Exhibit B: (i) permitting the Underlying Motion to be heard on June 27, 2007 at 10:00 a.m. (EDT); (ii) establishing the objection deadline for the Underlying Motion as June 22, 2007 at 4:00 p.m. (EDT); and (iii) granting such other and further relief as may be just and proper.

Dated: June 12, 2007
      Wilmington, Delaware

Respectfully submitted,

/s/ Christopher M. Samis
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

4

RLF1-3164417-1