UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : |  |
|  |  | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: June 15, 2007 at 10:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GRANT THORNTON LLP AS TAX ACCOUNTANT TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2014, 2016 AND 5002
<u>(DOCKET ENTRY # 515)</u>**

In support of her objection to the Debtors' application for an order authorizing the retention and employment of Grant Thornton LLP ("Grant Thornton") as tax accountant to the Debtors nunc pro tunc to the Petition Date (defined below) pursuant to sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

**INTRODUCTION**

1.Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2.Under 28 U.S.C. § 586(a)(3)(I), the UST is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4.On April 2, 2007 (the "Petition Date"), the Debtors filed the petitions which initiated the above-referenced cases.

5.A chapter 11 trustee has not been appointed in these cases. On June 7, 2007, this Court entered an order approving the appointment of Michael J. Missal, Esquire as Examiner in these cases.

6.The U.S. Trustee objects to the Application on the following grounds:

(a.)In the Application and the accompanying affidavit of Don W. Dahl in support of

the Application, Grant Thornton does not provide payment detail for the $943,250 it received from the Debtors in the ninety days prior to the Petition Date. Appl. ¶ 22; Dahl Aff. ¶ 27. The U.S. Trustee requested, and Grant Thornton provided, supplemental payment detail. A copy of the spreadsheet which details the payments received by Grant Thornton from the Debtors during the ninety days prior to the Petition Date is attached as Exhibit A. The $6,770 payment relating to the 10/31/06 invoice is a voidable preferential transfer under 11 U.S.C. § 547 that affects whether Grant Thornton is eligible for employment in the above-captioned cases. *See In re Pillowtex, Inc.*, 304 F.3d 246 (3d Cir. 2002); *United States Trustee v. First Jersey Securities, Inc. (In re First Jersey Securities, Inc.)*, 180 F.3d 504 (3d Cir. 1999). The U.S. Trustee has requested that Grant Thornton pay $6,770 to the Debtors' estates and waive any pre-petition claim relating to the invoice to address this point.[2] Further, Exhibit A should be filed by Dahl (or a person employed by Grant Thornton with knowledge of its contents) as part of a supplemental affidavit.

(b.)   The May 1, 2007 engagement letters for both the Tax Consulting and Tax Compliance services have riders containing so-called "standard engagement terms." Paragraphs Two of both engagement letters contain business risk allocation, limitation of liability, indemnity and limitations period protections. Initially, this Court has previously held that an accountant providing routine compliance services is not entitled to indemnification or limitation of liability protections. *See In re United Cos. Fin. Corp.*, 241 B.R. 521 (Bankr. D. Del. 1999) (Walrath, J.); *In re Dailey Int'l*, No. 99-1233 (Bankr. D. Del. July 1, 1999) (Walsh, J.). The *Dailey International* opinion is attached as Exhibit B.

---

[2] This request is in addition to Grant Thornton's voluntary commitment to waive its pre-petition claim of $10,800. Appl. ¶ 22.

Specifically, in *Dailey*, Judge Walsh expressly disfavored granting indemnification and limitation of liability for routine accounting services. In *Dailey*, Judge Walsh found objectionable a number of provisions of Ernst & Young's ("E&Y") proposed retention agreement, including "Risk Allocation Provisions" that contained an indemnity provision similar to that which Grant Thornton seeks in this case. Judge Walsh found that this term was "not [an] appropriate term[] and condition[] for the retention of professionals in bankruptcy." Ex. B at 8. Crucially, Judge Walsh (a) distinguished the E&Y retention from investment banker/financial advisor retentions, *see id.* at 11-12; (b) specifically disapproved of a disclaimer of all consequential, special, incidental or punitive damages regardless of the nature of the claim asserted, *see id.* at 12; and (c) *expressly found that carving gross negligence and willful misconduct out of the indemnification was not adequate to address the infirmities in the relief sought*, *see id.* at 16-17. Judge Walsh also noted that the services for which E&Y sought these protections appeared to be "rather conventional outside accountant's services." *See id.* at 16. Accordingly, the U.S. Trustee objects to the Debtors' request to provide Grant Thornton with business risk allocation, limitation of liability, indemnification or limitations period protections for the Tax Compliance Services.

With regard to the Tax Consulting Services, while the U.S. Trustee is not opposed to the Debtors indemnifying Grant Thornton for those services subject to the standard "Planet Hollywood" language (including a carve-out for breach of contract pursuant to the decision of the United States Court of Appeals for the Third Circuit in *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003)), the U.S. Trustee objects to the business risk allocation, limitation of liability and limitations period protections as being inconsistent with this Court's rulings in *Dailey International* and *United Companies*.

(c.)    The "Dispute Resolution Procedure" detailed in the "standard engagement terms" of both letters is inconsistent with this Court's determination in *United Companies* that it should have primary jurisdiction over all disputes relating to an estate professional's employment and compensation. The engagement terms should be modified accordingly.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

                                      Respectfully submitted,

                                      **KELLY BEAUDIN STAPLETON**
                                      **UNITED STATES TRUSTEE**

                               **BY:**  /s/ Joseph J. McMahon, Jr.
                                      Joseph J. McMahon, Jr., Esquire (# 4819)
                                      Trial Attorney
                                      United States Department of Justice
                                      Office of the United States Trustee
                                      J. Caleb Boggs Federal Building
                                      844 King Street, Room 2207, Lockbox 35
                                      Wilmington, DE  19801
                                      (302) 573-6491
                                      (302) 573-6497 (Fax)

Date:  June 13, 2007