UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | : Chapter 11 |
|  | : |
| NEW CENTURY TRS HOLDINGS,<br>  INC., a Delaware corporation, *et al.*,[1] | : |
|  | : Case Number 07-10416 (KJC) |
| Debtors. | : (Jointly Administered) |

Hearing Date: June 15, 2007 at 10:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS'
APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF
ICP CONSULTING LLC AS SPECIAL ASSET VALUATION AND LIQUIDATION
ADVISORS TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE
PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE
(DOCKET ENTRY # 516)**

In support of her objection to the Debtors' application for an order authorizing the employment of ICP Consulting LLC as special asset valuation and liquidation advisors to the Detbors nunc pro tunc to the Petition Date (defined below) pursuant to sections 327(a) and 328 of the Bankruptcy Code (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2.      Under 28 U.S.C. § 586(a)(3)(I), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

*Background*

4.      On April 2, 2007 (the "Petition Date"), the Debtors filed the petitions which initiated the above-referenced cases.

5.      A chapter 11 trustee has not been appointed in these cases. On June 7, 2007, this Court entered an order approving the appointment of Michael J. Missal, Esquire as Examiner in these cases.

6.      The U.S. Trustee objects to the Application on the following grounds:

(a.)  The Debtors seek to pay ICP $250,000 for providing services described in the Paragraph 14 of the Application as follows:

- advising the Debtors on the value and disposition of the REIT (Real Estate Investment Trust) and non-REIT eligible residual securities held by the Debtors; and

- advising the Debtors on the value and disposition of its loan origination business and, upon request, loan servicing business.

It is unclear why the proposed employment of ICP is necessary. In their prior application to employ Lazard Freres & Co LLC ("Lazard") as investment banker (Docket Entry # 123), the Debtors made no suggestion that Lazard's services (which expressly includes sale-related advice) were in any way incomplete and/or that the Debtors would need to supplement Lazard's services with the services of a second advisor in order to adequately market the Debtors' assets and achieve the best results possible for the Debtors' estates. Indeed, given the substantial compensation which the Debtors propose to pay Lazard pursuant to the firm's retention order, it is reasonable to conclude that Lazard was more than capable of marketing the Debtors' assets (and achieving the results obtained) without any outside assistance.

(b.)  Pursuant to the Engagement Agreement, the Debtors seek approval of broad limitation of liability and indemnity provisions which are inconsistent with applicable law. *See United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003); *In re United Cos. Fin. Corp.*, 241 B.R. 521 (Bankr. D. Del. 1999) (Walrath, J.); *In re Dailey Int'l*, No. 99-1233 (Bankr. D. Del. July 1, 1999) (Walsh, J.). Any indemnity award should be subject to the standard "Planet Hollywood" language (including a carve-out for breach of contract pursuant to the decision of the United States Court of Appeals for the Third Circuit in *United Artists*). The

limitation of liability provisions contained in both the "Limitation of Liability" and "Risk Allocation" sections of the Engagement Agreement should be struck from the Agreement.

(c.)     Paragraph Four of the proposed form of order should have the following language inserted at the beginning of the paragraph: "Notwithstanding anything in the Application or the Engagement Agreement to the contrary, including the 'Compensation' section of the Engagement Agreement and the Schedules to the Engagement Agreement, . . . ." The "Compensation" section of the Engagement Agreement provides that "[o]nce paid, the fees will not be refundable." Clearly, any suggestion that ICP's are non-refundable is inconsistent with both (i) the interim and final review of ICP's compensation and reimbursement contemplated by Paragraph Four of the proposed form of order and (ii) 11 U.S.C. § 328(c).

(d.)     In Paragraph Five of the proposed form of order, the Debtors seek to grant ICP "a waiver of the information requirements of Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h)." It is unclear whether the Debtors are seeking to authorize ICP to submit a fee application without any supporting time records; in Paragraph 5 of the affidavit of Thomas Priore in support of the Application, ICP states that it does not keep time in 1/10-hour increments and is seeking to be paid on a flat-fee basis. Accordingly, the Debtors seek to grant ICP a waiver of the requirements of Local Rule 2016-2(d). The U.S. Trustee objects to the Debtors' request to relieve ICP of the information requirements of Local Rule 2016-2(d).

**[Continued on next page – space intentionally left blank]**

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**

        **BY:** /s/ Joseph J. McMahon, Jr.
             Joseph J. McMahon, Jr., Esquire (# 4819)
             Trial Attorney
             United States Department of Justice
             Office of the United States Trustee
             J. Caleb Boggs Federal Building
             844 King Street, Room 2207, Lockbox 35
             Wilmington, DE  19801
             (302) 573-6491
             (302) 573-6497 (Fax)

Date:  June 13, 2007