IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket Nos. 490, 496, 514, 641 & 741 |

**OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO CERTAIN OF THE DEBTORS'
APPLICATIONS SEEKING EMPLOYMENT AND RETENTION OF
VARIOUS PROFESSIONALS PURSUANT TO 11 U.S.C. § 327(e)**

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS

Holdings, Inc., *et al.* (the "Debtors"), by its co-counsel, Hahn & Hessen LLP and Blank Rome

LLP, hereby files this omnibus objection (the "Omnibus Objection") to the Debtors' applications

(collectively, the "Retention Applications") seeking to retain and employ the following

professionals: (i) Sheppard, Mullin Richter & Hampton LLP as special corporate and litigation

counsel (D.I. 490), (ii) Manatt, Phelps & Phillips, LLP as special securitization counsel (D.I.

496), (iii) Allen Matkins Leck Gamble Mallory & Natsis LLP as special counsel (D.I. 514),

(iv) Irell & Manella LLP as special litigation, employee benefits and insurance counsel (D.I.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

641), and (v) Howrey LLP as special outside counsel to the special investigation committee of NCF (D.I. 741) (collectively, the "Special Counsel"), and respectfully states as follows:

## PRELIMINARY STATEMENT

While the Committee is cognizant that prepetition the Debtors were in a regulated industry with complex operations that required significant legal services, the Debtors' circumstances have changed dramatically since they have filed for bankruptcy. Presently, the Debtors are liquidating substantially all of their assets and winding-up their affairs. Despite the imminent liquidation, the Debtors are seeking to retain and employ not less than seventeen sets of professionals in these chapter 11 cases to perform various services for the Debtors.[2]

The Committee has been working diligently with the Debtors to better understand the specific scope of services to be provided by the various proposed special counsel, the services that remain to be performed, and an estimated cost of such remaining services. The Committee and the Debtors have had various teleconferences to address these issues and the Debtors were to provide the Committee with a statement providing the specific scope of services to be provided by the various proposed special counsel, the services that remain to be performed, and an estimated cost of such remaining services. The Committee has not yet received this information and its deadline to file an objection could not be extended beyond June 13 at 12:00 p.m. Accordingly, the Committee files this omnibus objection to reserve its rights with respect to the pending retention applications referenced herein.

---

[2] The seventeen sets of professionals are in addition to the multitude of ordinary course professionals currently performing services for the Debtors.

**BACKGROUND**

1.      On April 2, 2007 (the "Petition Date"), the Debtors commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which Chapter 11 Cases are being jointly administered pursuant to an order of this Court.  The Debtors are continuing their businesses and managing their affairs as debtors and debtors in possession.

2.      On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors (the "Committee"): Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., and Maguire Properties – Park Place, LLC.  Since its formation, the Committee has appointed Kodiak Funding LP as an *ex officio* member of the Committee.

3.      Hahn & Hessen LLP and Blank Rome LLP were selected by the Committee to serve as co-counsel to the Committee, and FTI Consulting, Inc. was selected by the Committee to serve as financial advisor to the Committee.

4.      Since the Petition Date, the Debtors have sought to retain numerous professionals to assist and advise the Debtors on various matters throughout the course of these Chapter 11 Cases.  More specifically, the Debtors have retained (i) Richards, Layton & Finger, P.A. as bankruptcy co-counsel, (ii) O'Melveny & Meyers LLP as bankruptcy co-counsel, (iii) Lazard Freres & Co. as financial advisor, (iv) Hennigan, Bennett & Dormann LLP as special litigation counsel, (v) Compensation Design Group, Inc. as compensation specialist, and (vi) XRoads Case

Management Services, LLC as claims and noticing agent, which retentions have already been approved by this Court.

5. Additionally, the Debtors have filed other retention applications currently pending before this Court, seeking to retain: (i) Sheppard, Mullin Richter & Hampton LLP ("Sheppard Mullin") as special corporate and litigation counsel (D.I. 490), (ii) Heller Ehrman LLP as special counsel to the audit subcommittee of New Century Financial Corp. ("NCF") (D.I. 495), (iii) Manatt, Phelps & Phillips, LLP ("Manatt Phelps") as special securitization counsel (D.I. 496), (iv) AP Services, LLC as crisis managers, (v) PricewaterhouseCoopers, LLP as accountants, (vi) Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") as special counsel, (vii) Grant Thornton LLP as tax accountant, (viii) ICP Consulting LLC as valuation and liquidation advisors, (ix) Irell & Manella LLP as special litigation, employee benefits and insurance counsel, (x) Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") as special regulatory counsel, and (xi) Howrey LLP as special outside counsel to the special investigation committee of NCF.

6. Below is a chart of the various attorneys that the Debtors have retained or are seeking to retain in the Chapter 11 Cases.

| Professional | Stated Area of Expertise | Proposed Scope of Services |
| --- | --- | --- |
| Richards, Layton & Finger, P.A. (Docket No. 118) (Order approving retention at Docket No. 392) | Debtors' and creditors' rights, business reorganizations and liquidations under chapter 11. | (i) advising Debtors of their rights, powers and duties as debtors and debtors in possession; (ii) taking all necessary action to protect and preserve the Debtors' estates; (iii) preparing all necessary motions and other filings in connection with the chapter 11 cases; and (iv) performing all other necessary legal services in connection with the chapter 11 cases |

| Professional | Stated Area of Expertise | Proposed Scope of Services |
|---|---|---|
| O'Melveny & Myers LLP (Docket No. 137) (Order approving retention at Docket No. 567) | Corporate and securities, litigation, intellectual property, banking, tax, employee benefits, real estate, government relations, and international trade.  Previously represented Debtors as its general outside corporate counsel, including securities, and mergers and acquisition work as well as employee benefits and other transactional matters | In addition to providing general bankruptcy services:  (i) representing Debtors in pending government investigation; (ii) **serving as Debtors' general outside corporate counsel**, assisting, advising and representing Debtors in general corporate and securities law matters, SEC compliance matters, corporate governance matters, contract review and preparation of corporate documentation, and transactional and corporate law assistance with respect to asset dispositions; (iii) representing Debtors in connection with **employee benefits** and outsourcing matters |
| Hennigan, Bennett & Dorman LLP (Docket No. 172) (Order approving retention at Docket No. 568) | General litigation matters, including litigation dealing with true sale issues arising in connection with certain financing transactions. | Ordinary and necessary legal services, as may be required, in connection with: (i) UBS Adversary Proceeding, including requests by UBS for a temporary restraining order and preliminary injunctive relief; (ii) representation in other bankruptcy and/or commercial litigation matters in this Court or other courts; (iii) providing such other advice and representation as may be necessary or appropriate in these chapter 11 cases relating to the foregoing |
| Sheppard, Mullin, Richter & Hampton LLP (Docket No. 490) | General and specialized corporate advice, representing mortgage companies involved in the creation and distribution of financial products and financial services, executive compensation and regulatory compliance matters, internet and e-commerce arrangements, various forms of debt and equity offerings, strategic alliances and partnerships, merger and acquisitions, and defense of employment and benefit related class action suits. | Representing Debtors and non-Debtor New Century Warehouse in: (i) labor and employment matters, <u>specifically</u> the defense of the *Rubio* litigation; (ii) corporate governance and SEC matters; (iii) **regulatory matters**, and (iv) mergers and acquisitions, and assets sales, <u>including</u> the pending sale by New Century Warehouse to sell substantially all of its assets. |

| Professional | Stated Area of Expertise | Proposed Scope of Services |
|---|---|---|
| Heller Ehrman LLP (Docket No. 495) | Corporate, business restructuring and insolvency, trial and appellate litigation, intellectual property, banking, tax, labor and employment, international trade, securities law, regulatory and financial matters, and special investigations. | Special counsel to Audit Subcommittee, conducting an independent investigation of:  (i) certain accounting matters giving rise to NCF's need to restate its 2006 interim financial statements and its valuation of residual interests in securitizations, and (ii) sales of stock by NCF insiders other than Michael Sachs. |
| Manatt, Phelps & Phillips, LLP (Docket No. 496) | Securitizations and structured finance.  Previously represented Debtors in several secondary mortgage market transactions involving purchases and sales of mortgage loans and mortgage servicing. | Special securitization counsel with services that <u>may include, but shall not be limited to</u>:  (i) **assisting with the proposed auction/sale of mortgage loan servicing platform, servicing rights, and servicing advance reimbursement rights**, (ii) review/analyze agreements under which mortgage loan servicing is performed for loans owned by securitization trusts and other third parties, (iii) interface with bankruptcy counsel regarding aforementioned contracts and industry practice, (iv) **assist with negotiation and documentation of sale of Debtors' assets**, (v) other services customary in this type of engagement. |
| Allen Matkins Leck Gamble Mallory & Natsis LLP (Docket No. 514) | Financing matters.  Provided similar services pre-peetition. | Special finance counsel, representing Debtors with respect to: (i) various Warehouse Lender facilities, (ii) the post-petition financing facility, and (iii) similar financing matters. |
| Irell & Manella LLP (Docket No. 641) | Class action litigation matters, insurance litigation, employment benefits, and bankruptcy. | Special litigation, insurance and employee benefits counsel, relating to, <u>among other things</u>: (i) the WARN Class Action, (ii) **employee benefit matters**, (iii) insurance matters, and (iii) providing advice and assistance with respect to benefit plan issues. |

127340.01600/40169065v.2

| Professional | Stated Area of Expertise | Proposed Scope of Services |
|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates (Docket No. 642) | **Regulatory** and enforcement matters. | Special regulatory counsel in connection with:  (i) advising and representing Debtors in connection with the Regulatory Actions, and (ii) advising and representing Debtors in connection with any other consumer lending practices **regulatory issue**, enforcement matter or related litigation |
| Howrey LLP (Docket No. 741) | Specializes in representing audit committees, special board committees, boards of directors and corporations in complex and highly sensitive internal investigations. | Special outside counsel to the Special Investigation Committee (a subcommittee of the Audit Committee) to (i) conduct an internal investigation of sales made on February 8, 2007 of NCF stock owned by a member of the Special Investigation Committee; and (ii) provide all other necessary services in connection with the internal investigation. |

7.     In addition to the Debtors' professionals listed above and the Debtors' multitude of ordinary course professionals, an examiner has been appointed in the Chapter 11 Cases in the short term to investigate NCF's accounting issues underlying its need to restate certain 2006 financial statements and related issues.

## OBJECTIONS

8.     The Committee's fundamental objection is simple – there is no need for the Debtors to retain seventeen sets of professionals in these liquidating Chapter 11 Cases.  It appears that many of the services proposed to be performed by Special Counsel are not necessary or can be performed by the Debtors' general bankruptcy counsel – Richards, Layton & Finger, P.A. ("RLF") or O'Melveny & Myers ("OMM").

**Sheppard Mullin**

9.     The Debtors propose to retain Sheppard Mullin as special corporate and litigation counsel.  Specifically, the Debtors seek to employ Sheppard Mullin regarding:  (a) labor and

employment matters, specifically the defense of the *Rubio* litigation; (b) corporate governance and SEC matters; (c) regulatory matters; and (d) mergers and acquisitions and asset sales, including the sale of non-debtor New Century Warehouse's assets to purchaser.  D.I. 490 at ¶ 8 and ¶ 19.  It is unclear why the Debtors need to retain counsel to defend the *Rubio* litigation, when such litigation has been stayed by the filing of the Debtors' respective chapter 11 petitions.

10.     With respect to corporate governance and SEC matters, such corporate services appear duplicative of the services provided by OMM.  In OMM's retention application, the Debtors indicate that OMM has represented the Debtors for several years as their "general outside corporate counsel, including securities and mergers and acquisition work as well as employee benefits, outsourcing and other transactional matters."  D.I. 137 at ¶ 15.

11.     With respect to regulatory matters, the Debtors have a pending application to retain and employ Skadden Arps as special regulatory counsel.  D.I. 642.  Accordingly, it appears that any services Sheppard Mullin would provide regarding regulatory matters in the Chapter 11 Cases can be or will be provided by Skadden Arps.

12.     With respect to the mergers and acquisitions and asset sales, it appears that Sheppard Mullin's services in this regard are being provided to and for a non-Debtor – New Century Warehouse Corporation ("New Century Warehouse").  New Century Warehouse does not need bankruptcy court approval to retain Sheppard Mullin to represent it in the sale of substantially all of its assets.

13.     Further, by attaching the biographies of thirty of its attorneys in various practice groups, it is clear that Sheppard Mullins either does not have an appropriately narrow scope of services as proposed special corporate and litigation counsel or that Sheppard Mullin is using its retention application as a marketing tool.

14.     To the extent that the Court is inclined to permit the Debtors to retain Sheppard Mullin, the Committee asks that Sheppard Mullin's scope of services be refined such that it is more narrowly tailored and very specific, and that any expansion of scope of services requires a further order of the Court.  To the extent that the Court is unwilling to limit the scope of Sheppard Mullin's retention, Sheppard Mullins should be retained under section 327(a) of the Bankruptcy Code.

## Manatt Phelps

15.     The Debtors propose to retain Manatt Phelps as special securitization counsel. Specifically, the Debtors seek to employ Manatt Phelps to:  (a) assist with the proposed auction/sale of mortgage loan servicing platform, servicing rights, and servicing advance reimbursement rights, (b) review and analyze agreements under which mortgage loan servicing is performed for loans owned by securitization trusts and other third parties, (c) interface with bankruptcy counsel regarding aforementioned contracts and industry practice, (d) assist with negotiation/documentation of sale of Debtors' assets, and (e) other services customary in this type of engagement..  D.I. 496 at ¶ 14.

16.     The Committee respectfully submits that both RLF and OMM are more than capable of representing the Debtors in the matters for which the Debtors propose to retain Manatt Phelps.

17.     To the extent that the Court is inclined to permit the Debtors to retain Manatt Phelps, the Committee asks that the scope of services to be performed by Manatt Phelps be refined such that it is narrowly tailored and very specific, and that any expansion of the scope of services requires a further order of the Court.

**Allen Matkins**

18.     The Debtors propose to retain Allen Matkins as special finance counsel,

representing the Debtors with respect to: (a) various Warehouse Lender facilities, (b) the post-

petition financing facility, and (c) similar financing matters.  D.I. 514.  The Committee

respectfully submits that both RLF and OMM are more than capable of representing the Debtors

in the matters for which the Debtors propose to retain Allen Matkins.  Indeed, RLF and OMM

have been appearing in the Chapter 11 Cases since the first day hearing in connection with DIP

financing.

**Irell & Manella**

19.     The Debtors propose to retain Irell & Manella as special litigation, employee

benefits and insurance counsel to provide legal services in connection with, among other things:

(a) the WARN Class Action, (b) employee benefit matters, (c) insurance matters, and (d)

providing advice and assistance with respect to benefit plan issues.  D.I. 641 at ¶ 14.

20.     The Committee respectfully submits that both RLF and OMM is more than

capable of representing the Debtors in the matters for which the Debtors propose to retain Irell &

Manella.  Indeed, OMM's retention application indicates that OMM has for several years, as

outside general corporate counsel, represented the Debtors in connection with employee benefits.

D.I. 137 at ¶ 15.

21.     To the extent that the Court is inclined to permit the Debtors to retain Irell &

Manella, the Committee asks that the scope of services to be performed by Irell & Manella be

refined such that it is narrowly tailored and very specific, and that any expansion of the scope of

services requires a further order of the Court.

**Howrey LLP**

22.    The Debtors propose to retain Howrey LLP as special outside counsel to the special investigation committee, a subcommittee of the audit committee of the board of directors of NCF, to conduct an internal investigation of sales made on February 8, 2007 of NCF stock owned by an insider.  D.I. 741 at ¶ 12.

23.    While the scope of the retention is appropriately narrowly tailored, the Committee does not perceive such an investigation at this time to be a necessary cost to the estates.

**Reservation of Rights**

24.    The Committee reserves all of its rights to raise such other and further objections at the hearing on the Retention Applications as it deems appropriate.

127340.01600/40169065v.2

**WHEREFORE**, the Committee respectfully requests (i) that the Court deny the

Retention Applications or, in the alternative, require that the terms of the Retention Applications

be modified to address the issues raised by this Omnibus Objection, and (ii) that the Court grant

such other and further relief as it deems just and proper.

Dated:   June 13, 2007

BLANK ROME LLP


/s/ David W. Carickhoff
Bonnie Glantz Fatell (No. 3809)
Regina Stango Kelbon
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, New York 10022
Telephone:    (212) 478-7200
Facsimile:    (212) 478-7400

*Co-Counsel to the Official Committee of Unsecured
Creditors of New Century TRS Holdings, Inc., et al.*