IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, *et al.*, [1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 516 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE APPLICATION OF THE DEBTORS
AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ICP CONSULTING LLC AS
SPECIAL ASSET VALUATION AND LIQUIDATION ADVISORS TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE
<u>PURSUANT TO SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE</u>**

The Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.* (the "Debtors"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby objects (the "Limited Objection") to the *Application of the Debtors and Debtors-In-Possession for an Order Authorizing the Retention and Employment of ICP Consulting LLC as Special Asset Valuation and Liquidation Advisors to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(e) and 328 of the Bankruptcy Code* (the "Application"), and respectfully states as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corporation, a California corporation; New Century R.E.O. II Corporation, a California corporation; New Century R.E.O. III Corporation, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**BACKGROUND**

1. On April 2, 2007 (the "Petition Date"),[2] the Debtors commenced with this Court voluntary cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which Cases are being jointly administered pursuant to an order of this Court. The Debtors are continuing their businesses and managing their affairs as debtors and debtors in possession.

2. On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors (the "Committee"): Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., and Maguire Properties – Park Place, LLC. Since its formation, the Committee has appointed Kodiak Funding LP as an *ex officio* member of the Committee.

3. Hahn & Hessen LLP and Blank Rome LLP were selected by the Committee to serve as co-counsel to the Committee, and FTI Consulting, Inc. was selected by the Committee to serve as financial advisor to the Committee.

4. Since the Petition Date, the Debtors have sought to retain numerous professionals to assist and advise the Debtors on various matters throughout the course of these Cases. More specifically, the Debtors have retained (i) Richards, Layton & Finger, P.A. as bankruptcy co-counsel, (ii) O'Melveny & Meyers LLP as bankruptcy co-counsel, (iii) Lazard Freres & Co. ("Lazard") as financial advisor, (iv) Hennigan, Bennett & Dormann LLP as special litigation

---

[2] Unless otherwise defined herein, capitalized terms used in this Limited Objection shall have the meanings ascribed to them in the Application and Exhibits thereto.

counsel, and (v) XRoads Case Management Services, LLC as claims and noticing agent, which retentions have already been approved by this Court.  Additionally, aside from the Application, the Debtors have filed other pending applications before this Court to retain:  (i) Sheppard, Mullin Richter & Hampton LLP as special corporate and litigation counsel, (ii) Heller Ehrman LLP as special counsel to the audit subcommittee of New Century Financial Corp. ("NCF"), (iii) Manatt, Phelps & Phillips, LLP as special securitization counsel, (iv) AP Services, LLC ("APS") as crisis managers, (v) PricewaterhouseCoopers, LLP as accountants, (vi) Allen Matkins Leck Gamble Mallory & Natsis LLP as special counsel, (vii) Grant Thornton LLP as tax accountant, (viii) Irell & Manella LLP as special litigation, employee benefits and insurance counsel, (ix) Skadden, Arps, Slate, Meagher & Flom LLP as special regulatory counsel, and (x) Howrey LLP as special outside counsel to the special investigation committee of NCF.

## THE DEBTORS' APPLICATION TO RETAIN ICP CONSULTING LLC

5. In connection with an Engagement Letter dated April 26, 2007 (the "Engagement Letter"), the Debtors seek to retain ICP as their valuation and liquidation advisors in connection with two discrete types of assets: (i) the loan origination platform (the "Origination Platform") and (ii) the REIT ("Real Estate Investment Trust") eligible residual securities and non-REIT eligible residual securities (the "Eligible Residual Securities").  For each asset, ICP has been asked to advise the Debtors as to its purported value and in the event the asset has value, ICP would assist the Debtors in liquidating the asset for the benefit of the Debtors' estates.

6. The Engagement Letter and the Application provide for payment to ICP upon the occurrence of certain "benchmarks" which the Debtors indicate are "reasonable".  These benchmarks would be payable upon the occurrence of the following events:

- $ 50,000    Upon entry of an order by this Court approving ICP's retention as a professional in the bankruptcy cases;

- $100,000   Upon completion of an auction of the Origination Platform;
- $100,000   Upon completion of an auction of the Debtors' Eligible Residual Securities.

7.      The Engagement Letter provides that ICP's retention is in effect as of the date of execution of the Engagement Letter (i.e., April 26, 2007) and will remain in effect for a term of sixty days.  As such, by its own terms, it appears that the Engagement Letter and ICP's employment is set to expire on June 25, 2007.  ICP's employment can be terminated by either party upon three business days notice.

## LIMITED OBJECTION TO APPLICATION

8.      At this time, it is not clear to the Committee how ICP's services complemented the services provided by Lazard.  Lazard was retained by the Debtors to provide consulting and financial advisory services.  Based upon the terms of its retention, Lazard stands to receive fees of approximately $6 million in connection with the sale of the Debtors' loan servicing platform and the sale of the loans to Ellington Management Group.  The Committee respectfully submits that the Debtors' estates should not be required to pay two fees in connection with the same transaction.

9.      It is not clear whether similar duplicative fees exist in connection with the sale of the Eligible Residual Securities.

10.     Further, the Committee believes that the "Limitation of Liability" provisions of the Engagement Letter should provide that liability is limited not only to willful misconduct, but also to gross negligence.  In the event that ICP is found to have been grossly negligent in performing its obligations under the proposed engagement, ICP should be liable to the Debtors' estates.  This is consistent with the proposed indemnification provisions

11. The Committee is working diligently to better understand the complementary services provided by ICP as they relate to the services provided by Lazard. Until this diligence is completed, the Committee reserves its rights to make any other and further objections to the Application.

**WHEREFORE**, the Committee respectfully requests (i) that an Order granting the Application be consistent with this Limited Objection and (ii) that the Court grant such other and further relief as it deems appropriate.

Dated:  June 13, 2007

                        BLANK ROME LLP

                        */s/ David W. Carickhoff*
                        Bonnie Glantz Fatell (No. 3809)
                        Regina Stango Kelbon
                        David W. Carickhoff (No. 3715)
                        1201 Market Street, Suite 800
                        Wilmington, Delaware 19801
                        Telephone:    (302) 425-6400
                        Facsimile:    (302) 425-6464

                              -and-

                        HAHN & HESSEN LLP
                        Mark S. Indelicato
                        Mark T. Power
                        488 Madison Avenue
                        New York, New York 10022
                        Telephone:    (212) 478-7200
                        Facsimile:    (212) 478-7400

                        *Co-Counsel to the Official Committee of Unsecured*
                        *Creditors of New Century TRS Holdings, Inc., et al.*