**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>(Jointly Administered)<br><br>Re: Docket No. 635 |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE DEBTORS' RESPONSE TO MOTION OF DANIEL J. RUBIO, JOHN HICKS, DAVID VIZCARA, INDIVIDUALS ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED, AND THE GENERAL PUBLIC, FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., *et al*., the above-captioned debtors and debtors-in-possession (the "Debtors"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby file this response (the "Response") to the Motion of Daniel J. Rubio, John Hicks, David Vizcara, Individuals on Behalf of Themselves, All Others Similarly Situated, and the General Public (the "Movants"), for an Order Granting Relief from the Automatic Stay (the "Motion"), and respectfully states as follows:

1. The Committee has reviewed the Debtors' response to Rubio's Motion

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

(the "Debtors' Response").  The Committee understands and agrees with the arguments set forth in the Debtors' Response and, therefore, adopts such arguments as if fully set forth herein.

2. As the Debtors point out in the Debtors' Response, to the extent the Movants have a claim against the Debtors' estates, it is a general unsecured claim, which must be adjudicated in the Delaware Bankruptcy Court and not in a District Court in California.  The Bankruptcy Code specifically provides for a debtor to enjoy the protection of the automatic stay to allow it a breathing spell either to reorganize its estate and/or otherwise maximize the value of such assets for the benefit of all of its creditors.  In fact, one of the hallmarks of a chapter 11 case is to allow the debtor to administer its estate and resolve disputes regarding claims in one forum instead of needlessly expending its limited resources in defending such claims disputed in a multitude of actions in different forums all across the country.  As the Movants have an unsecured claim, to the extent a claim even exists, they must be treated the same as other similarly situated creditors and be required to resolve the issues surrounding their claim in the Delaware Bankruptcy Court.  Forcing the Debtors to litigate with the Movants in the California District Court would be a great cost to the Debtors' estates and a drain on their resources, diminishing such estates to the detriment of the Debtors' creditors.

3. Further, the Motion is premature as certain members of the class of loan officers that the Movants purport to represent may have already executed key employee retention packages with the Debtors, such that they would have also released any claims against the Debtors in connection with their employment.  Therefore, it would be difficult to certify such a class of claimants when certain of the asserted members of the class may not be eligible for the class and certification may not be appropriate.  See In re Musicland Holding Corp., et. al., No. 06-10064, 2007 Bankr. LEXIS 759 at *10 (Bankr. S.D.N.Y. March 13, 2007)(noting that some

claimants belonging to the class already had released claims against the estate and denying class certification on other grounds).

WHEREFORE, for the reasons set forth herein and in the Debtors' Response, the Committee respectfully requests that this Court deny the Motion, and grant such other and further relief as may be just and proper.

Dated: June 13, 2007

BLANK ROME LLP

*/s/ David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
Regina Stango Kelbon
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6400
Facsimile:    (302) 425-6464

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
Katharine G. Craner
488 Madison Avenue
New York, New York 10022
Telephone:   (212) 478-7200
Facsimile:    (212) 478-7400

*Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al.*