IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC. ) | |
| a Delaware corporation, et. al., ) | Case No. 07-10416 (KJC) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Simultaneous with this motion, the |
| ) | movants have filed their Motion to |
| ) | Limit and Shorten Notice Periods, |
| ) | requesting the following dates: |
| ) | |
| ) | Objections Due: June 21, 2007 at 4:00 p.m. E.D.T. |
| ) | Hearing Date: June 27, 2007 at 10:00 a.m. E.D.T. |
| ) | |

**MOTION OF VILLAGE AT CAMP BOWIE I, L.P. TO COMPEL DEBTORS TO COMPLY WITH THEIR OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)**

Village At Camp Bowie I, L.P. ("VCB"), a landlord and creditor in the above-captioned bankruptcy proceedings, hereby files this Motion of Village At Camp Bowie I, L.P. To Compel Debtors To Comply With Their Obligations Under 11 U.S.C. §365(d)(3) (the "Motion"). In support of the Motion, VCB respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") that the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (M). The statutory predicate for the relief sought herein is 11 U.S.C. § 365(d)(3). Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

1577075

## FACTUAL BACKGROUND

**A.   The Lease and Guaranty By and Between VCB and the Debtors**

2.   Debtor Home123 Corporation ("Home123," and together with debtor New Century Mortgage Corporation ("New Century"), the "Debtors"), as tenant, and VCB, as landlord, are parties to that certain Office Lease Agreement dated February 1, 2007 (the "Lease") for non-residential real property located at 6115 Camp Bowie Boulevard, Suites 250 and 255, Forth Worth, Texas, 76116 (the "Premises").  A copy of the Lease is attached as Exhibit A to the Declaration of Woodrow R. Brownlee (the "Declaration") in Support of this Motion.  The Declaration is being filed contemporaneously herewith, and is incorporated herein by reference.

3.   The Lease is for a term of twenty-five (25) months, and commenced on March 2, 2007.  Declaration, ¶ 4; Lease, Basic Lease Information.

4.   New Century is a guarantor of the Lease pursuant to that certain Guaranty by New Century, dated February 1, 2007 and attached to the Lease as Exhibit I thereto.  The Guaranty is an absolute, primary and continuing guaranty of payment and performance and is independent of Home123's obligations under the Lease. Declaration, ¶ 5; Lease, Exhibit I.

5.   Pursuant to the terms of the Lease and the Guaranty, the Debtors are obligated, among other things, to pay to VCB:

   (i)   Monthly Base Rent of $6,246.67 for each of the Lease Months 2-25 in advance on the first day of each month (Lease, Basic Lease Information; Id., ¶ 4);

2

1577075

(ii) additional charge of 15% per annum on all payments required of Tenant from the date due until paid (Lease, ¶ 5);

(iii) late fee of 10% of any payments not made within five (5) days after the due date (Lease, ¶ 5);

(iv) electricity charge (Lease, Exhibit C ¶ 3); and

(v) all costs incurred by VCB (including court costs and reasonable attorneys' fees and expenses) in enforcing, or advising VCB of, its rights, remedies and recourses arising out of the Event of Default (Lease, ¶ 18(a)(6)).

6. The Debtors failed to pay to VCB any post-petition amounts due under the Lease, including, without limitation, the following amounts totaling $15,004.93 (collectively, the "Post-Petition Amounts"):

May, 2007

| | |
|---|---|
| Base Rent (due 5/1/07) | $6,246.67 |
| Electricity (4,685 SF x .118) (bill sent 4/30/07) | $552.83 |
| Late Fee (($6,246.67 x 10%) | $624.67 |
| Additional Charge ($6,246.67 x 15% x 31/365) | $79.58 |
| **TOTAL DUE** | **$7,503.75** |

June, 2007

| | |
|---|---|
| Carryover from prior month | $7,503.75 |
| Base Rent | $6,246.67 |
| Electricity (4,685 SF x .118) (bill sent 5/30/07) | $552.83 |
| Late Fee (($6,246.67 x 10%) | $624.67 |
| Additional Charge ($12,493.34 x 15% x 15/365) (if outstanding balance received by 6/15/07) | $77.01 |
| **TOTAL DUE – Post-Petition as of 6/15/07** | **$15,004.93** |

Declaration, ¶ 6.

3

1577075

B. **The Bankruptcy Case and Subsequent Events**

7. On April 2, 2007 (the "Petition Date"), the above-captioned debtors commenced these cases in the United States Bankruptcy Court for the District of Delaware (the "Court") under Chapter 11 of the Bankruptcy Code. The above-captioned debtors have continued in the management and operation of their business and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. As of the date hereof, VCB has not received any post-petition payments from the Debtors with respect to the Lease or under the Guaranty. VCB has provided notice of the Debtors' default under the terms of the Lease. See letters dated May 2, 2007 and June 11, 2007 attached to the Declaration as Exhibit B and incorporated herein by reference.

9. The Debtors' failure to pay rent when due, and the Debtors' continued failure to do so five (5) days after VCB delivered notice to the Debtors' of such failure to pay rent when due constitutes an Event of Default under the Lease. Lease, ¶ 16.

10. VCB has provided notice of the Debtors' default under the terms of the Lease. See letters dated May 2, 2007 and June 11, 2007 attached to the Declaration as Exhibit B and incorporated herein by reference.

11. As of the date hereof, the Debtors have not assumed or rejected the Lease.

**RELIEF REQUESTED**

12. Because the Debtors have not made any post-petition payments under the Lease and Guaranty to VCB, as is their affirmative duty under the Lease, the Guaranty and Bankruptcy Code section 365(d)(3), VCB respectfully requests that the Court enter

4

an order requiring the Debtors to comply with their section 365(d)(3) obligations, including, without limitation, to pay immediately to VCB $15,004.93, representing the Post-Petition Amounts currently due. Also, because the Debtors' failure to pay rent when due, and after receiving notice of such failure to pay, is an Event of Default, VCB further requests that the Court award to VCB, pursuant to paragraph 18 of the Lease, all costs incurred by VCB (including court costs and reasonable attorneys' fees and expenses), in advising the Debtors of their defaults and in connection with the instant Motion.

13. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, that:

> [t]he [debtor-in-possession] shall timely perform all of the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential lease property . . . until such lease is assumed or rejected . . .

11 U.S.C. § 365(d)(3).

14. Section 365(d)(3) protects landlords by requiring debtors timely to perform their obligations arising under the lease. See In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3rd Cir. 2001); In re Valley Media, Inc., 290 B.R. 73, 74 (Bankr. D. Del. 2003). This section requires debtors immediately to pay their lease obligations in full as they come due in the post-petition period. See Id.; In re DVI, Inc., 308 B.R. 703 (Bankr. D. Del. 2004).

15. Pursuant to paragraph 4 of the Lease, the Debtors are obligated to pay Base Rent, in advance, on the first day of each month. Accordingly, the payments for May 2007 and June 2007 Base Rent (totaling $12,493.34) became due on May 1, 2007 and June 1, 2007, respectively. VCB has also billed the Debtors for additional obligations becoming due and owing since the Petition Date, including (i) electricity

1577075

expenses totaling $1,105.66; and (ii) late fees and additional charges totaling $1,405.93. However, the Debtors have failed to pay these post-petition obligations.

16. In interpreting section 365(d)(3), "it is the terms of the lease that determine the obligation and when it arose." In re Montgomery Ward Holding Corp., 268 F.3d at 210. Pursuant to the terms of the Lease, each of these unpaid obligations arose after the Petition Date, and were therefore required to be paid as they came due, under Bankruptcy Code section 365(d)(3).

17. Because the Debtors remain in possession of the Premises, and because this Court has not yet entered an order authorizing the Debtors to reject the Lease, the Debtors remain obligated under the Lease, and are liable for payment of all obligations arising thereunder, including, without limitation, the Post-Petition Amounts and any other payments that come due hereafter.

18. A lease rejection is not effective until the date the Court enters the order. See In re Fleming Cos., Inc., 304 B.R. 85, 95 (Bankr. D. Del. 2003) (citing In re Nat. Rec. Mart, Inc., 272 B.R. 131, 133 (Bankr. W.D. Pa. 2002)). Furthermore, the Court order is a precondition to the rejection of a lease. See In re Fleming Cos., Inc., 304 B.R. at 95 (citing In re Appliance Store, Inc., 148 B.R. 234, 240 (Bankr. W.D. Pa. 1992)). Therefore, even if the Debtors were to move hereafter to reject the Lease, and the Court were to enter an order authorizing the Debtors to reject the Lease, the currently due and owing Post-Petition Amounts are post-petition, pre-rejection obligations of the estate that the Debtors must pay immediately, and in full.

19. Pursuant to the Debtors' affirmative duty under section 365(d)(3), VCB respectfully requests that this Court order the Debtors to pay immediately to VCB their past due post-petition obligation of $15,004.93.

20. Finally, pursuant to paragraph 18 of the Lease, the Debtors are required to pay to VCB "all costs incurred by Landlord (including court costs and reasonable attorneys' fees and expenses) in . . . . (6) enforcing, or advising Landlord of, its rights, remedies and recourses arising out of the Event of Default." Because the Debtors are required under section 365(d)(3) to comply with all provisions of the Lease, they cannot evade this obligation.

21. "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Raleigh v. Ill. Dept. of Revenue, 530 U.S. 15, 20 (2000). The Lease governs the obligations of the Debtors and the rights of VCB, and it provides for the Debtors to pay to VCB its costs incurred in connection with an Event of Default. The United States Supreme Court has recently confirmed that, in a bankruptcy case, "an otherwise enforceable contract allocating attorney's fees ( i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 127 S.Ct. 1199, 1204 (2007). Therefore, VCB further requests that the Court order that the Debtors pay to VCB all costs to which VCB is entitled under paragraph 18.

1577075

## **CONCLUSION**

22.     Pursuant to Del. Bankr. L.R. 7007-1(a)(iii), VCB waives its right to file an opening brief, and instead relies upon this Motion.

WHEREFORE, VCB respectfully requests that this Court enter an order (i) requiring the Debtors to comply with their obligations under 11 U.S.C. §365(d)(3), including without limitation, to pay immediately all amounts that have become due post-petition, but that have remained unpaid, totaling $15,004.93; (ii) requiring the Debtors to pay to VCB all costs incurred by VCB, including court costs and reasonable attorneys' fees and expenses in enforcing and advising VCB of, its rights, remedies and recourses arising out of the Event of Default, including, without limitation, all costs incurred in preparing, filing and serving this Motion; and (iii) for such other and further relief as the Court deems just and proper.

Dated: June 14, 2007

**MORRIS JAMES LLP**

/s/ Stephen M. Miller
Stephen M. Miller (DE Bar No. 2610)
Thomas M. Horan (DE Bar No. 4641)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: smiller@morrisjames.com
E-mail: thoran@morrisjames.com

*Counsel to Village At Camp Bowie I, L.P.*