**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., | ) | |
| a Delaware corporation, et al., | ) | Case No. 07-10416 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: D.I. 1234 |
| | ) | |

**MOTION OF VILLAGE AT CAMP BOWIE I, L.P. (I) TO SHORTEN TIME AND LIMIT NOTICE AND (II) APPROVING FORM AND MANNER FOR NOTICE WITH RESPECT TO THE MOTION TO COMPEL DEBTORS TO COMPLY WITH THEIR OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)**

Village At Camp Bowie I, L.P. ("VCB"), by and through its undersigned counsel, hereby moves this Court for an order to shorten the time and approve the form and manner for notice (the "Motion to Shorten Time") with respect to VCB's Motion to Compel Debtors to Comply With their Obligations under 11 U.S.C. § 365(d)(3) (the "365(d)(3) Motion") [D.I. 1234]. In support of its request for an Order granting the Motion to Shorten Time with respect to the 365(d)(3) Motion, VCB respectfully represents as follows:

1. Debtor Home123 Corporation ("Home123," and together with debtor New Century Mortgage Corporation ("New Century"), the "Debtors"), as tenant, and VCB, as landlord, are parties to that certain Office Lease Agreement dated February 1, 2007 (the "Lease") for non-residential real property located at 6115 Camp Bowie Boulevard, Suites 250 and 255, Forth Worth, Texas, 76116 (the "Premises"). A copy of the Lease is attached as Exhibit A to the Declaration of Woodrow R. Brownlee (the "Declaration") in Support of this Motion [D.I. 1236]. The Declaration is being filed contemporaneously herewith, and is incorporated herein by reference.

2. New Century is a guarantor of the Lease pursuant to that certain Guaranty by New Century, dated February 1, 2007 and attached to the Lease as Exhibit I thereto. The Guaranty is an absolute, primary and continuing guaranty of payment and performance and is independent of Home123's obligations under the Lease. Declaration, ¶ 5; Lease, Exhibit I.

3. By the 365(d)(3) Motion, VCB seeks, without limitation, an Order of this Court (i) requiring the Debtors to comply with their obligations under 11 U.S.C. §365(d)(3), including without limitation, to pay immediately all amounts that have become due post-petition, but that have remained unpaid, totaling $15,004.93, and; (ii) requiring the Debtors to pay to VCB all costs incurred by VCB, including court costs and reasonable attorneys' fees and expenses in enforcing and advising VCB of, its rights, remedies and recourses arising out of the Event of Default, including, without limitation, all costs incurred in preparing, filing and serving this Motion.

4. VCB respectfully requests that this Court enter an Order granting the Motion to Shorten Time, in substantially the form attached hereto, so that the 365(d)(3) Motion may be heard at the June 27, 2007, 10:00 a.m. (prevailing Eastern time) hearing scheduled in the above-captioned case on shortened notice.

5. As discussed more fully in the 365(d)(3) Motion, although the Debtors are required to pay all their post-petition obligations as they come due, the Debtors are in default of their post-petition obligations under the Lease. VCB respectfully suggests that the 365(d)(3) Motion should be heard on shortened notice because the Debtor have caused severe prejudice to VCB by failing to pay any obligations coming due post-petition, despite their affirmative obligation to remain current on such obligations. The Debtors have not

paid their May and June 2007 Base Rent and other charges due under the Lease, and their July 2007 rent will come due on July 1, 2007, only four (4) days after the omnibus hearing at which VCB proposes to present the 365(d)(3) Motion to the Court. Given the Debtors' refusal to pay *any* post-petition obligations, it is reasonable to anticipate that the Debtors will also refuse to pay their July 2007 Rent. Moreover, the Debtors' ongoing refusal to remain current in their post-petition obligations is an event of default under the Lease, of which VCB has provided notice to the Debtors, pursuant to the terms of the Lease. See letters dated May 2, 2007 and June 11, 2007 attached to the Declaration as Exhibit B and incorporated herein by reference.

6. Also, the Debtors remain in possession of the Premises, hold the only keys to the Premises, and have not, as of the date hereof, moved to assume or reject the Lease. Accordingly, it is appropriate to have the 365(d)(3) Motion heard at the June 27, 2007 hearing.

7. The Debtors' failure to remain current in its post-petition obligations continues to greatly prejudice VCB. VCB remains obligated to pay utility costs, maintenance expenses and other costs associated with the Premises, but has not received any payments under the Lease since the Debtors' filed their bankruptcy petitions. Despite the Debtors' obligations under the Lease, the Guaranty and 11 U.S.C. § 365(d)(3), the Debtors' continue to impose a great burden on VCB. That burden must be borne by the Debtors, as, according to the Lease, the Guaranty and the Bankruptcy Code, it is the Debtors' alone.

8. Finally, because the 365(d)(3) Motion is being filed on June 14, 2007, thirteen days prior to the June 27, 2007 hearing, and objections thereto, if any, are proposed to be due on June 21, 2007, all parties receiving service of the 365(d)(3) Motion by hand

delivery and overnight delivery will only have two (2) fewer days to respond than they would have had if the 365(d)(3) Motion had been timely filed. Therefore, parties being served will only be mildly inconvenienced, especially when compared to the severe prejudice that the Debtors are imposing on VCB.

9. To the extent that Del. Bankr. L.R. 2002-1 provides that motions shall be served on all parties that have filed a notice of appearance in these cases, VCB respectfully requests that this requirement be waived with regard to the 365(d)(3) Motion and the Motion to Shorten Time. Both motions could only conceivably be of interest to a limited group of entities. Weighed against the notice requirement is the oppressive cost that VCB would have to bear to serve the entire 2002 list, which includes at least 174 parties. The costs associated with serving this group would be equal to a substantial percentage of the amount owed by the Debtors' to VCB on a post-petition basis. Moreover, most of these parties are likely to receive service and notice of the 365(d)(3) Motion and the Motion to Shorten Time via CM/ECF, meaning that they will have actually received service virtually simultaneously with the filing of these two (2) motions.

10. Accordingly, VCB requests that, with respect to both the 365(d)(3) Motion and the Motion to Shorten Time, the Court waive the requirement that the entire 2002 list be served, and order that service will be sufficient if VCB serves the aforementioned motions on counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, counsel for the debtor in possession lenders, the Examiner and the U.S. Trustee.

WHEREFORE, VCB respectfully requests that the Order granting the Motion to Shorten provide that (i) objections and responses to the Motion must be filed and served so as to be received on or before June 21, 2007 at 4:00 p.m. (prevailing Eastern time); (ii) the

365(d)(3) Motion may be heard at the June 27, 2007, 10:00 a.m. (prevailing Eastern time) hearing scheduled in the above-captioned case; and (iii) that service will be sufficient if VCB serves the aforementioned motions on counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, counsel for the debtor in possession lenders, the Examiner and the U.S. Trustee.

Dated: June 14, 2007

**MORRIS JAMES LLP**

/s/ Thomas M. Horan

Stephen M. Miller (DE Bar No. 2610)
Thomas M. Horan (DE Bar No. 4641)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: smiller@morrisjames.com
E-mail: thoran@morrisjames.com

*Counsel to Village At Camp Bowie I, L.P.*