IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |

**SUPPLEMENTAL DECLARATION OF METTE H. KURTH IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP AS SPECIAL CORPORATE AND LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* AS OF APRIL 2, 2007**

I, **METTE H. KURTH**, hereby declare as follows:

1. I am a member in good standing of the Bar of the State of California.

2. I am an attorney employed by Sheppard, Mullin, Richter & Hampton, LLP ("SMRH"), proposed special corporate and litigation counsel to New Century TRS Holdings, Inc., *et al.*, the debtors and debtors in possession herein (the "Debtors") and New Century Warehouse Corporation ("New Century Warehouse"), a wholly-owned non-debtor subsidiary of New Century TRS Holdings, Inc.

3. This supplemental Declaration is submitted in support of the "Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Sheppard, Mullin, Richter & Hampton LLP as Special Corporate and Litigation Counsel to the Debtors

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

*Nunc Pro Tunc* to April 2, 2007" (the "Application") filed by the Debtors. Except where otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration. If called and sworn as a witness, I could and would testify competently such facts. This Declaration is made pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

4. To supplement its initial search for potential conflicts of interest in these cases, and based upon information known on or near the date of this Declaration, SMRH researched its client database to determine whether it had any relationships with State Street Bank, State Street Global Markets, LLC, State Street Bank and Trust Company, Guaranty Bank of Texas, David Fleig, and Galleon Capital, LLC, all of which are counterparties and/or known principals of counterparties in connection with the Access Sale (collectively, the "Counterparties").

5. SMRH has advised the Debtors that it has not, does not, and will not represent any Counterparty with respect to matters related to the Debtors' chapter 11 cases. SMRH has further advised the Debtors that, to the extent its research of its relationships with the Counterparties indicated that it has represented, or currently represents, any Counterparty in matters unrelated to these chapter 11 cases, the identities of such Counterparty (and, for current SMRH clients, a brief description of the type of work performed) are set forth below.

6. I make the following disclosures:

    a. SMRH formerly represented the following Counterparties in matters unrelated to these chapter 11 cases:

        (i) State Street Bank and Trust Company (labor matters; creditor rights; litigation matters).

    b. SMRH also represents, or has represented, entities that might be affiliated with, or related to, various of the Interested Parties, as set forth in more detail below. SMRH's representation of these affiliated or related entities pertains to matters unrelated to these chapter 11 cases:

        (i) SMRH formerly represented SSB Realty, Inc., whose ultimate parent is State Street Bank and Trust Company;

        (ii) SMRH formerly represented State Street Real Estate Fund I and Williams Street Investors, LLC, which may be affiliated with or related to State Street Bank and Trust Company;

        (iii) SMRH formerly or currently represented Guaranty Bank, f/k/a

Guaranty Federal, which is related to Guaranty Service Corporation of Texas, and which may be affiliated with or related to Guaranty Bank of Texas; and

(iv) SMRH formerly represented Louis A. Acevedo, who is related to Galleon Capital Management, which in turn may be affiliated with or related to Galleon Capital, LLC, as purchaser and successor-by-conversion of Galleon Capital Corporation.

7. In the future, SMRH may serve as counsel to certain other Counterparties in matters unrelated to these cases. In the event that SMRH is so retained, SMRH will file supplementary disclosures with this Court regarding the nature of such representation of a Counterparty.

8. SMRH currently represents WMC Mortgage ("WMC")—which is neither an Interested Party nor a Counterparty—in connection with the defense of a lawsuit (the "WMC Action") brought by a former WMC employee who was later employed by New Century or one of its Debtor affiliates. No claims have been asserted, or are expected to be asserted, against the Debtors in connection with the WMC Action. However, WMC issued a subpoena requesting that the Debtor produce certain employment records pertinent to the WMC Action. The production request has been consensually resolved, and SMRH does not anticipate that the Debtors will have any further involvement in the WMC Action. SMRH's representation of WMC is unrelated to the Debtors' chapter 11 cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 14, 2007, at Los Angeles, California.

_____
Mette H. Kurth