**IN THE UNITED STATES BANKRUPTCY**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY HOLDINGS, INC, *et al.*, | : | Case No. 07- 10416 (KJC) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 1064** |
| | | **Hearing Date: June 21, 2007 at 2:00 p.m.** |
| | | **Objection Deadline: June 15, 2007 at 4:00 p.m.** |

**LIMITED OBJECTION OF NEW YORK STATE**
**TEACHERS' RETIREMENT SYSTEM TO DEBTORS'**
**MOTION FOR AN ORDER APPROVING THE SALE OF**
**CERTAIN TECHNOLOGY ASSETS AND OTHER RELIEF**

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest seeking appointment as the Lead Plaintiff in a shareholder securities class action currently entitled *Gold v. Morrice, et al*, Case No. 07-cv-00931-DDP-JTL (the "Securities Litigation"), pending in the United States District Court for the Central District of California, and filed on behalf of the putative class of investors who purchased securities of New Century Financial Corp. ("New Century"), one of the debtors herein, during the period from February 2, 2005 to March 2, 2007, inclusive (the "Class Period"), asserts this limited objection to the Motion Of Debtors And Debtors In Possession For An Order (A) Approving The Sale Of Certain Technology Assets, (B) Approving And Establishing Procedures Related To the Sale And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith And (C) Granting Related Relief (the "Motion") and states the following:

## BACKGROUND

1. The Securities Litigation alleges violations by the Debtors[1] and certain of their current and/or former officers and directors of the Securities Exchange Act of 1934 based upon, *inter alia*, false and misleading statements concerning New Century's financial results and business made during the Class Period.[2]

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. By Order dated June 1, 2007, upon the motion of the United States Trustee and with the consent of the Debtors and the Official Committee of Unsecured Creditors, the Court authorized the appointment of an examiner (the "Examiner") in these cases to investigate certain accounting and financial statement irregularities, errors or misstatements (as more particularly described in the June 1, 2007 Order).[3] On June 7, 2007, the Court approved the appointment of Michael J. Missal, Esq., as the Examiner.

4. Since the Petition Date, the Debtors have engaged in an orderly liquidation of their assets through a sequence of court-approved sales.

5. Thus far, the Court has approved the sale of certain of the Debtors' mortgage loans and the loan servicing business.

6. However, having failed to find a qualified purchaser for their loan origination business, the Debtors now seek to sell the Technology Assets, which include the "technology utilized in their wholesale loan origination business." These assets include software, databases, hardware and furniture, but are only generally described in paragraph 8 of the Motion.

---

[1] Capitalized term shall have the meanings ascribed to them in the Motion, unless defined otherwise herein.
[2] Several securities litigation complaints (including the complaint in the Securities Litigation) were filed prior to the Petition Date (defined below). The Securities Litigation is not proceeding against the Debtors pursuant to the dictates of the automatic stay.
[3] The United States Trustee moved for the appointment of a Chapter 11 Trustee and in the alternative for an Examiner. The Court denied the motion for the appointment of the Chapter 11 Trustee, but granted the motion to appoint an examiner with extended powers.

**OBJECTION**

7.   The Motion fails to describe the Technology Assets with any specificity and provides no mechanism for the preservation of any information or documents that may be stored or included in the Technology Assets.

8.   Because the Technology Assets and their contents are described in such vague and general terms, NYSTRS has no means to determine if the Technology Assets include, in any format, information and/or evidence relevant to the Examiner's investigation and to the prosecution of the Securities Litigation. Indeed, full disclosure is warranted to provide the NYSTRS an opportunity to move for appropriate relief, if necessary, to access the Technology Assets and their contents in connection with the prosecution of the Securities Litigation. Similarly, the newly-appointed Examiner should have the opportunity to investigate the content and extent of the Technology Assets before they are removed from the Debtors' control and relevant documents and electronic files are possibly lost forever. The Examiner must have access to relevant information regarding the Debtors' pre-petition business operations to complete his investigation as directed by the Court.

9.   Indeed, the conduct of the Debtors leading up to the filing of their petitions (which conduct led to the Securities Litigation and the appointment of the Examiner) requires that before documents relating to and other evidence of the Debtors' and their management's activities and operations are abandoned or sold to the highest bidder, parties in interest be given the opportunity to access and examine such documents and information. To do otherwise results in severe prejudice to the NYSTRS, the Examiner and all creditors.

**CONCLUSION**

10.   Based upon the foregoing, NYSTRS respectfully requires that unless and until some procedure to safeguard any and all Technology Assets relevant to the Examiner's investigation and the prosecution of the Securities Litigation is put into place, an order be entered denying the Motion and granting such other and further relief as the Court deems just and proper.

Dated: June 15, 2007 **CROSS & SIMON LLC**

By: /s/ Christopher P. Simon
Christopher P. Simon (Bar No. 3967)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to NYSTRS*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald, Esq.
Noam Mandel, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554-1444 (Facsimile)

Blair A. Nicholas, Esq.
Matthew Silben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Counsel for NYSTRS and proposed Lead Counsel for the Class*