IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, <u>et al.</u>,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Obj. Deadline: 6/15/07 @ 4:00 p.m. |
| | : Hrg. Date: 6/21/07 @ 2:00 p.m. |
| | : Adq. Assurance Hrg. Date: 6/27/07 @ 10:00 a.m. |
| | : |

**THE IRVINE COMPANY'S CONDITIONAL OBJECTION TO THE DEBTORS'
(A) MOTION FOR ORDER APPROVING SALE OF TECHNOLOGY
ASSETS, ETC.; AND (B) NOTICE OF INTENT TO ASSUME, ASSIGN
AND SELL CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION THEREWITH**

1.  The Irvine Company ("Irvine") files this Conditional Objection to the Motion of Debtors and Debtors in Possession for an Order (A) Approving the Sale of Certain Technology Assets, (B) Approving and Establishing Procedures the Sale and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (C) Granting Related Relief (the "Motion") and the related Notice of Debtors' Intent to (A) Assume, Assign and Sell Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Certain Technology Assets, and (B) Proposed Cure Amounts in Connection Therewith (the "Notice").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company, NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2. The Notice indicates that the Debtors intend to assume and assign the "Lease of the premises located at 350 Commerce, Suites 100 and 250, Irvine, CA 92606 from The Irvine Company (Lease ID CA026)" to the eventual purchaser of its "Technology Assets." Irvine does not oppose the assumption and assignment of the Lease provided that the concerns expressed below are adequately addressed. At this point, however, Irvine conditionally objects to the proposed assumption and assignment of the Lease for the reasons stated below.

3. The Notice states that the commencement date of the Lease was November 1, 2005. In fact, the original commencement date of the Lease was January 10, 2000. Since that time, the Lease has been amended ten times. A true and accurate copy of the Lease and each of its ten amendments is attached as collective Exhibit A to the attached Declaration of Jeffrey J. Wallace.

4. The commencement date of the most recent Tenth Amendment to the Lease was November 1, 2005. However, the Tenth Amendment is not a "stand alone" document. It merely amends the Lease and therefore cannot be assumed and assignment independent of the underlying, original Lease. Any proposed assumption and assignment must include the entire Lease (as amended) and not merely the Tenth Amendment. *See, e.g., Pieco, Inc. v. Atlantic Computer Sys. (In re Atlantic Computer Sys.)*, 173 B.R. 844, 849 (S.D.N.Y. 1994) (holding that "under Section 365 of the Code, a debtor may not 'cherry pick' pieces of contracts it wishes to assume.").

5. The Lease (as amended) defines the premises as "the approximately 26,680 rentable square foot portion of the first floor of the building located at 350 Commerce, Irvine, CA (the '350 Commerce Building'), which portion of the first floor is more particularly described as EXHIBIT A attached to this Amendment ('Suite 100')." As such, contrary to the Notice, the Lease does not include Suite 250 or any portion of the second floor of the building.

6. The Notice states that the cure amount with respect to the Lease is "$0.00." The correct cure amount is $275.02. In addition, there may be taxes, insurance, or additional common area maintenance charges that have accrued but are not yet due and payable under the terms of the Lease. Irvine assumes that all such amounts will be assumed by the assignee and paid in accordance with the Lease.

7. The Notice states that the monthly rental obligation is $57,572.95. This amount is correct through June 2007. Beginning July 2007, the monthly rent increases to $61,136.68 due to an increase in the common area maintenance reconciliation. The monthly rent increases again beginning November 2007 to $62,470.68 and adjusts thereafter in accordance with the terms of the Lease.

8. Irvine objects to the proposed assignment of the Lease because the identity of the proposed assignee is currently unknown, and Irvine has not been provided any assurances – let alone adequate assurances – of future performance under the Lease by the assignee as required by section 365(f)(2)(B) of the Bankruptcy Code. Irvine will cooperate with the Debtors in an effort to address any concerns that Irvine may have regarding the eventual purchase of the Technology Assets and will attempt to resolve those issues, if any, informally. At this point, however, Irvine expressly reserves its right to object to the assignment based on adequate assurance grounds.

9. Finally, Irvine wants to clarify that it and/or its affiliates are lessors under separate unexpired leases with Debtor New Century Mortgage Corporation, which Irvine understands are not implicated by the Motion or the Notice. Irvine expressly reserves all of its rights with respect to all other contractual relationships with any of the Debtors.

WHEREFORE, Irvine objects to the assumption and assignment of the Lease on any terms inconsistent with those provided herein.

Dated: June 15, 2007
       Wilmington, Delaware

ECKERT, SEAMANS, CHERIN & MELLOTT, INC.

_____
Michael Busenkell (No. 3933)
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
(302) 425-0430

-and-

Jesse S. Finlayson
Michael R. Williams
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
(949) 759-3810

ATTORNEYS FOR THE IRVINE COMPANY

*U0007261*