IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al. | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 515 |

## ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY GRANT THORNTON LLP AS TAX ACCOUNTANT *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002

This matter coming before the Court on the Application of the Debtors and Debtors in Possession for Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Accountant *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the "Application"), filed by the above-captioned Debtors and Debtors in possession (the "Debtors"); and the Court having reviewed the Application at a hearing before the Court (the "Hearing"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A) and (c) notice of this Application and Hearing was sufficient under the circumstances; and the Court having considered the Affidavit and Supplemental Affidavit of Don W. Dahl in support of the Application (the "Dahl Affidavits"); and the Court having determined that the legal and factual bases set forth in the Application, in the Dahl Affidavits, and at the Hearing establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as modified herein.

RLF1-3165634-1

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. In accordance with sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, the Debtors are authorized to retain and employ Grant Thornton LLP as their tax accountant, effective *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the Application and the Dahl Affidavits with the following changes:

(a.) Paragraph 2 of Attachment A (the "Standard Grant Thornton LLP Engagement Terms") to the May 1, 2007 Engagement Letter relating to the Tax Compliance Services is deleted in its entirety and shall have no further force or effect.

(b.) Subparagraphs 2(a, c) of Attachment A (the "Standard Grant Thornton LLP Engagement Terms") to the May 1, 2007 Engagement Letter relating to the Tax Consulting Services are deleted in their entirety and shall have no further force or effect. Subparagraph 2(b) is modified by the following provision:

> (i.) Grant Thornton shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the Tax Consulting services provided under the applicable Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;
>
> (ii.) The Debtors shall have no obligation to indemnify Grant Thornton, or provide contribution or reimbursement to Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Professional's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to Grant Thornton's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which Grant Thornton should not receive indemnity, contribution

or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(iii.) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Grant Thornton believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Grant Thornton must file an application therefore in this Court, and the Debtors may not pay any such amounts to Grant Thornton before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Grant Thornton for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Grant Thornton. All parties in interest shall retain the right to object to any demand by Grant Thornton for indemnification, contribution or reimbursement.

4. Grant Thornton shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code and Bankruptcy Rules, the Local Rules of this Court and such other orders as the Court may direct.

5. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: June 15, 2007
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3165634-1