IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket Nos. 496 and 1241 |

**ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY MANATT, PHELPS & PHILLIPS, LLP AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(e), 328, 329 AND 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002**

This matter coming before the Court on the Application of the Debtors and Debtors in Possession for an Order Authorizing the Retention and Employment of Manatt, Phelps & Phillips, LLP as Special Securitization Counsel *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the "Application"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); and the Court having reviewed the Application at a hearing before

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

the Court (the "Hearing"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A) and (c) notice of this Application and Hearing was sufficient under the circumstances; and the Court having considered the Affidavit of Ellen R. Marshall in support of the Application (the "Marshall Affidavit"); and MPP having represented to the U.S. Trustee and this Court that the total amount of fees and reimbursement of expenses that it will seek relating to services provided during the months of April 2007 and May 2007 will not exceed $150,000 in the aggregate (subject to review of this Court and objection by the U.S. Trustee and interested parties); and the Court having determined that the legal and factual bases set forth in the Application, the Marshall Affidavit and at the Hearing, establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as modified herein.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. In accordance with sections 327(e), 328, 329 and 504 and Bankruptcy Rules 2014, 2016 and 5002, the Debtors are authorized to retain and employ MPP as their special securitization counsel, effective *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the Application and the Marshall Affidavit; provided, however, that the scope of MPP's employment shall be limited to the following:

(a.) reviewing and analyzing the agreements under which mortgage loan servicing is performed for loans owned by securitization trusts and other third parties;

(b.)    interfacing with bankruptcy counsel regarding the aforementioned contracts and industry practice relating to such contracts; and

(c.)    providing advice and services related to such contracts in connection with the auction and sale of the Debtors' assets and the negotiation and documentation of such sales.

5.    MPP shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code and Bankruptcy Rules, the Local Rules of this Court and such other orders as the Court may direct.

6.    Subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by of MPP after May 31, 2007 in these chapter 11 cases shall not exceed $70,000.00.

7.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: June 15, 2007
       Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE