# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | Re: Docket No. 741 |

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF HOWREY LLP, AS SPECIAL OUTSIDE COUNSEL TO THE DEBTORS NUNC PRO TUNC AS OF APRIL 2, 2007

Upon review and consideration of the "Application For Order Pursuant To Section 327(e) Of The Bankruptcy Code Authorizing Employment of Howrey LLP, As Special Outside Counsel To The Debtors *Nunc Pro Tunc* to April 2, 2007 (the "Application") filed by New Century TRS Holdings, Inc., et al., the debtors and debtors in possession herein (the "Debtors"), seeking entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Federal Rules of Bankruptcy Procedure authorizing and approving the employment and retention of Howrey LLP ("Howrey") authorizing the Debtors to retain and employ Howrey LLP ("Howrey") *nunc pro tunc* to April 2, 2007, as special outside counsel to the Special Investigation Committee, a subcommittee of the Audit Committee of the Board of Directors of New Century Financial Corp. ("NCF") to conduct an internal investigation of sales made on February 8, 2007 of NCF stock owned by a member of the Board of Directors, and consistent with the terms of the retainer agreement by and between the Debtors and Howrey (the "Retainer Agreement"), annexed to the Application as Exhibit C; and upon consideration of the Application and the Court being satisfied that Howrey represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, and that the employment of Howrey is necessary and in the best interest of the Debtors and their estates; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefore; it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that, in accordance with section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Howrey as special outside counsel to the Special Investigation Committee, a subcommittee of the Audit Committee of the Board of Directors of NCF, to conduct an internal investigation of sales made on February 8, 2007 of NCF stock owned by a member of the Board of Directors upon the terms and conditions set forth in the Application and the Retainer Agreement as modified by this Order, effective as of April 2, 2007; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, Howrey shall be compensated in accordance with the information requirements and procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 389], the terms and conditions set forth in the Retainer Agreement (subject to the Code, the Rules, and any orders issued by this Court) and any other such information requirements and procedures as may be fixed by the Court; and it is further

ORDERED that, to the extent that the Debtors seek to employ the services of The CapAnalysis Group, LLC and Maxiam, LLC (referenced in paragraph 3 of the Retainer Agreement), the Debtors will separately notice their request for such employment; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, including the provisions of paragraph 5 of the Retainer Agreement, the Debtors are not waiving any objections to (i) present, undisclosed connections which Howrey has with an Interested Party; or (ii) connections which Howrey may have with parties-in-interest that have not been disclosed and/or may arise in the future, and Howrey remains obligated to disclose connections with parties-in-interest under Federal Rule of Bankruptcy Procedure 2014 for as long as Howrey serves as special outside counsel to the Special Investigation Committee, and Howrey shall remain obligated after the conclusion of its representation to (i) correct any inaccuracies in affidavits/declarations filed pursuant to Rule 2014 and (ii) disclose any connections

arising during the representation that Howrey failed to disclose at such time; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, including the provisions of paragraph 8 the Retainer Agreement, this Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order, including issues arising from or related to Howrey's employment and compensation in the above-captioned cases.

ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by Howrey after May 31, 2007 in these chapter 11 cases shall not exceed $25,000.00.

ORDERED that, the Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: June 15, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE