Doreen H. Becker, Esquire
Holfeld and Becker
1217 King Sreet
Wilmington, DE 19801
(302) 654-3535
(302) 654-6191 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>  New Century TRS Holdings, Inc.<br>  New Century Financial Corporation, et al.<br><br>        Debtor(s) (jointly administered)<br>--------------------------------------------------<br>Novastar Mortgage, Inc.<br><br>v.<br>New Century TRS Holdings, Inc. et. Al. | Chapter 11 (Joint Administration)<br><br>Case Number:  07-10416<br><br>Objections Due: 7/10/2007<br>Hearing:   7/16/2007 @ 1:30 PM |

### Motion of Novastar Mortgage, Inc. for Relief from the Automatic Stay regarding 268 High Street, Hackensack, New Jersey 07601 (the "Property")

Novastar Mortgage, Inc. ("Novastar"), by and through its counsel, Holfeld and Becker and Stern and Eisenberg, LLP, files this Motion for Relief from the Automatic Stay and in support thereof avers as follows:

1. This Court has jurisdiction over this matter pursuant to 28 USC 1334(b) and 157(b)(1) as the matters arise pursuant to the United States Bankruptcy Code.

2. This motion is a core proceeding pursuant to 28 USC 157(b)(2)(G).

3. Venue is appropriate in this Court pursuant to 28 USC 1409.

4. Novastar is a corporation with its place of business 8140 Ward Parkway, Kansas City, Missouri 64114.

5. Novastar is the holder of a first mortgage dated August 24, 2006 in the Property located at 268 High Street, Hackensack, New Jersey 07601 (the "Property").  A copy of the Note and Mortgage ("Mortgage") is attached hereto as Exhibit "A" and hereby incorporated by reference as though fully set forth at length herein.

6. The Mortgage is in the amount of $335,750.00 and secures a loan in the same amount together with all other amounts that come due under the terms of the Mortgage made to the current owners of the Property, Sheila A. Coles and Calvin J. Coles, Jr. ("Coles")

7. The Mortgage enabled the borrowers to purchase the Property and was a purchase money mortgage. The mortgage has been duly recorded in the State of New Jersey.

8. Pursuant to the terms of the note and mortgage, Coles is to make monthly payments in the amount of $3,134.16 per month. The Coles are in default for failing to make the 11/1/2006 payment and all subsequent payments and are in arrears in the amount of $25,073.28. The current principal balance is $335,623.60. There is little to no equity in the Property after the debt owed to Novastar.

9. Novastar wishes to proceed with foreclosure however, on 4/2/2007, New Century TRS Holdings, Inc. and its affiliated companies (collectively referred to as the "Debtors") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code.

10. The Debtors hold a second mortgage on the Property and is therefore a junior lien creditor.

11. As a result of the Debtors bankruptcy, all proceedings involving the Debtors were stayed, including the foreclosure proceedings initiated by Novastar against the Coles.

12. Debtors' junior lien is not necessary to the reorganization and to the extent there would be any proceeds due to Debtors from the sheriff sale or other sale of the Property, Debtors shall still be entitled to receive any such proceeds.

13. To the extent there is value in the Property, Debtors' option would be to provide adequate protection since the Coles are no longer making payments, however, it is unlikely that the Debtors' wish to provide any such relief.

14. Novastar is suffering significant prejudice as a result of the automatic stay under 11 USC 362(a) and there is no benefit or value to the estate. In fact, the delay in proceedings is detrimental to Debtors' interest as the delay only causes the amount due on the first mortgage to increase.

15. To the extent the foreclosure action was initiated or continued post 4/2/2007, Novastar seeks the Court annul the automatic stay such that all actions are valid and enforceable such that Novastar may simply proceed with the action.

WHEREFORE, Movant, Novastar Mortgage, Inc., respectfully requests this Court to grant the appropriate relief under 11 U.S.C. '362 from the automatic stay as set forth in the proposed order.

        Respectfully submitted,

        *Holfeld and Becker*

By:   <u>/s/ Doreen H. Becker</u>
      Doreen H. Becker, Esquire  2720
      Holfeld and Becker
      Steven K. Eisenberg, Esquire
      Stern & Eisenberg, LLP
      Counsel for Creditor/Movant

Date:  June 19, 2007