IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Hearing Date: July 16, 2007 @ 1:30 p.m.** |
| | ) | **Objection Deadline: July 9, 2007 @ 4:00 p.m.** |

**MOTION OF BCIA 95 GLASTONBURY BOULEVARD LLC FOR AN ORDER
COMPELLING DEBTOR TO IMMEDIATELY ASSUME AND ASSIGN LEASE FOR
NON-RESIDENTIAL REAL PROPERTY AND CURE DEFAULTS UNDER LEASE**

BCIA 95 Glastonbury Boulevard LLC (the "Landlord"), a Connecticut limited liability company, hereby moves the Court for an order (i) compelling debtor New Century Mortgage Corporation d/b/a Home123 (the "Debtor") to immediately assume and assign a lease for non-residential real property, and (ii) compelling the Debtor to cure post-petition defaults existing under the lease by immediately paying to Landlord all post-petition rent and other sums due under the lease pursuant to 11 U.S.C. § 365, including all reasonable attorneys' fees and costs incurred by Landlord as a result of the Debtor's default, as allowed by the terms of the lease. In support of this motion, the Landlord avers as follows:

**JURISDICTION**

1.      On April 2, 2007 (the "Petition Date"), the Debtor filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware. The Debtor is conducting its affairs and managing its property as debtor-in-possession pursuant to 11 U.S.C. § 1107(a).

2.      On or about April 9, 2007, the United States Trustee (the "UST") appointed an official committee of unsecured creditors (the "Committee") in these cases. See Docket No. 146. An examiner has also been appointed in these cases. See Docket No. 1162.

3.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Lease**

4.     On or about March 1, 2005, the Landlord and Debtor entered into a written Lease (the "Lease") of approximately Three Thousand Four Hundred Twenty Two (3,422) square feet of rentable area located at 95 Glastonbury Boulevard, Glastonbury, Connecticut (the "Premises").  A copy of the Lease is attached hereto as Exhibit "A."

5.     Pursuant to the terms of the Lease, the Debtor is obligated to pay the Landlord the fixed sum of $70,151.00 per month for use of the Space (the "Fixed Rent").  (See Lease, ¶¶ 2(a)(i)(C))  Under the Lease, the Landlord is entitled to interest at a rate of 12% per year on the unpaid balance.  See Lease ¶ 2(e).

6.     In addition, pursuant to the Lease, the Debtor is obligated pay its pro rata share of the common area maintenance charges (the "Additional Rent") to the Landlord.  See Lease, ¶ 3.

**Debtor's Failure to Pay Rent and Additional Rent**

7.     Since the Petition Date, in direct contravention of 11 U.S.C. § 365(d)(3), the Debtor has failed, refused and/or neglected to pay the Fixed Rent and/or the Additional Rent due under the Lease.

8.     Specifically, the Debtor has failed to make payment of any and all sums due under the Lease for the months of April, May, and June 2007.  As of the date of the motion, the Debtor is indebted to the Landlord in the amount of $18,042.72, plus interest, attorney' fees and costs incurred by Landlord as the result of Debtor's default.

9.      The Lease obligated the Debtor to pay all of the Landlord's reasonable attorneys'

fees and costs to enforce obligations under the Lease, see Lease, ¶ 50, and all such sums are

allowed in accordance with Travelers Cas. & Surety Co. of Am. v. Pacific Gas & Elec. Co., 127

S. Ct. 1199 (2007).

10.     The Landlord seeks reimbursement of the fees and costs it incurred by reason of

the Debtor's post-petition default, including the legal work required for the filing of this motion,

in accordance with an affidavit of attorneys' fees and costs to be submitted at the time of the

hearing on this motion.

## Debtor's Attempt To Assign the Lease

11.     On April 11, 2007, the Landlord received from Pinnacle Financial Corporation

("Pinnacle") a proposed, unsigned "Consent to Assignment of Lease" dated "March ___, 2007"

(the "Proposed Consent") which sought the Landlord's consent to (i) an assignment of the Lease

from the Debtor to Pinnacle, and (ii) the assumption by Pinnacle of the Debtor's obligations

under the Lease, effective as of April 1, 2007.

12.     The Proposed Consent was accompanied by an unsigned "Assignment and

Assumption of Lease" (the "Proposed Assignment") by and between the Debtor and Pinnacle.

13.     The Landlord has made repeated requests upon the Debtor's attorneys and

consultant to take action in this Court to obtain approval for the Debtor's assumption and

assignment of the Lease to Pinnacle, but the Debtor has refused to take any action with regard to

same.

14.     The Landlord has reviewed financial information provided to it by Pinnacle and is

satisfied with the credit and financial responsibility of Pinnacle.  Subject to certain conditions

(including (but not limited to) that the Debtor or Pinnacle pay amounts currently due under the Lease (i.e., cure)), the Landlord is willing to accept Pinnacle as the tenant for the Premises.

**Pinnacle Is Already in Possession of the Premises**

15.    Upon information and belief, acting consistent with the Proposed Assignment, employees of Pinnacle are in possession of the Premises and are engaging in business at the Premises, all without the prior knowledge and consent of the Landlord.  Moreover, Pinnacle has not paid rent for the privilege of its occupancy of the Premises.

16.    In fact, pursuant to a letter that the Landlord received from counsel for Pinnacle, dated May 31, 2007, Pinnacle claims to be the tenant under the Lease pursuant to an Assignment and Assumption of Lease Agreement (the "Assignment") presumably between the Debtor and Pinnacle.  The Landlord never gave its consent or approval for the assignment of the Lease.  See Lease, ¶ 11 (requiring prior written approval from Landlord for assignment).  Upon information and belief, the Debtor has also not sought authority from this Court to assume and assign the Lease to Pinnacle.

17.    Moreover, in its letter of May 31, 2007, believing it has rights under the Lease, Pinnacle seeks Landlord's permission to assign (and sublet) its rights under the Lease (if any) to Impac Funding Corporation.

18.    Cause exists to grant relief to the Landlord as requested herein because: (i) the Debtor is in default under the Lease, post-petition, as a result of Debtor's failure pay Fixed Rent and Additional Rent as required by the terms of the Lease and 11 U.S.C. § 365(d)(3); (ii) the Debtor's conduct has forced Landlord to incur attorneys' fees and costs; (iii) the Debtor has attempted to assign its rights under the Lease to Pinnacle without having obtained the approval of this court or the Landlord; and (iv) the Debtor has improperly turned over possession of the

Premises to Pinnacle, a party never having any right or privilege to occupy the Premises, without Court approval.

19.    Landlord has been placed in an impossible situation by the Debtor, leaving it no other choice but to seek recourse from this Court. The Debtor has failed to perform its statutory obligations under the Bankruptcy Code to pay rent and other sums due under the Lease, and in an apparent attempt to assign its Lease, has permitted a third party to enter the Premises without the knowledge or permission of Landlord. While the Debtor enjoys the benefits afforded to it under 11 U.S.C. § 365(d)(4)(i), the Landlord has been left in the position of being asked to consent to a proposed assignment of the Lease by a party (Pinnacle) who is already occupying the Premises where there is no motion pending (let alone an order of this Court) authorizing the assumption and assignment. Nor can the Landlord exercise any of its contractual or state law remedies to address the Debtor's payment defaults or the fact that the Debtor improperly allowed Pinnacle to take possession of the Premises. To make matters worse, the Debtor has not returned the Landlord's repeated telephone calls or electronic mail, or otherwise stated the Debtor's position or intentions with regard to the Lease and the Premises.

## RELIEF REQUESTED

20.    The Landlord seeks an Order compelling the Debtor to: (a) immediately assume or reject the Lease, and if appropriate, assign the Lease; (b) immediately pay to the Landlord all outstanding post-petition obligations under the Lease, including Fixed Rent and Additional Rent; (c) immediately pay to the Landlord all reasonable attorneys' fees and costs incurred by the Landlord as a result of the Debtor's defaults as set forth herein, and/or (d) such other and further relief as may be just and appropriate, such as granting Landlord relief from the provisions of the automatic bankruptcy stay pursuant to 11 U.S.C § 362 to permit the Landlord to exercise its

5

rights and remedies under the Lease and in accordance with Connecticut state law with respect to the Debtor and the Lease.

## BASIS FOR RELIEF REQUESTED

21.    In the event that the Debtor seeks, and the Court authorizes the assumption and/or assignment of the Lease, the Landlord is entitled to and seeks: (i) the immediate cure of all defaults under the Lease, and (ii) adequate assurance of future performance. See 11 U.S.C. §§ 365(b), 365(d)(3).

22.    Further, pursuant to 11 U.S.C. § 365(d)(3), the Debtor is absolutely obligated to "timely" perform all of its obligations under the Lease. See 11 U.S.C. § 365(d)(3). As noted above, despite the Debtor's clear obligation under the Bankruptcy Code, the Debtor has failed, refused, and/or neglected to timely (or otherwise) perform its obligations under the Lease. Moreover, the Landlord is entitled to the attorneys' fees it has incurred to require the Debtor to comply with 11 U.S.C. § 365(d)(3). See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., No. 05-1429, 127 S. Ct. 1199 (2007).

23.    Accordingly, the Landlord seeks an order directing the Debtor to immediately pay the Landlord all sums due under the Lease, including without limitation, all reasonable legal fees and costs incurred in connection with the Landlord's attempts to compel the Debtor to perform its obligations under the Lease.

## NOTICE

24.    Contemporaneously herewith, the Landlord has filed a motion to limit notice (the "Motion to Limit") pursuant to which the Landlord has served notice of this Motion upon: (i) counsel to the Debtors; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the DIP Lenders; (iv) counsel to Michael J. Missal, the Examiner; and (v) the United

States Trustee. As more fully set forth in the Motion to Limit, the Landlord respectfully requests that this Court find that such notice is sufficient.

**WHEREFORE,** BCIA 95 Glastonbury Boulevard LLC, respectfully requests an Order: compelling the Debtor to: (a) immediately assume or reject the Lease, and if appropriate, assign the lease; (b) immediately pay to the Landlord all outstanding post-petition obligations under the Lease, including Fixed Rent and Additional Rent; (c) immediately pay to the Landlord all reasonable attorneys' fees and costs incurred by the Landlord as a result of the Debtor's defaults as set forth herein, and/or (d) such other and further relief as may be just and appropriate such as granting Landlord relief from the provisions of the automatic bankruptcy stay pursuant to 11 U.S.C § 362 to permit the Landlord to exercise its rights and remedies under the Lease and in accordance with Connecticut state law with respect to the Debtor and the Lease.

Dated: June 19, 2007                              COZEN O'CONNOR

                                                  Jeffrey R. Waxman (No. 4159)
                                                  Chase Manhattan Centre
                                                  1201 N. Market Street, Suite 1400
                                                  Wilmington, DE 19801
                                                  Telephone: (302) 295-2000

                                                  - and -

                                                  Douglas M. Evans, Esq.
                                                  Conn. Bar # CT04613
                                                  KROLL, McNAMARA, EVANS
                                                  & DELEHANTY, LLP
                                                  29 South Main Street
                                                  West Hartford, CT 06107
                                                  Telephone: (860) 561- 7070

                                                  *Counsel to BCIA 95 Glastonbury*
                                                  *Boulevard LLC*