# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

## MOTION OF BCIA 95 GLASTONBURY BOULEVARD LLC
## TO LIMIT NOTICE

BCIA 95 Glastonbury Boulevard LLC (the "Landlord") hereby moves this Court for an Order under Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a), providing that service of the notice with respect to the Motion for an Order Compelling Debtor to Immediately Assume and Assign Lease for Non-Residential Real Property and Cure Defaults Under Lease (the "Motion"),[1] which is being filed contemporaneously herewith and incorporated herein by reference, be limited to the parties designated below, and in support thereof, the Landlord respectfully represents as follows:

1.  Local Bankruptcy Rule 2002-1(b) provides:

"in chapter 11 cases, all motions (except matters specified in Fed. R. Bank. P. 2002(a)(1), (4), (5), 7), 2002(b) and 2002(f) and Local Rules 4001-1 and 9013-1) shall be served only upon counsel for the debtor, the United states trustee, counsel for all official committees, all parties who file a request for services of notices under Fed. R. Bankr. P. 2002(1) and all parties whose rights are affected by the motion. . . .

2.  In this case, the Motion does not implicate any of the relevant rules cited by Rule 2002-1, except to the extent that the Landlord seeks relief from the automatic stay to allow the Landlord to (a) commence and/or continue legal action in the Connecticut Superior Court to regain possession of the Premises subject to the Lease, 95 Glastonbury Boulevard, Glastonbury,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Connecticut, including without limitation, commencement of an action for summary process; and (b) to take such other action as may be necessary to protect its rights under state law related to the Lease and/or the Premises. Such relief, however, is incidental to the relief sought by the Motion which seeks to compel the Debtors to assume and assign a lease of nonresidential real property.

3. There are approximately 180 parties-in-interest on the Debtors' 2002 service list, and the Landlord respectfully asserts that effectuating service upon each of those parties would create a significant expense. Based upon the recent decision by the United States Supreme Court in the case of Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 127 S.Ct. 1199 (2007), the Landlord would assert that the Debtors' estates are responsible for any costs incidental to the Motion which is necessary to preserve its rights, including the costs of service of the Motion. Accordingly, limiting notice of the Motion will maximize the value of the Debtors' estates.

4. The Landlord requests that notice of the Motion together with a copy of the Motion, be given to: (i) counsel to the Debtors; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the DIP Lenders; (iv) counsel to Michael J. Missal, Examiner; and (v) the United States Trustee. The undersigned has conferred with counsel for the Debtors and has been informed that the Debtors consent to entry of an Order limiting notice as requested herein.

5. The Landlord believes that service of the Motion on the parties listed above strikes an appropriate balance between ensuring that all parties reasonably interested in the outcome of the Motion will have notice thereof and a full opportunity to respond thereto and preserving the estate's limited resources.

6. The Landlord does not seek to shorten the notice period.

WILMINGTON\53955\1 099997.000

WHEREFORE, the Landlord respectfully requests the entry of an Order, a copy of which is attached hereto as Exhibit "A," limiting notice as set forth above, and granting such other and further relief as may be just and proper.

Dated: June 19, 2007

          COZEN O'CONNOR

          */s/ Jeffrey R. Waxman*
          Jeffrey R. Waxman (No. 4159)
          Chase Manhattan Centre
          1201 N. Market Street, Suite 1400
          Wilmington, DE 19801
          Telephone: (302) 295-2000

          - and -

          Douglas M. Evans, Esq.
          Conn. Bar # CT04613
          KROLL, McNAMARA, EVANS
          & DELEHANTY, LLP
          29 South Main Street
          West Hartford, CT 06107
          Telephone: (860) 561- 7070

          *Counsel to BCIA 95 Glastonbury Boulevard LLC*