IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                  :    **Chapter 11**
                                                        :
**NEW CENTURY TRS HOLDINGS,**                           :    **Case No. 07-10416 (KJC)**
**INC., a Delaware corporation, et al.,**[1]            :
                                                        :    **Jointly Administered**
              **Debtors.**  :
                                                        :    Objection Deadline:  June 29, 2007
                                                        :

**NOTICE OF REJECTION OF EXECUTORY CONTRACT**

TO:    Canon Financial Services Inc.
        Attn: Kristy Shea
        158 Gaither Dr. STE 200
        Mt. Laurel, NJ 08054

TO:    Canon Financial Services Inc.
        Attn: Kristy Shea
        PO Box 42937
        Philadelphia, PA 42937

Re:    Equipment Lease Agreement 004-0195603-032 between Home123 Corporation and Canon Financial Services Inc. (the "Executory Contract")
        Expiration Date: Month to Month
        Monthly Obligation: $753.67

        **PLEASE TAKE NOTICE** that on April 25, 2007 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3167462-1

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Executory Contract. Pursuant to the terms of the Order, the Executory Contract shall be deemed rejected effective ten (10) days after this notice is served (the "Effective Date of Rejection").

PLEASE TAKE FURTHER NOTICE that, should you object to the Debtors' rejection of the Executory Contract, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Executory Contract" (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California 94111, Attention: Suzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, if any; and (iii) the Office of the United States Trustee. Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Executory Contract shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court; ii) counsel to the Official Committee of Unsecured Creditors: Blank Rome, LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801-4226, Attention: Bonnie Glantz Fatell, Esq. and Hahn & Hessen LLP, 488 Madison Avenue, 14th & 15th Floor, New

RLF1-3167462-1

York, New York 10022, Attention: Mark T. Power, Esq; and (iii) the Office of the United States

Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035,

Attention: Joseph McMahon, Jr., Esq.

        **PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and

served on the Objection Notice Parties as specified above, the Court will schedule a hearing to

consider that objection. If the Court upholds the objection and determines the effective date of

rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that

date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not

determine the date of rejection, the rejection date of such executory contract, lease, sublease or

interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit

or arrangement, such lessor or contract counter-party may not offset or otherwise use such

deposit without prior authorization from the Bankruptcy Court.

3

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Executory

Contract you are required to file a rejection damages claim, if any, by the later of (i) the claims

bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of

Rejection.

Dated:  June 19, 2007
      Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

4

RLF1-3167462-1