UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY HOLDINGS, INC., a Delaware ) | Case No. 07-10416 (KJC) |
| corporation, et al.[1] ) | Jointly Administered |
| Debtor. ) | |
| ) | **Relates to Docket No. 1173** |

### OBJECTION TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A CLASS PROOF OF CLAIM

Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa") and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Plans"), for themselves and all other similarly situated, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

SL1 731420v1/102440.00001

Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries"), hereby object to the Motion of Debtors and Debtors in Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof ("Motion") and request either (1) that the Beneficiaries, in such capacity, be exempt from the General Bar Date proposed in the Motion; or, in the alternative, (2) that the Beneficiaries be permitted to file a class proof of claim, and in further support thereof, state as follows:

### Jurisdiction, Venue and Basis for Relief Sought

1. This Court has jurisdiction over the Motion and this Objection and Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The predicates for the relief sought are 11 U.S.C. §502 and Rules 3003(c)(3), 3002(c)(3), 9013, 9014 and 7023 of the Federal Rules of Bankruptcy Procedure.

### Background

2. On or about January 1, 1999, New Century Financial Corporation ("New Century") executed and made available to eligible employees the New Century Deferred Compensation Plan. New Century subsequently replaced the original Deferred Compensation Plan with the New Century Financial Corporation Deferred Compensation Plan Amended and Restated July 1, 2004 (the "Plan").

3. Amounts contributed to and/or withheld under the Plan from the participants' salaries, bonuses and commissions were placed in a trust ("Plan Assets"). As of December 31, 2006 the trust contained in excess of $43 million (and perhaps as much as $49 million) of Plan Assets.

Case 07-10416-BLS    Doc 1408    Filed 06/20/07    Page 3 of 10

4. Debtors filed petitions for chapter 11 relief on April 2, 2007 (the "Petition Date") and the cases have been jointly administered by this Court.

5. Following a May 7, 2007 hearing on the Beneficiaries' Motion for Appointment of an Additional Committee ("1102(b) Motion"), this Court ruled that the Plan Assets remain held in a segregated account (the "Segregated Account") pending further court order.

6. Debtors filed the instant Motion on June 8, 2007. The Motion requests that this Court establish a General Bar Date of August 31, 2007(the "General Bar Date"). Motion at ¶ 6. Debtors request that all governmental units be required to file their proofs of claim by October 2, 2007, the Governmental Bar Date. Id. at ¶ 7. The Motion also seeks to establish "the later of (a) the General Bar Date and (b) 30 days after the effective date of rejection" as the Rejection Bar Date pertaining to claims arising out Debtors' rejection of executory contracts and unexpired leases. Id. at ¶ 8. Finally, Debtors propose a Schedules Bar Date of "the later of the (a) General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the Schedules, if any, is served on the claimant." Id. at ¶ 9. This bar date applies to any claim arising from any future amendments to the Schedules. Id.

7. The Motion also establishes the procedures by which Debtors will provide notice of the Bar Dates to all interested parties as well as the manner in which creditors must complete and serve their proofs of claim. Among the procedures Debtors seek to establish is the requirement that all parties filing proofs of claim specify the debtor against which the claim is made. Motion at ¶ 18.

3

06/20/07/SL1 731420v1/102440.00001

8. Finally, the Debtors further "propose that any entity that is required to file a proof of claim . . . but fails to do so by the applicable Bar Date, should be forever barred, estopped and enjoined from" asserting future claims against the Debtors' or voting upon, and/or receiving distributions under, any plan of reorganization or liquidation." Motion at ¶ 11. The Debtors contend "that establishing 60 days after the Service Date as the General Bar Date will provide claimants ample time after the mailing of the Bar Dates Notice within which to review the Schedules and compare the information contained therein with their own books and records." Motion at ¶ 14.

9. Today, June 20, 2007, the members of the Ad Hoc Beneficiaries Committee, as Beneficiaries, are commencing an adversary proceeding against the Debtors, Wells Fargo Bank N.A. as Trustee, the Compensation Committee of the Board of Directors of the New Century Financial Corporation as the Plan Administrator, and the Official Committee of Unsecured Creditors by filing a Complaint seeking, *inter alia*, declaratory and equitable relief to redress violations of ERISA with regard to the funds held in the Segregated Account (the "Adversary Proceeding"). The Beneficiaries, among other relief, seek a ruling that the Plan Assets in the Segregated Account are being held in trust for the exclusive benefit of the Beneficiaries.

10. The Beneficiaries object to the application of the General Bar Date to such claims that they may have either now (on a contingent or conditional basis) or arising out of an adverse ruling with respect to their rights in the Plan Assets.[2] First, to the extent such claims do or will exist, they likely come within the exception to the preclusive and

---

[2] The Beneficiaries seek relief from the Motion only as to such claims as might arise from their status as participants in the Plan or as beneficiaries of the Plan and its accompanying trust, including such claims as would arise from a denial of their contention that the Plan Assets are held in trust for their exclusive benefit. As employees, the same individuals may have other claims – for wages, salaries, severance pay, benefits, etc. – and this Objection does not seek relief as to such other employment-related claims, if any.

binding effect of chapter 11 bar date orders pursuant to Rules 3003(c)(3) and 3002(c)(3). Second, the aggregate amount of these contingent and/or conditional claims (which will exist only if there is a final judgment that the Plan Assets are not held for the exclusive benefit of the Beneficiaries) is known to the Debtors and the OCUC; the aggregate claim amount is the amount contributed by the Beneficiaries to the Plan and remaining in the Plan (and presumably held in the Segregated Account), as shown by the Debtors' and the Trustee's records. No purpose is served by imposing the General Bar Date on the Beneficiaries. Moreover, while the Plan sponsor appears to be New Century Financial Corporation, individual Beneficiaries may have the impression that the claim they might someday hold is against their particular employer, leading to confusion over which Debtor to file against (or necessitating filing against all). Additional discovery, and perhaps a judicial determination, is required to determine against what entity such claims, if any, would be filed, although it appears to be New Century Financial Corporation.

## Argument

### A.   *Beneficiaries' claims are excepted from the Bar Dates under Fed. R. Bankr. P. 3002(c)(3).*

11.   Generally, in a chapter 11 case, unsecured creditors' claims are allowed only if a proof of claim is filed within the time set by the court. Fed. R. Bankr. P. 3003(c)(3). However, "[a]n unsecured claim which . . . becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment . . . denies or avoids the entity's interest in property." Fed. R. Bankr. P. 3002(c)(3), 3003(c)(3).

12.   The Beneficiaries, in such capacity, will only have allowed unsecured claims to the extent that the Court finds that the Plan Assets are not held in trust for the

5

exclusive benefit of the Beneficiaries and, therefore, that the Beneficiaries' interests in the Plan Assets are as general unsecured creditors of New Century Financial Corporation.

13. Accordingly, under the apparent application of Rule 3002(c)(3), the Beneficiaries need not file a proof of claim in the chapter 11 case until the Adversary Proceeding has been finally resolved, at which point their claims will become allowable as the result of a judgment which denies their exclusive ownership rights in the Plan Assets. In the event such a judgment is entered and becomes final and non-appealable, the Beneficiaries should have 30 days under Rules 3002 and 3003 in which to file their proofs of claim.

> **B.    *The Beneficiaries should be exempted from the Bar Dates as a matter of fairness and judicial economy.***

14. To avoid any ambiguity or arguments as to the application of Rules 3002 and 3003 to the contingent, conditional claims of Beneficiaries, the Beneficiaries respectfully request that this Court exempt such claims from the General Bar Date, and that any order imposing bar dates provide the Beneficiaries with not less than thirty (30) days after a final, non-appealable judgment is entered denying their claim that the Plan Assets are held for their exclusive benefit and/or otherwise resolving their claims in order to file proofs of claim and/or a class proof of claim.

15. As mentioned above, the Beneficiaries will not know whether they have allowable unsecured claims until the Adversary Proceeding concludes.

16. No prejudice to the Debtors or the administration of these cases will result from exempting the Beneficiaries from the General Bar Date. From their own records, the 1102(b) Motion, and the Adversary Proceeding, the Debtors are aware of the aggregate amount of the Beneficiaries' contingent and conditional claims.

6

17.   In addition, the Debtors seek to require all claimants to specify the Debtor against which their claims are made. The Debtors also claim that the Bar Dates the Motion seeks to establish provide ample time for determining all of the information necessary to file proofs of claim.

18.   In fact, however, the Debtors consist of a number of subsidiaries, parent companies, affiliates and related corporations. More than 500 employees participated in the Plans, however, and many of them would find it extremely difficult to identify the specific Debtor to which their claims relate, without knowing precisely how the Plan and its accompanying trust work in the event of insolvency of New Century Financial Corporation. The Beneficiaries, without additional information and guidance, would likely assume that the claim is against their particular employer, an assumption which may not be legally correct. Indeed, the proper entity against whom claims are to be asserted may only be revealed as part of the discovery in the adversary proceeding, and may have to be determined by the Court as part of that proceeding.

19.   The interests of fairness and economy are clearly best served by exempting the Beneficiaries from the proposed General Bar Date since: (1) the Debtors are already on full notice of the amount and nature of the Beneficiaries' claims; (2) the Beneficiaries will not know whether they have allowable claims until resolution of the Adversary Proceeding; and (3) the Beneficiaries do not now possess the information required by Debtors' proposed procedures for filing proofs of claim.

>   **C.   *Finally, in the event the Court finds that the Beneficiaries must file proofs of claim by the General Bar Date, the Beneficiaries seek permission to file a class proof of claim.***

20.   The Federal Rules of Bankruptcy Procedure specifically provide for the use of a class action in adversary proceedings. Fed. R. Bankr. P. 7023. The

Beneficiaries' Adversary Proceeding is filed as a class action and class certification will be sought therein as well, under Rule 7023. This Court follows the majority rule by recognizing that Fed. R. Bankr. P. 9014 "expands that Rule to contested matters, at the Court's discretion." In re Kaiser Group International, Inc., 278 B.R. 58, 63 (Bankr. Del. 2002). The Beneficiaries request this Court to apply Rule 7023 to this matter and to authorize the filing of a class proof of claim to the extent the General Bar Date is to apply to claims of Beneficiaries.

21. A class proof of claim is appropriate where the requirements found in Fed.R.Civ.P. 23(a) and (b) are met. Under Rule 23(a), the party seeking class status need only show: "(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." Kaiser Group, 278 B.R. at 64; Fed. R. Civ. P. 23(a).

22. The Beneficiaries satisfy all four of these requirements. First, there are more than 500 participants in the Plans. Joinder of this many Beneficiaries is simply infeasible.

23. Furthermore, the legal nature of every Beneficiary's interest in the Plan Assets is contingent upon the same ERISA provisions. Their claims are governed by the exact same operative facts and issues of law and are therefore indistinguishable from one another.

24. For this same reason, the claims belonging to the proposed representatives, Schroeder, Parker, Warren, Holland, Bawa and the Ad Hoc Committee, are not only typical of, but virtually identical to, the claims and defenses of the class as a whole.

25. Finally, since the claims and defenses belonging to the named representatives and the class members are not merely similar, but virtually identical, there

is no logical basis upon which to question the representatives' ability and incentive to fairly and adequately protect the interests of the other class members. Moreover, the Ad Hoc Committee has retained counsel and raised funds to support the prosecution of the proceedings in this case.

26.  Likewise, the Beneficiaries' claims satisfy the requirements of Rule 23(b) which state that class actions are appropriate where all of the requirements of Rule 23(a) are met *and*:

> (1) the prosecution of separate action by or against individual members of the class would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . .

Fed R. Civ. P. 23(b).

27.  While only (A) or (B) must be met, both of them are satisfied here because both the factual and legal issues involved are identical among the individual Beneficiaries. Therefore, a ruling as to one Beneficiary's claim is going to affect all of the claims held by the Beneficiaries. Accordingly, the interests of due process are best served by allowing the Beneficiaries to file a class proof of claim.

### Conclusion

WHEREFORE, the Beneficiaries respectfully request this Court deny the Debtors' Motion as to them, and instead enter an Order:

1.  Exempting the Beneficiaries from the General Bar Date established in the Debtors' Motion and providing that the Beneficiaries, in such capacity, may file proofs of

9

claim within thirty (30) days after entry of a final, non-appealable judgment in the Adversary Proceeding; or, in the alternative;

2. Applying Rule 7023 to this matter and permitting the Ad Hoc Committee and/or the above-named Beneficiaries to file a class proof of claim on behalf of all Beneficiaries similarly situated.

Dated: June 20, 2007

STEVENS & LEE, P.C

/s/ Joseph H. Huston, Jr.
JOSEPH H. HUSTON, JR. (NO. 4035)
1105 NORTH MARKET STREET
SUITE 700
WILMINGTON, DE 19801
TELEPHONE: (302)425-3310
TELECOPIER: 610-371-7972
EMAIL: *jhh@stevenslee.com*

- and -

**BERNSTEIN, SHUR, SAWYER & NELSON**

ROBERT J. KEACH
MICHAEL A. FAGONE
100 MIDDLE STREET
P.O. BOX 9729
PORTLAND, ME 04104-5029
TELEPHONE: (207) 774-1200
TELECOPIER: (207) 774-1127
EMAIL: *rkeach@bernsteinshur.com*
*mfagone@bernsteinshur.com*