UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.[1]<br>                   Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |
| GREGORY J. SCHROEDER, MICHELLE PARKER, MARTIN WARREN, STEVE HOLLAND, NABIL BAWA, and the AD HOC COMMITTEE OF BENEFICIARIES OF THE NEW CENTURY FINANCIAL CORPORATION DEFERRED COMPENSATION PLAN and the NEW CENTURY FINANCIAL CORPORATION SUPPLEMENTAL EXECUTIVE RETIREMENT SAVINGS PLAN for themselves and all others similarly situated,<br><br>                   Plaintiffs<br><br>                   v.<br><br>NEW CENTURY HOLDINGS, INC., a Delaware Corporation, NEW CENTURY FINANCIAL CORPORATION (F/K/A NEW CENTURY REIT, INC.), a Maryland corporation; NEW CENTURY TRS HOLDINGS, INC. (F/K/A NEW CENTURY FINANCIAL CORPORATION), a Delaware corporation; NEW CENTURY MORTGAGE CORPORATION (F/K/A JBE MORTGAGE) (D/B/A NCMC MORTGAGE CORPORATE, NEW | Adv. Proc. No. 07-_____ |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

| | |
|---|---|
| CENTURY CORPORATION, NEW CENTURY MORTGAGE VENTURES, LLC), a California corporation; NC CAPITAL CORPORATION, a California corporation; HOME 123 CORPORATION (F/K/A THE ANYLOAN CORPORATION, 1800ANYLOAN.COM, ANYLOAN.COM), a California corporation; NEW CENTURY CREDIT CORPORATION (F/K/A WORTH FUNDING INCORPORATED), A CALIFORNIA CORPORATION; NC ASSET HOLDING, L.P. (F/K/A NC RESIDUAL II CORPORATION), a Delaware limited partnership; NC RESIDUAL III CORPORATION, a Delaware corporation; NC RESIDUAL IV CORPORATION, a Delaware corporation; NEW CENTURY R.E.O. CORP., a California corporation; NEW CENTURY R.E.O. II CORP., a California corporation; NEW CENTURY R.E.O. III CORP., a California corporation; NEW CENTURY MORTGAGE VENTURES, LLC (D/B/A SUMMIT RESORT LENDING, TOTAL MORTGAGE RESOURCE, SELECT MORTGAGE GROUP, MONTICELLO MORTGAGE SERVICES, AD ASTRA MORTGAGE, MIDWEST HOME MORTGAGE, TRATS FINANCIAL SERVICES, ELITE FINANCIAL SERVICES, BUYERS ADVANTAGE MORTGAGE), a Delaware limited liability company; NC DELTEX, LLC, a Delaware limited liability company, NCORAL, L.P., a Delaware limited partnership; and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| WELLS FARGO BANK N.A. a/k/a WELLS FARGO ITS, as trustee of the trust formed under the New Century Financial Corporation Supplemental Benefit and Deferred Compensation Trust Agreement; and | ) ) ) ) ) |
| HAROLD A. BLACK, FREDERIC J. FOSTER, DONALD E. LANGE, and MICHAEL M. SACHS, in their capacity as the Compensation Committee of the Board of Directors of New Century Financial Corporation and therefore the Plan Administrator, and any successors thereto and any Committee (as defined in the Plan) appointed by the Plan Administrator; and | ) ) ) ) ) ) ) ) ) ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED | ) |

2

06/20/07/SL1 731169v1/102440.00001

|  |  |
|---|---|
| CREDITORS, | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND OTHER EQUITABLE RELIEF – CLASS ACTION

NOW COME Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa") and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan , for themselves and all other similarly situated beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries") and demand judgment against New Century Holdings, Inc.; New Century Financial Corporation (f/k/a New Century REIT, Inc.); New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation); New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC); NC Capital Corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com); New Century Credit Corporation (f/k/a Worth Funding Incorporated); NC Asset Holding, L.P. (f/k/a NC Residual II Corporation); NC Residual III Corporation; NC Residual IV Corporation; New Century R.E.O. Corp.; New Century R.E.O. II Corp.; New Century R.E.O. III Corp.; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage); NC Deltex, LLC; NCoral, L.P.; Wells Fargo Bank N.A. a/k/a Wells Fargo ITS; Harold A. Black, Frederic J. Foster, Donald E. Lange and Michael M. Sachs as the Compensation Committee and

the Plan Administrator (and any Committee appointed thereby); and the Official Committee of Unsecured Creditors (collectively, the Defendants") as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 157 and 1334, and 29 U.S.C. § 1132(e). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). There is no applicable administrative procedure under the Plan (as defined below) which must be exhausted, nor is this matter arbitrable, given that, *inter alia,* this action seeks declaratory and equitable relief to redress violations of ERISA, involves an interpretation of ERISA's provisions and their application to an employee benefit plan, involves the legality of the structure of the Plan under ERISA and equitable relief to prevent the use of the assets of the Plan other than for payment of benefits to beneficiaries of the Plan. *See, e.g., Delgrosso v. Spang & Co.,* 769 F.2d 928 (3d. Cir. 1985); *Donaldson v. Pharmacia Pension Plan,* 435 F. Supp. 853 (S.D. Ill. 2006).

## II. PARTIES

3.  Plaintiffs Gregory Schroeder, Michelle Parker, Martin Warren, Steve Holland and Nabil Bawa are former employees of one or more of the Debtors and each is a participant in and beneficiary of the New Century Financial Corporation Deferred Compensation Plan and/or New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively the "Plan").

4.  Plaintiffs The Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Ad Hoc Committee") consists of the employees and/or former employees of the Debtor listed on <u>Exhibit A</u> hereto, all of whom are Beneficiaries. Plaintiffs bring this action on

their behalf and on behalf of all similarly situated Beneficiaries. Schroeder, Parker, Warren, Holland and Bawa constitute the governing subcommittee of the Ad Hoc Committee and are authorized to prosecute this action on behalf of the Ad Hoc Committee.

5.      Defendants New Century Holdings, Inc.; New Century Financial Corporation (f/k/a New Century REIT, Inc.); New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation); New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC); NC Capital Corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com); New Century Credit Corporation (f/k/a Worth Funding Incorporated); NC Asset Holding, L.P. (f/k/a NC Residual II Corporation); NC Residual III Corporation; NC Residual IV Corporation; New Century R.E.O. Corp.; New Century R.E.O. II Corp.; New Century R.E.O. III Corp.; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage); NC Deltex, LLC; and NCoral, L.P.; are the Debtors and Debtors-In-Possession in the above-captioned Chapter 11 case (collectively, the "Debtors").

6.      Defendant Wells Fargo Bank, N.A. a/k/a Wells Fargo ITS, is the trustee under the Trust Agreement (as defined below)(the "Trustee").

7.      Defendants Harold A. Black, Frederic J. Foster, Donald E. Lange, and Michael M. Sachs (and any successors thereto), as members of the Compensation Committee of the Board of Directors of New Century Financial Corp., constitute the Plan Administrator under the terms of the Plan (the "Plan Administrator"). The Committee is appointed by the Plan Administrator and has duties as defined in the Plan.

5

8. Defendant the Official Committee of Unsecured Creditors ("OCUC") is the official committee appointed pursuant to 11 U.S.C. § 1102.

### III. CLASS ACTION ALLEGATIONS

9. The Plaintiffs bring this action in their own rights and on behalf of the class of all those who are similarly situated. The prospective class, consisting of all Beneficiaries, consists of over 500 beneficiaries of the Plan and is so numerous as to make joinder impracticable.

10. The issues of law and fact raised by this Complaint—whether the Plan Assets (as defined below) are or must be held for the exclusive benefit of the Beneficiaries-are common to all members of the proposed class of Beneficiaries.

11. The claims of the Plaintiffs, the proposed class representatives, are typical of the claims of the class.

12. The Plaintiffs can adequately represent the interests of the proposed class. Without limitation, the Plaintiffs have been active in the protection of the interests of all Beneficiaries through action in the Chapter 11 cases to date, have retained counsel and have independently raised approximately $86,100 in retainer funds, to date, to assist in the funding of this litigation.

13. This action is maintainable as a class action under Rules 23(b)(1)(B), 23 (b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

### IV. ALLEGATIONS APPLICABLE TO ALL COUNTS

14. On or about January 1, 1999, New Century Financial Corporation ("New Century") executed and made available to eligible employees the New Century Deferred Compensation Plan. New Century subsequently replaced the original Deferred Compensation

Plan with the New Century Financial Corporation Deferred Compensation Plan Amended and Restated July 1, 2004 (the "Plan"), attached hereto as Exhibit B.

15.     The Plan is an "employee benefit plan" as defined by the Employee Retirement Income Security Act ("ERISA") pursuant to 29 U.S.C. § 1002(3).

16.     The Plan claims to provide "certain key employees" with "additional retirement benefits and increased financial security, on a tax favored basis." The Plan also claims to be unfunded. *See* Exh. B at Art. 1 and § 15.9.

17.     New Century's obligations under the Plan are supported by an irrevocable trust (the "Trust") which was created on or about January 1, 1999 by the New Century Supplemental Benefit and Deferred Compensation Trust Agreement (the "Trust Agreement"), attached hereto as Exhibit C. The Trust was intended "to assist [New Century] and its affiliates in meeting their respective liabilities under the Plans . . ." *See* Exh. C at pg. 1.

18.     The Trust continued to be effective under the Plan. The Trustee is the trustee appointed pursuant to the Trust Agreement. Upon information and belief, all amounts withheld from employee compensation and/or to be contributed to the Plan were placed into a segregated account in the name of the Trustee, have remained segregated in such account since being contributed (except to the extent distributed to Beneficiaries under the Plan), and remain in such account as of the date hereof.

19.     Except in the case of insolvency, termination or change of control, New Century has "no right or power to direct the Trustee to pay to [New Century] or to divert to others any of the Trust assets before all payments of benefits have been made to the Participants and their beneficiaries pursuant to the terms of the Plans." Exh. B, § 4.7.

7

20. As of December 31, 2006, the Plan Assets in the Trust had an ending market value in excess of $49 million. Upon information and belief, the Trustee currently holds in excess of $43 million in a separate, segregated account (the "Plan Assets") subject to the terms of the Trust. The Plan Assets consist primarily of Beneficiaries' contributions and/or amounts withheld from wages, bonuses, and salaries of Beneficiaries, with a small balance consisting of required matching contributions under the Plan. Pursuant to orders of the Court described below, the Plan Assets may not be used for any purpose pending further order of the Court.

21. Employees earning wages of a minimum of $125,000 *including* base salary, commissions and bonus income were eligible to join the Plan. Upon information and belief, employees earning much less than $125,000 and who were not highly compensated under any definition were also allowed to participate in the Plan.

22. The vast majority of the Beneficiaries had no role in negotiating or determining the terms of the Plan, and had no ability to influence such terms. Participation in the Plan was largely unilaterally imposed upon the Beneficiaries.

23. The vast majority of the Beneficiaries, as participants in the Plan, were neither management-level employees, nor highly compensated. In fact, employees with base salaries as low as $18,000 were considered eligible for the Plan based solely upon their <u>projected</u> commission income, which in many cases was never realized.

24. In 2006, New Century had no fewer than 7,078 employees; no fewer than 1,134 employees were eligible to participate in the Plan in 2006; accordingly, more than 16% of New Century's employees were eligible to participate in the Plan in 2006.

25.   In 2007, New Century had 6,818 employees and 1,184, or more than 17%, of those employees were eligible to participate in the Plan. Upon information and belief, eligible employees made up an even higher percentage of the total workforce at various times after 1999.

26.   New Century filed a voluntary petition for Chapter 11 relief on April 2, 2007. On April 30, 2007, the Court issued an Order that the Plan Assets remain *status quo* until resolution of the then-pending motion under section 1102 filed by the named Plaintiffs hereunder (the "1102 Motion").

27.   Following the May 7, 2007, hearing on the 1102 Motion, the Court ordered that the Plan Assets continue to be segregated and remain status quo pending further order of the Court.

## COUNT I
## DECLARATORY JUDGMENT REGARDING THE PLAN'S STATUS AS A "TOP HAT" PLAN UNDER ERISA AND THE NATURE OF THE TRUST

28.   The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-27 of this Complaint as if fully set forth in this Count I.

29.   The Plan is an "employee benefit plan" under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(3).

30.   As an employee benefit plan under ERISA, unless the Plan falls within a specific exemption under ERISA, the Plan is subject to ERISA's substantive provisions and protections, including, without limitation: (a) 29 U.S.C. §1103(c)(1) which provides that contributions to employee benefit plans must be and are held in trust for the exclusive benefit of the plan participants and may not be used or diverted for the benefit of the employer or to satisfy the

employer's obligations; and (b) 29 U.S.C. §1056(d), which prevents the voluntary or involuntary transfer or alienation of plan assets.

31.     Upon information and belief, some or all of the Defendants may contend that the Plan is exempt from ERISA's substantive provisions because the Plan qualified as a "top hat" plan, and, accordingly, that the Plan Assets are subject to the claims of all or some of the Debtors' general creditors under the terms of the Plan and/or Trust Agreement.

32.     A "top hat" plan is an employee benefit plan that is 'unfunded and maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees," as provided in 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1).

33.     A plan is a "top hat" plan if: (1) the plan is unfunded; (2) it is maintained by an employer primarily for the purpose of providing a deferred compensation for a select group of management or highly compensated employees; and (3) the employees participating in the alleged "top hat" plan have sufficient influence within the company to negotiate compensation agreements that will protect their own interests where ERISA provisions do not apply.

34.     "Select group" means that the employees eligible to participate are both limited in number and occupy highly compensated and/or high level positions.

35.     Without limitation, more than 16% of New Century's total workforce was eligible to participate in the Plan in 2006 and more than 17% were eligible to participate in the Plan in 2007. For those and other reasons, the Plan was available to far more than a "select group" of employees.

36. Most participants in the Plan were neither highly compensated nor were they management employees. In fact, some non-management employees were permitted to participate in spite of annual base salaries as low as $18,000.

37. Many participants in the Plan were forced to enroll in the Plan and almost all of the eligible employees did not have sufficient expertise or leverage to negotiate or influence the Plan's terms, either individually or collectively.

38. The Plan is not in fact unfunded within the meaning of ERISA.

39. The Plan is not a "top hat" plan exempt from ERISA's substantive provisions, including, without limitation, the exclusive benefit and non-inurement rules.

40. Under ERISA, all Plan Assets in the Trust, or otherwise, are held in trust for the exclusive benefit of the Beneficiaries regardless of any language in the Trust Agreement or the Plan to the contrary.

41. Specifically, the Plan is subject to the "exclusive benefit rule", which provides that all contributions to a plan must be and are held in trust for the exclusive benefit of the Beneficiaries as plan participants. As such, they may not be used or diverted for the benefit of the employer or to satisfy the employer's obligations, 29 U.S.C. § 1103(c)(1). The terms of that section of ERISA are implied into and imported within the Trust and the Plan by operation of law.

42. The "non-inurement rule" also applies and precludes the Plan Assets from ever becoming assets of New Century's estate because New Century's interest in the funds was severed at the time of the original contribution by the employee under the Plan; such provision of ERISA is implied into and imported within the Trust and the Plan by operation of law. The Plan Assets are excluded from all of the Debtors' estates.

## COUNT II
## IMPOSITION OF TRUST AS REDRESS FOR ERISA VIOLATIONS

43. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42 above as if fully set forth in this Count II.

44. The contributions of the Beneficiaries to the Plan and/or all Plan Assets were held in trust for the exclusive benefit of the Beneficiaries from the moment the contributions were withheld by the Debtors from the compensation of each Beneficiary or paid into the Plan by the Beneficiary, and remain in trust for their exclusive benefit.

45. Any provisions of the Plan or the Trust that are contrary to the exclusive benefit rule, the non-inurement rule or any other substantive provisions of ERISA, or any handling of the Plan assets in contravention of such provisions, constitute a violation of ERISA.

46. Pursuant to 29 U.S.C. § 1132, the Court can order appropriate equitable relief to redress any violations of ERISA.

47. Pursuant to 29 U.S.C. § 1132, the Court may impose an implied, constructive or equitable trust and/or equitable lien on the Plan Assets in the Trust for the exclusive benefit of the Beneficiaries, and order the Trustee to distribute such Plan Assets consistent with such trust so imposed.

## COUNT III
## REFORMATION OF PLAN AND TRUST AS REDRESS FOR ERISA VIOLATIONS

48. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-47 above as if fully set forth in this Count III.

49. The contributions of the Beneficiaries to the Plan were held in trust for the exclusive benefit of the Beneficiaries from the moment the contributions were withheld by the

Debtors from the compensation of each Beneficiary or paid into the Plan by the Beneficiary, and remain in trust for their exclusive benefit.

50. Any provisions of the Plan or the Trust that are contrary to the exclusive benefit rule, the non-inurement rule or any other substantive provisions of ERISA, or any handling of the Plan assets in contravention of such provisions, constitute a violation of ERISA.

51. Pursuant to 29 U.S.C. § 1132, the Court can order appropriate equitable relief to redress any violations of ERISA.

52. Pursuant to 29 U.S.C. § 1132, the Court may reform the Trust to delete and/or invalidate any and all provisions contrary to, or which impede the operation of, the exclusive benefit rule, the non-inurement rule or other substantive provisions of ERISA, and to incorporate ERISA's substantive provisions to the extent not already implied into the Plan and Trust by operation of law.

## COUNT IV
## PLAN ASSETS EXCLUDED FROM ESTATES

53. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-52 above as if fully set forth in this Count IV.

54. The contributions of the Beneficiaries to the Plan were held in trust for the exclusive benefit of the Beneficiaries from the moment the contributions were withheld by the Debtors from the compensation of each Beneficiary or paid into the Plan by the Beneficiary, and remain in trust for their exclusive benefit.

55. The Plan is an "employee benefit plan that is subject to title I of the Employment Retirement Income Security Act of 1974" within the meaning of 11 U.S.C. § 541(b)(7)(A)(i)(I) and/or § 541(b)(7)(B)(i)(I).

56. All of the Plan Assets consist of amounts "withheld by an employer from the wages of employees for payments as contributions [to]" and/or "received by an employer from employees for payment as contributions to" an "employee benefit plan that is subject to title I of the Employment Retirement Income Security Act of 1974" within the meaning of 11 U.S.C. § 541(b)(7)(A)(i)(I) and/or § 541(b)(7)(B)(i)(I).

57. The Plan Assets are excluded from all of the Debtors' bankruptcy estates pursuant to 11 U.S.C. section 541(b)(7)(A)(i)(I) and/or section 541(b)(7)(B)(i)(I).

## COUNT V
## ATTORNEYS' FEES

58. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-57 above as if fully set forth in this Count V.

59. Pursuant to 29 U.S.C. § 1132(g), in an action under such 29 U.S.C. § 1132, the court may allow reasonable attorneys' fees to the Plaintiffs in this case.

60. The Court may also award attorneys fees to the Plaintiffs pursuant to Rule 23(h) of the Federal Rules of Civil Procedure made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

61. Without limitation, the Debtors knowingly violated ERISA in establishing and implementing the Plan and the Trust and, accordingly, unnecessarily placed the Plan Assets at risk, forcing this action; the Debtors' estates are capable of satisfying such an award; an award of attorneys' fees would deter similar violations of ERISA; this action seeks to benefit all of the Beneficiaries and resolves an important legal question regarding the application of ERISA's substantive provisions to the Plan and Trust; and the Plaintiffs' position as to ERISA's application to the Plan and Trust has substantial merit.

06/20/07/SL1 731169v1/102440.00001

62. Any award of attorneys fees should constitute an administrative expense of the estates under, *inter alia*, the doctrine of *Reading Co. v. Brown*.

## COUNT VI
## ACCESS LIMITED TO CERTAIN GENERAL CREDITORS

63. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1-62 above as if fully set forth in this Count VI.

64. To the extent that the Court finds that the Plan is, in fact, a "top hat" plan, the assets of the Plan are subject to the claims of creditors only to the extent provided by the terms of the Trust.

65. Under the terms of the Trust, if the Plan is a "top hat" plan, the Plan Assets are subject to the claims of general creditors only of New Century, which creditors share pro rata with the Beneficiaries.

66. The term "general creditors" of New Century encompasses only general unsecured creditors of New Century, includes creditors of no other debtor or debtor's estate, and excludes all secured creditors, including to the extent asserting deficiency claims.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

1. Certifying the Beneficiaries as a class under Rule 7023, appointing the Plaintiffs as representatives of the class and appointing the undersigned as class counsel;

2. Declaring that the Plan does not meet the definition of a "top hat" plan under ERISA;

3. Declaring that the Plan and the Trust are subject to all of the substantive protections afforded by ERISA including, but not limited to, the "exclusive benefit rule" and the

"non- inurement rule"; and that such provisions are implied into the Plan and Trust by operation of law;

4. Declaring that the Plan Assets are held in trust for the exclusive benefit of the Beneficiaries;

5. Declaring that the Plan Assets are not property of any of the Debtors' bankruptcy estates;

6. Ordering distribution of the Plan Assets to the Beneficiaries consistent with ERISA's substantive provisions;

7. Alternatively, imposing a trust or equitable lien upon the Plan Assets for the exclusive benefit of the Beneficiaries and ordering distribution consistent with such trust and/or lien;

8. Alternatively, reforming the terms of the Plan and/or the Trust to make them consistent with, and to import the terms of, ERISA's substantive protections and to provide that the Plan Assets are held in trust for the exclusive benefit of the Beneficiaries and ordering distribution consistent with such trust; and

9. Awarding to the Plaintiffs the amount of their attorneys fees and costs incurred in investigating and prosecuting this action; *inter alia,* under 29 U.S.C. §1132(g) and finding that such award constitutes an administrative expense of the Debtor's estates; and

10. Alternatively, and only in the event the Court finds the Plan to be a "top hat" plan, finding that only general creditors of New Century (and no other Debtor) share with the Beneficiaries in the Plan Assets, and defining "general creditors" to exclude all secured creditors, including as to deficiency claims.

Dated: June 20, 2007

STEVENS & LEE, P.C.

/s/ Joseph H. Huston, Jr.
JOSEPH H. HUSTON, JR. (NO. 4035)
1105 NORTH MARKET STREET
SUITE 700
WILMINGTON, DE 19801
TELEPHONE: (302)425-3310
TELECOPIER: 610-371-7972
EMAIL: *jhh@stevenslee.com*

- and -

**BERNSTEIN, SHUR, SAWYER & NELSON**

ROBERT J. KEACH
MICHAEL A. FAGONE
100 MIDDLE STREET
P.O. BOX 9729
PORTLAND, ME 04104-5029
TELEPHONE: (207) 774-1200
TELECOPIER: (207) 774-1127
EMAIL: RKEACH@BERNSTEINSHUR.COM
MFAGONE@BERNSTEINSHUR.COM