Laura Williams-Sweeney, Ed.D.
2286 Lavista Rd. N.E., Apt. 6
Atlanta, GA 30329
June 13, 2007


New Century Mortgage trustee
844 Kings Street Room
Room 2207
Wilmington, Delaware 19899

Re: Actual debt that you are trying to collect and my cross-filing
Debtor Case Number 07-10427

Dear New Century Mortgage Trustee:

If we cannot come to an agreement on this bogus foreclosure [1018 Autumn Trace, Monroe, GA 30656], and the ACTUAL debt owed, if any, then I will use the long arm statutes of Georgia to file suit for damages X3 plus court costs, legal expenses, and expenses of collection.

I have no intention to defraud anyone, but I am tired of being victimized. In addition to foreclosing without using monies spent for taxes, you have added an additional bill for 140K plus $1200 in interest to my credit report. You have secretly damaged my reputation even further by doing this false reporting and by causing me to have a continuing tax lien with interest on my credit report.

I am exploring cross-filing this week. You have made a campaign to prevent me even from being able to rent decent housing. Taking the house was not enough. You continue to harass me and other citizens by doing all possible to see that citizens have to pay for the foreclosures that you used to seize equity.

You need to send me a statement of the exact debt you are seeking to collect including the tax monies for the lien in Monroe.

Sincerely,

*Dr. Laura G. Sweeney*

Dr. Laura G. Sweeney (formerly Williams)
Public School Teacher

Lien          Doc: FIFA          Rec # 134940
Recorded 02/22/2007 02:16PM

PATRICIA D. MALCOM
WALTON COUNTY TAX COMMISSIONER
303 S. HAMMOND DRIVE   SUITE 100
MONROE, GA 30655

KATHY E. TROST
CLERK SUPERIOR COURT, WALTON COUNTY
Bk 00067    Pg 0052

WILLIAMS LAURA
1018 AUTUMN TRACE

MONROE                    GA                    30655

0000036245  2006

H/#9 MTN CRK-I  .59AC
N086F  00000     009         000

GEORGIA - WALTON COUNTY

To all and singular sheriffs, deputy sheriffs and constables of said county;

You are commanded, that the goods and chattels, if any be found otherwise of the lands and tenements of party named above, you make by levy and sale thereof the sum of $    1189.97 or state, county and school tax for the year stated, with interest from due date at 12 percent annum, penalty where applicable, and other cost that may accrue, and you are hereby required to return this writ to me, without your actings, and doings thereon, and the sums aforesaid within the time prescribed by law.  Herein fail not.

Given under my hand this date, February 22, 2007
Tax Commissioner, Ex-Officio Sheriff _Patricia A. Malcom_

---

The within FIFA is paid in full and ordered cancelled of record.

---

Tax Commissioner, Walton County          Date

Deed    Doc: FCD    Rec #: 131075
Recorded 12/01/2006 02:50PM
Georgia Transfer Tax Paid : $0.00

KATHY K. TROST
CLERK SUPERIOR COURT, WALTON COUNTY
Bk 02611   Pg 0355-0363

Return To:

McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, Georgia 30076

STATE OF
COUNTY OF

CROSS INDEX TO DEED
BOOK 2028, PAGE 34,
WALTON COUNTY,
GEORGIA RECORDS

## DEED UNDER POWER

THIS INDENTURE, made this 7th day of November, 2006, by Laura Williams (hereinafter collectively referred to as "Borrower"), acting through this duly appointed attorney in fact, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3 (hereinafter referred to as "Lender"), as Party of the First Part, and Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3, as Party of the Second Part:

### WITNESSETH:

WHEREAS, Borrower executed and delivered that certain Security Deed given by Laura Williams to New Century Mortgage Corporation, dated August 10, 2004, recorded in Deed Book 2028, Page 34, Walton County, Georgia Records, as last transferred to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3 by assignment recorded in Deed Book 2611*, Page 354*, Walton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED TWENTY-FOUR THOUSAND ONE HUNDRED AND 0/100 DOLLARS ($124,100.00);
*BY ASSIGNMENT RECORDED SIMULTANEOUSLY HEREWITH AND MADE A PART HEREOF BY REFERENCE

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Borrower, and according to the terms of said Security Deed, did advertise said property for sale once a week for 4 weeks immediately preceding said sale in a newspaper in Walton County, Georgia, wherein the Sheriff carried his advertisements, namely the The Walton

Loan # 1759234                   Page 1    McCalla Raymer, LLC 51889606-FT10/sb1
                                            11/07/06

Tribune; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4. The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined in O.C.G.A. Section 44-14-162.1) at least fifteen days prior to the foreclosure sale date on November 7, 2006; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in November, 2006 within the legal hours of sale at the usual place for conducting Sheriff's sales in Walton County before the Courthouse door, and offered said property for sale at public outcry to the highest bidder for cash when and where the aforesaid Party of the Second Part bid ONE HUNDRED TEN THOUSAND FIVE HUNDRED AND 0/100 DOLLARS ($110,500.00); AND

WHEREAS, the said property was knocked off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said party's representatives, heirs, successors and assigns, the following described property:

> All that tract or parcel of land lying and being in Land Lot 78 of the 3rd District, Walton, County, Georgia, being Lot 9, of Unit One, Mountain Creek Subdivision, as per plat recorded in plat book 77, page 126, Records of Walton County, Georgia, which plat is by reference incorporated herein and made a part hereof.

TOGETHER WITH all and singular the rights, members and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the said Party of the Second Part, and said party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Borrower has hereunto affixed Lender's hand and seal as of the day and year first above written.

Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3

as Attorney in Fact for

Laura Williams

By: _____

Title: Vice President

By: _____

Title: Asst. Vice President

(CORPORATE SEAL)

Power of Attorney
To be recorded simultaneously herewith and made a part hereof by reference as
Exhibit "b"

Signed, sealed and delivered in the presence of:

Witness Ana Gutierrez

Notary Public
Iris B. Jenkins

My Commission Expires:
11-04-2007

(Notary Seal)

IRIS B. JENKINS
Comm. # 1440616
NOTARY PUBLIC-CALIFORNIA
Orange County
My Comm. Expires Nov. 4, 2007

**SEAL AFFIXED**

**EXHIBIT B**

LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Deutsche Bank National Trust Company, a national banking association organized and existing under the laws of the United States, formerly known as Bankers Trust Company of California, N.A. and having its principal place of business at 1761 East St. Andrew Place, Santa Ana, California, 92705, as Indenture Trustee (the "Indenture Trustee") pursuant to that New Century Home Equity Loan Trust 2004-3 Servicing Agreement dated as of September 29, 2004 (the "Agreement") by and between New Century Home Equity Loan Trust 2004-3, as Issuer, New Century Mortgage Corporation (the "Master Servicer"), and Deutsche Bank National Trust Company, as Indenture Trustee, hereby constitutes and appoints the Master Servicer, By and through the Master Servicer's officers, the Indenture Trustee's true and lawful Attorney-in-Fact, in the Indenture Trustee's name, place and stead and for the Indenture Trustee's benefit, in connection with all mortgage loans serviced by the Master Servicer pursuant to the Agreement solely for the purpose of performing such acts and executing such documents in the name of the Indenture Trustee necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages of deeds of trust (the "Mortgages" and the "Deeds of Trust" respectively) and promissory notes secured thereby (the "Mortgage Notes") for which the undersigned is acting as Indenture Trustee for various certificate holders (whether the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage of Deed of Trust) and for which new century Mortgage Corporation is acting as the Master Servicer.

This Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued;

provided that (i) said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and (ii) otherwise conforms to the provisions of the Agreement.

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to Indenture Trustees to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

2

    a.    the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

    b.    the preparation and issuance of statements of breach or non-performance;

    c.    the preparation and filing of notices of default and/or notices of sale;

    d.    the cancellation/rescission of notices of default and/or notices of sale;

    e.    the taking of deed in lieu of foreclosure; and

    f.    the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e. above.

9. With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:

    a.    listing agreements;

    b.    purchase and sale agreements;

    c.    grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

    d.    escrow instructions; and

    e.    any and all documents necessary to effect the transfer of property.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into

3

effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall be effective as of September 29, 2004.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Master Servicer to the Trustee under the Agreement, or (ii) be construed to grant the Master Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank National Trust Company except as specifically provided for herein. If the Master Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank National Trust Company or Bankers Trust Company of California, N.A., then the Master Servicer shall promptly forward a copy of same to the Indenture Trustee.

This limited power of attorney is not intended to extend the powers granted to the Master Servicer under the Agreement or to allow the Master Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreement.

The Master Servicer hereby agrees to indemnify and hold the Indenture Trustee and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Master Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall

continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned.

IN WITNESS WHEREOF, Deutsche Bank National Trust Company, as Indenture Trustee, has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by a duly elected and authorized signatory this ___16th___ day of ___June 2006___

        Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A., as Indenture Trustee for the New Century Home Equity Loan Trust 2004-3

        By: _____
            Name: Eiko Akiyama
            Title: Associate

Acknowledged and Agreed
New Century Mortgage Corporation

By: _____
Name:
Title:

02867.001 #92035



SEAL AFFIXED

STATE OF CALIFORNIA
COUNTY OF Orange

On June 1630, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared Eiko Akiyama, Associate of Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2004-3, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed that same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted and executed the instrument.

WITNESS my hand and official seal.
(SEAL)

_____
Notary Public, State of California

02867.001 #92035



**SEAL AFFIXED**

6