IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| NEW CENTURY TRS HOLDINGS, INC., et al.,[1] | ) Case No. 07-10416 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 1172 |
| | ) |
| | ) Objection Deadline: June 22, 2007 |
| | ) Hearing Date: June 27, 2007 @ 10:00 a.m. |
| | ) |

**RESPONSE OF BANK OF AMERICA, N.A. TO APPLICATION
OF THE EXAMINER FOR AN ORDER AUTHORIZING THE
RETENTION OF KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP AS COUNSEL TO THE EXAMINER
*NUNC PRO TUNC* TO JUNE 1, 2007**

Bank of America, N.A. ("Bank of America"), by and through its undersigned counsel, hereby files this response (the "Response") to the application (the "Application") of Michael J. Missal as the examiner (the "Examiner") for the entry of an order authorizing the Examiner to retain Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates") as his legal counsel herein. In support of its Response, Bank of America respectfully states as follows:

---

[1] The Debtors are the following entities: New Century Financial, a Maryland corporation; New Century TRS, a Delaware Corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited partnership (collectively, the "Debtors").

1. On April 2, 2007 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. In order to obtain funds for a portion of their operations, prior to the Petition Date, the Debtors entered into a number of repurchase agreements with certain financial institutions (the "Repurchase Counterparties"). Bank of America is one of the Repurchase Counterparties, having entered into two separate repurchase agreements with the Debtors (the "Repurchase Agreements").

3. At a hearing held on May 30, 2007, the Court raised the issue of whether the Debtors were using cash collateral without the consent of the relevant parties or order of this Court. See Transcript of May 30, 2007 Hearing at p. 72. The focus of this inquiry was limited to the Debtors' use of funds on hand as of the Petition Date.

4. On June 1, 2007, this Court entered the Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner Order"). The Examiner was authorized to, inter alia, "investigate any possible post-petition unauthorized use of cash collateral by the Debtor ... (as limited by this Order)." Examiner Order, ¶ 3(b). The Court limited the scope of the Examiner's role by stating that the "[Examiner] Order is not intended to confer upon the Examiner any 'party in interest' status for the purpose of intervening or joining in any adversary proceeding or contested matter in connection with disputes involving the non-debtor counter parties to repurchase agreements or any lenders of the Debtor." Examiner Order, ¶ 9. The Court specifically noted that paragraph 9 of the Examiner Order was "intended to

address the concern expressed by certain parties at the May 30, 2007 hearing that the Court's expansion of the Investigation ... not delay disposition of their rights. See Examiner Order, n. 2.

5. Since the Examiner Order was entered, representatives of the Debtors, the Official Committee of Unsecured Creditors and the Repurchase Counterparties have been working together constructively to address, in an expeditious and cost effective manner, any disputes that have been or could be raised in such adversary proceedings or contested matters.

6. Pursuant to the Examiner Order, the United States Trustee appointed Michael J. Missal as the Examiner on June 5, 2007. The United States Trustee's appointment of Michael J. Missal as Examiner was approved by this Court by Order dated June 7, 2007.

7. On June 8, 2007, the Examiner filed the Application and relied upon the "Affidavit of Edward M. Fox Pursuant to 11 U.S.C. §§ 101(14) and 327 and Fed. R. Bankr. P. 2014 In Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner Nunc Pro Tunc to June 1, 2007 (the "Fox Affidavit"). As set forth in the Fox Affidavit, K&L Gates currently represents Bank of America, as well as several other Repurchase Counterparties and similarly situated parties-in-interest. See Fox Affidavit, Exhibit D, a copy of which is annexed hereto as Exhibit A.

8. It is Bank of America's understanding that the Examiner's investigation authorized in paragraph 3(b) of the Examiner Order is limited to the actions of the Debtors with respect to the use of cash collateral and does not involve a review of or impact in any way the rights or remedies of Bank of America under the Repurchase Agreements. If that is the case, Bank of America does not think there is a potential conflict issue, notwithstanding K&L Gates' current representation of Bank of America and several other Repurchase Counterparties.

9. However, if at any time the scope of the Examiner's investigation includes a review of or impacts in any way Bank of America's rights or remedies under the Repurchase

Agreements, then there will be potential conflict of interest issues to be addressed by K&L Gates and the Examiner. In addition, to the extent that the Examiner's role includes a review of other similar transactions or agreements, then additional conflict of interest issues may arise with respect to numerous parties-in-interest, including Bank of America.

10. Neither the Examiner nor K&L Gates has sought a waiver from Bank of America in connection with its proposed retention in these cases.

WHEREFORE, to the extent that Bank of America's understanding of the scope of the Examiner's investigation as set forth in paragraph 8 above is incorrect, Bank of America hereby reserves its right to further respond to the Application and respectfully requests that the Court grant such other and further relief as is proper and just.

Dated: June 22, 2007

**POTTER ANDERSON & CORROON LLP**

By: _/s/ Laurie Selber Silverstein_
Laurie Selber Silverstein, Esq. (No. 2396)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

Margot B. Schonholtz, Esq.
Nicholas J. Cremona, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Attorneys for Bank of America, N.A.