UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | |
| Debtors. | Case Number 07-10416 (KJC) (Jointly Administered) |

Hearing Date: June 27, 2007 at 10:00 A.M.

**RESPONSE OF THE UNITED STATES TRUSTEE TO THE
MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER (A)
APPROVING THE SALE OF CERTAIN TECHNOLOGY ASSETS, (B) APPROVING
AND ESTABLISHING PROCEDURES RELATED TO THE SALE AND THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION THEREWITH AND
(C) GRANTING RELATED RELIEF
<u>(DOCKET ENTRY # 1064)</u>**

In support of her response to the motion of the Debtors and Debtors-in-possession for an order (a) approving the sale of certain technology assets, (b) approving and establishing procedures related to the sale and the assumption and assignment of certain executory contracts and unexpired leases in connection therewith and (c) granting related relief (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion.

2.      Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this response.

**RESPONSE**

*Consumer Privacy Under 11 U.S.C. § 363(b)(1)*

4.      The Motion does not provide sufficient information for the U.S. Trustee to determine whether a consumer privacy ombudsman needs to be appointed to protect personally identifiable information about individuals. 11 U.S.C. § 363(b)(1) provides:

> (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell

or lease personally identifiable information[2] to any person unless –

    (A) such sale or lease is consistent with such policy; or

    (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –

        (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

        (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

5.    In footnote 3 (found at the bottom of page 4), the Debtors are non-committal as to whether the Technology Assets include personally identifiable information. The U.S. Trustee will report to the Court on this issue at the hearing and, to the extent necessary, the related matter of whether a consumer privacy ombudsman should be appointed.

---

[2] "Personally identifiable information" is defined in 11 U.S.C. § 101(41A) as meaning

    (A) if provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purposes –

        (i) the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name;

        (ii) the geographical address of a physical place of residence of such individual;

        (iii) an electronic address (including an e-mail address) of such individual;

        (iv) a telephone number dedicated to contacting such individual at such physical place of residence;

        (v) a social security account number issued to such individual; or

        (vi) the account number of a credit card issued to such individual; or

    (B) if identified in connection with 1 or more of the items of information specified in subparagraph (A) --

        (i) a birth date, the number of a certificate of birth or adoption, or a place of birth; or

        (ii) any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically.

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order granting relief consistent with this response.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

BY: /s/ Joseph J. McMahon, Jr.
     Joseph J. McMahon, Jr., Esquire (# 4819)
     Trial Attorney
     United States Department of Justice
     Office of the United States Trustee
     J. Caleb Boggs Federal Building
     844 King Street, Room 2207, Lockbox 35
     Wilmington, DE  19801
     (302) 573-6491
     (302) 573-6497 (Fax)

Date:  June 25, 2007