UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 07-10416 (KJC) |
| **NEW CENTURY HOLDINGS, INC.,** ) | |
| **A Delaware Corporation, et al.,** ) | Jointly Administered |
| ) | |
| ) | Hearing Date: June 27, 2007 at 10:00 AM |
| ) | Objection Deadline: June 20, 2007, extended by |
| Debtors. ) | agreement to June 25, 2007 for Oracle USA, Inc. |
| ) | |

ORACLE USA, INC.'S OBJECTION TO (I) NOTICE OF DEBTORS' INTENT TO (A) ASSUME, ASSIGN AND SELL CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN TECHNOLOGY ASSETS, AND (B) PROPOSED CURE AMOUNTS IN CONNECTION THEREWITH; AND (II) SECOND NOTICE OF DEBTORS' INTENT TO (A) ASSUME, ASSIGN AND SELL CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN TECHNOLOGY ASSETS, AND (B) PROPOSED CURE AMOUNTS IN CONNECTION THEREWITH
[RELATED TO D.I. # 1065 AND 1189]

Oracle USA, Inc. ("Oracle") hereby files its objection to (I) Notice Of Debtors' Intent To (A) Assume, Assign And Sell Certain Executory Contracts And Unexpired Leases In Connection With The Sale Of Certain Technology Assets, And (B) Proposed Cure Amounts In Connection Therewith ("Notice 1"); And (II) Second Notice Of Debtors' Intent To (A) Assume, Assign And Sell Certain Executory Contracts And Unexpired Leases In Connection With The Sale Of Certain Technology Assets, And (B) Proposed Cure Amounts In Connection Therewith ("Notice 2 and collectively with Notice 1, the "Notices") as respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. Oracle objects to the Notices on the following basis[1]:

a) The Notices includes the OLSA (as that term is defined below), which is one of the agreements that is pending determination as to whether it can be assumed and assigned to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC (collectively, "Carrington") as set forth in that certain Order Pursuant to Section 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure Approving (i) The Sale of Debtors' Servicing Business To Carrington Capital Management, LLC and Carrington Mortgage Services, LLC Pursuant To The Second Amended and Restate Asset Purchase Agreement, Dated As Of May 21, 2007, Free and Clear of Liens, Claims, Encumbrances and Interests, and (ii) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases to Carrington As Part of Such Sale (the "Sale Order").

b) The Debtors (as that term is defined below) may not assume and assign the OLSA or any of the Oracle Agreements (as that phrase is defined below) without Oracle's consent because these agreements involve licensing of patented and/or copyrighted materials and Oracle does not consent to their assumption and assignment at this time;

c) Oracle has not been provided with information required by 11 U.S.C. § 365 to assess the adequate assurance of future performance by the TA Buyer (as that term is defined below); and

---

[1] Based on the Notices, it is Oracle's understanding that the Debtors intend to assume the executory contracts so that they can assign them to third parties. As set forth herein, Oracle objects to the assignment of the OLSA or any of the Oracle Agreements to third parties, not a per se just an assumption by the Debtors.

d)       Debtors owe a sum of at least $32,017.60, plus taxes and attorneys' fees and costs, all of which would be a required cure payment prior to assumption and assignment of the OLSA or any of the Oracle Agreements (subject to Oracle's consent).

## II.     SUMMARY OF FACTS

2.       On or about May 27, 2005, Oracle and New Century Mortgage Corporation, one of the Debtors herein, entered into an Oracle License and Services Agreement ("OLSA"), along with an Ordering Document (as at any time amended) pursuant to which New Century Mortgage Corporation acquired licenses for certain Oracle software programs and related technical support services (the "Ordering Document"). Copies of the OLSA and the Ordering Document are attached hereto as Exhibit B and is incorporated herein by reference. Oracle's records reflect that the licenses acquired pursuant to the Ordering Document were covered by a contract for technical support services, which expired on May 27, 2007.

3.       In addition to the licenses acquired by New Century Mortgage Corporation under the Ordering Document, Oracle's records indicate that New Century Mortgage Corporation acquired licenses for other Oracle software prior to the OLSA and the Ordering Document, which are no longer covered by an active technical support services contract, including licenses for Oracle Database and Standard Management Pack on or about January 14, 2000 and licenses for Oracle Database on or about May 23, 2000 (collectively, the "Previous Licenses").

4.       On or about April 2, 2007, New Century Holdings, Inc. and several of its direct and indirect subsidiaries (collectively, the "Debtors") each filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code and Orders for Relief were entered on that date.

5.       On or about April 4, 2007, the Debtors filed an Emergency Motion Of Debtors And Debtors In Possession For (I) An Order (A) Approving Bidding Procedures And Bid

Protections In Connection With The Proposed Sale Of Assets Used In Their Loan Servicing Business, (B) Scheduling Hearing To Consider Proposed Sale Of Certain Assets And Approving Form And Manner Of Notice Thereof And (C) Granting Related Relief And (II) An Order (A) Approving The Proposed Sale And (B) Granting Related Relief (the "Sale Motion"), seeking to sell to Carrington essentially all of the assets used in the Debtors' Loan Servicing Business.

6. On or about May 15, 2007, Oracle filed its objection to the Sale Motion ("Initial Objection"), essentially on the basis set forth in Paragraphs 1 (b), (c) and (d) above and sections III (B) (C), and (D) herein. A copy of the Initial Objection is attached herewith as Exhibit A and is incorporated by reference herein. See Docket Entry No. 688. As set forth in detail in the Initial Objection, the Oracle Agreements (as that term is defined below) cannot be assumed and assigned to Carrington.

7. Following a hearing on the Sale Motion, on or about May 23, 2007, the Sale Order was entered by the Court. The Sale Order is incorporated by reference herein and is docketed on the Court's CM-ECF System as docket entry No. 844.

8. The Sale Order provides, in relevant part, that:

> [T]he hearing on the assumption and assignment of such Assumed Contract (which shall include any Assumed Contract and any other agreement, contract or license to which Oracle USA, Inc. ... is a party) ... is hereby adjourned to June 27, 2007 at 10:00 AM. For avoidance of doubt, all rights and objections of Oracle ... concerning the Assumed Contracts, including, without limitation, the assumability thereof and the amount of claims owing in connection therewith, are reserved for resolution at such hearing... or further order of the Court prior to such hearing.

9. Through the Notices, the Debtors seek to assume and assign the OLSA in connection with the sale of certain Technology Assets (as that term is defined in the Notices) to a buyer to be determined at an auction to be held on June 18, 2007. To date, Oracle has not been notified of the identity of the buyer of the Technology Assets (the "TA Buyer").

10.  For the reasons set forth below, Oracle objects to the assumption and assignment of the OLSA, as well as any other Oracle licenses, software or agreements (collectively, the "Oracle Agreements") either through the Notices or the Sale Motion. Oracle repeats and incorporates by reference herein each of the arguments in the Initial Objection as if set forth in full herein.

### III. <u>ARGUMENT</u>

*A. DEBTORS MAY NOT ASSUME AND ASSIGN THE OLSA BECAUSE WHETHER IT CAN BE ASSUMED AND ASSIGNED IS PENDING DETERMINATION BY THIS COURT AS PER THE SALE ORDER RELATING TO CARRINGTON..*

11.  The Debtors cannot assume and assign the OLSA to the TA Buyer because the OLSA is subject to the Sale Order, whereby it is pending determination by this Court whether it can be assumed and assigned to Carrington pursuant to the Sale Motion. Obviously, even the Debtors know that one contract (assuming *arguendo* that is can be assigned once) cannot be assumed and assigned to two different parties by the Debtors. Clearly, the Sale Order provides that all rights and objections of Oracle including the assumability of any contract, license or agreement between the Debtors and Oracle is are reserved for resolution at the June 27, 2007 hearing set with respect to the Carrington issues. Thus, while the OLSA is pending determination at the June 27, 2007 hearing as to Carrington, it cannot be assumed and assigned to the TA Buyer. As such, OLSA cannot be assumed and assigned pursuant to the Notices.

*B. DEBTORS MAY NOT ASSUME AND ASSIGN ANY ORACLE AGREEMENTS WITHOUT ORACLE'S CONSENT BECAUSE THESE AGREEMENTS INVOLVE LICENSING OF PATENTED AND/OR COPYRIGHTED MATERIALS AND ORACLE DOES NOT CONSENT TO THEIR ASSUMPTION AND ASSIGNMENT AT THIS TIME.*

12.  11 U.S. C. § 365(c)(1) provides, in relevant part, that:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

13. Even if the Debtors decide that they do not intend to assume and assign the OLSA to Carrington, but rather assume and assign to the TA Buyer, such assumption and assignment is also prohibited.

14. Under federal law, non-exclusive patent licenses cannot be assigned absent the consent of the licensor. *In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999). *See also In re ANC Rental Corporation, Inc.*, 277 B.R. 226, 235 (Bankr. D. Del. 2002); *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 311, 316 (Bankr. D. Del. 2001). The OLSA involves the licensing of non-exclusive, patented software. As such, the OLSA cannot be assumed and assigned absent Oracle's consent. Oracle does not consent to the assumption and assignment of the OLSA, unless all of Oracle's concerns raised in this opposition and in the Initial Objection are addressed and resolved to Oracle's satisfaction.

15. In addition, as part of Oracle's standard business practice, Oracle requires assignees of contracts with Oracle to agree to be bound by the terms of the license or other agreement and to execute a document to that effect. Said documentation must be in form and substance satisfactory to Oracle. Oracle will not consent to any assignment of the OLSA, unless and until the TA Buyer executes such a document.

### C. ORACLE HAS NOT BEEN PROVIDED WITH INFORMATION REQUIRED BY 11 U.S.C. § 365 TO ASSESS THE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE TA BUYER.

16. 11 U.S.C. § 365(b) sets forth specific prerequisites that must be satisfied prior to a debtor assuming and assigning any executory contract. These prerequisites include, among other things: (a) curing any default under the executory contract, and (b) providing adequate assurance of future performance under the executory contract.

17. To date, the identity of the TA Buyer is unknown to Oracle. As such, it cannot evaluate whether the prerequisites of 11 U.S.C. § 365 have been met. Thus, Oracle objects to the assumption and assignment of the OLSA to the TA Buyer until, inter alia, a determination is made that the TA Buyer can provide adequate assurance of future performance under the OLSA sought to be assumed and assigned. Oracle reserves the right to review the alleged adequate assurance and to object to the same at the appropriate time.

18. To ensure adequate assurance of future performance by the TA Buyer, Oracle requests that Debtors provide to Oracle at least the following information about the TA Buyer: (i) its identity; (ii) its financial bona fides; (iii) confirmation of status as a non-competitor of Oracle; and (iv) its willingness to execute a "standard" Oracle Assignment Agreement. Without this information, Oracle is unable to determine the buyer's creditworthiness or suitability/ability to adequately perform, post-assignment, its obligations under the OLSA, which is sought to be assumed or assigned pursuant to the Notices.

19. No information has been provided about the TA Buyer in the Notices or their related motion to sell the Technology Assets. As such, Oracle cannot evaluate whether any of the prerequisites of 11 U.S.C. § 365(b) can be met, or how its pecuniary and proprietary interests may be affected by the Notices. As such, Oracle objects to the Notices.

### C. *DEBTORS OWE THE SUM OF AT LEAST $32,017.60, PLUS TAXES AND ATTORNEYS' FEES AND COSTS, ALL WHICH WOULD BE A REQUIRED CURE PAYMENT PRIOR TO ANY ASSUMPTION.*

20. As set forth in the Oracle invoices attached hereto as Exhibit C, the Debtors owe at least $32,017.60, plus taxes and attorneys' fees and costs under the OLSA. Oracle reserves its rights with respect to the cure amount, including, but not limited to, the attorneys' fees and cost and to provide same as the appropriate time.

21. Further, it should be noted that Oracle requires that any licenses sought to be assigned to a third party should be covered by an active technical support services agreement. Since the existing technical support services agreement expired on May 27, 2007, any licenses to be assigned are conditioned upon renewal of the technical support services agreement. That renewal amount is included in the above cure amount. In addition, if any other licenses are sought to be assigned (such as the Previous Licenses), Oracle requires reinstatement of the technical support services for each of those licenses as a precondition to the assumption and assignment of those licenses. To the extent that the Debtors seeks to assign the Previous Licenses, Oracle reserves its right to provide additional cure amount with respect to the Previous Licenses.

22. Accordingly, Oracle objects to the assumption and assignment of the OLSA until each of the above appropriate cure is tendered. As such, the Debtors cannot assume the OLSA until the appropriate cure is tendered.

### IV. CONCLUSION

23. Based on the foregoing, it is respectfully requested that the assumption and assignment of OLSA or any of the Oracle Agreements be denied to any party without Oracle's

consent. At this time, Oracle does not consent to the assumption and assignment of the OLSA or any of the Oracle Agreements.

24. Accordingly, for the reasons set forth herein and in the Initial Objection, assumption and assignment of the OLSA or the Oracle Agreements should be denied to any party.

Dated: June 25, 2007

Respectfully submitted,

**MONZACK & MONACO, PA**

/s/ Kevin J. Mangan
Kevin J. Mangan, Esq. (#3810)
1201 Orange Street, Suite 400
Wilmington, DE 19801
Telephone: 302-656-8162
Facsimile: 302-656-2769

-and-

**DAY PITNEY LLP**
Ronald S. Beacher, Esq.
Amish R. Doshi, Esq.
7 Times Square
New York, New York 10017
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

-and-

**ORACLE USA, INC.**
Dorian Daley, Esq.
Jeff S. Ross, Esq.
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

Attorneys for Oracle USA, Inc.