UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS,<br>  INC., a Delaware corporation, *et al.*,[1] | : | |
| | : | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

**Hearing Date: To be determined**

# LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HELLER EHRMAN LLP AS SPECIAL COUNSEL TO THE AUDIT SUBCOMMITTEE NUNC PRO TUNC TO THE PETITION DATE PURSUANT TO SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE
## (DOCKET ENTRY # 495)

In support of her limited objection to the Debtors' application for an order authorizing the retention and employment of Heller Ehrman LLP ("Heller") as special counsel to the audit subcommittee nunc pro tunc to the Petition Date (defined below) pursuant to sections 327(e) and 1107(b) of the Bankruptcy Code (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application.

2.      Under 28 U.S.C. § 586(a)(3), the UST is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this limited objection.

**GROUNDS/BASIS FOR RELIEF**

*Background*

4.      On April 2, 2007 (the "Petition Date"), the Debtors filed the petitions which initiated the above-referenced cases.

5.      A chapter 11 trustee has not been appointed in these cases. On June 1, 2007, this Court issued an order directing the appointment of an examiner. On June 7, 2007, this Court issued an order approving the appointment of Michael J. Missal, Esquire as Examiner.

6. On February 7, 2007, parent Debtor New Century Financial Corporation ("New Century") announced that it would have to restate its reported financial results for the first three quarters of 2006 for violations of GAAP. Specifically, New Century admitted that:

> The company establishes an allowance for repurchase losses on loans sold, which is a reserve for expenses and losses that may be incurred by the company due to the potential repurchase of loans resulting from early-payment defaults by the underlying borrowers or based on alleged violations of representations and warranties in connection with the sale of these loans. When the company repurchases loans, it adds the repurchased loans to its balance sheet as mortgage loans held for sale at their estimated fair values, and reduces the repurchase reserve by the amount the repurchase prices exceed the fair values. During the second and third quarters of 2006, the company's accounting policies incorrectly applied Statement of Financial Accounting Standards No. 140 -- Accounting for Transfers and Servicing of Financial Assets and Extinguishment of Liabilities. Specifically, the company did not include the expected discount upon disposition of loans when estimating its allowance for loan repurchase losses.
>
> In addition, the company's methodology for estimating the volume of repurchase claims to be included in the repurchase reserve calculation did not properly consider, in each of the first three quarters of 2006, the growing volume of repurchase claims outstanding that resulted from the increasing pace of repurchase requests that occurred in 2006, compounded by the increasing length of time between the whole loan sales and the receipt and processing of the repurchase request.
>
> \*   \*   \*
>
> In light of the pending restatements, the company's previously filed condensed consolidated financial statements for the quarters ended March 31, June 30 and September 30, 2006 and all earnings-related press releases for those periods should no longer be relied upon. . . . The company [] expects that the errors leading to these restatements constitute material weaknesses in its internal control over financial reporting for the year ended December 31, 2006.

A copy of New Century's February 7 News Release is attached as Exhibit A.

7.   In its Form NT - 10K (or 12b - 25) filed with the Securities and Exchange Commission (SEC) on or about March 2, 2007, New Century indicated that it expected to report a pre-tax loss for both the fourth quarter and the full year ended December 31, 2006 due to lower net gains on the sale of mortgage loans, reduction in the carrying value of residual assets, reduction in the carrying value of mortgage loans held for sale, and increased allowance for losses on loans held for investment.  New Century also disclosed that the projected changes in its financial results may have an effect on its ability to realize its deferred tax assets.  A copy of the Form NT - 10K is attached as Exhibit B.

8.   On or about May 24, 2007, New Century filed a Form 8 - K with the SEC. Referencing its prior announcement regarding the restatement of its 2006 financial statements, New Century stated that "it is more likely than not that these errors in the aggregate resulted in a material overstatement of pretax earnings in the 2005 Financial Statements.  Accordingly, on May 23, 2007, [New Century's] Board of Directors concluded, based upon the recommendations of the Audit Committee, that the 2005 Financial Statements should no longer be relied upon."  A copy of the Form 8 - K is attached as Exhibit C.

*Debtors' Application to Employ Heller*

9.   On or about May 1, 2007, the Debtors filed the Application.  In the Application, the Debtors state that, per an engagement letter dated March 14, 2007 (the "Engagement Letter") between the Audit Committee of New Century and Heller, Heller was engaged to conduct an independent investigation of

> (i) certain accounting matters in connection with entries on the Company's books, records and financial statements, which includes the issues giving rise to the Company's need to restate its 2006 interim financial statements, and the Company's residual interests in

> securitizations, and (ii) sales of stock by the Company's insiders other than Michael Sachs.

Appl. ¶ 8; Appl. Ex. A (Engagement Letter) at 1.

10. In the Engagement Letter, Heller stated:

> This firm has represented and continues to represent KPMG LLP ("KPMG") on matters unrelated to [New Century] or the investigation, and has previously represented the Audit Committee of [New Century]. Because of our relationship with KPMG, we cannot evaluate or advise you about any potential liability of, or claim against, KPMG, nor can we pursue any such claim on your or [New Century's] behalf. If you or [New Century] conclude that such a claim should be pursued, other counsel would have to be engaged to do so. We will not represent KPMG or any other party in bringing a claim (whether in court, arbitration, mediation or any other proceeding) that is substantially related to this investigation. Similarly, our investigation will not include an evaluation of any potential liability of, or claim against, the Audit Committee.

Appl. Ex. A (Engagement Letter) at 1 (bracketed text added to substitute for references to the "Company").

*Analysis*

11. 11 U.S.C. § 327(e) states that a chapter 11 debtor in possession[2] may employ,

> with the court's approval, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, <u>if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed</u>. 11 U.S.C. § 327(e) (emphasis added).

---

[2] Although Section 327(e) refers to the "trustee," pursuant to 11 U.S.C. § 1107 most of the rights, powers, and duties of a trustee in a Chapter 11 case are conferred upon the debtor in possession. This includes the trustee's power to employ professional persons under 11 U.S.C. § 327. *See United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994); s*ee also* Fed. R. Bankr. P. 9001(10) ("'Trustee' includes a debtor in possession in a Chapter 11 case.").

12.     The statutory language establishes that the following six criteria must be present before an attorney may be employed by a debtor-in-possession pursuant to 11 U.S.C. § 327(e):

>   (1)     the court must approve the employment;
>
>   (2)     the employment must be for a "specified special purpose;"
>
>   (3)     the "specified special purpose" cannot constitute the representation of the debtor in possession in conducting the case;
>
>   (4)     the attorney to be employed must have previously represented the debtor;
>
>   (5)     the employment must be in the best interest of the estate; and
>
>   (6)     the attorney must not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed.

The U.S. Trustee objects to the Debtors' application to employ Heller on grounds that two of the six criteria – numbers 5 and 6, above – are not satisfied with respect to the aspect of the proposed employment addressing accounting matters.

13.     Due to its continuing relationship with KPMG, Heller holds an interest adverse to the Debtors' estates with respect to the broad matters on which it is to be employed.[3] Inherent in any investigation is uncertainty; the investigator does not know where the investigation will lead. Accordingly, there was one thing that New Century's Audit Committee needed to accomplish in selecting counsel to lead the investigation into the pre-petition accounting and financial statement issues, it was the following: counsel <u>had</u> to be free to examine the conduct of relevant parties and potential claims against those parties, no matter where the investigation might lead. True to form,

---

[3] The U.S. Trustee does not object to the Debtors' employment of Heller for purposes of conducting an investigation into stock sales by the Debtors' insiders.

the Debtors announced on May 24 that, based upon the Audit Committee's investigation, certain of the issues which rendered their 2006 financial statements unreliable likely render their <u>audited</u>, 2005 financial statements unreliable as well.  In short, New Century's Audit Committee failed to choose counsel that did not have a continuing relationship with relevant parties to lead its investigation of the pre-petition accounting and financial statement issues.  This Court would likely not authorize the employment of an examiner under 11 U.S.C. § 1104 (or counsel to an examiner) subject to the same restriction disclosed by Heller to investigate the accounting issues which are the subject of Heller's proposed engagement.  The burden is on the Debtors to demonstrate why its proposed employment of Heller should be treated differently.

14.	Similarly, it is not in the best interests of the Debtors' estates to employ Heller due to the firm's connection with KPMG.  The investigator holds a tremendous amount of power in connection with the conduct of the investigation.  For example, the investigator determines what documents will be requested, which parties will be interviewed/deposed, and the questions directed to those parties.  The fact that Heller cannot take positions adverse to KPMG means that a second investigator (e.g., the court-appointed Examiner) will likely have to duplicate all or part of Heller's investigation to ensure that KPMG's conduct is properly reviewed.

**[Continued on next page – space intentionally left blank]**

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application or granting relief consistent with this limited objection.

       Respectfully submitted,

       **KELLY BEAUDIN STAPLETON**
       **UNITED STATES TRUSTEE**

       **BY:** /s/ Joseph J. McMahon, Jr.
            Joseph J. McMahon, Jr., Esquire (# 4819)
            Trial Attorney
            United States Department of Justice
            Office of the United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Room 2207, Lockbox 35
            Wilmington, DE  19801
            (302) 573-6491
            (302) 573-6497 (Fax)

Date:  June 25, 2007