IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416-KJC |
| a Delaware corporation, et al.,[1] | : | |
| | : | |
| Debtor. | : | |

## SUPPLEMENTAL AFFIDAVIT REGARDING EMPLOYMENT OF ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

JOHN E. STONER, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of California and am a partner of the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). Allen Matkins is a California limited-liability-partnership law firm with offices throughout California.

2. I submit this supplemental affidavit in support of the previously-filed application (the "Application") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment of Allen Matkins as special finance counsel in the above-captioned case. This supplemental affidavit is submitted in response to an inquiry of the Office of the United States Trustee regarding the Application and provides additional details about

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

some of the disclosures made in the Application and my original affidavit. Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth.

3. <u>GCFP</u>. As mentioned in the Application and the earlier affidavit, Greenwich Capital Financial Products, Inc. ("GCFP"), the "Administrative Agent" under the Court-approved debtor-in-possession financing, is an Allen Matkins client. The firm represents GCFP in originating larger commercial real estate mortgage loans. The firm also regularly represents developers and property owners who are borrowers on such loans <u>from</u> GCFP. (Obviously, never on the <u>same</u> loan.) Our agreement with GCFP and the other Allen Matkins client — the borrower — in such a situation is that although the firm may represent the other client in negotiating and documenting the loans and trying to consensually resolve any disagreements, we will not represent either party in any arbitration or litigation.

4. That limitation on the scope of our representation of our non-GCFP clients applies to our representation of the Debtors in these cases as well. The firm will not be counsel to the Debtors in any litigation against GCFP. This limitation is consistent with our firm's practice, but it is also consistent with the limited role we play in these chapter 11 cases. In other words, irrespective of our existing prepetition relationship with GCFP, we would not be the bankruptcy or litigation lawyers with respect to GCFP disputes. The Debtors are ably represented by general bankruptcy and other counsel. Our limited role has been as lawyers for the Debtors on the DIP credit facility itself: understanding and negotiating the terms, documenting the agreement in a way that is consistent with the Debtors' business operations and other credit facilities, preparing appropriate disclosure and collateral schedules, and rendering required legal opinions. Thus, the "limitation" imposed because of our nonbankruptcy representation of GCFP is consistent with a

structural limitation in the proper role the firm has in these chapter 11 cases. It is also consistent with everyone's shared desire to avoid unnecessary administrative expenses.

5. <u>Landlords</u>. In the Application, the firm discusses the fact that before the chapter 11 cases were commenced, various lawyers in the firm represented landlords specifically regarding leases with the Debtors. The firm may have, for example, drafted and negotiated the leases that the Debtors will assume, reject, or otherwise dispose of in these cases. The firm continues to represent those landlords with respect to other tenants. According to our accounting records, no one at the firm has provided services regarding the Debtors to any of those landlords since the petition date, and I specifically confirm that we will not seek in these cases to be allowed to represent landlords with respect to their claims against or other interests with respect to the Debtors.

6. <u>Other Potential Parties in Interest</u>. Allen Matkins previously identified certain "Potential Parties in Interest" with whom Allen Matkins has a client connection. I stated that Allen Matkins revenues from each such "Potential Party in Interest" for our fiscal year ending June 30, 2006, did not exceed 2% of our annual revenues. Here is a more specific breakdown.

| ENTITY | % OF REVENUES |
| --- | --- |
| Kilroy Realty Group | 1.42% |
| GCFP | 0.94% |
| HSBC | 0.30% |
| Deutsche Bank Mortgage Capital | 0.00%[2] |
| Washington Mutual | 0.63% |
| Lehman | 0.02% |

---

[2] The Application notes that the firm "recently began" this representation. Our revenues in FY 2006 were zero; our fees for 2007 were, at last report, less than $100,000.

Although the numbers for FY 2007 are not yet available, the firm does not anticipate any increases that would put any of these clients over 2%.

7.  Postpetition Services. Various parties in the cases have expressed a desire to carefully monitor professional fees going forward. According to our accounting records, our fees through for the postpetition period of April 2007 were less than $65,000, and the May 2007 total was less than $8,000.

Dated: June 26, 2007

JOHN E. STONER

SWORN TO AND SUBSCRIBED

before me this 26 day of June 2007

Notary Public

My Commission Expires: 2/4/2012



A. MIRDAMADI
Commission # 1723788
Notary Public - California
Orange County
My Comm. Expires Feb 4, 2011