**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, <u>et al.</u>,[1] | : | |
| | : | Jointly Administered |
| Debtors | : | |
| | : | Re: Docket No. 736 |
| | : | |
| | | Hearing Date:  June 27, 2007 @ 10:00 a.m. |

**RESPONSE AND RESERVATION OF RIGHTS OF COUNTRYWIDE TO DEBTORS' MOTION FOR ORDER TO PROVIDE ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362 and 363(b)(1)**

Countrywide Home Loans, Inc., Countrywide Financial Corporation, Countrywide Warehouse Lending, Countrywide Bank and Countrywide Securities Corporation (collectively, **"Countrywide"**), by their undersigned counsel, hereby files its response and reservation of rights (the **"Reservation of Rights"**) to the entry of an order approving Debtors' Motion for Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) (**"Motion"**).

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a  Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a/ NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

...
...

## BACKGROUND

1. Countrywide supports the entry of the agreed upon order (the **"Order"**) resolving the Motion and providing Countrywide and others with certain adequate protection. In the hopes of avoiding any involvement of this Court, Countrywide has worked closely with the Debtors, and appreciates their efforts along with those of the Committee and numerous objectors to reach a consensual resolution with respect to the form of Order. However, as more fully set forth below, given the speed with which the Debtors have attempted to resolve this issue, and the limited amount of information currently available to Countrywide, notwithstanding anything contained in the Order to the contrary, Countrywide reserves its right to assert a superpriority claim under section 507(b) of the Bankruptcy Code against proceeds of Avoidance Actions[2].

2. Pursuant to, among other things, that certain Master Securities Forward Transaction Agreement, that certain Mortgage Loan Purchase and Interim Servicing Agreement dated and effective as of February 28, 2007, and that certain Mortgage Loan Purchase and Interim Servicing Agreement dated and effective as of February 28, 2007, and various other contracts executed by one of the Debtors, Countrywide is a creditor of the Debtors, including at minimum New Century Mortgage and NC Capital Corporation. The transactions between Countrywide and the Debtors are evidenced by and otherwise documented pursuant to certain loan purchase agreements, various schedules thereto and various other documents. Pursuant to such documentation,

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Order.

Countrywide has in the past bought loans originated by the Debtors, either in bulk or via correspondent channels, and was engaged in certain securities trade transactions with the Debtors. In addition, Countrywide has serviced in the past and is servicing loans currently either directly for the Debtors or pursuant to contractual agreements with warehouse lenders of the Debtors. Countrywide's secured creditor status arises out of collateral in the form of promissory notes held by Countrywide, assignments of deeds of trust, and cash collateral, among possibly other collateral.

3. Since December of 2006, Countrywide's consumer lender division purchased 3,635 loans from New Century Mortgage in the aggregate principal amount of $627,329,741.38.

4. Additionally, in the past six months, Countrywide's acquisition transaction division purchased and/or began servicing approximately 35,000 loans from New Century, in the approximate aggregate principal amount of $11,418,174,928.83. Some of these loans have been purchased by some of the parties objecting to the Motion and are currently being serviced by Countrywide.

5. While Countrywide is becoming aware of missing payments and/or payoff amounts on a daily basis, Countrywide is still trying to determine the extent of the problem and is not certain that the amount being escrowed by the Debtors will satisfy all of the Repurchase Counterparties and the Mortgage Loan Purchasers claims in full.

6. The Debtors have orally represented to Countrywide that the exposure to Countrywide is relatively small in comparison to the other objecting parties and that the adequate protection being offered is more than sufficient to secure

Countrywide's claims. Countrywide is hopeful that the Debtors will prove to be correct and Countrywide's claim is small and adequately protected, but it is just too early for Countrywide, or the Debtor, to determine the actual amount of Countrywide's exposure.

7. The Bankruptcy Code "deliberately protects and preserves the interests of secured creditors in property in which they have a security interest, and accordingly takes the concept of adequate protection very seriously." In re White Glove, Inc., 1998 Bankr. LEXIS 1303, *23 (Bankr. E.D. Pa. 1998); see also Official Unsecured Creditors' Committee v. Stern (In re SPM Manufacturing Corp.), 984 F.2d 1305, 1312 (1st Cir. 1993) (the distributive scheme of Section 726 does not come into play until all valid liens on property are satisfied and, therefore, the secured creditor has the right to receive sums it is owed in full and could not be ordered by the court to distribute to other creditors). In RTC v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.), 16 F.3d 552, 564 (3d Cir. 1994), the Court of Appeals in discussing adequate protection stated that a financing "proposal should provide the pre-petition secured creditor with the same level of protection it would have had if there had not been post-petition superpriority financing." The Third Circuit concluded "Congress did not contemplate that a creditor could find its priority position eroded and, as compensation for the erosion, be offered an opportunity to recoup dependent upon the success of a business with inherently risky prospects." In re Swedeland Dev. Group, Inc., 16 F.3d at 567.

8. The current form of Order carves out the superpriority claim on Avoidance Actions for Repurchase Counterparties and the Mortgage Loan Purchasers. Here, to the extent the Debtors improperly used Countrywide's cash collateral,

4

Countrywide is entitled to adequate protection for that use. In addition to replacement liens, a superpriority claim is the typical form of adequate protection provided to a secured creditor under the Bankruptcy Code, when there is a risk that the value of the collateral will be insufficient to satisfy the secured obligations. This protection is statutorily guaranteed under section 507(b) of the Bankruptcy Code. Essentially, when the collateral is exhausted, the Bankruptcy Code contemplates that there nevertheless may remain additional value in the estate and Congress has included in its distribution scheme the notion that it should go to pay adequate protection first. See 11 U.S.C. §§ 507 and 726. The only other value in a case frequently derives from avoidance actions and the proceeds thereof.

9. To the limited extent that the escrow being established for the benefit of the Repurchase Counterparties and the Mortgage Loan Purchasers is not sufficient to pay all valid claims in full, plus interest, Countrywide maintains that any language in the Order purporting to cut off rights afforded by Congress is premature, and therefore, Countrywide reserves its right to assert a superpriority claim under section 507(b) of the Bankruptcy Code against the proceeds of Avoidance Actions, notwithstanding the language contained in the Order.

**CONCLUSION**

For the reasons set forth herein, Countrywide respectfully supports the Motion, but reserves its rights to assert a super-priority claim against the proceeds of the Avoidance Actions.

Date:  June 26, 2007          **BRYAN CAVE LLP**
Katherine Windler (State Bar No. 158899)
120 Broadway, Suite 300
Santa Monica, CA 90401
Phone:   (310) 576-2100
Fax:       (310) 576-2200
katherine.windler@bryancave.com

- and –

**EDWARDS ANGELL PALMER & DODGE LLP**

 /s/ William E. Chipman, Jr.
William E. Chipman, Jr., Esq. (DE No. 3818)
919 Market Street, Suite 1500
Wilmington, DE 19801
Phone: 302-777-7770
Facsimile: 302-777-7263
www.eapdlaw.com