# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEW CENTURY TRS HOLDINGS, | ) Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: Dkt. No. 635 |
| | ) |
| | ) Hearing Date:     6/27/07 at 10:00 a.m. |

## STIPULATION FOR
## LIMITED RELIEF FROM THE AUTOMATIC STAY BETWEEN DEBTORS AND DANIEL J. RUBIO, JOHN HICKS AND DAVID VIZCARRA, INDIVIDUALS ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED AND THE GENERAL PUBLIC

The parties to this stipulation are the above-captioned Debtors and Debtors-in-Possession, on the one hand, and Daniel J. Rubio, John Hicks and David Vizcarra, individuals on behalf of themselves, all others similarly situated and the general public (collectively "Movants"), on the other hand. The Debtors and the Movants hereby enter into this stipulation (the "Stipulation") and agree as follows:

---

[1] The "Debtors" or "New Century" are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P. a Delaware limited partnership.

1

RLF1-3171210-1

## RECITALS

WHEREAS on May 11, 2007, Movants filed a motion for relief from the automatic stay (Dkt. No. 635) requesting that this Court allow the action entitled <u>Daniel J. Rubio, et. al. v. New Century Mortgage Corporation</u>, United States District Court, Central District of California, Case No. SACV-06-811 CJC (the "Rubio Action") to proceed in the United States District Court for the Central District of California.

WHEREAS, on May 30, 2007, the above-captioned Debtors filed their response (Dkt. No. 945), in which the Debtors requested that the Motion be denied (the "Response").

WHEREAS, on June 12, 2007, the Movants filed a reply in support of the Motion (Dkt No. 1195) ("the Reply").

WHEREAS, on June 15, 2007, the Movants and the Debtors, through their counsel, requested that the Motion be continued to the Court's next regular calendar in this case, June 27, 2007.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and the Movants, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. Upon entry by the Court of an order approving this Stipulation, the automatic stay provided by Bankruptcy Code §362(a) is lifted for the limited purpose of allowing a fifth amended complaint, in the form attached to the Reply, to be filed in the Rubio Action and for the Debtors to tender the fifth amended complaint to the Debtors' EPLI and D&O insurance carriers for the purpose of attempting to obtain insurance coverage for the claims alleged in the fifth amended complaint to be filed in the Rubio Action.

2. The Movants and New Century will submit a stipulation and order to the District Court Judge presiding in the Rubio Action requesting that the fifth amended complaint be filed in the Rubio Action, subject to the Debtors' reservation of rights as set forth in paragraph 6 hereof. Other than the filing of the fifth amended complaint by stipulation and order in the Rubio Action, neither Movants or New Century will take any action prohibited by 11 U.S.C. §362(a)(1) and/or (3) unless and until a further order by this Court grants further relief from the automatic stay.

3. The hearing on the Motion For Relief From The Automatic Stay be continued to the first regularly scheduled omnibus hearing date at least sixty (60) days from the last date of signature below, to allow time for a response from the insurance carriers to whom the fifth amended complaint is to be tendered.

4. Movants agree that once the fifth amended complaint is filed, naming non-debtor Management Defendants, the automatic stay of Bankruptcy Code §362(a) shall apply co-extensively, and to the same extent as it applies to the Debtors, to the individual Management Defendants identified in the proposed fifth amended complaint, unless and until the stay is lifted or terminated as to the Debtors at a later date by Court order.

5. By entering into this stipulation, the Movants and the Debtors are not waiving any of their rights with respect to the Motion, the Response, or the Reply, or otherwise, with respect to the Motion For Relief From The Automatic Stay filed by Movants.

6. By entering into this stipulation, and allowing the filing of the fifth amended complaint in the Rubio Action, the Debtors are not waiving any rights with respect to the claims asserted in the Rubio Action and are expressly reserving all of the Debtors' rights

to challenge the claims alleged in the Rubio Action and/or to move to dismiss them, as well as to challenge and oppose class certification.

7. The Debtors agree to preserve whatever data is currently in their possession constituting (a) the "Common Evidence" (timesheets, payroll database and records, call center database and records, LoanTrack database and records, and building access database and records), (b) the evidence identified by Debtor New Century Mortgage Corporation in its FRCP 26(a) initial disclosures, and (c) the evidence which is the subject of the 12/15/06 order by Magistrate Judge Wistrich, for the time period from March 21, 2001 through the Petition Date ("Rubio Case Documents"). By agreeing to preserve what is currently in their possession, the Debtors have not attempted to, and are under no obligation to, audit what in fact is in their possession. If, in the future, the Debtors determine to sell or dispose of some or all of the Rubio Case Documents, the Debtors must either (i) make a complete copy of all such documents that will be sold or disposed of, or (ii) provide counsel for Rubio with 30 days to object to such sale or disposal. The Debtors also will attempt, but are not obligated to, provide in asset purchase agreements provisions akin to section 5.5 of the Asset Purchase Agreement with EquiFirst Corporation, pertaining to the right to access records that have been sold.

8. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

10.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

11.  This Stipulation is binding upon the Parties and any of their respective successors and assigns (including, without limitation, any trustee that may be appointed in the Debtor's bankruptcy case).

12.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect. The terms of this Stipulation are contractual and not mere recitals.

[The remainder of this page intentionally left blank]

13.   The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

Dated: June 27, 2007
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

_/s/_

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445) Christina Thompson (#3976)
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
and
James M. Trush, Esq. (SBN 140088)
TRUSH LAW OFFICE
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187
Telephone: (714) 384-6390
Facsimile: (714) 384-6391

*Attorneys for Movants Daniel J. Rubio, John Hicks, David Vizcarra, individuals on behalf of themselves, all others similarly situated and the general public*

Dated: June 27, 2007
Wilmington, Delaware

_/s/_

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Facsimile: (302) 658-5614
-and-
Ben H. Logan
Suzzanne S. Uhland
Victoria A. Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

6

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

M:\Rubio\Pld\Bankruptcy Court\Mx 4 from Auto Stay Stip 06-25-07\403 001