**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 1173** |
| | : | |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtors and

Debtors in Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of

Claim and Approving Form, Manner, and Sufficiency of Notice Thereof (the "Motion"),

filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court

having reviewed the Motion and the objections thereto filed by the United States Trustee

and Gregory J. Schroeder, Michelle Parker , Martin Warren , Steve Holland, and Nabil

Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial

Corporation Deferred Compensation Plan and/or Supplemental Executive

Retirement/Savings Plan; the Court finding that (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2), (c) the notice of the Motion was sufficient under the

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

circumstances and no other or further notice need be provided, and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion, as modified by the terms of this Order, is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as modified herein.

2.    As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3.    The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The forms of the Bar Dates Notices, copies of which are attached hereto as Exhibit A, and the Proof of Claim Form (the "Claim Form"), and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l) and Local Rule 2002-1(e). Accordingly, the Debtors are authorized to serve the Bar Dates Notice Package in the manner described herein.

4.    As soon as practicable after the date that the Court enters this Order, the Debtors, through XRoads Case Management Services, LLC ("XRoads"), shall serve the Bar Dates Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition and postpetition claims and their counsel (if known),

2

all parties that have requested notice in these cases, the Office of the United States Trustee, counsel to the Committee, and all taxing authorities for the jurisdictions in which the Debtors conducted business, whether through actual notice (by United States first-class mail, postage prepaid) or publication notice (in the national edition of *The Wall Street Journal*, and in such local newspapers as the Debtors determines appropriate). The date XRoads actually serves the Bar Dates Notice Package is the "Service Date." Copies of the Bar Date Notice Package and, separately, the Claim Form shall also be posted to XRoads' dedicated web page relating to these cases (http://www.xroadscms.net/newcentury).

5.    Except as provided herein, any entity holding a prepetition claim against one or more of the Debtors must file a proof of claim in accordance with the procedures described herein by the General Bar Date (August 31, 2007). The General Bar Date shall be fixed as a date no earlier than 60 days after the Service Date. The General Bar Date shall be identified in the Bar Dates Notice and the Publication Notice. Except as provided herein, the General Bar Date applies to all entities holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date.

6.    The following entities whose claims otherwise would be subject to the General Bar Date shall NOT be required to file proofs of claim in these chapter 11 cases:

(a)    any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein and in the Motion;

(b)    any entity (i) whose claim against a Debtor is not listed as disputed, contingent or unliquidated in the Schedules and (ii) that agrees with the nature, classification and amount of its claim as identified in the Schedules;

(c)    any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

3

(d)     any Interest Holder whose claims are based exclusively upon the ownership of an Interest;

(e)     any of the Debtors that hold claims against one of the other Debtors; and

(f)     beneficiaries (collectively, the "Beneficiaries") of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (the "Plan") with respect to any and all claims arising out of participation in the Plan, *provided, however,* that this exclusion is without prejudice to the rights of the Debtors and the Official Committee of Unsecured Creditors to move the Court to establish a bar date for such claims, if any, of the Beneficiaries in the event that the Court does not certify a class in the adversary proceeding filed by the Ad Hoc Committee of Beneficiaries and in the absence of which Bankruptcy Rule 3002(c)(3) shall govern the filing of proofs of claim by the Beneficiaries arising out of their participation in the Plan and, *provided further,* to the extent that any of the Beneficiaries holds or asserts any claim not arising out of his or her participation in the Plan, including, without limitation, personal injury, WARN Act, expense reimbursement, securities law, wage, bonus, commission, sick pay, vacation pay, severance pay, similar employment claims or any other claims they may have against the Debtors or their estates (collectively "Unrelated Claims"), such person must file a proof of claim by the General Bar Date as to all such Unrelated Claims.

7.     All Governmental Units that have or assert any prepetition claims

4

against the Debtors must file a proof of claim in accordance with the procedures described herein by the Governmental Bar Date. The Governmental Bar Date shall be October 2, 2007 at 5:00 p.m. (prevailing Pacific Time). The Governmental Bar Date shall be identified in the Bar Dates Notice and the Publication Notice. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date.

8.     The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any claim as disputed, contingent or unliquidated; provided, however, that if a Debtor amends its Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against the Debtor, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Schedules Bar Date. The Schedules Bar Date shall be the later of (a) the General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. To the extent the Debtors amend their Schedules relating to the claim of any creditor, and in accordance with Local Rule 1009-2, the Debtors shall serve notice of both the amendment and the Schedules Bar Date on such affected creditor.

9.     Subject to the exclusions set forth in paragraph 6 of this Order and the provisions set forth herein for holders of claims subject to the Governmental Bar Date, the Rejection Bar Date or the Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

> (a)     any entity whose prepetition claim against a Debtor is not
> listed in the applicable Debtor's Schedules or is listed as disputed,
> contingent or unliquidated and that desires to participate in these

chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b)      any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

10.   Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered by this Court shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date.  The Rejection Bar Date shall be the later of (a) the General Bar Date and (b) 30 days after the effective date of rejection.

11.   Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.

12.   Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability partnership or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception contained in this Order applies.

13.   Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the

Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

14.    The Debtors shall serve on all known Entities holding potential pre-petition claims: (a) the Bar Dates Notice, substantially in the form attached hereto as Exhibit A and (b) a Proof of Claim Form, substantially in the form attached to the Motion as Exhibit C. The Debtors shall state on each Proof of Claim Form, along with the entity's name: (a) whether the entity's Claim is listed in the Schedules and, if so, (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the entity's claim is listed as secured, unsecured or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the Debtors also shall identify on the Proof of Claim Form the dollar amount of the claim as listed in the Schedules. Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

15.    For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to XRoads at the address identified on the Bar Dates Notice so as to be received no later than 5:00 p.m. (prevailing Pacific Time) on the applicable Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-mail or telecopy shall be deemed not accepted. Proofs of claim shall be deemed filed when actually received by XRoads. If a creditor wishes to receive acknowledgement of XRoads' receipt of a proof of claim, the creditor also must submit to XRoads by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

16.    All persons and entities asserting claims against the Debtors' estates are required to file proofs of claim in English and in lawful currency of the United States. If a

7

person or entity does not specify the amount of its claim in lawful currency of the United States, the Debtors may convert such claim to lawful currency of the United States using the applicable conversion rate as of April 2, 2007.

17.  Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtors and a Priority of Claimant or to require the Debtors to make any of the payments authorized herein.

18.  The Debtors shall cause the Publication Notice to be published once in the national edition of *The Wall Street Journal* and any such other local publications as the Debtors deem appropriate no less than 30 days prior to the General Bar Date.

19.  The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the terms of this Order.

20.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions or this Order shall be effective and enforceable immediately upon its entry.

21.  This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: June ___, 2007
    Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3171762-4

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

## NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS OR EQUITY INTERESTS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| **Debtor** | **Address** | **Case Number** |
|---|---|---|
| New Century TRS Holdings, Inc. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10416 |
| New Century Financial Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10417 |
| New Century Mortgage Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10419 |
| NC Capital Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10420 |
| Home123 Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10421 |
| New Century Credit Corporation | 18400 Von Karman Ave. | 07-10422 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

| | Suite 1000<br>Irvine, CA 92612 | |
|---|---|---|
| NC Asset Holding, L.P. | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10423 |
| NC Residual III Corporation | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10424 |
| NC Residual IV Corporation | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10425 |
| New Century R.E.O. Corp. | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10426 |
| New Century R.E.O. II Corp. | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10427 |
| New Century R.E.O. III Corp. | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10428 |
| New Century Mortgage Ventures, LLC | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10429 |
| NC Deltex, LLC | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10430 |
| NCoral, L.P. | 18400 Von Karman Ave.<br>Suite 1000<br>Irvine, CA 92612 | 07-10431 |

**PLEASE TAKE NOTICE THAT** on April 2, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On June ___, 2007, the Court entered an order establishing certain deadlines to file proofs of claim in the above-captioned cases (the "Order").

Pursuant to the Order, the Court fixed **August 31, 2007 at 5:00 p.m., prevailing Pacific Time**, as the general claims bar date (the "General Bar Date") in these cases. Except as described below, the Order requires all Entities that have or assert any prepetition, non-administrative expense Claims against the Debtors to file proofs of claim with XRoads Case Management Services, LLC ("XRoads"), the claims and noticing agent in these cases, so that their proofs of claim are received by XRoads **on or before the General Bar Date**.

2

Pursuant to the Order, the Court fixed **October 2, 2007 at 5:00 p.m., prevailing Pacific Time**, as the governmental unit claims bar date (the "Governmental Bar Date") in these cases. The Bar Date Order requires all Governmental Units that have or assert any prepetition Claims against the Debtors to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the Governmental Bar Date**. Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

Pursuant to the Order, the Court fixed the later of: (i) the General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant as the amended schedules bar date (the "Schedules Bar Date") in these cases. The Order requires all entities who disagree with an amendment to the Schedules to file a proof of claim **on or before the Schedules Bar Date**.

Pursuant to the Order, the Court fixed the later of (a) the General Bar Date, and (b) 30 days after the effective date of rejection. The Order requires all entities whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the Rejection Bar Date**.

## KEY DEFINITIONS

As used in this Notice, the term **"Claim"** shall mean, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term **"Entity"** has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee.

As used in this Notice, the term **"Governmental Unit"** has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing (but not including the Office of the United States Trustee while serving as a trustee under the Bankruptcy Code).

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a)    The General Bar Date. Pursuant to the Order, all Entities, but not including Governmental Units, holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to April 2, 2007 are required to file proofs of claim by the General Bar Date.

(b)    The Governmental Bar Date. Pursuant to the Bar Date Order, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to October 2, 2007 are required to file proofs of claim by the Governmental Bar Date.

(c)    The Rejection Bar Date. Any Entity whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 or 1113 of the Bankruptcy Code and pursuant to an

3

order of the Bankruptcy Court must file a proof of claim on or before the later of: (i) the General Bar Date, and (ii) 30 days after the effective date of rejection.

(d)     The Schedules Bar Date. If, subsequent to the mailing and publication of this Notice, the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim if such claimant disagrees with the nature, amount or classification of the Claim as set forth in the amended schedules on or before the later of: (i) the General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "Schedules Bar Date."

### Entities That Must File Proofs of Claims by the General Bar Date

Subject to terms described above for holders of Claims subject to the Governmental Bar Date, the Rejection Bar Date and the Schedules Bar Date, the following Entities must file proofs of claim on or before the General Bar Date:

(a)     any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)     any Entity that believes its prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that identified in the Schedules.

### Entities Not Required to File Proofs of Claim by the General Bar Date

The Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a)     any Entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described in this Notice;

(b)     any Entity (i) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification and amount of its Claim as identified in the Schedules;

(c)     any Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d)     any Interest Holder whose claims are based exclusively upon the ownership of an Interest;

(e)     any Debtor that holds a Claim against one or more of the other Debtors; and

(f)      beneficiaries (collectively, the "Beneficiaries") of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (the "Plan") with respect to any and all claims arising out of participation in the Plan, *provided, however, to the extent that any of the Beneficiaries holds or asserts any claim not arising out of his or her participation in the Plan, including, without limitation, personal injury, WARN Act, expense reimbursement, securities law, wage, bonus, commission, sick pay, vacation pay, severance pay, similar employment claims or any other claims they may have against the Debtors or their estates (collectively "Unrelated Claims"), such person must file a proof of claim by the General Bar Date as to all such Unrelated Claims*

4

*No Requirement to File Proofs of Interest*

Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.

## FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

## PROCEDURE FOR FILING PROOFS OF CLAIM

### 1. WHAT TO FILE

If you file a Proof of Claim Form (the "Claim Form"), your filed proof of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States; (iii) be set forth on the enclosed proof of claim form; (iv) indicate the Debtor against which you are asserting a Claim; and (v) be signed by the actual claimant or if the claimant is not an individual, by an authorized agent of the claimant.

Any holder of a Claim against more than one Debtor must file separate Claim Form with respect to each such Debtor and all holders of Claims must identify on their proof of claim form the specific Debtor against which their Claim is asserted and the case number of the Debtor's bankruptcy case. The names of the Debtors and their case numbers are listed in this Notice.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. Attach to your completed Claim Form copies of any writings upon which such Claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

### 2. WHEN AND WHERE TO FILE

Except as provided for herein, all signed original Claim Forms (and where necessary, accompanying documentation) must be filed so as to be received on or before the applicable Bar Date, at the following address:

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295
T: (888) 784-9571

5

Proofs of claim may be submitted in person or by courier service, hand delivery or mail addressed to XRoads at the foregoing address. **Any proof of claim submitted by facsimile, electronic mail or telecopy will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.** Proofs of claim will be deemed filed only when actually received by XRoads.

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a Claim Form, you may contact the Debtors in writing at the address listed above. The claims registers for the Debtors will be available at the office of XRoads.

                                        BY ORDER OF THE COURT
                                        THE HONORABLE KEVIN J. CAREY
Dated: June ___, 2007
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

       -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,** | : |  |
|  | : | **Jointly Administered** |
| Debtors. | : |  |
|  | : |  |
|  | : |  |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM
(GENERAL BAR DATE IS AUGUST 31, 2007, AT 5:00 P.M., P.T.)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. ___] (the "Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| **Debtor** | **Case Number** |
|---|---|
| New Century TRS Holdings, Inc. | 07-10416 |
| New Century Financial Corporation | 07-10417 |
| New Century Mortgage Corporation | 07-10419 |
| NC Capital Corporation | 07-10420 |
| Home123 Corporation | 07-10421 |
| New Century Credit Corporation | 07-10422 |
| NC Asset Holding, L.P. | 07-10423 |
| NC Residual III Corporation | 07-10424 |
| NC Residual IV Corporation | 07-10425 |
| New Century R.E.O. Corp. | 07-10426 |
| New Century R.E.O. II Corp. | 07-10427 |
| New Century R.E.O. III Corp. | 07-10428 |
| New Century Mortgage Ventures, LLC | 07-10429 |
| NC Deltex, LLC | 07-10430 |
| NCoral, L.P. | 07-10431 |

Pursuant to the Order, all persons and entities, including individuals, partnerships, estates and trusts who have a claim or potential claim against the Debtors that arose prior to April 2, 2007, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. (Prevailing Pacific Time), on**

**August 31, 2007** (the "General Bar Date"), by sending an original proof of claim form to **XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295**, so that it is actually received on or before the General Bar Date. Proofs of claim sent by facsimile or telecopy will not be accepted.

All governmental units who have a claim or potential claim against the Debtors that arose prior to April 2, 2007, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. (Prevailing Pacific Time), on October 2, 2007** (the "Governmental Bar Date"), by sending an original proof of claim form to **XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295**, so that it is actually received on or before the Governmental Bar Date. Proofs of claim sent by facsimile or telecopy will not be accepted.

ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATES ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

A copy of the Order or a proof of claim form may be obtained by contacting the Debtors' Claims Agent, in writing, at XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295 or by telephone at (888) 784-9571. The Order, as well as the Debtors' Schedules of Assets and Liabilities and the proof of claim form, can also be obtained on the United States Bankruptcy Court for the District of Delaware's website at www.deb.uscourts.gov and at XRoads' dedicated web page relating to these cases (http://www.xroadscms.net/newcentury).

Dated: _____, 2007                    BY ORDER OF THE COURT
Wilmington, Delaware                         THE HONORABLE KEVIN J. CAREY

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

        -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION