## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.[1], | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | **Objection Deadline:    July 9, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date:            July 16, 2007 at 1:30 p.m.** |

### MOTION OF DANIEL J. RUBIO, JOHN HICKS, DAVID VIZCARA, INDIVIDUALS ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED, AND THE GENERAL PUBLIC, FOR AN ORDER GRANTING LEAVE TO FILE A CLASS PROOF OF CLAIM

Daniel J. Rubio, John Hicks and David Vizcarra, individuals on behalf of themselves, all others similarly situated and the general public (collectively "Movants"), by and through their undersigned counsel, hereby respectfully move this Court to enter an order that grants them leave to file a class proof of claim. In support of their request, the Movants respectfully state as follows:

### JURISDICTION

1.       On April 2, 2007 ("Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code").

---

[1]       The "Debtors" or "New Century" are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a  NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P. a Delaware limited partnership.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory

predicates for the relief sought herein are 11 U.S.C. §502, 11 U.S.C. §507(a)(4) and Rules 3001,

3002(c)(3), 3003(c), 9013, 9014 and 7023 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

3.      On March 21, 2005, prior to the Petition Date, the Movants commenced a lawsuit

in California state court against Debtor New Century Mortgage Corporation.  On

August 29, 2006, Debtor New Century Mortgage Corporation removed the action to the United

States District Court, Central District of California (hereinafter "California District Court"),

Daniel J. Rubio, et. al. v. New Century Mortgage Corporation, Case No. 06-811 CJC (AJWx)

(hereinafter the "Rubio Action").

4.      The Rubio Action proceeded for approximately two years up until the Petition

Date, at which time the Rubio Action was stayed, due to the automatic stay provided by section

362(a) of the Bankruptcy Code.

5.      On May 11, 2007, Movants filed a motion for relief from the automatic stay (Dkt.

No. 635) requesting that the Court lift the automatic stay to allow the Rubio Action to proceed in

the California District Court.  The Debtors filed a response to the motion for relief from the

automatic stay (Dkt. No. 945), in which the Debtors requested that the Court deny the motion to

lift the stay.  The motion for relief from the automatic stay requested that the Court lift the

automatic stay in order to allow the Rubio Action to proceed in the California District Court to

pursue available insurance coverage and to liquidate the claims of the putative class members.

On June 27, 2007, the Movants and the Debtors entered into a Stipulation For Limited Relief

From The Automatic Stay Between Debtors and Daniel J. Rubio, John Hicks and David

Vizcarra, Individuals on Behalf of Themselves, All Others Similarly Situated and the General

Public ("Stipulation For Limited Relief From Stay"), in which the Debtors and Movants

stipulated that the stay would be lifted in order to allow a fifth amended complaint to be filed in

the Rubio Action and for the Debtors to tender the fifth amended complaint to their EPLI and

D&O insurance carriers in order to attempt to obtain coverage for the allegations in the fifth

amended complaint. The Stipulation For Limited Relief From The Stay also provided that the

parties reserved all of their rights with respect to the motion for relief from the automatic stay

and the response filed by the Debtors and requested that the Court continue the motion for relief

from the automatic stay for approximately sixty (60) days. (*See,* Stipulation For Limited Relief

From Stay, Dkt. No. 1685).

      6.      On June 8, 2007, Debtors filed their motion for entry of an order establishing bar

dates for filing proofs of claim and approving the form, manner and sufficiency of notice thereof

(the "Bar Date Motion") (Dkt. No. 1173) requesting that the Court set August 31, 2007, as the

General Bar Date.

**SUMMARY OF RUBIO ACTION FILED BY MOVANTS**

      7.      The Rubio Action was brought as a class action on behalf of approximately 1600

individuals employed as loan officers in California by Debtor New Century Mortgage

Corporation. As of June 15, 2005, Debtor New Century Mortgage Corporation stated in its

interrogatory responses that the putative class comprised 1,278 employees (*See,* Defendant New

Century Mortgage Corporation's Responses To Plaintiff's First Set of Special Interrogatories,

pg. 4, lns. 5-6, attached as Exhibit A). On December 28, 2006, in response to a motion to

compel, New Century produced a class list with 1,541 individuals (*See,* December 28, 2006 letter

from New Century's counsel and pages 1 and 86 of the class list attached collectively as Exhibit

3

B). Due to the passage of time and turnover, Movants are informed and believe that the size of

the putative class in the Rubio Action has increased from the 1,541 as represented by Debtor

New Century Mortgage Corporation in the class list it produced.

8.      The Rubio Action alleges statutory wage and hour claims under California law

and the Fair Labor Standards Act as a predicate violation of the California Unfair Competition

Law (Business & Professions Code §17200 et. seq.). The Rubio Action seeks recovery of unpaid

overtime wages and compensation for failure to provide statutorily mandated meal and rest

periods, as well as related statutory violations. (See, proposed Fifth Amended Complaint,

attached as Ex. 1 to the Reply in Support of the Motion For Relief From The Automatic Stay,

which will be filed pursuant to the Stipulation For Limited Relief From Stay).

9.      The Rubio Action is at an advanced stage. The California District Court entered a

scheduling order, scheduling the motion for class certification to be filed April 5, 2007, and

thereafter intended to set further case management dates, including a trial date. (*See*,

November 7, 2006 scheduling order by District Judge Cormac J. Carney, Exhibit C and

October 30, 2006 Notice of Intent to Schedule the Case, Exhibit D).

10.     Prior to the Petition Date, Movants had pursued extensive discovery in the Rubio

Action, including serving 164 requests for production of documents, interrogatories, requests for

admissions, and taking seven depositions. The discovery pursued by Movants in the Rubio

Action involved extensive depositions and production of documents to obtain classwide evidence

to be used by Movants to establish the class certification requirements under Rule 23 of the

Federal Rules of Civil Procedure, ("FRCP"), including numerosity, commonality, typicality,

adequacy and that common issues of law and fact predominate. (FRCP 23(a) and (b)(3)).

Movants sought and obtained extensive hard copy and electronic data demonstrating the

4

classwide pattern and practice in which Debtor New Century did not pay its loan officers proper overtime wages and proper compensation for meal and rest periods as required by the California Labor Code and the Fair Labor Standards Act.  The documents and electronic data sought and obtained by Movants included the following:  timesheets, payroll data, records of telephone log-on and log-off times, building access data showing the date and times that loan officers entered their work areas, computer data from the software system used by loan officers showing the date and time that loan officers performed a task on the computer system (collectively the "Common Evidence").

11.    In order to obtain a sample of the Common Evidence for the class, Movants sought and obtained an order from the Magistrate Judge ordering that Debtor New Century produce a sample of the Common Evidence for approximately two hundred class members.  This order was entered by Magistrate Judge Andrew J. Wistrich on December 15, 2006.  (*See*, December 15, 2006 Order attached as Exhibit E).

## THIS RULE 9014 MOTION TO ALLOW A CLASS PROOF OF CLAIM
## IS PROPER AT THIS TIME

12.    "The bankruptcy rules permit the filing of a class proof of claim."  Reid v. White Motor Corp., 886 F.2d 1462, 1469 (6th Cir. 1989), cert. denied, 494 U.S. 1080 (1990); In Re United Companies Financial Corporation, 276 B.R. 368 (D. DEL 2002).

13.    The Federal Rules of Bankruptcy Procedure specifically provide for the use of a class action in adversary proceedings.  Federal Rule of Bankruptcy Procedure, Rule 7023. Bankruptcy Rule 9014 "expands that Rule to contested matter, at the court's discretion."  In Re United Companies Financial Corporation, 276 B.R. at 372.

14.    Whether to certify a class claim is within the discretion of the bankruptcy court. Rule 7023 of the Federal Rules of Bankruptcy Procedure expressly allow class certification in adversary actions by incorporating Rule 23 of the Federal Rules of Civil Procedure. Bankruptcy Rule 9014 expands that rule to contested matters, at the court's discretion. "The court may at any stage in a particular matter direct that one or more of the rules in part VII shall apply." Federal Rules of Bankruptcy Procedure, Rule 9014.

15.    This Court allows the filing of class claims by a putative class representative. In Re Kaiser Group International, Inc., 278 B.R. 58, 63.

16.    In In Re Thomson McKinnon Securities, Inc., 133 B.R. 39, 41 (S.D.N.Y. 1991), the bankruptcy court disallowed a class proof of claim in part because the claimants did not file a Rule 9014 motion requesting that Rule 7023 apply. Bankruptcy courts in the Third Circuit have held that it is not necessary to wait for a claim objection for a putative class representative to bring a motion under Rule 9014 requesting that the court apply Rule 7023 and allow a class proof of claim. In Re Musicland Holding Corp., 362 B.R. 644, "movants made the motion before the debtors ever filed a claim objection and the court observed "obviously, they [the Movants] could have made the motion sooner." The bankruptcy court in In Re Musicland Holding Corp. discussed whether a motion under Rule 9014 requesting that the Court apply Rule 7023 and allow a class proof of claim must wait until a claim objection is made. The In Re Musicland Holding Corp court recognized there are potential problems with waiting for a claim objection, including that "a debtor and others with interests adverse to a class claim could prevent the claimant from asking the bankruptcy court to apply Rule 23 simply by withholding their objections until the eve of confirmation and then move to expunge the class claim on the

grounds that applying Rule 23 would unduly delay distribution." citing In Re Ephedra Products

Liability Litigation, 329 B.R. 1, 6 (S.D.N.Y. 2005).

17.    For a class representative to pursue a class proof of claim two motions are

required. The first, a Rule 9014 motion to extend the application of Rule 23 to some contested

matter, and the second a motion for class certification demonstrating the requirements of Federal

Rules of Civil Procedure, Rule 23 are satisfied. (*See*, In Re Musicland, 362 B.R. 644, citing

Woodward & Lothrop Holdings, Inc., 205 B. R. 365, 369 (S.D.N.Y. 1997). By this Rule 9014

motion, Movants request that this Court extend the application of Rule 23 to allow Movants to

pursue a class proof of claim. The motion for class certification will either be filed in the Rubio

Action if this Court grants Movants' motion for relief from the automatic stay; or in the

alternative, if the motion for relief from the automatic stay is denied, Movants will file their

motion for class certification in this bankruptcy proceeding.

18.    Since this case is a liquidating Chapter 11, and the Debtors are rapidly liquidating

assets and have already requested a bar date, it is appropriate for this Court to consider this

motion at this time.

## A CLASS PROOF OF CLAIM IS PARTICULARLY APPROPRIATE

## FOR THE RUBIO CLAIMANTS

19.    The California District Court had ordered that the Rubio Claimants file their

motion for class certification by April 5, 2007. However, the Debtors filed this Chapter 11

bankruptcy proceeding on April 2, 2007, three days prior. The California District Court was on

the verge of making the class certification determination in the Rubio Action.

20.    The Rubio Action was filed on March 21, 2005, and pursuant to the California

Labor Code and the California Unfair Competition Law (Business & Professions Code §17200,

et. seq.), the claims of the Rubio Claimants reach back to March 21, 2001, pursuant to the four-year statute of limitations in Business & Professions Code §17208. Claims for overtime pay and compensation for missed meal and rest periods are subject to the three-year statute of limitations for actions "upon a liability created by statute, other than a penalty or forfeiture." California Code of Civil Procedure §338(a), Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094 (2007). Under the Fair Labor Standards Act a two-year statute of limitations applies, or three years for a "willful" statutory violation. (29 U.S.C. §225(a)). The claims of the Rubio Claimants encompasses the time period commencing March 21, 2001 (four years before the filing of the Rubio Action) through the Petition Date.

21.    A portion of the claims of the Rubio Claimants are unsecured claims and a portion are priority administrative claims under 11 U.S.C. §507(a)(4). The overtime and other wage claims of the Rubio Claimants for the 180 days before the Petition Date comprise priority administrative claims.

22.    The three class representatives in the Rubio Action are listed in the Debtors' schedules (*See*, Notice of Filing and pages 398, 413 and 828 of the Consolidated Creditor Matrix attached collectively as Exhibit F). However, the addresses for the three class representatives are incorrect. (*See,* Trush Decl. Exhibit G, ¶2). In September 2005, 253 putative class members were sent a letter while the Rubio Action was pending in California state court informing them that if they wanted their contact information disclosed to Plaintiffs' counsel, they should return a postcard. As a result, 30 postcards were returned (*See*, New Century's Status Conference Statement, pg. 3, lns. 3-26, Exhibit H). Those 30 individuals were sent letters by Plaintiffs' counsel. (*See*, Trush Decl. ¶2).

8

23.     If a class proof of claim is not allowed for the Rubio Claimants, substantial prejudice and confusion will result. Movants are informed and believe that the majority, if not all, of the Rubio Claimants are not fully aware of the fact that the Rubio Action has proceeded for over two years on their behalf, and are certainly not aware of the legal theories asserted on their behalf in the Rubio Action. The Rubio Claimants are also not likely to be aware of the substantial discovery obtained in the Rubio Action, which has been used by the Movants to calculate their damages and will be used by the Rubio Claimants to submit a class proof of claim.

WHEREFORE, for all the foregoing reasons, the Movants respectfully request that this Court enter an order, pursuant to Bankruptcy Rules 9014 and 7023, that grants Movants leave to file a class proof of claim and that the Court grants such other and further relief as is just and proper.

Dated: June 28, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

and

James M. Trush, Esq. (SBN 140088)
TRUSH LAW OFFICE
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187
Telephone:  (714) 384-6390
Facsimile:  (714) 384-6391

*Attorneys for Movants Daniel J. Rubio, John Hicks, David Vizcarra, individuals on behalf of themselves, all others similarly situated and the general public*

#548502v1

9