# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: <br><br> NEW CENTURY TRS HOLDINGS, <br> INC., a Delaware corporation[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 07-10416-KJC <br><br> Jointly Administered |

**AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL**

Nancy Stewart, Esq. hereby certifies pursuant to 28 U.S.C. §1746 as follows:

1. I am an Attorney-at-law, duly admitted to practice in the State of New Jersey, and an associate with the law firm of Shain, Schaffer & Rafanello, P.C. (the "Firm"), having offices at Suite 105, 150 Morristown Rd., Bernardsville, New Jersey 07924.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century RLIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d'b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Any loan, torn), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation;NC Asset Holding, L,P. (f/k/aNC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp., a California corporation; New Century R E O II Corp, a California corporation; New Century R E O III Corp, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised New Century Mortgage Corp. as to a civil action filed in the Superior Court of New Jersey under docket number ESX-L-6971-00, in which Judgment was entered in favor of New Century Mortgage Corp. against First Choice Mortgage Corporation and Kenneth Dube on December 2, 2006 (the "New Jersey Judgment"). The Firm commenced post-petition collection proceedings prior to Debtors filing a petition for bankruptcy on April 3, 2007. The Debtors have requested, and the Firm has agreed, to continue to provide such services to New Century Mortgage Corp. on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are

| | |
|---|---|
| Partners: | $300.00 - $400.00 |
| Associates: | $125.00 - $285.00 |
| Paralegal: | $80.00 - $125.00 |

In the normal course of its business, the Firm revises its billing rates on January 1st of each year and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks". The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), the Firm obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

The Firm routinely represents JPMorgan Chase Bank, N.A.; Chase Home Finance LLC; and CitiMortgage, Inc., listed as creditors herein, with respect to matters unrelated to this bankruptcy.

Monroe Township, located in Middlesex County, New Jersey, is a client of this Firm and listed as a Creditor in Debtors' bankruptcy through the office of its tax collector. The only connections to Debtors discernable by Monroe Township are mortgages held by Debtors on properties located in Monroe Township.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, however, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $801.53 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the

pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on June 28, 2007

_____
Nancy Stewart

Sworn to and subscribed before me
this 28th day of June, 2007

_____
Notary Public

HARRY S. MAULEY, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. ...

4