## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,** | Case No. 07-10416(KJC) |
| Debtors. | Jointly Administered<br>Objection Deadline: 7/9/07 @ 4:00 p.m.<br>Hearing Date:  7/16/07 @ 1:30 p.m. |

**RYAN DESERT RIDGE II, LLC'S MOTION FOR AN ORDER:
(1) CLARIFYING, CONFIRMING AND/OR MODIFYING THE COURT'S MAY
21, 2007 "ORDER AUTHORIZING AND APPROVING ASSUMPTION AND
ASSIGNMENT OF REAL PROPERTY LEASES"; (2) COMPELLING THE
DEBTOR TO COMPLY WITH ITS OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)
PENDING REJECTION OF LEASE; AND (3) COMPELLING THE DEBTOR TO
REJECT LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Ryan Desert Ridge II, LLC ("Ryan") respectfully asks the Court to issue an Order:

(i) clarifying, confirming and/or modifying the Court's May 21, 2007 "Order Authorizing

And Approving Assumption And Assignment Of Real Property Leases" (the "May 21

Order") (**Docket No. 822**); (ii) compelling debtor Home123 Corporation (the "Debtor")

to comply with its obligations under 11 U.S.C. § 365(d)(3) with respect to its lease with

Ryan for nonresidential real property; and (iii) compelling the Debtor to rejects its lease

with Ryan for nonresidential real property.  In support of this Motion, Ryan respectfully

represents as follows:

## I. JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the relief requested in this Motion are (among other things) 11 U.S.C. §§ 105(a) and 365, and the Court's inherent authority.

## II. BACKGROUND

3.  Ryan is the lessor, and the Debtor is the lessee, under the Office Lease dated May 25, 2006 (the "Lease") for the nonresidential real property located at 20860 North Tatum Boulevard, Suite 175, Phoenix, Arizona 85050 (the "Premises").

4.  On April 2, 2007, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

5.  On May 1, 2007, the Debtors[1] filed the "Motion of Debtors and Debtors in Possession for an Order Authorizing and Approving Assumption and Assignment of Real Property Leases" (the "Motion to Assume and Assign").  (**Docket No. 493**).  In the Motion to Assume and Assign, the Debtors sought an Order authorizing and approving the assumption and assignment of the Lease (and other leases) to National City.  The Motion provided that the Debtors will pay the cure amounts as set forth in Exhibit A to the Motion at or before the time of assumption.  In Exhibit A, the Debtors contended that the cure amount for the Lease was $0.

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

6. On May 9, 2007, counsel for Ryan sent an e-mail to the Debtor's counsel addressing the Motion to Assume and Assign. The e-mail: (i) advised the Debtor's counsel that (a) Ryan does not object to the proposed assumption and assignment itself, provided that the defaults under the Lease are cured, and (b) the rent and other charges due under the Lease as of that time were $29,370.45; and (ii) asked the Debtor's counsel to (x) modify the Motion to set forth the proper cure amount, or (y) provide evidence that the April and May 2007 rent and other charges due under the Lease had been paid. The Debtor's counsel never responded to the e-mail.

7. On May 14, 2007, Ryan filed "Ryan Desert Ridge II, LLC's Limited Objection To Motion Of Debtors And Debtors In Possession For An Order Authorizing Assumption And Assignment Of Real Property Leases" (the "Limited Objection"). **(Docket No. 650)**. In the Limited Objection, Ryan asked the Court to (among other things) deny the Motion to Assume and Assign unless and until the Debtor cured the $29,370.45 of arrearages due under the Lease for April and May 2007 rent and other charges (and all other rent and other charges due under the Lease as of the assumption and assignment of the Lease).

8. On May 21, 2007, the Court conducted a hearing on (among other things) the Motion to Assume and Assign. At the hearing, the Debtor's counsel presented the form of May 21 Order, with revised lease cure amounts, for the Court's signature. With respect to the Lease, Exhibit A to the May 21 Order provides the following information: (i) Monthly Rental Obligation of $13,948.00; (ii) Cure Amount of $29,370.45 (with a footnote that provides "[t]he Debtors sent check check [sic] number 50189 in the amount

of $13,621.00 on May 11, 2007 for April rent and sent check number 50452 in the

amount of $13,621.00 on May 17, 2007 for May rent"[2]; and (iii) the Assignee is

"National City" with contact information of "Marie Lewis [and] Leslie Grady[,] 1711 W.

Greentree Dr.[,] Ste. 101[,] Tempe, AZ 85284". The Court signed the May 21 Order at

the May 21, 2007 hearing, and the May 21 Order was entered on May 22, 2007. (**Docket

No. 822**).

   9. Paragraph 3 of the May 21 Order provides:

> "In accordance with section 365 of the Bankruptcy Code, the Debtors are
> hereby authorized and empowered to cure, assume and assign to the
> Assignees, each of the Leases on Exhibit 'A' hereto, and, **upon entry of
> this Order <u>and payment of the applicable cure amounts</u>, shall be
> deemed to have assumed and assigned to the Assignees, each of those
> Leases**. Upon assumption and assignment, each Lease shall be deemed to
> be valid and binding and in full force and effect and enforceable in
> accordance with its terms notwithstanding any provision in any such
> assumed Lease that prohibits, restricts or conditions such assignment or
> transfer and, pursuant to section 365(k) of the Bankruptcy Code, **the
> Debtors shall be relieved from any liability for any breach of such
> assumed Lease occurring <u>after such assignment</u>**." (emphasis added).

   10. The Debtor has not paid the entire cure amount for the Lease as set forth in

the May 21 Order. In this regard, as set forth above, the Debtor paid $13,621.00 toward

the April rent and $13,621.00 toward the May rent--leaving an unpaid cure balance of

$2,128.45. As such, under paragraph 3 of the May 21 Order: (i) the Lease is not deemed

to have been assumed and assigned to National City; and (ii) the Debtor remains liable

for all amounts due under the Lease.

   11. The Debtor has not paid the rent and other charges due under the Lease for

---

[2] Notably, the checks for April and May rent were for less than the Monthly Rental Obligation (i.e. base rent) set forth in Exhibit A for the Lease, let alone additional rent and other charges due under the Lease.

June 2007. The rent and other charges currently due for June 2007 are $14,645.31 (which includes $697.40 in late charges)--bringing the total amount due and outstanding under the Lease to $16,773.76.

12. In the Motion to Assume and Assign, the Debtor represented to the Court that "[t]he Assignees have agreed to take over all obligations under the Leases." (**Docket No. 493** at ¶ 11). Contrary to the Debtor's representation, National City has <u>not</u> agreed to take over the Debtor's obligations under the Lease. In this regard:

(i) On June 12, 2007, at 11:50 a.m., Elise Luckham (a representative of the Debtor) sent an e-mail to Grant Tisdel (a representative of National City) regarding the Premises. Ms. Luckham's e-mail provides:

> "New Century no longer has this space. The Assume and Assign Motion transferred ownership. It's all yours to divide or do whatever you wish with. Our last item is for Bekins to come pick up the customer files and laptops that were left behind an [sic] set to the side." (<u>See</u> **Exhibit 1**);

(ii) Mr. Tisdel forwarded Ms. Luckham's e-mail to Marie Lewis, National City's Real Estate/Lease Administrator. (**Id.**); and

(iii) On June 12, 2007, at 1:40 p.m., Ms. Lewis sent an e-mail to Ms. Luckham (and others) responding to Ms. Luckham's e-mail. Ms. Lewis' e-mail provides:

> "Elise, you may have filed an Assume and Assign Motion in Bankruptcy Court, but National City Bank dba National City Mortgage has not signed any Lease Assumption or Landlord Consent to Lease Assumption documents for the Desert Ridge, AZ space. I'm sure the Landlord for this location would agree with me that we are not the Lessee on any documents in their possession. There is no way National City Mortgage can negotiate the assumption of a Lease still in the name of Home123 or New Century." (**Id.**).

## III.  RELIEF REQUESTED

13.    Ryan respectfully asks the Court to issue an Order:  (i) clarifying and/or confirming that the Lease has not been assumed and assigned to National City under the terms of the May 21 Order, because the cure amount set forth in Exhibit A to the May 21 Order with respect to the Lease has not been paid; (ii) modifying the May 21 Order to exclude the Lease from the real property leases to be assumed and assigned pursuant to that Order; (iii) compelling the Debtor to comply with its obligations under 11 U.S.C. § 365(d)(3) with respect to the Lease pending rejection of the Lease; and (iv) compelling the Debtor to reject the Lease immediately.

## IV.  BASES FOR REQUESTED RELIEF

14.    It is well-settled that the Court has the inherent power to clarify, interpret, apply and enforce its own Orders.  See 11 U.S.C. § 105(a); In re Eveleth Mines, LLC, 312 B.R. 634, 641-42 (Bankr. D. Minn. 2004).  Moreover, the Court also has general authority to change the terms of its own Orders when equity so requires.  See In re Eveleth Mines, supra; In re Olsen, 861 F.2d 188, 189 (8th Cir. 1988); and Rules 9023 and 9024, Federal Rules of Bankruptcy Procedure.

15.    Under 11 U.S.C. § 365(d)(3), the Debtor "shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."

16.    In our case, under the terms of the May 21 Order, the Debtor's purported assumption and assignment of the Lease to National City has not become effective,

because the Debtor still has not paid the entire cure amount set forth in Exhibit A to the May 21 Order. As such, under 11 U.S.C. § 365(d)(3), the Debtor still is obligated to perform all of its obligations under the Lease, including (without limitation) payment of June 2007 rent and other charges due under the Lease. Accordingly, Ryan respectfully asks the Court to issue an Order: (i) clarifying and/or confirming that the Lease has not been assumed and assigned to National City; and (ii) compelling the Debtor to comply with its obligations under the Lease, pursuant to 11 U.S.C. § 365(d)(3), until (as addressed below) the Lease has been rejected.

17. As set forth above, contrary to the Debtor's representation in the Motion to Assume and Assign, National City has not agreed to take over the Debtor's obligations under the Lease. As such, Ryan submits that the equities warrant modifying the May 21 Order to exclude the Lease from the real property leases to be assumed and assigned pursuant to that Order. Accordingly, Ryan respectfully asks the Court to modify the May 21 Order to exclude the Lease from the real property leases to be assumed and assigned pursuant to that Order.

18. Under 11 U.S.C. § 365(d)(2), "the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." In our case, the Debtor should be compelled to reject the Lease immediately, because (among other reasons): (i) the Debtor has no intention of using the Premises for its own business operations; (ii) contrary to the Debtor's prior representations to the Court, National City (the purported assignee of the Lease) has no intention of taking over the Debtor's obligations

under the Lease; (iii) Ryan is left with the vacant Premises, which it cannot seek to re-let to another party until the Lease is rejected; (iv) the Debtor is delinquent in its obligation to pay rent and other charges due under the Lease; and (v) the Debtor has had ample time to decide whether to assume or reject the Lease, as evidenced by its recent rejection of numerous other leases in these cases. Accordingly, Ryan respectfully asks the Court to issue an Order compelling the Debtor to reject the Lease immediately.

## V. <u>NO PRIOR REQUEST</u>

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, Ryan respectfully asks the Court to issue an Order: (i) clarifying and/or confirming that the Lease has not been assumed and assigned to National City under the terms of the May 21 Order, because the cure amount set forth in Exhibit A to the May 21 Order with respect to the Lease has not been paid; (ii) modifying the May 21 Order to exclude the Lease from the real property leases to be assumed and assigned pursuant to that Order; (iii) compelling the Debtor to comply with its obligations under 11 U.S.C. § 365(d)(3) with respect to the Lease pending rejection of the Lease; and (iv) compelling the Debtor to reject the Lease immediately.

DATE: June 28, 2007.

SMITH, KATZENSTEIN & FURLOW
LLP

Kathleen M. Miller (DE ID No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
302-652-8400
302-652-8405
kmiler@skfdelaware.com
and
Dewain D. Fox (Arizona Bar No. 014431)
FENNEMORE CRAIG, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Telephone:  (602) 916-5000
Facsimile:  (602) 916-5999
Attorneys for Ryan Desert Ridge II, LLC

1929152.1