## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| **In re:** | : **Chapter 11** |
| | : |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : **Case No. 07-10416 (KJC)** |
| **a Delaware Corporation, et al.,** | : |
| | : **Jointly Administered** |
| **Debtors.** | : |
| | : |
| | : **Hearing Date: July 31, 2007 @ 1:30 p.m.** |
| | : **Objection Deadline: July 24, 2007** |

------------------------------------------------------------x

## APPLICATION OF THE EXAMINER FOR AN ORDER AUTHORIZING
## THE RETENTION OF SAUL EWING LLP AS DELAWARE COUNSEL TO THE
## EXAMINER *NUNC PRO TUNC* TO JUNE 8, 2007

Michael J. Missal, the Examiner (the "Examiner') appointed in the above-captioned

bankruptcy cases (the "Chapter 11 Cases") by the United States Trustee on June 5, 2007, and

such appointment having been approved by the Court by Order Approving Appointment of

Examiner dated June 7, 2007, pursuant to the Court's Order Denying in Part and Granting in Part

Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11

Trustee, or in the Alternative, an Examiner entered June 1, 2007 (the "Examiner Order"), hereby

submits this application (the "Application") for the entry of an order authorizing the Examiner to

retain Saul Ewing LLP ("Saul Ewing") as his Delaware counsel in the Chapter 11 Cases of New

Century TRS Holdings, Inc., f/k/a New Century Financial Corporation, and its affiliates in these

jointly administered cases (collectively, the "Debtors").[1]   In support of this Application, the

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California

548860 1 7/2/07

Examiner relies upon the Declaration of Mark Minuti (the "Minuti Declaration"), a copy of which is annexed hereto as **Exhibit A** and respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue of this proceeding and this Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are 11 U.S.C. §§ 327 and 105(a).

5.      Additionally, the Examiner Order provides that "[t]he Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327[.]"

### Background

6.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11, of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

---

corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

7.    On June 1, 2007, the Court entered the Examiner Order authorizing and directing the appointment of an Examiner pursuant to 11 U.S.C. §§ 1104(c)(1), 1106(a)(3) and (a)(4) to, inter alia, "investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude that it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements." The Court also authorized the Examiner to investigate any possible unauthorized use of cash collateral post-petition by the Debtors and to otherwise perform the duties of an examiner pursuant to 11 U.S.C. §§ 1106(a)(3) and (a)(4) as limited by the Examiner Order.

8.    On June 5, 2007, the United States Trustee appointed Michael J. Missal as the Examiner. The United States Trustee's appointment of Michael J. Missal as Examiner was approved by this Court by Order dated June 7, 2007.

## Relief Requested

9.    By this Application, the Examiner seeks entry of an order, pursuant to 11 U.S.C. §§ 327 and 105(a) and the terms of the Examiner Order, authorizing the employment of Saul Ewing as his Delaware counsel *nunc pro tunc* to June 8, 2007 in connection with all aspects of the Examiner's investigation as set forth in the Examiner Order.

## Retention of Saul Ewing

10.    On June 8, 2007, the Examiner filed his application [Docket No. 1172] to retain Kirkpatrick & Lockhart Preston Gates Ellis LLP as his lead counsel in these bankruptcy cases.

11.     The Examiner has selected Saul Ewing because the members and associates of

Saul Ewing possess extensive knowledge and considerable expertise in the fields of bankruptcy,

insolvency, reorganizations, debtors' and creditors' rights, investigations, debt restructuring and

corporate reorganizations, among others. The Examiner has also selected Saul Ewing because of

its experience and knowledge practicing before this Court, as well as its proximity to the Court,

and its ability to respond quickly to emergency hearings and other emergency matters in the

Court.

12.     Accordingly, the Examiner believes that Saul Ewing is well qualified to represent

him in these Chapter 11 cases.

13.     Subject to further order of this Court, the Examiner seeks to retain Saul Ewing to

render the following types of services:

> (a)     Take all necessary actions to assist the Examiner in his examination;
>
> (b)     Prepare on behalf of the Examiner all reports, pleadings, applications and other necessary documents in the discharge of the Examiner's duties;
>
> (c)     Assist the Examiner in undertaking additional tasks that the Court may direct; and
>
> (d)     Perform all other necessary legal services on behalf of the Examiner in connection with the above-captioned Chapter 11 Cases.

14.     Subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of this Court (the "Local

Rules"), the Examiner understands that Saul Ewing will provide a 10% discount from its

standard hourly rates for the engagement. Mark Minuti is the attorney who will be primarily

responsible for the Chapter 11 Cases and his current hourly rate is $475. The current hourly rate

for other Saul Ewing attorneys, paralegals and professional staff are within the following ranges:

4

| (a) | Partners: | $335 to $650 |
|-----|-----------|--------------|
| (b) | Special Counsel: | $250 to $440 |
| (c) | Associates: | $175 to $330 |
| (d) | Paraprofessionals: | $95 to $215 |

15.     The Examiner understands that these hourly rates are subject to periodic adjustments (typically in July of each year) to reflect economic and other conditions.  Saul Ewing will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Saul Ewing's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $.10 per page, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The firm will charge the Examiner for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules.

16.     To the best of the Examiner's knowledge, information and belief, Saul Ewing does not hold any disqualifying interest adverse to the Debtors' estates in matters upon which Saul Ewing is to be engaged by the Examiner.

17.     As set forth in the Minuti Declaration, the Examiner understands that Saul Ewing and certain of its partners, counsel and associates may represent, or may in the past have represented, the Debtors or creditors or equity security holders of the Debtors in connection with matters entirely unrelated to the matters on which the Examiner seeks to employ Saul Ewing.  A

list of such known connections between Saul Ewing and the Debtors and its creditors or equity security holders is annexed to the Minuti Declaration.

18.     To the best of the Examiner's knowledge, information and belief, Saul Ewing's connections with the Debtors, their creditors and other parties-in-interest are set forth in the Minuti Declaration.

19.     The Examiner does not believe that any of the above-referenced connections should be disqualifying and has determined that the retention and employment of Saul Ewing is in the best interest of the Debtors' estates and their creditors. Accordingly, for the reasons set forth in the Minuti Declaration, the Examiner believes that Saul Ewing is disinterested, as that term is defined by 11 U.S.C. § 101(14).

20.     The Examiner understands that the disclosures by Saul Ewing set forth in the Minuti Declaration, and the exhibits thereto, have been made based upon a review of the best information available at this time and that, to the extent that it is determined that any additional matters should be disclosed, Saul Ewing will file a supplemental affidavit setting forth such disclosures pursuant to Local Bankruptcy Rule 2014-1(a).

21.     No previous application for the relief sought herein has been made to this or any other Court.

## NOTICE

22.     Pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b), notice of this application has been given to: (a) the Debtors and Debtors-in-Possession, New Century TRS Holdings, Inc., f/k/a New Century Financial Corporation, 18400 Von Karman Ave., Irvine, CA 92612, Attn: Monika L. McCarthy, SVP and Assistant General Counsel; (b) Attorneys for the Debtors and Debtors-In-Possession, Richards Layton & Finger P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins,

Esq. and O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California 94111, Attn:
Suzzanne Uhland, Esq.; (c) the Office of the United States Trustee, J. Caleb Boggs Federal
Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Joseph
McMahon, Esq.; (d) Attorneys for the Official Committee of Unsecured Creditors, Blank Rome
LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Bonnie Glantz Fatell
and Hahn & Hesson LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark S.
Indelicato, Esq.; (e) Counsel for Greenwich Capital Financial Products, Inc., and the CIT
Group/Business Credit, Inc., the Debtors' postpetition senior secured lenders, Kirkland & Ellis
LLP, 777 South Figueroa Street, Suite 3700, Los Angeles, California 90017, Attn: Bennett L.
Spiegel, Esq. and Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 N. Market Street,
17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; and (f) any parties
timely requesting service of notices under Bankruptcy Rule 2002(i).

**WHEREFORE**, the Examiner respectfully requests that the Court enter an order
authorizing the Examiner to retain and employ Saul Ewing as Delaware counsel to the Examiner,
*nunc pro tunc* to June 8, 2007, and granting such other and further relief as the Court deems just
and proper.

Dated: June **28**, 2007

Michael J. Missal, as Examiner
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000