# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Objection Deadline: 7/24/07 at 4:00 p.m. |
| | : | Hearing Date: 7/31/07 at 1:30 p.m. |

## APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAUTE & TIDUS LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(e), 328, 329 AND 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002

The above-captioned debtors and debtors in possession (the "Debtors") hereby request the entry of an order pursuant to sections 327(e), 328, 329 and 504 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Baute & Tidus LLP ("B&T"), as special litigation counsel to the Debtors, effective as of the Petition Date (as defined herein) (the "Application"). In support of this Application, the Debtors rely upon the Affidavit

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

of Jeffrey A. Tidus (the "Tidus Affidavit"), a copy of which is attached hereto as <u>Exhibit A</u>, and respectfully represent as follows:

### Jurisdiction

The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Rules 2014, 2016 and 5002 of the Bankruptcy Rules.

### Relief Requested

1. By this Application, the Debtors seek the entry of an order, pursuant to sections 327(e), 328, 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002 and Local Rule 2016-2, authorizing the Debtors to employ and retain B&T as their special litigation counsel effective *nunc pro tunc* as of April 2, 2007 (the "Petition Date").

### Retention of B&T as Special Litigation Counsel to the Debtors

2. B&T is a law firm with offices at 801 Figueroa Street, Suite 1100, Los Angeles, California 90017. The partner responsible for this engagement is Jeffrey A. Tidus, Esquire.

3. The Debtors have selected B&T based on its broad based experience in the area of intellectual property litigation.

4. The Debtors have requested that B&T continue to serve as their special litigation counsel during these chapter 11 cases to perform services as B&T and the Debtors find mutually agreeable in connection with litigation involving New Century Financial Corporation's claim of insurance coverage in an action entitled *New Century Financial Corporation v. Liberty*

2

*Surplus Ins. Corp., et al.*, Los Angeles Superior Court (Northeast District) Case No. GC 033678 (the "*Liberty* Action"). The *Liberty* Action is a breach of insurance contract, declaratory judgment, bad faith, professional negligence, breach of fiduciary duty, negligence, and fraud suit seeking to establish that Liberty Surplus, under a certain D&O policy of insurance, has an immediate contractual duty to reimburse New Century for the defense fees and costs that it has paid and will continue to pay on behalf of its officers and former officers Frank Nese ("Nese") and Jeff Lemieux ("Lemieux"), in the lawsuit styled *Positive Software Solutions, Inc. v. New Century Mortgage Corporation, New Century Financial Corporation, eConduit Corporation, the AnyLoan Company, Jeff Lemieux and Frank Nese*, United States District Court for the Northern District of Texas, Dallas Division, Case No. 303-CV-0257-N (the "*Positive Software* Action"). New Century also claims that in the event Liberty Surplus successfully asserts a defense based on late notice, that Hodgkiss Insurance Brokers and its principal, Daniel Hodgkiss, Crump Financial Services, Inc. and its principal, Michael McCluskey, breached their fiduciary duties, and professional and general duties of care to New Century and committed fraud, as its insurance brokers, by not tendering the *Positive Software* Action in a proper fashion so as to avoid Liberty Surplus' defense of late notice, and of covering up their action, thereby depriving New Century of Liberty Surplus' reimbursement of defense expenses.

      5.      Given the complexity, length, and stage of the Litigation of which B&T has been intimately involved since its inception, it is essential that the Debtors employ B&T as special litigation counsel in connection with the Litigation. The Debtors believe that B&T is qualified to serve as their special litigation counsel in these chapter 11 cases and that the retention of B&T is in the best interests of their estates and creditors.

      6.      Initially, the Debtors sought to retain B&T as an ordinary course

professional in connection with the Debtors' Motion for an Order Authorizing the Retention of Professionals Utilized in the Ordinary Course of Business Pursuant to Sections 327 and 328 of the Bankruptcy Code [Docket No. 274] (the "Ordinary Course Retention Application"). However, pursuant to the request of the Official Committee of Unsecured Creditors (the "Committee"), the Debtors carved out B&T's retention from the Ordinary Course Retention Application and instead proceed by way of this separate application. Additionally, per the Committee's request, B&T has submitted a proposed budget (the "Budget"), which the Committee has approved.

7. The current hourly rates for the attorneys with primary responsibility for this matter are:

| Name | Hourly Rate |
| --- | --- |
| Jeffrey A. Tidus | $525.00 |
| David P. Crochetiere | $485.00 |
| Henry H. Gonzalez | $325.00 |
| Dean K. Unatin | $325.00 |
| C. Eric Munson | $250.00 |
| Nilo A. Cardeno | $125.00 |

8. Should additional B&T attorneys, paralegals, or other professionals be added to the engagement, the fees charged for such other B&T professionals will be based on B&T's standard, customary hourly rates for the performance of services of this nature.

9. In addition to the hourly rates set forth above, the Debtors shall reimburse B&T for all reasonable out-of-pocket expenses incurred in connection with this engagement such

as travel (with non-working travel time billed at 50% in accordance with the applicable Local Rules), lodging, telephone and facsimile charges.

10.   To check and clear potential conflicts of interest in these cases, B&T has researched its client database to determine whether B&T has any connection with, among others, the following entities:

    a)   the Debtors;

    b)   the Debtors' officers, directors and principal shareholders;

    c)   the Debtors' secured lenders;

    d)   the Debtors' fifty (50) largest unsecured creditors, and any other parties in interest B&T could readily identify as clients of the firm; and

    e)   the Debtors' proposed professionals.

11.   As noted above, B&T has represented the Debtors pre-petition in connection with the Litigation. During the ninety days immediately preceding the Petition Date, the Debtors paid to B&T fees totaling $3,238.85. A listing of these payments is attached hereto as Exhibit 2.

12.   To the best of the Debtors' knowledge, the principals and professionals of B&T do not have any connection with the Debtors, their creditors, or any other party in interest and do not hold or represent an interest materially adverse to the Debtors or their estates, are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code and represent or hold no interest adverse to the interests of the estates with respect to the matters upon which they are to be employed, except as set forth in the Tidus Affidavit and the Exhibit 1 attached thereto.

13.   B&T intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the guidelines promulgated by the United States Trustee, the Local Rules and any additional procedures that may be or have already been established by the Court in these cases. In connection therewith, subject to application for and allowance by the Court, B&T will seek reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors including, without limitation, travel (with non-working travel time billed at 50% in accordance with the applicable Local Rules), and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses, long distance telephone calls and other customary expenditures.

### *Nunc Pro Tunc* Request

14. Accordingly, the Debtors request that they be authorized to employ and retain B&T to act as the Debtors' special litigation counsel, effective as of the Petition Date, with compensation and reimbursement of expenses to be paid in such amounts as this Court may allow after the submission of applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures established by the Court in these chapter 11 cases.

15. B&T has already performed work on the Debtors' behalf post-petition. As set forth above, the Debtors previously included B&T in the Ordinary Course Retention Application, and only removed B&T because the Committee asked the Debtors to do so. Accordingly, the Debtors seek retention to be *nunc pro tunc* to the Petition Date, as they moved diligently and immediately to retain B&T, and B&T performed work in the interim.

### Notice

16. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of

Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; (3) counsel to the Official Committee of Unsecured Creditors; (4) the Examiner; and (5) all other parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

17. The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Rule 1001(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: July 3rd, 2007
Wilmington, Delaware

Respectfully submitted,

New Century TRS Holdings, Inc., on behalf of New Century Financial Corporation, New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC, NCoral, L.P., as Debtors and Debtors in Possession

By: _____
Name: Monika L. McCarthy
Title: SVP and Assistant General Counsel

95509.2