**EXHIBIT 1**

RLF1-3174685-1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF KENTUCKY       )
                                            ) ss:
COUNTY OF JEFFERSON )

Bart L. Greenwald, being duly sworn, deposes and says:

1. I am a Member of Frost Brown Todd LLC (the "Firm"), which maintains offices at 400 W. Market Street, Floor 32, Louisville, Kentucky 40202.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as counsel on four matters involving mortgage foreclosures. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are $185 per hour to $350 per hour for attorneys and $105 per hour to $130 per hour for paralegals. In the normal course of its business, the Firm revises its billing rates periodically and requests that, upon periodic revsion, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

    a. Bank of America is a client;

    b. Charter One has been adverse on prior matters; inactive client;

    c. Citigroup Global Markets, Inc. is a client and has been adverse on prior matters;

    d. Credit Suisse First Boston is an inactive client and has been adverse on prior matters;

    e. DB Structured Products, Inc. is listed as other in a matter;

f. Deutsche Bank is client other on matter and has been adverse on prior matters;

g. Federal National Mortgage Association has been adverse or non-adverse on prior unrelated matters;

h. General Electric has several client accounts for GE and related affiliates;

i. GMAC Commercial Mortgage Corporation is a client; GMAC Residential Funding Corporation; GMAC-RFC Business is also a client; GMAC Commercial Mortgage Bank is client other;

j. Goldman Sachs and Starwood Capital Group are clients; has been adverse on prior matters;

k. Citizens Guaranty Bank is a client; Guaranty Business Credit Corporation is a client;

l. IOS Capital has prior adversities;

m. Ixis Real Estate Capital, Inc. is a client;

n. Morgan Stanley has inactive client accounts, is client other on matter, and has prior adversities.

o. Ropes & Gray is a client;

p. Sterling National Bank is a client;

q. CIT Group / Business Credit, Inc is a client;

r. U. S. Bancorp Tax Department is a client;

s. US Bank has several client accounts;

t. UBS Financial Services, Inc. is a client;

u. Credit Based Asset Servicing is a co-defendant on matter, client Chase Manhattan Mortgage Corporation;

v. EMC Mortgage Corporation is a client;

w. JP MOrgan Chase has several accounts for JP Morgan; Chase is also a client;

    x.    Lehman Brothers has inactive client accounts and has been adverse on prior matters; no current representation noted in data base;

    y.    Nomura Asset Securities Corporation is non-adversarial lender on matter; client Lasalle Bank Trustee;

    z.    PricewaterhouseCoopers LLP is a client;

    aa.    Sprint is a client and has been adverse on prior matters;

    bb.    SunTrust Bank is a client and has been adverse on prior matters;

    cc.    Washington Mutual Finance Company, Inc. is a client and has been adverse on several prior matters.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

    6.    Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

    7.    Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

    8.    Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $44,4216.11 for prepetition services. If the Firm's

employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __7/5__, 2007

_____
Affiant

Sworn to and subscribed before me
this __5th__ day of __July__, 2007

_____
Notary Public       Trude X Murray

My Commission Expires: 3/22/2011

LOULibrary 0111984 0548141 650340v1