IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Obj Deadline: 7/12/07 |
| | Cmt. Obj. Deadline: 7/19/07 |

NOTICE OF PROPOSED SALE OF
ASSETS BY DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO MISCELLANEOUS ASSET SALE PROCEDURES

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to the Order Pursuant to Bankruptcy Code Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 16, 2007 [Docket No. 704] (the "Sale Order"), propose to sell certain assets (the "Assets") to Ron Zach (the "Purchaser") pursuant to an agreement substantially in the form attached hereto as Exhibit A (the "Purchase Agreement"). This Notice is being provided in accordance with, and sets forth the information required under, the Sale Order.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

2

<u>Description of the Assets</u>. As more fully detailed on Exhibit B hereto, the Assets consist of miscellaneous office furniture. The Assets are the property of New Century Mortgage Corporation, one of the Debtors in the above-captioned cases, and are located in 1560 West Bay Area Boulevard, Suite 250, Friendswood, Texas 77546-2665. The approximate value of the Assets, as set forth in the Debtors' books and records, is $0. The purchase price (the "Purchase Price") for the Assets is $3,600. The Debtors are not aware of any appraisal or other indicia of value with respect to the Assets.

<u>Allocation of Purchase Price</u>. The Purchase Price for the Assets is allocated as set forth on Exhibit B hereto.

<u>Liens on and Other Interests in the Assets</u>. To the extent that any party has liens on or interests in the Assets, such information is set forth in Exhibit B hereto. To the extent any party has liens on or interests in the Assets, the Debtors believe that all such liens or interests would be subject to money satisfaction in accordance with section 363(f)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and/or that such lienholders consent to the proposed sale.

<u>Economic Terms and Conditions of the Proposed Miscellaneous Asset Sale</u>. The Debtors propose to sell the Assets to Purchaser "as is - where is," without warranty, representation or recourse back to estates; provided, however, that Purchaser will take title to the Assets free and clear of all liens, claims, encumbrances and other interests therein, pursuant to section 363(f) of the Bankruptcy Code (the "Miscellaneous Asset Sale"). The terms and conditions of the proposed Miscellaneous Asset Sale are substantially as set forth in the Purchase Agreement.

2

Procedures to Object to the Proposed Miscellaneous Asset Sale. Any objection to the proposed Miscellaneous Asset Sale (an "Objection") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before **July 12, 2007** (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; and (e) the Office of the United States Trustee for the District of Delaware (the "Interested Parties"). The objection deadline for the Committee shall be **July 19, 2007** (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no Objections are filed with the Bankruptcy Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the Miscellaneous Asset Sale in accordance with the terms of the Sale Order.

If an Objection is timely filed and served, then (a) the Objection shall be deemed to be a request for a hearing on the Miscellaneous Asset Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection, and (b) the Miscellaneous Asset Sale may not proceed absent written withdrawal of the Objection or entry of an order by the Court approving the Miscellaneous Asset Sale.

RLF1-3174789-1

Dated: July 5, 2007
      Wilmington, Delaware

Respectfully submitted,

_/s/ Christopher M. Samis_
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## EXHIBIT A - BILL OF SALE AND PURCHASE AGREEMENT

THIS BILL OF SALE AND PURCHASE AGREEMENT (the "Agreement") is made and entered into June 18, 2007, by and between RON ZACH (the "Purchaser") and New Century Mortgage Corporation (the "Seller"), a debtor and debtor in possession under Case No. 07-10416 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"):

### RECITALS

A. Upon approval of this Agreement by the Bankruptcy Court, Seller hereby sells, conveys, delivers, transfers and assigns to Purchaser, and its successors and assigns, all of Seller's rights, title and interest in and to all of the assets listed and or described on **Exhibit "B"** attached hereto and incorporated herein by this reference (the "Assets").

B. Purchaser and Seller wish to provide for the transfer of such right, title and interest in and to the Assets and for the price, payment terms and other terms and conditions applicable to such transfer.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Transfer of Assets**. Effective upon entry of the Order as set forth in Section 4 below, Seller hereby sells, assigns, transfers, conveys and delivers to Purchaser all of Seller's rights, title and interest in and to the Assets.

2. **Purchase Price**. The purchase price for the Assets is $3600, which Purchaser shall pay in full to Seller in cash or other immediately available funds upon the execution of this Agreement (the "Purchase Price").

3. **"AS IS" Transaction**. Purchaser hereby expressly acknowledges that Seller's interest in the Assets is being conveyed to Purchaser on an "as is" and "where is" basis with all faults, without recourse and without any oral or written warranties or representations, express or implied, the Purchaser hereby agrees to accept such interests on such basis. Without limiting the foregoing, Seller hereby expressly disclaims any implied warranty of merchantability or fitness of the Assets for any particular purpose.

4. **Court Approval**. The effectiveness of this Agreement and the consummation of the sale are subject to the approval of the Bankruptcy Court as provided in the Order Pursuant to Bankruptcy Code Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales [Dkt. No. 704] ("Miscellaneous Assets Sale Order"). Purchaser shall, at Purchaser's own cost, cooperate in good faith with the reasonable requests of Seller regarding the procurement of the Order and with any proceedings in connection therewith or in furtherance thereof, including, without limitation, providing evidence as may be required by the Bankruptcy Court. In the event that the Bankruptcy Court does not approve the sale of Assets as provided in the Miscellaneous Asset Sales Order, Seller shall return the Purchase Price to Purchaser, without interest, within five (5) business days after receipt of the Bankruptcy Court's written decision.

5. **Sale and Other Taxes.** Any and all sales or other taxes, if any (collectively, "Taxes"), relating to the sale of Assets in connection therewith shall be the sole responsibility of the Purchaser.

6. **Miscellaneous.**

    6.1. **Attorneys' Fees.** In the event that either party hereto brings an action or other proceeding to enforce or interpret the terms and provisions of this Agreement, the prevailing party in that action or proceeding shall be entitled to have and recover from the non-prevailing party all such fees, costs and expenses (including, without limitation, all court costs and reasonable attorneys' fees) as the prevailing party may suffer or incur in pursuit or defense of such action.

    6.2 **Termination.** Purchaser agrees that Seller may, on written notice to Purchaser, terminate this Agreement at any time before consummation of any sale approved in accordance with the Miscellaneous Asset Sales Order, should Seller determine, in its sole and absolute discretion, in consultation with the Official Committee of Unsecured Creditors, that the terms of this Agreement are (i) inadequate or insufficient, (ii) not in conformity with the Bankruptcy Code or (iii) contrary to the best interests of the Seller, its estate, and creditors.

    6.3 **Bankruptcy Court Jurisdiction.** Purchaser and Seller agree that the Bankruptcy Court shall have and retain exclusive jurisdiction over any and all disputes hereunder, and hereby consent to and agree not to contest such exclusive jurisdiction.

    6.4 **Entire Agreement.** This Agreement contains the entire agreement between Purchaser and Seller relating to the sale of the Assets. Any oral representations or modifications concerning this Agreement or any such other document shall be of no force and effect excepting a subsequent modification in writing, signed by the party to be charged.

    6.5 **Modification.** This Agreement may be modified, amended or supplemented only by a written instrument duly executed by all the parties hereto.

    6.6 **Severability.** Should any term, provision or paragraph of this Agreement be determined to be illegal or void or of no force and effect, the balance of the Agreement shall survive.

    6.7 **Captions.** All captions and headings contained in this Agreement are for convenience of reference only and shall not be construed to limit or extend the terms or conditions of this Agreement.

    6.8 **Waiver.** No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

6.9 **Binding Effect.** This Agreement shall bind and inure to the benefit of the respective heirs, personal representatives, successors, and assigns of the parties hereto.

6.10 **Applicable Law.** THIS AGREEMENT SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF DELAWARE WITHOUT GIVING EFFECT TO RULES GOVERNING THE CONFLICT OF LAWS AND, TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

6.11 **Construction.** In the interpretation and construction of this Agreement, the parties acknowledge that the terms hereof reflect extensive negotiations between the parties and this Agreement shall not be deemed, for the purpose of construction and interpretation, drafted by either party hereto.

6.12 **Counterparts.** This Agreement may be signed in counterparts. The parties further agree that this Agreement may be executed by the exchange of facsimile signature pages provided that by doing so the parties agree to undertake to provide original signatures as soon thereafter as reasonable under the circumstances.

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, Seller and Purchaser have duly executed and delivered this Bill of Sale and Purchase Agreement as of this 18th day of June 2007, to be effective on such date.

**SELLER:**

**New Century Mortgage Corporation**

By: _____
Name: Elisa Luckham
Title:   VP, Corporate Services


**PURCHASER:**

**Ron Zach**

By: _____
Name:  RON ZACH, an individual

4

## Exhibit B
## Sale Notice - Miscellaneous Assets

|  |  |
|---|---|
| **Property Location:** | 1560 West Bay Area Blvd. Suite 250 |
| **Tracker # 337** | Friendswood, TX |
| **Approximate Square Footage:** | 3,278 |
| **Proposed Buyer:** | Ron Zach |
|  | 4620 Oakdale Street |
|  | Bellaire, TX  77401 |
|  | 713 256 0330 |
|  | ronmzach@gmail.com |

| Description of Furniture Assets | Count | Build-out Date | Approximate Value | Estimated Economics | Allocation of Purchase Price |
|---|---|---|---|---|---|
| **Work Stations** |  |  |  |  |  |
| miscellaneous furniture |  | June 03 | -- | 3600 | 3,600 |
| liquidator to remove and clean site |  |  |  |  |  |
|  |  | subtotal | $ -- |  | $ -- |
| **Private Offices** |  |  | -- |  |  |
|  |  | subtotal | $ -- |  | $ -- |
|  |  | Total | $0 | $ 3,600 | $ 3,600 |

FFE Lienholder:                none