# NOTE

| July 27, 2000 | North Arlington | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

74 Sunset Avenue, North Arlington, New Jersey  07031
[Property]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $  123,000.00   (this amount called "principal"), plus interest, to the order of the lender. The lender is The Trust Company Of New Jersey. I understand that the Lender may transfer this note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of   6.25   %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   **(A) TIME AND PLACE OF PAYMENTS**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on   September 1, 2000   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   August 1, 2025   I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
   I will make my monthly payments at 35 Journal Square, Jersey City, N. J. 07306, or at a different place if required by the Note Holder.
   **(B) AMOUNT OF MONTHLY PAYMENTS**
   My monthly payment will be in the amount of U.S. $   811.40

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment."
   When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
   I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If 1 make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceed permitted limits will be refunded to me, The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) LATE CHARGE FOR OVERDUE PAYMENTS**
   If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6% of my overdue payment of principal and interest and escrow. I will pay this late charge promptly but only once on each late payment.
   **(B) DEFAULT**
   If I do not pay the amount of each monthly payment on the date it is due, I will be in default.
   **(C) NOTICE OF DEFAULT**
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
   **(D) NO WAIVER BY THE NOTE HOLDER**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   **(E) PAYMENT OF NOTE HOLDER'S COSTS AND EXPENSES**
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at different address if I give the Note Holder a notice of my different address.
   Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument

**7A.** If requested, Borrower shall supply the lender with a personal financial statement which financial statement shall be prepared in conformity with generally accepted accounting principles and shall reflect the Borrower's financial condition at the close of year end.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I maybe required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

**Transfer of the Property or a Beneficial Interest Borrower.**

If all or any part of the Property or any interest In it is sold or transferred (or if a beneficial Interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED**

_____ (Seal)
JOE A. FARINHAS          Borrower

_____ (Seal)
MARIA FARINHAS           Borrower

_____
THOMAS J. COTOV, An Attorney
At Law of New Jersey

# FIXED RATE NOTE RIDER

BETWEEN:  **JOE A. FARINHAS and MARIA FARINHAS, h/w**
and
**THE TRUST COMPANY OF NEW JERSEY**

**Premises:**  74 Sunset Avenue, North Arlington, New Jersey  07031

THIS FIXED RATE NOTE RIDER is made this 27th day of July, 2000, and is incorporated into and shall be deemed to amend and supplement the Fixed Rate Note made by the undersigned (the "Borrower") in favor of THE TRUST COMPANY OF NEW JERSEY (the "Lender") and dated as of the same date (the "Note").

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements contained in the Note, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Note):

**BORROWER'S FAILURE TO PAY AS REQUIRED**
Section 6(A) of the Note is amended to read as follows:
If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

THIS RIDER, AT THE OPTION OF THE NOTE HOLDER, SHALL THEN TAKE EFFECT if the Note is transferred to the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, or any other investor in the secondary market.

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Fixed Rate Note Rider.

_____ L.S.
JOE A. FARINHAS            Borrower

_____ L.S.
MARIA FARINHAS            Co-Borrower

# NOTE

__July 27, 2000__  __North Arlington__  __New Jersey__
[Date]            [City]              [State]

__74 Sunset Avenue, North Arlington, New Jersey 07031__
[Property]

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ __123,000.00__ (this amount called "principal"), plus interest, to the order of the lender. The lender is The Trust Company Of New Jersey. I understand that the Lender may transfer this note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of __6.25__ %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   **(A) TIME AND PLACE OF PAYMENTS**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on __September 1, 2000__ I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on __August 1, 2025__ I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
   I will make my monthly payments at 35 Journal Square, Jersey City, N. J. 07306, or at a different place if required by the Note Holder.
   **(B) AMOUNT OF MONTHLY PAYMENTS**
   My monthly payment will be in the amount of U.S. $ __811.40__

4. **BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment."
When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceed permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) LATE CHARGE FOR OVERDUE PAYMENTS**
   If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6% of my overdue payment of principal and interest and escrow. I will pay this late charge promptly but only once on each late payment
   **(B) DEFAULT**
   If I do not pay the amount of each monthly payment on the date it is due, I will be in default.
   **(C) NOTICE OF DEFAULT**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
   **(D) NO WAIVER BY THE NOTE HOLDER**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   **(E) PAYMENT OF NOTE HOLDER'S COSTS AND EXPENSES**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back
by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at different address if I give the Note Holder a notice of my different address.
Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument

**7A.** If requested, Borrower shall supply the lender with a personal financial statement which financial statement shall be prepared in conformity with generally accepted accounting principles and shall reflect the Borrower's financial condition at the close of year end.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I maybe required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

**Transfer of the Property or a Beneficial Interest Borrower.**

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial Interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED**

_____ (Seal)
JOE A. FARINHAS             Borrower

_____ (Seal)
MARIA FARINHAS              Borrower

_____
THOMAS J. COTOV, An Attorney
At Law of New Jersey

I hereby certify this
to be *[signature]*

# NOTE

| July 27, 2000 | North Arlington | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**74 Sunset Avenue, North Arlington, New Jersey  07031**
[Property]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ __123,000.00__ (this amount called "principal"), plus interest, to the order of the lender. The lender is The Trust Company Of New Jersey. I understand that the Lender may transfer this note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of **6.25** %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   **(A) TIME AND PLACE OF PAYMENTS**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on **September 1, 2000**  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **August 1, 2025** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
   I will make my monthly payments at 35 Journal Square, Jersey City, N. J. 07306, or at a different place if required by the Note Holder.
   **(B) AMOUNT OF MONTHLY PAYMENTS**
   My monthly payment will be in the amount of U.S. $  **811.40**

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment."
   When I make a prepayment, I will tell the Note Holder in writing that I am doing so,
   I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If 1 make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceed permitted limits will be refunded to me, The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) LATE CHARGE FOR OVERDUE PAYMENTS**
   If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6% of my overdue payment of principal and interest and escrow. I will pay this late charge promptly but only once on each late payment.
   **(B) DEFAULT**
   If I do not pay the amount of each monthly payment on the date it is due, I will be in default.
   **(C) NOTICE OF DEFAULT**
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
   **(D) NO WAIVER BY THE NOTE HOLDER**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   **(E) PAYMENT OF NOTE HOLDER'S COSTS AND EXPENSES**
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at different address if I give the Note Holder a notice of my different address.
   Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument

**7A.** If requested, Borrower shall supply the lender with a personal financial statement which financial statement shall be prepared in conformity with generally accepted accounting principles and shall reflect the Borrower's financial condition at the close of year end.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I maybe required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

**Transfer of the Property or a Beneficial Interest Borrower.**

If all or any part of the Property or any interest In it is sold or transferred (or if a beneficial Interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED**

_____ (Seal)
JOE A. FARINHAS                  Borrower

_____ (Seal)
MARIA FARINHAS                   Borrower


_____
THOMAS J. COTOV, An Attorney
At Law of New Jersey

## FIXED RATE NOTE RIDER

BETWEEN: **JOE A. FARINHAS and MARIA FARINHAS, h/w**
and
**THE TRUST COMPANY OF NEW JERSEY**

**Premises:** 74 Sunset Avenue, North Arlington, New Jersey 07031

THIS FIXED RATE NOTE RIDER is made this 27th day of July, 2000, and is incorporated into and shall be deemed to amend and supplement the Fixed Rate Note made by the undersigned (the "Borrower") in favor of THE TRUST COMPANY OF NEW JERSEY (the "Lender") and dated as of the same date (the "Note").

ADDITIONAL COVENANTS. In addition to the covenants and agreements contained in the Note, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Note):

**BORROWER'S FAILURE TO PAY AS REQUIRED**
Section 6(A) of the Note is amended to read as follows:
If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

THIS RIDER, AT THE OPTION OF THE NOTE HOLDER, SHALL THEN TAKE EFFECT if the Note is transferred to the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, or any other investor in the secondary market.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed Rate Note Rider.

_____ L.S.
JOE A. FARINHAS                Borrower

_____ L.S.
MARIA FARINHAS                 Co-Borrower