UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| *In re* | : | Chapter 11 |
|   | : |   |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : |   |
|   |   | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: July 16, 2007 at 1:30 P.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS'
APPLICATION FOR ORDER UNDER 11 U.S.C. § 327(a) AUTHORIZING
EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS
TAX ADVISORY SERVICES PROVIDER TO DEBTORS,
EFFECTIVE NUNC PRO TUNC TO MAY 1, 2007
<u>(DOCKET ENTRY # 1312)</u>**

In support of her objection to the Debtors' application for an order under 11 U.S.C. § 327(a) authorizing the employment and retention of Ernst & Young LLP ("E&Y") as tax advisory services provider to the Debtors nunc pro tunc to May 1, 2007 (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2. Under 28 U.S.C. § 586(a)(3)(I), the UST is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4. The U.S. Trustee objects to the Application on the following grounds:

(a.) This Court previously authorized the Debtors to employ Grant Thornton LLP as tax accountant (application – Docket Entry # 515, 5/2/07; order – Docket Entry # 1269, 6/15/07). This Court authorized Grant Thornton to provide "general corporate tax consulting, including potential bankruptcy tax[-]related issues." Grant Thornton Appl. ¶ 14(d). Given Grant Thornton's role as consultant to the Debtors on tax-related issues, it is unclear why the Debtors should be authorized to employ a second firm to provide tax consulting services.

(b.) The Debtors seek authority to pay E&Y's attorney fees in connection with the engagement. Appl. ¶ 8. This provision is not a "reasonable term . . . of employment" under 11 U.S.C. § 328(a).

(c.) The engagement letter has a rider containing so-called "standard engagement terms." Paragraph 6 of the "standard engagement terms" rider to the engagement letter contains limitation of liability protections. Initially, this Court has previously held that an accountant providing routine services is not entitled to indemnification or limitation of liability protections. *See In re United Cos. Fin. Corp.*, 241 B.R. 521 (Bankr. D. Del. 1999) (Walrath, J.); *In re Dailey Int'l*, No. 99-1233 (Bankr. D. Del. July 1, 1999) (Walsh, J.). The *Dailey International* opinion is attached as Exhibit A.

Specifically, in *Dailey*, this Court expressly disfavored granting indemnification and limitation of liability for routine accounting services. In *Dailey*, the Court found objectionable a number of provisions of E&Y's proposed retention agreement. The Court (a) distinguished the E&Y retention from investment banker/financial advisor retentions, *see* Ex. A at 11-12, and (b) specifically disapproved of a disclaimer of all consequential, special, incidental or punitive damages regardless of the nature of the claim asserted, *see id.* at 12. The Court also noted that the services for which E&Y sought these protections appeared to be "rather conventional outside accountant's services." *See id.* at 16. Accordingly, the U.S. Trustee objects to the Debtors' request to provide E&Y with the requested limitation of liability protections; the Debtors' request is inconsistent with this Court's rulings in *Dailey International* and *United Companies*.

(d.) E&Y's disclosures in the supplemental affidavit supporting the Application appear to be incomplete. First, in paragraph 23 of the supporting affidavit, E&Y makes a general disclosure that its employees may hold securities of the Debtors. The general disclosure suggests that E&Y

conflicts check databases (see paragraph 15 of the supporting affidavit) do not contain information as to whether E&Y partners and/or other employees hold equity securities of the Debtors. E&Y should supplement their disclosure to affirmatively identify the E&Y partners and/or employees, if any, who hold equity securities of the Debtors and the process(es) used by the firm to identify those entities.

Second, Federal Rule of Bankruptcy Procedure 2014(a) requires E&Y to disclose connections with, among other entities, the "United States trustee" and "persons employed in the office of the United States trustee." The related disclosure in paragraph 25 of the supporting affidavit suggests that E&Y's search was limited to the U.S. Trustee and the Assistant U.S. Trustee for the District of Delaware. E&Y should be required to search its databases for persons employed by the U.S. Trustee.

Third, Exhibit 4 to the supporting affidavit (disclosing payments received by E&Y from the Debtors within 90 days prior to the Debtors' bankruptcy filings) does not indicate when the services that are the subject of the invoices were rendered. E&Y should supplement their disclosure with this information. *See In re Pillowtex, Inc.*, 304 F.3d 246 (3d Cir. 2002); *United States Trustee v. First Jersey Securities, Inc. (In re First Jersey Securities, Inc.)*, 180 F.3d 504 (3d Cir. 1999).

(e.)    Paragraph 11(B) of the "standard terms and conditions" appended to the engagement letter suggests that E&Y has the ability to employ independent contractors to complete the services. E&Y should disclose whether it plans on using independent contractors in connection with the proposed engagement. If E&Y plans on staffing the engagement with independent contractors, the U.S. Trustee reserves the right to be heard on related issues, including Rule 2014(a) disclosure issues, at the hearing on the Application.

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

                              Respectfully submitted,

                              **KELLY BEAUDIN STAPLETON**
                              **UNITED STATES TRUSTEE**


                          **BY:**  /s/ Joseph J. McMahon, Jr.
                                Joseph J. McMahon, Jr., Esquire (# 4819)
                                Trial Attorney
                                United States Department of Justice
                                Office of the United States Trustee
                                J. Caleb Boggs Federal Building
                                844 King Street, Room 2207, Lockbox 35
                                Wilmington, DE  19801
                                (302) 573-6491
                                (302) 573-6497 (Fax)

Date:  July 9, 2007