IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | |
| **INC., a Delaware corporation, et al.,** | : | Case No. 07-10416 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |

Hearing Date: July 16, 2007, 1:30 p.m.
Response Deadline: July 11, 2007, 4:00 p.m.

**DECLARATION OF MICHAELINE H. CORREA IN SUPPORT OF HELLER EHRMAN LLP'S RESPONSE TO LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HELLER EHRMAN LLP AS SPECIAL COUNSEL TO THE AUDIT SUBCOMMITTEE *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE**

Michaeline H. Correa declares:

1. I am a bankruptcy associate in the law firm of Heller Ehrman LLP ("Heller Ehrman" or the "Firm"). I am an attorney in good standing in California. I know the matters stated herein of my own personal knowledge, except for those matters stated on information and belief, and as to those matters, I believe them to be true. I am competent to testify to the matters stated in this declaration if called upon to do so.

2. I make this declaration in support of the Debtors' Response to Limited Objection of the United States Trustee to the Debtors' Application For Order Authorizing the Retention and Employment of Heller Ehrman LLP As Special Counsel to the Audit Subcommittee *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(e) and 1107(b) of the Bankruptcy Code.

3. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCF") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code.

4.      On April 4, 2007, Chris Samis, Esq. of Richards, Layton & Finger, P.A., counsel for NCF, informed Heller Ehrman that it should prepare an application for its retention as special counsel to the independent Audit Committee of the Board of Directors of NCF (the "Application"). On April 10, 2007, we learned that the Debtors had scheduled May 2, 2007 as deadline for Heller Ehrman to file the Application. I assisted with the preparation of the Application, and on May 1, 2007, transmitted it to Mr. Samis. Based upon my review of the Court's docket, the Application was filed and served that day.

5.      The hearing on the Application was scheduled to occur May 30, 2007, and the deadline to object to the Application was May 23, 2007.

6.      On May 23, 2007, I received an email from Mr. Samis, to which a document entitled "OUST Inquiries re: Debtors' Professional Employment Applications" was attached. A true and correct copy of Mr. Samis' email is attached hereto as Exhibit A. That email indicated that the Office of the United States Trustee ("UST") had raised issues with respect to various professionals' employment applications. Specifically, the UST requested that Heller Ehrman "provide additional detail regarding the services presently provided to Michael Sachs and KPMG LLP." In light of the UST's inquiries, Mr. Samis suggested that the hearing on the Application be continued to June 15, 2007 to allow time to address the UST's comments and to avoid a formal objection. Heller Ehrman agreed.

7.      On May 29, 2007, I provided Heller Ehrman's response to the UST's inquiries to Mr. Samis, who I am informed and believe transmitted such response to the UST. A true and correct copy of my email (without attachments) is attached hereto as Exhibit B.

8.      By June 12, 2007 – three days prior to the June 15 continued hearing – I had not received any communication from Mr. Samis (or the UST). Therefore, I called Mr. Samis to

2

confirm the June 15 hearing was going forward and that no objections to the Application had been filed.

9. During our conversation, Mr. Samis informed me that earlier that morning Joseph McMahon, Esq. of the UST had expressed concerns regarding Heller Ehrman's retention due to its disclosed relationships with Michael Sachs and KPMG, and the UST intended to lodge a formal objection to the Application.

10. Immediately after my call with Mr. Samis, I contacted Mr. McMahon to inquire about his specific concerns. In an effort to address those concerns informally, we scheduled a telephonic conference for that later evening. Various shareholders of Heller Ehrman and I participated on that call with Mr. McMahon; however, the UST's issues could not be resolved that night. The parties agreed to continue the hearing to June 27, 2007, with the expectation that the UST's concerns could still be informally resolved prior to that hearing.

11. As a result, the UST, Heller Ehrman attorneys, and in some cases, the Debtors' counsel participated in a series of follow-up telephone conferences in which Heller Ehrman attempted informally to provide assurances to satisfy the UST's concern regarding its ability to conduct a fair investigation of NCF's internal accounting and audit controls.

12. On June 25, 2007—almost three months after the Petition Date—the UST filed its formal limited objection to the Debtors' employment of Heller Ehrman as special counsel to the Audit Subcommittee.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 11, 2007.

*Michaeline Correa*
Michaeline H. Correa

3