IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                               :   Chapter 11
                                                     :
NEW CENTURY TRS HOLDINGS, INC.,                      :   Case No. 07-10416 (KJC)
a Delaware Corporation, *et al.,*[1]                 :
                                                     :   Jointly Administered
                        Debtors.                     :
                                                     :
                                                     :   **Hearing Date: July 25, 2007 at 2:30 p.m.**
                                                     :   **Objection Deadline: July 18, 2007**

------------------------------------------------------------x

## EXAMINER'S MOTION FOR AN ORDER
## AUTHORIZING THE EXAMINATION OF KPMG LLP

Michael J. Missal, the Examiner (the "Examiner") appointed in the above-captioned

jointly administered chapter 11 cases, by and through his undersigned counsel, hereby moves

(the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 2004-1 of the Local Rules of this Court (the "Local Rules"), for

an order authorizing the examination of KPMG LLP ("KPMG") in order to obtain all

information in its possession, custody or control relevant to the Debtors' accounting policies,

financial statements, and internal controls, as well as the professional services provided by

KPMG to the Debtors. *A* copy of the subpoena *duces tecum* which the Examiner intends to

---

[1]     The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT,
Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial
Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a
NCMC Mortgage Corporation, New Century Mortgage Ventures, LLC), a
California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The
Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit
Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a
NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware
corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California
corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a
California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total
Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest
Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a
Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a
Delaware limited partnership.

serve upon KPMG is attached hereto at **Exhibit 1**. The Examiner may also serve subpoenas seeking live testimony on KPMG and its current and former partners and employees.

In support of the Motion, the Examiner respectfully represents as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"); Bankruptcy Rules 2004, 9014, and 9016; Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure; and, Local Rule 2004-1.

## BACKGROUND

2.      On April 2, 2007, the Debtors each filed a voluntary petition under chapter 11 of title 11 of the Bankruptcy Code. On April 3, 2007, this Court ordered the joint administration of the Debtors' chapter 11 cases.

3.      On June 1, 2007, this Court entered its Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "June 1, 2007 Order"). The June 1, 2007 Order conferred upon the Examiner the standing of a "party-in-interest" with respect to matters that are within the scope of the investigation. On June 5, 2007, the United States Trustee appointed Michael J. Missal as the Examiner. This Court approved the appointment on June 7, 2007.

## RELIEF REQUESTED

4.      By this Motion, the Examiner respectfully requests entry of an order authorizing the Examiner to conduct an examination of KPMG and its partners and employees pursuant to Bankruptcy Rule 2004. The documents and information sought by the Examiner are necessary

to facilitate his investigation, in accordance with the June 1, 2007 Order, of any and all accounting and financial statement irregularities, errors or misstatements by the Debtors, as well as his efforts to identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors, or misstatements.

## BASIS FOR RELIEF

5.        This Court should authorize the Examiner to examine KPMG and its current and former partners and employees in order to further the administration of the Debtors' estates, and to facilitate the investigation of the Examiner in accordance with the June 1, 2007 Order. Bankruptcy Rule 2004 (a) permits any party-in-interest to move for an order of the Court authorizing the examination of any entity. Fed. R. Bankr. P. 2004(a). Upon entry of an order authorizing such an examination, the production of documents and the attendance of any witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016.[2] Fed. R. Bankr. P. 2004(c). The scope of such examination is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge, . . . and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).

6.        KPMG served as the external auditor to one or more of the Debtors, and issued audit and internal controls opinions during the periods relevant to the Examiner's investigation, including but not limited to 2005 and 2006. Accordingly, KPMG and certain of its current and former partners and employees are believed to possess or have custody of documents and information that are relevant to the Debtors' accounting policies, the audits of the Debtors'

---

[2]        Bankruptcy Rule 9016 incorporates Fed. R. Civ. Proc. 45 which governs the use of a subpoena to produce evidence or to command attendance at a trial, hearing or deposition.

financial statements and internal controls, as well as the accounting and financial statement errors, irregularities or misstatements that are the subject of the Examiner's investigation. Such documents and information are vital to the Examiner's investigation.

7.      As evidenced by the listing of documents and information set forth at **Exhibit 1**, the scope of discovery sought by the Examiner is well within the confines of discovery allowable under Rule 2004, and is narrowly tailored to the issues relevant to the Examiner's investigation.

8.      The Examiner has conferred with counsel for KPMG pursuant to Local Rule 2004-1 in an attempt to arrange for a mutually agreeable date, time, place and scope of production, but has not been successful. Counsel for KPMG has advised the Examiner that a subpoena will be necessary to compel the production of documents from KPMG.[3] Accordingly, and to avoid burdening the Court and incurring undue expense for the Debtors' estates, the Examiner seeks authority in this Motion not only to obtain documents but also to take testimony of KPMG and its current and former partners and employees.

## NOTICE

9.      Notice of this Motion has been provided to the Office of the United States Trustee, counsel for KPMG, counsel for the Debtors, counsel for the Unsecured Creditors Committees, all parties required to receive notice pursuant to Local Rule 2004-1, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Examiner respectfully requests that this Court enter an Order: (i) granting the Motion in its entirety; (ii) authorizing the Examiner to conduct an examination of KPMG and its current and former partners and employees with respect to the issues to be inquired into by the Examiner pursuant to the June 1, 2007 Order; (iii) authorizing the Examiner

---

[3]      The Examiner's Certification pursuant to Local Rule 2004-1 is attached hereto at **Exhibit 2**.

to compel the production of documents and the testimony of witnesses through the issuance of

subpoenas pursuant to Fed. R. Bankr. P. 2004 and 9016, and Fed. R. Civ. P. 45; and (iv) granting

the Examiner such other and further relief as is just and proper.

Dated: Wilmington, Delaware
July 11, 2007

**SAUL EWING LLP**

By:

Mark Minuti. (DE No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6840

*Proposed Counsel to the Examiner*

*and*

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP**

Edward M. Fox, Esq.
599 Lexington Avenue
New York, NY 10022
(212) 536-4812

Stephen G. Topetzes, Esq.
Stavroula E. Lambrakopoulos, Esq.
1601 K Street, NW
Washington, DC 20006
(202) 778-9328

*Counsel to the Examiner*