## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.[1], | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Re: Dkt. No. 635 |
| | ) | |
| | ) | |
| | ) | **Hearing Date:**       **7/16/07 at 1:30 p.m.** |

## STIPULATION FOR LEAVE TO FILE CLASS PROOF OF CLAIM BETWEEN DEBTORS AND DANIEL J. RUBIO, JOHN HICKS AND DAVID VIZCARRA, INDIVIDUALS ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED AND THE GENERAL PUBLIC

The parties to this stipulation are the above-captioned Debtors and Debtors-in-

Possession, on the one hand, and Daniel J. Rubio, John Hicks and David Vizcarra,

individuals on behalf of themselves, all others similarly situated and the general public

(collectively "Rubio Claimants"), on the other hand. The Debtors and the Rubio Claimants

hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, on June 28, 2007, Rubio Claimants filed a motion for an order granting

leave to file a class proof of claim (the "Class Claim Motion" Dkt. No. 1723) requesting

---

[1]       The "Debtors" or "New Century" are the following entities:  New Century Financial Corporation
(f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New
Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE
Mortgage) (d/b/a  NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage
Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123
Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation;
New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset
Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III
Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century
R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New
Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit
Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad
Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers
Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability
company; Ncoral, L.P. a Delaware limited partnership.

1

that this Court allow the class representatives in the action entitled <u>Daniel J. Rubio, et. al. v. New Century Mortgage Corporation</u>, United States District Court, Central District of California, Case No. SACV-06-811 CJC (the "Rubio Action"), to file a class proof of claim on behalf of themselves and the putative class members in the Rubio Action.

WHEREAS, the Rubio Action proceeded for approximately two years up until the Petition Date, at which time the Rubio Action was stayed, due to the automatic stay provided by section 362(a) of the Bankruptcy Code.

WHEREAS, on May 11, 2007, Rubio Claimants filed a motion for relief from the automatic stay (Dkt. No. 635). The motion for relief from the automatic stay requested that the Court lift the automatic stay in order to allow the Rubio Action to proceed in the California District Court to pursue available insurance coverage and to liquidate the claims of the putative class members. The Debtors filed a response to the motion for relief from the automatic stay (Dkt. No. 945), in which the Debtors requested that the Court deny the motion to lift the stay. On June 27, 2007, the Rubio Claimants and the Debtors entered into a Stipulation For Limited Relief From The Automatic Stay, ("Stipulation For Limited Relief From Stay"), in which the Debtors and Rubio Claimants stipulated that the stay would be lifted in order to allow a fifth amended complaint to be filed in the Rubio Action and for the Debtors to tender the fifth amended complaint to their EPLI and D&O insurance carriers in order to attempt to obtain coverage for the allegations in the fifth amended complaint, and for no other purpose. The Stipulation For Limited Relief From The Automatic Stay also provided that the parties reserved all of their rights with respect to the motion for relief from the automatic stay and the response filed by the Debtors and requested that the Court continue the motion for relief from the

automatic stay for approximately sixty (60) days. (*See,* Stipulation For Limited Relief From Stay, Dkt. No. 1685). The Court so ordered the Stipulation for Limited Relief From Stay on June 28, 2007 (Dkt. No. 1722).

WHEREAS, on June 8, 2007, Debtors filed their motion for entry of an order establishing bar dates for filing proofs of claim and approving the form, manner and sufficiency of notice thereof (the "Bar Date Motion" Dkt. No. 1173), requesting that the Court set August 31, 2007, as the General Bar Date (the "General Bar Date").

WHEREAS, the named Plaintiffs in the Rubio Action seek certification of a class action on behalf of what they allege to be approximately 1600 individuals employed as loan officers in California by Debtor New Century Mortgage Corporation.

WHEREAS, the Rubio Action seeks recovery of unpaid overtime wages and compensation for alleged failure to provide statutorily mandated meal and rest periods, as well as related alleged statutory and common law violations.

WHEREAS, the Rubio Claimants and the Debtors, through their counsel, discussed the issues presented by the Class Claim Motion and have resolved these issues as described herein.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and the Rubio Claimants, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1.    Upon entry by the Court of an order approving this Stipulation, the Debtors will not object to the filing of a class proof of claim by the Rubio Claimants, on behalf of themselves and the putative class members in the Rubio Action. Pursuant to Bankruptcy Rule 9014, Bankruptcy Rule 7023 will apply to any further proceedings in connection

with such class proof of claim, including but not limited to any objection to the class

proof of claim.

2.      The class proof of claim to be filed by the Rubio Claimants, on behalf of

themselves and the putative class members in the Rubio Action, shall be filed by the

General Bar Date, which is August 31, 2007.

3.      The Debtors and all other parties in interest reserve the right to object to the

class proof of claim on substantive grounds, including but not limited to an objection

(a) that the purported class fails to meet any of the criteria of Bankruptcy Rule 7023 and

(b) an objection to the validity or the amount of the claim. Any objection to be filed by

the Debtors on substantive grounds, or on any basis whatsoever, must be made by the

same deadline as the Debtors are required to object to other timely filed proofs of claim.

4.      Should the Court, after a later objection, disallow the class proof of claim,

then only the claims of putative class members who filed individual proofs of claim prior

to the General Bar Date shall survive, and the claims of all putative class members who

did not file individual proofs of claim by the General Bar Date shall be barred.

5.      If the Court denies any timely objection to the class proof of claim under the

grounds of Bankruptcy Rule 7023 or otherwise (or if no such objection is timely filed),

then only putative class members who timely filed an individual claim shall be given an

opportunity to remain in the class or to opt out of the class claim and continue to pursue

their individually filed claim.

6.      The Rubio Claimants reserve their right to seek relief from the automatic stay

pursuant to the motion for relief from the automatic stay, which has previously been filed

(Dkt. No. 635), or on any other basis allowed by law, in order to seek class certification

in the United States District Court for the Central District of California. The Rubio

Claimants further reserve all of their rights with respect to the motion for relief from the

automatic stay previously filed in this action. The Debtors and all other parties in interest

reserve their right to object to any such motions.

7.      By entering into this Stipulation, the Debtors are not waiving, and expressly

reserve the right to, object to the claims asserted in the Rubio Action and/or move to

dismiss them, as well as to challenge and oppose class certification. The Rubio

Claimants reserve all rights to respond to any such action by the Debtors.

8.      The Parties agree to and will cooperate fully with each other in the

performance of this Stipulation, and will execute such additional agreements, documents

or other instruments as may reasonably be required to carry out the intent of this

Stipulation.

9.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or

controversies arising from or related to this Stipulation.

10.     This Stipulation may be signed in any number of counterparts (and by each

Party hereto on different counterparts), each of which constitutes an original, but all such

counterparts when taken together shall constitute one and the same agreement. This

Stipulation may be executed by facsimile signature and delivered by facsimile

transmission with the same effect as delivery of a manually executed counterpart of this

Stipulation.

11.     This Stipulation is binding upon the Parties and any of their respective

successors and assigns (including, without limitation, any trustee that may be appointed

in the Debtor's bankruptcy case).

12.    This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect. The terms of this Stipulation are contractual and not mere recitals.

[The remainder of this page intentionally left blank]

13      The Effective Date of this Stipulation shall be the date the Bankruptcy Court

enters a final order approving this Stipulation.

Dated:  July 11, 2007
Wilmington, Delaware

James M. Trush, Esq. (*Pro Hac Vice*)
TRUSH LAW OFFICE
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7187
Telephone: (714) 384-6390
Facsimile:  (714) 384-6391
and
Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile:  (302) 658-5614

*Attorneys for Daniel J. Rubio, John Hicks, David
Vizcarra, individuals on behalf of themselves, all others
similarly situated and the general public*

Dated:  July 12, 2007
Wilmington, Delaware

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Facsimile:  (302) 658-5614
-and-
Ben H. Logan
Suzzanne S. Uhland
Victoria A. Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION