IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: August 2, 2007 at 4:00 p.m.<br>Hearing: N/A |

## FIRST MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIODS FROM APRIL 2, 2007 THROUGH APRIL 30, 2007 AND MAY 1, 2007 THROUGH MAY 31, 2007

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Manatt, Phelps & Phillips, LLP ("Manatt") hereby files this First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Periods from April 2, 200 through and including April 30, 2007 and May 1, 2007 through and including May 31, 2007 (the "Application"). By this Application, Manatt seeks a monthly allowance

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a/ The Anyloan Corporation, 1800anyloan.com,, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a/ NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware Corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a/ Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

70045466.1                                                    1

pursuant to the Administrative Order with respect to the sums of $36,745.20 (80% of $45,931.50) as compensation and $6.26 for reimbursement of actual and necessary expenses for the period April 2, 2007 through and including April 30, 2007 and $62,506.00 (80% of $78,132.50) as compensation and $1,720.57 for reimbursement of actual and necessary expenses for the period May 1, 2007 through and including May 31, 2007 for a total of $100,978.03 (the "Compensation Period"). In support of this Application, Manatt respectfully represents as follows:

### Background

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P., (collectively, the "Debtors") filed voluntary petitioners for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' retention of Manatt was approved effective as of the Petition Date by this Court's Order dated April 24, 2007 (the "Retention Order"). The Retention Order authorized Manatt to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### Compensation Paid and Its Source

3. All services for which compensation is requested by Manatt were performed for or on behalf of the Debtors.

4. Except to the extent of the retainer paid to Manatt as described in the application seeking approval of Manatt's employment by the Debtors during the period covered by this Application, Manatt has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Manatt

and any other person other than the directors of Manatt for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

5.  The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Manatt's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

6.  A summary of actual and necessary expenses and daily logs of expenses incurred by Manatt during the Compensation Period is attached hereto as Exhibit B.

### Summary of Services Rendered

7.  The partners and associates of Manatt who have rendered professional services in these cases are as follows: Harold P. Reichwald, Ellen R. Marshall, Monte A. Lemann, Charles E. Washburn, Jr., Ivan L. Kallick, Matthew A. Portnoff, Michael E. Wong, Jennifer M. Haft and Tara Herman. The paraprofessional of Manatt who has provided service to these attorneys in these cases is Valarie Dennis.

8.  Manatt, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

### Valuation of Services

9.  Attorneys and paraprofessionals of Manatt have expended a total of 239.60 hours in connection with this matter during the Compensation Period, as follows:

| Name of Attorney | Hourly Billing Rate | Total Hours Billed |
|---|---|---|
| Harold P. Reichwald | $690.00 | 0.30 |
| Ellen R. Marshall | 650.00 | 133.30 |
| Monte A. Lemann | 620.00 | 2.70 |
| Charles E. Washburn, Jr. | 590.00 | 0.50 |
| Ivan L. Kallick | 590.00 | 13.40 |
| Matthew A. Portnoff | 415.00 | 2.80 |
| Michael E. Wong | 385.00 | 37.00 |
| Jennifer M. Haft | 305.00 | 13.00 |
| Tara Herman | 305.00 | 12.00 |
| **Name of Paraprofessional** | | |
| Valarie Dennis | 175.00 | 9.10 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Manatt's normal hourly rates for work of this character. The reasonable value of the services rendered by Manatt to the Debtor's during the Compensation Period is $124,064.00.

10.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Manatt is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Manatt has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Manatt respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Manatt in the sum of $99,251.20 (80% of $124,064.00) as compensation for necessary professional services rendered,

and the sum of $1,726.83 for reimbursement of actual necessary costs and expenses, for a total of $100,978.03, and that such sums be authorized for payment less what has been paid previously to Manatt pursuant to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated:  July 13, 2007                    MANATT, PHELPS & PHILLIPS, LLP

By: _____
Ellen R. Marshall [CA Bar No. 66715]
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
(714) 371-2508

Attorneys for Debtors