IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                          : Chapter 11
                                                :
NEW CENTURY TRS HOLDINGS, INC.,                 : Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,                 :
                                                : Jointly Administered
                   Debtors.                     :
                                                :
                                                :
                                                :
------------------------------------------------------------x

### SUPPLEMENTAL AFFIDAVIT OF MICHAEL J. MISSAL IN SUPPORT OF APPLICATION OF THE UNITED STATES TRUSTEE FOR ORDER APPROVING THE APPOINTMENT OF AN EXAMINER

MICHAEL J. MISSAL, being duly sworn according to law, deposes and states the following to the best of his knowledge, information and belief:

1. I am a partner of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates") and the Examiner appointed herein by the Office of the United States Trustee (the "United States Trustee") on June 5, 2007. On June 5, 2007, I submitted a verified statement (the "Verified Statement") in support of the United States Trustee's application to approve my appointment as Examiner.[1] This Affidavit is submitted pursuant to Local Bankruptcy Rule 2014-1 to supplement the disclosures I made in the Verified Statement.

2. Attached to the Verified Statement were a series of Exhibits disclosing K&L Gates' relationships and/or connections to the Debtors, their attorneys, accountants, creditors and other parties-in-interest in the Debtors' chapter 11 cases. Since the Verified Statement was filed, I have learned that Exhibits D and E to the Verified Statement, listing K&L Gates' relevant current and former client relationships, respectively, should be amended as follows:

---

[1] On June 7, 2007, the Court entered an Order approving my appointment as Examiner.

(a) the following entities listed as current clients of the firm on Exhibit D to the Verified Statement were never clients of the firm: (i) The Newport Diversified Fund, Ltd., (ii) The Newport Sequoia Fund LLC, and (iii) The Newport Cascade Fund LLC; and

(b) the following entities listed as current clients of the firm on Exhibit D to the Verified Statement are former, not current, clients of the firm: (i) IKON Office Solutions, (ii) Lowenstein Sandler, PC, (iii) Scott Morris, (iv) Bryan Cave LLP, and (v) Countrywide Credit Industries Inc., and should have been listed as former clients of the firm on Exhibit E to the Verified Statement.

3. As part of my continuing review and evaluation of K&L Gates' relationships and connections to the Debtors, their creditors and other parties-in-interest, I have subsequently learned that:

(a) Dennis S. Potter, a paralegal resident in K&L Gates' Washington, D.C. office, owned twenty (20) shares of the common stock of New Century Financial Corporation (the "New Century Stock"). Mr. Potter has waived any and all claims against, or interests in, the Debtors as a result of his ownership of the New Century Stock, and Mr. Potter sold the New Century Stock on June 29, 2007. Mr. Potter has not, and will not, have any involvement in K&L Gates' representation of me in connection with the Debtors' chapter 11 cases.

(b) Kelly D. Villalpando, a paralegal resident in K&L Gates' Orange County, California office was employed by New Century Mortgage Corporation ("NCMC") as a paralegal for a period of three (3) days, from January 24 through January 26, 2005. Ms. Villalpando voluntarily terminated her brief employment with NCMC on January 26,

2005. Ms. Villalpando was paid for her brief service to NCMC and she is not a creditor of NCMC or any other Debtor.

On February 7, 2005, Ms. Villalpando was hired on a temporary basis as a corporate paralegal in the Orange County, California office of Preston Gates & Ellis, LLP ("PGE"). Ms. Villalpando became a permanent employee of PGE on February 23, 2005. On January 1, 2007, PGE and Kirkpatrick & Lockhart Nicholson Graham LLP merged to form K&L Gates and Ms. Villalpando became an employee of K&L Gates at that time.

During her tenure with PGE and, since January 1, 2007, K&L Gates, Ms. Villalpando has not worked on any matters involving the Debtors. Ms. Villalpando has not, and will not, have any involvement in K&L Gates' representation of me in connection with the Debtors' chapter 11 cases.

4. On June 15, 2007, the Court entered an Order Authorizing the Debtors and Debtors-in-Possession to Retain and Employ Grant Thornton LLP as Tax Accountant *Nunc Pro Tunc* to the Petition Date. K&L Gates currently represents Grant Thornton LLP in matters that are wholly unrelated to the Debtors and their within chapter 11 cases.

5. I do not believe that Mr. Potter's prior ownership of twenty (20) shares of New Century Stock, Ms. Villalpando's prior brief employment by NCMC, or K&L Gates' representation of Grant Thornton LLP in matters entirely unrelated to their work for the Debtors renders me not "disinterested" within the meaning of 11 U.S.C. § 101(14) or otherwise disqualifies me from serving as the Examiner herein.

6.      If any additional facts are discovered pertaining to K&L Gates' or my connections with the Debtors, their creditors or other parties-in-interest, I will promptly file a supplemental affidavit with the Court pursuant to Local Bankruptcy Rule 2014-1 disclosing such information.

MICHAEL J. MISSAL

Sworn to and subscribed before me
on this 13 day of July, 2007

Nancy Wagner
Notary Public

My Commission Expires
June 14, 2012