IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
In re:                                          :
                                                : Chapter 11
NEW CENTURY TRS HOLDINGS, INC.,                 :
a Delaware Corporation, et al.,                 : Case No. 07-10416 (KJC)
                                                :
                    Debtors.                    : Jointly Administered
                                                :
                                                :
                                                :
----------------------------------------------------------x

**SUPPLEMENTAL AFFIDAVIT OF EDWARD M. FOX PURSUANT
TO 11 U.S.C. §§ 101(14), 327, AND FED. R. BANKR. P. 2014 IN FURTHER
SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE
RETENTION OF KIRKPATRICK & LOCKHART PRESTON GATES ELLIS
LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO JUNE 1, 2007**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Edward M. Fox, being duly sworn according to law, deposes and states the following to the best of his knowledge, information and belief:

1. I am a partner in the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"), proposed counsel to the Examiner in the above-captioned chapter 11 cases. On June 8, 2007, I submitted the Affidavit of Edward M. Fox Pursuant to 11 U.S.C. §§ 101(14), 327 and Fed R. Bankr. P. 2014 in Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 sworn to June 8, 2007, (the "Initial Affidavit"; capitalized terms used but not defined herein shall have the meanings ascribed to them in the Initial Affidavit), in support of the Application of the Examiner for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as counsel to the Examiner *Nunc Pro Tunc* to

NY-536925-v1

June 1, 2007 (the "Retention Application"). A hearing on the Retention Application was held on June 27, 2007 and the Retention Application remains pending. This Affidavit is submitted at the Court's request to supplement the Initial Affidavit.

2. As set forth in the Initial Affidavit, K&L Gates does not hold or represent any interests adverse to the Debtors, their creditors or the estates in these matters. Accordingly, I believe K&L Gates is a disinterested person within the meaning of 11 U.S.C. § 101(14).

3. Based on K&L Gates' application of the Disclosure Procedures described in the Initial Affidavit, K&L Gates learned that Dennis S. Potter, a paralegal resident in K&L Gates' Washington, D.C. office, owned twenty (20) shares of the common stock of New Century Financial Corporation ("New Century Stock").

4. At the hearing on the Retention Application held on June 27, 2007, the Court inquired whether Mr. Potter's ownership of the New Century Stock rendered K&L Gates not "disinterested" within the meaning of 11 U.S.C. § 101(14).

5. Although I believe K&L Gates is disinterested notwithstanding Mr. Potter's ownership of the New Century Stock, in order to resolve any issue in this regard, K&L Gates has asked Mr. Potter to waive any and all claims against, or interests in, the Debtors as a result of his ownership of the New Century Stock and, as set forth in the Affidavit of Dennis B. Potter Pursuant to 11 U.S.C. §§ 101(14), 327 and Fed. R. Bankr. P. 2014 in Further Support of Application for an Order Authorizing the Retention of K&L Gates as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 sworn to July 16, 2007 (the "Potter Aff."), annexed hereto as Exhibit A, Mr. Potter has agreed to do so. In addition, Mr. Potter sold his 20 shares of New Century Stock on June 29, 2007, a fact which is also reflected in the Potter Aff.

2

6.  On June 15, 2007, after the Retention Application was filed, the Court entered an Order Authorizing the Debtors and Debtors-in-Possession to Retain and Employ Grant Thornton LLP as Tax Accountant *Nunc Pro Tunc* to the Petition Date Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002. K&L Gates currently represents Grant Thornton LLP in matters that are wholly unrelated to the Debtors and the within chapter 11 cases.

7.  Pursuant to its continued application of the Disclosure Procedures, K&L Gates learned on July 5, 2007 that Kelly D. Villalpando, a corporate paralegal resident in K&L Gates' Orange County, California office, previously was employed by New Century Mortgage Corporation ("NCMC") as a paralegal for a period of three (3) days from January 24 through January 26, 2005. Ms. Villalpando voluntarily terminated her employment with NCMC on January 26, 2005. Ms. Villalpando was paid for her brief service to NCMC, and she is not a creditor of NCMC or any other Debtor. On February 7, 2005, Ms. Villalpando was hired on a temporary basis as a corporate paralegal in the Orange County, California office of Preston Gates & Ellis, LLP ("PGE"). Ms. Villalpando became a permanent employee of PGE on February 23, 2005. On January 1, 2007, PGE and Kirkpatrick & Lockhart Nicholson Graham LLP merged to form K&L Gates and Ms. Villalpando became an employee of K&L Gates at that time.

8.  During her tenure with PGE and, since January 1, 2007 with K&L Gates, Ms. Villalpando has not worked on any matters involving the Debtors. Ms. Villalpando has not, and will not, have any involvement in the firm's representation of the Examiner in connection with the Debtors' chapter 11 cases.

9.  I do not believe that Mr. Potter's prior ownership of twenty (20) shares of New Century Stock, Ms. Villalpando's prior brief employment by NCMC, or K&L Gates'

3

representation of Grant Thornton in matters entirely unrelated to their work for the Debtors, renders the firm not "disinterested" within the meaning of 11 U.S.C. § 101(14) or otherwise disqualifies the firm from representing the Examiner herein.

10. To the extent any information contained herein requires amendment or modification pursuant to K&L Gates' further review, an appropriate supplemental affidavit will be submitted to the Court pursuant to Local Bankruptcy Rule 2014-1(a).

Edward M. Fox

Sworn to and subscribed before me
this **16th** day of July, 2007.

Notary Public

ELAINE FERA
Notary Public, State of New York
No. 01FE4867816
Qualified in Westchester County
Commission Expires August 25, 20 **10**

4