IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | Objection Deadline: July 31, 2007 at 4:00 p.m. |
| | : | Hearing Date: August 7, 2007 at 1:30 p.m. |

## MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO SEAL CERTAIN TIME RECORDS RELATING TO O'MELVENY & MYERS LLP'S MONTHLY FEE APPLICATIONS

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the Court for an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors, and directing the Clerk of the Court, to file and maintain under seal certain time records that support the monthly interim applications for

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

LA3:1135800.2
RLF1-3179235-1

compensation of the Debtors' general bankruptcy counsel, O'Melveny & Myers LLP ("OMM"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

2. The bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1 of the Local Rules.

## BACKGROUND

3. On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief and the Debtors' bankruptcy cases are being jointly administered pursuant to an order of the Court. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

4. The Debtors' retention of OMM was approved effective as of the Petition Date by this Court's Order dated May 7, 2007 [Docket No. 567] (the "Retention Order"). The Retention Order authorized OMM to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## RELIEF REQUESTED

5. By this Motion, the Debtors request the authority to file and maintain under seal certain time records that support OMM's monthly interim applications describing services rendered in relation to the Government Investigations (as defined below) (the "Investigation Time Records"). The Debtors seek to file the Investigation Time Records under seal both in order to protect business confidences, counsel's strategic decisions and considerations, attorney-client privileged information, and information covered by the work-product doctrine.

6. Among OMM's various other responsibilities, OMM is assisting the Debtors in ongoing investigations being conducted by the United States Department of Justice

and the Securities and Exchange Commission relating to pre-petition criminal and regulatory investigations by such entities (the "Government Investigations"). As required by the Bankruptcy Code and Bankruptcy Rules, OMM has maintained detailed records of the legal services it has provided for the Debtors. These time records currently reflect confidential and privileged information about the course of OMM's assistance in the Government Investigations, including strategy and the development of potential defenses. If the public is allowed access to this type of information, the Debtors will have a significant and unfair disadvantage. Authorizing OMM to file its monthly fee applications, but maintain the confidentiality of the detailed Investigation Time Records that support those applications under seal, will narrowly address the Debtors' need for protection without unduly impeding the public's general right of access to bankruptcy filings in the cases.

## ARGUMENT

7.   The Debtors respectfully submit that the Court should grant the relief requested herein. Section 107(b) of the Bankruptcy Code provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). Similarly, Bankruptcy Rule 9018, which implements section 107(b), provides as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may

move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018.

8. Section 107(b) of the Bankruptcy Code permits the Court to restrict access to filings in bankruptcy proceedings that would otherwise be public. It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera,* so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. See Standard & Poor's Corp. v. Commodity Exch., Inc., 541 F. Supp. 1273 (S.D. N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm). See, e.g., John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmacists, Inc., 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*). Whether to allow or deny access is a decision "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978); see also In re Phar-Mor, Inc., 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) (11 U.S.C. § 107 "codified the Supreme Court's *Nixon* decision in the bankruptcy setting"); In re Ionosphere Clubs Inc., 156 B.R. 414, 434 (S.D. N.Y. 1993). If a party can demonstrate sufficient need for limitations upon public access to court filings, the Court may craft a sealing order that narrowly addresses the disclosure concerns. See e.g., Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

9. In light of this authority, the plain language of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the Debtors respectfully submit that the relief requested herein should be granted.

A.     **There Are Compelling Reasons To Seal OMM's Time Records.**

10.     To receive compensation for its representation of the Debtors, OMM must file periodic applications "setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). In fulfilling that obligation, OMM must provide the Court with detailed information from their billing records including the nature and substance of work done for the Debtors. In re Wiedau's, Inc., 78 B.R. 904, 907-908 (Bankr. S.D. Ill. 1987). This information reflects business confidences, counsel's strategic decisions and considerations, attorney-client privileged information, and information covered by the work-product doctrine. These records could provide unfair insight into OMM's attorneys' thought processes, investigative strategy, and priorities, to the detriment of the Debtors and their constituencies.

11.     Attorney fee statements and billing documents describing the nature of the work performed on behalf of a client are confidential and protected by the attorney-client privilege and attorney work-product doctrine. See, e.g., In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982) ("bills, ledgers, statements, time records and the like which also reveal the nature of the services provided" fall within attorney-client privilege); United States v. Keystone Sanitation Co., 885 F. Supp. 672, 675 (M.D. Pa. 1994) (attorney billing statements and time records are protected by attorney-client privilege "to the extent that they reveal litigation strategy and/or the nature of services performed") (citations omitted).[2] Bankruptcy courts have also permitted attorneys to file invoices with special protections, such as filing under seal, "for the purpose of protecting references to [their] research and strategies and other sensitive information from public disclosure." In re Marine Power & Equip. Co., 67 B.R. 643, 649 n.3 (Bankr. W.D. Wash. 1986) (noting prior order permitting attorney to file invoices under seal); see also In re CF & I Fabricators of Utah, Inc., 131 B.R. 474, 484 n.10 (Bankr. D. Utah 1991) (where "[s]everal of the estates' professionals are engaged in litigation in which the opposing party is a member of the unsecured creditors' committee," bankruptcy court permitted unredacted fee applications to

---

[2] Accord, e.g., Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 607 (D. Mass. 1992); Real v. Continental Group, Inc., 116 F.R.D. 211, 214 (N.D. Cal. 1986).

be filed under seal, "[t]o prevent disclosing work-product, waiving the attorney-client privilege, or revealing litigation strategy").[3]

12. Based on this rationale, courts in this District have not hesitated to seal detailed fee information. See e.g. In re Harnischfeger Indus., Inc., No. 99-2171 (PJW) (Bankr. D. Del., Sept. 28, 1999); In re Reliance Acceptance Group, Inc., No. 98-288 (PJW) (Bankr. D. Del., Aug. 5, 1998).

13. Here, OMM's monthly compensation applications are required to detail not only the time and expenses that attorneys incurred in assisting the Debtors with the Government Investigations and the amounts that OMM requests to be paid, but also "the services rendered" in the course of the representation. The details supporting OMM's monthly applications would thus potentially disclose confidential, attorney-client privileged, and work-product protected information. For example, one might discern from these materials legal issues being considered and addressed. Public disclosure of this type of information would open a window on the Debtors' investigation and potentially, defense strategies, allow a potential adversary to gain access to crucial information that it otherwise could never discover, and prematurely disclose other helpful information that an adversary would receive only at some later time prescribed under applicable civil discovery rules.

14. Moreover, such disclosures could be used as a sword in later attempts to overcome an assertion of privilege by the Debtors. This is a substantial concern given the stakes in the bankruptcy and the importance that the Government Investigations may have on the bankruptcy estate.

15. In short, the Debtors' bankruptcy estates faces a clear and significant risk that OMM's investigation would be materially jeopardized by public disclosure of Investigation Time Records as they currently stand.

---

[3] See also In re Pintlar Corp., No. 93-02986, 1994 WL 704476, at *1 (Bankr. D. Idaho Nov. 30, 1994) (when Willkie, Farr & Gallagher's interim application for compensation, United States Trustee's objections to the billing statements, and Willkie Farr's response to those objections all were submitted under seal, court lifted seal on objections and response because they "[did] not reveal any information of the type which Willkie Farr claimed as privileged" but ruled that "Willkie Farr's billing statements will remain under seal").

LA3:1135800.2
RLF1-3179235-1

6

**B.      Public Disclosure of OMM's Monthly Fee Applications, Coupled With The Filing of OMM's Supporting Time Records Under Seal, Narrowly Addresses the Debtors' Risks Without Placing Undue Burdens Upon The Public's Right Of Access.**

16.     The relief the Debtors request -- public filing of OMM's monthly fee applications, with the filing under seal of OMM's time records pertaining to the governmental investigations -- narrowly and appropriately addresses the risks posed by unfettered public filing of those materials.

17.     The Debtors' sealing request covers only a few of the filings in the Debtors' bankruptcy case, and only a portion of those few filings. The proposed Order would cover only OMM's *time records* in support of its monthly fee applications that document its representation of the Debtors pertaining to the Governmental Investigations, not the fee applications themselves.

18.     The Debtors request that the Court enter as part of its order that disbursement of the detailed records related to the Investigation Time Records to the United States Trustee and the Creditors' Committee by the Debtors or counsel or other professionals engaged by the Debtors would not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Court, the United States Trustee and the Creditors' Committee would then receive (under seal) complete, detailed billing records for purposes of assessing OMM's monthly fee requests. The Debtors' do not seek to impede the Court's review through redaction. Nor does it suggest that the Court grant monthly fee requests merely upon an unsupported assertion that services were rendered.

19.     Furthermore, the public interest is not harmed by denying access to the information that the Debtors request to seal. Any interest that a party would have as a potential creditor of the Debtors' estate would be amply protected under the proposed Order by the roles of the Court, the United States Trustee and the Creditors' Committee in reviewing fee requests.

20.     The Debtors' propose that, to the extent that any party subject to the Order files any motion referencing the time records that have been filed under seal pursuant to the

Order, that motion also be filed under seal.

21. The Debtors further propose that all filings under seal shall be filed with a cover sheet on the document or pleading citing the following:

> The materials herein are filed under seal under an Order allowing O'Melveny & Myers LLP to submit its time records in support of its monthly fee applications under seal for *in camera* review by the Court, which Order is dated _____, 2007. Pursuant to said Order, these materials may be viewed only by the Court, except as otherwise ordered by the Court. Copies of these materials are available solely from counsel for the Debtors or otherwise by Order of Court.

22. The Debtors request that the cover sheet for any filings under seal be required to contain the caption of the case, designate the party filing the materials, and include the signature of counsel for said party. Only the cover sheet would become a part of the public record in these proceedings. The pleadings or other materials being filed under seal should be filed in a sealed envelope to which a copy of the above-referenced cover sheet shall also be affixed.

23. The Debtors propose that all future time records submitted by OMM in support of its monthly fee applications pertaining to the Government Investigations shall be deemed confidential and shall be filed with the Court under seal for *in camera* review in accordance with the provisions detailed herein.

## NOTICE

24. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware, (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (3) the Examiner; (4) the Official Committee of Unsecured Creditors; and (5) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this Motion has been made to this or any other court.

26.     The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Del. Bankr. LR 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

## CONCLUSION

For the reasons set forth above, OMM should be permitted to file under seal with the Court time records in support of its monthly applications for compensation that pertain to its representation of the Debtors with respect to the Government Investigations. The Debtors request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, authorizing OMM to file its Investigation Time Records in support of its fee applications under seal for *in camera* review by the Court in accordance with the procedures described in its Motion.

Dated: July 17, 2007
      Wilmington, Delaware

/s/ signature

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION