# EXHIBIT C

**[The Proposed Form of Order]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **NEW CENTURY TRS HOLDINGS,** : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] : | |
| : | **Jointly Administered** |
| **Debtors.** : | |
| : | |
| : | |

### ORDER (I) AUTHORIZING THE PAYMENT OF THE DEBTORS' WIND-DOWN RETENTION PLAN PAY AND (II) AMENDING THE EXISTING KEY EMPLOYEE INCENTIVE PLAN PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE

Upon the motion (as amended, the "Motion") of the Debtors for an order, under Bankruptcy Code sections 363(b), 503(c)(3) and 105 (i) authorizing, but not directing, payment of a wind-down retention plan (the "Wind-down Plan") to certain employees and (ii) amending the existing Key Employee Incentive Plan as more fully set forth in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having convened a hearing on the Motion (the "Hearing"); and the Court having considered the evidence and testimony introduced at the Hearing, if any; and the Court having heard the arguments of the proponents of the Motion and if any, the objectors to the Motion; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

LA3:1136133.2
RLF1-3180785-1

deliberation thereon; and good and sufficient cause appearing therefore; and for the reasons stated by the Court on the record at the Hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Debtors' Amended Key Employee Incentive Plan (the "Amended KEIP") and Wind-down Retention Plan (the "Wind-down Plan," and collectively with the Amended KEIP, the "Plans") are designed to appropriately compensate the plan participants to ensure that they remain motivated to perform the requisite tasks to assist in the liquidating of the Debtors' businesses, given the enormous additional burdens placed upon the participants.

B. The full experience, expertise, unique skills, and enthusiastic involvement of the plan participants are critical to the Debtors' ability to maximize value for their estates.

C. The post-petition efforts of the plan participants extend beyond their ordinary course responsibilities and are critical to the Debtors' efforts to maximize value for their estates.

D. The plan participants are the personnel of the Debtors with the necessary skill and experience to assist with liquidating the Debtors' business, produce the best results and maximum value for the Debtors and their estates.

E. The Debtors have demonstrated that implementation of the Plans is justified under the facts and circumstances of these cases.

F. The Amended KEIP is a performance-based plan that is not subject to the limitations on retention and severance plans set forth in Bankruptcy Code sections 503(c)(1) and (2).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is hereby **GRANTED** as set forth herein.

2. The Plans are hereby **APPROVED**.

3. The Debtors are authorized, but not directed, to make payments to the plan participants in accordance with the Wind-down Plan, attached hereto as <u>Exhibit A</u> and the Amended KEIP, attached hereto as <u>Exhibit B</u>.

4. All payments authorized hereunder shall be allowed administrative expenses of the Debtors' estates under Bankruptcy Code section 503(b).

5. This Court shall retain jurisdiction over all matters set forth in the Motion, including the entitlement of any party to any payment pursuant to the Plans and any dispute regarding the calculation of the incentive payment to be made under the Plans.

IT IS SO ORDERED,

this ___ day of August, 2007

                                                  THE HONORABLE KEVIN J. CAREY
                                                  UNITED STATES BANKRUPTCY JUDGE