IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC., a ) | Case No. 07-10416 (KJC) |
| Delaware corporation, *et al.*[2] ) | Jointly Administered |
| Debtors. ) | |
| ) | **Re: Docket Nos. 1312 & 1860** |

## ORDER UNDER 11 U.S.C. § 327(a) AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS TAX ADVISORY SERVICES PROVIDER TO DEBTORS, EFFECTIVE NUNC PRO TUNC TO MAY 1, 2007

Upon consideration of the application (the "Application")[3] of the Debtors for entry of an order authorizing the employment and retention of Ernst & Young LLP ("E&Y LLP") as tax advisory services provider to the Debtors, effective *nunc pro tunc* to May 1, 2007, as more fully set forth in the Application; and upon consideration of the Affidavit of Richard R. Magnuson, a partner of E&Y LLP, a copy of which is attached to the Application as Exhibit B (, as supplemented by the Supplemental Affidavit of Richard R. Magnuson filed on July 16, 2007, the

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited partnership.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

"Magnuson Affidavit"); and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest relating to the foregoing; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Application and opportunity for objection having been given, with no objections or requests for hearing having been filed; and it appearing that no other notice need be given; and the Court having determined that (i) E&Y LLP holds no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, (ii) E&Y LLP is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and that (iii) E&Y LLP's employment is necessary and would be in the best interest of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause therefore, it is hereby:

ORDERED, that the Application is granted, except to the extent modified by this Order; and it is further

ORDERED, that the Debtors' employment and retention of E&Y LLP as tax advisory service provider to the Debtors pursuant to the terms and conditions of the Application (and the Engagement Letter and Magnuson Affidavit attached thereto) is approved pursuant to section 327(a) of the Bankruptcy Code, effective _nunc pro tunc_ to the Retention Date; and it is further

ORDERED that E&Y LLP shall apply for compensation for services rendered and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, Local Bankruptcy

2

Rules for the District of Delaware, guidelines established by the office of the United States Trustee, and such other procedures as may be established by this Court; and it is further

ORDERED, that in the event that E&Y LLP seeks reimbursement for attorneys' fees from the Debtor pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in E&Y LLP's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding any language in paragraph 8 of the Application to the contrary, E&Y's ability to seek reimbursement for legal fees and expenses is limited to paragraph 8 of the "Standard Terms and Conditions for Tax Services" attached to the Engagement Letter; and it is further

ORDERED, that subparagraphs 6.B and 6.C of the "Standard Terms and Conditions for Tax Services" attached to the Engagement Letter are stricken from the Engagement Letter and shall have no force or effect; and it is further

ORDERED, that the following language is stricken from subparagraph 11.B of the "Standard Terms and Conditions for Tax Services" attached to the Engagement Letter and shall have no force or effect: "E&Y may use independent contractors or consultants to assist in performing the Services or may perform the Services together with any other E&Y Entity, for whose benefit the provisions of this Agreement shall operate"; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 19, 2007

The Honorable Kevin J. Carey
United States Bankruptcy Judge

4

RLF1-3178687-1