IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, et al. | Case No. 07-10416 (KJC) |
| Debtors. | Objection Deadline: July 31, 2007 at 4:00 p.m.<br>Hearing Date: August 7, 2007 at 1:30 p.m. |

## MOTION TO COMPEL DEBTORS TO COMPLY WITH 11 U.S.C. § 365(d)(3)

Brandywine Operating Partnership, L.P. ("Brandywine"), by and through its undersigned counsel, hereby moves for the following:

1.  Pursuant to the Pennsylvania Full Service Lease (as subsequently amended and modified in writing, the "Lease"), dated August 4, 2004, between New Century Mortgage Corporation ("New Century"), as tenant, and Brandywine, as landlord, New Century was a tenant in Brandywine's real property at 630 West Germantown Pike, Plymouth Meeting, Pennsylvania (the "Premises"). Under the Lease, rent is due the first of every month, ending February 2010.

2.  On June 20, 2007, the Debtors filed its Notice of Rejection of Unexpired Lease of Non-Residential Real Property (D.I. 1564) (the "Notice of Rejection"). Pursuant to the Notice of Rejection and the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) ten (10) days after the

Notice of Rejection is served or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to the affected landlord.

3. Despite Brandywine's requests to Debtors, Brandywine did not receive any evidence of surrender prior to July 19, 2007, including but not limited to evidence of turnover of "keys and key cards" to Brandywine.

4. On July 19, 2007, the Debtors sent correspondence to Brandywine confirming surrender of the Premises, but purporting to set a surrender date of the Premises as of June 30, 2007.

5. Further, to date, the Debtors have not paid postpetition obligations under the Lease as required by Section 365(d)(3) in the aggregate amount of $161,501.43, constituting rent and other related charges that were due May 1, June 1, and July 1, 2007.

6. Under Section 365(d)(3), the Debtors remain obligated to pay all postpetition obligations under the Lease.

WHEREFORE, Brandywine respectfully requests that the Court enter an order compelling the Debtors to confirm that the Lease is rejected and surrendered as of July 19, 2007 and pay Brandywine its postpetition obligations forthwith.

Dated: July 23, 2007

/s/ David P. Primack
David P. Primack, Esq. (DE 4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801-1254
(302) 467-4200 (tel)
(302) 467-4201 (fax)

Counsel for Brandywine Operating Partnership, L.P.