UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware corporation, et al.,<br><br>Debtors.[4] | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: August 13, 2007 at 4:00 p.m.<br>Hearing: N/A |

## FIRST MONTHLY INTERIM FEE APPLICATION REQUEST OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, AS SPECIAL CORPORATE AND LITIGATION COUNSEL TO THE DEBTORS

Pursuant to Bankruptcy Code sections 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated April 24, 2007 (the "Administrative Order"), Sheppard, Mullin, Richter & Hampton LLP ("SMRH") hereby files this *First Monthly Interim Fee Application Request of Sheppard, Mullin, Richter & Hampton LLP, as Special Corporate and Litigation Counsel to the Debtors* (the "Application"). By this Application, SMRH seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of $122,838.98 (80% of $153,548.73) as compensation and $2,061.01 for reimbursement of

---

[4] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a/ JBE Mortgage) (d/b/a NCMC Mortgage Corporation; New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

actual and necessary expenses for a total of $124,899.99 for the period from April 2, 2007 through and including June 30, 2007 (the "Compensation Period"). In support of this Application, SMRH respectfully represents as follows:

### Background

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' retention of SMRH was approved effective as of the Petition Date by this Court's Order dated June 15, 2007 (the "Retention Order"). The Retention Order authorized SMRH to be compensated on an hourly rate and to be reimbursed for actual and necessary out-of-pocket expenses.

### Compensation Paid and Its Source

3. All services for which compensation is requested by SMRH were performed for or on behalf of the Debtors or New Century Warehouse Corporation ("New Century Warehouse"), a wholly-owned non-debtor subsidiary of New Century TRS Holdings, Inc.

4. SMRH has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except as set forth in the Retention Order. There is no agreement or understanding between SMRH and any other person other than

the partners of SMRH for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

5. The fee statements for the Compensation Period are attached hereto as Exhibit 2 and 3. These statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of SMRH's knowledge, this Application complies with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

6. A summary of actual and necessary expenses and daily logs of expenses incurred by SMRH during the Compensation Period is attached hereto as Exhibit 4.

7. When the exigencies of this case required, SMRH used messenger services (such as Pro Courier, Inc.) to deliver documents. When SMRH uses these messenger services, it charges clients for the actual costs of the services without surcharge.

8. It was sometimes necessary and cost efficient for SMRH to conduct legal research through computer research services such as WESTLAW and LEXIS/NEXIS. SMRH has a contract with both services and is charged a flat monthly rate. Each service then provides to SMRH an accounting indicating what portion of the total fee charged by such service is allocable to each client, and SMRH charges its clients for their pro-rata share of these computer research services without surcharge.

9. SMRH ordinarily logs internal duplicating and bills these projects to its clients at $0.25 per page.

10. SMRH participated in numerous conference calls rather than traveling to meetings, and it the exigencies of the case sometimes required the use of overnight mail services. SMRH only seeks reimbursement for actual telephone and overnight mail charges.

### Summary of Services Rendered

11. The attorneys and paraprofessionals of SMRH who have rendered professional services in these cases are as follows: Mette H. Kurth, Greg S. Labate, Jason Kearnaghan, Brian B. Farrell, M. Reed Mercado, David H. Sands, Theodore A. Cohen, Sherwin F. Root, Sarat Chuchawat, Alan J. Leggett, Mathilde Kapuano, Gail H. Reinig, and Michele E. Mason.

12. SMRH, by and through the above-named persons, has assisted the Debtors and the Debtors' subsidiary, New Century Warehouse, in connection with litigation, general corporate legal work, and related legal matters such as the defense of the pending lawsuit entitled *Daniel J. Rubio v. New Century Mortgage Corporation* and corporate and transactional matters arising in connection with the sale by New Century Warehouse of substantially all of its assets to Access Holdings Corporation.

### Summary of Services by Project

13. The services rendered by SMRH during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit 1 and 2. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit 1 attached hereto.

**Corporate and Transactional Matters.**

Fees: $116,411.00; Total Hours: 271.40

14. This category includes corporate governance and SEC matters; regulatory matters; and mergers and acquisitions and asset sales, including the pending sale by New Century Warehouse of substantially all of its assets to Access Holdings Corporation.

**Litigation**

Fees: $30,481.00; Total Hours: 78.50

15. This category includes labor and employment matters, including the defense of the pending lawsuit entitled *Daniel J. Rubio v. New Century Mortgage Corporation*.

**SMRH Employment Application.**

Fees: $24,422.50; Total Hours: 55.7

16. This category includes all matters related to preparing applications to retain SMRH, responding to objections to SMRH's employment, and preparing supplements to SMRH's supporting declarations.

**Valuation of Services**

17. Attorneys and paraprofessionals of SMRH have expended a total of 405.60 hours in connection with this matter during the Compensation Period, as follows:

| Attorneys/Paraprofessionals | Hours | Hourly Rate |
|---|---|---|
| Mette H. Kurth | 77.20 | $475.00 |
| Greg S. Labate | 11.50 | $480.00 |
| Jason Kearnaghan | 11.30 | $395.00 |

| | | |
|---|---|---|
| Brian B. Farrell | 17.20 | $275.00 |
| M. Reed Mercado | 16.00 | $265.00 |
| David H. Sands | 59.30 | $595.00 |
| Sherwin F. Root | 11.20 | $445.00 |
| Mathilde Kapuano | 1.50 | $225.00 |
| Theodore A. Cohen | 7.80 | $475.00 |
| Gail H. Reinig | 15.90 | $225.00 |
| Sarat Chuchawat | 17.90 | $385.00 |
| Alan J. Leggett | 157.90 | $384.65 |
| Michele E. Mason | 0.90 | $195.00 |

18.  The nature of the work performed by these persons is fully set forth in Exhibits 2 and 3 attached hereto. These are SMRH's normal hourly rates for work of this character. The reasonable value of the services rendered by SMRH to the Debtors during the Compensation Period is $153,548.73.

19.  In accordance with the factors enumerated in Bankruptcy Code section 330, it is respectfully submitted that the amount requested by SMRH is fair and reasonable given (1) the complexity of these cases, (2) the time expended, (3) the nature and extent of the services rendered, (4) the value of such services, and (5) the costs of comparable services other than in a case under this title. Moreover, SMRH has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

**WHEREFORE**, SMRH respectfully requests that the Court enter an Order providing that for the Compensation Period an allowance be made to SMRH in the sum of $122,838.98 (80% of $153,548.73) as compensation for necessary professional services rendered, and the sum of $2,061.01 for reimbursement of actual necessary costs

and expenses, for at total of $124,899.99, and that such sums be authorized for payment pursuant to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated: July 21, 2007                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                           _____
                                           Mette H. Kurth (Cal. Bar No. 187100)
                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                           333 South Hope Street, 48th Floor
                                           Los Angeles, California 90071-1448
                                           (213) 617-5501

                                           *Attorneys for the Debtors and Debtors in Possession*

W02-WEST:1MHK1\400323152.1

## VERIFICATION

STATE OF CALIFORNIA

COUNTY OF LOS ANGLES             SS:

      Mette H. Kurth, after being duly sworn according to law, deposes and says:

1.    I am an attorney with the applicant firm, Sheppard, Mullin, Richter & Hampton, LLP.

2.    I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

3.    I have reviewed the foregoing Notice of Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

                                                       Mette H. Kurth (CA Bar No. 187100)

SWORN AND SUBSCRIBED before me
this 21ʰ day of July, 2007

_____
Notary Public
My Commission Expires:

[Notary stamp: GEORGE COLLINS, Commission # 1499085, Notary Public - California, Los Angeles County, My Comm. Expires Jul 15, 2008]