## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| NEW CENTURY HOLDINGS, INC., *et al.*, | Case No. 07-10416 (KJC) |
| a Delaware corporation, | Jointly Administered |
| Debtors. | Chapter 11 |
| | Hearing Date: July 31, 2007 at 1:30 p.m. |
| | Objection Deadline: July 24, 2007 at 4:00 p.m. |

### LEAD PLAINTIFF'S LIMITED RESPONSE TO MOTION TO APPROVE STIPULATION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT ANY SUCH RELIEF IS REQUIRED, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS RE DIRECTORS AND OFFICERS LIABILITY INSURANCE

New York State Teachers' Retirement System ("NYSTRS" or "Lead Plaintiff"),[1] in the securities fraud class action entitled *In re New Century*, Case No. cv-07-00932 DDP (JTLx) (the "Securities Litigation"), filed in the United States District Court for the Central District of California (the "District Court"), on behalf of all persons (the "Class") who purchased or otherwise acquired public traded securities of New Central Financial Corp. ("NCFC" or the "Debtor," and together with NCFC's affiliated entities, the "Debtors") between February 3, 2005 and March 2, 2007, inclusive, and who were damaged thereby, submit this response (the "Response") to the Debtor's Motion To Approve Stipulation For An Order Granting Relief From The Automatic Stay, To The Extent Any Such Relief Is Required, To Enforce Insurance Policy In Favor Of Insured Persons Re Directors And Officers Liability Insurance (the "Motion"), and states the following:

---

[1]    NYSTRS was appointed Lead Plaintiff on June 26, 2007.  *See* ¶ 4, *infra*.

## PRELIMINARY STATEMENT

1.      Lead Plaintiff does not object to the relief sought in the Motion, but requests that any order entered approving the Stipulation[2] by and among the Debtors, the Creditors' Committee and the Insured Persons be clarified to avoid any confusion or prejudice with respect to the proceeds of the Primary Insurance Policy.[3]

## BACKGROUND

2.      On April 2, 2007, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3.      Prior thereto, approximately twenty (20) securities class action complaints[4] were filed in the District Court, each alleging violations by the Debtor and certain current and/or former officers and directors of the Debtor (the "Non-Debtor Defendants," who are among the Insured Persons) of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and, in some instances, violations of Section 11 of the Securities Act of 1933 (collectively, the "Securities Laws"), thereby causing damage to Lead Plaintiff and the Class.

4.      By Order dated June 26, 2007, the District Court consolidated the pending putative class actions into the Securities Litigation, appointed NYSTRS as Lead Plaintiff and directed Lead Plaintiff to file an amended consolidated complaint (the "Consolidated Complaint").

---

[2]     Capitalized terms shall have the meanings ascribed to them in the Motion or the underlying Stipulation, unless defined otherwise herein.

[3]     In addition to the Primary Insurance Policy (*see* ¶¶ 6-7, *infra*) in the amount of $10 million, the Debtors also maintained four (4) Excess Policies in the aggregate amount of $40 million.  References to the Primary Insurance Policy include the Excess Policies where appropriate.

[4]     The first such complaint, *Avi Gold v. Brad A. Morvice, et al*, was filed on February 8, 2007.

5.      Although the Debtor was named as a defendant in several of the (pre-petition) class action complaints, the Debtor will not be named as a defendant in the Consolidated Complaint pursuant to the dictates of 11 U.S.C. § 362(a).  The Securities Litigation is proceeding against the Non-Debtor Defendants.

## THE MOTION

6.      As set forth in the Motion, the Primary Insurer issued the Primary Insurance Policy to the Debtors, which provides coverage to the Insured Persons for, *inter alia*, the claims asserted in the Securities Litigation.  *See* Primary Insurance Policy, End. No. 1, §1 (Coverage A). (A copy of the Primary Insurance Policy is annexed to the Stipulation as Exhibit A.)

7.      Upon information and belief, the Insured Persons have made demands upon the Primary Insurer under the Primary Insurance Policy for payment of defense costs incurred, or to be incurred, in connection with the Securities Litigation.  The Primary Insurer is prepared to advance these defense costs, but has requested, apparently out of an abundance of caution, that the Debtors obtain an appropriate order from the Bankruptcy Court (to the extent necessary) "in the event it is determined that the proceeds [of the Primary Insurance Policy] are property of the estates."  *See* Motion, ¶9.

8.      While the Debtors take no position with respect to whether or not the proceeds are property of the estates, the Insured Persons correctly believe that they are not property of the estates.  The Creditors' Committee believes otherwise.  *See* Motion, ¶9.

9.      As a result of the foregoing disputed issue and because the Primary Insurer has requested Court approval, the Insured Persons, the Debtors and the Creditors' Committee have entered into the Stipulation providing for relief from the stay *to the extent necessary* to permit the Primary Insurer to advance up to $5 million under the Primary Insurance Policy and now request that the Court approve the Stipulation.

## REQUESTED RELIEF

10.     Subject to any reservation of rights of the Primary Insurer to deny and/or limit coverage consistent with the terms of the Primary Insurance Policy, Lead Plaintiff's claims against the Non-Debtor Defendants are covered by the Primary Insurance Policy.

11.     Accordingly, Lead Plaintiff, on behalf of the Class, has an interest in the proceeds of the Primary Insurance Policy.

12.     The Primary Insurance Policy contains a priority or order of payments provision establishing that the Debtors' right to payment under the Primary Insurance Policy (Coverage B), if any, is subordinate to that of the Insured Persons.  *See* Primary Insurance Policy, End. No. 1, §23.  In other words, the Debtors are not entitled to any of the proceeds of the Primary Insurance Policy unless and until the covered claims against the Insured Persons, as well as their defense costs (collectively, Coverage A), are paid in full.

13.     Although Lead Plaintiff maintains that the proceeds of the Primary Insurance Policy are not property of the estates (*see, e.g., In re Louisiana World Exposition, Inc.*, 832 F. 2d 1391 (5th Cir. 1987) and its progeny), Lead Plaintiff does not object to approval of the Stipulation providing for the payment of defense costs.  However, Lead Plaintiff does object to entry of any  order that finds or holds that (i) court approval for the advancement of defense costs, *i.e.*, stay relief is necessary, and/or (ii) that the proceeds of the Primary Insurance Policy are property of the Debtors' estates.

14.     Indeed, the parties do not appear to be requesting that the Court make such a determination at this time.  In fact, the Debtors state in the *Motion* that they and the Creditors' Committee have determined that the benefit to the estates is best served by 'lifting the automatic stay, to the extent it may apply, "*without determining whether or to what extent the proceeds of the policies may constitute property of the estates*".  Motion ¶17 (emphasis added).

15.     Notwithstanding the foregoing representation in the Motion, neither the Stipulation nor the proposed Order approving the Stipulation includes the same or similar language.

16.     As a result, the entry of the proposed Order may be interpreted as implying that the proceeds of the Primary Insurance Policy are property of the estates, despite that the Court is not being asked to make such a determination.

17.      In order to avoid any confusion or prejudice, and to prevent the foregoing implication, inference or interpretation, any order entered should expressly provide that it does not constitute a determination that the proceeds of the Primary Insurance Policy or the Excess Policies are property of the estate.

18.     Accordingly, the following language should be included in the Order approving the Stipulation:

> Nothing in this Order shall constitute a determination that the proceeds of the Primary Insurance Policy or of any of the Excess Policies are property of Debtors' estates.

(remainder of page intentionally left blank)

## CONCLUSION

19.    Based on the foregoing, Lead Plaintiff respectfully requests that the Motion be denied unless any Order entered contains the proposed language set forth in paragraph 18, *supra*.


Dated: July 24, 2007                                                          **CROSS & SIMON LLC**

By:   */s/ Christopher P. Simon*
      Christopher P. Simon (Bar No. 3967)
      913 North Market St., 11th Floor
      Wilmington, Delaware 19899-1380
      302.777.4200 (Telephone)
      302.777.4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to NYSTRS*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald, Esq.
Noam Mandel, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554-1444 (Facsimile)

and

Blair A. Nicholas, Esq.
Matthew Silben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Counsel for NYSTRS and proposed Lead Counsel for the Class*