**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Hearing Date: July 31, 2007 at 1:30 p.m. |
| | : | Re: Docket No. 1824 |

**RESPONSE OF DEBTORS AND THE DEBTORS IN POSSESSION
TO MOTION OF AARON CELIOUS FOR RELIEF FROM STAY [DOCKET NO. 1824]**

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this Response to Motion of Aaron Celious (the "Movant") for Relief from Stay (the "Motion"). In support of this Response, the Debtors represent as follows:

**RESPONSE**

1. On July 3, 2007, the Movant drafted a letter to the Court requesting relief from the automatic stay to "[p]ursue a legal remedy against New Century Mortgage for defrauding me [Movant] in the purchase of a residential home in Atlanta, Georgia." The Clerk of the Court calendared the request for hearing on July 31, 2007 at 1:30 p.m.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2

2. Section 362(d)(1) permits the Court to lift or modify the stay only for "cause." What constitutes "cause" is decided on a case-by-case basis based upon "the totality of the circumstances in each particular case." In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997).

3. The Movant carries the burden of proof that the requisite "cause" exists to lift the stay. Id. See also In re Pacor, Inc., 74 B.R. 20, 22 (E.D. Pa. 1987). Only then does the burden shift to the Debtors to rebut this showing. In re Pursuit Atheletic Footwear, 193 B.R. 713, 718 (Bankr. D. Del. 1996); In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

4. Generally, courts in this District have stated that three factors should be considered to determine "cause" under section 362(d)(1) to lift the stay: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits. In re Pursuit, 193 B.R. 713 at 718. Courts also consider the policies underlying the automatic stay. In re Cont'l Airlines, Inc., 152 B.R. 420, 426 (D. Del. 1993).

5. An application of the three-part test to the totality of the circumstances in this case makes clear that the automatic stay should remain in force and the Movant's Motion should be denied.

6. First, the Debtors would undoubtedly be greatly prejudiced if the Motion were granted and the lawsuit were allowed to proceed. The Debtors were the second largest subprime lender in the United States and originated and serviced thousands of loans. It is axiomatic that significant prepetition litigation would be associated with these sweeping business operations. Accordingly, if the Court were to grant the Motion, it would raise the specter of additional requests for stay relief by other litigants, threatening the limited resources of the

Debtors' estates by forcing the Debtors to address and/or defend an incredible amount of secondary and duplicative litigation. This litigation burden would grind these chapter 11 cases to a screeching halt.[2]

7.  Second, the hardship on the Movant caused by the continued maintenance of the automatic stay is clearly outweighed by the potential flood of litigation discussed above. The Movant can avail himself of the bankruptcy claims process and achieve the same result he would be able to achieve by pursuing his cause of action elsewhere. Further, in utilizing the bankruptcy claims process, the Movant will not subject the Debtors to the possible chaos of myriad lawsuits in scattered jurisdictions. Thus, the hardship on the Movant not only falls far short of considerably outweighing the hardship on the Debtors, but is virtually non-existent.

8.  Third, it is impossible to determine the likelihood of the Movant succeeding on the merits of his claim. The Movant offers only a vague allegation of fraud in his Motion without (a) describing the facts surrounding the allegation, (b) offering supporting documentation or (c) providing argument. Accordingly, the Movant has failed to establish a likelihood of success on the merits.

---

[2] It should be noted that this Court has not yet granted a motion for relief from the stay by a movant seeking to pursue prepetition litigation against the Debtors.

## **CONCLUSION**

As the Movant has failed to meet the burden of establishing "cause" under section 362(d)(1), the Debtors respectfully request that the Motion be denied.

Dated:  July 24, 2007
      Wilmington, Delaware

Respectfully submitted,

    */s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

RLF1-3181269-1