IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                                        :
                                                              : Chapter 11
NEW CENTURY TRS HOLDINGS,[1] INC.,                             :
a Delaware Corporation, et al.,                               : Case No. 07-10416 (KJC)
                                                              :
                      Debtors.                                : Jointly Administered
                                                              :
                                                              : Re: Docket No. _____
                                                              :
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF KIRKPATRICK& LOCKHART PRESTON GATES ELLIS LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO JUNE 1, 2007

Upon the Application of the Examiner for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 (the "Application") dated June 8, 2007 of Michael J. Missal, the Examiner appointed in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), for entry of an order authorizing the employment of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates") as counsel to the Examiner *nunc pro tunc* to June 1, 2007; and the Court having reviewed the Application and the Affidavit of Edward M. Fox Pursuant to 11 U.S.C. §§ 101(14),

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

327, and Fed. R. Bankr. P. 2014 in Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 (the "Fox Affidavit") and the exhibits thereto, the Supplemental Affidavit of Edward M. Fox Pursuant to 11 U.S.C. §§ 101(14), 327, and Fed. R. Bankr. P. 2014 in Further Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 and the exhibit thereto, the Affidavit of Dennis B. Potter Pursuant to 11 U.S.C. §§ 101(14), 327 and Fed. R. Bankr. P. 2014 in Further Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 and the Affidavit of Kelly D. Villalpando Pursuant to 11 U.S.C. §§ 101(14), 327 and Fed. R. Bankr. P. 2014 in Further Support of Application for an Order Authorizing the Retention of Kirkpatrick & Lockhart Preston Gates Ellis LLP as Counsel to the Examiner *Nunc Pro Tunc* to June 1, 2007 submitted in support thereof; and the Court being satisfied that (i) except as otherwise set forth in the Fox Affidavit, K&L Gates does not represent any interests adverse to the Debtors or their estates; (ii) K&L Gates and its attorneys are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code; (iii) the employment of K&L Gates is necessary and in the best interests of the Examiner, the Debtors and their estates; (iv) adequate notice of the Application has been given to the parties designated pursuant to Local Bankruptcy Rule 2002-1; and (v) it appearing that no other or further notice of the Application need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is approved in all respects; and it is further

ORDERED that the Examiner is hereby authorized to retain K&L Gates as his counsel, effective *nunc pro tunc* to June 1, 2007, upon the terms and conditions set forth in the Application and the Fox Affidavit; and it is further

ORDERED that K&L Gates shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330, upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures established in these cases; and it is further

ORDERED that any party receiving timely and sufficient notice of the Court's consideration of the Application that has failed to file and serve a timely objection to the relief requested in the Application shall, absent good cause shown, be deemed to have consented to the relief requested by the Application; and it is further

ORDERED that this Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order; and it is further

ORDERED that in the event the Examiner seeks to expand the scope of his investigation beyond that set forth in the Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner, such expansion shall only occur upon further order of this Court on motion of the Examiner and after notice and a hearing

Dated: Wilmington, Delaware
July 25, 2007

SO ORDERED:

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

- 3 -