## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Obj Deadline: 8/1/07** |
| | : | **Cmt. Obj. Deadline: 8/8/07** |
| | : | |

## NOTICE OF PROPOSED SALE OF
## ASSETS BY DEBTORS AND DEBTORS IN POSSESSION
## PURSUANT TO MISCELLANEOUS ASSET SALE PROCEDURES

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), pursuant to the Order Pursuant to Bankruptcy Code

Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales entered by

the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on

May 16, 2007 [Docket No. 704] (the "Sale Order"), propose to sell certain assets (the "Assets")

to Global 1 (the "Purchaser") pursuant to an agreement substantially in the form attached hereto

as Exhibit A (the "Purchase Agreement"). This Notice is being provided in accordance with, and

sets forth the information required under, the Sale Order.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Description of the Assets. As more fully detailed on Exhibit B hereto, the Assets consist of computer monitors, printers, copiers, desk phones, facsimile machines and other miscellaneous office equipment. The Assets are the property of New Century Mortgage Corporation, one of the Debtors in the above-captioned cases, and are located in 1610 East St. Andrews Place, Santa Ana, California 92705. The approximate value of the Assets, as set forth in the Debtors' books and records, is not calculable without considerable effort. The Assets were generally financed between March 2004 and December 2006 and generally have an economic lifespan of roughly three years after being put into service. The purchase price (the "Purchase Price") for the Assets is $58,354. The Debtors are not aware of any appraisal or other indicia of value with respect to the Assets.

Allocation of Purchase Price. The Purchase Price for the Assets is allocated as set forth on Exhibit B hereto.

Liens on and Other Interests in the Assets. To the extent that any party has liens on or interests in the Assets, such information is set forth in Exhibit B hereto. To the extent any party has liens on or interests in the Assets, the Debtors believe that all such liens or interests would be subject to money satisfaction in accordance with section 363(f)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and/or that such lienholders consent to the proposed sale.

Economic Terms and Conditions of the Proposed Miscellaneous Asset Sale. The Debtors propose to sell the Assets to Purchaser "as is - where is," without warranty, representation or recourse back to estates; provided, however, that Purchaser will take title to the Assets free and clear of all liens, claims, encumbrances and other interests therein, pursuant to section 363(f) of the Bankruptcy Code (the "Miscellaneous Asset Sale"). The terms and

2

conditions of the proposed Miscellaneous Asset Sale are substantially as set forth in the Purchase Agreement. After conducting due inquiry, the Debtors are convinced in their business judgment that the Purchase Price is the highest and best price available for the Assets.

Procedures to Object to the Proposed Miscellaneous Asset Sale. Any objection to the proposed Miscellaneous Asset Sale (an "Objection") must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before **August 1, 2007** (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Creditors' Committee; (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; and (e) the Office of the United States Trustee for the District of Delaware (the "Interested Parties"). The objection deadline for the Committee shall be **August 8, 2007** (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no Objections are filed with the Bankruptcy Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the Miscellaneous Asset Sale in accordance with the terms of the Sale Order.

If an Objection is timely filed and served, then (a) the Objection shall be deemed to be a request for a hearing on the Miscellaneous Asset Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection, and (b) the Miscellaneous Asset Sale may not proceed absent written withdrawal of the Objection or entry of an order by the Court approving the Miscellaneous Asset Sale.

3

Dated: July 25, 2007
     Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

4