# **EXHIBIT A**

RLF1-3182483-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NEW CENTURY TRS HOLDINGS, | ) |
| INC., a Delaware corporation, et al.,[2] | ) Case No. 07-10416 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket Nos. 510 & 1968 |

### ORDER AUTHORIZING RETENTION OF PRICEWATERHOUSECOOPERS LLP AS ACCOUNTANTS FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 1107 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain PwC LLP ("PwC") as Accountants; and upon the Affidavit of Mr. Jeffrey R. Boyle in support of the Application; and upon the Supplemental Affidavit of Mr. Jeffrey R. Boyle in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that PwC neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that PwC is "disinterested", as that term

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the estates and their creditors; after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Application be, and it hereby is, granted as modified herein; and it is further

ORDERED that in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain PwC as of the date of filing these chapter 11 cases (the "Petition Date") as their Accountants on the terms set forth in the Application as modified herein; and it is further

ORDERED that, PwC shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by the Court, and the U.S. Trustee's rights to reserve to any compensation and/or reimbursement request by PwC, including its "internal per ticket travel charge" referenced on page 5 of the February 12, 2007 engagement letter, are reserved; and it is further

ORDERED that, pursuant to Local Rule 2016-2(g), PwC shall be granted a waiver of the information requirements set forth in Local Rule 2016-2(d) for the limited purpose of permitting the firm to maintain time records in ½-hour increments; and it is further

ORDERED, that the following paragraph is deleted from the paragraph titled "Indemnification and Liabilities" in the "Terms and Conditions" rider to the February 12, 2007 engagement letter (attached as Exhibit A to the Application) and shall have no further force or effect:

EXCEPT TO THE EXTENT FINALLY DETERMINED TO HAVE RESULTED FROM THE GROSS NEGLIGENCE, INTENTIONAL MISCONDUCT OR FRAUDULENT BEHAVIOR OF PRICEWATERHOUSECOOPERS, PRICEWATERHOUSECOOPERS' LIABILITY TO PAY DAMAGES FOR ANY LOSSES INCURRED BY CLIENT AS A RESULT OF BREACH OF CONTRACT, NEGLIGENCE OR OTHER TORT COMMITTED BY PRICEWATERHOUSECOOPERS, REGARDLESS OF THE THEORY OF LIABILITY ASSERTED, IS LIMTED TO NO MORE THAN THE TOTAL AMOUNT OF FEES PAID TO PRICEWATERHOUSECOOPERS UNDER THIS AGREEMENT. IN ADDITION, PRICEWATERHOUSECOOPERS WILL NOT BE LIABLE IN ANY EVENT FOR LOST PROFITS OR ANY CONSEQUENTIAL, INDIRECT, PUNITIVE OR SPECIAL DAMAGES; and it is further

ORDERED, that the following provision shall be inserted into the February 12, 2007 engagement letter:

THE COMPANY AGREES THAT PRICEWATERHOUSECOOPERS SHALL NOT HAVE ANY LIABILITY TO THE COMPANY OR ANY PERSON ASSERTING CLAIMS ON BEHALF OF THE COMPANY OR IN THE COMPANY'S RIGHT FOR OR IN CONNECTION WITH THIS ENGAGEMENT OR ANY TRANSACTIONS OR CONDUCT IN CONNECTION THEREWITH, EXCEPT FOR LOSSES, CLAIMS, DAMAGES, LIABILITIES OR EXPENSES INCURRED WHICH ARE JUDICIALLY DETERMINED (EITHER BY A COURT OF COMPETENT JURISDICTION ON THE MERITS, OR BY THE BANKRUPTCY COURT AFTER NOTICE AND A HEARING IF A CLAIM IS SETTLED PRIOR TO A DETERMINATION ON THE MERITS) TO HAVE RESULTED FROM PRICEWATERHOUSECOOPERS' GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, BAD FAITH OR SELF-DEALING; and it is further

ORDERED, that the indemnity provision contained in the "Deliverables" section of the February 12, 2007 engagement letter (at page 5) is modified by the following:

> (i.) PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the Services and/or Deliverables as defined in the applicable Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;
>
> (ii.) The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for

any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to PwC's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(iii.)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement; and it is further

ORDERED that, consistent with the Dispute Resolution Provisions detailed in Paragraphs 27 and 28 of the Application, this Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: _____, 2007

Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE