IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date: July 31, 2007 @ 1:30 p.m. |
| | ) | Objection Deadline: July 26, 2007 @ noon |

**OBJECTION OF BCIA 95 GLASTONBURY BOULEVARD LLC
TO DEBTORS' MOTION TO ASSUME AND ASSIGN LEASE
OF NONRESIDENTIAL REAL PROPERTY [Docket No. 1925]**

BCIA 95 Glastonbury Boulevard LLC (the "Landlord"), a Connecticut limited liability company, hereby objects to the motion (the "Motion") of the above-captioned debtors (the "Debtors") to Assume and Assign Lease of Nonresidential Real Property, and in support thereof, states as follows:

**The Lease**

1. On or about March 1, 2005, the Landlord and the Debtors entered into a written Lease (the "Lease") of approximately three thousand four hundred twenty two (3,422) square feet of rentable area located at 95 Glastonbury Boulevard, Glastonbury, Connecticut (the "Premises").

2. Pursuant to the terms of the Lease, the Debtors are obligated to pay the Landlord the fixed sum of $70,151.00 per year for use of the Premises (the "Fixed Rent"). See Lease, ¶¶ 2(a)(i)(C) Under the Lease, the Landlord is entitled to interest at a rate of 12% per year on the unpaid balance. See Lease ¶ 2(e).

3. In addition, pursuant to the Lease, the Debtors are obligated pay its pro rata share of the common area maintenance charges (the "Additional Rent") to the Landlord. See Lease, ¶ 3.

## Debtor's Failure to Pay Rent and Additional Rent

4.     Since the Petition Date, in direct contravention of 11 U.S.C. § 365(d)(3), the Debtors have failed, refused and/or neglected to pay the Fixed Rent and/or the Additional Rent due under the Lease. Specifically, the Debtors have failed to make payment of any and all sums due under the Lease for the months of April, May, June, and July 2007. As of the date of the Motion, the Debtors were indebted to the Landlord in the amount of $22,847.86,[1] plus interest, attorney' fees and costs incurred by Landlord as the result of Debtors' default which, through July 21, 2007, totaled $10,717.40.[2] Further, in order to assign the Lease and cure all payments thereunder the proposed assignee must be responsible for all future liabilities due under the Lease, including any true-up for 2007.

5.     The United States Supreme Court recently addressed the allowance of legal fees and expenses in the case of Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co., 127 S. Ct. 1199 (2007). In Travelers, the Court stated that the issue that it was considering was whether the Bankruptcy Code "disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law." Travelers, 127 S. Ct. at 1203. The Court concluded that it does not. In so holding, the Court stated that "under the terms of the . . .Bankruptcy Code, it remains true that an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." Id.

---

[1]     As of August 1, 2007, the amount due will be $28,919.97, plus interest, attorneys' fees and costs.

[2]     A copy of BCIA's legal fees and expenses was provided to counsel for the Debtors and the Committee. A copy is also available upon request. BCIA reserves its rights to seek all additional fees and expenses incurred in connection with preparing and filing this objection.

2

6. Here, the Lease provided that the Debtors were obligated to pay all of the Landlord's reasonable attorneys' fees and costs to enforce the Debtors' obligations under the Lease. See Lease, ¶ 50. After receiving no postpetition rent payments from the Debtors for more than two months (and after having unsuccessfully tried on multiple occasions to get the Debtors to pay attention to the fact that BCIA's rent remained unpaid), the Landlord finally filed a motion to compel assumption or rejection of the Lease, pursuant to which the Landlord sought entry of an Order: (i) compelling the Debtors to pay to the Landlord all outstanding post-petition obligations under the Lease, including Fixed Rent, Additional Rent, interest, reasonable attorneys' fees and costs incurred by Landlord; (ii) lifting the automatic stay to permit the Landlord to continue legal action to regain possession of the Premises; and (iii) granting to the Landlord all expenses, including reasonable attorneys' fees, as allowed under the Lease.

7. The Lease provided that the Debtors were obligated to pay all of the Landlord's reasonable attorneys' fees and costs to enforce the Debtors' obligations under the Lease, and through the Debtors' continued inaction, the Landlord incurred significant, but reasonable, attorneys' fees and expenses to enforce those obligations. Based upon the Supreme Court's recent holding in the Travelers case, the Debtors are required to pay those attorneys' fees and costs.

8. Based upon the foregoing, the Landlord respectfully submits that the Lease may be assumed and assigned only if: (i) the Debtors pay all outstanding cure amounts totaling $33,565.26 (plus any additional legal fees and expenses) within five (5) business days of entry of the Order assuming and assigning the Lease; and (ii) the Order approving the assumption and

assignment of the Lease provides that the assignee must be responsible for all liabilities due under the Lease, including any true-up for 2007.

Dated: July 27, 2007

COZEN O'CONNOR

/s/ Jeffrey R. Waxman

Jeffrey R. Waxman (No. 4159)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000

- and -

Douglas M. Evans, Esq.
Conn. Bar # CT04613
KROLL, McNAMARA, EVANS
& DELEHANTY, LLP
29 South Main Street
West Hartford, CT 06107
Telephone: (860) 561-7070

*Counsel to BCIA 95 Glastonbury Boulevard LLC*