# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                : Chapter 11
                                                      :
NEW CENTURY TRS HOLDINGS,                             : Case No. 07-10416 (KJC)
INC., a Delaware corporation, et al.,[1]              :
                                                      : Jointly Administered
                    Debtors.                          :
                                                      : Objection deadline: June 30, 2007
                                                      :

## NOTICE OF REJECTION OF UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

To:   CHSV Denver Tech Center, LLC
      c/o CB Richard Ellis
      4600 S. Ulster St., Suite 530
      Denver, Colorado 80237

      Daniel J. Ansell, Esq.
      Greenberg Traurig, LLP
      200 Park Avenue
      New York, New York 10166

Re:   Agreement for the Lease of the Non-residential Real Property located 5445 DTC Parkway, Suites 100 & 530, Englewood, CO 80111 commencing on 03/01/2003 (CO0007) (the "Lease")
      Landlord: CO-QUADRANT, L.L.C.
      Tenant: New Century Mortgage Corporation
      Expiration Date: 10/31/2008
      Monthly Amount Due: $18,957.00

**PLEASE TAKE NOTICE** that on April 25, 2007 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

LA3:1134541.1
RLF1-3167335-1

the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Lease. Pursuant to the terms of the Order, unless otherwise mutually agreed upon by the Debtors and the Landlord, the Lease shall be deemed rejected effective the later of (i) ten (10) days after this notice is served or (ii) the date that the Debtors unequivocally relinquish control of the premises by turning over the keys or "key codes" to the affected landlord, without further notice, hearing or order of the Court (the "Effective Date of Rejection").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Lease, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Unexpired Lease of Non-Residential Real Property" (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors: Blank Rome, LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801-4226, Attention: Bonnie Glantz Fatell, Esq. and Hahn & Hessen

LLP, 488 Madison Avenue, 14th & 15th Floor, New York, New York 10022, Attention: Mark T. Power, Esq; and (iii) the Office of the United States Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035, Attention: Joseph McMahon, Jr., Esq. Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Court will schedule a hearing to consider that objection. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such executory contract, lease, sublease or interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not offset or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Lease you are required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of Rejection.

Dated:  June 20, 2007  
       Wilmington, Delaware

Respectfully submitted,

/s/ Mark D. Collins

Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Christopher M. Samis (No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
P.O. Box 551  
Wilmington, Delaware 19899  
(302) 651-7700

-and-

Suzzanne S. Uhland  
Ben H. Logan  
Victoria Newmark  
Emily R. Culler  
O'MELVENY & MYERS LLP  
275 Battery Street  
San Francisco, California 94111  
(415) 984-8700

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION