# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| Debtors. | : Jointly Administered |
| | : Objection Deadline: August 16, 2007 at 4:00 p.m. |
| | : Hearing Date: August 21, 2007 at 1:30 p.m. |

## APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SUSMAN GODFREY L.L.P. AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(e), 328, 329 AND 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002

The above-captioned debtors and debtors in possession (the "Debtors") hereby request the entry of an order pursuant to sections 327(e), 328, 329 and 504 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Susman Godfrey L.L.P. ("SG"), as special litigation counsel to the Debtors, effective as of the Petition Date (as defined herein) (the "Application"). In support of this Application, the Debtors rely upon the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

defined herein) (the "Application"). In support of this Application, the Debtors rely upon the Affidavit of Barry C. Barnett (the "Barnett Affidavit"), a copy of which is attached hereto as Exhibit A. They respectfully represent as follows:

## Jurisdiction

The Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are Sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Rules 2014, 2016 and 5002 of the Bankruptcy Rules.

## Relief Requested

1. By this Application, the Debtors seek the entry of an order, pursuant to Sections 327(e), 328, 329, and 504 of the Bankruptcy Code; Bankruptcy Rules 2014, 2016 and 5002; and Local Rule 2016-2, authorizing the Debtors to employ and retain SG as their special litigation counsel effective *nunc pro tunc* as of April 2, 2007 (the "Petition Date").

## Retention of SG as Special Litigation Counsel to the Debtors

2. SG is a law firm with offices at 901 Main Street, Suite 5100, Dallas, Texas 75202. The partner responsible for this engagement is Barry C. Barnett, Esquire.

3. The Debtors have selected SG based on its broad experience in commercial litigation, including intellectual property litigation.

4. On February 6, 2003, Positive Software Solutions ("Positive Software") sued some of the Debtors (collectively "New Century" or "New Century Debtors") in a Texas federal

court.[2] In that lawsuit (the "Litigation"), Positive Software asserted various claims against New Century, including breach of contract and copyright infringement.

5.   The New Century Debtors retained SG in 2003 to represent them in the Litigation. The Litigation is still pending, and SG is still counsel of record for New Century.[3] SG is intimately familiar with the factual and legal issues raised in the Litigation. The Debtors now request that SG continue to serve as their special litigation counsel during these chapter 11 cases in order to perform mutually agreed services in connection with the Litigation.

6.   The Litigation has progressed significantly since its inception. The litigants conducted lengthy arbitration proceedings. New Century prevailed and obtained a favorable arbitration award. Positive Software then moved to vacate the award on various grounds. The District Court granted the motion on one of these grounds, but on appeal the Fifth Circuit (sitting *en banc*) reversed the vacatur and remanded the case to the district court for further proceedings.[4] Positive Software then filed a petition for writ of *certiorari* with the United States Supreme Court. On June 11, 2007, the Supreme Court denied the petition. Thus, the Litigation is currently before the district court on remand to consider Positive Software's alternative grounds for vacating the arbitration award.

7.   Given the complexity, length, and stage of the Litigation, it is essential that the Debtors employ SG as special litigation counsel in connection with the Litigation. The Debtors

---

[2] The litigation is styled *Positive Software Solutions, Inc. v. New Century Financial Corporation et. al.*, Case No. 03-00257, in the District Court for the Northern District of Texas, Dallas Division. The Debtors who are also defendants in the Positive Software action (and collectively referred to here as "New Century") are New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), New Century Mortgage Corporation, and Home123 Corporation (f/k/a The Anyloan Corporation). Other defendants in the Litigation include eConduit Corporation (an affiliate of Debtor New Century Mortgage Corporation) and former New Century officers Frank Nese and Jeff Lemieux.

[3] SG initially represented all of the defendants. Mr. Nese and Mr. Lemieux have since retained separate legal counsel.

[4] *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278 (5th Cir. 2007).

3

believe that SG is qualified to serve as their special litigation counsel in these chapter 11 cases. They further believe that the retention of SG is in the best interests of their estates and creditors.

8. The services that SG will render will not duplicate the services that other professionals retained by the Debtors will render in these bankruptcy cases. In this regard, the New Century Debtors also seek to retain Haynes & Boone LLP, their co-counsel from the *Positive Software* litigation.[5] However, that retention is very limited and pursuant to a very small budget. In any event, SG and Haynes & Boone will continue to cooperate and will not duplicate their efforts on New Century's behalf.

9. Initially, the Debtors sought to retain SG as an ordinary course professional as part of their Ordinary Course Retention Application.[6] But at the request of the Official Committee of Unsecured Creditors (the "Committee"), the Debtors carved out SG's retention from that application. Instead, the Debtors are proceeding by way of this separate application. Additionally, at the Committee's request, SG submitted a proposed budget (the "Budget"). The Committee has approved the Budget.

10. Subject to Court approval, SG intends to charge for legal services based on its standard and customary hourly rates. The current hourly rates for the attorneys with primary responsibility for this matter are:

---

[5] *See* "Application of Debtors and Debtors in Possession for an Order Authorizing Employment of Haynes & Boone LLP as Special Litigation Counsel to the Debtors *nunc pro tunc* to the Petition Date Pursuant to Sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002," which Debtors are filing concurrently with this motion.

[6] Debtors' Motion for an Order Authorizing the Retention of Professionals Utilized in the Ordinary Course of Business Pursuant to Sections 327 and 328 of the Bankruptcy Code [Docket No. 274].

| Name | Hourly Rate |
|---|---|
| Barry C. Barnett | $700 |
| Ophelia F. Camiña | $500 |
| Kenneth E. Gardner | $500 |
| Mark Anderson (paralegal) | $210 |

Should other SG attorneys, paralegals, or other professionals perform legal services for this engagement, SG intends to charge fees based on its standard, customary hourly rates. In addition, the Debtors will reimburse SG for all reasonable out-of-pocket expenses. Such expenses may include travel (with non-working travel time billed at 50% in accordance with the applicable Local Rules), lodging, telephone, and facsimile charges.

11.     To check and clear potential conflicts of interest in these cases, SG researched its client database to determine whether SG has any connection with, among others, the following entities:

   a)   the Debtors;

   b)   the Debtors' officers, directors and principal shareholders;

   c)   the Debtors' secured lenders;

   d)   the Debtors' fifty (50) largest unsecured creditors, and any other parties in interest SG could readily identify as clients of the firm; and

   e)   the Debtors' proposed professionals.

12.     As noted above, SG represented the Debtors pre-petition in connection with the Litigation. During the ninety days immediately preceding the Petition Date, the Debtors paid to SG fees and expenses totaling $ 6,005.27. A listing of these payments is attached as Exhibit 1 to the Barnett Affidavit.

13.     To the best of the Debtors' knowledge, the principals and professionals of SG do not have any connection with the Debtors, their creditors, or any other party in interest and do not hold or represent an interest materially adverse to the Debtors or their estates, are

RLF1-3165341-2

"disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, and represent or hold no interest adverse to the interests of the estates with respect to the matters upon which they are to be employed, except as set forth in the Barnett Affidavit.

14. SG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the United States Trustee, the Local Rules, and any additional procedures that the Court may establish or already has established in these cases. In addition, subject to Court approval, SG will seek reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors. These expenses may include, without limitation, travel (with non-working travel time billed at 50% in accordance with the applicable Local Rules), lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses, long distance telephone calls, computer legal research, and other customary litigation expenses.

### Nunc Pro Tunc Request

15. Accordingly, the Debtors request that the Court authorize them to employ and retain SG to act as the Debtors' special litigation counsel, effective as of the Petition Date, with compensation and reimbursement of expenses to be paid in such amounts as this Court may allow after the submission of applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures established by the Court in these chapter 11 cases.

16. SG has already performed work on the Debtors' behalf post-petition. As set forth above, the Debtors previously included SG in the Ordinary Course Retention Application, and only removed SG because the Committee asked the Debtors to do so. Accordingly, the Debtors

6

seek retention to be *nunc pro tunc* to the Petition Date, as they moved diligently and immediately to retain SG, and SG performed work in the interim.

### Notice

17. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' proposed post-petition senior secured lenders; (3) counsel to the Official Committee of Unsecured Creditors; (4) the Examiner; and (5) all other parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In light of the nature of the relief requested in this motion, the Debtors submit that no other or further notice is required.

18. The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Rule 1001(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 27, 2007
Wilmington, Delaware

Respectfully submitted,

New Century Financial Corporation, and on behalf of New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC, NCoral, L.P., as Debtors and Debtors in Possession

By: _____
Name: Monika L. McCarthy
Title: SVP and Assistant General Counsel