# EXHIBIT A

RLF1-3165341-2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

**AFFIDAVIT OF BARRY C. BARNETT IN SUPPORT OF APPLICATION OF
DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF SUSMAN GODFREY L.L.P. AS SPECIAL
LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION
DATE PURSUANT TO SECTIONS 327(e), 328, 329 AND 504 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016 AND 5002**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Barry C. Barnett, being duly sworn, deposes and says:

1.    My name is Barry C. Barnett. I am over 21 years of age and am in all respects

competent to make this declaration. Unless specifically indicated otherwise I have personal

knowledge of the matters set forth in this declaration, and the factual matters set forth below are

true and correct.

2.    I provide this Affidavit on behalf of Susman Godfrey L.L.P. ("SG") in support of

the application (the "Application") of New Century TRS Holdings, Inc. and its co-debtor

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT,
Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a
Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage
Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital
Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com,
Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a
California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership;
NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New
Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New
Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort
Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage,
Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a
Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a
Delaware limited partnership.

affiliates in these cases (the "Debtors" or the "Company") for an order authorizing the retention and employment of SG as special litigation counsel to the Debtors *nunc pro tunc* to the petition date pursuant to Sections 327(e), 328, 329 and 504 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rules 2014, 2016 and 5002, authorizing the Debtors to retain and employ SG to provide services *nunc pro tunc* to the petition date, pursuant to the terms and conditions set forth in the Application. Unless otherwise defined, all capitalized terms used in this affidavit have the meanings given to them in the Application.

3.      Except as otherwise indicated, I base the facts set forth in this affidavit upon my personal knowledge, information and belief; information that other SG employees supplied to me in the regular course and scope of their employment; information learned from client-matter records kept in the ordinary course of business that SG employees reviewed under my supervision and direction;; and my experience from working on matters similar to this engagement.

4.      I am a partner in SG's Dallas office. SG has offices in Houston, Dallas, Seattle, Los Angeles, and New York. The address of SG's Dallas office is 901 Main, Suite 5100, Dallas, Texas 75202-3775.

5.      Since 1985, I have been a member in good standing of the State Bar of Texas. In addition, I am admitted to practice in the United States Supreme Court; the United States Courts of Appeals, Fifth and Tenth Circuits; and the United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas, the District of Arizona, and the District of Colorado.

6.      SG and the professionals that it employs are highly qualified to represent the Debtors in the matters for which SG is proposed to be employed. SG believes that it has

2

assembled a highly qualified, dedicated team of professionals to support the Debtors during their reorganization efforts.

7.    SG is counsel of record for Debtors New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), New Century Mortgage Corporation, and Home123 Corporation (f/k/a/ The Anyloan Corporation) (collectively "New Century" or "New Century Debtors") in an action styled *Positive Software Solutions v. New Century Financial Corporation et. al.*, No. 3:03-cv-00257, in the United States District Court for the Northern District of Texas, Dallas Division (the "Litigation"). Positive Software Litigation ("Positive Software") commenced the Litigation on February 6, 2003. SG has represented New Century since the outset of the Litigation.[2]  SG is intimately familiar with the factual and legal issues raised in the Litigation. The Litigation is still pending, and the Debtors have requested that SG continue to represent the Debtors in the Litigation.

8.    In the Litigation, the district court granted New Century's motion to compel arbitration before the American Arbitration Association. SG was trial counsel to New Century during the arbitration proceedings. New Century prevailed. The arbitrator awarded New Century over $1.5 million against Positive Software.

9.    Positive Software then moved the district court to vacate the award on various grounds. The district court granted the motion on one of the grounds. New Century appealed to the Fifth Circuit. The Fifth Circuit, sitting *en banc*, reversed the district court and remanded the case for consideration of alternative grounds for vacating the award. *See Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278 (5th Cir. 2007). Positive Software

---

[2]    In addition, SG represents Defendant eConduit Corporation in that action. I understand that eConduit is a subsidiary or affiliate of Debtor New Century Mortgage Corporation. SG initially represented Defendants Frank Nese and Jeff Lemieux as well. Both were former officers of New Century Mortgage Corporation. Mr. Nese and Mr. Lemieux have since retained separate legal counsel.

then petitioned the Supreme Court for a writ of certiorari. On June 11, 2007, the Supreme Court denied the petition. The case is now back with the district court on remand.

10.    The Debtors desire to proceed with the case and obtain a judgment confirming the arbitration award to New Century, for the benefit of the estate. They further desire to defeat any further attempts by Positive Software to vacate that award. As counsel to New Century throughout the litigation, SG is ideally situated to help them accomplish these objectives.

11.    As far as I have been able to ascertain, neither I nor any other SG partner or professional holds or represents any interest adverse to the Debtors or their estates. In this regard, to check and clear potential conflicts of interest, SG researched its client database. SG sought to determine whether it has any connection with, among others, the following entities:

    a)    the Debtors;

    b)    the Debtors' officers, directors and principal shareholders;

    c)    the Debtors' secured lenders;

    d)    the Debtors' fifty (50) largest unsecured creditors, and any other parties in interest SG could readily identify as clients of the firm; and

    e)    the Debtors' proposed professionals.

To the best of my knowledge, SG has not performed services for any such person or entity in connection with these chapter 11 cases. In addition, I know of no relationship between SG and any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

12.    SG may have performed or might perform services, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in these cases. SG has a national commercial litigation practice. Many persons retain SG in cases involving many different parties. Some of these parties may represent or be claimants, employees of the Debtors, or other parties-

4

in-interest in these chapter 11 cases. I know of no such relationship between SG and any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

13.     Except as noted in this paragraph, neither SG nor any of its partners or professionals is a creditor, equity security holder, or insider of the Debtors. As of the Petition Date, New Century owed SG approximately $30,751.54 in billed and unbilled fees and expenses for legal services rendered to New Century in connection with the Litigation. Upon approval of SG's retention in these cases, SG will waive its right to receive these unpaid fees and expenses.

14.     To the best of my knowledge, none of SG's partners or professionals is, or within the preceding two years before the date of the filing of the Debtors' Chapter 11 petitions was, a director, officer, or employee of any Debtor.

15.     To the best of my knowledge, none of SG's partners or professionals has any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

16.     SG is willing to accept retention by the Debtors as special litigation counsel to perform legal services described in this affidavit and in the Application. SG intends to apply appropriately with the Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

17.     The current hourly rates for the attorneys with primary responsibility for this matter are:

5

| Name | Hourly Rate |
|---|---|
| Barry C. Barnett | $700 |
| Ophelia F. Camiña | $500 |
| Kenneth E. Gardner | $500 |
| Mark Anderson (paralegal) | $210 |

18.     Other attorneys and paralegals within SG may from time to time serve the Debtors in connection with the matters described herein.

19.     The hourly rates set forth above are SG's standard hourly fees for work of this nature. SG sets these rates at a level designed to compensate it fairly for the work of its attorneys and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments in the normal course of SG's business to reflect economic and other conditions.

20.     It is SG's policy to charge its clients in all areas of practice for all other reasonable and necessary expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, photocopying charges, travel expenses, expenses for "working meals" and computerized research, as well as non-ordinary overhead expenses, such as secretarial overtime. SG will seek reimbursement for such expenses pursuant to, among other things, any applicable guidelines established in these cases and in accordance with the Local Rules.

21.     During the ninety days immediately preceding the Petition Date, the Debtors paid to SG fees and expenses totaling $6,005.27. A listing of these payments is attached hereto as Exhibit 1.

6

22.   Neither I nor any partner of or professional employed by SG has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of SG.

23.   SG is conducting further inquiries regarding its retention by any creditors of the Debtors. At any time, should SG discover any facts bearing on the matters described in this affidavit, SG will supplement the information contained in this Affidavit accordingly.

24.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Barry C. Barnett

Sworn to and subscribed before me this 24th day of July, 2007.

Donna Sue Miller
Notary Public
in and for the State of Texas

My Commission expires: February 14, 2010.

7

RLF1-3166541-1

# EXHIBIT 1

## EXHIBIT 1

### (Payments received within ninety days prior to the Commencement Date)

| Invoice No. | Invoice Date | Invoice Amount | Payment Date |
|---|---|---|---|
| 224886 | 10/31/06 | $6,005.27 | 01/05/07 |