# APPENDIX B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*, | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | |

**STIPULATION AND AGREEMENT**

WHEREAS, KPMG LLP ("KPMG") previously served as the independent auditor for New Century Financial Corporation and its subsidiaries ("New Century") pursuant to engagement letters between KPMG and New Century dated September 7, 2004, and the amendment thereto dated April 17, 2006 (collectively, the "Engagement Letters");

WHEREAS, in the Engagement Letters, KPMG and New Century agreed to a "Dispute Resolution" clause (the "Arbitration Agreement"), which requires that claims related to services provided by KPMG pursuant to the Engagement Letters are subject to mandatory arbitration:

> Any dispute or claim arising out of or relating to the engagement letter between the parties, the services provided thereunder, or any other services provided by or on behalf of KPMG or any of its subcontractors or agents to the Company or at its request (including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided) shall be resolved in accordance with the dispute resolution procedures set forth in Appendix II, which constitute the sole methodologies for the resolution of all such disputes.

The "Dispute Resolution Procedures" in Appendix II of the Engagement Letters provide for mediation and then, if necessary, arbitration of disputes;

{D0090080.1 }

WHEREAS, the Arbitration Agreement provides that "[d]iscovery shall be permitted in connection with . . . arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery." ("Discovery Limitation Provision");

WHEREAS, on April 2, 2007, New Century filed a voluntary petition under chapter 11 of the Bankruptcy Code;

WHEREAS, on June 7, 2007, the Court approved the appointment of Michael J. Missal as the Examiner;

WHEREAS, on July 11, 2007, the Examiner filed a motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules seeking leave to conduct an examination of KPMG by, inter alia, serving a subpoena that asks for all workpapers from the period 2004 through 2006, as well as numerous other categories of documents and leave to depose current and former KPMG personnel ("Motion");

WHEREAS, the Examiner and KPMG desire to resolve the Motion and to reach an agreement that facilitates KPMG's ability to cooperate with the Examiner's efforts to gather information for the purpose of preparing his report, while also protecting KPMG's interests, including but not limited to KPMG's right fully to enforce the Arbitration Agreement in the Engagement Letters and the Discovery Limitation Provision contained therein, and KPMG's interest in protecting its non-public proprietary, confidential, trade secret, and/or sensitive business or financial information that is contained in its audit and quarterly review workpapers;

NOW, THEREFORE, it is stipulated and as follows:

1. By agreeing to cooperate with the Examiner by informally providing documents and information, whether oral or written, concerning its audits and reviews of New Century's

financial statements ("KPMG's Confidential Information"), KPMG does not waive, and expressly preserves, its jurisdictional arguments and its position that the Arbitration Agreement in the Engagement Letters, including but not limited to the Discovery Limitation Provision contained therein, preclude any compulsory production of KPMG's Confidential Information in connection with the New Century bankruptcy that could be used in connection with any dispute that would be subject to the Arbitration Agreement.

2. The Examiner agrees that he will not assert that KPMG's cooperation with the Examiner's investigation by informally providing KPMG's Confidential Information does not waive KPMG's right to compel arbitration of any dispute subject to the Arbitration Agreement in its Engagement Letters or KPMG's right to contest the jurisdiction of the Bankruptcy Court.

3. New Century consents to KPMG's informal production to the Examiner of KPMG's Confidential Information under the terms of this Stipulation and [Proposed] Protective Order.

4. The Examiner will use KPMG's Confidential Information for the sole purpose of preparing his report and will not disclose KPMG's Confidential Information to any person other than the Examiner's professional advisors, as necessary for preparing his report. KPMG's Confidential Information may not be used for any other purpose.

5.      Upon completion of the Examiner's report, the Examiner shall destroy all copies of KPMG's Confidential Information or assemble and return KPMG's Confidential Information to KPMG.

The foregoing is AGREED AND STIPULATED TO by the parties through their undersigned counsel.

Dated: July ___, 2007              K&L GATES

                                   By: _____
                                       Michael J. Missal
                                       Examiner

Dated: July ___, 2007              SIDLEY AUSTIN LLP

                                   By: _____
                                       Guy S. Neal
                                       Attorneys for Non-Party KPMG LLP

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.,*[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |

**ORDER APPROVING STIPULATION AND AGREEMENT BETWEEN**
**THE EXAMINER AND KPMG LLP**

The Stipulation and Agreement attached hereto are hereby incorporated in this Order as if fully set forth herein.

The Stipulation and Agreement is hereby APPROVED. The Court reserves jurisdiction to enforce the terms of the Stipulation.

Dated: _____, 2007
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporation), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.