# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., | Case No. 07-10416-KJC |
| Debtor. | (Jointly Administered) |

### MOTION TO TERMINATE AUTOMATIC STAY *IN REM* ONLY AND FOR ABANDONMENT OF PROPERTY

Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender ("Countrywide"), by and through its undersigned counsel, in an abundance of caution and to prevent further delay in proceedings in an ongoing Kentucky state court foreclosure proceeding, hereby files this *Motion to Terminate the Automatic Stay In Rem Only and for Abandonment of Property* (the "Motion") and respectfully requests the Court to enter an order in a form substantially similar to that annexed hereto so as to allow Countrywide to foreclose a mortgage which is not in any way property of the Debtor's estate. In support of the Motion, Countrywide states as follows:

### JURISDICTION

1. The Debtor New Century TRS Holdings, Inc. (the "Debtor"), filed its petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §101, *et seq*.) on April 2, 2007, commencing the above-captioned bankruptcy case.

2. The Motion is brought under 11 U.S.C. § 362 as a contested matter within the meaning of Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

3. This matter is a core proceeding under § 157(b)(2)(A), (G), and (O).

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

720772_1

**Facts**

5. On August 17, 2001, Larry Bradley ("Bradley") and Dawn Davis purchased real estate located at 10919 Hollyview Court, Louisville, Kentucky 40299 (the "Hollyview Property"). The deed was recorded on August 22, 2001. Subsequently, Dawn Davis conveyed her interest in the land to Bradley by deed dated and recorded by Derby City Title on February 8, 2005. The deed was re-recorded, apparently to correct a minor defect, on March 28, 2006.

6. Bradley refinanced his mortgage on the Hollyview Property on February 17, 2005, obtaining a $108,000.00 loan from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Quicken Loans. The mortgage was recorded on March 31, 2005. The mortgage was assigned by MERS/Quicken Loans to Countrywide on September 5, 2006, and recorded on September 25, 2006.

7. Also on February 17, 2005, Bradley obtained a home equity line of credit ("HELOC") of $18,000.00 from MERS/Quicken Loans, Inc. The HELOC was recorded on March 31, 2005. GMAC Mortgage Corp. ("GMAC") subsequently acquired the HELOC by assignment recorded on August 7, 2006.

8. On March 16, 2006, Bradley conveyed the Hollyview Property to Travis Zanone. The deed was recorded by Derby City Title on March 28, 2006. Derby City Title, via its agent, Wavy Curtis Shain, conducted this closing.

9. On March 6, 2006, (prior to the Bradley - Zanone closing) Countrywide sent a payoff statement for $106,641.34 to Bradley. On March 10, 2006, GMAC sent a revised payoff statement to Bradley showing $17,974.75 due on the HELOC.

10. On March 17, 2006, Travis Zanone obtained a mortgage loan in the amount of $98,000.00 from the Debtor, New Century. Wavy Curtis Shain signed the New Century mortgage (the "Zanone Mortgage") as preparer. Derby City Title recorded the Zanone Mortgage

on March 28, 2006.

11.     New Century assigned the Zanone Mortgage to Wells Fargo Bank, N.A., on March 23, 2006.

12.     Two months later, on May 17, 2006, Countrywide sent a notice of default and acceleration to Bradley, indicating that Countrywide had not received its payoff from the closing. On May 31, 2006, ReconTrust Company sent a letter to Bradley, apparently in reliance upon a payoff check sent by Derby City Title to Countrywide in late May 2006, stating that the Countrywide loan was paid in full and the Countrywide mortgage had been released. ReconTrust prepared a satisfaction of mortgage which was recorded in June 2006.

13.     The check sent by Derby City Title to Countrywide in late May, however, bounced. Countrywide did not learn of this in time to prevent the release of its mortgage. Countrywide foreclosure counsel recorded an "affidavit of inadvertent satisfaction" and also re-recorded the mortgage on July 7, 2006.

14.     On July 21, 2006, GMAC filed a foreclosure complaint instituting the "Kentucky Foreclosure Proceedings" to enforce its HELOC against the Hollyview Property. The defendants were Bradley, Travis Zanone, New Century, and MERS. Countrywide later filed an answer and cross claim as substitute defendant for MERS and cross-plaintiff.

15.     New Century filed its petition for relief under Chapter 11 of the Bankruptcy Code on April 2, 2007.

**Argument**

16.     Pursuant to § 362 of the Bankruptcy Code, the automatic stay prevents the commencement or continuation of a lawsuit against the debtor or against the debtor's property. Importantly, however, it does not prevent continuation of lawsuits against other parties or against property in which the debtor does not hold a current interest. Maritime Electric Company v.

United Jersey Bank, 959 F.2d 1194, 1204-05, (3rd Cir. 1991)("Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims, and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."); accord Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196 (6th Cir. 1983); Sav-A-Trip v. Belfort, 164 F.3d 1137 (8th Cir. 1999); In re Delta Air Lines, 310 F.3d 953, 956 (6th Cir. 2002).

17. In its proposed amended answer and cross claim in the Kentucky Foreclosure Proceedings, Countrywide proposes to assert new claims for fraud and conversion against Wavy Curtis Shain and Derby City Title, but has not asserted, and will not assert, any claims against New Century. Obviously, Wavy Curtis Shain and Derby City Title are not protected by the automatic stay in effect in this bankruptcy case. Thus, there is no impediment to Countrywide's assertion of negligence, fraud and conversion claims against Shain and Derby City Title.

18. In addition, Countrywide seeks equitable reinstatement and foreclosure of its mortgage on the Hollyview Property. Travis Zanone is the record owner of the Hollyview Property. A copy of the General Warranty Deed is attached as Exhibit A. New Century is not now, and never was the owner of the Hollyview Property. Although New Century made the Zanone Mortgage loan on March 17, 2006, it promptly assigned it to Wells Fargo on March 28, 2006 – thirteen months prior to the date of the petition in this case and therefore did not hold a mortgage on the Hollyview Property on the petition date. A copy of the Mortgage Assignment is attached as Exhibit B.

19. Pursuant to §541 of the Bankruptcy Code, the estate acquires no better interest in property than the debtor possessed prior to commencement of the case. 11 U.S.C. § 541(a)(1) ("the commencement of a case under section 301 . . . of this title creates an estate. Such estate is

comprised of . . . (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."). Because New Century was neither the owner of the Hollyview Property nor the owner of the Zanone Mortgage at the time of the commencement of the case, this bankruptcy estate has no interest in either. Therefore, the automatic stay in effect in this case does not prevent Countrywide from proceeding in Kentucky to foreclose its mortgage against the Hollyview Property.

20. Nevertheless, out of an abundance of caution, to avoid further delay, and to assuage any concerns the court in the Kentucky Foreclosure Proceedings may have about the possibility of sanctioning a violation of the automatic stay by allowing Countrywide to amend its answer there, Countrywide seeks an order granting relief from the automatic stay *in rem* only and abandonment of any interest of the estate in the Hollyview Property. Of course, the automatic stay remains in effect as to any claims by any party against New Century, and the proper venue in which to bring any such claims continues to be this Court.

**Relief Requested**

WHEREFORE, Countrywide requests that the Court enter the tendered order:

A. Finding that the Zanone Mortgage and the Hollyview Property are not property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541;

B. Ordering, pursuant to 11 U.S.C. § 362(d), the termination of the automatic stay *in rem* only as to the Hollyview Property and abandoning any interest that the Debtor may hold in the Hollyview Property from the Debtor's estate; and

C. Granting any and all further relief to which Countrywide may be entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 30, 2007 | By: *"J" Jackson Shrum* |

          "J" Jackson Shrum (#4757)
          Charles J. Brown, III (#3368)
          HARVEY, PENNINGTON LTD.
          913 Market Street, Suite 702
          Wilmington, DE 19801
          302-428-0719
          302-428-0734 (Fax)

         and

         Richard A. Vance, Esq.
         W. Robert Meyer, Esq.
         STITES & HARBISON, PLLC
         400 West Market Street, Suite 1800
         Louisville, KY 40202-3352
         Telephone: (502) 587-3400

         *Attorneys for Countrywide Home Loans,*
         *Inc. d/b/a America's Wholesale Lender*