## IN THE UNITED STATES BANKRUPTCY
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEW CENTURY HOLDINGS, INC, *et al.*, | : | Case No. 07- 10416 (KJC): |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 2040** |
| | : | |

### LIMITED OBJECTION OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM TO NOTICE OF PROPOSED SALE OF ASSETS BY DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO MISCELLANEOUS ASSET SALE PROCEDURES

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest and the Lead Plaintiff[1] in a shareholder securities fraud class action currently entitled *In re New Century*, Case No. 07-cv-00931-DDP (JTLx) (the "Securities Litigation"), pending in the United States District Court for the Central District of California (the "District Court"), and filed on behalf of the putative class of investors who purchased securities of New Century Financial Corp. ("New Century"), one of the debtors herein, during the period from February 3, 2005 to March 2, 2007 (the "Class Period"), inclusive, asserts this limited objection (the "Objection") to the Notice Of Proposed Sale Of Assets By Debtors And Debtors In Possession Pursuant To Miscellaneous Asset Sale Procedures (the "Notice") and states the following:

### BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Prior thereto, approximately twenty (20) securities class action complaints were filed in the District Court,[2] each alleging violations by the Debtors[3] and certain of their current

---

[1] NYSTRS was appointed Lead Plaintiff on June 26, 2007.
[2] The first such complaint, *Avi Gold v. Brad A. Morrice, et al.*, was filed on February 8, 2007.
[3] Capitalized term shall have the meanings ascribed to them in the Motion, unless defined otherwise herein.

and/or former officers and directors (collectively, the "Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and, in some instances, violations of Section 11 of the Securities Act of 1933 (collectively, the "Securities Laws").  The allegations arise from, *inter alia*, false and misleading statements concerning New Century's financial results and business made during the Class Period.

3.    Although New Century was named as a defendant in several of the class action complaints filed prior to the Petition Date, pursuant to the dictates of 11 U.S.C. §362(a), New Century will not be named as a defendant in the consolidated complaint to be filed by Lead Plaintiff.  The Securities Litigation is proceeding against the Non-Debtor Defendants.

4.    By Order dated June 1, 2007, upon the motion of the United States Trustee and with the consent of the Debtors and the Official Committee of Unsecured Creditors, the Court authorized the appointment of an examiner (the "Examiner") in these cases to investigate certain accounting and financial statement irregularities, errors or misstatements (as more particularly described in the June 1, 2007 Order).[4]  On June 7, 2007, the Court approved the appointment of Michael J. Missal, Esq., as the Examiner.

5.    Since the Petition Date, the Debtors have engaged in an orderly liquidation of their assets through a sequence of court-approved sales.

6.    Pursuant to the Court-approved procedures for miscellaneous asset sales, the Debtors filed the Notice of the sale of the Assets, listed in Exhibit B[5] to the Notice.  The Notice describes the Assets only as "computer servers and equipment" and indicates that they are "fully detailed" on Exhibit B, which provides the Server Name, Serial Number, Model and information regarding its remaining usefulness and size.  Exhibit B provides no information as to what data may have been stored on the servers or remains on the servers, if any.

---

[4]  The United States Trustee moved for the appointment of a Chapter 11 Trustee and in the alternative for an Examiner.  The Court denied the motion for the appointment of the Chapter 11 Trustee, but granted the motion to appoint an examiner with extended powers.

[5]  On July 30, 2007, Debtors filed an amended Exhibit B (Docket No. 2094), which provides no additional information.

## LIMITED OBJECTION

7.      Lead Plaintiff objects to the sale of the Assets because the Notice fails to describe the Assets with any specificity, other than as set forth in paragraph 6, *supra*, and provides no mechanism for the preservation of any information or documents that may be stored or included in the Assets.

8.      Because the Assets and their contents, if any, are described in such vague and general terms, Lead Plaintiff has no means to determine if the Assets include, in any format, information and/or evidence relevant to the Examiner's investigation and to the prosecution of the Securities Litigation. Indeed, full disclosure is warranted to provide the Lead Plaintiff an opportunity to move for appropriate relief, if necessary, to access the Assets and their contents in connection with the prosecution of the Securities Litigation. Similarly, the Examiner should have the opportunity to investigate the content and extent of the Assets before they are removed from the Debtors' control and relevant documents, information and electronic files are possibly lost forever.[6]

9.      Indeed, the conduct of the Debtors leading up to the filing of their petitions (which conduct led to the Securities Litigation and the appointment of the Examiner) requires that before documents relating to and other evidence of the Debtors' and their management's activities and operations are abandoned or sold to the highest bidder, parties in interest be given the opportunity to access and examine such documents and information. To do otherwise results in severe prejudice to the Lead Plaintiff, the Examiner and all creditors.

## CONCLUSION

10.     Based upon the foregoing, Lead Plaintiff respectfully requires that unless and until some procedure to safeguard any and all Assets relevant to the Examiner's investigation

---

[6] The Examiner must have access to relevant information regarding the Debtors' pre-petition business operations to complete his investigation as directed by the Court.

and the prosecution of the Securities Litigation is put into place, an order be entered denying the sale of the Assets and granting such other and further relief as the Court deems just and proper.

Dated: July 31, 2007                    **CROSS & SIMON LLC**

                                        By: /s/ Christopher P. Simon
                                            Christopher P. Simon  (Bar No. 3967)
                                            913 North Market St., 11th Floor
                                            Wilmington, Delaware 19899-1380
                                            (302) 777.4200 (Telephone)
                                            (302) 777.4224 (Facsimile)

                                        **LOWENSTEIN SANDLER PC**
                                        Michael S. Etkin, Esq. (ME 0570)
                                        Ira M. Levee, Esq. (IL 9958)
                                        65 Livingston Avenue
                                        Roseland, New Jersey  07068
                                        (973) 597.2500 (Telephone)
                                        (973) 597.2400 (Facsimile)

                                        *Bankruptcy Counsel to Lead Plaintiff*

                                        **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
                                        Salvatore J. Graziano, Esq.
                                        Hannah Greenwald, Esq.
                                        Noam Mandel, Esq.
                                        1285 Avenue of the Americas
                                        New York, New York 10019
                                        (212) 554.1400 (Telephone)
                                        (212) 554.1444 (Facsimile)

                                        Blair A. Nicholas, Esq.
                                        Matthew Silben, Esq.
                                        12481 High Bluff Drive, Suite 300
                                        San Diego, California 92130
                                        (858) 793.0070 (Telephone)
                                        (858) 793.0323 (Facsimile)

                                        *Lead Counsel to Lead Plaintiff*