## EX. C

*02H 7-20-07*

OAO88  (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

POSITIVE SOFTWARE SOLUTIONS, INC.,
    *Plaintiff,*

    v.

NEW CENTURY MORTGAGE CORPORATION,
NEW CENTURY MORTGAGE FINANCIAL
CORPORATION, ECONDUIT CORPORATION, THE
ANYLOAN COMPANY, JEFF LEMIEUX, and
FRANK NESE,
    *Defendants.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:03-CV-0257-N

TO:    Susman Godfrey, L.L.P., 901 Main Street, Suite 4100, Dallas, Texas 75202.

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

**X**    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
        **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Shore Chan Bragalone LLP<br>325 N. St. Paul Street, Suite 4450, Dallas, TX 75201 | August 3, 2007 at 10:00 am |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff<br>Positive Software Solutions, Inc. | July 20, 2007 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Michael W. Shore
Shore Chan Bragalone LLP
325 N. St. Paul Street, Suite 4450, Dallas, TX 75201 / (214) 593-9110

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

Susman Godfrey, LLP ("Susman Godfrey") has been commanded to produce and permit inspection of the following documents at the place, date, and time specified in the accompanying *subpoena*.

## INSTRUCTIONS & DEFINITIONS

The words "and" as well as "or" mean and/or. The singular shall include the plural, and the plural shall include the singular.

The word "any" includes the word "all," and "all" includes the word "any."

The term "Susman Godfrey" includes all its partners, associates, paralegals, investigators and any other employee, expert, or contractor who works on its behalf, including but not limited to Udo Pooch.

The term "New Century Mortgage Corporation" ("New Century") includes all its parents, affiliates, employees, attorneys, agents, contractors and representatives, including but not limited to New Century Mortgage Financial Corporation, eConduit Corporation, The Anyloan Company, Jeff Lemieux, Frank Nese, and VisionCore Consulting.

The term "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a). This includes but is not limited to written, electronicly stored, graphical or printed data that conveys information in a tangible or intangible form, including but not limited to letters, memos, electronic mail, faxes, electronic data and files, disks, hard drives and computer tape and any other data storage media.

The term "Arbitration Proceeding" is defined as No. 71 117 00181 03 before the American Arbitration Association.

The term "Litigation" includes both Civil Action No. 3:03-CV-0257-N in the Northern

District of Texas, Dallas Division, and the Arbitration Proceeding.

The term "Arbitration Award" is defined as the May 5, 2004 award entered by arbitrator Peter

J. Shurn, III of the American Arbitration Association in the Arbitration Proceeding.

## REQUESTS

1.    All Documents related to New Century's fraud counterclaim against Positive Software in the
      Litigation.

2.    All Documents evidencing or indicating who conceived or originated the idea to assert New
      Century's fraud counterclaim against Positive Software in the Litigation.

3.    All Documents evidencing or indicating who approved of or authorized the assertion of New
      Century's fraud counterclaim against Positive Software in the Litigation.

4.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware that New Century considered itself in breach of the Software Subscription
      Agreement.

5.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware of the LoanForce Replacement Issues and Alternatives document before
      the entry of the Arbitration Award.

6.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware of the February 5, 2003 LoanForce Support Plan before the entry of the
      Arbitration Award.

7.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware that the LoanForce application software existed on the Nitrogen server
      before the entry of the Arbitration Award.

8.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware that the LoanForce SQL code existed on the Nitrogen server before the
      entry of the Arbitration Award.

9.    All Documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry
      Barnett was aware that the November 2000 version of the LoanForce Database SQL Source
      Code was in the possession of New Century Mortgage Corporation before the entry of the
      Arbitration Award.

10.   All Documents exchanged between New Century (including its employees and former employees and persons subject to its control) and Susman Godfrey, Ophelia Camiña, and/or Barry Barnett related to the counterclaims asserted by New Century in the Arbitration proceeding.

11.   All letters in the possession of Susman Godfrey where Peter J. Shurn, III is listed as a recipient, author, or is named in the letter.

12.   All Documents evidencing communications between Steve Susman and Peter J. Shurn, III.