# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : |
| | : Chapter 11 |
| **NEW CENTURY TRS HOLDINGS,** | : |
| **INC., a Delaware corporation, et al.,**[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| | : |
| **Debtors.** | : Docket No. 630 |

### ORDER APPROVING SECOND STIPULATION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF GENERAL ELECTRIC CAPITAL CORPORATION

The Stipulation attached hereto as Exhibit A is APPROVED.

The Court reserves jurisdiction to enforce the terms of the Stipulation.

Dated: August ___, 2007
   Wilmington, Delaware

---

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1]   The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware corporation; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

RLF1-3184809-1

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                : Chapter 11
                                                      :
NEW CENTURY TRS HOLDINGS, INC., a                     : Case No. 07-10416 (KJC)
Delaware corporation, et al.,[1]                      :
                                                      : Jointly Administered
                        Debtors.                      :
                                                      :

## SECOND STIPULATION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF GENERAL ELECTRIC CAPITAL CORPORATION AND ORDER THEREON

This stipulation ("Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California Corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors") and General Electric Capital Corporation ("GECC"), by their respective counsel.

### RECITALS

A.  The Debtors commenced these cases by filing voluntary petitions under Title 11 of the United States Code, 11 U.S.C. §§101-1532, (the "Bankruptcy Code"), on April 2, 2007.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

B.      On May 11, GECC filed a motion requesting, among other things, relief from the automatic stay to recover possession of certain personal property equipment leased by GECC to certain of the Debtors and/or owned by the Debtors and purportedly encumbered by first priority liens on behalf of GECC (Docket No. 630) ("Relief Stay Motion"). On June 7, 2007, the Debtors filed an objection to the Relief Stay Motion (Docket No. 1166). Also, on June 7, 2007, the Official Committee of Unsecured Creditors filed an objection to the Relief Stay Motion (Docket No. 1168). The Examiner filed an objection on June 14, 2007 (Docket No. 1237).

C.      On July 20, 2007, the Debtors and GECC entered into a stipulation relating to the Relief Stay Motion ("First Stipulation") which provided, among other things, for a limited modification of the automatic stay in the Debtors' bankruptcy case so as to permit GECC to take possession of certain of its collateral from the Debtors pursuant to and as is more specifically described in the First Stipulation. The First Stipulation specifically indicated that except as expressly provided for therein, the parties thereto specifically reserved and preserved all of their respective rights and any and all issues and disputes related to or arising in connection with the Relief Stay Motion including, without limitation (i) the validity and priority of any security interest or lien; and (ii) any and all claims, remedies, defenses and other rights of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors). The First Stipulation has not yet been approved by the Bankruptcy Court.

D.      The Debtors and GECC are attempting to reach a global resolution of the issues raised in the Relief Stay Motion. The Debtors and GECC, however, need additional time within which to negotiate such a global resolution. The Debtors and GECC, therefore, have agreed to continue the hearing presently scheduled on GECC's Relief Stay Motion from July 31, 2007 at 1:30 p.m. to and until August 21, 2007 at 1:30 p.m. In exchange for GECC's agreement to continue the hearing, and as compensation to GECC for the Debtors' continued use of the equipment which GE is leasing to the Debtors and the equipment of the Debtors against which

GECC allegedly holds liens, the Debtors have agreed to make certain payments to GECC as are more specifically described below and the parties hereto have otherwise agreed as set forth herein.

E.  NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Stipulation and Order, through their undersigned counsel or representatives, that:

## AGREEMENT

1. The hearing presently scheduled on GECC's Relief Stay Motion is continued to and until August 21, 2007 at 1:30 p.m.

2. On August 1, 2007, the Debtors shall pay GECC a payment in the amount of $100,000.00, for application by GECC as an advance on the distribution to GECC on account of its secured claims as ultimately allowed by the Court.

3. Upon payment to GECC of the $100,000.00 payment called for in Section 2 above, the "Secured Claim Reserve" established in favor of GECC pursuant to this Court's Order dated May 23, 2007 (Docket No. 844) approving, among other things, the sale of certain of the Debtors' assets to Carrington Capital Management, LLC, shall be reduced by the sum of $100,000.00.

4. On August 1, 2007, the Debtors shall also pay GECC the monthly lease payment due and owing to GECC on August 1, 2007 under the telephone system lease between GECC and certain of the Debtors. The payment to be tendered by the Debtors to GECC pursuant to this Section amounts to $52,270.03.

5. The parties will continue their discussions towards a global resolution of GECC's claims, and GECC and the Debtors shall cooperate with each other in the return to GECC of the equipment which GECC was supposed to take possession of pursuant to the First Stipulation, to the extent that GECC has not obtained possession of any such equipment to date.

6. Except as expressly provided herein, the parties reserve all of their rights, and any and all issues and disputes are hereby preserved, in connection with the Relief Stay Motion, including, without limitation (i) the validity and priority of any security interest or lien and (ii) any and all claims, remedies, defenses and any other right of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors). In addition, GECC specifically reserves and shall retain all of its rights and remedies in connection with its financed equipment claims, lease claims and all other claims GECC holds against the Debtors.

7. The Court shall retain jurisdiction over any such issues and disputes.

8. This Stipulation shall be effective and enforceable immediately upon approval by the Court, and any stay otherwise imposed by Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived. This Court's approval of this Stipulation is without prejudice to GECC's right to claim higher adequate projection payments than the payments called for herein at the August 21, 2007 hearing, any other hearing held in connection with GECC's Relief Stay Motion or claims, or otherwise.

9. The parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or instruments and take such further action as may reasonably be required to carry out the intent of this Stipulation.

STIPULATED AND AGREED

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

*[signature]*

Michael G. Gallerizzo (No. 4550)
Eric Schuster
GEBHARDT & SMITH LLP
One South Street, Ste. 2200
Baltimore, Maryland 21202-3281
(410) 385-5048
ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION

SO ORDERED AND APPROVED:

Dated _____, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE