UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date:  August 7, 2007

## OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PERMITTING ITS MEMBERS TO ENGAGE IN SECURITIES TRADING, LOAN SALES AND OTHER TRANSACTIONS INVOLVING THE DEBTORS AND THEIR RESPECTIVE ASSETS
### (DOCKET ENTRY # 409)

In support of her objection to the motion of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order permitting its members to engage in securities trading, loan sales and other transactions involving the Debtors and their respective assets (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

**INTRODUCTION**

1.      Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.      Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.      The Committee's motion presents a basic question for this Court: how can Committee members who were actively engaged in the business of securities trading prior to the filing of these cases satisfy their fiduciary duties as Committee members and ensure against self-dealing?  The proposed order submitted by the Committee does not establish effective procedures to address these concerns.  The U.S. Trustee has drafted a form of order that establishes a sound framework for addressing these concerns, and which is attached as Exhibit A.  The key differences between the U.S. Trustee's proposed form of order and the Committee's proposed form of order are discussed below:

    a.      *Scope of Motion* – First, the Committee seeks to permit ex-officio members of the

2

Committee to avail themselves of the protections of the trading order.  It is important to remember that one of the reasons the trading procedures proposed by the Committee have been implemented is to ensure that entities which regularly engage in securities trading as a part of their business are not discouraged from being appointed to the Official Committee by the U.S. Trustee; the procedures are certainly not designed to ensure the availability of a pool of creditors willing to serve as ex-officio members on the Committee.  *See* SEC Mem. in Support of Motion of Fidelity Management & Research Co. at 2, *In re Federated Dept. Stores, Inc.*, No. 1-90-00130 (Bankr. S.D. Ohio) (attached as Exhibit B).  The Committee should not have the ability to dictate which entities will be able to avail themselves of the protections of the trading order.  The requested "ex-officio" relief gives the Committee that ability.  Second, in addition to items which are "securities" under Section 2(a)(1) of the Securities Act of 1933 (i.e., interests in the Debtors), the Committee seeks to permit its members who comply with the trading procedures to participate in asset sales conducted by the Debtors (i.e., loan sales and other transactions).  This request appears to be an attempt to insulate the Committee members from removal from the Committee by the U.S. Trustee if the U.S. Trustee believes that such action is warranted in light of the Committee member's role as potential purchaser (or purchaser).  It is well-established that the U.S. Trustee has the discretion to both appoint members to the Committee and remove members from the Committee based upon, among other reasons, the inability of the Committee member to carry out its fiduciary duty to unsecured creditors. *See In re Venturelink Holdings, Inc.*, 299 B.R. 420, 423 (Bankr. N.D. Tex. 2003) ("The United States Trustee has administrative authority over committee members.  Questions concerning committee membership, including removal of a committee member for a conflict of interest, must, in the first instance, be directed to the United States Trustee" (internal citations omitted)).  That

authority should not be compromised by entry of a securities trading order.

      b.      *Ethical Wall/Blocking Procedures* – The Committee's proposed form of order vaguely leaves the task of constructing an appropriate "Ethical Wall" to the Committee member. The U.S. Trustee's proposed form of order is consistent with the order entered in *In re Federated Dept. Stores, Inc.*, No. 1-90-00130, 1991 WL 79143 (Bankr. S.D. Ohio Mar. 7, 1991) and clearly defines the "Blocking Procedures" which the Committee member must comply with. The "Blocking Procedures" have three components: compliance by the Committee member (i.e., procedures designed to ensure that Committee-related "Information" is not shared with trading personnel); second, internal monitoring of the Committee member's compliance with the Blocking Procedures by the Committee member's compliance personnel; and third, external monitoring of the Committee member's compliance with the Blocking Procedures by the U.S. Trustee, which is aided by periodic reporting by the Committee member. The Committee has failed to provide adequate information to ensure that the standards have been met.

      c.      *Nunc Pro Tunc Relief* – The Committee seeks to have the order made retroactive to April 11, 2007. The U.S. Trustee opposes this request. Given that the entire purpose of the Motion is to give Committee members who regularly trade Securities as part of their business certain relief (i.e., protection from breach of fiduciary duty claims and adverse treatment of their claims against the Debtors) in exchange for compliance with Court-approved procedures, a Committee member's decision to trade prior to this Court's consideration of the Motion does not merit the protections of the order. Nunc pro tunc treatment is extraordinary relief, and courts in this Circuit have been reluctant to grant requests for retroactive relief absent a showing of "extraordinary circumstances." *See In re F/S AirLease II, Inc.*, 844 F.2d 99, 105-06 (3d Cir. 1988); *In re Arkansas Co.*, 798 F.2d

645, 649 (3d Cir. 1986). The Committee has made no showing as to why retroactive relief is appropriate here.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date:  August 2, 2007