**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| | ) | Case No. 07-10416 (KJC) |
| **NEW CENTURY TRS HOLDINGS, INC.,** | ) | |
| a Delaware corporation, et al., | ) ) | Jointly Administered |
| Debtors. | ) ) | Re: Docket No. _____ |

**ORDER GRANTING MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER PERMITTING ITS MEMBERS TO ENGAGE IN
SECURITIES TRADING**

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., et al. (the "Debtors") for entry of an order permitting official members of the Committee (each, a "Committee Member") to trade in the Securities (as such term is defined in the annexed motion) of the Debtors and any non-debtor affiliates of the Debtors (collectively, the "New Century Group") (such transactions, the "Trades") upon the establishment and implementation of policies and procedures ("Blocking Procedures") designed to prevent the misuse of material non-public information obtained in the performance of Committee duties and in accordance with the terms and conditions of this Order; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and that this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and it appearing that due and proper notice of the Motion has been given under the circumstances, and that no further notice need be given; and after due deliberation, and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as modified herein and in the Preamble.

2. The term "Securities" shall have the same meaning given to the term in Section 2(a)(1) of the Securities Act of 1933 and includes the following: stocks; notes; debentures; and participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests.

3. The term "Trades" means trades of Securities and does not include loan sales or other transactions.

4. The term "Committee Personnel" means those employees of the Committee Member who are assigned to the Debtors' chapter 11 cases.

5. Any Committee Member regularly engaged in the trading of Securities as part of its business which complies with the terms of this Order, including the establishment, implementation and strict adherence to the Blocking Procedures described below, shall not violate its fiduciary duties as a Committee Member, and will not subject its claims to disallowance, subordination or other adverse treatment, if a Committee Member participates in a Trade.

6. Prior to engaging in Trades, a Committee Member seeking the protection of this Order must be able to verify the following by means of a sworn or verified declaration filed with the Bankruptcy Court and served on the United States Trustee and the Rule 2002 notice list:

    (i) The declarant's position with the Committee Member and that the declarant has personal knowledge of the Committee Member's business;

    (ii) The nature of Committee Member's business, its organizational structure and the number of employees in each division.

(iii) That the Committee Member has established and will comply with the following procedures (collectively, the "Blocking Procedures"):

(a.) Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they may receive non-public information and that they are aware of the information blocking procedures which are in effect with respect to the claim(s) against/interests in the Debtors which Committee Member and/or its clients have, that they will follow the blocking procedures, and that they will immediately inform Committee counsel and the United States Trustee in writing if such procedures are materially breached;

(b.) Subject to paragraph 7 of this Order, Committee Personnel will not directly or indirectly share any non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other employees, representatives, or agents of Committee Member, including Committee Member's investment advisory personnel, and Committee Member shall use good faith efforts not to share any material Information concerning the Debtors' chapter 11 cases with any Committee Member employee reasonably known to be engaged in trading activities with respect to the claims/interests on behalf of Committee Member and/or its clients, except that a good faith communication of publicly available information shall not be presumed to be a breach of the obligations of Committee Member or any Committee Personnel hereunder;

(c.) Committee Personnel will maintain all hard copy files containing Information in secured cabinets inaccessible to other employees

**Deleted:** -
**Deleted:** - ¶
127340.01600/40168537v.1
**Formatted:** Page Number

of Committee Member. Further, Committee Personnel will inhabit office space separate from other employees of Committee Member and will maintain phone and facsimile lines separate from other employees of Committee Member.

(d.) Committee Personnel will not receive any information regarding Committee Member's Trades in advance of the execution of such Trades, except that Committee Personnel may receive (i) reports showing Committee Member's purchases, sales and ownership of claims, but no more frequently than weekly and (ii) the usual and customary internal reports showing Committee Member's purchases and sales on behalf of Committee Member or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtors.

(e.) Committee Member's compliance personnel shall review Committee Member's Trades to determine if there is any reason to believe that such Trades were not made in compliance with the information blocking procedures and shall keep records of such review.

(f.) Committee Member shall take those steps necessary to restrict the exchange of Information through electronic means between Committee Personnel and all other Committee Member employees in a manner consistent with the foregoing procedures, which shall be monitored by Committee Member's compliance personnel;

(g.) Committee Member shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the

Deleted: -
Deleted: - ¶
127340.01600/40168537v.1
Formatted: Page Number

claims/interests held by Committee Member or its clients which results in such holdings being less than one-third of the aggregate holdings of Committee Member and its clients in Committee Member accounts as of the date of Committee Member's appointment to the Committee within five business days of such decrease.

(h.)    That so long as Committee Member is a member of the Committee, it shall provide a declaration on a quarterly basis to Committee counsel and the United States Trustee verifying review of, and continued compliance with, the Blocking Procedures and shall immediately disclose to Committee counsel and the United States Trustee any material breaches of such Procedures.

(i.)    That the Committee Member will (a) file an initial certification of the amount and types of its claims against/interests in the Debtors and (b) update this information through quarterly reports submitted to the United States Trustee.

(j.)    That Committee Member has disclosed the identity of the Committee Personnel and that each current/prospective employee that is Committee Personnel will file a separate declaration with the Court affirming their intention to comply with the Blocking Procedures.

7.    Notwithstanding the Blocking Procedures, Committee Personnel may share Information with (i) senior management of Committee Member who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (a) otherwise comply with the Blocking Procedures and (b) use such Information only in

Deleted: -
Deleted: - ¶
127340.01600/40168537v.1
Formatted: Page Number

connection with their senior managerial responsibilities, (ii) regulators, auditors, and designated legal and compliance personnel for the purpose of rendering legal advice to the Committee Personnel, and to the extent that such information may be accessible by internal computer systems, Committee Member administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, and (iii) other Committee Member employees, representatives and agents who (a) are not involved with trading or investment advisory activities with respect to Committee Member's/its clients' claims/interests and (b) execute a Confidentiality Letter.

8. This Order shall not preclude the Court or any party in interest, including the United States Trustee, from taking any appropriate action (including the U.S. Trustee's removal of a Committee Member from the Committee) in response to an alleged breach of fiduciary duty by a Committee Member and/or a Committee Member's failure to comply with either the Blocking Procedures or the terms of this Order. Further, the rights of the United States Trustee or any party in interest to seek a determination from this Court as to whether a Committee Member should be permitted to trade under this Order (based upon information disclosed in the declaration described in paragraph 6 of this Order or otherwise) are fully reserved.

9. Nothing set forth in the Motion or this Order shall constitute an admission by any party or finding by this Court that debt obligations of the Debtors, whether arising under any credit agreements or otherwise, constitute "securities" for the purpose of federal or state securities laws. Further, nothing set forth in the Motion or this Order shall limit or otherwise affect the application of federal or state non-bankruptcy laws, including securities laws, to Committee Members, Committee Personnel, and/or Trades.

10. The provisions of this Order shall apply to, and inure to the benefit of, all Committee Members who are regularly engaged in the trading of Securities who comply with the terms of this Order.

11. This Order shall be effective upon its entry on the Court's docket.

12. This Court shall retain jurisdiction to (i) enforce and interpret the terms and conditions of this Order, and (ii) preside over any conflict arising from the terms and conditions hereof.

Dated: May ___, 2007

> _____
> The Honorable Kevin J. Carey
> United States Bankruptcy Judge

Margin comments:
- **Deleted:** <#>Committee Members may engage in any Trade or Transaction pursuant to the conditions of this Order, and be subject to the protections and authorizations herein.¶ <#>The provisions of this Order shall apply and inure to the benefit of all present Committee Members and their Affiliates as well as any entities that become Committee Members after the date hereof.¶
- **Formatted:** No bullets or numbering
- **Deleted:** nunc pro tunc as of April 11, 2007, provided that any member having closed
- **Deleted:** a Trade or Transaction during the period from April 11, 2007, to the date hereof, shall either have had an Ethical Wall in place, or can represent that no material, non-public information obtained in the performance of Committee duties was used in connection with such closing
- **Formatted:** Indent: Left: 0", Tabs: Not at 6.25"
- **Deleted:** -
- **Deleted:** - ¶ 127340.01600/40168537v.1
- **Formatted:** Page Number

| Page 2: [1] Deleted | Author |
|---|---|

An Ethical Wall as such term is used herein shall incorporate such steps as are reasonably necessary in order to prevent an Ethical Wall Entity's employees or agents from misusing material, non-public information obtained by a Committee Member in the performance of its Committee duties.  Such Ethical Wall should include provisions designed to restrict the flow of information between and among various parts of Ethical Wall Entities to ensure that material, nonpublic Committee information is not shared with employees who are not responsible for performing any Committee-related functions except as provided in paragraph 4, infra.

Ethical Wall procedures to be employed by an Ethical Wall Entity if it wishes to engage in a Trade or Transaction need not be such which would prohibit or prevent necessary and appropriate information sharing, including, but not limited to:

Communication between and among a Committee Member and senior management of such Ethical Wall Entity who, in order to fulfill their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Ethical Wall, and (ii) use such information only in connection with senior managerial responsibilities; and

Communication between and among an Ethical Wall Entity and regulators, auditors, and legal or other professionals, including in house legal counsel, retained to render legal or other professional services to Committee Members; and

> Sharing information concerning the Debtors' securities or property which is either publicly available or is available as part of a Court-approved bidding process to qualifying bidders, and the Committee Member has so qualified, provided that any Committee Member that is aware of such intent to bid or is made aware of such intent to bid shall disclose its intention to be so qualified once such intention has been formed so that appropriate safeguards, if any, may be implemented.

This Order is not intended to preclude the Court from taking any action it deems appropriate in the event that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of the Ethical Wall Entity's ability to engage in a Trade or Transaction based upon the establishment of the procedures set forth in this Order.

This Order shall only apply to Committee Members respecting their activities subsequent to and during their appointment to the Committee.