## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                              :    Chapter 11
                                    :
NEW CENTURY TRS HOLDINGS,   :    Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,     :
                                    :
                                    :    **Hearing Date:  August 7, 2007 at 1:30 p.m.**
                      Debtors.      :    **Objection Deadline: August 3, 2007**
                                    :    **Related Docket Nos.: 1888, 2074, 2121, 2136**
-------------------------------------------------x
```

### KPMG LLP'S OBJECTIONS AND RESPONSES TO THE
### EXAMINER'S SUBPOENA FOR A RULE 2004 EXAMINATION

KPMG LLP ("KPMG") respectfully submits these Objections and Responses to

the Examiner's Subpoena for a Rule 2004 Examination ("Subpoena").

## INTRODUCTION

KPMG has been – and remains – at the ready to cooperate with the Examiner, in

the same way it has been cooperating with the United States Securities and Exchange

Commission (the "SEC"), and to produce documents that are related to the Court's mandate that

the Examiner investigate New Century Financial Corporation's ("New Century") announced

plans to restate its financial statements for 2005 and 2006.  To that end, KPMG has agreed to

produce workpapers from its audit of New Century's consolidated financial statements for the

year ended December 31, 2005, as well as the workpapers from its reviews of New Century's

quarterly financial statements for 2005 and the first three quarters of 2006, subject to the Court

entering a protective order that preserves KPMG's jurisdictional and arbitration rights.  But it is

premature for KPMG to be ordered at this time to produce the voluminous additional documents

called for in the Examiner's Subpoena.  The Examiner has not yet reviewed KPMG's 2005 and

2006 audit workpapers, which are responsive to nearly every one of the Examiner's requests and

which fulfill the Examiner's mandate to investigate the announced restatements.  Nor have

KPMG and the Examiner met and conferred meaningfully regarding KPMG's specific objections

to the Examiner's requests which KPMG respectfully submits are voluminous, beyond the scope

of the investigation this Court has authorized (both as to time frame and subject matter),

overbroad, and unduly burdensome and costly.  Accordingly, the Court should not order KPMG

to produce additional documents at this time, but should instead approve a production process

that is staged or sequenced in such a way as to minimize the waste of judicial and party

resources, and that requires the parties to meet and confer to identify specific custodians, subject

matters, and terms that can then be used by KPMG to search for relevant documents.  That

KPMG and New Century agreed in their Engagement Letters, among other things, to have

discovery in any dispute between them be governed by arbitrators upon a showing of substantial

need provides further reason for the Court not to order KPMG to produce additional documents

at this time and to adopt a more efficient and fair discovery process as outlined below.

By way of example, KPMG's technology professionals have determined that

approximately 392 individuals at KPMG recorded time associated with providing various

professional services to New Century and its subsidiaries for the 2004 through 2006 time period.

(See Declaration Of Kenneth C. Koch In Support of KPMG LLP's Opp'n To The Mot. Of The

Official Comm. Of Unsecured Creditors For An Order Authorizing The Production Of

Documents Pursuant To Bankruptcy Rules 2004 and 9016, attached to KPMG LLP's Opp'n To

The Mot. Of The Official Comm. Of Unsecured Creditors For An Order Authorizing The

Production Of Documents Pursuant To Bankruptcy Rules 2004 and 9016 as App. B.)  Only a

small number of these 392 custodians provided services that relate to the issues identified in New

Century's announced plans to restate its financial statements for 2005 and 2006.  Were KPMG

required to produce all of the documents from each person, the Examiner would be awash in a flood of information, most of which would have nothing to do with the subject of his investigation.  Moreover, the cost and burden to KPMG for assembling and producing this irrelevant information would be excessive.  KPMG's technology personnel estimate that the costs associated with conducting a good-faith review of KPMG's records to produce material related to New Century for the 2004 to 2006 time period from the 392 custodians could range from $1.5 million to $2.8 million.  (Id.)  There is no basis for imposing such costs, which would largely be related to assembling irrelevant information, on KPMG at this time.

Indeed, compelling such production would contravene the mandate of Federal Rule of Civil Procedure 45, applicable to the Examiner here under Rule 9016, that a "party . . . responsible for the issuance . . . of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Under these circumstances, it is entirely reasonable to ask the Examiner to review KPMG's 2005 and 2006 audit workpapers before embarking on what will remain an involved, costly, and time-consuming discovery process, and then to frame any specific follow-on requests based upon a review of the substantial materials that KPMG will have provided.

In particular, KPMG should not be ordered to produce any documents related to the 2004 time period at this time because such documents are irrelevant to the Rule 2004 investigation that has been authorized by this Court.  The Examiner's mandate is to investigate New Century's announced restatements of New Century's financial statements for the year-ended 2005 and its unaudited quarterly financial statements for the first three quarters of 2006. (See Order Denying in Part and Granting in Part Mot. of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (Docket

No. 1023).)  Documents related to 2004 are thus beyond the scope of the Examiner's

investigation, in addition to being unduly burdensome for KPMG to produce.

With respect to documents that relate to the 2005 and 2006 time period, once the

Examiner has completed his review of KPMG's 2005 audit and quarterly review workpapers and

its 2006 quarterly review workpapers, KPMG is prepared to cooperate with the Examiner to

agree upon an appropriate scope of KPMG's additional production of documents.  Specifically,

to assist with that effort, KPMG will give the Examiner a list that identifies KPMG's 2005 and

2006 engagements to provide services to New Century beyond KPMG's audits and reviews of

New Century's financial statements.  A significant number of these engagements have no

relationship at all to KPMG's audits and reviews of New Century's financial statements.  As a

result, it is appropriate for the Court to require KPMG and the Examiner to meet and confer in

good faith to discuss an appropriate scope of KPMG's production of documents related to these

other engagements.

KPMG is further prepared to cooperate with the Examiner to identify a limited

number of individuals for 2005 and 2006 for whom KPMG will search for relevant documents.

There are nearly 300 individuals at KPMG who recorded time associated with providing various

professional services to New Century throughout 2005 and 2006.  Of those individuals, only a

minority performed work that relates to the issues identified in New Century's announced plans

to restate its financial statements for 2005 and 2006.  Again, it is entirely appropriate for the

Court to order KPMG and the Examiner, once the Examiner has reviewed the 2005 and 2006

audit workpapers, to meet and confer to agree upon a narrowed list of individuals for whom

KPMG will search for relevant documents, which list will be based on those individuals who

provided services to New Century on the matters that relate to New Century's announced plans

to restate its financial statements for 2005 and 2006.  With respect to the individuals who are identified through this fair and efficient process, KPMG will agree upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

KPMG respectfully submits that its Arbitration Agreement with New Century, which is reflected in the Engagement Letters between KPMG and New Century, provides an additional compelling reason why it should not prematurely be ordered to produce irrelevant documents from the 2004 time period or regarding engagements that have nothing to do with the investigation into New Century's need to restate its 2005 and 2006 consolidated financial statements, including documents that solely relate to KPMG.  As the Court is aware, KPMG provided professional services to New Century pursuant to Engagement Letters that provide for a mandatory dispute resolution process for disputes arising from KPMG's services to New Century.  (See Engagement Letters attached as App. A to KPMG LLP's Opp'n To The Examiner's Mot. For An Order Authorizing The Examination Of KPMG LLP.)  The Arbitration Agreement also provides that discovery will be governed by the arbitrators upon a showing of substantial need by the party seeking the discovery.  (Id.)  The Court should not effectively void the Arbitration Agreement or its discovery provision between KPMG and New Century by ordering KPMG, at significant expense that it bargained to avoid, to produce irrelevant and unnecessary documents.  (See KPMG LLP's Opp'n To The Examiner's Mot. For An Order Authorizing The Examination Of KPMG LLP at pp. 9-14.)

As set forth herein, KPMG is prepared to cooperate fully with the Examiner, in the same way that it is fully cooperating with the SEC, to produce a significant volume of documents that are responsive to the Subpoena.  Such documents should be produced at the

appropriate time, in stages, subject to the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, bearing in mind that not only is the Examiner's

mandate limited in scope, but also that producing the documents called for in the Subpoena

would be extremely costly and burdensome for KPMG.  As such, it would be premature,

inefficient, and unfair for KPMG to be ordered to produce in full at this time the broad spectrum

of irrelevant and unnecessary documents requested in the Subpoena.[1]

## **GENERAL OBJECTIONS**

As explained at greater length in the Introduction, KPMG makes the following

General Objections to the Examiner's Subpoena:

1.      The Subpoena's time period, which goes back to January 1, 2004, is beyond the

scope of the Examiner's authority and is overbroad and unduly burdensome and costly.

2.      To the extent the Subpoena seeks documents that do not relate to the 2005 and

2006 financial statements that New Century plans to restate, it is beyond the scope of the

Examiner's authority and is overbroad and unduly burdensome and costly.

3.      Subject to the Court entering a protective order that preserves KPMG's

jurisdictional and arbitration rights, KPMG will produce its 2005 audit and quarterly review

workpapers and its 2006 quarterly review workpapers.  By agreeing to produce these documents,

KPMG will be providing the Examiner with voluminous documents that are responsive to

---

[1] For the reasons set forth in KPMG's Opposition to the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing the Production of Documents Pursuant to Bankruptcy Rules 2004 and 9016, the Official Committee of Unsecured Creditors ("Committee") is not entitled to any documents from KPMG.  To the extent the Court is inclined to grant the Committee limited access to any KPMG documents, to which KPMG continues to object, KPMG respectfully submits that the general and specific objections set forth herein apply with greater force to the Committee's requests for production.  KPMG further reserves the right to file additional specific objections to the Committee's requests following the Court's August 7, 2007 hearing on KPMG's proposed protective order and objections to the Examiner's Subpoena.

numerous requests included in the Subpoena.  To the extent the Subpoena calls for the

production of other documents, it is premature, inefficient, and unfair, in addition to being

overbroad as to time and scope and unduly burdensome and costly.  Nevertheless, in an effort to

cooperate with the Examiner, KPMG will provide the Examiner with a list of KPMG's 2005 and

2006 engagements for New Century that do not relate to KPMG's audits and reviews of New

Century's financial statements.  KPMG will meet and confer with the Examiner in good faith to

determine for which such engagements KPMG will produce additional documents.  KPMG will

also cooperate with the Examiner to identify the custodians for 2005 and 2006 for whom KPMG

will search for relevant documents, which search KPMG will conduct subject to a protocol of

search terms to which KPMG and the Examiner agree.

      4.      To the extent the Subpoena seeks irrelevant documents, including documents

relating solely to KPMG, the Subpoena is barred by the Arbitration Agreement between KPMG

and New Century, which provides that discovery relating to any disputes between KPMG and

New Century will be governed by the arbitrators upon a showing of substantial need.

      5.      KPMG objects to the extent the Subpoena calls for the production of documents

and/or information subject to the attorney-client privilege and/or attorney work product doctrine.

      6.      KPMG objects to the definitions and instructions set forth in the Subpoena to the

extent they request electronically stored information that is not reasonably accessible.  Such

definitions are both vague and overbroad.  Complying with the instructions that define

documents to include "other data or data compilations stored in any medium from which

information can be obtained or recovered" and that purport to require KPMG to produce all

"documents in KPMG's possession, custody, and/or control, regardless of the location of such

documents," will be both expensive and time consuming and impose an undue burden upon

KPMG.

7.     KPMG objects to the extent the Subpoena to the extent that it imposes undue

burden and expense on KPMG in contravention to Federal Rule of Civil Procedure 45(c)(1) (as

is applicable to the Examiner here under Rule 9016).

## SPECIFIC OBJECTIONS AND RESPONSES

### Request 1:

All documents and communications, including, but not limited to, workpapers, internal memoranda, planning memoranda, consultation memoranda, checklists, audit programs, budgets, risk assessments, documents provided by Debtors or other persons or entities, testing and walk-through documentation, and materiality assessments concerning or relating to any and all work or professional services performed by KPMG for New Century or the Debtors during the period between January 1, 2004 through the present, including but not limited to:

(a)     KPMG's audits of Debtors' consolidated financial statements and KPMG's audit of Debtors' internal control over financial reporting (collectively the "Integrated Audit") for the audit years of 2004, 2005 and 2006:

(b)     KPMG's reviews of Debtors' consolidated balance sheets for each quarterly period from January 1, 2004 through the present, and the related condensed consolidated  statements of operations, comprehensive income, stockholders' equity and cash blows for the quarterly and year-to-day periods which were to be included in the quarterly reports (Form 10-Q's) filed by Debtors under the Securities Exchange Act of 1934:

(c)     Reviews and procedures performed by KPMG in connection with any incorporation of any reports by KPMG in Debtors' registration statements from January 1, 2004 through the present;

(d)     Reviews and procedures performed by KPMG in connection with any comfort letters requested by Debtors; and,

(e)     The preparation and/or issuance by KPMG of any reports relating to Debtors including but not limited to any audit opinions or reports, debt covenant compliance reports, preferability letters, consents, agreed-upon procedures, reports or letters, HUD letters and electronic filings, SEC Regulation AB internal control letters, and valuation opinions or reports and any other opinions or reports prepared in connection with consulting and/or professional advisory services.

**Response to Request 1:**

  Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 3:[2]**

  All agreements proposed or entered into by KPMG and the Debtors, including,
but not limited to, engagements letters for all audit, tax, agreed-upon- procedures, valuation,
consulting and other professional or advisory services.

**Response to Request 3:**

  Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

---

[2] The Subpoena omitted Request No. 2.  To avoid confusion, KPMG's Responses track the
numbering used in the Subpoena.

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

## Request 4:

For all engagements and/or services provided by KPMG for Debtors as identified
in Items 2 or 3, documents sufficient to identify all engagement team members from staff level
through partner, including but not limited to consultants, specialists, and any concurring review
partners and technical accounting and auditing office or national office personnel who performed
services for Debtors on behalf of KPMG, or, who provided KPMG engagement personnel with
advice or consultation or audit, accounting and/or other engagement issues.

## Response to Request 4:

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 5:**

        For all individuals identified in response to Item 4, provide documents sufficient to identify the following information:

    (a)    Professional qualifications (including educational background, industry expertise, employment experience, continuing professional education and engagement reviews) and hourly billing rate;

    (b)    Their current, or last known, contact information including telephone, address, and email; and,

    (c)    Their performance evaluations for the period in which they performed services for the Debtors.

**Response to Request 5:**

        Each of KPMG's General Objections is incorporated herein by this reference.

KPMG further objects to this Request on the ground that it calls for information and/or

documents that are protected from disclosure by the right to privacy.  Here, the vast majority of

the individuals at KPMG who provided services to New Century are in California.  California

law firmly protects confidential personnel data of the type typically contained in an employee's

personnel file based on privacy protections.  See Board of Trustees of Leland Stanford Univ. v. Superior Court, 119 Cal. App. 3d 516, 525-26, 529 (1981).  The documents the Examiner seeks clearly fall within this protection.  As the custodian of the privacy rights of its employees, it is KPMG's obligation to assert the privacy objections of its employees.  See id. at 525-26; Valley Bank of Nevada v. Superior Court, 15 Cal. 3d 652, 657 (1975).  In addition to the employees' privacy rights, this request is overbroad and seeks irrelevant documents and information, including, but not limited to, confidential information concerning other clients of KPMG.  Any individuals who provided services to New Century on behalf of KPMG may be contacted through KPMG's counsel.

**Request 6:**

        For all individuals identified in response to Item 4, provide copies of all employee desk files relating to Debtors.

**Response to Request 6:**

        Each of KPMG's General Objections is incorporated herein by this reference.  Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements.  KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**<u>Request 7:</u>**

All documents concerning the following matters relating to New Century:

(a)     All reviews or testing of New Century's internal controls, including any work performed by KPMG or New Century in connection with Section 404 and Section 302 of the Sarbanes-Oxley Act of 2002, including testing and related workpapers, narratives, flow charts, matrices, walk-throughs and transactions tested and documentation explaining the results of such, and fraud risk assessments and any responses thereto.

(b)     Audit testing, analyses, work papers, and work paper support for all financial statement accounts and disclosures, including but not limited to, the following:

(i)      Cash, cash equivalents and restricted cash, including, but not limited to, bank reconciliations, cash receipts and cash disbursements testing and bank confirmations.

(ii)     Mortgage loans held for sale, including, but not limited to, the lower of amortized cost or market calculations and adjustments.

(iii)    Allowance for repurchase losses or loans sold, including, but not limited to, the underlying assumptions, factors, calculations, adjustments used to estimate the allowance, historical experience, premiums received on and volume of recent whole loan sales, the general secondary market and general economic environment provision for repurchase losses, net charge-offs to the allowance, and any other activity in the allowance account.

(iv)     Mortgage loans held for investment, including, but not limited to, the allowance for losses on mortgage loans held for investment, estimates used to establish those allowances, loss provisions and charge-offs of uncollectible loans.

(v)      Residual interests in securitizations, including, but not limited to, the underlying assumptions and calculations used for estimating: (i) fair value of estimated future cash flows, (ii) future rate of prepayments, (iii) prepayment premiums, (iv) delinquencies, (v) defaults, (vi) default loss severity, (vii) average cumulative losses  as a percentage

of original principal balances of mortgage loans, and (viii) discount
rates;

(vi)    The over-collateralization account and net interest receivable balance.

(vii)   Credit facilities on mortgage loans held for sale.

(viii)  Financing on mortgage loans held for sale of investment.

(ix)    Accounts payable and accrued liabilities.

(x)     Convertible senior notes, subordinated debt, residual financial and
notes payable.

(xi)    Other liabilities including, but not limited to, the search for
unrecorded liabilities.

(xii)   Intercompany accounts and transactions.

(xiii)  Stockholders' equity roll-forwards.

(xiv)   Interest income and interest expense.

(xv)    Gain on sale of mortgage loans, including, but not limited to, the
underlying assumptions, calculations and adjustments used to
determine the gain on sale amounts.

(xvi)   Servicing income, other income, other operating expenses and income
taxes.

(xvii)  Basic earnings per share and diluted earnings per share calculations.

(xviii) Financial statement reporting and disclosures, including, but not
limited to, the Statement of Cash Flows, the Statement of
Stockholders Equity and information and amounts included in the
notes to the financial statements.

(xix)   Debtors' change(s) in accounting policies.

(xx)    Permanent and Carry-forward files.

(c)    All agreed-upon procedures, valuation, consulting and other professional advisory
services performed by KPMG on behalf of the Debtors.

**<u>Response to Request 7:</u>**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 8:**

All documents and memoranda on accounting or auditing issues relating to
Debtors including, but not limited to, correspondence to and from concurring review partners,
KPMG's Department of Professional Practice ("DPP"), technical accounting and auditing office,
national office and/or specialists used by KPMG.

**Response to Request 8:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 9:**

All draft and final versions of KPMG Defining Issues and similar internal or
external communications, including, but not limited to, those editions describing Financial
Accounting Standards Board "FASB") Statements 65, 140, 150, and 157.

**Response to Request 9:**

Each of KPMG's General Objections is incorporated herein by this reference.

KPMG further objects to this Request on the ground that it seeks KPMG's confidential, trade

secret, and/or proprietary documents and information.  KPMG also objects to this Request on the

ground that KPMG's internal guidance is irrelevant.  Accountants are <u>not</u> held to a standard

different than that generally recognized in their profession.  <u>Hochfelder v. Ernst & Ernst</u>, 503

F.2d 1100, 1108 (7th Cir. 1974), rev'd on other grounds, 425 U.S. 185 (1976); <u>Garsite Prods.</u>

<u>Inc. v. Arthur Young & Co.</u>, No. 4293-1984, 1989 N.Y. Misc. Lexis 893 (N.Y. Sup. Ct. Jan. 25,

1989) ("clearly, the standard, whatever it is, is not to be measured by defendant's internal

manuals").  Rather, an accountant's professional performance is measured against the industry-

wide norms set forth by GAAS and GAAP.  <u>See</u> <u>In re Matter of Hawaii Corp.</u>, 567 F. Supp. 609,

617 (D.Haw. 1983); <u>SEC v. Arthur Young & Co.</u>, 590 F.2d 785, 788 (9th Cir. 1979).  Subject to

KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, once KPMG and the Examiner agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, KPMG is prepared to search for communications between those individuals and New Century that relate to KPMG's internal guidance regarding Financial Accounting Standards Statements 65, 140, 150, and 157.

**Request 10:**

   All draft and final management representation letters relating to Debtors.

**Response to Request 10:**

   Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers. KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements. KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006. KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 11:**

       All draft and final management comment letters prepared by KPMG relating to Debtors, and any responses provided by Debtors, and any communications relating to or referencing such documents or findings communicated to Debtors, including, but not limited to, Debtors' Board of Directors, Audit Committee, and management.

**Response to Request 11:**

       Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers. KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements. KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006. KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 12:**

       All documents concerning the following items relating to Debtors:

(a)     Adjusting or reclassifying journal entries.

(b)     Proposed adjusting or reclassifying journal entries and related communications with management and the Audit Committee, including, but not limited to, any

disagreements with management and the Audit Committee's positions with respect to the proposed adjusting or reclassifying journal entries.

(c)     Effects of proposed adjusting or reclassifying journal entries, recorded and unrecorded, and other information related to the materiality assessments of the proposed adjusting journal entries.

**Response to Request 12:**

Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers. KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements. KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006. KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 13:**

All presentations made by KPMG to the Debtors' Audit Committee, including draft and final versions, Audit Committee planning packages, communications with Audit Committee members regarding disagreements with management positions, disclosures and findings with regard to internal control practices and procedures, adjusting or reclassifying journal entries, materiality matters, execution of planning and changes thereto and engagement fees.

**Response to Request 13:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 14:**

All draft and final versions of presentations, made by KPMG to the Debtors'
Board of Directors, any committees or subcommittees thereof, and/or Debtors' management.

**Response to Request 14:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

## Request 15:

All documents relating to communications between KPMG and the Debtors'
Board of Directors, and/or all Committees of the Board, including, but not limited to, the Audit
Committee and the Finance Committee.

## Response to Request 15:

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 16:**

>        All documents relating to Debtors' Internal Audit department or personnel,
> including but not limited to documents relating to any reviews planned or performed by the
> Internal Audit department, and any work by the Internal Audit department that was reviewed
> and/or relied upon by KPMG.

**Response to Request 16:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 17:**

        All documents relating to the Debtors' February 7, 2007 announcement concerning accounting irregularities requiring a restatement of financial results for March 31, June 30 and September 20, 2006.

**Response to Request 17:**

        Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers. KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements. KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006. KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 18:**

        All documents relating to the Debtors' March 2, 2007 announcement of its inability to timely file its Annual Report on Form 10-K for the fiscal year ended December 31, 2006 and the Debtors' Audit Committee investigation.

**Response to Request 18:**

   Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 19:**

   All documents relating to the Debtors' May 24, 2007 announcement that the
Audit Committee has determined that there were errors in the Debtors' previously filed annual
financial statements for its fiscal year ended December 31, 2005 with respect to both the
accounting and reporting of loan repurchase losses and the Debtors' valuation of certain residual
interests in securitizations.

**Response to Request 19:**

   Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 20:**

>   All documents relating to the Audit Committee Investigation including, but not
limited to, work paper support, e-mail communications, facsimiles, letters, memoranda and
communications with Heller Ehrman and/or PricewaterhouseCoopers.

**Response to Request 20:**

>   Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 21:**

All documents relating to KPMG's review or oversight of the Audit Committee
Investigation including, but not limited to, any notes, communications and worksheets.

**Response to Request 21:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 22:**

All internal communications with KPMG concerning the Debtors or professional services provided by KPMG to the Debtors.

**Response to Request 22:**

Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements.  KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 23:**

All communications between KPMG and the SEC, the United States Attorneys' Office, the Department of Justice and/or any federal or state government regulatory agency.

**Response to Request 23:**

   Each of KPMG's General Objections is incorporated herein by this reference.

KPMG will not produce documents responsive to this Request because it is an improper attempt

to evade the restrictions imposed by regulatory agencies on the discovery of confidential

regulatory investigative information and/or seeks documents that are otherwise protected from

disclosure, including but not limited to secrecy regarding grand jury proceedings.

**Request 24:**

   All communications between KPMG and the Debtors' credit providers
concerning the Debtors.

**Response to Request 24:**

   Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 25:**

All communications between KPMG and accounting and auditing technical authorities concerning the Debtors, including, but not limited to, the FASB, the SEC, the Public Company Accounting Oversight Board ("PCAOB"), government regulatory bodies, and/or the American Institute of Certified Public Accountants ("AICPA").

**Response to Request 25:**

Each of KPMG's General Objections is incorporated herein by this reference.

KPMG will not produce documents responsive to this Request because it is an improper attempt

to evade the restrictions imposed by regulatory agencies on the discovery of confidential

regulatory investigative information and/or seeks documents that are otherwise protected from

disclosure.

**Request 26:**

All documents relating to the determination that KPMG was independent from the Debtors as an auditor, as required by the rules of the SEC.

**Response to Request 26:**

Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 27:**

        All documents relating to KPMG's resignation as independent accountant for the Debtors.

**Response to Request 27:**

        Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 28:**

All KPMG audit manuals, internal and external guidance, industry guides and/or
checklists, for the period of January 1, 2004 through the present, relevant or relating to the
accounting and auditing issues reviewed by KPMG as part of its 2004, 2005, 2006 audit
opinions and internal controls certifications relating to the Debtors.

**Response to Request 28:**

Each of KPMG's General Objections is incorporated herein by this reference.

KPMG further objects to this Request on the ground that it seeks KPMG's confidential, trade

secret, and/or proprietary documents and information.  KPMG also objects to this Request on the

ground that KPMG's internal guidance is irrelevant.  Accountants are <u>not</u> held to a standard

different than that generally recognized in their profession.  <u>Hochfelder</u>, 503 F.2d at 1108 (7th

Cir. 1974), rev'd on other grounds, 425 U.S. 185 (1976); <u>Garsite Prods.</u>, No. 4293-1984, 1989

N.Y. Misc. Lexis 893 ("clearly, the standard, whatever it is, is not to be measured by defendant's

internal manuals").  Rather, an accountant's professional performance is measured against the

industry-wide norms set forth by GAAS and GAAP.  <u>See</u> <u>Hawaii Corp.</u>, 567 F. Supp. at 617;

<u>Arthur Young</u>, 590 F.2d at 788.  Courts routinely hold that the confidential internal procedures

created by auditing firms have nothing to do with either a firm's compliance with, or the correct

interpretation of, the standards of the profession, and thus are not discoverable.  <u>See, e.g.,</u> <u>Ain</u>

<u>Leasing Corp. v. Peat, Marwick, Mitchell & Co.</u>, 636 N.Y.S.2d 584 (1995) (noting that the "real

question revolves around the adequacy of the services which were actually provided….The

contents of defendant's manual does not provide the answer to that question"); <u>In re Worlds of</u>

<u>Wonder Secs. Lit.</u>, 147 F.R.D. 214 (N.D. Cal. 1992) (noting that "audit manuals do not show

how…the audit was conducted.  Only the work-papers do that"); <u>see also</u> <u>In re ContiCommodity</u>

<u>Services, Inc. Secs. Litig.</u>, MDL No 644, 1988 U.S. Dist. LEXIS 4812 (N.D. Ill. May 23, 1988);

<u>Tonnemacher v. Sasak</u>, 155 F.R.D. 193 (D. Ariz. 1994).

**Request 29:**

      All documents and communications relating to Debtors' public disclosures and/or filings with the SEC, including, but not limited to, annual reports and quarterly reports, and Forms 8-K.

**Response to Request 29:**

      Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers. KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements. KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006. KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 30:**

      All documents relating to any proposed or contemplated sale of the Debtors, including, but not limited to Project 2000.

**Response to Request 30:**

Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006 engagements to provide services to New Century beyond KPMG's audits and reviews of New Century's financial statements, and to meet and confer in good faith to discuss an appropriate scope of KPMG's production of documents related to these other engagements.  KPMG is further prepared to cooperate with the Examiner and to meet and confer to agree upon a narrowed list of individuals for whom KPMG will search for relevant documents, which list will be based on those individuals who provided services to New Century on the matters that relate to New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG also will meet and confer upon a set of appropriate search terms that relate to New Century's announced plans to restate its financial statements for 2005 and 2006 that can be applied to electronic data to identify relevant documents.

**Request 31:**

All documents relating to valuations of residuals by or on behalf of the Debtors including, but not limited to, Project Kettle Bell.

**Response to Request 31:**

Each of KPMG's General Objections is incorporated herein by this reference. Subject to KPMG's General Objections and the Court entering a protective order that preserves KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

**Request 32:**

   To the extent not previously called for by a previous request, all documents that
have been or will be produced by or on behalf of KPMG and any of its current or former
employees to the SEC, the United States Attorneys' Office or in response to any third party
subpoenas as part of any investigation or litigation relating to the Debtors' and any of their
agents, employees, subsidiaries and related companies.

**Response to Request 32:**

   Each of KPMG's General Objections is incorporated herein by this reference.

Subject to KPMG's General Objections and the Court entering a protective order that preserves

KPMG's jurisdictional and arbitration rights, and without waiving its objections, KPMG will

produce its 2005 audit and quarterly review workpapers and its 2006 quarterly review

workpapers.  KPMG agrees to provide the Examiner a list that identifies KPMG's 2005 and 2006

engagements to provide services to New Century beyond KPMG's audits and reviews of New

Century's financial statements, and to meet and confer in good faith to discuss an appropriate

scope of KPMG's production of documents related to these other engagements.  KPMG is

further prepared to cooperate with the Examiner and to meet and confer to agree upon a

narrowed list of individuals for whom KPMG will search for relevant documents, which list will

be based on those individuals who provided services to New Century on the matters that relate to

New Century's announced plans to restate its financial statements for 2005 and 2006.  KPMG

also will meet and confer upon a set of appropriate search terms that relate to New Century's

announced plans to restate its financial statements for 2005 and 2006 that can be applied to

electronic data to identify relevant documents.

Dated: August 3, 2007                    Respectfully submitted,

                                         CAMPBELL & LEVINE, LLC

                                         */s/ Mark T. Hurford*
                                         Mark T. Hurford (#3299)
                                         800 King Street, Suite 300
                                         Wilmington, DE 19801
                                         Telephone:  (302) 426-1900

                                         - and –

                                         Guy S. Neal
                                         Sidley Austin LLP
                                         1501 K Street, N.W.
                                         Washington, D.C. 20005
                                         Telephone: (202) 736-8041
                                         Facsimile:  (202) 736-8711

Michael C. Kelley
Jose F. Sanchez
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013-1010

Hille R. Sheppard
Jennifer Peltz
Sidley Austin LLP
One South Dearborn St.
Chicago, IL  60603

*Attorneys for Non-Party KPMG LLP*