IN THE UNITED STATES BANKRUPTCY
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : <br> NEW CENTURY HOLDINGS, INC, *et al.*, : <br> : <br> Debtors. : <br> : <br> : | Chapter 11 <br> Case No. 07- 10416 (KJC): <br> (Jointly Administered) <br> <br> Hearing Date: August 7, 2007 at 1:30 p.m. (ET) |

## STATEMENT OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM IN RESPONSE TO KPMG'S PROPOSED PROTECTIVE ORDER REGARDING THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest and the Lead Plaintiff[1] in a shareholder securities fraud class action currently entitled *In re New Century*, Case No. 07-cv-00931-DDP (JTLx) (the "Securities Litigation"), pending in the United States District Court for the Central District of California (the "District Court"), and filed on behalf of the putative class of investors who purchased securities of New Century Financial Corp. ("New Century"), one of the debtors herein (the "Debtors"), during the period from February 3, 2005 to March 2, 2007 (the "Class Period"), inclusive, hereby submits this statement (the "Statement") in response to KPMG's proposed Protective Order in connection with the production of documents pursuant to Fed. R. Bankr. P. 2004 and states the following:

### BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Prior thereto, approximately twenty (20) securities class action complaints were filed in the District Court,[2] each alleging violations by the Debtors and certain of their current

---
[1] NYSTRS was appointed Lead Plaintiff on June 26, 2007.
[2] The first such complaint, *Avi Gold v. Brad A. Morrice, et al.*, was filed on February 8, 2007.

20480/2
08/03/2007 2207234.02

and/or former officers and directors (collectively, the "Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and, in some instances, violations of Section 11 of the Securities Act of 1933 (collectively, the "Securities Laws"). The allegations arise from, *inter alia*, false and misleading statements concerning New Century's financial results and business made during the Class Period.

3.  New Century was named as a defendant in several of the class action complaints filed prior to the Petition Date; however, pursuant to the dictates of 11 U.S.C. §362(a), New Century will not be named as a defendant in the consolidated complaint to be filed by Lead Plaintiff, NYSTRS. The Securities Litigation is proceeding against the Non-Debtor Defendants.

4.  By Order dated June 1, 2007, upon the motion of the United States Trustee and with the consent of the Debtors and the Official Committee of Unsecured Creditors, the Court authorized the appointment of an examiner (the "Examiner") in these cases to investigate certain accounting and financial statement irregularities, errors or misstatements (as more particularly described in the June 1, 2007 Order).[3] On June 7, 2007, the Court approved the appointment of Michael J. Missal, Esq., as the Examiner.

5.  On July 11, 2007, the Examiner filed a Motion for an Order Authorizing the Examination of KPMG LLP (the "Examiner's 2004 Motion," Docket No. 1888).

6.  On July 16, 2007, the Official Committee of Unsecured Creditors (the "Committee") filed a Motion for an Order Authorizing the Production of Documents [by KPMG] Pursuant to Bankruptcy Rules 2004 and 9016 (the "Committee's 2004 Motion," Docket No. 1946).[4]

7.  On July 30, 2007, KPMG filed its Opposition to the Examiner's Motion ("KPMG's Opposition," Docket No. 2074).[5]

---

[3]  The United States Trustee moved for the appointment of a Chapter 11 Trustee and in the alternative for an Examiner. The Court denied the motion for the appointment of the Chapter 11 Trustee, but granted the motion to appoint an examiner with extended powers.

[4]  The Hearing on the Committee's 2004 Motion is scheduled for August 7, 2007 at 1:30 p.m. (ET).

[5]  KPMG filed an objection to the Committee's 2004 Motion (Docket No. 2121) on August 1, 2007.

8. Attached to KPMG's Opposition was a proposed Stipulation and Agreement which provided that "[u]pon completion of the Examiner's report, the Examiner shall destroy all copies of KPMG's Confidential Information or assemble and return KPMG's Confidential Information to KPMG." *See* Stipulation and Agreement, ¶ 5, annexed to KPMG's Opposition as Appendix B. During the July 31, 2007 hearing on the Examiner's 2004 Motion (the "Hearing"), KPMG referred to a proposed Protective Order (the "Protective Order") apparently substantially similar to the Stipulation and Agreement with respect to the above provision for the destruction of documents.

9. At the Hearing, KPMG agreed to entry of an order authorizing the Examiner to serve the 2004 Subpoena by the Examiner and reserved its rights to object to the scope of the specific discovery requested. It appeared that KPMG withdrew its jurisdictional argument regarding arbitration as it pertained to the Examiner.

10. Also at the Hearing, the Committee, the United States Trustee and NYSTRS raised concerns about, *inter alia*, the provision in the Stipulation and Agreement and the proposed Protective Order directing the Examiner to destroy certain documents provided by KPMG upon completion of the Examiner's Report.

11. At the conclusion of the Hearing, the Court advised that it would enter the Order authorizing the Examiner to issue a Rule 2004 Subpoena (Docket No. 2107) and directed the Examiner and KPMG to attempt to resolve any objections to the scope of discovery requested in the Subpoena and any objections raised by the Committee, the United States Trustee and other parties to the Protective Order.

## STATEMENT

12.     To the extent any proposed Protective Order submitted for consideration by the Court includes a provision for the destruction or return of documents produced by KPMG, NYSTRS objects to same. The proposed Protective Order as suggested by KPMG is prejudicial and unfair as it requires the destruction of documents that may be discoverable by third parties such as NYSTRS to prosecute viable causes of actions and claims against the Debtors and non-debtor parties. It also may be important to know what documents KPMG provided to the Examiner, and destroying said documents may render that difficult.

13.     It is clear that based upon the Examiner's 2004 Motion, KPMG has information concerning the Debtors' financial restatements that is relevant to the prosecution of the claims in the Securities Litigation. NYSTRS is a creditor and party in interest and, as such, is entitled to access to the Examiner's Final Report. Once an examiner's report is filed, as required by 11 U.S.C. § 1106, it is presumed to be a public document under 11 U.S.C. § 107(a). *Gitto v. Worcester Telegram & Gazette (In re Gitto Global; Corp.)*, Nos. Civ. A. 05-10334-DPW, Civ. A. 05-10532-DPW, 2005 WL 1027348, *4, *6 (D. Mass. May 2, 2005). Section 107(a) of the Bankruptcy Code codifies the "policy of open inspection [and] evidences Congress' strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *In re Fibermark, Inc.*, 330 B.R,. 480, 505 (Bankr. D. Vt. 2005); *see also In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

14.     Indeed, there is a strong presumption in favor of public access to judicial records. *Nixon v. Warner Communications, Inc.*, 485 U.S. 589, 597 (1978); *Video Software Dealers Ass'n v. Orion Pictures Corp (Orion Pictures Corp.)*, 21 F. 3d 24, 26 (2d Cir. 1994). Although public access under 11 U.S.C. § 107(a) is distinct from considerations of confidentiality and privilege, *see Fibermark*, 330 B.R, at 494, 506 (an examiner's conclusions contained in a report do not constitute a third party's confidential or privileged information to be protected from disclosure), *destruction* of the documents is not appropriate.

15. Destruction of relevant documents and other discovery, especially those documents that have already been gathered and culled, is extremely prejudicial and not economical or efficient as they may need to be collected and produced again to other parties in interest. Indeed, KPMG has already raised the cost of production to the Examiner as a defense to the Committee's 2004 Motion. *See* Declaration of Kenneth C. Koch, filed with KPMG's opposition to the Committee's 2004 Motion.

16. The Examiner should not be compelled to destroy or otherwise abandon any documents, whether obtained from KPMG or other sources, used in the preparation of his report. Indeed, before any such action is taken by the Examiner with respect to documents produced to him for purposes of preparing his report, the Examiner should be required to seek relief from this Court after his report is filed and made available, on notice to all parties in interest, with an opportunity to be heard.

17. To the extent the Court grants the Committee's 2004 Motion and KPMG likewise seeks to compel the Committee to destroy or return any documents produced thereby, NYSTRS incorporates the foregoing argument.

18. NYSTRS reserves its rights to object to the proposed Protective Order in all other respects to the extent it may impact or impinge upon the rights of NYSTRS and the Class it represents.

## CONCLUSION

19. Based upon the foregoing, NYSTRS respectfully requests that any Order entered in connection with either the Examiner's 2004 Motion and/or the Committee's 2004 Motion, provide some procedure to safeguard and preserve any and all documents produced to either or both of them and prohibit their destruction in the absence of further Order of this Court

Dated: August 3, 2007                    **CROSS & SIMON LLC**

By: /s/ Christopher P. Simon
Christopher P. Simon (Bar No. 3967)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiff*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald, Esq.
Noam Mandel, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

Blair A. Nicholas, Esq.
Matthew Siben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)
*Lead Counsel to Lead Plaintiff*