## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | |
| | : | |
| **In re:** | : | |
| | : | |
| **NEW CENTURY WAREHOUSE** | : | **Chapter 11** |
| **CORPORATION,** | : | |
| **a California corporation,** | : | |
| | : | |
| Debtor. | : | |
| | : | **Case No. 07-11043** |
| | : | |
| **Employer Tax I.D. No.** | : | |
| **13-4268706** | : | |

### MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN AMENDED ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

New Century Financial Corporation ("NCF"), a Maryland corporation, New

Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and

indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "April

Debtors") and New Century Warehouse Corporation ("New Century Warehouse", together with

the April Debtors, the "Debtors"), by and through their undersigned counsel, hereby submit this

---

[1]    The April Debtors (as defined herein) are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

motion (the "Motion") for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules") and Rule 1015-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (as amended from time to time, the "Local Rules"), amending the

Revised Order Directing the Joint Administration of Related Chapter 11 Cases (the "Order") to

include the chapter 11 case of New Century Warehouse.  In support of this Motion, the Debtors

respectfully represent as follows:

## BACKGROUND[2]

1.     NCF, a publicly owned real estate investment trust, was one of the largest

specialty mortgage finance businesses in the United States.  Through its subsidiaries and its

primary holding company subsidiary, New Century TRS, NCF originated, purchased, sold, and

serviced mortgage loans nationwide.  NCF historically focused on "subprime" lending, or

lending to individuals whose borrowing needs were generally not fulfilled by traditional financial

institutions because they did not satisfy the credit, documentation or other underwriting

standards prescribed by conventional mortgage lenders and loan buyers.  In September 2005,

NCF through some of its subsidiaries also began offering conventional mortgage loans,

including:  "Alt-A" mortgage loans, loans insured by the Federal Housing Administration

("FHA"), and loans guaranteed by the Veterans Administration ("VA").  During the fiscal year

ending December 31, 2006, the Debtors originated or purchased approximately $60 billion of

mortgage loans, most of which were sold in the secondary market.  Since their inception, the

Debtors have issued or enabled over $220 billion in loans.  These loans have helped millions of

homebuyers and homeowners across the nation access credit and realize the benefits of home

---

[2] The facts and circumstances supporting this Motion are set forth in the Declaration Holly F. Etlin in
Support of Chapter 11 Petition and Request for First Day Relief.

ownership, including many who might not otherwise have been able to do so.

2.     On April 2, 2007 (the "Petition Date"), the April Debtors filed petitions for relief and their bankruptcy cases are being jointly administered under case number 07-10416 pursuant to an order of the Court. The April Debtors are operating their business and managing their affairs as debtors and debtors in possession.

3.     The chapter 11 cases filed on April 2nd did not include New Century Warehouse, a company wholly owned by New Century TRS. In December 2005, New Century Warehouse entered into an agreement to acquire substantially all of the assets of Access Lending Corporation, a Texas corporation ("Access Lending"). Access Lending was in the business of financing residential mortgage loans originated by a network of mortgage originators and other smaller financial institutions. Access Lending provided financing to these loan originators that was, in turn, used to fund the loans provided to individual borrowers who were customers of the loan originators. Access Lending, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities"). New Century Warehouse completed the acquisition of the assets of Access Lending in February 2006.

4.     After the acquisition, New Century Warehouse operated the business conducted previously by Access Lending. For example, New Century Warehouse acquired the Access Lending trade name and generally did business as "Access Lending" and either entered into new Warehouse Loan Facilities with its warehouse lenders or assumed Access Lending's obligations under an existing Warehouse Loan Facility. NCF guaranteed Access Lending's obligations under these Warehouse Loan Facilities.

5.     New Century Warehouse operated largely independently of the other

3

Debtors. However, the April Debtors' financial difficulties triggered cross-defaults under New

Century Warehouse's Warehouse Loan Agreements. One of these Warehouse Lenders,

Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a Master

Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access

Lending Warehouse Loan Agreement"). On March 12, 2007, Goldman purported to credit the

market value of the mortgage loans that were subject to the Goldman-Access Lending

Warehouse Loan Agreement.

      6.     New Century Warehouse's other Warehouse Lenders were willing to work

with it prior to and after the April 2nd Petition Date. New Century Warehouse entered into

forbearance agreements[3] with Galleon Capital, LLC, State Street Global Markets, LLC and State

Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These

forbearance agreements allowed New Century Warehouse to continue to operate while New

Century Warehouse pursued a going concern sale of its assets.

      7.     Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy

Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related

Relief, New Century Warehouse sold substantially all of its assets as a going concern (the

"Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and

Restated Asset Purchase Agreement by and between Access Holdings Corporation and New

Century Warehouse Corporation dated as of April 26, 2007 (the "APA"). The Buyer acquired

substantially all of the assets of New Century Warehouse, made employment offers to the

employees of the New Century Warehouse, and assumed the warehouse loan financing

---

[3] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

arrangements with State Street and Guaranty Bank.  The transaction maintained the business as a

going concern and allowed for a process to maximize recoveries on the loans that are subject to

the State Street and Guaranty Bank Warehouse Loan Facilities.  The financing provided by these

Warehouse Lenders covered approximately 96% of the amount paid by New Century

Warehouse, while the balance (commonly referred to in the industry as the "haircut") was

financed from New Century Warehouse's working capital.  Pursuant to the APA, the Buyer is

liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net

Proceeds4 realized on the Loans.   The Sale closed on April 27, 2007 and the Buyer has been

making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

8.      On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse

filed a petition for chapter 11 relief.  New Century Warehouse is operating its business and

managing its affairs as a debtor and debtor in possession.

### RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of a order amending the Revised

Order Directing the Joint Administration of Related Chapter 11 Cases (the "Order") to direct

joint administration of the New Century Warehouse chapter 11 case with the April Debtors'

chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local

Rule 1015-1.  On April 4, 2007, this court entered an order authorizing the joint administration

of the cases of the April Debtors.  The Debtors hereby ask the Court to amend the Order to

include New Century Warehouse.

10.      Bankruptcy Rule 1015(b) provides that, if two or more petitions are

pending in the same court by or against a debtor and an affiliate, "the court may order a joint

---

[4] Net of (i) amounts owed to State Street and Guaranty Bank under their Warehouse Loan Facilities and (ii) amounts owed to the loan originators.

administration of the estates." All of the Debtors, including New Century Warehouse, are

"affiliates," as that term is defined in section 101(2) of Title 11 of the United States Code (as

amended from time to time, the "Bankruptcy Code"). Accordingly, this Court is authorized to

grant the relief requested.

11.     In addition, Local Rule 1015-1 provides in relevant part:

> If two (2) or more petitions are pending in the same Court by or
> against . . . a debtor and an affiliate, the Court may order a joint
> administration of the estates, without notice or hearing. An order
> of joint administration may be entered upon the filing of a motion
> for joint administration, together with an affidavit or verification,
> which establishes that the joint administration of the respective
> debtors' estates is warranted, will ease the administrative burden
> for the Court and the parties.

12.     On the NCW Petition Date, pursuant to Local Rule 1015-1, New Century

Warehouse filed the Declaration of Holly F. Etlin in Support of Chapter 11 Petition and Request

for First Day Relief (the "Declaration"). The Declaration establishes that the joint administration

of the Debtors' respective estates is warranted and will ease the administrative burden for the

Court and the parties.

13.     The joint administration of the New Century Warehouse chapter 11 case

with the April Debtors' cases will permit the Clerk of the Court to utilize a single general docket

for these cases and combine notices to creditors of the respective estates and other parties in

interest. Indeed, the numerous notices, applications, motions, other pleadings and orders in

these cases affect all of the Debtors, including New Century Warehouse. Joint administration

will permit counsel for all parties in interest to include the New Century Warehouse case with

the other cases in a single caption on the numerous documents filed and served in these cases.

Joint administration of the New Century Warehouse chapter 11 case with the other chapter 11

cases will enable the parties in interest in each of the above-captioned chapter 11 cases to be

6

apprised of the various matters before the Court in all of these cases.

14.     In addition, the Debtors request that they and the parties in interest be excused from including New Century Warehouse's name, state of incorporation or organization, tax identification number and case number in the captions of pleadings filed in this case. The Debtors submit that including New Century Warehouse's state of incorporation or organization and tax identification number would be unnecessarily cumbersome and confusing to parties in interest. Instead, the Debtors respectfully request that they and other parties in interest be permitted and directed to use the consolidated caption previously approved for the April Debtors for the New Century Warehouse chapter 11 case indicating that the pleading relates to the jointly administered bankruptcy cases of "New Century TRS Holdings, Inc., a Delaware corporation, et al."[5]

15.     The entry of an order of joint administration will (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by amending the Order to direct the joint administration of New Century Warehouse's chapter 11 case with the other Debtors' chapter 11 cases. Therefore, joint administration of these chapter 11 cases is in the best interest of the New Century Warehouse, its estates, its creditors and other parties in interest.

16.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. See Del. Bankr.

---

[5] A proposed consolidated caption for all notices, applications, motions and other pleadings is attached hereto as Exhibit A and incorporated herein by reference.

L.R. 1015-1. Moreover, the ex parte entry of joint administration orders in multiple related cases such as these is common and generally noncontroversial in this District and elsewhere.[6]

17.    For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an amended order providing for the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors also seek the Court's direction that a notation be entered on the docket of New Century Warehouse's case to reflect the joint administration of the cases in substantially the following form:

> "An amended order has been entered in this case directing the joint administration of the chapter 11 cases of New Century TRS Holdings, Inc., a Delaware corporation, et al. The docket in Case No. 07-10416 (KJC) should be consulted for all matters affecting this case."

## NOTICE

18.    No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) the Examiner appointed in the April Debtors' cases; (3) counsel to the Official Committee of Unsecured Creditors appointed in the April Debtors' cases; and (4) the unsecured creditors for New Century Warehouse as identified in New Century Warehouse's chapter 11 petition. As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

---

[6] See, e.g., In re USG Corp., No. 01-2094 (RJN) (D. Del. June 25, 2001) (Farnan, J.) (order directing joint administration of Chapter 11 cases); In re Pillowtex, Inc., No. 00-4211 (SLR) (D. Del. Nov. 14, 2000) (same); In re Purina Mills, Inc., No. 99-3938 (SLR) (D. Del. Oct. 29, 1999) (same); In re Loewen Group Int'l, Inc., No. 99-1244 (PJW) (D. Del. June 1, 1999) (Farnan, J.) (same); In re HQ Global Holdings, Inc., No. 02-10760 (MFW) (Bankr. D. Del. Mar. 14, 2002) (same); In re Globalstar Capital Corp., No. 02-10499 (KG) (Bankr. D. Del. Feb. 21, 2002) (Walsh, J.); In re Kaiser Aluminum Corp., No. 02-10429 (PJW) (Bankr. D. Del. Feb. 13, 2002) (Katz, J.) (same); In re NationsRent, Inc., No. 01-11628 (PJW) (Bankr. D. Del. Dec. 18, 2001) (same); In re Burlington Indus., Inc., No. 01-11282 (PJW) (Bankr. D. Del. Nov. 15, 2001) (same); In re Borden Chems. & Plastics Operating Ltd. P'ship, No. 01-1268 (RRM) (Bankr. D. Del. Apr. 5, 2001) (Newsome, J.) (same); In re The Imperial Home Decor Group, Inc., No. 00-19 (MFW) (Bankr D. Del. Jan. 5, 2000) (same). Because of the voluminous nature of these unreported orders, they are not attached to this Motion.

19.    The Debtors submit that this Motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

## **NO PRIOR REQUEST**

20.    No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request entry of an order, substantially in the form

attached hereto as Exhibit B, granting the relief requested herein and such other further relief the

Court deems just and proper.

Dated:  August 3, 2007                      Respectfully submitted,
        Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

LA3:1135336.4

RLF1-3185999-1

10