# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | |

## MOTION OF DEBTOR NEW CENTURY WAREHOUSE CORPORATION FOR AN ORDER AUTHORIZING THE MAINTENANCE OF NEW CENTURY WAREHOUSE CORPORATION'S EXISTING BANK ACCOUNT

New Century Warehouse Corporation, a California corporation, as a debtor and debtor-in-possession ("New Century Warehouse" or the "Debtor"), hereby submits this motion (the "Motion") for entry of an order authorizing maintenance of its existing bank account. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 157 and 1134. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 345, 363, 364(a), and 364(b) of the Bankruptcy Code.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## BACKGROUND[2]

3.  New Century Warehouse Corporation ("New Century Warehouse"), a company wholly owned by New Century TRS Holdings, Inc. ("New Century TRS"), financed residential mortgage loans originated by a network of mortgage originators and other smaller financial institutions. New Century Warehouse, doing business as "Access Lending", provided financing to these loan originators that was, in turn, used to fund the loans provided to individual borrowers who were customers of the loan originators. New Century Warehouse, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities").

4.  New Century Warehouse operated largely independently of its parent, New Century TRS and its other affiliates, which filed chapter 11 petitions on April 2, 2007 (the "April Debtors"). However, the April Debtors' financial difficulties triggered cross-defaults under New Century Warehouse's Warehouse Loan Agreements. One of these Warehouse Lenders, Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access Lending Warehouse Loan Agreement"). On March 12, 2007, Goldman purported to credit the market value of the mortgage loans that were subject to the Goldman-Access Lending Warehouse Loan Agreement.

5.  New Century Warehouse's other Warehouse Lenders were willing to work with it prior to and after the April 2nd petition date. New Century Warehouse entered into

---

[2] The facts and circumstances supporting this Motion are set forth in the Declaration of Holly F. Etlin in Support of Chapter 11 Petition and Request for First Day Relief.

forbearance agreements[3] with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These forbearance agreements allowed New Century Warehouse to continue to operate while it liquidated substantially all of its assets.

6. Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related Relief, New Century Warehouse sold substantially all of its assets as a going concern (the "Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and Restated Asset Purchase Agreement by and between Access Holdings Corporation and New Century Warehouse Corporation dated as of April 26, 2007 (the "APA"). The Buyer acquired substantially all of the assets of New Century Warehouse, made employment offers to the employees of the New Century Warehouse, and assumed the warehouse loan financing arrangements with State Street and Guaranty Bank. The transaction maintained the business as a going concern and allowed for a process to maximize recoveries on the loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities. The financing provided by these Warehouse Lenders covered approximately 96% of the amount paid by New Century Warehouse, while the balance (commonly referred to in the industry as the "haircut") was financed from New Century Warehouse's working capital. Pursuant to the APA, the Buyer is liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net Proceeds[4] realized on the Loans. The Sale closed on April 27, 2007 and the Buyer has been

---

[3] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

[4] Net of (i) amounts owed to State Street and Guaranty Bank under their Warehouse Loan Facilities and

making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

7. On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse filed the instant petition for chapter 11 relief. New Century Warehouse is operating its business and managing its affairs as a debtor and debtor in possession.

### RELIEF REQUESTED

8. By this Motion, the Debtor seeks, inter alia, entry of an order pursuant to section 105(a), 345(b), 363, 364(a), and 364(b) of the Bankruptcy Code and substantially in the form attached hereto as Exhibit A waiving the guidelines (the "U.S. Trustee Guidelines") established by the United States Trustee for the District of Delaware (the "U.S. Trustee") to the extent necessary to allow New Century Warehouse to continue using its prepetition bank account. The Debtor seeks this authorization to insure its orderly entry into bankruptcy and to help efficiently administer its business, including the collection of the Net Proceeds realized on the sale of the Loans pursuant to the APA and to avoid the disruptions and distractions that would inevitably divert the Debtor's attention from urgent matters during the initial stages of its bankruptcy case.

### BASES FOR RELIEF REQUESTED

**A.    Maintenance of the Debtor's Existing Bank Account is in the Best Interests of Its Estate**

9. One provision of the U.S. Trustee Guidelines requires a chapter 11 debtor in possession to open new bank accounts and close all existing accounts. The U.S. Trustee Guidelines also require that new bank accounts be opened in certain financial institutions designated as authorized depositories by the U.S. Trustee.

---

(ii) amounts owed to the loan originators.

10. The Debtor maintains an operating bank account, account number 7930002377, in the ordinary course of business (the "Bank Account") with Union Bank of California ("Union Bank"). Establishing a new account in its place would substantially disrupt and delay the Debtor's receipt of the Net Proceeds paid to New Century Warehouse under the Loans. The Debtor submits that this is not practicable and could both severely harm its ability to collect outstanding funds that would serve to benefit the Debtor and its estate. The Debtor seeks a waiver of the U.S. Trustee's requirement that New Century Warehouse close the Bank Account and open new postpetition bank accounts at depositories authorized by the U.S. Trustee.

11. The Debtor seeks a waiver of the requirement that new bank accounts be opened to replace the Debtor's existing Bank Account because the requirement would unnecessarily burden the estate without providing any significant benefit to the Debtor, the estate, its creditors or parties in interest. It is critical to the preservation of the value of its assets that the Debtor continue to utilize its existing Bank Account without disruption. The Debtor believes that it is imperative that be permitted to continue using the existing Bank Account to avoid any unnecessary disruption, to ensure that all Net Amounts on the Loans due to New Century Warehouse pursuant to the APA are collected, and to efficiently administer its bankruptcy case.

12. In other cases of this size, this Court has waived the strict enforcement of bank account closing requirements and replaced them with alternative procedures that provide the same protection. See, e.g., In re ResMae Mortgage Corp., No. 07-10177 (Bankr. D. Del. February 13, 2007); In re Exide Technologies, et al., No. 02-11125 (Bankr. D. Del. April 17, 2002); In re W.R. Grace & Co., et al., No. 01-01139 (Bankr. D. Del. April 2, 2001); In re Fruehauf Trailer Corp., No. 96-01563 (Bankr. D. Del. Oct. 8, 1996); In re Seven-Up/RC Bottling

Co. of Southern California, No. 96-00738, slip op. (Bankr. D. Del. May 13, 1996); In re Morrison Knudsen Corp., No. 96-01006 (Bankr. D. Del. June 25, 1996); In re Simmons Upholstered Furniture, Inc., No. 94-00635 (Bankr. D. Del. June 28, 1994); In Re Abrasive Indus., Inc., No. 94-00135 (Bankr. D. Del Feb. 22, 1994); In re Trans World Airlines, Inc., et al., No. 92-00115 (Bankr. D. Del. Jan. 31, 1992).

**B. Payment of Outstanding Routine Prepetition Expenses Relating to the Operation of the Debtor's Bank Account is in the Best Interest of the Debtor's Estate**

13. In the ordinary course of the operation and maintenance of its Bank Account, New Century Warehouse incurs routine bank charges and fees relating to the administration of the Bank Account. The Debtor seeks authority to pay any such customary prepetition banking fees owed to their bank. The bank undoubtedly will assert offset and/or recoupment claims to cover any such fees, so the Debtor's ability to access funds in its accounts depends on reaching an appropriate means of paying these fees. The Debtor also seeks authority to pay any customary postpetition banking fees in the ordinary course as administrative expenses and that no liens granted to any creditors take priority over these fees.

### NOTICE

14. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) the Examiner appointed in the April Debtors' cases; (3) counsel to the Official Committee of Unsecured Creditors appointed in the April Debtors' cases; and (4) the unsecured creditors for New Century Warehouse as identified in New Century Warehouse's chapter 11 petition. As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served as required by Local Rule 9013-1(m). In light of the nature of the relief

requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other further relief the Court deems just and proper.

Dated: August 3, 2007
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR NEW CENTURY
WAREHOUSE CORPORATION

7