# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

### ORDER GRANTING MOTION OF THE DEBTOR AND DEBTOR IN POSSESSION AUTHORIZING MAINTENANCE OF THE DEBTOR'S EXISTING BANK ACCOUNT

This matter coming before the Court on the Motion of the Debtor and Debtor in Possession for an Order Authorizing Maintenance of Debtor's Existing Bank Account and (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been sufficient under the circumstances and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having considered the Declaration of Holly F. Etlin in Support of Chapter 11 Petition and First-Day Relief; and the Court having determined that the legal and factual

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

bases set forth in the Motion establish just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. New Century Warehouse is authorized, but not directed, to: (i) designate, maintain, and continue to use its existing Bank Account in the name and with the account number existing immediately prior to the commencement of the New Century Warehouse's chapter 11 case; provided, however, that New Century Warehouse may close the Bank Account and open new debtor-in-possession accounts as may be necessary, in the business judgment of New Century Warehouse, to facilitate the administration of its chapter 11 case; (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers and other debits; and (iii) treat their prepetition bank accounts for all purposes as debtor-in-possession accounts.

3. The Bank with which New Century Warehouse maintained the Bank Account as of the commencement of these chapter 11 cases is authorized and directed to continue to maintain, service and administer such Bank Account as accounts of New Century Warehouse as debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, and other instructions and drafts drawn or directed on such Bank Account after the Petition Date by the holders, makers or other parties entitled to issue instructions with respect thereto or thereof, as the case may be; provided, however, that any check, advice or other notification that New Century Warehouse advises the Bank to have been drawn or issued by New Century Warehouse before the Petition Date may be

honored by any bank only if specifically authorized by order of this Court.

4. New Century Warehouse may, without further order of this Court, implement changes to its Bank Account in the ordinary course of business, including without limitation, the opining and closing of the Bank Account with notice to the United States Trustee, the Bank and counsel to any committee appointed in this case.

5. The Bank is authorized, without further Order of this Court, to continue to deduct from the account of the Debtor, the Bank's customary fees and expenses associated with the nature of deposit, cash management and custodial services rendered to the Debtor. The Debtor is further authorized to pay any customary prepetition banking fees owed to the Bank. Any such customary postpetition banking and fees will have administrative priority.

6. No later than the close of business on the 3rd business day following entry of this Order, the Debtor shall make reasonable efforts to provide to the Bank a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order and shall have no liability for a prepetition check or other item drawn on any account that is the subject of this Order.

7. The Debtor may continue to fund its business and operation, through the Bank Account.

8. Nothing contained herein shall prevent the Debtor from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate with notice to the United States Trustee and to any official committee appointed in

LA3:1135394.5

3

RLF1-3186001-1

this case; provided, however, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein.

9. Subject to section 553 of the Bankruptcy Code, the Bank at which the Bank Account is maintained is prohibited from offsetting, affecting or otherwise impeding any funds of the Debtor deposited in the Bank Account on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of the Court; provided, however, that the Bank that is subject to this order shall not be deemed to have waived any such rights of set off and the Debtor shall not have waived any defenses to any such asserted rights of set off, so that all such rights are reserved. To the extent such right of set off existed on the Petition Date and at such later date as is appropriate such right is lost or diminished because of a lack of the Debtor's funds against which to set off, such banks shall be granted, as adequate protection therefore, an administrative expense allowed under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

10. The Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

11. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under section 365 of the Bankruptcy Code or otherwise.

12. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE