**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## MOTION OF NEW CENTURY WAREHOUSE CORPORATION
## FOR AN ORDER GRANTING EXTENSION
## OF TIME TO FILE SCHEDULES AND STATEMENTS

New Century Warehouse Corporation, a California corporation, as a debtor and

debtor-in-possession ("New Century Warehouse" or the "Debtor"), by and through its

undersigned proposed counsel, hereby submits this motion (the "Motion"), pursuant to

Rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the

"Bankruptcy Rules") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (as amended from time to

time, the "Local Rules"), for entry of an order extending the time within which the Debtor must

file its Schedules and Statements (as defined below). In support of the Motion, the Debtor

respectfully represents as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and

1134.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined

in 28 U.S.C. § 157(b)(2).

2.      The bases for the relief requested herein are sections 105(a), 1107(a) and

1108 of Title 11 of the United States Code and Bankruptcy Rule 1007.

## BACKGROUND

3.      New Century Warehouse Corporation ("New Century Warehouse"), a

company wholly owned by New Century TRS Holdings, Inc. ("New Century TRS"), financed

residential mortgage loans originated by a network of mortgage originators and other smaller

financial institutions.  New Century Warehouse, doing business as "Access Lending", provided

financing to these loan originators that was, in turn, used to fund the loans provided to individual

borrowers who were customers of the loan originators.  New Century Warehouse, in turn,

obtained its financing from three warehouse lenders who entered into various receivables

purchase agreements, credit agreements and repurchase agreements (collectively, the

"Warehouse Loan Facilities").

4.      New Century Warehouse operated largely independently of its parent,

New Century TRS and its other affiliates, which filed chapter 11 petitions on April 2, 2007 (the

"April Debtors").  However, the April Debtors' financial difficulties triggered cross-defaults

under New Century Warehouse's Warehouse Loan Agreements.  One of these Warehouse

Lenders, Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a

Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-

Access Lending Warehouse Loan Agreement").  On March 12, 2007, Goldman purported to

credit the market value of the mortgage loans that were subject to the Goldman-Access Lending Warehouse Loan Agreement.

5.    New Century Warehouse's other Warehouse Lenders were willing to work with it prior to and after the April 2nd petition date.  New Century Warehouse entered into forbearance agreements[2] with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank.  These forbearance agreements allowed New Century Warehouse to continue to operate while it liquidated substantially all of its assets.

6.    Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related Relief, New Century Warehouse sold substantially all of its assets as a going concern (the "Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and Restated Asset Purchase Agreement by and between Access Holdings Corporation and New Century Warehouse Corporation dated as of April 26, 2007 (the "APA").  The Buyer acquired substantially all of the assets of New Century Warehouse, made employment offers to the employees of the New Century Warehouse, and assumed the warehouse loan financing arrangements with State Street and Guaranty Bank.  The transaction maintained the business as a going concern and allowed for a process to maximize recoveries on the loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities.  The financing provided by these Warehouse Lenders covered approximately 96% of the amount paid by New Century Warehouse, while the balance (commonly referred to in the industry as the "haircut") was

---

[2] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

financed from New Century Warehouse's working capital.  Pursuant to the APA, the Buyer is

liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net

Proceeds[3] realized on the Loans.   The Sale closed on April 27, 2007 and the Buyer has been

making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

7.    On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse

filed the instant petition for chapter 11 relief.  New Century Warehouse is operating its business

and managing its affairs as a debtor and debtor in possession.

## REQUEST FOR RELIEF

8.    Pursuant to Bankruptcy Rules 1007(b) and (c), a chapter 11 debtor must

file with its voluntary petition, or within 15 days thereafter if the petition is accompanied by a

Creditor List, schedules of assets and liabilities, a schedule of current income and expenditures, a

schedule of executory contracts and unexpired leases and a statement of financial affairs

(collectively, the "Schedules and Statements").

9.    Although the Debtor is working as quickly as possible to prepare the

Schedules and Statements, the Debtor has no current employees to assist with the process as a

result of the Sale.  The Debtor must rely on the cooperation of former employees and those

currently employed by the April Debtors to complete the Schedules and Statements.  The APA

requires former employees currently employed by the Buyer to assist in providing information or

the data relating to the Debtor's assets and liabilities.  While former employees are cooperating

with the Debtor's requests, these employees are occupied with the operation of the Access

Lending business and have limited time to assist the Debtor.   In addition, the limited number of

employees remaining in the accounting department of the April Debtors who are available to

---

[3] Net of (i) amounts owed to State Street and Guaranty Bank under their Warehouse Loan Facilities and (ii) amounts owed to the loan originators.

assist the Debtor in its preparation of the Schedules and Statements have been occupied with the April Debtors' cases, including the preparation monthly operating reports and the extensive review by the examiner.

10.    While New Century Warehouse has a small number of creditors, given the recent Sale and the limited number of current and former employees to assist with this process, New Century Warehouse has been unable to compile all of the information required to complete the Schedules and Statements prior to the NCW Petition Date.  Nevertheless, recognizing the importance of the Schedules and Statements in these chapter 11 cases, the Debtor intends to complete the Schedules and Statements as quickly as possible under the circumstances.

11.    Accordingly, the Debtor respectfully requests that the Court extend by an additional 30 days, for a total of 45 days, until September 17, 2007, the date by which the Schedules and Statements must be filed, pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1(b).  Bankruptcy Rule 1007(c) authorizes the Court to grant an extension of the date by which the Schedules and Statements must be filed "on motion for cause shown."  See also Del. Bankr. L.R. 1007-1(b) (allowing extensions "for cause").  In view of the circumstances surrounding this case, there is more than ample "cause" for granting the requested extension.

12.    Courts routinely have granted similar relief in other cases in this District and elsewhere.[4]  Accordingly, the Debtor's request for a 30 day extension of time to file the Schedules and Statements is appropriate and warranted under the circumstances.

---

[4]  See, e.g., In re Pillowtex, Inc., No. 00-4211 (SLR) (D. Del. Nov. 14, 2000) (order granting minimum 30-day extension of time for filing schedules and statements with provision under which debtors and the United States trustee ultimately agreed to an additional 56-day extension); In re Loewen Group Int'l, Inc., No. 99-1244 (PJW) (D. Del. June 1, 1999) (Farnan, J.) (order granting 165-day extension of time for filing schedules and statements); In re Kaiser Aluminum Corp., No. 02-10429 (JKF) (Bankr. D. Del. Mar. 5, 2002) (order granting 90-day extension of time for filing schedules and statements); In re NationsRent, Inc., No. 01-11628 (PJW) (Bankr. D. Del. Jan. 18, 2002) (order granting 90-day extension of time for filing schedules and statements); In re USG Corp., No. 01-2094 (JKF) (Bankr. D. Del. July 31, 2001) (Newsome, J.) (order granting 90-day extension of time for filing schedules and statements in case involving 11 debtors); In re The Imperial Home Decor Group, Inc., No. 00-19 (MFW)

## NOTICE

13.     No trustee has been appointed in these chapter 11 cases. Notice of this

Motion has been provided to: (1) the Office of the United States Trustee for the District of

Delaware; (2) the Examiner appointed in the April Debtors' cases; (3) counsel to the Official

Committee of Unsecured Creditors appointed in the April Debtors' cases; and (4) the unsecured

creditors for New Century Warehouse as identified in New Century Warehouse's chapter 11

petition. In light of the nature of the relief requested herein, the Debtor submits that no other or

further notice is required.

14.     The Debtor submits that this Motion does not present any novel issues of

law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and

Procedure of the United States District Court for the District of Delaware (as amended from time

to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b),

the Debtor respectfully requests that the Court set aside the briefing schedule set forth in Local

District Court Rule 7.1.2(a).

## NO PRIOR REQUEST

15.     No prior request for the relief sought in this Motion has been made to this

or any other court.

---

(continued...)

(Bankr. D. Del. Jan. 5, 2000) (order granting 60-day extension of time for filing schedules and statements in case involving 5 debtors); In re Three A's Holdings, L.L.C. No. 06-10886 (BLS) (Bankr. D. Del. Sept. 14, 2006) (order granting 60-day extension of time for filing schedules and statements); In re Advanced Marketing Services, Inc., No. 06-11480 (CSS) (Bankr. D. Del. Jan. 24, 2007) (order granting 60-day extension of time for filing schedules and statements). Because of the voluminous nature of the unreported orders cited herein, they are not attached to this Motion.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A,: (i) extending the time within which the Debtor must file the Schedules and Statements by an additional 30 days, for a total of 45 days after the NCW Petition Date, through and including September 17, 2007; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  August 3, 2007
       Wilmington, Delaware

Respectfully submitted,


_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR NEW CENTURY
WAREHOUSE CORPORATION