IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CASE NO. 07-10416-KJC |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC., | § | Chapter 11 |
| ET. AL., | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

**MOTION OF POSITIVE SOFTWARE SOLUTIONS, INC. TO FILE UNDER SEAL ITS
REPLY REGARDING ITS MOTION FOR RELIEF FROM THE STAY AND
RESPONSE TO DEBTORS' CROSS-MOTION FOR ALLEGED STAY VIOLATION**

Positive Software Solutions, Inc. ("Positive Software") respectfully requests the entry of

an order pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code")

and Fed. R. Bankr. P. 9018 for an order authorizing it to file under seal its Reply of Positive

Software Solutions, Inc., Regarding its Motion for Relief from the Stay and Response to

Debtors' Cross-Motion for Alleged Stay Violation (the "Seal Motion"). In support of the Seal

Motion, Positive Software respectfully states as follows:

## JURISDICTION

1.    The Court has jurisdiction over this Seal Motion pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.    Venue of this proceeding and this Seal Motion is proper in this district pursuant to

28 U.S.C §§ 1408 and 1409.

3.    The statutory predicate for the relief sought herein is 11 U.S.C. § 107(b) and Fed.

R. Bankr. P. 9018.

## BACKGROUND

4.    On April 2, 2007, the New Century TRS Holdings, Inc., *et al.* (the "Debtors")

filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. The Debtors have continued in possession of its property and is operating and managing its business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5.    On July 10, 2007, Positive Software filed its Motion for Relief from Stay Regarding Copyright Infringement Litigation.

6.    On July 31, 2007, the Debtors filed their Response to the Motion of Positive Software Solutions, Inc. for Relief from the Stay Regarding Copyright Infringement Litigation, and Cross-Motion for Sanctions for Violation of the Automatic Stay.

7.    Simultaneously with the filing of this Seal Motion, Positive Software is filing the *Reply of Positive Software Solutions, Inc. Regarding its Motion for Relief From the Stay and Response to Debtors' Cross-Motion for Alleged Stay Violation* (the "Reply") (a copy of the Reply is attached hereto as Exhibit A).

## RELIEF REQUESTED

8.    By this Seal Motion, Positive Software requests the authority to file the Reply under seal for *in camera* review by the Court. The Reply discloses information that Positive Software deems to be confidential and upon information received, the Debtors consent to the relief requested herein.

9.    Section 107(b) of the Bankruptcy Code provides in pertinent part as follows:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.    Similarly, Fed. R. Bankr. P. 9018, which sets forth the procedural mechanism for implementing § 107(b), provides as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice so requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018.

11.    While the Bankruptcy Code recognizes the general rule that court records and proceedings should be matters of public record, it also recognizes the rule that the public right to access is not absolute. *See* 11 U.S.C. § 107; *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

12.    The requested relief is necessary to enable this Court to undertake a full review of the Reply. The protective order sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D.Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.").

13.    Furthermore, it is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *John T. Lloyed Lab., Inc. v. Lloyd Bros. Pharmacists, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942).

14.    Positive Software considers multiple pieces of information contained in the Reply to be confidential and non-public.  Therefore, Positive Software seeks to file the Reply under seal; provided however, nothing in this Seal Motion nor in Positive Software's efforts to file the Reply under seal shall prejudice the rights of Positive Software or any party in interest to seek to unseal the Reply or the information set forth therein.

15.    The granting of a sealing order is well within the discretion of this Court.  *See In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994). Under the plain language of § 107(b) and Rule 9018, and in light of the Court's broad equitable powers under § 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the relief requested should be granted and Positive Software should be permitted to file the Reply under seal.

16.    Although, pursuant to Rule 9018, a motion to protect confidential information may be made "with or without notice," Positive Software is providing notice of this Seal Motion to all parties entitled to, and requesting, notice pursuant to Bankruptcy Rule 2002 and copies of the Seal Motion with attached exhibits will be served upon counsel for Debtors.

## CONCLUSION

WHEREFORE, Positive Software respectfully requests entry of an order authorizing Positive Software, and directing the Clerk of the Court, to file the Reply under seal.


Dated: August 6, 2007
       Wilmington, Delaware                FOX ROTHSCHILD LLP


                                           By:___/s/ Carl D. Neff_____
                                              Daniel K. Astin, Esquire (Del. No. 4068)
                                              Anthony M. Saccullo, Esquire (Del. No. 4141)
                                              Carl D. Neff, Esquire (Del. No. 4895)

Citizens Bank Center, Suite 1300
919 N. Market Street, P.O. Box 2323
Wilmington, Delaware  19899-2323
Tel (302) 654-7444/Fax (302) 656-892
dastin@foxrothschild.com
asaccullo@foxrothschild.com
cneff@foxrothschild.com

-and-

Mark H. Ralston, Esq.
Texas Bar No. 16489460
THE RALSTON LAW FIRM
2603 Oak Lawn Avenue
Suite 230, LB 2
Dallas, Texas 75219-9109
Telephone: (214) 295-6416
ralstonlaw@gmail.com

Counsel to Positive Software Solutions, Inc.