UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                                          Case No. 07-10416-KJC
                                                                Chapter 11
NEW CENTURY TRS HOLDINGS, INC.,
et al.,                                                         (Jointly Administered)
          Debtors.

                                                                **Hearing Date: 5/30/07 @2:30 p.m.**
_____/                                 **Objection Deadline: May 23, 2007**

## UNCONTESTED MOTION OF HOMEQ SERVICING CORP. FOR RELIEF FROM STAY WITH REGARD TO 14 PROPERTIES

COMES NOW HOMEQ SERVICING CORPORATION ("HOMEQ"), by and through its undersigned attorney, as and for its Uncontested Motion for Relief from Stay with regard to 14 Properties, and states:

1. On May 14, 2007, HOMEQS' undersigned attorneys ("Movant") filed a Motion for Omnibus Relief From Stay (Doc. #675) with regard to 206 Properties, on behalf of ten (10) unnamed mortgage lenders or servicers.

2. The Motion was scheduled for hearing on May 30, 2007 and the objection deadline was May 23, 2007, as indicated above.

3. Only the Debtor filed a timely objection to said motion, which objection was later joined in by the Official Committee of Unsecured Creditors.

4. The Motion came on for hearing on May 23, 2007 and the hearing was continued to June 15, 2007.

5. At the hearing on June 15, 2007, counsel for the Debtor advised the Court that the Debtor no longer had any objection to the requested relief and Movant's counsel, appearing telephonically, advised the Court that he would be submitting a Certification of No Objection and an Order Granting the Motion.  However, after Movant's counsel disconnected from the hearing, counsel for the Creditor's Committee advised the Court that the Committee was still completing their own analysis and needed more time before they could also consent to the requested relief.

6. Movant re-noticed the hearing for July 31, 2007.

7. Prior to July 31, 2007, Creditor's Committee counsel advised Movant's attorney that the committee had completed their own analysis and they too had no objection to the requested relief with regard to any of the 206 properties.  Accordingly, Movant submitted a Certification of No Objection and an Order Granting the Motion.

8.	At the hearing on July 31, 2007, the Court advised Movant that it had determined that it was procedurally improper for Movant to have brought a single stay relief motion on behalf of multiple clients but that it would be permissible to seek stay relief for multiple properties for a single client.

9.	The Court instructed Movant to file separate motions for each of the ten (10) clients represented in the original motion (Doc. #675) and advised the undersigned that said motions could be submitted as uncontested, and that relief thereon would be granted immediately without further hearing.

10.	Attached hereto is a listing of 14 properties on which HOMEQ holds a first mortgage and the Debtor holds a second mortgage, all of which were listed on the original motion (Doc. #675).

11.	For ease of reference, in addition to listing the 14 properties in numerical order, the number assigned to each on the original motion (Doc. #675) is also shown.

12.	HOMEQ is not seeking any affirmative relief from the Debtor but is merely seeking to foreclose its mortgages on the aforementioned properties wherein the Debtor holds a junior lien.

Wherefore, in accordance with the prior Motion for Omnibus Relief from Stay (Doc. #675) and the instructions of the Court at the hearing thereon on July 31, 2007, HOMEQ seeks entry of an order granting it stay relief with regard to the 14 properties listed on the attached spreadsheet.

Dated: August 6, 2007

LAW OFFICES OF DAVID J. STERN, P.A.
801 S. University Drive Suite 500
Plantation, FL 33324
Phone: (954) 233-8000 ext 207
Fax: (954) 233-8648

/S/ Frederic J. DiSpigna

FREDERIC J. DISPIGNA, ESQUIRE
Florida Bar No. 345539
fdispigna@dstern.com

06-63051.MFR