**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware corporation, *et al*., | : | Jointly Administered |
| | : | |
| Debtors. | : | **Objection Deadline: August 14, 2007 at 4:00 p.m.** |
| | : | **Hearing Date: August 21, 2007 at 1:30 p.m.** |

**MOTION OF COREMETRICS, INC. FOR ENTRY OF AN ORDER DIRECTING THE DEBTORS TO IMMEDIATELY COMPLY WITH POST-PETITION RENT OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)**

Coremetrics, Inc. ("Coremetrics"), by and through its undersigned counsel, respectfully requests that this Court enter an order directing the above-captioned debtors ("Debtors") to immediately comply with their post-petition rent obligations pursuant to 11 U.S.C. § 365(d)(3), and in support thereof, respectfully states as follows:

1. Prior to April 2, 2007 ("Petition Date), Coremetrics and the Debtors entered into an office Sublease Agreement ("Sublease") for office space located at 11921 MoPac Expressway, Suite 420, Austin, Texas.

2. The Sublease was rejected as of July 31, 2007 ("Rejection Date").

3. Prior to the Rejection Date, the Debtors defaulted on their post-Petition Date obligations under the Sublease. Specifically, the Debtors failed to pay Coremetrics post-petition rent due under the Sublease for the month of July in the amount of $12,500.00 ("Post-Petition Default")[1]. Coremetrics respectfully requests that the Court enter an order that compels the Debtors to immediately pay the Post-Petition Default to Coremetrics.

---

[1] Coremetrics reserves the right to seek payment of any additional post-petition amounts due, including but not limited to real estate taxes, insurance and common area maintenance charges applicable to the post-petition period.

4.      11 U.S.C. § 365(d)(3) requires the Debtors to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). In enacting section 365(d)(3), Congress intended to address the plight of landlords who, unlike professionals and other providers of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decided to assume or reject the lease, the trustee has stopped making payments due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services—the use of its property, utilities, security, and other services-without current payment. No other creditor is put in this position . . .
>
> The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease.

130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

5.      Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. §365(d)(3). *See In re Pudgie's Div. of New York, Inc.*, 202 B.R. 832 (Bankr. S.D.N.Y. 1996); *see also In re Wingspread Corp.*, 116 B.R. 915 (S.D.N.Y. 1990); *see also In re Brennick*, 178 B.R. 305 (Bankr. D. Mass. 1995); *see also Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993); *see also In re Rare Coin Galleries of America, Inc.*, 7 2 B.R. 415 (D. Mass 1987); *see also In the Matter of the Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr. D. Del.


1985). Accordingly, this Court should enter an order compelling the Debtors to immediately pay the Post-Petition Default to Coremetrics.

6.      Additionally, pursuant to the terms of the Sublease, the Debtors are obligated to reimburse Coremetrics for the reasonable attorneys' fees and costs incurred by Coremetrics in connection with seeking the Debtors' compliance with the terms of the Sublease. Accordingly, Coremetrics respectfully requests that the Debtors be directed to pay to Coremetrics its attorneys' fees and costs incurred by Coremetrics in connection with the filing and prosecution of this Motion.

WHEREFORE, Coremetrics respectfully requests that the Court enter an order that compels the Debtors to immediately pay Coremetrics the amount of $12,500.00, plus Coremetrics reasonable attorneys' fees and costs, and that grants Coremetrics such other and further relief as this Court deems proper and equitable.

Dated: August 6, 2007               CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Counsel for Coremetrics, Inc.

#556676v1