# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416(KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Hearing Date: August 21, 2007** |
| | : | **Obj. Deadline: August 14, 2007 at 4:00 p.m.** |

### AMENDED MOTION TO EXPAND SCOPE OF ORDER ESTABLISHING MISCELLANEOUS SALE PROCEDURES (DOCKET N0. 704)

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), respectfully file this motion ("Motion") requesting that, pursuant to Local Rule 9013-1(k), the Court amend its May 15, 2007 Order ("Miscellaneous Sale Procedures Order") (Docket No. 704) establishing streamlined procedures ("Miscellaneous Sale Procedures") governing the sale of miscellaneous personal property to expand those procedures on the following terms: (i) raise the dollar limit to permit the Debtors to consummate sales up to $400,000 in cash consideration in each instance, (ii) authorize the Debtors to utilize the Miscellaneous Sale Procedures to sell internet domain names and other intangible property, (iii) authorize the Debtors to utilize the

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

Miscellaneous Sale Procedures to sell personal property formerly subject to lease agreements on behalf of lessors where the Debtors have properly rejected the lease agreement and the lessor has failed to timely recover the property following rejection, provided that the net proceeds of the formerly leased peroperty will be held in a segregated account on behalf of the lessors and (iv) authorize the Debtors to utilize the Miscellaneous Sale Procedures to sell unencumbered mortgage loans and real properties obtained in the foreclosure of mortgage loans, to the extent the Debtors and/or other parties to those sales may desire Court approval of such sales (the Debtors conducted these types of sales pre-petition in the ordinary course of business).

In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

2.    Prior to commencing these chapter 11 cases on April 2, 2007, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern for the benefit of stakeholders.

3.    On May 15, 2007, the Court entered the Miscellaneous Sale Procedures Order, thereby establishing streamlined procedures governing the sale of office furniture, equipment and other miscellaneous personal property of a relatively *de minimus* value -- not to exceed $100,000 in cash consideration in each instance. The procedures are crafted to enable the Debtors to sell miscellaneous assets in an expeditious and cost-effective manner, while nevertheless maintaining review by the Court and key constituencies.

4.    The Debtors have utilized the Miscellaneous Sale Procedures in connection with their exit from locations nationwide, as the Debtors reject real property lease

2

LA3:1136497 1
RLF1-3186090-3

agreements, sell personal property at each location or from centralized storage locations and turnover the location to landlords. This enables the Debtors to realize value from *de minimus* assets that would otherwise be abandoned by the estates. In fact, landlords have indicated that they would otherwise <u>charge</u> the Debtors to dispose of personal property left behind at rejected locations. Since the Court entered the Miscellaneous Sale Procedures Order, the Debtors have consummated approximately 17 sales pursuant to its expedited procedures -- realizing over $215,000 in cash consideration to the estates while incurring relatively little in professionals' fees and other transaction costs related to the sales. In these efforts, the Debtors have consulted with the Official Unsecured Creditors' Committee appointed in these cases ("<u>Creditors'</u> <u>Committee</u>") regarding the marketing efforts and purchase prices.

5.    <u>Increased Dollar Limit</u>.  As the Debtors have exited locations, they have consolidated large amounts of office furniture, equipment and other personal property in centralized locations. The aggregate cash value of the miscellaneous assets stored at most of these centralized locations is greater than $100,000 and, in many instances, totals as much as approximately $400,000. The Debtors have received preliminary interest from potential purchasers indicating that the next round of miscellaneous assets sales would exceed the $100,000 limit established under the Miscellaneous Sale Procedures. Consequently, the Debtors would be forced to file a separate motion and seek approval of each individual sale under section 363 of Title 11 of the United States Code ("<u>Bankruptcy Code</u>"). The Debtors believe the transaction costs associated with seeking approval of each individual sale plus the associated delay will substantially erode the business justifications supporting these sales. Accordingly, the Debtors believe it is in the best interest of the estates and creditors to seek Court approval to raise the dollar limit under the Miscellaneous Sale Procedures to permit sales of up to $400,000 in cash consideration in each instance.

6.    <u>Domain Names and Other Intangibles</u>.  Potential purchasers have shown interest in purchasing the Debtors' internet domain names and other intangible property. The Miscellaneous Sale Procedures presently authorize the Debtors to market and sell office

3

furniture and similar equipment only. Accordingly, the Debtors request that the Court expand the categories of assets to be sold pursuant to the Miscellaneous Sale Procedures to include internet domain names and other intangible property, subject to the same terms and review by parties and the Court as previously established under those procedures, and subject to the increased dollar limit requested herein.

7.     Leased Property.    At many of the Debtors' nationwide locations, the Debtors presently possess leased personal property, mainly consisting of office furniture and equipment. The Debtors have coordinated their exit from locations so that they simultaneously reject a nonresidential real property lease agreement, market and sell owned assets at that location, and reject whatever personal property lease agreements they have relating to that location and seek to notify lessors to retrieve the formerly leased personal property. While the majority of equipment lessors are diligent and retrieve the property, in some instances lessors have failed to respond or have refused to pick up the property.

8.     The Debtors cannot force a lessor to pick up equipment. The Debtors have and will continue to provide as much notice as possible and work with lessors to coordinate retrieval of equipment. However, in some cases, lessors simply fail to respond. Accordingly, on several occasions, the Debtors have arranged to transport the formerly leased property to centralized locations to await disposition at a later time. This is an expensive process, as the property is often relatively large or bulky office equipment, such as photocopiers or computer servers, and takes up a large amount of storage space. Accordingly, the Debtors request that the Court expand the Miscellaneous Sale Procedures to permit the sale of formerly leased personal property on behalf of the lessors of such property, subject to the same terms and review by parties and the Court as previously established under those procedures, and subject to the increased dollar limit requested herein, with the additional protection described hereafter.

9.     In addition to any other notice requirements relating to rejection of a personal property lease agreement, the Debtors will only be permitted to sell formerly leased personal property on behalf of lessors if (i) the relevant lease agreement has been properly

4

rejected, (ii) the Debtors have provided notice in writing to the lessor that if the property is not promptly picked up it could be subject to sale and (iii) the lessor has failed to recover the property within 20 days following service of a notice of rejection.    In the event the Miscellaneous Sale Procedures are utilized to sell formerly leased personal property, the remaining sale proceeds, if any, attributable to the property sold pursuant to these procedures, after deducting the Debtors' expenses relating to the storage, transportation or sale of the particular property, will be segregated in an account maintained by the Debtors and held for the benefit of the relevant lessor.  Lessors can claim the net sale proceeds by requesting the funds in writing from counsel for the Debtors, with a copy to counsel for the Creditors' Committee.  The Debtors will provide an accounting to the lessor of the net sale proceeds with sufficient information detailing the sale proceeds received and the costs associated with the storage, transportation or sale of the property.  The Court will retain jurisdiction to resolve any disputes relating to the calculation or disbursement of net sale proceeds.

10.    Sale of Mortgage Loans and Foreclosed Real Property.    Prior to the commencement of these cases, the Debtors originated mortgage loans and then generally sold the loans to securitization trusts and whole loan buyers in the ordinary course of business, and also obtained real property in connection with the repurchase of certain loans and sold that real property in the ordinary course of business.  The Debtors anticipate that they will continue to sell such mortgage loans and real property, and believe they may continue to do so in the ordinary course of business pursuant to Bankruptcy Code sections 363(c)(1), 1107 and 1108.  In an abundance of caution, to the extent the Debtors and/or other parties to the sales of individual or small groups of loans or real property may desire Court approval of the sales, the Debtors request that the Court expand the categories of assets to be sold pursuant to the Miscellaneous Sale Procedures to include unencumbered mortgage loans and real property, subject to the same terms and review by parties and the Court as previously established under those procedures, and subject to the increased dollar limit requested herein.

5

## LEGAL ARGUMENT

11.    Local Rule 9013-1(k) provides that the Court may amend an Order entered by the Court upon a motion. See L.R. 9013-1(k).

12.    Recognizing the benefits resulting from streamlined procedures to sell relatively small assets, this Court and others have approved procedures substantially similar to the Miscellaneous Sale Procedures, as the Debtors propose to amend those procedures in this Motion. See, e.g., In re Exodus Communications, Inc., No. 01-10539 (SLR) (Bankr. D. Del. Nov. 15, 2001) (approving similar procedures for sales of assets up to $125,000 and *post hoc* approval for sales of assets up to $125,000); In re USG Corporation, No. 01-2094 (RJN) (Bankr. D. Del. Sept. 20. 2001) (approving similar procedures for sales of assets up to $1,000,000 ); In re Comdisco, Inc., No. 01-24795 (RB) (Bankr. N.D. Ill. Aug. 9, 2001) (approving similar procedures for sales of assets up to $1,000,000).

13.    Bankruptcy Code section 363(b)(1) provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale outside the ordinary course of business is appropriate where the Court finds the following elements present:  "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith." In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987).

14.    Similarly, Appellate-level courts have repeatedly held that a debtor may sell property under section 363(b)(1) whenever the request is supported by a rational, articulated business purpose. Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986); In re Lionel Corporation, 722 F.2d 1063, 1066 (2d Cir. 1983).

15.    The Miscellaneous Sale Procedures, as the Debtors propose to amend those procedures in this Motion, have been narrowly tailored to meet the business circumstances facing the Debtors. They are designed to maximize the value realized from the sales of personal property, internet domain names, intangibles and other property of a relatively *de minimus* value,

6

while avoiding the prohibitive transaction costs and delays associated with filing a separate motion and obtaining Court approval of each sale and nevertheless maintaining adequate review by the Court and key constituencies.

16.    The Debtors submit that the sale proposed procedures are fair and equitable, that sound business justifications support Court approval and that the procedures have been proposed in good faith.

17.    Further, Bankruptcy Code section 363(f) permits a debtor to sell estate property free and clear of another party's interest in the property where:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

18.    Under the Miscellaneous Sale Procedures, as amended, assets encumbered by interests may be sold only if the interests are capable of monetary satisfaction or the holders of the interests consent to the sale. As such, the requirements of Bankruptcy Code section 363(f) will be satisfied for any proposed sale free and clear of liens, claims, encumbrances and other interests. Moreover, as described in the procedures, the Debtors propose that such interests attach to the proceeds of each sale.

19.    With respect to personal property and equipment formerly subject to lease agreements that have been appropriately rejected, the Debtors submit that it is in the best interest of the estates and creditors to approve procedures governing the sale of such property as set forth herein. As noted above, the Debtors have and will continue to provide as much notice as possible and work with lessors to coordinate retrieval of equipment. However, in some instances lessors have simply failed to respond or have refused to pick up equipment.

7

The Debtors cannot force a lessor to pick up equipment. Further, transporting the property to centralized locations to await disposition at a later time is an expensive process, as the equipment is often relatively large or bulky office equipment. The Debtors accordingly request that the Court approve the sales and notice procedures described in this Motion with respect to such property. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

## NOTICE

20.    Notice of this Motion has been provided to:  (i) the Office of the United States Trustee, (ii) the Creditors' Committee, (iii) the Debtors' senior secured lenders, (iv) the Examiner, and (v all other parties who have properly filed requests for notice. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

21.    The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

8

WHEREFORE, the Debtors request that the Court enter an Order granting this Motion in the form attached hereto at Exhibit 1 and providing such other relief as the Court deems reasonable and appropriate and consistent with this Motion.

Dated:  August 7, 2007                          Respectfully submitted,
          Wilmington, Delaware


                                                _____
                                                Mark D. Collins (No. 2981)
                                                Michael J. Merchant (No. 3854)
                                                Christopher M. Samis (No. 4909)
                                                RICHARDS, LAYTON & FINGER, P.A.
                                                One Rodney Square
                                                P.O. Box 551
                                                Wilmington, Delaware 19899
                                                (302) 651-7700

                                                        -and-

                                                Suzanne S. Uhland
                                                Ben H. Logan
                                                Victoria Newmark
                                                Emily R. Culler
                                                O'MELVENY & MYERS LLP
                                                275 Battery Street
                                                San Francisco, California  94111
                                                (415) 984-8700

                                                PROPOSED ATTORNEYS FOR DEBTORS
                                                AND DEBTORS IN POSSESSION


                                    9

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416(KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | |
| | : | |

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 ESTABLISHING EXPANDED PROCEDURES GOVERNING MISCELLANEOUS ASSET SALES

This matter coming before the Court on the "Amended Motion to Expand Scope of Order Establishing Miscellaneous Sales Procedures" (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting that the Court amend its previous Order establishing certain "Miscellaneous Sale Procedures"; the Court having reviewed the Motion; and the Court finding that: (1) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (3) notice of the Motion was sufficient under the circumstances; and (4) the "Miscellaneous Sales Procedures," as amended and attached hereto as Exhibit A, are fair and equitable, sound business reasons support approval of the procedures, the Debtors proposed the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

procedures in good faith, and the procedures are in the best interest of the Debtors' estates and creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Miscellaneous Sale Procedures, as amended in this Order, are approved in the form attached hereto as Exhibit A.

3.    The 10-day stay typically applicable to the sale of property under Federal Rule of Bankruptcy Procedure 6004(h) is waived.

4.    This Order shall not affect any rights that a secured creditor may have under section 363(k) of the Bankruptcy Code to credit bid the amount of its allowed secured claim; provided that the amount of any successful credit bid shall be applied to reduce the amount of such creditor's allowed secured claim.

5.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: August _____, 2007
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT A

## MISCELLANEOUS SALE PROCEDURES

1.    <u>Transactions Subject to these Procedures</u>.    These Miscellaneous Sale
Procedures will apply only to asset sales involving the sale of the following categories of assets:

- office furniture and equipment.

- internet domain names and other intangible property.

- personal property formerly subject to lease agreements where
  (i) the Debtors have properly rejected the lease agreement, (ii) the
  Debtors provided notice in writing to the lessor that if the property
  is not promptly picked up it may be subject to sale and (iii) the
  lessor has failed to timely recover the property within 20 days
  following service of a notice of rejection; provided, however, that
  in the event these procedures are utilized to sell formerly leased
  personal property, the remaining sale proceeds, if any, attributable
  to the property sold pursuant to these procedures, after deducting
  the Debtors' expenses relating to the storage, transportation or sale
  of the particular property, will be segregated in an account
  maintained by the Debtors and held for the benefit of the relevant
  lessor. Lessors can claim the net sale proceeds by requesting the
  funds in writing from counsel for the Debtors, with a copy to
  counsel for the Creditors' Committee. The Debtors will provide an
  accounting to the lessor of the net sale proceeds with sufficient
  information detailing the sale proceeds received and the costs
  associated with the storage, transportation or sale of the property.
  The Court will retain jurisdiction to resolve any disputes relating to

1

the calculation or disbursement of net sale proceeds.

- individual and small groups of unencumbered mortgage loans and real properties obtained in connection with the foreclosure of mortgage loans, to the extent the Debtors and/or other parties to those sales may desire Court approval of such sales.

- other personal property (provided that the Debtors have the written consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to sell such other personal property).

2.      The Debtors may consummate sales pursuant to these procedures of no more than $400,000, as measured by the total cash and other consideration received by the Debtors on account of the assets sold in each instance. The Debtors will not consummate sales pursuant to these procedures involving the sale of assets to any employee or "insider" of the Debtors.

3.      Notice of Proposed Sales. After the Debtors enter into a contract or contracts contemplating a transaction that is subject to these Miscellaneous Sale Procedures, or otherwise anticipate a transaction that is subject to these procedures ("Proposed Sale"), the Debtors will file with the Court a notice of such Proposed Sale ("Sale Notice") and serve the Sale Notice by overnight delivery, facsimile or electronic mail on the following parties: (a) counsel to the Creditors' Committee; (b) personal property or equipment lessors; (c) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; and (d) the Office of the United States Trustee for the District of Delaware. The Debtors will use their reasonable best efforts to provide information to and consult with the Creditors' Committee regarding the Debtors' entrance into a Proposed Sale.

4.      Contents of Sale Notice. The Sale Notice will include the following

2

information:

- A description of the assets that are the subject of the Proposed Sale, the location of the assets, the selling Debtor, the approximate book value of the assets as reflected on the Debtors' books and records, or if no value is available, an estimated value, and the economic terms of the sale.

- An allocation of the purchase price amongst the various assets subject to the Proposed Sale.

- The identity of any nondebtor party to the Proposed Sale.

- To the extent applicable, a copy of any agreement providing for the Proposed Sale.

- The identity of any party holding liens, claims, encumbrances or other interests in the assets and a statement indicating that all such liens, claims, encumbrances or interests are capable of monetary satisfaction or that the parties have consented to the Proposed Sale.

- If the assets are the subject of a rejected lease, a statement indicating that the lessor was served with a lease rejection notice and the assets will be included in the sale if the equipment is not retrieved after 20 days from the service of the lease rejection notice.

- The procedures by which parties may object to the Proposed Sale (described immediately below).

5.    Objection Procedures.    Interested parties, other than the Creditors' Committee, will have 5 business days following service of the Sale Notice (the "Initial Objection Deadline") to file with the Court and serve an objection to the Proposed Sale.  The

3

Creditors' Committee will have 10 business days following service of the Sale Notice (the "Committee Objection Deadline", together with the Initial Objection Deadline, the "Objection Deadlines") to file with the Court and serve an objection to the Proposed Sale. Objections to the Proposed Sale must be served by overnight delivery, facsimile or electronic mail on the parties listed in Paragraph 3 of these procedures. Any such objection must be in writing and must state with specificity the grounds for the objection.

6.    If an objection to a Proposed Sale is properly filed and served then: (a) the objection will be deemed to be a request for a hearing on the Proposed Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection; and (b) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of a Court Order specifically approving the Proposed Sale.

7.    If no objection is properly filed prior to the Objection Deadlines, then the Proposed Sale will be deemed fully authorized by the Court and the Debtors may consummate the Proposed Sale, and no further notice or Court approval will be required; provided, however, that the Debtors may consummate the Proposed Sale prior to the Committee Objection Deadline, but no earlier than the Initial Objection Deadline, where (i) the Debtors have obtained the written consent of the Creditors' Committee to consummate the Proposed Sale prior to the Committee Objection Deadline and (ii) the Debtors have not received an objection to the Proposed Sale from any other Interested Party prior to the Initial Objection Deadline.

8.    Conditions of Sale. All buyers will acquire assets sold by the Debtors pursuant to these Miscellaneous Sale Procedures "AS IS–WHERE IS," without warranty, representation or recourse back to the estates; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the assets.

4

9.      Notwithstanding anything in these procedures to the contrary, the Debtors are not permitted to sell or otherwise transfer pursuant to these procedures any interests which they may have in consumer credit transactions which are subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time).

LA3:1136206 5
RLF1-3186090-3