## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                                   :   Chapter 11
                                                         :
NEW CENTURY TRS HOLDINGS, INC.,                          :   Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,[1]                       :
                                                         :   Jointly Administered
                      Debtors.                           :
                                                         :
                                                         :   Hearing Date: September 11, 2007 @ 1:30 p.m.
                                                         :   Objection Deadline September 4, 2007

------------------------------------------------------------x

## APPLICATION OF THE EXAMINER FOR AN ORDER AUTHORIZING THE RETENTION OF BDO SEIDMAN, LLP AS ACCOUNTANTS AND FINANCIAL ADVISOR TO THE EXAMINER *NUNC PRO TUNC* TO JUNE 29, 2007

Michael J. Missal, the Examiner (the "Examiner") appointed in the above-

captioned bankruptcy cases (the "Chapter 11 Cases"), respectfully submits this application (the

"Application") pursuant to 11 U.S.C. §§ 327 and 1106(b) for an order authorizing the Examiner

to retain and employ BDO Seidman, LLP ("BDO") as his accountants and financial advisor,

*nunc pro tunc* to June 29, 2007. In support of this Application, the Examiner relies upon the

Affidavit of William K. Lenhart Pursuant to 11 U.S.C. §§ 101, 327 and Fed. R. Bankr. P. 2014 in

Support of Application for an Order Authorizing the Retention of BDO Seidman, LLP as

Accountants and Financial Advisor to the Examiner Effective June 29, 2007 sworn to on August

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

2, 2007 (the "Lenhart Affidavit") annexed hereto as Exhibit A. In further support of this Application, the Examiner respectfully states as follows:

## Jurisdiction and Venue

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested by this Application are 11 U.S.C. §§ 327 and 1106(b).

5.     Additionally, pursuant to the Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner Order"), "[t]he Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327[.]" Examiner Order at ¶ 7.

## Background

6.     On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. On June 1, 2007, the Court entered the Examiner Order authorizing and directing the Examiner to, *inter alia*, "investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements." Examiner Order at ¶ 3. The Court also authorized and directed the Examiner to investigate any possible unauthorized post-petition use of cash collateral by the Debtors and to otherwise perform the duties of an examiner pursuant to Section 1106(a)(3) and (a)(4) of the Bankruptcy Code, subject to the provisions of the Examiner Order. Id.

8. On June 5, 2007, the United States Trustee appointed Michael J. Missal as the Examiner.

9. On June 7, 2007, the Court entered an Order confirming the United States Trustee's appointment of Michael J. Missal as the Examiner.

## Relief Requested

10. By this Application, the Examiner seeks entry of an order, pursuant to Sections 327 and 1106(b) of the Bankruptcy Code and the terms of the Examiner Order, authorizing the employment of BDO as his accountants and financial advisor *nunc pro tunc* to June 29, 2007 to perform the following accounting and financial advisory services that are necessary for the Examiner to discharge his duties:

3

     (a)    assist the Examiner in identifying and investigating any and all accounting and financial statement irregularities, errors or misstatements by the Debtors;

     (b)    assist the Examiner in identifying and investigating any possible unauthorized use of cash collateral by the Debtors post-petition; and

     (c)    perform any other services necessary to fulfill the role of accountants and financial advisor to the Examiner that the Examiner and/or his counsel may request.

### Grounds for the Relief Requested

11.    Before selecting BDO as accountants and financial advisors, the Examiner and his counsel considered at least fourteen (14) different accounting and financial advisory firms. It was subsequently determined that six (6) of these firms had irreconcilable conflicts. The Examiner and his counsel conducted interviews of eight (8) firms over the course of several days. The Examiner sought to retain the firm that had the best combination of accounting knowledge and expertise, industry specific experience, depth and forensic accounting capability.

12.    Of the eight firms interviewed by the Examiner and his counsel, it was determined that one well qualified firm could not be selected due to conflict issues that were identified after the interview. Of the remaining seven firms, the Examiner determined that BDO was in the best position to assist the Examiner with the examination.

13.    BDO and its professionals are able to assist the Examiner in all areas of his investigation of the Debtors, including the investigation of accounting and financial statement irregularities, as well as the possible unauthorized post-petition use of cash collateral by the Debtors. Accordingly, the Examiner believes that BDO is well-qualified to serve as his accountants and financial advisor, and requests that the Court approve BDO's retention.

14.    Except as set forth in the Lenhart Affidavit, insofar as the Examiner has been able to ascertain, neither BDO, nor any of its partners or employees, holds or represents any

4

interest adverse to the Debtors, their estates or creditors in connection with the matters for which BDO is to be retained.

15.     Accordingly, for the reasons set forth in the Lenhart Affidavit, the Examiner believes that BDO is a disinterested person, as that term is defined in Section 101(14) of the Bankruptcy Code.

16.     In light of the foregoing, the Examiner respectfully submits that the retention of BDO is necessary and appropriate to assist the Examiner in discharging his duties as set forth in the Examiner Order.

17.     As more fully explained in the Lenhart Affidavit, the Examiner understands that BDO intends to bill for services rendered at its normal hourly rates subject to a 10% discount, for matters of this kind, and to request reimbursement of actual expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, as well as any and all additional professional compensation procedures established in connection with the Chapter 11 Cases.

18.     The Examiner retained the services of BDO on June 29, 2007 and requested that BDO begin work immediately to ensure that he was adequately represented during his investigation of the Debtors.

19.     Accordingly, the Examiner respectfully requests that the Court enter an order authorizing BDO's retention *nunc pro tunc* to June 29, 2007.

### Notice

20.     Pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002-1(b), notice of this Application has been given to: (a) the Debtors and Debtors-in-Possession, New Century TRS Holdings, Inc., f/k/a New Century Financial Corporation, 18400

Von Karman Ave., Irvine, CA 92612, Attn: Monika L. McCarthy, SVP and Assistant General

Counsel; (b) Attorneys for the Debtors and Debtors-In-Possession, Richards Layton & Finger

P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D.

Collins, Esq. and O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California

94111, Attn: Suzanne Uhland, Esq.; (c) the Office of the United States Trustee, J. Caleb Boggs

Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:

Joseph McMahon, Esq.; (d) Attorneys for the Official Committee of Unsecured Creditors, Blank

Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Bonnie Glantz

Fatell, Esq. and Hahn & Hesson LLP, 488 Madison Avenue, New York, New York 10022, Attn:

Mark S. Indelicato, Esq.; (e) Attorneys for Greenwich Capital Financial Products, Inc. and the

CIT Group/Business Credit, Inc., the Debtors' post-petition senior secured lenders, Kirkland &

Ellis LLP, 777 South Figueroa Street, Suite 3700, Los Angeles, California 90017, Attn: Bennett

L. Spiegel, Esq. and Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 N. Market

Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq.; and (f) any

parties timely requesting service of notices under Bankruptcy Rule 2002(i).

6

WHEREFORE, the Examiner respectfully requests that the Court enter an order

authorizing his retention of BDO as his accountants and financial advisor *nunc pro tunc* to June

29, 2007, and granting such other and further relief as the Court deems just and proper.

Dated: Washington, D.C.
       August 2, 2007

Respectfully submitted,

Michael J. Missal, as Examiner
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000

7