## EXHIBIT A

## SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (the "**Agreement**") is made this 8th day of August, 2007 by and between, on the one hand, Chapter 11 debtors and debtors-in-possession **NEW CENTURY MORTGAGE CORPORATION ("NCMC"), NEW CENTURY CREDIT CORPORATION ("NC Credit"), HOME123 CORPORATION ("Home123"), NC CAPITAL CORPORATION ("NC Capital"), AND NEW CENTURY FINANCIAL CORPORATION ("NC Financial"** and, together with NCMC, NC Credit, Home 123, NC Capital and the other Chapter 11 debtors signatories hereto, the **"Debtors"**), and, on the other hand, **DB STRUCTURED PRODUCTS, INC. ("DBSP")**. The Debtors and DBSP collectively are referred to as the "**Parties**."

### RECITALS

**A.**     DBSP, NCMC, NC Credit, Home123, and NC Capital are parties to that certain Master Repurchase Agreement dated as of September 2, 2005 (as amended, the **"September 2, 2005 Repurchase Agreement"**); and DBSP, NCMC, Home123, and NC Capital are parties to that certain Master Repurchase Agreement dated as of April 17, 2006 (as amended, the **"April 17, 2006 Repurchase Agreement"** and, together with the September 2, 2005 Repurchase Agreement, the **"Repurchase Agreements"**). Pursuant to those certain Guaranty Agreements dated as of September 2, 2005 and April 17, 2006 (as amended, the **"Guarantees"**), NC Financial guaranteed its affiliates' obligations to DBSP under the Repurchase Agreements.

1

Pursuant to the Repurchase Agreements, DBSP entered into transactions with the Debtor parties to the respective agreement with respect to funding certain mortgage loans (the loans that were the subject of those transactions referred to herein as the **"DBSP MRA Loans"**).

    **B.**    On April 2, 2007 (the **"Petition Date"**), the Debtors and certain of their affiliates commenced bankruptcy cases (collectively, the "**Bankruptcy Case**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are managing their affairs as debtors and debtors in possession.

    **C.**    On April 25, 2007, DBSP filed that certain Complaint (the **"Complaint"**) commencing an adversary proceeding (the **"Adversary Proceeding"**) captioned as *DB Structured Products Inc., Plaintiff v. New Century Mortgage Corporation, New Century Credit Corporation, Home 123 Corporation, NC Capital Corporation, and New Century Financial Corporation, Debtor-Defendants*, Adversary Proceeding Case No. 07-51269 (KJC), and its accompanying *Motion for Preliminary Injunction* (the **"PI Motion"**). Among other things, the Adversary Proceeding involves issues concerning 235 mortgage loans identified on Exhibit A hereto (the **"Disputed Loans"**).

    **D.**    On May 16, 2007, the Bankruptcy Court entered an Order approving that certain *Stipulation and Order Resolving DB Structured Products Inc.'s Motion for Preliminary Injunction* (the **"PI Motion Resolution Stipulation"**) pursuant to which, inter alia: (i) DBSP agreed to withdraw, without prejudice, the PI Motion; (ii) the Debtors agreed to segregate and hold in escrow all collections on the Disputed Loans pending resolution of the entitlement to such funds, all such funds in the Debtors' possession at any given time are referred to herein as

2

the **"Disputed Loan Escrow Amounts"**, and (iii) the parties agreed to cooperate in an effort to develop a consensual means to realize on the Disputed Loans.

    **E.**    On or about May 15, 2007, the Debtors filed that certain *Motion for Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362, and 363(b) of the Bankruptcy Code* (the **"Adequate Protection Motion"**).  On June 28, 2007, the Bankruptcy Court entered its *Order Granting Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) and Establishing Preliminary Procedures for Resolving Certain Claims* (the "**Adequate Protection Order**").

    **F.**    The Parties wish to resolve the Adversary Proceeding and all issues related to the Repurchase Agreements on the terms and conditions set forth herein.

    **G.**    The Debtors have entered into this Agreement in good faith for the benefit of the estate and its creditors.

    **NOW, THEREFORE, for good and valuable consideration, the adequacy and receipt of which are hereby acknowledged, the Parties hereby agree to a full and complete settlement of the Adversary Proceeding on the terms and conditions set forth below:**

    **1.**    **Incorporation of Recitals.**  The Parties incorporate by reference the Recitals and affirm that they are accurate and an integral part of this Agreement.

    **2.**    **Auction of Disputed Loans; Payment of Loan Proceeds.**  (a) The Debtors will promptly file a motion for an order of the Bankruptcy Court authorizing the Debtors to conduct a single auction for the sale of the Disputed Loans pursuant to section 363(f) of the Bankruptcy

3

Code. The Debtors will consult with the Committee and with DBSP in connection with the auction procedures to be approved by the Bankruptcy Court.

(b)     The proceeds of any sale of the Disputed Loans, after deducting any costs and expenses of such sale, including amounts, if any, due to bidders for due diligence expense reimbursement (the "**Disputed Loan Proceeds**") plus the Disputed Loan Escrow Amounts will be paid as follows: (i) first, to DBSP until DBSP is paid $14,000,000 (the **"DBSP Payment"**), and (ii) second, to the Debtors' bankruptcy estates, to the extent of any excess proceeds after payment to DBSP of the DBSP Payment in full.

(c)     To partially satisfy the DBSP Payment, the Debtors shall remit to DBSP the Disputed Loan Escrow Amounts on the Effective Date (as defined below). The balance of the DBSP Payment shall be paid to DBSP from the Disputed Loan Proceeds within 48 hours of the closing of the sale of the Disputed Loans, as well as from additional Disputed Loan Escrow Amounts available for distribution at such time, as needed.

(d)     If, upon completion of the auction of the Disputed Loans, the sum of the Disputed Loan Proceeds (net of any holdback from the proceeds of the sale required by the prevailing bidder for the Disputed Loans) plus the Disputed Loan Escrow Amounts, calculated as of such date, is less than $14,000,000, then DBSP may, within 72 hours from the close of bidding, give written notice to the Debtors of its election to purchase the Disputed Loans on the same terms and conditions as the highest bid at auction. If, after 72 hours, DBSP has not notified the Debtors of such election to purchase the Disputed Loans, then the Debtors may sell the Disputed Loans to the highest bidder at auction, with the proceeds of such sale to be distributed pursuant to paragraphs 2(b) and 2(c) of this Settlement Agreement.

4

(e)    The Parties will jointly instruct Deutsche Bank National Trust Company ("DBNTC"), as custodian, to deliver the loan and collateral files for the Disputed Loans to the designated custodian of the winning bidder, which will be delivered pursuant to bailee letters after the auction but before the close of the sale of the Disputed Loans.  The Parties will take all reasonable steps to facilitate the transfer of the Disputed Loans to the winning bidder at the close of such sale and upon payment to DBSP of the DBSP Payment, including instructing DBNTC to deliver original loan and collateral files to the winning bidder or its custodian.

The auction, or sale to DBSP, of the Disputed Loans in accordance with subsections (a), (b) or (d), as applicable, and the payment of Disputed Loan Proceeds and the Disputed Loan Escrow Amounts to DBSP pursuant to subsection (c), shall be in full and final satisfaction of DBSP's alleged property interests and constructive trust claims, and all other claims and interests, with respect to the Disputed Loans.

3.    **Assignment to the Debtors of DBSP's Rights to Adequate Protection.**  DBSP will amend its Alternative Accounting submitted pursuant to the Adequate Protection Order to increase it by $346,628.06 (reflecting the Unfunded Amount to be funded by the Debtors pursuant to paragraph 6 hereof).  Effective upon the Effective Date, DBSP irrevocably transfers and assigns to the Debtors' bankruptcy estates all rights that DBSP has to adequate protection with respect to any rights or claims of DBSP that are the subject of the Adequate Protection Motion or the Adequate Protection Order, including any rights to property (including cash or cash equivalents) held by the Debtors as of the Petition Date related to collections on DBSP MRA Loans and the adequate protection rights granted to DBSP under paragraphs 10 and 11 of the Adequate Protection Order.

5

4.    **Allowance of DBSP's Deficiency Claim**.  DBSP shall have a general unsecured claim allowed in the Bankruptcy Case against each of the Debtors relating solely to claims under the Repurchase Agreements and the Guarantees in the amount of $20,000,000 (the **"Allowed Repurchase Agreements Deficiency Claim"**); provided, however, that the recovery on the Allowed Repurchase Agreements Deficiency Claim shall be limited to such claim's pro rata share (determined in relation to other allowed general unsecured claims against the relevant Debtor), of proceeds distributed from recoveries realized on claims (net of professional fees and other costs of prosecution) arising out of events or circumstances that led to the restatement of the financial statements of the Debtors or such restatement itself, and the Allowed Repurchase Agreements Deficiency Claim shall not be entitled to participate in distributions derived from any other source.  Such Allowed Repurchase Agreements Deficiency Claim shall be deemed to supersede and amend any other claim DBSP may have filed or scheduled in the Bankruptcy Case with respect to the Repurchase Agreements, the Guarantees the Disputed Loans, and the DBSP MRA Loans.  Nothing contained in this Section 4 shall be construed in any way to restrict, limit or amend the right of DBSP or any of its affiliated entities to file a claim in the Debtors' estates which does not arise under the Repurchase Agreements, the Guarantees, the Disputed Loans, or the DBSP MRA Loans, or the right of the Debtors to contest the nature or amount of any such other claims.

5.    **Dismissal of the Adversary Proceeding with Prejudice.**  DBSP will promptly dismiss with prejudice the Adversary Proceeding against NCMC, NC Credit, Home123, NC Capital, NC Financial and all other debtor or non-debtor entities or individuals (including any Doe defendants) that have been or could have been named as a defendant with respect to the claims for relief set forth therein.  Provided, however, that notwithstanding anything herein to the

6

contrary, the Debtors shall continue to be bound by paragraph 4 of the PI Motion Resolution

Stipulation which concerns the DBSP Ohio Loans (as defined therein), and the Debtors shall

continue to bound by the obligation to fund into the Disputed Loan Escrow Account, pursuant to

paragraph 11(e) of the PI Motion Resolution, all collections by the Debtors on the Disputed

Loans from the Petition Date up to the date that the amounts in the Disputed Loan Escrow

Account are remitted to DBSP pursuant to the terms of this Settlement Agreement.

6.    **Continued Reasonable Cooperation of the Debtors; Funding of OTC Loans.**

Notwithstanding anything herein to the contrary, the Debtors shall take all commercially

reasonable actions to cooperate reasonably and in good faith with any requests by DBSP for

information and/or documents relating to the DBSP MRA Loans and, should DBSP ultimately

purchase the Disputed Loans pursuant to Section 2 above, the Disputed Loans.  The three DBSP

MRA Loans with the following New Century loan numbers, 120-10586342, 137-10601790 and

10618709, are one time close loans (collectively, the **"OTC Loans"**) that provided, among other

things, for the funding of construction on the premises that secure these loans.  These OTC

Loans have not been fully funded yet by the Debtors and are still being serviced by the Debtors.

The Debtors shall fund up to $346,628.06 yet to be drawn on the OTC Loans (the "**Unfunded**

**Amount**") as requested by the borrowers on the OTC Loans.  To the extent that a portion of the

Unfunded Amount has not been drawn on the Effective Date, such undrawn portion of the

Unfunded Amount shall be paid by the Debtors to DBSP.  Until the Effective Date, the Debtors

shall continue to administer and fund the OTC Loans in the ordinary course of business and, on

the Effective Date, shall transfer servicing of the OTC Loans at DBSP's direction.

7.    **Mutual Release.**

7

A.      Subject to paragraph C below, the Debtors on behalf of themselves and the bankruptcy estate, and their respective past, present, and future affiliates, successors, predecessors, assignees, transferees, executors, administrators, trustees, creditors, shareholders, agents, officers, directors, employees, servants, attorneys, and all persons or entities that might be able to assert claims on behalf of or through the Debtors or the estates (collectively, the **"Settling Debtors"**) generally release and forever discharge DBSP, and DBSP's past, present, and future affiliates (including without limitation Deutsche Bank National Trust Company), and with respect to any of the foregoing, their successors, predecessors, assignees, transferees, executors, administrators, trustees, members, directors, officers, shareholders, partners, principals, agents, employees, servants, attorneys, representatives, advisors, and consultants (collectively, the **"Settling DBSP Releasees"**) of and from any and all past, present, and future claims, demands, damages, obligations, liabilities, losses, costs, expenses, fees, and causes of action of every nature, character, and description, whether contingent or fixed, whether matured or unmatured, whether known or unknown, based on, arising out of, in connection with, or resulting from any facts, events, circumstances, acts, or failures to act, arising out of, related to, or in connection with the Repurchase Agreements, the Guarantees, the Disputed Loans, and the DBSP MRA Loans (the **"Debtor Released Claims"**).

B.      Subject to paragraph C below, DBSP on behalf of itself and its past, present, and future affiliates, successors, predecessors, assignees, transferees, executors, administrators, trustees, members, directors, officers, shareholders, partners, principals, agents, employees, servants, attorneys, representatives, and accountants hereby generally release and forever discharge the Debtors, the bankruptcy estate, and their respective past, present and future affiliates, successors, predecessors, assignees, transferees,

8

executors, administrators, trustees, agents, employees, servants, attorneys, and accountants from all past, present, and future claims, demands, damages, obligations, liabilities, losses, costs, expenses, fees, and causes of action of every nature, character, and description, whether contingent or fixed, whether matured or unmatured, whether known or unknown, based on, arising out of, in connection with, or resulting from any facts, events, circumstances, acts, or failures to act arising out of, related to, or in connection with the Repurchase Agreements, the Guarantees, the Disputed Loans, and the DBSP MRA Loans (the **"DBSP Released Claims"**, and together with the Debtor Released Claims, the **"Released Claims"**).

> C.     It is understood and agreed that notwithstanding the foregoing releases in Sections 7.A and 7.B, (i) the Parties reserve all rights and benefits under this Agreement (including, without limitation, (x) the allowance and provisions concerning the Allowed Repurchase Agreements Deficiency Claim, which will be governed by the terms of this Agreement and will not be deemed a Released Claim, (y) the provisions with respect to DBSP's rights to Adequate Protection, which are to be assigned to the Debtors pursuant to this Agreement and will not be deemed a Released Claim, and (z) DBSP's rights under Section 2 herein) and (ii) nothing in this Agreement will impair the ability of any Party to assert any defense to any claim against it asserted by any other person or entity that arises out of or is related or connected to the Repurchase Agreements, the Guarantees, the Disputed Loans, or the DBSP MRA Loans, except as specifically set forth in this Agreement; and (iii) nothing in this Agreement or the mutual releases in Sections 7.A and 7.B will impair the rights of the Parties with respect to any claim that is not expressly referenced in Sections 7.A and 7.B.

9

8.    <u>**Waiver of Civil Code Section 1542.**</u>  With respect to the mutual releases set forth in Section 7 of this Agreement, each Party acknowledges that it has read and waives all protections and benefits of California Civil Code section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

In connection with this waiver, each Party acknowledges that it is aware that it may later discover claims presently unknown or facts in addition to or different from those it now knows or believes to be true with respect to the Released Claims.  Nevertheless, each Party knowingly and on the advice of counsel waives any right it has now or may have in the future under Civil Code section 1542 with regard to the Released Claims.  Each Party further affirms that it understands the significance and consequence of this release and specific waiver of Civil Code section 1542.  Each Party intends to release fully, finally, and forever, in the manner described herein, all Released Claims.

9.    <u>**Court Orders Approving Settlement and Dismissing the Complaint with Prejudice; Notice to Creditors of the Debtors' Estate and Interested Parties.**</u>  The effectiveness of this Agreement is conditioned upon the entry by the Bankruptcy Court, in form and substance reasonably acceptable to the Debtors, DBSP and the Official Committee of Unsecured Creditors of the Debtors (the **"Committee"**) of an order (the **"Order"**), findings of fact, and conclusions of law (the **"Findings"**):  (i) approving this Agreement and authorizing the Debtors to enter into and to perform its obligations under this Agreement, (ii) dismissing the

10

Complaint with prejudice, (iii) making the determinations required by this Agreement and (iv) if the Bankruptcy Court will grant such relief upon the Motion (as defined below), barring and enjoining forever the prosecution of the Released Claims by any person. The Debtors promptly will prepare a motion seeking approval of this Agreement (the **"Motion"**) in form and substance acceptable to DBSP and the Committee. The Debtors will schedule a hearing on the Motion at the earliest reasonable date available and will serve notice of the Motion (indicating the hearing thereon and deadlines for filing oppositions) on creditors of the bankruptcy estate and other interested persons or entities (including all persons or entities entitled to notice), as provided in Federal Rules of Bankruptcy Procedure 2002 and 9019.

10.    **No Admission of Liability.**  This Agreement may not be used for any purpose other than to enforce the rights set forth herein. Nothing in this Agreement will be deemed an admission of liability or wrongdoing by any person, Party, or entity, nor may anything in this Agreement be cited for that purpose.

11.    **Entire Agreement.**  This Agreement contains the entire agreement and understanding of the Parties with respect to the settlement of the Adversary Proceeding and the other matters incorporated in this Agreement, as well as the Agreement itself. This Agreement will survive the closure, dismissal, or conversion to Chapter 11 of the Bankruptcy Case. This Agreement may not be modified, supplemented, or canceled, except pursuant to an instrument in writing signed by the Parties.

12.    **Governing Law.**  Except to the extent that the Bankruptcy Code applies to the matters set forth herein, this Agreement will be governed by the laws of the State of New York, including all matters involving conflicts-of-law principles.

11

13.    **Counterparts.**  This Agreement may be signed in one or more counterparts, each of which is deemed an original but all of which, together, are deemed to constitute a single document.  A photocopy or facsimile of this Agreement or of the signatures hereto will serve in place of an original.

14.    **Construction and No *Contra Proferentem*.**  When necessary, all terms used in the singular apply to the plural, and vice versa; and the present tense includes the past and future tense, and vice versa.  The language in all parts of this Agreement in all cases will be construed simply, according to its fair meaning, and not strictly for or against any of the Parties.  Each Party participated in drafting this Agreement, and no ambiguity will be construed against either Party as the draftsperson.

15.    **Scope and Binding Nature of Obligations, Conditions to Effectiveness.**  The Parties expressly acknowledge that the covenants, agreements, and waivers provided in the Agreement will become effective upon the "Effective Date," which shall be the first day upon which each of the following conditions has been satisfied or, with respect to the third condition, waived by all Parties in writing: (i) this Agreement has been signed by all Parties, (ii) the Order and the Findings have been entered by the Bankruptcy Court, and (iii) the Order has become effective and is not stayed.  After the Effective Date, this Agreement may not later be rescinded or revoked.  This Agreement is binding on any successors or assigns of the Parties.  DBSP represents and warrants that it is the owner of the DBSP Released Claims and all rights and interests under the Repurchase Agreements and the Guarantees and have not assigned or transferred any such rights, interests, or claims.

12

16.    **Retention of Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction to enforce this Agreement, including issuing any injunction or other order appropriate to enforce its terms, to determine any dispute concerning this Agreement and to take such other actions as are appropriate to carry out the terms of this Agreement.

17.    **Authority of Signatories.**  Each person signing this Agreement certifies that he or she is duly authorized to sign this Agreement by the Party or Parties on whose behalf he or she purports to sign.

18.    **Further Assurances**.  Upon execution of this Agreement, each Party agrees that it is obligated to take all reasonable steps necessary to cause its provisions to become effective, including without limitation, filing the Motion and seeking approval of the Order and Findings. The Parties agree to take such further action as may be reasonably necessary to provide each other with the benefits of this Agreement and will execute such additional documents as may be necessary to achieve that result.

[Signatures on Next Page]

13

IN WITNESS WHEREOF, each of the Debtors and DBSP have signed this Agreement as of the date stated in the first sentence of this Agreement.

**DB STRUCTURED PRODUCTS, INC.**

By: _____

Print Name: _____

Title: _____

**DB STRUCTURED PRODUCTS, INC.**

By: _____

Print Name: _____

Title: _____

**DEBTORS:**

**NEW CENTURY FINANCIAL CORPORATION**, a Maryland corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY TRS HOLDINGS, INC.,** a Delaware corporation

By: _____

Print Name:_____

Title: _____

**NEW CENTURY MORTGAGE CORPORATION**, a California corporation

By:_____

Print Name:_____

Title: _____

**NC CAPITAL CORPORATION**, a California corporation

By:_____

Print Name:_____

Title: _____

**HOME123 CORPORATION**, a California corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY CREDIT CORPORATION**, a California corporation

By:_____

Print Name:_____

Title: _____

**NC ASSET HOLDING, L.P.**, a Delaware limited partnership

By:[                    ]
Its General Partner

   By: _____

   Print Name: _____

   Title: _____

**NC RESIDUAL III CORPORATION**, a Delaware corporation

By:_____

Print Name:_____

Title: _____

**NC RESIDUAL IV CORPORATION**, a Delaware corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY R.E.O. CORP.**, a California corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY R.E.O. II CORP.**, a California corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY R.E.O. III CORP.**, a California corporation

By:_____

Print Name:_____

Title: _____

**NEW CENTURY MORTGAGE VENTURES, LLC**, a Delaware limited liability company

By: [                    ]
Its:  Managing Member

   By:_____

   Print Name:_____

   Title: _____

**NC DELTEX, LLC**, a Delaware limited liability company

By: [                    ]
Its:  Managing Member

   By:_____

   Print Name:_____

   Title: _____

**NCORAL, L.P.**, a Delaware limited liability
company

By: [                    ]
Its:  General Partner

By:_____

Print Name:_____

Title:  _____

## Exhibit A
### Disputed Loans*

**\* The attached version of Exhibit A has been redacted for filing purposes.**

| LOAN NO. | CITY | STATE | ZIP CODE |
|----------|------|-------|----------|
| 10610877 | BEND | OR | 97702 |
| 1007737381 | BATAVIA | NY | 14020 |
| 1007947010 | OMAHA | NE | 68144 |
| 1008726694 | ATLANTA | GA | 30312 |
| 1008751521 | TACOMA | WA | 98445 |
| 1008821616 | CLEVELAND | OH | 44106 |
| 1008934157 | COLUMBUS | OH | 43206 |
| 1008971400 | ATLANTA | GA | 30310 |
| 1009081753 | ST GEORGE | UT | 84770 |
| 1009251855 | ROCK HILL | SC | 29730 |
| 1009287746 | ORANGE PARK | FL | 32065 |
| 1009502763 | KEAAU | HI | 96749 |
| 1009609676 | COLORADO SPRINGS | CO | 80906 |
| 1009686146 | SAN CLEMENTE | CA | 92673 |
| 1009866460 | PROVIDENCE | RI | 02905 |
| 1009913533 | INDIANAPOLIS | IN | 46218 |
| 1009973932 | DETROIT | MI | 48223 |
| 1010033055 | MISSION | TX | 78574 |
| 1010089824 | LEBANON | PA | 17042 |
| 1010127061 | DAYTON | OH | 45415 |
| 1010168150 | DES MOINES | IA | 50315 |
| 1010250211 | PROVIDENCE | RI | 02909 |
| 1010320342 | OTSEGO | MN | 55362 |
| 1010368924 | FLINT | MI | 48504 |
| 1010401781 | DETROIT | MI | 48227 |
| 1010503966 | OXNARD | CA | 93030 |
| 1010592977 | ATLANTA | GA | 30315 |
| 1010624050 | ATLANTA | GA | 30318 |
| 1010633923 | WARREN | OH | 44483 |
| 1010800163 | DENVER | CO | 80236 |
| 1010855773 | PHILADELPHIA | PA | 19125 |
| 1010874869 | CHATTANOOGA | TN | 37411 |
| 1010930889 | LANCASTER | CA | 93535 |
| 1011067935 | BAKERSFIELD | CA | 93304 |
| 1011170001 | BURNSVILLE | MN | 55306 |
| 1006712480 | HOUSTON | TX | 77028 |
| 1007164971 | PETOSKEY | MI | 49770 |
| 1007351180 | CLEVELAND | OH | 44104 |
| 1007413211 | AKRON | OH | 44307 |
| 1007416922 | ATLANTA | GA | 30318 |
| 1007558617 | SALEM | MA | 01970 |
| 1007562853 | ADELANTO | CA | 92301 |
| 1007574662 | WINSTON SALEM | NC | 27103 |
| 1007664280 | NEWARK | NJ | 07104 |
| 1007695327 | KANSAS CITY | MO | 64128 |
| 1007736159 | MINNEAPOLIS | MN | 55411 |
| 1007756332 | SACRAMENTO | CA | 95820 |
| 1007769676 | FALLBROOK | CA | 92028 |
| 1007784007 | KEENE | NH | 03431 |
| 1007789529 | PALMDALE | CA | 93550 |
| 1007921797 | ANTIOCH | TN | 37013 |

| | | | |
|---|---|---|---|
| 1007931465 | CLEVELAND | OH | 44127 |
| 1007938002 | HOLLISTER | MO | 65672 |
| 1008070954 | SAN FRANCISCO | CA | 94102 |
| 1008077653 | PITTSBURGH | PA | 15210 |
| 1008127332 | KANSAS CITY | MO | 64132 |
| 1008220338 | VALLEJO | CA | 94589 |
| 1008249772 | CINCINNATI | OH | 45207 |
| 1008256246 | DOUGLAS | GA | 31533 |
| 1008296275 | OAKLAND | CA | 94605 |
| 1008341234 | GREEN BAY | WI | 54313 |
| 1008345542 | HONOLULU | HI | 96825 |
| 1008397246 | MINNEAPOLIS | MN | 55412 |
| 1008411462 | EAST CLEVELAND | OH | 44112 |
| 1008418964 | LANSING | MI | 48906 |
| 1008449235 | WARWICK | RI | 02889 |
| 1008484115 | ROCK HILL | SC | 29732 |
| 1008559696 | BIRMINGHAM | AL | 35215 |
| 1008578960 | CLEVELAND | OH | 44106 |
| 1008794753 | ALBUQUERQUE | NM | 87114 |
| 1008810389 | GIBSONIA | PA | 15044 |
| 1008810593 | GARY | IN | 46403 |
| 1008886119 | MONTCLAIR | NJ | 07043 |
| 1008930918 | GULFPORT | MS | 39503 |
| 1008974041 | SHELBY | NC | 28152 |
| 1009001867 | BROOKLYN | NY | 11212 |
| 1009178926 | HIXSON | TN | 37343 |
| 10430070 | HOUSTON | TX | 77031 |
| 1006561106 | ATLANTA | GA | 30350 |
| 1007134460 | BRADFORD | OH | 45308 |
| 1007244831 | PAINESVILLE | OH | 44077 |
| 1007259502 | FORT WAYNE | IN | 46806 |
| 1007359100 | SPOKANE VALLEY | WA | 99216 |
| 1007382307 | HOUSTON | TX | 77073 |
| 1007462685 | CINCINNATI | OH | 45231 |
| 1007565850 | HAVERSTRAW | NY | 10927 |
| 1007770067 | TAUNTON | MA | 02718 |
| 1007793499 | WATERLOO | IA | 50702 |
| 1007931321 | HOUSTON | TX | 77091 |
| 1007979155 | SAN JUAN | TX | 78589 |
| 1008027066 | PITTSBURGH | PA | 15236 |
| 1008030196 | WHITINSVILLE | MA | 01588 |
| 1008149121 | ATHENS | AL | 35614 |
| 1006299007 | PALMDALE | CA | 93551 |
| 1006363641 | TERRE HAUTE | IN | 47802 |
| 1006637491 | MIDDLETOWN | OH | 45044 |
| 1006715398 | CHICAGO | IL | 60623 |
| 1006717056 | WEST EDMESTON | NY | 13485 |
| 1006732495 | NEWARK | NJ | 07103 |
| 1006767199 | CHULA VISTA | CA | 91911 |
| 1006784606 | ORANGEBURG | SC | 29115 |
| 1006871511 | MERRITT ISLAND | FL | 32953 |
| 1006953656 | CINCINNATI | OH | 45204 |

| | | | |
|---|---|---|---|
| 1006962183 | DURHAM | NH | 03824 |
| 1006964403 | LAURELTON | NY | 11413 |
| 1007039322 | PALM BEACH GARDENS | FL | 33418 |
| 1007103387 | NORTH PORT | FL | 34288 |
| 1007206748 | RAVENNA | KY | 40472 |
| 1007318761 | CLEVELAND | OH | 44128 |
| 1007406568 | PATTERSON | CA | 95363 |
| 1007437856 | VALLEY VILLAGE AREA | CA | 91607 |
| 1007478909 | ROCHESTER | NY | 14609 |
| 1007571166 | MILWAUKEE | WI | 53216 |
| 1007637293 | HAMILTON | OH | 45011 |
| 1007652211 | CLEARFIELD | UT | 84015 |
| 1007746433 | STATEN ISLAND | NY | 10310 |
| 1007823830 | OAKLAND | CA | 94603 |
| 1007882044 | BRENTWOOD | NY | 11717 |
| 1008018110 | CANTON | OH | 44707 |
| 1008200528 | AGAWAM | MA | 01001 |
| 1008262569 | ROUGEMONT | NC | 27572 |
| 1008308459 | GRANVILLE SUMMIT | PA | 16926 |
| 1008374029 | LAKE MARY | FL | 32746 |
| 1008418410 | LODI | CA | 95240 |
| 1008455904 | STOCKTON | CA | 95203 |
| 1008480146 | MESA | AZ | 85204 |
| 1008600551 | HENDERSON | NV | 89015 |
| 1008636755 | SAINT LOUIS | MO | 63121 |
| 1008668827 | BETHPAGE | NY | 11714 |
| 1008672135 | BUFORD | GA | 30518 |
| 1008688716 | COLUMBUS | OH | 43206 |
| 1008750522 | VICTORVILLE | CA | 92392 |
| 10339253 | NEWARK | NJ | 07017 |
| 10377794 | HONEY GROVE | TX | 75446 |
| 1004604958 | SOUTH HOLLAND | IL | 60473 |
| 1005655873 | AKRON | OH | 44301 |
| 1005986061 | GARY | IN | 46408 |
| 1006201923 | CHICAGO | IL | 60609 |
| 1006211636 | GARY | IN | 46409 |
| 1003256176 | MIAMI GARDENS | FL | 33056 |
| 1005124171 | BETTENDORF | IA | 52722 |
| 1005204361 | WHITTIER | CA | 90602 |
| 1005427059 | HUNTINGTON STATION | NY | 11746 |
| 1005494967 | GLOUCESTER CITY | NJ | 08030 |
| 1005626405 | CHICAGO | IL | 60644 |
| 1006396090 | WASHINGTON | DC | 20037 |
| 1007457487 | BRYANS ROAD | MD | 20616 |
| 1008339069 | MOUNT VERNON | IL | 62864 |
| 1009485363 | CHICAGO | IL | 60624 |
| 1005597142 | SOUTH BEND | IN | 46628 |
| 1005886614 | NORTHGLENN | CO | 80233 |
| 1006439892 | DUANESBURG | NY | 12056 |
| 1006448089 | ROSELLE | NJ | 07203 |
| 1006583869 | STOCKBRIDGE | GA | 30281 |
| 1006630871 | FRANKLIN | IN | 46131 |

| | | | |
|---|---|---|---|
| 1006800875 | LOS ANGELES | CA | 90016 |
| 1006824706 | FREEPORT | NY | 11520 |
| 1006851775 | UPPER DARBY | PA | 19082 |
| 1007060850 | BROKEN ARROW | OK | 74012 |
| 1007670424 | CHICAGO | IL | 60630 |
| 1008134878 | MABLETON | GA | 30126 |
| 1007429767 | LEXINGTON | SC | 29073 |
| 1008076431 | CANTON | IL | 61520 |
| 1008249004 | CLINTON | IA | 52732 |
| 1008549788 | INKSTER | MI | 48141 |
| 1008636498 | LEHIGH ACRES | FL | 33936 |
| 1008756688 | MAYS LANDING | NJ | 08330 |
| 1008989295 | WILLIAMSTOWN | NJ | 08094 |
| 1009033315 | BROOKLYN | NY | 11208 |
| 1009092974 | NEW IBERIA | LA | 70563 |
| 1009194034 | LINCOLN PARK | MI | 48146 |
| 1009253201 | ALBANY | NY | 12204 |
| 1009290769 | DETROIT | MI | 48223 |
| 1009325839 | SAINT LOUIS | MO | 63135 |
| 1009332901 | NEW RICHMOND | WI | 54017 |
| 1009361371 | EAST CLEVELAND | OH | 44112 |
| 1009371146 | CHICAGO | IL | 60617 |
| 1009398626 | ATLANTA | GA | 30311 |
| 10417631 | STOCKBRIDGE | GA | 30281 |
| 10422180 | LA PORTE | TX | 77571 |
| 10436600 | FORT MYERS | FL | 33916 |
| 10449922 | BROOKLYN | NY | 11234 |
| 10460843 | SAN DIEGO | CA | 92130 |
| 10464529 | SAN JACINTO | CA | 92583 |
| 10483085 | LAS VEGAS | NV | 89108 |
| 10484360 | EDGEWOOD | NM | 87015 |
| 10488202 | SAN DIEGO | CA | 92139 |
| 10489255 | WATAUGA | TX | 76148 |
| 10489282 | FORT WORTH | TX | 76137 |
| 10489323 | FORT WORTH | TX | 76137 |
| 10489328 | WATAUGA | TX | 76148 |
| 10492209 | PALMDALE | CA | 93551 |
| 10492429 | TEHACHAPI | CA | 93561 |
| 10493554 | MARIETTA | GA | 30066 |
| 10498743 | CHICAGO | IL | 60657 |
| 10502626 | PARK FOREST | IL | 60466 |
| 10503000 | CASTLE ROCK | CO | 80108 |
| 10506360 | GEORGETOWN | TX | 78626 |
| 10509250 | BIG BEAR LAKE | CA | 92315 |
| 10510293 | AURORA | CO | 80015 |
| 10510600 | MURRIETA | CA | 92562 |
| 10518144 | MURRIETA | CA | 92562 |
| 10518606 | CONWAY | SC | 29527 |
| 10520128 | ANTIOCH | CA | 94509 |
| 10529679 | PALMDALE | CA | 93591 |
| 10530775 | TALLAHASSEE | FL | 32303 |
| 10538966 | AUSTIN | TX | 78737 |

| 10540482 | ATLANTA | GA | 30317 |
|----------|---------|-----|-------|
| 10546480 | AURORA | CO | 80013 |
| 10546558 | KATY | TX | 77450 |
| 10548714 | WILMINGTON | NC | 28405 |
| 10550787 | HONOLULU | HI | 96818 |
| 10555237 | LADSON | SC | 29456 |
| 10559489 | RAYMORE | MO | 64083 |
| 10562367 | OAKLAND | CA | 94611 |
| 10563361 | KISSIMMEE | FL | 34747 |
| 10566241 | JENKINTOWN | PA | 19046 |
| 10569013 | GLENVIEW | IL | 60025 |
| 10571335 | FORT COLLINS | CO | 80521 |
| 10571762 | PHILADELPHIA | PA | 19125 |
| 10639244 | PARK RIDGE | IL | 60068 |
| 10641953 | BONHAM | TX | 75418 |
| 10659718 | VON ORMY | TX | 78073 |
| 10668511 | FORT. PIERCE | FL | 34982 |
| 10674481 | LENOIR | NC | 28645 |
| 10701421 | PHILADELPHIA | PA | 19133 |
| 10702391 | PHILADELPHIA | PA | 19140 |
| 1004974969 | SAN DIEGO | CA | 92115 |
| 1007327047 | BLOOMINGTON | MN | 55420 |
| 1008427419 | CHANDLER | AZ | 85248 |
| 1008849204 | BALTIMORE | MD | 21226 |
| 1009059886 | HANFORD | CA | 93230 |
| 1009156361 | DETROIT | MI | 48238 |
| 1009347744 | FRESNO | CA | 93706 |
| 1009398270 | CHATTANOOGA | TN | 37416 |