IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Proposed Hearing Date: 8/21/07 at 1:30 p.m. |
| | : | Proposed Objection Deadline: 8/20/07 at 12:00 p.m. |
| | | |
| | | Re: Docket Nos. 2212 & 2213 |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO SHORTEN NOTICE AND OBJECTION PERIODS AND LIMIT NOTICE FOR (1) MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105(a), 361, 363, 502 AND 542 OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT AGREEMENT WITH DB STRUCTURED PRODUCTS, INC. AND (2) MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH AUCTION OF RESIDENTIAL MORTGAGE LOANS, (B) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF RESIDENTIAL MORTGAGE LOANS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF AND (II) AN ORDER (A) APPROVING THE PROPOSED SALE AND (B) GRANTING RELATED RELIEF**

The above captioned debtors and debtors in possession (the "Debtors") hereby move the Court for an order pursuant to Rules 4001 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shortening the notice and objection periods and limiting notice (the "Motion to Shorten") for (1) the Motion of Debtors and Debtors in Possession Pursuant to Bankruptcy Rule 9019 and Sections 105(a), 361, 363, 502 and 542 of the Bankruptcy Code for Approval of Settlement Agreement with DB Structured Products, Inc. (the "DB Settlement Motion") and (2) the Motion of the Debtors and Debtors in Possession for (I) an Order (A) Approving Bidding Procedures in Connection with Auction of Residential Mortgage Loans, (B) Scheduling Hearing to Consider Proposed Sale of Residential Mortgage Loans and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief (the "Bid Procedures Motion") (collectively, the "Underlying Motions"). Copies of the Underlying Motions are attached hereto as Exhibit A1 and Exhibit A2, respectively. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Relief Requested

1. The Debtors respectfully request that the Court enter an order permitting the Underlying Motions to be heard on August 21, 2007 at 1:30 p.m. (Eastern Daylight Time) (the "Hearing") and establishing the objection deadline for the Underlying Motions as August 20, 2007 at 12:00 p.m. (Eastern Daylight Time). The Debtors intend to provide notice of the Underlying Motions via overnight mail to the Applicable Parties (as defined at ¶5 below), thus granting such parties thirteen (13) days notice of the Hearing on the Underlying Motions. Further, the Debtors respectfully request that the requirement under Bankruptcy Rule 2002(a)(3) that all creditors be served with the DB Settlement Motion be waived.

2. Local Rule 9006-1(c) requires that all motion papers shall be filed and served at least fifteen (15) days prior to a hearing date scheduled for such motion, and eighteen

2

RLF1-3187545-2

(18) days if notice is given by mail, unless the Bankruptcy Rules state otherwise. Bankruptcy Rule 2002(a)(3) require that parties in interest, including all creditors, shall receive twenty (20) days' notice of a hearing on the approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Bankruptcy Rule 4001(d), unless the Court for cause shown directs that notice not be sent. Additionally, Local Rule 9006-1(c) provides that objection deadlines be set at least five (5) business days before a hearing date. The Debtors submit that allowing parties-in-interest additional time in which to object to the relief requested in the Underlying Motion is warranted given the shortened notice of the Hearing. Accordingly, the Debtors respectfully submit that the parties-in-interest will not be prejudiced by the dates proposed herein.

3. The Motion to Shorten and the Underlying Motions are fully supported by the Official Committee of Unsecured Creditors (the "Committee") which has been intimately involved in the settlement negotiations and structuring the proposed sale process. The Debtors are seeking a proposed sale hearing date of September 11, 2007 and the approval of the Settlement Agreement[2] is a necessary condition precedent to selling these loans.

4. Thus, if the DB Settlement Motion is not heard at the August 21, 2007 omnibus hearing either: (i) bidders for these loans will face uncertainty as to whether the sale will go forward as there will be a risk that the Settlement Agreement might not be approved, which could adversely affect bids, or (ii) the Debtors will need to delay the sale hearing, which would require the estates to bear the market risk of deterioration in the prices of these loans during that delay. The Debtors and the Committee believe that having the estates bear the market risk inherent in delaying the sale hearing would be unwise. Further, the Debtors and the

---

[2] This term shall have the meaning ascribed to it in the DB Settlement Motion.

Committee believe that providing bidders with certainty that the Settlement Agreement has been approved will enhance the value of bids received for these loans. With respect to the Bid Procedures Motion, as it is inexorably intertwined with the DB Settlement Motion, it should be heard at the same hearing. Finally, given the voluminous nature of the full creditor matrix and the service of the DB Settlement Motion on those parties who have timely requested notice under Bankruptcy Rule 2002, the Debtors believe a waiver of the requirement under Bankruptcy Rule 2002(a)(3) that they serve all creditors with the DB Settlement Motion is warranted. For these reasons, shortening the notice and objection periods and limiting notice on the Underlying Motions is appropriate.

5. Notice of the Underlying Motions has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (3) the Examiner appointed in these chapter 11 cases; (4) the Committee; (5) all parties who have timely filed requests for notice under Bankruptcy Rule 2002; (6) any special service parties described in the Underlying Motions (collectively, the "Applicable Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request the entry of an order in the form attached hereto as Exhibit B: (i) permitting the Underlying Motions to be heard at the hearing on August 21, 2007 at 1:30 p.m. (Eastern Daylight Time), (ii) establishing the objection deadline for the Underlying Motions as August 20, 2007 at 12:00 p.m. (Eastern Daylight Time), (iii) waiving the requirement that the Debtors serve the DB Settlement Motion on all creditors and (vi) granting such other and further relief as may be just and proper.

Dated: August 8, 2007
Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Brian M. Metcalf
Victoria A. Newmark
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

RLF1-3187545-2