**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket Nos. 1877, 2101 & 2146** |
| | : | |

**ORDER (I) DENYING THE MOTION OF POSITIVE SOFTWARE SOLUTIONS, INC. FOR RELIEF FROM THE STAY REGARDING COPYRIGHT INFRINGEMENT LITIGATION AND (II) GRANTING THE DEBTORS' CROSS-MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

This matter coming before the Court on the Motion of Positive Software Solutions, Inc. ("PSSI") for Relief from the Stay Regarding Copyright Infringement Litigation (the "Motion"), and the Court having reviewed the Motion and the responses thereto by the Creditors Committee and by the debtors and debtors in possession (the "Debtors"), which response included a Cross-Motion for Sanctions for Violation of the Automatic Stay (the "Cross-Motion"); and the Court having considered PSSI's reply papers, which included a response to the Cross Motion; and the Court having heard the statements of counsel regarding the relief requested in the Motion and the Cross-Motion at a hearing held before the Court on August 7, 2007 (the "Hearing"); the Court

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is hereby DENIED without prejudice for the reasons set forth on the record at the Hearing.

2. The Cross-Motion is hereby GRANTED for the reasons set forth on the record at the Hearing.

3. The Court hereby adopts and incorporates by reference the reasons set forth on the record at the Hearing as its findings of fact and conclusions of law with respect to the Motion and the Cross-Motion.

4. An evidentiary hearing will be held on _____, 2007 at _____:m to determine the amount of the damages to be awarded to the Debtors ("Damages") on their Cross-Motion for PSSI's violations of the automatic stay (the "Evidentiary Hearing").

5. Damages shall include the dollar value of reasonable time spent by the Debtors' bankruptcy counsel and their counsel in the Texas District Court case in connection with violations of the stay. The Debtors may offer proof of other asserted damages for the Court's consideration at the Evidentiary Hearing.

6. The Debtors shall file one or more affidavits or declarations on or before _____, 2007, setting forth the damages they seek to prove at the Evidentiary Hearing. Any objections shall be filed on or before _____, 2007.

      7.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

SO ORDERED,

this ___ day of August, 2007

                                                                                 _____
                                                                                THE HONORABLE KEVIN J. CAREY
                                                                                UNITED STATES BANKRUPTCY JUDGE