**IN THE UNITED STATES BANKRUPTCY
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416 (KJC)<br>(Jointly Administered)<br><br>Re: Docket Nos. 2157 and 2194<br><br>**Hearing Date: August 21, 2007 at 1:30 p.m.**<br>**Objection Deadline: August 14, 2007 at 4:00 p.m.** |

**LIMITED OBJECTION OF NEW YORK STATE TEACHERS' RETIREMENT
SYSTEM TO DEBTORS' MOTION TO EXPAND SCOPE OF ORDER
ESTABLISHING MISCELLANEOUS SALE PROCEDURES**

   The New York State Teachers' Retirement System, the lead plaintiff ("Lead Plaintiff")[1] in the securities class lawsuit captioned *In re New Century*, Case No. 07-cv-00931-DDP (JTLx) (the "Securities Litigation") pending in the United States District Court for the Central District of California (the "District Court"), filed on behalf of the putative class of investors who purchased securities of New Century Financial Corp. ("New Century"), one of the debtors herein, during the period from February 3, 2005 to March 2, 2007, inclusive (the "Class Period"), asserts this limited objection (the "Objection") to the Debtors' motion (Docket No. 2157) and amended motion (Docket No. 2194) to expand the scope of the Court's prior order establishing miscellaneous sale procedures (collectively, the "Motion"). In support of this Objection, Lead Plaintiff respectfully states:

---

[1]  The New York State Teachers' Retirement System was appointed lead plaintiff on June 26, 2007.

## RELEVANT BACKGROUND

1.      On April 2, 2007 (the "Petition Date"), New Century Holdings, Inc. and its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    On June 1, 2007, the Court authorized the appointment of an examiner to investigate, among other things, certain accounting and financial statement irregularities, errors or misstatements.    On June 7, 2007, the Court approved the appointment of Michael J. Missal, Esq., as the examiner.

3.      Prior to the Petition Date, approximately twenty (20) securities class action complaints were filed in the District Court.   The complaints allege violations of certain federal securities laws by the Debtors and certain of their current and/or former officers and directors (collectively, the "Non-Debtor Defendants").   The allegations arise from, *inter alia*, false and misleading statements concerning New Century's financial results and business made during the Class Period.

4.      Although New Century was named as a defendant in several of the class action complaints filed prior to the Petition Date, pursuant to section 362(a) of the Bankruptcy Code, New Century will not be named as a defendant in the consolidated complaint to be filed by Lead Plaintiff.   The Securities Litigation is proceeding against the Non-Debtor Defendants.

5.      On May 16, 2007, the Court entered an order establishing miscellaneous sale procedures (the "Miscellaneous Sale Procedures Order").[2]   *See* Docket No. 704.   The

---

[2]      The Motion, at paragraph 3, states that the Miscellaneous Sale Procedures Order was entered on May 15, 2007.   The Court signed the Miscellaneous Sale Procedures Order on May 15, 2007, but it was not entered on the Court's docket until May 16, 2007.

Miscellaneous Sale Procedures Order establishes procedures for the Debtors to sell personal property of *de minimis* value without having to obtain a separate order approving each such sale.

6.      Through the Motion, the Debtors seek to expand the scope of the Miscellaneous Sale Procedures Order to: (i) increase the dollar limit to permit the Debtors to sell assets for up to $400,000, (ii) permit the Debtors to sell internet domain names, other intangible property, and unclaimed personal property formerly subject to a lease that has been rejected by the Debtors, and (iii) authorize the Debtors to sell unencumbered mortgage loans and real properties obtained in the foreclosure of mortgage loans under certain circumstances. *See* Motion at ¶¶ 5-10.

## LIMITED OBJECTION

7.      Lead Plaintiff does not object to the Debtors' request to expand the scope of the Miscellaneous Sale Procedures Order.  However, Lead Plaintiff seeks safeguards to prevent the sale or destruction of information that is stored in any tangible and intangible property (*i.e.*, computers, or any computer-related software or equipment) that could be sold pursuant to the Motion.  Lead Plaintiff submits that such information has, or potentially may have, relevance as evidence in the Securities Litigation or to the claims asserted against the Debtors by Lead Plaintiff on behalf of itself and the putative class.  It would unduly prejudice Lead Plaintiff and the putative class it represents if information potentially relevant to the Securities Litigation or Lead Plaintiff's claims against the Debtors was sold or otherwise transferred out of the Debtors' possession or control pursuant to the procedures set forth in the Motion.

8.      In connection with Lead Plaintiff's limited objection to the Debtors' Notice of Proposed Sale of Assets dated July 24, 2007 (Docket No. 2040), the Debtors advised Lead Plaintiff of a protocol providing for, *inter alia*, the backup and storage of all

information stored on the Debtors' computers and the suspension of the Debtors' document deletion policies. The foregoing protocol, if confirmed by the Debtors as being extant and in effect in connection with the order anticipated by the instant Motion, will ameliorate Lead Plaintiff's concerns as outlined in paragraph 7.

9.      Accordingly, Lead Plaintiff submits that the Debtors must confirm in writing the existence of, and follow, a protocol to backup, protect and preserve all information that is stored in any tangible and intangible property that the Debtors propose to sell pursuant to the procedures set forth in the Motion.

10.      Additionally, Lead Plaintiff submits that any order granting the Motion must expressly require the Debtors, before consummating the sale of any asset that contains information relating to the Debtors, to backup, preserve and protect such information in accordance with such an information preservation protocol.[3]

## CONCLUSION

11.      Based upon the foregoing, Lead Plaintiff respectfully requests that the Court deny the Motion unless (i) the Debtors confirm an information preservation protocol or implement a procedure to safeguard any and all information relevant to the Securities Litigation or Lead Plaintiff's and the putative class' claims against the Debtors; and (ii) a provision is added to the order granting the Motion that requires the Debtors to preserve information stored in any asset to be sold in accordance with such a protocol.

---

[3]      Lead Plaintiff is not seeking a ruling or finding with respect to the discoverability of any such information. This Objection seeks to insure that such information is preserved. Lead Plaintiff reserves the right to seek at an appropriate time discovery of all information relating to the Debtors that may be relevant in the Securities Litigation, to claims asserted against the Debtors, or otherwise.

Dated: August 14, 2007

**CROSS & SIMON LLC**

By:  /s/ Christopher P. Simon
Christopher P. Simon  (Bar No. 3967)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)

-- and --

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
S. Jason Teele (SJT 7390)
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff*

-- and --

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald, Esq.
Noam Mandel, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

Blair A. Nicholas, Esq.
Matthew Silben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Lead Counsel for Lead Plaintiff*