# EXHIBIT A

RLF1-3189476-1

## EXHIBIT A - BILL OF SALE AND PURCHASE AGREEMENT

THIS BILL OF SALE AND PURCHASE AGREEMENT (the "Agreement") is made and entered into August 10, 2007, by and between C-N-K Resale (the "Purchaser") and New Century Mortgage Corporation (the "Seller"), a debtor and debtor in possession under Case No. 07-10416 in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"):

### RECITALS

A.   Upon approval of this Agreement by the Bankruptcy Court, Seller hereby sells, conveys, delivers, transfers and assigns to Purchaser, and its successors and assigns, all of Seller's rights, title and interest in and to all of the assets listed and or described on **Exhibit "B"** attached hereto and incorporated herein by this reference (the "Assets").

B.   Purchaser and Seller wish to provide for the transfer of such right, title and interest in and to the Assets and for the price, payment terms and other terms and conditions applicable to such transfer.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.   **Transfer of Assets**. Effective upon entry of the Order as set forth in Section 4 below, Seller hereby sells, assigns, transfers, conveys and delivers to Purchaser all of Seller's rights, title and interest in and to the Assets.

2.   **Purchase Price**. The purchase price for the Assets is $4,000.00, which Purchaser shall pay in full to Seller in cash or other immediately available funds upon the execution of this Agreement (the "**Purchase Price**").

3.   **"AS IS" Transaction**. Purchaser hereby expressly acknowledges that Seller's interest in the Assets is being conveyed to Purchaser on an "as is" and "where is" basis with all faults, without recourse and without any oral or written warranties or representations, express or implied, the Purchaser hereby agrees to accept such interests on such basis. Without limiting the foregoing, Seller hereby expressly disclaims any implied warranty of merchantability or fitness of the Assets for any particular purpose.

4.   **Court Approval**. The effectiveness of this Agreement and the consummation of the sale are subject to the approval of the Bankruptcy Court as provided in the Order Pursuant to Bankruptcy Code Sections 105 and 363 Establishing Procedures Governing Miscellaneous Asset Sales [Dkt. No. 704] ("**Miscellaneous Assets Sale Order**"). Purchaser shall, at Purchaser's own cost, cooperate in good faith with the reasonable requests of Seller regarding the procurement of the Order and with any proceedings in connection therewith or in furtherance thereof, including, without limitation, providing evidence as may be required by the Bankruptcy Court. In the event that the Bankruptcy Court does not approve the sale of Assets as provided in the Miscellaneous Asset Sales Order, Seller shall return the Purchase Price to Purchaser, without interest, within five (5) business days after receipt of the Bankruptcy Court's written decision.

5. **Sale and Other Taxes**. Any and all sales or other taxes, if any (collectively, "Taxes"), relating to the sale of Assets in connection therewith shall be the sole responsibility of the Purchaser.

6. **Miscellaneous**.

6.1. **Attorneys' Fees**. In the event that either party hereto brings an action or other proceeding to enforce or interpret the terms and provisions of this Agreement, the prevailing party in that action or proceeding shall be entitled to have and recover from the non-prevailing party all such fees, costs and expenses (including, without limitation, all court costs and reasonable attorneys' fees) as the prevailing party may suffer or incur in pursuit or defense of such action.

6.2 **Termination**. Purchaser agrees that Seller may, on written notice to Purchaser, terminate this Agreement at any time before consummation of any sale approved in accordance with the Miscellaneous Asset Sales Order, should Seller determine, in its sole and absolute discretion, in consultation with the Official Committee of Unsecured Creditors, that the terms of this Agreement are (i) inadequate or insufficient, (ii) not in conformity with the Bankruptcy Code or (iii) contrary to the best interests of the Seller, its estate, and creditors.

6.3 **Bankruptcy Court Jurisdiction**. Purchaser and Seller agree that the Bankruptcy Court shall have and retain exclusive jurisdiction over any and all disputes hereunder, and hereby consent to and agree not to contest such exclusive jurisdiction.

6.4 **Entire Agreement**. This Agreement contains the entire agreement between Purchaser and Seller relating to the sale of the Assets. Any oral representations or modifications concerning this Agreement or any such other document shall be of no force and effect excepting a subsequent modification in writing, signed by the party to be charged.

6.5 **Modification**. This Agreement may be modified, amended or supplemented only by a written instrument duly executed by all the parties hereto.

6.6 **Severability**. Should any term, provision or paragraph of this Agreement be determined to be illegal or void or of no force and effect, the balance of the Agreement shall survive.

6.7 **Captions**. All captions and headings contained in this Agreement are for convenience of reference only and shall not be construed to limit or extend the terms or conditions of this Agreement.

6.8 **Waiver**. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

2

    6.9 **Binding Effect.** This Agreement shall bind and inure to the benefit of the respective heirs, personal representatives, successors, and assigns of the parties hereto.

    6.10 **Applicable Law.** THIS AGREEMENT SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF DELAWARE WITHOUT GIVING EFFECT TO RULES GOVERNING THE CONFLICT OF LAWS AND, TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

    6.11 **Construction.** In the interpretation and construction of this Agreement, the parties acknowledge that the terms hereof reflect extensive negotiations between the parties and this Agreement shall not be deemed, for the purpose of construction and interpretation, drafted by either party hereto.

    6.12 **Counterparts.** This Agreement may be signed in counterparts. The parties further agree that this Agreement may be executed by the exchange of facsimile signature pages provided that by doing so the parties agree to undertake to provide original signatures as soon thereafter as reasonable under the circumstances.

        **[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, Seller and Purchaser have duly executed and delivered this Bill of Sale and Purchase Agreement as of this 10th day of August 2007, to be effective on such date.

**SELLER:**

New Century Mortgage Corporation

By: _/s/ Elise Luckham_
Name: Elise Luckham
Title: VP, Corporate Services

**PURCHASER:**

C-N-K Resale

By: _/s/ Darrell Grant_
Name: Darrell Grant
Title: _____