**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          :    **Chapter 11**
                                                :
**NEW CENTURY TRS HOLDINGS,**                   :    **Case No. 07-10416 (KJC)**
**INC., a Delaware corporation, et al.,**[1]    :
                                                :    **Jointly Administered**
                       **Debtors.**             :
                                                :
                                                :

### STIPULATION TO TERMINATE LEASE

The parties to this stipulation are New Century Mortgage Corporation ("NCMC"),
on the one hand, and Intercontinental Stonecreek II, L.P. (the "Landlord", together with NCMC,
the "Parties"), on the other hand. The Parties hereby enter into this stipulation (the
"Stipulation") and agree as follows:

### RECITALS

WHEREAS, NCMC and the Landlord entered into an office Lease Agreement
effective as of January 1, 2008 (the "Lease"), which Lease covers approximately 12,000 square
feet of Net Rentable Area, located on the 4th floor (the "Premises") of the Building commonly
known as Stonecreek II, located at 11921 Mopac Drive, Austin, Travis County, Texas.

WHEREAS, Parties desire to terminate the Lease.

WHEREAS, the Landlord and NCMC has entered into an agreement to terminate
and cancel the Lease as to the Premises (the "Agreement") upon the entry of an order by the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp , a California corporation; New Century R E O II Corp , a California corporation; New Century R E O III Corp , a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation

United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing NCMC to enter into such Agreement. A copy of the Lease Termination Agreement is attached hereto as Exhibit A.

NOW THEREFORE, it is hereby stipulated and agreed by and between the NCMC and the Landlord, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1.    The Agreement is incorporated herein by this reference.

2.    Upon entry by the Court of an order, substantially in the form attached hereto as Exhibit B, approving this Stipulation, the termination of the Lease as reflected in the Agreement is effective

3.    This Stipulation and the Agreement contain the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

4.    The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

5.    The Bankruptcy Court shall retain jurisdiction to hear all matters arising

out of this Stipulation and the Agreement.

Dated: August 7, 2007

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Christopher M. Samis
(No. 4909)

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Dated: August 7, 2007

Intercontinental Stonecreek II, L.P.,

Andrea Salvi, Esq.
BRADLEY & ASSOCIATES
Attorneys At Law
1270 Soldiers Field Road
Boston, Massachusetts 02135-1003

Direct: (617) 779-0429
Fax: (617) 782-9442
andreas@bradleylegal.com

# EXHIBIT A

TERMINATION OF LEASE AGREEMENT

STATE OF TEXAS             §
                           §
COUNTY OF TRAVIS           §

This Termination of Lease Agreement (the "Agreement") is made by and between **INTERCONTINENTAL STONECREEK II, L.P.** (the "Landlord") and **NEW CENTURY MORTGAGE COPORATION** (the "Tenant") this ___ day of July, 2007.

WITNESSETH:

WHEREAS, the Landlord and the Tenant entered into an office Lease Agreement dated as of January 12, 2007 (the "Lease"), which Lease covers approximately 12,207 square feet of Net Rentable Area, located on the 4th floor (the "Leased Premises") of the Building commonly known as Stonecreek II, located at 11921 Mopac Drive, Austin, Travis County, Texas.

WHEREAS, Landlord and Tenant desire to terminate and cancel the Lease as to the Leased Premises upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing Tenant to enter into this Agreement.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

That Landlord and Tenant, for and in consideration of the premises and the mutual covenants herein contained, agree as follows:

1.  THIS PROVISION PROVIDES FOR A RELEASE OF TENANT. Except as provided in Section 2 below, Landlord does hereby RELEASE, REMISE, CANCEL and FOREVER DISCHARGE Tenant and Tenant's principals, agents, attorneys and employees, past, present and future and each of their respective heirs, representatives, sureties, affiliates, successors and assigns, from all disputes, demands, causes of action, claims, liabilities, obligations, debts or controversies which they, or any of their agents, employees, representatives, sureties, affiliates, successors and assigns may claim or assert or which may otherwise exist with respect to Tenant, including, but not limited to, any claims, whatsoever related to or in any way connected with the Lease or the Landlord/Tenant relationship between Landlord and Tenant, known or unknown, regardless of whether such claims, demands or damages arose in the past, exist presently, result from termination or rejection of the lease, or arise in the future. Landlord declares all of said claims, demands and causes of action to be fully and finally satisfied and released in all respects, whether said claims, demands, injury or loss involve personal injury, mental injury, economic injury or loss or injury of any nature, whether legal or equitable, asserted or unasserted, and whether or not economic effects of any such alleged claims, demands and causes of action arise or

are discovered in the future. Landlord warrants that this release of Tenant is intended to be of the broadest nature and to be dispositive of all matters concerning Tenant.

2. The foregoing notwithstanding, Landlord expressly reserves any and all rights with respect to any claims, demands, obligations, debts, controversies or causes of action that exist or may arise on account of (a) any brokerage commissions paid by Landlord or owed by Landlord to a third party in connection with the Lease; or (b) any allowances provided to Tenant or paid to a third party (on behalf of Tenant) in connection with build-out of the Leased Premises.

3. THIS PROVISION PROVIDES FOR A RELEASE OF LANDLORD. Except as provided in Section 4 below, Tenant does hereby RELEASE, REMISE, CANCEL and FOREVER DISCHARGE Landlord and the Landlord's officers, directors, shareholders, agents, attorneys, and employees, past, present and future and each of their respective heirs, representatives, sureties, affiliates, successors and assigns from all disputes, demands, causes of action, claims, liabilities, obligations, debts or controversies which they, or any of their agents, employees, representatives, sureties, affiliates, successors and assigns may claim or assert or which may otherwise exist with respect to Landlord, including, but not limited to, any claims whatsoever related to or in any way connected with the Lease or the Landlord/Tenant relationship between Landlord and Tenant, known or unknown, regardless of whether such claims, demands or damages arose in the past, exist presently, or arise in the future. Tenant declares all of said claims, demands and causes of action to be fully and finally satisfied and released in all respects, whether said claims, demands, injury or loss involve personal injury, mental injury, economic injury or loss or injury of any nature, whether legal or equitable, asserted or unasserted, and whether or not the economic effects of any such alleged claims, demands and causes of action arise or are discovered in the future. Tenant warrants that this release of Landlord is intended to be of the broadest nature and to be dispositive of all matters concerning Tenant.

4. The foregoing notwithstanding, the Tenant expressly reserves any and all defenses, objections and counterclaims that exist to or may arise on account of Section 2(a) and (b) above.

5. Landlord and Tenant represent that they have read and understand the effect of this Agreement; that they have executed this Agreement of their own free will and accord for the purposes and considerations set forth; and that no promises or representations have been made except as expressly stated herein.

6. Landlord and Tenant represent and warrant that they are the sole owner of any and all claims or causes of action released herein and that it has not heretofore assigned any interest therein to any other person or entity.

7. This Agreement constitutes the entire agreement between the parties with respect to the matters stated herein and both parties acknowledge that neither relies upon any

2

statements or representations by the other not contained herein. This Agreement can only be modified in a writing signed by both Landlord and Tenant.

8. This Agreement is subject to the approval and the jurisdiction of the Bankruptcy Court. Upon full execution of this Agreement, the Tenant shall promptly seek approval of such Agreement.

9. The persons signing this Agreement on behalf of Landlord and Tenant represent and warrant that they have the full and complete authority, corporate, partnership or otherwise, to bind Landlord and Tenant to this Agreement.

10. All terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the respective successors and assigns of the Landlord and Tenant including a trustee, if any, subsequently appointed under chapter 7 or 11 of the Bankruptcy Code.

11. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect, without being impaired or invalidated in any way.

12.   Landlord and Tenant understand and agree that this Agreement shall be governed by, construed and enforced in accordance with, and subject to, the laws of the State of Texas.  Venue for any dispute arising out of or in connection with this Agreement shall be in Travis County, Texas.

EXECUTED effective as of July 27, 2007.

By:  INTERCONTINENTAL STONECREEK II, L.P,

By:  Intercontinental Stonecreek II GP, LLC, its General Partner

By: _____

Name:  Peter Palandjian

Title:  President and Secretary

"Landlord"

NEW CENTURY  MORTGAGE
CORPORARTION
By: _____

Name: _____ Elise Luckham _____
           Vice President
Title: _____ Corporate Services _____

"Tenant"

4

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | |
| | : | |

## ORDER APPROVING STIPULATION TO TERMINATE LEASE

Upon review and consideration of the Stipulation to Terminate Lease (the "Stipulation"), and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.    The Stipulation is hereby approved.

2.    The Lease[2] is terminated as set forth in the Agreement.

3.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2007
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2]  Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Stipulation.