## EXHIBIT 1

RLF1-3190776-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., : | |
| a Delaware Corporation, et al.[1] | : Case No. 07-10416 (KJC) |
| | : |
| Debtors. | : |
| | : |

**AGREEMENT BETWEEN DEBTORS AND BRANDYWINE OPERATING
PARTNERSHIP, L.P. PROVIDING FOR REJECTION OF UNEXPIRED LEASE,
POSSESSION OF CERTAIN PROPERTY LEASED TO
DEBTORS, AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF**

This Agreement is made and is effective as of the 1st day of August, 2007, between New Century Mortgage Corporation and related debtors (collectively, the "Debtors") and Brandywine Operating Partnership, L.P. ("Brandywine").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

## I. BACKGROUND

A.  On April 2, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), commencing the instant bankruptcy case (the "Bankruptcy Case").

B.  Prior to the Petition Date, New Century Mortgage Corporation ("New Century"), as tenant, and Brandywine, as landlord, entered into the Pennsylvania Full Service Lease, dated August 4, 2004 (as subsequently amended and modified in writing, the "Lease") pursuant to which New Century was a tenant in Brandywine's real property at 630 West Germantown Pike, Plymouth Meeting, Pennsylvania (the "Premises"). Under the Lease, rent is due the first day of each month during the Lease term, which Lease term expires February 2010.

C.  On June 20, 2007, the Debtors filed its Notice of Rejection of Unexpired Lease of Non-Residential Real Property (D.I. 1564) (the "Notice of Rejection"). Pursuant to the Notice of Rejection and the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) ten (10) days after the Notice of Rejection was served or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to Brandywine.

D.  The Debtors failed to meet their post-petition obligations under the Lease, including payment of rent, for the months of June and July 2007.

E.  On July 23, 2007, Brandywine filed a Motion to Compel Debtors to Comply with 11 U.S.C. § 365(d)(3) (the "Motion").

F.   A dispute has arisen between the Debtors and Brandywine regarding, inter alia, the effective date of rejection of the Lease, the amount of post-petition obligations due and owing Brandywine, and when post-petition amounts owned Brandywine must be paid.

## II. AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Background, which is acknowledged and incorporated herein by reference and made a part of this Agreement, other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in order to avoid the costs and uncertainty of litigation, the parties hereto agree as follows:

1. The Lease shall be deemed rejected, terminated and surrendered pursuant to 11 U.S.C. §365, effective as of July 19, 2007.

2. Debtors shall pay to Brandywine for Brandywine's receipt within five (5) days of the date of the entry of the final order of the Bankruptcy Court approving this Agreement, the sum of $40,507.04 (the "Settlement Amount"). Payment of the Settlement Amount shall be made payable to "Brandywine Operating Partnership, L.P." in United States funds and delivered to:

> DRINKER BIDDLE & REATH LLP
> David P. Primack, Esq.
> 1100 North Market Street, Suite 1000
> Wilmington, Delaware 19801-1254

3. Brandywine is authorized and granted relief from the automatic stay of 11 U.S.C. §362 to setoff any security deposit of the Debtors against any amounts owed to Brandywine under the Lease.

4. The Motion is resolved.

5. Debtors and Brandywine hereby forever waive, release and discharge one another and their successors, assigns, affiliates, heirs, executors, administrators, and present or former direct or indirect shareholders and attorneys, of and from any and all manner of action and

actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing, including any actions arising under Chapter 5 of the Bankruptcy Code, provided however that Brandywine is not hereby releasing and this Agreement shall not otherwise affecting Brandywine's right to: (a) file a proof of claim (the "Claim") for damages arising from rejection of the Lease, including any prepetition arrearages and CAM reconciliation charges, (b) receive distribution(s) on the Claim, and (c) exercise Brandywine's rights as a creditor in the Debtors' Bankruptcy Case, including but not limited to Brandywine's right to vote on any proposed plan of reorganization.

6. This Stipulation may be executed in counterparts and in facsimile, and the counterparts together shall constitute a fully executed integrated agreement binding on all parties.

IN WITNESS WHEREOF, the parties, have executed this Agreement on the dates set forth below.

Dated: August 17, 2007

*/s/ David P. Primack*
David P. Primack, Esq.
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone No. (302) 467-4200
Facsimile No. (302) 467-4201

Attorneys for Brandywine Operating Partnership, L.P.

Dated: August 17, 2007

*/s/ Shannon Lowry Nagle*
Shannon Lowry Nagle, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone No. (212) 408-2452
Facsimile No. (212) 326-2061

Attorneys for Debtors

- 5 -