# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | **Case No. 07-10416 (KJC)** |
| **Debtors.** | **Jointly Administered** |
| | Objections Due By: August 31, 2007 |

## NOTICE OF REJECTION OF EXECUTORY CONTRACT

TO:    Legal Department
Calyx Software
6475 Camden Ave., Ste 207
San Jose, CA 95120

Tina Yang, Accounting Department Manager
Calyx Software
6475 Camden Ave., Ste 207
San Jose, CA 95120

Re:    Calyx Interfaces with Point License Agreement between New Century Mortgage Corporation and Calyx Technology, Inc dated February 14, 2007 (the "Agreement"); Addendum-WebConnect to Agreement dated February 14, 2007 ("Addendum No.1"); Addendum-WebConnect-Support to Agreement dated February 14, 2007 ("Addendum No. 2" and together with the Agreement and Addendum No.1, the "Executory Contract")
Monthly Obligation: Per transaction
Expiration Date: February 14, 2009

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

LA3:1137231 1
RLF1-3192201-1

**PLEASE TAKE NOTICE** that on April 25, 2007 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Executory Contract.[2] Pursuant to the terms of the Order, the Executory Contract shall be deemed rejected effective ten (10) days after this notice is served (the "Effective Date of Rejection").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Executory Contract, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Executory Contract" (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899, Attention: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, if any; and (iii) the Office of the United States Trustee.

---

[2] The Debtors reserve their rights as to the determination of whether the Executory Contract is an executory contract within the meaning of Section 365 of the Bankruptcy Code. Nothing in this Notice constitutes an admission by the Debtors that the Executory Contract is an executory contract within the meaning of Section 365 of the Bankruptcy Code. The Debtors hereby submit this Notice in an abundance of caution in order to reflect the Debtors' intention to terminate the Executory Contract and all obligations thereunder.

2

LA3:1137231.1
RLF1-3192201-1

Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Court will schedule a hearing to consider that objection. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease, sublease or interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not offset or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Executory Contract you are required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of Rejection.

*[Remainder of this page intentionally left blank.]*

Dated: August 21, 2007
      Wilmington, Delaware

Respectfully submitted,

*/s/ Christy M. [signature]*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION