IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket No. 1729 |

## SUPPLEMENT TO ORDER GRANTING ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 361, 362 AND 363(b)(1) AND ESTABLISHING PRELIMINARY PROCEDURES FOR RESOLVING CERTAIN CLAIMS

This matter coming before the Court on the Debtors' Motion For Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Court having entered on June 28, 2007 its "Order Granting Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) and Establishing Preliminary Procedures for Resolving Certain Claims" (the "Adequate Protection Order"); and the Debtors, the Committee, the Affected Repurchase Counterparties and the Affected Loan Purchasers having met and conferred and having agreed that the Adequate

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

Protection Order should be amended and supplemented as set forth herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;[2]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. No later than 10:00 am EDT on September 4, 2007, the Debtors shall deliver to each Affected Loan Purchaser and Affected Repurchase Counterparty individually, a report (a "Reconciliation Report") that sets forth the Debtors' reconciliation of the information set forth in the applicable Individual Report and any Alternative Accounting submitted by the Affected Loan Purchaser or the Affected Repurchase Counterparty, together with, in the case of each Affected Repurchase Counterparty, information listing all payments made during the applicable Accounting Period by the Debtors to the Affected Repurchase Counterparty with respect to the applicable repurchase agreement either via deposits into segregated accounts or direct payments to the Affected Repurchase Counterparty. Such Reconciliation Reports shall be in lieu of the Corrected Individual Reports provided for in the Adequate Protection Order.

2. From the date of the entry of this Order through September 14, 2007, the Debtors shall seek to resolve any disputes with Affected Repurchase Counterparties and Affected Loan Purchasers concerning factual matters set forth in the applicable Individual Report, Alternative Accounting and Reconciliation Report, as applicable, and will confer with Affected Repurchase Counterparties and Affected Loan Purchasers to the extent necessary.

3. No later than September 14, 2007, after consultation with the Committee, the Debtors shall distribute to the Affected Repurchase Counterparties and Affected Loan Purchasers: (i) a revised Global Report that shows the amount of money for each Affected

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion and the Adequate Protection Order, as applicable. In order to avoid doubt, Goldman Sachs Mortgage Company will be deemed an

Repurchase Counterparty and Affected Loan Purchaser that the Debtors, the Committee and such party agree is at issue, or if no agreement has been reached, the differing amounts asserted, (ii) the total amounts at issue with respect to all Affected Loan Purchasers and Affected Repurchase Counterparties (including ranges to the extent that the Debtors, the Committee and the Affected Repurchase Counterparty or Loan Purchaser have not reached agreement), shown as a numerator, and the amount of the total Escrowed Funds (i.e., approximately $42.1 million) shown as a denominator, and (iii) a settlement proposal. Such reports and settlement proposals shall be kept strictly confidential by the parties and may not be introduced in any proceeding for any purpose whatsoever.

4.  On or before August 31, 2007, each Affected Loan Purchaser and Affected Repurchase Counterparty will submit to the Debtors and the Committee its good faith written estimate of all claims against any of the Debtors asserted by such Repurchase Counterparty and/or Affected Loan Purchaser, and all affiliates of such Affected Repurchase Counterparty or Affected Loan Purchaser, and all partners, officers and directors of such affiliates. Such good faith estimate shall be accompanied by information setting forth the basis of the claims in reasonable detail and shall differentiate among different types of claims (e.g., claims under a repurchase agreement, claims for borrower early payment defaults related to a loan purchase, claims for premium recapture related to a loan purchase, and claims for breaches of representations and warranties related to a loan purchase). Such good faith estimates will be treated by the parties as settlement discussions, shall be kept strictly confidential and may not be introduced into evidence in any proceeding for any purpose whatsoever.

---

Affected Repurchase Counterparty with respect to its repurchase agreement with New Century Warehouse Corporation, for purposes of this Order and the Adequate Protection Order.

5.  The bar date for submitting any and all proofs of claim with respect to claims of any kind against any of the Debtors is extended for the Affected Repurchase Counterparties and the Affected Loan Purchasers, their affiliates, and their and their affiliates' partners, directors, and officers, to 5:00 pm Pacific Time on September 28, 2007. The proofs of claim submitted by Affected Repurchase Counterparties and Affected Loan Purchasers: (i) may be a consolidated proof of claim against one or more of the Debtors so long as such proof of claim clearly identifies which of the Debtors it is asserted against, (ii) need not attach a Master Repurchase Agreement or Loan Purchase Agreement or other agreements executed in connection therewith if the proof of claim identifies by title and date the documents on which it is based and offers to make such documents available to the Debtors or the Committee on request and to other parties requesting such information; provided that if any entity other than the Debtors requests a copy of a document containing pricing information or any other non-public information such information may, in the discretion of each Affected Repurchase Counterparty or Affected Loan Purchaser, be withheld, fully disclosed, redacted or disclosed subject to execution of a reasonable confidentiality agreement, and provided further, that nothing contained herein shall prejudice the rights of the Committee to seek to compel the production to it of such documents or non-public information under applicable law.

6.  The Outside Date set forth in paragraph 8 of the Adequate Protection Order is modified so that it shall be 5:00 pm Eastern Time on September 21, 2007. The Stay Period set forth in paragraph 8 of the Adequate Protection Order is, accordingly, extended to that revised Outside Date. In the event that the Debtor and an Affected Repurchase Counterparty or an Affected Loan Purchaser do not reach agreement on a final settlement, each Affected Repurchase

Counterparty, each Affected Loan Purchaser, the Debtors and the Committee reserve all rights to resolve any such disputes before Court as set forth in the Adequate Protection Order.

7. Except as expressly set forth herein, the Adequate Protection Order remains in full force and effect.

SO ORDERED,

this 21st day of August, 2007

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE