# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |

## PROTECTIVE ORDER RELATING TO ORDER PURSUANT TO FED. R. BANKR. P. 2004(A) AUTHORIZING THE EXAMINER TO EXAMINE KPMG LLP

The Court having entered the Order Pursuant to Fed. R. Bankr. P. 2004(a) Authorizing the Examiner to Examine KPMG LLP (D.I. 2107) (the "Examiner Order") following a hearing on July 31, 2007; and KPMG LLP ("KPMG") having sought a protective order to protect KPMG's interests, including but not limited to KPMG's right fully to seek an order enforcing the Arbitration Agreement[1] in the Engagement Letters and the Discovery Limitation Provision contained therein, and KPMG's interest in protecting what it asserts to be its non-public proprietary, confidential, trade secret, and/or sensitive business or financial

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporation), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in KPMG LLP's Opposition to the Examiner's Motion for an Order Authorizing the Examination of KPMG LLP (D.I. 2074) and KPMG LLP's Opposition to the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing the Production of Documents Pursuant to Bankruptcy Rules 2004 and 9016 (D.I. 2121).

NY-546065-v2

information that will be produced to the Examiner; and for the reasons stated on the record at the July 31, 2007 hearing and the August 7, 2007 hearing; and for good cause shown;

NOW, THEREFORE, it is ORDERED as follows:

1. By providing documents and information, whether oral or written, ("KPMG's Confidential Information") to the Examiner pursuant to the Examiner Order and the Examiner's subpoena dated August 1, 2007 (the "Subpoena"), KPMG does not waive, and expressly preserves, its jurisdictional arguments and its position that, except with respect to the Examiner's examination of KPMG pursuant to (a) the Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (as the same may be amended from time to time, the "June 1 Order") and (b) the Examiner Order and any subpoenas issued in connection therewith, the Arbitration Agreement in the Engagement Letters, including but not limited to the Discovery Limitation Provision contained therein, precludes any compulsory production of KPMG's Confidential Information in connection with the New Century bankruptcy for use in connection with any dispute that would be subject to the Arbitration Agreement.

2. KPMG shall designate KPMG Confidential Information by placing or affixing the words "Confidential" or "KPMG Confidential" on each such document. Deposition testimony or deposition exhibits may be designated as Confidential either on the record during the deposition itself or by written notice delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential, provided that such written notice shall only operate prospectively from and after the date it is received in hand by the receiving Party. Where deposition testimony or exhibits are designated

as Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential.

3. The following shall not constitute KPMG Confidential Information for purposes of this Protective Order: (i) information that is or becomes generally available to the public (a) other than as a result of a violation of this Protective Order by the party receiving such information or (b) through formal or informal discovery; provided, however, that any such information obtained through discovery which is subject to a protective order, confidentiality agreement or other similar restriction will remain subject to such order, agreement or restriction, (ii) information that was already in the receiving Party's files on a nonconfidential basis prior to being produced to such Party, (iii) information that becomes available to the receiving Party on a nonconfidential basis if the source was not, to the best of the receiving Party's knowledge, subject to any prohibition against transmitting the information to it, or (iv) information independently developed by the receiving Party without use of KPMG Confidential Information. Conclusions, recommendations and positions asserted by, or on behalf of, a Party receiving KPMG Confidential Information shall not be deemed KPMG Confidential Information.

4. KPMG's production of KPMG Confidential Information pursuant to the Examiner Order and any subpoenas issued in connection therewith does not constitute a waiver of any right KPMG may have to (a) seek an order compelling arbitration of any dispute subject to the Arbitration Agreement in its Engagement Letters or (b) contest the jurisdiction of the Bankruptcy Court with respect to any such dispute.

5. The Examiner shall not disclose KPMG's Confidential Information to any person other than the following persons, provided that any person who receives KPMG's

Confidential Information pursuant to subparagraphs 5 b through f shall be bound by the provisions of this order.

    a.      the Court and its staff;

    b.      the Examiner, the Committee and KPMG (collectively, the "Parties") and counsel of record to the Parties, and staff employed by such counsel;

    c.      the Parties' professional advisors in the above-captioned cases;

    d.      any deponent, interviewee or witness or counsel for any deponent, interviewee or witness or any clerical, secretarial, and paralegal staff employed by such counsel;

    e.      court reporters and videographers engaged for recording testimony of a deposition or interviewee; and

    f.      the United States Trustee and her counsel and clerical, secretarial and paralegal staff.

    6.      KPMG's Confidential Information may not be used by the Examiner and the Examiner's professional advisors for any purpose other than as set forth in this Order, the Examiner Order or the June 1 Order. Anything to the contrary herein notwithstanding, the Examiner may use and/or disclose KPMG's Confidential Information in cooperating with governmental agencies as provided for in the June 1 Order.

    7.      Upon the Examiner's completion of the Examiner's duties under the June 1, Order, the Examiner shall hold and preserve KPMG's Confidential Information subject to further order of the Court after notice and a hearing.

8. The Court reserves jurisdiction to enforce the terms of this Protective Order.

Dated: August 21, 2007
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE