IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| NEW CENTURY TRS HOLDINGS INC., a Delaware corporation, et al.,[1] | : : | Case No. 07-10416 (KJC) |
| | : | **Jointly Administered** |
| Debtors. | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT WITH
DB STRUCTURED PRODUCTS, INC.
PURSUANT TO BANKRUPTCY RULE 9019 AND
SECTIONS 105(a), 361, 363, 502 and 542 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") of the Debtors for an order, under Bankruptcy Code sections 105(a), 361, 363, 502, and 542 of the Bankruptcy Code and Bankruptcy Rule 9019 approving the settlement agreement (the "Settlement Agreement") with DB Structured Products, Inc. ("DBSP"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the compromise set forth in the Settlement Agreement is fair and reasonable; and it appearing that approving the Settlement Agreement and authorizing the Debtors to perform under the Settlement Agreement is in the best interests of the Debtors, their estates, their creditors, and other

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L. P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E.O Corp , a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (cl/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1

parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**[2]

1. The Motion is hereby GRANTED.

2. The Settlement Agreement is hereby APPROVED.

3. The Debtors are authorized to enter into the Settlement Agreement and to perform thereunder.

4. This Order is without prejudice to the rights of any Affected Repurchase Counterparty and Affected Loan Purchaser as defined in the Court's June 28, 2006 Order Granting Adequate Protection Pursuant to Bankruptcy Sections 105(a) 361, 362 and 363(b)(1) and Establishing Preliminary Procedures for Resolving Certain Claims (the "Adequate Protection Order") to contest the validity and/or amount of the DBSP claim for adequate protection including (without limitation) the validity and/or amount of the amendment to the DBSP Alternative Accounting described in paragraphs 3 and 6 of the Settlement Agreement or any rights, if any, that the Debtors as holder of DBSP's claim for adequate protection may have; and this Order is not intended to affect or reduce the Escrowed Funds (as defined in the Adequate Protection Order) available for distribution to the Affected Repurchase Counterparties and Affected Loan Purchasers pursuant to the Adequate Protection Order.

5. If the Debtors do not close a sale of the Disputed Loans by November 30, 2007 (the "Sale Deadline"), then the Debtors shall transfer the Disputed Loans to DBSP; provided, however, that the Sale Deadline may be extended to December 14, 2007 if, as of November 30, 2007, the Debtors have a binding offer for the purchase of the Disputed Loans from a qualified

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

bidder that is not subject to any contingency other than Bankruptcy Court approval and potential overbids. Subject to the enforcement of the Sale Deadline, the Debtors shall not be deemed to be in breach of their obligations under the Settlement Agreement if they, in consultation with the Committee, elect to postpone, adjourn, modify and/or cancel any auction noticed and scheduled with respect to the Disputed Loans.

6. Notwithstanding anything to the contrary in any order approving bidding procedures for the sale of the Disputed Loans, with respect to any sale of the Disputed Loans, DBSP may elect to exercise its right of first refusal to purchase the Disputed Loans, via a credit bid, in the manner consistent with the terms of paragraph 2 of the DBSP Settlement.

7. The Debtors are hereby authorized to sell or transfer the Disputed Loans to DBSP pursuant to the terms of paragraphs 5 and 6 of this Order, and to take all steps necessary to consummate such a sale or transfer, and no further Order approving such sale or transfer is necessary. Any sale or transfer of the Disputed Loans to DBSP by the Debtors pursuant to paragraphs 5 and 6 of this Order shall be: (a) free and clear of all claims and interests in the Disputed Loans; (b) in full and final satisfaction of DBSP's alleged property interests and constructive trust claims, and all other claims and interests, with respect to the Disputed Loans (other than DBSP's claim for adequate protection pursuant to the Adequate Protection Order); and (c) shall be deemed to satisfy the terms of the Settlement Agreement that require a sale of the Disputed Loans.

8. The stay period of Federal Rule of Bankruptcy Procedure 6004(h), to the extent applicable, is hereby waived.

9. This Court shall retain jurisdiction over all matters set forth in the Motion, including the rights and obligations of the parties pursuant to the Settlement Agreement.

LA3:1136670.4
RLF1-3191833-1

SO ORDERED,
this 21st day of August, 2007

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4