# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Hearing Date: 9/11/07 at 1:30 p.m. |
| | : | Objection Deadline: 9/4/07 at 4:00 p.m. |

## MOTION FOR ORDER APPROVING SETTLEMENT AND RELEASE AGREEMENT RE: NEW CENTURY MORTGAGE CORPORATION v. CHASE HOME FINANCE, LLC AND F FLATS, LLC (EIGHTH JUDICIAL DISTRICT COURT OF NEVADA FOR CLARK COUNTY, CASE NO. A524294)

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), respectfully file this motion ("Motion") requesting that the Court enter an Order pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9019(a) approving the Settlement and Release Agreement appended to this Motion at "Exhibit 1."

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

§§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Prior to commencing these chapter 11 cases on April 2, 2007, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide.

3. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern for the benefit of stakeholders.

4. Pre-petition, Chase Home Finance, LLC ("Chase") held a first note deed of trust securing $118,000 in financing against certain property in Las Vegas, Nevada and a second note deed of trust securing a $40,000 home equity loan against the same property. During October 2004, the borrowers refinanced these loans by obtaining a new loan for $220,000 arranged by the Debtors. The proceeds were used to pay off both of the previous loans in full. With respect to the $40,000 home equity loan, Chase failed to sign a written release and denies having ever received the release.

5. In 2005, Chase foreclosed on the property. An entity called F-Flats, LLC ("FFL") purchased the property for $48,000 at the foreclosure sale. The Debtors commenced a civil action against Chase and FFL in the Eighth Judicial District Court of Nevada for Clark County, bearing Case No. A524294, seeking declaratory relief and other damages, and FFL filed counterclaims.

6. Following mediation, the parties have reached a settlement providing, among other things, that the Debtors' title insurance company, North American Title Insurance Company ("North American"), will pay $80,000 to FFL, Chase will pay $70,000 to FFL, and FFL will transfer title to the property to the Debtors. Additionally, North American will receive the approximately $8,000 in excess proceeds realized in the foreclosure sale in accordance with

2

its contractual subrogation rights under its title insurance policy.

7. The Debtors have determined, in the exercise of their business judgment, that the Settlement and Release Agreement represents a fair compromise of the parties' disputes. The parties entered into the Settlement and Release Agreement following mediation. Further, the Settlement and Release Agreement provides that the Debtors will receive title to the property, without the costs associated with foreclosure.

## LEGAL ARGUMENT

8. Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9. The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a Court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996). In fact, a Court should only reject settlements where they fall "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

10. As described above, the parties entered into the Settlement and Release Agreement following mediation. Further, the agreement provides that the Debtors will receive title to the property, while avoiding the costs associated with foreclosure. The Debtors accordingly believe that the agreement is fair, reasonable and in the best interest of the estates based on a consideration of the factors described above, and request that the Court approve the

agreement.

## NOTICE

11. Notice of this Motion has been provided to: (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Official Unsecured Creditors' Committee, (4) the Debtors' secured lenders, (5) all other parties entitled to notice. The Debtors submit that no other or further notice is required.

12. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Debtors request entry of an Order substantially in the form attached hereto as Exhibit 2: (1) approving the Settlement and Release Agreement, (2) authorizing North American to receive approximately $8,000 in excess proceeds realized in the foreclosure sale in accordance with its contractual subrogation rights under its title insurance policy, and (3) granting such other relief as the Court deems just and proper and is consistent with the foregoing.

Dated: August 22, 2007
Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION