# **EXHIBIT 1**

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement And Release Agreement ("Agreement") is entered into this _____ day of _____, 2007, by and between North American Title Insurance Company, on behalf of New Century Mortgage Corporation ("New Century"), Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation ("Chase") and F Flats, LLC ("FFL").

## RECITALS

WHEREAS, Terry and Leann Kelley ("Kelley's") obtained a mortgage through Pacific Coast Mortgage, Inc. ("Pacific") for property located at 4790 Plata Del Sol Drive, Las Vegas, Nevada, being identified as APN: 161-20-610-085 (the "Property"). As security for the loan from Pacific, the Kelley's executed a Deed of Trust in favor of Pacific ("Pacific DOT"). The Pacific DOT was recorded on October 28, 2002 in Book 20021028, as Instrument 01944, in the Official Records, Clark County, Nevada.

WHEREAS, the Kelley's obtained a home equity line of credit from Chase. In connection therewith, the Kelley's executed a Home Equity Line of Credit Deed of Trust in favor of Chase ("Chase DOT"), which was recorded on February 4, 2004, in Book 20040204, as Instrument 03272, in the Official Records, Clark County, Nevada. The Chase DOT provides at Paragraph 19 as follows:

> **19. Reconveyance.** Upon your request and payment of all sums secured by this Deed of Trust we shall release this Deed of Trust. To the extent permitted by law, you will be responsible for all costs of recording such release.

WHEREAS, the Kelley's refinanced the Property by securing a loan through New Century pursuant to which the Kelley's executed a Deed of Trust in favor of New Century ("New Century DOT"). The New Century DOT was recorded on November 8, 2004, in Book 20041108, as Instrument 00908, in the Official Records, Clark County, Nevada.

WHEREAS, New Century asserts that it insisted that the Kelley's obtain the release of all encumbrances against the Property by paying them in full with the New Century loan proceeds. As a result, the Kelley's directed that all encumbrances against the Property be paid in full, including but not limited to, the Pacific DOT and the Chase DOT. As a result, at the close of escrow, both the underlying obligation on the Pacific DOT and the Chase DOT were paid in full. In conjunction with the payoff of the Chase DOT, New Century asserts that the Kelley's signed and delivered a written request to Chase (in accordance with Paragraph 19 of the Chase DOT), wherein they requested that Chase release and reconvey the Chase DOT.

WHEREAS, Chase asserts that it did not receive any request for reconveyance from the Kelley's.

WHEREAS, New Century closed escrow, issued its loan and recorded the New Century DOT. However, Chase did not cancel the line of credit, did not release and reconvey the Chase DOT and allowed the Kelley's to draw against the Chase line of credit.

WHEREAS, the Kelley's filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, District of Nevada ("Bankruptcy Case"), case No. 05-20502-BAM. After the filing of the Petition, the Kelley's defaulted on the acquired indebtedness to Chase and Chase began foreclosure proceedings based upon the Chase DOT.

WHEREAS, Chase recorded a Notice of Default and Election to Sell Under Deed of Trust on February 24, 2006, in Book 20060224, as Instrument 03115, in the Official Records, Clark County, Nevada. At the resulting Trustee's Sale on June 14, 2006, the Property was sold to FFL by virtue of a Trustee's Deed Upon Sale which was recorded on June 26, 2006, in Book 20060626, as Instrument 02514, in the Official Records, Clark County, Nevada.

WHEREAS, New Century initiated a civil action against Chase, Chase Manhattan Bank USA, N.A., and FFL, being Case No. A524294 in the Eighth Judicial District Court of Nevada for Clark County (the "Litigation"), seeking, among other things, declaratory relief and damages.

WHEREAS, FFL initiated a counterclaim against New Century in the Litigation, seeking, among other things, declaratory relief, quiet title and damages.

NOW, THEREFORE, in consideration of the agreements and promises set forth below, the parties hereto agree to settle all claims between them on the following terms and conditions:

1. <u>Dismiss and Release</u>. New Century, Chase, and FFL agree to dismiss, with prejudice, their claims against one another in Case A524294. More specifically, New Century agrees to dismiss with prejudice its claims for wrongful foreclosure, to set aside foreclosure, declaratory relief, equitable subrogation, judicial foreclosure, equitable estoppel / detrimental reliance against FFL, Chase and all other named defendants. FFL agrees to dismiss its claims against New Century for declaratory relief, quiet title, intentional interference with prospective economic advantage, and slander of title.

2. <u>Bankruptcy Court Approval</u>. The settlement contemplated in the Agreement is contingent upon obtaining approval of the settlement by the United States Bankruptcy Court for the District of Delaware (Case No. 07-10419-KJS), wherein New Century Mortgage Corporation filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Court").

3. <u>Payment and Transfer of Title</u>. North American Title Insurance Company, on behalf of New Century and Chase on behalf of itself and its related entities, shall pay to FFL the sum of $150,000.00 ($80,000.00 from North American Title Insurance Company, on behalf of New Century and $70,000.00 from Chase on behalf of itself and its related entities), upon full execution of this Agreement and approval by the Bankruptcy Court. In consideration of the forgoing payments, FFL will execute the Deed attached hereto as Exhibit "A", transferring fee title to the Property to Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-NC1 Asset Backed Pass-Through Certificates.

4. <u>No Admission of Liability</u>. The Agreement is not intended as an admission as to any allegations related to this Agreement.

5.  **Mutual Release.** New Century, Chase, and FFL and their assigns, partnerships, business entities, affiliates, agents, servants, directors, officers, shareholders, employees, representatives, partners, members, owners, predecessors, and successors and each of them, hereby fully and forever release and discharge each other, from any and all claims, demands, actions, causes of action, suits, lawsuits, debts, liens, contracts, agreements, promises, obligations, damages, liabilities, demands, losses, costs or expenses, including attorneys' fees, past or present, ascertained or unascertained, whether or not known, suspected or claimed to exist or which can hereinafter ever arise out of or result from or in connection with any act, omission, failure to act, breach or conduct suffered to be done or omitted to be done by each other, relating to any claims arising from the facts alleged in the Litigation. This release by New Century and FFL extends, without limitation, to Chase Manhattan Bank USA, N.A., now known as Chase Bank USA, N.A.

6.  **Advice of Counsel.** The undersigned agree that all parties hereto have had opportunity to consult with legal counsel in negotiations for and preparation of the Agreement and that the parties to the Agreement are fully aware of its contents and its legal effect.

7.  **Assent to Terms.** The undersigned agree that each party assents to the terms of the Agreement upon his own investigation and judgment in regard to all matters herein contained, as such party has not relied upon representations made by any other party, except representations or warranties set forth in the Agreement, and that the Agreement is made and entered into free of any duress, coercion or undue influence from any source whatsoever.

8.  **Application of Law and Construction.** The existence, validity, construction and sufficiency or performance of and under the Agreement shall be determined in accordance with the laws of the State of Nevada, except that the undersigned agree that each party and counsel for each party have reviewed the Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to any interpretation of the Agreement. Further, it is the intention of the parties hereto that if any provision in the Agreement is capable of two constructions, one of which would render the provision void and the other of which would render the provision valid, then the provision shall have the meaning which renders it valid. If any provision of the Agreement may be prohibited by law or otherwise held invalid, such provision shall be ineffective only to the extent of such prohibition or invalidity and shall not invalidate or otherwise render ineffective any or all of the remaining provisions of the Agreement.

9.  **Binding Agreement.** The Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their executors, administrators, heirs, successors, assigns, officers, directors, shareholders, members, partners, agents, attorneys, representatives and employees.

10. **Attorney's Fees.** In any action at law or in equity to enforce any of the provisions or rights under the Agreement, the unsuccessful party to such litigation, as determined by the court in a Final Judgment or Decree, shall pay the prevailing party or parties all costs, expenses and reasonable attorney's fees incurred therein by such party or parties, including without limitation such costs, expenses and fees on any appeals.

11. **Waivers.** No waiver by any party hereto of a breach of any provision of the Agreement shall constitute a waiver of any preceding or succeeding breach of the Agreement

12. <u>Entire Agreement</u>. The Agreement constitutes the entire understanding of the agreement of the parties with respect to the subject matter of the Agreement.

13. <u>Counterparts</u>. The Agreement may be executed in counterparts. Each counterpart shall be considered collectively as one entire document. Facsimile transmission copies of signatures shall be sufficient to constitute the valid signatures of the parties hereto.

14. <u>Confidentiality</u>. The Parties to this Agreement acknowledge and agree that, except for disclosures to their respective attorneys and tax advisors, and except as may be required or reasonably believed to be required by an escrow or title company, a court of competent jurisdiction, or governmental or regulatory authority or agency, they will keep the terms of this Agreement confidential, and in response to inquiries from third parties regarding the Litigation, this Agreement, or its subject matter, they will respond only in words to the effect that the parties have amicably resolved the matter and they have no further comment.

15. <u>Representation and Warranties</u>. By execution of the Agreement, each signatory warrants that:

   a. The Agreement is executed on behalf of an individual or a valid and existing legal entity;

   b. Such individual or entity has the full right and authority to undertake any action contemplated by the Agreement;

   c. The execution of the Agreement has been duly and properly authorized by the party on whose behalf said Agreement is executed in accordance with all applicable laws, regulations, agreement or procedures governing the authority of such person or entity to execute the Agreement on behalf of such party;

   d. The consent of all persons or entities whatsoever necessary to the due execution of the Agreement has been obtained.

   e. The parties shall indemnify and hold harmless each other, their successors and assigns, against any and all damages, including costs and reasonable attorney's fees, resulting from any breach of any representation, warranty or agreement set forth herein.

IN WITNESS WHEREOF, the parties hereto have executed the Agreement on the dates appearing above their names herein.

Dated this 18th day of July, 2007.              Dated this ____ day of _____, 2007.

_____                 _____
NORTH AMERICAN TITLE                            CHASE HOME FINANCE, LLC
INSURANCE COMPANY,                              successor by merger with CHASE

on behalf of **NEW CENTURY MORTGAGE CORPORATION**
By: *Greg Jacobsen*
Its: *Claims Counsel, A.V.P.*

Dated this _____ day of _____, 2007.

**MANHATTAN MORTGAGE CORP.**
By: _____
Its: _____

_____
**F FLATS, LLC**
By: _____
Its: _____

12. Entire Agreement. The Agreement constitutes the entire understanding of the agreement of the parties with respect to the subject matter of the Agreement.

13. Counterparts. The Agreement may be executed in counterparts. Each counterpart shall be considered collectively as one entire document. Facsimile transmission copies of signatures shall be sufficient to constitute the valid signatures of the parties hereto.

14. Confidentiality. The Parties to this Agreement acknowledge and agree that, except for disclosures to their respective attorneys and tax advisors, and except as may be required or reasonably believed to be required by an escrow or title company, a court of competent jurisdiction, or governmental or regulatory authority or agency, they will keep the terms of this Agreement confidential, and in response to inquiries from third parties regarding the Litigation, this Agreement, or its subject matter, they will respond only in words to the effect that the parties have amicably resolved the matter and they have no further comment.

15. Representation and Warranties. By execution of the Agreement, each signatory warrants that:

    a. The Agreement is executed on behalf of an individual or a valid and existing legal entity;

    b. Such individual or entity has the full right and authority to undertake any action contemplated by the Agreement;

    c. The execution of the Agreement has been duly and properly authorized by the party on whose behalf said Agreement is executed in accordance with all applicable laws, regulations, agreement or procedures governing the authority of such person or entity to execute the Agreement on behalf of such party;

    d. The consent of all persons or entities whatsoever necessary to the due execution of the Agreement has been obtained.

    e. The parties shall indemnify and hold harmless each other, their successors and assigns, against any and all damages, including costs and reasonable attorney's fees, resulting from any breach of any representation, warranty or agreement set forth herein.

IN WITNESS WHEREOF, the parties hereto have executed the Agreement on the dates appearing above their names herein.

Dated this _____ day of _____, 2007.

Dated this _____ day of July, 2007.

**NORTH AMERICAN TITLE INSURANCE COMPANY,**

**CHASE HOME FINANCE, LLC** successor by merger with CHASE

G:\06402\settle agree.wpd

on behalf of **NEW CENTURY MORTGAGE CORPORATION**
By: _____
Its: _____

**MANHATTAN MORTGAGE CORP.**
By: *Thomas E. Reardon*
Its: *Assistant Vice President*

Dated this \_\_\_\_\_ day of _____, 2007.

---

**F FLATS, LLC**
By: _____
Its: _____

on behalf of **NEW CENTURY**  
**MORTGAGE CORPORATION**  
By: _____  
Its: _____  

**MANHATTAN MORTGAGE CORP.**  
By: _____  
Its: _____  

Dated this _____ day of _____, 2007.

**F FLATS, LLC**  
By: _____/s/_____  
Its: __Managing Member__

# EXHIBIT "A"

G:\06402\settle.agree.wpd

**APN 161-20-610-085**

WHEN RECORDED MAIL TO:
Douglas D. Gerrard, Esq.
Gerrard Cox Larsen
2450 St. Rose Parkway, Suite 200
Henderson, NV 89074

GRANT, BARGAIN, SALE DEED

FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, F FLATS ACQUISITIONS, LLC, does hereby Grant, Bargain, Sell and Convey** to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES, 2005-NC1 ASSET BACKED PASS-THROUGH CERTIFICATES, all of its right, title and interest in that certain real property situated at 4790 Plata Del Sol Drive, Las Vegas, Nevada, identified as APN: 161-20-610-085, and more particularly described as:

> Lot 272 in Block 4 of Plata Del Sol Subdivision, Tract 3, as shown by map thereof on file in Book 11 of Plats, Page 87, in the Office of the County Recorder of Clark County, Nevada.

("Property")

Subject to:
1. All general and special taxes for the applicable fiscal year.
2. Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

TOGETHER, with all tenements, hereditaments and appurtenances including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

** This Deed does not merge the fee title interest conveyed hereby with the beneficial interest originally maintained by NEW CENTURY MORTGAGE CORPORATION, or its assignee, by virtue of that Deed of Trust recorded against the Property in Book No. 20041108 as Instrument No. 00908 in the Official Records of Clark County, Nevada.

///

///

Witness his/her hand this _18_ day of _July_, 2007.

G:\06402\settle.agree.wpd

By: F Flats Acquisitions, LLC
Its: Managing Member

STATE OF Nevada )
COUNTY OF Clark ) ss

On this _18_ day of _July_, 2007, before me the undersigned, a Notary Public in and for the said County and State, personally appeared _Robert Yamaguchi_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in his/her authorized capacity.

WITNESS my hand and official seal

_Kaye Hymas_
Notary Public

Notary Public - State of Nevada
County of Clark
KAYE HYMAS
My Appointment Expires
January 9, 2011