# **EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket No. 2213 |
| | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH
AUCTION OF RESIDENTIAL MORTGAGE LOANS, (B) SCHEDULING HEARING TO
CONSIDER PROPOSED SALE OF RESIDENTIAL MORTGAGE LOANS AND
APPROVING FORM AND MANNER OF NOTICE THEREOF
AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion for (i) an Order (a) Approving Procedures in Connection With an Auction of Residential Mortgage Loans, (b) Scheduling a Hearing to Consider Approval of the Sale of the Loans to Residential Mortgage Solution L.L.C. or such other prevailing bidder pursuant to the terms and conditions of that certain letter of intent dated as of August 8, 2007 and Approving the Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the sale of the Loans and (b) Granting Related Relief (the "Bidding Procedures Motion")[2], filed by the above-captioned debtors and

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

2 Except as further described below, capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

RLF1-3192711-1

debtors in possession (collectively, the "Debtors"); after due deliberation and sufficient cause appearing, it is hereby

### FOUND AND DETERMINED THAT:[3]

A. The Court has jurisdiction over the Bidding Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Bidding Procedures Motion has been given and no further notice is required.

C. The Bidding Procedures, substantially as set forth in the Motion and as otherwise modified and amended by the Debtors, are fair, reasonable and appropriate and are designed to maximize the valued obtained from the Loans.

D. The Debtors' proposed form and scope of Notices (as defined below) are reasonable and appropriate and comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules for the United States Bankruptcy Court for the District of Delaware, and are reasonably calculated to provide all interested parties with timely and proper notice.

E. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders.

### NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

1. The Bidding Procedures Motion is approved on the terms set forth herein.

2. Except as otherwise set forth herein, all objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The Bidding Procedures set forth in the Bidding Procedures Motion are approved and shall govern all bids and bid proceedings relating to the sale of the Loans; provided, however, that the Debtors shall have the right to modify and amend any of the Bidding Procedures or rules related to the conduct of the Auction, including prior to and at the Auction. Each of the Debtors is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures, including as modified or amended.

4. As further described in the Bidding Procedures, the deadline for submitting bids for the Loans (the "Bid Deadline") shall be September 7, 2007, at 5:00 p.m. (prevailing Eastern Time). No bid shall be deemed to be a qualified bid or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5. In the event that the Debtors timely receive one or more qualified bids, the Debtors may conduct an auction with respect to the Loans (the "Auction"). The Auction will take place starting on September 10, 2007 at a time selected by the Debtors which will be identified in a notice set to qualified bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other time, date or location as designated by the Debtors in a notice to all qualified bidders.

---

the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

6. The Court shall hold a sale hearing (the "Sale Hearing") commencing on September 11, 2007 at 1:30 p.m. (prevailing Eastern Time), at which time, the Court will consider approval of the sale of the Loans to the Successful Bidder (the "Sale"). The Debtors shall mail notice of the Bid Deadline, Auction, and Sale Hearing (the "Notice of Bid Deadline, Auction, and Sale Hearing," substantially in the form attached hereto as Exhibit 1 as provided in paragraph 8 herein.

7. All objections to the sale of the Loans must be filed and served so as to be received by (i) the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 400 S. Hope St., Los Angeles, CA 90071, Attention: Ben H. Logan, Esq., Suzzanne S. Uhland, Esq., and Erik Nord, Esq.; (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark T. Power, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for Creditors' Committee); (v) Residential Mortgage Solution L.L.C., 2800 28th Street #102, Santa Monica, CA 90405, Attention: Eddy Kup, Managing Director (Stalking Horse Bidder) and (vi) any party entitled to notice under Local Rule 2002-1(b); all so as to be received no later than September 4, 2007 at 4:00 p.m. (prevailing Eastern Time). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

8. The notices described in subparagraphs (a)-(c) below (collectively, the "Notices") shall be good and sufficient, and no other or further notice shall be required if given as follows:

    a. The Debtors shall serve within three (3) business days after entry of the Bidding Procedures Order (the "Mailing Deadline"), by overnight courier, electronic mail or same-day messenger delivery, copies of the Bidding Procedures Order and the Notice of Bid Deadline, Auction and Sale Hearing Notice upon: (i) the United States Trustee for the District of Delaware, (ii) the attorneys for the Creditors' Committee, (iii) parties in interest and prospects that have or may be identified as potential bidders for the Loans, (iv) all parties known or reasonably believed to have asserted a secured claim against the Loans, (v) the Internal Revenue Service, (vi) all applicable state and local taxing authorities, and (vii) any parties entitled to notice under Local Rule 2002-1(b).

    b. On the Mailing Deadline, or as soon as practicable thereafter, the Debtors shall publish the Notice of Bid Deadline, Auction, and Sale Hearing in The Wall Street Journal (National Edition).

9. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bidding Procedures Motion or the Debtors consummation of the Sale of the Loans with the Successful Bidder, including the transfer free and clear of all liens, claims, encumbrances, and interests of the assets constituting the Loans transferred as part of the Sale.

10. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order. Each of the Debtors is hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Bidding Procedures Order.

11. In the event the Stalking Horse Bidder and the Debtors fail to enter into the Purchase Agreement on or before August 24, 2007, the Debtors, upon the consent of the

Creditors' Committee, reserve the right to proceed with an auction and make any necessary revisions to the Notice of Bid Deadline, Auction and Sale Hearing.

12. Regardless of whether the Debtors enter into the Purchase Agreement with the Stalking Horse Bidder as set forth above, the Debtors, upon the consent of the Creditors' Committee, reserve the right to amend any deadline set forth herein without further Court approval; provided, however that no such amendment will provide any interested party with less notice than provided for as such deadlines are currently set forth herein; provided further, that the Debtors shall file a notice detailing any such changes with the Bankruptcy Court and serve such notice in accordance with the Local Rules, including service upon any interested bidders.

13. Nothing in this Order shall affect or abrogate the terms of the DBSP Settlement Agreement and Order Approving the DBSP Settlement Agreement, including, but not limited to, the "Sale Deadline" as set forth therein.

14. Notwithstanding Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: _____, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

LA3:1136349.4

6

RLF1-3192711-1

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING

PLEASE BE ADVISED that the above captioned debtor and debtors in possession (the "Debtors"), as more fully set forth in the Debtors' motion filed with United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on August 8, 2007 for (i) an order (a) approving procedures in connection with an auction of residential mortgage loans (the "Loans"), (b) scheduling a hearing to consider approval of the sale of the Loans to Residential Mortgage Solution L.L.C. or such other prevailing bidder pursuant to the terms and conditions of that certain letter of intent dated as of August 8, 2007 and approving the form and manner of notice thereof and (c) granting related relief and (ii) an order (a) approving the sale of the Loans and (b) granting related relief (the "Bidding Procedures Motion"), seek to sell the Loans to the Successful Bidder[2] free and clear or any claims, liens, interests and/or other encumbrances pursuant to section 363(f) of title 11 of the United States Code.

PLEASE BE FURTHER ADVISED that on August __, 2007, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set key dates and times relating to the auction and sale of the Loans. **All interested bidders should carefully read the Bidding Procedures described in the Bidding Procedures Motion.** To the extent there are any inconsistencies between the Bidding Procedures described in the Bidding Procedures Motion and the summary description of its terms and conditions contained in this Sale Notice, the terms of the Bidding Procedures shall control.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, an Auction of the Loans may take place starting on September 10, 2007 at a time selected by the Debtors which will be identified in a notice sent to qualified bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, or such other location as designated by the Debtors in a notice to qualified bidders. Only representatives of qualified bidders, the Official Committee of Unsecured Creditors and their advisors are permitted to attend the Auction. Only qualified bidders may bid at the Auction.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, all qualified bids must be submitted by no later than 5:00 p.m. (prevailing Eastern time) on September 7, 2007 (the "Bid Deadline"), served on the parties indicated in the Bidding Procedures and comply with all requirements set forth in the Bidding Procedures in order to become a qualified bid.

PLEASE BE FURTHER ADVISED that the hearing to approve any qualified bid accepted by the Debtors at the Auction and sale of the Loans to the Successful Bidder will be held at 1:30 p.m. (Prevailing Eastern Time), on September 11, 2007, in the Bankruptcy Court, located at 844 King Street, Wilmington, Delaware 19801, or at such time thereafter as counsel may be heard or at such time as the Bankruptcy Court may determine. Any

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

1

objection to the proposed sale must set forth, in writing, with particularity, the grounds for such objection or other statements or position, and must be filed with the Bankruptcy Court and served upon (i) the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 400 So. Hope St., Los Angeles, CA 90071, Attention: Suzzanne S. Uhland, Ben H. Logan, Esq. and Erik Nord, Esq., (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19899, Attention: Mark D. Collins, Esq., (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark T. Power, Esq. and Blank Rome, LLP, Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attention: Bonnie Glantz Fatell, Esq. (attorneys for the Official Committee of Unsecured Creditors); (v) Residential Mortgage Solution L.L.C., 2800 28th Street #102, Santa Monica, CA 90405, Attention: Eddy Kup, Managing Director (Stalking Horse Bidder) and (vi) any parties entitled to notice under Local Rule 2002-1(b) or who are entitled to notice under any case management procedures order, if any, entered in these cases prior to the Mailing Deadline, so as to be actually received no later than September 4, 2007 at 4:00 p.m. (prevailing Eastern Time). Any objection not conforming to the foregoing may not be considered by the Bankruptcy Court.

    PLEASE BE FURTHER ADVISED that if the sale of the Loans is approved any party that believes it may have a claim, lien, or other interest or encumbrance against, on, in or otherwise relating to any of the assets shall be forever barred from enforcing such claim, lien, interest or other encumbrance against the Successful Bidder as the Debtors may choose at the Auction.

    PLEASE BE FURTHER ADVISED that, all requests for information concerning the sale of the Loans should be directed to the undersigned counsel for the Debtors. Copies of the Bidding Procedures Motion, Bidding Procedures and Bidding Procedures Order are available online at http://www.xroadscms.net/newcentury.

Wilmington, Delaware

Dated: August __, 2007


Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
P.O. Box 551  
Wilmington, Delaware 19899  
(302) 651-7700  

Ben H. Logan  
Suzzanne S. Uhland  
Brian M. Metcalf  
O'MELVENY & MYERS LLP  
275 Battery Street  
San Francisco, California 94111  
(213) 430-6000  

    Counsel for the Debtors and Debtors in Possession

2