**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[1] | : |
| | : **Jointly Administered** |
| | : |
| Debtors. | : **Objection Deadline: September 12, 2007 at 4:00 p.m.** |
| | : |
| | : |

**FIRST MONTHLY APPLICATION OF HOWREY LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL OUTSIDE
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR
THE PERIOD FROM APRIL 2, 2007 THROUGH JUNE 30, 2007**

| | |
|---|---|
| Name of Applicant: | Howrey LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | June 15, 2007, *nunc pro tunc* to April 2, 2007 |
| Period for which compensation and reimbursement are sought: | April 2, 2007 through June 30, 2007 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $98,186 (80% of $122,732.50)[2] |

---

[1]   The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2]   Since April 2, 2007, Howrey has incurred $125,807.50 in fees.  Howrey has reduced this amount by $3,075 because Howrey incurred $28,075 in fees between June 1, 2007 and June 30, 2007; however, the *Order*

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:          $98,186 (80% of $122,732.50)

This is a(n): __X__ monthly      ____ interim      ____      final application

---

*Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, As Special Outside Counsel to the Debtors Nunc Pro Tunc As of April 2, 2007* provides that fees in excess of $25,000 may not be allowed.

Prior Applications Filed:

None

3

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jan L. Handzlik | Joined firm as partner in 2004. Member of CA Bar since 1971. | $695 | 82.5 | $57,337.50 |
| Terree A. Bowers | Joined firm as partner in 2005. Member of CA Bar since 1979. | $685 | 1.25 | $856.25 |
| Michael L. Resch | Joined firm as associate in 1999. Partner in 2006. Member of CA Bar since 1999. | $510 | 33.0 | $16,830 |
| Fiona A. Philip | Joined firm as associate in 2004. Partner in 2007. Member of DC Bar since 1999. | $510 | 2.0 | $1,020 |
| Tara C. Kowalski | Joined firm as associate in 2004. Member of CA Bar since 2002. | $405 | 113.5 | $45,967.50 |
| Fiona A. Chaney | Joined firm as associate in 2003. Member of CA Bar since 2003. | $380 | 2.25 | $855 |
| John Fitzpatrick | Paralegal since 1987. Joined firm in 2003. | $245 | 8.25 | $2,021.25 |
| Yvonne A. Kubicek | Paralegal since 1997. Joined firm in 2005. | $230 | 4 | $920 |
| **TOTAL** | | | **246.75** | **$125,807.50** |

| | |
|---|---|
| Grand Total | $ 125,807.50 |
| Attorney Compensation | $ 122,866.25 |
| Total Attorney Hours | 234.5 |
| Blended Rate | $523.95 |

Dated: August _____, 2007
      Wilmington, Delaware

4

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Factual investigation | 106.5 | $54,215 |
| Investigation findings | 86 | $50,127.50 |
| Retention Application | 50.75 | $20,047.50 |
| Fee Application | 3.5 | $1,417.50 |
| **TOTAL** | **246.75** | **$125,807.5** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Telephone | Voice Over Internet Protocol | $39.74 |
| Reproduction | Lanier (in-house) | $330.72 |
| Legal Research | Westlaw | $1,163.78 |
| Out-of-Town Couriers | Federal Express | $13.76 |
| **TOTAL** | | **$1,548** |

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : | **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[3] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Objection Deadline: September 12, 2007 at 4:00 p.m.** |
| | : | |
| | : | |

## FIRST MONTHLY APPLICATION OF HOWREY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL OUTSIDE COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM APRIL 2, 2007 THROUGH JUNE 30, 2007

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Howrey LLP ("Howrey") hereby files this Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as

---

[3] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

7

Counsel to the Debtors and Debtors in Possession for the Period From April 2, 2007 through and including June 30, 2007 (the "Application"). By this Application, Howrey seeks an allowance pursuant to the Administrative Order with respect to the sums of $98,186 (80% of $122,732.50)[4] as compensation and $1,548 for reimbursement of actual and necessary expenses for a total of $99,734 for the period April 2, 2007 through and including June 30, 2007 (the "Compensation Period"). In support of this Application, Howrey respectfully represents as follows:

### Background

1.      On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      The Special Investigation Committee, a subcommittee of the Audit Committee of the Board of Directors of New Century Financial Corporation ("New Century"), retained Howrey to conduct an internal investigation of the sale of New Century stock by a member of the Board of Directors. The Debtors' retention of Howrey was approved effective as of the Petition Date by this Court's Order dated June 15, 2007 (the "Retention Order"). The Retention Order authorized Howrey to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

---

[4] Since April 2, 2007, Howrey has incurred $125,807.50 in fees. Howrey has reduced this amount by $3,075 because Howrey incurred $28,075 in fees between June 1, 2007 and June 30, 2007; however, the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, As Special Outside Counsel to the Debtors Nunc Pro Tunc As of April 2, 2007* provides that fees in excess of $25,000 may not be allowed.

8

## Compensation Paid and Its Source

3.      All services for which compensation is requested by Howrey were performed for or on behalf of the Debtors.

4.      Except to the extent of the retainer paid to Howrey as described in the application seeking approval of Howrey's employment by the Debtors during the period covered by this Application, Howrey has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Howrey and any other person other than the partners of Howrey for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

5.      The fee statement for the Compensation Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Howrey's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

## Actual and Necessary Expenses

6.      A summary of actual and necessary expenses and daily logs of expenses incurred by Howrey during the Compensation Period is attached hereto as Exhibit B.  Howrey charges its clients $.16 per page for photocopying expenses.

7.      Regarding providers of on-line legal research (i.e., WESTLAW), Howrey charges its clients the standard usage rates these providers charge, with a 10 percent discount,

9

which, due to contractual flat fees, may not always equal Howrey's actual cost.   Howrey currently is under contract to pay these providers a flat fee every month.  Charging its clients the on-line providers' standard usage rates, plus a 10 percent discount, allows Howrey to cover adequately the monthly flat fees it must pay to these types of providers.

        8.     Howrey believes the foregoing rates are the market rates that the majority of law firms charges clients for such services.  In addition, Howrey believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in   the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

        9.     The Howrey partners and associates who have rendered professional services in these cases are as follows: Jan L. Handzlik, Terree Bowers, Michael L. Resch, Fiona A. Philip, Tara C. Kowalski, and Fiona A. Chaney.

        10.     Howrey, by and through the above-named persons, has conducted an internal investigation into the sales of certain New Century securities by a member of the Board of Directors.

### Summary of Services By Project

        11.     The services rendered by Howrey during the Compensation Period can be grouped into the categories set forth below.  These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

10

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Factual Investigation (A) | 106.5 | $54,215 |
| Investigation Findings (B) | 86 | $50,127.50 |
| Retention Application (C) | 50.75 | $20,047.50 |
| Fee Application (D) | 3.5 | $1,417.50 |
| **TOTAL** | **246.75** | **$125,807.5** |

## A.   Factual Investigation

12.   The "Factual Investigation" category includes all time and effort spent between April 2, 2007 and June 30, 2007 gathering and analyzing facts related to the New Century stock sales at issue, including, but not limited to, identifying and interviewing witnesses, identifying and collecting documents, and reviewing and analyzing information and documents collected.

## B.   Investigation Findings

13.   The "Investigation Findings" category includes all time and effort spent between April 2, 2007 and June 30, 2007 forming legal conclusions and recommendations relating to the New Century stock sales at issue, including, but not limited to, researching applicable law, analyzing the implications of the stock sales at issue under applicable law, making reports and recommendations to the Special Investigation Committee, communicating with the SEC, and preparing a Chronology of Events for the SEC.

## C.   Retention Application

14.   The "Retention Application" category includes all time and effort spent between April 2, 2007 and June 30, 2007 preparing Howrey's *Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, As Special*

*Outside Counsel to the Debtors Nun Pro Tunc As of April 2, 2007* (the "Retention Application"), including, but not limited to, identifying interested parties currently or formerly represented by Howrey, drafting and preparing exhibits to the Retention Application, and coordinating filings with New Century's bankruptcy counsel.

**D.      Fee Application**

15.      The "Fee Application" category includes all time and effort spent between April 2, 2007 and June 30, 2007 preparing this Application.

### Valuation of Services

16.      Attorneys and paraprofessionals of Howrey have expended a total of 246.75 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Jan L. Handzlik | 82.5 | $695 |
| Terree A. Bowers | 1.25 | $685 |
| Michael L. Resch | 33 | $510 |
| Fiona A. Philip | 2 | $510 |
| Tara C. Kowalski | 113.5 | $405 |
| Fiona A. Chaney | 2.25 | $380 |
| | | |
| PARAPROFESSIONALS | HOURS | HOURLY RATE |
| John Fitzpatrick | 8.25 | $245 |
| Yvonne A. Kubicek | 4 | $230 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Howrey's normal hourly rates for work of this character. The reasonable value of the services rendered by Howrey to the Debtors during the Compensation Period is $125,807.50.

17.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Howrey is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable

services other than in a case under this title. Moreover, Howrey has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Howrey respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Howrey in the sum of $98,186 (80% of $122,732.50) as compensation for necessary professional services rendered, and the sum of $1,548 for reimbursement of actual and necessary expenses for a total of $99,734, and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: August **21** , 2007
      Wilmington, Delaware

                                 _JL Handzlik_____
                                   Jan L. Handzlik (California Bar No. 047959)
                                   Michael L. Resch (California Bar No. 202909)
                                   HOWREY LLP
                                   550 South Hope Street
                                   Los Angeles, California 90071
                                   (213) 892-1800

                                   *Special Outside Counsel for Debtors and Debtors in Possession*

## VERIFICATION

STATE OF DELAWARE   )
           ) SS:
COUNTY OF NEW CASTLE )

    Jan L. Handzlik, after being duly sworn according to law, deposes and says:

    a)  I am a partner with the applicant firm, Howrey LLP and am a member of the State Bar of California.

    b)  I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

    c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

                  Jan L. Handzlik (California Bar No. 047959)

SWORN AND SUBSCRIBED before me
this _21st_ day of August, 2007.

Notary Public _CYNTHIA  MEJIA_
My Commission Expires: _10-24-10_

CYNTHIA MEJIA
Commission # 1700729
Notary Public - California
Los Angeles County
My Comm. Expires Oct 24, 2010

14