# **EXHIBIT 1**

RLF1-3192581-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416(KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket Nos. 2157 and 2194 |
| | : | |

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 ESTABLISHING EXPANDED PROCEDURES GOVERNING MISCELLANEOUS ASSET SALES

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This matter coming before the Court on the "Amended Motion to Expand Scope of Order Establishing Miscellaneous Sales Procedures" (the "Motion") (Docket No. 2194) filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting that the Court amend its previous Order (Docket No. 704) establishing certain "Miscellaneous Sale Procedures"; the. The objections to the Motion filed by the Maricopa County Treasurer (Docket No. 2244), New York State Teachers' Retirement System (Docket No. 2247), Nabih and Esther Mangoubi (Docket No. 2254) and Town Park Renaissance, LLC (Docket No. 2255) (the "Objections") have been resolved as set forth herein. The Court having reviewed the Motion; and the Objections, and the Court finding that: (1) Thethe Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (3) notice of the Motion was sufficient under the circumstances; and (4) the "Miscellaneous Sales Procedures," as amended and attached hereto as Exhibit A, are fair and equitable, sound business reasons support approval of the procedures, the Debtors proposed the procedures in good faith, and the procedures are in the best interest of the Debtors' estates and creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The Miscellaneous Sale Procedures, as amended in this Order, are approved in the form attached hereto as Exhibit A (as amended, the "Miscellaneous Sales Procedures").

2

3. The 10-day stay typically applicable to the sale of property under Federal Rule of Bankruptcy Procedure 6004(h) is waived.

4. This Order shall not affect any rights that a secured creditor may have under section 363(k) of the Bankruptcy Code to credit bid the amount of its allowed secured claim; provided that the amount of any successful credit bid shall be applied to reduce the amount of such creditor's allowed secured claim.

5. In connection with offering a product or a service, the Debtors did not disclose to an individual a policy prohibiting the transfer of personally identifiable information about them to persons that are not affiliated with the Debtors.

6. Pursuant to section 363(o) of the Bankruptcy Code, any purchaser of an interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as such purchaser would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under section 363 of the Bankruptcy Code.

7. The Debtors' protocol for the backup and storage of all information stored on the Debtors' computers and computer related equipment shall remain in effect and be followed by the Debtors for all sales of computer and computer related equipment that utilize these Miscellaneous Sales Procedures.

       8.    <ins>The Objections of the landlord Town Park Renaissance, LLC and landlord Nabih and Esther Mangoubi are resolved by agreement of the parties as set forth on the record at the Hearing and such resolutions will be memorialized in separate stipulations to be filed with the Court.</ins>

       <ins>9.</ins>    <del>5.</del> This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: August ____, 2007

    Wilmington, Delaware

                                                  THE HONORABLE KEVIN J. CAREY
                                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

LA3:1136206.5~
RLF1-31860903193261-31

2

## MISCELLANEOUS SALE PROCEDURES

1. <u>Transactions Subject to these Procedures</u>. These Miscellaneous Sale Procedures will apply only to asset sales involving the sale of the following categories of assets:

<u>a)</u>    ~~•~~ office furniture and equipment~~;~~<u>;</u>

<u>b)</u>    ~~•~~ internet domain names and other intangible property~~;~~<u>;</u>

<u>c)</u>    <u>personal property formerly subject to lease agreements where</u>

<u>(i) the Debtors have properly rejected the lease agreement,</u>

<u>(ii) the Debtors provided notice in writing to the lessor that if the property is not promptly picked up it may be subject to sale and</u>

<u>(iii) the lessor has failed to timely recover the property within 20 days following service of a notice of rejection;</u>

<u>d)</u>    <u>individual and small groups of unencumbered mortgage loans and real properties obtained in connection with the foreclosure of mortgage loans (provided that the Debtors have the written consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to sell such other personal property), to the extent the Debtors and/or other parties to those sales may desire Court approval of such sales;</u> <u>and</u>

<u>e)</u>    <u>other personal property (provided that the Debtors have the written consent of the "Creditors' Committee") to sell such other personal property).</u>

• ~~personal property formerly subject to lease agreements where (i) the Debtors have properly rejected the lease agreement, (ii) the Debtors provided notice in writing to the lessor that~~

~~if the property is not promptly picked-up it may be subject to sale and (iii) the lessor has failed to timely recover the property within 20 days following service of a notice of rejection; provided, however, that in~~   <u>2.</u>   <u>In</u> the event these procedures are utilized to sell formerly leased personal property, the remaining sale proceeds, if any, attributable to the property sold pursuant to these procedures, after deducting the Debtors' expenses relating to the storage, transportation or sale of the particular property, will be segregated in an account maintained by the Debtors and held for the benefit of the relevant lessor. Lessors can claim the net sale proceeds by requesting the funds in writing from counsel for the Debtors, with a copy to counsel for the Creditors' ~~Committee~~ <u>Committee and counsel for the Maricopa County Treasurer (if the leased property was located in Maricopa County, Arizona)</u>. The Debtors will provide an accounting to the lessor of the net sale proceeds with sufficient information detailing the sale proceeds received and the costs associated with the storage, transportation or sale of the property. <u>If no disputes exist, the Debtors shall disburse net proceeds, if any, to the lessor.</u> The Court will retain jurisdiction to resolve any disputes relating to the calculation or disbursement of net sale proceeds.

- ~~individual and small groups of unencumbered mortgage loans and real properties obtained in connection with the foreclosure of mortgage loans, to the extent the Debtors and/or other parties to those sales may desire Court approval of such sales.~~
- ~~other personal property (provided that the Debtors have the written consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to sell such other personal property).~~

~~2.~~<u>3.</u>   The Debtors may consummate sales pursuant to these procedures of no more than $~~400,000~~<u>250,000</u>, as measured by the total cash and other consideration received by the Debtors on account of the assets sold in each instance. The Debtors will not consummate

3

sales pursuant to these procedures involving the sale of assets to any employee or "insider" of the Debtors.

3.4. Notice of Proposed Sales. After the Debtors enter into a contract or contracts contemplating a transaction that is subject to these Miscellaneous Sale Procedures, or otherwise anticipate a transaction that is subject to these procedures ("Proposed Sale"), the Debtors will file with the Court a notice of such Proposed Sale ("Sale Notice") and serve the Sale Notice by overnight delivery, facsimile or electronic mail on the following parties: (a) counsel to the Creditors' Committee; (b) personal property or equipment lessors; (c) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known, including counsel to the Maricopa County Treasurer if, to the extent the Debtors are able to determine, the assets were located in Maricopa County, Arizona; and (d) the Office of the United States Trustee for the District of Delaware. The Debtors will use their reasonable best efforts to provide information to and consult with the Creditors' Committee regarding the Debtors' entrance into a Proposed Sale.

4.5. Contents of Sale Notice. The Sale Notice will include the following information:

a) A description of the assets that are the subject of the Proposed Sale, the location of the assets and, to the extent the Debtors are able to determine, whether the assets were located in Maricopa County, Arizona, the selling Debtor, the approximate book value of the assets as reflected on the Debtors' books and records, or if no value is available, an estimated value, and the economic terms of the sale;

b) an allocation of the purchase price amongst the various assets subject to the Proposed Sale;

c) the identity of any nondebtor party to the Proposed Sale;

4

~~d)~~ <u>d)</u>    ~~To~~<u>to</u> the extent applicable, a copy of any agreement providing for the Proposed Sale~~.~~<u>;</u>

~~e)~~ <u>e)</u>    ~~The~~<u>the</u> identity of any party holding liens, claims, encumbrances or other interests in the assets and a statement indicating that all such liens, claims, encumbrances or interests are capable of monetary satisfaction or that the parties have consented to the Proposed Sale~~.~~<u>;</u>

~~f)~~ <u>f)</u>    ~~If~~<u>if</u> the assets are the subject of a rejected lease, a statement indicating that the lessor was served with a lease rejection notice and the assets will be included in the sale if the equipment is not retrieved after 20 days from the service of the lease rejection notice~~.~~<u>; and</u>

~~g)~~ <u>g)</u>    ~~The~~<u>the</u> procedures by which parties may object to the Proposed Sale (described immediately below).

~~5~~<u>6</u>.    <u>Objection Procedures</u>.    Interested parties, other than the Creditors' Committee, will have 5 business days following service of the Sale Notice (the "Initial Objection Deadline") to file with the Court and serve an objection to the Proposed Sale. The Creditors' Committee will have 10 business days following service of the Sale Notice (the "Committee Objection Deadline", together with the Initial Objection Deadline, the "Objection Deadlines") to file with the Court and serve an objection to the Proposed Sale. Objections to the Proposed Sale must be served by overnight delivery, facsimile or electronic mail on the parties listed in Paragraph 3 of these procedures. Any such objection must be in writing and must state with specificity the grounds for the objection.

~~6~~<u>7</u>.    If an objection to a Proposed Sale is properly filed and served then: (a) the objection will be deemed to be a request for a hearing on the Proposed Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection;

5

and (b) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of a Court Order specifically approving the Proposed Sale.

~~7.~~8. If no objection is properly filed prior to the Objection Deadlines, then the Proposed Sale will be deemed fully authorized by the Court and the Debtors may consummate the Proposed Sale, and no further notice or Court approval will be required; <u>provided, however,</u> that the Debtors may consummate the Proposed Sale prior to the Committee Objection Deadline, but no earlier than the Initial Objection Deadline, where (i) the Debtors have obtained the written consent of the Creditors' Committee to consummate the Proposed Sale prior to the Committee Objection Deadline and (ii) the Debtors have not received an objection to the Proposed Sale from any other Interested Party prior to the Initial Objection Deadline.

~~8.~~9. <u>Conditions of Sale</u>. All buyers will acquire assets sold by the Debtors pursuant to these Miscellaneous Sale Procedures "AS IS–WHERE IS," without warranty, representation or recourse back to the estates; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the assets.

~~9. Notwithstanding anything in these procedures to the contrary, the Debtors are not permitted to sell or otherwise transfer pursuant to these procedures any interests which they may have in consumer credit transactions which are subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time).~~

<u>10. To the extent the Debtors sell formerly leased assets pursuant to the Miscellaneous Asset Sale Procedures, the proceeds of such sales will be held in a separate escrow account by the Debtors. Any plan of reorganization or plan of liquidation filed by the Debtors (or any other party) will provide for a method for the disposition of such escrowed</u>

proceeds to the former lessor.

11. To the extent the Debtors sell assets owned by the Debtors pursuant to the Miscellaneous Sale Procedures and such assets are encumbered by valid liens held by Maricopa County, Arizona pursuant to A.R.S. § 42-17153 (2005), the Debtors shall pay the Treasurer of Maricopa County, Arizona on account of such liens to the extent possible from the proceeds of the sale.

Document comparison done by DeltaView on Thursday, August 23, 2007 1:31:46 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/aj/Desktop/ORIGINAL MISC ASSET ORDER.doc |
| Document 2 | file://C:/Documents and Settings/aj/Desktop/REVISED FOR BLACKLINE Misc. Asset Sale Procedures Order.doc |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 60 |
| Deletions | 46 |
| Moved from | 10 |
| Moved to | 10 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 126 |