IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416(KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket Nos. 2157 and 2194 |
| | : | |

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 ESTABLISHING EXPANDED PROCEDURES GOVERNING MISCELLANEOUS ASSET SALES

This matter coming before the Court on the "Amended Motion to Expand Scope of Order Establishing Miscellaneous Sales Procedures" (the "Motion") (Docket No. 2194) filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting that the Court amend its previous Order (Docket No. 704) establishing certain "Miscellaneous Sale Procedures". The objections to the Motion filed by the Maricopa County Treasurer (Docket No. 2244), New York State Teachers' Retirement System (Docket No. 2247), Nabih and Esther Mangoubi (Docket No. 2254) and Town Park Renaissance, LLC (Docket No. 2255) (the "Objections") have been resolved as set forth herein. The Court having reviewed the Motion and the Objections, and the Court finding that: (1) the Court has jurisdiction over this matter

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc., (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (3) notice of the Motion was sufficient under the circumstances; and (4) the "Miscellaneous Sales Procedures," as amended and attached hereto as Exhibit A, are fair and equitable, sound business reasons support approval of the procedures, the Debtors proposed the procedures in good faith, and the procedures are in the best interest of the Debtors' estates and creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as modified herein.

2.    The Miscellaneous Sale Procedures, as amended in this Order, are approved in the form attached hereto as Exhibit A (as amended, the "Miscellaneous Sales Procedures").

3.    The 10-day stay typically applicable to the sale of property under Federal Rule of Bankruptcy Procedure 6004(h) is waived.

4.    This Order shall not affect any rights that a secured creditor may have under section 363(k) of the Bankruptcy Code to credit bid the amount of its allowed secured claim; provided that the amount of any successful credit bid shall be applied to reduce the amount of such creditor's allowed secured claim.

5.    In connection with offering a product or a service, the Debtors did not disclose to an individual a policy prohibiting the transfer of personally identifiable information about them to persons that are not affiliated with the Debtors.

6.    Pursuant to section 363(o) of the Bankruptcy Code, any purchaser of an interest in a consumer credit transaction that is subject to the Truth in Lending Act or any

2

interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as such purchaser would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under section 363 of the Bankruptcy Code.

7.    The Debtors' protocol for the backup and storage of all information stored on the Debtors' computers and computer related equipment shall remain in effect and be followed by the Debtors for all sales of computer and computer related equipment that utilize these Miscellaneous Sales Procedures.

8.    The Objections of the landlord Town Park Renaissance, LLC and landlord Nabih and Esther Mangoubi are resolved by agreement of the parties as set forth on the record at the Hearing and such resolutions will be memorialized in separate stipulations to be filed with the Court.

9.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: August 27, 2007
       Wilmington, Delaware

                                       THE HONORABLE KEVIN J. CAREY
                                       UNITED STATES BANKRUPTCY JUDGE

3