# EXHIBIT A

## MISCELLANEOUS SALE PROCEDURES

1.      <u>Transactions Subject to these Procedures.</u> These Miscellaneous Sale Procedures will apply only to asset sales involving the sale of the following categories of assets:

    a)    office furniture and equipment;

    b)    internet domain names and other intangible property;

    c)    personal property formerly subject to lease agreements where

        (i) the Debtors have properly rejected the lease agreement,

        (ii) the Debtors provided notice in writing to the lessor that if the property is not promptly picked up it may be subject to sale and

        (iii) the lessor has failed to timely recover the property within 20 days following service of a notice of rejection;

    d)    individual and small groups of unencumbered mortgage loans and real properties obtained in connection with the foreclosure of mortgage loans (provided that the Debtors have the written consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to sell such other personal property), to the extent the Debtors and/or other parties to those sales may desire Court approval of such sales; and

    e)    other personal property (provided that the Debtors have the written consent of the "Creditors' Committee") to sell such other personal property).

2.      In the event these procedures are utilized to sell formerly leased personal property, the remaining sale proceeds, if any, attributable to the property sold pursuant to these procedures, after deducting the Debtors' expenses relating to the storage, transportation or sale of

2

the particular property, will be segregated in an account maintained by the Debtors and held for the benefit of the relevant lessor. Lessors can claim the net sale proceeds by requesting the funds in writing from counsel for the Debtors, with a copy to counsel for the Creditors' Committee and counsel for the Maricopa County Treasurer (if the leased property was located in Maricopa County, Arizona). The Debtors will provide an accounting to the lessor of the net sale proceeds with sufficient information detailing the sale proceeds received and the costs associated with the storage, transportation or sale of the property. If no disputes exist, the Debtors shall disburse net proceeds, if any, to the lessor. The Court will retain jurisdiction to resolve any disputes relating to the calculation or disbursement of net sale proceeds.

    3. The Debtors may consummate sales pursuant to these procedures of no more than $250,000, as measured by the total cash and other consideration received by the Debtors on account of the assets sold in each instance. The Debtors will not consummate sales pursuant to these procedures involving the sale of assets to any employee or "insider" of the Debtors.

    4. <u>Notice of Proposed Sales</u>. After the Debtors enter into a contract or contracts contemplating a transaction that is subject to these Miscellaneous Sale Procedures, or otherwise anticipate a transaction that is subject to these procedures ("Proposed Sale"), the Debtors will file with the Court a notice of such Proposed Sale ("Sale Notice") and serve the Sale Notice by overnight delivery, facsimile or electronic mail on the following parties: (a) counsel to the Creditors' Committee; (b) personal property or equipment lessors; (c) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known, including counsel to the Maricopa County Treasurer if, to the extent the Debtors are able to determine, the assets were located in Maricopa County, Arizona; and (d) the Office of the United States Trustee for the District of Delaware. The Debtors will use their reasonable best efforts to provide information to and consult with the Creditors' Committee regarding the Debtors' entrance into a

Proposed Sale.

     5.    Contents of Sale Notice. The Sale Notice will include the following information:

    a)    a description of the assets that are the subject of the Proposed Sale, the location of the assets and, to the extent the Debtors are able to determine, whether the assets were located in Maricopa County, Arizona, the selling Debtor, the approximate book value of the assets as reflected on the Debtors' books and records, or if no value is available, an estimated value, and the economic terms of the sale;

    b)    an allocation of the purchase price amongst the various assets subject to the Proposed Sale;

    c)    the identity of any nondebtor party to the Proposed Sale;

    d)    to the extent applicable, a copy of any agreement providing for the Proposed Sale;

    e)    the identity of any party holding liens, claims, encumbrances or other interests in the assets and a statement indicating that all such liens, claims, encumbrances or interests are capable of monetary satisfaction or that the parties have consented to the Proposed Sale;

    f)    if the assets are the subject of a rejected lease, a statement indicating that the lessor was served with a lease rejection notice and the assets will be included in the sale if the equipment is not retrieved after 20 days from the service of the lease rejection notice; and

    g)    the procedures by which parties may object to the Proposed Sale (described immediately below).

     6.    Objection Procedures. Interested parties, other than the Creditors' Committee, will have 5 business days following service of the Sale Notice (the "Initial

Objection Deadline") to file with the Court and serve an objection to the Proposed Sale. The Creditors' Committee will have 10 business days following service of the Sale Notice (the "Committee Objection Deadline", together with the Initial Objection Deadline, the "Objection Deadlines") to file with the Court and serve an objection to the Proposed Sale. Objections to the Proposed Sale must be served by overnight delivery, facsimile or electronic mail on the parties listed in Paragraph 3 of these procedures. Any such objection must be in writing and must state with specificity the grounds for the objection.

7. If an objection to a Proposed Sale is properly filed and served then: (a) the objection will be deemed to be a request for a hearing on the Proposed Sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the Objection; and (b) the Proposed Sale may not proceed absent written withdrawal of the Objection or entry of a Court Order specifically approving the Proposed Sale.

8. If no objection is properly filed prior to the Objection Deadlines, then the Proposed Sale will be deemed fully authorized by the Court and the Debtors may consummate the Proposed Sale, and no further notice or Court approval will be required; **provided, however**, that the Debtors may consummate the Proposed Sale prior to the Committee Objection Deadline, but no earlier than the Initial Objection Deadline, where (i) the Debtors have obtained the written consent of the Creditors' Committee to consummate the Proposed Sale prior to the Committee Objection Deadline and (ii) the Debtors have not received an objection to the Proposed Sale from any other Interested Party prior to the Initial Objection Deadline.

9. **Conditions of Sale**. All buyers will acquire assets sold by the Debtors pursuant to these Miscellaneous Sale Procedures "AS IS–WHERE IS," without warranty, representation or recourse back to the estates; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the assets.

10. To the extent the Debtors sell formerly leased assets pursuant to the Miscellaneous Asset Sale Procedures, the proceeds of such sales will be held in a separate escrow account by the Debtors. Any plan of reorganization or plan of liquidation filed by the Debtors (or any other party) will provide for a method for the disposition of such escrowed proceeds to the former lessor.

11. To the extent the Debtors sell assets owned by the Debtors pursuant to the Miscellaneous Sale Procedures and such assets are encumbered by valid liens held by Maricopa County, Arizona pursuant to A.R.S. § 42-17153 (2005), the Debtors shall pay the Treasurer of Maricopa County, Arizona on account of such liens to the extent possible from the proceeds of the sale.