# EXHIBIT B

# THE RALSTON LAW FIRM

■ 2603 Oak Lawn Avenue
■ Suite 230, LB 2
■ Dallas, Texas 75219
■ (214) 808-4375
■ ralstonlaw@gmail.com

August 9, 2007

**VIA FAX (214.753.2707)**

The Honorable David C. Godbey
United States District Court
Northern District of Teas
1100 Commerce Street-Room 1358
Dallas, Texas 75242

Re:    Positive Software Solutions, Inc. ("PSS") v. New Century Mortgage Corp. ("NCMC"), et al. (collectively with other party defendants, the "Defendants"), Case No. 3:03-cv-0257-N

Dear Judge Godbey:

PSS has engaged me to assist its litigation counsel in the bankruptcy cases initiated on April 2, 2007, by Defendants NCMC, New Century Financial Corp. and The Anyloan Company (collectively, the "Debtor Defendants"), pending in the U.S. Bankruptcy Court for the District of Delaware.

As this Court is undoubtedly aware, the en banc order of the Fifth Circuit Court of Appeals overruling this Court's order vacating the arbitration award has become final. As a result, the Defendants' motion to confirm the arbitration award has been effectively reinstated.

In light of the reinstatement of the Defendants' motion to confirm, PSS recently filed its second motion for leave to amend. In that motion, PSS sought leave to amend its prior motion to vacate the arbitration award. PSS asserts (as it has previously done) that it should be permitted to amend its original motion to vacate to put before this Court the Defendants' fraudulent conduct in procuring the award as an additional ground for vacatur. PSS believes and maintains that the relief sought in the second motion for leave is purely defensive, insofar as it is responsive to the Defendants' motion to confirm.

After review of applicable law regarding the bankruptcy automatic stay, including cases issued by or in the fifth and third circuits, PSS concluded that the relief it sought in the second motion for leave did not implicate the bankruptcy stay. The Debtor Defendants, however, have asserted before both this Court and separately in the Delaware

The Honorable David C. Godbey
August 9, 2007

Page 2

bankruptcy court that PSS's action in filing the motion and in issuing related subpoenas violated the bankruptcy automatic stay.

At a hearing conducted this past Tuesday, August 7, the Delaware bankruptcy court issued an oral ruling finding for the Debtor Defendants. PSS wholly disagrees with and intends to appeal from the bankruptcy court's ruling. Nevertheless, until PSS obtains the reversal of the ruling or the bankruptcy court modifies the automatic stay to permit further litigation, PSS will respect the ruling and take no further action against the Debtor Defendants in this case.

PSS intends, however, to continue to prosecute its claims against the non-debtor Defendants. PSS will also apprise this Court of the status of its efforts in obtaining relief from the automatic stay and other matters transpiring in the Delaware Bankruptcy Court that may affect the subject case.

If this Court wishes to obtain any more information regarding this matter, please feel free to have your office contact me. Also, to avoid improper ex parte communications, counsel for all of the Defendants are being copied hereon.

Very truly yours,

Mark H. Ralston, Esq.

MHR/tk

Cc:  Ophelia F. Camiña, Esq. (via email)
     Peter Vogel, Esq. (via email)
     Robin P. Hartmann, Esq. (via email)