# EXHIBIT C



Slip Copy
Slip Copy, 2006 WL 2168478 (S.D.N.Y.)
(Cite as: Slip Copy)

Page 1

DeSouza v. PlusFunds Group, Inc.
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Clifford DESOUZA, Plaintiff,
v.
PLUSFUNDS GROUP, INC., Christopher Sugrue, and B. Douglas Morriss, Defendants.
No. 05 Civ. 5990 RCCJCF.

Aug. 1, 2006.

MEMORANDUM & ORDER
CASEY, J.
*1 On March 6, 2006, defendant PlusFunds Group, Inc. (" PFGI" ) filed a voluntary petition for Chapter 11 relief in the United States **Bankruptcy** Court for the Southern District of New York, such that the above-captioned matter was automatically stayed as against PFGI in accordance with section 362(a) of the **Bankruptcy** Code. See 11 U.S.C. § 362(a)(1) (staying the continuation of any judicial action against a debtor that was commenced before the commencement of the debtor's **bankruptcy** action). Individual defendants Christopher Sugrue (" Sugrue" ) and B. Douglas Morriss (" Morriss" ) request that the above-captioned matter be stayed in its entirety with respect to them as well. Sugrue has also requested that the Court strike the affidavit of service upon him, filed by Clifford DeSouza (" Plaintiff" ) on April 18, 2006, as defective. For the following reasons, the Court DENIES Morriss's request to extend the stay and DENIES Sugrue's request to extend the stay as well as his request to strike the affidavit of service upon him.

I. BACKGROUND

This action arises out of a series of July 2002 transactions between PlusFunds Ltd. and PFGI (" July 2002 Transactions" ). Sugrue was a director of both companies, and Morriss was a director of PlusFunds Ltd. (See Sugrue Mem. Supp. at 1.) Plaintiff alleges, in part, that the July 2002 Transactions were " less than arms length" and constituted a scheme to defeat the valuable rights of Plaintiff and other PlusFunds Ltd. shareholders. (See 2d Am. Compl. ¶¶ 1-2.) Based on numerous alleged acts of intentional misconduct, Plaintiff asserts claims against Sugrue and Morriss personally, including fraudulent conveyance, tortious interference, and conversion. (See id. ¶¶ 130-152.)

II. DISCUSSION

The above-captioned matter was automatically stayed as against PFGI in accordance with section 362(a) of the **Bankruptcy** Code after PFGI filed a voluntary petition for relief under Chapter 11 of the Code on March 6, 2006. See 11 U.S.C. § 362(a)(1). Sugrue and Morriss, individual **non-debtor** co-defendants of debtor corporation PFGI, request that the above-captioned matter be stayed in its entirety with respect to them as well, claiming (1) that their services are required for reorganization of PFGI, and (2) that the claims against them relate to actions allegedly taken by Sugrue and Morriss in their roles as directors such that they are entitled to indemnification from PFGI under the corporation's bylaws.

A. Jurisdiction

As an initial matter, the Court has jurisdiction to determine whether the **automatic stay** at issue should extend to Sugrue and Morriss in this action. Under 28 U.S.C. § 1334(b), federal district courts " have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Courts may direct that **bankruptcy** proceedings be referred to **bankruptcy** courts for the district. 28 U.S.C. § 157(a). **Bankruptcy** courts then have authority pursuant to 11 U.S.C. § 362(a)(1) to issue an **automatic stay** of civil proceedings against the bankrupt party. The **bankruptcy** court may also determine that the reorganization efforts or limited funds of the bankrupt defendant necessitate the stay to extend to **non-debtor** defendants under § )(1) and 11 U.S.C. § 105(a) (" The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." ). But a district court does not lose jurisdiction to make

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 2168478 (S.D.N.Y.)
(Cite as: Slip Copy)

determinations related to **bankruptcy** proceedings, and " [w]hile it is correct that the **bankruptcy** court is the exclusive forum to consider a motion for relief from the **automatic stay**, the district court retains jurisdiction independent of the **bankruptcy** court to determine whether a pending civil action is subject to the **automatic stay**." *Bennet v. Mfrs. & Traders Trust Co.*, No. 99 Civ. 827, 2000 WL 1611065, at *1 (N.D.N.Y. Oct. 18, 2000) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir.1985) (" The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the **automatic stay**." )).

B. Individual Defendants' Request to Extend the Automatic Stay

*2 The plain language of § 362(a)(1) limits the extension of an **automatic stay** to a " proceeding against the debtor," *see* 11 U.S.C. § 362(a)(1); *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y.1990), and courts will generally not extend the **automatic stay** of proceedings pursuant to § 362(a)(1) to **non-debtor** co-defendants, *see Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65-66 (2d Cir.1986) (denying the stay in proceedings for **non-debtor** general partners); *CAE Indus. Ltd.*, 116 B.R. at 32 (collecting cases where extensions were denied to **non-debtor** co-defendants). In " unusual situations," however, " a court may extend the **automatic stay** to non-bankrupt co-defendants of the debtor." *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 608 (S.D.N.Y.1996) (following *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986) (holding that in " unusual situations" a court is empowered to extend the **automatic stay** to **non-debtor** co-defendants)). " Unusual" circumstances exist to justify staying an action as against **non-debtor** officers and principals of a debtor corporation, for example, where failure to extend the stay would pose " a serious threat to the debtors' reorganization efforts," *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y.1999), or " when the debtor and **non-debtor** are ' so bound by statute or contract that the liability of the **non-debtor** is imputed to the debtor by operation of law," ' *Variable-Parameter*, 945 F.Supp. at 608. " The question is whether the action against the **non-debtor** is sufficiently likely to have a ' material effect upon ... reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *Gray*, 230 B.R. at 243 (quoting *CAE Indus. Ltd.*, 116 B.R. at 34).

Sugrue and Morriss bear the burden to demonstrate that an extension of the stay is warranted based upon unusual circumstances impacting PFGI's reorganization effort. *See CAE Indus. Ltd.*, 116 B.R. at 34 (" In the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant." ). Sugrue and Morriss have not demonstrated to the Court, however, that the continuation of this action as against them will have a " material effect" upon PFGI's reorganization efforts.

First, although an **automatic stay** may be extended to an officer co-defendant where that individual is a " principal player in the corporation's reorganization process," *see In re North Star Contracting Corp.*, 125 B.R. 368, 371 (S.D.N.Y.1991) (extending a stay to the president of the debtor company, who was to " negotiate[ ] with the creditor's committee and formulate [ ] plans for reorganization" ), Sugrue and Morris have not demonstrated that they play critical or central roles in PFGI's reorganization. Sugrue argues that this case should be stayed as against him " so that he is not distracted from the pressing matters relating to PFGI's future." (Sugrue Mem. Supp. at 4; *see also* Sugrue Reply Mem. at 1-2 (arguing that the stay should be extended because " Sugrue must devote his efforts to the orderly wind-down of PFGI" and that " requir[ing] Sugrue to defend himself against Plaintiff's claims will prevent him from focusing on PFGI's wind-down, thereby harming its reorganization efforts" ).) Likewise, PFGI's General Counsel alleges that Sugrue, who is still a director of PFGI, is " closely involved" with the company's wind-down efforts, and that he has " participated in various meetings" of the Board of Directors and " discussions" with the company's officers, employees, and outside counsel. (Malchman Reply Decl. ¶ 3.) But vague indications of potential distraction, and limited participation in and discussions concerning reorganization, do not represent " danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize," *see In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y.1997) (extending a stay to a **non-debtor** co-defendant where the debtor corporation's successful reorganization was contingent upon the **non-debtor's** contribution of personal assets and efforts), and simply are not enough to justify extending the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

automatic stay to Sugrue here. And Morriss has provided no support whatsoever for either his role in reorganization or any role as a director of PFGI. Accordingly, there is no basis to extend the automatic stay to either of these individual defendants on the ground that their services are required for PFGI's reorganization.

*3 Second, Sugrue and Morris have not sufficiently demonstrated to the Court that their liability will be imputed to PFGI by operation of law. Sugrue and Morriss argue that Plaintiff's claims relate to them only with respect to their roles as corporate directors and that PFGI will indemnify them under PFGI's bylaws, which state that PFGI shall " to the fullest extent authorized under the laws of the State of Delaware ... indemnify any director made ... a party to an action or proceeding ... by reason of being a director of the corporation or a predecessor corporation." (*See* PFGI Bylaws (Arkin Decl. Ex. A) at § 7.6.) But Delaware's corporate law requires that a director's actions be in " good faith" and that the director " reasonably believe" that those actions are in the " best interests" of the company as a prerequisite for indemnification. See 8 Del. C. § 145(a). A " stay clearly cannot be extended to the non-debtor" under the unusual-circumstances test " where the debtor and non-debtor co-defendant ' are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty." ' *Variable-Parameter,* 945 F.Supp. at 608-09 (quoting *A.H. Robins,* 788 F.2d at 999) (declining to extend an automatic stay under § 362(a)(1) to a non-debtor co-defendant). Given the nature of Plaintiff's fraudulent conveyance, tortious interference, and conversion claims against Sugrue and Morriss, liability could rest upon these individual's own breaches of duty, and neither Sugrue nor Morriss has sufficiently demonstrated to the Court that all of Plaintiff's claims are derivative of the individual defendants' director status for purposes of extending the automatic stay at issue. Accordingly, there is no basis to extend the automatic stay to either Sugrue or Morriss on the basis of their corporate roles or that they ultimately may be indemnified for any liability in this matter by PFGI.

C. Validity of the Affidavit of Service on Sugrue

Because the action is not stayed with respect to Sugrue, the Court now considers his application to strike the affidavit of service upon him as defective. (*See* Letter from Alan Arkin, Esq. to the Court dated May 3, 2006 (" Sugrue Letter" ) at 1-2.) Plaintiff, according to the affidavit of service filed on April 18, 2006, followed the requirements of New York law by leaving a copy of the summons and complaint with a person " of suitable age and discretion" at Sugrue's dwelling place and mailing the summons by first-class mail " in an envelope bearing the legend ' personal and confidential." ' *See* N.Y.C.P.L.R. § 308(2) (McKinney 2006) (setting forth the methods for personal service upon a natural person). Under New York law, prima facie evidence of proper service is established by the affidavit of the process server. *See Remington Invs., Inc. v. Seiden,* 658 N.Y.S.2d 696, 696 (N.Y.App.Div.1997); *see also Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir.2002) (adhering to the New York standard by presuming proper service from a server's affidavit). Although " [a] defendant's sworn denial of receipt of service ... rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing ... no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Old Republic,* 301 F.3d at 57-58 (citations and quotation marks omitted).

*4 Although Sugrue's counsel claims that Sugrue " did not receive either the copy of the second amended complaint allegedly left with the concierge or the copy of the complaint that was allegedly sent to him via first[-]class mail" (Sugrue Letter at 1), " conclusory denials of service are insufficient" to counterbalance a process server's affidavit, *Remington Invs.,* 658 N.Y.S.2d at 696 (holding that the issue of service under C.P.L.R. section 308(2) is properly determined " without first conducting a hearing" where the movant has failed " to specifically refute the contents of the affidavits of service or substantiate ... conclusory allegations" ), and no affidavit by Sugrue himself has been submitted to the Court to refute any of the " specific facts" established by the process server, *see Old Republic,* 301 F.3d at 58 (requiring an affidavit from the defendant proper). Because Sugrue has not rebutted the presumption of proper service established by the process server's affidavit, his application to strike the affidavit is denied.

III. CONCLUSION

For the foregoing reasons, the Court DENIES Sugrue's request to extend the automatic stay to him personally as a non-debtor co-defendant as well as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 2168478 (S.D.N.Y.)  
**(Cite as: Slip Copy)**

his request to strike the affidavit of service upon him and DENIES Morriss's request to extend the **automatic stay** to him as a **non-debtor** co-defendant. This matter was referred on February 10, 2006 to Magistrate Judge James C. Francis for general pretrial supervision, including but not limited to scheduling and discovery, and that order of reference remains in effect.

So Ordered:

S.D.N.Y.,2006.  
DeSouza v. PlusFunds Group, Inc.  
Slip Copy, 2006 WL 2168478 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.