# EXHIBIT E


Westlaw.

Not Reported in F.Supp.    Page 1
Not Reported in F.Supp., 1991 WL 255132 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Maaco Enterprises, Inc. v. Corrao
E.D.Pa.,1991.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
MAACO ENTERPRISES, INC.
v.
Anthony CORRAO and Elaine D. Corrao, h/w, t/a
Maaco Auto Painting and Bodyworks.
Civ. A. No. 91-3325.

Nov. 25, 1991.

Joseph Schumacher, Robert M. Kline, Abraham, Pressman & Bauer, P.C., Philadelphia, Pa., for plaintiff.
August T. Lembo, Caldwell, N.J., for defendants.

*MEMORANDUM*
WALDMAN, District Judge.

### I. *BACKGROUND*

*1 Presently before the court is plaintiff's motion for a preliminary injunction to enjoin defendants from infringing their trademark in violation of the Lanham Act and state law of unfair competition. A hearing and argument on the motion was held on November 18, 1991.

Plaintiff Maaco Enterprises, Inc. is a Pennsylvania corporation and a national franchisor of approximately 400 Maaco Centers. Defendants, Anthony and Elaine Corrao, have operated a Maaco auto paint and body repair shop in West Orange, New Jersey since 1985 pursuant to a franchise agreement executed on July 30, 1985.

Pursuant to the franchise agreement, the Corraos were obligated, *inter alia,* to file weekly reports with and pay an 8% royalty fee to Maaco. Maaco provided certain confidential proprietary information pursuant to the agreement, including corporate customer lists and cost data. The agreement contained a covenant prohibiting the franchisee from operating a competing business within a ten-mile radius of the franchised location upon a termination of the franchise.

It is uncontested that the Corraos continue to operate at the franchised location under the Maaco name without making past due or current payments to plaintiff.

On August 3, 1991, Maaco sent a notice of termination of the franchise to defendants. After several unsuccessful attempts to resolve their disputes, Maaco filed the present suit to enforce the terms of the agreement, to recover unpaid royalty fees, to enjoin the Corraos from holding themselves out as a Maaco franchise and to enforce the covenant not to compete.

Defendants contend that the agreement is void because it was secured by fraudulent misrepresentation and is unconscionable. Defendants maintain that they were induced to enter the contract by a forecast presented to them by plaintiff which understated the costs an average franchisee could expect to incur. They acknowledge that their revenues also exceeded those projected in the forecast. They contend that an 8% royalty is an unconscionable amount. The only evidence presented on this point, however, suggests that it is not. In any event, the relief available to defendants would not be the right to continue indefinitely to misappropriate plaintiff's trade name.

Shortly after entering into the agreement with Maaco, the Corraos incorporated Corrao Associates, Inc. in New Jersey through which the franchise was operated. The Corraos are 50% partners in that enterprise with Pasquale Testino. The franchise agreement provides that the franchise can be assigned only with the express consent of plaintiff, something plaintiff will give only if the individual franchisees guarantee all of the assignee's obligations to Maaco. Plaintiff sent Consent to Assignment forms to the Corraos but they were never executed.

On October 23, 1991, Corrao Associates, Inc. filed a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 255132 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Chapter 11 reorganization petition with the Bankruptcy Court in the District of New Jersey. Because plaintiff and defendants were present with their witnesses and a question existed as to the identity between defendants and the bankrupt, the court proceeded to permit them to develop a factual record, and deferred a decision on the request by counsel for the bankrupt to stay proceedings in the case.

II. *APPLICATION OF AUTOMATIC STAY*

*2 Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition automatically stays all proceedings against the debtor. See 11 U.S.C. § 362; 2 *Collier on Bankruptcy* ¶ 362.03 (15th ed. 1985). Consistent with the purposes of the automatic stay, § 362 has been applied broadly. Regarding paragraph (1) of § 362(a), the legislative history states:

The scope of this paragraph is broad. All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals.

H.R.Rep. No. 95-595, 95th cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6296-97. Application of the automatic stay " avoids interference with the orderly liquidation or rehabilitation of the debtor." *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982).

While Maaco seeks injunctive relief rather than money damages, the parties have directed the court to no case in which a claim for injunctive relief has survived the automatic stay. There are cases in which the automatic stay has been held not to prevent the government from seeking to enjoin environmentally unsafe practices.

In *United States v. ILCO Inc.*, 48 Bankr.1016 (N.D.Ala.1985), the court held that the automatic stay provision did not apply to the government's action against a debtor to enjoin hazardous waste violations. The court based its decision primarily on two factors: (1) the " imminent and substantial endangerment to the public health and environment;" and (2) 11 U.S.C. § 362(b)(4) and (5) which except from the automatic stay proceedings by a " governmental unit to enforce such governmental unit's police or regulatory power." *See also Brock v. Morysville Body Works, Inc.*, 821 F.2d 383 (3d Cir.1987). Section 362(b) is inapplicable to Maaco's application for an injunction, and there is present no imminent threat of substantial harm of the type presented by unabated environmental hazards.

Maaco argues that because their action is against the Corraos individually and not Corrao Associates, Inc., the automatic stay does not apply. Even assuming that Anthony and Elaine Corrao are the proper parties to the franchise agreement with Maaco, the result would be the same.

The automatic stay provision applies to suits against non-debtor defendants who are related to the debtor and to suits the resolution of which may have a significant impact on the debtor. *See In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir.1987), *cert. denied, Rockefeller Group Inc. v. 48th Street Steakhouse, Inc.*, 485 U.S. 1035 (1988) (action against non-bankrupt party which would inevitably have adverse impact on property of bankrupt estate is barred by automatic stay); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986) (when identity between debtor and defendant is such that debtor may be said to be real party in interest and finding against defendant will effectively be finding against debtor, action should be stayed). The court finds that the identity between the debtor and the Corraos is such, and the impact of an adverse finding in this matter on the bankrupt is such, that a preliminary injunction effectively would be a judgment against the debtor.

*3 Accordingly, the court finds that § 362 of the Bankruptcy Code applies and effects a stay of Maaco's action for a preliminary injunction.

Arguably, it is particularly inequitable to permit people to perpetuate the misuse of a trade name through a declaration of bankruptcy and thereby to generate revenues at the expense of the registered owner for use in paying other creditors, including themselves. This is a matter, however, for resolution by the Bankruptcy Court.

Relief from an automatic stay may be obtained from the bankruptcy court in which the petition was filed. 11 U.S.C. § 362(d). The Code provides for a determination by the bankruptcy court of whether

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1991 WL 255132 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

relief from the stay would be equitable. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d at 449; *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). There is nothing at this juncture, however, that this court can do. *See, e.g., Pope v. Manville Forests Products Corp.,* 778 F.2d 238, 239 (5th Cir.1985); *NLT Computer Services Corp. v. Capital Computer Systems, Inc.,* 755 F.2d 1253, 1257-58 (6th Cir.1985).

Maaco is free to file a motion for relief from the automatic stay in the Bankruptcy Court in the District of New Jersey. Because this matter is a non-core proceeding,[FN1] that Court could not finally adjudicate Maaco's claim for injunctive relief. Should the Bankruptcy Court grant Maaco relief from the automatic stay, this court will proceed with this matter. Should that Court decline to do so, this court will have to place this matter in suspense pending the ultimate resolution of the bankruptcy.

An appropriate order will be entered.

*ORDER*

AND NOW, this 25th day of November, 1991, upon consideration of plaintiff's Application for Preliminary and Permanent Injunction and consistent with the accompanying Memorandum, IT IS HEREBY ORDERED that all proceedings on said Application are STAYED pending action by the U.S. Bankruptcy Court for the District of New Jersey.

> FN1. A Lanham Act claim is non-core and must be decided by the district court, unless the parties consent to a bankruptcy court adjudication. *See In re Wood,* 825 F.2d 90, 96 (5th Cir.1987) ( citing *Northern Pipeline Constr. Co. v. Marathon Pine Line Co.,* 458 U.S. 50, (1982), " controversies that do not depend on the bankruptcy laws for their existence-suits that could proceed in another court even in the absence of bankruptcy-are not core proceedings" ); *In re Marr Broadcasting Co.,* 79 Bankr. 673 (Bankr.S.D.Tex.1987) (debtor's trademark infringement claim not subject to bankruptcy " core" jurisdiction).

E.D.Pa.,1991.
Maaco Enterprises, Inc. v. Corrao
Not Reported in F.Supp., 1991 WL 255132 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.