# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CASE NO. 07-10416-KJC |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC., | § | Chapter 11 |
| *ET. AL.*, | § | Jointly Administered |
| | § | |
| Debtors. | § | **Objection Deadline:  September 27, 2007 at 4:00 pm** |
| | § | **Hearing Date: October 2, 2007 at 1:30 p.m.** |

## MOTION OF CONSTANCE L ESPOSITO FOR RELIEF
## FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

COMES NOW Constance L. Esposito ("Movant"), by and through her attorneys Fox Rothschild LLP, and moves this Court for an Order granting relief from the Automatic Stay of 11 U.S.C. § 362, in order to permit Movant to continue a quiet title action currently pending in the District Court for Clark County, Nevada and involving certain Debtors in this jointly administered bankruptcy.

## BACKGROUND

1.  At all times relevant hereto, Movant was the owner of real property located at 7400 Cedar Rae Avenue, Las Vegas, Nevada 89131 ("Property").

2.  On or about October 19, 2005, Peter Vilencia ("Vilencia") caused to be recorded a Grant, Bargain and Sale Deed purportedly to convey the Property from Movant to Vilencia.

3.  Movant did not give authority to Vilencia for Vilencia to purportedly transfer the Property to himself.

4.  On or about July 27, 2006, Movant filed an action in the Clark County Nevada District Court against Vilencia for, quiet title, declaratory relief, and fraud (hereinafter the "Nevada Action") (a copy of the complaint in the Nevada Action is attached hereto as "Exhibit A" and incorporated by reference).

5. The Nevada Action alleges, among other things, that no authority was given to Vilencia to purportedly convey the Property to himself.

6. On or about July 27, 2006, Movant caused to be recorded a Notice of Lis Pendens (the "Lis Pendens") with regard to the Property.

7. On or about September 13, 2006, Vilencia executed a promissory note (the "Note") in the amount of $282,659.88, secured by a deed of trust on the Property (the "Deed of Trust"), with debtor New Century Mortgage Corp. ("New Century" or "Debtor") as the beneficiary.

8. At the time of recording of the Deed of Trust, by way of the Lis Pendens, New Century had notice of Movant's claims against Vilencia. Further, New Century had notice that Vilencia had no authority to convey any interest in the Property, including a conveyance by Deed of Trust.

9. On or about February 7, 2007, New Century complained to intervene in the Nevada Action (the "Third Party Complaint") ( a copy of the Third Party Complaint is attached hereto as "Exhibit B" and incorporated by reference).

10. On or about February 12, 2007, Movant filed her Answer and Counterclaim to the Third Party Complaint. Movant's Counterclaim against New Century was subsequently amended on May 7, 2007 (the "Counterclaim") (a copy of the answer and amended Counterclaim is attached hereto as (Exhibit C").

11. The Counterclaim alleges, among other things, that because Vilencia had no authority to execute the Deed of Trust, the purported transfer of interest in the Property pursuant to the Deed of Trust is void, and conveys no interest to New Century. As such, Movant alleges that she is entitled to an Order cancelling and expunging the Deed of Trust from the record and quieting Movant's title to the Property. The Counterclaim also alleges Slander of Title against

New Century and seeks to recover for: (1) damages in an amount in excess of 10,000; (2) punitive damages; and (3) reimbursement of attorneys fees and cost of suit.

12. On or about June 22, 2007, New Century filed its Notice of Bankruptcy filing (the "Notice") staying the Counterclaim.

13. Counsel for New Century continues to pursue the Third Party Complaint and the Court has established a trial date of February 25, 2008.

14. In accordance with the Section 362(a)(1) of the Bankruptcy Code, Movant has ceased all litigation against Vilencia and New Century.

## JURISDICTION

15. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1157 and 11 U.S.C. § 362.

## CLAIM FOR RELIEF

16. This Court may grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "'Cause' is not defined in the Code; it must be determined on a case-by-case basis." *Izzarelli v. Rexene Prods. Co. (In the Matter of Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). As further explained by this Court:

> The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. *It will often be more appropriate to permit proceedings to continue in their place of origin*, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

*Id*. at 576 (internal quotations omitted) (emphasis added).

17. Thus, relief from the stay is freely and routinely granted to permit advanced prepetition litigation to continue postpetition in a non-bankruptcy forum. *See, e.g., Universal Life Church Inc. v. United States (In re Universal Life Church Inc.)*, 127 B.R. 453, 455 (E.D. Cal. 1991) ("[t]he

automatic stay in this case should be modified to permit the tax court to finish what it had nearly completed. That forum has special expertise in deciding difficult and contested tax issues. The tax issues raised in this case are presumptively difficult otherwise it would not have taken three years to prepare the case for trial .... The interests of judicial economy weigh overwhelmingly in favor of returning the 1978-1980 tax issues to tax court")

18.  This Court generally considers three factors in analyzing whether to grant relief from the stay to permit prepetition litigation to continue: "(1) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits." *American Airlines Inc. v. Continental Airlines Inc. (In re Continental Airlines Inc.)*, 152 B.R. 420, 424 (D. Del. 1993). *Accord Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P. (In re Levitz Furniture Inc.)*, 267 B.R. 516, 523 (Bankr. D. Del. 2000); *In the Matter of Rexene Prods. Co.*, 141 B.R. at 576.

19.  The Bankruptcy Code places the initial burden of showing that cause exists on the moving party, but after that initial showing is made the burden of proof passes to the debtor. *See In the Matter of Rexene Prods. Co.*, 141 B.R. at 577.[1] Movant contends that the Complaint and Counterclaim establish cause to grant the relief it requests. Thus, the Debtors here bear the burden of demonstrating that cause does not exist for granting that relief.

---

[1] Section 362 (g) provides:
   **(g)** In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
      **(1)** the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
      **(2)** the party opposing such relief has the burden of proof on all other issues.

20. Permitting the Nevada Action to proceed will not prejudice the Debtors' estates. The dispute between Movant and New Century will have to be addressed in some forum, meaning that New Century will have to incur litigation costs to resolve the claims asserted by Movant and New Century has already engaged capable counsel in Nevada that is intimately familiar with the dispute. New Century's costs would be minimized by permitting the Nevada Action to proceed, as opposed to having the parties (including New Century) bear the expense of educating a new judge and counsel on the facts and the various issues in question.

21. Additionally the Nevada Action does not involve Federal causes of action – only state causes of action – thus, New Century will not be prejudiced by the adjudication of the Nevada Action in a non-bankruptcy forum.

22. The continued maintenance of the automatic stay may severely prejudice Movant. Among other things, prejudice to a movant may be shown where, as here, the continuing imposition of the automatic stay divests the [M]ovant of a valuable remedy. *See In re Levitz Furniture Inc.*, 267 B.R. at 523.

23. As stated in the Complaint and Counterclaim, Movant has desired to sell the Property and a cloud on title has delayed any sale and will continue to delay sale until resolved.

24. Movant no longer resides in the Property, however Movant will need to pay the mortgage, taxes and upkeep for the Property until the Nevada Action is resolved.

25. Moveover, delays in the sale of the Property may cause the loss of potential purchasers of the Property.

26. In terms of the likelihood of success, this factor has been described as requiring a showing that "the creditor has some chance of prevailing." *In re Levitz Furniture Inc.*, 267 B.R. at

523. The movant need not show a likelihood or a substantial likelihood of success on the merits. Rather, it need only show "some chance" of success. *Id*.

27. New Century's Third Party Complaint recognized the likelihood that Movant would prevail on the merits and requested alternative relief in its pleadings – specifically, the Third Party Complaint seeks to interevene to secure a judgment on the Promissory Note signed by Vilencia or in the alternative, if the Court finds that the conveyance to Vilencia is valid, binding and enforceable, a declaration of its interest in the Property by virtue of the Deed of Trust. (See Exhibit B ¶15-16).

28. Further, if the Court grants the relief requested herein, Movant will amend her Counterclaim to only seek a declaration that New Century has no right, title or interest in the Property and that the Deed is void, and an Order quieting Movant's title and canceling and expunging the Deed of Trust. Movant will not pursue her claims of Slander of Title against New Century or seek damages or reimbursement of expenses from New Century in the Nevada Action.

For all the foregoing reasons, Movant respectfully request this Court modify the automatic stay to allow the Movant to fully adjudicate the Nevada against New Century et al, and permit recovery in the Nevada action of any judgment without order of the Bankruptcy Court.

**FOX ROTHSCHILD LLP**

/s/ Neal J. Levitsky, Esquire
Neal J. Levitsky, Esquire (No. 2092)
Seth A. Niederman, Esquire (No. 4588)
919 North Market Street, Suite 1300
P. O. Box 2323
Wilmington, Delaware 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

*Attorneys for Movant Constance L. Esposito*

Dated: September 5, 2007

WM1A 105049v1 09/05/07