# EXHIBIT A

ORIGINAL

FILED

JUL 27  2 15 PM '06

CLERK

1  COMP
ANTHONY CIULLA, ESQ.
2  Nevada Bar No. 5913
DEANER, DEANER, SCANN,
3  MALAN & LARSEN
720 South Fourth Street, Suite 300
4  Las Vegas, Nevada 89101
(702) 382-6911
5  Attorney for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

CONSTANCE L. ESPOSITO f/k/a ) CASE NO.: A525505
CONSTANCE L. STAFKO, ) DEPT. NO.: III
)
Plaintiff, ) **COMPLAINT**
)
vs. ) **EXEMPT FROM ARBITRATION:**
) Action Concerning Title to Real Estate,
TOOK IT, LLC, a Nevada Limited Liability ) Quiet Title and Seeking Extraordinary
Company; PETER VILENCIA, an individual; ) Relief
DOES I through X; and ROE )
CORPORATIONS I through X, inclusive, ) Hearing Date: N/A
) Hearing Time: N/A
Defendants. )
)

COMES NOW, Plaintiff, CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO, by and through her attorney, ANTHONY CIULLA, ESQ. of the law firm of DEANER, DEANER, SCANN, MALAN & LARSEN and for her causes of action against the Defendants, TOOK IT, LLC and PETER VILENCIA, complains and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO, is an owner of real property located in the County of Clark, State of Nevada.

2. Upon information and belief, Defendant, TOOK IT, LLC ("Defendant Took It"), is a Nevada Limited Liability Company.

3. Upon information and belief, Defendant, PETER VILENCIA ("Defendant Vilencia"), is and was, at all times relevant to this action, a resident of the County of Clark, State of Nevada.

///

DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone (702) 382-6911 • Facsimile (702) 366-0854

RECEIVED JUL 27 2006 COUNTY CLERK

4. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated herein as a DOE and/or ROE CORPORATION is responsible in some manner for the events and happenings herein referred to, including but not limited to, taking part in the preparation, execution, or acquiesce of the forged Power of Attorney and/or the forged Deed which is the subject of this action, or otherwise claims an interest in said real property. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of said Defendants DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained by Plaintiff, together with appropriate charges and allegations and to join such Defendants in this action.

5. Plaintiff is informed, believes and thereon alleges that at all times relevant, that Defendants, and each of them, including those fictitiously named DOE or ROE, were the agents or sureties of the other and in doing the things alleged herein, were acting within the course and scope of such agency and with the consent and permission of the other co-defendants and/or are liable under the doctrine of respondeat superior. Accordingly, Defendants are liable to Plaintiff for each other's actions as set forth in this Complaint. For ease of reference, the named Defendants may be referred to collectively in the singular as "Defendant," and reference to one shall constitute reference to the others as well.

### FIRST CLAIM FOR RELIEF

(Quiet Title - NRS 40.010)

6. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 5 as though fully set forth.

7. Plaintiff is the owner of real property located at 7400 Cedar Rae Avenue, Las Vegas, Nevada 89131 ("Property"), and more particularly described as follows:

///
///
///

Parcel No. 1:

Lot 94, Block 2 of PRESERVE AT ELKHORN SPRINGS UNIT 2 PHASE 2, as shown by Map thereof on file in Book 97 of Plats, Page 65, in the Office of the County Recorder of Clark County, Nevada.

Parcel No. 2:

A non-exclusive easement for ingress, egress and recreational use, appurtenant to Parcel No. 1 described herein, on and over the common area as set forth in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Elkhorn, recorded March 22, 1995 in Book 950322 as Document No. 000346, as the same may from time to time be amended and/or supplemented in the Office of the County Recorder of Clark County, Nevada.

APN:   125-15-314-033

8.   Plaintiff has just found out that unbeknownst to her and without her authorization, title to the Property was transferred to Defendant Peter Vilencia by way of an alleged forged Grant, Bargain and Sale Deed and/or a forged Power of Attorney.

9.   Specifically, on October 19, 2005, in Book No. 20051019 as Instrument No. 0004745, Defendant Vilencia caused a Grant, Bargain and Sale Deed to be recorded with the County Recorder purporting to transfer title to the Property to Defendant Vilencia.

10.   Plaintiff did not execute said Grant, Bargain and Sale Deed purporting to transfer the Property to Defendant Vilencia.

11.   Plaintiff did not execute a Power of Attorney giving authority to any individual to transfer the Property to Defendant Vilencia.

12.   Plaintiff did not authorize anyone to execute the Grant, Bargain and Sale Deed on her behalf.

13.   Upon information and belief, Defendants or a third party working with Defendants forged Plaintiff's name on the Grant, Bargain and Sale Deed, as well as any other documents purporting to transfer the Property.

14.   Plaintiff had no knowledge at the time that the Grant, Bargain and Sale Deed had been executed and recorded.

15.   The purported transfer of title to the Property is void, and the Grant, Bargain and Sale Deed transfers no interest in the Property to Defendants.

16. Plaintiff has always made all mortgage payments and other payments to the Property.

17. On or about October 27, 2005, in Book No. 20051027, as Instrument No. 0001065, Defendant Vilencia recorded a Grant, Bargain and Sale Deed purporting to transfer title to the Property to Defendant Took It.

18. Upon information and belief, Defendant Took It was formed on October 14, 2005.

19. Plaintiff is entitled to an Order of this Court cancelling and expunging the deeds from the record and quieting Plaintiff's title to the Property.

20. In addition, Plaintiff has desired to sell the Property and the clouds on title and delay in the sale have caused damage to Plaintiff in an amount in excess of $10,000.00.

21. It has been necessary for Plaintiff to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs.

22. Plaintiff is entitled to reimbursement of attorney's fees as special damages to clear her title.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

23. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. A valid, justifiable controversy exists concerning the alleged forgery of Plaintiff's signature on the Deed, as well as subsequent Deeds recorded against the Property, and this issue is ripe for a decision. Plaintiff requests a declaratory judgment from this Court pursuant to NRS 30.010 et seq. declaring the respective rights and duties of the parties.

25. It has been necessary for Plaintiff to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute this action and Plaintiff is entitled to reasonable attorneys' fees and costs.

26. Plaintiff is entitled to reimbursement of attorney's fees as special damages to clear her title.

///

## THIRD CLAIM FOR RELIEF

(Fraud)

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28. Defendant Vilencia intentionally caused the forged Grant, Bargain and Sale Deed to be executed and recorded purporting the transfer of title to the Property to Defendnat Vilencia.

29. Defendant Vilencia knew that Plaintiff did not authorize Defendant Vilencia to record the Grant, Bargain and Sale Deed purporting to transfer title to Defendant Vilencia.

30. Defendant Vilencia recorded the Grant, Bargain and Sale Deed with the intent to defraud and deprive Plaintiff of the Property which is rightfully hers.

31. As a result of Defendant Vilencia's actions, Plaintiff is entitled to a damage award in excess of $10,000.00.

32. As a result of Defendant Vilencia's actions, Plaintiff is entitled to punitive damages.

33. It has been necessary for Plaintiff to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute this action and Plaintiff is entitled to reasonable attorneys' fees and costs.

34. Plaintiff is entitled to reimbursement of attorney's fees as special damages to clear her title.

**WHEREFORE**, Plaintiff prays as follows:

1. A declaration that Defendants have no right, title and interest in the Property and that the Deed is void, and an Order quieting Plaintiff's title and canceling and expunging the Grant, Bargain and Sale Deed, as well as the subsequent Deeds;

2. For damages in an amount in excess of $10,000.00;

3. For punitive damages;

/ / /

/ / /

/ / /

/ / /

DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone (702) 382-6911•Facsimile (702) 366-0854

4. For reasonable attorneys' fees and costs of suit;

5. For reimbursement of attorneys fees and costs as special damages; and

6. For such other and further relief as the Court deems just and proper in the premises.

DATED this 27 day of July, 2006.

DEANER, DEANER, SCANN, MALAN & LARSEN

By: _____
ANTHONY CIULLA, ESQ.
Nevada Bar No. 005913
720 South Fourth Street, #300
Las Vegas, Nevada 89101
Attorneys for Plaintiff

6

**VERIFICATION**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

ANTHONY CIULLA, first being duly sworn, deposes and states as follows:

That I am the attorney of record for the Plaintiff in the above entitled matter; that I have read and prepared the foregoing **COMPLAINT** and pursuant to NRS 15.010 know upon information and belief the contents thereof based upon information supplied to me by Plaintiff who resides out of said county.

_____
ANTHONY CIULLA

SUBSCRIBED AND SWORN to before me this ___ day of July, 2006.

_____
NOTARY PUBLIC
My Appointment expires 4-7-2009



DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone (702) 382-6911 • Facsimile (702) 366-0854

F:\OFFICE\CLIENTS\Esposito,Connie\Pldg\Complaint.wpd

7