# EXHIBIT C

| | |
|---|---|
| 1 | NCA<br>ANTHONY CIULLA, ESQ. |
| 2 | Nevada Bar No. 5913<br>DEANER, DEANER, SCANN, |
| 3 | MALAN & LARSEN<br>720 South Fourth Street, Suite 300 |
| 4 | Las Vegas, Nevada 89101 |
| 5 | (702) 382-6911<br>Attorney for Plaintiff |

FILED

MAY 7  2 55 PM '07

CLERK [signature]

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO,<br><br>    Plaintiff,<br><br>vs.<br><br>TOOK IT, LLC, a Nevada Limited Liability Company; PETER VILENCIA, an individual; DOES I through X; et al.,<br><br>    Defendants. | CASE NO.: A525505<br>DEPT. NO.: XV<br><br>**PLAINTIFF'S AMENDED ANSWER TO THIRD PARTY COMPLAINT IN INTERVENTION AND COUNTERCLAIM**<br><br>Hearing Date:  N/A<br>Hearing Time:  N/A |
| NEW CENTURY MORTGAGE CORP., a California corporation,<br><br>    Intervening Defendant,<br><br>vs.<br><br>TOOK IT, LLC, a Nevada Limited Liability Company; PETER VILENCIA, an individual; DOES I through X and ROES XI through XX,<br><br>    Defendants. | |
| CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO,<br><br>    Counterclaimant,<br><br>vs.<br><br>NEW CENTURY MORTGAGE CORP., a California corporation,<br><br>    Counterdefendant. | |

DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone (702) 382-6911 • Facsimile (702) 366-0854

COMES NOW, Plaintiff, CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO, by and through her attorney, ANTHONY CIULLA, ESQ. of the law firm of DEANER, DEANER, SCANN, MALAN & LARSEN, and hereby answers Intervenor's Third Party Complaint in Intervention as follows:

1. Answering paragraphs 6, 7, and 8 of Intervenor's Third Party Complaint in Intervention, Plaintiff admits all the allegations contained therein.

2. Answering paragraphs 1, 3, 4, 5, 9, 10, 12, 13, 15, 16, 19, 22, 23, 24, 25, 26, 27, 28, 29, and 32 of Intervenor's Third Party Complaint in Intervention, Plaintiff lacks sufficient information or belief to enable her to answer said paragraphs; and basing her answers upon that ground, denies generally and specifically each and every allegation contained therein.

3. Answering paragraphs 2, 14, 17, 20, 30, 33, 34, and 35 of Intervenor's Third Party Complaint in Intervention, Plaintiff denies generally and specifically each and every allegation contained therein.

4. Answering paragraph 11 of Intervenor's Third Party Complaint in Intervention, Plaintiff admits that no Power of Attorney was executed giving authorization to convey the Property.

5. Answering paragraphs 18, 21, and 31 of Intervenor's Third Party Complaint in Intervention, Plaintiff repeats, realleges and incorporates its answers to paragraphs 1 through 35 as though fully contained herein.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Intervenor's Third Party Complaint in Intervention fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Intervenor failed to mitigate its damages

THIRD AFFIRMATIVE DEFENSE

Intervenor, with full knowledge of all facts contained within or relating to the transactions alleged in its Third Party Complaint in Intervention, ratified and confirmed in all respects the acts of this answering Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Whatever damages were sustained by Intervenor as a result of the allegations of its Third Party Complaint in Intervention, were proximately caused in whole or in part or were contributed by reason of Intervenor's own negligence.

### FIFTH AFFIRMATIVE DEFENSE

Intervenor was comparatively more negligent than this answering Plaintiff; and Intervenor's own negligence proximately caused the damages alleged in its Third Party Complaint in Intervention.

### SIXTH AFFIRMATIVE DEFENSE

Any damages which Intervenor may have sustained by reason of the allegations contained in its Third Party Complaint in Intervention were proximately caused by the acts of persons other than this answering Plaintiff and, therefore, Intervenor is not entitled to any relief from this answering Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

By its own actions, Intervenor is estopped from asserting any claim against this answering Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Intervenor did have actual and constructive notice of Plaintiff's claims, and are not therefore bonafide purchasers or lenders for value.

### NINTH AFFIRMATIVE DEFENSE

By its own actions, Intervenor has waived whatever rights it may have otherwise had to relief from this answering Plaintiff..

### TENTH AFFIRMATIVE DEFENSE

Pursuant to N.R.C.P. 11, as amended, all possible Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of these answering Plaintiff's Answer, and, therefore, this answering Plaintiff reserves the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation and discovery warrant.

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

This answering Plaintiff has been required to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute and defend this action, and reasonable attorneys' fees and costs of suit herein incurred should be awarded therefore.

## AMENDED COUNTERCLAIM

Plaintiff, CONSTANCE L. ESPOSITO f/k/a CONSTANCE L. STAFKO ("Esposito"), by and through her counsel, hereby counterclaims against Intervenor, NEW CENTURY MORTGAGE CORP., ("New Century"), and alleges as follows:

## FIRST CLAIM FOR RELIEF

### (Quiet Title - NRS NRS 40.010)

1. That all times mentioned herein, Esposito is an owner of real property located at 7400 Cedar Rae Avenue, Las Vegas, Nevada 89131 ("Property"), and more particularly described as follows:

Parcel No. 1:

Lot 94, Block 2 of PRESERVE AT ELKHORN SPRINGS UNIT 2 PHASE 2, as shown by Map thereof on file in Book 97 of Plats, Page 65, in the Office of the County Recorder of Clark County, Nevada.

Parcel No. 2:

A non-exclusive easement for ingress, egress and recreational use, appurtenant to Parcel No. 1 described herein, on and over the common area as set forth in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Elkhorn, recorded March 22, 1995 in Book 950322 as Document No. 000346, as the same may from time to time be amended and/or supplemented in the Office of the County Recorder of Clark County, Nevada.

APN:    125-15-314-033

2. On or about October 19, 2005, Defendant Peter Vilencia ("Vilencia") caused to be recorded a Grant, Bargain and Sale Deed purportedly to convey the Property from Esposito to Vilencia in Book No. 20051019 as Instrument No. 0004745.

3. Esposito did not give authority to Vilencia for Vilencia to purportly transfer the Property to himself.

4. On or about July 27, 2006, Esposito filed an action in District Court against Vilencia for, among other things, quiet title, declaratory relief, and fraud.

4

5. The Complaint alleged that no authority was given to Vilencia to purportedly convey the Property to himself.

6. On or about July 27, 2006, Plaintiff caused to be recorded a Notice of Lis Pendens in Book No. 20060727, as Instrument No. 0005635.

7. On or about September 13, 2006, a Deed of Trust to secure a Promissory Note in the amount of $282,659.88 naming New Century as beneficiary which was recorded by New Century in Book No. 20060913, as Instrument No. 02170.

8. The Deed of Trust purportedly secured a Promissory Note executed by Vilencia in favor of New Century.

9. At the time of the recording of the Deed of Trust, New Century had constructive notice of Esposito's claims against Vilencia.

10. At the time of the recording of the Deed of Trust, New Century had actual notice of Esposito's claims against Vilencia.

11. In addition, New Century had actual and constructive notice that Vilencia had no authority to convey any interest in Esposito's Property, including, but not limited to, any conveyance by the Deed of Trust.

12. Since Vilencia had no authority to execute the Deed of Trust, the purported transfer of interest in the Property pursuant to the Deed of Trust is void, and conveys no interest to New Century.

13. According, Plaintiff is entitled to an Order of this Court cancelling and expunging the Deed of Trust from the record and quieting Esposito's title to the Property.

14. In addition, Plaintiff has desired to sell the Property and the clouds on title and delay in said sale have caused damage to Plaintiff in amount in excess of $10,000.00.

15. It has been necessary for Plaintiff to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs.

16. Plaintiff is entitled to reimbursement of attorney's fees as special damages to clear her title.

/ / /

## SECOND CLAIM FOR RELIEF

### (Slander of Title)

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. New Century made a false and malicious communication disparaging to Plaintiff's title and land by the recordation of the Deed of Trust with knowledge that Vilencia did not have authority to execute the Deed of Trust.

19. In addition, Plaintiff has desired to sell the Property and the clouds on title and delay in said sale have caused damage to Plaintiff in amount in excess of $10,000.00.

20. It has been necessary for Plaintiff to retain the services of DEANER, DEANER, SCANN, MALAN & LARSEN to prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs.

21. Plaintiff is entitled to reimbursement of attorney's fees as special damages to clear her title.

**WHEREFORE**, Esposito prays for judgment as follows:

As to the Answer:

1. That Intervenor's Third Party Complaint in Intervention be dismissed, with prejudice, and that Intervenor take nothing thereunder;

2. For reasonable attorney fees and costs incurred herein; and

3. For such other relief as the Court deems just and proper.

As to the Counterclaim:

1. A declaration that Defendants have no right, title and interest in the Property and that the Deed is void, and an Order quieting Plaintiff's title and canceling and expunging the Deed of Trust from the record;

2. For damages in an amount in excess of $10,000.00;

3. For punitive damages;

/ / /

/ / /

4. For reasonable attorneys' fees and costs of suit;

5. For reimbursement of attorneys fees and costs as special damages; and

6. For such other and further relief as the Court deems just and proper in the premises.

DATED this _____ day of May, 2007.

> DEANER, DEANER, SCANN,
> MALAN & LARSEN
>
> By: _____
> ANTHONY CIULLA, ESQ.
> Nevada Bar No. 005913
> 720 South Fourth Street, #300
> Las Vegas, Nevada 89101
> Attorneys for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of May, 2007, pursuant to NRCP 5(b), I mailed the **PLAINTIFF'S PLAINTIFF'S AMENDED ANSWER TO THIRD PARTY COMPLAINT IN INTERVENTION AND COUNTERCLAIM** by depositing a true copy thereof in the U.S. Mails in Las Vegas, Nevada, first-class postage fully prepared, addressed as follows:

> Allen Lichtenstein, Esq.
> 3315 Russell Road, No. 222
> Las Vegas, Nevada 89120
>
> R. Clay Hendrix, Esq.
> Aaron D. Christensen, Esq.
> R. Clay Hendrix, P.C.
> 6900 Westcliff Drive, Suite 515
> Las Vegas, Nevada 89145

_____
Employee of DEANER, DEANER,
SCANN, MALAN & LARSEN

F:\OFFICE\CLIENTS\Esposito,Connie\Pldg\AMAnswer-CC.wpd        7

DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone (702) 382-6911•Facsimile (702) 366-0854

**AFFIRMATION**
**PURSUANT TO NRS 239B.030**

The undersigned does hereby affirm that the preceding PLAINTIFF'S AMENDED ANSWER TO THIRD PARTY COMPANY IN INTERVENTION AND COUNTERCLAIM filed in District Court Case No. A525505 does not contain the social security number of any person.

_____          _____
ANTHONY CIULLA, ESQ.                DATE
Attorney for Plaintiff

F:\OFFICE\CLIENTS\Esposito,Connie\Pldg\AM Answer-CC.wpd