THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416 (KJC)** |
| **a Delaware Corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## MOTION FOR EXPEDITED CONSIDERATION OF MOTION OF MICHAEL J. MISSAL, EXAMINER, FOR AN EXTENSION OF TIME TO FILE HIS REPORT WITH THE COURT

Michael J. Missal, the Examiner appointed in the above-captioned jointly administered Chapter 11 cases, by and through his undersigned counsel, hereby moves, pursuant to Del.Bankr.LR 9006-1(e), for expedited consideration of the Motion of Michael J. Missal, Examiner, for an Extension of Time to File His Report with the Court (the "Motion to Extend"). In support of this Motion, the Examiner respectfully states as follows:

---

[1]   The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership. The Debtors are referred to collectively below as "New Century."

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of these cases and this Motion is proper in this District pursuant to 28 U.S.C.

§§ 1408 and 1409.

## BACKGROUND

2.      On June 1, 2007, this Court directed the United States Trustee to appoint an

examiner to:

> (a) investigate any and all accounting and financial statement
> irregularities, errors or misstatements, including but not limited to such
> irregularities, errors or misstatements that (i) gave rise to the announced
> need to restate the Debtors' financial statements for the first three quarters
> of 2006 and/or (ii) led the Debtors' management and Audit Committee to
> conclude that it was more likely than not that pre-tax earnings in the 2005
> financial statements were materially overstated, and identify and evaluate
> any claims or rights of action that the estates might have arising from or
> relating to such irregularities, errors or misstatements, (b) investigate any
> possible post-petition unauthorized use of cash collateral by the Debtor,
> and (c) otherwise perform the duties of an examiner set forth in section
> 1106(a)(3) (as limited by [the Court]) and 1106(a)(4) of the Bankruptcy
> Code.

June 1 Order at 2-3 (footnote omitted).

3.      The Court directed the Examiner to "prepare and file a report, as required by 11

U.S.C. § 1106(a)(4), within 90 days of the date of appointment, unless such time shall be

extended by order of the Court, . . . ." *Id.* at 3

4.      On June 5, 2007, the United States Trustee appointed Michael J. Missal to be the

Examiner.  The Court approved that appointment on June 7, 2007.

5.      The current deadline for the Examiner to file his report is September 5, 2007 (the

"Report Deadline").

6.      Contemporaneously with the filing of this Motion, the Examiner has filed his Motion to Extend, pursuant to which, the Examiner seeks a six month extension of the Report Deadline. As detailed in the Motion to Extend, the Examiner needs additional time to conclude the Court directed investigations.

## RELIEF REQUESTED

7.      By this Motion, the Examiner seeks expedited consideration of the Motion to Extend and requests that the Court consider the Motion to Extend at the omnibus hearing scheduled for September 11, 2007 at 1:30 p.m.; with objections to the Motion to Extend to be served and filed on or before 12:00 noon on September 10, 2007.

## BASIS FOR RELIEF

8.      Del. Bankr. LR 9006-1(c) provides that normally, motions like the Motion to Extend "shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail; sixteen (16) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. LR 9006-1(e), however, provides that a motion may be heard on less notice than otherwise required "by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying [the] shortened notice."

9.      Here, cause exists to grant this Motion so that the Motion to Extend may be considered at the omnibus hearing on September 11, 2007.

10.     As detailed in the Motion to Extend, the scope of the Examiner's investigation and the difficulties the Examiner has experience in obtaining complete and accurate information have precluded the Examiner from concluding his investigation and filing his report by the September 5, 2007 deadline.

11.    Prompt consideration of the Motion to Extend is necessary, so that the Examiner

and all parties in interest will know and understand that the Examiner is authorized to continue

his investigations and what the new deadline for submitting the report will be.

12.    No parties will suffer any prejudice by granting this Motion, as the Motion to

Extend is a procedural matter to which any party-in-interest can promptly respond.  Moreover,

the Examiner's Motion to Extend will come as no surprise to the Debtors and their counsel who

are fully aware of the difficulties experienced by the Examiners in connection with his

investigations.

**WHEREFORE**, the Examiner respectfully requests that this Court enter an Order

granting expedited consideration of the Motion to Extend and that the Court grant the Examiner

such other relief as is just and proper.

Dated: Wilmington, Delaware
           September 5, 2007

**SAUL EWING LLP**

By:_____
Mark Minuti (DE No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6840

and

**KIRKPATRICK & LOCKHART PRESTON
  GATES ELLIS LLP**
Edward M. Fox, Esq.
599 Lexington Avenue
New York, NY  10022
(212) 536-3900

Counsel to the Examiner
