# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: _____, 2007 @ ___ p.m. |
| | : | Hearing Date: September 11, 2007 @ ___ p.m. |

## DECLARATION OF BARRY BARNETT
## REGARDING ATTORNEY'S FEES

Barry Barnett, being duly sworn, deposes and says:

1. My name is Barry Barnett. I am over 21 years of age and am in all respects competent to make this declaration. Unless specifically indicated otherwise I have personal knowledge of the matters set forth in this declaration, and the factual matters set forth below are true and correct.

2. Except as otherwise indicated, I base the facts and conclusions set forth in this declaration upon my personal knowledge, information and belief; information that other Susman Godfrey L.L.P. employees supplied to me in the regular course and scope of their employment; information learned from client-matter records kept in the ordinary course of business that

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Susman Godfrey employees reviewed under my supervision and direction; and my experience from working on matters similar to this engagement.

3. I am a partner in Susman Godfrey's Dallas office. Since 1985, I have been a member in good standing of the State Bar of Texas. In addition, I am admitted to practice in the United States Supreme Court; the United States Courts of Appeals, Fifth and Tenth Circuits; and the United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas, the District of Arizona, and the District of Colorado. My biography (attached as Exhibit 1) sets forth my general qualifications and experience.

4. In addition to an extensive and long-standing commercial litigation practice, I have served as an attorney's fees expert in other federal and Texas state cases. I am intimately familiar with the legal standards for ascertaining the reasonableness and necessity of attorney's fees and expenses.

5. Susman Godfrey is counsel of record for Debtors New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), New Century Mortgage Corporation, and Home123 Corporation (f/k/a/ The Anyloan Corporation) (collectively "New Century" or "New Century Debtors") in an action styled *Positive Software Solutions v. New Century Financial Corporation et. al.*, No. 3:03-cv-00257, in the United States District Court for the Northern District of Texas, Dallas Division (the "Texas Litigation"). I am lead trial counsel for New Century in the Texas Litigation. Assisting me are my partner Ophelia F. Camiña and Kenneth E. Gardner, who is of counsel to the firm.

6. On July 9, 2007, in the Texas Litigation, Positive Software moved for leave to file a Second Amended Motion to Vacate Arbitration Award. Positive Software did so without first obtaining an order from this Court granting it relief from the automatic bankruptcy stay.

7. Positive Software did not file a motion requesting such relief until the next day, July 10. The Debtors filed a response opposing that motion, and the Court has since denied it. In addition, it has imposed sanctions against Positive Software.

8. On July 24, 2007, in the Texas action, Positive Software served Ophelia Camiña and Susman Godfrey L.L.P. with document subpoenas. Three days later, Positive Software served me with an additional document subpoena. The discovery requests pertained to Positive Software's ongoing attempts to vacate the arbitration award and its desire to relitigate the claims and defenses in the underlying arbitration. In addition, these subpoenas sought information that constitutes our core work product.

9. On July 27, 2007, New Century filed its response in opposition to Positive Software's motion for leave. Among other grounds, New Century argued that Positive Software violated the automatic bankruptcy stay by filing the motion.

10. On August 2, 2007, we served Positive Software with objections to the subpoenas served on Susman Godfrey L.L.P., Ophelia Camiña, and me. One of our objections was that the subpoenas violated the automatic bankruptcy stay. The subpoenas were objectionable on many other grounds as well. I have attached, as Exhibits 2, 3, and 4, true and correct copies of these objections.

11. On August 3, 2007, Positive Software filed its reply brief in support of its motion for leave.

12. On August 7, 2007, following a hearing, the Court found and concluded that the Positive Software motions and subpoenas described above violated the automatic bankruptcy stay.

13.     As lead trial counsel and billing attorney, I am familiar with the work performed by Susman Godfrey in connection with the motion and other events described in this declaration. In addition, as part of the regular course of its business, Susman Godfrey requires professionals to prepare contemporaneous time records that describe the work they performed and how long they took to do it. I base my opinions below upon my personal knowledge of the work performed and my review of time records for this work.

14.     We reviewed the motions and briefs set forth above. In addition, we reviewed additional related motions, briefs, and orders, both in these proceedings and in the Texas Litigation. We researched, prepared, revised, and filed a response to Positive's motion for leave to file a second amended motion to vacate the arbitration award. Likewise, we researched, prepared, revised, and served objections to the subpoenas. Our work included reviewing Positive Software's prior discovery requests and motions in the Texas Litigation as well as various rulings on these motions. We further included the work we performed in preparing this declaration.

15.     We discussed all of these activities both internally and with New Century and its bankruptcy counsel. In addition, we assisted New Century's bankruptcy counsel in preparing for the hearing on the motion for relief from stay.

16.     The current hourly rates for the professionals who performed these services are:

| **Name** | **Hourly Rate** |
|---|---|
| Barry C. Barnett | $700 |
| Ophelia F. Camiña | $500 |
| Kenneth E. Gardner | $500 |
| Mark Anderson (paralegal) | $150 |

17. The hourly rates set forth above are SG's standard hourly fees for work of this nature. SG sets these rates at a level designed to compensate it fairly for the work of its attorneys and to cover fixed and routine overhead expenses.

18. In early 2007, SG started billing New Century at lower, historical rates. SG retained the right to charge New Century at current rates, and our application for retention as special counsel reflects current rates. The following chart conservatively uses the lower rates and reflects that New Century reasonably and necessarily incurred at least $28,350.00 in fees for SG's performance of the legal services that I have described above:

| NAME | RATE | HOURS | FEES |
|---|---|---|---|
| Barry Barnett | $550.00 | 5.25 | $2,887.50 |
| Ophelia F. Camiña | $450.00 | 17.25 | $7,762.50 |
| Kenneth E. Gardner | $300.00 | 57.75 | $17,325.00 |
| Mark L. Anderson | $150.00 | 2.5 | $375.00 |
| **TOTAL** | | | **$28,350.00** |

19. In my opinion, the time spent and work performed was reasonable and necessary in light of the traditional legal standards for ascertaining reasonableness. These standards include the time and labor required, the novelty and difficulty of the questions involved, the skill and experience required to perform legal services properly, and the fees customarily charged for services of this kind.

20. In addition, Susman Godfrey L.L.P. incurred approximately $339.37 in expenses in connection with performing this work. These expenses include telephone and telecopier charges, photocopying charges, and computerized legal research. In my opinion, these expenses were likewise reasonable and necessary.

21. I have attached, as Exhibit 5, internal billing records that relate to the fees and expenses that SG is seeking on behalf of New Century. SG prepares and maintains these records in the normal scope and course of its business.

22.     I understand that Richards, Layton and Finger, P.A. is filing a separate affidavit, and Susman Godfrey requests that the Court grant fees and expenses in an amount of the sum of the two affidavits.

23.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2007.

*Barry Barnett*

Barry Barnett