# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., § § § Plaintiff, § § vs. § § NEW CENTURY MORTGAGE CORPORATION, § NEW CENTURY FINANCIAL CORPORATION, § ECONDUIT CORPORATION, THE ANYLOAN § COMPANY, JEFF LEMIEUX, and FRANK § NESE, § § Defendants. § | | Civil Action No. 3:03-CV-0257-N ECF |

## BARRY C. BARNETT'S OBJECTIONS TO SUBPOENA DUCES TECUM

On July 24, 2007, Positive Software served Barry C. Barnett with a subpoena *duces tecum*. Barry Barnett objects to the subpoena as improper on the following grounds.

1.  The subpoena violates the automatic bankruptcy stay.[1] It is part of Positive Software's efforts to continue this action against the New Century defendants in violation of the automatic stay.

---

[1] *See generally* 11 U.S.C. § 362(a)(1) (automatic stay applies to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title..."); New Century Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Motion to Vacate Arbitration Award (Docket No. 473), ¶¶ 1-2. Susman Godfrey adopts and incorporates this response by reference as if fully set forth in these objections.

767920-1                                                1

2. Moreover, PSS has knowingly, and repeatedly, violated the automatic stay. As of April 2, 2007, the automatic stay precluded Positive Software from continuing this action against the New Century Defendants. Positive Software has participated in the bankruptcy proceedings since April 2007. Indeed, on July 10, 2007 – *one day after Positive Software filed its motion for leave to amend its motion to vacate the arbitration award in this Court* (Docket No. 467) – Positive Software filed a motion for relief from stay in the bankruptcy proceedings so that it could continue prosecuting this litigation. That motion is still pending.[2] Thus, Positive Software knows that this subpoena violates the automatic stay.[3]

3. Positive cannot evade these consequences by purporting to direct the subpoenas against the New Century Defendants' *counsel*. The subpoenas themselves directly foreclose any such attempt. In this regard, each subpoena defines each New Century Defendant broadly to include its attorneys. Moreover, all of these requests are part of Positive Software's attempt to revive its claims against the New Century Defendants, most particularly debtor New Century Mortgage Company.

4. In any event, the subpoena is premature. Neither this Court nor the Delaware bankruptcy court has yet decided that this case should go forward. Moreover, Positive Software served this subpoena knowing that it was premature.

---

[2] New Century opposes the motion. *See* Debtors' Response to the "Motion of Positive Software Solutions, Inc. for Relief From the Stay Regarding Copyright Infringement Litigation", and Cross-Motion for Sanctions for Violation of the Automatic Stay, filed on July 31, 2007 in the bankruptcy proceedings.

[3] After Positive Software filed a petition for writ of certiorari in the United States Supreme Court, Positive Software filed a pleading in the bankruptcy court stating: "Because Positive Software is concerned that its moving for a writ of certiorari may have implicated the automatic stay, it will be seeking the *nunc pro tunc* annulment of the automatic stay from this Court either concurrently herewith or shortly thereafter." *See* Exhibit 2, page 7, fn. 3. Three (3) months later, Positive Software filed the Motion for Leave in this Court, knowing that the automatic stay was in effect. Positive Software never made true on its word to seek *nunc pro tunc* annulment of the automatic stay.

767920-1                                    2

5. Parts of the subpoena improperly request information regarding grounds for vacating the award that Positive Software failed to assert within three months of the award. The Federal Arbitration Act ("FAA") bars Positive Software from asserting these additional grounds.[4]

6. During the arbitration proceedings, New Century produced non-privileged documents that were responsive to these requests. In addition, these requests seek information that is clearly privileged under the attorney-client privilege and work-product doctrine. Thus, the subpoena subjects Barry Barnett to additional undue burden. In so doing, it violates Fed. R. Civ. P. 45(c)(1).[5]

7. This subpoena is Positive Software's latest attempt unnecessarily to prolong these post-award proceedings through endless discovery requests.[6]

---

[4] *See* New Century Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Motion to Vacate Arbitration Award, ¶¶ 3-9.

[5] *See also Boughton v. Cotter*, 65 F.3d 823, 829 (10th Cir. 1995) (granting motion to quash subpoena directed to opposing counsel, in part because the additional costs of resolving objections such as privilege and work-product "adds to the already burdensome time and costs of litigation.") (citations omitted). In *Boughton*, the court granted a motion to quash a subpoena requiring opposing counsel to give a deposition. The Court held that such a subpoena is proper only when (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Id.* Although Positive Software seeks documents rather than depositions, the same considerations apply here as well. So should the result. Positive Software cannot meet any of these elements.

[6] *See Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 337 (5th Cir. 1976) ("The loser in an arbitration cannot freeze the confirmation proceedings in their tracks and indefinitely postpone judgment by merely requesting discovery."); *Legion Ins. Co. v. Insurance General Agency, Inc.*, 822 F.2d 541, 544 (5th Cir. 1987) (affirming denial of additional discovery; "[t]he policy of expediting judicial enforcement of arbitral awards, albeit confuted here, counsels our courts to pierce the rhetoric of parties like IGAI who would embark on a costly legal path solely to challenge the factual or legal accuracy of an arbitration award.").

8. This subpoena constitutes deliberate harassment of New Century and its counsel.[7]

9. Positive Software did not properly serve Barry Barnett with the subpoena.

10. Barry Barnett further objects to specific requests as follows:

**Request No. 1:**

All documents related to New Century's fraud counterclaim against Positive Software in the Litigation.

**Objections:**

This request improperly seeks to relitigate a claim that Positive Software lost in the arbitration. It impermissibly seeks the type of discovery that "would result in the court's reviewing the factual and legal accuracy of the award, a task this circuit has foreclosed."[8] It is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

The definition of "New Century" in this request and the remaining requests is overly broad and unduly burdensome. For example, it includes VisionCore, which was not a party to the arbitration proceeding. Even among the parties to the arbitration, only New Century Mortgage Corporation asserted a fraud counterclaim against Positive Software. The phrase "related to" is likewise vague, ambiguous, and overly broad.

This request further seeks information that is privileged or immune from disclosure under the attorney-client privilege and work product doctrine.

---

7     *See Boughton*, 65 F.3d at 829 (stating that "[c]ounsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent."); *Ellipsis, Inc. v. Color Works, Inc.*, 227 F.R.D. 496, 497 (W.D. Tenn. 2005) (noting that many courts have discouraged attempts to take discovery from the opposing party's counsel); *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (such discovery is especially disfavored in situations where a party seeks discovery from opposing counsel in a pending case "which could potentially lead to the disclosure of the attorney's litigation strategy.").

8     *Legion Ins. Co. v. Insurance General Agency, Inc.*, 822 F.2d 541, 543; *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 2004 U.S. App. LEXIS 5445, *70 (5th Cir. Mar. 24, 2004) ("The district court may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."); *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991) (affirming district court finding that losing party was merely engaging in a fishing expedition in the hope of finding additional evidence to support a motion to vacate); 9 U.S.C. § 10 (listing the grounds for vacating an award, which do not include contentions that the party was entitled to judgment as a matter of law, the evidence was legally or factually insufficient to support the award, or the award was against the great weight or preponderance of the evidence.).

**Request No. 2**:

All documents evidencing or indicating who conceived or originated the idea to assert New Century's fraud counterclaim against Positive Software in the Litigation.

**Objections:**

Documents evidencing the identity of such person(s) are irrelevant to whether the Court should confirm or vacate the award under the FAA. Moreover, this request is vague and overly broad. In any event, this request seeks information that is privileged or otherwise immune from disclosure under the attorney-client privilege and work product doctrine.

**Request No. 3**:

All documents evidencing or indicating who approved of or authorized the assertion of New Century's fraud counterclaim against Positive Software in the Litigation.

**Objection:**

Documents evidencing the identity of such person(s) are irrelevant to whether the Court should confirm or vacate the award under the FAA. In addition, this request is vague and overly broad. In any event, this request seeks information that is privileged or otherwise immune from disclosure under the attorney-client privilege and work product doctrine.

**Request No. 4**:

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware that New Century considered itself in breach of the Software Subscription Agreement.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. These claims include not only New Century Mortgage's fraud claim, but also Positive Software's breach of contract claim. In addition, this request is vague and overly broad. The requested information is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

Barry Barnett further objects to this request on three additional grounds. First, this request improperly begs the disputed question of whether New Century "considered itself in breach of the Software Subscription Agreement." This forum is the improper place for resolving any such dispute.

767920-1                                                5

Second, on its face this request seeks to discover the mental impressions or conclusions of New Century's counsel. What they were aware of – or not aware of – constitutes core work product and is undiscoverable.[9] So were any resulting legal opinions or theories that they may have formed.

Third, this request would require Barry Barnett to disclose any privileged attorney-client communications upon which they based such mental impressions or conclusions – whatever they happened to be. This underlying privileged information is also undiscoverable.

**Request No. 5**:

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware of the LoanForce Replacement Issues and Alternatives document before the entry of the Arbitration Award.

**Objections**:

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. In addition, this request is vague and overly broad. The requested information is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

Like the previous request, this request improperly seeks to discover the mental impressions, conclusions, and legal theories of New Century's counsel. This information is undiscoverable under Fed. R. Civ. P. 26(b)(3).[10] Likewise, this request would potentially require Barry Barnett to disclose whether they had – or did not have – any privileged attorney-client communications upon which they based their mental impressions, conclusions, or legal theories. This underlying privileged information is also undiscoverable.

---

[9] *See* Fed. R. Civ. P. 26(b)(3) ("the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."); *see also Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986) (holding that opposing counsel's knowledge of whether certain documents existed constitutes protected work product).

[10] *See Shelton*, 805 F.2d at 1328 ("AMC argues [that] requiring Burns to testify that she is aware that documents exist concerning a certain issue is tantamount to requiring her to reveal her legal theories and opinions concerning that issue. We agree.").

767920-1                                    6

**Request No. 6:**

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware of the February 5, 2003 LoanForce Support Plan before the entry of the Arbitration Award.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. In addition, this request is also vague and overly broad. It is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

Again, this request improperly seeks to discover the mental impressions or conclusions of New Century's counsel. What New Century's counsel was aware of – or unaware of – is undiscoverable under Fed. R. Civ. P. 26(b)(3). Their resulting legal opinions or theories are likewise undiscoverable. Likewise, this request would potentially require Barry Barnett to disclose whether they had – or did not have – any privileged attorney-client communications upon which they based their mental impressions or conclusions. This underlying privileged information is also undiscoverable.

**Request No. 7:**

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware that the LoanForce application software existed on the Nitrogen server before the entry of the Arbitration Award.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. In addition, this request is also vague and overly broad. It is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

This request improperly seeks to discover the mental impressions or conclusions of New Century's counsel. What New Century's counsel was aware of – or unaware of – is undiscoverable under Fed. R. Civ. P. 26(b)(3). Likely, this request would potentially require Barry Barnett to disclose whether they had – or did not have – any privileged attorney-client communications upon which they based their mental impressions or conclusions. This underlying privileged information is also undiscoverable.

**Request No. 8:**

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware that the LoanForce SQL code existed on the Nitrogen server before the entry of the Arbitration Award.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. In addition, this request is also vague and overly broad. It is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

This request improperly seeks to discover the mental impressions or conclusions of New Century's counsel. What New Century's counsel was aware of – or unaware of – is undiscoverable under Fed. R. Civ. P. 26(b)(3). Likely, this request would potentially require Barry Barnett to disclose whether they had – or did not have – any privileged attorney-client communications upon which they based their mental impressions or conclusions. This underlying privileged information is likewise undiscoverable.

**Request No. 9:**

All documents evidencing or indicating that Susman Godfrey, Ophelia Camiña, and/or Barry Barnett was aware that the November 2000 version of the LoanForce Database SQL Source Code was in the possession of New Century Mortgage Corporation before the entry of the Arbitration Award.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. In addition, this request is also vague and overly broad. It is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA.

This request improperly seeks to discover the mental impressions or conclusions of New Century's counsel. What New Century's counsel was aware of – or unaware of – is undiscoverable under Fed. R. Civ. P. 26(b)(3). Likely, this request would potentially require Barry Barnett to disclose whether they had – or did not have – any privileged attorney-client communications upon which they based their mental impressions or conclusions. This underlying privileged information is likewise undiscoverable.

**Request No. 10:**

All documents exchanged between New Century (including its employees and former employees and persons subject to its control) and Susman Godfrey, Ophelia Camiña, and/or Barry Barnett related to the counterclaims asserted by New Century in the Arbitration proceeding.

**Objection:**

This request improperly seeks to relitigate claims that Positive Software lost in the arbitration. It impermissibly seeks merits discovery.[11] In addition, this request is also vague and overly broad (including the phrase "related to" — arguably every single document in the case related in some way to the counterclaims). The request seeks information that is irrelevant and immaterial to any ground upon which the Court can properly confirm or vacate the award under the FAA. And this information is clearly privileged under the attorney-client privilege and likewise immune from discovery under the work-product doctrine.

**Request No. 11:**

All letters in the possession of Susman Godfrey where Peter J. Shurn, III is listed as a recipient, author, or is named in the letter.

**Objection:**

This request improperly seeks to relitigate issues that Positive Software has already lost before the Fifth Circuit. Doctrines such as *res judicata* and the law of the case doctrine bar Positive Software from relitigating these claims. Moreover, this request is an improper fishing expedition that the FAA does not permit Positive Software to conduct.[12]

**Request No. 12:**

All documents evidencing communications between Steve Susman and Peter J. Shurn, III.

---

11    See fn. 6, 8 *supra*.

12    *Id.*

767920-1                                    9

Objection:

Again, having already lost on this issue in the Fifth Circuit, Positive Software cannot now relitigate this ground. And again, this request is an improper fishing expedition. It seeks information that is irrelevant and immaterial to any ground to confirm or vacate the award that is still properly pending.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*/s/ Kenneth E. Gardner*

Barry C. Barnett
State Bar No. 01778700
Ophelia F. Camiña
State Bar No. 03681500
Kenneth E. Gardner
State Bar No. 07656825
901 Main Street, Suite 4100
Dallas, Texas 75202-3775
Phone (214) 754-1900
Fax (214) 754-1933

Robin P. Hartmann
State Bar No. 09168000
David L. McCombs
State Bar No. 13438700
Ron Breaux
State Bar No. 02937200
Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Phone (214) 651-5000
Fax (214) 651-5940

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2007, I served a true and correct copy of the foregoing document on counsel of record via the methods indicated below:

Michael W. Shore (*by fax and hand delivery*)
Alfonso Garcia Chan
Shore Chan Bragalone LLP
325 North St. Paul Street-44th Floor
Dallas, Texas 75201

W. Ralph Canada, Jr. (*by certified mail*)
Jeven R. Sloan
Deary, Montgomery, DeFeo & Canada L.L.P.
2515 McKinney, Suite 1565
Dallas, Texas 75201

_Kenneth E. Gardner_
Kenneth E. Gardner

767920-1                                          11