IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Hearing Date: September 11, 2007 at 1:30 p.m. |
| | : | Re: Docket No. 2665 |
| | : | |

## STATEMENT OF NON-OPPOSITION OF DEBTORS TO EXAMINER'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS REPORT WITH THE COURT

On September 6, 2007, Michael J. Missal, the Examiner appointed in these jointly-administered chapter 11 cases, moved this Court for an extension of time to submit his report to the Court. The Examiner requested an extension of time until March 7, 2008.

Prior to the filing of his motion, the Examiner inquired of the above-captioned debtors and debtors in possession (the "Debtors") whether the Debtors would oppose the motion. The Debtors informed the Examiner that they would not oppose an extension of time. The Debtors further indicated they would not take a position with respect to the specific amount of additional time requested; instead, the Debtors would defer to (1) the Examiner's own assessment of the time he will require to complete his investigation and file his Report, and (2)

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Stalking Horse Bidders Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

the position of the Official Committee of Unsecured Creditors (the "Creditors' Committee") on the matter.

Thus, the Debtors do not oppose the Examiner's request for an extension of time, and as to the specific amount of time requested the Debtors take no position.

Having received the Examiner's motion, the Debtors also believe it necessary and appropriate to provide certain assurances to this Court, while at the same time formally reiterating those assurances to the Examiner. In his motion, the Examiner made certain assertions with respect to the timeliness of the Debtors' production of documents and information and with the consistency of information provided to the Examiner regarding possible cash collateral issues. The Debtors strongly disagree with a number of the Examiner's assertions but do not here present the bases for their disagreement. Rather, the Debtors represent and confirm the following:

1. The Debtors have been cooperating fully with the Examiner and the Debtors will continue to do so. Since the appointment of the Examiner, New Century Financial Corporation's Board of Directors has consistently instructed the company and its professionals to cooperate fully with the Examiner.

2. The Debtors have made every effort to fulfill the Examiner's requests for documents and information as swiftly as possible and the Debtors will continue to do so. The Debtors have devoted an extraordinary amount of resources to accomplish this significant undertaking. Just one example is illustrative. The Examiner indicates that he and his professionals have commenced a review of, among other things, approximately 1.2 million pages of documents in connection with his investigation. In fact, through the devotion of substantial resources, the Debtors have produced more than 8 million pages of documents in response to the

Examiner's requests. This is independent of the Debtors' provision of witness interviews, responses to the Examiner's additional priority requests, and the Debtors' other considerable efforts in response to the Examiner's requests for information.

3. In response to the Examiner's articulated concern regarding the Debtors' assertion of privilege and the time the Debtors' privilege review has consumed, Debtors state the following:

(a) In its June 1, 2007 Order appointing the Examiner and defining the scope of the Examiner's investigation, this Court obligated the Debtors to produce only non-privileged documents to the Examiner;

(b) Nevertheless, in its effort to cooperate fully with the Examiner and both facilitate and expedite the Examiner's investigation, the Debtors have produced privileged documents to the Examiner as to discrete subject matters; and

(c) As to other subject matters, the Debtors have not produced privileged documents. The Debtors have proceeded in this way after considering the importance of not adversely affecting the estates by potentially jeopardizing the estates' claims and defenses in connection with certain key disputes. The Debtors reached the decision to maintain privilege with respect to certain matters after deliberations with the Creditors' Committee, which endorsed this approach in order to preserve the value of the estates. The Creditors' Committee and the Debtors reached these conclusions knowing that the Debtors' attendant review of documents for privilege would entail time and expense.

4. The Debtors' efforts, through its professionals, in addressing the Examiner's investigation of possible cash collateral issues have been undertaken and executed with care and integrity. Whether the cause for the Examiner's assertions in his motion is a

failure of communication or understanding, the Debtors and their professionals will make every effort to ensure that the failure is remedied forthwith.

The Debtors intend to meet with the Examiner to ensure a full airing of the Examiner's concerns as well as the Debtors' positions, and intend to continue to do their utmost to ensure that the examination is completed efficiently and properly.

Dated: September 10, 2007　　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　　　　Mark D. Collins (No. 2981)
　　　　　　　　　　　　　　　　　　　　　　　　Michael J. Merchant (No. 3854)
　　　　　　　　　　　　　　　　　　　　　　　　Christopher M. Samis (No. 4909)
　　　　　　　　　　　　　　　　　　　　　　　　RICHARDS, LAYTON & FINGER, P.A.
　　　　　　　　　　　　　　　　　　　　　　　　One Rodney Square
　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 551
　　　　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899
　　　　　　　　　　　　　　　　　　　　　　　　(302) 651-7700

　　　　　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　　　　Suzzanne S. Uhland
　　　　　　　　　　　　　　　　　　　　　　　　Ben H. Logan
　　　　　　　　　　　　　　　　　　　　　　　　Alejandro N. Mayorkas
　　　　　　　　　　　　　　　　　　　　　　　　O'MELVENY & MYERS LLP
　　　　　　　　　　　　　　　　　　　　　　　　400 S. Hope St.
　　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90071
　　　　　　　　　　　　　　　　　　　　　　　　(213) 430-6000

　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEBTORS AND
　　　　　　　　　　　　　　　　　　　　　　　　DEBTORS IN POSSESSION