## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, <u>et al.</u>,[1] | : | |
| | : | |
| Debtors. | : | |
| | : | *Hearing Date: September 11, 2007 at 1:30 p.m.* |
| | : | |

## LIMITED OBJECTION OF COMMITTEE OF UNSECURED CREDITORS TO MOTION OF MICHAEL J. MISSAL, EXAMINER, <u>FOR AN EXTENSION OF TIME TO FILE HIS REPORT WITH THE COURT</u>

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc. and the other debtors herein (collectively, the "Debtors"), by and through its undersigned counsel, in opposition to the motion of Michael J. Missal, Examiner, for an Extension of Time to File His Report with the Court (the "Motion"), respectfully represents as follows:

---

[1]     The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## BACKGROUND

1.      On April 2, 2007, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware.  The Debtors have been continued in the management and operation of their businesses and properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee has been appointed in these cases.

2.      On June 1, 2007, this Court entered its Order Denying in Part and Granting in Part the Motion of the United States Trustee (the "Trustee's Motion") for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner Order").  The United States Trustee appointed Michael J. Missal to be the Examiner on June 5, 2007, and the Court ratified such appointment on June 7, 2007.

3.      The Examiner Order directed the Examiner to investigate, in broad terms, (i) accounting and financial statement irregularities, errors, or misstatements, and (ii) possible post-petition unauthorized use of cash collateral by the Debtors.  The Examiner Order required that the Examiner file his report by September 7, 2007.

4.      On or about August 24, 2007, the Examiner filed his first interim fee application seeking $248,341.50 for himself as Examiner and the first interim fee application for his counsel Kirkpatrick & Lockhart Preston Gates Ellis LLP in the amount of $1,723,362.08 in fees and $58,126.01 in expenses incurred during the first fifty one (51) days of their retention covering the period of June 10 through July 31, 2007.  The Examiner's co-counsel, Saul Ewing LLP, filed a first interim fee application for the same period for $15,948.00 in fees and $5,544.86 in expenses.  The Examiner's financial advisors, BDO Seidman, have not yet submitted a fee application.  Collectively, the Examiner and his professionals have billed the estate in excess of $2,051,000 for the first seven weeks of his investigation.  Upon information and belief, the level

of monthly fees and expenses incurred by the Examiner in August are greater than in the prior two months.

5.      In addition to the fees and expenses being incurred by the Examiner, the Debtors' professionals have also incurred significant fees and expenses attending to the Examiner's investigation.

6.      The Examiner filed the Motion on September 5, 2007, together with his motion seeking expedited consideration of the Motion, requesting the Court to extend his time to file a report by six months (for a total of nine months), or three times as long as the Court had originally envisioned for the production of the Examiner's Report.  In support of the Motion, the Examiner in substance argues that (i) the issues to be investigated are complex and the documents to be reviewed and the witnesses to be interviewed are numerous, (ii) the Debtors and KPMG LLP ("KPMG"), the Debtors' former auditors, have not been cooperative in connection with the Examiner's investigation, and (iii) the Debtors have just recently disclosed further information to the Examiner regarding the circumstances surrounding its alleged use of cash collateral, thus delaying the issuance of the report thereon that the Examiner had already written.

## ARGUMENT

**I.      The Committee Has Grave Concerns that the Examiner's Appointment Not Be Open-Ended and that the Expenses Associated with His Examination Not Be Unduly Burdensome to the Debtors' Estates.**

7.      The Committee does not object to a limited extension to enable the Examiner to complete and file his report with respect to his findings regarding the Debtors' alleged improper post-petition use of cash collateral.  The Examiner states in the Motion that his report was nearly complete when the Debtors' counsel provided him with "new" information on August 31, 2007; the Examiner contends that this information changed the course of his examination.  He believes that he can complete his report on this issue once he is able to confirm this new information in

the relatively near future.  The Committee, therefore, submits that a short extension no more than a few weeks to permit the Examiner to complete and file this portion of his report is appropriate.

8.      The Committee does object, however, to the Motion to the extent that it seeks a six month extension to file the balance of his report on the accounting and financial issues.  To date, the Committee has developed a good working relationship with the Examiner.  We continue to work together on areas of common interest and wherever possible, seek to minimize costs in that regard.  However, as the Committee expressed to the Court in its objection to the Trustee's Motion, the Committee was extremely concerned at that time that if this investigation proceeded without appropriate boundaries it could end up costing the Debtors' estate and their creditors a significant amount of money without any meaningful corresponding benefit.  While the Committee understands and respects the Court's decision to have the issues identified in the Examiner order investigated, the Committee does not believe that the Court intended these investigations to be conducted without regard to the costs being incurred and the ultimate economic benefits to be provided to the Debtors' estate and its creditors.  By the filing of this Limited Objection, the Committee is not seeking to single out the Examiner for criticism or control his investigation — it just wants to reign in the ever increasing costs being incurred by the numerous professionals associated with the investigation.  The Committee has repeatedly expressed the same concerns with respect to every aspect of these liquidating cases — expenses should be minimized in an effort to maximize the eventual recovery to creditors.

9.      As mentioned above, the Examiner and his team have incurred over $2.05 million in the first 51 days of their engagement without even taking into account the fees and expenses of his financial advisors.  Just the number of K&L Gates attorneys involved in this matter is disconcerting.  During this period, K&L Gates had 20 partners working 2,051 hours and 27

associates billing 1,726 hours.  The Examiner's counsel billed almost 3,800 hours during a period in which the Examiner complains that he has not yet received some of the more voluminous documents he has requested from the Debtors or their former accountant, KPMG.  While this level of expense may be appropriate for the total cost incurred for an investigation of a defined scope for a finite duration, this level of expense should not continue unabated for another six months.  If the Examiner continues to incur fees and expenses at the present rate for an additional six months, the total costs to the estate just for the Examiner's portion of the investigation will exceed $10 million.

10.	The Examiner does not even state in the Motion that he is confident that he will be able to complete his assignment and file his report by March 7, 2008.  In fact, the Motion specifically asks for an extension to March 7, 2008, unless such time is further extended by order of the Court.  The open-ended nature of the Examiner's engagement to investigate these specific issues is of great concern to the Committee.  The Committee believes that given the access that the Examiner has been granted to the pre-petition investigations of the Special Investigative Committee appointed by the Debtors' board of directors, the Debtors' records and the production to date by KPMG, the Examiner should be able to conclude his investigation of the "accounting issues" within a reasonable time frame.  Given the statements made by the Examiner in this Motion regarding the cash collateral investigation, it already appears that the Debtors' estate will be charged for hundred of thousands of dollars in fees for services performed either by him or his counsel that appear to have provided little, if any, benefit to the estates.  Given the unanticipated level of expense being incurred, the Committee believes that the Examiner's Motion should be granted for a shorter extension and should be conditioned on the Examiner providing the Court and the Committee with a reasonable estimate of the amount of expenses to be incurred going

forward.

**II.      The Examiner has Not Provided Sufficient Information to Allow for a Reasoned Assessment of Cause for an Extension**

11.      The Committee further believes that it would be useful, in deciding whether to extend the Examiner's appointment, to know roughly what the Examiner has done to date, where he is in his investigation, and what he believes he has left to do.  We recognize that certainty in addressing such issues can be difficult, if not impossible, but some approximation of what has been done and what remains, and why the Examiner needs six additional months (and possibly more) would be helpful.

12.      The Examiner speaks in the Motion of gathering information from "numerous" sources of approximately 1.2 million pages and a similar number of electronic files, and reports that he has conducted interviews of 25 individuals.  Yet he does not say whether there are other sources  he has yet to contact, whether the documents and files he has received represent most of — or less than half of, or a percentage of — the documents and files he presently expects to receive, nor does he estimate how many additional interviews he thinks he may need.  It is, therefore, not possible to know whether the requested extension is needed to allow for voluminous additional data gathering, or simply to allow him to digest what he has gathered. Not knowing this information, the Committee cannot judge whether the requested extension is reasonable or not.  Given the amount of expense already incurred and the undisclosed amounts to be incurred, the Committee believes it is only reasonable for the Examiner to provide greater detail concerning the status and anticipated future of his investigation.

13.      Finally, we have no information as to whether the Examiner has focused the scope of his examination, so that there could be some clarity as to its likely length and cost.  To the contrary, the Examiner claims that he "has not yet identified any additional area or topics which

should be investigated." The Examiner has now been involved in this case for three months and has spent, upon information and belief, close to, if not more than, $4 million. He should at a minimum be able to provide this Court and the Committee with a more realistic assessment of the scope of his investigation and its projected costs before being granted a six month extension of his charge.

### SUMMARY

14.    For these reasons, the Committee requests that the Court:

(i)    Order that the Examiner shall file his report on the Debtors' post-petition use of cash collateral before September 21, 2007;

(ii)    Require the Examiner to provide further information and detail in order to justify his request for an extension;

(iii)    Consider granting a shorter period than requested by the Examiner subject to a reasonable budget to be submitted in advance to the Committee and the Office of the United States Trustee, to the extent the Court determines to grant an extension;

(iv)    granting such other and further relief as may be appropriate.


Dated:   Wilmington, DE
         September 10, 2007

                          BLANK ROME LLP


                          By: */s/ Bonnie Glantz Fatell*
                              Bonnie Glantz Fatell (No. 3809)
                              1201 Market Street, Suite 800
                              Wilmington, Delaware  19801
                              (302) 425-6400 - Telephone
                              (302) 425-6464 - Facsimile

                                  - and -

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn:  Mark S. Indelicato
       Mark T. Power

Co-Counsel to the Official Committee
of Unsecured Creditors of New Century TRS
Holdings, Inc., *et al.*