IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, <u>et al.</u>,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Hearing Date: October 2, 2007 @ 1:30 p.m.** |
| | : | **Objection Deadline: September 25, 2007 @ 4:00 p.m.** |

### APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER EXPANDING SCOPE OF RICHARDS, LAYTON & FINGER, P.A.'S RETENTION TO INCLUDE REPRESENTATION OF NEW CENTURY WAREHOUSE CORPORATION, *NUNC PRO TUNC* TO AUGUST 3, 2007, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through the undersigned counsel, hereby submit this application (the "Application") for entry of an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), expanding the scope of Richards, Layton & Finger, P.A.'s (RL&F") retention to include the representation of New Century Warehouse Corporation ("New Century Warehouse"), *nunc pro tunc* to August 3, 2007 (the "Application"). In support of the Application, the Debtors respectfully represent as follows:

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## JURISDICTION

The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1.    New Century Warehouse, a company wholly owned by New Century TRS Holdings, Inc. ("New Century TRS"), financed residential mortgage loans originated by a network of mortgage originators and other smaller financial institutions. New Century Warehouse, doing business as "Access Lending", provided financing to these loan originators that was, in turn, used to fund the loans provided to individual borrowers who were customers of the loan originators. New Century Warehouse, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities").

2.    New Century Warehouse operated largely independently of its parent, New Century TRS and its other affiliates, which filed chapter 11 petitions on April 2, 2007 (the "April Debtors"). However, the April Debtors' financial difficulties triggered cross-defaults under New Century Warehouse's Warehouse Loan Agreements. One of these Warehouse Lenders, Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access Lending Warehouse Loan Agreement"). On March 12, 2007, Goldman purported to credit the market value of the mortgage loans that were subject to the Goldman-Access Lending Warehouse Loan Agreement.

3.    New Century Warehouse's other Warehouse Lenders were willing to work with it prior to and after the April 2nd petition date. New Century Warehouse entered into

2

forbearance agreements[2] with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These forbearance agreements allowed New Century Warehouse to continue to operate while it liquidated substantially all of its assets.

4.     Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related Relief, New Century Warehouse sold substantially all of its assets as a going concern (the "Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and Restated Asset Purchase Agreement by and between Access Holdings Corporation and New Century Warehouse Corporation dated as of April 26, 2007 (the "APA"). The Buyer acquired substantially all of the assets of New Century Warehouse, made employment offers to the employees of the New Century Warehouse, and assumed the warehouse loan financing arrangements with State Street and Guaranty Bank. The transaction maintained the business as a going concern and allowed for a process to maximize recoveries on the loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities. The financing provided by these Warehouse Lenders covered approximately 96% of the amount paid by New Century Warehouse, while the balance (commonly referred to in the industry as the "haircut") was financed from New Century Warehouse's working capital. Pursuant to the APA, the Buyer is liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net Proceeds[3] realized on the Loans.    The Sale closed on April 27, 2007 and the Buyer has been

---

[2] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

[3] Net of (i) amounts owed to State Street and Guaranty Bank under their Warehouse Loan Facilities and (ii) amounts owed to the loan originators.

RLF1-3195735-1

making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

     5.     On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse filed a petition for chapter 11 relief.  New Century Warehouse is operating its business and managing its affairs as a debtor and debtor in possession.  On August 7, 2007, the Court entered an order authorizing the joint administration of New Century Warehouse's chapter 11 case with the chapter 11 cases of the April Debtors.  The April Debtors and New Century Warehouse are collectively referenced herein as the "Debtors".

## RETENTION OF RICHARDS, LAYTON & FINGER, P.A.

     6.     On April 5, 2007, the April Debtors filed an application [Docket No. 118] (the "RL&F Application") to employ and retain RL&F as bankruptcy co-counsel pursuant to section 327(a) of the Bankruptcy Code.  On April 24, 2007, the Court entered an order [Docket No. 382] (the "Retention Order"), a copy of which is attached hereto as Exhibit A, approving RL&F's retention as bankruptcy co-counsel to the April Debtors effective *nunc pro tunc* to April 2, 2007.

     7.     Pursuant to the Retention Order, RL&F was retained to provide, among other things, the following professional services:

    (a)    to advise the April Debtors of their rights, powers and duties as debtors and debtors in possession;

    (b)    to take all necessary action to protect and preserve the April Debtors' estates, including the prosecution of actions on the April Debtors' behalf, the defense of any actions commenced against the April Debtors, the negotiation of disputes in which the April Debtors are involved, and the preparation of objections to claims filed against the April Debtors' estates;

    (c)    to prepare on behalf of the April Debtors all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the April Debtors' estates; and

    (d)    to perform all other necessary legal services in connection with the April Debtors' chapter 11 cases.

4

8.    The Debtors hereby seek the entry of an order expanding the scope of RL&F's retention to include the representation of New Century Warehouse effective *nunc pro tunc* to the NCW Petition Date. RL&F's proposed representation of New Century Warehouse will be in accordance with and subject to the terms and conditions of the RL&F Application and the Retention Order.

9.    The Debtors have selected RL&F as their co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code and because of its expertise, experience, and knowledge in practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Moreover, RL&F has provided legal services and advice to New Century Warehouse since July 5, 2007. During the course of this representation, RL&F has acquired knowledge of New Century Warehouse's business, financial affairs and capital structure. The Debtors believe that RL&F is both well qualified and uniquely able to represent New Century Warehouse in its chapter 11 case in a most efficient and timely manner.

10.    To the best of the Debtors' knowledge, the directors and associates of RL&F do not have any connection with or any interest adverse to New Century Warehouse, its creditors, or any other party in interest, or its respective attorneys, except as set forth herein and in the contemporaneously filed affidavit of Michael J. Merchant, a director of RL&F (the "Merchant Affidavit"), a copy of which is attached hereto as Exhibit B.

11.    RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

5

Delaware (the "Local Rules"). RL&F intends to include all requests for the payment of fees and reimbursement of expenses relating to services performed on behalf of New Century Warehouse in a single monthly fee application relating to services performed for all of the Debtors.

## EVERGREEN RETAINER

12.　　Prior to the NCW Petition Date, New Century Warehouse paid RL&F a total retainer of $25,000.00 (the "NCW Retainer") in connection with and in contemplation of the work to be performed in connection with the filing of New Century Warehouse's chapter 11 case. The Debtors propose that NCW Retainer monies paid to RL&F and not expended for prepetition services and disbursements be added to the evergreen retainer held by RL&F and authorized pursuant to the Retention Order. Such amount shall be held by RL&F as security throughout the Debtors' chapter 11 cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

## Notice

13.　　No trustee has been appointed in these chapter 11 cases. Notice of this Application has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; (3) counsel to the examiner appointed in these chapter 11 cases; and (4) all parties who have filed requests for notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

14.　　The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors

6

respectfully request that the Court set aside the briefing schedule set forth in Local District Court Rule 7.1.2(a).

## No Prior Request

15.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit C, granting the relief requested herein and such other and further relief the Court deems just and proper

Dated:  September 10, 2007
        Wilmington, Delaware

Respectfully submitted,

New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC, NCoral, L.P., and New Century Warehouse Corporation, as Debtors and Debtors in Possession

By: _____
    Name:  Monika L. McCarthy
    Title:  SVP & Assistant General Counsel