# EXHIBIT B

RLF1-3195735-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## AFFIDAVIT OF MICHAEL J. MERCHANT

STATE OF DELAWARE    )
                     ) SS:
COUNTY OF NEW CASTLE )

MICHAEL J. MERCHANT, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and am a director of the firm of Richards, Layton & Finger, P.A. ("RL&F"). RL&F is a Delaware law firm with its offices at One Rodney Square, Wilmington, Delaware.

2. I submit this affidavit in support of the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), expanding the scope of RL&F's retention to include the representation of New Century Warehouse Corporation ("New Century Warehouse"), effective *nunc pro tunc* to

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

August 3, 2007 (the "Application"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon RL&F's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court.

3. RL&F currently serves as bankruptcy co-counsel to New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "April Debtors"), in connection with their chapter 11 cases filed on April 2, 2007. The purpose of the Application is to expand the scope of RL&F's retention to include the representation of New Century Warehouse, an affiliated entity of the April Debtors that filed a chapter 11 case on August 3, 2007. New Century Warehouse and the April Debtors are collectively referred to herein as the "Debtors".

4. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), RL&F intends to apply for compensation for professional services rendered in connection with New Century Warehouse's chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by RL&F during the case. RL&F intends to include all requests for the payment of fees and the reimbursement of expenses relating to services performed on behalf of New Century Warehouse in a single monthly fee application relating to services performed for all of the Debtors. RL&F intends to charge its standard hourly rates for such services, as set

forth in the application to retain RL&F and related affidavit filed by the April Debtors on April 5, 2007.

5.     Neither I, RL&F, nor any director or associate of RL&F, insofar as I have been able to ascertain, has in the past represented New Century Warehouse's largest creditors, any significant beneficiaries of the New Century Warehouse (holding 5% or more of the beneficial interests in New Century Warehouse) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

6.     In preparing this affidavit, we used a set of procedures established by RL&F to insure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by a debtor or official committee under the Bankruptcy Code. In that regard, RL&F requested and obtained from New Century Warehouse a list of the names of entities who may be parties in interest in its chapter 11 case (the "Potential Parties in Interest").

7.     RL&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RL&F to make and maintain these records. The conflict system maintained by RL&F is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney at RL&F that is knowledgeable about the matter. It is the policy of RL&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by RL&F. The

3

scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

8.  RL&F has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to New Century Warehouse's chapter 11 case, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit 1 attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on Exhibit 2 attached hereto who have been represented by RL&F within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of RL&F's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of RL&F's annual fees billed. In any event, RL&F will not represent any of the foregoing claimants or any party in interest in any facet of the New Century Warehouse's case.

9.  I do not believe there is any connection or interest (as such terms are used in section 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between RL&F and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these cases. In addition, as part of its practice, RL&F appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in these cases. RL&F has not and will not represent any such entities in relation to New Century Warehouse or its chapter 11 case nor have any relationship with any such entities that would be adverse to New Century Warehouse or its estate in the matters upon which RL&F is to be employed.

4

RLF1-3195735-1

10. Prior to the NCW Petition Date, RL&F rendered legal services to New Century Warehouse in connection with the preparation of and commencement of its chapter 11 case. RL&F received a total retainer of $25,000.00 for the payment of prepetition services and related expenses. A portion of this payment has been applied to outstanding balances existing as of the NCW Petition Date. An accounting summary of payments made to RL&F and estimated amounts incurred by RL&F is attached hereto as Exhibit 3. The Debtors propose that the retainer monies paid to RL&F and not expended for prepetition services and disbursements be added to the evergreen retainer authorized pursuant to the Court's April 24, 2007 order authorizing the retention of RL&F and held by RL&F as security throughout the Debtors' bankruptcy cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

11. Except as set forth herein, and based upon the information available to me, neither I, RL&F, nor any director or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to New Century Warehouse or its estate in the matters upon which RL&F is to be employed. Based upon the information available to me, I believe that RL&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

12. No promises have been received by RL&F, nor by any director or associate thereof, as to compensation in connection with New Century Warehouse's chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. RL&F has no agreement with any other entity to share with such entity any compensation received by RL&F.

Dated: September 6, 2007
       Wilmington, Delaware

_____
Michael J. Merchant (No. 3854)

SWORN TO AND SUBSCRIBED
before me this 10th day of September 2007.

_____
Notary Public
My Commission Expires: 1/28/09

CATHY M. GREER
Notary Public – State of Delaware
My Comm. Expires Jan. 28, 2009

6

RLF1-3195735-1