**EXHIBIT A**

Case 07-10416-BLS    Doc 2740-1    Filed 09/12/07    Page 1 of 5

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **NEW CENTURY TRS HOLDINGS,** : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] : | |
| : | **Jointly Administered** |
| **Debtors.** : | |
| : | |
| : | |

### STIPULATION BETWEEN DEBTORS AND NABIH AND ESTHER MANGOUBI PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

The parties to this stipulation are New Century Financial Corporation and related debtors (collectively, the "Debtors") and Nabih and Esther Mangoubi (together, the "Landlord"), as sole beneficiaries of Illinois Land Trust No. R-3679 (the "Land Trust"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, RBC Mortgage Company (formerly known as Prism Mortgage Company), as tenant, and Bank One Chicago N.A., as Trustee of the Land Trust, entered into the Building Lease, dated as of February 26, 1997 (the "Lease") relating to the Landlord's real property located at 500 Peterson Road, Libertyville, IL 60048 (the "Premises").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WHEREAS, the Debtors became obligors under the Lease pursuant to an assignment and assumption of the Lease related to Home123 Corporation's acquisition of RBC Mortgage in 2005.

WHEREAS, under the Lease, rent is due the first day of each month during the Lease term, which runs through 2009.

WHEREAS, pursuant to the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) April 30, 2007 or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to the Landlord.

WHEREAS, a dispute has arisen between the Debtors and the Landlord regarding, *inter alia,* the effective date of rejection of the Lease and the amount of post-petition obligations due and owing Landlord.

WHEREAS, on August 22, 2007, the Landlord filed a Motion for Entry of an Order Directing the Debtors Immediately to Comply with Post-Petition Lease Obligations Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion").

WHEREAS, the Debtors and the Landlord hereby enter into this stipulation to resolve the dispute upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing the Debtors to enter into this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. Upon entry by the Court of an order approving this Stipulation, the rejection of the Lease as reflected in the Agreement is effective as of August 31, 2007.

2. The administrative obligation of the Debtors to the Landlord shall be $31,173.81 for the balance of the rent owed to the Landlord and all related expenses (the "Administrative Obligation").

3. The Debtors shall remit payment of the Administrative Obligation within five days of the Bankruptcy Court's approval of the Stipulation.

4. No sales of miscellaneous assets shall take place at the Premises pursuant to the Debtor's Motion to Expand Scope of Order Establishing Miscellaneous Sale Procedures (D.I. 2157).

5. The Debtors have determined that the value of the personal property remaining at the Premises has a *de minimis* value or the cost of removing the property exceeds the value of such property and therefore any remaining personal property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of August 30, 2007.

6. The Motion is resolved.

7. The Landlord's right to file a claim, within 30 days from the date of entry of an order approving this Stipulation, for damages sustained on account of the rejection of the Lease is preserved.

8. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

9. The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

10.  The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation and the Agreement.

Dated: September 11, 2007

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: September 11, 2007

*/s/ E.E. Allinson III*

Elihu E. Allinson, III (3476)
WILLIAM D. SULLIVAN, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

Attorneys for Nabih and Esther Mangoubi, as sole beneficiaries of Illinois Land Trust No. R-3679

4