# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS; | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | |
| | ) | Hearing: October 2, 2007 @ 1:30 p.m. |
| | ) | Objections: September 25, 2007 @ 4:00 p.m. |
| | ) | |
| Debtors. | ) | Jointly Administered |

## MOTION OF PLAZA AMERICA OFFICE DEVELOPMENT II, LLC FOR (1) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES AND (2) AN ORDER REQUIRING DEBTORS' PERFORMANCE OF POSTPETITION LEASE OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)

Plaza America Office Development II, LLC ("Plaza America" or "Landlord"), by and through its undersigned counsel, hereby files this Motion for (1) Allowance and Payment of Administrative Expenses and (2) an Order Requiring the Debtors' Performance of Postpetition Lease Obligations under 11 U.S.C. § 365(d)(3) (the "Motion"), and states as follows:

### INTRODUCTION

1. This Motion seeks allowance and payment of three months' postpetition rent under a Deed of Lease dated April 14, 2005 (the "Lease") by and between Plaza America, as Landlord, and New Century Mortgage Corporation and Home123 Corporation, as Tenants, for property located at Plaza America Tower I in Reston, Virginia. Tenants filed a notice of rejection with respect to the Lease but failed to relinquish possession of the leased premises prior to the next due date for monthly rent thereunder. Accordingly, under Bankruptcy Code § 365(d)(3), as of the date of this Motion, Plaza America is entitled to the payment of monthly postpetition rent for the months of July, August and September 2007.

2. Plaza America respectfully requests entry of an order substantially in the form of Exhibit A hereto ordering the Debtors to (1) pay postpetition rent and other fees and charges that are currently due and owing under the Lease and (2) comply with their obligations under the Lease until such time as they unequivocally relinquish possession of the premises.

## BACKGROUND

3. On April 2, 2007 (the "Petition Date"), the debtors and debtors-in-possession in the above-captioned cases, including New Century Mortgage Corporation and Home123 Corporation (the "Debtors"), each filed a voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

4. Pursuant to the Lease, Tenants lease approximately 23,096 rentable square feet of space (the "Premises") in Plaza America Tower I, located at 11700 Plaza America Drive, Reston, Virginia, for a term expiring July 31, 2015 (the "Term"). A true and correct copy of the Lease is attached to this Motion as Exhibit B.

5. On April 24, 2007, the Court entered an "Order Pursuant to Sections 356 [sic] and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" (Docket No. 388) (the "Order"). Among other things, the Order established procedures for the rejection of leases and executory contracts and approved the form of rejection notices to be mailed to lease counterparties.

6. On June 20, 2007, Debtors filed and served on Landlord a Notice of Rejection of Unexpired Lease of Non-Residential Real Property (Docket No. 1437) with respect to the Lease (the "Rejection Notice"), with a purported effective date of June 30, 2007. A copy of the

Rejection Notice is attached hereto as <u>Exhibit C</u>. Although the Order required that rejection notices be delivered by overnight mail, Landlord's representative did not receive the Rejection Notice until June 28, 2007 – two days before the purported effective date of the Rejection Notice.[1] Moreover, Landlord's counsel was not served with a copy of the Rejection Notice despite having filed a Notice of Appearance in the Debtors' bankruptcy cases on May 17, 2007 (Docket No. 739). Landlord filed a Response to the Rejection Notice on July 2, 2007 (Docket No. 1770) reserving all of its rights to file claims, including administrative expense claims.

7.    Under the Lease, Tenants are required to pay monthly rent in advance, on the first day of each calendar month of the Term, without prior notice, demand, deduction or offset.[2] For the current lease year, Base Rent under the Lease is $28.00 per square foot, resulting in monthly Base Rent equal to $53,890.67.[3] Debtors have paid postpetition rent due under the Lease for the period ending June 30, 2007. However, Debtors failed to relinquish possession of the Premises on or before July 1, 2007 and still have not relinquished possession of the Premises as of the date of this Motion. Accordingly, pursuant to the terms of the Rejection Notice and Bankruptcy Code § 365(d)(3), Debtors are obligated to pay monthly rent for the months of July, August and September 2007. Landlord's counsel wrote to Debtors' counsel on July 19, 2007 and again on August 28, 2007 in an effort to resolve this issue. Debtors' counsel responded with telephone messages but did not arrange for deactivation of the security system or otherwise resolve the issue. Copies of the letters sent to Debtors' counsel are attached hereto as <u>Exhibit D</u>.

---

[1] The Debtors mailed the Rejection Notice to a post office box address.

[2] Lease § 1.5-1.6.

[3] Lease § 1.5.1.

3

8.  In addition to monthly rent, the Lease provides for a late charge equal to five percent (5%) of any rent not paid within five (5) days of the due date.[4] In addition, any amounts not paid within five (5) days of the due date will accrue interest at the prime rate of interest plus five percent (5%).[5]

## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

9.  Debtors are currently liable for monthly rent for July, August and September 2007 and for the late charges and interest described above. Debtors will continue to incur liability for postpetition obligations under the Lease pursuant to 11 U.S.C. § 365(d)(3) until such time as they effectively reject the lease and unequivocally relinquish possession of the Premises consistent with the terms of the Order. In addition, the Lease provides that Landlord may recover attorneys' fees related to Landlord's efforts to collect unpaid postpetition rent due under the Lease.[6] Accordingly, the total amount of Landlord's administrative expense claim is at least $194,664.18, comprised of the following components as of September 30, 2007:

| Description | Amount |
| --- | --- |
| Base Rent – July 2007 | $53,890.67 |
| Base Rent – August 2007 | $53,890.67 |
| Base Rent – September 2007 | $53,890.67 |
| Operating Expenses – July 2007 | $2,852.56 |
| Operating Expenses – August 2007 | $2,852.56 |
| Operating Expenses – September 2007 | $2,852.56 |
| Real Estate Taxes – July 2007 | $1,266.46 |
| Real Estate Taxes – August 2007 | $1,266.46 |
| Real Estate Taxes – September 2007 | $1,266.46 |
| 5% Late Charge – July 2007 | $2,900.48 |
| 5% Late Charge – August 2007 | $2,900.48 |
| 5% Late Charge – September 2007 | $2,900.48 |
| Monthly Interest on Past Due Rent | $1,937.36 (July Rent) |

---

[4] Lease § 6.1.

[5] Lease § 6.2. As of the date of this Motion, the prime rate as set forth in the *Wall Street Journal* is 8.25%.

[6] Lease § 32.

|  | $1,284.56 (August Rent) |
|  | $631.75 (September Rent) |
| Attorneys' Fees | $8,080.00 |
| TOTAL | $194,664.18 |

## BASIS FOR PAYMENT OF ADMINISTRATIVE CLAIM

10. Section 365(d)(3) of the Bankruptcy Code requires Debtors to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Section 365(d)(3) is unambiguous and requires that lease obligations be performed when due under the terms of the lease. See Counterpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3rd Cir. 2001) ("The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms."); In re Hayes Lemmerz Int'l, Inc., 340 B.R. 461, 479 (Bankr. D. Del. 2006) ("Under *Montgomery Ward*, it is clear that the Court must examine the terms of the [lease] to determine what performance was legally required and when."); In re DVI, Inc., 308 B.R. 703, 707 (Bankr. D. Del. 2004) ("Section 365 of the Bankruptcy Code requires the debtor to pay obligations which arise under a lease post-petition and pre-rejection."); In re Valley Media, Inc., 290 B.R. 73, 75 (Bankr. D. Del. 2003) (billing date is used to determine when a lease obligation arises). In this case, the Lease requires payment in full of monthly rent on the first day of each month.[7] Debtors' failure to effectuate a rejection of the Lease prior to July 1, 2007 resulted in their being liable for such rent.

11. Although the Rejection Notice states that rejection of the Lease was effective June 30, 2007, rejection of the Lease was not effective on that date under the conditions expressly set

---

[7] Lease § 2.

5

forth in the Order and the Rejection Notice. The Rejection Notice and the Order provide that, absent an objection to a rejection notice, the rejection of a lease or sublease for non-residential real property becomes effective on the later of (1) ten days after the notice is served or (2) that date that the Debtors "unequivocally relinquish control of the premises by turning over the keys or 'key codes' to the affected landlord . . .." To this day, the Tenants have failed to unequivocally relinquish possession of the Premises and, as a result, continue to incur obligations under the Lease.

12. As set forth in the accompanying declaration of Ghadir A. Baker, a representative of Landlord's property manager Atlantic Realty Company, the Tenants have maintained and continue to maintain a separate, dedicated security system at the Premises that is distinct from the general building security system. A copy of Ms. Baker's declaration is attached hereto as Exhibit E. The Tenants' security system controls a lock on the doors that serve as the primary means of access to the Premises. The Tenants' failure to disable and remove their independent security system significantly impairs Landlord's ability to re-let the Premises to another tenant and limits Landlord's access to the Premises. By continuing to restrict access to the Premises in this way, the Tenants are depriving Landlord of access to the Premises and have failed to "unequivocally relinquish control" of the Premises pursuant to the terms of the Order and the Rejection Notice.

13. Until such time as Debtors satisfy all of the conditions set forth in the Order and Rejection Notice for the purported rejection of the Lease to become effective, Debtors are required pursuant to Bankruptcy Code § 365(d)(3) to continue to perform all of their obligations under the Lease, including the payment of postpetition, pre-rejection rent. Accordingly, Landlord respectfully requests that the Court enter an order authorizing and directing the Debtors

to immediately pay Landlord's administrative expense claim in the amount of at least $194,664.18.

## RESERVATION OF RIGHTS

14. Plaza America reserves its rights to request payment of additional administrative expense claims as and when such claims become due, including but not limited to additional amounts due in connection with the Debtors' continued postpetition possession of the Premises, and storage costs associated with any personal property of the Tenants that is not removed or otherwise addressed pursuant to agreement between the parties.

Dated: September 12, 2007

Respectfully submitted,

MCCARTER & ENGLISH, LLP

By: _____
William F. Taylor, Jr. (#2936)
405 N. King St., 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-2496

-and-

ARNOLD & PORTER LLP
Richard M. Lucas
(D.C. Bar No. 428423)
Charles A. Malloy
(D.C. Bar No. 477936)
555 Twelfth Street, N.W.
Washington D.C. 20004
Tel: (202) 942-5000
Fax: (202) 942-5999

*Counsel to Plaza America Office Development, LLC*