# ARNOLD & PORTER LLP

**Charles A. Malloy**
Charles_Malloy@aporter.com

202.942.5926
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

August 28, 2007

*VIA FACSIMILE*

Suzzanne S. Uhland
O'Melveny & Meyers LLP
275 Battery Street
San Francisco, CA  94111

Ben H. Logan
Victoria Newmark
Emily R. Culler
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California  90071-2899

-and-

Mark D. Collins
Michael J. Merchant
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899

> Re:  *New Century Financial Corporation*
> *11700 Plaza America Drive, Suite 200 and 250, Reston, Virginia  20190*

Dear Counsel:

    We represent Plaza America Office Development, LLC, the landlord under the Deed of Lease by and between Plaza America Office Development, LLC ("Landlord") and New Century Mortgage Corporation and Home123 Corporation (together, "Tenants") at Plaza America Tower I, 11700 Plaza America Drive, Reston, Virginia 20190, dated April 14, 2005 (as amended, the "Lease").

    I wrote to you on July 19, 2007 regarding the Tenants' failure to disable a security system that controls access to the leased premises (the "Premises"). A copy of that letter is attached. The security system is under Tenants' control and it interferes substantially

# ARNOLD & PORTER LLP

August 28, 2007
Page 2

with Landlord's ability to access the leased premises, making the premises virtually unmarketable to prospective tenants.

Notwithstanding the Tenants' Notice of Rejection of Unexpired Lease of Non-Residential Real Property dated June 20, 2007 (the "Rejection Notice"), Tenants' failure to disable the security system means that they have not unequivocally relinquished control of the premises. Accordingly, there has not been an effective rejection of the Lease and Tenants must comply with their obligations under the Lease pursuant to Section 365(d)(3) of the Bankruptcy Code.

Rent is past-due under the Lease for July and August, 2007, and late charges, interest and other fees and expenses allowable under the Lease are accruing. The current amount due is at least $128,976.80. In addition, rent for September, 2007 will be due on the first of the month, in accordance with the terms of the Lease.

We once again demand that Tenants immediately disable the independent security system in order to provide Landlord with complete access to the premises. We are prepared to file a request for payment of administrative expenses and motion to compel the Tenants' to comply with their postpetition obligations under the Lease.

I look forward to your response.

Sincerely,

Charles A. Malloy, Esq.

# ARNOLD & PORTER LLP

**Charles A. Malloy**
Charles_Malloy@aporter.com

202.942.5926
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

July 19, 2007

*VIA FACSIMILE*

Suzanne S. Uhland
O'Melveny & Meyers LLP
275 Battery Street
San Francisco, CA 94111

-and-

Ben H. Logan
Victoria Newmark
Emily R. Culler
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

    Re:    *New Century Financial Corporation*
             *11700 Plaza America Drive, Suite 200 and 250, Reston, Virginia 20190*

Dear Counsel:

    We represent Plaza America Office Development, LLC, the landlord under the Deed of Lease by and between Plaza America Office Development, LLC ("Landlord") and New Century Mortgage Corporation and Home123 Corporation (together, "Tenants") at Plaza America Tower I, 11700 Plaza America Drive, Reston, Virginia 20190, dated April 14, 2005 (as amended, the "Lease").

    On June 28, 2007 Landlord's representative received a Notice of Rejection of Unexpired Lease of Non-Residential Real Property dated June 20, 2007 (the "Rejection Notice"). We filed a Response to the Rejection Notice on July 2, 2007 (Docket No. 1770), but did not otherwise object to the rejection of the Lease.

    It has come to our attention that Tenants maintain a separate security system to control access to the leased premises, and that the security system remains enabled, which impairs Landlord's access to the premises and completely prevents the use of the main entrance to the premises. As a result, notwithstanding the Rejection Notice, Tenants have failed to unequivocally relinquish control of the premises. Rent for the month of July 2007 was due under the Lease on July 1, 2007.

# ARNOLD & PORTER LLP

July 19, 2007
Page 2

      We request that Tenants immediately disable the independent security system in order to provide Landlord with complete access to the premises.

      Section 365 of the Bankruptcy Code requires that Tenants comply with all of their obligations under the Lease until such time as the Lease is rejected in accordance with Section 365 and the procedures approved by the Bankruptcy Court. The Rejection Notice provides that rejection is not effective until the later of "(i) ten (10) days after this notice is served or (ii) the date that the Debtors *unequivocally relinquish control* of the premises by turning over the keys or "key codes" to the affected landlord . . . ." This letter constitutes notice that the rejection is not yet effective under the terms of the Rejection Notice or the Bankruptcy Court's order approving procedures for the rejection of leases.

      I look forward to your response.

                                    Sincerely,

                                    Charles A. Malloy, Esq.