## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS; | ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**DECLARATION OF GHADIR A. BAKER IN SUPPORT OF APPLICATION OF PLAZA AMERICA OFFICE DEVELOPMENT II, LLC FOR (1) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES AND (2) AN ORDER REQUIRING DEBTORS' PERFORMANCE OF POSTPETITION LEASE OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)**

I, Ghadir A. Baker, declare as follows:

1. I am a resident of the Commonwealth of Virginia and am Vice President of Property Management at ARC Management, a property management company with offices in Reston, Virginia.

2. In this capacity, I am responsible for the management of the building and adjacent property located at 11700 Plaza America Drive, Reston, Fairfax County, Virginia (the "Property"). My responsibilities include communication with, and supervision of, tenants at the Property on behalf of Plaza America Office Development II, LLC ("Plaza America"), the landlord.

3. New Century Mortgage Corporation and Home123 Corporation ("Tenants") are tenants in the Building pursuant to a Deed of Lease by and between Plaza America, as landlord, and New Century Mortgage Corporation and Home123 Corporation, as tenants, at Plaza America Tower I, 11700 Plaza America Drive, Reston, Virginia 20190 (the "Lease"). Tenants lease approximately 23,096 rentable square feet on the second floor of the building described in the Lease (the "Premises").

4. On or about the date that the Lease commenced, Tenants arranged for the installation of a security system to control access to the Premises. The security system installed by the Tenants is separate and distinct from the security system that controls general building access, and it requires the use of an access card to unlock the front door of the Premises. The Tenants provided a single access card to ARC Management on May 11, 2007 for purposes of allowing certain contractors hired by the Tenants to enter the Premises. ARC Management does not have access to any other keys or security control cards that would permit access through the front door of the Premises.

5. The Tenants ceased to occupy the Premises on or about May 5, 2007, and paid rent due under the Lease through June 30, 2007. However, the Tenants have maintained the security system since the Lease commenced and, as of the date of this Declaration, the Tenants have not disabled the security system or relinquished control of the security system and possession of the access cards for such security system. Although Tenants provided the property manager with a single access card, this is of limited use and I do not believe that any new tenant would enter into a lease for the Premises in light of such restrictions on access. The only other access available to Plaza America and its representatives is by using a standard key to manually open the back door, which causes an alarm to sound each time the back door is opened.

6. The Tenants' failure to disable the security system has interfered with my ability to enter the Premises on behalf of Plaza America and, as a result, it is more difficult to market the Premises to new tenants with the substantial restrictions on access caused by the Tenants' security system.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Ghadir A. Baker

3