**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| | : | |
| Debtors.[1] | : | Objection Deadline: October 4, 2007 at 4:00 p.m. ET
Hearing Date: TBD |

**APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED
(APRIL 16, 2007 THROUGH JULY 31, 2007)**

| | |
|---|---|
| Name of applicant: | Skadden, Arps, Slate, Meagher & Flom LLP |
| Authorized to provide professional services to: | New Financial Corporation, et al., Debtors |
| Date of retention: | June 15, 2007 (effective April 16, 2007) |
| Period for which compensation and reimbursement are sought: | 04/16/07 – 07/31/07 |
| Amount of compensation sought as actual, reasonable, and necessary: | $239,156.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $5,339.95 |

This is a/an:   X  Monthly Application   __ Interim Application   __ Final Application

The Applicant does not request compensation at this time for services rendered in preparing this Application. The Applicant intends to seek such compensation at a later date.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**TIME SUMMARY**

**(APRIL 16, 2007 – JULY 31, 2007)**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Eric M. Davis | 1992 | $775 | 21.30 | $16,507.50 |
| Benjamin B. Klubes | 1990 | 790 | 48.40 | 38,236.00 |
| Matthew J. Matule | 1994 | 775 | 2.80 | 2,170.00 |
| Andrew L. Sandler | 1983 | 810 | 4.70 | 3,807.00 |
| | **TOTAL PARTNERS** | | **77.20** | **$60,720.50** |
| **ASSOCIATES** | | | | |
| Jonice Gray Tucker | 2000 | $565 | 0.30 | $   169.50 |
| Valerie L. Hletko | 2002 | 535 | 190.80 | 102,078.00 |
| Kimberly A. LaMaina | 2001 | 535 | 76.60 | 40,981.00 |
| Amy E. Moses | 2004 | 435 | 1.20 | 522.00 |
| | **TOTAL ASSOCIATES** | | **268.90** | **$143,750.50** |
| **PARAPROFESSIONALS** | | | | |
| Phyllis N. Bentovim | N/A | $65 | 11.50 | $ 747.50 |
| Cecilia M. Bisher | N/A | 225 | 0.90 | 202.50 |
| Nancy E. Bretsch | N/A | 65 | 11.50 | 747.50 |
| Cecilia Curran | N/A | 250 | 1.50 | 375.00 |
| Thinley Dorjee | N/A | 95 | 2.50 | 237.50 |
| Jason N. Froehlich | N/A | 225 | 66.80 | 15,030.00 |
| Meghan K. Glancy | N/A | 65 | 1.20 | 78.00 |
| Renee B. Johnson | N/A | 65 | 3.00 | 195.00 |
| Lauren C. Lankford | N/A | 190 | 1.10 | 209.00 |
| Larry S. Morton | N/A | 250 | 43.40 | 10,850.00 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| Puja Murgai | N/A | 160 | 30.80 | 4,928.00 |
| Ari J. Senders | N/A | 225 | 1.30 | 292.50 |
| Christopher T. Speedie | N/A | 160 | 0.80 | 128.00 |
| Tihomir N. Yankov | N/A | 190 | 3.50 | 665.00 |
| | **TOTAL PARAPROFESSIONALS** | | **179.80** | **$34,685.50** |
| | | **TOTAL** | **525.90** | **$239,156.50** |
| | | | **BLENDED HOURLY RATE** | **$454.76** |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**PROJECT CATEGORY SUMMARY**

**(APRIL 16, 2007 – JULY 31, 2007**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Litigation (General) | 9.90 | $5,978.00 |
| Nonworking Travel Time* | 3.80 | $3,002.00 |
| Regulatory and SEC Matters | 399.60 | $176,463.50 |
| Retention/Fee Matters (SASM&F) | 112.60 | $53,713.00 |
| **TOTAL** | **525.90** | **$239,156.50** |

\* Hours billed for nonworking travel time represent 50% of the actual time spent traveling.

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**EXPENSE SUMMARY**

**(APRIL 16, 2007 – JULY 31, 2007)**

| Expense Category | Total Expenses |
|---|---:|
| Computer Legal Research | $2,645.47 |
| Long Distance Telephone | $27.63 |
| In-House Reproduction | $891.10 |
| Reproduction-Color | $138.00 |
| Outside Reproduction | $143.34 |
| Outside Research | $290.80 |
| Courier & Express Carriers (e.g., Federal Express) | $802.32 |
| Postage | $165.18 |
| Electronic Document Management | $236.11 |
| **TOTAL** | **$5,339.95** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al., | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors.[2] | : | **Objection Deadline: October 4, 2007 at 4:00 p.m. ET**<br>**Hearing Date: TBD** |

## APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (APRIL 16, 2007 THROUGH JULY 31, 2007)

Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities (collectively, "Skadden, Arps"), special counsel for the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submit this application (the "Application") seeking allowance of interim compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code for the period from April 16, 2007 through and including July 31, 2007 (the "Application Period"), and represent as follows:

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

**Jurisdiction**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

**Background**

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

3. The Debtors are continuing in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

4. On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases under Bankruptcy Code section 1102.

5. On April 24, 2007, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses of professionals (Docket No. 389) (the "Administrative Order").

6. On May 11, 2007, the Debtors applied (the "Retention Application") to the Court for an order authorizing them to retain Skadden, Arps as their special regulatory counsel effective as of the Petition Date (Docket No. 642). On June 15, 2007, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their special

regulatory counsel effective as of April 16, 2007 (Docket No. 1272).[3]  A copy of the Retention Application and the Retention Order are attached hereto at Exhibit A.

7.  Skadden, Arps setoff $281,928.33 of its prepetition retainer against prepetition fees and expenses, as permitted by the Retention Order.  Skadden, Arps continues to hold prepetition retainer funds for application against prepetition fees and expenses, as permitted by the Retention Order.  As of the date of this Application, Skadden, Arps estimates that remaining prepetition retainer funds are in the amount of $18,071.

**Relief Requested**

8.  Pursuant to the Administrative Order, Skadden, Arps is filing the Application for compensation for professional services rendered and reimbursement of disbursements for the Application Period.

9.  At this time, Skadden, Arps is seeking compensation equal to eighty percent (80%) of the $239,156.50 in fees for professional services rendered by Skadden, Arps during the Application Period as special counsel to the Debtors in these chapter 11 cases, for a total of $191,325.20.  This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.

10.  Skadden, Arps also requests reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period, equal to $5,339.95.

11.  This Application is also made without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Administrative Order.

---

[3] Pursuant to an agreement reached with the U.S. Trustee, the Debtors and Skadden, Arps agreed that Skadden, Arps' retention in these cases would be effective as of April 16, 2007.

**Basis for Relief**

12. It is not practical to describe every phone call made, meeting attended, document generated, or other service provided during the Application Period. Thus, this Application highlights the most significant services performed by Skadden, Arps for the Debtors during the Application Period.

13. Skadden, Arps submits that the legal services and advice that it rendered to the Debtors during the Application Period were necessary and beneficial to the Debtors, their creditors and their estates.

14. Skadden, Arps spent a total of 525.90 hours during the Application Period, resulting in an average billing rate of $454.76 per hour. The rates charged by Skadden, Arps are the normal hourly bundled billing rates that were in effect during the Application Period. The summary preceding the Application contains a list of the attorneys and paraprofessionals who have performed services on behalf of the Debtors during the Application Period, as well as a breakdown of the hours, hourly rates and fees attributable to those individuals. Also included is a summary of total hours and fees by project category. Skadden, Arps' time records, allocated by matter, listing the name of the attorney or paraprofessional, the date on which the services were performed, and the amount of time spent in performing the services, are attached to the Application at Exhibits B-1 through D-1.

15. Skadden, Arps also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with its rendition of services on behalf of the Debtors. The summary preceding the Application includes a breakdown of expenses incurred during the Application Period. The detail for such expenses is attached to the Application at Exhibits B-2 through D-2.

4

**Summary of Services Rendered**

16. The services rendered by Skadden, Arps during the Application Period were grouped into the following categories and are summarized below: Regulatory Services, Litigation Services, and Retention/Fee Applications.

17. <u>Regulatory Services (Matter 30)</u>. During the Application Period, Skadden, Arps represented the Debtors in 17 state regulatory proceedings and three investigations by state attorneys general. Each of the actions alleged that the Debtors engaged in violations of applicable state law, including, among others, failure to fund mortgage loans after closing. The states acted to restrain the Debtors from taking certain actions, including, among others, engaging in alleged violations of state law and taking new applications for mortgage loans in the relevant jurisdiction.

18. The regulatory actions also compelled the Debtors to take certain actions, including the creation of escrow accounts to hold any upfront fees collected in connection with pending mortgage applications, the transfer to other lenders of the outstanding mortgage applications and unfunded mortgage loans held by the subsidiaries, and the provision of regular information to the state regulators regarding the subsidiaries' activities in the applicable state, including the status of all outstanding mortgage applications and unfunded mortgage loans in that state.

19. During the Application Period, Skadden, Arps assisted the Debtors to respond to the actions and to comply with various cease and desist orders issued by regulatory agencies. In order to comply with certain cease and desist orders, the Debtors sought relief from the Court to, among other things, provide restitution payments to certain customers. By order of the Court dated May 31, 2007 (the "Customer Order"), the Debtors were authorized to make restitution payments in an amount not to exceed $130,000. During the Application Period,

5

Skadden, Arps served as the escrow agent and assisted the Debtors in complying with the Customer Order.

20.     Skadden, Arps further worked with the Debtors to respond to requests for information and documents from various regulatory agencies. Skadden, Arps conducted meetings and telephone conferences with various agencies regarding their requests for information to try and resolve issues, produce compliant information and streamline requests.

21.     During the Application Period, Skadden, Arps professionals devoted a total of 399.60 hours to this category, for which compensation is sought in the aggregate amount of $176,463.50.

22.     <u>Litigation Services (Matter 25)</u>.  On March 14, 2007, a lawsuit was filed against the Debtors by the Attorney General of Ohio and the Ohio Department of Commerce, Division of Financial Institution (collectively, the "State of Ohio").  The State of Ohio alleged that the Debtors engaged in violations of applicable state law, including, among others, failure to fund mortgage loans after closing.  The State of Ohio also sought a restraining order to prevent the Debtors from selling or transferring any Ohio loan sixty days delinquent or more.

23.     Skadden, Arps represented the Debtors in the action and assisted in the negotiation of a modified restraining order.

24.     During the Application Period, Skadden, Arps professionals devoted a total of 9.90 hours to this category, for which compensation is sought in the aggregate amount of $5,978.00.

25.     <u>Retention/Fee Applications (Matter 33)</u>.  Skadden, Arps is one of the largest law firms in the world, with approximately 1,800 attorneys located in 22 offices across the world. Because of the number of the Debtors' business relationships and the number of Skadden, Arps' business clients, Skadden, Arps spent considerable time with respect to retention

6

and fee issues. In particular, Skadden, Arps conducted an extensive relationship and disclosure search in connection with being engaged by the Debtors in these cases. Skadden, Arps supplemented its search results through distribution of a questionnaire to the firm's professionals worldwide. As new parties have become involved in aspects of these cases, Skadden, Arps has conducted supplementary disclosure searches.

26. Further, during the Application Period, Skadden, Arps prepared the Retention Application in conformity with the Bankruptcy Code's and this Court's orders and local rules on retention and compensation requirements. Skadden, Arps further prepared a declaration disclosing connections with parties in interest and other necessary information and filed the declaration with the Retention Application on May 11, 2007.

27. Following the filing of the Retention Application, Skadden, Arps responded to inquiries from the U.S. Trustee and the Committee regarding its engagement and negotiated the Retention Order. Following an uncontested hearing on the Retention Application on June 15, 2007, the Court entered the Retention Order.

28. Additionally, in compliance with the Administrative Order governing payment of professionals, Skadden, Arps spent time preparing the statements attached hereto which contain detailed records of services rendered and expenses incurred. Preparation of monthly statements is time-consuming as it requires a review of all time and expense entries to ensure that they are properly charged to the Debtors, that they are recorded in the proper category and that they do not reveal privileged information.

29. During the Application Period, Skadden, Arps professionals devoted a total of 112.60 hours to this category, for which compensation is sought in the aggregate amount of $53,713.00.

**Allowance of Compensation**

30.     <u>Compensation Sought</u>.  Because of the benefits realized by the Debtors, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required, and the contingent nature of the compensation, Skadden, Arps requests that it be allowed at this time compensation for eighty percent (80%) of the value of the professional services rendered during the Application Period for a total of $191,325.20.  Skadden, Arps will apply to the Court in accordance with the Administrative Order for the remaining twenty (20) percent of the value of professional services rendered during the Application Period, totaling $47,831.30, as well as seek such amounts for work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records or to amend the amounts listed herein to correct any bookkeeping errors.  In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period, which were not processed by the firm's accounting system before the time of this Application, Skadden, Arps reserves the right to seek such additional fees and expenses by subsequent application to the Court.[4]

31.     Skadden, Arps achieved cost efficiencies by employing a streamlined case management structure.  Instead of assigning various attorneys to the tasks that arose, Skadden, Arps designated a core group of attorneys and paraprofessionals.  This permitted the case to be staffed with as little personnel as appropriate and enabled Skadden, Arps to avoid performing duplicative or unnecessary work.

---

[4] Skadden, Arps further reserves the right to request additional compensation at a later date for time spent preparing the Application.

8

32. <u>Reimbursement of Expenses</u>.  Skadden, Arps requests reimbursement for $5,339.95.  This amount represents actual, necessary expenses incurred by Skadden, Arps in the rendition of professional services in these cases.[5]

33. Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted under Bankruptcy Code section 504(b)(1).

**Certificate of Compliance and Waiver**

34. The undersigned representative of Skadden, Arps certifies that he has reviewed the requirements of Del. Bankr. LR 2016-2 and that the Application substantially complies with that Local Rule.  To the extent that the Application does not comply in all respects with the requirements of Del. Bankr. LR 2016-2, Skadden, Arps believes such deviations are not material and respectfully requests that any such requirement be waived.

---

[5] Exhibits B-2, C-2 and D-2 to this Application provide further information and detail concerning the firm's expenses.

WHEREFORE, Skadden, Arps respectfully requests approval and payment of (a) interim compensation for professional services rendered as attorneys for the Debtors in the sum of $191,325.20 for eighty percent (80%) of the fees incurred during the Application Period; (b) reimbursement of actual and necessary expenses incurred in the sum of $5,339.95; and (c) such other and further relief as is just and proper.

Dated:  September 14, 2007
       Wilmington, Delaware

    /s/  *Eric M. Davis*
    Eric M. Davis (I.D. No. 3621)
    Kimberly A. LaMaina (I.D. No. 4568)
    SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP
    One Rodney Square
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

    Special Counsel for Debtors and
       Debtors in Possession