# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

## STIPULATION BETWEEN DEBTORS AND TOWN PARK RENAISSANCE, LLC PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

The parties to this stipulation are New Century Financial Corporation and related debtors (collectively, the "Debtors") and Town Park Renaissance, LLC (the "Landlord"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, RBC Mortgage Company, as tenant (the "Tenant"), and Town Park Renaissance LLC, as landlord, entered into the Agreement of Lease, commencing on or about August 1, 2004 (the "Lease") pursuant to which Tenant was a tenant in the Landlord's real property at 114 Town Park Drive, Kennesaw, Georgia (the "Premises").

WHEREAS, the Debtors became obligors under the Lease pursuant to an assignment and assumption of the Lease related to Home123 Corporation's acquisition of RBC Mortgage in 2005.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WHEREAS, Under the Lease, rent is due the first day of each month during the Lease term, which Lease term expires October 31, 2007.

WHEREAS, pursuant to the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) April 30, 2007 or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to the Landlord.

WHEREAS, a dispute has arisen between the Debtors and the Landlord regarding, *inter alia*, the effective date of rejection of the Lease and the amount of post-petition obligations due and owing Landlord.

WHEREAS, on August 23, 2007, the Landlord filed a Motion for Entry of an Order Directing the Debtors Immediately to Comply with Post-Petition Lease Obligations Pursuant to 11 U.S.C. § 365(d)(3) (the "Motion").

WHEREAS, the Debtors and the Landlord hereby enter into this stipulation to resolve the dispute upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing the Debtors to enter into this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. Upon entry by the Court of an order approving this Stipulation, the rejection of the Lease as reflected in the Agreement is effective as of July 31, 2007.

2. The sole remaining administrative obligation of the Debtors to the Landlord shall be $4,336.93 for the pro-rated balance of the April 2007 rent (the "Administrative Obligation"), and the related monthly CAM charge and returned check fee.

3. The Debtors shall remit payment of the Administrative Obligation within five days of the Bankruptcy Court's approval of the Stipulation.

4. No sales of miscellaneous assets shall take place at the Premises pursuant to the Debtor's Motion to Expand Scope of Order Establishing Miscellaneous Sale Procedures (D.I. 2157).

5. The Debtors have determined there is no personal property remaining at the premises. While the Debtors believe that there is no personal property remaining on the premises, in an abundance of caution, the Debtors submit that the value of any personal property remaining at the Premises would have a *de minimis* value or the cost of removing any such property would exceed the value of such property and therefore any remaining personal property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of July 31, 2007.

6. The Motion is resolved.

7. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

8. The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

9. The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation and the Agreement.

Dated: September 12, 2007

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450) — Christopher M.
RICHARDS, LAYTON & FINGER, P.A.   Samis (No. 4909)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: September 12, 2007

_____
Elihu E. Allinson, III (3476)
WILLIAM D. SULLIVAN, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

- and -

Stephanie Friese, Esq.
FRIESE LEGAL, LLC
1100 Spring Street NW
Suite 410
Atlanta, GA 30309
Tel: (404) 876-4880

Attorneys for Town Park Renaissance, LLC