IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, ) | Case No. 07-10416(KJC) |
| INC., a Delaware corporation, et al. ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objection Deadline: October 4, 2007 at 4:00 p.m. |
| | Hearing Date: To be determined. |

**FIRST INTERIM APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 2, 2007 THROUGH JULY 31, 2007**

**To:** The Notice Parties Listed on Exhibit E hereto

| | |
|---|---|
| Name of Applicant: | **Lazard Frères & Co. LLC** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **April 25, 2007 *nunc pro tunc* April 2, 2007** |
| Interim Period for which compensation and/or reimbursement is sought: | **April 2, 2007 through July 31, 2007** |
| Interim Amount of Compensation sought as actual, reasonable, and necessary: | $6,025,000.00 |
| Interim Amount of Expenses sought as actual, reasonable, and necessary | $72,150.83[1] |
| Less: Amounts Paid to Date: | ($1,200,000.00) |
| Net Amount of Compensation Requested: | $4,897,150.83 |

This is a: ____ monthly    __X__ interim    ____ final application

Total time expended for interim fee application preparation is approximately 13 hours.

---

[1] Prior to the Petition Date, the Debtors paid Lazard $100,000 for expenses incurred in connection with the pre-petition Engagement Letter. All amounts have been applied to pre-petition expenses incurred on the Debtor' behalf.

1

Summary of Monthly Fee Applications for Compensation Period:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Amounts Paid Fees | Amounts Paid Expenses | Net Requested |
|---|---|---|---|---|---|---|
| 07/12/07 | 04/02/07 - 04/30/07 | n/a[2] | $3,876.88 | n/a[2] | $0.00 | $3,876.88 |
| 09/12/07 | 05/01/07 - 07/31/07 | 6,025,000.00 | 68,273.95 | 1,200,000.00 | 0.00 | 4,893,273.95 |
| **TOTAL** | | **$6,025,000.00** | **$72,150.83** | **$1,200,000.00** | **$0.00** | **$4,897,150.83** |

### Attachment A to Fee Application

**LAZARD FRERES RESTRUCTURING GROUP CREDENTIALS**
**New Century Financial Corporation Restructuring Team**

| Name | Highest Degree, School | Licenses[3] | Title | Business Experience (years) |
|---|---|---|---|---|
| David Kurtz | J.D., Case Western Reserve University, 1979 | Ill. Bar, Series 7, 24 | Managing Director | 27 |
| J. Blake O'Dowd | MBA, NYU Stern, 1994 | Series 7 | Managing Director | 14 |
| Ari Lefkovits | JD, Stanford University, 1999 | Series 7, Mass. Bar, NY Bar | Director | 8 |
| Richard Puccio | J.D. Fordham University | Series 7, NY Bar | Director | 10 |
| Suneel Mandava | B.S., The Wharton School of the University of Pennsylvania | Series 7 | Vice President | 11 |
| Pranav Popat | B.S., Haas School of Business at the University of California at Berkeley | Series 7 | Vice President | 8 |

---

[2] As set forth in Lazard's Retention Order, Monthly Fees credit against Sale Transaction Fees.

[3] The **Series 7** examination is a required exam to obtain the main NASD series license. It is a comprehensive standardized test that covers 3 broad areas of expertise in business and financial matters: Securities Markets and Customer Accounts, Product Knowledge, and Investment and Economic Analysis.

The **Series 24** examination is for licensing NYSE managers to supervise branch activities as a General Securities Principal. The test covers such topics as: Supervision of Investment Banking, Trading Market Supervision, Sales Supervision, Primary and Secondary Markets, Supervising Customer Accounts and Orders, and Investment Companies and Retirement Plans.

The **Series 63** is required for most individuals who solicit orders for any type of security in that state. The exam covers topics such as: State Registration Laws and Procedure, Lawful Practices, and a Definition of Terms.

| LAZARD FRERES RESTRUCTURING GROUP CREDENTIALS | | | | |
|---|---|---|---|---|
| New Century Financial Corporation Restructuring Team | | | | |
| Name | Highest Degree, School | Licenses[3] | Title | Business Experience (years) |
| Evan Geller | MBA, Harvard University | Series 7 | Associate | 6 |
| Sayles Braga | B.S., Harvard University, 2005 | - | Financial Analyst | 2 |
| Brett Barna | B.S., University of Michigan, 2006 | - | Financial Analyst | 1 |
| Ben Skrodzki | BA, Washington and Lee University, 2006 | - | Financial Analyst | 1 |

## Compensation by Project Category
## Please see Exhibit C – Summary of Hours Expended

Lazard, in its normal course of business, invoices its clients a flat monthly fee and does not charge by the hour. Thus, Lazard does not ordinarily keep time records. However, for the benefit of the Court, Lazard is recording its hourly time and has provided summaries of the time spent by Professionals during the Interim Application Period, attached hereto as Exhibit C.

## Expense Summary
## Please see Exhibit D – Fee Calculation and Summary of Out-of-Pocket Expenses

Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Revised Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 (the "Administrative Order"), Lazard Frères & Co. LLC ("Lazard") files this Interim Fee Application (the "Application") for Allowance of Compensation and Reimbursement from April 2, 2007, through July 31, 2007 (the "Interim Application Period"). By this application, Lazard seeks an interim allowance in the amount of $6,025,000.00

and $72,150.83 for financial advisory services provided to New Century TRS Holdings, Inc, et al. (collectively, the "Debtors" and/or the "Company") and reimbursement of actual and necessary expenses incurred on the Debtors' behalf, respectively, for a total of $6,097,150.83. Of this amount, $1,200,000.00 has already been paid to Lazard, resulting in a net amount requested of $4,897,150.83. In support of this Application, Lazard respectfully represents as follows:

## BACKGROUND

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Lazard was retained as financial advisor to the Debtors to perform services set forth in our engagement letter dated as of March 29, 2007, attached hereto as **Exhibit A**. The Debtors retained Lazard concurrently with their bankruptcy filing to provide comprehensive financial advisory services across a variety of matters. The Debtors retained Lazard due to its well-established reputation and expertise in investment banking, particularly in the restructuring and bankruptcy area. Lazard's Restructuring Group consists of an experienced group of professionals dedicated to providing advisory services in the area of debt restructuring and business reorganizations. Lazard's Restructuring Group has been involved in over 250 assignments since 1990 including both out-of-court and Chapter 11 restructurings, representing over $350 billion in restructured debt.

3. The Court approved the Debtors' retention of Lazard as financial advisor at a rate of $200,000.00 per month, plus reimbursement of expenses, in the Retention Order dated April 25, 2007 *nunc pro tunc* April 2, 2007, attached hereto as **Exhibit B**. The compensation for Lazard, as detailed in the Engagement Letter and Retention Order, is summarized as follows (defined terms have the same meaning as set forth in the Retention Order and Engagement Letter):

    (a) A monthly fee (the "Monthly Fee") of $200,000 payable each month until the completion of the Restructuring or the termination of Lazard's Engagement (per Paragraph 2(b) of the Engagement Letter).

    (b) A fee equal to $4,250,000 payable upon consummation of a Sales Transaction (per Paragraph 2(b)(i) of the Retention Order).

    (c) An additional fee, payable upon the consummation of any Sale Transaction, equal to 5% of the total amount of cash and the fair market value of all other property paid and payable for the Carrington Assets or the Greenwich Assets, as applicable, in excess of the purchase price stated in the Carrington Agreement or Greenwich Agreement, as applicable (per Paragraph 2(b)(ii) of the Retention Order).

    (d) An additional fee, payable upon the consummation of any Sale Transaction involving all or part of the Origination Business, equal to the greater of (i) 5% of the OB Consideration and (ii) $1 million (per Paragraph 2(b)(iii) of the Retention Order).

    (e) The Retainer and all Monthly Fees shall be credited (without duplication) against any Sale Transaction or Alternative Transaction Fee, and the Alternative Transaction Fee shall be credited (without duplication) against any Sale Transaction Fee (per Paragraph 2(c) of the Retention Order).

    (f) Notwithstanding anything to the contrary in the Engagement Letter, the aggregate fees paid to Lazard thereunder shall not exceed $6 million if no part or the Origination Business is sold and shall, in no event, exceed $7 million (per Paragraph 2(d) of the Retention Order).

4. All services for which compensation is requested by Lazard were performed for or on behalf of the Debtors. Lazard has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Application. Lazard has not entered into any agreement, express or implied, with any party in interest, including the Debtors, any creditors, or any representative of any of them, or with any attorney for such party in interest, for the purpose of fixing the fees or other compensation to be paid to Lazard for services rendered in connection herewith, from the assets of the Debtors. There is no agreement or understanding between Lazard and any other person, other than members, associates and employees of Lazard, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

## FEE STATEMENT

5. Lazard requests an interim allowance of **$6,025,00.00** ($4,825,000 after deducting for amounts credited) for the period commencing April 2, 2007 through and including July 31, 2007, as compensation for professional services rendered during the Interim Application Period.

6. Lazard, in its normal course of business, invoices its clients a flat monthly fee and does not charge by the hour. Thus, Lazard does not ordinarily keep time records. However, for the benefit of the Court, Lazard has recorded its hourly time and has provided a Summary of Services Rendered by Project as well as a Summary of Services Rendered by Professional for the Interim Period attached hereto as **Exhibit C**.

## ACTUAL AND NECESSARY EXPENSES

7. Lazard also requests interim allowance of **$72,150.83** as reimbursement for actual and necessary expenses Lazard incurred during the period April 2, 2007 through July 31,

2007. Lazard has provided the Detail of Out-of-Pocket Expenses incurred during this period attached hereto as **Exhibit D**. Lazard reserves its right to request reimbursement at a later date for any unbilled items not included in this Application.

## SERVICES PROVIDED

8. Lazard has acted as financial advisor to the Debtors since prior to the Petition Date. As an investment banker, Lazard is assisting the Debtors in their restructuring and asset sales, as well as offering advice to the Debtors' management and Board in other related matters. The Managing Directors, Directors, Vice Presidents, Associate and Financial Analysts of Lazard who have rendered professional services in these cases during the Interim Application Period are as follows: David Kurtz (Managing Director); J. Blake O'Dowd (Manging Director); Ari Lefkovits (Director); Richard Puccio (Director); Suneel Manadava (Vice President); Pranav Popat (Vice President); Evan Geller (Associate); Sayles Braga (Financial Analyst); Brett Barna (Financial Analyst); and Ben Skrodski (Financial Analyst).

9. During the Interim Application Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters relating to the Debtors' restructuring, including strategy, asset sales, management issues, expert testimony, and interface and negotiation with key creditor groups and their respective advisors. As a result, Lazard's most highly skilled restructuring professionals have devoted significant time and effort to perform properly and expeditiously the required professional services.

10. The services enumerated in paragraph 11 below were performed without duplication of those provided by any other professionals retained or proposed to be retained by the Debtors.

7

11. Pursuant to the Engagement Letter, Lazard has agreed, in consideration of the compensation provided in the Engagement Letter, as modified by the Retention Order, to perform the following investment banking services as the Company may reasonably request, including to:

    (a) advise the Company in connection with a variety of financial matters, including a review of the Company's financial position and existing obligations, and a review and evaluation of possible strategic alternatives, liquidity alternatives and transactions; and

    (b) advise the Company in connection with any Sale Transaction,[4] or Alternative Transaction[5] pursued by the Company. If requested by the Sale Transaction or Alternative Transaction pursued by the Company.

**Sale Transactions**

12. Lazard advised the Debtors on the sale of certain whole loans and residual interests in mortgage securities. The Debtors announced a transaction with Greenwich Capital ("Greenwich") for $47 million in April 2007; Greenwich was declared the stalking horse bidder on these assets. Lazard then marketed these assets by approaching over 40 potential buyers. The Debtors held an auction in May 2007, in which seven bidders participated and Ellington Management Group ("Ellington") was declared the winner for a purchase price of $58 million. The sale to Ellington closed in May 2007.

---

[4] Assumed in this Application, the term "Sale Transaction" means any direct or indirect sale of all or a substantial portion of the Company or the assets, secured assets, equity securities or other interests of the Company, provided, that, it is agreed that, any sale(s) involving (i) all or substantially all of the assets (the "Carrington Assets") described in that certain Amended and restated Assets Purchase Agreement, dated as of April 19, 2007, between the Company and Carrington Capital Management, LLC and Carrington Mortgage Services, LLC (the "Carrington Agreement"), (ii) all or substantially all of the assets (the "Greenwich Assets") described in that certain Asset Purchase Agreement, dated as of April 2, 2007 between the Company and Greenwich Capital Financial Products, Inc. (the "Greenwich Agreement") and/or (iii) all or part of the wholesale mortgage obligation business of the Company (the "Origination Business") shall be considered a Sale Transaction.

[5] As used in this Application, an "Alternative Transaction" shall mean any transaction or series of transactions, whether consummated in or out of bankruptcy, involving a sale, directly or indirectly, of any significant assets, secured assets, equity securities or other interests of the Company or restructuring, reorganization or recapitalization of a significant portion of the Company or the Company's assets, secured assets, securities, instruments or other interests that cannot be categorized as a Sale Transaction, provided, that the then-contemplated sale of those certain taxable REIT subsidiary residual securities to Lehman Brothers for approximately $70,000,000 shall not be considered an Alternative Transaction.

8

13. Lazard advised the Debtors on the sale of their mortgage servicing rights and platform. Prior to the Petition Date, Lazard and the Debtors engaged in discussions with eight potential purchasers of these assets. The Debtors announced a transaction with Carrington Capital Management ("Carrington") for $147 million in April 2007; Carrington was declared the stalking horse bidder on these assets. Lazard then marketed these assets by approaching over 40 potential buyers. The Debtors held an auction in May 2007, in which four bidder groups participated and Carrington was declared the winner for a purchase price of $184 million. The sale to Carrington closed in June 2007.

14. Lazard advised the Debtors' on the sale of certain origination data and approached over 50 buyers on the Debtors' behalf. The Debtors announced transactions to sell the data to each of RMC and Equifirst for $250,000 ($500,000 in the aggregate) in June 2007. The sales to both parties closed in July 2007.

**Standards for Allowance of Compensation**

15. Section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, for the payment of:

   (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

   (b) reimbursement for actual, necessary expenses

16. To grant a request for compensation pursuant to section 330 of the Bankruptcy Code, a court must find that such request is reasonable. The reasonableness of a compensation request is determined by taking into account the nature, extent and value of the services provided by the professional and the cost of comparable services in nonbankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994).

17. In the Retention Order, this Court found the terms of Lazard's engagement and retention to be reasonable. The compensation requested in this application reflects the application

of the standards set forth in the Order and, consequently, is reasonable.

**Standards for Allowance of Expenses**

18. Sections 330(a)(1)(B) and 503(b)(4) of the Bankruptcy Code permit reimbursement for actual, necessary expenses. See Zolfo Cooper, 50 F.3d at 258; White Motor, 50 B.R. at 891-92. Accordingly, those Expenses for which reimbursement is sought in this Application satisfy the standards set forth in section 330(a)(1)(B) of the Bankruptcy Code and the Guidelines.

## CONCLUSION

19. In accordance with the applicable factors enumerated in the Bankruptcy Code, it is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

20. **WHEREFORE**, Lazard respectfully requests (i) allowance of compensation for professional services rendered during the Interim Application Period in the amount of **$6,025,000.00** and reimbursement for actual and necessary expenses Lazard incurred during the Interim Application Period in the amount of **$72,150.83** for a total of **$6,097,150.83** (and a net amount of **$4,879,150.83**, reflecting deductions for amounts paid to date); (ii) that the allowance of such expenses incurred be without prejudice to Lazard's right to seek such further compensation for the full value of services performed; and (iii) that the Court grant Lazard such other and further relief as is just.

## FEE SUMMARY

| | |
|---|---:|
| **Sale Transaction Fees:** | |
| Servicing Operations and LNFA/Residuals | $6,000,000.00 |
| Origination Data | 25,000.00 |
| **Total Sale Transaction Fees** | **$6,025,000.00** |
| | |
| **Monthly Advisory Fees:** | |
| April 2, 2007 - April 30, 2007 | $200,000.00 |
| May 1, 2007 - May 31, 2007 | 200,000.00 |
| June 1, 2007 - June 30, 2007 | 200,000.00 |
| July 1, 2007 - July 31, 2007 | 200,000.00 |
| Less: Applicable credits | (800,000.00) |
| **Net Monthly Advisory Fees** | **$0.00** |
| | |
| Less: Amounts Already Paid | ($1,200,000.00) |
| Plus: Out-of-Pocket Expenses Requested | 72,150.83 |
| **TOTAL FEES REQUESTED** | **$4,897,150.83** |

PLEASE TAKE NOTICE that, pursuant to the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 (the "Interim Compensation Order"), objections, if any, to the Interim Fee Application Request must be filed with the Court and served on the Applicant at the address set forth below and the notice parties, identified on Exhibit E attached hereto so as to be received by **October 4, 2007 at 4:00 p.m. (Eastern Time).** If no timely objections are filed to the Interim Fee Application Request, the Court may enter an order granting the Interim Fee Application Request without a hearing.

Dated:      September 13, 2007
            New York, New York

                                        LAZARD FRÈRES & CO. LLC

                                        _____
                                        Ari Lefkovits
                                        Director
                                        Lazard Frères & Co. LLC
                                        30 Rockefeller Plaza, 61st Floor
                                        New York, NY  10020
                                        (212/632-6000)
                                        Financial Advisor for the Debtors