**United States Bankruptcy Court**
**For the District of Delaware**

In re:  New Century Warehouse Corporation                                                              Case No.   07-11043

                    Debtor

### NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
### AND STATEMENT OF FINANCIAL AFFAIRS

 New Century Warehouse Corporation (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of August 3, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

Official Form 7
(04/07)

# STATEMENT OF FINANCIAL AFFAIRS
## United States Bankruptcy Court
## District of Delaware

In re:   New Century Warehouse Corporation                                      Case No.    07-11043
　　　　　　　　　Debtor

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

## Definitions

    *"In business."*   A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

In re:   New Century Warehouse Corporation                                                          Case No.    07-11043
                    Debtor

None          **1. Income from employment or operation of business**

☐            State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business,
             including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this
             case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that
             maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the
             beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors
             filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated
             and a joint petition is not filed.)

| AMOUNT ( 000s) | SOURCE |
| --- | --- |
| $      4,945 | 1/1/2007 - 8/3/2007 (Revenue from operations of the debtor's business) |
| $    14,159 | 1/1/2006 - 12/31/2006 (Revenue from operations of the debtor's business) |
| $           0 | 1/1/2005 - 12/31/2005 (Revenue from operations of the debtor's business) |

The Debtor  was a specialty finance company that provided short-term secured working capital financing of residential mortgage loans (known in the
mortgage industry as warehouse lending) to approximately 90 mortgage broker customers nationwide.  In other words, the Debtor provided warehouse
lending financing to a network of approximately 90 customers, who in turn originated mortgage loans for homeowners.

In re:   New Century Warehouse Corporation                                                              Case No.   07-11043
                 Debtor

None    **2. Income other than from employment or operation of business**

☐       State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the
        two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse
        separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| AMOUNT ( 000s) | SOURCE |
|---|---|
| $   1,707 | 1/1/2007 - 8/3/2007 (Proceeds from sale of business assets) |
| $        0 | 1/1/2006 - 12/31/2006 |
| $        0 | 1/1/2005 - 12/31/2005 |

On April 27, 2007, the Debtor sold substantially all of the assets and assigned substantially all of the liabilities comprising its "Access Lending" business
to Access Holdings Corporation for a cash purchase price of $76,000 (inclusive of prepaid deposit and $19,000 purchase price on PP&E), a release of
certain ongoing obligations, and an earnout equal to approximately 60% of all net proceeds received by Access Holdings Corporation in respect of
liquidating the transferred loans subject to repurchase agreements post-closing.

The gross income reflects the receipt of 60% of the net proceeds from the sale of the loans subject to repurchase agreements from the date of asset
purchase agreement to the date of filing of the petition.

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043
                          Debtor

None

[X]

**3. Payments to creditors**

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

In re:  New Century Warehouse Corporation                                    Case No.    07-11043
                    Debtor

None

**3. Payments to creditors (continued)**

☐

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

Certain of the Debtor's affiliated entities filed for bankruptcy on April 2, 2007 (collectively with the Debtor, the "Debtors").  Since the date of closing of the asset sale to Access Holding Corporation on April 27, 2007, there were no account payable disbursements for this debtor except the professional retainers listed in SOFA question 9 herein.  The professional retainers were made directly from the operating account for New Century Mortgage Corporation (07-10419) on behalf of this Debtor.

In re:  New Century Warehouse Corporation                                                                  Case No.    07-11043

                        Debtor

None

☐          **3. Payments to creditors (continued)**

            c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors
            who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or
            not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See Attached Exhibit 3c

The obligations of New Century Financial Corporation and its affiliated debtors (including New Century Warehouse Corporation) are paid by and through
New Century Financial Corporation (07-10417), Home123 Corporation (07-10421), New Century Capital Corporation (07-10420), and/or New Century
Mortgage Corporation (07-10419).  Payments, if any, to any such insiders of this Debtor would be included among the payments listed in response to Item
3c of the Statement of Financial Affairs for New Century Financial Corporation, Home123 Corporation, New Century Capital Corporation, and/or New
Century Mortgage Corporation filed with the US Bankruptcy Court on May 31, 2007.  The attached Exhibit 3c is an updated list of payments made
between April 2, 2007 and August 3, 2007 and includes some of the payments listed in Exhibit 3c of the Statement of Financial Affairs of the
abovementioned affiltated entities which was filed May 31, 2007.

All such payments to insiders were made by the Debtor's parent company and by affiliates of the parent company.  With the exception of payments made
for services rendered by David Fleig, the payments to insiders were largely on account of services rendered to entities other than the Debtor. The exhibit
also include intercompany transfers of cash, however such amounts captured is largely incomplete at this time.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The
Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:   New Century Warehouse Corporation                                                Case No.   07-11043
                    Debtor

None    **4. Suits and administrative proceedings, executions, garnishments and attachments**
☒

   a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this
   bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or
   not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

In re:   New Century Warehouse Corporation                                                    Case No.   07-11043
                    Debtor

None

**4. Suits and administrative proceedings, executions, garnishments and attachments (continued)**

[X]

  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043

           Debtor

<table>
<tr><td>None</td></tr>
</table>

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Goldman Sachs Mortgage Company<br>Marc Flamino<br>85 Broad Street<br>New York, NY  10004 | 3/9/2007 | Warehouse line<br>Unliquidated |

The Debtor and the Debtor's affiliates ("Debtors") financed the purchase and origination of mortgage loans largely through a series of agreements typically styled as master repurchase agreements ("Warehouse Loan Agreements").  Under these agreements, a counterparty (a "Warehouse Lender") purported to purchase mortgage loans from one or more of the Debtors, subject to a right of and an obligation by the Debtors to repurchase these mortgage loans upon the occurrence of certain dates and events.   The Warehouse Loan Agreements vary as to the rights and remedies that a Warehouse Lender could exercise upon an event of default, including (i) accelerating and demanding that the Debtors repurchase all the mortgage loans and pay the full amount of all repurchase obligations, (ii) terminating the Debtors' rights to repurchase the loans and either selling the loans to a third party or the Warehouse Lender retaining the mortgage loans and crediting the value of these loans against the Debtors' repurchase obligations or (iii) exercising the rights of a secured creditor under the Uniform Commercial Code.   The date set forth above for seizure of the mortgage loans is the first date that a Warehouse Lenders gave the Debtors notice that it was exercising remedies under a Warehouse Loan Agreement.  The Debtors reserve all of their rights with respect to whether any rights and remedies of the warehouse lenders are being properly exercised.

In re:   New Century Warehouse Corporation
              Debtor

Case No.   07-11043

None
[X]

**6. Assignments and receiverships**

   a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

In re:   New Century Warehouse Corporation                                                            Case No.   07-11043
                  Debtor

None

**X**

**6. Assignments and receiverships (continued)**

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

In re:   New Century Warehouse Corporation                                                                Case No.    07-11043

                    Debtor

None

**X**

**7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

In re:   New Century Warehouse Corporation                                                    Case No.   07-11043
                        Debtor

None    **8. Losses**

☐       List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the
        commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or
        not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Laptop Computer $2,250 | Laptop computer was stolen on 11/11/06. | 11/11/06 |

In re:   New Century Warehouse Corporation                                              Case No.   07-11043
                    Debtor

<table>
<tr><td>None</td><td></td></tr>
</table>

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| AlixPartners, LLP<br>9 West 57th Street<br>Suite 3420<br>New York, New York 10019 | July 23, 2007<br>New Century Mortgage Corporation | $  15,000 |
| O'Melveny & Myers, LLP<br>Embarcadero Center West<br>275 Battery Street<br>San Francisco, CA 94111-3305 | July 23, 2007<br>New Century Mortgage Corporation | $  40,000 |
| Xroads Solutions Group<br>1821 East Dyer Rd., Suite 225<br>Santa Ana, CA 92705 | July 16, 2007<br>New Century Mortgage Corporation | $  150,000 |
| Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street, Wilmington,<br>Delaware 19801 | July 23, 2007<br>New Century Mortgage Corporation | $  25,000 |

In re:   New Century Warehouse Corporation                                                                              Case No.   07-11043
                                    Debtor

**10. Other transfers**

None

☐          a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred
either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter
12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFERREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Access Holding Corporation 77 Sugar Creek Center Blvd. Sugarland, TX 77478 | 4/27/2007 | List of consumer borrowed loans subject to repurchase agreements |
| Access Holding Corporation 77 Sugar Creek Center Blvd. Sugarland, TX 77478 | 4/27/2007 | Tangible personal property including furniture, fixtures and equipment listed in exhibit 10a |

On February 3, 2006, the Debtor purchased substantially all of the assets of Access Lending Corporation for a cash purchase price of approximately $10
million.  On April 27, 2007, New Century Warehouse Corporation sold substantially all of the assets (including Exhibit 10a) and assigned substantially all
of the liabilities comprising its "Access Lending" business (including certain loans subject to repurchase agreements) to Access Holdings Corporation for a
cash purchase price of $76,000 (inclusive of prepaid deposit and $19,000 purchase price on PP&E), a release of certain ongoing obligations, and an
earnout equal to approximately 60% of all net proceeds received by Access Holdings Corporation in respect of liquidating the loans subject to repurchase
agreements post-closing.

In re:   New Century Warehouse Corporation                                    Case No.   07-11043
                    Debtor

<table>
<tr><td>None</td></tr>
<tr><td>X</td></tr>
</table>

**10. Other transfers (continued)**

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

In re:   New Century Warehouse Corporation                                                                Case No.    07-11043
                        Debtor

None
[X]

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

In re:   New Century Warehouse Corporation                                                    Case No.   07-11043
                        Debtor

None      **12. Safe deposit boxes**
[X]
          List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately
          preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
          or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043
                Debtor

None     **13. Setoffs**

☐      List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |
| Goldman Sachs Mortgage Company<br>Marc Flamino<br>85 Broad Street<br>New York, NY  10004 | 3/9/2007 | Unliquidated |

In re:  New Century Warehouse Corporation                                                    Case No.    07-11043

                     Debtor

None     **14. Property held for another person**

☐         List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Goldman Sachs Mortgage Company<br>85 Broad Street<br>New York, NY 10004 | La Salle/New Century Warehouse Corporation<br>Lending (Account# 723430.1)<br>Balance is $0.00. | La Salle Bank National Association<br>135 South LaSalle St, Suite 1625<br>Chicago, IL 60603 |

Prior to the April 27, 2007 sale of assets to Access Holding Corporation, the Debtor maintained and serviced loan portfolios owned by various institutions.  At any given time, in the ordinary course of business, the Debtor received and maintained documents, and received and disbursed funds related to the loans that it serviced.  In conjunction with its loan servicing, the Debtor controlled and continued to maintain one custodial bank account detailed above.

In addition, in the ordinary course of its business, the Debtor leased equipment from certain third-party lessors for use in the daily operation of its business. Any such leases were also assigned in the asset purchase agreement between the Debtor and Access Holding Corporation.

In re:  New Century Warehouse Corporation                                    Case No.    07-11043

                Debtor

None

☐

**15. Prior address of debtor**

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---------|-----------|---------------------|
| 18400 Von Karman, Suite 1000<br>Irvine, CA 92612 | New Century Warehouse Corporation | September 2003 to February 2006 |
| 77 Sugar Creek Center Blvd.<br>Sugar Land, TX 77478 | Access Lending Corporation | February 2006 to April 27, 2007 |
| 18400 Von Karman, Suite 1000<br>Irvine, CA 92612 | New Century Warehouse Corporation | April 28, 2007 to August 20, 2007 |

In re:   New Century Warehouse Corporation                                          Case No.   07-11043
                          Debtor

None

**16. Spouses and Former Spouses**

X

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

In re:  New Century Warehouse Corporation                                                          Case No.    07-11043

          Debtor

None

[X]

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |
| | | | |

In re:   New Century Warehouse Corporation                                                          Case No.   07-11043
                        Debtor

None
[X]

**17. Environmental Information (continued)**

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

In re:   New Century Warehouse Corporation                                    Case No.   07-11043
                         Debtor

None     **17. Environmental Information (continued)**
[X]
         c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the
         debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS                          DOCKET NUMBER                          STATUS OR
OF GOVERNMENTAL UNIT                                                             DISPOSITION

In re:   New Century Warehouse Corporation                                                    Case No.   07-11043
                          Debtor

None    **18 . Nature, location and name of business**
☐
a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Access Investments II, L.L.C. | 76-0686751 | 77 Sugar Creek Center Blvd. Sugarland, TX 77478 | Warehouse Lending | 2/3/2006 to 4/27/2007 |

In re:  New Century Warehouse Corporation                                    Case No.    07-11043
                          Debtor

None
[X]

**18 . Nature, location and name of business (continued)**

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

In re:   New Century Warehouse Corporation                                                              Case No.   07-11043

                    Debtor

 

 

 

      The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

      (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043
                    Debtor

None

**19. Books, records and financial statements**

☐

   a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                          DATES SERVICES RENDERED

John Sullivan                                                         February 2006 to April 2007
77 Sugar Creek Center Blvd.
Sugar Land, TX 77478

Eric Frazee                                                          February 2006 to April 2007
77 Sugar Creek Center Blvd.
Sugar Land, TX 77478

Tajvinder S. Bindra                                             November 2006 to May 2007
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

Patti M. Dodge                                                   September 2003 to November 2006
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

David Kenneally                                                 August 2005 to March 2007
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

Holly Felder Etlin                                               June 2007 to Present
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

Michael G. Tinsley                                             June 2007 to Present
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

Edward Gotschall                                               July 2004 to  March 2006
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

In re:   New Century Warehouse Corporation                                    Case No.   07-11043

                       Debtor

None      **19. Books, records and financial statements (continued)**

☐        b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of
           account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| KPMG LLP | KPMG<br>John Donovon<br>21700 Oxnard St., Suite 1200<br>Woodland Hills, CA 91371 | February 2006 - April 27, 2007 |

In re:   New Century Warehouse Corporation                                              Case No.   07-11043
                    Debtor

None     **19. Books, records and financial statements (continued)**

☐       c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Michael G. Tinsley | 3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 |
| Holly Felder Etlin | 3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 |

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043
                        Debtor

| None | **19. Books, records and financial statements (continued)** |
|------|--|
| ☐ | d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case. |

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

New Century Financial Corporation and its consolidated subsidiaries including the Debtor ("New Century Warehouse Corporation") provide financial statements in the ordinary course of business to various parties including regulatory agencies, financial institutions, shareholders, investment banks, customers, vendors and attorneys. In addition, financial statements have been provided to other parties as requested.

Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of New Century Financial Corporation's fiscal quarters and fiscal years and upon occurrence of certain significant events, New Century Financial Corporation prepares and files with the Securities and Exchange Commission ("SEC") Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports (collectively the "SEC Filings"). The SEC Filings contain financial information relating to the Debtor. It is the practice of New Century Financial Corporation to distribute copies of the SEC Filings to their vendors, creditors, lenders and other parties requesting financial information. Because the SEC Filings are of public record, New Century Financial Corporation has not maintained records of the parties who requested or obtained copies of any SEC Filings from the SEC or New Century Financial Corporation.  New Century Financial Corporation did not file a Form 10-K Annual Report for the year ended December 31, 2006 and therefore as the Debtor purchased the "Access Lending business" in February 2006, the Debtor's financial results have never appeared in a Form 10-K Annual Report.

In addition, on a monthly basis and from time to time, New Century TRS Holdings, Inc., with the assistance of internal and outside accountants, prepare financial reports and statements (Collectively, the "Internal Reports"). The Internal Reports are utilized by New Century TRS Holdings, Inc. in the operation and management of its business. In addition, in the ordinary course of business and in connection with certain transactions not in the ordinary course of business, the Internal Reports were often distributed to accountants, lawyers, lenders and other parties doing business with New Century TRS Holdings, Inc. New Century TRS Holdings, Inc. has not maintained complete records of the parties who requested or obtained copies of the Internal Reports.

In re:   New Century Warehouse Corporation                                                    Case No.    07-11043
                    Debtor

None
[X]

**20. Inventories**

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY                    INVENTORY SUPERVISOR                    DOLLAR AMOUNT OF INVENTORY
                                                                                                            (Specify cost, market, or other basis)

In re:   New Century Warehouse Corporation                                      Case No.    07-11043
                    Debtor

None
[X]

**20. Inventories (continued)**

  b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.


DATE OF INVENTORY

NAME AND ADDRESSES OF CUSTODIAN
OF INVENTORY RECORDS

In re:   New Century Warehouse Corporation                                    Case No.   07-11043
                    Debtor

None      **21 . Current Partners, Officers, Directors and Shareholders**

[X]      a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                NATURE OF INTEREST                PERCENTAGE OF INTEREST

In re:   New Century Warehouse Corporation                                                   Case No.   07-11043

           Debtor

None

☐

**21 . Current Partners, Officers, Directors and Shareholders (continued)**

    b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| New Century TRS Holdings, Inc.<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Shareholder | 100% |
| Stergios Theologides<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Executive Vice President and Director | N/A |
| Holly Felder Etlin<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | President | N/A |
| Joseph Tortorelli<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Secretary | N/A |
| Michael G. Tinsley<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Chief Financial Officer | N/A |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:   New Century Warehouse Corporation
                    Debtor

Case No.   07-11043

None

**22 . Former partners, officers, directors and shareholders**

[X]

    a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

In re:   New Century Warehouse Corporation                                                    Case No.   07-11043
                    Debtor

**22 . Former partners, officers, directors and shareholders (continued)**

☐     b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Kevin Cloyd<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | President and Director | 2007 |
| Tajvinder S. Bindra<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Chief Financial Officer | 2007 |
| Patti Dodge<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Chief Financial Officer and Director | 2007 |
| Jennifer Jewett<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Secretary | 2007 |
| Anthony Meola<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Director | 2007 |
| Edward Gotschall<br>3121 Michelson Drive, 5th Floor<br>Irvine, CA 92612 | Director | 2007 |

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:   New Century Warehouse Corporation                                          Case No.   07-11043
_____                              _____
                    Debtor

| None | **23 . Withdrawals from a partnership or distributions by a corporation** |
|------|---|
| ☐ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case. |

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

The obligations of the Debtor are paid by and through New Century Financial Corporation (07-10417). Distributions, if any, to any such insiders of this Debtor would be included among the distributions listed in response to Item 23 of the Statement of Financial Affairs for New Century Financial Corporation, that were filed with the US Bankruptcy Court on May 31, 2007.

For purposes of the Statement of Financial Affairs the Debtor is including all Executive Vice Presidents and above, Treasurers, and Secretaries.  The Debtor does not assert that all individuals are officers or directors of the corporation and reserves all of the rights with respect to such a determination.

In re:   New Century Warehouse Corporation                                    Case No.   07-11043
                              Debtor

None   **24. Tax Consolidation Group**

☐       If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for
        tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                         TAXPAYER IDENTIFICATION NUMBER (EIN)

New Century TRS Holdings, Inc.                      33-0683629

In re:   New Century Warehouse Corporation                                    Case No.   07-11043
                    Debtor

None

[X]

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                                      TAXPAYER IDENTIFICATION NUMBER (EIN)

SOFA EXHIBIT 3C

In Re: New Century Warehouse Corporation                                                                    Case No: 07-11043

**Exhibit 3c**
**Payments to Insiders**

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| New Century Mortgage Corportion | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Intercompany Settlement | 3/27/2007 | $ 1,016,668.75 |
| | | Intercompany Settlement | 3/39/2007 | $ 6,444,672.00 |
| | | Intercompany Settlement | 3/39/2007 | $ 1,538,623.00 |
| | | Intercompany Settlement | 3/39/2007 | $ 1,151,753.00 |
| Tajvinder S. Bindra | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 11/30/2006 | $ 20,230.76 |
| | | Wages and Compensation | 12/1/2006 | $ 11,288.47 |
| | | Wages and Compensation | 12/15/2006 | $ 19,480.77 |
| | | Wages and Compensation | 12/29/2006 | $ 19,230.77 |
| | | Wages and Compensation | 1/12/2007 | $ 17,557.70 |
| | | Wages and Compensation | 1/26/2007 | $ 19,480.77 |
| | | Wages and Compensation | 2/9/2007 | $ 19,480.77 |
| | | Wages and Compensation | 2/22/2007 | $ 190,217.00 |
| | | Wages and Compensation | 2/23/2007 | $ 19,480.77 |
| | | Wages and Compensation | 3/9/2007 | $ 19,480.77 |
| | | Wages and Compensation | 3/13/2007 | $ 13,461.54 |
| | | Wages and Compensation | 3/23/2007 | $ 29,096.16 |
| | | Wages and Compensation | 3/31/2007 | $ 250,000.00 |
| | | Wages and Compensation | 4/6/2007 | $ 9,865.38 |
| | | Wages and Compensation | 4/20/2007 | $ 19,480.77 |
| | | Wages and Compensation | 5/4/2007 | $ 19,480.77 |
| | | Wages and Compensation | 5/18/2007 | $ 19,480.77 |
| | | Wages and Compensation | 6/1/2007 | $ 19,480.77 |
| | | Wages and Compensation | 6/8/2007 | $ 9,730.77 |
| Kevin M Cloyd | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 12,365.38 |
| | | Wages and Compensation | 8/15/2006 | $ 393,494.00 |
| | | Other Disbursements | 8/15/2006 | $ 11,804.82 |
| | | Wages and Compensation | 8/25/2006 | $ 12,365.38 |
| | | Wages and Compensation | 9/8/2006 | $ 12,365.38 |
| | | Wages and Compensation | 9/22/2006 | $ 12,365.38 |
| | | Wages and Compensation | 10/6/2006 | $ 12,365.38 |
| | | Wages and Compensation | 10/20/2006 | $ 12,365.38 |
| | | Wages and Compensation | 11/3/2006 | $ 12,365.38 |
| | | Wages and Compensation | 11/15/2006 | $ 290,201.00 |
| | | Other Disbursements | 11/15/2006 | $ 8,706.03 |
| | | Wages and Compensation | 11/17/2006 | $ 12,365.38 |
| | | Wages and Compensation | 12/1/2006 | $ 12,365.38 |
| | | Wages and Compensation | 12/15/2006 | $ 12,365.38 |
| | | Wages and Compensation | 12/29/2006 | $ 12,115.38 |
| | | Wages and Compensation | 1/12/2007 | $ 12,365.38 |
| | | Wages and Compensation | 1/26/2007 | $ 12,365.38 |
| | | Wages and Compensation | 1/29/2007 | $ 218,623.20 |
| | | Wages and Compensation | 2/9/2007 | $ 12,365.38 |
| | | Wages and Compensation | 2/23/2007 | $ 168,296.20 |
| | | Wages and Compensation | 3/9/2007 | $ 26,966.51 |
| | | Wages and Compensation | 3/23/2007 | $ 25,057.69 |
| | | Wages and Compensation | 4/6/2007 | $ 8,519.23 |
| | | Wages and Compensation | 4/20/2007 | $ 16,788.46 |
| | | Wages and Compensation | 5/4/2007 | $ 16,788.46 |
| | | Wages and Compensation | 5/18/2007 | $ 16,788.46 |
| | | Wages and Compensation | 5/24/2007 | $ 84,283.94 |
| | | Wages and Compensation | 6/1/2007 | $ 16,788.46 |
| | | Wages and Compensation | 6/15/2007 | $ 16,788.46 |
| | | Wages and Compensation | 6/29/2007 | $ 16,788.46 |
| | | Wages and Compensation | 7/13/2007 | $ 31,788.46 |
| | | Wages and Compensation | 7/27/2007 | $ 31,788.46 |
| Patti M. Dodge | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 12,365.38 |
| | | Other Disbursements | 8/11/2006 | $ 726.92 |

In Re: New Century Warehouse Corporation                                  Case No: 07-11043

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| | | Wages and Compensation | 8/15/2006 | $ 117,188.00 |
| | | Other Disbursements | 8/15/2006 | $ 3,515.64 |
| | | Wages and Compensation | 8/25/2006 | $ 72,365.38 |
| | | Other Disbursements | 8/25/2006 | $ 726.92 |
| | | Other Disbursements | 8/25/2006 | $ 363.46 |
| | | Wages and Compensation | 8/26/2006 | $ - |
| | | Other Disbursements | 8/26/2006 | $ 1,800.00 |
| | | Wages and Compensation | 9/8/2006 | $ 12,365.38 |
| | | Other Disbursements | 9/8/2006 | $ 726.92 |
| | | Other Disbursements | 9/8/2006 | $ 363.46 |
| | | Wages and Compensation | 9/22/2006 | $ 12,365.38 |
| | | Other Disbursements | 9/22/2006 | $ 726.92 |
| | | Other Disbursements | 9/22/2006 | $ 363.46 |
| | | Wages and Compensation | 10/6/2006 | $ 12,365.38 |
| | | Other Disbursements | 10/6/2006 | $ 726.92 |
| | | Other Disbursements | 10/6/2006 | $ 363.46 |
| | | Wages and Compensation | 10/20/2006 | $ 12,365.38 |
| | | Other Disbursements | 10/20/2006 | $ 726.92 |
| | | Other Disbursements | 10/20/2006 | $ 363.46 |
| | | Wages and Compensation | 11/3/2006 | $ 12,365.38 |
| | | Other Disbursements | 11/3/2006 | $ 726.92 |
| | | Other Disbursements | 11/3/2006 | $ 363.46 |
| | | Wages and Compensation | 11/15/2006 | $ 131,119.00 |
| | | Other Disbursements | 11/15/2006 | $ 3,933.57 |
| | | Wages and Compensation | 11/17/2006 | $ 12,365.38 |
| | | Other Disbursements | 11/17/2006 | $ 726.92 |
| | | Other Disbursements | 11/17/2006 | $ 32,724.88 |
| | | Wages and Compensation | 12/1/2006 | $ 12,365.38 |
| | | Other Disbursements | 12/1/2006 | $ 726.92 |
| | | Other Disbursements | 12/1/2006 | $ 363.46 |
| | | Wages and Compensation | 12/15/2006 | $ 12,365.38 |
| | | Other Disbursements | 12/15/2006 | $ 726.92 |
| | | Other Disbursements | 12/15/2006 | $ 363.46 |
| | | Wages and Compensation | 12/29/2006 | $ 12,115.38 |
| | | Other Disbursements | 12/29/2006 | $ 726.92 |
| | | Other Disbursements | 12/29/2006 | $ 363.46 |
| | | Wages and Compensation | 1/12/2007 | $ 12,365.38 |
| | | Wages and Compensation | 1/26/2007 | $ 12,365.38 |
| | | Wages and Compensation | 1/29/2007 | $ 175,149.90 |
| | | Wages and Compensation | 2/9/2007 | $ 12,365.38 |
| | | Wages and Compensation | 2/23/2007 | $ 69,690.88 |
| | | Wages and Compensation | 3/9/2007 | $ 13,092.30 |
| | | Wages and Compensation | 3/23/2007 | $ 18,423.07 |
| | | Wages and Compensation | 4/6/2007 | $ 6,307.69 |
| | | Wages and Compensation | 4/20/2007 | $ 12,365.38 |
| | | Wages and Compensation | 5/4/2007 | $ 12,365.38 |
| | | Wages and Compensation | 5/18/2007 | $ 12,365.38 |
| | | Wages and Compensation | 6/1/2007 | $ 12,365.38 |
| | | Wages and Compensation | 6/15/2007 | $ 12,365.38 |
| | | Wages and Compensation | 6/29/2007 | $ 20,511.34 |
| Edward F. Gotschall | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 298,856.00 |
| | | Other Disbursements | 8/11/2006 | $ 1,494.28 |
| | | Wages and Compensation | 1/12/2007 | $ 488,183.58 |
| | | Wages and Compensation | 1/26/2007 | $ 34,870.25 |
| | | Wages and Compensation | 2/9/2007 | $ 34,870.25 |
| | | Wages and Compensation | 3/9/2007 | $ 34,870.25 |
| | | Wages and Compensation | 3/23/2007 | $ 69,740.50 |
| Jennifer R. Jewett | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 6,568.27 |
| | | Wages and Compensation | 8/15/2006 | $ 34,155.00 |
| | | Wages and Compensation | 8/25/2006 | $ 6,568.27 |
| | | Wages and Compensation | 9/8/2006 | $ 6,568.27 |

**In Re: New Century Warehouse Corporation**                                                    Case No: 07-11043

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| | | Wages and Compensation | 9/22/2006 | $ 6,568.27 |
| | | Wages and Compensation | 10/6/2006 | $ 6,568.27 |
| | | Wages and Compensation | 10/20/2006 | $ 6,568.27 |
| | | Wages and Compensation | 11/3/2006 | $ 6,568.27 |
| | | Wages and Compensation | 11/15/2006 | $ 23,908.50 |
| | | Wages and Compensation | 11/17/2006 | $ 6,568.27 |
| | | Wages and Compensation | 12/1/2006 | $ 6,568.27 |
| | | Wages and Compensation | 12/15/2006 | $ 6,568.27 |
| | | Wages and Compensation | 12/29/2006 | $ 6,568.27 |
| | | Wages and Compensation | 1/12/2007 | $ 6,568.27 |
| | | Wages and Compensation | 1/26/2007 | $ 6,568.27 |
| | | Wages and Compensation | 1/29/2007 | $ 25,709.10 |
| | | Wages and Compensation | 2/9/2007 | $ 6,568.27 |
| | | Wages and Compensation | 2/23/2007 | $ 6,568.27 |
| | | Wages and Compensation | 3/9/2007 | $ 5,689.32 |
| | | Wages and Compensation | 3/23/2007 | $ 5,929.05 |
| | | Wages and Compensation | 4/6/2007 | $ 5,769.23 |
| | | Wages and Compensation | 4/20/2007 | $ 5,769.23 |
| | | Wages and Compensation | 5/4/2007 | $ 5,769.23 |
| | | Wages and Compensation | 5/18/2007 | $ 5,769.23 |
| | | Wages and Compensation | 6/1/2007 | $ 5,769.23 |
| | | Wages and Compensation | 6/15/2007 | $ 5,769.23 |
| | | Wages and Compensation | 6/29/2007 | $ 13,161.06 |
| | | Wages and Compensation | 7/18/2007 | $ 9,280.00 |
| Anthony T. Meola | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 19,480.77 |
| | | Other Disbursements | 8/11/2006 | $ 288.46 |
| | | Wages and Compensation | 8/15/2006 | $ 209,375.00 |
| | | Other Disbursements | 8/15/2006 | $ 8,793.75 |
| | | Wages and Compensation | 8/25/2006 | $ 19,480.77 |
| | | Other Disbursements | 8/25/2006 | $ 288.46 |
| | | Wages and Compensation | 9/8/2006 | $ 19,480.77 |
| | | Other Disbursements | 9/8/2006 | $ 288.46 |
| | | Wages and Compensation | 9/22/2006 | $ 19,480.77 |
| | | Wages and Compensation | 10/6/2006 | $ 19,480.77 |
| | | Wages and Compensation | 10/20/2006 | $ 19,480.77 |
| | | Wages and Compensation | 11/3/2006 | $ 19,480.77 |
| | | Wages and Compensation | 11/15/2006 | $ 243,750.00 |
| | | Other Disbursements | 11/15/2006 | $ 7,312.50 |
| | | Wages and Compensation | 11/17/2006 | $ 19,480.77 |
| | | Wages and Compensation | 12/1/2006 | $ 19,480.77 |
| | | Wages and Compensation | 12/15/2006 | $ 19,480.77 |
| | | Other Disbursements | 12/15/2006 | $ 288.46 |
| | | Wages and Compensation | 12/29/2006 | $ 19,230.77 |
| | | Wages and Compensation | 1/12/2007 | $ 19,480.77 |
| | | Wages and Compensation | 1/26/2007 | $ 19,480.77 |
| | | Wages and Compensation | 2/9/2007 | $ 19,480.77 |
| | | Wages and Compensation | 2/23/2007 | $ 19,480.77 |
| | | Wages and Compensation | 3/9/2007 | $ 19,480.77 |
| | | Wages and Compensation | 3/23/2007 | $ 29,096.16 |
| | | Wages and Compensation | 4/6/2007 | $ 9,865.38 |
| | | Wages and Compensation | 4/20/2007 | $ 19,480.77 |
| | | Wages and Compensation | 5/4/2007 | $ 19,480.77 |
| | | Wages and Compensation | 5/18/2007 | $ 19,480.77 |
| | | Wages and Compensation | 6/1/2007 | $ 19,480.77 |
| | | Wages and Compensation | 6/15/2007 | $ 19,480.77 |
| | | Wages and Compensation | 6/29/2007 | $ 34,560.09 |
| | | Wages and Compensation | 7/18/2007 | $ 24,747.00 |
| Stergios Theologides | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 12,115.38 |
| | | Other Disbursements | 8/11/2006 | $ 726.92 |
| | | Other Disbursements | 8/11/2006 | $ 363.46 |
| | | Wages and Compensation | 8/15/2006 | $ 177,188.00 |

**In Re: New Century Warehouse Corporation**                                    Case No: 07-11043

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| | | Other Disbursements | 8/15/2006 | $ 8,505.02 |
| | | Other Disbursements | 8/15/2006 | $ 9,568.15 |
| | | Wages and Compensation | 8/25/2006 | $ 12,115.38 |
| | | Other Disbursements | 8/25/2006 | $ 726.92 |
| | | Other Disbursements | 8/25/2006 | $ 363.46 |
| | | Wages and Compensation | 9/8/2006 | $ 12,115.38 |
| | | Other Disbursements | 9/8/2006 | $ 726.92 |
| | | Other Disbursements | 9/8/2006 | $ 363.46 |
| | | Wages and Compensation | 9/22/2006 | $ 12,115.38 |
| | | Other Disbursements | 9/22/2006 | $ 726.92 |
| | | Other Disbursements | 9/22/2006 | $ 363.46 |
| | | Wages and Compensation | 10/6/2006 | $ 12,115.38 |
| | | Other Disbursements | 10/6/2006 | $ 726.92 |
| | | Other Disbursements | 10/6/2006 | $ 363.46 |
| | | Wages and Compensation | 10/20/2006 | $ 12,115.38 |
| | | Other Disbursements | 10/20/2006 | $ 726.92 |
| | | Other Disbursements | 10/20/2006 | $ 363.46 |
| | | Wages and Compensation | 11/3/2006 | $ 12,115.38 |
| | | Other Disbursements | 11/3/2006 | $ 726.92 |
| | | Other Disbursements | 11/3/2006 | $ 363.46 |
| | | Wages and Compensation | 11/15/2006 | $ 131,119.00 |
| | | Other Disbursements | 11/15/2006 | $ 6,293.71 |
| | | Other Disbursements | 11/15/2006 | $ 7,080.42 |
| | | Wages and Compensation | 11/17/2006 | $ 12,115.38 |
| | | Other Disbursements | 11/17/2006 | $ 726.92 |
| | | Other Disbursements | 11/17/2006 | $ 363.46 |
| | | Wages and Compensation | 12/1/2006 | $ 12,115.38 |
| | | Other Disbursements | 12/1/2006 | $ 726.92 |
| | | Other Disbursements | 12/1/2006 | $ 363.46 |
| | | Wages and Compensation | 12/15/2006 | $ 12,115.38 |
| | | Other Disbursements | 12/15/2006 | $ 726.92 |
| | | Other Disbursements | 12/15/2006 | $ 363.46 |
| | | Wages and Compensation | 12/29/2006 | $ 12,115.38 |
| | | Other Disbursements | 12/29/2006 | $ 726.92 |
| | | Other Disbursements | 12/29/2006 | $ 363.46 |
| | | Wages and Compensation | 1/12/2007 | $ 12,115.38 |
| | | Wages and Compensation | 1/26/2007 | $ 12,115.38 |
| | | Wages and Compensation | 1/29/2007 | $ 175,838.60 |
| | | Wages and Compensation | 2/9/2007 | $ 12,115.38 |
| | | Wages and Compensation | 2/23/2007 | $ 75,465.73 |
| | | Wages and Compensation | 3/9/2007 | $ 12,842.30 |
| | | Wages and Compensation | 3/23/2007 | $ 18,173.05 |
| | | Wages and Compensation | 4/6/2007 | $ 6,057.69 |
| | | Wages and Compensation | 4/20/2007 | $ 12,115.38 |
| | | Wages and Compensation | 5/4/2007 | $ 12,115.38 |
| | | Wages and Compensation | 5/18/2007 | $ 12,115.38 |
| | | Wages and Compensation | 6/1/2007 | $ 12,115.38 |
| | | Wages and Compensation | 6/15/2007 | $ 12,115.38 |
| | | Wages and Compensation | 6/29/2007 | $ 12,115.38 |
| | | Wages and Compensation | 7/13/2007 | $ 12,115.38 |
| | | Wages and Compensation | 7/18/2007 | $ 24,747.00 |
| | | Wages and Compensation | 7/27/2007 | $ 12,115.38 |
| Joseph J. Tortorelli | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 8/11/2006 | $ 4,378.85 |
| | | Other Disbursements | 8/11/2006 | $ 262.73 |
| | | Other Disbursements | 8/11/2006 | $ 254.84 |
| | | Wages and Compensation | 8/15/2006 | $ 14,231.25 |
| | | Other Disbursements | 8/15/2006 | $ 853.88 |
| | | Other Disbursements | 8/15/2006 | $ 828.26 |
| | | Wages and Compensation | 8/25/2006 | $ 4,378.85 |
| | | Other Disbursements | 8/25/2006 | $ 262.73 |
| | | Other Disbursements | 8/25/2006 | $ 254.84 |
| | | Wages and Compensation | 9/8/2006 | $ 4,378.85 |

**In Re: New Century Warehouse Corporation**                                                                 Case No: 07-11043

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| | | Other Disbursements | 9/8/2006 | $ 262.73 |
| | | Other Disbursements | 9/8/2006 | $ 254.84 |
| | | Wages and Compensation | 9/22/2006 | $ 4,378.85 |
| | | Other Disbursements | 9/22/2006 | $ 262.73 |
| | | Other Disbursements | 9/22/2006 | $ 254.84 |
| | | Wages and Compensation | 10/6/2006 | $ 4,378.85 |
| | | Other Disbursements | 10/6/2006 | $ 262.73 |
| | | Other Disbursements | 10/6/2006 | $ 254.84 |
| | | Wages and Compensation | 10/20/2006 | $ 4,378.85 |
| | | Other Disbursements | 10/20/2006 | $ 262.73 |
| | | Other Disbursements | 10/20/2006 | $ 254.84 |
| | | Wages and Compensation | 11/3/2006 | $ 4,378.85 |
| | | Other Disbursements | 11/3/2006 | $ 262.73 |
| | | Other Disbursements | 11/3/2006 | $ 254.84 |
| | | Wages and Compensation | 11/15/2006 | $ 9,961.88 |
| | | Other Disbursements | 11/15/2006 | $ 466.34 |
| | | Other Disbursements | 11/15/2006 | $ 518.03 |
| | | Wages and Compensation | 11/17/2006 | $ 4,378.85 |
| | | Other Disbursements | 11/17/2006 | $ 262.73 |
| | | Other Disbursements | 11/17/2006 | $ 254.84 |
| | | Wages and Compensation | 12/1/2006 | $ 4,378.85 |
| | | Other Disbursements | 12/1/2006 | $ 262.73 |
| | | Other Disbursements | 12/1/2006 | $ 254.84 |
| | | Wages and Compensation | 12/15/2006 | $ 4,378.85 |
| | | Other Disbursements | 12/15/2006 | $ 262.73 |
| | | Other Disbursements | 12/15/2006 | $ 254.84 |
| | | Wages and Compensation | 12/29/2006 | $ 4,378.85 |
| | | Other Disbursements | 12/29/2006 | $ 262.73 |
| | | Other Disbursements | 12/29/2006 | $ 254.84 |
| | | Wages and Compensation | 1/12/2007 | $ 4,378.85 |
| | | Wages and Compensation | 1/26/2007 | $ 4,378.85 |
| | | Wages and Compensation | 1/29/2007 | $ 5,836.20 |
| | | Wages and Compensation | 2/9/2007 | $ 4,378.85 |
| | | Wages and Compensation | 2/22/2007 | $ 7,500.00 |
| | | Wages and Compensation | 2/23/2007 | $ 4,457.67 |
| | | Wages and Compensation | 3/9/2007 | $ 6,558.14 |
| | | Wages and Compensation | 3/23/2007 | $ 4,378.85 |
| | | Wages and Compensation | 4/6/2007 | $ 4,378.85 |
| | | Wages and Compensation | 4/20/2007 | $ 4,378.85 |
| | | Wages and Compensation | 5/4/2007 | $ 4,378.85 |
| | | Wages and Compensation | 5/18/2007 | $ 4,378.85 |
| | | Wages and Compensation | 6/1/2007 | $ 4,378.85 |
| | | Wages and Compensation | 6/15/2007 | $ 4,378.85 |
| | | Wages and Compensation | 6/29/2007 | $ 4,378.85 |
| | | Wages and Compensation | 7/13/2007 | $ 4,378.85 |
| | | Wages and Compensation | 7/18/2007 | $ 7,044.00 |
| | | Wages and Compensation | 7/27/2007 | $ 5,384.62 |
| David C Fleig | 1312 Michelson Drive, 5th Floor Irvine, CA 92612 | Wages and Compensation | 2/15/2006 | $ 13,229.17 |
| | | Wages and Compensation | 2/28/2006 | $ 13,229.17 |
| | | Wages and Compensation | 3/15/2006 | $ 13,229.17 |
| | | Wages and Compensation | 3/31/2006 | $ 13,229.17 |
| | | Wages and Compensation | 4/14/2006 | $ 14,479.17 |
| | | Wages and Compensation | 4/28/2006 | $ 13,479.17 |
| | | Other Distribution | 4/28/2006 | $ 661.46 |
| | | Wages and Compensation | 5/15/2006 | $ 13,479.17 |
| | | Other Distribution | 5/15/2006 | $ 330.73 |
| | | Wages and Compensation | 5/31/2006 | $ 13,479.17 |
| | | Other Distribution | 5/31/2006 | $ 330.73 |
| | | Wages and Compensation | 6/15/2006 | $ 13,479.17 |
| | | Other Distribution | 6/15/2006 | $ 330.73 |
| | | Wages and Compensation | 6/30/2006 | $ 13,479.17 |
| | | Other Distribution | 6/30/2006 | $ 330.73 |

In Re: New Century Warehouse Corporation                                     Case No: 07-11043

| Insider Name | Address | Description | Check/Wire Date | Amount |
|---|---|---|---|---|
| | | Wages and Compensation | 7/14/2006 | $ 6,355.79 |
| | | Other Distribution | 7/14/2006 | $ 152.64 |
| | | Wages and Compensation | 7/28/2006 | $ 10,019.28 |
| | | Other Distribution | 7/28/2006 | $ 244.23 |
| | | Wages and Compensation | 8/11/2006 | $ 22,841.34 |
| | | Other Distribution | 8/11/2006 | $ 259.50 |
| | | Wages and Compensation | 8/25/2006 | $ 16,735.54 |
| | | Other Distribution | 8/25/2006 | $ 412.14 |
| | | Wages and Compensation | 9/8/2006 | $ 12,461.54 |
| | | Other Distribution | 9/8/2006 | $ 305.29 |
| | | Wages and Compensation | 9/22/2006 | $ 12,461.54 |
| | | Other Distribution | 9/22/2006 | $ 305.29 |
| | | Wages and Compensation | 10/6/2006 | $ 12,461.54 |
| | | Other Distribution | 10/6/2006 | $ 305.29 |
| | | Wages and Compensation | 10/20/2006 | $ 12,461.54 |
| | | Other Distribution | 10/20/2006 | $ 305.29 |
| | | Wages and Compensation | 11/3/2006 | $ 12,461.54 |
| | | Other Distribution | 11/3/2006 | $ 305.29 |
| | | Wages and Compensation | 11/17/2006 | $ 12,461.54 |
| | | Other Distribution | 11/17/2006 | $ 305.29 |
| | | Wages and Compensation | 12/1/2006 | $ 12,461.54 |
| | | Other Distribution | 12/1/2006 | $ 305.29 |
| | | Wages and Compensation | 12/15/2006 | $ 2,442.26 |
| | | Other Distribution | 12/15/2006 | $ 61.06 |
| | | Wages and Compensation | 12/29/2006 | $ 12,211.54 |
| | | Other Distribution | 12/29/2006 | $ 366.34 |
| | | Wages and Compensation | 1/12/2007 | $ 12,461.54 |
| | | Other Distribution | 1/12/2007 | $ 366.34 |
| | | Wages and Compensation | 1/26/2007 | $ 12,461.54 |
| | | Other Distribution | 1/26/2007 | $ 366.34 |
| | | Wages and Compensation | 1/29/2007 | $ 75,139.30 |
| | | Wages and Compensation | 2/9/2007 | $ 12,461.54 |
| | | Other Distribution | 2/9/2007 | $ 366.34 |
| | | Wages and Compensation | 2/22/2007 | $ 145,325.00 |
| | | Other Distribution | 2/22/2007 | $ 4,359.75 |
| | | Wages and Compensation | 2/23/2007 | $ 12,461.54 |
| | | Other Distribution | 2/23/2007 | $ 366.34 |
| | | Wages and Compensation | 3/9/2007 | $ 12,461.54 |
| | | Other Distribution | 3/9/2007 | $ 366.34 |
| | | Wages and Compensation | 3/23/2007 | $ 18,567.31 |
| | | Other Distribution | 3/23/2007 | $ 244.23 |
| | | Wages and Compensation | 4/6/2007 | $ 6,355.77 |
| | | Other Distribution | 4/6/2007 | $ 152.64 |
| | | Wages and Compensation | 4/20/2007 | $ 12,461.54 |
| | | Other Distribution | 4/20/2007 | $ 305.29 |

SOFA EXHIBIT 10A

In Re: New Century Warehouse Corporation                    Case No: 07-11043

<u>Exhibit 10a</u>

<u>Personal Property</u>

<u>Equipment</u>

Dell Dimension 4600 - Accounting
Dell PowerEdge 2600 - WLS Server
UPS Power Supply/Backup Tapes
WLS Conversion Costs
WLS Conversion Costs
MAS 200 -Ascent Bus Solutions
MAS 200 -Ascent Bus Solutions
HP 3300 Scanner Printer (1)
HP 4250TN Printers (2)
HP 4250TN Printer (1) Dallas
Ascent - MAS 200 Modifications
14 New Dell Dimension 3000 & 1 Dell Inspiron 1150, Partial Pmt
Ascent - MICR Check Printing Solution
Card Scan Equipment
14 New Dell Dimension 3000 & 1 Dell Inspiron 1150, Final Pmt
Ascent - MAS 200 A/R Module
ACT! Contact Mgmt Initial Payment
DataVox - Phone System Installment Pmt
DataVox - Phone System Installment Pmt
Act! Contact Mgmt Final Payment
Dell Laptop Mack Mackenzie
DataVox - Phone System Final Installment
DataVox - Cordless Headset
Dell Power Edge 2800 (2)
MS-Exchange Software, Smart UPS
Act! Contact Mgmt Add'l License
Provantage Server Fax Software
Two Point Messenger 8 Network Fax
Dell Laptop Inspirion Media Center
DataVox - 3 Data Vox Phones
3 HP Desktop DC5100
2 IBM ThinkPad T43 2668
Verizon Wireless - 2 Trio Phones
Printer/Fax/Scanner (PMcDade Office)
HP Inkjet Tricolor HP95 (KFarwell Office)
Verizon Wireless - 1 Trio Phone (Amex)
Ascent - MAS Upgrade V4.10
GFI - Spam User Upgrade
NCEN KST Data - SS Laptop
NCEN KST Data - PM Laptop
NCEN KST Data - KF Laptop

In Re: New Century Warehouse Corporation                    Case No: 07-11043

GFI Spam 1yr Renewal
Shareit Ticket System Users
Shareit Ticket System Upgrade Users
Officemax Label Printer
Verizon Wireless - 1 Trio Phone (Sally Shaver)
Symantec V11D Backup System
SHI Symantec V10.1 Year Renewal Anti Virus
HP DL360 G3 Server – ALC Web
HP DL 360 G3 Server – ALC Proxy
HP DL 360 G4p Server – AL ACT
Sonic Wall Pro 3060
Cisco Router 1700 Series – ALC Router 1
Cisco Router 1700 Series – ALC Router 2
APC Power Distribution unit – 106-1
APC Power Distribution unit – 106-2
APC Power Distribution unit – 106-3
Catalyst 2950 Series switches – Internal 1
Catalyst 2950 Series switches – Internal 2
Cisco Secure PIX 525 series firewall – Primary
Cisco Secure PIX 525 series firewall – Secondary
Belkins Pro 2 series switch
HP full height server rack


Furniture and Fixtures

2 Fireproof File Cabinets
Display Board for Conf Room
Executive Art Work
Executive Art Work
Fast Signs-Trade Show Display
DF Office Chair
Shredder Executive Offices
Executive Art Work
Fire Proof (1/2 Cost)
Glass Furniture Top - Various Furniture
Training Room Furniture -Tables, Chairs
Fire Proof (1/2 Cost)
Modular Desk (Office Depot - Credit Dept)
Lateral File (R. Wood Office)
Desk (R. Wood Office)
Desk LH Return (R. Wood Office)
Executive Chair (R. Wood Office)
Guest Chair (2) (R. Wood Office)
2 Drawer File -Amex Office Depot (Credit Dept)
Desk, Credenza (S. Shaver Office)
File Combo (S. Shaver Office)

In Re: New Century Warehouse Corporation                    Case No: 07-11043

Executive Chair (S. Shaver Office)
Guest Chair (2) (S. Shaver Office)
File Cabinets in File Room - 14
Office desk/credenza/chair combo – 10 offices
War Room desk
War Room chairs
Modular desk and chairs – 15 spots

<u>Leasehold Improvements</u>

Mohledesign Inc - Design Work New Lease
Mohledesign Inc - Design Work New Lease
NNN Sugar Creek - Electrical Work New Lease
Mohledesign Inc - Schematic Phase
Mohledesign Inc - Contract Documents
EBE, Inc - Construction
Mohledesign Inc - Inv#2408001-1
Mohledesign Inc - Inv#2408000-7
Mohledesign Inc - Inv#2408000-8
Mohledesign Inc - Inv#2408001-2
NNN Sugar Creek - Tenet Pay Buildout
EBE Construction
Mohledesign Inc - Inv#2408000-9
Mohledesign Inc - Inv#2408000-10
EBE Construction
General Cabling & Security - Wire Suite 200
Mohledesign Inc - Inv#2408000-11
Mohledesign Inc - Inv#2408002-1
General Cabling & Security - Wire Suite 200
General Cabling & Security - Wire Suite 200
Mohledesign Inc - Inv#25111-00-1
General Cabling & Security - Final Pmt
Audio/Visual Equipment & Installation 70% Pmt
Dish Network Equipment & Installation
Mohledesign Inc - Inv#2511100
Audio/Visual Equipment & Installation 30% Final Pmt
NNN Sugar Creek - Buildout Change Order
General Cabling & Security - Remote Setup Conf Room
Fastsigns - Logo Front Entrance
Fastsigns - Logo Front Entrance
Fastsigns - Logo Front Entrance
Fastsigns - Logo Front Entrance

In re:   New Century Warehouse Corporation                                          Case No.    07-11043
                    Debtor

### Declaration Under Penalty of Perjury
### On Behalf of a Corporation or Partnership

I, Michael G. Tinsley, Chief Financial Officer of New Century Warehouse

Corporation, named as the debtor in this case, declare under penalty of perjury that I

have read the answers contained in the foregoing Statement of Financial Affairs and any

attachments thereto and that they are true and correct to the best of my knowledge,

information, and belief.


Date:    September 17, 2007                        _/s/ Michael G. Tinsley_____
                                                                    Michael G. Tinsley
                                                                    Chief Financial Officer