**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |

**NOTICE OF COMMENCEMENT OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS AND FIXING OF CERTAIN DATES**

On August 3, 2007, New Century Warehouse Corporation, a California corporation, one of the above captioned debtors and debtors-in-possession, (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (the "Bankruptcy Code"). The Debtor, and its address, case number, and federal tax identification number are as follows:

| DEBTOR (Other names, if any, used by the Debtor in the last six years) | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| New Century Warehouse Corporation (d/b/a Access Lending) | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-11043 (KJC) | 13-4268706 |

<u>DATE, TIME AND LOCATION OF MEETING OF CREDITORS</u>. In accordance with section 341 of the Bankruptcy Code, a meeting of the Debtor's creditors will be conducted on **October 10, 2007 at 10:00 a.m. (Eastern Time) at the J. Caleb Boggs Federal Building, 844 King Street, 5th Floor, Room 5209, Wilmington, Delaware 19801**.

<u>DEADLINE TO FILE A PROOF OF CLAIM</u>. Notice of a deadline will be sent to known creditors at a later date.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3202704-1

NAME, ADDRESS AND TELEPHONE NUMBER OF TRUSTEE.

Joseph J. McMahon, Jr.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, Delaware 19899
(302) 573-6491

COUNSEL FOR THE DEBTORS.

| | |
|---|---|
| Suzzanne S. Uhland | Mark D. Collins |
| Ben H. Logan | Michael J. Merchant |
| Emily R. Culler | Christopher M. Samis |
| O'MELVENY & MYERS LLP | RICHARDS, LAYTON & FINGER, P.A. |
| 275 Battery Street | One Rodney Square |
| San Francisco, California 94111 | 920 North King Street |
| (415) 984-8700 | Wilmington, Delaware 19801 |
| | (302) 651-7700 |

COMMENCEMENT OF CASES. Petitions for reorganization under chapter 11 of the Bankruptcy Code have been filed in this Court by the Debtor, and orders for relief have been entered. You will not receive notice of all documents filed in this case. All documents filed with the Court, including lists of the Debtor's property and debts, will be available for inspection at the office of the clerk of the Bankruptcy Court. In addition, such documents may be available at www.deb.uscourts.gov.

PURPOSE OF CHAPTER 11 FILING. Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors will be given notice concerning any plan, or in the event the cases are dismissed or converted to another chapter of the Bankruptcy Code. The Debtor will remain in possession of its property and will continue to operate its business unless a trustee is appointed.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and seek legal advice. The staff of the Clerk of the Bankruptcy Court is not permitted to give legal advice.

MEETING OF CREDITORS. The Debtor's representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtor's representative and transact such other

2

business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM. Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately. **Separate notice of the deadlines to file proofs of claim and proof of claim forms will be provided to the Debtor's known creditors.** Proof of claim forms also are available in the clerk's office of any bankruptcy court. Proof of claim forms also are available from the Court's web site at www.deb.uscourts.gov.

DISCHARGE OF DEBTS. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan.

Dated: September 19, 2007

For the Court:        /s/ David D. Bird
             Clerk of the Bankruptcy Court