IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

### SUPPLEMENTAL DECLARATION OF BARRY BARNETT IN SUPPORT OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SUSMAN GODFREY L.L.P. AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(e), 328, 329, AND 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014, 2016, AND 5002.

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Barry Barnett, being duly sworn, deposes and says:

1. My name is Barry Barnett. I am over 21 years of age and am in all respects competent to make this declaration. Unless specifically indicated otherwise I have personal knowledge of the matters set forth in this declaration, and the factual matters set forth below are true and correct.

2. I provide this supplemental declaration on behalf of Susman Godfrey L.L.P. ("SG") in support of the application (the "Application") of New Century TRS Holdings, Inc.,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

796715v1/006313

and its co-debtor affiliates in these cases (the "Debtors" or the "Company") for an order authorizing the retention and employment of SG as special litigation counsel to the Debtors *nun pro tunc* to the petition date pursuant to Sections 327(e), 328, 329, and 504 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rules 2014, 2016, and 5002, authorizing the Debtors to retain and employ SG to provide services *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Application. Unless otherwise defined, all capitalized terms used in this declaration have the meanings given to them in the Application and in my original affidavit in support of the Application.

3. This declaration supplements, and unless stated otherwise does not amend or replace, my original affidavit that the Debtors submitted with their application.

4. Except as otherwise indicated, I base the facts set forth in this declaration upon my personal knowledge, information, and belief; information that other SG employees supplied to me in the regular course and scope of their employment; information learned from client-matter records kept in the ordinary course of business that SG employees reviewed under my supervision and direction; and my experience from working on matters similar to this engagement.

### Supplemental Disclosure of Unrelated Matters

5. The United States Trustee has asked SG to provide additional information regarding the Application. In particular, she has requested SG to supplement my original affidavit to include information on all representations in which SG either represented a New Century creditor or represented a party adverse to a New Century creditor over the last five years. The following lists include both matters that closed within the five year period ending on the Petition Date and current matters. In addition, if a matter closed since the Petition Date, I listed it as well.

6. SG has represented the following unsecured creditors in matters unrelated to the Debtors or these proceedings:

- **Affiliated Computer Services.** SG has represented Affiliated Computer Services in several unrelated matters. SG concluded these representations in May 2005.

- **HSBC Bank USA, N.A.** SG represented HSBC Bank USA, N.A. in an unrelated matter. SG concluded this representation around December 2005.

7. SG has represented parties adverse to the following secured and unsecured creditors in matters unrelated to the debtors or these proceedings. This list includes all matters that:

- **Bank of America, N.A.** SG represented Jerry and Shelley Walls in an unrelated matter against Bank of America, N.A.[2] SG concluded this representation around November 2005.

    SG has represented Enron Corporation in two unrelated matters against Bank of America, N.A. The first representation concluded around August 2003. The second representation concluded around June 2007.

    SG represented Recreational Equipment, Inc., in an unrelated matter against Bank of America, N.A. SG concluded this representation around May 2004.

    SG represented Bombardier Aerospace Employee Welfare Benefits Plan in an unrelated matter against Bank of America, N.A.. SG concluded this representation around October 2004.

    SG represented Enterprise Products Company in an unrelated matter against Bank of America, N.A. SG concluded this representation around March 2005.

    SG represents John Gardiner in an unrelated matter against Bank of America, N.A. The matter is still open. It is styled *de Abreu, et al. v. Bank of America Corp., et al.*, No. 06-CV-673 (LCM), in the United States District Court for the Southern District of New York.

- **Barclays Bank, PLC.** SG represented Enron Corporation against Barclays in the unrelated matter that concluded around June 2007.

- **Countrywide Home Loans, Inc.** SG represented J. Lynwood Walker in an unrelated matter against Countrywide Home Loans, Inc. SG concluded this representation around January 2003.

---

2   I am using the term "against" to mean adverse to the named creditor, not necessarily that the SG client was the plaintiff or the defendant.

796715v1/006313                                3

- **Deutsche Bank.** SG represented Jerry and Shelley Walls in an unrelated matter against Deutsche Bank.[3] SG concluded this representation around November 2005.

  SG represented an entity known as the Global Franchise Trust in an unrelated matter against Deutsche Bank. SG concluded this representation around October 2005.

- SG represented Enron Corporation against Deutsche Bank in the unrelated matter that concluded around June 2007.

- **Fiserv CCS.** SG represented Perry Cohan in an unrelated matter against Fiserv. SG concluded this representation around September 2005.

- **Goldman Sachs Mortgage Co.** SG represented Marsh at Belmeade Partners, L.P. in an unrelated matter against Goldman Sachs Mortgage Co. SG concluded this representation around January 2003.

- **JP Morgan Chase Bank, N.A.** SG represented Tejas Securities Group, Inc. 401(k) Plan in an unrelated matter against JP Morgan Chase Bank, N.A. SG concluded this representation around September 2005.

- **PricewaterhouseCoopers LLP.** SG has represented Enron Corporation in an unrelated matter against Pricewaterhouse Coopers L.L.P. SG concluded this representation around December 2006.

  SG represents Metropolitan Mortgage & Securities Co., Inc. and Summit Securities Inc. in an unrelated matter against Pricewaterhouse Coopers LLP. The action is styled *Metropolitan Mortgage & Securities Co. Inc. et. al. v. Pricewaterhouse Coopers L.L.P.*, No. 2:05-cv-00290-FVS, in the United States District Court for the Eastern District of Washington.

- **Residential Funding Corporation.** SG represented several clients in an unrelated matter against Residential Funding Corporation. SG concluded this representation around January 2003.

- **Sprint** SG represents a class of plaintiffs in a pending unrelated matter against Sprint. The action is styled *In re Universal Service Fund Telephone Billing Practices Litigation*, MDL Docket No. 1468, in the United States District Court for the District of Kansas.

  SG represented Clayton Miller in an unrelated class action against Sprint. SG concluded this representation around January 2006.

  SG represents Immersion Entertainment, LLC in an unrelated matter against Sprint Nextel Corporation. The action is styled *Immersion Entertainment, LLC v. National Association for Stock Car Automobile Racing, Inc., et al.*, No. 6:07cv76, in the United States District Court for the Eastern District of Texas, Tyler Division.

---

[3]  As noted above, Bank of America, N.A., was also an adverse party in the Walls matter.

- **U.S. Bank N.A.** SG represented Enron Corporation in an unrelated matter against U.S. Bank N.A. SG concluded that representation around November 2002.
- **USB Real Estate Securities Inc.** SG represented Orix Capital Markets LLC in an unrelated matter against USB Warburg Real Estate Securities. SG concluded that representation around January 2005.

8.  As I stated in my original affidavit, I know of no relationship between SG and any person or entity (including the secured and unsecured creditors listed above), their attorneys, or their accountants that would be adverse to the Debtors or their estates.

### Developments in the Texas Litigation

9.  On July 24, 2007, in the Texas Litigation, Positive Software served Ophelia Camiña and Susman Godfrey L.L.P. with document subpoenas. Three days later, Positive Software served me with an additional document subpoena. The discovery requests pertained to Positive Software's ongoing attempts to vacate the arbitration award and its desire to relitigate the claims and defenses in the underlying arbitration. In addition, these subpoenas sought information subject to claims of privilege.

10. On August 2, 2007, we served Positive Software with objections to the subpoenas served on Susman Godfrey L.L.P., Ophelia Camiña, and me (collectively "SG"). One of our objections was that the subpoenas violated the automatic bankruptcy stay. The subpoenas were objectionable on many other grounds as well. I have attached, as Exhibits 1, 2, and 3, true and correct copies of these objections.

11. On August 20, 2007, Positive Software filed what purported to be a new Complaint in the United States District Court for the Northern District of Texas, Dallas Division. I have attached a copy of the Complaint as Exhibit 4. In the Complaint, Positive Software and Edward Mandel (its CEO) sued Frank Nese, Jeff Lemieux, and SG. Their claims purport to arise out of alleged actions that each of the Defendants took on behalf of the New Century Defendants

in the Texas Litigation. Indeed, the allegations essentially rehash Positive Software's contentions in its Motion for Leave to File Second Amended Motion to Vacate.

12. On August 24, 2007, the Debtors filed a motion for further sanctions against Positive Software in this Court. The motion contends that the filing of the Complaint further violates the automatic bankruptcy stay in various respects. The Court heard argument regarding the motion on September 11, 2007 and took it under advisement pending efforts to negotiate a stipulation that would prevent prejudice to the Debtors from the "new" lawsuit.

13. In my professional opinion, Positive's filing of the "new" lawsuit does not create or lead to any conflict of interest between SG and any of the Debtors. Nor do I believe that the filing of the lawsuit will result in SG's holding any interest adverse to the Debtors. I am informed, and therefore believe, that both the Debtors and the United States Trustee agree.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2007.

*Barry Barnett*
Barry Barnett