THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | Re: Docket No. 516 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ICP CONSULTING LLC AS SPECIAL ASSET VALUATION AND LIQUIDATION ADVISORS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Application of the Debtors and Debtors in Possession for Order Authorizing the Retention and Employment of ICP Consulting LLC ("ICP") as Special Asset Valuation and Liquidation Advisors to the Debtors *Nunc Pro Tunc* to the Petition Date Pursuant to Section 327(a) of the Bankruptcy Code (the "Application"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); and the Court having reviewed the Application and all responses and objections thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) notice of this Application was

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

sufficient under the circumstances; and the Court having considered the Affidavit of Thomas Priore (the "Priore Affidavit"); and the Court having determined that the legal and factual bases set forth in the Application and the Priore Affidavit establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as modified herein.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are authorized to retain and employ ICP as special asset valuation and liquidation advisors upon the terms and conditions set forth in the Application effective *nunc pro tunc* to the Petition Date, provided, however, pursuant to an agreement with the Official Committee of Unsecured Creditors, ICP's total compensation shall consist of a single $200,000.00 payment.

4. The section of the April 26, 2007 engagement letter between ICP and the Debtors appended to the Application as Exhibit A (the "Engagement Agreement") titled "Limitation of Liability" is deleted in its entirety and shall have no further force or effect.

5. The first paragraph of the section of the Engagement Agreement titled "Risk Allocation" is deleted in its entirety and shall have no further force or effect.

6. The following proviso/sentence in the last paragraph of the section of the Engagement Agreement titled "Risk Allocation" is deleted in its entirety and shall have no further force or effect:

> ". . . and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, damages, claims, damages liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement. No

person found liable for fraudulent misrepresentation shall be entitled to contribution hereunder from any person who is not also found liable for such fraudulent misrepresentation."

7. The indemnity obligation contained in the "Risk Allocation" section of the Engagement Agreement is modified by the following:

(i.) ICP shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services which ICP is authorized to provide under the Application, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(ii.) The Debtors shall have no obligation to indemnify ICP, or provide contribution or reimbursement to ICP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from ICP's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to ICP's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which ICP should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(iii.) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, ICP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, ICP must file an application therefore in this Court, and the Debtors may not pay any such amounts to ICP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by ICP for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify ICP. All parties in interest shall retain the right to object to any demand by ICP for indemnification, contribution or reimbursement; and it is further

3

8.     Notwithstanding anything in the Application or the Engagement Agreement to the contrary, including the "Compensation" section of the Engagement Agreement and the Schedules appended to the Engagement Agreement, ICP shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court. The sentence in the "Compensation" section of the Engagement Agreement providing that, "[o]nce paid, the fees will not be refundable" is deleted in its entirety and shall have no further force or effect.

9.     ICP shall be granted a limited waiver of the information requirements set forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h) to keep time records in ½-hour increments.

10.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: September 21, 2007
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE