IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Docket No. 641 |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY
CODE AUTHORIZING EMPLOYMEN20,T OF IRELL & MANELLA LLP, AS SPECIAL
LITIGATION, EMPLOYEE BENEFITS AND INSURANCE COUNSEL
TO THE DEBTORS NUNC PRO TUNC AS OF APRIL 20, 2007**

Upon review and consideration of the "Application For Order Pursuant To Section 327(e) Of The Bankruptcy Code Authorizing Employment Of Irell & Manella LLP, As Special Litigation, Employee Benefits and Insurance Counsel To The Debtors *Nunc Pro Tunc* to April 20, 2007" (the "Application") filed by New Century TRS Holdings, Inc., et al., the debtors and debtors in possession herein (the "Debtors"), seeking entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of Irell & Manella LLP ("I&M") as special litigation, employee benefits and insurance counsel to the Debtors, consistent with the terms of the retainer agreement by and between the Debtors and I&M (the "Retainer Agreement"), substantially in the form

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

annexed to the Application as <u>Exhibit C</u>; and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") having filed an objection [Docket No. 1215] (the "<u>Objection</u>") to the Application; and the Debtors, the Committee and I&M having resolved both the Objection and issues raised informally by the U.S. Trustee in accordance with the terms set forth herein; and upon consideration of the Application and the Court being satisfied that I&M represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, and that the employment of I&M is necessary and in the best interests of the Debtors and their estates; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is Granted as modified herein; and it is further

ORDERED that, in accordance with section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain I&M as special litigation, employee benefits and insurance counsel upon the terms and conditions set forth in the Application and the Retainer Agreement as further modified by this Order, effective as of April 20, 2007 through June 27, 2007 (the "Employment Period"); and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, I&M's services shall be limited to the following three categories of services: (i) the WARN Class Action; (ii) employee benefit matters, including issues relating to the wind-down of the Debtors' benefit plans and their COBRA obligations; and (iii) insurance matters; and it is further

ORDERED that, notwithstanding anything in the Application, the Retainer Agreement or this Order to the contrary, the services to be provided by I&M in connection with these chapter 11 cases have been completed and I&M shall not provide any additional services to the Debtors absent further order of the Court upon application; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, the Debtors are not waiving any objections to (i) undisclosed connections which I&M had with an Interested Party during the Employment Period; or (ii) connections which I&M may have had with parties in interest during the Employment Period that have not been disclosed, and I&M remains obligated to disclose connections with parties in interest under Federal Rule of Bankruptcy Procedure 2014 to the extent required by applicable law; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, including the provisions of paragraphs 1 and 2 of the Standard Terms appended to the Retainer Agreement, I&M shall be compensated in accordance with the information requirements and procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the Administrative Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 389], the terms and conditions set forth in the Retainer Agreement (subject to the Bankruptcy Code, the Bankruptcy Rules and any orders issued by this Court) and any other such informational requirements and procedures as may be fixed by the Court; and it is further

ORDERED that, given that I&M's representation of the Debtors has concluded, I&M is not precluded as a result of its representation of the Debtors in these bankruptcy cases from representation of parties adverse to the Debtors or their bankruptcy estates, as long as such matters are not the same or substantially related to the scope of employment described in the Application and I&M's representation of such parties did not commence until after its representation of the Debtors had concluded; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, including the provisions of paragraph 22 of the Standard Terms appended to the

3

RLF1-3202949-1

Retainer Agreement, this Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order, including issues arising from or related to I&M's employment and compensation in the above-captioned cases.

Dated: September 21, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE