## NOTICE, ACKNOWLEDGMENT AND AGREEMENT

Re: Master Security Agreement dated as of February 18, 2004 (the "Security Agreement"), by and between General Electric Capital Corporation ("Secured Party") and New Century Mortgage Corporation and New Century Financial Corporation ("Borrower").

You are hereby notified that Secured Party has sold, assigned and transferred to Charter One Vendor Finance, LLC ("Assignee"), whose offices are at 2300 Cabot Drive, Suite 355, Lisle, Illinois 60532, all right, title and interest of Secured Party in and to that certain Collateral Schedule No. 4 and the related Promissory Note dated July 9, 2004, in the original principal amount of $5,012,880.38 executed pursuant to the Security Agreement (collectively, the "Assigned Note"), and has assigned to Assignee the security interest granted by Borrower with respect to the collateral described on Collateral Schedule No. 4 (the "Collateral") and (solely to the extent related to the Assigned Note and the Collateral) the Security Agreement and the related certificates and agreements executed in connection therewith (collectively, the "Loan Documents"). From and after the date of this notice, all payments now or hereafter becoming due pursuant to the Assigned Note or pursuant to the Loan Documents shall be paid directly to Assignor as fiscal agent of Assignee, unless and until Borrower is notified by Assignee of the termination of the fiscal agency (whereupon Borrower shall pay Assignee as Assignee shall direct).

By execution below, Borrower acknowledges receipt of this notice and confirms and agrees to the following:

1. The Loan Documents have been duly authorized, executed and delivered by Borrower; constitute the legal, valid and binding obligations of Borrower, enforceable against Borrower in accordance with the terms thereof; are in full force and effect on the date of execution of this notice by Borrower; are free from all defenses, set-offs and counterclaims; and no Event of Default or event which, with the passage of time or the giving of notice, or both, would constitute an Event of Default under the Loan Documents has occurred.

2. There are no modifications, amendments or supplements to the Loan Documents which relate to the Assigned Note; and any future modification, termination, amendment or supplement to the Loan Documents which relates to the Assigned Note, or settlement of amounts due thereunder which relates to the Assigned Note, shall be ineffective without Assignee's prior written consent.

3. There has been no prepayment with respect to the Assigned Note.

4. Borrower acknowledges and agrees that (i) except for Secured Party acting as fiscal agent for billing and collecting, Borrower will deal exclusively with respect to the Assigned Note with Assignee, and Borrower will deliver all notices and other communications given or made by Borrower with respect to the Loan Documents to Assignee at the address listed above, (ii) if Assignee notifies Borrower of the termination of

Secured Party's fiscal agency, Borrower will deliver all payments made by Borrower to Assignee at the address listed above, (iii) so far as enforcement of the Assigned Note is concerned, notwithstanding the existence of other promissory notes issued under the Loan Documents, the Assigned Note is separate and severable and Assignee may take enforcement action independently of other financing parties having an interest in the Loan Documents and other promissory notes not included in the Assigned Note, (iv) the Collateral secures the obligations of Borrower pursuant to the Assigned Note separately, and Assignee may exercise all rights and remedies available to it with respect to the Collateral independently of other parties having an interest in the Security Agreement and in other collateral schedules and/or promissory notes not included in the Assigned Note, and (v) Borrower will execute such other instruments and take such actions as Assignee reasonably may require to further confirm the sale, assignment and transfer by Secured Party to Assignee.

5. Borrower has not received notice of a prior sale, transfer, assignment, hypothecation or pledge of the Assigned Note or the Collateral.

6. All representations and duties of Secured Party intended to induce Borrower to enter into the Loan Documents, whether required by the Loan Documents or otherwise, have been fulfilled and the original principal amount of the Assigned Note has been advanced to Borrower.

7. All representations and warranties of the Borrower under any Loan Document are true and correct on and as of the date hereof.

Date: July 9, 2004

GENERAL ELECTRIC CAPITAL CORPORATION
Secured Party

By: _____
Name: Daniel W. Cochran
Title: Transaction & Syndication Manager

CHARTER ONE VENDOR FINANCE, LLC
Assignee

By: _____
Name: James E McLean
Title: SVP

ACKNOWLEDGED AND AGREED:

NEW CENTURY MORTGAGE CORPORATION
Borrower

By: _____
Name: PATTI M. DODGE
Title: EVP / CFO

NEW CENTURY FINANCIAL CORPORATION
Borrower

By: _____
Name: PATTI M. DODGE
Title: EVP / CFO



September 24, 2004

New Century Mortgage Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612

New Century REIT, Inc.

New Century Financial Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612

Re: REIT

Dear Sir or Madam:

Charter One Vendor Finance, LLC ("**Secured Party**") and New Century Mortgage Corporation and New Century Financial Corporation (individually and collectively referred to as "**Debtor**"), are parties to that certain Master Security Agreement dated as of February 18, 2004 (as amended from time to time, together with all agreements, instruments and documents executed in connection therewith being collectively, the "**Agreement**"). Capitalized terms used but not defined herein shall have the meanings given in the Agreement.

Debtor has delivered certain information, including but not limited to its Proxy Statement dated as of August 13, 2004 (the "**REIT Documents**"), which describe, among other things, the process by which New Century Financial Corporation, will become a wholly-owned REIT subsidiary of New Century REIT, Inc. a Maryland corporation (collectively, the "**REIT Transaction**").

You have asked for Secured Party's consent to the REIT Transaction. Secured Party hereby so consents to the REIT Transaction, subject to the following express conditions and qualifications: (i) that the information in the REIT Documents is true and correct, to the effect that, among other things, after giving effect to the REIT Transaction, New Century Financial Corporation will survive as an entity, and therefore, the REIT Transaction will not limit in any manner its obligations under the Agreement, and (ii) that New Century REIT, Inc., a Maryland corporation, shall become a co-debtor under the Agreement, and execute such other and further documents as Secured Party shall deem necessary to effectuate the foregoing. In addition, in connection with the REIT Transaction, the REIT Documents indicate that (a) New Century Financial Corporation will change its name to "New Century TRS Holdings, Inc.", and then (b) New Century REIT, Inc. will change its name to "New Century Financial Corporation".

This consent applies only to the matters addressed herein and is not intended to apply to any other situation. This waiver is also expressly conditioned upon the accuracy of the REIT Documents and related information submitted by Debtor, which by its signature below, it reaffirms to Secured Party. To the extent of any inaccuracy of such information, Secured Party reserves all of its rights and remedies, including but not limited to rescission of this letter.

Each addressee hereof agrees that it shall execute and deliver to Secured Party such documents and instruments (including, without limitation, amendments pursuant to the Uniform Commercial Code) and do such other acts and things, as Secured Party may at any time reasonably request, for the purpose of further effecting the terms hereof.

Debtor acknowledges that there are no existing claims, defenses (personal or otherwise) or rights of setoff or recoupment whatsoever with respect to the Agreement, the other Debt Documents or any of the other agreements relating thereto. All terms and conditions of the Agreement, the other Debt Documents and the other agreements relating thereto are hereby ratified and reaffirmed and shall remain in full force and effect. Secured Party reserves all of its rights and remedies under applicable law and under the Agreement and the other Debt Documents.

Secured Party shall have no obligations hereunder unless and until each addressee hereof has fully executed and returned this letter to Secured Party.

Sincerely,

Charter One Vendor Finance, LLC

By: *[signature]*
Title: SVP

## ACCEPTED AND AGREED TO BY:

New Century Mortgage Corporation

By: _____
Name: _____
Title: _____
Date: _____

New Century Financial Corporation

By: _____
Name: _____
Title: _____
Date: _____

New Century REIT, Inc.

By: _____
Name: _____
Title: _____
Date: _____