IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Bankruptcy Case No. 07-10416 (KJC)

WITHIN THE ADMIRALTY

Chapter 11

In re:

| | |
|---|---|
| New Century Mortgage Corporation | Bankruptcy Case No. 07-10416 (KJC)<br>07-10419 (KJC)<br>Chapter: 11 |
| | ADV. PRO. NO _____ |
| Debtors | |
| Gary-Forrest: Edwards,<br>-Private Bond #RB166327876US | |
| Plaintiff/Petitioner/Libellant/Suitor | |
| vs. | |
| NEW CENTURY MORTGAGE CORP. | |
| CIRCUIT COURT FOR THE 8TH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS, CIRCUIT CASE NO. .06CH37, including all Orders, Bonds and record of the case, | |
| RHONDA PEEK | |
| CODILIS AND ASSOCIATES, P.C. | |
| WAYNE YOUELL | |
| Debtor/Defendant/Respondents/Libellees | |

**PETITION FOR VACATING A VOID JUDGMENT, UNJUST ENRICHMENT, FRAUDULENT TRANSFER, BREACH OF FIDUCIARY DUTY, TRESSPASS, CIVIL RICO, CANCELLATION OF INSTRUMENTS QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**

ADVERSARIAL PETITION – Chapter 11 CASE NO. 07-10416 (KJC)

1.

COMES NOW Gary-Forrest: Edwards:

Gary-Forrest: Edwards, in his individual capacity, provides this **PETITION FOR VACATING A VOID JUDGMENT, UNJUST ENRICHMENT, BREACH OF FIDUCIARY DUTY, TRESSPASS, CIVIL RICO, CANCELLATION OF INSTRUMENTS, QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES PURSUANT TO 11 U.S.C. §523, 11 U.S.C. §727(a) AND 11 U.S.C. § 707(b).**

In support of this Petition, the Plaintiff states and avers as follows:

### JURISDICTION

On September 17, 2007, the Plaintiff Gary-Forrest: Edwards filed an voluntary petition pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Petition was assigned case number 07-10416 KJC.

This proceeding is brought pursuant to 11 U.S.C. §523(a) (4), §523(a) (6), §727(a) and §707(b). This matter arises in the bankruptcy case of New Century Mortgage Corporation, ("Debtor"), under 11 U.S.C. § 727, 11 U.S.C. § 707(b) and Fed.R.Bankr.P. 4004.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 1409 as well as Federal Rule of Bankruptcy Procedure 7001, and 11 U.S.C. §523. The United States District Court for the District of Delaware has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. § 1334 because this matter arises in and is related to a case filed under title 11, United States Code.

**This is a core proceeding.** This matter at bar is a core matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 because it is an objection to a discharge of debtor.

### STANDING

Plaintiff, as a secured party creditor of Debtor/Defendants, has standing to bring this complaint pursuant to 11 U.S.C. § 727(c) (1) and 727(c) (2).

### VENUE

Venue of this matter is proper, pursuant to 28 U.S.C. § 1409(a), in the United States Bankruptcy Court for the District of Delaware because Debtor has been placed in a bankruptcy proceeding filed under Title 11, United States Code, in the District of Delaware, and this matter arises in and is related to that case under Title 11, United States Code.

## BACKGROUND FACTS

On November 19, 2004, New Century Mortgage Corporation, (hereinafter Debtor/ Debtor/Defendants) entered into a contract whereby the Debtor/Debtor/Defendants agreed to the terms of the contract by performing on the terms of the contract.

The servicing of this contract was given to Chase Home Finance and Plaintiff notified in March 2005. This contract included provisions whereby the Debtor/Defendants agreed to be bound by a certain level of conduct and deliver a certain product and this included certain fiduciary responsibilities. Plaintiff sought to pay of the mortgage and when asked by plaintiff, on four separate occasions for a pay-off amount with assurance that they were in fact the entity that could give clear title, Debtor/Defendants responded on March 10, 2006, that "Chase is the legal holder of the debt you seek to pay". This was in a letter by senior Customer Care Professional Deborah Hicks. Plaintiff was not noticed as to the true holder of the note and clouded the issue which required clarification before paying off such a sizable amount (approximately $70,000 at that time.)

Debtor/Defendants New Century Mortgage Corporation, aided by LaSalle Bank, N.A., as trustee for an alleged Mortgage backed security, as well as their attorneys, Codilis & Associates, P.C., on numerous occasions, caused false, misleading and deceptive documents and court filings to be filed in the 8th Judicial Circuit Court of the Illinois, located in Havana, Illinois beginning on August 18, 2006, which was a violation and breach of his contract with the Plaintiff, Gary-Forrest: Edwards. Chief among the numerous actions were: 1) Debtor's inability to produce the actual note, 2) Debtor's inability to prove their standing to sue, 3) Debtor's inability to demonstrate before the court they were, in fact, holder in due course at the time of filing (the filed documents by defendant prove otherwise), 4) Debtor's inability to prove the existence of the entity defendant claims to be the actual holder, despite Court Order (which plaintiff has certified letter from Secretary of State of Delaware stating, "Entity does not exist."

The Debtor/Defendants New Century Mortgage Corporation, et.al., knew or should have known that these "supposed facts" were false and would have a tendency to harm the Plaintiff's reputation and standing in the community, as well as the trade and contract relations of the Plaintiff in the claims as contained in said contract. Debtor/Defendants has admitted their actions, which have damaged the Plaintiff, were done so with malice and can only be taken as an attack upon Plaintiff's Christian beliefs and predominantly Christian relationships.

## ACTIONS OF INTERLOPERS

LaSalle Bank, N.A. (as trustee for SASCO 2005-NC1); Codilis & Associates; Rick Spenser; Rhonda Peek; John McCabe; Martin Potter; Scott J. Butler; Thomas L. Brownfield; Diane M. Lagoski; Brenda Miller; Chase Home Finance are all uninvited interlopers trespassing upon the contract between Debtor/Defendants and Petitioner's by stirring up controversy

in litigation, and intentionally misleading various courts with subterfuge where none should exist and doing so for their own profit and gain.

### CAUSE OF ACTION 11 U.S.C. §523

Plaintiff completed a perfected lien right upon his initial contract with New Century and their agent, Chase Home Finance, on June 16, 2006. Defendant/Debtor was offered opportunity to cure and defaulted. A public notice of Private Settlement Agreement was filed in Mason County, Illinois recorder's office July 14, 2006 as Instrument # 254063; book 1057 of the R.E. Record and Mason County, Illinois Sheriff Wayne Youell was notified. Upon receiving collection attempts by Codilis & Associates, a notice of PSA and demand for Proof of Claim and Conditional Acceptance of their offer was perfected by their silence on August 29, 2006 with conditions. Debtor has since performed against their contract. Subsequent to that, Debtor/Defendants caused several lawsuits to be started against Petitioner/Plaintiff and have trespassed upon their own agreements and have proffered numerous statements containing false and defamatory information, and was done so in violation of his contract with the Plaintiff, and was done with malice.

Subsequent to that time, Plaintiff has filed and perfected an International Commercial Claim with conditions and damages with International Promissory Note No. RB166327876US with Debtor/Defendants, extinguishing the alleged duty and debt.

The Debtor/Defendants owed a duty of care as trustees to Petitioners. Debtor/Defendants are liable for the malicious infliction of

Breach of Fiduciary Duty

Conversion

Personal Injury

Unjust Enrichment

Financial loss According to Proof

As a direct and proximate result of the above-described negligence of Debtor/Defendants, the Petitioner has incurred loss of income and at the same time damaging Plaintiff.

Debtor/Defendant's debt to Plaintiff Edwards is not dischargeable under 11 U.S.C. §523(a) (4) and §523(a) (6).

### ALLEGATIONS OF WRONGDOING 11 U.S.C. §727(a) AND 11 U.S.C. § 707(b)

Debtor/Defendants knowingly and fraudulently made a false oath or account, a violation of 11 U.S.C. § 727(a) (4) (A).

Debtor/Defendants knowingly and fraudulently presented or used a false claim, a violation of 11 U.S.C. § 727(a) (4) (B).

1  Debtor/Defendants has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or
2  deficiency of assets to meet the Debtor/Defendant's liabilities, a violation of 11 U.S.C. § 727(a)(5).

3  Debtor/Defendant's knowingly and fraudulently caused a False Security Instrument to be created and will be shown to
4  violate Civil RICO statutes.

5  This Court, on its own motion or on motion by a party of interest, may dismiss a case filed by an individual
6  Debtor/Defendants under Chapter 11 whose debts are primarily consumer debts if it finds that the granting of relief would be
7  a substantial abuse of the provisions of Chapter 11 as allowed under 11 U.S.C. § 707(b).

### FOLLOWING TRUST PROPERTY INTO ITS PRODUCT

(As Against All Debtor/Defendants)

Where the trustee by the wrongful disposition of trust property acquires other Property, the beneficiary is entitled at his option either enforce a constructive trust of the property so acquired or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, as long as the product of the trust Property is held by the trustee and can be traced.

Except as stated in subsection one above, the claim of the beneficiary against the trustee for breach of trust is that of a general creditor.

### RELIEF SOUGHT

Plaintiff seeks the following relief:

1) Cancellation of instrument with New Century Mortgage Corporation, or whomever may be the holder.
2) Cancellation of promissory note with New Century Mortgage Corporation.
3) Quiet Title of property in question.
4) Vacate a Void Judgment made in Mason County, Illinois for foreclosure.
5) Immediate Injunctive Relief against Sheriff of Mason County, Illinois Wayne Youell preventing the sale of the property in question.
6) Award of damages per contract(s) with minimum damages sought of $200,000.00 and maximum damages in multiples of $10,000,000.00 per performance (at present, the count exceeds 10 counts).

Other remedies that the Court may find applicable in this case.

## CONCLUSION

Therefore, Petitioner's respectfully request that this Court enter a judgment determining that Debtor/Defendants is not entitled to a discharge in bankruptcy for their debt to Plaintiffs, together with an order for costs and expenses.

Also, Plaintiffs respectfully request that this Court enter a judgment determining that Debtor/Defendants is not entitled to a discharge in bankruptcy for their debts under 11 U.S.C. §727(a), together with an order for costs and expenses.

Respectfully submitted this 21st day of September, 2007.

*[signature]*

Gary- Forrest: Edwards
158 Big Oak Drive
Maylene, AL 35114