## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416-KJC |
| A Delaware corporation, et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Hearing Date: October 23, 2007 at 1:30 p.m. (ET)** |
| | ) | **Objection Deadline: October 16, 2007 at 4:00 p.m. (ET)** |

**MOTION OF S. WILLIAM MANERA, CHAPTER 7
TRUSTEE FOR THE ESTATE OF JASON EDWARD POTEET,
FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT
ADVERSARY PROCEEDING TO AVOID PREFERENTIAL
TRANSFER OF LIEN INTEREST WITH RESPECT TO
3325 EAST ASHURST DRIVE, PHOENIX, ARIZONA 85048**

S. William Manera, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Chapter 7 Estate") of Jason Edward Poteet, Case No. 2-07-bk-00871-RTB, currently pending in the United States Bankruptcy Court For the District of Arizona, by and through his undersigned counsel, files this Motion For Relief From the Automatic Stay to permit the Trustee to file an adversary proceeding to avoid as a preferential transfer a lien filed with respect to 3325 East Ashurst Drive, Phoenix, Arizona 85048 (the "Motion"), and in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## **INTRODUCTION**

4.   On or about April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. (the "Debtor" or "New Century") filed its Chapter 11 voluntary petition in the United States Bankruptcy Court for the District of Delaware.

5.   On or about February 22, 2006, the Debtor, doing business as New Century Mortgage Corporation, extended a loan to Jason E. Poteet and Sirena Poteet in the sum of $540,000.00, as evidenced by that Adjustable Rate Balloon Note (the "Note"), attached hereto as Exhibit "A" and made a part hereof by this reference.

6.   As security for the Note, the Debtor accepted a Deed of Trust ("Deed of Trust") dated February 22, 2006, from Poteet against real property located at 3325 East Ashurst Drive, Phoenix, Arizona, 85048 (the "Property"), which Deed of Trust was recorded approximately eleven months later on January 19, 2007, at Document No. 20070076336, Official Records of Maricopa County, Arizona, a copy of which is attached hereto as Exhibit "B" and made a part hereof by this reference.  The legal description is set forth in Exhibit "B."

7.   An appraisal (the "Appraisal") of the Property prepared by eMortgage Logic, LLC on December 10, 2006, a copy of which Appraisal is attached hereto as Exhibit "C" and made a part hereof by this reference, values the Property at such date at $420,000.00.

8.   On or about March 1, 2007, Jason Poteet ("Poteet") filed a Chapter 7 voluntary petition in the United States bankruptcy Court For the District of Arizona, identified as Case No. 2-07-bk-00871-RTB (the "Poteet Bankruptcy"). A copy of the bankruptcy docket is attached hereto as Exhibit "D" and made a part hereof by this reference.

9.   S. William Manera ("Trustee") is the appointed Chapter 7 Case Trustee of the Poteet Bankruptcy.  See Exhibit "D."

10. On or about March 15, 2007, the Debtor, doing business as New Century Mortgage Corporation, filed a Motion For Relief From the Automatic Stay with respect to the Property in the Poteet Bankruptcy, a copy of which Motion is attached hereto as Exhibit "E" and made a part hereof by this reference.  Debtor's Motion stated that $576,685.20 was owed to it by Poteet.

11. According to the pleadings filed by New Century Mortgage Corporation, the loan went into default with respect to the July 1, 2006 mortgage payment.  See Exhibit "E."

12. Manera filed his Trustee's Response to Motion For Relief From the Automatic Stay on April 8, 2007.  On April 10, 2007, the Court in the Poteet Bankruptcy entered an  Order lifting the automatic stay (the "Stay Lift Order") with respect to the Property, and on April 11, 2007, Manera filed his Trustee's Motion For Reconsideration.  On June 25, 2007, the Court in the Poteet Bankruptcy issued its Order, attached hereto as Exhibit "F" and made a part hereof by this reference, granting Manera's Motion For Reconsideration and setting aside the Stay Lift Order with regard to the Property.

13. On August 24, 2007, Poteet filed his Schedules and Statement of Financial Affairs of the Debtor in the Poteet Bankruptcy, copies of which are attached hereto as Exhibit "G", reflecting information regarding the Property as to value and liens.

14. The Note and Deed of Trust, attached hereto as Exhibits "A" and "B", respectively, establish that the Deed of Trust was recorded almost one year after the funds were advanced by New Century.

15. The Deed of Trust was recorded within 90 days before the petition commencing the Poteet Bankruptcy was filed.  See Exhibits "B" and "D."

16. Based on the information in the Motion for Relief, Exhibit "E," it appears that the Deed of Trust was not recorded until after the loan went into default.

17. Trustee is informed and believes and based on that belief alleges that the Deed of Trust recorded on January 19, 2007 in favor of Movant is subject to avoidance under 11 U.S.C. § 547(b) and is preserved for the benefit of the Poteet Estate pursuant to 11 U.S.C. § 551.

## RELIEF REQUESTED

18. Trustee seeks relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code so that the Trustee may undertake any and all action necessary to enforce its rights as to the Property, including, but not limited to initiating action to avoid the lien interest in the Property recorded by the Debtor within 90 days of Poteet's Chapter 7 filing, pursuant to section 547(b) of the Bankruptcy Code.

19. Trustee is entitled to relief from the automatic stay under section 362(d) of the Bankruptcy Code.  Section 362(d) provides, in pertinent part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if -
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

**I.    Relief From the Stay Should Be Granted for Cause Pursuant to Section 362(d)(1)**

    **A.    There is No Rigid Test for Determining Whether Sufficient Cause Exists to Modify the Automatic Stay**

20. A party may be entitled to relief from the automatic stay for cause.  11 U.S.C. § 362(d).

21. "Cause" is not defined in the Code; it must be determined on a case-by-case basis. Matter of Rexene Products Co., 141 B.R. 574, 576 (Bankr.D.Del. 1992), quoting Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991).   The legislative history indicates that cause may be established by a single factor such as a desire to permit an action to proceed ... in another tribunal or lack of any connection or interference with the pending bankruptcy case. Rexene, 141 B.R. at 576, citing H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 343-44 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300 (internal quotations omitted).   See also, In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration, or specialized jurisdiction claim).

22. There is no rigid test for determining whether sufficient cause exists to modify an automatic stay.   In re Continental Airlines, Inc., 152 B.R. 420, 424 (D.Del. 1993).  As noted in Brown:

> "Cause" is an intentionally broad and flexible concept which must be determined on a case-by-case basis. Indeed, there are a multitude of reported decisions discussing relief from the stay for "cause," all of which are fact intensive and generally offer no precise standards to determine when "cause" exists to successfully obtain relief from the stay. *A court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties. Unsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances.*

In re Brown, 311 B.R. 409, 412-13 (E.D.Pa. 2004) (emphasis added).

**B.    Courts Generally Consider the Policies Underlying the Automatic Stay In Addition to the Competing Interests of the Debtor and the Movant**

23. In resolving motions for relief for "cause" from the automatic stay, courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant.  The underlying purpose of the automatic stay, as explained by the Court of Appeals for the Third Circuit, is to:

> prevent certain creditors from gaining preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.

Borman v. Raymark Industries, Inc., 946 F.2d 1031, 1036 (3d Cir. 1991), citing Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 46, 448 (3d Cir. 1982); Rexene, 141 B.R. at 576.  The automatic stay has been described as one of the fundamental protections provided to debtors by the Bankruptcy Code.  Midlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection, 474 U.S. 494, 503 (1986) (citing S. Rep. No. 95-989, p.54 (1978); H.R.Rep. 95-595, P. 340 (1977)).

24. In balancing the competing interests of the debtor and the movant, bankruptcy courts in Delaware generally consider three factors:

    (a)    Whether any great prejudice to either the bankrupt estate or the debtor will result from the continuation of the suit;

    (b)    Whether the hardship to the movant by maintenance of the stay considerably outweighs the hardship of the debtor; and

    (c)    Whether the creditor has a probability of prevailing on the merits.

Rexene, 141 B.R. at 576; see also, Continental, 152 B.R. at 424; In re Unidigital, Inc., 2000 WL 33712306, *1 (Bankr.D.Del., Dec. 8, 2000); In re Integrated Health Services, Inc., 2000 WL 33712483, *1 (Bankr.D.Del. Aug. 11, 2000).  The Bankruptcy Court for the District of Delaware

has also noted that courts may consider various factors beyond those articulated in <u>Rexene</u> and <u>Continental</u>, including:

> 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtors as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms.

<u>In re W.R. Grace & Co.</u>, 2007 WL 1129170, *2 n. 6 (Bankr.D.Del. 2007) quoting <u>In re Mid-Atlantic Handling Systems, LLC</u>, 304 B.R. 111, 130 (Bankr.D.N.J. 2003).

**C.    Under the <u>Rexene</u> Balancing Test, Cause Exists to Grant the Trustee Relief From the Automatic Stay**

25. First, no great prejudice to either the Debtor or the Debtor's estate will result from allowing the Trustee to initiate an adversary proceeding to avoid the lien at issue. The facts giving rise to such an action are discreet and will require little if any of the Debtor's critical resources in litigation. The Debtor cannot use, sell, or lease the Property or its avoidable interest therein without providing adequate protection to Manera. <u>See</u> 11 U.S.C. § 363(e).

26. Second, the hardship to the Poteet Bankruptcy estate by maintenance of the automatic stay considerably outweighs the hardship to the Debtor's estate. The Poteet Bankruptcy estate has far fewer resources than this Debtor's Chapter 11 estate, and requiring the Poteet Bankruptcy estate to wait indefinitely for the winding down of the Debtor's complex Chapter 11 case will strain the Poteet Bankruptcy estate's already limited resources and likely result in a delayed recovery for the Poteet Bankruptcy estate's creditors. It appears the Property may be the only

asset to be administered in the Poteet Bankruptcy, and so any delay would prejudice the creditors therein. Also, the property is located in Arizona, and can be better monitored and protected by the Trustee in Arizona.

27. Finally, the Trustee has a high probability of prevailing on the merits in an avoidance action with respect to the Debtor's Deed of Trust. The Rexene court found that the required showing to establish probability on the merits is very slight and only strong defenses to such proceedings can prevent a bankruptcy court from granting relief from stay. Rexene, 141 B.R. at 577. Here, the Debtor's recording of the lien on the property almost one year after the funds were advanced and within the 90 days prior to the Poteet Bankruptcy petition date meets all of the elements of a prima facie preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

28. Moreover, bankruptcy courts in other jurisdictions have permitted modification of the automatic stay to permit adversary proceedings to go forward in other jurisdictions to avoid preferential transfers. See, e.g., In re Shared Technologies Cellular, Inc., 281 B.R. 804 (Bankr.D.Conn. 2002), aff'd, 293 B.R. 89 (D. Conn. 2003).

**II.    Trustee Should Be Granted Relief From the Automatic Stay Because the Debtor Holds No Equity In the Property and the Property Is Not Necessary For an Effective Reorganization**

**A.    Debtor Holds No Equity in the Property**

29. "The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value." In re Indian Palms Associates Ltd., B.C., 61 F.3d 197, 206 (3d Cir. 1995) (internal citations omitted). The term "equity" as it appears in § 362(d)(2)(A) is defined as the amount by which the value of

a given property exceeds the total amount of the lien(s) or charges against it. *Id.* at 208.  If this value is equal to or less than the amount of the liens, there is no equity.

30. The Debtor holds no equity in the Property.  The lien, filed within 90 days of the Poteet Bankruptcy, is avoidable in its entirety.  Rather, the Debtor has a general unsecured claim against the Poteet Estate for the balance of the loan.

### B.    The Property Is Not Necessary for a Reorganization

31. Because the Debtor holds no equity in the Property, the Debtor bears the burden to establish that the Property is necessary for an effective reorganization, which burden the Trustee respectfully submits the Debtor cannot satisfy.  11 U.S.C. § 362(d)(2).

32. In order to satisfy its burden with respect to the second prong of section 362(d)(2) of the Bankruptcy Code, the Debtor must show that the property is necessary for an effective reorganization, which the Supreme Court has interpreted to mean that "there is a reasonable possibility of a successful reorganization within a reasonable time."  United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc. Ltd., 484 U.S. 365, 376, 108 S. Ct. 626, 633 (1988) (emphasis added); *see also* Indian Palms, 61 F.3d at 209 (noting that, under Timbers, if no reorganization is possible within a reasonable time, relief from stay can be granted against even a necessary asset); Park Timbers, 58 B.R. at 651 (granting creditor relief from automatic stay to foreclose on mortgage because, even though the property was the debtor's sole asset, the debtor could not demonstrate any realistic possibility of a successful reorganization).

33. The Trustee respectfully submits that the Property is not necessary for a successful reorganization of the Debtor.

WHEREFORE, the Trustee hereby moves for an Order pursuant to 11 U.S.C. § 362(d) terminating the automatic stay, for cause, with regard to the Debtor's interest in 3325 East

Ashurst Drive, Phoenix, Arizona, 85048, to enable the Trustee to file an adversary proceeding to

avoid as a preferential transfer a lien interest filed with respect thereto, and for other relief as this

Court deems just and proper.

Dated: September 24, 2007                    ASHBY & GEDDES, P.A.


*AM Winfree*
_____
William P. Bowden (#2553)
Don A. Beskrone (#4380)
Amanda M. Winfree (#4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone: 302-654-1888

-and-

Lisa Perry Banen
LANE & NACH, P.C.
2025 N. 3rd Street, Suite 157
Phoenix, Arizona 85004
Telephone:  602-258-6000
Facsimile: 602-258-6003

*Attorneys for S. William Manera*

183492.1