# **EXHIBIT E**

```
1  Kevin Hahn, #024277
   MALCOLM ♦ CISNEROS,
2  A Law Corporation
   2112 Business Center Drive
3  Second Floor
   Irvine, California 92612
4  (949) 252-9400 (TELEPHONE)
   (949) 252-1032 (FACSIMILE)
5
   Attorneys for Movant,
6  NEW CENTURY MORTGAGE CORPORATION,
7
```

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JASON EDWARD POTEET, | Case No. 2:07-bk-00871-RTB |
| Debtor, | |
| NEW CENTURY MORTGAGE CORPORATION, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Movant, | |
| vs. | |
| JASON EDWARD POTEET, Debtor, and S. WILLIAM MANERA, Trustee, | |
| Respondents. | |

This is an attempt to collect a debt and any information obtained may be used for that purpose.

NEW CENTURY MORTGAGE CORPORATION, and its successors and assigns ("Movant"), hereby moves the Court for an order granting Movant's Relief From the Automatic Stay of 11 U.S.C. § 362(a) (1984) to permit Movant to proceed with its foreclosure proceedings pursuant to its Deed of Trust on the real property owned by the Debtor. The basis of the Movant's Motion is set forth in the Memorandum attached hereto.

///

///

RESPECTFULLY SUBMITTED this March 15, 2007.

MALCOLM ♦ CISNEROS, A Law Corporation

/s/ Kevin Hahn, #024277
Kevin Hahn, Esq.
Attorney for Movant

## MEMORANDUM

**FACTS:**

Movant is the payee under a certain Promissory Note ("Note" herein). Further, Movant is the present holder and owner of certain First Deed of Trust ("Deed of Trust" herein) securing the Note against the Debtor's property generally described as 3325 East Ashurst Drive, Phoenix, AZ 85048 ("Property" herein) and legally described as follows:

> LOT 22, OF LAKEWOOD ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 473 OF MAPS, PAGE 29.

A true and correct copy of the Deed of Trust is attached and incorporated as Exhibit "1." A true and correct copy of the Note is attached and incorporated as Exhibit "2." By virtue of the Note and Deed of Trust, Movant has a possessory interest in the Property and a secured claim against the Debtor. Movant may seek leave of the Court to specify any further encumbrances against the Property at the time of the Preliminary Hearing or trial hereon.

Debtor is in default under the Note and Deed of Trust by inter alia, failure to pay monthly installments. Debtor is currently delinquent on the August 1, 2006 regular monthly installment payment and every month thereafter plus accruing attorneys fees and costs.

The approximate total debt owed to Movant (not including legal fees and costs) is set forth below:

| | |
|---|---|
| Unpaid Principal | $539,612.69 |
| Interest accrued from 7/1/06 to 03/05/07 | $ 35,178.82 |
| Late charges | $ 221.34 |

| | |
|---|---|
| Other fees due | $ 407.34 |
| Escrow balance | $ 1,265.01 |
| **Total Due:** | **$576,685.20** |

According to a Broker's Price Opinion prepared December 10, 2006, the fair market value of the Property is $420,000.00. A true and correct copy of the Broker's Price Opinion is attached and incorporated as Exhibit "3." Costs of sale for the Debtor's interest in the Property would be assessed at the rate of 10% or $42,000.00 bringing the total debt to $618,685.20. Therefore, there is no equity for the benefit of the estate.

Pursuant to the Note and Deed of Trust and 11 U.S.C. Sections 502 and 506, the entire unpaid principal balance together with the interest, late charges, costs and advances is due and payable, and recoverable from the Property.

Movant has performed all obligations required of it under the Note and Deed of Trust and all conditions precedent to the Debtor's performance thereunder have occurred.

Upon information and belief, it is alleged that the Property is not necessary to effectuate reorganization of the Debtor; that the Debtor is not seeking reorganization; and that the Debtor has no reasonable prospect of reorganization.

Upon information and belief, Movant's interest in the Property has not been adequately protected, nor has Movant been offered adequate protection.

REQUEST FOR RELIEF:

For the foregoing reasons, Movant respectfully requests:

1.  That this Court should terminate the automatic stay.

2.  That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit Movant, the Trustee, or any successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate to take any and all action necessary and appropriate to enforce Movant's interest against the Property, including, but not limited to: the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure

1  or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and
2  applicable state law;
3       3.     That this Court's Order herein be binding on the Debtor with respect to any
4  subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by the
5  Debtor which may affect Movant's interest in the Property;
6  And
7       4.     For such other and further relief as this Court deems just and equitable.
8       **RESPECTFULLY SUBMITTED** this March 15, 2007.
9       **MALCOLM ♦ CISNEROS,** A Law Corporation
10
11      /s/ Kevin Hahn, #024277
12      Kevin Hahn, Esq.
     Attorney for Movant

jhc/WMB/10608

4