IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CASE NO. 07-10416-KJC |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC., | § | Chapter 11 |
| *ET. AL.*, | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Hearing Date: October 2, 2007 at 1:30 p.m. |
| | § | Related to Docket Number 2265 |

**OBJECTION OF POSITIVE SOFTWARE SOLUTIONS, INC.,
TO DEBTORS' ALLEGED DAMAGES**

TO THE HONORABLE KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to this Court's order entered on August 15, 2007 [Docket No. 2265] (the "Order"), Positive Software Solutions, Inc. ("Positive Software") objects to the damages requested by the Debtors in connection with Positive Software's alleged violation of the automatic stay. For cause, Positive Software would show as follows:[1]

1.      This Court determined that Positive Software violated the automatic stay by filing in the District Court Action its motion requesting leave to file an amended motion to vacate the Arbitration Award (the "Motion for Leave"). The substantive portion of the Motion for Leave was contained in less than three pages of text. For responding to that motion (which itself sought no affirmative relief from the Debtors), the Debtors seek nearly $50,000 in alleged attorneys' fees and expenses.

2.      The total amount of requested attorneys fees and expenses is outrageous. That the amount of fees being sought are beyond any bounds of reasonableness is highlighted by the fact that fees for Debtors' special counsel exceed those of its general bankruptcy counsel by about

---

[1] Unless otherwise defined, all capitalized terms shall have the meaning ascribed to such terms in Positive Software's Motion for Relief from the Stay Regarding Copyright Infringement Litigation [Docket No.

30% and that the time detail for special counsel has been almost entirely redacted from supporting fee statements. Positive Software maintains that the fees and expenses for the reasonable time and effort put forth by Debtors' counsel (both general and special) should not exceed $15,000.

    3.    The Order provides, among other things, that:

        i.    the damages to be awarded to the Debtors include "the dollar value of *reasonable* time spent by the Debtors' bankruptcy counsel and their counsel in the Texas District Court case in connection with the violations of the stay" (emphasis added); and

        ii.    the Debtors will file affidavits or declarations by September 7, 2007, reflecting damages that they alleged have been incurred in connection with Positive Software's alleged violation of the automatic stay.

    4.    On September 6, 2007, Debtors filed the Declaration of Russell C. Silberglied in Support of Damages [Docket No. 2683] (the "RL&F Declaration"). As set forth in the RL&F Declaration, the Debtors seek to recover about $21,000 for fees for legal services performed by their general bankruptcy counsel, Richards Layton & Finger, P.A. ("RL&F"). Based upon the fee schedule attached to the RL&F Declaration as Exhibit "A", the work performed and the related fees being charged generally appear to be reasonable.

    5.    The problem with RL&F's fees, however, is that the work performed appears to include time spent by RL&F's professionals in addressing Positive Software's Stay Relief Motion and not just for services rendered to address Positive Software's alleged stay violation. There is no legal basis under which the Debtors are entitled to recover legal fees and expenses in

---

1877] (the "Stay Relief Motion") and its reply brief with respect to that motion (filed under seal) [Docket No. 2171].

opposing the Stay Relief Motion. Thus, to the extent that fees relate solely to responding to Positive Software's Stay Relief Motion, those fees should be disallowed. To the extent that work performed by RL&F's professionals relate jointly to both Positive Software's Stay Relief Motion *and* the Debtor's Cross-Motion for Sanctions, the fees should be pro-rated between the two matters in a reasonable manner.[2]

6. On December 7, 2007, the Debtors filed their Declaration of Barry Barnett Regarding Attorney's Fees [Docket No. 2706] (the "SG Declaration"), seeking $28,350 in alleged fees (plus about $340 in expenses) for legal services performed by Susman Godfrey, L.L.P. ("SG"), the Debtors' special counsel in the District Court Action pending in the Texas District Court. As set forth in the SG Declaration, SG's professionals billed over 70 hours to the Debtors for work ostensibly related to the Motion for Leave, with nearly 60 hours billed by one professional at a rate of $300 per hour. Attached as Exhibit 5 to the SG Declaration are SG's fee statements.

7. The first problem with the SG Declaration is as to form. SG, except in all but literally two instances, has redacted *all* time description from its fee statements (compare this to RL&F's detailed, unredacted statements). The SG Declaration does not permit any meaningful analysis of the type of legal work that was performed by SG's professionals and whether the services rendered were reasonable or even related to the alleged stay violation.

8. The second problem with the SG Declaration is the unreasonableness of the amount of fees sought. In its Response to Positive Software's Motion for Leave, SG devotes all

---

[2] In Debtors' response to the Stay Relief Motion and Cross-Motion for Sanctions, Debtors devote about twice as much text to address the appropriateness of Positive Software's request for stay relief as to its alleged stay violation. Accordingly, an apportionment of two-thirds (stay relief) / one-third (stay violation) on common legal service fees appears to be appropriate.

3

of two paragraphs to the allegation that Positive Software violated the automatic stay.[3] The remainder of the six-page response is devoted to arguments regarding timing and limitations issues of no significant complexity and which may have been made by SG on behalf of Debtors in 2004 when Positive Software first sought to amend its motion to vacate.

9. The only other legal services that SG appears to have performed in the Texas Action were with respect to the three substantively identical subpoenas duces tecum served by Positive Software on SG and two of its professionals. SG prepared and served objections to the subpoenas (but does not appear to have filed any of the objections). In those objections, SG devotes all of two paragraphs to the stay issue, with the remainder of the objection devoted to the same arguments that appear to have been made pre-petition regarding similar discovery requests propounded by Positive Software. In short, regardless of whether SG can and will produce reasonably complete fee statements, in view of the actual work performed by SG, as evidenced by its own court filings and papers, SG's requested fees are just plain unreasonable.

**[continued on the next page]**

---

[3] The Response is contained as Docket No. 473 in the Texas litigation. A true and correct copy of the Response is attached as Exhibit "A".

Accordingly, for the foregoing reasons, Positive Software respectfully requests that this Court require Debtors at the scheduled hearing to demonstrate the reasonableness of any fees and expenses they seek to recover from Positive Software and to disallow the recovery of any fees and expenses attributable to legal services performed by SG.

Dated: September 25, 2007
Wilmington, Delaware

FOX ROTHSCHILD LLP

By: /s/ Carl D. Neff
Daniel K. Astin (Bar No. 4068)
Anthony M. Saccullo (Bar No. 4141)
Carl D. Neff (Bar No. 4895)
Citizens Bank Center, Suite 1300
919 N. Market Street, P.O. Box 2323
Wilmington, Delaware 19899-2323
Tel (302) 654-7444/Fax (302) 656-892
dastin@foxrothschild.com
asaccullo@foxrothschild.com
cneff@foxrothschild.com

-and-

Mark H. Ralston, Esq.
Texas Bar No. 16489460
THE RALSTON LAW FIRM
2603 Oak Lawn Avenue
Suite 230, LB 2
Dallas, Texas 75219-9109
Telephone: (214) 295-6416
ralstonlaw@gmail.com

Counsel to Positive Software Solutions, Inc.