# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., § § § | | |
| Plaintiff, § § | | |
| vs. § § | Civil Action No. 3:03-CV-0257-N ECF | |
| NEW CENTURY MORTGAGE CORPORATION, § NEW CENTURY FINANCIAL CORPORATION, § ECONDUIT CORPORATION, THE ANYLOAN § COMPANY, JEFF LEMIEUX, and FRANK § NESE, § § | | |
| Defendants. § | | |

**NEW CENTURY DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
<u>MOTION TO VACATE ARBITRATION AWARD, AND BRIEF IN SUPPORT</u>**

The New Century Defendants[1] respond to Plaintiff Positive Software's motion for leave to file a second amended motion to vacate the arbitration award as follows:

1. The automatic bankruptcy stay applies to these proceedings against Defendants New Century Financial Corporation, New Century Mortgage Corporation, and The Anyloan Company. *See* 11 U.S.C. § 362. On April 2, 2007, these Defendants commenced a bankruptcy proceeding under Chapter 11 of the United States Bankruptcy Code. This proceeding is currently pending before the United States Bankruptcy Court for the District of Delaware.[2]

---

[1] New Century Financial Corporation (n/k/a New Century Financial Corporation), New Century Mortgage Company, The Anyloan Company (n/k/a Home 123 Corporation), and eConduit Corporation.

[2] The case is styled *In re New Century TRS Holdings, Inc. et. al.*, Case No. 07-10416, in the United States Bankruptcy Court for the District of Delaware. *See also* http://www.xroadscms.net/newcentury, a website that provides information regarding the bankruptcy proceedings.

<u>Response to Motion for Leave</u>                              1
766829v1/006313

2. As against these Defendants, the § 362 stay "is automatic and springs into being immediately upon the filing of a bankruptcy petition." *In re Coho Resources, Inc.*, 345 F.3d 338, 343-44 (5th Cir. 2003) (internal quotation omitted). As of April 2, 2007, the automatic stay precluded Positive Software from continuing this action against these Defendants. Moreover, Positive Software has participated in the bankruptcy proceedings since April 2007. Indeed, on July 10, 2007 -- *one day after Positive Software filed its motion for leave in this Court* -- Positive Software filed a motion for relief from stay in the bankruptcy proceedings so that it could continue prosecuting this litigation.[3] That motion is still pending. Thus, in filing its present motion for leave in this Court, Positive Software willfully violated the automatic stay.[4] The Court should disregard or strike Positive Software's motion.

3. Alternatively or additionally, the Court should deny Positive Software's motion as futile. Positive Software's attempts to amend its original motion to vacate is untimely as a matter of law. The Federal Arbitration Act ("FAA") provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months." There are no statutory or common law exceptions to the three month requirement. *See Florasynth v. Pickholz*, 750 F.2d 171, 175 (2nd Cir. 1984) (holding that "[n]o exception to this three month limitation is mentioned in the statute...there is no common law exception to the three month limitations period on the motion to vacate.").

---

3   *See* Exhibit 1 (without exhibits).

4   After Positive Software filed a petition for writ of certiorari in the United States Supreme Court, Positive Software filed a pleading in the bankruptcy court stating: "Because Positive Software is concerned that its moving for a writ of certiorari may have implicated the automatic stay, it will be seeking the *nunc pro tunc* annulment of the automatic stay from this Court either concurrently herewith or shortly thereafter." *See* Exhibit 2, page 7, fn. 3. Three (3) months later, Positive Software filed the Motion for Leave in this Court, knowing that the automatic stay was in effect. Positive Software never made true on its word to seek *nunc pro tunc* annulment of the automatic stay.

**Response to Motion for Leave**    2
766829v1/006313

4. Indeed, this deadline is jurisdictional. *See Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, 2006 WL 1428319, *4 n.4 (M.D. Fla. May 17, 2006) (holding that "the three month time within which to serve notice [of a motion to vacate] is jurisdictional."). More generally, the Supreme Court has very recently indicated that statutory time limits are presumptively jurisdictional:

> Jurisdictional treatment of statutory time limits makes good sense. Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. See *Curry*, 6 How., at 113, 12 L.Ed. 363. Put another way, the notion of " 'subject-matter' " jurisdiction obviously extends to " 'classes of cases ... falling within a court's adjudicatory authority,' " *Eberhart, supra*, at 16, 126 S.Ct. 403 (quoting *Kontrick, supra*, at 455, 124 S.Ct. 906), but it is no less "jurisdictional" when Congress forbids federal courts from adjudicating an otherwise legitimate "class of cases" after a certain period has elapsed from final judgment.

*Bowles v. Russell*, ___ U.S. ___, 127 S.Ct. 2360, 2365-66 (2007). Accordingly, the court lacks jurisdiction to consider any grounds for vacating the award that Positive Software did not urge in its original motion to vacate.

5. As a matter of law, the amended motions do not "relate back" under Fed. R. Civ. P. 15(c) to the filing of Positive Software's original motion to vacate. Under the FAA, an application to vacate an arbitration award is a ***motion***, not a pleading. *See* 9 U.S.C. § 6. The distinction is important, because "it is often critical to the proper application of the Rules." *Myles v. Sabine Transp. Co.*, 2000 WL 1693638, *2 (E.D. La. Nov. 8, 2000).

6. For example, Rule 15 applies only to pleadings. In the Fifth Circuit, Rule 15 (including its relation back doctrine) ***does not apply to motions***. *See, e.g. McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 873 (5th Cir. 1976) (holding that Rule 15 does not apply to

motions); *Albany Insurance Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993) (holding that defendants waived improper venue by not raising this objection in their original motion to dismiss; amended motion to dismiss that added this objection did not relate back to the original motion because Rule 15 does not apply to motions).

7. This "no relation back" rule includes motions under Rule 60(b), upon which Positive Software purports to rely.[5]

> Rule 15(c) allows relation back of claims and defenses asserted in pleadings but does not allow relation back where motions are filed. Rule 7 carefully distinguishes pleadings from motions. ***The Fifth Circuit and other courts have specifically ruled that a motion is not a pleading for purposes of Rule 15(a).*** Since a motion cannot be considered as a pleading, a Rule 15(a) amendment cannot be used for bringing a motion and ***Rule 15(c) cannot be used to relate the motion back to the date of filing the original pleading.***

*Starns v. Avent*, 96 B.R. 620, 636-37 (M.D. La. 1989) (emphasis added) (holding that amended Rule 60(b) motion did not relate back); *accord, Scott v. Scott*, 185 B.R. 730, 733 (S.D. Miss. 1995) (holding that even if the court treated the plaintiff's second amended complaint as an amended Rule 60(b) motion, it could not relate back under Rule 15(c) to the filing of the original complaint); *see also Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005) (likewise holding that Rule 15(c) does not permit an amended Rule 60(b) motion to relate back to the original motion; "the provisions of Rule 15 regarding amendments and their relation-back apply only to pleadings.").

8. Positive Software's reliance on *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1382 (11th Cir. 1988), is misplaced. In *Bonar*, the Eleventh Circuit applied Fed. R. Civ. P. 15 to

---

[5] *See* Motion for Leave at 1-2. New Century assumes that "Rule 63(b)" was a typo – there is no such rule – and that Positive Software was attempting to refer to Rule 60(b).

allow an amended motion to vacate to relate back to the original motion. As set forth above, this is not the law in the Fifth Circuit.[6]

9. Moreover, as several courts have observed, allowing amended motions to vacate an award to relate back is inconsistent with the FAA itself and its underlying policies of promoting arbitration as a fast, efficient, and inexpensive alternative to litigation in federal court. *See, e.g., McClelland v. Azrilyan*, 31 F. Supp. 2d 707, 711 (W.D. Mo. 1998) (rejecting relation back of an amended motion to vacate; "accepting Squeri's relation back argument would conflict with the intent to make arbitration a quicker, more efficient, and less costly alternative to litigation in court."); *Islip*, 714 F. Supp. At 637 (allowing relation back would "severely weaken the Act's prohibitions."); *Tecam Elec. M.V., Inc. v. Local Union 701 of the Int'l. Bhd. Of Elec. Workers*, 2001 WL 1338985, *6 (N.D. Ill. Oct. 29, 2001) (allowing relation back "would deprive defendants of a statute of limitations defense and would be contrary to the strictly enforced three-month limitations period of the Federal Arbitration Act.").

10. Alternatively or additionally, under Fed. R. Civ. P. 10(c) the New Century defendants adopt and incorporate their prior briefing in response to Positive Software's previous motion for leave to amend its original motion to vacate the arbitration award. They reserve any right to amend or supplement that briefing at an appropriate time.

## CONCLUSION

The Court should disregard or strike Positive Software's motion for leave as violating the automatic bankruptcy stay. Alternatively, it should deny Positive Software's motion as futile.

---

6     Nor is the result in *Bonar* consistent with the Congressional directive under the FAA to treat applications to vacate an award as motions (which do not relate back) rather than as pleadings (which can sometimes relate back).

Respectfully submitted,

**SUSMAN GODFREY L.L.P.**

<u>s/ Ophelia F. Camiña</u>
Barry C. Barnett
State Bar No. 01778700
Ophelia F. Camiña
State Bar No. 03681500
Kenneth E. Gardner
State Bar No. 07656825
901 Main Street, Suite 4100
Dallas, Texas 75202-3775
Phone (214) 754-1900
Fax (214) 754-1933

**COUNSEL FOR THE
NEW CENTURY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2007 a true and correct copy of the foregoing document was filed electronically and that same was served on counsel of record via this Court's electronic filing system:

Michael W. Shore
Alfonso Garcia Chan
Shore Chan Bragalone LLP
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201

Peter Vogel
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

W. Ralph Canada, Jr.
Jeven R. Sloan
Deary, Montgomery, DeFeo & Canada L.L.P.
2515 McKinney, Suite 1565
Dallas, Texas 75201

<u>s/ Ophelia F. Camiña</u>