IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 2766 |

**OBJECTION OF DEBTORS TO MOTION OF PLAZA AMERICA OFFICE DEVELOPMENT II, LLC FOR (1) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES AND (2) AN ORDER REQUIRING DEBTORS' PERFORMANCE OF POSTPETITION LEASE OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3) [DOCKET NO. 2766]**

The debtors and debtors in possession in the above-captioned chapter 11 case (the "Debtors"), hereby file this objection (this "Objection") to the Motion of Plaza America Office Development II, LLC ("Plaza America" or the "Landlord") for (1) Allowance and Payment of Administrative Expenses and (2) an Order Requiring Debtor's Performance of Postpetition Lease Obligations under 11 U.S.C.§ 365(d)(3) (the "Motion"). In support of this Objection, the Debtors respectfully state the following:[2]

## BACKGROUND

1.  On April 25, 2007 the United States Bankruptcy Court for the District of

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

[2] Capitalized terms used and not otherwise defined herein shall be as defined in the Motion.

Delaware (the "Bankruptcy Court") entered the order on the "Motion of the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

2.  On June 20, 2007, pursuant to the terms of the Order the Debtors filed and served upon the Landlord a Notice of Rejection of Unexpired Lease of Unexpired Real Property [Docket No. 1770] (the "Rejection Notice") with respect to the Agreement for the lease of the non-residential real property located at 11700 Plaza America Drive, Suites 200 & 250, Reston, VA 20190 commencing on April 18, 2005 (the "Lease"). Pursuant to the terms of the Order, the Lease is deemed rejected effective the later of (i) ten (10) days after this notice is served or (ii) the date that the Debtors unequivocally relinquish control of the premises by turning over the keys or "key codes" to the affected landlord, without further notice, hearing or order of the Court (the "Effective Date of Rejection").

3.  As of June 20, 2007, the Debtors provided to the Landlord, which the Landlord admits in the Motion, an access card and key to the premises. In addition, by letter dated June 29, the Debtors confirmed to the Landlord that they were vacating the premises. A copy of the letter is attached hereto as Exhibit A.

4.  On September 12, 2007, the Landlord filed the instant Motion [Docket No. 2766] supported by the declaration of Ghadir A. Baker (the "Baker Declaration"). By the instant Motion, the Landlord is requesting that this Court require the Debtors to pay monthly rent for the months of July, August and September 2007 - a full three months following the Effective Date of

Rejection of the Lease. For the reasons stated herein, the Motion should be denied.

## **OBJECTION**

5. In the Baker Declaration, it is admitted that the Debtors vacated the premises that were the subject of the Lease in May 2007, and that the Debtors provided to the Landlord an access card to gain entry through the front door of the premises on May 11, 2007. Indeed, the Baker Declaration further admits that in addition to being in possession of a key card, which could be used to unlock the front door, the Landlord was also in possession of a standard key that could be used to manually open the back door. Thus, the Landlord had the ability to enter the premises, and, in accordance with the terms of the Order, the Debtors had unequivocally relinquished control of the premises in May 2007.

6. In addition, to the extent that there was any doubt regarding the Debtors' surrender of the premises, the terms of the Order specifically provide that the rejection date would be 10 days after the rejection notice was served. Therefore, pursuant to the terms of the Order, the Effective Date of Rejection was 10 days after the Rejection Notice was served, or June 30, 2007.

7. The Motion and the Baker Declaration claim that despite the Debtors' turning over the keys and access card to the Landlord, the Debtors had not relinquished control of the premises as there was a security systems that restricted access to the premises. In fact, the Debtors had installed a value-added access system at the premises. The access system installed at the premises was a key card access system. As noted above, the Landlord was provided with a key card that could be used by the Landlord to enter and exit the premises without setting off any alarm. Moreover, the Debtors' counsel informed the Landlord's counsel that the access system was an access system and not a security alarm system and that the Landlord had possession of

3

the access key card required to enter the premises.

8. The Landlord further states in the Motion that the Debtors did not arrange for deactivation of the access system. This statement is incorrect. On May 23, 2007, the Debtors notified the security system provider, ADT Security Services, that they should immediately cancel all contracts and services for the security system installed at the premises. A copy of a letter to ADT is attached hereto as Exhibit B, with reference to the premises located on page 9 therein. The fact that entry through the front door was still controlled by the key card does not mean that it was sending alarms to ADT or the police, counsel for the Landlord was also informed of this fact prior to filing the Motion.

9. Notwithstanding the claims in the Motion and the Baker Declaration, the Debtors relinquished control of the Premises in May 2007 and rejected the Lease, according to the terms of the Order, effective as of June 30, 2007.

## CONCLUSION

For the foregoing reasons, New Century respectfully requests that the Motion be denied.

Dated: September 25, 2007
      Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION