## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Hearing Date: October 23, 2007 at 1:30 p.m. |
| | : | Objection Deadline: October 16, 2007 at 4:00 p.m. |

## APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER EXPANDING SCOPE OF O'MELVENY & MYERS LLP'S RETENTION TO INCLUDE REPRESENTATION OF NEW CENTURY WAREHOUSE CORPORATION, *NUNC PRO TUNC* TO AUGUST 3, 2007, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through the undersigned counsel, hereby submit this application (the "Application") for entry of an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), expanding the scope of O'Melveny & Myers LLP's ("OMM") retention to include the representation of New Century Warehouse Corporation ("New

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Century Warehouse"), *nunc pro tunc* to August 3, 2007 (the "Application"). In support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION

The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1.      New Century Warehouse, a company wholly owned by New Century TRS Holdings, Inc. ("New Century TRS"), financed residential mortgage loans originated by a network of mortgage originators and other smaller financial institutions. New Century Warehouse, doing business as "Access Lending", provided financing to these loan originators that was, in turn, used to fund the loans provided to individual borrowers who were customers of the loan originators. New Century Warehouse, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities").

2.      New Century Warehouse operated largely independently of its parent, New Century TRS and its other affiliates, which filed chapter 11 petitions on April 2, 2007 (the "April Debtors"). However, the April Debtors' financial difficulties triggered cross-defaults under New Century Warehouse's Warehouse Loan Agreements. One of these Warehouse Lenders, Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access Lending Warehouse Loan Agreement"). On March 12, 2007, Goldman purported to credit the market value of the mortgage loans that were subject to the Goldman-Access Lending Warehouse Loan Agreement.

2

3.      New Century Warehouse's other Warehouse Lenders were willing to work with it prior to and after the April 2nd petition date. New Century Warehouse entered into forbearance agreements[2] with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These forbearance agreements allowed New Century Warehouse to continue to operate while it liquidated substantially all of its assets.

4.      Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related Relief, New Century Warehouse sold substantially all of its assets as a going concern (the "Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and Restated Asset Purchase Agreement by and between Access Holdings Corporation and New Century Warehouse Corporation dated as of April 26, 2007 (the "APA"). The Buyer acquired substantially all of the assets of New Century Warehouse, made employment offers to the employees of the New Century Warehouse, and assumed the warehouse loan financing arrangements with State Street and Guaranty Bank. The transaction maintained the business as a going concern and allowed for a process to maximize recoveries on the loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities. The financing provided by these Warehouse Lenders covered approximately 96% of the amount paid by New Century Warehouse, while the balance (commonly referred to in the industry as the "haircut") was financed from New Century Warehouse's working capital. Pursuant to the APA, the Buyer is liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net

---

[2] The Amended and Restated Limited Forbearance Agreement dated April 1, 2007 by and among New Century Warehouse, Access Investments II, LLC, Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company; and the Limited Forbearance Agreement dated April 1, 2007 by and between New Century Warehouse and Guaranty Bank.

Proceeds[3] realized on the Loans.    The Sale closed on April 27, 2007 and the Buyer has been making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

5.    On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse filed a petition for chapter 11 relief.  New Century Warehouse is operating its business and managing its affairs as a debtor and debtor in possession.  On August 7, 2007, the Court entered an order authorizing the joint administration of New Century Warehouse's chapter 11 case with the chapter 11 cases of the April Debtors.  The April Debtors and New Century Warehouse are collectively referenced herein as the "Debtors".

## RETENTION OF O'MELVENY & MYERS LLP

6.    On April 6, 2007, the April Debtors filed an application [Docket No. 137] (the "OMM Application") to employ and retain OMM as bankruptcy co-counsel pursuant to section 327(a) of the Bankruptcy Code.  On May 7, 2007, the Court entered an order [Docket No. 567] (the "Retention Order"), a copy of which is attached hereto as Exhibit A, approving OMM's retention as bankruptcy co-counsel to the April Debtors effective *nunc pro tunc* to April 2, 2007.

7.    Through its representation of the April Debtors, including with respect to obtaining approval of the Sale, OMM has acquired detailed knowledge of New Century Warehouse's businesses, financial affairs and capital structure, as well as the legal issues that are likely to arise in these chapter 11 cases.  In selecting OMM as their general bankruptcy co-counsel, the April Debtors considered OMM's knowledge of the Debtors' operations and finances and its expertise and experience in reorganizations and bankruptcy cases and other areas of expertise that are similarly likely to be relevant to a complete and efficient representation of

---

[3] Net of (i) amounts owed to State Street and Guaranty Bank under their Warehouse Loan Facilities and (ii) amounts owed to the loan originators.

4

New Century Warehouse as general bankruptcy co-counsel.

        8.      OMM's depth of experience in business reorganizations and its familiarity with both the April Debtors and New Century Warehouse makes OMM distinctively qualified to effectively deal with the legal issues that may arise in the context of New Century Warehouse's reorganization. The Debtors believe that OMM is both well qualified and uniquely able to represent New Century Warehouse in its chapter 11 case in a most efficient and timely manner.

        9.      Pursuant to the Retention Order, OMM was retained to provide, among others, the following types of professional services to the April Debtors:

      a.      To advise the April Debtors generally regarding matters of bankruptcy law in connection with their chapter 11 cases;

      b.      To advise the April Debtors of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), applicable local bankruptcy rules pertaining to the administration of their cases and U.S. Trustee Guidelines related to the daily operation of their business and the administration of the estates;

      c.      To prepare motions, applications, answers, proposed orders, reports and papers in connection with the administration of the estates;

      d.      To negotiate with creditors, prepare and seek confirmation of a chapter 11 plan and related documents, and assist the April Debtors with implementation of the plan;

      e.      To assist the April Debtors in the analysis, negotiation and disposition of certain estate assets for the benefit of the estates and their creditors;

      f.      To advise the April Debtors regarding bankruptcy related litigation and employment matters; and

      g.      To render such other necessary advice and services as the April Debtors may require in connection with their cases.

       10.      The Debtors hereby seek the entry of an order expanding the scope of OMM's retention to include the representation of New Century Warehouse effective *nunc pro tunc* to the NCW Petition Date. OMM's proposed representation of New Century Warehouse will be in accordance with and subject to the terms and conditions of the OMM Application and

the Retention Order.

11.    The Debtors have also proposed to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel for New Century Warehouse in Delaware. RLF will provide additional necessary legal services to the New Century Warehouse and will advise New Century Warehouse in connection with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended from time to time, the "Local Rules") and local practice in Delaware in connection with the prosecution of New Century Warehouse's chapter 11 cases. OMM, the Debtors and RLF have conferred and will continue to confer to ensure that there will be no undue duplication of effort or overlap of work between and among the co-counsel, and that the estates receive the best possible value

12.    To the best of the Debtors' knowledge, OMM and the attorneys employed by it do not have any connection with or any interest adverse to New Century Warehouse, its creditors, or any other party in interest, or its respective attorneys, except as set forth herein and in the contemporaneously filed declaration of Suzzanne S. Uhland, a partner of OMM (the "Uhland Declaration"), a copy of which is attached hereto as Exhibit B.

## COMPENSATION

13.    Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), OMM intends to apply for compensation for professional services rendered in connection with New Century Warehouse's chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by OMM during the case.

14.    OMM intends to include all requests for the payment of fees and the

6

reimbursement of expenses relating to services performed on behalf of New Century Warehouse in a single monthly fee application relating to services performed for all of the Debtors. OMM intends to charge its standard hourly rates for such services, as set forth in the application to retain OMM and related declaration filed by the April Debtors on April 6, 2007.

<u>**Notice**</u>

15.     No trustee has been appointed in these chapter 11 cases. Notice of this Application has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; (3) counsel to the examiner appointed in these chapter 11 cases; and (4) all parties who have filed requests for notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

16.     The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Local District Court Rule 7.1.2(a).

<u>**No Prior Request**</u>

17.     No prior request for the relief sought in this Application has been made to this or any other court.

7

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit C, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: September 25, 2007
       Wilmington, Delaware

Respectfully submitted,

New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC, NCoral, L.P., and New Century Warehouse Corporation, as Debtors and Debtors in Possession

By: _____
     Name: Monika L. McCarthy
     Title: SVP & Assistant General Counsel

8