# Exhibit B

## Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

**DECLARATION OF SUZZANNE S. UHLAND IN SUPPORT OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR AUTHORIZATION TO EMPLOY O'MELVENY & MYERS LLP AS CO-COUNSEL TO THE DEBTORS PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

I, Suzzanne S. Uhland, declare and state as follows:

1. I am partner in the law firm of O'Melveny & Myers LLP ("OMM").

2. I submit this declaration in support of the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), expanding the scope of OMM's retention to include the representation of New Century Warehouse Corporation ("New Century Warehouse"), effective *nunc pro tunc* to August 3, 2007 (the "Application"). Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon OMM's completion of further

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court.

3. The name, address, telephone and facsimile numbers of OMM are:

O'Melveny & Myers LLP
275 Battery Street
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

4. OMM currently serves as bankruptcy co-counsel to New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "April Debtors"), in connection with their chapter 11 cases filed on April 2, 2007. The purpose of the Application is to expand the scope of OMM's retention to include the representation of New Century Warehouse, an affiliated entity of the April Debtors that filed a chapter 11 case on August 3, 2007. New Century Warehouse and the April Debtors are collectively referred to herein as the "Debtors".

5. The Debtors have also proposed to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel for New Century Warehouse in Delaware. RLF will provide additional necessary legal services to the New Century Warehouse and will advise New Century Warehouse in connection with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended from time to time, the "Local Rules") and local practice in Delaware in connection with the prosecution of New Century Warehouse's chapter 11 cases. OMM, the Debtors and RLF have conferred and will continue to confer to ensure that there will be no undue duplication of effort or overlap of work between and among the co-counsel, and that the estates receive the best possible value

6. Prior to the NCW Petition Date, a retainer of $40,000 was paid to OMM in connection with and in contemplation of the work to be performed in connection with the filing of New Century Warehouse's chapter 11 case. It was OMM's understanding that the prepetition retainer was to be, and indeed was paid, by New Century Warehouse and the Debtors intended

that the retainer be paid by New Century Warehouse. OMM has recently learned, however, that, in accordance with the ordinary course prepetition practices of New Century Warehouse, the retainer was paid by debtor New Century Mortgage Corporation ("NCMC") on behalf of New Century Warehouse. NCMC, had historically funded all of New Century Warehouse's operations with New Century Warehouse later reimbursing NCMC for such payments. Accordingly, OMM intends to include in its next monthly fee application filed in these chapter 11 cases a request for payment of the fees and expenses incurred in connection with the preparation of New Century Warehouse's chapter 11 cases and for nunc pro tunc approval of NCMC's payment of the retainer amount, which, to date, has not been drawn upon.

7. Other than the above-referenced retainer, no amounts were received from or on behalf of New Century Warehouse for prepetition legal services.

8. There are no arrangements between OMM and any other entity to share compensation received or to be received in connection with these cases other than as among the partners of OMM.

9. OMM acknowledges that all amounts paid to OMM during these cases are subject to final allowance by the Court regardless of the method approved by the Court for the draw down on the retainer (if authorized). In the event that the Court disallows any fees or expenses paid to OMM, the fees and expenses will be disgorged by OMM and returned to the Debtors or as otherwise ordered by the Court.

10. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), OMM intends to apply for compensation for professional services rendered in connection with New Century Warehouse's chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by OMM during the case. OMM intends to include all requests for the payment of fees and the reimbursement of expenses relating to services performed on behalf of New Century Warehouse

in a single monthly fee application relating to services performed for all of the Debtors. OMM intends to charge its standard hourly rates for such services, as set forth in the application to retain OMM and related declaration filed by the April Debtors on April 6, 2007.

11. OMM categorizes its billings by subject matter and in compliance with the applicable guidelines of the Office of the United States Trustee. OMM acknowledges its compensation in the Debtors' cases is subject to approval of the Court in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

12. OMM has conducted a check for conflicts of interest and other conflicts and connections with respect to the chapter 11 case of New Century Warehouse. OMM maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. OMM has a department devoted to the research and analysis of conflict of interest and other conflict issues.

13. I caused OMM to review and analyze the conflict database to determine whether OMM has any connection with the principal parties in interest in these cases as set forth on Exhibit 2 attached hereto (the "Potential Parties in Interest"), to the best of our knowledge, using information provided to OMM by the Debtors and information contained in the database. Based upon this research, in consultation with other OMM attorneys, we have determined that OMM has in the past represented, currently represents and/or may in the future represent certain Potential Parties in Interest (including, without limitation, (a) those entities set forth on Exhibit 3 attached hereto, which are current clients or are possible affiliates of current clients, and (b) the entity set forth on Exhibit 4, which is a former client).

14. In particular, OMM makes the following disclosure: NCMC, which is among the April Debtors represented by OMM, holds a general unsecured claim against New Century Warehouse. This claim results mostly from the historical relationship between NCMC and New Century Warehouse, in which NCMC would pay New Century Warehouse's operational expenses and then New Century Warehouse would later reimburse NCMC by

upstreaming funds. In addition, the funds wired for retainers for New Century Warehouse's professionals are included in that claim. Since the April Debtors' petition date, New Century Warehouse has not upstreamed any funds to NCMC, and the cash that normally would have been upstreamed to NCMC remains in a New Century Warehouse bank account.

15. I do not believe that any single matter on behalf of any client listed on Exhibit 3 is an engagement that would involve either the billing of fees in excess of one and one-half percent (1.5%) of OMM's annual fees billed. To the extent that New Century Warehouse commences an adversary proceeding under Bankruptcy Rule 7001 or initiate a claim objection with respect to any such client, OMM will either obtain an appropriate waiver of the conflict or refer the matter to alternative counsel. In any event, aside from NCMC, OMM does not and will not represent any of the foregoing claimants or any party in interest in any facet of New Century Warehouse's chapter 11 case.

16. To the best of my knowledge, and based upon the foregoing efforts and inquiries, OMM and the attorneys employed by it are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, who do not hold or represent an interest adverse to the estates and, except as set forth above, do not have any connection with the Debtors, their creditors, or any other party in interest in these cases or with their respective counsel or accountants, with the judges of this Court, or with the United States Trustee or any person employed in the Office of the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 24th day of September, 2007 at San Francisco, California.

Suzzanne S. Uhland

# Exhibit 1

## ACCOUNTING SUMMARY OF PAYMENTS

| Date | Transaction | Amount | Retainer Balance |
|---|---|---|---|
| 7/23/07 | NCW Retainer received by OMM via wire transfer from New Century Mortgage Corporation | $40,000.00 | $40,000.00 |
| | Current amount held in NCW Retainer | | $40,000.00 |

# Exhibit 2

## Potential Parties in Interest

**Largest Creditors of New Century Warehouse Corporation**

- **New Century Mortgage Corporation**
- **Goldman Sachs Mortgage Company**
- **Vinson & Elkins LLP**
- **Deutsche Bank**
- **LaSalle Bank**

# Exhibit 3

## CURRENT CLIENTS[1]

- New Century Mortgage Corporation and certain affiliates thereof
- Goldman Sachs Mortgage Company and certain affiliates thereof
- Vinson & Elkins LLP
- Deutsche Bank

[1] Due to the similarity of names of certain entities, OMM was not able to determine if all entities listed herein actually are affiliates of current clients. However, in exercising an abundance of caution, OMM has listed those entities which it reasonably believes may be affiliates of current clients.

# Exhibit 4

## FORMER CLIENTS

- LaSalle Bank