IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br><br>Debtor. | Chapter 11<br>Case No. 07-10416-KJC |

**ORDER TERMINATING AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**
*(relates to Docket No. 2635)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (the "Motion") filed by REO Properties Corporation c/o Ocwen Loan Servicing, LLC ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that the Debtor does not have an interest in each parcel of real property listed on **Exhibit A** hereof (each a "Property," and collectively, the "Properties") and that the Debtor's interest in each of the Properties, if any, is not necessary to an effective reorganization; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to the Properties because Movant's interest in the Properties is not adequately protected; it is hereby ORDERED as follows:

1. The Motion is hereby GRANTED. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2. Pursuant to 11 U.S.C. § 362(d), Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Properties. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against each of the Properties, including but not limited to foreclosure of any Mortgage relating to such Properties.

3. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date: Sept. 28, 2007
Wilmington, Delaware

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE