# EXHIBIT A

RLF1-3207440-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** a Delaware corporation, <u>et al.</u>,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| **Debtors.** | : | |

## FOURTH STIPULATION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF GENERAL ELECTRIC CAPITAL CORPORATION

This Fourth Stipulation ("<u>Fourth Stipulation</u>") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California Corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "<u>Debtors</u>") and General Electric Capital Corporation ("GECC"), by their respective counsel.

## RECITALS

A.    The Debtors commenced these cases by filing voluntary petitions under Title 11 of the United States Code, 11 U.S.C. §§101-1532, (the "Bankruptcy Code"), on April 2, 2007.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership, and New Century Warehouse Corporation, a California corporation.

B.  On May 11, 2007, GECC filed a motion requesting, among other things, relief from the automatic stay to recover possession of certain personal property equipment leased by GECC to certain of the Debtors and certain personal property equipment owned by the Debtors and purportedly encumbered by first priority liens in favor of GECC (Docket No. 630) ("Relief Stay Motion"). On June 7, 2007, the Debtors filed an objection to the Relief Stay Motion (Docket No. 1166). Also, on June 7, 2007, the Official Committee of Unsecured Creditors filed an objection to the Relief Stay Motion (Docket No. 1168). The Examiner filed an objection on June 14, 2007 (Docket No. 1237) and the Maricopa County Treasurer's Office filed an objection on June 28, 2007 (Docket No. 1728).

C.  On July 20, 2007, the Debtors and GECC entered into a Stipulation relating to the Relief Stay Motion ("First Stipulation") which provided, among other things, for a limited modification of the automatic stay in the Debtors' bankruptcy case so as to permit GECC to take possession of certain of its collateral from the Debtors pursuant to and as is more specifically described in the First Stipulation. The First Stipulation specifically indicated that except as expressly provided for therein, the parties thereto specifically reserved and preserved all of their respective rights and remedies and any and all issues and disputes related to or arising in connection with the Relief Stay Motion including, without limitation (i) the validity and priority of any security interest or lien; and (ii) any and all claims, remedies, defenses and other rights of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors). The First Stipulation was approved by an Order of the Bankruptcy Court dated July 23, 2007 (Docket No. 2011).

D.  On or about July 31, 2007, the Debtors and GECC entered into a Second Stipulation relating to the Relief Stay Motion ("Second Stipulation") which provided, among other things, for a continuance of the scheduled hearing on the Relief Stay Motion to and until August 21, 2007, at 1:30 p.m., and for certain payments from the Debtors to GECC. The Second

Stipulation specifically indicated that except as expressly provided for therein, the parties thereto specifically reserved and preserved all of their respective rights and remedies and any all issues and disputes related to or arising in connection with the Relief Stay Motion including, without limitation: (i) the validity and priority of any security interest or lien; and (ii) any and all claims, remedies, defenses and other rights of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors. The Second Stipulation was approved by an Order of the Bankruptcy Court dated August 2, 2007 (Docket No. 2134).

E.   On or about July 31, 2007, the Debtors and GECC entered into a Third Stipulation relating to the Relief Stay Motion ("Third Stipulation") which provided, among other things, for a continuance of the scheduled hearing on the Relief Stay Motion to and until October 2, 2007, at 1:30 p.m., for certain payments from the Debtors to GECC and for other relief. The Third Stipulation specifically indicated that except as expressly provided for therein, the parties thereto specifically reserved and preserved all of their respective rights and remedies and any all issues and disputes related to or arising in connection with the Relief Stay Motion including, without limitation: (i) the validity and priority of any security interest or lien; and (ii) any and all claims, remedies, defenses and other rights of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors. The Third Stipulation was approved by an Order of the Bankruptcy Court dated August 23, 2007 (Docket No. 2534).

F.   The Debtors and GECC are attempting to reach a global resolution of the issues raised in the Relief Stay Motion. The Debtors and GECC, however, need additional time within which to negotiate such a global resolution. The Debtors and GECC, therefore, have agreed to continue the hearing presently scheduled on GECC's Relief Stay Motion from October 2, 2007 at 1:30 p.m. to and until November 6, 2007 at 1:30 p.m. In exchange for GECC's agreement to continue the hearing, and as compensation to GECC for the Debtors' continued use of the equipment of the Debtors against which GECC allegedly holds liens, the Debtors have agreed,

inter alia, to make a $100,000.00 payment to GECC and have otherwise agreed as set forth herein including, without limitation: (i) to the provision below granting GECC relief from the stay with respect to certain equipment of the Debtors against which GECC allegedly holds liens; and (ii) the provision below dealing with certain equipment against which GECC allegedly holds liens and which the Debtors intend to sell.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Third Stipulation, through their undersigned counsel or representatives, that:

### AGREEMENT

1. The hearing presently scheduled on GECC's Relief Stay Motion is continued to and until November 6, 2007 at 1:30 p.m.

2. On or before 5:00 p.m. on October 3, 2007, the Debtors shall pay GECC a payment in the amount of $100,000.00, for application by GECC as an advance on the distribution to GECC on account of its secured claims as ultimately allowed by the Court.

3. Upon payment to GECC of the $100,000.00 payment called for in Section 2 above, the "Secured Claim Reserve" established in favor of GECC pursuant to this Court's Order dated May 23, 2007 (Docket No. 844) approving, among other things, the sale of certain of the Debtors' assets to Carrington Capital Management, LLC ("Secured Claim Reserve"), shall be reduced by the sum of $100,000.00.

4. GECC is hereby granted immediate relief from the automatic stay of Section 362 of the United States Bankruptcy Code and such automatic stay is hereby immediately terminated as to the equipment of the Debtors described in Exhibits A-1 and A-2, attached hereto and made a part hereof (collectively, the "Subject Equipment"). The Subject Equipment described in Exhibit A-1 is located at the Buena Park Bekins Storage Facility, 6300 Valley View, Buena Park, California ("Buena Park Facility"). The Subject Equipment described in Exhibit A-2

is located at the Park Place Facility, 3337 Michaelson Drive, Suite 340, Irvine, California ("Park Place Facility"). The Debtors agree to immediately turnover possession of the Subject Equipment to GE and GE agrees to take possession of the Subject Equipment and to remove the same from the Buena Park Facility and the Park Place Facility on or before 5:00 p.m. October 10, 2007. Upon taking possession of the Subject Equipment, GECC shall be immediately entitled to exercise and enforce its various rights and remedies as a secured creditor with respect to the Subject Equipment pursuant to the terms and conditions of the loan documentation between certain of the Debtors and GECC and applicable law.

5. By way of this Fourth Stipulation, GECC agrees that the Debtors shall hereafter be authorized to sell all furniture of the Debtors against which GECC holds liens (collectively, the "Subject Furniture") at one or more sales to be hereafter conducted by Debtors pursuant to Section 363 of the United States Bankruptcy Code, such sales, however, to be subject to the following terms and conditions:

(a) Prior to conducting any such sale, the Debtors shall provide GECC and its counsel with three (3) written bids for the Subject Furniture to be sold;

(b) The Debtors shall accept the highest bid for the Subject Furniture to be sold;

(c) The terms of such sales shall require immediate cash payment to the Debtors for the Subject Furniture being sold;

(d) GECC's liens against the Subject Furniture to be sold shall attach to the proceeds arising from the sale of the same in the same order of priority as the liens GECC held against the Subject Furniture being sold; and

(e) Upon the Debtor's receipt of payment for the Subject Furniture being sold, the Secured Claim Reserve shall be reduced by the amount so paid to the Debtors.

6.    The parties will continue their discussions towards a global resolution of GECC's claims, and GECC and the Debtors shall cooperate with each other in the return to GECC of the equipment which GECC was supposed to take possession of pursuant to the First Stipulation and the Third Stipulation, to the extent that GECC has not obtained possession of any such equipment to date.

7.    Except as expressly provided herein, the parties reserve all of their respective rights and remedies, and any and all issues and disputes are hereby preserved, in connection with the Relief Stay Motion, including, without limitation (i) the validity and priority of any security interest or lien and (ii) any and all claims, remedies, defenses and any other right of any party (including the Debtors, their estates, GECC and the Official Committee of Unsecured Creditors). In addition, GECC specifically reserves and shall retain all of its rights and remedies in connection with its financed equipment claims, lease claims and all other claims GECC holds against the Debtors.

8.    The Court shall retain jurisdiction over any such issues and disputes.

9.    This Fourth Stipulation shall be effective and enforceable immediately upon approval by the Court, and any stay otherwise imposed by Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived. The Bankruptcy Court's approval of this Fourth Stipulation is without prejudice to GECC's right to claim higher adequate projection payments than the payments called for herein at the November 6, 2007 hearing, any other hearing held in connection with GECC's Relief Stay Motion or claims, or otherwise.

10.    The parties agree to and will cooperate fully with each other in the performance of this Fourth Stipulation, and will execute such additional agreements, documents or instruments and take such further action as may reasonably be required to carry out the intent of this Fourth Stipulation.

**STIPULATED AND AGREED**

*/s/ Christopher M.*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854) — Christopher M.
RICHARDS, LAYTON & FINGER, P.A.   Samis (No. 4909)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

*/s/ Michael G. Gallerizzo*

Michael G. Gallerizzo (No. 4550)
Eric Schuster
GEBHARDT & SMITH LLP
One South Street, Ste. 2200
Baltimore, Maryland 21202-3281
(410) 385-5048
ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION

Dated September 28, 2007

## GECCEncumbered Office Equipment - Round 1 at Buena Park Bekins Storage Facility

| | Inv Date | Vendor | category | Manufacture | Description | Model # | Serial # | Buena Park Y/N | Contract | row |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1/9/2003 | Ikon Office Solutions | copier | Ricoh | Copier Aficio 1075 | AF1075 | J4325400353 | y | 4159986-001 | 1660 |
| 2 | 1/9/2003 | Ikon Office Solutions | copier | Ricoh | Copier Aficio 1075 | AF1075 | J4325900766 | y | 4159986-001 | 1661 |
| 3 | 11/4/2003 | Zeno Office Solutions | copier | Ricoh | Copier Aficio 1075 | AF1075 | J4335100617 | y | 4159986-001 | 1904 |
| 4 | 1/30/2004 | Ikon Office Solutions | copier | Ricoh | Copier Aficio 1075 | AF1075 | J4335900386 | y | 4159986-001 | 48 |
| 5 | 3/29/2004 | Ikon Office Solutions | copier | Ricoh | Copier Aficio 2045 | AF2045 | J8046100168 | y | 4159986-002 | |
| 6 | 11/8/2003 | Insight | Printer | HP | Printer 4600DN | 4600DN | JPGMC49853 | y | 4159986-001 | 3839 |
| 7 | 4/30/2003 | Enterprise Solutions / Avnet | Printer | HP | Printer 8150N | 8150N | JPBLR13470 | y | 4159986-001 | 1278 |
| 8 | 5/27/2004 | E-Systems Design Corp. | Printer | HP | Printer 9000DN | 9000DN | JPBRY09850 | y | 4159986-002 | |
| 9 | 4/29/2004 | Insight | scanner | HP | Scanner Digital Sender | 9100C | JP26015339 | y | 4159986-002 | |
| 10 | 8/19/2003 | E-Systems Design Corp | | HP | Flatbed Digital Sender | 9100C | JP16003738 | y | 4150399-001 | 1379 |

EXHIBIT A-1

| Bar Code | CostCenter | Last Inventoried Date | Description | Location Name | Serial Number | Purchase Price |
|---|---|---|---|---|---|---|
| | | Desktop Phone Avaya Definity 6408+ Count | 11 | | | |
| | | Docking Station IBM ThinkPad Count | 3 | | | |
| | | Fax Canon LC710 Count | 11 | | | |
| | | Fax Toshiba DP120F Count | 11 | | | |
| | | Fax Toshiba DP125F Count | 2 | | | |
| | | FPD 15 in Max Dual LCD MD215 Count | 1 | | | |
| | | FPD 17 in HP LCD L1702 Count | 1 | | | |
| | | FPD 17 in NEC LCD 1759 Count | 1 | | | |
| | | FPD 17 in NEC LCD 1760NXi Count | 1 | | | |
| | | FPD 17 in Viewsonic LCD VA712b Count | 1 | | | |
| | | FPD 17 in Viewsonic LCD VG700B Count | 3 | | | |
| | | FPD 17 in Viewsonic LCD VG710b Count | 4 | | | |
| | | FPD 17 in Viewsonic LCD VP720b Count | 1 | | | |
| | | FPD 19 in NEC Count | 3 | | | |
| | | FPD 19 in NEC LCD Count | 2 | | | |
| | | FPD 19 in NEC MultiSync LCD 1960NXi Count | 3 | | | |
| | | FPD 19 in Viewsonic LCD VG910 Count | 2 | | | |
| | | FPD 20 in NEC LCD 2080UX Count | 1 | | | |
| | | Library StorageTEK L20 Count | 1 | | | |
| | | Network UPS Liebert UPS Station GXT Count | 8 | | | |
| | | Printer HP Color Laserjet 4600DN Count | 5 | | | |
| | | Printer HP Color Laserjet 4600DTN Count | 2 | | | |
| | | Printer HP Color Laserjet 4650DN Count | 2 | | | |
| | | Printer HP Laserjet 4200TN Count | 44 | | | |
| | | Printer HP Laserjet 8150DN Count | 3 | | | |
| | | Printer HP Laserjet 8150N Count | 1 | | | |
| | | Printer HP Laserjet 9000DN Count | 2 | | | |
| | | Printer Xerox Color Phaser 7700 Count | 1 | | | |
| | | Projector LCD 3M MP8745 Count | 1 | | | |
| | | Projector LCD Epson PowerLite 730C Count | 1 | | | |
| | | Projector LCD Epson PowerLite 735C Count | 1 | | | |
| | | Scanner Canon DR-3060 Count | 1 | | | |
| | | Scanner HP Digital Sender 9100C Count | 1 | | | |
| Grand Count | | | 135 | | | |

EXHIBIT A-2