# EXHIBIT 1

RLF1-3207331-1

**EXHIBIT 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **NEW CENTURY TRS HOLDINGS,** : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] : | |
| : | **Jointly Administered** |
| **Debtors.** : | |
| : | |

## STIPULATION BETWEEN DEBTORS AND 816 CONNECTICUT AVENUE, L.P. PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

The parties to this stipulation are New Century Financial Corporation and related debtors (collectively, the "Debtors") and 816 Connecticut Avenue, L.P. (the "Landlord"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, New Century Financial Corporation ("NCFC" or the "Tenant"), as tenant, and 816 Connecticut Avenue, L.P., as landlord, entered into the Agreement of Lease, commencing on or about September 15, 2004 (the "Lease") pursuant to which New Century was a tenant in the Landlord's real property at 816 Connecticut Avenue, N.W. Washington, D.C. 20006 (the "Premises").

WHEREAS, Under the Lease, rent is due the first day of each month during the Lease term, which Lease term expires September 14, 2009.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WHEREAS, on June 20, 2007, the Debtors filed their Notice of Rejection of Unexpired Lease of Non-Residential Real Property (D.I. 1396) (the "Notice of Rejection"). Pursuant to the Notice of Rejection and the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) ten (10) days after the Notice of Rejection was served or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to Landlord.

WHEREAS, a dispute has arisen between the Debtors and the Landlord regarding, *inter alia*, the effective date of rejection of the Lease and the amount of post-petition obligations due and owing Landlord.

WHEREAS, the Debtors and the Landlord hereby enter into this stipulation to resolve the dispute upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing the Debtors to enter into this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord, subject to the approval of the Bankruptcy Court, as follows:

### AGREEMENT

1.  Upon entry by the Court of an order approving this Stipulation, the rejection of the Lease as reflected in the Agreement is effective as of August 31, 2007. The Landlord is authorized to offset the security deposit made pre-petition by NCFC in the amount of $7,416.46 against administrative rent owing for the month of August 2007 in the amount of $8,187.06. The sole remaining administrative obligation of the Debtors to the Landlord shall be $770.60 for the balance of the August 2007 rent.

2.  The Debtors have determined that the value of the personal property remaining at the Premises has a *de minimis* value or the cost of removing the property exceeds

the value of such property and therefore any remaining personal property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of August 31, 2007.

3. The Landlord shall have until October 15, 2007 to file any claim for damages resulting from the rejection of the Lease.

4. Except as provided in Paragraph 5 below, effective as of August 31, 2007, Landlord does hereby RELEASE, REMISE, CANCEL and FOREVER DISCHARGE Tenant and Tenant's principals, agents, attorneys and employees, past, present and future and each of their respective heirs, representatives, sureties, affiliates, successors and assigns, from all disputes, demands, causes of action, claims, liabilities, obligations, debts or controversies which they, or any of their agents, employees, representatives, sureties, affiliates, successors and assigns may claim or assert or which may otherwise exist with respect to Tenant, including, but not limited to, any claims, whatsoever related to or in any way connected with the Lease or the Landlord/Tenant relationship between Landlord and Tenant, known or unknown, regardless of whether such claims, demands or damages arose in the past, exist presently, result from termination or rejection of the lease, or arise in the future. Landlord declares all of said claims, demands and causes of action to be fully and finally satisfied and released in all respects, whether said claims, demands, injury or loss involve personal injury, mental injury, economic injury or loss or injury of any nature, whether legal or equitable, asserted or unasserted, and whether or not economic effects of any such alleged claims, demands and causes of action arise or are discovered in the future. Landlord warrants that this release of Tenant is intended to be of the broadest nature and to be dispositive of all matters concerning Tenant.

5. The foregoing notwithstanding, Landlord expressly reserves any and all rights with respect to any claims, demands, obligations, debts, controversies or causes of action that exist or may arise on account of rejection of the Lease pursuant to section 365 of the Bankruptcy Code.

6. Except as provided in Paragraph 7 below, effective as of August 31, 2007, Tenant does hereby RELEASE, REMISE, CANCEL and FOREVER DISCHARGE Landlord and the Landlord's officers, directors, shareholders, agents, attorneys, and employees, past, present and future and each of their respective heirs, representatives, sureties, affiliates, successors and assigns from all disputes, demands, causes of action, claims, liabilities, obligations, debts or controversies which they, or any of their agents, employees, representatives, sureties, affiliates, successors and assigns may claim or assert or which may otherwise exist with respect to Landlord, including, but not limited to (a) any claims whatsoever related to or in any way connected with the Lease or the Landlord/Tenant relationship between Landlord and Tenant, known or unknown, regardless of whether such claims, demands or damages arose in the past, exist presently, or arise in the future; and (b) any claims or causes of actions by Tenant, the Debtors and/or their respective bankruptcy estates under sections 542, 543, 544, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code. Tenant declares all of said claims, demands and causes of action to be fully and finally satisfied and released in all respects, whether said claims, demands, injury or loss involve personal injury, mental injury, economic injury or loss or injury of any nature, whether legal or equitable, asserted or unasserted, and whether or not the economic effects of any such alleged claims, demands and causes of action arise or are discovered in the future. Tenant warrants that this release of Landlord is intended to be of the broadest nature and to be dispositive of all matters concerning Tenant.

7. The foregoing notwithstanding, the Tenant expressly reserves any and all defenses, objections and counterclaims that exist to or may arise on account of Paragraph 5 above.

8. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

9. The provisions of this Stipulation shall be binding upon any Chapter 7 or Chapter 11 trustee and shall survive any conversion and/or dismissal of the this case.

10. The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

11. The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation and the Agreement.

Dated: ~~September 1~~, 2007
       October

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)   Christopher M.
RICHARDS, LAYTON & FINGER, P.A.   Samis (No. 4909)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

    -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: September __, 2007

816 Connecticut Avenue, L.P.

_____
Bryn H. Sherman, Esq.
Deckelbaum Ogens & Raftery, Chtd.
3 Bethesda Metro Center, Suite 200
Bethesda, MD 20814
(301) 961-9200

Attorneys for 816 Connecticut Avenue, L.P.