## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. 389 |

## ORDER APPOINTING FEE AUDITOR AND ESTABLISHING RELATED PROCEDURES CONCERNING THE PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND MEMBERS OF OFFICIAL COMMITTEES AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 389] (the "Compensation Order"); and the Court having determined that the size and complexity of these cases will result in numerous written applications for payment of professional fees and reimbursement of expenses; and it further appearing that the appointment of a fee auditor pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, Rule 706 of the Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court, is in the best interests of the above-captioned debtors' and debtors in

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3200703-1

possession's (the "Debtors") estates, their creditors and all parties in interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors and the Official Committee of Unsecured Creditors (the "Committee") having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee auditor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Employment of Auditor

Warren H. Smith & Associates, P.C. is hereby employed as the fee auditor (the "Auditor") to act as special consultant to the Court for professional fee and expense review and analysis, as described in this Order.

2. Scope of Order

This Order applies to: (i) all professionals in these cases employed or to be employed pursuant to section 327, 328, 1103 or 1106 of title 11 of the United States Code (the "Bankruptcy Code"), including, but not limited to, professionals retained by the Debtors, the Committee or the examiner appointed in these chapter 11 cases; (ii) all members of official committees (the "Committee Members") appointed in these cases; (iii) the examiner appointed in these chapter 11 cases; and (iv) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the Order Authorizing Retention of Professionals Utilized in the Ordinary Course of Business

Pursuant to Sections 327 and 328 of the Bankruptcy Code [Docket No. 569] (the "Ordinary Course Professionals Order"); provided, however, to the extent that the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation caps set forth therein, such fees and expenses shall be reviewed by the Auditor as set forth herein, and (c) as otherwise ordered by the Court. The parties subject to the terms of this Order are hereinafter referred to as "Applicants."

3. Purpose of Order

The Court has determined that, in conjunction with the appointment of a fee auditor, it is necessary to establish uniform procedures for the review, allowance and payment of fees and expenses of Applications to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2] The procedures to be followed are detailed below.

4. Effect on Interim Compensation Procedures

The terms of the Compensation Order shall not be modified by this Order, except that: At the time of filing each Monthly Fee Application and each quarterly Interim Fee Application Request (as defined in the Compensation Order), the Applicant filing such application shall also send to the Auditor the application or request, including the fee detail containing the time entries (the "Fee Detail"), in hardcopy format via First Class U.S. Mail, and shall send to the Auditor via e-mail in a searchable electronic format such as Excel, Microsoft Word or WordPerfect, but not Adobe Acrobat. An Applicant need not send the electronic formatted Fee Detail for a particular quarterly Interim Fee Application Request to the Auditor if such Applicant has previously submitted all of such electronic formatted Fee Detail relevant to

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 (the "Guidelines").

3

such fee request to the Auditor, whether in conjunction with the relevant Monthly Fee Applications or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the accepted aforementioned electronic formats, the Auditor will work with such Applicant to find an appropriate electronic format. With respect to Fee Applications filed prior to the entry of this Order, each of the Applicants shall provide the Fee Detail to the Auditor within fifteen (15) days of entry of this Order.

     5.    <u>Duties of Auditor and Related Procedures</u>

The Auditor shall review in detail, quarterly Interim Fee Application Requests and final fee applications (each a "Fee Application") filed with the Court by Applicants in these cases pursuant to sections 330 and 331 of the Bankruptcy Code. To the extent reasonably practicable, the Auditor shall avoid duplicative review when reviewing final fee applications comprised of quarterly Interim Fee Application Requests that have already been reviewed by the Auditor.

During the course of its review, the Auditor may review any filed documents in these cases and shall be responsible for general familiarity with the docket in these chapter 11 cases. The Auditor shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002. The Auditor shall be served with all such papers.

If the Auditor has any questions, issues or disputes regarding a quarterly Interim Fee Application Request, the Auditor shall communicate such questions, issues or disputes in writing to the Applicant (the "Initial Report") within thirty (30) days after the latter of (i) the due date of a quarterly Interim Fee Application Request or (ii) service upon the Auditor of a quarterly Interim Fee Application Request.

Any Applicant who has received an Initial Report may respond to such questions, issues or disputes raised in such Initial Report by, within ten (10) days after the date of the Initial Report, serving upon the Auditor via e-mail a response, which response can be contained in the e-mail itself, or, if it is contained in an attachment to the e-mail, must be in a searchable electronic format, such as in Microsoft Word, WordPerfect or Excel, but not Adobe Acrobat.

The Auditor shall file with the Court a final report with respect to each quarterly Interim Fee Application Request (the "Final Report") within the latter of: (i) thirty (30) days after the date of the Initial Report or twenty (20) days after the receipt of a response to the Initial Report.

Any of the periods set forth above in this paragraph may be extended by the mutual consent of the Auditor and the Applicant.

The Auditor shall serve each Final Report upon the affected Applicant and the Notice Parties (as defined in the Compensation Order). The Final Report shall be in a format designed to opine whether the requested fees of the applicable Applicant meet the applicable standards of section 330 of the Bankruptcy Code.

Within fifteen (15) days after the date of the Final Report, the subject Applicant may file with the Court a response to such Final Report. Such response shall be served upon the Notice Parties. Hearings on all quarterly Interim Fee Application Requests for a particular quarterly interim period shall be scheduled by the Court in consultation with the Debtors' counsel after the Auditor has filed Final Reports for all quarterly Interim Fee Application Requests for such period.

Should an Applicant fail to meet one or more deadlines set forth herein for the review of a quarterly Interim Fee Application Request, and, in the sole discretion of the Auditor,

the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such quarterly Interim Fee Application Request shall be heard at a subsequent hearing date.

The Auditor shall be available for deposition and cross-examination by the Debtors, the Committee, the United States Trustee and other interested parties consistent with Rule 7006 of the Federal Rules of Evidence.

6. <u>Fees and Expenses of the Auditor</u>

The fees and expenses of the Auditor shall be subject to application and review pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Auditor for its services in accordance with this Order shall be charged at the ordinary hourly rate of the Auditor for services of this nature.

7. <u>Statutory Rights and Obligations of Interested Parties Unaffected</u>

This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties-in-interest to object to Monthly Fee Applications, quarterly Interim Fee Application Requests and/or final fee applications.

8. <u>Service of this Order</u>

Counsel for the Debtors shall promptly serve a copy of this Order on the Notice Parties and each of the Applicants retained in these cases and shall file a certificate of service upon completion of such service.

9. <u>Effect of this Order</u>

This Order shall be effective immediately as of the date hereof and shall remain in effect unless and until the Court orders otherwise.

10. <u>Power of the Court</u>

The Court shall retain authority to modify this Order upon notice to the parties. Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy Code.

Dated: October ____, 2007
      Wilmington, Delaware

                                                               _____
                                                               THE HONORABLE KEVIN J. CAREY
                                                               UNITED STATES BANKRUPTCY JUDGE