IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
NEW CENTURY TRS HOLDINGS, INC.,                     :   Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,[1]                  :
                                                    :
                           Debtors.                 :   Jointly Administered
                                                    :
                                                    :   **Hearing Date: October 17, 2007 at 2:30 p.m.**
                                                    :   **Objection Deadline: October 11, 2007**
                                                    :
---------------------------------------------------------x

## EXAMINER'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS

Michael J. Missal, the Examiner (the "Examiner") appointed in the above-captioned jointly administered chapter 11 cases, by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of this Court (the "Local Rules"), for an order authorizing the examination of the Debtors' current and former directors, officers and employees, and other persons with relevant information (collectively, the "Witnesses") in order

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation..

552300.1 10/3/07

to obtain all information in their possession, custody or control that is relevant to the issues the Court has directed the Examiner to investigate.

In support of the Motion, the Examiner respectfully represents as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"); Bankruptcy Rules 2004, 9014, and 9016; Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"); and Local Rule 2004-1.

### BACKGROUND

2. On April 2, 2007, the Debtors each filed a voluntary petition under chapter 11 of title 11 of the Bankruptcy Code. On April 3, 2007, this Court ordered the joint administration of the Debtors' chapter 11 cases.

3. On June 1, 2007, this Court entered its Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "June 1, 2007 Order").

4. Pursuant to the June 1, 2007 Order, the Examiner was directed to:

> (a) investigate any and all accounting and financial statement irregularities, errors or misstatements that (i) gave rise to the need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements, (b) investigate any possible post-petition unauthorized use of cash collateral by the Debtor[s], and (c) otherwise perform the duties of an examiner set forth in section

1106(a)(3) and (a)(4) of the Bankruptcy Code," subject to the provisions of the June 1, 2007 Order.

June 1, 2007 Order at ¶ 3.

5. To enable the Examiner to perform his investigation, the June 1, 2007 Order also conferred upon the Examiner the standing of a "party-in-interest" with respect to matters that are within the scope of his investigation. Id. at ¶ 9.

6. On June 5, 2007, the United States Trustee appointed Michael J. Missal as the Examiner, and this Court approved Mr. Missal's appointment on June 7, 2007.

## RELIEF REQUESTED

7. By this Motion, the Examiner respectfully requests entry of an order authorizing him to examine the Witnesses pursuant to Bankruptcy Rule 2004. The authority to examine such individuals, and issue subpoenas to compel their attendance, is necessary to ensure the Examiner has access to the relevant information he needs to complete his investigation of the Debtors in a timely and efficient manner.

## BASIS FOR RELIEF

8. The Court should authorize the Examiner to examine the Witnesses pursuant to Bankruptcy Rule 2004 to facilitate the Examiner's access to relevant information regarding the areas of his investigation, and to enable the Examiner to complete his investigation as quickly and efficiently as possible. Bankruptcy Rule 2004(a) permits any party-in-interest to move for an order of the Court authorizing the examination of any entity. Fed. R. Bankr. P. 2004(a). Upon entry of an order authorizing such an examination, the production of documents and the attendance of witnesses for examination may be compelled by subpoena as provided in

Bankruptcy Rule 9016.[2]  Fed. R. Bankr. P. 2004(c). The scope of such examination is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge, . . . and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).

9. Since his appointment, the Examiner has received millions of pages of documents from the Debtors and he has interviewed and continues to schedule interviews of Witnesses who have voluntarily agreed to appear for interviews. Despite his best efforts, however, the Examiner has not been able to secure voluntary interviews of all requested Witnesses within a reasonable timeframe, including certain members of the Debtors' former senior management. The Examiner expects that additional Witnesses, when asked, may refuse to cooperate voluntarily. The Examiner's inability to interview such individuals is impeding the Examiner's investigation and, therefore, the authority to examine Witnesses pursuant to Bankruptcy Rule 2004 is necessary for the Examiner to move his investigation forward. The authority to examine the Witnesses pursuant to Bankruptcy Rule 2004 is also necessary to ensure that the Examiner can promptly and efficiently examine Witnesses who are identified during the course of the investigation and who decline to cooperate voluntarily.

10. Consistent with Local Rule 2004-1(a), the Examiner has worked, and will continue to work, with the Debtors' counsel and/or with all prospective examinees (or their known counsel) to schedule voluntary interviews at mutually agreeable dates, times and places before issuing subpoenas to compel an examinee's appearance for examination pursuant to Bankruptcy Rule 2004(a). If, however, the Examiner is to complete his investigation promptly,

---

[2] Bankruptcy Rule 9016 incorporates Fed. R. Civ. Proc. 45 which governs the use of a subpoena to produce evidence or to command attendance at a trial, hearing or deposition.

he requires the ability to issue subpoenas to uncooperative witnesses without having to incur the expense and delay of making a separate application under Bankruptcy Rule 2004 for every such person. Nothing in this Motion shall limit any Witness' right under applicable law to object to or oppose any subpoena the Examiner may serve upon such Witness.

## NOTICE

11.    Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Debtors, counsel for the Unsecured Creditors Committee, Witnesses or their known counsel whom the Examiner has already sought unsuccessfully to interview, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

12.    The Examiner is aware that Local Rule 2004-1(c) ordinarily requires service of a Bankruptcy Rule 2004 application on any proposed examinee or their known counsel. In this instance, however, literal compliance with Local Rule 2004-1(c) would be impossible, because it would require the Examiner to serve the Motion on prospective Witnesses whom the Examiner has not yet identified or located. Accordingly, the Examiner respectfully requests that this local requirement be waived with respect to the Motion and that service be limited to the parties listed above. The Examiner notes that limiting service of the Motion is consistent with the Advisory Committee Notes for Bankruptcy Rule 2004, which expressly recognize that a motion to examine an entity pursuant to Bankruptcy Rule 2004 may be heard *ex parte*. Advisory Committee Notes to Fed. R. Bankr. P. 2004, reprinted in 2007 Collier Pamphlet Edition, Part 2, Bankruptcy Rules (2006) (stating that a motion for authority to conduct a Rule 2004 examination "may be heard *ex parte* or it may be heard on notice").

**WHEREFORE**, the Examiner respectfully requests that this Court enter an Order: (i) granting the Motion in its entirety; (ii) authorizing the Examiner to conduct examinations of Witnesses regarding the issues identified in the June 1, 2007 Order; (iii) authorizing the Examiner to compel the production of documents and the testimony of Witnesses through the issuance of subpoenas pursuant to Fed. R. Bankr. P. 2004 and 9016, and Fed. R. Civ. P. 45 when the Examiner's reasonable efforts to obtain voluntary compliance are unsuccessful; and (iv) granting the Examiner such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 3, 2007

**SAUL EWING LLP**

By: _/s/ Mark Minuti_

Mark Minuti (DE No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6840

and

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
Edward M. Fox, Esq.
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Stephen G. Topetzes, Esq.
Stavroula E. Lambrakopoulos, Esq.
1601 K Street, NW
Washington, DC 20006
(202) 778-9328

Attorneys for Michael J. Missal, Examiner