## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Hearing Date: 10/2/07 at 1:30 P.M. |
| | : | Objection Deadline: 9/25/07 at 4:00 P.M. |

## MOTION TO AMEND ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS TO INCLUDE DEBTOR NEW CENTURY WAREHOUSE CORPORATION *NUNC PRO TUNC* TO AUGUST 3, 2007

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors" or the "Company"), by and through their undersigned counsel, hereby submit this motion (the "Motion")[2] to amend the order under sections 105 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment of AP Services, LLC

---

[1]   The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Engagement Letter (defined below).

("APS") as their crisis managers (the "APS Retention Order") to include debtor New Century

Warehouse Corporation ("Warehouse") nunc pro tunc to August 3, 2007.  In support of this

Motion, the Debtors rely on the Declaration of Holly Felder Etlin attached hereto as Exhibit B.

In further support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

     1.     On June 15, 2007, the Court entered the APS Retention Order.

     2.     On August 3, 2007, Warehouse, an affiliate of Debtors, filed a petition for

chapter 11 relief.

     3.     On August 7, 2007, the Court entered an order authorizing joint

administration of Warehouse's chapter 11 case with the chapter 11 cases of the Debtors.

## RELIEF' REQUESTED

     4.     By this Motion, the Debtors seek to amend the APS Retention Order to

include Warehouse, nunc pro tunc to August 3, 2007.

## MEMORANDUM OF LAW

     5.     The Debtors submit that this Motion does not present any novel issues of

law requiring briefing.  Therefore, pursuant to Rule 7.12 of the Local Rules of Civil Practice and

Procedure of the United States District Court for the District of Delaware (as amended from time

to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b),

the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule

7.1.2(a) of the Local District Court Rules.

## NOTICE

     6.     No trustee has been appointed in these chapter 11 cases.  Notice of this

Motion has been provided to: (1) the Office of the United States Trustee for the District of

Delaware; (2) counsel to the Official Committee of Unsecured Creditors appointed in these

chapter 11 cases; (3) counsel to the examiner appointed in these chapter 11 cases; and (4) all

parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  In light of the nature of the relief requested

herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

7.    No previous motion for the relief sought herein has been made to this or

any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

substantially in the form attached hereto as Exhibit C:  (a) amended the APS Retention Order to

include Warehouse *nunc pro tunc* to August 3, 2007, under the terms of the Engagement Letter

(as modified by this Motion) and (b) granting such further relief as is just and proper.

Dated:  October 3, 2007          Respectfully submitted,
        Wilmington, Delaware

                                 New Century Financial Corporation, New Century
                                 TRS Holdings, Inc., New Century Mortgage
                                 Corporation, NC Capital Corporation, Home123
                                 Corporation, New Century Credit Corporation, NC
                                 Asset Holding, L.P., NC Residual III Corporation,
                                 NC Residual IV Corporation, New Century R.E.O.
                                 Corp., New Century R.E.O. II Corp., New Century
                                 R.E.O. III Corp., New Century Mortgage Ventures,
                                 LLC, NC Deltex, LLC, NCoral, L.P., as Debtors
                                 and Debtors in Possession


                                 By:    _____s/ Monika L. McCarthy_____
                                        Monika L. McCarthy
                                        Senior Vice President & General Counsel

**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**



| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, <u>et al.</u>,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket Nos. 414, 876 and 1231** |

### ORDER UNDER 11. U.S.C. § 105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS <u>*NUNC PRO TUNC*</u> TO APRIL 2, 2007

Upon the motion (the "Motion")[2] of the Debtors for an order under 11 U.S.C. §§ 105 and 363 authorizing the employment of AP Services, LLC ("APS") as crisis managers for the Debtors *nunc pro tunc* to April 2, 2007; and upon the Declaration of Holly Felder Etlin (the "Etlin Declaration") filed concurrently with the Motion; and Debtor New Century Financial Corporation and APS having entered into that certain Interim Management and Restructuring Services, dated March 22, 2007 (as amended on May 11, 2007 and again on June 12, 2007, the "Engagement Letter")[3], a copy of which was attached to the Motion as Exhibit A; and the Court

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

[3] The Debtors filed a Notice of the First Amendment to Agreement for Interim Management and Restructuring Services Between AP Services, LLC and New Century Financial Corporation with the Court on May

RLF1-3164898-1

having reviewed the Motion, the Etlin Declaration and the Engagement Letter; and the Court

having held a hearing on the Motion and the Court having determined that the relief requested in

the Motion is necessary and in the best interests of the Debtors, their estates, creditors, and other

parties-in-interest, and it appearing that APS does not hold or represent any interest adverse to

the Debtors' estates and this Court having determined that the retention of APS in the best

interests of the Debtors, their creditors, and equity security holders; and it appearing that notice

of the Motion was good and sufficient under the particular circumstances and that no other or

further notice need be given; and upon the record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that

1.      The Motion is GRANTED as modified herein.

2.      Under 11 U.S.C. §§ 105 and 363, the Debtors, as debtors-in-possession, are

authorized to employ and retain APS as their crisis managers under the terms of the Engagement

Letter as modified by the Motion and this Order, and APS is authorized to perform the requested

services *nunc pro tunc* to April 2, 2007.

3.      Notwithstanding any language in the Motion, this Order, the Etlin Declaration or

the Engagement Letter to the contrary, the Court is not approving any Success Fee (as defined in

the Engagement Letter) pursuant to this Order and no amounts shall be paid to APS on account

of any Success Fee absent further order of the Court. Any and all rights of any party in interest,

including the Official Committee of Unsecured Creditors and the Office of the United States

Trustee for the District of Delaware, to object to the nature or amount of any Success Fee are

fully reserved until such time as APS seeks approval of the Success Fee.

---

25, 2007. The Debtors filed a Notice of the Second Amendment to Agreement for Interim Management and
Restructuring Services Between AP Services, LLC and New Century Financial Corporation with the Court on June
14, 2007.

4.      Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, Paragraph 4 (Break Fee) of Schedule 1 (Fees and Expenses) to the Engagement Letter shall be deleted in its entirety and APS shall not be entitled to a Break Fee (as defined in the Engagement Letter).

5.      Under 11 U.S.C. §§ 105 and 363, the Debtors are authorized to compensate APS and provide indemnification to APS under the terms of the Engagement Letter as modified by the Motion and this Order; provided, however, that notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. The Debtors shall not provide indemnification to APS or employees of APS that are not serving as corporate officers of the Debtors. Further, the following sentence is hereby deleted from the Engagement Letter: "APS shall not be liable to the Company except for actual damages resulting from bad faith, self-dealing or intentional misconduct."

6.      Subject to subsequent review under a reasonableness standard pursuant to the procedures outlined in this Order, to the extent post-petition fees and expenses have accrued, the Debtors are authorized to pay APS pursuant to the terms of the Engagement Letter.

7.      The Debtors are authorized to pay a retainer amount of $1,000,000 to APS under the terms of the Engagement Letter; provided, however, that notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the retainer shall not be a "replenishing retainer" and shall be drawn down as amounts are paid to APS as authorized by the terms of this Order.

8.      Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, in the event that APS provides personnel to serve as corporate officers of the Debtors, such personnel shall be subject to the same fiduciary duties and obligations as are applicable to other persons serving in such capacity as corporate officers under applicable law.

9.      Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the following provisions apply to the engagement:

(a.)      APS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b).      In the event the Debtors seek to have APS personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, _or approved by this Order_ or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c.)      APS shall file with the Court with copies to the United States Trustee and all official committees a report of staffing on the engagement for the previous month.  Such report shall include the names and functions filled of the individuals assigned.  All staffing shall be subject to review by the Court in the event an objection is filed.

(d.)      No principal, employee, or independent contractor of APS and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

       (e.)    APS shall file with the Court, and provide to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis.  Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred.  Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category.  The time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task.  All compensation shall be subject to review by the Court in the event an objection is filed.

       (f.)    APS shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or other parties in interest.  The obligation to disclose identified in this subparagraph is a continuing obligation.

     10.    This Court will retain jurisdiction to continue and enforce the terms of the Motion, the Engagement Letter and this Order.

Dated: June 15, 2007
       Wilmington, Delaware

                           THE HONORABLE KEVIN J. CAREY
                           UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

### DECLARATION OF HOLLY FELDER ETLIN IN SUPPORT OF THE MOTION TO AMEND ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS TO INCLUDE DEBTOR NEW CENTURY WAREHOUSE CORPORATION *NUNC PRO TUNC* TO AUGUST 3, 2007

Holly F. Etlin makes this Declaration under 28 U.S.C. § 1746, and states:

1.    I am a Managing Director of AlixPartners, LLC.

2.    I am associated with AP Services, LLC ("APS"), which maintains offices at 2000 Town Center, Suite 2400, Southfield, MI 48075.  APS specializes in, among other things, supplying senior executives on an interim basis to financially troubled companies.  APS is an affiliate of AlixPartners, LLC, AlixPartners, Ltd., AlixPartners, GmbH and AlixPartners, S.r.1., AlixPartners Asia, LLC (herein collectively "AlixPartners"), internationally recognized

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

restructuring and turnaround advisory and consulting firms; The System Advisory Group, an information technology consulting firm and Partnership Services, LLC, a company that provides temporary employees.

3.     I submit this declaration in support of the Debtors' motion (the "Motion") to amend the order under sections 105 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment of AP Services, LLC ("APS") as their crisis managers (the "APS Retention Order") to include debtor New Century Warehouse Corporation ("Warehouse") nunc pro tunc to August 3, 2007. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.

4.     I incorporate by reference, as if fully set forth herein, the contents of my original Declaration in these cases, and all prior supplements thereto.

(a)     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, other than in connection with these cases, neither I, nor AlixPartners or APS, nor any of their managing directors, employees, agents or affiliates, have any connection with Warehouse, its creditors, the United States Trustee, or any other party with an actual or potential interest in these chapter 11 cases, or their respective attorneys or accountants. APS knows of no fact or situation that would represent a conflict of interest for APS with regard to the Debtors.

(b)     Prior to the New Century Warehouse ("Warehouse") petition date, a retainer of $15,000 was paid to APS in contemplation of work to be performed for Warehouse. APS understood that the prepetition retainer was to be paid by Warehouse. APS has recently learned that debtor New Century Mortgage Corporation ("Mortgage") paid the retainer on behalf

of Warehouse, because Mortgage has historically funded all of Warehouse's operations. Warehouse would later reimburse Mortgage for such payments.  APS understands that an application will be filed seeking nunc pro tunc authority for the estate to have paid the retainer. APS will hold the retainer pending further order of the Court..

5.    APS submits that it holds no adverse interest as to the matters for which it has been employed by the Debtors.  Certain individuals affiliated with APS may render crisis and interim management services to the Debtors on a part-time basis, while others have been and/or will continue to be engaged full-time.  To the extent such individuals are employed on a part-time basis, APS submits that there are no simultaneous or prospective engagements existing which would constitute a conflict or adverse interest as to the matters for which it has been employed by the Debtors.

6.    AlixPartners and APS are advisors and crisis managers providing services and advice specifically in the areas of restructuring and distressed debt.  As a result, AlixPartners and/or APS have and may in the future perform services for certain Interested Patties in matters wholly unrelated to these chapter 11 cases, either individually or as part of representation of a committee of creditors or interest holders.

7.    Despite the efforts described above to identify and disclose AlixPartners' and/or APS' connections with parties-in-interest in these cases, because the Debtors are a large enterprise with thousands of' creditors and other relationships, APS is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if APS discovers additional information that requires disclosure, APS will file a supplemental disclosure with the Court.

8.    APS reserves the right to supplement this Declaration in the event that

APS discovers any facts bearing on matters described in this Declaration regarding APS' employment by the Debtors.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

__s/Holly Felder Etlin____
Holly Felder Etlin
Managing Director

Executed this __3rd  day
of October, 2007

**<u>EXHIBIT C</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, <u>et al.</u>,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | |
| | : | |
| | : | |

## ORDER GRANTING MOTION TO AMEND ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING
## THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS TO INCLUDE DEBTOR NEW CENTURY WAREHOUSE CORPORATION <u>NUNC PRO TUNC TO AUGUST 3, 2007</u>

Upon the motion (the "Motion")[2] of the Debtors to amend the order under sections 105 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment of AP Services, LLC ("APS") as their crisis managers (the "APS Retention Order") to include debtor New Century Warehouse Corporation ("Warehouse") nunc pro tunc to August 3, 2007; and upon the Declaration of Holly Felder Etlin (the "Etlin Declaration") filed concurrently with the Motion; and the Court having reviewed the Motion and the Etlin Declaration; and the Court having held a hearing on the Motion and the Court having determined

---

[1]  The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2]  Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

that the relief requested in the Motion is necessary and in the best interests of the Debtors, their

estates, creditors, and other parties-in-interest, and it appearing that APS does not hold or

represent any interest adverse to the Debtors' estates and this Court having determined that the

retention of APS in the best interests of the Debtors, their creditors, and equity security holders;

and it appearing that notice of the Motion was good and sufficient under the particular

circumstances and that no other or further notice need be given; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that

1.      The Motion is GRANTED.

2.      The APS Retention Order is amended to include Warehouse, *nunc pro tunc* to

August 3, 2007.

3.      Under 11 U.S.C. §§ 105 and 363, the Debtors and authorized to compensate APS

and provide indemnification to APS under the terms of the Engagement Letter as modified by

the Motion and this Order.

4.      All other terms of the APS Retention Order shall remain in full force and effect.


Dated: _____, 2007
           Wilmington, Delaware




                                    _____
                                    THE HONORABLE KEVIN J. CAREY
                                    UNITED STATES BANKRUPTCY JUDGE