## EXHIBIT A



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket Nos. 414, 876 and 1231 |

## ORDER UNDER 11. U.S.C. § 105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS *NUNC PRO TUNC* TO APRIL 2, 2007

Upon the motion (the "Motion")[2] of the Debtors for an order under 11 U.S.C. §§ 105 and 363 authorizing the employment of AP Services, LLC ("APS") as crisis managers for the Debtors *nunc pro tunc* to April 2, 2007; and upon the Declaration of Holly Felder Etlin (the "Etlin Declaration") filed concurrently with the Motion; and Debtor New Century Financial Corporation and APS having entered into that certain Interim Management and Restructuring Services, dated March 22, 2007 (as amended on May 11, 2007 and again on June 12, 2007, the "Engagement Letter")[3], a copy of which was attached to the Motion as Exhibit A; and the Court

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

[3] The Debtors filed a Notice of the First Amendment to Agreement for Interim Management and Restructuring Services Between AP Services, LLC and New Century Financial Corporation with the Court on May

RLF1-3164898-1

having reviewed the Motion, the Etlin Declaration and the Engagement Letter; and the Court having held a hearing on the Motion and the Court having determined that the relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, creditors, and other parties-in-interest, and it appearing that APS does not hold or represent any interest adverse to the Debtors' estates and this Court having determined that the retention of APS in the best interests of the Debtors, their creditors, and equity security holders; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that

1. The Motion is GRANTED as modified herein.

2. Under 11 U.S.C. §§ 105 and 363, the Debtors, as debtors-in-possession, are authorized to employ and retain APS as their crisis managers under the terms of the Engagement Letter as modified by the Motion and this Order, and APS is authorized to perform the requested services *nunc pro tunc* to April 2, 2007.

3. Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the Court is not approving any Success Fee (as defined in the Engagement Letter) pursuant to this Order and no amounts shall be paid to APS on account of any Success Fee absent further order of the Court. Any and all rights of any party in interest, including the Official Committee of Unsecured Creditors and the Office of the United States Trustee for the District of Delaware, to object to the nature or amount of any Success Fee are fully reserved until such time as APS seeks approval of the Success Fee.

---

25, 2007. The Debtors filed a Notice of the Second Amendment to Agreement for Interim Management and Restructuring Services Between AP Services, LLC and New Century Financial Corporation with the Court on June 14, 2007.

4.  Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, Paragraph 4 (Break Fee) of Schedule 1 (Fees and Expenses) to the Engagement Letter shall be deleted in its entirety and APS shall not be entitled to a Break Fee (as defined in the Engagement Letter).

5.  Under 11 U.S.C. §§ 105 and 363, the Debtors are authorized to compensate APS and provide indemnification to APS under the terms of the Engagement Letter as modified by the Motion and this Order; provided, however, that notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. The Debtors shall not provide indemnification to APS or employees of APS that are not serving as corporate officers of the Debtors. Further, the following sentence is hereby deleted from the Engagement Letter: "APS shall not be liable to the Company except for actual damages resulting from bad faith, self-dealing or intentional misconduct."

6.  Subject to subsequent review under a reasonableness standard pursuant to the procedures outlined in this Order, to the extent post-petition fees and expenses have accrued, the Debtors are authorized to pay APS pursuant to the terms of the Engagement Letter.

7.  The Debtors are authorized to pay a retainer amount of $1,000,000 to APS under the terms of the Engagement Letter; provided, however, that notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the retainer shall not be a "replenishing retainer" and shall be drawn down as amounts are paid to APS as authorized by the terms of this Order.

8.  Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, in the event that APS provides personnel to serve as corporate officers of the Debtors, such personnel shall be subject to the same fiduciary duties and obligations as are applicable to other persons serving in such capacity as corporate officers under applicable law.

9.  Notwithstanding any language in the Motion, this Order, the Etlin Declaration or the Engagement Letter to the contrary, the following provisions apply to the engagement:

(a.)  APS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b).  In the event the Debtors seek to have APS personnel assume executive officer positions that are different than the position(s) disclosed in the Motion [or approved by this Ord], or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c.)  APS shall file with the Court with copies to the United States Trustee and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d.)  No principal, employee, or independent contractor of APS and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e.) APS shall file with the Court, and provide to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. The time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task. All compensation shall be subject to review by the Court in the event an objection is filed.

(f.) APS shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

10. This Court will retain jurisdiction to continue and enforce the terms of the Motion, the Engagement Letter and this Order.

Dated: June 15, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE