**EXHIBIT B**

RLF1-3208971-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |

# DECLARATION OF HOLLY FELDER ETLIN IN SUPPORT OF THE MOTION TO AMEND ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS TO INCLUDE DEBTOR NEW CENTURY WAREHOUSE CORPORATION *NUNC PRO TUNC* TO AUGUST 3, 2007

Holly F. Etlin makes this Declaration under 28 U.S.C. § 1746, and states:

1. I am a Managing Director of AlixPartners, LLC.

2. I am associated with AP Services, LLC ("APS"), which maintains offices at 2000 Town Center, Suite 2400, Southfield, MI 48075. APS specializes in, among other things, supplying senior executives on an interim basis to financially troubled companies. APS is an affiliate of AlixPartners, LLC, AlixPartners, Ltd., AlixPartners, GmbH and AlixPartners, S.r.l., AlixPartners Asia, LLC (herein collectively "AlixPartners"), internationally recognized

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

restructuring and turnaround advisory and consulting firms; The System Advisory Group, an information technology consulting firm and Partnership Services, LLC, a company that provides temporary employees.

    3.    I submit this declaration in support of the Debtors' motion (the "Motion") to amend the order under sections 105 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment of AP Services, LLC ("APS") as their crisis managers (the "APS Retention Order") to include debtor New Century Warehouse Corporation ("Warehouse") nunc pro tunc to August 3, 2007. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.

    4.    I incorporate by reference, as if fully set forth herein, the contents of my original Declaration in these cases, and all prior supplements thereto.

    (a)    To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, other than in connection with these cases, neither I, nor AlixPartners or APS, nor any of their managing directors, employees, agents or affiliates, have any connection with Warehouse, its creditors, the United States Trustee, or any other party with an actual or potential interest in these chapter 11 cases, or their respective attorneys or accountants. APS knows of no fact or situation that would represent a conflict of interest for APS with regard to the Debtors.

    (b)    Prior to the New Century Warehouse ("Warehouse") petition date, a retainer of $15,000 was paid to APS in contemplation of work to be performed for Warehouse. APS understood that the prepetition retainer was to be paid by Warehouse. APS has recently learned that debtor New Century Mortgage Corporation ("Mortgage") paid the retainer on behalf

of Warehouse, because Mortgage has historically funded all of Warehouse's operations. Warehouse would later reimburse Mortgage for such payments. APS understands that an application will be filed seeking nunc pro tunc authority for the estate to have paid the retainer. APS will hold the retainer pending further order of the Court..

5. APS submits that it holds no adverse interest as to the matters for which it has been employed by the Debtors. Certain individuals affiliated with APS may render crisis and interim management services to the Debtors on a part-time basis, while others have been and/or will continue to be engaged full-time. To the extent such individuals are employed on a part-time basis, APS submits that there are no simultaneous or prospective engagements existing which would constitute a conflict or adverse interest as to the matters for which it has been employed by the Debtors.

6. AlixPartners and APS are advisors and crisis managers providing services and advice specifically in the areas of restructuring and distressed debt. As a result, AlixPartners and/or APS have and may in the future perform services for certain Interested Patties in matters wholly unrelated to these chapter 11 cases, either individually or as part of representation of a committee of creditors or interest holders.

7. Despite the efforts described above to identify and disclose AlixPartners' and/or APS' connections with parties-in-interest in these cases, because the Debtors are a large enterprise with thousands of creditors and other relationships, APS is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if APS discovers additional information that requires disclosure, APS will file a supplemental disclosure with the Court.

8. APS reserves the right to supplement this Declaration in the event that

APS discovers any facts bearing on matters described in this Declaration regarding APS' employment by the Debtors.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

/s/ <i>Holly Felder Etlin</i><br>
Holly Felder Etlin<br>
Managing Director

Executed this 3rd day
of October, 2007