IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC. ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] ) | |
| ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: October 23, 2007 at 1:30 p.m.** |
| ) | **Objection Date: October 16, 2007 at 4:00 p.m.** |
| Debtors. ) | |

**MOTION OF ADT SECURITY SERVICES, INC. TO COMPEL THE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)**

ADT Security Services, Inc. ("ADT"), by and through its undersigned counsel, files this motion ("Motion") to compel the payment of ADT's administrative expense claim in the current amount of $72,600.47 against New Century TRS Holdings, Inc., a Delaware corporation, *et al.* (collectively, the "Debtors") and in support of its Motion, ADT respectfully represents as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

1621076/1

## BACKGROUND

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this chapter 11 case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      On April 2, 2007 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

## RELIEF REQUESTED

3.      Subsequent to the Petition Date, ADT provided and continues to provide the Debtors certain security services under various contracts between the Debtors and ADT (collectively, the "ADT Contracts").

4.      To date, the Debtors have failed to compensate ADT for any post-petition services rendered to the Debtors by ADT under the ADT Contracts. A summary of the outstanding post-petition balance for services rendered by account number and invoice number is attached hereto and marked as Exhibit "A."

5.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, claims held by creditors for which the underlying consideration provided was an actual and necessary cost or expense to the debtor to preserve the estate are to be allowed as administrative expenses entitled to priority under section 507(a)(1) of the Bankruptcy Code. The test for determining the allowance of an administrative expense claim is twofold: (i) there must be a post-petition transaction between the creditor and the debtor and (ii) the estate must receive a benefit from the transaction. See In re Waste Sys. Intern., Inc., 280 B.R. 824, 826 (Bankr. D. Del. 2002) (citations omitted).

6. At all times relevant to this Motion, the security services provided by ADT pursuant to the ADT Contracts were provided to Debtors as debtors-in-possession for the benefit of the Debtors. The amount sought by ADT in this Motion is an actual and necessary cost associated with preservation of the estate pursuant to sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code. Security services of the type provided by ADT are an absolute necessity in a business such as the Debtors and the Debtors must compensate ADT for the provision of such services pursuant to the Bankruptcy Code and the pertinent case law.

7. On April 25, 2007, the Court entered an order on the "Motion of the Debtors and Debtors in Possession for an Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" (Docket No. 388) (the "April 25, 2007 Order").

8. The April 25, 2007 Order states that upon notice of intent to reject certain executory contracts by the Debtors, such executory contracts shall be deemed rejected effective ten (10) days after the date that the notice of intent to reject is served.

9. On August 30, 2007, the Debtors filed a Notice of Rejection of Executory Contracts pursuant to the April 25, 2007 Order (the "Rejection Notice").

10. The Rejection Notice references several contracts by and between the Debtors and ADT, but does not include all of the ADT Contracts. ADT did not object to the Rejection Notice and will file a rejection damage claim with respect to the ADT Contracts that are the subject of the Rejection Notice. The rejection of certain ADT Contracts does not relieve the Debtors of their post-petition obligations prior to the rejection date under either the ADT

Contracts that were listed in the Rejection Notice or the ADT Contracts that were not subject to the Rejection Notice.

11. The amount currently due and owing to ADT for the security services provided to the Debtors subsequent to the Petition Date and in accordance with the ADT Contracts is $72,660.47. As such, ADT seeks the entry of an order allowing an administrative expense claim in this amount and directing that the Debtors pay that amount to ADT immediately.

12. ADT expressly reserves the right to seek additional amounts that may become due and owing under the ADT Contracts.

WHEREFORE, ADT Security Services, Inc. respectfully requests that the Court enter an Order (i) granting ADT an allowed administrative expense claim, pursuant to sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code, in the total amount of $72,660.47 and directing the Debtors to pay such amount to ADT immediately, (ii) requiring the Debtors to timely pay ADT on a going-forward basis any additional amounts as they become due under the ADT Contracts and (iii) granting such other and further relief as this Court deems just and appropriate.

*(Signature Page Follows)*

Dated: October 5, 2007

MORRISJAMES LLP

*[signature]*

Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Tel: 302-888-6888
Facsimile: 302-571-1750
bfallon@morrisjames.com

McGUIREWOODS LLP
Sally E. Edison (PA ID # 78678)
Nicholas E. Meriwether (PA ID # 200433)
625 Liberty Avenue
Dominion Tower, 23rd Floor
Pittsburgh, PA 15222
Tel: 412-667-6000
sedison@mcguirewoods.com

*Counsel for ADT Security Services, Inc.*

1621076/1