IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Hearing Date: October 23, 2007 at 1:30 p.m. |
| | : | Objection Deadline: October 16, 2007 at 4:00 p.m. |

MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR
ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR
FILING PROOFS OF CLAIM IN THE CHAPTER 11 CASE OF NEW CENTURY
WAREHOUSE CORPORATION AND APPROVING FORM, MANNER
AND SUFFICIENCY OF NOTICE THEREOF

New Century TRS Holdings, Inc., a Delaware corporation, New Century

Financial Corporation, a Maryland corporation, and their direct and indirect subsidiaries, each as

a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned

counsel, hereby submit this motion (the "Motion") for the entry of an order (the "Order"),

substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 501 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"),

Rules 2002 and 3003(c)(3) and 9007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"): (i) establishing a bar date (the "NCW General Bar Date") by which all

entities must file proofs of claim in the chapter 11 case of New Century Warehouse Corporation

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a
Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware
corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New
Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a
California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a
California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California
corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC
Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New
Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New
Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort
Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage,
Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a
Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a
Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

("New Century Warehouse"); (ii) establishing a bar date by which all governmental units must file proofs of claim in the chapter 11 case of New Century Warehouse (the "NCW Governmental Bar Date"); (iii) establishing the date by which all entities must file proofs of claim relating to New Century Warehouse's rejection of executory contracts or unexpired leases in the chapter 11 case of New Century Warehouse (the "NCW Rejection Bar Date") (iv) establishing the date by which all entities must file proofs of claim arising out of New Century Warehouse's amendment of its schedules of assets and liabilities (the "NCW Schedules Bar Date" and together with the NCW General Bar Date, the NCW Governmental Bar Date and the NCW Rejection Bar Date, the "NCW Bar Dates"); and (vi) approving the form and manner of notice of the NCW Bar Dates (the "NCW Bar Dates Notice"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1134. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.      New Century Warehouse, a company wholly owned by New Century TRS Holdings, Inc. ("New Century TRS"), financed residential mortgage loans originated by a network of mortgage originators and other smaller financial institutions. New Century Warehouse, doing business as "Access Lending," provided financing to these loan originators that was, in turn, used to fund the loans provided to individual borrowers who were customers of the loan originators. New Century Warehouse, in turn, obtained its financing from three warehouse lenders who entered into various receivables purchase agreements, credit agreements and repurchase agreements (collectively, the "Warehouse Loan Facilities").

3.      New Century Warehouse operated largely independently of its parent, New Century TRS and its other affiliates, which filed chapter 11 petitions on April 2, 2007 (the "April Debtors"). However, the April Debtors' financial difficulties triggered cross-defaults

2

under New Century Warehouse's Warehouse Loan Agreements. One of these Warehouse Lenders, Goldman Sachs Mortgage Company ("Goldman"), declared an event of default under a Master Repurchase Agreement dated as of February 15, 2006, as amended (the "Goldman-Access Lending Warehouse Loan Agreement"). On March 12, 2007, Goldman purported to credit the market value of the mortgage loans that were subject to the Goldman-Access Lending Warehouse Loan Agreement.

4.      New Century Warehouse's other Warehouse Lenders were willing to work with it prior to and after the April 2nd petition date. New Century Warehouse entered into forbearance agreements with Galleon Capital, LLC, State Street Global Markets, LLC and State Street Bank and Trust Company (collectively, "State Street") and Guaranty Bank. These forbearance agreements allowed New Century Warehouse to continue to operate while it liquidated substantially all of its assets.

5.      Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing the Access Sale and Granting Related Relief, New Century Warehouse sold substantially all of its assets as a going concern (the "Sale") to Access Holdings Corporation (the "Buyer") pursuant to that certain Amended and Restated Asset Purchase Agreement by and between Access Holdings Corporation and New Century Warehouse Corporation dated as of April 26, 2007 (the "APA"). The Buyer acquired substantially all of the assets of New Century Warehouse, made employment offers to the employees of the New Century Warehouse, and assumed the warehouse loan financing arrangements with State Street and Guaranty Bank. The transaction maintained the business as a going concern and allowed for a process to maximize recoveries on the loans that are subject to the State Street and Guaranty Bank Warehouse Loan Facilities. The financing provided by these Warehouse Lenders covered approximately 96% of the amount paid by New Century Warehouse, while the balance (commonly referred to in the industry as the "haircut") was financed from New Century Warehouse's working capital. Pursuant to the APA, the Buyer is liquidating certain loans (the "Loans") and is paying New Century Warehouse 60% of the Net

3

Proceeds realized on the Loans. The Sale closed on April 27, 2007 and the Buyer has been making payments to New Century Warehouse for the sale of Loans pursuant to the APA.

6.    On August 3, 2007 (the "NCW Petition Date"), New Century Warehouse filed a petition for chapter 11 relief. New Century Warehouse is operating its business and managing its affairs as a debtor and debtor in possession. On August 7, 2007, the Court entered an order authorizing the joint administration of New Century Warehouse's chapter 11 case with the chapter 11 cases of the April Debtors. The April Debtors and New Century Warehouse are collectively referenced herein as the "Debtors".

7.    New Century Warehouse filed its Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules") on September 17, 2007. The Schedules list only eleven general unsecured creditors, six of which are scheduled in the amount of $0.00 and three of which are scheduled as having contingent, unliquidated, and disputed claims against New Century Warehouse.

**RELIEF REQUESTED**

8.    Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Pursuant to Bankruptcy Rule 3003(c)(3), the Debtors request that the Court (a) establish the NCW Bar Dates and related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

A.    **Establishment of the NCW Bar Dates**

9.    The NCW General Bar Date. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Except as provided below, the NCW General Bar Date would apply to all entities holding claims[2] against New Century Warehouse (whether secured, unsecured, priority or unsecured nonpriority) that arose prior to the NCW Petition Date. The Debtors request that the Court establish December 14, 2007, as the

---

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

NCW General Bar Date, which shall be approximately 45 days after the date the Debtors' serve

the NCW Bar Dates Notice the ("Service Date"), such Service Date to occur as soon as

practicable on or after the date of the entry of the Order.

      (a)    <u>Entities That Must File Proofs of Claim by the NCW General Bar</u>

<u>Date</u>. The Debtors propose that, subject to the provisions set forth herein for holders of

claims subject to the NCW Rejection Bar Date, the NCW Governmental Bar Date and the

NCW Schedules Bar Date, the following entities must file proofs of claim on or before

the NCW General Bar Date:

      (i)    any entity whose prepetition claim against New Century

Warehouse is not listed in the NCW Schedules (as defined below) or is listed as

disputed, contingent or unliquidated and that desires to participate in these chapter

11 cases or share in any distribution in these chapter 11 cases; and

      (ii)    any entity that believes that its prepetition claim is

improperly classified or is listed in an incorrect amount in the NCW Schedules

and that desires to have its claim allowed in a classification or amount other than

that identified in the NCW Schedules.

      (b)    <u>Entities Not Required to File Proofs of Claim by the NCW General</u>

<u>Bar Date</u>. The Debtors propose that the following entities, whose claims otherwise

would be subject to the NCW General Bar Date, need not file proofs of claim:

      (i)    any entity that already has properly filed a proof of claim

against New Century Warehouse in accordance with the procedures described

herein;

      (ii)    any entity (1) whose claim against New Century

Warehouse is not listed as disputed, contingent or unliquidated in the NCW

Schedules and (2) that agrees with the nature, classification and amount of its

claim as identified in the NCW Schedules;

RLF1-3209834-1

(iii)    any entity whose claim against New Century Warehouse previously has been allowed by, or paid pursuant to, an order of the Court;

(iv)    any NCW Interest Holder (as defined below) whose claim is based exclusively upon the ownership of an NCW Interest (as set forth in Section C herein); and

(v)    any of the Debtors that hold claims against New Century Warehouse.

10.    The NCW Governmental Bar Date. Section 502(b)(9) of the Bankruptcy Code provides that governmental units[3] shall have at least 180 days from the NCW Petition Date in which to file a claim. The NCW Governmental Bar Date would apply to all governmental units holding claims against the New Century Warehouse that arose prior to the NCW Petition Date. The Debtors request that the Court establish January 31, 2008 at 5:00 p.m. (prevailing Eastern Time) as the NCW Governmental Bar Date.

11.    The NCW Rejection Bar Date. The Debtors anticipate that certain entities may assert claims in connection with the New Century Warehouse's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, unless a different deadline is established by an order of this Court, for any claim relating to New Century Warehouse's rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") approved by the Court pursuant to an order, the NCW Rejection Bar Date for such a claim will be the later of (a) the NCW General Bar Date and (b) 30 days after the effective date of rejection.

12.    The NCW Schedules Bar Date. The Debtors propose that they retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in New Century Warehouse's schedules of assets and liabilities (as they may be amended from time to time, the "NCW Schedules") as to nature, amount, liability, classification

---

[3] As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

or otherwise; (b) subsequently designate any claim as disputed, contingent or unliquidated; and (c) otherwise amend the NCW Schedules; provided, however, that if New Century Warehouse amends the NCW Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against such Debtor, the affected claimant will have until the NCW Schedules Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of the amended scheduled claim.  The Debtors request that the NCW Schedules Bar Date be established as the later of (a) the NCW General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the NCW Schedules, if any, is served on the claimant.[4]  To the extent New Century Warehouse further amends the NCW Schedules relating to the claim of any creditor in accordance with Local Rule 1009-2 the Debtors shall serve notice of both the amendment and the NCW Schedules Bar Date on such affected creditor. Notwithstanding the foregoing, nothing contained herein would preclude New Century Warehouse from amending the NCW Schedules in accordance with the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**B.    Effect of Failure to File Proofs of Claim**

13.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity that is required to file a proof of claim in the chapter 11 case of New Century Warehouse pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Order with respect to a particular claim against New Century Warehouse but that fails to do so by the applicable NCW Bar Date, should be forever barred, estopped and enjoined from:  (a) asserting any claim against New Century Warehouse that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the NCW Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified

---

[4] The imposition of the NCW Schedules Bar Date is consistent with Local Rule 1009-2, which provides a creditor with 20 days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

7

in the NCW Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan of reorganization or liquidation in these chapter 11 cases in respect of an Unscheduled Claim.

C.    **Procedures for Providing Notice of NCW Bar Dates and Filing Proofs of Claim**

14.    The Debtors propose to serve on all known entities holding potential prepetition and postpetition claims: (a) a notice of the NCW Bar Dates substantially in the form of the notice attached hereto as Exhibit B (the "NCW Bar Dates Notice"); and (b) a proof of claim form based upon Official Form No. 10, substantially in the form attached hereto as Exhibit C (the "Proof of Claim Form" and together with the NCW Bar Dates Notice, the "NCW Bar Dates Notice Package"). The Debtors anticipate they will serve upon all known entities holding potential prepetition Claims the NCW Bar Dates Notice Package with in 3 business days after the entry of the Order.

15.    The NCW Bar Dates Notice states, among other things, that proofs of claim must be filed with the Debtors' court-approved claims agent, XRoads Case Management Services, LLC ("XRoads"), on or before the applicable NCW Bar Date. As soon as practicable after the date that the Court enters the Order, the Debtors intend to mail the NCW Bar Dates Notice Package by first class United States mail, postage prepaid, to, inter alia, all known potential claimants and their counsel (if known), all parties that have requested notice in these cases, the Office of the United States Trustee, counsel to the Committee and all taxing authorities for the jurisdictions in which New Century Warehouse conducted business. The date on which the Debtors actually serve the notice of the NCW Bar Dates and proof of claim forms is referred to herein as the "Service Date." The Debtors have fixed the NCW General Bar Date and the NCW Governmental Bar Date to ensure that potential claimants receive approximately 45 days' notice of the NCW General Bar Date and approximately 90 days' notice of the NCW Governmental Bar Date, which exceeds the minimum notice period provided by Bankruptcy

8

Rule 2002(a)(7);[5] the NCW Governmental Bar Date is also not less than 180 days from the NCW Petition Date pursuant to Bankruptcy Code Section 502(b)(9).

16.    The Debtors respectfully submit that establishing 45 days after the Service Date as the NCW General Bar Date will provide potential claimants ample time after the mailing of the NCW Bar Dates Notice within which to review the NCW Schedules and compare the information contained therein with their own books and records, particularly given that there are so few creditors of New Century Warehouse and that such creditors are already familiar with this proceeding.

17.    The Proof of Claim Form mailed to potential claimants will state, along with the claimant's name, whether the entity's claim is listed in the NCW Schedules and, if so, (a) whether the claim is listed as disputed, contingent or unliquidated, and (b) whether the entity's claim is listed as secured, unsecured or priority. If a claim is listed in the NCW Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the NCW Schedules) will also be identified on the Proof of Claim Form. Any entity that relies on the information in the NCW Schedules will bear responsibility for determining that its claim is accurately listed therein.

18.    For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d),[6] must be delivered to XRoads at the address identified on the NCW Bar Dates Notice so as to be received no later than 5:00 p.m. (prevailing Eastern

---

[5] Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of … the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c)…."

[6] Bankruptcy Rule 3001(c) requires as follows:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

RLF1-3209834-1

Time) on the applicable NCW Bar Date. The Debtors propose that claimants be permitted to submit proofs of claim in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail will not be accepted</u>. Proofs of claim will be deemed filed when actually received by XRoads. If a claimant wishes to receive acknowledgement of XRoads' receipt of a proof of claim, the claimant also must submit to XRoads by the applicable NCW Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim, and (b) a self-addressed, stamped return envelope.

19.    In addition, the Debtors propose that all persons and entities asserting claims against the estate of New Century Warehouse should be required to file the respective Proof of Claim Form in English and in lawful currency of the United States. If a person or entity does not specify the amount of its claim in lawful currency of the United States, the Debtors reserve the right to convert such claim to lawful currency of the United States using the applicable conversion rate as of August 3, 2007, unless the Debtors deem another date to be more appropriate.

D.    **Filing Proofs of Claim Against the April Debtors**

20.    This Motion and the Order are applicable only to claims related to the Chapter 11 case of New Century Warehouse. Any entity asserting claims against any of the April Debtors must a proof of claim with respect to each such April Debtor in accordance with the terms of the Order Establishing Bar Dates For Filing Proof of Claim and Approving Form, Manner and Sufficiency Thereof [Docket # 1721] entered by this Court on June 28, 2007.

E.    **Publication of Notice**

21.    In addition to those parties listed on the NCW Schedules or having filed a notice of appearance in these chapter 11 cases, the Debtors believe that potential claims against New Century Warehouse may exist that the Debtors are unaware of or unable to identify. Accordingly, the Debtors believe that it is necessary to provide notice of the NCW Bar Dates to

10

entities whose names and addresses are unknown to the Debtors. Therefore, pursuant to Bankruptcy Rule 2002(l),[7] the Debtors request authority to publish notice of the NCW Bar Dates, substantially in the form attached hereto as <u>Exhibit D</u> (the "NCW Publication Notice"), once in the national edition of *The Wall Street Journal* and such other local publications as the Debtors deem appropriate, no less than 30 days prior to the NCW General Bar Date.

        22.      No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Greenwich Capital Financial Products, Inc. ("Greenwich") and The CIT Group/Business Credit, Inc. ("CIT"), the Debtors' post-petition senior secured lenders; (3) the Examiner (4) the Committee, and (5) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

        23.      The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

## <u>NO PRIOR MOTION</u>

        24.      No prior motion for the relief sought herein has been made to this or any other court.

---

[7] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A authorizing and establishing the NCW Bar Dates and approving the form and manner of notice.

Dated:  October 5, 2007
       Wilmington, Delaware

                                    Mark D. Collins (No. 2981)
                                    Michael J. Merchant (No. 3854)
                                    Christopher M. Samis (No. 4909)
                                    RICHARDS, LAYTON & FINGER, P.A.
                                    One Rodney Square
                                    P.O. Box 551
                                    Wilmington, Delaware 19899
                                    (302) 651-7700

                                          -and-

                                    Suzzanne S. Uhland
                                    Ben H. Logan
                                    Victoria Newmark
                                    Emily R. Culler
                                    O'MELVENY & MYERS LLP
                                    275 Battery Street
                                    San Francisco, California  94111
                                    (415) 984-8700

                                    ATTORNEYS FOR DEBTORS AND
                                    DEBTORS IN POSSESSION

12