# EXHIBIT A

# PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM IN THE CHAPTER 11 CASE OF NEW CENTURY WAREHOUSE CORPORATION AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner, and Sufficiency of Notice Thereof (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the notice of the Motion was sufficient under the circumstances and no other or further notice need be provided, and (d) capitalized terms not otherwise defined herein have the meanings given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

in the best interests of New Century Warehouse and its estate; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of title 11 of the United States Code, §§ 101-1532, (as amended, the "Bankruptcy Code"), (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3. The form and manner of notice of the NCW Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The forms of the NCW Bar Dates Notice and the Proof of Claim Form (the "Claim Form"), and the manner of providing notice of the NCW Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l) and Local Rule 2002-1(e). Accordingly, the Debtors are authorized to serve the NCW Bar Dates Notice Package in the manner described herein.

4. As soon as practicable after the date that the Court enters this Order, the Debtors, through XRoads Case Management Services, LLC ("XRoads"), shall serve the NCW Bar Dates Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition and postpetition claims and their counsel (if known), all parties that have requested notice in these cases, the Office of the United States Trustee, counsel to the Committee, and all taxing authorities for the jurisdictions in which New Century Warehouse conducted business, whether through actual notice (by United States first-class mail, postage prepaid) or publication notice (in the national edition of *The Wall Street Journal*, and in such local newspapers as the Debtors determines appropriate). The date XRoads actually serves the NCW Bar Dates Notice Package is the "Service Date."

5. Except as provided herein, any entity holding a prepetition claim against New Century Warehouse must file a proof of claim in accordance with the procedures described herein by the NCW General Bar Date. The NCW General Bar Date shall be fixed as a date no earlier than 45 days after the Service Date. The NCW General Bar Date shall be identified in the NCW Bar Dates Notice and the NCW Publication Notice. Except as provided herein, the NCW General Bar Date applies to all entities holding claims against New Century Warehouse (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the NCW Petition Date.

6. The following entities whose claims otherwise would be subject to the NCW General Bar Date shall not be required to file proofs of claim in the chapter 11 case of New Century Warehouse:

    (a) any entity that already has properly filed a proof of claim against New Century Warehouse in accordance with the procedures described herein and in the Motion;

    (b) any entity (i) whose claim against New Century Warehouse is not listed as disputed, contingent or unliquidated in the NCW Schedules and (ii) that agrees with the nature, classification and amount of its claim as identified in the NCW Schedules;

    (c) any entity whose claim against New Century Warehouse previously has been allowed by, or paid pursuant to, an order of this Court;

    (d) any NCW Interest Holder whose claims are based exclusively upon the ownership of an NCW Interest; and

    (e) any of the Debtors that hold claims against New Century Warehouse.

7. All NCW Governmental Units that have or assert any prepetition claims against New Century Warehouse must file a proof of claim in accordance with the procedures described herein by the NCW Governmental Bar Date. The NCW Governmental Bar Date shall be January

31, 2008 at 5:00 p.m. (prevailing Eastern Time). The NCW Governmental Bar Date shall be identified in the NCW Bar Dates Notice and the NCW Publication Notice. The NCW Governmental Bar Date applies to all governmental units holding claims against New Century Warehouse (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the NCW Petition Date.

        8. The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the NCW Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any claim as disputed, contingent or unliquidated; provided, however, that if New Century Warehouse amends the NCW Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against New Century Warehouse, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the NCW Schedules Bar Date. The NCW Schedules Bar Date shall be the later of (a) the NCW General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the NCW Schedules is served on the claimant. To the extent the Debtors amend their NCW Schedules relating to the claim of any creditor, and in accordance with Local Rule 1009-2, the Debtors shall serve notice of both the amendment and the NCW Schedules Bar Date on such affected creditor.

        9. Subject to the provisions set forth herein for holders of claims subject to the NCW Governmental Bar Date, the NCW Rejection Bar Date or the NCW Schedules Bar Date, the following entities must file proofs of claim on or before the NCW General Bar Date:

        (a) any entity whose prepetition claim against New Century Warehouse that is not listed in the NCW Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in or share in any distribution in the chapter 11 case of New Century Warehouse; and

        (b) any entity that believes that its prepetition claim is improperly classified in the NCW Schedules or is listed in an incorrect amount and

that desires to have its claim allowed in a classification or amount other than that identified in the NCW Schedules.

10. Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered by this Court shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the NCW Rejection Bar Date. The NCW Rejection Bar Date shall be the later of (a) the NCW General Bar Date and (b) 30 days after the effective date of rejection.

11. The relief granted herein is applicable only to claims related to the Chapter 11 case of New Century Warehouse. Any entity asserting claims against any of the April Debtors must a proof of claim with respect to each such April Debtor in accordance with the terms of the Order Establishing Bar Dates For Filing Proof of Claim and Approving Form, Manner and Sufficiency Thereof [Docket # 1721] entered by this Court on June 28, 2007.

12. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in the chapter 11 case of New Century Warehouse pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against New Century Warehouse, but that fails to properly do so by the applicable NCW Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against New Century Warehouse that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the NCW Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the NCW Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan or plans of reorganization or liquidation in the chapter 11 case of NCW Warehouse in respect of an Unscheduled Claim.

13. The Debtors shall serve on all known Entities holding potential pre-petition claims: (a) the NCW Bar Dates Notice, substantially in the form attached to the Motion as Exhibit B and (b) a Proof of Claim Form, substantially in the form attached to the Motion as Exhibit C. The Debtors shall state on each Proof of Claim Form, along with the entity's name: (a) whether

the entity's Claim is listed in the NCW Schedules and, if so, (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the entity's claim is listed as secured, unsecured or priority. If a claim is listed in the NCW Schedules in a liquidated amount that is not disputed or contingent, the Debtors also shall identify on the Proof of Claim Form the dollar amount of the claim as listed in the NCW Schedules. Any entity that relies on the information in the NCW Schedules shall bear responsibility for determining that its claim is accurately listed therein.

14. For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to XRoads at the address identified on the NCW Bar Dates Notice so as to be received no later than 5:00 p.m. (prevailing Eastern Time) on the applicable NCW Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail or telecopy shall be deemed not accepted</u>. Proofs of claim shall be deemed filed when actually received by XRoads. If a creditor wishes to receive acknowledgement of XRoads' receipt of a proof of claim, the creditor also must submit to XRoads by the applicable NCW Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

15. All persons and entities asserting claims against the estate of New Century Warehouse are required to file proofs of claim in English and in lawful currency of the United States. If a person or entity does not specify the amount of its claim in lawful currency of the United States, the Debtors may convert such claim to lawful currency of the United States using the applicable conversion rate as of August 3, 2007 or as of such other date as the Debtors deem appropriate.

16. Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtors and a Priority of Claimant or to require the Debtors to make any of the payments authorized

herein.

17. The Debtors shall cause the NCW Publication Notice to be published once in the national edition of *The Wall Street Journal* and any such other local publications as the Debtors deem appropriate no less than 30 days prior to the NCW General Bar Date.

18. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the terms of this Order.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions or this Order shall be immediately effective and enforceable upon its entry.

20. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge