COMMONWEALTH OF MASSACHUSETTS          NORFOLK, S.S.
SUPERIOR COURT

DIANE OLIVEIRA,                        :
        **Plaintiff**          :
                      :

       **v.**                   :
                      :          **C.A. NO.:  07-**
                      :

NEW CENTURY FINANCIAL                  :
CORPORATION, NEW CENTURY               :
MORTGAGE CORPORATION,                  :
JAMES LANAGAN and ANDREW               :
BARLOW,                                :
        **Defendants**       :

## COMPLAINT

### I. Introduction

    This is an action seeking damages brought by the Plaintiff, Diane Oliveira, against Defendants New Century Financial Corporation, New Century Mortgage Corporation, James Lanagan, alias, and Andrew Barlow, alias, for wrongful termination in violation of public policy, defamation and tortuous interference with advantageous business relations.

### II. Parties

    1.    The Plaintiff, Diane Oliveira, is a resident of the City of Providence, County of Providence, State of Rhode Island.

    2.    On information and belief, Defendant New Century Financial Corporation ("New Century Financial") is a corporation duly organized and incorporated pursuant to the laws of the State of California, with a principal place of business in Foxboro, Massachusetts.

    3.    On information and belief, Defendant New Century Mortgage Corporation ("New Century Mortgage") is a corporation duly organized and incorporated pursuant to the laws of the State of California, with a principal place of business in Foxboro, Massachusetts and is a subsidiary of New Century Financial.

4.     Defendant James Lanagan ("Lanagan"), was, at all relevant times herein, employed by Defendants New Century Financial and New Century Mortgage as a Regional Operations Manager and Plaintiff's supervisor.

5.     Defendant Barlow ("Barlow"), was, at all relevant times herein, employed by Defendants New Century Financial and New Century Mortgage as the Director of Human Resources.

### III. Jurisdiction

6.     The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

### IV. Allegations Common to All Causes of Action

7.     On or about March 1, 2004, the Plaintiff was hired by New Century Financial and New Century Mortgage as an Account Manager at their Foxboro Massachusetts location.

8.     During all relevant times, Plaintiff's work performance met Defendants legitimate business expectations.

9.     As an Account Manager, Plaintiff's essential duties included analyzing loan file documentation for accuracy, fraud and other problems or issues.

10.     As an Account Manager, Plaintiff was required to identify and report what she reasonably believed to be fraud in the application process.

11.     Beginning in or early 2005, and continuing, in connection with her duties as Account Manager, Plaintiff identified what appeared to be numerous instances of unlawful activity, including fraud, in the mortgage loan application documentation that she was required to review.

12. As examples, Plaintiff identified fabricated documentation, fabricated income, forged documents, fabricated bank statement, and other false, fraudulent and otherwise improper information and documentation.

13. Upon identifying the unlawful conduct, Plaintiff promptly reported it to management at Defendant New Century Mortgage and New Century Financial, including but not limited to Defendant Lanagan, Risk Managers and Human Resources.

14. Due to Plaintiff's complaints of unlawful conduct in connection with the mortgage loan applications, Defendants retaliated against the Plaintiff up to and including the termination of Plaintiff's employment.

15. For example, Plaintiff was frequently reassigned to different Account Executive after she reported apparent fraud in connection with the loan applications they serviced.

16. Defendant Lanagan admonished plaintiff for "spending too much time looking for fraud".

17. Plaintiff was reassigned to a different Risk Manager, purportedly because she had a personal relationship with the Risk Manager, despite the fact that Defendants were aware of the relationship for over one year prior to the reassignment.

18. Plaintiff repeatedly complained to management at Defendant New Century Financial and New Century Mortgage, including Defendants Lanagan and Barlow about the ongoing retaliatory conduct she endured.

19. Despite her repeated complaints, Defendants took no action to stop the retaliatory conduct and the retaliation continued.

20. On or about December 26, 2006, Defendant Lanagan advised Plaintiff that her employment at Defendant New Century Financial and New Century Mortgage was terminated, effective immediately.

21.  Plaintiff was escorted to gather her belongings and was escorted out of the building in plain view of her co-workers at Defendant New Century Financial and New Century Mortgage.

22.  Plaintiff was terminated in retaliation for having reported numerous instances of apparent fraud in the loan application process and as an innocent scapegoat for the illegal activities of others, in gross violation of public policy as embodied in common law of the Commonwealth of Massachusetts.

23.  Defendant's unlawful actions and/or omissions were motivated by malice and ill will toward the Plaintiff, and the Defendants actions were taken with reckless and callous indifference to the rights of the Plaintiff.

24.  As a proximate result of the Defendant's unlawful conduct, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer impairment in the pursuit of her chosen career, loss of income, including past and future salary, benefits, severe mental and physical anguish, pain and suffering and other great damage.

### V.  Claims for Relief

25.    Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-24 above.

### Count One
### Violation of Public Policy

26.    The actions and/or omissions of Defendants, including but not limited to those described herein, constitute a violation of public policy, causing the Plaintiff to suffer damages as aforesaid.

### Count Two
### Tortious Interference with an Advantageous Relationship

27. The actions and/or omissions of Defendants, including but not limited to those described herein, constitute a tortuous interference with an advantageous relationship, insofar as Defendants intentionally and improperly interfered with Plaintiff's business relationship, causing the Plaintiff to suffer damages as aforesaid.

### Count Three
### Defamation

28.    The actions and/or omissions of Defendants, including but not limited to those described herein, constitute defamation, insofar as Defendants engaged in false and unflattering communication of and concerning the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

### VI. Prayers for Relief

**WHEREFORE,** the Plaintiff respectfully prays for the following relief:

1.    Judgment against the Defendants and an award of actual damages, compensatory damages for pain and suffering, humiliation and emotional distress. damages, plus interest, costs and attorneys' fees.

2.    An award of punitive damages.

3.    Such other and further relief as this Honorable Court deems just and proper.

### VII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## VIII. <u>Designation of Trial Counsel</u>

The Plaintiff hereby designates Louise A. Herman Esquire, as trial counsel.

PLAINTIFF
By her attorneys,
LAW OFFICE OF LOUISE A. HERMAN

Louise A. Herman (#548995)
129 Dyer Street
Providence, RI 02903
(401) 277-4110
(401) 421-0964 (facsimile)

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, S.S.**                           **SUPERIOR COURT DEPARTMENT**
                                            **OF THE TRIAL COURT**

| | | |
|---|---|---|
| DIANE OLIVEIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-00456 |
| | ) | |
| NEW CENTURY FINANCIAL | ) | |
| CORPORATION, NEW CENTURY | ) | |
| MORTGAGE CORPORATION, | ) | |
| JAMES LANAGAN and ANDREW | ) | |
| BARLOW, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DAVID M. JAFFE

I, DAVID M. JAFFE, do hereby declare and state:

1.      I am an associate at the law firm of Littler Mendelson, a Professional Corporation, located at One International Place, Suite 2700, Boston, Massachusetts 02110.  I am one of the attorneys for Defendants New Century Financial Corporation, New Century Mortgage Corporation (together, "New Century"), James Lanagan and Andrew Bartlow[1] in the above-captioned matter and I make these statements based on personal knowledge and would so testify if called as a witness.

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Notice of Commencement of Chapter 11 Bankruptcy Cases for New Century Financial Corporation and New Century Mortgage Corporation.

---

[1] Bartlow is misspelled in the caption.

3.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of New Century's Articles of Incorporation.

4.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy of New Century's By-Laws.

I have read the foregoing Affidavit, consisting of this and one other typewritten page, and declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Massachusetts that it is true and correct and that I have personal knowledge of the matters set forth herein and could and would competently testify to the same if called upon.

Executed this 21st day of June, 2007 at Boston, MA.

_____
David M. Jaffe

## CERTIFICATE OF SERVICE

I, David M. Jaffe, hereby certify that on this 21st day of June, 2007, a true copy of the foregoing Affidavit of David M. Jaffe was served via overnight mail upon plaintiff's counsel of record:

Louise A. Herman, Esq.
Law Office of Louise A. Herman
129 Dyer Street
Providence, RI 02903

_____
David M. Jaffe

Firmwide:82645645.1 046778.1020

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, S.S.**                              **SUPERIOR COURT DEPARTMENT**
                                              **OF THE TRIAL COURT**

|  |  |
|---|---|
| DIANE OLIVEIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 07-00456** |
| ) | |
| NEW CENTURY FINANCIAL ) | |
| CORPORATION, NEW CENTURY ) | |
| MORTGAGE CORPORATION, ) | |
| JAMES LANAGAN and ANDREW ) | |
| BARLOW, ) | |
| ) | |
| Defendants. ) | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Pursuant to Superior Court Rule 9A and Rule 12(b)(1) of the Massachusetts Rules of

Civil Procedure, Defendants New Century Financial Corporation and New Century Mortgage

Corporation (together, "New Century"), and Defendants James Lanagan and Andrew Bartlow[1]

(together, the "Individual Defendants") hereby move this Honorable Court to dismiss all

proceedings related to this case because New Century filed a voluntary petition for

reorganization in the United States Bankruptcy Court for the District of Delaware, Case No. 07-

10419-KJC, pursuant to Chapter 11 of the Bankruptcy Code. As set forth in greater detail in

Defendants' accompanying Memorandum of Law in Support of their Motion to Dismiss, this

Action is already stayed as to New Century pursuant to the automatic stay provisions of 11

U.S.C. § 362(a) (2007). Defendants now respectfully request an order pursuant to 11 U.S.C.

§§ 362 and 105 dismissing this Action as to the Individual Defendants because (1) for purposes

---

[1] Bartlow's name is misspelled in the caption.

of the Bankruptcy proceedings and the instant lawsuit, the Individual Defendants stand in the

shoes of New Century and share the same identity; and (2) permitting the trial to go forward as

against the Individual Defendants will circumvent the purpose of the Bankruptcy Code by

forcing New Century to either defend its interests in the lawsuit or risk falling victim to collateral

estoppel if Plaintiff prevails.

### Request for Oral Argument

Defendants respectfully request oral argument on their Motion to Dismiss.


WHEREFORE, Defendants respectfully request that this Court Dismiss Plaintiff's claims.


                              Respectfully submitted,

                              NEW CENTURY FINANCIAL
                              CORPORATION, NEW CENTURY
                              MORTGAGE CORPORATION, JAMES
                              LANAGAN AND ANDREW BARTLOW

                              By their attorneys,


                              _____
                              George P. Kostakos (BBO # 557919)
                              David M. Jaffe (BBO #641610)
                              Littler Mendelson, P.C.
                              One International Place, Suite 2700
                              Boston, MA 02110
                              (617) 378-6000 (t)
                              (617) 737-0052 (f)

Dated: June 21, 2007

## CERTIFICATE OF SERVICE

I, David M. Jaffe, hereby certify that on this 21st day of June, 2007, a true copy of the foregoing Defendants' Motion to Dismiss was served via overnight mail upon plaintiff's counsel of record:

Louise A. Herman, Esq.
Law Office of Louise A. Herman
129 Dyer Street
Providence, RI 02903

David M. Jaffe

Firmwide:82662460.1 046778.1020

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, S.S.**                          **SUPERIOR COURT DEPARTMENT
                                           OF THE TRIAL COURT**

| | |
|---|---|
| DIANE OLIVEIRA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **CIVIL ACTION NO. 07-00456** |
| | ) |
| NEW CENTURY FINANCIAL | ) |
| CORPORATION, NEW CENTURY | ) |
| MORTGAGE CORPORATION, | ) |
| JAMES LANAGAN and ANDREW | ) |
| BARLOW, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION TO DISMISS

Pursuant to Superior Court Rule 9A and Rule 12(b)(1) of the Massachusetts Rules of

Civil Procedure, Defendants New Century Financial Corporation and New Century Mortgage

Corporation (together, "New Century")[1], and Defendants James Lanagan and Andrew Bartlow[2]

(together, the "Individual Defendants") hereby move this Honorable Court to dismiss all

proceedings related to this case because New Century filed a voluntary petition for

reorganization in the United States Bankruptcy Court for the District of Delaware, Case No. 07-

10419-KJC, pursuant to Chapter 11 of the Bankruptcy Code. Accordingly, this Action is already

stayed as to New Century pursuant to the automatic stay provisions of 11 U.S.C. § 362(a) (2007).

---

[1] Neither New Century Financial Corporation nor New Century Mortgage Corporation has been served with a summons or a copy of the Complaint, as required by Rule 4 of the Massachusetts Rules of Civil Procedure. New Century Financial Corporation and New Century Mortgage Corporation wish to make a limited appearance for purposes of adjudicating this Motion. By making a limited appearance, New Century Financial Corporation and New Century Mortgage Corporation do not waive their rights under Rule 4 or any other Massachusetts Rule of Civil Procedure. To the contrary, New Century Financial Corporation and New Century Mortgage Corporation expressly reserve their rights to challenge the sufficiency and propriety of any attempt by Plaintiff to serve them with process.
[2] Bartlow's name is misspelled in the caption.

Defendants now respectfully request an order pursuant to 11 U.S.C. §§ 362 and 105 dismissing

this Action as to the Individual Defendants because (1) for purposes of the Bankruptcy

proceedings and the instant lawsuit, the Individual Defendants stand in the shoes of New Century

and share the same identity; and (2) permitting the trial to go forward as against the Individual

Defendants will circumvent the purpose of the Bankruptcy Code by forcing New Century to

either defend its interests in the lawsuit or risk falling victim to collateral estoppel if Plaintiff

prevails.  In support of this Motion, Defendants state as follows:

## I.    BACKGROUND

On or about March 16, 2007, Plaintiff Diane Oliveira, a former Account Manager at New

Century Mortgage Corporation's Foxboro, Massachusetts office, filed this lawsuit against the

Defendants alleging claims for violation of public policy, tortious interference with an

advantageous business relationship and defamation.

On April 2, 2007, New Century Financial Corporation, f/k/a New Century REIT, Inc.

together with its debtor affiliates[3] filed voluntary petitions under Chapter 11 of the United States

Bankruptcy Code.  (A true and accurate copy of the Notice of Commencement of Chapter 11

Bankruptcy Cases for New Century Financial Corporation and New Century Mortgage

Corporation is attached to the Affidavit of David M. Jaffe, Esq. as Exhibit 1, and is incorporated

herein by reference).  On March 16, 2007, Plaintiff filed this lawsuit against New Century and

the Individual Defendants.

---

[3]   The debtor affiliates are New Century TRS Holdings, Inc., f/k/a New Century Financial Corporation; New
Century Mortgage Corporation, f/k/a JBE Mortgage, d/b/a NCMC Mortgage Corporation, d/b/a New Century
Corporation, d/b/a New Century Mortgage Ventures, LLC; NC Capital Corporation; Home 123 Corporation, f/k/a
The Anyloan Corporation, 1800anyloan.com, Anyloan.com; New Century Credit Corporation, f/k/a Worth Funding
Incorporated; NC Asset Holding, L.P., f/k/a NC Residual II Corporation; NC Residual III Corporation; NC Residual
IV Corporation; New Century R.E.O. Corp.; New Century R.E.O. II Corp.; New Century R.E.O. III Corp.; New
Century Mortgage Ventures, LLC, d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage
Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services,
Elite Financial Services, Buyers Advantage Mortgage; NC Deltex, LLC; and NCoral, L.P.

## II.    ARGUMENT

Section 362(a) of the Bankruptcy Code stays the commencement or continuation of

litigation against the debtor and any attempt to obtain possession of (or control over) estate

assets.  11 U.S.C. § 362(a).  Section 362(a)'s purpose is not only to "protect the debtor from an

uncontrollable scramble for its assets in a number of uncoordinated proceedings in different

courts," but also to "provide the debtor and its executives with a reasonable respite from

protracted litigation, during which they may have an opportunity to formulate a plan of

reorganization for the debtor."  In re Continental Airlines, 177 Bankr. 475, 479 (Bankr. D. Del.

1993) (internal citations omitted).  Once a bankruptcy petition is filed, the Superior Court is

"deprived of power to go further [and] thereafter [lacks] subject matter jurisdiction [...]"  Irving

Levitt Co. v. Sudbury Management Associates, Inc., 19 Mass. App. Ct. 12, 16 (1984).

Such stays are not just limited to debtors, but may be extended to third-party defendants

(non-debtors) under certain conditions.  Courts have extended stays to third-party defendants

when "there is such identity between the debtor and the third-party defendant that the debtor may

be said to be the real party defendant and that a judgment against the third-party defendant will

in effect be a judgment or finding against the debtor."  W.R. Grace & Co. v. Chakarian (In re

W.R. Grace & Co.), 315 B.R. 353, 359 (Bankr. D. Del. 2004).

### A.    New Century And The Individual Defendants Share The Same Identity.

Here, the Individual Defendants share such an identity with New Century (the debtor)

because both Lanagan and Bartlow were New Century Mortgage Corporation employees during

the relevant time period and were brought into this lawsuit by Plaintiff as a result of their

employment status and their business relationship with Plaintiff:  Lanagan was in Plaintiff's

supervisory chain and Bartlow was the Director of Human Resources.  Complaint, ¶¶ 4-5.  As a

result, any allegations against them are tantamount to allegations against New Century and the

Court should therefore extend the stay to the Individual Defendants. See, e.g., Gerard v. W.R.

Grace & Co. (In re W.R. Grace & Co.), 115 Fed. Appx. 565, 569 (3d Cir. 2004) (finding that the

Bankruptcy Court properly noted that the theories in the complaint clearly targeted the debtor);

Continental Airlines, 177 B.R. at 479-80 (the debtor was the real party defendant, and an identity

of interest existed between the debtor and the non-debtor defendants); but compare Allegheny

International Credit Corp. v. Bio-Energy of Lincoln, Inc., 21 Mass. App. Ct. 155, 158 (1985)

(holding that non-debtor corporate partner who was not actively involved in the day-to-day

operations of the debtor was not entitled to extension of stay).

Additionally, the Individual Defendants share the same identity as New Century because

New Century's Articles of Incorporation and By-Laws specifically provide a mechanism

whereby the Company may indemnify each of its agents. Article Six of the Articles of

Incorporation provide, in pertinent part:

> The corporation is authorized to provide indemnification of agents (as defined in
> Section 317 of the California Corporations Code)[4] through bylaw provisions,
> agreements with agents, vote of shareholders or disinterested directors or
> otherwise [...]

(A true and accurate copy of New Century's Articles of Incorporation is attached to the

Affidavit of David M. Jaffe, Esq. as Exhibit 2, and incorporated herein by reference). Section 8

of Article Four of New Century's By-Laws provide, in pertinent part:

> The Corporation may indemnify each of its agents against expenses, judgments,
> fines, settlements and other amounts, actually and reasonably incurred by such
> person having been made or having been threatened to be made a party to a
> proceeding to the fullest extent possible by the provisions of the General
> Corporation Law and the Corporation may advance the expenses reasonably
> expected to be incurred by such agent in defending any such proceeding upon
> receipt of the undertaking required by the General Corporation Law. The terms
> "agent," proceeding" and "expense" made in this Section 8 shall have the same
> meaning as such terms in said Section 317 of the General Corporation Law, as

---

[4] Section 317 of the California Corporations code defines "agent" as any person who is or was a director, officer,
employee or other agent of the corporation. Cal. Corp. Code § 317(a).

amended.

(A true and correct copy of New Century's By-Laws is attached to the Affidavit of David M. Jaffe, Esq. as Exhibit 3, and is incorporated herein by reference). Consequently, New Century may be obligated to indemnify the Individual Defendants for losses and defense costs (including attorneys' fees and expenses) incurred in connection with this lawsuit. This indemnification obligation would result in the depletion of New Century's estate assets or an increase in claims, either of which would decrease the amount available to pay creditors. Even if the indemnification claims are eventually defeated, the mere threat of significant indemnification liability will force New Century to consider participating in the defense of this lawsuit regardless of the automatic stay, which would hinder New Century's reorganization efforts by distracting New Century from concentrating on its reorganization. Under these circumstances, other courts have extended the stay to non-debtor third-party defendants. See In re Midway Airlines Corp., 283 B.R. 846, 852 (E.D. N.C. 2002) (extending stay to non-debtor employees where they are covered by the debtor's corporate liability policy and could have asserted indemnification claims against the debtor); A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 998 (4th Cir.) (same), cert. denied, 479 U.S. 876 (1986); Johns-Manville Corp. v. Asbestos Litig. Group (In re Johns-Manville Corp.), 40 B.R. 219, 223 (S.D. N.Y. 1984) (automatic stay covers non-debtor employees); El Puerto de Liverpool S.A. de C.V. v. Servi Mundo Llantero, U.S.A., Inc. (In re Kmart Corp.), No. 02 B 02474, 2002 Bankr. LEXIS 1308, *19-20 (Bankr. N.D. Ill., Nov. 15, 2002) (identity is the same where the debtor has an absolute duty to indemnify the non-debtor either by contract or operation of law or where the costs of the non-debtor's defense are borne by the debtor). New Century and the Individual Defendants share the same identity either because the Individual Defendants are being sued in their capacity as New Century's agents or because New Century may have a duty to indemnify the Individual Defendants. Either way, they share

-5-

the same identity and the Court should extend the stay to the Individual Defendants.

**B.    Failing To Extend Stay Exposes New Century To Collateral Estoppel.**

By extending the stay to the Individual Defendants, the Court avoids litigating identical

cases in two separate trials and preserves the ability of New Century to defend itself in the

litigation by preventing Oliveira from asserting collateral estoppel against New Century if she

prevails against the Individual Defendants.  See In re: American Film Technologies, Inc., 175

B.R. 847, 850 (Bankr. D. Del. 1994)  ("bankruptcy courts have issued preliminary injunctions,

on collateral estoppel grounds, staying the prosecution of actions against non-debtor defendants

who were officers and/or directors of the debtor defendants"); In re Ionosphere Clubs, Inc., 111

Bankr. 423, 435 (Bankr. S.D.N.Y. 1990) (enjoining an action against the debtor airline's co-

defendants, including the chairman of the board of directors, because a finding of liability as to

the co-defendants could extend to the airline and collateral estoppel could prevent it from

litigating factual and legal issues critical to its defense in other proceedings.), aff'd in part, 124

Bankr. 635 (S.D.N.Y. 1991); Johns-Manville Corp. v. Asbestos Litig. Group (In re Johns-

Manville Corp.), 26 Bankr. 420, 429 (Bankr. S.D.N.Y. 1983) (extending an automatic stay to

enjoin a security holders' class action suit against various employees and agents of a corporate

debtor, noting the risk that the corporate debtor "would be found to be a controlling

nonparty ... and thus could be collaterally estopped in subsequent suits from relitigating issues

determined against its officers and directors"), aff'd, 40 Bankr. 219 (S.D.N.Y. 1984), rev'd in

part on other grounds, 41 Bankr. 926 (S.D.N.Y. 1984).

If her case against the Individual Defendants is permitted to go forward and Oliveira

prevails against them, New Century will be hamstrung to defend itself in its litigation against

Oliveira when the stay is lifted.  New Century will thus be forced into a Hobson's choice of

participating actively in the defense against Oliveira's claims notwithstanding the stay, or not

doing so and risking that an adverse judgment against the Individual Defendants will later be considered, *inter alia*, collateral estoppel preventing them from re-litigating Oliveira's claims. Several courts have extended the stay to non-debtors to avoid exactly this result. See American Film Technologies, 175 Bankr. at 850 (continuation of fraud claims against the debtor's directors and officers created danger of collateral estoppel and vicarious liability); In re Lomas Fin. Corp., 117 Bankr. 64, 67 (S.D.N.Y. 1990) (injunction appropriate because "it is not possible for the debtor to be a bystander to a suit which may have a $20 million issue preclusion effect against it in favor of a pre-petition creditor"); In re Sudbury, Inc., 140 Bankr. 461, 464-65 (Bankr. N.D. Ohio 1992) (same); In re Ionosphere Clubs, Inc., 111 Bankr. at 435 (same). The only way to preserve the spirit of the Bankruptcy Code's stay procedures and permit New Century to focus on its reorganization is to extend the stay to the Individual Defendants so New Century does not have to choose between concentrating on reorganization and defending itself in this lawsuit.

## III.  **CONCLUSION**

Any litigation against the Individual Defendants will necessarily implicate New Century's interests because it shares the same identity as the Individual Defendants. Additionally, permitting Oliveira's suit to proceed against the Individual Defendants may bar New Century from ever defending itself in the litigation once the stay is lifted because Oliveira will likely assert collateral estoppel against New Century if she prevails against the Individual Defendants. For the foregoing reasons, Defendants respectfully request that the Court enter an order pursuant to 11 U.S.C. §§ 362 and 105 granting a stay of this Action as to Individual Defendants, James Lanagan and Andrew Bartlow, and dismissing this lawsuit for lack of subject matter jurisdiction. Mass. R. Civ. P. 12(b)(1).

Respectfully submitted,

NEW CENTURY FINANCIAL
CORPORATION, NEW CENTURY
MORTGAGE CORPORATION, JAMES
LANAGAN AND ANDREW BARTLOW

By their attorneys,

George P. Kostakos (BBO # 557919)
David M. Jaffe (BBO #641610)
Littler Mendelson, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)

Dated: June 21, 2007

## CERTIFICATE OF SERVICE

I, David M. Jaffe, hereby certify that on this 21st day of June, 2007, a true copy of the

foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss was served

via overnight mail upon plaintiff's counsel of record:

> Louise A. Herman, Esq.
> Law Office of Louise A. Herman
> 129 Dyer Street
> Providence, RI 02903

David M. Jaffe

Firmwide:82596186.2 046778.1020