# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors | : | |

## DECLARATION OF PATRICE MCPHERSON IN SUPPORT OF COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Patrice McPherson, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. I am Senior Vice President, Remittance Processing of Countrywide Home Loans, Inc. ("Countrywide").

2. I submit this Declaration in support of Countrywide's Motion For Relief From Automatic Stay.

3. Countrywide is in the business of making and servicing home loans and mortgages. It not only makes it own loans but also purchases existing loans from other mortgage companies.

4. On May 10, 2005, William Vinson ("Vinson"), a defendant in a civil action currently pending in the Eighth Judicial District Court, Clark County, Nevada, styled Countrywide Home Loans, Inc. vs. William Alexander Vinson, New Century Mortgage

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a/ NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

Company, et al., case no. A522212 ("Nevada Litigation"), secured a second mortgage loan in the amount of $145,000.00 (the "Loan") on real property located at 8712 Castle Ridge Avenue, Las Vegas, Nevada 89129, Assessor's Parcel Number 138-08-513-058 (the "Property"). A true and correct copy of the deed of trust (the "Deed of Trust") containing the legal description of property is attached hereto as **Exhibit 1**.

5. In September of 2005, the Loan was transferred to Countrywide, who then became the beneficiary under the Deed of Trust, and assigned loan # 1000923984.

6. On or about November 4, 2005, Countrywide received a check issued by Peters & Sowydra in the amount of $140,768.58. A true and correct copy of the check is attached hereto as **Exhibit 2**.

7. The check, made payable to American Home Mortgage, was endorsed by American Home Mortgage for the payment of its loan # 1000923984 for Elizabeth Casello, which had been transferred to Countrywide from American Home Mortgage.

8. Seeking to apply the payment, Countrywide conducted a search based on the loan number provided by American Home Mortgage rather than by name. Because the search was inadvertently run on the American Home Mortgage loan number for Elizabeth Casello, which happened to be the same as the Countrywide loan number for Vinson, Countrywide mistakenly posted approximately $140,000.00 to Vinson's account.

9. Subsequently, Vinson refinanced the Loan with one of the Debtors, New Century Mortgage Corporation.

10. On or about November 28, 2005, just a few weeks after the funds were mistakenly posted to Vinson's account, Countrywide received a request for payoff demand on the Loan.

Given that funds had been erroneously posted to Vinson's account, the amount due and owing on the Loan at that time was only $5,711.84.

11. On or about December 16, 2005, a final payoff demand was ordered on the Loan, and Countrywide made demand for a total amount of $5,916.15 on the Loan.

12. On December 27, 2005, Vinson paid off the $5,916.15 balance remaining on the Loan. Countrywide subsequently closed Vinson's account and effectively released its lien on the Property even though, still unbeknownst to Countrywide, approximately $140,000.00 was still truly owed on the Loan.

13. On February 1, 2006, Countrywide discovered its mistake in misapplying funds to the Loan upon notification by its Payoff Department that American Home Mortgage was requesting the return of $140,768.58, as the funds had been sent to Countrywide twice.

14. Upon discovering its mistake, Countrywide made numerous requests to Vinson for remittance of the $140,768.58. Between March 10, 2006 and March 24, 2006, Countrywide sent three (3) letters to Vinson informing him of the clerical error and requesting remittance of the $140,768.58, but received no response. True and correct copies of the letters are attached hereto as **Exhibit 3**.

15. On May 23, 2006, after Vinson failed to respond to Countrywide's communications or make payment on the outstanding balance of his account, Countrywide initiated the Nevada Litigation and filed a Notice of Lis Pendens on the Property.

16. After being served with a copy of the summons and complaint in the Nevada Litigation, Vinson contacted Countrywide and agreed to pay back the $140,768.58. However, Vinson subsequently refused to remit full payment for the misapplied funds.

17. On December 1, 2006, Countrywide filed a motion for leave to amend the complaint in the Nevada Litigation to add the Debtor as a party to the Nevada Litigation, which motion was subsequently granted, in order to pursue claims for injunctive relief and damages.

18. Also on December 1, 2006, Countywide filed a motion for partial summary judgment (the "Summary Judgment Motion") seeking to reinstate Countrywide's lien against the Property as a first priority lien. A true and correct copy of the Summary Judgment Motion is attached hereto as **Exhibit 4**.

19. At a hearing held on or around March 5, 2007, the Nevada Court granted the Summary Judgment Motion because the Debtor failed to file any answer to Countrywide's amended complaint and failed to file any opposition to the Summary Judgment Motion. Despite having filed no response to Countrywide's pleadings, the Debtor, through new counsel hired by its title insured, requested a rehearing on the Summary Judgment Motion. Countrywide agreed to the Debtor's request, and the Nevada Court set a rehearing on the Summary Judgment Motion for April 23, 2007.

20. On April 2, 2007, the Debtor and numerous related entities filed their voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

21. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Plano, TX
    October 8, 2007

                                                  _____
                                                  Patrice McPherson
                                                  Senior Vice President, Remittance Processing