IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| | ) |
| NEW CENTURY TRS HOLDINGS, INC., | ) |
| a Delaware corporation, et al.,[1] | ) |
| | ) Case No. 07-10416 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| NEW CENTURY MORTGAGE | ) |
| CORPORATION, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Adversary Proceeding |
| | ) No. _____ |
| v. | ) |
| | ) |
| POSITIVE SOFTWARE SOLUTIONS, INC., | ) |
| AND EDWARD MANDEL | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF PURSUANT TO SECTIONS 362(a) AND 105(a)
OF THE BANKRUPTCY CODE RELATING TO SUIT
AGAINST CERTAIN OF THE DEBTORS' ATTORNEYS**

Plaintiffs New Century Mortgage Corporation, et al. (collectively, "New Century"), who are certain of the above-

---

[1] The Debtors are the following entities: New Century Financial Corporation, a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation, a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation, a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC, a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoRAL, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

captioned debtors and debtors-in-possession, as and for their complaint against plaintiffs in a pending action in the United States District Court for the Northern District of Texas, Dallas Division styled <u>Positive Software Solutions, Inc., et al. v. Susman Godfrey L.L.P., et al.</u> (the "Texas Suit"), respectfully allege upon information and belief as follows:

## I. NATURE OF THE CASE

This is an action for declaratory and injunctive relief staying the Defendants herein/plaintiffs in the Texas Suit from proceeding in any way with the Texas Suit against any and all defendants therein, including three former officers of the Debtors (the "Ex-Officer Defendants") and New Century's attorneys in an arbitration in Texas (the "Attorney Defendants"). The statutory bases for this Complaint are sections 362(a) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## II. JURISDICTION AND VENUE

1.  On April 2, 2007 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors remain debtors-in-possession in each case pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.  Venue is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

### III. THE PARTIES

3.  New Century, as debtor-in-possession in each of the applicable bankruptcy cases, has since the Petition Date continued to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.  Defendant Positive Software Solutions, Inc. ("Positive Software") is a Texas corporation having its principal place of business in Dallas, Texas.

5.  Defendant Edward Mandel (together with Positive Software, the "Defendants"), an individual, is the Chief Executive Officer of Positive Software and can be contacted at 4939 Normandy Drive, Frisco, Texas 75304.

### IV. FACTUAL BACKGROUND

6.  In the interest of judicial efficiency, New Century hereby references and incorporates the facts contained in (a) the Debtors' Motion for Additional Sanctions Against Positive Software (D.I. 2566 in Case No. 07-10416 (KJC))(the "Further Sanctions Motion") and (b) the Debtors' Supplement to "Motion for Additional Sanctions Against Positive Software Solutions, Inc. (D. I. 3252 in Case No. 07-10416 (KJC)) (the "Supplement to the Further Sanctions Motion").

7.  On August 20, 2007, the Defendants filed the Texas

Suit.

8. On August 24, 2007, the Debtors filed the Further Sanctions Motion, seeking a determination that the automatic stay of 11 U.S.C. § 362(a) applies by its own terms to stay the Texas Suit.

9. On September 11, 2007, the Court held a hearing on the Further Sanctions Motion, but reserved ruling on the Further Sanctions Motion pending the parties' discussion of the feasibility of a stipulation to resolve the matter.

10. The parties were unable to reach a resolution of the matter by stipulation.

11. On October 9, 2007, the Debtors filed the Supplement to the Further Sanctions Motion, seeking alternative relief in the form of an extension of the stay to cover the Attorney Defendants and the Ex-Officer Defendants in the event the Court were to find that the stay did not apply by its own terms to the Texas Suit.

12. Substantially concurrently, in an abundance of caution, New Century is bringing this adversary proceeding to moot what Positive Software and Mandel apparently contend are procedural defects resulting from pursuing such alternative relief in a contested matter rather than through an adversary

proceeding.[2]

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

13. New Century repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, provides:

> (a) [A] petition filed under section 301 . . . of this title, . . . operates as a stay, applicable to all entities, of --
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . ., or to recover a claim against the debtor that arose before the commencement of this case under this title. . . .
>
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1), (3).

15. Section 362 automatically stays and enjoins the plaintiffs in the Texas Suit and their attorneys and agents from proceeding against New Century and the bankruptcy estates.

16. There is an actual and substantial controversy among the parties as to whether the automatic stay applies to claims

---

[2] New Century is contemporaneously filing a Motion for Temporary Restraining Order in this adversary proceeding.

RLF1-3210940-1

asserted in the Texas Suit against the Attorney Defendants and the Ex-Officer Defendants.

17. Continuation of the Texas Suit against the Attorney Defendants and the Ex-Officer Defendants will be tantamount to continuing the litigation against New Century and its property because of the identity of interest between New Century and the Attorney Defendants and the Ex-Officer Defendants. Continuation of these actions would, therefore, violate the automatic stay provisions of § 362(a)(1) and (3).

18. Additionally, further prosecution of the Texas Suit will undermine New Century's bankruptcy process by diverting key personnel from such process, will raise collateral estoppel concerns, will raise the specter of litigation over the attorney client privilege without the Debtor present, and otherwise will prejudice the Debtors.

19. Accordingly, New Century seeks a declaration pursuant to 28 U.S.C. § 2201 that the automatic stay provisions in 11 U.S.C. § 362(a)(1), (3) bar any further prosecution of the Texas Suit against the Attorney Defendants and Ex-Officer Defendants.

### SECOND CLAIM FOR RELIEF
### (Injunctive Relief Pursuant to Section 105)

20. New Century repeats and realleges the allegations of paragraphs 1 through 19 as if set forth fully herein.

21. Section 105(a) of the Code confers broad equitable

-6-

powers upon this Court to supervise the bankruptcy process and to effectuate the provisions of chapter 11. See 11 U.S.C. § 105(a). Pursuant to section 105(a), the Court can enjoin actions that interfere with or impede New Century's bankruptcy process.

22. The Debtors will be irreparably harmed if the Texas Suit goes forward, for all of the reasons set forth in the Further Sanctions Motion and the Supplement to the Further Sanctions Motion.

23. Additionally, if the Texas Suit is not enjoined, the harm to New Century's liquidation and its creditors will significantly outweigh any harm to the plaintiffs in the Texas Suit. In contrast, if an injunction is issued, Defendants will be able to assert their claims against New Century in the Chapter 11 Cases.

24. Enjoining the Texas Suit will also serve the public interest by promoting New Century's successful liquidation and ensuring that creditors receive fair treatment.

## VI. PRAYER FOR RELIEF

WHEREFORE, New Century prays for judgment, pursuant to 11 U.S.C. §§ 362(a)(1), 362(a)(3), and 105(a), declaring that the Texas Suit is stayed and enjoining the Defendants from proceeding, continuing, or otherwise taking any action whatsoever in the Texas Suit against the Ex-Officer Defendants

and/or the Attorney Defendants until the effective date of any plan of liquidation or earlier order of this Court, and granting New Century such other and further relief as is just and proper.

Dated: October 9, 2007
       Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
Victoria A. Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR NEW CENTURY MORTGAGE CORPORATION, et al.