IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket No. 1023 and 2665 |

ORDER (I) SUPPLEMENTING JUNE 1, 2007 ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER AND (II) GRANTING MOTION OF MICHAEL J. MISSAL, EXAMINER FOR AN EXTENSION OF TIME TO FILE HIS REPORT WITH THE COURT

On June 1, 2007, the Court entered an Order directing the appointment of an Examiner (the "June 1, 2007 Order"). The June 1, 2007 Order specified that the "Debtors, and all of the Debtors' affiliates, subsidiaries and other companies under their control and the Examiner shall mutually coordinate and cooperate in connection with the performance of any of the Examiner's duties." On June 7, 2007, the Court entered an Order approving the appointment of Michael J. Missal as Examiner. On September 5, 2007, the Examiner filed the Motion of Michael J. Missal, Examiner, for an Extension of Time to File His Report with the Court (the "Motion"). Upon consideration of the Motion, as well as the Limited Objection of Committee of Unsecured Creditors to Motion of Michael J. Missal, Examiner, for an Extension of Time to File His Report, and with the consent of the Debtors, it is hereby:

---

[1] The Debtors are the following entities: New Century Financial Corporation, a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation, a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation, a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC, a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCORAL, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

L:\Moms\Wp\Temp\NC - (Version 3) Order Amending Order.DOC
RLF1-3207850-6

ORDERED, that the delivery of any documents or information to the Examiner by the Debtors, counsel or other professionals engaged by the Debtors, the Debtors' Board of Directors, or any of the Debtors' affiliates, subsidiaries or other companies or entities under their control, does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection held by the Debtors, and that the delivery of such documents or information to the Examiner shall not be the basis for any third party to assert that the Debtors have waived any protections or privileges with respect to such documents or information. Notwithstanding anything to the contrary herein, the Debtors are not obligated or required to deliver any documents or information to the Examiner that are protected by the attorney-client privilege, the work product doctrine or any similar privilege or protection held by the Debtors. The Debtors' cooperation with the Examiner shall include, but not be limited to, providing the Examiner and the Examiner's professionals immediate access to any non-privileged documents or information obtained by the Debtors or their professionals from the investigation, described below, conducted by the Special Investigative Committee (the "SIC") of the Board of Directors; and it is further

ORDERED, that the SIC, and counsel or other professionals engaged by the SIC with the Court's authorization, are directed to cooperate fully with the Examiner in conjunction with the Examiner's duties, and that any documents or information provided to the Examiner by the SIC or its counsel, or other professionals employed by the SIC, does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection held by the SIC or the Debtors (including the Debtors' Board of Directors), and that the delivery of such documents or information to the Examiner shall not be the basis for any third party to assert that the Debtors or the SIC have waived any protections or privileges with

2

respect to such documents or information. The cooperation of the SIC, any retained counsel or other retained professionals includes, but is not limited to, providing the Examiner or the Examiner's professionals immediate access to any non-privileged information reviewed by the SIC, any retained counsel or other retained professionals as part of the investigation by the SIC commenced as a result of Debtors' decision to restate certain of their financial statements on February 7, 2007. The SIC shall coordinate with the Examiner regarding the content and scope of its investigation in order to, among other things, avoid unnecessary duplication of effort by the Examiner; and it is further

ORDERED, that until the Examiner has filed the Examiner's report or reports pursuant to 11 U.S.C. § 1106(4)(A), neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures of any information that the Examiner received during the performance of its duties other than those disclosures which are authorized under paragraphs 6 and 10 of this Court's June 1, 2007 Order Denying in Part and Granting in Part the Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "June 1 Order"); and it is further

ORDERED, that the Motion is GRANTED, and that the June 1 Order is hereby modified to extend the deadline for the Examiner to file his report through and including January 15, 2008, unless such time if extended by further order of the Court; and it is further

ORDERED, that the Examiner shall file his report pertaining to the Debtors' post-petition use of cash collateral upon completion of that portion of the investigation; and it is further

ORDERED, that any report or reports filed by the Examiner with the Court (collectively, a "Report") shall be filed initially under seal with copies provided to the Debtors,

the Debtors' Official Committee of Unsecured Creditors ("Creditors Committee") and the Office of the U.S. Trustee (the "UST" and is defined to include any district office and the Executive Office of the United States Trustee in Washington, D.C.). The Creditors Committee and the UST shall maintain and protect the Report's status as under seal and shall not disclose any of the information contained therein unless and until such Report or any portions thereof are unsealed. To the extent that a Report contains or reveals information that is or may be protected by 11 U.S.C. § 107(b), the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, the Examiner's submission of such Report to the Court or his provision of a copy of such Report to the Creditors' Committee or the UST shall not constitute a waiver of such privileges or protections and any reference or inclusion of any privileged or protected documents in such Report shall not be the basis for any third party to assert that the Debtors have waived any protections or privileges with respect to such documents or information. Within ten (10) days following the filing of a Report by the Examiner, the Debtors, the Committee or another interested party may file a motion with the Court seeking to maintain any portion or portions of such Report under seal (with the movant bearing the burden) because, inter alia, such portion or portions contain or reveal information that is protected by 11 U.S.C. § 107(b), the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection (a "Protection Motion"). If no party timely files a Protection Motion, such Report shall be unsealed. If a Protection Motion is timely filed, then only that portion or portions of such Report that are sought to be protected shall remain under seal until the Court enters an order on such Protection Motion and the balance of such Report shall be unsealed.

Dated: Oct 10, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE