UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.[1] | ) Case No. 07-10416 (KJC) |
| | ) Jointly Administered |
| Debtor. | ) |
| | ) **Relates to Docket Item 3236** |

**AD HOC COMMITTEE OF DEFERRED COMPENSATION PLAN
BENEFICIARIES' (I) OBJECTION TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING
PROOFS OF CLAIM IN THE CHAPTER 11 CASE OF NEW CENTURY
WAREHOUSE CORPORATION; OR IN THE ALTERNATIVE,
(II) MOTION FOR LEAVE TO FILE A CLASS PROOF OF CLAIM**

Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa") and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Plans"), for themselves and all other similarly situated, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

"Beneficiaries"), hereby object to the Motion of Debtors and Debtors in Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner and Sufficiency of Notice Thereof (the "NCW Motion") and request either (1) that the Beneficiaries, in such capacity, be exempt from the General Bar Date proposed in the NCW Motion; or, in the alternative, (2) that the Beneficiaries be permitted to file a class proof of claim, and in further support thereof, state as follows:

### Jurisdiction, Venue and Basis for Relief Sought

1. This Court has jurisdiction over the NCW Motion and this Objection and Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The predicates for the relief sought are 11 U.S.C. §502 and Rules 3003(c)(3), 3002(c)(3), 9013, 9014 and 7023 of the Federal Rules of Bankruptcy Procedure.

### Background

2. On or about January 1, 1999, New Century Financial Corporation ("New Century") executed and made available to eligible employees the New Century Deferred Compensation Plan. New Century subsequently replaced the original Deferred Compensation Plan with the New Century Financial Corporation Deferred Compensation Plan Amended and Restated July 1, 2004 (the "Plan").

3. Amounts contributed to and/or withheld under the Plan from the participants' salaries, bonuses and commissions were placed in a trust ("Plan Assets"). As of December 31, 2006 the trust contained in excess of $43 million (and perhaps as much as $49 million) of Plan Assets.

4. On April 2, 2007, the above-named Debtors, with the exception of New Century Warehouse Corporation (the "Original Debtors"), filed petitions for chapter 11 relief. Those cases have been jointly administered.

5. The Plan Assets have remained in a segregated account (the "Segregated Account") pursuant to a Court order issued following the May 7, 2007 hearing on the Beneficiaries' Motion for Appointment of an Additional Committee ("1102(b) Motion").

6. On June 8, 2007, the Original Debtors filed a Motion of Debtors and Debtors in Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency Thereof (the "First Bar Motion") requesting that this Court establish a General Bar Date of August 31, 2007. First Bar Date Motion at ¶ 6 [D.E. 1173].

7. On June 20, 2007, the members of the Ad Hoc Beneficiaries Committee, as Beneficiaries, initiated an adversary proceeding against the Debtors, Wells Fargo Bank N.A. as Trustee, the Compensation Committee of the Board of Directors of the New Century Financial Corporation as the Plan Administrator, and the Official Committee of Unsecured Creditors by filing a Complaint seeking, *inter alia,* declaratory and equitable relief to redress violations of ERISA with regard to the funds held in the Segregated Account (the "Adversary Proceeding"). The Beneficiaries, among other relief, seek a ruling that the Plan Assets in the Segregated Account are being held in trust for the exclusive benefit of the Beneficiaries.

8. Also on June 20, 2007, the Beneficiaries filed an Objection to the Motion of Debtors and Debtors In Possession for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof

10/16/07/SL1 758823v1/102440.00001

and, in the Alternative, Motion for Leave to File a Class Proof of Claim (the "First Objection") seeking: (1) exemption from the bar date on the grounds of Fed. R. Bankr. P. 3002(c)(3) as well as principles of fairness and judicial economy; and (2) in the alternative, permission from this Court to file a class proof of claim. [D.E. 1408].

9. On June 28, 2007, this Court issued an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof (the "First Bar Order") establishing the General Bar Date and exempting the Beneficiaries from those filing requirements with respect to claims arising out of their participation in the Plan. First Bar Order, ¶¶ 5, 6(f) [D.E. 1721].

10. New Century Warehouse Corporation ("NCW") filed a separate petition for chapter 11 relief on August 3, 2007. Pursuant to this Court's August 7, 2007 Order, this case is being jointly administered with the Original Debtors' cases. [D.E. 2199]. NCW subsequently filed the instant NCW Motion on October 5, 2007. [D.E. 3236].

11. NCW requests that this Court establish December 14, 2007 as the General Bar Date. NCW Motion, ¶ 9. Under NCW's proposed procedures, any entity not listed on NCW's Schedules, or listed as disputed, contingent or unliquidated or which believes its prepetition claim is improperly classified or is listed in an incorrect amount, would be subject to the General Bar Date. Id. at ¶ 9(a). NCW proposes January 31, 2008 as the Governmental Bar Date and, for claims arising out of rejected executory contracts, the proposed bar date is "the later of (a) the NCW General Bar Date and (b) 30 days after the effective date of rejection." Id. at ¶¶ 10-11. Finally, to the extent claims result from amendments to NCW's Schedules, those claims would be subject to a proposed NCW Schedules Bar Date of "the later of "(a) the NCW General Bar Date and (b) 30 days after

the date that notice of the applicable amendment to the NCW Schedules, if any, is served on the claimant." Id. at ¶ 12.

12. NCW further proposes that "any entity that is required to file a proof of claim ... but fails to do so by the applicable NCW Bar Date should be forever barred, estopped and enjoined from: (a) [asserting that claim] ... or (b) voting upon, or receiving distributions under, any plan of reorganization or liquidation ..." NCW Motion, ¶ 14.

13. The Beneficiaries object to the application of the General Bar Date to such claims that they may have either now (on a contingent or conditional basis) or arising out of an adverse ruling with respect to their rights in the Plan Assets.[2] First, to the extent such claims do or will exist, they likely come within the exception to the preclusive and binding effect of chapter 11 bar date orders pursuant to Rules 3003(c)(3) and 3002(c)(3). Second, the aggregate amount of these contingent and/or conditional claims (which will exist only if there is a final judgment that the Plan Assets are not held for the exclusive benefit of the Beneficiaries) is known to NCW, the Original Debtors and the OCUC; the aggregate claim amount is the amount contributed by the Beneficiaries to the Plan and remaining in the Plan (and presumably held in the Segregated Account), as shown by the Debtor's and the Trustee's records. No purpose is served by imposing the General Bar Date on the Beneficiaries. Finally, while the instant motion proposes bar dates relevant to just one debtor, the Beneficiaries' task of determining which New Century entity their claim is against is no more simple than it was with the First Bar Date Motion. As discussed in the First Objection, the Plan sponsor appears to have been New Century

---

[2] The Beneficiaries seek relief from the Motion only as to such claims as might arise from their status as participants in the Plan or as beneficiaries of the Plan and its accompanying trust, including such claims as would arise from a denial of their contention that the Plan Assets are held in trust for their exclusive benefit. As employees, the same individuals may have other claims – for wages, salaries, severance pay, benefits, etc. – and this Objection does not seek relief as to such other employment-related claims, if any.

Financial Corporation, but individual Beneficiaries have yet to determine whether the claim they might someday hold is against their particular employer. Additional discovery, and perhaps a judicial determination, is still required to determine against what entity such claims, if any, would be filed, although it appears to be New Century Financial Corporation.

<b><u>Argument</u></b>

**A.    *Beneficiaries' claims are excepted from the Bar Dates under Fed. R. Bankr. P. 3002(c)(3).***

14.    Generally, in a chapter 11 case, unsecured creditors' claims are allowed only if a proof of claim is filed within the time set by the court. Fed. R. Bankr. P. 3003(c)(3). However, "An unsecured claim which ... becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment ... denies or avoids the entity's interest in property." Fed. R. Bankr. P. 3002(c)(3), 3003(c)(3).

15.    The Beneficiaries, in such capacity, will have allowed unsecured claims only to the extent that the Court finds that the Plan Assets are not held in trust for their exclusive benefit and, therefore, that the Beneficiaries' interests in the Plan Assets are as general unsecured creditors of New Century Financial Corporation.

16.    Accordingly, under the apparent application of Rule 3002(c)(3), the Beneficiaries need not file a proof of claim in the chapter 11 case until the Adversary Proceeding has been finally resolved, at which point their claims will become allowable on in the unlikely event of a judgment which denies the Beneficiaries' exclusive ownership rights in the Plan Assets. If such a judgment is entered and becomes final and

unappealable, the Beneficiaries should have 30 days under Rules 3002 and 3003 in which to file their proofs of claim.

### B. *The Beneficiaries should be exempted from the Bar Dates as a matter of fairness and judicial economy.*

17. To avoid any ambiguity or arguments as to the application of Rules 3002 and 3003 to the contingent, conditional claims of Beneficiaries, the Beneficiaries respectfully request that this Court merely treat their potential claims against NCW the same as those against the other Debtors, namely by exempting them from the General Bar Date, and that any order imposing bar dates provide the Beneficiaries with no fewer than thirty (30) days after a final, unappealable judgment is entered denying their claim that the Plan Assets are held for their exclusive benefit or otherwise resolving their claims in order to file proofs of claim or a class proof of claim.

18. As mentioned above, the Beneficiaries will not know whether they have allowable unsecured claims until the Adversary Proceeding concludes.

19. No prejudice to NCW or the administration of its case will result from exempting the Beneficiaries from the General Bar Date. From the Debtors' own records, the Beneficiaries' 1102(b) Motion filed on April 18, 2007 [D.E. 307], and the Adversary Proceeding, NCW is aware of the aggregate amount of the Beneficiaries' contingent and conditional claims.

20. Finally, without additional information and guidance the Beneficiaries cannot clearly determine whether NCW, as opposed to any of the other New Century entities, is liable for their potential claim. Indeed, the proper entity against whom claims are to be asserted might only be revealed as part of the discovery in the Adversary Proceeding, and may have to be determined by the Court as part of that proceeding.

21. The interests of fairness and economy are clearly best served by exempting the Beneficiaries from the proposed General Bar Date since: (1) NCW and the Original Debtors are already on full notice of the amount and nature of the Beneficiaries' claims; (2) the Beneficiaries will not know whether they have allowable claims until resolution of the Adversary Proceeding; and (3) the Beneficiaries do not now possess the information necessary to comply with NCW's proposed claim filing procedures.

    **C.**    *Alternatively, in the event the Court finds that the Beneficiaries must file proofs of claim by the General Bar Date, the Beneficiaries seek permission to file a class proof of claim.*

22. The Federal Rules of Bankruptcy Procedure specifically provide for the use of a class action in adversary proceedings. Fed. R. Bankr. P. 7023. The Beneficiaries' Adversary Proceeding is filed as a class action and class certification will be sought therein as well, under Rule 7023. This Court follows the majority rule by recognizing that Fed. R. Bankr. P. 9014 "expands that Rule to contested matters, at the Court's discretion." In re Kaiser Group International, Inc., 278 B.R. 58, 63 (Bankr. Del. 2002). The Beneficiaries request this Court to apply Rule 7023 to this matter and to authorize the filing of a class proof of claim to the extent the General Bar Date is to apply to claims of Beneficiaries.

23. A class proof of claim is appropriate where the requirements found in Fed. R. Civ. P. 23(a) and (b) are met. Under Rule 23(a), the party seeking class status need only show: "(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." Kaiser Group, 278 B.R. at 64; Fed. R. Civ. P. 23(a).

24. The Beneficiaries satisfy all four of these requirements. First, there are more than 500 participants in the Plan. Joinder of this many Beneficiaries is simply infeasible.

25. Second, the legal nature of every Beneficiary's interest in the Plan Assets is contingent upon the same ERISA provisions. Their claims are governed by the exact same operative facts and issues of law and are therefore indistinguishable from one another.

26. Third, for this same reason, the claims belonging to the proposed representatives, Schroeder, Parker, Warren, Holland, Bawa and the Ad Hoc Committee, are not only typical of, but are identical to, the claims and defenses of the class as a whole.

27. Finally, since the claims and defenses belonging to the named representatives and the class members are not merely similar, but absolutely identical, there is no logical basis upon which to question the representatives' ability to fairly and adequately protect the interests of the other class members. Moreover, the Ad Hoc Committee has retained counsel and raised funds to support the prosecution of the proceedings in this case.

28. The Beneficiaries' claims also satisfy the requirements of Rule 23(b) which state that class actions are appropriate where all of the requirements of Rule 23(a) are met *and*:

    (1)    the prosecution of separate action by or against individual members of the class would create a risk of:
        (A)    inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
        (B)    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . .

Fed. R. Civ. P. 23(b).

29. While only (A) or (B) must be met, both of them are satisfied here because both the factual and legal issues involved are identical among the individual Beneficiaries. Therefore, a ruling as to one Beneficiary's claim is going to affect all of the claims held by the Beneficiaries. Accordingly, the interests of due process are best served by allowing the Beneficiaries to file a class proof of claim.

## Conclusion

WHEREFORE, the Beneficiaries respectfully request this Court to enter an Order:

1. Exempting the Beneficiaries from the General Bar Date established in the Debtors' Motion and providing that the Beneficiaries, in such capacity, may file proofs of claim within thirty (30) days after entry of a final, non-appealable judgment in the Adversary Proceeding; or, in the alternative;

10/16/07/SL1 758823v1/102440.00001

2. Applying Rule 7023 to this matter and permitting the Ad Hoc Committee or the above-named Beneficiaries to file a class proof of claim on behalf of all Beneficiaries similarly situated.

Dated: October 16, 2007

STEVENS & LEE, P.C

/s/ Joseph H. Huston, Jr.
JOSEPH H. HUSTON, JR. (NO. 4035)
1105 NORTH MARKET STREET, SUITE 700
WILMINGTON, DE 19801
TELEPHONE: (302) 425-3310
TELECOPIER: (610) 371-7972
EMAIL: JHH@STEVENSLEE.COM

- and -

**BERNSTEIN, SHUR, SAWYER & NELSON**

ROBERT J. KEACH
100 MIDDLE STREET
P.O. BOX 9729
PORTLAND, ME 04104-5029
TELEPHONE: (207) 774-1200
TELECOPIER: (207) 774-1127
EMAIL: RKEACH@BERNSTEINSHUR.COM

11