## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | |
| A Delaware corporation, et al.,[1] | ) | Case No. 07-10416 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Hearing Date: 11/06/07 @ 1:30 p.m.** |
| | ) | **Response Date:  11/01/07 @ 4:00 p.m.** |
| | ) | |

## MOTION OF JOSEPH & LAVON TAYLOR, INDIVIDUALLY
## AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
## FOR AN ORDER: (A) ENLARGING THE BAR DATE; AND
## (B) GRANTING LEAVE TO FILE A CLASS PROOF OF CLAIM

Creditors Joseph & Lavon Taylor, individually and on behalf of others similarly situated

(the "Movants"), through their undersigned counsel, hereby move for entry of an order: (a)

enlarging the bar date to allow the filing of a late proof of claim pursuant to Rules 3003(c)(3) and

9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (b)

granting leave to file a class proof of claim pursuant to Bankruptcy Rule 9014 (the "Motion").  In

support of this Motion, Movants respectfully state as follows:

---

[1]     The "Debtors" or "New Century" are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P., a Delaware limited partnership.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief requested herein are sections 105(a) of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003(c)(3), 7023, 9006(b)(1), 9013, and 9014.

## BACKGROUND

2.      On April 2, 2007 (the Petition Date"), the debtors identified in footnote 1 herein (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      A committee of general unsecured creditors (the "Committee") was formed by the Office of the United States Trustee ("UST") on April 9, 2007.

## SUMMARY OF MISSOURI STATE COURT ACTION

6.       On December 22, 2005, prior to the Petition Date, the Movants commenced a lawsuit in the Circuit Court for St. Louis County in the State of Missouri against Debtor Home 123 Corporation ("Home 123 Corp.") captioned as <u>Joseph Taylor, et al. v. Home 123 Corporation</u>, Case No. 05CC-006278 (hereinafter the "Taylor Action").

7.      The Taylor Action proceeded for approximately one and one-half years up until the Petition Date, at which time the Taylor Action was stayed due to the automatic stay provided by section 362(a) of the Bankruptcy Code.

8.      In the Taylor Action, Movants assert that Home 123 Corp. improperly charged document preparation fees in connection with home mortgage transactions in the State of Missouri.  More specifically, pursuant to R.S. Mo. §484.020 and applicable case law, only an attorney can collect a fee for the preparation of documents necessary to effectuate a mortgage loan transaction. The Supreme Court of Missouri recently ruled, in a class action matter, that the charging of such document preparation fees is illegal.  Eisel. v. Midwest Bankcentre, 230 S.W.3d 335 (Mo. 2007).

9.      Movants filed the Taylor Action as a class action on behalf of themselves individually and all others similarly situated.  The Taylor Action has not yet been certified as a class action by the Missouri state court.

10.     According to responses to interrogatories provided by Home 123 Corp. during the course of litigation, Home 123 Corp. charged a document preparation fee in 306 transactions within the State of Missouri during the relevant time period in the amount of $77,934.00. Pursuant to R.S. Mo. §484.020, this amount is subject to treble damages for a total amount of $233,802.  Additionally, Movants seek attorneys' fees, costs and punitive damages in an unliquidated amount in the Taylor Action.

11.     On May 10, 2007, class action counsel for the Movants, David Butsch, Esquire, sent a letter to Debtors' counsel, Suzanne S. Uhland at O'Melveny & Myers, LLP, enclosing a copy of the state court complaint, providing her and the Debtors with notice of the claim, and

inquiring as to a resolution (the "May 10 letter").  A copy of the letter, without enclosures, is attached hereto to the Claim as Exhibit C.   The Debtors' counsel never responded to the letter or sent Mr. Butsch a copy of any bar date notice.

12.     Pursuant to an order of this Court, August 31, 2007 was established as the bar date (the "Bar Date") by which all general unsecured claims against the Debtors were to be filed in order to be considered timely, and October 2, 2007 (the "Governmental Bar Date") was established as the deadline by which governmental claims were to be filed against the Debtors.

13.     Mr. Butsch, who contacted Debtors' counsel by virtue of the May 10 letter, was never personally served with the Bar Date Notice. As set forth in the Affidavit of Mr. Butsch attached hereto as Exhibit A, apparently, notice of the Bar Date was sent directly to the Movants, unsophisticated consumers with no prior experience with legal proceedings other than the Taylor Action itself.  The schedules suggest that Mr. Butsch's partner, Joe Jacobson, could also have been on the service list, though Mr. Jacobson was not responsible for the Taylor Action and if he received it, never forwarded it to Mr. Butsch before the Bar Date.  Therefore, Mr. Butsch relied solely on his clients' understanding of the applicable Bar Date.

14.     Sometime in September 2007, the Movants incorrectly informed Mr. Butsch that the applicable bar date was October 2, 2007, the Governmental Bar Date.  It was not until late September, just before the expiration of the Governmental Bar Date, that he became aware that the Bar Date for general unsecured claims had already passed.

15.     Upon realizing the correct Bar Date had passed, Mr. Butsch and the undersigned counsel took immediate steps to prepare, obtain signatures for, and file the originally executed proof of claim ("Claim") with the Debtors' claim agent, Xroads Claims Management Services,

by Federal Express.  The Claim was filed on October 8, 2007, five weeks after the correct Bar

Date, and docketed as Claim No. 3507.  A copy of the Claim is attached hereto as Exhibit B.

16.    That same day, on October 8, 2007, the undersigned counsel contacted Debtors'

local counsel seeking consent to enlarge the Bar Date for filing the Claim and for leave to file it

as a class action claim.  On October 15, 2007, counsel for the Debtors informed the bankruptcy

counsel for the Movants that it would not consent to the relief requested, and this instant Motion

was immediately prepared and filed.

17.    Movants now seek an order of the Court (a) enlarging the Bar Date by five weeks

to allow the claim to be deemed timely filed; and (b) allowing the claim to be filed as a class

action claim.

## LEGAL ARGUMENT

### The Totality of Circumstances Establishes Cause for Enlarging the Bar Date

18.    Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, which sets forth

the time for filing proofs of claim, provides, in pertinent part, that the court "*for cause shown*

may extend the time within which proofs of claim or interest may be filed."  Fed.R.Bank.P.

3003(c)(3) (emphasis added).  Additionally, Bankruptcy Rule 9006(b)(1) provides as follows:

> (1)    . . . when an act is required or allowed to be done at or
> within a specified period by these rules or by a notice given
> thereunder or by order of the court, the court for cause may at any
> time in its discretion  . . . (2) on motion made after the expiration
> of the specified period permit the act to be done *where the failure
> to act was the result of excusable neglect*.

Fed.R.Bankr.P. 9006(b)(1) (emphasis added).

19.    The "excusable neglect" standard contemplates that courts are permitted, where

appropriate, to accept late filings where the failure to timely file is caused by inadvertence,

5

mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).  Indeed, courts should review a creditor's reasons for filing a late claim with flexibility because the analysis is rooted in equity.  Id. at 1498; see also United States v Clark, 51 F.3d 42, 44 (5th Cir. 1995).

20.    In Pioneer, the Supreme Court analyzed the following factors to be used by courts in evaluating whether excusable neglect exists: (i) the danger of prejudice to the debtor; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for delay, including whether it was within reasonable control of the movant; and (iv) whether the movant acted in good faith.  Pioneer, 507 U.S. at 397-999; 113 S.Ct. at 1498-99. Each of these factors weighs in favor of enlarging the Bar Date herein.

21.    First and foremost, the Debtors will not be prejudiced by the filing of the Claim a mere five weeks after the Bar Date.  The determination of prejudice to the debtor involves a flexible analysis of the totality of the circumstances, and is not simply a dollars and cents approach.  Chemetron Corp. v Jones, 72 F.3d  341, 349 (3rd Cir. 1995).  The mere assumption that a debtor's funds will be depleted if a late claim is permitted to be filed is not sufficient to prove prejudice.  In re R.H. Macy & Co., 166 B.R. 799, 802 (Bankr. S.D. N.Y. 1994).  Further, the assertion that a late filed claim will harm the debtor's reorganization efforts is insufficient where the debtor had prior knowledge of the movant's claims.  See  In re: Eagle Bus Mfg., Inc., 62 F.3d 730, 737 (5th Cir. 1995).

22.    Rather, prejudice only occurs when allowance of a late claim would injure or damage the debtor.  In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126-27 (3d Cir.

6

1999).  Factors the court may consider include: (i) the size of the claim with respect to the rest of

the estate; (ii) whether allowing the claim would have an adverse impact on judicial

administration of the case; (iii) whether the plan was filed or confirmed; (iv) the disruptive effect

the late filing would have on the plan or the economic model upon which the plan was based;

and (v) whether allowing the claim would open the floodgates to other similar claims. Id.

      23.     Here, the estate of Home 123 Corp. would not be damaged by the late filing of the

Claim.  The Debtors were already aware of the filing of the Claim because it was identified on

Home 123 Corp.'s  Schedule F, and class action counsel sent a letter to Debtors' counsel well

before the Bar Date had elapsed notifying her of the Taylor Action.

      24.     Based on discovery produced by Home 123 Corp. in the Taylor Action, the face

value of the claim has already been liquidated in the amount of $233,802.  The unliquidated

portion of the claim consists of fees, costs and punitive damages.  This Claim, therefore,

represents only a small fraction of the total claims identified in Home 123 Corp.'s Schedules.

See In re Springford Industries, Inc., 2003 WL 21494002 (Bankr. E.D. Pa. 2003) (Sigmund, J)

(allowing late filed claim under excusable neglect standard where claim represented small

portion the total claims likely to be in full given the value of the assets being liquidated).

      25.     The Claim was also filed only five weeks after the Bar Date.  Courts have

permitted late filings where the delay was greater.  See e.g., In re Byrne, 162 B.R. 816, 819

(Bankr. W.D. Wisc. 1993) (impact on proceedings minimal where claim was filed one year and

two months after bar date); In re Thomas McKinnon Securities, Inc., 159 B.R. 146, 154 (Bankr.

S.D.N.Y. 1993) (motion to extend granted where claim was filed two and one-half years later);

In re McKissock, 298 B.R. 535, 540 (Bankr. W.D. Pa. 2003) (delay of seven weeks in filing claim was minimal and did not affect judicial administration).

26.    These proceedings are only seven months old, no plan has yet been proposed, the claims objection process has not commenced, and the Debtors are in the process of liquidating the Debtors' assets so granting the Motion will have little, if any, effect on the administration of these proceedings, as well as the Debtors' estates and creditors.

27.    Moreover, the delay in filing was inadvertent and the Debtors' failure to notify Mr. Butsch of the date, despite his letter to them, contributed to the delay.  This is not a situation where counsel deliberately ignored a bar date notice.  Rather, it was truly an inadvertent oversight.  Indeed, Mr. Butsch contacted Debtors' counsel pursuant to the May 11 letter, but nevertheless received no response and the Debtors did not serve the Bar Date notice upon him despite the notice he provided to the Debtors of his role and interest.  Consequently, Mr. Butsch did not personally receive notice of the Bar Date, but rather relied on the Taylors who misread the Bar Date notice. In hindsight, this course of events was unfortunate, but the parties acted in good faith to quickly remedy the mistake. As soon as the mistake concerning the Bar Date was discovered, the Claim was prepared, sent out for signatures, and filed with the Debtors' claims agent.  Additionally, counsel for the Debtors was immediately contacted in an effort to resolve the late claim issue, and when counsel declined to consent, a motion was immediately prepared and filed.  All efforts to address the late-filed Claim were made diligently and in good faith.  See In re Herman's Sporting Goods, 166 B.R. 581, 585 (Bankr. N.J. 1994) (good faith manifest where parties sought to enlarge the bar date promptly after filing late claim).  Indeed, given the absence of any prejudice from the late filing, the justification for the delay need not be as strong.

8

Springford, 2003 WL at *3 (finding that justification for delay need not be as strong where absence of prejudice from late filing exists).  Thus, circumstances as these, which do not suggest bad faith, fall squarely within the parameters of excusable neglect as set forth in the relevant case law.

28.     Moreover, by enlarging the Bar Date, this Court will be furthering the public policy behind the bankruptcy process.  In Pioneer, the Supreme Court noted that chapter 11, as opposed to chapter 7, provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors.  Pioneer, 507 U.S. at 389; 113 S.Ct. at 1494. In overseeing the reorganization process, courts are entrusted with broad equitable powers to balance the interests of the affected parties guided by the overriding goal of ensuring the success of reorganization. Id.  If this Court denies this Motion, the Claim may be forever barred.  This means that innocent consumers harmed by the wrongful actions of Home 123 Corp. by improperly collecting documentation fees as found by the Missouri Supreme Court will be barred from restitution on their claims.  Such a result, given the facts, would be unjust and contrary to public policy. Indeed, the court may exercise its equitable powers under section 105(a) of the Bankruptcy Code to grant the relief requested herein.  See 11 U.S.C. §105(a).

### A Class Proof of Claim is Appropriate in These Circumstances

29.     Class proofs of claim are permissible in a bankruptcy proceeding.  Reid v. White Motor Corp., 886 F.2d 1462, 1469 (6th Cir. 1989), cert. denied, 494 U.S. 1080 (1990); In re Charter Co., 876 F.2d 866, 873 (11th Cir. 1989); In re American Reserve Corp., 840 F.2d 487, 493 (7th Cir. 1988); In re Kaiser Group International, Inc., 278 B.R. 58, 62 (Bankr. D. Del. 2002).

9

30.     Whether to certify a class claim is within the discretion of the bankruptcy court.

Kaiser Group, 278 B.R. at 62.  Bankruptcy Rule 7023 expressly allows class certification in

adversary actions by incorporating Rule 23 of the Federal Rules of Civil Procedure ("Civil

Rules").  Bankruptcy Rule 9014 expands that rule to contested matters, at the Court's discretion.

See Fed.R.Bankr.P. 9014 ("The court may at any stage in a particular matter direct that one or

more of the other rules in Part VII shall apply."); Kaiser Group, 278 B.R. at  62.

31.     For a class representative to pursue a class proof of claim, two motions are

required.  The first is a motion pursuant to Rule 9014 to extend the application of Civil Rule 23

to some contested matter.  The second is a motion for class certification demonstrating to the

Court that the requirements of Civil Rule 23 are satisfied by the pending action.  See In re

Musicland Holding Corp, 362 B.R. 644, 651-52 (Bankr. S.D.N.Y. 2007) (citing Woodward &

Lothrop Holdings, Inc., 205 B.R. 365, 369 (S.D.N.Y. 1997)).  Movants herein are requesting

only that this Court extend the application of Civil Rule 23 to allow them to file a class proof of

claim and that that claim be deemed timely.  At a later date, Movants will either seek relief to lift

the automatic stay to pursue class certification in the Missouri state court, or file a motion for

class certification in these bankruptcy proceedings.

32.     Since this case is a liquidating Chapter 11, and the Debtors are rapidly liquidating

assets and the Bar Date has already passed, Movants believe it is appropriate for this Court to

consider the relief requested herein at this time.

33.     If a class proof of claim is not allowed for the Taylor Action, substantial prejudice

and confusion may result.  The Bar Date has already passed and most likely, members of the

class failed to file claims.  Indeed, members of the class in the Taylor Action may not even be

aware that Home 123 Corp. improperly collected documentation fees from them and are probably not aware of the legal theories asserted on their behalf in the Taylor Action.  The members of the Taylor Action are also not likely to be aware of the substantial discovery obtained in the Taylor Action, which has been used by the Movants to calculate their damages, and that has been used by the Movants to submit a class proof of claim.

34.     Accordingly, Movants request that they be granted to leave to file the Claim as a class proof of claim.

## NOTICE

35.     Notice of this Motion has been given to (i) the UST, (ii) counsel for the Debtors; (iii) counsel for the Committee; and (iv) all parties that have requested notice of these proceedings.  The Movants submit that no other or further notice is necessary or required.

36.     No previous request for the relief sought herein has been made to this or to any other court.

## CONCLUSION

WHEREFORE, based on the foregoing, the Movants respectfully request that this Court

enter an order:  (i) granting the relief requested in the Motion; and (ii) such other and further

relief as this Court deems just and proper.

Dated:  October 18, 2007
Wilmington, Delaware

**MONTGOMERY, McCRACKEN, WALKER
& RHOADS, LLP**

By:  /s/ Laurie A. Krepto_____
    Richard G. Placey, Esquire (DE Bar No. 4206)
    rplacey@mmwr.com
    Noel C. Burnham, Esquire (DE Bar No. 3483)
    nburnham@mmwr.com
    Laurie A. Krepto, Esquire (DE Bar No. 4109)
    lkrepto@mmwr.com
    1105 Market Street, 15th floor
    Wilmington, DE 19801
    (302) 504-7890

and

    Richard G. Placey, Esquire
    Laurie A. Krepto, Esquire
    123 South Broad Street
    Philadelphia, PA 19109
    (215) 772-1500
    (215) 772-7620 (facsimile)
    ***Please respond to Philadelphia office.***

and

    GREEN, JACOBSON & BUTSCH, P.C.
    David T. Butsch, Esquire
    Suite 700, Pierre Laclede Center
    7733 Forsyth Boulevard
    St. Louis, MO 63105
    (314) 862-6800

    Counsel for the Movants

12