# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>)<br>NEW CENTURY TRS HOLDINGS, INC., )<br>A Delaware corporation, et al.,[1] )<br>)<br>)<br>Debtors )<br>)<br>) | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>(Jointly Administered)<br><br>Hearing Date: 11/06/07 @ 1:30 P.M.<br>Response Date: 10/31/07 @ 4:00 .M. |

AFFIDAVIT IN SUPPORT OF
MOTION OF JOSEPH & LAVON TAYLOR, INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
FOR AN ORDER: (A) ENLARGING THE BAR DATE; AND
(B) GRANTING LEAVE TO FILE A CLASS PROOF OF CLAIM

STATE OF MISSOURI        )
                         )  ss
COUNTY OF ST. LOUIS      )

1. My name is David Butsch, Esquire. I am an attorney duly admitted to practice in the State of Missouri and competent to testify to the matters stated herein.

2. I have personal knowledge of the facts and statements in this Affidavit, and attest that each of these facts and statements is true and correct to the best of my knowledge and belief.

---

[1] The "Debtors" or "New Century" are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P., a Delaware limited partnership.

3. I am submitting this Affidavit in support of the Motion of Joseph & Lavon Taylor, Individually and on Behalf of Others Similarly Situated for an Order: (A) Enlarging the Bar Date; and (B) Granting Leave to File a Class Proof of Claim (the "Motion").

4. I am a partner at Green, Jacobson & Butsch, LLP and I represent Joseph and Lavon Taylor in an action pending in the Circuit Court for St. Louis County in the State of Missouri against Home 123 Corporation ("Home 123 Corp."), a debtor herein, captioned as <u>Joseph Taylor, et al. v. Home 123 Corporation</u>, Case No. 05CC-006278 (hereinafter the "Taylor Action").

5. The Taylor Action was commenced on December 22, 2005 and proceeded for approximately one and one-half years up until the Petition Date, at which time the Taylor Action was stayed due to the automatic stay provided by section 362(a) of the Bankruptcy Code.

6. In the Taylor Action, Movants assert that Home 123 Corp. improperly charged document preparation fees in connection with home mortgage transactions in the State of Missouri. More specifically, pursuant to R.S. Mo. §484.020 and applicable case law, only an attorney can collect a fee for the preparation of documents necessary to effectuate a mortgage loan transaction. Therefore, preparation of documents in connection with home mortgage transactions for fees by Home 123 Corp. was an improper practice of law.

7. Movants filed the Taylor Action as a class action on behalf of themselves individually and all others similarly situated. The Taylor Action has not yet been certified as a class action by the Missouri state court.

8. According to responses to interrogatories provided by Home 123 Corp. during the course of litigation, Home 123 Corp. charged a document preparation fee in 306 transactions

2

within the State of Missouri during the relevant time period in the amount of $77,934.00. Pursuant to R.S. Mo. §484.020, this amount is subject to treble damages for a total amount of $233,802. Additionally, Movants seek attorneys' fees, costs and punitive damages in an unliquidated amount in the Taylor Action.

9. On May 10, 2007, class action counsel for the Movants sent a letter to Debtors' counsel, Suzanne S. Uhland at O'Melveny & Myers, LLP, enclosing a copy of the state court complaint, informing her of the existence of the claim, and inquiring as to a resolution. A copy of the letter is attached as an exhibit to the Motion (the "May 10 letter").

10. The Debtors never responded to the letter.

11. Pursuant to an order of this Court, August 31, 2007 was established as the bar date (the "Bar Date") by which all general unsecured claims against the Debtors were to be filed in order to be considered timely, and October 2, 2007 was established as the bar date ("Governmental Bar Date") by which governmental claims were to be filed against the Debtors.

12. Despite being notifying bankruptcy counsel of the pendency of the class action by the May 10 letter, notice of the Bar Date was never served on me personally as class action counsel for the Movants. Rather, notice of the Bar Date was sent directly to my clients, the Taylors.

13. The Taylors are unsophisticated consumers with no prior experience with legal proceedings other than the Taylor Action itself.

14. Sometime in September 2007, the Taylors informed me that they had received the Bar Date Notice and incorrectly informed me that the applicable bar date was October 2, 2007, the Governmental Bar Date.

3

15. It was not until late September 2007 when I became aware that the Bar Date for general unsecured claims had already passed.

16. On Thursday, September 27, 2007, I received a proof of claim form from local bankruptcy counsel. I immediately sent the claim to my clients, the Taylors, for execution and return delivery to me. Because of the weekend, I did not receive the executed claim (the "Claim") until the week of October 1, 2007. Upon receipt, I sent the Claim to local bankruptcy counsel who proceeded to immediately file the claim with the Debtors' claims agent via federal express on October 5, 2007. A copy of the Claim is attached to the Motion as Exhibit B.

17. While at the time of the filing of this Motion, I do not have a date-stamped copy of the Claim, the federal express shipping receipt indicates receipt by the Debtors' claims agent on October 8, 2007.

18. Based upon the facts set forth herein, I acted in good faith to take the necessary steps to file the Claim as diligently as possible.

_____
David Butsch, Esquire

Sworn to and Subscribed
before me this 16th day
of October, 2007.
_____
Notary Public

JONATHAN F. ANDRES
My Commission Expires
April 25, 2009
St. Louis County
Commission #05701622