# EXHIBIT B

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF DELAWARE _____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Home 123 Corporation | Case Number<br>07-10421 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Joseph & Lavon Taylor, individually and on behalf of all others similarly situated | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>David T. Butsch<br>Green Jacobson & Butsch, P.C.<br>Suite 700, 7733 Forsyth Boulevard<br>St. Louis (Clayton), Missouri 63105<br>Telephone number: (314) 862-6800 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated:_____ | |

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold | ☐ Personal injury/wrongful death | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Services performed | ☐ Taxes | Last four digits of your SS #:____<br>Unpaid compensation for services performed |
| ☐ Money loaned | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☑ Other Refund of Doc. Prep. fees to<br>members of class (illegal under MO<br>law) - See Addendum attached | From _____ to _____<br>(date)         (date) |

| 2. Date debt was incurred: Approximately 2000 to petition date | 3. If court judgment, date obtained: |
|---|---|

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $233,802 plus attorneys' fees, costs, and
punitive damages
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority   $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Other_____
☐ Motor Vehicle

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $ 233,802 _____ _____ _____ | $233,802 plus attorneys' fees, costs, and punitive damages |
|---|---|---|
| | (unsecured)    (secured)    (priority)    (total) | |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Complaint and Interrogatory Answer attached (Taylor v. Home 123 Corp., Cause No. 05CC-006278 (St. Louis Co., Missouri)

8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>10/1/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*Lavon Taylor*        *Joseph E. Taylor* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

LAVON M. TAYLOR
JOSEPH E. TAYLOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HOME 123 CORPORATION, | : | |
| | : | Case No. 07-10421 |
| Debtor. | : | |

## ADDENDUM TO PROOF OF CLAIM

Joseph Taylor and Lavon Taylor, individually and on behalf of all others similarly situated (the "Claimants"), herein files this proof of claim as a class proof of claim. Claimants are asserting damages in the amount of $233,802, plus attorneys' fees, costs, and punitive damages (the "Claim") against Home 123 Corporation ("Debtor") for charging improper document preparation fees in connection with home mortgage transactions. A copy of the complaint commenced in the Circuit Court for St. Louis County, State of Missouri, Cause No. 05CC-006278 ("Missouri Action") setting forth the basis for the Claim is attached hereto as Exhibit A. In sum, pursuant to R.S. Mo. §484.020, only an attorney can collect a fee for the preparation of documents necessary to effectuate a mortgage loan transaction. Claimants are asserting damages for the document preparation fees improperly charged by the Debtor during the period of December 22, 2000 through December 22, 2005 under R.S. Mo. §484.020 as well as the Missouri Merchandising Practices Act, R.S. Mo. §407.010.

According to responses to interrogatories provided to Claimants by the Debtor, the Debtor charged a document preparation fee in 306 transactions within the state of Missouri during the relevant time period in the amount of $77,934.00. A copy of the answers to interrogatories in the Missouri Action is attached hereto as Exhibit B. Pursuant to R.S. Mo. §484.020, this amount is subject to triple damages for a total amount of $233,802. Additionally, Claimants are seeking attorneys' fees, cost, and punitive damages in an unliquidated amount. A copy of counsel's letter to the Debtor's counsel providing additional notice of this Claim is attached hereto as Exhibit C.

The Claimants reserve the right to amend, supplement, or replace this Claim at any time. The Claimants also reserve the right to take further action to ensure that the Claim is treated as a Class Proof of Claim, including, without limitation, filing an appropriate motion or commencing an adversary proceeding.

# EXHIBIT A

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

JOSEPH TAYLOR AND LAVON    )
  TAYLOR, individually and on behalf of  )
all others similarly situated,     )
         )
       Plaintiffs,     )
         )  Cause No.
vs.         )
         )
HOME 123 CORPORATION,    )  Division
         )
Serve: CT Corporation System    )
      120 South Central Avenue  )
      Suite 400     )
      Clayton, MO 63105    )
         )
       Defendant.     )

### PETITION FOR INDIVIDUAL AND CLASS ACTION RELIEF

Plaintiffs Joseph Taylor and Lavon Taylor, ("Borrower"), pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and Section 407.025, RSMo., on their own behalf and on behalf of all others similarly situated, for their petition against defendant Home 123 Corporation ("Defendant"), states:

### INTRODUCTION

1.    Defendant is engaged in the business of making, brokering or participating in home loans in the State of Missouri. Some of these home loans are extensions of credit for the purchase of residential property; others are extensions of credit to refinance existing debt or for a line of credit. Each of these transactions is secured by a deed of trust (or mortgage) on the Borrower's residence, and is effected by various instruments and documents, including a promissory note and a deed of trust

(or mortgage), and, in some cases, releases of deeds of trusts, variable rate riders, a HUD-1 Settlement Statement, and other instruments and documents of legal significance or that affect or relate to rights and title to real property. These instruments and documents relating to and affecting real estate and the title to real estate, or which otherwise affect secular legal rights, in connection with real estate loans are collectively referred to herein as the "Documents."

2.      Defendant, as a general business practice, charges borrowers a fee for the preparation of the Documents relating to the loan or extension of credit being made to the borrower. This fee, which is charged separately from the other fees or costs charged by Defendant, is often referred to in the mortgage industry as a document preparation fee (hereinafter "Document Preparation Fee").

3.      This action is brought by Borrower against Defendant to recover for himself and for all others similarly situated (hereinafter, the "Plaintiff Class") all Document Preparation Fees paid by Borrower and the Plaintiff Class to Defendant. It is Borrower's contention that it is unlawful under Missouri law for Defendant to charge or collect from borrowers a separate Document Preparation Fee. Borrower further contends that Defendant is legally obligated to refund to Borrower, and to the other members of the Plaintiff Class, all Document Preparation Fees charged and collected by Defendant on transactions within the State of Missouri, and to pay in addition statutory treble damages, the attorneys' fees incurred by Borrower herein, costs, and punitive damages.

4.      For the reasons stated in more detail below, this case is properly brought

2

as a Class Action.

## THE NAMED PARTY AND HIS INDIVIDUAL TRANSACTION

5.      On or about April 22, 2005, Plaintiffs Joseph Taylor and Lavon Taylor,
borrowed money from Defendant Home 123 Corporation to refinance the loan on their
home at 260 Gladys, St. Louis County, Missouri 63135. In this transaction, Defendant
Home 123 Corporation charged Plaintiffs Joseph Taylor and Lavon Taylor the sum of
Two Hundred Sixty Dollars ($260) for a Document Preparation Fee.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Defendant because it transacts business
within the State of Missouri, enters into contracts within the State of Missouri, and,
as alleged herein, has committed the acts which are the basis for their liability within
the State of Missouri.

7.      Venue is proper in St. Louis County because the cause of action alleged
accrued in St. Louis County and Defendant has or usually keeps an office or agent for
the transaction of their usual and customary business in St. Louis County.

## CLASS ACTION ALLEGATIONS

8.      The preparation for a fee of Documents necessary to effectuate a mortgage
loan transaction is the "practice of law" and is an engagement in the "law business,"
as those terms are used in Section 484.020, RSMo.

9.      Borrower proposes to represent a Plaintiff Class consisting of all persons
who were charged and paid a Document Preparation Fee to Defendant in connection
with a real estate financing transaction within the State of Missouri for a period

3

beginning five years before the filing of this action.

10.    On information and belief, the Plaintiff Class consists of many hundreds if not thousands of individuals, and the members of the Plaintiff Class are so numerous that it is impractical to bring all of them before the Court in this action. Moreover, the amount of damages suffered by each member of the proposed Plaintiff Class is so small as to make suit for its recovery by each individual Plaintiff Class member economically unfeasible.

11.    Borrower is similarly situated to the members of the Plaintiff Class and will fairly insure adequate representation of all of the Plaintiff Class members.

12.    There are common questions of law and fact applicable to the claims asserted on behalf of the Plaintiff Class. Those questions include the following:

   a.    Whether Defendant charged Document Preparation Fees for the preparation of Documents required to effectuate financing transactions;

   b.    Whether charging by Defendant of a Document Preparation Fee for the drawing, procuring or assisting in the drawing of any paper, document or instrument affecting or relating to secular rights constitutes the practice of law or law business within the meaning given those phrases in Missouri law;

   c.    Whether Defendant acted with the malice necessary for the imposition of punitive damages;

   d.    Whether the members of the Plaintiff Class have a right to recover the Document Preparation Fees paid to Defendant; and

   e.    Whether Defendant is bound by the provisions of Section §482.020, RSMo.

13.    Proposed lead counsel for the proposed Plaintiff Class, Green Schaaf &

4

Jacobson, P.C., are experienced and knowledgeable concerning this type of litigation, and will fairly and adequately represent the interests of the proposed Plaintiff Class.

14.     The questions of law and fact common to the members of the proposed Plaintiff Class predominate over any questions of fact affecting any individual member of the proposed Plaintiff Class, and a class action is superior to other available methods for the fair and efficient resolution of this controversy. No unusual difficulties are anticipated in the management of this case as a class action.

15.     This action is maintainable as a plaintiffs' class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Section 407.025.2, RSMo.

### Count I: Damages for violation of Section 484.010, *et seq.*, RSMo.

16.     Plaintiffs restate and incorporate by reference the preceding allegations as though fully restated herein.

17.     Section 484.020, RSMo., prohibits any association or corporation, except a professional corporation organized pursuant to the provisions of Chapter 356, RSMo., from engaging in the practice of law or doing law business, and further provides that any association or corporation that violates this prohibition shall be subject to being sued for treble the amount paid to it for any services rendered in violation of the prohibition.

18.     Defendant Home 123 Corporation is not licensed to practice law in the State of Missouri.

19.     Defendant Home 123 Corporation is prohibited from engaging in the

practice of law or doing law business in the State of Missouri.

20.    Defendant Home 123 Corporation charges borrowers a Document Preparation Fee for the preparation of Documents necessary to effectuate real estate financing transactions.

21.    By charging a Document Preparation Fee to borrowers, Defendant Home 123 Corporation  has engaged in the practice of law and the doing of law business in the State of Missouri, and is therefore liable for damages to each borrower to whom it charged such a Document Preparation Fee, and is liable for treble damages to each such borrower to whom it charged such a Document Preparation Fee within two years prior to the date of the filing of this petition.

WHEREFORE, plaintiffs Joseph Taylor and Lavon Taylor, individually, and on behalf of each member of the proposed Plaintiff Class, pray the Court grant the following relief:

a.    Enter an order certifying this action as a plaintiffs' class action, and appointing them as the representatives of the Plaintiffs' Class;

b.    Enter an order appointing Green Schaaf & Jacobson, P.C. as class counsel for the Plaintiff Class,

c.    Enter judgment in favor of plaintiffs and the members of the Plaintiff Class, and against Defendant for actual damages in the sum of the Document Preparation Fee charged to plaintiffs and each member of the Plaintiff Class;

d.    Enter judgment in favor of plaintiffs and the members of the Plaintiff Class and against Defendant for treble damages in the sum of three times the

Document Preparation Fee charged to plaintiffs and each member of the Plaintiff Class within two years prior to the date of the filing of this petition;

     e.      Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and claim administration; and

     f.      Award plaintiffs and the members of the Plaintiff Class prejudgment interest, post-judgment interest, costs, and any further and additional relief to which they may be entitled.

    **Count II: Damages for violation of Section 407.010, *et seq.*, RSMo.**

22.     Plaintiffs restate and incorporate by reference the preceding allegations as though fully restated herein.

23.     Defendant Home 123 Corporation is not registered with the Missouri Division of Finance.

24.     Defendant Home 123 Corporation is not subject to the regulation of the Missouri Division of Finance.

25.     Defendant Home 123 Corporation is not under the direction and supervision of the Director of the Missouri Division of Finance, Director of the Missouri Department of Insurance or the Director of the Missouri Division of Credit Unions.

26.     The charging of a Document Preparation Fee for the preparation of Documents necessary to effectuate financing transactions is a deception and an unfair practice in connection with the sale of merchandise in trade or commerce, as those terms are used and defined in the Missouri Merchandising Practices Act, §407.010, *et*

7

*seq.*, RSMo.

27.     The charging of any fee, whether called a document preparation fee, doc prep fee, processing fee or otherwise, for the preparation of Documents necessary to effectuate financing transactions is a deception and an unfair practice in connection with the sale of merchandise in trade or commerce, as those terms are used and defined in the Missouri Merchandising Practices Act, § 407.010, *et seq.*, RSMo.

28.     Defendant violated the Missouri Merchandising Practices Act by charging plaintiffs and the members of the Plaintiff Class a Document Preparation Fee for the preparation of Documents necessary to effectuate real estate financing transactions.

29.     Borrower and each member of the proposed Plaintiff Class were charged a Document Preparation Fee by Defendant and have thereby been damaged.

30.     The conduct of Defendant was malicious, corrupt, and either intentional or reckless to a degree sufficient to support an award of punitive damages against it.

WHEREFORE, Plaintiffs Joseph Taylor and Lavon Taylor, individually and on behalf of each member of the proposed Plaintiff Class who were charged a Document Preparation Fee by Defendant, prays the Court grant the following relief:

a.     Enter an order certifying this action as a plaintiffs' class action, and appointing them as the representatives of the Plaintiff Class;

b.     Enter an order appointing Green Schaaf & Jacobson, P.C. as class counsel and lead counsel for the Plaintiff Class,

c.     Enter judgment in favor of plaintiffs and the members of the Plaintiff Class and against Defendant for actual damages in the sum of the Document

8

Preparation Fee charged to plaintiffs and each member of the Plaintiff Class;

d.    Enter judgment in favor of plaintiffs and the members of the Plaintiff Class and against Defendant for punitive damages in a sum sufficient to punish defendant for its misconduct as alleged herein and to deter Defendant from such misconduct in the future;

e.    Enter judgment awarding class counsel reasonable attorneys' fees and ordering Defendant to pay all expenses of this action including the costs and expenses of class notice and claim administration; and

f.    Award plaintiffs and members of the Plaintiff Class prejudgment interest, post-judgment interest, costs, and any further and additional relief to which they may be entitled.

GREEN SCHAAF & JACOBSON, P.C.

By: _____

Martin M. Green #16465
Joe D. Jacobson #33715
David T. Butsch #37539
Allen P. Press #39293
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105
Tel: (314) 862-6800
Fax: (314) 862-1606

Counsel for Plaintiffs

9

# EXHIBIT B

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOSEPH TAYLOR AND LAVON TAYLOR, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 05CC-006278 ) ) |
| HOME 123 CORPORATION, | ) Division 15 ) ) |
| Defendant. | ) ) ) |

## DEFENDANT HOME 123'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NUMBER ONE TO FIRST INTERROGATORIES

COMES NOW, Defendant Home 123 Corporation, ("Home 123"), by and through its undersigned counsel, and for its Supplemental Response to Plaintiffs' Interrogatory No. 1 of their First Interrogatories, hereby states as follows:

### GENERAL OBJECTIONS

Home 123 reiterates, and does not waive, each of its general objections set out in its response to plaintiffs' first interrogatories, and restates them as set out below:

1. Home 123 Mortgage Corporation ("Home 123) objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

2. Home 123 objects to the Definitions and Instructions to the extent they are not consistent with the Missouri Rules of Civil Procedure or attempt to impose requirements that are greater than those imposed by the Missouri Rules of Civil Procedure.

2330416.1                                        1

3.   Home 123 objects generally to the interrogatories to the extent they seek to impose an obligation upon Home 123 to collect and obtain information and documents from any person or entity not a party to this lawsuit.

4.   Home 123 objects generally to the interrogatories to the extent they seek confidential or proprietary documents and information or information protected from disclosure by the Gramm-Leach-Blilely Act, 15 U.S.C. §16801 et seq. ("GLBA") or similar state privacy laws.

5.   Home 123's objections and responses set forth herein are based upon information presently known to Home 123. Home 123 reserves the right to (a) rely on any facts, documents, or other evidence that may develop or subsequently come to its attention; (b) assert additional objections should Home 123 discover additional information or grounds for objections; and/or (c) supplement or amend these responses at any time in accordance with the applicable rules or orders of this Court.

6.   Home 123 objects to these interrogatories to the extent that they seek class-wide discovery, discovery relating to the confidential files of individual Home 123 borrowers other than the named plaintiffs, or discovery relevant to anything other than the question of whether a class should be certified, at this point in the case when no class has yet been certified.

7.   Home 123 reserves the right to amend and/or supplement these responses should it become necessary to do so.

### INTERROGATORY AND RESPONSE

1.     Have you charged any person(s) a "document preparation fee" or "document fee" in connection with a real estate financing transaction? If your answer is in the affirmative, state the following:

(a)     the number of transactions in which you charged a document preparation from

2330416.1                                    2

December 22, 2000 to the present; and,

(b)     the total dollar amount of document preparation fees charged by you from December 22, 2000, to the present.

OBJECTIONS: Home 123 objects to this request on the ground that it is overly broad in that it seeks information which is beyond the scope of and not relevant to the facts, issues, or pleadings in this case in that, among other things, this interrogatory purports to require information for all real estate financing transactions and not just for the residential real estate or home mortgages alleged to be at issue in this suit. Further objecting, Home 123 states that this interrogatory is also vague as to which transactions Plaintiffs are referring. Notwithstanding these objections, Home 123 answers plaintiffs' interrogatory as follows:

(a) RESPONSE: Home 123 states that, according to its records, it charged a document preparation fee in 306 transactions within the state of Missouri, during the stated time period.

(b)     RESPONSE: Home 123 states that, according to its records, the total dollar amount of document preparation fees it charged in Missouri during the stated time period was $77,934.00.

Respectfully submitted,

BRYAN CAVE LLP

Kenneth V. Mallin #33307
Amy J. Thompson #44352
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri 63102
(314) 259-2057
FAX (314) 259-2020

ATTORNEYS FOR DEFENDANT,
HOME 123 MORTGAGE CORPORATION

2330416.1                              3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the supplemental interrogatory response was hereby served on the following counsel of record via facsimile and by placing the same in the United States Mail, first class postage prepaid this 7th day of April, 2006 to:

GREEN, SCHAAF & JACOBS0N, P.C.
David T. Butsch
7733 Forsyth Boulevard
Suite 700
St. Louis, MO  63105
Attorney for Plaintiffs, Joseph and Lavon Taylor.

# EXHIBIT C

GREEN JACOBSON & BUTSCH, P.C.

ATTORNEYS AT LAW

SUITE 700, PIERRE LACLEDE CENTER

7733 FORSYTH BOULEVARD

ST. LOUIS (CLAYTON), MISSOURI 63105

(314) 862-6800

TELECOPIER (314) 862-1606

MARTIN M. GREEN
JOE D. JACOBSON
DAVID T. BUTSCH
JONATHAN F. ANDRES
ALLEN P. PRESS
GREGORY J. CHRISTOFFEL
FERNANDO BERMUDEZ
MATTHEW R. FIELDS
JAMES J. SIMERI
TIMOTHY J. LEMEN
BRADLEY P. SCHNEIDER

HON. GEORGE E. SCHAAF
(1930-1995)

COUNSEL
HOWARD KANEFIELD

May 10, 2007

Ms. Suzanne S. Uhland
O'Melveny & Myers, LLP
275 Battery Street
San Francisco, CA 94111

Re:  In re New Century TRS Holdings, Inc., Debtors
     United States District Court for the District of Delaware
     Joseph and Lavon Taylor v. Home 123 Corporation

Dear Ms. Uhland:

The undersigned represents Joseph and Lavon Taylor in a class action brought in the Circuit Court of St. Louis County, Missouri against Home 123 Corporation. Home 123 Corporation violated a Missouri Statute which prohibits non-attorneys from collecting a fee for preparing documents which affect secular rights.

Currently, there is a case pending before the Missouri Supreme Court, *Eisel v. Midwest Bankcentre,* SC 88167, which is likely to be decided within the next thirty (30) days. The decision in *Eisel,* an identical class action brought by our firm, will be determinative as to the issues raised in *Taylor v. Home 123.* Based on previous rulings by the court, we anticipate a favorable outcome.

I enclose for your reference the Missouri Statute, R.S. Mo.§484,020 which is at issue in the case brought against Home 123 Corporation. The statute provides for treble damages. Conservatively speaking, Home 123 Corporation's liability could well exceed $233,802. Further, in our view, the debt is not subject to discharge under §523 in a bankruptcy proceeding.

We would like to discuss with you the possibility of resolving the claim in order to forego extended litigation in the bankruptcy court. Obviously, because of the circumstances, we do have some flexibility.

Ms. Suzanne S. Uhland
May 10, 2007
Page 2


Please contact me at your convenience so that we might discuss this matter.

Very truly yours,

David T. Butsch

DTB/mlm
Encl.

cc: Mr. & Mrs. Joseph Taylor