ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

APR 2 8 2003

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., | § | NO. 3:03-CV-257-N |
| *Plaintiff,* | § | |
| | § | JURY TRIAL DEMANDED |
| V. | § | |
| | § | |
| NEW CENTURY MORTGAGE CORP., | § | |
| NEW CENTURY FINANCIAL CORP., | § | |
| eCONDUIT CORP., | § | |
| THE ANYLOAN CO., | § | |
| JEFF LEMIEUX, and | § | |
| FRANK NESE, | § | |
| *Defendants.* | § | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

1. **Confidential Information.** Upon a determination by any party or non-party from whom discovery is sought (the "Designating Party") that any documentation or thing being produced or disclosed, whether formally or informally, including, but not limited to,

    a. initial and supplemental disclosures;
    b. answers to interrogatories;
    c. documents;
    d. transcripts of depositions;
    e. responses to requests for admissions; and
    f. any other discovery or disclosure made in this litigation,

contains a trade secret or other proprietary or confidential business information that the Designating Party would, in the ordinary course of business, not disclose to competitors, the Designating Party may designate such document or thing "Confidential" (collectively, "Confidential Information").

Page 1

Confidential Information shall include, *inter alia*, any document or thing that the Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and that the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Confidential Information further includes, but is not limited to, technical information such as product design and manufacturing techniques or processing information, trade secrets, formulas, research and development information, customer lists, sales and cost information, and pricing information, license agreements, or information that was generated in connection with, or reveals the content of, licensing negotiations; information that a party has treated as confidential and is not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as Confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

2.  **Designation.** The Designating Party shall identify such Confidential Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," or "UNDER SEAL" (collectively, "CONFIDENTIAL") on all or any part of the document or thing. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" shall be treated as provided by this Order. The "CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶13.

3. **Use or Disclosure of Confidential Information.** No party, counsel, or other person receiving any document or thing that is designated as "CONFIDENTIAL" in accordance with ¶1 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such Confidential Information to any other person or entity, except to the following:

   a. Disclosure (with the legend by ¶7, or, if presented orally, with due indication of the status as Confidential Information) may be made to this Court and its personnel.

   b. Disclosure of Confidential Information may be made, by the Receiving Party, to its Outside Counsel of record (and its necessary support personnel) that is/are providing active assistance with this action.

   c. Subject to ¶¶9 and 10, disclosure may be made to any Expert retained by, or at the direction of, Outside Counsel solely for the purpose of advising and assisting such counsel in the preparation or trial of this action.

   d. Disclosure may be made to court reporters taking testimony involving such Confidential Information and their necessary stenographic, videographic, and clerical personnel.

   e. Pursuant to ¶11, disclosure may be made to interpreters and translators who are retained by Outside Counsel for the purpose of this action.

   f. Pursuant to ¶12, disclosure may be made during the course of a deposition to the person whose deposition is being taken, provided that the deponent shall not be an agent, officer or employee of, or expert to the Receiving Party except as authorized by ¶3(c).

   g. Disclosure of Confidential Information may be made to no more than three attorneys in the Receiving Party's legal department, provided that, in the good faith judgment of the Receiving Party's Outside Counsel, the attorneys are reasonably necessary to that party's prosecution

or defense of this action. Each party shall designate the attorneys who will receive documents and things under this paragraph and must notify the Designating Party of the identities of each such employee at least eight (8) business days before the disclosure of Confidential Information to such attorneys. No disclosure of Confidential Information documents shall be made to other employees.

4. **Undertaking.** Prior to any disclosure pursuant to ¶3(c), and authorized pursuant to ¶¶9 and 10, each testifying and consulting Expert to whom such disclosure is to be made shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement"), and Outside Counsel to whom any disclosure is made pursuant to ¶3(b) and each person to whom any disclosure is made pursuant to ¶¶3(e) or 3(g) shall execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement"). The Confidentiality Agreements shall be maintained by Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they are retained, such counsel shall provide a copy of each executed Confidentiality B Agreement to all counsel of record. Further, prior to disclosure to any duly authorized deponent to whom disclosure is made pursuant to ¶3(f), each such deponent shall execute, as appropriate, a Confidentiality A or B Agreement. Such Confidentiality Agreements executed by a deponent shall be retained by the party first noticing the deposition.

5. **Outside Counsel's Communication with Client.** Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential Information produced by the opposing party, <u>provided</u> that such communications or advice shall not disclose or reveal such Confidential Information.

6. **Disclosure to Author or Recipient.** Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as "CONFIDENTIAL" to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing; and regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person. Outside Counsel may discuss such conduct or statements with such person, <u>provided</u> that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specially refers to such conduct or statement.

7. **Filings with this Court.** To the extent that any documents or things designated as "CONFIDENTIAL" are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court in a manner consistent with the Local Rules and in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties."

Notwithstanding the provisions of this ¶7, the mere inclusion in a pleading of factual information derived from documents or things designated "CONFIDENTIAL" will not require that pleading be filed under seal if the parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation. If the parties cannot resolve a dispute regarding the inclusion in a pleading of facts from documents or things marked "CONFIDENTIAL" the procedures of ¶7 shall be followed prior to filing of any such pleading.

8.  **Redaction.** A Designating Party may, in good faith, redact nonresponsive, nonrelevant or privileged information from any document or thing that is produced. If the Receiving Party objects to the redaction, and the parties are unable to reach an agreement, the Receiving Party may move to compel the production of the redacted information at any time during the pendency of this action. If production is ordered, the Designating Party shall be entitled to legend the document produced as "CONFIDENTIAL" in accordance with this Order.

9.  **Disclosure to Experts.** Subject to ¶10, Outside Counsel for the Receiving Party may disclose Confidential Information to Experts who are actively assisting in the preparation for and/or trial of this action. Prior to disclosing any Confidential Information to any Expert, Outside Counsel for the Receiving Party shall determine that disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

10. **Opportunity to Object to Proposed Expert.** At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential Information to a testifying Expert, the Receiving Party shall provide the Designating Party written notice stating the name and address of the Expert; a copy of the Expert's Confidentiality A Agreement; a copy or the Expert's current resume showing his/her education, employment and professional activities; and a list of the Expert's patents and/or publications. If, within the eight (8) business day period, the Designating Party objects to the proposed disclosure to the Expert, disclosure shall not be made until and unless this Court orders disclosure to that Expert. This Court shall deny the Designating Party's objection unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

11. **Opportunity to Object to Proposed Interpreter or Translator.** At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential Information to an

interpreter or translator, the Receiving Party shall provide the Designating Party written notice stating the name and address of the interpreter or translator; a copy of the interpreter's or translator's Confidentiality B Agreement; and a copy of the interpreter's or translator's current resume showing his/her education, employment and professional activities. If, within the eight (8) business day period, the Designating Party objects to the proposed disclosure to the interpreter or translator, disclosure shall not be made until and unless this Court orders disclosure to that interpreter or translator. This Court shall deny the Designating Party's objection unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

12. **Use of Confidential Information at Depositions.** Except as otherwise approved by the Designating Party or by an order of this Court, a Receiving Party may use Confidential Information in deposing only (a) an individual who has had or who is eligible to have access to the Confidential Information by virtue of his or her employment with the Designating Party, (b) an individual identified in the Confidential Information as an author, addressee, or copy recipient of such information, (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information, has seen such Confidential Information in the ordinary course of business, or (d) an Expert duly qualified under ¶¶9 and 10 (who shall first have executed the Confidentiality A Agreement).

13. **Attendees at Confidential Information Depositions.** No one may attend or review the transcripts of the portions of any depositions at which Confidential Information is shown or discussed, other than this Court and its personnel, the court reporter, the Receiving Party's qualified legal department employees as provided by ¶3(g) (who shall first have executed a Confidentiality B Agreement), outside Counsel for the parties, outside counsel for a non-party deponent (who shall first have executed a Confidentiality B Agreement if such outside counsel is not also Outside

Counsel for one of the parties), and any Expert duly qualified under ¶¶9 and 10 (who shall first have executed the Confidentiality A Agreement).

14. **Distribution of Confidential Information Transcripts.** The portions of any deposition transcript that Outside Counsel for either party has designated on the record at the deposition as "CONFIDENTIAL" and any Confidential Information that is marked as a deposition exhibit, shall be treated as Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for ten days after the transcript is delivered to the parties' Outside Counsel. During the ten day period, either party's Outside Counsel may designate, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Information. Notwithstanding this ten day period, Outside Counsel shall, if practicable, make a reasonable, good faith effort to designate portions of transcript pages pursuant to this ¶14 earlier than ten days. Transcript pages and exhibits containing Confidential Information shall be distributed only to the deponent, the deponent's Outside Counsel (who shall first have executed a Confidentiality B Agreement if such counsel is not also Outside Counsel for one of the parties), Outside Counsel for the parties, and to any Experts duly qualified under ¶¶9 and 10 (who shall first have executed the Confidentiality A Agreement).

15. **Presentation of Confidential Information to this Court.** With respect to testimony elicited during hearings and other proceedings, whenever Outside Counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information, Outside Counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL." Any presentation of Confidential Information to this Court at or prior to trial shall be made in the presence of only the presiding officer and other court personnel, an authorized court reporter, Outside Counsel for the parties, and to such individuals duly qualified under ¶¶3(c),

3(d), 3(e), and 3(g). Prior to any presentation of Confidential Information to this Court, the presiding officer or the Clerk of this Court shall advise all court personnel and court reporters of the highly confidential nature of the Confidential Information, and of the duty to maintain the confidentiality of such information.

## GENERAL PROVISIONS

16. **Limitation on Use and Disclosure.** A person authorized to receive Confidential Information under this Protective Order shall not use or disclose Confidential Information for any purpose other than the preparation and trial of this action and any appeals therefrom. Furthermore, a person authorized to receive Confidential Information under this Protective Order shall not disclose any Confidential Information, received from a disclosing party, in patent applications and related documents prosecuted by that person. This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

17. **No Presumption of Protected Status.** This Protective Order does not address discovery objections and does not preclude any party from moving for any relief under the Federal Rules of Civil Procedure or this Court's inherent powers. Nothing in this Order creates a presumption or implies that information designated as Confidential Information actually constitutes a trade secret, or proprietary or otherwise protectable confidential information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Confidential Information that is subject to such a dispute shall be treated consistently with is designation by the Designating Party until this Court orders otherwise.

18. **Inadvertent Disclosure of Confidential Information.** Inadvertent failure to identify documents or things as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days

of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Designating Party to appropriately legend the information in accordance with this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents not bearing a confidentiality legend or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

19. **Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or things subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production within five days after the earlier of (a) the producing party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the receiving party. Such inadvertently produced documents and things shall be returned to the producing party upon request, provided that the producing party establishes the circumstances surrounding the inadvertent production. The receiving party shall not use the inadvertently produced documents and things during deposition or at trial and shall not show the inadvertently produced documents and things to anyone who has not already been given access to them prior to the notification of the inadvertent production. If, after conferring, the parties are unable to reach a satisfactory agreement, the producing party may petition this Court regarding the matter. The receiving party shall not disclose the document or thing for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had it in their possession prior to receipt of notification from the Producing Party, until ten business days after receipt of the notification or, if a petition to this Court is submitted, until disposition of that petition.

20. ***Subpoena* of Confidential Information.** If any entity *subpoenas* or orders production of Confidential Information that a Receiving Party has obtained subject to this Order, the

Receiving Party shall promptly notify the Designating Party of the *subpoena* or order and shall not produce the information until the Designating Party has had reasonable time (at least ten days) to object or take other appropriate steps to protect the information.

21. **Mutual Exchange of Confidentiality Agreements.** The parties shall mutually exchange copies of all signed Confidentiality B Agreements. Confidentiality A Agreements of Proposed Experts shall be exchanged as provided in ¶10.

22. **Duty to Report.** When any attorney of record in this action or any attorney who has executed or filed a Confidentiality B Agreement becomes aware of any violation of this Order, or of a Confidentiality A or B Agreement, or of facts constituting good cause to believe that a violation of this Order (or such Confidentiality Agreements) may have occurred, such attorney shall promptly report, with appropriate particulars to assist in aiding any investigation, to this Court and to Outside Counsel for the Designating Party that there may have been a violation of this Order.

23. **Continuing Jurisdiction.** After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential Information pursuant to this Order, in order to enforce the provisions of this Order.

24. **Modification.** The Court may modify this Order upon a showing of good cause. This Court shall enter a subsequent order addressing the use of Confidential Information at trial or at the conclusion of the above-captioned action as to any party.

25. **Duty to Return Documents and Things.** Within sixty (60) days after conclusion of the above-captioned action (including all appeals and further proceedings resulting therefrom), all documents and things produced by a disclosing party (including production documents and copies of production documents) shall be returned to the disclosing party, and all Confidential Information

(other than pleadings and exhibits contained in the official court record), including any copies of documents or reproductions of things, shall be returned to the Designating Party. Counsel for any party or non-party receiving Confidential Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the conclusion of the above-captioned action.

26.  **Interpretation; Headings.**  Should the parties have any issues concerning the interpretation of this Order, they shall endeavor to promptly meet and confer to resolve the dispute before any party moves for this Court's assistance. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

IT IS SO ORDERED.

DATED this 28 day of April, 2003.

HONORABLE DAVID GODBEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., *Plaintiff*, | § § § § § § § § § § § § § | NO. 3:03-CV-257-N <br><br> JURY TRIAL DEMANDED |
| V. | | |
| NEW CENTURY MORTGAGE CORP., NEW CENTURY FINANCIAL CORP., eCONDUIT CORP., THE ANYLOAN CO., JEFF LEMIEUX, and FRANK NESE, *Defendants*. | | |

## EXHIBIT A

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR EXPERTS RECEIVING CONFIDENTIAL INFORMATION**

I, _____, state the following:

1. I have been retained by _____ [party] to serve as an _____ [describe proposed area of expertise, such as "database," "network process" or "financial"] in the above-captioned action.

2. I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned action, and, contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking.

3.      I shall not use or disclose any Confidential Information to others, except for purposes of providing my consulting and/or testifying expertise to the Receiving Party and then solely in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality A Agreement or the Order, I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

_____
Signature

_____
Printed Name

_____
Address

Subscribed and sworn to me this _____ day of _____, 2003
Witness my hand and official seal.

_____
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC., | § | NO. 3:03-CV-257-N |
| *Plaintiff,* | § | |
| | § | JURY TRIAL DEMANDED |
| V. | § | |
| | § | |
| NEW CENTURY MORTGAGE CORP., | § | |
| NEW CENTURY FINANCIAL CORP., | § | |
| eCONDUIT CORP., | § | |
| THE ANYLOAN CO., | § | |
| JEFF LEMIEUX, and | § | |
| FRANK NESE, | § | |
| *Defendants.* | § | |

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT**

I,_____, state the following:

1. I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit B is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order, both with respect to this Court's powers of supervision of the litigation and contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality B Agreement.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential Information. If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

_____
Signature

_____
Printed Name

_____
Address

Subscribed and sworn to me this _____ day of _____, 2003
Witness my hand and official seal.

_____
Notary Public