IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CASE NO. 07-10416-KJC |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC., | § | Chapter 11 |
| *ET. AL.,* | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Re. Docket Nos. _____ |

### ORDER GRANTING MOTION OF POSITIVE SOFTWARE SOLUTIONS, INC., FOR RELIEF FROM THE AUTOMATIC STAY

On November 6, 2007, this Court heard the motion of Positive Software Solutions, Inc. ("Positive Software") and Mr. Edward Mandel (individually, "Mandel" and collectively with Positive Software, the "Positive Software Parties") for relief from the automatic stay in accordance with Bankruptcy Code section 362(d) (the "Motion"). Upon due consideration of the Motion and responses and objections thereto filed by the Debtors and other parties in interest, and evidence admitted and argument presented at hearing, this Court finds and orders as follows:[1]

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## I.    FINDINGS

1.    The Court has jurisdiction over the contested matter initiated by the filing of the Motion under 28 U.S.C. § 1334 and that matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this matter in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.    Service and notice of the Motion was timely and adequate under the Federal Rules of Bankruptcy Procedure and the Local Rules.

3.    Cause exists under Section 362(d) to modify the automatic stay (the "Automatic Stay") initiated upon filing of the captioned jointly administered bankruptcy cases by the Debtors as provided herein.[2]

## II.    ORDERS[3]

1.    The stipulations made by the Positive Software Parties are adopted by this Court as orders of this Court as follows:

    a. The Positive Software Parties and their respective representatives, agents, attorneys, successors, assigns, and all persons otherwise in privity with them shall not use facts found or legal conclusions reached in the 2007 Lawsuit to establish by estoppel, res judicata or any other legal or equitable basis any binding facts or legal conclusions in the 2003 Lawsuit, including, but not limited to, the following actions or conduct:

        i. Asserting or arguing in that any ruling, finding of fact, order, opinion or conclusion of law arising out of or in connection with the 2007 Lawsuit

---

[2] Unless otherwise indicated, all statutory references shall be to the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

has, may have, or will have any preclusive effect whatsoever as to the Debtors, including without limitation, any claim or assertion based upon the doctrines of collateral estoppel, issue preclusion, res judicata, claim preclusion, judicial estoppel, admission, stare decisis, law of the case, the *Rooker/Feldman* doctrine, precedent, persuasive authority, merger, and bar: (i) in the 2003 Lawsuit, or (ii) in connection with Positive Software's proofs of claim filed in the Debtors' bankruptcy cases.

ii. In any way attempting to (i) enforce against any of the Debtors, or (ii) otherwise use to the potential prejudice or detriment of any of the Debtors any ruling, finding of fact, order, opinion, conclusion of law, or judgment arising out of or in connection with the 2007 Lawsuit.

b. Any determination by the Dallas District Court in the 2007 Lawsuit limiting, restricting or otherwise finding that the scope of any privilege is not as extensive as claimed by the Debtors shall have *no* preclusive effect upon the assertion of such privilege in the 2003 Lawsuit, including without limitation, any claim that such privilege is barred, waived or otherwise ineffective or improper under the doctrines of collateral estoppel, issue preclusion, res judicata, claim preclusion, judicial estoppel, admission, stare decisis, law of the case, the *Rooker/Feldman* doctrine, precedent, persuasive authority, merger, and bar.

c. No documents or other materials obtained by the Positive Software Parties from Susman Godfrey through the discovery process in the 2007 Lawsuit shall be used in the 2003 Lawsuit unless the Positive Software Parties independently have

---

[3] Unless otherwise defined herein, all capitalized terms shall have the same meaning as defined in or by reference to the Motion.

3

obtained or obtain such documents and materials in the 2003 Lawsuit or are otherwise permitted to use such documents or materials by order of the Texas District Court or this Bankruptcy Court, or by agreement of the Debtors.

2. The Automatic Stay is hereby modified as follows:

   a. To the extent that the initiation of the 2007 Lawsuit is determined to be a violation of the Automatic Stay, the Positive Software Parties are authorized effective nunc pro tunc as of August 20, 2007, to have initiated and are authorized to continue the 2007 Lawsuit to a final adjudication, including any future injunctive, arbitration, or appellate proceedings that may be involved.

   b. The Positive Software Parties are authorized to request and obtain discovery in the 2007 Lawsuit of documents and other materials previously or currently in the possession, custody and control of Susman Godfrey and other non-debtor defendants to that litigation regardless of the Debtors' property interests in those documents and materials (subject to any defense or objection to the production of the documents and other materials other than the Automatic Stay).

   c. The Positive Software Parties are authorized to dispute and otherwise contest any assertion by the defendants to the 2007 Lawsuit or the Debtors (should they intervene in that litigation) that any discovery requested by the Positive Software Parties is subject to a legal privilege belonging to the defendants or by the Debtors.

   d. The Positive Software Parties to file the necessary motion papers and otherwise seek in the 2003 Lawsuit an order extending the scope of the Protective Order to encompass the 2007 Lawsuit and thereby permit information designated as

confidential in the 2003 Lawsuit to be disseminated in accordance with the terms and conditions contained in the Protective Order to expert consultants and other litigation professionals involved in the 2007 Lawsuit.

3. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

SO ORDERED,

This ___ day of _____, 2007

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE