IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

## CERTIFICATION OF COUNSEL RE: STIPULATION REGARDING RELEASE OF SEGREGATED FUNDS TO MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC

On May 16, 2007, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the "Debtors' Motion for Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1)" (the "Adequate Protection Motion"), whereby the Debtors sought entry of an order providing, among other things, adequate protection in the form of a first priority lien on all assets of the Debtors' estates (other than the "First Lien Collateral" as defined in the DIP Loan Agreement) with super administrative priority status to all Repurchase Counterparties and Loan Purchasers (as those terms are defined in the Adequate Protection Motion) who assert an interest in property held by the Debtors on April 2, 2007 (the "Petition Date").

On June 28, 2007, the Bankruptcy Court entered the "Order Granting Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) and

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Establishing Preliminary Procedures for Resolving Certain Claims" (the "Adequate Protection Order"). Among other things, the Adequate Protection Order required the Debtors to "provide (i) to the Affected Repurchase Counterparties and Loan Purchasers (as defined in the Adequate Protection Order) a report summarizing on a global basis the Debtors' accounting of all such Affected Funds received by the Debtors during the Accounting Period and the identity of each Affected Repurchase Counterparty and Affected Loan Purchaser involved and the amount of each of their respective claims (the 'Global Report'); and (ii) to each individual Affected Repurchase Counterparty and Affected Loan Purchaser, an individualized report summarizing the Debtors' accounting, on a loan-by-loan basis (by loan number), of any Affected Funds received by the Debtors during the Accounting Period (each an 'Individual Report')." Adequate Protection Order, ¶ 4. The Adequate Protection Order further provided that after receiving the Global Report and an Individual Report, "each Affected Repurchase Counterparty or Affected Loan Purchaser shall (i) advise the Debtors and the Committee that it concurs with the information contained in the Individual Report, or if it does not concur, (ii) provide the Debtors and the Committee with its alternative accounting in writing (an 'Alternative Accounting')." Adequate Protection Order, ¶ 5.

On June 30, 2007, the Debtors provided the Global Report and an Individual Report to Morgan Stanley Mortgage Capital Holdings LLC ("MSMCH"), successor in interest to Morgan Stanley Mortgage Capital Inc. MSMCH and Debtor NC Capital Corporation ("NC Capital") are parties to that certain "Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement," dated as of May 1, 2006 (the "Loan Purchase Agreement"), whereby NC Capital agreed to sell to MSMCH, and MSMCH agreed to buy from NC Capital, mortgage loans (the "Mortgage Loans").

MSMCH provided an Alternative Accounting (the "MSMCH Alternative Accounting") to the Debtors on July 20, 2007. The MSMCH Alternative Accounting asserted, among other claims, a trust fund claim for approximately $10,300,000 of principal and interest that MSMCH asserted had been collected by NCMC, as servicer, during March and April 2007

2

on 7,754 loans that had been sold earlier by the Debtors to MSMCH pursuant to the Loan Purchase Agreement. The Debtors investigated this matter and determined that (i) NCMC had collected as servicer $9,333,287.19 on "subprime" loans after these loans had been sold to MSMCH pursuant to the Loan Purchase Agreement, and when these funds were collected, NCMC deposited them into a segregated custodial account established for the benefit of MSMCH (the "MSMCH Subprime Loan Custodial Account"), and (ii) NCMC had collected, as servicer, $317,622.25 on "prime" loans after these loans had been sold to MSMCH pursuant to the Loan Purchase Agreement, and when these funds were collected NCMC deposited them into a separate segregated custodial account established for the benefit of MSMCH (the "MSMCH Prime Loan Custodial Account" and together with the MSMCH Subprime Loan Custodial Account, the "MSMCH Custodial Accounts"). As of the date hereof, these funds are still in the MSMCH Custodial Accounts. Subsequent to the collection of these funds, the loans in question were transferred by MSMCH to securitization trusts that were serviced by NCMC (prior to the sale of the Debtors' servicing business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC (together, "Carrington")). The Debtors established new segregated custodial accounts for these securitization trusts and transferred those new custodial accounts to Carrington when the sale of the servicing business closed.

   Based on their investigation, the Debtors concur with MSMCH that the $9,650,909.84 held in the MSMCH Custodial Accounts should be turned over to MSMCH. These funds were collected by NCMC as a servicer for MSMCH after the close of the sale of these loans to MSMCH, the funds were deposited in segregated accounts established for the benefit of MSMCH, and these funds do not present the issues that are being addressed by the parties to the Adequate Protection Order with respect to funds held by the Debtors in their general operating account on the Petition Date. In addition, the Adequate Protection Order specifically provides that "nothing in this Order or elsewhere shall prevent . . . an Affected Repurchase Counterparty or Affected Loan Purchaser from receiving any funds held in a segregated account for its benefit (and any institution holding such funds is hereby directed and

authorized to deliver them immediately to the Affected Repurchase Counterparty or Affected Loan Purchaser)." Adequate Protection Order, ¶ 8(iii).

Accordingly, the Debtors and MSMCH have entered into a stipulation, a copy of which is attached hereto as Exhibit A (the "Stipulation"), providing for the turnover of the amounts being held in the MSMCH Custodial Accounts to MSMCH. A copy of the Stipulation was circulated to counsel for the Official Committee of Unsecured Creditors, and each of the Affected Repurchase Parties and Affected Loan Purchasers for review and comment. The Debtors have not received any opposition to the relief contemplated by the Stipulation.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit B, approving the Stipulation.

Dated: October 19, 2007
       Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION