# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

### STIPULATION REGARDING RELEASE OF SEGREGATED FUNDS TO MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC

This stipulation ("Stipulation") is entered into by and among New Century Financial Corporation ("NCFC"), New Century Mortgage Corporation ("NCMC"), and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors") and Morgan Stanley Mortgage Capital Holdings LLC ("MSMCH"), successor in interest to Morgan Stanley Mortgage Capital Inc., through their duly authorized counsel.

### RECITALS

A.   The Debtors commenced these cases by filing voluntary petitions under Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), on April 2, 2007 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3214700-1

B.     MSMCH and NC Capital Corporation ("NC Capital") are parties to the "Sixth Amended and Restated Mortgage Loan Purchase and Warranties Agreement," dated as of May 1, 2006 (the "Loan Purchase Agreement"). Pursuant to the terms of the Loan Purchase Agreement, NC Capital agreed to sell to MSMCH, and MSMCH agreed to buy from NC Capital, mortgage loans (the "Mortgage Loans").

C.     On May 16, 2007, the Debtors filed the "Debtors' Motion for Order to Provide Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1)" (the "Adequate Protection Motion"), whereby the Debtors sought entry of an order providing, among other things, adequate protection in the form of a first priority lien on all assets of the Debtors' estates (other than the "First Lien Collateral" as defined in the DIP Loan Agreement) with super administrative priority status to all Repurchase Counterparties and Loan Purchasers (as those terms are defined in the Adequate Protection Motion) who assert an interest in property held by the Debtors on the Petition Date.

D.     On June 28, 2007, the Bankruptcy Court entered the "Order Granting Adequate Protection Pursuant to Bankruptcy Code Sections 105(a), 361, 362 and 363(b)(1) and Establishing Preliminary Procedures for Resolving Certain Claims" (the "Adequate Protection Order"). Among other things, the Adequate Protection Order required the Debtors to "provide (i) to [the Affected Repurchase Counterparties and Loan Purchasers (as defined in the Adequate Protection Order)] a report summarizing on a global basis the Debtors' accounting of all such Affected Funds received by the Debtors during the Accounting Period and the identity of each Affected Repurchase Counterparty and Affected Loan Purchaser involved and the amount of each of their respective claims (the 'Global Report'); and (ii) to each individual Affected Repurchase Counterparty and Affected Loan Purchaser, an individualized report summarizing the Debtors' accounting, on a loan-by-loan basis (by loan number), of any Affected Funds received by the Debtors during the Accounting Period (each an 'Individual Report')." Adequate Protection Order, ¶ 4.

E.      The Adequate Protection Order further provided that after receiving the Global Report and an Individual Report, "each Affected Repurchase Counterparty or Affected Loan Purchaser shall (i) advise the Debtors and the Committee that it concurs with the information contained in the Individual Report, or if it does not concur, (ii) provide the Debtors and the Committee with its alternative accounting in writing (an 'Alternative Accounting')." Adequate Protection Order, ¶ 5.

F.      The Debtors provided the Global Report and an Individual Report to MSMCH on June 30, 2007.

G.      MSMCH provided an Alternative Accounting (the "MSMCH Alternative Accounting") to the Debtors on July 20, 2007.

H.      The MSMCH Alternative Accounting asserted, among other claims, a trust fund claim for approximately $10,300,000 of principal and interest that MSMCH asserted had been collected by NCMC, as servicer, during March and April 2007 on 7,754 loans that had been sold earlier by the Debtors to MSMCH pursuant to the Loan Purchase Agreement. The Debtors investigated this matter and determined that (i) NCMC had collected as servicer $9,333,287.19 on "subprime" loans after these loans had been sold to MSMCH pursuant to the Loan Purchase Agreement, and when these funds were collected, NCMC deposited them into a segregated custodial account established for the benefit of MSMCH (the "MSMCH Subprime Loan Custodial Account"), and (ii) NCMC had collected, as servicer, $317,622.25 on "prime" loans after these loans had been sold to MSMCH pursuant to the Loan Purchase Agreement, and when these funds were collected NCMC deposited them into a separate segregated custodial account established for the benefit of MSMCH (the "MSMCH Prime Loan Custodial Account" and together with the MSMCH Subprime Loan Custodial Account, the "MSMCH Custodial Accounts"). As of the date hereof, these funds are still in the MSMCH Custodial Accounts. Subsequent to the collection of these funds, the loans in question were transferred by MSMCH to securitization trusts that were serviced by NCMC (prior to the sale of the Debtors' servicing business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC

(together, "Carrington")). The Debtors established new segregated custodial accounts for these securitization trusts and transferred those new custodial accounts to Carrington when the sale of the servicing business closed.

I. Based on their investigation, the Debtors concur with MSMCH that the $9,650,909.84 held in the MSMCH Custodial Accounts should be turned over to MSMCH. These funds were collected by NCMC as a servicer for MSMCH after the close of the sale of these loans to MSMCH, the funds were deposited in segregated accounts established for the benefit of MSMCH, and these funds do not present the issues that are being addressed by the parties to the Adequate Protection Order with respect to funds held by the Debtors in their general operating account on the Petition Date. In addition, the Adequate Protection Order specifically provides that "nothing in this Order or elsewhere shall prevent . . . an Affected Repurchase Counterparty or Affected Loan Purchaser from receiving any funds held in a segregated account for its benefit (and any institution holding such funds is hereby directed and authorized to deliver them immediately to the Affected Repurchase Counterparty or Affected Loan Purchaser)." Adequate Protection Order, ¶ 8(iii).

J. This matter has been disclosed to the Creditors' Committee and the other parties to the Adequate Protection Order. A copy of this Stipulation has also been served on the other parties to the Adequate Protection Order.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Stipulation, through their respective counsel, as follows:

## AGREEMENT

1. Subject to Bankruptcy Court approval, the Debtors and MSMCH agree that the $9,650,909.84 in the MSMCH Custodial Accounts shall be remitted by the Debtors to MSMCH as soon as practicable but in no event later than five (5) business days after entry an order of the Bankruptcy Court approving this Stipulation.

2.      Except as expressly provided herein, the parties reserve all of their rights, and any and all issues and disputes are hereby preserved, in connection with the Adequate Protection Order, as supplemented.

3.      The Debtors and MSMCH reserve all of their rights with respect to any claims for the difference between the amount remitted to MSMCH pursuant to this Stipulation and the $10,300,000 of principal and interest asserted by MSMCH in the MSMCH Alternative Accounting as a trust fund claim related to the Mortgage Loans.

4.      The Bankruptcy Court shall retain jurisdiction over this Stipulation and any such issues and disputes.

5.      This Stipulation shall be effective and enforceable immediately upon approval by the Bankruptcy Court and entry on the docket, and any stay that might otherwise be imposed by Federal Rule of Bankruptcy Procedure 4001(a), or any other rule or provision of law, shall not apply to this Stipulation and is hereby waived.

6.      The parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or instruments and take such further action as may reasonably be required to carry out the intent of this Stipulation.

**STIPULATED AND AGREED**

October 19, 2007

_____ (No. 4877)
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

October 19, 2007

*[signature]*

Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Daniel R. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and -

Wilbur F. Foster, Jr.
Jeffrey K. Milton
Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP
One Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Morgan Stanley
Mortgage Capital Holdings LLC