# EXHIBIT A

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

## NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS OR EQUITY INTERESTS AGAINST THE FOLLOWING DEBTOR ENTITY:**

| Debtor | Address | Case Number |
|---|---|---|
| New Century Warehouse Corporation ("New Century Warehouse") | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-11043 |

**PLEASE TAKE NOTICE THAT** on August 3, 2007, (the "NCW Petition Date"), New Century Warehouse, a debtor and debtor-in-possession in the above-captioned chapter 11 case ("New Century Warehouse") that did business as "Access Lending," filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [October] __, 2007, the Court entered an order establishing certain deadlines to file proofs of claim in the chapter 11 case of New Century Warehouse (the "Order").

Pursuant to the Order, the Court fixed **December 14, 2007 at 5:00 p.m., prevailing Eastern Time**, as the general claims bar date (the "NCW General Bar Date") in these cases. Except as described below, the Order requires all Entities that have or assert any prepetition, non-administrative expense Claims against New Century Warehouse to file proofs of claim with XRoads Case Management Services, LLC ("XRoads"), the claims and noticing agent in these cases, so that their proofs of claim are received by XRoads **on or before the NCW General Bar Date**.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3215428-2

Pursuant to the Order, the Court fixed **January 31, 2008 at 5:00 p.m., prevailing Eastern Time**, as the governmental unit claims bar date (the "NCW Governmental Bar Date") in the chapter 11 case of New Century Warehouse. The Order requires all Governmental Units that have or assert any prepetition Claims against the Debtors to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the NCW Governmental Bar Date**. Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

Pursuant to the Order, the Court fixed the later of: (i) the NCW General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the NCW Schedules is served on the claimant as the amended schedules bar date (the "NCW Schedules Bar Date") in these cases. The Order requires all entities who disagree with an amendment to the Schedules to file a proof of claim **on or before the NCW Schedules Bar Date**.

Pursuant to the Order, the Court fixed the later of (a) the NCW General Bar Date, and (b) 30 days after the effective date of rejection. The Order requires all entities whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the NCW Rejection Bar Date**.

## KEY DEFINITIONS

As used in this Notice, the term **"Claim"** shall mean, as to or against New Century Warehouse and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term **"Entity"** has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee.

As used in this Notice, the term **"Governmental Unit"** has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing (but not including the Office of the United States Trustee while serving as a trustee under the Bankruptcy Code).

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The NCW Bar Dates*

The Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "NCW Bar Dates"):

(a) The NCW General Bar Date. Pursuant to the Order, all Entities, but not including Governmental Units, holding Claims against New Century Warehouse (whether secured, unsecured priority or unsecured nonpriority) that arose prior to [December 31, 2007] are required to file proofs of claim by the NCW General Bar Date.

(b) The NCW Governmental Bar Date. Pursuant to the Order, all Governmental Units holding Claims against New Century Warehouse (whether secured, unsecured priority or unsecured nonpriority) that arose prior to January 31, 2008 are required to file proofs of claim by the NCW Governmental Bar Date.

(c) The NCW Rejection Bar Date. Any Entity whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease,

2

    in accordance with section 365 or 1113 of the Bankruptcy Code and pursuant to an order of the Bankruptcy Court must file a proof of claim on or before the later of: (i) the NCW General Bar Date, and (ii) 30 days after the effective date of rejection.

(d) <u>The NCW Schedules Bar Date</u>. If, subsequent to the mailing and publication of this Notice, New Century Warehouse amends the NCW Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim if such claimant disagrees with the nature, amount or classification of the Claim as set forth in the amended schedules on or before the later of: (i) the NCW General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the NCW Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "NCW Schedules Bar Date."

### *Entities That Must File Proofs of Claims by the NCW General Bar Date*

  Subject to terms described above for holders of Claims subject to the NCW Governmental Bar Date, the NCW Rejection Bar Date and the NCW Schedules Bar Date, the following Entities must file proofs of claim on or before the NCW General Bar Date:

(a) any Entity whose <u>prepetition</u> Claim against New Century Warehouse is not listed in the NCW Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in the chapter 11 case of New Century Warehouse or share in any distribution in the chapter 11 case of New Century Warehouse; and

(b) any Entity that believes its prepetition Claim is improperly classified in the NCW Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that identified in the NCW Schedules.

### *Entities Not Required to File Proofs of Claim by the NCW General Bar Date*

  The Order further provides that the following Entities need not file proofs of claim by the NCW General Bar Date:

(a) any Entity that already has properly filed a proof of claim against New Century Warehouse in accordance with the procedures described in this Notice;

(b) any Entity (i) whose Claim against New Century Warehouse is not listed as "disputed," "contingent" or "unliquidated" in the NCW Schedules and (ii) that agrees with the nature, classification and amount of its Claim as identified in the NCW Schedules;

(c) any Entity whose Claim against New Century Warehouse previously has been allowed by, or paid pursuant to, an order of the Court;

(d) any NCW Interest Holder whose claims are based exclusively upon the ownership of an NCW Interest; and

(e) any Debtor that holds a Claim against one or more of the other Debtors.

3

## SCOPE OF THIS NOTICE

This Notice is applicable only to Claims against New Century Warehouse. Any Entity asserting claims against any of the debtors and debtors in possession in the above-captioned chapter 11 case, other than New Century Warehouse, must a proof of claim with respect to each such debtor in accordance with the terms set forth in the Order Establishing Bar Dates For Filing Proof of Claim and Approving Form, Manner and Sufficiency Thereof [Docket # 1721] entered by the Court on June 28, 2007.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so by the applicable NCW Bar Date described in this Notice, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

## PROCEDURE FOR FILING PROOFS OF CLAIM

### 1. WHAT TO FILE

If you file a Proof of Claim Form (the "Claim Form"), your filed proof of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States; (iii) be set forth on the enclosed proof of claim form; (iv) indicate the debtor against which you are asserting a Claim; and (v) be signed by the actual claimant or if the claimant is not an individual, by an authorized agent of the claimant.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. Attach to your completed Claim Form copies of any writings upon which such Claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

### 2. WHEN AND WHERE TO FILE

Except as provided for herein, all signed original Claim Forms (and where necessary, accompanying documentation) must be filed so as to be received on or before the applicable NCW Bar Date, at the following address:

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295
T: (888) 784-9571

Proofs of claim may be submitted in person or by courier service, hand delivery or mail addressed to XRoads at the foregoing address. **Any proof of claim submitted by facsimile, electronic mail or telecopy will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.** Proofs of claim will be deemed filed only when actually received by XRoads.

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH NEW CENTURY WAREHOUSE BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST NEW CENTURY WAREHOUSE. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT NEW CENTURY WAREHOUSE OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## ADDITIONAL INFORMATION

     If you require additional information regarding the filing of a Claim Form, you may contact New Century Warehouse in writing at the address listed above. The claims register for New Century Warehouse will be available at the office of XRoads.

|  |  |
|---|---|
| Dated: _____, 2007<br>Wilmington, Delaware | BY ORDER OF THE COURT<br>THE HONORABLE KEVIN J. CAREY |

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

    -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : |

## NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM
### (NCW GENERAL BAR DATE IS DECEMBER 31, 2007, AT 5:00 P.M., P.T.)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On [October] __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. ___] (the "Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 case of New Century Warehouse Corporation, ("**New Century Warehouse**"), a debtor and debtor in possession that did business as "Access Lending" in **case number 07-11043**:

Pursuant to the Order, all persons and entities, including individuals, partnerships, estates and trusts who have a claim or potential claim against New Century Warehouse that arose prior to August 3, 2007, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. (Prevailing Easter Time), on December 14, 2007** (the "NCW General Bar Date"), by sending an original proof of claim form to **XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295**, so that it is actually received on or before the NCW General Bar Date. Proofs of claim sent by facsimile or telecopy will not be accepted.

All governmental units who have a claim or potential claim against the Debtors that arose prior to August 3, 2007, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. (Prevailing Eastern Time), on January 31, 2008** (the "NCW Governmental Bar Date"), by sending an original proof of claim form to **XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295**, so that it is actually received on or before the NCW Governmental Bar Date. Proofs of claim sent by facsimile or telecopy will not be accepted.

ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE NCW BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

A copy of the Order or a proof of claim form may be obtained by contacting the Debtors' Claims Agent, in writing, at XRoads Case Management Services, LLC, New Century Claims Processing c/o XRoads Case Management Services, P.O. Box 8901, Marina Del Rey, CA 90295 or by telephone at (888) 784-9571. The Order, as well as New Century Warehouse's Schedules of Assets and Liabilities and the proof of claim form, can also be obtained on the United States Bankruptcy Court for the District of Delaware's website at www.deb.uscourts.gov. and at XRoads' dedicated web page relating to these cases (http://www.xroadscms.net/newcentury)

| | |
|---|---|
| Dated: _____, 2007<br>Wilmington, Delaware | BY ORDER OF THE COURT<br>THE HONORABLE KEVIN J. CAREY |

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

    -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

2