**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC.,<br>a Delaware corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered<br><br>**Objection Deadline: November 12, 2007** |

**SECOND MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2007 THROUGH MAY 31, 2007**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | May 1, 2007 through May 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $860,748.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $35,572.61 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 5/1/07-5/31/07: | $688,598.40 (Holdback: $172,149.60) |
| 100% OF DISBURSEMENTS: | $35,572.61 |
| TOTAL DUE: | $724,171.01 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 131.90 | $85,735.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 167.40 | $104,625.00 |
| Mark T. Power | Partner (1989) | $625.00 | 263.20 | $164,500.00 |
| John P. McCahey | Partner (1986) | $625.00 | 135.30 | $84,562.50 |
| Ninette S. Bordoff | Partner (1978) | $500.00 | 0.20 | $100.00 |
| Roger S. Chari | Partner (1991) | $525.00 | 10.20 | $5,355.00 |
| Joshua I. Divack | Partner (1988) | $575.00 | 25.50 | $14,662.50 |
| Don D. Grubman | Partner (1979) | $575.00 | 168.10 | $96,657.50 |
| John P. Amato | Partner (1986) | $625.00 | 22.10 | $13,812.50 |
| Anthony Altamura | Partner (1984) | $625.00 | 2.00 | $1,250.00 |
| Janine M. Cerbone | Associate (2003) | $325.00 | 127.30 | $41,372.50 |
| Katharine G. Craner | Associate (2002) | $325.00 | 41.50 | $13,487.50 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 105.30 | $27,378.00 |
| Preetpal Grewal | Associate (2001) | $325.00 | 63.10 | $20,507.50 |

| | | | | |
|---|---|---|---|---|
| Charles Loesner | Associate (1997) | $400.00 | 28.10 | $11,240.00 |
| Edward L. Schnitzer | Associate (1998) | $400.00 | 29.00 | $11,600.00 |
| Julie M. Dubitsky | Associate (2005) | $260.00 | 5.70 | $1,482.00 |
| Emily M. Fishman | Associate (2007) | $215.00 | 6.80 | $1,462.00 |
| James P. Laughlin | Special Counsel (1989) | $625.00 | 122.60 | $76,625.50 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 68.10 | $30,645.00 |
| Maria A. Arnott | Special Counsel (1989) | $495.00 | 65.10 | $32,224.50 |
| Nicholas C. Rigano | Paralegal (N/A) | $180.00 | 6.10 | $1,098.00 |
| Sandra Y. Thompson | Paralegal (N/A) | $200.00 | 2.20 | $440.00 |
| Joselyn Fine | Paralegal (N/A) | $180.00 | 6.60 | $1,188.00 |
| Jason Lane | Paralegal (N/A) | $180.00 | 66.00 | $11,880.00 |
| Kaitlin McDonagh | Paralegal (N/A) | $180.00 | 38.10 | $6,858.00 |
| **Grand Totals:** | | | **1,707.50** | **$860,748.00** |
| **Blended Rate:** | | **$ 504.09** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 528.35** | | |

**COMPENSATION BY PROJECT CATEGORY**

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| General; Case Administration | 94.00 | $47,188.50 |
| Creditors' Committee | 380.20 | $185,748.50 |
| Retentions | 14.60 | $6,192.00 |
| Executory Contracts/Leases | 0.20 | $65.00 |
| DIP/Investigation of Lien | 61.30 | $32,577.50 |
| Sale of Assets | 509.60 | $279,670.00 |
| Fees | 1.00 | $279.50 |
| Hahn & Hessen LLP Fees | 0.30 | 97.50 |
| Litigation | 235.00 | $139,406.00 |
| Employee Issues | 98.80 | $44,567.50 |
| Claims Administration | 2.80 | $1,390.00 |
| Investigation of Company | 309.70 | $123,566.50 |
| **Total:** | **1,707.50** | **$860,748.00** |

**EXPENSE SUMMARY**

| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $4,942.40 |
| Train Fare | | $3,720.00 |
| Courier Service | Deluxe Delivery Systems, Inc. | $20.67 |
| Overnight Delivery | United Parcel Service | $70.33 |
| Duplicating [at 10¢ per page] | | $15,360.90 |
| Outside Printing | DDS Legal Support | $-230.70 |
| Long Distance Telephone | AT&T Teleconference Services | $6,795.44 |
| Postage | | $0.82 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $1,164.45 |
| Lexis | Lexis-Nexis | $3,619.02 |
| Search Fees | Pacer Service Center | $109.28 |
| **Total:** | | **$ 35,572.61** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*, | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: November 12, 2007** |

**SECOND MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD MAY 1, 2007 THROUGH MAY 31, 2007**

TO: THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its second monthly compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of May 1, 2007 through May 31, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

1. H&H makes this second application for allowance of $896,320.61 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $860,748.00, and (ii) out-of-pocket expenses in the amount of $35,572.61.

**Background**

2. On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3. On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4. The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5. Pursuant to an order of this Court dated May 30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6. The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New

York University, The Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise in the area of issues concerning counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7. This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few months of the case. Applicant has devoted considerable time and attention at the inception of its retention in order to get up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of May 2007, H&H expended 1,707.50 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the

best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a) General; Case Administration**

9. H&H expended 94.00 hours with respect to services under this category, for which total compensation amounts to $47,188.50. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto. Applicant's attorneys also frequently met or participated in conference calls with the Debtors and/or their professionals on multiple topics including, but not limited to, issues regarding United States Trustee motion for appointment of a trustee, cash collateral issues, asset sale issues and upcoming court hearings. Applicant devoted considerable time analyzing the Debtors' numerous D&O insurance policies and negotiating a stipulation with counsel to the directors concerning same. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b) Creditors' Committee**

10. H&H expended 380.20 hours with respect to services under this category, for which total compensation amounts to $185,748.00. During this period, Applicant handled the request of Kodiak to be an *ex officio* member of the Committee. Applicant prepared for and participated in several Committee meetings and conference calls. Applicant devoted considerable time attending to issues concerning the potential improper use by the Debtors of cash collateral or other people's money. Applicant attended several court hearings in Delaware. Applicant prepared numerous memos and e-mails to the Committee updating them on developments. Applicant further devoted considerable time responding to United States

Trustee's motion for the appointment of a trustee or examiner. Applicant's services included Applicant also spent time attending to general administrative and case management matters including, but not limited to, updating service lists, calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

(c) **Retentions**

11. H&H expended 14.60 hours with respect to services under this category, for which total compensation amounts to $6,192.00. Applicant spent time reviewing various retention applications. Applicant's services included preparing and prosecuting an objection to the retention of Compensation Design Group.

(d) **Executory Contracts/Leases**

12. H&H expended 0.20 hours with respect to services under this category, for which total compensation amounts to $65.00. Applicant spent time reviewing a cure objection filed by a landlord.

(e) **DIP/Investigation of Lien**

13. H&H expended 61.30 hours with respect to services under this category, for which total compensation amounts to $32,577.50. Applicant spent time in this category reviewing and negotiating changes to the terms of the final debtor-in-possession financing, analyzing various repurchase agreements and warehouse lines documentation, conducting research with respect to certain material adequate protection and cash collateral issues. Applicant also reviewed and revised various pleadings with respect to the foregoing.

(f) **Sale of Assets**

14. H&H expended 509.60 hours with respect to services under this category, for which total compensation amounts to $279,670.00. Applicant spent time reviewing and

negotiating terms of various bids submitted in connection with the auction sales conducted for the Debtors' scratch and dents loan portfolio and the Debtors' servicing business and platform and Morgan Stanley's auction of the approximately $2.6 billion in loans on its warehouse line. Applicant prepared for and attended various auctions and hearings on the sales. Applicant prepared for and participated in numerous teleconference calls on topics concerning the foregoing. Additionally, Applicant's attorneys communicated frequently through telephone conferences, e-mails and memoranda on all pending asset sales. Applicant also spent time attending to general administrative and case management matters including, but not limited to, reviewing and monitoring docket for filings.

**(g) Fees**

15. H&H expended 1.00 hours with respect to services under this category, for which total compensation amounts to $279.50. Applicant's services included attention to certain professionals' fee applications.

**(h) Hahn & Hessen LLP Fees**

16. H&H expended .30 hours with respect to services under this category, for which total compensation amounts to $97.50. Applicant's services included preparing a forecast of Applicant's anticipated monthly fees.

**(i) Litigation**

17. H&H expended 235.00 hours with respect to services under this category, for which total compensation amounts to $139,406.00. Applicant's services included attention to the United States Trustee's motion for the appointment of a trustee or examiner, review of various shareholder derivative litigations filed against the Debtors' directors, numerous

adversary proceedings filed by warehouse lenders against the Debtors, including the adversary proceedings commenced by UBS Securities and Deutsche Bank Specialty Products.

**(j) Employee Issues**

18. H&H expended 98.80 hours with respect to services under this category, for which total compensation amounts to $44,567.50. Applicant's services included attention to the Debtors proposed Management Incentive Plan, Key Employee Incentive Plan and the issues with respect to the Debtors Top Hat Plan and Rabbi Trust. Applicant participated in extensive negotiations and communications with the Debtors representatives concerning the terms of these plans.

**(k) Claims Administration**

19. H&H expended 2.80 hours with respect to services under this category, for which total compensation amounts to $1,390.00. Applicant's services included attention to certain priority claim issues.

**(l) Investigation of Company**

20. H&H expended 309.70 hours with respect to services under this category, for which total compensation amounts to $123,566.50. Applicant's services included time spent reviewing historical information, public filings and other documents in connection with the Committee's investigation of the Debtors' prepetition financial affairs. Applicant also had numerous communications with the Debtors' audit committee and its counsel. Applicant also drafted a motion for authorization to conduct a Bankruptcy Rule 2004 examination of the Debtors' accounting firm. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to foregoing topics; and thereafter discussed results of these communications and meetings with other parties in interest.

**H&H Fees for the Compensation Period**

21. Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $860,748.01 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

22. Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

23. In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

24. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for May 2007 in the amount of $860,748.00, and payment of **$688,598.40** representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

25.    The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$35,572.61**.

26.    In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

27.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE,** H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated: New York, New York
October 22, 2007

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of Unsecured Creditors of New Century Holdings, Inc., Debtor

By: ______________________________
Mark T. Power
A Member of the Firm
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400 facsimile