IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Hearing Date: 11/20/07 at 10:30 a.m.** |
| | : | **Objection Deadline: 11/13/07 at 4:00 p.m.** |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION
FOR AN ORDER AUTHORIZING AND APPROVING
<u>ASSUMPTION OF REAL PROPERTY LEASE</u>**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors") by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order (the "Order") in substantially the form attached hereto pursuant to section 365(a) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of an order approving the Debtors' assumption of the real property lease listed on Exhibit "A" hereto. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

## I. JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is section 365 of the Bankruptcy Code.

## II. BACKGROUND

3. NCF, a Maryland corporation and publicly owned real estate investment trust, was one of the largest specialty mortgage finance businesses in the United States. Through its subsidiaries and its primary holding company subsidiary, New Century TRS, NCF originated, purchased, sold, and serviced mortgage loans nationwide. NCF historically focused on "subprime" lending, or lending to individuals whose borrowing needs were generally not fulfilled by traditional financial institutions because they did not satisfy the credit, documentation or other underwriting standards prescribed by conventional mortgage lenders and loan buyers. In September 2005, NCF through some of its subsidiaries also began offering conventional mortgage loans, including: "Alt-A" mortgage loans, loans insured by the Federal Housing Administration ("FHA"), and loans guaranteed by the Veterans Administration ("VA"). During the fiscal year ending December 31, 2006, the Debtors originated or purchased approximately $60 billion of mortgage loans, most of which were sold in the secondary market. Since their inception, the Debtors have issued or enabled over $220 billion in loans. These loans have helped millions of homebuyers and homeowners across the nation access credit and realize the benefits of home ownership, including many who might not otherwise have been able to do so.

4. On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

5. The Debtors commenced these chapter 11 cases to pursue an expedited sale of their businesses and the Debtors' other assets for the benefit of the Debtors' stakeholders. The Debtors have closed two sales of unencumbered mortgage loans and mortgage-backed residual interests in securitization trusts and the sale of its servicing business. The Debtors have also sold technology assets and are pursuing additional asset sales. In addition to these sales, the Debtors are completing the prepetition process of downsizing their operations in effort to maximize the value of the estates.

6. Concurrently with the filing of these cases, the Debtors moved the Court for authority to reject certain real property leases under which the Debtors lease office space and other locations and for approval of a procedure to reject additional leases. The Debtors obtained approval to reject certain leases and have rejected more than 200 real property leases in order to limit rent claims asserted in connection with those leases. In addition to rejecting leases, the Debtors have determined that in order to minimize the expenses to the estate, the Lease (as defined below) should be assumed as set forth herein.

### III. RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing and approving the Debtors' assumption of the real property lease (the "Lease") as specified on Exhibit "A" attached hereto.

### IV. BASIS FOR REQUESTED RELIEF

8. Pursuant to Bankruptcy Code Section 365(a), a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" upon the approval of the court. 11 U.S.C. § 365(a); See University Medical Ctr. v. Sullivan (In re University Medical Ctr.), 973 F.2d 1065, 1075 (3rd Cir. 1992). A debtor should be authorized to assume an executory contract or unexpired lease where it appropriately exercises its "business judgment." See, e.g., In re Market Square Inn, Inc., 978 F.2d 116, 121 (3d Cir. 1992) (the "resolution of [the] issue of assumption or rejection will be a matter of business judgment by

the bankruptcy court"); In re Sharon Steel Corp., 872 F.2d 36, 39-40 (3rd Cir. 1989); See also, Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp., 180 B.R. 83, 88 (D. Del. 1995); In re Orion Pictures Corp., 4 F.3d 1095, 1098 (2nd Cir. 1993). A debtor exercises appropriate business judgment absent bad faith or an abuse of business discretion. See, e.g., In re G Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); In re Wheeling-Pittsburgh Steel Corp., 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987); In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985). Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re III Enterprises, Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) ("Generally, a court will give great deference to a debtor's decision to assume or reject an executory contract. A debtor need only show that its decision to assume or reject the contract is an exercise of sound business judgment -- a standard which we have concluded many times is not difficult to meet . . . . We will not substitute our own business judgment for that of the Debtor, nor will we disturb its decision to reject the [contract] unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.")(citations omitted).

        9.     Section 365(b)(1) permits assumption only if the debtor cures all defaults under an executory contract or unexpired lease and provides the non-debtor party to the contract with adequate assurance of future performance. See 11 U.S.C. §365; See also, Pieco Inc. v. Atlantic Computer Systems, Inc., 173 B.R. 844, 857 n.18 (Bankr. S.D.N.Y. 1994); Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1309-10 (5th Cir. 1985). The meaning of the phrase "adequate assurance" depends upon the facts and circumstances of each case, but must be given practical pragmatic construction. See, e.g., Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.), 103 B.R. 524, 538-539 (Bankr. D. N.J. 1988) (phrase should be given practical, pragmatic construction based on facts and circumstances of each case); In re Great Northwest Recreation Ctr., Inc., 74 B.R. 846, 854 (Bankr. D. Mont. 1987) (same); In re Natco Industries, Inc., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (same).

However, it is clear an absolute guarantee of performance is not required. In re Bon Ton Rest. & Pastry Shop, Inc., 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("[a]lthough no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance").

10. The Debtors believe that the assumption of the Lease represents an appropriate exercise of the Debtors' business judgment and will greatly benefit the Debtors' estates. The Lease is for warehouse space and expires pursuant to its terms on January 31, 2008. The Debtors plan to occupy the leased premises as contemplated by the Lease through the term of the Lease.

11. The Debtors are informed and believe that, as reflected in the Debtors' books and records, they have paid all obligations due pursuant to the terms of the Lease and accordingly there are no cure amounts for the Lease, as indicated by the Debtors on the attached Exhibit "A." The Debtors will serve this Motion, with Exhibit "A" reflecting the Debtors' calculation of the cure amount for the Lease as $0.00, on the non-debtor party to the Lease. Objections to the cure amount, if any, must be filed and served within the time period specified pursuant to Rule 9006-1(c) of the Local Rules for the District of Delaware for the filing of any objections to this Motion (the "Cure Objection Deadline"). If a non-debtor party to the Lease fails to timely file an objection, the Debtors request that such party be bound by the cure amount set forth in Exhibit "A".

12. With respect to adequate assurance of future performance, the Debtors have performed fully under the Lease and have the financial wherewithal to continue to perform fully under the Lease.

13. For all of these reasons, assumption of the Lease represents a reasonable exercise of the Debtors' sound business judgment and is in the best interests of the Debtors' estates and the Debtors' creditors.

## V. NOTICE

14. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; (3) counsel to the examiner appointed in these chapter 11 cases; (4) the non-debtor party to the Lease and (5) all parties who have filed requests for notice under Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VI. NO PRIOR REQUEST

15. No prior request for the relief sought in this Motion has been made to this or any other court.

16. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Del. Bankr. LR 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

**WHEREFORE,** the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit "B": (i) authorizing and approving the Debtors' assumption of the Lease and (ii) granting such other and further relief as the Court may deem proper.

Dated: October 25, 2007
      Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION