```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                              .    Chapter 11
                                    .
NEW CENTURY TRS HOLDINGS, INC.,.         Case No. 07-10416(KJC)
Delaware corporation, et al.,  .         (Jointly Administered)
                                    .
          Debtors.                  .    Oct. 23, 2007 (1:45 p.m.)
                                    .    (Wilmington)


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN J. CAREY
              UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1        THE CLERK: All rise.  Please be seated.

2        THE COURT: Good afternoon.

3        MR. SILBERGLIED: Good afternoon, Your Honor.
4   Russell Silberglied, Richards, Layton & Finger for the
5   debtors.  I am primarily here today pinch-hitting for Mr.
6   Merchant whose wife had a baby on Saturday.

7        THE COURT: Ah.  How's everyone doing?

8        MR. SILBERGLIED: Everybody is doing great, thank
9   you, Your Honor.

10       THE COURT: Glad to hear it.

11       MR. SILBERGLIED: Your Honor, the first many, many
12  items of the agenda are either continued or Your Honor has
13  already entered an order on them.  I will just briefly note,
14  numbers 2 and 3 relating to Positive Software as well as
15  number 46 relating to Positive Software, I thought I would
16  give Your Honor a very brief update.  Your Honor, when
17  Positive Software appealed the order granting a cross-motion
18  for sanctions, it was, of course, assigned to the appellate
19  mediation process of the District Court.  The parties, as
20  well as the Creditors Committee, talked about that for some
21  time and determined to ask Mr. Dave Stratton of Pepper
22  Hamilton, the mediator assigned by the District Court, to
23  mediate the entire controversy with Positive Software,
24  including the proof of claim and everything else.  So we've
25  been in talks with Mr. Stratton about that, and as a result,

1  obviously, and for other reasons as well that I won't get

2  into, these matters are continued.  They're listed right now

3  as continued to November 6, but I think the expectation would

4  be that it won't go forward on November 6th either.

5          THE COURT: All right, thank you.

6          MR. SILBERGLIED: So, Your Honor, that skips us all

7  the way to item 39 on the agenda, and actually, as the

8  amended agenda indicates, the request of CSHV Denver Tech has

9  been continued at the request of CSHV Denver Tech, currently

10 now scheduled for November 6th.  Items 40 - Well, item 40,

11 Your Honor, is the one that I reached out and left a voice

12 mail to chambers about.  This matter is also going to be

13 continued, the Susman Godfrey retention.  There was

14 information that just came to light.  The United States

15 Trustee asked for an additional supplemental affidavit of

16 Susman Godfrey.  Susman Godfrey agreed to do so, but then it

17 was not going to be in a position to be prepared for today.

18         THE COURT: Very well.

19         MR. SILBERGLIED: Your Honor, that brings to items

20 41 and 42 on the agenda, which are obviously related.  They

21 are the motions of O'Melveny & Myers at number 41 and AP -

22 well, the motions of the debtors to retain O'Melveny & Myers

23 at 41, and number 42, AP Services, LLC, to expand their

24 retentions to cover the additional debtor, New Century

25 Warehouse Corporation.  The motions, Your Honor, I think are

1  fairly standard retention applications.  I was asked by the

2  Creditors Committee to state into the record essentially the

3  same thing that we conceded to at the last hearing with

4  respect to the Richards, Layton & Finger expanded retention.

5  There is the issue of the fact that the - what I'll call

6  April 2 debtors actually paid the retainer rather than this

7  debtor, Warehouse, and at the Creditors Committee's request

8  both O'Melveny & Myers with respect to number 41 and AP

9  Services with respect to 42 agree that to the extent that

10 amounts remain in their retainer accounts and were not

11 expended pre-petition of Warehouse, those amounts will be

12 used in connection with their services for the April 2

13 debtors not with the Warehouse debtor.

14          THE COURT: All right.  With respect to number -

15 I've reviewed the papers on each.  I don't have any questions

16 on number 41.  On number 42, I didn't see in the affidavit

17 where it said that the applicant was disinterested, and I

18 thought that might be important.

19          MR. SILBERGLIED: Certainly, Your Honor, that is

20 important, and I can't, as I'm sitting up here in the podium,

21 point to something.

22          THE COURT: And if I missed it, just call Ms. Hunt

23 later and tell her I did, but I didn't see it, and I didn't

24 see - it comes in two ways.  Either the A, B, & C of Section

25 101 are separately alleged or simply the applicant says, I'm

1   disinterested - but I saw neither here.

2           MR. SILBERGLIED: Obviously of importance, Your

3   Honor.  I suppose that while I'm sitting, I'll leaf through

4   it when somebody else is at the podium, and if not, maybe

5   we'll put something together under cert of counsel.

6           THE COURT: Okay.  That's fine, but I'm prepared to

7   sign an order on O'Melveny, if you have -

8           MR. SILBERGLIED: It is unchanged.  Shall I hand up

9   a clean one?

10          THE COURT: Yes.

11          MR. SILBERGLIED: Thank you, Your Honor.

12          THE COURT: Thank you.  That order has been signed.

13          MR. SILBERGLIED: Thank you, Your Honor.  With

14  respect to number 43, the Creditors Committee's motion with

15  respect to securities trading, I understand for the first

16  time as I was coming into the courtroom, that this motion may

17  be withdrawn altogether, but I supposed I'll let Mr.

18  Indelicato cede to that.

19          THE COURT: All right.

20          MR. SILBERGLIED: Thank you, Your Honor.

21          MR. POWER: Actually, Mr. Power from Hahn & Hessen,

22  counsel to the Committee.  Your Honor, that is correct.  The

23  Committee is going to withdraw that motion without prejudice.

24  At this point, we don't see any reason to go forward with it.

25          THE COURT: I thought it - given the place where we

1  are in the case, it might be coming moot soon enough, I
2  guess, anyway.
3            MR. POWER: That is correct, Your Honor.  Time
4  certainly saw issues and - In addition to that, we tried to
5  work out an order that we thought would work, but we didn't,
6  and we decided it best just to withdraw the motion.
7            THE COURT: Okay, thank you.
8            MR. POWER: Thank you.
9            MR. SILBERGLIED: Your Honor, item number 44 on the
10 agenda is the bar date motion with respect to New Century
11 Warehouse Corporation.  I suppose there are really three
12 things to say about this, you know, other than what you'd say
13 about any bar date motion.  One thing is that it does request
14 a bar date of less than 60 days, the amount of days is 45
15 days.  The reason for that request is simply to try to keep
16 this on track.  Almost all the creditors are the same
17 creditors as for the other debtors and have known about this
18 for quite some time.  The second is that the agenda notes
19 that the U.S. Trustee had comments.  Those comments are the
20 same comments as were made to us with respect to the other
21 debtors that we agreed to for the other debtors, and,
22 therefore, we've agreed to them again in a blackline that
23 I'll hand up momentarily.  And the third is the objection
24 filed by Mr. Keech (phonetical) and on behalf of the Ad Hoc
25 Committee.  With respect to that we were negotiating some

1  language with them, and we have reached resolution, which is

2  also in a revised order.  So if I may approach with a clean

3  and a blackline, Your Honor?

4          THE COURT: You may.  Does anyone else care to be

5  heard in connection with this motion?

6          MR. SILBERGLIED: While Mr. McMahon is talking, I'll

7  just mention the language with respect to Mr. Keech's clients

8  is in revised paragraph - or new paragraph (18), and just for

9  the record it says, "Based on a review of their records, the

10 debtors represent that no employee of New Century Warehouse

11 is or ever has been a beneficiary of the New Century

12 Financial Deferred Compensation Plan and/or the New Century

13 Financial Corporation's Supplemental Executive Retirement

14 Plan.  If, however, it is determined that an employee of New

15 Century Warehouse is or was a beneficiary of the plan, the

16 debtors will establish a supplemental bar date for such

17 persons with respect to any and all claims arising out of the

18 participation in the plan."  The rest of the changes that the

19 blacklines show are all with respect to the United States

20 Trustee's comments.  We also just added once or twice and

21 some of the United States Trustee's comments went to the

22 forums, like the notice, for example.  The original motion

23 was set up to just have the order refer to what was attached

24 to the motion and that seemed like it was getting unwieldily

25 so we have it now set up to be attached hereto and the

1  blackline changes indicate as such.

2            THE COURT: All right.  I've seen the changes, don't
3  have any questions.

4            MR. SILBERGLIED: Thank you, Your Honor.  Your
5  Honor, that brings us to the adversary proceedings.  Number
6  45 is the Schroeder case which is set, I believe, for a
7  status conference, and I'll let the Creditors Committee
8  address the Court on that - or is it the United States
9  Trustee?

10           MR. McMAHON: Your Honor, if I could turn back to
11 the issue you raised with respect to AP Services and their
12 affidavit.  I believe that the motion that was filed was
13 filed pursuant to § 363 and what's been commonly termed the
14 crisis management protocol in this district.  Given that Ms.
15 Atlund (phonetical) of AlixPartners is being furnished as an
16 executive officer, pursuant to that protocol, my
17 understanding is that the firm would probably not be
18 representing in the context of their retention affidavit that
19 they were disinterested because she is in fact serving as an
20 officer.  I hope that addresses the Court's concern with
21 respect to that point.

22           THE COURT: You know, it does, Mr. McMahon, and I
23 thank you very much for pointing that out.

24           MR. SILBERGLIED: I do as well, Your Honor.
25 Obviously, I'm at somewhat of a disadvantage having come into

1  this a little bit late, and I do appreciate that as well.

2           MR. McMAHON: Your Honor, may I be excused.  I have
3  a 2 o'clock hearing next door.

4           THE COURT: You may.

5           MR. McMAHON: Thank you, I appreciate it.

6           THE COURT: All right.  And I will entertain a form
7  of order.

8           MR. SILBERGLIED: Thank you, Your Honor.

9           THE COURT: On AP.  Thank you.  The affidavit does
10 say no interest adverse to the estate, so - that's good
11 enough.

12          MS. FATTEL: Good afternoon, Your Honor.  Bonnie
13 Fattel for the Creditors Committee.  With respect to item
14 number 45, which is a status conference on the debtors' - the
15 motion to dismiss filed by the defendants, excuse me, in the
16 Schroeder vs. New Century case.  There were two issues that
17 the Court asked a report on at the status conference.  One
18 was whether briefing has been completed.  There have been no
19 further briefs filed since the last hearing.

20          THE COURT: Okay.

21          MS. FATTEL: So, briefing is completed.

22          THE COURT: And I think that it's not anybody's
23 intention to file further briefs at this point.

24          MS. FATTEL: I don't believe so.

25          THE COURT: Okay.

1          MS. FATTEL: With respect to the accommodation
2  concerning Wells Fargo's continued participation, Your Honor,
3  when this was brought up at the hearing last time, on behalf
4  of the Committee Mr. Indelicato argued that we did not think
5  it wise that Wells Fargo be permitted to be excused from the
6  litigation because the trust agreement really is a very
7  separate document.  Wells Fargo is the trustee in connection
8  with that trust, and we believe that they need to stay in
9  this case so that they can represent the trust as an
10 independent entity.  We still have that belief, and we have
11 not had any further discussions with anybody about having
12 them be basically relieved from the litigation.
13         THE COURT: Then it's in my hands.
14         MS. FATTEL: Yes.
15         THE COURT: Thank you.
16         MS. FATTEL: Thank you.
17         MR. SILBERGLIED: Your Honor, agenda items - well,
18 46 is the Positive Software matter that we already talked
19 about, and number 47 as indicated on the amended agenda
20 appears that Your Honor already entered the order on - or the
21 revised order on yesterday.  So that brings us to the one
22 last matter on the agenda, number 48, the certification of
23 counsel concerning the release of segregated funds to Morgan
24 Stanley.  Your Honor, to a certain extent, it was not clear
25 whether we even needed a motion at all or any certification

1  of counsel because pursuant to a prior order of this Court,

2  the debtors - it appeared to everybody that the debtors

3  simply could make this exchange but we thought it was the

4  right thing to do, really, to just give everybody notice, the

5  Creditors Committee, certainly, the other party is - that

6  could potentially have an interest.  We did so before ever

7  filing the cert of counsel.  Nobody had any objection to what

8  we were doing, and we filed the cert of counsel just to make

9  sure that it was clear to everybody exactly what we had

10 agreed to in this stipulation.  Morgan Stanley, obviously, is

11 anxious to get their funds back that we're not laying claim

12 to, and that's why we asked for this matter to be on today's

13 agenda.

14          THE COURT: All right.  Does anyone else care to be

15 heard in connection with this matter?

16          MR. POWER: Your Honor, Mark Power from Hahn &

17 Hessen.  The Committee supports the application.  That money

18 was actually tied up somewhat in the adequate protection

19 issues.  Morgan Stanley is one of the major parties in that,

20 and it was discovered in the reconciliation process, so we

21 decided, particularly because of that whole matter and all

22 the parties involved it made sense to do the stipulation.

23          THE COURT: All right.  Let me ask, how, if at all,

24 does this affect the other parties?

25          MR. POWER: It affects everybody positively in a

1   sense that it's found money, in a way.  What happened was,
2   there was a big disconnect between the debtor and what the
3   debtor thought were the loans in issue and the payments in
4   issue and what Morgan Stanley thought were the payments.
5   When they went through the reconciliation process, the debtor
6   discovered that there were a whole number of loans that it
7   did not have on its books in connection with Morgan Stanley's
8   repo line.  Those loans were actually a loan purchase that
9   Morgan Stanley had done pre-petition.  So when the debtor
10  went back and found its custodial counts, the money was there
11  and so, what it does is it in essence reduces the amount of
12  total claims that are asserted against the pool of funds that
13  are in escrow with the adequate protection claimants, and it
14  obviously helps mitigate Morgan Stanley's damage claim.  So I
15  think it's positive all the way around.
16          THE COURT: All right.  Does anyone else care to be
17  heard?  All right.  I've read the certification.  I've heard
18  the arguments of counsel.  I will sign the order that's been
19  submitted.
20          MR. SILBERGLIED: Thank you, Your Honor.  Does Your
21  Honor need a new copy of it?
22          THE COURT: No, I have it in front of me.
23          MR. SILBERGLIED: And that's the last item on the
24  surprisingly short agenda.
25          THE COURT: All right.  Then that concludes this

1  hearing.  Court is adjourned.

2          MR. SILBERGLIED: Thank you, Your Honor

3          ALL: Thank you, Your Honor.

4          (Whereupon at 2 p.m., the hearing in this matter

5  was concluded for this date.)

6

7

8

9

10

11

12

13

14

15

16

17

18          I, Elaine M. Ryan, approved transcriber for the

19  United States Courts, certify that the foregoing is a correct

20  transcript from the electronic sound recording of the

21  proceedings in the above-entitled matter.

22

23  /s/ Elaine M. Ryan                    October 26, 2007
    Elaine M. Ryan
    2801 Faulkland Road
    Wilmington, DE 19808
    (302) 683-0221