
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | Objection Deadline: 11/9/07 at 4:00 p.m. |

## NOTICE OF REJECTION OF EXECUTORY CONTRACT

TO:  Vision ESF
     Karl Mecklenburg
     PO Box 731855
     Puyallup, WA 98373

Re:  Service Agreement between Vision ESF and New Century Mortgage Corporation dated May 9, 2005 (the "Agreement"); Addendum No. 2 to the Agreement dated November 30, 2005 ("Addendum" and, together with the Agreement, the "Executory Contract")
Monthly Obligation: Unknown
Expiration Date: 30 Days Written Notice

**PLEASE TAKE NOTICE** that on April 25, 2007 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Executory Contract.[2] Pursuant to the terms of the Order, the Executory Contract shall be deemed rejected effective ten (10) days after this notice is served (the "Effective Date of Rejection").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Executory Contract, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Executory Contract" (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071-2899, Attention: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors: Blank Rome, LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801-4226, Attention: Bonnie Glantz Fatell, Esq. and Hahn & Hessen LLP, 488 Madison Avenue, 14th & 15th Floor, New York, New York 10022, Attention: Mark T. Power, Esq; and (iii) the Office of the United States Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035, Attention: Joseph McMahon, Jr., Esq. Absent such an objection being filed and served in compliance with the foregoing, the rejection

---

[2] The Debtors reserve their rights as to the determination of whether the Executory Contract is an executory contract within the meaning of Section 365 of the Bankruptcy Code. Nothing in this Notice constitutes an admission by the Debtors that the Executory Contract is an executory contract within the meaning of Section 365 of the Bankruptcy Code. The Debtors hereby submit this Notice in an abundance of caution in order to reflect the Debtors' intention to terminate the Executory Contract and all obligations thereunder.

3

of the Lease shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Court will schedule a hearing to consider that objection. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease, sublease or interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not offset or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Executory Contract you are required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of Rejection.

*[Remainder of this page is intentionally left blank.]*

Dated: October 30, 2007  
      Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Christopher M. Samis (No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
P.O. Box 551  
Wilmington, Delaware 19899  
(302) 651-7700  

-and-

Suzzanne S. Uhland  
Ben H. Logan  
Victoria Newmark  
Emily R. Culler  
O'MELVENY & MYERS LLP  
275 Battery Street  
San Francisco, California 94111  
(415) 984-8700  

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION