## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Objection Deadline: 11/20/07 @ 4:00 p.m.** |
| | : | |

## FIRST APPLICATION OF HAYNES AND BOONE, LLP
## FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
## AND FOR REIMBURSEMENT OF EXPENSES FOR LEGAL SERVICES
## FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
## FROM APRIL 2, 2007 THROUGH SEPTEMBER 30, 2007

Name of Applicant:                     Haynes and Boone, LLP

Provided Professional Services to:     New Century Financial Corporation, New
                                       Century Mortgage Corporation and Home
                                       123 Corporation (a/k/a The Anyloan
                                       Corporation)

Date of Retention:                     Haynes and Boone was originally retained in
                                       December, 2003. New Century anticipates
                                       that Haynes and Boone will be retained in
                                       these proceedings as an Ordinary Course
                                       Professional *nunc pro tunc* to April 2, 2007
                                       on November 2, 2007.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation 9f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; new Century Credit Corporation (f/k/a Worth funding Incorporated), a California corporation; NC Asset Holding, L.P. (F/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III corporation, a Delaware corporation; NC residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC 9D/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Period for which compensation
and reimbursement are sought:                    April 2, 2007 through September 30, 2007

Amount of Compensation sought as actual,
reasonable, and necessary:                       $23,913.35

Amount of expense Reimbursement sought
As actual, reasonable, and necessary:            $502.06

This is a(n):    _X_ monthly          __ interim    __ final application

Prior Applications Filed:      None.

| Name of Professional Individual | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sharon N. Freytag | Partner | $535 | 44.5 | $23,807.50 |
| Ronald Breaux | Partner | $515 | .6 | $    309.00 |
| Anne Johnson | Associate | $410 | 1.7 | $    697.00 |
| Ian Peck | Associate | $385 | 2.5 | $    962.50 |
| Denise Stilz | Paralegal | $195 | .6 | $    117.00 |

Grand Total            $25,893.00
Less Adjustment     $  1,979.65
Total Fees              $23,913.35
Total Expenses      $     502.06
Total Hours                     49.90

Dated: October 30, 2007

D-1589664_1.DOC

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Objection Deadline: 11/20/07 at 4:00 p.m.** |

## FIRST APPLICATION OF HAYNES AND BOONE, LLP
## FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
## AND FOR REIMBURSEMENT OF EXPENSES FOR LEGAL SERVICES
## FOR NEW CENTURY FOR THE PERIOD
## FROM APRIL 2, 2007 THROUGH SEPTEMBER 30, 2007

Pursuant to sections 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy procedure (the "Bankruptcy Rules"), Haynes and Boone, LLP ("Haynes and Boone") hereby files this First Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for Legal Services for New Century Financial Corporation, New Century Mortgage Corporation and Home 123 Corporation ("New Century") from April 2, 2007 through and including September 30, 2007 (the "Application"). By this Application, Haynes and Boone, LLP seeks compensation of $23,913.35 in fees, and $502.06 in expenses for the period April 2, 2007

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation 9f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; new Century Credit Corporation (f/k/a Worth funding Incorporated), a California corporation; NC Asset Holding, L.P. (F/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III corporation, a Delaware corporation; NC residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC 9D/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

through and including September 30, 2007 (the "Compensation Period"). In support of this

Application, Haynes and Boone respectfully represents as follows:

## Background

1.      On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New

Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation,

Home 123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual

III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O.

II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex,

LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code.

## Compensation Paid and Its Source

2.      All services for which compensation is requested by Haynes and Boone were

performed for or on behalf of New Century Financial Corporation, New Century Mortgage and

Home 123 Corporation f/k/a The Anyloan Corporation.

3.      Haynes and Boone has received no payment and no promises for payment from

any source for services rendered or to be rendered in any capacity whatsoever in connection with

the matters covered by this Application. There is no agreement or understanding between

Haynes and Boone and any other person for the sharing of compensation to be received for

services rendered in these cases.

## Summary of Compensation Requested

4.      Haynes and Boone's professional fees for its services and expenses incurred

totaled $24,415.41 based upon hourly rates set at a level designed to compensate the firm fairly

for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It

is the firm's policy to charge its clients for all expenses incurred in connection with the client's

case. The expenses charged include, among other things, telephone and telecopier and mail postage charges, special or hand-delivery charges, photocopying charges, travel expenses, expenses for computerized research, transcription costs as well as non-ordinary overhead expenses. A statement of services rendered, identifying the services rendered, certain details of the services, the professional who performed such services and the time spent by such professional, is annexed hereto as Exhibit A. A summary of expenses is Exhibit B.

### Summary of Services

5.    Haynes and Boone provides comprehensive legal services. Haynes and Boone's professionals have particular expertise in the following areas pertinent to this representation: (i) appellate practice and procedure; (ii) intellectual property; (iii) business litigation; (iv) bankruptcy, and (v) arbitration and mediation.

6.    Haynes and Boone represented New Century during proceedings in the Northern District of Texas against Positive Software Solutions, Inc. ("PSS") and in the appeal of an order vacating an arbitration award in New Century's favor. Haynes and Boone successfully obtained reversal of the vacatur order by the en banc Fifth Circuit Court of Appeals on January 18, 2007. On April 9, 2007, PSS filed a Petition for Writ of Certiorari before the United States Supreme Court seeking review of the en banc decision, which was eventually denied after Haynes and Boone's involvement. On July 9, 2007, PSS filed a Motion for Leave to File Second Amended Motion to Vacate Arbitration Award in the Northern District of Texas. New Century required Haynes and Boone's services to address these filings on an immediate basis. Haynes and Boone did so while monitoring the bankruptcy proceedings and pursuing the process to be retained as an ordinary course professional ("OCP"). There was a delay in retention of Haynes and Boone as an OCP because the Official Committee of Unsecured Creditors (the "Committee") originally requested that Haynes and Boone not be retained as an OCP. Accordingly, New Century and the

Committee entered into negotiations in an attempt to retain Haynes and Boone as an OCP in an manner that would satisfy the Committee.   Those negotiations were successful and the Committee has now agreed to allow Haynes and Boone to be retained as an OCP.  On October 31, Haynes and Boone filed an *Affidavit of Ordinary Course Professional Nunc Pro Tunc to April 2, 2007* [Docket No. 3580] (the "OCP Affidavit").

7.    However, these circumstances gave rise to another significant issue.   In the interim period between when the Committee requested that Haynes and Boone not be retained as an OCP and the filing of the OCP Affidavit, Haynes and Boone continued to work diligently on behalf of New Century.

8.    In fact, Haynes and Boone incurred $57,130.15 in fees and expenses through October 23, 2007, $24,415.41 of which would not fall within the 30-day look-back period associated with an application to be retained as an OCP.  See *Order Authorizing Retention of Professionals Utilized in the Ordinary Course of Business Pursuant to Sections 327 and 328 of the Bankruptcy Code,* ¶4 [Docket No. 569].   Given the essential work that Haynes and Boone performed for New Century during the interim period and the imperative nature of the work Haynes and Boone would be performing for New Century going forward with respect to a mediation with Positive Software Solutions and related issues, it is necessary that Haynes and Boone be compensated for the fees and expenses incurred during the interim period.   The Committee has agreed not to object to the payment of these fees and expenses.

9.    As set forth in Exhibit A, the total number of hours expended by Haynes and Boone professionals through September 30, 2007 is 49.9 having a value of $23,913.35.   The nature of the work performed by Haynes and Boone personnel is set forth in Exhibit A attached hereto.   These are Haynes and Boone's normal hourly rates for work of this character.   The

reasonable value of the services rendered by Haynes and Boone to New Century during the Compensation Period is $23,913.35. The expenses incurred total $502.06 as indicated in Exhibit B.

10.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Haynes and Boone is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services.

WHEREFORE, Haynes and Boone respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Haynes and Boone in the sum of $24,415.41 as compensation for necessary professional services rendered, and that such sum be authorized and that New Century be directed to make such payment, and for such other and further relief as this Court may deem just and proper.

Dated: October 30, 2007

HAYNES AND BOONE, LLP

Sharon Freytag
Partner

Executed this 30th day
of October, 2007

## VERIFICATION

STATE OF TEXAS      )
                         ) SS:
COUNTY OF DALLAS    )

Sharon N. Freytag, after being duly sworn according to law, deposes and says:

a)      I am a partner in the firm of Haynes and Boone, LLP.

b)      I am familiar with the work performed on behalf of New Century by Haynes and Boone, LLP.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

Sharon N. Freytag

SWORN AND SUBSCRIBED before me
this 30th day of October, 2007.

Notary Public
My Commission Expires: 4/26/09

D-1589666_1.DOC

**EXHIBIT A**

| Date | Description | Total Professional Hours | |
|---|---|---|---|
| April 10 | Review and analysis of Petition for Writ of Certiorari. | Freytag | 3.0 |
| | | Johnson | 1.2 |
| April 11 | Attention to PSS's Petition for Writ of Certiorari. | Freytag | 1.6 |
| | | Johnson | .5 |
| April 12 | Analysis regarding response to Petition for Writ of Certiorari. | Freytag | 1.5 |
| April 16 | Telephone conferences regarding Petition for Writ of Certiorari. | Freytag | .3 |
| April 17 | Telephone conferences regarding Petition for Writ of Certiorari. | Freytag | .3 |
| April 18 | Work on draft of document to file in U.S. Supreme Court. | Freytag | 1.0 |
| April 19 | Attention to bankruptcy proceedings. | Freytag | 3.8 |
| April 20 | Receive, study and begin work on § 327(e) application documents. | Freytag | 3.6 |
| April 23 | Work on bankruptcy issues. | Freytag | 4.8 |
| April 24 | Work on bankruptcy issues. | Freytag | 4.2 |
| April 25 | Attention to bankruptcy issues. | Freytag | 1.4 |
| April 26 | Attention to bankruptcy issues. | Freytag | 1.0 |
| April 30 | Work on document for filing in U.S. Supreme Court. | Freytag | 2.4 |
| May 1 | Consider issues raised by U.S. Supreme Court filing; review document for U.S. Supreme Court filing. | Freytag | 1.0 |
| | | Peck | .4 |
| May 2 | Receive and review letter from PSS's counsel regarding Supreme Court briefing. | Freytag | .2 |
| May 7 | Consider issues raised by U.S. Supreme Court filing; consider waiver letter. | Freytag | 1.8 |
| | | Peck | .3 |
| | | Stilz | .6 |
| May 8 | Final steps toward filing waiver letter. | Freytag | .4 |
| May 9 | Attention to issues concerning waiver. | Freytag | .4 |
| May 10 | Supervise filing procedures in U.S. Supreme Court; study retention materials. | Freytag | 4.0 |
| | | Peck | 1.2 |
| May 11 | Attention to retention issues. | Freytag | .5 |
| | | Peck | .3 |
| May 14 | Attention to bankruptcy implications of appeal. | Freytag | .5 |
| | | Peck | .3 |
| June 11 | Monitor Supreme Court website for cert order; receive and forward order. | Freytag | .4 |
| June 14 | Attention to status following Supreme Court denial of certiorari. | Freytag | 1.2 |
| June 14 | Work on application for retention. | Freytag | 1.0 |

| Date | Description | Total Professional Hours | |
|------|-------------|--------------------------|---|
| July 9 | Study Motion for Leave and Amended Motion to Vacate arbitration award filed in Northern District of Texas. | Freytag | 1.0 |
| July 10 | Consider arguments in Amended Motion to Vacate. | Freytag | 1.0 |
| July 11 | Attention to PSS' Motion to Lift Stay. | Freytag | 1.0 |
| July 23 | Attention to Amended Motion to Vacate. | Freytag | 1.2 |
| Aug. 31 | Telephone conference with counsel for New Century. | Breaux | .6 |

**EXHIBIT B**

| | |
|---|---|
| Long Distance | $   5.10 |
| Photocopy | $  98.40 |
| Westlaw | $313.36 |
| Facsimile | $   3.00 |
| Federal Express | $  82.20 |

D-1588585_1.DOC