IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: November 28, 2007 @ 4:00 p.m.<br>Hearing Date : December 5, 2007 @ 1:30 p.m. |

### NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY RULES 3007 AND 9014 AND LOCAL RULE 3007-1 TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) BOOKS AND RECORDS CLAIMS; AND (III) REDUCED AND/OR RECLASSIFIED CLAIMS

**PLEASE TAKE NOTICE** that New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), have today filed the Debtors' Second Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims (the "Objection"), which seeks to disallow and expunge certain (A) amended and superseded (B) books and records and (C) reduced and/or reclassified claims.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp, a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will be held before the Honorable Kevin J. Carey, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, DE 19801 on **December 5, 2007 at 1:30 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if the holder of a claim that is the subject of the Objection wishes to respond to the Objection, the holder must file and serve a written response so that it is actually received no later than **November 8, 2007 at 4:00 p.m. (prevailing Eastern Time)** by the by the undersigned counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that responses to the Objection must contain, at minimum, the following: (i) a caption setting for the name of the Bankruptcy Court, the case number and the title of the Objection; (ii) the name of the claimant and description of the basis for the amount of the claimant's claim(s); (iii) a concise statement setting forth the reasons why such claim(s) should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the claim(s), to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Objection at the hearing; (v) the addresses to which any reply to a response should be directed; and (vi) the name, address, and telephone number of the person (which may be the claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** THAT, IF THE CLAMANT FAILS TO TIMELY FILE AND SERVE A RESPONSE IN ACCORDANCE WITH THE ABOVE REQUIREMENTS, THE CLAIMANT WILL BE DEEMED TO HAVE CONSENTED TO THE OBJECTION AND THE RELIEF REQUESTED THEREIN, AND THE DEBTORS WILL REQUEST THAT THE COURT ENTER AN APPROPRIATE ORDER SUSTAINING THE OBJECTION AND DISALLOWING SUCH CLAIM(S) BY DEFAULT.

Dated: October 31, 2007
Wilmington, Delaware

Respectfully submitted,

_____
Mark Collins (No. 2981)
Michael J. Merchant (No. 3458)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Emily R. Culler
Ana Acevedo
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA  94111
(415) 984-8700

COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION