# EXHIBIT D

RLF1-3218293-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |

## DECLARATION OF TODD B. BRENTS IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) BOOKS AND RECORDS CLAIMS; AND (III) REDUCED AND/OR RECLASSIFIED CLAIMS

I, Todd B. Brents, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Managing Director with AP Services, LLC ("APS"), crisis managers for the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp, a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. In my role as Managing Director at APS, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records. I submit this declaration (the "Declaration") in support of the *Second Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. §§ 502(b), 503, 506(a), and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 Disallowing and Expunging Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and Reclassified Claims* (the "Second Omnibus Objection").[2] I make this Declaration on the basis of APS's review of the Debtors' books and records (the "Books and Records Claims"), the register of claims (the "Claims Register") prepared and provided by the Debtors' claims agent, XRoads Case Management Services, LLC ("XRoads"), and the proofs of claim filed in these chapter 11 cases.

4. I assisted in the Claims reconciliation process and in the preparation of the Second Omnibus Objection. In this regard, either I, or another employee of APS at my direction, (a) participated in the review of (i) the Claims Register, identifying Claims that should be allowed or disallowed, and (ii) the Debtors' books and records with respect to the Claims described in the Second Omnibus Objection, and (b) read the Second Omnibus Objection and the proposed order (the "Proposed Order"). Accordingly, I am familiar with the information contained therein and in Exhibits A, B, and C annexed to the Second Omnibus Objection.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Second Omnibus Objection

A.  **Amended and Superseded Claims**

      5.  To the best of my knowledge, information and belief, the Claims listed on Exhibit A to the Second Omnibus Objection under the column labeled "Amended Claim Number" are Claims that have been amended and superseded by a Claim later filed by the Claimant (the "Amended and Superseded Claims"). The claim numbers of the related Claims that will remain after the elimination of any Amended and Superseded Claims (the "Remaining Claims") appear under the column "Remaining Claim Number."

      6.  By this Second Omnibus Objection, the Debtors object to the Amended and Superseded Claims listed under the heading "Amended Claim Number" on Exhibit A to the Second Omnibus Objection, and seek entry of the Proposed Order disallowing and expunging the Amended and Superseded Claims in their entirety, subject to the Debtors' further objections on any grounds to the Remaining Claims.

B.  **Books and Records Claims**

      7.  To the best of my knowledge, information and belief, the Books and Records Claims listed on Exhibit B of the Proposed Order are Claims that cannot be reconciled with the Debtors' Books and Records Claims, and therefore, the Debtors against which such Claims are asserted are not liable for the asserted Claims. The Debtors believe they are not liable for the Books and Records Claims because with respect to each such Claim (i) the Debtors' Books and Records Claims, which the Debtors believe to be accurate, do not reflect the existence of the asserted Claim or otherwise indicate a scheduled liability of zero with respect to such Claim, or (ii) the asserted Claim has previously been satisfied by the Debtors and their Books and Records Claims do not reflect any additional amounts owing on account of the asserted Claim.

3

8. By the Objection, the Debtors object to the Books and Records Claims listed on Exhibit B, and seek entry of the Proposed Order disallowing and expunging the Books and Records Claims in their entirety.

## C. The Reduced and/or Reclassified Claims

9. To the best of my knowledge, information and belief, the Reduced and/or Reclassified Claims listed on Exhibit C to the Second Omnibus Objection were filed in the incorrect amounts and/or classifications. Therefore, the Reduced and/or Reclassified Claims should be reduced and/or reclassified as set forth on Exhibit C to the Second Omnibus Objection.

## Conclusion

Based upon my review of the Claims Register and the Debtors' Books and Records Claims, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2007.

_____
Todd B. Brents, Managing Director of
AP Services, LLC

5

RLF1-3218293-1