IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 3249** |
| | : | |
| | : | **Hearing Date: November 6, 2007** |
| | : | **Objection Deadline: November 1, 2007** |
| | : | |

**RESPONSE OF DEBTORS AND THE DEBTORS IN POSSESSION
TO MOTION OF COUNTRYWIDE HOME LOANS, INC. FOR
RELIEF FROM AUTOMATIC STAY [DOCKET NO. 3249]**

New Century Financial Corporation, a Maryland corporation, New Century TRS

Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor

and debtor-in-possession in the above-captioned chapter 11 cases (collectively, "Debtors"),

hereby respond and object to the Motion of Countrywide Home Loans, Inc. (the "Movant") for

Relief from Automatic Stay (the "Motion"). In support of this Response, the Debtors represent

as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

### INTRODUCTION

1.      Movant seeks relief from the automatic stay to continue pre-petition litigation concerning property located at 8712 Castel Ridge Avenue, Las Vegas, Nevada 89129 (the "Property").  Movant claims that Debtor New Century Mortgage Corporation ("Debtor NCMC") wrongfully cancelled a junior lien and now prevents it from collecting an outstanding debt.  In truth, Movant misapplied funds to the loan at issue, then confirmed the amount owing by sending Debtor NCMC a payoff demand statement.  At all points during the transaction, Debtor NCMC was an innocent third-party to clerical errors of Movant and the duplicitous acts of a now insolvent borrower.

2.      The Motion should be denied for several reasons.  First, Debtors will suffer great prejudice if this litigation is granted relief from the automatic stay.  As there is no indication that Movant ever filed a proof of claim relating to this matter, granting the Motion would allow Movant to do an end-run around the claims process.  Lifting the stay will also force Debtors to incur substantial expense, engage in time-consuming and duplicative litigation, and divert resources from the efficient administration of the estate.  Second, compared to the potential prejudice to Debtors, Movants suffer virtually no hardship if the stay remains in place because there are other avenues of recourse available.  Third, the facts in the underlying action are vigorously disputed and Movant's case is completely lacking in merit.  As such, Movant has not demonstrated sufficient cause for granting relief from the automatic stay.

### FACTUAL BACKGROUND

3.      On or about May 10, 2005, William Alexander Vinson ("Vinson"), borrower and first named defendant in the underlying action, executed two deeds of trust to

2

secure indebtedness of the Property. The second deed of trust was transferred to Movant in September 2005. On or about November 4, 2005, Movant received a check from a different borrower in the amount of $140,768.58 which it mistakenly applied to Vinson's loan.

        4.      When Vinson sought to refinance the Property on or about December 21, 2005, Debtor NCMC paid off both liens on the Property. In the context of this Objection, Debtors intend to introduce into evidence a "Settlement Statement," provided by Movant to Debtor NCMC on or about December 22, 2005, wherein Movant verified that the total amount owning on the Vinson loan was $5,916.15. Pursuant to that Settlement Statement, Debtor forwarded the full amount due to Movant. It was not until February 1, 2006 that Movant realized it had credited the $140,768.58 to the wrong borrower account. It then tried, unsuccessfully, to collect the debt from Vinson on several occasions.

        5.      Movant filed suit against Vinson in the District Court of Clark County, Nevada on May 23, 2006, stating causes of action for Rescission of Reconveyance, Equitable Mortgage, Wrongful Cancellation of Instrument, Negligent Misrepresentation, Breach of Contract, Quiet Title/Declaratory Relief Unjust Enrichment and Fraud. On November 30, 2006, Movant filed a Motion for Leave to Amend its complaint to add Debtor NCMC to the Wrongful Cancellation of Instrument and Declaratory Relief causes of action. An Order granting leave to amend was issued on January 16, 2007. The Motion for Leave to Amend went unopposed because Movant did not serve Debtor NCMC with the papers until February 2, 2007, as indicated in the Proof of Service Movant filed with the trial court. On that same date, Movant also served a Motion for Partial Summary Judgment. No responses were filed to the First Amended Complaint or the Motion for Partial Summary Judgment. The Court granted the Motion for

SF1:692909 3

RLF1-3219533-1

Partial Summary Judgment but subsequently revoked that order and set a new hearing for April 23, 2007.

6.     Debtors commenced chapter 11 bankruptcy proceedings on April 2, 2007, thereby staying the litigation against Debtor NCMC. Debtor NCMC's counsel filed Notice of Commencement of Voluntary Bankruptcy in the underlying action on April 4, 2007.

## ARGUMENT

7.     The automatic stay is one of the fundamental protections provided to debtors by the Bankruptcy Code. Mid-Atlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986); In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); In re W.R. Grace & Co., 2007 WL 1129170 at *2 (Bankr. D. Del. April 13, 2007). As such, a party seeking to lift the stay to pursue a debtor in other litigation has the initial burden of establishing a prima facie case of "cause" for relief. See, e.g., In re RNI Wind Down Corp., 348 B.R. 286, 299 (Bankr. D. Del. 2006) (citing Sonnax Indus., Inc. v. Tri Component Prods., Inc. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2nd Cir. 1990); see also Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2d Cir. 1999) ("The burden is on the moving party to make an initial showing of 'cause' for relief from the stay."); In re Powell, 223 B.R. 225, 232 (Bankr. N.D. Ala. 1998) ("The movant must carry the initial burden of establishing a prima facie case for relief under [Bankruptcy Code] § 362(d)(1).").

8.     To establish a prima facie case of "cause" for relief from stay, the movant must make an evidentiary showing. See, e.g., RNI Wind Down Corp., 348 B.R. at 286 ("A prima facie case requires a showing by the movant of 'a factual and legal right to the relief that it seeks.'") (quoting In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y 1994)); see also Collier on Bankruptcy § 362.10 (15th Ed. Rev. 2005). Failure to establish, with evidence, a

4

prima facie case "requires a denial of the requested relief." RNI Wind Down Corp., 348 B.R. at

299; see also Sonnax Indus., 907 F.2d at 1285; Mazzeo, 167 F.3d at 142 (noting "absent a

showing of cause, the court should simply deny relief from the stay"); In re Anthem

Cmtys./RBG, LLC, 267 B.R. 867 (Bankr. D. Colo. 2001) (holding bankruptcy court may render

judgment sua sponte based on movant's failure to satisfy initial burden to establish prima facie

case for relief from stay).

9.    Before discussing whether Movant has made a prima facie case for cause,

which it has not, Debtors have not been able to locate a proof of claim relating to the underlying

litigation. Because Movants' claim would otherwise be barred by Bankruptcy Rule 3003(c)(3),

they would be forced to argue that cause exists for their untimely filing. Although Bankruptcy

Rule 3003(c)(3) provides that the time for filing a proof of claim may be extended "for cause,"

the Supreme Court has adopted the "excusable neglect" standard of Bankruptcy Rule 9006. See

Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380 (1993). "The burden of proving

excusable neglect lies with the late-claimant." Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d

Cir. 2000). Movant has not attempted to file a late proof of claim, nor could it make a good faith

argument for "excusable neglect" were it to request relief from the Court. In essence, this

Motion is an attempt to circumvent the claims process.

10.    The documents submitted with the Motion do not support a prima facie

case for relief from stay. Movant proffers a Deed of Trust from September 2005, a copy of the

check it mistakenly applied to Vinson's account, the demand letters send to Vinson, and its

Motion for Partial Summary Judgment as "evidence." This falls short of the evidentiary showing

necessary to grant relief. Accordingly, the Motion should be denied outright. See RNI Wind

Down Corp., 348 B.R. at 299–300 (holding the movant failed to make a prima facie case by not

5

establishing a factual and legal right to the relief and denying the motion without further showing from the debtor); see also In re Causa, 93 B.R. 409, 411 (Bankr. E.D. Pa. 1988) ("Since movant has failed to present any evidence to meet his initial burden of production under 11 U.S.C. § 362(d)(1), his motion for relief from the automatic stay must be denied.").

11.    Even if Movant had attempted to satisfy prima facie requirements, there is no "cause" to grant the Motion. Though Congress did not define the "cause" required to lift or modify the automatic stay imposed by the Bankruptcy Code, the courts in the Third Circuit have formulated a three-factor test to determine whether "cause" exists: 1) whether any prejudice results to the estate or debtor from lifting the stay, 2) the balance of hardships between the parties, and 3) the probability of the movant's success on the merits. See, e.g., Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993); W.R. Grace, 2007 WL 1129170 at *2; In re Peregrine Sys., Inc., 314 B.R. 31, 46–47 (Bankr. D. Del. 2004), reversed in part on other grounds, 2005 WL 2401955; Rexene Prods. Co., 141 B.R. at 576; see also Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 735 (7th Cir. 1991). Moreover, as other courts have explained, unsecured creditors are entitled to relief from an automatic stay only in extraordinary circumstances. See In re Ashland Partners III, 2000 WL 329581 (Bankr. N.D. Ill. Jan. 20, 2000); In re Brown, 311 B.R. 409, 413 (Bankr. E.D. Pa. 2004); In re Tristar Auto. Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992). An application of the three-part test to the totality of the circumstances in this case makes clear that the automatic stay should remain in force and the Motion should be denied.

12.    First, Debtors would undoubtedly be greatly prejudiced if the Motion is granted. Debtors were the second largest subprime lender in the United States. They originated and serviced thousands of loans all over the country. Presently, there are more than 3000 claims

6

filed against Debtors by various creditors with the bankruptcy court, a vast majority of them linked to pre-petition litigation pending outside of Delaware. Accordingly, if the Court were to grant the Motion, it would raise the specter of additional requests for stay relief by other litigants, threatening the limited resources of Debtors' estates by forcing the them to address and/or defend an incredible amount of secondary and duplicative litigation. With regard to this dispute, lifting the stay forces Debtors to expend its limited cash to defend an unsecured, pre-petition claim. Adding insult to injury, Debtors were only recently added to the litigation in Nevada and there is no record that Movant even filed a proof of claim. Granting this motion would be extremely unfair to Debtors, as it would promote a flood of litigation claimants to petition this Court for relief from the automatic stay and encourage circumvention of the claims process.

13. Second, the balance of hardships tips in favor of Debtors. "[T]he party seeking relief from the stay must show that 'the balance of hardships from not obtaining relief tips significantly in [its] favor.'" RNI Wind Down Corp., 348 B.R. at 299 (quoting In re Am. Classic Voyages Co., 298 B.R. 222, 225 (Bankr. D. Del. 2003)). On the one hand, Debtors face a potential flood of duplicative, pre-petition litigation outside of the jurisdiction if the stay is lifted. Instead of focusing their resources on an orderly liquidation, Debtors will have to attend to the chaos caused by defending all of these actions. On the other hand, there are other avenues of recourse available to Movant that do not involve disturbing Debtors' orderly liquidation. Movant may continue its action against Vinson, the only other party beside itself that contributed to the damages alleged in the underlying action. Movant may also be able to seek a remedy from the non-bankrupt entity that purchased the loan at issue on March 31, 2006 -- America's Servicing Company. Thus, the hardship on the Movant not only falls far short of considerably outweighing the hardship on the Debtors, but is virtually non-existent.

7

14.    Third, Movant is not likely to succeed on the merits in the underlying action. The facts of the underlying dispute are vigorously contested. Prior to filing in the Clark County District Court, Movant was well aware that its interest was not, at any time, first in line. And Movant admits that it released all rights to the junior lien on the Property by its own mistake. Yet, the First Amended Complaint requests that "an equitable mortgage be placed on the Property reinstating Plaintiff's <u>secondary security interest</u> on the Property." <u>See</u> First Amended Complaint ¶ 36. And the Motion for Partial Summary Judgment requests "reinstate[ment] of its first priority lien." Debtor NCMC became the sole secured party when it completed the payoff of the Property in December 2005. Movant cannot be "reinstated" to a position it never held. Then, in its own Motion for Partial Summary Judgment, Movant states that it has "lost its priority interest due in part to a clerical mistake but mainly due to Mr. Vinson's fraudulent conduct." Movant does not, and cannot, state that it lost its "priority interest" as a result of some action by Debtors. Lastly, Movant's faulty loan administration did not obligate Debtor NCMC to investigate Vinson's accounts more rigorously than required under Nevada law. Pursuant to NRS 107.200 through 107.311, Debtor NCMC was entitled to "rely on the accuracy of the information contained in the [payoff demand] statement" provided by Movant in December 2005. Movant confirmed that there was only $5,916.15 owing on Vinson's loan. Movant was unable to cite any statutory provisions or case law to support the proposition that Debtor NCMC was anything less than an innocent third-party that relied on the payoff demand provided to it. Accordingly, the Movant has failed to establish a likelihood of success on the merits.

SF1:692909 3

RLF1-3219533-1

## CONCLUSION

As the Movant has failed to meet the burden of establishing "cause" under section

362(d)(1), the Debtors respectfully request that the Motion be denied.


Dated:  November 1, 2007                    Respectfully submitted,
       Wilmington, Delaware

                                     Mark D. Collins (No. 2981)
                                     Michael J. Merchant (No. 3854)
                                     Christopher M. Samis (No. 4909)
                                     RICHARDS, LAYTON & FINGER, P.A.
                                     One Rodney Square
                                     P.O. Box 551
                                     Wilmington, Delaware 19899
                                     (302) 651-7700

                                           -and-

                                     Suzanne S. Uhland
                                     Natausha A. Wilson
                                     O'MELVENY & MYERS LLP
                                     275 Battery Street
                                     San Francisco, California  94111
                                     (415) 984-8700

                                     ATTORNEYS FOR DEBTORS AND
                                     DEBTORS IN POSSESSION

9