IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Re: Docket No. 3242 |
| | : | |
| | : | Hearing Date: November 6, 2007 |
| | : | Objection Deadline: November 1, 2007 |
| | : | |

**RESPONSE OF DEBTORS AND THE DEBTORS IN POSSESSION
TO MOTION OF DIANE OLIVEIRA FOR
RELIEF FROM STAY [DOCKET NO. 3242]**

New Century Financial Corporation ("NCFC"), a Maryland corporation, New Century Mortgage Corporation ("NCMC"), a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, "Debtors"), hereby respond and object to the Motion of Diane Oliveira (the "Movant") for Relief from Stay (the "Motion"). In support of this Response, the Debtors represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

SF1:691422.3
RLF1-3219528-1

## INTRODUCTION

1. Diane Oliveira seeks relief from the automatic stay to continue litigation filed just days before the relevant petition date, but never properly served on Debtors.

2. The Motion should be denied for several reasons. First, granting the Motion will force Debtors to incur substantial expense, engage in time-consuming and duplicative litigation, and divert resources from the efficient administration of the estate. Second, the prejudice to Debtors far outweighs any inconvenience that Movant might encounter if compelled to resolve her pre-petition claim in this bankruptcy proceeding. Third, Movant offers nothing more than speculation to show she is likely to prevail in the underlying action. As such, Movant has not demonstrated sufficient cause for granting relief from the automatic stay.

## FACTUAL BACKGROUND

3. In the underlying action, Movant complains she was wrongfully terminated from her position as an Account Manager in Debtor New Century Mortgage Corporation's ("Debtor NCMC") Foxboro, Massachusetts location. She claims that she identified what appeared to be instances of unlawful activity in mortgage loan application documentation she reviewed, including alleged false income figures, forged signatures and fabricated bank statements. Movant further asserts that, as a result of reporting this conduct to those in her supervisory chain, she endured retaliatory conduct leading up to her termination on December 26, 2006.

4. On March 16, 2007, Movant filed a complaint for damages in the Superior Court of the Commonwealth of Massachusetts (the "Massachusetts Action"). Specific causes of action include Violation of Public Policy, Tortious Interference with an Advantageous Relationship, and Defamation. In addition to Debtors, Movant individually names James

2

Lanagan (former Debtor NCMC employee and in Movant's supervisory chain at all times relevant to the dispute) and Andrew Barlow (former Director of Human Resources for Debtor NCMC) as defendants. Movant seeks actual, compensatory and punitive damages in addition to interest and attorneys' fees. While Movant does not approximate the value of her claim in the complaint, she has filed two separate proofs of claim in Debtors' bankruptcy proceedings for $3 million each.

5. Debtors commenced chapter 11 bankruptcy proceedings on April 2, 2007. A Notice of Stay to the was promptly filed with Massachusetts Superior Court on April 4, 2007. Then, on June 21, 2007, counsel for the individual defendants and Debtor NCMC filed a Motion to Dismiss in an attempt to release them from the lawsuit. The trial court has yet to rule on this motion.

## ARGUMENT

6. The automatic stay is one of the fundamental protections provided to debtors by the Bankruptcy Code. Mid-Atlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986); In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); In re W.R. Grace & Co., 2007 WL 1129170 at *2 (Bankr. D. Del. April 13, 2007). As such, a party seeking to lift the stay to pursue a debtor in other litigation has the initial burden of establishing a prima facie case of "cause" for relief. See, e.g., In re RNI Wind Down Corp., 348 B.R. 286, 299 (Bankr. D. Del. 2006) (citing Sonnax Indus., Inc. v. Tri Component Prods., Inc (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); see also Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2nd Cir. 1999) ("The burden is on the moving party to make an initial showing of 'cause' for relief from the stay."); In re Powell, 223 B.R. 225, 232 (Bankr. N.D. Ala.

3

1998) ("The movant must carry the initial burden of establishing a prima facie case for relief under [Bankruptcy Code] § 362(d)(1).").

7. To establish a *prima facie* case of "cause" for relief from stay, the movant must make an evidentiary showing. See, e.g., RNI Wind Down Corp., 348 B.R. at 286 ("A prima facie case requires a showing by the movant of 'a factual and legal right to the relief that it seeks.'") (quoting In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y 1994)); see also Collier on Bankruptcy § 362.10 (15th Ed. Rev. 2005). Failure to establish, with evidence, a prima facie case "requires a denial of the requested relief." RNI Wind Down Corp., 348 B.R. at 299; see also Sonnax Indus., 907 F.2d at 1285; Mazzeo, 167 F.3d at 142 (noting "absent a showing of cause, the court should simply deny relief from the stay"); In re Anthem Cmtys./RBG, LLC, 267 B.R. 867 (Bankr. D. Colo. 2001) (holding bankruptcy court may render judgment sua sponte based on movant's failure to satisfy initial burden to establish prima facie case for relief from stay).

8. As a preliminary matter, Movant has not made a prima facie case for relief from stay. Here, Movant proffered the underlying complaint, notice of these chapter 11 proceedings filed by the defendants' local counsel, and the Motion to dismiss submitted by the same. These documents, alone, fall short of an evidentiary showing necessary to lift the stay. Accordingly, the Motion should be denied outright. See RNI Wind Down Corp., 348 B.R. at 299–300 (holding the movant failed to make a prima facie case by not establishing a factual and legal right to the relief and denying the motion without further showing from the debtor); see also In re Causa, 93 B.R. 409, 411 (Bankr. E.D. Pa. 1988) ("Since movant has failed to present any evidence to meet his initial burden of production under 11 U.S.C. § 362(d)(1), his motion for relief from the automatic stay must be denied.").

4

9. Even if Movant had attempted to satisfy prima facie requirements, there is no "cause" to lift the stay. Though Congress did not define the "cause" required to lift or modify the automatic stay imposed by the Bankruptcy Code, the courts in the Third Circuit have formulated a three-factor test to determine whether "cause" exists: 1) whether any prejudice results to the estate or debtor from lifting the stay, 2) the balance of hardships between the parties, and 3) the probability of the movant's success on the merits. See, e.g., Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993); W.R. Grace, 2007 WL 1129170 at *2; In re Peregrine Sys., Inc., 314 B.R. 31, 46–47 (Bankr. D. Del. 2004), reversed in part on other grounds, 2005 WL 2401955; Rexene Prods. Co., 141 B.R. at 576. See also Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 735 (7th Cir. 1991). Moreover, as other courts have explained, unsecured creditors are entitled to relief from an automatic stay only in extraordinary circumstances. See In re Ashland Partners III, 2000 WL 329581 (Bankr. N.D. Ill. Jan. 20, 2000); In re Brown, 311 B.R. 409, 413 (Bankr. E.D. Pa. 2004); In re Tristar Auto. Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992).

10. First, Debtors are likely to suffer great prejudice if the stay is lifted. Debtors were the second largest subprime lender in the United States. They employed thousands of people that originated and serviced thousands of loans all over the country. Presently, there are more than 3000 claims filed against Debtors by various creditors with the bankruptcy court, over 100 of them linked to pre-petition or threatened litigation. Accordingly, if the Court were to grant the Motion, it would raise the specter of additional requests for stay relief by other litigants, threatening the limited resources of Debtors' estates by forcing the them to address and/or defend an incredible amount of secondary and duplicative litigation. Here, lifting the stay forces

Debtors to expend its limited cash to defend an unsecured, pre-petition claim. Despite Movant's assertion at ¶ 11 of the Motion, this is not an opportunity to "liquidate" a claim against Debtors, and potential prejudice is not mitigated by Debtors alleged submission to personal jurisdiction. Allowing the Massachusetts Action to resume will not afford the parties any particular efficiencies because the court there does not have any more experience with this case, which was filed days before the chapter 11 was commenced.

11.     Second, the balance of hardships tips in favor of Debtors. "[T]he party seeking relief from the stay must show that 'the balance of hardships from not obtaining relief tips significantly in [its] favor.'" RNI Wind Down Corp., 348 B.R. at 299 (quoting In re Am. Classic Voyages Co., 298 B.R. 222, 225 (Bankr. D. Del. 2003)). On the one hand, Debtors face a potential flood of duplicative, pre-petition litigation outside of the jurisdiction if the stay is lifted. Instead of focusing their resources on an orderly liquidation, Debtors will have to attend to the chaos caused by defending all of these actions. On the other hand, Movant is prevented from proceeding with the Massachusetts Action against Debtor NCMC but still has an opportunity to recover against the Estate when her claim is liquidated within the bankruptcy proceeding. Indeed, Movant has already availed herself of the bankruptcy claims process by filing two separate proofs of claim, for $3 million each, based on the same pre-petition occurrences. Thus, the hardship on the Movant not only falls far short of considerably outweighing the hardship on the Debtors, but is virtually non-existent.

12.     Third, it is not likely that Movant will prevail on the merits of her case. Debtors have not filed formal denials to the claims in Movant's Complaint, as they were not properly served. Nor has any discovery taken place. Given the scant recitation of facts (most favorable to her position) and the utter lack of evidence in support of this motion, Movant's

demand for a total of $6 million seems far fetched. And, contrary to the assertion made in ¶ 11 of the Motion, the facts alleged are subject to serious dispute and will be vigorously contested. In fact, Movant's allegations will not stand when tested when adjudicated. Accordingly, the Movant has failed to establish a likelihood of success on the merits.

### CONCLUSION

As the Movant has failed to meet the burden of establishing "cause" under section 362(d)(1), the Debtors respectfully request that the Motion be denied.

Dated:    November 1, 2007
              Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Natausha A. Wilson
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION