**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| A Delaware corporation, et al.,[1] | ) | (Jointly Administered) |
| | ) | Re: Dkt No. 3319 |
| Debtors | ) | **Hearing Date: November 6, 2007** |
| | ) | **@ 1:30 p.m.** |
| | ) | **Objection Deadline: extended to** |
| | ) | **November 2, 2007** |

**COMMITTEE'S OBJECTION TO MOTION OF JOSEPH & LAVON TAYLOR, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, FOR AN ORDER: (A) ENLARGING THE BAR DATE; AND (B) GRANTING LEAVE TO FILE A CLASS PROOF OF CLAIM**

**TO THE HONORABLE KEVIN J. CAREY**
**UNITED STATES BANKRUPTCY JUDGE**:

The Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc. ("New Century") and the other debtors herein (collectively, the "Debtors"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP for its objection to the Motion of Joseph & Lavon Taylor, Individually and on Behalf of Others Similarly Situated, for an Order: (A) Enlarging the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Bar Date; and (B) Granting Leave to File a Class Proof of Claim (the "Motion"), respectfully states as follows:

## Background

1.	On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware. The Debtors have been continued in the management and operation of their businesses and properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in these cases.

2.	On April 9, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' cases. The Committee is presently comprised of the following members: Fidelity National Information Services, Inc., Wells Fargo Bank, N.A., Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties-Park Place, LLC. Kodiak Funding LP serves as an ex-officio member of the Committee. Hahn & Hessen LLP and Blank Rome LLP serve as co-counsel to the Committee and the firm of FTI Consulting serves as its financial advisors.

3.	On June 28, 2007, this Court set the claims bar dates in this case as August 31, 2007 (the "Bar Date") for all general unsecured claims and October 2, 2007 (The "Government Bar Date") for all governmental claims. The order fixing the bar date specifically provides that "any entity that is required to file a proof of claim in these chapter 11 cases . . . but that fails to properly do so by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution" (the "Bar Date Order").

4.	On July 2, 2007, XRoads Case Management Services, LLC ("XRoads"),

the Debtors' official claims agent, sent Joseph Taylor and Lavon Taylor ("Movants") the notice of the Bar Date and the Government Bar Date (the "Notice of Bar Date"), with a copy to their attorney of record, Fransen & Hardin.  Neither of the Movants nor their counsel filed a proof of claim before the Bar Date, nor did they timely request an extension of such deadline.

5. On October 8, 2007, Movants filed a proof of claim, which was docketed as Claim No. 3507 (the "Claim").

**Taylor Motion**

6. The Movants assert that they have a claim against Home 123 Corp. based on their allegations that Home 123 Corp. improperly charged document preparation fees in connection with home mortgage transactions in the state of Missouri and that pursuant to the applicable law in Missouri, only an attorney can collect such fees.  Movants assert that they commenced a lawsuit in the Circuit Court for St. Louis County in the State of Missouri against Home 123 Corp. (the "Taylor Action") on December 22, 2005, which action has been stayed by the Debtors' bankruptcy.  Although the Taylor Action was filed as a class action on behalf of the Movants and others similarly situated, the Taylor Action has not yet been certified as a class action by the Missouri state court.

7. The Movants argue that the Court should enlarge their time to file the Claim and deem the Claim timely filed because the failure to file the Claim prior to the Bar Date was due to an inadvertent oversight by the Movants, who misread the Notice of Bar Date, and by counsel for the Movants, who relied on his clients to know the correct Bar Date.  The Movants assert that such inadvertence constitutes "excusable neglect" sufficient to warrant this Court's entry of an order deeming the Claim timely filed.

8. The Movants further request that the Court allow the Claim to be filed as a class proof of claim. Although the Taylor Action on which the Claim is based has not yet been

certified as a class action by the Missouri State Court, Movants are asking this Court to allow the claim to be filed as a class claim on the basis that they will seek class certification at some later time.

**Argument**

I. **The Movants' Failure to Timely File a Proof of Claim Was Not the Result of Excusable Neglect**

9. Federal Bankruptcy Rule 3003(c)(3) provides, in pertinent part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Federal Bankruptcy Rule 9006(b)(1) provides, in part, that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done <u>where the failure to act was the result of excusable neglect</u>." [Emphasis added]

10. Courts have long recognized that the bar date is critically important to the administration of a successful chapter 11 case, and the reorganization process. <u>See</u> <u>In re Keene Corp.</u>, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Thus, the burden of proving "excusable neglect" is on the party seeking to enlarge the time to file a claim. <u>See</u> <u>In re Continental Airlines, Inc.</u>, 171 B.R. 187, 239 (Bankr. D. Del. 1994), <u>aff'd</u>, <u>In re Continental Airlines, Inc.</u>, 1995 U.S. Dist. LEXIS 17671 (D. Del. 1995); <u>see</u> <u>also</u> <u>Keene</u>, 188 B.R. at 907 (a creditor may "file a late claim if it demonstrates that its failure to file a timely claim was due to 'excusable neglect'"); <u>In re R.H. Macy & Co., Inc.</u>, 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993).

11. In <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993) the United States Supreme Court set the standard for excusable neglect. In <u>Pioneer</u>, the Supreme Court stated that the determination of whether "excusable

neglect" exists for purposes of Rule 9006(b)(1) is

> an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.

Id. at 595.[2]

12.     Bankruptcy courts in Delaware have consistently applied these four factors when considering motions to extend the time to file a claim. The courts have noted that "[a]ll factors must be considered and balanced; no one factor trumps the others." In re Garden Ridge Corp., 348 B.R. 642, 645 (Bankr. D. Del 2006).  Application of the Pioneer factors to the case at hand weighs heavily against allowance of the Claim and, thus, the Movants have failed to satisfy their burden of proving excusable neglect.

**A.     The Reason for the Delay is Not Excusable**

13.     The Movants acknowledge that they received the Notice of the Bar Date from Xroads. They simply did not read it carefully. Moreover, Movants' attorney, whose firm also received the Notice of the Bar Date, apparently did not bother to read the Notice of Bar Date at all but rather, as explained in the Motion, chose to rely "solely on his clients' understanding of the applicable Bar Date." See Motion, paragraph 13. It is surprising that Movants' attorney would choose to depend on his clients, which clients such attorney now describes in the Motion as "unsophisticated consumers with no prior experience with legal proceedings," for this

---

[2] In Pioneer, the Supreme Court found that excusable neglect did exist. However, in assessing the culpability of the attorney that neglected to timely file proofs of claim, the Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." Id. at 398. The Court based its decision largely on the fact that the notice of bar date was inconspicuously placed within a notice of a meeting of creditors. Id. It has been noted that, as with the present case, "had the bar date notice in Pioneer been separate and conspicuous, as it is in the usual chapter 11 case, the language in Pioneer equally supports the conclusion that the Supreme Court would have reached the opposite result." See In re Keene Corp., 188 B.R. 903, 909 (Bankr. S.D.N.Y. 1995).

important information.  See Motion, paragraph 13.  Although this conduct is neglectful conduct on the part of the Movants and their attorney, it clearly is not "excusable". See  Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.), 405 F.3d 127, 134 (3d Cir. 2005) ("We rely, however, primarily on the third Pioneer factor. Specifically, we conclude that the delay in this case was entirely avoidable and within Hefta's control. Delay was the direct result of the negligence of Hefta's counsel in failing to review the Notice sent to him by Logan."); see also  In re Au Coton, Inc., 171 B.R. 16 (S.D.N.Y. 1994) (late proof of claim was properly disallowed by Bankruptcy Court because simple carelessness on part of attorney did not constitute excusable neglect).

14. The Movants provide no legitimate basis to justify a finding that their neglect is excusable.  Although the Movants do not contest that proper notice of the Bar Date was received, they do attempt to justify their neglect by suggesting that notice to the Movants and their attorney of record, Joe Jacobson of Greene, Jacobson and Butsch, P.C., was insufficient and that the Debtors should have specifically sent notice to David Butsch, who is allegedly the attorney within Greene, Jacobson and Butsch, P.C. currently representing the Movants in the Taylor Action.  This argument merely highlights the neglectful conduct on the part of Movants and their counsel.  Clearly aware of the bankruptcy filing, as is evidenced by the letter sent to Debtors' counsel in May 2007, Movants' attorney never filed a notice of appearance in the bankruptcy case.  Moreover, Movant's counsel apparently knew that the Notice of the Bar Date had been served, but never asked his clients to send him a copy of such notice or make any efforts to obtain a copy of such notice, instead choosing to rely on his "unsophisticated" clients to read the notice and convey the pertinent information.   If the Court were to enlarge the time for the Movants to assert their Claim based upon the poor showing they have made of excusable

neglect, the Bar Date Order might as well be deemed meaningless since virtually any late creditor can assert the same excuse.

**B.     The Equities Weigh in Favor of Denying the Motion**

15.     The Pioneer decision requires a court determining whether to deem an untimely proof of claim timely filed to consider the danger of prejudice to the debtor were the claim to be allowed.  In the present case, the Debtors' estates will be prejudiced if the Claim is deemed timely filed.  The Debtors have been working diligently with the Committee to develop a Chapter 11 plan in this case and are on schedule to file such plan by year-end.  The parties are developing a plan based on their analysis of the claim pool that existed as of the expiration of the Bar Date.  The Committee submits that it would be inequitable and detrimental to the unsecured creditors who timely filed their claims against the Debtors to impede the plan process by allowing the Movants' untimely Claim.  Indeed, if the Court allows a late filed claim based on the facts of mere negligence alleged by Movants, there may be numerous additional requests for leave to file late claims, causing delay in preparing and filing a plan of liquidation as the claims pool will become a moving target.

16.     The Third Circuit, citing to Keene Corp., 188 B.R. at 903, stated that there are "several factors to consider in a Pioneer prejudice analysis, including: the size of the claim with respect to the rest of the estate; whether allowing the late claim would have an adverse impact on the judicial administration of the case . . . the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; and whether allowing the claim would open the floodgates to other similar claims."  In re O'Brien

Environmental Energy, Inc., 188 F.3d 116, 126 (3rd Cir. 1999)**3**.  The Keene Court stated that, as "[r]eaching a consensual resolution has been slow, contentious and difficult to achieve[,]" it was "loath to introduce any element, particularly a creditor with a substantial claim, into the mix which may upset it." 188 B.R. at 912-13.  Similarly, in the present case, the allowance of the Movants' Claim, which can potentially be a class claim, and potentially millions of dollars of other tardy claims, supports a finding that the Debtors will be prejudiced if the Motion is granted.  In contrast, there has been no showing of prejudice to the Movants, who appear to have other remedies available to pursue on their Claim.

17. As stated in In re Rainbow Trust, 179 B.R. 51, 55-56 (Bankr. D. Vt. 1995),

> [a]llowance of [a late claim] will prejudice those creditors who filed on time, because it adds even more uncertainty to an already difficult case, and changes expectations of the parties that were fixed . . . months before [a creditor] filed its proof of claim.  Those expectations provided the structure within which the parties negotiated, formulated strategy, and made choices about how to act.  Allowance of late-filed claims changes the game in the middle, after the players who sat down on time have already drawn their cards. . . . A finding of excusable neglect here would be tantamount to reading "excusable" out of the rule . . . and allowing any creditor to file any time it got around to it.  That would make negotiation and accommodation difficult, and the prospect for plan confirmation far more remote.

Allowing the Movants to file a late claim based on excusable neglect would in essence be reading "excusable" out of the rule and could open the floodgates for every claimant who misreads the Notice of Bar Date or whose attorney carelessly chooses not to read it at all.

---

3   Although the Third Circuit in O'Brien allowed for the filing of a late claim, the facts of that case are distinguishable from the instant case.  The Court in O'Brien found no prejudice in light of the facts that the debtor had been aware of the claim, had not contested its existence, had seemingly planned to pay it, and had provided in its Plan an indefinite "pot" of reserves to pay creditors. In re O'Brien Environmental Energy, Inc., 188 F.3d at 128.  None of these facts exist in the present case.

If this degree of neglect were to be found excusable, it is difficult to conceive of any claimants who would not be able to get a late claim filed under the shield of excusable neglect. For these reasons, the Committee submits that the Debtors and their creditors who timely filed claims would be unfairly prejudiced were the Movants' claim to be deemed timely filed.

18. The Pioneer Court further held that an "excusable neglect" determination should include the consideration of the length of the delay and its potential impact on the judicial proceedings. As stated above, the Bar Date in the present case was August 31, 2007. The Movants did not file their Claim until October 8, 2007. Even in Pioneer, where the creditor received unclear and inconspicuous notice of the bar date, a proof of claim was submitted only twenty days after the bar date. In the present case, given the delay in filing the Claim and the adverse impact allowance of the claim could have on the Debtors' proceedings, the Court should deny the Motion.

19. In conclusion, application of the Pioneer factors makes it clear that the Movants cannot prove that failure to timely file a proof of claim was the result of excusable neglect. Although the weight of the prejudice factors appear less obvious than the weight of the reason for the delay, the totality of the factors undoubtedly require denial of the Motion. As stated in PacifiCorp v. W.R. Grace & Co.

> [m]ost significantly, Appellants have not presented the Court with sufficient reasons for filing their claims after the Bar Date . . . . Weighing in Appellants favor is that: Appellants' claims are arguably minimal in the context of the size of the estate; Appellees have not alleged with specificity that additional creditors will come forward if the Court were to allow Appellants' claims; Appellants filed their late claims before the confirmation date; and, Appellants acted in good faith. The Court concedes that this case is a close call, with some factors weighing in favor of Appellees and some factors weighing in favor of Appellants. However, Appellants bear

>the burden of establishing excusable neglect, and considering the totality of the circumstances, the Court finds that Appellants have not done so in this case.

2006 U.S. Dist. LEXIS 57470, 48-52 (D. Del. 2006).  Much like the appellants in Pacificorp, the Movants have failed to establish excusable neglect for filing their Claim after the Bar Date.  The fact that the Movants and their counsel of record received the Notice of the Bar Date and failed to file a claim constitutes neglect.  The Movants have failed to satisfy their burden of proving this neglect to be excusable.[4]

## II.     The Movants Fail to Demonstrate Entitlement to Class Certification

20.     The Committee acknowledges that many courts, including this Court, have recognized that it is within the bankruptcy courts' discretion to certify a class claim if such claim satisfies the elements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  However, in this case, the Movants have not obtained class certification in the Missouri state court in which the Taylor Action is pending nor are the Movants asking this Court to certify its claim.  Therefore,  the Movants have not even attempted to demonstrate that the contested matter on which its claim is based satisfies the necessary elements under Rule 23.  Accordingly, at this time there is no basis on which to allow the Movants to file their Claim as a class claim and the Committee requests that the Court deny the Movants' request for same.

---

[4]    The Committee does not believe it is necessary to address the issue of whether the Movants acted in good faith.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Motion and grant such other and further relief as it deems just and proper.

Dated: Wilmington, DE
       November 2, 2007

                        BLANK ROME LLP

                        By: */s/ Bonnie Glantz Fatell*
                            Bonnie Glantz Fatell (No.3809)
                            Regina Stango Kelbon
                            1201 Market Street, Suite 800
                            Wilmington, Delaware  19801
                            (302) 425-6400 - Telephone
                            (302) 425-6464 - Facsimile

                              - and -

                        HAHN & HESSEN LLP
                        488 Madison Avenue
                        New York, New York 10022
                        (212) 478-7200 - Telephone
                        (212) 478-7400 - Facsimile
                        Attn:  Mark S. Indelicato
                              Mark T. Power
                              Janine M. Cerbone

                        Co-Counsel to the Official Committee
                        of Unsecured Creditors of New Century TRS
                        Holdings, Inc., *et al.*