## EXHIBIT A

1074878.2

EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, | : | |
| INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | |

## STIPULATION REGARDING COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

This stipulation ("Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California Corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors") and Countrywide Home Loans, Inc. ("Countrywide" or the "Movant"), by their respective counsel.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a/ NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## RECITALS

WHEREAS Countrywide commenced a civil action currently pending in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada Court") styled Countywide Homes Loans Inc. vs. William Alexander Vinson, New Century Mortgage Corporation, et. al., Case No. A522212 (the "Nevada Litigation"). The Nevada Litigation is currently pending, subject to the automatic stay, in the Nevada Court.

WHEREAS on December 1, 2006, Countrywide filed a motion for leave to amend the complaint in the Nevada Litigation to add New Century Mortgage Corporation ("NCMC") as a party to the Nevada Litigation, which motion was subsequently granted.

WHEREAS NCMC tendered its defense of the Nevada Litigation to its title insurer, who undertook such defense and hired counsel to appear in the Nevada Litigation.

WHEREAS on April 2, 2007, the Debtors, including NCMC, commenced these cases by filing voluntary petitions under title 11 of the United States Code, 11 U.S.C. § 101-1532, (as amended, the "Bankruptcy Code").

WHEREAS on October 9, 2007, Countrywide filed a motion requesting relief from the automatic stay to protect its interests in the Nevada Litigation (Docket No. 3249) (the "Motion").

WHEREAS on November 1, 2007, the Debtors filed their response to the Motion (Docket No. 3595) (the "Response").

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Stipulation, through their respective counsel, as follows:

1074878.2

## AGREEMENT

1. The automatic stay is hereby modified and lifted to permit Movant to bring the Nevada Litigation to final judgment, or settlement, and collection of the same. Movant maintains the right to receive and effect any ~~equitable~~ judgment *[for equitable relief]* against Debtor NCMC in the Nevada Litigation, including, but not limited to the reinstatement and prioritization of liens upon a determination of the merits of Movant's claims in the Nevada Litigation and the availability of such equitable remedy given Debtor NCMC's actual interest in the property at issue. Movant hereby agrees that collection of any monetary judgment or settlement in the Nevada Litigation as against Debtor NCMC, its fellow Debtors, or any of their agents, affiliates, or successors-in-interest holding the loan at issue, shall be limited to any available title insurance proceeds, less any self insured retention or deductible, up to the limits of the applicable insurance policy.

2. To the extent that a judgment or settlement of the Nevada Litigation is not fully satisfied by available insurance proceeds, Movant hereby agrees that it will not seek in any manner to receive distribution of money from Debtor NCMC's estate, the estates of fellow Debtors, or any of their agents, affiliates, successors-in-interest, or future holders of the loan at issue. But in any and all events Movant shall be limited, in respect to any monetary judgment against Debtor NCMC or any monetary settlement of the Nevada Litigation, to recovery from available insurance proceeds.

3. NCMC hereby agrees that to the extent Movant receives a monetary judgment against NCMC in the Nevada Litigation, the Debtors will not interfere with Movants attempts to collect from the insurer. NCMC further agrees that, if necessary, it will send a copy of this Stipulation to the insurer and inform them that pursuant to the

terms of this Stipulation any insurance payment made in respect of a judgment may be made directly to Movant. Debtors further agree that, with respect to any attempt by Movant to recover insurance proceeds, upon request, the Debtors shall comply with reasonable requests for documents from Movant if the Debtors, who are currently liquidating Chapter 11 Debtors, have ready access to such documents.

4.      Movant hereby agrees that it shall not file any additional proofs of claim or any other actions relating to the Nevada Litigation seeking payment from Debtor NCMC, its fellow Debtors or any of their agents, affiliates, successors-in-interest, or future holders of the loan at issue, except to the extent of applicable title insurance as provided herein.

5.      Nothing stated herein shall be deemed as a waiver of modification of the terms and conditions of any applicable insurance policy held by Debtor NCMC, its fellow Debtors in these bankruptcy proceedings, or any successors-in-interest or future holders of the loan at issue.

6.      Debtor NCMC preserves all defenses available at law or equity in the Nevada Litigation.

7.      Nothing stated herein shall affect: (a) the rights of the parties to prosecute or defend against the merits of the allegations asserted in the Nevada Litigation; (b) the rights of Debtor NCMC to seek contribution or indemnification from any party; or (iii) any other claims, rights or defenses between the parties unrelated to the Nevada Litigation.

8.      Except as expressly provided herein, the parties reserve all of their rights, and any and all issues and disputes are hereby preserved, in connection with the Motion.

1074878.2

9.      The Court shall retain jurisdiction over any such issues and disputes.

10.     This Stipulation shall be effective and enforceable immediately upon approval by the Court, and any stay otherwise imposed by Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived.

11.     This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all parties hereto.  Any such modification, alteration, amendment, or vacation in whole or in part shall be subject to the approval of this Court.

12.     This Stipulation is the entire agreement between the parties with respect of the subject matter hereof, and may be signed in counterpart originals.

**STIPULATED AND AGREED**

November __, 2007

Mark D. Collins (No. 2891)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
                    - and -

Suzzane S. Uhland
Natausha A. Wilson
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
(415) 984-8700

*Attorneys for Debtors and Debtors
In Possession*

10748/8.2

AND

November 6, 2007

EDWARDS ANGELL PALMER
& DODGE, LLP

William E. Chipman, Jr. (I.D. #3818)
Paul D. Brown (I.D. #3903)
919 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone:  (302) 425-7124
Facsimile:  (302) 777-7263

*Attorneys for Countrywide Home
Loans, Inc.*

1074878.2