# **EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |

### ORDER APPROVING STIPULATION BETWEEN DEBTORS AND DAVIES PACIFIC LLC PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

Upon review and consideration of the Stipulation to Between New Century Mortgage Corporation and related debtors (collectively, the "Debtors") and Davies Pacific LLC providing for the Effective Date of Rejection of Unexpired Lease and Payment of Lease Obligations and Related Relief, and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. The Stipulation attached hereto as <u>Exhibit A</u> is hereby approved.

2. The rejection of the Lease as reflected in the Stipulation is effective as of July 31, 2007.

Date: _____, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |

### STIPULATION BETWEEN DEBTORS AND DAVIES PACIFIC LLC PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

The parties to this stipulation are New Century Mortgage Corporation and related debtors (collectively, the "Debtors") and Davies Pacific LLC (the "Landlord"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, New Century Mortgage Corporation ("NCMC" or the "Tenant"), as tenant, and Davies Pacific LLC, as landlord, entered into the Davies Pacific Center Honolulu, Hawaii Office Lease commencing on or about November 1, 2003 (the "Lease") pursuant to which New Century was a tenant in the Landlord's real property at 841 Bishop Street, Honolulu, Hawaii 96813 (Suite nos. 725, 727, 750, 2001 and 2025) (the "Premises").

WHEREAS, Under the Lease, rent is due the first day of each month during the Lease term, which Lease term expires November 1, 2008.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

RLF1-3216211-2

WHEREAS, on June 20, 2007, the Debtors filed their Notice of Rejection of Unexpired Lease of Non-Residential Real Property (D.I. 1396) (the "Notice of Rejection"). Pursuant to the Notice of Rejection and the Order Pursuant To Section 365 And 554 Of The Bankruptcy Code (A) Authorizing And Approving The Rejection Of Certain Unexpired Leases Of Nonresidential Real Property And (B) Authorizing And Approving Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) ten (10) days after the Notice of Rejection was served or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to Landlord.

WHEREAS, a dispute has arisen between the Debtors and the Landlord regarding, *inter alia*, the effective date of rejection of the Lease and the amount of post-petition obligations due and owing Landlord.

WHEREAS, the Debtors and the Landlord hereby enter into this stipulation to resolve the dispute upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing the Debtors to enter into this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1. Upon entry by the Court of an order approving this stipulation, the rejection of the Lease as reflected in the Agreement is effective as of July 31, 2007. The sole remaining 11 U.S.C. § 503 administrative obligation of the Debtors to the Landlord shall be $33,175.19 for the balance of the rent and related expenses owing (the "Remaining Obligation"). Any and all other payments due under the lease, including but not limited to the cost of removing any abandoned personal property, shall not be granted administrative priority. The Remaining Obligation will be paid by the Debtors to the Landlord within five (5) days after the entry of an order approving the Stipulation.

2.    The Debtors have determined that the value of the personal property remaining at the Premises has a *de minimis* value or the cost of removing the property exceeds the value of such property and therefore any remaining personal property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of July 31, 2007.

3.    This stipulation contains the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

4.    The Landlord shall have forty-five (45) days from the entry of an order by the Court approving this stipulation to file a rejection damages claim.

5.    The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

6. The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation and the Agreement.

Dated: November 12, 2007

*[signature]*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: November 12, 2007

*[signature]*

Eric M. Sutty (No. 4007)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4237

Attorneys for Davies Pacific LLC