## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,*[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: December 4, 2007** |

## THIRD MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2007 THROUGH JUNE 30, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | June 1, 2007 through June 30, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $561,235.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $20,399.19 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 6/1/07-6/30/07: | $448,988.00 (Holdback: $112,247.00) |
| 100% OF DISBURSEMENTS: | $20,399.19 |
| TOTAL DUE: | $469,387.19 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 11.20 | $7,280.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 124.10 | $77,562.50 |
| Mark T. Power | Partner (1989) | $625.00 | 181.60 | $113,500.00 |
| John P. McCahey | Partner (1986) | $625.00 | 191.30 | $119,562.50 |
| Don D. Grubman | Partner (1979) | $575.00 | 65.20 | $37,490.00 |
| John P. Amato | Partner (1986) | $625.00 | 13.40 | $8,375.00 |
| Anthony Altamura | Partner (1984) | $625.00 | 8.00 | $5,000.00 |
| Janine M. Cerbone | Associate (2003) | $325.00 | 88.30 | $28,697.50 |
| Katharine G. Craner | Associate (2002) | $325.00 | 18.60 | $6,045.00 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 9.10 | $2,366.00 |
| Preetpal Grewal | Associate (2001) | $325.00 | 44.50 | $14,462.50 |
| Charles Loesner | Associate (1997) | $400.00 | 27.00 | $10,800.00 |
| Edward L. Schnitzer | Associate (1998) | $400.00 | 1.30 | $520.00 |
| Huria Naviwala | Associate (2005) | $215.00 | 20.10 | $4,321.50 |

| | | | | |
|---|---|---|---|---|
| Allison M. Croessmann | Associate (2006 | $215.00 | 56.70 | $12,190.50 |
| James P. Laughlin | Special Counsel (1989) | $625.00 | 25.70 | $16,062.50 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 45.50 | $20,475.00 |
| Maria A. Arnott | Special Counsel (1989) | $495.00 | 91.50 | $45,292.50 |
| Nicholas C. Rigano | Para Professional (N/A) | $200.00 | 44.00 | $8,800.00 |
| Jason Lane | Paralegal (N/A) | $180.00 | 101.10 | $18,198.00 |
| Kaitlin McDonagh | Paralegal (N/A) | $180.00 | 9.30 | $1,674.00 |
| Annie Power | Para Professional (N/A) | $200.00 | 12.80 | $2,560.00 |
| **Grand Totals:** | | | **1,190.30** | **$561,235.00** |
| **Blended Rate:** | | **$ 471.51** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 518.04** | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 47.00 | $16,834.00 |
| Creditors' Committee | 141.80 | $69,178.00 |
| Retentions | 24.00 | $9,972.50 |
| Executory Contracts/Leases | 4.00 | $1,377.00 |
| DIP/Investigation of Lien | 35.70 | $10,687.50 |
| Sale of Assets | 243.50 | $136,525.50 |
| Fees | 2.30 | $604.50 |
| Hahn & Hessen LLP Fees | 0.30 | 187.50 |
| Litigation | 189.20 | $93,320.50 |
| Employee Issues | 40.80 | $19,807.50 |
| Investigation of Company | 461.70 | $202,740.50 |
| **Total:** | **1,190.30** | **$561,235.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $3,019.06 |
| Travel | | $2,491.00 |
| Courier Service | Deluxe Delivery Systems, Inc. | $100.71 |
| Word Processing Overtime | | $136.50 |
| Duplicating [at 10¢ per page] | | $3,874.30 |
| Telecopy Pages [at $1.00 per page] | | $14.00 |
| Long Distance Telephone/ Conference Calls | AT&T Teleconference Services | $5,729.61 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $1,123.01 |
| Lexis | Lexis-Nexis | $3,142.20 |
| Search Fees | Pacer Service Center | $768.80 |
| **Total:** | | **$ 20,399.19** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEW CENTURY HOLDINGS, INC.,
a Delaware corporation, *et al.,*

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
Jointly Administered

**Objection Deadline: December 4, 2007**

## THIRD MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD JUNE 1, 2007 THROUGH JUNE 30, 2007

TO:   THE HONORABLE KEVIN J. CAREY,
      UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the

Court's approval of its third monthly compensation and reimbursement of expenses as co-

counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period

of June 1, 2007 through June 30, 2007 (the "Compensation Period"), and in support thereof

respectfully represents:

1.     H&H makes this third monthly application for allowance of $581,634.19

for services provided to the Committee during the Compensation Period consisting of (i) fees in

the amount of $561,235.00, and (ii) out-of-pocket expenses in the amount of $20,399.19.

## **Background**

2.    On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc.
and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for
reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").
The Debtors have continued in the management and operation of their businesses as debtors and
debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee
has been appointed in the Debtors' cases.

3.    On April 9, 2007, the United States Trustee for the District of Delaware
appointed the Committee, which is comprised of the following seven (7) members:  Wells Fargo
Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair),
Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC,
Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and
Maguire Properties – Park Place, LLC.

4.    The Committee selected the firms of Hahn & Hessen LLP and Blank
Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor
("FTI").

5.    Pursuant to an order of this Court dated May 30, 2007, a copy of which is
annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee
under a general retainer, effective as of April 9, 2007.

6.    The attorneys at H&H with primary responsibility for the representation of
the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each
of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New

York University, The Stern School of Business and a 1985 graduate of Fordham University

School of Law. Mr. Power graduated in 1985 from George Washington University and earned

his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of

efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by

Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has

particular expertise in the area of issues concerning counter-parties to financial contracts in

subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's

and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights,

with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they

are responsible for the day-to-day oversight of the case.

7.       This Monthly Fee Application is submitted in accordance with the Court's

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee

Order").

## Summary of H&H Services During the Compensation Period

8.       From the outset, these cases have been extremely active and challenging,

with a multitude of substantial motions, sales of major assets and adversary proceedings

commenced during the first few months of the case. Applicant has devoted considerable time

and attention at the inception of its retention in order to get up to speed quickly on the underlying

facts and be able to respond appropriately to the myriad of expedited matters filed in the case.

During the month of June 2007, H&H expended 1,190.30 hours in connection with its services

on behalf of the Committee. H&H submits that the services it has rendered to the Committee

have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

## (a)    General; Case Administration

9.    H&H expended 47.00 hours with respect to services under this category, for which total compensation amounts to $16,834.00. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto; review of Order appointing examiner and Ohio Attorney General's Motion. Applicant prepared for and attended several court hearings in Delaware and participated in a conference call to review reconciliation process for principal and interest payments received and payments-in-full on repo-counter parties' loans and the loans sold to whole loan purchasers; and thereafter discussed results of these hearings and conference with other parties in interest. Applicant devoted considerable time printing and reviewing production logs for various employees of the debtor. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

## (b)    Creditors' Committee

10.    H&H expended 141.80 hours with respect to services under this category, for which total compensation amounts to $69,178.00. Applicant prepared for and participated in several Committee meetings and conference calls. Applicant devoted considerable time attending to issues relating to asset sales, adequate protection and winddown budget, GECC and Carrington issues and the appointment of a fee examiner. Applicant attended several court hearings in Delaware. Applicant prepared numerous memos and e-mails to the Committee

1362167_1.DOC                                                            - 4 -

updating them on developments. Applicant further devoted considerable time researching,

drafting and finalizing a memo on 546 exceptions. Applicant also spent time attending to

general administrative and case management matters including, but not limited to, updating

service lists, calendar maintenance, reviewing bankruptcy filing materials and general file

maintenance.

### (c) **Retentions**

11.    H&H expended 24.00 hours with respect to services under this category,

for which total compensation amounts to $9,972.50. Applicant spent time reviewing various

retention applications; and prepared for and participated in numerous meetings and conference

calls regarding issues on retention of various professionals, including accountants and ordinary

course professionals.

### (d) **Executory Contracts/Leases**

12.    H&H expended 4.00 hours with respect to services under this category, for

which total compensation amounts to $1,377.00. Applicant spent time reviewing a cure

objection filed by a landlord and a motion to compel Debtor to comply with lease, and all

supporting documents and exhibits as well as the issues concerning the cure claim asserted by

Deutsche Bank National Trust.

### (e) **DIP/Investigation of Lien**

13.    H&H expended 35.70 hours with respect to services under this category,

for which total compensation amounts to $10,687.50. Applicant spent time in this category

reviewing and researching Section 546 issues/exception and drafting a memorandum regarding

same; and reviewing GECC motion to lift stay and Debtor's papers in response to motion and

drafting response to same and attending to various issues concerning the disputes with the adequate protection claimants.

## (f) Sale of Assets

14. H&H expended 243.50 hours with respect to services under this category, for which total compensation amounts to $136,525.50. Applicant spent considerable time reviewing and negotiating terms of various bids for technology assets; and attending to issues surrounding Carrington Closing, including extensive negotiations on the transition service agreements and reviewing closing documents and Subservicing Agreement. Applicant's services included researching and reviewing REIT tax issues, reviewing and revising Technology Asset Purchase Agreement, Transition Services Agreement, and Data Purchase Agreements and schedules. Applicant prepared for and attended various auctions and hearings on the sales. Applicant prepared for and participated in numerous teleconference calls on topics concerning the foregoing. Additionally, Applicant's attorneys communicated frequently through telephone conferences, e-mails and memoranda on all pending asset sales. Applicant also spent time attending to general administrative and case management matters including, but not limited to, reviewing and monitoring docket for filings.

## (g) Fees

15. H&H expended 2.30 hours with respect to services under this category, for which total compensation amounts to $604.50. Applicant's services included attention to and review of certain professionals' fee applications.

**(h)**    **Hahn & Hessen LLP Fees**

16.    H&H expended .30 hours with respect to services under this category, for which total compensation amounts to $187.50. Applicant's services included attention to and review of fee applications and detail; and prepared for and participated in discussions regarding same.

**(i)**    **Litigation**

17.    H&H expended 189.20 hours with respect to services under this category, for which total compensation amounts to $93,320.50. Applicant spent considerable time in this category attending to issues pertaining to adequate protection motion/order i.e. reviewing, researching, editing and revising same; and issues relating to reconciliation of warehouse lender claims. Applicant devoted time to working on Deutsche Bank Specialty Product litigation issues and potential settlement; and reviewing various DBNT servicing agreements. Additionally, Applicant spent time researching attorney-client privilege issues. Applicant prepared for and participated in meetings and conference calls with respect to the foregoing issues.

**(j)**    **Employee Issues**

18.    H&H expended 40.80 hours with respect to services under this category, for which total compensation amounts to $19,807.50. Applicant's services included attention to D&O Insurance issues/policies and WARN Act issues. Applicant spent time reviewing all pleadings in connection with employee class action motion to lift stay; and drafted response regarding same. Additionally, Applicant devoted time to reviewing issues on complaint filed by the Rabbi Trust plan beneficiaries; and reviewed relevant statutes, identified research issues and developed a proposed litigation strategy regarding same.

19.     Applicant prepared for and participated in several meetings and conference calls with regard to the foregoing issues.

## (k)     Investigation of Company

20.     H&H expended 461.70 hours with respect to services under this category, for which total compensation amounts to $202,740.50. Applicant's services in this category included considerable time spent reviewing and analyzing select documents provided by Debtors, including documents relating to Patti Dodge (former CFO), Brad Morrice and Gotschall. Applicant spent time reviewing issues raised at presentation by audit committee investigators and analyzing related documents; reviewing SEC filing regarding repurchase loss reserve, valuation of residuals and loss on loans held for investment; researching Securities Act and the law under Sarbanes Oxley and potential claims that could be asserted against officers and directors; researching and reviewing director and officer duties of loyalty under Maryland law, accountant/client privilege issues under California law and issues regarding document retention; and Applicant in turn prepared numerous memos regarding the foregoing. Applicant researched 10(b)5-1 stock plan and drafted a research memorandum concerning same and spent time reviewing and revising a Bankruptcy Rule 2004 application. Applicant prepared for, traveled to and attended examiner's meetings in Washington and a meeting at FTI to discuss issues relating to the examiner, Committee investigation and document production by Debtors. Applicant also had numerous communications with the Debtors' audit committee and its counsel. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to foregoing topics; and thereafter discussed results of these communications and meetings with other parties in interest.

## H&H Fees for the Compensation Period

21.     Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $561,235.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

22.     Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

23.     In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

24. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for June 2007 in the amount of $561,235.00, and payment of **$448,988.00** representing eighty percent (80%) of such compensation.

## Disbursements Incurred During the Compensation Period

25. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$20,399.19**.

26. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

27. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

1362167_1.DOC                                                                                    - 10 -

**WHEREFORE,** H&H respectfully requests that the Court enter an order

allowing compensation in the amounts set forth herein and provide such other and further relief

as may be just and equitable.

Dated:   New York, New York
         November 13, 2007

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of New Century Holdings,
Inc., *et al*. Debtors

By:   Mark T. Power
      A Member of the Firm
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400 facsimile