# EXHIBIT B

Westlaw.

26 U S C A  § 7805                                                                      Page 1
I R C  § 7805

▷

**Effective: July 22, 1998**

United States Code Annotated Currentness
   Title 26  Internal Revenue Code (Refs & Annos)
      Subtitle F  Procedure and Administration (Refs & Annos)
         Chapter 80  General Rules
            Subchapter A  Application of Internal Revenue Laws
              → **§ 7805. Rules and regulations**

**(a) Authorization.**--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

**(b) Retroactivity of regulations.--**

   **(1) In general.**--Except as otherwise provided in this subsection, no temporary, proposed, or final regulation relating to the internal revenue laws shall apply to any taxable period ending before the earliest of the following dates:

      **(A)** The date on which such regulation is filed with the Federal Register.

      **(B)** In the case of any final regulation, the date on which any proposed or temporary regulation to which such final regulation relates was filed with the Federal Register.

      **(C)** The date on which any notice substantially describing the expected contents of any temporary, proposed, or final regulation is issued to the public.

   **(2) Exception for promptly issued regulations.**--Paragraph (1) shall not apply to regulations filed or issued within 18 months of the date of the enactment of the statutory provision to which the regulation relates.

   **(3) Prevention of abuse.**--The Secretary may provide that any regulation may take effect or apply retroactively to prevent abuse.

   **(4) Correction of procedural defects.**--The Secretary may provide that any regulation may apply retroactively to correct a procedural defect in the issuance of any prior regulation.

   **(5) Internal regulations.**--The limitation of paragraph (1) shall not apply to any regulation relating to internal Treasury Department policies, practices, or procedures.

   **(6) Congressional authorization.**--The limitation of paragraph (1) may be superseded by a legislative grant

© 2007 Thomson/West  No Claim to Orig  U.S  Govt  Works

from Congress authorizing the Secretary to prescribe the effective date with respect to any regulation

**(7) Election to apply retroactively.**--The Secretary may provide for any taxpayer to elect to apply any regulation before the dates specified in paragraph (1).

**(8) Application to rulings.**--The Secretary may prescribe the extent, if any, to which any ruling (including any judicial decision or any administrative determination other than by regulation) relating to the internal revenue laws shall be applied without retroactive effect.

**(c) Preparation and distribution of regulations, forms, stamps, and other matters.**--The Secretary shall prepare and distribute all the instructions, regulations, directions, forms, blanks, stamps, and other matters pertaining to the assessment and collection of internal revenue.

**(d) Manner of making elections prescribed by Secretary.**--Except to the extent otherwise provided by this title, any election under this title shall be made at such time and in such manner as the Secretary shall prescribe.

**(e) Temporary regulations.**--

**(1) Issuance.**--Any temporary regulation issued by the Secretary shall also be issued as a proposed regulation.

**(2) 3-year duration.**--Any temporary regulation shall expire within 3 years after the date of issuance of such regulation.

**(f) Review of impact of regulations on small business.**--

**(1) Submissions to small business administration.**--After publication of any proposed or temporary regulation by the Secretary, the Secretary shall submit such regulation to the Chief Counsel for Advocacy of the Small Business Administration for comment on the impact of such regulation on small business. Not later than the date 4 weeks after the date of such submission, the Chief Counsel for Advocacy shall submit comments on such regulation to the Secretary.

**(2) Consideration of comments.**--In prescribing any final regulation which supersedes a proposed or temporary regulation which had been submitted under this subsection to the Chief Counsel for Advocacy of the Small Business Administration--

**(A)** the Secretary shall consider the comments of the Chief Counsel for Advocacy on such proposed or temporary regulation, and

**(B)** the Secretary shall discuss any response to such comments in the preamble of such final regulation.

**(3) Submission of certain final regulations.**--In the case of the promulgation by the Secretary of any final regulation (other than a temporary regulation) which does not supersede a proposed regulation, the requirements of paragraphs (1) and (2) shall apply; except that--

**(A)** the submission under paragraph (1) shall be made at least 4 weeks before the date of such promulgation, and

**(B)** the consideration (and discussion) required under paragraph (2) shall be made in connection with the promulgation of such final regulation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

26 U.S.C.A. § 7805                                                                                              Page 3
I.R.C. § 7805

CREDIT(S)

(Aug. 16, 1954, c. 736, 68A Stat. 917; Oct. 4, 1976, Pub.L. 94-455, Title XIX, § 1906(b)(13)(A), 90 Stat. 1834; July
18, 1984; Pub.L. 98-369, Div. A, Title I, § 43(b), 98 Stat. 558; Nov. 10, 1988, Pub.L. 100-647, Title VI, § 6232(a),
102 Stat. 3734; Nov. 5, 1990, Pub.L. 101-508, Title XI, § 11621(a), 104 Stat. 1388-503; July 30, 1996, Pub.L. 104-
168, Title XI, § 1101(a), 110 Stat. 1468; July 22, 1998, Pub.L. 105-206, Title III, § 3704, 112 Stat. 777.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1954 Acts. House Report No. 1337, Senate Report No. 1622, and Conference Report No. 2543, see 1954 U.S. Code
Cong. and Adm. News, p. 4588

1976 Acts. House Report Nos. 94-658 and 94-1380, Senate Report No. 94-938, and House Conference Report No.
94-1515, see 1976 U.S. Code Cong. and Adm. News, p. 2897.

1984 Acts. House Report No. 98-432, House Conference Report No. 98-861, Statements by Legislative Leaders, and
Two Related Reports, see 1984 U.S. Code Cong. and Adm. News, p. 697.

1988 Acts. Senate Report No. 100-445, and House Conference Report No. 100-1104, see 1988 U.S. Code Cong. and
Adm. News, p. 4515.

1990 Acts. House Report No. 101-881 and House Conference Report No. 101-964, see 1990 U.S. Code Cong. and
Adm. News, p. 2017.

1996 Acts. House Report No. 104-506, see 1996 U.S. Code Cong. and Adm. News, p. 1143

1998 Acts. House Conference Report No. 105-599, see 1998 U.S. Code Cong. and Adm. News, p. 297.

Amendments

1998 Amendments. Subsec. (d). Pub.L. 105-206, § 3705, struck out "by regulations or forms" before "'prescribe.'".

1996 Amendments. Subsec. (b). Pub.L. 104-168, § 1101(a), amended subsec. (b) generally. Prior to amendment
subsec. (b) read as follows: "The Secretary may prescribe the extent, if any, to which any ruling or regulation,
relating to the internal revenue laws, shall be applied without retroactive effect."

1990 Amendments. Subsec. (f). Pub.L. 101-508, § 11621(a), substituted "Review of impact of regulations on small
business" for "Impact of regulations on small business reviewed" as the subsection heading and, in text, substituted
provisions covering a more detailed and expanded procedure for a review of regulations by the Chief Counsel for
Advocacy of the Small Business Administration for the former provisions which had directed simply that after the
publication of any proposed regulation by the Secretary and before the promulgation of any final regulation by the
Secretary which did not supersede a proposed regulation, the Secretary had to submit such regulation to the
Administrator of the Small Business Administration for comment on the impact of such regulation on small
business, with the Administrator having 4 weeks from the date of submission to respond.

1988 Amendments. Subsecs. (e), (f). Pub.L. 100-647 added subsecs. (e) and (f).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

1984 Amendments. Subsec. (d). Pub.L. 98-369 added subsec. (d).

1976 Amendments. Pub.L. 94-455 struck out "or his delegate" following "secretary" wherever appearing.


Effective and Applicability Provisions

1996 Acts. Section 1101(b) of Pub.L. 104-168 provided that: "The amendment made by subsection (a) [amending this section] shall apply with respect to regulations which relate to statutory provisions enacted on or after the date of the enactment of this Act [July 30, 1996]."

1990 Acts. Section 11621(b) of Pub.L. 101-508 provided that: "The amendment made by subsection (a) [amending subsec. (f) of this section] shall apply to regulations issued after the date which is 30 days after the date of the enactment of this Act [Nov. 5, 1990]."

1988 Acts. Section 6232(b) of Pub.L. 100-647 provided that: "The amendments made by this section [enacting subsecs. (e), (f) of this section] shall apply to any regulation issued after the date which is 10 days after the date of the enactment of this Act [Nov. 10, 1988]."

1984 Acts. Amendment by Pub.L. 98-369 applicable to taxable years ending after July 18, 1984, see section 44 of Pub.L. 98-369, set out as a note under section 1271 of this title.

1976 Acts. Amendment by section 1906(b)(13)(A) of Pub.L. 94-455 effective the first day of the first month which begins more than 90 days after Oct. 4, 1976, see section 1906(d) of Pub.L. 94-455, set out as a note under section 6013 of this title.


Internet Availability of Documents

Section 2003(d) of Pub.L. 105-206 provided that: "In the case of taxable periods beginning after December 31, 1998, the Secretary of the Treasury or the Secretary's delegate shall establish procedures for all tax forms, instructions, and publications created in the most recent 5-year period to be made available electronically on the Internet in a searchable database at approximately the same time such records are available to the public in paper form. In addition, in the case of taxable periods beginning after December 31, 1998, the Secretary of the Treasury or the Secretary's delegate shall, to the extent practicable, establish procedures for other taxpayer guidance to be made available electronically on the Internet in a searchable database at approximately the same time such guidance is available to the public in paper form."

[Provisions of this note, enacted by section 2003 of Pub.L. 105-206, effective July 22, 1998, see section 2003(f) of Pub.L. 105-206, set out as a note under section 6061 of this title.]

CROSS REFERENCES

    Civil remedies for satisfaction of unpaid fine, see 18 USCA § 3613
    Departmental regulations, see 5 USCA § 301.

LAW REVIEW COMMENTARIES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Accuracy-related penalties: A question of values  Richard J. Wood, 76 Iowa L.Rev. 309 (1991).

Can the IRS overrule the Supreme Court? 45 Emory L.J. 987 (1996).

*Chevron's* reduced domain: Judicial review of treasury regulations and revenue rulings after *Mead.* John F Coverdale, 55 Admin.L.Rev 39 (2003).

Congressional diversions: Legislative responses to the estate valuation freeze. Wayne M. Gazur, 24 U.S.F.L Rev 95 (1989).

Court review of tax regulations and revenue rulings in the Chevron era. John F. Coverdale, 64 Geo.Wash.L.Rev. 35 (1995).

Does the Internal Revenue Service have a duty to treat similarly situated taxpayers similarly? Christopher M. Pietruszkiewicz, 74 U. Cin. L. Rev. 531 (2005)

Emerging standards for judicial review of IRS revenue rulings. Linda Galler, 72 B.U.L.Rev. 841 (1992)

Phantom tax regulations: The curse of spurned delegations. Phillip Gall, 56 Tax Law. 413 (2003).

Retroactivity: The case for better regulation of federal tax regulators. Toni Robinson, 48 Ohio St.L.J. 773 (1987).

Tax transitions, opportunistic retroactivity, and the benefits of government precommitment. Kyle D. Logue, 94 Mich.L.Rev. 1129 (1996)

The "5 percent probability test" for annuity trusts. Conrad Teitell, 214 N.Y L. J. 3 (Sept. 25, 1995).

LIBRARY REFERENCES

American Digest System

    Internal Revenue ⟜3038 to 3052.

    Key Number System Topic No. 220.

Corpus Juris Secundum

    CJS Internal Revenue § 10, Administrative Rules and Regulations.

RESEARCH REFERENCES

ALR Library

170 ALR, Fed. 447, Taxpayer's Assertion of Equitable Estoppel Against IRS Based on Actions of Agency.

126 ALR, Fed. 347, What Constitutes "Interpretative Rule" of Agency So as to Exempt Such Action from Notice Requirements of Administrative Procedure Act (5 U.S.C.A. § 553(B)(3)(a))

© 2007 Thomson/West. No Claim to Orig U.S Govt Works

48 ALR. Fed. 187, What is "Business League" Entitled to Federal Tax Exemption Under § 501(C)(6) of Internal Revenue Code of 1954 (26 U.S.C.A. § 501(C)(6))

11 ALR. Fed. 940, Valuation for Federal Estate or Gift Tax Purposes of Shares in Open-End or Mutual Fund Investment Company

174 ALR 1373, Federal Tax Liens

159 ALR 209, Admissibility and Weight of Evidence Based on Scientific Test for Intoxication or Presence of Alcohol in System.

Encyclopedias

Am. Jur. 2d Bankruptcy § 1487, Presumptions and Proof.

Am. Jur. 2d Pensions and Retirement Funds § 135, Retroactive Disqualification.

Forms

Federal Procedural Forms § 43:5, Procedural Guide -- Rulemaking Procedure.

9 West's Federal Forms § 14027, Declaratory Judgment Proceedings -- Qualification of Certain Organizations and Retirement Plans for Tax-Exempt and for Private Foundation Status.

1 West's Legal Forms DIV. I § 2.2, Administrative Sources of Tax Laws.

8B West's Legal Forms § 8.4, Service Requirements for Participation.

8B West's Legal Forms § 11.5, Amendment After Initial Qualification.

9B West's Legal Forms § 28:1, Introduction.

Treatises and Practice Aids

Bankruptcy Service Lawyers Edition § 26:84, Text of Statute.

Bankruptcy Service Lawyers Edition § 26:85, Legislative History.

Casey Federal Tax Practice § 1:30, Office of Chief Counsel -- Associate Chief Counsel (Technical) -- Legislation and Regulations Division.

Casey Federal Tax Practice § 6:24, Determinations Not Involving Statutory Deficiencies -- Commissioner's Discretion.

Casey Federal Tax Practice § 8:06, Statutes and Rules Involved; Relevance of Evidence.

Casey Federal Tax Practice § 8:152.10, Retroactive Effect of Decision.

Federal Procedure, Lawyers Edition § 48:157, Revocation or Modification of Ruling or Determination Letter;

Notice to Taxpayer -- Retroactivity

Mertens: Law of Federal Income Taxation § 1:6, Treasury Regulations

Mertens: Law of Federal Income Taxation § 3:37, Temporary Regulations

Mertens: Law of Federal Income Taxation § 3:38, Proposed Regulations

Mertens: Law of Federal Income Taxation § 3:61, Regulations

Mertens: Law of Federal Income Taxation § 4:15, Retroactivity

Mertens: Law of Federal Income Taxation § 22:67, Short Sales

Mertens: Law of Federal Income Taxation § 26:02, Legislative History

Mertens: Law of Federal Income Taxation § 34:86, Historical Development

Mertens: Law of Federal Income Taxation § 60:18, Application of Estoppel Against Government

Mertens: Law of Federal Income Taxation § 60:24, Estoppel of Government by Private Letter Rulings

Mertens: Law of Federal Income Taxation § 25B:47, Decreases in Accrued Benefits

Mertens: Law of Federal Income Taxation § 30:122, Computation of Taxable Income Under Percentage-Of-Taxable-Income Method

Mertens: Law of Federal Income Taxation § 34:246, Expenditures to Influence Political Campaigns

Mertens: Law of Federal Income Taxation § 43:179, Section 302(B) Redemption Test

Mertens: Law of Federal Income Taxation § 45D:29, Foreign Tax Redetermination

Mertens: Law of Federal Income Taxation § 47A:21, Agricultural Labor

Mertens: Law of Federal Income Taxation § 49A:02, Historical Development

Mertens: Law of Federal Income Taxation § 49A:37, Retroactivity

Mertens: Law of Federal Income Taxation § 49B:87, Conference and Practice Rules

Mertens: Law of Federal Income Taxation § 54A:64, Collection of Taxes and Discovery Incident Thereto

Mertens: Law of Federal Income Taxation § 25B-1:04, Retroactive Revocation

Norton Bankruptcy Law and Practice 2d § 522, Exemptions

Norton Bankruptcy Law and Practice 2d § 46:18, Retirement Accounts

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

Social Security Law and Practice § 72:2, Regulations.

West's Federal Administrative Practice § 1607, Practice Before the Internal Revenue Service -- Regulations and Rulings.

West's Federal Administrative Practice § 7022, Commencing the Case -- Debtor's Exemptions.

West's Federal Administrative Practice § 7081, Commencing the Case -- the Debtor's Exemptions.

West's Federal Administrative Practice § 7152, Commencing the Case -- the Debtor's Exemptions.

West's Federal Administrative Practice § 10267, Service Requirements for Participation -- Hours of Service Method.

West's Federal Administrative Practice § 10368, Amendment After Initial Qualification -- Retroactive Amendments

NOTES OF DECISIONS

Abuse of discretion, validity of regulations 22
Advisory opinions 11
Alteration or amendment of law, validity of regulations 23
Amendment and revocation of regulations 20
Congressional determination, force and effect 15
Consistency with statute, validity of regulations 24
Construction of regulations 7-9
    Construction of regulations - Generally 7
    Construction of regulations - State laws 8
    Construction of regulations - Taxing statutes 9
Contrary to Congressional will, validity of regulations 25
Decisions of court governing 2
Discriminatory enforcement 29
Force and effect 14-18
    Force and effect - Generally 14
    Force and effect - Congressional determination 15
    Force and effect - Interpretive regulations 16
    Force and effect - Reenactment of statute 18
    Force and effect - Rulings 17
Internal revenue manual 13
Interpretive regulations, force and effect 16
Later enactment of conflicting statute, validity of regulations 26
Law governing 1
Persons bound 30
Power of Secretary 4, 5
    Power of Secretary - Generally 4
    Power of Secretary - Substantive law 5
Presumption, validity of regulations 27
Purpose 3
Reasonableness, validity of regulations 28
Reenactment of statute, force and effect 18
Retroactivity of regulations or rulings 10
Rulings, force and effect 17
Scope of review 32
Source for regulation 6

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

State laws, construction of regulations <u>8</u>
Substantive law, power of secretary <u>5</u>
Taxing statutes, construction of regulations <u>9</u>
Treasury bulletins <u>12</u>
Validity of regulations <u>21-28</u>
    Validity of regulations - Generally <u>21</u>
    Validity of regulations - Abuse of discretion <u>22</u>
    Validity of regulations - Alteration or amendment of law <u>23</u>
    Validity of regulations - Consistency with statute <u>24</u>
    Validity of regulations - Contrary to Congressional will <u>25</u>
    Validity of regulations - Later enactment of conflicting statute <u>26</u>
    Validity of regulations - Presumption <u>27</u>
    Validity of regulations - Reasonableness <u>28</u>
Waiver of compliance with procedures <u>31</u>
Weight of rulings and regulations <u>19</u>

<u>1</u>. Law governing

For federal tax purposes, federal regulations govern. <u>Dodd v. U.S., D.C.N.J.1963, 223 F.Supp. 785</u>, affirmed <u>345 F.2d 715</u>. Internal Revenue ☞ 3009

<u>2</u>. Decisions of court governing

A court of appeals decision was controlling over any regulations of the Internal Revenue Service that were inconsistent with it where such regulations had been in effect at time of the decision. <u>Thompson v. U.S., N.D.Ohio 1962, 214 F.Supp. 97</u>. Courts ☞ 96(7)

<u>3</u>. Purpose

Tax regulations are matters of administrative procedure promulgated primarily for protection of the revenue, not for advantage of the taxpayer. Service Co. v. C.I.R., <u>C.C.A. 8</u> 1948, <u>165 F.2d 75</u>. Internal Revenue ☞ 3046

<u>4</u>. Power of Secretary--Generally

Commissioner has broad authority to prescribe all needful rules and regulations for the enforcement of the tax laws, and it is up to him to choose method that best implements the statutory mandate. <u>C.I.R. v. Engle, U.S.1984, 104 S.Ct. 597, 464 U.S. 206, 78 L.Ed.2d 420</u>. Internal Revenue ☞ 3039

Commissioner in prescribing rules and regulations for enforcement of internal revenue laws, may not act unreasonably and unrealistically in light of statute he purports to interpret. <u>Busse v. C. I. R., C.A.7 1973, 479 F.2d 1147</u>. Internal Revenue ☞ 3038

Incidental to authority of Commissioner to administer income tax law is the power to make regulations for information of taxpayers, guidance of collectors, and realization of purposes of taxing acts. Spreckels v. Commissioner of Internal Revenue, <u>C.C.A. 9</u> 1941, <u>119 F.2d 667</u>, certiorari granted <u>62 S.Ct. 130, 314 U.S. 600, 86 L.Ed. 483</u>, affirmed <u>62 S.Ct. 777, 315 U.S. 626, 86 L.Ed. 1073</u>. Internal Revenue ☞ 3042

Power of Secretary of Treasury to prescribe rules and regulations to end of administering internal revenue statutes is limited to adoption of reasonable regulations which will effectuate will of Congress as expressed by statute. <u>Rockefeller v. U.S., E.D.Ark.1982, 572 F.Supp. 9</u>, affirmed <u>718 F.2d 290</u>, certiorari denied <u>104 S.Ct. 2180, 466 U.S. 962, 80 L.Ed.2d 562</u>. Internal Revenue ☞ 3039

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Secretary has authority to promulgate rules and regulations for enforcement of income tax laws and these rules and regulations are to be upheld if they implement the Congressional mandate in some reasonable manner  <u>AMP, Inc. v. U. S., M.D.Pa.1979, 492 F.Supp. 27</u>  Internal Revenue ☞ 3039

Treasury Department and Internal Revenue Service do not have absolute and unfettered discretion over administration of Internal Revenue Code  <u>Tax Analysts and Advocates v. Shultz, D.C.D.C.1974, 376 F.Supp. 889</u>. Internal Revenue ☞ 4440

Secretary and his delegate have authority to prescribe all needed rules and regulations for enforcement of this title. <u>Davis v. U. S., C.D.Cal.1969, 306 F.Supp. 949</u>, affirmed <u>460 F.2d 769</u>  Internal Revenue ☞ 3039

 <u>5</u> ---- Substantive law, power of secretary

Power of administrative officer or board to administer federal statute and to prescribe rules and regulations to that end is not the power to make law, but power to adopt regulations to carry into effect will of Congress as expressed by statute  <u>Dixon v. U.S., U.S.N.Y.1965, 85 S.Ct. 1301, 381 U.S. 68, 14 L.Ed.2d 223</u>  See, also, <u>Lovett's Estate v. U.S., Ct.Cl.1980, 621 F.2d 1130, 224 Ct.Cl. 32</u>; <u>Allison v. U.S., D.C.Pa.1974, 379 F.Supp. 490</u>; <u>A & N. Furniture & Appliance Co. v. U.S., D.C.Ohio 1967, 271 F.Supp. 40</u>  Administrative Law And Procedure ☞ 387

Rules and regulations prescribed by the Secretary of the Treasury have a force of law, but the Secretary does not have the power to make law  <u>U. S. v. Levy, C.A.5 (La.) 1976, 533 F.2d 969</u>  Internal Revenue ☞ 3048

Where the provisions of an act are unambiguous, and its directions specific, the Secretary of the Treasury has no power to amend the statute by regulations  <u>H. Wetter Mfg. Co. v. U. S., C.A.6 (Tenn.) 1972, 458 F.2d 1033</u>  <u>United States</u> ☞ 40

While Commissioner has authority to issue regulations for enforcement of revenue laws, such authority does not extend to the establishment of rules of substantive law creating presumptions of fact which are out of harmony with the statute involved  <u>C.I.R. v. Produce Reporter Co., C.A.7 1953, 207 F.2d 586</u>  Internal Revenue ☞ 3039

Treasury Department's power to promulgate rules to effectuate this title does not include power to broaden or narrow taxing provisions  <u>McMartin Industries v. Vinal, D.C.Neb.1969, 301 F.Supp. 749</u>, affirmed <u>441 F.2d 1274</u>. Internal Revenue ☞ 3039

Although the Commissioner can implement congressional legislation by imposing reasonable regulations as to proof of exemptions, he cannot supplement such legislation  <u>Puig v. Tomlinson, S.D.Fla.1956, 143 F.Supp. 659</u>  Internal Revenue ☞ 3039

Treasury regulations implement Internal Revenue Laws and cannot vitiate or change them  <u>Fidelity-Philadelphia Trust Co. v. U.S., E.D.Pa.1954, 122 F.Supp. 551</u>, affirmed <u>222 F.2d 379</u>  Internal Revenue ☞ 3048

 <u>6</u> Source for regulation

Commissioner could not predicate a regulation on a sentence appearing in report of Senate Finance Committee which did not appear in report of House Ways and Means Committee which originally had charge of legislation and was primarily responsible for language in which it was couched and where bill went to Senate without amendment in form in which it came from House  <u>Guest v. C.I.R., C.A.5 1949, 175 F.2d 868</u>  Internal Revenue ☞ 3039

 <u>7</u> Construction of regulations--Generally

© 2007 Thomson/West  No Claim to Orig  U.S. Govt  Works

The concept of construing regulations to impede the just, speedy and inexpensive determination of every action has no place in the federal courts. Zeeman v. U.S., C.A.2 (N.Y.) 1968, 395 F.2d 861. Federal Civil Procedure ⬥ 1

In interpreting regulation court will ordinarily avoid a construction which raises doubt as to validity of regulation. Northern Natural Gas Co. v. O'Malley, C.A.8 (Neb.) 1960, 277 F.2d 128, on remand. Administrative Law And Procedure ⬥ 412.1

Treasury regulations cannot be given a construction which will violate the language of the statute. C.I.R. v. Landers Corp., C.A.6 1954, 210 F.2d 188.

A Treasury regulation cannot be given construction which would contradict language of the statute. Commissioner of Internal Revenue v. Netcher, C.C.A. 7 1944, 143 F.2d 484, certiorari denied 65 S.Ct. 92, 323 U.S. 759, 89 L.Ed. 607. Internal Revenue ⬥ 3046

The practical construction by Commissioner of regulations by Treasury Department promulgated pursuant to Revenue Act is given weight by the courts. T.K. Harris Co. v. Commissioner of Internal Revenue, C.C.A. 6 1940, 112 F.2d 76. Internal Revenue ⬥ 3048

In interpreting treasury regulation, courts will preferably avoid construction which raises doubt as to its validity. Ling v. U.S., D.C.Minn.1961, 200 F.Supp. 282. Internal Revenue ⬥ 3046

Where items specified in portion of a section of this title do not exhaust the class, and regulation has covered entire ground, by including all items which could possibly be related under the general clause, and has not included anything unrelated to the genus enumerated, court cannot resort to an "et cetera" clause to allow the administrative body to capture a new field. Warner Bros. Pictures v. Westover, S.D.Cal.1947, 70 F.Supp. 111. Internal Revenue ⬥ 3048

A Treasury regulation must be construed as a harmonious whole in order to give full effect to it, even if in so doing the court must disregard conflicting clauses. Wilshire Oil Co. v. Westover, S.D.Cal.1946, 68 F.Supp. 218. Internal Revenue ⬥ 3046

  8. ---- State laws, construction of regulations

In determining whether entire value or only one-half of value of policies on life of Louisiana insured should be credited to insured's estate in computing federal estate taxes, Treasury regulation was required to be construed in the light of the law of Louisiana, since the local law enters into and becomes a part of regulation in cases where it applies. De Lappe v. C.I.R., C.C.A.5 (La.) 1940, 113 F.2d 48. Internal Revenue ⬥ 4155

  9. ---- Taxing statutes, construction of regulations

Language of internal revenue statutes and regulations, insofar as they admit more than one meaning, cannot be read in isolation and must be construed with congressional purpose in mind. U.S. v. Lake, C.A.5 (Tex.) 1969, 406 F.2d 941. Internal Revenue ⬥ 3029; Internal Revenue ⬥ 3034; Internal Revenue ⬥ 3046

Considerable leeway is allowed for administrative interpretation of revenue statutes, and this principle applies to G.C.M. rulings as well as regulations. U. S. v. Stowe-Woodward, Inc., C.A.1 (Mass.) 1962, 306 F.2d 678, certiorari denied 83 S.Ct. 503, 371 U.S. 949, 9 L.Ed.2d 498. Administrative Law And Procedure ⬥ 413; Internal Revenue ⬥ 3037

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

While the construction placed upon the internal revenue statute by Commissioner in his regulation is entitled to great consideration, if it appears to the court that the regulation is repugnant to the statute, the court need not adopt it. Turner v. U.S., W.D.Mo.1959, 178 F.Supp. 239, affirmed 287 F.2d 821  Internal Revenue ☜ 3048

Internal Revenue Service (IRS) did not abuse its discretion in denying request for relief from retroactive application of its ruling that computer manufacturer was required to use inventory method of accounting for its rotable spare parts pool, even though manufacturer claimed that its income tax returns for each year in issue were prepared in reliance on IRS district task force recommendation that rotable spare parts be capitalized and depreciated; statute authorizing relief from retroactive application of "rulings and regulations" did not apply to informal publication of Internal Revenue Service (IRS). Apollo Computer, Inc. v. U.S., Fed.Cl.1994, 32 Fed.Cl. 334, reversed 71 F.3d 398. Internal Revenue ☜ 3096

   10  Retroactivity of regulations or rulings

This section authorizing Commissioner to declare the extent, if any, to which rulings, regulations and decisions should be applied without retroactive effect does not forbid Commissioner from taking retroactive action, but confirms authority of Commissioner to correct any ruling, regulation or Treasury Decision retroactively, and empowers him, in his discretion, to limit retroactive application to extent necessary to avoid inequitable results. Automobile Club of Mich. v. C.I.R., U.S.1957, 77 S.Ct. 707, 353 U.S. 180, 1 L.Ed.2d 746, rehearing denied 77 S.Ct. 1279, 353 U.S. 989, 1 L.Ed.2d 1147. Internal Revenue ☜ 4459

Final IRS regulation allowing seller in controlled group transaction to claim deferred loss when it leaves controlled group, but stating that prior temporary regulation that never allowed seller to claim loss still applied to past controlled group transactions, was not abuse of discretion or arbitrary and capricious; prospective application was reasonable to avoid disturbing transactions and tax returns based on what had been settled law since temporary regulation was promulgated more than ten years earlier. UnionBanCal Corp. v. C.I.R., C.A.9 2002, 305 F.3d 976. Internal Revenue ☜ 3177

Income tax exemptions granted to two similarly situated entities in private determination letters did not warrant granting foreign pension fund relief from income tax pursuant to Secretary of the Treasury's authority to grant retroactive relief from rulings; foreign pension fund was not in competition with other entities and there was no ruling that could be retroactively applied. Stichting Pensioenfonds Voor de Gezondheid, Geestelijke en Maatschappelijke Belangen v. U.S., C.A.D.C.1997, 129 F.3d 195, 327 U.S.App.D.C. 112, certiorari denied 119 S.Ct. 43, 525 U.S. 811, 142 L.Ed.2d 33. Internal Revenue ☜ 3052

Revenue procedure establishing valuation and reporting procedures for taxable gifts resulting from low-interest and interest-free demand loans "interpreted the law" such that it could be given retroactive effect even though taxpayers may have relied to their detriment on earlier revenue ruling that purportedly also dealt with valuation. Cohen v. C.I.R., C.A.7 1990, 910 F.2d 422, rehearing denied. Internal Revenue ☜ 3512

The extent to which newly promulgated regulations are to be applied retroactively or nonretroactively is a matter for discretion of Secretary or his delegate. Dillon Ranch Supply v. U. S., C.A.9 (Mont.) 1981, 652 F.2d 873, on remand 566 F.Supp. 1022. Internal Revenue ☜ 3052

When a taxpayer has put substantial good-faith reliance upon an Internal Revenue Service determination of its tax position and when a retroactive revocation of that determination will produce an inordinate adverse effect, Commissioner's failure to abide strictly by his own regulations limiting retroactive revocation of a favorable ruling amounts to an abuse of discretion. Lansons, Inc. v. C. I. R., C.A.5 1980, 622 F.2d 774. Internal Revenue ☜ 3045

Treasury regulations may be applied retroactively to pending litigation, subject to review for abuse of discretion. Wilson v. U. S., C.A.6 (Ohio) 1978, 588 F.2d 1168  See, also, Exel Corp. v. U.S., C.A. Iowa 1971, 451 F.2d 80;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S. v. Fenix & Scisson, Inc., C.A.Okl.1966, 360 F.2d 260, certiorari denied 87 S.Ct. 1474, 386 U.S. 1036, 18 L.Ed.2d 599, rehearing denied 87 S.Ct. 2096, 388 U.S. 924, 18 L.Ed.2d 1378; Wolinsky v. U.S., C.A.N.Y.1959, 271 F.2d 865. Internal Revenue ☜ 3052

This section authorizes the Secretary to limit retroactive effect but not to add retroactive effect that a regulation would otherwise not have. Agway, Inc. v. U. S., Ct.Cl.1975, 524 F.2d 1194, 207 Ct.Cl. 682

What, without being thought unreasonable, Congress may do in allowing tax deductions retroactively calculated, the Secretary may do under the broad powers conferred upon him by the Internal Revenue Code. Danly Mach. Corp. v. U. S., C.A.7 (Ill.) 1974, 492 F.2d 30. Internal Revenue ☜ 3039

Taxpayer, when acting in an area of unsettled law, has no vested interest in a hypothetical decision in his favor prior to the advent of regulations, but the Commissioner may not take advantage of his power to promulgate retroactive regulations during the course of litigation for the purpose of providing himself with a defense based on the presumption of validity accorded to such regulations. Chock Full O' Nuts Corp. v. U.S., C.A.2 (N.Y.) 1971, 453 F.2d 300. Internal Revenue ☜ 3041

The Internal Revenue Service has broad discretion as to the application of subsection (b) of this section permitting service to withdraw an acquiescence either retroactively or prospectively. U.S. v. Cocke, C.A.5 (Tex.) 1968, 399 F.2d 433, certiorari denied 89 S.Ct. 1187, 394 U.S. 922, 22 L.Ed.2d 455. Internal Revenue ☜ 4560

Commissioner may retroactively correct any prior erroneous interpretation of law, including regulations, published rulings and technical information releases, even though taxpayer may have relied to his detriment on commissioner's mistake. Pollack v. C.I.R., C.A.5 (Fla.) 1968, 392 F.2d 409. Internal Revenue ☜ 3041; Internal Revenue ☜ 3045

It was not an abuse of discretion of Commissioner to retroactively change his practice established by a series of individual rulings and where taxpayers were treated in same manner as all other taxpayers similarly situated, that is, without rulings, they were entitled to no more. Weller v. C.I.R., C.A.3 1959, 270 F.2d 294, certiorari denied 81 S.Ct. 269, 364 U.S. 908, 5 L.Ed.2d 223. Internal Revenue ☜ 4459

Tax regulations are not invalid merely because they are made to have a retroactive application, and other effects must be shown than such alone, before such regulations can be held to be legally unreasonable. May Seed and Nursery Co. v. C.I.R., C.A.8 1957, 242 F.2d 151, certiorari denied 78 S.Ct. 62, 355 U.S. 839, 2 L.Ed.2d 51. Internal Revenue ☜ 3038

The Commissioner may change retroactively a ruling of general application, but the commissioner has almost invariably followed a policy of honoring his rulings and making changes prospective only. Lesavoy Foundation v. C.I.R., C.A.3 1956, 238 F.2d 589. Administrative Law And Procedure ☜ 419; Internal Revenue ☜ 3052

Where Congress in enacting a revenue act provision did not, by positive enactment, make such provision retroactive, Commissioner could not make it retroactive by promulgation of regulations. Commissioner of Internal Revenue v. Commodore, C.C.A. 6 1943, 135 F.2d 89. Internal Revenue ☜ 3041

Refund claim sufficiently put Internal Revenue Service (IRS) on notice that retroactive application of revenue ruling, and therefore retroactivity provision of Internal Revenue Code, was at issue, and thus, variance doctrine did not preclude taxpayer's discovery of IRS documents regarding revenue ruling and retroactivity provision in subsequent refund action, where taxpayer stated in refund claim that it based claim on revenue ruling, and only way in which revenue ruling could have applied was if it were applied retroactively. Scott Paper Co. v. U.S., E.D.Pa.1996, 943 F.Supp. 489, affirmed 943 F.Supp. 501. Federal Civil Procedure ☜ 1593

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Internal Revenue Service (IRS) failed to allege existence of any underlying requisites for retroactive application of church's tax-exempt status, and thus IRS failed to demonstrate legitimate purpose for tax inquiry into past years, and tax summons issued to church would not be enforced; IRS did not allege or show that church omitted or misstated material fact in its original exemption application, or that church had been operated in manner materially different from that originally represented  U.S. v. Church of Scientology of Boston, Inc., D.Mass.1990, 739 F.Supp. 46, affirmed 933 F.2d 1074, rehearing denied. Internal Revenue 🔑 4495

Commissioner of Service may abuse his discretion in making a revenue ruling retroactive when he makes an unreasonable and arbitrary classification. Baker v. U.S., N.D.Ga.1983, 575 F.Supp. 508, affirmed 748 F.2d 1465, acq ,, rehearing denied 756 F.2d 885. Internal Revenue 🔑 3052

Having determined to revoke a private letter ruling, Commissioner may apply the revocation prospectively or retroactively. Pierson v. U. S., D.C.Del.1977, 428 F.Supp. 384  Internal Revenue 🔑 3045

Secretary of the Treasury or his delegate may in the exercise of his sound discretion revoke a tax exemption retroactively pursuant to this section. Commonwealth Development Ass'n of Pennsylvania v. U. S., M.D.Pa.1973, 365 F.Supp. 792, affirmed 503 F.2d 1398. Internal Revenue 🔑 3043

Internal Revenue Service's (IRS) decision not to limit retroactive effect of ruling may be reviewed only for abuse of discretion CSX Corp., Inc. v. U.S., Fed.Cl.2003, 58 Fed.Cl. 341. Internal Revenue 🔑 3052

Decision on part of Commissioner of Internal Revenue, not to proscribe prospective only application for revenue ruling which required that interest on long-term loans be computed according to "economic accrual" method of accounting, was not abuse of discretion as applied to taxpayers who invested in tax shelter, where offering for shelter specifically disclosed that tax law in the area was not clearly developed, and that IRS might later disallow interest deductions claimed Mulholland v. U.S., Cl.Ct.1989, 16 Cl.Ct. 252  Internal Revenue 🔑 3052

Where, in April 1987, petitioner corporation X requested determination from Commissioner whether partial termination of its pension plan had occurred in 1986; in September 1988, Commissioner issued proposed determination, and parties held two appeals conferences; in August 1990, X requested Commissioner to exercise discretion under this section to limit retroactive effect of any final determination that partial termination had occurred; and, in November 1990, X filed petition for declaratory judgment on partial termination issue, and Commissioner moved to dismiss on ground that X had not exhausted administrative remedies, Court determined it had jurisdiction, since, on facts and circumstances, request was collateral matter (to request determination on partial termination issue) that did not prevent X from having exhausted its administrative remedies, and judicial economy of resolving all claims in one proceeding was outweighed by considerations of 4  1/2-year wait on X's determination request, number of affected plan participants, amount of forfeitures involved, and difficulty of plan administration, absent resolution Halliburton Co. v. C. I. R., U.S.Tax Ct.1992, 98 T.C. 88.

Revenue Procedure updating and restating the Internal Revenue Service's (IRS) position regarding application, by the Service, of a partial payment of tax, penalty, and interest for one or more taxable periods, rather than Revenue Rule that was explicitly superseded, controlled the application of taxpayer's payments, in action to collect unpaid federal income tax liabilities; Revenue Procedure provided no indication that it was not to apply retroactively  U.S. v. Lavi, C.A.2 (N.Y.) 2006, 168 Fed.Appx. 454, 2006 WL 328258, Unreported  Internal Revenue 🔑 4832

11  Advisory opinions

Advisory opinions of general counsel for Bureau did not constitute "rules" or "regulations" having the force of statutes and could not be relied on for the retroactive enforcement of a new Treasury regulation  Aluminum Co. of America v. U. S., C.C.A.3 (Pa.) 1941, 123 F.2d 615  Internal Revenue 🔑 3044

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

12  Treasury bulletins

Prefatory statements in Internal Revenue bulletins that Tax Court decisions acquiesced in should be relied on by officers and employees of Bureau as precedents in disposition of other cases, were merely guidelines for Bureau personnel and did not aid taxpayers who had relied on Commissioner's acquiescence in Tax Court decisions in purchasing discounted notes. Dixon v. U.S., U.S.N.Y.1965, 85 S.Ct. 1301, 381 U.S. 68, 14 L.Ed.2d 223. Internal Revenue ☞ 3044

Internal Revenue Service bulletin is not a regulation and does not have force of law but is evidence of administrative construction of statute to which it pertains. Circle Discount Corp. v. U. S., D.C.D.C.1962, 211 F.Supp. 743, affirmed. Internal Revenue ☞ 3044

Treasury bulletin implementing regulations by indicating trend of official opinion in administration of § 23 [I.R.C 1939] did not have force and effect of Treasury decision and did not commit Treasury Department to any interpretation of law not formally approved and promulgated by the Secretary of the Treasury  Philadelphia Suburban Transp. Co. v. Smith, E.D.Pa.1952, 105 F.Supp. 650. Internal Revenue ☞ 3577

13  Internal revenue manual

Internal revenue manual was not promulgated pursuant to any mandate or delegation of authority by Congress so that procedures set forth in manual did not have effect of rule of law and therefore were not binding on Internal Revenue Service so that manual conveyed no rights to taxpayers and taxpayers could not allege noncompliance with those procedures to invalidate tax levies. First Federal Sav. and Loan Ass'n of Pittsburgh v. Goldman, W.D.Pa.1986, 644 F.Supp. 101. Internal Revenue ☞ 3051

14  Force and effect--Generally

Treasury regulations and interpretations, long continued without substantial change, applying to unamended or substantially re-enacted statutes, are deemed to have received congressional approval and to have effect of law. U.S. v. Correll, U.S.Tenn.1967, 88 S.Ct. 445, 389 U.S. 299, 19 L.Ed.2d 537  Internal Revenue ☞ 3040; Internal Revenue ☞ 3048

Treasury regulation which is reasonable interpretation of this section has force and effect of law. U. S. v. Cook, C.A.5 (Tex.) 1974, 494 F.2d 573. Internal Revenue ☞ 3048

Treasury regulations have the effect of law. Petroleum Heat & Power Co. v. U.S., Ct.Cl.1969, 405 F.2d 1300, 186 Ct.Cl. 486. See, also, Whirlwind Mfg. Co. v. U.S., C.A.Tex.1965, 344 F.2d 153; C.I.R. v. Pittsburgh & W.V. Ry. Co., C.A.3, 1949, 172 F.2d 1010, certiorari denied 69 S.Ct. 1514, 337 U.S. 939, 93 L.Ed. 1744; Economy Sav. & Loan Co. v. C.I.R., C.C.A.6, 1946, 158 F.2d 472; Jaubert Bros. v. U.S., C.A.La.1944, 141 F.2d 206; U S v One 6.5 mm. U.S. v. One 6.5 mm. Mannlicher-Carcano Military Rifle, D.C.Tex.1966, 250 F.Supp. 410; Fidelity-Philadelphia Trust Co. v. U.S., D.C.Pa.1954, 122 F.Supp. 551, affirmed 222 F.2d 379; Niagara Motors Corporation v. McGowan, D.C.N.Y.1942, 45 F.Supp. 346  Internal Revenue ☞ 3048

Treasury regulation is deemed to have effect of law where, as applied to unamended or substantially reenacted statutes, it has long continued without substantial change  Redwing Carriers, Inc. v. Tomlinson, C.A.5 (Fla.) 1968, 399 F.2d 652  Internal Revenue ☞ 3047.1

The Commissioner has authority to prescribe regulations necessary to carry out the Internal Revenue statutes, and the regulations, when not in conflict with the statutes, have the force and effect of law  Werner v. U.S., C.A.7 (Wis.) 1959, 264 F.2d 489. See, also, Granquist v. Hackleman, C.A.Or.1959, 264 F.2d 9; U.S. v. Lykes, C.A.Fla.1951, 188 F.2d 964, affirmed 72 S.Ct. 585, 343 U.S. 118, 96 L.Ed. 791, rehearing denied 72 S.Ct. 768, 343 U.S. 937, 96 L.Ed.

© 2007 Thomson/West. No Claim to Orig. U S Govt Works

1344; Detroit & Windsor Ferry Co. v. Woodworth, C.A.Mich.1940, 115 F.2d 795, certiorari denied 61 S.Ct. 712, 312 U.S. 692, 85 L.Ed. 1128; Hvidsten v. U.S., D.C.N.D.1960, 185 F.Supp. 856; Peterson v. U.S., D.C.Tex.1956, 141 F.Supp. 382. Administrative Law And Procedure ☞ 417; Internal Revenue ☞ 3047.1

The regulations of the Commissioner are his interpretations of the meaning of the income tax law, and, where they are not contrary to the law and uniformity requires it, they may be given the force of law in the courts but the intendment of the regulations may not be unnecessarily expanded to work an exemption from tax of income which Congress has made subject to tax. Helvering v. Jane Holding Corporation, C.C.A. 8 1940, 109 F.2d 933, certiorari denied 60 S.Ct. 1102, 310 U.S. 653, 84 L.Ed. 1418, rehearing denied 61 S.Ct. 56, 311 U.S. 725, 85 L.Ed. 472, certiorari denied 61 S.Ct. 34, 311 U.S. 672, 85 L.Ed. 432. Internal Revenue ☞ 3112

Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes, particularly when such regulations are specifically authorized by the statute since unlike ordinary treasury regulations they are legislative in character and have the force and effect of law. Orgill Bros. & Co. v. U. S., W.D.Tenn.1974, 375 F.Supp. 125, affirmed 508 F.2d 1219. Internal Revenue ☞ 3038

A regulation of Commissioner which does more than seek to carry out the intent of Congress and thereby alter or amend the law is without force and effect. Rodney Milling Co. v. U.S., Ct.Cl.1948, 75 F.Supp. 707, 111 Ct.Cl. 625 Internal Revenue ☞ 3039

The Commissioner has power to make regulations which have the force and effect of law, if they are within the general scope of the act and are addressed to and are reasonably adapted to its enforcement, but he has no power to extend or limit a statute or modify its meaning. Eastman Kodak Co. v. U.S., Ct.Cl.1943, 48 F.Supp. 357, 99 Ct.Cl. 569. Internal Revenue ☞ 3039

Regulations promulgated under specific prospective authority from Congress are "legislative regulations" and have the force of law upon promulgation, and so long as they are confined within limits of statutory delegation, their force will be recognized by courts, regardless of courts' opinion thereof. Seattle-First Nat Bank v. U S, E.D.Wash.1942, 44 F.Supp. 603, affirmed 136 F.2d 676, certiorari granted 64 S.Ct. 67, 320 U.S. 723, 88 L.Ed. 426, affirmed 64 S.Ct. 713, 321 U.S. 583, 88 L.Ed. 944. Internal Revenue ☞ 3048

   15. ---- Congressional determination, force and effect

Congress, not the Commissioner, prescribes the tax laws, and Commissioner's rulings have only such force as Congress chooses to give them. Dixon v. U.S., U.S.N.Y.1965, 85 S.Ct. 1301, 381 U.S. 68, 14 L.Ed.2d 223 Internal Revenue ☞ 3048

Commissioner's rulings have only such force as Congress chooses to give them, and Congress has not given them the force of law. Neel v. U.S., N.D.Ga.1966, 266 F.Supp. 7 Internal Revenue ☞ 3046

   16. ---- Interpretive regulations, force and effect

When the intent of an Internal Revenue Act is clear but interpretation of the language is necessary, regulations of the Treasury may supply that interpretation, and such authorized regulations have the force and effect of law. Gunn v. Dallman, C.A.7 (Ill.) 1948, 171 F.2d 36, certiorari denied 69 S.Ct. 747, 336 U.S. 937, 93 L.Ed. 1095. Internal Revenue ☞ 3047.1; Internal Revenue ☞ 3048

Promulgation of interpretive regulations is not a prerequisite to enforcement of provisions of Internal Revenue Code, so long as provisions are not so ambiguous or unclear as to require promulgation of interpretive regulation. Granse v. U.S., D.Minn.1995, 892 F.Supp. 219 Internal Revenue ☞ 3038

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Interest paid with respect to personal federal and state income taxes was nondeductible personal interest; temporary tax regulations had not expired. Stussy v. C.I.R., U.S.Tax Ct.2003, 2003 WL 21783399, Unreported. Internal Revenue ☜ 3284

17. ---- Rulings, force and effect

Interpretive rulings on Treasury regulations by Commissioner do not have force and effect of Treasury decisions. Bartels v. Birmingham, U.S.Iowa 1947, 67 S.Ct. 1547, 332 U.S. 126, 91 L.Ed. 1947. Internal Revenue ☜ 3051

Although a revenue ruling is not entitled to the deference accorded a statute or a Treasury Regulation, a revenue ruling is entitled to some deference unless it conflicts with the statute it supposedly interprets or with that statute's legislative history or is otherwise unreasonable. CenTra, Inc. v. U.S., C.A.6 (Mich.) 1992, 953 F.2d 1051. Internal Revenue ☜ 3049

A revenue ruling does not have the effect of a regulation or a statute; however, it is entitled to weight because it expresses the studied view of the agency whose duty it is to carry out the statute. Anselmo v. C.I.R., C.A.11 1985, 757 F.2d 1208. Internal Revenue ☜ 3049

Revenue rulings, as opposed to regulations or Treasury decisions, do not have force of law but may be helpful in interpreting law by indicating trend of opinion among administrators experienced with tax laws. Confederated Tribes of Warm Springs Reservation of Oregon v. Kurtz, C.A.9 (Or.) 1982, 691 F.2d 878, certiorari denied 103 S.Ct. 1433, 460 U.S. 1040, 75 L.Ed.2d 792. Internal Revenue ☜ 3049

Where the law of the State of Washington clearly provides for two separate taxes, namely gift tax and inheritance tax, with provision for former to be applied as credit toward latter, gift tax did not thereby become inheritance tax, and Tax Court properly declined to defer to Revenue Ruling 71-355, 1971-2 C.B. 334, which was unreasonable in that it was promulgated during audit of decedent's estate tax return and in that it was contradictory to provisions which allowed deduction for "claims against the estate" and regulation explaining that such claims could include unpaid gift taxes. Estate of Lang, C.A.9 1980, 613 F.2d 770. Internal Revenue ☜ 4177.10(6)

Commissioner may correct a mistake of law in his revenue rulings. Burck v. C. I. R., C.A.2 1976, 533 F.2d 768. Internal Revenue ☜ 3045

Revenue ruling interpreting federal income tax statute does not have force and effect of law but is persuasive. Redwing Carriers, Inc. v. Tomlinson, C.A.5 (Fla.) 1968, 399 F.2d 652. See, also, McMartin Industries v. Vinal, D.C.Neb.1969, 301 F.Supp. 749, affirmed 441 F.2d 1274; Keefe v. U.S., D.C.N.Y.1965, 247 F.Supp. 589; Philadelphia Sav. Fund Soc. v. U.S., D.C.Pa.1958, 167 F.Supp. 814, affirmed 269 F.2d 853, certiorari denied 80 S.Ct. 372, 361 U.S. 933, 4 L.Ed.2d 354. Internal Revenue ☜ 3037

That private letter ruling received by another taxpayer was published by private tax service was not determinative of whether taxpayer who sought refund could take advantage of ruling, which was thereafter revoked prospectively. Bookwalter v. Brecklein, C.A.8 (Mo.) 1966, 357 F.2d 78. Internal Revenue ☜ 3049

Under this section authorizing commissioner to make tax rulings merely prospectively effective in proper cases, published ruling is not only type of "ruling"; private ruling is included in general category of "any ruling or regulation, relating to the internal revenue laws." International Business Machines Corp. v. U.S., Ct.Cl.1965, 343 F.2d 914, 170 Ct.Cl. 357, certiorari denied 86 S.Ct. 647, 382 U.S. 1028, 15 L.Ed.2d 540. Internal Revenue ☜ 3052

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Treasury Regulations which were not in effect at time tax liability accrued or at time of hearing had no binding effect in proceeding for review of Tax Court decision; but they had authority as a departmental ruling. C.I.R. v. Goodwyn Crockery Co., C.A.6 (Ky.) 1963, 315 F.2d 110. Internal Revenue ☞ 3052

Revenue rulings are entitled to consideration but are accorded less weight than treasury regulations. U.S. v. Eddy Bros., Inc., C.A.8 (Mo.) 1961, 291 F.2d 529. Internal Revenue ☞ 3049

Unpublished rulings of Internal Revenue Department did not entitle taxpayers to benefit thereof on ground that although rulings had not been issued to taxpayers they may have seen them and that all taxpayers had right to be treated equally and fairly and since they undoubtedly would have received similar rulings had they applied for them they were entitled to their benefits. Weller v. C.I.R., C.A.3 1959, 270 F.2d 294, certiorari denied 81 S.Ct. 269, 364 U.S. 908, 5 L.Ed.2d 223. Internal Revenue ☞ 3048

Departmental rulings not promulgated by Secretary of Treasury do not commit department to any interpretation of law and are of little aid in interpreting tax statute. Sims v. U.S., C.A.4 (W.Va.) 1958, 252 F.2d 434, certiorari granted 79 S.Ct. 24, 358 U.S. 809, 3 L.Ed.2d 54, affirmed 79 S.Ct. 641, 359 U.S. 108, 3 L.Ed.2d 667. Internal Revenue ☞ 3037

Rulings of the Commissioner on isolated transactions submitted to him for advice do not have the force or effect of Treasury decisions and regulations interpreting doubtful statutes, and do not commit the Department to any interpretation of the law. Oberwinder v. C.I.R., C.C.A.8 1945, 147 F.2d 255. Internal Revenue ☞ 4459

Departmental rulings not promulgated by the Secretary of the Treasury are of little aid to the courts in interpreting a Revenue Act. City Bank Farmers Trust Co. v. Commissioner of Internal Revenue, C.C.A.2 1940, 112 F.2d 457, certiorari granted 61 S.Ct. 619, 312 U.S. 672, 85 L.Ed. 1113, affirmed 61 S.Ct. 896, 313 U.S. 121, 85 L.Ed. 1227. Internal Revenue ☞ 3037

Internal Revenue Service's (IRS) decision to revoke letter ruling exempting railroad's severance pay plan from employment taxes was not abuse of discretion, where letter ruling had, without explanation, incorrectly deemed payments involuntary, and decision to revoke letter ruling did not deprive railroad of any benefit to which similarly situated taxpayers were entitled. CSX Corp., Inc. v. U.S., Fed.Cl.2003, 58 Fed.Cl. 341. Internal Revenue ☞ 4353

Unlike treasury regulations, revenue rulings do not have force of law. In re Craddock, D.Colo.1995, 184 B.R. 974, reversed 149 F.3d 1249, 168 A.L.R. Fed. 757. Internal Revenue ☞ 3049

18. ---- Reenactment of statute, force and effect

Reenactment of statutes while regulations promulgated thereunder were in effect cannot validate regulations in conflict with statute. Leary v. U.S., U.S.Tex.1969, 89 S.Ct. 1532, 395 U.S. 6, 23 L.Ed.2d 57. Administrative Law And Procedure ☞ 390.1

Where the tax years involved were 1948 and 1950, the 1954 re-enactment of Internal Revenue statute did not conclusively demonstrate the propriety of the administrative and judicial interpretation and application as made to transactions occurring before the re-enactment; however, the re-enactment was significant as indicating congressional satisfaction with the interpretation consistently given the statute by the treasury regulations and in demonstrating the prior intent of Congress. Cammarano v. U.S., U.S.Wash.1959, 79 S.Ct. 524, 358 U.S. 498, 3 L.Ed.2d 462. Internal Revenue ☞ 3040

Where Treasury Regulations did not provide an income tax exemption for clubs, but merely specified necessary information required to be filed in order that Commissioner might rule whether or not a taxpayer was entitled to exemption under § 501 of this title providing therefor, repeated re-enactments of said section did not give the force

of law to Treasury Regulation providing that when an organization had established its right to exemption, it need not thereafter make a return of income, unless it changed its character or purpose, and did not preclude Commissioner from exercising his statutory power of retroactive revocation of such ruling. Automobile Club of Mich. v. C.I.R., U.S.1957, 77 S.Ct. 707, 353 U.S. 180, 1 L.Ed.2d 746, rehearing denied 77 S.Ct. 1279, 353 U.S. 989, 1 L.Ed.2d 1147. Internal Revenue ☞ 4047

Where Treasury regulation interpreting statutory provision had been in effect since 1918, and such provision had been repeatedly re-enacted by Congress in substantially same form, regulation might be considered to have the force of law. Crane v. C.I.R., U.S.1947, 67 S.Ct. 1047, 331 U.S. 1, 91 L.Ed. 1301. Internal Revenue ☞ 3040

Treasury regulations, long continued without substantial change, and applying to unamended or substantially re-enacted statutes, are deemed to have received congressional approval and have the effect of law. Boehm v. C.I.R., U.S.1945, 66 S.Ct. 120, 326 U.S. 287, 90 L.Ed. 78, rehearing denied 66 S.Ct. 468, 326 U.S. 811, 90 L.Ed. 495. See, also, Hanover Ins. Co. v. C.I.R., C.A.1, 1979, 598 F.2d 1211, certiorari denied 100 S.Ct. 229, 444 U.S. 915, 62 L.Ed.2d 169; Morrison v. U.S., C.A.Tenn.1966, 355 F.2d 218, certiorari denied 86 S.Ct. 1887, 384 U.S. 986, 16 L.Ed.2d 1004; Gus Blass Co. v. C.I.R., C.A.8, 1953, 204 F.2d 327; Turks Head Club v. Broderick, C.A.R.I.1948, 166 F.2d 877; Duquesne Club v. Bell, 1942, 127 F.2d 363, certiorari denied 63 S.Ct. 30, 317 U.S. 638, 87 L.Ed. 514, rehearing denied 63 S.Ct. 152, 317 U.S. 706, 87 L.Ed. 563; Aluminum Co. of America v. U.S., C.A.Pa.1941, 123 F.2d 615; Broderick v. Keefe, C.A.R.I.1940, 112 F.2d 293, certiorari dismissed 60 S.Ct. 1107, 311 U.S. 721, 85 L.Ed. 470; Union Nat. Bank of Pittsburgh v. Driscoll, D.C.Pa.1940, 32 F.Supp. 661. Internal Revenue ☞ 3040

Congress adopted administrative construction of Revenue Act 1926, § 302(f), relating to estate tax, by re-enacting the statute several times while Treasury regulations embodying such construction were outstanding. Morgan v. Commissioner of Internal Revenue, U.S.1940, 60 S.Ct. 424, 309 U.S. 78, 309 U.S. 626, 84 L.Ed. 585, 84 L.Ed. 1035. Statutes ☞ 223.5(1)

The re-enactment of income tax provision after change in Treasury policy concerning construction thereof merely restored its original ambiguity to the phrase construed, and made the phrase peculiarly susceptible of new administrative interpretations. Helvering v. Wilshire Oil Co., U.S.1939, 60 S.Ct. 18, 308 U.S. 90, 84 L.Ed. 101, rehearing denied 60 S.Ct. 292, 308 U.S. 638, 84 L.Ed. 530. See also, F.H.E. Oil Co. v. Helvering, 1939, 60 S.Ct. 26, 308 U.S. 104, 84 L.Ed. 109. Statutes ☞ 223.5(2)

The congressional approval of existing Treasury regulations by re-enactment of the statutory provision to which they appertain gives such regulations the force of law. Helvering v. R.J. Reynolds Tobacco Co., U.S.1939, 59 S.Ct. 423, 306 U.S. 110, 83 L.Ed. 536. See, also, Richmond Television Corp. v. U.S., C.A.Va.1965, 354 F.2d 410; J. G. Boswell Co. v. C.I.R., C.A.9, 1962, 302 F.2d 682, certiorari denied 83 S.Ct. 118, 371 U.S. 860, 9 L.Ed.2d 99; Marsack's Estate v. C.I.R., C.A.7, 1961, 288 F.2d 533; Vitter v. U.S., C.A.La.1960, 279 F.2d 445, certiorari denied 81 S.Ct. 353, 364 U.S. 928, 5 L.Ed.2d 266; Roberts v. C.I.R., C.A.9, 1949, 176 F.2d 221; Apartment Operations Ass'n v. C.I.R., C.A.9, 1943, 136 F.2d 435; Pacific Southwest Realty Co. v. C.I.R., C.A.1942, 128 F.2d 815, certiorari denied 63 S.Ct. 64, 317 U.S. 663, 87 L.Ed. 533; Mead Corporation v. C.I.R., C.A.1940, 116 F.2d 187; Sharon Herald Co. v. Granger, D.C.Pa.1951, 97 F.Supp. 295, affirmed 195 F.2d 890. Statutes ☞ 223.5(1)

The so-called re-enactment doctrine is more properly applied to regulations which have the force of law, than to rulings of the Commissioner. Kaiser v. U.S., C.A.7 (Wis.) 1958, 262 F.2d 367, certiorari granted 79 S.Ct. 1150, 359 U.S. 1010, 3 L.Ed.2d 1035, affirmed 80 S.Ct. 1204, 363 U.S. 299, 4 L.Ed.2d 1233. Internal Revenue ☞ 3040; Statutes ☞ 223.5(1)

The rule that re-enactment of a statute without change gives an established administrative interpretation, the force of law is no more than an aid in statutory construction and does not mean that it has become so embedded in the law that only Congress can make a change and it gives way before changes in the prior rule or practice, through exercise by the administrative agency of its continuing rule-making power. Campbell v. Brown, C.A.5 (Tex.) 1957, 245 F.2d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

662. Statutes ☞ 223.5(1)

Treasury regulations are given effect as contemporaneous constructions by agency which Congress has charged with enforcement of revenue act, and such regulations gather added strength if sections to which they relate are re-enacted after promulgation of such regulations without disapproval thereof. Farrow v. U.S., S.D.Cal.1957, 150 F.Supp. 581. Internal Revenue ☞ 3040

To extent that changed conditions may not alter a relationship between a legislative regulation and the problem for the solution of which it was promulgated, re-enactment of the specific statute is of little weight in determining the validity of the regulation. Seattle-First Nat Bank v. U S, E.D.Wash.1942, 44 F.Supp. 603, affirmed 136 F.2d 676, certiorari granted 64 S.Ct. 67, 320 U.S. 723, 88 L.Ed. 426, affirmed 64 S.Ct. 713, 321 U.S. 583, 88 L.Ed. 944. Internal Revenue ☞ 3040

Treasury regulations that have long continued without substantial change and apply to unamended or substantially reenacted statutes are deemed to have effect of law. In re Sykes & Sons, Inc., Bkrtcy.E.D.Pa.1995, 188 B.R. 507 Internal Revenue ☞ 3040; Internal Revenue ☞ 3048

19. Weight of rulings and regulations

Internal Revenue Service regulation promulgated only under Commissioner of Internal Revenue's general authority to prescribe all needful rules and regulations was owed less deference than regulation issued under specific grant of authority to define statutory term, particularly where regulation purported to do no more than add clarifying gloss on term already specifically defined by Congress. U. S. v. Vogel Fertilizer Co., U.S.Ct.Cl.1982, 102 S.Ct. 821, 455 U.S. 16, 70 L.Ed.2d 792. Internal Revenue ☞ 3038

Provisions of a treasury regulation which did no more than attempt to add to a statute something which was not there could be given weight as administrative interpretation, in construction of statute. U.S. v. Calamaro, U.S.Pa.1957, 77 S.Ct. 1138, 354 U.S. 351, 1 L.Ed.2d 1394. Internal Revenue ☞ 3037

In tax case, Court of Appeals was required to give substantial weight to pertinent Treasury Regulation, even though it was interpreting language defined by relevant statute rather than making substantive rule under express authorization from Congress. Martin v. C.I.R., C.A.7 (Ind.) 1986, 783 F.2d 81. Internal Revenue ☞ 3048

When Congress has expressly delegated authority to Commissioner to promulgate regulations under a specific code section, resulting legislative regulations are accorded even greater weight than that normally accorded interpretative regulations. Goldman v. C. I. R., C.A.6 1974, 497 F.2d 382, certiorari denied 95 S.Ct. 496, 419 U.S. 1021, 42 L.Ed.2d 295. Internal Revenue ☞ 3048

Revenue ruling is entitled to weight in interpretive process but cannot be given force of law as result of re-enactment after its issuance. U.S. v. Hall, C.A.8 (N.D.) 1968, 398 F.2d 383, on remand 303 F.Supp. 362. Internal Revenue ☞ 3034; Internal Revenue ☞ 3037

Treasury Department Regulations, especially where Congress has specifically directed treasury to promulgate regulations, are to be accorded considerable weight, but the regulations are not absolute rules of law and should not be followed where they are in conflict with "design" of applicable section of the Internal Revenue Code. Dorfman v. C.I.R., C.A.2 (N.Y.) 1968, 394 F.2d 651. Internal Revenue ☞ 3046

Treasury regulations promulgated under legislative authority are to be given weight in the interpretive process. Whittemore v. U.S., C.A.8 (Mo.) 1967, 383 F.2d 824. Internal Revenue ☞ 3037

© 2007 Thomson/West. No Claim to Orig. U S Govt. Works

Treasury regulations represent contemporaneous construction of revenue statutes by those charged with their administration and, consequently, will be given considerable weight by courts, but courts are not bound by such construction when it stretches meaning of statutory provision beyond what Congress intended. Abbott, Proctor & Paine v. U.S., Ct.Cl.1965, 344 F.2d 333, 170 Ct.Cl. 408. Internal Revenue 🔗 3037

Treasury regulations and interpretations which are consistent with statute and have remained in effect for a long period of time and have not been altered by congressional action should be given considerable weight. Iverson's Estate v. C.I.R., C.A.8 1958, 255 F.2d 1, rehearing denied 257 F.2d 408, certiorari denied 79 S.Ct. 154, 358 U.S. 893, 3 L.Ed.2d 120. Internal Revenue 🔗 3040

The rule attaching weight to administrative interpretation of a statute is inapplicable where the meaning of a statute is not doubtful or where the construction has not been uniform. Campbell v. Brown, C.A.5 (Tex.) 1957, 245 F.2d 662. Statutes 🔗 219(1)

The rule of giving great weight to consistent administrative interpretation of the Internal Revenue Code not overruled by Congress is used only where the meaning of a statute cannot be more clearly discerned from its text or from other authoritative interpretations of a language and the rule cannot be used to create a distinction where the statute itself has made none. Alcoma Ass'n v. U.S., C.A.5 (Fla.) 1956, 239 F.2d 365. Internal Revenue 🔗 3037

Treasury regulations and interpretations long continued without substantial change are entitled to great weight. U.S. v. Higginson, C.A.1 (Mass.) 1956, 238 F.2d 439. Internal Revenue 🔗 3046

A regulation construing section of long standing, promulgated by Treasury Department, is entitled to great weight in interpretation of section and will be enforced unless unreasonable or inconsistent with section. C.I.R. v. Nubar, C.A.4 1950, 185 F.2d 584, certiorari denied 71 S.Ct. 796, 341 U.S. 925, 95 L.Ed. 1357. Administrative Law And Procedure 🔗 800; Internal Revenue 🔗 3046

In construing Revenue Acts, regulations are to be given great weight except when clearly contrary to congressional intent. C.I.R. v. Lamont, C.C.A.2 1946, 156 F.2d 800, certiorari denied 67 S.Ct. 203, 329 U.S. 782, 91 L.Ed. 671. Internal Revenue 🔗 3048

Courts should give weight to consistent interpretation of a regulation by an administrative agency, but such recognition does not close doors to a judicial determination of validity of a regulation which is clearly in conflict with statutory provision. C.I.R. v. Swift & Co. Emp. Ben. Ass'n, C.C.A.7 1945, 151 F.2d 625. Statutes 🔗 219(3)

    20  Amendment and revocation of regulations

It is province of Congress and Commissioner not of the courts, to make appropriate adjustment in rules and regulations for enforcement of Internal Revenue Code. Bingler v. Johnson, U.S.Pa.1969, 89 S.Ct. 1439, 394 U.S. 741, 22 L.Ed.2d 695. See also, U.S. v. Correll, Tenn.1967, 88 S.Ct. 445, 389 U.S. 299, 19 L.Ed.2d 537. Constitutional Law 🔗 2525; Constitutional Law 🔗 2560

An administrative interpretation long in force does not render it impossible for the Commissioner to promulgate a regulation changing for the future the earlier practice where the new regulation comports with the plain meaning of the applicable statute. American Chicle Co. v. United States, U.S.1942, 62 S.Ct. 1144, 316 U.S. 450, 86 L.Ed. 1591. Internal Revenue 🔗 3045

Proposed, but unadopted, changes by Internal Revenue Service (IRS) to regulations governing tax treatment of limited liability companies (LLCs), with respect to reporting, payment, and collection of employment taxes, provided no basis for finding the existing regulations unreasonable. McNamee v. Department of the Treasury, C.A.2 (Conn.) 2007, 488 F.3d 100. Internal Revenue 🔗 3622

Commissioner has limited discretion to revoke a ruling retroactively. Lansons, Inc. v. C. I. R., C.A.5 1980, 622 F.2d 774. Internal Revenue ⊂—⊃ 3045

Although Commissioner may change ruling pertaining to exemption from taxation when he believes he has made a mistake in law or fact, commissioner cannot arbitrarily and without limit have the effect of that change go back over previous years during which taxpayer operated under previous ruling. Lesavoy Foundation v. C.I.R., C.A.3 1956, 238 F.2d 589. Internal Revenue ⊂—⊃ 4047

Commissioner may revoke earlier ruling based upon erroneous interpretation of law. Mid-Ridge Inv. Co. v. U.S., E.D.Wis.1962, 214 F.Supp. 8, affirmed 324 F.2d 945. Internal Revenue ⊂—⊃ 3045; Administrative Law And Procedure ⊂—⊃ 502; Administrative Law And Procedure ⊂—⊃ 421

The power to change treasury regulation is not for the court but for the Secretary or his delegate. Ackerman v. U.S., D.C.Wyo.1962, 205 F.Supp. 365, affirmed 318 F.2d 402. Internal Revenue ⊂—⊃ 3045

Commissioner may promulgate a change in regulations to conform to Revenue Act, to operate prospectively, and is not precluded by a contrary antecedent administrative interpretation, though of long standing. Flanders v. U.S., N.D.Cal.1959, 172 F.Supp. 935, 122 U.S.P.Q. 189. Internal Revenue ⊂—⊃ 3045

The Commissioner, by amending a regulation in almost exact language of opinion of Court of Appeals interpreting previous regulation relating to corporation's purchase and sale of its capital stock, was not merely making a correction of inaccuracy in existing regulation, but adding his own approval to interpretation given thereto by court. Investment Corp of Philadelphia v. U S, E.D.Pa.1941, 43 F.Supp. 64. Internal Revenue ⊂—⊃ 3048

   21. Validity of regulations--Generally

Treasury regulations are valid legislative rules if they are within the granted power of the Secretary, issued pursuant to proper procedure, and reasonable. Continental Equities, Inc. v. C. I. R., C.A.5 (Fla.) 1977, 551 F.2d 74. Internal Revenue ⊂—⊃ 3038

Rulings promulgated by Commissioner are nullity to extent that they conflict with this title. U.S. v. Martin, C.A.8 (Minn.) 1964, 337 F.2d 171. Internal Revenue ⊂—⊃ 3043

Treasury regulation should not be overruled except for weighty reasons. Freund's Estate v. C.I.R., C.A.2 1962, 303 F.2d 30. Internal Revenue ⊂—⊃ 3038

Regulation of Commissioner not adopted pursuant to power conferred by statute to supply some legislative detail, but which was an interpretation of the meaning of the statute, was valid only if a correct interpretation. Eastman Kodak Co. v. U.S., Ct.Cl.1943, 48 F.Supp. 357, 99 Ct.Cl. 569. Internal Revenue ⊂—⊃ 3042

Since statutory version of percentage of completion method of accounting used for tax reporting for long-term contracts was a self-contained, statutorily created form of accounting method, which varied substantially from prior accrual accounting methodology, an explicit statement from Congress regarding use of the all events test of the accrual accounting method was not necessary to validate the regulation interpreting the statute. Tutor-Saliba Corp. v. C.I.R., U.S.Tax Ct.2000, 115 T.C. 1, Unreported. Internal Revenue ⊂—⊃ 3096

   22. ---- Abuse of discretion, validity of regulations

Treasury regulation is invalid as to taxpayer if Treasury has abused its discretion. Caterpillar Tractor Co. v. U. S.,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ct.Cl.1978, 589 F.2d 1040, 218 Ct.Cl. 517. Internal Revenue ☞ 3038

23. ---- Alteration or amendment of law, validity of regulations

Any failure to amend Treasury regulation, after tax statute is amended, shows inattention, and not an official intent to make a statement that regulation is still valid. Umbach v. C.I.R., C.A.10 2003, 357 F.3d 1108. Internal Revenue ☞ 3038

Commissioner's regulations could not change law. U.S. v. Massey Motors, Inc., C.A.5 (Fla.) 1959, 264 F.2d 552, certiorari granted 80 S.Ct. 64, 361 U.S. 810, 4 L.Ed.2d 59, affirmed 80 S.Ct. 1411, 364 U.S. 92, 4 L.Ed.2d 1592, dissenting opinion 80 S.Ct. 1424, 364 U.S. 92, 4 L.Ed.2d 1592, rehearing denied 81 S.Ct. 31, 364 U.S. 854, 5 L.Ed.2d 78, on remand 211 F.Supp. 768. See, also, Acker v. C.I.R., C.A.6, 1958, 258 F.2d 568, affirmed 80 S.Ct. 144, 361 U.S. 87, 4 L.Ed.2d 127; C.I.R. v. Commodore, C.A.1943, 135 F.2d 89; Busey v. Deshler Hotel Co., C.A.Ohio 1942, 130 F.2d 187; Sportwear Hosiery Mills v. C.I.R., C.A.1942, 129 F.2d 376; De Lappe v. C.I.R., C.A.La.1940, 113 F.2d 48; Ware Knitters, Inc. v. U.S., 1958, 168 F.Supp. 208, 144 Ct.Cl. 141; Sharon Herald Co. v. Granger, D.C.Pa.1951, 97 F.Supp. 295, affirmed 195 F.2d 890. Internal Revenue ☞ 3047.1

Treasury regulations construing the provisions of Internal Revenue Act must be within the meaning of the act and cannot control it. U.S. v. Dakota Tractor & Equipment Co., C.C.A.8 (N.D.) 1942, 125 F.2d 20, certiorari denied 62 S.Ct. 1042, 316 U.S. 671, 86 L.Ed. 1746. Internal Revenue ☞ 3408

Regulations of Internal Revenue Department have no force to create a tax or enlarge taxing statute. Commissioner of Internal Revenue v. Warren Webster Trust No. 1, C.C.A.3 1941, 122 F.2d 915.

Under Revenue Act 1932, § 62, giving Commissioner authority to prescribe rules and regulations, any regulation consistent with the law is valid and its promulgation a proper exercise of power conferred upon him, but such provision does not empower Commissioner to change or alter the law, and a regulation creating a rule out of harmony with a statute is a nullity. Commissioner of Internal Revenue v Winslow, C.C.A. 1 1940, 113 F.2d 418. Internal Revenue ☞ 3039

24. ---- Consistency with statute, validity of regulations

Congress has delegated to Secretary of Treasury, and not to courts, task of administering tax laws of the nation, and courts therefore must defer to Treasury regulations that implement congressional mandate in some reasonable manner, and regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes. C. I. R. v. Portland Cement Co. of Utah, U.S.1981, 101 S.Ct. 1037, 450 U.S. 156, 67 L.Ed.2d 140. Internal Revenue ☞ 3047.1

Internal Revenue regulations must be sustained unless unreasonable and plainly inconsistent with revenue statutes and should not be overruled except for weighty reasons. Thor Power Tool Co. v. C. I. R., U.S.1979, 99 S.Ct. 773, 439 U.S. 522, 58 L.Ed.2d 785. See, also, Delta Metalforming Co., Inc. v. C.I.R., C.A.5, 1980, 632 F.2d 442, certiorari denied 102 S.Ct. 1250, 455 U.S. 906, 71 L.Ed.2d 444; Neely v. U.S., Ct.Cl.1980, 613 F.2d 802, 222 Ct.Cl. 250; Caterpillar Tractor Co. v. U.S., 1978, 589 F.2d 1040, 218 Ct.Cl. 517; Mott v. U.S., 1972, 462 F.2d 512, 199 Ct.Cl. 127, certiorari denied 93 S.Ct. 902, 409 U.S. 1108, 34 L.Ed.2d 688; H. Wetter Mfg. Co. v. U.S., C.A.Tenn.1972, 458 F.2d 1033; Rhodes Refrigeration, Inc. v. U.S., C.A.Or.1970, 435 F.2d 1280; Weyerhaeuser Co. v. U.S., 1968, 395 F.2d 1005, 184 Ct.Cl. 492; Missouri Public Service Co. v. U.S., C.A.Mo.1967, 370 F.2d 971; Caracci v. Usry, D.C.La.1968, 285 F.Supp. 681. Internal Revenue ☞ 3038

Treasury regulation governing computation of understatement penalty, which treated taxpayer as if he had properly reported items that he disclosed, reasonably implemented policy behind former tax statute which reduced amount of understatement by amounts attributable to disclosed facts affecting item's tax treatment, in that regulation effectively

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reduced understatement for items properly disclosed in return. In re Craddock, C.A.10 (Colo.) 1998, 149 F.3d 1249, 168 A.L.R. Fed. 757. Internal Revenue ☞ 5201; Internal Revenue ☞ 5220

In the event of conflict between Internal Revenue Code section and treasury regulation, the Code provision would prevail. Peters' Estate v. C.I.R., C.A.4 (Md.) 1967, 386 F.2d 404. Internal Revenue ☞ 3038

The Court of Appeals is not bound by Treasury Regulations where they are inconsistent with revenue statute which they seek to interpret and implement, but they must be sustained unless unreasonable or plainly inconsistent with the statute, and may, where long continued without substantial change, be deemed to have received congressional approval and have the effect of law. C.I.R. v. Anderson, C.A.6 (Ohio) 1966, 371 F.2d 59, certiorari denied 87 S.Ct. 1687, 387 U.S. 906, 18 L.Ed.2d 623. Internal Revenue ☞ 3040; Internal Revenue ☞ 3038

Only authority conferred, or which could be conferred, upon Treasury Department is to make regulations to carry out purposes of statute; and Commissioner's regulations must, by their terms and in their application, be in harmony with statute; and a regulation which is in conflict with or restrictive of statute is, to extent of conflict or restriction, invalid. Scofield v. Lewis, C.A.5 (Tex.) 1958, 251 F.2d 128. Internal Revenue ☞ 3038

Interpretive regulation governing accounting for long-term contracts, which required taxpayers to treat disputed claims as part of the contract price as soon as it was reasonably estimated that they would be received, harmonized with statute's overall purpose, since Congress intended total contract price to be computed by means of an estimate, with adjustments made by "look-back" computation, which adjusted contract price to reflect all amounts received under contract, including amounts received after contract completion date as result of disputes, litigation or settlements relating to the contract. Tutor-Saliba Corp. v. C.I.R., U.S.Tax Ct.2000, 115 T.C. 1, Unreported. Internal Revenue ☞ 3096

    25. ---- Contrary to Congressional will, validity of regulations

Regulations promulgated under authority of Secretary of the Treasury, if found to implement congressional mandate in some reasonable manner, must be upheld. U. S. v. Cartwright, U.S.N.Y.1973, 93 S.Ct. 1713, 411 U.S. 546, 36 L.Ed.2d 528. Internal Revenue ☞ 3038

An administrative regulation which does not carry into effect will of Congress as expressed by statute but operates to create a rule out of harmony with statute is a mere nullity. Dixon v. U.S., U.S.N.Y.1965, 85 S.Ct. 1301, 381 U.S. 68, 14 L.Ed.2d 223. Administrative Law And Procedure ☞ 387

Although regulation of Commissioner relating to calculating gain or loss on cut Christmas trees was of long standing, where regulation defeated congressional purpose, as shown in statute, it would not govern. Schudel v. C. I. R., C.A.9 1977, 563 F.2d 1300. Internal Revenue ☞ 3177

Treasury regulation must be accepted unless it is unreasonable or flouts congressional will. Birchenough v. U.S., Ct.Cl.1969, 410 F.2d 1247, 187 Ct.Cl. 702. Internal Revenue ☞ 3038

Treasury regulations interpreting the revenue act should not be overruled by the courts unless clearly contrary to the will of Congress. Orgill Bros. & Co. v. U. S., W.D.Tenn.1974, 375 F.Supp. 125, affirmed 508 F.2d 1219. Internal Revenue ☞ 3037

A Treasury regulation which produces a result different from that intended by Congress has no validity. Hanley, v. U.S., Ct.Cl.1945, 63 F.Supp. 73, 105 Ct.Cl. 638. Internal Revenue ☞ 3039

    26. ---- Later enactment of conflicting statute, validity of regulations

A regulation valid when promulgated by Commissioner becomes invalid upon enactment of statute in conflict with regulation. Scofield v. Lewis, C.A.5 (Tex.) 1958, 251 F.2d 128. Internal Revenue ⌕⌁ 3038

27. ---- Presumption, validity of regulations

Treasury regulation governing allocation research and development (R&D) expenses between parent corporation and its domestic international sales corporation (DISC) was entitled to deference, even if it was interpretive, since regulation was promulgated under general rulemaking grant rather than pursuant to specific grant of authority. Boeing Co. v. U.S., U.S.2003, 123 S.Ct. 1099, 537 U.S. 437, 155 L.Ed.2d 17. Internal Revenue ⌕⌁ 4118

Interpretive Treasury regulation, promulgated under Treasury Secretary's general authority to prescribe all needful rules and regulations for enforcement of Internal Revenue Code, was entitled to *Chevron* deference, even though it had not been subject to notice and comment. Hospital Corp. of America & Subsidiaries v. C.I.R., C.A.6 2003, 348 F.3d 136, rehearing en banc denied, certiorari denied 125 S.Ct. 48, 543 U.S. 813, 160 L.Ed.2d 17. Internal Revenue ⌕⌁ 3048

Where Treasury regulations have been issued pursuant to specific legislative authorization, presumption of validity is greater. United Telecommunications, Inc. v. C.I.R., C.A.10 1978, 589 F.2d 1383, certiorari denied 99 S.Ct. 2839, 442 U.S. 917, 61 L.Ed.2d 284. Internal Revenue ⌕⌁ 3038

Treasury regulations are presumptively valid. Acker v. C.I.R., C.A.6 1958, 258 F.2d 568, rehearing denied, certiorari granted 79 S.Ct. 346, 358 U.S. 940, 3 L.Ed.2d 348, certiorari denied 79 S.Ct. 346, 358 U.S. 940, 3 L.Ed.2d 348, affirmed 80 S.Ct. 144, 361 U.S. 87, 4 L.Ed.2d 127. Internal Revenue ⌕⌁ 3044

Treasury regulations are presumptively valid and must be sustained unless unreasonable and plainly inconsistent with the revenue statutes. Palmisano v. U.S., E.D.La.1958, 159 F.Supp. 98. Internal Revenue ⌕⌁ 3038

28. ---- Reasonableness, validity of regulations

Treasury regulations must be sustained unless unreasonable and plainly inconsistent with revenue statutes, and such regulations constitute contemporaneous constructions by those charged with administration of such statutes which should not be overruled except for weighty reasons. C.I.R. v. South Texas Lumber Co., U.S.Tex.1948, 68 S.Ct. 695, 333 U.S. 496, 92 L.Ed. 831, rehearing denied 68 S.Ct. 1014, 334 U.S. 813, 92 L.Ed. 1744. See, also, Fawcus Mach. Co. v. U.S., 1931, 51 S.Ct. 144, 282 U.S. 375, 75 L.Ed. 397; Spangler v. C.I.R., C.A.4, 1960, 278 F.2d 665, certiorari denied 81 S.Ct. 63, 364 U.S. 825, 5 L.Ed.2d 54; Hess v. C.I.R., C.A.3, 1959, 271 F.2d 104; Hart-Bartlett-Sturtevant Grain Co. v. C.I.R., C.A.8, 1950, 182 F.2d 153; P. Lorillard Co. v. U.S., D.C.N.Y.1964, 226 F.Supp. 694, affirmed 338 F.2d 499; Peterson v. Vinal, D.C.Neb.1964, 225 F.Supp. 478; U.S. v. One Bally Barrel-O-Fun Coin-Operated Gaming Device, D.C.Pa.1963, 224 F.Supp. 794 affirmed 337 F.2d 857; Bacciocco v. U.S., D.C.Ohio 1959, 175 F.Supp. 93, affirmed 286 F.2d 551. Internal Revenue ⌕⌁ 3037; Internal Revenue ⌕⌁ 3038

In light of the emergence of limited liability companies (LLCs) and their hybrid nature, and the continuing silence of the Internal Revenue Code on the proper tax treatment of such companies in the decade since the present regulations became effective, Treasury Regulations, providing a flexible response to a novel business form, including check-the-box regulations, allowing the single-owner LLC to choose whether to be treated as an "association" or to be disregarded as a separate entity, were neither arbitrary, capricious, nor unreasonable. McNamee v. Department of the Treasury, C.A.2 (Conn.) 2007, 488 F.3d 100. Internal Revenue ⌕⌁ 3622

In tax area, courts are required to treat regulations issued under general grant of authority with broad deference, although to somewhat lesser degree than when Congress has made specific delegation of authority in specific statute. E.I. du Pont de Nemours & Co. v. Commissioner of I.R.S., C.A.3 1994, 41 F.3d 130. Internal Revenue ⌕⌁

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

3048

Treasury regulations must be followed unless unreasonable or plainly inconsistent with the Internal Revenue Code. Anselmo v. C.I.R., C.A.11 1985, 757 F.2d 1208. See, also, World Service Life Ins. Co. v. U.S., C.A.S.D.1973, 471 F.2d 247; Kean v. C.I.R., C.A.9, 1972, 469 F.2d 1183; Ruehlmann v. C.I.R., C.A.6, 1969, 418 F.2d 1302, certiorari denied 90 S.Ct. 1869, 398 U.S. 950, 26 L.Ed.2d 290, rehearing denied 91 S.Ct. 24, 400 U.S. 856, 27 L.Ed.2d 95; General Elec. Co. v. Burton, C.A.Ohio 1967, 372 F.2d 108; Whirlwind Mfg. Co. v. U.S., C.A.Tex.1965, 344 F.2d 153; Mintz v. C.I.R., C.A.2, 1960, 284 F.2d 554; Abbott v. C.I.R., C.A.3, 1958, 258 F.2d 537; Halpin v. Collis Co., C.A.Iowa 1957, 243 F.2d 698; Busey v. Deshler Hotel Co., C.A.Ohio 1942, 130 F.2d 187. Internal Revenue ⟐ 3038

Treasury regulations are as binding upon tax officials as they are upon taxpayers, and tax officials are required to abide by regulation reasonably based on the statute. Lansons, Inc. v. C. I. R., C.A.5 1980, 622 F.2d 774. Internal Revenue ⟐ 3047.1

Six-month waiting period in regulation allowing taxpayer to file suit under Taxpayer Bill of Rights (TBOR) immediately after administrative claim was submitted, if administrative submission occurred during last six months of two-year limitations period, was not invalid as being either extreme or unfair; Congress implicitly delegated authority to Internal Revenue Service (IRS) to prescribe administrative remedies to be exhausted, and simple procedure established by IRS for exhausting remedies was reasonable, as was its explanation that it needed basic information to investigate taxpayer's claim and make informed determination, and that six-month period was necessary to provide time to gather evidence and consider, and perhaps settle, claim before litigation. Evans v. U.S., D.D.C.2006, 433 F.Supp.2d 17, reconsideration denied 2006 WL 2527976, reconsideration denied 2006 WL 2535450. Internal Revenue ⟐ 4936

   29. Discriminatory enforcement

Courts can enforce prospectivity of a decision upon an Internal Revenue Service ruling in order to prevent discrimination or substantial injustice. U.S. v. Cocke, C.A.5 (Tex.) 1968, 399 F.2d 433, certiorari denied 89 S.Ct. 1187, 394 U.S. 922, 22 L.Ed.2d 455. Internal Revenue ⟐ 3043

Taxpayer who has not shown that he was treated any worse or any differently from other similarly situated taxpayers who did not request or receive private letter rulings permitting certain deductions was not subjected to any unlawful discrimination. Bookwalter v. Brecklein, C.A.8 (Mo.) 1966, 357 F.2d 78. Internal Revenue ⟐ 3043

That Commissioner had assessed deficiencies against original issue discount securities purchasers whose returns were audited after certain revenue ruling was issued but had not assessed deficiencies against original discount securities purchasers whose returns had already been audited did not constitute enforcement of revenue ruling in discriminatory manner. Kehaya v. U.S., Ct.Cl.1966, 355 F.2d 639, 174 Ct.Cl. 74. Internal Revenue ⟐ 4540

   30. Persons bound

Taxpayer was not required to consent to income tax regulations as condition of his being bound thereby. Anderson, Clayton & Co. v. U. S., C.A.5 (Tex.) 1977, 562 F.2d 972, rehearing denied 565 F.2d 1215, certiorari denied 98 S.Ct. 2845, 436 U.S. 944, 56 L.Ed.2d 785. Internal Revenue ⟐ 3048

Commissioner is bound by Internal Revenue Service regulations as much as is the taxpayer. Petroleum Heat & Power Co. v. U.S., Ct.Cl.1969, 405 F.2d 1300, 186 Ct.Cl. 486. See, also, Weyerhaeuser Co. v. U.S., 1968, 395 F.2d 1005, 184 Ct.Cl. 492; Miller v. C.I.R., C.A.Minn.1964, 333 F.2d 400; Hugoton Production Co. v. U.S., 1963, 315 F.2d 868, 161 Ct.Cl. 274; U.S. v. Atlantic & E.C. Ry. Co., D.C.N.C.1964, 238 F.Supp. 551; Warner Bros. Pictures v. Westover, D.C.Cal.1947, 70 F.Supp. 111. Internal Revenue ⟐ 3048

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

Even though taxpayer receiving private ruling issued by internal revenue service might be entitled to rely on it until revoked, and ruling would not be binding on government as against other taxpayers. Shakespeare Co. v. U.S., Ct.Cl.1968, 389 F.2d 772, 182 Ct.Cl. 119  Internal Revenue ☜ 3049

Internal Revenue Service officials are not bound for precedent purposes by rulings or decisions not officially published. Bookwalter v. Brecklein, C.A.8 (Mo.) 1966, 357 F.2d 78. Internal Revenue ☜ 3049

Commissioner was not bound by unpublished letter written by deputy commissioner with respect to taxing certain type of property. Pomeroy Co-op. Grain Co. v. C.I.R., C.A.8 1961, 288 F.2d 326  Internal Revenue ☜ 4459

District court is not bound to follow provisions of Treasury Department's rulings and regulations unless they are in conformity with laws enacted by Congress. Irrgang v. Fahs, S.D.Fla.1950, 94 F.Supp. 206  Administrative Law And Procedure ☜ 417; Internal Revenue ☜ 3048

31  Waiver of compliance with procedures

The commissioner waives his right to insist upon compliance with internal revenue service procedures when his other actions show that compliance will serve no purpose  Zeeman v. U.S., C.A.2 (N.Y.) 1968, 395 F.2d 861  Internal Revenue ☜ 4560

32. Scope of review

Role of judiciary in cases involving regulations of Commissioner begins and ends with assuring that regulations fall within authority of Commissioner to implement congressional mandate in some reasonable manner. U.S. v. Correll, U.S.Tenn.1967, 88 S.Ct. 445, 389 U.S. 299, 19 L.Ed.2d 537. See, also, Schudel v. C.I.R., C.A.9, 1977, 563 F.2d 1300. Constitutional Law ☜ 2560

In reviewing exercise of discretion of Secretary of Treasury to adopt retroactive regulations, court may consider the following factors, but is not limited to such factors: (1) whether or to what extent taxpayer justifiably relied on settled prior law or policy and extent putatively retroactive regulation alters that law; (2) extent, if any, to which prior law or policy has been implicitly approved by Congress, as by legislative reenactment of pertinent statutes; (3) whether retroactivity would advance or frustrate interest in equality of treatment among similarly situated taxpayers; and (4) whether according retroactive effect would produce inordinately harsh result. Snap-Drape, Inc. v. C.I.R., C.A.5 1996, 98 F.3d 194, certiorari denied 118 S.Ct. 77, 522 U.S. 821, 139 L.Ed.2d 36. Internal Revenue ☜ 3041

In reviewing regulation promulgated under Commissioner of Internal Revenue's interpretative authority, Court of Appeals owes interpretation less deference than regulation issued under specific grant of authority to define statutory term or prescribe method of executing statutory provisions. Nalle v. C.I.R., C.A.5 1993, 997 F.2d 1134, on remand 1994 WL 146090  Internal Revenue ☜ 3048

In review of Secretary's exercise of his discretionary power to adopt retroactive income tax regulations, considerations include; whether or to what extent taxpayer justifiably relied on settled prior law or policy and whether or to what extent putatively retroactive regulation alters that law; extent, if any, to which prior law or policy has been implicitly approved by Congress, as by legislative reenactment of pertinent provisions of this title; whether retroactivity would advance or frustrate interest in equality of treatment among similarly situated taxpayers; and whether according retroactive effect would produce inordinately harsh result. Anderson, Clayton & Co. v. U. S., C.A.5 (Tex.) 1977, 562 F.2d 972, rehearing denied 565 F.2d 1215, certiorari denied 98 S.Ct. 2845, 436 U.S. 944, 56 L.Ed.2d 785  Internal Revenue ☜ 3041

© 2007 Thomson/West  No Claim to Orig  U S Govt  Works

26 U.S.C.A. § 7805                                                                                                  Page 28
I.R.C. § 7805

Even if treasury regulation in question were arbitrary and a misapplication of statutory authority, Court of Appeals' only power would be to prohibit the Secretary from applying the regulation; the Court would have no power to give, or to direct the Secretary to give, an enlarged bounty to classes of persons not covered by any regulation. Danly Mach. Corp. v. U. S., C.A.7 (Ill.) 1974, 492 F.2d 30. Constitutional Law ⌐ 2563

Commissioner's exercise of discretion to make tax rulings prospective is reviewable in proper proceeding for abuse, in same way as other discretionary administrative determinations; Internal Revenue Service does not have carte blanche. International Business Machines Corp. v. U.S., Ct.Cl.1965, 343 F.2d 914, 170 Ct.Cl. 357, certiorari denied 86 S.Ct. 647, 382 U.S. 1028, 15 L.Ed.2d 540. Internal Revenue ⌐ 3052

A court cannot give effect to Treasury Regulations that modify or limit to the detriment of the taxpayer the express terms of the Internal Revenue Code. Miller v. C.I.R., C.A.5 (Ga.) 1956, 237 F.2d 830. Internal Revenue ⌐ 3038

Determination of Commissioner to make revocation of a private letter ruling retroactive is not subject to de novo review; proper standard of review is abuse of discretion. Pierson v. U. S., D.C.Del.1977, 428 F.Supp. 384. Internal Revenue ⌐ 3045

Court has freedom to consider wisdom of treasury regulation. Kurzner v. U.S., S.D.Fla.1968, 286 F.Supp. 839, affirmed 413 F.2d 97. Internal Revenue ⌐ 3047.1

26 U.S.C.A. § 7805, 26 USCA § 7805

Current through P.L. 110-106 approved 10-25-07

Copr. (C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works