**EXHIBIT F**

Westlaw.

Rev. Rul. 2007-51, 2007-37 I.R.B. 573, 2007 WL 2405237 (IRS RRU)                    Page 1

**H**

Rev. Rul. 2007-51, 2007-37 I.R.B. 573, 2007 WL 2405237 (IRS RRU)

Internal Revenue Service (I.R.S.)

IRS RRU

Revenue Ruling

Released: August 24, 2007

Section 6402.-Authority to Make Credits or Refunds

(Also: 6411)

26 CFR 301.6402-1: Authority to Make Credits or Refunds

(Also: 1.6411-3)

ISSUES

(1) Does section 6402(a) of the Code allow the Service to credit an overpayment against unassessed internal revenue tax liabilities determined in a notice of deficiency?

(2) Does section 6411(b) of the Code allow the Service to credit a decrease in tax resulting from a tentative carryback adjustment against unassessed internal revenue tax liabilities determined in a notice of deficiency?

SCOPE

This revenue ruling only applies to internal revenue tax liabilities that are subject to the deficiency procedures of Subchapter B of Chapter 63 of the Code. This revenue ruling does not address the question of the Service's crediting rights prior to issuing a notice of deficiency, in the context of a termination assessment under section 6851 or otherwise. This revenue ruling also does not address the Service's crediting rights when a taxpayer is in bankruptcy (or other insolvency) proceedings. See Rev. Rul. 2007-52 for the Service's crediting rights when a taxpayer is in bankruptcy.

FACTS

Situation 1. On March 15, 2005, a corporate taxpayer filed its income tax return for the tax year ending December 31, 2004, claiming a refund of $500,000. On April 15, 2005, the Service sent a notice of deficiency to the taxpayer for tax year 2003 in the amount of $1,000,000. As of April 15, 2005, the Service had not refunded the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

$500,000 overpayment for tax year 2004 or assessed the $1,000,000 deficiency for tax year 2003.

Situation 2. On March 15, 2005, a corporate taxpayer filed a Form 1139, Corporation Application for Tentative Refund, carrying back a net operating loss from tax year 2004 to tax year 2002. The carryback generated a $250,000 decrease in tax for tax year 2002. On April 15, 2005, the Service sent a notice of deficiency to the taxpayer for tax year 2003 in the amount of $1,000,000. As of April 15, 2005, the Service had not assessed the $1,000,000 deficiency for tax year 2003 or tentatively refunded the $250,000 decrease in tax for tax year 2002.

LAW

*Authority to Make Credits or Refunds*

Section 6402(a) provides that within the applicable period of limitations the Secretary may credit the amount of any overpayment, including interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. The Secretary shall refund any balance to the person who made the overpayment, subject to further credit against amounts specified in sections 6402(c), (d), and (e). Regulations under section 6402(a) similarly provide that credit may be made against "any outstanding liability." See section 301.6402-1 of the Regulations on Procedure and Administration.

*Tentative Carryback and Refund Adjustments*

Section 6411(a) provides that a taxpayer may file an application for tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback, a business credit carryback, or a capital loss carryback from any taxable year. The application shall be made on Form 1139 or, in the case of taxpayers other than corporations, on Form 1045, and shall set forth in detail the information required by sections 6411(a)(1) through (a)(6) and by section 1.6411-1 of the Income Tax Regulations.

Section 6411(b) provides, in general, that within a period of 90 days from the date of filing the application for tentative carryback adjustment, the Secretary shall make a limited examination of the application to discover omissions and errors of computation, and shall determine the amount of the decrease in tax attributable to the carryback. See also section 1.6411-3(b) of the Income Tax Regulations.

Pursuant to section 6411(b) and section 1.6411-3(d), the decrease in tax attributable to the carryback shall, in the following order:
    1. be applied under section 1.6411-3(d)(1) against any unpaid amount of the tax with respect to which such decrease was determined (i.e., unpaid tax for the carryback year);
    2. be credited under section 1.6411-3(d)(2) against any unsatisfied amount of any tax for the taxable year immediately preceding the taxable year of the net operating loss carryback, business credit carryback, or capital loss carryback, the time for payment of which was extended under section 6164; and
    3. be credited under section 1.6411-3(d)(3) against any tax or installment thereof "then due" from the taxpayer, and, if not so credited, be refunded to the taxpayer.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ANALYSIS

*Authority to Make Credits*

Section 6402 permits the Service to credit overpayments against "any liability in
respect of an internal revenue tax on the part of the person who made the
overpayment." Neither section 6402 nor the associated regulations specify when "any
liability" arises for purposes of determining when the Service may credit an
overpayment. It is, however, well-established that the Internal Revenue Code
imposes income tax liability based on an annual accounting period. Burnet v.
Sanford & Brooks Co., 282 U.S. 359, 363 (1931) (tax liability is based on the net
result of all transactions occurring during a fixed accounting period); Edelson v.
Commissioner, 829 F.2d 828, 834 (9th Cir.1987) ("[T]ax liabilities, though
unassessed, are deemed obligations due and owing at the close of the taxable
year."). Moreover, the accrual of an income tax liability is not dependent on the
Service sending a notice of deficiency. Nor is the accrual of a tax liability
dependent on the Service making an assessment. Goldston v. United States, 104 F.3d
1198, 1199-1200 (10th Cir. 1997) (tax liability arises from statutory duty to pay
tax, not assessment of liability); United States v. Latham, 754 F.2d 747, 750 (7th
Cir. 1985) (assessment is an administrative determination that is not a
prerequisite to tax liability.)

For purposes of the crediting provisions of section 6402(a), an internal revenue
tax liability for a tax year will arise no later than the date on which the Service
sends a notice of deficiency to the taxpayer pursuant to section 6212 that
identifies the nature and amount of the tax liability. Although there are
circumstances in which an internal revenue tax liability may be a "liability in
respect of an internal revenue tax" within the meaning of section 6402(a) prior to
the issuance of a notice of deficiency they are outside the scope of this revenue
ruling.

Section 6411(b) permits, after application to other unpaid amounts, the decrease in
tax attributable to a carryback to be credited against "any tax.... then due from
the taxpayer." See also section 1.6411-3(d)(3) of the Income Tax Regulations.
Neither section 6411(b) nor the regulations thereunder specify when a tax liability
is "then due" for purposes of determining when the Service can credit a carryback
adjustment. Case law analyzing the phrase "then due" in the context of predecessor
statutes to section 6402, while consistent with this revenue ruling, does not aid
in the interpretation of the phrase because these cases involve inconsistent
treatment of overpayment and underpayment interest, and the statutory scheme
relating to the accrual of interest has since changed. See McCarl v. United States,
42 F.2d 346 (D.C. Cir. 1930); Standard Oil Co. v. United States, 5 F. Supp. 976,
988 (Ct. Cl. 1934).

Section 6151(a) prescribes the time for when a payment of tax is due. The statute
provides that a person required to file a return shall, without assessment or
notice or demand from the Secretary, pay the tax at the time fixed for filing the
return (determined without regard to extensions). It follows that, in the context
of a deficiency, an internal revenue tax liability is "then due" for purposes of
section 6411 no later than the date on which the Service issues a notice of
deficiency to the taxpayer identifying a tax liability that is past due.
Circumstances in which an internal revenue tax liability may, in the context of a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

deficiency, be "then due" within the meaning of section 6411(b) prior to issuance of a notice of deficiency are outside the scope of this revenue ruling.

Although sections 6402(a) and 6411(b) do not require a deficiency determination or assessment as a prerequisite to the Service crediting an overpayment or a carryback adjustment to a tax liability, the Service generally does not make such credits until the tax liability is determined with specificity. When the Service issues a notice of deficiency, it has determined the tax liability with specificity. Liabilities set forth in a notice of deficiency generally are presumed to be correct at the time the notice of deficiency is sent. See Helvering v. Taylor, 293 U.S. 507, 515 (1935) ( "Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's [deficiency] determination is invalid."); Merkel v. Commissioner, 192 F.3d 844, 852 (9th Cir. 1999) ("Determinations made by the Commissioner in a notice of deficiency normally are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.").

Accordingly, section 6402(a) permits the Service to credit an overpayment against an unassessed tax liability if the Service has determined the amount of the tax liability in a notice of deficiency sent to the taxpayer pursuant to section 6212. Similarly, section 6411(b) permits the Service to credit a decrease in tax against an unassessed tax liability if, within the 90-day period, the Service has determined the amount of the tax liability in a notice of deficiency sent to the taxpayer pursuant to section 6212. See section 1.6411-3(d)(3) of the Income Tax Regulations.

*Clarification of Prior Guidance*

In Rev. Rul. 54-378, 1954-2 C.B. 246, the Service announced a policy of making partial allowances of refunds or credits under section 322(a)(1) of the 1939 Code, the predecessor to section 6402(a). In Rev. Rul. 54-378, the Service was required to credit any overpayment resulting from the allowance of partial overassessments against any income or excess profits tax assessed and then due from the taxpayer, and to refund the balance, if any, to the taxpayer. The facts in Rev. Rul. 54-378 focus on allowing partial refunds or credits when the Service and the taxpayer agree on the amount of an overassessment. Revenue Ruling 54-378 does not address the Service's right to credit an overpayment against a tax liability before the Service assesses the tax liability. This revenue ruling clarifies that Rev. Rul. 54-378 does not limit the Service to crediting overpayments only against assessed tax liabilities.

*Crediting Rules Applied to Situations 1 and 2*

Situation 1. The $1,000,000 tax liability determined in the notice of deficiency is an outstanding tax liability within the meaning of section 301.6402-1. Under section 6402(a), the Service may credit the $500,000 overpayment for tax year 2004 against the $1,000,000 tax liability identified in the notice of deficiency for tax year 2003.

Situation 2. The $1,000,000 tax liability determined in the notice of deficiency is an amount "then due" for purposes of section 6411(b). The Service may credit the $250,000 decrease in tax that was generated from the net operating loss carryback against the $1,000,000 tax liability for tax year 2003.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

HOLDINGS

(1) Pursuant to section 6402(a), the Service may credit an overpayment against unassessed internal revenue tax liabilities that have been determined in a notice of deficiency sent to the taxpayer.

(2) Pursuant to section 6411(b), the Service may credit a decrease in tax resulting from a tentative carryback adjustment against unassessed internal revenue tax liabilities determined in a notice of deficiency sent to the taxpayer.

EFFECT ON OTHER REVENUE RULINGS

Revenue Ruling 54-378 is clarified. Pursuant to section 6402(a), the Service is authorized to credit an overpayment not only against amounts of tax that are assessed, but also against outstanding tax liabilities such as those identified in a notice of deficiency sent to the taxpayer.

DRAFTING INFORMATION

The principal authors of this revenue ruling are Joseph P. Dewald, formerly of the Office of the Associate Chief Counsel (Procedure and Administration), and Cynthia A. McGreevy of the Office of the Associate Chief Counsel (Procedure and Administration). For further information regarding this revenue ruling, contact Cynthia A. McGreevy at (202) 622-4910 (not a toll-free call).

THIS DOCUMENT IS SLIP COPY.

I.R.B. CITATION AND/OR TABULAR MATERIALS TO BE ADDED.

Rev. Rul. 2007-51, 2007-37 I.R.B. 573, 2007 WL 2405237 (IRS RRU)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.