# **EXHIBIT G**

C

Rev. Rul. 2007-52, 2007-37 I.R.B. 575, 2007 WL 2405238 (IRS RRU)

Internal Revenue Service (I.R.S.)

IRS RRU

Revenue Ruling

Released: August 24, 2007

Section 6402.- Authority to Make Credits or Refunds

(Also: 6411)

26 CFR 301.6402-1: Authority to Make Credits or Refunds

(Also: 1.6411-3)

ISSUES

(1) Pursuant to section 6402(a) of the Internal Revenue Code (Code), may the Service credit an overpayment against outstanding internal revenue tax liabilities for which no assessment has been made or notice of deficiency sent when the liabilities are identified in a proof of claim filed in a bankruptcy case?

(2) Pursuant to section 6411(b) of the Code, may the Service credit a decrease in tax resulting from a tentative carryback adjustment against internal revenue tax liabilities for which no assessment has been made or notice of deficiency sent when the liabilities are identified in a proof of claim filed in a bankruptcy case?

SCOPE

This revenue ruling addresses the making of credits for periods ending before the commencement of a bankruptcy case against liabilities for periods also arising before the commencement of the case. This ruling does not address bankruptcy issues that could affect the timing or allowance of the Service's right to credit overpayments and decreases in tax against other liabilities, such as the bankruptcy automatic stay. See 11 U.S.C. § 362. See Rev. Rul. 2007-51 for the making of credits when a taxpayer is not in bankruptcy.

FACTS

Situation 1. On February 1, 2005, a corporate taxpayer filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.). The taxpayer filed a corporate income tax return for the year ending December 31, 2004 on March

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15, 2005, reporting an overpayment and claiming a refund of $500,000. On April 15, 2005, the Service filed a proof of claim in the bankruptcy case identifying liabilities for the taxpayer's 2003 tax year in the amount of $1,000,000. As of April 15, 2005, the Service had not refunded the $500,000 overpayment, assessed the $1,000,000 liability, or sent a notice of deficiency with respect to that liability.

Situation 2. On February 1, 2005, a corporate taxpayer filed a petition for relief under Chapter 11 of the Bankruptcy Code. The taxpayer filed a corporate income tax return for the year ending December 31, 2004 on March 15, 2005, reporting a $750,000 net operating loss. Also on March 15, 2005, the taxpayer filed an application for a tentative carryback adjustment, carrying the $750,000 net operating loss from 2004 back to 2003, generating a decrease in tax for the 2003 tax year in the amount of $250,000, and requesting a refund. On April 15, 2005, the Service filed a proof of claim in the bankruptcy case identifying liabilities for the taxpayer's 2002 tax year in the amount of $1,000,000. As of April 15, 2005, the Service had not assessed the $1,000,000 liability, sent a notice of deficiency with respect to that liability, or tentatively refunded the $250,000 decrease in tax for the 2002 year.

LAW

*Authority to Make Credits or Refunds*

Section 6402(a) of the Code provides that within the applicable period of limitations the Secretary may credit the amount of any overpayment, including interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. The Secretary shall refund any balance to the person who made the overpayment, subject to further credit against amounts specified in sections 6402(c), (d), and (e). Regulations under section 6402(a) similarly provide that credit may be made against "any outstanding liability." See section 301.6402-1 of the Regulations on Procedure and Administration.

*Tentative Carryback and Refund Adjustments*

Section 6411(a) of the Code provides that a taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback, a business credit carryback, or a capital loss carryback from any taxable year. The application shall be made on Form 1139 or, in the case of taxpayers other than corporations, on Form 1045, and shall set forth in detail the information required by sections 6411(a)(1) through (a)(6) and by section 1.6411-1 of the Income Tax Regulations.

Section 6411(b) of the Code provides, in general, that within a period of 90 days from the date of filing the application for tentative carryback adjustment, the Secretary shall make a limited examination of the application to discover omissions and errors of computation, and shall determine the amount of the decrease in the tax attributable to the carryback. See also section 1.6411-3(b) of the Income Tax Regulations.

Pursuant to section 6411(b) and section 1.6411-3(d) of the Income Tax Regulations,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the decrease in tax attributable to the carryback shall, in the following order:
1. be applied under section 1.6411-3(d)(1) against any unpaid amount of the tax with respect to which such decrease was determined (i.e., unpaid tax for the carryback year);
2. be credited under section 1.6411-3(d)(2) against any unsatisfied amount of any tax for the taxable year immediately preceding the taxable year of the net operating loss carryback, business credit carryback, or capital loss carryback, the time for payment of which was extended under section 6164; and
3. be credited against any tax or installment thereof "then due" from the taxpayer and, if not so credited, be refunded to the taxpayer.

*Tax Claims in Bankruptcy*

In a bankruptcy case, a properly filed proof of claim identifying a tax liability constitutes prima facie evidence of the existence and amount of that liability. Bankruptcy Rule 3001(f); Bronson v. United States, 46 F.3d 1573, 1581 (Fed. Cir. 1995). The filing of a proof of claim by the Service, like all routine government actions, is entitled to a presumption of regularity. See United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926). See also United States v. Mangan, 575 F.2d 32, 41 (2nd Cir. 1978); United States v. Ahrens, 530 F.2d 781, 785-86 (8th Cir. 1976). Bankruptcy courts have jurisdiction to determine the amount or legality of tax identified on a proof of claim. See 11 U.S.C. §§ 502, 505.

ANALYSIS

Section 6402 of the Code permits the Service to credit a tax overpayment against "any liability in respect of an internal revenue tax on the part of the person who made the overpayment." Neither section 6402 nor the associated regulations specify when "any liability" arises for purposes of determining when the Service may credit an overpayment. It is, however, well-established that the Internal Revenue Code imposes income tax liability based on an annual accounting period. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 363 (1931) (tax liability is based on the net result of all transactions occurring during a fixed accounting period); Edelson v. Commissioner, 829 F.2d 828, 834 (9th Cir.1987) ("[T]ax liabilities, though unassessed, are deemed obligations due and owing at the close of the taxable year."). Moreover, the accrual of an income tax liability is not dependent on the Service sending a notice of deficiency. Nor is the accrual of a tax liability dependent on the Service making an assessment. Goldston v. United States, 104 F.3d 1198, 1199-1200 (10th Cir. 1997) (tax liability arises from statutory duty to pay tax, not assessment of liability); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (assessment is an administrative determination that is not a prerequisite to tax liability.)

Section 6411(b) of the Code provides an ordering rule for allowance of carryback adjustments that authorizes the crediting of a decrease in tax resulting from a tentative carryback adjustment against "any tax or installment thereof then due from the taxpayer." Section 6411(b) does not, by its terms, limit the Service to crediting only against tax liabilities for which an assessment has been made or notice of deficiency sent. Rather, the right to credit arises when the liability is "then due." Section 6151(a) of the Code prescribes the time when a payment of tax is generally due. The statute provides that a person required to file a return shall, without assessment or notice or demand from the Secretary, pay the tax at the time fixed for filing the return (determined without regard to extensions).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Although sections 6402(a) and 6411(b) do not require a deficiency determination or assessment as a prerequisite to the Service crediting an overpayment or a carryback adjustment to a tax liability, the Service generally does not make such credits until the tax liability is determined with specificity. Outside the bankruptcy context, the Service will generally make a credit only after issuance of a notice of deficiency. See Rev. Rul. 2007-51. When the Service issues a notice of deficiency, it has determined tax liability with specificity. Liabilities set forth in a notice of deficiency are generally presumed to be correct at the time the notice of deficiency is sent. See Helvering v. Taylor, 293 U.S. 507, 515 (1935); Merkel v. Commissioner, 192 F.3d 844, 852 (9th Cir.1999).

When the taxpayer is a debtor in bankruptcy, the same considerations do not compel the Service to limit crediting against liabilities to situations where a notice of deficiency has been sent. A proof of claim filed by the Service in the bankruptcy case represents a specific administrative determination of the nature and amount of the tax debt. A proof of claim is prima facie evidence of the validity and amount of the claim and is entitled to a presumption of regularity. See Bankruptcy Rule 3001(f); Chemical Foundation, 272 U.S. at 14-15. Further, a debtor in a bankruptcy case has a ready forum for the judicial determination of the tax debt since bankruptcy courts have authority to determine tax liabilities identified on a proof of claim. See 11 U.S.C. §§ 502, 505. Therefore, in the bankruptcy context, the Service has the authority to make credits under section 6402(a) and section 6411(b) against income tax liabilities where such liabilities are identified on a proof of claim filed in a bankruptcy case.

CREDITING RULES APPLIED TO SITUATIONS 1 AND 2

Situation 1. The $1,000,000 liability identified on the proof of claim is an outstanding liability for purposes of section 6402(a). Under section 6402(a), the Service may credit the $500,000 overpayment for tax year 2004 against the $1,000,000 tax liability identified on the proof of claim for tax year 2003.

Situation 2. The $1,000,000 liability identified on the proof of claim is an amount "then due" for purposes of section 6411(b). Under section 6411(b), the Service may credit the $250,000 decrease in tax generated from the net operating loss carryback against the tax liability for 2002.

HOLDINGS

(1) Pursuant to section 6402(a) the Service may credit an overpayment against unassessed internal revenue tax liabilities that have not been identified in a notice of deficiency sent to the taxpayer when the liabilities are identified in a proof of claim filed in a bankruptcy case.

(2) Pursuant to section 6411(b), the Service may credit a decrease in tax resulting from a tentative carryback adjustment against unassessed internal revenue tax liabilities that have not been identified in a notice of deficiency sent to the taxpayer when the liabilities are identified in a proof of claim filed in a bankruptcy case.

DRAFTING INFORMATION

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Rev. Rul. 2007-52, 2007-37 I.R.B. 575, 2007 WL 2405238 (IRS RRU)                                                    Page 5

The principal author of this revenue ruling is G. William Beard of the Office of Associate Chief Counsel (Procedure and Administration). For further information regarding this revenue ruling contact Mr. Beard at 202-622-3620 (not a toll-free call).

THIS DOCUMENT IS SLIP COPY.

I.R.B. CITATION AND/OR TABULAR MATERIALS TO BE ADDED.

Rev. Rul. 2007-52, 2007-37 I.R.B. 575, 2007 WL 2405238 (IRS RRU)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.