# EXHIBIT I

Westlaw.

Not Reported in B.R.                                                                                                                           Page 1
Not Reported in B.R., 1996 WL 870716 (Bkrtcy.D.Ariz.), 79 A.F.T.R.2d 97-375, 97-1 USTC P 50,217
(Cite as: Not Reported in B.R.)

H In re Bozich
Bkrtcy.D.Ariz.,1996.

United States Bankruptcy Court, D. Arizona.
In re Richard W. BOZICH and Vivian A. Bozich, Debtors.
Richard W. BOZICH and Vivian A. Bozich, Plaintiffs,
v.
INTERNAL REVENUE SERVICE and United States of America, Defendants
Bankruptcy No. 95-01811-TUC-JMM.

Dec. 11, 1996.

*MEMORANDUM DECISION*

*BACKGROUND*

JAMES M. MARLAR, Bankruptcy Judge:
*1 Richard W. Bozich and Vivian A. Bozich ("Plaintiffs") filed the above-captioned chapter 13 bankruptcy case on July 28, 1995. On September 29, 1995, the Internal Revenue Service ("the IRS") filed a proof of claim, asserting a total of $50,875.14 in secured, unsecured priority, and unsecured non-priority claims. On January 26, 1996, the IRS amended its proof of claim to reduce the total amount of its claims to $43,389.63.

On April 11, 1996, Plaintiffs, through attorney William G. Lane, requested permission to sell their residence. At the hearing on the matter, only the chapter 13 trustee's attorney and Mr. Lane appeared, and the sale was approved.

On April 23, 1996, Plaintiffs filed a pleading that, while titled as a "Motion to Lift I.R.S. Liens," asked only for the existing IRS lien to be transferred to any new home that Plaintiffs might later purchase; Plaintiffs did not challenge the lien's validity. The United States filed an objection to this motion on May 2, 1996. The Court denied the motion but authorized the sale of the residence to proceed, so long as $12,327.57 remained in escrow until an anticipated challenge to the IRS's lien was resolved.

On May 31, 1996, Plaintiffs, *in propria persona*, filed a "Response to the Internal Revenue Service Objection to Motion to Lift IRS Liens; Motion to Dismiss." Although the title of this pleading suggests that it is directed to Plaintiffs' unsuccessful motion to transfer the IRS's lien to any new residence purchased by Plaintiffs, in actuality it constituted the first written challenge to the validity of the IRS's claims. The motion raised various arguments, consisting mostly of statutory and constitutional challenges to the validity of the Internal Revenue Code, and technical challenges to the proof of claim filed by the IRS.

On June 5, 1996, Plaintiffs, through their attorney, filed a pleading entitled "Objection to Proof Notice." This pleading challenged the IRS's proof of claim on the basis of alleged inaccuracies in the amounts claimed by the IRS for taxes, interest, and penalties.

The Court set July 1, 1996 for a hearing on the challenges to the IRS's claims.

On June 17, 1996, Mr. Lane was allowed to withdraw as counsel for Plaintiffs.

On June 19, 1996, Plaintiffs, again representing themselves, filed an "Amended Motion to Dismiss." This pleading added a timeliness objection to the other bases for Plaintiffs' challenge to the IRS's proof of claim.[FN1]

> FN1. Hereinafter, Plaintiffs' "Response to the Internal Revenue Service Objection to Motion to Lift IRS Liens; Motion to Dismiss" and their "Amended Motion to Dismiss" shall be referred to, collectively, as "Plaintiffs' *pro-per* motions."

On June 20, 1996, the United States moved to vacate the July 1 hearing on the basis of improper service. By order dated June 28, 1996, the Court granted that motion.

At this point, the Court determined that Plaintiffs' challenge to the validity of the IRS's claims should be brought in the form of an adversary proceeding. Thus, the June 28 order also contained the following directives:
*2 ... the Clerk shall photocopy [Plaintiffs' *pro-per*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.	Page 2
Not Reported in B.R., 1996 WL 870716 (Bkrtcy.D.Ariz.), 79 A.F.T.R.2d 97-375, 97-1 USTC P 50,217
(Cite as: Not Reported in B.R.)

motions] and place them in an adversary file, advising [Plaintiffs] of the number assigned to the adversary proceeding; ... [Plaintiffs] shall pay the filing fee and provide the clerk with an appropriate cover sheet within 30 days;
... [Plaintiffs] shall cause summonses to be issued by the Clerk, and served upon the United States in the manner provided by law, filing an appropriate affidavit of proof of service with the Clerk when service is accomplished.

On July 11, 1996, after the Court Clerk complied with the Court's order to place Plaintiffs' *pro-per* motions in an adversary file, Plaintiffs filed a complaint. That complaint urged only three bases for disallowing the IRS's claims: First, Plaintiffs argued that the IRS did not have proper authorization to file its proof of claim in this case, as allegedly is required by 26 U.S.C. § 7401. Second, Plaintiffs argued that the IRS's proof of claim was untimely.[FN2] Finally, Plaintiffs asserted that the IRS's claims should be disallowed because there was no proof that Barbara Lundberg, the IRS representative who signed the proof of claim, was authorized to do so.

> FN2. On August 21, Plaintiffs filed a motion to withdraw their argument that the IRS proof of claim was untimely. Therefore, the Court considers this claim dismissed, and will not address its merits.

The IRS, represented by Mr. Bernard Knight, failed to file a timely answer; instead, on August 15, 1996, the IRS filed a motion for summary judgment. On August 21, 1996, Plaintiffs filed a motion for judgment by default.

On September 9, 1996, the Court entered an order denying Plaintiffs' motion for default judgment, striking the IRS's motion for summary judgment, and directing the IRS to file an answer or other pleading permitted by Rule 12 of the Federal Rules of Civil Procedure.

Subsequently, the IRS answered Plaintiffs' complaint and re-submitted its motion for summary judgment. Plaintiffs then filed a response to the IRS's re-submitted motion for summary judgment, a motion to strike the re-submitted motion for summary judgment, and a motion for reconsideration of the order denying their motion for judgment by default.

On October 1, 1996, the Court denied Plaintiffs' motion to strike and their motion for reconsideration. Plaintiffs then filed two more motions, both of which were captioned as motions "in limine." In substance, these motions constituted (1) another motion for reconsideration of the order denying Plaintiffs' motion for the entry of judgment by default, and (2) a motion to strike the IRS's answer to Plaintiffs' complaint. On November 5, 1996, the Court denied Plaintiffs' new motions. This leaves the IRS's motion for summary judgment as the only dispositive motion outstanding in this adversary proceeding.

A hearing on the IRS's motion for summary judgment was held on December 4, 1996. Plaintiffs' argument consisted largely of an assertion that Plaintiffs' paid, at least in part, the taxes upon which the IRS's claims are based. However, this assertion is not among the claims made in Plaintiffs' complaint. Therefore, the IRS argued, it would be error for this Court to consider that assertion. Beyond that, the IRS rested on its pleadings.

Having considered the arguments of the parties, the state of the record, and the applicable law, the Court now issues its ruling.

*ISSUES PRESENTED*

*3 The issues that the Court must now consider are:
(1) Was the IRS required by 26 U.S.C. § 7401 to obtain authorization from the Secretary of the Treasury and the Attorney General before filing its proof of claim in this case?
(2) Is the IRS proof of claim defective because Barbara Lundberg, whose signature appears on the proof of claim, lacked the authority to sign that document?

In addition to these issues, the Court feels that it also should answer the question whether Plaintiffs should be permitted to raise the argument that the IRS's proof of claim misstates the amount Plaintiffs owe for taxes, interest, and penalties.[FN3]

> FN3. In their response to the IRS's motion for summary judgment, Plaintiffs include the additional argument that the IRS is not entitled to summary judgment because only the United States of America-and not the IRS-has moved for summary judgment. The Court already has rejected this argument that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 07-10416-BLS    Doc 3829-12    Filed 11/15/07    Page 4 of 5

Not Reported in B.R.                                                                                                Page 3
Not Reported in B.R., 1996 WL 870716 (Bkrtcy.D.Ariz.), 79 A.F.T.R 2d 97-375, 97-1 USTC P 50,217
**(Cite as: Not Reported in B.R.)**

the United States and the IRS are separate and independent entities in ruling on Plaintiffs' motion for reconsideration. Therefore, (although Plaintiffs press the argument in their "Motion to Admit 'Offer of Proof' into Record," filed with the Court on December 2, 1996) the argument will not be addressed again here.

## DISCUSSION

### 1 Prior Authorization

With respect to Plaintiffs' first argument, the IRS acknowledges that 26 U.S.C. § 7401 "requires that before 'civil actions' are commenced for collection or recovery of a tax, authorization of the Secretary of Treasury and the Attorney General are required." However, the IRS argues that section 7401 has no application in this case, because "Sections 6501 and 6502 of the Internal Revenue Code allow for the collection of taxes by a 'proceeding in court,' as contrasted with the commencement of a civil action," and "[t]he filing of a proof of claim is properly characterized as a 'proceeding in court.'"

Plaintiffs have responded with the argument that the Internal Revenue Code is not "positive law," and, therefore, that sections 6501 and 6502 of the Internal Revenue Code cannot exempt the IRS from complying with section 7401.

In the opinion of the Court, the IRS did not need the authorization required by section 7401, simply because the filing of a proof of claim does not constitute the commencement of a civil action. In the federal courts, "[a] civil action is commenced by filing a *complaint.*" Rule 3, Federal Rules of Civil Procedure (emphasis added). A proof of claim is not a complaint; rather, it is the vehicle by which a creditor makes its claim known to the court and other parties in interest when a debtor declares bankruptcy, thereby enabling the court to adjudicate that claim according to the provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure. If anything, the filing of a proof of claim is a *defensive* act, taken by creditors who wish to protect their interests and right to distribution after the debtor has taken the affirmative step of filing for bankruptcy.

Therefore, it is the opinion of the Court that the IRS is entitled to summary judgment on the issue whether the IRS was required to have permission from the Attorney General and the Secretary of the Treasury before filing its claim.

### 2 Lundberg's Authority

It is less clear that the IRS is entitled to summary judgment on the issue of Barbara Lundberg's authority to sign the IRS's proof of claim.

In moving for summary judgment, the IRS argues that, "[o]n its face, the proof of claim ... provides that Ms. Lundberg ... was authorized to sign and cause the proof of claim to be filed." This argument is based on the fact that the proof-of-claim form has the words "Bankruptcy Advisor" printed under the signature line. The IRS then cites the case of *In re White* [94-2 USTC ¶ 50,350], 168 B.R. 825 (Bankr.D.Conn1994), for the proposition that a challenge to the authority of an IRS employee to sign a proof of claim should be rejected where the face of the proof of claim indicates that the employee did have the requisite authority. In *White,* however, the proof of claim at issue "state[d] the name and title of the agent executing the Proof and recite[d] the agent's authority to do so." *Id.* at 834. In this case, while the directive "Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach power of attorney, if any)" appears above the signature line, only the signature "B. Lundberg" and nothing else-appears below that. Moreover, there is no recitation of the authority of Ms. Lundberg to sign the proof of claim. The Court does not believe that this constitutes evidence of authority.[FN4]

> FN4. The Court acknowledges that Plaintiffs have submitted no evidence to support their challenge to Ms. Lundberg's authority. However, the Court also notes that the IRS has submitted nothing other than a copy of its proof of claim to support its position that Ms. Lundberg did have the necessary authority.

*4 Therefore, the IRS is not now entitled to summary judgment on the question whether Ms. Lundberg was authorized to sign the IRS's proof of claim. However, the Court will consider an amended motion for summary judgment by the IRS on this issue, if that amended motion is supported by affidavits or other admissible evidence supporting the IRS's position that Ms. Lundberg was authorized to sign and file the

Case 07-10416-BLS    Doc 3829-12    Filed 11/15/07    Page 5 of 5

Not Reported in B.R.                                                                                                                    Page 4
Not Reported in B.R., 1996 WL 870716 (Bkrtcy.D.Ariz.), 79 A.F.T.R.2d 97-375, 97-1 USTC P 50,217
(Cite as: Not Reported in B.R.)

proof of claim. Likewise, Plaintiffs will, in responding to any such amended motion for summary judgment, be permitted (and expected) to submit whatever evidence they might have in support of their assertion that Ms. Lundberg lacked the requisite authority.

### 3 Factual Issues

Finally, there is the question whether Plaintiffs should be permitted to raise the argument that they paid some or all of the taxes upon which the IRS's claims are based. The Court notes that Plaintiffs, through their attorney, questioned the accuracy of the IRS's proof of claim in the "Objection to Proof Notice" that they filed on June 5, 1996. Unlike Plaintiffs' *pro-per* motions, that pleading, inadvertently, was not transferred to this adversary proceeding by the Court's order of June 28, 1996. Thus, the Court is concerned that Plaintiffs would be denied their right to be heard on that issue if the Court were to find that Plaintiffs' failure to raise it in their current complaint precludes them from now raising it.

Therefore, while the Court agrees with the IRS that it would be improper at this time to consider Plaintiffs' argument that they have paid some or all of the taxes, penalties, and interest claimed by the IRS, the Court does not believe that Plaintiffs should be precluded from raising that issue. Thus, the Court will permit Plaintiffs to do so by allowing them to amend their complaint in this adversary proceeding. However, this does not mean that the Court will permit Plaintiffs to amend their complaint to add other and new bases for their requested relief; Plaintiffs have had a full and fair opportunity to raise and be heard on any legal or technical challenges to the IRS's claims. Consequently, if Plaintiffs do amend their complaint in this adversary proceeding, the Court will scrutinize that amendment and, *sua sponte*, dismiss any claims other than the purely *factual* question of whether Plaintiffs actually owe the amounts claimed by the IRS.

### RULING

For the foregoing reasons, the Court shall enter summary judgment in favor of the IRS on the issue of whether the IRS was required to have permission from the Attorney General and the Secretary of the Treasury before filing its proof of claim. Further, summary judgment shall be denied on the issue of Barbara Lundberg's authority to sign the proof of claim on behalf of the IRS; if the IRS would like to submit an amended motion for summary judgment addressing only this issue, it may do so within 20 days of this decision. Finally, Plaintiffs shall be given fifteen days to amend their complaint, should they choose to do so, to add the claim (and only the claim) that the amounts claimed by the IRS for taxes, interest, and penalties is *factually* inaccurate. The Court will not entertain further *legal* challenges, as the issues that were raised have been decided, and those that may not have been raised are deemed waived.

*5 A separate judgment and order shall accompany this memorandum decision.

Bkrtcy.D.Ariz.,1996.
In re Bozich
Not Reported in B.R., 1996 WL 870716 (Bkrtcy.D.Ariz.), 79 A.F.T.R.2d 97-375, 97-1 USTC P 50,217

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.