IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, ) | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et. al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Hearing Date: 11/20/07 at 10:30 a.m. |
| ) | |

DECLARATION OF MICHAEL COULTER
IN REPLY TO LIMITED OBJECTION OF RUBIO CLAIMANTS TO THE
MOTION OF DEBTOR-IN-POSSESSION PURSUANT TO SECTIONS 362 AND 363
OF THE BANKRUPTCY CODE, TO AUTHORIZE TERMINATION OF CAPTIVE
INSURER'S REMAINING OBLIGATIONS UNDER CAPTIVE INSURANCE
CONTRACTS, PERMIT SETOFF AND GRANT RELATED TO RELIEF

I, Michael Coulter, hereby declare as follows:

1. I am the Deputy Managing Director of Aon Insurance Managers; and Vice-President, Secretary and Treasurer of NCMC Insurance Corporation ("NCMC Insurance"), a wholly owned, non-debtor affiliate of the various Debtors in this case.

2. On or about November 2, 2007, the Debtor filed the Motion Pursuant to Sections 362 and 363 of the Bankruptcy Code, to Authorize Termination of Captive Insurer's Remaining Obligations Under Captive Insurance Contracts, Permit Setoff and Grant Related to Relief ("Motion"), providing for a comprehensive settlement of the claims by the Debtor, and claims of NCMC Insurance, including the proof of claim filed herein on May 22, 2007.

3. Before the objection deadline of November 13, 2007, the attorneys for the "Rubio Claimants" filed their Limited Objection to the Motion Pursuant to Sections 362 and 363 of the Bankruptcy Code, to Authorize Termination of Captive Insurer's Remaining

Obligations Under Captive Insurance Contracts, Permit Setoff and Grant Related to Relief ("Limited Objection") on November 13, 2007.

4. The Rubio Claimant's Limited Objection requesting relief in the alternative, the Debtor's Motion is denied, or, in the alternative, the amount of $1,000,000 be retained by NCMC Insurance segregated for the purpose of defending, settling, or paying the claims of the Rubio Claimants.[1]

5. According to the Limited Objection, the Rubio Claimants commenced a California state court action on March 21, 2005 and on August 26, 2006, the Debtor-Defendant removed the action to the United States District Court, Central District of California, Rubio, et. al. v. New Century Mortgage Corporation, Case No. 06-811 CJC (AHWx).

6. NCMC Insurance provided insurance coverage for New Century Mortgage Corporation during the March 2005 period when the Rubio Claimants filed their Complaint.

7. For the coverage year 2004-2005, NCMC had $500,000.00 insurance of coverage for employees' practices liability claims filed and made during the 2004-2005 period.

8. Since the filing of the Rubio case, NCMC Insurance has advanced and disbursed and paid $403,690.00 for defense costs of the Rubio claims.

9. In addition to the $403,690.00 disbursed for the defense of Rubio claims, NCMC Insurance has received an invoice of $56,778.00 for additional defense costs. This

---

[1] The Rubio Claimants also requested that NCMC Insurance provide an accounting to the Court identifying all known claimants to the assets of NCMC Insurance and seek amounts be segregated for the purpose of defending, settling or paying the claims of the known claimants of NCMC Insurance.

193552

2

invoice has been received, but actual payment has been stayed pending the determination of a legal issue.

10. After the payment of $403,690.00 and the allocated $56,778.00, but not yet disbursed, there is $39,532.00 left in the $500,000.00 policy limits for the NCMC policy for the 2004-2005 period.

11. The $500,000.00 policy limit includes NCMC Insurance's costs of defense under its duty to defend.

12. At paragraph 22 of the Limited Objection, the Rubio Claimants acknowledge that the NCMC Insurance Policy for 2004-2005 has a $500,000.00 limit, and given the amount already disbursed and allocated expenses for defense costs, only $39,532.00 remains available for payment.

13. The Rubio Claimants further allege that since the Fifth Amended Complaint was filed on July 6, 2007, allegedly within the 2006-2007 coverage period, when the NCMC Insurance coverage was $1,000,000.00, the Rubio Claimants seek an order of this Court requiring NCMC Insurance to reserve $1,000,000.00, the coverage for claims made against NCMC in the 2006-2007 period.

14. NCMC Insurance does not consider the Fifth Amended Complaint, filed on July 6, 2007, as a "claim made" during the 2006-2007 coverage period, but an amendment of the claim made during the 2004-2005 period, when the NCMC Insurance policy had a limit of $500,000.00.

15. Under applicable insurance law, the coverage for the Rubio Claimant is determined by the filing of the initial complaint during the 2004-2005 period, and the filing of

the Amended Complaints, including the Fifth Amended Complaint, filed on July 7, 2007, is immaterial and irrelevant for the determination of the amount of coverage.

16. Because the Rubio claim in Case No. 06-811 CJC (AHWx) is a class action of multiple claimants, NCMC Insurance reserves its rights as to both its duty to defend and duty to indemnify and contests whether any funds are due and owing for the 2004-2005 policy year.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 15th day of November 2007.

_____
MICHAEL COULTER