**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

## STIPULATION BETWEEN DEBTORS AND THE IRVINE COMPANY, LLC PROVIDING FOR (A) THE REJECTION OF AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY; AND (B) ADMINISTRATIVE EXPENSE CLAIMS FOR RESTORATION OF LEASED PREMISES

The parties to this stipulation are New Century Financial Corporation, New Century Mortgage Corporation, and related debtors (collectively, the "Debtors") and The Irvine Company, LLC, a Delaware limited liability company ("Landlord"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

## RECITALS

WHEREAS, New Century Financial Corporation ("NCFC"), as tenant, and Landlord, as landlord, entered into a lease that commenced on or about January 10, 2000 (as amended, the "350 Commerce Lease"), pursuant to which NCFC is a tenant in Landlord's real property at 350 Commerce, Irvine, CA (the "350 Commerce Premises").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WHEREAS, New Century Mortgage Corporation ("NCMC"), as tenant, and Landlord, as landlord, entered into a lease that commenced on or about August 7, 2002 (as amended, the "210 Commerce Lease"), pursuant to which NCMC was a tenant in Landlord's real property at 210 Commerce, Irvine, CA (the "210 Commerce Premises").

WHEREAS, the 210 Commerce Lease contains certain requirements regarding the condition in which the 210 Commerce Premises must be surrendered to Landlord at the conclusion of the lease term or any earlier termination of the lease.

WHEREAS, the 210 Commerce Lease expired by its terms on August 31, 2007.

WHEREAS, at the conclusion of the term of the 210 Commerce Lease, NCMC had not restored the 210 Commerce Premises to the condition required by the 210 Commerce Lease.

WHEREAS, Landlord performed the necessary repairs and restoration work at the 210 Commerce Premises at its expense and has asserted entitlement to an administrative expense claim under section 503 of the Bankruptcy Code against the Debtors for the expense of restoring the 210 Commerce Premises to the condition required by the 210 Commerce Lease.

WHEREAS, at the time of signing this Stipulation, the Landlord held approximately $52,000 as a security deposit on behalf of NCMC in connection with the 210 Commerce Lease (the "210 Commerce Security Deposit").

WHEREAS, the deadline under section 365 of the Bankruptcy Code to assume or reject unexpired leases of nonresidential real property was October 29, 2007.

WHEREAS, by prior order of this Court, the Debtors and the Landlord extended the deadline to assume or reject the 350 Commerce Lease to November 9, 2007.

WHEREAS, the parties believe that there are certain charges and/or credits due with respect to the 210 Commerce Lease (the "210 Commerce Outstanding Charges").

WHEREAS, the Debtors and the Landlord have reached an agreement regarding the timing of the rejection of the 350 Commerce Lease and the restoration of the 210 Commerce Premises as required by the 210 Commerce Lease.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord as follows:

## AGREEMENT

1. The parties agree that the 350 Commerce Lease shall be deemed rejected on January 31, 2008. This Stipulation shall constitute Landlord's prior written consent to an extension of the deadline to assume or reject the 350 Commerce Lease, to the extent required under section 365(d)(4) of the Bankruptcy Code.

2. The Debtors shall pay to the Landlord a total of $120,000.00 as additional rent for the 350 Commerce Premises for the period from November 1, 2007 through January 31, 2008 (the "Additional 350 Commerce Rent"). The Additional 350 Commerce Rent shall be paid by the Debtors to the Landlord on or before December 1, 2007. The Additional 350 Commerce Rent is in addition to the monthly Basic Rent and Operating Expenses (as those terms are defined in the 350 Commerce Lease) in the amount of $62,470.68, which shall be paid by the Debtors to the Landlord pursuant to the terms of the 350 Commerce Lease for each month during the time period from November 1, 2007 through January 31, 2008.

3. The Debtors shall surrender possession of the 350 Commerce Premises to Landlord on February 1, 2008, without any further Court order.

4. Landlord shall be entitled to an unsecured lease rejection claim against the Debtors in connection with the rejection of the 350 Commerce Lease pursuant to section 365 of the Bankruptcy Code. The Landlord shall file an amended proof of claim for any such unsecured lease rejection claim within 30 days after January 31, 2008. The Landlord shall be entitled to include in its unsecured lease rejection claim amounts attributable to the restoration of the premises as provided in the 350 Commerce Lease. The Debtors hereby reserve their rights to object to any such amounts.

5. Landlord shall also be granted an administrative expense claim under section 503 of the Bankruptcy Code against the Debtors' bankruptcy estates in the amount of

$162,000.00 as reimbursement for the repair and restoration costs incurred by Landlord at the 210 Commerce Premises (the "210 Commerce Administrative Expense Claim").

6. The Debtors shall pay the 210 Commerce Administrative Expense Claim within five (5) business days of the entry of an order approving this Stipulation.

7. The Landlord and the Debtors shall use good faith efforts to agree to the amount of the 210 Commerce Outstanding Charges and to memorialize such agreement in writing within fifteen (15) business days after entry of the Order approving this Stipulation (the "Reconciliation"). To the extent that it is determined that the Debtors owe an amount to the Landlord for the 210 Commerce Outstanding Charges, the Landlord shall be allowed to deduct such amount against the 210 Commerce Security Deposit. To the extent that the amount offset by the Landlord is less than the full amount of the 210 Commerce Security Deposit, the remaining amount of the Security Deposit shall be returned to the Debtors. To the extent that it is determined that the Landlord owes the Debtors an amount with respect to the 210 Commerce Outstanding Charges, such amount shall be paid to the Debtors within five (5) business days after the Debtors and the Landlord have signed the Reconciliation.

8. Landlord shall not be entitled to any unsecured lease rejection or other claim, other than as set forth herein, with respect to the 210 Commerce Lease.

9. To the extent necessary, Landlord shall be granted relief from the automatic stay under section 362 of the Bankruptcy Code to take the actions contemplated by and carry out the terms of this Stipulation.

10. The parties acknowledge and agree that each of them is entering into this Stipulation freely and voluntarily and not acting under any misapprehension as to the effect hereof, and has acted and does hereby act freely and voluntarily and not under any coercion or duress.

11. Each of the parties has received, or has had the ability to obtain, independent legal advice from attorneys of their choice with respect to the advisability of making the agreements provided herein and with respect to the advisability of executing this Stipulation.

The parties and their respective attorneys (if applicable) have made such investigation of the facts pertaining to this Stipulation as they deem necessary.

12. Except as otherwise expressly stated in this Stipulation, the parties have not made any statement or representation to the other regarding any facts relied upon by them in entering into this Stipulation, and each of them specifically does not rely upon any statement, representation or promise of the other party or any other person in entering into this Stipulation, except as expressly stated in this Stipulation. Each party has relied upon its own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Stipulation and the transactions contemplated herein.

13. In entering into this Stipulation, each party recognizes that no facts or representations are ever absolutely certain. Accordingly, each party assumes the risk of any mistake, and if it should subsequently discover that any understanding of the facts or of the law was incorrect, each party understands and expressly agrees that it shall not be entitled to set aside this Stipulation by reason thereof, regardless of any mistake of fact or law.

14. The parties agree to execute and deliver such other instruments and perform such acts as may be appropriate or reasonably necessary, from time to time, to effectuate the agreements and understandings of the parties set forth herein, whether the same occur before or after the date of this Stipulation.

15. This Stipulation is the product of negotiations of the parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any party by reason of that party having drafted or caused to be drafted this Stipulation, or any portion hereof, shall not be effective in regard to the interpretation hereof.

16. To the extent that performance is to be governed by time, time shall be deemed to be of the essence hereof.

17. This Stipulation contains the entire agreement between the parties and may not be amended or modified except in writing executed by the parties.

18. This Stipulation is to be governed by and construed in accordance with federal bankruptcy law, to the extent applicable, and where state law is implicated, the laws of the State of California shall govern.

19. The provisions of this Stipulation shall be binding upon any Chapter 7 or Chapter 11 trustee and shall survive any conversion and/or dismissal of the this case.

20. The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation.

Dated: November 13, 2007

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Lee E. Kaufman (No. 4877)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: November 13, 2007

The Irvine Company, LLC

*/s/ Jesse S. Finlayson*
Michael G. Busenkell, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
Suite 1210, 300 Delaware Avenue
Wilmington, DE 19801

- and -

Jesse S. Finlayson, Esq.
Michael R. Williams, Esq.
Finlayson, Augustini & Williams LLP
110 Newport Center Drive, Suite 100
Newport Beach, CA 92660

Attorneys for The Irvine Company, LLC

NY1:1716243.2