# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> ) <br> NEW CENTURY TRS HOLDINGS, INC., ) <br> A Delaware corporation, et al.,[1] ) <br> ) <br> ) <br> ) <br> Debtors ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 07-10416 (KJC) <br> (Jointly Administered) <br><br> Reference: Docket No. 3319 |

### STIPULATION AND ORDER REGARDING MOTION OF JOSEPH & LAVON TAYLOR, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, FOR AN ORDER: (A) ENLARGING THE BAR DATE; AND (B) GRANTING LEAVE TO FILE A CLASS PROOF OF CLAIM [DOCKET NO. 3319]

This stipulation and order ("Stipulation and Order") is entered into by and among Joseph & Lavon Taylor, Individually and on Behalf of Others Similarly Situated ("Movants"), New Century TRS Holdings, Inc., and its affiliated debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors of the Debtors (the "Committee", together with the Movants and the Debtors, the "Parties"). The Parties state as follows:

---

[1] The "Debtors" or "New Century" are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; Ncoral, L.P., a Delaware limited partnership

2239346v2

## RECITALS

WHEREAS, on April 2, 2007 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §101-1532 (as amended, the "Bankruptcy Code");

WHEREAS, on April 9, 2007, the Committee was appointed in the Debtors' bankruptcy cases;

WHEREAS, on December 22, 2005, prior to the Petition Date, the Movants commenced a lawsuit in the Circuit Court for St. Louis County in the State of Missouri against Debtor Home 123 Corporation ("Home 123 Corp.") captioned as <u>Joseph Taylor, et al. v. Home 123 Corporation,</u> Case No. 05CC-006278 (hereinafter the "Taylor Action");

WHEREAS, the Taylor Action proceeded for approximately one and one-half years up until the Petition Date, at which time the Taylor Action was stayed due to the automatic stay provided by section 362(a) of the Bankruptcy Code;

WHEREAS, in the Taylor Action, Movants asserted that Home 123 Corp. improperly charged document preparation fees in connection with home mortgage transactions in the State of Missouri all contrary to R.S. Mo. §484.020 and applicable case law;

WHEREAS, Movants filed the Taylor Action as a class action on behalf of themselves individually and all others similarly situated;

WHEREAS, prior to the Petition Date, the Taylor Action had not yet been certified as a class action by the Missouri state court;

WHEREAS, according to responses to interrogatories provided by Home 123 Corp. during the course of litigation, Home 123 Corp. charged a document preparation fee in 306

2

transactions within the State of Missouri during the relevant time period in the total amount of $77,934.00;

WHEREAS, Movants assert that pursuant to R.S. Mo. §484.020, this amount is subject to treble damages for a total amount of $233,802 (the "Claim");

WHEREAS, Movants also sought attorneys' fees, costs and punitive damages in an unliquidated amount in the Taylor Action;

WHEREAS, pursuant to an order of this Court, August 31, 2007 was established as the bar date (the "Bar Date") by which all general unsecured claims against the Debtors were to be filed in order to be considered timely;

WHEREAS, the Movants filed a proof of claim with the Debtors' claims agent, XRoads Claims Management Services, on October 8, 2007 docketed as Claim No. 3507;

WHEREAS, on October 18, 2007, the Motion of Creditors Joseph & Lavon Taylor, Individually and on Behalf of Others Similarly Situated, For Entry of an Order: (a) Enlarging the Bar Date to Allow the Filing of a Late Proof of Claim Pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure; and (b) Granting Leave to File a Class Proof of Claim Pursuant To Bankruptcy Rule 9014 was filed with the Court and docketed as Docket No. 3319;

WHEREAS, both the Debtors and the Committee filed objections to the Motion (the "Objections");

WHEREAS, the Parties have agreed, subject to the entry of this Stipulation and Order on the docket as "so ordered" by the Bankruptcy Court, to resolve the Motion without further litigation and costs to the Debtors' estates as set forth below.

3

**NOW THEREFORE, IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, SUBJECT TO APPROVAL OF THE BANKRUPTCY COURT, THAT:**

1. The Parties hereby consent to the class certification of the Taylor Action and the Taylor Action is so certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, made applicable by Rules 7023 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Proof of Claim No. 3507 (the "Claim") filed in the chapter 11 case of Home 123 Corporation by Movants shall be allowed as a class proof of claim.

3. The Claim shall be deemed filed timely as to the Movants and all members of the class.

4. The Claim shall be allowed as a general unsecured claim in the amount of $42,500.

5. Movants shall have no other claim against the Debtors' estates. Any claim already filed, or hereafter filed, against Home 123 is hereby disallowed, other than as set forth herein, and any claim already filed, or hereafter filed, against any other Debtor is disallowed.

6. Upon entry of this Stipulation and Order on the docket as "so ordered" by the Bankruptcy Court, this Stipulation and Order (a) shall inure to the benefit of, and be binding upon, and enforceable by and against, the Parties and their respective affiliates, successors and permitted assigns, and (b) shall be binding upon, and enforceable against, all parties in interest, including, without limitation, any trustee or examiner appointed in the Debtors' bankruptcy cases.

7. This Stipulation and Order is subject to approval by the Bankruptcy Court.

8.  The provisions of this Stipulation and Order are mutually interdependent, indivisible and non-severable.

9.  This Stipulation and Order constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof and thereof and supersede all prior agreements and understandings, written and oral, between the Parties with respect to the specific subject matter hereof and thereof. This Stipulation and Order may not be modified or amended except by a writing signed by all of the Parties.

10. This Stipulation and Order may be executed in one or more counterparts and by facsimile, all of which shall be considered one and the same agreement, and shall become effective when one or more such counterparts have been signed by each of the Parties and delivered to all Parties, and the Bankruptcy Court has "so ordered" this Stipulation and Order and entered it on the docket of the Bankruptcy Court.

11. The Parties hereto represent and warrant to each other that: (a) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (b) each has full power and authority to enter into this Stipulation and Order; and (c) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

12. This Stipulation and Order shall be governed by, and construed in accordance with, the Bankruptcy Code and the laws of the State of Delaware, without regard to any principles of choice of law thereof which would require the application of the law of any other jurisdiction.

13. The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Stipulation and Order, and the Parties hereby consent to exclusive jurisdiction of the Bankruptcy Court with respect thereto. The Parties waive arguments of lack of personal jurisdiction or forum non-conveniens with respect to the Bankruptcy Court pertaining to this Stipulation and Order.

14. This Stipulation and Order shall be effective and enforceable immediately upon entry on the docket after approval by the Bankruptcy Court, with no stay of any kind (including, to the extent applicable, Bankruptcy Rule 6004(g)).

Dated: November 9, 2007
　　　　Wilmington, Delaware

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

By: /s/ Laurie A. Krepto
Richard G. Placey, Esquire (DE Bar No. 4206)
rplacey@mmwr.com
Noel C. Burnham, Esquire (DE Bar No. 3483)
nburnham@mmwr.com
Laurie A. Krepto, Esquire (DE Bar No. 4109)
lkrepto@mmwr.com
1105 Market Street, 15th floor
Wilmington, DE 19801
(302) 504-7890

and

Richard G. Placey, Esquire
Laurie A. Krepto, Esquire
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

and

6

GREEN, JACOBSON & BUTSCH, P.C.
David T. Butsch, Esquire
Suite 700, Pierre Laclede Center
7733 Forsyth Boulevard
St. Louis, MO 63105
(314) 862-6800

Counsel for the Movants


RICHARDS, LAYTON & FINGER, P.A.

_____
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

and

Ben H. Logan
Suzanne S. Uhland
Brian Metcalf
Emily R. Culler
O'MELVENY & MYERS LLP
265 Battery Street
San Francisco, CA 94111
(415) 984-8700

Attorneys for the Debtors

BLANK ROME LLP

*/s/ Bonnie Fatell*
Bonnie Glantz Fatell (No. 3809)
Regina Stango Kelbon
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6423
(302) 425-6464 (facsimile)

and

Mark T. Power
Mark S. Indelicato
Jeffrey L. Schwartz
HAHN & HESSEN LLP
488 Madison Avenue
14th and 15th Floor
New York, NY 10022
(212) 478-7200
(212) 478-7400 (facsimile)

Co-Counsel for Official Committee of
Unsecured Creditors