**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | CASE NO. 07-10416<br><br>Chapter 11 |

**SECOND STIPULATION BY AND AMONG CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS, THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT ANY SUCH RELIEF IS REQUIRED, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS**

This Second Stipulation and Agreement for an Order Granting Relief From Stay ("Second Stipulation") is made by and among A) Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Taj S. Bindra, Robert R. Cole, Edward F. Gotschall, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs, by and through their undersigned counsel, B) the Debtors, by and through their attorney of record, and C) the Official Committee of Unsecured Creditors of the Debtors by and through its attorney of record (the "Committee,"

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P, a Delaware limited partnership.

collectively with the Debtors and the aforementioned individuals, the "Parties").[2]

Based on the facts below, the Parties herein stipulate and agree, that the Insured Persons (also as defined herein) shall be granted immediate relief from the automatic stay to enforce their rights and/or receive payments (as set forth herein) of up to Ten Million Dollars ($10,000,000) in the aggregate for all Insured Persons (defined below) combined of the policy proceeds payable under the Primary Insurance Policy (as defined herein):[3]

- Directors, Officers and Corporate Liability/General Partners and Limited Partnership Liability Insurance Policy, policy number 672-43-85, as amended and modified, from time to time (the "Primary Insurance Policy") ($10 million in coverage), with American International Specialty Lines Insurance Company ("AISLIC") and AIG Domestic Claims, Inc. ("AIG", and together with AISLIC, the "Primary Insurer").

In addition to the Primary Insurance Policy there are additional excess policies, (collectively the "Excess Policies"). The Excess Policies are as follows:

- ACE American Insurance Company, policy number DOX G2166120A-002 ($10 million in excess coverage);

- Lloyd's of London, policy number FD0604467 ($10 million in excess coverage);

- Axis Reinsurance Company, policy number RNN 727183 ($10 million in excess

---

[2] The Parties hereto are party to that certain Stipulation and Agreement for an Order Granting Relief From Stay which permitted the Insured Persons (as defined herein) to access up to $5 million of proceeds under the Primary Insurance Policy (as defined herein) for defense costs (the "Original Stipulation") which was approved by the Bankruptcy Court on July 31, 2007 [Docket #2100].

[3] The Insured Persons have already been granted the right to receive payments up to $5 million based on the Original Stipulation and this Stipulation is intended to increase that amount by another $5 million, to $10 million in the aggregate.

coverage); and

- Starr Excess Liability Insurance Company, Ltd., policy number 4121907 ($10 million in excess coverage).

The foregoing insurance policies shall be collectively referred to as the "Insurance Policies", the carriers shall be collectively referred to as the "Insurers" and, for the purposes of this Stipulation, all present and former directors, officers and employees of any of the Debtors named in any of the D&O Actions (defined below) or who are now, or in the future, named (or otherwise required to incur legal and related expenses covered by the Insurance Policies) in any other actions, including without limitation governmental investigations (collectively, the "Other Actions"), including, but not limited to Robert R. Cole, Brad A. Morrice, Edward F. Gotschall, Patrick J. Flanagan, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., David Einhorn, Donald E. Lange, William J. Popejoy, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, Taj S. Bindra and Michael M. Sachs shall be collectively referred to as "Insured Persons." The Insured Persons collectively with the Debtors shall be referred to as "Insured Parties." In support thereof, the Parties state as follows:

1. On April 2, 2007 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 9, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors in these cases. On June 7, 2007, Michael J. Missal was appointed examiner in these chapter 11 cases.

2. Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in approximately 35 complaints, which complaints generally fall into the

following two general categories: a) Class Action Securities Litigation; and b) Derivative Litigation (collectively, the "D&O Actions").

3. The defendants in the D&O Actions are certain of the Insured Parties. The D&O Actions are stayed pursuant to 11 U.S.C. § 362 as to the Debtors, but not the Insured Persons. In defending themselves in the D&O Actions, certain of the Insured Persons have incurred and are continuing to incur legal and related expenses. Although they believe that the allegations raised by plaintiffs are without merit, the Insured Persons remain exposed to mounting costs of defense as well as the potential of judgments.

4. Prior to the commencement of the D&O Actions, the Debtors purchased the Insurance Policies for the benefit of the Insured Parties.

5. Pursuant to the Insurance Policies, the Insured Persons are entitled (i) to have certain legal fees and expenses incurred by them in a) the defense of the D&O Actions, and b) the defense of all Other Actions covered by the Insurance Policies, whether filed or initiated before or after the Petition Date, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses, and (ii) to be reimbursed for certain other types of non-excluded losses that they may suffer in connection therewith, including without limitation, certain types of damages, judgments, and settlements, up to the maximum limits of the Insurance Policies.

6. In accordance with the Insurance Policies, certain Insured Persons have made demand on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have incurred, and are continuing to incur in defending themselves in the D&O Actions.

7.  In accordance with the Original Stipulation, the Primary Insurer has begun making advances of Defense Costs incurred by the Insured Persons in connection with the D&O Actions and any Other Actions.

8.  The Primary Insurer, subject to a reservation of its rights under the Primary Insurance Policy, has advised the Insured Persons that it is ready and willing to advance past, present and future Defense Costs above the $5,000,000 set forth in the Original Stipulation incurred by the Insured Persons in connection with the D&O Actions and any Other Actions, subject to its right of repayment as set forth in paragraph 5 hereof. However, the Primary Insurer has informed the Insured Persons that it cannot risk being sued for allegedly violating the automatic stay imposed by 11 U.S.C. §362(a) if it does so, thereby exposing itself to the risk of being required to pay more then the $10 million policy limit of the Primary Insurance Policy. While the Insured Persons do not believe that the proceeds payable under the Insurance Policies are property of the Debtors' estates, the Committee believes otherwise. In an abundance of caution, given the Committee's position, the Insured Parties believe it is prudent to obtain relief from the automatic stay before asserting their rights under the Insurance Policies with respect to the policy proceeds.

9.  The Parties have entered into this Stipulation for relief from the automatic stay, to the extent any such relief is required, with the understanding that it is only an interim resolution to permit the Primary Insurer to advance defense costs to the Insured Persons. The Parties, and each of them, shall continue to attempt to negotiate a more global agreement regarding the Insurance Policies in the context of developing the Debtors' plan of reorganization and reserve all rights to seek or oppose any additional relief regarding the Insurance Policies or anything related thereto (including the Insured Persons seeking unfettered recovery of all proceeds under

the Insurance Policies); provided, however, that in no event shall any Party assert that any term of any such agreement subjects any Insurer to any liability with respect to any advances or payments made by such Insurer pursuant to this Stipulation prior to the date such agreement is executed by all Parties.

Based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties as follows:

  A. Subject to Bankruptcy Court approval, to the extent necessary, the provisions of §362 of the Bankruptcy Code are modified to permit the Insured Persons to receive up to Ten Million Dollars ($10,000,000) in the aggregate for all Insured Persons combined under the Primary Policy (the "Stipulated Payment Amount") for past, present and future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the D&O Actions or any Other Actions;

  B. In no event and under no circumstances shall the Primary Insurer be subject to any liability to any Party with respect to any advances, reimbursements or payments made by the Primary Insurer pursuant to this Stipulation;

  C. Other than as required to enforce the rights agreed upon in this Stipulation, the Parties reserve all other rights, including but not limited to asserting that the proceeds of the Insurance Policies are, or are not, property of the Debtors' estates.

  D. Nothing in this Stipulation shall preclude any Insured Party from, at any time, by motion or further stipulation, seeking further access to the proceeds of the Insurance Policies to pay a covered Loss nor shall the Committee or Debtor be precluded from opposing such request. Neither the Stipulated Payment Amount,

nor any further agreement or order concerning the use or availability of proceeds from the Insurance Policies to the Insured Persons, shall have any impact on or alter or impair the express provisions of the Insurance Policies, including, but not limited to any reservation of rights by any Insurer.

E. Nothing in this Stipulation shall preclude any Insured Parties from, at any time in the future, seeking approval of one or more motions to enforce the Insurance Policies and/or their unfettered access to proceeds from the Insurance Policies; nor shall the Committee, the Debtor or any Insured Person or Party be precluded from opposing such request.

F. Following the approval of this Stipulation by the Bankruptcy Court, until the earlier of: (i) confirmation of a chapter 11 plan or plans with regard to one or more of the Debtors' cases; (ii) appointment of a chapter 11 trustee or conversion of one or more of the Debtors' cases to chapter 7; (iii) the initiation or continuation of any litigation against any Insured Person by the Debtors, their successors or assigns (the pendency of the derivative litigation filed prior to the Petition Date shall not constitute such litigation by the Debtors unless or until the Debtors, their successors or assigns take any action to continue or otherwise pursue such litigation); or iv) further order of the court, counsel for the Insured Persons whose fees and costs are actually paid by the Insurers with regard to the D&O Actions or Other Actions shall, within 30 days following the 1st day of each of January, April, July and October, deliver to counsel for the Debtors and counsel for the Committee a statement setting forth the total aggregate amount of fees and costs actually paid by the Insurer pursuant to this Stipulation, identifying

and providing a brief status of the D&O Actions and Other Actions for which such fees and costs were advanced ("Fee Summary"). For the avoidance of doubt, the Fee Summary is to enable the Committee and the Debtors to calculate the dollar amount of the Stipulated Payment Amount paid by the Insurers and provide a brief status with respect to the D&O Actions but is not intended to provide detailed information on how such amounts were used or any particular legal services provided to the Insured Persons.

G. The Debtor and the Creditors Committee agree to consult with counsel for the Insured Persons regarding the terms of the Debtor's plan of reorganization in order to attempt to reach a consensual agreement regarding how the Debtor's plan of reorganization will treat the Insurance Policies and the proceeds thereof.

H. This Stipulation is subject to and does not alter or amend the terms and/or conditions of any of the Insurance Policies or any reservations of rights under those policies, including, without limitation, any right to reimbursement of an advance from an Insured Person and any right by Debtors to make claims under or to receive payment of loss under the Insurance Policies subject to the terms and conditions of the Insurance Policies; and

I. This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

J. This Stipulation shall be interpreted in accordance with the laws of California, without regard to any conflicts of laws principles.

K. This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect

---

as if the signatures hereto were upon the same document.

**STIPULATED AND AGREED:**

DATED: November 6, 2007

_____
J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

_____
Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: November___, 2007

_____
Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

_____
Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

as if the signatures hereto were upon the same document.

**STIPULATED AND AGREED:**

DATED: November 6, 2007

_____
J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

_____
Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: November___, 2007

_____
Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

_____
Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

as if the signatures hereto were upon the same document.

**STIPULATED AND AGREED:**

DATED: November___, 2007

        J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

        Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: November 6, 2007

Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

9

as if the signatures hereto were upon the same document.

**STIPULATED AND AGREED:**

DATED: November___, 2007

_____
J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*


_____
Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*


DATED: November 7, 2007

_____
Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

/s/ Manny A. Abascal /pwb
_____
Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

9

DATED: November 8, 2007

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450) → Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

*/s/ Suzanne S. Uhland/*

Suzanne S. Uhland
Ben H. Logan
Victora Newmark
Emily R. Culler
O'MELVENY &MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS AND DEBTORS AND
DEBTORS IN POSSESSION

DATED: November___, 2007

BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

-and-

Mark S. Indelicato
John P. McCahey
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Co-Counsel to the Official Committee of
Unsecured Creditors of New Century TRS
Holdings, Inc., et al*

DATED: November___, 2007

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzanne S. Uhland
Ben H. Logan
Victora Newmark
Emily R. Culler
O'MELVENY &MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS AND DEBTORS AND DEBTORS IN POSSESSION

DATED: November 8, 2007

BLANK ROME LLP

_____
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

-and-

Mark S. Indelicato
John P. McCahey
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al*

10