**EXHIBIT B**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. 3612 |

### ORDER APPROVING MOTION OF DEBTORS-IN-POSSESSION, PURSUANT TO SECTIONS 362 AND 363 OF THE BANKRUPTCY CODE, TO AUTHORIZE TERMINATION OF CAPTIVE INSURER'S REMAINING OBLIGATIONS UNDER CAPTIVE INSURANCE CONTRACTS, PERMIT SETOFF AND GRANT RELATED RELIEF

Upon consideration of the Motion[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for an Order, Pursuant to Sections 362 and 363 of the Bankruptcy Code, to Authorize Termination of Captive Insurer's Remaining Obligations Under Captive Insurance Contracts, Permit Setoff and Grant Related Relief, as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that the Motion represents the reasonable and appropriate exercise of the Debtors' business judgment and that the relief requested in the Motion is in the best interests of the Debtors, their estates and their

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] Capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Motion.

creditors; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief requested therein; and it appearing that due and proper notice of the Motion has been given; and it appearing that no further or other notice need be given; and good and sufficient cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    The Motion is hereby GRANTED to the extent provided herein.

2.    The Debtors are hereby authorized to terminate the remaining contractual obligations under the Captive Insurance Policies and, upon such termination, NCMC Insurance is directed to immediately and indefeasibly return the Returned Funds to the Debtors.

3.    The Debtors are authorized to execute such instruments or documents necessary to effect the foregoing, including but not limited to a commutation agreement.

4.    The Debtors shall comply with all applicable requirements under Hawaii corporate and/or insurance law in connection with the dissolution of NCMC Insurance.

5.    Notwithstanding the scope of any notice requirements under Hawaii corporate and/or insurance law to the contrary, the Debtors shall provide notice of the Hawaii dissolution proceedings to James M. Trush, Esq., Trush Law Office, 695 Town Center Drive, Suite 700, Costa Mesa, California 92626-7187, as counsel to Daniel J. Rubio, John Hicks, David Vizcarra, individuals on behalf of themselves, all other similarly situated and the general public (collectively, the "Rubio Claimants"); provided, however, that the notice required by this paragraph shall not confer any rights upon the Rubio Claimants to which they are not entitled under Hawaii law.

6.    4. NCMC Insurance is permitted, pursuant to 11 U.S.C. 362(a)(7), to set off the Setoff Amount.

RLF1-3226229-12

7.    5.-To any other and further extent applicable, the automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified under section 362(d) to the extent necessary to permit the foregoing.

8.    6.-Allocation of the Returned Funds among the Debtors shall be determined at a later date.

9.    7.-The Court shall retain jurisdiction to resolve all matters relating to the implementation of this order.

Dated: November _____, 2007
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE