IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., | : Case No. 07-10416 (KJC) |
| a Delaware Corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Objection Deadline: |
| | : December 11, 2007 at 4:00 p.m. |

------------------------------------------------------------x

## FOURTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

Name of Applicant: **Michael J. Missal, Examiner**

Date of Appointment: **June 5, 2007 (Order entered on June 7, 2007)**

Period for Which Compensation is Sought: **October 1, 2007 through October 31, 2007**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$ 140,731.20 (80% of $175,914.00)**[1]

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$0.00**

This is a:   **X** monthly   __ interim   __ final application.

---

[1] Reflects the Examiner's voluntary ten percent (10%) reduction of his fees for this matter.

NY-566853 v1

Prior Applications:

| Date Filed Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Date Filed: 8/24/07 Docket No. 2571 | 6/5/07 - 7/31/07 | $198,673.20 (80% of $248,341.50) | $354.62 | $198,673.20 | $354.62 |
| Date Filed: 9/25/07 Docket No. 3058 | 8/1/07 - 8/31/07 | $137,703.60 (80% of $172,129.50) | $831.30 | $137,703.60 | $831.30 |
| Date Filed: 10/26/07 Docket No. 3430 | 9/1/07 - 9/30/07 | $106,853.40[2] (80% of $133,566.75) | $82.00 | $106,853.40 | $82.00 |

---

[2] As of the date of this Application, the Examiner has not received payment from the Debtors on account of his fees and expenses approved pursuant to the Examiner's Third Monthly Application for Allowance of Compensation and Professional Services Rendered and for Reimbursement of Expenses Incurred from September 1, 2007 to September 30, 2007 (the "Third Monthly Fee Application").

2

## ATTACHMENT B
## TO FEE APPLICATION

The following is a summary of the fees incurred by the Examiner during the period covered by this Fourth Monthly Fee Application:

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael J. Missal | Partner of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"); Joined K&L Gates in 1987; Practice Area(s): Securities Enforcement, Internal Investigations | Member of the DC Bar since 1982 | $725.00 | 269.6 | $195,460.00 |
| | | | **TOTAL** | 269.6 | $195,460.00 |
| | | | **VOLUNTARY 10% REDUCTION** | | ($19,546.00) |
| | | | **DISCOUNTED TOTAL** | | $175,914.00 |

## **EXPENSE SUMMARY**

The Examiner incurred no expenses during the Fourth Monthly Period.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., | : Case No. 07-10416 (KJC) |
| a Delaware Corporation, et al., | : |
| | : Jointly Administered |
| Debtors.[3] | : |
| | : Objection Deadline: |
| | : December 11, 2007 at 4:00 p.m. |

------------------------------------------------------------x

## FOURTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

Pursuant to Sections 330 and 331 of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-2 and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered herein on April 24, 2007 (the "Fee Procedures Order"), Michael J. Missal, the Court-approved Examiner (the "Examiner"), hereby submits his fourth monthly application (the "Application") for allowance of compensation for the period from October 1, 2007 through October 31, 2007 (the

---

[3] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

5

"Fourth Monthly Period"). For the Fourth Monthly Period, the Examiner seeks allowance of interim compensation in the amount of $140,731.20 (80% of $175,914.00). In support of the Application, the Examiner respectfully states:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue of this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330 and 331, and Fed R. Bankr. P. 2016.

## BACKGROUND

5. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. On June 1, 2007, the Court Entered an Order Denying in Part and Granting in Part Motion of the United States Trustee (the "UST") for an Order Directing Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner Order").

7. Pursuant to the Examiner Order, the Court authorized and directed the Examiner to, inter alia, "investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements

6

that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements." Examiner Order at ¶ 3. The Court also authorized and directed the Examiner to investigate any possible unauthorized post-petition use of cash collateral by the Debtors and to otherwise perform the duties of an examiner pursuant to Section 1106(a)(3) and (a)(4) of the Bankruptcy Code, subject to the provisions of the Examiner Order. Id.

8. On June 5, 2007, the UST appointed Michael J. Missal as the Examiner. On June 7, 2007, the Court entered an Order approving Mr. Missal's appointment.

## COMPENSATION PAID AND ITS SOURCE

9. All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

10. The Examiner has received no payment and has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between the Examiner and any other person for the sharing of compensation to be received for services rendered in this case, other than the partners of the law firm of K&L Gates, of which the Examiner is a partner and who serves as his counsel herein.

11. Since his appointment, the Examiner has received payments from the Debtors totaling $337,562.72, representing 80% of the fees and 100% of the expenses requested in the Examiner's First and Second Monthly Fee Applications. As of the date of this

Application, the Examiner has not received payment from the Debtors for the fees and expenses approved and requested pursuant to the Examiner's Third Monthly Fee Application.

12. No retainer has been paid to the Examiner for his services rendered or to be rendered pursuant to the Examiner Order.

## FEE STATEMENTS

13. The Examiner's fee statement for the Fourth Monthly Period is attached hereto as Exhibit A. The fee statement contains the Examiner's daily time logs describing the time spent by the Examiner during the Fourth Monthly Period.

14. To the best of the Examiner's knowledge, and upon consultation with his counsel, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Fee Guidelines prescribed by the UST and the Fee Procedures Order.

15. The Examiner notes that his time reports are organized and prepared on a daily basis, and that his charges for professional services have been billed at his standard hourly rate, less a 10% discount on his fees. The Examiner's requested compensation is commensurate with compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

16. The Examiner did not incur any non-working travel time during the Fourth Monthly Period.

## ACTUAL AND NECESSARY EXPENSES

17. The Examiner incurred no expenses during the Fourth Monthly Period for which he seeks reimbursement.

## SUMMARY OF SERVICES RENDERED

18. The services performed by the Examiner during the Fourth Monthly Period are generally described below, with a more detailed identification of the actual services provided in the Examiner's time records attached hereto as Exhibit A.

19. During the Fourth Monthly Period, the Examiner devoted substantial time to reviewing numerous documents, including documents produced by third parties and memoranda prepared by his counsel summarizing interviews taken of people with knowledge relevant to the subjects of the Examiner's investigation. The Examiner also devoted substantial time to drafting his report to the Court with the assistance of his counsel.

20. During the Fourth Monthly Period, at the request of counsel to the Creditors' Committee, the Examiner also prepared for and attended a conference held by the Court on October 23, 2007 where matters related to the investigation were discussed.

21. The Examiner also met and/or corresponded with numerous parties during the Fourth Monthly Period, including, inter alia, the Debtors' counsel and restructuring professionals, the UST, counsel to the Creditors' Committee, as well as regularly meeting and communicating with his counsel and financial advisors to discuss issues related to his investigation and report.

## VALUATION OF SERVICES

22. As set forth in the monthly fee statement attached as Exhibit A, the Examiner expended a total of 269.6 hours in connection with his investigation of the Debtors during the Fourth Monthly Period. The Examiner's standard hourly rate is $725, which is comparable to the rates the Examiner charges other clients for similar services, and the aggregate fees requested by the Examiner reflect a voluntary ten percent (10%) reduction in the Examiner's normal fees for work of this character.

23.     The reasonable value of the services rendered by the Examiner during the Fourth Monthly Period is $175,914.00, of which eighty percent (80%) of such services is $140,731.20.[4] In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by the Examiner is fair and reasonable given (a) the complexity of the issues the Examiner has been charged with investigating, (b) the timeframe within which the Examiner has been asked to complete his investigation and prepare his report, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

---

[4] It is possible that some professional time expended or expenses incurred by the Examiner during the Fourth Monthly Period are not reflected in the amounts set forth in this Application. The Examiner reserves all rights to include such amounts in future fee applications to the Court.

10

WHEREFORE, the Examiner respectfully requests that the Court enter an order (a) awarding him interim compensation for professional services rendered during the Fourth Monthly Period in the amount of $140,731.20 (80% of $175,914.00); (b) authorizing and directing the Debtors to remit payment to the Examiner for such fees and expenses; and (c) granting such other and further relief as the Court deems just and proper.

Dated: Washington, DC
November 21, 2007

By: _____
Michael J. Missal, Esq.
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
A Member of the Firm
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000

11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                          :
                                                :  Chapter 11
NEW CENTURY TRS HOLDINGS, INC.,                 :
a Delaware Corporation, et al.,                 :  Case No. 07-10416 (KJC)
                                                :
                        Debtors.                :  Jointly Administered
                                                :
---------------------------------------------------------------x

## VERIFICATION

DISTRICT OF COLUMBIA ) ss.:

Michael J. Missal, having been duly sworn according to law, deposes and says as follows:

1. I am the Court-approved Examiner in the above-captioned Chapter 11 cases, and I have been admitted *pro hac vice* to appear before this Court in this matter.

2. I am familiar with the work I performed as Examiner during the Fourth Monthly Period.

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the requirements of Del. Bankr. L. R. 2016-2 and the Fee Procedures Order, and I believe that the Application is in compliance therewith.

_____
Michael J. Missal

SWORN AND SUBSCRIBED before me
this 21th day of November 2007.

_____
Notary Public, District of Columbia
My Commission Expires: _____

GREGORY PROCTOR
Notary Public, District of Columbia
My Commission Expires - September 30, 2008

NY-566853 v1