**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC<br>) Chapter 11<br>) Jointly Administered<br>) **Hearing Date:  December 20, 2007** |
| Debtors, | ) **Response Date:  December 13, 2007** |

**FIDELITY BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1)**

NOW COMES Fidelity Bank, by and through its attorney Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2.  Fidelity Bank is a corporation located at 100 East English, Wichita, Kansas, 67202.

3.  On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On or about March 2, 1993, non-filing borrower Anne Marie Abrahamsen (hereinafter "Borrower") executed and delivered an indenture of mortgage in the principal sum of $80,000.00 unto The Chase Manhattan Bank, N.A. Said mortgage created a lien upon the property therein mentioned, 133 Old Route 32, Saugerties, New York, 12477, all of which is of record in the Office of the County Clerk in Ulster County, State of New York. The Chase Manhattan Bank, N.A. subsequently executed an assignment of the mortgage unto Fidelity Bank. Copies of said mortgage and assignment are attached collectively hereto as Exhibit "A".

5. On or about August 8, 2006, New Century Financial Services, Inc., who upon information and belief is a Debtor in the within case, obtained a Judgement Lien against the Borrower, all of which is of record in the Office of the County Clerk in Ulster County, State of New York. A copy of said Judgement is attached hereto as Exhibit "B".

6. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

7. At present, Borrower is contractually delinquent to Movant and a foreclosure proceeding is pending.

8. Any potential equity would not benefit the Debtors' Estate since the Debtors merely hold a possible lien, which would be junior to Fidelity Bank's lien.

9. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower.

WHEREFORE, Fidelity Bank hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause.

                                    WHITTINGTON & AULGUR

By:  /s/ Kristi J. Doughty
     Robert T. Aulgur, Jr. (No. 165)
     Kristi J. Doughty (No. 3826)
     651 N. Broad Street, Suite 206
     P.O. Box 1040
     Middletown, DE  19709-1040
     (302) 378-1661
     Attorney for Movant

Date:  November 27, 2007