IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC. | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, , et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ACCUVANT INC.'S RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY RULES 3007 AND 9014 AND LOCAL RULE 3007-1 TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) BOOKS AND RECORDS CLAIMS; AND (III) REDUCED AND/OR RECLASSIFIED CLAIMS (CLAIM NO. 3277)

Accuvant, Inc. ("Accuvant"), by and through its attorneys Holland and Hart LLP, hereby responds to the Debtors' Second Omnibus Objection to Claims: Substantive Objection Pursuant to 11.U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1 To Certain (i) Amended and Superseded Claims; (ii) Books and Records Claims; and (iii) Reduced and/or Reclassified Claims (the "Second Omnibus Objection") as follows:

1. On or around April 2, 2007, the Debtors in the above-captioned jointly administered case filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code

2. On June 28, 2007, the Court entered an Order establishing August 31, 2007 at 5:00 p.m. as the bar date for filing proofs of claim in the Debtors' chapter 11 cases.

3. On or around August 31, 2007, Accuvant filed its proof of claim in the amount of $57,155.10 ("Proof of Claim").

4. The Proof of Claim represents pre-petition contractual payments due and owing to Accuvant by the Debtors as of the petition date.

5. On October 31, 2007, the Debtors' filed the Second Omnibus Objection. The Debtors object to Claim No. 3277 based upon their belief that they are not liable for this claim "because (i) the Debtors' Books and Records Claims, which the Debtors believe to be accurate, do not reflect the existence of the asserted [Proof of Claim] or otherwise indicate a scheduled liability of zero with respect to such [Proof of Claim], or (ii) the asserted [Proof of Claim] has previously been satisfied by the Debtors and their Books and Records Claims do not reflect any additional amounts owing on account of the asserted [Proof of Claim]." *See Second Omnibus Objection,* at ¶ B.9.

6. Attached to Claim No. 3277are copies of the pre-petition invoices setting forth the pre-petition products and services completed for New Century Mortgage Corporation (Case No. 07-10419) and the pre-petition amounts owing to Accuvant for such products and services by New Century Mortgage Corporation, including: (i) Invoice No. INV-36879 dated February 28, 2007, in the amount of $34,343.06; (ii) Invoice No. INV-36880 dated March 1, 2007, in the amount of $11,406.02; and (iii) Invoice No. INV-37279 dated April 1, 2007, in the amount of $11,406.02 (the "Invoices"). A copy of the Invoices and a statement summarizing outstanding invoices owing Accuvant by New Century Mortgage Corporation as of August 29, 2007 are attached hereto as *Exhibit A*.

7. Also attached to the Proof of Claim are copies of the Master Agreement and applicable Purchase Order Number 019300. A copy of the Master Agreement is attached hereto as *Exhibit B* and a copy of the Purchase Order is attached hereto as *Exhibit C*.

8. The Master Agreement and invoices clearly provide that New Century Mortgage Corporation is indebted to Accuvant. In particular, section 4.C of the Master Agreement provides that "All amounts are due and payable within 30 days of [New Century Mortgage Corporation's] receipt of invoice."

9. Accuvant has not received payment for the invoices dated February 28, 2007, March 1, 2007, or April 1, 2007. The Debtors' allegation that the Debtors' records and books do not list the Proof of Claim amount as outstanding and owing to Accuvant is insufficient to eliminate the Debtors' contractual and legal obligation to pay the amounts owing pursuant to the Master Agreement, Purchase Order No. 019300 and pre-petition Invoices.

10. The Debtors have provided no basis upon which Accuvant is not entitled to the reasonable value of these pre-petition products and services rendered to the New Century Mortgage Corporation.

11. The invoices are due and owing by New Century Mortgage Corporation.

12. Accuvant asserts that Claim No. 3277 is correct and should be allowed in its entirety.

13. Any and all replies to this Response should be directed to:

| | |
|---|---|
| Accuvant Inc. | Holland & Hart LLP |
| Attn: Jennifer Dewar | Attn: Rochelle Rabeler |
| 621 Seventeenth Street | 555 Seventeenth Street, Suite 3200 |
| Suite 2425 | P.O. Box 8749 |
| Denver, CO 80293 | Denver, CO 80201 |
| Telephone: (303) 298-0600 | Telephone: (303) 295-8000 |
| Facsimile: (303) 298-0868 | Facsimile: (303) 295-8261 |
| jdewar@accuvant.com | RNRabeler@hollandhart.com |

14. Ms Dewar and Ms. Rabeler, whose contact information appears in paragraph 13 above, possesses ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of Accuvant.

WHEREFORE, Accuvant respectfully requests that this Court deny Debtors' Second Omnibus Objection with respect to claim no. 3277, allow claim no. 3277, and grant Accuvant such other and further relief to which it may show itself justly entitled.

Dated November 26, 2007

Respectfully submitted,

_____
Risa L. Wolf-Smith, Colorado #15835
Rochelle N. Rabeler, Colorado #38554
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado 80201-8749
Telephone: (303) 295-8355
Facsimile: (303) 291-9153
E-Mail: rnrabeler@hollandhart.com
         rwolf@hollandhart.com

**ATTORNEYS FOR ACCUVANT INC.**