IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, ) | |
| INC., a Delaware Corporation, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**INTERNAL REVENUE SERVICE'S OBJECTION TO MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) FOR AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE INTERNAL REVENUE SERVICE AND GRANTING RELATED RELIEF**

The Internal Revenue Service (the "Service"), by and through its undersigned counsel, hereby submits this objection to a Motion of the Debtors and the Debtors-in-Possession (collectively, the "Debtors")[1] pursuant to 11 U.S.C. §§ 105(a) and 362(a) for an Order enforcing the automatic stay against the Service and granting related relief (the "Motion"), filed on November 15, 2007.

As grounds for its objection, the Service states that (1) the Motion is not ripe for consideration because the Service has until December 31, 2007 to act on the application for a tentative carryback adjustment; (2) the Court is without jurisdiction to review the Service's failure to act on the application for a tentative carryback adjustment.

**STATEMENT OF FACTS**

On April 2, 2007 (the "Petition Date"), the Debtors filed petitions for relief and

---

[1]The Service incorporates by reference the definition of "Debtors" contained in the Motion at page 1 and footnote 1.

the Debtors' bankruptcy cases are being jointly administered pursuant to an order of the Court. On July 17, 2007, the Debtors submitted a Form 1139 to the Service.[2] On its Form 1139, the Debtors claimed a net operating loss carryback from the 2006 taxable year to the 2004 taxable year, which they claimed resulted in an allowable tax refund for the 2004 taxable year in the amount of approximately $66 million (the "Tax Refund"). The Debtors had previously received an extension to file their tax returns until September 15, 2007.

The Service has not, to date, acted on the Debtors' claim for refund. According to the Motion, the Tax Refund is "reflected by the Service on the Debtors' transcript of account as being allowed and credited to their account." (Motion ¶ 6.) While the Debtors are correct that the Tax Refund appears on their account,[3] the decision about whether to allow or to deny the Tax Refund has not yet been made. (Flores Decl. ¶ 3.)

### RELIEF REQUESTED

The Service seeks an entry of an order denying the Motion.

### BASES FOR RELIEF REQUESTED

The Debtors seek an entry of an order enforcing the Debtors' automatic stay and

---

[2] "A taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback provided in section 172(b) . . ." 26 U.S.C § 6411(a). "Except for purposes of applying section 6611(f)(4)(B), an application under this subsection shall not constitute a claim for credit or refund." 26 U.S.C. § 6411(a).

[3] The actual amount of the credit for the 2004 shown on the transcript is $48,258,082 (representing a difference between the $66 million requested as a refund and $17.8 million representing the tax assessment for the 2006 tax year).

directing the Service to release the Tax Refund.  (Motion ¶ 8.)  The Debtors allege that they are entitled to the Tax Refund, that the Tax Refund has been allowed by the Service, and that by not releasing said refund, the Service is violating the automatic stay.  The Motion is premature at this point since (a) the Service has not, in fact, ruled on whether the Tax Refund is allowed and (b) the Service has until December 31, 2007 to determine whether the Debtors are entitled to the Tax Refund.  In the event that the Court rules that the deadline for the decision has passed, the Court is without jurisdiction to order any relief for the Service's failure to act.

1. *The Motion is Not Ripe for Consideration*

As the attached declaration of Revenue Agent Flores makes clear, the Debtors are simply mistaken in their belief that the Tax Refund has already been allowed.  Revenue Agent Flores is quite clear that no decision has been made.

Nor does such a decision need to be made at this point since the Service has until December 31, 2007 to act.

The Debtors submitted a Form 1139 to the Service on July 17, 2007.  According to the Debtors, the Service only has 90 days from that date to act.  The Debtors do acknowledge that the Treasury Regulations provide for an alternative later date, but insist "that the Regulations are inconsistent with Section 6411, and thus, not valid."  (Motion ¶ 7 and n. 3.)  The Debtors are mistaken as <u>both</u> the Internal Revenue Code and the Treasury Regulations allow the Service to wait until 90 days after the last date for filing the relevant tax return.

Specifically, the Internal Revenue Code provides that "[w]ithin a period of 90 days from the date on which an application for a tentative carryback adjustment is filed under subsection (a), or from the last day of the month in which falls the last date prescribed by law (including any extension of time granted the taxpayer) for filing the return for the taxable year of the net operating loss . . ., whichever is later, the Secretary shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein . . . ."  26 U.S.C. § 6411(b).  See also 26 C.F.R. § 1.6411-3(a) (stating that the Commissioner shall act within 90 days "from whichever of the following two dates is the later: (1) [t]he date the application is filed; or (2) [t]he last day of the month in which falls the last date prescribed by law (including any extension of time granted the taxpayer) for filing the return for the taxable year of the net operating loss.")

In this case, the Debtors obtained an extension to file until September 15, 2007. The Service, by the plain meaning of the statute and the accompanying regulations, has until December 31, 2007[4] to act.  Since the Service has not wrongfully withheld the Tax Refund, the Service has not violated the automatic stay.

2.      *The Court Lacks Jurisdiction to Review the Service's Failure to Act*

Should this Court find that the Service had to act within 90 days of July 17, 2007, the Service submits that its failure to act is not reviewable.

It is clear from the statute and all other existing authority that the Service's

---

[4]The actual date is December 29, 2007, but that date falls on a Saturday.

decision to disallow a claim for refund cannot be reviewed by the Court. See 26 U.S.C. § 6411(b)( "[T]he Secretary may disallow, without further action, any application which he finds contains errors of computation which he deems cannot be corrected by him within such 90-day period or material omissions.") See also 26 C.F.R. § 1.6411-1(b)(2) ("[i]f such application is disallowed by the district director or director of a service center in whole or in part, no suit may be maintained in any court for the recovery of any tax based on such application.")[5]; 26 C.F.R. § 1.6411-3(c) ("[t]he Commissioner's determination as to whether the Commissioner can correct any error of computation within the 90-day period shall be conclusive. Similarly, the Commissioner's action in disallowing, in whole or in part, any application for a tentative carryback adjustment shall be final and may not be challenged in any proceeding."); Acme Steel Co. v. Commissioner, T.C. Memo 2003-118, at *21 (stating that "if the tentative refund is disallowed, no action to obtain it may be commenced in any court.")

    The fact that the Service has failed to act, rather than denied the claim is irrelevant. Just like the Service's denial of an application is not reviewable, so is the Service's failure to act. See, e.g., In re Souhwestern States Marketing Corp., 179 B.R. 813, 815-816 (N.D. Tex. 1994) (upholding the bankruptcy court's finding that the Service is not required to turn over the requested funds even though it failed to disallow the claim

---

[5]"The taxpayer, however, may file a claim for credit or refund under section 6402 at any time prior to the expiration of the applicable period of limitation, and may maintain a suit based on such a claim if it is disallowed or if the district director or director of a service center does not act on the claim within 6 months from the date it is filed." 26 C.F.R. § 1.6411-1(b)(2). See also 26 C.F.R. § 4.6411-3(c).

for a tentative refund within the requisite period); Pesch v. Commissioner, 78 T.C. 100, 115 (1982) (stating that "[n]either section 6411 nor the regulations promulgated thereunder impose any sanction against [the Service] for his failure to act within the 90-day period.")

The court in In re Souhwestern States Marketing Corp. laid out the Trustee's arguments against the Service and rejected them as follows:

> The Trustee argues that because the IRS failed to disallow the claim for a tentative refund within the requisite period, it is now required to turn over the requested funds. The Trustee's reliance on Rev. Rul. 78-369, 1978-2 C.B. 324, and Rev. Rul. 84-175, 1984-2 C.B. 296 is misplaced. Both Revenue rulings address the question of when the Commissioner may rely on a proposed deficiency to deny a properly filed application for a tentative refund. Neither has any bearing on the question of whether 26 U.S.C. § 6411(d)(2) operates as a statute of limitations.
>
> Similarly, the Trustee's claim that the clear language of the statute must be enforced is misleading, since the statute provides no sanction for the Commissioner's failure to act within the prescribed period. Indeed, the only caselaw on this issue demonstrates that the Trustee's position is without merit. . . . The Trustee has not cited any caselaw to the contrary. The bankruptcy court's ruling on this issue was correct.

In re Souhwestern States Marketing Corp., 179 B.R. at 815-816.

The Debtors insist that they are entitled to a Tax Refund. However, "Section 6411 does not set forth the consequences of a failure [by the Service] to act within the 90-day period on an application for a tentative carryback adjustment . . . ." Pesch, 78 T.C. at 115. Accordingly, the Service did not violate the automatic stay by failing to act on the Debtors' request.

The Debtors' only recourse is to file a formal claim for refund. See 26 C.F.R. §

1.6411-1(b)(2); see also 26 C.F.R. § 4.6411-3(c).  The Court will then have jurisdiction under 11 U.S.C. § 505 to determine whether the refund was wrongfully withheld.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

DATE: November 28, 2007

        Respectfully submitted,

        /s/ Jan M. Geht
        JAN M. GEHT
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C.  20044
        Telephone: (202) 307-6449
        Fax: (202) 514-6866
        E-mail: jan.m.geht@usdoj.gov
        *Counsel for the United States*

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing OBJECTION was served on November 28, 2007, by ECF and by placing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

MARK D. COLLINS
MICHAEL J. MERCHANT
CHRISTOPHER M. SAMIS
Richards Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899

SUZANNE S. UHLAND
BEN H. LOGAN
VICTORIA NEWMARK
EMILY R. CULLER
O'Melveny & Meyers LLP
275 Battery Street
San Francisco, CA 94111

           /s/Jan M. Geht
           JAN M. GEHT