IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.[1]<br>Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered<br><br>**Hearing Date: 12/5/07 at 1:30 p.m.**<br>**Objection Deadline: 11/28/07**<br>**Relates to D.I. 3848** |

**LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 345 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING DEBTORS TO REALLOCATE CERTAIN INVESTMENTS IN CONNECTION WITH DEFERRED COMPENSATION PLANS (DOCKET #3848)**

Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa") and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Plans"), for themselves and all other similarly situated, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries"), object to the Debtors' Motion Pursuant To Sections 105(a) And 345 Of

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

The Bankruptcy Code For Order Authorizing Debtors To Reallocate Certain Investments In Connection With Deferred Compensation Plans (Docket # 3848) (the "Motion"), and in further support thereof, state as follows:

**Jurisdiction, Venue and Basis for Relief Sought**

1. This Court has jurisdiction over the Motion and this Objection and Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The alleged predicates for the relief sought by the Debtors are 11 U.S.C. §§105, 345; however, the Beneficiaries specifically deny that either section of the Bankruptcy Code has application to the Motion.

**Background**

2. On or about January 1, 1999, New Century Financial Corporation ("New Century") executed and made available to eligible employees the New Century Deferred Compensation Plan. New Century subsequently replaced the original Deferred Compensation Plan with the New Century Financial Corporation Deferred Compensation Plan Amended and Restated July 1, 2004 (the "Plan").

3. Amounts contributed to and/or withheld under the Plan from the participants' salaries, bonuses and commissions were placed in a trust ("Plan Assets"). As of December 31, 2006, the trust contained as much as $49 million of Plan Assets. The Plan Assets were invested in accordance with the investment plans of the individual beneficiaries.

4. The Debtors filed petitions for chapter 11 relief on April 2, 2007 (the "Petition Date") and the cases have been jointly administered by this Court.

5. Following a May 7, 2007 hearing on the Beneficiaries' Motion for Appointment of an Additional Committee, this Court ruled – based on the parties' agreement – that the Plan Assets should remain held in a segregated account (the "Segregated Account") and that the *status quo* be maintained as to the Plan Assets and the Segregated Account pending further order.

6. On June 20, 2007, the members of the Ad Hoc Beneficiaries Committee initiated an adversary proceeding against the Debtors, Wells Fargo Bank N.A. as Trustee, the Compensation Committee of the Board of Directors of New Century Financial Corporation as the Plan Administrator, and the Official Committee of Unsecured Creditors by filing a Complaint seeking, *inter alia,* declaratory and equitable relief to redress violations of ERISA with regard to the funds held in the Segregated Account (the "Adversary Proceeding"). The Beneficiaries, among other relief, seek a ruling that the Plan Assets in the Segregated Account are being held in trust for the exclusive benefit of the Beneficiaries. Motions to dismiss were filed by certain of the defendants in the Adversary Proceeding; the motions to dismiss have been briefed and argued and are pending decision.

**The Present Motion**

7. On unexplainably short notice,[2] the Motion seeks leave to reallocate certain investments of the Plan Assets to lower-risk investment vehicles and to pay off the Insurance Loan (as defined in the Motion). The Motion alleges, without any documentary support, that the Plan is significantly overfunded and that the Insurance Loan can therefore be paid without a risk to benefits that are owed to Beneficiaries. In

[2] The Motion was filed November 17, 2007, and served by mail. No motion to shorten or limit notice was filed. The Motion bears a response date of November 28, 2007, or just 11 days, in violation of Local Rule 9006-1(c).

addition, the Motion apparently seeks leave to pay from the Plan Assets an estimated $100,000 in attorneys' fees purportedly incurred by the Plan's trustee, Wells Fargo Bank. N.A. (the "Trustee") for participating in this bankruptcy case, as well as other routine fees allegedly owed to the Trustee. The Debtors suggest that the attorneys' fees incurred by the Trustee should be treated as administrative expenses under section 503 of the Code, although why and how the estates have benefited from the Trustee's participation to date are not explained.

8.  The Motion is based at least in part upon an argument that the reallocation of the investments is mandated by section 345 of the Bankruptcy Code. Section 345 of the Code neither applies to this matter nor mandates any reallocation of investments of Plan Assets. First, section 345 applies only to the "investment of the money of the estate...." 11 U.S.C. §345(a). For the reasons set forth in the Beneficiaries' Adversary Proceeding complaint and their briefs filed with this Court, the Plan Assets are not property of the Debtors' bankruptcy estates but are held for the exclusive benefit of the Beneficiaries.

9.  The Plan Assets are not, under any scenario, assets of *all* of the Debtors' estates, as the Motion itself concedes. Motion at ¶¶13-16. "It is the Debtors' position that as a result of the Debtors' insolvency, the Plaintiffs' deferred compensation claims are general unsecured claims *against NCF* under the terms of the Deferred Compensation Plan .... [and] have no rights to the amounts in the Trust that are 'greater than those of a general creditor of [NCF]'. " (emphasis added) Id. ¶16, quoting the language of the Plan. Therefore, even if the Plan were found to be a "top hat" plan such that the exclusive benefit rules of ERISA did not apply – and the Beneficiaries do not believe that will ever


be the case – the plain language of the Plan provides that the Plan Assets are to be shared only among the Beneficiaries and any general unsecured creditors of debtor New Century Financial Corporation, not of any other entity.

10. In addition, the language of section 345 is permissive. E.F. Hutton Southwest Properties II, Ltd. v. Union Planters National Bank ( In re E.F. Hutton Southwest Properties II, Ltd), 953 F.2d 963, 974 (5th Cir. 1992). It does not require investment of funds, much less any particular investment strategy. Id. While the UST does provide guidelines for investment of funds of an estate, the standard is the same "prudent person" standard governing all trustee activities, and trustees who perform negligently may be held liable for being too conservative as well as too aggressive in investing the assets held in trust. E.g., In re Charlestown Home Furnishing, 150 B.R. 226, 228 (Bankr. E.D. Mo. 1993)("trustee must conform to the legal standard of a prudent person making investment decisions regarding his own money…The duty to invest will arise when the estate will remain open for a sufficient period of time to make investment practical," *citing* In re Consupak, Inc., 87 B.R. 529, 545 (Bankr. N.D. Ill. 1988)). The Beneficiaries also contend that the Debtors and the Trustee have to meet ERISA's standards for investment of Plan Assets by plan fiduciaries. Section 345 does not mandate any particular result under these circumstances, other than that the Debtors and the Trustee must, as always, meet these applicable standards.

11. The Beneficiaries also object to the payment of any attorneys fees to Trustee Wells Fargo to the extent that any of such fees were incurred in the preparation and prosecution of the Trustee's motion to dismiss the Beneficiaries' complaint. The Trustee is subject to a duty to act impartially as to all classes of beneficiaries. That duty

of impartiality requires that a trustee remain neutral in controversies between or among possible beneficiaries. See generally, RESTATEMENT (THIRD)OF TRUSTS § 79 cmts. c and d (2005). California law, which governs the Trust, is in accord:

> Since a trustee must deal impartially with beneficiaries, he should not be allowed to participate in the adjudication of their individual claims. Under such circumstances, the trustee is ... a mere stakeholder with no duties to perform other than to pay out funds to the various claimants as ordered by the proper court, and the beneficiaries must protect their own rights.

Estate of Ferrall, 33 Cal. 2d 202, 204-205, 200 P. 2d 1, 2-3 (1948). See also, Estate of Goulet, 10 Cal. 4th 1074, 1079, 898 P. 2d 425, 427, 43 Cal. Rptr. 2d 111, 113 (1995) (same, citing Estate of Ferrall). No fees should be awarded to a trustee for improperly choosing sides in such a dispute. RESTATEMENT (THIRD) OF TRUSTS § 79 & CMTS. In addition, the Trustee's efforts in prosecuting its motion to dismiss, which largely parroted the Debtors' briefs, did not benefit the estate. In contrast to the Trustee's lengthy, mere repetition of the Debtors' arguments, the Committee took the preferred course and simply joined in the Debtors' briefs and added any additional argument necessary. Aside from small portions addressing its unique concerns, which may have been legitimate, the Trustee's brief and argument added nothing No basis exists under section 503 of the Bankruptcy Code to pay for it.

12. Notwithstanding the above, the Beneficiaries do not object, in concept, to the proposed reallocation of investments or the payment of the Insurance Loan, provided the factual basis detailed in the Motion is accurate. Under the factual assumptions set forth in the Motion, the reallocation of investments and the payment of the Insurance Loan are prudent steps. because formal discovery has not yet begun, however, and the

Debtors have generally resisted any material informal discovery regarding the details surrounding the Plans or the Plan Assets, the Motion is largely an *ipse dixit* by the Debtors. The Beneficiaries are asked – without benefit of supporting documentation – to accept the assertions that the Plans are overfunded, that the number of employees with vested benefits is as stated, that the sum of vested benefits is as stated and that the Plan Assets are allocated as set forth in the Motion. The entire justification for paying the Insurance Loan is based upon the unsupported statement that the repayment amount is less than the amount of overfunding. The Court, the Beneficiaries, the Ad Hoc Committee and their counsel need to see the evidence that supports the factual assertions in the Motion before they can take any position with respect to the Motion.

13. Provided they are supplied with documentation sufficient to support the underlying factual premises of the Motion, the Ad Hoc Committee and the Beneficiaries will likely consent to the reallocation of investments to lower risk investments, as well as the prompt repayment of the Insurance Loan. With respect to they repayment of the Insurance Loan, however, it would seem incumbent upon the Debtors to demonstrate that the interest rate being paid is either equal to or greater than the percentage performance of the funds under management; otherwise, it is more prudent to keep the funds invested and the loan unpaid.

14. The Beneficiaries also do not object to the payment of the Trustee's usual fees for the rendition of trustee services, including any which may be required if the reallocation proceeds, provided that a breakdown of such fees is provided to the Ad Hoc Committee and its counsel prior to payment, and such fees are reasonable and necessary. The Beneficiaries respectfully request that all such documentation be provided well in

advance of the hearing on the Motion such that the Ad Hoc Committee and the Beneficiaries can inform the Court as to their final position on the relief sought by the Motion.

WHEREFORE, the Beneficiaries respectfully request this Court enter an Order with respect to the Motion consistent with the Limited Objection set forth above.

Dated: November 28, 2007

**STEVENS & LEE, P.C**

*/s/ Joseph H. Huston, Jr.*
JOSEPH H. HUSTON, JR. (NO. 4035)
1105 NORTH MARKET STREET
SUITE 700
WILMINGTON, DE 19801
TELEPHONE: (302)425-3310
TELECOPIER: (610) 371-7972
EMAIL: *jhh@stevenslee.com*

- and -

**BERNSTEIN, SHUR, SAWYER & NELSON**

ROBERT J. KEACH
MICHAEL A. FAGONE
100 MIDDLE STREET, P.O. BOX 9729
PORTLAND, ME 04104-5029
TELEPHONE: (207) 774-1200
TELECOPIER: (207) 774-1127
EMAIL: *rkeach@bernsteinshur.com*
*mfagone@bernsteinshur.com*