UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |

**WELLS FARGO BANK N.A.'S RESPONSE TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 345 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING DEBTORS TO REALLOCATE CERTAIN INVESTMENTS IN CONNECTION WITH DEFERRED COMPENSATION PLANS**

Wells Fargo Bank N.A. ("Wells Fargo"), a defendant in adversary proceeding No. 07-51598, respectfully submits this response to the debtors' motion pursuant to Sections 105(a) and 345 of the Bankruptcy Code for an Order authorizing the debtors to reallocate certain investments in connection with deferred compensation plans. Although Wells Fargo does not oppose the relief that the debtors seek, it wishes to briefly clarify several matters raised by the motion. Accordingly, Wells Fargo now states as follows:

DEL1 67407-1

1. Wells Fargo is the directed trustee of a rabbi trust ("Trust") established by the debtors under the New Century Supplemental Benefit and Deferred Compensation Trust Agreement ("Trust Agreement"). The Trust was established as a potential funding source that the debtors could (but were not obligated to) use to provide benefits under the New Century Financial Corporation Deferred Compensation Plan ("Plan").

2. As a directed trustee, Wells Fargo invests the Trust assets as directed by the debtors; Wells Fargo does not choose or recommend investments to the debtors or to Plan participants.

3. Currently, the Trust assets are invested in a life insurance policy, the proceeds of which are principally invested in an assortment of equity, bond, and money market mutual funds in accordance with the debtors' direction. To the best of Wells Fargo's understanding, Plan participants select an investment allocation for the benefits due them under the Plan, and the debtors direct the life insurer to invest the proceeds of the life insurance policy in a manner intended to mirror the Plan participants' investment allocations. Wells Fargo does not participate in the allocation or reallocation of the life

insurance proceeds. Such instructions are determined and transmitted by the debtors directly to the life insurer.

4.  In their motion, the debtors seek an Order authorizing them to change the investment allocation of the life insurance proceeds. Wells Fargo understands that such an instruction, if authorized by the Court, would be transmitted to the life insurer directly given that Wells Fargo does not manage, or otherwise participate in, the investment allocation of the insurance proceeds.

5.  The debtors point out in their motion (at 6) that they attempt to tailor the investment allocation of the life insurance policy in accordance with Plan participant's individual investment elections to ensure that there is sufficient value in the policy to cover the Company's obligations under the Plan. In the event that the debtors direct the life insurer to reinvest the entirety of the insurance proceeds in cash or cash equivalents, Wells Fargo respectfully suggests that the Plan participants must also be deemed to have changed their individual investment allocations to cash or cash equivalents. If the Plan participants' allocations do not remain aligned with the actual allocation of the life insurance proceeds, it is possible that the Trust assets will not be sufficient to

cover the Company's obligations under the Plan if the plaintiffs ultimately establish that they are entitled to the Trust assets.  For example, if most participants have elected an allocation consisting entirely of growth funds that return 15% over the next six months, the Trust may lack sufficient assets to satisfy the debtors' obligations under the Plan—assuming again that plaintiffs prevail--if the insurer is instructed in the near term to reallocate all the insurance proceeds to cash.

6.    Although Wells Fargo is not involved in the investment of the insurance proceeds, it would have the ability as trustee to surrender the life insurance policy in exchange for its cash value if the debtors obtained the Court's approval to issue such an instruction.  Wells Fargo understands that the current surrender value of the life insurance policy, net of the outstanding insurance loan described in the debtors' motion, is approximately $47 million.  Wells Fargo of course would comply with any Orders issued by the Court.

Dated: November 28, 2007.

                               Respectfully submitted,

                               KLEHR, HARRISON, HARVEY,
                               BRANZBURG & ELLERS LLP

                                 */s/   Christopher A. Ward*
                               Joanne B. Wills (Del. No. 2357)
                               Christopher A. Ward (Del. No. 3877)
                               919 Market Street, Suite 1000
                               Wilmington, DE 19801
                               Tel:(302)426-1189
                               Fax:(302)426-9193
                               jwills@klehr.com
                               cward@Klehr.com

                               Andrew A. Nicely
                               Tai Lui Tan
                               MAYER BROWN LLP
                               1909 K Street, N.W.
                               Washington, DC 20006-1101
                               Tel: (202)263-3000
                               Fax: (202)263-3300
                               anicely@mayerbrown.com

                               Counsel to Defendant Wells Fargo Bank N.A. a/k/a Wells Fargo ITS