## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : | **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| Debtors. | : | Objection Deadline: December 18, 2007 at 4:00 p.m. |
| | : | |
| | : | |

## FIFTH MONTHLY APPLICATION OF GRANT THORNTON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS TAX ACCOUNTANTS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

Name of Applicant:                                    Grant Thornton LLP

Authorized to Provide Professional Services to:       The above-captioned debtors and debtors-in-possession

Date of Retention:                                    June 15, 2007, *nunc pro tunc* to April 2, 2007

Period for which compensation
and reimbursement are sought:                         October 1, 2007 through October 31, 2007

Amount of Compensation sought as actual,
reasonable, and necessary:                            $187,433.60 (80% of $234,292.00)

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $1,766.49

This is a(n): _X_ monthly ___ interim ___ final application

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[2] | : |
| | : **Jointly Administered** |
| | : |
| **Debtors.** | : **Objection Deadline: December 18, 2007 at 4:00 p.m.** |
| | : |
| | : |

**FIFTH MONTHLY APPLICATION OF GRANT THORNTON LLP FOR ALLOWANCE**
**OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES AS TAX ACCOUNTANTS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD**
**FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Grant Thornton LLP ("GT") hereby files this Third Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Tax Accountants to the Debtors and Debtors in Possession for the Period From October 1, 2007 through and including October 31, 2007 (the "Application"). By this Application, GT seeks a monthly allowance pursuant to the Administrative Order with

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

respect to the sums of $187,433.60 (80% of $234,292.00) as compensation and $1,766.49 for reimbursement of actual and necessary expenses for a total of $189,200.09 for the period October 1, 2007 through and including October 31, 2007 (the "Compensation Period"). In support of this Application, GT respectfully represents as follows:

**Background**

1.    On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    On May 2, 2007, the Debtors submitted to the U.S. Trustee the Application of Debtors and Debtors in Possession for Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Accountant to the Debtor Nunc Pro Tunc to the Petition Date Pursuant to Sections327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 and the Affidavit of Don W. Dahl in Support of Application for Order, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Grant Thornton LLP as Tax Accountant to the Debtors (both documents together as the "Retention Documents"). The Retention Documents include two separate engagement letters between GT and the Debtors for the following services to be rendered by GT: 1) tax consulting services; and 2) tax compliance services (together, "Tax Accounting" services). GT's fees relating to the Tax Accounting services are charged based upon standard hourly rates as set forth below. The engagement

4

letters, as incorporated within the Retention Documents, state that GT will charge hourly rates for its rendering of tax consulting and tax compliance services. However, GT estimated that its fees for tax compliance services for the preparation of the 2006 federal and state tax returns would be about $621,000, as based upon prior years' experience with the Debtors. Although circumstances surrounding the Debtors' bankruptcy filing have required GT to provide additional tax consulting services towards rendering of the tax compliance services, GT has determined to limit its tax compliance fees to $621,000, and to write-off tax compliance fees generated in excess of this amount.    The foregone fees, which will ultimately benefit the Debtors' estates, are depicted in the attached Exhibits A and B. Should change orders or other intervening changes occur related to the tax compliance services, GT will bill for such services rendered related thereto, pursuant to the terms of the Retention Documents.

3.    On June 13, 2007, the U.S. Trustee filed the Objection of the United States Trustee to the Debtors' Application for an Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Accountant to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (Docket Entry #515) (the "Limited Objection"). In the Limited Objection, the U.S. Trustee did not object to the retention of GT. Instead, the Limited Objection sought to void a pre-petition transfer to GT and also to limit certain indemnification or limitations of liability language from GT's standard engagement terms as incorporated within the Retention Documents.

4.    On June 14, 2007, the Debtors filed the Supplemental Affidavit of Don W. Dahl in Support of Application for Order, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Grant Thornton LLP as Tax Accountant to the Debtors representing payment to the

Debtors' estates for the amount requested by the U.S. Trustee relating to the pre-Petition transfer to GT.

5.    The Debtors' retention of GT was approved effective as of the Petition Date by this Court's Order dated June 15, 2007 (the "Retention Order"). The Retention Order limited certain indemnification or limitations of liability language from GT's standard engagement terms as incorporated within the Retention Documents, as requested by the U.S. Trustee. The Retention Order authorized GT to be compensated and reimbursed for actual and necessary out-of-pocket expenses upon the filing and approval of interim and final fee applications.

### Compensation

6.    All services for which compensation is requested by GT were performed for or on behalf of the Debtors.

7.    Except to the extent of the retainer paid to GT, as described in the Retention Documents, GT has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between GT and any other person other than the professionals of GT for the sharing of compensation to be received for services rendered in these cases.

8.    The standard hourly rates charged by GT for its services in this Chapter 11 matter were previously disclosed in the Retention Documents and subsequently approved by the Court in the Retention Order. The standard hourly rates charged by GT for the professionals and paraprofessionals assigned to this matter are provided below:

|                                  | Range of<br>Hourly Rates |
|----------------------------------|--------------------------|
| Partner/Director                 | $530-$715                |
| Senior Manager                   | $465-$550                |
| Manager                          | $405-$460                |
| Senior Associate                 | $305-$385                |
| Associate                        | $215-$250                |
| Administrative/Paraprofessional  | $75-$175                 |

### Fee Statement

9.      GT's time entries are recorded contemporaneously with the rendition of services and are maintained by one-tenth of an hour (0.10 hour) increments.

10.      GT has not billed for the travel and commuting time its professionals incurred in connection with providing services to the Debtors.  To the extent GT professionals were engaged in productive activity (for the benefit of the Debtor) while traveling or commuting, such time was billed.

11.      Given the complexity of the various federal, state and local tax matters to be addressed by GT, a reasonable amount of time and effort has been invested in the administration and management of the engagement.  Considerable effort has been expended to ensure that each duty and task performed by GT was performed by a professional/paraprofessional who is qualified to render such service and that there was no duplication of efforts among GT personnel or between GT personnel and those of the Debtors' other professional advisors.  GT professionals have delegated responsibility (where appropriate) to utilize the services of professionals/paraprofessionals who bill at lower hourly rates.  GT is of the opinion that there has been no duplication of time or effort amongst its personnel.

12.      In circumstances where more than one person may have attended a client meeting or participated in a teleconference, such participation was required as a result of the

7

different projects involved and/or differing expertise of the persons participating. Other meetings or discussions may have been required as a result of a primary engagement person obtaining specialized data or information from someone not otherwise assigned to the engagement or as a result of having a more senior person review the work product of a more junior person. In all cases, such attendance at meetings and/or review of work product was not a duplication of effort, but was necessary to adequately represent the interests of the Debtors' estates.

13.     To the best of GT's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order. The compensation GT seeks is reasonable and is for actual and necessary services rendered. The types of services performed by GT were previously approved by the Court through its Retention Order. GT believes that all of the services performed by its professionals/paraprofessionals have been beneficial to the Debtors' estates, as well as to the interested parties to these proceedings, and have substantially contributed to the case. All expenses incurred by GT were necessarily incurred.

14.     Attached as Exhibit "A" is a summary of all GT professionals/paraprofessionals who provided services to the Debtors, their hourly billing rates and the time and fees incurred on each account of services rendered to the Debtors during the Compensation Period.

15.     Attached as Exhibit "B" is a summary of the total hours and the amount of fees incurred, by matter code, during the Compensation Period.

16.     Attached as Exhibit "C" is a monthly summary, by expense type, of the total reimbursable expenses incurred during the Compensation Period.

8

17.    Attached as Exhibit "D", in full and complete detail, are the time entries registered by each GT professional/paraprofessional (segregated by tax compliance and tax consulting services, and also sorted by date and matter code) who provided service to the Debtors during the Compensation Period.

### Summary of Services Rendered and Benefits Derived

18.    GT has extensive experience in providing tax compliance and tax consulting services. The nature and scope of the services rendered by GT in this case during the Compensation Period, and the benefits derived therefrom, are described in detail below, with a more detailed identification of the actual services provided set forth on the attached Exhibit D. The professionals and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

A.    Preparation of 2006 federal tax returns (tax compliance)

Fees: $0; Total Hours: 0.0

No time was charged to this matter description.

B.    Preparation of 2006 state tax returns (tax compliance)

Fees: $40,337.50; Total Hours: 145.7

This category includes all matters related to assisting the Debtors with the preparation of the Debtors' 2006 state income tax returns and supporting schedules thereto. GT will file state tax returns for the Debtors for various state and local tax returns for certain of the Debtors' subsidiaries, including analysis of 2006 state apportionment calculations in connection with such state and local filings. GT estimates they will file about 200 state and local tax returns.

GT's efforts in this regard helped ensure that the Debtors were in compliance with the necessary filing requirements of the various taxing agencies and thereby did not incur any

9

late filing fees or penalties.

C.    <u>Preparation of 2007 estimated federal and state tax payments (tax consulting)</u>

Fees: $1,779.50; Total Hours: 3.5

This category includes all matters related to assisting the Debtors with the preparation of the Debtors' 2007 estimated federal and state tax payments and supporting schedules thereto. GT will calculate and file any required estimated federal and state tax payments for the Debtors.

GT's efforts in this regard helped ensure that the Debtors were in compliance with the necessary filing requirements of the various taxing agencies and thereby did not incur any late filing fees or penalties.

D.    <u>Assistance with federal and state tax audits (tax consulting)</u>

Fees: $96,606.50; Total Hours: 197.9

This category includes all matters related to assisting the Debtors in preparing for and responding to inquiries by the Internal Revenue Service with respect to its audit of the Debtors' federal tax returns for 2003, 2004, 2005, and 2006 and also for certain state audits.

E.    <u>Providing general corporate tax consulting (tax consulting)</u>

Fees: $112,641.00; Total Hours: 263.8

This category includes all matters related primarily to analysis and tax research for preserving the tax attributes of the Debtors and meetings with the Debtors and other professionals thereto, and for nonrecurring consulting relating to the preparation of federal and state tax returns. During the course of the Debtors' bankruptcy proceeding, many of its key accounting and tax employees resigned or were terminated, thus requiring GT to incur additional time in gathering information, meeting with the Debtors and other professionals, and researching and analyzing data towards preparing the federal and state tax returns.

10

F.    General Case Administration (tax consulting)

Fees: $23,265.00; Total Hours: 115.6

Included within this matter classification is professional time incurred by GT personnel while performing various functions directly related to the administration of this case. Such activities include: managing, progress reporting and coordinating staff in preparing and filing of about 200 state and local tax returns for 2006; establishing time keeping procedures to be utilized by GT personnel in order to ensure compliance with the U.S. Trustee billing guidelines; drafting and revising the time detail and monthly fee application; and performing various administrative tasks related to the management of this case.

19.    As GT voluntarily capped its tax compliance fees at $621,000, no fees were billed during this Application period relating to tax compliance services. Total fees incurred relating to tax consulting services, net of the 20% hold-back were $187,433.60. Total expenses relating to both tax compliance and tax consulting services were $1,766.49, as detailed in Exhibit C.

## Conclusion

20.    Professionals and paraprofessionals of GT have expended a total of 726.5 hours in connection with this matter during the Compensation Period as described in Exhibit A. The nature of the work performed by these persons is fully set forth in Exhibit D attached hereto. These are GT's normal hourly rates for work of this character. The reasonable value of the services rendered by GT to the Debtors during the Compensation Period is $187,433.60 (80% of $234,292.00) as compensation and $1,766.49 for reimbursement of actual and necessary expenses for a total of $189,200.09.

21.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by GT is fair and

reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, GT has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, GT respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to GT in the sum of $187,433.60 (80% of $234,292.00) as compensation and $1,766.49 for reimbursement of actual and necessary expenses for a total of $189,200.09, and that such sums be authorized for payment less what has been paid previously to GT pursuant to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Executed this __27__th day of November, 2007 at Irvine, California.

Grant Thornton LLP
18400 Von Karman Avenue, Suite 900
Irvine, CA  92612

Tax Accountants to the Debtors

By: _____
Gary A. Grush

## DECLARATION OF GARY A. GRUSH

I, Gary A. Grush do hereby declare and state as follows:

     1.    I am a partner of Grant Thornton LLP ("GT"), tax accountant to New Century TRS Holdings, Inc. (the "Debtor"). If called, I could testify to the matters set forth below from my own knowledge and belief.

     2.    GT seeks an award of compensation for services rendered during the period covered by the attached Fifth Monthly Application (as defined therein) in the amount of $187,433.60 representing professional fees for 726.5 hours of services rendered plus $1,766.49 as reimbursement for expenses incurred.

     3.    To the best of my knowledge, the attached Fifth Monthly Application complies with United States Trustee Billing Guidelines.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed this _27_ th day of November, 2007 at Irvine, California.

     Grant Thornton LLP
     18400 Von Karman Avenue, Suite 900
     Irvine, CA  92612

     Tax Accountants to the Debtors

     By: _____
          Gary A. Grush