Documentation Enclosed
for Claim # 871
Case # 07-10416

NOV 30 2007

DOR

3155                                                        38
                                                      07-10416

DONALD E AND JUDY S WILLIAMS
PO BOX 625
LANCASTER SC 29721

1. U.S. Bankruptcy Court for the District of Delaware
   824 Market St 5th Floor
   Wilmington DE 19801

   Case # 07-10416        Claim # 871

   Debtors First Omnibus Objection to Claims — Non Substantive Objection Pursuant to 11 USC § 502. Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 To Certain (A) Amended Claims (B) No Supporting Documentation Claims (C) Duplicate Claims (D) Late Filed Claims

2. Donald E and Judy S. Williams
   PO Box 125 (2036 John Everall Rd)
   Lancaster SC 29721

   We Leased a Building to Home 123 — New Century Holdings Dec 1 2006 for 12 Month period — At $1448.00 per month — (Lease Enclosed COPY)
   They Stoped paying Lease payment After 2 Months without Notice — Enclosed Copy of Letter we Sent to Tenent —
   They Left without Notification (Timely) We upfited the Unit to their Specifications — Oversaw by John Morris (CB Richard Ellis, Charlotte NC 704-331-7208)
   Plan Enclosed — At a cost of $5496.00 — Which we incorporated in Lease payments — for 12 months — Lease $990 mo — upfit $458.00 = $1448.00 mo for 12 mo — We Recieved Zero — Lease Thus Due — 10 mo at $1448.00 — $14,480.00

3 - I realize a lease is just a piece of Paper - between Supposably Honorable people - This Claim is legitimate and Honorable And needs to be paid - We Spent Honorable Money to put this Tenant in To Their Specifications - Documentation is Enclosed - Mr John Morris of CB Richard Ellis - Charlotte N.C. 704-331-1208 Can Verify our work to accomplish New Century's upfit -

4 - I am Sorry I don't Have a Lawyer Representing me but this Should be Simple - New Century Signed a lease - Ask us to do upfit - We did it to their Specs. And we Ask for Timely Lease Payments - Balance Due $14,480.⁰⁰

Respectfully,
Donald E Williams
/s/ Donald Williams
Judy D Williams

PO Box 625
Lancaster SC 29720
803-285-5158

Tommaso
949-517 0427

My Co___
At
Home 123 Margole
New Century Mortgage.

✗ Contact +
Overseer of the upfit —

John Morris
CB Richard Ellis · Real Estate —
704-331-1208                Charlotte NC


Donald Williams
803-285-5588

Ms Lynch —

Please Have Someone to Call Me About This Lease you Sent Me Dec 21-06.

I Am Not Recieving lease Payments on this unit. I Have called Several Time to No Avail —!!

The Lease was Signed By Elise Luckerman — My Contact Has been "Tomaiso" And I was told He is No longer with The Company —

I just Need to Know What to do At this point —

Thank You for Any Help you can give Me!

Donald

# Home 123
**Cutting through the loan clutter**

3121 Michelson Drive, Suite 600
Irvine, CA 92612
Direct Dial: (949) 517-1691
Fax: (949) 726-7635
Email: ilynch@ncen.com

December 21, 2006

**VIA OVERNIGHT MAIL**
Donald E. Williams
Woodland Business Park
111 E. Gay Street
Lancaster, SC 29720

Re: <u>108D Woodland Business Park, Lancaster, South Carolina ("Premises")</u>

Dear Mr. Williams:

Enclosed please find the following documents with regards to the above-referenced Premises:

1. One (1) fully executed original Lease between Donald E. Williams and Judy S. Williams d/b/a Woodland Business Park and Home123 Corporation; and

2. NCMC Check No. 567725 dated 12/19/2006 in the amount of $1,448.00 representing first month's rent.

Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Very truly yours,

*Inez Lynch*

Inez A. Lynch
Jr. Paralegal ~ Contracts & Real Estate

IAL/il
Enclosures

18400 Von Karman Avenue, Suite 1000
Irvine, CA 92612
Phone: 949.440.7030
Fax: 949.440.7033

www.Home123.com

**ORIGINAL**

STATE OF SOUTH CAROLINA )
                                      )    LEASE
COUNTY OF LANCASTER     )

**Date**
**Parties**

This agreement of Lease, made and entered into this 6th day of Dec '06 by and between, Donald E. Williams and Judy S. Williams, d/b/a/ Woodland Business Park, Lessor, and Home 123 Corporation, Lessee.

### WITNESSETH:

**Description**
**And Terms**

1. The Lessor, in consideration of the rent reserved herein to be paid by said Lessee and of the covenants, agreements, and conditions hereinafter contained to be kept, performed and observed by said Lessee, does hereby let and lease unto said Lessee the premises known as 108D Woodland Business Park in or near Lancaster, South Carolina, to be used and occupied by said Lessee as a general office purpose and for no other purpose for an initial term of 12 months, beginning Jan. 1, 2007 and ending Dec. 31, 2007, and a second term of 12 months beginning Jan. 1, 2008.

Lessee may, by written notice sixty (60) days or more prior to expiration of the Lease, extend the Lease for an additional term of 36 months upon the same terms and conditions as provided in the Lease except for the monthly rental which shall be negotiable. If Lessee does not wish to renew this lease, Lessee shall notify the other party in writing not less than ninety (90) days before the expiration of this lease, or any extension thereof, of such intention not to renew; otherwise this lease will be automatically renewed from month to month, and either party shall give thirty (30) days written notice of termination, the Lessee's notice accompanied by the rent payment.

If the Lessor is unable to deliver possession of the premises at the commencement hereof, Lessor shall not be liable for any damages caused thereby, nor shall this agreement be void or voidable, but Lessee shall not be liable for any rent until possession is delivered. Lessee may terminate this agreement if possession is not delivered within _____ days of the commencement of the term thereof.

**Rent**

2. That Lessee, in consideration of the use of the demised premises and of the covenants and agreements made herein by the Lessor, leases said premises and does hereby promise to pay, in lawful money of the United States, to the Lessor, payable as Woodland Business Par, as a rental, the sum of $1448.00 Dollars per month for the initial 12 month term and $1448.00 Dollars per month for the second 12 month term.

Rent payments shall be mailed to Woodland Business Park

Post Office Box 625
Lancaster, South Carolina, 29721-0625

Late Charge:

3. In the event rent is not received by Lessor within five (5) days after due date, Lessee shall pay a late charge of (5%) five percent of the rental amount, in addition to said rent.

Security Deposit

4. A security deposit of - None – Dollars shall be collected from the Lessee when this lease is executed and shall be refunded to the Lessee with in thirty (30) days after the premises have been vacated; if, upon inspection, the premises are found to be in as good condition as at the beginning of the lease, normal wear and tear accepted; and provided the covenants agreements, and conditions on the part of the Lessee have been complied with entirely. Any damage to the premises or necessary repairs shall be deducted from the security deposit. The Security Deposit is not any part of the rent herein reserved, and consequently shall not be deducted from the final month's rent.

Condition of
Premises

5. Lessor warrants and represents that the Building, Premises and common use areas have been constructed in accordance with all applicable federal, state and local laws, rules, regulations and requirements, including, but not limited to, those governing non-discrimination in public accommodations and commercial facilities, and that the Premises shall remain in compliance with such laws, rules, regulations and requirements throughout the Term and any extensions thereof. Lessor further represents and warrants that the plumbing, lighting, air conditioning, heating, and other mechanical, electrical, sewage and structural systems within or comprising the Building, and all parking areas and other common areas in and adjacent to the Premises shall be in good operating condition on the Commencement Date.

Use Of
Premises

6. It is understood by and between the parties that Lessee intends to make use of the premises for the purpose of operating a general purpose office.
Lessee shall not injure, overload, or deface or suffer to be injured, overloaded, or defaced, the premises or any part thereof, nor shall the premises, nor any part thereof, be used for video poker or other form of gambling, pool hall, beer joint, or any sale or use of alcoholic beverage, junk yard, livestock, or storage of hazardous substances. Lessee shall not also be prohibited from storage of any hazardous substances either above or under the ground in underground storage tanks, nor shall any underground storage tanks be constructed on the premises.

The term Hazardous Substances, as used herein, shall include any substances declared to be hazardous or toxic under any law or regulation now or hereafter enacted or promulgated by any governmental authority having jurisdiction. Lessee shall not cause nor permit its agents, licensees or employees to cause the use, generation, release, remanufacture, production, processing, storage or disposal of any hazardous substance on or from the premises, except as specifically disclosed to and approved by the Lessor in writing. Hazardous substances shall not include any materials kept on the premises, in those limited quantities necessary for the operation or maintenance of office equipment. Lessee shall indemnify, and save Lessor harmless from all liability, loss or damage resulting from its violation of this paragraph. This separate agreement for indemnification shall not constitute Lessor's sole recourse, and shall be in addition to any and all other rights, at law or in equity, that Lessor might have against Lessee arising out of or relating to the use, generation, release, manufacture, production, processing, storage or disposal of any hazardous substance on or from the premises by Lessee.

Housekeeping

7. Lessee shall keep and maintain the premises in good clean condition, excepting reasonable wear and tear, and to make no alterations or additions thereon without the written consent of the Lessor, or the Lessor's agent. It is especially understood that the Lessee shall maintain the following items at its own expense: keep the sinks, lavatories and commodes open, report any malfunction within five (5) days of occupancy, replace all broken windows, repair any damage to interior or exterior walls, equipment, electrical or plumbing fixtures, screens, doors and other furnishings, keep outside grounds free from unsightly objects and other debris. Lessee shall pay the first Three-Hundred and 00/100 ($ 300.00) Dollars annually for any major repairs and replacement of or service to heating system caused by Lessee's misuse or reimburse Lessor for any service calls made necessary by misuse of heating system, or Lessee's inadequate supply of fuel, repay the Lessor for the cost of all repairs made necessary by negligent or careless use of said premises. Lessee shall be responsible for the act of vandals or burglars until their keys have been returned to the Lessor. The Lessee shall promptly report any repairs which need to be made to the property. No Lessee incurred expenses shall be deducted from the monthly rent under any circumstances whatsoever. Indiscriminate hanging of pictures, decorative plates, pennants, plaques, stick on posters and emblems or other items of a similar nature shall be treated as damages and the security deposit referred to in Section 4 shall be forfeited in full. Lessee shall also be responsible for acts of their employees, clients and visitors. No pets shall be brought on the premises without prior written consent of the Lessor.
Lessee's obligation with regard to maintenance of the Premises shall not include the correction of code violations or defects in materials or workmanship in construction of the Building or any improvements

constructed by Lessor. Any such correction shall be the responsibility, and performed at the sole cost, of Lessor.

Utilities

8. Lessee shall be responsible for all utilities including water, gas electricity heat and other services delivered to the premises while occupying said premises, with the following exceptions:

_____

Non-Liability
Of Landlord

9. Except to the extent cased by the negligence or willful misconduct of Lessor or any of its employees, or contractors. The Lessee covenants that neither the Lessor nor its agent shall be liable for any damages, or injury of the Lessee, the Lessee's agents, or employees or to any person entering the premises or building of which the demised premises are a part, or to goods or chattels therein resulting from any defect in the structure or its equipment, or in the structure or equipment of the structure which the demised premises are a part.

Right of
Re-Entry

10. The Lessee shall permit the Lessor or its agent to enter the demised premises at reasonable hours for the purpose of making inspections and repairs, after first notifying the Lessee, and to also permit the Lessor or its agent to enter the premises in case of fire, storm or need for emergency repair. Lessee shall allow the Lessor to show the premises during daylight hours to prospective lessees or purchasers during the last ninety (90) days of the Lessee's occupancy of the premises.
Lessor will use commercially reasonable efforts to exercise such rights in a manner that does not unreasonably interfere with Lessee's use and enjoyment of the Premises.

Assignment Or
Subletting

11. Except to an affiliate the Lessee further covenants that it shall not allow sharing of said premises, and shall not assign, sub-let, or transfer said premises or any part thereof without the Lessor's written consent, which consent shall not be unreasonably withheld.

Ordinances And
Statutes

12. Lessee shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force or which may hereafter be in force, pertaining to the premises, occasioned by or affecting the use thereof by Lessee. The commencement or pendency of any state or federal court abatement proceeding affecting the use of the premises shall, at the option of the Lessor, be deemed a breach hereof.

Condemnation

13. It is agreed by and between the Lessor and the Lessee that if the whole or any part of said premises hereby leases shall be taken by a competent authority for any public or quasi-public use or purpose, then and in the event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose. All damages awarded for such taking shall belong to and be property of the Lessor.

Eviction

14. In the event the premises are condemned by a governmental agency or the Lessee is evicted due to the Lessor's negligence, then this lease shall terminate from date of said eviction. Upon the failure of the Lessee to pay any payment of rent when it is due, or if the Lessee should breach any other covenants, agreements, or conditions herein contained, then at the option of the Lessor or its agent. Following at least ten (10) days prior written notice to Lessee this lease shall immediately terminate, to the Lessee, and the Lessor may re-enter and repossess the said premises and remove and put out Lessee and each and every occupant. In the event of re-entry by the Lessor, it is herein provided that the Lessee shall be liable in damages to said Lessors for all loss sustained.

Damages By
Fire To
Premises

15. If during the term of the lease the premises should be partially destroyed by fire, or other casualty, the Lessor shall make whole any damage to the structure with all reasonable diligence and without interruption of Tenancy. If, however, the premises sustain a fire or other casualty, that render the premises unusable, then the lease would terminate and the rent would cease to accrue as of the date of destruction. In the event of fire, or other casualty, the Lessee shall immediately notify the Lessor or Lessor's agent.

Insurance

16. Lessee, at its expense, shall maintain public liability and property damage insurance insuring Lessee and naming Lessor as an additional insured with minimum coverage as follows: Five-Hundred Thousand and 00/100 ( $500,000.00 ) Dollars. To the maximum extent permitted by insurance policies which may be owned by parties, Lessor and Lessee, for the benefit of each other, waive any and all rights of subrogation which might otherwise exist.

Quiet
Enjoyment

17. Lessor agrees and covenants that the Lessee shall have peaceful and quiet enjoyment of the demised premises for the duration of this occupancy, provided that the Lessee complies with the covenants, agreements, and conditions stated herein.

Cancellation
Of Lease

18. The Lessor agrees to terminate this lease prior to the expiration date shown on this lease upon the Lessee's payments of reasonable expenses involved in securing another tenant (including advertising, showing property, and credit report), and shall be in addition to the Lessee's payments of reasonable expenses involved in securing another tenant (including advertising, showing property, and credit report), and shall be in addition to the Lessee's being liable for rent payments until premises are occupied by a new Lessee. The Lessor agrees to pay over to the Lessee all rent collected from the next Lessee of the premises through the date the rent is paid in advance.

Insolvency

19. In the event that a receiver shall be appointed to take over the business of the Lessee, or in the event the Lessee shall make a general assignment for the benefit of creditors, or take or suffer any action under any insolvency or bankruptcy act, the same shall constitute breach of this lease by Lessee.

Cleaning Premises
Upon Vacating

20. Upon vacating the premises, the Lessee shall pay all rent due in full. The burden of proof of payment shall be upon the Lessee. The Lessee shall also sweep out premises, remove all trash and other debris from premises, lock and fasten all doors and windows, and return all keys for the premises to the Lessor. When premises were leased _____ keys were issued to Lessee.

21. This lease shall be binding upon the parties, their heirs, representatives, and assigns. If any part of this lease is not fully understood then competent advice should be sought.

Attorney Fees

22. In case suit should be brought for recovery of the premises or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

Waiver
   23. No failure of Lessor to enforce any term hereof shall be deemed to be a waiver of any other term of this Lease.

Notice
   24. Any notice which either party may or is required to give, shall be given by mailing the same, postage prepaid, to Lessee at   3353 Michalson Dr. Suite 100
                                                                         Irvine, Ca 92612
                                                                         Att: AVP-Corporate Real Estate
or Lessor at the address shown below, or at such other places as may be designated in writing by the parties from time to time.

Miscellaneous
   25. This lease shall be governed by and construed in accordance with the laws of the State of South Carolina.
   This Lease contains all covenants and agreements between Lessor and Lessee relating in any manner to the rental, use and occupancy of the Premises and Lessee's use of the Building and other matters set forth in this Lease. No prior agreements or understanding pertaining to the same shall be valid or of a force or effect and the covenants and agreements of this Lease shall not be altered, modified, or added to except in writing signed by Lessor and Lessee. Any provision of this Lease which shall rove to be invalid, void, or illegal shall in no way affect, impair or invalidate any other provision hereof and the remaining provisions hereof shall nevertheless remain in full force and effect.

Time
   26. Time is of the essence of this lease.
   Neither party's failure to perform any of its obligations under this Lease (Other than the payment of money) shall be excused if due to causes beyond the control and without the fault or negligence of that party, including but not restricted to, acts of God, acts of the public enemy, acts of any government, fires, floods, epidemics, and strikes.

Termination
   27. At the expiration of the said term, or any extensions thereof, Lessee shall peaceably yield up to the Lessor the premises, together with all erections and additions made upon the same, in good repair in all respects, reasonable use and wear, and damage by fire and other unavoidable casualties excepted, as the same now are, or may be put in, by the Lessor. The Lessor shall retain, upon termination of the Lease, or any extensions thereof, any construction or improvements to the premises and any equipment placed upon the premises unless said equipment has not become a fixture to the premises, and provided further that removal shall not cause damage to the premises or improvements. Any item retained by Lessor hereunder, shall be the sole property of Lessor.

Remedies
Upon Default

28. If the Lessee or his representatives or assigns shall neglect of fail to perform and observe any covenant which on the Lessee's part is to be performed, or if its leasehold estate shall be taken on execution, or if the Lessee shall be declared bankrupt or insolvent according to law, or shall make an assignment for the benefit of his creditors, then the Lessor may immediately or at any time thereafter and without notice or demand enter into and upon the premises, or any part thereof, and repossess the same as of their former estate, and expel the Lessee and those claiming under it, and remove their effects by lawful means, without being deemed to be guilty of any manner of trespass, and thereupon this Lease shall terminate but without prejudice to any remedies which might be otherwise used by the Lessor for arrears of rent or any other breach of the Lessee's covenants.

Taxes

29. Lessee shall be responsible for payment of all ad valorem property taxes, after the expiration of the first 72 months of the Lease, including, but not limited to, any tax based on change of use of the premises and any tax caused by improvements to the premises.

_____   _____ 12/15/06
Witness                            Elise Luckham
                                   Vice President
                                   Corporate Services

_____   By:_____
Witness

                                   By:_____

                                   Woodland Business Park, Lessor

                                   _____
                                   _____
                                   _____

                                   By:_____
Witness
_____   By: Judy S. Williams
Witness                            Judy S. Williams