**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: December 24, 2007 @ 4:00 p.m.** |

## FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2007 THROUGH JULY 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | July 1, 2007 through July 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $538,227.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $14,945.44 |

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 7/1/07-7/31/07: | $430,581.60 (Holdback: $107,645.40) |
| 100% OF DISBURSEMENTS: | $14,945.44 |
| TOTAL DUE: | $445,527.04 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 1.50 | $975.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 110.10 | $68,812.50 |
| Mark T. Power | Partner (1989) | $625.00 | 143.70 | $89,812.50 |
| John P. McCahey | Partner (1986) | $625.00 | 150.20 | $93,875.00 |
| Don D. Grubman | Partner (1979) | $575.00 | 56.80 | $32,660.00 |
| John P. Amato | Partner (1986) | $625.00 | 12.90 | $8,062.50 |
| Anthony Altamura | Partner (1984) | $625.00 | 1.30 | $812.50 |
| Janine M. Cerbone | Associate (2003) | $325.00 | 57.80 | $18,785.00 |
| Katharine G. Craner | Associate (2002) | $325.00 | 7.40 | $2,405.00 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 30.40 | $7,904.00 |
| Preetpal Grewal | Associate (2001) | $325.00 | 29.30 | $9,522.50 |
| Charles Loesner | Associate (1997) | $400.00 | 91.00 | $36,400.00 |
| Edward L. Schnitzer | Associate (1998) | $400.00 | 7.20 | $2,880.00 |
| Huria Naviwala | Associate | $215.00 | 32.30 | $6,944.50 |

| | (2005) | | | |
|---|---|---|---|---|
| Allison M. Croessmann | Associate (2006) | $215.00 | 39.20 | $8,428.00 |
| Emmet Keary | Associate (2007) | $215.00 | 69.70 | $14,985.50 |
| Greg P. Kochansky | Associate (2007) | $260.00 | 15.30 | $3,978.00 |
| James P. Laughlin | Special Counsel (1989) | $625.00 | 20.90 | $13,062.50 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 24.80 | $11,160.00 |
| Maria A. Arnott | Special Counsel (1989) | $495.00 | 109.20 | $54,054.00 |
| Nicholas C. Rigano | Para Professional (N/A) | $200.00 | 86.40 | $17,280.00 |
| Christopher A. Manion | Para Professional (N/A) | $200.00 | 39.40 | $7,880.00 |
| Jason Lane | Paralegal (N/A) | $180.00 | 126.30 | $22,734.00 |
| Kaitlin McDonagh | Paralegal (N/A) | $180.00 | 14.00 | $2,520.00 |
| F. Michael Marhyan | Paralegal (N/A) | $190.00 | 7.60 | $1,444.00 |
| Sheena Belsky | Para Professional (N/A) | $125.00 | 6.80 | $850.00 |
| **Grand Totals:** | | | **1,291.501,291.50** | **$538,227.00** |

| **Blended Rate:** | **$ 587.30416.75** | | |
|---|---|---|---|
| **Blended Rate excluding Paraprofessionals:** | **$ 619.12480.24** | | |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 16.40 | $7,884.50 |
| Creditors' Committee | 145.60 | $67,879.00 |
| Retentions | 5.10 | $2,482.50 |
| Executory Contracts/Leases | 31.50 | $16,386.50 |
| DIP/Investigation of Lien | 107.50 | $37,353.50 |
| Sale of Assets | 207.80 | $97,446.50 |
| Fees | 15.10 | $4,453.00 |
| Hahn & Hessen LLP Fees | 1.60 | $565.00 |
| Litigation | 102.60 | $44,835.00 |
| Plan and Disclosure Statement | 0.30 | $187.50 |
| Employee Issues | 13.80 | $8,625.00 |
| Claims Administration | 8.10 | $4,282.50 |
| Investigation of Company | 636.10 | $245,846.50 |
| **Total:** | **1,291.50** | **$538,227.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $2,878.55 |
| Travel | | $827.34 |
| Train Fare | | $766.00 |
| Courier Service | Deluxe Delivery Systems, Inc. | $159.97 |
| Overnight Delivery | Federal Express, Inc. | $169.70 |
| Word Processing Overtime | | $35.10 |
| Duplicating [at 10¢ per page] | | $3,360.70 |
| Telecopy Pages [at $1.00 per page] | | $41.00 |
| Long Distance Telephone/ Conference Calls | | $35.65 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $532.19 |
| Computer/Hard Drive/ Supplies | RVM, Incorporated | $823.41 |
| Lexis | Lexis-Nexis | $5,248.55 |
| Search Fees | Pacer Service Center | $67.28 |
| **Total:** | | **$14,945.4414,945.44** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*, | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: December 24, 2007 @ 4:00 p.m.** |

**FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD JULY 1, 2007 THROUGH JULY 31, 2007**

TO: THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its request for its fourth monthly compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of July 1, 2007 through July 31, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

1. H&H makes this fourth monthly application for allowance of $553,172.44 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $538,227.00, and (ii) out-of-pocket expenses in the amount of $14,945.44.

**Background**

2. On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3. On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4. The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5. Pursuant to an order of this Court dated May 30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6. The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, The Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise in the area of issues concerning counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7. This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions, sales of major assets and adversary proceedings commenced during the first few months of the case. Applicant has devoted considerable time and attention at the inception of its retention in order to get up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of July 2007, H&H expended 1,291.50 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been

necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a) General; Case Administration**

9. H&H expended 16.40 hours with respect to services under this category, for which total compensation amounts to $7,884.50. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto. Applicant prepared for, traveled to, attended and participated in an omnibus hearing in Delaware and participated in conference calls to review estate matters, a wind down strategy and various litigation issues with the Debtors and their professionals. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b) Creditors' Committee**

10. H&H expended 145.60 hours with respect to services under this category, for which total compensation amounts to $67,879.00. Under this category, Applicant devoted considerable time attending to issues relating to the Debtors' wind down budget, clearing account issues, D&O policy issues and litigation issues and exclusivity. Applicant prepared for and participated in several Committee meetings and conference calls to address numerous issues raised by the Debtors and motion made by third parties. Applicant's services included routine review of the docket regarding status updates and review of recently filed pleadings. Applicant prepared numerous memos and e-mails to the Committee updating them on developments. Applicant further devoted considerable time researching 365 issues and issues relating to

damages under section 562 of the Bankruptcy Code. Applicant also spent time attending to general administrative and case management matters including, but not limited to, updating service lists, calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

**(c) Retentions**

11. H&H expended 5.10 hours with respect to services under this category, for which total compensation amounts to $2,482.50. Applicant spent time reviewing various retention applications and responses and supporting affidavits to same; Applicant prepared for and participated in numerous meetings and conference calls regarding issues on retention of various professionals, including accountants and ordinary course professionals.

**(d) Executory Contracts/Leases**

12. H&H expended 31.50 hours with respect to services under this category, for which total compensation amounts to $16,386.50. Applicant spent time reviewing and analyzing documentation underlying the cure claim asserted by Deutsche Bank National Trust; and researching and reviewing unjust enrichment, breach of contract and conversion claims issues regarding same. Applicant spent time reviewing various servicing agreements and the Carrington agreements. Additionally, Applicant spent time preparing for and participating in several conference calls with Deutsche Bank's counsel regarding cure claims and other issues.

**(e) DIP/Investigation of Lien**

13. H&H expended 107.50 hours with respect to services under this category, for which total compensation amounts to $37,353.50. Applicant spent time in this category

reviewing and researching Morgan Stanley's, IXIS Real Estate Corp.'s and Credit Suisse First Boston's MRA's and account agreements and drafting memorandums regarding same. Applicant also spent time reviewing and analyzing arguments in briefs filed in the UBS litigation and drafting memorandums regarding same; and reviewing the order entered regarding adequate protection issues and attending to various meetings and issues regarding same. Additionally, Applicant spent time preparing for and participating in several teleconference calls with Debtors on topics including reconciliation of amounts owed to the various adequate protection parties.

**(f) Sale of Assets**

14. H&H expended 207.80 hours with respect to services under this category, for which total compensation amounts to $97,446.50. Applicant spent considerable time reviewing the Technology sale order and revising drafts of same; attending to issues surrounding Carrington Closing and Ellington APA issues; and reviewing, editing and revising documentation pertaining to technology and data sales. Applicant spent considerable time reviewing GECC's UCC financing statements and reviewing and revising the letter of intent for Carval. Applicant's services included researching and reviewing case law pertaining to 363(f) issues, 18-702 issues and case law regarding the amount GECC is entitled to from the asset sales; and thereafter drafting memorandums regarding the foregoing. Applicant prepared for and participated in numerous teleconference calls on topics concerning the foregoing. Additionally, Applicant's attorneys communicated frequently through telephone conferences, e-mails and memoranda on all pending asset sales. Applicant also spent time attending to general administrative and case management matters including, but not limited to, reviewing and monitoring docket for filings.

**(g) <u>Fees</u>**

15. H&H expended 15.10 hours with respect to services under this category, for which total compensation amounts to $4,453.00. Applicant's services included attention to and review of certain professionals' fee applications and drafting limited objections to several fee applications; and review of retention applications..

**(h) <u>Hahn & Hessen LLP Fees</u>**

16. H&H expended 1.60 hours with respect to services under this category, for which total compensation amounts to $565.00. Applicant's services included attention to and review of fee applications and detail; and calendaring new deadlines.

**(i) <u>Litigation</u>**

17. H&H expended 102.60 hours with respect to services under this category, for which total compensation amounts to $44,835.00. Applicant spent considerable time in this category regarding various litigations commenced by third parties including the Positive Software litigation. Applicant also spent considerable time negotiating and resolving a substantial dispute regarding mortgage loans held by Deutsche Bank. Applicant also conducted significant research into potential defenses to claims asserted by the securitization trustees. Applicant prepared for and participated in meetings and conference calls with respect to the foregoing issues and prepared for, traveled to and attended hearings related to these issues.

**(j) Plan and Disclosure Statement**

18. H&H expended 0.30 hours with respect to services under this category, for which total compensation amounts to $187.50. Applicant's services included review of debtor's motion to extend exclusivity.

**(k) Employee Issues**

19. H&H expended 13.80 hours with respect to services under this category, for which total compensation amounts to $8,625.00. Applicant's services included a review of the issues related to WARN Act and deferred compensation litigation. Applicant spent time reviewing and analyzing debtors motion to dismiss class certification and motion to dismiss deferred compensation complaint; and prepared for and participated in several conference calls with regard to issues relating to the foregoing.

**(l) Claims Administration**

20. H&H expended 8.10 hours with respect to services under this category, for which total compensation amounts to $4,282.50. Applicant's services included review and analysis of files pertaining to adequate protection reconciliation; and review and analysis of GECC's stipulation regarding motion for relief from stay, and debtors' response to Positive Software's motion for stay relief.

**(m) Investigation of Company**

21. H&H expended 636.10 hours with respect to services under this category, for which total compensation amounts to $245,846.50. Applicant's services in this category

included considerable time spent reviewing and analyzing select documents provided by Debtors, Examiner, Patti Dodge (former CFO) and Heller Ehrman; and reviewing interview and board of director and finance committee meeting minutes. Thereafter, Applicant spent considerable time coding documents in Ringtail, updating FileSite folders and importing various chronologies and related documents into CaseMap and TimeMap. Applicant spent time researching issues pertaining to Rule 2004 application, account malpractice and contributory negligence, and attorney client privilege; and Applicant in turn prepared numerous memos regarding analysis of the foregoing research. Applicant prepared for, traveled to and attended examiner's meetings in Washington. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to the foregoing topics.

**H&H Fees for the Compensation Period**

22. Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $538,227.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

23. Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

24. In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

25. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for July 2007 in the amount of $538,227.00, and payment of **$430,581.60** representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

26. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$14,945.44**.

27. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

28. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated: New York, New York
November 29, 2007

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of Unsecured Creditors of New Century Holdings, Inc., *et al.* Debtors

By: [signature]
Mark S. Indelicato
A Member of the Firm
488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400 facsimile