## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| Debtors. | : | Hearing Date: 12/20/07 at 1:30 p.m. |
| | : | Objection Deadline: 12/13/07 at 4:00 p.m. |
| | : | |
| | : | Re: Docket Nos. 3848 and 3958 |

## DEBTORS' REPLY TO LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 345 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING DEBTORS TO REALLOCATE CERTAIN INVESTMENTS IN CONNECTION WITH DEFERRED COMPENSATION PLANS

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), hereby submit this reply (the "Reply") to the *Limited Objection to Debtors' Motion Pursuant to Sections 105(a) and 345 of the Bankruptcy Code for Order Authorizing Debtors to Reallocate Certain Investments in Connection with Deferred Compensation Plans* (the "Limited Objection") [Docket No. 3958] filed by Gregory J. Schroeder, Michelle Parker, Martin Warren, Steve Holland

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, for themselves and all other similarly situated, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries"). In support of this Reply, the Debtors respectfully represent as follows:

### REPLY

1.      The Beneficiaries state in the Limited Objection that they are not opposed to the relief requested in the Debtors' Motion[2] conceptually. See Limited Objection, ¶ 14. Rather, the main thrust of the argument contained in the Limited Objection is that the Debtors have failed to supply information to support the facts stated in the Motion. See, e.g., Limited Objection, ¶¶ 12, 13.

2.      The Debtors were prepared to proceed at the December 5, 2007 hearing and submit all of the necessary factual support for the Motion on a contested basis, but in the spirit of cooperation the Debtors agreed with the Beneficiaries to continue the hearing and to simply provide the supporting information to the Beneficiaries in an attempt to resolve the Limited Objection consensually. Accordingly, the information that the Beneficiaries seek will be provided in advance of the hearing scheduled for December 20, 2007. Thus, the Limited Objection will be mooted.

3.      Further, the Debtors have filed this Reply to emphasize that the relief sought by the debtors is neither unusual nor dramatic when compared to relief sought in other, similar bankruptcy cases. Indeed, the Honorable Christopher S. Sontchi of the United States

Bankruptcy Court for the District of Delaware ordered the termination of a deferred compensation plan and the return of rabbi trust assets to the general creditors in the chapter 11 cases of American Home Mortgage, Inc., et al. less than 30 days ago.  See  *Order (I) Terminating Debtors' Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code,* dated November 7, 2007, in American Home Mortgage, Inc., et al., Case No. 07-11047 (CSS)  [Docket No. 1840] (the "AHM Order").  A copy of the AHM Order is attached hereto as Exhibit A.  In contrast, the Debtors in the instant cases only seek to reallocate the investments of the trust to reduce market risk consistent with their obligations under Bankruptcy Code section 345.

## CONCLUSION

4.      Accordingly, the Debtors respectfully request the Court (i) overrule the Limited Objection and (ii) grant the relief requested by the Debtors in the Motion.

## NOTICE

5.      No trustee has been appointed in these chapter 11 cases.  Notice of this Reply has been provided to:  (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to the Creditors' Committee; (3) counsel to the Beneficiaries; (4) the participants in the Plans; and (5) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").  The Debtors submit that no other or further notice is required.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Limited Objection.
RLF1-3229894-1

WHEREFORE, the Debtors respectfully request the Court (i) overrule the Limited

Objection and (ii) grant the relief requested by the Debtors in the Motion.


Dated: December 3, 2007          Respectfully submitted,
      Wilmington, Delaware


                    Mark D. Collins (No. 2981)
                    Michael J. Merchant (No. 3854)
                    Christopher M. Samis (No. 4909)
                    RICHARDS, LAYTON & FINGER, P.A.
                    One Rodney Square
                    P.O. Box 551
                    Wilmington, Delaware 19899
                    (302) 651-7700

                    -and-

                    Ben H. Logan
                    Suzzanne S. Uhland
                    Victoria A. Newmark
                    O'MELVENY & MYERS LLP
                    275 Battery Street
                    San Francisco, California 94111
                    (415) 984-8700

                    ATTORNEYS FOR DEBTORS
                    AND DEBTORS IN POSSESSION