# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: <br><br> NEW CENTURY TRS HOLDINGS, INC., <br><br> Debtor | Chapter 11 <br><br> Case No: 07-10416 (KJC) <br><br> Hearing Date: December 12, 2007 @ 2:00 pm <br> Proposed Obj. Deadline: Dec. 7, 2007 at 4:00 pm |

**MOTION OF DOUGLAS M. SAKAMOTO AKA DOUGLAS MASARU SAKAMOTO, INDIVIDUALLY, AND AS TRUSTEE OF THE ITSUO SAKAMOTO AND JULIA H SAKAMOTO GENERATION TRANSFER TRUST FOR DOUGLAS M. SAKAMOTO DATED MAY 30, 2001, AND AS TRUSTEE OF THE ITSUO SAKAMOTO AND JULIA H. SAKAMOTO GENERATION TRANSFER TRUST FOR DENNIS SAKAMOTO, DATED MAY30, 2001 FOR RELIEF FROM STAY**

Now comes, Douglas M. Sakamoto, aka Douglas Masaru Sakamoto, Individually, and as Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Douglas M. Sakamoto Dated May 30, 2001, and as Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Dennis M. Sakamoto, Dated May 30, 2001 ("Sakamoto or Movants"), by and through their undersigned counsel and seeks relief from the automatic stay and in support thereof states as follows:

1. On or about September 14, 2006, Movants filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii against the Debtors as well as Pride Pacific Mortgage, LLC, Nichole K. Buendia, Victoria M. Isagawa and a number of John Doe entities (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2. Following the Debtors' bankruptcy petition in the United States Bankruptcy Court for the District of Delaware and pursuant to the automatic stay of § 362, the Complaint was stayed.

2969582v1

3.    In the Complaint, Movants allege that the non-debtor defendants engaged in fraud and forgery in encumbering with a $400,000.00 mortgage certain real estate, 1673 Paula Drive, Honolulu, Hawaii, in which the Movants have an interest. The non-debtor defendants were the parties responsible for procuring the mortgage. The subject mortgage was procured from the Debtors.

4.    In the Complaint, the Movants named the Debtors as a defendant and sought declaratory relief against the Debtors determining that the subject mortgage was null and void and of no force and effect. (See Count III of the Complaint.) Movants sought punitive and compensatory damages against the non-debtors defendants but not the Debtors. Only declaratory relief is sought against the Debtors.

5.    The Debtors transferred servicing of the mortgage to Countrywide Home Loans, Inc. or some affiliate thereof (hereinafter "Countrywide").

6.    Movants' Hawaiian counsel informed Countrywide of the pending Complaint. Countrywide advised Movants' Hawaiian counsel that the matter was going to be referred to its fraud unit and Movants heard nothing more from Countrywide until a recent notice that the property was going to be subject to a non-judicial foreclosure sale on December 14, 2007. Movants' Hawaiian counsel has been attempting to contact Countrywide in an effort to stop the non-judicial foreclosure sale but Countrywide has been non-responsive to these efforts.

2969582v1

7.     By this motion, Movants seek relief from the automatic stay in order to allow Movants to obtain a Temporary Restraining Order staying the non-judicial foreclosure sale and lifting the automatic stay in order to allow it to proceed with their Complaint, including the count for declaratory relief against the Debtors.

8.     Section 362(d)(1) provides that on request of a party in interest, the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." Cause clearly exists in the instant matter in that Movants' Complaint seeking to invalidate a mortgage that is alleged to have been procured through fraud and forgery has been stayed while an agent or assignee of the Debtors has moved to foreclose upon the property under the auspices of the alleged forged documents.

9.     Moreover, Section 362(d)(2) provides that the stay shall also be lifted with respect to property that the debtor does not have an equity interest in and such property is not necessary to an effective reorganization. Countrywide is currently servicing the subject mortgage loan. Upon information and belief, the Debtors do not an equity interest in the mortgage procured by fraud and forgery.

WHEREFORE, for the foregoing reasons, Movants request that the Court enter the attached Order granting them relief from the automatic stay in order to exercise their legal rights in an effort to stop and/or stay the non-judicial foreclosure sale and to proceed with their declaratory judgment action against the Debtors.

2969582v1

Dated: December 4, 2007

BY: ARCHER & GREINER, P.C.

_____
Charles J. Brown, III (#3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
cbrown@archerlaw.com

*Counsel to Movants*

2969582v1