# EXHIBIT A

LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

WESLEY W. ICHIDA 1079-0
ANN C. KEMP 5031-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: 528-0100

Attorneys for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 SEP 14 PM 1: 59

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DOUGLAS M. SAKAMOTO, aka DOUGLAS MASARU SAKAMOTO, Individually, and as Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Douglas M. Sakamoto dated May 30, 2001, and As Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Dennis M. Sakamoto, dated May 30, 2001,<br><br>Plaintiff,<br><br>vs.<br><br>PRIDE PACIFIC MORTGAGE LLC, NEW CENTURY MORTGAGE CORPORATION; NICHOLE K. BUENDIA; VICTORIA M. ISAGAWA; JOHN DOES 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50;<br><br>Defendants. | CIVIL NO. 06-1-1590-09 S SM<br>(Other Civil Action)<br><br>**COMPLAINT; SUMMONS** |

## COMPLAINT

COMES NOW Plaintiff DOUGLAS M. SAKAMOTO, individually, and as Trustee of

the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Douglas M. Sakamoto

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

dated May 30, 2001, and As Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Dennis M. Sakamoto, dated May 30, 2001, by and through his attorneys, Lynch Ichida Thompson Kim & Hirota, and for complaint against Defendants alleges upon information and belief as follows:

1. Plaintiff is a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant Pride Pacific Mortgage LLC ("Pride Pacific") is a domestic limited liability company duly organized and existing in accordance with the laws of the State of Hawaii, and has a principal place of business at 98-029 Hekaha Street, Suite 44, Aiea, Hawaii 96701.

3. Defendant New Century Mortgage Corporation ("New Century") is a California corporation duly authorized to do business and doing business in the State of Hawaii as a foreign profit corporation.

4. Defendant Victoria M. Isagawa ("Isagawa") and Defendant Nichole K. Buendia ("Buendia") are residents of the City and County of Honolulu, State of Hawaii.

5. John Does 1-50, Doe Corporations 1-50 and Doe Entities 1-50 (collectively "Doe Defendants) are persons or entities whose names, identities, and capacities are presently unknown to Plaintiff and who are or may be liable to Plaintiff for actions alleged in this complaint, or who assisted or conspired with those who committed the fraudulent and/or negligent acts alleged in this Complaint, and may be responsible for the damages to Plaintiff alleged herein. Plaintiff has undertaken a diligent and good faith effort to ascertain the names and identities of such Defendants.

## COUNT I

6. Plaintiff realleges and reiterates the allegations contained in paragraphs 1 through 5 hereinabove as if fully set forth herein.

7. In May and June of 2006, documents necessary to encumber the real property and improvements located at 1673 Paula Drive, Honolulu, Hawaii 96816 with a mortgage were purportedly executed by the Plaintiff. Said documents included a Quitclaim Deed dated May 26, 2006, with Douglas M. Sakamoto, Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Dennis M. Sakamoto, dated May 30, 2001 and Douglas M. Sakamoto, Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Douglas M. Sakamoto dated May 30, 2001, as Grantor to "Douglas Masaru Sakamoto, unmarried and Dennis Minoru Sakamoto, unmarried, as Grantees." Said signature of Plaintiff Douglas M. Sakamoto (aka Douglas Masaru Sakamoto) was forged and not the true signature of Plaintiff.

8. A mortgage in favor of Defendant New Century, dated June 29, 2006, encumbered property located at 1673 Paula Drive, Honolulu, Hawaii. Said mortgage purportedly had a signature of Douglas Masaru Sakamoto which was notarized, and initialed on each page. Said initials and signature were forged and not the true initials and signature of Plaintiff.

9. The forged signatures of Plaintiff on both the Quitclaim Deed of May 26, 2006, and the mortgage to Defendant New Century in the amount of $400,000 plus interest, were fraudulently and/or negligently notarized by Defendant Isagawa, and were procured or caused by the fraudulent and/or negligent acts and/or omissions of Defendants except Defendant New Century Mortgage Corporation.

3

10. As a result of said fraudulent and/or negligent acts of Defendants except Defendant New Century, Plaintiff has incurred damages, the exact amount of which he begs leave to prove at trial.

## COUNT II

11. Plaintiff realleges and reiterates the allegations contained in paragraphs 1 through 10 hereinabove as if fully set forth herein.

12. Defendant Pride Pacific conspired with or negligently failed to supervise Defendants Buendia and Isagawa. As a result of said conspiracy or negligent failure to supervise, Plaintiff has incurred damages, the exact amount of which Plaintiff begs leave to prove at trial.

13. Defendants Buendia and/or Isagawa were agents and/or employees of Defendant Pride Pacific. Therefore Defendant Pride Pacific is responsible for the fraudulent and/or negligent acts and/or omissions of Defendants Buendia and/or Isagawa, and liable for any damages incurred by Plaintiff as a result of the fraudulent and/or negligent acts of Defendants Buendio and Isagawa.

## COUNT III

14. Plaintiff realleges and reiterates the allegations contained in paragraphs 1 through 13 hereinabove as if fully set forth herein.

15. This Count is brought pursuant to Chapter 632 of the Hawaii Revised Statues, and there exists an actual controversy between Plaintiff and Defendant New Century Mortgage Corporation as to the validity of the subject mortgage.

16. Because of the aforesaid forgery, fraudulent and/or negligent acts, said mortgage in the amount of $400,000 plus interest, in favor of Defendant New Century dated June 29, 2006,

encumbering property located at 1673 Paula Drive, Honolulu, Hawaii 96816, is null and void and of no force and effect.

## COUNT IV

17. Plaintiff realleges and reiterates the allegations contained in paragraphs 1 through 16 hereinabove as if fully set forth herein.

18. Said actions of Defendants except Defendant New Century, were wilfully, wantonly, recklessly, and in utter conscious disregard of the rights of Plaintiff and thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment in his favor as follows:

1. Damages against Defendants, except Defendant New Century, jointly and severally in an amount to be proven at trial.

2. Against Defendant New Century, declaring said mortgage of June 29, 2006, in the amount of $400,000 encumbering property located at 1673 Paula Drive, Honolulu, Hawaii 96816, to be null and void and that said mortgage be expunged from the appropriate Transfer Certificate of Title;

3. Punitive damages against each Defendant except Defendant New Century.

4. For attorney's fees, interest and costs against Defendants; and

5. For such other relief as is just and equitable in the premises.

DATED:     Honolulu, Hawaii, _____ SEP 1 4 2006 _____.

WESLEY W. ICHIDA
ANN C. KEMP
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DOUGLAS M. SAKAMOTO, aka DOUGLAS MASARU SAKAMOTO, Individually, and as Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Douglas M. Sakamoto dated May 30, 2001, and As Trustee of the Itsuo Sakamoto and Julia H. Sakamoto Generation Transfer Trust for Dennis M. Sakamoto, dated May 30, 2001,<br><br>      Plaintiff,<br><br>  vs.<br><br>PRIDE PACIFIC MORTGAGE LLC, NEW CENTURY MORTGAGE CORPORATION; NICHOLE K. BUENDIA; VICTORIA M. ISAGAWA; JOHN DOES 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50;<br><br>      Defendants. | CIVIL NO. _____<br>(Other Civil Action)<br><br>**SUMMONS** |

## SUMMONS

TO THE DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is stated above, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6 a..m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in any entry of default and default judgment against the disobeying person or party.

DATED:   Honolulu, Hawaii, _____ SEP 14 2006 .

F. OTAKE   (SEAL)

CLERK OF THE ABOVE-ENTITLED COURT

2