## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: Docket No. 3924** |

### OBJECTION OF IBM CREDIT, LLC TO DEBTORS' NOTICE OF REJECTION OF EXECUTORY CONTRACT

IBM Credit, LLC ("IBM") hereby objects to Debtors and Debtors in Possession's ("Debtors") Notice of Rejection of Executory Contract [Docket No. 3924] dated November 20, 2007 (the "Notice") as follows:

On or about November 20, 2007, Debtors served the Notice of their intent to reject (i) the Agreement of Assignment and Assumption between New Century Mortgage Corporation as assignee of interests of RBC Centura Bank and IBM Credit LLC dated as of September 2, 2005 (as amended, supplemented, or otherwise modified from time to time, together with all exhibits and attachments thereto) (the "Agreement"), (ii) Term Lease Master Agreement No. 6598524 between IBM Credit LLC and New Century Mortgage Corporation (the "Term Lease Master Agreement"), and (iii) Term Lease Supplement to Term Lease Master Agreement No. 6598524 (the "Term Lease Supplement," and together with the Agreement and the Term Lease Master Agreement, the "Equipment Lease"), setting forth a rent obligation of $75,243.19 and an unknown expiration date.[1]

---

[1] IBM notes that contrary to the terms of paragraph 5.b of the Court's Order Pursuant to Sections 356 [sic] and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property (Docket No. 388) dated April 24, 2007 (the "Order"), Debtors have not provided any general description of the terms of the Equipment Lease, but have merely provided the names of the subject contracts and described

676956-1

To the extent that Debtors have not returned to IBM each and every item of equipment leased from IBM pursuant to the Equipment Lease, IBM hereby objects to the Notice and to rejection as set forth in the Notice on the grounds that prior to the effective date of rejection, Debtors should be required to return to IBM each and every item of equipment subject to the Equipment Lease. Under Bankruptcy Code Section 365(p)(1), if a debtor rejects a lease of personal property under Section 365(d), "the leased property is no longer property of the estate and the stay under section 362(a) [11 U.S.C. § 362(a)] is automatically terminated." Requiring Debtors to return all leased equipment prior to the effective date of rejection promotes the orderly administration of the estate and is within the Court's inherent powers to control the conduct of proceedings before it, and to issue any order that is necessary or appropriate to carry out the provisions of Title 11 under Bankruptcy Code Section 105(a).

Moreover, paragraph 7 of the Order pursuant to which Debtors served the Notice requires Debtors to "remove any leased personal property from the underlying premises prior to relinquishing control of the premises to the affected landlord." Pursuant to the Order, the Court approved the Debtors' rejection of over 140 unexpired leases of nonresidential real property (see Order, Exs. "A" and "B"), and Debtors therefore should already have removed all equipment subject to the Equipment Leases from those premises. Requiring Debtors to return to IBM all such equipment, and to remove and return to IBM any additional equipment subject to the Equipment Lease from any other premises currently or formerly occupied by, or under the control of, the Debtors, will place no undue burden on the Debtors.

---

them collectively as the "Executory Contract." Under the terms of the Equipment Lease, IBM has leased numerous items of equipment to the subject Debtor(s).

676956-1

2

Pursuant to paragraph 5.e of the Order, to the extent that IBM's objection cannot be timely resolved with Debtors, IBM requests that the Court schedule a hearing to consider and rule on such objection.

Dated: December 5, 2007

THE BAYARD FIRM

By: *Charlene D. Davis* (signature)
Charlene D. Davis (No. 2336)
Kathryn D. Sallie (No. 4600)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone:    (302) 655-5000

-and-

LEVY, SMALL & LALLAS
Leo D. Plotkin
815 Moraga Drive
Los Angeles, CA 90049-1633
Telephone:    (310) 471-3000

Counsel for IBM Credit, LLC