## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,*[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: December 26, 2007 at 4:00 p.m.** |

## FIFTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 1, 2007 THROUGH AUGUST 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | August 1, 2007 through August 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $570,914.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $16,985.30 |

---

[1]   The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 8/1/07-8/31/07: | $456,731.20 (Holdback: $114,182.80) |
| 100% OF DISBURSEMENTS: | $16,985.30 |
| TOTAL DUE: | $473,716.50 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 41.50 | $26,975.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 85.90 | $53,687.50 |
| Mark T. Power | Partner (1989) | $625.00 | 88.00 | $55,000.00 |
| John P. McCahey | Partner (1986) | $625.00 | 126.10 | $78,812.50 |
| Don D. Grubman | Partner (1979) | $575.00 | 76.40 | $43,930.00 |
| John P. Amato | Partner (1986) | $625.00 | 13.00 | $8,125.00 |
| Anthony Altamura | Partner (1984) | $625.00 | 1.00 | $625.00 |
| Janine M. Cerbone | Associate (2003) | $325.00 | 60.40 | $19,630.00 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 5.00 | $1,300.00 |
| Charles Loesner | Associate (1997) | $400.00 | 38.70 | $15,480.00 |
| Huria Naviwala | Associate (2005) | $215.00 | 86.70 | $18,640.50 |
| Allison M. Croessmann | Associate (2006) | $215.00 | 94.20 | $20,253.00 |
| Emmet Keary | Associate (2007) | $215.00 | 151.50 | $32,572.50 |
| Greg P. Kochansky | Associate (2007) | $260.00 | 65.90 | $17,134.00 |

| Preetpal Grewal | Associate (2001) | $325.00 | 120.50 | $39,162.50 |
|---|---|---|---|---|
| James P. Laughlin | Special Counsel (1989) | $625.00 | 7.80 | $4,875.00 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 47.10 | $21,195.00 |
| Maria A. Arnott | Special Counsel (1989) | $495.00 | 133.00 | $65,835.00 |
| Nicholas C. Rigano | Para Professional (N/A) | $200.00 | 6.80 | $1,360.00 |
| Christopher A. Manion | Para Professional (N/A) | $200.00 | 23.60 | $4,720.00 |
| Jason Lane | Paralegal (N/A) | $180.00 | 78.50 | $14,130.00 |
| Kaitlin McDonagh | Paralegal (N/A) | $180.00 | 1.30 | $234.00 |
| F. Michael Marhyan | Paralegal (N/A) | $190.00 | 40.70 | $7,733.00 |
| Charmone Wright | Paralegal (N/A) | $185.00 | 60.70 | $11,229.50 |
| Sheena Belsky | Para Professional (N/A) | $125.00 | 66.20 | $8,275.00 |
| **Grand Totals:** | | | 1,520.50 | $570,914.00 |
| **Blended Rate:** | $ 375.48 | | | |
| **Blended Rate excluding Paraprofessionals:** | $ 421.04 | | | |

- 4 -

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 14.30 | $6,199.50 |
| Creditors' Committee | 103.70 | $40,993.50 |
| Retentions | 3.20 | $776.00 |
| Executory Contracts/Leases | 8.40 | $3,001.00 |
| DIP/Investigation of Lien | 312.60 | $110,083.50 |
| Sale of Assets | 122.80 | $62,195.00 |
| Fees | 5.50 | $2,136.00 |
| Hahn & Hessen LLP Fees | 31.90 | $7,757.50 |
| Litigation | 69.80 | $30,756.00 |
| Employee Issues | 52.70 | $27,707.50 |
| Claims Administration | 19.40 | $7,479.00 |
| Investigation of Company | 776.20 | $271,829.50 |
| **Total:** | **1,520.20** | **$570,914.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | | $3,742.17 |
| Travel | | $2,566.76 |
| Hotel Fees | | $265.24 |
| Courier Service | Deluxe Delivery Systems, Inc. | $77.17 |
| Overnight Delivery | Federal Express, Inc. | $236.61 |
| Word Processing Overtime | | $393.90 |
| Duplicating [at 10¢ per page] | | $5,179.00 |
| Outside Printing | Superior Glacier | $974.16 |
| Telecopy Pages [at $1.00 per page] | | $72.00 |
| Long Distance Telephone/ Conference Calls | | $26.60 |
| Telephone Conference Call | | $429.23 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | | $1,097.62 |
| Supplies | XACT Duplicating Services, Inc. | $26.55 |
| Lexis | Lexis-Nexis | $1,831.41 |
| Search Fees | Pacer Service Center | $66.88 |
| **Total:** | | **$16,985.30** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,* | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: December 26, 2007 at 4:00 p.m.** |

### FIFTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD AUGUST 1, 2007 THROUGH AUGUST 31, 2007

TO:    THE HONORABLE KEVIN J. CAREY,
        UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its request for its fifth monthly compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of August 1, 2007 through August 31, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

1.      H&H makes this fifth monthly application for allowance of $587,899.30 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $570,914.00, and (ii) out-of-pocket expenses in the amount of $16,985.30.

## Background

2.      On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3.      On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4.      The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5.      Pursuant to an order of this Court dated May 30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, The Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise in the area of issues concerning counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7.    This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee Order").

<u>**Summary of H&H Services during the Compensation Period**</u>

8.    From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions, sales of major assets and adversary proceedings commenced during the first few months of the case. Applicant has devoted considerable time and attention at the inception of its retention in order to get up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of August 2007, H&H expended 1,520.50 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been

- 3 -

necessary and in the best interests of creditors and the Debtors' estates and have furthered the

goals of all parties in interest. H&H's services concentrated in, but were not limited to, the

following areas:

**(a)**      **General; Case Administration**

9.      H&H expended 14.30 hours with respect to services under this category,

for which total compensation amounts to $6,199.50. Applicant's services included review of the

docket regarding status updates and download and review of recently filed pleadings, and

review of responses and objections filed thereto. Applicant prepared for, traveled to, attended

and participated in an omnibus hearing in Delaware; and prepared for and participated in a

meetings and conference calls with certain counterparties regarding adequate protection issues.

Applicant further devoted time to conducting research regarding tax refund and IRS set off

issues. Applicant also spent time attending to general administrative and case management

matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b)**      **Creditors' Committee**

10.      H&H expended 103.70 hours with respect to services under this category,

for which total compensation amounts to $40,993.50. Under this category, Applicant devoted

considerable time attending to issues relating to the Debtors' wind down budget and revisions to

the Committee's proposed trading order. Applicant prepared for and participated in several

Committee meetings and conference calls to address numerous issues raised by the Debtors; and

prepared for, traveled to, attended and participated in an omnibus hearing in Delaware.

Applicant's services included routine review of the docket regarding status updates and review

of recently filed pleadings. Applicant prepared numerous memos and e-mails to the Committee

- 4 -

updating them on developments. Applicant further devoted considerable time researching issues relating to damages claims issues under sections 562 and 559 of the Bankruptcy Code. Applicant also spent time attending to general administrative and case management matters including, but not limited to, updating service lists, calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

**(c)    Retentions**

11.    H&H expended 3.20 hours with respect to services under this category, for which total compensation amounts to $776.00. Applicant spent time reviewing various retention applications for ordinary course professionals and notices and orders regarding same; Applicant prepared for and participated in numerous meetings regarding issues on retention of various professionals, including tax accountants and ordinary course professionals.

**(d)    Executory Contracts/Leases**

12.    H&H expended 8.40 hours with respect to services under this category, for which total compensation amounts to $3,001.00. Under this category, Applicant spent time reviewing numerous lease termination agreements, proposed settlements with landlords and stipulations regarding same; and notices of rejection of executory contracts and unexpired leases.

**(e)    DIP/Investigation of Lien**

13.    H&H expended 312.60 hours with respect to services under this category, for which total compensation amounts to $110,083.50. Applicant spent time in this category reviewing, researching and analyzing Morgan Stanley's, IXIS Real Estate Corp.'s, Bank of America's, Barclay's, Countrywide's and Credit Suisse First Boston's Master repurchase

- 5 -

agreements and/or loan purchase documentation and drafting, revising and finalizing

memorandums and summaries regarding same. Applicant also spent time researching, reviewing

and analyzing measurement of damages under sections 555, 559 and 562 of the Bankruptcy

Code, parties' potential remedies on default and drafted memoranda for the committee regarding

same. Applicant also attended various meetings and participated in conference calls regarding

the reconciliation and settlement negotiations concerning the adequate protection disputes.

**(f)    Sale of Assets**

14.    H&H expended 122.80 hours with respect to services under this category,

for which total compensation amounts to $62,195.00. Applicant spent considerable time

drafting, negotiating and revising a letter of intent with Residential Mortgage Services; attending

to numerous issues surrounding Carval/RMS loan purchase, Carrington Closing and Ellington

APA issues; and reviewing, editing and revising documentation pertaining to same. Applicant's

services included researching and reviewing case law regarding GECC's entitlement to proceeds

from sale; and thereafter drafting memoranda regarding the foregoing. Applicant prepared for

and participated in numerous teleconference calls on topics concerning the foregoing.

Additionally, Applicant's attorneys communicated frequently through telephone conferences, e-

mails and memoranda on all pending asset sales. Applicant also spent time attending to general

administrative and case management matters including, but not limited to, reviewing and

monitoring docket for filings.

**(g)**   **Fees**

15.    H&H expended 5.50 hours with respect to services under this category, for which total compensation amounts to $2,136.00.  Applicant's services included attention to and review of certain professionals' fee applications and drafting limited objections.

**(h)**   **Hahn & Hessen LLP Fees**

16.    H&H expended 31.90 hours with respect to services under this category, for which total compensation amounts to $7,757.50.  Applicant's services in this category included review of monthly fee statements and the preparation of a fee application; including cover sheets and exhibits to same.

**(i)**   **Litigation**

17.    H&H expended 69.80 hours with respect to services under this category, for which total compensation amounts to $30,756.00.  Applicant spent considerable time in this category reviewing issues on the proposed protective order and other issues related to the Committee's Bankruptcy Rule 2004 examination, Precision's motion for relief from stay and related issues and KPMG's objection to the Examiner's motion and the Committee's Rule 2004 motion.  Applicant also conducted significant research into potential mortgage servicer's liability to third parties; cases involving servicing/syndication relationship; and cases regarding breaches relative to loan servicing agreements.  Applicant prepared for and participated in numerous meetings and conference calls with respect to the foregoing issues.

**(j)**    **Employee Issues**

18.    H&H expended 52.70 hours with respect to services under this category, for which total compensation amounts to $27,707.50.  Applicant spent time reviewing and editing the Committee's joinder to Debtors' motion to dismiss employees deferred compensation complaint; and reviewing and analyzing relevant case law and plan/trust documents.  Applicant also spent time reviewing and analyzing case law regarding Top-Hat plans; reviewing WARN Act related issues; and reviewing, revising and editing a proposed scheduling order. Applicant prepared for and participated in several conference calls with regard to issues relating to the foregoing.

**(k)**    **Claims Administration**

19.    H&H expended 19.40 hours with respect to services under this category, for which total compensation amounts to $7,479.00.  Applicant's services in this category included review and analysis of Positive Software's motion for relief from stay, and debtors' objection to same; Applicant, in turn, then drafted a reply to the Debtors' objection.  Applicant spent time meeting and discussing interpretation of issues relating to the deficiency claims of the repo-counterparties.

**(l)**    **Investigation of Company**

20.    H&H expended 776.20 hours with respect to services under this category,
for which total compensation amounts to $271,829.50.  Applicant's services in this category
included considerable time spent reviewing and analyzing numerous documents provided by
Debtors, Examiner, Patti Dodge (former CFO), Price Waterhouse Cooper and Heller Ehrman;
and reviewing interview minutes and other key documents.  Thereafter, Applicant spent
considerable time coding documents in Ringtail, updating FileSite folders and importing various
chronologies and related documents into CaseMap and TimeMap.  Applicant spent time
researching issues pertaining to standards for appeal of Bankruptcy Rule 2004 order, servicing
standards, potential experts, accountant malpractice and attorney client privilege issues; and
Applicant in turn prepared numerous memos regarding analysis of the foregoing research.
Applicant devoted considerable time to reviewing, researching and analyzing KPMG's
opposition to the Committee's Rule 2004 motion and cases cited therein; and thereafter drafting
and revising a reply to same.  Applicant prepared for, traveled to and attended an omnibus
hearing in Delaware and a meeting in Washington.  Additionally, Applicant's attorneys
communicated frequently via e-mails, meetings and memoranda devoting time and attention to
the foregoing topics.

**H&H Fees for the Compensation Period**

21.    Under all of the criteria normally examined in Chapter 11 reorganization
cases, H&H's total requested compensation of $570,914.00 is reasonable in light of the
significant work performed by H&H to date.  The hourly rate for each attorney and
paraprofessional who performed the foregoing services on behalf of the Committee is set forth in
detail in the prefixed Summary Cover Sheet.

- 9 -

22.     Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period.  The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

23.     In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing.  Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing.  Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented.  Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

24.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for August 2007 in the amount of $570,914.00, and payment of **$456,731.20** representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

25.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period.  Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet.  H&H charges its

- 10 -

clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$16,985.30**.

26.    In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

27.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE,** H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:    New York, New York
          December 4, 2007

                              **HAHN & HESSEN LLP**
                              Co-Counsel to The Official Committee of
                              Unsecured Creditors of New Century Holdings,
                              Inc., *et al.* Debtors

                              By:    _____
                                     MARK  T. POWER
                                     A Member of the Firm
                              488 Madison Avenue
                              New York, NY  10022
                              (212) 478-7200
                              (212) 478-7400 facsimile