# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,[1]** | : | |
| | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | Objection Deadline: December 27, 2007 at 4:00 p.m. |
| | : | Hearing Date: N/A |
| | : | |

## FIRST MONTHLY APPLICATION OF PRICEWATERHOUSECOOPERS LLP, ACCOUNTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 2, 2007 THROUGH JULY 31, 2007

| | |
|---|---|
| Name of Applicant: | PricewaterhouseCoopers LLP |
| Authorized to Provide Professional Services to: | Accountants for Debtors and Debtors in Possession |
| Date of Retention: | July 30, 2007, *nunc pro tunc* to April 2, 2007 |
| Period for which compensation and reimbursement is sought: | April 2, 2007 through July 31, 2007[2] |
| Amount of Compensation sought as actual, | $132,331.68[3] |

---

[1]     The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2]     This Application may include time expended before the time period indicated above that has not been included in any prior application. The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

reasonable and necessary:

Amount of Expense Reimbursement sought as
actual, reasonable and necessary:                    $3,693.61

This is a:        _x_ monthly          __ interim          __ final application.

The total time expended for fee application preparation is approximately 0.5 hour and the
corresponding compensation requested is approximately $130.00.[4]

## SUMMARY OF APPLICATIONS PREVIOUSLY SUBMITTED:

This is the first fee application filed by PricewaterhouseCoopers LLP.

| Fee Application | | | Requested | | Awarded | |
|---|---|---|---|---|---|---|
| Date Filed | App | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/26/2007 | 1 | 04/02/07 - 07/31/07 | $132,331.68 | $3,693.61 | | |

## SUMMARY OF PROFESSIONALS:

| Name of Professional | Position of the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey R. Boyle | Partner | $ 675.00 | 86.00 | $ 58,050.00 |
| Steven L Skalak | Partner | $ 675.00 | 70.20 | $ 47,385.00 |
| Gil A Miller | Managing Director | $ 525.00 | 2.00 | $ 1,050.00 |
| Ahmad Sear Yagana | Director | $ 425.00 | 39.00 | $ 16,575.00 |
| Bryan R Judice | Director | $ 425.00 | 109.50 | $ 46,537.50 |
| Neil Keenan | Director | $ 425.00 | 116.25 | $ 49,406.25 |
| Donna Thomson | Manager | $ 360.00 | 8.00 | $ 2,880.00 |
| Alyson Marie Crisman | Senior Associate | $ 225.00 | 71.60 | $ 16,110.00 |

3        PwC received amounts prior to the Petition Date which were in excess of fees and expenses accrued pre-petition, $116,259.18. PwC informed the Debtors these prepayments would be applied towards fee and expenses that accrue post-petition. As such, PwC will apply this overpayment towards this Application ($248,398.25 less $116,066.57).
4        PwC incurred additional hours and fees associated with the preparation of this fee application subsequent to this Compensation Period. These fees will be requested within future monthly fee applications.

| Name of Professional | Position of the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Exequiel A Dijamco | Senior Associate | $ 225.00 | 3.50 | $ 787.50 |
| Nicole MacKenzie | Senior Associate | $ 260.00 | 19.20 | $ 4,992.00 |
| Staci Leah Siems | Senior Associate | $ 225.00 | 5.00 | $ 1,125.00 |
| Julia Y Fungard | Associate | $ 175.00 | 5.50 | $ 962.50 |
| Michael Federighe | Associate | $ 175.00 | 4.00 | $ 700.00 |
| Preeti Sareen Nangia | Associate | $ 175.00 | 7.50 | $ 1,312.50 |
| Stuart James Moncada | Associate | $ 175.00 | 3.00 | $ 525.00 |
| **Total Hours and Fees Incurred Post-Petition** | | | **550.25** | **$ 248,398.25** |
| Less : Application of Pre-Petition Amounts | | | | ($116,066.57) |
| **Total Fees Requested in Application** | | | | **$ 132,331.68** |

## COMPENSATION BY PROJECT CATEGORY

| FEES ASSOCIATED WITH THE HOURS | April | May | June | July | Total Fees |
|---|---|---|---|---|---|
| Repurchase Reserve | $21,352.50 | $6,450.00 | $2,125.00 | $0.00 | $29,927.50 |
| Pre-2003 Residual Interests in Securitizations | $32,391.25 | $4,320.00 | $212.50 | $850.00 | $37,773.75 |
| Preparation of illustrative impact of repurchase reserve and pre-2003 residual interest in securitization | $10,212.50 | $10,250.00 | $0.00 | $0.00 | $20,462.50 |
| Preparation, Participation and/or Attendance at Audit Committee (AC) Meetings | $34,360.00 | $11,630.00 | $0.00 | $0.00 | $45,990.00 |
| Preparation for and/or attendance at meetings with the SEC, Examiner's Advisors and Representatives for Creditors Committee | $39,481.25 | $29,510.00 | $850.00 | $20,791.25 | $90,632.50 |
| Other Professional Services | $3,050.00 | $850.00 | $0.00 | $0.00 | $3,900.00 |
| Employment Application and Other Retention Documents | $9,259.50 | $52.00 | $10,270.50 | $0.00 | $19,582.00 |
| Monthly, Interim and Final Fee Applications | $0.00 | $130.00 | $0.00 | $0.00 | $130.00 |
| **Total Fees Incurred Post-Petition** | **$150,107.00** | **$63,192.00** | **$13,458.00** | **$21,641.25** | **$248,398.25** |
| Less : Application of Pre-Petition Amounts | | | | | ($116,066.57) |
| **Total Fees Requested in Application** | | | | | **$132,331.68** |

## EXPENSE SUMMARY

PricewaterhouseCoopers incurred the following actual, reasonable, and necessary expenses during the Application period.[5] Expenses were incurred to attend an Audit Committee meeting, a presentation to the Securities & Exchange Commission, and a presentation to the Advisors to the Bankruptcy Examiner.

| Category | Amount | |
|----------|--------|---|
| Air fare | $ | 1,403.15 |
| Lodging | $ | 1,314.99 |
| Meals (Overtime/Out-of-Town) | $ | 311.11 |
| Mileage | $ | 36.86 |
| Parking | $ | 124.00 |
| Rental Car/Public Transportation | $ | 503.50 |
| **Grand Total** | **$** | **3,693.61** |

---

5        The partners at PricewaterhouseCoopers traveled on a First Class Ticket. PricewaterhouseCoopers has made a voluntary adjustment to the fares to estimate the cost of a coach ticket for the same route.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[6] | : | |
| | : | **(Jointly Administered)** |
| | : | |
| Debtors. | : | Objection Deadline: December 27, 2007 at 4:00 p.m. |
| | : | Hearing Date: N/A |
| | : | |

## FIRST MONTHLY APPLICATION OF PRICEWATERHOUSECOOPERS LLP, ACCOUNTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 2, 2007 THROUGH JULY 31, 2007

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure[7] (the "Bankruptcy

Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the

"Administrative Order"), PricewaterhouseCoopers LLP ("PwC") hereby files this First Monthly

Application for Allowance of Compensation for Services Rendered and for Reimbursement of

---

6    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

7    PwC was granted a waiver of the information requirements set forth in Local Rule 2016-2(d) for the limited purposes of permitting the firm to maintain time records in 1/2-hour increments.

Expenses as Accountant to the Debtors and Debtors in Possession for the Period From April 2, 2007 through July 31, 2007 (the "Application"). By this Application, PwC seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of $132,331.68 ($248,398.25 less pre-petition amount, $116,066.57) as compensation[8] and $3,693.61 for reimbursement of actual and necessary expenses for a total of $136,025.29 for the period April 2, 2007 through and including July 31, 2007 (the "Compensation Period"). In support of this Application, PwC respectfully represents as follows:

## Background

1.      On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Court has entered an order authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

2.      On February 12, 2007,[9] PricewaterhouseCoopers was engaged to provide accounting advisory services to the Debtors, in connection with the internal investigation, of the

---

8       PwC received amounts prior to the Petition Date which were in excess of fees and expenses accrued pre-petition, $116,066.57. PwC informed the Debtors these prepayments would be applied towards fee and expenses that accrue post-petition. As such, PwC will apply this overpayment towards this Application.

9       The terms of PricewaterhouseCoopers' appointment was set forth in an engagement letter dated February 12, 2007, between PricewaterhouseCoopers, the Audit Committee of New Century Financial Corporation, and their independent legal counsel, Heller Ehrman LLP  An addendum to the engagement letter was made on March 9, 2007.

repurchase reserve, residual interest in securitization valuations, and any other matters identified by the Audit Committee and their legal counsel.

3.      The Debtors' retention of PwC was approved effective as of the Petition Date by this Court's Order dated July 30, 2007 captioned Order Authorizing Retention of PricewaterhouseCoopers LLP as Accountants for the Debtors and Debtors in Possession (the "Retention Order"). The Retention Order authorized PwC to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and It's Source

4.      On April 25, 2007, this Court entered the Administrative Order. Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and the Notice Parties (as defined in the Administrative Order) may object to such requests. If an objection to a professional's request is not filed and served within twenty (20) days, the Debtors are authorized and directed to promptly pay 80% of the fees and 100% of the expenses requested.

5.      All services for which compensation is requested by PwC were performed for or on behalf of the Debtors. PwC has received no payment from any source for services rendered in connection with the matters covered by this Application. There is no agreement or understanding between PwC and any other person other than the partners of PwC for the sharing of compensation to be received for services rendered in these cases.

## Relief Requested

6.      PricewaterhouseCoopers is filing the attached fee statement (the "Statement") for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Compensation Period. The Statement contains detailed time logs describing

the actual and necessary services provided by PricewaterhouseCoopers during the covered period, as well as other detailed information required to be included in fee applications. The Statement is comprised of several exhibits which are attached hereto as **Exhibit A:**

- Exhibit 1, represents the internal PricewaterhouseCoopers invoice submitted to the Debtors, as well as other clients, in the ordinary course of business for our services;

- Exhibit 2, represents a Summary of Fees and Expenses by Project Category

- Exhibit 3, provides the name and position of each professional, together with background experience, cumulative hours worked during the Compensation Period, and hourly billing rates for the hourly compensation; and

- Exhibit 4, provides the daily activity descriptions for the hourly compensation, including the activity description, time and billing rates associated with each activity; and

- Exhibit 5, provides the actual and necessary expense incurred by PwC.

7.    Pursuant to the terms of the Administrative Order, if no objection is filed to a Monthly Application within twenty (20) days of the date of the filing of that application, then the Debtors may pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable Monthly Application.

## Summary of Services Rendered

8.    PricewaterhouseCoopers professionals categorized their time devoted to this matter on behalf of the Debtors' estates to various project categories. These professional services are generally described below, with a more detailed identification of the actual services provided as set forth on the attached Exhibit 4. The professionals who rendered services are identified, along with the number of hours for each individual and the total compensation sought, in Exhibit 3 attached hereto.

| Category | Total Billed Hours | Total Billing Amount |
|---|---|---|
| Repurchase Reserve | 67.30 | $29,927.50 |
| Pre-2003 Residual Interests in Securitizations | 103.15 | $37,773.75 |
| Preparation of illustrative impact of repurchase reserve and pre-2003 residual interest in securitization | 48.50 | $20,462.50 |
| Preparation, Participation and/or Attendance at Audit Committee (AC) Meetings | 74.80 | $45,990.00 |
| Preparation for and/or attendance at meetings with the SEC, Examiner's Advisors and Representatives for Creditors Committee | 171.90 | $90,632.50 |
| Other Professional Services | 17.00 | $3,900.00 |
| Employment Application and Other Retention Documents | 67.10 | $19,582.00 |
| Monthly, Interim and Final Fee Applications | 0.50 | $130.00 |
| **Fees prior to Application of Pre-Petition Payments** | **550.25** | **$248,398.25** |
| **Less: Application of Pre-Petition Amounts** | | **($116,066.57)** |
| **Total Fees Requested in Application** | | **$132,331.68** |

**Repurchase Reserve - 67.30 HOURS - $29,927.50**

9.    During the Compensation Period, PwC continued to review the methodology, estimates and individual calculations prepared by management of the Debtors to estimate the repurchase reserve at December 31, 2005, March 31, 2006, June 30, 2006 and September 31, 2006. PwC were also requested by the Audit Committee and management to review the draft repurchase reserve calculations, and supporting documentation, prepared by management for the period ended December 31, 2006.

10.    Information was obtained through a review of company documentation and calculations, and interviews of management in the accounting, secondary marketing, and market relations departments.

11.    PwC memorialized the scope of work, findings and observations from our review of the repurchase reserve methodology, and calculations. PwC were also asked also to comment on, and proposed amendments or clarifications to a report prepared by Heller Ehrman that outlined of the scope of services performed, the source of data received and reviewed as part of the investigation, and an overview of the findings and observations. This report was provided to representatives of the Securities & Exchange Commission, the Examiner, and the US Attorney's Office.

**Pre-2003 Residual Interests in Securitizations - 103.15 HOURS - $37,773.75**

12.    During the Compensation Period, PwC continued to understand and assess the methodology adopted by management to value the residual interest in securitizations entered into by the Debtors prior to 2003. PwC sought to identify the assumptions and estimates used by management in the valuation process, identify which assumptions, if any, changed between quarters, and assess what impact the change in assumptions could have had on the underlying values.

13.    PwC undertook procedures to understand why certain assumptions were changed between quarters. This was done through interviews of secondary marketing, and accounting personnel, and members of senior management.

14.    PwC memorialized the scope of work, findings and observations from our review of the methodology, and calculations used to value the residual interest in securitization assets. PwC were also asked also to comment on, and proposed amendments or clarifications to a report prepared by Heller Ehrman that outlined of the scope of services performed, the source of data received and reviewed as part of the investigation, and an overview of the findings and observations. This report was provided to representatives of the SEC, the Examiner, and the Creditors Committee.

**Preparation of illustrative impact of repurchase reserve and pre-2003 residual interest in securitization - 48.50 HOURS - $20,462.50**

15.    During the Compensation Period, PwC was asked by the Compensation Committee to perform some preliminary, illustrative calculations to estimate the impact on the repurchase reserve and residual interest in securitization valuations, at each quarter end, had alternative assumptions of methodologies been used by management. The illustrative numbers, and sensitivity analyses prepared by PwC, were provided to management, and the Audit Committee to assist them in assessing whether reliance could continue to be placed to financial statements previously issued by the Company. The illustrative calculations and sensitivity analyses were also reviewed to assess the possible impact on earnings per share, a factor considered in the quarterly bonuses paid to senior management.

16.    The illustrative calculations and sensitivity analyses were also provided to representatives of the SEC, Bankruptcy Trustees and Creditors Committee, to enable them to understand and assess the impact that changes in methodology or assumptions would have had on the quarterly results reported by the Company.

**Preparation, Participation and/or Attendance at Audit Committee (AC) Meetings - 74.80 HOURS - $45,990.00**

17.    During the Compensation Period, PwC was asked to attend several Audit Committee meetings, or participate on conference calls with members of the Audit Committee. Such meetings were at the request of the Audit Committee to discuss the scope of our work, additional procedures that were to be performed, update them on our progress, and communicate our observations and findings.

18.    The discussions centered on the repurchase reserve calculations, residual interest in securitization valuations, and the impact that changes in assumptions used in both estimates could have had on the financial results at the end of each quarter. The Audit Committee was also informed on the work performed by Heller Ehrman to look for indications of insider trading on non-public information.

**Preparation for and/or attendance at meetings with the SEC, Examiner's Advisors and Representatives for Creditors Committee - 171.90 HOURS - $90,632.50**

19.    During the Compensation Period, PwC was requested to join Heller Ehrman at several meetings with the SEC, Examiner's Advisors and Creditors Committee, and their advisors. At such meetings, Heller Ehrman and PwC presented to the group the scope of our work on the repurchase reserve, and residual interest in securitization, and shared our findings and observations. The SEC, Examiner's Advisors and Creditors Committee asked questions of PwC to assist them to leverage off the work performed by PwC. Following such meetings, PwC were asked to respond, via e-mail and on conference calls, to questions posed by the SEC, Examiner's Advisors and representatives of the Creditors Committee.

**Other Professional Services - 17.00 HOURS - $3,900.00**

20.    During the Compensation Period, PwC performed several services to gather the files, documents, and other work papers compiled during the course of the investigation. Such material was cataloged, organized by issue or document type, and preserved as a record of our work.

21.    The documentation - both electronic and hard copy - was provided to representatives of the SEC, Examiner's Advisors and Creditors Committee, to enable them to

understand the work that we performed, to grant them access to the papers relevant to the issues that were investigation, and permit them to leverage the work performed by PwC.

**Employment Applications and Other Retention Documents - 67.10 HOURS - $19,582.00**

22.    During the Compensation Period, PwC professionals undertook the tasks and analysis of reviewing the Application submitted to the Court to employ PwC to provide accountant services, prepare an Affidavit disclosing our position and performed the required tasks and analysis to provide the necessary and required disclosure of PwC's relationships with parties-in-interest to the Debtors' case. The tasks included submitting queries to an internal database containing names of individuals and entities that are present or recent former clients of PwC to identify potential relationships, and determine the nature and type of relationship for disclosure to the Court. These conflict checks and disclosure activities are in excess of the normal requirements associated with PwC's normal retention to provide services to a client outside the Bankruptcy Court proceedings.

**Monthly, Interim and Final Fee Applications - 0.50 HOURS - $130.00**

23.    PwC's bankruptcy professionals provided standards PwC templates of the U.S. bankruptcy compensation templates for the District of Delaware to the client-service PwC team in anticipation of approval of services to the Debtors and preparation of this and subsequent fee application submissions.

## Valuation of Services

24.      PwC professionals have expended a total of 531.05 hours in connection with

this matter during the Compensation Period, as follows:

| Position | Name of Professional | Hourly Billing Rate | Total Billed Hours |
|---|---|---|---|
| Partner | Jeffrey R. Boyle | $675 | 86.00 |
|  | Steven L Skalak | $675 | 70.20 |
| Partner Total |  |  | 156.20 |
| Managing Director | Gil A Miller | $525 | 2.00 |
| Managing Director Total |  |  | 2.00 |
| Director | Ahmad Sear Yagana | $425 | 39.00 |
|  | Bryan R Judice | $425 | 109.50 |
|  | Neil Keenan | $425 | 116.25 |
| Director Total |  |  | 264.75 |
| Manager | Donna Thomson | $360 | 8.00 |
| Manager Total |  |  | 8.00 |
| Senior Associate | Alyson Marie Crisman | $225 | 71.60 |
|  | Exequiel A Dijamco | $225 | 3.50 |
|  | Nicole MacKenzie | $260 | 19.20 |
|  | Staci Leah Siems | $225 | 5.00 |
| Senior Associate Total |  |  | 99.30 |
| Associate | Julia Y Fungard | $175 | 5.50 |
|  | Michael Federighe | $175 | 4.00 |
|  | Preeti Sareen Nangia | $175 | 7.50 |
|  | Stuart James Moncada | $175 | 3.00 |
| Associate Total |  |  | 20.00 |
| **Grand Total** |  |  | **550.25** |

The nature of the work performed is fully set forth in Exhibit 4 attached hereto. The billing rates set

forth represent customary rates that are routinely billed to PricewaterhouseCoopers' many clients,

reasonable and charged by most accountants in this marketplace for similar Chapter 11 cases, and

agree to the rates disclosed in the Employment.  The compensation requested in this Application,

totaling $132,331.68[10], does not exceed the reasonable value of the services rendered.

---

10      PwC received amounts prior to the Petition Date which were in excess of fees and expenses accrued pre-
petition, $116,259.18  PwC informed the Debtors these prepayments would be applied towards fee and expenses
that accrue post-petition. As such, PwC will apply this overpayment towards this Application ($248,398.25 less

25.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PwC is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, PwC has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule, given the waiver received in the Retention Order.

WHEREFORE, PwC respectfully request that the Court enter an Order providing that for the Compensation Period, an allowance be made to PwC in the sum of $132,331.68 ($248,398.25 less pre-petition payment, $116,066.57) as compensation for necessary professional services rendered, and the sum of $3,693.61 for reimbursement of actual necessary costs and expenses, for a total of $136,025.29, and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: December 6, 2007
Philadelphia, Pennsylvania

Jeffrey R. Boyle, Partner
PRICEWATERHOUSECOOPERS LLP
Two Commerce Square, Suite 1700
2001 Market Street
Philadelphia, PA 19103
Telephone: (267) 330-3000
Facsimile: (267) 330-3300

*Accountant to the Debtors and Debtors in Possession*

$116,066.57)

## CERTIFICATION OF PROFESSIONAL

Pursuant to the Guidelines for Applications for Compensation and Reimbursement of

Expenses Adopted by the Executive Office for the United States Trustees Pursuant to the

Bankruptcy Reform Act 1994, effective January 30, 1996 ("U.S.T. Guidelines") and Rule 2016-2

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules") the undersigned, certifies (a) I have read the

foregoing application, (b) to the best of my knowledge, information and belief formed after

reasonable inquiry, the compensation and expenses reimbursement sought conforms with the

U.S.T. Guidelines and Local Rules and (c) the compensation and expenses reimbursement

requested are billed at rates and in accordance with practices no less favorable to the Debtor than

those customarily employed by PricewaterhouseCoopers LLP generally.

Dated: December 6, 2007
Philadelphia, Pennsylvania

Jeffrey R. Boyle, Partner
PRICEWATERHOUSECOOPERS LLP
Two Commerce Square, Suite 1700
2001 Market Street
Philadelphia, PA 19103
Telephone: (267) 330-3000
Facsimile: (267) 330-3300

*Accountant to the Debtors and Debtors in Possession*