UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NEW CENTURY TRS HOLDINGS, |  |  |
| INC., a Delaware corporation, *et al.*,[1] | : |  |
|  |  | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

**Hearing Date: December 12, 2007 at 2:00 P.M.**

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE
DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER, PURSUANT TO
SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) APPROVING
AGREEMENT BETWEEN DEBTORS AND SPECIAL COUNSEL, INC. AND (II)
AUTHORIZING THE DEBTORS TO EMPLOY SPECIAL COUNSEL, INC. TO
PROVIDE EMPLOYEE STAFFING SERVICES IN ACCORDANCE WITH THE
TERMS OF THE AGREEMENT
(DOCKET ENTRY # 3997)**

In support of her objection to the motion of the Debtors and Debtors in possession for an

order, pursuant to sections 105 and 363 of the Bankruptcy Code, (i) approving the agreement

between the Debtors and Special Counsel, Inc. and (ii) authorizing the Debtors to employ Special

Counsel, Inc. to provide employee staffing services in accordance with the terms of the agreement

(the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by

---

[1]

The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

and through her counsel, avers:

## INTRODUCTION

1.       Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.       Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.   See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

## GROUNDS/BASES FOR RELIEF

4.       The U.S. Trustee objects to the Motion on the grounds identified below.

5.       After communicating with counsel to the Debtors regarding the relief requested, it is unclear as to whether one or more Special Counsel personnel will be serving as temporary officers of the Debtors.   In evaluating requests by debtors in possession to temporarily employ officers pursuant to 11 U.S.C. § 363, this Court has generally followed a "crisis management protocol" that was the outgrowth of litigation initiated by the U.S. Trustee several years ago.   A copy of the protocol is attached as **Exhibit A**.

6.       Prior to filing this objection, the U.S. Trustee approached the Debtors and sought the

2

Debtors' agreement that the provisions of the crisis management protocol would apply to the proposed engagement and be incorporated into the proposed form of order. The Debtors and/or Special Counsel did not agree to the U.S. Trustee's request prior to the filing of this objection. The U.S. Trustee believes that this Court has the inherent authority to condition its approval of the employment of temporary officer personnel by a chapter 11 debtor in possession on the Debtors' conformity with accepted practice within this District. Accordingly, the U.S. Trustee objects to the Motion to the extent that (i) Special Counsel is providing employees that will serve as temporary officers and (ii) the Debtors and/or Special Counsel are not willing to comply with the crisis management protocol.

7.    The following provisions of the "Terms of Service" (attached as Exhibit A to the Motion) should also be modified:

(a.)    *Independent Contractor Provision* – If Special Counsel is providing employees that will serve as temporary officers of the Debtors, Paragraph 2(a) should be modified to indicate that, notwithstanding the contents of that paragraph, such personnel will be subject to the duties and obligations associated with their status as officers under applicable law.

(b.)    *Limitation on Liability* – Paragraph 5(b) eliminates Special Counsel's liability for certain damages, including special, consequential, exemplary or punitive damages. This provision should be struck from the agreement.

(c.)    *Indemnification* – Paragraph 6 should be modified to provide that the indemnity will be subject to appropriate "carve-outs" (gross negligence, willful misconduct and breach of contract) and that any request for payment of indemnity under that

paragraph shall be subject to approval of this Court after notice is given.

(d.)     *Arbitration* – Paragraph 10 should be modified to reflect that this Court will have

primary jurisdiction over all disputes relating to the engagement while the above-

captioned cases are pending.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying the Motion or

granting other relief consistent with this objection.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


**BY:**  _/s/ Joseph J. McMahon, Jr._____
            Joseph J. McMahon, Jr., Esquire (# 4819)
            Trial Attorney
            United States Department of Justice
            Office of the United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Room 2207, Lockbox 35
            Wilmington, DE  19801
            (302) 573-6491
            (302) 573-6497 (Fax)

Date:  December 11, 2007

4