## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **NEW CENTURY TRS HOLDINGS, INC.,** a Delaware corporation, <u>et al.</u>,[1] | **Case No. 07-10416 (KJC)** |
| **Debtors.** | **Jointly Administered** |
| | Objection Date: January 2, 2008 at 4:00 p.m. Hearing Deadline: January 9, 2008 at 1:30 p.m. |

## DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIMS: NON-SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CERTAIN (A) AMENDED AND SUPERSEDED CLAIMS, (B) DUPLICATE CLAIMS, (C) LATE-FILED CLAIMS AND (D) NO SUPPORTING DOCUMENTATION CLAIMS

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules"), to certain (A) amended and superseded claims, (B) duplicate claims, (C) late-filed claims and (D) no supporting documentation claims (collectively,

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

the "Disputed Claims") listed on Exhibits A through D to the proposed order filed concurrently herewith (the "Proposed Order"), which exhibit is incorporated herein by reference and, for the reasons set forth herein, seek entry of the Proposed Order disallowing and expunging the Disputed Claims. In support of this Objection, the Debtors rely on the Declaration of Todd B. Brents attached hereto as Exhibit A (the "Brents Declaration"). In further support of this Objection, the Debtors respectfully represent as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1.

**BACKGROUND**

A.     **The Chapter 11 Filings**

3.     On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

4.     On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases. The Court entered an order granting the U.S. Trustee's motion for the appointment of Michael J. Missal as examiner on June 7, 2007.

2

**B.**    **Bar Date and Proofs of Claim**

5.    On June 28, 2007, the Court entered an Order (A) Fixing General Bar Date for Filing Proofs of Claim, (B) Approving Procedures for Filing Proofs of Claim, and (C) Approving Form, Manner and Sufficiency of Notice of the General Bar Date and Procedures for Filing Proofs of Claim (the "Bar Date Order"), which, among other things, established August 31, 2007 at 5:00 p.m. (the "General Bar Date") as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) (the "Claimants") against one or more of the Debtors, except for claims against New Century Warehouse Corporation,[2] to file and serve a written proof of claim for payment of any such claim. The General Bar Date applies to all purported claims held by non-governmental units against the Debtors arising prior to the Petition Date.[3]    Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.    To date, approximately 3,714 proofs of claim (collectively, the "Proofs of Claim") have been filed asserting claims against the Debtors (collectively, the "Claims").

6.    In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.    The Debtors and their advisors have commenced a review of the Proofs of Claim filed in these cases (including any supporting documentation) and a

---

[2] Debtor New Century Warehouse Corporation ("NC Warehouse") did not file its chapter 11 petition until August 3, 2007.    As such, the Bar Date Order does not apply with respect to claims against NC Warehouse.    On October 23, 2007, the Court entered an Order Establishing Bar Dates for Filing Proofs of Claims in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner, and Sufficiency of Notice Thereof, which, among other things, established December 14, 2007 at 5:00 p.m. as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against NC Warehouse to file and serve a written proof of claim for payment of any such claim.    The deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file and serve a written proof of claim for payment of any such claim is 5:00 p.m. (Eastern Time) on January 31, 2008.

[3] The Bar Date Order provides that the Bar Date for governmental units (as defined in section 101(27) of the Bankruptcy Code was 5:00 p.m. (Eastern Time) on October 2, 2007.

comparison of the Claims asserted in the Proofs of Claim with the Books and Records to determine the validity of the asserted Claims. For the reasons set forth in more detail below and based on these reviews, the Debtors have determined that certain Claims asserted against the Debtors in the Proofs of Claim are objectionable on Non-Substantive grounds.

## RELIEF REQUESTED

7.    By this Objection, the Debtors object to the Disputed Claims and, for the reasons described below, seek entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1, disallowing and expunging the Disputed Claims as set forth below.[4]

## BASIS FOR RELIEF REQUESTED

**A.    Amended and Superseded Claims**

8.    As a result of their review, the Debtors have identified approximately thirteen (13) Claims that amend and supersede other Claims filed against the Debtors (the "Amended and Superseded Claims"). A list of the Amended and Superseded Claims is set forth in the column labeled "Amended Claim Number" in <u>Exhibit A</u> to the Proposed Order. The Debtors have identified the related Claims that will remain if the Court grants this Objection (the "Remaining Claims") in the column labeled "Remaining Claim Number."

9.    The Debtors believe that the Claimants holding Amended and Superseded Claims will not be prejudiced by having their Amended and Superseded Claims disallowed and expunged because their Remaining Claims - asserting the same liability in a different amount against the same Debtor - will remain on the claims registry after the corresponding Amended and Superseded Claims are expunged. Therefore, the Debtors (a) object to the Amended and

---

[4] This Objection is expressly without prejudice to any and all rights of the Debtors or their representative to bring future and/or additional objections to any of the Disputed Claims on any basis.

Superseded Claims listed on Exhibit A to the Proposed Order and (b) seek entry of the Proposed Order disallowing and expunging the Amended and Superseded Claims in their entirety, subject to the Debtors' further objections on any other grounds to the Remaining Claims.

10.    To the extent that a Remaining Claim is not otherwise further amended or superseded by a proof of claim later filed by the creditor, or subject to an objection set forth herein or subsequently filed by the Debtors, such Remaining Claim ultimately shall be allowed against the Debtor and in the case in which it was filed.

**B.    Duplicate Claims**

11.    As a result of their review, the Debtors have identified approximately twenty (20) Claims that assert duplicate or multiple claims against the same Debtor asserting the same liability in the same amount (the "Duplicate Claims").  A Claimant is not entitled to multiple recoveries for a single liability against a single debtor, and it is entitled only to a single satisfaction, if at all, of any particular claim of liability against a debtor.  By allowing the Claimants to assert their claims of liability under duplicate or multiple Proofs of Claim, the Debtors and their estates risk multiple recoveries by a Claimant for a single claim of liability against a Debtor.  In order to confirm that the Claimants have only a single claim of liability, to clarify the claims register in these cases and to simplify the claims allowance and disallowance process, the Debtors seek to disallow any Duplicate Claims filed by a Claimant.

12.    Set forth on Exhibit B to the Proposed Order is a list of the duplicate Proofs of Claim that the Debtors have identified.  For each creditor, the Duplicate Claims appear in the column labeled "Duplicate Claim Number," and the claim number of the Claim to remain on file in the claims register is set forth in the column labeled "Remaining Claim Number."

Each Duplicate Claim asserts a basis for liability that is identical to and duplicative of that asserted in the proposed remaining Claim filed by such Claimant.

13.    The Debtors (a) object to the Duplicate Claims listed on Exhibit B to the Proposed Order and (b) seek entry of the Proposed Order disallowing and expunging the Duplicate Claims in their entirety, subject to the Debtors' further objections on any other grounds to the Claims listed under the column labeled "Remaining Claim Number."

14.    To the extent that a Claim set forth in the column labeled "Remaining Claim Number" is not otherwise amended or superseded by a proof of claim later filed by the creditor, or subject to an objection set forth herein or subsequently filed by the Debtors, such Claim ultimately shall be allowed against the Debtor and in the case in which it was filed.

15.    The disallowance of the Duplicate Claims will not prejudice the Claimants or their substantive rights or claims against the Debtors. The Proposed Order confirms that each Claimant retains a Claim that incorporates the entire liability asserted by the Claimant.

C.    **Late Filed Claims**

16.    As a result of their review, the Reorganized Debtors have identified approximately thirty-five (35) Claims that appear to have been filed after the Bar Date (the "Late Filed Claims"). Pursuant to the Bar Date Order, all holders of claims were required to file a proof of claim with supporting documentation on or before the Bar Date. The Late Filed Claims identified on Exhibit C to the Proposed Order represent claims that were filed *after* the applicable Bar Date and that were not specific amendments to timely filed Claims.

17.    Failure to disallow the Late Filed Claims will result in the applicable Claimants receiving an unwarranted recovery against the Reorganized Debtors' estates, to the detriment of other creditors in these cases who timely filed Proofs of Claim. Accordingly, the

6

Reorganized Debtors hereby object to the Late Filed Claims and request entry of an order disallowing in full and expunging each of the Late Filed Claims identified on <u>Exhibit C</u> to the Proposed Order.

**D.**     **No Supporting Documentation Claims**

18.     As a result of their review, the Reorganized Debtors have identified approximately twenty-three (23) Claims for which no supporting documentation was attached to the Proof of Claim filed by the creditor. A list of the No Supporting Documentation Claims is attached to the Proposed Order as <u>Exhibit D</u>. Pursuant to Local Rule 3007-1(d)(vi), the Reorganized Debtors (a) object to the No Supporting Documentation Claims as listed on <u>Exhibit D</u> to the Proposed Order and (b) seek entry of the Proposed Order expunging the No Supporting Documentation Claims in their entirety.

**SEPARATE CONTESTED MATTERS**

19.     Each of the Dispute Claims and the Debtors' objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

**RESERVATION OF RIGHTS**

20.     The Debtors have asserted herein all of the non-substantive objections of which they are aware as of the date hereof with respect to the Disputed Claims. However, due to the nature of the Claims and the objections asserted herein, other bases for objection may arise, or the Debtors may become aware of other bases for objection, at a later date. Accordingly, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted

7

herein and to file additional objections to the Proofs of Claim or any other claims (filed or not) which may be asserted against the Debtors. Should one or more of the grounds of the objection stated in this Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases. In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent such Claim has been paid.

## RESPONSES TO THE OBJECTION

### A.    Filing and Service of Responses

21.    Pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court, to contest an Objection, a Claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, Wilmington, Delaware 19801; and the Response must be served so as to be received by the undersigned counsel to the Debtors no later than **January 2, 2008 at 4:00 p.m. (Prevailing Eastern Time).**

### B.    Contents of Responses

22.    Every Response to an Objection must contain at a minimum the following information:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

(b)    the name of the Claimant and description of the basis for the amount of the Claim; a concise statement specifically setting forth the reasons why the Claim should not be disallowed by the Court in the manner set forth in the Objection, including, but not limited to, the specific factual and legal bases in support of the Response;

8

(c)     all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Court, upon which the Claimant will rely in opposing the Objection;

(d)     the address(es), if different from that or those presented in the Claim, to which the Debtors must return any reply to the Response; and

(e)     the name, address, and telephone number of the person (who may be a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim.

23.     If a Response contains an address different from that stated on the Proof of Claim actually filed, that address in the Response shall control and shall be the service address for other future service of papers.

## C.     Timely Response Required; Hearing; Replies

24.     If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Claimant.  If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on **January 9, 2008 at 1:30 p.m. (Prevailing Eastern Time),** or such other date and time as parties filing responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.  The Debtors reserve the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

25.     If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing

procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Claim <u>without further notice to the Claimant</u>.

26.     Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

## NOTICE

27.     The Debtors will serve copies of this Objection by first-class United States mail, postage prepaid, upon each of the Claimants identified in <u>Exhibits</u> <u>A</u> through <u>D</u> to the Proposed Order at the addresses listed in the Proofs of Claim.  Copies of this Objection also shall be served upon the U.S. Trustee, counsel to the Committee of Unsecured Creditors, the Examiner appointed in these Chapter 11 cases, and all persons filing notices of appearance in these cases.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

28.     The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

10

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as <u>Exhibit B</u> disallowing and expunging the Disputed Claims, and (ii) grant such other and further relief as is just and proper.

Dated: December 11, 2007
      Wilmington, Delaware

Respectfully submitted,

Mark Collins (No. 2981)
Michael J. Merchant (No. 3458)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Emily R. Culler
Ana Acevedo
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
(415) 984-8700

COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

11