UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-10416 (KJC) Jointly Administered |
| Debtor. | |

**WELLS FARGO BANK N.A.'S REPLY TO PLAINTIFFS' LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 345 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING DEBTORS TO REALLOCATE CERTAIN INVESTMENTS IN CONNECTION WITH DEFERRED COMPENSATION PLANS**

Wells Fargo Bank N.A. ("Wells Fargo"), the directed trustee of a rabbi trust ("Trust") established by the debtors under the New Century Supplemental Benefit and Deferred Compensation Trust Agreement ("Trust Agreement") and a defendant in adversary proceeding No. 07-51598, respectfully submits this reply (the "Reply") to the Limited Objection to Debtors' Motion Pursuant to Sections 105(a) and 345 of the Bankruptcy Code for Order Authorizing Debtors to Reallocate Certain Investments in Connection with Deferred Compensation Plans (the "Limited Objection") [Dkt. No. 3958] filed by plaintiffs Gregory J. Schroeder, Michelle Parker, Martin Warren, Steve Holland, Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New

DEL1 67478-1

Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Deferred Compensation Plan and/or New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, "plaintiffs"). Wells Fargo states as follows:

1.    Plaintiffs' contention that Wells Fargo has "to meet ERISA's standards for investment of Plan Assets by plan fiduciaries" is both legally and factually incorrect. See Limited Objection, ¶ 10.

2.    Wells Fargo is neither a plan fiduciary under ERISA nor otherwise subject to ERISA's standards for investment of Plan Assets.   ERISA § 3(21) defines an ERISA fiduciary by reference to the person's control over Plan Assets.   29 U.S.C. § 1002(21).   But as the plaintiffs have conceded, the assets in the Trust are not Plan Assets. See Adv. P. 07-51598 ("Adv. P.") Dkt. No. 31, at 16 n.5 (stating that the characterization of Trust assets as "Plan Assets" in the complaint was "mere shorthand and not substantive argument"); id. at 17; see also Labor Dept. Advisory Op. No. 93-14A, 20 Pens. & Ben. Rep. (BNA) 1109,

1111 (1993) (stating that assets in a rabbi trust are not
plan assets under ERISA even where the trust was
established in connection with a deferred compensation
plan).  Because Wells Fargo administers only Trust assets—
and not Plan Assets,—"ERISA's standards for investment of
Plan Assets," Limited Objection, ¶10, do not apply to Wells
Fargo.

   3.   Moreover, Wells Fargo is not a Plan fiduciary for
the additional reason that it is merely a fully-directed
trustee of the Trust.   Wells Fargo does not choose or
recommend investments to the debtors or to beneficiaries of
the Trust, nor does it participate in the allocation or
reallocation of the proceeds from the life insurance policy
in which Trust assets are invested.  See Dkt. 3961, ¶¶ 1-3;
Trust Agmt. § 5.1-5.3.   The fact of the matter is that
Wells Fargo would not be a Plan fiduciary even if—contrary
to the undisputed facts—Plan Assets were held in the Trust.
See Truman Bank 401(k) Profit Sharing Plan v. Levin, No.
4:07CV01163ERW, 2007 WL 3310975, at *6 (E.D. Mo. Nov. 5,
2007) (holding that, even where a trust does hold plan
assets, a directed trustee is not a plan fiduciary under
ERISA); see also Adv. P. Dkt. No. 43, at 3-4 & n.2.

4.    Plaintiffs' objection to the payment of the
attorneys' fees that Wells Fargo has been forced to incur
in defending itself against plaintiffs' claims in adversary
proceeding No. 07-51598 also is without merit.  See Limited
Objection, ¶ 11.

5.    Contrary to plaintiffs' contention, Wells Fargo
has not violated any duty of impartiality in defending
against plaintiffs' complaint in the adversary proceeding.
The duty of impartiality requires a trustee to balance the
various beneficial interests when carrying out its
responsibilities "in managing, protecting, and distributing
the trust estate."  RESTATEMENT (THIRD) OF TRUSTS § 79 cmt. c
(emphasis added).  But whatever duties a trustee may have
to "remain neutral in controversies between or among
possible beneficiaries," Limited Objection, ¶ 11, they are
not implicated in the present case.[1]

---

[1]    Even if the Complaint involved strictly a dispute
among the beneficiaries over matters of trust
administration—where Wells Fargo stood in the role of a
neutral "stakeholder"—Wells Fargo nonetheless would "have a
duty to provide relevant information of which the trustee
has knowledge and to make reasonable efforts to assure that
all interested beneficiaries are (or have an opportunity to
be) adequately represented."  RESTATEMENT (THIRD) OF TRUSTS § 79
cmt. c

6.   The Complaint does not allege any ambiguity in
the Trust Agreement.   To the contrary, there is no dispute
that, under the Trust Agreement, plaintiffs hold unsecured
claims to the Trust assets, and that in the event of New
Century's bankruptcy, the assets are subject to the claims
of the company's general creditors.   See Trust Agmt. § 1.3.
Plaintiffs seek, instead, relief that would cause the Trust
assets to be distributed contrary to the express terms of
the Trust and the intent of the grantor.   See Adv. P. Dkt.
No. 1, at 15-17.

7.   The primacy of "the duty of the trustee to carry
out the terms of the trust according to the expressed
intent of the trustor" is well established.   See In re
Goulet, 898 P.2d 425, 427 n.4 (Cal. 1995) (quoting Union
Bank & Trust Co. v. McColgan, 190 P.2d 42 (Cal. Dist. Ct.
App. 1948)).   This duty includes the duty to defend the
trust as a whole in order to carry out its purposes—an
obligation that, as a matter of law, outweighs the duty of
impartiality.   And more important, it does not require the
trustee to stay "neutral" in the face of claims against the
trust, as plaintiffs' mistakenly contend; rather, it
requires the trustee "to protect the trust against an
attack that goes to the very existence of the trust

itself." In re Ferrall, 33 Cal. 2d 202, 206, 200 P. 2d 1, 3
(Cal. 1948); see In re Goulet, 898 P.2d at 427-30.

8.   Not only does the law of trusts empower Wells
Fargo to defend against plaintiffs' complaint but the Trust
Agreement does as well.   Section 6.1(e) of the Trust
Agreement expressly empowers Wells Fargo to defend the
Trust in all legal proceedings that may arise:

> The Trustee shall have the following additional
> powers and authority with respect to all
> property constituting part of the Trust Fund:
>
> . . .
>
> To   commence   or   defend   suits   or   legal
> proceedings and to represent the Trusts and the
> Trust Fund in all suits or legal proceedings
>
> . . . .

Trust Agmt. § 6.1(e).

9.   In   addition   to   attacking   the   Trust,   the
plaintiffs assert a claim for attorneys' fees against Wells
Fargo in its capacity as trustee of the rabbi trust based
on the debtors' alleged failure to administer the Plan in
accordance with ERISA's substantive provisions as well as
to   impose   upon   Wells   Fargo   significant   obligations   in
contravention   of   the   express   provisions   of   the   Trust
Agreement.   See Adv. P. Dkt. No. 1, ¶¶ 48-52, 58-62 (Counts

III & V).[2]   In this regard, Wells Fargo has every right—as
would any defendant with an economic interest in the
outcome of the litigation—to defend itself against
plaintiffs' groundless claims.

10.  As stated in the debtors' motion, the attorneys'
fees Wells Fargo has incurred to date in defending against
plaintiffs' complaint are chargeable to the Trust under the
terms of the Trust Agreement.  See Dkt. No. 3848, ¶ 20
(quoting Trust Agmt. §§ 8.2 & 8.3).

11.  Plaintiffs also appear to object to Wells Fargo's
recovery of attorneys' fees from the Trust on the grounds
that Wells Fargo's motion to dismiss "did not benefit the
estate" and that it "largely parroted the Debtors' briefs."
Limited Objection, ¶ 11 (emphasis added).  The notion that
Wells Fargo's motion was duplicative of the debtors' motion
to dismiss is sharply belied by the fact that plaintiffs
found it necessary to file a 25-page brief in opposition to

---

[2]   Under Count III, reformation of the rabbi trust into a
secular trust would impose duties upon Wells Fargo that it
has not agreed to perform and for which it has not been
compensated.  See Adv. P. Dkt. No. 24 at 27-29; No. 31 at
15 n.4.   Moreover, the Beneficiaries seek to thrust upon
Wells Fargo the status of an ERISA fiduciary, see Limited
Objection, ¶ 10, which is in direct contravention of the
Trust Agreement and ERISA, see ¶¶ 2-3, supra.   Wells Fargo
has an economic interest in avoiding the burden, expense,
and responsibilities required of the trustee of a secular
trust.

7

Wells Fargo's motion—something that obviously would have been wholly unnecessary if the two briefs were duplicative. Tellingly, the Beneficiaries do not—and cannot—contend that Wells Fargo's motion was frivolous; rather they concede that Wells Fargo's motion <u>did</u> "address[] its unique concerns, which may have been legitimate." <u>Id.</u>; <u>see</u> ¶¶ 5-7, <u>supra</u>.

12.    The reality is that Wells Fargo's motion <u>does</u> benefit the estate.  Plaintiffs are attacking the Trust and seek to remove its assets from the debtors' bankruptcy estate.  <u>See</u> ¶ 5, <u>supra</u>.  Wells Fargo's motion to dismiss seeks to enforce the Trust Agreement as written and to ensure that the Trust assets are distributed in accordance with the Agreement.  <u>Id.</u>[3]

13.    As of the date it filed its motion to dismiss, Wells Fargo had incurred approximately $100,000 in attorneys' fees in connection with defending the Trust in this matter.  Accordingly, it is entitled to recover from the Trust pursuant to the Trust Agreement and Section 503 of the Bankruptcy Code.

---

[3]    Thus, Wells Fargo is entitled to a Section 503(b) administrative claim with respect to attorneys' fees incurred to date. <u>Cf.</u> Limited Objection, ¶ 7.

For all of these reasons, plaintiffs' objection should be rejected.

Dated: December 13, 2007.

Respectfully submitted,

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

/s/   Christopher A. Ward
Joanne B. Wills (Del. No. 2357)
Christopher A. Ward (Del. No. 3877)
919 Market Street, Suite 1000
Wilmington, DE 19801
Tel:(302)426-1189
Fax:(302)426-9193
jwills@Klehr.com

Andrew A. Nicely
Tai Lui Tan
MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC 20006-1101
Tel: (202)263-3000
Fax: (202)263-3300
anicely@mayerbrown.com

Counsel  to  Defendant  Wells  Fargo
Bank N.A. a/k/a Wells Fargo ITS

9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-10416 (KJC) Jointly Administered |
| Debtor. | |

## CERTIFICATE OF SERVICE

I, Christopher A. Ward, Esq. of Klehr, Harrison, Harvey, Branzburg & Ellers LLP hereby certify that on this 13th day of December 2007, I caused to be served a copy of the foregoing *Wells Fargo Bank N.A.'s Reply To Plaintiff's Limited Objection to Debtors' Motion Pursuant To Sections 105(A) And 345 Of The Bankruptcy Code For Order Authorizing Debtors To Reallocate Certain Investments In Connection With Deferred Compensation Plans* to be served upon the parties listed on the attached service list via First Class Mail.

_____ */s/ Christopher A. Ward* _____
Christopher A. Ward (Del. Bar No. 3877)

DEL1 67409-2

**Service List**
**NEW CENTURY TRS HOLDINGS , INC. et al**

Mark D. Collins, Esquire
Christopher M. Samis, Esquire
Michael J. Merchant, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square, 920 King Street
P.O. Box 551
Wilmington, DE  19899

Joseph J. McMahon, Jr., Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox # 35
Wilmington, DE  19801

Bonnie Glantz Fatell, Esquire
Blank Rome LLP
Chase Manhanttan Centre
1201 Market Street, Suite 800
Wilmington, DE  19801-4226

Holly Felder Etlin
AP Services, LLC
9 West 57th Street, Suite 3420
New York, NY  10019

Warren H. Smith, Esquire
Warren H. Smith & Associates, P.C.
Republic Center
325 N. St. Paul, Suite 1275
Dallas, TX  75201

Suzzanne S. Uhland, Esq.
Emily Culler, Esquire
O'Melveny & Myers, LLP
275 Battery Street
Suite 2600
San Francisco, CA 94111

Monika L. McCarthy, Esquire
New Century Mortgage Corporation
3121 Michelson Drive, Suite 600
Irvine, CA  92612

Mark S. Indelicato, Esquire
Hahn & Hessen LLP
488 Madison Avenue, 14th & 15th Floor
New York, NY  10022

Bennett L. Spiegel, Esq.
Shirley S. Cho, Esq.
Kirkland & Ellis, LLP
777 South Figueroa Street
Suite 3700
Los Angeles,  CA  90017

Ivan Lerer Kallick
Manatt Phelps & Phillips, LLP
11344 West Olympic Boulevard
Los Angeles, CA 90064

DEL1 67409-2