**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC. | § | |
| | § | Case No. 07-10416-KJC |
| | § | |
| Debtors. | § | Jointly Administered |

**TEXAS TAX UNITS' RESPONSE TO DEBTORS' FIFTH OMNIBUS OBJECTION:**
**SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. SECTIONS 502 AND 507,**
**BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (I) BOOKS**
**AND RECORDS CLAIMS, AND (II) REDUCED AND/OR RECLASSIFIED CLAIMS**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Hidalgo County, LaJoya ISD, and Walker CAD, (the "Taxing Units "), file this their Response to

Debtors' Fifth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507,

Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Books and Records Claims, and (II)

Reduce and/or Reclassified Claims, (the "Objection"), and respectfully show this Court as follows:


1.      The Taxing Units are subdivisions of the State of Texas and, as such, are authorized to levy

and assess ad valorem taxes on the value of property located within their taxing jurisdictions as of January 1

of each tax year.

2.      The Taxing Units hold secured unavoidable claims for ad valorem property taxes for pre-

petition years up to and including 2007 against property of the Debtors. Their claims are secured by prior

perfected continuing enforceable tax liens upon the property of the Debtors, as provided by Sections 32.01

and 32.05(b) of the Texas Property Tax Code.

3.      The Debtors object to the claims of the Taxing Units stating that they do not have records of

said liabilities in their books and records "as the property is not serviced by the Debtors."  The Taxing Units

respond to the Debtor's Objection by stating that the official tax records of the Taxing Units show the Debtor's as current owners of the properties listed in their proofs of claim, which are incorporated, herein, by reference.

4.      The Taxing Units assert the taxes in question are liabilities of the Debtors. The Taxing Entities further assert these claims were filed according to Fed.R.Bankr.P. Rule 3001 and should be given the evidentiary effect provided in Rule 3001(f).  Under Texas law, the burden to negate the validity of a claim for taxes then shifts to the taxpayer.  Tex. Tax Code § 33.47 states that the introduction of the current and delinquent tax rolls or copies of the entries showing the property and the amount of the tax imposed constitute prima facie evidence of a taxpayer's liability and the burden shifts to the taxpayer to rebut this presumption.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Taxing Units request this Honorable Court deny the Debtor's Objection and for all other relief as is just and proper.

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for Claimants

/s/  Elizabeth Banda
ELIZABETH BANDA
SBN:  24012238
YOLANDA HUMPHREY
SBN:  24009764
1235 N. Loop West Suite 600
Houston, Texas  77008
Phone:  713-862-1860
Fax:  713-862-1429
ymhumphrey@pbfcm.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above document was sent via facsimile or the Court's ECF System to the following parties on this 13th day of December, 2007:

Mark Collins
Michael J. Merchant
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Fax: 302-651-7701

Suzanne S. Uhland
Emily R. Culler
Ana Acevedo
O'Melney & Myers, LLP
275 Battery Street
San Francisco, CA 94111
Fax: 415-984-8701

/s/  Elizabeth Banda
ELIZABETH BANDA