# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

NEW CENTURY TRS HOLDINGS,
INC., a Delaware Corporation, et al.,
      Debtors

:          **CHAPTER 11**

: **BANKRUPTCY NO.  07-10416**

## ANSWER OF CLAIMANTS, FRANCA M REX, NO. 975, JOHN and NICOLETTE DAVIS, NO. 701, AND JOHNATHAN COLLIER, NO. 684 TO DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS

1. The allegations of paragraphs 1 through 6 and 10 through 19 are admitted. All other allegations are denied or denied as stated.

2. Of the three claimants, only Franca M. Rex received any letters requesting documentation supporting these claims, to which she remitted.

3. Attached hereto are the following exhibits which document the claims at issue.

   a. Exhibit "A" Complaint in <u>In re Franca M. Rex</u>, <u>Rex v. Deutsche Bank National Trust Co. et al.</u>, Bankr. No. 06-14770, Adv. No. 07-16, with Exhibits.

   b. Exhibit "B" Complaint in <u>In re Nicolette Davis</u>, <u>Davis v. Deutsche Bank National Trust Co. et al.</u>, Bankr. No. 06-11746, Adv. No. 06-287.

   c. Exhibit "C" Complaint in <u>In re Jonathan Collier</u>, <u>Collier v. New Century Mortgage Corp. et al.</u>, Bankr. No. 05-16905, Adv. 05-585.

   d. Exhibit "D" Order approving Stipulation in above proceeding in Collier v. New Century Mortgage Corp. et al.

4. The claimants believe that this documentation is sufficient to allow the Debtor to identify them and describe the nature of these claims against New Century Mortgage Corp.

WHEREFORE, the Claimants request that the Objections to their claims be DENIED.

Respectfully Submitted,

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, Pa.  19073
610-353-7543
Attorney for Claimants
FRANCA M REX
JOHN and NICOLETTE DAVIS
JONATHAN COLLIER

(Instructions on Reverse)

| PLAINTIFF | DEFENDANTS |
|---|---|
| FRANCA M REX | DEUTSCHE BANK NATIONAL TRUST CO., HOME 123 CORP., and NEW CENTURY MORTGAGE CORP. |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>David A. Scholl, 6 St. Albans Ave.,<br>Newtown Sq., PA 19073<br>610-353-7843 | ATTORNEYS (If Known) |

PARTY (Check one box only)    ☐ 1. U.S. PLAINTIFF    ☐ 2. U.S. DEFENDANT    ☒ 3. U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

15 USC § 1601 Action to enforce Rescission

### NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☒ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

ORIGIN OF PROCEEDINGS (Check one box only.)
☒ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ | NEAREST THOUSAND | OTHER RELIEF SOUGHT  Rescission | ☐ JURY DEMAND

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

NAME OF DEBTOR  Franca Rex | BANKRUPTCY CASE NO.  06-18770

DISTRICT IN WHICH CASE IS PENDING  ED of PA | DIVISIONAL OFFICE  Phila | NAME OF JUDGE  Fitz Simon

RELATED ADVERSARY PROCEEDING (IF ANY)

PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO.

DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE

FILING FEE (Check one box only.)    ☐ FEE ATTACHED    ☒ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

DATE | PRINT NAME  David A. Scholl | SIGNATURE OF ATTORNEY (OR PLAINTIFF)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

In re:
FRANCA M. REX,                                          : CHAPTER 13
      Debtor


FRANCA M. REX
      Plaintiff                                   : BANKR. NO. 06-14770


    v.


DEUTSCHE BANK NATIONAL
TRUST COMPANY, HOME 123
CORPORATION and NEW
CENTURY MORTGAGE
CORPORATION
      Defendants                                 : ADVERSARY NO. 07- 16

## COMPLAINT

1. This is an action seeking damages, a declaration of rescission, and remedies for rescission under the federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("the TILA"), and applicable federal law against lenders in a predatory loan transaction.

2. Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b). This is a core proceeding because it is in effect a counterclaim to a proof of claim filed by the lien holder and because it seeks a determination of the validity and extent of the lien claimed against the Debtor's home, pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (b)(2)(K).

3. The Plaintiffs is FRANCA M. REX, an adult individual residing at 8 Apple Ave., Media, PA 19063 ("the Home").

4. The Defendants are  DEUTSCHE BANK NATIONAL TRUST COMPANY, ("Deutsche"), a Foreign Business Corporation the entity number of which is 2982832 and which lists the address of C/o CT Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102, with the Pennsylvania Department of State, the apparent assignee of the mortgage at issue and the entity which brought a mortgage foreclosure complaint against the Debtor in the Delaware County Court of Common Pleas; HOME 123 CORPORATION, ("Home 123"), a Foreign Business Corporation the entity number of which is 2903607 and which lists the address of C/o Ct Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102, with the Pennsylvania Department of State, an entity which is listed as the original lender in many of the loan documents with the notable exception of the Settlement Statement; and NEW CENTURY MORTGAGE CORPORATION, ("NCMC"), a Foreign Business Corporation the entity number of which

is 2721186 and which lists the address of C/o CT Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102 with the Pennsylvania Department of State, an entity which the Settlement Statement indicates was the original lender in the underlying transaction but which has also filed a proof of claim in the Debtor's bankruptcy case, indicating it is still involved with the loan at issue as the loan servicer or in some other capacity.

5. On or about May 20, 2005, the Plaintiff obtained a loan (Loan Number 0002134463) from either Home 123 or NCMC in order to refinance the original outstanding mortgage secured by the Home. Among the documents which the Plaintiffs received to memorialize this transaction were a Truth-in-Lending Disclosure Statement ("the DS"), a Settlement Statement ("the SS"), and Notices of the Right to Cancel ("the Notices"), copies of which are attached hereto as Exhibits "A," "B," and "C," respectively.

6. While generally identifying the correct lender in a transaction such as the one at issue would be simple, such is not the case here. This is because while most of the documents memorializing this transaction indicate that Home 123 was the lender, including both the DS and the Notices, the SS indicates that NCMC was the lender. This discrepancy, which is still creating confusion to this day, about the fundamental issue of who was the lender in the underlying transaction, constitutes a material TILA violation as the Plaintiff has no way of identifying to whom she was originally indebted.

7. Moreover, an examination of the loan documents at this time reveals that the Plaintiff was charged very high fees for a great many alleged purposes. Most of the charges on the Settlement Statement should have been disclosed as part of the "Finance Charge" in this transaction, but it appears that they were not. For example, a noticeable violation arises from the fact that Rex was charged an amount for title insurance which was in excess of that allowable per the Manual of Title Insurance Rating Bureau of Pennsylvania for a "refinance" of a loan of the size of that at issue. Thus, while Rex was charged the "basic rate" of $1433.75, she was entitled to be charged no more than the "refinance rate" of $1,035.90. Further, Home 123 charged an exorbitant prepaid finance charge of $7,438.00, and a entity named Express Financial Services, in addition to being responsible for the excessive title insurance charge, added charges of $535.00 of its own. When these and all other charges are analyzed, it is clear that charges properly characterized as part of the Finance Charge in this transaction have only been partially disclosed as such, if at all, which renders the disclosure of the Finance Charge and Annual Percentage Rate of the Finance Charge on the DS erroneous, which are material violations of the TILA.

8. On or about October 23, 2006, the undersigned forwarded a letter to Deutsche, Home 123, and NCMC, a copy of which is attached as Exhibit "D," electing to rescind this transaction pursuant to material violations of the TILA. Moreover, this letter constituted a qualified written request ("QWR") under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(5)(e) ("RESPA"), requesting certain information relative to the underlying loan.

9. On or about October 25, 2006, a representative of NCMC forwarded a response to this letter, a copy of which is attached hereto as Exhibit "E." In that letter, NCMC acknowledges the Plaintiff's RESPA request and stated that they would respond shortly. Thereafter, counsel for NCMC responded to the Plaintiffs QWR with what seems to be a form response for inquiries pursuant to the Fair Debt Collection Practices Act, a copy of which is attached hereto as Exhibit "F." However, while producing various documents relative to the underlying loan, the response to the QWR failed to address or provide any of the disclosures mandated by the TILA which had been requested to make sure the Plaintiff and her counsel had a full picture of the confusing loan transaction at issue. Moreover, Deutsche and Home 123 failed to respond to the Plaintiff's QWR.

10. Neither Home 123, NCMC, nor Deutsche, as the entity believed to be the owner or holder of the current mortgage, have satisfied the Plaintiff's mortgage or taken any affirmative action on the basis of the rescission letter.

## COUNT ONE

11. The allegations of paragraphs 1 through 10 are incorporated herein by reference.

12. The transaction described herein was closed-end consumer financing transaction within the scope of the TILA.

13. The failure of Home 123 and NCMC to clearly identify the lender in the underlying transaction, when doing so goes to the very essence of the transaction, constitutes a "material" violation of the TILA.

14. Moreover, the Plaintiff did not receive accurate disclosures of certain terms in the transaction as required by the TILA, including, but not limited to, the actual "Finance Charge" in the transaction, in violation of 15 U.S.C. § 1638(a), as the Finance Charge as disclosed omits many of the charges and excessive charges referenced in paragraph 7 supra. These, and possibly other violations of the TILA, exist in their loan papers.

15. The failure of Home 123 and NCMC to properly disclose certain terms of the transaction, particularly the finance charges, and any other violations of the TILA, constitute "material" disclosure violations of the TILA which entitle the Plaintiff to rescind the instant loan transaction. Moreover, fact that the violations at issue are apparent on the face of the loan documents, including but not limited to the fact that the actual lender in the transaction is not clearly identified, renders any subsequent assignee liable for the TILA violations arising therefrom.

16. The Plaintiff has validly exercised her right to rescind this transaction, but neither Deutsche, believed to be the current holder of the mortgage, nor any other party, have

3

appropriately responded to same, nor have they recognized same or performed any of the duties imposed under 15 U.S.C. § 1635(b) of the TILA. As a result, the Defendants are not only obliged to perform those duties, but are liable to the Plaintiff for statutory damages for refusing to do so as well.

WHEREFORE, the Plaintiffs request that the Defendants, whomever the current holder of the mortgage is, be ordered to satisfy its security interest in the Home, desist form making any claim for finance charges arising out of this transaction, return all of the Plaintiffs' payments and be barred from making any claim for payments against the Plaintiffs, and that Deutsche, Home 123 and NCMC be deemed liable to the Plaintiff, jointly and severally, for statutory damages of $2,000.00, plus any finance charges and fees paid by the Plaintiff to any holder of the loan documents at any time, and be directed to pay the undersigned reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1635(b), 1640(a)(2)(A)(i), and 1640(a)(3) of the TILA.

## COUNT TWO

17. All of the allegations of paragraphs 1-16 are incorporated herein by reference.

18. The Defendants are not only obliged to respond to the Plaintiff's qualified written requests concerning the instant transaction, Deutsche and Home 123 specifically having failed to respond with an acknowledgement of receipt of the request within 20 days of said request and NCMC failing to respond to the most fundamental aspect of same, but also should not have provided information regarding any overdue payment, owed by the Plaintiff and relating to such qualified written requests, to any consumer reporting agency. The failure of the Defendants to comply with 12 U.S.C. §§ 2605(e) and (f) of the federal Real Estate Settlement Practices Act ("RESPA"), renders them liable for damages and costs pursuant to 12 U.S.C. §§ 2605(f)(1) and (f)(3).

WHEREFORE, the Plaintiff requests that the Defendants be determined to be liable to the Plaintiff, jointly and severally for their actual damages incurred due to the Defendants' noncompliance, statutory damages of $1,000.00, reasonable attorneys' fees for the Plaintiffs' counsel, and any costs pursuant to 12 U.S.C. §§ 2605(f)(1) and (f)(3).

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, PA. 19073
(610)-353-7543
Attorney for Plaintiff

4

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
For use with Adjustable Rate Mortgage Loans

**Home**123

Date: May 25, 2005 _____ Loan# 0002134463

Borrowers: FRANCA REX _____

Property
Location: 8 APPLE AVENUE _____

MEDIA, PA 19063

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.401 % | $ 422,357.69 | $ 206,959.27 | $ 629,316.96 |

☐ Preliminary     ☐ Re-Disclosure     ☒ Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 24 | $ 1,562.64 | Monthly, beginning July 1, 2005 |
| 336 | $ 1,761.35 | Monthly, beginning July 1, 2007 |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

☐ This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $          57.00  Non-Filing Insurance $          N/A

Security: You are giving a security interest in the property located at
☒ 8 APPLE AVENUE                    MEDIA, PA 19063
Late Charge: If payment is 15 days late, you will be charged 5.00 % of the payment.
Prepayment: If you pay off early, you
    ☒ may    ☐ will not    have to pay a penalty.
    ☐ may    ☒ will not    be entitled to a refund of part of the finance charge.
Assumption: Someone buying your home
    ☒ cannot assume the remainder of the mortgage on the original terms.
    ☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
e means an estimate

PROPERTY INSURANCE:  ☒ Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of          for a          year term.

I/We hereby acknowledge receipt of this disclosure.

FRANCA REX _____     / _____
                                                            Date

_____     / _____
                                                            Date

_____     / _____
                                                            Date

_____     / _____
                                                            Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

UNI-FORM (R) / MLM / TIL-ARM / 1-89
Isp 011305

Exhibit "A"

05/25/2005   18:58                                                                NO. 939   P06

| Settlement Statement | U.S. Department of Housing and | OMB Approval No. 2502-0491 |
| Optional Form for | Urban Development | |
| Transactions without Sellers | | |

Express Financial Services, Inc.
11 General Warren Blvd., Suite 1, Malvern, PA 19355
(800) 637-2060                                                                   **FINAL**

| Name & Address of Borrower: | Name & Address of Lender: |
| FRANCA REX | NEW CENTURY MORTGAGE CORPORATION |
| 8 APPLE AVE | 3531 STREET ROAD |
| MEDIA, PA 19063 | BENSALEM, PA 19020 |
| Property Location: (if different from above) | Settlement Agent: Express Financial Services, Inc. |
| 8 APPLE AVE | |
| MEDIA, PA 19063 | Place of Settlement: |
| DELAWARE County 17-00-00011-00 | 11 General Warren Blvd., Suite 1, Malvern, PA 19355 |

| Escrow Number: 0002345-004 MB | Loan Number: 0002134463 | Settlement Date: | Disbursement Date: 5 31 06 |

| L. Settlement Charges | | M. Disbursements to Others | |
|---|---|---|---|
| **800. Items Payable in Connection with Loan** | | 1501. CITIMORTGAGE | 172,260.91 |
| 801. Loan Origination Fee 3.0000 % to NEW CENTURY MORTGAGE CORPORATION | 6,450.00 | | |
| 802. Loan Discount Fee % | | 1502. WILMINGTON TRUST *Sed Check to WilmTrust* | 7,280.00 |
| 803. Appraisal Fee to FANNON APPRAISALS | 300.00 | | |
| 804. Credit Report to NEW CENTURY MORTGAGE CORPORATION | | 1503. tnb - visa *Send Them* | 3,532.00 |
| 805. Lenders Inspection Fee to NEW CENTURY MORTGAGE CORPORATION | | | |
| 806. Mortgage Insurance Application Fee to NEW CENTURY MORTGAGE CORPORAT) | | 1504. AMERICAN EXPRESS *Send to Them* | 481.00 |
| 807. Assumption Fee to NEW CENTURY MORTGAGE CORPORATION | | | |
| 808. PROCESSING FEE to NEW CENTURY MORTGAGE CORPORATION | 310.00 | 1505. ENROLLED CUST TRUST | 10,207.00 |
| 809. DOC PREP to NEW CENTURY MORTGAGE CORPORATION | 300.00 | 1506. | |
| 810. UNDERWRITING FEE to NEW CENTURY MORTGAGE CORPORATION | 300.00 | | |
| 811. TAX SERVICE to NEW CENTURY MORTGAGE CORPORATION | 78.00 | | |
| **900. Items Required by Lender to be Paid in Advance** | | 1507. | |
| 901. Interest From 05/31/05 to 06/01/05 @ $46.6300/day % ( 1 days) | 46.53 | | |
| 902. Mortgage Insurance Premium for Month(s) to | | 1508. | |
| 903. Hazard Insurance Premium for Years(s) to | | 1509. | |
| 904. FLOOD CERT to NEW CENTURY MORTGAGE CORPORATION | 11.20 | | |
| 905. | | 1510. | |
| **1000. Reserves Deposited with Lender** | | 1511. | |
| 1001. Hazard Insurance months @ $ per month | | | |
| 1002. Mortgage Insurance months @ $ per month | | 1512. | |
| 1003. City Property Taxes 1 months @ $ 27.69 per month | 27.69 | | |
| 1004. County Property Taxes 1 months @ $ 47.61 per month | 47.61 | 1513. | |
| 1005. Annual Assessments months @ $ per month | | | |
| 1006. Aggregate Adjustment months @ $ per month | -184.43 | 1514. | |
| 1007. SCHOOL TAX 7 months @ $ 192.03 per month | 1,344.21 | | |
| 1008. Aggregate Adjustment | 0.00 | | |
| **1100. Title Charges** | | 1515. | |
| 1101. Settlement or closing fee to EXPRESS FINANCIAL SERVICES, INC. | 350.00 | | |
| 1102. Abstract or title search to EXPRESS FINANCIAL SERVICES, INC. | | 1520. TOTAL DISBURSED (enter on line 1603) | 193,730.91 |
| 1103. Title examination to EXPRESS FINANCIAL SERVICES, INC. | | | |
| 1104. Title insurance binder to EXPRESS FINANCIAL SERVICES, INC. | | | |
| 1105. Document preparation to EXPRESS FINANCIAL SERVICES, INC. | 100.00 | | |
| 1106. Notary fees to EXPRESS FINANCIAL SERVICES, INC. | | | |
| 1107. Attorney's Fees to | | | |
| (includes above items numbers: | | | |
| 1108. Title Insurance to EXPRESS FINANCIAL SERVICES, INC. | 1,433.75 | | |
| (includes above items numbers: | | *7.9 % new intrst rate* | |
| 1109. Lenders coverage $ 215,000.00 | | *fixed x 2 years new mortg pay* | |
| 1110. Owner's coverage $ | | *1,895.30* | |
| 1111. ENDORSEMENTS 100/300/6.1/710 to EXPRESS FINANCIAL SERVICES, INC. | 200.00 | | |
| 1112. CPL to STEWART TITLE | 35.00 | | |
| 1113. COURIER to EXPRESS FINANCIAL SERVICES, INC. | 50.00 | | |
| **1200. Government Recording and Transfer Charges** | | N. Net Settlement | |
| 1201. Recording Fees: Deed $ 46.50 Mortgage $ 116.00 Release $ | 162.50 | | |
| 1202. City/County tax/stamps Deed $ Mortgage $ | | 1600. Loan Amount | 215,000.00 |
| 1203. State tax/stamps Deed $ Mortgage $ | | | |
| 1204. ELECTRONIC RECEIPT to EXPRESS FINANCIAL SERVICES, INC | 35.00 | 1601. Plus Cash/Check from Borrower | 0.00 |
| 1205. | | | |
| **1300. Additional Settlement Charges** | | 1602. Minus Total Settlement Charges (line 1400) | 11,397.06 |
| 1301. Survey to | | | |
| 1302. Pest Inspection to | | 1603. Minus Total Disbursements to Others (line 1520) | 193,730.91 |
| 1303. to | | | |
| 1304. Document Preparation to | | 1604. Equals Disbursement to Borrower | 9,872.03 |
| 1305. Property Taxes to | | (after expiration of any applicable | |
| 1306. to | | rescission period required by law) | *June 1st will be disb 5d to 7c* |
| 1307. to | | | |
| 1400. TOTAL SETTLEMENT CHARGES (Enter on line 1602) | 11,397.06 | | |

I have carefully reviewed the HUD-1A Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1A Settlement Statement.
Borrower(s) Signature(s):                                                       form HUD-1A (2/94)
                                                                                ref. RESPA

| Settlement Agent: | FRANCA REX | Date: |
| | Express Financial Services, Inc. | — Exhibit "B" — |

NOTICE OF RIGHT TO CANCEL

BORROWERS:  FRANCA REX

DATE: 5/25/05
LOAN NUMBER: 0002134463

PROPERTY ADDRESS: 8 APPLE AVENUE   , MEDIA, PENNSYLVANIA 19063

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a security interest in your home.  You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

    1.  the date of the transaction, which is  5/25/05                                         ; or
                          A. (insert TRANSACTION DATE)

    2.  the date you received your Truth in Lending disclosures; or

    3.  the date you received this notice of your right to cancel.

If you cancel the transaction, the security interest is also canceled.  Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property.  If it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home or at the location of the property.  Money must be returned to the address below.  If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

I acknowledge receiving two copies of this Notice of Right to Cancel form.

_____                    _____
FRANCA REX                        B.  Signature Date                                Signature Date

_____                    _____
                              Signature Date                                Signature Date

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

        HOME123 CORPORATION
        3331 STREET ROAD SUITE #151
        BENSALEM, PA 19020

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of  5/28/05
                                       C.  (insert 3 DAY  DATE)
(or midnight of the third business day following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL _____
            (Borrower's signature if exercising right to cancel)                    D.  (CANCEL DATE )

## PLEASE READ BEFORE COMPLETING THIS FORM

To proceed with this transaction, enter the following: (A): TRANSACTION DATE, which is the date the borrower signs loan documents (consummates this transaction); (B): Borrower's signature and SIGNATURE DATE, which is the date borrower signs this document; (C); 3 DAY DATE, which is the third business day following the TRANSACTION DATE.  If SIGNATURE DATE of last signer is later than the TRANSACTION DATE, contact lender to confirm correct 3 DAY DATE.  Do not make any amendments, erasures, strikeouts, whiteouts or alterations to the document without prior written authorization from the Lender.  Should an error occur in the completion of this form, contact Lender immediately.  Each borrower must be provided 2 completed, signed copies of this form.

To cancel this transaction: the borrower signs and enters the Cancellation Date (D) in the space following the words "I WISH TO CANCEL".  Borrower may also cancel this transaction by mailing or delivering this or any written form of cancellation notice to Lender within 3 business days after signing loan documents.

NCM
Multistate RE109 (062397)

rescinda.lfd

— Exhibit "O"

# David A. Scholl

Counselors at law

Sent by Certified & Regular Mail

October 23, 2006

Deutsche Bank National Trust Company
1610 East Saint Andrews Street
Santa Ana, CA.  92705

Home123 Corporation
3331 Street Road, Suite 151
Bensalem, PA.  19020

New Century Mortgage Corp.
P.O. Box 54285
Irvine, CA.  92619-4285

Re: Franca Rex, Loan No. 0002134463

Dear Sirs and/or Mesdames:

      I represent Franca Rex ("Rex"), owner of a home located at 8 Apple Ave., Media, PA. ("the Home"), who made the above loan of May 20, 2005, from (apparently) Home123 Corporation ("Home123"), which has purportedly been assigned to Deutsche Bank National Trust Company ("DBNTC") and appears to be serviced by New Century Mortgage Corp. ("NCMC"). I note that a foreclosure action has been commenced against Rex in the Delaware County Court of Common Pleas which had led to a scheduled sheriff's sale of the Home of October 20, 2006, regarding which we filed a Chapter 13 bankruptcy case on October 18, 2006, at Bankr. No. 06-14770 (E.D. Pa.), to stay.

      This transaction refinanced a prior mortgage through which Rex financed the purchase of the Home on November 25, 2002.  We have reviewed the documents in the Rex's possession.  While we have a collection of certain documents received by Rex in connection with this transaction, we want to make certain that we have a full picture of this loan.  Therefore, please consider this letter as, inter alia, a **qualified written request** under the Real Estate Settlement Procedures Act 12 U.S.C. 2605(5)(e).  I am requesting the following information relative to this loan:

1.     The monthly principal and interest payment, and any monthly escrow payment.

Exhibit "D"

2.    The total unpaid interest and escrow balances due and owing as of November 1, 2006.

3.    For each payment received on the loan, the amount of the payment, the date received, how the payment was credited to principal, interest and any escrow, and the month to which the payment was applied.

4.    For all such payments, the amount, payment date, purpose, and recipient of all foreclosure expenses, late charges, NSF check charges, appraisal, and property insurance.

5.    inspecting/preservation, legal fees, and other expenses or costs that have been charged and/or assessed to Rex's account.

6.    The amount, payment date, purpose, and recipient of any escrow items, including but not limited to taxes, water and sewer charges, and forced placed or other insurance premiums that have been charged and/or assessed to Rex's account.

7.    A breakdown of any current escrow payment showing how it was calculated and the reasons for any increase or decrease since the loan was made.

8.    The balance of any suspense account and the reason why such funds were deposited in said account.

9.    The interest rates and other relevant Truth-in-Lending disclosures in reference to this loan.

We have sufficient documentation to ascertain that material violations of the federal Truth-in-Lending Act ("the TILA") occurred in this transaction. One discrepancy araises from the fact that the lender in the transaction, according to most of the papers, was Home123. However, the Settlement Statement indicates that NCMC is the lender. This confusion about a very basic issue as to who the lender is appears to constitute a material TILA violation.

Another very noticeable violation arises from the fact that the Rex was charged an amount for title insurance which was in excess of that allowable per the Manual of Title Insurance Rating Bureau of Pennsylvania for a "refinance" of a loan of the size of the loan in issue. Thus, while Rex was charged the "basic rate" of $1433.75, she was entitled to be charged no more than the "refinance rate" of $1035.90. Further, we note that Home123 charged an exorbitant prepaid finance charge of $7438 and a company named as Express Financial Services, Inc. ("Express"), in addition to being responsible for the excessive title

insurance charge, added charges of $535 of its own. All of these charges, including the excessive title insurance charges, should have been, but apparently were not, included in the Finance Charge as disclosed on the TILA Disclosure Statement in this transaction. It thus appears that these and perhaps other charges were improperly omitted from the Finance Chare as disclosed, rendering the disclosures of the Finance Charges and Annual Percentage Rate of the Finance Charge erroneous, which are "material" violations of the TILA.

As a result of all of the foregoing, Rex asserts, among other rights, a right to rescind this transaction, pursuant to 15 U.S.C. §1635 of TILA, which she hereby exercises. Therefore, you have twenty days from the date of receipt of this letter to terminate your security interests against the Home and to return all of the payments made to date by Rex in consideration for this loan.

However, if you do not proceed to satisfy the mortgage and return the payments, Rex may be relieved of her obligation to repay the loan, as well as having a claim for statutory damages for TILA violations for your failing to honor a valid rescission under the TILA, and possibly damages for other federal and state law violations, in addition to your being compelled to terminate your security interests against the Home and return all of her7 payments. Further, if you do not act favorably on this request, I may be obliged to file an adversary proceeding against you in bankruptcy court in which we will contend that Rex can make a claim for all of the foregoing, plus obtain the costs and attorneys' fees expended in pursuit of this claim under the TILA.

Thank you for your consideration and your prompt reply.

Sincerely,

DAVID A. SCHOLL

Cc: Joseph A. Goldbeck, Esq., Goldbeck, McCafferty & McKeever, 5000 Mellon Independence Center, 701 Market St., Philadelphia, PA. 19106
    Ms. Franca Rex, 8 Apple Ave., Media, PA. 19063


NEW CENTURY
MORTGAGE CORPORATION

1610 E. St. Andrews Place, Suite B150, Santa Ana, CA 92705

10/25/06


AD277
0002134463



David A Scholl
Regional Bankruptcy Ctr of SE PA
#6 St. Albans Ave
Newtown SQ, PA 19073


RE:   Loan Number 0002134463 - FRANCA REX
      Property:   8 APPLE AVENUE
                  MEDIA                   PA   19063-0000

Dear Mr. Scholl:

New Century Mortgage Corporation's Customer Advocate Department
has received your recent inquiry regarding the above-referenced
loan. We are currently researching the issue(s) addressed in your
inquiry, and we anticipate a response shortly.

New Century Mortgage Corporation is committed to customer
satisfaction, and we look forward to addressing any concerns that
you may have. I can be reached at (800) 561-4567, ext. 75368
Monday through Friday, 8:00 AM to 5:00 PM, Pacific Time, if
you need further assistance.

Sincerely,

Vicki Molitz
Customer Advocate Department
New Century Mortgage Corporation

Exhibit "E"

## GOLDBECK McCAFFERTY & McKEEVER
### A PROFESSIONAL CORPORATION
SUITE 5000 MELLON INDEPENDENCE CENTER
**701 MARKET STREET**
PHILADELPHIA, PA 19106
WWW.GOLDBECKLAW.COM

December 28, 2006

David Scholl, Esquire
Regional Bankruptcy Center of Southeastern PA
#6 St. Albans Ave
Newtown Square, PA 19073

**This law firm is a debt collector and we are attempting to collect a debt. This notice is sent to you in an attempt to collect a debt. Any information obtained from you will be used for that purpose.**

RE:    8 Apple Avenue Media PA 19063
       County
       Loan # 2134463

Dear Sir or Madam:

In response to your request for verification of the debt pursuant to the Fair Debt Collection Practices Act we are providing you with the following:

1.    A copy of the Mortgage.
2.    A copy of the Note.
3.    A Transaction History from June 2005 through September 2006
4.    A Reinstatement Figure good through December 29, 2006.
5.    A Payoff Figure good through December 29, 2006.

If you have any questions or concerns, please do not hesitate to contact me.

GOLDBECK McCAFFERTY & McKEEVER
Cheryl A. Dilchus
Senior Litigation Paralegal
Phone: 215-825-6349
Fax: 215-825-6449
Email: cdilchus@goldbecklaw.com

Enclosure

- Exhibit "F"

**CT** CORPORATION SYSTEM

June 27, 2006

David A. Scholl
Regional Bankruptcy Center of Southeastern PA
#6 St. Albans Avenue,
Newtown Square, PA 19073

Re: John Davis & Nicolette Lynn Davis, Pltfs. vs. Deutsche Bank National Trust Company, Dfts.
Case No. 06-11746

Dear Sir/Madam:

We are herewith returning the Letter, Summons, Complaint, Exhibits which we received regarding the above
captioned matter.

Deutsche Bank National Trust Company is not listed on our records or on the records of the State of PA.

Very truly yours,

Sandra Solomon
Sr. Process Specialist

Log# 511269752

Fedex Tracking # 7909 7210 3014

cc: United States Bankruptcy Court, Eastern District of Pennsylvania
    900 Market Street,
    Suite 202,
    Philadelphia, PA 19107

cc: New York SOP Support

1515 Market Street
Philadelphia, PA 19102
Tel. 215 563 7750
Fax 215 563 7771

A CCH LEGAL INFORMATION SERVICES COMPANY

# David A. Scholl

Counselors at law

_____

June 1, 2006

President and Managing or General Agent in Charge
Deutsche Bank National Trust Company
c/o C.T. Corporation System
1515 Market St., Suite 1210
Philadelphia, PA.  19102

President and Managing or General Agent in Charge
New Century Mortgage Corporation
c/o C.T. Corporation System
1515 Market St., Suite 1210
Philadelphia, PA.  19102

President and Managing or General Agent in Charge
New Century Mortgage Corporation
350 Commerce, Suite 200
Irvine, CA.  92602

President and Managing or General Agent in Charge
Novastar Home Mortgage, Inc.
Carnegie Office Park Building 2
600 North Bell Avenue
Pittsburgh, PA.  15106

Re:  In re Nicolette L. Davis, Davis v. Deutsche Bank National Trust Company & New Century Mortgage Corp.,  Bankr, No. 06-11746, Adv. No. 06-287

Dear Sirs and/or Mesdames:

　　　　Enclosed are the Summons and Complaint relative to the above proceeding,

_____

which was filed by this office.  Please call us if you have any questions or comments about this matter.  Thank you.

Sincerely,

TANEETA HALL
Legal Assistant

Cc:  David Q. Jones, Esq., Booth & Tucker, LLP, One Penn Center, 1617 J.F. Kennedy Blvd.
Philadelphia, PA.  19103
    Louis W. Schack, Esq., Reed Smith, LLP, 2500 One Liberty Place, 1650 Market Street
Philadelphia, PA.  19103
    Peter J. Leyh, Braverman Kaskey, One Liberty Place, 21st Floor, 1650 Market Street
Philadelphia, PA.  19103

B250a
(1/88)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re                                                    Bankruptcy No. 06-11746DWS

     Nicolette L. Davis &
     John Davis
           Debtor

     Nicolette L. Davis &
     John Davis
           Plaintiff                       Adversary No. 06-287

     Duetsche Bank National Trust
     Company, New Century Mortgage
     Corporation & Novastar Home Mortgage, Inc.
           Defendant

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.  Answer is due 6/30/2006.

     Address of Clerk                          U.S. Bankruptcy Court
                                Robert N.C. Nix Building
                                900 Market Street, Suite 400
                                Philadelphia  PA   19107-4299

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

     Name/Address of Plaintiff's Attorney         David Scholl
                                  6 St. Albans Avenue
                                  Newtown Square, PA 19073
                                  610-753-7543

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



                                        FOR THE COURT

                                        TIMOTHY B. MCGRATH
                                        CLERK

May 31, 2006

                                        By: Antoinette Stevenson
                                        Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

In re:

NICOLETTE L. DAVIS,                              :      CHAPTER 13
          Debtor                                 : BANKRUPTCY NO.  06-11746


JOHN DAVIS &
NICOLETTE LYNN DAVIS,
          Plaintiffs

        v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
NEW CENTURY MORTGAGE CORPORATION, and
NOVASTAR HOME MORTGAGE, INC.,
          Defendants                          :  ADVERSARY NO.  06- 287


## COMPLAINT

1. This is an action seeking damages, a declaration of rescission, and remedies for rescission under the federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("the TILA") and applicable state law against the original lender and the subsequent assignee, and damages for pendent state law claims against the broker, in a predatory loan transaction.

2. Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b).  This is a core proceeding because it is a counterclaim to an anticipated proof of claim to be filed by one of the Defendant lenders and because it seeks, inter alia, a determination of the validity and extent of the Defendant's claimed lien against the Debtor's home, pursuant to 28 U.S.C. §§ 157(b)(2)(C) and (b)(2)(K).

3. The Plaintiffs are JOHN DAVIS and NICOLETTE LYNN DAVIS, adult individuals residing at 328 West Second St., Media, PA 19063. ("the Home").

4. The Defendants are DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche"), a foreign business corporation the entity number of which is 2982832 and which lists the address of C/o CT Corporation Systems, 1515 Market St., Suite 1210, Philadelphia, PA 19102, with the Pennsylvania Department of State, the current holder of the mortgage; NEW CENTURY MORTGAGE CORPORATION ("New Century"), a foreign business corporation the entity number of which is 2721186, and which lists the address of C/o CT Corporation Systems, 1515 Market St., Suite 1210, Philadelphia, PA 19102 with the Pennsylvania Department of State but which also provided the address of 250 Commerce,

Suite 200, Irvine, CA 92602 in the original loan documents, the original lender in the transaction at issue; and NOVASTAR HOME MORTGAGE, INC.("Novastar"), a foreign business corporation the entity number of which is 2900910, and which lists a registered Pennsylvania address of Carnegie Office Park Building 2, 600 North Bell Avenue, Pittsburgh, PA. 15106, with the Pennsylvania Department of State.

5.  On or about January 20, 2004, the Plaintiffs entered into a loan transaction with New Century in order to refinance a prior mortgage which the Plaintiffs had obtained from Ameriquest Mortgage Company in August, 2000.  The Plaintiffs were required to purchase title insurance on the Home in connection with the Ameriquest loan transaction, which was well-known to Novastar and New Century.

6.  The transction commenced with a solicitation of the Plaintiffs for a refinancing by Novastar, which the Plaintiffs believed to be a lender, but which appears to have been a broker.  Novastar informed the Plaintiffs that they had been pre-approved for a loan when they initially solicited them in late 2003.

7.  In a letter of May 9, 2005, in which they rescinded this loan transaction, a copy of which is attached hereto as Exhibit "A," the Plaintiffs requested all of the documents executed in connection with this transaction because they did not have copies of same.  On December 5, 2005, and December 8, 2005, respectively, Deutsche and New Century provided certain documents, allowing the Plaintiffs and their counsel an opportunity to analyze this transaction for the first time.

8.  Among the items produced were a number of documents dated December 22, 2003.  These items included a "Good Faith Estimate – Itemization" with an "Itemization of Prepaid Finance Charges" ("IPFC"), a "Good Faith Estimate – Itemization" with an "Itemization of Amount" ("IAF"), and two very different Federal Truth-in-Lending Disclosure Statement ("DS") forms.  Copies of these documents are attached hereto as Exhibits "B" through "E," respectively.

9.  Also produced were IAF and DS forms dated January 15, 2004.  These documents, attached as Exhibits "F" and "G," respectively, recite a number of terms which are quite different from those on the earlier batch of forms.

10. Also among the documents produced were an unsigned four-page Settlement Statement ("SS"), a copy of which is attached hereto as Exhibit "H."

11. Finally, the Plaintiffs also received a number of documents which are signed and dated as of January 20, 2004, which is alleged to have been the date of the closing.  These include another IPFC form, another IAF form, revised DS and SS forms, and Notice of Right to Cancel ("the Notice") forms, copies of which are attached hereto as Exhibits "I" through "M," respectively.

12. A close examination of the documents dated January 20, 2004, indicates that they are not only inconsistent with the earlier-dated documents, but are also in several respects inconsistent with themselves. For example, the IPFC references an $11.20 "Lender Flood Determination Fee" which is not identified elsewhere and a $100 "Settlement or Closing Fee." The IAF references a "title insurance binder" of $1500 and "Recording fees" of $116.00. The SS, meanwhile, sets forth a $300 "Settlement or closing fee," and a charge of $1003.75 for title insurance,

13. Novastar was identified in these documents as the broker in this transaction. The documents also reveal that Novastar received $3870 as a "loan origination fee," $1500 for an "underwriting fee," "processing fee," and "doc prep fee," and $1290 disclosed as a "yield spread premium" in connection with this transaction, a total of $6660.

14. The Plaintiffs did not realize that Novastar was a broker, but believed that its agents were working for a lender. They did not realize that Novastar was receiving separate compensation for its services and the total amount of its compensation was never disclosed to the Plaintiffs.

15. The Plaintiffs were not informed of the terms of the loan prior to settlement, and it can in fact be observed that they received numerous documents which recited different terms than those of the final loan. This mass of documents containing different disclosures and numbers was extremely confusing to the Plaintiffs and thy therefore were unable to ascertain the precise terms of their loan.

16. The Plaintiffs were informed by Novastar that their mortgage would have a variable rate, but they were also falsely informed that it was in their best interest to have a variable as opposed to a fixed-rate loan and they were not informed how their rate of interest would be determined. They did not receive the booklet describing adjustable rate mortgages, or a disclosure of any of the applicable variable rate programs, or a description of their particular variable rate terms at any time prior to settlement, as required by 12 C.F.R. section 226.19. As a result, the Plaintiffs did not have any conception of how the interest rate of their loan is calculated prior to settlement.

17. A comparison of the SS and the IPFC reveals that the following charges were not included in the finance charge as disclosed on the DS: the excessive appraisal charge of $500 (the standard is a range of $200 to $350, and the Home would have been at the lower range because it is a small property in a compact community with sufficient available comparable data to do an inexpensive appraisal); the yield spread premium portion of Novastar's compensation of $1290; at least $250 of the settlement or closing fee, courier fee, and tax service fee paid to Express Financial Services ("Express"), the settlement service which conducted the closing in the Home; or any portion of the title insurance charge, whatever it was.

18. With respect to the title insurance charge, although this was a "refinancing transaction"

3

within ten years from the Plaintiffs' making their loan from Ameriquest which also required title insurance, as was known to Express, Novastar, and New Century in light of their review of the Plaintiffs' credit status, Express was permitted by New Century to charge the "basic" rate for such insurance, resulting in a charge of $99.87 in excess of that allowable per the Manual of Title Insurance Rating Bureau of Pennsylvania for title insurance in such a transaction.

19. New Century therefore failed to include charges totaling approximately $1800 as part of the "Finance Charge" in this transaction which should have been so disclosed.

20. All of the foregoing deficiencies in disclosure were equally as apparent on the face of the loan documents to Deutsche as they were to the Plaintiffs and their counsel, once they were available to those parties.

21. As indicated above, on May 9, 2005, having undertaken to represent the Plaintiffs, the undersigned forwarded a letter to Deutsche initiating the Plaintiffs' right to rescind the loan agreement pursuant to material violations of the TILA.

22. There has never been any official response to this letter even though in said letter the Plaintiffs made a direct request to be forwarded all the documents which the Defendants claimed were received by the Plaintiffs in regard to this transaction.

23. Neither Deutsche, the owner or holder of the current mortgage, nor New Century, have satisfied the Plaintiffs' mortgage or taken any affirmative action on the basis of the rescission letter or in light of this action in which the Plaintiffs' request for a rescission was reiterated.  In fact, Deutsche has commenced and is maintaining a foreclosure action against the Plaintiffs in the Delaware County Court of Common Pleas.

## COUNT ONE (Federal Claims Against Deutsche and New Century)

24. All of the allegations of paragraphs 1 through 23 are incorporated herein by reference.

25. The transaction described herein was a closed-end consumer financing transaction within the scope of the TILA.

26. The Plaintiffs did not receive any "clear and conspicuous" disclosure of the terms of their loan, because they received so many confusing and conflicting documents which purported to convey to them the terms of the loan.

27. The Plaintiffs did not receive the requisite pre-settlement disclosures of the terms of their variable-rate mortgage, in violation of 12 C.F.R. section 226.19.

28. The Plaintiffs did not receive an accurate disclosure of the "Finance Charge" in the

4

transaction, in violation of 15 U.S.C. § 1638(a), as the Finance Charge as disclosed omits the many of the charges and excessive charges referenced above, which renders the disclosure of the Finance Charges and Annual Percentage Rate of the Finance Charge erroneous.

29. The foregoing violations are "material" violations of the TILA, entitling the Plaintiffs to rescind the instant loan transaction.

30. The Plaintiffs have validly exercised their right to rescind this transaction, but the Defendants have improperly refused to recognize same or perform any of their duties under 15 U.S.C. § 1635(b) of the TILA. As a result, the Deutshe and New Century are not only obligated to perform those duties, but are also liable to the Plaintiffs for statutory damages for refusing to do so.

WHEREFORE, the Plaintiffs request that Deutsche be ordered to satisfy its security interest in the home, desist form making any claim for finance charges arising out of this transaction, return all of the Plaintiffs' payments and be barred from making any claim for payments against the Plaintiffs, and that Deutsche and New Century be deemed liable to the Plaintiffs, jointly and severally, for statutory damages of $2000.00, plus any finance charges and fees paid by the Plaintiffs to any holder of the loan documents at any time, and be directed to pay the undersigned reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1635(b), 1640(a)(2)(A)(i), and 1640(a)(3) of the TILA.

## COUNT TWO (Pendent State Law Claims Against Novastar)

31. All of the allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. By failing to provide the requisite disclosures clearly to the Plaintiffs, including but not limited to failing to disclose all of the funds that it was receiving in this transaction, Novastar has thereby violated the Pennsylvania Credit Services Act, 73 Pa.C.S. § 2183(3), (4), 2184, 2185, and 2186 ("the CSA") rendering it liable for the statutory damages provided in 73 P.S. § 2191; and has violated the Pennsylvania Loan Broker Trade Practices Regulations ("the LBTP"), 37 PA. CODE §§ 305.3(a)(1) through (a)(4).

32. Novastar's violations of the CSA and the LBTP are per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 202-1, et seq. ("the UTPCPL"), rendering it liable for treble the damages payable under the CSA.

5

WHEREFORE, the Plaintiffs requests that Novastar be deemed liable to them for statutory damages in three times the amount of all fees collected by it in connection with this transaction, a fixed sum of $19,980, as well as reasonable attorney's fees for the Plaintiffs' counsel, and any costs pursuant to 73 P.S. § 2191 of the CSA and 73 P.S. section 201-9.2(a) of the UTPCPL.

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, PA.  19073
(610)-353-7543
Attorney for Plaintiffs

6

Sent by Certified & Regular Mail

May 9, 2005

Deutsche Bank National Trust Company, as Trustee
c/o Mancini & Associates
161 Linko Avenue
Aliquippa, PA. 15001

Re: John & Nicolette Lynn Davis, Loan No. 0001297471

Dear Sirs and/or Mesdames:

      I represent John and Nicolette Lynn Davis ("Davis"), homeowners who made the above loan of January 20, 2004, from New Century Mortgage Corporation ("NCMC"), which was apparently assigned to your company. I am aware that you are presently pursuing foreclosure, as I have filed pleadings on behalf of Davis in the Delaware County Court of Common Pleas, Case No. 05-3661.

      This transaction refinanced a prior mortgage which Davis obtained from Ameriquest Mortgage Company in August, 2000. While we have in our possession a few preliminary documents which Davis received in connection with this transaction in late 2003, we have no documents from the transaction itself. This could be because Davis received documents and simply cannot find them, or because Davis never received any documents in connection with this transaction. I would ask that you provide a copy of any and all documents which you claim that they received in this transaction as soon as possible. If I do not receive same within 20 days, I will be forced to assume that no documents were received and that is why they do not have same. However, even with only the preliminary documents, we can nevertheless ascertain that there were likely to have been violations of the federal Truth-in-Lending Act ("the TILA") which occurred in this transaction.

      One violation appears to be that Davis were imposed with excessive charges for title insurance and the notarization, beyond that allowable per the Manual of Title Insurance Rating Bureau of Pennsylvania for a "reissuance" of a loan of the size of the loan in issue. Also, the maximum chargeable at law for notarizations is $2, per 57 P.S. section 167, and it is likely that Davis were charged in excess of that amount. When these and all other charges are analyzed, it is very likely of these and other charges properly characterized as Finance Charges have only been partially disclosed as such, if at all, which

---

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA
David A. Scholl, Esq., Chief Counsel & CEO
#6 ST. Albans Ave, Newtown SQ., PA 19073
610-353-7543  610-353-7542
www.judgescholl@redemptionlawcenter.com



EXHIBIT "A"

Finance Charge are erroneous, which are material violations of the TILA.

As a result of the foregoing, Davis assert, among other rights, a right to rescind this transaction, pursuant to 15 U.S.C. §1635 of TILA, which they hereby exercise. Therefore, you have twenty days from the date of receipt of this letter to terminate your security interests against the Home and to return all of the payments made to date by Davis in consideration of this loan. Termination of the security interst in the Home would of course also require you to terminate the mortgage foreclosure action which you have brought against them. When and if you do so, you may trigger a duty on the part of Davis to pay the funds which they got from your company in consideration, which they would then tender.

However, if you do not proceed to satisfy their mortgage and return their payments, Davis will be relieved of their obligation to repay the loan, as well as having a claim for statutory damages for disclosure violations and separate violations for failing to honor a valid rescission under the TILA, and possibly damages for other federal and state law violations, in addition to your being compelled to terminate your security interests against the Home and return all of their payments. Further, if you do not act favorably on this request, I may be obliged to file an action against you in federal court in which we will contend that Davis can make a claim for all of the foregoing, plus their costs and attorneys' fees under the TILA and other applicable laws.

Thank you for your consideration and your prompt reply.

Sincerely,

DAVID A. SCHOLL

Cc: John & Nicolette Lynn Davis, 328 West Second St., Media, PA. 19063

---

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA
David A. Scholl, Esq., Chief Counsel & CEO
#6 ST. Albans Ave, Newtown SQ., PA 19073
610-353-7543  610-353-7542
www.judgescholl@redemptionlawcenter.com

## GOOD FAITH ESTIMATE - ITEMIZATION

Lender  NEW CENTURY MORTGAGE CORPORATION
      350 COMMERCE, SUITE 200
      IRVINE, CA 92602

Date:  December 22, 2003
Loan Number:  0001297471

Borrower  JOHN  DAVIS
        NICOLETTE  DAVIS

Property:  328 WEST 2ND STREET
      MEDIA, PA  19063

The information provided below reflects charges which you are likely to incur at the settlement of your loan.  The fees listed are estimates - the actual charges may be more or less.  Your transaction may not involve a fee for every item listed.  The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will be receiving at settlement.  The HUD-1 or HUD-1A settlement statement will show you the actual cost for items paid at settlement.

[X] Preliminary Estimate    [ ] Redisclosure    [ ] Final Disclosure

Sales Price: $

Loan Amount: $  127,500.00    Index:  1.2200    Margin: 6.6500

### ITEMIZATION OF PREPAID FINANCED CHARGES

| Reference Number | | | | |
|---|---|---|---|---|
| 800 | Items Payable In Connection with Loan | | $ | |
| 801 | Loan Origination Fee | BROKER | $ | 3,825.00 |
| 802 | Loan Discount Fee | BROKER | $ | 300.00 |
| 803 | Appraisal Fee | | $ | |
| 804 | Credit Report Fee | | $ | |
| 805 | Lender's Inspection Fee | | $ | |
| 806 | Mortgage Insurance Application Fee | | $ | |
| 807 | Assumption Fee | | $ | |
| 808 | Mortgage Broker Fee | LENDER | $ | 300.00 |
| 809 | Lender Processing Fee | LENDER | $ | 11.20 |
| 810 | Lender Flood Determination Fee | LENDER | $ | 300.00 |
| 811 | Lender Underwriting Fee | LENDER | $ | 200.00 |
| 812 | Lender Document Fee | | $ | 75.00 |
| 813 | Courier/Wire Fee | LENDER | $ | 78.00 |
| 814 | Tax Service Fee | | $ | |
| 815 | | | $ | |
| 816 | | BROKER | $ | 300.00 |
| 817 | PROCESSING FEE | BROKER | $ | 350.00 |
| 818 | UNDERWRITING FEE | BROKER | $ | 200.00 |
| 819 | DOC PREPARATION FEE | | $ | |
| 820 | | | $ | |
| 821 | | | $ | |
| 822 | | | $ | |
| 823 | | | $ | |
| 824 | | | $ | |
| 825 | | | $ | |
| 826 | | | $ | |
| 827 | | | $ | |
| 828 | | | $ | |
| 829 | | | $ | |
| 830 | | | $ | |
| 901 | Prepaid Interest ( 30 days) at 8.9900  % per annum | | $ | 942.00 |
| 1101 | Settlement or Closing Fee | | $ | 350.00 |
| | Total Prepaid Finance Charges | | $ | 7,231.20 |

_____  _____
JOHN  DAVIS          Date

_____  _____
NICOLETTE  DAVIS        Date

_____  _____
                Date

_____  _____
                Date

NCMC
RE-214A krr 102202

EXHIBIT "B"

DAVIS- 0094

## GOOD FAITH ESTIMATE - ITEMIZATION

Lender NEW CENTURY MORTGAGE CORPORATION

Date: December 22, 2003
Loan Number: 0001297471

### ITEMIZATION OF AMOUNT FINANCED

| Reference Number | | |
|---|---|---|
| 900 | **Items Required by Lender** | $ |
| 902 | Mortgage Insurance Premium | $ |
| 903 | Hazard Insurance Premium | $ |
| 904 | Flood Insurance Premium | |
| | | |
| 1000 | **Reserves Deposited with Lender** | $ |
| 1001 | Hazard Insurance    months @ $ | $ |
| 1002 | Mortgage Insurance    months @ $ | $ |
| 1003 | City Property Taxes    months @ $ | $ |
| 1004 | County Property Taxes    months @ $ | $ |
| 1005 | Town Tax    months @ $ | $ |
| 1006 | School Tax    months @ $ | $ |
| 1007 | | $ |
| 1008 | Flood Insurance    months @ $ | |
| | | |
| 1100 | **Title Charges** | $ |
| 1103 | Title search/exam | $    1,500.00 |
| 1104 | Title insurance binder | $ |
| 1106 | Notary fees | |
| | | |
| 1200 | **Government Recording and Transfer Charges** | $    100.00 |
| 1201 | Recording fees | $ |
| 1203 | State tax/stamps | $ |
| 1204 | Mortgage tax | $ |
| 1205 | | $ |
| 1206 | Transfer Tax | $ |
| 1207 | Tax Certificate | |
| | | |
| 1300 | **Additional Settlement Fees** | $ |
| 1302 | Deed Tax | $ |
| | | $ |
| | | $ |
| | **Title Commitment** | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | |
| | | $ |

| | | |
|---|---|---|
| Amount Financed | $ | 1,600.00 |
| Amount paid to others on your behalf | $ | |
| Amount paid on your account (Reserves) | $ | 118,668.80 |
| Amount given to you directly | $ | 120,268.80 |
| Total Amount Financed | $ | 7,231.20 |
| Total Prepaid Finance Charges | $ | 127,500.00 |
| Loan Amount | | |

I acknowledge I have received a copy of the booklets, "Buying Your Home, Settlement Costs and Helpful Information" and "Consumer Handbook on Adjustable Rate Mortgages," if applicable. I fully understand the amounts indicated above are ONLY ESTIMATES and may vary from the actual settlement charges at closing. Further, I fully understand that the loan origination fee, interest rate, term and monthly payment are based on my application and may be subject to change prior to close. If, for any reason, the loan for which I have applied does not close, I agree to reimburse the Lender for any and all costs incurred to process my application including, but not limited to, the appraisal and credit report.

_____  Date ____    _____  Date ____
JOHN   DAVIS                        NICOLETTE   DAVIS

_____  Date ____    _____  Date ____

NCMC
RE-214B CAT 070803

EXHIBIT "C"

DAVIS- 0095

12/22/2003 17:16 FAX 6103884447        NOVASTAR MORTGAGE                    ☑007

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Applicants:     JOHN DAVIS
                NICOLETTE DAVIS
Property Address:  328 WEST 2ND STREET
                Media, PA 19063
Application No:   21001997

Prepared By:   NOVASTAR HOME MORTGAGE INC
               500 ORCHARD AVE
               KENNETT SQUARE, PA 19348
               610-388-4440
Date Prepared: 12/22/2003

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| 12.019 % | $ 347,773.38 | $ 121,577.98 | $ 469,351.36 |

☐ REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit
PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due/Beginning | Number of Payments | Amount of Payments | When Payments Are Due/Beginning | Number of Payments | Amount of Payments | When Payments Are Due/Beginning |
|---|---|---|---|---|---|---|---|---|
| 24 | 1,024.98 | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 8 | 1,207.38 | | | | | | | |
| 329 | 1,325.81 | | | | | | | |
| 1 | 1,316.07 | | | | | | | |

☐ DEMAND FEATURE: This obligation has a demand feature.
☑ VARIABLE RATE FEATURE: This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

CREDIT LIFE/CREDIT DISABILITY: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | | I want credit life insurance.   Signature: |
| Credit Disability | | I want credit disability insurance.   Signature: |
| Credit Life and Disability | | I want credit life and disability insurance.   Signature: |

INSURANCE: The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☐ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase  ☐ property  ☐ flood insurance from creditor you will pay $         for a one year term.
SECURITY: You are giving a security interest in:
☐ The goods or property being purchased     ☐ Real property you already own.
FILING FEES: $
LATE CHARGE: If a payment is more than      days late, you will be charged      % of the payment
PREPAYMENT: If you pay off early, you
☐ may    ☐ will not  have to pay a penalty.
☐ may    ☐ will not  be entitled to a refund of part of the finance charge.
ASSUMPTION: Someone buying your property
☐ may    ☐ may, subject to conditions    ☐ may not  assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☐ * means an estimate    ☐ all dates and numerical disclosures except the late payment disclosures are estimates.
* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

_____  (Applicant)  (Date)        _____  (Applicant)  (Date)
JOHN DAVIS                                      NICOLETTE DAVIS

_____  (Applicant)  (Date)        _____  (Applicant)  (Date)

_____  (Lender)  (Date)

Calyx Form - tl.hp (02/95)

DAVIS- 0168

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
For use with Adjustable Rate Mortgage Loans

Date: December 22, 2003    Loan# 0001297471

**NEW CENTURY**
MORTGAGE CORPORATION

Borrowers: JOHN DAVIS
NICOLETTE DAVIS

Property Location: 328 WEST 2ND STREET

MEDIA, PA 19063

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.656 e % | $ 248,724.00 e | $ 120,268.80 e | $ 368,992.80 e |

[X] Preliminary    [ ] Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 360 | $ 1,024.98            e | Monthly, beginning February 1, 2004 |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

[ ] This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $        100.00    Non-Filing Insurance $        N/A
Security: You are giving a security interest in the property located at        MEDIA, PA 19063
[X] 328 WEST 2ND STREET
Late Charge: If payment is 15 days late, you will be charged 5.00 % of the payment.
Prepayment: If you pay off early, you
[X] may    [ ] will not    have to pay a penalty.
[ ] may    [X] will not    be entitled to a refund of part of the finance charge.
Assumption: Someone buying your home
[X] cannot assume the remainder of the mortgage on the original terms.
[ ] may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

e means an estimate

**PROPERTY INSURANCE:** [X] Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of        for a        year term.

I/We hereby acknowledge receipt of this disclosure.

JOHN DAVIS _____ / _____ Date

NICOLETTE DAVIS _____ / _____ Date

_____ / _____ Date

_____ / _____ Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

UNIFORM (R) / MLM / TIL-ARM / 1-89
DE 001503

EXHIBIT "E"

DAVIS- 0035

## GOOD FAITH ESTIMATE - ITEMIZATION

Lender NEW CENTURY MORTGAGE CORPORATION

Date: 1/15/04
Loan Number: 0001297471

### ITEMIZATION OF AMOUNT FINANCED

| Reference Number | | | | | | |
|---|---|---|---|---|---|---|
| 900 | **Items Required by Lender** | | | $ | | |
| 902 | Mortgage Insurance Premium | | | $ | | |
| 903 | Hazard Insurance Premium | | | $ | | |
| 904 | Flood Insurance Premium | | | | | |
| | | | | | | |
| 1000 | **Reserves Deposited with Lender** | | | $ | 330.75 | |
| 1001 | Hazard Insurance | 7 months @ $ | 47.25 | $ | | |
| 1002 | Mortgage Insurance | months @ $ | | $ | | |
| 1003 | City Property Taxes | months @ $ | | $ | 82.06 | |
| 1004 | County Property Taxes | 2 months @ $ | 41.03 | $ | 4.62 | |
| 1005 | Town Tax | 2 months @ $ | 2.31 | $ | 931.63 | |
| 1006 | School Tax | 7 months @ $ | 133.09 | $ | | |
| 1007 | | months @ $ | | $ | | |
| 1008 | Flood Insurance | months @ $ | | | | |
| | | | | | | |
| 1100 | **Title Charges** | | | $ | | |
| 1103 | Title search/exam | | | $ | 1,500.00 | |
| 1104 | Title insurance binder | | | $ | | |
| 1106 | Notary fees | | | | | |
| | | | | | | |
| 1200 | **Government Recording and Transfer Charges** | | | $ | 116.00 | |
| 1201 | Recording fees | | | $ | | |
| 1203 | State tax/stamps | | | $ | | |
| 1204 | Mortgage tax | | | $ | | |
| 1205 | | | | $ | | |
| 1206 | Transfer Tax | | | $ | | |
| 1207 | Tax Certificate | | | | | |
| | | | | | | |
| 1300 | **Additional Settlement Fees** | | | $ | | |
| 1302 | Deed Tax | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | Title Commitment | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | | | | $ | | |
| | Add yield premium to Broker | ( 1 %) | 1,290.00 | | | |
| | (Paid by Lender) | | | | | |
| | | | | $ | | |

| | | | |
|---|---|---|---|
| Amount Financed | $ | 1,616.00 | |
| Amount paid to others on your behalf | $ | 1,349.06 | |
| Amount paid on your account (Reserves) | $ | 119,245.84 | |
| Amount given to you directly | $ | 122,210.90 | |
| Total Amount Financed | $ | 6,789.10 | |
| Total Prepaid Finance Charges | $ | 129,000.00 | |
| Loan Amount | | | |

I acknowledge I have received a copy of the booklets, "Buying Your Home, Settlement Costs and Helpful Information" and "Consumer Handbook on Adjustable Rate Mortgages," if applicable. I fully understand the amounts indicated above are ONLY ESTIMATES and may vary from the actual settlement charges at closing. Further, I fully understand that the loan origination fee, interest rate, term and monthly payment are based on my application and may be subject to change prior to close. If, for any reason, the loan for which I have applied does not close, I agree to reimburse the Lender for any and all costs incurred to process my application including, but not limited to, the appraisal and credit report.

JOHN DAVIS _____    Date _____    NICOLETTE LYNN DAVIS _____    Date _____

_____    Date _____    _____    Date _____

NCMC
RDAE2148.SFD
de 010604

EXHIBIT "F"

NC0078

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
· For use with Adjustable Rate Mortgage Loans    Date: 1/15/04    Loan# 0001297471

**NEW CENTURY**
MORTGAGE CORPORATION

Borrowers: JOHN DAVIS
NICOLETTE LYNN DAVIS

Property
Location: 328 WEST 2ND STREET

MEDIA, PA  19063

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.435  % | $  311,301.10 | $  122,210.90 | $  433,512.00 |

☐ Preliminary      ☒ Re-Disclosure      ☐ Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 360 | $ 1,204.20 | Monthly, beginning March 1, 2004 |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

☐ This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $   116.00  Non-Filing Insurance $        N/A
Security: You are giving a security interest in the property located at
☒ 328 WEST 2ND STREET                          MEDIA, PA  19063
Late Charge: If payment is 15 days late, you will be charged 5.00 % of the payment.
Prepayment: If you pay off early, you
☒ may  ☐ will not   have to pay a penalty.
☐ may  ☒ will not   be entitled to a refund of part of the finance charge.
Assumption: Someone buying your home
☒ cannot assume the remainder of the mortgage on the original terms.
☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

e means an estimate.

PROPERTY INSURANCE:  ☒ Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance ☐ is  ☒ is not available through the lender at an estimated cost of          for a          year term.

I/We hereby acknowledge receipt of this disclosure.

_____ / _____
JOHN DAVIS                                      Date

_____ / _____
NICOLETTE LYNN DAVIS                            Date

_____ / _____
                                                Date

_____ / _____
                                                Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.    UNI-FORM (PI) / MLM / RO-TILA / 1-88
OE 010604

EXHIBIT "G"

**DAVIS- 0170**

01/23/2004 09:35 FAX 6103884447    NOVASTAR MORTGAGE        @037
01/24/2004  09:09                         NO. 044    D01

Form Approved OMB No. 2502-0265

**A.** U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

Express Financial Services, Inc.
11 General Warren Blvd.
Suite 1
Malvern, PA 19355
(800) 837-2080

**FINAL**

| **B.** | **TYPE OF LOAN** | |
|---|---|---|
| 1. ☐ FHA | 2. ☐ FHA | 3. ☐ CONV. UNINS. |
| 4. ☐ VA | 5. ☒ CONV. INS. | |
| 6. ESCROW FILE NUMBER: 00013570-004 KH | | 7. LOAN NUMBER: 0001287471 |
| 8. MORTGAGE INSURANCE CASE NUMBER: | | |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D.** NAME OF BORROWER:     NICOLETTE LYNN DAVIS and JOHN DAVIS

    ADDRESS OF BORROWER:     328 WEST 2ND STREET
                        MEDIA, PA 19063

**E.** NAME OF SELLER:

    ADDRESS OF SELLER:

**F.** NAME OF LENDER:     NEW CENTURY MORTGAGE

    ADDRESS OF LENDER:     350 COMMERCE SUITE 200
                    IRVINE VA 92602

**G.** PROPERTY LOCATION:     328 WEST 2ND STREET
                    MEDIA, PA 19063
                    DELAWARE County 26000142800

**H.** SETTLEMENT AGENT:     Express Financial Services, Inc.

    PLACE OF SETTLEMENT:     EXPRESS FINANCIAL SERVICES, INC., 11 General Warren Blvd., Suite 1, Malvern, PA 19355

**I.** SETTLEMENT DATE:   1/20/2004     PRORATION DATE:     DISBURSEMENT DATE:   1/20/2004

| **J.** SUMMARY OF BORROWER'S TRANSACTION | | **K.** SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to Borrower (line 1400) | 8,232.93 | 403. | |
| 104. Payoff to AMERIQUEST MORTGAGE | 120,188.65 | 404. | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | 128,421.58 | **420. GROSS AMOUNT DUE TO SELLER:** | 0.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | 0.00 |
| 202. Principal amount of new loan(s) | 128,000.00 | 502. Settlement charges to Seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | 128,000.00 | **520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER:** | 0.00 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | 0.00 |
| 301. Gross amount due from Borrower ( line 120) | 128,421.58 | 601. Gross amount due to Seller (line 420) | 0.00 |
| 302. Less amount paid by/for Borrower ( line 220) | 128,000.00 | 602. Less reduction in amount due Seller (line 520) | 0.00 |
| 303. CASH ( ☒ FROM ( ☐ TO ) BORROWER: | 421.58 | 603. CASH ( ☒ FROM ( ☐ TO ) SELLER: | 0.00 |

EXHIBIT "H" (4 pgs)

**NC0177**

01/23/2004 08:35 FAX 6103884447  NOVASTAR MORTGAGE  ☑ 038
01/24/2004 09:09           NO. 044 D02

**SETTLEMENT CHARGES**          ESCROW FILE NUMBER: 0001570-004 KH

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION: | P.O.C. | | |
| BASED ON PRICES @ % | | | |
| DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | |
| 701. $  to | | | |
| 702. $  to | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN: | P.O.C. | | |
| 801. Loan Origination Fee 5.0000 % to NOVASTAR HOME MORTGAGE | | 3,870.00 | |
| 802. Loan Discount Fee | | | |
| 803. Appraisal Fee to GEORGE MCDONALD | | 500.00 | |
| 804. Credit Report | | | |
| 805. Lenders Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. PROCESSING FEE to NEW CENTURY MORTGAGE | | 300.00 | |
| 809. UNDERWRITING FEE to NEW CENTURY MORTGAGE | | 350.00 | |
| 810. DOC FEE to NEW CENTURY MORTGAGE | | 200.00 | |
| 811. **See attached for breakdown | (1,280.00) | 1,689.20 | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | P.O.C. | | |
| 901. Interest From 01/26/04 to 02/01/04 @ $37.9900/day % ( days) | | 227.94 | |
| 902. Mortgage Insurance Premium for Month(s) to | | | |
| 903. Hazard Insurance Premium for Year(s) to | | | |
| 904. | | | |
| 905. | | | |
| 1000. RESERVES DEPOSITED WITH LENDER: | | | |
| 1001. Hazard Insurance 7 months @ $ 47.25 per month | | 330.75 | |
| 1002. Mortgage Insurance months @ $ per month | | | |
| 1003. City Property Taxes months @ $ per month | | | |
| 1004. County Property Taxes 2 months @ $ 41.03 per month | | 82.06 | |
| 1005. Annual Assessments months @ $ per month | | | |
| 1006. Aggregate Adjustment months @ $ -527.02 per month | | -527.02 | |
| 1007. SCHOOL TAXES 7 months @ $ 133.09 per month | | 931.63 | |
| 1008. LOCAL TAXES 2 months @ $ 2.31 per month | | 4.62 | |
| 1100. TITLE CHARGES: | P.O.C. | | |
| 1101. Settlement or closing fee to EXPRESS FINANCIAL SERVICES, INC. | | 168.00 | |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation | | | |
| 1106. Notary fees | | | |
| 1107. Attorney's Fees | | | |
|   (includes above items numbers: | | | |
| 1108. Title Insurance to EXPRESS FINANCIAL SERVICES, INC. | | 663.75 | |
|   (includes above items numbers: | | | |
| 1109. Lenders coverage $ 129,000.00 | | | |
| 1110. Owner's coverage $ | | | |
| 1111. ENDORSEMENTS 100, 300, 8 to EXPRESS FINANCIAL SERVICES, INC. | | 150.00 | |
| 1112. COURIER FEE to EXPRESS FINANCIAL SERVICES, INC. | | 40.00 | |
| 1113. TAX CERT to EXPRESS FINANCIAL SERVICES, INC. | | 10.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES: | P.O.C. | | |
| 1201. Recording Fees: Deed $ Mortgage $ 118.00 Release $ | | 118.00 | |
| 1202. City/County tax/stamps Deed $ Mortgage $ | | | |
| 1203. State tax/stamps Deed $ Mortgage $ | | | |
| 1204. CPL to STEWART TITLE | | 35.00 | |
| 1205. | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES: | P.O.C. | | |
| 1301. Survey | | | |
| 1302. Pest inspection | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. **See attached for breakdown | | | |
| 1400. TOTAL SETTLEMENT CHARGES (Enter on line 103,Section J - and - line 502, Section K) | | 8,232.93 | 0.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and Disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.


NICOLETTE LYNN DAVIS


JOHN DAVIS            Borrowers              Sellers
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

              Settlement Agent              Date

Express Financial Services, Inc.

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

NC0178

01/23/2004 09:36 FAX 8103884447          NOVASTAR MORTGAGE                    @039
  01/24/2004   09:09                                            NO.044   D03

Escrow Number:   0013570-004 KH

**BREAKDOWN OF PAYOFF ON HUD LINE 104**

AMERIQUEST MORTGAGE

| Description | Amount |
|---|---|
| Principal Balance | 120,188.65 |
| | |
| Total Payoff | 120,188.65 |

Total as shown on HUD line 104.          120,188.65

NC0179