01/23/2004 09:36 FAX 6103884447          NOVASTAR MORTGAGE          ☐040
01/24/2004   09:09                                                  NO.044   ☐04

Escrow Number:   00013570-004 KH

# HUD 811 DETAILED BREAKDOWN OF ITEMS PAYABLE IN CONNECTION WITH LOAN

| Description | P.O.C. | Buyer Amount |
|---|---|---|
| 812. TAX SERVICE FEE to NEW CENTURY MORTGAGE | | 78.00 |
| 813. FLOOD CERT FEE to NEW CENTURY MORTGAGE | | 11.20 |
| 814. UNDERWRITING FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 815. PROCESSING FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 816. DOC PREP FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 817. YIELD SPREAD PREMIUM 1% to NOVASTAR HOME MORTGAGE | (1,280.00) | |
| Total as shown on HUD page 2 Line #811 | | 1,589.20 |

NC0180



## GOOD FAITH ESTIMATE - ITEMIZATION

Lender   NEW CENTURY MORTGAGE CORPORATION
      350 COMMERCE, SUITE 200
      IRVINE, CA 92602

Date:  **January 20, 2004**
Loan Number:  **0001297471**

Borrower   JOHN  DAVIS
       NICOLETTE LYNN DAVIS

Property:  326 WEST SECOND STREET
      MEDIA, PA  19063

The information provided below reflects charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will be receiving at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for items paid at settlement.

☐ Preliminary Estimate     ☐ Redisclosure     ☒ Final Disclosure

Sales Price: $      Loan Amount: $   129,000.00     Index:   1.1700     Margin:7.0000

### ITEMIZATION OF PREPAID FINANCED CHARGES

| Reference Number | Items | | Amount |
|---|---|---|---|
| 800 | Items Payable in Connection with Loan | | |
| 801 | Loan Origination Fee | BROKER | $ 3,870.00 |
| 802 | Loan Discount Fee | | $ |
| 803 | Appraisal Fee | | $ |
| 804 | Credit Report Fee | | $ |
| 805 | Lender's Inspection Fee | | $ |
| 806 | Mortgage Insurance Application Fee | | $ |
| 807 | Assumption Fee | | $ |
| 808 | Mortgage Broker Fee | LENDER | $ 300.00 |
| 809 | Lender Processing Fee | LENDER | $ 11.20 |
| 810 | Lender Flood Determination Fee | LENDER | $ 350.00 |
| 811 | Lender Underwriting Fee | LENDER | $ 200.00 |
| 812 | Lender Document Fee | | $ |
| 813 | Courier/Wire Fee | LENDER | $ 78.00 |
| 814 | Tax Service Fee | | $ |
| 815 | | | $ |
| 816 | UNDERWRITING FEE | BROKER | $ 500.00 |
| 817 | PROCESSING FEE | BROKER | $ 500.00 |
| 818 | DOC PREP FEE | BROKER | $ 500.00 |
| 819 | | | $ |
| 820 | | | $ |
| 821 | | | $ |
| 822 | | | $ |
| 823 | | | $ |
| 824 | | | $ |
| 825 | | | $ |
| 826 | | | $ |
| 827 | | | $ |
| 828 | | | $ |
| 829 | | | $ |
| 830 | | | $ |
| 901 | Prepaid Interest ( 6 days) at 10.7500 % per annum | | $ 227.94 |
| 1101 | Settlement or Closing Fee | to Escrow | $ 100.00 |
| | Total Prepaid Finance Charges | | $ 6,637.14 |

JOHN  DAVIS      1-20-04   Date      Nicolette Lynn Davis   1-20-04   Date
                                    NICOLETTE LYNN DAVIS

_____ Date      _____ Date

## GOOD FAITH ESTIMATE - ITEMIZATION

Lender NEW CENTURY MORTGAGE CORPORATION          Date: **January 20, 2004**
Loan Number: 0001297471

### ITEMIZATION OF AMOUNT FINANCED

| Reference Number | | | | |
|---|---|---|---|---|
| 900 | **Items Required by Lender** | | $ | |
| 902 | Mortgage Insurance Premium | | $ | |
| 903 | Hazard Insurance Premium | | $ | |
| 904 | Flood Insurance Premium | | $ | |
| | | | | |
| 1000 | **Reserves Deposited with Lender** | | $ | |
| 1001 | Hazard Insurance | 7 months @ $  47.25 | $ | 330.75 |
| 1002 | Mortgage Insurance | months @ $ | $ | |
| 1003 | City Property Taxes | months @ $ | $ | |
| 1004 | County Property Taxes | 2 months @ $  41.03 | $ | 82.06 |
| 1005 | Town Tax | 2 months @ $  2.31 | $ | 4.62 |
| 1006 | School Tax | 7 months @ $  133.09 | $ | 931.63 |
| 1007 | | months @ $ | $ | |
| 1008 | Flood Insurance | months @ $ | $ | |
| | | | | |
| 1100 | **Title Charges** | | $ | |
| 1103 | Title search/exam | | $ | 1,500.00 |
| 1104 | Title insurance binder | | $ | |
| 1106 | Notary fees | | $ | |
| | | | | |
| 1200 | **Government Recording and Transfer Charges** | | $ | 116.00 |
| 1201 | Recording fees | | $ | |
| 1203 | State tax/stamps | | $ | |
| 1204 | Mortgage tax | | $ | |
| 1205 | | | $ | |
| 1206 | Transfer Tax | | $ | |
| 1207 | Tax Certificate | | $ | |
| | | | | |
| 1300 | **Additional Settlement Fees** | | $ | |
| 1302 | Deed Tax | | $ | |
| | | | $ | |
| | | | $ | |
| | Title Commitment | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | Add yield premium to Broker  ( 1 %)  1,290.00 | | | |
| | (Paid by Lender) | | | |
| | | | $ | |

| | | | |
|---|---|---|---|
| | Amount Financed | $ | 1,616.00 |
| | Amount paid to others on your behalf | $ | 1,349.06 |
| | Amount paid on your account (Reserves) | $ | 119,397.80 |
| | Amount given to you directly | $ | 122,362.86 |
| | Total Amount Financed | $ | 6,637.14 |
| | Total Prepaid Finance Charges | $ | 129,000.00 |
| | Loan Amount | | |

I acknowledge I have received a copy of the booklets, "Buying Your Home, Settlement Costs and Helpful Information" and "Consumer Handbook on Adjustable Rate Mortgages." If applicable, I fully understand the amounts indicated above are ONLY ESTIMATES and may vary from the actual settlement charges at closing. Further, I fully understand that the loan origination fee, interest rate, term and monthly payment are based on my application and may be subject to change prior to close. If, for any reason, the loan for which I have applied does not close, I agree to reimburse the Lender for any and all costs incurred to process my application including, but not limited to, the appraisal and credit report.

_____        _12004____        _Nicolette Lynn Davis___        _1-20-04_
JOHN DAVIS              Date              NICOLETTE LYNN DAVIS          Date

                                                                          _12004_
_____        _____                                      Date
                        Date

NCMC
RE-214B CAT 070803

NC0040

EXHIBIT "J"

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
For use with Adjustable Rate Mortgage Loans
Date: January 20, 2004        Loan: 0001297471

**NEW CENTURY**
MORTGAGE CORPORATION

Borrowers: JOHN DAVIS
NICOLETTE LYNN DAVIS

Property
Location: 328 WEST SECOND STREET

MEDIA, PA 19063

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.419 % | $ 311,149.14 | $ 122,362.86 | $ 433,512.00 |

☐ Preliminary    ☒ Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 360 | $ 1,204.20 | Monthly, beginning March 1, 2004 |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

☐ This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $   116.00      Non-Filing Insurance $    N/A

Security: You are giving a security interest in the property located at  MEDIA, PA 19063
☒  328 WEST SECOND STREET

Late Charge: If payment is 15 days  late, you will be charged 5.00  % of the payment.

Prepayment: If you pay off early, you
☒ may  ☐ will not   have to pay a penalty.
☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

Assumption: Someone buying your home
☒ cannot assume the remainder of the mortgage on the original terms.
☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

* means an estimate.

PROPERTY INSURANCE:  ☒ Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance ☐ is ☐  is not available through the lender at an estimated cost of          for a          year term.

I/We hereby acknowledge receipt of this disclosure.

JOHN DAVIS                                      /  1-20-04
                                                      Date

Nicolette Lynn Davis                          /  1-20-04
NICOLETTE LYNN DAVIS                       Date

                                                      /
                                                      Date

                                                      /
                                                      Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.        UNIFORM (PA) / MLN / TIL.UNM / 1-99  05 001033

NC0038

EXHIBIT "K"

A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

B. TYPE OF LOAN

| | | |
|---|---|---|
| 1. ☐ FHA | 2. ☐ FMHA | 3. ☐ CONV. UNINS. |
| 4. ☐ VA | 5. ☒ CONV. INS. | |

Express Financial Services, Inc.
11 General Warren Blvd.
Suite 1
Malvern, PA 19355
(800) 637-2060

**FINAL**

6. ESCROW FILE NUMBER:
00013570-004 KH

7. LOAN NUMBER:
0001297471

8. MORTGAGE INSURANCE CASE NUMBER:

C. NOTE: *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*

D. NAME OF BORROWER: NICOLETTE LYNN DAVIS and JOHN DAVIS

ADDRESS OF BORROWER: 328 WEST 2ND STREET
MEDIA, PA 19063

E. NAME OF SELLER:

ADDRESS OF SELLER:

F. NAME OF LENDER: NEW CENTURY MORTGAGE

ADDRESS OF LENDER: 350 COMMERCE SUITE 200
IRVINE VA 92602

G. PROPERTY LOCATION: 328 WEST 2ND STREET
MEDIA, PA 19063
DELAWARE County 26000142800

H. SETTLEMENT AGENT: Express Financial Services, Inc.

PLACE OF SETTLEMENT: EXPRESS FINANCIAL SERVICES, INC., 11 General Warren Blvd., Suite 1, Malvern, PA 19355

I. SETTLEMENT DATE: 1/20/2004  PRORATION DATE:  DISBURSEMENT DATE: 1/26/2004

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to Borrower (line 1400) | 9,513.93 | 403. | |
| 104. Payoff to AMERIQUEST MORTGAGE | 119,486.07 | 404. | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | 129,000.00 | **420. GROSS AMOUNT DUE TO SELLER:** | 0.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 129,000.00 | 502. Settlement charges to Seller (line 1400) | 0.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | 129,000.00 | **520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER:** | 0.00 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from Borrower (line 120) | 129,000.00 | 601. Gross amount due to Seller (line 420) | 0.00 |
| 302. Less amount paid by/for Borrower (line 220) | 129,000.00 | 602. Less reduction in amount due Seller (line 520) | 0.00 |
| 303. CASH ( ☒ FROM) ( ☐ TO) BORROWER: | 0.00 | 603. CASH ( ☒ FROM) ( ☐ TO) SELLER: | 0.00 |

NC0181

**L. SETTLEMENT CHARGES**

| 700. TOTAL SALES/BROKER'S COMMISSION: | BASED ON PRICE$ | @ | %= | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission paid at settlement | | | | | |
| 704. | | | | | |

| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN: | | P.O.C. | |
|---|---|---|---|
| 801. Loan Origination Fee  3.0000 %  to  NOVASTAR HOME MORTGAGE | | | 3,870.00 |
| 802. Loan Discount Fee | | | |
| 803. Appraisal Fee    to  GEORGE MCDONALD | | | 500.00 |
| 804. Credit Report | | | |
| 805. Lenders Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. PROCESSING FEE    to  NEW CENTURY MORTGAGE | | | 300.00 |
| 809. UNDERWRITING FEE    to  NEW CENTURY MORTGAGE | | | 350.00 |
| 810. DOC FEE    to  NEW CENTURY MORTGAGE | | | 200.00 |
| 811. **See attached for breakdown | | (1,290.00) | 1,589.20 |

| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | P.O.C. | |
|---|---|---|---|
| 901. Interest From  01/26/04  to  02/01/04  @ $37.9900/day  %  ( days) | | | 227.94 |
| 902. Mortgage Insurance Premium for    Month(s) to | | | |
| 903. Hazard Insurance Premium for    Years(s) to | | | |
| 904. | | | |
| 905. | | | |

| 1000. RESERVES DEPOSITED WITH LENDER: | | | |
|---|---|---|---|
| 1001. Hazard Insurance  7  months @ $  47.25  per month | | | 330.75 |
| 1002. Mortgage Insurance    months @ $    per month | | | |
| 1003. City Property Taxes    months @ $    per month | | | |
| 1004. County Property Taxes  2  months @ $  41.03  per month | | | 82.06 |
| 1005. Annual Assessments    months @ $    per month | | | |
| 1006. Aggregate Adjustment  1  months @ $  -527.02  per month | | | -527.02 |
| 1007. SCHOOL TAXES  7  months @ $  133.09  per month | | | 931.63 |
| 1008. LOCAL TAXES  2  months @ $  2.31  per month | | | 4.62 |

| 1100. TITLE CHARGES: | | P.O.C. | |
|---|---|---|---|
| 1101. Settlement or closing fee  to  EXPRESS FINANCIAL SERVICES, INC. | | | 300.00 |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation | | | |
| 1106. Notary fees | | | |
| 1107. Attorney's Fees | | | |
| (includes above items numbers:  ) | | | |
| 1108. Title Insurance  to  EXPRESS FINANCIAL SERVICES, INC. | | | 1,003.75 |
| (includes above items numbers:  ) | | | |
| 1109. Lenders coverage  $  129,000.00 | | | |
| 1110. Owner's coverage  $ | | | |
| 1111. ENDORSEMENTS 100, 300, 8  to  EXPRESS FINANCIAL SERVICES, INC. | | | 150.00 |
| 1112. COURIER FEE  to  EXPRESS FINANCIAL SERVICES, INC. | | | 40.00 |
| 1113. TAX CERT  to  EXPRESS FINANCIAL SERVICES, INC. | | | 10.00 |

| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES: | | P.O.C. | |
|---|---|---|---|
| 1201. Recording Fees:  Deed $    Mortgage $  116.00 Release $ | | | 116.00 |
| 1202. City/County tax/stamps    Deed $    Mortgage $ | | | |
| 1203. State tax/stamps    Deed $    Mortgage $ | | | |
| 1204. CPL to STEWART TITLE | | | 35.00 |
| 1205. | | | |

| 1300. ADDITIONAL SETTLEMENT CHARGES: | | P.O.C. | |
|---|---|---|---|
| 1301. Survey | | | |
| 1302. Pest Inspection | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. **See attached for breakdown | | | |
| 1400. TOTAL SETTLEMENT CHARGES (Enter on line 103,Section J - and - line 502, Section K) | | 9,513.93 | 0.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and Disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Nicolette Lynn Davis_
NICOLETTE LYNN DAVIS

JOHN DAVIS

Borrowers    Sellers

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Express Financial Services, Inc.

Settlement Agent    Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

NC0182

## HUD 811 DETAILED BREAKDOWN OF ITEMS PAYABLE IN CONNECTION WITH LOAN

| Description | P.O.C. | Buyer Amount |
|---|---|---|
| 812. TAX SERVICE FEE to NEW CENTURY MORTGAGE | | 78.00 |
| 813. FLOOD CERT FEE to NEW CENTURY MORTGAGE | | 11.20 |
| 814. UNDERWRITING FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 815. PROCESSING FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 816. DOC PREP FEE to NOVASTAR HOME MORTGAGE | | 500.00 |
| 817. YIELD SPREAD PREMIUM 1% to NOVASTAR HOME MORTGAGE | (1,290.00) | |

Total as shown on HUD page 2 Line #811          1,589.20

NC0183

 

## NOTICE OF RIGHT TO CANCEL

BORROWERS: JOHN DAVIS
NICOLETTE LYNN DAVIS

DATE: 1/20/04
LOAN NUMBER: 0001297471

PROPERTY ADDRESS: 328 WEST SECOND STREET   , MEDIA, PENNSYLVANIA 19063

---

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is  1/20/04                          ; or
   A. (insert TRANSACTION DATE)

2. the date you received your Truth in Lending disclosures; or

3. the date you received this notice of your right to cancel.

If you cancel the transaction, the security interest is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

I acknowledge receiving two copies of this Notice of Right to Cancel form.

_____  1.20.04          Nicolette Lynn Davis   1.20.04
JOHN DAVIS          B. Signature Date      NICOLETTE LYNN DAVIS    Signature Date

_____                   _____
          Signature Date                            Signature Date

---

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

NEW CENTURY MORTGAGE CORPORATION
350 COMMERCE, SUITE 200
IRVINE, CA 92602

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of  1/23/04
                                                                    C. (insert 3 DAY DATE)
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL _____
              (Borrower's signature if exercising right to cancel)        D. (CANCEL DATE )

---

## PLEASE READ BEFORE COMPLETING THIS FORM

To proceed with this transaction, enter the following: (A): TRANSACTION DATE which is the date the borrower signs loan documents (consummates this transaction); (B): Borrower's signature and SIGNATURE DATE which is the date borrower signs this document; (C): 3 DAY DATE which is the third business day following the TRANSACTION DATE. SIGNATURE DATE of last signer is later than the TRANSACTION DATE, contact Lender to confirm correct 3 DAY DATE. Do not make any amendments, erasures, strike outs, without prior authorization from the Lender. Should an error occur in the completion of this form, contact Lender immediately. Each borrower must be provided 2 completed, signed copies of this form.

To cancel this transaction: the borrower signs and enters the Cancellation Date (D) in the space following the words "I WISH TO CANCEL." Borrower may also cancel this transaction by mail or delivering this or any written form of cancellation notice to Lender within 3 business days after signing loan documents.

NCM
Multistate RE169 (062497)

recorded.lid
niu 120202

**DAVIS- 0162**

E : HB 19 "/19 "

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

In Re: JONATHAN COLLIER,                    :            CHAPTER 13
      Debtor,

JONATHAN COLLIER,
      Plaintiff                             :        BANKR. NO.   05-16905

     v.

NEW CENTURY MORTGAGE CORPORATION,
U.S. BANK NATIONAL ASSOCIATION,
CREDIT-BASED ASSET SERVICING
AND SECURITIZATION LLC, ASSET BACKED
FUNDING CORPORATION, LITTON LOAN
SERVICING LP and JP MORGAN CHASE BANK
                              :        ADV. NO. 05- *585*

      Defendants

## COMPLAINT

1) This is an action in the nature of a counterclaim to a proof of claim filed by U.S. Bank National Bank Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2002, among Credit-Based Asset Servicing and Securitization LLC, Asset Backed Funding Corporation, Litton Loan Servicing LP and JP Morgan Chase Bank, C-BASS Mortgage Loan Asset-Backed Certificates, Series-2002-CB1, without recourse, seeking recoupment under the federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("the TILA") and the Home Owners Equity Protection Act ("HOEPA") of the TILA, which is sufficient to recoup much of the secured claim in a predatory loan transaction.

2) Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b). This is a core proceeding because it is a counterclaim to a proof of claim filed by the lender and because it seeks, inter alia, a determination of the validity and extent of the lender's claimed lien against the Debtor's home, pursuant to 28 U.S.C. sections 157(b)(2)(B) and (b)(2)(K).

3) The Plaintiff is JONATHAN COLLIER, an adult individual residing at 5855 Carpenter St., Philadelphia, PA 19143 ("the Home"), who is the debtor in the underlying Chapter 13 bankruptcy case ("the Debtor").

4) The Defendants are (1) NEW CENTURY MORTGAGE CORPORATION ("New Century"), a Foreign Business Corporation the entity number of which is 2721186 and the registered Pennsylvania address of which is C/o CT Corporation System, 1515 Market St.,

Suite 1210, Philadelphia, PA 19102, the original lender in the transaction at issue; (2) U.S. BANK NATIONAL ASSOCIATION, a Foreign Business Corporation the entity number of which is 3263859 and the registered Pennsylvania address of which is C/o CT Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102, one of the entities which filed the proof of claim in this matter; (3) CREDIT-BASED ASSET SERVICING AND SECURITIZATION, LLC, a Foreign Limited Liability Company the entity number of which is 3015810 and the registered Pennsylvania address of which is C/o Corporation Service Company, 2704 Commerce Dr., Harrisburg, PA 17110, one of the entities which filed the proof of claim in this matter; (4) ASSET BACKED FUNDING CORPORATION, which is believed to be a subsidiary of Bank of America, a Foreign Business Corporation the entity number of which is 2646386 and the registered Pennsylvania address of which is C/o CT Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102, one of the entities which filed the proof of claim in this matter; (5) LITTON LOAN SERVICING, LP, a Foreign Limited Partnership the entity number of which is 2831238 and the registered Pennsylvania address of which is C/o Corporation Service Company, 2704 Commerce Dr., Harrisburg, PA 17110, one of the entities which filed the proof of claim in this matter; and (6) JP MORGAN CHASE BANK, a Foreign Business Corporation the entity number of which is 63759 and the registered Pennsylvania address of which is C/o CT Corporation System, 1515 Market St., Suite 1210, Philadelphia, PA 19102, the last listed organization which filed the proof of claim in this matter. The proof of claim filed in this case to which the Debtor now takes exception, attached hereto as Exhibit "A," identifies the address where notices should be sent as Litton Loan Servicing, LP, 4828 Loop Central Dr., Houston, TX 77081-2226, and identifies counsel as Urden Law Offices, P.C., Woodcrest Corporate Center, 111 Woodcrest Rd., Suite 200, Cherry Hill, NJ 08003-3620.

5) On or about October 30, 1998, the Debtor entered into a loan contract with New Century.

6) The Debtor's counsel has reviewed certain of the documents available from that transaction, an unexecuted copy of the Truth-in-Lending Disclosure Statement ("the DS") and a Settlement Statement ("the SS"), copies of which are attached hereto as Exhibits "B" and "C" respectively, and recognized that this was a "predatory loan" transaction regarding which the Debtor has TILA and HOEPA counterclaims which he must assert by way of this adversary proceeding.

7) The documents received from the claimant reveal that this transaction involved a loan the principle amount of which was approximately $35,000.00 and included charges which should have been disclosed as prepaid finance charges including a $1,862.00 charge by a broker, at least $609.00 for New Century's own fees, and $1,295.00 for an unwanted "travel membership" which the Plaintiff was compelled to purchase. These charges render the loan within the scope of the HOEPA provisions of the TILA as the pre-paid finance charges exceed 8% of the "total loan amount" of $35,000.00.

8) The Debtor does not believe that all of the charges which actually were finance charges were so disclosed in this transaction. He therefore avers that the DS did not accurately reflect the

2

terms of the transaction.

9)  Moreover, the Debtor did not receive the pre-settlement disclosures required by HOEPA. Correspondence admitting this fact from counsel for New Century is attached hereto as Exhibit "D."

10) The transaction described herein is a closed-end consumer financing transaction within the scope of HOEPA and the TILA generally.

11) The actual prepaid finance charges in this transaction were therefore no less than $3,766.00 and the Debtor has paid finance charges of over $26,300.00 on account of this loan. The Debtor's statutory damages under HOEPA therefore total no less than $30,066.00.

12) The failure of New Century to accurately disclose this transaction, to accurately disclose the finance charges and annual percentage rate, or to provide the pre-settlement disclosures required by HOEPA all constitute material disclosure violations which entitle the Debtor to significant recoupment claims which will eliminate most if not all of the Defendant's claim.

13) The Debtor also objects to the components of the Defendant's proof of claim, specifically the "Monthly Payments 04/01/03 through 05/13/05 @ $340.17," as the Debtor questions whether all payments made were properly credited. Moreover, the Debtor disputes the amounts referenced as "Accrued Late Charges," "Escrow Shortage," "Brokers Price Opinion," "NSF Fees," " Inspection Fees," " and "Pre-petition Legal Fees and Costs," as these sums are not clearly itemized, unclear, and appear excessive.

    WHEREFORE, the Debtor requests that he be able to recoup, against the claim and that portion requesting arrears, statutory damages of not less than $30,066.00, and further be directed to pay the undersigned reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1635(b), 1640(a)(2)(A)(iii), 1640(a)(3) and 1640(a)(4) of the TILA.

DAVID A. SCHOLL
6 St. Albans Avenue
Newtown Square, PA. 19073
(610)-353-7543
Attorney for Plaintiff

3

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA | PROOF OF CLAIM |
|---|---|

Name of Debtor: Jonathan Collier      Case Number: 05-16905 SR

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor: U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2002, among Credit-Based Asset Servicing and Securitization LLC, Asset Backed Funding Corporation, Litton Loan Servicing LP and JP Morgan Chase Bank, C-BASS Mortgage Loan Asset-Backed Certificates, Series-2002-CB1, without recourse

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim.

Name and address where notices should be sent:
Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081-2226
-AND-
UDREN LAW OFFICES, P.C.
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ  08003-3620
Telephone Number: 856-669-5400

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court

Account or other number by which creditor identifies debtor: 7785876

Check here if this claim   ☐ replaces   ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury / wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensation (specify below)

**2. Date debt was incurred: 11/04/98**   **3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $ 53,982.52**

**5. Secured Claim:**
☒ Check this box if your claim is secured by collateral (including a right to setoff).
Brief Description of Collateral:
☒ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $  unknown
Amount of arrearage and other charges at time case filed included in secured claim, above, if any: $  19,969.03

**6. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. §507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. §507(a)(7)
☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all paybacks on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: August 30, 2005

Sign and print name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
/s/
Heidi R. Spivak, Esquire
Marisa Joy Myers, Esquire

THIS SPACE FOR COURT USE ONLY

—Exhibit "A"—

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Jonathan Collier

CHAPTER 13

CASE NO. 05-16905 SR

SOCIAL SECURITY NO.    ***-**-6137

**PROOF OF SECURED CLAIM OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF FEBRUARY 1, 2002, AMONG CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, ASSET BACKED FUNDING CORPORATION, LITTON LOAN SERVICING LP AND JP MORGAN CHASE BANK, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES-2002-CB1, WITHOUT RECOURSE**

**REINSTATEMENT AMOUNT (arrearage)**

| | |
|---|---|
| Monthly Payments 04/01/03 through 05/13/05 @ $340.17 | $8,844.42 |
| Accrued Late Charges | 839.30 |
| Escrow Shortage | 6,113.84 |
| Brokers Price Opinion | 469.47 |
| NSF Fees | 25.00 |
| Inspection Fees | 97.50 |
| Pre-Petition Legal Fees and Costs | 3,579.50 |
| TOTAL: | $19,969.03 |

**TOTAL DEBT**

| | |
|---|---|
| Principal of debt due and unpaid | $34,255.11 |
| Interest at 11.25% from 03/01/03 to 05/13/05 (the per diem interest accruing on this debt is $10.70 and that sum should be added each day after 05/13/05) | 8,602.80 |
| Accrued Late Charges | 839.30 |
| Escrow Advances/(Balance) | 6,113.84 |
| Brokers Price Opinion | 469.47 |
| NSF Fees | 25.00 |
| Inspection Fees | 97.50 |
| Pre-Petition Legal Fees and Costs | 3,579.50 |
| TOTAL: | $53,982.52 |

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
For use with Adjustable Rate Mortgage Loans

Date: October 6, 1998 ........ Loan# 0000168241

Borrowers: JONATHAN COLLIER

**NEW CENTURY** MORTGAGE CORPORATION

Property
Location: 5855 CARPENTER STREET

PHILADELPHIA, PA 19143

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 12.178 e % | $ 94,886.94 e | $ 34,077.30 e | $ 128,964.24 e |

[X] Preliminary    [ ] Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | | When Payments are Due |
|---|---|---|---|
| 24 | $ 339.95 | e | Monthly, beginning December 1, 1998 |
| 336 | $ 359.54 | e | Monthly, beginning December 1, 2000 |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |

[ ] This obligation has a demand feature.

**Variable Rate:** The ANNUAL PERCENTAGE RATE may increase during the term of this transaction if the movement of London Interbank Offered Rates (Index) increases. Your interest rate will not increase more than once every 6 Months with a maximum interest rate increase at one time of 1.5 %. Your payment amount will not increase more than once every 6 Months (with a maximum payment amount increase at one time limited to N/A %.) Your maximum interest rate over the life of the loan will be 18.2500 %. Your minimum interest rate is 11.250 %.
Any increase will take the form of: [Check box(es) that apply]
[X] Higher payment amounts
[X] Extended payments not to exceed a total term of 40 years
[ ] Additions to the principal balance
If the interest rate increases by 1.50 % in 2 year(s) , your regular payment would increase to $ 379.40

Filing Fees $    N/A    Non-Filing Insurance $    N/A
**Security:** You are giving a security interest in the property located at
[X] 5855 CARPENTER STREET    PHILADELPHIA, PA 19143
**Late Charge:** If payment is 15 days late, you will be charged 5.00 % of the payment.
**Prepayment:** If you pay off early, you
[ ] may [X] will not    have to pay a penalty.
[ ] may [X] will not    be entitled to a refund of part of the finance charge.
**Assumption:** Someone buying your home
[X] cannot assume the remainder of the mortgage on the original terms.
[ ] may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

e means an estimate

**PROPERTY INSURANCE:** [X] Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of    for a    year term.

I/We hereby acknowledge receipt of this disclosure.

JONATHAN COLLIER    / _____
                                              Date

_____    / _____
                                              Date

_____    / _____
                                              Date

_____    / _____
                                              Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

— Exhibit "B" —

**Settlement Statement**
Transactions without Sellers

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-04.

| Name & Address of Borrower: | Name & Address of Lender: |
|---|---|
| JONATHAN COLLIER | NEW CENTURY MORTGAGE |
| 5855 CARPENTER STREET | SUITE 1000 |
| PHILADELPHIA, PA. | 18400 VON KARMAN |
| | IRVINE , CA 92612 |

| Property Location: (if different from above) | Settlement Agent: |
|---|---|
| 5855 CARPENTER STREET | NATIONAL REAL ESTATE INFORMATION SVCS. |
| PHILADELPHIA, PA. | Place of Settlement: 290 BILMAR DRIVE |
| | PITTSBURGH, PA 15205 |

Loan Number: 0000188241
File Number: 9830855

Settlement Date: 10/30/98
Rescission Date: 11/04/98

| L. Settlement Charges | | | |
|---|---|---|---|
| 700. Total Commission Paid in Connection with Loan | | | |
| 801. Loan origination fee | 5.50% to PA MORTGAGE | 1,862.00 | |
| 802. Loan discount | % to | | |
| 803. Appraisal fee to | | | |
| 804. Credit report to | | | |
| 805. Inspection fee to | | | |
| 806. Mortgage insurance application fee to | | | |
| 807. FLOOD CERT. FEE | NEW CENTURY | 30.00 | |
| 808. Mortgage broker fee to | | | |
| 809. UNDERWRITING FEE | NEW CENTURY | 300.00 | |
| 810. DOCUMENT FEE | NEW CENTURY | 200.00 | |
| 811. TAX SERVICE FEE | NEW CENTURY | 69.00 | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Int. from 11/04/98 to 12/01/98 | | | |
| 27 @ $ 10.7800 per day | | 291.33 | |
| 902. Mortgage insurance premium for months to | | | |
| 903. hazard insurance premium for 1 year(s) to | | 455.72 | |
| MCGLAWIN & MCGLAWIN | | | |
| 904. Flood ins. premium | | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Hazard insurance mos. @ $ per mo. | | | |
| 1002. Mortgage insurance mos. @ $ per mo. | | | |
| 1003. City property taxes mos. @ $ per mo. | | | |
| 1004. County property taxes mos. @ $ per mo. | | | |
| 1005. Annual assessments mos. @ $ per mo. | | | |
| 1006. Flood Insuran mos. @ $ per mo. | | | |
| 1007. mos. @ $ per mo. | | | |
| 1008. Aggregate Adjust | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to NATIONAL REAL EST | | 200.00 | |
| 1102. Abstract of title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorneys' fees to | | | |
| (includes above item numbers | | | |
| 1108. Title insurance to NATIONAL REAL ESTATE IN | | 426.25 | |
| (includes above item numbers | | | |
| 1109. Lender's coverage $ 35,000.00 | | | |
| 1110. Owner's coverage $ | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: RECORDER OF DEEDS | | 38.00 | |
| 1202. City/county tax/stamps: | | | |
| 1203. State tax/stamps: | | | |
| 1204. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to | | | |
| 1302. Pest inspection to | | | |
| 1303. Architect/engineering service to | | | |
| 1304. Build'g permit to | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. YLD SP PREM PERCENT TO PA MORT (P) | | 700.00 | |
| 1400. Total Settlement Charges (enter on line 1500) | | 4,872.30 | |

| 1500. Disbursement to Others | |
|---|---|
| 1501. PREMIUM - MORTGAGE INSU INTERSTATE ASSURANCE COMPAN | 1,317.00 |
| 1502. TRAVEL MEMBERSHIP MY WAY LIMITED | 1,295.00 |
| 1503. PAYOFF - LEGAL SERVICES. BETSY SIMON. | 351.00 |
| 1504. LIEN PAYOFF PHILADELPHIA TRAFFIC COURT | 3,277.00 |
| 1505. LIEN PAYOFF CITY OF PHILADELPHIA FCE970 | 2,155.52 |
| 1506. '98 COUNTY TAX CITY OF PHILADELPHIA | 509.43 |
| 1507. '97 COUNTY TAX CITY OF PHILADELPHIA | 726.24 |
| 1508. DEL. TAXES BREEN CAPITAL SERVICES | 1,599.45 |
| 1509. WATER/SEWAGE WATER REVENUE BUREAU | 1,062.40 |
| 1510. PAYOFF CREDIT BUREAU OF ERIE COLLE | 317.00 |
| 1511. PAYOFF MERCANTILE ADJUSTMENT | 1,077.00 |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1500. TOTAL DISBURSED (enter on line 1603) | 14,702.04 |

| 1600. NET SETTLEMENT | | |
|---|---|---|
| 1600. Loan Amount | $ | 33,852.00 |
| 1601. Plus Cash/Check from Borrower | $ | 0.00 |
| 1602. Minus Total Settlement Charges (line 1400) | $ | 4,872.30 |
| 1603. Minus Total Disbursements to Others (line 1520) | $ | 14,702.04 |
| 1604. Equals Disbursements to Borrower | $ | 17,477.66 |
| (after application of any applicable | | |
| reduction per law required by law) | | |

Borrower(s) Signature(s)

JONATHAN COLLIER

X

X

174 40 6137     8% fees

— Exhibit "C"



NEW CENTURY℠
MORTGAGE CORPORATION

JULIA LEAH GREENFIELD
*Vice-President and*
*General Counsel*

18400 VON KARMAN, SUITE 1000, IRVINE, CA 92612  (949) 224-5795  FAX (949) 224-5750
email: jgreenfi@ncen.com

September 28, 2000

<u>VIA FACSIMILE AND U.S. MAIL.</u>
David A. Scholl, Esquire
Law Offices of Eugene Malady,, LLC
200 East State Street
Suite 309
Media, Pennsylvania 19063

Re: *Jonathan Collier Loan No. 18824*

Dear Judge Scholl:

I have received your letter dated September 12, 2000 regarding the tender of rescission by Jonathan Collier in connection with the above-referenced Mortgage Loan in the principal amount of $35,000.00 which was made by New Century Mortgage Corporation, a California corporation ("New Century") on October 30, 1998. (the "Jonathan Loan").  Since New Century did not originate and does not service the Mortgage Loan to Jerry Collier, I, of course, cannot act or comment upon the legitimacy of the tender of rescission in that matter.

I asked New Century's Compliance Department to review the fees in the HUD-1 to determine whether or not the Mortgage Loan was subject to HOEPA. They have advised me that you were correct and that the Jonathan Loan was in fact a HOEPA Mortgage Loan. Since New Century did not provide the applicable HOEPA Disclosures, we will accept your client's tender of rescission.

I wanted to get this letter out to you today so that New Century's response to your tender of rescission is timely.  I will be out of the office on Friday, September 29, 2000 but will be in the office all of next week.  I will contact you then to discuss the procedure for rescission.

Very truly yours,
NEW CENTURY MORTGAGE CORPORATION

By:  Julia Leah Greenfield
Vice President and General Counsel

Cc: Valerie Williamson
    Vicki Molitz

— Exhibit "D"

Official Form 6F (10/06)

In re    George J. Infante, II
_____,
                            Debtor

Case No.   07-14146
             _____

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>AFNI, Inc.<br>404 Brock Drive<br>P. O. Box 3517<br>Bloomington, IL 61702-3517 | | H | | | | | | 301.96 |
| Account No.<br><br>AOL Visa<br>PO Box 15298<br>Wilmington, DE 19850-5298 | | H | | | | | | 604.52 |
| Account No.<br><br>ASG<br>PO BOX 628<br>Buffalo, NY 14240-0628 | | H | | Collection Account | | | | 5,304.51 |
| Account No.<br><br>Bank of America<br>Attn: Tamika Frinks<br>1425 NW 62nd St.<br>Fort Lauderdale, FL 33309 | | H | | | | | | 15,095.57 |
| | | | | Subtotal<br>(Total of this page) | | | | 21,306.56 |

  9   continuation sheets attached

Official Form 6F (10/06) - Cont.

In re     George J. Infante, II                                            Case No.    07-14146

                                                  Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **CA Emergency Physicians** <br> **PO BOX 582663** <br> **Modesto, CA 95358** | | H | Medical Bill | | | | 185.00 |
| Account No. <br><br> **Capital One** <br> **P. O. Box 85147** <br> **Richmond, VA 23276** | | H | Credit Card Debt | | | | 4,959.23 |
| Account No. <br><br> **Central Bucks School District** <br> **353 East State St.** <br> **Doylestown, PA 18901** | | H | | | | | 3,013.91 |
| Account No. <br><br> **Central Financial Control** <br> **PO BOX 83091** <br> **Birmingham, AL 35283** | | H | Collection for Warminster Hospital | | | | 813.64 |
| Account No. <br><br> **City of Philadelphia** <br> **Traffic Court** <br> **P. O. Box 56301** <br> **Philadelphia, PA 19130-6301** | | H | | | | | 46.00 |

Sheet no. __1__ of __9__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal       9,017.78 <br> (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: JONATHAN COLLIER, | CHAPTER 13 |
| Debtor, | |
| JONATHAN COLLIER, | BANKR. NO. 05-16905 |
| Plaintiff, | |
| v. | |
| NEW CENTURY MORTGAGE CORPORATION, U.S. BANK ASSOCIATION, CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, ASSET BACKED FUNDING CORPORATION, LITTON LOAN SERVICING LP and JP MORGAN CHASE BANK, | ADV. NO. 05-585 |
| Defendants. | |

### ORDER REGARDING JOINT MOTION FOR APPROVAL OF SETTLEMENT

AND NOW, this _18th_ day of _AUG_, 2006, upon consideration of the Joint

Motion for Approval of Settlement filed by Plaintiff Jonathan Collier and Defendant New

Century Mortgage Corporation (the "Joint Motion"), it is hereby ORDERED that the Joint

Motion is **GRANTED**. The executed Settlement Agreement and Release, as agreed-to by the

Parties and submitted as Exhibit A to the Joint Motion, is hereby **APPROVED**.

BY THE COURT:

_____

Honorable Stephen Raslavich, U.S.B.J.

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") has an effective date of _____ and is entered into between New Century Mortgage Corporation, a California corporation ("New Century"), and Jonathan Collier ("Plaintiff") (collectively, the "Parties").

The Parties are in a dispute, identified by the lawsuit filed by Plaintiff against New Century in the United States Bankruptcy Court, Eastern District of Pennsylvania, captioned *Jonathan Collier v. New Century Mortgage Corporation, U.S. Bank National Association, Credit-Based Asset Servicing and Securitization LLC, Asset Backed Funding Corporation, Litton Loan Servicing LP and JP Morgan Chase Bank,* Chapter 13 Bankr. No. 05-16905, Adversary No. 05-585 (the "Lawsuit"), alleging violations of the federal Truth-In-Lending Act ("TILA") and the Homeowners Equity Protection Act ("HOEPA") of the TILA, in connection with a loan transaction entered into by the Parties on or around October 30, 1998 (the "Loan"). Rather than continue to litigate the Lawsuit, the Parties wish to resolve the Lawsuit and to dismiss the Lawsuit with prejudice, without damages or costs to either party.

The parties agree as follows:

1. **Dismissal of Lawsuit.** In consideration of the promises called for herein and within sixty (60) days after the Effective Date of this Agreement, Plaintiff shall promptly dismiss the Lawsuit in its entirety, with prejudice, and without costs, and provide a conformed copy of such dismissal to New Century.

2. **New Century's Obligations.** Within sixty (60) days after the Effective Date of this Agreement, New Century will provide a new first Note and Mortgage to Plaintiff in the principal amount of $45,000.00 (the "New Loan"). The interest rate for the New Loan will be fixed at 6.5% per annum, payable over thirty (30) years and amortized over forty (40) years. There will be no points or fees associated with the origination of the New Loan and no pre-payment penalty. In addition, New Century will pay all closing costs including title insurance. New Century will also pay Plaintiff's unsecured bankruptcy debts in the amount of $8,029.87, owed to the City of Philadelphia Water Revenue Department ($3,315.43), Philadelphia Electric Company ($3025.24), and Philadelphia Gas Works ($1,689.20). Finally, New Century will pay Plaintiff attorney's fees in the amount of $2,000.00.

3. **Payment Terms of New Loan.** The monthly mortgage payment will be $263.45 (principal and interest). If all mortgage payments are timely made, a balloon payment in the amount of approximately $22,250.00 will be due when the loan matures in thirty years.

4. **Plaintiff's Obligations.** Plaintiff must provide New Century with a first position mortgage lien on the property located at 5855 Carpenter Street, Philadelphia, Pennsylvania 19143 (the "Property"). All other existing liens must be satisfied or subordinated prior to closing. Plaintiff must demonstrate adequate hazard insurance to cover the mortgage interest of New Century. Property taxes must be current, and Plaintiff is responsible for payment of property taxes. Plaintiff must execute a new

~~Plaintiff must execute a new~~ Note and Mortgage and associated New Loan documents and otherwise meet New Century's pre-established lending guidelines including a minimum FICO score of 500. Plaintiff must otherwise cooperate with all reasonable requests by New Century related to the application for, underwriting of, and closing of the new loan. This agreement is subject to and conditioned upon the entry of a final order, not subject to stay, of the Bankruptcy Court approving the settlement upon the terms of this Agreement (the "Order"). The date on which this Agreement is approved by the Bankruptcy Court is referred to herein as the "Effective Date."

5. **Denial and Compromise.** The Parties represent, acknowledge, and agree that this Agreement effects the compromise and settlement of claims and demands that are disputed, and nothing herein shall be construed as an admission of their validity. Insofar as the settlement represented by this Agreement reflects a compromise as to all disputed legal claims, the parties thereto settle, compromise and resolve the Lawsuit without resolving the validity of any alleged debt, and this Agreement does not represent a discharge of indebtedness for purposes of 26 U.S.C. § 61(a)(12). Accordingly, the Parties agree that it would be improper to report this transaction to any taxing authority as resulting in income to Plaintiff or to issue an IRS Form 1099 as there has been no "cancellation of indebtedness."

6. **Mutual Release.** Subject to the terms of this Agreement, the Parties completely release, acquit and forever discharge one another, including their respective parents, affiliates, subsidiaries, officers, directors, employees, successors in interest, assignees, loan servicers, and investors, from any and all claims which in any manner relate to, arise out of or are or could have been asserted in the Lawsuit including, without limitation, any and all claims for damages, fines, penalties, assessments, attorney's fees, and costs which the Parties may now have, or have ever had, against one another through and including the date hereof, or which relate to or arise out of the Loan. Without limitation to the foregoing, Plaintiff further covenants and agrees that he will not assert any claims in the future against New Century, or its parents, affiliates, subsidiaries, officers, directors, employees, successors in interest, assignees, loan servicers, and investors, either individually or as a representative of a class or private attorney general, for any of the claims alleged in the Lawsuit for a violation of California or another state's law or federal law, arising out of the Loan. Each party understands and acknowledges that even if such Party should eventually suffer additional damages arising from events related to the Lawsuit or to any other matter that has occurred as of the effective date of this Agreement, such Party will not be permitted to make any claims for damages or other relief. Furthermore, each Party acknowledges that such Party intends these consequences even as to claims for damages that may exist as of the effective date of this Agreement but which such Party does not know exist, and which, if known, would materially affect such Party's decision to execute this Agreement, regardless of whether such Party's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. This release is with respect to the Loan at issue and the Lawsuit referenced above and shall not release any other loan obligations that may exist by and between the parties.

7. **Covenant Not to Sue.**  No Party to this Agreement shall file or initiate any lawsuit, claim or other judicial or administrative proceeding against any Party to this Agreement released relating to the Lawsuit except to permit the Parties to bring an action to enforce this Agreement.

8. **Confidentiality.**  As a material inducement for the Parties entering into this Agreement, the Parties expressly agree that this Agreement, in its entirety, and the terms and conditions of the same as set forth therein, including, but not limited to the payments and/or existence thereof, and the allegations relating to the Lawsuit and all matters released herein are and shall remain confidential as between the Parties and their legal counsel and shall not be disclosed to any other person, except as may be required by law, or for tax purposes.  No Party shall publish, make public, comment upon, and/or communicate the details of the settlement to any third person, other than as set forth in the preceding sentence.  The Parties may respond to questions relating to the Lawsuit by saying nothing more than the matter was resolved.

9. **General Representations.**  The Parties each represent and warrant to the other that they are represented by independent counsel in this matter, they have read and been advised concerning the legal implications of this Agreement and they enter into it freely and under no economic or other compulsion and have entered into this Agreement without reliance upon any representations or statement made by any Party or non-party that is not contained in this Agreement.

10. **Ownership of Claims.**  The Parties each represent and warrant to the other that they are the sole owners of all claims being compromised and that they have not previously transferred or assigned any interest in those claims.

11. **No Admission of Wrongdoing.**  This Agreement represents the settlement of disputed claims and is not an admission of fault or liability by either Party.

12. **Governing Law.**  This Agreement is made and entered into in the State of Pennsylvania and shall be interpreted and enforced under the laws of that state.

13. **Costs.**  New Century will pay Plaintiff attorney's fees only, in the amount of $2,000.00.  Apart from this payment, each Party will bear its own costs and attorney's fees with respect to the Lawsuit.  In any action or proceeding brought to enforce this Agreement, the prevailing Party shall be entitled to recover all costs including reasonable attorney's fees.

14. **Counterparts.**  This Agreement may be executed in one or more counterparts or signature pages, each of which shall be deemed an original and which together shall constitute one instrument.

15. **Authorization.**  Each entity representative signing this Agreement on behalf of a Party individually represents and warrants that such representative has the necessary entity authority and approval to execute this Agreement on behalf of his or her represented entity.



16. **Entire Agreement.**  This Agreement contains the entire agreement of the Parties and supersedes all previous agreements.  The terms of this release are contractual and not a mere recital.

17. **Miscellaneous.**  This Agreement shall be construed as if prepared by both Parties even though it was prepared by one of them.  A facsimile signature to this Agreement shall have the same legal force and effect as an original and may be relied upon by all persons.  No amendment, modification or waiver of any provision of this Agreement shall be effective unless in writing and signed by both Parties.  Upon signature by both Parties, this Agreement is binding upon the Parties, their successors, heirs and assigns.

18. **New Loan.**  The Parties agree that the Truth-In-Lending Act will not apply to the New Loan, if made, pursuant to 12 C.F.R. § 226.20(a)(2) and applicable Official Staff Commentary.

Dated this 28ᵗʰ day of _June_, 2006

_Jonathan Collier_
PLAINTIFF JONATHAN COLLIER

STATE OF _Pennsylvania_

COUNTY OF _Delaware_

BEFORE ME, the undersigned authority, on this day personally appeared _Jonathan Collier_ known to me to be the person whose name is subscribed to the foregoing Settlement Agreement and Release, and acknowledged to me that he/she executed the same for the purposes therein expressed and in the capacity therein expressed.

WITNESS my hand and official seal this 28ᵗʰ day of _June_, 2006.

_Collie Ule Schell_
Notary Public in and for the State of _Pennsylvania_

***

Dated this _____ day of _____, 2006

NEW CENTURY MORTGAGE CORPORATION, a California Corporation

By: _John S. Warnock_

Title: _Sr. Vice President, Division Manager_

STATE OF _FLORIDA_                    §

COUNTY OF _HILLSBOROUGH_              §

BEFORE ME, the undersigned authority, on this day personally appeared _JOHN WARNOCK_ known to me to be the person whose name is subscribed to the foregoing Settlement Agreement and Release, and acknowledged to me that he/she executed the same for the purposes therein expressed and in the capacity therein expressed.

WITNESS my hand and official seal this 11ᵗʰ day of _August_, 2006.

_Julie D. Cohn_
Notary Public in and for the State of _FLORIDA_

JULIE B COHN
Notary Public - State of Florida
My Commission Expires Oct 31, 2006
Commission # DD 162346
Bonded By National Notary Assn.

Page 5 of 6

Approved as to content and form:

_____
David A. Scholl, Attorney for Plaintiff Jonathan Collier

_____
Louis W. Schack, Attorney for New Century Mortgage Corporation