IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq.<br><br>**Objections due by: January 2, 2008, 4:00 p.m.**<br>**Hearing Date: January 9, 2008, 1:30 p.m.** |

## MOTION FOR ANNULMENT OF THE AUTOMATIC STAY

HSBC Bank USA National Association for the Benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC2 ("Movant"), by its undersigned counsel, respectfully moves this Honorable Court to annul the Automatic Stay in connection with Movant's exercise of its non-bankruptcy rights with respect to certain real property in which the above-captioned debtor may hold an interest located at 144 Saint James, Unit 54, Irvine, CA 92606 (the "Property"), and in support hereof states as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2.      On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. (the "Debtor") and various of its affiliates (collectively with the Debtor, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      On or about May 2, 2006, Samantha Simmons (the "Obligor") executed and delivered to New Century Mortgage Corporation a promissory note (the "Note"), a copy of which is

attached hereto as **Exhibit A**, in the amount of $588,000, plus interest at the rate of 8.75% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years.

4. To secure the repayment of the sums due under the Note, Obligor executed and delivered to New Century Mortgage Corporation a mortgage, deed of trust, or comparable instrument of security on the Property dated May 2, 2006 (the "Mortgage"). A copy of the Mortgage is attached hereto and incorporated herein as **Exhibit B**.

5. The Mortgage and Note were later transferred to Movant, and Movant is the present holder of the Mortgage and Note.

6. Review of the title to the Property shows that the Debtors may hold a lien junior to the Mortgage.

7. The Obligor is now in default under the Note, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage.

8. Without knowledge that its foreclosure of the Mortgage might be affected by the automatic stay in this case due to the Debtors' junior mortgage, Movant exercised its contractual and legal remedies to enforce the Obligor's indebtedness under the Note by conducting a non-judicial foreclosure sale of the Property sold at public auction in the manner prescribed by law in California, where the Property is situated (the "Sale").

9. At the Sale, Movant was the high bidder on the Property, having bid in its debt in the amount of $635,257.90 (the "Sale Price").

10. At the time of the Sale, Movant's claim against the Property arising under the Mortgage totaled $632,290.00 plus fees and costs (the "Total Indebtedness").

11. Because the Sale Price is less than the Total Indebtedness, the Debtor has no equity in the Property.

12. Because the Debtor's junior mortgage adds no value to the bankruptcy estate, the Property is not necessary for Debtor's reorganization.

13. Because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

14. Moreover, upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the Total Indebtedness is increasing.  Therefore, Movant's interest in the Mortgage is not adequately protected.

15. Movant does not know whether the Property, including but not limited to Movant's interest in the Mortgage, is properly insured.  Therefore, Movant's interest in the Mortgage is not adequately protected.

16. Movant does not know whether the Obligor is properly maintaining the physical premises of the Property.  Therefore, Movant's interest in the Mortgage is not adequately protected.

17. A continued stay of Movant's action against the Obligor and the Property will cause Movant significant prejudice.

18. Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

19. Moreover, because the Debtors have no interest in the outcome of the Sale, it would be an unnecessary burden on Movant to be forced to restart the foreclosure at this late stage.

Judicial economy dictates that the best course of action is to validate the Sale notwithstanding Movant's inadvertent potential violation of the automatic stay. In order to accomplish this result, Movant requires the retroactive effect of an order annulling the automatic stay.

20. Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

21. Copies of this motion and notice hereof has been served upon the Debtor, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee. In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order annulling the automatic stay in connection with Movant's exercise of its non-bankruptcy rights and remedies against the Property, including but not limited to validating the Sale, and granting such other and further relief as this court deems just and proper.

Dated: December 14, 2007        Respectfully submitted,
       Wilmington, Delaware
                                DRAPER & GOLDBERG, PLLC


                                 /s/ Adam Hiller
                                Adam Hiller (DE No. 4105)
                                1500 North French Street, 2nd Floor
                                Wilmington, Delaware 19801
                                (302) 339-8776 telephone
                                (302) 213-0043 facsimile

and

James E. Clarke, Esquire
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301
Leesburg, VA 20175

and

Thomas D.H. Barnett (DE No. 994)
Draper & Goldberg, PLLC
P.O. Box 947
512 East Market Street
Georgetown, Delaware 19947

*Attorneys for Movant*