**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, <u>et</u> <u>al.</u>,**[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |

**<u>AMENDED AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL</u>**

STATE OF GEORGIA           )
                                               ) ss:
COUNTY OF GWINNETT  )

A Michelle Canter, being duly sworn, deposes and says:

      1.      I am a Partner in the law firm of Franzen & Salzano, P.C. (the "<u>Firm</u>"), which maintains offices at 40 Technology Parkway South, Suite 202, Norcross, Georgia 30092.

      2.      This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

"Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as counsel for various litigation matters in the State of Georgia. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are $95-$395 per hour. In the normal course of its business, the Firm revises its billing rates on January 1 of each year and requests that, effective March 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

Aurora Loan Services
Countrywide Homes Loans, Inc.
Deutsche Bank

  Guaranty Bank

  HSBC BANK USA, N.A.

  INDY MAC Bank, FSB

  JP Morgan Chase Bank, NA

  Suntrust Bank

  Washington Mutual Bank, FA

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

  6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

  7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

  8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $5,347.00 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

11. Per an agreement with the Official Committee of Unsecured Creditors (the "Committee"), beginning on November 1, 2007, the Firm will be operating under a cumulative case cap of $2,500. This amount is subject to renegotiation in the event circumstances change. Further, if this amount is exceeded, the Firm will file a separate monthly fee application. The Committee reserves the right to object to any such fee application.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 10, 2007.

_A. Michelle Canter_
A. Michelle Canter

Sworn to and subscribed before me
this 10th day of December, 2007

_/s/ Marla J. Holcomb_
Notary Public

[Notary Seal: MARLA J. HOLCOMB, MY COMMISSION EXPIRES APRIL 3, 2010, GWINNETT CO., GEORGIA, NOTARY PUBLIC]