# **EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

### STIPULATED ORDER APPROVING SUPPLEMENT TO SECURITIES PURCHASE AGREEMENT BY AND BETWEEN ELLINGTON MANAGEMENT GROUP, L.L.C., ON BEHALF OF ITS CLIENT FUNDS, AND MORGAN STANLEY MORTGAGE CAPITAL INC. DATED MAY 8, 2007

This matter coming before the Court on the Motion for Order Authorizing the Debtors to Enter Into Supplement to Securities Purchase Agreement by and between Ellington Management Group, L.L.C., on Behalf of Its Client Funds (collectively, "Ellington"), and Morgan Stanley Mortgage Capital Inc. Dated May 8, 2007 (the "Motion"),[2] filed by New Century TRS Holdings, Inc., New Century Financial Corporation, and New Century Mortgage Corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in possession (collectively, the "Debtors"); and a hearing having been held on December 5, 2007, in connection with the Motion (the "Hearing"); and all parties in interest having been heard, or

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp , a California corporation; New Century R E O II Corp , a California corporation; New Century R E O III Corp , a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion

having the opportunity to be heard, regarding the terms of this Stipulated Order supplementing (collectively, the "Supplement") the Securities Purchase Agreement by and between Ellington, and Morgan Stanley Mortgage Capital Inc. Dated May 8, 2007 (the "Morgan Stanley Agreement"), and the transactions contemplated thereby; and the Court having considered the Motion and the arguments made and evidence proffered or adduced at the Hearing in support of approval of the Supplement; and objections, if any, to the Motion having been overruled on the merits with prejudice; and it appearing from the affidavits of service filed with the Court that due and sufficient notice of the Motion and the relief granted by this Order have been provided to all parties affected thereby; and New Century Financial Corporation ("New Century") hereby representing and warranting to Ellington and Spyridon Financial Corporation ("Spyridon") that, to the best of New Century's knowledge and belief based on due inquiry of its accounting department and professional accounting advisors, as of May 24, 2007, New Century qualified as a "real estate investment trust" for U.S. federal income tax purposes; and it further appearing that no other or further notice hereof is required; and upon the Court record of these cases and of the Hearing; and the Court having reviewed the Supplement, which was entered into in accordance with the Stipulation and Order (1) Approving Agreement for the Disposition of Certain Mortgage Loans and Residual Interests, and (2) Confirming, Inter Alia, (A) That Auctions of Mortgage Loans and Residual Interests, and Residuals Conducted in Accordance with Auction Procedures Therein Are Covered by Bankruptcy Code "Safe Harbor" Provisions and Are Commercially Reasonable, and (B) Absence of Need to Seek Relief from Automatic Stay entered on April 27, 2007 (the "Morgan Stanley Order"), and determined that (i) the Supplement was negotiated in good faith and at arm's-length, (ii) upon Spyridon's purchase of the NCHEL 2006-S1 Trust Certificate (the "Trust Certificate") in accordance with the terms of the

Supplement, Spyridon shall be a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and shall be entitled to the protections afforded thereby, (iii) the consideration provided by Spyridon for the Trust Certificate represents the fair market value thereof and constitutes reasonably equivalent value thereof or fair consideration therefor, as the case may be, under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession, or the District of Columbia; and (iv) the Supplement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, or possession, or the District of Columbia, and that neither the Debtors nor Spyridon is entering into the transactions contemplated thereby fraudulently; and the Court having found that (y) at the May 24, 2007 closing of the purchase of certain trust certificates pursuant to the Morgan Stanley Agreement, Spyridon did not purchase the Trust Certificate, and (z) as of May 24, 2007, NCF qualified as a "real estate investment trust" for U.S. federal income tax purposes; and it appearing that the relief requested in the Motion and approved by this Order is in the best interests of the Debtors, their estates, and all parties in interest; and after due deliberation and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Supplement is approved in its entirety and the Debtors are authorized and directed to perform thereunder.

2. NC Residual IV Corp. is authorized and directed, without further order of this Court, to sell the Trust Certificate to Spyridon in accordance with the Supplement. Such sale shall be free and clear of liens, claims, and interests pursuant to section 363(f) of the Bankruptcy Code.

3. Effective at 12:01 a.m. on January 1, 2008, NC Residual IV Corp. shall sell the Trust Certificate to Spyridon in exchange for $7,500.00.

4. Until the Trust Certificate is sold to Spyridon in accordance with the Supplement, the Debtors shall (a) not take any actions that would have the effect of changing the qualification of NCF as a "real estate investment trust" for U.S. federal income tax purposes, (b) use their commercially reasonable efforts affirmatively to maintain such qualification, and (c) take such actions reasonably requested by Spyridon to maintain such qualification. Nothing in the foregoing sentence shall require any of the Debtors to be declared a "liquidating trust" for tax purposes.

5. Until the sale of the Trust Certificate to Spyridon in accordance with the Supplement, NCF shall continue to be treated as the owner of the Trust Certificate for all applicable tax purposes. The Debtors and Spyridon (a) shall not take any action contrary to the foregoing, and (b) shall report the transaction for tax purposes in accordance with the above-stated intention and agreement, unless and until determined to the contrary by an applicable taxing authority.

6. Except as expressly provided herein or in the Supplement, nothing in this Order shall affect the provisions, or the validity, enforceability, or finality, of the Morgan Stanley Agreement or the Morgan Stanley Order.

7.   This Order shall be effective immediately upon entry notwithstanding Bankruptcy Rule 6004(h), to the extent applicable.

Dated: _____, 2007
    Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

O'MELVENY & MYERS LLP

By: /s/ *Suzzanne Uhland*
    Suzzanne Uhland
Attorneys for New Century TRS Holdings, et al.,
Debtors and Debtors in Possession

HAHN & HESSEN LLP

By: /s/ *Mark T. Power*
    Mark T. Power
Attorneys for Official Committee of Unsecured Creditors

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ *Van C. Durrer II*
    Van C. Durrer II
Attorneys for Ellington Management Group, L.L.C.,
On Behalf of Its Client Funds