IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware corporation, et al.,[1] | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: January 7, 2007 |

**SIXTH MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Manatt, Phelps & Phillips, LLP ("Manatt") hereby files this Sixth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from October 1, 2007 through and including October 31, 2007 (the "Application"). By this

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware Corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Application, Manatt seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of $4,215.20 (80% of $5,269.00) as compensation and $638.29 for reimbursement of actual and necessary expenses for the period October 1, 2007 through and including October 31, 2007 for a total of $4,856.49 (the "Compensation Period"). In support of this Application, Manatt respectfully represents as follows:

## Background

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home 123 Corporation, new Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P., (collectively, the "Debtors') filed voluntary petitioners for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' retention of Manatt was approved effective as of the petition Date by this Court's Order dated April 24, 2007 (the "Retention Order"). The Retention Order authorized Manatt to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

3. All services for which compensation is requested by Manatt were performed for or on behalf of the Debtors.

4. Except to the extent of the retainer paid to Manatt as described in the application seeking approval of Manatt's employment by the Debtors during the period covered by this Application, Manatt has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the

matters covered by this Application. There is no agreement or understanding between Manatt and any other person other than the directors of Manatt for the sharing of compensation to be received for services rendered in these cases.

### Fee Statement

5. The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Manatt's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr.L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

6. A summary of actual and necessary expenses and daily logs of expenses incurred by Manatt during the Compensation Period is attached hereto as Exhibit B.

### Summary of Services Rendered

7. The partners and paralegal of Manatt who have rendered professional services in these cases are as follows: Ellen R. Marshall and Ivan L. Kallick. The litigation specialist who has provided services to these attorneys in this case is Hunter McArn.

8. Manatt, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Valuation of Services

9. Attorneys and litigation support specialists of Manatt have expended a total of 13.10 hours in connection with this matter during the Compensation Period, as follows:

| Name of Attorney | Hourly Billing Rate | Total Hours Billed |
|---|---|---|
| Ellen R. Marshall | 650.00 | 6.00 |
| Ivan L. Kallick | 590.00 | 1.10 |
| **Name of Litigation Support Specialist** | | |
| Hunter McArn | 120.00 | 6.00 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Manatt's normal hourly rates for the work of this character. The reasonable value of the services rendered by Manatt to the Debtors during the Compensation Period is $5,269.00.

10. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Manatt is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Manatt has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Manatt respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Manatt in the sum of $4,215.20 (80% of $5,269.00) as compensation for necessary professional services rendered, and the sum of $638.29 for reimbursement of actual necessary costs and expenses, for a total of $4,856.49, and that such sums be authorized for payment less what has been paid previously to Manatt pursuant

to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated:  December 14, 2007

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Ellen R. Marshall [CA Bar No.66715]
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
(714) 371-2508

Attorneys for Debtors

# EXHIBIT

# A

# EXHIBIT A

# FEE STATEMENT

| DATE | DESCRIPTION | ATTORNEYS AND LITIGATION SUPPORT SPECIALIST | HOURS |
|---|---|---|---|
| 10.02.07 | E-file document sin United States Bankruptcy court, District of Delaware as requested by E. Marshall | Hunter McArn | 1.00 |
| 10.04.07 | Review contents of electronic database and confer with counsel to creditors' committee regarding affording access to proposed consultant; review materials provided by G. Arambula, all in connection with defense of Deutsche Bank claim. | Ellen R. Marshall | 1.40 |
| 10.05.07 | Confer with R. Malatak regarding electronic data room contents and access for proposed consultant. | Ellen R. Marshall | 0.20 |
| 10.05.07 | Prepare and e-file documents. | Hunter McArn | 2.00 |
| 10.06.07 | Prepare summary of invoices and pleadings for interim fee payments. | Ellen R. Marshall | 0.40 |
| 10.10.07 | Prepare and e-file documents. | Hunter McArn | 1.50 |
| 10.12.07 | Review new fee application procedure in case and respond to E. Marshall | Ivan L. Kallick | 1.10 |
| 10.12.07 | Call with M. McCarthy and send copies of internal audit materials. | Ellen R. Marshall | 0.40 |
| 10.15.07 | Participate in conference call regarding Deutsche Bank claim. | Ellen R. Marshall | 0.40 |
| 10.18.07 | Call with S. Hightower on Deutsche Bank claim analysis; e-mail summarizing plan for same; follow-up e-mails and discussion regarding same. | Ellen R. Marshall | 0.70 |
| 10.19.07 | E-mails and calls regarding loan-level data pertaining to Deutsche Bank claim. | Ellen R. Marshall | 0.50 |
| 10.22.07 | E-mails on conference call to discuss Deutsche Bank claim defense. | Ellen R. Marshall | 0.20 |
| 10.22.07 | Prepare and e-file documents. | Hunter McArn | 1.50 |
| 10.24.07 | Participate in call regarding response to Deutsche Bank claim; e-mails with M. McCarthy regarding same. | Ellen R. Marshall | 1.00 |

6

| DATE | DESCRIPTION | ATTORNEYS AND LITIGATION SUPPORT SPECIALIST | HOURS |
|---|---|---|---|
| 10.26.07 | Call with S. Hightower and e-mails regarding scope of analysis to refute Deutsche Bank claim. | Ellen R. Marshall | 0.30 |
| 10.29.07 | E-mails and calls about plans for defense of Deutsche Bank claim. | Ellen R. Marshall | 0.20 |
| 10.31.07 | Confernee call on scope of analysis with reference to Deutsche Bank claim. | Ellen R. Marshall | 0.30 |

# EXHIBIT

# B

## EXHIBIT B

## EXPENSE STATEMENT

| DATE | DESCRIPTION | MANATT PERSONNEL | AMOUNT |
|---|---|---|---|
| 10.04.07 | Computer Research | | 7.20 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.02.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.05.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.10.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 13.29 |

| 10.22.07 | Federal Express | Ellen R. Marshall | 9.08 |
|---|---|---|---|
| 10.22.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 13.29 |
| 10.22.07 | Federal Express | Ellen R. Marshall | 9.08 |
| 10.12.07 | Postage | Ellen R. Marshall | 4.60 |
| 10.22.07 | Postage | Ellen R. Marshall | 1.99 |
| 10.02.07 | Reproduction | Ellen R. Marshall | 10.80 |
| 10.05.07 | Reproduction | Ellen R. Marshall | 25.20 |
| 10.10.07 | Reproduction | Ellen R. Marshall | 2.80 |
| 10.10.07 | Reproduction | Ellen R. Marshall | 99.40 |
| 10.12.07 | Reproduction | Ellen R. Marshall | 0.40 |
| 10.22.07 | Reproduction | Ellen R. Marshall | 2.60 |
| 10.22.07 | Reproduction | Ellen R. Marshall | 99.00 |
| 10.11.07 | Telephone charges – Long Distance | Ellen R. Marshall | 0.35 |
| 10.29.07 | Telephone charges – Long Distance | Ellen R. Marshall | 0.11 |

## VERIFICATION

STATE OF CALIFORNIA        )
                           ) SS:
COUNTY OF OR ANGE          )

        Ellen R. Marshall, after being duly sworn according to law, deposes and says:

        1.     I am a partner with the applicant firm, Manatt, Phelps & Phillips, LLP, and been admitted to appear before this Court.

        2.     I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

        3.     I have reviewed the foregoing SIXTH MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007 and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

                                                    /s/ Ellen R. Marshall
                                                    Ellen R. Marshall [CA Bar No. 66715]

SWORN AND SUBSCRIBED before me
this 17th day of December, 2007.

/s/ Crystal Taylor
Notary Public
My Commission Expires: 8/28/2011

CRYSTAL TAYLOR
Commission # 1764065
Notary Public - California
Orange County
My Comm. Expires Aug 28, 2011

## PROOF OF SERVICE

I, Tracey J. Dunn, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626. On December 17, 2007, I served the within documents:

**SIXTH MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. from (310) 312-4000, the transmission was reported as complete and without error, and a true copy of the transmission report was properly issued by the transmitting facsimile machine and is annexed to this proof of service.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed FedEx Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Please see attached Service List*

I am readily familiar with the Manatt, Phelps & Phillips, LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 17, 2007, at Costa Mesa, California.

*/s/ Tracey J. Dunn*
Tracey J. Dunn

10

## PROOF OF SERVICE MAILING LIST

| Via Federal Express Delivery: | Via United States Mail Service Delivery: |
|---|---|
| New Century Mortgage Corporation<br>Attn: Monika L. McCarthy, Esq.<br>3121 Michelson Drive, Sixth Floor<br>Irvine, CA 92612<br><br>O'Melveny & Myers LLP<br>Attn: Suzzanne Uhland, Esq.<br>       Emily Culler, Esq.<br>400 South Hope Street<br>Los Angeles, CA 90071<br><br>Richards, Layton & Finger, P.A.<br>Attn: Mark D. Collins, Esq.<br>       Michael J. Merchant, Esq.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br><br>AP Services, LLC<br>Attn: Holly Feder Etlin<br>Nine West 57th Street, Suite 3420<br>New York, NY 10019<br><br>Office of the U.S. Trustee<br>Attn: Joseph McMahon, Esq.<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br><br>Kirkland & Ellis<br>Attn: Bennett L. Spiegel, Esq.<br>       Shirley S. Cho, Esq.<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5800<br><br>Blank Rome LLP<br>Attn: Bonnie Glantz Fatell<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br><br>Hahn & Hessen LLP<br>Attn: Mark S. Indelicato<br>488 Madison Avenue<br>New York, NY 10022 | Warren H. Smith, Esq.<br>Warren H. Smith & Associates, P.C.<br>325 N. St. Paul, Suite 1275<br>Dallas, TX 75201 |