## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a | : Case No. 07-10416 (KJC) |
| Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| | : |
| Debtors. | : |

### NOTICE OF AGENDA OF MATTERS SCHEDULED
### FOR HEARING ON DECEMBER 20, 2007 AT 1:30 P.M.

I.    **CONTINUED MATTERS:**

1.    General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 630; filed 5/11/07]

Objection deadline:  May 31, 2007; extended to June 7, 2007 at 4:00 p.m.

Objections/Responses Received:

A.    Limited Response of Carrington Capital Management, LLC and Carrington Mortgage Services, LLC to General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 1165; filed 6/7/07]

B.    Opposition of Debtors and Debtors in Possession to General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 1166; filed 6/7/07]

---

[1]    The debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

C.      Objection of the Official Committee of Unsecured Creditors to General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 1168; filed 6/7/07]

D.      Objection of the Examiner to General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 1237; filed 6/14/07]

E.      Limited Objection of Maricopa County Treasurer to General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 1728; filed 6/28/07]

Related Documents:

i.      Notice of General Electric Capital Corporation's Motion for Relief from the Automatic Stay [D.I. 632; filed 5/11/07]

ii.     Certification of Counsel [D.I. 1979; filed 7/20/07]

iii.    Order Approving Stipulation and Agreement Among the Debtors and Citigroup Global Markets Realty Corp. with Respect to the Payment of Cash Collateral [D.I. 2011; filed 7/24/07]

iv.     Certification of Counsel Re:  Second Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation and Order Thereon [Docket No. 2103; filed 7/31/07]

v.      Revised Certification of Counsel Re:  Second Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation and Order Thereon [Docket No. 2119; filed 8/1/07]

vi.     Order Approving Second Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation [Docket No. 2134; filed 8/2/07]

vii.    Certification of Counsel Re: Third Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation and Order Thereon [D.I. 2461; filed 8/22/07]

viii.   Certification of Counsel Re: Fourth Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation and Order Thereon [D.I. 3176; filed 10/1/07]

ix.     Certification of Counsel Re: Fifth Stipulation Regarding Motion for Relief from the Automatic Stay of General Electric Capital Corporation and Order Thereon [D.I. 3855; filed 11/19/07]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for January 9, 2008.

2.    Application of Debtors and Debtors In Possession for an Order Authorizing the Retention and Employment of Susman Godfrey LLP as Special Litigation Counsel to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 [D.I. 2073; filed 7/27/07]

Objection Deadline:  August 16, 2007 at 4:00 p.m.; extended to January 16, 2008 for the United States Trustee

Objections/Responses Received:  None to date

Related Documents:

i.    Supplemental Declaration of Barry Barnett in Support of Application of Debtors and Debtors In Possession for an Order Authorizing the Retention and Employment of Susman Godfrey LLP as Special Ligitation Counsel to Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(e), 328, 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016, and 5002 [D.I. 3019; filed 9/21/07]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for January 23, 2008.

3.    Motion of ADT Security Services, Inc. to Compel the Payment of Administrative Expenses Claim Pursuant to 11 U.S.C. Section 503(b)(1) [D.I. 3229; filed 10/5/07]

Objection Deadline:  October 16, 2007

Objections/Responses Received:  None to date

Related Documents:  None to date.

Status: The hearing on this matter is continued to the omnibus hearing scheduled for January 23, 2008.

## II.    UNCONTESTED MATTER WITH CERTIFICATIONS OF NO OBJECTION:

4.    Motion of US Bank National Association, as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code [D.I. 3849 ; filed 11/19/07]

Objection Deadline:  December 13, 2007

Objections/Responses Received:  None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4122; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

5.    Motion of Fidelity Bank for Relief from the Automatic Stay Under 11 U.S.C. Section 362(d)(1) [D.I. 3942; filed 11/26/07]

Objection Deadline: October 16, 2007

Objections/Responses Received: None to date

Related Documents:

i.    Certificate of No Objection [D.I. 4115; filed 12/14/07]

Status: On December 14, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

6.    Motion of Deutsche Bank Trust Company as Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3953; filed 11/27/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4113; filed 12/14/07]

Status: On December 14, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

7.    Motion of DLJ Mortgage Capital Inc., as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3960; filed 11/28/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4123; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

8.   Motion of HSBC Bank USA, N.A. as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3962; filed 11/28/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4124; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

9.   Motion of US Bank National Association, as Trustee c/o Select Portfolio Servicing Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3964; filed 11/28/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4125; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

10.  Second Motion of the Debtors and Debtors in Possession for an Order Pursuant to Section 1121(d) of the Bankruptcy Code for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof [D.I. 3969; filed 11/28/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None to date

Related Documents:

i.    Certificate of No Objection [D.I. 4138; filed 12/16/07]

RLF1-3234308-1

Status: On December 16, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

11.     Motion of GS Conduit Loans c/o Avelo Mortgage Corporation for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3970; filed 11/29/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.      Certificate of No Objection [D.I. 4107; filed 12/14/07]

Status: On December 14, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

12.     Motion of Avelo Mortgage, LLC for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3971; filed 11/29/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.      Certificate of No Objection [D.I. 4108; filed 12/14/07]

Status: On December 14, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

13.     Motion of GS Conduit Loans c/o Avelo Mortgage Corporation for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3972; filed 11/29/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.      Certificate of No Objection [D.I. 4109; filed 12/14/07]

Status: On December 14, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

RLF1-3234308-1

14.     Motion of Deutsche Bank National Trust Company as Trustee c/o Homeq
        Servicing Corporation for Relief from Stay Under Section 362 of the Bankruptcy
        Code [D.I. 3973; filed 11/29/07]

        Objection Deadline:  December 13, 2007

        Objections/Responses Received:  None at this time.

        Related Documents:

        i.      Certificate of No Objection [D.I. 4110; filed 12/14/07]

        Status: On December 14, 2007, a certificate of no objection was filed with respect
                to this matter.  Accordingly, a hearing on this matter is only necessary to
                the extent the Court has any questions or concerns.

15.     Motion of Wilshire Credit Corporation for Relief from Stay Under Section 362 of
        the Bankruptcy Code [D.I. 3975; filed 11/29/07]

        Objection Deadline:  December 13, 2007

        Objections/Responses Received:  None at this time.

        Related Documents:

        i.      Certificate of No Objection [D.I. 4112; filed 12/14/07]

        Status: On December 14, 2007, a certificate of no objection was filed with respect
                to this matter.  Accordingly, a hearing on this matter is only necessary to
                the extent the Court has any questions or concerns.

16.     Motion of Mortgage Electronic Registration Systems, Inc. c/o Aurora Loan
        Services LLC for Relief from Stay Under Section 362 of the Bankruptcy Code
        [D.I. 3976; filed 11/29/07]

        Objection Deadline:  December 13, 2007

        Objections/Responses Received:  None at this time.

        Related Documents:

        i.      Certificate of No Objection [D.I. 4105; filed 12/14/07]

        Status: On December 14, 2007, a certificate of no objection was filed with respect
                to this matter.  Accordingly, a hearing on this matter is only necessary to
                the extent the Court has any questions or concerns.

17.    Motion of US Bank National Association, as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3985; filed 12/3/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4126; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

18.    Motion of US Bank National Association, as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3986; filed 11/30/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4127; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

19.    Motion of US Bank National Association, as Trustee c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3988; filed 12/3/07]

Objection Deadline: December 13, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Certificate of No Objection [D.I. 4128; filed 12/17/07]

Status: On December 17, 2007, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

20.     Motion of DLJ Mortgage Capital, Inc. c/o Select Portfolio Servicing, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code [D.I. 3992; filed 12/3/07]

Objection Deadline:  December 13, 2007

Objections/Responses Received:  None at this time.

Related Documents:

i.      Certificate of No Objection [D.I. 4129; filed 12/17/07]

Status:  On December 17, 2007, a certificate of no objection was filed with respect to this matter.  Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

## III.    UNCONTESTED MATTER GOING FORWARD:

21.     Motion to Approve Stipulation among New Century Mortgage Corporation, Carrington Mortgage Services, LLC and Microsoft Licensing GP Authorizing Assumption of License Agreement and Transfer of Licenses [D.I. 3987; filed 11/30/07]

Objection Deadline:  December 13, 2007

Objections/Responses Received:  None at this time.

Related Documents:  None.

Status: The hearing on this matter is going forward.

## IV.    CONTESTED MATTERS GOING FORWARD:

22.     Debtors' First Omnibus Objection to Claims: Non-Substantive Objection Pursuant to U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims [D.I. 3317; filed 10/18/07]

Objection deadline:  November 28, 2007

Objections/Responses Received:

A.      Response to Debtors First Omnibus Objection to Claims Non-Substantive (filed by Leslie K. Hill dba Farallon Enterprises) [D.I. 3845; filed 11/16/07]

Related Documents:

i.      Declaration of Todd B. Brents in Support of Debtors' First Omnibus Objection to Claims: Non-Substantive Objection Pursuant to U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims [D.I. 3318; filed 10/18/07]

ii.     Amended Notice of Debtors' First Omnibus Objection to Claims: Non-Substantive Objection Pursuant to U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims [D.I. 3664; filed 11/5/07]

iii.    Order Pursuant to U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Duplicate Claims and (B) Amended and Superseded Claims [D.I. 4032; filed 12/5/07]

Status: The Court has previously entered an order sustaining the objection with respect to certain claims. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit A.

23.     Debtors' Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims [D.I. 3582; filed 10/31/07]

Objection deadline: November 28, 2007

Objections/Responses Received:

A.      Response to Debtors Second Omnibus Objection (filed by Leslie K. Hill dba Farallon Enterprises) [D.I. 3845; filed 11/16/07]

B.      Response to Omnibus Objection to Claims (Second) Substantive Objection (filed by Receivable Management Services) [D.I. 3957; filed 11/26/07]

C.      The Debtors received an informal response from Silver Key Property Corp.

D.      The Debtors received an informal response from PFS Marketwyse.

Related Documents:

i.      Amended Notice of Debtors' Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Amended and

Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims [D.I. 3669; filed 11/21/07]

ii.    Notice of Submission of Copies of Proofs of Claims for Debtors' Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims [D.I. 3928; filed 11/21/07]

iii.    Order Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims [D.I. 4033; filed 12/5/07]

Status: The Court has previously entered an order sustaining the objection with respect to certain claims. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit B.

24.    Debtors' Fourth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Amended Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late-Filed Claims [D.I. 3925; filed 11/20/07]

Objection deadline: December 13, 2007

Objections/Responses Received:

A.    Objection to Debtors' Fourth Omnibus Objection to Claims (filed by Donald E. and Judy S. Williams) [D.I. 3995; filed 11/30/07]

B.    Response to Debtors Fourth Omnibus Objection to Claims Non-Substantive (filed by Euripides George Demos) [D.I. 4047; filed 12/4/07]

C.    Response to Debtors Fourth Omnibus Objection to Claims Non-Substantive (filed by Clear Capital.com, Inc.) [D.I. 4072; filed 12/10/07]

D.    Response to Debtors Fourth Omnibus Objection to Claims Non-Substantive (filed by Foley & Mansfield PLLP) [D.I. 4079; filed 12/12/07]

E.    The Debtors received an informal response from Residential Mortgage Solution LLC.

F.    The Debtors received an informal response from Michael F. Clancy.

Related Documents: None.

Status: The individual status of each claim with respect to this matter is listed on the attached Exhibit C.

25.  Debtor's Fifth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Books and Records Claims, and (II) Reduced and/or Reclassified Claims [D.I. 3926; filed 11/20/07]

Objection deadline:  December 13, 2007

Objections/Responses Received:

A.  Response to Debtors' Fifth Omnibus Objection to Claims (filed by Tax Appraisal District of Bell County, County of Denton, Mexia Independent School District, County of Williamson) [D.I. 4042; filed 12/6/07]

B.  Response to Debtors' Fifth Omnibus Objection to Claims (filed by County of Santa Clara) [D.I. 4073; filed 12/10/07]

C.  Response to Debtors' Fifth Omnibus Objection to Claims (filed by Orange County (California) Treasurer-Tax Collector) [D.I. 4074; filed 12/11/07]

D.  Response to Debtors' Fifth Omnibus Objection to Claims (filed by Hidalgo County, LaJoya ISD, and Walker CAD) [D.I. 4087; filed 12/13/07]

E.  Response to Debtors' Fifth Omnibus Objection to Claims (filed by Maricopa County Treasurer) [D.I. 4088; filed 12/13/07]

F.  The Debtors received an informal response from Lubbock County, Texas.

G.  The Debtors received a consolidated informal response from various taxing authorities.  (Cedar Hill ISD, City of DeSoto, City of Frisco, City of Memphis, City of Richardson, Cypress-Fairbanks ISD, Dallas County, DeSoto ISD, Edcouch Elsa ISD, Fort Bend County, Grayson County, Harris County, Hunt County, Limestone County, McLennan County, Montgomery County, Parker CAD,South Texas College, South Texas ISD, Wilson Co., Bexar County, Nueces County, Tarrant County)

Related Documents:  None.

Status: The individual status of each claim with respect to this matter is listed on the attached Exhibit D.

26.  Debtors' Motion Pursuant To Sections 105(a) and 345 Of The Bankruptcy Code For Order Authorizing Debtors To Reallocate Certain Investments In Connection With Deferred Compensation Plans [D.I. 3848; filed 11/17/07]

Objection deadline:  November 28, 2007

12

Objections/Responses Received:

A.      Response to Debtors' Motion Pursuant To Sections 105(a) and 345 Of The
        Bankruptcy Code For Order Authorizing Debtors To Reallocate Certain
        Investments In Connection With Deferred Compensation Plans [D.I. 3950;
        filed 11/27/07]

B.      Limited Objection to Debtors' Motion Pursuant To Sections 105(a) and
        345 Of The Bankruptcy Code For Order Authorizing Debtors To
        Reallocate Certain Investments In Connection With Deferred
        Compensation Plans [D.I. 3958; filed 11/28/07]

C.      Wells Fargo Bank N.A.'s Response to Debtors' Motion Pursuant To
        Sections 105(a) and 345 Of The Bankruptcy Code For Order Authorizing
        Debtors To Reallocate Certain Investments In Connection With Deferred
        Compensation Plans [D.I. 3961; filed 11/28/07]

D.      Debtor's Reply to Limited Objection to Debtors' Motion Pursuant to
        Sections 105(a) and 345 of the Bankruptcy Code for Order Authorizing
        Debtors to Reallocate Certain Investments in Connection with Deferred
        Compensation Plans [D.I. 4017; filed 12/3/07]

Related Documents: None.


Status: The hearing on this matter is going forward.  The Debtors intend to file a
        revised form of order under certification of counsel before the hearing
        resolving the objections/responses to the motion.


Dated:  December 18, 2007
        Wilmington, Delaware

                                        Mark D. Collins (No. 2981)
                                        Michael J. Merchant (No. 3854)
                                        Christopher M. Samis (No. 4909)
                                        RICHARDS, LAYTON & FINGER, P.A.
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, DE 19801
                                        Telephone:  (302) 651-7700
                                        Facsimile:  (302) 651-7701

                                        - and -

Suzzanne S. Uhland
Ben H. Logan
Brian M. Metcalf
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION