**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 7** |

**ORDER APPROVING THE APPOINTMENT OF XROADS CASE MANAGEMENT SERVICES, LLC AS CLAIMS AND NOTICING AGENT PURSUANT TO SECTION 156(c) OF THE JUDICIAL CODE AND RULE 2002-1(f) OF THE LOCAL RULES**

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for an Order Approving the Appointment of XRoads Case Management Services, LLC ("XRoads") as Claims and Noticing Agent pursuant to Section 156(c) of the Judicial Code and Rule 2002-1(f) of the Local Rules (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having reviewed the Motion and any objections or responses related thereto; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and the Court having considered the Declaration of John

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership

Vander Hooven in Support of Motion of the Debtors and Debtors in Possession for an Order Approving the Appointment of XRoads Case Management Services, LLC as Claims and Noticing Agent Pursuant to Section 156(c) of the Judicial Code and Rule 2002-1(f) of the Local Rules (the "Vander Hooven Declaration"); and (d) capitalized terms otherwise defined shall have the meanings given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and the Vander Hooven Declaration establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The Debtors are hereby authorized to retain XRoads as the Claims and Noticing Agent in these chapter 11 cases, pursuant to section 156(c) of title 28 of the United States Code and Local Rule 2002-1(f), as provided in the Motion, on the terms and conditions set forth in the XRoads Agreement. In assisting the Debtors with the preparation of their bankruptcy schedules and statements, XRoads shall not perform any services involving the exercise of professional judgment without further order of the Court.

3. Notwithstanding any provision of the Motion, the XRoads Agreement or the Vander Hooven Declaration to the contrary, the Debtors shall have no obligation to indemnify XRoads, or to provide contribution or reimbursement to XRoads, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from XRoads' gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing or (ii) settled prior to a judicial determination as to Professional's

gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which XRoads should not receive indemnity, contribution or reimbursement under the terms of the XRoads Agreement as modified by this Order. If, before the earlier of (i) the entry of a final order confirming a chapter 11 plan in these cases or (ii) the entry of an order closing the chapter 11 cases, XRoads believes that it is entitled to the payment of any amounts by the Debtors on account of Debtors' indemnification, contribution, and/or reimbursement obligations under the XRoads Agreement, XRoads must file an application with the Court and the Debtors may not pay any such amounts to XRoads before the entry an order by the Court approving the payment.[2] Upon approval of the Court, the Debtors may indemnify XRoads, pursuant to the terms of the XRoads Agreement as amended herein, for any claim arising from, related to or in connection with XRoads' performance of the services described in the XRoads Agreement. Upon approval of the Court and in accordance with the XRoads Agreement as amended herein, the Debtors may indemnify and hold harmless XRoads for any claim arising from, related to, or in connection with the services to be provided pursuant to the XRoads Agreement but not for any claim arising from, related to, or in connection with XRoads' postpetition performance of any services other than described in the XRoads Agreement unless such postpetition services and indemnification are approved by the Court.

4. Notwithstanding any provision of the Motion, the XRoads Agreement or Vander Hooven Declaration to the contrary, the Debtors are deemed not to have agreed or covenanted that they will not initiate any legal or administrative proceedings against XRoads seeking more than the amount of the fees actually paid to XRoads for the Engagement. In the

---

[2] This provision is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by XRoads for indemnification, contribution, or reimbursement and not to limit the duration of the Debtors' obligation to indemnify XRoads

event that XRoads is required to contribute to any losses, claims, liabilities or expenses, any limitation of such contribution in the XRoads Agreement shall not apply.

5. Notwithstanding anything in the Motion, the XRoads Agreement or the Vander Hooven Declaration to the contrary, this Court shall have exclusive jurisdiction with respect to any controversy or claim arising out of or relating to the XRoads Agreement.

6. The paragraph titled "Amounts Not Paid" set forth on page 8 of the XRoads Agreement (Additional Terms and Conditions) shall be deleted in its entirety.

7. XRoads shall provide copies of the periodic invoices required under Section 2 of the XRoads Agreement to the Office of the United States Trustee and any statutorily- appointed committee in these chapter 11 cases.

8. To the extent that XRoads makes any additional disclosures pursuant to Section 6 of the XRoads Agreement, such disclosures shall be filed with the Court.

9. Notwithstanding anything in the Motion, the XRoads Agreement and the Vander Hooven Declaration to the contrary, XRoads shall charge the Debtors' estates no more than $.10/page for printing/photocopying.

10. Notwithstanding anything in the Motion, the XRoads Agreement and the Vander Hooven Declaration to the contrary, the funds that are part of the Initial Retainer shall be drawn upon as fees and expenses are payable via monthly invoice, beginning with the May, 2007 monthly invoice. XRoads shall apply the Initial Retainer to amounts due beginning with the May, 2007 monthly invoice before seeking payment from the Debtors' estates.

11. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

12. This Court shall retain exclusive jurisdiction to enforce and interpret the terms of this Order.

Dated: April 11, 2007
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE