# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: 1/2/08 at 4:00 p.m. (EST) |
| | Hearing Date: 1/9/08 at 1:30 p.m. (EST) |

## MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, AND DIRECTING THE CLERK OF THE COURT TO MAINTAIN, THE DEBTORS' REPLY TO FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL

New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, New Century Financial Corporation ("NCFC"), a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file their motion (the "Motion") for the entry of an order, substantially in the form of the proposed order attached as <u>Exhibit A</u> hereto, authorizing the Debtors to file, and directing the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Court") to maintain, the "Debtors' Reply to First Interim Report of Michael J. Missal, Examiner" (the "Reply") under seal on the grounds that the Reply contains and reveals

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

LA3:1142673.1

RLF1-3236443-1

information that is subject to the attorney-client and attorney work product privileges. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2).

2. The bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the attorney-client and attorney work product privileges.

## BACKGROUND

3. Having completed his investigation of the Debtors' postpetition use of cash collateral, Michael J. Missal, the Court-appointed examiner (the "Examiner") filed the "First Interim Report of Michael J. Missal, Examiner" (the "Examiner's Cash Collateral Report") under seal on November 21, 2007. Because attorney-client privileged information permeates the Examiner's Cash Collateral Report, on December 3, 2007, the Debtors filed the "Motion of the Debtors and Debtors in Possession for an Order Directing the Clerk of the Court to Maintain the First Interim Report of Michael J. Missal, Examiner, Under Seal" (the "Seal Motion") by which the Debtors requested an order maintaining the Examiner's Cash Collateral Report under seal. The Seal Motion is scheduled to be heard by this Court on January 9, 2007.

4. As stated in the Seal Motion, the Debtors strongly disagree with a large portion of the Examiner's Cash Collateral Report. Accordingly, the Debtors felt compelled to

respond substantively to the Examiner's Cash Collateral Report, which they have done by filing the Reply concurrently herewith.

## RELIEF REQUESTED

5.  By this Motion, the Debtors seek the entry of an order authorizing the Debtors to file, and directing the Clerk of the Court to maintain, the Reply under seal on the grounds that, in responding to the Examiner's Cash Collateral Report, the Reply necessarily focuses on and divulges attorney-client privileged information.

## BASIS FOR RELIEF

6.  It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. See Standard & Poor's Corp. v. Commodity Exch., Inc., 541 F. Supp. 1273 (S.D. N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm). See, e.g., John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmacists, Inc., 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*). Whether to allow or deny access is a decision "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978); see also In re Phar-Mor, Inc., 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) (11 U.S.C. § 107 "codified the Supreme Court's *Nixon* decision in the bankruptcy setting"); In re Ionosphere Clubs Inc., 156 B.R. 414, 434 (S.D. N.Y. 1993). If a party can demonstrate sufficient need for limitations upon public access to court filings, the Court may craft a sealing order that narrowly addresses the disclosure concerns. See

e.g., Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

7.  In order to respond fully and substantively to the Examiner's Cash Collateral Report, the Reply necessarily divulges a substantial amount of and focuses extensively on attorney-client communications between the Debtors and their counsel. If the Reply is not filed and maintained under seal, parties whose interests are adverse to the estates will have the benefit of information that, by virtue of being attorney-client privileged, courts deem "worthy of the maximum legal protection." Rhone-Poulenc Rorer, Inc. v. City Ins. Co. (In re Rorer), 32 F.3d 851, 862 (3d. Cir. 1994).

8.  Accordingly, the Debtors respectfully submit that the relief requested herein should be granted.

### No Prior Request

9.  No previous motion for the relief sought herein has been made to this or any other Court.

### Notice

10.  Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (2) the Examiner; (3) the Official Committee of Unsecured Creditors (the "Committee"); and (4) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). Moreover, the Reply has been served upon the U.S. Trustee, the Examiner, and the Committee. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, for all of the foregoing reasons, the Debtors pray (i) for the entry of an Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file, and directing the Clerk of the Court to maintain, the Reply under seal; and (ii) for such other and further relief as this Court deems just.

Dated: December 19, 2007
       Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
Andrew M. Parlen
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
(213) 430-7704

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION