UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |
| GREGORY J. SCHROEDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW CENTURY HOLDINGS, INC., et al.,<br><br>Defendants. | Adv. Pro. No. 07-51598<br><br>Hearing Date: January 9, 2008 |

**MOTION OF WELLS FARGO BANK, N.A. FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(B)(1)(A)**

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby files its Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (the "Motion"). In support hereof, Wells Fargo respectfully states as follows:

**PRELIMINARY STATEMENT**

Since the Petition Date (defined below), Wells Fargo has, at the request of the Debtors, continued to perform its contractual duties to the estate as directed trustee of a rabbi trust established by the Debtors as a potential

funding source for payments made under the Debtors' deferred compensation plan ("Plan").  In performing its post-petition duties as directed trustee, Wells Fargo has incurred fees and expenses that the Debtors are contractually obligated to pay.  Wells Fargo seeks payment of the attorneys' fees it has incurred, and will continue to incur, post-petition, as administrative expenses pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.

## FACTUAL BACKGROUND

1. Pre-petition, New Century Financial Corporation (the "Debtor") and Wells Fargo entered into that certain Supplemental Benefit and Deferred Compensation Trust Agreement dated January 1, 1999 (the "Trust Agreement") pursuant to which, *inter alia*, an irrevocable trust (the "Trust") was established by the Debtor with Wells Fargo, as trustee (the "Trustee").  A copy of the Trust Agreement is attached hereto as **Exhibit A**.

2. Pursuant to the Trust, the Debtor contributed assets to the Trust to serve as a potential source of funds to assist the Debtor and its affiliates in meeting their liabilities under the Plan.  Wells Fargo undertook certain duties as directed Trustee of the Trust, including but not limited to: (i) holding the assets contributed by the

Debtors to the Trust and investing such assets as directed by the Debtors; and (ii) defending suits or legal proceedings and representing the Trust in all suits or legal proceedings. *See* Trust Agreement, ¶ 6.1(e).

3. Pursuant to Article 8.3 of the Trust Agreement, the Debtors are obligated to pay Wells Fargo reasonable compensation for the services performed under the Trust Agreement. *See* Trust Agreement, ¶ 8.3. Additionally, pursuant to Article 8.2 of the Trust Agreement, the Debtors are obligated to pay the reasonable expenses incurred by Wells Fargo in the performance of its duties as Trustee under the Trust Agreement, including but not limited to reasonable legal fees. Trust Agreement, ¶ 8.2.

4. The Trust Agreement provides for the establishment of a separate account to provide a source for payment of any fees, including legal fees and expenses, incurred by Wells Fargo in the administration of the Trust or by participants in enforcing their rights under the Trust Agreement (the "Fee Account"). The Debtors have represented to the Court that they have been advised that a Fee account was never created or funded. *See* Debtors' Motion Pursuant to Sections 105(a) and 345 of the Bankruptcy Code for Order Authorizing Debtors to Reallocate

Certain Investments in Connection with Deferred Compensation Plans ("Reallocation Motion"), at ¶ 19. Wells Fargo similarly does not believe that a Fee Account was ever established.

5. On April 2, 2007 (the "Petition Date"), the Debtor and certain of its affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. Pursuant to this Court's Order entered on May 22, 2007, Wells Fargo continues to hold all funds in a segregated account *in status quo*, and per the Court's directive will not be making any distributions of such funds without further Order from the Court.

7. On June 20, 2007, Gregory J. Schroeder, Michelle Parker, Martin Warren, Steve Holland, Nabile Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and the New Century Financial Corporation Supplemental Executive Retirement Savings Plan (the "Plaintiffs") initiated an adversary proceeding, Adv. Proc. No. 07-51598 against the

4

Debtors and other named defendants, including Wells Fargo as Trustee, by filing a purported class action complaint (the "Complaint"), seeking, among other things, a declaratory judgment regarding the nature of the Plan and the nature of the Trust.  *See* Complaint, ¶ 28-57.

8. In defending itself and the Trust against the Complaint filed by Plaintiffs, Wells Fargo has incurred and will continue to incur post-petition fees and expenses, including legal fees and expenses.  The Debtors are obligated to pay these fees and expenses pursuant to Articles 8.2 and 8.3 of the Trust Agreement.

9. To date, the Debtors have kept current with the trustee fees owed to Wells Fargo for the post-petition performance of its duties pursuant to Article 8.3 of the Trust Agreement (the "Trustee Fees").[1]

10. By contrast, the Debtors have not been reimbursing Wells Fargo for the outstanding legal fees and expenses it has incurred in responding to this adversary litigation.  To date, the total legal fees incurred by Wells Fargo, and not reimbursed by the Debtors, are

---

[1] If, however, the Debtors fail to pay the Trustee Fees going forward, Wells Fargo requests this court to direct the Debtors to pay such amounts as administrative expense claims under Section 503(b) of the Bankruptcy Code.

$184,945.36, and Wells Fargo will continue to accrue further attorneys' fees in defending against the Complaint. Copies of legal invoices for services performed on behalf of Wells Fargo in defending against the Complaint are attached hereto as **Exhibit B**.

    11. Before filing this Motion, Wells Fargo made a demand upon the Debtors to pay all of its outstanding legal fees and expenses, a copy of which is attached hereto as **Exhibit C**, which demand has not been answered by the Debtors.

    12. In the Reallocation Motion that they recently filed with the Court, the Debtors acknowledged Wells Fargo's Section 503(b) administrative claim with respect to attorneys' fees and expenses and stated that the Debtors believe such reasonable fees and expenses are chargeable to the Trust. *See* Reallocation Motion, ¶¶ 19-20.

    13. At the October 2, 2007 hearing on Wells Fargo's motion to dismiss the complaint, Wells Fargo pointed out that its prompt dismissal from these proceedings would redound to the benefit of all the parties because it would prevent Wells Fargo from incurring additional attorneys fees that would be chargeable to the Trust and to the Debtors' estates. The Court encouraged the parties to

negotiate a resolution that would extricate Wells Fargo from the case. Plaintiffs and the Official Committee of Unsecured Creditors ("Committee") immediately informed the Court, however, that they would not enter into a stipulation that involved the dismissal of Wells Fargo. Having insisted upon Wells Fargo's continued participation in this case, neither Plaintiffs nor the Committee have any legitimate basis for objecting to Wells Fargo's motion to recover its attorney's fees from the Trust.

**RELIEF REQUESTED**

14. As discussed above, New Century did not establish a "Fee Account" for the purpose of paying Wells Fargo's fees and expenses. Accordingly, Wells Fargo respectfully requests that the Court enter an Order directing the Debtors immediately to pay the legal fees and expenses owed to Wells Fargo in connection with the performance of its duties under the Trust Agreement in the amount of $184,945.36, and to allow for the payment of any additional reasonable fees and expenses, including legal fees, incurred by Wells Fargo as post-petition administrative expenses of the estate under Section 503(b)(1)(A).

15. In the alternative, Wells Fargo requests the entry of an order authorizing Wells Fargo to: (1) surrender

the life insurance policy in which the Trust assets are currently invested; and to (2) deduct its fees and expenses incurred in connection with the performance of its duties and under the Trust Agreement from the Trust account as provided in Article 8.3 of the Trust Agreement in the event the Debtors do not pay Wells Fargo the amounts owed.

**BASIS FOR RELIEF REQUESTED**

16.   Pursuant to the terms of the Trust Agreement, the Debtors are obligated to compensate Wells Fargo for the services performed under the Trust Agreement and to reimburse Wells Fargo for the attorneys' fees incurred by Wells Fargo in the performance of its duties under the Trust Agreement.  *See* Trust Agreement, at ¶¶ 8.2-8.3. Wells Fargo has provided post-petition services to the Debtors and their estates in accordance with the Trust Agreement and has duly performed its obligations thereunder.  Accordingly, Wells Fargo respectfully requests that the Debtors be directed to pay Wells Fargo's fees and expenses, including its reasonable attorneys' fees, as post-petition administrative expenses.

17. Under Section 503(b)(1)(A) of the Bankruptcy Code, parties that incur expenses to preserve the

bankruptcy estate are entitled to an administrative claim status. The statute provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses … including -
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including –
>
> (i) wages, salaries, and commissions for services rendered after the commencement of the case;

18. To establish an administrative expense claim under Section 503(b)(1)(A), there must be (1) a post-petition transaction between the claimant and the estate, and (2) a benefit to the estate. See In re Women First Healthcare, Inc., 332 B.R. 115, 121 (Bankr. D. Del. 2005); In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 532-33 (3d Cir. 1999). Here, Wells Fargo has been performing its duties under the Trust Agreement with the Debtors post-petition, which services are providing an actual benefit to the estate because they result from the normal business operations of the Debtors' bankruptcy estates. See Pennsylvania Dept. of Env'l Resources v. Tri-State Clinical Laboratories, Inc., 178 F.3d 685, 689-90 (3d Cir. 1999) (administrative expense priority given to claims for

compensation for services that are necessarily incident to the operation of the estate); In re Talk City, Inc., 281 B.R. 132 (Bankr. D. Mass. 2002) (creditor, acting at debtor's request to supply bandwidth to enable website to continue operating while in debtor's control, was entitled to administrative expense claim for reimbursement of bandwidth management fee and expenses it incurred in purchasing the bandwidth). Accordingly, this Court should enter an order directing the Debtors to immediately pay the post-petition fees and expenses, including reasonable attorneys' fees, incurred by Wells Fargo in connection with the performance of its duties under the Trust Agreement.

WHEREFORE, Wells Fargo respectfully requests that the Court enter an Order (i) that directs the Debtors immediately to pay Wells Fargo the amount of $184,945.36 in outstanding legal fees and expenses incurred by Wells Fargo in connection with the performance of its duties under the Trust Agreement, and (ii) that requires the Debtors to pay any additional fees and expenses that will be incurred by Wells Fargo in the ordinary course and allows such fees and expenses as post-petition administrative expenses under Section 503(b)(1)(A), and that grants Wells Fargo such

other and further relief as this Court deems just and proper.

Dated: December 19, 2007        KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

                                                       /s/ *Christopher A. Ward*
Joanne B. Wills (Del. No. 2357)
Christopher A. Ward (Del. No. 3877)
919 Market Street, Suite 1000
Wilmington, DE 19801
Tel:(302)426-1189
Fax:(302)426-9193
jwills@Klehr.com

Andrew A. Nicely
Tai Lui Tan
MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC 20006-1101
Tel: (202)263-3000
Fax: (202)263-3300
anicely@mayerbrown.com

Counsel to Defendant Wells Fargo Bank N.A. a/k/a Wells Fargo ITS