IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*, | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: January 10, 2008 at 4:00 p.m.** |

------------------------------------------------------------x

## FIFTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

Name of Applicant: **Michael J. Missal, Examiner**

Date of Appointment: **June 5, 2007 (Order entered on June 7, 2007)**

Period for Which Compensation is Sought: **November 1, 2007 through November 30, 2007**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$ 138,591.00 (80% of $173,238.75)**[1]

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$590.55**[2]

This is a:     **X** monthly     __ interim     __ final application.

---

[1] Reflects the Examiner's voluntary ten percent (10%) reduction of his fees for this matter.

[2] A portion of these expenses are on account of charges incurred during the Third and Fourth Monthly Periods that were not included in the Examiner's Third and Fourth Monthly Fee Applications because the expenses had not yet been invoiced at the time of the relevant fee periods.

Prior Applications:

| Date Filed<br>Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Date Filed: 8/24/07<br>Docket No. 2571 | 6/5/07 - 7/31/07 | $198,673.20<br>(80% of $248,341.50) | $354.62 | $198,673.20 | $354.62 |
| Date Filed: 9/25/07<br>Docket No. 3058 | 8/1/07 - 8/31/07 | $137,703.60<br>(80% of $172,129.50) | $831.30 | $137,703.60 | $831.30 |
| Date Filed: 10/26/07<br>Docket No. 3430 | 9/1/07 - 9/30/07 | $106,853.40<br>(80% of $133,566.75) | $82.00 | $106,853.40 | $82.00 |
| Date Filed: 11/21/07<br>Docket No. 3932 | 10/1/07 –<br>10/31/07 | $140,731.20<br>(80% of $175,914.00) | $0.00 | $140,731.20 | $0.00 |

## ATTACHMENT B
## TO FEE APPLICATION

The following is a summary of the fees incurred by the Examiner during the period covered by this Fifth Monthly Fee Application:

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael J. Missal | Partner of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"); Joined K&L Gates in 1987; Practice Area(s): Securities Enforcement, Internal Investigations | Member of the DC Bar since 1982 | $725.00 | 265.5 | $192,487.50 |
| | | | **TOTAL** | **265.5** | **$192,487.50** |
| | | **VOLUNTARY 10% REDUCTION** | | | **($19,248.75)** |
| | | **DISCOUNTED TOTAL** | | | **$173,238.75** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Train Fare | Amtrak | $392.00 |
| Ticketing Fee | Amtrak | $28.00 |
| Parking | | $30.00 |
| Meals | | $12.43 |
| Transportation (Car Service) | Carey Int'l, Inc. | $128.12 |
| **TOTAL** | | **$590.55** |

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                    :  Chapter 11
                                          :
NEW CENTURY TRS HOLDINGS, INC.,           :  Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,           :
                                          :  Jointly Administered
                  Debtors.¹               :
                                          :  Objection Deadline:
                                          :  January 10, 2008 at 4:00 p.m.
-------------------------------------------------------x
```

## FIFTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

Pursuant to Sections 330 and 331 of Chapter 11, Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Local Bankruptcy Rule 2016-2 and the Administrative Order Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals entered herein on

April 24, 2007 (the "Fee Procedures Order"), Michael J. Missal, the Court-approved Examiner

(the "Examiner"), hereby submits his fifth monthly application (the "Application") for allowance

of compensation for the period from November 1, 2007 through November 30, 2007 (the "Fifth

---

¹ The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Monthly Period"). For the Fifth Monthly Period, the Examiner seeks allowance of interim

compensation in the amount of $138,591.00 (80% of $173,238.75), and reimbursement of actual

and necessary expenses of $590.55, for a total of $139,181.55. In support of the Application, the

Examiner respectfully states:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.

2.       This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.       Venue of this proceeding and the Application is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330 and 331, and Fed R. Bankr. P. 2016.

## BACKGROUND

5.       On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the

Debtors have continued to operate their businesses and manage their affairs as debtors-in-

possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6.       On June 1, 2007, the Court Entered an Order Denying in Part and

Granting in Part Motion of the United States Trustee (the "UST") for an Order Directing

Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner

Order").

7.       Pursuant to the Examiner Order, the Court authorized and directed the

Examiner to, inter alia, "investigate any and all accounting and financial statement irregularities,

2

errors or misstatements, including but not limited to such irregularities, errors or misstatements

that (i) gave rise to the announced need to restate the Debtors' financial statements for the first

three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude

it was more likely than not that pre-tax earnings in the 2005 financial statements were materially

overstated, and identify and evaluate any claims or rights of action that the estates might have

arising from or relating to such irregularities, errors or misstatements." Examiner Order at ¶ 3.

The Court also authorized and directed the Examiner to investigate any possible unauthorized

post-petition use of cash collateral by the Debtors and to otherwise perform the duties of an

examiner pursuant to Section 1106(a)(3) and (a)(4) of the Bankruptcy Code, subject to the

provisions of the Examiner Order. Id.

8.      On June 5, 2007, the UST appointed Michael J. Missal as the Examiner.

On June 7, 2007, the Court entered an Order approving Mr. Missal's appointment.

## COMPENSATION PAID AND ITS SOURCE

9.      All services for which the Examiner requests compensation were

performed by the Examiner pursuant to the authorization and direction set forth in the Examiner

Order.

10.     The Examiner has received no payment and has received no promises for

payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Application. There is no agreement or

understanding between the Examiner and any other person for the sharing of compensation to be

received for services rendered in this case, other than the partners of the law firm of K&L Gates,

of which the Examiner is a partner and who serves as his counsel herein.

11.   Since his appointment, the Examiner has received payments from the

Debtors totaling $585,229.32, on account of 80% of the fees and 100% of the expenses requested

in the Examiner's First, Second, Third and Fourth Monthly Fee Applications.

12.   No retainer has been paid to the Examiner for his services rendered or to

be rendered pursuant to the Examiner Order.

## FEE STATEMENTS

13.   The Examiner's fee statement for the Fifth Monthly Period is attached

hereto as Exhibit A. The fee statement contains the Examiner's daily time logs describing the

time spent by the Examiner during the Fifth Monthly Period.

14.   To the best of the Examiner's knowledge, and upon consultation with his

counsel, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules of this Court, the Fee Guidelines prescribed by the UST and

the Fee Procedures Order.

15.   The Examiner notes that his time reports are organized and prepared on a

daily basis, and that his charges for professional services have been billed at his standard hourly

rate, less a 10% discount on his fees. The Examiner's requested compensation is commensurate

with compensation charged by comparably skilled practitioners in cases other than cases under

the Bankruptcy Code.

16.   The Examiner did not incur any non-working travel time during the Fifth

Monthly Period.

## ACTUAL AND NECESSARY EXPENSES

17.   A summary of the actual and necessary expenses incurred by the

Examiner during the Fifth Monthly Period is attached as part of Attachment B to the Application,

4

and a copy of the Examiner's expense records is attached as Exhibit B to the Application.

18.     The expenses the Examiner incurred during the Fifth Monthly Period relate to expenses from his travel by train to Wilmington, Delaware to attend a meeting with Committee counsel on October 1, 2007 in the amount of $189.00, expenses from his travel by train to a conference with the Court held at the request of Committee counsel on October 23, 2007 in the amount of $203.00, ticketing fees incurred in conjunction with these two expenses totaling $28.00, car service from the airport in Los Angeles to attend a meeting related to the Examiner's investigation in the amount of $128.12, a meal during his travel to the previous meeting in the amount of $12.43, and parking expenses related to these meetings in the amount of $30.00.

## SUMMARY OF SERVICES RENDERED

19.     The services performed by the Examiner during the Fifth Monthly Period are generally described below, with a more detailed identification of the actual services provided in the Examiner's time records attached hereto as Exhibit A.

20.     During the Fifth Monthly Period, the Examiner devoted substantial time to revising and finalizing the report he delivered to the Court regarding the Cash Collateral Issue and to drafting an outline of the report on the accounting and related issues that the Examiner will submit to the Court at the conclusion of his investigation. The Examiner also devoted significant time to reviewing numerous documents, including documents produced by third parties and memoranda prepared by his counsel summarizing interviews taken of people with knowledge relevant to the subjects of the Examiner's investigation.

21.     On November 20, 2007, the Examiner prepared for and attended the interview of a member of the board of directors with knowledge relevant to the scope of the

5

Examiner's investigation. The Examiner also met and/or corresponded with numerous parties

during the Fifth Monthly Period, including, inter alia, the Debtors' counsel and restructuring

professionals, counsel to the Creditors' Committee, as well as regularly meeting and

communicating with his counsel and financial advisors to discuss issues related to his

investigation and report.

## VALUATION OF SERVICES

22.     As set forth in the monthly fee statement attached as Exhibit A, the

Examiner expended a total of 265.5 hours in connection with his investigation of the Debtors

during the Fifth Monthly Period. The Examiner's standard hourly rate is $725, which is

comparable to the rates the Examiner charges other clients for similar services, and the aggregate

fees requested by the Examiner reflect a voluntary ten percent (10%) reduction in the Examiner's

normal fees for work of this character.

23.     The reasonable value of the services rendered by the Examiner during

the Fifth Monthly Period is $173,238.75, of which eighty percent (80%) of such services is

$138,591.00.[2] In accordance with the factors enumerated in Section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by the Examiner is fair and

reasonable given (a) the complexity of the issues the Examiner has been charged with

investigating, (b) the timeframe within which the Examiner has been asked to complete his

investigation and prepare his report, (c) the time expended, (d) the nature and extent of the

services rendered, (e) the value of such services, and (f) the costs of comparable services other

than in a case under the Bankruptcy Code.

---

[2] It is possible that some professional time expended or expenses incurred by the Examiner during the Fifth Monthly Period are not reflected in the amounts set forth in this Application. The Examiner reserves all rights to include such amounts in future fee applications to the Court.

6

WHEREFORE, the Examiner respectfully requests that the Court enter an order

(a) awarding him interim compensation for professional services rendered during the Fifth

Monthly Period in the amount of $138,591.00 (80% of $173,238.75), and reimbursement of

actual, reasonable and necessary expenses in the amount of $590.55, for a total of $139,181.55;

(b) authorizing and directing the Debtors to remit payment to the Examiner for such fees and

expenses; and (c) granting such other and further relief as the Court deems just

and proper.

Dated:  Washington, DC
        December 21, 2007

By /s/
    Michael J. Missal, Esq.
    KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
    A Member of the Firm
    1601 K Street, N.W.
    Washington, DC 20006
    (202) 778-9000