### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.* | Case No. 07-10416 (KJC) |
| | (Jointly Administered) |
| Debtors. | Objection Date: January 2, 2008 @ 4:00 p.m. |
| | Hearing Deadline: January 9, 2008 @ 1:30 p.m. |

### DECLARATION OF JACK WONG IN SUPPORT OF OPPOSITION OF CREDITOR ALAMEDA COUNTY TREASURER-TAX COLLECTOR TO DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIMS WITH <u>RESPECT TO CLAIM NO. 3449</u>

I, JACK WONG, do hereby declare as follows:

1. My name is JACK WONG. I am over the age of twenty-one and of sound mind. I could and would testify to the following if called to do so in a court of law.

2. I am currently employed in the office of the Alameda County Treasurer-Tax Collector ("Tax Collector"). My title is Treasurer-Tax Collector Specialist III, and I am responsible for collecting delinquent taxes and penalties where taxpayers have declared bankruptcy.

3. The Tax Collector is an officer of the County of Alameda which is a subdivision of the State of California. One of the duties of the Alameda County Treasurer-Tax Collector is to collect taxes due Alameda County.

1

4.I filed the claim of the Tax Collector in this proceeding and I have reviewed the files of the Alameda County Treasurer-Tax Collector in connection with those claims.

5.The claim I filed was number 3449 in this proceeding; it is a claim for Alameda County Property Taxes. I filed the claim on September 28, 2007. In doing so, I relied on the Notice of Bar Dates for Filing of Proofs of Claims that I received on August 13, 2007. A true and correct copy of that Notice is attached as an exhibit to this Declaration. That Notice specifies October 2, 2007 as the bar date for filing claims on behalf of governmental units such as Alameda County.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12/26/ , 2007
In the City of Oakland, County of Alameda, State of California


*Jack Wong*
JACK WONG

# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

## NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS OR EQUITY INTERESTS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| Debtor | Address | Case Number |
|---|---|---|
| New Century TRS Holdings, Inc. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10416 |
| New Century Financial Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10417 |
| New Century Mortgage Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10419 |
| NC Capital Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10420 |
| Home123 Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10421 |
| New Century Credit Corporation | 18400 Von Karman Ave. Suite 1000 | 07-10422 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

| | Irvine, CA 92612 | |
|---|---|---|
| NC Asset Holding, L.P. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10423 |
| NC Residual III Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10424 |
| NC Residual IV Corporation | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10425 |
| New Century R.E.O. Corp. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10426 |
| New Century R.E.O. II Corp. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10427 |
| New Century R.E.O. III Corp. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10428 |
| New Century Mortgage Ventures, LLC | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10429 |
| NC Deltex, LLC | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10430 |
| NCoral, L.P. | 18400 Von Karman Ave. Suite 1000 Irvine, CA 92612 | 07-10431 |

**PLEASE TAKE NOTICE THAT** on April 2, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On June 28, 2007, the Court entered an order establishing certain deadlines to file proofs of claim in the above-captioned cases (the "Order").

Pursuant to the Order, the Court fixed **August 31, 2007 at 5:00 p.m., prevailing Pacific Time**, as the general claims bar date (the "General Bar Date") in these cases. Except as described below, the Order requires all Entities that have or assert any prepetition, non-administrative expense Claims against the Debtors to file proofs of claim with XRoads Case Management Services, LLC ("XRoads"), the claims and noticing agent in these cases, so that their proofs of claim are received by XRoads **on or before the General Bar Date**.

Pursuant to the Order, the Court fixed **October 2, 2007 at 5:00 p.m., prevailing Pacific Time**, as the governmental unit claims bar date (the "Governmental Bar Date") in these cases. The Bar Date Order requires all Governmental Units that have or assert any prepetition Claims against the Debtors to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the Governmental Bar Date**. Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

Pursuant to the Order, the Court fixed the later of: (i) the General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant as the amended schedules bar date (the "Schedules Bar Date") in these cases. The Order requires all entities who disagree with an amendment to the Schedules to file a proof of claim **on or before the Schedules Bar Date**.

Pursuant to the Order, the Court fixed the later of (a) the General Bar Date, and (b) 30 days after the effective date of rejection. The Order requires all entities whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease to file proofs of claim with XRoads so that their proofs of claim are received by XRoads **on or before the Rejection Bar Date**.

## KEY DEFINITIONS

As used in this Notice, the term **"Claim"** shall mean, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term **"Entity"** has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units and the Office of the United States Trustee.

As used in this Notice, the term **"Governmental Unit"** has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing (but not including the Office of the United States Trustee while serving as a trustee under the Bankruptcy Code).

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Order, all Entities, but not including Governmental Units, holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to April 2, 2007 are required to file proofs of claim by the General Bar Date.

(b) The Governmental Bar Date. Pursuant to the Bar Date Order, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to October 2, 2007 are required to file proofs of claim by the Governmental Bar Date.

(c) The Rejection Bar Date. Any Entity whose Claims arise out of the Bankruptcy Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 or 1113 of the Bankruptcy Code and pursuant to an

3

order of the Bankruptcy Court must file a proof of claim on or before the later of: (i) the General Bar Date, and (ii) 30 days after the effective date of rejection.

(d) The Schedules Bar Date. If, subsequent to the mailing and publication of this Notice, the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim if such claimant disagrees with the nature, amount or classification of the Claim as set forth in the amended schedules on or before the later of: (i) the General Bar Date, and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "Schedules Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date*

Subject to terms described above for holders of Claims subject to the Governmental Bar Date, the Rejection Bar Date and the Schedules Bar Date, the following Entities must file proofs of claim on or before the General Bar Date:

(a) any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b) any Entity that believes its prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date*

The Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a) any Entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described in this Notice;

(b) any Entity (i) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification and amount of its Claim as identified in the Schedules;

(c) any Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d) any Interest Holder whose claims are based exclusively upon the ownership of an Interest;

(e) any Debtor that holds a Claim against one or more of the other Debtors; and

(f) beneficiaries (collectively, the "Beneficiaries") of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (the "Plan") with respect to any and all claims arising out of participation in the Plan, *provided, however, to the extent that any of the Beneficiaries holds or asserts any claim not arising out of his or her participation in the Plan, including, without limitation, personal injury, WARN Act, expense reimbursement, securities law, wage, bonus, commission, sick pay, vacation pay, severance pay, similar employment claims or any other claims they may have against the Debtors or their estates (collectively "Unrelated Claims"), such person must file a proof of claim by the General Bar Date as to all such Unrelated Claims.*

4

*No Requirement to File Proofs of Interest*

Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

### PROCEDURE FOR FILING PROOFS OF CLAIM

1. **WHAT TO FILE**

If you file a Proof of Claim Form (the "Claim Form"), your filed proof of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States; (iii) be set forth on the enclosed proof of claim form; (iv) indicate the Debtor against which you are asserting a Claim; and (v) be signed by the actual claimant or if the claimant is not an individual, by an authorized agent of the claimant.

Any holder of a Claim against more than one Debtor must file separate Claim Form with respect to each such Debtor and all holders of Claims must identify on their proof of claim form the specific Debtor against which their Claim is asserted and the case number of the Debtor's bankruptcy case. The names of the Debtors and their case numbers are listed in this Notice.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. Attach to your completed Claim Form copies of any writings upon which such Claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

2. **WHEN AND WHERE TO FILE**

Except as provided for herein, all signed original Claim Forms (and where necessary, accompanying documentation) must be filed so as to be received on or before the applicable Bar Date, at the following address:

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295
T: (888) 784-9571

5

Proofs of claim may be submitted in person or by courier service, hand delivery or mail addressed to XRoads at the foregoing address. **Any proof of claim submitted by facsimile, electronic mail or telecopy will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.** Proofs of claim will be deemed filed only when actually received by XRoads.

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of a Claim Form, you may contact the Debtors in writing at the address listed above. The claims registers for the Debtors will be available at the office of XRoads.

Dated: June 28, 2007
Wilmington, Delaware

BY ORDER OF THE COURT
THE HONORABLE KEVIN J. CAREY

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION