## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------- | ) |
|  | ) Chapter 11 |
| In re: | ) |
|  | ) Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC.) | |
| a Delaware corporation, et al., | ) Jointly Administered |
|  | ) |
| Debtors. | ) Objection Date: December 13, 2007, 4:00p.m. |
|  | ) Hearing Deadline: December 20, 2007, 1:30 p.m. |
| -------------------------------------------------x | |

### RESPONSE OF 303 GRIFFING ASSOCIATES, LLC TO DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS: NON-SUBSTANTIATIVE OBJECTION PURSUANT TO 11 U.S.C. §502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CERTAIN (A) AMENDED CLAIMS, (B) NO SUPPORTING DOCUMENTATIONS CLAIMS, (C) DUPLICATE CLAIMS AND (D) LATE-FILED CLAIMS

303 GRIFFING ASSOCIATES, LLC (the "Creditor"), by and through its undersigned counsel, hereby objects to Debtors' motion to disallow and expunge Creditor's amended Proof of Claim dated August 30, 2007 (the "Amended Claim").

As will be demonstrated below, Creditor's Amended Claim was properly prepared, served and filed, setting forth the actual damages to which the Creditor is entitled under both the law and its Lease. Accordingly, Debtors' attempt to unjustly and improperly limit the Creditor's Amended Claim should and must be denied.

Annexed hereto as Exhibit "A" is Creditor's initial proof of claim dated June 19, 2007 (the "Initial Proof of Claim"). The Initial Proof of Claim set forth a claim in the amount of $84,046.35, due and owing pursuant to a Non-Residential Property lease agreement (the "Lease") for the premises known as and located at 303 Griffing Avenue, Riverhead, New York 11901 (the "Premises").

A:\Resp. to 4th Omnibus Object.wpd

At the time of the filing of the Initial Proof of Claim, the Debtor had not yet elected to reject the Lease.

Pursuant to the Notice of Rejection of Unexpired Lease of Non-Residential Property dated August 20, 2007 attached hereto as Exhibit "B", issued pursuant to the Order of this Court dated April 25, 2007, authorizing such rejection of Lease, the Lease was rejected by Debtor with an effective date of August 30, 2007.

Subsequent to such rejection, after consulting with counsel, Creditor filed its Amended Claim setting forth the additional damages triggered by Debtors' rejection.  The Amended Claim sets forth a total claim of $172,968 consisting of: (a) post petition administrative expense claim for $13,348, (b) lease rejection damages of $79,000, and (c) unamortized tenant improvements and  brokerage of $80,620.[1]

Debtors' counsel would now have the Court expunge and omit Creditor's claims for items (a) and (b) above, which only arose once this Court's order authorizing the service of the Notice of Rejection was effectuated. However, counsel offers no basis for such action.

It is respectfully submitted that Creditor is entitled to its full claim, including its $13,348 priority administrative claim as well as its $159,620 unsecured claims, consisting of both the claim for unamortized tenant improvements and brokerage in the amount of $80,620, and Creditor's claim for lease rejection damages of $79,000, which claim is authorized by statue and applicable case law.

Creditor's priority administrative claim seeks unpaid post petition base rent and additional rent

---

[1]     Creditors unamortized tenant improvement and brokerage was reduced in the Amended Claim from $84,036.35 to $80,620, because, at the time of the filing of the Amended Claim, the unamortized period (the balance of the term of the Lease) was reduced by two (2) months. This reduction occurred because post petition rent payments were received for such two (2) months by the Creditor prior to the Notice of Rejection.

A:\Resp. to 4th Omnibus Object.wpd

for the period prior to the effective date of the rejection, July and August 2007, in the total amount of

$13,348[2] pursuant to the Lease.

Creditor's lease rejection damages claim seeks one (1) year of base rent from September 1,

2007 to August 31, 2008 totaling $67,980 plus additional rent of $11,020 for real estate taxes and

insurance totaling $79,000.

Creditor's unamortized tenant improvements and brokerage claim , made pursuant to Section

17.02 of the Lease, is computed at follows:

Lease Term 9/16/06-8/31/11 (60 months)
Balance of Term 9/1/07-8/31/11 (48 months)
$100,775 x 48/60 = $80,620.

WHEREFORE, Creditor respectfully requests that this Court deny the Debtors' application

to the extent it seeks to expunge and replace Creditor's claim with the Remaining Claim as prayed for

by the Debtors as the Amended Claim of $172,968 is correct both as to amount and status.

Dated: December 10, 2007
       New York, New York

Respectfully Submitted,

Sol M. Israel, Esq.

**SOL M. ISRAEL & ASSOCIATES**
**185 Madison Avenue, 8th Floor**
**New York, N.Y.  10016**
**(212) 481-9777**

COUNSEL FOR CREDITOR
303 Griffing Associates, LLC

---

[2]      $5,500.00 base rent for July, 2007; $5,500.00 base rent for August, 2007;
$2,348.00 real estate taxes for July and August 2007.

3

*PRIOR POC*

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF Delaware _____ | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor <br> New Century TRS Holdins Inc. | Case Number <br> 07-10416 (KJC) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br> 303 Griffing Associates LLC | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: <br> 303 Griffing Associates LLC <br> 185 Old Country Road, Suite 5 <br> Riverhead, New York 11901 <br> Telephone number: 631-727-5500 | □ Check box if you have never received any notices from the bankruptcy court in this case. <br><br> □ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: <br> s123 | Check here □ replaces <br> if this claim □ amends   a previously filed claim, dated: _____ | |

| 1. Basis for Claim <br> □ Goods sold <br> □ Services performed <br> □ Money loaned | □ Personal injury/wrongful death <br> □ Taxes <br> □ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> □ Other **Early Termination Payment** | □ Wages, salaries, and compensation (fill out below) <br> Last four digits of your SS #: ___ <br> Unpaid compensation for services performed <br> From _____ to _____ <br>    (date)        (date) |
|---|---|---|

| 2. Date debt was incurred: <br> June 3, 2007 | 3. If court judgment, date obtained: |
|---|---|

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
See reverse side for important explanations.

| **Unsecured Nonpriority Claim** $_____ <br><br> □ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority. | **Secured Claim** <br> □ Check this box if your claim is secured by collateral (including a right of setoff). <br><br> Brief Description of Collateral: <br> □ Real Estate       □ Other_____ <br> □ Motor Vehicle <br><br>    Value of Collateral:  $_____ |
|---|---|
| **Unsecured Priority Claim** <br><br> □ Check this box if you have an unsecured claim, all or part of which is entitled to priority. <br><br> Amount entitled to priority $ **84,046.35** ___ <br><br> Specify the priority of the claim: <br><br> □ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). <br><br> □ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4). <br><br> □ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). | Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____ <br><br> □ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7). <br><br> □ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). <br><br> □ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__). <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| 5. Total Amount of Claim at Time Case Filed: | $ **84,046.35** _____ _____ _____ **$84,046.35** <br>    (unsecured)     (secured)     (priority)        (total) | |
|---|---|---|

□ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 7. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date <br> 6/19/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):   *Richard Israel* member. | |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B 10 (Official Form 10)  (04/07)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
   **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was

filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

5. **Total Amount of Claim at Time Case Filed:**
   Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          :    Chapter 11
                                                :
NEW CENTURY TRS HOLDINGS,                       :    Case No. 07-10416 (KJC)
INC., a Delaware corporation, et al.,[1]        :
                                                :    Jointly Administered
                              Debtors.          :
                                                :    Objection deadline: August 30, 2007
                                                :

## NOTICE OF REJECTION OF UNEXPIRED LEASE
## OF NON-RESIDENTIAL REAL PROPERTY

To:    Richard Israel
       303 Griffing Associates LLC
       185 Old Country Road
       Riverhead, NY 11901

Re:    Agreement for the Lease of the Non-residential Real Property located at 303 Griffing
       Ave, Riverhead, NY 11901, commencing on 9/1/06 (NY007) (the "Lease")
       Landlord: 303 Griffing Associates LLC
       Tenant: Home123 Corporation
       Expiration Date: 08/31/2011
       Monthly Amount Due: $5,500.00

   PLEASE TAKE NOTICE that on April 25, 2007 the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of

the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases

of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

LA3:1137392.1
RLF1-3191649-1

Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

**PLEASE TAKE FURTHER** NOTICE that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Lease. Pursuant to the terms of the Order, the Lease shall be deemed rejected effective the later of (i) ten (10) days after this notice is served or (ii) the date that the Debtors unequivocally relinquish control of the premises by turning over the keys or "key codes" to the affected landlord, without further notice, hearing or order of the Court (the "Effective Date of Rejection").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Lease, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Unexpired Lease of Non-Residential Real Property " (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, if any; and (iii) the Office of the United States Trustee. Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Court will schedule a hearing to

2

consider that objection. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such executory contract, lease, sublease or interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not offset or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Lease you are required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of Rejection.

Dated: August 20, 2007
Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

3

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A Delaware corporation, ET AL.
NEW CENTURY CLAIMS PROCESSING
c/o XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

**PROOF OF CLAIM**

| In Re: | Chapter 11 Case No. 07-10416 (KJC) |
|---|---|
| New Century TRS Holdings, Inc., a Delaware corporation, et al. | (Jointly Administered) |
| Name of Debtor | Case Numbers |

Name of Creditor (The person or other entity to whom the debtor owes money or property)
303 Griffing Associates Llc

Name and Address Where Notices Should be Sent:          3034796

303 Griffing Associates Llc
185 Old Country Rd , Suite 5
Riverhead NY 11901

COPY

Telephone No:

THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

| Account or other number by which creditor identifies debtor: | CHECK HERE IF THIS CLAIM: ☐ REPLACES ☒ AMENDS a previously filed claim, dated _____ |
|---|---|

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other _Lease_

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. DATE DEBT WAS INCURRED:** _See Exhibit A attached_

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case was filed included in secured claim above, if any:
$_____
**Unsecured Nonpriority Claim $** _See Exhibit A_
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $_____ + $ 0 + $ 0 = _See Exhibit A_
          (Unsecured Nonpriority)    (Secured)    (Unsecured Priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete item 5 or 7 below. (Complete box 6 if applicable.)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

RECEIVED
SEP - 4 '07
XRoads Claims Management Services

THIS SPACE IS FOR COURT USE ONLY

| DATE: 9/30/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) Richard Israel, Manager |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0710416070515171555000705

## EXHIBIT A TO AMENDED PROOF OF CLAIM

**In Re:**   **New Century TRS Holdings, Inc., et al.**
**Chapter 11 Case No. 07-10416**
**Creditor: 303 Griffing Associates, LLC**
**Premises: 303 Griffing Avenue, Riverhead, New York**

1.   Post petition administrative expense claim for base rent for months of July and August 2007 totaling $11,000 and additional rent of $2,348 for real estate taxes through August 31, 2007 totaling **$13,348**.

2.   Unsecured Claims.

   (A)   <u>Lease Rejection Damages</u> - 1 year of base rent from September 1, 2007 to August 31, 2008 totaling $67,980 and additional rent  of $11,020 for real estate taxes and insurance totaling **$79,000**.

   (B)   <u>Unamortized Tenant Improvements and Brokerage per Section 17.02 of Lease</u>.

      Lease Term 9/1/06 - 8/31/11 (60 months)
      Balance of Term 9/1/07-8/31/11 (48 months)

      $100,775 x 48/60 = **$80,620**.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                   :    Chapter 11
                                         :
NEW CENTURY TRS HOLDINGS,                :    Case No. 07-10416 (KJC)
INC., a Delaware corporation, et al.,[1] :
                                         :    Jointly Administered
                    Debtors.             :
                                         :    Objection deadline:  August 30, 2007
                                         :

## NOTICE OF REJECTION OF UNEXPIRED LEASE
## OF NON-RESIDENTIAL REAL PROPERTY

To:    Richard Israel
       303 Griffing Associates LLC
       185 Old Country Road
       Riverhead, NY 11901

Re:    Agreement for the Lease of the Non-residential Real Property located at 303 Griffing
       Ave, Riverhead, NY 11901, commencing on 9/1/06 (NY007) (the "Lease")
       Landlord: 303 Griffing Associates LLC
       Tenant: Home123 Corporation
       Expiration Date: 08/31/2011
       Monthly Amount Due: $5,500.00

**PLEASE TAKE NOTICE** that on April 25, 2007 the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court") entered the order on the "Motion of

the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases

of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced Lease. Pursuant to the terms of the Order, the Lease shall be deemed rejected effective the later of (i) ten (10) days after this notice is served or (ii) the date that the Debtors unequivocally relinquish control of the premises by turning over the keys or "key codes" to the affected landlord, without further notice, hearing or order of the Court (the "Effective Date of Rejection").

PLEASE TAKE FURTHER NOTICE that, should you object to the Debtors' rejection of the Lease, you must file and serve a written objection so that such objection is filed with the Court and actually received no later than ten (10) days after the date that the Debtors served this "Notice of Rejection of Unexpired Lease of Non-Residential Real Property " (the "Notice") by the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors: O'Melveny & Myers LLP, 275 Battery Street, San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq., and Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, if any; and (iii) the Office of the United States Trustee. Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the Effective Date of Rejection, without further notice, hearing or order of the Court.

PLEASE TAKE FURTHER NOTICE that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Court will schedule a hearing to

2

LA3:1137392.1
RLF1-3191649-1

consider that objection. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such executory contract, lease, sublease or interest shall be deemed to have occurred on the Effective Date of Rejection, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not offset or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, upon the rejection of the Lease you are required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these chapter 11 cases or (ii) thirty (30) days after the Effective Date of Rejection.

Dated: August 20, 2007
Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

3

# 303 GRIFFING ASSOCIATES, LLC

185 OLD COUNTRY ROAD, SUITE 5
RIVERHEAD, NEW YORK 11901

Phone:   631-727-5500
Fax:       631-727-5545

August 30, 2007

Re:            Lease between Home123 Corporation & 303 Griffing Associates, LLC
Premises:   303 Griffing Avenue, Riverhead, New York

## INVOICE

Early Termination Fee as per Lease

Original Tenant Improvements and Brokerage            $100,775
Original term (60 months) - balance of term (48 months)

Proportionate share as per Lease Section 17.02
48/60 x $100,775 = $80,620.00                                          **$80,620.00**

# ORIGINAL

**LEASE AGREEMENT**

**303 GRIFFING ASSOCIATES, LLC,**

**as Landlord**

**and**

**HOME123 CORPORATION,**

**as Tenant**

**PREMISES**

**303 Griffing Avenue
Riverhead, New York**

**PREPARED BY:**

**Sol M. Israel & Associates
185 Madison Avenue
New York, New York 10016
(212) 481-9777**



**THIS INDENTURE OF LEASE** dated as of the 7th day of August, 2006 between **303 GRIFFING ASSOCIATES, LLC,** a New York limited liability company, having its principal office at 185 Old Country Road, Suite 5, Riverhead, New York 11901 (hereinafter referred to as "**Landlord**"), and **HOME123 CORPORATION,** a California corporation, having its principal office at 18400 Von Karman Avenue, Suite 1000, Irvine, CA 92612 (hereinafter referred to as "**Tenant**"),

## WITNESSETH:

Landlord, for and in consideration of the fixed minimum rent, additional rent, terms, covenants and conditions herein contained, does hereby demise and lease to Tenant and Tenant hereby takes and hires from Landlord upon and subject to all of the terms, covenants and conditions herein contained, the building known as 303 Griffing Avenue, Riverhead, New York (hereinafter referred to together with all future additions and improvements as the "**Building**") and the land (more particularly described in <u>Exhibit A</u> attached hereto and hereinafter referred to, together with all present and future easements as the "**Land**" and collectively together with the Building as the "**Demised Premises**").

## ARTICLE 1

### Term

Section 1.01.  The term of this Lease (hereinafter referred to as the "**Demised Term**") shall commence on the earlier of (i) the first business day after the weekend following Substantial Completion of Landlord's Work as defined in Article 2 below, or (ii) on the date on which Tenant takes possession of the Demised Premises for purposes of conducting its business.  The parties shall immediately execute an amendment to this Lease in the form attached hereto as <u>Exhibit E</u>, stating the date of commencement of the Demised Term when it is ascertained (the "**Commencement Date**").  The Demised Term shall be five (5) years, plus any fractional month if the Demised Term commences on a day other than the first day of the month (unless such term shall sooner terminate as hereinafter provided).  The last day of the Demised Term is hereinafter referred to as the "**Expiration Date**".

Section 1.02.  Provided this Lease shall be in full force and effect on the expiration of the Demised Term and Tenant has fully complied with all the terms and conditions contained herein, Tenant may elect to renew this Lease for a period of three (3) years beginning with the expiration of the Demised Term (the "**Renewal Term**").  This renewal right is limited to the named tenant and any related assignee (i.e. parent, affiliate or subsidiary corporation) and is subject to the parties agreement as to the rental for the Renewal Term.  To exercise the election, the Tenant shall give Landlord written notice of such election not more than twelve (12) months but more than nine (9) months prior to the expiration of the Demised Term.  The failure or omission by Tenant to give the notice required hereunder, within the time and manner provided, shall be deemed an election by the Tenant not to exercise the renewal option.  The Renewal Term shall be upon the same terms and conditions provided in this Lease except that the Fixed Rent during the Renewal Term shall be as in the amount set forth in <u>Exhibit B</u> and determined in accordance with the procedure set forth in <u>Exhibit B-1</u>.



Demised Term is not terminated, pursuant to the foregoing provisions of this section, Landlord, at Landlord's expense, shall restore that part of the Demised Premises not so acquired or condemned to a self-contained rental unit. In the event of any termination of this Lease and the Demised Term pursuant to the provisions of this section, the Fixed Rent, and additional rent shall be apportioned as of the date of sooner termination and any prepaid sums for any period after such date shall be refunded by Landlord to Tenant within fifteen (15) days. This provision shall survive such termination of this Lease.

Section 16.02. In the event of any such acquisition or condemnation of all or any part of the Demised Premises, Landlord shall be entitled to receive the entire award for any such acquisition or condemnation, Tenant shall have no claim against Landlord or the condemning authority for the value of any unexpired portion of the Demised Term or otherwise and Tenant hereby expressly assigns to Landlord all of its right in and to any such award.

Section 16.03. Tenant may however file separate claims for its trade fixtures and the expenses for their removal from the Demised Premises, provided such claims may be filed without prejudice to, or affecting or reducing, Landlord's claim or award for the condemnation of the Demised Premises or any portion thereof.

## ARTICLE 17

### Defaults and Remedies and Waiver of Redemption

Section 17.01 (A) If Tenant defaults in fulfilling any of the covenants of this Lease, including but not limited to the covenants for the payment of the Fixed Rent or additional rent or if the Demised Premises becomes deserted for a period of six (6) months or more, or, if the Demised Premises are damaged by reason of negligence or carelessness of Tenant, its agents, employees or invitees, then, in any one or more of such events, upon Landlord serving upon Tenant of a written ten (10) days' notice, if the default is a monetary default, or a written thirty (30) days' notice, if the default is a non-monetary default, specifying the nature of said default and upon the expiration of the applicable period, if Tenant shall have failed to comply with or remedy such default, or if the said non-monetary default or omission complained of is of such a nature that the same cannot be completely cured or remedied within said thirty (30) day period, and if Tenant shall not have diligently commenced curing such default within such sixty (60) day period, and shall not thereafter with diligence and in good faith remedy or cure such default, then Landlord may serve a written five (5) days' notice of cancellation of this Lease upon Tenant, and upon the expiration of said five (5) days, this Lease and the Demised Term shall end and expire as fully and completely as if the date of expiration of such five (5) day period were the Expiration Date thereof and Tenant shall then quit and surrender the Demised Premises to Landlord but Tenant shall remain liable as hereinafter provided.

(B)    If (i) the notice provided for in (A) hereof shall have been given, and the Demised Term shall expire as aforesaid; or (ii) any execution or attachment shall be issued against Tenant or any of Tenant's Personal Property whereupon the Demised Premises shall be taken or occupied or attempted to be taken or occupied by someone other than Tenant; or (iii) Tenant fails to discharge any mechanics lien which it permits to be filed against the Demised Premises within ten (10) days after notice that it has been filed, or (iv) Tenant shall fail to move into, or take possession of, the Demised Premises within    sixty (60) days after the



Commencement Date, then and in any of such events Landlord may without notice, re-enter the Demised Premises and dispossess Tenant, the legal representative of Tenant or other occupant of the Demised Premises by summary proceedings or otherwise, and remove their effects and hold the Demised Premises as if this Lease had not been made, but Tenant shall remain liable hereunder as hereinafter provided. If Tenant shall make default hereunder prior to the date fixed as the commencement of any renewal or extension of this Lease, Landlord may cancel and terminate such renewal or extension agreement by written notice, but Tenant shall remain liable as hereinafter provided.

Section 17.02. In case of any such default, re-entry, expiration and/or dispossess by summary proceedings or otherwise, (a) the Fixed Rent, additional rent and any other charges payable hereunder, and an amount equal to $100,775 (the deemed build-out and brokerage expenses) multiplied by a fraction the numerator of which is the number of months remaining in the Demised Term rounded to the nearest whole month and the denominator of which is the length of the Demised Term expressed in months (e.g., 60 months for a 5 year lease), shall become due thereupon and be paid up to the time of such re-entry, dispossess and/or expiration, together with such reasonable expenses as Landlord may pay for legal expenses, attorney's fees, brokerage commissions at the standard rate, and/or putting the Demised Premises in good order, or for preparing the same for re-rental; (b) Landlord may re-let the Demised Premises or any part or parts thereof, either in the name of Landlord or otherwise, for a term or terms, which may at Landlord's option be less than or exceed the period which would otherwise have constituted the balance of the term of this Lease and may grant concessions or free rent; and/or (c) at any time after the Demised Term shall have expired and come to an end or Landlord shall have re-entered upon the Demised Premises, as the case may be, whether or not Landlord shall have collected any monthly deficiencies as aforesaid, Landlord shall be entitled to recover from Tenant, and Tenant shall pay to Landlord, on demand, as and for liquidated and agreed final damages, a sum equal to the amount by which the rent  reserved in this Lease for the period which otherwise would have constituted the unexpired portion of the Demised Term exceeds the then fair and reasonable rental value of the Demised Premises for the same period, both discounted to present worth at the rate of five (5%) percent per annum. If, before presentation of proof of such liquidated damages to any court, commission or tribunal, the Demised Premises, or any part thereof, shall have been relet by Landlord for the period which otherwise would have constituted the unexpired portion of the Demised Term, or any part thereof, the amount of rent received upon such reletting shall be deemed, prima facie, to be the fair and reasonable rental value for the part of the whole of the Demised Premises so relet during the term of the reletting with such collected amount being deducted from Tenant's total liability to Landlord. The failure of Landlord to relet the Demised Premises or any part or parts thereof shall not release or affect Tenant's liability for damages. In computing such damages there shall be added to the said deficiency such expenses as Landlord may incur in connection with reletting as in (a) above set forth. Any such damages shall be paid in monthly installments by Tenant on the rent days specified in this Lease and any suit brought to collect the amount of the deficiency for any month or months shall not prejudice in any way the rights of Landlord to collect the deficiency for any subsequent month or months by a similar proceeding. Landlord at Landlord's option may make such reasonable alterations, repairs, replacements and/or decorations in the Demised Premises as Landlord in Landlord's sole judgment considers advisable and necessary for the purpose of reletting the Demised Premises; and the making of such alterations and/or decorations shall not operate or be construed to release Tenant from liability hereunder as aforesaid. Landlord shall in no event be liable in any way whatsoever for





# ORIGINAL

## <u>AMENDMENT TO LEASE</u>

     **AGREEMENT** made this 1st day of September, 2006 between **303 GRIFFING ASSOCIATES, LLC,** (hereinafter "Landlord") and **HOME123 CORPORATION,** (hereinafter "Tenant").

     **WHEREAS,** Landlord and Tenant have previously executed a lease for the land and improvements erected thereon known as 303 Griffing Avenue, Riverhead, New York (the "Lease");

     **WHEREAS,** Landlord and Tenant are desirous of confirming the Commencement Date and Expiration Date of the Lease (as those terms are defined in the Lease);

     **NOW THEREFORE,** in consideration of good and other valuable consideration the parties agree:

1.     That the Commencement Date of the Lease is September 1, 2006.

2.     That the Expiration Date of the Lease is August 31, 2011 subject to early termination or extension as provided in the Lease.

3.     That for the purposes of the Fixed Rent Schedule set forth in Exhibit B to the Lease, each Lease year shall mean the period from September 1st to the following August 31st with the first Lease year being September 1, 2006 to August 31, 2007 and the last Lease year being September 1, 2010 to August 31, 2011.

     **IN WITNESS WHEREOF,** the parties have signed this instrument as of the 1st day of September, 2006.

Landlord:

**303 GRIFFING ASSOCIATES, LLC**

By: _____
       Richard Israel, Managing Member

Tenant:

**HOME123 CORPORATION**

By: _____  9/7/06
       Tommaso Trinchieri, AVP
       Corporate Real Estate

## AFFIDAVIT OF SERVICE BY DHL OVERNIGHT DELIVERY

STATE OF NEW YORK )
                   )ss.:
COUNTY OF NEW YORK )

Sol M. Israel, being duly sworn, deposes and says:

1.    I am not a party to the action, am over 18 years of age, and maintain an office in New York County, New York.

2.    On December 10, 2007, I served a true copy of the within Response to Debtors' Omnibus Objections to Claims and exhibits by depositing true copies thereof enclosed in a post-paid DHL envelope addressed to each of the following persons at the last known address set forth after each name:

Richards, Layton & Finger, P.A.
One Rodney Square
920 North Street
Wilmington De 19801
Attn.: Mark Collins, Esq.

O'Melveney & Meyers, LLP
275 Battery Street
San Francisco, Ca 94111
Attn.: Suzanne S. Uhland, Esq.

Counsel for Debtors and Debtors in Possession

Sol M. Israel

Sworn to before me this
10th day of December, 2007

Notary Public

ALAN MITCHELL TROYETSKY
Notary Public, State of New York
No. 02TR5034753
Qualified in Westchester County
Commission Expires October 17, 20__