NY PPP    **TRUE COPY**

# MORTGAGE NOTE

CHAPPAQUA , **NEW YORK**

US $ 154,700.00                             August 22 , 1997

2141 Brookside Avenue, Yorktown Heights, New York 10598
(Property Address)

## 1.    BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay One hundred fifty-four thousand Seven hundred and*********00/100 Dollars (this amount will be called "principal") plus interest to the order of the Lender. The Lender is Residential Money Centers,Inc. I understand that the Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder".

## 2.    INTEREST

The interest I agree to pay shall be computed at an interest rate of 9.50 % per year. Interest will be charged, at this rate, on the unpaid principal until the full amount of principal has been paid. The interest rate stated in this Section 2 is the rate I will pay before and after any default described in Section 5(B) and until satisfaction in full of any judgement rendered on this Note or the Mortgage referred to in Section 4.

## 3.    PAYMENTS

I will pay principal and interest by making payments every month.    Each of my monthly payments will be in the amount of         One thousand four hundred forty-two and 01/100 Dollars (US $ 1,442.01   ).

I will make my monthly payments on the    27th    day of each month beginning on September 27        , 19 97 . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on  August 27, 2017        I still owe amounts under this Note, I will pay all of those amounts, in full, on that date.

I will make my monthly payments at 20 Craig Road, Montvale, New Jersey 07645
                              or at a different place if required by the Note Holder.

## 4.    THIS NOTE COVERED BY A MORTGAGE

A Mortgage, dated   August 22, 1997       , protects the Note Holder from possible losses that might result if I do not keep the promises I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 5.    MY FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be two percent (2%) of my overdue payment. A late charge may be collected at the time it accrues or at any time thereafter.

### (B) Default

If I do not pay the full amount of each monthly payment within fifteen (15) days of its due date, or if I fail to keep any of my promises in the Mortgage (as defined above in Section

NY PPP

4), I will be in default. If I am in default, the Note Holder may exercise a right called "acceleration".

Acceleration means that the Note Holder may require me to pay immediately the full amount remaining unpaid under this Note and under the Mortgage and all interest that I owe on that amount.

**(C) Payment of Note Holder's Costs and Expenses**

In the event of my default, whether or not the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its reasonable costs and expenses as permitted by law or regulation. Those expenses include, for example, but are not limited to, reasonable attorney's fees. In addition, if I make a payment by check or other instrument which is dishonored when presented for payment, I agree to pay a dishonored check charge of $20.00.

## 6.    MY RIGHT TO MAKE PREPAYMENTS

I have the right to make payments at any time before they are due. Any payment made before it is due is known as a "prepayment". A prepayment of all of the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment".

If the term of this Note is five (5) years or more, and if within one (1) year from the date of this Note, I make a full prepayment, or one or more partial prepayments, the Note Holder may charge me a prepayment penalty equal to five percent (5%) of the amounts prepaid. No portion of the prepaid finance charge will be refunded upon prepayment.

If I make a partial prepayment, there will be no delays in the due dates of my monthly payments unless the Note Holder agrees in writing to those delays.

## 7.    MY WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as "protest"). Anyone else (i) who agrees to keep the promises made in the Note, or (ii) who agrees to make payments to the Note Holder if I fail the keep my promises under this Note, or (iii) who signs this Note to transfer it to someone else (known as "guarantors, sureties, and endorsers"), also waives these rights.

No change or cancellation of this Note shall be effective unless the change or cancellation is in writing and has been signed by the Note Holder and me.

## 8.    GIVING OF NOTICES

Unless the law provides otherwise, any notice that must be given to me under this Note may be given by delivering it or by mailing it addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Noted Holder at a different address if I am given a notice of that different address.

NY PPP

**9.    RESPONSIBILITIES OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**10.    APPLICATION OF PAYMENTS**

All payments received by the Note Holder shall be applied, first, to payments made by the Note Holder to protect its lien under the Mortgage; second, to pay any interest that has not been paid for any period of time up to the time the Note Holder receives the payment; and third, to reduce the principal amount of the Note.

**11.    NEW YORK STATE LAW**

This Note shall be governed by the laws of the State of New York and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or New York statute, law or regulation in effect as of the date of this Note, the statute, law or regulation shall control to the extent of such conflict and the conflicting provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

**"DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT."**

WITNESS:

_____          _____
                                        Stephen Faye            (Borrower)

_____          _____
                                        Katie Faye              (Borrower)

3

by fire and other risks included in the standard form of extended coverage insurance. The amount of insurance coverage shall be approved by Lender but shall not exceed the full replacement value of the buildings and improvements. Borrower shall pay premiums for all insurance policies when due. Borrower shall assign and deliver all insurance policies to Lender. The insurance policies shall contain the standard New York mortgagee clause in the name of Lender as mortgagee. Upon Borrower's failure to keep the buildings insured, Lender may obtain the insurance. Borrower shall, within 30 days after notice and demand, insure the Property against any other risk reasonably required by Lender, including war risk.

**Maintenance No sale or Alteration**

8.    Borrower shall keep the Property in good repair. Borrower shall not, without the prior written consent of Lender, materially alter, demolish or remove the buildings and improvements on the Property, or sell all or any part of the Property. Borrower shall not abandon the Property. Lender may inspect the Property on reasonable notice to Borrower. Borrower shall make such repairs as Lender may reasonably require.

**Taxes, etc.**

9.    Borrower shall pay all taxes, assessments, sewer rents and water rates and all other charges against the Property when they are due. Borrower shall produce receipts for these payments within 10 days after Lender's demand for them. Borrower shall neither claim nor be entitled to any credit against the principal and interest due under the Note on account of Borrower's payment of these charges.

**Statement of Amount due, etc.**

10.    Within five days after request in person or within ten days after request by mail, Borrower shall give to Lender a signed statement as to (i) the amount due under this Mortgage and (ii) any offsets or defenses against the Note or this Mortgage.

**Warranty of Title**

11.    Borrower warrants the title to the Property and Borrower shall defend that title against all adverse claims. Borrower shall be responsible for any costs or losses of Lender if an interest in the Property, other than the prior mortgage referred to in paragraph 13 below, is claimed by others.

**Lien law Section 13**

12.    In accordance with the trust provisions of Section 13 of the New York Lien Law, Borrower shall receive the advances secured by this Mortgage and hold the right to receive these advances as a trust fund to be applied, first to pay the costs of improvement before using any part of these advances for any other purpose.

**Prior Mortgage**

13.    This Mortgage is subject and subordinate to a first mortgage on the Property held by          N/A          with an unpaid principal balance not in excess of  ($          .00)

                                                                        DOLLARS.

**Default and acceleration of Note**

14.    Lender may declare the entire unpaid balance of the Note and accrued interest on the Note to be immediately due and payable upon any default by Borrower.

The happening of any of the following shall constitute a default by Borrower:

(a)    If Borrower fails to make any payment required by the Note and/or this Mortgage within 15 days of the date it is due;

(b)    If Borrower fails to keep any other promise or agreement in this Mortgage within the times set forth, or if no time is set forth, within a reasonable time after notice is given that Borrower is in default;

(c)    If Borrower sells, conveys or otherwise transfers title to all or

2

any part of the property;

(d)   If on application of Lender, two or more insurance companies licensed to do business in New York State refuse to issue policies insuring the buildings and improvements on the Property;

(e)   If Borrower fails to make any payment required by any prior mortgage;

(f)   If Borrower fails to keep any other promise or agreement in any prior mortgage.

**Foreclosure sale**   15.   Upon Borrower's default under this Mortgage and the sale of the Property in foreclosure, the Property may be sold in one parcel.

**Receiver**   16.   Upon Lender's suit to foreclose this Mortgage, Lender shall have the right to have a receiver appointed to take control of the Property.

**Payment of rent and eviction after default**   17.   Upon Borrower's default under this Mortgage, Borrower shall pay monthly in advance to Lender, or to a receiver who may be appointed to take control of the Property, the fair rental for the use and occupancy of that part of the Property that is in the possession of Borrower.  Upon Borrower's failure to pay rent when due, Borrower shall vacate and surrender the Property to Lender or to the receiver.  Borrower may be evicted by summary proceedings or other court proceedings.

**Attorney's fee on Foreclosure**   18.   In the event of a foreclosure of this Mortgage, Lender's reasonable attorneys fees (if collection of this Mortgage is referred to an attorney who is not a salaried employee of the Lender) shall be added to the sums owed by Borrower to Lender and shall be secured by this Mortgage.

**Late Charge**   19.   Borrower agrees to pay a late charge, equal to two (2%) percent of each monthly installment due, for each monthly installment not paid in full within fifteen (15) days of its due date.  A late charge may be collected at the time it accrues or at any time thereafter and shall be secured by this Mortgage.

**Assignment of rents**   20.   Borrower hereby assigns to Lender the rents, issues and profits of the Property as further security for the payment of the indebtedness secured by this Mortgage.  This assignment and grant shall continue in effect until the Note and this Mortgage are paid in full.

**Applicable law**   21.   Lender shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to any other or different rights Lender may have under this Mortgage.

**Lender's right to make payment**   22.   Lender may but shall not be required to pay any of the following expenses of the Property when due if Borrower does not: real estate taxes, assessments, sewer rents, water charges, premiums for property insurance, repairs and maintenance, payments due under any prior mortgage, and payments of any other charges or claims against the Property if necessary to protect Lender's rights under and the security provided by this Mortgage.  Any such payments by Lender shall not be deemed to cure Borrower's default in failing to make such payments.  All payments made by Lender under this Section 22 shall be deemed advances under this Mortgage.  Such payments shall be added to the principal and shall be secured by this Mortgage.  Borrower shall reimburse Lender for such payments, with interest, upon Lender's written demand.  Interest shall be charged from the time of payment by Lender at the rate set forth in the Note.

**Lender's rights, no waiver**   23.   Lender's delay or failure to exercise any right or remedy granted to Lender in this Mortgage or by applicable law shall not be a waiver of or

prevent the later exercise by Lender of any such right or remedy. Lender may exercise any one or more rights or remedies available to Lender at anytime.

**Notices**

24.    Notices, demands or requests shall be in writing and may be delivered in person or sent by mail to the intended party at the addresses set forth in this Mortgage or such other addresses as may be designated in writing.

**Changes must be in writing**

25.    This Mortgage may not be changed or terminated except by an agreement in writing signed by both Lender and Borrower.

**Governing law**

26.    This Mortgage shall be governed by the laws of the State of New York and any applicable federal law. In the event of a conflict between any provision of this Mortgage and any federal or New York statute, law or regulation in effect as of the date of this Mortgage, the statute, law or regulation shall control to the extent of such conflict and the conflicting provision contained in this Mortgage shall be without effect. All other provisions of this Mortgage shall remain fully effective and enforceable.

**Liability**

27.    This Mortgage shall bind each person who signs below as Borrower and each such person shall be separately and fully liable.

**One or two family dwelling**

28.    This Mortgage does ____, does not ____, encumber real property principally improved by a one or two family dwelling.

"DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT."

IN WITNESS WHEREOF, Borrower has signed this Mortgage as of this 22nd day of August 19 97 .

**WITNESS**

_____

_____

**BORROWER**

_Stephen Faye_
Stephen Faye

_Katie Aubatt_
Katie Faye

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF WESTCHESTER )

On this 22nd day of August , 19 97 , before me personally came Stephen Faye and Katie Faye to me known and known to me to be the individual(s) described in and who executed the foregoing instrument, and acknowledged to me that they executed the same.

_____
(NOTARY PUBLIC)

HOWARD L. SHERMAN
Notary Public, State of New York
No. 02SH5022236
Qualified in Westchester County
Commission Expires June 30, 19__

RMC 3

4