413372

ADVANCE ABSTRACT CORP.

## MORTGAGE

This Mortgage is made and dated August 22, 1997

**Parties**

Between Stephen Faye and Katie Faye with an address of 2141 Brookside Avenue, Yorktown Heights, New York 10598 (the "Borrower")

and Residential Money Centers, Inc. with an address of 20 Craig Road, Montvale, New Jersey 07645 (the "Lender")

Borrower promises and agrees as follows:

**Definitions**

1. In this Mortgage, the term "Borrower" shall mean all borrowers under this Mortgage. The term "Lender" shall mean the Lender named above, all lenders under this Mortgage and any other holder or taker of this Mortgage and the Mortgage Note described below by transfer. The terms "Lender" and "Borrower" shall also include the heirs, executors, administrators, successors and assigns of them.

**Transfer of Note and Mortgage**

2. Lender may transfer this Mortgage and the Mortgage Note without notice to Borrower.

**Underlying Debt**

3. Lender has made a loan to Borrower in the principal amount of One hundred fifty four thousand seven hundred******** and 00/100 Dollars ($ 154,700.00 ) (the "Loan"). Borrower has signed a Mortgage Note, dated August 22, 1997 (the "Note") as evidence of the Loan. In the Note, Borrower promises to repay the Loan plus interest in accordance with the terms of the Note which has a maturity date of August 27, 2017.

**Terms of Note Incorporated**

4. The terms of the Note are incorporated in and made a part of this Mortgage.

**Transfer of rights in the Property**

5. To secure the payment by Borrower of the Note, and to secure the obligations of the Borrower under this mortgage the Borrower hereby mortgages to Lender the following property (the "Property"):

(a) All the land described on Schedule "A" annexed hereto and made a part hereof (the "Land");

(b) Together with all buildings and other improvements now or in the future located on the Land (the "Improvements");

(c) Together with all fixtures now or hereafter affixed to the Improvements;

(d) Together with all other rights which to Borrower now has or may acquire with regard to the Land and/or the Improvements, including but not limited to condemnation awards and awards for changes of grade of streets.

**Payment**

6. Borrower will repay the Loan in accordance with the terms of the Note. Borrower will pay interest at the rate provided in the Note both before and after any default under the Note or this Mortgage, and until satisfaction in full of any judgment rendered on the Note or this Mortgage.

**Insurance**

7. Borrower will keep the buildings on the Property insured against loss

Said premises improved by a one or two family dwelling.

Dist:    Sec: 10,12 Blk: 39  Lot: 68

by fire and other risks included in the standard form of extended coverage insurance. The amount of insurance coverage shall be approved by Lender but shall not exceed the full replacement value of the buildings and improvements. Borrower shall pay premiums for all insurance policies when due. Borrower shall assign and deliver all insurance policies to Lender. The insurance policies shall contain the standard New York mortgagee clause in the name of Lender as mortgagee. Upon Borrower's failure to keep the buildings insured, Lender may obtain the insurance. Borrower shall, within 30 days after notice and demand, insure the Property against any other risk reasonably required by Lender, including war risk.

| | |
|---|---|
| Maintenance No sale or Alteration | 8. Borrower shall keep the Property in good repair. Borrower shall not, without the prior written consent of Lender, materially alter, demolish or remove the buildings and improvements on the Property, or sell all or any part of the Property. Borrower shall not abandon the Property. Lender may inspect the Property on reasonable notice to Borrower. Borrower shall make such repairs as Lender may reasonably require. |
| Taxes, etc. | 9. Borrower shall pay all taxes, assessments, sewer rents and water rates and all other charges against the Property when they are due. Borrower shall produce receipts for these payments within 10 days after Lender's demand for them. Borrower shall neither claim nor be entitled to any credit against the principal and interest due under the Note on account of Borrower's payment of these charges. |
| Statement of Amount due, etc. | 10. Within five days after request in person or within ten days after request by mail, Borrower shall give to Lender a signed statement as to (i) the amount due under this Mortgage and (ii) any offsets or defenses against the Note or this Mortgage. |
| Warranty of Title | 11. Borrower warrants the title to the Property and Borrower shall defend that title against all adverse claims. Borrower shall be responsible for any costs or losses of Lender if an interest in the Property, other than the prior mortgage referred to in paragraph 13 below, is claimed by others. |
| Lien law Section 13 | 12. In accordance with the trust provisions of Section 13 of the New York Lien Law, Borrower shall receive the advances secured by this Mortgage and hold the right to receive these advances as a trust fund to be applied, first to pay the costs of improvement before using any part of these advances for any other purpose. |
| Prior Mortgage | 13. This Mortgage is subject and subordinate to a first mortgage on the Property held by    N/A    with an unpaid principal balance not in excess of  ($         .00) DOLLARS. |
| Default and acceleration of Note | 14. Lender may declare the entire unpaid balance of the Note and accrued interest on the Note to be immediately due and payable upon any default by Borrower. |

The happening of any of the following shall constitute a default by Borrower:

(a) If Borrower fails to make any payment required by the Note and/or this Mortgage within 15 days of the date it is due;
(b) If Borrower fails to keep any other promise or agreement in this Mortgage within the times set forth, or if no time is set forth, within a reasonable time after notice is given that Borrower is in default;
(c) If Borrower sells, conveys or otherwise transfers title to all or

2

**Fidelity National Title Insurance Company**
OF NEW YORK

## SCHEDULE A (Description)

TITLE NO. 413372
(FNT413372W)

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF YORKTOWN, COUNTY OF WESTCHESTER AND STATE OF NEW YORK, bounded and described as follows:

BEGINNING at a point on the southerly side of Brookside Avenue (formerly Brookside West) which point is 660.14 feet easterly as measured along the southerly side of Brookside Avenue from the easterly end of a curve having a radius of 25 feet connecting the southerly side of Brookside Avenue and the easterly side of Saw Mill River Road as the same are shown on a certain map entitled, "Map of Amawalk Nursery Gardens" dated May 29, 1950, and filed in the Office of the Clerk of the County of Westchester on October 11, 1950, as Map No. 7215, said point of beginning being the northwesterly corner of the premises herein described and the northeasterly corner of premises now or formerly of Edwin Percich;

RUNNING THENCE along the southerly side of Brookside Avenue North 39 degrees 20 minutes 10 seconds east 19.20 feet and easterly on a curve to the right having a radius of 150 feet, a distance of 165.97 feet to a point on the westerly side of land now or formerly of Catherine Spina;

RUNNING THENCE along the same South 3 degrees 08 minutes 00 seconds east 270.22 feet to a point;

RUNNING THENCE South 86 degrees 52 minutes 00 second West 50 feet to the easterly side of lands now or formerly of Edwin Percich;

RUNNING THENCE along the same North 31 degrees 24 minutes 45 seconds West 241.93 feet to the point of BEGINNING.

SAID PREMISES also known as 2141 BROOKSIDE AVENUE, YORKTOWN HEIGHTS, NEW YORK.

Section 10.12, Block PARCEL 39, Lot 68

Form TRPFYNY Rev. 09/09/96

any part of the property;

(d) If on application of Lender, two or more insurance companies licensed to do business in New York State refuse to issue policies insuring the buildings and improvements on the Property;

(e) If Borrower fails to make any payment required by any prior mortgage;

(f) If Borrower fails to keep any other promise or agreement in any prior mortgage.

| | | |
|---|---|---|
| Foreclosure sale | 15. | Upon Borrower's default under this Mortgage and the sale of the Property in foreclosure, the Property may be sold in one parcel. |
| Receiver | 16. | Upon Lender's suit to foreclose this Mortgage, Lender shall have the right to have a receiver appointed to take control of the Property. |
| Payment of rent and eviction after default | 17. | Upon Borrower's default under this Mortgage, Borrower shall pay monthly in advance to Lender, or to a receiver who may be appointed to take control of the Property, the fair rental for the use and occupancy of that part of the Property that is in the possession of Borrower. Upon Borrower's failure to pay rent when due, Borrower shall vacate and surrender the Property to Lender or to the receiver. Borrower may be evicted by summary proceedings or other court proceedings. |
| Attorney's fee on Foreclosure | 18. | In the event of a foreclosure of this Mortgage, Lender's reasonable attorneys fees (if collection of this Mortgage is referred to an attorney who is not a salaried employee of the Lender) shall be added to the sums owed by Borrower to Lender and shall be secured by this Mortgage. |
| Late Charge | 19. | Borrower agrees to pay a late charge, equal to two (2%) percent of each monthly installment due, for each monthly installment not paid in full within fifteen (15) days of its due date. A late charge may be collected at the time it accrues or at any time thereafter and shall be secured by this Mortgage. |
| Assignment of rents | 20. | Borrower hereby assigns to Lender the rents, issues and profits of the Property as further security for the payment of the indebtedness secured by this Mortgage. This assignment and grant shall continue in effect until the Note and this Mortgage are paid in full. |
| Applicable law | 21. | Lender shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to any other or different rights Lender may have under this Mortgage. |
| Lender's right to make payment | 22. | Lender may but shall not be required to pay any of the following expenses of the Property when due if Borrower does not: real estate taxes, assessments, sewer rents, water charges, premiums for property insurance, repairs and maintenance, payments due under any prior mortgage, and payments of any other charges or claims against the Property if necessary to protect Lender's rights under and the security provided by this Mortgage. Any such payments by Lender shall not be deemed to cure Borrower's default in failing to make such payments. All payments made by Lender under this Section 22 shall be deemed advances under this Mortgage. Such payments shall be added to the principal and shall be secured by this Mortgage. Borrower shall reimburse Lender for such payments, with interest, upon Lender's written demand. Interest shall be charged from the time of payment by Lender at the rate set forth in the Note. |
| Lender's rights, no waiver | 23. | Lender's delay or failure to exercise any right or remedy granted to Lender in this Mortgage or by applicable law shall not be a waiver of or |

3

|  |  |
|---|---|
|  | prevent the later exercise by Lender of any such right or remedy. Lender may exerciseany one or more rights or remedies available to Lender at anytime. |
| Notices | 24. Notices, demands or requests shall be in writing and may be delivered in person or sent by mail to the intended party at the addresses set forth in this Mortgage or such other addresses as may be designated in writing. |
| Changes must be in writing | 25. This Mortgage may not be changed or terminated except by an agreement in writing signed by both Lender and Borrower. |
| Governing law | 26. This Mortgage shall be governed by the laws of the State of New York and any applicable federal law. In the event of a conflict between any provision of this Mortgage and any federal or New York statute, law or regulation in effect as of the date of this Mortgage, the statute, law or regulation shall control to the extent of such conflict and the conflicting provision contained in this Mortgage shall be without effect. All other provisions of this Mortgage shall remain fully effective and enforceable. |
| Liability | 27. This Mortgage shall bind each person who signs below as Borrower and each such person shall be separately and fully liable. |
| One or two family dwelling | 28. This Mortgage does ✓ , does not , encumber real property principally improved by a one or two family dwelling. |

"DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT."

IN WITNESS WHEREOF, Borrower has signed this Mortgage as of this 22nd day of August, 1997.

WITNESS

BORROWER

_Stephen Faye_
Stephen Faye

_Katie Faye_
Katie Faye

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF WESTCHESTER )

On this 22nd day of August, 19 97, before me personally came Stephen Faye and Katie Faye to me known and known to me to be the individual(s) described in and who executed the foregoing instrument, and acknowledged to me that they executed the same.

_____
(NOTARY PUBLIC)

HOWARD L. SHERMAN
Notary Public, State of New York
No. 02SH4522236
Qualified in Westchester County
Commission Expires August, 19__

RMC 1

4

## MORTGAGE

Stephen Faye

Katie Faye

To

Residential Money Centers, Inc.

Dated:             August 22,       19 97

State of New York
County of Westchester           ,
Recorded on the       day of                 , 1997 ,
at       o'clock    .M.

in Liber            of Mortgages at page

Section   10.12

Block    39

Lot      68

County    Westchester

Record and Return to:

Residential Money Centers, Inc.
20 Craig Road
Montvale, New Jersey 07645

5