## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. 3926 |

## ORDER PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 (I) DISALLOWING AND EXPUNGING CERTAIN BOOKS AND RECORDS CLAIMS AND (II) REDUCING AND RECLASSIFYING CERTAIN CLAIMS SET FORTH ON THE DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS

Upon the Debtors' Fifth Omnibus Objection to Claims:  Substantive Objection Pursuant to §§ 502 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules") to certain (i) Books and Records Claims, and (ii) Reduced and/or Reclassified Claims (the "Fifth Omnibus Objection");[2] and it appearing that notice of the Fifth Omnibus Objection was good and sufficient upon the particular circumstances, and that no other further notice need be given; and

---

[1] The debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] All capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Fifth Omnibus Objection.

the Court having considered the Fifth Omnibus Objection, the Claims listed on Exhibits A and B, and any responses thereto, and the Brents Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

FOUND AND DETERMINED THAT:

A.    This Fifth Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2); and

B.    Each holder of a claim (as to each, a "Claim") listed on Exhibits A and B attached to the Fifth Omnibus Motion was properly and timely served with a copy of the Fifth Omnibus Objection, the Proposed Order, the accompanying exhibits, and the Notice; and

C.    Any entity known to have an interest in the Claims subject to the Fifth Omnibus Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Fifth Omnibus Objection; and

D.    The relief requested in the Fifth Omnibus Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Fifth Omnibus Objection is GRANTED.

2.    The Books and Records Claims listed on Exhibit A attached hereto are hereby disallowed and expunged in their entirety.

3.    The Reduced and Reclassified Claims listed on Exhibit B attached hereto are hereby reduced and/or reclassified as set forth on Exhibit B.

4.    The objection is continued to January 9, 2008 at 1:30 p.m. with respect to the following Claims:  Cedar Hill Independent School District [Claim No. 173], City of DeSoto [Claim No. 1753], City of Frisco [Claim No. 342], City of Memphis TN [Claim No. 344], City

2

of Richardson [Claim No. 194], County of Denton, Denton County Fresh Water District No. 6 [Claim No. 472], County of Santa Clara [Claim No. 440], County of Santa Clara [Claim No. 441], County of Williamson Lender Independent School District [Claim No. 473], Cypress Fairbanks ISD [Claim No. 1307], Dallas County [Claim No. 296], DeSoto ISD [Claim No. 1754], Edcouch Elsa ISD [Claim No. 447], Fort Bend County [Claim No. 528], Grayson County [Claim No. 561], Harris County, *et al.* [Claim No. 1314], Hidalgo County [Claim No. 700], Hunt County [Claim No. 690], Hunt County [Claim No. 662], La Joya ISD [Claim No. 680], Limestone County [Claim No. 343], Maricopa County Treasurer [Claim No. 290], McLennan County [Claim No. 439], Mexia Independent School District [Claim No. 457], Montgomery County [Claim No. 526], Parker CAD [Claim No. 295], South Texas College [Claim No. 547], South Texas ISD Hidalgo Co [Claim No. 597], Tax Appraisal District of Bell County [Claim No. 471], Walker County Appraisal District [Claim No. 1203], Wilson County [Claim No. 466], Bexar County [Claim No. 307], County of Santa Clara [Claim No. 442], Nueces County [Claim No. 596], Orange County Treasurer Tax Collector [Claim No. 3339], and Tarrant County [Claim No. 294].

5.      This Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Fifth Omnibus Objection with respect to any matters related to or arising from the Fifth Omnibus Objection or the implementation of this Order.

6.      Each Claim and the objections by the Debtors to such Claim, as addressed in the Fifth Omnibus Objection and as set forth on Exhibits A and B hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the

contested matter which involves such Claimant and shall not act to stay the applicability and/or

finality of this Order with respect to the other contested matters listed in the Objection of this

Order.

Dated: December 28, 2007
      Wilmington, Delaware

                                THE HONORABLE KEVIN J. CAREY
                                UNITED STATES BANKRUPTCY JUDGE

4