UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Bk. No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al., | § | (Jointly Administered) Chapter 11 |
| Debtors | § | |

TAX ENTITIES' RESPONSE TO THE DEBTORS'
SEVENTH OMNIBUS OBJECTION TO CLAIMS AND
REQUEST FOR APPROVAL OF FILING OF SECURED TAX CLAIM
AFTER OCTOBER 2, 2007 UNDER 11 U.S.C. § 502(b)(9)
NOTWITHSTANDING BAR DATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**NOW COME**, Brazoria County M.U.D. #21 (Claim #3526), Brazoria County M.U.D. #28 (Claim #3527), Brazoria County Tax Office (Claim #3525), Emerald Forest Utility District (Claim #3528), Harris County M.U.D. #239 (Claim #3529), Harris County M.U.D. #132 (Claim #3482), Harris County M.U.D. #96 (Claim #3481), Humble Independent School District (Claim #3484), Klein Independent School District (Claim #3530), Midtown Management District (Claim #3531), Spring Independent School District (Claim #3532), Trail of the Lakes M.U.D. (Claim #3483), West Keegans Bayou I.D. (Claim #3533)**,** (hereinafter "Tax Entities"), Creditors, and file the following Response to the Debtors' Seventh Omnibus Objection to Claims and Request for Approval of Filing of Secured Tax Claim after October 2, 2007 Under 11 U.S.C. § 502(b)(9) Notwithstanding Bar Date and as grounds therefore would state the following:

### Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. This Response is designated as a contested matter pursuant to Rule 9014 of the Bankruptcy Rules.

**Preliminary Statement**

2.     The Tax Entities are fully secured ad valorem tax Creditors of the Debtors and the Estate, holding first priority perfected liens against property of the Estate. The Tax Entities' Claims are secured pursuant to Texas Property Tax Code §§ 32.01 and 32.07, *et seq*.

3.     The Tax Entities previously filed Secured Tax Claims Claim for pre-petition ad valorem taxes.

**Response to Objection**

4.     Debtors have objected to Taxing Entities secured claims because they were filed two days after the governmental bar date.

5.     To the best of Taxing Entities knowledge, Debtors are the lienholders of real property located in Texas, property which secures the tax lien for which Taxing Entities filed their secured claim.

6.     The Taxing Entities request entry of an order pursuant to 11 U.S.C. § 502(b)(9), Federal Rules of Bankruptcy 3002(c)(1), 3003(c)(3) and 9006(b), Rule 3003 of the Local Rules for the Southern District of Texas, and (c), Rule 60(b) of the Federal Rules of Civil Procedure, authorizing and approving the filing of the October 4, 2007 proof of claim, notwithstanding the Bar Date.

**Basis for Relief**

7.     Rule 3003(3) provides the "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed…"

8.     Rule 9006(b)(3) provides that "[t]he court may enlarge the time for taking action under Rules…3002(c)…only to the extent and under the conditions stated in those rules."

9. The filing of the Taxing Entities claim on or about October 4, 2007, was at most the result of "excusable neglect".

10. The filing of the Taxing Entities claim on or about October 4, 2007 will not prejudice the Debtors or any other creditors in this case.

11. The filing of the Taxing Entities claim on or about October 4, 2007 will not impact the efficient court administration of this case.

12. The filing of the Taxing Entities claim on or about October 4, 2007 was beyond the reasonable control of the person or persons whose duty, if any, it was to file the claim.

13. In filing its claim on or about October 4, 2007, Taxing Entities acted in good faith.

14. Taxing Entities requests relief from the bar date orders of October 9, 2002 and December 20, 2002, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the basis of mistake, inadvertence, surprise, or excusable neglect.

15. Taxing Entities has attempted to contact the attorney for the Debtors and the attorney for the Unsecured Creditor's Committee to discuss the matters asserted in this Request. However, the parties have been unable to confer yet.

WHEREFORE PREMISES CONSIDERED, the Tax Entities request this Honorable Court to take notice of this Response, deny the Debtors' Seventh Omnibus Objection, approve the late filing of their secured tax claims, allow their secured tax claims and for such other relief as is just and proper.

DATED: December 28, 2007        PERDUE, BRANDON, FIELDER, COLLINS & MOTT LLP

              **By:/s/ Yolanda M. Humphrey**
              YOLANDA M. HUMPHREY
              SBOT NO. 24009764
              1235 North Loop West, Ste. 600
              Houston, Texas 77008
              Telephone: (713) 862-1860
              Telecopier: (713) 862-1429

              Attorney for Tax Entities

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served on December 28, 2007, by first class mail, postage prepaid, upon all persons identified on the attached Service List.

              /s/ Yolanda M. Humphrey
              Yolanda M. Humphrey

## SERVICE LIST

**Counsel to Debtors and Debtors in Possession**:
Christopher M. Samis
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Suzzanne S. Uhland
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111