IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Objection Deadline: January 30, 2008 at 4:00 p.m. |
| | : | Hearing Date: February 6, 2008 at 1:30 p.m. |

**DEBTORS' NINTH OMNIBUS OBJECTION: SUBSTANTIVE
OBJECTION PURSUANT TO 11 U.S.C. §§ 502 AND 507,
BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1
TO CERTAIN REDUCED AND/OR RECLASSIFIED CLAIMS**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through the undersigned counsel, hereby object (the "Ninth Omnibus Objection"), pursuant to sections 502 and 507 of Title 11 of the United States Code. 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules") to certain claims (the "Reduced and/or Reclassified Claims" or the "Claims") listed on

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Exhibit A attached hereto, that have been asserted in excess of the amounts reflected in the Debtors' books and records and/or have been improperly filed as priority or secured claims. In support of this Ninth Omnibus Objection, the Debtors rely on the Declaration of Andrew Wagner in support of the Ninth Omnibus Objection (the "Wagner Declaration"), which is attached hereto as Exhibit B. In further support of this Ninth Omnibus Objection, the Debtors respectfully represent as follows:

## Jurisdiction

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.     The Chapter 11 Filings

1. On April 2, 2007 (the "Petition Date"), the Debtors each filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

2. On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases. The Court entered an order granting the U.S. Trustee's motion for the appointment of Michael J. Missal as examiner on June 7, 2007.

### B.     Bar Date and Proofs of Claim

3. On June 28, 2007, the Court entered an *Order (A) Fixing General Bar Date for Filing Proofs of Claim, (B) Approving Procedures for Filing Proofs of Claim, and (C)*

*Approving Form, Manner and Sufficiency of Notice of the General Bar Date and Procedures for Filing Proofs of Claim* (the "Bar Date Order"), which, among other things, established August 31, 2007 at 5:00 p.m. (the "General Bar Date") as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) (the "Claimants") against one or more of the Debtors, except for claims against New Century Warehouse Corporation,[2] to file and serve a written proof of claim for payment of any such claim. The General Bar Date applies to all purported claims held by non-governmental units against the Debtors arising prior to the Petition Date.[3] Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. To date, approximately 3,492 proofs of claim (collectively, the "Proofs of Claim") have been filed asserting claims against the Debtors (collectively, the "Claims").

4.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. The Debtors and their advisors have commenced a review of the Proofs of Claim filed in these cases (including any supporting documentation) and a comparison of the Claims asserted in the Proofs of Claim with the Books and Records to determine the validity of the asserted Claims. Based on these reviews, for the reasons set forth in

---

[2] Debtor New Century Warehouse Corporation ("NC Warehouse") did not file its chapter 11 petition until August 3, 2007. As such, the Bar Date Order does not apply with respect to claims against NC Warehouse. On October 23, 2007, the Court entered an Order Establishing Bar Dates for Filing Proofs of Claims in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner, and Sufficiency of Notice Thereof, which, among other things, established December 14, 2007 at 5:00 p.m. as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against NC Warehouse to file and serve a written proof of claim for payment of any such claim. The deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file and serve a written proof of claim for payment of any such claim is 5:00 p.m. (Eastern Time) on January 31, 2008.

[3] The Bar Date Order provides that the Bar Date for governmental units (as defined in section 101(27) of the Bankruptcy Code was 5:00 p.m. (Eastern Time) on October 2, 2007.

3

RLF1-3239034-1

more detail below, the Debtors have determined that certain Claims asserted against the Debtors in the Proofs of Claim are objectionable on substantive grounds.

## Relief Requested

5.  By this Objection, the Debtors object to the Claims and, for the reasons described below, seek entry of the Proposed Order, pursuant to sections 502(b), 503, 506(a), and 507 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing, expunging, reducing, and/or reclassifying the Claims as set forth below.

## Bases for Relief Requested

6.  Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors assert that, based on their review and analysis of their Books and Records, the register of Claims and the Proofs of Claim and supporting documentation, the filed amounts and/or classifications of the Reduced and/or Reclassified Claims are incorrect. Therefore, these filed amounts and/or classifications are not enforceable under any applicable law or agreement and, thus, the Debtors are not liable for such Claims.

7.  The Debtors, upon a thorough review of their Books and Records and the Proofs of Claim, have identified one hundred and thirty-three (133) Claims that were filed in the incorrect amounts and/or classifications set forth on Exhibit A. As such, these Reduced and/or Reclassified Claims should be reclassified and/or reduced. Thus, the Debtors object to the Claims and request the entry of an order reducing and/or reclassifying such Claims in accordance with Exhibit A.

4

### Separate Contested Matters

8.      Each of the Claims and the Debtors' objections thereto as asserted in this Ninth Omnibus Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. The Debtors request that any order entered by the Court with respect to an objection asserted in this Ninth Omnibus Objection shall be deemed a separate order with respect to each Claim.

### Responses to the Ninth Omnibus Objection

**A.      Filing and Service of Responses**

9.      Pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court, to contest an Objection a Claimant must file a written response to the Ninth Omnibus Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, Wilmington, Delaware 19801; and the Response must be served so as to be <u>received</u> by the undersigned counsel to the Debtors no later than January 30, 2008 at 4:00 p.m. (Prevailing Eastern Time).

**B.      Contents of Responses**

10.     Every Response to an Objection must contain at a minimum the following information:

   a.   a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

   b.   the name of the Claimant and description of the basis for the amount of the Claim; a concise statement specifically setting forth the reasons why the Claim should not be disallowed by the Court in the manner set forth in the Objection, including, but not limited to, the specific factual and legal bases in support of the Response;

   c.   all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Court, upon which the Claimant will rely in opposing the Objection;

        d.    the address(es), if different from that or those presented in the Claim, to which the Debtors must return any reply to the Response; and

        e.    the name, address, and telephone number of the person (who may be a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim.

11. If a Response contains an address different from that stated on the Proof of Claim actually filed, that address in the Response shall control and shall be the service address for other future service of papers.

C. **Timely Response Required; Hearing; Replies**

12. If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Ninth Omnibus Objection and the Response on February 6, 2008 at 1:30 p.m. (Prevailing Eastern Time), or such other date and time as parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors reserve the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

13. If a Claimant whose Claim is subject to the Ninth Omnibus Objection, and who is served with the Ninth Omnibus Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Claim <u>without further notice to the Claimant</u>.

14. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Claimant's Response no later than 4:00 P.M. (Prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Ninth Omnibus Objection.

**Notice**

15. The Debtors will serve copies of this Ninth Omnibus Objection by first-class United States mail, postage prepaid, upon each of the Claimants identified in Exhibit A to the Proposed Order at the addresses listed in the Proofs of Claim. Copies of this Ninth Omnibus Objection also shall be served upon the U.S. Trustee, counsel to the Committee, the Examiner appointed in these chapter 11 cases, and all persons filing notices of appearance in these cases.

**Statement of Compliance with Local Bankruptcy Rule 3007-1**

16. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Ninth Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully request that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Order attached hereto as Exhibit C disallowing and expunging the Reduced and/or Reclassified Claims; and (b) grant such other and further relief as is just and proper.

Dated: December 28, 2007  
Wilmington, Delaware

Respectfully submitted,

/s/ Mark M. Collins  
Mark Collins (No. 2981)  
Michael J. Merchant (No. 3458)  
Christopher M. Samis (No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, DE 19801  
(302) 651-7700

-and-

RLF1-3239034-1

Suzzanne S. Uhland
Emily R. Culler
Ana Acevedo
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA  94111
(415) 984-8700

COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION