```
                   UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE


In the Matter of:              )   Case No.: 07-10416
                               )
                               )
                               )   Wilmington, Delaware
NEW CENTURY TRS HOLDINGS, INC.,)   December 20, 2007
et al.                         )   1:32 p.m.


                     TRANSCRIPT OF OMNIBUS HEARING
                 BEFORE THE HONORABLE KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:             MICHAEL J. MERCHANT, ESQUIRE
                         CHRISTOPHER M. SAMIS, ESQUIRE
                         Richards, Layton & Finger, P.A.
                         One Rodney Square
                         920 North King Street
                         Wilmington, DE 19801



For Creditor 303         SOL M. ISRAEL, ESQUIRE
Griffin Associates:      Sol Israel and Associates
                         185 Madison Avenue
                         New York, NY  10016



For Creditor Maricopa    MADELINE C. WANSLEE, ESQUIRE
County:                  Gust Rosenfeld, P.L.C.
                         201 East Washington Street
                         Suite 800
                         Phoenix, AZ  85004



For Ad Hoc Deferred      JOSEPH H. HUSTON, JR., ESQUIRE
Claimants:               Stevens & Lee, P.C.
                         1105 North Market Street - 7th Floor
                         Wilmington, DE  19801



For Creditor's           CHRISTINE S. AZAR, ESQUIRE
Committee:               Blank Rome, LLP
                         Chase Manhattan Centre
                         1201 Market Street - Suite 800
                         Wilmington, DE  19801



Audio Operator:          BRANDON MCCARTHY
```

```
Transcribed by:            DIANA DOMAN TRANSCRIBING
                           P.O. Box 129
                           Gibbsboro, New Jersey  08026-0129
                           Office:  (856) 435-7172
                           Fax:     (856) 435-7124
                           E-mail:  dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

I N D E X

| ARGUMENT: | PAGE NUMBER |
|---|---|
| By Mr. Merchant | 4, 13 |
| By Mr. Samis | 5, 12 |
| By Mr. Israel | 10 |
| By Ms. Wanslee | 11 |

- - -

1    (The following was heard in open court at 1:32 p.m.)

2            THE COURT: Good afternoon.

3            ALL: Good afternoon, Your Honor.

4            MR. MERCHANT:  Your Honor, Mike Merchant of
5    Richards, Layton and Finger on behalf of the debtors.
6    Your Honor, I think there's just a couple matters on
7    the agenda for today.

8            The first one is Matter Number 21 which was a
9    stipulation relating to the assumption of a Microsoft
10   Licensing Agreement.  That motion was actually filed by
11   Carrington and I believe they filed a certificate of no
12   objection late yesterday after the agenda was filed.

13           THE COURT:  I've signed the order.

14           MR. MERCHANT:  Okay.  Thank you, Your Honor.
15   Your Honor, Matters Number 22 through 25 are claim
16   objections.  We'd like to put them off to the end of
17   the hearing which leaves only one other matter which is
18   Matter Number 26, which is the debtor's motion to
19   reallocate certain investments in connection with their
20   deferred compensation plans.

21           There were a number of objections filed with
22   respect to that motion.  Those objections, however,
23   have all be resolved through a consensual form of order
24   which we filed under certification of counsel
25   yesterday.  I don't know whether Your Honor has any

1  questions regarding the motion or whether Your Honor
2  would like me to walk through exactly what we're
3  requesting in connection with the motion.
4          THE COURT:  I've received the papers,
5  reviewed them and signed the order.
6          MR. MERCHANT:  Oh, terrific, Your Honor.
7  Then I concede the podium back over to Mr. Samis and he
8  will be addressing the claim objections.
9          THE COURT:  All right.
10         MR. HUSTON:  Good afternoon, Your Honor.
11 Joseph Huston of Stevens and Lee on behalf of the
12 deferred claimants.  I did not see the order on the
13 docket.  We came only for that one matter and with
14 that, may I be excused?
15         THE COURT:  You may.  It hasn't -- I signed
16 it, I think, within the last hour or so.
17         MR. HUSTON:  Oh, very good.  Thank you very
18 much.
19         THE COURT:  All right.
20         MS. AZAR:  Your Honor, Christine Azar of
21 Blank Rome.  I also came for that one matter.  If I may
22 be excused?
23         THE COURT:  You may.
24         MS. AZAR:  Thank you.
25         MR. SAMIS:  Good afternoon, Your Honor.

1   Chris Samis from Richards, Layton and Finger on behalf
2   of the debtors.  There are three claims objections, I
3   believe, that are listed on the agenda today.  I'll
4   just take them in order.
5           With respect to the debtor's first omnibus
6   objection, all of those matters are continued.  We're
7   actually engaged in a documentation exchange with
8   respect to the claims that are still listed on those
9   exhibits.
10          With respect to Item 23, the debtor's second
11  omnibus objection, we settled two of those claims.
12  There are two others that are continued.  And
13  unfortunately, Your Honor, I come to you today as a man
14  without orders.  There's a database issue with
15  AlixPartners right now where all of the amounts that
16  are listed in the database --
17          THE COURT:  I'm sorry to interrupt, Counsel.
18  Let me ask the phone participants to make sure their
19  phones are on mute.  Thank you.
20          MR. SAMIS:  And all of the claim amounts are
21  showing up as zero, they're trying to correct that
22  situation now.  But all of the orders today, I'd like
23  to submit under certification of counsel after the
24  hearing if possible.
25          THE COURT:  Okay.

1      MR. SAMIS:  So, the two settled claims are
2 the claim of receivable management services and the
3 claim of PFS Marketwise and those settlements we
4 reflected on the exhibits.
5      As for docket -- Agenda Item 24, the debtor's
6 fourth omnibus objection to claims, this is the only
7 objection that we have on today where we're actually
8 seeking to move forward with a few matters.
9      With respect -- and I'll take the responses
10 on this one just in order.  With respect to the
11 objection to the debtor's fourth omnibus objection by
12 Donald E. and Judy S. Williams, the debtors are
13 actually going to withdraw the objection with respect
14 to that claim.
15      THE COURT:  Okay.
16      MR. SAMIS:  With respect to the claim of
17 Euripides George Demos, Your Honor will recall from the
18 last hearing Mr. Demos actually had his claim amended.
19 The amended claim is now the claim that the debtors are
20 seeking to object to, Claim Number 890 -- 881 listed on
21 Exhibit B to the fourth omnibus objection in much the
22 same fashion as the claims that the debtors objected to
23 at that last hearing.
24      The claim is in the amount of $7,500.  $5,000
25 of that amount is on account of a guarantee against

1  commission.  The other 2,500 is on account of actual
2  commission, on loans that Mr. Demos purportedly
3  originated on behalf of the debtors.
4          However, the debtors have no record of those
5  loans which is why he was listed on the books and
6  records -- I'm sorry, the --
7          THE COURT:  Supporting documentation.
8          MR. SAMIS:  -- supporting documentation,
9  yeah, portion of that claim's objection.
10         The way that I found out about the breakdown
11 of the claims since there was nothing provided was I
12 contacted Mr. Demos and he provided me with that
13 information.  He also furnished a copy of his
14 employment contract, which I can hand up to Your Honor
15 if you'd like to take a look at that.
16         THE COURT:  Well, is Mr. Demos present or on
17 the telephone today?  I don't see him on the --
18         AUDIO OPERATOR:  He's not on the phone.
19         THE COURT:  Yeah, I don't see him on the
20 sign-in list and he hasn't sit up here in the
21 courtroom.
22         MR. SAMIS:  He didn't indicate that he was
23 going to appear, Your Honor.  I just wanted to make it
24 known that I had communicate with him in order to try
25 to determine what it was that his claim was based upon.

1            THE COURT:  No, I appreciate that.  I need
2    nothing further in connection with the debtor's
3    objection or the response.
4            MR. SAMIS:  Okay.  Thank you, Your Honor.
5    The other contested claim that's on for today or -- is
6    the claim of Michael F. Clancy.  This is another no
7    supporting documentation claim.
8            Again, I contacted Mr. Clancy.  He indicated
9    that he was going to provide support by 12-12-07, but
10   he never provided that support.  I believe he was a
11   branch manager, but I'm not exactly sure what the claim
12   is on account of.
13           And with respect to the claims of Clear
14   Capitol, that claim was settled and that will be
15   reflected on the revised exhibits.  The claim of Foley
16   and Mansfield has been continued, the claim of -- and
17   the claim of Residential Mortgage Solution has been
18   continued.
19           THE COURT:  Very well.
20           MR. SAMIS:  And on that finally, Your Honor,
21   that brings us to Agenda Item 25 which is the debtor's
22   fifth omnibus objection. We settled the claim of
23   Lubbock County, Texas.  The remainder of these claims,
24   though, are kind of -- we've been pushing to have a
25   thorny document exchange issue, so we're working

1   through them and we've continued those also.

2            And, with that, that wraps up the claims
3   objections for today.

4            THE COURT:  All right.  Just let me ask,
5   anyone else care to be heard in connection with any of
6   the claims objections?

7            MR. ISRAEL:  I do.

8            THE COURT:  Okay.

9            MR. ISRAEL:  Sol Israel for 303 Griffin
10  Associates.

11           THE COURT:  Go ahead.

12           MR. ISRAEL:  We're the first listed amended
13  claim on Exhibit A.  The amended claim amount misstates
14  our administrative claim, it says it's zero.  It should
15  be 13,348, and it misstates our unsecured claim which
16  should be listed as $159,620, and the total claim then
17  being 172,698.

18           We did submit to debtor's counsel notices of
19  objections and we'd like to have our amended claim
20  remain as stated -- as submitted, but not as stated on
21  this exhibit.

22           MR. SAMIS:  Your Honor, I received a call
23  from Mr. Israel this afternoon and I called him back.
24  I should state on the record that is correct and that's
25  going to be corrected on the amended exhibit.  That was

1  just an error in transposing on the part of
2  AlixPartners when they created the exhibit.
3          But, again, the message that I left Mr.
4  Israel indicated that we would do so.
5          THE COURT:  All right.
6          MR. ISRAEL:  So, is that to say that our
7  claim will stand as $172,698 with $13,348 as an
8  administrative claim, and 159,620 as an unsecured
9  claim?  The question.
10         MR. SAMIS:  It means -- Your Honor, if I
11 could respond?  It means that for the time being, we're
12 going to amend it in that amount.  It does not
13 necessarily mean that at some other point the debtors
14 won't object to it for some other reason.
15         MR. ISRAEL:  So, the remaining claim amounts
16 will also be revised to reflect our amended claim
17 amounts?
18         MR. SAMIS:  That's correct.
19         THE COURT:  Does anyone else care to be
20 heard?
21         MS. WANSLEE:  Yes, Your Honor.  This is
22 Madeline Wanslee, attorney on behalf of the Maricopa
23 County Treasurer -- pardon me, and this is in
24 connection with the fifth omnibus objection.  We did
25 file a response to that objection on December 13th,

1     2007 and I haven't had any communication with debtor's
2     counsel.
3            The objection was to our Claim Number 290,
4     which had been amended and it's -- I guess I would like
5     to find out the debtor's position on whether this claim
6     will be allowed.  It's a statutory tax lien claim and
7     the basis of the debtor's objection was just that there
8     was nothing in the books and records to substantiate it
9     and the claim should be expunged.
10           But we have thoroughly provided all the
11    information to a tax (inaudible) claim concerning the
12    amount of the claim and my objection directed debtor's
13    counsel to the relevant and pertinent statutory
14    sections which (inaudible) the tax lien.
15           So, it appears to me that there's really no
16    basis remaining for that objection and I'm -- I guess I
17    didn't understand that the debtor was continuing or
18    intending to continue these matters, and I'm just
19    wondering if they intend to continue to prosecute this
20    objection or if they will withdraw the objection as to
21    our claim?
22           MR. SAMIS:  Your Honor, that is actually one
23    of the listed responses at E -- 25E on the agenda and
24    that is one of the ones that we're in the process of
25    analyzing that we've sent off to AlixPartners to have

1    them take a look at the supporting documentation and
2    determine exactly when the debtor's interest in some of
3    these properties have ceased.
4         So, that is one of the ones that we sought to
5    continue.
6         THE COURT:  All right.  Anyone else care to
7    be heard?  I hear no response.  All right.  So, you'll
8    submit orders under certification?
9         MR. SAMIS:  That's correct, Your Honor.
10        THE COURT:  All right.  Is there anything
11   else for today?
12        MR. MERCHANT:  Your Honor, there's just
13   one -- there's, I think it's the first item on the
14   agenda today is a motion the GECC Stay Relief Motion?
15        THE COURT:  Yes.
16        MR. MERCHANT:  My understanding is that we're
17   not exactly there yet, but we may be close to a
18   settlement of that motion.
19        And one inquiry I received from co-counsel
20   today is, you know, to the extent that we can reach --
21   enter into a settlement stipulation and all of the
22   necessary parties are on board with that settlement,
23   would it be possible to submit that under certification
24   before the end of the year and I was just going to
25   inquire as to Your Honor's schedule.  I don't even know

1    if they Court is going to be around next week.
2                THE COURT:  Thursday and Friday I'll be
3    around.
4                MR. MERCHANT:  Okay.
5                THE COURT:  I'll be around through the end of
6    this week and I'll be around Thursday and Friday of
7    next.
8                MR. MERCHANT:  Okay.
9                THE COURT:  Just structure-wise, what would
10   the settlement look like?
11               MR. MERCHANT:  Honestly, Your Honor, I don't
12   even know.  That's sort of the extent of what I know is
13   that a settlement is close.  I received that email
14   within the last hour.  I don't have any other details
15   yet.
16               THE COURT:  Well, the answer to your question
17   is you may, and if I have a question, I'll reach out to
18   the parties by conference telephone.
19               MR. MERCHANT:  I understand, Your Honor.
20               THE COURT:  Okay?
21               MR. MERCHANT:  Okay.  Well, thank you and
22   happy holidays.
23               THE COURT:  The same to you.  That concludes
24   this hearing.  Court is adjourned.
25                    (Proceedings concluded at 1:43 p.m.)

# **C E R T I F I C A T I O N**

I, Ritajean Wioncek, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____        _____

DATE                                RITAJEAN WIONCEK