UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | | |
| INC., a Delaware corporation, *et al.*,[1] | : | |
| | | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: January 9, 2007 at 1:30 P.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO (I) THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER DIRECTING THE CLERK OF THE COURT TO MAINTAIN THE FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL AND (II) THE MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, AND DIRECTING THE CLERK OF THE COURT TO MAINTAIN, THE DEBTORS' REPLY TO THE FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL
<u>(DOCKET ENTRY #s 4012, 4150)</u>**

In support of her objection to (i) the motion of the Debtors and Debtors in possession for an order directing the Clerk of the Court to maintain the first interim report of Michael J. Missal, Examiner (the "Report"), under seal (the "Report Motion") and (ii) the motion of the Debtors and Debtors in possession for an order authorizing the Debtors to file, and directing the Clerk of the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

Court to maintain, the Debtors' reply to the first interim report of Michael J. Missal, Examiner (the "Reply"), under seal (the "Reply Motion" and, together with the Report Motion, the "Motions"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motions.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motions and the issues raised in this objection.

## GROUNDS/BASIS FOR RELIEF

4. 11 U.S.C. § 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

5.  Federal Rule of Bankruptcy Procedure 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.  If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

6.  11 U.S.C. § 107 codifies the strong, compelling presumption of open access to judicial records and proceedings in civil matters.  See 11 U.S.C. § 107(a) ("Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."); United States v. Continental Airlines, Inc. (In re Continental Airlines), 150 B.R. 334, 340 (D. Del. 1993) (citing In re Revco D.S., Inc., No. 588-1308, 1990 WL 269887 (Bankr. N.D. Ohio Dec. 30, 1990)); In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, C.J.); cf. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785-86 (3d Cir. 1994) (discussing public interest in access to court records).  Additionally, 11 U.S.C. § 107 presumes that public access applies to any paper filed in a bankruptcy case unless the material falls within one of its specific exceptions.  See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1 (1st Cir. 2005).

7.  As the moving party, the Debtors bear the burden of establishing that the Report and the Reply should remain under seal.  "[B]lanket assertions [of privilege] are 'extremely disfavored.'" United States v. Martin, 278 F.3d 988, 1000 (9th Cir. 2002) (internal citation omitted). To the extent that the Debtors believe that portions of the Report or their Reply contain privileged

information, they bear the burden of identifying any such allegedly privileged passages with particularity.  Id. (noting that a "party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted").  Moreover, should this Court find grounds to protect such information, any relief granted must be narrowly limited only to those particular sentences and statements that require protection.  See Continental Airlines, 150 B.R. at 339.

8. Subject to certain exceptions, the attorney-client privilege protects a limited class of communications between a client-corporation and its attorney – namely, those confidential communications made for the purpose of obtaining legal advice.  See Teleglobe USA, Inc. v. BCE, Inc. (In re Teleglobe Communications Corp.), 493 F.3d 345, 359-61 (3d Cir. 2007).  Generally speaking, the attorney-client privilege does not shield a host of items covered by the Report, including facts relating to the conduct of the investigation, facts regarding the conduct of the Debtors' business, representations made in publicly-available pleadings, statements made in open court, and the Examiner's evaluation of (and conclusions regarding) the foregoing.  Accordingly, given that the Examiner does not divulge confidential attorney-client communications in the vast majority (if not all) of the Report, the Report should be made publicly available.

9. Notwithstanding their burden as the moving party to demonstrate their need for protection on a particularized basis, the Debtors have failed to identify any specific communications or passages that they contend are privileged.  Instead, they argue broadly that the entire Report should be maintained under seal because attorney-client privileged matters allegedly "permeate[]" the document.  Report Mot. ¶ 25.  Although the United States Trustee does not dispute that some of the information contained in the Report or the Reply may be subject to a valid claim of privilege,

the Debtors provide no authority for their extraordinary request to treat both of these documents as privileged in their entirety. The Report addresses the conduct of parties appearing before the Court, as well as the Examiner's conclusions regarding the accuracy of statements that are already in the public record. As a result, there is a significant public interest in affording the public access to the non-privileged portions of the Report and Reply. With respect to any discrete portions of the Report and Reply that the Debtors contend are privileged, the U.S. Trustee leaves the Debtors to their burden under 11 U.S.C. § 107(b).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue orders denying the Report Motion and the Reply Motion, without prejudice to the Debtors' right to seek redaction of individual portions of the Report and the Reply.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

BY:  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date:  January 2, 2008