UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY HOLDINGS, INC., a Delaware ) | Case No. 07-10416 (KJC) |
| corporation, et al.[1] ) | Jointly Administered |
| Debtor. ) | |
| ) | Hearing Date: 1/9/08 at 1:30 p.m. |
| | Objection Deadline: 1/2/08 |

### OBJECTION TO MOTION OF WELLS FARGO BANK, N.A. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C § 503(B)(1)(A)

Gregory J. Schroeder ("Schroeder"), Michelle Parker ("Parker"), Martin Warren ("Warren"), Steve Holland ("Holland"), and Nabil Bawa ("Bawa") and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Plans"), for themselves and all other similarly situated, as beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or The New Century Financial Corporation Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries"), object to the Motion of Wells Fargo Bank, N.A. for Allowance and

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

Payment of Administrative Expense Claim to 11 U.S.C. § 503(b)(1)(A) (D.E. 4156) (the "Motion"), and in support thereof assert the following:

### Jurisdiction, Venue and Basis for Relief Sought

1. This Court has jurisdiction over the Motion and this Objection under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The alleged predicate for the relief sought by Wells Fargo Bank, N.A. ("Wells Fargo") is 11 U.S.C. § 503(b)(1)(A); however, the Beneficiaries specifically deny that Wells Fargo has a claim for an administrative expense under this section.

### Background

2. On or about January 1, 1999, New Century Financial Corporation ("New Century") executed and made available to eligible employees the New Century Deferred Compensation Plan with the New Century Financial Corporation Deferred Compensation Plan Amended and Restated July 1, 2004 (the "Plan").

3. Amounts contributed to and/or withheld under the Plan from the participants' salaries, bonuses and commissions were placed in a trust ("Plan Assets"). Wells Fargo is the designated trustee of those assets.

4. On April 2, 2007 (the "Petition Date"), the Debtors filed petitions for chapter 11 relief and the cases have been jointly administered by this Court.

5. On June 20, 2007, the members of the Ad Hoc Beneficiaries Committee, as Beneficiaries, initiated an adversary proceeding against all parties necessary and indispensable for a complete resolution of all issues relating to the Plan: the Debtors, Wells Fargo solely in its capacity as Trustee of the Plan, the Compensation Committee of

the Board of Directors of the New Century Financial Corporation as the Plan Administrator, and the Official Committee of Unsecured Creditors. The Complaint seeks, *inter alia,* declaratory and equitable relief to redress violations of ERISA with regard to the funds held in the Segregated Account (the "Adversary Proceeding"). The Beneficiaries, among other relief, seek a ruling that the Plan Assets in the Segregated Account are being held in trust for the exclusive benefit of the Beneficiaries.

6. Pursuant to an agreed Scheduling Order entered by the Court, the Debtors filed a motion to dismiss the Adversary Proceeding on July 25, 2007 [D.E. 15, 16][2]. On August 6, 2007, the Committee filed a Joinder to the New Century Defendants' Motion to Dismiss [D.E. 18]. The Beneficiaries filed an Answering Brief in Opposition to Motions to Dismiss Filed by the Debtors and the Official Committee of Unsecured Creditors on August 20, 2007 [D.E. 21].

7. Wells Fargo filed its own Motion to Dismiss Adversary Proceeding and accompanying brief on August 27, 2007 [D.E. 23, 24], in apparent contradiction of the terms of the Scheduling Order. On September 6, 2007, the Debtors filed a Reply Brief in Support of the New Century Defendants' Motion to Dismiss [D.E. 27], to which the Committee filed another Joinder [D.E. 26].

8. The Beneficiaries answered Wells Fargo's Motion to Dismiss on September 14, 2007 [D.E. 31] challenging, among other things, Wells Fargo's standing to participate in the motions for dismissal. Wells Fargo filed its reply on September 21, 2007 [D.E. 33].

9. On September 24, 2007, the Debtors filed a Notice of Completion of Briefing on Defendants' Motion to Dismiss Complaint [D.E. 34]. That same day, Wells

---

[2] Docket entry references are to the docket in the Adversary Proceeding, Adv. No. 07-51598.

Fargo filed a Supplemental Brief in Support of Defendant Wells Fargo Bank N.A.'s Motion to Dismiss [D.E. 35].

10. On November 14, 2007, the Beneficiaries filed a Supplement Pursuant to Local Rule 7007-1(b) in Further Support of Plaintiffs' Opposition to Motions to Dismiss [D.E. 42] for the sole purpose of calling this Court's attention to a pertinent decision published after their final brief on the issue. The supplemental filing briefly summarized the case and attached the opinion as an exhibit.

11. No doubt because the permitted content of a Rule 7007-1(b) supplement is so limited, there are no procedural grounds in the Local Rules for other parties to respond. Regardless, Wells Fargo filed a Response to Plaintiffs' Supplement on December 5, 2007 [D.E. 43]. It was the only party to do so.

12. In contrast to Wells Fargo, the Compensation Committee/Plan Administrator has taken no position nor filed any response because, in accordance with paragraph 2 of the Scheduling Order, none is due until the Debtors' potentially dispositive Motion to Dismiss is decided.. Paragraph 2 accorded Wells Fargo the same treatment.

13. Contrary to the assertion in the present Motion (¶ 13),[3] because it is merely a stakeholder, the Plaintiffs were amenable to letting Wells Fargo out of the case so long as it agreed to be bound by all determinations and all other parties concurred. The Committee did not concur.

14. The Motions to Dismiss are currently pending before this Court in the Adversary Proceeding.

---

[3] It bears brief mention that the Motion was not served on the Beneficiaries or undersigned counsel other than through CM/ECF.

4

## II. Argument

15. The Motion seeks allowance of an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) in the amount of $184,945.36 for attorneys' fees incurred in the Adversary Proceeding filed by the Beneficiaries, or, in the alternative, for an order authorizing Wells Fargo to surrender the life insurance policy in which the Trust assets are currently invested and deduct its fees and expenses from the proceeds. Wells Fargo is entitled to neither form of relief because: (1) the legal fees incurred in connection with Wells Fargo's "defense" of the Adversary Proceeding are not actual, necessary costs and expenses of preserving the estate; and (2) Wells Fargo is merely a nominal party lacking any real standing in the Adversary Proceeding and, therefore, has no reasonable basis for incurring legal fees; certainly not nearly $200,000 worth, a remarkable number.

A. **The legal fees Wells Fargo incurred in connection with the Adversary Proceeding were not necessary for the preservation of the estate, and provided no benefit to the estate.**

16. The Bankruptcy Code directs that administrative expense claims shall be allowed for "the actual, necessary costs and expenses of preserving the estate, including . . . wages, salaries, and commissions for services rendered after the commencement of the case . . ." 11 U.S.C. § 503(b)(1)(A)(i).

17. As Wells Fargo states in its own motion, "Pursuant to this Court's order entered on May 22, 2007, Wells Fargo continues to hold all [of the Plan Assets] in a segregated account in *status quo*, and per the Court's directive will not be making any distributions of such funds without further Order from the Court." Motion, ¶ 6.

18. There is absolutely no threat that the assets being held in *status quo*, by order of this Court, are in danger of being dissipated. Indeed, none of the four

submissions filed by Wells Fargo in the Adversary Proceeding address any such concerns. Rather, and rather oddly for the supposedly neutral holder of a *res* in controversy, the submissions argued the merits of who among the creditors should receive distributions.

19.  Since there is no danger that the trust assets will be distributed absent order of this Court, Wells Fargo's litigation fees cannot possible be "actual, necessary costs and expenses of preserving the state" and, in turn, cannot constitute an administrative expense claim under 11 U.S.C. § 503(b)(1)(A)(i).

20.  Moreover, the Debtors and the Creditors Committee – fiduciaries for the estate and general unsecured creditors, respectively – had already filed pleadings to protect the interests of their constituencies. The submissions filed by Wells Fargo were at best duplicative, making nearly identical arguments to those already before the Court in the Debtors' Motion to Dismiss. For the most part, Wells Fargo merely sought to protect its own interests (in getting paid for "services" or not having to perform them) and not the interests of creditors or beneficiaries. Wells Fargo's actions did not benefit the estate in any way.

    B.    **Wells Fargo is not entitled to recovery of any of the legal fees arising out of its "defense" of the Adversary Proceeding because it is merely a nominal stakeholder and therefore its legal fees are necessarily unreasonable.**

21.  Wells Fargo's Motion seeks payments largely, if not completely, incurred in connection with its overly aggressive participation in the Adversary Proceeding.

22.  As the Beneficiaries argued in their Answering Brief Opposing Wells Fargo's Motion to Dismiss, however, Wells Fargo as trustee is merely a nominal party to the adversary proceeding and, therefore, does not have any real standing to seek a

6

dismissal of the Beneficiaries' Complaint; it is a mere stakeholder of property now effectively *in custodia legis*. Accordingly, its legal fees are facially unreasonable and the Beneficiaries and the Debtors' creditors should not be saddled with these unnecessary expenses.

23. A trustee has the duty to act impartially as to all classes and beneficiaries. That duty of impartiality requires that a trustee remain neutral in controversies between or among possible beneficiaries. *See generally*, RESTATEMENT (THIRD) OF TRUSTS § 79, cmts. c and d (2005).

24. California law, which governs the Trust at issue here, clearly establishes that

> Since a trustee must deal impartially with beneficiaries, he should not be allowed to participate in the adjudication of their individual claims. Under such circumstances, the trustee is . . . a mere stakeholder with no duties to perform other than to pay out funds to the various claimants as ordered by the proper court, and the beneficiaries must protect their own rights.

Estate of Ferrall, 33 Cal. 2d 202, 204-205, 200 P. 2d 1, 2-3 (1948). *See also*, Estate of Goulet, 10 Cal. 4th 1074, 1079, 898 P. 2d 425, 427, 43 Cal Rptr. 2d 111, 113 (1995) (same, *citing* Estate of Ferrall).

25. As a mere stakeholder, Wells Fargo had no standing to file its numerous submissions; nor, as a result of the Scheduling Order's "standstill" provision, any real impetus to do so unless and until the Court on the Debtors' Motion to Dismiss, which could have disposed of the entire matter. In the Third Circuit, as in most jurisdictions, a party must have a genuine and economic interest in the outcome of the litigation in order to have standing to prosecute or defend. A litigant must assert its own legal rights and interests and cannot base its claim to relief – or its defenses – on the legal rights or

interests of others. *E.g.*, <u>Pennsylvania Psych. Soc'y v. Green Spring Health Services, Inc.</u>, 280 F.3d 278, 288 (3d. Cir. 2002).

26.  Accordingly, the role of stakeholder, nominal parties – who are not real parties in interest but are named only to afford plaintiffs complete relief in the event of successful litigation – is to demur and await the court's order. *See, e.g.*, <u>Godley v. Valley View State Bank</u>, 2000 WL 1114927 (D. Kan. 2000)(bank trustee was mere stakeholder and nominal party whose consent to removal was not required), *rev'd on other grounds*, 2000 WL 1863375 (D. Kan. 2000); <u>In re the Estate of Morine</u>, 363 A.2d 700, 704 (Me. 1976)(fiduciary is mere stakeholder with no duties in litigation other than to pay out funds as ordered by the Court).

27.  Although Wells Fargo clearly lacked any real stake in the controversy standing, it may have been the most vocal and prolific party so far in the proceeding. Not only did Wells Fargo file its own motion to dismiss – unlike the Committee which appropriately joined both the Debtors' fairly complete motion to dismiss and their reply to Plaintiff's opposition – but Wells Fargo was the *only* party to reply to the Plaintiffs' supplemental filing.

28.  As noted above, Wells Fargo's pleadings were at best duplicative and, in fact, largely self-serving and directed at protecting Wells Fargo from theoretical, but not actual, risk. None of Wells Fargo's actions in the Adversary Proceeding sought to assist any beneficiaries of the trust it administers or the estate. It appears that the Debtors concur, as they apparently have paid fees for trustee services in the ordinary course but not for the indefensible "defense."

29. Neither the Beneficiaries nor the Debtors' creditors should bear the expense of unnecessary and unreasonable legal fees imprudently incurred by Wells Fargo.

WHEREFORE, the Beneficiaries respectfully request that this Court enter an order denying Wells Fargo's motion in its entirety.

Dated: January 2, 2007

STEVENS & LEE, P.C

/s/ Joseph H. Huston, Jr.

JOSEPH H. HUSTON, JR. (NO. 4035)
1105 NORTH MARKET STREET, SUITE 700
WILMINGTON, DE 19801
TELEPHONE: (302) 425-3310
TELECOPIER: (610) 371-7972
EMAIL: JHH@STEVENSLEE.COM

- and -

**BERNSTEIN, SHUR, SAWYER & NELSON**

ROBERT J. KEACH
MICHAEL A. FAGONE
100 MIDDLE STREET, P.O. BOX 9729
PORTLAND, ME 04104-5029
TELEPHONE: (207) 774-1200
TELECOPIER: (207) 774-1127
EMAIL: RKEACH@BERNSTEINSHUR.COM
        MFAGONE@BERNSTEINSHUR.COM