UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket No. 3580 |

## AMENDED AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL
## *NUNC PRO TUNC* TO APRIL 2, 2007

STATE OF TEXAS )
)
COUNTY OF DALLAS )

SHARON N. FREYTAG being duly sworn, deposes and says:

1.  I am a partner of Haynes and Boone, LLP (the "Firm"), in the Dallas office at 901 Main Street, Suite 3100, Dallas, Texas 75202.

2.  This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about May 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

3. Prior to the filing of the petition that initiated the above-captioned cases, the Firm represented and advised New Century Financial Corporation, New Century Mortgage Corporation and The Anyloan Corporation ("New Century") in matters involving Positive Software Solutions, Inc. New Century has requested, and the Firm has agreed, to continue to provide such services on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are $375 to $825 per hour for partners, $125 to $540 per hour for associates, $210 to $600 per hour for special attorneys, $295 to $395 per hour for senior consultants, and $55 to $470 per hour for paralegals, staff consultants and case clerk staff. In the normal course of its business, the Firm revises its billing rates on October 1 of each year and requests that, effective October 1 of each year, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time.

5. Per an agreement with the Official Committee of Unsecured Creditors as of October, 2007, the Firm has been operating under a monthly cap of $40,000 and a cumulative case cap of $100,000 on a go-forward basis beginning with the month of November. These amounts are subject to renegotiation as necessary. New Century and Haynes and Boone has made every effort to notify the Committee if it becomes necessary to renegotiate these amounts before they are exceeded. However, in the event these amounts are inadvertently exceeded, the Firm will file a separate monthly fee application seeking such excess compensation.

6. Per a subsequent agreement with the Official Committee of Unsecured Creditors, the monthly cap for December, 2007 was raised to $72,500, and the monthly cap for January, 2008 was raised to $65,000, plus expenses.

7. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connections which the Firm has with such entities. That list is attached as Exhibit "A."

8. Two partners in the law firm of Haynes and Boone, LLP have sons who are employed by AlixPartners. Rob Albergotti, son of Robert D. Albergotti, is employed in AlixPartners' corporate advisory group, and Travis Phelan, son of Robin E. Phelan, is employed in AlixPartners' information technology department.

9. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

10. Neither I nor any principal, partner, director, officer of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

11. Neither I nor any principal, partner, director, officer of, or professional employed by the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

12. Prior to the filing of the above-captioned cases, the Firm was employed by New Century. New Century owes the Firm $29,338 for pre-petition services. The Firm will not waive the pre-petition claim.

13. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

14. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2008.

_____
Sharon N. Freytag

Sworn to and subscribed before me
this 2nd day of January, 2008.

_____
Notary Public

D-1589669_1.DOC

WENDY T. MILLER
Notary Public, State of Texas
My Commission Expires
April 26, 2009