IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Bankruptcy Case No. 07-10416 (KJC)

WITHIN THE ADMIRALTY

Chapter 11

| | |
|---|---|
| In re: ) | |
| ) | |
| New Century Mortgage Corporation ) | Bankruptcy |
| ) | Case No. 07-10416 (KJC) |
| Debtors ) | 07-10419 (KJC) |
| ) | Chapter: 11 |
| ) | |
| ) | |
| Gary-Forrest: Edwards, ) | |
| -Private Bond #RB166327876US ) | |
| ) | |
| Plaintiff/Petitioner/Libellant/Suitor ) | |
| ) | |
| vs. ) | |
| ) | |
| NEW CENTURY MORTGAGE CORP. ) | |
| CHASE HOME FINANCE. ) | |
| ) | |
| LASALLE BANK, NA, AS TRUSTEE ) | |
| ) | |
| CIRCUIT COURT FOR THE 8TH JUDICIAL ) | |
| CIRCUIT OF THE STATE OF ILLINOIS, ) | |
| CIRCUIT CASE NO. .06CH37, including all ) | |
| Orders, Bonds and record of the case, ) | |
| ) | |
| RHONDA PEEK ) | |
| ) | |
| CODILIS AND ASSOCIATES, P.C. ) | |
| ) | |
| WAYNE YOUELL ) | |
| ) | |
| HENRY J. PAULSON, SECRETARY OF ) | |
| TREASURY, UNITED STATES ) | |
| ) | |
| ALBERTO GONZALES, ATTORNEY ) | |
| GENERAL UNITED STATES. ) | |
| ALIEN PROPERTY CUSTODIAN ) | |
| | |
| Debtor/Defendant/Respondents/Libellees | |

FILED
2008 JAN -2 AM 11:18
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**PETITION FOR CANCELLATION OF INSTRUMENTS, FRAUDULENT TRANSFER, UNJUST ENRICHMENT,**

**BREACH OF FIDUCIARY DUTY, TRESSPASS, CIVIL RICO,**

**QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**

COMES NOW Gary-Forrest: Edwards:

Gary-Forrest: Edwards, in his individual capacity, provides this **PETITION FOR CANCELLATION OF INSTRUMENTS, FRAUDULENT TRANSFER, UNJUST ENRICHMENT, BREACH OF FIDUCIARY DUTY, TRESSPASS, CIVIL RICO, QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES PURSUANT TO 11 U.S.C. §523, 11 U.S.C. §727(a) AND 11 U.S.C. § 707(b).**

In support of this Petition, the Plaintiff states and avers as follows:

## JURISDICTION

On November 2, 2007, the Plaintiff Gary-Forrest: Edwards filed an adversarial petition pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Petition was assigned case number 07-10416 KJC. Plaintiff voluntarily withdrew same without prejudice as amendment was needed for the filing. He now comes again with the amended document.

This proceeding is brought pursuant to 11 U.S.C. §523(a) (4), §523(a) (6), §727(a) and §707(b). This matter arises in the bankruptcy case of New Century Mortgage Corporation, ("Debtor"), under 11 U.S.C. § 727, 11 U.S.C. § 707(b) and Fed.R.Bankr.P. 4004.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 1409, as well as, Federal Rule of Bankruptcy Procedure 7001, and 11 U.S.C. §523. The United States District Court for the District of Delaware has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. § 1334 because this matter arises in and is related to a case filed under title 11, United States Code by Defendant, NEW CENTURY MORTGAGE CORP. Plaintiff brings this action in this venue as part of the NEW CENTURY MORTGAGE CORP chapter 11 reorganization as the asset in question in the adversarial complaint is rightfully an asset of the bankruptcy estate and the asset in question was obtained from Plaintiff by fraud and subsequently transferred fraudulently, as alleged in Plaintiff's Complaint, out of the bankruptcy estate in violation of the law governing bankruptcy and in violation of Plaintiff's rights.

**This is a core proceeeding.** This matter at bar is a core matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 because it is an objection to how NEW CENTURY MORTGAGE CORP came into possession of the asset and then the

basis upon which a subsequent transfer of assets out of the bankruptcy estate just prior to filing for the Chapter 11 bankruptcy.

## STANDING

Plaintiff, as a secured party creditor of Debtor/Defendants, has standing to bring this complaint pursuant to 11 U.S.C. § 727(c) (1) and 727(c) (2).

## VENUE

Venue of this matter is proper, pursuant to 28 U.S.C. § 1409(a), in the United States Bankruptcy Court for the District of Delaware because Debtor has been placed in a bankruptcy proceeding filed under Title 11, United States Code, in the District of Delaware, and this matter arises in and is related to that case under Title 11, United States Code.

## BACKGROUND FACTS

On November 19, 2004, New Century Mortgage Corporation, (hereinafter Debtor/ Debtor/Defendants) entered into a contract whereby the Debtor/Debtor/Defendants agreed to the terms of the contract by performing on the terms of the contract.

The servicing of this contract was given to Chase Home Finance and Plaintiff notified in March 2005. This contract included provisions whereby the Debtor/Defendants agreed to be bound by a certain level of conduct and deliver a certain product and this included certain fiduciary responsibilities. Plaintiff sought to pay off the mortgage and when <u>assurance</u> was demanded by plaintiff, on four separate occasions for a pay-off amount with <u>assurance</u> that they were in fact the entity that could give clear title, Debtor/Defendants responded on March 10, 2006, that "Chase is the legal holder of the debt you seek to pay". This was in a letter by senior Customer Care Professional Deborah Hicks. Plaintiff was not noticed as to the true holder of the note and clouded the issue which required clarification before paying off such a sizable amount (approximately $70,000 at that time.) Since the instrument was not produced, the alleged debt did not, in fact, exist. Numerous Federal court cases uphold the notion that "If there is no note, then the debt does not exist". See recent ruling in Federal Court in Ohio: Deutsche Bank V. XXXXXX, on this very issue raised and erroneously ruled on by the Illinois Circuit Court without production of the purported "Debt Instrument".

Debtor/Defendants New Century Mortgage Corporation, aided by LaSalle Bank, N.A., as trustee for an alleged Mortgage backed security, as well as their attorneys, Codilis & Associates, P.C., on numerous occasions, caused false, misleading and deceptive documents and court filings to be filed in the 8th Judicial Circuit Court of the Illinois, located in Havana, Illinois beginning on August 18, 2006, which was a violation and breach of his contract with the Plaintiff, Gary-Forrest: Edwards. Chief among the numerous actions were: 1) Debtor's inability to produce the actual note,(despite

numerous demands from plaintiff) 2) Debtor's inability to prove their standing to sue by charter, (Plaintiff produced documents showing the charter does not authorize the ability to sue in mortgage debt foreclosure) 3) Debtor's inability to demonstrate before the court they were, in fact, holder in due course at the time of filing (and in fact by their own documents, demonstrated they filed an alleged assignment, three weeks **after** the foreclosure filing, thereby proving the defendant's case in that action, lacking subject matter jurisdiction and Standing), 4) Debtor's inability to prove the existence of the entity defendant claims to be the actual holder, despite Court Order (which plaintiff has certified letter from Secretary of State of Delaware stating, "Entity does not exist." Plaintiff will produce for the record when required, in this proceeding.) . This speaks volume for Fraud before the Court.

5) Producing an alleged "copy" of an assignment of Mortgage, purportedly dated November 24, 2004 after three demands for same and one court order. <u>This production corresponded with the same time of filing of the Bankruptcy by New Century, (April 2007) raising the valid concern as to fraudulent transfer.</u> As noted above, the filing of the document was recorded on September 11, 2006, three weeks after the August 18, 2006 filing for foreclosure. Despite the purported filing with the Mason County, Illinois Recorder, defendants would not produce the document, claiming they did not have it in their possession. When were they merely lying, then or now, or both? Or was it simply just fraud before the Court?

6) Failing to produce for the record the evidence of consideration made for the alleged assignment from New Century to LaSalle Bank, N.A., despite numerous demands in the production of documents at the State Court level.

These actions occurred despite the specified filings/demands of plaintiff and documents to the contrary presented to the 8th Judicial Circuit Court of Illinois.

The Debtor/Defendants New Century Mortgage Corporation, et.al., knew or should have known that these "supposed facts" were false and would have a tendency to harm the Plaintiff's reputation and standing in the community, as well as the trade and contract relations of the Plaintiff in the claims as contained in said contract. Debtor/Defendants has admitted their actions, which have damaged the Plaintiff, were done so with malice and can only be taken as an attack upon Plaintiff's Christian beliefs and predominantly Christian relationships.

## ACTIONS OF INTERLOPERS

LaSalle Bank, N.A. (as trustee for SASCO 2005-NC1); Codilis & Associates; Rick Spenser; Rhonda Peek; John McCabe; Martin Potter; Scott J. Butler; Thomas L. Brownfield; Diane M. Lagoski; Brenda Miller are all uninvited interlopers trespassing upon the contract between Debtor/Defendants and Petitioner's by stirring up controversy in litigation, and intentionally misleading various courts with subterfuge where none should exist and doing so for their own profit and gain. Further the Court in question did not prove their jurisdiction on the record, despite defendant's demand and proceeded

in a rush to judgment against the weight of the evidence. Conflict of interest was shown due to business relations between the plaintiff and the Court actors. Discovery was thwarted by dodging of subpoenas by fact witnesses by collusion of the Court.

Agents for these interlopers would argue that this venue and filing would be inappropriate as this is, as an adversarial filing is appropriate as a pre-petition filing, however it is the very nature of the facts of this case and action of New Century that has come into question and the filing of this action would have been done if New Century and their agents had been forthcoming in answering the Illinois Court orders in a timely fashion. Because the supposed production of the photocopied note, tardy though it was; as well as the supposed "Holder in due Course" was a fictitious entity that does not exist, all occurred at the same time of the filing of petition for Bankruptcy, this fraud was part and parcel to this very question of the integrity of New Century and the perpetrated fraud on the petitioner (Edwards) in this adversarial action and therefore proper to be heard by this Court.

## CAUSE OF ACTION 11 U.S.C. §523

Plaintiff completed a perfected lien right upon his initial contract with New Century and their agent, Chase Home Finance, on June 16, 2006. Defendant/Debtor was offered opportunity to cure and defaulted. A public notice of Private Settlement Agreement was filed in Mason County, Illinois recorder's office July 14, 2006 as Instrument # 254063; book 1057 of the R.E. Record and Mason County, Illinois Sheriff Wayne Youell was notified. A search of documents on file at that time, in Mason County had only indicated a filing dated January 6, 2005 by Counselor's Title, Co. LLC as to the existence of a mortgage with the Mortgagee named as New Century Mortgage Corporation, not LaSalle Bank NA, as the defendant's would try to have this court believe by an "assignment document' which supposedly predates this duly filed LEGAL document. Upon receiving collection attempts by Codilis & Associates, a notice of PSA and demand for Proof of Claim and Conditional Acceptance of their offer was perfected by their silence on August 29, 2006 with conditions. Debtor has since continued to perform against the contract to their extreme financial detriment. Subsequent to that, Debtor/Defendants caused several lawsuits to be started against Petitioner/Plaintiff and have trespassed upon their own agreements and have proffered numerous statements containing false and defamatory information, and was done so in violation of his contract with the Plaintiff, and was done with malice.

Subsequent to that time, Plaintiff has filed and perfected an International Commercial Claim with conditions and damages with International Promissory Note No. RB166327876US with Debtor/Defendants, extinguishing the alleged duty

and debt. In this regard, Petitioner has gone the "extra mile" to further respond to Debtor's demands, at considerable time and expense on behalf of Petitioner.

The Debtor/Defendants owed a duty of care as trustees to Petitioners. Debtor/Defendants are liable for the malicious infliction of :

Breach of Fiduciary Duty

Conversion

Personal Injury

Unjust Enrichment

Financial loss According to Proof

As a direct and proximate result of the above-described negligence of Debtor/Defendants, the Petitioner has incurred loss of income and at the same time damaging Plaintiff.

Debtor/Defendant's debt to Plaintiff Edwards is not dischargeable under 11 U.S.C. §523(a) (4) and §523(a) (6).

## ALLEGATIONS OF WRONGDOING 11 U.S.C. §727(a) AND 11 U.S.C. § 707(b)

Debtor/Defendants knowingly and fraudulently made a false oath or account, a violation of 11 U.S.C. § 727(a) (4) (A).

Debtor/Defendants knowingly and fraudulently presented or used a false claim, a violation of 11 U.S.C. § 727(a) (4) (B).

Debtor/Defendants has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor/Defendant's liabilities, a violation of 11 U.S.C. § 727(a)(5).

Debtor/Defendant's knowingly and fraudulently caused a False Security Instrument to be created and will be shown to violate Civil RICO statutes.

This Court, on its own motion or on motion by a party of interest, may dismiss a case filed by an individual Debtor/Defendants under Chapter 11 whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 11 as allowed under 11 U.S.C. § 707(b).

## FOLLOWING TRUST PROPERTY INTO ITS PRODUCT

(As Against All Debtor/Defendants)

Where the trustee by the wrongful disposition of trust property acquires other Property, the beneficiary is entitled at his option to either enforce a constructive trust of the property so acquired or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, as long as the product of the trust Property is held by the trustee and can be traced.

Except as stated in subsection one above, the claim of the beneficiary against the trustee for breach of trust is that of a general creditor.

## RELIEF SOUGHT

Plaintiff seeks the following relief:

1) Cancellation of instrument with New Century Mortgage Corporation, or whomever may be the holder.

2) Cancellation of promissory note with New Century Mortgage Corporation.

3) Quiet Title of property in question.

4) Injunctive Relief against agents and interlopers.

5) Declaratory Relief from named parties.

6) Award of damages per contract(s) with minimum damages sought of $200,000.00 and maximum damages in multiples of $10,000,000.00 per performance (at present, the count exceeds 10 counts).

Other remedies that the Court may find applicable in this case.

## CONCLUSION

Therefore, Petitioner respectfully requests that this Court enter a judgment determining that Debtor/Defendants is not entitled to a discharge in bankruptcy for their debt to Plaintiff, together with an order for costs and expenses.

Also, Plaintiff respectfully requests that this Court enter a judgment determining that Debtor/Defendants is not entitled to a discharge in bankruptcy for their debts under 11 U.S.C. §727(a), together with an order for costs and expenses.

Respectfully submitted this 18th day of December, 2007.

*[signature]*

Gary-Forrest: Edwards
158 Big Oak Drive
Maylene, AL 35114

United States Bankruptcy Court
District of Delaware

PLAINTIFF'S PETITION FOR DECLARATORY
AND INJUNCTIVE RELIEF                     Case No.: 07-10416 &   07-10419

**GARY FORREST EDWARDS**
     **Plaintiff**
                    V.
**LASALLE BANK, N.A.**
<u>**NEW CENTURY MORTGAGE CORP.**</u>
**CHASE HOME FINANCE**
**CODILIS AND ASSOCIATES, P.C**
     **RICK SPENSER**
     **RHONDA PEEK**
     **JOHN MCCABE**
     **MARTIN POTTER**
**CIRCUIT COURT OF THE 8TH JUDICIAL CIRCUIT OF ILLINOIS**
     **JUDGE SCOTT J. BUTLER**
     **JUDGE THOMAS L. BROWNFIELD**
     **JUDGE DIANE M. LAGOSKI**
     **BRENDA K. MILLER, CLERK OF COURT**
**WILLIAM R. BLESSMAN, MASON COUNTY RECORDER**
**WAYNE YOUELL, SHERIFF**
**MICHAEL J. HURLEY, CORONER**

                    **Defendants**

In Re: 802 S. Washington,
       Manito, IL 61546

**PLAINTIFF'S PETITION FOR DECLARATORYAND INJUNCTIVE RELIEF**

COMES NOW: Gary-Forrest: Edwards, a non-attorney, real man, and Real Party in Interest, agent for **GARY FORREST EDWARDS**, a United States Vessel (hereinafter Defendant/Petitioner), appearing specially, special rules, "Restricted Appearance," in the original, in the alternative, as a matter of right and privilege, to allege rights under the ILLINOIS Constitution, by verified oath and solemn affirmation of complaint, pursuant to special rules, exercising Suitor's procedural due process. Plaintiff as Respondent/Libellee has been making false claims, contrary to the record, contrary to the statutes, regarding real estate and foreclosures and have denied Suitor/Petitioner's due process.

This **PLAINTIFF'S PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF** and notice now given for the protection of their person, property, estate, and trust, hereby enters their complaints of injured party, involuntary servitude

1

and peonage, due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities, in violation of the laws of the forum in the District of Delaware, State of Illinois, united States of America and the Law of Nations and states the following:

1. Plaintiff/Petitioner objects to the sale or transfer of Petitioner's property and attempts to take possession by Plaintiff upon the following:

2. LASALLE BANK, N.A.(hereinafter et.al.) as Defendant and purported mortgagor is not registered to do business in the STATE OF ILLINOIS, is not a valid corporation duly chartered in the STATE OF ILLINOIS and therefore has no standing to make application to any court in Illinois as it is not recognized by the State of Illinois, including Courts of Illinois.

3. LASALLE BANK, N.A. as Defendant and purported trustee is not in possession of nor has produced the promissory note for the property in question for and on the record, despite numerous demands by Defendant and therefore has no standing to make application to any court in ILLINOIS without perpetrating fraud on the Court for promulgating a COUNTERFEIT SECURITY.

4. LASALLE BANK, N.A. as Defendant has no authority by statute to foreclose on any real property in the STATE OF ILLINOIS.

5. LASALLE BANK, N.A. as Defendant has no authority by corporate charter and by-laws to foreclose on any real property in the STATE OF ILLINOIS.

6. LASALLE BANK, N.A. as Defendant does not have a valid contract with Petitioner and there is no deed of trust wherein LASALLE BANK, N.A. as Defendant is a beneficiary.

7. LASALLE BANK, N.A. as Defendant is not nor was the "Holder in Due Course" of any financial instrument that requires Petitioner to pay or

perform upon which LASALLE BANK, N.A. as Defendant could exercise any right.

8. LASALLE BANK, N.A. as Defendant has not shown the valid existence of the trust who LASALLE BANK, N.A. purports to hold the promissory note in question, there by denying standing to bring action as "Holder in due course".

9. LASALLE BANK, N.A. As Defendant for trustee has not produced any accounting or proof of damages by Petitioner's purported failure to perform.

10. LASALLE BANK, N.A. has failed to acknowledge that mortgage in question is paid in full and there is a refund due Plaintiff of over $20,000.00.

11. Subject matter jurisdiction was NEVER proven on the Court record, merely the "assurance" of the Judge, as well as, In personum jurisdiction over Plaintiff was likewise NEVER proven on the record.

12. The trustee under the Deed of Trust failed to serve Petitioner with the required notice, that a foreclosure was initiated against the property in question, as required by law.

13. The Plaintiff has a valid and binding lease agreement with Shirley Vance as a tenant on the subject property.

14. Sheriff's deputy, Fred Roy, on December 13, 2007 has attempted to displace said tenant from the premises and has trespassed upon said lease agreement and the in question property.

15. Plaintiff will suffer irreparable harm, by Defendant, if the injunctive relief is not granted, or their agents, trespassing upon the lease agreement Plaintiff has with the tenant, ejecting the tenant from the premises and from the financial loss there from.

3

## RELIEF REQUESTED

WHEREFORE, Plaintiff, as a matter of Law, is entitled to and requires:

a) The application for sale by the public trustee of certain Real Property of Petitioner's be denied; and

b) An order declaring the application for sale by the trustee of certain Real Property for alleged Holder in Due Course to foreclose for want of standing and no authority to foreclose on real property in the State of ILLINOIS.

c) An order declaring the transfer by the trustee of certain Real Property void alleged for failure to produce the required note as required by law.

d) An order declaring the Sheriff's sale September 25, 2007 void.

e) An injunctive order of restraint and estoppels of attempted possession until Defendant is in compliance with the very laws noted in all filings and produces documents to support each of petitioner's unmet demands as defendant in the prior action.

f) An order declaring that the lease agreement executed on said property is valid and enforceable for the balance of the term of the lease by said tenant and that said tenant cannot be displaced as long as tenant performs pursuant to the lease agreement.

g) An order granting injunctive relief from any parties moving against the plaintiff and their real estate, including the property in question, without first proving to this Court that all the lawful requirements and statutory requirements for foreclosure and transfer of property have been met.

Respectfully Submitted,

*[signature]*

**GARY FORREST EDWARDS**
By: Gary-Forrest; Edwards, agent, all rights reserved.
Date: December 14, 2007
c/o 158 Big Oak Drive
Maylene, AL 35114

(205) 532-0765

4