## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC.,<br>*et al*., [1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>(Jointly Administered)<br><br>Re: Docket No. 4150<br><br>**Hearing Date:  January 9, 2008 at 1:30 p.m.** |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF (I) MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR AN ORDER DIRECTING THE CLERK OF THE COURT TO MAINTAIN THE
FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL
AND (II) MOTION TO OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN
ORDER AUTHORIZING THE DEBTORS TO FILE, AND DIRECTING THE CLERK
OF THE COURT TO MAINTAIN, THE DEBTORS' REPLY TO FIRST INTERIM
<u>REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL</u>**

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

       The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS

Holdings, Inc., *et al*., the above-captioned debtors and debtors-in-possession (the "Debtors"), by

its co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby files this Reply of the Official

Committee of Unsecured Creditors in Support of (I) Motion of the Debtors and Debtors in

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a
Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a
Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage
Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC
Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation,
1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth
Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a
Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV
Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century
R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New
Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage
Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial
Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC
Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Possession for an Order Directing the Clerk of the Court to Maintain the First Interim Report of

Michael J. Missal, Examiner, Under Seal and (II) Motion to of the Debtors and Debtors in

Possession for an Order Authorizing the Debtors to File, and Directing the Clerk of the Court to

Maintain, the Debtors' Reply to First Interim Report of Michael J. Missal, Examiner, Under Seal

(the "Committee Response"), and in support thereof respectfully states as follows:

<u>BACKGROUND</u>

1.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et

seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware

(the "Bankruptcy Court").  The Debtors have continued in the management and operation of

their businesses pursuant to Bankruptcy Code §§ 1107 and 1108, and no trustee has been

appointed.

2.      On April 9, 2007, the Office of the United States Trustee for the District of

Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the

Committee:  Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing

and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust

Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc.,

and Maguire Properties – Park Place, LLC.  Since its formation, the Committee has appointed

Kodiak Funding LP as an ex officio member of the Committee.  Hahn & Hessen LLP and Blank

Rome LLP were selected by the Committee to serve as its co-counsel, and FTI Consulting, Inc.

was selected by the Committee to serve as its financial advisor.

3.      On April 17, 2007, the United States Trustee for the District of Delaware

(the "U.S. Trustee") filed the Motion of the United States Trustee for an Order Directing the

- 2 -

Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner (the "Trustee Motion"). The Debtors and the Committee opposed the Trustee Motion.

4.      On June 1, 2007, the Bankruptcy Court entered an order granting the U.S. Trustee's request for the appointment of an examiner (the "Examiner") under section 1104(c)(1) of the Bankruptcy Code (the "Examiner Order").  Subsequently, on June 7, 2007, the Court issued an order approving the appointment of Michael J. Missal, Esq. as Examiner in these chapter 11 cases.

5.      On October 10, 2007, the Bankruptcy Court entered an order granting the Examiner an extension of time to submit his initial report to the Bankruptcy Court until January 15, 2008 (the "Supplemental Examiner Order").  The Supplemental Examiner Order also provided that the production of privileged materials to the Examiner will not be deemed a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or protection held by the Debtors.  Furthermore, the Supplemental Examiner Order provided that any report filed by the Examiner will be initially filed under seal with copies delivered to the Debtors, the Committee and the U.S. Trustee and within 10 days of the filing of such report, the Committee or any other interested party may file a motion with the Bankruptcy Court seeking to maintain any portion or portions of the report under seal.

6.      The Examiner completed his investigation of the Debtors' post petition use of cash collateral and filed his First Interim Report (the "Cash Collateral Report") under seal on November 21, 2007.  On December 3, 2007, the Debtors filed the Motion of the Debtors and Debtors in Possession for an Order Directing the Clerk of the Court to Maintain the First Interim Report of Michael J. Missal, Examiner, Under Seal (the "Debtors' First Seal Motion") by which the Debtors request an order maintaining the Examiner's Cash Collateral Report under seal due

- 3 -

to the attorney-client privileged information that permeates the entire Cash Collateral Report.

7.      The Debtors strongly disagree with a large portion of the Examiner's Cash Collateral Report and, thus, have responded substantively in a Reply to the Examiner's Cash Collateral Report (the "Debtors' Reply").  Because the Debtors' Reply focuses on and divulges attorney-client privileged information in response to the Examiner's Cash Collateral Report, on December 19, 2007, the Debtors filed the Motion of the Debtors and Debtors in Possession for an Order Authorizing the Debtors to File, and Directing the Clerk of the Court to Maintain, the Debtors' Reply to the First Interim Report of Michael J. Missal, Examiner, Under Seal (together with the Debtors' First Seal Motion, the "Debtors' Seal Motions").

8.      On January 2, 2008, the U.S. Trustee filed an objection to the Debtors' Seal Motions stating that although the Trustee does not dispute that some of the information contained in the Examiners Cash Collateral Report and the Debtors' Reply may be subject to a valid claim of privilege, the Debtors are not entitled to the relief of maintaining the Examiner's Cash Collateral Report and the Debtors' Reply under seal in their entirety.

## ARGUMENT

9.      The Committee has reviewed the Debtors' Seal Motions and understands and agrees with the arguments set forth in the Debtors' Seal Motions.  However, the Committee believes that the Examiner's Cash Collateral Report and the Debtors' Reply in their entirety should be maintained under seal only for a certain limited period of approximately four months. After that point, based on the status of the case, it may only be appropriate for isolated portions of the Cash Collateral Report and the Debtors' Reply to be maintained under seal.  Therefore, the Committee requests that the Bankruptcy Court grant the Debtors' Seal Motions for an interim period of four months and adjourn the Debtors' Seal Motions until the expiration of that period at

- 4 -

which time the issues can be reviewed again.

        10.     The Committee believes maintenance of the Cash Collateral Report and the Debtors' Reply under seal for a limited period of time will be in the best interest of the estates.  Currently, the Debtors, in consensus with the Committee, are in the process of devising a liquidating plan for these chapter 11 cases.  Formulating and filing a plan in these cases at the earliest time possible is of the utmost concern for the Committee given the limited resources of the bankruptcy estates and the rate of expenses that the estates are incurring due to all of the professional fees associated with the bankruptcy.  Maintaining the Cash Collateral Report and the Debtors' Reply under seal allows the Debtors to continue their efforts towards completing the plan process without having to expend resources on dealing with issues that will likely arise as a result of public disclosure of the Cash Collateral Report and the Debtors' Reply.

        11.     Furthermore, the Cash Collateral Report is a First Interim Report and, thus, represents only a portion of the Examiner's findings.  Accordingly, the Committee believes that it is necessary to maintain the Cash Collateral Report and the Debtors' Reply under seal at least until the Examiner has completed his investigations and issued his final report as the final report may have a clarifying effect on the factual discrepancies between the information provided in the Cash Collateral Report and the Debtors' Reply as described more fully below.

        12.     On their face, the Cash Collateral Report and the Debtors' Reply contain conflicting factual information.  Whether an actual factual dispute exists has not yet been elucidated.  As stated above, the Committee believes that it is not in the best interests of the estates to publicly disclose the Cash Collateral Report and the Debtors' Reply until the discrepancies have been resolved.  Accordingly, the Committee believes that approximately four months is sufficient for the Debtors to complete the plan process as well as to resolve any

877285.002-1385146.1
127340.01600/40172867v.1

discrepancies of factual information.

13.     The Bankruptcy Court's discretionary power to maintain the Cash Collateral Report and the Debtors' Reply is derived from section 105(a) of the Bankruptcy Code which specifically codifies the inherent powers of the bankruptcy courts to manage the cases on their docket by providing that bankruptcy courts may "issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  As set forth above, the Committee believes that maintenance of the Cash Collateral Report and the Debtors' Reply under seal for a short period of time is in the best interests of the estates and will inure to the benefit of their creditors.

14.     In addition, the Bankruptcy Court may have the power to maintain the Cash Collateral Report and the Debtors' Reply under seal pursuant to sections 107(b)(1) and (2) of the Bankruptcy Code given the nature of the items disclosed in the Cash Collateral Report and the Debtors' Reply and the conflicting factual interpretations set forth therein.

15.     Accordingly, the Committee requests that the relief requested in the Debtors' Seal Motions be granted for an interim basis of four months with the balance of the Debtors' Seal Motions to be decided at the expiration of the interim period.

877285.002-1385146.1
127340.01600/40172867v.1

**WHEREFORE**, for the reasons set forth in the Debtors' Seal Motions and for the reasons set forth above, the Committee respectfully requests the entry of an order directing the Clerk of the Bankruptcy Court to maintain the Cash Collateral Report and the Debtors' Reply for a certain limited amount of time and grant such other and further relief as may be just and proper.

Dated:      Wilmington, Delaware
            January 4, 2008

                                BLANK ROME LLP

                                By:    */s/ Bonnie Glantz Fatell*
                                       Bonnie Glantz Fatell (No. 3809)
                                       1201 Market Street, Suite 800
                                       Wilmington, Delaware  19801
                                       (302) 425-6400 - Telephone
                                       (302) 425-6464 - Facsimile

                                              - and -

                                       HAHN & HESSEN LLP
                                       488 Madison Avenue, 15th Floor
                                       New York, New York 10022
                                       (212) 478-7200 - Telephone
                                       (212) 478-7400 - Facsimile
                                       Attn:    Mark S. Indelicato
                                                Mark T. Power


                                       Co-Counsel to the Official Committee of
                                       Unsecured Creditors of New Century TRS
                                       Holdings, Inc., *et al.*

877285.002-1385146.1
127340.01600/40172867v.1