IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re:                                    : Chapter 11
                                          :
NEW CENTURY TRS HOLDINGS, INC.,           : Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,¹          :
                                          : Jointly Administered
                Debtors.                  :
                                          : **Objection Deadline: January 16, 2008 @ 4:00 p.m.**
                                          : **Hearing Date: January 23, 2008 @ 1:30 p.m.**
                                          :
---------------------------------------------------------x

## MOTION OF MICHAEL J. MISSAL, EXAMINER, FOR AN ORDER AUTHORIZING HIM TO FILE UNDER SEAL THE LIMITED RESPONSE OF MICHAEL J. MISSAL, EXAMINER, TO DEBTORS' REPLY TO FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER

Michael J. Missal, the Examiner (the "Examiner") appointed in the above-captioned

jointly administered chapter 11 cases, by and through his undersigned counsel, hereby moves

(the "Motion"), pursuant to 11 U.S.C. § 105 and Del.Bankr.LR 9018-1(b), for the entry of an

order authorizing the Examiner to file the Limited Response of Michael J. Missal, Examiner, to

Debtors' Reply to First Interim Report of Michael J. Missal, Examiner (the "Limited Response")

under seal. In support of this Motion, the Examiner respectfully represents as follows:

---

¹ The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation..

## BACKGROUND

1.    On April 2, 2007, the above-captioned debtors (the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the Bankruptcy Code.  On April 3, 2007, this Court ordered the joint administration of the Debtors' chapter 11 cases.

2.    On June 1, 2007, this Court entered its Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "June 1, 2007 Order").

3.    On June 5, 2007, the United States Trustee appointed Michael J. Missal as the Examiner, and this Court approved Mr. Missal's appointment on June 7, 2007.

4.    On October 10, 2007, the Court entered the Order (I) Supplementing June 1, 2007 Order Directing the Appointment of an Examiner and (II) Granting Motion of Michael J. Missal, Examiner for an Extension of Time to File His Report with the Court (together with the June 1, 2007 Order as the "Examiner Orders").

5.    On November 21, 2007, and consistent with the Examiner Orders, the Examiner filed his first interim report (the "First Interim Report") under seal.

6.    On December 19, 2007, the Debtors filed under seal the Debtors' Reply to First Interim Report of Michael J. Missal, Examiner (the "Debtors' Reply"), along with a motion for authority to file the Debtors' Reply under seal (the "Debtors' Seal Motion").  The Debtors have moved to file the Debtors' Reply under seal, because the Debtors assert that the Debtors' Reply "divulges a substantial amount of and focuses extensively on attorney-client communications between the Debtors and their counsel." *See* Debtors' Seal Motion at ¶ 7.

7.      Because the Debtors' Reply contains misleading and inaccurate statements, the Examiner is compelled to file the Limited Response to respond to certain of the statements contained in the Debtors' Reply.

## RELIEF REQUESTED

8.      By this Motion, the Examiner respectfully requests the entry of an order, pursuant to 11 U.S.C. § 105 and Del. Bankr. L.R. 9018-1(b), authorizing him to file the Limited Response under seal.

## BASIS FOR RELIEF

9.      As detailed in the Debtors' Seal Motion, in appropriate circumstances, the Court may authorize the filing of documents under seal to protect and maintain the attorney-client privilege. *See* Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 344 (3d Cir. 1986); *see also* Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994) (stating the attorney-client privilege is worthy of maximum legal protection).

10.     As set forth above, the Debtors believe that the Debtors' Reply contains privileged, attorney-client communications which should be protected from disclosure.   In responding to the Debtors' Reply, the Examiner's Limited Response, by necessity, includes a discussion of same communications which the Debtors believe are subject to the attorney-client privilege.  In order to protect the Debtors and maintain the privilege, the Court should enter an order authorizing the Examiner to file the Limited Response under seal.

## NOTICE

11.    Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Debtors, counsel for the Unsecured Creditors Committee, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Examiner respectfully requests that this Court enter an Order authorizing him to file the Limited Response under seal and granting the Examiner such further relief as is just and proper.

Dated: Wilmington, Delaware
      January 4, 2008

                      **SAUL EWING LLP**

                      By:_____
                            Mark Minuti (DE No. 2659)
                            222 Delaware Avenue, Suite 1200
                            P.O. Box 1266
                            Wilmington, DE 19899-1266
                            (302) 421-6840

                            and

                      **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
                      Edward M. Fox, Esq.
                      599 Lexington Avenue
                      New York, NY 10022
                      (212) 536-3900

                      Stephen G. Topetzes, Esq.
                      Stavroula E. Lambrakopoulos, Esq.
                      1601 K Street, NW
                      Washington, DC 20006
                      (202) 778-9328

                      Attorneys for Michael J. Missal, Examiner