# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | Docket No. 4190 |

**ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN
CONNECTION WITH AUCTION OF CERTAIN ASSETS, (B) SCHEDULING HEARING
TO CONSIDER PROPOSED SALE OF CERTAIN ASSETS AND APPROVING FORM
AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion for (i) an Order (a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief (the "Bidding Procedures Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); after due deliberation and sufficient cause appearing, it is hereby

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp , a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership, and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the Purchase Agreement.

**FOUND AND DETERMINED THAT**

A. The Court has jurisdiction over the Bidding Procedures Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Bidding Procedures Motion has been given and no further notice is required.

C. The Bidding Procedures, substantially in the form annexed hereto as Exhibit A, are fair, reasonable, and appropriate and are designed to maximize the recovery of the Mortgage Loans.

D. The Debtors' proposed notice of the Sale, Sale Hearing, Auction, and Bidding Procedures as set forth in the Sale Notice attached hereto as Exhibit B (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, Auction, and Bidding Procedures.

E. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders; and it is therefore:

**ORDERED THAT**

1. The Bidding Procedures Motion is approved on the terms set forth herein.

2. All objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are approved in all respects. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The Bid Deadline upon which date and time all Qualifying Bids must be submitted as set forth in the Bidding Procedures is 12:00 p.m. (Prevailing Eastern Time) on January 18, 2008.

5. If a Qualifying Bid is received other than the Purchase Agreement, the Debtors shall conduct an Auction for the Mortgage Loans in accordance with the Bidding Procedures. The Auction shall take place on January 22, 2008 at a time selected by the Debtors which will be identified in a notice to all Qualifying Bidders. The Auction will be conducted via telephonic conference call or internet, or such other method as designated by the Sellers in a notice to all Qualifying Bidders. Only parties submitting Qualifying Bids and their advisors, and representatives of the Official Committee of Unsecured Creditors, are entitled to participate in the Auction.

6. The Purchase Agreement is a Qualifying Bid and GRP Loan, LLC (the "Purchaser") is a Qualifying Bidder for all purposes.

### Break-Up Fee

7. In consideration of the Purchaser's entry into the Purchase Agreement and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the Purchase Agreement, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides the Sellers in seeking to sell the Mortgage Loans for the highest and best offer at the Auction, the Sellers agree that the Sellers shall pay the Purchaser the Break-Up Fee in cash if the Sellers consummate a sale of all or a material portion of the

Mortgage Loans with the Successful Bidder or the Back-Up Bidder, in each case other than the Purchaser. The Break-Up Fee shall be paid from the proceeds of sale as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Break-Up Fee shall survive termination of the Purchase Agreement and entry of the Bidding Procedures Order by the Bankruptcy Court.

        8.        The Debtors are authorized to take all necessary actions pursuant to the terms of the Purchase Agreement and Bidding Procedures to pay the Break-Up Fee to the Purchaser should it become due and payable, and are authorized to pay such Break-Up Fee without further Order of the Court.

### Expense Reimbursement

        9.        In further consideration of the Purchaser's entry into the Purchase Agreement and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the Purchase Agreement, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides the Sellers in seeking to sell the Mortgage Loans for the highest and best offer at the Auction, the Sellers agree that the Sellers shall pay the Purchaser the Reimbursement Fee in cash if either of the following circumstances occur: (i) the Sellers consummate a sale of all or a material portion of the Mortgage Loans with the Successful Bidder or the Back-Up Bidder, in each case other than the Purchaser; or (ii) the Purchase Agreement terminates because the parties do not reach agreement on the Bid Price within three Business Days of the Purchaser's delivery of the Pricing Schedule. The Reimbursement Fee shall be paid as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. In the event that the Reimbursement Fee is paid because the Sellers and the Purchaser do not reach agreement

on the Bid Price within three Business Days of the Purchaser's deliver of the Pricing Schedule, the Purchaser shall immediately deliver to the Sellers copies of all of its Due Diligence Reports and the Debtors may share such Due Diligence Reports with any other third parties interested in bidding for the Mortgage Loans. The Reimbursement Fee and the Purchaser's obligation to deliver to the Due Diligence Reports shall survive termination of the Purchase Agreement and entry of the Bidding Procedures Order by the Bankruptcy Court.

10. The Debtors are authorized to take all necessary actions pursuant to the terms of the Purchase Agreement to pay the Reimbursement Fee to the Purchaser should it become due and payable, and are authorized to pay such Reimbursement Fee without further Order of the Court.

11. Solely for the purposes of determining a Successful Bid, any overbid submitted by the Purchaser shall be deemed to include the full amount of the Break-Up Fee and the Reimbursement Fee potentially payable by the Debtors.

## **The Sale Hearing and Notice Thereof**

12. The Sale Hearing to approve the Successful Bid shall be held before this Court at 10:30 a.m. (Prevailing Eastern Time), on January 23, 2008, or such other date and time as may be convenient to the Court, or as may be announced at the Sale Hearing without further notice.

13. The form of the notice of the Sale Hearing attached hereto as Exhibit B (the "Sale Notice") is approved in all respects. The Debtors shall serve the Sale Notice by first class mail, postage prepaid, no later than three business days after entry of this Order to: (i) the United States Trustee for the District of Delaware; (ii) the attorneys' for the Creditors' Committee; (iii) parties in interest and prospects that have or may be identified as potential bidders for the Mortgage Loans; (iv) all parties known or reasonably believed to have asserted a secured claim against the

Mortgage Loans; (v) the Internal Revenue Service; (vi) all applicable state and local taxing authorities; (vii) relevant entities that have issued a license or permit to the Sellers; and (viii) any parties entitled to notice under Local Rule 2002-1(b).

14. The Debtors shall publish the Sale Notice once in the national edition of the Wall Street Journal as soon as practicable after entry of this Order.

15. Objections, if any, to the sale of the Mortgage Loans shall be filed on or before January 18, 2008 at 4:00 p.m. (Prevailing Eastern Time) with a courtesy copy to the Court and served on (i) counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071, Attention: Suzzanne Uhland, Esq., Ben H. Logan, Esq., and Victoria A. Newmark, Esq.; (ii) counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, Attention: Marc D. Collins, Esq.; (iii) GRP Loan, LLC, 445 Hamilton Avenue, 8th Floor, White Plains, NY 10601, Attention: Andrew Waldman; (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen, LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark Power; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801. Only those objections that are timely filed, served and received will be considered by the Court at the Sale Hearing.

### Miscellaneous

16. The Debtors, upon the consent of the Creditors' Committee, reserve the right to amend any deadline set forth therein without further Court approval; provided, however that no such amendment will provide any interested party with less notice than provided for as such deadlines are currently set forth herein; provided further, that the Debtors shall file a notice

detailing any such changes with the Bankruptcy Court and serve such notice in accordance with the Local Rules, including services upon any interested bidders.

17.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

18.  Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: January ___, 2008
         Wilmington, Delaware
                                                          _____
                                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A
# BIDDING PROCEDURES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## BIDDING PROCEDURES FOR THE SALE OF CERTAIN MORTGAGE LOANS

The following bidding procedures, which were approved by order of the Bankruptcy Court dated January __, 2008 (the "Bidding Procedures") shall govern the auction process for the Mortgage Loans[2] as set forth in the Asset Purchase Agreement between New Century Financial Corporation ("NCF"), the subsidiaries of the Company listed on Exhibit A thereto (each a "Seller" and together with NCF, the "Sellers"), and GRP Loan, LLC Dated as of December 19, 2007 (the "APA"). The Sellers will seek entry of an order from the Bankruptcy Court authorizing and approving the sale of the Mortgage Loans free and clear of liens, claims, and encumbrances to GRP Loan, LLC (the "Stalking Horse Bidder") or such other Successful Bidder (defined below) as may be made at the Auction (as defined below).

1. Approvals. The proposed sale shall in all respects be subject to approval by the Bankruptcy Court and the compliance with (i) the applicable provisions of the Bankruptcy Code; (ii) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) other applicable rules and law; and (iv) the terms of the APA.

2. Assets to be Sold. The Auction shall consist of all of the Mortgage Loans free and clear of claims, interests, liens, and encumbrances.

3. Determination of "Qualifying Bidder" Status. In order to participate in the bidding process and be deemed a "Qualifying Bidder," each potential bidder other than the Stalking

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp, a California corporation; New Century R.E.O. II Corp, a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership and New Century Warehouse Corporation, a California corporation.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA

Horse Bidder must deliver to the Sellers, with copies to the Official Committee of Unsecured Creditors (the "OCUC"), a written and binding offer that:

(a) exceeds the purchase price offered by the Stalking Horse Bidder by at least $100,000;

(b) states such bidder, on its own or together with other Qualifying Bidder(s), offers to purchase all of the Mortgage Loans upon the terms and conditions substantially as set forth in the APA;

(c) states such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Mortgage Loans on terms and conditions no less favorable to the Sellers than the terms and conditions contained in the APA;

(d) be accompanied by a clean and duly executed asset purchase agreement (the "Modified APA") and a marked Modified APA reflecting the variations from the APA executed by the Stalking Horse Bidder;

(e) states such bidder is financially capable of consummating the transactions contemplated by the Modified APA;

(f) states such Qualifying Bidder's offer is irrevocable until the closing of the purchase of the Mortgage Loans if such bidder is the Successful Bidder or the Back-Up Bidder (as defined below);

(g) contains such financial and other information that will allow the Sellers to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA;

(h) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(i) fully discloses the identity of each entity that will be bidding for the Mortgage Loans or otherwise participating in connection with such bid, and the complete terms of any such participation; and

(j) does not contain any due diligence or financing contingencies of any kind.

A competing bid meeting the above requirements shall constitute a "Qualifying Bid" and such bidder shall be a "Qualifying Bidder." The Sellers may aggregate separate bids from Qualifying Bidders to create a Qualifying Bid. The Sellers shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders when their bids have been determined to be qualified. The Stalking Horse Bidder shall be deemed a Qualifying Bidder and the APA constitutes a Qualifying Bid for all purposes.

RLF1-3237906-1

2

4. <u>Bid Deadline</u>. All Qualifying Bids must be submitted no later than 12:00 p.m. (prevailing Eastern time) on January 18, 2008 (the "Bid Deadline") to:

    (i)    Sellers:

O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Facsimile: (415) 984-8701
Email: blogan@omm.com
           bchristensen@omm.com
Attention: Ben Logan
              Brophy Christensen

    (ii)    Official Committee of Unsecured Creditors:

Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Facsimile: (212) 478-7400
Email: mpower@hahnhessen.com
Attention: Mark Power

5. <u>No Qualifying Bids</u>. If no timely, conforming Qualifying Bids are submitted by the Bid Deadline, the Debtors shall not hold an Auction (as defined below) and instead shall request at the Sale Hearing that the Court approve the APA with the Stalking Horse Bidder.

6. <u>Auction</u>. In the event that the Debtors receive by the Bid Deadline one or more bids that they deem in their discretion, in consultation with the OCUC, to constitute Qualifying Bids other than the APA, the Sellers shall conduct an auction with respect to the Mortgage Loans (the "<u>Auction</u>"). The Auction will take place starting on January 22, 2008 at a time selected by the Sellers. The Auction will be conducted by telephonic conference call, internet, or such other method as designated by the Sellers. The Auction shall be governed by the following procedures:

(a) Only representatives of the Sellers, the Stalking Horse Bidder, Qualifying Bidders and the OCUC shall participate at the Auction;

(b) Only the Stalking Horse Bidder and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(c) Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(d) The Stalking Horse Bidder and the Qualifying Bidders shall participate in

person in the Auction, or through a duly authorized representative;

(e) Bidding shall commence at the amount of the highest and/or best Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

(f) Qualifying Bidders may then submit successive bids in increments of at least $50,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $50,000 higher than the previous bid;

(g) All Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the APA or Modified APA, as applicable, at or before the Auction;

(h) The Auction will be conducted so that each Qualifying Bidder will be informed of the terms of the previous bid; and

(i) The Auction shall continue until there is only one offer that the Sellers determine, in consultation with the OCUC and subject to Court approval, is the highest and best offer from among the Qualifying Bidders and the Stalking Horse Bidder submitted at the Auction (the "Successful Bid"). In making this decision, the Sellers, in consultation with the OCUC, will have the discretion to weigh multiple considerations including, without limitation, the amount of the purchase price, the form of the consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates. The bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified APA. For purposes of determining the Successful Bid, any overbid submitted by the Stalking Horse Bidder shall be deemed to include the full amount of the Break-Up Fee (as defined below) and Reimbursement Fee (as defined below). Within three days after adjournment of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of Auction shall not be considered by the Bankruptcy Court.

The Sellers, in consultation with the OCUC, may develop additional rules or amend the foregoing rules governing the conduct of the Auction at the time of the Auction, including the amount at which the bidding shall commence, incremental amounts of successive overbids and the method by which each round of bidding will be conducted.

7. Back-Up Bidder. If an Auction is conducted, the party with the next highest or otherwise Qualifying Bid (including for this purpose the Stalking Horse Bidder), as determined by the Sellers, in consultation with the OCUC, at the Auction shall be required to serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. (prevailing Eastern time) on January 29, 2008 or the closing of the sale transaction with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bidder, and the Sellers will be authorized,

but not required, to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.

8. <u>Sale Hearing</u>. The Successful Bid (or the APA, if no Qualifying Bid other than that of the Stalking Horse Bidder is received and accepted) will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Mortgage Loans to the Successful Bidder (the "<u>Sale Hearing</u>") will take place on January 23, 2008 at 10:30 a.m. (Prevailing Eastern Time), or at such time thereafter as counsel may be heard, before the Honorable Kevin J. Carey, United States Bankruptcy Court, District of Delaware. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

9. <u>Payment of Break-Up Fee and Reimbursement Fee</u>. In consideration of the Stalking Horse Bidder's entry into the APA and the time and expenses that the Stalking Horse Bidder has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides Sellers in seeking to sell the Mortgage Loans for the highest and best offer at the Auction, Sellers agree that in the event that the Mortgage Loans are sold to the Successful Bidder or the Back-Up Bidder, in each case other than the Stalking Horse Bidder, Sellers shall pay the Stalking Horse Bidder from the proceeds of sale the amounts of (i) $40,000 (the "<u>Break-Up Fee</u>") and (ii) $16,100 (the "<u>Reimbursement Fee</u>"). The Break-Up Fee and Reimbursement Fee shall be paid as administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Sellers hereby acknowledge that the Break-Up Fee and Reimbursement Fee shall survive termination of the APA and entry of the Bidding Procedures Order by the Bankruptcy Court shall bind all Sellers' senior secured lenders to the treatment of the Break-Up Fee and Reimbursement Fee.

**EXHIBIT B**
**NOTICE OF SALE HEARING**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEW CENTURY TRS HOLDINGS INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

## NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING

PLEASE BE ADVISED that the above captioned debtors and debtors in possession (the "Debtors"), as more fully set forth in the Debtors' motion filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on December 21, 2007 for (i) an order (a) approving procedures in connection with an auction of residential mortgage loans (the "Loans"), (b) scheduling a hearing to consider approval of the sale of the Loans to GRP Loan, LLC or such other prevailing bidder pursuant to the terms and conditions of that certain Asset Purchase Agreement dated as of December 19, 2007 and approving the form and manner of notice thereof and (c) granting related relief and (ii) an order (a) approving the sale of the Loans and (b) granting related relief (the "Bidding Procedures Motion"), seek to sell the Loans to the Successful Bidder[2] free and clear of any claims, liens, interests and/or other encumbrances pursuant to section 363(f) of title 11 of the United States Code.

PLEASE BE FURTHER ADVISED that on January __, 2008, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set key dates and times relating to the auction and sale of the Loans. **All interested bidders should carefully read the Bidding Procedures described in Exhibit A to the Bidding Procedures Order.** To the extent there are any inconsistencies between the Bidding Procedures described in the Bidding Procedures Order and the summary description of its terms and conditions contained in this Sale Notice, the terms of the Bidding Procedures shall control.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, an Auction of the Loans may take place starting on January 22, 2008 at a time selected by the Debtors which will be identified in a notice sent to qualified bidders. The Auction will be conducted via internet, conference call or such other manner as designated by the Debtors in a notice to qualified bidders. Only representatives of Qualifying Bidders, the Official Committee of Unsecured Creditors and their advisors are permitted to attend the Auction. Only Qualifying Bidders may bid at the Auction.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, all Qualifying Bids must be submitted by no later than 12:00 p.m. (Prevailing Eastern Time) on January 18, 2008 (the "Bid Deadline"),

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LW (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

RLF1-3237912-1

served on the parties indicated in the Bidding Procedures and comply with all requirements set forth in the Bidding Procedures in order to become a Qualifying Bid

PLEASE BE FURTHER ADVISED that the hearing to approve any Qualifying Bid accepted by the Debtors at the Auction and sale of the Loans to the Successful Bidder will be held at 10:30 a.m (Prevailing Eastern Time), on January 23, 2008, in the Bankruptcy Court, located at 844 King Street, Wilmington, Delaware 19801, or at such time thereafter as counsel may be heard or at such time as the Bankruptcy Court may determine Any objection to the proposed sale must set forth, in writing, with particularity, the grounds for such objection or other statements or position, and must be filed with the Bankruptcy Court and served upon (i) the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: Joseph J. McMahon, Jr., Esq.; (ii) O'Melveny & Myers LLP, 400 S Hope Street, Los Angeles, California 90071, Attention: Suzzanne Uhland, Esq., Ben H. Logan, Esq., and Victoria A Newmark, Esq (attorneys for the Debtors); (iii) Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE 19889, Attention: Mark Collins, Esq. (attorneys for the Debtors); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark T. Power, Esq. (attorneys for the Official Committee of Unsecured Creditors); (v) GRP Loan, LLC, 445 Hamilton Avenue, 8th Floor, White Plains, NY 10601, Attention: Andrew Waldman (Stalking Horse Bidder) and (vi) any parties entitled to notice under Local Rule 2002-1(b) or who are entitled to notice under any case management procedures order, if any, entered in these cases prior to the mailing deadline, so as to be actually received no later than January 18, 2008 at 4:00 p.m (Prevailing Eastern Time) Any objection not conforming to the foregoing may not be considered by the Bankruptcy Court.

PLEASE BE FURTHER ADVISED that if the sale of the Loans is approved any party that believes it may have a claim, lien, or other interest or encumbrance against, on, in or otherwise relating to any of the assets shall be forever barred from enforcing such claim, lien, interest or other encumbrance against the Successful Bidder as the Debtors may choose at the Auction.

PLEASE BE FURTHER ADVISED that all requests for information concerning the sale of the Loans should be directed to the undersigned counsel for the Debtors. Copies of the Bidding Procedures Motion, Bidding Procedures and Bidding Procedures Order are available online at http://www.xroadscms.net/newcentury.

Wilmington, Delaware

Dated: January __, 2008

| | |
|---|---|
| Mark D. Collins (No. 2981) | Ben H. Logan |
| Michael J. Merchant (No. 3854) | Suzzanne Uhland |
| RICHARDS, LAYTON & FINGER, P.A. | Victoria A. Newmark |
| One Rodney Square | O'MELVENY & MYERS LLP |
| P.O. Box 551 | 275 Battery Street |
| Wilmington, Delaware 19899 | San Francisco, California 94111 |
| (302) 651-7700 | (213) 430-6000 |

Counsel for the Debtors in Possession