# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., *et al.*,[1] | Case No. 07-10416 (KJC) (Jointly Administered) |
| | Hearing Date: January 9, 2008 at 1:30 p.m. |
| Debtors. | Re: Docket No. 4267, 4319 |

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE RESPONSE OF THE DEBTORS AND THE DEBTORS IN POSSESSION TO INTERNAL REVENUE SERVICE'S SECOND OBJECTION TO MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) FOR AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE INTERNAL REVENUE SERVICE AND GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc., *et al.*, the above-captioned debtors and debtors-in-possession (the "Debtors"), by its co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby file this joinder ("Joinder") to the Response of the Debtors and the Debtors in Possession to Internal Revenue Service's Second Objection to Motion of the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 105(a) and 362(a) for an Order Enforcing the Automatic Stay Against the Internal Revenue Service and Granting Related Relief, and in support thereof respectfully represents as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses pursuant to Bankruptcy Code §§ 1107 and 1108, and no trustee has been appointed. On June 7, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued an order approving the appointment of Michael J. Missal, Esq. as Examiner in these chapter 11 cases.

2. On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Committee: Credit Suisse First Boston Mortgage Capital LLC, Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Deutsche Bank National Trust Co., Wells Fargo Bank, N.A. as Indenture Trustee, Fidelity National Information Services, Inc., and Maguire Properties – Park Place, LLC. Since its formation, the Committee has appointed Kodiak Funding LP as an ex officio member of the Committee. Hahn & Hessen LLP and Blank Rome LLP were selected by the Committee to serve as its co-counsel, and FTI Consulting, Inc. was selected by the Committee to serve as its financial advisor.

3. On July 17, 2007, the Debtors submitted a Form 1139 Corporate Application for Tentative Refund (the "Debtors' Form 1139 Application") with the Internal Revenue Service (the "IRS") pursuant to 26 U.S.C. §§ 172 and 6411 seeking a reduction in taxable income for the 2004 taxable year resulting in the generation of a refund in the amount of approximately $66 million based on net operating losses sustained in the 2006 taxable year (the "Tax Refund"). On November 15, 2007, the Debtors filed the Motion of the Debtors and

127340.01600/40172912v.1

Debtors-in-Possession Pursuant to 11 U.S.C. §§ 105(a) and 362(a) for an Order Enforcing the Automatic Stay Against the Internal Revenue Service and Granting Related Relief (the "Debtors' Motion") seeking an order directing the IRS to release the Tax Refund without further delay as required under 26 U.S.C. § 6411(b).

4. On November 28, 2007, the IRS filed an objection to the Debtors' Motion (the "IRS' First Objection") arguing that the IRS had until December 31, 2007 to act on the Debtors' Form 1139 Application and that the Bankruptcy Court was without jurisdiction to review the IRS' failure to act on the Debtors' Form 1139 Application.

5. On December 31, 2007, the IRS filed a second objection to the Debtors' Motion (the "IRS' Second Objection") and the Declaration of Revenue Agent David Flores executed on December 20, 2007 (the "Flores Declaration"). In the Flores Declaration, Revenue Agent Flores states that he disallowed Debtors' Form 1139 Application. Furthermore, the IRS argues in the IRS' Second Objection that the Bankruptcy Court does not have jurisdiction to review the IRS' denial of the Debtors' Form 1139 Application.

6. On January 4, 2008, the Debtors filed a response to the IRS' Second Objection (the "Debtors' Response") arguing that the Bankruptcy Court has jurisdiction to review the IRS' denial of the Debtors' Form 1139 Application in accordance with 11 U.S.C. § 106(b) because the IRS invoked the Bankruptcy Court's jurisdiction upon filing a proof of claim in the Debtors' chapter 11 cases.

7. The Committee has reviewed the Debtors' Response and understands and agrees with substantially all of the arguments set forth in the Debtors' Response based on the facts as set forth in the Debtors' Motion and the Debtors' Response. Therefore, the Committee adopts and supports the arguments set forth in the Debtors' Response as if fully set forth herein.

WHEREFORE, for the reasons set forth in the Debtors' Response, the Committee respectfully requests that this Court grant the Debtors' Motion, and grant such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
January 8, 2008

BLANK ROME LLP

By: /s/ Jason Staib
Bonnie Glantz Fatell (No. 3809)
Jason W. Staib (No. 3779)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
Huria S. Naviwala
488 Madison Avenue, 15th Floor
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile

Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., *et al.*