IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: January 30, 2008 at 4:00 p.m. |
| | : | Hearing Date: February 6, 2008 at 1:30 p.m. |

## MOTION FOR ORDER APPROVING SETTLEMENT BETWEEN DEBTORS AND DEBTORS IN POSSESSION AND GENERAL ELECTRIC CAPITAL CORPORATION REGARDING SECURED FINANCING ARRANGEMENTS

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully request that the Court enter an Order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the compromise and settlement of claims asserted by General Electric Capital Corporation ("GECC") on account of certain secured financing arrangements entered into between the Debtors and GECC pre-petition. The Debtors submit that this settlement represents a reasonable compromise of the parties' disputes and that the settlement is in the best interest of the Debtors, their estates and creditors, and the Debtors further represent and state as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

LA3:1143281.3
RLF1-3241830-1

## BACKGROUND FACTS

1.  Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern and otherwise for the benefit of stakeholders.

## GECC CLAIMS AGAINST ESTATES

2.  Pre-petition, GECC extended financing to the Debtors evidenced by promissory notes and secured by first priority liens in certain equipment owned by the Debtors, namely computers, printers, fax machines and other office equipment used in the Debtors' locations nationwide. GECC filed proofs of claim asserting that it is owed $7,515,537.78 by New Century Mortgage Corporation, New Century Financial Corporation and New Century TRS Holdings, Inc. (collectively, the "Subject Debtors") under various secured financing arrangements GECC extended to those parties. GECC filed the following Proofs of Claim on account of those financing arrangements: Claim No. 1691 (New Century Mortgage Corp.), Claim No. 1699 (New Century Financial Corp.), Claim No. 1728 (New Century TRS Holdings) and Claim No. 1734 (New Century TRS Holdings).

3.  Certain of the Debtors also leased telephone equipment from GECC, however this Motion does not affect the claims of GECC arising from those leases.

4.  On May 23, 2007, the Court entered an order approving the sale of a portion of the Debtors' businesses to Carrington Capital Management, LLC and affiliates, including the sale of a portion of GECC's collateral (the "Carrington Sale Order") (Court's Docket No. 844). The Carrington Sale Order also provided for the establishment of a "Secured Claim Reserve," including $7,558,887.80 of sale proceeds related to GECC's lien to be subsequently dispersed by agreement of the parties or by subsequent Court order.

5.  On May 11, 2007, GECC filed a motion for relief from the automatic stay to recover its collateral (Docket No. 630). During the months following the filing of that motion, the Debtors and GECC discussed the possibility of a consensual resolution of that motion and GECC's claims asserted against the estates on account of the secured financing arrangements. In order to permit those discussions to play out, the parties entered into five stipulations with respect to GECC's motion for relief from the automatic stay pursuant to which: (i) the Court has modified the automatic stay for the limited purpose of permitting GECC to recover portions of GECC's collateral totaling $90,000 in value; (ii) the Debtors have paid $300,000 to GECC from the Secured Claim Reserve as an advance toward the distribution to GECC on account of its secured claim as ultimately allowed by the Court; and (iii) the hearing on GECC's motion was continued until January 9, 2008. (These stipulations appear on the Court's Docket at Nos. 1979, 2134, 2534, 3204 and 3855.)

## RELEASE OF FUNDS PURSUANT TO
## COURT ORDER AND SETTLEMENT OF CLAIMS

6.  Following discussions amongst representatives for the Debtors and GECC, and in consultation with the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the parties entered into the Stipulation Re. Release of Funds in Secured Claim Reserve to General Electric Capital Corporation (Docket No. 4195) (the "Stipulation"). The Stipulation provided, subject to Court approval, that the Debtors would pay to GECC from the Secured Claim Reserve the sum of $1,800,000. The Stipulation specified that the $1,800,000 payment, in addition to the $300,000 previously paid to GECC and the $90,000 worth of collateral previously returned to GECC, would be in complete satisfaction of the secured portion of GECC's claims under the secured financing arrangements (the "GECC Secured Claim"), and that the GECC Secured Claim would, therefore, total $2,190,000. The Stipulation further provided that GECC would have a deficiency claim against the Subject Debtors and their estates for the balance of the

amounts owing under the secured financing arrangements in the amount of $5,325,527.78 (the "GECC General Unsecured Deficiency Claim"). The Court approved the Stipulation by Order dated December 27, 2007 (Court's Docket No. 4217). The Debtors will retain, free and clear of GECC's liens, the remaining assets constituting GECC's collateral under the financing arrangements, and the Debtors are presently in the process of marketing those assets for sale. This settlement should save the estates considerable costs by avoiding the cost to inventory and segregate the thousands of individual pieces of GECC's collateral, which are currently stored amongst the Debtors' other office equipment.

7.    Pursuant to the Order, $1,800,000 was disbursed from the Secured Claim Reserve to GECC with the balance being released to the Debtors, GECC withdrew its motion for relief from stay and delivered UCC-3 termination statements to the Debtors releasing any liens GECC held or asserted against collateral on account of the secured financing arrangements.

8.    The Stipulation and Order provided that, in order to effectuate the parties' settlement, the parties would promptly negotiate and file with the Court a motion pursuant to Rule 9019 requesting approval of the following:

>   (a)    The GECC General Unsecured Deficiency Claim shall be allowed in the amount of $5,325,527.78 ("GECC Allowed Unsecured Deficiency Claim") against the Subject Debtors and their estates, and GECC shall be entitled to distributions on such claim as set forth in a plan of reorganization to be filed in these cases at a later time.
>
>   (b)    To the extent that GECC has previously hereto taken possession of any assets of the Debtors which purportedly secured GECC's claims against the Debtors, GECC shall be entitled to retain such assets without further credit to the Debtors or their bankruptcy estates. Within ten (10) days of the entry of a court order granting this Motion, the Debtors will provide to

GECC a bill of sale conveying fee simple title to such assets to GECC. GECC shall be obligated to pay any taxes or costs associated with such bill of sale. The Debtors will retain, free and clear of GECC's liens and security interests, all other equipment and property that is or was the subject of GECC's security interests and liens.

(c) The Debtors and the Creditors' Committee shall, for themselves and their successors and assigns, jointly and severally release, acquit, exonerate and forever discharge GECC, its affiliates, parent corporations and subsidiaries, and all of GECC's past, present and future directors, officers, employees, agents and attorneys (collectively, the "<u>GECC Released Parties</u>") from any and all claims, causes of action, suits and damages (including claims for attorneys' fees) which the Debtors or the Creditors' Committee jointly or severally ever had, now have or hereinafter may have against any or all of the GECC Released Parties that arise from or relate to the GECC Secured Claim, the GECC General Unsecured Deficiency Claim and/or the GECC Allowed Unsecured Deficiency Claim, including, without limitation, any claims or causes of action arising under 11 U.S.C. §§ 544, 547, 548 or 549; and (ii) GECC shall release, acquit, exonerate and forever discharge the Debtors, the Creditors' Committee and their successors and assigns from any and all claims, cause of action, suits and damages (including claims for attorneys' fees) which GECC ever had, now has or hereinafter may have against the Debtors, the Creditors' Committee or any of their successors and assigns arising out of the GECC Secured Claim, other than as set

LA3:1143281.3
RLF1-3241830-1

forth in this Motion and the related Stipulation and specifically excluding the GECC General Unsecured Deficiency Claim, the GECC Allowed Unsecured Deficiency Claim and the unsecured lease rejection claims referenced above.

9. By this Motion, the Debtors respectfully request that the Court enter an Order approving the foregoing terms, including (1) allowing the GECC Allowed Unsecured Deficiency Claim, (2) approving the transfer pursuant to the bill of sale and (3) approving the releases set forth herein. Concurrently with the filing of this Motion, both the Debtors and the Creditors' Committee are jointly submitting a proposed form of Order providing for the releases described above.

## LEGAL ARGUMENT

10. Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

11. The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a Court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

12. In fact, a Court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

13.     In the present case, GECC asserted that it was owed over $7.5 million under the various secured financing arrangements entered into between the parties. The resolution of this claim involved a number of potentially contentious and costly issues. Foremost among these was the valuation of GECC's collateral and the apportionment of GECC's secured and unsecured deficiency claims under the financing arrangements. During negotiations, GECC asserted that the value of its collateral approached the total value of its claims, and that the vast majority of its claims were therefore secured. The Debtors believed that GECC's collateral should be appropriately valued at a portion of GECC's total claims, and that it should be allotted secured and unsecured deficiency claims on account of the financing arrangements. Other issues of contention included the cost and logistical difficulty involved in turning over the tens of thousands of pieces of equipment constituting GECC's collateral.

14.     The Debtors and GECC engaged in discussions over these issues during the months following the commencement of these cases, including several rounds of offers and counter-offers. The Creditors' Committee became involved in the negotiations recently and the settlement set forth herein was reached.

15.     The Debtors believe that this settlement represents a sensible compromise of these claims, and that the settlement is in the best interest of the Debtors, their estates and their creditors. In making this determination, the Debtors were particularly mindful of the cost involved in engaging in a full-scale valuation fight before the Court against a well-funded opponent that is also a global leader in the sale and financing of equipment in the nature of the collateral at issue here. Further, the settlement encompasses the release of funds already escrowed by the Debtors in connection with the sale of a portion of their businesses pursuant to the Carrington Sale Order and the allowance of an unsecured deficiency claim. In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

16.     Accordingly, the Debtors request that the Court approve the settlement.

## NOTICE

17. Notice of this Motion has been provided to: (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Creditors' Committee, and (4) other parties entitled to notice. The Debtors submit that no other or further notice is required.

18. The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

19. No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order substantially in the form attached hereto as Exhibit A:

(a) Approving the settlement provisions set forth herein,

(b) Allowing the GECC Allowed Unsecured Deficiency Claim in the amount of $5,325,527.78 against New Century Mortgage Corporation, New Century Financial Corporation and New Century TRS Holdings, Inc. (collectively, the "Subject Debtors"). To effectuate the foregoing, Claim Nos. 1691, 1699 and 1728 shall be allowed as general unsecured claims in the amount of $5,325,527.78, entitled to an aggregate maximum recovery collectively from the Subject Debtors in the amount of $5,325,527.78, and Claim No. 1734 shall be disallowed in its entirety. GECC shall be entitled to distributions on account of the GECC Allowed Unsecured Deficiency Claim as set forth in a plan of reorganization to be filed in these cases as a later time (and such claim may be satisfied once and only once).

(c) Approving the transfer of assets to GECC pursuant to a bill of sale

(d) Authorizing and granting the releases described above and incorporating such releases in the Order granting this Motion, and

(e) Granting such other relief as the Court deems just and proper consistent with the foregoing.

Dated: January 8, 2008
Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

-and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 408-2452

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION