**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## DECLARATION OF JAY D. LUSSAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY IP RECOVERY, INC. TO MARKET CERTAIN INTELLECTUAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

I, Jay D. Lussan declare as follows:

1.      I am over 18 years of age, and if called as a witness, I could and would competently testify from my own personal knowledge with respect to the matters set forth below.

2.      I submit this declaration in support of the concurrently submitted Application of Debtors and Debtors in Possession to Employ IP Recovery, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328.

3.      I am CEO of IP Recovery, Inc. ("IP Recovery").   In that capacity, I oversee IP Recovery's engagements with clients under which it markets and disposes of various

---

[1]  The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

intellectual property assets.  I am the individual at IP Recovery that will be chiefly responsible for this engagement.

4.     IP Recovery, myself nor any of its other employees who will be involved in this engagement, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any other party in interest.  I do not believe there is any connection or interest (as such terms are used in Bankruptcy Code[2] section 101(14)(C) and Bankruptcy Rule 2014(a)) between IP Recovery and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these cases.

5.     Neither I, IP Recovery, nor any of its employees, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which IP Recovery is to be employed.  Based upon the information available to me, I believe that IP Recovery is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).  In the event that IP Recovery discovers additional information that requires disclosure, IP Recovery will file a supplemental disclosure with the Court.  IP Recovery reserves the right to supplement this Declaration in the event that IP Recovery discovers any facts bearing on matters described in this Declaration regarding IP Recovery's employment by the Debtors.

6.     No promises have been received by IP Recovery, nor by any principal, member or employee thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

Delaware. IP Recovery has no agreement with any other entity to share with such entity any compensation received by IP Recovery.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed this 8th day of January, 2008 at Aspen, CO.

_____

Jay D. Lussan

3