**EXHIBIT C**

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[4] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

### ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY IP RECOVERY, INC. TO MARKET CERTAIN INTELLECTUAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

This matter coming before the Court on the Application for Order Authorizing Debtors and Debtors in Possession to Employ IP Recover, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328 (the "Application"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having reviewed the Application; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) notice of this Application was sufficient under the circumstances; and the Court having considered the Application and any objections thereto at a hearing held on January 23, 2008; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[4] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1. The Application is GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

3. Pursuant to Bankruptcy Code sections 327(a) and 328, the Debtors are authorized to employ IP Recovery, Inc. to market intellectual property assets on the terms set forth in the "Services Agreement" attached as "Exhibit B" to the Application, including the compensation terms set forth in the Services Agreement.

4. The indemnification provisions set forth in the Services Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

    a. IP Recovery shall not be entitled to indemnification, contribution or reimbursement unless a request for such indemnification, contribution and/or reimbursement is approved by the Court;

    b. The Debtors shall have no obligation to indemnify IP Recovery or to provide contribution or reimbursement to IP Recovery for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from IP Recovery's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of IP Recovery's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to IP Recovery's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which IP Recovery should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as approved by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, IP Recovery believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement, including, without limitation, the advancement of defense costs, IP Recovery must file an application therefore in this Court, and the Debtors may not pay any such amounts to IP Recovery before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by IP Recovery for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify IP Recovery. All parties in interest shall retain the right to object to any demand by IP Recovery for indemnification, contribution or reimbursement.

5.  The fees to be paid to IP Recovery under to the Services Agreement, including without limitation the "Success Fees", are approved pursuant to section 328(a) of the Bankruptcy Code, and that the Court may allow compensation different from the compensation described above only if such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms.

6.  IP Recovery shall a final fee application for reimbursement of any costs or expenses with respect to its services with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware and orders of the Court. All parties in interest, including without limitation the Office of the United States Trustee for the District of Delaware, the Official Committee of Unsecured Creditors and the fee examiner

appointed in these chapter 11 cases, retain the right to object to the reimbursement of such costs and expenses.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2008
       Wilmington, Delaware

                                            THE HONORABLE KEVIN J. CAREY
                                            UNITED STATES BANKRUPTCY JUDGE

LA3:1143358.1
RLF1-3241836-1