# **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Proposed Objection Deadline: 1/17/07 @ 4:00 p.m. |
| | : | Proposed Hearing Date: 1/23/08 @ 1:30 p.m. |

### NOTICE OF APPLICATION AND HEARING

PLEASE TAKE NOTICE that on January 8, 2008, the above-captioned

debtors and debtors in possession (the "Debtors") filed the **Application for Order**

**Authorizing Debtors and Debtors in Possession to Employ IP Recovery, Inc. to**

**Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§327(a) and 328**

(the "Application") with the United States Bankruptcy Court for the District of Delaware,

824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").

PLEASE    TAKE    FURTHER    NOTICE    that    the    Debtors

contemporaneously filed a *Motion to Shorten Notice Period and Approve the Form and*

*Manner of Notice* (the "Notice Motion") with the Bankruptcy Court.  The proposed

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

hearing date and objection deadline set forth herein are consistent with the dates proposed in the Notice Motion.

PLEASE TAKE FURTHER NOTICE that the Debtors have proposed that any responses or objections to the Motion must be in writing, filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel on or before **4:00 p.m. on January 17, 2008**.

PLEASE TAKE FURTHER NOTICE that if any objections or responses are received the Debtors have proposed that a hearing with respect to the Motion be held on **January 23, 2008 at 1:30 p.m.** before the Honorable Kevin J. Carey at the United States Bankruptcy Court, 824 Market Street, 5th Floor, Courtroom #5, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that once a hearing date and objection deadline have been established, the Debtors will provide notice of such dates to all parties in interest.

IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 8, 2008
      Wilmington, Delaware

Mark D. Collins (Bar No. 2981)
Michael J. Merchant (Bar No. 3854)
Christopher M. Samis (Bar No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Ben H. Logan
Suzzanne S. Uhland
Victoria H. Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| | : | **Proposed Objection Deadline: 1/17/08 @ 4:00 p.m.** |
| **Debtors.** | : | **Proposed Hearing Date: 1/23/08 @ 1:30 p.m.** |

**APPLICATION FOR ORDER AUTHORIZING DEBTORS AND DEBTORS IN**
**POSSESSION TO EMPLOY IP RECOVERY, INC. TO MARKET CERTAIN**
**INTELLECTUAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328**

New Century Financial Corporation, a Maryland corporation, New Century TRS

Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as a

debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the

"Debtors"), hereby request the entry of an order, pursuant to sections 327(a) and 328 of Title 11

of the United State Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), authorizing the

Debtors to employ IP Recovery, Inc. ("IP Recovery") to market the Debtors' internet domain

names and other intellectual property assets (the "Application"). A copy of the "Services

Agreement" setting forth the terms of this engagement, the proposed compensation structure, and

a listing of the Debtors' intellectual property assets to be sold pursuant to this engagement is

attached hereto at "Exhibit A." In support of this Application, the Debtors are concurrently

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

submitting to the Court the Declaration of Jay D. Lussan, CEO of IP Recovery, a copy of which is attached hereto as "Exhibit B." The Debtors further represent and states as follows:

## JURISDICTION

The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1.      Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases principally to market for sale portions of their businesses on a going concern basis and to continue the process started pre-petition of winding down other portions of their businesses and liquidating assets.

2.      Pre-petition, the Debtors operated a "retail division" (chiefly under Home123 Corporation) under which originated loans through direct contact with consumers, including through a large number of websites that provided loan information directly to consumers. The Debtors continue to own the domain names associated with these websites. In addition, the Debtors continue to license the sorts of software applications generally associated with large business operations, such as the "Microsoft Windows" operating system, the "Acrobat" reader program, and similar applications.

3.      The Debtors understand that they may be able to derive substantial value from this intellectual property. Consequently, the Debtors embarked on a process to interview brokers to market and dispose of these assets. This process was spearheaded by Ted Seden, Vice President of Vendor Management with the Debtors, and Eva Anderson, a Director with Alix Partners, financial advisors to the Debtors. In making their selection, the Debtors sought to retain a broker that had the experience and resources necessary for this engagement and on terms that were competitive and beneficial to the estates and creditors.

4.      As a result of this process, the Debtors have determined, subject to Court approval, to employ IP Recovery to market and sell these assets. The Debtors believe that IP Recovery is well qualified to serve in this capacity. IP Recovery has extensive experience in all aspects of marketing and selling domain names and other intellectual property, and they regularly serve in capacities similar to the engagement proposed herein.

## TERMS OF ENGAGEMENT

5.      Specifically, the Debtors request Court authority to engage IP Recovery pursuant to the terms set forth in the Services Agreement. As described in that agreement, IP Recovery is being engaged to work as their exclusive marketing and sales agent for the Debtors with respect to certain intellectual property assets, and will work to market these assets in order to maximize value for the estates. Jay D. Lussan (with IP Recovery) is the individual who will be primarily responsible for this engagement.

6.      To the best of the Debtors' knowledge, neither IP Recovery nor any of its employees who will be involved in this engagement have any connection with or any interest adverse to the Debtors, their creditors, any other party in interest, or their respective attorneys. IP Recovery has completed a detailed conflict search of parties involved and these chapter 11 cases, and based on such search, believes that it is a "disinterested person" as that term in defined under 101(14) of the Bankruptcy Code.

7.      The Debtors have been advised that IP Recovery employees do not record their time and activities, as in the case with lawyers and certain other professionals. It is the Debtors' understanding that this is universally the case with brokers in the same industry as IP Recovery. Instead, the Debtors will pay "success fees" to IP Recovery upon the closing of a sale, license, transfer or other transaction disposing of assets. The success fee is calculated as 30% of the "Gross Consideration" generated in transactions, i.e. the cash or other consideration paid to or for the benefit of the Debtors as a result of the sale, disposition or long-term license of an asset. In addition, the Debtors will pay IP Recovery a $15,000 "retention fee" upon the

commencement of this engagement, which will be applied as a credit towards future success fees. Given that IP Recovery is essentially operating under a contingency fee arrangement, the Debtors' request that the fee arrangement set forth in the "Services Agreement" be approved pursuant to section 328(a) of the Bankruptcy Code.

8.      In addition, the Debtors will reimburse IP Recovery for actual costs incurred in connection with this engagement, including reasonable travel, shipping, supplies and similar costs. IP Recovery will file a final fee application for reimbursement of any costs or expenses with respect to its services with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware and orders of the Court. As such, all parties in interest, including without limitation the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Official Committee of Unsecured Creditors (the "Committee") and the fee examiner appointed in these chapter 11 cases, will retain the right to object to the reimbursement of such costs and expenses, but not to the success fees earned in accordance with the Services Agreement.

9.      The Debtors envision that any sale of intellectual property assets conducted pursuant to IP Recovery's engagement will be effectuated in accordance with the Court's streamlined procedures governing miscellaneous asset sales of up to $250,000 in cash consideration to the estates. See Court Orders at Docket Nos. 704 and 2594. Under those procedures, the Debtors are required to serve a notice describing the terms of any proposed sale on the Official Unsecured Creditors' Committee, the United States Trustee and other key constituencies, and those parties have an opportunity to object to the proposed sale and to request a Court hearing regarding the same.

10.      The Debtors propose that, in any sale notice describing a sale in which IP Recovery is expected to earn a Success Fee or any other compensation, the Debtors will include a statement describing the compensation earned by IP Recovery (including any Success Fee and any costs or expenses to be reimbursed to IP Recovery). As a result, parties will have ample

4

opportunity to review any fees and expenses to be paid to IP Recovery, in addition to reviewing the terms of IP Recovery's engagement in this Application. In addition, IP Recovery may file a final fee application for allowance of any fees, costs or expenses not previously paid and allowed in accordance with the procedures described above.

11.    Given the notice procedures applicable here, the Debtors' request that the fee arrangement set forth in the Services Agreement be approved pursuant to Bankruptcy Code section 328(a), and that the Court may allow compensation different from the compensation described above only if such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms.

12.    The Debtors believe that these compensation terms are competitive in the industry, and that the proposed engagement of IP Recovery is in the best interest of the Debtors, its estates and creditors.

## NOTICE

13.    The Debtors have provided notice of this Application to (i) the U.S. Trustee, (ii) counsel to the Official Unsecured Creditors' Committee, (iii) other parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002 and Delaware Local Bankruptcy Rule 2002-1(b). The Debtors submit that no other or further notice is necessary or required.

14.    No prior request for the relief sought in this Application has been made to this or any other Court.

15.    The Debtors submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (as amended from time to time, the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Local District Court Rule 7.1.2(a).

5

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order approving this Application, substantially in the form of the proposed Order attached hereto at "Exhibit C", authorizing the employment of IP Recovery pursuant to Bankruptcy Code sections 327(a) and 328 on the terms set forth in the Services Agreement, and granting such other relief as the Court deems proper.

Dated: January 8, 2007
     Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

- and -

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

6

## **EXHIBIT A**

# Intellectual Property Asset Advisory and Disposition Services Agreement Between

## NEW CENTURY MORTGAGE CORPORATION

and

## IP Recovery, Inc.



## Dated January 8, 2008

Ms. Eva Anderson                              Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 2 of 23


January 8, 2008

Ms. Eva Anderson
Alix Partners
On Behalf of New Century Mortgage Corp.
18400 Von Karmen Ave
#1000
Irvine, CA 92612

RE:  New Century Intellectual Property Assets


VIA EMAIL:  eanderson@AlixPartners.com

Re:     Agreement for Services on Behalf of New Century Mortgage
        Corporation, its subsidiaries and affiliates[1] (the "Company")


Dear Ms. Anderson:

This letter outlines the understanding and agreement ("Agreement") between IP
Recovery™ Inc. ("IPR") and the Company regarding the retention of IPR by the
Company for the purposes set forth herein.  Should the Company determine that
Court approval of this Agreement is necessary, the Company agrees to use its
best efforts to promptly seek such approval in the United States Bankruptcy
Court (the "Court") where the Company is the Debtor or Debtor in Possession.
This Agreement shall be effective as of the date this Agreement is executed or
approved by the Court.

The terms "we", "our" or "us" shall refer to IPR.

## Asset Marketing, Disposition and Liquidation Services:

### A. Objective:

The Company intends to dispose of certain saleable intangibles, presented in
Exhibit 1, which have been recommended for disposition by IPR and
approved by the Company, with the goal of generating cash and/or reducing
liabilities ("Assets").  Such disposition shall be by sale, license, transfer or

---

[1] Listing of Subsidiaries and Affiliates to be included as an attachment by New Century Mortgage
Corporation

NEW YORK              CHICAGO              ASPEN              SAN FRANCISCO

Ms. Eva Anderson                                         Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 3 of 23

otherwise (each such disposition referred to herein as a "Transaction") as part of a liquidation of assets under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Under this Agreement, IPR shall be the exclusive provider of disposition services, subject to the termination provisions herein, to the Company in connection with the Transaction(s), including the marketing, auctioning (if required) and sale or other disposition of the Assets owned by the Company (collectively the "Services"). All Assets shall be sold "as is/where is" without representation or warranties by the Company or IPR in accordance with an Asset Purchase Agreement (APA) to be provided by the Company's counsel, unless some other form of document is accepted by the Company.

**B. Scope of Services:**

Immediately upon execution of this Agreement by the Company and receipt by IPR of the "Commencement Payment" as set forth in Paragraph I., C., 3., below (and following Court approval of this Agreement), the engagement will commence with IPR professionals, working with the Company as necessary, to compile necessary background information, data, financial information and other historical data relevant to substantiating the case for expected recovery in the marketplace.

In performing this engagement, IPR's Scope of Services specifically involves assisting the Company and its advisors in the following key tasks:

1. Confirming with the Company and its advisors the Company's rights to sell the Assets. Making contact with vendors, licensors and granting authorities to confirm such determinations, seeking consent to transfer where applicable, or receive in writing consent to assign assets.

2. Work with the Company's counsel to develop template contracts and agreements for the purpose of facilitating the dissemination of database samples or any other sensitive information that is required to facilitate a Transaction. IPR has standard templates that we will share with the Company's counsel if necessary.

3. Analyze for valuation purposes all trademarks and service marks including associated product designs, manufacturing agreements, graphics and logos, and other items of material interest to the sale of these assets.

4. Identify potential acquirers of the Assets and solicit their interest on behalf of the Company. Demonstrating the Assets and related supporting documentation, as necessary, on the IPR website and in "Parked" sites for interim revenue generation while on display for sale.

NEW YORK                CHICAGO                ASPEN                SAN FRANCISCO

Ms. Eva Anderson                         Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 4 of 23

5. Secure Intangible assets. This may include scanning and copying contracts, agreements and registration information. In addition, IPR may redirect the Domain Name Server (DNS) addresses for the domain names to display them on the IPR website and to selectively place them with preferred domain name management companies to make them visible while being up for sale and to assess the potential traffic to establish the maximum market value for each.

6. Develop and disseminate marketing material to promote the sale of the Assets. This may include providing summary statistics from historical financial performance, imaging of registrations and graphics, and creating brochures for private label products, brands, trademarks, service marks and domain names.

7. Recommend potential structures for sale and/or auction processes to be used to dispose of the Assets in the immediate near term, including "parking" of certain domain names.

8. Act as the Company's exclusive disposition agent for the Assets, collecting and analyzing appropriate data in connection therewith, and recommending Transactions to dispose of the Assets in the market in order to maximize value for the Company.

The Services, however, shall not include our testimony or appearance in court or at other legal proceedings, other than declarations, appearances, testimony or otherwise as may be necessary to consummate a Transaction which IPR has negotiated or in which IPR has otherwise been involved, unless specific arrangements therefore have been made.

IPR shall work on all aspects of the assignment subject to the conditions contained herein. IPR will market the Assets, recommend structures for any potential transactions, negotiate with interested buyers and recommend appropriate pricing for the Assets, and oversee the sale/auction of the Assets. All final decisions regarding the sale or disposition of the Assets shall be the determination of the Company, which determination will be based upon reasonable discretion. Notwithstanding the foregoing, however, in the event the Company declines to accept a purchase offer produced by IPR that meets or exceeds a predetermined "reserve" amount, if any, IPR shall be entitle to its "success fee" in the same manner as if the transaction had been successfully concluded as set forth in Paragraph II., C., 3., I, below.

C. Timing and Fees

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson                               Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 5 of 23

### 1. Timing:

IPR will begin marketing the assets identified in Exhibit 1 immediately. Should additional saleable IP assets be identified by the Company after commencement of this engagement, IPR will market these assets only after receiving the Company's consent. IPR is sensitive to the fact that some of the Company's assets depreciate more quickly than others, and has incentives in place to complete final asset sales in an orderly fashion, as contrasted with a "forced liquidation" as is normally the case in a Chapter 11 or Chapter 7 liquidation. Accordingly, the monetization strategies will be implemented swiftly with an orderly process implemented to maximize potential value received.

### 2. Fees:

Our compensation to perform the Services of this engagement shall consist of the following:

"Commencement Payment" and Direct Expenses as set forth below

    i. As compensation for IPR's services in performance of the tasks set forth herein the fee to be paid by the Company to IPR shall be $15,000.00 payable immediately upon commencement of this project. The Commencement Payment is subject to repayment through asset sales as set forth below.

    ii. IPR will bill the Company, at actual cost incurred, for reasonable, out-of-pocket direct expenses approved by the Company in advance. Direct expenses may include but are not limited to travel, communications, shipping, supplies and incidentals.

"Success Fees" as set forth below:

    i. Upon the closing of any Transaction for each or all of the Assets, a "Success Fee" shall be paid to IPR as follows: The Success Fees payable to IPR shall be 30% of the Gross Consideration (as defined below) received by or for the benefit of the Company for all Transactions. Absent any arrangement to the contrary, any fees incurred for the use of sub-agents retained by IPR to assist in the sale or disposition of the Assets shall be the sole responsibility of IPR.

NEW YORK                CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson
Jan 8, 2008
Page 6 of 23

Copyright 2007 IP Recovery, Inc.

ii.   The Commencement Payment of $15,000 under this engagement shall be applied as a credit toward future recovery, prior to the incurring of Success Fees. As such, the first Success Fee dollars payable to IPR shall begin accruing after the total of $15,000 in "Gross Consideration" has been generated by asset sales, which amount shall go directly to the Company without any associated Success Fees.

iii.  "Gross Consideration" shall mean any cash or other consideration paid to or for the benefit of the Company, including all fee income or other consideration received as a result of the sale, disposition or long-term license of the Assets. In the event that the Gross Consideration for any given Transaction is to be paid in any manner other than cash at closing (such as a reduction of liabilities or claims), the parties to this Agreement agree that IPR's Success Fees for such Transaction will be disbursed in cash, contemporaneous with receipt of any such Gross Consideration by or for the benefit of the Company.

## 4. Expenses and Testimony:

The aforesaid fees exclude any reasonable out-of-pocket expenses incurred in connection with this Agreement and approved by the Company, including travel or reasonable costs related to any court testimony or appearance that we may be asked by the Company to provide other than as may be necessary to consummate a Transaction, which IPR has negotiated or in which IPR has otherwise been involved. We understand that the reimbursement of our expenses is subject to the Company's prior approval. In addition, if you request that we provide a senior member of our management to furnish court testimony or appear in court for purposes other than declarations, appearances, testimony or otherwise as may be necessary to consummate a Transaction, which IPR has negotiated or in which IPR has otherwise been involved, our hourly rate for such person is $600.

The Company represents that it has authorized the matters set forth herein and agrees to cooperate with IPR in order for us to complete the services. The Company shall furnish or cause to be furnished to IPR, without representation or warranty of any kind, such information as is reasonable to render the services (all such information so furnished being the "Information"). The Company acknowledges that IPR: (a) Shall use and rely primarily on the Information and

Ms. Eva Anderson
Jan 8, 2008
Page 7 of 23

Copyright 2007 IP Recovery, Inc.

on information available from generally recognized public sources in performing the services contemplated by this Agreement without having independently verified the same, nor warranted the same; (b) Does not assume responsibility for the accuracy or completeness of the Information and such other information; (c) Is entitled to rely upon the Information without independent verification thereof; and (d) Shall not perform an MAI appraisal of any Assets in connection with the engagement hereunder.  IPR shall treat as confidential the Information, unless such information becomes publicly available (but not as a result of our breach of such confidentiality) or unless such information is required to be disclosed pursuant to court order after reasonable prior written notice to the Company.  Prior to disclosing any substantive or proprietary information to any third party, IPR shall obtain execution of a confidentiality agreement which has been approved by the Company.

The Company acknowledges and agrees that IPR has been retained to act solely for the matters contained herein.  In such capacity, IPR shall act as an independent contractor, and no other party shall be a beneficiary under this Agreement, except as specifically provided for with regard to the appointment of agents or sub-agents.

This Agreement shall commence on the date approved by the Court, but retroactive to actual date of acceptance set forth below in the signature block of this Agreement.    Notwithstanding the foregoing, this Agreement may be terminated: (a) Without cause upon at least thirty (30) days' written notice by the Company; (b) For cause (i.e., a material breach of this Agreement) by either party if the non-breaching party provides at least fifteen (15) days written notice to the breaching party (setting forth in reasonable detail the specifics of the material breach in the notice), and the breaching party shall have failed to cure such material breach within said fifteen (15) days.    Notwithstanding the termination or expiration of this Agreement, IPR shall be entitled to the payment of that portion of the Retainer and reimbursable expenses as described herein that have accrued through the date of termination (and for Success Fees in connection with matters occurring after termination as provided below).

IPR shall be entitled to its Success Fee in the event that any Transaction is consummated at any time prior to the expiration of twelve (12) months after the expiration of this Agreement, or earlier termination under the terms set forth above, where such Transaction was substantially on account of material work undertaken by IPR in connection with the development and/or implementation of such Transaction during the term hereof.  The status of IPR as independent contractor and the limitation as to whom IPR shall owe any duties shall survive any termination or expiration of this Agreement.

The Company shall indemnify and hold harmless IPR and its personnel from and against any claims, liabilities, costs, and expenses (including, without limitation, attorneys' fees and the time of IPR personnel involved) brought against, paid to,

Ms. Eva Anderson                                  Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 8 of 23

or incurred by IPR at any time and in any way arising out of or relating to IPR services under this Agreement, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of IPR personnel or any sub-agents utilized by IPR. This provision shall survive the termination of this agreement for any reason. IPR shall comply with all laws and regulations in the performance of the Services under this Agreement.

No representation or warranty is expressed or implied for any valuations, projections, estimates and information supplied by IPR. Actual results for the sale of the Assets may vary materially and adversely from the valuations, estimations and projections supplied by IPR. The parties recognize that market conditions, the motives of buyers, the time necessary to market the Assets, the current uncertain conditions for the sale of retail assets, and other matters all will have a material effect on actual results. Accordingly, IPR cannot predict the actual results that will ultimately be achieved in connection with their services and work performed hereunder.

This Agreement embodies the entire agreement and understanding by and among the parties hereto relating to the subject matter hereof. If any provision of this Agreement is determined to be invalid or unenforceable in any respect, such determination will not affect such provision in any other respect, which shall remain in full force and effect. No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.

This Agreement shall be governed by, and construed in accordance with, the laws of the State of California applicable to contracts executed in and to be performed in California. Any actions to enforce this Agreement shall be brought in an appropriate proceeding before the Court.

It is expressly understood and agreed to by the parties that, in the event either party is required to bring an action to enforce its rights under this Agreement, including but not limited to, actions to recover fees or expenses, the prevailing party shall be entitled to recover it's expenses including reasonable attorneys' fees.

This Agreement may be signed in counterparts, together forming a complete agreement.

Please confirm that the foregoing correctly sets forth our agreement by signing and returning to IPR the duplicate copies of this Agreement.

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson
Jan 8, 2008
Page 9 of 23

Copyright 2007 IP Recovery, Inc.

Sincerely,

READ, AGREED AND APPROVED:

IP Recovery, Inc.

New Century Mortgage Corporation

By: _____

By:_____

Name: Jay D. Lussan

Name:

Title: Chairman, CEO

Title:

Date: _JANUARY 8, 2008_____

Date:_____

NEW YORK          CHICAGO          ASPEN          SAN FRANCISCO

Ms. Eva Anderson                                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 10 of 23

## ADDENDUM "A"

### STATEMENT OF LIMITING CONDITIONS

1.  Information furnished by others, upon which all, or portions of, our work product are based, is believed to be reliable but may not have been verified except as set forth in our report. No warranty is given as to the accuracy of such information.

2.  Unless otherwise provided in the Agreement, neither IPR nor any individual signing or associated with this Agreement shall be required by reason of this report to give further consultation, provide testimony, or appear in court or at other legal proceedings unless specific arrangements therefore have been made.

3.  No responsibility is taken for changes in market conditions, and no obligation is assumed to revise this Agreement or the work product generated there under to reflect events or conditions that occur subsequent to the conclusion of Phase I of this Agreement.

4.  The work product generated pursuant to this Agreement may not be included or referred to in any Securities and Exchange Commission filing or other public document, except as required by Counsel for the Company.

NEW YORK              CHICAGO              ASPEN              SAN FRANCISCO

Ms. Eva Anderson
Jan 8, 2008
Page 11 of 23

Copyright 2007 IP Recovery, Inc.

## Exhibit 1 – Assets Identified by Company

### US Trademarks and Service Marks*

| Mark | Serial No | Filed | Reg No | Reg Date | Status |
|------|-----------|-------|--------|----------|--------|
| 1.800HOME123.com | 78/083,515 | 9/12/2001 | 2,559,001 | 4/9/2002 | Registered |
| 1.800HOME123.com & Design  | 78/083,452 | 9/11/2001 | 2,631,907 | 10/8/2002 | Registered |
| 123LOAN.COM | 75/717,403 | 6/1/1999 | 2,486,670 | 9/11/2001 | Registered |
| ACCESS LENDING | 78/826,084 | 3/1/2006 | | | Pending |
| Casa123 | 78/539,073 | 12/28/2004 | | | Published |
| CLOSE MORE UNIVERSITY | 78/320,114 | 10/29/2003 | 2,895,857 | 10/19/2004 | Registered |
| CLOSE MORE UNIVERSITY & Design  | 78/382,389 | 3/11/2004 | 2,905,252 | 11/23/2004 | Registered |
| CLOSE MORE UNIVERSITY PRESENTS & Design  | 78/593,379 | 3/23/2005 | 3,097,711 | 5/30/2006 | Registered |
| CUTTING THROUGH THE LOAN CLUTTER | 78/488,448 | 9/23/2004 | 3,130,921 | 8/15/2006 | Registered |
| FAST N SURE INSURANCE WHEN YOU NEED IT! Logo  | 78/517,857 | 11/16/2004 | | | Published |
| FASTNSURE | 78/474,249 | 8/26/2004 | | | Published |
| FastQual | 78/382,404 | 3/11/2004 | 2,940,008 | 4/12/2005 | Registered |
| FastQual & Design  | 78/382,408 | 3/11/2004 | 3,030,444 | 12/13/2005 | Registered |
| FASTQUAL YOU JUST CLOSED MORE & Design  | 76/407,466 | 5/2/2002 | 2,706,783 | 4/15/2003 | Registered |
| HOME 123 | 75/385,607 | 11/6/1997 | 2,250,525 | 6/1/1999 | Registered |

**NEW YORK**          **CHICAGO**          **ASPEN**          **SAN FRANCISCO**

Ms. Eva Anderson                         Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 12 of 23

| Mark | Serial No | Filed | Reg No | Reg Date | Status |
|------|-----------|-------|--------|----------|--------|
| Home 123 cutting through the loan clutter & Design **Home123** Cutting through the loan clutter | 78/492,931 | 10/1/2004 | 3,031,863 | 12/20/2005 | Registered |
| HOME123 (Logo) **Home123** | 78/509,088 | 11/1/2004 | 3,040,935 | 1/10/2006 | Registered |
| HOME123 CREDIT CARDS | | | | | Unfiled |
| Home123 Credit Tool Kit Deluxe | 78/926,653 | 7/11/2006 | | | Pending |
| HOME123 INSURANCE SERVICES & Design **Home123** Insurance Services | 78/517,886 | 11/16/2004 | 3,118,270 | 7/18/2006 | Registered |
| Home123 Mortgage & Design **Home123** MORTGAGE | 77/043,669 | 11/14/2006 | | | Pending |
| INSURANCE RIGHT/WHEN YOU NEED IT! | 78/474,259 | 8/26/2004 | | | Published |
| INSURANCE WHEN YOU NEED IT! | 78/517,832 | 11/16/2004 | | | Published |
| N design | 75/732,816 | 6/17/1999 | 2,394,342 | 10/10/2000 | Registered |
| NC INSURANCE SERVICES & N Design *NC INSURANCE SERVICES* | 78/517,877 | 11/16/2004 | | | Published |
| NEW CENTURY & N design *NEW CENTURY* | 75/741,825 | 6/18/1999 | | | Published |
| NEW CENTURY FIRST MORTGAGE | 78/643,996 | 6/6/2005 | | | Published |
| NEW CENTURY MORTGAGE | 75/554,015 | 9/15/1998 | 2,580,564 | 6/18/2002 | Registered |
| NORTH AMERICAN REAL ESTATE SOLUTIONS & Design North American Real Estate Solutions | 76/531,479 | 7/17/2003 | 2,922,107 | 2/1/2005 | Registered |
| QUICKFUND | 76/022,988 | 4/11/2000 | 2,437,162 | 3/20/2001 | Registered |
| RAPID REQUEST | 78/523,745 | 11/29/2004 | 3,030,903 | 12/13/2005 | Registered |
| THE HANDSHAKE IS BACK | 76/033,411 | 4/25/2000 | 2,732,579 | 7/1/2003 | Registered |

**NEW YORK**            **CHICAGO**            **ASPEN**            **SAN FRANCISCO**

Ms. Eva Anderson                                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 13 of 23

| Mark | Serial No | Filed | Reg No | Reg Date | Status |
|------|-----------|-------|--------|----------|--------|
| TRATS FINANCIAL SERVICES | 78/854,501 | 4/5/2006 | | | Published |
| We Get It | 78/774,168 | 12/15/2005 | 3,171,267 | 11/14/2006 | Registered |

*this list may include trademarks whose registrations have expired or will expire prior to commencement of this engagement

### Domain Names

| Domain Name | Expiration |
|-------------|------------|
| 1800home123.com | 26-Aug-09 |
| 1-800-home123.com | 26-Aug-09 |
| 1800home123.tv | 21-Jun-09 |
| 1ststerlingmortgage.com | 2-Feb-08 |
| 24-7realtorassist.com | 14-Jun-07 |
| 800anyloan.com | 6-Apr-11 |
| 800home123.com | 4-Aug-09 |
| 800home123.tv | 21-Jun-08 |
| 888home123.com | 17-Jun-11 |
| adastramortgage.com | 26-Apr-08 |
| anthonycummings.com | 9-Nov-10 |
| anyloan.com | 29-Sep-07 |
| anyloancompany.net | 29-Jun-10 |
| austinnationalmortgage.com | 8-Sep-08 |
| bakersfieldmortgagepro.com | 24-Mar-08 |
| banialopez.com | 13-Jan-09 |
| belindamarcet.com | 19-Jan-08 |
| bjlovesreferrals.com | 28-Sep-11 |
| brycedahlin.com | 24-Mar-08 |
| buybyrob.com | 10-Oct-07 |
| caesarbritten.com | 30-Nov-07 |
| campbellmortgages.com | 21-Jul-08 |
| carlaspragg.com | 3-Jun-08 |
| casa123.com | 24-May-08 |
| casa-123.com | 24-May-11 |
| casa123.net | 21-Jun-08 |
| christopherlefevre.com | 9-Jun-08 |
| closemorenow.com | 21-Dec-07 |
| closemoreu.com | 10-Oct-09 |
| compufundmortgage.com | 2-Feb-08 |
| cphloans.com | 2-Mar-11 |
| deannaolivo.com | 26-Jan-11 |
| debralowe.com | 28-Feb-11 |

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 14 of 23

| | |
|---|---|
| donreinartz.com | 12-Jul-08 |
| dreamsapproved.com | 10-Sep-08 |
| eckstum.com | 18-Jul-07 |
| edwardjrussell.com | 28-Apr-08 |
| eliteokc.com | 14-Jun-11 |
| elitetulsa.com | 14-Jun-11 |
| erinmerryman.com | 13-Jan-11 |
| fasthomeloans-bymnunez.com | 20-Apr-08 |
| fasthomeloans-byrgreen.com | 21-Mar-08 |
| fastinsur.com | 9-Jun-08 |
| fastinsur.net | 9-Jun-08 |
| fastinsur.org | 9-Jun-08 |
| fastinsure.net | 9-Jun-08 |
| fastinsure.org | 9-Jun-08 |
| fastnsur.com | 22-Jun-08 |
| fastnsur.net | 22-Jun-08 |
| fastnsur.org | 22-Jun-08 |
| fastnsure.com | 4-Jun-08 |
| fastnsure.net | 4-Jun-08 |
| fastnsure.org | 4-Jun-08 |
| fastqual.com | 26-Oct-11 |
| financingtheislands.com | 5-Aug-09 |
| findseattleloans.com | 28-Sep-08 |
| freyfinancialmortgage.com | 31-Oct-08 |
| fthoodmortgage.com | 21-Mar-08 |
| gail-best.com | 1-Nov-08 |
| gocommercial.com | 9-Oct-09 |
| goldenoakloans.com | 9-Sep-10 |
| gomultifamily.com | 12-May-08 |
| handymande.com | 24-Nov-08 |
| home123.cc | 21-Jun-08 |
| home123.com | 2-Sep-09 |
| home1-2-3.com | 21-Oct-09 |
| home123.info | 6-Oct-07 |
| home123.net | 5-Jan-08 |
| home123.org | 20-Sep-09 |
| home123.tv | 21-Jun-08 |
| home123.us | 21-Jun-08 |
| home123.ws | 21-Jun-08 |
| home123bank.com | 10-Aug-09 |
| home123-builder.com | 22-Jan-12 |
| home123corp.com | 17-Jun-11 |
| home1-2-3corp.com | 26-Aug-09 |

NEW YORK                    CHICAGO                    ASPEN                    SAN FRANCISCO

Ms. Eva Anderson
Jan 8, 2008
Page 15 of 23

Copyright 2007 IP Recovery, Inc.

| | |
|---|---|
| home123-customersurvey.com | 28-Jul-11 |
| home123direct.com | 17-Jun-11 |
| home123insurance.com | 17-May-08 |
| home123insurance.info | 17-May-08 |
| home123insurance.name | 17-May-08 |
| home123insurance.net | 17-May-08 |
| home123insurance.org | 17-May-08 |
| home123insurance.us | 17-May-08 |
| home123insuranceservices.com | 17-May-08 |
| home123insuranceservices.info | 17-May-08 |
| home123insuranceservices.name | 17-May-08 |
| home123insuranceservices.net | 17-May-08 |
| home123insuranceservices.org | 17-May-08 |
| home123insuranceservices.us | 17-May-08 |
| home123loan.biz | 21-Jun-08 |
| home123loan.com | 17-Jun-11 |
| home123loan.info | 21-Jun-08 |
| home123loan.net | 21-Jun-08 |
| home123loan.tv | 21-Jun-08 |
| home123loan.ws | 21-Jun-08 |
| home123loans.biz | 21-Jun-08 |
| home123loans.com | 26-Aug-09 |
| home1-2-3loans.com | 26-Aug-09 |
| home123loans.info | 21-Jun-08 |
| home123loans.net | 21-Jun-08 |
| home123loans.tv | 21-Jun-08 |
| home123loans.us | 21-Jun-08 |
| home123loans.ws | 21-Jun-08 |
| home123mortgage.com | 30-Jun-08 |
| home123partners.com | 16-Jun-08 |
| home123partners.net | 21-Jun-08 |
| home123-pld.com | 9-Feb-11 |
| home123prime.com | 26-Aug-08 |
| home123racing.com | 14-Oct-09 |
| home123sucks.biz | 7-Nov-16 |
| home123sucks.com | 7-Nov-16 |
| home123sucks.info | 7-Nov-16 |
| home123sucks.net | 7-Nov-16 |
| home123sucks.us | 7-Nov-16 |
| homebuyerbenefit.com | 5-Sep-09 |
| homelandlenders.com | 26-Aug-08 |
| homeloanrockstar.com | 13-Jan-08 |
| homeloansbycolin.com | 21-Nov-07 |

**NEW YORK**          **CHICAGO**          **ASPEN**          **SAN FRANCISCO**

Ms. Eva Anderson                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 16 of 23

| | |
|---|---|
| homeloansbyrandy.com | 15-Jun-08 |
| ihaveyourhomeloan.com | 16-Aug-08 |
| insurxpress.net | 13-Jul-08 |
| insurxpress.org | 13-Jul-07 |
| jameslackman.com | 28-Jul-11 |
| jeffwiersma.com | 25-Oct-08 |
| jeffwucinich.com | 8-Oct-08 |
| jennasloans.com | 28-May-08 |
| jennifercreech.com | 29-Apr-08 |
| jesseedmonds.com | 9-Feb-08 |
| jimstick.com | 28-Jul-08 |
| johnfgoad.com | 13-Jul-08 |
| juliannegibson.com | 25-Aug-08 |
| jumboloanz.com | 8-Jun-08 |
| kensteamworks4you.com | 28-Sep-11 |
| kevin-ellis.com | 13-Jul-09 |
| kingstonmortgage.com | 2-Feb-11 |
| knowyourloans.com | 8-Jan-10 |
| lakecorpuschristihomeloans.com | 30-May-09 |
| laurakryan.com | 28-Jul-07 |
| laurieahansen.com | 9-Feb-08 |
| learnmoreu.com | 16-Jan-08 |
| learnmoreu.net | 16-Jan-08 |
| learnmoreuniversities.com | 16-Jan-08 |
| learnmoreuniversities.net | 16-Jan-08 |
| learnmoreuniversity.com | 16-Jan-08 |
| learnmoreuniversity.net | 16-Jan-08 |
| lesliethomerson.com | 7-Jun-08 |
| lindatheloanlady.com | 8-Oct-11 |
| loanpartnersmortgage.com | 2-Feb-11 |
| loansbycori.com | 3-Jun-08 |
| loanswithchrys.com | 14-Dec-10 |
| loanswithpete.com | 20-Dec-07 |
| mariortegon.com | 21-Nov-08 |
| metmortgagelending.com | 2-Jan-08 |
| midwesthomemtg.com | 27-May-11 |
| midweststerlingmortgage.com | 18-Feb-08 |
| millieho.com | 24-Mar-08 |
| mishaford.com | 7-Oct-08 |
| monticellomortgageservices.com | 29-Nov-10 |
| montimortgage.com | 29-Nov-10 |
| mortgage512.com | 21-Mar-08 |
| mortgagesbymichelle.com | 3-May-11 |

NEW YORK          CHICAGO          ASPEN          SAN FRANCISCO

Ms. Eva Anderson
Jan 8, 2008
Page 17 of 23

Copyright 2007 IP Recovery, Inc.

| | |
|---|---|
| mtganswerman.com | 23-Oct-08 |
| mtgaustin.com | 12-Jul-11 |
| nccommercial.com | 6-Sep-08 |
| ncen.com | 17-Aug-08 |
| ncenassociate.com | 13-Sep-09 |
| ncenassociate.info | 13-Sep-09 |
| ncenassociate.name | 13-Sep-09 |
| ncenassociate.net | 13-Sep-09 |
| ncenassociate.org | 13-Sep-09 |
| ncenassociate.us | 13-Sep-09 |
| ncencommercial.com | 18-Nov-08 |
| ncendirect.net | 5-Feb-08 |
| ncensucks.biz | 7-Nov-16 |
| ncensucks.com | 7-Nov-16 |
| ncensucks.info | 7-Nov-16 |
| ncensucks.net | 7-Nov-16 |
| ncensucks.us | 7-Nov-16 |
| ncinsuranceservices.com | 17-May-08 |
| ncinsuranceservices.info | 17-May-08 |
| ncinsuranceservices.name | 17-May-08 |
| ncinsuranceservices.net | 17-May-08 |
| ncinsuranceservices.org | 17-May-08 |
| ncinsuranceservices.us | 17-May-08 |
| ncissaly.com | 28-Jun-08 |
| ncmvboston.com | 16-Nov-11 |
| ncmvtc.com | 11-Dec-11 |
| ncmvtexas.com | 16-Nov-11 |
| newcentury.com | 3-May-08 |
| newcenturycommercial.com | 6-Sep-09 |
| newcenturyfinancial.org | 28-Oct-09 |
| newcenturyfinancialonlinemortgages.com | 5-Feb-08 |
| newcenturyfinancialonlinemortgages.net | 6-Feb-08 |
| newcenturyfinancialsucks.biz | 7-Nov-16 |
| newcenturyfinancialsucks.com | 7-Nov-16 |
| newcenturyfinancialsucks.info | 7-Nov-16 |
| newcenturyfinancialsucks.net | 7-Nov-16 |
| newcenturyfinancialsucks.us | 7-Nov-16 |
| newcenturyhmda.com | 29-Mar-08 |
| newcenturylending.com | 23-Jun-09 |
| newcenturymorgage.com | 27-Nov-09 |
| newcenturymortgage.com | 2-Dec-07 |
| newcenturymortgagesucks.biz | 7-Nov-16 |
| newcenturymortgagesucks.com | 7-Nov-16 |

Ms. Eva Anderson
Jan 8, 2008
Page 18 of 23

Copyright 2007 IP Recovery, Inc.

| | |
|---|---|
| newcenturymortgagesucks.info | 7-Nov-16 |
| newcenturymortgagesucks.net | 7-Nov-16 |
| newcenturymortgagesucks.us | 7-Nov-16 |
| newcenturyonlinemortgages.com | 5-Feb-08 |
| newcenturyonlinemortgages.net | 6-Feb-08 |
| newcenturyprime.com | 26-Oct-08 |
| newcenturysucks.biz | 7-Nov-16 |
| newcenturysucks.com | 7-Nov-16 |
| newcenturysucks.info | 7-Nov-16 |
| newcenturysucks.net | 7-Nov-16 |
| newcenturysucks.us | 7-Nov-16 |
| newcenturytc.com | 2-Jan-10 |
| nick-watts.com | 20-Jun-09 |
| northamericanres.com | 29-Oct-12 |
| nwfundingsolutions.com | 3-Dec-11 |
| onestoploanshop.com | 11-May-08 |
| pahome123.com | 16-Oct-08 |
| pamelazank.com | 14-Oct-08 |
| peachtreeresidentialmtg.com | 2-Jan-10 |
| prestigeresidential.com | 2-Feb-11 |
| primewestfunding.com | 19-Jan-08 |
| ramonfrancis.com | 10-Jan-09 |
| regabnewcenturymortgagesecurities.com | 21-Dec-10 |
| resprimelending.com | 12-Sep-08 |
| reynarogers.com | 12-Jan-09 |
| sdmort.com | 18-May-08 |
| selectmortgagegroupltd.com | 21-Oct-10 |
| selectmortgageltd.com | 29-Nov-10 |
| sellmoreu.net | 16-Jan-08 |
| sellmoreuniversity.com | 16-Jan-08 |
| sellmoreuniversity.net | 16-Jan-08 |
| southtexasmortgagecenter.com | 13-Jul-11 |
| stephaniefisman.com | 28-Jul-11 |
| summitresortlending.com | 24-Jan-11 |
| teambiroschak.com | 14-Dec-07 |
| theanyloancompany.com | 29-Jun-10 |
| theanyloancompany.net | 29-Jun-10 |
| theoriginators123.com | 16-Jan-12 |
| tlh-mortgage.com | 3-Jun-08 |
| totalmortgageresource.com | 1-Sep-07 |
| totalmortgageresources.com | 14-Jun-11 |
| wendycarley.com | 2-Jan-11 |
| worthfunding.com | 8-Sep-09 |

NEW YORK          CHICAGO          ASPEN          SAN FRANCISCO

Ms. Eva Anderson                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 19 of 23

| wrtfinancial.com | 2-Feb-11 |
| wwwhome123.com | 2-Dec-08 |
| youcangetahome.com | 16-Jul-08 |
| yourlendinglady.com | 5-Aug-11 |
| yourlendingpro.com | 14-Apr-09 |
| yourlo.com | 27-Aug-08 |

### Partial List of Software Licenses*

| Software | Product | Count |
|---|---|---|
| Adobe | Creative Suite Std. 2.0 Windows 2000/XP | 3 |
| | Acrobat Std 2.0 Windows 2000/XP | 800 |
| | Acrobat Std 7.0 | 14 |
| | After Effects Pro 7.0 Windows 2000/XP | 1 |
| | Encore 2.0 Windows 2000/XP | 1 |
| | Pagemaker 7.0.2 Windows 98/2000/NT/XP | 8 |
| | Photoshop CS2 Windows 2000/XP | 43 |
| | Photoshop Elements 4.0 Windows 2000/XP | 5 |
| | Premier Elements Windows XP | 1 |
| | Authorware 7.0 Windows 98/2000/XP/2003 | 4 |
| | Captivate Robodemo 1.0 Windows 98/2000/XP/2003 | 6 |
| | Contribute 3.0 Multiple Platforms | 4 |
| | Director 10.0 Multiple Platforms | 2 |
| | Dreamweaver 8.0 Multiple Platforms Version upgrade | 12 |
| | Dreamweaver 8.0 Multiple Platforms New | 7 |
| | Flash 8.0 Multiple Platforms | 26 |
| | Flash Paper 2.0 Windows 98/2000/NT/ME/XP | 1 |
| | Freehand from V10X 11.0 Upgrade Windows 98/2000/NT/ME/XP | 2 |
| | Freehand 11.0 Windows 98/2000/NT/ME/XP | 1 |
| | Homesite Tool 5.5 Windows 95/98/NT/2000/XP | 2 |
| | JRUN Pro 3.0 Multiple Platforms | 1 |
| | Reader Extension SVR Win Weblogic 7.0 Multiple Platforms | 2100 |
| | Reader Extension SVR Win Weblogic 7.0 Multiple Platforms | 1 |
| | Workflow Server 7.0 Multiple Platforms | 1 |
| Altiris Multiple Platforms | Client Management Suite Multiplatforms | 1100 |
| | Service and Management Suite Level 2 w/1 year Maintenance | 4 |
| | Client management Suite Level 1 upgrade PRO w/1 | 1000 |
| | Altiris Premium Support Technical Support Emergency 24x7 | 1 |
| Altova | XMLSPY Professional Edition +SMP 1yr Multiple Platforms | 17 |
| | XMLSYY Pro from Pro 2005 2006 Windows 98/2000/NT/ME/XP | 1 |
| | XMLSPY Pro from XMLSPY 05 Pro w/1Yr Mnt Multiple Platforms | 1 |

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson                              Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 20 of 23

|  |  |  |
|---|---|---|
|  | XMLSPY Pro Edition + SMP 1yr 5 users 2006 Windows 95/98/NT/2000/XP | 2 |
|  |  |  |
| Autocad | Autocad LT 2006 Windows 2000/XP Full Package Shrinkwrap | 3 |
|  |  |  |
| Aspose | Aspose.Cells Site Enterprise Multiple Platforms | 1 |
|  | XMLSPY Professional Edition + SMP 1 yr 2006 Multiple Platforms | 3 |
|  | Aspose.PDF for .net Dev Enterprise Sub Windows 2000/XP/2003 | 1 |
|  |  |  |
| Atlantis | Openview Network Node Mgr Adapter Multiple Platforms | 2 |
|  | PageManager Pro Unlimited Users 2.4 Mutliple Platforms | 2 |
|  |  |  |
| BEA | Linux Server |  |
|  | Ecmapp01/ecmapp02 - Staging/QA/Load  environment |  |
|  | Ecmapp03/ecmapp04 - Production (LSW and SLX production) |  |
|  | Ecmapp05/ecmapp06 - EDE production |  |
|  | Ecmapp07/ecmapp08 - ede (QA and Staging) |  |
|  | Ecmapp09/ecmapp10 - home123 QA/Staging |  |
|  | Ecmapp11/ecmapp12 - home123 load |  |
|  | Ecmapp13/ecmapp14 - production |  |
|  | Ecmapp15/ecmapp16 - home123  -- Dev license |  |
|  | Ecmapp17/ecmapp18 - dev (Weblogic 9.2) |  |
|  | Ecmapp19/ecmapp20 - stg(Weblogic 9.2) |  |
|  | Ecmapp21/ecmapp22 - QA (Weblogic 9.2) |  |
|  | Ecmapp23/ecmapp24 - Load (Weblogic 9.2) |  |
|  | Ecmapp25/ecmapp26 - prod (Weblogic 9.2) |  |
|  |  |  |
|  | Windows |  |
|  | Cwsui-350-d1/cwsui-350-d2 (preprod, QA, staging) |  |
|  | Cwsui-350-01/cwsui-350-02 (production) |  |
|  |  |  |
| Business | CRYSTAL XCELCIUS PRO FULL PRODUCT 4.0 | 2 |
| Objects | CRYSTAL XCELCIUS PRO FULL PRODUCT 4.0 | 2 |
|  | CRYSTAL REPORTS PRO 11 | 1 |
|  | CRYSTAL REPORTS PRO 11 | 1 |
|  | CRYSTAL REPORTS PRO 11 | 8 |
|  | CRYSTAL REPORTS PROFESSIONAL 9.0 | 20 |
|  |  |  |
| Centergistic | Agent Link Licenses | 115 |
| Solutions | Power User Licenses | 6 |
|  |  |  |
| Chordiant | Channel Selling Advisor | 500 |
|  |  |  |
| Citrix | Citrix Presentation Server Edition - Products taken from Subscription Advantage Renewal Quote | 1850 |
|  | Citrix Access Gateway, Advanced Edition | 450 |
|  | Metaframe Xpe Connection License Pack | 1920 |
|  | Citrix Presentation Server Enterprise | 390 |

Ms. Eva Anderson                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 21 of 23

|  |  |  |
|---|---|---|
|  | Citrix Access Gateway, StandardEdition | 1100 |
|  | English Citrix Access Suite License | 550 |
|  | Metaframe Access Suite 3.0 | 500 |
|  | Citrix Access Suite 4, Step Up Edition | 100 |
|  |  |  |
|  |  |  |
| Crystal | CRYSTAL REPORTS DEVELOPER | 4 |
| Decisions | CRYSTAL REPORTS PRO | 1 |
|  | CRYSTAL REPORTS STANDARD | 2 |
|  |  |  |
| Embarcadero | ER/Studio for MS SQL Windows 95/98/NT/2000/XP | 2 |
|  |  |  |
| EMC | DiskXtender Data Manager Server 2000 Multiple Platforms | 1 |
|  | DiskXtender Mediastor Optical level 1 Multiple Platforms | 1 |
|  | APPXtender Image Capture Server CC St Multiple Platforms | 1 |
|  | ApplicationXtender Server CC (25-49) ST Multiple Platforms | 35 |
|  | ApplicationXtender Server CC (2-5) ST Multiple Platforms | 5 |
|  | Replicstor for Windows Standard Server Multiple Platforms | 2 |
|  |  |  |
| GlobalScape | EFT Server License Multiple Platforms | 1 |
|  | EFT DMZ Gateway License (In Production) | 1 |
|  |  |  |
| IBM | Websphere Modeler Advanced User | 1 |
|  |  |  |
| Ilog | JRULES Application RT Server Side | 1 |
|  | JRULES 4 Fixed Development | 1 |
|  | JRULES 1 Fixed Development | 10 |
|  |  |  |
| JetBrains | IntelliJ Idea 5.1 Multiple Platforms Version Upgrade License | 6 |
|  |  |  |
| McAfee | Enterprise Mgr, DB, Scan Engine, Appliance | 1 |
| Foundstone | FS Traveling Lic Unlimited IPS 1:1g | 1 |
|  | Server Protect Multiplatform Win ALL | 1,500 |
|  |  |  |
| Microsoft | *List of perpetual licenses acquired by New Century Prior to Enterprise Agreement 01E64499 is incomplete at this time and requires additional investigation |  |
|  |  |  |
| NetApp | VFM Enterprise Edition Software Tier 4 | 2 |
|  | VFM Enterprise Edition Software, 1 Server | 2 |
|  |  |  |
| Platespin | Powerconvert Universal ED 25 conversions Multiple Platforms | 1 |
|  |  |  |
| Puridiom | Procurement Tracking System |  |

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 22 of 23

| | | |
|---|---|---|
| Quest | VAS Server Deploy Pack Multiple Platforms | 50 |
| | Vintela Authentication Services Svr Lic, Multiple Platforms | 1 |
| | Vintela Authentication Services (VAS) Multiple Platforms | 1 |
| | | |
| Symantec | Symantec Deepsight Threat Management System Sub +Gold Support 3yr Elite C Band | |
| | Symantec Antivirus Home Use Rights Lic Elite C Band | 1000 |
| | Symantec Antivirus Enterprise Edition 10.0 Gold Maintenance 3 year | 8500 |
| | Symantec Antivirus Enterprise Edition 10.0 Lic Gold | |
| | | |
| | | |
| ThinPrint | Thinprint.App Server | |
| | | $1,825 |
| | | |
| Vmotion | Vmotion 2 CPU Additive License Windows 98/2000/NT/ME/XP | 1 |
| | | |
| VMWare | VMware ESX Server 1.5, 2 Processor | 1 |
| | VMware ESX Server 1.5, 2 Processor | 1 |
| | VMware ESX Server 2, 2-Processor | 1 |
| | SMP for ESX Server 2, 2-Processor | 2 |
| | VMware ESX Server 2, 2-Processor | 2 |
| | VMware ESX Server 1.5, 2 Processor | 4 |
| | VMware ESX Server 2, 2-Processor | 4 |
| | GSX Server for Linux 2 Processor | 2 |
| | VMware GSX Server 3 for Linux, 2 Processor | 2 |
| | VMware ESX Server 2, 2-Processor | 1 |
| | SMP for ESX Server 2, 2-Processor | 2 |
| | VirtualCenter Agent 1 for ESX, 2-Processor | 2 |
| | VMotion 1.0 (2-Processor) | 2 |
| | VMware ESX Server 2, 2-Processor | 2 |
| | VirtualCenter Agent 1 for ESX, 4-Processor | 2 |
| | VMotion 1.0 (4-Processor) | 2 |
| | SMP for ESX Server 2, 4-Processor | 2 |
| | VMware ESX Server 2, 4-Processor | 2 |
| | VirtualCenter Agent 1 for ESX, 4-Processor | 2 |
| | VMotion 1.0 (4-Processor) | 2 |
| | SMP for ESX Server 2, 4-Processor | 2 |
| | VirtualCenter Management Server 1.0 | 1 |
| | VMware ESX Server 2, 4-Processor | 2 |
| | VirtualCenter Agent 1 for ESX, 4-Processor | 1 |
| | VMotion 1.0 (4-Processor) | 1 |
| | SMP for ESX Server 2, 4-Processor | 1 |
| | VMware ESX Server 2, 4-Processor | 1 |
| | SMP for ESX Server 2, 2-Processor | 1 |
| | VMware ESX Server 2, 2-Processor | 1 |
| | VirtualCenter Agent 1 for ESX, 2-Processor | 1 |
| | VMotion 1.0 (2-Processor) | 1 |

NEW YORK            CHICAGO            ASPEN            SAN FRANCISCO

Ms. Eva Anderson                                    Copyright 2007 IP Recovery, Inc.
Jan 8, 2008
Page 23 of 23

|  |  |  |
|---|---|---|
|  | VirtualCenter Agent 1 for ESX, 4-Processor | 1 |
|  | VMotion 1.0 (4-Processor) | 1 |
|  | SMP for ESX Server 2, 2-Processor | 5 |
|  | SMP for ESX Server 2, 4-Processor | 1 |
|  | SMP for ESX Server 2, 4-Processor | 1 |
|  | VMotion 1.0 (2-Processor) | 8 |
|  | VMware ESX Server 2, 4-Processor | 1 |
|  | VirtualCenter Agent 1 for ESX, 2-Processor | 8 |
|  |  |  |
| Winzip | winzip standard 10.0 | 6441 |

**\*Transfer of software is subject to consent of the copyright holder**

\*Note -- This list may not represent a comprehensive list of saleable intellectual
property assets currently held by New Century Mortgage Corporation.  In the
event that additional assets are identified after commencement of this
agreement, New Century Mortgage Corporation may at its sole determination
include and market these additional assets under the terms of this agreement.

## EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

### DECLARATION OF JAY D. LUSSAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY IP RECOVERY, INC. TO MARKET CERTAIN INTELLECTUAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

I, Jay D. Lussan declare as follows:

1.      I am over 18 years of age, and if called as a witness, I could and would competently testify from my own personal knowledge with respect to the matters set forth below.

2.      I submit this declaration in support of the concurrently submitted Application of Debtors and Debtors in Possession to Employ IP Recovery, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328.

3.      I am CEO of IP Recovery, Inc. ("IP Recovery"). In that capacity, I oversee IP Recovery's engagements with clients under which it markets and disposes of various

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3240321-1

intellectual property assets. I am the individual at IP Recovery that will be chiefly responsible for this engagement.

    4.    IP Recovery, myself nor any of its other employees who will be involved in this engagement, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any other party in interest. I do not believe there is any connection or interest (as such terms are used in Bankruptcy Code[2] section 101(14)(C) and Bankruptcy Rule 2014(a)) between IP Recovery and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these cases.

    5.    Neither I, IP Recovery, nor any of its employees, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which IP Recovery is to be employed. Based upon the information available to me, I believe that IP Recovery is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). In the event that IP Recovery discovers additional information that requires disclosure, IP Recovery will file a supplemental disclosure with the Court. IP Recovery reserves the right to supplement this Declaration in the event that IP Recovery discovers any facts bearing on matters described in this Declaration regarding IP Recovery's employment by the Debtors.

    6.    No promises have been received by IP Recovery, nor by any principal, member or employee thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

RLF1-3240321-1

2

Delaware.  IP Recovery has no agreement with any other entity to share with such entity any compensation received by IP Recovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of January, 2008 at Aspen, CO.

_____
Jay D. Lussan

RLF1-3240321-1

## EXHIBIT C

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[4] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

## ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY IP RECOVERY, INC. TO MARKET CERTAIN INTELLECTUAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

This matter coming before the Court on the Application for Order Authorizing Debtors and Debtors in Possession to Employ IP Recover, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328 (the "Application"), filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having reviewed the Application; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) notice of this Application was sufficient under the circumstances; and the Court having considered the Application and any objections thereto at a hearing held on January 23, 2008; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[4] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1.    The Application is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

3.    Pursuant to Bankruptcy Code sections 327(a) and 328, the Debtors are authorized to employ IP Recovery, Inc. to market intellectual property assets on the terms set forth in the "Services Agreement" attached as "Exhibit B" to the Application, including the compensation terms set forth in the Services Agreement.

4.    The indemnification provisions set forth in the Services Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

a.    IP Recovery shall not be entitled to indemnification, contribution or reimbursement unless a request for such indemnification, contribution and/or reimbursement is approved by the Court;

b.    The Debtors shall have no obligation to indemnify IP Recovery or to provide contribution or reimbursement to IP Recovery for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from IP Recovery's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of IP Recovery's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to IP Recovery's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which IP Recovery should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as approved by this Order; and

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, IP Recovery believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement, including, without limitation, the advancement of defense costs, IP Recovery must file an application therefore in this Court, and the Debtors may not pay any such amounts to IP Recovery before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by IP Recovery for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify IP Recovery. All parties in interest shall retain the right to object to any demand by IP Recovery for indemnification, contribution or reimbursement.

5.      The fees to be paid to IP Recovery under to the Services Agreement, including without limitation the "Success Fees", are approved pursuant to section 328(a) of the Bankruptcy Code, and that the Court may allow compensation different from the compensation described above only if such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms.

6.      IP Recovery shall a final fee application for reimbursement of any costs or expenses with respect to its services with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware and orders of the Court. All parties in interest, including without limitation the Office of the United States Trustee for the District of Delaware, the Official Committee of Unsecured Creditors and the fee examiner

appointed in these chapter 11 cases, retain the right to object to the reimbursement of such costs and expenses.

       7.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2008
       Wilmington, Delaware

                                  _____

                                  THE HONORABLE KEVIN J. CAREY
                                  UNITED STATES BANKRUPTCY JUDGE