**ORIGINAL**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | Docket No. 4190 |

## ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH AUCTION OF CERTAIN ASSETS, (B) SCHEDULING HEARING TO CONSIDER PROPOSED SALE OF CERTAIN ASSETS AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion for (i) an Order (a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief (the "Bidding Procedures Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); after due deliberation and sufficient cause appearing, it is hereby

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership, and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the Purchase Agreement.

**FOUND AND DETERMINED THAT**

A.  The Court has jurisdiction over the Bidding Procedures Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Due and proper notice of the Bidding Procedures Motion has been given and no further notice is required.

C.  The Bidding Procedures, substantially in the form annexed hereto as Exhibit A, are fair, reasonable, and appropriate and are designed to maximize the recovery of the Mortgage Loans.

D.  The Debtors' proposed notice of the Sale, Sale Hearing, Auction, and Bidding Procedures as set forth in the Sale Notice attached hereto as Exhibit B (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, Auction, and Bidding Procedures.

E.  The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders; and it is therefore:

**ORDERED THAT**

1.  The Bidding Procedures Motion is approved on the terms set forth herein.

2.  All objections to the Bidding Procedures Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are approved in all respects. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The Bid Deadline upon which date and time all Qualifying Bids must be submitted as set forth in the Bidding Procedures is 12:00 p.m. (Prevailing Eastern Time) on January 18, 2008.

5. If a Qualifying Bid is received other than the Purchase Agreement, the Debtors shall conduct an Auction for the Mortgage Loans in accordance with the Bidding Procedures. The Auction shall take place on January 22, 2008 at a time selected by the Debtors which will be identified in a notice to all Qualifying Bidders. The Auction will be conducted via telephonic conference call or internet, or such other method as designated by the Sellers in a notice to all Qualifying Bidders. Only parties submitting Qualifying Bids and their advisors, and representatives of the Official Committee of Unsecured Creditors, are entitled to participate in the Auction.

6. The Purchase Agreement is a Qualifying Bid and GRP Loan, LLC (the "Purchaser") is a Qualifying Bidder for all purposes.

### Break-Up Fee

7. In consideration of the Purchaser's entry into the Purchase Agreement and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the Purchase Agreement, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides the Sellers in seeking to sell the Mortgage Loans for the highest and best offer at the Auction, the Sellers agree that the Sellers shall pay the Purchaser the Break-Up Fee in cash if the Sellers consummate a sale of all or a material portion of

the Mortgage Loans with the Successful Bidder or the Back-Up Bidder, in each case other than the Purchaser. The Break-Up Fee shall be paid from the proceeds of sale as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. The Break-Up Fee shall survive termination of the Purchase Agreement and entry of the Bidding Procedures Order by the Bankruptcy Court.

8.  The Debtors are authorized to take all necessary actions pursuant to the terms of the Purchase Agreement and Bidding Procedures to pay the Break-Up Fee to the Purchaser should it become due and payable, and are authorized to pay such Break-Up Fee without further Order of the Court.

### Expense Reimbursement

9.  In further consideration of the Purchaser's entry into the Purchase Agreement and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the Purchase Agreement, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides the Sellers in seeking to sell the Mortgage Loans for the highest and best offer at the Auction, the Sellers agree that the Sellers shall pay the Purchaser the Reimbursement Fee in cash if either of the following circumstances occur: (i) the Sellers consummate a sale of all or a material portion of the Mortgage Loans with the Successful Bidder or the Back-Up Bidder, in each case other than the Purchaser; or (ii) the Purchase Agreement terminates because the parties do not reach agreement on the Bid Price within three Business Days of the Purchaser's delivery of the Pricing Schedule. The Reimbursement Fee shall be paid as an administrative expense of the Sellers with priority over any and all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code. In the event that the Reimbursement Fee is paid because the Sellers and the Purchaser do not reach

agreement on the Bid Price within three Business Days of the Purchaser's deliver of the Pricing Schedule, the Purchaser shall immediately deliver to the Sellers copies of all of its Due Diligence Reports and the Debtors may share such Due Diligence Reports with any other third parties interested in bidding for the Mortgage Loans. The Reimbursement Fee and the Purchaser's obligation to deliver to the Due Diligence Reports shall survive termination of the Purchase Agreement and entry of the Bidding Procedures Order by the Bankruptcy Court.

10. The Debtors are authorized to take all necessary actions pursuant to the terms of the Purchase Agreement to pay the Reimbursement Fee to the Purchaser should it become due and payable, and are authorized to pay such Reimbursement Fee without further Order of the Court.

11. Solely for the purposes of determining a Successful Bid, any overbid submitted by the Purchaser shall be deemed to include the full amount of the Break-Up Fee and the Reimbursement Fee potentially payable by the Debtors.

### The Sale Hearing and Notice Thereof

12. The Sale Hearing to approve the Successful Bid shall be held before this Court at 10:30 a.m. (Prevailing Eastern Time), on January 23, 2008, or such other date and time as may be convenient to the Court, or as may be announced at the Sale Hearing without further notice.

13. The form of the notice of the Sale Hearing attached hereto as Exhibit B (the "Sale Notice") is approved in all respects. The Debtors shall serve the Sale Notice by first class mail, postage prepaid, no later than three business days after entry of this Order to: (i) the United States Trustee for the District of Delaware; (ii) the attorneys' for the Creditors' Committee; (iii) parties in interest and prospects that have or may be identified as potential bidders for the

Mortgage Loans; (iv) all parties known or reasonably believed to have asserted a secured claim against the Mortgage Loans; (v) the Internal Revenue Service; (vi) all applicable state and local taxing authorities; (vii) relevant entities that have issued a license or permit to the Sellers; and (viii) any parties entitled to notice under Local Rule 2002-1(b).

14. The Debtors shall publish the Sale Notice once in the national edition of the <u>Wall Street Journal</u> as soon as practicable after entry of this Order.

15. Objections, if any, to the sale of the Mortgage Loans shall be filed on or before January 18, 2008 at 4:00 p.m. (Prevailing Eastern Time) with a courtesy copy to the Court and served on (i) counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071, Attention: Suzzanne Uhland, Esq., Ben H. Logan, Esq., and Victoria A. Newmark, Esq.; (ii) counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, Attention: Marc D. Collins, Esq.; (iii) GRP Loan, LLC, 445 Hamilton Avenue, 8th Floor, White Plains, NY 10601, Attention: Andrew Waldman; (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen, LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark Power; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801. Only those objections that are timely filed, served and received will be considered by the Court at the Sale Hearing.

## Miscellaneous

16. The Debtors, upon the consent of the Creditors' Committee, reserve the right to amend any deadline set forth therein without further Court approval; provided, however that no such amendment will provide any interested party with less notice than provided for as such deadlines are currently set forth herein; provided further, that the Debtors shall file a notice

detailing any such changes with the Bankruptcy Court and serve such notice in accordance with the Local Rules, including services upon any interested bidders.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

18. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

Dated: January 9, 2008
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE