IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 3582 |

ORDER (THIRD) PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 DISALLOWING AND EXPUNGING CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) BOOKS AND RECORDS CLAIMS; AND (III) REDUCED AND RECLASSIFIED CLAIMS SET FORTH IN THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS

Upon the Debtors' Second Omnibus Objection to Claims: Substantive Objection Pursuant to §§ 502 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules") to certain (i) amended and superseded claims; (ii) Books and Records Claims; and (iii) reduced and/or reclassified claims (the "Second Omnibus Objection");[2] and it appearing that notice of the Second Omnibus Objection was

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

[2] All capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Second Omnibus Objection.

1

RLF1-3241488-1

good and sufficient upon the particular circumstances, and that no other further notice need be given; and the Court having considered the Second Omnibus Objection, the Claims listed on Exhibits A, B, and C, and any responses thereto, and the Brents Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

FOUND AND DETERMINED THAT:

A. This Second Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2); and

B. Each holder of a claim (as to each, a "Claim") listed on Exhibit A attached to the Second Omnibus Motion was properly and timely served with a copy of the Second Omnibus Objection, the Proposed Order, the accompanying exhibits, and the Notice; and

C. Any entity known to have an interest in the Claims subject to the Second Omnibus Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Second Omnibus Objection; and

D. The relief requested in the Second Omnibus Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Second Omnibus Objection is GRANTED.

2. The Reduced and Reclassified Claims listed on Exhibit A are hereby reduced and/or reclassified as set forth on Exhibit A.

3. This Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Second Omnibus Objection with respect to any matters related to or arising from the Second Omnibus Objection or the implementation of this Order.

4. Each Claim and the objections by the Debtors to such Claim, as addressed in

2

RLF1-3241488-1

the Second Omnibus Objection and as set forth on <u>Exhibit A</u> hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection of this Order.

Dated: January 10, 2008
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3

RLF1-3241488-1