ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106
Attorney for State of New Jersey, Division of Taxation

By:  Heather Lynn Anderson
     Deputy Attorney General
     (609) 777-3505

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No.: 07-10416 (KJC) |
| INC., et al. | ) | Jointly Administered |
| | ) | Hearing Date: February 6, 2008 |
| Debtor. | ) | at 1:30 p.m. |

**RESPONSE OF THE STATE OF NEW JERSEY, DIVISION OF TAXATION TO DEBTORS' EIGHTH AND NINTH OMNIBUS OBJECTIONS TO CLAIMS**

The State of New Jersey, Division of Taxation (the "N.J. Division") responds to the debtor's motion as follows:

1.  In the motion, the debtors request that the N.J. Division's Priority Proof of Claim filed in the amount of $455,191.00 and 1st Amended Priority Proof of Claim filed in the amount of $456,566.09 should be expunged.  Specifically, the debtors assert that all delinquent tax returns have been filed with the N.J. Division, and, therefore, the Priority Claim should be expunged.  Furthermore, the debtors assert that the amounts due on the 1st Amended Priority Proof of Claim do not match the debtors' books and records, and, therefore, the 1st Amended Priority Claim should be expunged.

2. For the reasons stated below, the N.J. Division's Priority Proofs of Claim, as amended, are valid and should not be expunged or reclassified.

3. On June 21, 2007, the N.J. Division filed a Priority Proof of Claim against debtor in the amount of $455,191.00. This claim includes an estimate for Gross Income Tax - Employer Withholding ("GIT-ER") for the 3rd quarter of 2007 for NC Capital Corporation, because a return has not been filed for this period. This claim also includes audit assessments for Corporation Business Tax ("CBT") against New Century Mortgage Corporation and against Home123 Corporation for the 2005 tax year. The audit liability was estimated because the audit had not yet been completed.

4. On July 25, 2007, the N.J. Division filed a 1st Amended Priority Proof of Claim against debtor in the amount of $456,566.09. This claim includes an estimate GIT-ER for the 3rd quarter of 2007 for NC Capital Corporation, because a return has not been filed for this period. This claim also includes audit assessments for CBT against New Century Mortgage Corporation and against Home123 Corporation for the 2005 tax year. The audit liability was estimated because the audit had not yet been completed.

5. On January 9, 2008, the audits of New Century Mortgage Corporation and against Home123 Corporation were completed. Consequently, on January 10, 2008, the N.J. Division

filed a 2nd Amended Priority Proof of Claim against debtor in the amount of $402,475.09.  This claim includes an estimate GIT-ER for the 3rd quarter of 2007 for NC Capital Corporation, because a return has not been filed for this period.  This claim also includes an audit assessment for CBT against New Century Mortgage Corporation for the 2005 tax year.  Finally, this claim includes delinquencies of Sales and Use tax ("S&U") for Home123 Corporation for the 2nd quarter of 2002 through the 1st quarter of 2005.

      6.  To date, the 3rd quarter of 2007 for NC Capital Corporation has not been filed.  Furthermore, the S&U liability assessed against Home123 Corporation is based upon actual filed tax returns.  Finally, the audit assessment is based upon a proper audit conducted by the N.J. Division in cooperation with New Century Mortgage Corporation.  If the corporation disagrees with the assessment, they may protest the assessment as allowed under state law.

      7.  A properly filed proof of claim is <u>prima facie</u> evidence of the validity and amount of the claim.  <u>In re Fullmer</u>, 962 <u>F</u>. 2d 1463 (10th Cir. 1994), <u>Bankr</u>. <u>Rule</u> 3001(f).

      8.  To overcome this <u>prima facie</u> effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.  <u>See</u> <u>In re Wells</u>, 51 <u>B.R</u>. 563, 566 (D. Colo 1985), <u>Collier on Bankruptcy</u>, §502.02. ("Should objection be taken, the objector must produce evidence and show facts tending

to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

9.  "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." In re Donne, Jr., 163 B.R. 363 (D.Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

10. Here, the debtors merely conclude that since the liability does not match its books and records the claims should be expunged. However, the debtors have failed to overcome the prima facie validity of the N.J. Division's claims.

11. Accordingly, for all of the reasons stated above, the N.J. Division objects to expungement of its claims and seeks to have its 2nd Amended Priority Proof of Claim allowed in the amount as filed.

                                        ANNE MILGRAM
                                        ATTORNEY GENERAL OF NEW JERSEY
                                        Attorney for the New Jersey
                                            Division of Taxation

Dated: January 11, 2008          By: /s/ Heather Lynn Anderson
                                                Heather Lynn Anderson
                                                Deputy Attorney General