IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Re: Docket No. 4342 |
| | : | |

**DEBTORS' STATEMENT IN RESPONSE TO
MOTION OF EXAMINER FOR A SECOND EXTENSION OF TIME
TO FILE HIS REPORT WITH THE COURT**

The Debtors respectfully submit this response to the January 8, 2008 Motion Of Michael J. Missal, Examiner, For A Second Extension of Time To File His Report With The Court. Debtors submit this response to bring immediately to the Court's attention new information regarding an unfortunate setback in the Debtors' efforts to comply with the Examiner's information requests that bears upon the Examiner's motion.

1.  To date, the Debtors have produced to the Examiner more than 13.2 million bates-numbered pages of documents, more than 3.8 million documents from an Attenex database of e-mails and attachments, and more than 1 terabyte (*i.e.,* more than 1,000 gigabytes) of native files from the Debtors' shared network drives. In addition, the Debtors have provided the Examiner

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

RLF1-3243666-1

with remote access to and exports from Debtors' accounting database, and have responded to dozens of additional, discrete requests for information.[2]

2.   This process inevitably presents highly complex logistical challenges and requires an enormous commitment of time and resources.  It is, regrettably, rare for such a process to be completed without occasional delays or missteps -- despite all diligence and good faith.[3]  The Debtors have learned of one such mishap in the past few days.  As the Court may be aware, the immense volume of documents and information involved has required the Debtors to utilize the services and expertise of an outside vendor.  This vendor has facilitated the production of electronic and hard-copy documents from the multitude of sources that the Debtors have identified, in coordination with the Examiner, as including documents and information potentially responsive to the Examiner's requests.

3.   To the surprise of the Debtors, on Friday, January 11, 2008, the outside vendor informed the Debtors that it may have failed to deliver to the Examiner, contrary to the explicit direction of the Debtors and the understanding of the Examiner, a number of documents that were dated prior to February 7, 2007.  The vendor has explained to counsel for the Debtors that (a) the number of documents inadvertently not produced was in the range of 600,000 documents and came primarily from one data source, and (b) the vendor was working around-the-clock to determine the cause for its error and the precise volume of documents that were not produced from the single data source.  The Debtors notified the Examiner immediately of this new development the same day.

---

[2]  In addition to document production, the Debtors have facilitated the Examiner's interviews of current employees and have sought to facilitate the interviews of individuals no longer employed by the Debtors.

[3]  In the interests of full disclosure, in undertaking its commitment to produce a huge volume of documents as quickly as reasonably possible, the Debtors have generally withheld documents protected by the attorney-client privilege only in those instances in which the Creditors Committee has indicated its agreement that the production of such materials would not be in the best interests of the estates.

4. By Sunday, January 13, 2008, the Debtors learned from the vendor that the actual number of documents that it had failed to produce to the Examiner was 649,072. The vendor further informed the Debtors that (a) the vendor had not yet been able to determine whether the documents had been produced to the Examiner from a different data source, and (b) the vendor hoped to produce the documents in question in the next few days. The Debtors shared this information with the Examiner on the same day and explained that they would seek to have the vendor determine what documents already had been produced from different sources if it was technologically feasible to do so in a prompt manner.

5. On Monday, January 14, 2008, the Debtors determined that there is an additional collection of up to 85,000 documents that have not been produced to the Examiner due to vendor error. The Debtors are addressing this situation immediately.

6. The Debtors recognize that such errors, even if unavoidable in the context of such a process, cause inconvenience to participants in proceedings of this nature, and accept full responsibility. The Debtors express deep regret for this interruption in the progress of their document production, and sincerely apologize to the Examiner and to this Court for any resulting delay or inconvenience.

Dated: January 14, 2008  
      Wilmington, Delaware

Respectfully submitted,

   /s/ *Christopher M. Samis*  
Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Christopher M. Samis (No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
P.O. Box 551  
Wilmington, Delaware 19899  
(302) 651-7700

      -and-

Suzzanne S. Uhland  
Ben H. Logan  
Victoria Newmark  
Andrew M. Parlen  
O'MELVENY & MYERS LLP  
275 Battery Street  
San Francisco, California 94111  
(415) 984-8700

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION