## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | Objection Deadline: February 4, 2008, at 4:00 p.m. |
| | : | Hearing Date: N/A |

## FOURTH MONTHLY APPLICATION OF HELLER EHRMAN LLP
## FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
## AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
## TO THE AUDIT COMMITTEE OF THE BOARD OF DIRECTORS OF NEW
## CENTURY FINANCIAL CORPORATION
## FROM SEPTEMBER 1, 2007 THROUGH OCTOBER 31, 2007

Name of Applicant:                              Heller Ehrman LLP

Authorized to Provide Professional Services to:     Audit Committee[2] for the Board of
                                                Directors of New Century Financial
                                                Corporation

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] Shortly after the investigation described in this Application began, a subcommittee of the Audit Committee was formed to carry on the investigation. For convenience, this Application refers to the Audit Committee as a shorthand for the board committee responsible for the investigation, initially the Audit Committee and then its subsequently formed investigation subcommittee.

Date of Retention:                                              July 24, 2007, *nunc pro tunc* to April 2,
                                                                2007

Period for which Compensation and Expense               September 1, 2007 through October 31,
Reimbursement are sought:                                       2007

Amount of Compensation sough as actual,                  $20,796 (80% of $25,995)
reasonable, and necessary:

Amount of Expense Reimbursement sought as actual,        $3,940.34
reasonable, and necessary:


This is a(n):_x_ monthly              ___interim              ___final application

Prior Applications Filed:

| Date Filed Docket No. | Period Covered | Requested[3] | | Approved[4] | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) |
| Date Filed: 9/4/07 Docket No. 2657 | 4/2/07 - 6/30/07 | $924,414.50 | $23,662.82 | $739,531.60 (paid) | $23,662.92 (paid) |
| Date Filed: 9/14/07 Docket No. 2821 | 7/1/07 - 7/31/07 | $72,756.50 | $4,245.80 | $58,205.20, subject to Court approval of agreement with the United States Trustee | $4,245.80, subject to Court approval |
| Date Filed: 9/14/07 Docket No. 2827 | 4/2/07 - 7/31/07 | $997,171.00 | $27,908.62 | $797,736.80, subject to Court approval of agreement with the United States Trustee | $27,908.62, subject to Court approval |
| Date Filed: 1/14/08 Docket No. _____ | 8/1/07 – 8/31/07 | $52,085.00 | $5,259.24 | Obj. deadline 2/4/08 | Obj. deadline 2/4/08 |

---

[3] After submission of Heller Ehrman's Second Monthly Application (for July 2007), and before the objection deadline, the United States Trustee (UST) informally communicated objections to certain of Heller Ehrman's fees sought in connection with the firm's contested application for retention. As a result, no interim fees have been paid to Heller Ehrman for services during July 2007, or thereafter. Heller Ehrman and the UST have reached an agreement to resolve the UST's informal objections, subject to approval of the Court which has not yet been sought, by which Heller Ehrman's fee request for all fees related to its retention will be reduced to $87,500, and Heller Ehrman has agreed not to seek fees for responding to and resolving the UST's informal objection. The figures in the "Requested" and "Approved" columns for periods after June 30, 2007, give effect to this agreement with the UST, and reflect corresponding reductions from the amounts stated in the applications as initially filed on September 14, 2007. Although some of the fees to which the UST objected were incurred prior to July 1, 2007 and are included in Heller Ehrman's first interim fee application covering the period prior to July 1, the entire adjustment is reflected above in relation to the July monthly fee request and in the corresponding total fee request for the period April through July 2007.

[4] *Id.*

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | Objection Deadline: February 4, 2008, at 4:00 p.m. |
| | | Hearing Date: N/A |

**FOURTH MONTHLY APPLICATION OF HELLER EHRMAN LLP
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
TO THE AUDIT COMMITTEE OF THE BOARD OF DIRECTORS OF NEW
CENTURY FINANCIAL CORPORATION
FROM SEPTEMBER 1, 2007 THROUGH OCTOBER 31, 2007**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

the Court's Administrative Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the

"Administrative Order"), Heller Ehrman LLP ("Heller Ehrman") hereby files this Fourth

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Monthly Application (the "Application") for Allowance of Compensation for Services Rendered

and for Reimbursement of Expenses as Special Counsel to the Audit Committee of the Board of

Directors (the "Audit Committee")[2] of debtor New Century Financial Corporation ("NCF"). By

this Application, Heller Ehrman seeks a monthly allowance pursuant to the Administrative Order

with respect to the sums of $20,796 (80% of $25,995) as compensation and $3,940.34 for

reimbursement of actual and necessary expenses, for a total of $24,736.34, for the two-month

period from September 1, 2007 through and including October 31, 2007 (the "Compensation

Period"). In support of this Application, Heller Ehrman respectfully represents as follows:

### Background

1.      On April 2, 2007 (the "Petition Date"), NCF and certain of its debtor subsidiaries

and affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' retention of Heller Ehrman was approved by the Court's order dated

July 24, 2007, and such retention was effective retroactively to the Petition Date (the "Retention

Order"). The Retention Order authorized Heller Ehrman to be compensated in accordance with

the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy

Rules, the Local Rules and any other such procedures as may be fixed by order of this Court (the

"Fee Guidelines").

### Fee Statements

3.      Heller Ehrman's services as special counsel to NCF's Audit Committee in this

case for this two-month Compensation Period have been allocated among four project categories

---

[2] Shortly after the investigation described in this Application began, a subcommittee of the Audit Committee was formed to carry on the investigation. For convenience, this Application refers to the Audit Committee as a shorthand for the board committee responsible for the investigation, initially the Audit Committee and then its subsequently formed investigation subcommittee.

("Projects") and are described in detail in the redacted billing statements attached as <u>Exhibit A</u> to this Application (the "Billing Statements").[3] These statements contain daily time logs describing the time spent by each attorney and paraprofessional for this period. The attached <u>Exhibit B</u> presents, for each Project, the total number of hours of services devoted by each attorney or paralegal, that person's regular hourly billing rate, and the fees requested for those services based on regular hourly rates. Not all services fit neatly within one or another of the designated Project, and consequently there is some overlap. Nevertheless, the allocations reflected on the attached exhibits, and in the narrative descriptions below, represent Heller Ehrman's reasonable best efforts to categorize its services in the spirit of the Fee Guidelines.

4.    The substantial bulk of the work performed by Heller Ehrman during the Compensation Period is summarized as follows:

<u>Summary of Services By Project</u>

5.    **Reporting – Memoranda & Presentations (0005).** Billable hours: 27.90; Fees sought: $15,011.00.[4] As contemplated by the Retention Order, the Audit Committee engaged Heller Ehrman to conduct an independent investigation of (i) certain accounting matters in connection with entries on NCF's books, records and financial statements, which included the issues giving rise to NCF's need to restate its 2006 interim financial statements and its valuation of residual interests in securitizations, and (ii) sales of stock by NCF insiders other than Michael Sachs (the "Investigation"). Within the scope of the Investigation, Heller Ehrman ultimately

---

[3] Upon request and subject to appropriate arrangement to preserve confidentiality, unredacted billing statements will be made available for review by the Court, the Debtors, the United States Trustee, the Creditors Committee, and other parties with a legitimate interest in reviewing them.

[4] This amount does not include Heller Ehrman's voluntary reduction of fees with a time value of $594.00 (3.3 hours) incurred in connection with general administrative services such as archiving documents.

examined three issues: accounting for NCF's repurchase reserve with respect to loans it had originated and sold, accounting for the valuation of NCF's residual interest in securitizations, and disclosure/insider trading issues. Substantial background describing the focus of Heller Ehrman's investigation into each of these areas and the Investigation process itself is provided in the First, Second and Third Monthly Applications of Heller Ehrman LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Audit Committee of the Board of Directors of New Century Financial Corporation, previously filed with this Court [Docket Nos. 2657, 2821 and __, respectively] (collectively, the "Prior Fee Applications").

6.    Substantially all of the fees in this category relate to Heller Ehrman's follow up services arising from the Investigation. Heller Ehrman discussed with the SEC requests for documents, located and reviewed the same and coordinated with others for production. Heller Ehrman also worked with PriceWaterhouseCoopers and coordinated preparation for and attendance at a meeting to present the results of its Investigation and responded to inquiries from the Examiner and other interested parties regarding specific interview details and accounting information.

7.    **Audit Committee Meetings - Preparation & Communication (0006).** Billable hours: 3.30; Fees sought: $1,996.50. The minimal fees in this category relate to Heller Ehrman attorneys' preparation, review, circulation and explanation of minutes of Audit Committee meetings.

8.      **Retention & Fee Applications (Heller Ehrman) (0007).** Billable hours: 17.3; Fees sought: $8,987.50.[5] Services in this category relate to Heller Ehrman's preparation of the detailed Third Monthly Fee Application, covering the period from August 1, 2007 through August 31, 2007, as required by the Fee Guidelines. In addition, at the Debtors' request, Heller Ehrman carefully reviewed and redacted the billing statements in an effort to obviate various privilege and confidentiality concerns. A portion of these fees also relate to Heller Ehrman's compliance with the requirements set forth in the order appointing a fee auditor.

## Valuation of Services

9.      Attorneys and paraprofessionals of Heller Ehrman have expended a total of 48.5 hours in connection with this matter during the Compensation Period, as further detailed in the chart attached hereto as Exhibit C. The reasonable value of the services rendered by Heller Ehrman to the Audit Committee during the Compensation Period at Heller Ehrman's normal hourly rates for work of this character is $25,955.[6]

10.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Heller Ehrman is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under Chapter 11.

---

[5] This amount does not include Heller Ehrman's voluntary reduction of fees with a time value of $10,361 (17.6 hours) incurred in connection with redacting voluminous billing statement pages at Debtor's counsel's request and addressing the UST's informal concerns regarding Heller Ehrman's prior interim fee applications.

[6] This amount does not include Heller Ehrman's voluntary reduction of a total of **$10,955** in fees described in footnotes 4 and 5 above, for which Heller Ehrman is not seeking compensation.

### Actual and Necessary Expenses

11.    The $3,940.34 in actual and necessary expenses incurred by Heller Ehrman

during the Compensation Period are summarized in the chart attached hereto as Exhibit D and

are further detailed on pages 1-2 of the Project 0008 ("Administrative Matters") billing

statement.

12.    Heller Ehrman typically charges its non-bankruptcy clients $0.17 per page for

photocopying expenses, but to comply with the Bankruptcy Local Rules has reduced that charge

for the Debtors to $0.10 per page. Heller Ehrman charges all of its clients, including the

Debtors, $1.00 per page for outgoing facsimiles, in accordance with the Bankruptcy Local Rules.

Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the

long-distance telephone charges. Heller Ehrman seeks compensation for computerized legal

research ("CLR") services at actual cost, as best estimated by Heller Ehrman. The method by

which Heller Ehrman's CLR vendors charge for their services is not tied to specific client usage

and does not permit Heller Ehrman to determine the precise actual cost for CLR services for any

specific utilization of CLR services.

13.    In this case, Heller Ehrman has not charged for expenses for: (a) office overhead;

(b) secretarial overtime; (c) charges for after-hours and weekend air conditioning and other

utilities; (d) word processing and similar clerical functions; and (e) amenities such as

newspapers, shoe shines, dry cleaning, etc., while Heller Ehrman personnel are away from the

office.

### Required Disclosures

14.    Heller Ehrman's compensation and expense reimbursement requested have been

billed at rates, in accordance with practices, no less favorable than those customarily employed

9

by Heller Ehrman and generally accepted by Heller Ehrman's clients. Heller Ehrman believes that the hourly rates of the attorneys and paralegals practicing at Heller Ehrman are consistent with those prevailing in the respective communities in which Heller Ehrman attorneys and paralegals practice, for similar services of lawyers and paralegals of reasonably comparable skill and reputation.

15.     All services for which compensation is requested by Heller Ehrman were performed for or on behalf of the Debtors.

16.     Heller Ehrman has receive no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Heller Ehrman and any other person other than the shareholders of Heller Ehrman for the sharing of compensation to be received for services rendered in these cases.

17.     To the best of Heller Ehrman's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

### Conclusion

WHEREFORE, Heller Ehrman respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Heller Ehrman in the sum of **$20,796** (80% of $25,995) as compensation for necessary professional services rendered, and the sum of **$3,940.34** as reimbursement of actual and necessary costs and expenses for a total of **$24,736.34** and that the Debtors be authorized to promptly pay such sums to Heller Ehrman, and for such other and further relief as this Court may deem just and proper.

10

Dated:  January 14, 2008
        San Francisco, California

Peter J. Benvenutti (CA Bar No. 60566)
Admitted *Pro Hac Vice*
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268
*Counsel for Audit Committee of the Board of*
*Directors of New Century Financial Corporation*

SF 1423510 v1
(25126 0007)

11

## **VERIFICATION**

STATE OF CALIFORNIA     )
                             ) SS:
COUNTY OF SAN FRANCISCO  )

Michaeline H. Correa, after being duly sworn according to law, deposes and says:

a)    I am an associate with the applicant firm, Heller Ehrman LLP. I am admitted to practice law before the Ninth Circuit Court of Appeal, and the Northern, Southern, Central and Eastern Districts of California.

b)    I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_Michaeline Correa_
Michaeline H. Correa (CA Bar No. 215215)

SWORN AND SUBSCRIBED before me
this 14th day of January, 2008.

_Darlene Giusti_
Notary Public
My Commission Expires: _9-11-08_

DARLENE GIUSTI
Commission # 1512563
Notary Public - California
San Francisco County
My Comm. Expires Sep 11, 2008