IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: January 30, 2008 at 4:00 p.m.<br>Hearing Date: February 6, 2008 at 1:30 p.m. |

## MOTION PURSUANT TO BANKRUPTCY CODE SECTION 554 TO ABANDON MARKETING MATERIALS BURDENSOME AND INCONSEQUENTIAL IN VALUE TO THE ESTATES

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully file this motion (the "Motion") requesting Court authority to abandon miscellaneous marketing materials and brochures that are both burdensome and inconsequential in value to the estates, in support of which Motion the Debtors respectfully represent and state as follows:

### JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1. Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide.

2. In connection with their business operations, the Debtors occasionally ordered brochures and other advertising and marketing materials from third party vendors. One such company, Moore Wallace Inc., has advised the Debtors that it is holding in its warehouse pallets of marketing materials for Home123 Corporation, one of the Debtors in these cases. The Debtors have ceased ongoing operations, and hence the marketing materials are of no value to the estates. Nor can these materials be sold to a third party, as they are already printed and contain solicitations for "Home 123 Corporation."

3. Moore Wallace Inc. has represented that it intends shortly to dispose of these materials at its discretion, in accordance with its customary practice in the event that a customer does not take delivery of materials. Moore Wallace Inc. has further represented that, if the Debtors promptly request authority to abandon the materials, then it will refrain from filing a claim against the estates for the cost of storing the materials post-petition.

## ARGUMENT

4. Based on all of the above, the Debtors believe that the only sensible course of action is to abandon this property which, at any rate, has no value to the estates or creditors. The Debtors believe they can do so within the ordinary course of their business operations in accordance with Bankruptcy Code section 363(c). However, in an abundance of caution, the Debtors are filing this motion requesting authority to abandon this property under Bankruptcy Code section 554(a). That section provides: "After notice and a hearing, the trustee may

2

LA3:1142734.2
RLF1-3244016-1

abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The result of abandonment is "a divesture of all of the estate's interests in the property. Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed." 5 Collier on Bankruptcy, para. 554.02[3] (15th ed. rev. 2007).

### NOTICE

5.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee, (ii) the Examiner appointed in these cases, (iii) the Official Unsecured Creditors' Committee, and (iv) other parties entitled to notice. The Debtors submit that no other or further notice is required.

6.  The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order: (i) authorizing the Debtors to abandon the materials described above, and (ii) granting to the Debtors such other relief as the Court deems just and proper and is consistent with the foregoing.

Dated: January 15, 2008
       Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Laine Mervis
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

4