IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : |
| | : Original Hearing Date: 1/9/08 at 1:30 p.m. |
| | : Continued Hearing Date (if necessary): February 6, 2008 at 1:30 p.m. |

**NOTICE OF WITHDRAWAL OF (i) MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, AND DIRECTING THE CLERK OF THE COURT TO MAINTAIN, THE DEBTORS' REPLY TO FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL, AND (ii) MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, AND DIRECTING THE CLERK OF THE COURT TO MAINTAIN, THE DEBTORS' REPLY TO FIRST INTERIM REPORT OF MICHAEL J. MISSAL, EXAMINER, UNDER SEAL**

New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, New Century Financial Corporation ("NCFC"), a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby withdraw (i) the "Motion of the Debtors and Debtors in Possession for an Order Authorizing the Debtors to File, and Directing the Clerk of the Court to Maintain, the Debtors' Reply to First Interim Report of Michael J. Missal, Examiner, Under Seal" filed on December 3, 2007 [Docket no. 4012] (the "First Seal Motion")

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a

and (ii) the "Motion of the Debtors and Debtors in Possession for an Order Authorizing the Debtors to File, and Directing the Clerk of the Court to Maintain, the Debtors' Reply to First Interim Report of Michael J. Missal, Examiner, Under Seal" filed on December 19, 2007 [Docket no. 4150] (the "Second Seal Motion", together with the First Seal Motion, the "Seal Motions"). As explained herein, the Debtors have concluded that redacting the privileged portions of the reports dealing with the cash collateral issue is more likely to complicate consummation of a settlement with the adequate protection parties than assist bringing this settlement to a close. Thus, the Debtors withdraw their motions to keep any portions of these reports under seal and support them being made part of the public record in these cases.

In support thereof, the Debtors respectfully state as follows:

1. On November 21, 2007, Michael J. Missal, as the Examiner appointed in the above-captioned cases (the "Examiner"), filed the "First Interim Report of Michael J. Missal, Examiner" (the "Examiner's Cash Collateral Report"), in which the Examiner reported on his investigation of the cash collateral issue. Pursuant to this Court's "Order (I) Supplementing June 1, 2007 Order Directing the Appointment of an Examiner, and (II) Granting the Motion of Michael J. Missal, Examiner for an Extension of Time to File His Report with the Court," entered on October 10, 2007 [Docket no. 3261], the Examiner filed his Cash Collateral Report under seal. The Court's October 10, 2007 Order provided that if a party filed a motion to keep any portion of the Examiner's Cash Collateral Report under seal within 10 days after its filing, this report would remain under seal pending a hearing. On December 3, 2007, the Debtors filed the first Seal Motion. In it, the Debtors argued that the Examiner's Cash Collateral Report

---

Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation

disclosed privileged attorney-client communications and that this privileged information permeated the Examiner's Cash Collateral Report. The Debtors also stated that they disagreed with a number of matters asserted in the Examiner's Cash Collateral Report and that they would be filing a reply.

2. On December 19, 2007, the Debtors filed under seal the "Debtors Reply to First Interim Report of Michael J. Missal, Examiner" (the "Debtors' Cash Collateral Reply"). The Debtors also filed the Second Seal Motion on December 19, 2007. In it, the Debtors sought an order to keep this reply under seal on the grounds it divulges privileged attorney-client communications.

3. On January 2, 2008, the United States Trustee (the "U.S. Trustee") filed an objection to the Debtors' Seal Motions. [Docket no. 4287].

4. On January 4, 2008, the Examiner filed the "Motion of Michael J. Missal, Examiner, For an Order Authorizing Him to File Under Seal, the Limited Response of Michael J. Missal, Examiner, to Debtors' Reply to First Interim Report of Michael J. Missal, Examiner [Docket no. 4315] (the "Examiner's Seal Motion"). The Examiner's report that was the subject of this motion was entitled "Amended Limited Response of Michael J. Missal, Examiner, to Debtors' Reply to First Interim Report of Michael J. Missal, Examiner," dated as of January 7, 2008 (the "Examiner's Cash Collateral Reply"), which the Examiner filed under seal.

5. At a hearing held on January 9, 2008, the Court indicated that it would not grant the Debtors' Seal Motions to the extent that they sought to keep under seal the Examiner's Cash Collateral Report or the Debtors' Cash Collateral Reply in their entirety and directed the parties to work to identify what portions of those reports should be redacted since they disclose

privileged attorney-client communications, with the balance of these reports to be made public. The Court directed the parties to include the Examiner's Cash Collateral Reply in these efforts. The Court continued these matters to the omnibus hearing set for February 6, 2008 in case the Debtors sought to keep under seal portions of these reports that the U.S. Trustee or the Examiner asserted did not disclose privileged communications.

6. On reflection, the Debtors believe that the better course is to make public the entirety of these reports. After consulting with the Creditors' Committee and some of the parties (the "Adequate Protection Parties") to the Court's "Order Granting Adequate Protection Pursuant to Bankruptcy Code Section 105(a), 361, 362 and 363(h)(1) and Establishing Preliminary Procedures for Resolving Certain Claims" entered on June 29, 2007 [Docket # 1729], the Debtors have concluded that keeping any portion of the cash collateral reports under seal is likely to slow the consummation of a settlement with the Adequate Protection Parties and to fuel further speculation. While it is unusual to allow a public airing of privileged advice from counsel, in this situation the Debtors believe this is the best course, and in the best interests of all parties in these cases. Thus, the Debtors withdraw their Seal Motions. In addition, the Debtors have no objection to the Examiner's Cash Collateral Reply being made public. This will avoid any need to identify what portions of these reports are privileged (and, therefore, could be kept under seal) and will avoid speculation among parties not privy to the redacted portions as to what might be contained in them.

7. The Debtors have advised the Examiner, the U.S. Trustee and the Creditors' Committee of the withdrawal of their Seal Motions and the fact that the Debtors have

no opposition to the Examiner's Cash Collateral Reply being filed publicly. These are the only entities that filed a response to the Seal Motions.

8. The Court's October 10, 2007 Order provides that if no party files a motion to keep the Examiner's Cash Collateral Report under seal, it will automatically be unsealed. The Debtors' Cash Collateral Reply is under seal presently only because the Debtors filed the Second Seal Motion. The Debtors understand that the Examiner filed the Examiner's Seal Motion as an accomodation to the Debtors, which the Debtors appreciate. With the withdrawal of the Debtors' Seal Motions and the Debtors' consent to unsealing the Examiner's Cash Collateral Reply, the Debtors believe that unsealing these reports is consistent with the Court's prior orders and need not be addressed in a separate order. But in order to provide clarity on this matter, the Debtors respectfully submit that the Court should enter the Order attached hereto as Exhibit A.

WHEREFORE, for all of the foregoing reasons, the Debtors pray (i) for the entry of an Order, substantially in the form attached hereto as Exhibit A; and (ii) for such other and further relief as this Court deems just.

Dated: January 16, 2008

Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
Andrew M. Parlen
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
(213) 430-7704

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION