# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**NEW CENTURY TRS HOLDINGS, INC.,**<br>a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered |

**DECLARATION OF ANDREW D. WAGNER IN SUPPORT OF DEBTORS'
TENTH OMNIBUS OBJECTION TO CLAIMS: NON-SUBSTANTIVE
OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007
AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CERTAIN (A) DUPLICATE CLAIMS;
(B) AMENDED AND SUPERSEDED CLAIMS; (C) LATE-FILED
CLAIMS; AND (D) NO SUPPORTING DOCUMENTATION CLAIMS**

I, Andrew D. Wagner, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Vice President with AP Services, LLC ("APS"), crisis managers for the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

3. In my role as Vice President at APS, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records. I submit this declaration (the "Declaration") in support of the Tenth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Duplicate Claims; (B) Amended and Superseded Claims; (C) Late-Filed Claims; and (D) No Supporting Documentation Claims (the "Objection"). I make this Declaration on the basis of APS's review of the Debtors' books and records (the "Books and Records"), the register of claims (the "Claims Register") prepared and provided by the Debtors' claims agent, XRoads Case Management Services, LLC ("XRoads") and the proofs of claim filed in these chapter 11 cases.

4. I assisted in the Claims reconciliation process and in the preparation of the Objection. In this regard, either I, or another employee of APS at my direction, (a) participated in the review of (i) the Claims Register, identifying Claims that should be allowed or disallowed, and, (ii) the Debtors' books and records with respect to the Claims described in the Objection, and (b) read the Objection and the proposed order (the "Proposed Order"). Accordingly, I am familiar with the information contained therein and in Exhibits A through D annexed to the Proposed Order.

A. **Duplicate Claims**

5. To the best of my knowledge, information and belief, the Claims listed in Exhibit A to the Proposed Order (the "Duplicate Claims") under the column labeled "Duplicate Claim Number" are duplicative because the Claimants listed thereunder have filed two or more Claims against the same Debtor, asserting the same liability. The claim numbers of Claims to

remain on file in the Claims Register after elimination of any Duplicate Claims appear under the column labeled "Remaining Claim Number."

By the Objection, the Debtors object to the Duplicate Claims listed under the column labeled "Duplicate Claim Number" on Exhibit A to the Proposed Order, and seek entry of an order disallowing and expunging the Duplicate Claims in their entirety, subject to the Debtors' further objections on any other grounds to the Claims listed under the column labeled "Remaining Claim Number."

### B. Amended and Superseded Claims

6. To the best of my knowledge, information and belief, the Claims listed on Exhibit B to the Proposed Order under the column labeled "Amended Claim Number" are Claims that have been amended and superseded by a Claim later filed by the Claimant (the "Amended and Superseded Claims"). The claim numbers of the related Claims that will remain after the elimination of any Amended and Superseded Claims (the "Remaining Claims") appear under the column "Remaining Claim Number."

7. By this Objection, the Debtors object to the Amended and Superseded Claims listed under the heading "Amended Claim Number" on Exhibit B to the Proposed Order, and seek entry of the Proposed Order disallowing and expunging the Amended and Superseded Claims in their entirety, subject to the Debtors' further objections on any grounds to the Remaining Claims.

### C. Late Filed Claims

8. To the best of my knowledge, information and belief, the Claims listed on Exhibit C to the Proposed Order are Claims that were filed after the applicable Bar Date established for such Claims (the "Late Filed Claims").

9.  By the Objection, the Reorganized Debtors object to the Late Filed Claims listed on Exhibit C to the Proposed Order, and seek entry of an order disallowing and expunging the Late Filed Claims in their entirety.

**D.  No Supporting Documentation Claims**

10.  To the best of my knowledge, information and belief, the Claims listed on Exhibit D of the Proposed Order are claims filed by Claimants for which no supporting documentation was attached to the filed Proofs of Claim.

11.  By this Objection, the Debtors object to the No Supporting Documentation Claims listed on Exhibit D to the Proposed Order, and seek entry of the Proposed Order disallowing and expunging the No Supporting Documentation Claims in their entirety.

**CONCLUSION**

12.  Based upon my review of the Claims Register and the Debtors' Books and Records, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January, 2008.

/s/ Andrew D. Wagner

Andrew D. Wagner, Vice President at
AP Services, LLC