# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **NEW CENTURY TRS HOLDINGS, INC.,** <br> a Delaware corporation, et al.,[1] <br><br> **Debtors.** | **Chapter 11** <br><br> **Case No. 07-10416 (KJC)** <br><br> **Jointly Administered** |

**DECLARATION OF ANDREW D. WAGNER IN SUPPORT OF DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CERTAIN (A) BOOKS AND RECORDS CLAIMS; (B) EQUITY CLAIMS; (C) REDUCED AND RECLASSIFIED CLAIMS; AND (D) INSUFFICIENT DOCUMENTATION CLAIMS**

I, Andrew D. Wagner, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Vice President with AP Services, LLC ("APS"), crisis managers for the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

3.      In my role as Vice President at APS, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records. I submit this declaration (the "Declaration") in support of the Eleventh Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Books and Records Claims; (B) Equity Claims; (C) Reduced and Reclassified Claims; and (D) Insufficient Documentation Claims (the "Objection"). I make this Declaration on the basis of APS's review of the Debtors' books and records (the "Books and Records"), the register of claims (the "Claims Register") prepared and provided by the Debtors' claims agent, XRoads Case Management Services, LLC ("XRoads") and the proofs of claim filed in these chapter 11 cases.

4.      I assisted in the Claims reconciliation process and in the preparation of the Objection. In this regard, either I, or another employee of APS at my direction, (a) participated in the review of (i) the Claims Register, identifying Claims that should be allowed or disallowed, and, (ii) the Debtors' books and records with respect to the Claims described in the Objection, and (b) read the Objection and the proposed order (the "Proposed Order"). Accordingly, I am familiar with the information contained therein and in Exhibits A through D annexed to the Proposed Order.

### A.      Books and Records Claims

5.      To the best of my knowledge, information and belief, the Books and Records Claims listed on Exhibit A of the Objection are Claims that cannot be reconciled with the Debtors' Books and Records, and therefore, the Debtors against which such Claims are asserted are not liable for the asserted Claims. The Debtors believe they are not liable for the Books and Records because with respect to each such Claim (i) the Debtors' Books and Records,

2

RLF1-3245186-1

which the Debtors believe to be accurate, do not reflect the existence of the asserted Claim or otherwise indicate a scheduled liability of zero with respect to such Claim, or (ii) the asserted Claim has previously been satisfied by the Debtors and their Books and Records do not reflect any additional amounts owing on account of the asserted Claim.

6. By the Objection, the Debtors object to the Books and Records Claims listed on <u>Exhibit A</u> to the Objection, and seek entry of the Proposed Order disallowing and expunging the Books and Records Claims in their entirety.

**B.     Equity Claims**

7. To the best of my knowledge, information and belief, the Claims listed in <u>Exhibit B</u> to the Proposed Order (the "Shareholder Claims") under the column labeled "Shareholder Claim Number" should be expunged because the Claimants listed thereunder have an interest in, not a claim against, the Debtors' estate.

8. By the Objection, the Debtors object to the Shareholder Claims listed under the column labeled "Claim Number" on <u>Exhibit B</u> to the Proposed Order, and seek entry of an order disallowing and expunging the Shareholder Claims in their entirety.

**C.     The Reduced and/or Reclassified Claims**

9. To the best of my knowledge, information and belief, the Reduced and/or Reclassified Claims listed on <u>Exhibit C</u> to the Objection were filed in the incorrect amounts and/or classifications. Therefore, the Reduced and/or Reclassified Claims should be reduced and/or reclassified as set forth on <u>Exhibit C</u> to the Objection.

3

A.  **Insufficient Documentation Claims**

To the best of my knowledge, information and belief, the Claims listed on Exhibit D to the Proposed Order have insufficient documentation indicate that there is any amount due and owing by the Debtors.

10.  By this Objection, the Debtors object to the Insufficient Documentation Claims listed on Exhibit D to the Proposed Order, and seek entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## CONCLUSION

11.  Based upon my review of the Claims Register and the Debtors' Books and Records, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January, 2008.

/s/ Andrew D. Wagner

Andrew D. Wagner, Vice President at
AP Services, LLC