BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al., | |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------x

PIMA COUNTY'S OBJECTION TO NOTICE OF PROPOSED SALE OF ASSETS
PURSUANT TO ORDER ESTABLISHING MISCELLANEOUS ASSET SALES
PROCEDURES (WPO BUSINESS SOLUTIONS)

COMES NOW secured creditor Pima County, by and through undersigned counsel, and objects to the Debtors' Notice of Proposed Sale of Assets to WPO Business Solutions to the extent it seeks approval of the sale of Debtors' assets free and clear of liens.

1.  Pima County is a secured creditor with a claim for personal property taxes against Debtor Home 123 Corporation for tax year 2007. The claim, which totaled $1,641.48 as of the filing of the Debtors' Petition, is secured by a first priority statutory lien on the

personal property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17153.

2.  The liens include post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; *see also* 11 U.S.C. 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes).

3.  Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2); *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 17 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

4.  Pima County is unable to determine from the Debtors' Motion, which requests that the property be sold free and clear of liens, but does not provide that any liens will attached to the proceeds of the sale, whether the property proposed to be sold includes the property securing Pima County's claim.

WHEREFORE, pursuant to 11 U.S.C. § 363(e), Pima County respectfully requests that the Court deny Debtors' Motion unless it is amended to provide that any

//

//

liens on the assets proposed to be sold will attach to the proceeds of the sale.

Dated this 23rd day of January, 2008.

                                          BARBARA LAWALL
                                        PIMA COUNTY ATTORNEY

                                        /s/ G. Yusufov
                                        German Yusufov
                                        Deputy County Attorney
                                        32 North Stone Avenue, Suite 2100
                                        Tucson, Arizona 85701
                                        Telephone: (520) 740-5750
                                        Facsimile: (520) 620-6556
                                        Attorney for Creditor Pima County

## CERTIFICATE OF SERVICE

I, Gina Inman, certify that on the 23rd day of January, 2008, I caused to be served a true and correct copy of Pima County's Objection To Notice of Proposed Sale of Assets on the following:

Hon. Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

Mark D. Collins
Michael J. Merchant
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Attorneys for Debtors

Suzanne S. Uhland
Ben H. Logan
Laine Mervis
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111
Attorneys for Debtors

Bonnie Glantz Fatell
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Attorneys for the Creditors' Committee

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

_____
Gina Inman