**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEW CENTURY TRS HOLDINGS INC., a Delaware corporation, et al.,[1] | : : | Case No. 07-10416 (KJC) |
| Debtors. | : : | Jointly Administered Re: 4190 |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT BY AND AMONG NEW CENTURY FINANCIAL CORPORATION, GRP LOAN, LLC AND THE OTHER PARTIES NAMED THEREIN, (B) AUTHORIZING SALE OF CERTAIN LOANS TO PURCHASER OR ITS DESIGNEE(S), FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion for (i) an Order (a) Approving Bidding Procedures and Bid Protections in Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief and (ii) an Order (a) Approving the Proposed Sale and (b) Granting Related Relief (the "Bidding Procedures Motion")[2], filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon the Order of this Court dated January 9, 2008 (a) Approving Bidding Procedures and Bid Protections in

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (Okla JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the APA.

RLF1-3237921-2

Connection With Auction of Certain Assets, (b) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (c) Granting Related Relief (the "Bidding Procedures Order"); and a hearing having been held on January 23, 2008 in connection with the Motion (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale; and the Court having considered (x) the Motion, (y) the arguments made and evidence proffered or adduced in support of approval of the Sale at the Sale Hearing; and it appearing from the affidavits of service filed with the Court that due and sufficient notice of the Motion and the relief granted by this Order, have been provided to all parties affected thereby (the "Sale Notice"); and it further appearing that no other or further notice hereof is required; and upon the Court record of these cases; and the Court having received evidence in support of the approval of that certain Asset Purchase Agreement between certain of the Debtors and GRP Loan, LLC Dated as of December 19, 2007 (as amended, the "APA")[3] attached hereto as Exhibit A and such other agreements to be entered into among the parties thereto as contemplated therein and the Sale; and it appearing that the relief requested in the Motion and approved hereby is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and upon the record of the Sale Hearing and these chapter 11 cases including the decision of the Court to approve the Motion, the APA, and Sale as reflected on the record of the Sale Hearing; and after due deliberation and good and sufficient cause appearing therefor, this Court hereby makes the following findings of fact and conclusions of law:

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the APA (as defined herein) and the Motion, and to the extent of any inconsistency, the APA shall govern.

I.  **FINDINGS OF FACT AND CONCLUSION OF LAW**[4]

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein, pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this proceeding and the Bidding Procedures Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(g), the parties may consummate the Sale immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

    C.    As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014 and in substantial compliance with the Bidding Procedures Order.

    D.    Actual written notice of the Sale Hearing, the Motion, and the Sale and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all parties in interest in these cases, including, but not limited to: (i) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (ii) counsel to the Purchaser; (iii) all potential bidders for the Mortgage Loans and any party who has expressed an interest in writing to acquire the Mortgage Loans; (iv) the United States Trustee; and (v) any entity

---

[4] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Sale Hearing shall be constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Order to the extent not inconsistent herewith.

that has filed a notice of appearance and demand for service of papers in these bankruptcy cases pursuant to Bankruptcy Rule 2002.

  E. The Sale Notice was published in the National Edition of the Wall Street Journal substantially in the form approved by the Bidding Procedures Order as soon as practicable after the approval of the Sale Notice.

  F. The Debtors have complied with all obligations to provide notice of the Motion, Auction, and Sale Hearing, required by the Bidding Procedures Order and such notice was good and sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, or the Sale is required.

  G. The disclosures made by the Debtors concerning the APA, the Sale and the Sale Hearing were good, complete and adequate.

  H. The Purchaser is not affiliated with the Debtors.

  I. The terms of the Sale, as set forth in the APA, are fair and reasonable under the circumstances of these chapter 11 cases.

  J. The Purchaser has negotiated the terms and conditions of the Sale in good faith and at arm's length, is entering into the Sale in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protections afforded thereby. The Purchaser is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale at any time after the entry of this Order, including immediately after its entry. The Court has found that the Purchaser has acted in good faith in all respects in connection with these chapter 11 cases and the Sale in that, among other things:

  (1) the Purchaser recognized that the Debtors were free to negotiate with any other party that expressed qualified interest in purchasing the Mortgage Loans;

(2) the Purchaser agreed to subject the APA to the competitive Bidding Procedures set forth in the Bidding Procedures Order;

(3) all payments to be made by Purchaser and other agreements or arrangements entered into by the Purchaser with the Sellers in connection with the sale have been disclosed;

(4) there is no evidence that the Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction;

(5) no common identity of directors or controlling shareholders exists between the Purchaser and any of the Debtors; and

(6) the negotiation and execution of the APA and all other aspects of the Sale were conducted in good faith.

K. No other Qualifying Bid was received as of the Bid Deadline. Therefore, in accordance with the Bidding Procedures Order and the Bidding Procedures, no Auction was required or held.

L. The APA constitutes the highest and best offer for the Mortgage Loans and will provide a greater recovery for the Debtors' stakeholders than would be provided by any other available alternative. The Debtors' determination that the APA constitutes the highest and best offer for the Mortgage Loans constitutes a valid and sound exercise of the Debtors' business judgment.

M. The APA represents a fair and reasonable offer to purchase the Mortgage Loans under the circumstances of these chapter 11 cases. No other entity or group of entities has offered to purchase the Mortgage Loans for greater economic value to the Debtors' estates than the Purchaser.

N. The consideration provided for the Mortgage Loans pursuant to the APA

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

O. The transfer of each of the Mortgage Loans to the Purchaser is or will be as of the Closing Date a legal, valid, and effective transfer of such assets, and vests or will vest the Purchaser with all right, title, and interest of the Debtors to the Mortgage Loans free and clear of all Liens, encumbrances, offset rights, and other interests accruing, arising or relating to any time prior to the Closing Date.

P. The Debtors may sell the Mortgage Loans free and clear of all Liens, encumbrances, offset rights, and other interests against the Debtors or their estates because, in each case, one or more of the standards set forth in section 363(f)(1) - (5) of the Bankruptcy Code has been satisfied. Those holders of Liens, encumbrances, offset rights or interests against the Debtors and their estates who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such encumbrances or interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their encumbrances or interests, if any, in each instance against the Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the property in which they allege an interest.

Q. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to a chapter 11 plan in that, among other things, the value of the Mortgage Loans is extremely time-sensitive and the threatened continued erosion of these relationships, and that any sale taking place after the time contemplated by the parties would likely yield markedly less value than the Sale contemplated hereby.

R.  The Debtors' privacy policy relating to consumer information does not prohibit the sale.

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:

1.  The relief requested in the Motion is granted and approved as set forth in this Order, and the Sale contemplated thereby is hereby approved as set forth in this Order.

2.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3.  The APA, all other ancillary documents to the APA and all of the terms and conditions thereof are hereby approved in their entirety. To the extent of any conflict or inconsistency between the provisions of this Order and the terms and conditions of the APA, as applicable, this Order shall govern and control.

4.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Mortgage Loans to the Purchaser pursuant to and in accordance with the terms and conditions of the APA, (ii) close the Sale as contemplated in the APA and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, and to take all further actions as may be reasonably requested in accordance with the APA by the Purchaser as the case may be, for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession, the

Mortgage Loans, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA or such other ancillary documents.

5. The terms and provisions of this Order shall be binding in all respects upon the Purchaser, the Debtors and their estates, any trustees thereof, their estates, all creditors and shareholders of the Debtors, all interested parties, and their respective successors and assigns, including, but not limited to, all non-debtor parties to the Mortgage Loans.

6. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Mortgage Loans on the Closing Date. Such Mortgage Loans shall be transferred to the Purchaser upon the Closing Date and, as of such Closing Date, any such transfer shall constitute a legal, valid, binding and effective transfer of such Mortgage Loans and shall be free and clear of (a) all Liens and encumbrances, (b) all offset rights, and (c) all other interests, including without limitation, any and all Claims, obligations, demands, guaranties, options, debts, rights, contractual commitments, restrictions, and matters of any kind or nature, whether direct or indirect, monetary or non-monetary, absolute or contingent, matured or unmatured, liquidated or unliquidated, of, by or against the Debtors, their estates or such Mortgage Loans, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, (i) claims and encumbrances that purport to give any party a right or option to effect any forfeiture, diminution, modification or termination of the interest of the Debtors in such Mortgage Loans, (ii) claims and encumbrances with respect to taxes, or (iii) any claim that Purchaser or any of their Affiliates is a successor to the Debtors arising under federal, state or local law, rule, regulation or at equity), with all such encumbrances and interests to attach to the net proceeds of the Sale in the

order of their priority, with the same validity, force and effect that they now have as against such Mortgage Loans.

7. Purchaser shall have no liability or responsibility for any encumbrance, offset right or interest arising, accruing, or relating to a period prior to the Closing Date. All persons and entities holding Liens or interests in all or any portion of the Mortgage Loans arising under or out of, in connection with, or in any way relating to the Debtors, the Mortgage Loans, the operation of the Debtors' businesses prior to the Closing Date, the transfer of the Mortgage Loans to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property, the Mortgage Loans, such persons' or entities' Liens or interests in and to the Mortgage Loans.

8. On the Closing Date, each creditor of the Debtors is authorized and directed to execute such documents and take all other actions as may be necessary to release encumbrances, offset rights or interests on the Mortgage Loans, if any, as provided herein, as such encumbrances, offset rights, or interests may have been recorded or may otherwise exist.

9. This Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrar of certificates, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Mortgage Loans. On the Closing Date, all Liens, encumbrances, offset rights, or other interests against the Debtors' estates of record as of the date of this Order shall forthwith be removed and stricken as against the Mortgage Loans,

without further order of the Court or act of any party. Upon the Closing Date, the entities listed above in this paragraph are authorized and specifically directed to strike all such recorded Liens, encumbrances, offset rights or other interests against the Mortgage Loans as provided for herein from their records, official and otherwise.

10. Each and every federal, state, and local governmental agency, unit or department is hereby directed to accept this Order as sole and sufficient evidence of the transfer of title of the Mortgage Loans to the Purchaser and such agency or department may rely upon this Order in consummating the transactions contemplated by the APA.

11. If any person or entity that has filed a financing statement, mortgage, mechanic's lien, lis pendens, or other document or agreement evidencing an encumbrance or interest in the Mortgage Loans that are being transferred free and clear, as provided herein, of such encumbrance or interest, shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, a termination statement, instrument of satisfaction, release of all such encumbrances or interests which such person or entity has with respect to the Mortgage Loans or otherwise, the Debtors or the Purchaser are hereby authorized to execute and file such statement, instrument, release, or other document on behalf of such person or entity with respect to the Mortgage Loans.

12. All entities who are presently, or on or before the Closing Date may be, in possession of some or all of the Mortgage Loans to be transferred on such Closing Date are hereby directed to surrender possession of the Mortgage Loans to the Purchaser on the Closing Date at that entity's sole expense.

13. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to transfer

the Mortgage Loans to the Purchaser, in each case in accordance with the terms of the APA and this Order.

14. The Purchaser shall not have any liability or other obligation of the Debtors arising under or related to any of the Mortgage Loans. The Purchaser shall not be liable for any claims against the Debtors, or any of their predecessors or affiliates, and the Purchaser shall not have any successor or vicarious liabilities of any kind or character, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Mortgage Loans prior to the Closing. The Purchaser has given substantial consideration under the APA for the benefit of the holders of Liens. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against or interests in the Debtors, any of the Mortgage Loans.

15. The terms and provisions of the APA, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including the Debtors, any trustees thereof, their estates, their creditors, their shareholders, and all interested parties, administrative agencies, governmental units, secretaries of state, federal, state and local officials, including any such administrative or governmental authorities maintaining any authority relating to environmental, health, or safety laws, and their respective successors or assigns, and upon any persons asserting an encumbrance against or interest on any of the Mortgage Loans to be sold and assigned to Purchaser.

16.     Unless otherwise agreed to by the Purchaser, the Debtors agree that their obligations hereunder and under the APA shall not be discharged by the entry of an order confirming a chapter 11 plan of reorganization in any of the Debtors' chapter 11 cases. This Order shall be binding upon and enforceable against, among others, the Debtors, their estates and any and all chapter 7 and chapter 11 trustees thereof.

17.     This Court retains jurisdiction, even after the closing of these chapter 11 cases, to:

(a)     interpret, implement and enforce the terms and provisions of this Order and the terms of the APA, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith;

(b)     protect the Purchaser or any of the Mortgage Loans against any of the encumbrances or other interests, as provided herein, including to enjoin the commencement or continuation of any action seeking to impose successor liability;

(c)     enter orders in aid or furtherance of the Sale;

(d)     compel delivery of all Mortgage Loans to the Purchaser; and

(e)     re-open the Debtors' chapter 11 cases to enforce the provisions of this Order.

18.     The Purchaser is not a joint employer, single-employer, co-employer, or successor employer with any of the Debtors by virtue of the APA, the consummation of the Sale, or the entry of this Order.

19.     The Purchaser may consummate the Sale at any time after entry of the Order (including immediately thereafter) by waiving any and all closing conditions set forth in the APA

that have not been satisfied and by proceeding to close the Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors and/or any other party in interest.

20. The Sale is undertaken by the Purchaser in good faith (as that term is used in section 363(m) of the Bankruptcy Code), and the Purchaser shall continue to be in good faith (as that term is used in section 363(m) of the Bankruptcy Code) by proceeding to close the Sale, even if such closing occurs immediately upon entry of the Order. Accordingly, the reversal or modification on appeal of the authorization to consummate the Sale provided herein shall not affect the validity of the Sale to the Purchaser unless such authorization is duly stayed prior to closing of the Sale pending such appeal. The Purchaser is a purchaser in good faith of the Mortgage Loans, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

21. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Purchaser and the Sellers in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement is not material.

22. Notwithstanding anything to the contrary in this Order or the APA, to the extent any of the Mortgage Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations) the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had not been purchased pursuant to Bankruptcy Code Section 363, as provided for in Section 363(o) of the Bankruptcy Code.

23. In the event the parties to the APA elect to include as Mortgage Loans any loans that are subject to the terms of the Stipulated Preliminary Injunction (the "Preliminary Injunction") entered between the State of Ohio, ex rel. Marc Dann, Attorney General ("State of Ohio") and New Century Financial Corporation, New Century Mortgage Corporation and Home123 Corporation on March 28, 2007 in that certain case known as State of Ohio, ex rel. Marc Dann, Attorney General vs. New Century Financial Corp., et al., Cuyahoga County Court of Common Pleas, Case No. CV-07-618660 (the "Ohio Action"), such additional loans shall not hereby be sold, assigned or transferred to the Purchaser unless (i) the State of Ohio consents in writing to the sale, assignment or transfer of any such Mortgage Loans or (ii) the sale, assignment or transfer of any such Mortgage Loans is made in accordance with the terms of, as applicable, (a) the Preliminary Injunction, (b) the Agreed Entry for Release of Five (5) Loans and Sale of Twenty-three (23) Loans in the Ohio Action dated August 21, 2007, or (c) the Agreed Entry for Release of Twelve (12) Loans and Sale of Fifteen (15) Loans in the Ohio Action dated December 4, 2007.

24. The provisions of this Order are non-severable and mutually dependent.

25. Notwithstanding Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

Dated: January 23, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1-3237921-2