# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Initial Objection Deadline: 2/4/08 |
| | Committee Objection Deadline: 2/8/08 |

## NOTICE OF PROPOSED SALE OF ASSETS PURSUANT TO ORDER ESTABLISHING MISCELLANEOUS ASSET SALES PROCEDURES (ALLTECH ELECTRONICS CO., INC.)

**PLEASE TAKE NOTICE** that, in accordance with the Court's Order establishing procedures governing miscellaneous asset sales (Docket No. 704) and Order Establishing Expanded Procedures Governing Miscellaneous Asset Sales (Docket No. 2594), the above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully file this Notice of the proposed sale of certain assets (collectively, the "Assets") to Alltech Electronics Co., Inc. The terms of the proposed sale are set forth in the Bill of Sale and Purchase Agreement attached hereto at "Exhibit A." A description of the Assets appears in the spreadsheet attached hereto at "Exhibit B."

Description of Assets. This sale is comprised of data center IT equipment (specifically servers and non-system replacement parts) formerly supporting New Century at its

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

LA3:1143618.1
RLF1-3247371-1

350 Commerce, Irvine, California 92606 data center facility. The servers ran either business or technical based applications and stored data on fixed hard drives. To ensure protection of the Debtors' data, these servers will be wiped of any data using industry accepted software complaint with the Department of Defense 502 M standard (3-pass wipe). The hard drives were routinely backed up as part of the Debtors' data center back up policy which included regular back ups on a full and incremental basis. The tape storage systems were an integral part of that back up process. The tape storage systems allow for a cost effective method of backing up server based data. The tapes created from this process are stored both locally and offsite for future restoration purposes. The Debtors' tapes (containing this server data) are indexed and stored offsite at Iron Mountain.

Purchase Price and Allocation. The purchase price for the Assets is $26,638.50, and is the result of an open, competitive bidding process. The purchase price is allocated *pro rata* amongst the Assets.

Liens on and Other Interests in the Assets. National City Commercial Capital Company, LLC, Bank of the West and SunTrust Leasing Corporation and/or those parties' affiliates may assert that they have liens or interests in the Assets. The Debtors do not concede that those parties have liens or interests in the Assets and reserve all rights to contest that those parties are secured. At any rate, the Debtors believe that any and all such liens or interests would be subject to money satisfaction in accordance with Title 11 of the United States Code section 363(f)(5) and / or that any such lienholders will consent to the proposed sales. None of the Assets are leased.

Economic Terms and Conditions. The Debtors propose to sell the Assets "as is - where is," without warranty, representation or recourse back to estates; provided, however, that the purchaser of the Assets will take title to the Assets free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f).

Procedures to Object to Proposed Sale. Any objection to the sale proposed herein must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed

with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before February 4, 2008 (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Official Unsecured Creditors' Committee (the "Creditors' Committee"); (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the Assets and their respective counsel, if known; (e) the Office of the United States Trustee for the District of Delaware; and (f) the Examiner appointed in these cases (the "Interested Parties"). The objection deadline for the Creditors' Committee shall be February 8, 2008 (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no objections are filed with the Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the sale proposed herein.

If an objection is timely filed and served, then (a) the objection shall be deemed to be a request for a hearing on the proposed sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the objection, and (b) the sale proposed herein may not proceed absent written withdrawal of the objection or entry of an order by the Court approving the sale.

Dated: January 25, 2008
      Wilmington, Delaware

Respectfully submitted,

/s/ *signature*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Laine Mervis
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

LA3:1143618.1
RLF1-3247371-1