IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No.: 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 4345 |
| | : | |
| | : | Objection Deadline:01/30/08 |
| | : | Hearing Date: 02/06/08 @ 1:30 p.m. |

**RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION
TO LIMITED OBJECTION OF MARICOPA COUNTY TREASURER TO
MOTION FOR ORDER APPROVING SETTLEMENT BETWEEN DEBTORS AND
DEBTORS IN POSSESSION AND GENERAL ELECTRIC CAPITAL CORPORATION
REGARDING SECURED FINANCING ARRANGEMENTS (DOCKET NO. 4345)**

General Electric Capital Corporation ("GECC") submits this Response to the limited objection of Maricopa County Treasurer ("Objection") to the Motion for Order Approving Settlement between Debtors and Debtors In Possession and General Electric Capital Corporation Regarding Secured Financing Arrangements ("Settlement Motion"). For the reasons set forth herein, GECC respectfully requests that the Objection be denied and that the proposed Order approving the Settlement Motion be entered by this Court.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

I. **DISCUSSION**

New Century Financial Corporation, New Century TRS Holdings, Inc. and their direct and indirect subsidiaries (collectively, the "Debtors") requested in the Settlement Motion that this Court enter an Order approving the compromise and settlement of various claims asserted by GECC on account of certain secured financing arrangements entered into between the Debtors and GECC pre-petition. The section of the Settlement Motion to which the Maricopa County Treasurer ("Maricopa") objects provides that, to the extent that GECC has previously taken possession of any assets of the Debtors which secured GECC's claims against the Debtors, that GECC shall be entitled to retain such assets without further credit to the Debtors and that the Debtors would provide to GECC a bill of sale conveying fee simple title to such assets to GECC. This section of the Settlement Motion relates to approximately $90,000.00 worth of collateral previously returned to GECC by the Debtors.

In its Objection, Maricopa contends that certain personal property of the Debtors located at various sites in Arizona (the "Arizona Sites") are encumbered by tax liens in favor of Maricopa. Maricopa goes on to contend that "before any transfer of Debtors' personal property located in Maricopa County, all taxes associated with each of the above parcels of personal property must be paid." Objection at pages 4-5. Maricopa's Objection to the Motion is, in turn, limited to its claim that to the extent that any of the $90,000.00 worth of collateral that was returned to GECC was located in any of the Arizona Sites, personal property taxes for that property allegedly due Maricopa must first be paid before any such transfer of title to GECC can occur.

Maricopa's Objection is without merit because <u>none</u> of the collateral returned to GECC was picked up from the Arizona Sites. Since the filing of the Debtors' bankruptcy petitions, GECC has picked up its collateral from three (3), and only three (3) locations. These returns

2

occurred in California, Texas and Illinois-<u>not Arizona</u>. Maricopa has produced no evidence that any equipment from the Arizona Sites was transferred to the California, Texas or Illinois locations of the Debtors. Even if any of the equipment from the Arizona Sites was moved to the California, Texas or Illinois locations, Maricopa has produced no evidence that any of that equipment was the collateral of GECC that was, in fact, picked up by GECC.

Maricopa, to the extent that it has any claim against any personal property of the Debtors, has that claim against assets which the Debtors will continue to own following the entry of the Order approving the Settlement Motion. Maricopa will not lose any of its rights by the entry of the Order approving the Settlement Motion. Therefore, Maricopa's Objection should be denied and the Settlement Motion approved.

## II.    CONCLUSION

For the reasons set forth herein, GECC respectfully requests that this Court deny the limited objection of Maricopa County Treasurer to the Settlement Motion.

Respectfully submitted,

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware 19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation