# **EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC.,[1] | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related Docket No. 4161 |

**STIPULATION AMONG NEW CENTURY MORTGAGE CORPORATION, CARRINGTON MORTGAGE SERVICES LLC AND CITI RESIDENTIAL LENDING, INC. RESOLVING CITI RESIDENTIAL LENDING, INC.'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEPOSIT OF FUNDS INTO REGISTRY OF THE COURT**

This Stipulation Resolving Citi Residential Lending, Inc.'s Motion For Entry of An Order Authorizing Deposit of Funds Into Registry of the Court (the "Motion") is entered into by and between Carrington Mortgage Services LLC ("CMS"), New Century Mortgage Corporation ("NCMC") and Citi Residential Lending, Inc. ("CRL") and, together with CMS and NCMC, the "Parties"), as attorney-in-fact and servicer-in-fact for Deutsche Bank Trust Company, as Trustee, with reference to the following facts:

**RECITALS**

A. On April 2, 2007 (the "Petition Date"), NCMC and various of its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Stalking Horse Bidders Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WCSR 3827588v1

B.  On April 2, 2007, Carrington Capital Management, LLC ("CCM") and CMS (together with CCM, "Carrington") and the Debtors entered into an asset purchase agreement (as amended and restated, the "APA") for the sale of the certain assets comprising the Debtors' mortgage loan servicing business (the "Servicing Business").

C.  On May 21, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") held a hearing to approve the sale of the Servicing Business to Carrington. On May 23, 2007, the Bankruptcy Court entered an order approving the sale of the Servicing Business to Carrington (the "Sale Order"). The sale of the Servicing Business closed on June 29, 2007.

D.  As set forth in the Motion, CRL held a perfected first priority lien (the "CRL Lien") in and to certain real property located in Bexar County, Texas (the "Property").

E.  NCMC also held a lien in the Property (the "NCMC Lien"), which was recorded after the CRL Lien. The NCMC Lien was granted in connection with a loan originated by NCMC on April 25, 2005, in the amount of $70,000 (the "NCMC Loan").

F.  On or about June 1, 2005, the NCMC Loan was securitized and the NCMC Loan and the NCMC Lien were transferred to Deutsche Bank National Trust Company, as Trustee (the "Trustee"), for Carrington Mortgage Loan Trust Series 2005-NC3 (the "Trust"). See Assignment of Lien, dated December 31, 2007, a copy of which is annexed here to as Exhibit A.

G.  In June 2007, CRL obtained court order authorizing CRL to proceed with foreclosure on the Property, and on August 7, 2007, the Property was sold for the sum of $175,000 (the "Foreclosure Sale"). After satisfying CRL's lien and all junior liens (other than the NCMC Lien) and after deducting all costs of the sale there remained a surplus of proceeds in the amount of $56,539 (the "Surplus").

H. As a result of the securitization and transfer the NCMC Loan and NCMC Lien to the Trust, NCMC no longer has any interest in the NCMC Loan, the Surplus, or any proceeds of any title insurance related to NCMC Loan.

I. As result of the sale of the Servicing Business to Carrington, CMS is now the servicer of the NCMC Loan and as such is the proper party to which the Surplus Amount should be paid for the benefit of the Trust. See Limited Power of Attorney, dated August 7, 2007, a copy of which is annexed hereto as <u>Exhibit B</u>.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties that:

## AGREEMENT

1. The foregoing recitals are incorporated herein by reference and are made a part of this Stipulation.

2. This Stipulation shall become effective upon the date (the "<u>Stipulation Date</u>") that it is approved by the Bankruptcy Court.

3. NCMC acknowledges it has no interest in or to: (a) the NCMC Loan or any proceeds thereof, (b) the Surplus, or (c) any proceeds of any title insurance related to the NCMC Loan.

4. Within 5 business days of the Stipulation Date, CRL shall pay CMS $56,539.00 (the amount of the Surplus less CRL's reasonable legal expenses in the amount of $850).

5. This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

6. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or instruments and take such further action as may reasonably be required to carry out the intent of this Stipulation.

WCSR 3827588v1

7.     This Stipulation contains or expressly incorporates by reference the entire agreement of the Parties with respect to the matters contemplated herein and supersedes all prior negotiations.  This Stipulation shall not be modified except by written instrument executed by the Parties.

*[Remainder of page intentionally left blank]*

WCSR 3827588v1

January 24, 2008

Agreed to by:

**CITI RESIDENTIAL LENDING, INC.**

By: *Benedetta A Kott*

Its: *Attorney of Record*

**CARRINGTON MORTGAGE SERVICES LLC**

By: _____

Its: _____

**NEW CENTURY MORTGAGE CORPORATION**

By: _____

Its: _____

1426318

January 24, 2008

Agreed to by:

**CITI RESIDENTIAL LENDING, INC.**

By: *Brendetti A Jott*

Its: *Attorney of Record*

**CARRINGTON MORTGAGE SERVICES LLC**

By: *Pamela Regg*

Its: *Vice President*

**NEW CENTURY MORTGAGE CORPORATION**

By: _____

Its: _____

1426318

January 28, 2008

Agreed to by:

**CITI RESIDENTIAL LENDING, INC.**

By: _____

Its: _____

**CARRINGTON MORTGAGE SERVICES LLC**

By: _____

Its: _____

**NEW CENTURY MORTGAGE CORPORATION**

By: _*[signature]*_____

Its: O'Melveny & Myers LLP
      Bankruptcy Litigation Counsel

1426318

# **EXHIBIT A**

ASSIGNMENT OF LIEN

STATE OF TEXAS §
§
COUNTY OF BEXAR §

KNOWN ALL MEN BY THESE PRESENTS, that NEW CENTURY MORTGAGE CORPORATION, for the sum of ten dollars ($10.00) and other good and valuable consideration to it in hand paid, receipt of which is hereby acknowledged, does hereby sell, transfer, assign, set over and deliver unto DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3, ASSET BACKED PASS THROUGH CERTIFICATES, its successors and assigns, whose mailing address is 1610 EAST ST. ANDREW PLACE, STE. B150, SANTA ANA, CALIFORNIA 92705, the following note and lien:

That certain Texas Home Equity Security Instrument (THESI) dated APRIL 25, 2005, executed by MELINDA ESCOBEDO, to NEW CENTURY MORTGAGE CORPORATION, which Deed of Trust was filed for record in the office of the Clerk of BEXAR County, Texas, as DOCUMENT NO. 11374-1344, of Deed of Trust Records, together with the Note, lien and all claims secured by the Deed of Trust, which Deed of Trust covers the following described property to-wit;

> LOT 257, ROLLING OAKS ESTATE, UNIT 6, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 9511, PAGE(S) 167-170, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.

TO HAVE AND TO HOLD, the same unto DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3, ASSET BACKED PASS THROUGH CERTIFICATES, and unto its successors and assigns forever.

IN WITNESS WHEREOF the Grantor on this _31_ day of _December_ 2007, has caused these presents to be executed for and in its name and behalf by its undersigned officer, with the effective date of this assignment to be _____.

CARRINGTON MORTGAGE SERVICES,
ATTORNEY IN FACT FOR DEUTSCHE BANK

By: _____
Name: ERIC HAINES
Title: Vice President

STATE OF _California_
COUNTY OF _Orange_    } S.S.

ON _January 3, 2008_ before me, _Kristina Guillen_, personally appeared _Eric Haines_, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____    (Seal)

KRISTINA GUILLEN
Commission # 1470956
Notary Public - California
Orange County
My Comm. Expires Feb 17, 2008

Borrower: ESCOBEDO, MELINDA; Loan No: 2109857

# **EXHIBIT B**

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Deutsche Bank National Trust Company, a national banking association organized and existing under the laws of the United States, formerly known as Bankers Trust Company of California, N.A. and having its principal place of business at 1761 East St. Andrew Place, Santa Ana, California, 92705, as Trustee (the "Trustee") pursuant to that Carrington Mortgage Loan Trust, Series 2005-NC3, Asset Backed Pass-Through Certificates, Pooling and Servicing Agreement dated as of June 1, 2005 (the "Agreement") by and between and Deutsche Bank National Trust Company and Carrington Mortgage Services, LLC (the "Servicer") hereby constitutes and appoints the Servicer, by and through the Servicer's officers, the Trustee's true and lawful Attorney-in-Fact, in the Trustee's name, place and stead and for the Trustee's benefit, in connection with all mortgage loans serviced by the Servicer pursuant to the Agreement solely for the purpose of performing such acts and executing such documents in the name of the Trustee necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust (the "Mortgages" and the "Deeds of Trust" respectively) and promissory notes secured thereby (the "Mortgage Notes") for which the undersigned is acting as Trustee for various certificateholders (whether the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Carrington Mortgage Services, LLC is acting as the Servicer.

This Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued; provided that (i) said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and (ii) otherwise conforms to the provisions of the Agreement.

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

    a. the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

    b. the preparation and issuance of statements of breach or non-performance;

    c. the preparation and filing of notices of default and/or notices of sale;

    d. the cancellation/rescission of notices of default and/or notices of sale;

    e. the taking of deed in lieu of foreclosure; and

    f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e. above.

9. With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:

    a. listing agreements;

    b. purchase and sale agreements;

    c. grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

2

    d.    escrow instructions; and

    e.    any and all documents necessary to effect the transfer of property.

10.    The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

11.    The endorsement on behalf and for the benefit of the Trustee and the holders of certificates issued under the Carrington Mortgage Loan Trust, Series 2005-NC3 of any checks or other instruments received by Servicer and made payable to Trustee in connection with the Mortgage Loans, which checks or other instruments shall promptly be deposited in the Collection Account (as defined in the Agreement) in accordance with the terms of the Agreement.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall be effective as of June 1, 2005.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Servicer to the Trustee under the Agreement, or (ii) be construed to grant the Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank National Trust Company except as specifically provided for herein. If the Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank National Trust Company then the Servicer shall promptly forward a copy of same to the Trustee.

This limited power of attorney is not intended to extend the powers granted to the Servicer under the Agreement or to allow the Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreement.

The Servicer hereby agrees to indemnify and hold the Trustee and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

IN WITNESS WHEREOF, Deutsche Bank National Trust Company, as Indenture Trustee has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by a duly elected and authorized signatory this 7 day of August, 2007

Deutsche Bank National Trust Company, as Indenture Trustee

By: _____
Name: Barbara Campbell
Title: Vice President


Acknowledged and Agreed
Carrington Mortgage Services, LLC

By: _____
Name:
Title:

4

STATE OF CALIFORNIA
COUNTY OF ORANGE

On August 7, 2007, before me, the undersigned, a Notary Public in and for said state, personally appeared Barbara Campbell, Vice President of Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed that same in her authorized capacity, and that by her signature on the instrument the entity upon behalf of which the person acted and executed the instrument.

WITNESS my hand and official seal.
(SEAL)

Notary Public, State of California

*[Notary seal: TIFFANY ___, Commission # 1693742, Notary Public - California, Orange County, My Comm. Expires Sep 15, 2010]*