IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Initial Objection Deadline: 2/6/08 |
| | : | Committee Objection Deadline: 2/11/08 |

**NOTICE OF PROPOSED SALE OF ASSETS PURSUANT TO
ORDER ESTABLISHING MISCELLANEOUS ASSET SALES PROCEDURES
(CIRCULAR TECHNOLOGIES, INC.)**

**PLEASE TAKE NOTICE** that, in accordance with the Court's Order establishing procedures governing miscellaneous asset sales (Docket No. 704) and Order Establishing Expanded Procedures Governing Miscellaneous Asset Sales (Docket No. 2594), the above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully file this Notice of the proposed sale of certain assets (collectively, the "Assets") to Circular Technologies, Inc. The terms of the proposed sale are set forth in the Bill of Sale and Purchase Agreement attached hereto at "Exhibit A." A description of the Assets appears in the spreadsheet attached hereto at "Exhibit B."

Description of Assets. The Assets consist of data center IT equipment comprised of EMC Storage Area Network (SAN) equipment supporting New Century at its 350 Commerce

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

Drive, Irvine, California data center facility. The equipment provided a very large central storage environment for the servers located at the Debtors' Data Center. The Data Center servers ran both business and technical based applications and stored data on fixed hard drives. To ensure protection of the Debtor's data, the SAN equipment and servers will be wiped of any data using industry accepted software to the Department of Defense 502 M standard (3-pass wipe). The server hard drives were routinely backed up as part of Debtors data center backup policy which included regular back ups on a full and incremental basis. The tape storage systems were an integral part of that back-up process. Tape storage systems allow for a cost effective method of backing up server based data. The tapes created from this process are stored both locally and offsite for future restoration purposes. The Debtors' tapes (containing this server data) are indexed and stored offsite at Iron Mountain. The Assets are located at the Debtor's 350 Commerce, Irvine, California 92606 and are the property of New Century Mortgage Corporation, one of the Debtors in these cases. The approximate value of the Assets, as set forth in the Debtors' books and records, is not calculable without considerable effort.

Purchase Price and Allocation. The purchase price for the Assets is $78,000. During January 2008, the Debtors marketed the assets housed in the Company's data center in ten (10) separate lots, grouping together similar assets. The Debtors invited eleven (11) parties to bid on one or more of the lots in a competitive bidding process and selected the highest bid with respect to each lot. As a result of the process, the Debtors have selected Circular Technologies as the successful bidder with respect to Lot 4. The purchase price is allocated *pro rata* amongst the Assets.

Liens on and Other Interests in the Assets. National City Commercial Capital Company, LLC, Bank of the West and SunTrust Leasing Corporation and/or those parties' affiliates may assert that they have liens or interests in the Assets. The Debtors do not concede that those parties have liens or interests in the Assets and reserve all rights to contest that those parties are secured. At any rate, the Debtors believe that any and all such liens or interests would be subject to money satisfaction in accordance with Title 11 of the United States Code section

363(f)(5) and / or that any such lienholders will consent to the proposed sales. None of the Assets are leased.

Economic Terms and Conditions. The Debtors propose to sell the Assets "as is - where is," without warranty, representation or recourse back to estates; provided, however, that the purchaser of the Assets will take title to the Assets free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f).

Procedures to Object to Proposed Sale. Any objection to the sale proposed herein must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before February 6, 2008 (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Official Unsecured Creditors' Committee (the "Creditors' Committee"); (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the Assets and their respective counsel, if known; (e) the Office of the United States Trustee for the District of Delaware; and (f) the Examiner appointed in these cases (the "Interested Parties"). The objection deadline for the Creditors' Committee shall be February 11, 2008 (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no objections are filed with the Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the sale proposed herein.

If an objection is timely filed and served, then (a) the objection shall be deemed to be a request for a hearing on the proposed sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the objection, and (b) the sale proposed herein may not proceed absent written withdrawal of the objection or entry of an order by the Court approving the sale.

Dated: January 29, 2008
       Wilmington, Delaware

Respectfully submitted,

_/s/ Christopher M. Samis_
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

      -and-

Suzzanne S. Uhland
Ben H. Logan
Laine Mervis
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION