**IN THE UNITED STATES BANKRUPTCY**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEW CENTURY HOLDINGS, INC, *et al.*, | : | Case No. 07- 10416 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 4436** |
| | : | |

**LIMITED OBJECTION OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTION 554 TO ABANDON MARKETING MATERIALS BURDENSOME AND INCONSEQUENTIAL IN VALUE TO THE ESTATES**

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest and the Lead Plaintiff in a shareholder securities fraud class action currently entitled *In re New Century*, Case No. 2:07-cv-00931-DDP (JTLx) (the "Securities Litigation"), pending in the United States District Court for the Central District of California (the "District Court"), and filed on behalf of the putative class of investors who purchased certain securities of New Century Financial Corp. ("New Century"), one of the Debtors[1] herein, during the period from May 5, 2005 to March 13, 2007 (the "Class Period"), inclusive, asserts this limited objection (the "Objection") to the Debtors' Motion Pursuant To Bankruptcy Code Section 554 To Abandon Marketing Materials Burdensome And Inconsequential In Value To The Estates (the "Motion") and states the following:

**BACKGROUND**

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Prior thereto, approximately twenty (20) securities class action complaints were filed in the District Court,[2] each alleging violations by the Debtors and certain of their current

[1] Capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Motion.
[2] The first such complaint, *Avi Gold v. Brad A. Morrice, et al.*, was filed on February 8, 2007.

and/or former officers, directors and underwriters and their auditor (collectively, the "Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and, in some instances, violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (collectively, the "Securities Laws"). These allegations arise from, *inter alia*, false and misleading statements concerning New Century's financial results and business made during the Class Period.

3. On June 26, 2007, the District Court appointed NYSTRS as Lead Plaintiff, consolidated the pending putative class actions into the Securities Litigation and directed Lead Plaintiff to file an amended consolidated complaint.

4. NYSTRS and the putative Class are creditors, equity holders and parties-in-interest in these Chapter 11 proceedings, by virtue of the fact that NYSTRS and the putative Class lost millions of dollars as a result of their purchases of New Century securities.

5. On September 14, 2007, NYSTRS filed an amended consolidated complaint (the "Consolidated Complaint"). Although New Century was named as a defendant in several of the class action complaints filed prior to the Petition Date, New Century is not named as a defendant in the Consolidated Complaint pursuant to the dictates of 11 U.S.C. §362(a). The Securities Litigation is, however, proceeding against the Non-Debtor Defendants.[3]

6. The Securities Litigation and this Chapter 11 proceeding were occasioned by what has been exposed as accounting fraud. New Century and the Non-Debtor Defendants artificially inflated the price of New Century securities through false and misleading statements concerning New Century's finance and mortgage lending business. Specifically, and among other things, New Century maintained inadequate reserves against losses associated with loan delinquencies and repurchases, which reserves caused New Century to overstate significantly its publicly reported earnings, thereby creating the false impression that New Century was profitable when, in fact, it was not.

[3] Motions to dismiss the Consolidated Complaint are pending in the District Court.

7. By Order dated June 1, 2007, upon the motion of the United States Trustee[4] and with the consent of the Debtors and the Official Committee of Unsecured Creditors, the Court authorized the appointment of an examiner (the "Examiner") in these cases to investigate certain accounting and financial statement irregularities, errors or misstatements (as more particularly described in the June 1, 2007 Order). On June 7, 2007, the Court approved the appointment of Michael J. Missal, Esq., as the Examiner. The Examiner was directed to submit a report of his investigation of the accounting irregularities. This report has not yet been filed.[5]

8. Since the Petition Date, the Debtors have engaged in an orderly liquidation of their assets through a sequence of court-approved sales.

9. By this Motion, the Debtors seek authorization to abandon "miscellaneous marketing materials and brochures" (the "Marketing Materials") prepared for Home 123 Corporation, one of the Debtors herein. The Debtors allege that because they have ceased ongoing operations, the Marketing Materials are burdensome and inconsequential in value to the Debtors' estates. *See* Motion, ¶ 2.

**LIMITED OBJECTION**

10. Lead Plaintiff objects to the Motion to the extent it constitutes a wholesale abandonment of the Marketing Materials without any disclosure as to their contents or without any indication that copies of drafts and related materials are being retained to the extent they may be relevant to claims against the Debtors or to litigation against third parties such as the Securities Litigation. Indeed, other than to refer to the Marketing Materials as brochures and other advertising and marketing materials, the Debtors provide no description of these materials or statements contained therein. Hence, their contents are unknown and may include representations by the Debtors and/or others relevant to the allegations of the Securities Litigation and other ongoing investigations, including those by the Examiner.

[4] The United States Trustee moved for the appointment of a Chapter 11 Trustee and in the alternative for an Examiner. The Court denied the motion for the appointment of the Chapter 11 Trustee, but granted the motion to appoint an examiner with extended powers.

[5] The Examiner filed an initial report addressing allegations of the unauthorized use of cash collateral by the Debtors. The Examiner's deadline for filing the balance of his report is currently February 29, 2008.

11. Because these Marketing Materials may contain representations by the Debtors relevant to the allegations of the Securities Litigation, to authorize their abandonment before Lead Plaintiff has an opportunity to serve discovery (discovery is currently stayed pursuant to the Private Securities Litigation Reform Act of 1995) or otherwise examine the Marketing Materials is extremely prejudicial. At the very least, some mechanism for the preservation of a representative sample of the Marketing Materials and any drafts and related materials must be implemented.[6]

12. Based upon the Motion, Lead Plaintiff has no means to determine if the Marketing Materials include, in any format, information and/or evidence relevant to the prosecution of the Securities Litigation. Indeed, some disclosure is warranted to provide the Lead Plaintiff an opportunity to move for appropriate relief, if necessary, to access the Marketing Materials and their contents in connection with the prosecution of the Securities Litigation.[7]

13. The conduct of the Debtors leading up to the filing of their petitions (which conduct led to the Securities Litigation and the appointment of the Examiner) requires that before *any* materials prepared by or on behalf of the Debtors, including the Marketing Materials, relating to and other evidence of the Debtors' and their management's activities and operations are abandoned, parties in interest be given the opportunity to access and examine such documents and information. Lead Plaintiff is sensitive to the escalating costs to the Debtors' estates, including those costs for storage of the Marketing Materials and other documents. However, to authorize a wholesale abandonment of documents that may contain relevant information is inappropriate at best. The Debtors should be directed to maintain samples of the Marketing Materials and any drafts and related documents that sufficiently represent the universe of the Marketing Materials being abandoned. To do otherwise is severely prejudicial to Lead Plaintiff, the Examiner and all creditors and should not be permitted.

---

6 At least one of each type of the Marketing Materials and any drafts and related materials should be preserved.

7 Similarly, the Examiner should have the opportunity to review any documents, before they are abandoned and rendered completely unavailable, as part of his investigation.

## CONCLUSION

14. Based upon the foregoing, Lead Plaintiff respectfully requests that unless and until some procedure to safeguard samples of the Marketing Materials, drafts and related documents which may be relevant to the prosecution of the Securities Litigation is implemented, an order be entered denying the abandonment of the Marketing Materials and granting such other and further relief as the Court deems just and proper.

Dated: January 30, 2008

**CROSS & SIMON LLC**

By: /s/ Christopher P. Simon
Christopher P. Simon (Bar No. 3967)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiff*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald Ross, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

Blair A. Nicholas, Esq.
Matthew Silben, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Lead Counsel to Lead Plaintiff*