IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC, <u>et al.</u>,<br><br>Debtor. | Chapter 11<br>Case No. 07-10416-KJC<br><br>**Objections due by: February 13, 2008, 4:00 p.m.**<br>**Hearing Date: February 20, 2008, 1:30 p.m.** |

**MOTION OF U. S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST 2004-HE7 FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

U. S. Bank National Association, as Trustee for Home Equity Loan Trust 2004-HE7 ("Movant"), by its undersigned counsel, files this motion for relief from the automatic stay to exercise its non-bankruptcy rights with respect to each parcel of real property listed on **Exhibit A** hereto (each a "Property," and collectively, the "Properties") and, as grounds therefor, states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On April 2, 2007 (the "Petition Date"), New Century TRS Holdings and certain of its affiliates (the "Debtors"), including but not limited to New Century Mortgage Corporation (the "Debtor"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. At various times, the individuals listed in the column entitled "Mortgagers" on Exhibit A hereto (each an "Obligor," and collectively, the "Obligors") executed promissory notes in

the respective[1] principal amounts described in that exhibit (each a "Note," and collectively, the "Notes"). In addition, each of the Notes provides for the recovery of attorneys' fees, late charges, and other costs.

4. To secure the repayment of the sums due under the Notes, each of the Obligors executed and delivered a mortgage, deed of trust, or comparable instrument of security on the Property (each a "Mortgage," and collectively, the "Mortgages"). Each of the Mortgages was recorded among the land records in the state and county in which the respective Property is situated.[2]

5. To the extent Movant was not the original obligee in connection with any of the Properties, the Mortgages and Notes were later transferred to Movant, and Movant is the present holder of the Mortgages and Notes.

6. Review of the title to the Properties shows that the Debtor may hold a lien on each of the Properties junior to the Mortgages.

7. Each of the Obligors is now in default under the respective Notes, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Notes, including but not limited to enforcement of its rights against the respective Mortgages.

8. According to Movant's records, the amount owed under each of the respective Mortgages is set forth in the column of Exhibit A entitled "Current Payoff."

9. According to the opinion of a broker qualified to sell real property in the region in which each Property is located, or a certified real estate appraiser, each Property is worth approximately the amount set forth in the column of Exhibit A entitled "Current Value," before

---

[1] As used in connection with terms identified on Exhibit A hereto, "respective" means appearing on the same row of the table.

[2] In some instances, a particular Property may be listed on the exhibit more than once. In such instances, Movant holds more than one Mortgage on the same Property, both of which are senior to the mortgage or lien asserted by the Debtor.

deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property.

10. Because its junior liens described in ¶ 6 above are subordinate to the Mortgages, the Debtor has no equity in the Properties.

11. Because the Debtor's junior liens adds little or no value to the Debtor's bankruptcy estate, the Properties are not necessary for the Debtor's reorganization.

12. Because the Debtor has no equity in the Properties and the Properties are not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages.

13. Moreover, upon information and belief, the value of each Property is decreasing, or not increasing at the same rate as the Obligor's indebtedness under the respective Note is increasing. Therefore, Movant's interest in each of the Mortgages is not adequately protected.

14. Movant does not know whether the Properties, including but not limited to Movant's interest in the Mortgages, is properly insured. Therefore, Movant's interest in the Mortgages is not adequately protected.

15. Movant does not know whether each of the Obligors is properly maintaining the physical premises of the respective Properties. Therefore, Movant's interest in the Mortgages is not adequately protected.

16. A continued stay of Movant's action against the Obligors and the Properties will cause Movant significant prejudice.

17. Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages pursuant to § 362(d)(1) of the Bankruptcy Code.

18. Movant believes that this motion will be unopposed or granted upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

19. Copies of this motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee. In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights and remedies as to each of the Properties, including but not limited to foreclosure of each of the Mortgages, and granting such other and further relief as this court deems just and proper.

Dated: January 30, 2008　　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware
　　　　　　　　　　　　　　　　　　　　DRAPER & GOLDBERG, PLLC


　　　　　　　　　　　　　　　　　　　　 /s/ Adam Hiller
　　　　　　　　　　　　　　　　　　　　Adam Hiller (DE No. 4105)
　　　　　　　　　　　　　　　　　　　　1500 North French Street, 2nd Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　(302) 339-8776 telephone
　　　　　　　　　　　　　　　　　　　　(302) 213-0043 facsimile

　　　　　　　　　　　　　　　　　　　　and

-5-

James E. Clarke, Esquire
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301
Leesburg, VA 20175

and

Thomas D.H. Barnett (DE No. 994)
Draper & Goldberg, PLLC
P.O. Box 947
512 East Market Street
Georgetown, Delaware 19947

*Attorneys for Movant*