# EXHIBIT D

RCS

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2004 OCT 25 PM 4:21
RECEIVED
OCT 26 2004
MARK D. COLLINS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MARINER HEALTH GROUP, INC., and affiliates, | ) | Civil Action No. 03-1028 (JJF) |
| | ) | |
| Reorganized Debtors. | ) | |
| In re | ) | |
| | ) | Chapter 11 |
| MARINER POST-ACUTE NETWORK, INC., and affiliates, | ) | Civil Action No. 03-1029 (JJF) |
| | ) | |
| Reorganized Debtors. | ) | |

**ORDER ON REORGANIZED DEBTORS' MOTION TO ESTIMATE MAXIMUM AMOUNT OF CERTAIN PERSONAL INJURY CLAIMS FOR PURPOSES OF ESTABLISHING RESERVES AND MAKING DISTRIBUTIONS UNDER THE REORGANIZED DEBTORS' CONFIRMED CHAPTER 11 PLAN**

Upon review and consideration of the "Reorganized Debtors' Motion to Estimate Maximum Amount of Certain Personal Injury Claims for Purposes of Establishing Reserves and Making Distributions under the Reorganized Debtors' Confirmed Chapter 11 Plan" (the "Motion") filed by the above-captioned Reorganized Debtors (collectively, the "Reorganized Debtors"); the Court having reviewed the Motion, the three objections to the motion and the three stipulations resolving those objections; the Court finding that notice was due and sufficient; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted, except as expressly set forth herein.

2. The Estimated Maximum Amount[1] of the claims identified on Exhibits "A" and "B" to the Motion are hereby adjudicated and decreed to be as set forth on such exhibits, for purposes of determining the distributions to be made from the Reorganized Debtors' estates pursuant to the Plan and maintaining reserves therefor. The Estimated Maximum Amount is the maximum amount for which a claim can be allowed in the bankruptcy proceeding regardless of the outcome of any pending objection or defense to the claim, state or federal court litigation, or other proceeding.

3. The fixing of the Estimated Maximum Amount is not deemed to establish the allowed amount of the claim for any purpose unrelated to determining the distributions to be made from the Reorganized Debtors' estates and maintaining reserves therefor.

4. The fixing of the Estimated Maximum Amount is without prejudice to any party's rights or obligations under the terms of any applicable insurance policies.

5. The fixing of the Estimated Maximum Amount is without prejudice to the rights, defenses and objections of the Reorganized Debtors to the merits of the claims. By establishing the Estimated Maximum Amount, the Reorganized Debtors and this Court are NOT making a determination that the Reorganized Debtors or their estates are liable on account of the claims in any amount. The rights of the Reorganized Debtors and their estates to object to, and defend against, the claims are fully preserved.

6. The fixing of the Estimated Maximum Amount is without prejudice to the Reorganized Debtors' seeking relief from the Court to disallow any claim or to fix the allowed amount of any claim in accordance with the Plan and the Bankruptcy Code in an amount less than or equal to the Estimated Maximum Amount. In no event shall the allowed amount of any

[1] Terms not otherwise defined herein shall have the meaning assigned in the Motion.

claim exceed the Estimated Maximum Amount for purposes of distributions and reserves under the Plan.

7. Unless already resolved, the claims on Exhibits "A" and "B" are "Disputed Claims" under the Plan and shall remain so unless and until they are disallowed or become "Allowed Claims" under the Plan.

8. Other than paragraph 7 hereof, this order shall not pertain to all claimants who are part of one of the following stipulations, and separate orders have been or will be entered granting the relief sought in such stipulations:

a. The Stipulation and Agreement between the Wilkes & McHugh Tort Claimants and the Reorganized Debtors Regarding the "Motion to Estimate Maximum Amount of Certain Personal Injury Claims for Purposes of Establishing, Reserves and Making Distributions Under the Reorganized Debtors' Confirmed Chapter 11 Plan."

b. The Stipulation and Agreement between the Inclan Tort Claimants and the Reorganized Debtors Regarding the "Motion to Estimate Maximum Amount of Certain Personal Injury Claims for Purposes of Establishing, Reserves and Making Distributions Under the Reorganized Debtors' Confirmed Chapter 11 Plan."

c. The Stipulation and Agreement between Knapp & Roberts Tort Claimants and the Reorganized Debtors [regarding] Estimation of Personal Injury and Like Claims for Purposes of Establishing Reserves Under the Joint Plan of Reorganization.

9. This order shall not pertain to the following three tort claimants, upon whom the Reorganized Debtors will re-serve the Motion. The Court will enter an order approving the Motion as to any or all of the three tort claimants if they do not file a written objection to the motion, within 30 days of the service of the order:

a. Ruby Lee Prevo

b. Albert Orum

c. Robert Walker

10. This Court retains jurisdiction to interpret, implement and enforce the provisions of this order.

Dated: October 25, 2004
Wilmington, Delaware

United States District Court Judge