UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                          : Chapter 11
                                                :
NEW CENTURY TRS HOLDINGS, INC. a                : Case No. 07-10416 (KJC)
Delaware corporation, et al.,                   :
                                                : Jointly Administered
        Debtors.                                :
                                                : Ref. Dkt. No. 4727, 4161
                                                : Hearing Date: n/a
------------------------------------------------------------- x

**STATEMENT AND RESERVATION OF RIGHTS OF FIRST AMERICAN
TITLE INSURANCE COMPANY RE: CERTIFICATION OF COUNSEL
WITH RESPECT TO PROPOSED FORM OF ORDER APPROVING
STIPULATION AMONG NEW CENTURY MORTGAGE CORPORATION,
CARRINGTON MORTGAGE SERVICES, LLC AND CITI RESIDENTIAL
LENDING, INC. RESOLVING CITI RESIDENTIAL LENDING, INC.'S
MOTION FOR ENTRY OF ORDER AUTHORIZING DEPOSIT OF
FUNDS INTO REGISTRY OF THE COURT**

First American Title Insurance Company ("First American") hereby submits this statement and reservation of rights (the "Statement") with respect to the *Certification of Counsel with Respect to Proposed Form of Order Approving Stipulation among New Century Mortgage Corporation, Carrington Mortgage Services, LLC and Citi Residential Lending, Inc. Resolving Citi Residential Lending's Motion for Entry of Order Authorizing Deposit of Funds into Registry of the Court* filed on January 29, 2008 [D.I. 4727] (the "Stipulation"), and in support thereof respectfully represents as follows:

1.      The Stipulation resolves an interpleader motion [D.I. 4161] (the "Motion") brought on behalf of the holder of a first-priority mortgage lien in certain real property located in Bexar County, Texas (the "Property"), to determine the proper payee of $56,539.00 surplus proceeds generated from the foreclosure sale of the Property. New Century Mortgage Corporation ("NCMC") also held a lien in the property (the "NCMC Lien") securing a mortgage loan originated by NCMC on April 25, 2005, in the amount of $70,000.00 (the "NCMC Loan").

On information and belief, the Motion came about due to confusion regarding the current holder of the NCMC Lien/Loan.

2.  First American issued a title insurance policy (the "Policy") in favor of NCMC in connection with the NCMC Loan. The Policy inures to the benefit of successors in ownership of the NCMC Loan, and any losses payable under the Policy must be paid within a certain time after liability and the extent of the loss have been definitely fixed. Thus, to the extent resolution of the Motion (i) turns on a determination of the current holder of the NCMC Lien/Loan, and (ii) will finally fix the amount of the loss payable with respect to such loan (i.e., the Policy coverage limit less the $56,539 of surplus foreclosure proceeds), First American has an interest in the outcome of the Motion. First American, through the undersigned counsel, contacted counsel for NCMC, Carrington Mortgage Services, LLC, and Citi Residential Lending, Inc. to apprise them of the same. The parties subsequently filed the Stipulation.

3.  To be clear, First American does not object to approval of the Stipulation. By this Statement, First American seeks only to clarify for the record that (i) while it agrees it is not a necessary signatory to the Stipulation, it does have an interest in the outcome of the Motion and (ii) it timely responded to the Motion, albeit informally, by contacting counsel for each of the parties to the Stipulation.[1]

4.  In addition, First American reserves all rights with respect to determining the proper loss payee and making appropriate payment under the Policy. In making this determination and payment, First American intends to rely on the Stipulation's (i) implicit representations as to the authenticity of the documents attached thereto and (ii) statement that

---

[1] Paragraph 2 of the Certification of Counsel concerning the Stipulation states that the Stipulation has been entered into by "all known parties in interest respecting the issue raised" in the Motion, and that "[n]o other person or entity timely responded" to the Motion, "formally or informally."

NCMC has no interest in any proceeds of any title insurance related to the NCMC Loan. Further, First American intends to treat entry of an Order approving the Stipulation as an event fixing the liability for and the amount of the loss payable under the Policy.

WHEREFORE, First American respectfully requests that the Court approve the Stipulation subject to First American's reservation of rights as set forth in this Statement.

Dated: January 31, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Edwin J. Harron (No. 3396)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-3588
Facsimile: (302) 576-3544
e-mail: pjackson@ycst.com

Counsel for First American Title Insurance Company

DB02:6543184.1                                                                                              067064.1001