IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) CHAPTER 11 |
| | ) |
| NEW CENTURY TRS HOLDINGS, INC., | ) |
| A Delaware corporation, et al. | ) Case No. 07-10416 (KJC) |
| | ) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) CLAIMANT VIRGINIA GRANATO'S |
| | ) RESPONSE TO DEBTORS' EIGHTH |
| | ) OMNIBUS OBJECTION TO CERTAIN |
| | ) BOOKS AND RECORDS CLAIMS |

In response to *Debtors' Eighth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims* ("Objection"), Claimant Virginia Granato ("Granato") states as follows:

On or about August 25, 2007, Granato provided Debtor her *Proof of Claim* in the amount of Ten Thousand Nine Hundred Fifty Dollars and No Cents ($10,950.00) pursuant to 11 U.S.C.A. § 507(a)(4). The foregoing claim is reflected on Page 17 of Exhibit "A" to Debtors' Objection. Granato's claim arises from Debtors' failure to pay Claimant a quarterly performance bonus earned by Claimant in the July 2004 through September 2004 fiscal quarter. The quarterly performance bonus was part of Claimant's compensation agreement with Debtors and was calculated to be no less than 17.5 % of Claimant's annual salary. Claimant submits Debtors never paid her the subject quarterly performance bonus, although obligated to do so under the terms and conditions of her compensation agreement.

In preparing her *Proof of Claim*, Claimant believed her quarterly performance bonus was a claim for "wages, salaries, or commissions" under 11 U.S.C.A. § 507(a)(4) and, thus, entitled to priority status. Therefore, Claimant's *Proof of Claim* dated August 25, 2007, identified her claim as an "Unsecured Priority" claim. However, Claimant now believes the aforementioned *Proof of Claim* improperly characterized her claim as a priority claim. Claimant now concedes that under 11 U.S.C.A. § 507(a)(4) such priority status is only available for claims "earned within 180 days before the date of the filing of the petition". Accordingly, Claimant respectfully requests this Court allow her to amend her *Proof of Claim* to state the proper character and amount of her claim (Claimant's *Proof of Claim* limited her claim to the amount allowed under § 507(a)(4)).

Claimant is not an attorney and did not seek legal advice in preparation of the subject *Proof of Claim*. Granato further submits the erroneous content of the original *Proof of Claim* was due entirely to inadvertence. The *Proof of Claim* was not submitted with the intent to mislead the Court, Debtors, or any other interested party; nor was it submitted for any other improper purpose.

Based on the foregoing, Claimant respectfully requests this Court:

1) Deny Debtors' instant request that Claimant's claim be expunged from the list of claims against Debtors' Chapter 11 bankruptcy estate; and,

2) Allow Claimant Virginia Granato to amend her *Proof of Claim* to reflect the proper character and amount of her claim against Debtors' bankruptcy estate.

Dated: January 28, 2008

Respectfully submitted,

By: _____
Virginia Granato
14262 Pinewood Road
Tustin, CA 92780
Tel. No. 714/731-0761
Claimant, *In Pro Se*

-2-