### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : | **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |

### NOTICE OF *AMENDED*[2] AGENDA OF MATTERS SCHEDULED
### FOR HEARING ON FEBRUARY 6, 2008 AT 1:30 P.M.

## I.    CONTINUED/RESOLVED MATTERS:

1.    Emergency Motion of the Debtors and Debtors in Possession for (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Proposed Sale of Assets Used in Their Loan Servicing Business, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief [D.I. 70; filed 4/4/07]

Objection Deadline:    April 11, 2007 at 4:00 p.m.; Deadline to object to sale or assumption and assignment was May 14, 2007 at 4:00 p.m.; Extension deadline of May 15, 2007 granted to Union Bank of California; Deadline to object to adequate assurance of future performance under the assumed contracts was May 17, 2007

---

[1]    The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2]    Amended/Added agenda items are noted in **bold.**

Remaining Objections:

A.    Objection to Assumption and Assignment (Cure Amount) filed by Data-Link Systems, L.L.C. and Fiserv Solutions, Inc. [D.I. 633; filed 5/11/07]

Related Documents:

i.    Order Granting Motion of the Debtors and Debtors in Possession for an Order Shortening Notice Period and Approving the Form and Manner of Notice [D.I. 90; filed 4/5/07]

ii.    Notice of Hearing Regarding Emergency Motion of Debtors and Debtors in Possession for (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Proposed Sale of their Assets Used in Loan Servicing Business, (B) Scheduling Hearing to Consider Proposed Sale of Certain Assets and Approving Form and Manner of Notice Thereof and (C) Granting Related Relief and (II) an Order (A) Approving the Proposed Sale and (B) Granting Related Relief [D.I. 120; filed 4/5/07]

iii.    Notice of Filing of Amended and Restated Asset Purchase Agreement between (among others) New Century Financial Corporation and Carrington Capital Management, LLC [D.I. 335; filed 4/19/07]

iv.    Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Approving Bidding Procedures, Including Break-Up Fee and Expense Reimbursement Payable to Carrington Mortgage Services, LLC for Sale of Debtors' Servicing Business; (II) Scheduling Bid Deadline, Auction Date, and Sale Hearing and Approving Notice Thereof; and (III) Approving Procedures to Fix Cure Amounts Related to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Approving Notice Thereof [D.I. 340; filed 4/20/07]

v.    Stipulation and Order (1) Approving Agreement for the Disposition of Certain Mortgage Loans and Residual Interests, and (2) Confirming, Inter Alia, (A) That Auctions of Mortgage Loans and Residuals Conducted in Accordance with Auction Procedures Therein are Covered by Bankruptcy Code "Safe Harbor" Provisions and Are Commercially Reasonable, and (B) Absence of Need to Seek Relief from Automatic Stay [D.I. 439; filed 4/27/07]

vi.    Notice of Filing Regarding Affidavit of Publication of the Sale Notice in The Wall Street Journal (National Edition) [D.I. 570; filed 5/7/07]

vii.    Notice of Hearing Date [D.I. 640; filed 5/11/07]

viii.    Notice of Withdrawal of Supplement to Objection of Affiliated Computer Services, Inc. and ACS Commercial Solutions, Inc. to Notice of Intent to

2

        Assume and Assign and Fixing of Cure Amounts Concerning Adequate Assurance of Future Performance [D.I. 766; filed 5/18/07]

ix.    Notice of Successful Bidder, Sale Hearing and Continuance of Hearing With Respect to Timely Filed Cure Objections Other Than as to Servicing Agreements [D.I. 768; filed 5/18/07]

x.    Notice of Withdrawal of Precautionary Objection [Re: D.I. 699] by Irwin Mortgage Corporation and Irwin Financial Corporation [D.I. 1021; filed 6/1/07]

xi.    Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure Approving (i) the Sale of Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC Pursuant to the Second Amended and Restated Asset Purchase Agreement, Dated as of May 21, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interests, and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as Part of Such Sale [D.I. 844; filed 5/23/07]

Status:    The Court entered an order on May 23, 2007 approving the sale to Carrington Management Services, LLC ("Carrington"). The hearing on all cure related objections filed with respect to the sale was continued to subsequent hearing dates. All outstanding cure objections have been resolved, with the exception of the objection filed by Data-Link Systems, L.L.C. and Fiserv Solutions, Inc. (the "Data-Link Objection"). The hearing on this matter as it relates to the Data-Link Objection is continued to the omnibus hearing scheduled for February 20, 2008 at 1:30 p.m.

2.    Application of Debtors and Debtors In Possession for an Order Authorizing the Retention and Employment of Susman Godfrey LLP as Special Litigation Counsel to the Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(e), 328, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 [D.I. 2073; filed 7/27/07]

Objection Deadline: August 16, 2007 at 4:00 p.m.; extended for the United States Trustee to a date to be determined.

Objections/Responses Received: None to date

Related Documents:

i.    Supplemental Declaration of Barry Barnett in Support of Application of Debtors and Debtors In Possession for an Order Authorizing the Retention and Employment of Susman Godfrey LLP as Special Ligitation Counsel to Debtors Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(e), 328, 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016, and 5002 [D.I. 3019; filed 9/21/07]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for February 20, 2008 at 1:30 p.m.

3.    National City Commercial Capital Company LLC's Motion for Relief from Automatic Stay [D.I. 2857; filed 9/19/07]

Objection Deadline: October 18, 2007; extended to November 15, 2007

Objections/Responses Received: None at this time.

Related Documents:

i.    Exhibits to be Attached to National City Commercial Capital Company LLC's Motion for Relief from Automatic Stay [D.I. 3022; filed 9/24/07]

ii.    Amended Notice of Motion of Stay [D.I. 3070; filed 9/26/07]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for March 5, 2008 at 1:30 p.m.

4.    Debtors' Fourth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Amended Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late-Filed Claims [D.I. 3925; filed 11/20/07]

Objection deadline: December 13, 2007

Objections/Responses Received:

A.    The Debtors received an informal response from Residential Mortgage Solution LLC.

Related Documents:

i.    Order Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain (A) Amended and Superseded Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late Filed Claims Set Forth in Debtors' Fourth Omnibus Objection to Claims [D.I. 4242; filed 12/28/07]

ii.    Order (Second) Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain (A) Amended and Superseded Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late Filed Claims Set Forth in Debtors' Fourth Omnibus Objection to Claims [D.I. 4371; filed 1/10/08]

Status: The hearing on this matter has been continued to the omnibus hearing scheduled for February 20, 2008. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit A.

5.    Debtors' Fifth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Books and Records Claims, and (II) Reduced and/or Reclassified Claims [D.I. 3926; filed 11/20/07]

Objection deadline: December 13, 2007

Objections/Responses Received:

A.    Response to Debtors' Fifth Omnibus Objection to Claims (filed by Tax Appraisal District of Bell County, et al.,) [D.I. 4042; filed 12/6/07]

B.    Response to Debtors' Fifth Omnibus Objection to Claims (filed by County of Santa Clara) [D.I. 4073; filed 12/10/07]

C.    Response to Debtors' Fifth Omnibus Objection to Claims (filed by Orange County (California) Treasurer-Tax Collector) [D.I. 4074; filed 12/11/07]

D.    Response to Debtors' Fifth Omnibus Objection to Claims (filed by Hidalgo County, et al.) [D.I. 4087; filed 12/13/07]

E.    Response to Debtors' Fifth Omnibus Objection to Claims (filed by Maricopa County Treasurer) [D.I. 4088; filed 12/13/07]

F.    The Debtors received a consolidated informal response from various taxing authorities  (Cedar Hill ISD, *et al.*).

Related Documents:

i.    Order Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 (I) Disallowing and Expunging Certain Books and Records Claims and (II) Reducing and Reclassifying Certain Claims Set Forth on the Debtors' Fifth Omnibus Objection to Claims [D.I. 4238; filed 12/28/07]

Status: The hearing on this matter has been continued to the omnibus hearing scheduled for February 20, 2008. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit B.

6.    Debtors' Seventh Omnibus Objection to Claims:  Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Amended and Superseded Claims, (B) Duplicate Claims, (C) Late-Filed Claims and (D) No Supporting Documentation Claims [D.I. 4075; filed 12/11/07]

Objection deadline: January 2, 2008

Objections/Responses Received:

A.      Response to Debtor's Seventh Omnibus Objection to Claims (filed by Alameda County Treasurer-Tax Collector) [D.I. 4227; filed 12/27/07]

B.      Response to Debtors' Seventh Omnibus Objection to Claims (filed by Clayton County Tax Commissioners Office) [D.I. 4228; filed 12/26/07]

C.      Response to Debtors' Seventh Omnibus Objection to Claims (filed by Brazoria County M.U.D. #21, et al.) [D.I. 4260; filed 12/28/07]

D.      The Debtors received an informal response from Marion County, Indiana.

E.      The Debtors received an informal response from Hillsborough, Florida.

Related Documents:

i.      Order Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain (A) Amended and Superseded Claims, (B) Duplicate Claims, (C) Late-Filed Claims and (D) No Supporting Documentation Claims Set Forth in Debtors' Seventh Omnibus Objection to Claims [D.I. 4372; filed 1/10/08]

Status: The hearing on this matter has been continued to the omnibus hearing scheduled for February 20, 2008. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit C.

## II.     UNCONTESTED MATTER WITH CERTIFICATION OF NO OBJECTION:

7.      Motion of Deutsche Bank Trust Company Americas Formerly Known as Banker's Trust Company, as Trustee and Custodian for Ixis for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4349; filed 1/9/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4787; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

8.      Motion of Deutsche Bank Trust Company Americas Formerly Known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007 for

Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4351; filed 1/9/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4789; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

9.      Motion of Deutsche Bank Trust Company Americas Formerly Known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4352; filed 1/9/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4788; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

10.     Motion of UBS Real Estate Securities, Inc., c/o Select Portfolio Servicing, Inc., c/o Select Portfolio Servicing, Inc. for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4356; filed 1/9/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4762; filed 1/30/08]

Status: On January 30, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

11.     Motion of DLJ Mortgage Capital, Inc. c/o Select Portfolio Servicing, Inc. for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4363; filed 1/10/08]

RLF1-3250291-1

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.    Certificate of No Objection [D.I. 4761; filed 1/30/08]

Status: On January 30, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

12.    Motion of U.S. Bank National Association, as Trustee, c/o Select Portfolio Servicing, Inc. for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4364; filed 1/10/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.    Certificate of No Objection [D.I. 4760; filed 1/30/08]

Status: On January 30, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

13.    Motion to Amend Order Under 11 U.S.C. Sections 105 and 363 Authorizing the Employment of AP Services, LLC as Crisis Managers for the Debtors and to Authorize Jamie Lisac to Serve as the Debtors' Chief Financial Officer [D.I. 4377; filed 1/10/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.    Notice of Hearing [D.I. 4379; filed 1/10/08]

ii.    Certificate of No Objection [D.I. 4801; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

14.    Motion of Saxon Mortgage Services, Inc. for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4402; filed 1/14/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4790; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

15.    Motion of U.S. Bank National Association, as Trustee for Home Equity Loan Trust 2004-HE5 for Relief From Automatic Stay Under Section 362 of the Bankruptcy Code [D.I. 4404; filed 1/14/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4791; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

16.    Motion of Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4406; filed 1/14/08]

Objection Deadline: January 30, 2008

Objections/Responses Received: None to date

Related Documents:

i.      Certificate of No Objection [D.I. 4792; filed 2/1/08]

Status: On February 1, 2008, a certificate of no objection was filed with respect to this matter. Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

17.    Motion of LaSalle Bank National Association, as Trustee and Custodian for Morgan Stanley, MSAC 2007-HE1 for Relief From Stay Under Section 362 of the Bankruptcy Code [D.I. 4408; filed 1/14/08]

Objection Deadline: January 30, 2008

Objections/Responses Received:  None to date

Related Documents:

i.       Certificate of No Objection [D.I. 4787; filed 2/1/08]

Status:  On February 1, 2008, a certificate of no objection was filed with respect to this matter.  Accordingly, a hearing on this matter is only necessary to the extent the Court has any questions or concerns.

## III.    **CONTESTED MATTER GOING FORWARD:**

18.      Debtors' Motion for Additional Sanctions Against Positive Software Solutions, Inc. for Further Violation of the Automatic Stay [D.I. 2566; filed 8/24/07]

Objection Deadline:  September 4, 2007

Objections/Responses Received:

A.       Objection of Positive Software Solutions, Inc. to Debtors' Motion for Additional Sanctions Against Positive Software Solutions, Inc. for Further Violation of the Automatic Stay [D.I. 2656; filed 9/4/07]

B.       Amended Objection of Positive Software Solutions, Inc., to Debtors' Motion for Additional Sanctions Against Positive Software Solutions, Inc. for Further Violation of the Automatic Stay [D.I. 2667; filed 9/5/07]

Related Documents:

i.       Debtors' Supplement to Motion for Additional Sanctions Against Positive Software Solutions, Inc. for Further Violation of the Automatic Stay [D.I. 3252; filed 10/9/07]

ii.      Objection of Positive Software Solutions, Inc., to Debtors' Supplement to Motion for Additional Sanctions Regarding Litigation Against Susman Godfrey, LLP [D.I. 4759; filed 1/30/08]

Status:  The Debtors have informed Positive Software that they do not plan to press this motion at the hearing, and instead reserve the right to go forward at a later date.  It is not clear, however, whether Positive Software seeks an immediate ruling anyway.  If so, the Debtors will be prepared to proceed, even though the Debtors believe that the matter is not ripe for adjudication at this time, for the reasons set forth in the Debtors' Objection to Motion of Positive Software Solutions, Inc. and Edward Mandel for Relief From the Automatic Stay Concerning 2007 Suit.

19.      Motion of Positive Software Solutions, Inc. and Edward Mandel for an Order Granting Relief from the Automatic Stay [D.I. 3320; filed 10/18/07]

Objection Deadline: October 31, 2007

Objections/Responses Received:

A.     Debtors' Objection to Motion of Positive Software Solutions, Inc. and
       Edward Mandel for Relief From the Automatic Stay Concerning 2007 Suit
       [D.I. 4757; filed 1/30/08]

B.     Joinder of the Official Committee of Unsecured Creditors to the Debtors'
       Objection to Motion of Positive Software Solutions, Inc. and Edward
       Mandel for Relief from the Automatic Stay Concerning 2007 Suit [D.I.
       4797; filed 2/1/08]

Related Documents:

i.     Notice of Hearing [D.I. 3349; filed 10/19/07]

Status: The hearing on this matter is going forward.

20.    Motion for Entry of Order Authorizing Deposit of Funds into the Registry of the
       Court [D.I. 4161; filed 12/18/07]

       Objection Deadline: January 16, 2008; extended to January 30, 2008

       Objections/Responses Received:

A.     Statement and Reservation of rights of First American Title Insurance
       Company Re: Certification of Counsel with Respect to Proposed Form of
       Order Approving Stipulation Among New Century Mortgage Corporation,
       Carrington Mortgage Services, LLC and Citi Residential Lending, Inc.
       Resolving Citi Residential Lending, Inc.'s Motion for Entry of Order
       Authorizing Deposit of Funds into Registry of the Court [D.I. 4779; filed
       1/31/08]

       Related Documents:

i.     Notice of Hearing [D.I. 4326; filed 1/4/08]

ii.    Certification of Counsel [D.I. 4727; filed 1/29/08]

       Status: A hearing is only required to the extent that the Court has any questions
               or concerns with respect to the stipulation which was submitted under
               certification of counsel on January 29, 2008.

21.    Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to
       11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local
       Rule 3007-1 to Certain Books and Records Claims [D.I. 4261; filed 12/28/07]

       Objection deadline: January 30 2008

Objections/Responses Received:

A.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Michigan Department of Treasury) [D.I. 4358; filed 1/10/08];

B.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by The Commonwealth of Pennsylvania) [D.I. 4362; filed 1/10/08]

C.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by the State of New Jersey [D.I. 4392; filed 1/11/08]

D.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Greg Easter Appraisals) [D.I. 4444; filed 1/15/08]

E.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by the State of Washington) [D.I. 4500; filed 1/17/08]

F.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by New York State Department of Taxation and Finance) [D.I. 4529; filed 1/18/08]

G.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Stanley Votruba) [D.I. 4653; filed 1/25/08]

H.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by City of St. Louis) [D.I. 4738; filed 1/29/08]

I.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Erin Elizabeth Conroy) [D.I. 4782; filed 1/30/08]

J.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Tracy P. Dunn) [D.I. 4783; filed 1/30/08]

K.    Response to Debtors' Eighth Omnibus Objection to Claims (filed by Virginia Granato) [D.I. 4784; filed 1/30/08]

L.    The Debtors received an informal response from Lois Lutwin.

M.    The Debtors received an informal response from Alvin E. Schell.

N.    The Debtors received an informal response from Mortgage Plus Funding, Inc.

O.    The Debtors received an informal response from Chelisu Garrett Andrew.

P.    The Debtors received an informal response from the Town of Merrimac.

Q.    The Debtors received an informal response from City of New York Department of Finance.

R.    The Debtors received an informal response from Sue Dugan-Hugueley.

S.      The Debtors received an informal response from Dina Kenzy.

T.      The Debtors received an informal response from the State of Rhode Island.

U.      The Debtors received an informal response from Amber Saxby.

V.      The Debtors received an informal response from Thuy Cure.

W.      The Debtors received an informal response from Christina L. Dolan.

Related Documents:

i.      Notice of Submission of Copies of Proofs of Claims for Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Section 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims Re: Docket No. 4261 [D.I. 4548; filed 1/23/08]

ii.     Withdrawal of Michigan Department of Treasury's Response to the Debtors' Eighth Omnibus Objection [D.I. 4796; filed 2/1/08]

iii.    Withdrawal of Commonwealth of Massachusetts [D.I. 4162; filed 12/17/07]

Status: The hearing on this matter is going forward. The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit D.

22.     Debtors' Ninth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Reduced and/or Reclassified Claims [D.I. 4262; filed 12/28/07]

Objection deadline: January 30 2008

Objections/Responses Received:

A.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Sean O'Leary) [D.I. 4383; filed 1/10/08]

B.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by the State of New Jersey [D.I. 4392; filed 1/11/08]

C.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Larry Shannon) [D.I. 4393; filed 1/11/08]

D.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Joseph A. Fischer & Co. Inc.) [D.I. 4410; filed 1/14/08]

E.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Paul J. Koepke) [D.I. 4442; filed 1/15/08]

F.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by MBS, Inc.) [D.I. 4543; filed 1/22/08]

G.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Travis County Tax Assessor Collector) [D.I. 4723; filed 1/29/08]

H.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Bien Quach and BQ Consulting, Inc.) [D.I. 4729; filed 1/28/08]

I.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Sandra Krampota) [D.I. 4736; filed 1/29/08]

J.      Response to Debtors' Ninth Omnibus Objection to Claims (filed by Richard Martin and Nancy Anderson) [D.I. 4737; filed 1/29/08]

K.      The Debtors received an informal response from Elaine Rizk.

L.      The Debtors received an informal response from Arash Mostafavipour.

M.      The Debtors received an informal response from Enrique Baltierra.

N.      The Debtors received an informal response from Nancy Gillingham.

O.      The Debtors received an informal response from Office Max, Inc.

Related Documents:

i.      Notice of Submission of Copies of Proofs of Claims for Debtors' Ninth Omnibus Objection to Claims:  Substantive Objection Pursuant to 11 U.S.C. Section 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Reduced and/or Reclassified Claims Re: Docket No. 4262 [D.I. 4549; filed 1/23/08]

Status: The hearing on this matter is going forward.  The individual status of each remaining claim with respect to this matter is listed on the attached Exhibit E.

23.    Motion for Order Approving Settlement Between Debtors and Debtors in Possession and General Electric Capital Corporation Regarding Secured Financing Arrangements [D.I. 4345; filed 1/8/08]

Objection deadline: January 30 2008

Objections/Responses Received:

A.      Limited Objection of Maricopa County Treasurer to Motion for Order Approving Settlement Between Debtors and Debtors in Possession and

14

General Electric Capital Corporation Regarding Secured Financing Arrangements [D.I. 4524; filed 1/22/08]

B.     Response of General Electric Capital Corporation to Limited Objection of Maricopa County Treasurer to Motion for Order Approving Settlement Between Debtors and Debtors in Possession and General Electric Capital Corporation Regarding Secured Financing Arrangements [D.I. 4722; filed 1/29/08]

C.     Informal response received from Andre Mutchnik.

Related Documents:  None.

Status:  The hearing on this matter is going forward.  Maricopa County's objection to the Motion has been resolved through language that will be added to a revised form of order.  Additionally, Mr. Mutchnik has indicated that he will not be pursuing his objection to the Motion.

24.    Second Motion for Relief From Stay Regarding Copyright Infringement Litigation filed by Positive Software [D.I. 4354; filed 1/9/08]

Objection deadline:  January 30, 2008

Objections/Responses Received:

A.     Debtors' (A) Response to the "Second Motion of Positive Software Solutions, Inc. for Relief from the Stay Regarding Copyright Infringement Litigation," (B) Cross-Motion to Disallow or Estimate Positive Software's Proofs of Claim, and (C) Objection to Proofs of Claim [D.I. 4751; filed 1/30/08]

B.     Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to Motion of Positive Software Solutions, Inc. and Edward Mandel for Relief from the Automatic Stay Concerning 2007 Suit [D.I. 4799; filed 2/1/08]

C.     **Positive Software Solutions, Inc.'s (I) Response to (A) Debtors' Cross-Motion to Disallow or Estimate Proofs of Claim and (B) Debtors' Objection to Proofs of Claims; (II) Motion to Abstain from Adjudicating Objection to Claims and Motion to Estimate [D.I. 4807; filed 2/4/08]**

Related Documents:

i.     Debtors' Motion to File Under Seal Arbitration Award in Connection with Debtors' (A) Response to the "Second Motion of Positive Software Solutions, Inc. for Relief From the Stay Regarding Copyright Infringement Litigation," (B) Cross-Motion to Disallow or Estimate

Positive Software's Proofs of Claim, and (C) Objection to Proofs of Claim [D.I. 4758; filed 1/30/08]

ii.  **Exhibits A and B to Positive Software Solutions, Inc.'s (I) Response to (A) Debtors' Cross-Motion to Disallow or Estimate Proofs of Claim and (B) Debtors' Objection to Proofs of Claims; (II) Motion to Abstain from Adjudicating Objection to Claims and Motion to Estimate [D.I. 4808; filed 2/4/08]**

Status: The hearing on this matter is going forward.

25.  Motion Pursuant to Bankruptcy Code Section 554 to Abandon Marketing Materials Burdensome and Inconsequential in Value to the Estates [D.I. 4436; filed 1/15/08]

Objection deadline: January 30 2008

Objections/Responses Received:

A.  Limited Objection of New York State Teachers' Retirement System to Debtors' Motion Pursuant to Bankruptcy Code Section 554 to Abandon Marketing Materials Burdensome and Inconsequential in Value to the Estates [D.I. 4733; filed 1/30/08]

B.  Informal response received from Richard D. Austin, *et al.*

Related Documents:

Status: The hearing on this matter is going forward.

## IV.  ADVERSARY MATTER:

26.  Complaint by Gary Forrest Edwards against New Century Mortgage Corp., LaSalle Bank, N.A., Codilis and Associates, P.C., Rhonda Peek, Circuit Court for the 8th Judicial Circuit of Illinois, Wayne Youell, *et al.* [Adv. Proc. No. 08-50000] [D.I. 1; filed 10/9/07]

Related Documents:

i.  Amended Complaint for Cancellation of Instruments, Constructive Fraud, Fraudulent Transfer, Fraudulent Inducement, Fraud in Fact, Unjust Enrichment, Breach of Fiduciary Duty, Trespass, Civil Rico, Quiet Title, Injunctive Relief, Declaratory Relief and Damages [D.I. 5; filed 1/28/08]

ii.  Motion to Dismiss Adversary Proceeding Filed by Chase Home Finance, LLC [D.I. 6; filed 2/1/08]

iii.  Opening Brief in Support of Motion to Dismiss the Amended Adversary Complaint [D.I. 7; filed 2/1/08]

iv.    Motion to Dismiss Adversary Proceeding Filed by Codilis and Associates, P.C., Rhonda Peek, Wayne Youell; *et al.* [D.I. 8; filed 2/1/08]

v.    **Motion (I) to Dismiss Amended Adversary Complaint for (A) Lack of Subject Matter Jurisdiction or (B) Failure to State a Claim, or in the Alternative, Motion for Summary Judgment and (II) Joinder in All Applicable Arguments in Motion to Dismiss Amended Adversary Complaint Filed by Codilis & Associates, P.C., Rhonda Peek and Wayne Youell, Sheriff of Mason County, Illinois and Chase Home Finance's Motion to Dismiss [D.I. 9; filed 2/4/08]**

Status: The pre-trial status conference on this matter is going forward.

Dated:  February 5, 2008
       Wilmington, Delaware

                                                                  

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

- and -

Suzzanne S. Uhland
Ben H. Logan
Brian M. Metcalf
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION