UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: * | |
| | Case No. 07-10416-KJC |
| NEW CENTURY TRS HOLDINGS, INC., * | (Chapter 11) |
| a Delaware corporation, *et al.*, | |
| Debtor * | |
| ********** | |
| DLJ MORTGAGE CAPITAL, INC., * | |
| c/o SELECT PORTFOLIO SERVICING, | |
| INC., * | |
| Movant, | |
| * | |
| v. | |
| * | |
| NEW CENTURY TRS HOLDING, Inc., et al | **Hearing Date: Feb. 6, 2008 at 1:30 PM** |
| Debtor * | |

## ORDER TERMINATING AUTOMATIC STAY
## UNDER SECTION 362 OF THE BANKRUPTCY CODE
*(Relates to Docket #4762 )*

**UPON CONSIDERATION** of the Motion for Relief from Automatic Stay (hereinafter "Motion") filed by DLJ Mortgage Capital, Inc. c/o Select Portfolio Servicing, Inc., (hereinafter "Movant"), and any response thereto, the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) that this is a core proceedings pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that the Debtor does not have an interest in each parcel of real property listed on **Exhibit A** hereof (hereinafter each a "Property" and collectively, the "Properties") and that the Debtor's interest in each of the Properties, if any, is not necessary to an effective reorganization; and the Court having further determined that cause exists to

grant Movant relief from the automatic stay with to the Properties because Movant's interest in the Properties is not adequately protected; it is hereby **ORDERED** as follows:

1. The Motion be, and the same is hereby **GRANTED.**

2. Pursuant to 11 U.S .C. § 362(d), Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Properties. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against each of the Properties, including but not limited to foreclosure of any Mortgage or Deed of Trust or other similar security instrument relating to such Properties.

3. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date: Feb. 4 2008

BY THE COURT:

Kevin J. Carey
U.S. Bankruptcy Court Judge