IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 4261 |

ORDER PURSUANT TO 11 U.S.C. §§ 502 AND 507, BANKRUPTCY
RULES 3007 AND 9014, AND LOCAL RULE 3007-1 (A) DISALLOWING
AND EXPUNGING CERTAIN BOOKS AND RECORDS CLAIMS AND (B) REDUCING
AND/OR RECLASSIFYING CERTAIN BOOKS AND RECORDS CLAIMS
SET FORTH IN DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS

Upon the Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to §§ 502 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules") to certain Books and Records Claims (the "Eighth Omnibus Objection");[2] and it appearing that notice of the Eighth Omnibus Objection was good and sufficient upon the particular circumstances, and that no other further notice need be given; and the Court having considered the Eighth Omnibus

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

[2] All capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Eighth Omnibus Objection.

Objection, the Claims listed on Exhibit A and Exhibit B, and any responses thereto, and the Wagner Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

FOUND AND DETERMINED THAT:

A. This Eighth Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2); and

B. Each holder of a claim (as to each, a "Claim") listed on Exhibit A attached to the Eighth Omnibus Motion was properly and timely served with a copy of the Eighth Omnibus Objection, the Proposed Order, the accompanying exhibits, and the Notice; and

C. Any entity known to have an interest in the Claims subject to the Eighth Omnibus Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Eighth Omnibus Objection; and

D. The relief requested in the Eighth Omnibus Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Eighth Omnibus Objection is GRANTED.

2. The Books and Records Claims listed on Exhibit A attached hereto are hereby disallowed and expunged in their entirety.

3. The Claims listed on Exhibit B attached hereto are hereby reduced and/or reclassified as set forth in the column titled "Reduced/Reclassified Claim Amount."

4. The objection is hereby continued to February 20, 2008 at 1:30 p.m. with respect to the following Claims: Blanco CAD [Claim No. 3234], City of New York Dept of

Finance [Claim Nos. 1318 and 1312], Lamar CAD [Claim No. 3342], New York State Department of Taxation and Finance [Claim Nos. 2051, 1797, 1794 and 265], Pennsylvania Department of Revenue [Claim Nos. 3312 and 719], RI Division of Taxation [Claim Nos. 3370, 3369, 3367], St. Louis City [Claim No. 3341], State of Michigan [Claim No. 2179] and State of New Jersey [Claim No. 1061].

5. The objection is hereby continued to March 5, 2008 at 1:30 p.m. with respect to the following Claims: State of Washington Department of Revenue [Claim Nos. 693 and 1473].

6. The Objection is hereby withdrawn with respect to the following Claims: David Vizcara [Claim No. 1983], Darrell Lowe [Claim No. 2331], Eva Joy Martini [Claim No. 2497], Dina L. Kenzy [Claim No. 92], Lois F. Lutwin [Claim Nos. 3235 and 3214], Merrimac Town [Claim No. 2046], Sue E. Dugan Hugueley [Claim No. 1308] and John Hicks [Claim No. 1985].

7. This Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Eighth Omnibus Objection with respect to any matters related to or arising from the Eighth Omnibus Objection or the implementation of this Order.

8. Each Claim and the objections by the Debtors to such Claim, as addressed in the Eighth Omnibus Objection and as set forth on Exhibit A and Exhibit B hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or

finality of this Order with respect to the other contested matters listed in the Objection of this Order.

Dated: February __6__, 2008
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE