**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

## ORDER APPROVING SETTLEMENT BETWEEN DEBTORS AND DEBTORS IN POSSESSION AND GENERAL ELECTRIC CAPITAL CORPORATION REGARDING SECURED FINANCING ARRANGEMENTS

The Court has considered the Motion for Order Approving Settlement Between Debtors and Debtors in Possession and General Electric Capital Corporation ("GECC") Regarding Secured Financing Arrangements (the "Motion") filed by New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), all other papers and evidence submitted by the parties in connection with the Motion, and the record in these cases.

The Court having found that the settlement set forth in the Motion is fair, reasonable, and in the interest of the Debtors, their estates and creditors based upon consideration of the following factors: (1) the probability of success in litigation; (2) the likely difficulties in

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors; and other good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The settlement set forth in the Motion is APPROVED.

3. The GECC Allowed Unsecured Deficiency Claim (as that term is defined in the Motion) is allowed in the amount of $5,325,527.78 against New Century Mortgage Corporation, New Century Financial Corporation and New Century TRS Holdings, Inc. (collectively, the "Subject Debtors"). To effectuate the foregoing, Claim Nos. 1691, 1699 and 1728 are hereby allowed as general unsecured claims in the amount of $5,325,527.78, entitled to an aggregate maximum recovery collectively from the Subject Debtors in the amount of $5,325,527.78, and Claim No. 1734 is hereby disallowed in its entirety. GECC shall be entitled to distributions on account of the GECC Allowed Unsecured Deficiency Claim as set forth in a plan of reorganization to be filed in these cases as a later time (and such claim may be satisfied once and only once).

4. To the extent that GECC has previously taken possession of any assets of the Debtors which purportedly secured GECC's claims against the Debtors, GECC shall be entitled to retain such assets without further credit to the Debtors or their bankruptcy estates. Within ten (10) days of the entry of this Order, the Debtors will provide to GECC a bill of sale conveying fee simple title to such assets to GECC. GECC shall be obligated to pay any taxes or costs associated with such bill of sale.

5. The Debtors will retain, free and clear of GECC's liens and security interests, all other equipment and property that is or was the subject of GECC's security interests and liens. To the extent any such equipment and property is subject to tax liens of a government or governmental unit for personal property taxes, those liens will continue to attach to the equipment and property and to the proceeds thereof following sale by the Debtors with the same

2

priority that existed as of the petition date.

6. The Debtors and the Creditors' Committee hereby, for themselves and their successors and assigns, jointly and severally release, acquit, exonerate and forever discharge GECC, its affiliates, parent corporations and subsidiaries, and all of GECC's past, present and future directors, officers, employees, agents and attorneys (collectively, the "GECC Released Parties") from any and all claims, causes of action, suits and damages (including claims for attorneys' fees) which the Debtors or the Creditors' Committee jointly or severally ever had, now have or hereinafter may have against any or all of the GECC Released Parties that arise from or relate to the GECC Secured Claim, the GECC General Unsecured Deficiency Claim and/or the GECC Allowed Unsecured Deficiency Claim, including, without limitation, any claims or causes of action arising under 11 U.S.C. §§ 544, 547, 548 or 549. GECC shall release, acquit, exonerate and forever discharge the Debtors, the Creditors' Committee and their successors and assigns from any and all claims, cause of action, suits and damages (including claims for attorneys' fees) which GECC ever had, now has or hereinafter may have against the Debtors, the Creditors' Committee or any of their successors and assigns arising out of the GECC Secured Claim, other than as set forth in this Order, the Motion or the related Stipulation and specifically excluding the GECC General Unsecured Deficiency Claim, GECC Allowed Unsecured Deficiency Claim and the unsecured lease rejection claims referenced in the Motion..

7. The Court shall retain jurisdiction to implement and enforce the terms of this Order.

Dated: February 6, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO:

*/s/ Michael Merchant*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

*/s/ Bonnie Fatell*

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

-and-

Mark S. Indelicato
John P. McCahey
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS


/s/ Michael G. Gallerizzo
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware 19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

COUNSEL FOR GENERAL ELECTRIC
CAPITAL CORPORATION