# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | CHAPTER 11 |
| | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS,** | |
| **INC.**, *et al.* | Case No. 07-10416 (KJC) |
| Debtors | |

## MEMORANDUM[1]

### BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

#### BACKGROUND

New Century TRS Holdings, Inc. and its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code on April 2, 2007.[2] Currently before the Court is the Debtors' motion pursuant to 11 U.S.C. §§105(a) and 362(a) for an order enforcing the automatic stay against the Internal Revenue Service and granting related relief (docket no. 3829)(the "Motion"). In the Motion, the Debtors ask this Court to enter an order directing the Internal Revenue Service (the "IRS") to release a tax refund to the Debtors. The IRS opposes the Motion, arguing that this Court is without jurisdiction to consider it. For the reasons set forth herein, the Motion will be denied.

#### UNDISPUTED FACTS

The following facts, asserted by the parties in their respective submissions, have not been disputed and I rely upon them in consideration of the Motion.

---

[1] This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052.

[2] By Order dated April 3, 2007, the Court granted the motion by New Century TRS Holdings, Inc. and its affiliates for joint administration of the related chapter 11 cases. (*See* Docket no. 52).

New Century Financial Corporation ("NCF") was a large specialty mortgage finance business. Through its subsidiaries and its primary holding company subsidiary, New Century TRS Holdings, Inc., NCF originated, purchased, sold and serviced mortgage loans nationwide.

On July 17, 2007, the Debtors submitted a From 1139 to the IRS in accordance with Section 6411 of the Internal Revenue Code (26 U.S.C. §6411).[3] On its Form 1139 Application, the Debtors claimed a net operating loss for the 2006 tax year, that it carried back to the 2004 tax year, resulting in an anticipated tax refund for the 2004 tax year in the approximate amount of $66 million dollars (the "Tax Refund").[4] The Debtors claim that the IRS reflected the Tax Refund on the Debtors' transcript of account as being allowed and credited to their account. However, the IRS did not release the Tax Refund to the Debtors.

On November 15, 2007, the Debtors filed the Motion. The Debtors argued that the IRS should have completed its examination of the Form 1139 Application and issued the refund by October 15, 2007, i.e., ninety days after the Debtors filed the Application. On November 28, 2007, the IRS objected to the Motion, arguing that (1) the Motion was not ripe for consideration because the IRS's response to the Debtors' Form 1139 Application was not due until December 31, 2007, based on extensions given to the Debtors for filing their 2006 tax return, and (2) this Court is without jurisdiction to review the IRS's failure to act on the Form 1139 Application.

---

[3] Form 1139 is also referred to as an application for a tentative carryback adjustment and may be referred to as the "Form 1139 Application" or the "Application" herein.

[4] The Debtors' net operating losses in 2006, underlying the claim for a substantial tax refund for tax year 2004, can be traced, in part, to the acknowledged "accounting errors" that resulted in a need to restate their reported financial results for the first three quarters of 2006 relating to treatment of loan repurchase losses. (See The Debtors' pre-petition News Release dated February 7, 2007, attached as Ex. A to the Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee or, in the alternative, an Examiner, docket no. 278.)

(*See* docket no. 3955). The parties agreed that the IRS would file another response to the Motion on or after December 31, 2007.

On December 31, 2007, the IRS filed its second objection to the Motion, arguing that it had denied the Debtor's Form 1139 Application and that this Court lacks jurisdiction to review the denial (the "Second Objection"). (*See* docket no. 4267). In a declaration attached to the Second Objection, the revenue agent stated that he denied the Form 1139 Application because:

> [The Application] contains errors of computation and material omissions which could not be corrected within 90 days from the last day of the month in which fell the last date prescribed by law including extensions for filing a return for the taxable year ended December 31, 2006.
> The [A]pplication contained errors of computation and material omissions due to the following reasons:
> a. An improper valuation of the inventory of loans as of December 31, 2006.
> b. An improper change in the method of accounting for the mark to market adjustment for the year ended December 31, 2006.
> c. The failure to provide information in response to the limited examination of the application for a tentative carryback adjustment as requested by the Revenue Agent.

*See* IRS Second Objection, ¶¶ 4-5 (docket no. 4267). On January 4, 2008, the Debtors filed a response to the Second Objection, arguing that the IRS's denial of its Application was based upon an examination that went beyond the limited scope of review permitted by 26 U.S.C. §6411 and, further, that the IRS had waived its sovereign immunity by filing a proof of claim in this case, thereby giving the Court jurisdiction pursuant to 11 U.S.C. §106(b). (*See* docket no. 4319).

A hearing to consider the Motion and the IRS's Second Objection was held on January 9, 2008, and the matter was taken under advisement.

## DISCUSSION

The Debtors are seeking a tax refund based upon 26 U.S.C. §6411, which allows

taxpayers to use an expedited procedure to request tentative tax refunds based on loss carrybacks, rather than by initiating their refund request under the standard procedure provided by 26 U.S.C. §6402. The advantages and disadvantages of the "tentative refund" procedure are described in *The Columbia Gas System, Inc. v. United States*, 32 Fed.Cl. 318 (1994):

> The presumption of § 6411 is in favor of prompt refunds for taxpayers pinched by [net operating losses]. Although § 6411 offers the taxpayer a potentially quicker refund, it has potential drawbacks as well. A disallowance decision under § 6411, unlike a similar decision under § 6402, is not reviewable. Refunds made under § 6411 are also more vulnerable to recapture because, unlike refunds made under § 6402, they may be taken back without notice or a right to contest.

*Id.* at 323. The IRS denied the Debtors' Form 1139 Application. The Debtors claim the denial violates that the automatic stay, and, through the Motion, ask this Court for an order directing the IRS to release the Tax Refund.[5] The IRS argues that this Court lacks jurisdiction to consider the Debtors' Motion. Jurisdiction is a threshhold issue that must be addressed first.

The Debtors argue that the IRS has waived its sovereign immunity by filing a proof of claim against the Debtors for 2004 and 2005 income taxes, "thereby vesting this Court with jurisdiction over all factual and legal issues relevant to the Debtors' 2004 and 2005 tax years." Debtors' Response, docket no. 4319, p. 3. Section 106(b) provides:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. §106(b). The IRS disputes the Debtors' contention that the issues regarding the

---

[5]The Debtors have argued that their Motion is not a claim for a tax refund, but is a motion to enforce compliance with 26 U.S.C. §6411. While it is not a "formal" claim for a tax refund, the Motion seeks an order directing the IRS to release a tax refund under §6411. Clearly the Motion is a request for a tax refund.

calculation of a net operating loss for tax year 2006 arise out of the same transaction or occurrence as its claim for 2004 and 2005 taxes. However, even if I agreed with the Debtors, Section 106(b), without more, does not provide jurisdiction for determining whether the IRS should release the Tax Refund to the Debtors. "[B]ankruptcy Code §106 does not provide a substantive or independent basis for asserting a claim against the government. ... [A] plaintiff ... seeking to use the waiver in §106 must demonstrate that a source outside of §106 entitles it to the relief sought." *Franklin Savings Corp. v. United States (In re Franklin Savings Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004). *See also Graham v. United States (In re Graham)*, 981 F.2d 1135, 1138 (10th Cir. 1992) ("While the [debtors] argue correctly that section 106 of the Bankruptcy Code provides a waiver of sovereign immunity for refund claims under some circumstances, any such general governmental waiver of the right not to be sued does not waive other jurisdictional requirements.").

I turn next to the statutory provisions cited by the parties that affect jurisdiction in this matter. First, the IRS argues that this Court lacks jurisdiction over the Debtors' Motion under §6411, which provides, in part, that "the Secretary may disallow, without further action, any application which he finds contains errors of computation which he deems cannot be corrected by him within such 90-day period or material omissions." 26 U.S.C. §6411(b)(2008). The applicable regulations regarding this section further provide:

> [A district director or director of a service center's] action in disallowing, in whole or in part, any application for a tentative carryback adjustment shall be final and may not be challenged in any proceeding. The taxpayer in such case, however, may file a claim for credit or refund under section 6402, and may maintain a suit based on such claim if it is disallowed or if such internal revenue officer does not act upon the claim within 6 months from the date it is filed.

5

26 C.F.R. §1.6411-3(c) (eff. to Aug. 26, 2007).[6]

In response, the Debtors contend that § 6411 does not grant unlimited discretion to the IRS but, instead, sets specific guidelines, permitting a review of Form 1139 applications, which is limited only to a determination of whether there are mathematical errors or omissions in the application. The Debtors argue that, in this case, the IRS exceeded its review authority when it incorrectly questioned the valuation and accounting methods used by the Debtors' in determining the net operating loss for tax year 2006. The Debtors claim that this Court has jurisdiction to decide whether the IRS abused its discretion and violated those guidelines.

Section 6411 provides, in pertinent part:

> (b) **Allowance of adjustments.** Within a period of 90 days from the date on which an application for tentative carryback adjustment is filed under subsection (a), or from the last day of the month in which falls the last date prescribed by law (including any extension of time granted the taxpayer) for filing the return for the taxable year of the net operating loss, net capital loss, or unused business credit from which such carryback results, whichever is later, the Secretary shall make, to the extent he deems practicable in such period, *a limited examination of the application, to discover omissions and errors of computation therein, and shall determine the amount of the decrease in the tax attributable to such carryback upon the basis of the application and the examination*, except that the Secretary may disallow, without further action, any application which he finds contains errors of computation which he deems cannot be corrected by him within such 90-day period or material omissions.

26 U.S.C. §6411(b)(2008) (emphasis added).

The Debtors focus on the high-lighted language of §6411, while ignoring the remaining language of the statute which permits the Secretary to deny an application - - without further action - - in the case of errors of computation or material omissions that cannot be corrected in 90

---

[6]Section 1.6411-3 of the Regulations was amended on August 27, 2007, but the amendment did not alter substantively the language quoted above. (*See* 72 F.R. 48933-01). The amendment applies to applications for tentative refunds filed on or after August 27, 2007. 26 C.F.R. §1.6411-3(e)(2008).

days. Here, the revenue agent has asserted that the Application has errors of computation and material omissions are present. Whether §6411 permits the IRS to look beyond the four corners of the Application in questioning the computations is less clear. However, the statute and applicable regulations are clear in stating that this Court may not review the IRS's denial of the Application.

Other courts have recognized that the denial of an application for a tentative carryback adjustment and refund is unreviewable. *See I.C.T.S. U.S.A., Inc. v. United States*, 2007 WL 512791 (S.D.N.Y. Feb. 15, 2007) (deciding that an application for tentative carryback adjustment is not a claim for credit or refund, and noting that, if such an application is denied, "no suit may be maintained in any court for recovery of any tax based upon such application."); *Schrader v. Internal Revenue Service*, 1975 WL 516 (W.D.Ky. Jan. 17, 1975) (dismissing a complaint alleging that the IRS had failed to pay her tax refunds upon filing of a tentative refund application); *Rock v. United States*, 279 F.Supp. 96, 99 (S.D.N.Y. 1968) (After discussing §6411's direction for limited examination of the application, the court also noted that "[d]isallowance of a tentative carryback adjustment is final and may not be challenged in any proceeding.").

While the IRS's denial of an application is not reviewable by a court, the taxpayer is not left without a remedy.

> Here, Congress has afforded the taxpayer an opportunity to seek speedy tax relief during the period immediately following a loss year, when such relief may be most sorely needed. If, however, a tentative application is disallowed, the taxpayer is still left with the option to pursue his claim for a refund in the normal manner. Reg. §1.6411-3(c).

*Rock*, 279 F.Supp. at 99. Accordingly, under §6411, this Court does not have jurisdiction to

review the IRS's denial of the Debtors' Form 1139 Application.

The foregoing analysis is consistent with other statutory provisions in both the Internal Revenue Code and the Bankruptcy Code that do not allow a court to consider a tax refund case until the taxpayer has complied with the taxing authority's procedures for a refund. Section 7422(a) of the Internal Revenue Code provides:

> **(a)** **No suit prior to filing claim for refund.** No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. §7422(a). An application for a tentative carry-back adjustment does not constitute a claim for a credit or refund. 26 C.F.R. 1.6411-1(b)(2). *See also I.C.T.S.*, 2007 WL 512791 at *1 citing *Rock*, 279 F.Supp. at 98-99 ("[t]he differences between an application for a tentative carryback adjustment and a claim for refund are not merely formal; they are substantive, and the statute and regulations...so state."). Section 7422 does not permit a court to consider a tax refund suit until the IRS's claim procedures are followed.

Moreover, Section 505 of the Bankruptcy Code provides that a bankruptcy court may not determine "any right of the estate to a tax refund, before the earlier of - - (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or (ii) a determination by such governmental unit of such request." 11 U.S.C. §505(a)(2)(B). In the decision *City of Perth Amboy v. Custom Distrib. Serv., Inc. (In re Custom Distrib. Serv., Inc.)*, 224 F.3d 235 (3d Cir. 2000), the Third Circuit Court of Appeals reviewed "the legislative history of §505(a), the overwhelming case authority interpreting it as precluding

the bankruptcy court from adjudicating claims for refund of taxes that were not seasonably contested in accordance with procedures set out by the taxing authority, and the policy considerations underpinning §505" and held that a bankruptcy court did not have jurisdiction to order a city to refund excess tax payments when the debtor did not contest those payments in accordance with the applicable state tax laws. *Custom Distrib.*, 224 F.3d at 243-44. *See also ANC Rental Corp v. County of Allegheny (In re ANC Rental Corp.)*, 316 B.R. 146 (Bankr.D.Del. 2004).

Analysis of each of these statutes and the judicial decisions interpreting them inform this Court that it does not have jurisdiction to consider the Debtors' request for a order directing the IRS to release a tax refund when only a Form 1139 Application has been filed. There is no dispute that the Debtors have not filed a claim for the Tax Refund with the IRS.[7] The Debtors' Motion will be dismissed for lack of jurisdiction.

An appropriate order will be entered.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: February 14, 2008

---

[7] The Debtors acknowledged that this was so at the time of the hearing on the Motion.