# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,** [1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Objection Deadline: 2/27/2008 at 4:00 p.m. ET |
| | : | Hearing Date: 3/5/2008 at 1:30 p.m. ET |

## MOTION TO APPROVE STIPULATION AMONG NEW CENTURY MORTGAGE CORPORATION, CARRINGTON MORTGAGE SERVICES LLC AND SYMANTEC CORPORATION AUTHORIZING ASSUMPTION AND ASSIGNMENT OF SOFTWARE LICENSES

Carrington Mortgage Services, LLC ("CMS") by and through its undersigned attorneys, respectfully submit the following Motion To Approve Stipulation Among New Century Mortgage Corporation, Carrington Mortgage Services LLC And Symantec Corporation Authorizing Assumption And Assignment Of Software Licenses (the "Motion").

## BACKGROUND

1.  On April 2, 2007 (the "Petition Date"), NCMC and various of its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Stalking Horse Bidders Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

2. On April 2, 2007, Carrington Capital Management, LLC ("CCM") and CMS (together with CCM, "Carrington") and the Debtors entered into an asset purchase agreement (as amended and restated, the "APA") for the sale of the certain assets comprising the Debtors' mortgage loan servicing business (the "Servicing Business").

3. On May 21, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") held a hearing to approve the sale of the Servicing Business to Carrington. On May 23, 2007, the Bankruptcy Court entered an order approving the sale of the Servicing Business to Carrington (the "Sale Order"). The sale of the Servicing Business closed on June 29, 2007.

4. Prior to the Petition Date, NCMC and Symantec's predecessor in interest, Veritas Global LLC, entered into that certain Software License and Services Agreement (the "License Agreement") and a Dollar Limited License Addendum A (the "Addendum A"), both dated as of September 29, 2004. On or about December 11, 2006, NCMC and Symantec entered into that certain Enterprise Flex Standard Site License Addendum B (the "Addendum B"). The License Agreement, Addendum A and Addendum B are collectively referred to herein as the "Symantec Agreement."

5. In connection with the sale of the Servicing Business, CMS has requested that NCMC assume and assign to CMS certain licenses governed by the Symantec Agreement. Specifically, CMS has requested that NCMC assume and assign to CMS (i) five-hundred fifty (550) licenses for Symantec Antivirus Edition 10.2; (ii) five-hundred fifty (550) licenses for Altiris Client Management Suite (Level 1), Item No. 41721-01; and (iii) four (4) licenses for Altiris Service and Asset Management Suite (Level 2), Item No. 466221-01(collectively, the "Licenses") including maintenance for the Licenses, which will expire on April 1, 2009.

Symantec has consented to the assumption and assignment of the Licenses to CMS including maintenance for the Licenses, which will expire on April 1, 2009. Symantec has consented to such assumption and assignment pursuant to the terms of the Stipulation.

### RELIEF REQUESTED

6.     By this motion, CMS seeks entry of orders approving the Stipulation authorizing the transfer of the Licenses to CMS. Although the transfer of the Licenses was not specifically addressed in the APA, the Licenses all relate to software used in the Servicing Business purchased by Carrington. The assumption and assignment of the Licenses will provide CMS with the benefit of Licenses, which are necessary for the operation of the Servicing Business. The Licenses are no longer required by NCMC in order to continue its remaining operations.

7.     Pursuant to the Stipulation, CMS has agreed to pay Symantec $11,283.08 Assignment Fee in exchange for Symantec's consent to the assignment of the Licenses. The Assignment Fee will be in full and final satisfaction of any and all cure claims for existing defaults related to the Licenses. NCMC shall have no cure obligation under section 365(b) of the Bankruptcy Code related to assumption and assignment of the Licenses. Further, CMS has agreed to reimburse NCMC for the reasonable expenses incurred by its professionals in connection with their review of the Stipulation.[2] As such, the assumption and assignment of the Licenses to CMS will not result in any additional costs to NCMC's estate.

---

[2]     CMS also drafted and filed the instant motion so that NCMC's estate would not have to incur the professional expenses associated herewith.

## CONCLUSION

WHEREFORE, CMS respectfully requests that this Court enter orders approving the Stipulation and grant such further relief as may be appropriate under the circumstances.

Dated: February 15, 2007
Wilmington, Delaware

                    */s/ Steven K. Kortanek*
Steven K. Kortanek (Del. Bar No. 3106)
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Ph: (302) 252-4363
Fax: (302) 661-7728
skortanek@wcsr.com

- and -

MAYER BROWN LLP
Thomas S. Kiriakos
Sean T. Scott
Matthew V. Wargin
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606
Ph: 312-701-8310
Fax: 312-706-8482
tkiriakos@mayerbrownrowe.com
stscott@mayerbrownrowe.com

Counsel to Carrington Mortgage Services, LLC and Carrington Capital Management, LLC