# **EXHIBIT C**

### (Confirmation Hearing Notice)

LA3:1142733.8
RLF1-3254619-1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| Debtors. | : | **Jointly Administered** |
| | : | |
| | : | Objection Deadline: April 11, 2008 at 4:00 p.m. (Eastern Time) |
| | | Hearing Date: April 23, 2008 at ___ |

**NOTICE OF (A) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF FEBRUARY 2, 2008, (B) HEARING TO CONSIDER CONFIRMATION OF JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (C) RELATED MATTERS**

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On February 2, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents") filed the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008 (as it may be amended, the "Plan"), and on February 2, 2008, the Debtors filed the related Disclosure Statement (as it may be amended, the "Disclosure Statement").[2]

2. Pursuant to an order of the Court dated [March 5], 2008 (the "Disclosure Statement Order"), the Disclosure Statement and certain related materials (collectively, the "Solicitation Materials") have been approved for solicitation of votes to accept or reject the Plan.

3. A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801 on April 23, 2008 at ___:00 _.m. (Eastern Time).

4. Pursuant to the Disclosure Statement Order, the Court approved certain procedures for tabulation of votes to accept or reject the Plan. If you are the holder of a Claim against the Debtors as of March 10, 2008 (the Record Date as established in the Disclosure Statement Order) in a Class entitled to vote on the Plan, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your claim. The following procedures apply with respect to voting your Claim:

   a. Except as provided in subparagraph (b) below, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot so that it

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to the in the Plan.

2

is received by 5:00 p.m., Pacific Time, on April 17, 2008 (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

    b. Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with the following tabulation rules approved by the Court in the Disclosure Statement Order (the "Tabulation Rules"):

> (1) Other than Claims in Classes OP3b and OP6b and unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily allowed for voting purposes in an amount equal to (i) the amount of such Claim as set forth in a timely filed Proof of Claim or (ii) if no Claim has been timely filed, the amount of such Claim as set forth in the respective Debtors' Schedules if such claim is listed in the Schedules;

> (2) Claims in Classes OP3b and OP6b will be temporarily allowed for voting purposes in an amount equal to the damages determined by the EPD/Breach Claim Protocol, a draft of which is attached as Exhibit F hereto and a previous version of which was attached as Exhibit B to the Plan as filed on February 2, 2008; in order to determine this damage amount, a Holder of a Claim in these Classes, must supply the information requested by the Debtors in questionnaires that the Debtors transmitted to Creditors in these Classes on or about January 23, 2008; if a Holder of such a Claim fails to provide the Debtors with the requested information so that the Debtors are unable to determine the amount of damages that would be calculated pursuant to the EPD/Breach Protocol, the Claim will be temporarily allowed for voting purposes only in the amount of $1.00;

> (3) If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan;

> (4) If a Claim for which a Proof of Claim has been timely filed is filed as a contingent or unliquidated Claim it will be temporarily allowed for voting purposes only in the amount of $1.00;

> (5) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

3

(6) If the Debtors have filed and served an objection to a Claim by the Voting Deadline, which objection has not been resolved, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection or by order of the Court unless the Court has issued an order estimating or otherwise temporarily allowing the Claim for voting purposes pursuant to a motion filed by the Creditor;

(7) If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot;

(8) If a Holder of a Claim identifies a Claim amount on its Ballot that is more that the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules;

(9) Any Ballot received from a Holder of a Claim listed as contingent, disputed, or unliquidated in the Debtors' Schedules will not be counted unless the Holder of such Claim filed a Proof of Claim on or before the applicable Bar Date.

          c.     The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Debtors in any other context, including the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance and distribution under the Plan. If you wish to challenge the temporary allowance or disallowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by the later of (a) March 27, 2008 and (b) five days after the date of service of a notice of objection, if any, to your Claim. Unless the Court orders otherwise, your Claim will not be counted for voting purposes in excess of the amount as determined in accordance with the Tabulation Rules.

          5.     Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and served so as to be received by (i) the Debtors: New Century Financial Corporation, 3337 Michelson Drive, Suite CN-350, Irvine, CA 92612, Attention: Monika L. McCarthy, Esq.; (ii) counsel to the Debtors: Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Michael J. Merchant Esq., and O'Melveny & Myers LLP, 275 Battery Street, 26th Floor San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq. and Andrew M. Parlen, Esq.; (iii) counsel to the Official Committee of General Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attention: Mark S. Indelicato, Esq. and Mark T. Power, Esq.)

and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and Regina Stango Kelbon, Esq.); and (iv) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attention: Joseph J. McMahon, Jr., Esq.), no later than 4:00 p.m., Eastern Time, on April 11, 2008. For purposes of filing pleadings in this case, the address of the Court is 824 North Market Street, Third Floor, Wilmington, Delaware 19801.

      6. Requests for additional copies of the Disclosure Statement and the Plan (with all exhibits filed with the Court) by parties in interest may be obtained by contacting New Century TRS Holdings, Inc., et al., c/o XRoads Case Management Services, 1821 East Dyer Road, Suite 225, Santa Ana, CA 92705 (Attention: Kathy Morris; Telephone: (800) 784-9571; Electronic Mail: infocms@xroads.com) and Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, Attention: Mark D. Collins, Esq. Copies of the Disclosure Statement and the Plan (with all exhibits filed with the Court) are available for review at the office of the Clerk of the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, and may be reviewed by any party in interest during normal business hours.

      7. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

Dated: _____, 2008  Respectfully submitted,
Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

and

Suzzanne S. Uhland
Ben H. Logan
Andrew M. Parlen
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

7