# **EXHIBIT D**

LA3:1142733.8
RLF1-3254619-1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| Debtors. | : | **Jointly Administered** |
| | : | |
| | : | Objection Deadline: |
| | | Hearing Date: |

**NOTICE OF NONVOTING STATUS WITH RESPECT
TO HOLDERS OF CLAIMS IN CLASSES HC1, HC2, HC5, HC6, HC8, HC9, HC11,
HC12, OP1, OP2, OP4, OP5, OP7, OP8, OP10, OP11, AL1 AND AL2**

**AS A HOLDER OF A CLAIM IN CLASS ___, PLEASE TAKE NOTICE THAT:**

On _____, 2008, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008 (the "Disclosure Statement"), for use by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in soliciting acceptances or rejections of the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008 (the "Plan") from Holders of certain Impaired Claims who are (or may be) entitled to receive distributions under the Plan.

**Class HC1 - Priority Claims Against New Century Financial Corporation ("NCFC")**
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS HC1 CLAIM AND NCFC (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS HC1 PRIORITY CLAIMS AGAINST NCFC ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class HC2 - Secured Claims Against NCFC
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS HC2 SECURED CLAIMS AGAINST NCFC SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY NCFC (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS HC2 SECURED CLAIMS AGAINST NCFC ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class HC5 - Priority Claims Against New Century TRS Holdings, Inc. ("TRS Holdings")
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS HC5 CLAIM AND TRS HOLDINGS (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS HC5 PRIORITY CLAIMS AGAINST TRS HOLDINGS ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class HC6 - Secured Claims Against TRS Holdings

YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS HC6 SECURED CLAIMS AGAINST TRS HOLDINGS SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY TRS HOLDINGS (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS HC6 SECURED CLAIMS AGAINST TRS HOLDINGS ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

<u>Class HC8 - Priority Claims Against New Century Credit Corporation ("NC Credit")</u>
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS HC8 CLAIM AND NC CREDIT (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS HC8 PRIORITY CLAIMS AGAINST NC CREDIT ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

<u>Class HC9 - Secured Claims Against NC Credit</u>
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS HC9 SECURED CLAIMS AGAINST NC CREDIT SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER,

(b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY NC CREDIT (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER.  PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS HC9 SECURED CLAIMS AGAINST NC CREDIT ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

**Class HC11 - Priority Claims Against New Century Residual IV Corporation ("NC Residual IV")**
YOU ARE NOT IMPAIRED UNDER THE PLAN.  PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS HC11 CLAIM AND NC RESIDUAL IV (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE.  PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS HC11 PRIORITY CLAIMS AGAINST NC RESIDUAL IV ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

**Class HC12 - Secured Claims Against NC Residual IV**
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS HC12 SECURED CLAIMS AGAINST NC RESIDUAL IV  SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY NC RESIDUAL IV (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER.  PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS HC612 SECURED CLAIMS AGAINST NC RESIDUAL IV ARE

CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

<u>Class OP1 - Priority Claims Against New Century Mortgage Corporation ("NCMC")</u>
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS OP1 CLAIM AND NCMC (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS OP1 PRIORITY CLAIMS AGAINST NCMC ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

<u>Class OP2- Secured Claims Against NCMC</u>
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS OP2 SECURED CLAIMS AGAINST NCMC SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY NCMC (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS OP2 SECURED CLAIMS AGAINST NCMC ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

<u>Class OP4 - Priority Claims Against New Century Capital Corporation ("NC Capital")</u>
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS OP4 CLAIM AND NC CAPITAL (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST,

AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS OP4 PRIORITY CLAIMS AGAINST NC CAPITAL ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class OP5 - Secured Claims Against NC Capital
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS OP5 SECURED CLAIMS AGAINST NC CAPITAL SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY NC CAPITAL (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS OP5 SECURED CLAIMS AGAINST NC CAPITAL ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class OP7 - Priority Claims Against Home123 Corporation ("Home123")
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS OP7 CLAIM AND HOME123 (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS OP7 PRIORITY CLAIMS AGAINST HOME123 ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class OP8 - Secured Claims Against Home123
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS OP8 SECURED CLAIMS AGAINST

HOME123 SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY HOME123 (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER.  PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS OP8 SECURED CLAIMS AGAINST HOME123 ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class OP10 - Priority Claims Against NC Asset Holding, L.P. ("NC Asset Holding"), NC Deltex, LLC ("NC Deltex"), New Century R.E.O. Corp. ("NC REO"), New Century R.E.O. II Corp. ("NC REO II"), New Century R.E.O. III Corp. ("NC REO III"), NC Residual III Corporation ("NC Residual III"), New Century Mortgage Ventures, LLC ("NCM Ventures"), and NCoral, L.P. ("NCoral")
YOU ARE NOT IMPAIRED UNDER THE PLAN.  PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS OP10 CLAIM AND THE DEBTOR SUCH CLAIM IS AGAINST (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE.  PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS OP10 PRIORITY CLAIMS AGAINST NC ASSET HOLDING, NC DELTEX, NC REO, NC REO II, NC REO III, NC RESIDUAL III, NCM VENTURES, OR NCORAL ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

Class OP11 - Secured Claims Against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, or NCoral
YOU ARE NOT IMPAIRED UNDER THE PLAN.  PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS OP11 SECURED CLAIMS AGAINST NC ASSET HOLDING, NC DELTEX, NC REO, NC REO II, NC REO III, NC RESIDUAL III, NCM VENTURES, OR NCORAL SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND

RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY THE DEBTOR SUCH CLAIM IS AGAINST (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS OP11 SECURED CLAIMS AGAINST NC ASSET HOLDING, NC DELTEX, NC REO, NC REO II, NC REO III, NC RESIDUAL III, NCM VENTURES, OR NCORAL ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

**Class AL1 - Priority Claims Against New Century Warehouse Corporation ("Access Lending")**
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, UNLESS THE HOLDER OF AN ALLOWED CLASS AL1 CLAIM AND ACCESS LENDING (IF PRIOR TO OR ON THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AGREE TO A DIFFERENT TREATMENT, THE LIQUIDATING TRUSTEE SHALL PAY EACH SUCH HOLDER OF AN ALLOWED PRIORITY CLAIM, IN FULL, IN CASH, WITHOUT INTEREST, AS SOON AS PRACTICABLE AFTER THE EFFECTIVE DATE. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLASS AL1 PRIORITY CLAIMS AGAINST ACCESS LENDING ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.

**Class AL2 - Secured Claims Against Access Lending**
YOU ARE NOT IMPAIRED UNDER THE PLAN. PURSUANT TO TERMS OF THE PLAN, HOLDERS OF ALLOWED CLASS AL2 SECURED CLAIMS AGAINST ACCESS LENDING SHALL, AT THE OPTION OF THE LIQUIDATING TRUSTEE, EITHER (i) HAVE THEIR CLAIMS REINSTATED AND RENDERED UNIMPAIRED IN ACCORDANCE WITH SECTION 1124(2) OF THE BANKRUPTCY CODE OR (ii) RECEIVE, IN FULL SATISFACTION, SETTLEMENT, AND RELEASE OF, AND IN EXCHANGE FOR, SUCH SECURED CLAIMS (a) CASH IN THE AMOUNT OF YOUR ALLOWED SECURED CLAIM AGAINST NCFC ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, (b) THE PROPERTY OF THE ESTATE WHICH CONSTITUTES COLLATERAL FOR

**SUCH ALLOWED SECURED CLAIM ON THE LATER OF THE INITIAL DISTRIBUTION DATE UNDER THE PLAN AND THE DATE SUCH CLAIM BECOMES AN ALLOWED CLAIM, OR AS SOON AS PRACTICABLE THEREAFTER, OR (c) SUCH OTHER TREATMENT AS MAY BE AGREED UPON BY ACCESS LENDING (IF PRIOR TO THE EFFECTIVE DATE) OR THE LIQUIDATING TRUST (IF AFTER THE EFFECTIVE DATE) AND SUCH HOLDER. PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, THE HOLDERS OF ALLOWED CLAIMS IN CLASS AL2 SECURED CLAIMS AGAINST ACCESS LENDING ARE CONCLUSIVELY PRESUMED TO HAVE VOTED TO ACCEPT THE PLAN, AND, THEREFORE, YOUR VOTES WILL NOT BE SOLICITED.**

PLEASE TAKE FURTHER NOTICE that a hearing to consider confirmation of the Plan will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge for the District of Delaware, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801 on April 23, 2008 at __ _.m. (Eastern Time) (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time without further notice except for an announcement made at the Confirmation Hearing or any adjourned confirmation hearing. Pursuant to Rule 3017(a) of the Federal Rules of Bankruptcy Procedure and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, any party requesting a copy of the Disclosure Statement or the Plan shall furnish their request in writing to New Century TRS Holdings, Inc., et al., c/o XRoads Case Management Services, 1821 East Dyer Road, Suite 225, Santa Ana, CA 92705, Attention: Kathy Morris and Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899, Attention: Mark D. Collins, Esq. The Debtors will, at their own expense, provide a copy of the Disclosure Statement or Plan to the requesting party.

Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and served so that they are received by (i) the Debtors: New Century Financial Corporation, 3337 Michelson Drive, Suite CN-350, Irvine, CA 92612, Attention: Monika L. McCarthy, Esq.; (ii) counsel to the Debtors: Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Michael J. Merchant Esq., and O'Melveny & Myers LLP, 275 Battery Street, 26th Floor San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq. and Andrew M. Parlen, Esq..; (iii) counsel to the Official Committee of General Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attention: Mark S. Indelicato, Esq. and Mark T. Power, Esq.) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and Regina Stango Kelbon, Esq.); and (iv) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attention: Joseph J. McMahon, Jr., Esq.), no later than 4:00 p.m., Eastern Time, on April 11, 2008. For the purpose of filing pleadings in these cases, the address of the Court is 824 North Market Street, Third Floor, Wilmington, Delaware 19801.

Dated: _____, 2008  
Wilmington, Delaware

Respectfully submitted,

_____

Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Christopher M. Samis (No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
P.O. Box 551  
Wilmington, Delaware 19899  
(302) 651-7700

and

Suzzanne S. Uhland  
Ben H. Logan  
Andrew M. Parlen  
O'MELVENY & MYERS LLP  
275 Battery Street  
San Francisco, California 94111  
(415) 984-8700

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION