# **EXHIBIT G**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| **Debtors.** | : | **Jointly Administered** |
| | : | |
| | : | |

**ORDER (A) APPROVING DISCLOSURE STATEMENT REGARDING JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF FEBRUARY 2, 2008 (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT JOINT PLAN OF LIQUIDATION AND (C) SCHEDULING A HEARING ON CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND APPROVING RELATED NOTICE PROCEDURES**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for an Order (A) Approving Proposed Disclosure Statement Regarding Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Chapter 11 Plan of Liquidation and (C) Scheduling a Hearing on Confirmation of Joint Chapter 11 Plan of Liquidation and Approving Related Notice Procedures (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

"Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

a.   Capitalized terms not otherwise defined in this order have the meanings given to them in the Motion.

b.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

c.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

d.   Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

e.   The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' estate and creditors.

f.   The Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dates as of February 2, 2008 (the "Disclosure Statement"), contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

g.   The forms of ballots attached hereto as Exhibit A (the "Ballots") (1) are consistent with Official Form No. 14, (2) adequately address the particular needs of these

Chapter 11 Cases, (3) are appropriate for each Class of Claims entitled to vote to accept or reject the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008 (the "Plan") and (4) comply with Bankruptcy Rule 3017(d).

        h.      Ballots need not be provided to Holders of Claims and Interests in the Classes listed in the following table (the "Non-Voting Classes") because such Classes under the Plan are either unimpaired and are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code or are impaired and entitled to receive nothing under the Plan and are conclusively presumed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code:

| Class | Description |
|---|---|
| Class HC1 | Priority Claims against New Century Financial Corporation ("NCFC") |
| Class HC2 | Secured Claims against NCFC |
| Class HC4a | Series A Preferred Stock Interests |
| Class HC4b | Series A 510(b) Claims |
| Class HC4c | Series B Preferred Stock Interests |
| Class HC4d | Series B 510(b) Claims |
| Class HC4e | Common Stock Interests and Common Stock 510(b) Claims |
| Class HC5 | Priority Claims against New Century TRS Holdings, Inc. ("TRS Holdings") |
| Class HC6 | Secured Claims against TRS Holdings |
| Class HC8 | Priority Claims against New Century Credit Corporation ("NC Credit") |
| Class HC9 | Secured Claims against NC Credit |
| Class HC11 | Priority Claims against New Century Residual IV Corporation ("NC Residual IV") |
| Class HC12 | Secured Claims against NC Residual IV |

LA3:1142733.8
RLF1-3254619-1

3

| Class | Description |
|---|---|
| Class OP1 | Priority Claims against New Century Mortgage Corporation ("NCMC") |
| Class OP2 | Secured Claims against NCMC |
| Class OP4 | Priority Claims against New Century Capital Corporation ("NC Capital") |
| Class OP5 | Secured Claims against NC Capital |
| Class OP7 | Priority Claims against Home123 Corporation ("Home123") |
| Class OP8 | Secured Claims against Home123 |
| Class OP10 | Priority Claims against NC Asset Holding, L.P. ("NC Asset Holding"), NC Deltex, LLC ("NC Deltex"), New Century R.E.O. Corp. ("NC REO"), New Century R.E.O. II Corp. ("NC REO II"), New Century R.E.O. III Corp. ("NC REO III"), NC Residual III Corporation ("NC Residual III"), New Century Mortgage Ventures, LLC ("NCM Ventures"), and NCoral, L.P. ("NCoral") |
| Class OP11 | Secured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |
| Class AL1 | Priority Claims against New Century Warehouse Corporation ("Access Lending") |
| Class AL2 | Secured Claims against Access Lending |

   i. The period during which the Debtors and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") may solicit votes to accept or reject the Plan, as established by this Order, provides a sufficient time for Creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

   j. The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

k.  The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The Disclosure Statement is APPROVED.

3.  The Ballots substantially in the forms attached to the Motion as Exhibit B, including the instructions attached to the Ballots, are APPROVED. The Ballots shall be distributed only to Holders of Claims in the Classes listed in the following table, as such Classes are the only Classes entitled to vote to accept or reject the Plan:

| Class | Description |
| --- | --- |
| Class HC3a | Special Deficiency Claims against NCFC |
| Class HC3b | Other Unsecured Claims against NCFC |
| Class HC7 | Other Unsecured Claims against TRS Holdings |
| Class HC10a | Special Deficiency Claims against NC Credit |
| Class HC10b | Other Unsecured Claims against NC Credit |
| Class HC13 | Other Unsecured Claims against NC Residual IV |
| Class OP3a | Special Deficiency Claims against NCMC |
| Class OP3b | EPD/Breach Claims against NCMC |
| Class OP3c | Other Unsecured Claims against NCMC |
| Class OP6a | Special Deficiency Claims against NC Capital |
| Class OP6b | EPD/Breach Claims against NC Capital |
| Class OP6c | Other Unsecured Claims against NC Capital |
| Class OP9a | Special Deficiency Claims against Home123 |
| Class OP9b | Other Unsecured Claims against Home123 |

| Class | Description |
|---|---|
| Class OP12 | Other Unsecured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |
| Class AL3 | Other Unsecured Claims against Access Lending |

4. To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to the Balloting Agent either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier or (c) by personal delivery so that, in each case, they are received by the Balloting Agent no later than 5:00 p.m., Pacific Time, on April 17, 2008 or such other date established by the Debtors that is approximately 30 days after the commencement of the solicitation period in accordance with the provisions as set forth below (the "Voting Deadline").

5. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim and without prejudice to the rights of the Debtors in any other context each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be temporarily allowed in accordance with the following rules (the "Tabulation Rules"):

> a) Other than Claims in Classes OP3b and OP6b and unless otherwise provided in the Tabulation Rules described below, a Claim shall be deemed temporarily allowed for voting purposes in an amount equal to (i) the amount of such Claim as set forth in a timely filed Proof of Claim or (ii) if no Claim has been timely filed, the amount of such Claim as set forth in the respective Debtors' Schedules if such claim is listed in the Schedules;
>
> b) Claims in Classes OP3b and OP6b shall be temporarily allowed for voting purposes in an amount equal to the damages determined by the EPD/Breach Claim Protocol, a draft of which is attached as Exhibit F to the Motion and a previous version of which was attached as Exhibit B to the Plan as filed on February 2, 2008; in order to determine this damage amount, a Holder of a Claim in these Classes, must supply the information

requested by the Debtors in questionnaires that the Debtors transmitted to Creditors in these Classes on or about January 23, 2008; if a Holder of such a Claim fails to provide the Debtors with the requested information so that the Debtors are unable to determine the amount of damages that would be calculated pursuant to the EPD/Breach Protocol, the Claim shall be temporarily allowed for voting purposes only in the amount of $1.00;

c) If a Claim is deemed allowed in accordance with the Plan, such Claim shall be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan;

d) If a Claim for which a Proof of Claim has been timely filed is filed as a contingent or unliquidated Claim it shall be temporarily allowed for voting purposes only in the amount of $1.00;

e) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

f) If the Debtors have filed and served an objection to a Claim by the Voting Deadline, which objection has not been resolved, such Claim shall be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection or by order of the Court unless the Court has issued an order estimating or otherwise temporarily allowing the Claim for voting purposes pursuant to a motion filed by the Creditor;

g) If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the lesser amount identified on such Ballot;

h) If a Holder of a Claim identifies a Claim amount on its Ballot that is more that the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules;

i) Any Ballot received from a Holder of a Claim listed as contingent, disputed, or unliquidated in the Debtors' Schedules shall not be counted unless the Holder of such Claim filed a Proof of Claim on or before the applicable Bar Date.

6. If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules, such claimant must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or

classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the Debtors so that it is received by the later of (a) March 27, 2008 and (b) five days after the date of service of a notice of an objection, if any, to the underlying Claims. Any Ballot submitted by a creditor that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules and the other applicable provisions of this order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

7. In tabulating the Ballots, the following additional procedures shall be utilized: (a) any Ballot that is properly completed, executed and timely returned to the Balloting Agent, but that does not indicate an acceptance or rejection of the Plan, shall not be counted either as a vote to accept the Plan or a vote to reject the Plan; (b) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (c) if a Creditor holds a Claim in more than on Class, such creditor must submit a separate Ballot for voting its Claims in each Class; (d) if a Creditor uses one Ballot to vote Claims in more than one Class, such Ballot shall not be counted; and (e) Creditors shall be required to vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes; thus, a Ballot (or a group of Ballots within a Plan Class received from a single Creditor) that partially rejects and partially accepts the Plan shall not be counted.

8. No later than April 21, 2008, the Balloting Agent shall file a voting report (the "Voting Report") with the Bankruptcy Court which shall detail the tabulation of Ballots cast

for or against the Plan. The Voting Report shall also detail any defective, irregular or otherwise invalid Ballots that were not counted.

9. The Confirmation Hearing is scheduled to be conducted on April 23, 2008 at [____.m]. The Confirmation Hearing may be continued from time to time without further notice except for an announcement made at the Confirmation Hearing or any adjourned confirmation hearing.

10. Objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection to the confirmation of the Plan; and (d) be filed with the Court and served on (i) the Debtors: New Century Financial Corporation, 3337 Michelson Drive, Suite CN-350, Irvine, CA 92612, Attention: Monika L. McCarthy, Esq.; (ii) counsel to the Debtors: Richards, Layton & Finger, One Rodney Square, 920 King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Michael J. Merchant Esq., and O'Melveny & Myers LLP, 275 Battery Street, 26th Floor San Francisco, California 94111, Attention: Suzzanne S. Uhland, Esq. and Andrew M. Parlen, Esq..; (iii) counsel to the Official Committee of General Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attention: Mark S. Indelicato, Esq. and Mark T. Power, Esq.) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and Regina Stango Kelbon, Esq.); and (iv) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attention: Joseph J. McMahon, Jr., Esq.) so that they are received no later than 4:00 p.m., Eastern Time, on April 11, 2008 (the "Confirmation Objection Deadline").

11. The Confirmation Hearing Notice substantially in the form attached hereto Exhibit C is APPROVED. The Plan Proponents shall serve copies of the Confirmation Hearing Notice substantially in the form attached hereto as Exhibit C, along with the other materials comprising the Solicitation Package, in accordance with the procedures below.

12. Pursuant to Bankruptcy Rule 3017(d), March 10, 2008 shall be the record date for purposes of determining which Holders of Claims or Interests are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date"). The establishment of the Record Date is for notice purposes only and shall otherwise have no preclusive effect.

13. With respect to a transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if, by the Record Date, (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee shall be treated as a single Creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code and the other voting and solicitation procedures set forth in this order.

14. With regard to Holders of Claims entitled to vote to accept or reject the Plan, the Plan Proponents shall mail or cause to be mailed Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing); and (c) an appropriate form of Ballot and a Ballot return envelope. Additionally, the Solicitation Packages mailed to Holders of Claims in Classes OP3b and OP6b shall contain

copies of the EPD/Breach Claim Protocol used to calculate the temporarily allowed amount of such Claims, which is attached hereto as Exhibit D. If a Creditor is entitled to vote to accept or reject the Plan on account of more than one Claim, the Plan Proponents shall mail a single Solicitation Package to such Creditor, which Solicitation Package shall contain the appropriate form of Ballots and Ballot return envelopes.

15. With regard to Holders of Claims (other than 510(b) Claims) in the Non-Voting Classes, the Plan Proponents shall mail or cause to be mailed a notice of non-voting status, substantially in the form attached hereto as Exhibit E, the Confirmation Hearing Notice, and the Disclosure Statement. With regard to Holders of NCFC Interests and Holders of 510(b) Claims, the Plan Proponents shall mail or cause to be mailed a notice of non-voting status, substantially in the form attached hereto as Exhibit F, the Confirmation Hearing Notice, and the Disclosure Statement; provided, however, that with respect to Holders of NCFC Interests, the Plan Proponents need only mail or caused to be mailed such Solicitation Packages to holders of record of NCFC Interests as of the Record Date.

16. The Solicitation Packages containing the materials indicated above shall be mailed not less than 30 days prior to the Confirmation Objection Deadline to: (a) all persons or entities that have filed Proofs of Claim on or before the Record Date; (b) all persons or entities listed in the Schedules as holding liquidated, noncontingent, undisputed Claims as of the Record Date (or their transferees or record holders); (c) all other known Holders of Claims against the Debtors (or their transferees or record holders, where applicable), if any, as of the Record Date; (d) all holders of record of NCFC Interests as of the Record Date, (e) all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Chapter 11 Cases on or

before the Record Date; (e) Michael J. Missal of Kirkpatrick & Lockhart Preston Gates Ellis; and (f) the Office of the United States Trustee for the District of Delaware.

17. In addition, the Plan Proponents shall serve the Confirmation Hearing Notice on (i) the List of Creditors filed contemporaneously with the Debtors' chapter 11 petitions and (ii) any additional parties that the Plan Proponents, in the exercise of their sole discretion, determine should receive the Confirmation Hearing Notice.

18. The Plan Proponents will not be required to mail Solicitation Packages or the Confirmation Hearing Notice to any individual or entity at an address from which Disclosure Statement Notice was returned by the United States Postal Service as undeliverable unless the Plan Proponents were provided with an accurate address by such individual or entity prior to the Record Date.

19. The Plan Proponents and the Balloting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this order without seeking further Order of the Court.

Dated: March __, 2008
       Wilmington, Delaware

                                                The Honorable Kevin J. Carey
                                                United States Bankruptcy Judge