IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : |
| | : Proposed Hearing Date: 3/5/08 at 1:30 p.m. |
| | : Proposed Objection Deadline: 2/27/08 at 4:00 p.m. |

**DEBTORS' MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) APPROVING A SETTLEMENT BETWEEN THE DEBTORS, POSITIVE SOFTWARE SOLUTIONS, INC. AND EDWARD MANDEL AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court, pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order approving that certain Settlement Agreement and Mutual Release of Claims, dated February 19, 2008, between the Debtors, Positive Software Solutions, Inc. ("PSSI") and Edward Mandel ("Mandel"), a copy of which is attached hereto as Exhibit A (the "Settlement Agreement"), and

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

granting related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent to the Court as follows:

### General Background

1. On April 2, 2007 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors are continuing in possession of their respective properties and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background to Settlement Agreement

4. The history of this matter is lengthy and well known by the Court at this point. In the interest of judicial economy and efficiency, the Debtors refer to and incorporate herein the background facts contained in (a) the Settlement Agreement itself, and (b) the *Debtors' (A) Response to the "Second Motion of Positive Software Solutions, Inc. for Relief from the Stay Regarding Copyright Infringement Litigation," (B) Cross-Motion to Disallow or Estimate Positive Software's Proofs of Claim and (C) Objection to Proofs of Claim* (the "Cross Motion") [Docket No. 4751].

5. At the omnibus hearing on February 6, 2008, the Court indicated it would lift the automatic stay on a limited basis to allow proceedings on the motion to vacate or confirm the arbitration award, and also would conduct a multiple day estimation hearing in Delaware in

connection with the confirmation hearing in April on PSSI's four separate $580 million proofs of claim. Accordingly, both parties and the Committee recognized that the fees of litigation would start to accrue immediately, and accordingly revived settlement communications.

6. In an effort to fully and finally resolve certain disputes between the Debtors, PSSI and Mandel, the parties have entered into the Settlement Agreement. The most salient terms of the Settlement Agreement are as follows:[2]

- **Payment and Other Financial Consideration:** The Debtors shall pay to PSSI a one-time cash payment of two million dollars $2,000,000 on or before five (5) business days immediately following the Effective Date.[3] Additionally, (i) PSSI's proof of claim against New Century Financial Corporation shall be an "Allowed HC3b Claim", as that class of claims is defined under the Plan, in the amount of fifteen million dollars ($15,000,000.00), (ii) PSSI's proof of claim against New Century Mortgage Corporation shall be an "Allowed OP3c Claim," as that class of claims is defined under the Plan, in the amount of fifteen million dollars ($15,000,000.00) and (iii) PSSI's proof of claim against Home123 and New Century TRS Holdings, Inc. shall be disallowed.

- **Privilege Waiver:** The parties will enter into the "Waiver of Privileges, Exemptions and Objections to Discovery" attached as Exhibit A to the Settlement Agreement (the "Waiver"). In general, the Waiver (a) waives the Debtors' attorney-client privilege and work product immunity in connection with the Positive Software matters, and (b) provides that the Debtors will turn over certain hard and electronic documents in their possession to a third party vendor which, at PSSI's expense, will segregate documents to produce to PSSI. Prior to production, the third party vendor will provide five (5) days written notice to counsel for certain former officer co-defendants in the 2003 Litigation and to counsel for Susman Godfrey, to provide them the opportunity to object to production to PSSI if they so choose.

- **Mutual Release:** PSSI and Edward Mandel release the Debtors and their successors, assigns, subsidiaries, divisions, predecessors, present and former employees, present and former employees of Alix Partners, present and former attorneys (including in house attorneys), expert witnesses, agents and all others in privity with them other than the Excluded Parties, as well as the

---

[2] The terms set forth herein are intended only as a summary of the terms of the Settlement Agreement. This Motion is qualified in its entirety by the terms of the Settlement Agreement. In the event of any inadvertent discrepancy, the terms of the Settlement Agreement are intended to govern.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

Official Committee of Unsecured Creditors and its members, attorneys and agents and the successor of any such entity, including a post-Plan confirmation liquidating trust, corporation, partnership or limited liability company for any acts, omissions, statements or conduct that is related in any way to the Released Claims (as defined in the Settlement Agreement). Additionally, the Debtors release PSSI and Mandel and their successors, assigns, subsidiaries, divisions, predecessors, attorneys, agents and all others in privity with them for any acts, omissions, statements or conduct that is related in any way to the Released Claims.

- **Dismissal of Pending Motions and Proceedings:** The parties will dismiss the various proceedings among them which are specified in the Settlement Agreement, which include all proceedings in this Court and the appeal to the United States District Court for the District of Delaware, as well as proceedings in Texas.

- **No Plan Objection.** PSSI will not object to the Plan filed on February 2, 2008 and will not object to any modifications thereof except as specified in the Settlement Agreement.

### Requested Relief

7. By this Motion, the Debtors seek the entry of an order approving the Settlement Agreement and certain other related relief pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019. If the motion is granted, the Debotrs also seek the dismissal of all proceedings they commenced against PSSI in this Court, as well as the vacatur of this Court's order sanctioning PSSI for violation of the automatic stay, since these terms are considered by PPSI to be material consideration for the Settlement Agreement.

### Basis for Relief

8. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Code section 363(b) provides, in relevant part, that a debtor in possession "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The standard for approval of the sale and use of property of the estate under section

363(b) in this Circuit is whether the debtor can demonstrate a sound business justification for the proposed transaction. Dai-ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions.") (citing Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test in the context of a sale of assets under § 363(b))); In re Stroud Food, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991) (adopting Lionel in this District in the context of a sale of assets).

9.   Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996); In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("[T]he ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

10.   The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and

delay necessarily attending it; and (4) the paramount interest of the creditors." Id.; see also Depositor v. Mary M. Holloway Found., 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)).

11. The standard set forth above is plainly met in this case. Most importantly, the Settlement Agreement will allow the Debtors to put the contentious, complex and burdensome litigation associated with their dispute with PSSI -- which has already seen the Debtors expend several million dollars in fees which could easily double absent a settlement -- behind them and focus on confirming the Plan and making distributions thereunder for the benefit of their creditors. Additionally, it will obviate the need for the planned estimation hearing and eliminate the risk that this Court would require the Debtors to reserve for PSSI's claims at a sufficiently high level that voting in favor of the Plan could be jeopardized (for the reasons set forth in the Cross Motion) and/or force creditors to await an adjudication on the merits for a lengthy period before receiving distributions.

12. Accordingly, the Debtors believe that this represents a fair and reasonable settlement of their dispute with PSSI because the Settlement Agreement allows the Debtors to avoid the expense, uncertainty and delay associated with litigating the dispute. For these reasons, the Debtors believe that the resolution contained in the Settlement Agreement is in the best interests of their estates and should be approved by this Court.

## Notice

13. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Official Committee of Unsecured Creditors, (iii) the Examiner appointed in these Chapter 11 cases, (iv) counsel to PSSI, (v) Susman Godfrey, (vi) Susman Godfrey's counsel, (vii), counsel to the other defendants in the 2003 Litigation, Frank Nese and Jeff Lemieux, and (viii) all parties which have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be given.

14. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, approving the terms of the Settlement Agreement and certain related relief and granting such other and further relief as the Court may deem just and proper.

Dated: February 19, 2008
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION