IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: March 18, 2008 @ 4:00 p.m.<br>Hearing Date: March 25, 2008 @ 1:30 p.m. |

### DEBTORS' NON-SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CLAIM OF INTERNAL REVENUE SERVICE FOR WHICH INSUFFICIENT DOCUMENTATION IS ATTACHED TO THE FILED PROOF OF CLAIM

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules"), to a proof of claim filed by the Internal Revenue Service ("IRS") for which insufficient documentation is attached (the "Amended Claim") attached as Exhibit A to the proposed order attached hereto as Exhibit 3 (the "Proposed Order"), and for the

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

reasons set forth herein, seek entry of the Proposed Order disallowing and expunging the Amended Claim. In support of this Objection, the Debtors rely on the Declaration of Jamie Lisac attached hereto as Exhibit 2 (the "Lisac Declaration"). In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1.

## BACKGROUND

### A. The Chapter 11 Filings

3. On April 2, 2007 (the "Petition Date"), the Debtors filed the instant petitions for relief. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

4. On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases. The Court entered an order granting the U.S. Trustee's motion for the appointment of Michael J. Missal as examiner on June 7, 2007.

### B. Government Bar Date and IRS Proofs of Claim

5. On June 28, 2007, the Court entered the *Order (A) Fixing General Bar Date for Filing Proofs of Claim, (B) Approving Procedures for Filing Proofs of Claim, and (C) Approving*

*Form, Manner and Sufficiency of Notice of the General Bar Date and Procedures for Filing Proofs of Claim* [Docket No. 1721] (the "Bar Date Order") which, among other things, established October 2, 2007 at 5:00 p.m. (Eastern Time) (the "Government Bar Date") as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) (each a "Claimant") against one or more of the Debtors, except for claims against New Century Warehouse Corporation,[2] to file and serve a written proof of claim for payment of any such claim. The Government Bar Date applies to all purported claims held by governmental units against the Debtors arising prior to the Petition Date. Notice of the Government Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

6. On May 3, 2007, the IRS filed a proof of claim for income and employment taxes against New Century TRS in the amount of $400,045,991.44 (attached hereto as Exhibit 1) (the "Original Claim"). Of this amount, slightly less than $300,000,000 was listed as employment tax liability for periods spanning from 2003 through 2007. The remaining amount, approximately $103,000,000, was listed as corporate income tax liability for the taxable years ending December 31, 2003 ($10,000), December 31, 2004 (approximately $32,000,000), December 31, 2005 (approximately $44,000,000) and December 31, 2006 (approximately $27,000,000). The Original Claim includes notations next to the amount of corporate income tax claimed for each taxable year. The notation for the 2003, 2004 and 2005 taxable years is: "pending

---

[2] Debtor New Century Warehouse Corporation ("NC Warehouse") did not file its chapter 11 petition until August 3, 2007. As such, the Bar Date Order does not apply with respect to claims against NC Warehouse. On October 23, 2007, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claims in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner, and Sufficiency of Notice Thereof* [Docket No. 3404], which, among other things, established December 14, 2007 at 5:00 p.m. as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against NC Warehouse to file and serve a written proof of claim for payment of any such claim. The deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file and serve a written proof of claim for payment of any such claim is 5:00 p.m. (Eastern Time) on January 31, 2008.

3

examination." The notation for the 2006 taxable year is: "unassessed—no return." (On August 1, 2007, New Century TRS filed a consolidated tax return for the Debtors' 2006 taxable year reporting a net operating loss of approximately $188,000,000. Accordingly, the Debtors reported no corporate income tax liability for the 2006 taxable year.) Other than these notations, there is no support for the amount of corporate income tax claimed by the IRS in the Original Claim.

7. On November 20, 2007, the IRS filed the Amended Claim amending the Original Claim. The Amended Claim is for approximately $103,000,000 in corporate income taxes as described in the immediately preceding paragraph. The approximately $300,000,000 of alleged employment tax liability shown on the Original Claim was eliminated after the Debtors were able to convince the IRS that such taxes had, in fact, been duly and timely paid.

8. In general, the Debtors object to the Amended Claim on non-substantive grounds, because insufficient documentation is attached to the proof of claim filed by the IRS and, thus, the Amended Claim is not substantiated by documentation. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' federal corporate income tax liabilities for each taxable year, including taxable years 2003 through 2006. A review of the Amended Claim and the Books and Records by the Debtors and their advisors, including their tax advisors, indicates that the Debtors owe no net amount to the IRS, but instead are owed a refund.

9. The IRS is held to the same standard as other creditors and had a duty in this case to investigate and support the Amended Claim. Given the state of the market in 2006, the Debtors do not believe it was reasonable for the IRS to estimate that the Debtors even had corporate income tax liability for 2006. Indeed, the Debtors' 2006 tax return, filed *prior* to the Amended Claim, reports a *net operating loss* of $188,000,000, which, when carried back to

4

taxable years in which the Debtors had income, results in a *tax refund* of approximately $66,000,000. Notwithstanding the substantial loss reported by the Debtors, the Amended Claim lists over $27,000,000 in corporate income tax for 2006, and over $100,000,000 in total.

10. Furthermore, at the time the Amended Claim was filed, the IRS had been auditing the Debtors' federal income tax returns for 2004, 2005 and 2006 for an extended period of time. Notwithstanding this lengthy review, the Amended Claim is devoid of documentation or even an attempt at an explanation for the enormous amounts alleged to be due. In sum, given the state of the market, the fact that the IRS has been auditing the Debtors for over one year, and the fact that the Debtors filed an income tax return for 2006 reporting a significant net operating loss *prior* to the time the IRS filed the Amended Claim, which loss results in an overall refund for the period in question, the Amended Claim is objectionable on non-substantive grounds—that insufficient documentation is attached to the proof of claim filed by the IRS as a result of the IRS's failure to make a reasonable inquiry, investigate and support the Amended Claim.[3]

### RELIEF REQUESTED

11. By this Objection, the Debtors object to the Amended Claim and, for the reasons described below, seek entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1, disallowing and expunging the Amended Claim as set forth below. The Debtors make this Objection without prejudice to any and all rights of the Debtors or their representatives to make additional objections to the Amended Claim on any basis.

---

[3] *Cf In re Hamilton*, 104 B.R. 525, 526 (Bankr. M.D. Ga. 1989) (sanctioning the IRS pursuant to Bankruptcy Rule 9011 because "[t]he IRS offered no evidence as to why it submitted a proof of claim on taxes that were not owed[,]" notwithstanding that the IRS moved quickly and voluntarily to correct the claim by filing an amended proof of claim when the error was pointed out by the debtors); *In re McAllister*, 123 B.R. 393 (Bankr. D. Or. 1991) (sanctioning a state taxing authority pursuant to Bankruptcy Rule 9011 for failure to conduct a reasonable inquiry into the tax liability of the debtor).

## BASIS FOR RELIEF REQUESTED

12. Insufficient documentation is attached to the Amended Claim filed by the IRS, which is attached to the Proposed Order as <u>Exhibit A</u>. Pursuant to Local Rule 3007-1(d)(vi), the Debtors (a) object to the Amended Claim attached to the Proposed Order as <u>Exhibit A</u>, and (b) seek entry of the Proposed Order expunging the Amended Claim in its entirety.

## RESERVATION OF RIGHTS

13. The Debtors have asserted herein all of the non-substantive objections of which they are aware as of the date hereof with respect to the Amended Claim. However, due to the nature of the Amended Claim, other bases for objection may arise or the Debtors may become aware of other bases for objection at a later date. Accordingly, the Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Amended Claim or any other claims (filed or not) which may be asserted against the Debtors by the IRS. In addition, the Debtors reserve the right to seek further reduction of the Amended Claim to the extent such Claim has been paid.

## RESPONSES TO THE OBJECTION

### A. Filing and Service of Responses

14. Pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court, to contest the Objection, the IRS must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, Wilmington, Delaware 19801; and the Response must be served so as to be received by the undersigned counsel to the Debtors no later than **March 18, 2008 at 4:00 p.m. (Prevailing Eastern Time).**

**B.     Contents of Responses**

15. Any Response to the Objection must contain at a minimum the following information:

> (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;
>
> (b) the name of the Claimant and description of the basis for the amount of the Claim; a concise statement specifically setting forth the reasons why the Claim should not be disallowed by the Court in the manner set forth in the Objection, including, but not limited to, the specific factual and legal bases in support of the Response;
>
> (c) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Court, upon which the Claimant will rely in opposing the Objection;
>
> (d) the address(es), if different from that or those presented in the Claim, to which the Debtors must return any reply to the Response; and
>
> (e) the name, address, and telephone number of the person (who may be a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim.

16. If a Response contains an address different from that stated on the Amended Claim, that address in the Response shall control and shall be the service address for other future service of papers.

**C.     Timely Response Required; Hearing; Replies**

17. If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the IRS. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on **March 25, 2008 at 1:30 p.m. (Prevailing Eastern Time)**, or such other date and time as parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors

reserve the right to adjourn the hearing with respect to the Objection set forth herein and any Response thereto.

18. If the IRS is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Claim <u>without further notice to the IRS</u>.

19. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to the IRS' Response no later than 4:00 p.m. (Prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

## NOTICE

20. The Debtors will serve copies of this Objection by first-class United States mail, postage prepaid, upon the IRS at the address listed in the Amended Claim attached as <u>Exhibit A</u> to the Proposed Order. Copies of this Objection also shall be served upon the U.S. Trustee, counsel to the Committee of Unsecured Creditors, the Examiner appointed in these Chapter 11 cases, and all persons filing notices of appearance in these cases.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

21. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as <u>Exhibit 3</u> disallowing and expunging the Amended Claim, and (ii) grant such other and further relief as is just and proper.

Dated: February 22, 2008
      Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*

Mark Collins (No. 2981)
Michael J. Merchant (No. 3458)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
(415) 984-8700

COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

RLF1-3256409-1