# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered |

### DECLARATION OF JAMIE LISAC IN SUPPORT OF DEBTORS' NON-SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CLAIM OF INTERNAL REVENUE SERVICE FOR WHICH INSUFFICIENT DOCUMENTATION IS ATTACHED TO THE FILED PROOF OF CLAIM

I, Jamie Lisac, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Director with AlixPartners, LLP ("AP"), crisis managers for the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

3. In my role as Director at AP, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records. I submit this declaration (the "Declaration") in support of the Debtors' Non-Substantive Objection Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Claim of Internal Revenue Service for Which Insufficient Documentation is Attached to the Filed Proof of Claim (the "Objection"). I make this Declaration on the basis of AP's review of the Debtors' books and records (the "Books and Records") and the proofs of claim filed by the Internal Revenue Service (the "IRS") in these chapter 11 cases on May 3, 2007 (the "Original Claim") and November 20, 2007 (the "Amended Claim").

4. I assisted in the preparation of the Objection. In this regard, either I, or another employee of AP at my direction, (a) participated in the review of (i) the Original Claim and the Amended Claim, and (ii) the Debtors' Books and Records with respect to the Original Claim and the Amended Claim, and (b) read the Objection and the proposed order (the "Proposed Order"). Accordingly, I am familiar with the information contained therein and in Exhibit A to the Proposed Order.

5. To the best of my knowledge, information and belief, insufficient documentation is attached to the proof of claim filed by the IRS, i.e., the Amended Claim attached as Exhibit A to the Proposed Order, to substantiate the Amended Claim.

6. By this Objection, the Debtors object to the Amended Claim attached as Exhibit A to the Proposed Order, and seek entry of the Proposed Order disallowing and expunging the Amended Claim in its entirety.

2

## CONCLUSION

7. Based upon my review of the Original Claim and Amended Claim and the Debtors' Books and Records, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of February, 2008.

Jamie Lisac, Director
AlixPartners, LLP

3