IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., | : Case No. 07-10416 (KJC) |
| a Delaware Corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Objection Deadline: |
| | : March 17, 2008 at 4:00 p.m. |

-------------------------------------------------------x

**SEVENTH MONTHLY APPLICATION OF MICHAEL J. MISSAL,
THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FROM JANUARY 1, 2008 THROUGH JANUARY 31, 2008**

Name of Applicant: **Michael J. Missal, Examiner**

Date of Appointment: **June 5, 2007 (Order entered on June 7, 2007)**

Period for Which Compensation is Sought: **January 1, 2008 through January 31, 2008**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$152,947.80 (80% of $191,184.75)**[1] .

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$1,045.65**[2]

This is a:    **X** monthly    __ interim    __ final application.

---

[1] Reflects the Examiner's voluntary ten percent (10%) reduction of his fees for this matter.

[2] A portion of these expenses are on account of charges incurred during the Fifth Monthly Period that were not included in the Examiner's Fifth Monthly Fee Application because the expenses had not yet been invoiced at the time of the relevant fee period.

Prior Applications:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed Docket No.** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| Date Filed: 8/24/07 Docket No. 2571 | 6/5/07 - 7/31/07 | $198,673.20 (80% of $248,341.50) | $354.62 | $198,673.20 | $354.62 |
| Date Filed: 9/25/07 Docket No. 3058 | 8/1/07 - 8/31/07 | $137,703.60 (80% of $172,129.50) | $831.30 | $137,703.60 | $831.30 |
| Date Filed: 10/26/07 Docket No. 3430 | 9/1/07 - 9/30/07 | $106,853.40 (80% of $133,566.75) | $82.00 | $106,853.40 | $82.00 |
| Date Filed: 11/21/07 Docket No. 3932 | 10/1/07 – 10/31/07 | $140,731.20 (80% of $175,914.00) | $0.00 | $140,731.20 | $0.00 |
| Date Filed: 12/21/07 Docket No. 4187 | 11/1/07 – 11/30/07 | $138,591.00 (80% of $173,238.75) | $590.55 | $138,591.00 | $590.55 |
| Date Filed: 1/25/08 Docket No. 4708 | 12/1/07 – 12/31/07 | $128,046.60 (80% of $160,058.25) | $1,707.10 | $128,046.60[3] | $1,707.10 |

---

[3] As of the date of this Application, the Examiner has not received payment from the Debtors on account of his fees and expenses incurred pursuant to the Examiner's Sixth Monthly Application although the objection deadline has passed and there have been no objections to payment of the Sixth Monthly Application.

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Parking | | $15.00 |
| Cab Fare | | $11.00 |
| Hotel | Marriott | $623.00 |
| Airfare | | $362.65 |
| Ticketing and other miscellaneous fees | | $34.00 |
| | **TOTAL** | **$1,045.65** |

4

**ATTACHMENT B**
**TO FEE APPLICATION**

The following is a summary of the fees incurred by the Examiner during the period covered by this Seventh Monthly Fee Application:

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compens-ation |
|---|---|---|---|---|---|
| Michael J. Missal | Partner of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"); Joined K&L Gates in 1987; Practice Area(s): Securities Enforcement, Internal Investigations | Member of the DC Bar since 1982 | $775.00 | 274.1 | $212,427.50 |
| | | | **TOTAL** | **274.1** | **$212,427.50** |
| | | **VOLUNTARY 10% REDUCTION** | | | **($21,242.75)** |
| | | **DISCOUNTED TOTAL** | | | **$191,184.75** |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re:                                          :    Chapter 11
                                                :
NEW CENTURY TRS HOLDINGS, INC.,                 :    Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,                 :
                                                :    Jointly Administered
            Debtors.[4]                         :
                                                :    Objection Deadline:
                                                :    March, 17, 2008 at 4:00 p.m.
---------------------------------------------------------x

**SEVENTH MONTHLY APPLICATION OF MICHAEL J. MISSAL,
THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FROM JANUARY 1, 2008 THROUGH JANUARY 31, 2008**

Pursuant to Sections 330 and 331 of Chapter 11, Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Local Bankruptcy Rule 2016-2 and the Administrative Order Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals entered herein on

April 24, 2007 (the "Fee Procedures Order"), Michael J. Missal, the Court-approved Examiner

(the "Examiner"), hereby submits his seventh monthly application (the "Application") for

---

[4] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

allowance of compensation for the period from January 1, 2008 through January 31, 2008 (the

"Seventh Monthly Period"). For the Seventh Monthly Period, the Examiner seeks allowance of

interim compensation in the amount of $152,947.80 (80% of $191,184.75), and reimbursement

of actual and necessary expenses of $1,045.65, for a total of $153,993.45. In support of the

Application, the Examiner respectfully states:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§
157 and 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.    Venue of this proceeding and the Application is proper in this district
pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory predicates for the relief requested herein are 11 U.S.C. §§
105(a), 330 and 331, and Fed R. Bankr. P. 2016.

### BACKGROUND

5.    On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the
Debtors have continued to operate their businesses and manage their affairs as debtors-in-
possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6.    On June 1, 2007, the Court Entered an Order Denying in Part and
Granting in Part Motion of the United States Trustee (the "UST") for an Order Directing
Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner
Order").

7.      Pursuant to the Examiner Order, the Court authorized and directed the Examiner to, <u>inter alia</u>, "investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements." Examiner Order at ¶ 3. The Court also authorized and directed the Examiner to investigate any possible unauthorized post-petition use of cash collateral by the Debtors and to otherwise perform the duties of an examiner pursuant to Section 1106(a)(3) and (a)(4) of the Bankruptcy Code, subject to the provisions of the Examiner Order.  <u>Id.</u>

8.      On June 5, 2007, the UST appointed Michael J. Missal as the Examiner. On June 7, 2007, the Court entered an Order approving Mr. Missal's appointment.

## COMPENSATION PAID AND ITS SOURCE

9.      All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

10.     The Examiner has received no payment and has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between the Examiner and any other person for the sharing of compensation to be received for services rendered in this case, other than the partners of the law firm of K&L Gates, of which the Examiner is a partner and who serves as his counsel herein.

7

11.     Since his appointment, the Examiner has received payments from the Debtors totaling $724,410.87 , on account of 80% of the fees and 100% of the expenses requested in the Examiner's First, Second, Third, Fourth and Fifth Monthly Applications. As of the date of this Application, the Examiner has not received payment on account of his fees and expenses requested and approved pursuant to the Examiner's Sixth Monthly Application.

12.     No retainer has been paid to the Examiner for his services rendered or to be rendered pursuant to the Examiner Order.

## FEE STATEMENTS

13.     The Examiner's fee statement for the Seventh Monthly Period is attached hereto as Exhibit A. The fee statement contains the Examiner's daily time logs describing the time spent by the Examiner during the Seventh Monthly Period. The fee statement reflects an increase in K&L Gates' standard hourly rates for all K&L Gates personnel effective January 1, 2008.

14.     To the best of the Examiner's knowledge, and upon consultation with his counsel, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Fee Guidelines prescribed by the UST and the Fee Procedures Order.

15.     The Examiner notes that his time reports are organized and prepared on a daily basis, and that his charges for professional services have been billed at his standard hourly rate, less a 10% discount on his fees. The Examiner's requested compensation is commensurate with compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

8

16.     The Examiner did not incur any non-working travel time during the Seventh Monthly Period.

## ACTUAL AND NECESSARY EXPENSES

17.     A summary of the actual and necessary expenses incurred by the Examiner during the Seventh Monthly Period is attached as part of Attachment B to the Application, and a copy of the Examiner's expense records is attached as Exhibit B to the Application.

18.     During the Seventh Monthly Period, the Examiner incurred a total of $26.00 for the following expenses: (1) cab fare from the Wilmington, DE Amtrak train station to the United States Bankruptcy Court to attend a court hearing on January 23, 2008 in the amount of $11.00; and (2) a parking expense at Washington D.C. Union Station incurred to attend a meeting with the Court in Wilmington, DE on January 17, 2008 in the amount of $15.00. In addition, the Examiner incurred a total of $1,019.65 in expenses during the Fifth Monthly Period, which have not been previously invoiced, and for which payment is requested at this time: (1) airfare from Washington D.C. to New York, NY to attend an interview of a former director which occurred on November 20, 2007 in the amount of $362.65 and a ticketing fee of $34.00 incurred in connection with this travel; and (2) two nights of lodging at the Marriott Hotel in Irvine, CA to attend an interview of a former senior executive held at the offices of counsel for the interviewee in Irvine, CA in the amount of $623.00.

## SUMMARY OF SERVICES RENDERED

19.     The services performed by the Examiner during the Seventh Monthly Period are generally described below, with a more detailed identification of the actual services provided in the Examiner's time records attached hereto as Exhibit A.

9

20.     The Examiner devoted time throughout the Seventh Monthly Period to reviewing numerous documents, including documents produced by third parties and memoranda prepared by his counsel summarizing interviews taken of people with knowledge relevant to the subjects of the Examiner's investigation. During the Seventh Monthly Period, the Examiner also prepared for and participated in an interview of one of the Debtors' former senior executives on January 10, 2008.

21.     During the Seventh Monthly Period, the Examiner communicated with Committee counsel, counsel for the Debtors and counsel for the United States Trustee on issues related to the Examiner's investigation and communicated and met with his counsel and financial advisors to discuss issues related to his investigation and report.

22.     Throughout the Seventh Monthly Period, the Examiner also devoted substantial time to reviewing and revising the report that the Examiner will submit to the Court at the conclusion of his investigation with respect to the Accounting Issues.

23.     Finally, the Examiner prepared for and participated in a conference call held with the Court on January 16, 2008 and a chambers conference with the Court on January 17, 2008 regarding matters related to the Examiner's investigation. The Examiner also attended a hearing held by the Court on January 23, 2008 pursuant to which the Court heard the Examiner's Motion For A Second Extension of Time to File His Report With the Court.

## VALUATION OF SERVICES

24.     As set forth in the monthly fee statement attached as Exhibit A, the Examiner expended a total of 274.1 hours in connection with his investigation of the Debtors during the Seventh Monthly Period. The Examiner's standard hourly rate is $775.00, which is comparable to the rates the Examiner charges other clients for similar services, and the aggregate

fees requested by the Examiner reflect a voluntary ten percent (10%) reduction in the Examiner's
normal fees for work of this character.

25.    The reasonable value of the services rendered by the Examiner during
the Seventh Monthly Period is $191,184.75, of which eighty percent (80%) of such services is
$152,947.80.[5]  In accordance with the factors enumerated in Section 330 of the Bankruptcy
Code, it is respectfully submitted that the amount requested by the Examiner is fair and
reasonable given (a) the complexity of the issues the Examiner has been charged with
investigating, (b) the timeframe within which the Examiner has been asked to complete his
investigation and prepare his report, (c) the time expended, (d) the nature and extent of the
services rendered, (e) the value of such services, and (f) the costs of comparable services other
than in a case under the Bankruptcy Code.

---

[5] It is possible that some professional time expended or expenses incurred by the Examiner during the Seventh
Monthly Period are not reflected in the amounts set forth in this Application.  The Examiner reserves all rights to
include such amounts in future fee applications to the Court.

WHEREFORE, the Examiner respectfully requests that the Court enter an order

(a) awarding him interim compensation for professional services rendered during the Seventh

Monthly Period in the amount of $152,947.80 (80% of $191,184.75), and reimbursement of

actual, reasonable and necessary expenses in the amount of $1,045.65, for a total of $153,993.45;

(b) authorizing and directing the Debtors to remit payment to the Examiner for such fees and

expenses; and (c) granting such other and further relief as the Court deems just

and proper.

Dated: Washington, DC
    February 25 2008

By: _____
Michael J. Missal, Esq.
A Member of the Firm
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
In re:                                                    :
                                                          :
NEW CENTURY TRS HOLDINGS, INC.,                           :    Chapter 11
a Delaware Corporation, et al.,                           :
                                                          :    Case No. 07-10416 (KJC)
                                          Debtors.        :
                                                          :    Jointly Administered
                                                          :
                                                          :
-----------------------------------------------------------x

## VERIFICATION

DISTRICT OF COLUMBIA ) ss.:

Michael J. Missal, having been duly sworn according to law, deposes and says as follows:

1.      I am the Court-approved Examiner in the above-captioned Chapter 11 cases, and I have been admitted *pro hac vice* to appear before this Court in this matter.

2.      I am familiar with the work I performed as Examiner during the Seventh Monthly Period.

3.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the requirements of Del. Bankr. L. R. 2016-2 and the Fee Procedures Order, and I believe that the Application is in compliance therewith.

                                          Michael J. Missal

SWORN AND SUBSCRIBED to before
me this 25 th day of February, 2008

          NOTARY PUBLIC
          District of Columbia
          My Commission Expires:

CAROL L. MICHAELSEN
NOTARY PUBLIC
District of Columbia
My Commission Expires April 14, 2010

13