# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a | : Case No. 07-10416 (KJC) |
| Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Objection Deadline: March 18, 2008 at 4:00 p.m.** |
| | : **Hearing Date: March 25, 2008 at 1:30 p.m.** |

# DEBTORS' SUPPLEMENTAL APPLICATION FOR AN ORDER EXPANDING THE SCOPE OF EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP TO INCLUDE ADDITIONAL TAX ADVISORY SERVICES *NUNC PRO TUNC* TO DECEMBER 20, 2007

The Debtors file this supplemental application (the "Supplemental Application") for entry

of an order,[2] expanding the scope of employment and retention of Ernst & Young LLP ("E&Y

LLP") to provide additional tax advisory services *nunc pro tunc* to December 20, 2007. In

support of this Supplemental Application, the Debtors respectfully state as follows:

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

[2] A copy of the proposed order (the "Order") is attached hereto as Exhibit A.

## Jurisdiction

1.      This Court has jurisdiction over this Supplemental Application under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Supplemental Application in this District is proper under to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Bankruptcy Rules 2014(a), 2016 and 5002.

3.      In support of this Application, the Debtors submit:  (i) the Second Supplemental Affidavit of Richard R. Magnuson, a partner in E&Y LLP (the "Supplemental Affidavit"), a copy of which is attached hereto as Exhibit B; and (ii) the executed statement of work for the additional tax advisory services, a copy of which is attached hereto as Exhibit C (the "SOW").

## Background

4.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 9, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases.  No trustee has yet been appointed in these cases.  On June 7, 2007, Michael J. Missal (the "Examiner") was appointed examiner in these chapter 11 cases.

5.      On June 18, 2007, the Debtors filed their *Application for Order Under 11 U.S.C. § 327(a) Authorizing Employment and Retention of Ernst & Young LLP As Tax Advisory*

2

DETR_471063.2

*Services Provider to Debtors, Effective Nunc Pro Tunc to May 1, 2007* (the "Original Application"). On July 23, 2007, this Court entered an order (Docket No. 1983) (the "Original Retention Order") approving the Original Application. Specifically, the Original Retention Order approved the retention of E&Y LLP to provide the Debtors with certain tax advisory services necessary during these cases.

### Relief Requested

6.      By this Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, and Rule 2014-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware Local Bankruptcy, expanding the scope of the employment and retention of E&Y LLP in providing services with respect to tax consultation related to excess inclusion income and taxing authority examination issues (the "Additional Tax Services") *nunc pro tunc* to December 20, 2007, upon the terms and conditions contained in the SOW. The SOW is governed by and subject to the terms of the master agreement dated May 7, 2007 (the "Tax Services Agreement"), which was attached to the Original Application as Exhibit C thereto and approved, with certain modifications, by the Original Retention Order.

7.      The Additional Tax Services are necessary to the Debtors' attempts to maximize the value of their estates. The Debtors believe that they may achieve substantial tax savings by analyzing and reducing to the extent possible their express inclusion income. E&Y LLP has specific and extensive expertise in this area. Moreover, the Debtors require E&Y's services in connection with meetings and correspondence with state and federal taxing authorities regarding examinations and adjustments by such authorities.

3

### Scope of the Services

8.      The Additional Tax Services include the following services:[3]

  (a)   Consultation regarding the tax consequences of excess inclusion income and advice related to the proper calculation of REMIC taxable income.

  (b)   Review of the potential amount of the trustee calculated express inclusions for 2007 (and subsequent tax years).

  (c)   Detailed recommendation for reducing the excess inclusion amounts, if possible.

  (d)   Advice with respect to IRS examination assistance.

### Compensation

9.      As provided in the SOW, E&Y LLP will charge for the Additional Tax Services based upon the following hourly rates for such services (the "Fee Structure"):[4]

- Partners, Principals and Directors - $570-630

- Senior Managers - $530

- Managers - $415

- Seniors - $310-335

- Staff - $150-205

10.     E&Y LLP will also charge actual expenses incurred in performing this work.

11.     The Fee Structure is consistent with the hourly rates set forth in the fee schedule contained in the Tax Services Agreement approved by the Court in the Original Retention Order.

---

[3] The description of the SOW in this Supplemental Application is a summary. To the extent that this Supplemental Application and the terms of the SOW are inconsistent, the terms of the SOW shall control.

[4] Pursuant to the SOW, the Debtors are to pay 70% of the standard hourly rate for each professional of E&Y LLP that performs the Additional Tax Services.

4

The terms and conditions of the SOW were negotiated by the Debtors and E&Y LLP at arm's length and in good faith.

12.    All compensation and expenses will continue to be sought in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. E&Y LLP will continue to file interim and final applications for payment of fees and expenses with the Court as may be necessary. Any such interim and final applications shall continue to set forth in reasonable detail the services performed, the professional persons providing such services and the time spent. E&Y LLP will continue to maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned services.

13.    The Additional Tax Services will not duplicate the services that other professionals will be providing the Debtors in these cases. The Debtors, E&Y LLP, and the Debtors' other professionals will work together to assure that there is no duplication of services among the professionals in these cases.

**Disinterestedness**

14.    Pursuant to the Affidavit of Richard R. Magnuson dated June 8, 2007 attached to the Original Application as Exhibit B thereto, as supplemented by the Supplemental Affidavit of Richard R. Magnuson dated as of July 16, 2007 and the Second Supplemental Affidavit of Richard R. Magnuson dated as of February 21, 2008 attached as Exhibit B hereto (collectively, the "Affidavits"), except as qualified in the Affidavits, to the best of its knowledge, E&Y LLP has no material connections with the Debtors, their creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the

5

DETR_471063.2

DETR_504664.4
RLF1-3257023-1

office of the United States Trustee in these cases. Based on the Affidavits, the Debtors believe that E&Y LLP: (a) does not hold or represent any interest adverse to the Debtors or their estates, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### No Briefing Schedule Required

15.     The Debtors submit that this Supplemental Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure for the United States District Court for the District of Delaware (the "Local District Rules"), incorporated by reference into Rule 1001-1(b) of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

### Notice

16.     The Debtors have provided notice of this Supplemental Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) the Examiner; and (d) those parties timely requesting notice pursuant to Rule 2002 of the Bankruptcy Rules, in accordance with Del. Bankr. L.R. 2002-1(b). The Debtors submit that no other or further notice is necessary or required.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached as Exhibit A, (i) authorizing the Debtors to expand the scope of employment and retention of Ernst & Young LLP as requested herein on the terms of the SOW; and (ii) granting such other and further relief as the Court deems appropriate.

DETR_471063.2

DETR_504664.4
RLF1-3257023-1

Dated:  February 25, 2008
        Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

                -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

7

DETR_471063.2

DETR_504664.4
RLF1-3257023-1