# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Re: Docket No. 3582 |

**ORDER APPROVING STIPULATION BETWEEN DEBTORS
AND SILVER KEY PROPERTY CORP RESOLVING THE
DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS AND
ESTABLISHING THE TREATMENT OF CLAIM NO. 3245**

The Court having considered the *Stipulation Between Debtors and Silver Key Property Corp Resolving the Debtors' Second Omnibus Objection to Claims and Establishing Treatment of Claim No. 3245*, dated January 10, 2008 (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice of the Stipulation must be given;

**IT IS HEREBY ORDERED** that the Stipulation is approved.

Dated: _____, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3257119-1

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket No. 3582** |

## STIPULATION BETWEEN DEBTORS AND SILVER KEY PROPERTY CORP RESOLVING THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS AND ESTABLISHING THE TREATMENT OF CLAIM NO. 3245

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors")[2], filed petitions for relief under chapter 11 of title 11 of the United States

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] New Century Warehouse Corporation ("NC Warehouse"), a California Corporation that is a wholly-owned subsidiary of New Century TRS, filed its chapter 11 petition on August 3, 2007, rather than on April 2, 2007 with the other Debtors. The deadline for filing prepetition claims against New Century Warehouse, other than claims held by "Governmental Units" as such term is defined under section 101(27) of the Bankruptcy Code, was December 14, 2007.

RLF1-3241283-2

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, On June 28, 2007, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof* [Docket No. 1721], whereby, among other things, the Court established August 31, 2007 as the deadline for filing prepetition claims against the Debtors, except for claims held by Governmental Units as that term is defined under section 101(27) of the Bankruptcy Code; and

WHEREAS, Silver Key Property Corp ("Silver Key") filed a general unsecured nonpriority claim against Debtor New Century Mortgage Corporation ("NCMC") in the amount of $120,551.20 ("Claim No. 3245") relating to amounts allegedly due and owing under a lease of nonresidential real property dated May 28, 2002; and

WHEREAS, on October 31, 2007, the Debtors filed the *Debtors' Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified Claims* [Docket No. 3582] (the "Second Omnibus Objection"), whereby the Debtors, among other things, objected to Claim No. 3245 on the basis that the claim was not supported by the Debtors' books and records; and

WHEREAS, Silver Key has informally responded to the relief requested in the Second Omnibus Objection; and

WHEREAS, the Debtors and Silver Key have continued the hearing on the Second Omnibus Objection, as it relates to Silver Key (and similarly extended Silver Key's deadline to file a formal response thereto), in an effort to allow the parties an opportunity to pursue settlement negotiations relating to the Second Omnibus Objection and the ultimate treatment of Claim No. 3245; and

WHEREAS, after extensive negotiations between the parties, the Debtors and Silver Key have reached a resolution regarding the Second Omnibus Objection and the treatment of Claim No. 3245;

NOW, THEREFORE, in consideration of the foregoing, and subject to the Court's approval of this Stipulation, the Debtors and Silver Key hereby agree and stipulate as follows:

1. In full satisfaction of any and all amounts allegedly owed to Silver Key, including any and all claims, rights and/or remedies asserted in connection with Claim No. 3245, Silver Key shall be granted an allowed general unsecured nonpriority claim against NCMC in the amount of $20,000.00 and Claim No. 3245 shall be deemed amended accordingly.

2. Except as otherwise set forth in this Stipulation, in consideration of the commitments made herein, Silver Key agrees to completely release and forever discharge the Debtors from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or state law and whether for damages (either

compensatory, exemplary or aggravated) or equitable relief, which Silver Key has or may have against the Debtors.

3. In consideration of the commitments made herein, the Debtors hereby agree to completely release and forever discharge Silver Key from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or state law and whether for damages (either compensatory, exemplary or aggravated) or equitable relief, which the Debtors have or may have against Silver Key.

4. This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of the Court. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

5. This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

6. The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of this \_\_10\_\_ day of January, 2008.

_____
Clifford Horner
Kevin P. Montee
HORNER & SINGER, LLP
1646 N. California Blvd., Suite 250
Walnut Creek, California 94596
(925) 9430-6570

ATTORNEYS FOR SILVER KEY
PROPERTY CORPORATION

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

RLF1-3241283-2