**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No.: 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Re: Docket No. 4804** |
| | : | |
| | : | **Objection Deadline:02/27/08 at 4:00 p.m.** |
| | : | **Hearing Date:  03/05/08 @ 1:30 p.m.** |

**OBJECTION OF GENERAL ELECTRIC CAPITAL CORPORATION**
**TO DISCLOSURE STATEMENT FOR THE JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS DATED AS OF FEBRUARY 2, 2008**

General Electric Capital Corporation ("GECC"), by its undersigned counsel, hereby submits this objection ("Objection") to the Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008 ("Disclosure Statement").  The Disclosure Statement to which GECC objects was filed in connection with the Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors also dated February 2, 2008 ("Plan").  The grounds for this Objection are set forth below.

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## I. INTRODUCTION

The debtors in these bankruptcies include New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation and their direct and indirect subsidiaries (collectively, the "Debtors"). GECC is the holder of various claims against one or more of the Debtors. As the holder of such claims, GECC has standing to file this Objection to the Disclosure Statement. For the reasons set forth below, the Disclosure Statement should not be approved by this Court because the information set forth therein is inadequate and because the Disclosure Statement does not conform with the applicable provisions of the United States Bankruptcy Code ("Bankruptcy Code").

## II. DISCUSSION

The Bankruptcy Code requires that a disclosure statement contain "adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined by the Bankruptcy Code to mean:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records. . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). "The purpose of a disclosure statement is to inform equity holders and claimants about the probable financial results of the acceptance or rejection of that particular plan." In re Aspen Limousine Service, Inc., 193 B.R.325,334 (D. Colo. 1996).

A disclosure statement which fails to set forth "adequate information," as that term is defined above, and which does not contain sufficient information for a creditor to make "an intelligent and informed decision as to whether to accept or reject the plan" should not be approved. In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988); In re Scioto Valley Mortgage Company, 88 B.R. 168 (Bankr. S.D. Ohio 1988).

The Disclosure Statement in this case is seriously deficient in a number of respects including its failure to provide to creditors, like GECC, with information concerning how much those creditors can expect to receive on account of their claims under the proposed Plan. <u>Aspen</u>, <u>supra.</u>, at p. 334. This failure renders it impossible for Debtors' creditors to make an informed judgment as to whether they should vote in favor of or against the Plan. 11 U.S.C. § 1125(a)(1). The deficiencies in the Disclosure Statement include the following:

>   (a)    Disclosure Statement at page 10-The Debtors provide "blank spaces" rather than substantive information concerning the cash available for unsecured creditors and the projected recoveries for unsecured creditors;
>
>   (b)    Disclosure Statement at pages 11-13-The Debtors provide simply "a blank space" when discussing the proposed percentage recovery for unsecured claimants of the Debtors;
>
>   (c)    Disclosure Statement at pages 104-05-The Debtors state that the Liquidating Trustee will make an interim distribution at least annually of its net income and net proceeds from the sale of Liquidating Trust Assets – The Debtors, however, do not state when the first such interim distribution will be made; and
>
>   (d)    Disclosure Statement at pages 123-24-The Debtors fail to provide adequate information regarding the status of the asset disposition process. There are <u>no</u> dollar figures given for funds received by the Estate with respect to any such asset dispositions.

The numerous blank spaces throughout the Disclosure Statement related to projected recoveries for unsecured claimants render the Disclosure Statement wholly inadequate. Neither GECC nor any other unsecured claimant can adequately make an informed judgment about the merits of the Plan where crucial information is left blank throughout the Disclosure Statement. In sum, the Disclosure Statement fails to contain adequate information sufficient in form for a creditor to make an informed decision regarding whether to vote in favor of or against the Plan proposed by the Debtors. These inadequacies in the Disclosure Statement provide sufficient justification for the entry of an Order denying approval of the Disclosure Statement in its entirety.

### III.     CONCLUSION

     The Disclosure Statement provided by the Debtors contains significant deficiencies. The flaws exhibited by the Disclosure Statement provide justification for the entry of an Order denying approval of the Disclosure Statement. Accordingly, for these reasons and the reasons set forth above, approval of the Disclosure Statement should be denied.

     Respectfully submitted,

*/s/ Michael G. Gallerizzo*
Michael G. Gallerizzo, Esquire (4550)
David V. Fontana (4805)
Gebhardt & Smith LLP
901 Market Street, Suite 451
Wilmington, Delaware  19801
(302) 656-9002
Facsimile No.: (302) 429-5953
mgall@gebsmith.com

Counsel for General Electric Capital Corporation