UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>NEW CENTURY TRS HOLDINGS, INC. ET AL.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416(KJC)<br><br>(Jointly Administered)<br><br>**Hearing Date: March 25, 2008, 1:30 PM**<br>**Objection Deadline: March 18, 2008** |

## MOTION OF TSUTAE IWAMOTO FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)

Tsutae Iwamoto, by and through her undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §362(d), for relief from the automatic stay afforded to New Century Mortgage Corporation, in Bankruptcy Case No. 07-10416 (jointly administered), by virtue of 11 U.S.C. §362(a), and in support thereof, avers as follows:

Parties:

1. Movant, Tsutae Iwamoto ("Ms. Iwamoto"), is an adult individual residing in the City and County of Honolulu, State of Hawai'i.

2. On or about April 2, 2007, New Century Mortgage Corporation (the "Debtor"), a California corporation, filed for relief under Chapter 11 of the Bankruptcy Code, as amended, in the United States Bankruptcy Court for the District of Delaware at Case No. 07-10491 (the "Bankruptcy Case").

3. By subsequent Motion of Debtor and Debtors-in-Possession for an Order Directing Joint Administration of Related Chapter 11 Cases, and by Order dated April 4, 2007,

the Debtor's case was administratively consolidated with affiliated entities at the above captioned case name and number.[1]

4.  Ms. Iwamoto is not listed on the Debtor's matrix, nor has she received any notice of the bankruptcy filing from the Debtor or any of its affiliates.

Background:

5.  On or about December 24, 2007, Ms. Iwamoto commenced an action (the "State Court Action") by the filing of a Complaint in the Circuit Court of the First Circuit, State of Hawai'i (the "Circuit Court"), Civil No. 07-1-2430, captioned *Tsutae Iwamoto v. Glen Hironaga, Donald Tanida, New Century Mortgage Corp. Helen Bench Realty, Inc. Charles Bench and Yu Neu Bench* (the "Complaint "), seeking to, among other things, quiet title on that certain real property situate at 3489 Manoa Road, Honolulu, Hawai'i 96822, a/k/a Tax Parcel No. 1-2-9-069-063 (the "Manoa Property").

6.  The Complaint was amended on January 14, 2008 (the "Amended Complaint") to name additional parties, and to restate claims for fraudulent inducement, abuse of fiduciary relationship, constructive trust/equitable title, quite title, fraud, breach of contract, aiding and abetting breach of fiduciary duties, conversion, conspiracy, negligence, unjust enrichment, and

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1-800anyloan.com, Anyloan. corn), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century REO Corp, a California corporation; New Century REO II Corp., a California corporation; New Century REO, II Corp, a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, LP, a Delaware limited partnership.

for an accounting in connection with actions taken in concert by the named defendants. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "A" and made a part hereof.

7. Service of the Amended Complaint was made on the Debtor, c/o CT Corporation Systems, 818 West 7th Street, Los Angeles, CA, on January 28, 2008. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "B" and made a part hereof. It was not until after service of the Amended Complaint that Ms. Iwamoto became aware of the filing of the Bankruptcy Case. She has received no response to the service of the Amended Complaint on the Debtor.

8. By way of background, since 1963, the plaintiff, Ms. Iwamoto, was the owner and resident of the Manoa Property. In or about 2000, Ms. Iwamoto hired defendant, Glen Hironaga ("Hironaga") to perform certain construction projects at the Manoa Property.

9. Subsequently, Hironaga induced Ms. Iwamoto, a senior citizen, and the sole caretaker of her handicapped son, to enter into a partnership with Hironaga to develop property on the Island of Oahu (the "Business").

10. At Hironaga's urging, Ms. Iwamoto cashed out her IRA, obtained a credit card and drew down on it to obtain funds for the alleged Business endeavors.

11. In February, 2003, Hironaga fraudulently obtain Ms. Iwamoto's signature on a "durable power of attorney" which enabled him and others to operate the Business without Ms. Iwamoto's input or knowledge.

12. In May, 2003, Hironaga and others, fraudulently obtained Ms. Iwamoto's signature on a warranty deed (the "Warranty Deed") which effectuated a transfer of the Manoa Property to Hironaga's partner, defendant Donald Tanida ("Tanida"). Concurrently, Hironaga

and Tanida induced Ms. Iwamoto to execute a document purporting to be a mortgage from Tanida to Ms. Iwamoto in the face amount of $100,000, on the Manoa Property, although no funds were delivered to Ms. Iwamoto by Tanida.

13. Subsequent to the fraudulent transfer of the Manoa Property to Tanida, Tanida encumbered the Manoa Property with a mortgage granted to the Debtor. A copy of the Mortgage dated May 1, 2003, executed by Tanida and delivered to the Debtor is attached hereto as Exhibit "C" and made a part hereof.

Relief Requested:

14. Ms. Iwamoto now seeks relief from the automatic stay provisions of §362(a) of the Bankruptcy Code to enable her to rescind or to reform the Warranty Deed in order to reclaim her interest in the Manoa Property. Because the Debtor may hold an interest in the Manoa Property, it is a necessary and possibly an indispensable party to the currently pending State Court Action.

15. Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... by terminating, annulling, modifying, or conditioning such stay --(1) for cause...." [2]

16. This Court should grant Ms. Iwamoto relief from the automatic stay to continue the State Court Action because: 1) the Circuit Court is best suited to address both the factual and legal questions presented in the State Court Action; 2) the primary parties to the action are located in Hawai'i; 3) the Manoa Property is situated in Hawai'i; and, 4) the requested relief will not interfere with or burden the Debtor's efforts to reorganize.

---

[2] The Third Circuit has determined that a bankruptcy court may annul the stay retroactively under §362(d)(2), thus validating proceedings that would otherwise be *void ab initio*. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1004). *See also In re Albany Partners, Ltd.* 749 F.2d 670, 675 (M.D. Ga. 1984). In this instance, as the State Court Action was filed subsequent to the filing of the Bankruptcy Case, Ms. Iwamoto seeks retroactive relief in her Motion.

304190-1

4

17. Although the Bankruptcy Code does not define "cause", its determination is left to the courts to make based on a "totality of the circumstances", and on a case-by-case basis. *See, e.g., In re Wilson,* 116 F.3d 87, 90 (3d Cir. 1997). The legislative history of §362(d) states that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal" or by a "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992), *citing,* H.R. Rep. No. 95-595, at 343-344 (1977).

18. The balancing test applied by courts to determine if "cause" exists, applies also in connection with the request to allow pending litigation to proceed or continue in another forum. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Wilson,* 314 B.R. 31, 46, *quoting,* S. Rep No. 95-989 at 50 (1978).

19. In *In re Rexene,* the court utilized a three-prong balancing test to determine whether relief from the automatic stay should be granted:

    a. whether the debtor or the debtor's estate will suffer prejudice by continuing the civil suit;

    b. whether the hardship to the movant by maintenance of the automatic stay would considerably outweigh the hardship to the debtor; and

    c. whether the movant has a reasonable chance of prevailing on the merits.

*Rexene*, 141 B.R. at 576. *See also In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993); *In re SCO Group,* 2007 WL 4224407 (Bankr. D. Del. 2007).

20. This Court has also, in its assessment of whether to lift the stay, considered the policies outlined by the Second Circuit in *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). These factors include:

    a. whether relief would result in a partial or complete resolution of the issues;

    b. the lack of any connection with or interference with the bankruptcy case;

    c. whether the other proceeding involves the debtor as a fiduciary;

    d. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e. whether the debtor's insurer has assumed full responsibility for defending it;

    f. whether the action primarily involves a third party;

    g. whether the litigation in another forum would prejudice the interest of other creditors;

    h. whether the judgment claim arising from the other action is subject to equitable subordination;

    i. whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j. the interests of judicial economy and the expeditious and economical resolution of litigation;

    k. whether the parties are ready for trial in the other proceeding; and

    l. the impact of the stay on the parties and the balance of harms.

*See also In re SCO Group*, 2007 WL 4224407, *3 (Bankr. D. Del. 2007).

21. In this matter, the *Rexene* factors coupled with the Sonnax factors weigh in favor of granting Ms. Iwamoto relief from the automatic stay to pursue the State Court Action.

22. Lifting the automatic stay will not prejudice the Debtor. Permitting Ms. Iwamoto to pursue the State Court Action will require no significant time commitment from Debtor's bankruptcy counsel, nor will it interfere with the Debtor's reorganization efforts because Ms. Iwamoto is not seeking affirmatively to recover property from the Debtor's estate, but is seeking to quiet title to the Manoa Property. Thus, there will be no significant discovery or trial preparation required by the Debtor in this matter.

23. Ms. Iwamoto faces substantial and continuing hardship if relief is not granted as requested herein. The Manoa Property, the defendants (except for the Debtor), and the acts complained of are located in or occurred in Hawai'i. Moreover, the State Court Action involves primarily third -parties (the Debtor is not the primary target for liability), and matters of wholly Hawai'i substantive law.

24. Ms. Iwamoto also has a significant likelihood of success on the merits of the State Court Action. In cases where the Bankruptcy Court must determine whether the decision-making process should be relegated to a body other than the bankruptcy court, only "strong defenses" to state court actions should prevent the court from granting relief from the stay. *In re Rexene*, 141 B.R. 578, *Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). In this matter, the Circuit Court is best suited to consider the factual and legal issues presented in the State Court Action.

25. In light of the foregoing, Ms. Iwamoto believes and, therefore, avers that "cause" exists for relief from the automatic stay afforded the Debtor by virtue of §362(d)(1), and that this

Court should enter an Order granting an annulment of the automatic stay to allow Ms. Iwamoto's claims in the State Court Action to be fully prosecuted.

26.    Copies of this Motion and Notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, counsel for the Office of the United States Trustee and counsel for the defendants named in the State Court Action. Given the high volume of filings in this case, and the fact that the parties most likely to participate in this matter are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that this Court considers the merits of this request accordingly.

WHEREFORE, movant, Tsutae Iwamoto, respectfully requests that this Honorable Court enter an order granting her relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) in order to permit Ms. Iwamoto to proceed with the State Court Action, to fully exercise her rights, interests and claims in and to the Manoa Property, and for such other and further relief as this Court deems just, necessary and equitable.

        WEIR & PARTNERS LLP

        BY: /s/ Jeffrey S. Cianciulli, Esquire (#4369)
            Jeffrey S. Cianciulli, Esquire
            824 Market Street Mall
            Suite 1001
            Wilmington, DE 19801
            Telephone: (302) 852-8181
            Counsel to Tsutae Iwamoto

        WEIR & PARTNERS LLP

        BY: /s/ Bonnie R. Golub, Esquire
            Bonnie R. Golub, Esquire
            1339 Chestnut Street
            The Widener Building, Suite 500
            Philadelphia, PA 19107
            Telephone: (215) 665-8181
            Counsel to Tsutae Iwamoto