EXHIBIT "A"

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

LOUISE K.Y. ING    2394-0
THOMAS E. BUSH 4737-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:  tbush@ahfi.com

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| TSUTAE IWAMOTO, <br><br> Plaintiff, <br><br> vs. <br><br> GLENN T. HIRONAGA, DONALD TANIDA, NEW CENTURY MORTGAGE CORPORATION, HELEN BENCH REALTY INC., CHARLES BENCH, YU NEU BENCH, HIRONAGA DEVELOPMENTS, INC., H&L DEVELOPMENTS, LLC, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE ENTITIES 1-10 and DOE GOVERNMENTAL AGENCIES 1-10, <br><br> Defendants. | Civil No. 07-1-2430-12 GWBC <br> (OTHER CIVIL ACTION) <br><br> **FIRST AMENDED COMPLAINT; EXHIBIT "A"; SUMMONS** |

## FIRST AMENDED COMPLAINT

Plaintiff Tsutae Iwamoto, individually and as Trustee under that unrecorded Living Trust Agreement dated May 26, 1989 ("Plaintiff"), by and through her attorneys, Alston Hunt Floyd & Ing, and for a Complaint against Glenn T. Hironaga and Donald Tanida, alleges as follows:

### INTRODUCTION

1.      This is an action for, among other things, title to and the right to possess certain real property located at 3489 Manoa Road, Honolulu, State of Hawaii, 96822, Tax Map Key No. 1-2-9-069-063 and more particularly described in Exhibit A attached hereto (hereinafter referred to as "the Manoa Property").

### THE PARTIES

2.      Plaintiff is and at all times mentioned herein was an individual residing in the City and County of Honolulu, State of Hawaii.

3.      Defendant Glenn T. Hironaga is and at all times mentioned herein was an individual residing in the County of Honolulu, State of Hawaii.

4.      Defendant Donald Tanida is and at all times mentioned herein was an individual residing in the County of Honolulu, State of Hawaii.

5.      Defendant Hironaga Developments, Inc. ("Hironaga Developments"), is and was at all times mentioned herein a Hawaii Corporation doing business in Hawaii, whose sole or principal shareholder is Defendant Hironaga.

6.      Defendant H&L Developments, LLC ("H&L Developments"), is and was at all times mentioned herein a Hawaii limited liability company doing business in Hawaii. Defendant Hironaga Developments is a member of Defendant H&L Developments, and

Defendant H&L Developments, as well as Defendant Hironaga Developments, are controlled by Defendant Hironaga.

7.    Defendant New Century Mortgage Corporation ("Defendant New Century") is and at all times mentioned herein was a California corporation doing business in the County of Orange.

8.    Defendant Helen Bench Realty, Inc. ("Helen Bench") is and at all times mentioned herein was a Hawaii corporation with its principal place of business in the County of Honolulu, State of Hawaii.

9.    Defendant Charles Bench is and at all relevant times mentioned herein was an individual residing in the County of Honolulu, State of Hawaii, and a principal of and licensed real estate broker with Defendant Helen Bench.

10.    Defendant Yu Neu Bench is and at all relevant times mentioned herein was an individual residing in the County of Honolulu, State of Hawaii, and a principal of and licensed real estate broker with Defendant Helen Bench.  Defendants Yu Neu Bench and Charles Bench are husband and wife and are collectively referred to as "Mr and Mrs. Bench".

11.    The Defendants designated as John Does 1-10, Jane Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10 and Doe Governmental Agencies 1-10 are individuals, partnerships, corporations or entities which in some manner presently unknown to Plaintiff are liable to Plaintiff for the amounts due and the relief sought under the claims and/or causes of actions set forth herein, and whose true names, identities, and capacities are presently unknown to Plaintiff or to Plaintiff's attorneys despite their good faith efforts to identify said Defendants by conducting a reasonable pre-filing investigation, including obtaining recorded conveyance

documents and having a review of documents recorded in the Bureau of Conveyances of the

State of Hawaii, conducted on Plaintiff's behalf.

## JURISDICTION

12.    The Court has jurisdiction over these claims and parties under Haw. Rev.

Stat. §§ 603-21.5 , 632-1, and 634-35.

## FACTS

13.    Plaintiff is an elderly woman who has owned the Manoa Property since

she bought it with her first husband in 1963. She has lived continuously at the Manoa Property,

which is her home, since 1983.

14.    In 1993, Plaintiff became the sole caregiver for her son who is mentally

disabled and requires 24 hour assistance 7 days a week. Plaintiff provides this care at the Manoa

Property.

15.    In 2000, Plaintiff met Defendant Hironaga who offered to do some repairs

at the Manoa Property for Plaintiff. At that time, Defendant Hironaga represented himself to

Plaintiff as a licensed contractor.

16.    In the ensuing two or three years, Defendant Hironaga ingratiated himself

with Plaintiff, earning her trust and confidence, and continuing to represent himself as a licensed

contractor. Defendant Hironaga did not tell Plaintiff and concealed from her the fact that in July

2001, his contractor's license was revoked by the State of Hawaii as a result of a petition filed by

the State of Hawaii Regulated Industries Complaints Office that charged Defendant Hironaga

with, among other things, abandoning multiple construction projects or operations without

reasonable or legal excuses, wilfully failing or refusing to prosecute multiple projects to

completion with reasonable diligence, engaging in workmanship which did not conform to trade

standards, and failing to provide homeowners with a written contract which clearly stated the amount due and the number of days for completing the project.

17.    In 2002, Defendant Hironaga convinced Plaintiff to form a partnership by "going into business together" to develop property on the Island of Oahu.  He informed her that if she contributed capital to their venture, he would use that capital to develop property and, after Plaintiff was repaid what she had contributed, they would share the profits.  Plaintiff assumed this meant at least a 50/50 share of the profits.  This was attractive to Plaintiff who was living on a fixed income and was concerned about providing for her mentally disabled son, and she informed Defendant Hironaga about this.

18.    At Defendant Hironaga's urging, Plaintiff cashed out approximately $26,000 from her Individual Retirement Account ("IRA") and obtained a VISA credit card upon which Defendant Hironaga had signing authority.  Prior to obtaining this VISA credit card, Plaintiff had never opened a credit card account by herself.  Defendant Hironaga took the $26,000 from Plaintiff and also used Plaintiffs' VISA credit card.  Defendant Hironaga represented to Plaintiff that he would take the IRA money and use it for business together to develop property.

19.    In fact, Defendant Hironaga did not honor his partnership agreement with Plaintiff, instead he worked with co-conspirator Defendant Tanida to execute a complicated financial scheme that had as its goal the conversion of Plaintiff's money and the Manoa Property for his benefit and the benefit of Defendant Tanida.  Plaintiff was unaware of Defendants Hironaga and Tanida's financial scheme.  Instead, she trusted Defendants Hironaga and Tanida and believed that each was acting in her best interests and in accord with the representations about the partnership that Defendant Hironaga had made to her.

5

20.    In February 2003, Defendant Hironaga fraudulently obtained Plaintiff's

signature on a document entitled "Durable General Power of Attorney" ("POA").  Defendant

represented to Plaintiff that her signature was needed on this document for their partnership and

that this and other documents that he would have her sign later (described in paragraphs 19-25

and 29, *infra*) were partnership business documents.

21.    On May 1, 2003, Defendants Hironaga and Tanida fraudulently obtained

Plaintiff's signature on a warranty deed for the Manoa Property that purported to transfer the

Manoa Property to Defendant Tanida.  Plaintiff did not understand and never intended to transfer

the Manoa Property to Defendant Tanida.

22.    On that same date, Defendant Tanida obtained a $350,000 loan from

Defendant New Century, which took a mortgage on the Manoa Property with Defendant Tanida

as the mortgagor.

23.    Also on that same date, Defendants Hironaga and Tanida fraudulently

obtained Plaintiff's signature on a document purporting to grant Plaintiff a $100,000 mortgage on

the Manoa Property with Defendant Tanida as the mortgagor.  In fact, Defendant Tanida never

gave Plaintiff $100,000, and Plaintiff was not aware that she was a mortgagee on the Manoa

Property, which she continued to believe she owned.

24.    On May 27, 2003, Makakilo Ridge Investments LLC signed a warranty

deed purporting to transfer to Plaintiff property located at Kumulani Subdivision Lot No. 6271,

Kapolei, Hawaii, Tax Map Key No. 1-9-2-026-057 (hereinafter "Lot 6271").  Upon information

and belief, the cost of this transfer was $190,000.  Defendants Hironaga and Tanida fraudulently

obtained Plaintiff's signature on this warranty deed , and Plaintiff was unaware that she was on

title as the sole owner of Lot 6271.  Instead, Plaintiff understood that this property was being

developed by Defendant Hironaga, assisted by Defendant Tanida, as part of their partnership business.

25.    On March 31, 2004, Defendants Hironaga and Tanida fraudulently obtained Plaintiff's signature on document purporting to grant Defendant Helen Bench a $60,000 mortgage on Lot 6271.  Defendant Helen Bench did not provide Plaintiff with $60,000, and Plaintiff was unaware that she was granting Defendant Helen Bench a mortgage on Lot 6271.

26.    On or about May 12, 2004, Defendant Helen Bench listed Lot 6271 for sale at a listing price of $1,295,000.  Defendant Helen Bench did not confirm the listing agreement with Plaintiff who was unaware of this listing agreement.

27.    On May 21, 2004,  Defendants Hironaga and Tanida fraudulently obtained Plaintiff's signature on document purporting to grant Defendants Mr. and Mrs. Bench, a $65,000 mortgage on Lot 6271.  Defendants Mr. & Mrs. Bench did not provide Plaintiff with $65,000, and Plaintiff was unaware that she was granting Defendants Mr. & Mrs. Bench a mortgage on Lot 6271.

28.    On July 8, 2004, Defendant Hironaga used the POA he had fraudulently obtained from Plaintiff in February 2003 to grant, on Plaintiff's behalf, a $93,000 mortgage to Edward Murphy on Lot 6271.  Defendant Hironaga did not tell Plaintiff that he was using the POA in this manner, and Plaintiff was unaware of this use of the POA.

29.    On July 16, 2004, Defendant Hironaga recorded the POA in the Bureau of Conveyances because he learned that he could not record the July 8, 2004 mortgage in favor of Mr. Murphy unless the POA was recorded.

30.    On July 22, 2004, Defendant Hironaga used the POA he had fraudulently obtained from Plaintiff in February 2003 to grant, on Plaintiff's behalf, a $188,000 mortgage to

Mary Drader on Lot 6271.  Defendant Hironaga did not tell Plaintiff that he was using the POA

in this manner, and Plaintiff was unaware of this use of the POA.

31.    On November 5, 2004, Defendants Hironaga and Tanida fraudulently

obtained Plaintiff's signature on a document purporting to be a warranty deed for the transfer of

Lot 6271 from Plaintiff to Ana Nila Galang Torres, Trustee of the Ana Nila Galang Torres

Revocable Living Trust dated August 29, 2002 ("Ana Torres").  Plaintiff was unaware that she

was signing a warranty deed that conveyed Lot 6271 to Ana Torres from her as the fee owner.

The purchase price paid by Ana Torres was $1,150,000.  However, Plaintiff received no

consideration for the transfer of Lot 6271 to Ana Torres.  Instead, upon information and belief,

the proceeds from the sale were taken by Defendants Hironaga and Tanida.

32.    Hironaga, in fact, has used money obtained from Plaintiff and from

the partnership business between Plaintiff and Hironaga to acquire and develop

additional Oahu properties, to wit.: a residential lot located at 92-1375 Kuamu Street,

Kapolei Hawaii, Tax Map Key No. 1-9-2-026-090 (hereinafter the "Kuamu property")

and another residential lot located at 99-121 Ululaau Place, Honolulu, Hawaii, Tax Map

Key No. 1-9-9-017-041 (hereinafter the "Ululaau property").  Hironaga, however, has

placed title to both of these properties in the name of Defendant H&L Developments,

which he controls.

33.    Defendants Hironaga and Tanida explained to Plaintiff that money from

the sale to Ana Torres was being reinvested in other properties.   Plaintiff thus expected that her

partnership business with Hironaga would continue and that Hironaga would develop other Oahu

properties with the partnership's money.

34.    After the sale of Lot 6271 to Ana Torres, Plaintiff attempted to contact Defendants Hironaga and Tanida to find out how matters were proceeding. However, Defendants Hironaga and Tanida have failed to respond. Instead, Plaintiff learned that she was not on title as the owner to the Manoa Property. This news came as a surprise to Plaintiff who thereafter sought anew to contact Defendants Hironaga and Tanida to discuss the situation with them. Defendants Hironaga and Tanida, however, have avoided contact with Plaintiff from that time to the present.

## Count I

### (Fraudulent Inducement - Acquisition of Title to the Manoa Property)

35.    Plaintiff repeats and realleges each and every allegation set forth above.

36.    Defendants Hironaga and Tanida falsely represented to Plaintiff that she needed to sign certain documents as a result of the partnership between Plaintiff and Defendant Hironaga to develop property in Kapolei. Among the documents that Defendants Hironaga and Tanida falsely represented to Plaintiff that she must sign is the document purporting to be a May 1, 2003 Warranty Deed for the Manoa Property.

37.    Defendants Hironaga and Tanida made this and other misrepresentations to Plaintiff to induce Plaintiff to sign the document so that they could record the document and transfer title to the Manoa Property in Defendant Tanida's name and then to keep the Manoa Property in Defendant Tanida's name alone in an effort to wrongfully assert dominion and control over the Manoa Property.

38.    Defendants Hironaga's and Tanida's misrepresentations and actions described above were willfully and/or wantonly and/or intentionally false.

39.    Plaintiff reasonably relied on Defendants Hironaga's and Tanida's misrepresentations and actions described above.

40.    Each and every misrepresentation was material in that, had Plaintiff known otherwise, Plaintiff would not have allowed Defendant Tanida to take or maintain title to the Manoa Property in his name.

41.    Defendants Hironaga and Tanida have engaged in the aforesaid fraudulent acts and conduct knowingly, willfully, wantonly, oppressively, maliciously, in conscious disregard of Plaintiff's rights, and with the purpose and intent of attempting to injure Plaintiff, entitling Plaintiff to, among other things, rescind or reform the May 1, 2003 Warranty Deed to allow Plaintiff to take title to the Manoa Property.

42.    At this time, Defendant New Century is named as defendant herein because it may claim an interest in the Manoa Property as a mortgagee.

### Count II

### (Abuse of Fiduciary Relation - Acquisition of Title to the Manoa Property)

43.    Plaintiff repeats and realleges each and every allegation set forth above.

44.    Plaintiff and Defendant Hironaga agreed to form a partnership to develop property in Kapolei for profit.

45.    As a partner, Defendant Hironaga owed Plaintiff fiduciary duties.

46.    In the alternative, because the special relationship of trust and confidence between Plaintiff and Defendant Hironaga – as evidence by the POA among other things – Defendant Hironaga owed Plaintiff fiduciary duties.

47.    Defendant Hironaga breached fiduciary duties owed Plaintiff by conspiring with Defendant Tanida to have Plaintiff execute the May 1, 2003 warranty deed that

purportedly transferred the Manoa Property from Plaintiff to Defendant Tanida as part of the partnership business.

48.    Defendant Hironaga, aided by Defendant Tanida, breached fiduciary duties owed to Plaintiff by causing the transfer of the Manoa Property on unfair terms.

49.    Defendant Hironaga's breach of fiduciary duties and Defendant Tanida's bad faith complicity entitle Plaintiff to, among other things, rescind or reform the May 1, 2003 Warranty Deed to allow Plaintiff to take title to the Manoa Property.

## COUNT III

### (Constructive Trust/Equitable Title to Manoa Property)

50.    Plaintiff repeats and realleges each and every allegation set forth above.

51.    Defendant Tanida acquired title to the Manoa Property only because of the misrepresentations of Defendants Hironaga and Tanida to Plaintiffs.  Equitable title to the Manoa Property is therefore held by Plaintiff.

52.    Defendants Hironaga and Tanida should be estopped from denying Plaintiff's ownership interest in the Manoa Property and/or it would be a fraud upon Plaintiff to allow Defendants to repudiate Plaintiff's ownership interest in the Manoa Property.

53.    As a result, Plaintiff is entitled to recognition, imposition and judgment declaring the existence of a constructive trust on the Manoa Property and all of the profits, proceeds and benefits thereof, and/or judicial determination that Plaintiff holds an equitable title to the Manoa Property and all of the profits, proceeds and benefits thereof.

## COUNT IV

### (Quiet Title to Manoa Property)

54.    Plaintiff reasserts and realleges each and every allegation set forth above.

55.     Defendants Tanida and New Century may each claim interests adverse to Plaintiff concerning Plaintiff's interest in the Manoa Property.

56.     Pursuant to Haw. Rev. Stat. § 669-1, Plaintiff is entitled to a determination to resolve this dispute, which determination is necessary and appropriate to ascertain the rights, duties and obligations of Defendant Tanida, Defendant New Century and Plaintiff.

## COUNT V

## (Fraud)

57.     Plaintiff reasserts and realleges each and every allegation set forth above.

58.     Defendant Hironaga, with the assistance of Defendant Tanida, intended and did commit fraud upon Plaintiff by, among other things:

1.     Misleading Plaintiff into signing a warranty deed that purports to transfer the Manoa Property to Defendant Tanida;

2.     Misleading Plaintiff into signing a mortgage that falsely represents that she received $100,000 from Defendant Tanida and received a mortgage on the Manoa Property as security;

3.     Misleading Plaintiff into signing the POA, thereby giving Defendant Hironaga unfettered access to Plaintiff's finances, goods, property and possessions;

4.     Misleading Plaintiff into transferring to him $26,000 from her IRA;

5.     Misleading Plaintiff into obtaining a VISA card so that he could take $20,000 cash;

6.     Misrepresenting to Plaintiff that Plaintiff and Defendant Hironaga would form a partnership to develop property in Kapolei when their actual intent was to have Plaintiff take title to the property in Kapolei, have the property developed and then

sell it and keep the proceeds, without sharing any of the proceeds from the sale with Plaintiff;

7.    Misleading Plaintiff into signing a warranty deed that purported to transfer Lot 6271 to Plaintiff;

8.    Misleading Plaintiff into signing a mortgage to grant Defendant Helen Bench a $60,000 mortgage on Lot 6271 and falsely representing that Plaintiff had received $60,000 from Defendant Helen Bench;

9.    Misleading Plaintiff into signing a mortgage to grant Defendants Mr. and Mrs. Bench a $65,000 mortgage on Lot 6271 and falsely representing that Plaintiff had received $65,000 from Defendants Mr. and Mrs. Bench;

10.    Misusing the POA to grant, on Plaintiff's behalf, a $93,000 mortgage to Edward Murphy on Lot 6271 and falsely representing that Plaintiff had received $93,000 from Edward Murphy;

11.    Misusing the POA to grant, on Plaintiff's behalf, a $188,000 mortgage to Mary Drader on Lot 6271 and falsely representing that Plaintiff had received $188,000 from Mary Drader;

12.    Misleading Plaintiff into signing a warranty deed for Lot 6271, conveying this property to Ana Torres while retaining all proceeds from the sale of this property to Ana Torres.

13.    Using proceeds obtained from Plaintiff and from the sale of Lot 6271 to acquire the Kuamu Property and the Ululaau Property but then causing Defendant H&L Developments to take title to both of these properties.

59.    Plaintiff reasonably relied on Defendants Hironaga's and Tanida's misrepresentations and actions described above.

60.    Each and every misrepresentation was material in that, had Plaintiff known otherwise, Plaintiff would not have, among other things:

1.    Signed the warranty deed that purports to transfer the Manoa Property to Defendant Tanida;

2.    Signed a mortgage that falsely represents that she received $100,000 from Defendant Tanida and received a mortgage on the Manoa Property as security;

3.    Signed the POA, thereby giving Defendant Hironaga unfettered access to Plaintiff's finances, goods, property and possessions;

4.    Transferred to Defendant Hironaga $26,000 from her IRA;

5.    Obtained a VISA card so that Defendant Hironaga could take $20,000 cash;

6.    Agreed to form a partnership to develop property in Kapolei, rather she would have proceeded to have any property developed by her as sole owner and retain the right to all proceeds from the sale of the property;

7.    Signed a warranty deed to receive Lot 6271;

8.    Signed a mortgage to grant Defendant Helen Bench a $60,000 mortgage on Lot 6271 and falsely representing that she had received $60,000 from Defendant Helen Bench;

9.    Signed a mortgage to grant Defendants Mr. and Mrs. Bench a $65,000 mortgage on Lot 6271 and falsely representing that she had received $65,000 from Defendants Mr. and Mrs. Bench;

10.     Agreed to allow Defendant Hironaga to use the POA to grant, on Plaintiff's

behalf, a $93,000 mortgage to Edward Murphy on Lot 6271 and falsely represent

that Plaintiff had received $93,000 from Edward Murphy;

11.     Agreed to allow Defendant Hironaga to use the POA to grant, on Plaintiff's

behalf, a $188,000 mortgage to Mary Drader on Lot 6271 and falsely represent

that Plaintiff had received $188,000 from Mary Drader; and

12.     Signed a warranty deed for Lot 6271, conveying this property to Ana Torres while

Defendants Hironaga and Tanida retained the seller's  proceeds from the sale of

this property to Ana Torres.

61.     As a result of the fraudulent acts of Defendants Hironaga and Tanida,

Plaintiff has suffered substantial pecuniary damage in an amount according to proof which is

presently unascertained but is within the subject matter jurisdiction of this Court.  Moreover,

Plaintiff is entitled to punitive damages because these acts were knowing, intentional, wilful,

reckless, grossly negligent and/or done with deliberate indifference to the rights of Plaintiff.

## COUNT VI

### (Breach of Contract - Partnership Agreement)

62.     Plaintiff repeats and realleges each and every allegation set forth above.

63.     Defendant Hironaga's actions constitute a material breach of his

agreement with Plaintiff to form a partnership that would buy property in Kapolei, redevelop that

property and then share the profits 50/50 after Plaintiff was repaid what she had contributed.

64.     As a result of Defendant Hironaga's breach of contract, Plaintiff has been

damaged in an amount according to proof which is presently unascertained but is within the

subject matter jurisdiction of this Court.

666966_1/9047-1                            15

## COUNT VII

**(Breach of Fiduciary Duties and Aiding and Abetting a Breach of Fiduciary Duties)**

65.     Plaintiff repeats and realleges each and every allegation set forth above.

66.     Defendant Hironaga as a partner of Plaintiff and/or as her agent and/or as a person in a special relationship of trust and confidence with Plaintiff owed Plaintiff fiduciary duties.

67.     Defendant Tanida as a person in a special relationship of trust and confidence with Plaintiff owed Plaintiff fiduciary duties.

68.     Defendants Hironaga and Tanida each breached fiduciary duties each owed Plaintiff as a result of their acts set forth above.  In addition, Defendant Tanida  aided and abetted Defendant Hironaga in breaching fiduciary duties owed to Plaintiff.

69.     As a result of Defendant Hironaga's and Tanida's breach of fiduciary duties and Defendant Tanida's aiding and abetting Defendant Hironaga in his breach of fiduciary duties, Plaintiff has been damaged in an amount  according to proof which is presently unascertained but is within the subject matter jurisdiction of this Court.  Moreover, Plaintiff is entitled to punitive damages because these acts were knowing, intentional, wilful, reckless, grossly negligent and/or done with deliberate indifference to the rights of Plaintiff.

## Count VIII

**(Partnership Accounting)**

70.     Plaintiff reasserts and realleges all of the allegations set forth above.

71.     Plaintiff is entitled to an accounting of the financial affairs of the partnership formed when she and Defendant Hironaga agreed to enter into the venture together for a profit, and is entitled to full access to the books and records of said partnership.

## COUNT IX

## (Conversion)

72.    Plaintiff reasserts and realleges each and every allegation set forth above.

73.    Defendants Hironaga's and Tanida's actions as described above constitute a conversion of Plaintiff's property.

74.    As a result of Defendant Hironaga's and Tanida's conversion of Plaintiff's property, Plaintiff has been damaged in an amount according to proof which is presently unascertained but is within the subject matter jurisdiction of this Court.  Moreover, Plaintiff is entitled to punitive damages because these acts were knowing, intentional, wilful, reckless, grossly negligent and/or done with deliberate indifference to the rights of Plaintiff.

## Count X

## (Aiding and Abetting/Conspiracy)

75.    Plaintiff reasserts and realleges each and every allegation set forth above.

76.    Defendant Tanida agreed with Defendant Hironaga to engage in a complex financial scheme that had as its goal the acquisition of Plaintiff's financial resources and her Manoa Property for their mutual benefit.  Defendant Tanida took actions, set forth above, to further this scheme, including signing a fraudulent warranty deed to accept legal title to the Manoa Property, signing a document to falsely represent that he had give Plaintiff $100,000, and using the Manoa Property to secure an alleged loan of $350,000.

77.    By so acting, Defendant Tanida has aided and abetted Defendant Hironaga and/or has conspired with Defendant Hironaga to defraud Plaintiff, to breach fiduciary duties owed to Plaintiff and to convert Plaintiff's property.

78.    Plaintiff has been damaged Defendant Tanida's acts in aiding and abetting Defendant Hironaga and/or in conspiring with Defendant Hironaga in an amount to be proven at trial that will include punitive damages because these acts were knowing, intentional, wilful, reckless, grossly negligent and/or done with deliberate indifference to the rights of Plaintiff.

**Count XI**

**(Negligence - the Realtor Defendants)**

79.    Plaintiff reasserts and realleges each and every allegation set forth above.

80.    Defendants Helen Bench and Mr. And Mrs. Bench represented Plaintiff as realtors in the listing of Lot 6271 for sale and the sale of the property to Ana Torres, and are collectively referred to hereinafter as the Realtor Defendants.

81.    The Realtor Defendants owed Plaintiff a duty of care, which included the duty to act in Plaintiff's best interests and to make full, fair and timely disclosure of all facts which are or which might be material to a transaction and which might affect Plaintiff's rights and interests or influence her actions.

82.    The Realtor Defendants breached the duty of care owed to Plaintiff's by, among other things, failing to inform Plaintiff that (a) she was the legal owner of Lot 6271, (b) that she was entitled to receive the seller's proceeds from the sale of Lot 6271 to Ana Torres, and (c) that they were placing mortgages on Lot 6271 by claiming that they had provided Plaintiff with money.  As a result of these breaches of the Realtor Defendants' duty of care, Plaintiff has been damaged in an amount to be proven at trial.

**Count XII**

**(Breach of Fiduciary Duties - the Realtor Defendants)**

83.    Plaintiff reasserts and realleges each and every allegation set forth above.

84. As Plaintiffs' realtors, the Realtor Defendants owed Plaintiff fiduciary duties comprised of the utmost good faith, integrity, honesty, and loyalty, as well as a duty of due care and diligence.

85. The Realtor Defendants breached the fiduciary duties they owed Plaintiff by engaging in the acts set forth above, and in profiting at Plaintiff's expense by taking mortgages on Lot 6271 and collecting a commission from the sale to Ana Torres.

86. As a result of these breaches of the Realtor Defendants' duty of care, Plaintiff has been damaged in an amount to be proven at trial. Moreover, Plaintiff is entitled to disgorgement of any monies received by the Realtor Defendants as well as punitive damages because these acts were knowing, intentional, wilful, reckless, grossly negligent and/or done with deliberate indifference to the rights of Plaintiff.

## Count XIII

## (Unjust Enrichment)

87.    Plaintiff reasserts and realleges each and every allegation set forth above.

88.    Defendants Hironaga and Tanida have received benefits from monies obtained directly or indirectly from Plaintiff, including, without limitation, the $26,000 in IRA funds, the VISA credit card amounts, funds received from mortgages placed on the Manoa Property and Lot 6271 Property and proceeds from the sale of Lot 6271.  In addition, Defendant Tanida has obtained from Plaintiff the benefit of taking title to the Manoa Property and mortgaging that property.

89.    The Realtor Defendants have received benefits from monies obtained directly or indirectly from Plaintiff, including, without limitation, proceeds from the repayment of mortgages placed on Lot 6271 and commissions from the sale of Lot 6271.

90.    Defendants Hironaga, Hironaga Developments and H&L Developments have received benefits from acquiring ownership of and developing the Kuamu Property and the Ululaau Property.

91.    Plaintiff has not been paid or otherwise compensated by Defendants Hironaga, Hironaga Developments, H&L Developments and Tanida and the Realtor Defendants for the benefits received by them.

92.    If Defendants Hironaga, Hironaga Developments, H&L Developments and Tanida and the Realtor Defendants are allowed to retain the benefits they have received, these defendants would be unjustly enriched.

93.    Plaintiff is entitled to restitution and/or reimbursement and/or

disgorgement and/or payment of any monies or other benefits received by Defendants Hironaga,

Hironaga Developments, H&L Developments  and Tanida as well as the Realtor Defendants.

## Count XIV

## (Constructive Trust/Equitable Title to the Kuamu Property)

94.    Plaintiff  reasserts and realleges each and every allegation set forth above.

95.    Defendant H&L Developments acquired title to the Kuamu Property with

money obtained from Plaintiff and from the partnership business between Plaintiff and

Defendant Hironaga.

96.    The development and ownership of the Kuamu Property was always

intended to be a part of the partnership business between Plaintiff and Defendant Hironaga so

that Plaintiff has an ownership interest in this property.

97.    Defendant H&L Developments acquired title to the Kuamu Property only

because of the misrepresentations and failure by Defendant Hironaga and Defendant Hironaga

Developments to disclose this asset of the partnership between Plaintiff and Defendant Hironaga.


98.    Equitable title to the Kuamu Property is therefore held by Plaintiff.

99.    Defendants Hironaga, Hironaga Developments and H&L Developments

should be estopped from denying Plaintiff's ownership interest in the Kuamu Property and/or it

would be a fraud upon Plaintiff to allow Defendants to repudiate Plaintiff's ownership interest in

the Kuamu Property.

100.    As a result, Plaintiff is entitled to recognition, imposition and judgment

declaring the existence of a constructive trust on the Kuamu Property and all of the profits,

proceeds and benefits thereof, and/or judicial determination that Plaintiff holds an equitable title

to the Kuamu Property and all of the profits, proceeds and benefits thereof.

## COUNT XV

### (Quiet Title to Kuamu Property)

101.    Plaintiff reasserts and realleges each and every allegation set forth above.

102.    Defendants Hironaga, Hironaga Developments and H&L Developments

may each claim interests adverse to Plaintiff concerning Plaintiff's interest in the Kuamu

Property.

103.    Pursuant to Haw. Rev. Stat. § 669-1, Plaintiff is entitled to a determination

to resolve this dispute, which determination is necessary and appropriate to ascertain the rights,

duties and obligations of Defendants Hironaga, Hironaga Developments and H&L Developments

and Plaintiff.

## Count XVI

### (Constructive Trust/Equitable Title to the Ululaau Property)

104.    Plaintiff reasserts and realleges each and every allegation set forth above.

105.    Defendant H&L Developments acquired title to the Ululaau Property with

money obtained from Plaintiff and from the partnership business between Plaintiff and

Defendant Hironaga.

106.    The development and ownership of the Ululaau Property was always

intended to be a part of the partnership business between Plaintiff and Defendant Hironaga so

that Plaintiff has an ownership interest in this property.

107.    Defendant H&L Developments acquired title to the Ululaau Property only

because of the misrepresentations and failure by Defendant Hironaga and Defendant Hironaga

Developments to disclose this asset of the partnership between Plaintiff and Defendant Hironaga.

108.    Equitable title to the Ululaau Property is therefore held by Plaintiff.

109.    Defendants Hironaga, Hironaga Developments and H&L Developments should be estopped from denying Plaintiff's ownership interest in the Ululaau Property and/or it would be a fraud upon Plaintiff to allow Defendants to repudiate Plaintiff's ownership interest in the Ululaau Property.

110.    As a result, Plaintiff is entitled to recognition, imposition and judgment declaring the existence of a constructive trust on the Ululaau Property and all of the profits, proceeds and benefits thereof, and/or judicial determination that Plaintiff holds an equitable title to the Ululaau Property and all of the profits, proceeds and benefits thereof.

## COUNT XVII

### (Quiet Title to Ululaau Property)

111.    Plaintiff reasserts and realleges each and every allegation set forth above.

112.    Defendants Hironaga, Hironaga Developments and H&L Developments may each claim interests adverse to Plaintiff concerning Plaintiff's interest in the Ululaau Property.

113.    Pursuant to Haw. Rev. Stat. § 669-1, Plaintiff is entitled to a determination to resolve this dispute, which determination is necessary and appropriate to ascertain the rights, duties and obligations of Defendants Hironaga, Hironaga Developments and H&L Developments and Plaintiff.

WHEREFORE Plaintiff prays as follows:

1.     Judgment be entered favor of Plaintiff and against Defendants, and a constructive trust imposed in favor of Plaintiff on the Manoa Property and a determination that Plaintiff holds equitable and legal title to the Manoa Property.

2.     Judgment be entered that Plaintiff is owner in fee simple of the Manoa Property and all Defendants' claims to the Property are barred.

3.     Issue declaratory judgment determining Plaintiff's rights to the Manoa Property and establishing that Defendants have no rights to the Manoa Property.

4.     Judgment be entered favor of Plaintiff and against Defendants, and a constructive trust imposed in favor of Plaintiff on the Kuamu Property and a determination that Plaintiff holds equitable and legal title to the Kuamu Property.

5.     Judgment be entered that Plaintiff is owner in fee simple of the Kuamu Property and all Defendants' claims to the Property are barred.

6.     Issue declaratory judgment determining Plaintiff's rights to the Kuamu Property and establishing that Defendants have no rights to the Kuamu Property.

7.     Judgment be entered favor of Plaintiff and against Defendants, and a constructive trust imposed in favor of Plaintiff on the Ululaau Property and a determination that Plaintiff holds equitable and legal title to the Ululaau Property.

8.     Judgment be entered that Plaintiff is owner in fee simple of the Ululaau Property and all Defendants' claims to the Property are barred.

9.     Issue declaratory judgment determining Plaintiff's rights to the Ululaau Property and establishing that Defendants have no rights to the Ululaau Property.

10.    Plaintiff be awarded special, compensatory and consequential damages in amounts to be proven at the time of trial.

11.    Plaintiff be awarded punitive damages.

12.    Defendants Hironaga, Hironaga Developments, H&L Developments and Tanida

and the Realtor Defendants be required to reimburse to Plaintiff and/or to disgorge

any benefits received by them either directly or indirectly from Plaintiff.

13.    Plaintiff be awarded attorneys fees to the extent permitted by law, as well as her

costs and expenses and such other further relief as this Court deems just and

equitable.

DATED: Honolulu, Hawai`i, _____.


_____
LOUISE K.Y. ING
THOMAS E. BUSH
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| TSUTAE IWAMOTO, | ) | Civil No. 07-1-2430-12 GWBC |
| | ) | (OTHER CIVIL ACTION) |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| GLENN T. HIRONAGA, DONALD | ) | |
| TANIDA, NEW CENTURY MORTGAGE | ) | |
| CORPORATION, HELEN BENCH | ) | |
| REALTY INC., CHARLES BENCH, YU | ) | |
| NEU BENCH, HIRONAGA | ) | |
| DEVELOPMENTS, INC., H&L | ) | |
| DEVELOPMENTS, LLC, JOHN DOES 1- | ) | |
| 10, JANE DOES 1-10, DOE | ) | |
| CORPORATIONS 1-10, DOE | ) | |
| PARTNERSHIPS 1-10, DOE ENTITIES | ) | |
| 1-10 and DOE GOVERNMENTAL | ) | |
| AGENCIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

**SUMMONS**

STATE OF HAWAI'I

To the above-named Defendant(s):

      You are hereby summoned and required to serve upon Plaintiff's

attorney, whose address is Alston, Hunt, Floyd & Ing, ASB Tower, Suite 1800,

1001 Bishop Street, Honolulu, Hawaii 96813, an answer to the First Amended

Complaint which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service.  If you fail to do so,

judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this Summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawai`i, _____.


Clerk of the above-entitled Court