UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| *In re* | : | Chapter 11 |
|   | : |   |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : |   |
|   |   | Case Number 07-10416 (KJC) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: March 5, 2008 at 1:30 P.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER (A) APPROVING PROPOSED DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF FEBRUARY 2, 2008; (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PROPOSED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (C) SCHEDULING A HEARING ON CONFIRMATION OF PROPOSED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND APPROVING RELATED NOTICE PROCEDURES (DOCKET ENTRY # 4897)**

In support of her objection to the motion of the Debtors and Debtors in possession (together with the Official Committee of Unsecured Creditors, the "Plan Proponents") for an order (a) approving the proposed disclosure statement for the chapter 11 plan of liquidation of the Debtors

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse, a California corporation.

and the Official Committee of Unsecured Creditors dated as of February 2, 2008; (b) establishing procedures for solicitation and tabulation of votes to accept or reject the proposed joint chapter 11 plan of liquidation; and (c) scheduling a hearing on confirmation of the proposed joint chapter 11 plan of liquidation and approving related notice procedures (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under 28 U.S.C. § 157(b)(2)(L) and (an) applicable order(s) of the United States District Court for the District of Delaware, this Court has jurisdiction to hear and determine the Motion and this objection.

2. Under 28 U.S.C. § 586(a)(3)(B), the UST is charged with monitoring plans and disclosure statements filed under chapter 11 of title 11 and filing with the court "comments with respect to such plans and disclosure statements."

3. Under 11 U.S.C. § 307, the UST has standing to be heard with regard to the Motion and this objection.

## GROUNDS/BASIS FOR RELIEF

*The Disclosure Statement Does Not Contain "Adequate Information"* [2]

4. The Disclosure Statement does not contain "adequate information" as required under 11 U.S.C. § 1125 for several reasons. First, the Plan Proponents' discussion of the Examiner's First Interim Report is truncated. The Plan Proponents should summarize and detail the Examiner's key

---

[2] The Plan Proponents filed an Amended Disclosure Statement (Docket Entry # 5103) late last night (February 27). Prior to filing this objection, the U.S. Trustee did not have sufficient time to review the Amended Disclosure Statement to determine whether it addressed any of the points made herein (or whether additional objections were warranted). The U.S. Trustee's rights to be heard with respect to the Amended Disclosure Statement are fully reserved.

findings regarding the Cash Collateral Report in the Disclosure Statement. Discl. Stmt. § III.D.4, pgs. 44 - 46. Additionally, the discussion of the anticipated filing of the final report (pg. 49) should expressly identify the Internet address for the Xroads LLC web page where the final report will be available in its entirety if and when the report is unsealed.

5. The Plan has several features – the organization of the Debtors into three categories (Holding Company Debtors, Operating Company Debtors, and Access Lending), the division of proceeds obtained from the prosecution of Litigation Assets, and the "Multi-Debtor Claim Protocol" – which effectively combine the assets and/or liabilities of distinct Debtors together and provide for a common treatment of claims against such Debtors. Notwithstanding these features, the Plan Proponents do not make a request for substantive consolidation of the Debtors' estates to the extent necessary to effectuate the Plan, nor do they discuss in the Disclosure Statement (1) the law governing requests for substantive consolidation and (2) why substantive consolidation is appropriate in these cases. The Plan Proponents should add a section to the Disclosure Statement which objectively discusses substantive consolidation and explains why the Proponents believe that substantive consolidation is appropriate. See In re Owens Corning, 419 F.3d 195 (3d Cir. 2005). The Plan will also have to be amended to incorporate a request for substantive consolidation.

6. The Plan Proponents do not provide any information relating to the aggregate amount of fees incurred by estate professionals (including entities retained under 11 U.S.C. § 363(b)(1) via order of this Court) in administering the cases. The Disclosure Statement should be amended to provide summary information regarding the professional fees incurred by estate professionals through a date certain. Disclosure Stmt. § IV.B.1.a.(3), pgs. 68-69.

7. The Plan Proponents indicate that the Liquidating Trust Agreement will be filed on or before ten days prior to the Voting Deadline. Disclosure Stmt. § IV.E.6.c, pg. 93. The Liquidating Trust Agreement should be filed at least fifteen days prior to the Voting Deadline and posted to Xroads LLC's web page(s) relating to the above-captioned cases. The Liquidating Trust Agreement should clearly identify the terms of the Trustee's compensation. Further, the members of the Plan Advisory Committee should also be identified in a filing made at least fifteen days prior to the Voting Deadline.

8. There are a number of blanks in the Disclosure Statement where important information has not been provided. For example, and without limitation, the Plan Proponents have not stated (1) the amount of reserves that will be set aside for the prosecution of the Causes of Action (Disclosure Stmt. § I.A.4, pg. 9) and (2) estimated ranges of recovery for various classes of claims (Disclosure Stmt. § I.A.4, pgs. 10 - 13). Clearly, this Court will not be in a position to consider the adequacy of the Disclosure Statement until the Plan Proponents provide these pieces of important information.

*The Tabulation Procedures Should Be Modified*

9. In paragraph 23(b) of the Motion, the Debtors propose that

> Claims in OP3b and OP6b will be temporarily allowed for voting purposes in an amount equal to the damages determined by the EPD/Breach Claim Protocol, a draft of which is attached as Exhibit F hereto and a previous version of which was attached as Exhibit B to the Plan as filed on February 2, 2008; in order to determine this damage amount, a Holder of a Claim in these Classes, must supply the information requested by the Debtors in questionnaires that the Debtors transmitted to creditors on or about January 23, 2008; if a Holder of such a Claim fails to provide the debtors with the requested information so that the Debtors are unable to determine the amount of damages that would be calculated pursuant to the EPD/Breach Protocol, the Claim will be temporarily allowed for voting purposes

      in the amount of $1.00[.]

The Debtors' proposed procedures run counter to Bankruptcy Code provisions governing allowance of claims. 11 U.S.C. § 502(a) provides that a proof of claim is deemed allowed unless a party in interest objects. Here, notwithstanding the fact that certain of the creditors in Classes OP3b and OP6b have timely filed proofs of claim, making such claims allowed claims, the Debtors are attempting to use a second bar date that was not approved by this Court – the deadline for submitting the "requested information" to the Debtors – as a vehicle for evading the requirements of 11 U.S.C. § 502(a). Under the Debtors' procedures, if a creditor holds claims in Classes OP3b and/or OP6b and timely files proof(s) of claim, such claim(s) is/are deemed disallowed unless the creditor produces sufficient information to satisfy the Debtors' information demands. Given that this Court had no prior notice of the Debtors' intention to set what is effectively a second claims bar date without its prior approval,[3] the Court should not authorize the requested tabulation procedures with respect to Classes OP3b and OP6b. If creditors in Classes OP3b and OP6b filed timely proofs of claim, the burden remains on the Debtors to object if they want to set an estimation procedure in motion.

      10.     In Paragraph 23(f) of the Motion, the Debtors propose that the deadline for objecting to Claims be the Voting Deadline. The deadline for objecting to claims for voting purposes should be no later than March 21, 2008. Given that the general claims bar date established in these cases was August 31, 2007, the Debtors have had nearly seven months since the expiration of the bar date to review the filed claims and determine which claims warrant objection; the Debtors should not

---

[3] For example, the Debtors have not disclosed what the "requested information" is and/or what the deadline for production of the information is.

be given the opportunity to object to claims until the eve of the confirmation hearing. Similarly, the Debtors' proposed deadline for filing a motion pursuant to Federal Rule of Bankruptcy Procedure 3018 – the later of (a) March 27, 2008 or (b) five days after the date of service of the objection to the underlying Claim (Mot. ¶ 24) should be extended to April 8, 2008 (eighteen days after the U.S. Trustee's proposed March 21, 2008 deadline).

11. In paragraphs 23(g, h), the Debtors establish procedures for tabulating ballots where the creditor lists a amount on the ballot which is different than the "allowed" amount of the claims for voting purposes:

> If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot[.]
>
> If a Holder of a Claim identifies a Claim amount on its Ballot that is more that [sic] the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules[.]

The result should be the same irrespective of the amount that a Holder lists on the Ballot – the Claim should be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules.

12. In paragraph 25 of the Motion, the Debtors propose additional tabulation rules:

> In tabulating the Ballots, the Debtors request that the following additional procedures be utilized: . . . (c) if a Creditor holds a Claim in more than one Class, such creditor must submit a separate ballot for voting its Claims in each Class; if a Creditor uses one Ballot to vote Claims in more than one Class, such Ballot will not be counted; and (e) Creditors will be required to vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes; thus a Ballot (or a group of Ballots within a Plan Class received from a single Creditor) that partially rejects and

partially accepts the Plan will not be counted.

In the event that application of the aforementioned tabulation procedures will be material to determining whether the Plan is confirmable, such application should be subject to this Court's review at the confirmation hearing.

13. In paragraph 29 of the Motion, the Debtors contend that Federal Rule of Bankruptcy Procedure 2002(b) requires at least 25 days' notice by mail to all creditors and indenture trustee holders of the time set for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan. Pursuant to Interim Bankruptcy Rule 9006(f), three days should be added to the period.

14. In paragraph 33 of the Motion, the Debtors propose that Solicitation Packages mailed to Holders of Claims in Classes OP3b and OP6b contain copies of the EPD/Breach Claim Protocol used to calculate the temporarily allowed amount of such Claims. All impaired classes have an interest in understanding how the EPD/Breach Claim Protocol operates, especially those classes of claims and interests junior to Classes OP3b and OP6b. Accordingly, the Debtors should make the EPD/Breach Claim Protocol available on Xroads LLC's web page related to the above-captioned cases and reference the relevant Internet address at the end of the summary discussion of the Protocol in the Disclosure Statement (Plan § IV.A.3.d).

15. In paragraph 34 of the Motion, the Debtors propose that Solicitation Packages be sent to holders of NCFC Interests as of the Record Date. Notice to NCFC Interest Holders should be supplemented with publication notice which clearly advises the Holders of all Class HC4 Claims of their impaired, nonvoting status under the Plan. Further, to the extent that an interest holder is willing to certify his/her status as such, the Debtors should provide that interest holder with a copy

of the Solicitation Package at their expense (Discl. Stmt. pg. 2).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

>Respectfully submitted,
>
>**KELLY BEAUDIN STAPLETON**
>**UNITED STATES TRUSTEE**
>
>BY:  /s/ Joseph J. McMahon, Jr.
>Joseph J. McMahon, Jr., Esquire (# 4819)
>Trial Attorney
>United States Department of Justice
>Office of the United States Trustee
>J. Caleb Boggs Federal Building
>844 King Street, Room 2207, Lockbox 35
>Wilmington, DE  19801
>(302) 573-6491
>(302) 573-6497 (Fax)

Date:  February 28, 2008