# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | **Objection Deadline: March 18, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: March 25, 2008 at 1:30 p.m.** |

## MOTION FOR ORDER APPROVING STIPULATION REGARDING
## ALLOWANCE OF FINANCING CLAIMS OF BANK OF THE WEST

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully request that the Court enter an Order approving the settlement of claims asserted by Bank of the West on account of secured financing arrangements entered into between the Debtors and Bank of the West pre-petition on the terms and conditions set forth in the stipulation (the "Stipulation") attached hereto at "Exhibit 1." The Debtors submit that this Stipulation represents a reasonable settlement of the parties' disputes and that it is in best interest of the Debtors, their estates and creditors, and the Debtors further represent and state as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

## BACKGROUND FACTS

1.      Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern and otherwise for the benefit of stakeholders.

## BANK OF THE WEST CLAIMS AGAINST THE ESTATES

2.      As the Debtors have previously informed the Court, pre-petition General Electric Capital Corporation ("GECC") extended financing to the Debtors in exchange for several promissory notes, including a Promissory Note dated March 26, 2004 in the principal amount of $7,000,000.34. The obligations under the Promissory Note are secured by liens against furniture, equipment and other property of the Debtors pursuant to a Master Security Agreement dated February 18, 2004. The Debtors obligated under the Promissory Note are New Century TRS Holdings, Inc. and New Century Mortgage Corporation (the "Obligated Debtors").

3.      GECC assigned the Promissory Note and all of the related rights to collateral under the Master Security Agreement to Bank of the West. Following the commencement of these cases, on July 17, 2007, Bank of the West filed a Proof of Claim (No. 951) asserting a secured claim under the Promissory Note as of the petition date in the amount of $194,444.94. The Debtors do not dispute the amount owing under the Promissory Note, but dispute the extent to which that claim is entitled to treatment as a secured claim.

4.      Following discussions amongst representatives for the Debtors and Bank of the West, and in consultation with the Official Unsecured Creditors' Committee (the "Creditors Committee"), the parties have agreed to allow Bank of the West's claims on the terms set forth in the attached Stipulation, subject to Court's approval. By way of summary only, the Stipulation provides that Bank of the West will have (i) an allowed secured claim in the amount of $25,000 against the Obligated Debtors, and (ii) an allowed non-priority unsecured claim for the balance

2

owing under the Promissory Note against the Obligated Debtors, in the amount of $155,444.94. Additionally, the automatic stay applicable under Bankruptcy Code section 362 will be modified to permit Bank of the West to remove and take possession of two vans constituting Bank of the West's collateral and to otherwise exercise Bank of the West's rights as a secured creditor with respect to those vans. The parties have agreed that the vans have a value of approximately $14,000 (for purposes of the Stipulation and the allowance of these claims only). As a result, the secured portion of Bank of the West's claims on account of the Promissory Note totals $39,000 ($25,000 plus $14,000). Any and all other claims of Bank of the West relating to the Promissory Note, the Master Security Agreement and related financing shall be disallowed in their entirety. Bank of the West shall be entitled to distributions on account of its allowed secured and unsecured claims as set forth in a plan of reorganization to be confirmed by the Court in these cases.

## LEGAL ARGUMENT

5.      Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

6.      The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a Court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

7.      In fact, a Court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation

3

involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

8.    In the present case, Bank of the West asserted that it was owed almost $200,000 as secured claims to be allowed against the estates. The Debtors and Bank of the West engaged in discussions over the various issues relating to these claims, chiefly amongst them being the depressed value of the collateral securing the claims and the allowance of Bank of the West's claims as secured versus unsecured claims. As a result of these efforts, the Debtors, in consultation with the Creditors' Committee, have successfully reached a favorable resolution of these issues, while avoiding the expense associated with litigation over valuation and other issues.

9.    The Debtors believe that this settlement represents a sensible compromise of these claims, and that the settlement is in the best interest of the Debtors, their estates and creditors. In re Marvel Entertainment Group, Inc., 222 B.R. at 249. The Debtors request that the Court approve the Stipulation.

<strong><u>NOTICE</u></strong>

10.    Notice of this Motion has been provided to: (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Creditors' Committee, and (4) all parties who have timely filed requests for notice under Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

11.    The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

12.    No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

4

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order, substantially in the form attached hereto at "Exhibit 2":

(a)     Approving the Stipulation in its entirety.

(b)     Allowing the claims of Bank of the West on account of the Promissory Note, the Master Security Agreement, and the related financing as (i) an allowed secured claim in the amount of $25,000, and (ii) an allowed non-priority unsecured claim for the balance owing under the Promissory Note in the amount of $155,444.94 against the Obligated Debtors.

(c)     Modifying the automatic stay applicable under Bankruptcy Code section 362 to permit Bank of the West to remove and take possession of two vans constituting Bank of the West's collateral and to otherwise exercise Bank of the West's rights as a secured creditor with respect to the vans (all as set forth in the Stipulation). The vans have a value of approximately $14,000, for purposes of the Stipulation and the allowance of these claims only. As a result, the secured portion of Bank of the West's claims on account of the Promissory Note totals $39,000 (i.e. $25,000 plus $14,000).

(d)     Bank of the West shall be entitled to distributions on account of these claims as set forth in a plan of reorganization to be confirmed in these cases (and such claims may be satisfied once and only once).

(e)     Granting such other relief as the Court deems just and proper consistent with the foregoing.

5

Dated:  February 28, 2008
        Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

      -and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

      -and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
(212) 408-2452

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

6