IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | Objection Deadline: March 18, 2008 at 4:00 p.m. |
| | : | Hearing Date: March 25, 2008 at 1:30 p.m. |

## MOTION FOR ORDER APPROVING STIPULATION RE-CHARACTERIZING AND ALLOWING FINANCING CLAIMS OF SUNTRUST LEASING CORPORATION

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), respectfully request that the Court enter an Order approving the settlement of claims asserted by SunTrust Leasing Corporation ("SunTrust") on account of financing arrangements entered into between the Debtors and SunTrust pre-petition on the terms and conditions set forth in the stipulation filed under certification of counsel on February 13, 2008 (Doc. No. 4883) ("Stipulation") and attached hereto at "Exhibit 1." The Debtors submit that this Stipulation represents a reasonable settlement of the parties' disputes and that it is in the best interest of the Debtors, their estates and creditors,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

and the Debtors further represent and state as follows:

## BACKGROUND FACTS

1.      Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern and otherwise for the benefit of stakeholders.

## SUNTRUST CLAIMS AGAINST ESTATES

2.      Pre-petition, SunTrust extended financing to the Debtors in exchange for a Promissory Note dated September 29, 2005 and Security Agreement dated February 19, 2004, in the principal amount of $7,371,109.08. The Debtors obligated under the Promissory Note and Security Agreement are New Century Financial Corporation, New Century TRS Holdings, Inc. and New Century Mortgage Corporation ("Obligated Debtors").

3.      On August 24, 2007, SunTrust filed Proofs of Claim Nos. 2171, 2168 and 2029, each asserting that it was owed $3,916,989.99 under the Promissory Note as of the petition date and that the claims were secured pursuant to the Security Agreement in an "unknown" amount. On August 27, 2007, SunTrust filed Proofs of Claim Nos. 1982, 1986 and 2136 amending the previous Proofs of Claim, and again asserting that it was owed $3,916,989.99 under the Promissory Note as of the petition date and that the claims were secured pursuant to the Security Agreement in an "unknown" amount ("Amended Claims"). SunTrust has not filed any UCC financing statement or other document evidencing that it perfected any lien or security interest under the Promissory Note or the Security Agreement.

4.      Following discussions amongst representatives for the Debtors and SunTrust, and in consultation with the Official Unsecured Creditors' Committee ("Creditors' Committee"), the parties have agreed to allow SunTrust's claims on the terms set forth in the Stipulation and as summarized in this Motion.

2

5.      Certain of the Debtors also entered into agreements for the lease of personal property from SunTrust, however this Motion and the Stipulation do not address those leases or any claims of SunTrust arising from those leases.

6.      By way of summary only, the Stipulation provides that SunTrust's amended claims shall be allowed against the Obligated Debtors as general unsecured claims, each in the amount of $3,916,989.99, and shall be in complete and final satisfaction of any and all claims of SunTrust under the Promissory Note, Security Agreement and related financing ("Amended Claims"). Any and all other claims of SunTrust relating to the Promissory Note, Security Agreement and related financing shall be disallowed in their entirety. SunTrust shall be entitled to distributions on account of the Amended Claims as general unsecured claims as set forth in a plan of reorganization to be confirmed by the Court in these cases.

7.      The Debtors' right to assert any future claims or defenses against SunTrust and any rights of SunTrust to setoff against potential claims asserted or to be asserted by the Debtors, if any, shall be preserved and not affected by the Stipulation. The Amended Claims are secured to the extent of any such setoff rights.

## LEGAL ARGUMENT

8.      Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9.      The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a Court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

10.     In fact, a Court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)).

3

Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

11.    In the present case, SunTrust asserted that it was owed almost $4 million as secured claims to be allowed against the estates.   The Debtors and SunTrust engaged in discussions over the various issues relating to these claims, chiefly amongst them being the proof of perfection of these claims by the filing of financing statements in accordance with the Uniform Commercial Code, and the allowance of SunTrust's claims as secured versus unsecured claims.  As a result of these efforts, the Debtors, in consultation with the Creditors' Committee have successfully reached a resolution whereby the claims of SunTrust will be allowed entirely as unsecured claims against the estates and otherwise disallowed, while avoiding the expense associated with litigation over perfection and other issues that would be incurred in connection with resolving these claims.

12.    The Debtors believe that this settlement represents a sensible compromise of these claims, and that the settlement is in the best interest of the Debtors, their estates and creditors.  In re Marvel Entertainment Group, Inc., 222 B.R. at 249.  The Debtors request that the Court approve the Stipulation.

## NOTICE

13.    Notice of this Motion has been provided to:  (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Creditors' Committee, and (4) all parties who have timely filed requests for notice under Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

4

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order, substantially in the form attached hereto at "Exhibit 2":

(a)     Approving the Stipulation in its entirety.

(b)     Allowing the Amended Claims (Claims Nos. 1982, 1986, 2136) as general unsecured claims against the Obligated Debtors, each in the amount of $3,916,989.99, in complete and final satisfaction of any and all claims of SunTrust under the Promissory Note, Security Agreement and related financing. SunTrust shall be entitled to distributions on account of the Amended Claims as set forth in a plan of reorganization to be confirmed in these cases (and such claims may be satisfied once and only once).

(c)     Granting such other relief as the Court deems just and proper consistent with the foregoing.

(d)     Any rights of SunTrust to setoff against potential claims asserted or to be asserted by the Debtors shall be preserved and the Amended Claims are secured to the extent of any such setoff rights.

5

Dated:  February 28, 2008
       Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

-and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
(212) 408-2452

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

LA3:1144870 3
RLF1-3258346-1