# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416 (KJC)** |
| **a Delaware Corporation, et al.,**[1] | : |  |
|  | : | **Jointly Administered** |
| **Debtors.** | : |  |
|  | : | **Re: Docket Nos. 4033 & 4445** |

## ORDER REGARDING MOTION TO RECONSIDER ORDER DISALLOWING AND EXPUNGING CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS; (II) BOOKS AND RECORDS CLAIMS; AND (III) REDUCED AND/OR RECLASSIFIED CLAIMS SET FORTH IN THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS WITH REGARD TO CLAIMANT LESLIE K. HILL'S CLAIM

Upon the Motion to Reconsider Order Disallowing and Expunging Certain (I) Amended

and Superseded Claims; (II) Books and Records Claims; and (III) Reduced and/or Reclassified

Claims Set Forth in the Debtors' Second Omnibus Objection to Claims with Regard to Claimant

Leslie K. Hill's (the "Claimant") Claim (the "Motion for Reconsideration") [Docket No. 4033];

---

[1]The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation, NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, L.L.C. (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, L.L.C., a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

and it appearing that notice of the Motion for Reconsideration was good and sufficient upon the particular circumstances, and that no other further notice need be given; and the Court having considered the Motion for Consideration, and the objection (the "Objection") [Docket No. 4445] of the above-captioned debtors and debtors in possession (the "Debtors") thereto; and after due deliberation thereon;[2] it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1.     A hearing will be held on **March 25, 2008 at 1:30 P.M.** in Bankruptcy Courtroom No. 5, 824 Market Street, Fifth Floor, Wilmington, Delaware to consider whether the Claimant should be afforded any relief from this Court's Order of January 10, 2008 sustaining the Debtors' objection to her claim.

2.     The Claimant is ordered to appear at such hearing, either in person or by telephone, in accordance with this Court's procedures, which are available on the Court's website, www.deb.uscourts.gov under "Chambers," then "Telephone Appearance Procedures," or she may contact our courtroom deputy, Ms. Nancy Hunt at (302) 252-2927.  A hard copy of such

---

[2]After having apparently received adequate notice of the hearings relevant to the Debtors' objection to her claim, this pro se Claimant failed to appear, either by telephone or in person, at the January 9, 2008 hearing on the objection to her claim or at the February 20, 2008 hearing fixed by the Court on her subsequent submission, which the Court treated as a Motion for Reconsideration of the January 10, 2008 order sustaining the Debtors' objection to her claim.  Counsel for the Debtors represented at both hearings that the Claimant had been advised of Local Bankruptcy Rule 3007-1(g), which expressly permits telephonic appearances in accordance with the Court's procedures, located on its website.

Notwithstanding this, the Claimant has contacted our courtroom deputy, denying that she was advised that she could participate by telephone.  At the February 20, 2008 hearing on the Motion for Reconsideration, the Court indicated from the Bench that it would sustain the Debtors' objection thereto, but has yet to enter an order.  The Court will, instead, reluctantly offer one more opportunity for the Claimant to be heard, after which the Court will consider whether to order reopening of the record on the Motion for Reconsideration or to afford other relief.

instructions are enclosed with the copy of this Order being sent to the Claimant; and

3.      If the Claimant fails to appear on **March 25, 2008 at 1:30 P.M.**, it is the Court's

intention to enter an Order sustaining the Debtor's Objection.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: February 28, 2008

INSTRUCTIONS FOR TELEPHONIC APPEARANCES
EFFECTIVE JANUARY 5, 2005

The United States Bankruptcy Court for the District of Delaware has arranged for parties to participate by telephonic appearance in hearings using CourtCall, an independent conference call company.

**Under no circumstances may any participant record or broadcast the proceedings conducted by the Bankruptcy Court.**

I.      POLICY GOVERNING TELEPHONIC APPEARANCES
        **Local counsel must appear in person in all matters before the Court.**

        Telephonic appearances are allowed in all matters before the Court except the following:

        1. Trials and evidentiary hearings - all counsel and all witnesses must appear in person;

        2. Chapter 11 status conferences - debtor and debtor's counsel must appear in person, other parties in interest may appear telephonically;

        3. Chapter 11 confirmation hearings - debtor, debtor's counsel, and all objecting parties must appear in person;

        4. Hearings on reaffirmation agreements - debtor must appear in person;

        5. Any matter designated by the Court as one requiring a personal appearance.

        No telephonic appearance will be allowed unless it is made through CourtCall pursuant to the procedures set forth in Section II.

        Parties filing a motion, application or other pleading, including, without limitation, an objection or response thereto, may participate by telephonic appearance. Any party not submitting a pleading, but interested in monitoring the Court's proceedings, may participate by telephonic appearance in "listen-only" mode.

        If an individual schedules a telephonic appearance and then fails to respond to the call of a matter on the calendar, the Court may pass the matter or may treat the failure to respond as a failure to appear. Individuals making use of the conference call service are cautioned that they do so at their own risk.

        To ensure the quality of the record, the use of car phones, cellular phones, speaker phones, or phones in other public places is prohibited. Each time you speak, you must identify yourself for the record. Do not place the call on hold at any time. When the Judge informs the participants that the hearing is completed, you may disconnect.

II.     SCHEDULING A TELEPHONIC APPEARANCE

1. Participants must notify CourtCall toll free by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. two business days prior to the hearing.

2. Participants must provide the following information:

  a. Case name and number
  b. Name of Judge
  c. Hearing date and time
  d. Name, address, phone number of participant
  e. Party whom participant represents
  f. Matter on which the participant wishes to be heard or whether the participant intends to monitor the proceeding in "listen-only" mode.

3. Participants intending to be heard by the Bankruptcy Court must send written notification to debtor's counsel and/or opposing counsel providing same information as above.

4. Participants will receive fax confirmation and instructions for telephonic appearance from CourtCall. It is the participant's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.

5. Any questions about telephonic appearances should be directed to CourtCall at 866-582-6878.

III.    FEES

The fee for the telephonic appearance is fixed by CourtCall depending on the length of time the participant is on the call, regardless of whether the participant is actually heard by the Bankruptcy Court or is in "listen only" mode. Each participant will be charged or billed an initial fee of $50.00 at the time of reservation with CourtCall, with appropriate increments, if any, to be charged or billed based upon the Fee Rate.

The Fee Rate for telephonic appearances is as follows:

| Call length | Fee |
| --- | --- |
| 0-90 minutes | $ 50.00 |
| 91-180 minutes | $ 80.00 |
| 181-270 minutes | $120.00 |
| 271-360 minutes | $160.00 |
| 361 minutes and above | $ 40.00 per each additional 90 minute increment |

There are no subscription fees and no special equipment is required to use the service.