## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,*[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: March 20, 2008** |

## SIXTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | September 1, 2007 through September 30, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $464,876.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $25,239.87 |

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 9/1/07-9/30/07: | $ 371,901.20 (Holdback: $92,975.30) |
| 100% OF DISBURSEMENTS: | $25,239.87 |
| TOTAL DUE: | $397,141.07 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 55.50 | $36,075.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 41.50 | $25,937.50 |
| Mark T. Power | Partner (1989) | $625.00 | 54.90 | $34,312.50 |
| John P. McCahey | Partner (1986) | $625.00 | 136.90 | $85,562.50 |
| Don D. Grubman | Partner (1979) | $575.00 | 28.70 | $16,502.50 |
| John P. Amato | Partner (1986) | $625.00 | 27.80 | $17,375.00 |
| Janine M. Cerbone | Associate (2003) | $325.00 | 34.20 | $11,115.00 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 16.10 | $4,186.00 |
| Charles Loesner | Associate (1997) | $400.00 | 45.50 | $18,200.00 |
| Huria Naviwala | Associate (2005) | $215.00 | 55.50 | $11,932.50 |
| Allison M. Croessmann | Associate (2006) | $215.00 | 21.90 | $4,708.50 |
| Emmet Keary | Associate (2007) | $215.00 | 42.10 | $9,051.50 |
| Emmet Keary | Associate (2007) | $215.00 | 2.40 | $0.00 |
| Greg P. Kochansky | Associate (2007) | $260.00 | 50.80 | $13,208.00 |

| Preetpal Grewal | Associate (2001) | $325.00 | 99.00 | $32,175.00 |
|---|---|---|---|---|
| Stephen J. Grable | Associate (2007) | $215.00 | 101.00 | $21,715.00 |
| James P. Laughlin | Special Counsel (1989) | $625.00 | 23.80 | $14,875.00 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 38.40 | $17,280.00 |
| Maria A. Arnott | Special Counsel (1989) | $495.00 | 75.30 | $37,273.50 |
| Duke Boamah | Para Professional (N/A) | $185.00 | 27.00 | $4,995.00 |
| F. Michael Marhyan | Paralegal (N/A) | $190.00 | 42.40 | $8,056.00 |
| Dustin Millman | Paralegal (N/A) | $180.00 | 5.30 | $954.00 |
| Leonard Gendelberg | Paralegal (N/A) | $185.00 | 66.00 | $12,210.00 |
| Charmone Wright | Paralegal (N/A) | $185.00 | 146.90 | $27,176.50 |
| **Grand Totals:** | | | **1,238.90** | **$464,876.50** |
| **Blended Rate:** | | **$ 375.23** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 432.55** | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 12.30 | $2,337.00 |
| Creditors' Committee | 117.80 | $51,347.50 |
| Retentions | 6.70 | $1,815.00 |
| Executory Contracts/Leases | 16.10 | $4,562.50 |
| DIP/Investigation of Lien | 88.60 | $37,383.00 |
| Sale of Assets | 64.40 | $35,715.00 |
| Fees | 21.00 | $4,139.50 |
| Hahn & Hessen LLP Fees | 7.40 | $1,406.00 |
| Litigation | 180.80 | $79,219.00 |
| Employee Issues | 17.20 | $9,947.00 |
| Claims Administration | 9.90 | $3,178.50 |
| Investigation of Company | 696.70 | $233,826.50 |
| **Total:** | **1,238.90** | **$464,876.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride, Inc. | $2,715.81 |
| Travel | | $508.00 |
| Hotel Fees | | $272.56 |
| Courier Service | Deluxe Delivery Systems, Inc. | $76.32 |
| Overnight Delivery | Federal Express, Inc. | $96.95 |
| Word Processing Overtime | | $87.75 |
| Duplicating [at 10¢ per page] | | $9,789.10 |
| Document Copies | K & L Gates | $1,688.72 |
| Telecopy Pages [at $1.00 per page] | | $59.00 |
| Long Distance Telephone/ Conference Calls | | $946.50 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | | $727.00 |
| Postage | | $1.38 |
| Lexis | Lexis-Nexis | $7,143.74 |
| Search Fees | Pacer Service Center | $1,127.04 |
| **Total:** | | **$ 25,239.87** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEW CENTURY HOLDINGS, INC.,
a Delaware corporation, *et al.,*

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
Jointly Administered

**Objection Deadline: March 20, 2008**

## SIXTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007

TO:   THE HONORABLE KEVIN J. CAREY,
      UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the

Court's approval of its request for its sixth monthly compensation and reimbursement of

expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee")

during the period of September 1, 2007 through September 30, 2007 (the "Compensation

Period"), and in support thereof respectfully represents:

1.      H&H makes this sixth monthly application for allowance of $490,116.37

for services provided to the Committee during the Compensation Period consisting of (i) fees in

the amount of $464,876.50, and (ii) out-of-pocket expenses in the amount of $25,239.87.

## **Background**

2.     On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3.     On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4.     The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5.     Pursuant to an order of this Court dated May 30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6.     The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, The Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise in the area of issues concerning counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee Order").

## Summary of H&H Services during the Compensation Period

8.      From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions, sales of major assets and adversary proceedings commenced since the inception of the case. Applicant has devoted considerable time and attention at the inception of its retention in order to get up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of September 2007, H&H expended 1,238.90 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been

- 3 -

necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)   General; Case Administration**

9.   H&H expended 12.30 hours with respect to services under this category, for which total compensation amounts to $2,337.00. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b)   Creditors' Committee**

10.   H&H expended 117.80 hours with respect to services under this category, for which total compensation amounts to $51,347.50. Under this category, Applicant devoted considerable time attending to issues relating to adequate protection issues. Applicant spent time reviewing Examiner's and Examiner's counsel's Fee Applications. Applicant spent time reviewing a motion to approve settlement with Chase Home Finance, stipulations to resolve two motions for Debtors to comply with lease obligations, and a response by Positive Software to Debtors' motion for additional sanctions. Additionally, Applicant reviewed a motion made by the Examiner requesting an extension of time to file report; and drafted, reviewed and revised an objection to same. Applicant prepared for and participated in several Committee meetings and conference calls to address numerous issues raised by the Debtors; and prepared for, traveled to, attended and participated in an omnibus hearing in Delaware. Applicant's services included

- 4 -

routine review of the docket regarding status updates and review of recently filed pleadings. Applicant prepared numerous memos and e-mails to the Committee updating them on developments. Applicant further devoted considerable time researching and reviewing issues relating to damages claims issues under sections 562 of the Bankruptcy Code. Applicant also spent time attending to general administrative and case management matters including, but not limited to, updating service lists, calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

**(c)   Retentions**

11.   H&H expended 6.70 hours with respect to services under this category, for which total compensation amounts to $1,815.00. Applicant spent time reviewing various retention applications for ordinary course professionals and notices and orders regarding same; and objections and limited objections of the U.S Trustee and Committee to same. Applicant prepared for and participated in numerous meetings regarding issues on retention of various professionals, including tax accountants and ordinary course professionals.

**(d)   Executory Contracts/Leases**

12.   H&H expended 16.10 hours with respect to services under this category, for which total compensation amounts to $4,562.50. Under this category, Applicant spent time reviewing numerous lease termination agreements, proposed settlements with landlords and stipulations and motions regarding same; and notices of rejection of executory contracts and unexpired leases. Additionally, Applicant spent time reviewing a motion made by a landlord for administrative expense claim and stipulations and objections regarding same.

- 5 -

**(e)**     **DIP/Investigation of Lien**

13.     H&H expended 88.60 hours with respect to services under this category, for which total compensation amounts to \$37,383.00. Under this category, Applicant devoted considerable time attending to adequate protection related issues and extensive negotiations for a potential "global settlement". Applicant spent time in this category reviewing, researching and analyzing Morgan Stanley's, IXIS Real Estate Corp.'s, Bank of America's, Barclay's, Countrywide's and Credit Suisse First Boston's Master repurchase agreements and/or loan purchase documentation and whole loan purchase agreements of various parties; and drafting, revising and finalizing memorandums and summaries regarding same. Applicant spent time preparing a presentation to the Committee regarding the position of warehouse lenders and whole loan purchasers; and a memoranda for counterparties regarding the Committee's position regarding claims. Applicant also spent time researching, reviewing and analyzing measurement of damages under section 562 of the Bankruptcy Code and editing and revising a memoranda for the committee regarding same; and reviewing various letters of default and margin call letters; and materials and documentation regarding a global settlement on adequate protection claims. Applicant also attended various meetings and participated in conference calls regarding the reconciliation and settlement negotiations concerning the adequate protection disputes.

**(f)**     **Sale of Assets**

14.     H&H expended 64.40 hours with respect to services under this category, for which total compensation amounts to \$35,715.00. Applicant spent considerable time attending to numerous issues surrounding Residential Mortgage Service's loan purchase, Ellington's APA and Carrington closing and settlement issues; and reviewing, editing and

revising documentation pertaining to same. Applicant attended auction sales; and prepared for and participated in numerous teleconference calls and meetings on topics concerning the foregoing. Applicant prepared for, traveled to, attended and participated in an omnibus hearing in Delaware; and thereafter prepared numerous memos and e-mails to the Committee updating them on developments. Additionally, Applicant's attorneys communicated frequently through telephone conferences, e-mails and memoranda on all pending asset sales. Applicant also spent time attending to general administrative and case management matters including, but not limited to, reviewing and monitoring docket for filings.

**(g)     Fees**

15.     H&H expended 21.00 hours with respect to services under this category, for which total compensation amounts to $4,139.50. Applicant's services included attention to and review of certain professionals' fee applications; and preparation of a spreadsheet detailing fees and expenses of professionals. Additionally, Applicant spent time drafting and revising limited objections to various applications.

**(h)     Hahn & Hessen LLP Fees**

16.     H&H expended 7.40 hours with respect to services under this category, for which total compensation amounts to $1,406.00. Applicant's services in this category included review of monthly fee statements in preparation of drafting a monthly fee application; and drafting and preparing a fee allocation memorandum.

## (i)    **Litigation**

17.    H&H expended 180.80 hours with respect to services under this category, for which total compensation amounts to $79,219.00. Applicant spent considerable time in this category attending to adequate protection related issues, issues related to Deutsche Bank's Fee Indemnity Claim and NY State Teachers Retirement System's motion to lift stay and related issues. Applicant's services included significant time spent conducting research on various issues including, but not limited to, servicing agreement related issues, examiner's motion to extend time and Trustee Claim related issues; and thereafter preparing numerous memos regarding the foregoing. Applicant spent time preparing for and conducting phone interviews regarding Deutsche Bank's Fee Indemnity Claim; and thereafter prepared debriefings and drafted memorandums regarding same. Applicant also spent time reviewing and revising a draft memorandum regarding measurement of damages for repurchase agreements under sections 562, 559, and 555 of the Bankruptcy Code. Applicant prepared for and participated in several meetings and conference calls with regard to issues relating to the foregoing.

## (j)    **Employee Issues**

18.    H&H expended 17.20 hours with respect to services under this category, for which total compensation amounts to $9,947.00. Applicant spent time reviewing a motion made by the Trustee (Wells Fargo) to dismiss employees deferred compensation complaint and Debtors' reply to same; and spent time reviewing and analyzing relevant case law and plan/trust documents. Applicant also spent time reviewing and analyzing case law regarding Top-Hat plans and Rabbi trusts; and reviewing WARN Act related issues. Applicant prepared for and participated in several conference calls with regard to issues relating to the foregoing.

- 8 -

**(k)     Claims Administration**

19.     H&H expended 9.90 hours with respect to services under this category, for which total compensation amounts to $3,178.50. Applicant's services in this category included review and analysis of Master Repurchase Agreements and supporting documents. Applicant spent time reviewing and revising a draft memorandum regarding measurement of damages for repurchase agreements under sections 562, 559, and 555 of the Bankruptcy Code. Applicant prepared for and participated in several meetings with regard to issues relating to the foregoing.

**(l)     Investigation of Company**

20.     H&H expended 696.70 hours with respect to services under this category, for which total compensation amounts to $233,826.50. Applicant's services in this category included considerable time spent reviewing and analyzing numerous documents provided by Debtors, Examiner, and Price Waterhouse Cooper; and reviewing interview minutes, audit committee board meeting minutes and other key documents. Thereafter, Applicant spent considerable time coding documents in Ringtail, updating FileSite folders and importing various chronologies and related documents into CaseMap and TimeMap. Applicant spent time researching and reviewing issues and case law pertaining to potential liability of board for Debtors' payment of dividends and repurchase of stock, Director's fiduciary duty, stay of discovery, vacation of stay of discovery under PSCRA and bankruptcy law regarding production of documents; and Applicant in turn prepared numerous memos regarding analysis of the foregoing research. Applicant spent time reviewing and revising Debtor's 2004/2005 10K and 2006 quarterly filings; and prepared and revised further notes thereon. Applicant devoted considerable time to reviewing, and analyzing the Examiner's motion to extend report deadline

by six months; and thereafter drafted and revised a limited objection to same. Applicant prepared for and attended meetings with FTI regarding KPMG documents and potential areas of investigation of the Debtors; and prepared for a meeting with the Examiner. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to the foregoing topics.

## H&H Fees for the Compensation Period

21.    Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $464,876.50 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

22.    Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

23.    In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the

- 10 -

Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

    24. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for September 2007 in the amount of $464,876.50, and payment of **$371,901.20** representing eighty percent (80%) of such compensation.

## **Disbursements Incurred During the Compensation Period**

    25. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$25,239.87**.

    26. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

    27. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not

appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in

H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order

allowing compensation in the amounts set forth herein and provide such other and further relief

as may be just and equitable.

Dated:   New York, New York
          February 28, 2008

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of New Century Holdings,
Inc., *et al*. Debtors

By:  _____

          MARK T. POWER
          A Member of the Firm

488 Madison Avenue
New York, NY 10022
(212) 478-7200
(212) 478-7400 facsimile

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

NEW CENTURY HOLDINGS, INC.,
a Delaware corporation, *et al.,*

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
Jointly Administered

**AFFIDAVIT PURSUANT TO SECTION 504 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2016**

STATE OF NEW YORK     )
                       ) ss.:
COUNTY OF NEW YORK  )

    MARK T. POWER, being duly sworn, deposes and says:

    1.  I am a member of the law firm of Hahn & Hessen LLP ("H&H"), co-

counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed herein.

I am the attorney responsible for the services rendered and to be rendered to the Committee as

well as for compliance with the Local Rules of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules").

    2.  This affidavit is submitted in support of the foregoing Sixth Monthly Fee

Application (the "Application") for allowance of compensation and reimbursement of expenses

incurred by H&H, as co-counsel to the Committee, for the period from September 1, 2007

through and including September 30, 2007.

    3.  I have personally performed many of the services rendered by H&H and

am thoroughly familiar with all other services performed on behalf of the Committee by the

lawyers and paraprofessionals in my firm.

4.      The facts contained in the Application are true and correct to the best of my knowledge, information and belief.

5.      The fees and disbursements requested in the Application are in accordance with practices customarily employed by H&H and generally accepted by H&H's clients.

6.      No agreement or understanding exists between H&H and any other person or persons or parties to share in any compensation received in connection with this case except as with respect to the terms of partnership agreements with members of H&H.

7.      To the best of my knowledge, information and belief, the application substantially complies with the Local Rules.

MARK T. POWER

Sworn to before me this
29 th day of February, 2008

LOIS R. STANDIG
Notary Public, State of New York
No. 01ST6025114
Qualified in New York County
Commission Expires May 24, 20 11