## EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Re: Docket No. 2857 |

**ORDER APPROVING STIPULATION REGARDING ALLOWANCE OF CLAIMS OF
NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC**

The *Stipulation Regarding Allowance of Claims of National City Commercial Capital Company, LLC* attached hereto as <u>Exhibit 1</u> is APPROVED. The Court reserves jurisdiction to enforce the terms of the Stipulation.

Dated: March ___, 2007
       Wilmington, Delaware

 

                                   _____
                                   THE HONORABLE KEVIN J. CAREY
                                   UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P., a Delaware limited partnership, and New Century Warehouse Corporation, a California corporation.

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |

## STIPULATION REGARDING ALLOWANCE OF CLAIMS OF
## NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC

This Stipulation is entered into by and between New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California Corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), on the one hand, and National City Commercial Capital Company, LLC ("National City"), on the other hand, by and through their respective counsel, and is based on the following recitals:

RECITALS

A.    The Debtors commenced these cases by filing voluntary chapter 11 bankruptcy petitions on April 2, 2007.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

B.    Pre-petition, General Electric Capital Corporation extended financing to the Debtors in exchange for several promissory notes, including a Promissory Note dated July 9, 2004 in the principal amount of $5,012,880.38 (the "Note"). The obligations under the Note are secured by liens against furniture, equipment and other property of the Debtors ("Collateral") pursuant to a Master Security Agreement dated February 18, 2004 (the "Security Agreement"). The initial obligors under the Note are New Century TRS Holdings, Inc. and New Century Mortgage Corporation. Later, on September 24, 2004, New Century Financial Corporation additionally become bound as an obligor under the Note. (These three entities are collectively referred to as "Obligated Debtors").

C.    On July 9, 2004, General Electric Capital Corporation assigned the Note and the related rights to the Collateral under the Security Agreement to Charter One Vendor Finance, LLC. The successor by merger to Charter One Vendor Finance, LLC is National City.

D.    Debtors filed a Motion seeking court approval of the Sale of the Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC pursuant to the Second Amended and Restated Asset Purchase Agreement, Dated as of May 2, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interests, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as part of such Sale ("Debtors' First Sale Motion") [Docket No. 70]. National City filed Limited Objections to Debtors' First Sale Motion, with reservation of rights.

E.    On May 23, 2007, the Court entered its Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure Approving (i) the Sale of the Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC Pursuant to the Second Amended and Restated Asset Purchase

Agreement, Dated as of May 2, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interests, and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington As Part of Such Sale ("Carrington Sale Order") [Docket No. 844].    The Carrington Sale Order provided, among other things, for the approval of the sale of a portion of the Debtors' businesses, including a portion of National City's Collateral, and for the establishment of a "Secured Claim Reserve" in the amount of $559,611.88 with respect to National City's claim to be subsequently dispersed by agreement of the parties or subsequent Court Order.

F.     On August 30, 2007, National City filed Proof of Claim No. 2865 asserting that it was owed $559,969.97 under the Note as of the petition date, and that this claim is partially secured.    On September 18, 2007, National City filed a motion requesting, among other things, to recover possession of property subject to its security interest ("Relief Stay Motion") [Docket No. 2857].    The Debtors do not dispute the amount owing under the Note, but they do dispute the extent to which the claim is secured based on the amounts that the Debtors received from the sale of similar assets and the Collateral sold to date.

G.     Following discussions amongst representatives for the Debtors and National City, and in consultation with the Official Unsecured Creditors' Committee, the parties have agreed to allow National City's claims under the Note on the terms set forth below, subject to Bankruptcy Court approval.

<u>STIPULATION</u>

1.     National City will have the following allowed claims and related security interest: (i) a secured claim in the amount of $270,000; and (ii) a general unsecured deficiency claim in the amount of $289,970, representing the balance owing under the Note as of the petition date. All such claims will be allowed against the Obligated Debtors, and National City will be entitled

to satisfaction on account of such claims once and only once. These allowed claims are in complete and final satisfaction of any and all claims of National City under the Note, Security Agreement, and related financing arrangement. Any other claims asserted by National City on account of the Note, related security interest and financing arrangement shall be disallowed in their entirety.

2.    The Debtors are authorized to and shall pay National City in satisfaction of the allowed secured claim described above by releasing $270,000 to National City from the Secured Claim Reserve established pursuant to the Carrington Sale Order, within five (5) days of Court Approval of this Stipulation. The amounts remaining in the Secured Claim Reserve shall be released to the Debtors.

3.    National City will be entitled to distributions on account of the allowed general unsecured deficiency claim described above as set forth in a chapter 11 plan to be approved by the Court in these cases.

4.    Upon National City's receipt of the $270,000 payment described above: (i) the Relief Stay Motion will be deemed withdrawn, (ii) National City's liens and security interests in and to any Collateral in the Debtors' possession shall be deemed released, and (iii) National City authorizes Debtors to prepare and file UCC-3 termination statements appropriate to release only its liens and security interests in such Collateral.

5.    National City represents and warrants that it has not assigned, transferred or sold to a third party any or all of its claims under the Note, Security Agreement and the related financing arrangement, and that it is the owner of all such claims.

6.    Any notice, request, instruction, or demand to be given under this Stipulation shall be in writing and shall be deemed to have been duly given when delivered personally, by overnight courier service or by first class mail to the address of the party set forth below, or to such other address as the party may designate by written notice.

**STIPULATED AND AGREED:**

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

-and-

Shannon Lowry Nagle
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION


AND

        /s/Sherry D. Lowe
Sherry D. Lowe, Partner
Lamm Rubenstone LLC
3600 Horizon Blvd, Ste. 200
Trevose, PA. 19053
215-638-9330

ATTORNEYS FOR NATIONAL CITY
COMMERCIAL CAPITAL