IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS, INC., et
al.,

                    Debtor.

Chapter 11
Case No. 07-10416-KJC

**ORDER TERMINATING AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**
*(relates to Docket No. _____)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362

of the Bankruptcy Code (the "Motion") filed by Deutsche Bank National Trust Company, as Trustee

for Morgan Stanley ABS Capital I Inc Trust 2006-NC4 ("Movant"), and any response thereto; the

Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause exists

to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against each parcel of real property listed on **Exhibit A** hereof (each a "Property," and

collectively, the "Properties") under applicable non-bankruptcy law; it is HEREBY ORDERED as

follows:

    1.    The Motion is hereby GRANTED. All capitalized terms not otherwise defined herein

shall have the respective meanings set forth in the Motion.

*Movant: Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS*
*    Capital I Inc Trust 2006-NC4*
*D&G Reference: 211689*

2.      To the extent that the automatic stay is applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, pursuant to 11 U.S.C. § 362(d), with respect to Movant's interest in the Properties.   Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against each of the Properties, including but not limited to foreclosure of any Mortgage relating to such Properties.

3.      Nothing in this order (i) shall constitute a determination that the Debtors hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property.

4.      This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
       Wilmington, Delaware                  HONORABLE KEVIN J. CAREY
                                             UNITED STATES BANKRUPTCY JUDGE