### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : | **Case No. 07-10416 (KJC)** |
| **Delaware corporation, <u>et al.</u>,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket No. 1006** |

### NOTICE OF AMENDMENTS TO DEBTOR NEW CENTURY MORTGAGE CORPORATION - SCHEDULE B, PERSONAL PROPERTY AND SCHEDULE F, <u>CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS</u>

PLEASE TAKE NOTICE that on May 31, 2007, New Century Mortgage Corporation, one of the above-captioned debtors, filed its schedules of assets and liabilities [Docket No. 1006] (the "Schedules") with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that, on March 3, 2008 New Century Mortgage Corporation filed the **Notice of Amendments to Debtor New Century Mortgage Corporation - Schedule B, Personal Property and Schedule F, Creditors Holding Unsecured Nonpriority Claims** (the "Schedule Amendments") with

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

the Bankruptcy Court.  A copy of the Schedule Amendments is attached hereto as Exhibit

1.

PLEASE TAKE FURTHER NOTICE that the Schedule Amendments

only affect those claimants and claims identified therein and do not affect any claimants

or claims identified in the Schedules that are not identified in the Schedule Amendments

attached hereto.

Respectfully submitted,

Dated: March 4, 2008
      Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

- and -

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# EXHIBIT 1

# United States Bankruptcy Court
## For the District of Delaware

In re:   New Century Mortgage Corporation                                                          Case No.   07-10419
          Debtor

## NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

New Century Mortgage Corporation (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same.  Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of March 31, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system.  The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated".  The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries, reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers.  Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

Form B6B
(10/05)

In re:   New Century Mortgage Corporation                                                          Case No.    07-10419
                        Debtor

## AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

### SCHEDULE B NOTES

**UNLESS OTHERWISE NOTED, SCHEDULE B LISTS THE NET BOOK VALUE FOR EACH OF THE DEBTOR'S ASSETS AS OF MARCH 31, 2007 AS REFLECTED ON THE DEBTOR'S BOOKS AND RECORDS.**

**THE DEBTOR RESERVES ALL RIGHTS WITH RESPECT TO THE CHARACTERIZATION OF THE ASSETS LISTED ON SCHEDULE B.**

**THE DEBTOR HAS REPLACED ALL INTERCOMPANY RECEIVABLE AMOUNTS PREVIOUSLY DISCLOSED IN SCHEDULE B FILED ON 5/31/2007 WITH THE INTERCOMPANY RECEIVABLE AMOUNTS DISCLOSED IN THE FOLLOWING AMENDMENT TO SCHEDULE B.**

# AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | See attached Exhibit for Intercompany Receivable and Payable. | | $484,296,000.00 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to set off claims. Give estimated value of each. | | Reimbursement of defense fees and costs related to "Elaine Lum" settlement. | | $175,000.00 |

Page Total    $484,471,000.00

# AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Schedule B Total | | $484,471,000.00 |

| | | | | |
|---|---|---|---|---|
| | | Page Total | | $0.00 |

**Exhibit to Schedule B16 and Schedule F**

**Intercompany Receivable and Payable**

**NC Mortgage Corp. (07-10419)**

| Intercompany Receivable and Payable | Due From | Due To | Net Amount |
|---|---|---|---|
| NCFC | $        23,649,000.00 $ | 345,259,000.00 $ | (321,610,000.00) |
| NCCapital | 53,735,000.00 | 234,000,000.00 | (180,265,000.00) |
| TRS Holdings | 240,636,000.00 | - | 240,636,000.00 |
| NCRESIII | 1,000,000.00 | - | 1,000,000.00 |
| NCRESIV | 81,277,000.00 | 174,753,000.00 | (93,476,000.00) |
| NCMV | 26,000.00 | - | 26,000.00 |
| WHSE | 3,973,000.00 | - | 3,973,000.00 |
| Home 123 | - | 1,726,000.00 | (1,726,000.00) |
| NCCRED | - | 16,922,000.00 | (16,922,000.00) |
| Non-Debtors | 80,000,000.00 | 417,044,000.00 | (337,044,000.00) |
| | $      484,296,000.00 $ | 1,189,704,000.00 $ | (705,408,000.00) |

Form B6F
(10/05)

In re:   New Century Mortgage Corporation                                    Case No.   07-10419
                        Debtor

## AMENDMENT TO SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  Do not inlcude claims listed in Schedules D and E.  If all creditors will not fit on the page, use the continuation sheet provided.  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.  Report the total of all claims listed in this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding general unsecured claims to report on this Schedule.

### SCHEDULE F NOTES

**THE DEBTOR HAS REPLACED ALL INTERCOMPANY PAYABLE AMOUNTS PREVIOUSLY DISCLOSED IN SCHEDULE F FILED ON 5/31/2007 WITH THE INTERCOMPANY PAYABLE AMOUNTS DISCLOSED IN THE FOLLOWING AMENDMENT TO SCHEDULE F.**

In re:   New Century Mortgage Corporation
             Debtor

Case No.    07-10419

# AMENDMENT TO SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CODEBTOR | H W J OR C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Intercompany Payable - Home 123 | | | | | | | $1,726,000.00 |
| Intercompany Payable - NCCapital | | | | X | | | $234,000,000.00 |
| Intercompany Payable - NCFC | | | | | | | $345,259,000.00 |
| Intercompany Payable - NCRESIV | | | | | | | $174,753,000.00 |
| Intercompany Payable - Non-Debtors | | | | | | | $417,044,000.00 |
| Intercompany Payable -NCCRED | | | | | | | $16,922,000.00 |
| Robert G. Bagno 34 Ripley Drive Northport,, NY 11768 | | | Litigation | | | X | $0.00 |

Schedule F Total    $1,189,704,000.00

In re:   New Century Mortgage Corporation                                                    Case No.   07-10419
_____
                    Debtor

### Declaration Under Penalty of Perjury
### On Behalf of a Corporation or Partnership

I, Jamie Lisac, Chief Financial Officer of New Century Mortgage Corporation,

named as the debtor in this case, declare under penalty of perjury that I have read the

foregoing Summary and Schedules and any attachments thereto and that they are true

and correct to the best of my knowledge, information, and belief.


Date:    March 3, 2008                          _/s/ Jamie Lisac_____
                                                Jamie Lisac
                                                Chief Financial Officer


_Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)_