## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket No. 999 |
| | : |

### NOTICE OF FILING OF AMENDMENTS TO STATEMENT OF FINANCIAL AFFAIRS OF NEW CENTURY R.E.O. II CORP.

PLEASE TAKE NOTICE that on May 31, 2007 New Century R.E.O. II Corp., one of the above-captioned debtors and debtors-in-possession (the "Debtors"), filed its **Statement of Financial Affairs** [Docket No. 999] (the "Statements") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

RLF1-3258990-1

PLEASE TAKE FURTHER NOTICE that New Century R.E.O. II Corp. has today filed its **Amended Statement of Financial Affairs**, a copy of which is attached hereto as Exhibit A. Only those sections of the Statements that have been amended are attached hereto.

Dated: March 4, 2008
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**EXHIBIT A**

Case 07-10416-BLS    Doc 5204    Filed 03/04/08    Page 3 of 7

**United States Bankruptcy Court**
**For the District of Delaware**

In re: New Century R.E.O. II Corp.
      Debtor

Case No. 07-10427

## NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

New Century R.E.O. II Corp. (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same. Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of March 31, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system. The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated". The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries, reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers. Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

# AMENDMENT TO STATEMENT OF FINANCIAL AFFAIRS
## United States Bankruptcy Court
### District of Delaware

In re:   New Century R.E.O. II Corp.                                                              Case No.   07-10427
        Debtor

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *Definitions*

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

### 3. Payments to creditors (continued)

None ☐    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESSES OF CREDITORS | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

All data in the Statement of Financial Affairs that was previously filed on
5/31/2007 remains the same, but the footnote is amended to state as follows.

The Debtors utilized a consolidated cash management system whereby New Century Mortgage Corporation ("NCMC") made distributions on behalf of NCMC and certain of the other affiliated Debtor entities. While NCMC was the entity that made the identified payments, such disbursements may have been based on obligations, contractual or otherwise, of certain of the other affiliated Debtor entities. In some instances, the disbursements were based on obligations, contractual or otherwise, of NCMC and allocated based on the Debtors' historical accounting practices. The disbursements identified on SOFA 3(b) are based on the actual Debtor entity that made the disbursements and, for the reasons stated above, do not necessarily reflect the Debtor entity responsible for the underlying obligation. The Debtors submit that no further disclosure is required with respect to the identified disbursements. The Debtors, however, are in the process of evaluating potential causes of action under chapter 5 of the Bankruptcy Code. To the extent that a further breakdown of the disbursements is necessary, the Debtors fully intend to perform such analysis prior to commencing any causes of action under chapter 5 of the Bankruptcy Code.

In re: New Century R.E.O. II Corp.                                                    Case No. 07-10427
       Debtor

## Declaration Under Penalty of Perjury
## On Behalf of a Corporation or Partnership

I, Jamie Lisac, Chief Financial Officer of New Century R.E.O. II Corp., named as the debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.


Date:   March 3, 2008                          /s/ Jamie Lisac
                                               Jamie Lisac
                                               Chief Financial Officer


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*