# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : Re: Docket No. 1015 |

**NOTICE OF AMENDMENTS TO DEBTOR NEW CENTURY R.E.O. III CORP. - SCHEDULE B, PERSONAL PROPERTY AND SCHEDULE F, CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**

PLEASE TAKE NOTICE that on May 31, 2007, New Century R.E.O. III Corp., one of the above-captioned debtors, filed its schedules of assets and liabilities [Docket No. 1015] (the "Schedules") with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that, on March 3, 2008 New Century R.E.O. III Corp. filed the **Notice of Amendments to Debtor New Century R.E.O. III Corp. - Schedule B, Personal Property and Schedule F, Creditors**

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

RLF1-3259185-1

**Holding Unsecured Nonpriority Claims** (the "Schedule Amendments") with the Bankruptcy Court. A copy of the Schedule Amendments is attached hereto as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that the Schedule Amendments only affect those claimants and claims identified therein and do not affect any claimants or claims identified in the Schedules that are not identified in the Schedule Amendments attached hereto.

Dated: March 4, 2008
       Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# **EXHIBIT 1**

RLF1-3259185-1

## United States Bankruptcy Court
### For the District of Delaware

In re: New Century R.E.O. III Corp.                                                                 Case No.  07-10428
         Debtor

## NOTES TO SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENT OF FINANCIAL AFFAIRS

New Century R.E.O. III Corp. (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.

The Schedules and Statements have been prepared by the Debtor's management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in data contained in the Schedules and Statements which would warrant amendment of same. Except as noted, the assets and liability data contained in the Schedules and Statements are reflected at net book value as of March 31, 2007, the date the Debtor commenced its Chapter 11 case (the "Commencement Date").

The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.

While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend its Schedules and Statements as necessary or appropriate and expects it will do so as information becomes available.

The Debtor utilizes a consolidated cash management system. The Schedules may not reflect payments by an affiliated debtor on behalf of this Debtor, as well as payments between debtor and non-debtor affiliates.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated". The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated".

The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

The Bankruptcy Court has approved the payment of certain unsecured priority and non-priority claims against the Debtor including, without limitation, certain claims of employees for wages, salaries, reimbursement of business expenses and other claims, as well as certain claims of the Debtor's vendors, and service providers. Such payments, to the extent made as of the date the Schedules were prepared, have been reflected in Schedule E or Schedule F, respectively.

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise noted, the carrying value on the Debtor's books, rather than the current market values, of the Debtor's interest in property is reflected on the Debtor's Schedules and Statements.

In re:  New Century R.E.O. III Corp.                                                                 Case No.  07-10428
        Debtor

# AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

## SCHEDULE B NOTES

UNLESS OTHERWISE NOTED, SCHEDULE B LISTS THE NET BOOK VALUE FOR EACH OF THE DEBTOR'S ASSETS AS OF MARCH 31, 2007 AS REFLECTED ON THE DEBTOR'S BOOKS AND RECORDS.

THE DEBTOR RESERVES ALL RIGHTS WITH RESPECT TO THE CHARACTERIZATION OF THE ASSETS LISTED ON SCHEDULE B.

THE DEBTOR HAS REPLACED ALL INTERCOMPANY RECEIVABLE AMOUNTS PREVIOUSLY DISCLOSED IN SCHEDULE B FILED ON 5/31/2007 WITH THE INTERCOMPANY RECEIVABLE AMOUNTS DISCLOSED IN THE FOLLOWING AMENDMENT TO SCHEDULE B.

# AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | See attached Exhibit for Intercompany Receivable and Payable. | | $0.00 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to set off claims. Give estimated value of each. | X | | | |

In re: New Century R.E.O. III Corp.
Debtor

Case 07-10416-BLS    Doc 5205    Filed 03/04/08    Page 7 of 9

Case No. 07-10428

## AMENDMENT TO SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J OR C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | | Schedule B Total | $0.00 |

| | |
|---|---|
| Page Total | $0.00 |

**Exhibit to Schedule B16 and Schedule F**

Intercompany Receivable and Payable

**New Century R.E.O. III (07-10428)**

| Intercompany Receivable and Payable | Due From | Due To | Net Amount |
|---|---|---|---|
| | $         - | $         - | $         - |
| | - | - | - |
| | $         - | $         - | $         - |

In re: New Century R.E.O. III Corp.                                              Case No. 07-10428
       Debtor

## Declaration Under Penalty of Perjury
## On Behalf of a Corporation or Partnership

I, Jamie Lisac, Chief Financial Officer of New Century R.E.O. III Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Summary and Schedules and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date:   March 3, 2008                      */s/ Jamie Lisac*
                                                    Jamie Lisac
                                                    Chief Financial Officer

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. (18 USC sec. 152 and 3571)*