# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PERRIE BONNER and<br>DARRELL BRUCE, | ) | |
| | ) | 2:05-cv-00146 |
| Plaintiffs, | ) | |
| | ) | Judge Philip P. Simon |
| v. | ) | |
| | ) | Magistrate Judge Andrew Rodovich |
| HOME123 CORPORATION<br>and NEW CENTURY MORTGAGE<br>CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is made on March 12, 2007 by and between Plaintiffs Perrie Bonner and Darrell Bruce (hereinafter "Class Representatives" or "Plaintiffs"), both individually and as Representatives of the Class defined herein, and defendants Home123 Corporation and New Century Mortgage Corporation (collectively referred to hereinafter as "Defendant" or "New Century"), subject to preliminary and final approval of the Court. Plaintiffs and New Century are sometimes collectively referred to herein as the "Parties."

### RECITALS

WHEREAS, Plaintiffs allege in the Litigation that New Century violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") by (1) willfully obtaining, using, or causing to be obtained and used, consumer reports of Plaintiffs and the Class without their written permission or a "permissible purpose" under the FCRA; and (2) sending or causing to be sent materials to Plaintiffs and the Class that do not comply with the requirements of the FCRA, including but not limited to the "permissible purpose" and "clear and conspicuous" disclosure

1

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



provisions of the FCRA (15 U.S.C. §§ 1681b, 1681m);

WHEREAS, New Century has denied and continues to deny the claims asserted in the Litigation, has denied and continues to deny all allegations of wrongdoing and liability, has denied and continues to deny that class certification is required or appropriate; and contends that it would prevail in the Litigation because the materials at issue were sent without any intentional, knowing, or actual violation of FCRA, or any other rule, law or regulation;

WHEREAS, Plaintiffs maintain that they would prevail in the Litigation against New Century on behalf of themselves and the Settlement Class;

WHEREAS, on August 4, 2006, the Court entered an order certifying a class of "all persons with an address within the geographic jurisdiction of the United States District Court for the Northern District of Indiana to whom" New Century "sent or caused to be sent material in the form represented by Exhibits A, B, or D (that are attached to the Complaint) between April 20, 2003 and May 10, 2005, who did not obtain credit in response thereto";

WHEREAS, the Class as certified includes approximately 28,000 persons;

WHEREAS, New Century has incurred substantial legal fees and expenses in defending against Plaintiffs' claims, and if litigation continues New Century would likely incur substantial additional legal fees and expenses;

WHEREAS, New Century enters into this Settlement solely to avoid the likelihood of incurring continued expenses, inconvenience, and the inherent risk of litigation.

WHEREAS, Class Counsel conducted an extensive investigation of the facts, circumstances, and law underlying the issues raised in the Litigation, and based on the facts and applicable law, the circumstances of New Century, and upon consideration of the benefits this Settlement affords both the Class Representative and the Settlement Class, considers it to be in

2

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



the best interests of the Plaintiffs and the Class to enter into this Settlement Agreement.

WHEREAS, this Settlement Agreement was reached through arms' length negotiations between counsel for the Parties;

WHEREAS, Plaintiffs and Class Counsel believe that this Settlement is fair, adequate, reasonable and proper;

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, individually and as representatives of the Settlement Class, and Defendant agree, subject to the approval by the Court, as follows:

## I.    DEFINED TERMS

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01.   "Affiliated Companies" means and includes Home123 Corporation, New Century Mortgage Corporation, New Century Financial Corporation, and all of their past, present, or future affiliated, subsidiary, and parent companies, and all of their former, current, and future officers, directors, partners, employees, associates, agents, servants, shareholders, predecessors, successors, assigns, trustees, and attorneys.

1.02.   "Claim Cut-off Date" means the date sixty (60) days after mailing of the Class Notice, as described below in paragraphs 2.16-2.17.

1.03.   "Claim Form" means the form contemplated by this Agreement, attached as Exhibit C.

1.04.   "Claimant" means a Class Member who has submitted a Claim Form postmarked on or before the Claim Cut-off Date.

3

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



1.05. "Class" or "Settlement Class" means: All persons with an address within the geographic jurisdiction of the Northern District of Indiana to whom either New Century Mortgage Corp. and Home123 Corporation sent a solicitation in the forms that were sent to plaintiffs Perrie Bonner and Darrell Bruce between April 20, 2003 and May 10, 2005, but excluding all those who obtained credit in response thereto.

1.06. "Class Counsel" or "Plaintiffs' Counsel" means Daniel A. Edelman of Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603.

1.07. "Counsel for Defendant," "Defendant's Counsel," or "New Century's Counsel" means Lucia Nale, Mayer Brown Rowe & Maw, 71 S. Wacker Drive, Chicago, Illinois 60606.

1.08. "The Court" means the Honorable Phillip Simon, United States District Court for the Northern District of Indiana, Hammond Division, and/or such other judge of the same court to whom this Action may be assigned.

1.09. "Class Member" means a member of the Class or Settlement Class.

1.10. "Class Notice" or "Notice" means the mailed notice of this Settlement that is contemplated by this Agreement, attached as Exhibit B.

1.11. "Defendants" means Home123 Corporation and New Century Mortgage Corporation.

1.12. "Effective Date" means the date of "Final Judgment" as described in paragraph 2.25.

1.13. "Final Approval Hearing" means the hearing held by the Court to consider final approval of the Settlement and all related matters as described in paragraph 2.20.

1.14. "Final Approval Date" means the date on which the order or orders constituting final approval of the Settlement, and entering judgment, are entered by the Court.

4

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT





1.15.  "Final Approval Order" means the order and judgment of the Court, in a form identical to or substantially similar to that contemplated by this Agreement, attached as Exhibit E, approves the Settlement in a manner materially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with Prejudice.

1.16.  "Litigation" means the above captioned case.  "Action" is sometimes used to mean the Litigation.

1.17.  "Potential Class Representatives" means those individuals listed in Exhibit A to this Settlement Agreement who have been identified by Plaintiffs' Counsel as clients that have or may have claims against New Century or the Affiliated Parties similar to the claims alleged in the lawsuit.

1.18.  "Preliminary Judicial Approval" means the entry of an Order as described below in paragraph 2.15.

1.19.  "Preliminary Approval Order" means an Order identical to or substantially similar to Exhibit D.

1.20.  "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.21.  "Released Parties" means (i) the Affiliated Companies; (ii) any successor or predecessor acquired by, from, or merged into the Affiliated Companies; and (iii) any personal representative, estate, heir, beneficiary, administrator, or executor of any of the Affiliated Companies.

1.22.  "Releasing Parties" means (i) the named plaintiffs, Perrie Bonner and Darrell Bruce; (ii) the Potential Class Representatives listed on Exhibit A; (iii) any Class Member who has not timely and properly excluded himself or herself from the Class pursuant to Fed. R. Civ.

5

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Proc. 23; (iv) the respective assigns, heirs, successors and personal Representatives of each or any of the foregoing; and (v), and all those who claim through each or any of the foregoing, or who assert claims, or could assert claims on their behalf (including bankruptcy trustees on behalf of estates).

1.23. "Settlement" or "Settlement Agreement" means the terms and conditions set forth in this Agreement, providing for settlement of the Litigation.

1.24. "Successful Opt-Out" means any person or persons who, pursuant to paragraphs 2.21-2.22, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose requests for exclusion are successfully disputed by Defendants and (b) persons whose requests for exclusion are not valid or otherwise void pursuant to paragraph 2.21.

1.25. "Valid Claim Form" means a claim form that (i) is completed with respect to all required information in the Claim Form; (ii) is executed under the penalty of perjury by the Class Member or his or her legal representative; (iii) is timely, as judged by the fact that it is postmarked by the deadline set by the Court; and (iv) is not successfully challenged by the procedures described in paragraph 2.13

As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

## II.    PROVISIONS

2.01. The recitals set forth above are incorporated by reference and explicitly made a part of this Settlement Agreement.

### CLASS SETTLEMENT

2.02. New Century agrees to pay the sum of $300,000 (Three Hundred Thousand

6

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT

Dollars) to settle the Litigation. This sum includes (i) payment to class members; (ii) payment to the Class Representatives and Potential Class Representatives; (iii) costs of Class Notice, claims administration, and distribution of proceeds; (iv) and attorney's fees of Plaintiffs' Counsel.

2.03.  The above sum ("Fund") shall be transferred immediately upon execution of this Settlement Agreement to a trustee or trust account to await the order of the Court. Distributions shall require an order of the Court or signatures of both Plaintiffs' Counsel and Defendant's Counsel.

2.04.  This Settlement Agreement is expressly conditioned upon the payment of the Fund in cash and not as a claim in an insolvency proceeding or through other substitute consideration. The Settlement Agreement is further expressly conditioned upon the Court's Preliminary Approval of the Settlement, approval of the form of Class Notice, and Final Approval of the Settlement and entry of a Final Judgment as provided herein.

2.05.  Plaintiffs' Counsel shall contract with a third party to send Notice and a Claim Form to the Class Members. Any and all costs for sending such Notice and Claim Form shall come from the Fund. New Century shall supply a list of Class Members (the "Class Member List") in electronic form to Plaintiffs' Counsel. The third party charged with mailing the Notice shall have discretion to format the Notice and Claim Form before mailing with the consent of the Parties.

2.06.  Prior to the Final Approval Hearing, Plaintiffs' Counsel may apply for attorney's fees and litigation expenses (collectively "Fees") not exceeding $120,000 from the Fund, subject to Court approval. The payment of any Fees shall be made from the Fund, and not as a separate payment in addition to the Fund. Plaintiffs' Counsel shall accept as final the amount of Fees, if any, as approved and awarded by the Court, and Plaintiffs' Counsel shall not attempt to collect or

7

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



seek to collect any additional fees from the Fund or from any other person or entity. In the event the Court denies, in whole or in part, any application for Fee, this Agreement shall in all other respects remain binding and effective and may not be voided or terminated by Plaintiffs or Plaintiff's Counsel as a result of such denial.

2.07.   The two named Plaintiffs, Bonner and Bruce, shall apply for an amount not to exceed $1,000 each from the Fund, subject to Court approval. Plaintiffs shall accept as final and as their sole benefit and payment hereunder such amount, if any, as is approved and awarded by the Court (not to exceed $1,000) and shall not be entitled to any other monetary compensation hereunder. In the event the Court denies, in whole or in part, any award application by Plaintiffs, this Agreement shall in all other respects remain binding and effective and may not be voided as a result of such denial.

2.08.   The persons listed on Exhibit A to this Settlement, who are Potential Class Representatives or plaintiffs, shall apply for $300 each from the Fund, subject to Court approval. The Potential Class Representative listed on Exhibit A shall accept as final and as their sole benefit and payment hereunder such amount, if any, as is approved and awarded by the Court (not exceeding $300), and shall not be entitled to any other monetary compensation hereunder. In the event the Court denies, in whole or in part, any award application by the Potential Class Representatives, this Agreement shall in all other respects remain binding and effective and may not be voided as a result of such denial.

2.09.   After reservation of sufficient sums to pay for distribution of proceeds to Class Members who timely submit valid Claim Forms, which amount shall be subject to Court approval, and deduction of the amounts allowed pursuant to paragraphs 2.02-2.08, the balance of the Fund shall be paid by or at the direction of Plaintiffs' Counsel in equal shares to the Class

8

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Members who timely submit valid Claim Forms.

2.10.  Any uncashed checks or surplus funds shall, subject to Court approval, be paid to Indiana Legal Services.

2.11.  The payment of Claims, Fees, and awards to Plaintiffs and Potential Class Representatives shall occur as of the Effective Date of the Settlement.

2.12.  Before payment is made to any Class Member, Defendants reserve the right to verify that Class Member's claim to determine if that individual applied for and received a loan from New Century in response to the prescreened solicitation. Any such individual will not be entitled to receive any monetary compensation.

2.13.  On or before sixty (60) days after the Claim Cut-off Date, Class Counsel shall prepare or cause to be prepared a list of the claimants. Within ten (10) days thereafter, New Century shall provide a list indicating whether each such claimant's claim was approved or denied. New Century shall be responsible for determining the validity of all claims under the Settlement. If a Claimant's claim is denied, the list shall indicate the basis for the denial. Class Counsel shall have ten (10) days from the mailing of such a list indicating denial of a Claim to investigate that determination, and to present New Century with any challenge thereto. In the event that the Parties contest the validity of a claim and cannot resolve their differences, Class Counsel shall submit the dispute to the Court for resolution of the matter, which shall retain jurisdiction to resolves such disputes. The Parties agree that any decision by New Century not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against New Century in any proceeding.

2.14.  As a condition of Settlement, the named Plaintiffs and the Potential Class Representatives listed on Exhibit A shall each separately execute and provide to New Century an

9



BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



individual agreement adopting and incorporating this Settlement Agreement by reference, agreeing to be bound by its terms including the release as set forth in Paragraphs 2.30-2.31 of this Agreement. These Releases must be provided to New Century within twenty-one (21) days of execution of this Agreement. Notwithstanding anything herein, the named Plaintiffs and Potential Class Representatives shall be bound by this Agreement, including its Release provisions, upon execution of this Agreement by Class Counsel and without regard to whether they provide and execute separate individual releases.

## PRELIMINARY APPROVAL

2.15.    As a condition of settlement, the Parties agree that Plaintiffs will petition the Court for a Preliminary Approval Order, substantially in the form of Exhibit D, preliminary approving this Agreement and:

(a)    Finding preliminarily that this Settlement has been negotiated in an arms' length manner and that the Settlement is fair, reasonable, and adequate;

(b)    Finding that the Notice described above is the only notice required, and that such notice satisfies the requirements of due process, Indiana law, and Fed. R. Civ. Proc. 23;

(c)    Finding that the procedure for Class Members to submit a Claim, object to, or request exclusion from the Settlement Class, and for setting the date after which a submitted claim, objection, or request for exclusion will be untimely is fair, reasonable, and adequate;

(d)    Approving the requirement that Class Members file a Claim Form substantially in the form of Exhibit C;

(e)    Scheduling a hearing date for the Final Approval of this Agreement;

(f)    Preliminarily enjoining Class Members who have not excluded themselves from commencing any lawsuit asserting claims that were asserted or could have been asserted in the



10

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Litigation or claims within the scope of the Release of paragraphs 2.30-2.31 of this Settlement Agreement; and

(f)    Prohibiting all notice or communication, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members about the Settlement or its terms other than that specifically authorized by this Agreement or order of the Court.

**NOTICE TO CLASS MEMBERS**

2.16.    If the Court enters the Preliminary Approval Order described above, then within thirty (30) days after entry of such Order, Plaintiffs' Counsel will have a third party mailing service send to all Class Members, by first class mail, a copy of the Notice and Claim Form in a form identical to or substantially similar to Exhibits B and C to this Agreement. The Notice and Claim Form shall be sent to the last known address of each Class Member based on New Century's records, with the addresses updated by the third party mailing service using the National Change Of Address database or other comparable database. If any Notice is returned to the mailing service with an address correction, it will be remailed by the mailing service to the new address. The mailing service shall provide Class Counsel with records of remailings of notices. Other than as set forth above, neither the Parties nor the third party mailing service shall have any other obligation to remail Notices or Claim Forms unless requested by a Class Member. Defendants shall have no other obligations of notice.

2.17.    The costs of generating, providing, mailing, and if necessary remailing, the Notice and Claim Form and updating addresses as set forth herein shall come from the Fund. The Parties agree, subject to the Court's approval, that the method of notice described above is reasonably calculated to reach Class Members, constitutes the best practical notice under the circumstances, and satisfies due process and Fed. R. Civ. Proc. 23. Changes in the form of

11

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Exhibit B required by the Court that do not alter the Parties' substantive rights or obligations, financial or otherwise, shall be considered immaterial.

## CLAIM FORM

2.18. In order to receive relief under the Settlement, all Class Members must submit a fully completed Claim Form to the Settlement Administrator, postmarked on or before sixty (60) days after the date the Notice and Claim Form was mailed (the "Claim Cut-Off Date"). If a Class Member fails to submit any of the information required by the Claim Form by the Claim Cut-Off Date, that Class Member will not be entitled to any relief under the Settlement. Claim Forms shall be deemed timely based on the date postmarked. New Century shall be responsible for determining the validity of Claims under the Settlement, subject to the procedures described above in Paragraphs 2.11-2.12.

2.19. New Century will give notices to the relevant Indiana administrative and regulatory authorities as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

## FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER

2.20. The Parties shall petition the Court to hold a Final Approval Hearing and enter a Judgment and Final Approval Order on a date not less than seventy-five (75) days after issuance of the Class Notice described above. The Judgment and Final Approval Order shall:

(a)    Find that the Class Notice sent to Class Members in this action satisfies the requirements of due process and Fed. R. Civ. Proc. 23(b);

(b)    Find that the Settlement Agreement is fair, reasonable, and adequate to the Class, find that each member of the Class (except those who have excluded themselves from the Class pursuant to Fed. R. Civ. Proc. 23) shall be bound by this Settlement Agreement, including the release, and conclude that this Settlement Agreement should be and is finally approved;

12



(c)    Dismiss and bar with prejudice all claims in the Litigation against New Century and enter Final Judgment of dismissal on the merits and with prejudice;

(d)    Providing that all Class Members (who are not Successful Opt-Outs), including the Named Plaintiffs, the Potential Class Representative listed on Exhibit A, and Plaintiffs' Counsel shall be permanently enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert claims released under the scope of the Release and judgment in the Litigation;

(e)    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement;

(f)    Give the terms of the Settlement final and complete effect; and

(g)    Award Plaintiffs' Counsel as Class Counsel such fees and expenses sought pursuant to paragraph 2.06 of this Agreement as the Court deems just and reasonable.

**OPT-OUTS AND OBJECTIONS**

2.21.    OPT-OUTS.    The Class Notice shall permit each Class Member to request exclusion ("Opt-Out") from the Settlement and to request not to be bound by this Agreement within such time as is ordered by the Court and contained in the Class Notice ("Opt-Out Period"). Class Members who wish to opt out of the Settlement must complete and mail a request for exclusion, or Opt-Out, to both Plaintiffs' and New Century's Counsel at the address set forth in the Class Notice. Said request for exclusion must be postmarked on or before sixty (60) days after the date the Notice and Claim Form was mailed. Opt-out requests postmarked after that date may not be valid, and Class Members submitting such untimely opt-out requests will be bound by all of the terms of this Settlement. For a Class Member's Opt-Out to be deemed and treated as a valid and Successful Opt-Out, it must (i) state his or her full name,

13

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT

address, and telephone number; (ii) contain the Class Member's signature; (iii) state the Class Member's intent to be excluded from the Settlement; and (iv) be timely postmarked. At the expiration of the Opt-Out Period, Class Counsel shall create a comprehensive list of all valid and successful Opt-Outs (the "Settlement Opt-Outs") and shall provide the list to the Parties' Counsel. Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be described or defined in this Agreement, in the Class Notice, and otherwise as ordered by the Court, shall be bound by this Agreement, this Settlement, and the Release.

2.22.   If a Class Member is a Successful Opt-Out, that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including any monetary benefit, and will not be bound by the terms of this Settlement Agreement. No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative of a Class Member. Any such purported attempts at exclusion shall be void, and the Class Member(s) that is or are the subject of such purported exclusion shall be treated as a Class Member. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement.

2.23.   OBJECTIONS.        Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must serve a written objection to the Settlement ("Objection") upon both Class Counsel and New Century's Counsel, at the addresses set forth in the Class Notice, and file the Objection with the Court. Said Objection must be postmarked on or before thirty-five (35) days after the date the Notice and Claim form was mailed. Each Objection must (i) set forth the Class Member's full name, current address, and telephone

14

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT

number; (ii) contain the Class Member's signature; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement, and shall be bound by this Agreement, this Settlement, and the Release.

2.24. Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, should, on or before a date twenty-one (21) days prior to the date set for the Final Approval Hearing, file a notice of appearance in the Action, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and contemporaneously serve the notice and other pleadings upon Class Counsel and Counsel for the Defendant as provided in the Class Notice and within the time set by the Court.

**FINAL JUDGMENT**

2.25. The Judgment and Final Approval Order  entered at or shortly following the Final Approval Hearing shall be deemed effective by the date of the last of the following to occur:-

(a)     Five (5) days after entry of the Judgment and Final Approval Order if there are no objections;

(b)     Thirty-five (35) days have passed after entry of the Court's Final Approval Order and Judgment finally approving the Settlement and within such time no appeal is taken from the Court's Judgment and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving the Settlement;

15

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



(c)     If any such appeal is taken or any such motion or pleading has been filed, then fourteen (14) days after all appellate, reconsideration, or other forms of review and potential review of the Court's judgment finally approving the Settlement have been exhausted, or the time for such filing has expired, and the Court's orders and Judgment are upheld, or not altered in a manner that is materially different from the terms of the Settlement Agreement, provided that any change or modification that may increase Defendant's liability or reduce the scope of the Release shall prevent the occurrence of Final Judgment.

## PARTIES' RIGHT TO WITHDRAW FROM SETTLEMENT

2.26.   FAILURE TO SECURE FINAL APPROVAL.    In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, including a refusal to approve the Settlement on the basis that Notice is insufficient, or holds that it will not enter or give effect to the Judgment in substantially the form described above, or holds that the entry of the Judgment or any material part thereof should be overturned or modified in any material way, then:

(a)     If all Parties hereto do not agree jointly to appeal such ruling, this Settlement Agreement shall become null and void; or

(b)     If all Parties hereto agree to jointly appeal such ruling and if the Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement shall become null and void.

2.27.   In the event that this Agreement is terminated (as provided below) or otherwise becomes null and void as set forth herein and above, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading



16

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. The moneys in the Fund shall be returned to New Century in the event of the occurrence described in this paragraph. However, any funds spent in connection with the preparation or sending of the Class Notice need not be returned. In addition, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, any orders entered pursuant to this Agreement shall be vacated, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all the rights, claims, and defenses they had or were asserting as of the date of this Agreement.

2.28. NEW CENTURY'S OPTION TO TERMINATE. This Agreement shall be terminable at the option of New Century (i) in the event the Court fails to enter the orders contemplated by paragraphs 2.14 and 2.19, or does so in a form materially different from the forms contemplated by this Agreement; (ii) if the Agreement becomes null and void in accordance with paragraphs 2.27-2.28; (iii) if the Court or any other court permits a person or persons to opt-out as a representative, or otherwise to exercise or preserve the opt-out, or substantive rights, of others; or (iv) the total number of Successful Opt-Outs exceeds 500 Opt-Outs; (v) Plaintiffs or the Class Representatives fail to provide the individual releases required by paragraphs 2.30-2.31 of this Agreement; or (vi) if the Court fails to approve this Agreement as written and agreed to by the Parties. The Agreement also shall be terminable upon the mutual agreement of the Parties.

2.29. If this Agreement is terminated pursuant to its terms, if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by

17



BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc.*

**RELEASE**

2.30.    On the Final Approval Date, Plaintiffs, the Potential Class Representatives listed on Exhibit A, any Class Member who has not timely and properly excluded himself or herself from the Class pursuant to Fed. R. Civ. Proc. 23, and the Releasing Parties as defined herein, including their respective heirs, executors, administrators, successors, representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees on behalf of estates), hereby unconditionally and irrevocably remise, release, and forever discharge the Released Parties, and agree and shall be enjoined from suing or commencing any proceeding against the Released Parties, for any and all claims, demands, damages, disputes, liabilities, actions, rights or causes of action or suits of any kind or nature whatsoever, based on any legal or equitable theory, right of action, or otherwise, that may be foreseen or unforeseen, known or unknown, matured or unmatured, accrued or unaccrued, which each or any of the Releasing Parties now has, has ever had, or at any time may hereafter have, on account of, arising out of, based upon or in any manner connected with or related to: (i) the alleged obtaining, using, or causing to be obtained and used, consumer reports of Plaintiffs and the Class, or any of the Releasing Parties, for the purpose of prescreening or sending or making pre-screened solicitations; (ii) Defendant's alleged failure to comply with the requirements of the FCRA relating to the accessing or obtaining of consumer credit reports and/or consumer credit information for that purpose; (iii) the contents of and any disclosure or non-disclosure in any of Defendants' prescreened solicitation; (iv) sending or causing to be sent materials or any other form of firm offer solicitations to Plaintiffs and the

18

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Class, or any of the Releasing Parties that do not comply with the requirements of the FCRA; (v) any and all prescreened mailings similar to the mailings at issue in the Litigation that has been sent any time prior to the date of this Agreement to Plaintiffs and the Class or any of the Releasing Parties; and (vi) any and all claims, actions, causes of action, rights or liabilities based on, arising out of, or in any way relating or pertaining to claims that were made or that could have been made in the Litigation based on the facts alleged in the Complaint, or any of the events, statements, transactions, or allegations contained in the Complaint (the "Released Claims"). The release is contingent on payment of the Fund and the distribution of the class Fund as described in paragraphs 2.09. The foregoing release does not apply to, nor effect in any way, any Class Member's contractual rights or obligations with respect to any loan(s) they may have obtained from New Century. The forgoing release shall apply regardless of whether a Class Member actually received the mailed Notice and regardless of whether the named plaintiffs and the Potential Class Representatives execute the release forms specified in paragraph 2.14.

2.31.   Without in any way limiting the generality of the foregoing, Plaintiffs and each of the Releasing Parties each hereby expressly waives and releases any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, (b) any law of the State of Indiana that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or (c) by any law of any other state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released a. Section 1542 of the California Civil Code reads:

> Section 1542. General Release, extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

19

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Whether a beneficiary of California law or otherwise, Plaintiffs and each of the Releasing Parties acknowledge that they may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to this paragraph, but expressly agrees that, upon execution of this Settlement Agreement (and conditioned on its performance), they shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to this paragraph, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

### REPRESENTATIONS AND WARRANTIES

2.32. In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. Proc. 23. Until and unless this Agreement is terminated, dissolved, or becomes null and void by its own terms, unless otherwise ordered by the Court, or unless Final Approval is not achieved, Plaintiffs and Class Counsel represent and acknowledge to New Century that they shall take all appropriate steps in the Litigation necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement and Settlement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (i) the obligation to oppose non-meritorious objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (ii) to seek approval of this Agreement and the Settlement by the Court; and (iii) to move for the entry of the orders set forth in paragraphs 2.15 and 2.20 and to effectuate their terms.



20

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



2.33.    Plaintiffs and Class Counsel represent and warrant that the term "Class Counsel," or "Plaintiffs' Counsel" as defined in paragraph 1.06 of this Agreement, includes all persons (natural or legal) having any interest in any award of attorneys' fees or litigation costs in connection with the Litigation. Plaintiffs and Class Counsel represent and warrant that any motion and/or application that they file requesting an award of attorney's fees and costs shall include within its scope all attorneys, law firms, or any other person or entity with a financial interest in any such award. Representative Plaintiffs and Class Counsel represent and warrant that they have authority to bind Plaintiff's Counsel to all relevant provisions.

2.34.    Plaintiffs, Plaintiffs' Counsel, and New Century represent and warrant that he, she, or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party, entity, or other person(s), including but not limited to the potential class representatives listed in Exhibit A, covenants, warrants, and represents that he, she, or it is and has been fully authorized to do so by that Party, entity, or other person(s). Plaintiffs, Plaintiff's Counsel, and New Century represent and warrant that he, she, or it intends to be bound fully by the terms of this Agreement.

2.35.    Plaintiffs, Class Counsel, and New Century represent and warrant that they have not nor will they (i) attempt to void this Agreement in any way (except as otherwise specifically provided for in this Agreement); (ii) opt out of the Settlement under this Agreement; (iii) solicit or encourage in any fashion Class Members to opt out; or (iv) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement. Nothing herein shall limit Class Counsel's ability to give advice to Class Members who inquire as to the Settlement.

2.36.    Plaintiffs, Plaintiffs' Counsel, and New Century represent and warrant that he,

21

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



she, or it will not use new information acquired during the administration of this Settlement, including but not limited to the Class Member List or Settlement Opt-Out list, for any purpose other than (i) for the purpose of administering this Settlement, and (ii) to respond to inquiries from persons as to their status as a Class Member in the Action. Plaintiffs, Plaintiffs' Counsel, and New Century further represent and warrant that he, they, or it (a) will maintain the Class Member List and Settlement Opt-Out list as confidential; and (b) will not disclose the Class Member List or Settlement Opt-Out list or its contents to any other person or entity for any reason other than in connection with the administration of this Settlement, including but not limited to filing the Class Member List or Settlement Opt-Out list with the Court under seal. Provided, however, that nothing in this paragraph restricts New Century from using any information that New Century had before this lawsuit was filed.

2.37. Plaintiff and Class Counsel represent and warrant that they will continue to be bound by the Protective Order in the Action (the "Protective Order"), including the provisions of the Protective Order relating to return and/or destruction of documents or information designated as "CONFIDENTIAL MATERIALS," as that term is defined in the Protective Order, upon the "final termination" of the Action.

2.38. In consideration of the Agreements made herein, Class Counsel hereby represents and warrants that as of the execution date of this Agreement: (a) Exhibit A, the list of Potential Class Representatives, is the exclusive list of clients that Edelman, Combs, Latturner & Goodwin represents with claims against New Century or the Affiliated Parties similar to the claims alleged in the Lawsuit; (b) Edelman, Combs, Latturner & Goodwin is not soliciting, does not intend to actively solicit, and will not solicit clients to bring cases specifically against New Century or the Affiliated Parties for violations similar to those alleged in the Lawsuit. Plaintiffs' Counsel

22

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



agrees that it is a material violation of this Agreement to solicit clients who may have potential claims against New Century or the Affiliated Parties for violations similar to those alleged in the Litigation.

2.39.    Plaintiffs, the Releasing Parties, and Plaintiffs' Counsel each hereby agrees, represents and warrants that they will not initiate, caused to be initiated, file or otherwise willingly participate in, any legal proceeding that asserts any of the claims released by this Agreement. The Releasing Parties each further agree that this Agreement is and shall operate as a complete bar and defense to any action initiated by or on behalf of each or any of them purporting to assert any Released Claims against any of the Released Parties. Nothing in this paragraph shall serve to any way diminish, impair or limit the scope or effect of the releases given in paragraphs 2.30-2.31.

2.40.    Plaintiff and Class Counsel acknowledge and agree that neither New Century, New Century's Counsel, or any other Party has made any representations, promises or warranties (oral or otherwise) of any kind concerning New Century's financial standing and condition and that nothing in this Agreement shall be construed or interpreted as making any such representation. Class Counsel has and will continue to monitor information available in the public record regarding the above issue.

2.41.    Class Counsel acknowledge and agree that the representations and warranties in this Agreement are material terms of the Agreement, and New Century's continuing obligations under the Agreement are dependent upon these representations and warranties. If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

23

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT





## MISCELLANEOUS PROVISIONS

2.42. EXTENT OF PARTIES' OBLIGATIONS. The Parties' obligations under this Settlement are limited solely to the terms of this Settlement. If the Court imposes other or different requirements, the Parties may void the Settlement Agreement in the manner set forth in paragraphs 2.26 through 2.28. In that event, the Litigation may continue, and any and all orders entered pursuant to this Settlement shall be vacated.

2.43. AMENDMENTS. This Settlement Agreement may not be amended or modified orally. Only a writing signed by the signatories to this Agreement, or their counsel of record, may amend this Settlement Agreement. The Agreement may be amended without the approval of any non-signatory by a writing signed by all signatories hereto, any of whom may sign by counsel of record (whose ability to make changes and signature is hereby authorized as among all Parties hereto).

2.44. NO ADMISSION OF LIABILITY. This Agreement reflects, among other things, the compromise of disputed claims and defenses of the Parties and is entered into for settlement purposes only. Neither this Settlement Agreement, nor any of its provisions, nor any of the documents, negotiations or proceedings relating thereto, nor any action taken to effectuate this Agreement, shall be construed as or deemed to be evidence of an admission or concession of liability or wrongdoing by any person, including New Century, and shall not be offered or received in evidence or requested in discovery in this action or any other action or proceeding as evidence of such an admission or concession. New Century denies the allegations in the Litigation and contends that its conduct has been lawful and proper

2.45. SETTLEMENT PURPOSES ONLY. This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this

24



BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



Settlement does not occur for any reason, this Agreement shall become null and void. The Parties agree that this Agreement, Settlement provided for herein, and all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against Defendant or cited or referenced in any other action or proceeding.

2.46. AGENTS. As agent for the receipt of communications between the Parties relating to this Settlement Agreement, Plaintiffs and the Class appoint Daniel A. Edelman of Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603, and New Century appoints Lucia Nale, Mayer Brown Rowe & Maw, 71 S. Wacker Drive, Chicago, Illinois 60606. Any communication made in connection with this Settlement Agreement shall be deemed to have been made when sent by overnight delivery or delivered in person to Mr. Edelman and Ms. Nale at the addresses designated for them in this paragraph. The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto in accordance with this paragraph 2.46.

2.47. NO SOLICITATION OF PUBLICITY. Plaintiff, Plaintiffs' Counsel, and Class Members shall not (i) issue, or otherwise cause to be issued, any press release, advertisement or similar document concerning the Litigation or this Settlement of the Litigation, and (ii) make any public or media statements concerning the Settlement of the Litigation. Further, except as specifically ordered by the Court and/or specifically required by law, Plaintiff, Plaintiffs' Counsel, and Class Members shall not issue any public, mass, or other generalized communications about the Litigation or the Settlement, or otherwise seek publicity for or about

25

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



this case. Nothing herein shall limit Class Counsel's ability to give advice to or provide a copy of the Settlement Agreement to Class Members who inquire as to the Settlement.

2.48.    COUNTERPARTS.  This Settlement Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on the party which executed it.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart.    Photocopies or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

2.49.    BINDING ON ASSIGNS.  This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, and each and every one of the Released Parties shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

2.50.    ENTIRE AGREEMENT.  This Settlement Agreement constitutes the full and entire agreement between the parties with regard to the subject hereof, and supersedes all prior representations, promises, or warranties (oral or otherwise) made by any party.  No party shall be liable or bound to any other party for any prior representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Settlement Agreement.

2.51.    COOPERATION.    The Parties shall cooperate in obtaining any approvals necessary for this agreement, including the approval of any bankruptcy or insolvency court.

2.52.    JOINTLY DRAFTED:  This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

2.53.    TERMS MATERIAL.  The terms of this Agreement are material to the Parties,

26

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



and each term shall be so construed.  In particular, and without limiting the foregoing, the terms of this Agreement may not be modified, changed, waived, or overridden based on a conclusion or determination that such term is not as important as every other term, or that any person other than a Party hereto, or counsel of record in the Action, has modified, changed, waived or overridden such term.

2.54.  ADVICE OF COUNSEL.  Defendant and Representative Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

2.55.  SEVERABILITY.    The provisions of this Agreement are severable insofar as the partial or complete invalidity, illegality, or legal ineffectiveness of any term in the Agreement shall not affect the validity, legality, or legal effectiveness of the remainder of such term or of any other terms therein.

2.56.  CHOICE OF LAW.   This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Indiana.

2.57.  NON-WAIVER.       The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

.2.58.  CLASS MEMBERS LISTS UNDER SEAL. The Parties  understand  and  agree that any list of Class Members or Successful Opt-Outs filed with the Court shall be filed under seal pursuant to the applicable procedures of the Court in order to protect the privacy interests of the persons identified thereon.

27

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



2.59.  ENFORCEMENT OF SETTLEMENT AGREEMENT. The Court has jurisdiction over the parties to this Settlement Agreement, the claims asserted in the Litigation, and the claims being released and compromised pursuant to this Settlement Agreement. The Court shall have continuing jurisdiction over the enforcement of this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date first written above.

**For the Class Representatives, potential class representatives, and the Settlement Class:**

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**For New Century:**

Terry Theologides
Executive Vice-President and General Counsel
NEW CENTURY FINANCIAL CORPORATION
18400 Von Karman Avenue, Suite 1000
Irvine, CA 92612
(800) 967-7623

AGREED AS TO FORM ONLY:

Lucia Nale
MAYER BROWN ROWE & MAW
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 701-7074

28

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT



(312) 706-8863 (FAX)

29

BONNER v. NEW CENTURY SETTLEMENT AGREEMENT

# EXHIBIT A



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PERRIE BONNER and )
DARRELL BRUCE, ) 2:05-cv-00146
)
Plaintiffs, ) Judge Philip P. Simon
)
v. ) Magistrate Judge Andrew Rodovich
)
HOME123 CORPORATION )
and NEW CENTURY MORTGAGE )
CORPORATION, )
)
Defendants. )

## LIST OF POTENTIAL CLASS REPRESENTATIVES

As defined in paragraph 1.17 of the Settlement Agreement to which this Exhibit A is attached, the following individuals are Potential Class Representatives:

1.  Curlie Young
2.  Fidelina Headley
3.  Carmencita Simpson
4.  James Calvello
5.  Linda Killingsworth
6.  Daniece Bonner
7.  Mike Neal
8.  Darcy Bobo
9.  Jeff Rhodes
10. Julie Rhodes
11. Patricia Cerda
12. Thomas Murray
13. Quincy Asbury



[TO BE ATTACHED TO SETTLEMENT AGREEMENT AS EXHIBIT B]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

PERRIE BONNER et al. v. HOME 123 et al.        Case No. 3:05-CV-00229 AS

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT HEARING, WITH CLAIM FORM

**TO:**   All persons with an address in the geographic jurisdiction of the United States District Court for the Northern District of Indiana to whom either New Century Mortgage Corporation and Home123 Corporation (collectively "defendants" or "New Century") sent a mailer in the forms that were sent to plaintiffs Perrie Bonner and Darrell Bruce between April 20, 2003 and May 10, 2005, but excluding all those who obtained credit in response thereto.

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

*IN ORDER TO GET MONEY UNDER THIS SETTLEMENT*
*YOU MUST COMPLETE AND RETURN THE PROOF OF CLAIM FORM AT THE*
*END OF THIS NOTICE. THE PROOF OF CLAIM FORM MUST BE*
*POSTMARKED BY NO LATER THAN _____, 2007.*

### I.    WHAT THIS LAWSUIT IS ABOUT

Plaintiffs Perrie Bonner and Darrell Bruce filed this action in the United States District Court for the Northern District of Indiana against defendants Home 123 Corporation and New Century Mortgage Corporation. On behalf of a class, plaintiffs alleged that defendants willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") by obtaining information about you from a credit reporting agency, without a permissible purpose, in order to send you a direct mail "prescreened" solicitation for a home mortgage loan.

Judge Simon has granted preliminary approval of a settlement agreement, subject to a fairness hearing which will take place on _____, 2007 at _____ a.m./p.m. (CST), at the United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, IN 46320.

You are being sent this notice because you appear to be a member of the Class as defined above. This notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

1

NOTICE AND CLAIM FORM

## II.    THE PROPOSED SETTLEMENT

Plaintiffs and Defendants have agreed to the settlement described below. **If you timely return a valid claim form and the settlement becomes final, you will be entitled to the benefits described below. If you do not wish to be part of the settlement, you must opt-out.**

**Class Recovery.**    Under the proposed Settlement, Defendants will create a fund of $300,000. Plaintiffs will request that the fund be used to pay (i) attorney's fees and expenses of $120,000, (ii) incentive awards to plaintiffs and several potential plaintiffs totaling less than $6000, and (iii) notice and administrative expenses estimated at approximately $30,000. After deductions of these amounts (as approved by the court), the remaining balance, estimated at $154,000, will be divided equally among class members who timely return the Claim Form at the end of this notice.

**Release.** Unless you exclude yourself from the settlement, you will be part of the Class. By staying in the Class, all of the Court's orders will apply to you, and you give Defendants a "release." A release means you cannot sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit ever again. YOU MUST CONSULT THE TERMS OF THE SETTLEMENT AGREEMENT (PARAGRAPHS 2.30-2.31) FOR THE FULL DETAILS OF THIS RELEASE.

**Dismissal.**    The lawsuit will be dismissed with prejudice.

THE ABOVE PROVIDES ONLY A SUMMARY OF SOME OF THE TERMS OF THE PROPOSED SETTLEMENT. YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT. THE SETTLEMENT AGREEMENT IS AVAILABLE BY CONTACTING CLASS COUNSEL OR FROM THE CLERK OF COURT, AS SET FORTH IN SECTION XI.

## III.    NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants expressly deny that they did anything wrong.

## IV.    CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

The claim asserted on behalf of the Class against Defendants is under the Fair Credit Reporting Act ("FCRA"). Specifically, plaintiffs alleged that defendants' solicitation failed to make a "firm offer of credit" and failed to present the requisite disclosures in a "clear and conspicuous" manner. New Century denies that it acted unlawfully, and denies that it committed any FCRA violations. The Court has ruled that defendants' solicitation did not constitute a "firm offer of credit," and ruled that plaintiff Bonner's claim that the disclosure was not "clear and

2

NOTICE AND CLAIM FORM



conspicuous" was moot. However, the Court has not otherwise ruled on the merits of plaintiffs' claims and the Court has made no determination of ultimate liability against New Century or Home123 or in favor of plaintiffs.

In an FCRA action, the person bringing the suit may recover (i) any actual damages suffered; (ii) statutory damages of between $100 and $1,000; and (iii) punitive damages. Please note that Plaintiffs' complaint did not allege actual damages. If the suit is successful, the Court, in its discretion and subject to due process concerns, may award anything between minimum and the maximum amount to a prevailing party, or possibly less. The person bringing the suit can also seek to recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

The estimated balance available for payment to the Class under this settlement, after deduction for payments to Plaintiffs and potential plaintiffs, attorney's fees and expenses, and notice and administration expenses in this case is approximately $154,000. Based on experience, Class Counsel expects that between 10-15% of the Class Members will submit claim forms. As there are approximately 28,000 Class Members, if 10% of the class members return a claim form, each claimant will receive approximately $55.00. If 15 % of the Class Members return a claim form, each claimant will receive approximately $36.66. Due to the disputed nature of the claim, the lack of any actual damages, and the size of the class, and other considerations, including Class Counsel's assessment of the apparent financial condition of defendants, Class Counsel believes that this settlement is fair and reasonable and that the Class Members should accept this settlement

## V.    CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name (Bonner et al. v. Home 123 et al. 14340) and number (Case No. 2:05-CV-00146 (N.D.Ind.)):

**New Century Settlement (14340)**
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
**120 S. LaSalle Street, 18th Floor**
**Chicago, Illinois 60603**
**(312) 419-0379 (FAX)**

If any of the persons to whom this notice is sent have died, you should send a letter to the same address explaining who is entitled to this claim. Include any supporting documentation with this letter.

## VI.    FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the

3

NOTICE AND CLAIM FORM

proposed settlement, including the amount of the award to plaintiffs' counsel of costs and attorney's fees.  The hearing will take place on _____, 2007 at _____ a.m./p.m. before Judge Simon at the United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, IN 46320.  YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

You will be represented by the attorneys for plaintiff without additional charge.  Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney.  If you wish to participate on your own or through your own attorney, an appearance should be filed with the Court.  If you participate through your own attorney, it will be at your own expense.

## VII.  YOUR OPTIONS

1.      IF YOU WISH TO BE ELIGIBLE TO RECEIVE A PORTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE THE CLAIM FORM ATTACHED TO THIS NOTICE AND RETURN IT TO THE ADDRESS PROVIDED.  THE CLAIM FORM MUST BE POSTMARKED BY _____, 2007.  IF YOU TIMELY RETURN A VALID CLAIM FORM AND THE SETTLEMENT IS APPROVED AND BECOMES A FINAL JUDGMENT, YOU WILL BE MAILED A CHECK FOR YOUR SHARE OF THE CLASS FUND.

2.      You have the right to exclude yourself ("Opt-Out") from both the class action and the settlement by mailing a written and signed request for exclusion to each of the attorneys for the plaintiff and for the defendants listed below.  The signed request for exclusion or Opt-Out must be postmarked on or before _____, 2007, and must include your name, address, telephone number, and the name and number of the case.  You must sign the Opt-Out and unequivocally state your intent to be excluded from the Settlement.  If you choose this option, you will not receive any of the settlement benefits.  Opt-Out requests that do not comply with all these requirements or are postmarked after _____ may not be valid and such Class Members will be bound by all of the terms of the Settlement, including the Release.

| Daniel A. Edelman (14340) | Lucia Nale |
|---|---|
| EDELMAN, COMBS, LATTURNER | MAYER BROWN ROWE & MAW |
| & GOODWIN, LLC | 71 S. Wacker Drive |
| 120 S. LaSalle Street, 18th Floor | Chicago, Illinois 60606 |
| Chicago, Illinois 60603 | (Counsel for the Defendants) |
| (312) 917-4504 | |
| (312) 419-0379 (FAX) | |
| newcenturysettlement@edcombs.com | |
| (Counsel for Plaintiff and the Class) | |

4

NOTICE AND CLAIM FORM



3.    If you object to the settlement, and wish to submit an objection rather than simply exclude yourself from the class action, you must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, IN 46320. The objection must be received by the Clerk of the Court on or before _____, 2007, and must refer to the name and number of the case. You must also serve copies of your objection on each of the attorneys for the Plaintiff and for the Defendants listed above by the same date. Any objection must include your name and address, the name and number of the case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

Class Members who exclude themselves from the Settlement have no right to file or present an objection. You do **NOT** need to appear at the fairness hearing discussed in order to object. However, should you wish to attend the hearing, you, or designated counsel, should file an appearance with the Clerk of the District Court no later than twenty-one (21) days before the fairness hearing.

**IMPORTANT:  THE COURT REQUIRES THAT ANY OBJECTIONS BE RECEIVED BY THE CLERK BY _____, 2007.  IF YOU MAIL AN OBJECTION, YOU BEAR THE RISK OF THE OBJECTION NOT BEING RECEIVED BY THE CLERK BY THE DEADLINE.**

If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the Class will recover more than is provided in the settlement or, indeed, anything.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should contact Class Counsel or visit the office of the Clerk of the United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, IN 46320. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

*DO NOT CONTACT THE COURT OR THE JUDGE REGARDING THIS NOTICE.*

Date:_____

Steve Ludwig, Clerk of Court
United States District Court for the Northern
District of Indiana, Hammond Division

5

NOTICE AND CLAIM FORM

[TO BE ATTACHED TO SETTLEMENT AGREEMENT AS EXHIBIT C]

✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<✂<

## CLAIM FORM

RE:   **BONNER et al. v. HOME123, CORP., et al.,** No. 2:05- CV-00146

### IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED</u>
### ON OR BEFORE _____, 2007 AND MAILED TO THE FOLLOWING
### ADDRESS OR YOU MAY BE INELIGIBLE TO RECEIVE THE SETTLEMENT
### BENEFIT:

**New Century Settlement (14340)**
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
**120 S. LaSalle Street, 18th Floor**
**Chicago, Illinois  60603**
**(312) 419-0379 (FAX)**

Please print below your full name and current mailing address:

_____              _____
Full Name (First, Middle Initial, Last)                                                    (Jr., Sr., III, etc.)

_____
Current Address (P.O. Box No., House No., Street Name)

_____              _____              _____
City                                                                          State               Zip Code

Please print below any alternate or past mailing addresses you had between April 20, 2003 and
May 10, 2005:

_____              _____              _____
Address (P.O. Box No., House No., Street Name)                      City, State                      ZIP Code

_____              _____              _____
Address (P.O. Box No., House No., Street Name)                      City, State                      ZIP Code

I submit this Claim Form under penalty of perjury and state that the information I have provided
above is true and accurate to the best of my knowledge and belief. I have read and completed this Claim
Form in a timely fashion. I wish to participate in the Settlement. I understand that I will be bound by all
the terms of the settlement, which includes releasing Home123 and New Century and affiliates for any
claims I have related to this matter. **I understand that I am bound by the Release described in section
VI of the Notice of Class Action Proposed Settlement and paragraphs 2.30-2.31 of the Settlement
Agreement.** I further understand that I am forfeiting my right to opt-out or object to the Settlement.

                                                              _____
                                                              Signature **(Required)**



[TO BE ATTACHED TO SETTLEMENT AGREEMENT AS EXHIBIT D]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| PERRIE BONNER and<br>DARRELL BRUCE, | ) | 2:05-cv-00146 |
| | ) | |
| Plaintiffs, | ) | Judge Philip P. Simon |
| | ) | |
| v. | ) | Magistrate Judge Andrew Rodovich |
| | ) | |
| HOME123 CORPORATION<br>and NEW CENTURY MORTGAGE<br>CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court upon the Motion of Plaintiffs Perrie Bonner and Darrell Bruce, individually and on behalf of a class of persons, for Preliminary Approval of Class Action Settlement Agreement entered into on March 12, 2007 (the "Settlement Agreement"), and Notice to the Class, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.    Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 3 of this Order.

1

PRELIMINARY APPROVAL ORDER



3.      A Final Approval Hearing shall be held before the undersigned at _____ __.m., on _____ __, 2007, in Courtroom ___ of the United States District Court for the Northern District of Indiana, Hammond Division, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraphs 2.30-2.31 in the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members of otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel.

4.      The Court approves the proposed form of Notice attached to the Settlement Agreement as Exhibit B to be mailed to the Class Members on or before the later of thirty (30) days after the entry of this Order, or _____ ___, 2007. Pursuant to the procedures detailed in the Settlement Agreement, a third party mailing service engaged by Plaintiffs' Counsel will mail the approved Notice to each Class Member named on a list provided to Plaintiffs' Counsel by Counsel for Defendant. Notice may be sent by any form of bulk mail that provides address forwarding to each address. A copy of the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit C shall accompany the Class Notice. Class Counsel and Counsel for Defendant shall revise the Class Notice and Claim Form to make the Class Notice and Claim Form consistent with this order, and the Parties shall have the discretion to format the Class Notice and Claim Form before mailing.

2

PRELIMINARY APPROVAL ORDER



5.     If any Class Notice mailed pursuant to the Settlement Agreement (paragraph 2.16) is returned as undeliverable and contains an address correction, the third party mailing service will remail the Class Notice and Claim Form to the new address. Other than as set forth above, neither the Parties nor the third party mailing service shall have any other obligation to remail Notices or Claim Forms unless requested by a Class Member.

6.     The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Parties' Plan for Class Notice is approved. The Court further finds that no other notice other than that identified in the Settlement Agreement is necessary in this Action.

7.     A Class Member who wishes to receive a pro rata share of the Settlement Fund must complete and return the Claim Form on or by sixty (60) days after the mailing of the Class Notice. Claim Forms must be postmarked by this date to be valid, and must otherwise conform with the terms of Claim Forms stated in the Settlement Agreement.

8.     Any Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice postmarked on or before sixty (60) days after the mailing of Class Notice. For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) and it must (a) state the Class Member's full name, address, and telephone number; (ii) contain the Class Member's signature; (iii) state the Class Member's intent to be excluded from the Settlement Class. Any Class Member who does not submit a timely and valid Opt-Out, and otherwise comply with all the requirements for requesting exclusion as set forth above, in the Class Notice, and in the Settlement Agreement, shall be bound by the Settlement Agreement, including the Release as described in paragraphs

3

PRELIMINARY APPROVAL ORDER



2.30-2.31 of the Settlement Agreement, and any Final Judgment entered in the Action.

9.    Any Class Member who is a Successful Opt-Out shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

10.    Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and serve it upon Class Counsel and Counsel for Defendant, on or by thirty-five (35) days after the mailing of Class Notice: To be considered valid, each Objection must be timely (as judged by the filing deadline set forth), and must (i) set forth the Class Member's full name, current address, and telephone number; (ii) contain the Class Member's signature; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement, and shall be bound by this Agreement, this Settlement, and the Release.

11.    The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Fees, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed no later than _____ __, 2007.

12.    Any Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, should file a notice of appearance in the Litigation with the Clerk of the Court, and serve the notice on Class Counsel and Counsel for Defendant, on or before _____ ___, 2007, at least twenty-one (21) days before the Final Approval Hearing.

13.    Defendant shall comply with, and file proof of compliance with, the notice

4

PRELIMINARY APPROVAL ORDER



requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), in accordance with the provisions of that statute.

14.    The Parties are hereby authorized to establish the means necessary to administer the Settlement.

15.    All proceedings in this Action, including status conferences, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

16.    If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated. Additionally, the remaining moneys in the Fund not spent for notice and administration costs shall be returned to Defendant. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Class Representatives or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have.

17.    Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendant, which vigorously denies all of the

5

PRELIMINARY APPROVAL ORDER



claims and allegations raised in the Action.

18      The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendant and without future notice to the Class Members.

19.      All Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Defendant that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 2.30-2.31 of the Settlement Agreement; and (ii) organizing or soliciting Class Members or Opt-Outs into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or Opt-Outs that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 2.30-2.31 of the Settlement Agreement.

20.      Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Plaintiffs' Counsel, Counsel for the Defendant, Representative Plaintiff, or Defendant, shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for the Defendant.

21.      Except as set forth in this Order and the Settlement Agreement, the Parties (and

6

PRELIMINARY APPROVAL ORDER

Plaintiffs' Counsel and Counsel for the Defendant) shall not issue any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release or any other means, without prior approval of the Court and/or the express written consent of the other Party.

DATE:                        ENTERED: _____
                                     Judge Philip P. Simon

7

PRELIMINARY APPROVAL ORDER



[TO BE ATTACHED TO SETTLEMENT AGREEMENT AS EXHIBIT E]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PERRIE BONNER and<br>DARRELL BRUCE, | ) | 2:05-cv-00146 |
| | ) | |
| Plaintiffs, | ) | Judge Philip P. Simon |
| | ) | |
| v. | ) | Magistrate Judge Andrew Rodovich |
| | ) | |
| HOME123 CORPORATION<br>and NEW CENTURY MORTGAGE<br>CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

This matter coming to be heard pursuant to the Parties' motion for Final Approval of the proposed Settlement, a hearing on the fairness of the proposed Settlement of this action having been held, at which objectors to the settlement could appear or be heard, and the Court being fully advised in the premises, the Court hereby finds and orders that:

1.     On _____ __, 2007, this Court entered an Order preliminarily approving the Settlement reached between Plaintiffs and Defendants Home 123 Corporation and New Century Mortgage Corporation (collectively "New Century"). The Preliminary Approval Order preliminarily approved the Settlement, approved a form of Class Notice (as specified in the Settlement Agreement, which is hereby incorporated by reference in this Order as if fully set forth herein), authorized the mailing of such Class Notice, along with a Claim Form, and ruled that such Class Notice complies with the terms of the Settlement Agreement and due process.

2.     The Court scheduled a fairness hearing, or Final Approval Hearing, for _____ ___, 2007, and directed the Parties to notify the Class Members of this Final Approval Hearing

1

FINAL APPROVAL ORDER



as part of the Class Notice.

3.    The Court finds that Plaintiffs' Counsel, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, caused notice of the Settlement to be mailed on _____, 2007 to _____ individuals identified as potential members of the Class The United States Postal Service returned _____ of the notices as "undeliverable" with no forwarding address, thus ending the Parties' responsibilities for mailing Notice to those particular Class Members. A total of _____ notices were returned with forwarding addresses and were remailed to those forwarding addresses.

4.    Timely and valid claim forms were submitted by _____ Class Members. On the basis of this number of timely and valid claim forms, and subtracting the costs of mailing Notice to Class Member and other class administration actions, the total benefit from the Settlement for each Class Member is ____.

5.    A total of _____ Class Members requested exclusion from the Settlement Agreement, and having validly opted out in accordance with the terms of the Settlement Agreement, are not subject to this Order.

6.    On _____ ___, 2007, the Court held the Final Approval Hearing to which Class Members, including those with objections, were invited.  The Court received objections from ___ Class Members, and ___ Class Members, or their counsel, appeared at the Final Approval Hearing to offer argument about the Settlement.

7.    The Court, being fully advised and having afforded Class Members an opportunity to object, hereby finds that the Class Settlement is appropriate under Fed. R. Civ. P. 23, the Class Notice sent to Class Members satisfies the requirements of Fed. R. Civ. P. 23 and due process, and the Parties have fully complied with the Court's Preliminary Approval Order.

2

FINAL APPROVAL ORDER



8.    The Court finds the Settlement Agreement to be fair and made in good faith, and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

9.    Further, the Court hereby finds that the Settlement is fair and reasonable, is in the best interest of the Class, and hereby approves the Settlement Agreement submitted by the parties, including the following provisions of the Settlement Agreement:

> a.  Payment of $ _____ to each Class Member who submitted a Claim Form;
>
> b. Payment of $1,000 to each Representative Plaintiff for a full release of his claims and in recognition of his services as a Representative Plaintiff;
>
> c.  Payment of $300 to each of the persons listed in Exhibit A to the Settlement; and
>
> d. Payment to Class Counsel of attorney's fees and costs in the amount of $ _____ .

10.    Any objections that were filed, timely or otherwise, have been considered and are overruled.  Therefore, all Class Members who have not opted out are bound by this Final Judgment and Order and are bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraphs 2.29-2.30 of the Settlement Agreement.

11.    All Plaintiffs, Potential Class Representations, and Class Members (as defined in the Settlement Agreement) hereby release New Century and each and every Released Party, including Affiliated Entities, from all Released Claims as defined in paragraphs 2.29-2.30 of the Settlement Agreement.

12.    The Court dismisses the claims of Plaintiffs and the Class Members against New Century and the Released Parties with prejudice and without costs (other than what has been

3

FINAL APPROVAL ORDER



provided for in the Agreement).

13.    Plaintiffs and all Class Members are permanently enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the Released Claims, as described in paragraphs 2.29-2.30 of the Settlement Agreement, against New Century, any Released Party, or any Affiliated Entity, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any personal or entity who knowingly violates such injunction shall pay the costs and attorney's fees incurred by New Century or other Released Parties as a result of the violation.

14.    The Court shall retain continuing jurisdiction over this Action, the Parties, and all Class Members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

15.    In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement and Final Judgment and Order are upheld on appeal in all material respects, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect. In the event of (i) or (ii) in this Paragraph 15, all



4

FINAL APPROVAL ORDER



parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

16.    Neither the Settlement Agreement, this final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

DATE:                                   ENTERED: _____

                                               Judge Philip P. Simon

5

FINAL APPROVAL ORDER