IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Alyse Zahi Rafidi<br>C/o Sonia Rafidi<br>2475 Heavenly Way<br>Corona, CA 92881<br>Email alyse_ttk@yahoo.com<br>Phone: 714-809-4749 | The Honorable Kevin J. Carey<br>United States Bankruptcy Judge<br>824 Market Street, 5th Floor<br>Wilmington, DE 19801 |
| In re:<br>New Century TRS Holdings, Inc.,<br>A Delaware corporation, et al., Debtors | Chapter 11<br>Case No. 07-10416(KJC)<br>Jointly Administered |
| | Objection Date: February 27, 2008<br>Hearing Deadline: March 5, 2008 |

**ORDER PURSUANT TO 11 U.S.C. §§ 502 AND 507, BUNKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1(A) DISALLOWING AND EXPUNGING CERTAIN BOOKS AND RECORDS CLAIMS AND (B) REDUCING AND/OR RECLASSIFYING CERTAIN BOOKS AND RECORDS CLAIMS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS**

The Honorable Kevin J. Carey:

### REQUEST TO PERMIT ALYSE ZAHI RAFIDI TO FILE CLAIM

Please consider this letter a formal response to a phone call received/email response requested to be sent to me by Mr. Chris Samis council for New Century TRS Holdings, Inc. and its affiliated debtors entities (collectively, the "Debtors") informing me of my position as the "Debtors" state and consider my status in the claim against the Stock Option Plan that I participated in during my employment at New Century Mortgage.

Your Honor, I am objecting to being removed from the suit as stated by the attached email from Mr. Samis. I feel that I should be allowed to participate for the following reasons:

Firstly, I am aware that the Stock Option Plan offered by my employer was a risk I would be taking, under normal stock market circumstances. It is correct that I chose to authorize the employer to deduct a certain percentage of my earnings to participate and for them to invest in the shares offered by the company, but it was not agreed upon to misuse and mishandle the funds.

Secondly, please note that when the department heads at New Century, met with the employees to notify them about this internal error in the accounting books, and to inform them of the effect that it would result from this error, and how it will affect the gain or loss for the quarter. I immediately after this meeting in March 2007 went to check on my online account for my share of the stocks, I saw that I still have profit and the value of the shares was stable, I was blocked from my account and was not allowed to trade or sell my shares. There was value to the shares when notified of this internal error and because of the blockage I was not able to retrieve my money that is owed to me by New Century. Therefore, I should be allowed to claim this money as any other entity that joined against the "Debtors". I should be paid back for all the payroll deductions up to March 2007.

Thirdly, I consider this internal error a breach of contract between me and the "Debtors" for this was not a normal stock market plunge and it was caused by an internal action that caused the loss of the value of the shares.

I would like to disclose what was related to the employees during the meeting referenced earlier. The meeting was to inform the employees that the bonus incentive program has been affected by a misreporting of earnings/profit for the 4th quarter of 2006. An audit was conducted and the findings were that the second and third quarters of 2006 were also affected by an internal accounting error of a five hundred million dollar mistake. This affected the earnings of New Century and caused the black out. Attached please find a copy of the email sent to the employees right after this meeting forbidding any of the shareholders to claim, sell or even check on their shares with the "Debtors".

Therefore, Your Honor, please allow me to participate and claim the money owed to me by New Century Mortgage. I am claiming only my payroll deductions of $6,539.95. Please note that in 2006 I paid taxes on reported dividends of $769.00. I am obligated to pay taxes on $277.54 of reported dividends for 2007, which I now, as council Samis states, that I have no right to claim from the "Debtors".

Thank you Your Honor for taking the time to review my correspondence and for dealing with a common civilian person as myself.

Sincerely,

Alyse Rafidi

Enclosures
cc: Mr. Chris Samis
03/01/2008

## Greer, Cathy

| | |
|---|---|
| **From:** | Samis, Christopher M. |
| **Sent:** | Monday, March 03, 2008 9:49 AM |
| **To:** | Greer, Cathy |
| **Subject:** | FW: New Century Claim |
| **Attachments:** | 3302396854-bankruptcy objection to claim 030108.doc; 2602323596-blackout email.doc |

Chris Samis
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7845
Facsimile: (302) 498-7845
E-mail: samis@rlf.com

---

**From:** Alyse Rafidi [mailto:alyse_ttk@yahoo.com]
**Sent:** Saturday, March 01, 2008 4:08 PM
**To:** Samis, Christopher M.; alyse_ttk@yahoo.com
**Subject:** Re: New Century Claim

Dear Mr. Samis:

I thank you from the bottom of my heart for responding to my request and sending me what we discussed on the phone via email.

Again, I want to thank you for calling me today too. As we discussed I am responding to your email as requested. I would like to continue my claim and be permitted to do so if The Honorable Judge Carey would permit that.

Please find attached two documents, one is a letter to The Honorable Judge Kevin J. Carey, requesting to be permitted to file claim to reimburse me with all the payroll deductions I lost during this ordeal, and stating why I think I should be permitted to join in the claim against your client "The Debtor". Document two is a copy of an email I received from New Century's representative informing us, as employees, of their "The Debtor" right to exercise the blackout period on their securities, which prevented me from selling my stock to avoid further loss.

I really appreciate it that you agreed to relief me from the additional expense of mailing these documents, by approving to print them out and forwarding them to the courthouse and the judge on Monday, before the hearing on Wednesday, March 5, 2008.

Please forgive my lack of professionalism in stating my request, I am doing the best I can to present myself and be as professional as possible to be allowed to participate in this claim without being an officer of the court.

Thank you Sir, and have a wonderful weekend.

Sincerely,

3/3/2008

Alyse Rafidi

"Samis, Christopher M." <Samis@RLF.com> wrote:

> Dear Ms Rafidi,
>
> Thank you for speaking with me this afternoon. To clarify, the reason that New Century TRS Holdings, Inc. and its affiliated debtor entities (collectively, the "Debtors") objected to your claims is that your claims appear to be predicated on your participation in the employee stock option plan offered by the Debtors. Pursuant to the plan, money was periodically removed from your paycheck and used to purchase stock in the Debtors on your behalf. Participation in this program was voluntary. Your claims apparently reflect amounts that were contributed to the program for the purchase of stock. The stock was purchased and has subsequently been devalued by the bankruptcy. It is the Debtors' position that your claims are based upon an interest in equity that you voluntarily assumed by virtue of your choice to participate in the employee stock option plan. Very simply, you took a voluntary, calculated risk that failed to produce the results you desired. Accordingly, the Debtors objected to your claim as their books and records reflect no amounts due and owing to you, as you have no claim on account of a debt, but merely an interest on account of your equity ownership. Please do not hesitate to contact me if you have any questions. Also, please let me know if this resolves your situation. I would appreciate a reply before the close of business on Monday, March 3, 2008 so that I can report to the Bankruptcy Court the disposition of your claims. Thanks very much.
>
> Best regards,
>
> Chris Samis
> Richards, Layton & Finger, P.A.
> 920 North King Street
> Wilmington, DE 19801
> Telephone: (302) 651-7845
> Facsimile: (302) 498-7845
> E-mail: samis@rlf.com
>
> Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.
>
> The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

Looking for last minute shopping deals? Find them fast with Yahoo! Search.

3/3/2008

**From:** Associate Bulletin
**Sent:** Wednesday, March 07, 2007 11:25 AM
**To:** Dist-New Century All Associates
**Subject:** Blackout Period Initiated Immediately

March 7, 2007

**To:**     All New Century Associates

**From:**  Terry Theologides, EVP, Corporate Affairs and General Counsel

**Blackout Period Initiated Immediately**

In light of New Century's recent public announcements, which have been discussed in the Associate Bulletins recently distributed, New Century has decided to exercise its rights under the Insider Trading Policy to impose a "Blackout Period" on its securities effective immediately. **As a result, no director, officer or Associate may buy, sell or otherwise trade in New Century stock until further notice pursuant to a subsequent Associate Bulletin. In addition, all directors, officers and Associates are strictly prohibited from notifying anyone that this suspension is in effect.**

**Severe Consequences for Violations**

Breaching the Insider Trading Policy can affect your employment status, as well as subject you to civil or criminal penalties. These penalties can include stiff fines and even prison terms.

**For More Information and Questions**

Visit the Legal section of the Go! Intranet to read the full Insider Trading Policy. There are also some helpful Questions and Answers about our policy in the Code of Conduct. If you have any questions about this Associate Bulletin, please contact our Corporate Secretary, Jennifer Jewett, at (949) 250-5177 or jjewett@ncen.com.