# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| NEW CENTURY TRS HOLDINGS, : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] : | |
| : | Jointly Administered |
| Debtors. : | |

### STIPULATION BETWEEN DEBTORS AND VISTA OFFICE CENTRE, LLC PROVIDING FOR THE EFFECTIVE DATE OF REJECTION OF UNEXPIRED LEASE AND PAYMENT OF LEASE OBLIGATIONS AND RELATED RELIEF

The parties to this stipulation are New Century Mortgage Corporation and related debtors (collectively, the "Debtors") and Vista Office Centre, LLC (the "Landlord"). The Debtors and Landlord hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, RBC Mortgage Company ("RBC"), as tenant, and Vista Office Centre, LLC, as landlord, entered into the Lease Dated August 25, 2004 By and Between Vista Office, Centre, LLC (the "Landlord"), a California limited liability company, as landlord and RBC Mortgage Company, an Illinois corporation as tenant commencing on or about October 1, 2004 (the "Lease") pursuant to which RBC was a tenant in the Landlord's real property at 43460 Ridge Park Drive, Temecula, California (the "Premises").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

WHEREAS, the Debtors subsequently occupied the Premises after their purchase of RBC.

WHEREAS, under the Lease, rent is due the first day of each month during the Lease term, which Lease term expired September 30, 2007.

WHEREAS, on June 20, 2007, the Debtors filed their Notice of Rejection of Unexpired Lease of Non-Residential Real Property (D.I. 1396) (the "Notice of Rejection"). Pursuant to the Notice of Rejection and the Order Pursuant to Section 365 And 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property, dated April 24, 2007 (D.I. 388), the Lease is deemed rejected effective the later of (i) ten (10) days after the Notice of Rejection was served or (ii) the date that the Debtors unequivocally relinquish control of the Premises by turning over the keys or "key codes" to Landlord.

WHEREAS, a dispute has arisen between the Debtors and the Landlord regarding, *inter alia*, the effective date of rejection of the Lease and the amount of post-petition obligations due and owing Landlord.

WHEREAS, the Debtors and the Landlord hereby enter into this stipulation to resolve the dispute upon the entry of an order by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") authorizing the Debtors to enter into this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Landlord, subject to the approval of the Bankruptcy Court, as follows:

## AGREEMENT

1.      Upon entry by the Court of an order approving this stipulation, the rejection of the Lease as reflected in the Agreement is effective as of June 30, 2007. The sole remaining 11 U.S.C. § 503 administrative obligation of the Debtors to the Landlord shall be $12,500.00 for the balance of the rent and related expenses owing (the "Remaining Obligation"). Any and all other payments due under the lease, including but not limited to the cost of removing any abandoned personal property, shall not be granted administrative priority. The Remaining Obligation will be paid by the Debtors to the Landlord within five (5) days after the entry of an order approving the Stipulation.

2.      The payment of the Remaining Obligation by the Debtors shall be in full and final satisfaction of any and all claims that the landlord may have against the Debtors with the exception of a claim for lease rejection damages under 11 U.S.C. § 502(b)(6) which the Landlord must file within thirty (30) days from the entry of an order approving the Stipulation (the "Lease Rejection Damages Claim").

3.      The Debtors reserve their right to object to the Lease Rejection Damages Claim on any grounds.

4.      The Debtors will remove certain records and other personal property from the Premises and the Landlord agrees to grant the Debtors full access to such records and personal property for the purpose of removing such records and personal property.

5.      The Landlord will provide to the Debtors an accounting of the expenditures made from the Tenant's security deposit.

6.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except in writing executed by the Parties. All prior oral and written agreements, if any are expressly superseded hereby and are of no further force and effect.

7.  The Effective Date of this Stipulation shall be the date the Bankruptcy Court enters a final order approving this Stipulation.

8.  The Bankruptcy Court shall retain jurisdiction to hear all matters arising out of this Stipulation and the Agreement.

Dated: February 19, 2008
      Wilmington, Delaware

/s/ Mark M. Collins
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

Dated: February 29, 2008

/s/ David Bristow
David Bristow
REID & HELLYER
3880 Lemon Street, Fifth Floor
P.O. Box 1300
Riverside, California 92502

Attorney for Vista Office Centre, LLC