# EXHIBIT A



UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | CASE NO. 07-10416<br><br>Chapter 11 |

**THIRD STIPULATION BY AND AMONG CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS, THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT ANY SUCH RELIEF IS REQUIRED, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS**

This Third Stipulation and Agreement for an Order Granting Relief From Stay ("Third Stipulation") is made by and among (A) Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Taj S. Bindra, Robert R. Cole, Edward F. Gotschall, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs, by and through their undersigned counsel, (B) the Debtors, by and through their attorney of record, and (C) the Official Committee of

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P, a Delaware limited partnership.

Unsecured Creditors of the Debtors by and through its attorney of record (the "Committee," and collectively with the Debtors and the aforementioned individuals, the "Parties").

Based on the facts below, the Parties stipulate and agree that the Insured Persons (as defined herein) shall be granted immediate relief from the automatic stay for all purposes to enforce all their rights and/or receive payments of proceeds payable under the following insurance policies:

- Directors, Officers and Corporate Liability/General Partners and Limited Partnership Liability Insurance Policy, policy number 672-43-85, as amended and modified, from time to time (the "Primary Insurance Policy") ($10 million in coverage), with American International Specialty Lines Insurance Company and AIG Domestic Claims, Inc. (collectively, the "Primary Insurer");
- ACE American Insurance Company, policy number DOX G2166120A-002 ($10 million in excess coverage);
- Lloyd's of London, policy number FD0604467 ($15 million in excess coverage);
- Axis Reinsurance Company, policy number RNN 727183 ($5 million in excess coverage); and
- Starr Excess Liability Insurance Company, Ltd., policy number 4121907 ($10 million in excess coverage).

All five (5) of the foregoing insurance policies shall be collectively referred to as the "Insurance Policies", the carriers shall be collectively referred to as the "Insurers" and, for the purposes of this Stipulation, all present and former directors, officers and employees of any of the Debtors named in any of the approximately 35 complaints, which complaints generally fall into the following two general categories: (a) Class Action Securities Litigation; and (b)

Derivative Litigation (collectively, the "D&O Actions") or who are now, or in the future, named or otherwise required to incur legal and related expenses covered by the Insurance Policies in any other actions, including without limitation governmental investigations (collectively, the "Other Actions"), including, but not limited to Robert R. Cole, Brad A. Morrice, Edward F. Gotschall, Patrick J. Flanagan, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., David Einhorn, Donald E. Lange, William J. Popejoy, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, Taj S. Bindra and Michael M. Sachs, shall be collectively referred to as "Insured Persons." The Insured Persons collectively with the Debtors shall be referred to as "Insured Parties." In support thereof, the Parties state as follows:

1. On April 2, 2007 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 9, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors in these cases. On June 7, 2007, Michael J. Missal was appointed examiner in these chapter 11 cases.

2. Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in approximately 35 complaints, which complaints generally fall into the following two general categories: a) Class Action Securities Litigation; and b) Derivative Litigation (collectively, the "D&O Actions").

3. The defendants in the D&O Actions are certain of the Insured Parties. The D&O Actions are stayed pursuant to 11 U.S.C. § 362 as to the Debtors, but not the Insured Persons. In defending themselves in the D&O Actions, certain of the Insured Persons have incurred and are continuing to incur legal and related expenses. Although they believe that the allegations raised

by plaintiffs are without merit, the Insured Persons remain exposed to mounting costs of defense as well as the potential of judgments.

4. Prior to the commencement of the D&O Actions, the Debtors purchased the Insurance Policies for the benefit of the Insured Parties.

5. Pursuant to the Insurance Policies, the Insured Persons are entitled, among other things (i) to have certain legal fees and expenses incurred by them in a) the defense of the D&O Actions, and b) the defense of all Other Actions covered by the Insurance Policies, whether filed or initiated before or after the Petition Date, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses, and (ii) to be reimbursed for certain other types of non-excluded losses that they may suffer in connection therewith, including without limitation, certain types of damages, judgments, and settlements, up to the maximum limits of the Insurance Policies (the "Insured Persons' Recovery Rights").

6. In accordance with the Insurance Policies, certain Insured Persons have made demand on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have incurred, and are continuing to incur in defending themselves in the D&O Actions. The Debtors represent that, (i) prior to the Petition Date, the Debtors submitted a notification of claim to the Insurers on behalf of both the Debtors and Insured Parties and (ii) the Debtors shall submit to the Insurers for payment all claims for the legal fees and expenses incurred by the Debtors associated with or arising out the defense of any of the D&O Actions or Other Actions 10 days after entry of the order approving this Stipulation. The Insured Persons do not believe

the Debtors are currently entitled to receive any payment from the Insurers and the Committee believes the Debtors are entitled to payment from the Insurers. All Parties reserve any and all rights with regard to such request and any subsequent request(s) made by the Debtors.

7. Previously, the Primary Insurer, subject to a reservation of rights under the Primary Policy, advised the Insured Persons that it was ready and willing to advance Defense Costs, subject to its right of repayment as set forth in paragraph 5 hereof. However, the Primary Insurer informed the Insured Persons that it was not willing to risk being sued for allegedly violating the automatic stay imposed by 11 U.S.C. §362(a) if it applies and expose itself to the risk of being required to pay more than the applicable policy limit of the Primary Insurance Policy. While the Insured Persons, because of a priority of payment provision contained in the Insurance Policies, among other reasons, do not believe that the proceeds payable to the Insured Persons under the Insurance Policies are property of the Debtors' estates, the Committee advised that it believes otherwise. In an abundance of caution, given the Committee's position, the Insured Parties believed it was prudent to obtain relief from the automatic stay before asserting their rights under the Insurance Policies with respect to the policy proceeds.

8. Previously, the Parties entered into a stipulation providing for relief from the automatic stay to permit the Insured Persons to access up to $5 million of proceeds under the Primary Insurance Policy for Defense Costs. That stipulation was approved by the Court on July 31, 2007. (Docket #2100). Thereafter, the Parties entered into a second stipulation providing for relief from the automatic stay to increase that amount by an additional $5 million, thereby permitting the Insured Persons to access up to $10 million of proceeds under the Primary Insurance Policy, in the aggregate. That stipulation was approved by the Court on November 20, 2007. (Docket No. 3918).

9. The Parties now desire to address issues with respect to the Insured Persons' Recovery Rights under all of the remaining Insurance Policies and, after discussing amongst the Parties, they have agreed to resolve these matters on the terms described herein, subject to Court approval.

Based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties as follows:

A. Subject to Bankruptcy Court approval, to the extent relief is necessary, relief from the automatic stay imposed under §362 of the Bankruptcy Code is granted to the Insured Persons.

B. The Insured Persons shall be permitted to pursue all of the Insured Persons' Recovery Rights with regard to the Insurance Policies, including but not limited to the rights of Insured Persons to receive payment from the Insurance Policies for past, present and future Defense Costs incurred or to be incurred by any Insured Person in connection with the D&O Actions or any Other Actions, subject to the terms of this Third Stipulation. With respect to the Insurance Policies providing excess "layers" of insurance coverage, each such Insurer may make payments from the respective policy. Counsel for each Insured Person shall provide notice that payment has been or will be paid from the next "layer" of coverage within 10 days of the learning of the same to the Debtors, the Committee and any liquidating trust or other post-confirmation entity established under a chapter 11 plan to be filed in these cases ("Liquidating Trust") (the Debtors anticipate that, as part of a chapter 11 plan to be filed in these cases, all rights of the Debtors under the Insurance Policies and with respect to claims under the Insurance Policies will

become rights of such Liquidating Trust). The Debtors and the Liquidating Trust reserve the right to request additional payments under the Insurance Policies and the Insured Persons reserve all of their rights with respect to such requests.

C. The Committee and the Liquidating Trust reserve the right to move the Court at any subsequent time to re-impose the automatic stay, to the extent the automatic stay is applicable, in the event (i) the Committee or Liquidating Trust has made demand on behalf of the Debtors' estates for payment under any of the Insurance Policies, (ii) the Insurer refuses to make payment to the Committee or Liquidating Trust, and (iii) the Committee or Liquidating Trust has a good faith belief that it is necessary to re-impose the automatic stay in order to preserve the proceeds of the respective Insurance Policy for payment of the disputed amount to the Committee or Liquidating Trust in the event it is subsequently determined that the Insurer is obligated to pay for such amounts. The Insured Persons retain all rights and arguments to oppose any attempt by the Committee or Liquidating Trust to re-impose the automatic stay (including that the automatic stay was never applicable to the Insured Persons' Recovery Rights);

D. Except with respect to the provisions of paragraph 9(H) hereof, anything in this Third Stipulation to the contrary notwithstanding, in no event and under no circumstances shall any Insurer be subject to any liability to any Party or the Liquidating Trust (1) with respect to any advances, reimbursements or payments made by such Insurer pursuant to this Third Stipulation or either of the prior Stipulations, or (2) after such Insurer has exhausted its applicable policy limit;

E. Other than as required to enforce the rights agreed upon in this Stipulation, the Parties reserve all other rights, including but not limited to asserting that the proceeds of the Insurance Policies are, or are not, property of the Debtors' estates.

F. Neither this Stipulation nor any further agreement or Order concerning the use or availability of proceeds from the Insurance Policies to the Insured Persons shall have any impact on or alter or impair the express provisions of the Insurance Policies, including but not limited to any reservation of rights by any Insurer.

G. Until the earlier of: (i) the initiation or continuation of any litigation against any Insured Person by the Debtors, their successors or assigns, the Committee or Liquidating Trust (the pendency of the derivative litigation filed prior to the Petition Date shall not constitute such litigation by the Debtors unless or until the Debtors, their successors or assigns take any action to continue or otherwise pursue such litigation); or (ii) further Order of the Court, counsel for the Insured Persons whose fees and costs are actually paid by the Insurers with regard to the D&O Actions or Other Actions shall, within 30 days following the 1st day of each of January, April, July and October, deliver to counsel for the Debtors and counsel for the Committee a statement setting forth the total aggregate amount of fees and costs actually paid by the Insurer pursuant to this Stipulation, identifying and providing a brief status of the D&O Actions and Other Actions for which such fees and costs were advanced ("Fee Summary"). For the avoidance of doubt, the Fee Summary is to enable the Committee and the Debtors to calculate the dollar amount paid by the Insurers and provide a brief status with respect to the D&O Actions but is not intended to provide detailed information on how such

amounts were used or any particular legal services provided to the Insured Persons.

H. This Stipulation is subject to and does not alter or amend the terms and/or conditions of any of the Insurance Policies or any reservations of rights under those policies, including, without limitation, any right to reimbursement of an advance from an Insured Person and any right by Debtors to make claims under or to receive payment of loss under the Insurance Policies subject to the terms and conditions of the Insurance Policies; and

I. This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

J. This Stipulation shall be interpreted in accordance with the laws of California, without regard to any conflicts of laws principles.

K. This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

L. This Stipulation and the Court Order approving this Stipulation are intended to survive the confirmation of any chapter 11 plan in these cases and to be binding on any successor entities to the Debtors under such chapter 11 plan.

**STIPULATED AND AGREED:**

DATED: February 22, 2008

J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

DATED: February ____, 2008

Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: February ____, 2008

Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

DATED: February 25, 2008

Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

**STIPULATED AND AGREED:**

DATED: February ____, 2008

J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

DATED: February 21, 2008

Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: February ____, 2008

Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

DATED: February ____, 2008

Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

**STIPULATED AND AGREED:**

DATED: February ____, 2008

J. Michael Kelly (CA Bar No. 133657)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Taj S. Bindra*

DATED: February ____, 2008

Oscar Garza
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3800

*Counsel for, Donald E. Lange, Fredric J. Forster, Richard A. Zona, Marilyn A. Alexander, Harold A. Black, David Einhorn, and Michael M. Sachs*

DATED: February 21, 2008

Todd J. Rosen
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9222

*Counsel for Brad A. Morrice, Kevin M. Cloyd, Patti M. Dodge, Stergios Theologides, Joseph F. Eckroth, Jr., Edward F. Gotschall*

DATED: February ____, 2008

Manny A. Abascal
LATHAM & WATKINS LLP
655 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

*Counsel for Robert K. Cole*

DATED: February ____, 2008

______________________________
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

- and-

Suzanne S. Uhland
Ben H. Logan
Victora Newmark
Emily R. Culler
O'MELVENY &MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

*Attorneys for Debtors and Debtors in Possession*

DATED: February ____, 2008

______________________________
BLANK ROME LLP
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

-and-

Mark S. Indelicato
John P. McCahey
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al.*

Third Stipulation (2).DOC

DATED: February ____, 2008

______________________________
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

- and-

Suzanne S. Uhland
Ben H. Logan
Victora Newmark
Emily R. Culler
O'MELVENY &MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

*Attorneys for Debtors and Debtors in Possession*

DATED: February 25, 2008

Bonnie Glantz Fatell (By JMC with permission)
BLANK ROME LLP
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

-and-

Mark S. Indelicato
John P. McCahey
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Co-Counsel to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al.*

Third Stipulation (2).DOC