## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: March 27, 2008** |

### SEVENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | October 1, 2007 through October 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $505,984.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $17,767.11 |

---

[1]     The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

80% OF FEES FOR PERIOD 10/1/07-10/31/07:  $ 404,787.60 (Holdback: $101,196.90)

100% OF DISBURSEMENTS:                    $17,767.11

TOTAL DUE:                                $ 422,554.71

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $745.00 | 10.00 | $7,450.00 |
| Mark S. Indelicato | Partner (1986) | $695.00 | 50.40 | $35,028.00 |
| Mark T. Power | Partner (1989) | $695.00 | 63.00 | $43,785.00 |
| John P. McCahey | Partner (1986) | $695.00 | 117.70 | $81,801.50 |
| Don D. Grubman | Partner (1979) | $625.00 | 15.20 | $9,500.00 |
| John P. Amato | Partner (1986) | $695.00 | 15.90 | $11,050.50 |
| Janine M. Cerbone | Associate (2003) | $400.00 | 117.20 | $46,880.00 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 5.40 | $1,755.00 |
| Charles Loesner | Associate (1997) | $465.00 | 75.00 | $34,875.00 |
| Huria Naviwala | Associate (2005) | $280.00 | 86.00 | $24,080.00 |
| Allison M. Croessmann | Associate (2006) | $280.00 | 27.10 | $7,588.00 |
| Emmet Keary | Associate (2007) | $280.00 | 8.30 | $2,324.00 |
| Greg P. Kochansky | Associate (2007) | $325.00 | 11.50 | $3,737.50 |
| Preetpal Grewal | Associate (2001) | $400.00 | 103.10 | $41,240.00 |

| Stephen J. Grable | Associate (2007) | $260.00 | 39.50 | $10,270.00 |
|---|---|---|---|---|
| James P. Laughlin | Special Counsel (1989) | $675.00 | 12.80 | $8,640.00 |
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 20.40 | $10,710.00 |
| Maria A. Arnott | Special Counsel (1989) | $550.00 | 56.00 | $30,800.00 |
| Duke Boamah | Para Professional (N/A) | $200.00 | 175.10 | $35,020.00 |
| F. Michael Marhyan | Paralegal (N/A) | $220.00 | 57.50 | $12,650.00 |
| Dustin Millman | Paralegal (N/A) | $200.00 | 41.60 | $8,320.00 |
| Charmone Wright | Paralegal (N/A) | $200.00 | 192.40 | $38,480.00 |
| **Grand Totals:** | | | 1,301.10 | $505,984.50 |
| **Blended Rate:** | $ 388.89 | | | |
| **Blended Rate excluding Paraprofessionals:** | $ 493.13 | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 15.50 | $5,405.00 |
| Creditors' Committee | 175.20 | $87,175.50 |
| Retentions | 5.80 | $2,154.50 |
| Executory Contracts/Leases | 39.10 | $17,196.50 |
| DIP/Investigation of Lien | 15.20 | $7,119.50 |
| Sale of Assets | 26.30 | $14,479.00 |
| Fees | 11.50 | $2,788.00 |
| Hahn & Hessen LLP Fees | 27.40 | $6,883.00 |
| Litigation | 68.40 | $29,285.50 |
| Plan and Disclosure Statement | 85.30 | $39,968.50 |
| Employee Issues | 6.40 | $3,599.50 |
| Claims Administration | 41.60 | $19,652.50 |
| Investigation of Company | 783.40 | $270,277.50 |
| **Total:** | **1,301.10** | **$505,984.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride, Inc. | $2,031.97 |
| Computer / Hard Drive Supplies | RVM, Inc. | 270.94 |
| Document Retrieval | | $100.78 |
| Travel | | $1,763.42 |
| Overnight Delivery | Federal Express, Inc. | $100.27 |
| Word Processing Overtime | | $401.70 |
| Duplicating [at 10¢ per page] | | $4,398.70 |
| Outside Printing | | $100.78 |
| Document Copies | | $6,765.46 |
| Telecopy Pages [at $1.00 per page] | | $39.00 |
| Long Distance Telephone/ Conference Calls | | $579.18 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | | $898.93 |
| Postage | | $17.65 |
| Lexis | Lexis-Nexis | $293.45 |
| Search Fees | Pacer Service Center | $4.88 |
| **Total:** | | **$17,767.11** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,* | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: March 27, 2008** |

**SEVENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007**

TO:     THE HONORABLE KEVIN J. CAREY,
          UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its request for its seventh monthly compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of October 1, 2007 through October 31, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

1.     H&H makes this seventh monthly application for allowance of $523,751.61 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $505,984.50, and (ii) out-of-pocket expenses in the amount of $17,767.11.

## Background

2.    On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3.    On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties -- Park Place, LLC.

4.    The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5.    Pursuant to an order of this Court dated May 30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6.    The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New

York University, The Stern School of Business and a 1985 graduate of Fordham University

School of Law. Mr. Power graduated in 1985 from George Washington University and earned

his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of

efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by

Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has

particular expertise in the area of issues concerning counter-parties to financial contracts in

subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's

and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights,

with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they

are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee

Order").

## Summary of H&H Services during the Compensation Period

8.      From the outset, these cases have been extremely active and challenging, with a

multitude of substantial motions, sales of major assets and adversary proceedings commenced

during the first few months of the case. Applicant has devoted considerable time and attention at

the inception of its retention in order to get up to speed quickly on the underlying facts and be

able to respond appropriately to the myriad of expedited matters filed in the case. During the

month of October 2007, H&H expended 1,301.10 hours in connection with its services on behalf

of the Committee. H&H submits that the services it has rendered to the Committee have been

necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)      General; Case Administration**

9.      H&H expended 15.50 hours with respect to services under this category, for which total compensation amounts to $5,405.00. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto. Applicant spent time preparing for, traveling to and attending an omnibus hearing; and a meeting for a chamber conference with Honorable K. Carey and the examiner. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets, case calendars and e-mail distribution lists.

**(b)      Creditors' Committee**

10.     H&H expended 175.20 hours with respect to services under this category, for which total compensation amounts to $87,175.50. Under this category, Applicant devoted considerable time attending to adequate protection issues; examiner related issues, including, but not limited to, scope of remaining work and budget; and issues relating to framework for a Chapter 11 plan and proposed plan term sheet. Applicant spent time reviewing and revising proposed stipulations regarding expired leases; and reviewing Committee member expense reimbursement applications. Additionally, Applicant spent time reviewing numerous lift stay motions and documents provided by FTI and KPMG; and reviewing and revising the trading order and application. Applicant prepared for and participated in several Creditors Committee

-4-

and Debtor meetings and conference calls to address numerous issues including, but not limited

to, Debtors' proposed plan term sheet; and prepared for, traveled to, attended and participated in

an omnibus hearing in Delaware. Applicant's services included routine review of the docket

regarding status updates and review of recently filed pleadings. Applicant prepared numerous

memos and e-mails to the Committee updating them on developments. Applicant further

devoted considerable time researching and reviewing issues relating to reimbursement of ex-

officio committee member's expenses. Applicant also spent time attending to general

administrative and case management matters including, but not limited to, updating service lists,

calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

**(c)**      **Retentions**

    11.  H&H expended 5.80 hours with respect to services under this category, for

which total compensation amounts to $2,154.50. Applicant spent time reviewing various

retention applications for ordinary course professionals and notices and orders regarding same;

as well as various Debtors' applications, motions and supporting affidavits to expand the scope

of retention of certain professionals. Applicant prepared for and participated in numerous

meetings regarding the foregoing issues.

**(d)**      **Executory Contracts/Leases**

    12.  H&H expended 39.10 hours with respect to services under this category,

for which total compensation amounts to $17,196.50. Under this category, Applicant devoted

considerable time attending to issues relating to Deutsche Bank's cure claim; and reviewing

various documents produced by Debtor regarding same. Additionally, Applicant spent time

reviewing numerous lease termination agreements, proposed settlements with landlords and stipulations and motions regarding same.

**(e)    DIP/Investigation of Lien**

13.    H&H expended 15.20 hours with respect to services under this category, for which total compensation amounts to $7,119.50. Under this category, Applicant devoted considerable time attending to adequate protection related issues and a "global settlement;" and examining and reviewing materials on offers and responses and all master repo- agreements addressing same. Additionally, Applicant attended various meetings and participated in conference calls with adequate protection claimants and Debtors regarding review of settlement proposals and possible next steps to a "global settlement."

**(f)    Sale of Assets**

14.    H&H expended 26.30 hours with respect to services under this category, for which total compensation amounts to $14,479.00. Applicant spent considerable time in this category attending to Access Lending APA issues, Ellington's holdback issues and Carrington's closing and settlement issues; and reviewing, editing and revising documentation pertaining to same. Applicant spent time reviewing SEC website and multiple public filings by Debtor referencing tax sharing agreement; and reviewing several Notices of miscellaneous asset sales and attending to issues surrounding same. Applicant prepared for and participated in numerous teleconference calls and meetings; and communicated frequently through e-mails and memoranda on topics concerning the foregoing. Applicant also spent time attending to general administrative and case management matters including, but not limited to, reviewing and monitoring docket for filings.

**(g)**     <u>Fees</u>

       15.     H&H expended 11.50 hours with respect to services under this category, for which total compensation amounts to $2,788.00. Applicant's services included attention to and review of certain professionals' fee applications; and continually updating a spreadsheet detailing the fees and expenses of professionals. Additionally, Applicant spent time reviewing a retention application and Order. Applicant prepared for and participated in numerous meetings regarding the foregoing issues.

**(h)**     <u>Hahn & Hessen LLP Fees</u>

       16.     H&H expended 27.40 hours with respect to services under this category, for which total compensation amounts to $6,883.00. Applicant's services in this category included review of monthly fee statements and revisions to same; and review of an Order appointing Fee Auditor including a revised fee statement guideline. Applicant in turn prepared monthly fee applications and cover sheets and exhibits to same; and drafted and prepared a fee allocation memorandum for same.

**(i)**     <u>Litigation</u>

       17.     H&H expended 68.40 hours with respect to services under this category, for which total compensation amounts to $29,285.50. Applicant spent considerable time in this category attending to issues related to Deutsche Bank's Fee Indemnity Claim and NY State Teachers Retirement System's motion to lift stay and related issues; researching and reviewing materials and documents relating to the foregoing; and thereafter preparing numerous memos regarding same. Additionally, Applicant's services included time spent reviewing and revising a

retainer agreement; and reviewing materials in preparation for a meeting with the Examiner regarding the scope of his engagement and budgeting issues. Applicant prepared for and participated in several meetings and conference calls with regard to issues relating to the foregoing.

(j)    **Plan and Disclosure Statement**

18.    H&H expended 85.30 hours with respect to services under this category, for which total compensation amounts to $39,968.50. Applicant spent considerable time in this category reviewing and analyzing Debtors plan term sheet and revisions thereto; and participated in numerous conference calls and meetings with members of the Committee and Committee/Debtor's professionals regarding same. Applicant attended to issues surrounding Kodiak's claim against Debtors; and spent time researching Third Circuit law regarding substantive consolidation and post-petition activity, allocation of malpractice claim, requirement needs for Creditor to marshal assets involving guarantor and issues surrounding tax allocation; and thereafter drafted, revised and finalized numerous memorandums regarding the foregoing. Additionally, Applicant prepared for and participated in numerous conference calls and meetings with regard to issues relating to the foregoing.

(k)    **Employee Issues**

19.    H&H expended 6.40 hours with respect to services under this category, for which total compensation amounts to $3,599.50. Applicant spent time in this category reviewing materials in preparing a motion to dismiss in beneficiary litigation; and analyzing WARN Act claims and related issues and conducting research regarding same. Applicant prepared for and participated in conference calls and meetings with regard to issues relating to the foregoing.

**(l)    Claims Administration**

20.    H&H expended 41.60 hours with respect to services under this category, for which total compensation amounts to $19,652.50. Applicant's services in this category included considerable time spent reviewing Adequate Protection settlement proposals and supporting documents; drafting revisions to same; and preparing for conference calls with warehouse lenders regarding the foregoing. Applicant spent time reviewing various lift stay motions and objections; and thereafter drafted responses to same. Additionally, Applicant spent time reviewing a motion for extension of time to file claim; conducting research regarding same; and thereafter drafting, revising and finalizing an Objection. Applicant prepared for and participated in several meetings with regard to issues relating to the foregoing.

**(m)    Investigation of Company**

21.    H&H expended 783.40 hours with respect to services under this category, for which total compensation amounts to $270,277.50. Applicant's services in this category included considerable time spent reviewing and analyzing numerous documents provided by Debtors, Examiner, Price Waterhouse Cooper, Heller Ehrman, FTI and KPMG; and reviewing interview minutes, audit committee board meeting minutes, Debtors' schedules/SOFAs and other key documents. Thereafter, Applicant spent considerable time coding documents in Ringtail, updating FileSite folders and importing various chronologies and related documents into CaseMap and TimeMap. Applicant in turn prepared numerous memos regarding analysis of the foregoing research and review. Applicant prepared for and attended a meeting and conference calls with the Examiner. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to the foregoing topics.

### H&H Fees for the Compensation Period

22.    Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $505,984.50 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

23.    Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

24.    In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

25.    Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for October 2007 in the amount of

- 10 -

$505,984.50, and payment of **$404,787.60** representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

26.    The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period.  Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet.  H&H charges its clients $0.10 per page photocopying expense.  Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page.  Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges.  H&H believes these expenses are reasonable and were necessarily made.  H&H respectfully requests reimbursement thereof in the sum of **$17,767.11.**

27.    In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

28.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE,** H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:    New York, New York
          March 5, 2008

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of New Century Holdings,
Inc., *et al.* Debtors


By:    _____/s/ Mark T. Power_____
              MARK  T. POWER
              A Member of the Firm
488 Madison Avenue
New York, NY  10022
(212) 478-7200
(212) 478-7400 facsimile

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,* | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | |

## AFFIDAVIT PURSUANT TO SECTION 504 OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

        MARK T. POWER, being duly sworn, deposes and says:

        1.     I am a member of the law firm of Hahn & Hessen LLP ("H&H"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed herein. I am the attorney responsible for the services rendered and to be rendered to the Committee as well as for compliance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

        2.     This affidavit is submitted in support of the foregoing Seventh Monthly Fee Application (the "Application") for allowance of compensation and reimbursement of expenses incurred by H&H, as co-counsel to the Committee, for the period from October 1, 2007 through and including October 31, 2007.

        3.     I have personally performed many of the services rendered by H&H and am thoroughly familiar with all other services performed on behalf of the Committee by the lawyers and paraprofessionals in my firm.

4.    The facts contained in the Application are true and correct to the best of my knowledge, information and belief.

5.    The fees and disbursements requested in the Application are in accordance with practices customarily employed by H&H and generally accepted by H&H's clients.

6.    No agreement or understanding exists between H&H and any other person or persons or parties to share in any compensation received in connection with this case except as with respect to the terms of partnership agreements with members of H&H.

7.    To the best of my knowledge, information and belief, the application substantially complies with the Local Rules.

_____
MARK T. POWER

Sworn to before me this
5th day of March, 2008

Jeffrey Zawadzki
Notary Public, State of New York
No. 01ZA5067204
Qualified in Queens County
Commission Expires Oct. 15, 2010