IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: March 18, 2008 |
| | : | Hearing Date: March 25, 2008 at 1:30 p.m. |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER DIRECTING THE CLERK OF THE COURT TO
MAINTAIN THE FINAL REPORT OF MICHAEL J. MISSAL, EXAMINER,
UNDER SEAL FOR A PERIOD OF 45 DAYS FROM THE FILING DATE**

The Official Committee of Unsecured Creditors (the "Committee") of New Century TRS Holdings, Inc. and the other debtors herein (collectively, the "Debtors"), by and through its co-counsel, Blank Rome LLP and Hahn & Hessen LLP, hereby files this motion (the "Motion") for entry of an order, substantially in the form of the proposed order attached as Exhibit A hereto, directing the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to continue to keep under seal the "Final Report of Michael J. Missal,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

Bankruptcy Court Examiner" (the "Final Report") for a period of forty-five (45) days from February 29, 2008 (the "Filing Date"). This relief is sought to allow the Committee and its advisors additional time to review and analyze the Final Report to determine whether any portion or portions thereof contain information that should not be publicly disclosed and to make further application, if necessary and warranted, to keep such portion or portions of the Final Report under seal beyond the period requested herein. In support of this Motion, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2).

2. The bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), the "Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner" (the "Examiner Order"), entered by the Bankruptcy Court on June 1, 2007 [Docket No. 1023], and the "Order (1) Supplementing June 1, 2007 Order Directing the Appointment of an Examiner and (II) Granting Motion of Michael J. Missal, Examiner for an Extension of Time to File His Report with the Court" (the "Supplemental Examiner Order"), entered by the Bankruptcy Court on October 10, 2007 [Docket No. 3261].

## BACKGROUND

### A. The Chapter 11 Filings

3. On April 2, 2007 (the "Petition Date"), the Debtors, except for New Century Warehouse Corporation ("NCW"),[2] filed voluntary chapter 11 petitions in the Bankruptcy Court. Since the Petition Date, the Debtors have continued in the management and operation of their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee has been appointed in these cases.

### B. The Examiner

4. On April 17, 2007, the U.S. Trustee for the District of Delaware filed the "Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, an Examiner" (the "Trustee Motion"), pursuant to which the U.S. Trustee requested that the Bankruptcy Court appoint (a) a chapter 11 trustee for cause under § 1104(a)(1) of the Bankruptcy Code, or, (b) in the alternative, an examiner under § 1104(c)(1) of the Bankruptcy Code. The Debtors and the Committee opposed the Trustee Motion.

5. Thereafter, on June 1, 2007, the Bankruptcy Court entered the Examiner Order. The Examiner Order provides that the Examiner shall "(a) investigate any and all accounting and financial statement irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude that it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated

---

[2] NCW filed its chapter 11 petition on August 3, 2007. By order dated August 7, 2007, the Bankruptcy Court ordered NCW's chapter 11 case to be jointly administered along with the chapter 11 cases of the other Debtors.

127340/01600/40173815v1

and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements, (b) investigate any possible post-petition unauthorized use of cash collateral by the Debtors, and (c) otherwise perform the duties of an examiner as set forth in sections 1106(a)(3) (as limited by this Order) and § 1106(a)(4) of the Bankruptcy Code." Examiner Order at ¶ 3. The Examiner Order further provides that the "Examiner shall prepare and file a report . . . within 90 days of the date of appointment, unless such time shall be extended by order of the Court. . . ." Examiner Order at ¶ 5.

6. One June 5, 2007, the U.S. Trustee appointed Michael J. Missal, Esq. as the Examiner and that appointment was approved by order of the Bankruptcy Court entered on June 7, 2007.

7. On September 5, 2007, the Examiner moved the Bankruptcy Court for an extension of time to file his report as directed in the Examiner Order.

8. The Examiner's motion was granted by the Supplemental Examiner Order, entered on October 10, 2007. Supplemental Examiner Order at p. 3. That Order, among other things, provided that the Examiner Order "is hereby modified to extend the deadline for the Examiner to file his report through and including January 15, 2008, unless such time [is] extended by further order of the Court." Id. It further provided that "the Examiner shall file his report pertaining to the Debtors' post-petition use of cash collateral upon completion of that portion of the investigation." Id.

9. The Examiner thereafter completed his investigation of the Debtors' post-petition use of cash collateral and filed his "First Interim Report" pertaining thereto on November 21, 2007 [Docket No. 3934].

10.     On January 24, 2008, an order was entered by the Bankruptcy Court extending the time for the Examiner to file a report on the balance of his investigation until and including February 29, 2008 [Docket No. 4612].

### C. Filing of the Final Report Under Seal

11.     The Examiner filed the Final Report concerning the balance of his investigation on February 29, 2008 [Docket No. 5132]. Pursuant to the Supplemental Examiner Order, the Final Report was filed with the Clerk of the Bankruptcy Court under seal, with copies provided to the Committee, the Debtors and the U.S. Trustee.

12.     The Supplemental Examiner Order provides:

> ORDERED, that any report or reports filed by the Examiner with the Court (collectively, a "Report") shall be filed initially under seal with copies provided to the Debtors, the Debtors' Official Committee of Unsecured Creditors ("Creditors Committee") and the Office of the U.S. Trustee (the "UST" and is defined to include any district office and the Executive Office of the United States Trustee in Washington, D.C.). The Creditors Committee and the UST shall maintain and protect the Report's status as under seal and shall not disclose any of the information contained therein unless and until such Report or any portions thereof are unsealed. To the extent that a Report contains or reveals information that is or may be protected by 11 U.S.C. § 107(b), the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, the Examiner's submission of such Report to the Court or his provision of a copy of such Report to the Creditors' Committee or the UST shall not constitute a waiver of such privileges or protections and any reference or inclusion of any privileged or protected documents in such Report shall not be the basis for any third party to assert that the Debtors have waived any protections or privileges with respect to such documents or information. Within ten (10) days following the filing of a Report by the Examiner, the Debtors, the Committee or another interested party may file a motion with the Court seeking to maintain any portion or portions of such Report under seal (with the movant bearing the burden) because, inter alia, such portion or portions contain or reveal information that

5

127340/01600/40173815v1

>is protected by 11 U.S.C. § 107(b), the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection (a "Protection Motion"). If no party timely files a Protection Motion, such Report shall be unsealed. If a Protection Motion is timely filed, then only that portion or portions of such Report that are sought to be protected shall remain under seal until the Court enters an order on such Protection Motion and the balance of such Report shall be unsealed.

Supplemental Examiner Order at pp. 3-4.

13. The above quoted portion of the Supplemental Examiner Order thus protects from public disclosure any privileged or other protected material included in the Final Report, as well as providing a mechanism to enforce such protection.

14. Specifically, the Supplemental Examiner Order requires that the Final Report be filed under seal and thereafter unsealed unless the Debtors, the Committee or another party in interest moves the Court to continue to maintain the Final Report, or any portion or portions thereof, under seal. If such a "Protection Motion" is made, the portion or portions of the Final Report sought to be kept under seal will continue under seal until an order on such motion is entered. If no Protection Motion is made within ten (10) days of the Filing Date, the Final Report will be unsealed.[3]

### D. The Motion

15. This Motion is made pursuant to the Supplemental Examiner Order and seeks to maintain the Final Report under seal for a period of forty-five (45) days from the Filing

---

[3] Pursuant to the Supplemental Examiner Order, the Interim Report was filed under seal. The Debtors' then timely moved to maintain that report (as well as the Debtors' response thereto) under seal. At the Committee's request, the Debtors' subsequently withdrew that request and the Final Interim Report was unsealed in January 2008.

6

127340/01600/40173815v1

Date, subject to the Committee's right to make further application to the Bankruptcy Court by the end of said period to request that a portion or portions of the Final Report be maintained under seal for a longer period.

16.     The Final Report is in excess of 550 pages and its review by the Committee professionals is ongoing. In light of the importance to the estates of the issues addressed in the Final Report, as well as the protections embodied in the Supplemental Examiner Order, the Committee believes that it is both appropriate and warranted that the Final Report be maintained under seal for a period of forty-five (45) days from the Filing Date. Such continuation will give the Committee adequate time to carefully consider and determine whether, pursuant to the Supplemental Examiner Order, any further application should be made to the Bankruptcy Court at the end of that period to maintain a portion or portions of the Final Report under seal for a longer period.

E.      **No Prior Request**

17.     No previous motion for the relief sought herein has been made to this or any other Court.

F.      **Notice**

18.     Notice of this Motion has been provided to: (1) the Office of the U.S. Trustee for the District of Delaware; (2) the Examiner; (3) the Debtors; and (4) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

**WHEREFORE**, for all of the foregoing reasons, the Committee requests (i) the entry of an Order, substantially in the form attached hereto as Exhibit A, directing the Clerk of the Bankruptcy Court to maintain the Final Report under seal on an interim basis for forty-five days from the Filing Date; and (ii) for such other and further relief as this Court deems just.

Dated: March 10, 2008

BLANK ROME LLP

/s/ *David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

HAHN & HESSEN LLP
Mark S. Indelicato
John P. McCahey
Maria A. Arnott
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile

Co-Counsel to the Official Committee
of Unsecured Creditors of New Century TRS
Holdings, Inc., *et al.*

127340/01600/40173815v1