IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> NEW CENTURY TRS HOLDINGS, INC, a ) <br> Delaware corporation, et al[1]., ) <br> ) <br> Debtors. ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 07-10416 (KJC) <br> (Jointly Administered) <br><br> Objection Deadline: March 31, 2008 at 4:00 p.m. <br> Hearing Date: To be determined |

**FIRST AND FINAL APPLICATION OF IRELL & MANELLA LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION, EMPLOYEE BENEFITS AND INSURANCE COUNSEL TO THE DEBTORS FOR THE PERIOD APRIL 20, 2007 THROUGH JUNE 27, 2007**

| Name of Applicant: | Irell & Manella LLP ("Irell") |
|---|---|
| Authorized to Provide Professional Services to: | Special Litigation, Employee Benefits and Insurance Counsel to the Debtors |
| Date of Retention: | 9/21/07 (effective *nunc pro tunc* as of 4/20/07) |
| Period for Which Compensation and Reimbursement is Sought: | April 20, 2007 through June 27, 2007 |
| Amount of Compensation Sought to be Allowed as Actual, Reasonable and Necessary: | $50,183.50 |
| Amount of Expenses Sought to be Allowed as Actual, Reasonable and Necessary: | $ 182.66 |
| Total Amount of Compensation Paid as Actual, Reasonable and Necessary for applicable period: | $ 0.00 |
| Total Amount of Expense Reimbursement Paid as Actual, Reasonable and Necessary for applicable period: | $ 0.00 |
| Total Amount Due for applicable period: | $50,366.16 |
| Estimated Fees and Costs (1/1/08 through date of hearing on this Application)[2] | $ 5,000.00 |

This is a(n): _____ monthly _____ interim __X__ final application

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp., a California corporation; New Century R E O. II Corp., a California corporation; New Century R.E O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

[2] By this Application, Irell further requests an award of its fees and costs incurred during the period January 1, 2008 through and including the date of the hearing on this Fee Application, in connection with services rendered by Irell in the preparation of this Fee Application and in connection with estimated fees and costs incurred in connection with the preparation for and attendance at the hearing on this Application, in an estimated amount of $5,000. This estimate assumes only a telephonic appearance is necessary in connection with a hearing on this Application

1795508 1

Prior Applications Filed:   NONE

## SUMMARY OF BILLING BY ATTORNEY

| Name | Position, expertise, etc. | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth R. Heitz | Partner; litigation/transaction group; license obtained 1972 (California) | $790 | 25.80 | $20,382.00 |
| Thomas A. Kirschbaum | Partner; employee benefit/labor group; license obtained 1977 (California) and 1982 (U.S. Tax Court) | $690 | 19.70 | $13,593.00 |
| Jeffrey M. Reisner | Partner; bankruptcy group; license obtained 1989 (California) and 1990 (District of Columbia) | $625<br>$N/C | 12.80<br>4.70 | $8,000.00<br>$0.00 |
| Glenn K. Vanzura | Associate; litigation group; license obtained 2005 (California) | $365 | 19.40 | $7,081.00 |
| Lori S. Gauthier | Senior Legal Assistant, Bankruptcy | $205 | 5.50 | $1,127.50 |
| Grand Total:: | | | 83.20 (billed)<br>4.70 (N/C) | $ 50,183.50<br>($2,937.50) – voluntary write off (N/C) |
| Blended Rate: | | | | $603 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Matter # | Total Billed Hours from 4/20/07 – 12/31/07 | Total Fees from 4/20/07 – 12/31/07 |
|---|---|---|---|
| WARN Act | (#0001) | 46.20 | $28,004.00 |
| Employee Benefits | (#0003) | 19.80 | $13,655.50 |
| Fee/Employment Applications | (#0700) | 21.90 | $8,524.00 |
| **Grand Total:** | | 87.90 | $50,183.50 |

1795508.1

- 2 -

## EXPENSE SUMMARY

| Expense Category | Outside Provider (if any) | Total Expenses from 4/20/07 – 12/31/07 |
|---|---|---|
| Internal Printing Expense | None | $27.75 |
| Computer Research – Relating to motion to dismiss standard conducted 5/28/07 by Glenn K. Vanzura | Lexis | $147.78 |
| Long Distance Phone | None | $7.13 |
| **Total:** | | **$182.66** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW CENTURY TRS HOLDINGS, INC., ) | |
| a Delaware corporation, et al.[1], ) | Case No. 07-10416 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____ ) | |

Objection Deadline: March 31, 2008 at 4:00 p.m.
Hearing Date: To be determined

**FIRST AND FINAL APPLICATION OF IRELL & MANELLA LLP
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL
LITIGATION, EMPLOYEE BENEFITS AND INSURANCE COUNSEL TO THE
DEBTORS FOR THE PERIOD APRIL 20, 2007 THROUGH JUNE 27, 2007**

Pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Irell & Manella LLP ("Irell"), hereby files this "First and Final Application of Irell & Manella LLP for Services Rendered and Reimbursement of Expenses as Special Litigation, Employee Benefits and Insurance Counsel to the Debtors for the Period April 20, 2007 through June 27, 2007" (the "Fee Application"). By this Fee Application, Irell requests an order of this Court granting it reasonable compensation for professional services in the amount of $50,183.50 together with reimbursement for actual and necessary expenses incurred in the amount of $182.66 for the period commencing April 20, 2007 through June 27, 2007 (the "Compensation Period"). This is

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp , a California corporation; New Century R E O. II Corp , a California corporation; New Century R E O III Corp , a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Goup, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

1795455 2

- 1 -

the First and Final Fee Application of Irell. By this Fee Application, Irell further requests an award of its fees and costs incurred during the period January 1, 2008 through and including the date of the hearing on this Fee Application, in connection with estimated fees and costs incurred in connection with the preparation for and attendance at the hearing on this Fee Application, in an estimated amount of no more than $5,000.[2] In support of this Fee Application, Irell respectfully represents as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.  On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp, New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3.  On or about April 3, 2007, the court entered an order approving the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

4.  The Debtors have continued in possession of their respective properties and have continued to manage their affairs as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[2] This estimate assumes only a telephonic appearance is necessary in connection with a hearing on this Application.

5. Pursuant to an Order approved by this Court on or about September 21, 2007, Irell was employed to serve as special litigation, employee benefits and insurance counsel to the Debtors, *nunc pro tunc* as of April 20, 2007 (the "Retention Order"), with Irell's services to be limited to the following three categories: (1) the WARN Class Action; (2) employee benefit matters, including issues relating to the wind-down of the Debtors' benefit plans and their COBRA obligation; and (3) insurance matters. The Order further provided for Irell's services would extend through June 27, 2007. The terms of the Order were heavily negotiated between the Debtors, the Committee, the United States Trustee and Applicant.

6. The Retention Order authorized Irell to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses it incurred. At all relevant times, Irell has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

## RELIEF REQUESTED

7. Irell requests that the Court allow the amount of $50,183.50 for compensation for legal services rendered by Irell during the Compensation Period, and $182.66 for the reimbursement of actual and necessary expenses incurred by Irell during the Compensation Period, for a total allowed amount of $50,366.16, plus an estimated amount of $5,000 for services incurred during the period January 1, 2008 through and including the date of the hearing on this Fee Application.

8. Irell has received no payment and no promises for payment other than in accordance with the Bankruptcy Code. There is no agreement or understanding between Irell and any other nonaffiliated entity for the sharing of compensation earned in these chapter 11 cases.

9. Attorneys and other professionals who rendered services to the Debtors during the Compensation Period, were Jeffrey M. Reisner, Thomas A. Kirschbaum, Kenneth R. Heitz, Glenn K. Vanzura, and Lori S. Gauthier. The hourly rates charged were Irell's normal hourly rates for work of this character. Irell believes that the time entries included in the monthly invoices attached hereto as Exhibit "1" substantially comply with the requirements of Local Rule 2016-2

10. The disbursements and expenses have been incurred in accordance with Irell's normal practice of charging clients for expenses clearly related to and required by particular matters. Irell has endeavored to minimize these expenses to the fullest extent possible.

11. All services for which compensation is requested by Irell, pursuant to this Fee Application, were performed for or on behalf of the Debtors.

## SUMMARY OF SERVICES

12. The services provided by Irell during the Compensation Period are described below:

(a) <u>The WARN Class Action</u>.

In connection with this category of service, Irell provided the following services:

Members of Irell's litigation department with specific expertise in class action litigation met with the Debtors on numerous occasions to create a comprehensive plan to address the WARN litigation commenced against the Debtors prior to the retention of Irell. In so doing, Irell reviewed a large amount of written material provided by the Debtors relative to the termination of employees. Irell also reviewed all related termination complaints filed against the Debtors. Furthermore, Irell interviewed several witnesses regarding the facts surrounding such termination. Finally, Irell met with the Debtors' in-house counsel and developed both an answer

and a motion to dismiss the complaint. Significant legal research and detailed correspondence with the Debtors' counsel was necessary for all of these tasks.

(b) <u>Employee Benefit Matters (including issues relating to the wind-down of the Debtors' benefit plans and their COBRA obligation)</u>

In connection with this category of service, Irell provided the following services:

Irell's employee benefits specialist, Thomas Kirschbaum, met and conferred extensively with the Debtors' representatives regarding numerous employee benefit issues. These issues included COBRA and the termination of the Debtors' complicated 401k plan. Mr. Kirschbaum advised the Debtors with respect to methods and steps relative to shutdown of the 401k plan itself and related forfeiture, vesting and over matching issues.

(c) <u>Employment/Fee Applications</u>.

Irell was contacted by the Debtors initially to respond to an already filed and served class action complaint. Irell responded immediately and, after ensuring it was disinterested, began rendering services.

The Firm then consulted with bankruptcy counsel for the Debtors with respect to submission of its employment application. Over the next several weeks, bankruptcy counsel engaged the Committee and the United States Trustee in discussions relative to Irell's employment.

Ultimately, it was reported to Irell that the Committee believed that the services Irell was retained to provide could be provided by one of the other firms already retained by the Debtors. This position was reflected in an opposition filed by the Committee relative to the Application.

Negotiations ensued and eventually all parties agreed to the employment order approved by the Court. The employment order authorized Irell's employment to handle

aforementioned tasks for the period April 20, 2007 through June 27, 2007. Thus, in order to resolve objections, Irell, the Debtor, the Committee and the United States Trustee agreed that the provision of Irell's services should end on or before June 27, 2007.

While the terms of the Employment Order were heavily negotiated and the document revised numerous times by the parties, lead counsel for Irell, Jeffrey M. Reisner, recorded only a small fraction of the time spent in connection therewith. Mr. Reisner estimates that this decision reflects an additional effective write off of in excess of ten hours, or $6,250.

In short, in connection with this category of service, Irell provided the following services:

- Prepared and filed an application, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, to employ itself as special litigation, employee benefits and insurance counsel to the Debtors;
- Participated in numerous phone conferences relating to Irell's retention and related issues;
- Reviewed and resolved the Committee's objections to Irell's employment and negotiated the form of retention order;
- Prepared for and attended a telephonic court appearance on Irell's employment application; and; and
- Commenced drafting of this Fee Application.

13. As set forth in Exhibit "1", the total number of hours expended by Irell are 87.90, for a total of $50,183.50. Of the 87.90 total hours billed, a total of 4.70 recorded hours were no-charged, resulting in a voluntary write-off of $2,937.50, and an additional $6,250 was not even billed. The nature of the work performed by Irell is fully set forth in Exhibit "1" attached hereto. These are Irell's customary hourly rates for work of this nature.

14. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

15. Based on the above, to the best of Irell's knowledge, this Fee Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

**WHEREFORE**, Irell respectfully requests that the Court allow $50,183.50 in fees as compensation for necessary professional services rendered by Irell to the Debtors during the Compensation Period, and $182.66 for reimbursement of actual necessary costs and expenses incurred by Irell during the Compensation Period, for a total allowed amount of $50,366.16 for the period April 20, 2007 through June 27, 2007, plus an estimated amount of $5,000 for services incurred during the period January 1, 2008 through and including the date of the hearing on this Fee Application; that the Debtors be authorized to pay Irell such amounts as requested

herein, and that the Court grant such other and further relief as the Court may deem just and proper.

DATED: 2/23, 2008

Respectfully submitted,

Jeffrey M. Reisner (Cal. Bar No. 143715)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
e-mail: jreisner@irell.com
Special Counsel for the Debtors

## DECLARATION OF JEFFREY M. REISNER

I, Jeffrey M. Reisner, hereby declare:

1. I am a partner with the applicant law firm Irell & Manella LLP ("Irell").

2. I have personally performed many of the legal services rendered by Irell as special litigation, employee benefits and insurance counsel to the Debtors, and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Irell.

3. I have analyzed and reviewed the foregoing First and Final Application of Irell & Manella LLP for Services Rendered and Reimbursement of Expenses as Special Litigation, Employee Benefits and Insurance Counsel to the Debtors for the Period April 20, 2007 through June 27, 2007, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and submit that the Fee Application substantially complies with the provisions thereof.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 23rd day of February, 2008, at Newport Beach, California.

_____
Jeffrey M. Reisner