# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,** | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

**STIPULATION BETWEEN ARCH INSURANCE COMPANY AND DEBTORS TEMPORARILY VALUING GENERAL UNSECURED CLAIM FOR VOTING PURPOSES**

This "Stipulation Between Arch Insurance Company and Debtors Temporarily Valuing General Unsecured Claim for Voting Purposes" (the "Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1] and Arch Insurance Company ("Arch"), by their respective counsel.

**RECITALS**

A. On or about April 2, 2007 (the "Petition Date"), the Debtors (other than New Century Warehouse Corporation) filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are jointly administered as Case No. 07-10416.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

B. On or about August 29, 2007, claim number 2329 was filed as a general unsecured claim against the estate of debtor New Century Financial Corporation ("NCFC") on behalf of Arch (the "Arch Claim"), in the amount of $20,000,000.00, relating to "Individual Non-Indemnifiable Loss Independent Directors Liability Policy" effective June 8, 2006 through June 8, 2007 (the "Insurance Policy"), as entered into by NCFC and Arch.

C. While the Arch Claim was filed as "general unsecured," the contingency necessary to trigger Arch's obligation to pay according to the coverage terms set forth in the Insurance Policy has not yet occurred. Therefore, the proper valuation of the Arch Claim is uncertain.

D. The Debtors and Arch (collectively, the "Parties") agree that partial resolution of the Arch Claim is required to ensure that voting on the "Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008" (the "Plan") may proceed without delay.

E. Pursuant to 28 U.S.C. §157(b)(2)(b), the Court is authorized to estimate claims for purposes of confirming a plan under Chapter 11. Further, pursuant to Rule 3018 (a) of the Federal Rules of Bankruptcy Procedure, the Court may temporarily allow a claim or interest in an amount deemed proper for the purposes of accepting or rejecting a plan.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

**AGREEMENT**

1. The recitals set forth in Paragraphs A through E above are incorporated herein by this reference.

2. Upon Court approval of this Stipulation, Claim number 2329 shall be deemed temporarily valued in the amount of $1,000.00 as a general unsecured claim against the estate of debtor NCFC for Plan voting purposes only (the "Temporarily Valued Claim").

3. The Parties further stipulate that the Temporarily Valued Claim shall not affect:

a. The rights of the Debtors or other parties-in-interest to object to the Arch Claim in the future; and

b. The valuation of the Arch Claim for the purposes of distribution from the estate of debtor NCFC or any other purpose.

4. The Temporarily Valued Claim shall remain as a claim against debtor NCFC, excluding all other Debtors, and the rights of the Parties are reserved with respect to such claim.

5. This Stipulation is the entire agreement between the Debtors and Arch with respect of the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held our other than as may be expressly provided herein.

6. Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

7. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or in part is subject to the approval of the Court.

8. The Bankruptcy Court shall maintain jurisdiction over this Stipulation indefinitely to enforce and to administer it.

9. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

10. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when take together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this

Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this Stipulation.

**IT IS SO STIPULATED.**

March 7, 2008

Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Natausha A. Wilson
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

March 7, 2008

*/s/ Thomas W. Coffey*
Thomas W. Coffey
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
(216) 592-5000
ATTORNEYS FOR ARCH INSURANCE COMPANY