## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| New Century TRS Holdings, Inc., | ) Case No. 07-10416 KJC |
| et al., | ) Chapter 11 |
| | ) Jointly Administered |
| | ) **Hearing Date:  April 9, 2008** |
| Debtors, | ) **Response Date:  April 2, 2008** |

### GRP LOAN LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) AS TO 24-50 93rd Street, East Elmhurst, NY 11373

NOW COMES GRP LOAN LLC, (hereinafter "GRP"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

### JURISDICTION

1.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

### CLAIM FOR RELIEF

2.      GRP is a corporation located at 445 Hamilton Ave., Floor 8, Whiteplains, New York, 10601.

3.      On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.      On or about January 31, 2007, non-filing borrower, Miguel Pujols (hereinafter "Borrower") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principal sum of $548,000.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, New Century Mortgage Corp.  Said Mortgage 1 created a lien upon the property therein mentioned, 24-590 93rd Street, East Elmhurst, NY (hereinafter the "Property"), all of which is of record in the

Office of the County Clerk in Queens County, State of New York. Mortgage Electronic

Registration Systems Inc. subsequently executed an Assignment of Mortgage unto GRP Loan LLC.

Copies of said Mortgage 1 and Assignment are attached collectively hereto as Exhibit "A".

5.    On or about January 31, 2007 non-filing Borrower, also executed and delivered a

Mortgage (hereinafter "Mortgage 2") in the principal sum of $137,000.00 unto the Mortgage

Electronic Registration Systems, Inc. as nominee for the Debtor, New Century Mortgage Corp.

Said Mortgage 2 created a lien upon the Property, all of which is of record in the Office of the

County Clerk in Orange County, State of Florida, recorded subsequently to Mortgage 1.  A copy of

Mortgage 2 is attached hereto as Exhibit "B".

6.    Debtors have no ownership interest in the Property, and their lien, if any, is

subordinate to Movant's.

8.    At present, Borrower is contractually delinquent and Movant wishes to go forward

with a foreclosure proceeding.

9.    The payoff amount on the subject Mortgage 1 through January 24, 2008 is

approximately $588,553.16.  The Property has an estimated value of $745,000.00 as set forth on

the Broker's Price Opinion attached hereto as Exhibit "C".  After taking into account costs of

sale and the principal amount stated in Mortgage 2, there is no equity in the Property.

10.    Movant is not aware whether the Property is insured or if it is being maintained.

Payments are not being made by the Borrower; therefore, Movant's interest in not adequately

protected.

11.    The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and

irreparable harm to Movant's pending foreclosure proceeding against Borrower. Therefore, cause

exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and

remedies against Borrower and the Property.

WHEREFORE, GRP hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1)

terminating the Automatic Stay for cause.


WHITTINGTON & AULGUR


By:    /s/ Kristi J. Doughty
       Robert T. Aulgur, Jr. (No. 165)
       Kristi J. Doughty (No. 3826)
       651 N. Broad Street, Ste. #206
       P.O. Box 1040
       Middletown, DE  19709-1040
       (302) 378-1661
       Attorney for Movant

Date:  March 12, 2008