# ADJUSTABLE RATE NOTE

**(LIBOR Six Month Index (as Published in *The Wall Street Journal*) - Rate Caps)**
2 YEAR RATE LOCK

**THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT.**

| | | |
|---|---|---|
| **August 17, 2005** | **Moreno Valley** | **California** |
| (Date) | (City) | (State) |

24431 ROBINWOOD DRIVE, Moreno Valley, CA  92557

(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **331,200.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **New Century Mortgage Corporation**

, a California Corporation. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **6.125** %. The interest rate I will pay may change. The interest rate required by this Section 2 and Section 4 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

The interest rate I will pay may change on the first day of **September, 2007**, and on that day every 6th month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date in accordance with Section 4 of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

Beginning on the first day of **October 1, 2005** and on the first day of every month thereafter until the first day of **September, 2007**, I will pay only interest on the unpaid principal balance of the Note. Thereafter, I will pay principal and interest by making payments every month until the Maturity Date, as provided below. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.

My monthly payments will be applied to interest before principal. If on **09/01/2035**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **18400 Von Karman, Suite 1000, Irvine, CA 92612** or at a different place if required by the Note Holder.

### (B) Amount of My Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ **1,690.50** . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### (D) Withholding

If I am a non-resident alien, I understand that all payments due hereunder shall be paid without reduction for any taxes, deductions or withholding of any nature. If such tax, deduction or withholding is required by any law to be made from any payment to the Note Holder, I shall continue to pay this Note in accordance with the terms hereof, such that the Note Holder will receive such amount as it would have received had no such tax, deduction or withholding been required.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of **September, 2007** and on the same day of every 6th month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date."

### (B) The Index

Beginning with the first Interest Rate Change Date, my interest rate will be based on an Index plus a margin. The "Index" is the average of interbank offered rates for six-month dollar deposits in the London market ("LIBOR"), as published in *The Wall Street Journal* "Money Rates" Table. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

At each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding **Five And Ninety-five Hundredth(s)** percentage points (**5.950%**) to the Current Index. The Note Holder will then round this figure to the nearest one-eighth of one percentage point (0.125%). Subject to the limit stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Rate Change Date.

> **(i) Interest-Only Period.** The "Interest-only Period" is the period from the date of this Note through **September 1, 2007** . For the Interest-only Period, the Note Holder will calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest **6.125 %**. The result of this calculation will be the amount of my monthly payment until the next Interest Rate Change Date.

NCMC
2/28 Six Month LIBOR Note
RE-410 (111803)                              Page 2 of 5                                       1003243699

**(ii) Amortization Period.** The "Amortization Period" is the period after the Interest-only Period and continuing until the Maturity Date. During the Amortization Period, after calculating my new interest rate as provided in Section 4(C) above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period. The result of this calculation will be the new amount of my monthly payment.

### (D) Limit on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **7.625 %** or less than **6.125 %**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one and one half percentage points (1.5%) from the rate of interest I have been paying for the preceding month. My interest rate will never be greater than **13.125 %** nor less than **6.125%**.

### (E) Effective Date of Changes

My new interest rate will become effective on each Interest Rate Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Rate Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment at least 25 days before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note and to pay the interest then accruing at the Note rate as of the date my prepayments are applied. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000%** or $5.00, whichever is greater of my overdue monthly payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amount owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor, and further waive all relief under any valuation and appraisement laws. "Presentment" means the right to

NCMC
2/28 Six Month LIBOR Note
RE-410 (111803)

Page 4 of 5

1003243699

require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. GOVERNING LAW - SECURED NOTE

This Note is governed by federal law and the law of the jurisdiction in which the property encumbered by the Security Instrument (as defined below) is located. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**CAUTION**
**IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS NOTE BEFORE YOU SIGN IT.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ - Borrower    _____ - Borrower
BELINDA CABRAL                                JOSE A. TORRES

_____ - Borrower    _____ - Borrower

_____ - Borrower    _____ - Borrower

_____ - Borrower    _____ - Borrower

(Sign Original Only)

NCMC
2/28 Six Month LIBOR Note
RE-410 (111803)

1003243699