IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **NEW CENTURY TRS HOLDINGS,** : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] : | |
| : | **Jointly Administered** |
| **Debtors.** : | |
| : | Initial Objection Deadline: 3/18/08 |
| : | Committee Objection Deadline: 3/25/08 |

**AMENDED NOTICE OF PROPOSED SALE OF ASSETS PURSUANT TO
ORDER ESTABLISHING MISCELLANEOUS ASSET SALES PROCEDURES
(PBG FINANCIAL SERVICES, LTD. - DOMAIN NAMES, MARKS
AND OTHER INTELLECTUAL PROPERTY)**

**PLEASE TAKE NOTICE** that, in accordance with the Court's Order establishing procedures governing miscellaneous asset sales (Docket No. 704) and Order Establishing Expanded Procedures Governing Miscellaneous Asset Sales (Docket No. 2594), the above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully file this Notice of the proposed sale of certain assets (collectively, the "Assets") to PBG Financial Services, Ltd. on the terms set forth in the Bill of Sale and Purchase Agreement and other sale documents attached hereto at "Exhibit A."

Description of Assets. The Assets consist of the majority of the Debtors' remaining internet domain names, trademarks and unregistered marks, and the graphics, images

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

RLF1-3262391-1

and logos associated with those marks, as shown in the list attached hereto at "Exhibit B." The Assets are the property of New Century Mortgage Corporation, one of the Debtors in these cases. The approximate value of the Assets, as set forth in the Debtors' books and records, is not calculable without considerable effort.

Marketing and Sale Process. Beginning in January 2008, the Debtors engaged in an extensive process to market the various domain names and other intellectual property rights comprising the Assets. This process was managed by professionals at the Debtors' financial advisors, Alix Partners, and by intellectual property consultants at the firm IP Recovery, Inc. ("IPR"), which the Debtors retained for this purpose pursuant to the Court's Order Authorizing Debtors and Debtors in Possession to Employ IP Recover, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328.

The marketing process was conducted in several "rounds." IPR initial outbound marketing effort consisted of identifying and contacting by telephone or email over one thousand mortgage companies, lending institutions, and other parties potentially interested in acquiring the Assets, in whole or in lots. This initial outreach effort led to over 200 follow up inquiries from prospective purchasers for additional information, and to over 100 telephone conversations regarding the purchase of the Assets. The outbound effort was coupled with an inbound effort, consisting largely of publicity, which generated only a small amount of additional inquiries. Additionally, IPR contacted any company, in any region, across all industry lines with names similar to New Century or any of its subsidiaries, in the event that such companies, while not in the financial services sector, might have an interest in the domain names and other Assets.

IPR received a number of offers for individual or small groups of assets, all of which were insignificant or otherwise unattractive for the Debtors to consummate, given the transaction costs in light of the amount of those bids. Of the bids generated as a result of the marketing efforts, which spanned a period of over two and a half months, the bid received from PBG Financial Services, Ltd. was the highest and best offer. Additionally, PBG Financial Services, Ltd. was willing to accommodate the Debtors' request that they be permitted to

continue using certain of the Assets for the limited purpose of concluding the wind-down of these chapter 11 cases through confirmation and thereafter. As just one example, certain of the domain names are presently used by the Debtors for informational purposes in connection with these cases or to "host" the email for the Debtors' employees, and the Debtors must be able to continue using these domain names. This is incorporated into the sale documents, without any charge or fee to the Debtors whatsoever.

Purchase Price and Allocation. The purchase price for the Assets is $75,000, and is the result of an open, competitive bidding process. The purchase price is allocated *pro rata* amongst the Assets.

Other Terms and Conditions. The sale of the Assets shall be "as is - where is," without warranty, representation or recourse back to estates; provided, however, that the purchaser of the Assets will take title to the Assets free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f).

Compensation to IPR. IPR will receive a "success fee" in connection with the closing of this transaction of $18,000, as set forth in the Intellectual Property Asset Advisory and Disposition Services Agreement between New Century Mortgage Corporation and IP Recovery, Inc. dated January 8, 2008 (at Section 2), approved by the Court's Order Authorizing Debtors and Debtors in Possession to Employ IP Recover, Inc. to Market Certain Intellectual Property Assets Pursuant to 11 U.S.C. §§ 327(a) and 328. Also pursuant to the terms of IPR's engagement, the Debtors will reimburse IPR for actual costs and expenses incurred in connection with their representation.

Liens on and Other Interests in the Assets. The Debtors are not aware of any parties holding or asserting liens or interests in the Assets. At any rate, the Debtors believe that any such liens or interests would be subject to money satisfaction in accordance with Title 11 of the United States Code section 363(f)(5) and / or that any such lienholders will consent to the proposed sales (and the Debtors reserve all rights with respect to any assertion of liens or interests in the Assets). None of the Assets are leased.

Procedures to Object to Proposed Sale. Any objection to the sale proposed herein must: (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served by overnight delivery, facsimile or electronic mail on or before March 18, 2008 (the "Initial Objection Deadline") on the following parties: (a) counsel to the Debtors; (b) counsel to the Official Unsecured Creditors' Committee (the "Creditors' Committee"); (c) counsel to the Administrative Agent for the lenders providing post-petition secured financing to the Debtors (during such time as there remain amounts outstanding under the Debtors' post-petition secured financing); (d) all known parties holding or asserting liens, claims, encumbrances or other interests in the Assets and their respective counsel, if known; (e) the Office of the United States Trustee for the District of Delaware; and (f) the Examiner appointed in these cases (the "Interested Parties"). The objection deadline for the Creditors' Committee shall be March 25, 2008 (the "Committee Objection Deadline" and, together with the Initial Objection Deadline, the "Objection Deadlines"). If no objections are filed with the Court and served on the Interested Parties by the Objection Deadlines, then the Debtors may proceed with the sale proposed herein.

If an objection is timely filed and served, then (a) the objection shall be deemed to be a request for a hearing on the proposed sale at the next scheduled omnibus hearing in these cases that is at least 10 days after service of the objection, and (b) the sale proposed herein may not proceed absent written withdrawal of the objection or entry of an order by the Court approving the sale.

Dated: March 12, 2008
      Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Laine Mervis
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION