IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, ) | |
| INC., a Delaware Corporation, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**INTERNAL REVENUE SERVICE'S RESPONSE TO DEBTORS' NON-SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO CLAIM OF INTERNAL REVENUE SERVICE FOR WHICH INSUFFICIENT DOCUMENTATION IS ATTACHED TO THE FILED PROOF OF CLAIM**

The Internal Revenue Service (the "Service"), by and through its undersigned counsel, hereby submits this objection to a Non-Substantive Objection filed by the Debtors and the Debtors-in-Possession (collectively, the "Debtors") on November 15, 2007 (PACER # 5025).

As grounds for its response to the Debtors' objection, the Service states that (1) its proof of claim is based on estimates of additional tax liability, (2) the actual audit of the relevant tax years has not yet been completed, (3) the current estimate for the total additional tax liabilities has been revised to $49.2 million, and (4) if this Court so orders, the Service will put forward evidence at a substantiation hearing supporting its current estimates.

**STATEMENT**

The Service filed its original proof of claim on May 3, 2007. On November 19, 2007, the Service filed an amended proof of claim ("Amended Claim") totaling $102.6

million. The Service stated that the amount is composed of (1) proposed deficiencies for tax years 2003 ($10,000), 2004 ($31,553,028), and 2005 ($43,987,832), as well as (2) unassessed tax liabilities for tax year 2006 ($27,056,548.77).[1]

The Debtors filed a non-substantive objection to the Amended Claim on February 22, 2008 alleging that there is insufficient documentation to support the claim.

## ARGUMENT

Section 502(c) of the Bankruptcy Code provides that "[t]here shall be estimated for purpose of allowance under this section (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(1).

The Service estimated its claims to total $102.6 million. Since the time of the filing of the amended proof of claim, the Service has continued its audit of the Debtors' tax returns. As of today, the Service's best estimate of additional taxes owed by the Debtors is $49.2 million. More specifically, the Service currently estimates that, the Debtors' assertions to the contrary, the proper taxable loss for the 2006 tax year is merely $15 million (rather than $188 million), and that the Debtors owe an additional $40.3 million for 2004 and an additional $8.9 million for 2003.

The Service has been in constant communication with the Debtors and the

---

[1] The Debtors are correct in pointing out that they filed their 2006 tax return before the Amended Claim was filed. The Service designated the claim for 2006 as "unassessed–no return." The Service believes that the designation was an oversight and should have been designated as "pending examination." There has been no prejudice to the Debtors from this oversight.

Debtors are aware of the major issues which have given rise to these estimated additional tax liabilities.  The Service has not been able to complete its audit due, in large part, to the failure of the Debtors to timely provide accurate information to the Revenue Agent.  With those limitations in mind, the Service believes that by the time this Court will be vested with jurisdiction under 11 U.S.C. § 505 to determine tax liabilities in this case,[2] the Service will complete its audit.  Moreover, the Service currently believes that it will have a much better estimate of its claim before the confirmation hearing.

## CONCLUSION

For the foregoing reasons, the Court should overrule the Objection and deny the relief sought therein.[3]

---

[2]The Debtors filed their claim for refund in early February.  Under 11 U.S.C. § 505, this Court will be vested with jurisdiction to determine tax liability 120 days after the claim for refund is filed; namely early June.  11 U.S.C. § 505(a)(2)(B)(i).

[3]The Debtors have asked this Court to disallow and expunge the Amended Claim.  However, the only cases cited by the Debtors do not support the relief being sought by their objection.  In both cases, the taxing authorities were *sanctioned,* but their claims were not disallowed.  See In re McAllister, 123 B.R. 393 (Bankr. D. Or. 1991) (imposing unidentified sanctions *but refusing to disallow the claim*); In re Hamilton, 104 B.R. 525, 526 (Bankr. M.D. Ga. 1989) (sanctions in the form of attorney fees).  The Debtors have made no allegations that warrant sanctions against the Service and have not even asked for such relief in their objection.

3112346.1

DATE: March 18, 2008

                                              Respectfully submitted,

                                              /s/ Jan M. Geht
                                              JAN M. GEHT
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Washington, D.C.  20044
                                              Telephone: (202) 307-6449
                                              Fax: (202) 514-6866
                                              E-mail: jan.m.geht@usdoj.gov
                                              *Counsel for the United States*

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing RESPONSE was served on March 18, 2008, by ECF and by placing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

> MARK D. COLLINS
> MICHAEL J. MERCHANT
> CHRISTOPHER M. SAMIS
> Richards Layton & Finger
> One Rodney Square
> PO Box 551
> Wilmington, DE 19899
>
> SUZANNE S. UHLAND
> BEN H. LOGAN
> VICTORIA NEWMARK
> EMILY R. CULLER
> O'Melveny & Meyers LLP
> 275 Battery Street
> San Francisco, CA 94111

>  /s/Jan M. Geht
> JAN M. GEHT