IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., ) | Jointly Administered |
| A Delaware corporation *et al.*, ) | |
| ) | Objection Deadline: March 18, 2008 @ 4:00 p.m. |
| Debtors. ) | Hearing Date: March 25, 2008 @ 1:30 p.m. |
| ) | |
| ) | **Related to Docket No. 5023** |

**RESPONSE OF ROBERT MASSIE AND DEBORAH MASSIE TO DEBTORS'
FOURTEENTH OMNIBUS OBJECTION: SUBSTANTIVE OBJECTION
PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, BANKRUPTCY RULE 3007
AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND RECORDS
CLAIMS; (B) EQUITY CLAIMS; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS;
AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS**

Robert Massie and Deborah Massie (together, the "Massies"), by and through their undersigned counsel, hereby respond to the *Debtors' Fourteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rule 3007 and 9014, and Local Rule 3007-1 to certain (a) Books and Records Claims; (b) Equity Claims; (c) Multiple-Debtor Duplicate Claims; and (d) Reduced and/or Reclassified Claims* [Docket No. 5023] ("Objection") as follows:

1. On or about August 2, 2007, the Massies, through their litigation counsel, timely filed a proof of claim ("Proof of Claim") against the above-captioned debtors ("Debtors"), in which they asserted a general unsecured claim in the amount of $1,700,000.00 ("Claim"). The Claim has been designated by the Debtors as claim number 1607.

2. The basis for the Claim is a Complaint filed by the Massies on November 15, 2006, in the United States District Court for the Central District of California-Santa Ana Division, Case No. SACV06-1104 AG (MLGx), *Robert Massies and Deborah Massie v. New Century Mortgage Corp., et al.* The Complaint sets forth the Debtors' violations under the

Federal Truth-in-Lending Act and under the Real Estate Settlement Procedures Act with regard to a mortgage transaction with the Massies. A copy of the Complaint was attached to the Proof of Claim.

3. On February 22, 2008, the Debtors filed the Objection, in which they seek to disallow and expunge the Claim on the basis that the Debtors' books and records do not reflect that there is an amount owed to the Massies.

4. The Massies object to the relief sought in the Objection, and respectfully request that this Court allow the Claim in full.

5. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood International*, 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." See *In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added); *see also In re Mission Care, Inc.*, 164 B.R. 877, 879 (Bankr. Del. 1994). To overcome this presumed validity, the Debtors must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." See *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

6. The Massies timely filed the Claim, and attached to the Claim a copy of the Summons, Complaint and Exhibits to the Complaint. The Debtors have not presented any evidence or alleged any facts that they had no knowledge of the Complaint, and therefore, cannot overcome the presumptive validity of the Claim. The Debtors' bare allegation that the Debtors' books and records reflect that there is "no record of the liability" does not satisfy this test.

7. Accordingly, the Debtors cannot expunge the Claim, and the Debtors' request to disallow and expunge the Claim should be denied.

WHEREFORE, for all of the foregoing reasons, the Massies respectfully request that this Court enter an order that denies the Objection with respect to the Claim, that allows the Claim in full, and that grants such other and further relief as is just.

Dated: March 18, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

-and-

Timothy G. McFarlin
LAW OFFICES OF TIMOTHY G. MCFARLIN, PLC
18881 Von Karman Avenue, Suite 760
Irvine, CA 92612
(949) 206-0400

Attorneys for Robert Massie and Deborah Massie

#598742v1