**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

----------------------------------------------------x
:
**In re**                                      : Chapter 11
:
**NEW CENTURY TRS HOLDINGS.,**   : Case No. 07-10416 (KJC)
**a Delaware corporation, et al.,**[1]
:
: (Jointly Administered)
:
    Debtors.                                : Re: Docket No. 5023
:
: Hearing Date: March 25, 2008 at 1:30 p.m. (ET)
: Objection Deadline: March 18, 2008 at 4:00 p.m. (ET)
----------------------------------------------------x

# RESPONSE OF THE ROSE TOWNSEND TRUST TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION:  SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506, AND 507, BANKRUPCTY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND RECORDS CLAIMS; (B) EQUITY CLAIMS; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS

The Rose Townsend Trust (hereinafter referred to as "Townsend"), as Claimant, responds to New Century Financial Corporation, New Century TRS Holdings, Inc., and their indirect subsidiaries, Fourteenth Omnibus Objection and Substantive Objection filed February 22, 2008.

---

[1] The Debtors are the following entities: New Century Financial Corporation *(f/k/a* New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation *(f/k/a* JBE Mortgage) (d/b/a/ NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 corporation (f/k/a The Anyloan Corporation, l800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation *(f/k/a* Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. *(f/k/a* NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. CORP., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1. New Century Mortgage Corporation ("Debtor" or "New Century") and Townsend are engaged in an adversary proceeding pending in the United States Bankruptcy Court for the Eastern District of Washington, Case Number 06-80040 PCW. The litigation involves a dispute between Townsend and New Century with respect to lien priority on a personal residence of Daryl Jane Johnston and Sally Arney. Daryl Jane Johnston is operating under a Chapter 13 confirmed plan, Case No. 05-09692-W13. The residence is located at 4223 S. Madison Rd., Spokane Washington (the "Spokane Real Property").

2. In the adversary proceeding, Townsend filed a Motion for Summary Judgment on August 3, 2006, seeking a determination that four (4) judgment liens of Townsend were superior to the mortgage lien of New Century. On September 22, 2006, the Bankruptcy Court issued an oral ruling granting Townsend's Motion for Summary Judgment. On September 26, 2006, the Court issued an order granting Townsend's Motion for Summary Judgment.

3. On October 6, 2006, New Century filed a Notice of Appeal of the Court's Order Granting Summary Judgment, and elected to have the Appeal heard by the U.S. District Court for the Eastern District of Washington.

4. On September 19, 2007, New Century, having appealed from an order of the Bankruptcy Court, filed a bond as required by the Federal Rules of Bankruptcy Procedure, in the amount of $471,500.00. A copy of the bond is attached Exhibit A.

5. On November 14, 2007, the U.S. District Court for the Eastern District of Washington, after consideration of the pleadings, and with the benefit of oral argument, denied the appeal of New Century and the affirmed the decision of the United States

Bankruptcy Court for the Eastern District of Washington.  See Order attached hereto as Exhibit B.

6. On November 29, 2007, New Century filed a Notice of Civil Appeal to the United States Court of Appeals for the Ninth Circuit from the Amended Order Denying Bankruptcy Appeal and the Order Denying Bankruptcy Appeal entered on November 14 and November 19, 2007.  See Notice of Civil Appeal attached hereto as Exhibit C.

7. New Century's appeal is pending before the United States Court of Appeals for the Ninth Circuit, case number 07-36035.  Pursuant to the Time Schedule Order issued by the Court, an appellate brief has been filed by New Century.

8. Townsend's interest in the Spokane Real Property is not adequately protected because it is not receiving any payment on its judgments from the judgment Debtor.

9. New Century has no interest in the Spokane Real Property because its mortgage lien ($382,500.00) is junior to that of the four Townsend judgment liens, and Townsend's judgment liens, with interest, substantially exceed the value of the Spokane Real Property ($425,000.00).  However, New Century's mortgage is being paid in the Chapter 13 confirmed plan of Daryl Jane Johnson (Case No. 05-09692-PCW13).  New Century's mortgage interest is not necessary to its reorganization because New Century is the owner of a lender's policy of title insurance insuring its first lien position in the instance that the ruling of Bankruptcy Court is upheld on appeal.

10. In any case, a controversy exists that must be brought to final resolution as to Townsend's and New Century's respective interests, if any, in the Spokane Real Estate.

11. Factual issues remain which need to be determined by a fact finder and the claim should not be disallowed in its entirety and expunged as requested by Debtors.

WHEREFORE, for the reasons set forth herein, Townsend respectfully requests that the Court (i) overrule the Debtors' Objection; and (ii) grant Townsend such other and further relief as this Court deems just and proper.

Dated: March 18, 2008  /s/Daniel K. Hogan
Daniel K. Hogan (DE Bar # 2814)
The Hogan Firm
1311 Delaware Ave
Wilmington, DE 19806
Phone: (302)-656-7540
Facsimile: (302)-656-7599
Email: dkhogan@dkhogan.com
Attorney for Rose Townsend Trust