# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN Re:<br>DARYL JANE JOHNSTON,<br><br>     Debtor<br>ROSE TOWNSEND TRUST<br><br> -v.-<br><br>DARYL JANE JOHNSTON, a single person, et al.,<br><br>     Defendants. | NO. CV-06-0291-LRS<br><br>ORDER DENYING BANKRUPTCY APPEAL |

**BEFORE THIS COURT** is New Century's appeal of the Bankruptcy Court's grant of summary judgment in favor of Rose Townsend Trust. (Ct. Rec. 7), which was orally argued on September 20, 2007. Scott Smith appeared on behalf of New Century, and Daniel Gibbons appeared on behalf of Rose Townsend Trust. After a detailed review of the pleadings submitted by both parties, and with the benefit of oral argument, this Court enters the following opinion affirming the decision of United States Bankruptcy Judge Patricia Williams. The recitation below is designed to supplement the Court's recitation of the facts and incorporates herein this Court's record on September 20, 2007.

I. BACKGROUND

The appeal before this Court involves a priority dispute between two of Daryl Jane Johnston and Sally Arney's creditors because only one out

ORDER - 1

1  of the four liens against their Spokane home at 4223 Madison Road was
2  recorded in the Spokane County Auditor's office. The Bankruptcy Court
3  ruled that the four judgments belonging to Townsend Trust are prior to
4  the Deed of Trust that Ms. Arney and Ms. Johnston granted to New Century
5  Mortgage Corporation, and were perfected despite the fact that three of
6  them were not recorded with the Spokane Auditor's Office. Therefore, the
7  four judgments are enforceable liens against the residence.
8      There are no genuine issues of material fact in this case, although
9  the parties advocate different legal conclusions. On January 22, 1998,
10 the Plaintiff, Rose Townsend Trust, obtained a Spokane County Judgment
11 in the amount of $76,147.31 from a promissory note concerning the
12 Johnston-Arney home. The judgment was recorded with the Spokane County
13 Auditor on October 27, 1998. The Johnston-Arney residence was originally
14 financed through the North American Mortgage in 1994. The Deed of Trust
15 in favor of North American Mortgage stated the note secured "the
16 repayment of the debt evidenced by the note with interest and all
17 renewals, extensions and modifications of the note." However, the Deed
18 of Trust was reconveyed and released when New Century made the loan at
19 issue in 2004.
20     Also on January 28, 1998, a state court judgment was entered in the
21 amount of $500 in favor of Townsend Trust for attorneys fees. That
22 judgment was not recorded with the Spokane County Auditor. Ms. Johnston
23 filed for bankruptcy on July 16, 1999. At the time, both Ms. Johnston
24 and Ms. Arney lived in the home at the center of this priority dispute.
25     A default judgment was entered on January 19, 2001 in the amount of
26 $132,044.73 against Ms. Johnston, by request of the Trustee in Ms.

ORDER - 2

Johnston's 1999 bankruptcy. On January 19, 2001, the Chapter 7 Trustee in Ms. Johnston's 1999 bankruptcy also obtained a default judgment against Ms. Arney for $80,000. Neither of these default judgments were recorded in the Spokane Auditor's office.

In addition, the residence was refinanced twice after the four judgments referenced above were entered. Ameriquest refinanced the residence on October 6, 2004, for which Ms. Johnston and Ms. Arney received $81,270.89. Ms. Johnston and Ms. Arney again refinanced the house on April 6, 2005. This time, New Century provided the loan in the amount of $16,808.73. In order to secure the loan, Ms. Arney and Ms. Johnston gave New Century a Deed of Trust, which was recorded in the Spokane County Auditor's office on April 14, 2005. While the title commitment did not reflect any liens on the property, a chain of title report dated November 28, 2005, lists all four of Townsend Trust's liens, and specifically reports that "any transactions involving real estate must be made pursuant to court order."

Ms. Johnston filed for Chapter 13 bankruptcy, and Ms. Arney filed a Chapter 7 action in the Bankruptcy Court on October 13, 2005. Ms. Johnson objected to Townsend Trust's creditor claim in her bankruptcy. In response, Townsend Trust initiated an adverse proceeding in the Bankruptcy Court to determine the priority liens on the Johnston-Arney residence. In the action, Townsend Trust asked the Bankruptcy Court to find that Johnston and Arney, and in effect New Century, were not entitled to the Homestead Exemption. See State Court Record at 485-511.

New Century now appeals the Bankruptcy Court's ruling arguing that: 1) Bankruptcy court judgments do not create liens on the residence under

ORDER - 3

1  RCW 4.56.190; 2) RCW 6.13.090 and state case law required Townsend Trust
2  to record the judgments with the auditor; 3) Townsend waived the first
3  state court judgment in order to receive the bankruptcy judgments, so it
4  is judicially estopped from arguing that the first state court judgment
5  creates a lien; and 4) New Century's Deed of Trust takes priority over
6  the first state court judgment (or any judgment in favor of Townsend)
7  under the doctrine of equitable subrogation.

## II. DISCUSSION:

Federal District Court reviews an appeal of a grant of summary judgment by a Bankruptcy Court de novo. *Nielsen v. United States*, 356 F.3d 1078, 1083 (9th Cir. 2004).

A.  First in Time, First in Right.

Washington follows the first in time, first in right legal rule of construction. *Jones v. International Land Corporation*, 51 Wn.App. 737, 743 (1988). Since the New Century lien occurred after Townsend Trust's four judgment liens, it is junior to those judgments. *See* RCW 4.56.190. RCW 4.56.190 states in its entirety:

> The real estate of any judgment debtor, and such as the judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any judgment of the district court of the United States rendered in this state and any judgment of the supreme court, court of appeals, superior court, or district court of this state, and every such judgment shall be a lien thereupon to commence as provided in RCW 4.56.200 and to run for a period of not to exceed ten years from the day on which such judgment was entered unless the ten-year period is extended in accordance with RCW 6.17.020(3). As used in this chapter, real estate shall not include the vendor's interest under a real estate contract for judgments rendered after August 23, 1983. If a judgment debtor owns real estate, subject to execution, jointly or in common with any other person, the judgment shall be a lien on the interest of the defendant only.

ORDER - 4

1   A plain reading of the statute demonstrates that only a court
2   judgment is needed to perfect a lien.  RCW 4.56.200 (a) states in
3   relevant part:

4   The lien of judgments upon the real estate of the judgment
    debtor shall commence as follows:
5   (1) Judgments of the district court of the United States
    rendered or filed in the county in which the real estate of the
6   judgment debtor is situated, and judgments of the superior
    court for the county in which the real estate of the judgment
7   debtor is situated, from the time of the entry or filing
    thereof;
8

9   There is no dispute that the real estate in question is located in
10  Spokane County--the same county where the judgments were entered.
11  Therefore, recording the lien in the auditor's office is not necessary
12  as it would be for real estate in one of Washington's 36 other counties.
13  See RCW 4.56.200(2).

14

15  B.  Bankruptcy Courts as District Courts Under the Statute.

16  New Century also argues that bankruptcy judgments are not district
17  court judgments within the meaning of RCW 4.56.190 and RCW 4.56.200.
18  That argument belies both legislative history and a plain reading of the
19  statute in question.  This Court finds as the lower court found:
20  Bankruptcy Courts are units of the District Courts pursuant to 28 U.S.C.
21  §151, and thus, within the meaning of RCW 4.56.190.

22  Furthermore, state law provisions concerning the priorities of liens
23  should be preserved where not inconsistent with the bankruptcy code, a
24  fundamental principal of bankruptcy law.  *In re Patterson*, 139 B.R. 229
25  (B.A.P. 9th Cir. Cal. 1992.)
26  ///

1  C.  Operation of the Homestead Act.

2  New Century's next position is that even if Townsend Trust were to
3  possess a valid lien, the company's lien is not valid in this instance
4  because Townsend Trust is not entitled to a lien under the Homestead Act.
5  The Homestead Act is designed to shelter home owners, and not mortgage
6  companies. The Homestead Act, RCW 6.13.090, shields $40,000 in home
7  equity during a bankruptcy, and allows a lien to attach to the excess
8  value. However, as the facts in this case demonstrate, Ms. Johnston and
9  Ms. Arney already received money for their home on numerous occasions by
10 refinancing the property twice in the six months prior to filing for
11 bankruptcy. When a debtor has real property and places a consensual lien
12 thereon, the homestead exemption ordinarily only applies after payment of
13 the obligation.

14  D.  Estoppel and Waiver.

15 New Century further asserts Townsend Trust is judicially estopped
16 from arguing that the company is first in time since it filed an unsecured
17 claim originally in Johnston's 1999 Chapter 7 filing. The proof of claim
18 included a copy of the first state court judgment. Townsend Trust then
19 filed a secured claim at a later date. However, the two positions are not
20 necessarily inconsistent. For example, as Townsend Trust argues, at the
21 time of Johnston's 1999 Chapter 7 filing, there was no equity in the
22 residence to which a lien could attach. In contrast, Townsend Trust's
23 liens had moved up considerably by the 2005 Chapter 13 proceeding.

24  It is undisputed that Townsend Trust has shown that the first state
25 court judgment was filed. As the Bankruptcy Court found, "The waiver, if
26 it in fact existed, would not be applicable to any rights held under the

1  1998 state court judgments. However, there is no authority for the
2  proposition that a waiver of claim of distribution by a bankruptcy estate
3  operates as a waiver of any claim against non-debtor third parties.
4  Bankruptcy Court Transcript at 12.
5      Stated more simply, Townsend Trust's purchase of the bankruptcy
6  judgments for $750 did not waive the lien of the state court judgments.
7  The waiver of a creditor claim would merely have had the effect of waiving
8  distribution on its unsecured claim. This Court finds no windfall to
9  Townsend Trust. "Where there is reasonable doubt as to whether a waiver
10 has occurred, a careful examination must be made to determine the
11 conditions under which the waiver is alleged to have occurred." *United*
12 *States National Bank v. Chase National Bank*, 331 U.S. 28 (1947). In the
13 case at bar, there was no waiver by Townsend Trust.
14     E. Subrogation.
15     New Century's final argument is that the doctrine of equitable
16 subrogation is available to New Century, and the bankruptcy court erred
17 by deciding that the defense was not available. Borrowed from English
18 courts of equity, equitable subrogation simply seeks to maintain the
19 proper order of priorities. *Bank of America, N.A. v. Presance Corp.*, 160
20 Wn. 2d 560, 564. (2007)(internal citations omitted). For example, suppose
21 A, a homeowner, has two mortgages: one recorded first by bank B and one
22 recorded second by bank C. The state's recording act says B has a higher
23 priority because it recorded first, putting the world on notice as to its
24 interest in A's land. RCW 65.08.070. If D fully discharges B's debt,
25 then equitable subrogation substitutes D for B, so D has a higher priority
26 than C, even though D recorded later in time. *Id* at 564-565.

Mar-14-08    10:02am    From-FEDEX KINKOS SPOKANE FALLS DOWNTOWN    +5094891947    T-760    P.023/026    F-603

Case 2:06-cv-00291-LRS     Document 30     Filed 11/14/2007

The bankruptcy court found that because Townsend Trust did not engage in any kind of inequitable conduct and because New Century satisfied the prior lender's deed of trust, instead of taking an assignment of the prior lender's deed of trust, equitable estoppel, which would allow New Century to take first priority even if it were not first in time, is unavailable. Similarly, this Court finds no wrong doing on the part of Townsend Trust, therefore, the doctrine of subrogation is precluded.

### III. CONCLUSION

For the foregoing reasons, New Century's Appeal is **DENIED** and the Bankruptcy Court is **AFFIRMED**. The District Court Executive is directed to enter this order, provide copies to counsel and **CLOSE THE FILE**.

DATED this 14th day of November, 2007.

s/Lonny R. Suko
------
Lonny R. Suko
United States District Judge