UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, *et. al.* | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS**

Clarion Mortgage Capital ("Clarion"), through its attorneys, submits the within Response to Debtors' Fifteenth Omnibus Objection to Claims as follows:

1. Clarion is a creditor of Debtors, having reached a prepetition agreement with Debtors for the purchase of certain mortgage loans from Clarion.

2. Through no fault of its own, Clarion was not notified of any bar date related to its claim against Debtors. Nevertheless, and upon receipt of information related to the filing of Debtors' Petition and potential other dates related to the case, Clarion submitted its Proof of Claim, Claim No. 3745, as timely as possible on December 13, 2007.

3. Debtors' have objected to Clarion's claim on the basis that is was filed after the general bar date for claims, and as such seek that Clarion's claim be disallowed and expunged. *See* Fifteenth Omnibus Objection to Claims at ¶¶ 16 and 17.

4. Pursuant to the Court's June 28, 2007 Order Establishing Bar Dates for Filing of Proofs of Claim (the "Bar Date Order"), Debtors were to serve the Bar Dates Notice Package "by first class mail, postage prepaid, <u>on all known entities holding potential prepetition and postpetition claims</u>." *See* Order, ¶ 4.

5. Clarion was an entity with a known prepetition claim as evidenced in Debtors' List of Creditors which was submitted on April 2, 2007. Therefore, Clarion is considered a "known entity holding potential [a] prepetition claim," entitling it to notice via first class mail in accordance with the Court's Bar Date Order.

6. On July 9, 2007, the XRoads Case Management Services Director, Jamie L. Edmonson, submitted the Declaration of Service regarding the Bar Dates Notice Package, which was mailed via first class mail in accordance to the Court's Bar Date Order to the parties listed on Exhibit C thereto. Clarion is not listed as having been sent a Bar Dates Notice Package, despite being a known entity with a potential prepetition claim.

7. As such, Clarion was never properly notified in accordance with the Court's Bar Date Order of the applicable bar date to its claim. Because of this, Clarion's claim should not be disallowed as it submitted the claim as soon as it became aware of the bankruptcy proceeding.

8. Clarion should be permitted to have its "untimely" claim stand based, in the very least, on the "excusable neglect" exception to Rule 3002 based upon Clarion's reasonable belief that no proof of claim was yet due at the time of the Bar Date because it had not received notice of the Bar Date Order. Excusable neglect will allow for the acceptance of a late filed claim where the

creditor failed to comply with the bar date because, through no fault of its own, it had no notice of that date. *See* In re Loveridge, 2 B.C.D. 1597 (Bankr. D. Conn. 1977). This is the very situation as here, where the Debtors' have admitted that Clarion did not receive the Bar Date Notice Package. Clarion, through not fault of its own, had not notice of the Bar Date. For this reason, Clarion's proof of claim should be allowed.

9. Although the Court's Bar Date Order did provide for publication notice, the intent behind Debtors' request for such notice was simply to "provide notice of the Bar Date to entities whose names and addresses are unknown to Debtors." *See* June 8, 2007 Motion for Entry of An Order Establishing for Filing Proofs of Claim, ¶ 19. Because Debtors' stated purpose for notice by publication was merely to notify potential creditors unknown to Debtors, the only notice that may properly be made on Clarion, a known creditor (as described hereinabove) is via first class mail. As such, notice by publication is inapplicable to Clarion by the terms of the Bar Date Order itself. Even if applicable, Clarion had no reason to believe it needed to review any such publication to protect its claim and therefore the "excusable neglect" exception describe in Paragraph 8 hereinabove would likewise permit this claim.

10. Permitting Clarion's claim would not prejudice the other creditors who timely filed claims, as there has yet be a plan confirmation and Clarion's claim was known to Debtors.

11. The undersigned counsel is authorized to reconcile, settle or otherwise resolve this Claim.

WHEREFORE, Clarion requests that this Court deny Debtors' request to expunge its claim.

DATED: March 18, 2008.

BLOOM MURR & ACCOMAZZO, P.C.

By:  *s/ Torben M. Welch*
Eric P. Accomazzo
Torben M. Welch
410 17th Street, Suite 2400
Denver, Colorado 80202
(303) 534-2277

*Attorneys for Clarion Mortgage Capital, Inc.*

2

## CERTIFICATE OF MAILING

I hereby certify that on this 18th day of March, 2008, a true and correct copy of the foregoing RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS was served electronically or via U.S. Mail to all those entities and individuals named in the ECF system and to the following:

| | |
|---|---|
| New Century TRS Holdings, Inc.<br>3121 Michelson Drive, Suite 600<br>Irvine, California 92612 | Debtor |
| Christopher M. Samis, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 | Debtor's Counsel |
| Ivan Lerer Kallick, Esq.<br>11344 West Olympic Boulevard<br>Los Angeles, California 90064 | Debtor's Co-Counsel |
| Suzzanne S. Uhland, Esq.<br>275 Battery Street<br>San Francisco, California 94111 | Debtor's Co-Counsel |
| U.S. Trustee<br>844 King Street, Room 2207<br>Lockbox #35<br>Wilmington, Delaware 19899 | |
| Bonnie Glantz Fatell, Esq.<br>1201 Market Street, Suite 800<br>Wilimington, Delaware 19801 | Official Unsecured Creditors' Committee |

                                                *s/   Ann Kroes*