1  CHRIS J. ALLRED, Esq., State Bar #105290
   BORGERDING, PETERSON, BURNELL,
2  GLAUSER & ALLRED
   A Professional Corporation
3  222 West Madison Ave.
   El Cajon, CA 92020
4  Telephone (619) 440-5242
   Facsimile (619) 442-0198

5

6  Attorneys for ALBERT A. WINTERS and MARIA D. GARIBAY aka MARIA D. WINTERS

7

FILED

2008 MAR 17  AM 10: 25

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

8            UNITED STATES BANKRUPTCY COURT

9             FOR THE DISTRICT OF DELAWARE

10
   In re:                              )    Chapter 11
11                                      )
   NEW CENTURY TRS HOLDINGS,            )    Case No. 07-10416 (KJC)
12 INC., a Delaware corporation, et al.,)
                                        )    **Jointly Administered**
13          Debtors.                    )
                                        )    Hearing Date: March 25, 2008
14 _____ )    Time: 1:30 p.m.
                                             Judge: Kevin J. Carey
15

16   RESPONSE OF CLAIMANTS ALBERT A. WINTERS & MARIA D. GARIBAY aka
     MARIA D. WINTERS TO THE OBJECTION OF DEBTOR'S FOURTEENTH
17   OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507,
     BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A)
18   BOOKS AND RECORDS CLAIMS; (B) EQUITY CLAIMS; ( C) MULTIPLE-DEBTOR
     DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS

19

20       I, Chris J. Allred, declares as follows:

21       1.      I am the attorney of record for Claimants, ALBERT A. WINTERS AND MARIA D.

22 GARIBAY aka MARIA D. WINTERS (hereinafter, collectively "WINTERS")  who filed a claim

23 in the above-referenced Bankruptcy. The claim of WINTERS is based upon a civil lawsuit filed in

24 the Superior Court of California, County of San Diego, East County Division, Case No. GIE012981

25 (herein, "the civil case"), against, among others, NEW CENTURY MORTGAGE CORPORATION,

26 A CALIFORNIA CORPORATION (herein, "NEW CENTURY") regarding the priority of one of

27 its subprime loans.    Attached hereto as Exhibit "A" is a copy of the Trial Brief in the civil case

28 which thoroughly explains the facts and circumstances surrounding the claim against NEW

CENTURY.

2.    On or about October 24, 2005, the civil case went to Trial and a Judgment was entered against NEW CENTURY holding that the Lease Option of WINTERS had priority over the debt of NEW CENTURY. Attached hereto as Exhibit "B" and incorporated herein by this reference is a copy of the Judgment in the civil matter. Note that the Judgment provides that WINTERS was awarded costs in the underlying civil case. The Judgment has been <u>recorded</u> and the award of costs is the basis of WINTERS claim. Accordingly, WINTERS claim should be allowed as alleged.

3.    In addition, WINTERS continues to make payments to NEW CENTURY under a long term lease on the property.

4.    The address to which any reply to this Response should be directed to the address as follows:

Chris J. Allred, Esq.
Borgerding, Peterson, Burnell, Glauser & Allred
222 West Madison Avenue
El Cajon, CA 92020
Telephone Number (619) 440-5242
Facsimile Number (619) 442-0198
e-mail  coyotez@aol.com

5.    I further declare that I have the ultimate authority to reconcile, settle, or otherwise resolve this claim on behalf of claimant WINTERS.

I declare under penalty of perjury pursuant to the laws of the United States of America that this foregoing is true and correct and that this Declaration was executed on        day of March, 2008, at El Cajon, California.

Dated: 3|13|08

BORGERDING, PETERSON, BURNELL, GLAUSER & ALLRED

By:    _____
CHRIS J. ALLRED, ESQ.
Attorney for ALBERT A. WINTERS and
MARIA D. GARIBAY aka MARIA D. WINTERS

1  CHRIS J. ALLRED, ESQ., State Bar #105290
   BORGERDING, PETERSON, BURNELL,
2  GLAUSER & ALLRED
   A Professional corporation
3  222 West Madison Avenue
   El Cajon, California 91010
4  Tel. (619)440-5242
   Fax (619) 442-0198
5

6  Attorneys for Plaintiffs ALBERT A. WINTERS and MARIA D. WINTERS

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN DIEGO

9                      EAST COUNTY DIVISION

10

11 ALBERT A. WINTERS, an individual; and )    CASE NO:  CASE NO: GIE012981
12 MARIA D. GARIBAY, aka MARIA D.         )
   WINTERS, an individual,                )
13                                         )
              Plaintiffs,                  )    **PLAINTIFFS' TRIAL BRIEF**
14                                         )
   v.                                      )
15                                         )    **Trial Date: October 21, 2005**
   SHANTELLA S. SLATEN, an individual;    )    **Time: 9:00 a.m.**
16 NEW CENTURY MORTGAGE                    )    **Dept: 14**
   CORPORATION, a California corporation;  )    **Complaint Filed: June 27, 2002**
17 OCWEN FEDERAL BANK, FSB, and            )    **Judge: Eddie C. Sturgeon**
   DOES 1 through 100, INCLUSIVE,          )
18                                         )
              Defendants.                   )
19                                         )
                                           )
20 ALL RELATED CROSS-ACTIONS.              )
                                           )
21

22       COMES NOW, Plaintiffs, ALBERT A. WINTERS and MARIA D. WINTERS, hereby submit

23 their Trial Brief as follows:

24                              I.

25                         **THE PARTIES**

26       1.      Plaintiffs ALBERT A. WINTERS and MARIA D. WINTERS, are individuals and

27 residents of San Diego California (hereinafter, collectively referred to as "WINTERS").

28 WINTERS are represented by Chris J. Allred, Esq. of the law firm of BORGERDING,

---

**TRIAL BRIEF**                          1

1    PETERSON, BURNELL, GLAUSER & ALLRED.

2    2.    Defendant SHANTELLA S. SLATEN (hereinafter referred to as "SLATEN") is an

3    individual and a resident of San Diego California. SLATEN is represented by Alan L. Geraci of

4    the law firm of GERACI & LOPEZ.

5    3.    NEW CENTURY MORTGAGE CORPORATION (hereinafter referred to as

6    "NEW CENTURY"), a California Corporation is organized pursuant to the laws of the State of

7    California. NEW CENTURY is represented by Jeffrey S. Allison, Esq. of the law firm of

8    HOUSER & ALLISON.

9    4.    LEIHUA F. SMITH (hereinafter referred to as "SMITH") is an individual and a

10    resident of San Diego California. SMITH is a Cross-defendant under SLATEN"S Cross-

11    Complaint. SMITH is represented by Douglas A. Oden, Esq. of the law firm of ODEN, GREEN

12    & THOMPSON.

13    5.    USF MORTGAGE CORPORATION (hereinafter referred to as "USF

14    MORTGAGE"), a California Corporation is organized pursuant to the laws of the State of

15    California. **A Default has been entered against USF MORTGAGE by WINTERS.**

16                                                II.

17                                      **THE PROPERTY**

18    6.    This action relates to that improved real property commonly known as 1617 Hilger

19    Street, San Diego California 92114 (hereinafter, "the subject property"). The property consists of

20    two (2) rental units (upstairs and downstairs). Pictures of the property are Exhibit 112.

21                                                III.

22                  **BACK GROUND AND STATEMENT OF THE FACTS**

23    7.    On April 7, 1992 WINTERS, as Lessee, entered into a "Lease with Option to

24    Purchase Agreement" (Lease-Option) with Russella Beeves (hereinafter, referred to as "BEEVES")

25    as Lessor. The term of the Lease-Option **(which was supported by separate consideration**

26    **payment of $1,000.00)** was for thirty (30)  years with an option to purchase (by WINTERS)

27    exercisable "at anytime lessee may elect before lease and any extension thereof has expired." The

28    Lease-Option also provides, in part, that "lessor hereby agrees not to further encumber the leased

**TRIAL BRIEF**                              2

1  property" (paragraph 14) and that the Lease-Option is binding on "Any other person[s] with an

2  interest in the property now or in the future;" (Introductory paragraph of the agreement). A copy

3  of the Lease-Option is Exhibit 1.

4      8.    On April 10, 1992 a "Memorandum of Option" was recorded with the San Diego

5  County Recorder memorializing the terms of the Lease-Option. The recorded Memorandum of

6  Option specifically provides: **"There is a Three hundred and sixty (360) Month Option**

7  **Agreement between the undersigned in connection with the property located at: 1617 Hilger**

8  **Street, San Diego, Ca. 92114..."** A certified copy of the Memorandum of Option is Exhibit 2.

9      9.    At the time the Lease-Option was executed the parties determined purchase price to

10  be $95,000.00. (WINTERS' expert will testify that this price was reasonable at the time.)

11  Pursuant to paragraph 14 the price would be paid as follows.

12      "14.   OPTION TO PURCHASE THE PREMISES. Lessor grants
to lessee an OPTION to purchase the leased premises at any time Lessee may elect before

13  lease and any extension thereof has expired. OPTION Purchase price shall be:
    Purchase price Ninety Five Thousand ($95,000.00) dollars.

14

15      1.   The existing first mortgage with a current balance of Thirteen
Thousand One Hundred Forty Three ($13,143.00) dollars which
lessee may elect to assume and

16

17      2.   The Lessor's Equity of Eighty One Thousand Eight Hundred Fifty
Seven ($81,857.00) dollars will be paid as follows:

18  Lessee will be credited lease payments as if it were payment of a loan of
Eighty One Thousand Eight Hundred Fifty Seven only ($81,856.00)

19  amortized for Thirty (30) years.

20  When option is exercised the balance due will be $81,857.00 minus option
consideration, the amortized amount remaining on this amount, then a

21  mortgage created for the balance of the amount due and assume the first
mortgage."

22

23  The contract also provides that the payment at the thirty (30) year amortized rate is $565.00 per

24  month. (See paragraph 4.A.)

25      10.    Pursuant to paragraph 17 of the Lease-Option, to effectuate the exercise of the

26  option (or to reconvey in the event the option is not exercised) a Grant Deed (in the event the

27  option is exercised) and a quitclaim Deed (in the event the option is not exercised) were executed

28  by the parties and delivered into the possession of a disinterested third party. Pursuant to an order

**TRIAL BRIEF**       3

1    of this Court the originals of these deeds are now in possession of Diane J. Peters a private

2    fiduciary. The Quitclaim Deed is Exhibit 40 and the Grant Deed is Exhibit 41.

3          11.      At the time Winters first saw the subject property it was in a state of extreme

4    disrepair (see paragraph 11). After the agreement was executed WINTERS had to make significant

5    improvements to the subject property just to make it habitable. Winters has rented the units to

6    various individuals for 13 years. Winters has also made necessary repairs required on the subject

7    property. As required by the Lease-Option, WINTERS also began making payment directly to the

8    holder of the first deed, California Federal Savings and Loan. WINTERS has paid off the

9    California Federal loan.

10        **12.      WINTERS has made all the appropriate lease payments pursuant to the**

11    **terms of the Lease-Option except those excused by SLATEN'S breaches.**

12         13.      All proceeded according to the terms of the Lease-Option until early 1994, when a

13    series of transfers began to take place. On March 17, 1994, BEEVES transferred the subject

14    property to her granddaughter Karen S. Zumwalt[1] (hereinafter referred to as "ZUMWALT").

15    Certified copies of two deeds memorializing the transfer from BEEVES to ZUMWALT are

16    Exhibits 3 and 4. After being informed of the BEEVES to ZUMWALT transfer WINTERS began

17    making the payment directly to ZUMWALT.

18         14.      On July 20, 1994, ZUMWALT purported to transfer the subject property to

19    SMITH. At this time, SMITH was not aware of the transfer. According to ZUMWALT's

20    deposition testimony the ZUMWALT to SMITH deed was most likely executed by ZUMWALT to

21    secure a loan that SMITH had made to ZUMWALT. However, the deed was not immediately

22    delivered, and was not recorded until July 25, 2000. A certified copy of the ZUMWALT to SMITH

23    deed is Exhibit 5.

24         15.      On October 20, 1994, ZUMWALT consulted with an attorney regarding the

25    enforceability of the Lease-Option. At this time, attorney Beatrice W. Kemp sent a letter to

26

27       [1]During the pendency of this action Zumwalt passed away. Relevant excerpts from her

28    deposition testimony have been submitted by the parties.

---

**TRIAL BRIEF**              4

1 WINTERS attempting to "cancel" the lease. A follow-up letter was also sent threatening legal

2 action. ZUMWALT alleged that BEEVES lacked capacity to execute the Lease-Option. Despite

3 her threats ZUMWALT never pursued legal action against WINTERS. Copies of the letters from

4 Attorney Beatrice W. Kemp are respective Exhibits 31 and 32. Ms. Kemp took no further action.

5       16.     Even after ZUMWALT attempted to "cancel" the Lease-Option, WINTERS

6 continued to pay rent as required by the Lease-Option.

7       17.     On March 19, 1996, ZUMWALT executed a deed of trust in favor of Aames

8 Home Loan Company evidencing a secured loan against the subject property in the amount of

9 $40,000.00. A certified copy of the Aames Home Loan deed of trust is Exhibit 6.

10       18.     Prior to ZUMWALT'S loan with  Aames, BEEVES died. A certified copy of the

11 Affidavit– Death of Joint Tenant, showing the date of BEEVES death as December 6, 1994, is

12 Exhibit 7.

13       19.     On  July 25, 2000, the 1994 deed transferring the subject property from

14 ZUMWALT to SMITH was recorded. (See Exhibit 5)  On July 31, 2000, SMITH transfered the

15 subject property to SLATEN. A certified copy of the SMITH to SLATEN deed is Exhibit 8.

16       20.     The evidence will clearly show that shortly **before** this transfer, SLATEN and

17 ZUMWALT, in person and on the phone, discussed the title issues regarding the subject property

18 with SLATEN. At this time, ZUMWALT (as SMITH will also testify) informed SLATEN of the

19 WINTERS' Lease-Option and her previous meeting with the lawyer and gave SLATEN copies of

20 the relevant documents. Thus, there is no doubt that SLATEN knew about the Lease-Option and

21 ZUMWALT'S capacity claim before she (SLATEN) purchased the subject property.

22       21.     On the very same day of the SMITH to SLATEN transfer, July 31, 2000, SLATEN

23 delivered to WINTERS a document entitled **"NOTICE TO TERMINATE TENANCY."**  This

24 document also clearly demonstrates that on the date of the SMITH to SLATEN, SLATEN knew

25 about WINTERS.

26       22.     After they were informed of this transfer, and despite SLATEN'S attempts to

27 "terminate" the Lease-Option, WINTERS began making payments to SLATEN.

28       23.     All subsequent payments on the Lease Option, despite SLATEN'S attempt to

**TRIAL BRIEF**               5

1 │ refuse, hide and obfuscate, have been made by WINTERS to SLATEN or from WINTERS to

2 │ SLATEN'S counsel.  Unfortunately, the saga does not end there.

3 │     24.  On August 25, 2000, SLATEN, in violation of the Lease-Option and without

4 │ consulting WINTERS, executed a trust deed in favor of NEW CENTURY, evidencing a new lien

5 │ against the subject property in the amount of $93,000. A certified copy of the NEW CENTURY

6 │ deed of trust is Exhibit 9.  (The NEW CENTURY loan paid off the Aames loan)

7 │     25.    **It is undisputed that NEW CENTURY'S Preliminary Report identified the**

8 │ **"Memorandum of Option." A copy of the Preliminary Report is Exhibit 35.  Thus, when**

9 │ **NEW CENTURY made its loan to SLATEN it had  knowledge of WINTERS' Lease-Option.**

10 │     26.    SLATEN is in default on her loan to NEW CENTURY.

11 │     27.    On January 17, 2002, SLATEN, in further violation of the Lease-Option and

12 │ without consulting WINTERS, executed trust deed in favor of USF MORTGAGE, evidencing yet

13 │ another lien against the subject property in the amount of $12,000.  A certified copy of the USF

14 │ MORTGAGE trust deed is exhibit 12.  SLATEN has not made a single payment to USF

15 │ MORTGAGE and she is also in default on this loan.

16 │     28.    USF MORTGAGE's default has been entered on WINTER'S Complaint. A copy of

17 │ the Request for entry of default is Exhibit 63.  WINTERS has also entered the default of USF's

18 │ foreclosing agent, San Diego Foreclosure Services. (See exhibit 64)

19 │     29.    The remaining claim on the title to the subject property is a lien against SLATEN

20 │ by the California State Board of Equalization. A copy of the State Board's Disclaimer of interest in

21 │ the subject property is Exhibit 62.

22 │                                              **IV.**

23 │                                          **ISSUES**

24 │     1.    What are the respective rights and duties of WINTERS, SLATEN, SMITH and

25 │ NEW CENTURY regarding the subject property, the Lease-Option, and the trust deed?

26 │     2.    Whether SLATEN and NEW CENTURY had actual and/or constructive

27 │ notice of the Lease-Option.

28 │     3.    Whether The Lease-Option is enforceable and has priority over all other liens and

**TRIAL BRIEF**                                6

1  encumbrances relating to the subject property.

2      4.    Whether SLATEN was aware of the alleged "capacity" issues relating to BEEVES'

3  execution of the Lease-Option in 1994, when she purchased the subject property.

4      5.    Whether SLATEN or NEW CENTURY has standing to raise the capacity claim

5  and whether this claim is barred by the statute of limitations or by the doctrine of laches.

6      6.    Whether SLATEN breached the Lease-Option when she removed equity from the

7  subject property by taking out the two (2) Trust Deeds executed respectively on August 25, 2000

8  and January 17, 2002.

9  **V.**

10 **ARGUMENT**

11     **1.    A valid option, upon exercise, relates back to the date of creation.**

12     An option contract is an irrevocable offer to sell that the optionee can accept by exercising

13 the option. (See, 5 Miller & Starr, Summary of California Law, Chapter 11, sec. 11:108 Option

14 Contracts). The option creates an equitable interest in the optionee to the extent that there is an

15 enforceable and assignable right to buy the property. Id.

16     An option agreement is a *unilateral contract* whereby, for consideration, the optioner

17 promises not to revoke the offer in exchange for the *act* of the offeree of payment of the option

18 consideration. The option does not require the optionee to perform any act, but the optioner is

19 bound to perform the election of the optionee. (See 2 Miller & Starr, Summary of California Law,

20 Chapter 2, Sec. 2:7).

21     Because the option is an offer to sell or buy the property that produces a binding contract on

22 acceptance, it necessarily must contain all the material terms of purchase and sale that will be

23 contained in the ultimate contract. The option must specify the parties, set forth the term of the

24 option, identify the property, and specify the price and method of payment. Id.

25     The evidence will show that BEEVES and WINTERS created a valid Lease Option

26 agreement. All terms are certain: a) the price is determined to be $95,000.00; b) separate

27 consideration was received; and c) the conditions for the exercise of the option and payment of the

28 purchase price is outlined. Accordingly, the Court should find that the Lease Option is valid and

**TRIAL BRIEF**        7

1   enforceable.

2       In addition, an option is a contract relating to the title or possession of real property that

3   may be recorded.  On proper recordation of an option, all subsequent purchasers or encumbrancers

4   are on notice of the optionee's rights to buy the property under the option. (See  5 Miller & Starr,

5   Summary of California Law, Chapter 11, sec. 11:108 Option Contracts).

6       When a purchaser or encumbrancer acquires an interest in the property after the option is

7   given but before it is exercised, and he or she has notice of the option, when the option is exercised

8   the title received by the optionee relates back to the date the option was given and extinguishes the

9   interest of the intervening party.  *Claremont Terrace Homeowners Association v. United States*

10  (1983) 146 Cal.App.3d 398, 406.  The option is enforceable against the purchaser or

11  encumbrancer, and the optionee is entitled to the title to the property free and clear of their interests

12  on payment of the option price according to its terms. (Id. at p. 406)

13      As will be discussed more fully herein, the evidence will show that the subject

14  Memorandum of Lease Option was recorded and that it appeared in NEW CENTURY'S

15  preliminary title report.

16      **2.  The Evidence Will Show That Slaten and New Century Are Not Bona Fide**
    **Purchasers (encumbrancer) of the Subject Property and thus Take The Property Subject to**
17  **Winter's Pre-Existing Lease/Option**

18      A party who acquires title or other legal interest with notice of a prior equitable interest in the

19  property is not a bona fide purchaser and holds title subject to the prior interest *Chalmers v. Raras*

20  (1962) 200 Cal.App.2d 682, 686-688.  Moreover, since recordation is not essential to legal recognition

21  of a property interest, but only affects its priority as against subsequent bona fide purchasers, even an

22  unrecorded option may be a valid property right, valid against a subsequent purchaser who takes with

23  notice of the option. *Claremont Terrace Homeowners' Assn. v. United States, supra,* at p. 398.

24  Notice of a competing claimant's prior interest in real property is given not only by recording that

25  interest, but by possessing the property in dispute.

26      It is a general rule that possession of real property is constructive notice to any

27   intending purchaser or encumbrancer of the property of all the rights and claims of the person in

28  possession which would be disclosed by inquiry.  The possession required to impart notice to a

**TRIAL BRIEF**                                    8

1  subsequent purchaser must be open, notorious, exclusive and visible, and not consistent with the

2  record titled (*High Fidelity Enterprises, Inc. Vs. Hull*, (1962) 210 Cal. App. 2d 279, 281.)  If either a

3  tenant or a stranger is in possession of leased premises, the purchaser is charged with all those facts

4  which might have been ascertained had a reasonably diligent inquiry been made. *(Manig vs. Beacman,*

5  (1954) 127 Cal. App. 2d 216, 221-222. And as noted in *Pacific Gas & Elec. Co. vs. Minnette* (1953)

6  115 Cal. App. 2d 698, 705, "Possession is notice not only of whatever title the occupant has but also

7  of whatever right he may have in the property, and the knowledge chargeable to a person after he is

8  put on inquiry by possession of land is not limited to such knowledge as would be gained by

9  examination of the public records."    The subsequent purchaser or encumberer has the burden of

10  proving lack of notice (*Chalmers vs. Raras* (1962) 200 Cal. App. 2d 682, 686; *Manig vs. Bachman,*

11  *supra.,* 127 Cal. App. 2d at p. 223).

12          This principal, that a purchaser (encumbrancer) with notice takes subject to the prior interest

13  is well established in California *Id., Andrade vs. Casteel* (1947) 81 Cal. App. 2d 729, 730.    In

14  *Andrade,* landowners granted defendant a lease with option to purchase real estate.  The landowners

15  later transferred title to their son.  After death of the landowners, the son refused the defendant's

16  attempt to exercise the option *Id.* at 730.  The trial court found that the son was aware of the option

17  at the time the deed was gifted to him, and held that he took title subject to the rights of the defendant

18  to exercise his option.  On appeal, the court affirmed, stating:

19          "The judgment finds support in Smith v. Bangham, 156 Cal. 359, 363; Copple v.
        Aigeltinger, 167 Cal. 706, 710; Chapman v. Great Western Gypsum Col, 216 Cal. 420,
20      425.  The principle of these cases is that an option to purchase contained in a lease is
        a covenant running with the land and that a subsequent purchaser taking with notice
21      of the option takes subject to the right of the option holder to complete his purchase."

22          In the present action, SLATEN purchased the interest in the subject property with actual

23  knowledge, not only of the memorandum of option agreement on file with the county recorders office,

24  but also with knowledge that WINTERS and his tenants had been exercising sole and exclusive

25  possession of the premises.  Moreover, it is undisputed that NEW CENTURY had prior notice of the

26  WINTERS' Lease-Option.  Accordingly, WINTERS request the Court to enter an order finding that

27  SLATEN'S deed and NEW CENTURY'S trust deed are subject to WINTERS' Lease-Option.

28  ///

**TRIAL BRIEF**                              9

1    **3. Defendants Lack Standing To Claim Competency of the original Grantor, Beeves.**

2    While a conveyance of real property can be rescinded where the grantor suffered from an
3    incapacity at the time of the transfer, the conveyance is merely voidable and is subject to rescission
4    only by the grantor, his conservator or heirs. *Sharp v. Mortgage Sec. Corp. of America* (1932) 215 Cal.
5    287, 292 [9 P.2d 819]; *Philbrook v. Howard* (1958) 157 Cal.App.2d 210, 214-215 [320 P.2d 609];
6    *Stratton v. Grant* (1956) 139 Cal.App.2d 814, 817-818 [294 P.2d 500]; *Anderson v. Torrey* (1951) 105
7    Cal.App.2d 671, 676-677 [234 P.2d 142]; *In re Brast's Estate* (1945) 69 Cal.App.2d 704, 715-716
8    [160 P.2d 193].

9    Thus, Defendants, SLATEN and NEW CENTURY, who are subsequent purchasers
10   (encumbrancers) of title, do not have standing to rescind the prior conveyance between BEEVES and
11   WINTERS. *Drake v. Martin* (1994) 30 Cal. App. 4th 984. In *Drake*, plaintiffs purchased property
12   from defendants. After the purchase, they discovered that the persons from whom defendant
13   purchased the property had violated the Subdivision Lands Act in subdividing the property. They
14   sought to rescind the sale on the ground that the prior sale between defendants and the predecessor in
15   interest was void. The court refused, holding that plaintiffs' purchase agreement was with the
16   defendant, not the predecessor in interest, and plaintiffs' choice was to affirm or avoid their own
17   purchase, rather than to obtain rescission of the prior sale. Plaintiffs had no right to rescind as "an
18   incident" to the predecessor in interest's conveyance of the property to them. Moreover, plaintiffs could
19   not rely on Civ. Code, § 84 (transfer of thing transfers all its incidents), since transfer of title to real
20   property does not also transfer rights the seller may have had under the land sale contract with his or
21   her grantor. *Drake v. Martin*, 30 Cal. App. 4th 984.

22   Only a grantor, or his/her legal representative, may rescind a conveyance due to fraud. Miller
23   & Starr, *California Real Estate* §8:22 (3d ed., West 2004); *Lewis v. Beeks*, (1948) 88 Cal.App.2d 511,
24   519. In *Lewis*, an appointed administratix sought to rescind deeds eight years after they were
25   conveyed by the decedent. *Id.* at 517. Discussing the legality of a third party claiming lack of
26   capacity, the court held that "whenever [a] decedent might have done so, his representative may sue
27   to set aside a conveyance...for want of capacity in the decedent grantor." *Id.* Thus, only the "personal
28   representative" has power to make such a claim. Here neither SLATEN nor NEW CENTURY are

---

**TRIAL BRIEF**                                                10

1  the personal representative of BEEVES and therefore lack standing to set aside the Lease-Option.

2  **4. Defendants Cannot Sustain Burden of Proving Incompetence**

3  Even if SLATEN and NEW CENTURY did have standing to raise the issue of competency,

4  they cannot sustain their burden of proving that the predecessor in interest was delusional at the time

5  she conveyed the lease with option to purchase.

6  There is a rebuttable presumption that the grantor had sufficient mental capacity at the time of

7  the conveyance, and the person who challenges the grantor's capacity has the burden of proving the

8  grantor's incapacity and the invalidity of the conveyance. *In re Perkins' Estate* (1925) 195 Cal.699,

9  703; *Mattos v. Kirby* (1955) 133 Cal.App.2d 649, 652-653; *Rich v. Irvin* (1948) 86 Cal.App.2d 386,

10  394-395.  Mere mental weakness by itself is not sufficient for the cancellation of a deed, Webb v.

11  Saunders (1947) 79 Cal.App.2d 863, 871,  unless there is evidence of other factors such as the

12  confidential relationship between the parties, undue influence, or inadequate consideration. *Burns v.*

13  *Campbell* (1941) 17 Cal.2d 768, 773; *Richards v. Donner* (1887) 72 Cal. 207, 210; *Moore v. Moore*

14  (1880) 56 Cal. 89; *In re Brast's Estate* (1945) 69 Cal.App.2d 704, 712-715.

15  In the present action, there is no competent expert evidence that demonstrates BEEVES lack

16  of capacity.  Thus, SLATEN and NEW CENTURY have not, and cannot sustain their burden of

17  demonstrating that BEEVES was incapacitated at the time she signed the Lease-Option in favor of

18  WINTERS.

19  **VI.**

20  **CONCLUSION**

21  The foregoing has demonstrated that WINTERS and BEEVES established a valid Lease

22  With Option to Purchase. The evidence will show that when SLATEN purchased the property and

23  when NEW CENTURY made its loan to SLATEN, they were both aware of the Lease-Option.

24  Therefore, WINTERS request that this Court to enter a judgment declaring the Lease-Option to be

25  ///

26  ///

27  ///

28  ///

**TRIAL BRIEF**                              11

1 | valid and that they have priority over the SLATEN deed and the NEW CENTURY encumbrance.

2 | Respectfully Submitted.

3 |                                          BORGERDING, PETERSON, BURNELL,
                                             GLAUSER & ALLRED

4 |

5 | Dated:                          By: _____
                                             CHRIS J. ALLRED, ESQ.
6 |                                          Attorney for ALBERT A. WINTERS
                                             and MARIA D. WINTERS, Plaintiffs
7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**TRIAL BRIEF**                                12

RECORDING REQUESTED BY
CHRIS J. ALLRED, ESQ.

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON JAN 18, 2007
DOCUMENT NUMBER 2007-0037087
GREGORY J. SMITH, COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME: 1:51  PM

WHEN RECORDED MAIL TO
NAME  BORGERDING, PETERSON,
BURNELL, GLAUSER & ALLRED
MAILING  A PROFESSIONAL CORPORATION
ADDRESS  222 WEST MADISON AVENUE

CITY, STATE  EL CAJON, CA  92020
ZIP CODE

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# T I T L E(S)

## JUDGMENT

Legal
Solutions
Ca Plus  LS-201

**EXHIBIT  B**

F I L E D
Clerk of the Superior Court

APR 19 2006

By: J. STURGEON, Deputy

1
2
3
4
5
6
7
8     **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9     **IN AND FOR THE COUNTY OF SAN DIEGO**
10     **EAST COUNTY DIVISION**
11

| | |
|---|---|
| 12 ALBERT A. WINTERS, an individual; and ) <br> MARIA D. GARIBAY, aka MARIA D. <br> 13 WINTERS, an individual, ) <br> ) <br> 14     Plaintiffs, ) <br> ) <br> 15 v. ) <br> ) <br> 16 SHANTELLA S. SLATEN, an individual; ) <br> NEW CENTURY MORTGAGE ) <br> 17 CORPORATION, a California corporation; ) <br> OCWEN FEDERAL BANK, FSB, and ) <br> 18 DOES 1 through 100, INCLUSIVE, ) <br> ) <br> 19     Defendants. ) <br> ) <br> 20 ———————————————— ) <br> 21 ALL RELATED CROSS-ACTIONS. ) | CASE NO: CASE NO: GIE012981 <br><br> **JUDGMENT** <br><br> JUDGE: Eddie C. Sturgeon <br> DEPT: 14 <br> TRIAL DATE: October 24-26, 2005 |

22     The above-entitled causes, Case No. GIE012981, came on regularly for Trial on October 24,

23 2005, in Department 14 of the above-entitled court, the Honorable EDDIE C. STURGEON, judge,

24 presiding without a jury, a jury having expressly waived and was tried on that date and on October 25

25 and 26, 2005.

26     Plaintiffs and Cross-defendants ALBERT A. WINTERS and MARIA D. WINTERS, are

27 individuals and residents of San Diego California (hereinafter, collectively referred to as

28 "WINTERS"). WINTERS were both present and were represented by Chris J. Allred, Esq. of the

---

JUDGMENT            1

ENTERED: JMS

1  law firm of BORGERDING, PETERSON, BURNELL, GLAUSER & ALLRED.

2      Defendant and Cross-complainant SHANTELLA S. SLATEN (hereinafter referred to as

3  "SLATEN") is an individual and a resident of San Diego California. SLATEN was present and

4  was represented by Alan L. Geraci of the law firm of GERACI & LOPEZ.

5      Defendant and Cross-defendant NEW CENTURY MORTGAGE CORPORATION

6  (hereinafter referred to as "NEW CENTURY"), a California Corporation is organized pursuant to

7  the laws of the State of California.  NEW CENTURY was represented by Jeffrey S. Allison, Esq.

8  of the law firm of HOUSER & ALLISON.

9      LEIHUA F. SMITH (hereinafter referred to as "SMITH") is an individual and a

10  resident of San Diego California. SMITH is a Cross-defendant under SLATEN'S Cross-Complaint

11  was present and was represented by Douglas A. Oden, Esq. of the law firm of ODEN, GREEN &

12  THOMPSON.

13      This action relates to that improved real property commonly known as 1617 Hilger

14  Street, San Diego California 92114 (hereinafter, "the subject property"). The property consists of

15  two (2) rental units, one upstairs and one downstairs and is legally described as follows:

16          Lot 7 and 8 of Block 3 of Sunnyslope Addition to Encanto
           Heights, According to Map thereof No. 1135, Filed in the Office
17          of the County Recorder of San Diego County, June 4, 1908.

18      Defendants USF MORTGAGE CORPORATION (hereinafter referred to as

19  "USFMORTGAGE"), a California Corporation; SAN DIEGO FORECLOSURE SERVICES, INC,

20  a California Corporation; and Defendants ALL PERSONS UNKNOWN CLAIMING ANY

21  LEGAL OR EQUITABLE TITLE, ESTATE LIEN OR INTEREST IN REAL PROPERTY have

22  been duly served by plaintiffs WINTERS and a default has been duly entered against each said

23  Defendant. Each said Defendant is bound by this Judgment. The California State Board of

24  Equalization has disclaimed any interest in the subject property.

25      Pursuant to the Stipulation of the parties this Court bifurcated the Title and Equitable

26  Interest issues from the issues of damages. The trial then proceeded without a jury on Plaintiffs'

27  First (Quiet Title) and Third (Declaratory Relief) Causes of Action. Subsequent to the trial on the

28  title and equitable issues, on January 31, 2006, the Parties stipulated and agreed that remainder of

JUDGMENT                    2

1   Plaintiffs' Causes of Action and all Cross-complaints be and hereby are dismissed, with prejudice.

2   The cause was submitted for decision on October 26, 2005. A Statement of Decision was

3   entered on March 10, 2006. The Court has duly considered the validity of the Lease With Option

4   to Purchase Agreement between Plaintiff WINTERS and Defendant SLATEN, and whether

5   Defendant SLATEN'S title to the subject property and NEW CENTURY'S Trust Deed dated

6   August 25, 2000, are subject to WINTERS' Lease With Option to Purchase Agreement on the

7   subject property.

8   The Court, having considered the evidence, heard the arguments of counsel and the

9   Statement of Decision having been entered, hereby issues the following Judgment:

10   NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT:

11   1.   As to Plaintiffs' First Cause of Action, quiet title, the Court finds for Plaintiffs

12   against all Defendants. The quiet title to the subject property is effective as of April 7, 1992.

13   2.   As to Plaintiffs' Third Cause of Action, declaratory relief, the Court rules, orders

14   and decrees as follows:

15   1.   Plaintiffs have a valid Lease with Option to Purchase Agreement on

16   the subject property.

17   2.   Plaintiffs' option to purchase the subject property is superior to the

18   lien and interest of Defendants, New Century Mortgage Corporation

19   and Ocwen Federal Bank, FSB, recorded as instrument no. 2000-

20   0469105 (Deed of Trust).

21   3.   Plaintiffs' option to purchase the subject property is superior to the

22   lien and interest of Defendant USF Mortgage Corporation's recorded

23   as instrument no. 2002-0045329 (Deed of Trust).

24   4.   Plaintiffs' option to purchase the subject property is superior to the

25   lien as waived by Defendant California Board of Equalization

26   recorded as instrument no. 2003-0554342,

27   5.   Defendant Shantella S. Slaten's title in the subject property, which

28   includes, but is not limited to the Grant Deed recorded in the Official

1    Records of San Diego County as Instrument No. 2000-0406242, is

2    subject to Plaintiffs' Lease With Option to Purchase Agreement.

3       3.   Plaintiffs shall have and recover their costs from Defendants Shantella S. Slaten and

4    New Century Mortgage Corporation, a California Corporation, *in an amount to be*

5    *determined subject to a Memorandum of Costs being filed and served.*

     IT IS SO ORDERED.

6    DATED:  APR 1 9 2006

7

8                                    EDDIE C. STURGEON
                                     JUDGE OF THE SUPERIOR COURT

9

10   IT IS HEREBY ORDERED THAT plaintiffs, ALBERT A. WINTERS, an individual;

11   and MARIA D. GARIBAY, aka MARIA D. WINTERS, an individual, shall have and
     recover costs in the amount of $5,215.79, from defendants, SHANTELLA S.

12   SLATEN, an individual; and NEW CENTURY MORTGAGE CORPORATION, a

13   California Corporation.
                                                         05-25-06

14                                              ENTERED: JMS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT                                4

RECD '06MAR30 AM10:14

2006 MAR 30  AM 10: 09

# DECLARATION OF SERVICE

1

2    I, Lorraine C. Wammack, declare that:

3    I am employed in the County of San Diego, State of California. I am over the age of 18 years

4    and not a party to the within action. I am employed in the County of San Diego, State of California. I

5    am employed in the office of BORGERDING, PETERSON, BURNELL, GLAUSER & ALLRED,

6    members of the Bar of the above-entitled Court, and I made service referred to below at their direction.

7    My business address is 222 West Madison Avenue, El Cajon, California 92020.

8    On March 30, 2006, I served the document(s) described as:

9    JUDGMENT

10   by placing a true copy of each document in a separate envelope addressed to each addressee,
     respectively, as follows:

11   SEE ATTACHED SERVICE LIST

12
     XXX   (BY U.S. MAIL) I caused such document(s) to be sealed in an envelope and deposited such
13         envelope in the mail at El Cajon, California.  The envelope was mailed with postage thereon
           fully prepaid.

14
           (BY FEDEX OVERNIGHT MAIL) I placed the original of said document(s) in a sealed
15         envelope addressed as stated on the attached mailing list and caused such envelope to be sent
           via FedEx at El Cajon, California.

16
           (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the
17         addressees personally.

18         (BY ELECTRONIC TRANSFER) I caused all the pages of the above-entitled document(s)
           to be sent to the recipients noted above via electronic transfer (fax) at the respective facsimile
19         numbers indicated on attached service list.

20   I declare under penalty of perjury under the law of the State of California and the United

21   States of America that the foregoing is true and correct.  Executed on March 30, 2006 at El Cajon,

22   California.

23                                             Lorraine C. Wammack

24

25

26

27

28

                                    1

Service List
Winters v. Slaten
San Diego Superior Court Case No.  GIE012981


ALAN L. GERACI
GERACI & LOPEZ
817 WEST SAN MARCOS BLVD.
SAN MARCOS, CA 92069
Facsimile (619) 374-1911
Telephone (619) 231-3131
[Attorneys for Defendant/Cross-Complainant Shantella Slaten]

DOUGLAS A. ODEN, ESQ.
ODEN, GREEN & THOMPSON
750 B STREET, STE. 1950
SAN DIEGO, CA 92101
Facsimile (619) 702-0809
Telephone (619) 702-0800
[Attorney for Cross- Defendants/Cross-Complainant LEIHUA SMITH]

ERIC D. HOUSER, ESQ.
JEFFREY S. ALLISON, ESQ.
HOUSER & ALLISON
A PROFESSIONAL CORPORATION
9970 RESEARCH DRIVE
IRVINE, CA 92618
Facsimile (949) 679-1112
Telephone (949) 679-1111
[Attorney for Defendants/Cross-Defendants NEW CENTURY MORTGAGE CORP.;
OCWEN FEDERAL BANK, FSB.

1  CHRIS J. ALLRED, Esq., State Bar #105290
   BORGERDING, PETERSON, BURNELL,
2  GLAUSER & ALLRED
   A Professional Corporation
3  222 West Madison Ave.
   El Cajon, CA  92020
4  Telephone (619) 440-5242
   Facsimile (619) 442-0198
5

FILED

2008 MAR 17  AM 10: 25

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

6  Attorneys for ALBERT A. WINTERS and MARIA D. GARIBAY aka MARIA D. WINTERS

7

8                  UNITED STATES BANKRUPTCY COURT

9                  FOR THE DISTRICT OF DELAWARE

10

11  In re:                              )    Chapter 11
                                        )
12  NEW CENTURY TRS HOLDINGS,           )    Case No. 07-10416 (KJC)
    INC., a Delaware corporation, et al., )
13                                      )    CERTIFICATE OF SERVICE
              Debtors.                  )    BY OVERNIGHT DELIVERY
14                                      )
                                        )    Hearing Date: March 25, 2008
15  _____ )    Time: 1:30 p.m.
                                             Judge: Kevin J. Carey
16        I, the undersigned whose address appears below, certify:

17        That I am, and at all times hereinafter mentioned was, more than 18 years of age:

18        That on the 14TH day of MARCH  , 2008 , I served a true copy(ies) of **RESPONSE**

19  **OF CLAIMANTS ALBERT A. WINTERS & MARIA D. GARIBAY aka MARIA D.**

20  **WINTERS TO THE OBJECTION OF DEBTOR'S FOURTEENTH OMNIBUS**

21  **OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, BANKRUPTCY**

22  **RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND**

23  **RECORDS CLAIMS; (B) EQUITY CLAIMS; ( C) MULTIPLE-DEBTOR DUPLICATE**

24  **CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS** by Fed Ex, Overnight

25  Delivery. I enclosed the documents in an envelope or package provided by an overnight delivery

26  carrier, and addressed to each such addressee respectively at the addresses below. I placed the

27  envelope or package for collection and overnight delivery at an office or a regularly utilized drop

28  box:

| | |
|---|---|
| Mark Collins<br>Michael J. Merchant<br>Christopher M. Samis<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | Suzzanne S. Uhland<br>Emily R. Culler<br>Ana Acevedo<br>O'MELVENY & MEYERS LLP<br>275 Battery Street<br>San Francisco, CA 94111 |

     I certify under penalty of perjury under the laws of the UNITED STATES OF AMERICA that the foregoing is true and correct.

DATED: 03/14/2005

LORRAINE C. WAMMACK
222 West Madison Ave.
El Cajon, CA 92020
(619) 440-5242