James L. Hand, Esq.  SBN 101748
653 11th Street
Oakland, California 94607
Tele: (510) 595-4200
Fax: (510) 595-1655
emil: jlhand@stanfordalumni.org

Attorney for Creditors Michael
and Alvia Razo, Claim No. 1216

FILED
2008 MAR 18 AM 10: 00
US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>CLAIMANTS' RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CERTAIN BOOKS AND RECORDS CLAIMS AND RELATED MATTERS<br><br>Hearing Date: March 25, 2008<br>Time: 1:30 p.m. EST<br>Judge: Hon. Kevin Carey |

TO THE COURT AND DEBTOR'S COUNSEL:

As directed by Notice of Debtors' Fourteenth Omnibus Objection, pursuant to 11 USC §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, claimants Michael and Alvia Razo (husband and wife) submit (ii) "the name of the claimant and description of the basis for the amount of the claimant's claim, (iii) a concise statement setting forth the reason why such claim should not be disallowed for the reason set forth in the Objection, (iv) all documentation or other evidence of the claim upon which the claimant will rely in

---

Claimants Razos' Response to Fourteenth Omnibus Objection, page 1

opposing the Objection at the hearing, (v) the address to which any reply to a response should be directed; and (vi) the name, address, and telephone number of the person possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant."

### (ii) Claimant's Name and Description of the Basis for the Amount of the Claimant's Claim

Claimants are Michael and Alvia Razo, husband and wife, who reside at 1101 Wood Court, Hollister, CA 95023. They lost $91,000 in equity in their home, stripped out via fraud of a loan agent, Kaseem Mohammadi. New Century Mortgage's negligence aided and abetted the "straw investor" into whose name Mohammadi placed title to the Razos' home, without Razos' consent. Moreover, New Century Mortgage is liable for Mohammadi's fraud due to paying Mohammadi a Yield Spread Premium without commensurate benefit to the "straw investor," in violation of HUD Guidelines and RESPA.

The Razos have received $15,097 in compensation from Mohammadi, $6,000 from a co-worker of Mohammadi named Roman Hamidi, and $14,000 from Mohammadi's then employer, Community One. As a consequence, they have an unsecured claim for $55,903 ($91,000 minus $35,097).

### (iii) Concise Statement Setting Forth the Reasons Why Such Claim Should Not Be Disallowed

As summarized above, New Century Mortgage is jointly and severally liable for the equity stripped-out of Claimant's residence because it acted negligently in approving false loan applications (did not verify claimed income and claimed employment, for which the loan broker submitted false information, see Hand Declaration ¶ 4), acted negligently in allowing

---

an escrow to close when it knew a "straw investor" was involved, and violated the Real Estate Settlement Procedures Act ("RESPA") by paying an illegal Yield Spread Premium to the loan broker.

The principal wrongdoer was a loan agent named "Kaseem Mohammadi." The Razos' case is just one of 19 cases consolidated in Alameda County Superior Court for pretrial purposes. (Hand Declaration ¶ 1.) Mohammadi pled guilty to grand theft. (*Ibid.*)

Mohammadi set-up a "straw investor" scheme whereby he would convince a homeowner to transfer title to a straw investor who purportedly had good credit and would take out loans at favorable interest rates that later would be transferred to the homeowner (and title would be restored to the homeowner).

Mohammadi told the title company of his plan. Ticor Title Company, in turn, informed New Century Mortgage it was engaged in improper conduct by sending New Century Mortgage an Estimated Closing Statement showing it was paying a $27,900 commission to Kaseem Mohammadi, who was only a loan agent not a loan broker, in derogation of California's Business and Professions Code section 10138 (commissions can only be paid to brokers, not to agents). See Hand Declaration Exh. D.

Nonetheless, New Century Mortgage allowed the loans to close escrow. Moreover, it knew or should have known the straw investor did not make the income claimed. See Hand Declaration ¶ 4.

Additionally, New Century Mortgage is liable for the wrongful acts of the loan broker because it paid the loan broker an illegal yield spread premium. The Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2601 et seq., prohibits abusive practices such as kickbacks and unearned fees that drive up the cost of homeownership. (12 U.S.C. § 2607(a) and

(b); 24 C.F.R. § 3500.14.) In order for RESPA to achieve its purposes, Congress granted HUD rulemaking authority for implementation of RESPA. Congress directed the Secretary of HUD to "prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of [RESPA]." 12 U.S.C. § 2617(c). On October 18, 2001, and in accordance with 5 U.S.C. § 552, HUD exercised its statutory authority when it issued its Statement of Policy 2001-1, clarifying its formal interpretation of RESPA's prohibition against kickbacks and unearned fees. 66 Fed. Reg. 53052. HUD's interpretation of RESPA is entitled to substantial deference. *Schmitz v. Aegis Mortg. Corp.* (D. Minn. 1999) 48 F. Supp. 2d 877, fn. 3.

In Statement of Policy 2001-1, HUD clarified its previously announced two-part test for determining the legality of a yield spread premium paid by lenders to brokers. 66 Fed. Reg. 53055. HUD's two-part test is explained in detail on page 53055 of Volume 66 of the Federal Register. "It is HUD's position that where compensable services are performed, the 1999 Statement of Policy requires application of both parts of the HUD test before a determination can be made regarding the legality of a lender payment to a mortgage broker."

"Under the first part of HUD's test, the total compensation to a mortgage broker, of which a yield spread premium may be a component or the entire amount, must be for goods or facilities provided or services performed." *Id.* The second part of HUD's test requires that total compensation to the mortgage broker be reasonably related to the total set of goods or facilities actually furnished or services performed." *Id.* The legality of any yield spread premium can only be evaluated in the

---

**Claimants Razos' Response to Fourteenth Omnibus Objection, page 4**

context of the test HUD established and the specific factual circumstances applicable to each transaction in which a yield spread premium is used. Id. at 53054. As explained hereafter, plaintiffs contend the yield spread premiums the subprime lenders paid to Golden Key Mortgage and to Community one did not satisfy HUD's two-part test for legality.

HUD's Statement of Policy 2001-1 explains that yield spread premiums allow brokers to recoup up front costs incurred on the borrower's behalf in originating the loan. 66 Fed. Reg. 53054. "In these cases, lender payments reduce the up front cash requirements to borrowers." Id. However, HUD also recognized that "... yield spread premiums may be used to enhance the profitability of mortgage transactions without offering the borrower lower up front fees." Id. "[S]uch uses of yield spread premiums may result in total compensation in excess of what is reasonably related to the total value of the origination services provided by the broker, and fail to comply with the second part of HUD's two-part test." Id.

The straw investor, Hosai Ehsan, was not offered the option of reduced loan commission or other fees, which might have justified the lender's paying a yield spread premium. The yield spread premium resulted in the broker's receiving compensation exceeding the value of the services actually provided.

Since RESPA is a consumer protection statute, its provisions are to be liberally construed in favor of consumers. *Wanger v. EMC Mortgage Corp.* (2002), 103 Cal.App.4th 1125, 1134. The broad language of subdivisions (a) and (b) of 12 U.S.C. § 2607 and 25 C.F.R. § 3500.14 clearly prohibit payment of unlawful kickbacks and unearned fees. Paying a kickback to the loan broker makes New Century Mortgage liable for that company's

fraudulent conduct.

Claimants' loss is the difference between the new loans made by New Century Mortgage ($465,000), minus money received $35,000) or debts paid-off ($338,910). That loss totals $91,000. Settlements by joint tortfeasors has resulted in Claimants' receiving $15,097 from Kaseem Mohammadi, $6,000 from a co-worker of Mohammadi named Roman Hamidi, and $14,000 from Mohammadi's then employer, Golden Key Mortgage. As a consequence, **they have an unsecured claim for $55,903** ($91,000 minus $31,097).

### To Whom Any Reply to Claimant's Response Should Be Directed

Any reply to claimant's response should be directed to:

> James L. Hand, Esq.
> 653 11th Street
> Oakland CA 94607
> Tele:   510-595-4200
> Fax:    510-595-1655
> E-mail:   jlhand@stanfordalumni.org

### Name, Address and Telephone Number of Person Possessing Settlement Authority

The person who possesses settlement authority of this case is
> James L. Hand, Esq.
> 653 11th Street
> Oakland CA 94607
> Tele:   510-595-4200
> Fax:    510-595-1655
> E-mail:   jlhand@stanfordalumni.org

### Availability of Insurance

Claimant believes that New Century Mortgage is covered under a policy of title insurance issued by Ticor Title Company. The Final Closing Statement shows $2,319paid for new title insurance. Because said title insurance exists, Ticor Title provided a single counsel to defend Ticor

---

**Claimants Razos' Response to Fourteenth Omnibus Objection, page 6**

Title and New Century Mortgage, despite counsel's obvious conflict of interest in representing a lender pointing fingers at the escrow company and the escrow company pointing fingers at the lender. See Exhibit B to accompanying Hand Declaration (discovery propounded by joint counsel for Ticor Title and New Century Mortgage). The title insurer should pay 100% of New Century Mortgage's liability to claimant.

### Claimants' Objection to Form of Debtor's Omnibus Objection

Claimants object to the form of Debtor's Omnibus Objection. Firstly, the Omnibus Objection asserts, in its notice, it is a "Substantive Objection pursuant to ... Local Rule 3007-1." However, Local Rule 3007-1(d) states that an Objection is not substantive if it is based on "(vi) A claim [not having] a basis in the debtor's books and records." The Andrews claim is listed on Exhibit A to Debtors' Omnibus Objection, which Debtor characterizes as a list of "Books and Records Claims" and which Debtor states includes a "brief description of the Debtors' basis for why they are not liable for each of the Books and Records Claims." (Objection at page 5.) Exhibit A's description why Debtors are not liable for the Andrews claim is "The Debtors have no record of this liability in their Books and Records." Therefore, this is a Non-Substantive Objection, not a Substantive Objection." Claimants conclude, based on Local Rule 3007-1(d), that Debtors object to their claim on non-substantive grounds; if Claimants are incorrect, ithey request leave to amend this response to Debtor's Omnibus Objection.

Claimants further object to Debtor's Omnibus Objection because the Exhibit thereto does not list the claims objected to "alphabetically by the last name of the claimant (in the case of an individual)," as required by Local Rule 3007-1(e)(iii)(D). Instead, the Exhibit lists the claims

**Claimants Razos' Response to Fourteenth Omnibus Objection, page 7**

1. objected to alphabetically by claimant's first name.

2. <u>Conclusion</u>: For the foregoing reasons, Debtors' objection to Andrews' claim should be denied and the claim honored. Debtor should inform claimant the status of its insurance coverage for the Razos claim.

Dated: March 17, 2008          Law Office of James L. Hand

by: James L. Hand, Esq.
Attorney for Claimants Razo

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612. On March 17, 2008, I served the attached

**Claimant's Response to Debtor's Fourteenth Omnibus Objection to Certain Books and Records Claims and Related Matters**

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-