

1   James L. Hand, Esq.   SBN 101748
2   653 11th Street
    Oakland, California 94607
3   Tele: (510)   595-4200
    Fax:  (510)   595-1655
4   emil: jlhand@stanfordalumni.org

5   Attorney for Creditors Razo, Claim No. 1216

6              UNITED STATES BANKRUPTCY COURT

7              FOR THE DISTRICT OF DELAWARE

8

9   In re NEW CENTURY TRS         )    Chapter  11
    HOLDINGS, INC., et al.        )
10                                )    Case No. 07-10416 (KJC)
11         Debtors.               )
                                  )    DECLARATION OF JAMES HAND,
12                                )    ESQ., IN RESPONSE TO DEBTORS'
                                  )    FOURTEENTH OMNIBUS OBJECTION
13                                )
14                                )    Hearing  Date:   March 25, 2008
                                  )    Time:            1:30 p.m. EST
15  _____   )    Judge:           Hon. Kevin Carey
16
            I, James L. Hand, declare:

17          1.   I am an attorney, licensed to practice law before all courts of the

18  State of California, and am counsel of record for Michael and Alvia Razo

19  in the action pending in Alameda County Superior Court.   It is one of 19

20  cases consolidated for pretrial purposes, arising out of wrongful actions

21  of loan agent Kaseem Mohammadi.   Judge Barbara Miller is managing the

22  cases; Judge Julie Conger has been handling settlement efforts.   Half the

23  cases involve New Century Mortgage.   Mohammadi pled guilty to grand

24  larceny.

25          2.   Attached hereto as Exhibit A is the complaint filed in said action.

26  New Century Mortgage and Ticor Title Company responded to same jointly.

27  Attached as Exhibit B is discovery said parties jointly propounded to

28

1  plaintiffs.

2   3.   Attached hereto as Exhibit C is Sellers' Closing Statement Final for

3  the escrow that resulted in the Razos' losing title to Hosai Ehsan and

4  having the equity stripped-out of their home.  It shows that the Razos had

5  obligations paid of $338,910.  I am aware that Kaseem Mohammadi only

6  gave the Razos $35,000 from the sale proceeds and kept the rest.  New

7  Century Mortgage burdened the Razos' home with $465,000 in new loans.

8  The Closing Statement also shows that New Century Mortgage paid a

9  $3,720 yield spread premium, outside of escrow, to Golden Key Mortgage.

10   4.   The estimated closing statement, which would have been

11  provided to New Century Mortgage prior to its funding the loans, show

12  that Ticor Title Company intended to pay the commission directly to

13  Mohammadi, in violation of California's Business & Professions Code.

14  A true and correct copy of said estimated closing statement is attached

15  hereto as Exhibit D.

16   5.   For all of the loan applications, Mohammadi misrepresented the

17  straw investor'sjob status and exaggerated the straw investor's income

18  and assets.  New Century Mortgage approved all of them as "stated income

19  loans," without verifying employment, income or assets.

20   6.   The Razos have settled with three parties thus far:  Mohammadi

21  has paid $15,097, Hamidi has paid $6,000, and Mohammadi's employer

22  Community Financial has paid $14,000.

23   I declare under penalty of perjury under the laws of California and

24  the United States that the foregoing is true and correct to the best of my

25  knowledge and belief, and that this declaration was executed the 17th day

26  of March, 2008, at Oakland CA.

27

28

James L. Hand

**Decl.  of  James  Hand  in  Response  to  Debtor's  14th  Omnibus  Objection, pg 2**



1  James L. Hand, Esq.  SBN 101748
   520A Oakland Avenue
2  Oakland, California 94611
   Tele:  (510) 595-4200
3  Fax: (510) 595-1655
4  Attorney for Plaintiffs Razo

5              SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                      COUNTY OF ALAMEDA

7
8  MICHAEL and ALVIA RAZO,        )    CASE NO. *RG* 05242021
                                  )
9              Plaintiffs,        )    COMPLAINT TO DECLARE
                                  )    GRANT DEED NULL AND VOID,
10 v.                             )    TO DECLARE DEEDS OF TRUST
                                  )    TO BE NULL AND VOID, AND
11 TICOR TITLE COMPANY OF         )    FOR DAMAGES DUE TO FRAUD,
12 CALIFORNIA, HOSAI EHSAN,       )    BREACH OF FIDUCIARY DUTY,
   MIRWAID KAIWAN, ROMAN          )    BREACH OF CONTRACT, AND
13 HAMIDI, RON SANTOS,            )    FOR VIOLATION OF RESPA
14 KASEEM MOHAMMADI,              )    AND REGULATION Z
   NEW CENTURY MORTGAGE           )
15 CORPORATION, and DOES 1-50,    )
                                  )
16                               )
17         ___Defendants._____ )

         Plaintiffs allege as follows:

18       1.  We are husband and wife, residing in Hollister, California at 1101
19 Wood Court.
20       2.  Hosai Ehsan is an individual, shown as owner of record of 1101
21 Wood Court, Hollister, CA, as a consequence of plaintiffs' signing a grant
22 deed for their property (signing due to tortious conduct on the part
23 of Ehsan's co-defendants).  Mirwaid Kaiwan is her husband and may claim
24 a community property interest in the Wood Court property.  Plaintiffs
25 allege, on information and belief, that Ehsan and Kaiwan have both been
26 "unjustly enriched" by having received a year's worth of mortgage and
27 property tax payments (and possibly more) but then failing to make

**Complaint, page 1**

1   payments for the year, and "unjustly enriched" by receiving title to

2   plaintiffs' property without paying fair consideration.

3       3.   Defendant Ticor Title Company of California (hereafter "Ticor")

4   is a California corporation, doing business in the State of California,

5   including County of Alameda.   As applicable to the events complained

6   of herein, it acted as escrowholder and perhaps also title company.

7       4.   Defendant Ron Santos was, at the time complained of, a loan

8   broker doing business as Community One Financial Services.   He is

9   charged with supervising the activities of his authorized agents and

10  representatives, including Roman Hamidi, Kaseem Mohammadi and

11  Mirwaid Kaiwan.

12      5.   New Century Mortgage Corporation is a California corporation,

13  regulated by the State of California as a lender.   It made the loans to Hosai

14  Ehsan described in this complaint.   It is the beneficiary of the deeds of

15  trust that we ask this court to declare null and void.

16      6.   Kaseem Mohammadi is an individual doing business in Alameda

17  County and during the time complained of was an agent for Ron Santos, as

18  was Roman Hamidi and Mirwais Kaiwan.

19      7.   We are unaware of the true names or capacities of Does 1-50 and

20  therefore we sue these defendants as fictitiously-named defendants on

21  the belief that were involved as principals, agents, partners, or otherwise

22  in the transactions complained of in this lawsuit.   We will amend this

23  complaint, if necessary, to insert the true names and capacities of such

24  defendants when they are ascertained.

25      8.   Venue is proper in Alameda County, inasmuch as it was in

26  Alameda County that most defendants engaged in the acts complained

27  of herein.

28

**Complaint**, page 2

9. We allege on information and belief that at all material times one or more of the defendants, including all fictitiously named defendants, acted as agents, principals, employees, joint venturers, alter egos, successors, predecessors, co-conspirators, and partners of the other defendants, and with the actual and/or apparent authority to do so. One or more defendants may have so dominated and controlled another defendant as to render a failure to disregard its corporate structure unconscionable, unjust and inequitable.

## FIRST CAUSE OF ACTION - FRAUD
### (AGAINST SANTOS, HAMIDI, KAIWAN
### AND KASEEM MOHAMMADI)

10. Plaintiffs incorporate by reference eacn and every allegation of paragraphs 1-9, above.

11. About August, 2004, Michael Razo discussed with defendants Hamidi and Mohammadi refinancing of our existing loan on our residence identified above.  We were interested in taking-out some cash to pay bills with.

12. Hamidi and Mohammadi said they could help us.  They said that because we had bad credit, we would have to briefly transfer title to defendant Ehsan, who would take out a loan with enough cash out for a full year's worth of payments (taxes plus loan payments) and some cash out for me, and that our credit record would then improve and at the end of the year the loan would be transferred to us.

13. Hamidi and Mohammadi prepared papers they said we should sign to obtain a loan through Ehwan and had us sign them.  Neither Hamidi nor Mohammadi nor anyone else at Community One supplied us with accurate estimated financing terms or, later, actual financing terms.

Complaint, page 3

14.   We never agreed to sell our residence.   We were never told defendant Ehsan wanted to purchase my residence and we never agreed to sell it to him.   We signed no contract with Community One for them to sell my house.

15. Ehsan did not pay the taxes.

16.   On information and belief, we allege Mohammadi had Ticor issue him checks that we never authorized and for exorbitant sums that are several times "industry norm."   Mohammadi shared that money with Hamidi and one of more notaries in his office.

17. We further contend, on information and belief, that Mohammadi forged our and perhaps others' signatures to various documents in order to effectuate the transfer of ownership of our residence and extract money from the new loans.   Kaiwan facilitated this by being part of a group of notaries that allowed Mohammadi and Hamidi to use their notarys' stamps when clients were not in fact signing before the notary. Kaiwan knew or should have known that what Mohammadi was doing was wrong, but still he encouraged his wife to participate by taking ownership of our house.

18.   We contend, on information and belief, that Mohammadi fraudulently inflated Ehsan's income and assets on a loan application that he had Ehsan sign, in order to qualify Ehsan for the loans.   And we contend, on information and belief, that Mohammadi falsely stated on the Ehsan loan application and title documents that Ehsan is a single person whereas in fact she was then married to Mirwaid Kaiwan, and falsely represented on the loan application that our residence would be occupied by Ehsan, whereas in fact Mohammadi knew we would continue to live there and Ehsan would not.

**Complaint**, page 4

19.   In carrying-out the conduct described above, including but not limited to withdrawing large sums of money from the escrow without my consent and promising that the loan would be transferred to us at the end of a year without cause to believe we would qualify or that the lender would consent to the transfer or that we could afford payments on such a large loan, defendants Mohammadi, Kaiwan, and Hamidi acted fraudulently.   Santos is liable for the actions of said defendants.

20. We were unaware of the false representations and fraudulent acts of said defendants, and instead reasonably relied on the skill, competence and superior knowledge of, and assurances made by Mohammadi and Hamidi, and relied upon their broker's obligation to review the paperwork and supervise their actions.

21.   We are entitled to compensatory and punitive damages from Mohammadi, Hamidi, Kaiwan, and Santos.

**SECOND CAUSE OF ACTION - DECLARE**

**DEEDS OF TRUST NULL AND VOID**

(AGAINST NEW CENTURY MORTGAGE

CORPORATION AND DOES 30-39 ONLY)

22.   I incorporate by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

23.   Those acting on behalf of New Century Mortgage Corporation, including Kaseem Mohammadi, Hamidi, Community One Financial, and Ticor, acted negligently and/or fraudulently in procuring our participation in an escrow for transfer of ownership of my property to Ehsan. Moreover, Ehsan is not a good-faith purchaser for value, which New Century Mortgage Corporation knew or should have known.   Therefore, we are entitled to a judicial declaration that the deeds of trust recorded

**Complaint**, page 5

1   on our property for which New Century Mortgage Corporation currently is

2   the beneficiary are either "null and void" or at least not applicable to any

3   indebtedness for which we are responsible.

4               **THIRD CAUSE OF ACTION - DECLARE**

5                **GRANT DEED NULL AND VOID**

6                  (AGAINST EHSAN AND KAIWAN)

7       24.   We incorporate by reference each and every allegation of

8   Paragraphs 1-21 above, as though fully set forth herein.

9       25.   In signing the Grant Deed transferring ownership of our

10  Hollister residence to Ehsan, we relied upon the assurances of Mohammadi

11  and Hamidi that the property would be transferred to us and the loan(s)

12  put in our name at the end of a year.   Those assurances proved false.   We

13  never agreed to sell our residence to Ehsan, who has unclean hands in this

14  matter.

15      26.   As a consequence, we are entitled to a judicial declaration that

16  the Grant Deed transferring ownership of our residence to Ehsan is null

17  and void, and that neither Ehsan nor Kaiwan has any ownership interest in

18  the subject real property.

19  **FOURTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**

20              (AGAINST DEFENDANTS MOHAMMADI,

21              HAMIDI, KAIWAN, SANTOS AND TICOR)

22      27.   We incorporate by reference each and every allegation of

23  Paragraphs 1-21 above, as though fully set forth herein.

24      28.   Defendants Mohammadi, Hamidi, Kaiwan and Santos owed

25  us a fiduciary duty when working as our agents in obtaining financing.

26  Defendant Ticor owed us a fiduciary duty as escrowholder.

27

28

**Complaint, page 6**

29.  By engaging in the conduct described above, including Ticor's not following our escrow instructions and paying large sums of money to Mohammadi when prohibited by DRE rules and without determining whether we consented thereto, these defendants breached the fiduciary duty they each owed me.

30.  As a consequence, I am entitled to compensatory and punitive damages according to proof.

## FIFTH CAUSE OF ACTION - BREACH OF CONTRACT
### (AGAINST TICOR ONLY)

31.  We incorporate by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

32.  Ticor was obligated to follow the escrow instructions it prepared and that we signed.  It breached that obligation by instead paying large sums of money to Mohammadi and Community One that we never consented to.  As a consequence, we are entitled to damages according to proof and to attorney's fees.

## SIXTH CAUSE OF ACTION - RESPA VIOLATION
### (AGAINST SANTOS, HAMIDI, AND MOHAMMADI)

33.  We incorporate by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

34.  The Real Estate Settlement Procedures Acts ("RESPA"), 12 USC § 2601 et seq., bars certain activities these defendants engaged in with respect to me, including but not limited to kickbacks to Ticor and unearned fees to Mohammadi.

35.  Pursuant to section 2607, we are entitled to recover treble damages from these defendants plus attorney's fees.

/ / /

**Complaint, page 7**

1  / / /

2  / / /

3  ## SEVENTH CAUSE OF ACTION - VIOLATION OF REGULATION Z

4  ### (AGAINST NEW CENTURY MORTGAGE CORPORATION,

5  ### SANTOS, HAMIDI, AND KASEEM MOHAMMADI

6  36.   We incorporate by reference each and every allegation of

7  Paragraphs 1-21 above, as though fully set forth herein.

8  37.   Regulation Z, the Truth in Lending Act, requires the loan broker

9  Ron Santos to make certain disclosures to me (through Hamidi and

10  Mohammadi he told us we would take-over the loans within one year and

11  they misrepresented the commission they would receive).   The loan

12  broker failed to do so.

13  38.   Regulation Z also prohibits defendants from putting us into

14  a loan that they would not reasonably believe we can repay (or, from the

15  perspective of New Century Mortgage Corporation, Hosai Ehsan to repay).

16  Defendants violated this prohibition.

17  39.   We are entitled to damages according to proof due to these

18  defendants' violation of Regulation Z, plus attorney's fees.

19  WHEREFORE, plaintiffs pray for judgment as follows:

20  1.   For a judicial declaration that the deeds of trust recorded

21  against their property for which New Century Mortgage Corporation is the

22  beneficiary are void;

23  2.   For a judicial declaration that the Grant Deed transferring

24  ownership of their Hollister residence to Ehsan is null and void and that

25  neither Ehsan nor Kaiwan has any ownership interest in that property;

26  3.   For compensatory damages from the remaining defendants, in

27  an amount according to proof;

28

Complaint, page 8

4.   For punitive damages from Ticor, Roman Hamidi, and Kaseem Mohammadi, plus attorney's fees from Ticor for breaching its escrow contract with plaintiffs;

5.   For treble damages due to Ron Santos' and Kaseem Mohammadi's violation of RESPA, plus attorney's fees;

6.   For costs of suit; and

7.   For such other and further relief as the court deems proper.

Dated:   November 11, 2005          Law Office of James L. Hand

_____
Attorney for Michael
and Alvia Razo

**Complaint, page 9**

1  **PETER K. WOLFF, JR. (SBN 142426)**
   100 North Wiget Lane, Suite 150
2  Walnut Creek, CA 94598
   Telephone: (925) 930-9550
3  Facsimile: (925) 930-9588

4

   Attorneys for Defendants,
5  TICOR TITLE COMPANY OF CALIFORNIA AND
   NEW CENTURY MORTGAGE CORPORATION

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF ALAMEDA**

10

11  MICHAEL AND ALVIA RAZO,              )    **CASE NO.** RG05242021
                                         )
12          Plaintiffs,                  )
                                         )    **TICOR TITLE COMPANY OF**
13      vs.                              )    **CALIFORNIA'S RESPONSE TO FIRST**
                                         )    **SET OF REQUESTS FOR PRODUCTION**
14  TICOR TITLE COMPANY OF               )
    CALIFORNIA, HOSAI EHSAN,             )
15  MIRWAID KAIWAN, ROMAN HAMIDI,        )
    RON SANTOS, KASEEM MOHAMMADI,        )
16  NEW CENTURY MORTGAGE                 )
    CORPORATION, DOES 1 - 50, inclusive, )
17                                       )
            Defendants.                  )
18  _____)

19

20

21

22

23

24

25

26

27

28

E x h. B

**PROPOUNDING PARTY:** LA MONTE ANDREWS

**RESPONDING PARTY:**      TICOR TITLE COMPANY OF CALIFORNIA

**SET NO.:**                       ONE

Ticor Title Company of California ("Responding Party") hereby responds to the first set of requests for production as follows.

**RESPONSE TO REQUEST NO. 1:**

Responding Party will produce the responsive documents in its possession, custody or control.

**RESPONSE TO REQUEST NO. 2:**

Responding Party will produce the responsive documents in its possession, custody or control.

**RESPONSE TO REQUEST NO. 3:**

Responding Party has conducted a diligent search and a reasonable inquiry in an effort to locate documents responsive to this request.  No responsive documents were located and thus no documents will be produced in response to this request.

**RESPONSE TO REQUEST NO. 4:**

Responding Party has conducted a diligent search and a reasonable inquiry in an effort to locate documents responsive to this request.  No responsive documents were located and thus no documents will be produced in response to this request.

**RESPONSE TO REQUEST NO. 5:**

Responding Party has conducted a diligent search and a reasonable inquiry in an effort to locate documents responsive to this request.  No responsive documents were located and thus no documents will be produced in response to this request.

**RESPONSE TO REQUEST NO. 6:**

Responding Party will produce the responsive documents in its possession, custody or control.

///

///

1 **RESPONSE TO REQUEST NO. 7:**

2      Responding Party will produce the responsive documents in its possession, custody or

3 control.

4 **RESPONSE TO REQUEST NO. 8:**

5      Responding Party will produce the responsive documents in its possession, custody or

6 control.

7 Dated: May 2, 2006

8                                                    _____
                                                    PETER K. WOLFF, JR.
9                                                    Attorney for Defendants, TICOR TITLE
                                                    COMPANY OF CALIFORNIA AND
10                                                   NEW CENTURY MORTGAGE
                                                    CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I have read the foregoing **TICOR TITLE COMPANY OF CALIFORNIA'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION** and know its contents.

CHECK APPLICABLE PARAGRAPHS

☐      I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☒      I am ☒ an officer ☐ a partner ☐ a _____ of Ticor Title Company of California, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I am informed and believe an on that ground allege that the matters stated in the foregoing document are true.

☐ I am informed and believe an on that ground allege that the matters stated in the foregoing document are true.

☒ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐      I am one of the attorneys for _____ a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 2, 2006

_Douglas W. Borchert_
DOUGLAS W. BORCHERT

1    <u>Razo v. Ticor, et al.; Alameda County Superior Court Case No. RG05242021</u>

2                              **PROOF OF SERVICE**

3        I am employed in the County of Contra Costa, State of California. I am over the age of

4    18 years and not a party to the within action. My business address is 100 North Wiget Lane,

5    Suite 150, Walnut Creek, California 94598.

6        On the date entered below, I served the within:

7    **1.    Ticor Title Company of California's Response to Fist Set of Requests for
             Production**

8

9    on the parties in said action by placing a true copy thereof as indicated below, addressed as

     follows:

10
     James L. Hand                              Robert B. Jacobs
11   520A Oakland Avenue                        Law Office of Robert B. Jacobs
     Oakland, CA 94611                          4900 Hopyard Road, Suite 260
12   Telephone: (510) 595-4200                  Pleasanton, CA 94588
     Facsimile: (510) 595-1655                  Telephone: (925) 847-8680
13   (Attorney for Plaintiffs, Michael and Alvia  Facsimile: (847-8681
     Razo)                                      (Attorney for Defendant and Cross-
14                                              Complainant, Hamed Rasti)

15   Corie A. Edwards                           Ralph D. Hughes
     Wendel, Rosen, Black & Dean, LLP           Attorney at Law
16   1111 Broadway, 24th Floor                  4471 Stoneridge Drive, Suite B
     Oakland, CA 94607                          Pleasanton, CA 94588
17   Telephone: (510) 834-6600                  Telephone: (925) 426-9200
     Facsimile: (510) 834-1928                  Facsimile: (925) 426-9215
18   (Attorney for Defendants, Golden Key Mortgage  (Attorney for Mohammad Osmani)
     and Alireza Nazmi)
19
     Theresa N Muley                            Ernest L Anderson
20   Muley Law Firm                             Attorney at Law
     5820 Stoneridge Mall Road , Suit e100      22693 Hesperian Blvd., Ste. 175
21   Pleasanton, CA 94588                       Hayward, CA 94541
     Telephone: (925) 833-8500                  Telephone: (510) 782-3272
22   Facsimile: (925) 833-9339                  Facsimile: (510) 782-2650
     (Attorney for Cross-Defendant, Elamar      (Attorney for Mirwais Kaiwan)
23   Aslami)

24   (√)   BY MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in
           the United States Mail, which envelope(s) was then sealed and placed for collection and
25         mailing at my place of business following ordinary business practices. Said
           correspondence will be deposited with the United States Postal Service at Walnut Creek,
26         California, on the referenced date in the ordinary course of business; and there is delivery
           service by United States mail at the place so addressed in the City of Walnut Creek,
27         County of Contra Costa, State of California.

28   0     BY PERSONAL SERVICE: I caused such envelope to be delivered by hand on the

1     office(s) of the addressee(s).

2   ()     BY OVERNIGHT MAIL:    I caused such envelope to be delivered by Golden State Overnight to the office(s) of the addressee(s).

3

4   ()     BY FACSIMILE:    I caused a copy of such document to be sent via facsimile transmission to the office(s) of the parties above stated.

5     I declare under penalty of perjury under the laws of the State of California that the

6 foregoing is true and correct.

7 DATED: May 2, 2006

8                       RICHELE P. THOMAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TICOR TITLE COMPANY OF CALIFORNIA

870 N. Hillview Drive, Milpitas, CA 95035
(408) 263-7737

## SELLERS CLOSING STATEMENT

### Final

| | |
|---|---|
| Seller: **Michael A. Razo** | Escrow No: **00084718-507 JTS** |
| **Alvia M. Razo** | Close Date: **09/17/2004** |
| | Proration Date: |
| | Date Prepared: **09/17/2004** |

Property: **1101 Wood Ct.**
**Hollister, CA 95023**

| | | |
|---|---:|---:|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | | 465,000.00 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes                 From 07/01/04 To 09/17/04 | 473.70 | |
| Based on the Semi - Annual amount of $1,121.92 | | |
| **COMMISSIONS:** | | |
| Commission | 27,900.00 | |
| $27,900.00        to Kaseem Mohammadi | | |
| **NEW LOAN CHARGES:** | | |
| Loan Origination Fee to Community One | 11,160.00 | |
| Tax Service to New Century Mortgage Corp. | 78.00 | |
| Document Fees to New Century Mortgage Corp. | 200.00 | |
| Loan Processing Fee to Community One | 500.00 | |
| Underwriting Fee to Community One | 500.00 | |
| Processing fee to New Century Mortgage Corp. | 300.00 | |
| Underwriting fee to New Century Mortgage Corp. | 350.00 | |
| Messenger Fee to New Century Mortgage Corp. | 30.00 | |
| Flood Certification Fee to New Century Mortgage Corp. | 11.20 | |
| Prepaid Interest to New Century Mortgage Corp. | 993.75 | |
| @ $66.25 per day      From 09/16/04 To 10/01/04 | | |
| Hazard Insurance Premium for 1 yr year(s) to Browne Insurance | 950.00 | |
| Administration Fee to Community One | 500.00 | |
| Processing fee on 2nd to New Century Mortgage | 295.00 | |
| Int. @$26.37/day on 2nd to New Century Mortgage | 395.55 | |
| **TITLE CHARGES:** | | |
| Lenders Policy to Ticor Title Company of California | 511.75 | |
| Owners Policy to Ticor Title Company of California | 1,607.50 | |
| Lenders Policy to Ticor Title Company of California | 300.00 | |
| Endorsement Fee to Fidelity National Title | 75.00 | |
| ALTA Inspection Fee to Fidelity National Title | 50.00 | |
| Document Handling Fee to Ticor Title Company of California | 300.00 | |
| Courier Fees to Ticor Title Company of California | 75.00 | |
| Overnight/Express Mail Fees to Ticor Title Company of California | 75.00 | |
| CALFIRPTA Assist Fee to Ticor Title Company of California | 90.00 | |
| **ESCROW CHARGES** | | |
| Escrow Fee to Ticor Title Company of California | 761.50 | |
| Document Preparation to Ticor Title Company of California | 300.00 | |
| **RECORDING FEES:** | | |
| Recording Fees to Fidelity National Title | 162.00 | |
| County Transfer Tax to Fidelity National Title | 511.50 | |
| **PAYOFFS:** | | |
| Payoff to Countrywide Home Loans | 338,910.71 | |
| $325,000.00    Principal Balance | | |
| $4,703.41    Int. to 9/17/04 | | |
| $8,937.50    prepayment | | |
| $83.00    misc. fees | | |
| $186.80    late charges | | |
| **ADDITIONAL CHARGES:** | | |

Exh C

870 N Hillview Drive, Milpitas, CA 95035
(408) 263-7737

# BUYERS/BORROWERS CLOSING STATEMENT
## Final

Buyer/Borrower:  **Hosai Ehsan**

Escrow No:      **00064718-507 JTS**
Close Date:     **09/17/2004**
Proration Date:
Date Prepared:  **09/17/2004**

Property:  **1101 Wood Ct.**
           **Hollister, CA  95023**

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | $465,000.00 | |
| | | |
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| Principal Amount of Loan from New Century Mortgage Corp. | | 372,000.00 |
| Second Mortgage from New Century Mortgage | | 93,000.00 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes                     From 07/01/04 To 09/17/04 | | 473.70 |
| Based on the Semi - Annual amount of $1,121.92 | | |
| **NEW LOAN CHARGES:** | | |
| Yield Spread Premium to Community One | ($3,720.00) | |
| | | |
| Sub Totals | 465,000.00 | 465,473.70 |
| Refund Due Buyer/Borrower | 473.70 | |
| Totals | $465,473.70 | $465,473.70 |

**Estimated**

| | |
|---|---|
| **Seller:** Michael A. Razo | **Escrow No:** 00064718-507 JTS |
| Alvia M. Razo | **Close Date:** |
| | **Proration Date:** |
| | **Date Prepared:** 09/10/2004 |

**Property:** 1101 Wood Ct.
Hollister, CA 95023

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | | 465,000.00 |
| | | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes          From 07/01/04 To 09/15/04 | 461.23 | |
| Based on the Semi - Annual amount of $1,121.92 | | |
| | | |
| **COMMISSIONS:** | | |
| Commission | 27,900.00 | |
| $27,900.00          to Kaseem Mohammadi | | |
| | | |
| **NEW LOAN CHARGES:** | | |
| Loan Origination Fee to Community One | 11,160.00 | |
| Tax Service to New Century Mortgage Corp. | 78.00 | |
| Document Fees to New Century Mortgage Corp. | 200.00 | |
| Loan Processing Fee to Community One | 500.00 | |
| Underwriting Fee to Community One | 500.00 | |
| Processing fee to New Century Mortgage Corp. | 300.00 | |
| Underwriting fee to New Century Mortgage Corp. | 350.00 | |
| Messenger Fee to New Century Mortgage Corp. | 30.00 | |
| Prepaid Interest to New Century Mortgage Corp. | 1,126.25 | |
| @ $66.25 per day          From 09/14/04 To 10/01/04 | | |
| Hazard Insurance Premium for 1 yr year(s) to Browne Ins | 1,000.00 | |
| Administration Fee to Community One | 500.00 | |
| Processing fee on 2nd to New Century Mortgage | 295.00 | |
| Int. @$26.37/day on 2nd to New Century Mortgage | 448.29 | |
| | | |
| **TITLE CHARGES:** | | |
| Lenders Policy to Ticor Title Company of California | 511.75 | |
| Owners Policy to Ticor Title Company of California | 1,607.50 | |
| Lenders Policy to Ticor Title Company of California | 300.00 | |
| Endorsement Fee to Ticor Title Company of California | 75.00 | |
| ALTA Inspection Fee to West Point Inspection | 50.00 | |
| Document Handling Fee to Ticor Title Company of California | 300.00 | |
| Courier Fees to Ticor Title Company of California | 75.00 | |
| Overnight/Express Mail Fees to Ticor Title Company of California | 75.00 | |
| CALFIRPTA Assist Fee to Ticor Title Company of California | 90.00 | |
| | | |
| **ESCROW CHARGES** | | |
| Escrow Fee to Ticor Title Company of California | 761.50 | |
| Document Preparation to Ticor Title Company of California | 300.00 | |
| | | |
| **RECORDING FEES:** | | |
| Recording Fees to Ticor Title Company of California | 162.00 | |
| County Transfer Tax to Ticor Title Company of California | 511.50 | |
| | | |
| **PAYOFFS:** | | |
| Payoff to Countrywide Home Loans | 338,910.71 | |
| $325,000.00   Principal Balance | | |
| $4,703.41   Int. to 9/17/04 | | |
| $8,937.50   prepayment | | |
| $83.00   misc. fees | | |
| $186.80   late charges | **T0064** | |
| | | |
| **ADDITIONAL CHARGES:** | | |
| Notary/signing to Est. | 200.00 | |
| | | |
| A.J. Totals | 388,778.73 | 465,000.00 |

Exh. D

<u>PROOF OF SERVICE</u>

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612.   On March 17, 2008, I served the attached

**Declaration of James Hand, Esq. in Response
to Debtors' Fourteenth Omnibus Objection**

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-