James L. Hand, Esq.  SBN 101748
653  11th Street
Oakland,  California  94607
Tele: (510)  595-4200
Fax: (510)  595-1655
emil: jlhand@stanfordalumni.org

FILED

2008 MAR 18  AM 10: 00

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Attorney  for  Creditor  William  Feeney,  Claim  No.  1220

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re NEW CENTURY TRS HOLDINGS, INC., et al. | ) | Chapter  11 |
|---|---|---|
| Debtors. | ) ) ) | Case  No.  07-10416  (KJC) |
| | ) ) | Jointly  Administered |
| | ) ) ) ) ) | CLAIMANT'S RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CERTAIN BOOKS AND RECORDS CLAIMS AND RELATED MATTERS |
| | ) ) ) | Hearing  Date:  April  8,  2008<br>Time:  1:30 p.m. EST<br>Judge:  Hon.  Kevin  Carey |

TO THE COURT AND DEBTOR'S COUNSEL:

As  directed  by  Notice  of  Debtors'  Fourteenth  Omnibus  Objection, pursuant  to  11  USC  §§  502,  503,  506  and  507,  Bankruptcy  Rules  3007 and  9014,  and  Local  Rule  3007-1,  claimant  Feeney  submits  (ii)  "the name  of  the  claimant  and  description  of  the  basis  for  the  amount  of the  claimant's  claim,  (iii)  a  concise  statement  setting  forth  the  reason why  such  claim  should  not  be  disallowed  for  the  reason  set  forth  in  the Objection,  (iv)  all  documentation  or  other  evidence  of  the  claim  upon which  the  claimant  will  rely  in  opposing  the  Objection  at  the  hearing, (v)  the  address  to  which  any  reply  to  a  response  should  be  directed;  and

1   (vi) the name, address, and telephone number of the person possessing

2   ultimate authority to reconcile, settle, or otherwise resolve the claim on

3   behalf of the claimant."

4   ## (ii)   Claimant's Name and Description of the

5   ## Basis for the Amount of the Claimant's Claim

6   Claimant is William Feeney who lost $199,000 due to equity being

7   stripped-out of his home located at 19 Lovell Avenue, Mill Valley CA.   The

8   principal wrongdoer was a loan agent, Kaseem Mohammadi.   New Century

9   Mortgage's negligence aided and abetted Mohammadi and the "straw

10  investor" into whose name Mohammadi placed title to Feeney's home,

11  without Feeney's consent.   Moreover, New Century Mortgage is liable for

12  Mohammadi's fraud due to paying Mohammadi a Yield Spread Premium

13  without commensurate benefit to the "straw investor," in violation of HUD

14  Guidelines and RESPA.

15  Feeney has received $37,801 in compensation from Mohammadi,

16  $6,000 from a Mohammadi co-worker Roman Hamidi, and $22,000

17  from Mohammadi's then employer, Community One Financial.   As a

18  consequence, he has an unsecured claim for $133,199 ($199,000 minus

19  $65,800).

20  ## (iii)  Concise Statement Setting Forth the Reasons

21  ## Why Such Claim Should Not Be Disallowed

22  As summarized above, New Century Mortgage is jointly and severally

23  liable for the equity stripped-out of Claimant's residence because it acted

24  negligently in approving false loan applications (did not verify claimed

25  income and claimed employment, for which the loan broker submitted

26  false information, see Hand Declaration ¶ 5), acted negligently in allowing

27  an escrow to close when it knew the loan agent was to receive "balance

28

of sale proceeds," and violated the Real Estate Settlement Procedures Act ("RESPA") by paying an illegal Yield Spread Premium to the loan broker.

The principal wrongdoer was a loan agent named "Kaseem Mohammadi." Feeney is just one of 19 cases consolidated in Alameda County Superior Court for pretrial purposes. (Hand Declaration ¶ 1.) Mohammadi pled guilty to grand theft. (*Ibid.*)

Mohammadi set-up a "straw investor" scheme whereby he would convince a homeowner to transfer title to a straw investor who purportedly had good credit and would take out loans at favorable interest rates that later would be transferred to the homeowner (and title would be restored to the homeowner).

Mohammadi told the title company of his plan. Alliance Title Company, in turn, informed New Century Mortgage of the plan by sending it a Closing Statement that showed $44,780 going to Buyer so Buyer could make one year of payments on the loans, $15,000 to Buyer for straw investor's fee, and a $110,000 "foreclosure fee" going to Mohammadi's broker (in effect, the balance of sale proceeds). The Closing Statement showed that Feeney, the "seller," would receive nothing. See Hand Declaration Exh. B.

Nonetheless, New Century Mortgage allowed the loans to close escrow. Moreover, it knew or should have known the straw investor did not make the income claimed. See Hand Declaration ¶ 4.

Additionally, New Century Mortgage is liable for the wrongful acts of the loan broker because it paid the loan broker an illegal yield spread premium. The Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2601 et seq., prohibits abusive practices such as kickbacks and unearned fees that drive up the cost of homeownership. (12 U.S.C. § 2607(a) and

1  (b); 24 C.F.R. § 3500.14.)   In order for RESPA to achieve its purposes,

2  Congress granted HUD rulemaking authority for implementation of RESPA.

3  Congress directed the Secretary of HUD to "prescribe such rules and

4  regulations, to make such interpretations, and to grant such reasonable

5  exemptions for classes of transactions, as may be necessary to achieve

6  the purposes of [RESPA]."  12 U.S.C. § 2617(c).   On October 18, 2001, and

7  in accordance with 5 U.S.C. § 552, HUD exercised its statutory authority

8  when it issued its Statement of Policy 2001-1, clarifying its formal

9  interpretation of RESPA's prohibition against kickbacks and unearned

10  fees.  66 Fed. Reg. 53052.   HUD's interpretation of RESPA is entitled to

11  substantial deference.  *Schmitz v. Aegis Mortg. Corp.* (D. Minn. 1999)

12  48 F. Supp. 2d 877, fn. 3.

13      In Statement of Policy 2001-1, HUD clarified its previously

14  announced two-part test for determining the legality of a yield spread

15  premium paid by lenders to brokers.   66 Fed. Reg. 53055.   HUD's

16  two-part test is explained in detail on page 53055 of Volume 66 of

17  the Federal Register.   "It is HUD's position that where compensable

18  services are performed, the 1999 Statement of Policy requires application

19  of both parts of the HUD test before a determination can be made

20  regarding the legality of a lender payment to a mortgage broker."

21      "Under the first part of HUD's test, the total compensation to a

22  mortgage broker, of which a yield spread premium may be a component

23  or the entire amount, must be for goods or facilities provided or services

24  performed."  *Id*.   The second part of HUD's test requires that total

25  compensation to the mortgage broker be reasonably related to the total

26  set of goods or facilities actually furnished or services performed."  *Id*.

27  The legality of any yield spread premium can only be evaluated in the

28

1 context of the test HUD established and the specific factual circumstances

2 applicable to each transaction in which a yield spread premium is used.

3 Id. at 53054.    As explained hereafter, plaintiffs contend the yield spread

4 premiums the subprime lenders paid to Golden Key Mortgage and to

5 Community one did not satisfy HUD's two-part test for legality.

6      HUD's Statement of Policy 2001-1 explains that yield spread

7 premiums allow brokers to recoup up front costs incurred on the

8 borrower's behalf in originating the loan.    66 Fed. Reg. 53054.    "In

9 these cases, lender payments reduce the up front cash requirements to

10 borrowers."    *Id*.    However, HUD also recognized that "... yield spread

11 premiums may be used to enhance the profitability of mortgage

12 transactions without offering the borrower lower up front fees."    *Id*.

13 "[S]uch uses of yield spread premiums may result in total compensation

14 in excess of what is reasonably related to the total value of the origination

15 services provided by the broker, and fail to comply with the second part

16 of HUD's two-part test."    Id.

17      The straw investor, Samia Salehi, was not offered the option of

18 reduced loan commission or other fees, which might have justified the

19 lender's paying a yield spread premium.    The yield spread premium

20 resulted in the broker's receiving compensation exceeding the value

21 of the services actually provided.

22      Since RESPA is a consumer protection statute, its provisions are to be

23 liberally construed in favor of consumers.    *Wanger v. EMC Mortgage Corp.*

24 (2002), 103 Cal.App.4th 1125, 1134.    The broad language of subdivisions

25 (a) and (b) of 12 U.S.C. § 2607 and 25 C.F.R. § 3500.14 clearly prohibit

26 payment of unlawful kickbacks and unearned fees.    Paying a kickback

27 to the loan broker makes New Century Mortgage liable for that company's

28

**Claimant Feeney's Response to Fourteenth Omnibus Objection**, page 5

1  fraudulent   conduct.

2     Claimant's loss is the difference between the new loans made by

3  New Century Mortgage ($550,000), minus money received ($21,000 paid

4  him by Mohammadi) or debts paid-off ($290,000 + $20,000 + $24,565).

5  That loss totals $199,000.    Settlements by joint tortfeasors has resulted in

6  Claimant's receiving $37,801 from Kaseem Mohammadi, $6,000 from a

7  Mohammadi co-worker, and $22,000 from Mohammadi's then employer,

8  Community One.    As a consequence, **Feeney has an unsecured claim**

9  **for $133,199** ($199,000 minus $65,800).

10  **To Whom Any Reply to Claimant's Response Should Be Directed**

11     Any reply to claimant's response should be directed to:

12                          James L. Hand, Esq.
13                           653  11th  Street
                            Oakland  CA  94607
14                          Tele:    510-595-4200
                            Fax:    510-595-1655
15                 E-mail:    jlhand@stanfordalumni.org

16              **Name,  Address  and  Telephone  Number  of**

17              **Person   Possessing   Settlement   Authority**

18     The  person  who  possesses  settlement  authority  of  this  case  is
19                          James L. Hand, Esq.
                            653  11th  Street
20                          Oakland  CA  94607
                            Tele:    510-595-4200
21                          Fax:    510-595-1655
22                 E-mail:    jlhand@stanfordalumni.org

23                    **Availability  of  Insurance**

24     Claimant  believes  that  New  Century  Mortgage  is  covered  under  a

25  policy of title insurance issued by Alliance Title Company.    Lines 402

26  and 403 of Final Disbursement Report show $2,643 paid for new title

27  insurance.    Because said title insurance exists, Alliance Title in other cases-

28

---

1  -though not in the Feeney case--provided a single counsel to defend
2  Alliance Title and New Century Mortgage, despite counsel's obvious
3  conflict of interest in representing a lender pointing fingers at the escrow
4  company and the escrow company pointing fingers at the lender.    The title
5  insurer should pay 100% of New Century Mortgage's liability to claimant.

6  ### Claimant's Objection to Form of Debtor's Omnibus Objection

7  Claimant objects to the form of Debtor's Omnibus Objection.    Firstly,
8  the Omnibus Objection asserts, in its notice, it is a "Substantive Objection
9  pursuant to ... Local Rule 3007-1."    However, Local Rule 3007-1(d) states
10  that an Objection is not substantive if it is based on "(vi) A claim [not
11  having] a basis in the debtor's books and records."    The Bailey claim
12  is listed on Exhibit A to Debtors' Omnibus Objection, which Debtor
13  characterizes as a list of "Books and Records Claims" and which Debtor
14  states includes a "brief description of the Debtors' basis for why they
15  are not liable for each of the Books and Records Claims."    (Objection
16  at page 5.)    Exhibit A's description why Debtors are not liable for the
17  Bailey claim is "The Debtors have no record of this liability in their Books
18  and Records."    Therefore, this is a Non-Substantive Objection,
19  not a Substantive Objection."    Claimant concludes, based on Local Rule
20  3007-1(d), that Debtors object to her claim on non-substantive grounds;
21  if Claimant is incorrect, it requests leave to amend this response to
22  Debtor's Omnibus Objection.

23  Claimant further objects to Debtor's Omnibus Objection because
24  the Exhibit thereto does not list the claims objected to "alphabetically by
25  the last name of the claimant (in the case of an individual)," as required
26  by Local Rule 3007-1(e)(iii)(D).    Instead, the Exhibit lists the claims
27  objected to alphabetically by claimant's first name.

28

1   -though not in the Feeney case--provided a single counsel to defend
2   Alliance Title and New Century Mortgage, despite counsel's obvious
3   conflict of interest in representing a lender pointing fingers at the escrow
4   company and the escrow company pointing fingers at the lender.   The title
5   insurer should pay 100% of New Century Mortgage's liability to claimant.

6   **Claimant's Objection to Form of Debtor's Omnibus Objection**

7          Claimant objects to the form of Debtor's Omnibus Objection.   Firstly,
8   the Omnibus Objection asserts, in its notice, it is a "Substantive Objection
9   pursuant to ... Local Rule 3007-1."   However, Local Rule 3007-1(d) states
10  that an Objection is not substantive if it is based on "(vi) A claim [not
11  having] a basis in the debtor's books and records."   The Bailey claim
12  is listed on Exhibit A to Debtors' Omnibus Objection, which Debtor
13  characterizes as a list of "Books and Records Claims" and which Debtor
14  states includes a "brief description of the Debtors' basis for why they
15  are not liable for each of the Books and Records Claims."   (Objection
16  at page 5.)   Exhibit A's description why Debtors are not liable for the
17  Bailey claim is "The Debtors have no record of this liability in their Books
18  and Records."   Therefore, this is a Non-Substantive Objection,
19  not a Substantive Objection."   Claimant concludes, based on Local Rule
20  3007-1(d), that Debtors object to her claim on non-substantive grounds;
21  if Claimant is incorrect, it requests leave to amend this response to
22  Debtor's Omnibus Objection.

23         Claimant further objects to Debtor's Omnibus Objection because
24  the Exhibit thereto does not list the claims objected to "alphabetically by
25  the last name of the claimant (in the case of an individual)," as required
26  by Local Rule 3007-1(e)(iii)(D).   Instead, the Exhibit lists the claims
27  objected to alphabetically by claimant's first name.

28

1    <u>Conclusion</u>:    For the foregoing reasons, Debtors' objection to

2    Feeney's claim should be denied and the claim honored.    Debtor should

3    inform claimant the status of its insurance coverage for Feeney's claim.

4    Dated:    March 17, 2008                    Law Office of James L. Hand

5

6                                                     by:  James L. Hand, Esq.

7                                                     Attorney for Claimant Feeney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612.   On March 17, 2008, I served the attached

**Claimant's Response to Debtor's Fourteenth
Omnibus Objection to Certain Books and
Records Claims and Related Matters**

*Feeney*

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY:   _____
James L. Hand, Esq.

-1-