James L. Hand, Esq.  SBN 101748
653 11th Street
Oakland, California 94607
Tele: (510) 595-4200
Fax: (510) 595-1655
emil: jlhand@stanfordalumni.org



Attorney for Creditor William Feeney, Claim No. 1220

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>DECLARATION OF JAMES HAND, ESQ., IN RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION<br><br>Hearing Date: March 25, 2008<br>Time: 1:30 p.m. EST<br>Judge: Hon. Kevin Carey |

I, James L. Hand, declare:

1. I am an attorney, licensed to practice law before all courts of the State of California, and am counsel of record for William Feeney in the action pending in Alameda County Superior Court. It is one of 19 cases consolidated for pretrial purposes, arising out of wrongful actions of loan agent Kaseem Mohammadi. Judge Barbara Miller is managing the cases; Judge Julie Conger has been handling settlement efforts. Half the cases involve New Century Mortgage. Mohammadi pled guilty to grand larceny.

2. Attached hereto as Exhibit A is the first amended complaint filed in said action.

3. Attached hereto as Exhibit B is the Seller's Closing Statement Final

Decl. of James Hand in Response to Debtor's 14th Omnibus Objection, pg 1

for the escrow that resulted in William Feeney's losing title to Samiha Salehi and having the equity stripped-out of his Mill Valley home (Marin County, and thus expensive). The Closing Statement shows that Feeney had obligations paid of $290,288 and $20,000, whereas New Century Mortgage burdened his home with $550,000 in new loans. From another source I am aware that Mohammadi paid-off another $24,565 in Feeney's debts and paid him $21,000.

4. The Closing Statement also shows that New Century Mortgage paid Community One Financial a $4,400 yield spread premium, outside of escrow. It further shows that Alliance Title issued Community One a $15,000 check for the straw investor's fee, $44,780 check for the straw investor to use in making payments for a year, a $110,000 check as a "foreclosure fee," and that Alliance Title gave nothing to seller.

5. For all of the loan applications, Mohammadi misrepresented the straw investor'sjob status and exaggerated the straw investor's income and assets. New Century Mortgage approved all of them as "stated income loans," without verifying employment, income or assets.

6. Feeney has settled with three parties thus far: Mohammadi has paid $$37,801, Mohammadi's co-worker Roman Hamidi has paid $6,000, and Mohammadi's then employer Community One has paid $22,000.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed the 17th day of March, 2008, at Oakland CA.

_____
James L. Hand

Decl. of James Hand in Response to Debtor's 14th Omnibus Objection, pg 2

```
 1  James L. Hand, Esq.  SBN 101748                    ENDORSED
    520A Oakland Avenue                                 FILED
 2  Oakland, California 94611                       ALAMEDA COUNTY
 3  Tele:  (510) 595-4200                             FEB 2 8 2007
    Fax:   (510) 595-1655
 4  Attorney for Plaintiff William Feeney         CLERK OF THE SUPERIOR COURT
                                                   By                  Deputy
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM FEENEY, | CASE NO. RG06281405 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES DUE TO FRAUD, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, NEGLIGENT SUPERVISION, UNFAIR BUSINESS PRACTICES, AND VIOLATION OF RESPA AND OF REGULATION Z |
| v. | |
| ALLIANCE TITLE COMPANY, JOANNE MIRANDA, RON SANTOS, COMMUNITY ONE FINANCIAL SERVICES, NEW CENTURY MORTGAGE CORPORATION, KASEEM MOHAMMADI, ALIREZA NAZMI, AMERICHOICE, INC., HAMED RASTI, GOLDEN KEY FINANCIAL SERVICES, INC., GOLDEN KEY MORTGAGE, and DOES 1-50, | |
| Defendants. | |

Plaintiff alleges as follows:

1. Plaintiff is an individual residing in California. This action concerns his loss of the real property he owned, located in Mill Valley, CA.

2. Samia Salehi is an individual who acquired title from plaintiff to the above-mentioned real property located in Mill Valley, CA, as a consequence of plaintiff's signing a grant deed for his property (signing due to tortious conduct on the part of defendants). During the events complained of, Salehi was employed by defendant Community One and

First Amended Complaint, *Feeney vs. Alliance Title*, page 1

was acting within the course and scope of her employment, thus Community One is liable for her actions in furthering the fraud and breach of fiduciary duty perpetrated on plaintiff.

3. Defendant Alliance Title Company ("Alliance") is a California corporation, doing business in the State of California, including County of Alameda. As applicable to the events complained of herein, it acted as escrowholder and perhaps also title company. See escrow no. 11271554-285, closing approx. 7/28/04. Defendant Joanne Miranda was the agent at Alliance responsible for closing the escrow, and she knew or should have known plaintiff was the victim of fraud.

4. Defendant Community One Financial Services ("Community One") is a business of form unknown, doing business in the State of California. It was during 2004 a loan broker, charged with supervising the activities of Salehi, Kaseem Mohammadi, and others working under its broker's license. It was then owned by Ron Santos, who likewise is a loan broker, charged with supervising Salehi, Kaseem Mohammadi, and others working under his broker's license. There is such an identity between Ron Santos and Community one that, in the interests of justice, each is liable for obligations arising out of the business activities of the other.

5. Defendant Alireza Nazmi was, at the time complained of, a loan broker. He is charged with supervising the activities of his authorized agents and representatives of Golden Key Financial Services, Inc. and Golden Key Mortgage, including Kaseem Mohammadi and Zabiullah Mohammadi.

6. Defendant New Century Mortgage Corporation ("New Century") is a California corporation, regulated by the State of California as a lender. It made the loans to Samia Salehi that allowed her to acquire title to

First Amended Complaint, *Feeney vs. Alliance Title*, page 2

plaintiff's residence in Mill Valley, CA. It knew or should have known plaintiff was the victim of loan broker fraud. In the conduct complained of in this lawsuit, Golden Key acted as agent for New Century Mortgage Corporation, which paid Golden Key a Yield Spread Premium without any compensating benefit offered therefor to plaintiff or to Salehi.

7. Defendants Kaseem Mohammadi, Hamed Rasti, and Zabiullah Mohammadi are all individuals doing business in Alameda County and during the time complained of were agents for Alireza Nazmi, Golden Key Financial Services, and Golden Key Mortgage. Kaseem Mohammadi additionally was acting on behalf of Community One. Notary Zabiullah Mohammadi was acting on behalf of Golden Key Mortgage and Golden Key Financial Services.

8. Defendant Golden Key Financial Services, Inc. is a corporation doing business in the State of California. At the time complained of, it provided loan broker services through its authorized agents and representatives, including Zabiullah Mohammadi, Kaseem Mohammadi, and Hamed Rasti. Alireza Nazmi was, when the subject fraud occurred, broker of record for Golden Key Financial Services, Inc., and is charged with supervising the activities of Zabiullah Mohammadi, Hamed Rasti, Kaseem Mohammadi and others working under his broker's license. Hamed Rasti was co-owner of Golden Key Financial Services, Inc., and also is charged with supervising the activities of Zabiullah Mohammadi and Kaseem Mohammadi. There is such an identity and there has been such a commingling of funds between Alireza Nazmi and Hamed Rasti, on the one hand, and Golden Key Financial Services, Inc., on the other hand, that in the interests of justice each is liable for the obligations arising out of the business activities of the other. Americhoice, Inc. is a California

corporation and, as corporate successor to Golden Key Financial Services, Inc., is liable for all debts of Golden Key Financial Services, Inc.

9. Defendant Golden Key Mortgage is a corporation doing business in the State of California. It is a real estate sales company, charged with supervising the activities of its authorized agents and representatives, including Zabiullah Mohammadi, Kaseem Mohammadi and Hamed Rasti. Alireza Nazmi, who was and is broker of record for Golden Key Mortgage, is charged with supervising the activities of Zabiullah Mohammadi, Kaseem Mohammadi, Hamed Rasti, and others who during the events complained of were working under his broker's license. There is such an identity and there has been such a commingling of funds and identities between Golden Key Financial Services, Inc., Alireza Nazmi, and Golden Key Mortgage that, in the interests of justice, each is liable for the obligations arising out of the business activities of the other. Golden Key Financial Services, Inc. and Golden Key Mortgage, as alter egos of one another, are hereinafter collectively referred to as "Golden Key."

10. Plaintiff is unaware of the true names or capacities of Does 1-50 and therefore sues these defendants as fictitiously-named defendants on the belief that were involved as principals, agents, partners, or otherwise in the transactions complained of in this lawsuit. Plaintiff will amend this complaint, if necessary, to insert the true names and capacities of such defendants when they are ascertained.

11. Venue is proper in Alameda County, inasmuch as it was in Alameda County that most defendants engaged in the acts complained of herein.

12. Plaintiff alleges on information and belief that at all material times one or more of the defendants, including all fictitiously named

1  defendants, acted as agents, principals, employees, joint venturers, alter
2  egos, successors, predecessors, co-conspirators, and partners of the
3  other defendants, and with the actual and/or apparent authority to do so.
4  This includes, but is not limited to, Golden Key's acting as agent of New
5  Century. One or more defendants may have so dominated and controlled
6  another defendant as to render a failure to disregard its corporate
7  structure unconscionable, unjust and inequitable.

## FIRST CAUSE OF ACTION - FRAUD
### (AGAINST GOLDEN KEY, NAZMI, SANTOS, COMMUNITY ONE, NEW CENTURY, ALLIANCE, MIRANDA, AMERICHOICE, AND KASEEM MOHAMMADI)

13. Plaintiff incorporates by reference each and every allegation of paragraphs 1-12, above.

14. About August 2004, plaintiff discussed with defendant Kaseem Mohammadi refinancing of plaintiff's existing loan on the residence identified above. Plaintiff was interested in reducing his interest rate and possibly getting some cash out.

15. Kaseem Mohammadi said he could help plaintiff. He said that because plaintiff's credit rating was low, he would have to put Kaseem's co-woirker Salehi (claimed to have top-notch credit) on title, who would take out a loan with enough cash out for a full year's worth of payments and $50,000 for plaintiff, and that during the next year title would be restored to plaintiff, his credit would improve, and the loan would be transferred to him.

16. Kaseem Mohammadi prepared papers he said plaintiff should sign to obtain a loan through Salehi and had plaintiff sign them. Neither Mohammadi nor anyone else at Golden Key or Community One provided

plaintiff with accurate estimated financing terms or, later, actual financing terms.

17. Plaintiff never agreed to sell the subject residence. He was never told Salehi wanted to purchase his residence and he never agreed to sell it to her. Plaintiff signed no contract with Golden Key or Community One for it to sell his house, yet they took unearned commissions from the escrow.

18. Kaseem Mohammadi had Alliance issue checks that Alliance knew or should have known were fraudulent and not authorized by plaintiff: $110,000 "Foreclosure Fee" to Community One, $44,780.88 "Seller one year to Buyer," and $15,000 "Investors Fee," such that for an alleged sale at $550,000 and debts paid-off of just $310,000, plaintiff was to receive only $10,523. Mohammadi shared the Community One and other monies with Zabiullah Mohammadi (and perhaps others). New Century knew or should have known of Mohammadi's fraudulent activities, inasmuch as Mohammadi acted as New Century's agent.

19. Plaintiff further contends, on information and belief, that Mohammadi forged his and perhaps others' signatures to various documents in order to effectuate the transfer of ownership of his residence and to extract money from the new loans taken out in Salehi's name. Zabiullah Mohammadi facilitated this by being part of a group of notaries that allowed Mohammadi to use their notarys' stamps when clients were not in fact signing before the notary.

20. Plaintiff contends, on information and belief, that Kaseem Mohammadi fraudulently inflated Salehi's income and assets on a loan application that he had Salehi sign, in order to qualify Salehi for the loans. And plaintiff contends, on information and belief, that Kaseem Mohammadi falsely represented on the loan application that his residence

---

First Amended Complaint, *Feeney vs. Alliance Title,* page 6

would be occupied by Salehi, whereas Mohammadi knew plaintiff would continue to live there and Salehi would not.

21. In carrying-out the conduct described above, including but not limited to allowing Kaseem Mohammadi to withdraw large sums of money from the escrow without plaintiff's consent and promising that the loan would be transferred to him at the end of a year without cause to believe he would qualify or that the lender would consent to the transfer or that he could afford payments on such a large loan, defendants Alliance Title, Miranda, Zabiullah Mohammadi, Kaseem Mohammadi, Community One, Golden Key, Nazmi, Americhoice, and Hamidi acted fraudulently.

22. Plaintiff was unaware of the false representations and fraudulent acts of said defendants, and instead reasonably relied on the skill, competence and superior knowledge of, and assurances made by Kaseem Mohammadi, and relied upon Mohammadi's broker's obligation to review the paperwork and supervise Kaseem Mohammadi's actions, and relied upon an escrow company's obligation to make sure the parties to the escrow consent to and reasonably understand the proposed transaction.

23. As a consequence of these defendants' fraudulent conduct, plaintiff lost his house and the equity built-up therein, and suffered emotional distress. Plaintiff is entitled to compensatory and punitive damages from Kaseem Mohammadi, Alliance, Miranda, Community One, Golden Key, Nazmi, and Zabiullah Mohammadi.

**SECOND CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**
(AGAINST KASEEM MOHAMMADI, GOLDEN KEY, COMMUNITY ONE, SANTOS, NAZMI, AMERICHOICE, MIRANDA, AND ALLIANCE)

24. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-23 above, as though fully set forth herein.

25. Golden Key and Community One, and those working on behalf of those entities, including Kaseem Mohammadi, owed plaintiff a fiduciary duty. They breached that duty to plaintiff by the intentional wrongdoing and negligent acts complained of in this complaint. Plaintiff was harmed by that breach of fiduciary duty by losing title to his residence and losing the equity had built-up in that residence. Additionally, plaintiff suffered emotional distress. As a consequence, plaintiff is entitled to monetary damages.

### THIRD CAUSE OF ACTION - UNFAIR BUSINESS PRACTICES
### (AGAINST NEW CENTURY, KASEEM MOHAMMADI, GOLDEN KEY, MIRANDA, NAZMI, AMERICHOICE, AND ALLIANCE)

26. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-25 above, as though fully set forth herein.

27. The statements, conduct, misrepresentations, concealments of fact, and other acts and omissions committed by defendants New Century (fraud, violations of RESPA and Regulation Z, see 1st, 6th and 7th causes of action), Kaseem Mohammadi, Hamidi, Rasti, Nazmi, Golden Key, Community One, Miranda, and Allliance Title Company as alleged herein constitute unfair, unlawful and fraudulent trade practices and false advertising, as defined by and applied under California Business and Professions Code §§ 17200 et seq, entitling plaintiff to all civil remedies provided for in said legislation, including but not limited to disgorgement of defendants' profits from their fraudulent conduct and an award of attorney's fees.

/ / /
/ / /
/ / /

---

First Amended Complaint, *Feeney vs. Alliance Title,* page 8

# FOURTH CAUSE OF ACTION - NEGLIGENT SUPERVISION

## (AGAINST NAZMI, AMERICHOICE, NEW CENTURY, COMMUNITY ONE, GOLDEN KEY, ALLIANCE, AND RASTI ONLY)

28. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-27 above, as though fully set forth herein.

29. Community One, Golden Key, Nazmi and Rasti negligently supervised Kaseem Mohammadi, Salehi, and Zabiullah Mohammadi. They allowed Zabiullah Mohammadi to make available his notary's book for use by others working for Golden Key, and allowed Kaseem Mohammadi to access Golden Key bank accounts, open and close escrows without supervision, and draw large sums of money from Alliance (and other escrow companies) improperly.

30. New Century was negligent in its supervision of its agent Golden Key. It allowed Golden Key to direct Alliance to pay $110,000 as a "Foreclosure Fee" to Community One, $44,780.88 as "Seller one year to Buyer," and $15,000 as an "Investors Fee," such that for an alleged sale at $550,000 and debts paid-off of just $310,000, plaintiff was to receive only $10,523.

31. Alliance negligently supervised Miranda. It allowed her to close an escrow (and perhaps receive monetary compensation directly from Kaseem Mohammadi) without ensuring plaintiff consented thereto and without complying with prudent business standards and applicable law.

32. Plaintiff is entitled to damages from these defendants caused to plaintiff because of their negligent supervision. Said damages include but are not limited to the loss of equity of his house and emotional distress. They breached that duty to plaintiff by the negligent acts described in the preceding paragraphs. As a consequence, plaintiff was harmed by their

First Amended Complaint, *Feeney vs. Alliance Title*, page 9

negligence by losing title to his residence and suffering emotional distress. He is entitled to recover damages from these defendants according to proof.

### FIFTH CAUSE OF ACTION - BREACH OF CONTRACT
### (AGAINST ALLIANCE ONLY)

33. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-32 above, as though fully set forth herein.

34. Alliance was obligated to follow the escrow instructions it prepared and that plaintiff signed, and the escrow instructions it received from New Century. It breached that obligation by instead paying large sums of money to Kaseem Mohammadi and/or Golden Key and/or Community One that plaintiff never consented to. As a consequence, plaintiff is entitled to damages according to proof and to attorney's fees.

### SIXTH CAUSE OF ACTION - RESPA VIOLATION
### (AGAINST NAZMI, NEW CENTURY, SANTOS AND KASEEM MOHAMMADI)

35. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-34 above, as though fully set forth herein.

36. The Real Estate Settlement Procedures Acts ("RESPA"), 12 USC § 2601 et seq., bars certain "abusive practices" these defendants engaged in with respect to plaintiff, including but not limited to kickbacks to Alliance and unearned fees to Kaseem Mohammadi and "excess compensation" to Golden Key by paying it a Yield Spread Premium" without ensuring that Golden Key offered Salehi lower-up front fees (being paid by plaintiff pursuant to a credit for nonrecurring closing costs).

37. Pursuant to section 2607, plaintiff is entitled to recover treble damages from these defendants plus attorney's fees.

/ / /

---

First Amended Complaint, *Feeney vs. Alliance Title,* page 10

## SEVENTH CAUSE OF ACTION - VIOLATION OF REGULATION Z
## (AGAINST GOLDEN KEY, NEW CENTURY, NAZMI, AND KASEEM MOHAMMADI)

38. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

39. Regulation Z, the Truth in Lending Act, requires loan brokers Nazmi and Santos to make certain disclosures to plaintiff (through Kaseem Mohammadi these brokers told plaintiff he could take-over the loans within one year and they misrepresented the commission these loan brokers would receive). The loan brokers failed to make accurate and required disclosures.

40. Regulation Z also prohibits defendants from putting plaintiff into a loan that they would not reasonably believe he could repay (or, from the perspective of New Century, Salehi to repay). These defendants violated this prohibition.

41. Plaintiff is entitled to damages according to proof due to these defendants' violation of Regulation Z, plus attorney's fees.

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory damages from the defendants, including emotional distress damages pursuant to Civil Code § 3333, in an amount according to proof;

2. For punitive damages from Alliance, Miranda, Nazmi, Golden Key, Santos, Golden Key, Americhoice, Zabiullah Mohammadi, and Kaseem Mohammadi, plus attorney's fees from Alliance for breaching its escrow contract with plaintiff;

3. For treble damages due to defendants' violation of RESPA, plus attorney's fees;

    4.   For monetary damages caused by defendants' unfair business practices, a disorgement of defendants' profits received due to their unfair business practices, and attorney's fees;

    5.   For costs of suit; and

    6.   For such other and further relief as the court deems proper.

Dated: February 27, 2007        Law Office of James L. Hand

                                          _____
                                          Attorney for William Feeney

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 520A Oakland Avenue, Oakland, CA 94612. On February 27, 2007, I served the attached

**Plaintiff's First Amended Complaint**

on the other parties in this action by mailing a copy, postage-prepaid, first-class, to:

Eugene Chiarelli, Esq.
2121 North California Blvd, #290
Walnut Creek, CA 94596
Attorney for Alliance Title Company

Stuart Wolfe
Wolfe & Wyman LLP
2175 N. California Blvd. #415
Walnut Creek, CA 94596

Charles A. Hansen, Esq.
Wendell, Rosen et al.
1111 Broadway 24th Floor
Oakland, California 94607
Attorney for Alireza Nazmi, Golden Key Mortgage

Jefferson Frazier, Esq.
3824 Grand Avenue #200
Oakland, CA 94610

Seth Feinberg, Esq.
2831 Telegraph Avenue
Oakland, CA 94609
Attorney for Joanne Miranda

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 27, 2007, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-

# SELLERS CLOSING STATEMENT
## Final

| | |
|---|---|
| Seller: William G. Feeney | Escrow No: 11271554-001 JM3 |
| | Close Date: |
| | Proration Date: |
| | Date Prepared: 08/19/2004 |

Property: 19 Lovell Avenue
Mill Valley, CA 94941

| Description | | Amount |
|---|---|---|
| Total Consideration | | 550,000.00 |
| **NEW LOAN CHARGES:** | | |
| Loan Origination Fee at 4% to Community One | | 17,600.00 |
| Processing to New Century Mortgage | | 300.00 |
| Underwriting Fee to New Century Mortgage | | 350.00 |
| Document Fee to New Century Mortgage | | 200.00 |
| Tax Service to New Century Mortgage | | 78.00 |
| Flood Cert to New Century Mortgage | | 11.20 |
| Processing Broker to Community One | | 500.00 |
| Underwriting Fee to Community One | | 500.00 |
| Admin Fee to Community One | | 500.00 |
| Yield Spread Premium to Community One | (POC $4,400.00) | |
| 2nd Processing Fee to New Century | | 295.00 |
| **RECORDING FEES:** | | |
| Recording Fees to Alliance Title Company | | 92.00 |
| 2nd Deed of Trust to Alliance Title Company | | 33.00 |
| County Transfer Tax to Alliance Title Company | | 605.00 |
| **ADDITIONAL CHARGES:** | | |
| Investors Fee to Community One | | 15,000.00 |
| Notary to Zabiullah Mohammadi | | 235.00 |
| Foreclosure fee to Community One | | 110,000.00 |
| Seller one year to Buyer | | 44,780.88 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes   From 07/01/04 To 08/19/04 | | 844.70 |
| Based on the Semi - Annual amount of $3,146.08 | | |
| **COMMISSIONS:** | | |
| Commission | | 33,000.00 |
| $16,500.00   to Community One | | |
| $16,500.00   to Golden Key Financial | | |
| **PAYOFFS:** | | |
| Payoff to Ocwen | | 290,228.34 |
| $287,000.00   Principal Balance | | |
| $3,137.34   Interest From 07/01/2004 to 08/27/2004 | | |
| $45.00   statement fee | | |
| $30.00   fax fee | | |
| $16.00   recording fee | | |
| Payoff to Charles Church | | 20,000.00 |
| $20,000.00   Principal Balance | | |
| **ESCROW AND TITLE CHARGES:** | | |
| Lenders Policy to Alliance Title Company | | 1,171.00 |
| Owners Policy to Alliance Title Company | | 1,472.00 |
| Loan Tie In $100,000.00 to Alliance Title Company | | 100.00 |
| Delivery/Courier Deliveries to Alliance Title Company | | 130.00 |
| Wire Transfer Fee to Alliance Title Company | | 70.00 |

ALLIANCE TITLE COMPANY hereby certifies this is a true and correct copy of the original.

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612. On March 17, 2008, I served the attached

**Declaration of James Hand, Esq. in Response to Debtors' Fourteenth Omnibus Objection** 

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

>Mark Collins
>Christopher Samis
>Richards, Layton & Finger, PA
>One Rodney Square
>920 North King Street
>Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-