James L. Hand, Esq.  SBN 101748
653 11th Street
Oakland, California 94607
Tele: (510) 595-4200
Fax: (510) 595-1655
emil: jlhand@stanfordalumni.org

Attorney for Creditor Bailey, Claim No. 1211

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al.<br><br>Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>DECLARATION OF JAMES HAND, ESQ., IN RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION<br><br>Hearing Date:  March 25, 2008<br>Time:          1:30 p.m. EST<br>Judge:         Hon. Kevin Carey |

I, James L. Hand, declare:

1.  I am an attorney, licensed to practice law before all courts of the State of California, and am counsel of record for Anna Bailey in the action pending in Alameda County Superior Court.  It is one of 19 cases consolidated for pretrial purposes, arising out of wrongful actions of loan agent Kaseem Mohammadi.  Judge Barbara Miller is managing the cases; Judge Julie Conger has been handling settlement efforts.  Half the cases involve New Century Mortgage.  Mohammadi pled guilty to grand larceny.

2.  Attached hereto as Exhibit A is the first amended complaint filed in said action.  Attached as Exhibit B are the answers to same filed by New Century Mortgage and Alliance Title Company (same counsel).

3.   Attached hereto as Exhibit C is the Closing Statement and Final Disbursement Report for the escrow that resulted in Anna Bailey's losing title to Nabila Noori and having the equity stripped-out of her Stockton home.   They show that Bailey had obligations paid of $151,768, $4,940, and $8,986, whereas New Century Mortgage burdened his home with $465,000 in new loans.   Mohammadi paid Bailey just $5,000.   The Closing Statement also shows that New Century Mortgage paid a $2,240 yield spread premium, outside of escrow, to Golden Key Mortgage.   It further shows that Golden Key Financial received a check for $73,174 for "balance of sale proceeds" and that Alliance Title gave nothing to seller.

4.   For all of the loan applications, Mohammadi misrepresented the straw investor'sjob status and exaggerated the straw investor's income and assets.   New Century Mortgage approved all of them as "stated income loans," without verifying employment, income or assets.

5.   Bailey has settled with two parties thus far:   Mohammadi has paid $16,164 and Mohammadi's employer Golden Key Mortgage has paid $22,750.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed the 17th day of March, 2008, at Oakland CA.

James L. Hand

1  James L. Hand, Esq.  SBN 101748
2  520A Oakland Avenue
   Oakland, California  94611
3  Tele:    (510)  595-4200
   Fax:     (510)  595-1655
4  Attorney for Plaintiff Anna Bailey

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 1 2006

CLERK OF THE SUPERIOR COURT
By _EA Olmada_
Deputy

6          SUPERIOR COURT OF THE STATE OF CALIFORNIA

7          COUNTY OF ALAMEDA - HAYWARD HALL OF JUSTICE

8  ANNA BAILEY, a Dependent Adult, )        CASE NO. HG05246749
9                                  )
            Plaintiff,             )        **FIRST AMENDED COMPLAINT**
10                                 )        **- DECLARE DEEDS OF TRUST**
   v.                              )        **TO BE NULL AND VOID, TO**
11                                 )        **DECLARE GRANT DEED VOID,**
12 KASEEM MOHAMMADI, ALLIANCE      )        **AND FOR DAMAGES DUE TO**
   TITLE COMPANY, ABDULLAH         )        **FRAUD, BREACH OF NOTARY'S**
13 HAKIMI, GOLDEN KEY FINANCIAL    )        **DUTY, BREACH OF FIDUCIARY**
   SERVICES, INC., GOLDEN KEY      )        **DUTY, NEGLIGENCE,**
14 MORTGAGE, HAMED RASTI,          )        **VIOLATIONS OF RESPA AND**
15 NABILA NOORI, NEW CENTURY       )        **OF REGULATION Z, AND**
   MORTGAGE CORPORATION,           )        **FINANCIAL ABUSE OF A**
16 ZABIULLAH MOHAMMADI,            )        **DEPENDENT ADULT**
17 AMERICHOICE, INC., and          )
   DOES 1-50,                      )
18                                 )
19                                 )
            Defendants.            )
   _____

20      Plaintiff alleges as follows:

21      1.  I am an individual, residing in Stockton, California, at 5248 East
22 Washington Street.  I have been an owner of said property for several
23 years.  Until fraudulently induced to sign a Grant Deed, I owned said
24 property as my sole and separate property.

25      2.  Nabila Noori is an individual, residing at a place unknown, shown
26 as owner of record of 5248 East Washington Street, Stockton CA, as a
27 consequence of my signing a grant deed for my property (signing due

28

**Complaint**, page 1

Exh A

to fraud, breach of fiduciary duty, negligence, breach of notary's duty, violations of RESPA and Regulation Z, and financial abuse by defendants).

3. Defendant Alliance Title Company is a business of form unknown, doing business in the State of California, including County of Alameda. As applicable to the events complained of herein, it acted as escrowholder and title company.

4. Defendant Golden Key Financial Services, Inc. is a corporation doing business in the State of California. It is a loan broker, charged with supervising the activities of its authorized agents and representatives, including Abdullah Hakimi, Kaseem Mohammadi, and Hamed Rasti. Alireza Nazmi was, when the subject fraud occurred, broker of record for Golden Key Financial Services, Inc., and is charged with supervising the activities of Abdullah Hakimi, Hamed Rasti, Kaseem Mohammadi and others working under his broker's license. Abdullah Hakimi and Kaseem Mohammadi had a 50:50 profit sharing arrangement with respect to plaintiff's property. Hamed Rasti was co-owner of Golden Key Financial Services, Inc., and also is charged with supervising the activities of Abdullah Hakimi, Kaseem Mohammadi, and Hamed Rasti. There is such an identity and there has been such a commingling of funds between Alireza Nazmi and Hamed Rasti, on the one hand, and Golden Key Financial Services, Inc., on the other hand, that in the interests of justice each is liable for the obligations arising out of the business activities of the other. Americhoice, Inc. is a California corporation and, as corporate successor to Golden Key Financial Services, Inc., is liable for all debts of Golden Key Financial Services, Inc.

5. Defendant Golden Key Mortgage is a corporation doing business in the State of California. It is a real estate sales company, charged with supervising the activities of its authorized agents and representatives,

First Amended Complaint, page 2

including Abdullah Hakimi, Kaseem Mohammadi and Hamed Rasti.    Alireza Nazmi, who is broker of record for Golden Key Mortgage, is charged with supervising the activities of Abdullah Hakimi, Kaseem Mohammadi, Hamed Rasti, and others who during the events complained of were working under his broker's license.    There is such an identity and there has been such a commingling of funds and identities between Golden Key Financial Services, Inc., Alireza Nazmi, and Golden Key Mortgage that, in the interests of justice, each is liable for the obligations arising out of the business activities of the other.    Golden Key Financial Services, Inc. and Golden Key Mortgage, as alter egos of one another, are hereinafter collectively referred to as "Golden Key."

6.    New Century Mortgage Corporation is a corporation doing business in the County of Alameda as a lender.    It made loans in December 2004, and it is the current beneficiary of two deeds of trust recorded against plaintiff's property.    It knew or should have known of the fraud being engaged in by Golden Key.

7.    Kaseem Mohammadi, Abdullah Hamiki, and Hamed Rasti are individuals who when the subject fraud occurred were doing business in Alameda County as real estate and loan agents.    Zabiullah Mohammadi is an individual then doing business at Golden Key's offices in Alameda County as a notary.

8.    I am unaware of the true names or capacities of Does 1-50 and therefore I sue these defendants as fictitiously-named defendants on the belief that were involved as principals, agents, partners, or otherwise in the transactions complained of in this lawsuit.    I will amend this complaint, if necessary, to insert the true names and capacities of such defendants when they are ascertained.

**First   Amended   Complaint,** page 3

9.   Venue is proper in Alameda County, inasmuch as it was in Alameda County that most defendants engaged in the acts complained of herein.

10.   I allege on information and belief that at all material times one or more of the defendants, including all fictitiously named defendants, acted as agents, principals, employees, joint venturers, alter egos, successors, predecessors, co-conspirators, and partners of the other defendants, and with the actual and/or apparent authority to do so. One or more defendants may have so dominated and controlled another defendant as to render a failure to disregard its corporate structure unconscionable, unjust and inequitable.

### FIRST CAUSE OF ACTION - FRAUD
### (AGAINST GOLDEN KEY, NAZMI,
### RASTI, HAMIDI, AND KASEEM MOHAMMADI)

11.   Plaintiff incorporates by reference each and every allegation of paragraphs 1-10 above.

12.   In November and/or December 2004, I discussed with defendant Mohammadi and with "David" (whom I now understand is a relative of Nabila Noori) refinancing of my existing loan (held by US Bank) on my residence identified above.

13.   They told me I could draw on the equity in my house to obtain $10,000 to cure the arrearage on my home loan.

14.   They prepared papers Mohammadi brought to me to sign to effectuate this refinancing.   When he met with me I told him I could not see the papers because my eyes had recently been dialated.   And he could tell from talking to me that I had trouble understanding him.   But

/ / /

/ / /

First  Amended  Complaint, page 4

Mohammadi told me to sign the documents (which we did outside), and I did.

15.   I never agreed to transfer ownership of my residence.   I was never told Noori (or anyone else) wanted to purchase my residence and I never agreed to sell it to her.

16.   I never signed escrow instructions at Alliance Title.   Mohammadi presented the escrow instructions for me to sign but he did not explain their significance.   At some point I received a Seller's Closing Statement (Estimated) prepared by Alliance Title that showed I was to receive $74,151 upon close of escrow, but in fact I received only $5,000, which was a check made out by Golden Key, not by Alliance Title.

17.   I contend, on information and belief, that Mohammadi forged my name to an Authorization that Alliance Title pay him money--well beyond customary norms, for serving as a loan broker and perhaps also sales agent.   I never understood or agreed that Mohammadi would get money separate and apart from a loan commisson payable to Golden Key, and I never authorized it, nor did I authorize Golden Key to receive a commission for selling my house.   Nor did defendants explain that I would credit Noori all nonrecurring closing costs.

18.   I further contend, on information and belief, that Mohammadi caused various documents to be falsely notarized (notarized as though Zabiullah Mohammadi was present to attest to the signature when in fact the notary was not so present).

19.   I further contend, on information and belief, that Mohammadi and Noori falsely stated on the Noori loan application that the residence would be occupied by the borrower, and that Noori is a "single woman," whereas in fact Mohammadi and Noori knew I would continue to live there and knew Noori is a married man.

First   Amended   Complaint, page 5

20.    In carrying-out the conduct described above, including but not limited to assuring me that only a loan refinancing would occur and not my loss of ownership of my property, by procuring a transfer of ownership that I never consented to, and by withdrawing large sums of money from the escrow without my consent, defendants Mohammadi, Rasti, and Hakimi acted fraudulently.   Golden Key and Alireza Nazmi are liable for the actions of said defendants.

21.    I was unaware of the false representations and fraudulent acts of said defendants, and instead reasonably relied on the skill, competence and superior knowledge of, and assurances made by Mohammadi, and relied upon his broker's obligation to review the paperwork and supervise his actions.

22.    I am entitled to compensatory and punitive damages from Mohammadi, Hakimi, Rasti, Golden Key, and Nazmi.

## SECOND CAUSE OF ACTION - DECLARE
## DEED OF TRUST NULL AND VOID
### (AGAINST NEW CENTURY MORTGAGE CORPORATION,
### AND DOES 15-20 ONLY)

23.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

24.    Those acting on behalf of WMC Mortgage Corp. including Kaseem Mohammadi, Hamidi, Golden Key, and Alliance Title, acted negligently and/or fraudulently in procuring my signature on the Grant Deed and participation in an escrow for transfer of ownership of plaintiff's property to Akbar.   Moreover, Akbar is not a good-faith purchaser for value, which WMC Mortgage Corp. knew or should have known.   Therefore, I am entitled to a judicial declaration that the deed of trust recorded on my property for which WMC Mortgage Corp. currently is

the beneficiary is either "null and void" or at least not applicable to any indebtedness for which I am responsible.

### THIRD CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY
(AGAINST GOLDEN KEY, NAZMI, RASTI, HAMIDI, AKBAR,
KASEEM MOHAMMADI, and ALLIANCE TITLE COMPANY)

25.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

26.    Defendants Kaseem Mohammadi, Golden Key, Rasti, Akbar and Alireza Nazmi owed me a fiduciary duty as my loan agent.    Defendant Alliance Title Company owed me a fiduciary duty as escrowholder.

27.    By engaging in the conduct described above (including Alliance's closing escrow without my being present and when it knew or should have known I would not consent to defendants' receiving large sums from the escrow, knew or should have known it was improper to issue a check directly to Kaseem Mohammadi and improper not to issue me a check), these defendants breached the fiduciary duty they each owed me.    The escrow instructions Alliance prepared and had me sign stated I was to receive $74,151, whereas in fact Kaseem Mohammadi brought me a check for just $5,000.

28.    As a consequence, I am entitled to compensatory and punitive damages according to proof.

### FOURTH CAUSE OF ACTION - NEGLIGENCE
(AGAINST ALLIANCE TITLE COMPANY ONLY)

29.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

30.    In processing my escrow, Alliance Title Company owed me a duty of reasonable care.    It breached that duty by not issuing me a check for $74,151, by issuing checks to "Golden Key Financial" and to "Kaseem

Mohammadi" for commissions even though those entities are not licensed real estate brokers, by issuing said checks without determining whether I in fact consented thereto, by accepting forged authorizations, and by issuing said checks even though they fail the "common sense" test.

31.  I am entitled to damages due to Alliance Title Company's negligence in an amount according to proof.

## FIFTH CAUSE OF ACTION - BREACH OF NOTARY'S OBLIGATION
### (AGAINST ZABIULLAH MOHAMMADI ONLY)

32.  I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

33.  On at least one occasion, in December 2004, defendant Zabiullah Mohammadi breached his obligations as a notary public by either certifying that I signed a Grant Deed when in fact I never appeared before said notary, or by allowing Abdullah Hakimi or Kaseem Mohammadi to use his notary seal and falsely certify my signature.

34.  Notary's breach of obligation allowed defendants to close escrow on a real estate transfer I never agreed to.  I am entitled to damages against Zabiullah Mohammadi for loss of my property, and the large loans taken out in name of Nabila Noori, in an amount according to proof.

## SIXTH CAUSE OF ACTION - RESPA VIOLATION
### (AGAINST GOLDEN KEY, NAZMI,
### RASTI, HAKIMI, AND KASEEM MOHAMMADI)

35.  I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

36.  The Real Estate Settlement Procedures Acts ("RESPA"), 12 USC § 2601 et seq., bars certain activities these defendants engaged in with respect to me, including but not limited to kickbacks to Alliance Title Co.

and unearned fees (such as that I never agreed to sell my house, yet they charged me a real estate commission fee).

37.    Pursuant to section 2607, I am entitled to recover treble damages from these defendants plus attorney's fees.

## SIXTH CAUSE OF ACTION - VIOLATION OF REGULATION Z
### (AGAINST NAZMI, GOLDEN KEY, RASTI, HAKIMI, AND KASEEM MOHAMMADI

38.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

39.    Regulation Z, the Truth in Lending Act, requires the loan broker (Golden Key) to make certain disclosures to me (Golden Key told me I would take-over the loan within one year).    The loan broker failed to do so.    Regulation Z also prohibits the loan broker from placing me in a refinancing within a one-year period after my prior financing, unless "the refinancing is in the borrower's interest."    The refinancing Golden Key said it would put me into was not in my interest.

40.    Regulation Z also prohibits defendants from putting me into a loan that they would not reasonably believe I can repay (or, from New Century Mortgage Corporation's perspective, Nabila Noori to repay). Defendants violated this prohibition.

41.    I am entitled to damages according to proof due to these defendants' violation of Regulation Z, plus attorney's fees.

## SEVENTH CAUSE OF ACTION - FINANCIAL ABUSE
### (AGAINST KASEEM MOHAMMADI)

42.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

43.    The actions of Kaseem Mohammadi as described above constitute financial abuse of a dependent adult, plaintiff Anna Bailey, pursuant to Welfare and Institutions Code section 15610.30 et seq.

WHEREFORE, plaintiff prays for judgment as follows:

1.   For a judicial declaration that the grant deed transferring ownership of my property to Nabila Noori is void;

2.   For a judicial declaration that the deeds of trust recorded against my property by New Century Mortgage Corporation are void;

3.   For compensatory damages from the remaining defendants, in an amount according to proof;

4.   For punitive damages from Alliance Title Company, Nazmi, Golden Key, Hamed Rasti, Abdullah Hakimi, and Kaseem Mohammadi;

5.   For treble damages due to defendants' violation of RESPA, plus attorney's fees;

6.   For attorney's fees from Alliance Title Company for failing to follow the escrow instructions and from Kaseem Mohammadi for financial abuse of a dependent adult;

7.   For costs of suit; and

8.   For such other and further relief as the court deems proper.

Dated:    January 31, 2006              Law Office of James L. Hand


_James Hand_
Attorney for Anna Bailey

First   Amended   Complaint, page 10

CHIARELLI & MOLLICA LLP
EUGENE J. CHIARELLI (Bar No. 88089)
2121 North California Blvd.
Suite 290
Walnut Creek, CA 94596
Telephone: (925) 974-3325
Fax:   (925) 974-3506

Attorney for Defendant
Alliance Title Company,
a California Corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ANNA BAILEY, a Dependant Adult,)<br><br>              Plaintiff,<br><br>vs.<br><br>KASSEM MOHAMMADI, ALLIANCE<br>TITLE COMPANY, ABDULLAH HAKIMI,)<br>GOLDEN KEY FINANCIAL SERVICES, )<br>INC., GOLDEN KEY MORTGAGE,<br>HAMED RASTI, KASEEM MOHAMMADI, )<br>NABILA NOORI, NEW CENTURY<br>MORTGAGE CORPORATION, ZABIULLAH)<br>MOHAMMADI, AMERICHOICE,<br>INC.,and  Does 1<br>through 50, inclusive<br><br>              Defendants. | CASE NO. HG 05246749<br><br>**ANSWER TO COMPLAINT FIRST AMENDED COMPLAINT, TO DECLARE DEEDS OF TRUST TO BE NULL AND VOID, TO DECLARE GRANT DEED VOID AND FOR DAMAGES DUE TO FRAUD, BREACH OF NOTARY'S DUTY, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, AND VIOLATION OF RESPA AND OF REGULATION Z, AND FINANCIAL ABUSE OF A DEPENDANT ADULT** |

COMES NOW Defendant, ALLIANCE TITLE COMPANY, a California

Corporation (hereinafter "Defendant") and in answer to the

unverified Complaint on file herein and each Cause

of Action thereof, admits, denies, and alleges as follows:

Exh B

ANSWER TO FIRST AMENDED COMPLAINT

In answer to the Complaint and by virtue of
the provisions of Section 431.30(d) of the Code of Civil
Procedure, Defendant hereby files its general denial and
answering all of the allegations of the Complaint
herein denies each and every, all and singular, the allegations
thereof.

Further answering said Complaint, Defendant alleges the
following affirmative defenses:

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As and for a first, separate and distinct defense to
Plaintiff's Complaint, and each cause of action contained
therein, Defendant alleges that each and every cause of action
fails to state facts sufficient to constitute acause of action
against this Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Laches)

As and for a second, separate and distinct defense to
Plaintiff's Complaint, and to each cause of action contained
therein, Defendant alleges that the Complaint filed in this case
are not maintainable under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

As and for a third, separate and distinct defense to
Plaintiff's Complaint, and to each cause of action contained

PRINTED ON
RECYCLED PAPER

therein, Defendant alleges that the Plaintiff is estopped by the action of law or by conduct from maintaining the Complaint filed in this case.

### FOURTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

As and for a fourth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that Plaintiff is guilty of unclean hands in the matters set forth in the Complaint, which conduct extinguishes the right to legal and equitable relief in this action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As and for a fifth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that, to the extent the alleged facts exceed the specified time periods, each and all of Plaintiff's causes of action are barred by the applicable statute of limitations, including, but not limited to, *California Code of Civil Procedure sections 337,338,339, and 340*.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

As and for a sixth, separate and distinct defense to Plaintiff's Complaint, and to each cause

of action contained therein, defendant alleges that they, to the extent that Plaintiff alleged causes of action, or any of them, are based upon an alleged oral agreement, the alleged causes of action, and each of them, are barred, in whole or in part, by

*California Civil Code section 1624.*

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

As and for a seventh, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that Plaintiff substantially and materially breached the obligation/contract complained of prior to commencement of this action, which conduct extinguishes the right to maintain the present action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Set Off)

As and for a eighth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that the claims of Plaintiff are subject to set off based upon the acts and wrongdoing of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Fraud)

As and for a ninth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that there was no fraud or bad faith on the part of Defendant with respect to any of the causes of action pled by Plaintiff.

///

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a tenth, separate and distinct defense to

PRINTED ON
RECYCLED PAPER

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that Plaintiff

has waived her right to maintain the Complaint filed in this

case.

### ELEVENTH AFFIRMATIVE DEFENSE

(Co-Defendant Liability)

As and for a eleventh, separate and distinct defense to

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that other

defendants, and each of them, named and unnamed in the pleadings

were guilty of the acts or omissions in the matters set forth in

the pleadings, which proximately caused or contributed to the

damages or loss complained of, if any, and that the Court is

requested to determine and allocate the percentage of Plaintiff's

damages attributable to each of the defendants.

### TWELFTH AFFIMATIVE DEFENSE

(Co-Liability)

As and for a twelfth, separate and distinct defense to

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that any injury

or damages which may have been sustained by Plaintiff was

proximately caused by the acts, errors or omissions of persons

or entities other than this answering Defendant.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

As and for a thirteenth, separate and distinct defense to

Plaintiff's Complaint, and to each cause

PRINTED ON
RECYCLED PAPER

of action contained therein, Defendant alleges that Plaintiff was careless, negligent and/or culpable in and about the matters about which she complains in the pleadings and such carelessness, negligence and culpable behavior proximately caused the damages, if any, sustained by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As and for a fourteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges the Plaintiff failed to mitigate her damages, if any there were.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Indemnification)

As and for a fifteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that should Plaintiff recover damages from this answering Defendant, this Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiffs' damages, if any there were.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Discharge)

As and for a sixteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that the obligations of the parties under the terms and conditions of the contract have been discharged by operation of law.

PRINTED ON
RECYCLED PAPER

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Fraud/Misrepresentation)

As and for a seventeenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that the contract/obligation which is the subject of this lawsuit was procured by the fraud or misrepresentation of Plaintiff, therefore voiding the obligations of Defendant thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Privilege)

As and for a eighteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that its conduct was justified and/or privileged.

## NINETEENTH AFFIRMATIVE DEFENSE

(Active Negligence)

As and for a nineteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that at all times and places set forth in the pleadings and the individual causes of action contained therein, Plaintiff was actively negligent in and about the matters alleged therein and because of such active negligence are barred from recovery herein.

## TWENTIETH AFFIRMATIVE DEFENSE

(Responsibility of Plaintiff)

As and for a twentieth, separate and distinct defense to Plaintiff's, and to each cause of action contained therein, Defendant alleges that Plaintiff was actively negligent in and

about the matters alleged in the pleadings and that said acts of carelessness and negligence on Plaintiff's own part, proximately contributed to the happening of the incident that led to the alleged loss and damage, if any there were.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Responsibility of Others)

As and for a twenty-first, separate and distinct defense to Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that said damage allegedly sustained by Plaintiff was either wholly, or in part, negligently caused by persons, firms, corporations or entities other than this Defendant, and said negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Duty)

As and for a twenty-second, separate and distinct defense to Plaintiff's Complaint, and each cause of

action contained therein, Defendant alleges that no duty arose with regard to the allegations in the pleadings.  Defendant did exercise its due diligence and was precluded from any further due diligence by misrepresentations, falsities and statements made by Plaintiff or her agents.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Compliance with Duties)

As and for a twenty-third, separate and distinct defense to Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that, to the

PRINTED ON
RECYCLED PAPER

extent any duties owed by Defendant arose, Defendant complied with all such duties, including disclosure duties, owed to Plaintiff and all third parties, and thus Plaintiff is barred from recovery thereon.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

As and for a twenty-fourth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that its conduct was not the cause in fact of or the proximate cause of any of the losses alleged by Plaintiff.

WHEREFORE, Defendant prays:

1.  That Plaintiff take nothing by virtue of the Complaint;

2.  That Complaint filed herein be dismissed as to this answering Defendant;

3.  Defendant be awarded its costs of suit;

4.  For such other and further relief as the court may deem just and proper.


Dated: February 16, 2006        CHIARELLI & MOLLICA LLP


By: _____

Eugene J. Chiarelli
Attorney for Alliance Title Co.

PRINTED ON
RECYCLED PAPER

# P R O O F   O F   S E R V I C E

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

I am employed in county of Contra Costa, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2121 North California Blvd, Suite 290, Walnut Creek, California 94956.

On March 7, 2006, I served the document(s) described as **an ANSWER TO FIRST AMENDED COMPLAINT TO DECLARE DEEDS OF TRUST TO BE NULL AND VOID, TO DECLARE GRANT DEED VOID AND FOR DAMAGES DUE TO FRAUD, BREACH OF NOTARY'S DUTY, BREACH OF FIDUCIARY DUTY, NEGLIGENCE , VIOLAITON OF RESPA AND OF REGULATION Z AND FINANCIAL ABUSE OF A DEPENDANT ADULT and CROSS-COMPLAINT FOR INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

James L. Hand, Esq.
Law Office of James L. Hand
520A Oakland Ave., Suite 3
Oakland, CA 94611

JEFFERSON FRAZIER, Esq.
LAW OFFICES OF JEFFERSON FRAZIER
3824 Grand Ave., Suite 200
Oakland, CA 94610

Robert B. Jacobs, Esq.
Attorney at Law
4900 Hopyard Road, Suite 260
Pleasanton, CA 94588

Corie A. Edwards, Esq.
WENDAL, ROSEN, BLACK & DEAN LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

Jules Bonjour, Esq.
BONJOUR, THORMAN, BARRAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94545

[X]   (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY FAX) At 9:45 a.m., I transmitted, pursuant to Rules 2001 _et seq_., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (925) 974-3506 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressee.

[ ]   (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on March 7, 2006 at Walnut Creek, California.

[X]   (STATE)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Eugene J. Chiarelli

CHIARELLI & MOLLICA LLP
EUGENE J. CHIARELLI (Bar No. 88089)
2121 North California Blvd.
Suite 290
Walnut Creek, CA 94596
Telephone: (925) 974-3325
Fax:   (925) 974-3506

Attorney for Defendant NEW
CENTURY MORTGAGE CORPORATION,
a California Corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ANNA BAILEY, a Dependant Adult,)<br>by Jackqulyn Harper, Her Niece )<br>                   )<br>        Plaintiff,   )<br>                   )<br>                   )<br>vs.                 )<br>                   )<br>KASSEM MOHAMMADI, ALLIANCE  )<br>TITLE COMPANY, ABDULLAH HAKIMI,)<br>GOLDEN KEY FINANCIAL SERVICES, )<br>INC., GOLDEN KEY MORTGAGE,   )<br>HAMED RASTI, KASEEM MOHAMMADI, )<br>NABILA NOORI, NEW CENTURY     )<br>MORTGAGE CORPORATION, ZABIULLAH)<br>MOHAMMADI, AMERICHOICE,     )<br>INC.,and  Does 1          )<br>through 50, inclusive     )<br>                   )<br>       Defendants.    )<br>_____) | CASE NO. HG 05246749<br><br>**ANSWER TO FIRST AMENDED<br>COMPLAINT, TO DECLARE DEEDS OF<br>TRUST TO BE NULL AND VOID, TO<br>DECLARE GRANT DEED VOID AND FOR<br>DAMAGES DUE TO FRAUD, BREACH OF<br>NOTARY'S DUTY,  BREACH OF<br>FIDUCIARY DUTY, NEGLIGENCE, AND<br>VIOLATION OF RESPA AND OF<br>REGULATION Z AND FINANCIAL<br>ABUSE OF A DEPENDENT ADULT** |

COMES NOW Defendant, NEW CENTURY MORTGAGE CORPORATION, a

California Corporation (hereinafter "Defendant") and in answer to

the unverified Complaint on file herein and each Cause

ANSWER TO COMPLAINT


Exh B

of Action thereof, admits, denies, and alleges as follows:

In answer to the Complaint and by virtue of the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant hereby files its general denial and answering all of the allegations of the Complaint herein denies each and every, all and singular, the allegations thereof.

Further answering said Complaint, Defendant alleges the following affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

As and for a first, separate and distinct defense to Plaintiff's Complaint, and each cause of action contained therein, Defendant alleges that each and every cause of action fails to state facts sufficient to constitute acause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

As and for a second, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that the Complaint filed in this case are not maintainable under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

As and for a third, separate and distinct defense to

PRINTED ON
RECYCLED PAPER

Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that the Plaintiff is estopped by the action of law or by conduct from maintaining the Complaint filed in this case.

### FOURTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

As and for a fourth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that Plaintiff is guilty of unclean hands in the matters set forth in the Complaint, which conduct extinguishes the right to legal and equitable relief in this action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As and for a fifth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that, to the extent the alleged facts exceed the specified time periods, each and all of Plaintiff's causes of action are barred by the applicable statute of limitations, including, but not limited to, *California Code of Civil Procedure sections 337,338,339, and 340.*

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

As and for a sixth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, defendant alleges that they, to the extent that Plaintiff alleged causes of action, or any of them, are based upon an alleged oral agreement, the alleged causes of

action, and each of them, are barred, in whole or in part, by *California Civil Code section 1624*.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Breach of Contract)

As and for a seventh, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that Plaintiff substantially and materially breached the obligation/contract complained of prior to commencement of this action, which conduct extinguishes the right to maintain the present action.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Set Off)

As and for a eighth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that the claims of Plaintiff are subject to set off based upon the acts and wrongdoing of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

#### (No Fraud)

As and for a ninth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that there was no fraud or bad faith on the part of Defendant with respect to any of the causes of action pled by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

#### (Waiver)

As and for a tenth, separate and distinct defense to

PRINTED ON
RECYCLED PAPER

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that Plaintiff

has waived her right to maintain the Complaint filed in this

case.

### ELEVENTH AFFIRMATIVE DEFENSE

(Co-Defendant Liability)

As and for a eleventh, separate and distinct defense to

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that other

defendants, and each of them, named and unnamed in the pleadings

were guilty of the acts or omissions in the matters set forth in

the pleadings, which proximately caused or contributed to the

damages or loss complained of, if any, and that the Court is

requested to determine and allocate the percentage of Plaintiff's

damages attributable to each of the defendants.

### TWELFTH AFFIMATIVE DEFENSE

(Co-Liability)

As and for a twelfth, separate and distinct defense to

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that any injury

or damages which may have been sustained by Plaintiff was

proximately caused by the acts, errors or omissions of persons

or entities other than this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

As and for a thirteenth, separate and distinct defense to

Plaintiff's Complaint, and to each cause

of action contained therein, Defendant alleges that Plaintiff

PRINTED ON
RECYCLED PAPER

was careless, negligent and/or culpable in and about the matters about which she complains in the pleadings and such carelessness, negligence and culpable behavior proximately caused the damages, if any, sustained by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As and for a fourteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges the Plaintiff failed to mitigate her damages, if any there were.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Indemnification)

As and for a fifteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that should Plaintiff recover damages from this answering Defendant, this Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiffs' damages, if any there were.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Discharge)

As and for a sixteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that the obligations of the parties under the terms and conditions of the contract have been discharged by operation of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

PRINTED ON
RECYCLED PAPER

(Fraud/Misrepresentation)

As and for a seventeenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that the contract/ obligation which is the subject of this lawsuit was procured by the fraud or misrepresentation of Plaintiff, therefore voiding the obligations of Defendant thereunder.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Privilege)

As and for a eighteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that its conduct was justified and/or privileged.

### NINETEENTH AFFIRMATIVE DEFENSE

(Active Negligence)

As and for a nineteenth, separate and distinct defense to Plaintiff's Complaint, and to each cause
of action contained therein, Defendant alleges that at all times and places set forth in the pleadings and the individual causes of action contained therein, Plaintiff was actively negligent in and about the matters alleged therein and because of such active negligence are barred from recovery herein.

### TWENTIETH AFFIRMATIVE DEFENSE

(Responsibility of Plaintiff)

As and for a twentieth, separate and distinct defense to Plaintiff's, and to each cause of action contained therein, Defendant alleges that Plaintiff was actively negligent in and about the matters alleged in the pleadings and that said acts of

PRINTED ON
RECYCLED PAPER

carelessness and negligence on Plaintiff's own part, proximately contributed to the happening of the incident that led to the alleged loss and damage, if any there were.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Responsibility of Others)

As and for a twenty-first, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that said damage allegedly sustained by Plaintiff was either wholly, or in part, negligently caused by persons, firms, corporations or entities other than this Defendant, and said negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Duty)

As and for a twenty-second, separate and distinct defense to Plaintiff's Complaint, and each cause of action contained therein, Defendant alleges that no duty arose with regard to the allegations in the pleadings.  Defendant did exercise its due diligence and was precluded from any further due diligence by misrepresentations, falsities and statements made by Plaintiff or her agents.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Compliance with Duties)

As and for a twenty-third, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that, to the extent any duties owed by Defendant arose, Defendant complied

PRINTED ON
RECYCLED PAPER

with all such duties, including disclosure duties, owed to Plaintiff and all third parties, and thus Plaintiff is barred from recovery thereon.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Proximate Cause)

As and for a twenty-fourth, separate and distinct defense to Plaintiff's Complaint, and to each cause of action contained therein, Defendant alleges that its conduct was not the cause in fact of or the proximate cause of any of the losses alleged by Plaintiff.

WHEREFORE, Defendant prays:

1.   That Plaintiff take nothing by virtue of the Complaint;

2.   That Complaint filed herein be dismissed as to this answering Defendant;

3.   Defendant be awarded its costs of suit;

4.   For such other and further relief as the court may deem just and proper.


Dated: February 16, 2006      CHIARELLI & MOLLICA LLP


By: _____

Eugene J. Chiarelli
Attorney for NEW CENTURY
MORTGAGE CORPORATION

PRINTED ON
RECYCLED PAPER

P R O O F   O F   S E R V I C E

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

I am employed in county of Contra Costa, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2121 North California Blvd, Suite 290, Walnut Creek, California 94956.

On March 7, 2006, I served the document(s) described as **an ANSWER TO FIRST AMENDED COMPLAINT TO DECLARE DEEDS OF TRUST TO BE NULL AND VOID, TO DECLARE GRANT DEED VOID AND FOR DAMAGES DUE TO FRAUD, BREACH OF NOTARY'S DUTY, BREACH OF FIDUCIARY DUTY, NEGLIGENCE , VIOLATION OF RESPA AND OF REGULATION Z AND FINANCIAL ABUSE OF A DEPENDANT ADULT and CROSS-COMPLAINT FOR DECLARATORY RELIEF, FRAUD, NEGLIGENT MISREPRESENTATION, SUPPRESSION OF FACT, BREACH OF CONTRACT, INDEMNITY AND EQUITABLE SUBROGATION.**in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

James L. Hand, Esq.
Law Office of James L. Hand
520A Oakland Ave., Suite 3
Oakland, CA 94611

JEFFERSON FRAZIER, Esq.
LAW OFFICES OF JEFFERSON FRAZIER
3824 Grand Ave., Suite 200
Oakland, CA 94610

Robert B. Jacobs, Esq.
Attorney at Law
4900 Hopyard Road, Suite 260
Pleasanton, CA 94588

Corie A. Edwards, Esq.
WENDAL, ROSEN, BLACK & DEAN LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

Jules Bonjour, Esq.
BONJOUR, THORMAN, BARRAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94545

[X]    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY FAX) At 9:45 a.m., I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (925) 974-3506 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

[ ]    (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressee.

[ ]    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on March 7, 2006 at Walnut Creek, California.

[X]    (STATE)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Eugene J. Chiarelli

# ALLIANCE TITLE COMPANY
### 910 Campisi Way, #1D, Campbell, CA 95008
### (408) 553-8880

## BUYERS/BORROWERS CLOSING STATEMENT
### Final

Buyer/Borrower:    Nabila Naori

Escrow No:    11298168-285 JM3
Close Date:
Proration Date:
Date Prepared:    09/07/2005

Property:    5248 E. Washington St.
Stockton, CA 95215

| Description | | | Debit | Credit |
|---|---|---|---|---|
| **TOTAL CONSIDERATION** | | | | |
| Total Consideration | | | $280,000.00 | |
| **NEW AND EXISTING ENCUMBRANCES:** | | | | |
| Refinance from New Century | | | | 224,000.00 |
| Refinance from New Century | | | | 56,000.00 |
| **NEW LOAN CHARGES:** | | | | |
| Loan Origination Fee at 4% to Golden Key Financial | | | 7,952.00 | |
| Appraisal Fee to New Century | | (POC $350.00) | | |
| Credit Report to New Century | | (POC $60.00) | | |
| MOrtgage Broker Fee to Golden Key Financial | | | 500.00 | |
| Doc Prep Fee to New Century | | | 200.00 | |
| Flood Cert to New Century | | | 11.20 | |
| Yield Spread Premium to Golden Key Financial | | (POC $2,240.00) | | |
| Messenger Fee to New Century | | | 30.00 | |
| Processing to New Century | | | 350.00 | |
| Tax Servicing to New Century | | | 78.00 | |
| Broker Underwriting to Golden Key Financial | | | 500.00 | |
| Underwriting to New Century | | | 300.00 | |
| Processing Fee to Golden Key Financial | | | 500.00 | |
| Prepaid Interest to New Century | | | 781.28 | |
| @ $41.12 per day | From 12/13/04 To 01/01/05 | | | |
| Flood Cert 2nd to New Century | | | 11.20 | |
| Underwriting 2nd to New Century | | | 250.00 | |
| interst 2nd 12-10-04 to 1-1-05 to New Century | | | 304.57 | |
| lender over funding to New Century | | | (2,240.00) | |
| from lender over funding to Golden Key Financial | | | 2,240.00 | |
| **RECORDING FEES:** | | | | |
| Recording Fees to Alliance Title Company | | | 100.00 | |
| Record 2nd DT to Alliance Title Company | | | 75.00 | |
| **ADDITIONAL CHARGES:** | | | | |
| Hazard Insurance to Richard Dunne | | | 747.05 | |
| NRCC from Seller to Buyer | | | (12,592.91) | |
| **PRORATIONS AND ADJUSTMENTS:** | | | | |
| County Taxes | From 12/13/04 To 01/01/05 | | | 97.39 |
| Based on the Semi - Annual amount of $973.92 | | | | |
| | | | | |
| Sub Totals | | | 280,097.39 | 280,097.39 |
| /Borrower | | | | |
| Totals | | | $280,097.39 | $280,097.39 |

ExhC

**Alliance Title Company**
**Final Disbursement Report**

| | | Page: | 1 |
|---|---|---|---|
| Date: 01/04/2005 | | User: | JPA |
| Time: 16:29:29 | | | |

| | | |
|---|---|---|
| Escrow No.: 11298168-001 | Open Date: | 11/09/2004 |
| Escrow Officer: Joanne Miranda | Close Date: | |
| Seller/Buyer: Bailey/Noori | | |

## I. POSTED

**RECEIPTS POSTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | New Century | | 476640 | 12/13/2004 | WIN | 224,489.52 |
| 2. | New Century | | 476642 | 12/13/2004 | WIN | 55,434.23 |
| | | | | | | 279,923.75 |

**FEES POSTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| ALLIANCE TITLE COMPANY | | | 9103667 | 12/13/2004 | FEE | ($4,322.00) |
| 421 | Escrow Fees | (950.00) | | | | |
| 431 | Document Preparation | (400.00) | | | | |
| 402 | Lenders Policy | (770.00) | | | | |
| 402 | Owners Policy | (1,209.00) | | | | |
| 434 | Delivery/Courier Deliveries | (300.00) | | | | |
| 431 | Wire Fee | (50.00) | | | | |
| 431 | Email | (50.00) | | | | |
| 432 | Recording Fees - Buyer | (100.00) | | | | |
| 432 | Record 2nd DT | (75.00) | | | | |
| 212 | Seller - County Transfer Tax | (308.00) | | | | |
| 402 | Loan Tie in 2nd | (110.00) | | | | |
| | | | | | | (4,322.00) |

**DISBURSEMENTS POSTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| GOLDEN KEY FINANCIAL | | | 1905139 | 12/13/2004 | CHK | (11,192.00) |
| | Loan Origination Fee - Buyer | (7,952.00) | | | | |
| | Mortgage Broker Fee | (500.00) | | | | |
| | Broker Underwriting | (500.00) | | | | |
| | Yield Spread Prem | (2,240.00) | | | | |
| GOLDEN KEY FINANCIAL | | | 1905140 | 12/13/2004 | CHK | (73,174.69) |
| | Proceeds | (73,174.69) | | | | |
| GOLDEN KEY FINANCIAL | | | 1905141 | 12/13/2004 | CHK | (16,800.00) |
| | commission | (8,400.00) | | | | |
| | commission | (8,400.00) | | | | |
| ZABILLUUAH MOHAMMADI | | | 1905142 | 12/13/2004 | CHK | (200.00) |
| | Accom Sign | (200.00) | | | | |
| AMERIFIRST HOME IMPROVEMENT FINANCE | | | 1905413 | 12/13/2004 | CHK | (8,986.84) |
| | Principal Balance | (8,185.50) | | | | |
| | Interest From 07/01/2004 - 12/23/20 | (552.34) | | | | |
| | late charges | (150.00) | | | | |
| | recon | (50.00) | | | | |
| | recording | (19.00) | | | | |
| | fax fee | (30.00) | | | | |
| RICHARD DUNNE | | | 1905414 | 12/13/2004 | CHK | (747.05) |
| | Hazard Insurance | (747.05) | | | | |
| US BANK HOME MORTGAGE | | | 1905415 | 12/13/2004 | CHK | (151,768.08) |
| | Principal Balance | (136,110.19) | | | | |
| | Interest From 07/01/2004 - 12/23/20 | (4,763.86) | | | | |
| | Escrow Overdraft | (1,609.47) | | | | |
| | late charges | (500.02) | | | | |
| | Pro Rata MIP | (300.78) | | | | |
| | recording | (7.00) | | | | |
| | recording | (7.00) | | | | |
| | misc fax fee | (5.00) | | | | |
| | 2nd Principal | (7,964.76) | | | | |
| | Interst 2nd | (500.00) | | | | |
| ESKANOS & ADLER | | | 1906976 | 12/14/2004 | CHK | (4,940.69) |
| | pay acct | (4,940.69) | | | | |
| ROSALINA ROSAS | | | 1910430 | 12/16/2004 | CHK | (290.00) |
| | Portillo | (80.00) | | | | |

dsbfinalE.rpt (10/25/2004)

Exh. 9

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612.  On March 17, 2008, I served the attached

*Bailey*

### Declaration of James Hand, Esq. in Response to Debtors' Fourteenth Omnibus Objection

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

> Mark Collins
> Christopher Samis
> Richards, Layton & Finger, PA
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY:  _____
     James L. Hand, Esq.

-1-