```
1  James L. Hand, Esq.  SBN 101748
2  653 11th Street
   Oakland, California 94607
3  Tele: (510) 595-4200
   Fax: (510) 595-1655
4  emil: jlhand@stanfordalumni.org
5
   Attorney for Creditor Andrews, Claim No. 1211
6
```

FILED
2008 MAR 18 AM 9:59
US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 07-10416 (KJC)<br>)<br>) Jointly Administered<br>)<br>) CLAIMANT'S RESPONSE TO DEBTORS'<br>) FOURTEENTH OMNIBUS OBJECTION<br>) TO CERTAIN BOOKS AND RECORDS<br>) CLAIMS AND RELATED MATTERS<br>)<br>) Hearing Date: March 25, 2008<br>) Time:         1:30 p.m. EST<br>) Judge:        Hon. Kevin Carey |

TO THE COURT AND DEBTOR'S COUNSEL:

As directed by Notice of Debtors' Fourteenth Omnibus Objection, pursuant to 11 USC §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, claimant Andrews submits (ii) "the name of the claimant and description of the basis for the amount of the claimant's claim, (iii) a concise statement setting forth the reason why such claim should not be disallowed for the reason set forth in the Objection, (iv) all documentation or other evidence of the claim upon which the claimant will rely in opposing the Objection at the hearing, (v) the address to which any reply to a response should be directed; and

----------------------

Claimant Andrews' Response to Fourteenth Omnibus Objection, page 1

(vi) the name, address, and telephone number of the person possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant."

### (ii) Claimant's Name and Description of the Basis for the Amount of the Claimant's Claim

Claimant is La Monte Andrews, who resides at 4758 Lucchesi Court, Oakley, CA 94561. He lost $117,888 in equity in his home, stripped out via fraud of a loan agent, Kaseem Mohammadi. New Century Mortgage's negligence aided and abetted the "straw investor" into whose name Mohammadi placed title to Andrews' home, without Andrews' consent. Moreover, New Century Mortgage is liable for Mohammadi's fraud due to paying Mohammadi a Yield Spread Premium without commensurate benefit to the "straw investor," in violation of HUD Guidelines and RESPA.

Andrews has received $15,509 in compensation from Mohammadi, $6,000 from a co-worker of Mohammadi named Roman Hamidi, and $21,750 from Mohammadi's employer, Golden Key Mortgage. As a consequence, he has an unsecured claim for $74,629 ($117,888 minus $$43,259).

### (iii) Concise Statement Setting Forth the Reasons Why Such Claim Should Not Be Disallowed

As summarized above, New Century Mortgage is jointly and severally liable for the equity stripped-out of Claimant's residence because it acted negligently in approving false loan applications (did not verify claimed income and claimed employment, for which the loan broker submitted false information, see Hand Declaration ¶ 5), acted negligently in allowing an escrow to close when it knew a "straw investor" was involved, and violated the Real Estate Settlement Procedures Act ("RESPA") by paying

an illegal Yield Spread Premium to the loan broker.

The principal wrongdoer was a loan agent named "Kaseem Mohammadi." Andrews is just one of 19 cases consolidated in Alameda County Superior Court for pretrial purposes. (Hand Declaration ¶ 1.) Mohammadi pled guilty to grand theft. (*Ibid.*)

Mohammadi set-up a "straw investor" scheme whereby he would convince a homeowner to transfer title to a straw investor who purportedly had good credit and would take out loans at favorable interest rates that later would be transferred to the homeowner (and title would be restored to the homeowner).

Mohammadi told the title company of his plan. Ticor Title Company, in turn, informed New Century Mortgage of the plan by sending it an Estimated Closing Statement that showed Buyer would receive a check for one year of payments on the loans, here $35,983. See Hand Declaration Exh. D.

Nonetheless, New Century Mortgage allowed the loans to close escrow. Moreover, it knew or should have known the straw investor did not make the income claimed. See Hand Declaration ¶ 4.

Additionally, New Century Mortgage is liable for the wrongful acts of the loan broker because it paid the loan broker an illegal yield spread premium. The Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2601 et seq., prohibits abusive practices such as kickbacks and unearned fees that drive up the cost of homeownership. (12 U.S.C. § 2607(a) and (b); 24 C.F.R. § 3500.14.) In order for RESPA to achieve its purposes, Congress granted HUD rulemaking authority for implementation of RESPA. Congress directed the Secretary of HUD to "prescribe such rules and regulations, to make such interpretations, and to grant such reasonable

---

Claimant Andrews' Response to Fourteenth Omnibus Objection, page 3

1  exemptions for classes of transactions, as may be necessary to achieve
2  the purposes of [RESPA]." 12 U.S.C. § 2617(c). On October 18, 2001, and
3  in accordance with 5 U.S.C. § 552, HUD exercised its statutory authority
4  when it issued its Statement of Policy 2001-1, clarifying its formal
5  interpretation of RESPA's prohibition against kickbacks and unearned
6  fees. 66 Fed. Reg. 53052. HUD's interpretation of RESPA is entitled to
7  substantial deference. *Schmitz v. Aegis Mortg. Corp.* (D. Minn. 1999)
8  48 F. Supp. 2d 877, fn. 3.

9  In Statement of Policy 2001-1, HUD clarified its previously
10 announced two-part test for determining the legality of a yield spread
11 premium paid by lenders to brokers. 66 Fed. Reg. 53055. HUD's
12 two-part test is explained in detail on page 53055 of Volume 66 of
13 the Federal Register. "It is HUD's position that where compensable
14 services are performed, the 1999 Statement of Policy requires application
15 of both parts of the HUD test before a determination can be made
16 regarding the legality of a lender payment to a mortgage broker."

17 "Under the first part of HUD's test, the total compensation to a
18 mortgage broker, of which a yield spread premium may be a component
19 or the entire amount, must be for goods or facilities provided or services
20 performed." *Id*. The second part of HUD's test requires that total
21 compensation to the mortgage broker be reasonably related to the total
22 set of goods or facilities actually furnished or services performed." *Id*.
23 The legality of any yield spread premium can only be evaluated in the
24 context of the test HUD established and the specific factual circumstances
25 applicable to each transaction in which a yield spread premium is used.
26 *Id*. at 53054. As explained hereafter, plaintiffs contend the yield spread
27
28 _____

Claimant Andrews' Response to Fourteenth Omnibus Objection, page 4

premiums the subprime lenders paid to Golden Key Mortgage and to Community one did not satisfy HUD's two-part test for legality.

HUD's Statement of Policy 2001-1 explains that yield spread premiums allow brokers to recoup up front costs incurred on the borrower's behalf in originating the loan. 66 Fed. Reg. 53054. "In these cases, lender payments reduce the up front cash requirements to borrowers." *Id.* However, HUD also recognized that "... yield spread premiums may be used to enhance the profitability of mortgage transactions without offering the borrower lower up front fees." *Id.* "[S]uch uses of yield spread premiums may result in total compensation in excess of what is reasonably related to the total value of the origination services provided by the broker, and fail to comply with the second part of HUD's two-part test." *Id.*

The straw investor, Mohammadi Osmani, was not offered the option of reduced loan commission or other fees, which might have justified the lender's paying a yield spread premium. The yield spread premium resulted in the broker's receiving compensation exceeding the value of the services actually provided.

Since RESPA is a consumer protection statute, its provisions are to be liberally construed in favor of consumers. *Wanger v. EMC Mortgage Corp.* (2002), 103 Cal.App.4th 1125, 1134. The broad language of subdivisions (a) and (b) of 12 U.S.C. § 2607 and 25 C.F.R. § 3500.14 clearly prohibit payment of unlawful kickbacks and unearned fees. Paying a kickback to the loan broker makes New Century Mortgage liable for that company's fraudulent conduct.

Claimant's loss is the difference between the new loans made by New Century Mortgage ($465,000), minus money received $13,500) or debts

---

Claimant Andrews' Response to Fourteenth Omnibus Objection, page 5

paid-off ($268,024 + $65,588). That loss totals $117,888. Settlements by joint tortfeasors has resulted in Claimant's receiving $15,509 from Kaseem Mohammadi, $6,000 from a co-worker of Mohammadi named Roman Hamidi, and $21,750 from Mohammadi's employer, Golden Key Mortgage. As a consequence, **he has an unsecured claim for $74,629** ($117,888 minus $43,259).

### To Whom Any Reply to Claimant's Response Should Be Directed

Any reply to claimant's response should be directed to:

James L. Hand, Esq.
653 11th Street
Oakland CA 94607
Tele:   510-595-4200
Fax:    510-595-1655
E-mail:   jlhand@stanfordalumni.org

### Name, Address and Telephone Number of Person Possessing Settlement Authority

The person who possesses settlement authority of this case is
James L. Hand, Esq.
653 11th Street
Oakland CA 94607
Tele:   510-595-4200
Fax:    510-595-1655
E-mail:   jlhand@stanfordalumni.org

### Availability of Insurance

Claimant believes that New Century Mortgage is covered under a policy of title insurance issued by Ticor Title Company. Lines 1108, 1109, and 1110 of the Settlement Statement show $2,500 paid for new title insurance. Because said title insurance exists, Ticor Title provided a single counsel to defend Ticor Title and New Century Mortgage, despite counsel's obvious conflict of interest in representing a lender pointing fingers at the escrow company and the escrow company pointing fingers at the lender.

---

See Exhibit B to accompanying Hand Declaration (combined Answer of Ticor Title and New Century Mortgage to 2nd Amended Complaint of La Monte Andrews). The title insurer should pay 100% of New Century Mortgage's liability to claimant.

**Claimant's Objection to Form of Debtor's Omnibus Objection**

Claimant objects to the form of Debtor's Omnibus Objection. Firstly, the Omnibus Objection asserts, in its notice, it is a "Substantive Objection pursuant to ... Local Rule 3007-1." However, Local Rule 3007-1(d) states that an Objection is not substantive if it is based on "(vi) A claim [not having] a basis in the debtor's books and records." The Andrews claim is listed on Exhibit A to Debtors' Omnibus Objection, which Debtor characterizes as a list of "Books and Records Claims" and which Debtor states includes a "brief description of the Debtors' basis for why they are not liable for each of the Books and Records Claims." (Objection at page 5.) Exhibit A's description why Debtors are not liable for the Andrews claim is "The Debtors have no record of this liability in their Books and Records." Therefore, this is a Non-Substantive Objection, not a Substantive Objection." Claimant concludes, based on Local Rule 3007-1(d), that Debtors object to his claim on non-substantive grounds; if Claimant is incorrect, it requests leave to amend this response to Debtor's Omnibus Objection.

Claimant further objects to Debtor's Omnibus Objection because the Exhibit thereto does not list the claims objected to "alphabetically by the last name of the claimant (in the case of an individual)," as required by Local Rule 3007-1(e)(iii)(D). Instead, the Exhibit lists the claims objected to alphabetically by claimant's first name. Of the claims filed by the Hand law office, apparently missing is the claim of Joann Flynn. See

---

1. Hand Declaration Exh. E.

2. <u>Conclusion</u>:  For the foregoing reasons, Debtors' objection to Andrews' claim should be denied and the claim honored.  Debtor should inform claimant the status of its insurance coverage for Andrews' claim.

Dated:  March 17, 2008              Law Office of James L. Hand

*[signature]*

by: James L. Hand, Esq.
Attorney for Claimant Andrews

---

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612. On March 17, 2008, I served the attached Andrews

**Claimant's Response to Debtor's Fourteenth Omnibus Objection to Certain Books and Records Claims and Related Matters**

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-