1   James L. Hand, Esq.  SBN 101748
     653 11th Street
2   Oakland, California 94607
     Tele: (510) 595-4200
3   Fax: (510) 595-1655
4   emil: jlhand@stanfordalumni.org



5   Attorney for Creditor Andrews, Claim No. 1211

6

7            UNITED STATES BANKRUPTCY COURT

8              FOR THE DISTRICT OF DELAWARE

9   In re NEW CENTURY TRS    )   Chapter 11
     HOLDINGS, INC., et al.     )
10                   )   Case No. 07-10416 (KJC)
                   )
11         Debtors.     )
                   )   DECLARATION OF JAMES HAND,
12                   )   ESQ., IN RESPONSE TO DEBTORS'
                   )   FOURTEENTH OMNIBUS OBJECTION
13                   )
14                   )   Hearing Date:  March 25, 2008
                   )   Time:         1:30 p.m. EST
15                   )   Judge:       Hon. Kevin Carey

16     I, James L. Hand, declare:

17      1.  I am an attorney, licensed to practice law before all courts of the

18 State of California, and am counsel of record for La Monte Andrews in the

19 action pending in Alameda County Superior Court.  It is one of 19 cases

20 consolidated for pretrial purposes, arising out of wrongful actions of loan

21 agent Kaseem Mohammadi.  Judge Barbara Miller is managing the cases;

22 Judge Julie Conger has been handling settlement efforts.  Half the cases

23 involve New Century Mortgage.  Mohammadi pled guilty to grand larceny.

24      2.  Attached hereto as Exhibits A and B are the second amended

25 complaint filed in said action, and the answer to same filed jointly by New

26 Century Mortgage and Ticor Title Company.

27      3.  Attached hereto as Exhibit C is the Settlement Statement and

28

Buyers' Closing Statement for the escrow that resulted in Andrews' losing title to Mohammadi Osmani and having the equity stripped-out of his home. They show that Andrews had obligations paid of $268,024 and $65,588, and received $13,500, whereas New Century Mortgage burdened his home with $465,000 in new loans. They also show that New Century Mortgage paid a $3,720 yield spread premium, outside of escrow, to Golden Key Mortgage. They further show that Mohammadi himself received a whopping $60,000 in commissions on sale of a $465,000 property. Mohammadi forged Andrews' name to authorization that Ticor Title pay so much money to Mohammadi.

4.   The estimated closing statement, which would have been provided to New Century Mortgage prior to its funding the loans, show that straw investor Osmani was to receive $35,983 to make payments on the loans. A true and correct copy of said estimated closing statement is attached hereto as Exhibit D.

5.   For all of the loan applications, Mohammadi misrepresented the straw investor'sjob status and exaggerated the straw investor's income and assets. New Century Mortgage approved all of them as "stated income loans," without verifying employment, income or assets.

6.   Andrews has settled with three parties thus far: Mohammadi has paid $15,509, Hamidi has paid $6,000, and Mohammadi's employer Golden Key Mortgage has paid $21,750.

7.   Missing from Exhibit A to Debtors' Fourteenth Omnibus Objection is the Joann Flynn claim. A true and correct copy of said claim is attached hereto as Exhibit E.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my

1  knowledge and belief, and that this declaration was executed the 17th day

2  of March, 2008, at Oakland CA.

3

4                                                    James L. Hand

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Decl. of James Hand in Response to Debtor's 14th Omnibus Objection**, pg 3

1 | James L. Hand, Esq. SBN 101748
520A Oakland Avenue
2 | Oakland, California 94611
Tele:  (510) 595-4200
3 | Fax:  (510) 595-1655
4 | Attorney for Plaintiff Andrews

**FILED**
**ALAMEDA COUNTY**

DEC 23 2005

CLERK OF THE SUPERIOR COURT

BY _____ DEPUTY

5 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

6 | COUNTY OF ALAMEDA

7 |

8 | LA MONTE ANDREWS,    ) CASE NO. HG05231947
9 |                     )
10 |        Plaintiff,   ) **SECOND AMENDED COMPLAINT**
     |                  ) **- DECLARE GRANT DEED NULL**
11 | v.                  ) **AND VOID, AND DECLARE**
     |                  ) **DEEDS OF TRUST NULL AND**
12 | TICOR TITLE COMPANY OF ) **VOID, AND FOR DAMAGES**
13 | CALIFORNIA, ALIREZA NAZMI, ) **DUE TO FRAUD, NEGLIGENT**
     | ROMAN HAMIDI, GOLDEN KEY ) **SUPERVISION, BREACH OF**
14 | FINANCIAL SERVICES, INC.; GOLDEN) **FIDUCIARY DUTY, BREACH**
     | KEY MORTGAGE, HAMED RASTI, ) **OF NOTARY'S DUTY, FOR**
15 | KASEEM MOHAMMADI, SADIA ) **VIOLATION OF RESPA AND**
16 | OSMANI, MOHAMMAD OSMANI, ) **REGULATION Z, AND FOR**
     | NEW CENTURY MORTGAGE ) **NEGLIGENCE**
17 | CORPORATION, ZABIULLAH )
18 | MOHAMMADI, and DOES 1-50, )
     |                         )
19 |        Defendants.      )
     | _____ )

20 |    Plaintiff alleges as follows:

21 |    1.  I am an individual, residing in Oakley California at 4758 Lucchesi

22 | Court.

23 |    2.  Mohammad Osmani is an individual, shown as owner of record

24 | of 4758 Lucchesi Court, Oakley, CA, as a consequence of plaintiff's

25 | signing a grant deed for his property (signing due to tortious conduct on

26 | the part of his co-defendants).  Sadia Osmani is his wife and may claim

27 | a community property interest in the Lucchesi Court property.  Plaintiff

28 |

First Amended Complaint; page 1

Exh. A

1  alleges, on information and belief, that they have both been "unjustly

2  enriched" by having received a year's worth mortgage payments (and

3  possibly more) but then failing to make payments for the year, and by

4  receiving a tax deduction for making those payments.

5      3.    Defendant Ticor Title Company of California (hereafter "Ticor")

6  is a California corporation, doing business in the State of California,

7  including County of Alameda.   As applicable to the events complained

8  of herein, it acted as escrowholder and perhaps also title company.

9      4.    Defendant Golden Key Financial Services, Inc. is a corporation

10 doing business in the State of California.   It is a loan broker, charged with

11 supervising the activities of its authorized agents and representatives,

12 including Roman Hamidi, Kaseem Mohammadi, and Hamed Rasti.   Alireza

13 Nazmi is broker of record for Golden Key Financial Services, Inc.,  and is

14 charged with supervising the activities of Roman Hamidi, Hamed Rasti,

15 Kaseem Mohammadi and others such as notary publics who were working

16 at Golden Key Financial Services's office.   There is such an identity and

17 there has been such a commingling of funds between Alireza Nazmi and

18 Golden Key Financial Services, Inc., that, in the interests of justice, each is

19 liable for the obligations arising out of the business activities of the other.

20     5.    Defendant Golden Key Mortgage is a corporation doing business

21 in the State of California.   It is a real estate sales company, charged with

22 supervising the activities of its authorized agents and representatives,

23 including Roman Hamidi, Kaseem Mohammadi and Hamed Rasti.   Alireza

24 Nazmi is broker of record for Golden Key Mortgage and is responsible

25 for supervising the activities of Roman Hamidi, Kaseem Mohammadi,

26 Hamed Rasti, and others such as notary publics who during the events

27 complained of were working at Golden Key Mortgage's office.   There is

28

Second
First  Amended   Complaint, page 2

1  such an identity and there has been such a commingling of funds and
2  identities between Golden Key Financial Services, Inc., Alireza Nazmi, and
3  Golden Key Mortgage that, in the interests of justice, each is liable for the
4  obligations arising out of the business activities of the other.    Golden Key
5  Financial Services, Inc. and Golden Key Mortgage, as alter egos of one
6  another, are hereinafter collectively referred to as "Golden Key."

7      6.    New Century Mortgage Corporation is a California corporation,
8  regulated by the State of California as a lender.    It issued the loans to
9  Mohammad Osmani described in this complaint.    It is the beneficiary of
10  the deeds of trust that plaintiff asks this court to declare null and void.

11      7.    Kaseem Mohammadi and Hamed Rasti are individuals, doing
12  business in Alameda County and are real estate and loan agents.    Roman
13  Hamidi is an individual who worked for Golden Key during the activities
14  at issue.    Zabiullah Mohammadi is an individual, related to Kaseem
15  Mohammadi, working at the Golden Key office; he is a licensed notary
16  public.

17      8.    I am unaware of the true names or capacities of Does 1-20 and
18  therefore I sue these defendants as fictitiously-named defendants on
19  the belief that were involved as principals, agents, partners, or otherwise
20  in the transactions complained of in this lawsuit.    I will amend this
21  complaint, if necessary, to insert the true names and capacities of such
22  defendants when they are ascertained.

23      9.    Venue is proper in Alameda County, inasmuch as it was in
24  Alameda County that most defendants engaged in the acts complained
25  of herein.

26      10.    I allege on information and belief that at all material times one
27  or more of the defendants, including all fictitiously named defendants,
28

1 acted as agents, principals, employees, joint venturers, alter egos,

2 successors, predecessors, co-conspirators, and partners of the other

3 defendants, and with the actual and/or apparent authority to do so.

4 One or more defendants may have so dominated and controlled another

5 defendant as to render a failure to disregard its corporate structure

6 unconscionable, unjust and inequitable.

**FIRST CAUSE OF ACTION - DECLARE GRANT DEED NULL AND VOID**

8 (AGAINST MOHAMMAD AND SADIA OSMANI)

9 11.  Plaintiff incorporates by reference eacn and every allegation of

10 paragraphs 1-10, above.

11 12.  About October, 2004, I discussed with defendants Hamidi and

12 Mohammadi refinancing of my existing loan on my residence identified

13 above.  I was interested in taking-out some cash to pay bills with.

14 13. Hamidi and Mohammadi said they worked for Golden Key and

15 could help me.  They said that because I had bad credit, I would have

16 to briefly transfer title to defendant Osmani, who would take out a loan

17 with enough cash out for a full year's worth of payments (taxes plus loan

18 payments) and some cash out for me, and that a company would fix my

19 credit record so that at the end of the year the loan would be transferred

20 to me.

21 14.  Hamidi and Mohammadi prepared papers they said I should sign

22 to refinance my existing loans ("taking out some of my equity" is how they

23 described it) and had me sign them.  Neither Hamidi nor Mohammadi nor

24 anyone else at Golden Key provided me with accurate estimated financing

25 terms or, later, actual financing terms.  They insisted that Golden Key

26 would merely receive standard fees for the refinancing.

27 15.  I never agreed to sell my residence.  I was never told defendant

28

1    Osmani wanted to purchase my residence and I never agreed to sell it to

2    him.  I signed no contract with Golden Key for them to sell my house.

3        16.   I never signed escrow instructions at Ticor.  I signed escrow

4    instructions Mohammadi presented to me.    Those instructions authorized

5    Ticor to close title when it is "in a position to disburse sale proceeds in

6    accordance with the estimated closing statement (which showed I was to

7    receive $96,268 plus have debts paid to third parties); but Ticor instead

8    closed escrow and transferred title to my residence without issuing me

9    a check for $96,268 but instead issued me a check for only $13,500.

10   Ticor did not explain the documents I was asked to sign and did not

11   ask if I consent to the transactions or to Golden Key's taking so much

12   money.    Apparently they accepted (while questioning) an authorization

13   Mohammadi provided them (and signed my name to, without my consent)

14   that authorized them to pay Mohammadi an astonishing $60,000 from my

15   escrow.

16       17. Osmani did not pay the taxes and did not make the loan

17   payments for a full year.  I am entitled to rescission of the Grant Deed I

18   signed in favor of Mohammad Osmani, due to fraud by his agents, failure

19   of consideration, mistake, and other reasons, and entitled to a declaration

20   that neither Mohammad Osmani nor Sadia Osmani has any ownership of

21   or equity interest in my Lucchesi Court property.

22               **SECOND CAUSE OF ACTION - FRAUD**

23               (AGAINST GOLDEN KEY, NAZMI, RASTI,

24               HAMIDI, AND KASEEM MOHAMMADI)

25       18.   Plaintiff incorporates by reference eacn and every allegation of

26   paragraphs  1-17,  above.

27       19.   On information and belief, I allege Mohammadi, Hamidi and

28

Second
~~First~~  Amended   Complaint, page 5

Golden Key had Ticor issue them checks I never authorized, for exorbitant sums that are several times "industry norm," that violated B&PC § 10138.

20.    I contend, on information and belief, that Mohammadi forged my name to an Authorization that Ticor issue checks to Mohammadi and/or Golden Key.  I further contend, on information and belief, that Mohammadi forged (or had someone else forge) the signatures of myself and Osmani to a real estate purchase contract, whereby he would purchase my house from me, and Mohammadi forged (or had someone else forge) my and Osmani's initials to each page of that contract that calls for initialling.  I further contend, on information and belief, that Mohammadi caused various documents to be falsely notarized.

21.    I contend, on information and belief, that Mohammadi fraudulently inflated Osmani's income and assets on a loan application that he had Osmani sign, in order to qualify Osmani for the loan. And I contend, on information and belief, that Mohammadi falsely stated on the Osmani loan application and title documents that Osmani is a single man whereas in fact he was then married to Sadia Osmani, and falsely represented on the loan application that my residence would be occupied by Osmani, whereas in fact Mohammadi knew I would continue to live there.

22.    In carrying-out the conduct described above, including but not limited to withdrawing large sums of money from the escrow without my consent and promising that the loan would be transferred to me at the end of a year without cause to believe I would qualify or that the lender would consent to the transfer or that I could afford payments on such a large loan, defendants Mohammadi, Rasti, and Hamidi acted fraudulently. Golden Key and Alireza Nazmi are liable for the actions of said defendants.

23. I was unaware of the false representations and fraudulent acts of said defendants, and instead reasonably relied on the skill, competence and superior knowledge of, and assurances made by Mohammadi and Hamidi, and relied upon their broker's obligation to review the paperwork and supervise their actions.

24. I am entitled to compensatory and punitive damages from Mohammadi, Hamidi, Rasti, Golden Key, and Nazmi.

### THIRD CAUSE OF ACTION - DECLARE
### DEED OF TRUST NULL AND VOID
(AGAINST NEW CENTURY MORTGAGE

CORPORATION AND DOES 30-39 ONLY)

25. I incorporate by reference each and every allegation of Paragraphs 1-24 above, as though fully set forth herein.

26. Those acting on behalf of New Century Mortgage Corporation, including Kaseem Mohammadi, Hamidi, Golden Key, and Ticor, acted negligently and/or fraudulently in procuring my signature on the Sales Contract and my participation in an escrow for transfer of ownership of my property to Mohammad Osmani. Moreover, Mohammad Osmani is not a good-faith purchaser for value, which New Century Mortgage Corporation knew or should have known. Additionally, I am a married man but my wife never consented to the transfer of her community property interest in the subject property to Osmani. Therefore, I am entitled to a judicial declaration that the deed of trust recorded on my property for which New Century Mortgage Corporation currently is the beneficiary is either "null and void" or at least not applicable to any indebtedness for which I am responsible.

### FOURTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

(AGAINST GOLDEN KEY, NAZMI, RASTI, HAMIDI,

KASEEM MOHAMMADI, and TICOR)

27.   I incorporate by reference each and every allegation of Paragraphs 1-24 above, as though fully set forth herein.

28.   Defendants Kaseem Mohammadi, Golden Key, Rasti, and Alireza Nazmi owed me a fiduciary duty as my loan agent.   Defendant Ticor owed me a fiduciary duty as escrowholder to fulfill the instructions I signed and, where it received an instruction that was "suspicious in nature," to make sure I had indeed signed said instruction.

29.   By engaging in the conduct described above, including Ticor's closing escrow without issuing me the $96,268 check called for by the estimated closing statement, and instead paying approximately $60,000 directly to Mohammadi and other sums to Golden Key (based on forged authorizations) and closing escrow based on documents Mohammadi provided that it deemed suspicious ("Since Buyer left two hours ago, how is it that I have Buyer's signature on an Instruction for Disbursement") but Ticor nonetheless did not bother to verify that I (not "Buyer") had signed, these defendants breached the fiduciary duty they each owed me.   Section 10138 of the Business and Professions Code mandates that a escrowholder (Ticor) issue commission checks only to a broker, but Ticor issued checks directly to Mohammadi and to "Golden Key," neither of which is a broker. Ticor knew or should have suspected that Mohammadi was submitting forged authorizations (e.g., Buyer to receive $24,000), yet failed to even phone me to see if I had indeed signed said authorizations.

30.   As a consequence, I am entitled to compensatory and punitive damages according to proof, and am entitled to attorney's fees from Ticor based on breach of contract.

## FOURTH CAUSE OF ACTION - NOTARY'S BREACH OF OBLIGATION
### (AGAINST ZABIULLAH MOHAMMADI ONLY)

31.    I incorporate by reference each and every allegation of Paragraphs 1-22 above, as though fully set forth herein.

32.    On at least one occasion, defendant Zabiullah Mohammadi breached his obligations as a notary public by either certifying that I signed documents in his presence when in fact I was not in his presence, or by allowing Kaseem Mohammadi to use his notary seal to falsely certify plaintiff's signature.

33.    Notary's breach of obligation allowed defendants to close escrow on a real estate transfer I never agreed to.  I am entitled to damages against Zabiullah Mohammadi for loss of my property, and the large loan taken out in name of Mohammad Osmani, in an amount according to proof.

## FIFTH CAUSE OF ACTION - RESPA VIOLATION
### (AGAINST GOLDEN KEY, NAZMI,
### RASTI, HAMIDI, AND KASEEM MOHAMMADI)

34.    I incorporate by reference each and every allegation of Paragraphs 1-24 above, as though fully set forth herein.

35.    The Real Estate Settlement Procedures Acts ("RESPA"), 12 USC § 2601 et seq., bars certain activities these defendants engaged in with respect to me, including but not limited to kickbacks to Ticor and unearned fees (such as that I never agreed to sell my house, yet they charged me a real estate commission fee).

36.    Pursuant to section 2607, I am entitled to recover treble damages from these defendants plus attorney's fees.

/ / /

## SIXTH CAUSE OF ACTION - VIOLATION OF REGULATION Z

### (AGAINST NAZMI, GOLDEN KEY, RASTI,

### HAMIDI, AND KASEEM MOHAMMADI

37. I incorporate by reference each and every allegation of Paragraphs 1-24 above, as though fully set forth herein.

38. Regulation Z, the Truth in Lending Act, requires the loan broker (Golden Key) to make certain disclosures to me (Golden Key told me I would take-over the loans within one year). The loan broker failed to do so.

39. Regulation Z also prohibits defendants from putting me into a loan that they would not reasonably believe I can repay (or, from the perspective of New Century Mortgage Corporation, Mohammad Osmani to repay). Defendants violated this prohibition.

40. I am entitled to damages according to proof because of these defendants' violation of Regulation Z, plus attorney's fees.

## SEVENTH CAUSE OF ACTION - NEGLIGENCE

### (AGAINST NAZMI, GOLDEN KEY, RASTI, AND TICOR)

41. I incorporate by reference each and every allegation of Paragraphs 1-24 and 29 above, as though fully set forth herein. Each of these defendants--Nazmi, Golden Key, Rasti and Ticor--owed plaintiff a duty of reasonable care in processing a loan and/or sale transaction involving plaintiff.

42. Nazmi, Golden Key, and Rasti were negligent in their supervision of Kaseem Mohammadi and the notary publics such as Zabiullah Mohammadi working at the Golden Key office. They knew or should have known that Mohammadi was directing escrow companies to issue checks directly to him, and that the notary publics were allowing others at Golden

1  Key to affix their notary's seals to documents.

2      43.  Ticor was negligent in processing the subject escrow by

3  accepting documents bearing a signature of a party to the escrow when

4  it strongly suspected that party had in fact not signed the document, and

5  that were contrary to common sense ($24,000 going to the buyer in a real

6  estate transaction?  $60,000 going to a loan agent?).  It additionally was

7  negligent in issuing commission checks not to the broker (Nazmi) but to

8  "Golden Key" or to "Kaseem Mohammadi) - see B&PC § 10138.

9      44.  Plaintiff was damaged by the negligence of these defendants, in

10  a sum according to proof.

11  WHEREFORE, plaintiff prays for judgment as follows:

12      1.  For a judicial declaration that the grant deed that served to

13  transfer ownership of his property to Mohammad Osmani is null and void;

14      2.  For a judicial declaration that the deeds of trust recorded

15  against his property for which New Century Mortgage Corporation is the

16  beneficiary are null and void;

17      3.  For compensatory damages from the remaining defendants, in

18  an amount according to proof;

19      4.  For punitive damages from Ticor, Alireza Nazmi, Golden Key,

20  Hamed Rasti, Roman Hamidi, and Kaseem Mohammadi;

21      5.  For treble damages due to defendants' violation of RESPA, plus

22  attorney's fees;

23      6.  For attorney's fees from Ticor;

24      7.  For costs of suit; and

25      8.  For such other and further relief as the court deems proper.

26  Dated:  December 19, 2005          Law Office of James L. Hand

27

28

First  Amended  Complaint, page 11

## PROOF OF SERVICE

1  I am a citizen of the United States, over 18 years of age, not a party

2  to this action, and employed at 520A Oakland Avenue, Oakland, CA

3  94612.  On December 19, 2005, I served the attached

4

5  **Plaintiff's  Second  Amended  Complaint**

6  on the other parties in this action by mailing a copy, postage-prepaid,

7  first-class, to:

8           Peter K. Wolff, Jr.
          100 N. Wiget Lane, Suite 150
9           Walnut Creek, CA 94598
        Attorney for New Century Mortgage Corp.
10         and Ticor Title Company of California

11          Charles A. Hansen, Esq.
          Wendell, Rosen et al.
12          1111 Broadway 24th Floor
          Oakland, California 94607
13      Attorney for Alireza Nazmi, Golden Key Mortgage

14

15  I declare under penalty of perjury under the laws of the State of

16  California that the foregoing is true and correct and that this declaration

17  was executed on December 19, 2005, at Oakland, CA

18

19          BY:  _____
20                James L. Hand, Esq.

21

22

23

24

25

26

27

28

-1-

1 | **PETER K. WOLFF, JR. (SBN 142426)**
**SCOTT NOBLE (SBN 52664)**
2 | 100 North Wiget Lane, Suite 150
Walnut Creek, CA 94598
3 | Telephone: (925) 930-9550
Facsimile: (925) 930-9588
4 |
5 | Attorneys for Defendants
TICOR TITLE COMPANY OF CALIFORNIA and
6 | NEW CENTURY MORTGAGE CORPORATION
7 |
8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 | **COUNTY OF ALAMEDA**
10 |
11 | LA MONTE ANDREWS,

**CASE NO.** HG05231847

12 | Plaintiff,

13 | vs.

**TICOR TITLE COMPANY OF CALIFORNIA AND NEW CENTURY MORTGAGE CORPORATION'S ANSWER TO UNVERIFIED SECOND AMENDED COMPLAINT**

14 | TICOR TITLE COMPANY OF CALIFORNIA, ALIREZA NAZMI,
15 | ROMAN HAMIDI, GOLDEN KEY FINANCIAL SERVICES , INC., GOLDEN
16 | KEY MORTGAGE, HAMED RASTI, KASEEM MOHAMMADI, SADIA
17 | OSMANI, MOHAMMAD OSMANI, NEW CENTURY MORTGAGE
18 | CORPORATION, DOES 1 - 50, inclusive,
19 | Defendants.
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Exh B

1    Pursuant to Code of Civil Procedure Section 431.30, defendants TICOR TITLE

2    COMPANY OF CALIFORNIA and NEW CENTURY MORTGAGE CORPORATION

3    ("defendants") hereby severally and generally deny each and every allegation in plaintiff's

4    unverified Second Amended Complaint ("SAC") herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

7    The SAC fails to state a claim against defendants upon which any of the relief sought

8    by plaintiff can be granted in law or equity, including, without limitation, compensatory or

9    punitive damages, attorneys' fees or costs.

**SECOND AFFIRMATIVE DEFENSE**

11    Defendants are informed and believe and thereupon allege that plaintiff had

12    knowledge of and assumed the risks incident to the matters set forth in the SAC.  The

13    damages alleged by plaintiff, if any, were caused by or arose out of such risks.

**THIRD AFFIRMATIVE DEFENSE**

15    Defendants are informed and believe and thereupon allege that plaintiff is guilty of

16    negligence which contributed to its alleged damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

18    Defendants are informed and believe and thereupon allege that the damages suffered

19    by plaintiff, if any, were proximately caused or contributed to by the acts or omissions of

20    other defendants and third parties and not by any wrongful conduct of defendants.

**FIFTH AFFIRMATIVE DEFENSE**

22    Defendants are informed and believe and thereupon allege that if any wrongful

23    conduct was engaged in by other defendants or third parties, that plaintiff directly or

24    indirectly acted in concert with other defendants or third parties or knowingly ratified or

25    approved such conduct, and is therefore precluded from any recovery under the doctrine of in

26    pari delicto.

27    ///

28    ///

### SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff is guilty of unclean hands with regard to the matters set forth in the SAC.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff did not rely on any act or omission of defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff failed to mitigate its alleged damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff is barred from recovery because it ratified, in whole or in parts, defendants' alleged wrongful acts.

### TENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff has released, waived and is estopped from asserting the claims set forth in the SAC.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff was negligent, legally responsible, comparatively at fault, or otherwise at fault or responsible for the loss and damages complained of, if any there were.  These answering defendants hereby request that, in the event of a finding of any liability in favor of plaintiff and against these answering defendants, an apportionment of fault be made among all the parties by the Court as permitted by Li v. Yellow Cab Co. and American Motorcycle Assn. v. Superior Court. These answering defendants further request a judgment and declaration of partial indemnification for fault.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that defendants are entitled to an apportionment of damages, if any, in accordance with the Fair Responsibility Act of 1986, California Civil Code Section 1434 et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff's SAC is barred in whole or in part because plaintiff failed to exercise the quantity and quality of care and caution which a reasonable individual in similar circumstances would have exercised which proximately caused and contributed to the alleged damages, if any, and plaintiff's recovery, if any, is thereby diminished or barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that some or all of plaintiff's causes of action are barred by the applicable statutes of limitation including but not limited to Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and 343.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that some or all of plaintiff's causes of action are barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that the failure to limit discretion of the finder of fact as to the amount of punitive damages violates defendants' constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that California Law impermissibly discriminates against defendants by limiting the amount of punitive damages which may be awarded in certain cases, while not providing limitations in the pending case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereupon allege that plaintiff's causes of action are barred by the equitable doctrine of changed circumstances.

///
///
///
///

1

## NINETEENTH AFFIRMATIVE DEFENSE

2      Defendants allege that plaintiff has stated the SAC in conclusory terms and

3  therefore defendants cannot fully anticipate all affirmative defenses that may be applicable to

4  this action.  Accordingly, defendants reserves the right to add additional affirmative

5  defenses, if and to the extent such affirmative defenses are applicable in this action.

6      WHEREFORE, defendants TICOR TITLE COMPANY OF CALIFORNIA and

7  NEW CENTURY MORTGAGE CORPORATION pray for judgment as follows:

8      1.      That plaintiff take nothing;

9      2.      For costs of suit;

10     3.      For such other and further relief as the Court shall deem just and proper.

11  Dated: January 4, 2006

12

13  PETER K. WOLFF, JR.
    Attorney for Defendant, TICOR TITLE
    COMPANY OF CALIFORNIA and
14  NEW CENTURY MORTGAGE
    CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2          I am employed in the County of Contra Costa, State of California.  I am over the age of

3    18 years and not a party to the within action.  My business address is 100 North Wiget Lane,

4    Suite 150, Walnut Creek, California 94598.

5          On the date entered below, I served the within:

6          1.       **Ticor Title Company of California and Ne Century Mortgage Corporation's**
                    **Answer to Unverified Second Amended Complaint**
7

8    on the parties in said action by placing a true copy thereof as indicated below, addressed as

     follows:
9

James L. Hand                                   Robert B. Jacobs
10   520A Oakland Avenue                             Law Office of Robert B. Jacobs
     Oakland, CA 94611                               4900 Hopyard Road, Suite 260
11   Telephone: (510) 595-4200                       Pleasanton, CA 94588
     Facsimile: (510) 595-1655                       Telephone: (925) 847-8680
12   (Attorney for Plaintiff, La Monte Andrews)      (Attorney for Defendant and Cross-
                                                     Complainant, Hamed Rasti)
13
     Corie A. Edwards                                Ralph D. Hughes
14   Wendel, Rosen, Black & Dean, LLP                Attorney at Law
     1111 Broadway, 24th Floor                       4471 Stoneridge Drive, Suite B
15   Oakland, CA 94607                               Pleasanton, CA 94588
     Telephone: (510) 834-6600                       Telephone: (925) 426-9200
16   Facsimile: (510) 834-1928                       Facsimile: (925) 426-9215
     (Attorney for Defendants, Golden Key            (Attorney for Mohammad Osmani)
17   Mortgage and Alireza Nazmi)

18   (XX)    BY MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in
             the United States Mail, which envelope(s) was then sealed and placed for collection and
19           mailing at my place of business following ordinary business practices.  Said
             correspondence will be deposited with the United States Postal Service at Walnut Creek,
20           California, on the referenced date in the ordinary course of business; and there is delivery
             service by United States mail at the place so addressed in the City of Walnut Creek,
21           County of Contra Costa, State of California.

22   ()      BY OVERNIGHT MAIL:   I caused such envelope to be delivered by Golden State
             Overnight to the office(s) of the addressee(s).
23

24   ()      BY FACSIMILE:     I caused a copy of such document to be sent via facsimile
             transmission to the office(s) of the parties above stated.

25          I declare under penalty of perjury under the laws of the State of California that the

26   foregoing is true and correct.

27   DATED: January 4, 2006

28                                         _Richele P. Thomas_
                                           RICHELE P. THOMAS

A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

Ticor Title Company of California
870 N. Hillview Drive
Milpitas, CA 95035

OMB No. 2502-0265

| | | | | |
|---|---|---|---|---|
| 1. ☐ FHA | | 2. ☐ FMHA | 3. ■ CONV. UNINS. | |
| 4. ☐ VA | 5. ☐ | CONV. INS. | | |

6. ESCROW FILE NUMBER:
00066501-507  ED1

7. LOAN NUMBER:
0001901499

8. MORTGAGE INSURANCE CASE NUMBER:

FINAL

C. NOTE:  This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:**   MOHAMMAD OSMANI

ADDRESS OF BORROWER:   4758 Lucchesi Court
Oakley, CA 94561

**E. NAME OF SELLER:**   LA MONTE H. ANDREWS

ADDRESS OF SELLER:   4758 Lucchesi Court
Oakley, CA 94561

**F. NAME OF LENDER:**   NEW CENTURY MORTGAGE CORPORATION
ADDRESS OF LENDER:   910 E. HAMILTON AVENUE
CAMPBELL, CA 95008

NEW CENTURY MORTGAGE CORPORATION
910 E. HAMILTON AVENUE
CAMPBELL, CA 95008

**G. PROPERTY LOCATION:**   4758 Lucchesi Court
Oakley, CA 94561
Contra Costa 041-190-038

**H. SETTLEMENT AGENT:**   Ticor Title Company of California
PLACE OF SETTLEMENT:   870 N. Hillview Drive, Milpitas, CA 95035

**I. SETTLEMENT DATE:**   10/15/2004   PRORATION DATE:   FUNDING DATE:

| J.         SUMMARY OF BORROWER'S TRANSACTION | | K.         SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract Sales Price | 465,000.00 | 401. Contract Sales Price | 465,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to Borrower (line 1400) | 22,378.04 | 403. | |
| 104. Payoff to | | 404. | |
| 105. | | 405. | |
| Adjustments For Items Paid By Seller In Advance: | | Adjustments For Items Paid By Seller In Advance: | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due from borrower: | 487,378.04 | 420. Gross Amount Due to Seller | 465,000.00 |
| **200. Amounts Paid by or in behalf of Borrower** | | **500. Reductions in Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 372,000.00 | 502. Settlement charges to Seller (line 1400) | 106,223.75 |
| NEW CENTURY MORTGAGE CORPORATION | 93,000.00 | | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 268,024.06 |
| 205. | | 505. Payoff of second mortgage loan | 65,588.76 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments For Items Unpaid By Seller: | | Adjustments For Items Unpaid By Seller: | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes 07/01/04 - 10/15/04 | 1,163.41 | 511. County Taxes 07/01/04-10/15/04 | 1,163.41 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. Credit from Seller for NRCC | 24,000.00 | 514. Credit from Seller for NRCC | 24,000.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 490,163.41 | 520. Total Reductions in Amount Due Seller | 465,000.00 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from Borrower (line 120) | 487,378.04 | 601. Gross amount due to Seller (line 420) | 465,000.00 |
| 302. Less amount paid by/for Borrower (line 220) | 490,163.41 | 602. Less reductions in amount due Seller (line 52) | 465,000.00 |
| 303. Cash TO Borrower: | 2,785.37 | 603. Cash FROM Seller: | 0.00 |

Hudc.rpt (12/17/2003)

Printed by Anita Rubeck-Float on 10/21/2004 at 03:43:23 PM

Exh C

OMB No. 2502-0265

| L. SETTLEMENT CHARGES: | | ESCROW ... Number: 00066501-507 ED1 | |
|---|---|---|---|
| **700. Total Sales/Broker's Commission** | | | |
| Based on Price $465,000.00 @ % = 13,950.00 | | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
| Division of Commission (line 700) follows: | | | |
| 701. $ to K. C. Mohammadi | | | |
| 702. $ 13,950.00 to K C MOHAMMADI | | | |
| $ to | | | |
| 703. Commission paid at settlement | | | 13,950.00 |
| 704. commission to K C MOHAMMADI | | | 13,950.00 |
| **800. Items Payable in Connection With Loan** | | | |
| 801. Loan Origination Fee 4% to Golden Key | | 14,880.00 | |
| 802. Loan Discount Fee | | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. Lenders Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. | | | |
| 809. Tax Service to NEW CENTURY MORTGAGE CORPORATION | | 78.00 | |
| 810. | | | |
| 811. **See attached for breakdown | | 3,183.90 | |
| Yield Spread Premium to Golden Key | ( $0.00) | | |
| **900. Items Required by Lender to Be Paid in Advance** | | | |
| 901. Interest from 10/14/04 to 11/01/04 @$69.81/day (18 days) | | 1,256.58 | |
| 902. Mortgage Insurance Premium | | | |
| 903. Hazard Insurance Premium | | | |
| 904. Flood Ins. Premium | | | |
| 905. | | | |
| **1000. Reserves Deposited With Lender** | | | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual Assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. AGGREGATE ADJUSTMENT  months @$ | | | |
| **1100. Title Charges** | | | |
| 1101. Settlement or closing fee to Ticor Title Company of California | | | 800.00 |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation to Ticor Title Company of California | | | 462.00 |
| 1106. Notary Fees | | | |
| 1107. Attorney's Fees | | | |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance to Ticor Title Company of California | | | 1,807.50 |
| (included above item numbers: ) | | | |
| 1109. Lender's coverage $  372,000.00 | | | 512.50 |
| 1110. Owner's coverage $  465,000.00 | | | |
| Lender's coverage $  92,000.00 | | | 420.00 |
| Lender's coverage $ | | | |
| 1111. Endorsement Fee to Ticor Title Company of California | | | 25.00 |
| 1112. ALTA Inspection Fee to West Point Inspection | | | 50.00 |
| 1113. **See attached for breakdown | | | 495.00 |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Recording Fees: Deed$ 30.00 Mortgage $ 68.00 Release $ | | | 128.00 |
| 1202. City/County tax/stamps | | | |
| 1203. State tax/stamps | | | |
| 1204. City Transfer Tax | | | |
| 1205. County Transfer Tax to Ticor Title Company of California | | | 511.50 |
| 1206. | | | |
| 1207. | | | |
| **1300. Additional Settlement Charges:** | | | |
| 1301. Survey to | | | |
| 1302. Pest Inspection as is | | | |
| 1303. Real Property Taxes to Contra Costa County Tax Collec | | 2,044.56 | |
| 1304. pay buyer to Mohammad Osamani | | | |
| 1305. Per Inst. of Casey to Kaseem Mohammidi | | | |
| 1306. Notary/Signing fee to Zabiullah Mohammadi | | | 200.00 |
| 1307. **See attached for breakdown | | 935.00 | 73,112.25 |
| 1400. Total Settlement Charges (Enter on line 103,Section J -and- line 502, Section K) | | 22,378.04 | 106,223.75 |

OMB No. 2502-0265

Attachments:                                           Esc..  Number:   00066501-507 ED1

## BREAKDOWN OF NEW LOANS

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| NEW CENTURY MORTGAGE CORPORATION, 910 BE. HAMILTON AVENUE, CAMPBELL, C | 372,000.00 | |
| NEW CENTURY MORTGAGE CORPORATION, 910 E. HAMILTON AVENUE, CAMPBELL, CA | 93,000.00 | |
| Total of New Loans. | 465,000.00 | |

## HUD 800 ITEMS PAYABLE IN CONNECTION WITH LOAN

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| 812. Loan Processing Fee to NEW CENTURY MORTGAGE CORPORATION | 300.00 | |
| 813. Underwriting Fee to NEW CENTURY MORTGAGE CORPORATION | 350.00 | |
| 814. Appraisal to NEW CENTURY MORTGAGE CORPORATION | 11.20 | |
| 817. Messenger Fee to NEW CENTURY MORTGAGE CORPORATION | 30.00 | |
| 820. pay from lender over-funding to Golden | 3,720.00 | |
| 821. Doc fee to NEW CENTURY MORTGAGE CORPORATION | 200.00 | |
| 822. Underwriting to Golden Key | 500.00 | |
| 823. Admin to Golden Key | 500.00 | |
| 824. Processing to Golden Key | 500.00 | |
| 825. Broker Yield Spread to Golden Key          (Buyer $3,720.00 P.O.C.) | | |
| 826. Processing fee 2nd to NEW CENTURY MORTGAGE CORPORATION | 295.00 | |
| 827. Int @ $27.65-Est. to NEW CENTURY MORTGAGE CORPORATION | 497.70 | |
| 828. YSP to broker from lender to NEW CENTURY MORTGAGE CORPORATION | (3,720.00) | |
| Total as shown on HUD Page 2 Line #811. | 3,183.90 | |

## HUD 1113 DETAILED BREAKDOWN OF TITLE CHARGES

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| 1116. Document Handling Fee to Ticor Title Company of California | | 350.00 |
| 1117. Courier Fees to Ticor Title Company of California | | 100.00 |
| 1119. CALFIRPTA Assist Fee to Ticor Title Company of California | | 45.00 |
| Total as shown on HUD Page 2 Line #1113. | | 495.00 |

## HUD 1307 DETAILED BREAKDOWN OF ADDITIONAL SETTLEMENT CHARGES

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| 1308. proceeds to La Monte H. Andrew | | 13,500.00 |
| 1311. insurance premium to Browne Insurance Services | 935.00 | |
| 1313. pay to K. C. Mohammadi | | 19,760.98 |
| 1314. proceeds to K. C. Mohammadi | | 39,851.27 |
| Total as shown on HUD Page 2 Line #1307. | 935.00 | 73,112.25 |

# TICOR TITLE COMPANY OF CALIFORNIA
870 N. Hillview Drive, Milpitas, CA  95035
(408) 263-7737
## BUYERS/BORROWERS CLOSING STATEMENT
### Final

| | |
|---|---|
| Buyer/Borrower:   MOHAMMAD OSMANI | Escrow No:   00066501-507 ED1 |
| | Close Date:   10/15/2004 |
| | Proration Date: |
| | Date Prepared:   10/21/2004 |

Property:   4758 Luccheal Court
            Oakley, CA  94561

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | $465,000.00 | |
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| Principal Amount of Loan from NEW CENTURY MORTGAGE CORPORATIC | | 372,000.00 |
| Principal Amount of Loan from NEW CENTURY MORTGAGE CORPORATIC | | 93,000.00 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes          From 07/01/04 To 10/15/04 | | 1,163.41 |
| Based on the Semi - Annual amount of $2,013.59 | | |
| Credit from Seller for NRCC | | 24,000.00 |
| **NEW LOAN CHARGES:** | | |
| Loan Origination Fee at 4% to Golden Key | 14,880.00 | |
| Tax Service to NEW CENTURY MORTGAGE CORPORATION | 78.00 | |
| Loan Processing Fee to NEW CENTURY MORTGAGE CORPORATION | 390.00 | |
| Underwriting Fee to NEW CENTURY MORTGAGE CORPORATION | 350.00 | |
| Appraisal to NEW CENTURY MORTGAGE CORPORATION | 11.20 | |
| Messenger Fee to NEW CENTURY MORTGAGE CORPORATION | 30.00 | |
| Prepaid Interest to NEW CENTURY MORTGAGE CORPORATION | 1,256.58 | |
| @ $69.81 per day          From 10/14/04 To 11/01/04 | | |
| pay from lender over-funding to Golden | 3,720.00 | |
| Doc fee to NEW CENTURY MORTGAGE CORPORATION | 200.00 | |
| Underwriting to Golden Key | 500.00 | |
| Admin to Golden Key | 500.00 | |
| Processing to Golden Key | 500.00 | |
| Broker Yield Spread to Golden Key          (POC $3,720.00) | | |
| Processing fee-2nd to NEW CENTURY MORTGAGE CORPORATION | 295.00 | |
| Int @ $27.65-Est. to NEW CENTURY MORTGAGE CORPORATION | 497.70 | |
| YSP to broker from lender to NEW CENTURY MORTGAGE CORPORATIO | (3,720.00) | |
| **ADDITIONAL CHARGES:** | | |
| Real Property Taxes to Contra Costa County Tax Collec | 2,044.56 | |
| insurance premium to Browne Insurance Services | 935.00 | |
| Sub Totals | 487,378.04 | 490,163.41 |
| Refund Due Buyer/Borrower | 2,785.37 | |
| Totals | $490,163.41 | $490,163.41 |

# TICOR TITLE COMPANY OF CALIFORNIA
870 N. Hillview Drive, Milpitas, CA 95035
(408) 263-7737
## SELLERS CLOSING STATEMENT
**Final**

| | |
|---|---|
| Seller: **LA MONTE H. ANDREWS** | Escrow No: 00066501-507 ED1 |
| | Close Date: 10/15/2004 |
| | Proration Date: |
| | Date Prepared: 10/21/2004 |

Property:  4758 Lucchesi Court
Oakley, CA 94561

| Description | | |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | | 465,000.00 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes       From 07/01/04 To 10/15/04 | 1,163.41 | |
| Based on the Semi - Annual amount of $2,013.59 | | |
| Credit from Seller for NRCC | 24,000.00 | |
| **COMMISSIONS:** | | |
| Commission | 13,950.00 | |
| $13,950.00       to K C MOHAMMADI | | |
| commission to K C MOHAMMADI | 13,950.00 | |
| **TITLE CHARGES:** | | |
| Title Insurance to Ticor Title Company of California | 1,607.50 | |
| Lenders Policy to Ticor Title Company of California | 512.50 | |
| Lenders Policy to Ticor Title Company of California | 420.00 | |
| Endorsement Fee to Ticor Title Company of California | 25.00 | |
| ALTA Inspection Fee to West Point Inspection | 50.00 | |
| Document Handling Fee to Ticor Title Company of California | 350.00 | |
| Courier Fees to Ticor Title Company of California | 100.00 | |
| CALFIRPTA Assist Fee to Ticor Title Company of California | 45.00 | |
| **ESCROW CHARGES** | | |
| Escrow Fee to Ticor Title Company of California | 800.00 | |
| Document Preparation to Ticor Title Company of California | 462.00 | |
| **RECORDING FEES:** | | |
| Recording Fees to Ticor Title Company of California | 128.00 | |
| County Transfer Tax to Ticor Title Company of California | 511.50 | |
| **PAYOFFS:** | | |
| Payoff to EMC Mortgage Corp | 268,024.08 | |
| $214,890.37    Principal Balance | | |
| $28,075.34    int. | | |
| $18,815.63    impound overdraft | | |
| $4,092.25    recoverable corp. advances | | |
| $36.90    fax/recording/insp./proj escrow | | |
| $2,013.59    deferred interest | | |
| Payoff to Daniel T. Curtis & Kelly Curti | 10,000.00 | |
| $10,000.00    Principal Balance | | |
| Payoff to HFC | 37,870.71 | |
| $36,000.80    Principal Balance | | |
| $65.05    Interest From 10/15/2004 to 10/20/2004 | | |
| $52.00    STATEMENT/RECON FEE- | | |
| $1,752.86    Other fees | | |
| Payoff to Contra Costa Co. Tax Collector | 493.75 | |
| $272.49    Principal Balance | | |
| $221.26    taxes | | |
| Payoff to Joe Clay C/O | 17,224.30 | |
| $17,224.30    Principal Balance | | |
| **ADDITIONAL CHARGES:** | | |
| Notary/Signing fee to Zabiullah Mohammadi | 200.00 | |
| proceeds to La Monte H. Andrew | 13,500.00 | |
| pay to K. C. Mohammadi | 19,760.98 | |
| proceeds to K. C. Mohammadi | 39,851.27 | |
| Sub Totals | 465,000.00 | 465,000.00 |
| Totals | $465,000.00 | $465,000.00 |

# TICOR TITLE COMPANY OF CALIFORNIA

870 N. Hillview Drive, Milpitas, CA 95035
(408) 263-7737

## BUYERS/BORROWERS CLOSING STATEMENT
### Estimated

Buyer/Borrower:  **MOHAMMAD OSMANI**

Escrow No:  00066501-507 JTS
Close Date:
Proration Date:
Date Prepared:  10/01/2004

Property:  **4758 Lucchesi Court**
           **Oakley, CA 94561**

| Description | Debit | Credit |
|---|---|---|
| **TOTAL CONSIDERATION:** | | |
| Total Consideration | $465,000.00 | |
| **NEW AND EXISTING ENCUMBRANCES:** | | |
| Principal Amount of Loan from NEW CENTURY MORTGAGE CORPORATIO | | 372,000.00 |
| Principal Amount of Loan from NEW CENTURY MORTGAGE CORPORATIO | | 93,000.00 |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes          From 07/01/04 To 10/05/04 | | 1,051.54 |
| Based on the Semi - Annual amount of $2,013.59 | | |
| Credit for 1 years payment | | 35,983.68 |
| Credit from Seller for NRCC | | 17,669.20 |
| **COMMISSIONS:** | | |
| Commission | 13,950.00 | |
| $13,950.00      to GOLDEN KEY FINANCIAL | | |
| $13,950.00      to GOLDEN KEY FINANCIAL | | |
| **NEW LOAN CHARGES:** | | |
| Loan Origination Fee at 4% to Golden Key | 14,880.00 | |
| Tax Service to NEW CENTURY MORTGAGE CORPORATION | 78.00 | |
| Loan Processing Fee to NEW CENTURY MORTGAGE CORPORATION | 300.00 | |
| Underwriting Fee to NEW CENTURY MORTGAGE CORPORATION | 350.00 | |
| Appraisal to NEW CENTURY MORTGAGE CORPORATION | 11.20 | |
| Messenger Fee to NEW CENTURY MORTGAGE CORPORATION | 30.00 | |
| Prepaid Interest to NEW CENTURY MORTGAGE CORPORATION | 1,884.87 | |
| @ $69.81 per day         From 10/05/04 To 11/01/04 | | |
| Hazard Insurance Premium to buyer to advise--est | 1,250.00 | |
| Doc fee to NEW CENTURY MORTGAGE CORPORATION      (Lender POC $200.00) | | |
| Underwriting to Golden Key | 500.00 | |
| Admin to Golden Key | 500.00 | |
| Processing to Golden Key                   (Lender POC $500.00) | | |
| Broker Yield Spread to Golden Key              (POC $3,720.00) | | |
| Processing fee-2nd to NEW CENTURY MORTGAGE CORPORATION(Lender POC $295.00) | | |
| Int @ $27.65-Est. to NEW CENTURY MORTGAGE CORPORATION | 746.55 | |
| **TITLE CHARGES:** | | |
| Endorsement Fee to Ticor Title Company of California | 75.00 | |
| ALTA Inspection Fee to West Point Inspection | 50.00 | |
| Document Handling Fee to Ticor Title Company of California | 300.00 | |
| Courier Fees to Ticor Title Company of California | 100.00 | |
| Overnight/Express Mail Fees to Ticor Title Company of California | 150.00 | |
| CALFIRPTA Assist Fee to Ticor Title Company of California | 45.00 | |
| **ESCROW CHARGES** | | |
| Document Preparation to Ticor Title Company of California | 300.00 | |
| **ADDITIONAL CHARGES:** | | |
| Real Property Taxes--est to Contra Costa County Tax Collec | 2,500.00 | |
| Sub Totals | 503,000.62 | 519,704.42 |
| Refund Due Buyer/Borrower | 16,703.80 | |
| Totals | $519,704.42 | $519,704.42 |

MOHAMMAD OSMANI


Ex h D

Printed 10/01/2004  5:55:55PM

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A DELAWARE CORPORATION, ET AL.

**PROOF OF CLAIM**

NEW CENTURY CLAIMS PROCESSING
C/O XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

| In Re: New Century TRS Holdings, Inc., a Delaware corporation, et al. | Chapter 11 Case No. 07-10416 (KJC) (Jointly Administered) |
|---|---|

| Name of Debtor | Case Numbers |
|---|---|
| New Century Mortgage Corporation | 07-10419 |

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Law Offices Of James L Hand

Name and Address Where Notices Should be Sent:    3091464

Joann Flynn
~~Law Offices of James Gellert~~
James L Hand
520a Oakland Ave
Oakland CA 94611

Telephone No: 510 595 4200

**COPY**

THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

| Account or other number by which creditor identifies debtor: | CHECK HERE IF THIS CLAIM: ☐ REPLACES ☐ AMENDS a previously filed claim, dated _____ |
|---|---|

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☒ Money loaned *by Debtor*
☐ Personal injury/wrongful death
☐ Taxes
☒ Other *Fraud*

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date) (date)

**2. DATE DEBT WAS INCURRED:**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case was filed included in secured claim above, if any:
$_____
Unsecured Nonpriority Claim $ 64,000

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 64,000 (Unsecured Nonpriority) + $_____ (Secured) + $_____ (Unsecured Priority) = $ 64,000 (Total)

If all or part of your claim is secured or entitled to priority, also complete item 5 or 7 below. (Complete box 6 if applicable.)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**RECEIVED**
JUL 24 2007
XRoads Claims Management Services

| DATE: 7/15/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) James L Hand James L Hand Atty for Joann Flynn |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0710416070515171907057360



Exh. E

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612.  On March 17, 2008, I served the attached

*Andrews*

### Declaration of James Hand, Esq. in Response to Debtors' Fourteenth Omnibus Objection

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 17, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-