IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

NEW CENTURY TRS HOLDINGS, INC.,
a Delaware corporation, et al.,

Chapter 11

Case No. 07-10416 (KJC)

Jointly Administered

-----------------------------------------------------------/

## CREDITOR MERLIN GRANT'S RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIM #2552

Creditor Merlin Grant, (hereinafter "Ms. Grant") through undersigned counsel, files this Response to Debtors' Fourteenth Omnibus Objection, and as grounds, states:

1. On August 30, 2007, Ms. Grant filed an unsecured non-priority Proof of Claim for $225,000. (Claim #2552)

2. Ms. Grant's claim against New Century arises from a transaction in which Ms. Grant was contacted by Martel Williams and his company Landrover Investments. Mr. Williams advised Ms. Grant that he could save her home from foreclosure. Landrover and Mr. Williams wrongfully obtained and recorded title to Ms. Grant's home, and title was placed in the name of Allee Allen.

3. The transaction which transferred the title of Ms. Grant's home was facilitated and funded through a $127,000.00 mortgage given to New Century Mortgage Corp. and signed by Allee Allen, the "straw-man" purchaser of Ms. Grant's home.

4. On May 17, 2005, Ms. Grant filed a lawsuit in Florida state court against the parties to the fraudulent tranaction. (Case No. 05-10185-CA-29)  A copy of the Amended Complaint is attached as Exhibit A.

5. The state court action included two counts against New Century: Negligence and

Quiet Title.[1]

6.  The closing on the transaction was conducted by A.C. Title and Escrow (hereafter "A.C. Title"), and A.C. Title acted as an agent for New Century, the lender on the transaction.

7.  A.C. Title had a fiduciary duty to Ms. Grant to conduct the closing in a reasonably prudent manner. *See Summers v. Smith and Berman, P.A.*, 637 So. 2d 60, 61 (Fla. 4th DCA 1994).

8.  A.C. Title had a fiduciary duty to Ms. Grant to terminate the closing upon evidence of fraud and the unfair and deceptive practices.

9.  A.C. Title breached its duty to Ms. Grant.

10. New Century is liable for the negligence of its agent, A.C. Title.

11. A.C. Title's breach of its duty caused Ms. Grant to lose title to her home valued at $225,000 and suffer damages.

12. On November 19, 2006, the state court denied New Century's Motion for Summary Judgment.

13. Debtors objected to Ms. Grant's proof of claim because it has "no record of this liability in their Books and Records."

14. Ms. Grant's claim should be in New Century's Books and Records because her claims against New Century have been pending in Florida state court since May 2005.

15. Debtor was actively litigating these claims from May 2005 until the filing of the bankruptcy on April 2, 2007.

16. The mortgage which forms the basis of this claim was given to New Century by Allee Allen, not Ms. Grant.

---

[1] The mortgage was allegedly assigned to REO Properties Corp. on April 2, 2007, by way of an unrecorded Assignment of Mortgage.

17. Any response should be directed to undersigned counsel which has the authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

WHEREFORE, Ms. Grant respectfully requests this Court to deny Debtors' Objection to Merlin Grant's Proof of Claim (Claim #2552).

Respectfully submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.
Attorneys for Defendant
3000 Biscayne Blvd., Suite 500
Miami, Florida 33137
Telephone: (305) 438-2403
Facsimile: (305) 573-5800

BY _____
JEFFREY M. HEARNE
FL BAR NO.: 0512060

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Creditor Merlin Grant's Response to Creditor's Fourteenth Omnibus Objection was sent via Federal Express on this 17th day of March 2008 to:

Mark Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DL 19801

Suzzanne Uhland, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

_____
JEFFREY M. HEARNE