# IN THE UNITES STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

FILED
2008 MAR 18 AM 9: 49
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

ORIGINAL

In re:

    NEW CENTURY TRS HOLDINGS, INC.,
et al.

    Debtors.

Case No. 07-10416 (KJC)

Jointly Administered

Objection Deadline: March 18, 2008 at 4:00 pm.

Hearing Date: March 25, 2008 at 1:30 p.m.

**OBJECTION TO DEBTORS' FOURTEENTH OMNIBUS OBJECTIONS PURSUANT TO 11 U.S.C. §§ 502, 503, 506, AND 507, BANKRUPTCY RULES 3007 AND 9014; AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND RECORDS CLAIMS; (B) EQUITY CLAIMS; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS**

H. SINCLAIR KERR, JR.
KEITH K. FONG
HOLLY HOGAN
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105
(415) 371-8500 Telephone
(415) 371-0500 Facsimile

*Attorneys for LISA F. CLARK*

## OBJECTION TO EXPUNGEMENT OF CLAIM

Lisa Clark was the victim of a vast fraudulent refinancing scheme perpetrated by Debtor New Century Mortgage Corporation among others. At least three of their co-conspirators have been criminally charged by the Alameda County, California District Attorney's Office (See People v. Kaseem Mohammadi, Alameda County Criminal Case No. 386756A, B, C), and Ms. Clark filed a complaint in the Alameda County Superior Court (Case No. RG06280373), which is currently pending (attached hereto as **Exhibit A**). Debtor New Century Mortgage Corporation's proposed expungement of Ms. Clark's claim is in bad faith, and Ms. Clark objects to the proposed expungement of her claim (Claim No. 2388, Case No. 07-10419).[1]

Ms. Clark is the owner of a townhouse located in San Francisco ("home") that she inherited from her mother when she passed away in 1993. Ms. Clark has lived in her home since she was seven years old. In or about the Fall of 2004, Ms. Clark met with representatives of an entity known as Golden Key, including Kaseem Mohammadi, to inquire about refinancing the mortgage on her home. During meetings at Golden Key's offices, Ms. Clark was informed that due to her low credit score, she would not be able to refinance her home. However, Mr. Mohammadi informed Ms. Clark that Golden Key had developed a loan program that would improve her credit rating to a sufficient level such that at the end of twelve months she would qualify for a low interest loan in her own name.

Mr. Mohammadi stated that as part of the program, Golden Key would provide a third party "investor" who would be added to the title to her home and would obtain a loan in his or her name on favorable loan terms. According to Mr. Mohammadi, he would withdraw only

---

[1] Ms. Clark joins in the objections filed by other victims of this fraudulent scheme, including but not limited to William Feeney (Claim No. 1220, Case No. 07-10419).

enough equity to cover her mortgage payments, property taxes, and other expenses, such as her homeowners' dues, for one year, along with unspecified fees to cover the cost of the transaction. Mr. Mohammadi promised Ms. Clark that at the end of the one-year program period, she would be pre-qualified to assume a new loan with a low annual interest rate in her own name. In reliance on these and other representations, Ms. Clark decided to participate in Golden Key's refinancing program.

In reality, the "program" was a sham. The "program" was actually a fraudulent scheme perpetrated by Mr. Mohammadi, Golden Key, and insiders at Alliance Title Company and Debtor New Century Mortgage Corporation, which acted as a lender, among others to induce Ms. Clark to refinance her mortgage so that they could steal the equity from her home. With the assistance of Debtor New Century Mortgage Corporation, Mr. Mohammadi and Golden Key were able to refinance Ms. Clark's property, significantly increase her indebtedness, and funnel the majority of her equity proceeds directly to Mr. Mohammadi.

This scheme simply would not have been possible without the assistance of "insiders" at Debtor New Century Mortgage Corporation. The involvement of Debtor New Century Mortgage Corporation is reflected by the unreasonableness of Ms. Clark's loan. Ms. Clark's HUD Settlement Statement indicates that a $3,280.00 Yield Spread Premium (YSP) was paid Golden Key Financial. A YSP does not run afoul of the prohibition against referral fees contained in Section 8 of the Real Estate Settlement Procedures Act (RESPA), 12 U.S. C. § 2607, when the YSP meets a two prong test. A YSP must (1) constitute compensation for services actually performed, or goods or facilities actually furnished; and (2) be reasonably related to the value of the goods, facilities, or services provided. Geraci v. Homestreet Bank, 347 F. 3d 749, 751 (9th Cir. 2003).

Even assuming arguendo, that the YSP in Ms. Clark's case reflects a payment to Golden Key Financial in exchange for actual goods, facilities, or services provided, the YSP is patently unreasonable. The reasonableness of a YSP is measured by examining the total compensation to a broker. <u>Culpepper v. Irwin Mortg. Corp</u>, 491 F. 3d 1260, 1266 (11th Cir. 2007). The exorbitant fees paid to Golden Key and Kaseem Mohammandi clearly makes the YSP here unreasonable. New Century's funding of such a patently unreasonable loan in contravention of RESPA illustrates that the fraudulent scheme that victimized Ms. Clark would not have occurred but for a New Century "insider."

Ms. Clark's counsel[2] spoke with counsel for Debtor New Century Mortgage Corporation via telephone and corresponded with them regarding Ms. Clark's claim. Debtor New Century Mortgage, nevertheless, simply refuses to acknowledge its obligation to Ms. Clark.

DATED: March 17, 2008        **KERR & WAGSTAFFE LLP**

By _____
HOLLY HOGAN
*Attorneys for LISA F. CLARK*

32825.doc

---

[2]   Ms. Clark's counsel, identified on the caption page, have the authority to reconcile, settle or otherwise resolve the claim.

## CERTIFICATE OF SERVICE

I, Andrew Hanna, hereby certify that an original and three (3) copies of this Brief were delivered by FedEx to the Clerk of the United States Delaware Bankruptcy Court 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and one (1) copy was sent, via FedEx to:

| Mark Collins<br>Michael Merchant<br>Christopher Samis<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | Suzzanne Uhland<br>Emily Culler<br>Ana Acevedo<br>O'MELVENY & MYERS<br>275 Battery Street<br>San Francisco, CA 94111 |
|---|---|

DATED: March 17, 2008

_____
Andrew Hanna