# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | Objection Deadline: March 18, 2008 at 4:00 p.m. |
| | Hearing Date: March 25, 2008 at 1:30 p.m. |

*Geraldine Pulliam's*
*Response to*
*Objections*

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC. | ) | |
| a Delaware corporation, et. al. | ) | Bankruptcy Case No: 07-10416 (KJC) |
| Debtors, | ) | Jointly Administered |
| _____ | / | |

GERALDINE PULLIAM, Claimant
12552 North Hill Drive
Hampton, Georgia  30228
(678) 740-7291_____/

## CLAIMANT GERALDINE PULLIAM'S RESPONSE TO OBJECTIONS

NOW COMES the Claimant Geraldine Pulliam, and in response to the Debtor's

Objections stating that it has no knowledge of Claimant Geraldine Pulliam's claim and

that it does not appear on the debtor's books and records, further states as follows:

1.    A timely claim against the debtors was filed and served on the debtors.

See attached Exhibit A.

2.    The basis for Geraldine Pulliam's claim arises out of the fraudulent

conveyance of her property with a forged and fraudulent deed, granting a secured

interest in her property to the debtors.  (See attached Exhibit B).  The mortgage and lien

held by the debtors on claimant Geraldine Pulliam's property has diminished the value

of her property by $100,000.00, including interest, costs and attorney fees.

3.    The debtor retained counsel in Michigan to defend its interests and has

ample knowledge of the claims made by the claimant, Geraldine Pulliam.  (See attached

Exhibits C, D and E)

## CERTIFICATE OF SERVICE

GERALDINE PULLIAM certifies that on March 17, 2008 a copy of Claimant

Geraldine Pulliam's Response to Objections and this Certificate of Service were sent to

the United States Bankruptcy Court, for the District of Delaware, 824 Market Street,

Wilmington, DE 19801 by depositing said documents with Federal Express for next day

morning delivery.

<br>

S/Geraldine Pulliam
GERALDINE PULLIAM

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A DELAWARE CORPORATION, ET AL.
NEW CENTURY CLAIMS PROCESSING
C/O XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

**PROOF OF CLAIM**

| In Re: | Chapter 11 Case No. 07-10416 (KJC) |
|---|---|
| New Century TRS Holdings, Inc., a Delaware corporation, et al. | (Jointly Administered) |
| **Name of Debtor** | **Case Numbers** |
| New Century Mortgage Corporation | 07-10419 |

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Geraldine Pulliam

Name and Address Where Notices Should be Sent:          3243120

Geraldine Pulliam
C/o Elaine R Carlis            Geraldine Pulliam
Elaine R Carlis               12552 North Hill Drive
23880 Woodward Ave            Hampton, GA    30228
Pleasant Ridge MI 48069

Telephone No:                                   THIS SPACE IS FOR COURT USE ONLY

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if this address differs from the address on the envelope sent to you by the court.

| Account or other number by which creditor identifies debtor: | CHECK HERE IF THIS CLAIM: ☐ REPLACES ☐ AMENDS a previously filed claim, dated _____ |
|---|---|

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned     *See Attachments A-C*
- ☐ Personal injury/wrongful death
- ☐ Taxes     *in my real property*
- ☒ Other *Debtor claims a fraudulent interest*

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. DATE DEBT WAS INCURRED:**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Secured Claim**
- ☒ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:
  - ☒ Real Estate ☐ Motor Vehicle
  - ☐ Other _____
  Value of Collateral: $_____
  Amount of arrearage and other charges at time case was filed included in secured claim above, if any:
  $_____

**Unsecured Nonpriority Claim $_____**
- ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
- ☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
  Amount entitled to priority $_____
Specify the priority of the claim.
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
- * *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.*

**5. Total Amount of Claim at Time Case Filed: $** _____ (Unsecured Nonpriority) + $ 100,000.00 (Secured) + $ _____ (Unsecured Priority) = $100,000.00 (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 6 or 7 below. (Complete box 6 if applicable.)
- ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| DATE: 8/8/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) *Geraldine Pulliam* |
|---|---|

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0710419070625113518006747

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor, and Case Number:**
A complete list of Debtors with corresponding case numbers is listed below. You MUST fill in the specific Debtor against which your claim is asserted. If you are asserting claims against more than one Debtor, you MUST file a separate Proof of Claim for each Debtor.

| DEBTOR | CASE NO. |
|---|---|
| New Century TRS Holdings, Inc.. | 07-10416 |
| New Century Financial Corporation | 07-10417 |
| New Century Mortgage Corporation | 07-10419 |
| NC Capital Corporation | 07-10420 |
| Home123 Corporation | 07-10421 |
| New Century Credit Corporation | 07-10422 |
| NC Asset Holding, L.P. | 07-10423 |
| NC Residual III Corporation | 07-10424 |
| NC Residual IV Corporation | 07-10425 |
| New Century R.E.O. Corp. | 07-10426 |
| New Century R.E.O. II Corp. | 07-10427 |
| New Century R.E.O. III Corp. | 07-10428 |
| New Century Mortgage Ventures, LLC | 07-10429 |
| NC Deltex, LLC | 07-10430 |
| NCoral, L.P. | 07-10431 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgment:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Classification of Claim:**

**Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS above.)

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**5. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7. Supporting Documents:**
You must attach to this proof of claim form copies (no originals) of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. Do not send original documents, gift certificates, gift cards, etc. Copies should be on standard-size 8 ½ x 11 paper. If documents are not available, you must attach an explanation of why they are not available.

**8. Submitting Proof of Claim Form:**
File original and one (1) copy with any attachments with the Court at the address below. Do not include this page. To receive acknowledgement of receipt, an additional copy (original + 2 copies) must be provided along with a self-addressed stamped envelope.

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR WAYNE COUNTY

GERALDINE PULLIAM,
              Plaintiff,

-vs-

CHERYL Y. MAY-OLDHAM,
TERRY OLDHAM, ROSA WOODS
PAMELA G. JARMON,  JESSIE IRENE SCOTT,
CYNTHIA D. SMITH, SHORE FINANCIAL
SERVICES, INC.
a/k/a SHORE MORTGAGE, and
NEW CENTURY MORTGAGE CORPORATION
              Defendants.

05-519067-CH    6/27/2005
JDG: KATHLEEN MACDONALD
PULLIAM GERALDINE
vs
MAY CHERYL L

---

Elaine R. Carlis  (P41495)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan  48069
(248) 291-0500

Philip G. Alber (P24802)
Omar J. Harb (P51306)
ALBER CRAFTON, PSC
Attorneys for Cynthia Smith
2301 West Big Beaver Road, Ste. 300
Troy, Michigan 48084

Cheryl May-Oldham, In Pro Per
Terry May-Oldham, In Pro Per
18000 Fleming
Detroit, Michigan 48234

William D. Daniel (P12479)
Attorney for Defendant Jessie Scott
28 West Adams, Ste. 900
Detroit, Michigan  48226
(313) 963-1455

---

## PLAINTIFF'S SECOND AMENDED
## COMPLAINT FOR DAMAGES, TO QUIET TITLE AND
## FOR INJUNCTIVE AND EQUITABLE RELIEF

NOW COMES the above named Plaintiff, GERALDINE PULLIAM, by and through her attorney ELAINE R. CARLIS, and for her amended complaint against the above Defendants states as follows:

1.    That Plaintiff Geraldine Pulliam is a resident of the City of Fayetteville, State of Georgia, and at all times relevant herein was a joint tenant of the property located at 18000 Fleming, Detroit, Michigan 48234, which is the subject matter of this action.

2.    That the Defendant Cheryl Y. May-Oldham is a resident of the City of Detroit, County of Wayne, State of Michigan.  Defendant Cheryl May-Oldham was at all times relevant herein was a joint tenant of the property at dispute in this cause, 18000 Fleming, Detroit, Michigan 48234, and a borrower on a mortgage secured by Shore Mortgage.

3.    That the Defendant Terry Oldham is the husband of Cheryl May-Oldham and is a borrower under the mortgagor secured by Defendant Shore Mortgage and at all times relevant hereto resided in the City of Detroit, County of Wayne, State of Michigan.

4.    Defendant Jessie Irene Scott at all times relevant hereto resided at 1931 Chene Court in the City of Detroit, County of Wayne, State of Michigan.

5.    Defendant Rosa Woods upon information and belief is a resident of the City of Detroit, County of Wayne, State of Michigan.

6.    Defendant Pamela G. Jarmon upon information and belief is a resident of the City of Detroit, County of Wayne, State of Michigan.

7.    Defendant Cynthia D. Smith is a resident of the City of Detroit, County of Wayne, State of Michigan and has been commissioned as a Notary Public for the County of Wayne, State of Michigan until the expiration of her commission date of May 12, 2003.

8.    Defendant Shore Mortgage is a domestic profit corporation duly licensed in the State of Michigan and at all times relevant hereto operated at 770 S. Adams, Ste. 300, Birmingham, MI 48009, with its registered agent being a Mr. Jeffrey A. Ishbia.

9.    Defendant New Century Mortgage Corporation is a foreign corporation doing business in the State of Michigan and at all times relevant hereto had as it corporate address: 18400 Von Karman, Ste. 1000, Irvine, CA 92612.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper in this Circuit Court because the amount in controversy exceeds $25,000.00, exclusive of costs, interests and attorney fees.  MCL 600.605.

11.    Venue is proper in this Circuit Court because the Defendants reside and/or does business in this County, and because the property in dispute is located in the City of Detroit, County of Wayne, State of Michigan at the location of 18000 Fleming, having a legal description as:

> Lots 100 and 101, Mapleview Subdivision of part of the Northwest One-Quarter of Fractional Sectional 7, Town 1 south, Range 12 East, Hamtramck Township (now City of Detroit), Wayne County, Michigan, according to the plat thereof as recorded in Liber 35, Page 78 of Plats, Wayne County Records.

12.    This complaint arises out of the actions of the Defendants in presenting a fraudulent quit-claim deed wrongfully conveying all of Plaintiff Geraldine Pulliam's interest to Cheryl May and Jessie Scott in joint tenancy.

## NATURE OF CLAIM

13.    This is an action to quiet title to the property known as 18000 Fleming in the City of Detroit, and an action for injunctive relief and damages to enjoin the Defendants from encumbering Plaintiff's property, clouding Plaintiff's title and destroying Plaintiff's interest in the property located at 18000 Fleming, and to quiet title as to 18000 Fleming in Plaintiff's favor, and to allow Plaintiff to have a hearing on the issue of ownership and title, as well as possession of the property, fraud and misrepresentation, negligence and other actions concerning the property located in the City of Detroit at 18000 Fleming.

14.    The disputed property was owned by Betsy M. May as the survivor of herself and her husband, Rufus L. May.

15.    Rufus L. May died on or about August 27, 1979.

16.    On or about September 19, 1979 Betsy M. May quitclaimed to herself and to her daughters: Cheryl Y. May, and Geraldine Pulliam, the property as joint tenants with full rights of survivorship and not as tenants in common.

17.    On November 1, 2004 Betsy M. May died.

18.    On or about November 29, 2001, after the death of Betsy M. May, Cheryl May and Jessie Scott fraudulently recorded a quitclaim deed purporting to deed the said property to themselves.

19.    The signatures of Betsy M. May and Geraldine Pulliam were forged by the Defendants Cheryl May and Jessie Scott.

20.    Sometime in May of 2003, Defendants Cheryl May-Oldham and Terry Oldham secured a mortgage with Shore Mortgage in the amount of $60,000.00 against the property 18000 Fleming, Detroit, MI.    The mortgage with Shore Mortgage was subsequently assigned to Defendant New Century Mortgage Corporation.

21.    Prior to the actions of Defendant Cheryl Oldham and Terry Oldham the property 18000 Fleming was free and clear of any liens and encumbrances.

## COUNT I
## DECLARATORY RELIEF TO QUIET TITLE

22.    Plaintiff realleges and repeats paragraphs 1 through 21 herein.

23.    Defendants Cheryl May-Oldham, Jessie Scott and Cynthia D. Smith caused a deed to be recorded purporting to contain signatures of Betsy M. May and Geraldine Pulliam.

24.     That the forged deed constitutes a cloud on Plaintiff's title, contrary to Michigan statute and case law.

25.     Plaintiff Geraldine Pulliam subsequently became aware that the Defendants fraudulently recorded a deed with the Wayne County Records by presenting a fraudulent quit-claim deed from Plaintiff Geraldine Pulliam which allegedly transfers all of her interest in the property to Defendants Cheryl May-Oldham and Jessie Scott.

26.     This fraudulent quit-claim deed was obtained without the permission, knowledge and consent of Plaintiff Geraldine Pulliam.

27.     Defendant Cynthia D. Smith is a Notary Public for the County of Wayne and at all times relevant hereto, acted as a notary for the fraudulent quit-claim deed allegedly from Plaintiff Geraldine Pulliam to Defendants Cheryl May-Oldham and Jessie Scott.

28.     This cause of action against Defendant Cynthia D. Smith is for negligence and breach of her duties and responsibilities under her commission as a notary public for the County of Wayne, State of Michigan.

29.     Defendant's acts and omissions, including those described above, are willful and wanton and in breach of her duties as a notary public.

30.     On or about November 29, 2001 Defendant Rosa Woods signed the fraudulent quit-claim deed allegedly from Plaintiff Geraldine Pulliam to Defendants Cheryl May-Oldham and Jessie Scott as a material witness to the signatures.

31.     On or about November 29, 2001 Defendant Pamela G. Jarmon signed the fraudulent quit-claim deed allegedly from Plaintiff Geraldine Pulliam Defendants Cheryl May-Oldham and Jessie Scott as a material witness to the signatures.

32.    Defendants Rosa Woods and Pamela G. Jarmon engaged in fraud, misrepresentation and gross negligence in acting in cohort with Defendants Cheryl May-Oldham and Jessie Scott in procuring a fraudulent quit-claim deed in order to defraud Plaintiff of her property interests.

33.    Plaintiff alleges that the Defendants knew or should have known that their actions were fraudulent, and designed to defraud Plaintiff Geraldine Pulliam of her property interests in 18000 Fleming, Detroit, Michigan.

34.    Sometime in May of 2003 Defendants Cheryl May-Oldham and Terry Oldham took a mortgage on the property 18000 Fleming with Defendant Shore Mortgage in the amount of $60,000.00.

35.    That the mortgage of Defendant Shore Mortgage and the subsequent assignment to Defendant New Century Mortgage Corp were based upon the fraudulent deed and other fraudulent actions of the Defendants, and as such constitutes a cloud on Plaintiff's good title, contrary to Michigan statute and case law.

36.    That the conveyances, the mortgage and the assignment are void and ineffective as a result of the forgery of the deed and Defendants had no interest to convey and/or mortgage the property.

37.    Plaintiff is without any legal remedy at law and will suffer irreparable loss if the Court does not enter, ex-parte, an order enjoining the mortgaging, and encumbering of her home and/or such other ex-parte equitable relief pending a full hearing on her claims.

38.    That the defendants did quitclaim title to the property to themselves by forging Plaintiff's signature without her knowledge or her consent.

39.    That the purported deed dated November 29, 2001 is invalid as it was fraudulently made and filed with the intent to commit fraud.

40.    That the mortgage secured by Shore Mortgage and the assignment to Defendant New Century Mortgage Corporation are invalid as they were fraudulently made and obtained with a fraudulent and forged deed.

WHEREFORE Plaintiff Geraldine Pulliam respectfully requests this Honorable Court to declare the interests of the defendants Cheryl May-Oldham, Terry Oldham, Shore Mortgage and Jessie Scott in 1800 Fleming invalid, declare the transactions and deed dated November 29, 2001 invalid, illegal, void and set aside, and declare the mortgage lien against 18000 Fleming invalid, illegal, void and set aside. Plaintiff further requests that the Defendants be ordered to release to Plaintiff all right, title and interest which Defendants claim, or appear to have according the forged deed and mortgage filed with the office of the Wayne County Register of Deeds.

## COUNT II
## SLANDER OF TITLE - MCL 565.25 AS TO
## ALL DEFENDANTS

41.    Plaintiff realleges and repeats paragraphs 1 through 40 herein as though set forth in full.

42.    Defendants filed the alleged claim of interest encumbering Plaintiff's property without lawful cause and with the intent to harass or intimidate Plaintiff.

43.    The filing of the alleged claim of interest by the Defendants was a substantial factor in bringing about Plaintiff's injuries, damages and special damages as alleged in this complaint.

44.     Because Defendants knew or should have known that their actions in the forgery and filing said fraudulent deed and unlawfully obtaining a mortgage against 18000 Fleming, Defendants are liable to Plaintiff for

       a)     all costs incurred in bringing this action
             to quiet title, including attorney fees;

       b)     all damages Plaintiff may have sustained as a
             result of the filing of encumbrances against her
             title;

       c)     exemplary damages.

45.     Plaintiff further states the following damages including, but not limited to actual, general, compensatory, economic, consequential, incidental and special damages, by the actions of Defendants in mortgaging said property and causing a deed to be recorded purporting to contain the signatures of Betsy M. May and Geraldine Pulliam.

WHEREFORE Plaintiff Geraldine Pulliam respectfully requests this Honorable Court to declare the interests of the defendants Cheryl May-Oldham and Jessie Scott invalid, the mortgaged secured by Shore Mortgage, and the assignment to Defendant New Century Mortgage Corporation, all be declared invalid and set aside, and declare the transactions and deed dated November 29, 2001 illegal and void and set aside.  Plaintiff further requests that the Defendants be ordered to release to Plaintiff all right, title and interest which defendants claim, or appear to have according the forged deed filed with the office of the Wayne County Register of Deeds.

## COUNT III
## SILENT FRAUD AS TO ALL DEFENDANTS

46.     Plaintiff realleges and repeats paragraphs 1 through 45 herein as though set forth in full.

47.    That Defendants committed a silent fraud upon the Plaintiff in that they knew, or should have known, that Plaintiff Geraldine Pulliam, nor Betsy May, did not sign the deed as would be revealed in a title search and the fact that there was no consideration given by these defendants to Plaintiff Geraldine Pulliam for the conveyance of her property.

48.    That Defendants had a duty to disclose to Plaintiff that they were using a forged quitclaim deed to encumber Plaintiff's title to said property.

49.    That as a result of the defendants' actions, Plaintiff has suffered irreparable harm and damage.

WHEREFORE Plaintiff prays for a judgment against the Defendants, individually, in excess of $25,000.00 exclusive of costs, interest and attorney fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.    Plaintiff realleges and repeats paragraphs 1 through 49 herein as though set forth in full.

51.    That the Defendants' actions and conduct, described above, were extreme, outrageous, and done intentionally and/or recklessly and they knew or should have known that Plaintiff Geraldine Pulliam would sustain extreme emotional distress as a result of their conduct.

52.    That as a result of Defendants' conduct, Plaintiff suffered damages as described above.

53.    That Plaintiff did sustain extreme emotional distress as a result of defendants' conduct.

WHEREFORE Plaintiff prays for a judgment against the Defendants, individually, in excess of $25,000.00 exclusive of costs, interest and attorney fees.

## COUNT V
## NEGLIGENCE AND BREACH OF STATUTORY DUTIES
## AS TO DEFENDANT CYNTHIA D. SMITH

54.    Plaintiff reallege and incorporates by reference paragraphs 1 through 53.

55.    At all times relevant hereto, Defendant Cynthia D. Smith was commissioned as a Notary Public for the County of Wayne, State of Michigan.

56.    At all times relevant hereto, Defendant Cynthia D. Smith owed to the general public and to Plaintiff in particular certain duties.

57.    Defendant Cynthia D. Smith owed certain duties as a notary to the general public including the duty to make reasonable inquiry into the identities of persons presenting themselves as witnesses and grantors to deeds.

58.    Defendant Cynthia D. Smith notarized false and fraudulent signatures and as a result of her negligence and breach of duty caused a fraudulent deed to be recorded.

59.    Defendant's acts and omissions, including those described above, are willful and wanton and in breach of her duties as a notary public and in violation of her responsibilities under his commission as a notary public for the County of Wayne, State of Michigan.

60.    Defendant breached the above duties owed to the public and to Plaintiff Geraldine Pulliam in a careless and/or negligent manner in the following ways, including, but not limited to:

      i.      Careless and/or reckless performance of her duty to determine the identity of persons signing deeds;

      ii.      Failure to require identification;

      iii.      Failure to require that persons actually sign recording instruments in his presence;

    iv.      All other acts of negligence which constitute
violations of statutory and/or common law which
may become known through the course of discovery.

61.    As a direct and proximate result of Defendant Smith's breach of the above

duties, Plaintiff Geraldine Pulliam has suffered substantial injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant Cynthia D. Smith

for all applicable damages, the costs of Plaintiff's attorney fees, as well as other damages

in an amount in excess of $25,000.00 exclusive of costs, interest and attorney fees.

**COUNT VI**
**FRAUD AND MISREPRESENTATION**

Plaintiff incorporates by reference paragraphs 1 through 61.

62.    On or about November 7, 2001, unbeknownst to Plaintiff Geraldine Pulliam,

Defendants fraudulently presented a quit-claim deed which allegedly transferred all of

Plaintiff's interest in 18000 Fleming to Defendants Cheryl May-Oldham and Jessie Scott.

63.    Defendants then recorded said deed with the Wayne County Record of

Deeds office.

64.    This fraudulent quit-claim deed and mortgage was obtained without the

permission, knowledge and consent of Plaintiff Geraldine Pulliam.

65.    Defendants intentionally obtained a false and fraudulent deed and recorded

said deed for the purposes of defrauding Plaintiff of her interest in the real property.

66.    On or about November 7, 2001 Defendant Cynthia Smith acted as a notary

and attested to and authenticated false signatures.

67.    Defendant Smith in notarizing the fraudulent signatures knew or should have

known that the actions of Defendants would cause harm to Plaintiff Geraldine Pulliam and

result in her being defrauded of her interest in said property.

68.    On or about November 7, 2001 Defendant Rosa Woods signed the fraudulent quit-claim deed allegedly from Plaintiff Geraldine Pulliam to Defendants Cheryl May-Oldham and Jessie Scott as a material witness to the signatures.

69.    On or about November 7, 2001 Defendant Pamela Jarmon signed the fraudulent quit-claim deed allegedly from Plaintiff Geraldine Pulliam to Defendants Cheryl May-Oldham and Jessie Scott as a material witness to the signatures.

70.    Defendants Woods and Jarmon knew or should have known that they were participating in fraud and misrepresentation, and acting in cohort with Defendants Cheryl May-Oldham and Jessie Scott's illegal and wrongful deeds to deprive Plaintiff of her property interests.

71.    The Defendants knew or should have known that their actions were fraudulent and designed to defraud Plaintiff Geraldine Pulliam of her property interests in 18000 Fleming, Detroit, Michigan.

72.    At the time of the signing of the deed and the witnessing of the deed, all of the representations made by the Defendants were false, and Defendants knew that their representations were false when they were made, or they were made with reckless disregard of the truth.

73.    Sometime in May of 2003, Defendants Cheryl May-Oldham and Terry Oldham secured a mortgage with Shore Mortgage in the amount of $60,000.00 against the property 18000 Fleming, Detroit, MI.

74.    That the Defendants Cheryl May-Oldham and Terry Oldham made false misrepresentations to obtain the mortgage with Defendant Shore Mortgage.

75.     That prior to the actions of Defendants Cheryl May-Oldham and Terry Oldham, the property 18000 Fleming was free and clear of any liens and encumbrances.

76.     Defendants intentionally made the false representations and intended that the public rely upon the false and fraudulent representations.

77.     That Defendant New Century Mortgage Corporation was subsequently assigned the mortgage from Shore Mortgage and has recorded its claim of interest against Plaintiff's property, thus clouding her good title.

78.     As a result of Defendants fraudulent misrepresentations, Plaintiff Geraldine Pulliam has suffered irreparable harm, substantial economic losses, damages, and attorney fees.

WHEREFORE, Plaintiff demands judgment against the Defendants for monetary damages, including costs, interest, and attorney fees.

## DEMAND FOR RELIEF

Plaintiff hereby demands judgment and all other relief prayed for above and against the Defendants, along with costs, interest, attorney fees, and any other relief which this Court deems just.

## VERIFICATION

I declare that the statements above are true to the best of my information, knowledge and belief.  MCR 2.114(B)(2)(b).

BY: *Elaine R. Carlis*

ELAINE R. CARLIS (P41495)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0500

Dated: December 4, 2006

6 0 1 7 0 2 8 7 OCT 13 '06

Li-45423        Pa-2122
206485834   10/13/2006   09:00AM
Bernard J. Youngblood
Wayne Co. Register of Deeds

*New Century*
*1000506553*

*104004080l*

## CORPORATE ASSIGNMENT OF REAL ESTATE MORTGAGE

Loan # *1000506553*

**FOR VALUE RECEIVED**, the undersigned hereby grants, assigns and transfers to   NEW CENTURY MORTGAGE
CORP., 18400 VON KARMAN, STE. 1000, IRVINE, CA 92612
all rights, title and interest of undersigned in and to that certain Real Estate Mortgage dated
December 30, 2004                                                    , executed by
CHERYL MAY-OLDHAM, A Married Woman and TERRY OLDHAM, Her Husband

to                                    SHORE MORTGAGE
a corporation organized under the laws of        MI              and whose principal place of business is
770 S. ADAMS SUITE 300BIRMINGHAM, MI 48009
and recorded in Liber  lib 42714    page(s) pg 1372        Wayne              County Records.
    State of MI                          described hereinafter as follows:

The land is situated in the City of Detroit, County of Wayne, State of
Michigan and is described as follows:

Lots 100 and 101, MAPLEVIEW SUBDIVISION, according to the
recorded plat thereof, as recorded in Liber 35 of Plats, Page 78.

Item # 014565-6
Ward # 09

Commonly known as:   18000 FLEMING,DETROIT, MI  48234
**TOGETHER** with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Real Estate Mortgage.

                                    SHORE MORTGAGE
                                    EXECUTED: January 5th, 2005

STATE OF    MICHIGAN
COUNTY OF   OAKLAND
                                    By: Timothy Sampson
                                    Its: MANAGER

On  January 05, 2005    before me, the
undersigned, a Notary Public in and for said County
and State, personally appeared  Timothy Sampson       Witness  Boughetta Daniels
known to me to be the  MANAGER
of SHORE MORTGAGE, who executed the within             Witness  Natasha Behr
instrument; that said instrument was signed on
behalf of said corporation pursuant to its by-laws or
a resolution of its Board of Directors and that he/she
acknowledges said instrument to be the free act and
deed of said corporation.

Notary Public

                    County,

My Commission Expires:                       (THIS AREA FOR OFFICIAL NOTARY SEAL)

Prepared by and when recorded return to:
Gerald Nelson
SHORE MORTGAGE                               JANINE JAMES
770 S ADAMS, STE 300                  Notary Public, Oakland County, MI
BIRMINGHAM, MI 48009                 My Commission Expires: 06-02-2012
                                     Acting in Oakland County, MI

AS9 96R Pg 580

## Elaine R. Carlis

| | |
|---|---|
| **From:** | "Richard Allen (Irvine Office)" <RiAllen@ncen.com> |
| **To:** | <ercarlis@sherbowlaw.com> |
| **Cc:** | "Chuck Houston" <CHouston@ncen.com> |
| **Sent:** | Thursday, February 15, 2007 12:38 PM |
| **Subject:** | Geraldine Pulliam v. New Century Mortgage et al; NCMC #1006991614, Terry Oldham |

Hello Elaine,

I wanted to talk to you today in order to review the above file and request a 30 day extension to respond. I have tendered a title claim to Chicago Title Insurance Company due to forgery and wanted to give them time to appoint an outside attorney in the state of Michigan to represent New Century Mortgage. At present a response is due before Wednesday February 28, 2007.

At your convenience, please give me a call or send an email and let me know what time is good for you today. Since we are Pacific Time and you are Eastern Time we are three hours behind you. I will be here until 5:30 PM pacific time.

Thanks for your assistance in this matter.

Richard Allen
Risk Analyst
New Century Mortgage Corporation
3121 Michelson Drive, 6th Floor
Irvine, CA 92612
Direct: 949-517-1676
Fax: 949-517-4053
E-Mail: riallen@ncen.com

NOTE: This communication, and any attachment to it, may contain privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient (or authorized to receive for addressee), you may not read, use, copy, disclose or disseminate to anyone the message or any information contain therein. **If you have received this message in error, please notify the sender immediately at (800) 967-7623 (ext 5727), and destroy the original communication and its attachment(s) without reading, printing or saving in any manner. Thank you.**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GERALDINE PULLIAM,

       Plaintiff,

Case No. 05-519067-CH

vs.

HON. KATHLEEN MACDONALD

CHERYL Y. MAY-OLDHAM,
TERRY OLDHAM, ROSA WOODS,
PAMELA G. JARMON, JESSIE IRENE SCOTT,
CYNTHIA D. SMITH, SHORE FINANCIAL
SERVICES, INC. a/k/a SHORE MORTGAGE, and
NEW CENTURY MORTGAGE CORPORATION,

       Defendants.

---

ELAINE R. CARLIS (P41495)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0500

CHERYL MAY-OLDHAM, In Pro Per
TERRY MAY-OLDHAM, In Pro Per
18000 Fleming
Detroit, Michigan 48234

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
THOMAS G. COSTELLO (P42973)
Attorneys for Defendant New Century
  Mortgage Corporation, Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000

PHILIP G. ALBER (P24802)
OMAR J. HARB (P51306)
ALBER CRAFTON, PSC
Attorneys for Cynthia Smith
2301 West Big Beaver Road, Suite 300
Troy, Michigan 48084
(248) 822-6190

WILLIAM D. DANIEL (P12479)
Attorney for Defendant Jessie Scott
28 West Adams, Suite 900
Detroit, Michigan 48226
(313) 963-1455

---

## NEW CENTURY MORTGAGE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NEW CENTURY MORTGAGE CORPORATION, by and through its attorneys,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., submits the following Answer to

Plaintiff's Second Amended Complaint:

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

1.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

2.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

3.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

4.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

5.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

6.      Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

7.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

8.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

9.    Defendant admits it is a foreign corporation doing business in the State of Michigan.  Defendant denies the address stated is its "corporate" address.

### Jurisdiction and Venue

10.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

11.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

12.    Defendant denies any allegations that it was somehow involved in presenting a fraudulent quit claim deed or wrongfully conveying any of Plaintiff's alleged interest in the property.  Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without

3

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302   (248) 593-5000

knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

## **Nature of Claim**

13.    Defendant objects to this paragraph as failing to comply with the pleading requirements of the Michigan Court Rules.   Defendant denies any allegations of wrongdoing to the extent they are intended to apply against it.  Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

14.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

15.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

16.    Defendant admits the allegations contained in this paragraph of Plaintiff's Amended Complaint.

17.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

18.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

19.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

20.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

21.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

<u>**Count I**</u>

22.    Defendant hereby incorporates by reference all of its responses to the above paragraphs.

23.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

24.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

25.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

26.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

27.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

28.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

29.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

30.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

31.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

32.    Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

33.    Defendant denies any allegations that it was somehow involved in presenting a fraudulent quit claim deed or wrongfully conveying any of Plaintiff's alleged interest in the property. Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

34.    Defendant denies any allegations that it was somehow involved in presenting a fraudulent quit claim deed or wrongfully conveying any of Plaintiff's alleged interest in the property. Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 8910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

35.     Defendant denies any allegations that it was somehow engaged in any fraudulent conduct.   Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

36.     Defendant denies that the subject mortgage or any conveyances of same are void or ineffective.   Defendant neither admits nor denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

37.     Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

38.     Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

39.     Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

40. Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

## Count II

41. Defendant hereby incorporates by reference all of its responses to the above paragraphs.

42. Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

43. Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

44. Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

9

45.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

### Count III

46.    Defendant hereby incorporates by reference all of its responses to the above paragraphs.

47.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

48.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

49.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

## Count IV

50.    Defendant hereby incorporates by reference all of its responses to the above paragraphs.

51.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

52.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

53.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

11

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

<u>**Count V**</u>

54.    Defendant hereby incorporates by reference all of its responses to the above paragraphs.

55.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

56.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

57.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

58.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

59.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

60.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302   (248) 593-5000

61.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

### Count VI

(Sic).  Defendant hereby incorporates by reference all of its responses to the above paragraphs.

62.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it.  Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

63.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it.  Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

64.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it.  Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

13

65.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

66.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

67.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

68.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

69.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that

14

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

70.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

71.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

72.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it. Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

73.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

74.    Defendant neither admits nor denies the allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

75.    Defendant neither admits nor denies the allegations asserted against for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

76.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it.  Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

77.    Defendant denies that it has improperly placed a cloud on Plaintiff's title.  Defendant neither admits nor denies the remaining allegations asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

78.    Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint to the extent they pertain to it.  Defendant neither admits nor denies the allegations to the extent asserted against other defendants for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and leaves Plaintiff to her proofs.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

WHEREFORE, Defendant NEW CENTURY MORTGAGE CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in it entirety and award it all costs and attorney fees occurred in the defense of this action.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: _____

THOMAS G. COSTELLO (P42973)
Attorney for Defendant New Century, Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302
(248) 593-5000

## AFFIRMATIVE DEFENSES

Defendant, NEW CENTURY MORTGAGE CORPORATION, by and through its attorneys, Lipson, Neilson, Cole, Seltzer & Garin, P.C., states the following Affirmative Defenses in response to Plaintiff's Second Amended Complaint:

1.    Plaintiff has failed to state a claim upon which relief can be granted against this defendant compelling dismissal of Plaintiff's Complaint, pursuant to MCR 2.116(C)(8).

2.    There is no genuine issue of any material fact and, therefore, Defendant is entitled to dismissal as a matter of law, pursuant to MCR 2.116(C)(10).

3.    Parties other than this Defendant were the proximate cause of any alleged damages sustained by Plaintiff, if any.

4.    This Defendant is a bona fide purchaser for value regarding the mortgage interest it possessed in the property.

5.    Plaintiff has failed to mitigate her damages.

6.    Plaintiff lacks the required legal standing to pursue this action.

7.    Alleged improper notarization of a deed does not invalidate the conveyance of the subject property.

8.    Plaintiff's claims are barred, in whole or in part, based upon her own fraud, misrepresentation, negligence and/or unclean hands.

9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

10.    Plaintiff's claims are barred, in whole or in part, due to the intervening wrongful and/or illegal conduct of others.

11.    Plaintiff's claims are barred, in whole or in part, for the reason that Defendant is a bonafide encumberer for value.

12.    Defendant is entitled to an equitable lien against the subject property.

13.    Plaintiff has failed to attach to her Complaint a copy of the written evidence of title referred to in her complaint, in violation of MCR 3.411(C)(2), thus barring the relief sought and failing to state a claim.

14.    Plaintiffs claims for fraud, silent fraud or misrepresentation are barred pursuant to MCR 2.112(B)(1), as those claims have not been plead with specificity.

15.    Defendant did not knowingly file any documents regarding any interest in the property with the intent of causing injury to Plaintiff.

16.    Defendant did not file any documents regarding any interest in the property with the intent or purpose of slandering title.

17.    Defendant did not file any false documents regarding any interest in the property with the intent or purpose of slandering title.

18.    Defendant did not file any documents regarding any interest in the property with malice.

18

19.    Plaintiff has not suffered any special damages.

20.    Co-defendant Cheryl May-Oldham possessed an interest in the subject property, independent of any interest asserted by Plaintiff, which she could grant a mortgage interest in.

## NOTICE OF RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendant reserves the right to amend these Affirmative Defenses upon learning of any further facts or information that would justify amendment of such defenses under the law.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By:    _____
THOMAS G. COSTELLO (P42973)
Attorneys for Defendant New Century, Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302
(248) 593-5000

DATED:        March 26, 2007

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GERALDINE PULLIAM,

      Plaintiff,

                                Case No. 05-519067-CH

vs.

                                HON. KATHLEEN MACDONALD

CHERYL Y. MAY-OLDHAM,
TERRY OLDHAM, ROSA WOODS,
PAMELA G. JARMON, JESSIE IRENE SCOTT,
CYNTHIA D. SMITH, SHORE FINANCIAL
SERVICES, INC. a/k/a SHORE MORTGAGE, and
NEW CENTURY MORTGAGE CORPORATION,

      Defendants.

---

ELAINE R. CARLIS (P41495)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan  48069
(248) 291-0500

CHERYL MAY-OLDHAM, In Pro Per
TERRY MAY-OLDHAM, In Pro Per
18000 Fleming
Detroit, Michigan  48234

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
THOMAS G. COSTELLO (P42973)
Attorneys for Defendant New Century
  Mortgage Corporation, Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302
(248) 593-5000

PHILIP G. ALBER (P24802)
OMAR J. HARB (P51306)
ALBER CRAFTON, PSC
Attorneys for Cynthia Smith
2301 West Big Beaver Road, Suite 300
Troy, Michigan  48084
(248) 822-6190

WILLIAM D. DANIEL (P12479)
Attorney for Defendant Jessie Scott
28 West Adams, Suite 900
Detroit, Michigan  48226
(313) 963-1455

---

## PROOF OF SERVICE

    The undersigned says that she caused to be served as indicated below a copy of

the following documents in the above captioned matter:

DOCUMENTS:    New Century Mortgage Corporation's Answer and Affirmative
                  Defenses to Plaintiff's Second Amended Complaint with Notice of
                  Right to Amend Affirmative Defenses and this Proof of Service

*LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000*

DATE:          March 26, 2007

TO:            Elaine R. Carlis, Esq.              Omar J. Harb, Esq.
               23880 Woodward Avenue             2301 W. Big Beaver Rd., #300
               Pleasant Ridge, MI  48069         Troy, MI  48084
               (Fax and First Class Mail)        (First Class Mail)

               Cheryl May-Oldham                 Terry May-Oldham
               18000 Fleming                     18000 Fleming
               Detroit, MI  48234                Detroit, MI  48234

     That being their last known addresses.

     I declare that the above statements are true and correct to the best of my
knowledge, information and belief.

                                    _Cathy Montana_
                                    Cathy Montana

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

Approved, SCAO

05-519067-CH    6/27/2005
JDG: KATHLEEN MACDONALD
PULLIAM GERALDINE
vs
MAY CHERYL L

| STATE OF MICHIGAN JUDICIAL DISTRICT | ORDER FOR ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY |
|---|---|
| 3rd        JUDICIAL CIRCUIT | |

**Court address**

CAYMC, Two Woodward Ave., Detroit, Michigan 48226-3413

**Court telephone no.**

(313) 224-2240

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| Geraldine Pulliam | v | New Century Mortgage Corporation, et al. |

| Plaintiff(s) attorney, bar no., address, and telephone no. | Defendant(s) attorney, bar no., address, and telephone no. |
|---|---|
| ELAINE R. CARLIS (P41495) 23880 Woodward Avenue Pleasant Ridge, Michigan 48069 (248) 291-0500 | THOMAS G. COSTELLO (P42973) 3910 Telegraph Road, Suite 200 Bloomfield Hills, Michigan 48302 (248) 593-5000 |

This case has been stayed in bankruptcy.

| Bankruptcy petition no. | United States District Court |
|---|---|
| 07-10416-KJC | UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE |

**IT IS ORDERED:**

1. This case is closed for administrative purposes without prejudice.

2. This closing does not constitute a dismissal or a decision on the merits.

3. When the bankruptcy stay has been removed this case may be reopened on motion of any party.

JUL 3 0 2007

**Date**

KATHLEEN MACDONALD

**Judge**                                           **Bar no.**

BY____

DEPUTY CLERK

ISHBIA & GAGLEARD, P.C.
ATTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET, SECOND FLOOR
BIRMINGHAM, MICHIGAN 48009

JEFFREY A. ISHBIA
MICHAEL A. GAGLEARD *
MARK W. CHERRY
DAVID N. ZACKS **

PHILIP CWAGENBERG
FRANK J. LAROCCA
MICHAEL J. WEISBERG **
WILLIAM C. ROUSH
S. JAY AHMAD
RICHARD A. NASKI

(248) 647-8590
(800) 647-6269

FAX (248) 647-8596

OF COUNSEL
DAVID S. LICHTENSTEIN

* ALSO ADMITTED IN CALIFORNIA
** ALSO ADMITTED IN FLORIDA

November 16, 2006

**VIA FACSIMILE (248/291-0505)**
**AND FIRST CLASS MAIL**
Elaine R. Carlis, Esq.
23880 Woodward Avenue
Pleasant Ridge, MI 48069

> **Re:    Geraldine Pulliam v. Cheryl Y. May-Oldham...Shore Financial Services, Inc.**
> **d/b/a Shore Mortgage et al**
> **Wayne County Circuit Court Case No. 05-519067 CH**
> **Honorable Kathleen MacDonald**

Dear Ms. Carlis:

Please be advised that I and this law firm represent Shore Financial Services, Inc. a/k/a Shore Mortgage ("Shore") with regard to the above-referenced matter. Therefore, any and all further contact and/or communication with regard to my client or this matter should be directed to my attention.

Please be advised that I am in the process of filing an Appearance on behalf of Shore. However, while it appears that you have undertaken to put my client into Default, the reality of the situation is that Shore has no interest whatsoever in the property that is at issue, and therefore Shore has been improperly and/or inappropriately named as a Defendant in this action. Let me explain.

It is my understanding that this is a 2005 case, and while having been pending for over a year, my client, Shore, has only been added as a Defendant as of August 2006. I understand that the parties have been in front of the Judge on several occasions in which the Judge has provided adjournments of settlement conferences so that you could bring in as a party defendant the mortgage holder on the property at issue so that you could have all proper parties before the Court for the quiet title claim. While it appears that Shore provided a loan to Cheryl Y. May-Oldham and Terry Oldham on 12/30/04, and that the Oldhams then provided a mortgage to Shore of same date, Shore then, in turn, sold all of its rights in, title to and/or interest in the property at issue to another company, New Century Mortgage Corporation, 18400 Von Karman, Suite 1000, Irvine, CA 92612 ("New Century"), on the same date of 12/30/04. Attached for your review is the Corporate Assignment of Real Estate Mortgage which documents the Shore assignment of all of its rights in, title to and/or interest in the underlying property to New Century.

*Elaine R. Carlis, Esq.*
*November 16, 2006*
*Page 2*

As a result, Shore has been improperly and/or inappropriately added as a Defendant since Shore does not, and has not, held an interest in this property since 12/30/04. Therefore, Shore's presence in this lawsuit is immaterial to the outcome you seek on behalf of your client.

The proper party to this action, if you are attempting to bring in the mortgage holder to quiet title, would be New Century, assuming, of course, that New Century hsd not sold or assigned it's rights to the property.

While I have provided you a copy of the Corporate Assignment, the originally signed document would have been sent to New Century when the Assignment was made on 12/30/04, who then had the responsibility to file this Corporate Assignment in order to protect its own interest.

Therefore, since Shore is not a proper defendant in this action, and Shore's presence is immaterial to the outcome , and given that it has absolutely no connection whatsoever to the property at issue or the underlying issues contained in this case, I would then ask that you sign the enclosed proposed Order which sets aside the Default you have taken against Shore and which provides for the dismissal of Shore as a party to this action.

If you are looking to quiet title on this property, then I would think that it might be necessary for you to bring in New Century as a party defendant.

I am asking you to concur in this request in setting aside the Default against Shore and stipulating to the dismissal of Shore from this action rather than having me file a motion to set aside the default with a subsequent motion for summary disposition in this regard.

I look forward to hearing from you shortly, and I thank you for your anticipated cooperation.

Very truly yours,

ISHBIA & GAGLEARD, P.C.

Frank J. LaRocca

FJL/rmk
Enclosures
cc:    Omar J. Harb, Esq. (via facsimile 248/822-6191) (w/enclosure)
         William Daniel, Esq. (via facsimile 313/961-4315) (w/enclosure)
         Cheryl May-Oldham/Terry Oldham (via first class mail) (w/enclosure)
F:\DATA\SHORE\Pulliam\Letters\Carlis 1.wpd

6 0 1 7 0 2 8 7 OCT 13 '06

Li-45423      Pa-2122
206485834  10/13/2006  09:00AM
Bernard J. Youngblood
Wayne Co. Register of Deeds

New Century
1000506553

104004080

# CORPORATE ASSIGNMENT OF REAL ESTATE MORTGAGE

Loan # 1000506553

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to   NEW CENTURY MORTGAGE
CORP.,18400 VON KARMAN, STE. 1000,IRVINE, CA 92612
all rights, title and interest of undersigned in and to that certain Real Estate Mortgage dated
December 30, 2004                                                  , executed by
CHERYL MAY-OLDHAM, A Married Woman and TERRY OLDHAM, Her Husband

to                              SHORE MORTGAGE
a corporation organized under the laws of        MI            and whose principal place of business is
770 E. ADAMS SUITE 300BIRMINGHAM, MI 48009
and recorded in Liber  lib 42714     page(s) pg 1372        Wayne          County Records.
State of MI                          described hereinafter as follows:

The land is situated in the City of Detroit, County of Wayne, State of
Michigan and is described as follows:

Lots 100 and 101, MAPLEVIEW SUBDIVISION, according to the
recorded plat thereof, as recorded in Liber 35 of Plats, Page 78.

Item # 014565-6
Ward # 09

Commonly known as:    18000 FLEMING,DETROIT, MI 48234
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Real Estate Mortgage.

SHORE MORTGAGE
EXECUTED: January 5th, 2005

By: Timothy Sampson
Its: MANAGER

STATE OF    MICHIGAN
COUNTY OF   OAKLAND

On  January 05, 2005    before me, the
undersigned, a Notary Public in and for said County
and State, personally appeared  Timothy Sampson
known to me to be the  MANAGER
of SHORE MORTGAGE, who executed the within
instrument; that said instrument was signed on
behalf of said corporation pursuant to its by-laws or
a resolution of its Board of Directors and that he/she
acknowledges said instrument to be the free act and
deed of said corporation.

Witness  Boughetta Daniels

Witness  Natasha Behr

Notary Public

County,

My Commission Expires:

(THIS AREA FOR OFFICIAL NOTARY SEAL)

Prepared by and when recorded return to:
Gerald Nelson
SHORE MORTGAGE
770 S ADAMS, STE 300
BIRMINGHAM, MI 48009

JANINE JAMES
Notary Public, Oakland County, MI
My Commission Expires: 08-02-2012
Acting in Oakland County, MI

AS9 96R PA 58D