# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In Re*: | * | Chapter 11 |
| New Century TRS Holdings, Inc., et al., | * | Case No.  07-10416 (KJC) |
| | * | Jointly Administered |
| Debtors. | | |

\*       \*       \*       \*       \*       \*       \*

### OPPOSITION AND OBJECTION BY MELVIN PROCTOR, ET AL
### TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION

Melvin Proctor filed a class claim on behalf of himself and other homeowners similarly situated (hereinafter "Proctor Claim") that have lost title to their properties and substantial equity in their homes as a result of a predatory lending scheme. The scheme was accomplished through a foreclosure rescue scam perpetrated by various entities, including some of the debtors in this jointly administered proceeding. The details of the predatory lending is more fully set forth in the First Amended Complaint filed before the United States District Court for the District of Maryland, Case No. 08-1957 RWT. A copy of the First Amended Complaint is attached hereto as Exhibit 1.

The Debtors have filed their Fourteenth Omnibus Objection which includes the Proctor Claim. The objection to the Proctor Claim presented by the Debtors in their omnibus objection is that the Proctor claim does not appear in the Debtors' books and records. See Debtors' Fourteenth Omnibus Objection at p. 4-5.

As shown below, the Debtors' Fourteenth Omnibus Objection is not properly before the Court. Therefore, it should be denied as to the Proctor Claim.

## I. THE DEBTORS' OMNIBUS OBJECTION TO CLAIMS BASED ON THE ASSERTION THAT THE CLAIMS DO NOT APPEAR IN THE DEBTORS' BOOKS AND RECORDS IS NOT A PROPER ASSERTION IN AN OMNIBUS OBJECTION TO CLAIMS.

The Debtors' omnibus objection to the Proctor Claim is improper under Bankruptcy Rule 3007. Rule 3007 (d) sets forth the objections that may be asserted in an omnibus objection. The purported basis for the claims listed in Part A of the Debtors' omnibus objection – that the claims do not appear in the books and records of the Debtors – is not listed in the grounds that may be asserted in an omnibus objection. Rule 3007 (d) provides:

> Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>
> > **(1)** they duplicate other claims;
> > **(2)** they have been filed in the wrong case;
> > **(3)** they have been amended by subsequently filed proofs of claim;
> > **(4)** they were not timely filed;
> > **(5)** they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
> > **(6)** they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
> > **(7)** they are interests, rather than claims; or
> > **(8)** they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Since the Debtors' Omnibus objection to the claims identified in Part A of its filing is not upon one of the ground set forth in 3007 (d) the omnibus objection is improper and should be denied.

## II. IF THE COURT ALLOWS THE OMNIBUS OBJECTION TO PROCEED ON GROUNDS OTHER THAN ALLOWED BY RULE 3007 (d), THE OBJECTION IS DEFICIENT FOR THE ADDITIONAL REASON THAT THE OMNIBUS OBJECTION FAILS TO COMPLY WITH RULE 3007 (e).

If the court allows the omnibus objection to proceed, notwithstanding that it does not

state a ground listed in Rule 3007 (d), the omnibus objection should not be allowed because it does not comply with the procedural requirements under Rule 3007 (e). Rule 3007 (d) states that the filing of any omnibus objection is subject to subsection e. The Debtors' omnibus objection fails to comply with Rule 3007 (e) in several respects. Rule 3007 (e) provides:

> (e)  Requirements For Omnibus Objection
>
> An omnibus objection shall:
>
> (**1**) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;
> (**2**) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;
> (**3**) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;
> (**4**) state in the title the identity of the objector and the grounds for the objections;
> (**5**) be numbered consecutively with other omnibus objections filed by the same objector; and
> (**6**) contain objections to no more than 100 claims.

Other than perhaps complying with (4) and (5) of subsection (e), the Debtors' omnibus objection does not comply with the remaining requirements of subsection (e). The Debtors recognize that the omnibus objection exceeds the maximum number of objections permitted in an omnibus objection. See Debtors' Omnibus Objection at p. 10. The Debtors reference the Local Rule and ask the Court to waive the requirements of the Local Rule. See Footnote 4 on Page 10.  Whether the Court is inclined to waive the Local Rule or not, the Debtors' Motion is filed in violation of Rule 3007 (e)(6).

Additionally, the Debtors' omnibus objection makes no effort to comply with the provisions of (e) (1)(2) or (3). Accordingly, the Debtors' Omnibus Objection fails to comply with the applicable Rule and should be denied.

**III. CONCLUSION**

For the foregoing reasons, the Debtors' Fourteenth Omnibus Objection should be denied.

BY _____

Scott C. Borison

5500 Buckeystown Pike

Frederick, MD 21701

(301) 620-1016

borison@legglaw.com

Attorney for Creditors,

Melvin Proctor, et al,

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing amended objection was served on the Debtors' counsel, by overnight delivery service and mailed by first class mail postage prepaid to

Mark Collins

Michael J. Merchant

Christopher M. Samis

Richard, Layton & Finger PA

One Rodney Square

920 North King St.

Wilmington DE 19801

Ben Logan

Suzzanne S. Uhland

Emily R. Culler

Ana Acevedo

O'Melveny & Myers LLP

275 Battery St.

San Francisco CA 94111

on this 17th day of March, 2008.

_____

Scott C. Borison