## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware Corporation, *et al.* | : (Jointly Administered) |
| | : |
| Debtors. | : **Hearing Date: April 9, 2008 at 1:30 p.m. (EST)** |

------------------------------------------------------x  **Objection Deadline: April 2, 2008 at 4:00 p.m. (EST)**

### MOTION OF ALBERTO AND HELEN FIGUEROA
### FOR RELIEF FROM THE AUTOMATIC STAY

Alberto and Helen Figueroa (collectively, the "Figueroas" or "Plaintiffs") hereby respectfully move (the "Motion") for an Order granting the Figueroas relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and in support of this Motion respectfully represent as follows:

### BACKGROUND

#### *The Personal Injury Action*

1.      On February 20, 2007, Albert Figueroa ("Mr. Figueroa") was caused to trip and fall due to a dangerous and hazardous condition at 1312 College Avenue, Bronx, New York, which, upon information and belief, was, at all relevant times, owned and operated by one of the above-captioned debtors (collectively, the "Debtors").  *See* the Verified Complaint (the "Complaint"), attached hereto as Exhibit A, at ¶¶ 8-23.

2.      As a result of the negligence of the Debtors in the ownership of the premises, Mr. Figueroa was caused to sustain serious and permanent injuries.  Complaint at ¶¶ 24-25.  Additionally, Helen Figueroa, the wife of Mr. Figueroa, was deprived of the society services and consortium of Mr. Figueroa due to the negligence of the Debtors.  *Id.* at ¶ 31.

{00756019;v1}

3.     On or about March 7, 2007, Mr. Figueroa commenced a civil action (the "State Court Action") styled as *Albert Figueroa and Helen Figueroa v. Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust*, Index No. 8775/2007 in the Supreme Court of the State of New York, County of Bronx (the "State Court") by filing the Complaint seeking damages against the above-captioned Debtors, among other relief, based upon the negligence of the Debtors.

***Procedural History***

4.     On April 2, 2007, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     The Debtors' bankruptcy filings stayed the State Court Action pursuant to the automatic stay provision of section 362 of the Bankruptcy Code.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 362(d)(1) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## REQUEST FOR RELIEF

7.     By this Motion, the Plaintiffs request relief from the automatic stay of section 362(a) of the Bankruptcy Code to allow the Plaintiffs to pursue their claims against the Debtors' estates to final, nonappealable judgment.

## BASIS FOR RELIEF REQUESTED

*The Figueroas Are Entitled to Relief From the Automatic Stay*
*Under Section 362(d)(1) of the Bankruptcy Code*

8.    The Figueroas are entitled to relief from the automatic stay under section 362(d) of the Bankruptcy Code.  Subsection (d)(1) provides:

>    (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .
>
>        (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

9.    At a hearing for relief from the automatic stay under Bankruptcy Code Section 362(d), the party opposing stay relief bears the burden of proof on all issues except debtor's equity in property.  *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g).  If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 362(g).  *See In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

10.    The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis.  *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.),* 141 B.R. 574, 576 (Bankr. D. Del. 1992); *Sonnax Indus. v. Tri Compoenent Prod. Corp. (In re Sonnax Ind., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990).  "Cause" for modification of the automatic stay "is an intentionally broad and flexible concept that permits . . . [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive situations."  *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995).  Accordingly, courts determine what

constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (*citing Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)).

11.    Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).    The court in *Bock* pointed out that "[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *Id.* at 566.    *See also Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995) (stating that a court should look into whether, *inter alia,* there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

12.    The legislative history to section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

13.    The legislative history emphasizes the section's applicability to proceedings in another tribunal.    *Id.*    "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to

relieve the bankruptcy court from any duties that may be handled elsewhere." *Id., citing* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

14.    This Court has previously applied an equitable balancing test to determine, if "cause" exists to lift the automatic stay to allow litigation to go forward in a non-bankruptcy forum.  *In re Rexene Products Co.*, 141 B.R. at 576.  Under the equitable balancing test, the Court reviews three factors:

> (1)    whether prejudice will be caused to either the bankrupt estate or the debtor as a result of the suit,
>
> (2)    whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;
>
> (3)    whether the movant has a reasonable probability of prevailing on the merits of the suit. *Id.*

15.    Application of the equitable balancing test to the present case clearly demonstrates that relief from the automatic stay is warranted.

### *The Estates Will Not Be Prejudiced if Relief From the Automatic Stay is Granted*

16.    The estates will not be prejudiced if the automatic stay is lifted to permit the State Court Action to continue against the Debtors to conclusion, because: (i) the State Court Action is the most expeditious means of adjudicating the Plaintiffs' claims against the Debtors, and (ii) the State Court Action will not burden the estates financially or operationally.

17.    The State Court Action will not prejudice the estates.  In fact, allowing the State Court Action to conclude may be the most expeditious way to accomplish a quantification of the Plaintiffs' claims. *See In re Wheeler Group, Inc.*, 75 B.R. 200, 210 (Bankr. S.D. Ohio 1987).  In *Wheeler Group*, the Bankruptcy Court lifted the automatic

stay after recognizing the benefits of allowing an employment discrimination case, commenced pre-petition, to conclude. The Court observed, "the most expeditious way to liquidate the claim is to allow it to proceed to its conclusion in the District Court." *Id.*

18.     Liquidating the Plaintiffs' claims in the State Court Action will minimize the estates' litigation costs because it will likely cost less to conclude the State Court Action than to start a new trial in the District Court.[1]  Before the section 362 stay, the parties in the State Court Action and their respective counsel expended time and effort in connection with the State Court Action, which should not be unnecessarily duplicated.

19.     Finally, liquidating the Plaintiffs' claims in the State Court Action will not prejudice the Debtors' estates because, upon information and belief, and as reflected in the Declaration Page attached hereto as Exhibit B, there is a Portfolio Security Policy in place that provides $2.5 million of coverage with respect to the property at 1312 College Avenue, which was in effect in February of 2007. The Debtors' insurers have a duty to defend the State Court Action and litigation will proceed with the insurance company, who will be standing in the place of the estates. Therefore, participation in the State Court Action simply will not prejudice the estates.

***Balancing the Hardships Weighs Heavily in Favor of Modifying the Stay to Allow the State Court Action to Continue***

20.     Liquidating the Plaintiffs' claims in the State Court Action is the most efficacious, least burdensome, and least costly way for both the estates and the Plaintiffs to resolve Plaintiffs' claims. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *Peterson v. Cundy (In re Peterson)*, 116 B.R. 247, 250 (D. Col. 1990); *see also, Murray Ind., Inc. v. Aristech*

---

[1] Title 28, United States Code, Section 157(b)(2)(B) prohibits a bankruptcy judge from liquidating unliquidated personal injury or wrongful death claims.

*Chem. Corp. (In re Murray Ind., Inc.)*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("[T]his Court is of the opinion that to begin this litigation anew in this Bankruptcy Court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources.").

21.    As set forth above, liquidating the Plaintiffs' claims in the State Court Action creates little or no hardship or prejudice to the estates.  However, liquidating the claims in District Court would unnecessarily duplicate Plaintiffs' efforts, causing a financial hardship to be imposed upon the Plaintiffs.  Specifically, the Plaintiffs have already incurred the cost of filing the Complaint and beginning research and discovery regarding their claims.  Additionally, the Figueroas, who have already suffered great injury and damage, would be forced to incur, at a minimum, the 1) additional cost of restarting the litigation of their claims in a foreign jurisdiction far away from their home, and 2) additional mental anguish of increased delay in adjudicating their claims.

22.    Finally, the State Court Action involves claims based upon only state law. The trial court is more familiar with the State Court Action and its issues, as well as the applicable state law.  Principles of judicial economy are better served by a trial in state court involving the Debtors' insurers.  Under these circumstances, the balancing of the burdens clearly favors relief from the automatic stay so that the Plaintiffs may liquidate their claims pursuant to state law.

### *Probability of Success on the Merits*

23.    When a party is seeking to lift an automatic stay, the required showing for the movant's probability of success is "very slight." *In re Rexene Products*, 141 B.R. at 578; *see also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a

slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). It "merely requires a showing that [the movant's] claim is not frivolous." *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P. (In re Levitz)*, 267 B.R. 516, 523 (Bankr. D. Del. 2000). The Plaintiffs have a significant probability of success on the merits that warrants relief from the automatic stay.

24.    The State Court Action includes personal injury claims against the Debtors based upon the negligence of the Debtors. The Complaint indicates that there was a dangerous and hazardous condition on the Property, which caused Mr. Figueroa to slip and fall and suffer serious and permanent injuries. Complaint at ¶¶ 8-25. The Debtors owed a duty to the Plaintiffs to comply with a duty of care in the ownership, operation, management, supervision, maintenance, inspection and control of its premises so as not to cause harm to the Plaintiffs. As a direct result of the Debtors' negligence, each of the Plaintiffs suffered significant personal injury. *Id.* at ¶ 27 and 31. Specifically, the hospital records attached hereto as Exhibit C indicate that Mr. Figueroa suffered a fracture in the right ankle, for which he needed a cast and a cane. Plaintiffs' claims are supported by documentary evidence and witnesses and, accordingly, have substantial merit.

25.    In sum, the Plaintiffs clearly have meritorious claims of value which must be liquidated. Since the estates will not be prejudiced by the liquidation of such claims in the State Court Action, and the relative hardships weigh heavily in favor of the Plaintiffs, this Court should permit the State Court Action to continue to conclusion against the Debtors. Indeed, allowing the State Court Action to proceed against the Debtors would

benefit both the Debtors and the Plaintiffs by minimizing costs and avoiding the risk of inconsistent adjudication.

WHEREFORE, the Figueroas respectfully request relief from the automatic stay so they may pursue their claims against the Debtors' estates to final, nonappealable judgment through the State Court Action.

Dated: March 20, 2008               BAYARD, P.A.
       Wilmington, Delaware

_____
Kathryn D. Sallie (No. 4600)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

Counsel to the Figueroas

{00756019;v1}