# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
ALBERTO FIGUEROA and HELEN FIGUEROA,

    Plaintiff(s),

    -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
INDENTURE TRUSTEE, FOR NEW CENTURY HOME
EQUITY LOAN TRUST,

    Defendant(s).
-----------------------------------------------------------------X

Index No.: 8775/07
Date Purchased: 3/13/07

## SUMMONS

Plaintiffs designate Bronx
County as the place of trial.

The basis of venue is:
Plaintiff Residence
Plaintiffs reside at:
1332 College Avenue
Bronx, NY 10456
County of Bronx

### To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    RONKONKOMA, NEW YORK
           March 7, 2007

           SEAN KELLY
           GRUENBERG & KELLY, PC
           Attorneys for Plaintiff(s)
           3275 Veterans Highway, Suite B9
           Ronkonkoma, New York 11779
           631-737-4110

TO:
    DEUTSCHE BANK NATIONAL TRUST COMPANY
    1610 East Street, Andrews Place
    Santa Ana, CA 92705

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
ALBERTO FIGUEROA and HELEN FIGUEROA,

      Plaintiff(s),

      -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
INDENTURE TRUSTEE, FOR NEW CENTURY HOME
EQUITY LOAN TRUST,

      Defendant(s).
---------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys GRUENBERG & KELLY, PC, complaining of the Defendant, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ALBERTO FIGUEROA

1. That at all times herein mentioned, Plaintiffs were, and still are, residents of the County of Bronx, State of New York.

2. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST (hereinafter referred to as DEUTSCHE BANK NATIONAL TRUST COMPANY), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, the defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, was and still is a foreign corporation duly authorized to do business in the State of New York.

4. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, was, and still is, conducting business within the State of New York.

5. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, was and still is transacting business within the State of New York.

2

6. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, was and still is availing itself of the laws of the State of New York.

7. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, owns real property in the State of New York.

8. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, own the real property which is the subject of this action within the State of New York.

9. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, owned the premises and appurtenances and fixtures thereto, located at 1312 College Avenue, Bronx, NY.

10. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, operated the aforesaid premises.

11. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, managed the aforesaid premises.

12. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, controlled the aforesaid premises.

13. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, maintained the aforesaid premises.

14. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, repaired the aforesaid premises.

15. That at all times herein mentioned, the defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, inspected the aforesaid premises.

16. That on February 20, 2007, a dangerous and hazardous condition existed at 1312 College Avenue, Bronx, New York.

17. That the defendant caused the subject dangerous and hazardous condition at 1312 College Avenue, Bronx, New York.

18. That the defendant created the subject dangerous and hazardous condition at 1312 College Avenue, Bronx, New York.

19. That the defendant had actual notice of the subject dangerous and hazardous condition at 1312 College Avenue, Bronx, New York.

20. That the defendant had constructive notice of the subject dangerous and hazardous condition at 1312 College Avenue, Bronx, New York.

21. That on February 20, 2007, plaintiff, ALBERTO FIGUEROA, was lawfully on the aforesaid premises.

22. That on February 20, 2007, while plaintiff, ALBERTO FIGUEROA, was lawfully about the aforesaid premises he was caused to trip and/or slip and fall.

23. That on February 20, 2007, while plaintiff, ALBERTO FIGUEROA, was caused to trip and/or slip and fall due to the aforementioned dangerous and hazardous condition.

24. That as a result of the aforesaid trip and/or slip and fall, plaintiff, ALBERTO FIGUEROA, was caused to sustain serious and permanent injuries.

25. That the above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance, inspection and control of the aforesaid premises.

26. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

27. That by reason of the foregoing, plaintiff, ALBERTO FIGUEROA, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28. That as a result of the foregoing, Plaintiff was damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF HELEN FIGUEROA

29. That at all times herein mentioned, plaintiff, HELEN FIGUEROA, repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

30. That at all times herein mentioned, plaintiff, HELEN FIGUEROA, was the spouse of the plaintiff, ALBERTO FIGUEROA, and as such was entitled to the society, services and consortium of her spouse ALBERTO FIGUEROA.

31. That by reason of the foregoing, plaintiff, HELEN FIGUEROA, was deprived of the society, services and consortium of the plaintiff, ALBERTO FIGUEROA, and shall forever be deprived of said society, services and consortium.

32. That by reason of the foregoing, plaintiff, HELEN FIGUEROA, was damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, and on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    Ronkonkoma, New York
          March 7, 2007

Yours, etc.

SEAN KELLY
GRUENBERG & KELLY, PC
Attorneys for Plaintiff(s)
3275 Veterans Highway, Suite B9
Ronkonkoma, New York 11779
631-737-4110

## ATTORNEY'S VERIFICATION

SEAN KELLY, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of GRUENBERG & KELLY, PC, attorneys of record for Plaintiffs.

I have read the annexed **SUMMONS & COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiffs is that Plaintiffs are not presently in the county wherein the attorneys for the plaintiffs maintain their offices.

DATED:    Ronkonkoma, New York
          March 7, 2007

_____
SEAN KELLY

6