## **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | | Re: Docket No. 5122 |

## ORDER APPROVING STIPULATION RE-CHARACTERIZING AND ALLOWING FINANCING CLAIMS OF SUNTRUST LEASING CORPORATION

The Court has reviewed the Motion for Order Approving Stipulation Re-characterizing and Allowing Financing Claims of SunTrust Leasing Corporation (the "Motion"), filed by New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California Corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). The Motion requests approval of the Stipulation Re-characterizing and Allowing Financing Claims of SunTrust Leasing Corporation (the "Stipulation") entered into between the Debtors and SunTrust Leasing Corporation ("SunTrust") and filed with the Court under certification of counsel on February 13, 2008 (Docket No. 4883).

The Court having found that: (1) The Court has jurisdiction over this matter

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (3) notice of the Motion and the Stipulation was sufficient under the circumstances; and (4) the settlement set forth in the Stipulation is fair, reasonable, and in the interest of the Debtors, their estates and creditors, and other good and sufficient cause appearing,

IT IS HEREBY ORDERED THAT:

1.  The Motion, the Stipulation and the settlement set forth in the Stipulation are APPROVED.

2.  Claim Nos. 1982, 1986, and 2136 filed by SunTrust, each asserting a claim for 3,916,989.99 on account of that certain Promissory Note dated September 29, 2005 (in the principal amount of $7,371,109.08) and related Security Agreement dated February 19, 2004, shall be and hereby are re-characterized and allowed as non-priority unsecured claims, each in the amount of $3,916,989.99, to be allowed against New Century Financial Corporation, New Century TRS Holdings, Inc. and New Century Mortgage Corporation respectively (the "Allowed Claims").

3.  The allowance of claims set forth in this Order is in complete and final satisfaction of any and all claims of SunTrust under the Promissory Note, Security Agreement and related financing, and such claims may be satisfied once and only once. Proof of Claim Nos. 2171, 2168 and 2029 filed by SunTrust are hereby disallowed in their entirety, and any and all other claims of SunTrust relating to the Promissory Note, Security Agreement and related financing, other than those claims allowed under this Order, are disallowed in their entirety.

4.  SunTrust shall be entitled to distributions on account of the Allowed Claims as general unsecured claims as set forth in the plan of reorganization ultimately confirmed in these cases.

5.  The Debtors' right to make any future claims or defenses against SunTrust and any rights of SunTrust to setoff against potential future claims asserted by the Debtors, if any, shall be preserved and not affected by this Order. The Allowed Claims of SunTrust as set forth in this Order shall be secured to the extent of any such setoff rights.

6. The Court shall retain jurisdiction to enforce the terms and conditions of the Stipulation and this Order.

Dated: _____, 2008
      Wilmington, Delaware

                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE