James L. Hand, Esq.   SBN 101748
653 11th Street
Oakland, California 94607
Tele: (510)   595-4200
Fax:  (510)   595-1655
email: jlhand@stanfordalumni.org

Attorney for Creditor Kristina Porter, Claim No. 1221

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter  11 |
| | | Case No. 07-10416 (KJC) |
| Debtors. | | Jointly  Administered |
| | | CLAIMANT'S RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CERTAIN BOOKS AND RECORDS CLAIMS AND RELATED MATTERS |
| | | Hearing Date:    April 8, 2008 |
| | | Time:               1:30 p.m. EST |
| | | Judge:             Hon. Kevin Carey |

TO THE COURT AND DEBTOR'S COUNSEL:

As directed by Notice of Debtors' Fourteenth Omnibus Objection, pursuant to 11 USC §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, claimant Porter submits (ii) "the name of the claimant and description of the basis for the amount of the claimant's claim, (iii) a concise statement setting forth the reason why such claim should not be disallowed for the reason set forth in the Objection, (iv) all documentation or other evidence of the claim upon which the claimant will rely in opposing the Objection at the hearing, (v) the address to which any reply to a response should be directed; and

Claimant  Porter's  Response  to  Fourteenth  Omnibus  Objection, page 1

1  (vi) the name, address, and telephone number of the person possessing

2  ultimate authority to reconcile, settle, or otherwise resolve the claim on

3  behalf of the claimant."

4               (ii)  **Claimant's Name and Description of the**

5                   **Basis for the Amount of the Claimant's Claim**

6      Claimant is Kristina Porter who lost $77,554 in equity in her home

7  located at 512 Gardiner Way, Rio Vista, CA, stripped out via fraud of a loan

8  agent, Kaseem Mohammadi.  New Century Mortgage's negligence aided and

9  abetted the "straw investor" into whose name Mohammadi placed title to

10  Bailey's home, without Bailey's consent.  Moreover, New Century Mortgage

11  is liable for Mohammadi's fraud due to paying Mohammadi a Yield Spread

12  Premium without commensurate benefit to the "straw investor," in

13  violation of HUD Guidelines and RESPA.

14      Porter has received $8,659 in compensation from Mohammadi,

15  $6,000 from a Mohammadi co-worker Roman Hamidi, and $17,750 from

16  Mohammadi's employer, Golden Key Mortgage.  As a consequence, she has

17  an unsecured claim for $45,145 ($77,554 minus $32,409).

18             **(iii) Concise Statement Setting Forth the Reasons**

19              **Why Such Claim Should Not Be Disallowed**

20      As summarized above, New Century Mortgage is jointly and severally

21  liable for the equity stripped-out of Claimant's residence because it acted

22  negligently in approving false loan applications (did not verify claimed

23  income and claimed employment, for which the loan broker submitted

24  false information, see Hand Declaration ¶ 5), acted negligently in allowing

25  an escrow to close when it knew the loan agent was to receive "balance of

26  sale proceeds," and violated the Real Estate Settlement Procedures Act

27  ("RESPA") by paying an illegal Yield Spread Premium to the loan broker.

28

1   The principal wrongdoer was a loan agent named "Kaseem
2   Mohammadi."    Porter is just one of 19 cases consolidated in Alameda
3   County Superior Court for pretrial purposes.    (Hand Declaration ¶ 1.)
4   Mohammadi pled guilty to grand theft.    (*Ibid.*)

5   Mohammadi set-up a "straw investor" scheme whereby he would
6   convince a homeowner to transfer title to a straw investor who would
7   use allegedly good credit to take out loans at favorable interest rates
8   that at a later date would be transferred to the homeowner (and title
9   would be restored to the homeowner).    New Century Mortgage knew about
10  Mohammadi's wrongful conduct because it received, from Alliance Title,
11  an Estimated Closing Statement showing Alliance Title intended to pay
12  Mohammadi $49,680 as a "consulting fee" and seller Porter nothing.    See
13  Hand Declaration Exh. D.    Nonetheless, New Century Mortgage allowed the
14  loans to close escrow.    Moreover, New Century Mortgage knew or should
15  have known the straw investor did not make the income claimed.    See
16  Hand Declaration ¶ 4.

17  Additionally, New Century Mortgage is liable for the wrongful acts
18  of the loan broker because it paid the loan broker an illegal yield spread
19  premium.    The Real Estate Settlement Procedures Act ("RESPA"), 12 USC §
20  2601 et seq., prohibits abusive practices such as kickbacks and unearned
21  fees that drive up the cost of homeownership.    (12 U.S.C. § 2607(a) and
22  (b); 24 C.F.R. § 3500.14.)    In order for RESPA to achieve its purposes,
23  Congress granted HUD rulemaking authority for implementation of RESPA.
24  Congress directed the Secretary of HUD to "prescribe such rules and
25  regulations, to make such interpretations, and to grant such reasonable
26  exemptions for classes of transactions, as may be necessary to achieve
27  the purposes of [RESPA]."    12 U.S.C. § 2617(c).    On October 18, 2001, and
28

1   in accordance with 5 U.S.C. § 552, HUD exercised its statutory authority

2   when it issued its Statement of Policy 2001-1, clarifying its formal

3   interpretation of RESPA's prohibition against kickbacks and unearned

4   fees.   66 Fed. Reg. 53052.   HUD's interpretation of RESPA is entitled to

5   substantial deference.   *Schmitz v. Aegis Mortg. Corp.* (D. Minn. 1999)

6   48 F. Supp. 2d 877, fn. 3.

7          In Statement of Policy 2001-1, HUD clarified its previously

8   announced two-part test for determining the legality of a yield spread

9   premium paid by lenders to brokers.   66 Fed. Reg. 53055.   HUD's

10  two-part test is explained in detail on page 53055 of Volume 66 of

11  the Federal Register.   "It is HUD's position that where compensable

12  services are performed, the 1999 Statement of Policy requires application

13  of both parts of the HUD test before a determination can be made

14  regarding the legality of a lender payment to a mortgage broker."

15         "Under the first part of HUD's test, the total compensation to a

16  mortgage broker, of which a yield spread premium may be a component

17  or the entire amount, must be for goods or facilities provided or services

18  performed."   *Id.*   The second part of HUD's test requires that total

19  compensation to the mortgage broker be reasonably related to the total

20  set of goods or facilities actually furnished or services performed."   *Id.*

21  The legality of any yield spread premium can only be evaluated in the

22  context of the test HUD established and the specific factual circumstances

23  applicable to each transaction in which a yield spread premium is used.

24  Id. at 53054.   As explained hereafter, plaintiffs contend the yield spread

25  premiums the subprime lenders paid to Golden Key Mortgage and to

26  Community one did not satisfy HUD's two-part test for legality.

27         HUD's Statement of Policy 2001-1 explains that yield spread

28

1 premiums allow brokers to recoup up front costs incurred on the
2 borrower's behalf in originating the loan.  66 Fed. Reg. 53054.  "In
3 these cases, lender payments reduce the up front cash requirements to
4 borrowers."  *Id*.  However, HUD also recognized that "... yield spread
5 premiums may be used to enhance the profitability of mortgage
6 transactions without offering the borrower lower up front fees."  *Id*.
7 "[S]uch uses of yield spread premiums may result in total compensation
8 in excess of what is reasonably related to the total value of the origination
9 services provided by the broker, and fail to comply with the second part
10 of HUD's two-part test."  Id.

11 The straw investor, Nisar Razmi, was not offered the option of
12 reduced loan commission or other fees, which might have justified
13 the lender's paying a yield spread premium.  The yield spread premium
14 resulted in the broker's receiving compensation exceeding the value of the
15 services actually provided.

16 Since RESPA is a consumer protection statute, its provisions are to be
17 liberally construed in favor of consumers.  *Wanger v. EMC Mortgage Corp.*
18 (2002), 103 Cal.App.4th 1125, 1134.  The broad language of subdivisions
19 (a) and (b) of 12 U.S.C. § 2607 and 25 C.F.R. § 3500.14 clearly prohibit
20 payment of unlawful kickbacks and unearned fees.  Paying a kickback
21 to the loan broker makes New Century Mortgage liable for that company's
22 fraudulent conduct.

23 Claimant's loss is the difference between the new loans made by
24 New Century Mortgage ($298,500), minus money received ($5,000)
25 or debt paid-off ($215,946).  That loss totals $77,554.  Settlements by
26 joint tortfeasors has resulted in Claimant's receiving $8,659 from Kaseem
27 Mohammadi, $6,000 from Mohammadi co-worker Hamidi, and $17,750

28

**Claimant Porter's Response to Fourteenth Omnibus Objection**, page 5

from Mohammadi's employer, Golden Key Mortgage.    As a consequence, **Porter has an unsecured claim for $51,591** ($84,000 minus $45,145).

### To Whom Any Reply to Claimant's Response Should Be Directed

Any reply to claimant's response should be directed to:

> James L. Hand, Esq.
> 653 11th Street
> Oakland CA 94607
> Tele:    510-595-4200
> Fax:    510-595-1655
> E-mail:    jlhand@stanfordalumni.org

### Name, Address and Telephone Number of

### Person Possessing Settlement Authority

The person who possesses settlement authority of this case is

> James L. Hand, Esq.
> 653 11th Street
> Oakland CA 94607
> Tele:    510-595-4200
> Fax:    510-595-1655
> E-mail:    jlhand@stanfordalumni.org

### Availability of Insurance

Claimant believes that New Century Mortgage is covered under a policy of title insurance issued by Alliance Title Company.    Lines 402 and 403 of Final Disbursement Report show $1,979 paid for new title insurance.    Because said title insurance exists, Alliance Title provided a single counsel to defend Alliance Title and New Century Mortgage, despite counsel's obvious conflict of interest in representing a lender pointing fingers at the escrow company and the escrow company pointing fingers at the lender.    The title insurer should pay 100% of New Century Mortgage's liability to claimant.

/ / /

---

**Claimant Porter's Response to Fourteenth Omnibus Objection,** page 6

## Claimant's Objection to Form of Debtor's Omnibus Objection

Claimant objects to the form of Debtor's Omnibus Objection.  Firstly, the Omnibus Objection asserts, in its notice, it is a "Substantive Objection pursuant to ... Local Rule 3007-1."   However, Local Rule 3007-1(d) states that an Objection is not substantive if it is based on "(vi) A claim [not having] a basis in the debtor's books and records."   The Porter claim is listed on Exhibit A to Debtors' Omnibus Objection, which Debtor characterizes as a list of "Books and Records Claims" and which Debtor states includes a "brief description of the Debtors' basis for why they are not liable for each of the Books and Records Claims."   (Objection at page 5.)   Exhibit A's description why Debtors are not liable for the Bailey claim is "The Debtors have no record of this liability in their Books and Records."   Therefore, this is a Non-Substantive Objection, not a Substantive Objection."   Claimant concludes, based on Local Rule 3007-1(d), that Debtors object to her claim on non-substantive grounds; if Claimant is incorrect, it requests leave to amend this response to Debtor's Omnibus Objection.

Claimant further objects to Debtor's Omnibus Objection because the Exhibit thereto does not list the claims objected to "alphabetically by the last name of the claimant (in the case of an individual)," as required by Local Rule 3007-1(e)(iii)(D).   Instead, the Exhibit lists the claims objected to alphabetically by claimant's first name.

Conclusion:   For the foregoing reasons, Debtors' objection to Porter's claim should be denied and the claim honored.   Debtor should inform claimant the status of its insurance coverage for Porter's claim.

Dated:    March 17, 2008                    Law Office of James L. Hand

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612.    On March 18, 2008, I served the attached ~~Poster~~

**Claimant's Response to Debtor's Fourteenth
Omnibus Objection to Certain Books and
Records Claims and Related Matters**

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 19, 2008, at Oakland, CA

BY:    _____
James L. Hand, Esq.

-1-