```
 1  James L. Hand, Esq.  SBN 101748
    653 11th Street
 2  Oakland, California 94607
    Tele: (510) 595-4200
 3  Fax:  (510) 595-1655
 4  emil: jlhand@stanfordalumni.org

 5  Attorney for Creditor Porter, Claim No. 1221
```

*FILED 2008 MAR 20 AM 9:54 US BANKRUPTCY COURT DISTRICT OF DELAWARE*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>DECLARATION OF JAMES HAND, ESQ., IN RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION<br><br>Hearing Date: April 8, 2008<br>Time: 1:30 p.m. EST<br>Judge: Hon. Kevin Carey |

I, James L. Hand, declare:

1. I am an attorney, licensed to practice law before all courts of the State of California, and am counsel of record for Kristina Porter in the action pending in Alameda County Superior Court. It is one of 19 cases consolidated for pretrial purposes, arising out of wrongful actions of loan agent Kaseem Mohammadi. Judge Barbara Miller is managing the cases; Judge Julie Conger has been handling settlement efforts. Half the cases involve New Century Mortgage. Mohammadi pled guilty to grand larceny.

2. Attached hereto as Exhibit A is a true and correct copy of the complaint filed in said action. In many of the actions, the same counsel has represented both New Century Mortgage and the escrow company.

---

Decl. of James Hand in Response to Debtor's 14th Omnibus Objection, pg 1

3. Attached hereto as Exhibit B is a true and correct copy of the Settlement Statement for the escrow that resulted in Ms. Porter's losing title to her home to Nisar Razmi and having the equity stripped-out. It shows that the Ms. Porter had a loan on her house of $215,946 paid off, that Kaseem Mohammadi pulled out a "consulting fee" of $37,365, and that New Century Mortgage paid a $2,388 yield spread premium to Golden Key. I am aware that Kaseem Mohammadi only gave Ms. Porter $5,000 from the sale proceeds and kept the rest. New Century Mortgage burdened Ms. Porter's home with $298,500 in new loans.

4. The estimated closing statement, which would have been provided to New Century Mortgage prior to its funding the loans, shows that Alliance Title Company intended to pay Kaseem Mohammadi a $49,680 "consulting fee" and pay the seller nothing. A true and correct copy of said estimated closing statement is attached hereto as Exhibit C.

5. For all of the loan applications, Mohammadi misrepresented the straw investor's job status and exaggerated the straw investor's income and assets. New Century Mortgage approved all of them as "stated income loans," without verifying employment, income or assets. Nisar Razmi has told me he did not have the employment or income claimed in the loan applications Mohammadi prepared and submitted on Razmi's behalf.

6. Ms. Porter settled with three parties thus far: Mohammadi has paid $8,659, Hamidi has paid $6,000, and Mohammadi's employer Golden Key Mortgage has paid $17,750.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed the 17th day of March, 2008, at Oakland CA.

_[signature]_

Decl. of James Hand in Response to Debtor's 14th Omnibus Objection, pg 2

James L. Hand, Esq.  SBN 101748
520A Oakland Avenue
Oakland, California 94611
Tele:  (510) 595-4200
Fax:  (510) 595-1655
Attorney for Plaintiff Kristina Porter

FILED
ALAMEDA COUNTY
OCT 11 2006
CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KRISTINA PORTER, | CASE NO. RG06292794 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES DUE TO FRAUD, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, NEGLIGENT SUPERVISION, UNFAIR BUSINESS PRACTICES, AND VIOLATION OF RESPA AND OF REGULATION Z |
| v. | |
| ALLIANCE TITLE COMPANY, JOANNE MIRANDA, GOLDEN KEY MORTGAGE, HAMED RASTI, NEW CENTURY MORTGAGE CORPORATION, KASEEM MOHAMMADI, ALIREZA NAZMI, GOLDEN KEY FINANCIAL SERVICES, and DOES 1-50, | |
| Defendants. | |

Plaintiff alleges as follows:

1. Plaintiff is an individual residing in California. This action concerns her loss of the real property she owned, located in Rio Vista, CA.

2. Nisar Razmi is an individual who acquired title from plaintiff to the above-mentioned real property located in Rio Vista, CA, as a consequence of plaintiff's signing a grant deed for her property (signing due to tortious conduct on the part of defendants).

3. Defendant Alliance Title Company ("Alliance") is a California corporation, doing business in the State of California, including County

Complaint, page 1

Ex. A

1  of Alameda. As applicable to the events complained of herein, it acted as
2  escrowholder and perhaps also title company. Defendant Joanne Miranda
3  was the agent at Alliance responsible for closing the escrow, and she knew
4  or should have known plaintiff was the victim of fraud.
5      4. Defendant Alireza Nazmi was, at the time complained of, a loan
6  broker. He is charged with supervising the activities of his authorized
7  agents and representatives of Golden Key Financial Services, Inc. and
8  Golden Key Mortgage, including Kaseem Mohammadi and Zabiullah
9  Mohammadi.
10     5. Defendant New Century Mortgage Corporation ("New Century")
11 is a California corporation, regulated by the State of California as a lender.
12 It made the loans to Nisar Razmi that allowed him to acquire title to
13 plaintiff's residence in Rio Vista, CA. It knew or should have known
14 plaintiff was the victim of loan broker fraud. It owed a duty of reasonable
15 care to plaintiff.
16     6. Defendants Kaseem Mohammadi, Hamed Rasti, and Zabiullah
17 Mohammadi are all individuals doing business in Alameda County and
18 during the time complained of were agents for Alireza Nazmi, Golden Key
19 Financial Services, and Golden Key Mortgage.
20     7. Defendant Golden Key Financial Services, Inc. is a corporation
21 doing business in the State of California. At the time complained of,
22 it provided loan broker services through its authorized agents and
23 representatives, including Zabiullah Mohammadi, Kaseem Mohammadi,
24 and Hamed Rasti. Alireza Nazmi was, when the subject fraud occurred,
25 broker of record for Golden Key Financial Services, Inc., and is charged
26 with supervising the activities of Zabiullah Mohammadi, Hamed Rasti,
27 Kaseem Mohammadi and others working under his broker's license.
28

Complaint, page 2

1  Hamed Rasti was co-owner of Golden Key Financial Services, Inc., and also
2  is charged with supervising the activities of Zabiullah Mohammadi and
3  Kaseem Mohammadi. There is such an identity and there has been such a
4  commingling of funds between Alireza Nazmi and Hamed Rasti, on the one
5  hand, and Golden Key Financial Services, Inc., on the other hand, that in
6  the interests of justice each is liable for the obligations arising out of the
7  business activities of the other. Americhoice, Inc. is a California
8  corporation and, as corporate successor to Golden Key Financial Services,
9  Inc., is liable for all debts of Golden Key Financial Services, Inc.
10      8.  Defendant Golden Key Mortgage is a corporation doing business
11  in the State of California. It is a real estate sales company, charged with
12  supervising the activities of its authorized agents and representatives,
13  including Zabiullah Mohammadi, Kaseem Mohammadi and Hamed Rasti.
14  Alireza Nazmi, who was and is broker of record for Golden Key Mortgage,
15  is charged with supervising the activities of Zabiullah Mohammadi, Kaseem
16  Mohammadi, Hamed Rasti, and others who during the events complained
17  of were working under his broker's license. There is such an identity and
18  there has been such a commingling of funds and identities between Golden
19  Key Financial Services, Inc., Alireza Nazmi, and Golden Key Mortgage that,
20  in the interests of justice, each is liable for the obligations arising out of
21  the business activities of the other. Golden Key Financial Services, Inc.
22  and Golden Key Mortgage, as alter egos of one another, are hereinafter
23  collectively referred to as "Golden Key."
24      9.  Plaintiff is unaware of the true names or capacities of Does 1-50
25  and therefore sues these defendants as fictitiously-named defendants on
26  the belief that were involved as principals, agents, partners, or otherwise
27  in the transactions complained of in this lawsuit. Plaintiff will amend this
28

Complaint, page 3

1  complaint, if necessary, to insert the true names and capacities of such
2  defendants when they are ascertained.
3      10. Venue is proper in Alameda County, inasmuch as it was in
4  Alameda County that most defendants engaged in the acts complained
5  of herein.
6      11. Plaintiff alleges on information and belief that at all material
7  times one or more of the defendants, including all fictitiously named
8  defendants, acted as agents, principals, employees, joint venturers, alter
9  egos, successors, predecessors, co-conspirators, and partners of the
10 other defendants, and with the actual and/or apparent authority to do so.
11 This includes, but is not limited to, Golden Key's acting as agent of New
12 Century. One or more defendants may have so dominated and controlled
13 another defendant as to render a failure to disregard its corporate
14 structure unconscionable, unjust and inequitable.

                **FIRST CAUSE OF ACTION - FRAUD**
              (AGAINST GOLDEN KEY, NAZMI, SANTOS,
         ALLIANCE, MIRANDA, AMERICHOICE, ZABIULLAH
             MOHAMMADI, AND KASEEM MOHAMMADI)

19     12. Plaintiff incorporates by reference each and every allegation of
20 paragraphs 1-11, above.
21     13. About October 2004, plaintiff discussed with defendant Kaseem
22 Mohammadi refinancing of plaintiff's existing loan on the residence
23 identified above. Plaintiff was interested in reducing her interest rate and
24 possibly getting some cash out.
25     14. Kaseem Mohammadi said Golden Key could help plaintiff. He
26 said that because her credit rating was low, she would have to put Nisar
27 Razmi (claimed to have top-notch credit) on title, who would take out a
28

Complaint, page 4

loan with enough cash out for a full year's worth of payments and some money for plaintiff, and that during the next year title would be restored to plaintiff, her credit would improve, and the loan would be transferred to her.

15. Kaseem Mohammadi prepared papers he said plaintiff should sign to obtain a loan through Nisar Razmi and had plaintiff sign them. Neither Mohammadi nor anyone else at Golden Key provided plaintiff with accurate estimated financing terms or, later, actual financing terms.

16. Plaintiff never agreed to sell the subject residence. She was never told Razmi wanted to purchase her residence and she never agreed to sell it to him. Plaintiff signed no contract with Golden Key for it to sell her house; yet Golden Key took unearned commissions from the escrow.

17. On information and belief, plaintiff alleges Kaseem Mohammadi had Alliance issue him a check for $49,680 for a "consulting fee" that plaintiff never authorized and that Alliance knew or should have known was fraudulent. Mohammadi shared that money with Zabiullah Mohammadi (and perhaps others).

18. Plaintiff further contends, on information and belief, that Mohammadi forged her and perhaps others' signatures to various documents in order to effectuate the transfer of ownership of her residence and to extract money from the new loans taken out in Razmi's name. Zabiullah Mohammadi facilitated this by being part of a group of notaries that allowed Mohammadi to use their notarys' stamps when clients were not in fact signing before the notary.

19. Plaintiff contends, on information and belief, that Kaseem Mohammadi fraudulently inflated Razmi's income and assets on a loan application that he had Razmi sign, in order to qualify Razmi for the

Complaint, page 5

1  loans. And plaintiff contends, on information and belief, that Kaseem
2  Mohammadi falsely represented on the loan application that her residence
3  would be occupied by Razmii, whereas Mohammadi knew plaintiff would
4  continue to live there and Razmi would not.
5       20. In carrying-out the conduct described above, including but
6  not limited to allowing Kaseem Mohammadi to withdraw large sums of
7  money from the escrow without plaintiff's consent and promising that
8  the loan would be transferred to her at the end of a year without cause to
9  believe she would qualify or that the lender would consent to the transfer
10 or that she could afford payments on such a large loan, defendants
11 Alliance Title, Miranda, Zabiullah Mohammadi, Kaseem Mohammadi,
12 Golden Key, Nazmi, Americhoice, and Hamidi acted fraudulently.
13      21. Plaintiff was unaware of the false representations and fraudulent
14 acts of said defendants, and instead reasonably relied on the skill,
15 competence and superior knowledge of, and assurances made by Kaseem
16 Mohammadi, and relied upon Mohammadi's broker's obligation to review
17 the paperwork and supervise Kaseem Mohammadi's actions, and relied
18 upon an escrow company's obligation to make sure the parties to the
19 escrow consent to and reasonably understand the proposed transaction.
20      22. As a consequence of these defendants' fraudulent conduct,
21 plaintiff lost her house and the equity built-up therein, and suffered
22 emotional distress. Plaintiff is entitled to compensatory and punitive
23 damages from Kaseem Mohammadi, Alliance, Miranda, Golden Key, Nazmi,
24 and Zabiullah Mohammadi.
25      **SECOND CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**
26           **(AGAINST KASEEM MOHAMMADI, GOLDEN KEY,**
27           **NAZMI, AMERICHOICE, MIRANDA, AND ALLIANCE)**
28

Complaint, page 6

23. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

24. Golden Key, and those working on Golden Key's behalf including Kaseem Mohammadi, owed plaintiff a fiduciary duty. They breached that duty to plaintiff by the intentional wrongdoing and negligent acts complained of in this complaint. Plaintiff was harmed by that breach of fiduciary duty by losing title to her residence and losing the equity she had built-up in that residence. Additionally, plaintiff suffered emotional distress. As a consequence, plaintiff is entitled to monetary damages.

**THIRD CAUSE OF ACTION - UNFAIR BUSINESS PRACTICES**
**(AGAINST NEW CENTURY, KASEEM MOHAMMADI, GOLDEN KEY,**
**MIRANDA, NAZMI, AMERICHOICE, AND ALLIANCE)**

25. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

26. The statements, conduct, misrepresentations, concealments of fact, and other acts and omissions committed by defendants New Century, Kaseem Mohammadi, Hamidi, Rasti, Nazmi, Golden Key, Miranda, and Allliance Title Company as alleged herein constitute unfair, unlawful and fraudulent trade practices and false advertising, as defined by and applied under California Business and Professions Code §§ 17200 et seq., entitling plaintiff to all civil remedies provided for in said legislation, including but not limited to disgorgement of defendants' profits from their fraudulent conduct and an award of attorney's fees.

**FOURTH CAUSE OF ACTION - NEGLIGENT SUPERVISION**
**(AGAINST NAZMI, AMERICHOICE, NEW CENTURY,**
**GOLDEN KEY, ALLIANCE, AND RASTI ONLY)**

27. Plaintiff incorporates by reference each and every allegation of

Complaint, page 7

1  Paragraphs 1-21 above, as though fully set forth herein.
2      28.  Golden Key, Nazmi and Rasti negligently supervised Kaseem
3  Mohammadi and Zabiullah Mohammadi by allowing Zabiullah Mohammadi
4  to make available his notary's book for use by others working for
5  Golden Key, and allowing Kaseem Mohammadi to access Golden Key bank
6  accounts, open and close escrows without supervision, and draw large
7  sums of money from Alliance (and other escrow companies) improperly.
8      29.  New Century was negligent in its supervision of its agent
9  Golden Key. It allowed Golden Key to direct Alliance to withdraw $49,680
10 of plaintiff's money as "a consulting fee," and allowed Golden Key to
11 defraud plaintiff.
12     30.  Alliance negligently supervised Miranda. It allowed her to close
13 an escrow (and perhaps receive monetary compensation directly from
14 Kaseem Mohammadi) without ensuring plaintiff consented thereto and
15 without complying with prudent business standards and applicable law.
16     31.  Plaintiff is entitled to damages from these defendants caused to
17 plaintiff because of their negligent supervision. Said damages include but
18 are not limited to the loss of equity of his house and emotional distress.
19 They breached that duty to plaintiff by the negligent acts described in the
20 preceding paragraphs. As a consequence, plaintiff was harmed by their
21 negligence by losing title to her residence. She is entitled to recover
22 damages from these defendants according to proof.
23         **FIFTH CAUSE OF ACTION - BREACH OF CONTRACT**
24                    (AGAINST ALLIANCE ONLY)
25     32.  Plaintiff incorporates by reference each and every allegation of
26 Paragraphs 1-23 above, as though fully set forth herein.
27     33.  Alliance was obligated to follow the escrow instructions it
28

Complaint, page 8

1. prepared and that plaintiff signed. It breached that obligation by instead
2. paying large sums of money to Kaseem Mohammadi and/or Golden
3. Key and/or Community One that plaintiff never consented to. As a
4. consequence, plaintiff is entitled to damages according to proof and to
5. attorney's fees.

### SIXTH CAUSE OF ACTION - RESPA VIOLATION
(AGAINST NAZMI, NEW CENTURY, SANTOS AND KASEEM MOHAMMADI)

34. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

35. The Real Estate Settlement Procedures Acts ("RESPA"), 12 USC § 2601 et seq., bars certain "abusive practices" these defendants engaged in with respect to plaintiff, including but not limited to kickbacks to Alliance and unearned fees to Kaseem Mohammadi and "excess compensation" to Golden Key by paying it a Yield Spread Premium" without ensuring that Golden Key offered Razmi lower-up front fees (being paid by plaintiff pursuant to a credit for nonrecurring closing costs).

36. Pursuant to section 2607, plaintiff is entitled to recover treble damages from these defendants plus attorney's fees.

### SEVENTH CAUSE OF ACTION - VIOLATION OF REGULATION Z
(AGAINST GOLDEN KEY, NAZMI, AND KASEEM MOHAMMADI)

37. Plaintiff incorporates by reference each and every allegation of Paragraphs 1-21 above, as though fully set forth herein.

38. Regulation Z, the Truth in Lending Act, requires loan broker Nazmi to make certain disclosures to plaintiff (through Kaseem Mohammadi—these brokers told plaintiff he could take-over the loans within one year and they misrepresented the commission these loan

Complaint, page 9

1  brokers would receive). The loan broker failed to make accurate and
2  required disclosures.
3      39. Regulation Z also prohibits defendants from putting plaintiff into
4  a loan that they would not reasonably believe she could repay (or, from
5  the perspective of New Century, Razmi to repay). These defendants
6  violated this prohibition.
7      40. Plaintiff is entitled to damages according to proof due to these
8  defendants' violation of Regulation Z, plus attorney's fees.
9      WHEREFORE, plaintiff prays for judgment as follows:
10     1. For compensatory damages from the defendants, including
11 emotional distress damages pursuant to Civil Code § 3333, in an amount
12 according to proof;
13     2. For punitive damages from Alliance, Miranda, Nazmi, Golden Key,
14 Americhoice, Zabiullah Mohammadi, and Kaseem Mohammadi, plus
15 attorney's fees from Alliance for breaching its escrow contract with
16 plaintiff;
17     3. For treble damages due to defendants' violation of RESPA, plus
18 attorney's fees;
19     4. For monetary damages caused by defendants' unfair business
20 practices, a disorgement of defendants' profits received due to their unfair
21 business practices, and attorney's fees;
22     5. For costs of suit; and
23     6. For such other and further relief as the court deems proper.
24 Dated: October 10, 2006        Law Office of James L. Hand

                                  _____
                                  Attorney for Kristina Porter

Complaint, page 10

| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT SETTLEMENT STATEMENT | | TYPE OF LOAN | | | OMB No. 2502-0265 |
|---|---|---|---|---|---|
| | | 1. ☐ FHA    2. ☐ FMHA    3. ■ CONV. UNINS. | | | |
| | | 4. ☐ VA    5. ☐ CONV. INS. | | | |
| Alliance Title Company | | 6. ESCROW FILE NUMBER: | | 7. LOAN NUMBER: | |
| 39465 Paseo Padre Pkwy #1500 | | 11291355-408  JS5 | | 0001937275 | |
| Fremont, CA 94538 | | 8. MORTGAGE INSURANCE CASE NUMBER: | | | |

ESTIMATED - Figures subject to change

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| NAME OF BORROWER: | Razmi Nisar |
|---|---|
| ADDRESS OF BORROWER: | |
| NAME OF SELLER: | Kristina J. Porter |
| ADDRESS OF SELLER: | |
| NAME OF LENDER: | New Century Mortgage |
| ADDRESS OF LENDER: | 910 E Hamilton Avenue, Suite 430 |
| | Campbell, CA 95008 |
| PROPERTY LOCATION: | 512 Gardiner Way |
| | Rio Vista, CA  94571 |
| | Solano 178-091-010 |
| SETTLEMENT AGENT: | Alliance Title Company |
| PLACE OF SETTLEMENT: | 39465 Paseo Padre Pkwy #1500, Fremont, CA 94538 |
| SETTLEMENT DATE: | PRORATION DATE:    FUNDING DATE: |

*ALLIANCE TITLE COMPANY hereby certifies this is a true and correct copy of the original. Authorized Signature*

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | 298,500.00 | 401. Contract Sales Price | 298,500.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to Borrower (line 1400) | 9,022.57 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments For Items Paid By Seller in Advance: | | Adjustments For Items Paid By Seller in Advance: | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due from borrower: | 307,522.57 | 420. Gross Amount Due to Seller | 298,500.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 238,800.00 | 502. Settlement charges to Seller (line 1400) | 70,906.95 |
| New Century Mortgage | 59,700.00 | | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 215,946.85 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments For Items Unpaid By Seller: | | Adjustments For Items Unpaid By Seller: | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes 07/01/04 - 10/29/04 | 780.45 | 511. County Taxes 07/01/04-10/29/04 | 780.45 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |

| L. SETTLEMENT CHARGES | | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission: Based on Price $298,500.00 @ 6% = 17,910.00 | | | |
| Division of Commission (line 700) follows: | | | |
| 701. $ 8,955.00 to Golden Key Financial | | | |
| 702. $ 8,955.00 to Golden Key Financial | | | |
| $ to | | | |
| 703. Commission paid at settlement | | | 17,910.00 |
| 704. | | | |
| 800. Items Payable in Connection With Loan | | | |
| 801. Loan Origination Fee % to New Century Mortgage | | 8,143.08 | |
| 802. Loan Discount Fee | | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. Lenders Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee | | | |
| 807. Assumption Fee | | | |
| 808. Processing Fee to New Century Mortgage | | 295.00 | |
| 809. Underwriting Fee to New Century Mortgage | | 350.00 | |
| 810. Document Fee to New Century Mortgage | | 200.00 | |
| 811. **See attached for breakdown | | 9,762.28 | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Interest from 10/29/04 to 11/01/04 @$44.82/day (3 days) | | 134.46 | |
| 902. Mortgage Insurance Premium | | | |
| 903. Hazard Insurance Premium | | | |
| 904. | | | |
| 905. | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual Assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Adjustment    months @$ | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to Alliance Title Company | | | 710.00 |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation to Alliance Title Company | | 200.00 | 200.00 |
| 1106. Notary Fees | | | |
| 1107. Attorney's Fees | | | |
| (Includes above item numbers: ) | | | |
| 1108. Title Insurance | | | |
| (Includes above item numbers: ) | | | |
| 1109. Lender's coverage $  233,800.00 | | 807.00 | |
| 1110. Owner's coverage $  298,500.00 | | | 1,268.00 |
| Lender's coverage $ | | | |
| Lender's coverage $ | | | |
| 1111. Loan Tie In (2nd) to Alliance Title Company | | 125.00 | 125.00 |
| 1112. Delivery/Courier Deliveries to Alliance Title Company | | 90.00 | 90.00 |
| 1113. Wire Transfer Fee to Alliance Title Company | | 35.00 | 35.00 |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording Fees: Deed $ 25.00  Mortgage $ 75.00  Release $ | | 100.00 | 100.00 |
| 1202. City/County tax/stamps | | | |
| 1203. State tax/stamps | | | |
| 1204. City Transfer Tax | | | |
| 1205. County Transfer Tax to Alliance Title Company | | | 328.35 |

Attachments:       ow Number:    OMB No. 2502-0265
11291355-408  JS5

### Breakdown of New Loans

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| New Century Mortgage, 910 E Hamilton Avenue, Campbell, CA 95008, Loan# 0001937275 | 238,800.00 | |
| New Century Mortgage, 910 E Hamilton Avenue, Campbell, CA 95008, Loan# 0001937282 | 59,700.00 | |
| Total of New Loans. | 298,500.00 | |

### Reductions in Amount Due to Seller in Connection with Loan

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| 812. Tax Service Fee to New Century Mortgage | 78.00 | |
| 813. Flood Cert Fee to New Century Mortgage | 11.20 | |
| 814. Broker Underwriting Fee to New Century Mortgage | 500.00 | |
| 815. Broker Processing Fee to New Century Mortgage | 500.00 | |
| 816. Broker Admin Fee to New Century Mortgage | 500.00 | |
| 817. Yield Spread Premium to New Century Mortgage ( $2,388.00 P.O.C.) | | |
| 818. Delivery Fee to New Century Mortgage | 30.00 | |
| 819. Origination Fee to Golden Key Financial | 8,143.08 | |
| Total as shown on HUD Page 2 Line #811. | 9,762.28 | |

### HUD 1302 Details of Amounts of Additional Settlement Charges

| Description | Buyer Amount | Seller Amount |
|---|---|---|
| 1308. Consulting Fee to Kaseem Mohammad | | 37,365.87 |
| Total as shown on HUD Page 2 Line #1307. | | 37,365.87 |



# ALLIANCE TITLE COMPANY
39465 Paseo Padre Pkwy #1500, Fremont, CA 94538
(510) 498-4270
## SELLERS CLOSING STATEMENT
### Estimated

Seller: Kristina J. Porter

Escrow No: 11291355-408 JS5
Close Date:
Proration Date:
Date Prepared: 11/10/2004

Property: 512 Gardiner Way
Rio Vista, CA 94571

| Description | | |
|---|---:|---:|
| **TOTAL CONSIDERATION** | | |
| Total Consideration | | 298,500.00 |
| **RECORDING FEES:** | | |
| Recording Fees to Alliance Title Company | 200.00 | |
| Record Deed of Trust (2nd) to Alliance Title Company | 75.00 | |
| County Transfer Tax to Alliance Title Company | 328.35 | |
| **ADDITIONAL CHARGES:** | | |
| Property Taxes Due Supple to Solano County Tax Collector | 305.48 | |
| Notary/signing fee to Zabiullah Mohammadi | 200.00 | |
| NRCC from Seller to Buyer | 12,044.25 | |
| Consulting Fee to Kaseem Mohammad | 49,680.16 | |
| **PRORATIONS AND ADJUSTMENTS:** | | |
| County Taxes     From 07/01/04 To 11/12/04 | 866.43 | |
|     Based on the Semi - Annual amount of $1,190.52 | | |
| **COMMISSIONS:** | | |
| Commission | 17,910.00 | |
|     $8,955.00    to Golden Key Financial | | |
|     $8,955.00    to Golden Key Financial | | |
| **PAYOFFS:** | | |
| Payoff to World Savings | 214,462.33 | |
|     $205,460.45   Principal Balance | | |
|     $4,759.56   Interest From 06/15/2004 to 11/18/2004 | | |
|     $4,000.00   prepayment Penalty | | |
|     $30.00   statement fee | | |
|     $52.00   release fee | | |
|     $10.00   fax fee | | |
|     $150.32   late charges | | |
| **ESCROW AND TITLE CHARGES:** | | |
| Owners Policy to Alliance Title Company | 1,268.00 | |
| Loan Tie In (2nd) to Alliance Title Company | 125.00 | |
| Delivery/Courier Deliveries to Alliance Title Company | 90.00 | |
| Wire Transfer Fee to Alliance Title Company | 35.00 | |
| Escrow Fee to Alliance Title Company | 710.00 | |
| Document Preparation to Alliance Title Company | 200.00 | |
| Sub Totals | 298,500.00 | 298,500.00 |
| Totals | $298,500.00 | $298,500.00 |

## PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action, and employed at 653 11th Street, Oakland, CA 94612. On March 18, 2008, I served the attached

*Porter*

**Declaration of James Hand, Esq. in Response to Debtors' Fourteenth Omnibus Objection**

on the other party in this action by mailing a copy, postage-prepaid, first-class, to Suzanne Uhland at O'Melveny & Myers LLP, 275 Battery Street, San Francisco CA 94111, and overnighting (via Federal Express) a copy to:

Mark Collins
Christopher Samis
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on March 18, 2008, at Oakland, CA

BY: _____
James L. Hand, Esq.

-1-