UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware Corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case Nos. 07-10416 (KJC), et seq.<br>(Jointly Administered)<br><br>**Objections due: April 2, 2008 at 4:00 pm**<br>**Hearing Date: April 9, 2008 at 10:00 am** |

**JOINT MOTION OF DRA/CLP 901 MAITLAND ORLANDO, LLC AND
DRA CRT BAYMEADOWS CENTER, LLC FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM AND IMMEDIATE PAYMENT THEREOF**

DRA/CLP 901 Maitland Orlando, LLC (formerly Colonial Realty Limited Partnership) ("Colonial"), and DRA CRT Baymeadows Center, LLC (formerly CRT Properties, Inc.) ("CRT"), by and through their undersigned counsel, jointly file this motion ("Motion") for allowance of administrative expense claims against the above-referenced bankruptcy estates, in the current amount of at least $18,166.40 to Colonial and at least $27,789.11 to CRT, and for immediate payment thereof, and in support hereof state as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a/ New Century REIT, Inc.,), a Maryland Corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a/ JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NCResidual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTS

2. On April 2, 2007 ("Petition Date"), New Century TRS Holdings, Inc., a Delaware corporation, and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and managed their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 & 1108.

## THE MAITLAND LEASE

3. On August 19, 2003, the Debtors and Colonial entered into an agreement (the "Maitland Lease") whereby the Debtors agreed to lease certain non-residential real property located at 901 N. Lake Destiny Drive, Suite 325, Maitland, FL 32751 ("Maitland Leased Property") from Colonial. The Lease term commenced on October 1, 2003 and was agreed to terminate on November 30, 2008. A copy of the Maitland Lease is attached hereto and incorporated herein as **Exhibit A**.

4. Under the Maitland Lease, the Debtors agreed to make monthly payments of $4,083.32 plus taxes in the amount of $277.19 per month, plus operating expenses in the amount of $181.09 per month for a total monthly payment of $4,541.60. All monthly payments were due on the 1st day of the month for which rent becomes due.

5. The Maitland Lease was an unexpired lease on the Petition Date.

THE JACKSONVILLE LEASE

6.   On or about August 6, 2002, the Debtors and Koger Equity, Inc. (CRT's Predecessor-in-Interest) entered into an agreement (the "Jacksonville Lease" and, collectively with the Maitland Lease, the "Leases")[2] whereby the Debtors agreed to lease certain non-residential real property located in the Hamilton Building, 8375 Dix Ellis Trail, Jacksonville, FL 32256 ("Jacksonville Leased Property" and collectively with the Maitland Leased Property, the "Leased Properties"). Pursuant to the Jacksonville Lease, the lease term was agreed to terminate on November 30, 2009.  A copy of the Jacksonville Lease is attached hereto and incorporated herein as **Exhibit B**.

7.   Under the Jacksonville Lease, the Debtors agreed to make monthly payments of $5,697.88, plus taxes in the amount of $398.75 per month, for a total monthly payment of $6,096.63. In addition, the Debtors agreed to pay their proportionate share of direct expenses incurred on account of the operation and maintenance of the premises, in excess of the base year of 2005 ("CAM Charges") to CRT. All monthly payments were due on the 1st day of the month for which rent becomes due.

8.   The Jacksonville Lease was an unexpired lease on the Petition Date.

THE REJECTIONS

9.   On April 25, 2007, the Court entered an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real

---

[2] On or about November 4, 2004, CRT and the Debtors amended the Jacksonville Lease (the "Jacksonville Amendment"). The Jacksonville Amendment, *inter alia*, extended the lease term, move the area occupied by the Debtors to a different suite, and modified the rent. The term "Jacksonville Lease" as used herein shall be deemed to include the terms of the Jacksonville Amendment.

Property (Docket No. 388) (the "Rejection Order"), in which the Court approved procedures for the Debtors' rejection of unexpired leases. The Rejection Order states that the Debtors may file a notice of intent to reject a lease, in which case such lease shall be deemed rejected effective ten (10) days from the date such notice was served (the "Rejection Date"); provided, however, that, with respect to non-residential real property leases, rejection shall become effective on the later of (A) the Rejection Date, or (B) the date the Debtors unequivocally relinquished control of the premises to the affected landlord by turning over keys or "key codes" to the affected landlord.

10. On June 20, 2007, Debtors filed a Notice of Rejection of Unexpired Lease of Non-Residential Real Property pursuant to the Rejection Order (Docket No. 1401) relating to the Maitland Lease (the "Maitland Rejection Notice").

11. The Debtors never returned the keys to the Maitland Leased Property to Colonial. The Debtors purported to vacate the premises in June, 2007; however, the Debtors left substantial personal property in the premises, including, but not limited to, cubicles and other office furniture, office supplies and food. Therefore, the Rejection Date has yet to be set, and Debtors remain liable for rents due under the Maitland Lease. Nonetheless, the earliest such Rejection Date could be calculated under the Maitland Rejection Notice would be July 2, 2007.

12. On June 20, 2007, Debtors filed a Notice of Rejection of Unexpired Lease of Non-Residential Real Property pursuant to the Rejection Order (Docket No. 1398) relating to the Jacksonville Lease (the "Jacksonville Rejection Notice").

13. The Debtors never returned the keys to the Jacksonville Leased Property to Colonial. The Debtors purported to vacate the premises in June, 2007; however, the Debtors left substantial personal property in the premises, including, but not limited to, cubicles; office furniture; and office supplies. Therefore, the Rejection Date has yet to be set, and Debtors remain

liable for rents due under the Jacksonville Lease. Nonetheless, the earliest such Rejection Date could be calculated under the Jacksonville Rejection Notice would be July 2, 2007.

## RELIEF REQUESTED AND BASIS THEREFOR

**I.    Colonial and CRT are entitled to allowance of administrative claims for the Debtors' postpetition use and possession of the Leased Properties.**

14.    Pursuant to §503(b)(1)(A) of the Bankruptcy Code, claims held by creditors for "actual, necessary cost and expenses" to preserve the estate are allowed as administrative expenses entitled to priority under §507(a)(1)(C) of the Bankruptcy Code.  In the Third Circuit, there is a two-part test for determining the allowance of an administrative claim: (1) "there must be a post-petition transaction between the creditor and the debtor"; and (2) "the estate must receive a benefit from the transaction." In re Waste Sys. Intern., Inc., 280 B.R. 824, 826 (Bankr. D. Del. 2002) (citing In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 532-33 (3rd Cir. 1999); In re Mid-American Waste Sys., 228 B.R. 816, 821 (Bankr. D.Del.1999)).

15.    From the Petition Date through and including at least July 2, 2007, the date on which the Leased Properties were purportedly rejected, the Debtors realized value from their continuing use and possession of the Leased Properties. However, since the Debtors left their personal property in the Leased Premises, kept the keys to the Leased Properties, and failed to comply with the procedure they themselves set up for rejecting a non-residential real property lease, they should remain liable for administrative expense claims through the hearing date on this matter. The amounts owed to Colonial and CRT under the Leases therefore constitute an actual and necessary expense associated with preservation of the estate pursuant to §§503(b)(1) and 507(a)(1)(C).

## II. Colonial and CRT are entitled to immediate payment of their allowed administrative claims.

16. Pursuant to §365(d)(3) of the Bankruptcy Code, the trustee or debtor in possession shall timely perform all obligations "arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." Obligations arise under a lease for the purposes of section 365(d)(3) "when the legally enforceable duty to perform arises under that lease." See In re Montgomery Ward Holding Corp., 268 F.3d 205, 211 (3rd Cir. 2001) (citations omitted).

17. The amounts that the Debtors were required to pay pursuant to the Maitland Lease between the Petition Date and July 2, 2007, inclusively, is $18,166.40, a breakdown of which is attached hereto as **Exhibit C**. Because the Debtors were required to pay such amounts but failed to do so, Colonial is entitled to the entry of an order directing that Debtors pay that amount to Colonial immediately. It is Colonial's position that, since the Debtors never returned the keys to the Maitland Leased Property to Colonial and properly vacated the premises, the Rejection Date has yet to be set, and Debtors remain liable for rents due under the Maitland Lease through the date of a hearing on this matter.

18. The amounts that the Debtors were required to pay pursuant to the Jacksonville Lease between the Petition Date and July 2, 2007, inclusively, is $27,789.11, a breakdown of which is attached hereto as **Exhibit D**. Because the Debtors were required to pay such amounts but failed to do so, CRT is entitled to the entry of an order directing that Debtors pay that amount to CRT immediately. It is CRT's position that, since the Debtors never returned the keys to the Jacksonville Leased Property to CRT and properly vacated the premises, the Rejection Date has

yet to be set, and Debtors remain liable for rents due under the Jacksonville Lease through the date of a hearing on this matter.

19. Colonial and CRT reserve their right to amend or supplement this Motion, and file the Motion without prejudice to the enforceability of any other claims asserted against the estate, including but not limited to their proofs of claim for rejection damages arising from the Debtors' termination of the Leases.

WHEREFORE, the Movants respectfully request that the Court enter an Order: (i) allowing Colonial an allowed administrative expense claim, pursuant to §§503(b)(1) and 365(d)(3) of the Bankruptcy Code, in the total amount of no less than $18,166.40; (ii) allowing CRT an allowed administrative expense claim, pursuant to §§503(b)(1) and 365(d)(3) of the Bankruptcy Code, in the total amount of no less than $27,789.11; (iii) directing the Debtors' payment of such amounts within five days after entry of the order; and (iv) granting such other and further relief as this Court deems just and appropriate.

Dated: March 21, 2008　　　　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　DRAPER & GOLDBERG, PLLC

　　　　　　　　　　　　　　　　　　　　　 /s/ **Maria Aprile Sawczuk**
　　　　　　　　　　　　　　　　　　　　　Maria Aprile Sawczuk (DE No. 3320)
　　　　　　　　　　　　　　　　　　　　　Adam Hiller (DE No. 4105)
　　　　　　　　　　　　　　　　　　　　　1500 North French Street, 2nd Floor
　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　　(302) 339-8748 telephone
　　　　　　　　　　　　　　　　　　　　　(302) 213-0043 facsimile

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Movants*