IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | Objection Deadline: April 29, 2008 at 4:00 p.m. |
| | | Hearing Date: May 7, 2008 at 10:00 a.m. |

**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION
FOR ORDER AUTHORIZING THE SUPPLEMENTAL RETENTION AND
EMPLOYMENT OF GRANT THORNTON LLP AS TAX ACCOUNTANT TO THE
DEBTOR PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2014, 2016 AND 5002**

The above-captioned debtors and debtors in possession (the "Debtors") hereby request the entry of an order pursuant to sections 327(a) and 328 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the extension and supplementation of the employment and retention of Grant Thornton LLP ("GT") as tax accountant to the Debtors (the "Supplemental Application"). In support of the Supplemental Application, the Debtors submit: (i) the 2007 tax year engagement letter attached as Exhibit A hereto (the "2007 Tax Year

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation(f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Engagement Letter"); (ii) the Affidavit of Gary A. Grush, Partner of Grant Thornton (the "Grush Affidavit"), a copy of which is attached hereto as Exhibit B; and (iii) the Court's Order dated June 15, 2007 (the "Retention Order"), attached hereto as Exhibit C approving the retention of GT effective as of the Petition Date (as defined herein). The Debtors respectfully state as follows:

## BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On May 2, 2007, the Debtors filed the Application of Debtors and Debtors in Possession for Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Accountant to the Debtor Nunc Pro Tunc to the Petition Date Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002 (the" Original Application") and the Affidavit of Don W. Dahl in Support of Application for Order, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002, Authorizing and Approving Employment and Retention of Grant Thornton LLP as Tax Accountant to the Debtors (the "Dahl Affidavit" and together with the Original Application, the "Retention Documents").

3. The Debtors' retention of GT was approved effective as of the Petition Date by this Court's Order dated June 15, 2007. The Retention Order altered certain indemnification and limitation of liability language in GT's standard engagement terms as set forth in the Retention Documents, as requested by the Office of the United States Trustee (the "Limited Indemnification").

4. The Debtors now seek to retain GT to provide various tax services relating to the tax year ending December 31, 2007. Although the Debtors believe that these services are contemplated by the Retention Documents, the Debtors are seeking approval of this Supplemental Application in an abundance of caution.

### Supplemental Retention of Grant Thornton as Tax Accountant to the Debtors

5. Grant Thornton, headquartered at 175 West Jackson Boulevard, 20th Floor, Chicago, IL 60604, is the U.S. member firm of Grant Thornton International, one of six global accounting, tax and business advisory organizations. Through member firms in 110 countries, including 49 offices in the United States, the partners of Grant Thornton member firms provide personalized attention and the highest quality service to public and private clients around the globe. Grant Thornton provides professional services to its clients in the areas of audit and assurance services, financial advisory services, tax compliance and advisory services, and business advisory services. Grant Thornton has vast experience in the financial services industry, including experience working with banks and thrifts, broker-dealers, hedge funds, mortgage banks, mutual funds, financial services publications, and specialty finance companies such as the Debtors.

6. Prior to filing these chapter 11 cases, the Debtors have used Grant Thornton in the ordinary course of its business to provide general tax services. As a result, Grant Thornton has developed considerable knowledge of the Debtors' operations and finances and is well positioned to serve as their tax accountant. Indeed, the Debtors have used Grant Thorton as their tax accountants on certain matters during these chapter 11 cases and, given this experience, it is logical to expand their retention to encompass the services set forth herein with respect to the 2007 tax year.

7. Grant Thornton's services are necessary to enable and assist the Debtors in preparing certain required tax filings. In connection with this case, the Debtors will utilize GT to render the following professional services for the year ending December 31, 2007:

    (a) Preparation of any applicable federal tax returns:

    (b) Preparation of any applicable state tax returns;

    (c) Preparation of any federal or state extension requests;

    (d) Assist with the calculation of any estimated 2008 federal and state quarterly estimated tax payments; and

    (e) Provide general corporate tax consulting, including potential bankruptcy tax related issues.

8. As the Court is aware, the Debtors have retained accounting professionals in this case in addition to Grant Thornton. The Debtors believes that it is in the best interests of their estates to have different firms work on different projects depending on the size of the matter involved and the respective expertise of different accounting professionals. The Debtors represent that it will take steps to make certain that the services to be rendered by Grant Thornton will not duplicate the services to be rendered by any other professionals retained by the Debtors in their bankruptcy cases.

### Professional Compensation

9. Subject to the Court's approval, the Debtors propose to compensate Grant Thornton in accordance with Grant Thornton's hourly rates for professional services, as outlined herein and in the Engagement Letters, and to reimburse Grant Thornton for its expenses incurred in providing such services. The professional fees shall be calculated by multiplying the actual hours expended providing the agreed-upon services by the standard hourly billing rates for the

specific personnel involved. The hourly rates charged by Grant Thornton for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being provided. In the ordinary course of business, Grant Thornton periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business.

10. At present, Grant Thornton's hourly rates by classification are as follows:

| **Classification** | **Standard Hourly Rates** |
|---|---|
| Partner/Director | $555 - $715 |
| Senior Manager | $490 - $550 |
| Manager | $435 - $465 |
| Senior Associate | $325 - $390 |
| Associate | $225 - $250 |
| Administrative/Paraprofessional | $ 75 - $225 |

11. Changes in hourly rates will be noted on the monthly fee applications for the first time period in which the revised rates become effective.

12. In addition to professional fees, Grant Thornton's fee applications will include requests for reimbursement of reasonable expenses, including travel, report production, delivery services, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

### Disinterestedness

13. To check and clear potential conflicts of interest in this case, Grant Thornton has researched its client database to determine whether Grant Thornton has any connection with, among others, the following entities:

        a)     the Debtors;

        b)     the Debtors' officers, directors and principal shareholders;

        c)     the Debtors' secured lenders (UCC-1);

      d)    the Debtors' fifty (50) largest unsecured creditors;

      e)    the Debtors' proposed professionals; and

      f)    the Office of the U.S. Trustee.

14. To the best of the Debtors' knowledge, the principals and professionals of Grant Thornton do not have any connection with the Debtors, their creditors, or any other party in interest and do not hold or represent an interest materially adverse to the Debtors or their estates, are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code and represent or hold no interest adverse to the interests of the estates with respect to the matters upon which they are to be employed, except as set forth in the Grush Affidavit.

15. Grant Thornton intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the United States Trustee, the Local Rules and any additional procedures that may be or have already been established by the Court in this case. In connection therewith, subject to application for and allowance by the Court, Grant Thornton will seek reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors including, without limitation, including travel, report production, delivery services, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

16. Accordingly, the Debtors requests that they be authorized to employ and retain Grant Thornton as their tax accountant, with compensation and reimbursement of expenses to be paid in such amounts as this Court may allow after the submission of applications in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and any additional procedures established by the Court in these Chapter 11 cases.

RLF1-3261360-1

### Limited Indemnification

17. In order to comply with the Limited Indemnification set forth in the Retention Order, GT has altered the standard GT engagement terms within the 2007 Tax Year Engagement Letter.

### Notice

18. Notice of this Application has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) the Examiner appointed in these chapter 11 cases; (3) counsel to the Official Committee of Unsecured Creditors; and (4) all parties who have timely filed requests for notice under Bankruptcy Rule 2002.

### No Prior Request

19. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit D, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: March 24, 2008
       Wilmington, Delaware

*/s/ Christopher M. Samis/*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
O'Melveny & Myers LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
(415) 984-8701

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

RLF1-3261360-1