IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : Objection Deadline: April 14, 2008 at 4:00 p.m. |
| | : Hearing Date: To be determined |

**FIRST AND FINAL APPLICATION OF ICP CONSULTING LLC FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS ASSET VALUATION
SPECIALISTS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR
THE PERIOD FROM APRIL 2, 2007 THROUGH SEPTEMBER 26, 2007**

Pursuant to sections 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), ICP Consulting LLC ("ICP") hereby files this First and Final Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Asset Valuation Specialists for the Debtors and Debtors in Possession for the Period From April 2, 2007 through and including September 26, 2007 (the "Application"). By this Application, ICP seeks a final allowance of compensation of $200,000 for the period April 2, 2007 through and

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O Corp., a California corporation; New Century R.E.O II Corp., a California corporation; New Century R.E.O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P, a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

including September 26, 2007 (the "Compensation Period"). In support of this Application, ICP respectfully represents as follows:

## Background

1. On April 2, 2007, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntarily petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. On or about April 3, 2007, the Court entered an order approving the joint administration of the Debtors' Chapter 11 cases for procedural purposes only.

3. The Debtors have continued in possession of their respective properties and have continued to manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' retention of ICP was approved on September 24, 2007 *nunc pro tunc* to the Petition Date by order of this Court (the "Retention Order") [Docket No. 3020]. The Retention Order authorized the Debtors to pay ICP total compensation in the form of a flat fee in the amount of $200,000 (the "Flat Fee Amount") subject to the filing of a final fee application and the Court's review of the Flat Fee Amount under a reasonableness standard. Accordingly, ICP hereby files this Application detailing the services provided to the Debtors and requesting final approval of the Flat Fee Amount. A copy of a statement of services rendered identifying the services, certain details of the services, the professional who preferred such services and the time spent by such professional is attached hereto as Exhibit A.

## Services Provided and Relief Requested

5 As provided in the Retention order, the Debtors employed ICP as special asset valuation and liquidation advisors in connection with the sale of certain assets in their

chapter 11 cases in accordance with the terms of the executed engagement agreement (the "Engagement Agreement"), as modified by the Retention Order, attached hereto as Exhibit B.

6. As indicated by the biographical summaries attached to Retention Application as Exhibit B, ICP is highly qualified to serve as special asset valuation and liquidation advisors in this case. ICP key personnel have experience in virtually all aspects of the capital markets and specific expertise in valuing the assets being auctioned in connection with the proposed representation Further, ICP personnel have originated more then two hundred mortgage backed special purpose vehicle securitizations totaling over one and a half billion dollars.

7. Specifically, the services provided by ICP were as follows:

    a)    advising the Debtors on the value and disposition of REIT (Real Estate Investment Trust) and non-REIT eligible residual securities held by the Debtors; and

    b)    advising the Debtors on the value and disposition of its loan origination business and upon request, loan servicing business.

8. Pursuant to the Retention Order, ICP hereby requests payment of the Flat Fee Amount as the services it was retained to provide are complete.

9. In accordance with the factor enumerated in Section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under Chapter 11 of the Bankruptcy Code.

### Summary of Compensation Requested

10. All services for which compensation is requested by ICP were performed for or on behalf of the Debtors.

11. ICP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between ICP and any other person for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, ICP Consulting LLC respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, providing that for the Compensation Period, a final allowance of compensation be made to ICP in the sum of $200,000.00, for necessary professional services rendered, and that such sum be authorized and that Debtors be directed to make such payment, and for such other and further relief as this Court may deem just and proper.

Dated: March 25, 2008
San Francisco, CA

ICP CONSULTING LLC

_____
Thomas Priore
Chief Executive Officer

Sworn & Subscribed before me
this 25th day of March 2008

_____
Notary Public

BARBARA ANN WISLOSKY
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01WI6061020
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 07/09/2011

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK       )

Thomas Priore after being duly sworn according to law, deposes and says:

a) I am the Chief Executive Officer of the applicant firm, ICP Consulting LLC.

b) I am familiar with the work performed on behalf of the Debtors by ICP Consulting LLC

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order

_____
Thomas Priore

SWORN AND SUBSCRIBED before me
this 25 day of March, 2008.

_____
Notary Public
My Commission Expires: 7/9/2011

BARBARA ANN WISLOSKY
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01WI6061020
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 07/09/2011

RLF1-3256417-1