## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,*[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: April 14, 2008 @ 4:00 p.m.** |

## EIGHTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | November 1, 2007 through November 30, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $498,616.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $12,311.11 |

---

[1]   The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 11/1/07-11/30/07: | $ 398,892.80 (Holdback: $99,723.20) |
| 100% OF DISBURSEMENTS: | $12,311.11 |
| TOTAL DUE: | $ 411,203.91 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $745.00 | 2.50 | $1,862.50 |
| Mark S. Indelicato | Partner (1986) | $695.00 | 60.20 | $41,839.00 |
| Mark T. Power | Partner (1989) | $695.00 | 83.10 | $57,754.50 |
| John P. McCahey | Partner (1986) | $695.00 | 131.00 | $91,045.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 14.50 | $9,062.50 |
| John P. Amato | Partner (1986) | $695.00 | 9.70 | $6,741.50 |
| Janine M. Cerbone | Associate (2003) | $400.00 | 113.20 | $45,280.00 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 13.90 | $4,517.50 |
| Sarah Gilbert | Associate (2007) | $260.00 | 12.20 | $3,172.00 |
| Huria Naviwala | Associate (2005) | $280.00 | 46.20 | $12,936.00 |
| Allison M. Croessmann | Associate (2006) | $280.00 | 25.90 | $7,252.00 |
| Emmet Keary | Associate (2007) | $280.00 | 21.00 | $5,880.00 |
| Greg P. Kochansky | Associate (2007) | $325.00 | 24.70 | $8,027.50 |
| Preetpal Grewal | Associate (2001) | $400.00 | 88.80 | $35,520.00 |

| Stephen J. Grable | Associate (2007) | $260.00 | 75.00 | $19,500.00 |
|---|---|---|---|---|
| James P. Laughlin | Special Counsel (1989) | $675.00 | 3.10 | $2,092.50 |
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 33.70 | $17,692.50 |
| Maria A. Arnott | Special Counsel (1989) | $550.00 | 78.10 | $42,955.00 |
| Duke Boamah | Para Professional (N/A) | $200.00 | 146.00 | $29,200.00 |
| F. Michael Marhyan | Paralegal (N/A) | $220.00 | 67.30 | $14,806.00 |
| Dustin Millman | Paralegal (N/A) | $200.00 | 39.30 | $7,860.00 |
| Charmone Wright | Paralegal (N/A) | $200.00 | 168.10 | $33,620.00 |
| **Grand Totals:** | | | **1,257.50** | **$498,616.00** |
| **Blended Rate:** | | **$ 396.51** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 493.70** | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 2.00 | $440.00 |
| Creditors' Committee | 147.60 | $74,675.00 |
| Retentions | 2.30 | $764.00 |
| Executory Contracts/Leases | 143.60 | $55,878.50 |
| DIP/Investigation of Lien | 29.00 | $12,353.00 |
| Sale of Assets | 18.30 | $9,760.50 |
| Fees | 9.80 | $2,536.00 |
| Hahn & Hessen LLP Fees | 43.30 | $11,568.50 |
| Litigation | 9.20 | $4,494.00 |
| Plan and Disclosure Statement | 105.70 | $58,651.00 |
| Employee Issues | 23.80 | $10,509.00 |
| Claims Administration | 45.80 | $18,763.50 |
| Investigation of Company | 677.10 | $238,223.00 |
| **Total:** | **1,257.50** | **$498,616.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride, Inc. | $3,192.76 |
| Courier Service | Deluxe Delivery Systems, Inc. | $28.09 |
| Travel | | $636.00 |
| Overnight Delivery | Federal Express, Inc. | $267.03 |
| Word Processing Overtime | | $939.90 |
| Duplicating [at 10¢ per page] | | $3,366.80 |
| Telecopy Pages [at $1.00 per page] | | $20.00 |
| Telephone Conference Calls | | $432.47 |
| Long Distance Telephone Charges | | $62.25 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | | $1,782.93 |
| Postage | | $20.35 |
| Lexis | Lexis-Nexis | $1,543.09 |
| Search Fees | Pacer Service Center | $19.44 |
| **Total:** | | **$ 12,311.11** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,* | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: April 14, 2008 @ 4:00 p.m.** |

## EIGHTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

TO:    THE HONORABLE KEVIN J. CAREY,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its request for its eighth monthly compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of November 1, 2007 through November 30, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

1.    H&H makes this eighth monthly application for allowance of $510,927.11 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $498,616.00, and (ii) out-of-pocket expenses in the amount of $12,311.11.

## Background

2.      On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' cases.

3.      On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4.      The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5.      Pursuant to an order of this Court dated May  30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New

York University, The Stern School of Business and a 1985 graduate of Fordham University

School of Law. Mr. Power graduated in 1985 from George Washington University and earned

his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of

efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by

Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has

particular expertise in the area of issues concerning counter-parties to financial contracts in

subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's

and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights,

with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they

are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee

Order").

<u>**Summary of H&H Services during the Compensation Period**</u>

8.      From the outset, these cases have been extremely active and challenging, with a

multitude of substantial motions, sales of major assets and adversary proceedings commenced

during the first few months of the case. Applicant has devoted considerable time and attention at

the inception of its retention in order to get up to speed quickly on the underlying facts and be

able to respond appropriately to the myriad of expedited matters filed in the case. During the

month of November 2007, H&H expended 1,257.50 hours in connection with its services on

behalf of the Committee. H&H submits that the services it has rendered to the Committee have

been necessary and in the best interests of creditors and the Debtors' estates and have furthered

the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)      General Case Administration**

9.      H&H expended 2.00 hours with respect to services under this category, for which total compensation amounts to $440.00. Applicant's services included review of the docket regarding status updates and download and review of recently filed pleadings, and review of responses and objections filed thereto. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets, case calendars and e-mail distribution lists.

**(b)      Creditors' Committee**

10.      H&H expended 147.60 hours with respect to services under this category, for which total compensation amounts to $74,675.00. Under this category, Applicant devoted considerable time attending to issues including, but not limited to, adequate protection settlement issues with JPMC and Countrywide; subcon/decon analysis; asset sales related issues; examiner related issues; and issues relating to terms of Chapter 11 plan and plan term sheet. Additionally, Applicant spent time reviewing numerous lift stay motions and documents provided by KPMG. Applicant prepared for and participated in several Creditors Committee and Debtor meetings and conference calls to address numerous issues including, but not limited to, Debtors' plan term sheet; and prepared for, traveled to, attended and participated in omnibus hearings in Delaware. Applicant's services included routine review of the docket regarding status updates and review of recently filed pleadings. Applicant prepared numerous memos and e-mails to the Committee updating them on developments. Applicant also spent time attending to general administrative

-4-

and case management matters including, but not limited to, updating service lists, calendar maintenance, reviewing bankruptcy filing materials and general file maintenance.

**(c)**     **Retentions**

11.     H&H expended 2.30 hours with respect to services under this category, for which total compensation amounts to $764.00.  Applicant spent time reviewing various retention applications for ordinary course professionals and notices and affidavits regarding same. Applicant prepared for and participated in meetings regarding the foregoing issues.

**(d)**     **Executory Contracts/Leases**

12.     H&H expended 143.60 hours with respect to services under this category, for which total compensation amounts to $55,878.50.  Under this category, Applicant devoted considerable time attending to issues relating to Deutsche Bank's cure claim; and reviewing various documents produced by Debtor regarding same.  Applicant spent considerable time reviewing documents regarding Deutche Bank's fee submissions and calculations of disputed claims; and documents regarding servicing negligence standards; and reviewing and revising proposed stipulations between the Debtors and the Irvine Company regarding two leases. Additionally, Applicant spent time conducting research regarding entitlement to administrative claim for post-petition restoration of leased premises; and research regarding rent obligations of a Debtor in connection with post-rejection holdover.  Applicant prepared for and participated in numerous meetings and conference calls regarding the foregoing issues.

(e)    **DIP/Investigation of Lien**

13.    H&H expended 29.00 hours with respect to services under this category, for which total compensation amounts to $12,353.00. Under this category, Applicant devoted considerable time attending to adequate protection related issues, including negotiations and settlements; and reviewing Goldman Sachs Master Repurchase Agreement and breach claim issues. Additionally, Applicant attended various meetings and participated in conference calls with adequate protection claimants and Debtors regarding the foregoing.

(f)    **Sale of Assets**

14.    H&H expended 18.30 hours with respect to services under this category, for which total compensation amounts to $9,760.50. Applicant spent time in this category attending to issues surrounding the proposed dissolution of NCMC Insurance and proposing a recommended course of action to the Committee; attending to issues regarding the APA agreement for data sale to Goldman Sachs; and Access Lending amendment issues; and reviewing, editing and revising documentation pertaining to same. Applicant prepared for and participated in numerous teleconference calls and meetings regarding these issues. Applicant also communicated frequently through e-mails and memoranda on topics concerning the foregoing.

(g)    **Fees**

15.    H&H expended 9.80 hours with respect to services under this category, for which total compensation amounts to $2,536.00. Applicant's services in this category included routine review and monitoring of the docket for filing of fee applications; attention to and review

of certain professionals' fee applications; and continually updating a spreadsheet detailing the
fees and expenses of professionals.

**(h)    Hahn & Hessen LLP Fees**

16.    H&H expended 43.30 hours with respect to services under this category,
for which total compensation amounts to $11,568.50.  Applicant's services in this category
included review of monthly fee statements and revisions to same.  Applicant in turn prepared,
revised, edited and finalized monthly fee applications and cover sheets and exhibits to same.

**(i)    Litigation**

17.    H&H expended 9.20 hours with respect to services under this category, for
which total compensation amounts to $4,494.00.  Applicant spent time in this category attending
to issues related to Debtors' motion to terminate deferred compensation plan; the Examiner's
report on use of cash collateral; and several disputes regarding pending litigation and settlement.
Applicant spent time researching and reviewing materials and documents relating to the
foregoing; and prepared for and participated in several meetings and conference calls with regard
to issues relating to the foregoing.

**(j)    Plan and Disclosure Statement**

18.    H&H expended 105.70 hours with respect to services under this category,
for which total compensation amounts to $58,651.00.  Applicant spent considerable time in this
category attending to Rabbi Trust issues and issues relating to the Debtors' proposed chapter 11
plan and draft plan term sheet; and reviewing and analyzing documents pertaining to same and
participating in numerous conference calls and meetings with members of the Committee and

Committee/Debtor's professionals regarding same. Applicant spent time conducting research regarding claims issues and allocation of litigation recoveries; and thereafter drafted, revised and finalized memoranda's regarding same. Additionally, Applicant prepared for and participated in numerous conference calls and meetings with the Committee with regard to possible plan scenarios and plan alternatives and recommendations for resolving same.

**(k)     Employee Issues**

19.     H&H expended 23.80 hours with respect to services under this category, for which total compensation amounts to $10,509.00. Applicant spent considerable time in this category attending to Rabbi Trust issues; and conducting research and reviewing materials regarding same in preparation of a motion to permit re-distribution of trust assets. Applicant drafted, revised and finalized memoranda's and prepared for and participated in conference calls and meetings with regard to issues relating to the foregoing.

**(l)     Claims Administration**

20.     H&H expended 45.80 hours with respect to services under this category, for which total compensation amounts to $18,763.50. Applicant's services in this category included time spent researching class certification of proof of claim; in the preparation of drafting and finalizing an objection to a motion for leave to file late claim as class claim. Applicant spent considerable time reviewing objections to various lift stay motions; and conducting research regarding speculative or undiscoverable claims and allowance of same, marshalling doctrine and effect on parent guaranteed claims, entitlement to escrowed funds and safe harbor over margin payments and offset rights. Additionally, Applicant spent time reviewing EPD/breach claim materials distributed by Debtors and revising drafts to same; and

reviewing Debtors' first, second and third Omnibus objections. Applicant prepared for and participated in several meetings with regard to issues relating to the foregoing.

**(m)    Investigation of Company**

21.    H&H expended 677.10 hours with respect to services under this category, for which total compensation amounts to $238,223.00. Applicant's services in this category included considerable time spent reviewing and analyzing numerous documents provided by Debtors, Examiner, FTI and KPMG; and reviewing minutes of board meetings and other key documents. Thereafter, Applicant spent considerable time coding documents for specific issues using Ringtail, updating FileSite folders and importing various chronologies and related documents into CaseMap and TimeMap. Applicant in turn prepared numerous memos regarding analysis of the foregoing research and review. Applicant prepared for and attended meetings and conference calls with the Examiner, BDO and FTI. Additionally, Applicant's attorneys communicated frequently via e-mails, meetings and memoranda devoting time and attention to the foregoing topics.

### H&H Fees for the Compensation Period

22.    Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $498,616.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

23.    Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed

-9-

services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

24.    In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

25.    Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for November 2007 in the amount of $498,616.00, and payment of **$398,892.80** representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

26.    The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing

facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$12,311.11.**

27.    In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

28.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:    New York, New York
          March 25, 2008

                    **HAHN & HESSEN LLP**
                    Co-Counsel to The Official Committee of
                    Unsecured Creditors of New Century Holdings,
                    Inc., *et al.* Debtors
                    By:    _____
                           MARK S. INDELICATO
                           A Member of the Firm
                    488 Madison Avenue
                    New York, NY 10022
                    (212) 478-7200
                    (212) 478-7400 facsimile

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*, | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | |

AFFIDAVIT PURSUANT TO SECTION 504 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

STATE OF NEW YORK    )
                                          )  ss.:
COUNTY OF NEW YORK  )

MARK S. INDELICATO, being duly sworn, deposes and says:

1.       I am a member of the law firm of Hahn & Hessen LLP ("H&H"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed herein. I am the attorney responsible for the services rendered and to be rendered to the Committee as well as for compliance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.       This affidavit is submitted in support of the foregoing Eighth Monthly Fee Application (the "Application") for allowance of compensation and reimbursement of expenses incurred by H&H, as co-counsel to the Committee, for the period from November 1, 2007 through and including November 30, 2007.

3.       I have personally performed many of the services rendered by H&H and am thoroughly familiar with all other services performed on behalf of the Committee by the lawyers and paraprofessionals in my firm.

4.      The facts contained in the Application are true and correct to the best of my knowledge, information and belief.

5.      The fees and disbursements requested in the Application are in accordance with practices customarily employed by H&H and generally accepted by H&H's clients.

6.      No agreement or understanding exists between H&H and any other person or persons or parties to share in any compensation received in connection with this case except as with respect to the terms of partnership agreements with members of H&H.

7.      To the best of my knowledge, information and belief, the application substantially complies with the Local Rules.

_____
MARK S. INDELICATO

Sworn to before me this
25th day of March, 2008

_____

SUSAN FARRELL
Notary Public, State of New York
No. 01FA4890039
Qualified in Nassau County
Commission Expires April 27, 20_11_

-2-