IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                    : Chapter 11
                                          :
NEW CENTURY TRS HOLDINGS, INC.,           : Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,           :
                                          : Jointly Administered
                    Debtors.              :
                                          : Objection Deadline:
                                          : April 14, 2008 at 4:00 p.m.
---------------------------------------------------------------x

# EIGHTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM FEBRUARY 1, 2008 THROUGH FEBRUARY 29, 2008

Name of Applicant: **Michael J. Missal, Examiner**

Date of Appointment: **June 5, 2007 (Order entered on June 7, 2007)**

Period for Which Compensation is Sought: **February 1, 2008 through February 29, 2008**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$198,313.20 (80% of $247,891.50)**[1]

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$442.50**[2]

This is a:     **X** monthly     __ interim     __ final application.

---

[1] Reflects the Examiner's voluntary ten percent (10%) reduction of his fees for this matter.

[2] The airfare expense of $442.50 was incurred during the Seventh Monthly Period and was not included in the Examiner's Seventh Monthly Fee Application because the expense had not yet been invoiced at the time of the relevant fee period.

NY-580458-v1
557612.1 3/25/08

Prior Applications:

| Date Filed<br>Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Date Filed: 8/24/07<br>Docket No. 2571 | 6/5/07 - 7/29/07 | $198,673.20<br>(80% of $248,341.50) | $354.62 | $198,673.20 | $354.62 |
| Date Filed: 9/25/07<br>Docket No. 3058 | 8/1/07 - 8/29/07 | $137,703.60<br>(80% of $172,129.50) | $831.30 | $137,703.60 | $831.30 |
| Date Filed: 10/26/07<br>Docket No. 3430 | 9/1/07 - 9/30/07 | $106,853.40<br>(80% of $133,566.75) | $82.00 | $106,853.40 | $82.00 |
| Date Filed: 11/21/07<br>Docket No. 3932 | 10/1/07 –<br>10/29/07 | $140,731.20<br>(80% of $175,914.00) | $0.00 | $140,731.20 | $0.00 |
| Date Filed: 12/21/07<br>Docket No. 4187 | 11/1/07 –<br>11/30/07 | $138,591.00<br>(80% of $173,238.75) | $590.55 | $138,591.00 | $590.55 |
| Date Filed: 1/25/08<br>Docket No. 4708 | 12/1/07 –<br>12/31/07 | $128,046.60<br>(80% of $160,058.25) | $1,707.10 | $128,046.60 | $1,707.10 |
| Date Filed: 2/25/08<br>Docket No. 5032 | 1/1/08 –<br>1/31/08 | $152,947.80<br>(80% of $191,184.75) | $1,045.65 | $152,947.80[3] | $1,045.65 |

---

[3] As of the date of this Application, the Examiner has not received payment from the Debtors on account of his fees and expenses incurred pursuant to the Examiner's Seventh Monthly Application although the objection deadline has passed and there have been no objections to payment of the Seventh Monthly Application.

2

557612 1 3/25/08

## ATTACHMENT B
## TO FEE APPLICATION

The following is a summary of the fees incurred by the Examiner during the period covered by this Eighth Monthly Fee Application:

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compens-ation |
|---|---|---|---|---|---|
| Michael J. Missal | Partner of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates"); Joined K&L Gates in 1987; Practice Area(s): Securities Enforcement, Internal Investigations | Member of the DC Bar since 1982 | $775.00 | 355.4 | $275,435.00 |
| | | | **TOTAL** | 355.4 | $275,435.00 |
| | | | **VOLUNTARY 10% REDUCTION** | | ($27,543.50) |
| | | | **DISCOUNTED TOTAL** | | $247,891.50 |

3

557612.1 3/25/08

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Airfare | | $442.50 |
| | TOTAL | $442.50 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                      : Chapter 11
                                            :
NEW CENTURY TRS HOLDINGS, INC.,             : Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,             :
                                            : Jointly Administered
                       Debtors.[4]          :
                                            : Objection Deadline:
                                            : April 14, 2008 at 4:00 p.m.
------------------------------------------------------------x

## EIGHTH MONTHLY APPLICATION OF MICHAEL J. MISSAL, THE COURT-APPROVED EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM FEBRUARY 1, 2008 THROUGH FEBRUARY 29, 2008

Pursuant to Sections 330 and 331 of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-2 and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered herein on April 24, 2007 (the "Fee Procedures Order"), Michael J. Missal, the Court-approved Examiner (the "Examiner"), hereby submits his eighth monthly application (the "Application") for

---

[4] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

5

557612.1 3/25/08

allowance of compensation for the period from February 1, 2008 through February 29, 2008 (the "Eighth Monthly Period"). For the Eighth Monthly Period, the Examiner seeks allowance of interim compensation in the amount of $198,313.20 (80% of $247,891.50), and reimbursement of actual and necessary expenses of $442.50, for a total of $198,755.70. In support of the Application, the Examiner respectfully states:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue of this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330 and 331, and Fed R. Bankr. P. 2016.

## BACKGROUND

5. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. On June 1, 2007, the Court Entered an Order Denying in Part and Granting in Part Motion of the United States Trustee (the "UST") for an Order Directing Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner Order").

7.      Pursuant to the Examiner Order, the Court authorized and directed the Examiner to, inter alia, "investigate any and all accounting and financial statement irregularities, errors or misstatements, including but not limited to such irregularities, errors or misstatements that (i) gave rise to the announced need to restate the Debtors' financial statements for the first three quarters of 2006 and/or (ii) led the Debtors' management and Audit Committee to conclude it was more likely than not that pre-tax earnings in the 2005 financial statements were materially overstated, and identify and evaluate any claims or rights of action that the estates might have arising from or relating to such irregularities, errors or misstatements." Examiner Order at ¶ 3. The Court also authorized and directed the Examiner to investigate any possible unauthorized post-petition use of cash collateral by the Debtors and to otherwise perform the duties of an examiner pursuant to Section 1106(a)(3) and (a)(4) of the Bankruptcy Code, subject to the provisions of the Examiner Order. Id.

8.      On June 5, 2007, the UST appointed Michael J. Missal as the Examiner. On June 7, 2007, the Court entered an Order approving Mr. Missal's appointment.

## COMPENSATION PAID AND ITS SOURCE

9.      All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

10.     The Examiner has received no payment and has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between the Examiner and any other person for the sharing of compensation to be received for services rendered in this case, other than the partners of the law firm of K&L Gates, of which the Examiner is a partner and who serves as his counsel herein.

7

557612 1 3/25/08

11. Since his appointment, the Examiner has received payments from the Debtors totaling $854,164.57, on account of 80% of the fees and 100% of the expenses requested in the Examiner's First, Second, Third, Fourth, Fifth and Sixth Monthly Applications. As of the date of this Application, the Examiner has not received payment on account of his fees and expenses requested and approved pursuant to the Examiner's Seventh Monthly Application.

12. No retainer has been paid to the Examiner for his services rendered or to be rendered pursuant to the Examiner Order.

## FEE STATEMENTS

13. The Examiner's fee statement for the Eighth Monthly Period is attached hereto as Exhibit A. The fee statement contains the Examiner's daily time logs describing the time spent by the Examiner during the Eighth Monthly Period. The fee statement reflects an increase in K&L Gates' standard hourly rates for all K&L Gates personnel effective January 1, 2008.

14. To the best of the Examiner's knowledge, and upon consultation with his counsel, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Fee Guidelines prescribed by the UST and the Fee Procedures Order.

15. The Examiner notes that his time reports are organized and prepared on a daily basis, and that his charges for professional services have been billed at his standard hourly rate, less a 10% discount on his fees. The Examiner's requested compensation is commensurate with compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

557612.1 3/25/08

16. The Examiner did not incur any non-working travel time during the Eighth Monthly Period.

## ACTUAL AND NECESSARY EXPENSES

17. A summary of the actual and necessary expenses incurred by the Examiner during the Eighth Monthly Period is attached as part of Attachment B to the Application, and a copy of the Examiner's expense records is attached as Exhibit B to the Application.

18. During the Eighth Monthly Period, the Examiner incurred an airfare expense of $442.50 for his roundtrip travel from Washington D.C. to Long Beach, California to attend the interview of one of New Century's former senior executives taking place in Irvine, California on January 10, 2008.

## SUMMARY OF SERVICES RENDERED

19. The services performed by the Examiner during the Eighth Monthly Period are generally described below, with a more detailed identification of the actual services provided in the Examiner's time records attached hereto as Exhibit A.

20. The Examiner expended substantial time throughout the Eighth Monthly Period to reviewing, revising and finalizing the 550 page report that the Examiner submitted to the Court on February 29, 2008 (the "Report"). The Examiner communicated and met with his counsel regularly during the Eighth Monthly Period to discuss issues related to the status of his investigation, case strategy and the finalization of the Report that the Examiner has submitted.

21. During the Eighth Monthly Period, the Examiner devoted time to reviewing documents, including documents produced by third parties and memoranda prepared

9

by his counsel summarizing interviews taken of people with knowledge relevant to the subjects of the Examiner's investigation in connection with the finalization of the Report.

22. Finally, during the Eighth Monthly Period, the Examiner met with Committee counsel, counsel for New Century's outside directors and counsel for the United States Trustee to discuss issues related to the Examiner's investigation.

## VALUATION OF SERVICES

23. As set forth in the monthly fee statement attached as Exhibit A, the Examiner expended a total of 355.4 hours in connection with his investigation of the Debtors during the Eighth Monthly Period. The Examiner's standard hourly rate is $775.00, which is comparable to the rates the Examiner charges other clients for similar services, and the aggregate fees requested by the Examiner reflect a voluntary ten percent (10%) reduction in the Examiner's normal fees for work of this character.

24. The reasonable value of the services rendered by the Examiner during the Eighth Monthly Period is $247,891.50, of which eighty percent (80%) of such services is $198,313.20.[5] In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by the Examiner is fair and reasonable given (a) the complexity of the issues the Examiner has been charged with investigating, (b) the timeframe within which the Examiner has been asked to complete his investigation and prepare his report, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

---

[5] It is possible that some professional time expended or expenses incurred by the Examiner during the Eighth Monthly Period are not reflected in the amounts set forth in this Application. The Examiner reserves all rights to include such amounts in future fee applications to the Court.

10

557612.1 3/25/08

WHEREFORE, the Examiner respectfully requests that the Court enter an order (a) awarding him interim compensation for professional services rendered during the Eighth Monthly Period in the amount of $198,313.20 (80% of $247,891.50), and reimbursement of actual, reasonable and necessary expenses in the amount of $442.50, for a total of $198,755.70; (b) authorizing and directing the Debtors to remit payment to the Examiner for such fees and expenses; and (c) granting such other and further relief as the Court deems just and proper.

Dated: Washington, DC
March 25, 2008

By: _____
Michael J. Missal, Esq.
A Member of the Firm
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, DC 20006
(202) 778-9000