# **EXHIBIT 1**

RLF1-3266553-1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| NEW CENTURY TRS HOLDINGS, : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] : | |
| : | Jointly Administered |
| Debtors. : | |

## ORDER APPROVING STIPULATION BETWEEN DIANE OLIVEIRA AND DEBTORS TEMPORARILY VALUING GENERAL UNSECURED CLAIM FOR VOTING PURPOSES

The Court having considered the *Stipulation Between Diane Oliveira and Debtors Temporarily Valuing General Unsecured Claim for Voting Purposes* attached hereto as Exhibit A; the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice of the Stipulation must be given;

**IT IS HEREBY ORDERED** that the Stipulation is approved.

Dated: _____, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## EXHIBIT A

RLF1-3266553-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

### STIPULATION BETWEEN DIANE OLIVEIRA AND DEBTORS TEMPORARILY VALUING GENERAL UNSECURED CLAIM FOR VOTING PURPOSES

This "Stipulation Between Diane Oliveira and Debtors Temporarily Valuating General Unsecured Claims for Voting Purposes" ("Stipulation") is entered into by and among debtor New Century Financial Corporation ("Debtor NCFC"), a Maryland corporation, New Century Mortgage Corporation ("Debtor NCMC"), a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1] and Diane Oliveira ("Claimant"), by their respective counsel.

### RECITALS

A.  On or about March 16, 2007, Claimant filed a complaint for damages in the Superior Court of the Commonwealth of Massachusetts (the "Massachusetts Action") alleging Violation of Public Policy, Tortious Interference with an Advantageous Relationship, and Defamation. In addition to Debtor NCFC and Debtor NCMC, Claimant individually named

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

James Lanagan (former employee of Debtor NCMC and in Claimant's supervisory chain at all times relevant to the dispute) ("Lanagan") and Andrew Bartlow (former Director of Human Resources for Debtor NCMC) ("Bartlow")[2] as defendants. Claimant was employed by Debtor NCMC at all times relevant to the Massachusetts Action.

B. On or about April 2, 2007 ("Petition Date"), the Debtors, including Debtor NCFC and Debtor NCMC, commenced these cases by filing voluntary petitions under Title 11 of the United States Code, 11 U.S.C. §§101-1532. The Debtors bankruptcy proceedings are jointly administered as Case No. 07-10416.

C. Claimant timely filed the following proofs of claim (the "Oliveira Claims") (a/k/a the "Oliviera Claims") in the Debtors' cases, as follows:

1. On or About May 3, 2007, claim number 412 was filed as a general unsecured claim against the estate of Debtor NCFC in the amount of $3,000,000.00 relating to the Massachusetts Action; and

2. On or about May 3, 2007, claim number 413 was filed as a general unsecured claim against the estate of Debtor NCMC in the amount of $3,000,000 relating to the Massachusetts Action.

D. The Debtors and Claimant (collectively, the "Parties") agree that partial resolution of the Oliveira Claims is required to ensure that voting on the "Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008" (the "Plan") may proceed without delay.

E. Pursuant to 28 U.S.C. §157(b)(2)(b), the Court is authorized to estimate claims for purposes of confirming a plan under Chapter 11. Further, pursuant to Rule 3018 (a) of the Federal Rules of Bankruptcy Procedure, the Court may temporarily allow a claim or interest in an amount deemed proper for the purposes of accepting or rejecting a plan.

---

[2] Andrew Bartlow's name is misspelled in the caption.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

1. The recitals set forth in Paragraphs A through E above are incorporated herein by this reference.

2. Upon Court approval of this Stipulation, claim number 412 is disallowed and expunged in its entirety

3. Upon Court approval of this Stipulation, claim number 413 shall be deemed temporarily valued in the amount of $18,000.00 as a general unsecured claim against the estate of Debtor NCMC for Plan voting purposes only (the "Temporarily Valued Claim").

4. The Parties further stipulate that the Temporarily Valued Claim shall not affect:

    a. The rights of the Debtors or other parties-in-interest to object to claim number 413 in the future; and

    b. The valuation of claim number 413 for the purposes of any distribution ultimately made from the estate of Debtor NCMC to Claimant.

5. The Temporarily Valued Claim shall remain as a claim against debtor NCMC, excluding all other Debtors, and the rights of the Parties are reserved with respect to such claim.

6. Except as expressly provided in the proceeding paragraphs 1 through 5, Claimant agrees and independently covenants that she shall not file or assert any additional claims in these bankruptcy cases, except as set forth herein, or any other proof of claim filed or asserted by Claimant in these bankruptcy cases against the Debtors. Claimant further agrees and independently covenants that she shall not seek in any manner to receive a distribution of money from the estates of any of the Debtors in the above-captioned cases, other than Debtor NCMC, or

SF1:709696.1                                    3

from any successors of the Debtors' estates with regard to the Oliveira Claims relating to the Massachusetts Action.

7. This Stipulation is the entire agreement between the Debtors and Claimant with respect of the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held our other than as may be expressly provided herein.

8. Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

9. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or in part is subject to the approval of the Court.

10. The Bankruptcy Court shall maintain jurisdiction over this Stipulation indefinitely to enforce and to administer it.

11. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

12. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when take together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this Stipulation.

IT IS SO STIPULATED.

March 26, 2008

_____
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Natausha A. Wilson
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION

AND

March 23, 2008

_____
Louise A. Herman
129 Dyer Street
Providence, Rhode Island 02903
(401) 277-4110
ATTORNEYS FOR CLAIMANT DIANE
OLIVEIRA