# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC<br>) Chapter 11<br>) Jointly Administered<br>) **Hearing Date: May 7, 2008** |
| Debtors, | ) **Response Date: April 30, 2008** |

## GRP LOAN LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC* PURSUANT TO 11 U.S.C.§362(d)(1) AS TO 9 DEL PRADO CIRCLE, FAIRFIELD, CA

NOW COMES GRP LOAN LLC, (hereinafter "GRP"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 *nunc pro tunc* upon the following grounds:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

### CLAIM FOR RELIEF

2. GRP is a corporation located at 445 Hamilton Ave., Floor 8, Whiteplains, New York, 10601.

3. On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On or about September 1, 2004, non-filing borrower, Marshawn Howard (hereinafter "Borrower") executed and delivered Deed of Trust (hereinafter "DOT 1") in the principal amount of $50,380.00 to the Debtor, New Century Mortgage Corporation. Said DOT 1 created a lien upon the Property mentioned therein, 9 Casa Del Prado Circle, Fairfield, CA. Said Dot 1 was assigned to Wilshire Credit Corporation on October 31, 2005, Instrument No.

200500168430, Solano County Records, as set forth in the Property Report attached hereto as Exhibit "A".

5. On or about January 13, 2007, non-filing Borrower, executed and delivered Deed of Trust (hereinafter "DOT 2") in the principal sum of $306,000.00 unto New Century Mortgage Corp. Said DOT 2 created a lien upon the Property, all of which is of record in the Office of the County Clerk in Solano County, State of California, a copy of which is attached hereto as Exhibit "B". On the same date the Borrower executed a Adjustable Rate Balloon Note, a copy of which is attached hereto as Exhibit "C". New Century subsequently executed an Assignment of Deed of Trust unto GRP Loan, LLC, a copy of said Assignment is attached collectively hereto as Exhibit "D".

6. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

7. At present, Borrower is contractually delinquent. Movant seeks relief from stay *nunc pro tunc* effective December 20, 2007, the date the Assignment of DOT 2 was executed, so that the Assignment can be recorded and Movant may go forward with a foreclosure proceeding.

8. The payoff amount on the subject DOT 2 through January 24, 2008 is approximately $334,199.33. The Property has an estimated value of $320,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "E". Without even taking into account costs of sale or the principal amount of DOT 1, there is no equity in the Property.

9. Movant is not aware whether the Property is insured or if it is being maintained. Payments are not being made by the Borrower; therefore, Movant's interest in not adequately protected.

10. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower. Therefore, cause exists to vacate the stay to permit Movant to exercise its contractual rights against the Borrower and its non-bankruptcy remedies against the Property.

11. Movant seeks relief from the stay *nunc pro tunc* such that the execution of the Assignment is deemed valid. This relief is appropriate under these circumstances, and the Court has the power to annul the stay and grant retroactive relief in order to validate proceedings that would otherwise be void *ab initio*. *In re Askew,* 312 B.R. 274, 282 (Bankr. D. N.J. 2004). "Section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Siciliano*, 13 F. 3d 748, 751 (3rd Cir. 1994) citing approvingly *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A Court "has the option of validating" proceedings pursuant to §362(d) of the Code in the interests of "equity and judicial economy." *Excelsior Ins. Co. v Pennsbury Pain Ctr.,* 975 F. Supp. 342, 352 (D.N.J. 1996).

12. Movant respectfully submits that the circumstances in this case warrant *nunc pro tunc* relief. Movant was unaware of the bankruptcy filing of New Century Mortgage Corporation who held the second DOT on the subject property at the time the Assignment was executed. The Debtor holds no ownership interest in the Property It would be inequitable and cause unnecessary expense and delay for Movant if *nunc pro tunc* relief is not granted because such a decision would require the Assignment to be re-executed and recorded while no payments are made by the Borrower.

WHEREFORE, GRP hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause *nun pro tunc,* effective December 20, 2007.

                                    WHITTINGTON & AULGUR

By:   /s/ Kristi J. Doughty
       Robert T. Aulgur, Jr. (No. 165)
       Kristi J. Doughty (No. 3826)
       651 N. Broad Street, Ste. #206
       P.O. Box 1040
       Middletown, DE 19709-1040
       (302) 378-1661
       Attorney for Movant

Date: March 27, 2008