# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC<br>) Chapter 11<br>) Jointly Administered<br>) **Hearing Date: May 7, 2008 @ 10:00 a.m.** |
| Debtors, | ) **Response Date: April 30, 2008** |

### DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) SEEKING *NUNC PRO TUNC* RELIEF AS TO 365 Pineview Drive, Bedding, MI 48809

NOW COMES Deustche Bank National Trust Company being serviced by on this account by Wells Fargo (hereinafter "Deustche"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 *nunc pro tunc* upon the following grounds:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

### CLAIM FOR RELIEF

2. Deustche is a corporation with the address in the State of South Carolina.

3. On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On or about January 13, 2006, non-filing borrower, Josh Havey and Michelle Hannah (hereinafter "Borrowers") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principal sum of $92,320.00 unto New Century Mortgage Corporation. Said Mortgage 1 created a lien upon the property therein mentioned, 365 Pineview Drive,

Bedding, MI 48809 (hereinafter "the Property"), all of which is of record in the Office of the Register of Deeds in Ionia County, State of Michigan.  A copy of said Morgage 1 is attached hereto as Exhibit "A".

5..	New Century Mortgage Corporation subsequently executed an Assignment of Mortgage unto Deustche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3, a copy of which is attached hereto as Exhibit "B").

6.	On or about January 13, 2006, non-filing borrower Josh Havey and Michelle Hannah (hereinafter "Borrowers") executed and delivered a Mortgage (hereinafter "Mortgage 2") in the principal sum of $23,080.00 unto New Century Mortgage Corporation (hereinafter "Mortgage 2") which created a lien upon the property therein mentioned, 365 Pineview Drive, Bedding, MI 48809, all of which is of record in the Office of the Register of Deeds in Ionia County, State of Michigan.  A copy of said Mortgage 2 is attached hereto as Exhibit "C".

6.	Debtors have no ownership interest in the Property, and their lien is subordinate to Movant's.

8.	The payoff amount on the subject DOT 1 is approximately $98,941.13. The Property has an estimated value of $112,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "D".  After taking into account costs of sale and the amount due on the second mortgage there is no equity in the property.

9.	At present, Borrower is contractually delinquent.

10.	Prior to Deustche's notification or knowledge of the within Chapter 11 Bankruptcy Petition, the property was sold at sheriff's auction on October 18, 2007, and Movant was the successful bidder, purchasing the property.  A copy of the Sheriff's Deed

is attached hereto as Exhibit "E".

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower and sheriff's sale of the Property.

12. Movant seeks relief from the stay *nunc pro tunc* such that the sale of the property is deemed valid. This relief is appropriate under these circumstances, and the Court has the power to annul the stay and grant retroactive relief in order to validate proceedings that would otherwise be void *ab initio*. *In re Askew,* 312 B.R. 274, 282 (Bankr. D. N.J. 2004). "Section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Siciliano*, 13 F. 3d 748, 751 (3rd Cir. 1994) citing approvingly *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A Court "has the option of validating" proceedings pursuant to §362(d) of the Code in the interests of "equity and judicial economy." *Excelsior Ins. Co. v Pennsbury Pain Ctr.,* 975 F. Supp. 342, 352 (D.N.J. 1996).

13. Movant respectfully submits that the circumstances in this case warrant *nunc pro tunc* relief. Movant was unaware of the bankruptcy filing of New Century Mortgage Corporation who held the second mortgage on the subject property at the time the sheriff's sale was conducted. The Debtor holds no ownership interest and its lien is subordinate to Movant's. Proper advance notice of the sheriff's sale was provided to New Century Mortgage Corporation in accordance with Michigan statutes. It would be inequitable and cause unnecessary expense and delay for Movant if *nunc pro tunc* relief

is not granted because such a decision would require the sheriff's sale to be set aside and conducted again.

WHEREFORE, HSBC hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause *nunc pro tunc* to October 18, 2007..

                        WHITTINGTON & AULGUR

By:   /s/ Kristi J. Doughty
       Robert T. Aulgur, Jr. (No. 165)
       Kristi J. Doughty (No. 3826)
       651 N. Broad Street, Suite 206
       P.O. Box 1040
       Middletown, DE  19709-1040
       (302) 378-1661
       Attorney for Movant

Date:  March  28, 2008