# EXHIBIT B

(Order Approving 9019 Motion)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

## ORDER PURSUANT TO DEBTORS' MOTION TO APPROVE SETTLEMENT BETWEEN THE DEBTORS AND THE RUBIO CLASS PLAINTIFFS AND GRANT RELATED RELIEF

This matter coming before the Court on the *Debtors' Motion to Approve Settlement Between the Debtors and the Rubio Class Plaintiffs and Grant Related Relief* (the "Motion"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement Agreement, and take all actions reasonably necessary to effectuate its terms and conditions, including but not limited to (a) negotiating and entering into the "Joint Stipulation of Settlement" contemplated by the MOU, (b) seeking conditional class certification in the California District Court, and (c) seeking approval of the Settlement Agreement in the California District Court.

4. The automatic stay is modified in <u>Daniel J. Rubio, et. al. v. New Century Mortgage Corporation</u>, United States District Court, Central District of California, Case No. SACV-06-811 (AJWx), solely to allow the parties to seek conditional class certification in the California District Court, and take all actions necessary and consistent with seeking such Court approval, including but not limited to seeking preliminary class certification for settlement purposes. Should the California District Court deny conditional class certification or deny approval of the settlement, the automatic stay shall remain intact.

5. The *Debtors' Thirteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1 to Certain Multiple-Debtor Duplicate Claims* [Docket No. 4815] is hereby withdrawn as to the Rubio Class Plaintiffs.

6. The *Motion of Daniel J. Rubio, John Hicks, David Vizcara, Individuals on Behalf of Themselves and All Others Similarly Situated, and The General Public, for an Order Granting Relief from the Automatic Stay* [Docket No. 635] is hereby withdrawn.

7. This Order shall be effective and enforceable immediately upon entry.

8. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

Dated: _____, 2008
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE