## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC<br>) Chapter 11<br>) Jointly Administered<br>) **Hearing Date: May 7, 2008 @ 10:00 a.m.** |
| Debtors, | ) **Response Date: April 30, 2008** |

### GRP LOAN LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) SEEKING *NUNC PRO TUNC* RELIEF AS TO 890 Adams Street, #33, Dorchester Ctr, Massachusetts

NOW COMES GRP LOAN LLC, (hereinafter "GRP"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 *nunc pro tunc* upon the following grounds:

### JURISDICTION

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

### CLAIM FOR RELIEF

2.  GRP is a corporation located at 445 Hamilton Ave., Floor 8, Whiteplains, New York, 10601.

3.  On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.  On or about February 5, 2007, non-filing borrower, Luis Leonardo (hereinafter "Borrower") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principal sum of $252, 000.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, New Century Mortgage Corp. Said Mortgage 1 created a lien upon the property therein mentioned, 890 Adams Street, #33, Dorchester CTR, Massachusetts (hereinafter the "Property"), all of which is of

record in the Office of the County Clerk in Suffolk District, State of Massachusetts. Copies of said Mortgage 1 and Assignment are attached collectively hereto as Exhibit "A".

5. New Century Mortgage Corporation subsequently executed an Assignment of Mortgage unto Sutton Funding, LLC. Sutton executed an assignment to GRP Financial, Inc., and GRP Financial Inc. executed an assignment to GRP Loan LLC. Copies of said Assignments are attached collectively hereto as Exhibit "B".

6. On or about February 5, 2007 non-filing Borrower, also executed and delivered a Mortgage (hereinafter "Mortgage 2") in the principal sum of $63,000.00 unto the Mortgage Electronic Registration Systems, Inc. as nominee for the Debtor, New Century Mortgage Corp. Said Mortgage 2 created a lien upon the Property, all of which is of record in the Office of the County Clerk in Suffolk District, State of Massachusetts, recorded subsequently to Mortgage 1. A copy of Mortgage 2 is attached hereto as Exhibit "C".

7. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

8. At present, Borrower is contractually delinquent and Movant wishes to go forward with a foreclosure proceeding.

9. The payoff amount on the subject Mortgage 1 through January 24, 2008 is approximately $276,012.21. The Property has an estimated value of $290,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "D". There is no equity in the Property after taking into account costs of sale and the principal amount stated on Mortgage 2.

10. Movant is not aware whether the Property is insured or if it is being maintained. Payments are not being made by the Borrower; therefore, Movant's interest in not adequately protected.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower. Movant seeks relief from the stay *nunc pro tunc* such that the Assignment from the Debtor to Sutton and the two subsequent assignments may be recorded and Movant may then proceed with foreclosure. This relief is appropriate under these circumstances, and the Court has the power to annul the stay and grant retroactive relief in order to validate proceedings that would otherwise be void *ab initio*. *In re Askew,* 312 B.R. 274, 282 (Bankr. D. N.J. 2004). "Section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Siciliano*, 13 F. 3d 748, 751 (3rd Cir. 1994) citing approvingly *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A Court "has the option of validating" proceedings pursuant to §362(d) of the Code in the interests of "equity and judicial economy." *Excelsior Ins. Co. v Pennsbury Pain Ctr.,* 975 F. Supp. 342, 352 (D.N.J. 1996).

12. Movant respectfully submits that the circumstances in this case warrant *nunc pro tunc* relief. Movant was unaware of the bankruptcy filing of New Century Mortgage Corporation who held the first Mortgage that was then assigned from MERS as nominee for the debtor during its ordinary course of business, then assigned subsequently to Movant . The Debtor holds no ownership interest and its lien is subordinate to Movant's interest. Proper procedures were filed with regard to the assignments. It would be inequitable and cause unnecessary expense and delay for Movant if *nunc pro tunc* relief is not granted because such a decision would require several assignments to be re-executed by several parties.

13. Therefore, cause exists to vacate the stay *nunc pro tunc* to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrower and the Property.

WHEREFORE, GRP hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause *nunc pro tunc* effective July 2, 2007, the date of the initial assignment by MERS as nominee for the debtor.

                        WHITTINGTON & AULGUR

By:   /s/ Kristi J. Doughty
        Robert T. Aulgur, Jr. (No. 165)
        Kristi J. Doughty (No. 3826)
        651 N. Broad Street, Ste. #206
        P.O. Box 1040
        Middletown, DE  19709-1040
        (302) 378-1661
        Attorney for Movant

Date:  March   29, 2008