**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| New Century TRS Holdings, Inc., et al., | ) Case No. 07-10416 KJC <br> ) Chapter 11 <br> ) Jointly Administered <br> ) **Hearing Date: May 7, 2008 @ 10:00 a.m.** |
| Debtors, | ) **Response Date: April 30, 2008** |

**CITIMORTGAGE INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) AS TO 6817 BETTS AVENUE, CINCINNATI, OHIO 45239**

NOW COMES CitiMortgage, Inc., (hereinafter "CitiMortgage"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

**JURISDICTION**

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

**CLAIM FOR RELIEF**

2. CitiMortgage is a corporation with a location in Coppell, Texas.

3. On April 2, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On or about December 29, 2004, non-filing borrower, John Baer (hereinafter "Borrower") executed and delivered a Mortgage (hereinafter "Mortgage") in the principal sum of $63,000.00 unto the Debtor, New Century Mortgage Corporation. Said Mortgage 1 created a lien upon the property therein mentioned, 6817 Betts Ave., Cincinnati, Ohio 45239 (hereinafter the "Property"), all of which is of record in the Office of the County Recorder of Hamilton County, State of Ohio, a copy of which is attached hereto as Exhibit "A".  It is unknown if any amount

remains due under this Mortgage; however, it remains a lien of record on the Property.

5.    On or about February 13, 2006 non-filing Borrower, also executed and delivered a Mortgage (hereinafter "Mortgage 2") in the principal sum of $76,500.00 unto ABN AMRO Mortgage Group, Inc.. Said Mortgage 2 created a lien upon the Property, all of which is of record in the Office of the County Recorder of Hamilton County, State of Ohio. A copy of Mortgage 2 is attached hereto as Exhibit "B". ABN Amro then merged into Movant, CitiMortgage, Inc., a copy of which Certificate of Merger is attached hereto as Exhibit "C".

7.    At present, Borrower is contractually delinquent and Movant wishes to go forward with a foreclosure proceeding.

8.    The payoff amount on the subject Mortgage 2 through March 14, 2008 is approximately $86,650.05. The Property has an market value of approximately $52,000.00 as set forth on the Broker's Price Opinion ("BPO") attached hereto as Exhibit "D". There is no equity in the Property even before taking into account costs of sale or the balance due on Mortgage 1.

9.    Movant is not aware whether the Property is insured or if it is being maintained. Payments are not being made by the Borrower; therefore, Movant's interest in not adequately protected.

10.    The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower. Therefore, cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrower and the Property.

WHEREFORE, CitiMortgage hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause.

WHITTINGTON & AULGUR

By: /s/ Kristi J. Doughty
Robert T. Aulgur, Jr. (No. 165)
Kristi J. Doughty (No. 3826)
651 N. Broad Street, Ste. #206
P.O. Box 1040
Middletown, DE  19709-1040
(302) 378-1661
Attorney for Movant

Date:  March 31, 2008