## EXHIBIT A

RLF1-3267575-1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[2] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |
| | : | Re: Docket Nos. 490 & 1270 |

## AMENDED ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, AS SPECIAL CORPORATE AND LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* AS OF APRIL 2, 2007

Upon review and consideration of the "Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Sheppard, Mullin, Richter & Hampton LLP, as Special Corporate and Litigation Counsel to the Debtors *Nunc Pro Tunc* to April 2, 2007" (the "Application") filed by New Century TRS Holdings, Inc., *et al.*, the debtors and debtors in possession herein (the "Debtors"), seeking entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing and approving the employment and retention of Sheppard, Mullin, Richter & Hampton LLP ("SMRH") as special corporate and litigation counsel to the Debtors, consistent with the terms of the retainer agreement by and between New Century

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Financial Corporation, New Century Mortgage Corporation, Home 123 Corporation, NC Capital Corporation, and certain of their affiliates and SMRH (the "Retainer Agreement"), substantially in the form annexed to the Application as Exhibit C; and upon consideration of the Application and the Court being satisfied that SMRH represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, and that the employment of SMRH is necessary and in the best interest of the Debtors and their estates; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefor; it is hereby

ORDERED that, in accordance with section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain SMRH as special corporate and litigation counsel upon the terms and conditions set forth in the Application and the Retainer Agreement as modified herein, effective as of April 2, 2007; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, including paragraph 19 of the Application, SMRH shall be authorized to represent the Debtors in connection with the following:

(a.)   The defense of the Rubio Litigation;

(b.)   The sale of substantially all of non-Debtor New Century Warehouse's assets (referred to in the Application as the "Sale Transaction"); and

(c.)   Limited services incident to the corporate matters on which SMRH represented the Debtors prior to the Petition Date in an amount not to exceed $2,500 per month; and it is further

ORDERED that, SMRH shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the terms and conditions set forth in the Retainer Agreement (subject to the Code,

RLF1-3267575-1

the Rules, and any orders issued by this Court) and any other such procedures as may be fixed by the Court.

ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by SMRH after May 31, 2007 in these chapter 11 cases shall not exceed $100,000.00, not inclusive of a separate monthly fee amount not to exceed $2,500.00 allowed in connection with services related to general corporate matters.

ORDERED that, the Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: April _____, 2008
Wilmington, DE

                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE