## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al. | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: Docket No. 5260** |
| | : | |

### RESPONSE OF NATIXIS REAL ESTATE CAPITAL INC. TO DEBTORS' SIXTEENTH OMNIBUS OBJECTION: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, FED. R. BANKR. R. 3007 AND 9014 AND DEL. BANKR. L.R. 3007-1 TO (A) CERTAIN BOOKS AND RECORDS CLAIMS; (B) INSUFFICIENT DOCUMENTATION; (C) MULTIPLE DEBTOR DUPLICATION CLAIMS AND/OR (D) REDUCED OR RECLASSIFIED CLAIMS

Natixis Real Estate Capital Inc. ("Natixis"), by and through its attorneys, submits this response to the Debtors' Sixteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed. R. Bankr. R. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to (A) Certain Books and Records Claims; (B) Insufficient Documentation; (C) Multiple Debtor Duplication Claims and/or (D) Reduced or Reclassified Claims [Docket No. 5260] (the "Omnibus Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), and respectfully states as follows:

## BACKGROUND

### A.    The Chapter 11 Filings

1.    On April 2, 2007 (the "Petition Date"), each of the Debtors, except New Century Warehouse Corporation, filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.    On August 3, 2007, New Century Warehouse Corporation filed a voluntary petition for relief under the Bankruptcy Code.  The Debtors are operating their business and managing their affairs as debtors and debtors in possession.

3.    On April 9, 2007, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in these cases.

4.    On June 7, 2007, the Court entered an order appointing Michael J. Missal as examiner.

**B.    Natixis**

5.    On March 9, 2007, Natixis purchased 71 mortgage loans (the "Mortgage Loans") from Maxim Mortgage Corp. ("Maxim"), an originator of sub-prime mortgage loans, for approximately $14.6 million pursuant to a certain mortgage loan purchase agreement (the "Transaction").

6.    In the Transaction, the purchase price was paid at the direction of four of Maxim's warehouse lenders.[1]  Approximately $10.2 million of the purchase price was paid at the direction of Maxim to New Century Warehouse Corporation d/b/a Access Lending ("New Century Warehouse"), one of the four Maxim warehouse lenders.  The $10.2 million payment was for 52 (out of 71) Mortgage Loans that were financed by New Century Warehouse (the "New Century Warehouse Mortgage Loans").

---

[1] The warehouse lenders provided interim funding to Maxim until the mortgage loans originated by Maxim were sold to a permanent investor such as Natixis.

{00809369;v1}

7.      In exchange for the $10.2 million dollar purchase price for the New Century Warehouse Mortgage Loans, New Century Warehouse provided Natixis with a security release certification (the "Security Release") in which it relinquished all right and title to all of the New Century Warehouse Mortgage Loans to Natixis. The Security Release did not provide notice of any other owner or party having an interest in the New Century Warehouse Mortgage Loans or of any purported competing claim.

C.      **The Goldman Sachs Litigation**

8.      On July 18, 2007, Goldman Sachs Mortgage Company ("Goldman Sachs") filed a complaint (the "Complaint") against Natixis in the Supreme Court of New York, County of New York (the "Goldman Sachs Litigation"), for conversion and breach of contract arising from Natixis' alleged misappropriation and conversion of 38 New Century Warehouse Mortgage Loans (the "Subject Mortgage Loans") purportedly owned by Goldman Sachs. A copy of the Complaint is attached as Exhibit A hereto. The purchase price of the Subject Mortgage Loans paid by Natixis to New Century Warehouse (on behalf of Maxim) was $7,251,917.39.

9.      In its complaint, Goldman Sachs, a direct lender to New Century Warehouse, alleges that it, not New Century Warehouse, was the bona fide owner of the Subject Mortgage Loans and that Natixis is allegedly liable to Goldman Sachs for the purchase price of such mortgage loans. Natixis was unaware of any interest Goldman Sachs held or asserted in the Subject Mortgage Loans. Natixis believes that it is the sole owner of the Subject Mortgage Loans pursuant to, among other things, its purchase agreement with Maxim, a trust receipt issued to Natixis by the custodian that was holding

3

the Subject Mortgage Loans at that time and New Century Warehouse's related Security Release.

10.    Natixis paid New Century Warehouse approximately $7.2 million for the purchase of the Subject Mortgage Loans.  Should Natixis somehow become liable to Goldman Sachs in the Goldman Sachs Litigation, Natixis asserts that New Century Warehouse will be liable for the full amount of Natixis' damages.

**D.    Natixis' Claims**

11.    In consideration of its potential liability in the Goldman Sachs Litigation and its contingent claims against New Century Warehouse as a result of that liability, Natixis filed certain contingent claims against New Century Warehouse and its debtor affiliates . Accordingly, on October 19, 2007, Natixis filed claims against New Century Warehouse and five affiliated debtor entities [Claim Numbers 3642 – 3647], each in the amount of at least $6.7 million (collectively, the "Natixis' Claims" or the "Claims").[2]

12.    Goldman Sachs has filed claims against the Debtors relating, in part, to the same Transaction under a separate legal theory.

13.    On March 7, 2008, the Debtors filed the Omnibus Objection and objected to Natixis' Claims, seeking to have the Claims expunged as being irreconcilable with their books and records.

---

[2] Claims in the amount of at least $6.7 million were filed against the following Debtor entities:  New Century Warehouse Corporation, New Century Credit Corporation, NC Capital Corporation, NC Asset Holding, L.P., Home123 Corporation and New Century Mortgage Corporation.

4

## RESPONSE

14.     Where a proof of claim is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, the validity and amount of the claim is thereby established *prima facie*. Fed.R.Bankr.P. 3001(f). In that regard, the filing of a proof of claim has been likened to the filing of a complaint at the opening of a civil case. *See In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985). In order to challenge successfully the *prima facie* validity of a proof of claim, an objector must produce evidence negating an essential allegation of the claim. *See In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Natixis' Claims clearly establish *prima facie* evidence of their contingent right to payment from the Debtors if Goldman Sachs is successful in the Goldman Sachs Litigation.

15.     The Debtors state in their Omnibus Objection that the Natixis Claims cannot be reconciled with their books and records. The Debtors believe they are not liable for the Claims because (i) the Debtors' books and records do not reflect the existence of the claims or otherwise indicate a schedule liability of zero with respect to such Claims, or (ii) the Claims have previously been satisfied by the Debtors and their books and records do not reflect any additional amounts owing on account of the Claims. *See* Omnibus Objection at ¶ 8. The Debtors' beliefs are erroneous.

16.     The Omnibus Objection fails to rebut the *prima facie* validity of the Claims. Natixis' Claims are valid contingent claims against the Debtors' estates subject to the outcome of the Goldman Sachs Litigation.

17.     The Debtors have known about the pending Goldman Sachs Litigation as evidenced in a recent pleading filed by the Debtors. Specifically, on March 4, 2008, the

{00809369;v1}

Debtors filed the Joint Motion of Debtors and Debtors in Possession and Their Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Sections 105(a), 361, 362, and 363 of the Bankruptcy Code for Approval of Stipulation of Global Settlement Resolving Disputes With Adequate Protection Parties (the "Settlement Motion"). The settlement agreement attached as an exhibit to the Settlement Motion contains a specific reference to the Goldman Sachs Litigation. The Debtors are clearly aware of the Goldman Sachs Litigation and it should be reflected in the Debtors' records.

18.    The Debtors' conclusory assertion that, based upon a review of their books and records, they are not liable on the Claims is insufficient to rebut Natixis' contingent right to payment as established *prima facie* by Natixis' Claims. *Allegheny International*, 954 F.2d at 173 (the objector must produce evidence "equal in force" to the evidence submitted by the claimant); *Simmons*, 765 F.2d at 552 (same). The Omnibus Objection offers no reasonable evidence to negate any essential element of the Claims, much less evidence that is "equal in force" to that set forth in Natixis' Claims. Moreover, the Debtors' attempt to shift the burden of proof is improper. Accordingly, Natixis respectfully submits that the Debtors' request to have the Claims disallowed should be denied.

19.    Finally, the Debtors' attempt to reserve alleged rights that they do not possess is improper and should be denied. Omnibus Objection at ¶ 19 (further objections at a later date); ¶ 19 (amend, modify, supplement, or file additional objections on other grounds); ¶ 27 (deviations from Del.Bankr. LR 3007-1 waived). This Court's Local Rules expressly require the Debtors to bring all substantive objections at one time. "An

6

objection based on substantive grounds shall include all objections to each claim on substantive grounds. Del.Bankr. LR 3007-1(f)(iii) (emphasis added). To the extent that the Debtors have failed to raise any additional purported objections to Natixis' Claims in the Omnibus Objection, such additional objections should be deemed waived.

## **RESERVATION OF RIGHTS**

20.    Natixis expressly reserves all rights, including, without limitation, (i) to take any and all discovery they deem appropriate to prepare for proceedings in this matter, (ii) to submit additional papers to the Court in support of the Claims and any other claims filed by Natixis in this matter, (iii) to amend any portion of their Claims, (iv) to assert any portion of their Claims, whether currently known or unknown, as secured and/or as an administrative expense of the Debtors' estates, and (v) to seek any appropriate relief from this Court.

Dated: April 2, 2008

BAYARD, P.A.

By: _____
Neil B. Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Tel: (302) 655-5000

-and-

DAVIS & GILBERT, LLP
Joseph Cioffi
Craig Gold
1740 Broadway
New York, NY 10019
Tel: (212) 468-4800

Counsel to Natixis

{00809369;v1}