# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
GOLDMAN SACHS MORTGAGE COMPANY,   :
                                  :   Index No. 662359/07
              Plaintiff,          :
                                  :
    -against-                     :
                                  :   **COMPLAINT**
NATIXIS REAL ESTATE CAPITAL INC., :
f/k/a IXIS REAL ESTATE CAPITAL, INC., :
                                  :
              Defendant.          :
---------------------------------------------------------------x

Plaintiff Goldman Sachs Mortgage Company ("GSMC"), by its attorneys Schindler Cohen & Hochman LLP, for its complaint against Natixis Real Estate Capital Inc. f/k/a IXIS Real Estate Capital, Inc. ("Natixis") alleges as follows upon personal knowledge as to its own acts and upon information and belief as to all other matters:

## NATURE OF THE CASE

1.  This is a conversion and breach of contract action arising from Natixis's misappropriation and diversion of 38 mortgage loans (the "Mortgage Loans") owned by GSMC in violation of GSMC's rights in those loans and in breach of bailee agreements between and for the benefit of the respective parties.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §§ 301, 302(a).

3.  Venue in this Court is proper pursuant to N.Y. C.P.L.R. § 503(a).

## PARTIES

4.  GSMC is a New York limited partnership with its principal place of business at 85 Broad Street, New York, New York 10004. GSMC is engaged in the business of, *inter alia*, purchasing and financing the purchase of mortgages.

5.  Natixis is a corporation organized under the laws of the State of New York, with its principal place of business at 9 West 57th Street, New York, New York 10019. Natixis is engaged in the business of, *inter alia*, purchasing and securitizing pools of mortgage loans.

## FACTS

6.  In February and March of 2007, Natixis expressed interest in purchasing the Mortgage Loans owned by GSMC and sought to conduct due diligence by reviewing the original notes and relevant loan documentation relating thereto for each of the Mortgage Loans ("Mortgage Loan Documentation"). During February and March of 2007, GSMC's custodian, Deutsche Bank National Trust Company ("Deutsche Bank"), provided the Mortgage Loan Documentation to Natixis's custodian, also Deutsche Bank, pursuant to a bailee letter for each Mortgage Loan (collectively, the "Bailee Letters"). Each Bailee Letter requires Natixis to hold the Mortgage Loan Documentation for the underlying Mortgage Loan in trust until it either purchases the underlying Mortgage Loan or, upon GSMC's request, returns the Mortgage Loan Documentation for the underlying Mortgage Loan to GSMC or its custodian. A copy of one of the Bailee Letters, which are substantially identical, is attached hereto as an example at Exhibit A.

7.  Specifically, pursuant to each Bailee Letter, Natixis's custodian, as agent for Natixis, agreed in relevant part that Natixis would: (i) hold in trust as bailee for GSMC the Mortgage Loan Documentation until Natixis's status as bailee was terminated as set forth in each

Bailee Letter; (ii) not release or deliver any of the Mortgage Loan Documentation to any person or take any action with respect to the Mortgage Loan Documentation that could jeopardize GSMC's security interest in the underlying Mortgage Loans; (iii) remit the Purchase Amount, as that term is defined in each Bailee Letter, only to GSMC's account as set forth in each Bailee Letter; and (iv) return the Mortgage Loan Documentation immediately to GSMC's custodian upon receipt of a written request from GSMC.

8.  Each Bailee Letter further states that GSMC's interest in the underlying Mortgage Loan is released, and the responsibilities of Natixis are terminated, upon Natixis's irrevocable payment to GSMC of the Purchase Amount, as that term is defined in each Bailee Letter. Each Bailee Letter further states that all payments by Natixis shall be remitted via federal funds, and the wire transfer instructions for GSMC's account are provided therein.

9.  Each Bailee Letter also provides as follows:

> Please note that should [Natixis] remit the Purchase Amount to any other entity or Person, [GSMC] will not consider the Purchase Amount to have been paid and will not release its security interests or terminate the responsibilities of [Natixis] as bailee for [GSMC] until the Purchase Amount has been properly remitted to the account set forth herein.

10. On or about April 5, 2007, GSMC, through its custodian Deutsche Bank, issued to Natixis's custodian and agent, which was also Deutsche Bank, a letter for each of the Mortgage Loans that had been sent to Natixis as bailee ("Bailee Follow-up Letter"). Each Bailee Follow-up Letter states, in relevant part, that Natixis had received the Mortgage Loan Documentation for the underlying Mortgage Loan pursuant to a Bailee Letter and that Natixis had had possession of the Mortgage Loan Documentation for more than forty-five days without purchasing such Mortgage Loan. Each Bailee Follow-Up Letter further states: "[k]indly alert us regarding your decision to purchase the Mortgage Loans or return the Mortgage Files to our attention at your

earliest convenience." A copy of one of the Bailee Follow-up Letters, which are substantially identical, is attached hereto as Exhibit B.

11. In response to the Bailee Follow-up Letters, Natixis neither purchased the underlying Mortgage Loans nor returned the Mortgage Loan Documentation for those Mortgage Loans. Instead, Natixis informed GSMC that it had already purportedly purchased the Mortgage Loans by wiring funds into an account that was not identified in the Bailee Letters and that was not owned by or affiliated with GSMC.

12. On or about June 27, 2007, GSMC, through its counsel, sent another letter stating again that Natixis had failed to remit payment to GSMC or return the Mortgage Loan Documentation. In this letter, GSMC demanded that Natixis either pay the Purchase Amount or return the Mortgage Loan Documentation for the underlying Mortgage Loans, as required by the terms of the Bailee Letters. A copy of GSMC's June 27, 2007 letter is attached hereto as Exhibit C.

13. To date, in violation of the express terms of the Bailee Letters for the Mortgage Loans delivered to its custodian, Natixis has failed to remit the Purchase Amount to GSMC or to return the Mortgage Loan Documentation.

14. Notwithstanding Natixis's failure to remit payment or return the Mortgage Loan Documentation, Natixis has been acting as if it owns the Mortgage Loans, in further violation of the Bailee Letters. Among other things, Natixis has purported to service some or all of the Mortgage Loans by collecting the principal and interest due under the Mortgage Loans as if Natixis had actually purchased the Mortgage Loans. Natixis has also purported to sell some of the Mortgage Loans into new securitizations.

15. As a result of Natixis's wrongful conduct set forth above, GSMC has been damaged in the amount of approximately $7,700,000, plus, among other things, the principal and interest payments that Natixis has received in servicing the Mortgage Loans owned by GSMC.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

16. GSMC repeats and re-alleges the allegations of paragraphs 1-15 above as if set forth fully herein.

17. Each of the Bailee Letters referenced above constitutes a valid and binding agreement between GSMC and Natixis, through their respective agents. GSMC has performed all of its obligations pursuant to each Bailee Letter.

18. Under the terms of each Bailee Letter, Natixis agreed to hold in trust, as bailee for GSMC, the Mortgage Loan Documentation until its status as bailee was terminated. Natixis failed to do so. Natixis thus materially breached the agreement in each of the Bailee Letters with regard to the Mortgage Loans.

19. Under the terms of each Bailee Letter, Natixis agreed not to release or deliver the Mortgage Loan Documentation to any person, or to take any action with respect to the Mortgage Loan Documentation that could jeopardize GSMC's interest in the underlying Mortgage Loans. Natixis failed to do so. Natixis thus materially breached the agreement in each of the Bailee Letters with regard to the Mortgage Loans.

20. Under the terms of each Bailee Letter, Natixis agreed to deliver the Purchase Amount, as that term is defined in each Bailee Letter, only to GSMC's account as identified on each Bailee Letter. Natixis failed to do so. Natixis thus materially breached the agreement in each of the Bailee Letters with regard to the Mortgage Loans.

21. Under the terms of each Bailee Letter, Natixis agreed to return to GSMC's custodian the Mortgage Loan Documentation upon GSMC's request. Natixis failed to do so. Natixis thus materially breached the agreement in each of the Bailee Letters with regard to the Mortgage Loans.

22. As a result of Natixis's breaches of its agreement in each of the Bailee Letters, GSMC has been damaged in an amount to be determined at trial, but not less than $7,700,000, plus statutory interest, costs and attorney's fees. GSMC has been further damaged because Natixis has serviced the Mortgage Loans as if it owned those Mortgage Loans when they actually belong to GSMC and, in so doing, collected principal and interest payments.

### SECOND CAUSE OF ACTION
### (Conversion)

23. GSMC repeats and re-alleges the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. By exercising unauthorized dominion over the Mortgage Loans owned by GSMC in interference with GSMC's legal title and superior right of possession, Natixis has committed conversion. Moreover, Natixis has refused GSMC's demand for either the return of its property or payment for the Mortgage Loans.

25. As a result of Natixis's actions, GSMC has been damaged in an amount not less than $7,700,000, plus interest, plus additional damages in an amount to be determined at trial.

WHEREFORE, GSMC requests that this Court grant judgment in its favor and against Natixis in an amount to be determined at trial, but in any case not less than $7,700,000, plus income generated from the Mortgage Loans, plus statutory interest, costs and attorney's fees, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 18, 2007

SCHINDLER COHEN & HOCHMAN LLP

By: _____
Lisa C. Cohen
Howard A. Fischer

100 Wall Street, 15th Floor
New York, New York 10005
(212) 277-6300 (tel)
(212) 277-6333 (fax)

*Attorneys for Plaintiff*
*Goldman Sachs Mortgage Company*

# Exhibit A



1761 East St. Andrew Place
Santa Ana, CA 92705-4934

Tel: 714 247 6000
Fax: 714 247 6009

**BAILEE LETTER**

February 20, 2007

Deutsche Bank
1761 E. St. Andrews Place
Ruel Sanjongeo
Santa Ana, CA 92705

Loan # 210036428

Re:   Purchase of Mortgage Loans from [New Century Mortgage Corporation] [New Century Warehouse Corporation]

Ladies and Gentlemen:

Pursuant to the terms and conditions set forth below, Deutsche Bank National Trust Company, as Custodian for Goldman Sachs Mortgage Company (the "Buyer") under the Custodial Agreement with New Century Mortgage Corporation (a "Seller") and New Century Warehouse Corporation (a "Seller", and together with New Century Mortgage Corporation, the "Sellers") dated February 14, 2006 hereby delivers to Deutsche Bank (the "Investor"), with this letter, the original executed promissory note(s) and other documentation, all as set forth on the schedule attached hereto (the "Mortgage Loan Documentation") evidencing the mortgage loan(s) described on the schedule attached hereto (the "Mortgage Loan(s)"). The Buyer has a perfected first lien security interest in the Mortgage Loan(s) under the Master Repurchase Agreement dated February [__], 2006 (the "Repurchase Agreement") and expressly retains and reserves all of its rights in the Mortgage Loan(s), the Mortgage Loan Documentation and all related security instruments, files, and documents (the "Loan Documents") until the Investor has paid the Buyer the Purchase Amount (as hereinafter defined) for the Mortgage Loan(s) in accordance with this letter.

By taking physical possession of this letter, the Mortgage Loan Documentation and the other Loan Documents, the Investor hereby agrees: (i) to hold in trust, as bailee for the Buyer, the Mortgage Loan Documentation and all Loan Documents that it receives related to the Mortgage Loan(s), until its status as bailee is terminated as set forth herein; (ii) not to release or deliver, or authorize the release or delivery of any of the Mortgage Loan Documentation or any other Loan Documentation to the applicable Seller or any other person or take any other action with respect to the Mortgage Loan Documentation or any Loan Document which release, delivery or other action could cause the security interest of the Buyer to become unperfected or which could otherwise jeopardize the perfected security interest of the Buyer in the Mortgage Loan(s); (iii) to deliver, or to cause to be delivered, the Purchase Amount (as defined below) only to the account set forth below pursuant to the terms set forth below and to honor a change in such terms only upon receipt of written instruction by the Buyer; and (iv) to return the Mortgage Loan Documentation immediately to the Custodian as agent for the Buyer (A) upon receipt of a written request by the Buyer, (B) in the event that the Investor elects not to purchase the Mortgage Loan(s), or (C) in the event that the Mortgage Loan Documentation requires completion and/or correction; and (v) to remit the Purchase Amount to the account set forth below or in accordance with the written instructions of the Buyer. Please note that should the Investor remit the Purchase Amount to any other entity or Person, the Buyer will not consider the Purchase Amount to have been paid and will not release its security interests or terminate the responsibilities of the Investor as bailee for the Buyer until the Purchase Amount has been properly remitted to the account set forth herein.

The Buyer agrees that its security interest in the Mortgage Loan(s) shall be fully released and the responsibilities of the Investor as bailee shall terminate upon the Investor's irrevocable payment to the Buyer of an amount (the "Purchase Amount") equal to the greater of (1) the purchase price for the Mortgage Loan(s) agreed to by the Investor, , ("the Originator") and Seller and (2) $, which is the full amount of all outstanding Transactions (as defined in the Repurchase Agreement) in respect of the Mortgage Loan(s). If the Buyer consents to the payment of a Purchase Amount for the Mortgage Loan(s) that is less than the amount of the outstanding Transactions with respect to the Mortgage Loan(s), as set forth in clause (2) of the preceding sentence, the Buyer shall release its security interest in the Mortgage Loan(s) only upon full payment of the remaining outstanding Transactions (as defined in the Repurchase Agreement) with respect to such Mortgage Loan(s). All payments by the Investor shall be remitted via federal funds pursuant to the following wire transfer instructions:

LaSalle Bank<br>
135 South LaSalle St<br>
Chicago, IL 60603<br>
ABA # 071000505<br>
For Credit to: Access Warehouse Lending<br>
Account # 7234301<br>
Immediate Phone Advice to:<br>
Eric Frazee<br>
281-207-7052

In the event of any inconsistency between the provisions of this letter and the provisions of any other instrument or document delivered by Deutsche Bank (on behalf of the Buyer) to the Investor with this letter or in connection with the Mortgage Loan(s), including, without limitation, any "release" or similar document, the provisions of this letter shall control.

Sincerely,

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Custodian

BY: *[signature]*

Name: Kevin R. Fischer
Title: Vice President

IRREVOCABLY ACKNOWLEDGED AND AGREED TO:

BY:

TITLE:

DATE:

**Exhibit B**

# Deutsche Bank

1761 East St. Andrew Place
Santa Ana, CA 92705-4934

Tel: 714 247 6000
Fax: 714 247 6009

## FORM OF BAILEE VIOLATION LETTER

DEUTSCHE BANK

1761 E ST ANDREW PLACE,

SANTA ANA, CA 92705

Attn: RUEL SANJONGCO

Re:   210036428:   BAUER, DONALD

We hereby notify you that, pursuant to the Bailee Letter, the Mortgage Files for the Mortgage Loans listed on Annex 1 hereto were released to DEUTSCHE BANK for purchase on 02/20/2007 and Takeout Investor has had possession of the Mortgage Files for more than forty-five (45) days without purchasing such Mortgage Loans. Kindly alert us regarding your decision to purchase the Mortgage Loans or return the Mortgage Files to our attention at your earliest convenience.

DEUTSCHE BANK NATIONAL TRUST COMPANY

BY: *(signature)*

Name: Kevin R. Fischer
Title: Vice President

cc:   Goldman Sachs Mortgage Company, via e-mail

# Exhibit C

SCHINDLER COHEN & HOCHMAN LLP

Lisa C. Cohen
(212) 277-6320
LCohen@SCHlaw.com

100 Wall Street
15th Floor
New York, N.Y. 10005
Tel (212) 277-6300
Fax (212) 277-6333

**BY FAX**

June 27, 2007

Joseph Cioffi, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Re: **Goldman Sachs Mortgage Company Loans on Bailee**

Dear Mr. Cioffi:

I am writing as counsel to Goldman Sachs Mortgage Company ("Goldman") in connection with certain mortgage loans owned by Goldman, a list of which is attached hereto. On February 20, February 23, and March 5, 2007, Deutsche Bank, as agent for your client Natixis Real Estate Capital Inc. ("IXIS"), accepted as bailee the original executed promissory note(s) and other documentation evidencing the mortgage loans on the attached list (the "Mortgage Loan Documentation"), which were delivered by Deutsche Bank National Trust Company, as custodian for Goldman, accompanied by bailee letters.

To date, IXIS has failed to remit payment to Goldman or return the Mortgage Loan Documentation to Deutsche Bank National Trust Company as its agent. We respectfully request that your client does so immediately, as required by the terms of the bailee letters.

Very truly yours,

Lisa C. Cohen

Attachment

{00031829}

## List of Mortgage Documents on Bailee to Deutsche Bank for Natixis

| | |
|---|---|
| 210036416 | Bauer, Donald |
| 210036428 | Bauer, Donald |
| 210038285 | Delgado, Maria |
| 210041402 | Deshommes, Marie R. |
| 210040873 | Dieudonne, Daniel |
| 210036892 | Do, Hoang M. |
| 210041478 | Dysysavath, Kapkeo |
| 210041360 | Epps, Beverly |
| 210040263 | Exantus, Seraphin |
| 210039975 | Ferreiro, Oscar |
| 210040432 | Figueroa, Gloria |
| 210040948 | Fitzgerald, Shea P. |
| 210038371 | Gaffney, Teresa |
| 210041053 | Gallion, Roger |
| 210037978 | Harris, Rickey |
| 210041366 | Hernandez, German |
| 210040396 | Hudson, Dulcie |
| 210040167 | Lambropoulos, George |
| 210040490 | Lashock, Lori |
| 210040650 | Leveille, Marie |
| 210040583 | Louis, Marie, M. |
| 210040603 | Martin, Mercedes |
| 210040956 | Martinez, Ramiro |
| 210038600 | Mcfarland, Gregory |
| 210039983 | Mervil, Jacquelin Antonio |
| 210038539 | Mims Jr., Steven |
| 210041503 | Newberry, Sondra E. |
| 210041004 | O'Connor, Sean P. |
| 210041135 | Olderon, Pedro F. |
| 210036070 | Perez, Hilda |
| 210041399 | Roberts, Gail |
| 210041357 | Stamidis, Fotini |
| 210040538 | Stokes, Vivian |
| 210039799 | Taylor, Maxwell |
| 210041363 | Washington, Anttwan S. |
| 210037653 | Watson, Laniece |
| 210038503 | Williams, Michelle |
| 210040970 | Young, Francis |