# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 23638 MARGUERITE CIRCLE MORENO VALLEY, CA 92557**
*(relates to Docket No. 5268)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 23638 Marguerite Circle Moreno Valley, CA 92557 (the "Motion") filed by Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 23638 Marguerite Circle Moreno Valley, CA 92557 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____         _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 2050 SW BEAUREGARD STREET PORT SAINT LUCIE, FL 34953
*(relates to Docket No. 5269)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2050 SW Beauregard Street Port Saint Lucie, FL 34953 (the "Motion") filed by Avelo Mortgage, LLC ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2050 SW Beauregard Street Port Saint Lucie, FL 34953 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____

        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 746 E. 223RD STREET BRONX, FL 34953**
*(relates to Docket No. 5270)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 746 E. 223rd Street

Bronx, FL 34953 (the "Motion") filed by Avelo Mortgage, LLC ("Movant"), and any response

thereto; the Court having determined that (A) the Court has jurisdiction over the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited

parties stated on the Certificate of Service is adequate under the circumstances; and the Court

having further determined that cause exists to grant Movant relief from the automatic stay with

respect to Movant's exercise of any rights and remedies against the real property located at 746

E. 223rd Street Bronx, FL 34953 (the "Property") under applicable non-bankruptcy law; it is

hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 5205 WEST CARIBBEAN LANE GLENDALE, AZ 85306
*(relates to Docket No. 5271)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 5205 West Caribbean Lane Glendale, AZ 85306 (the "Motion") filed by MTGLQ ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 5205 West Caribbean Lane Glendale, AZ 85306 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: MTGLQ*
*D&G Reference: 213031*
*Property Address: 5205 West Caribbean Lane Glendale, AZ 85306*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>        Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 725 MILLER AVENUE FREEPORT, NY 11520
*(relates to Docket No. 5272)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 725 Miller Avenue Freeport, NY 11520 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS I Capital Inc, MSAC 2007-HE2 by Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 725 Miller Avenue Freeport, NY 11520 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS I Capital Inc, MSAC 2007-HE2 by Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 212934*
*Property Address: 725 Miller Avenue Freeport, NY 11520*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____     _____
          Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 3141 ASHBURY DRIVE UPPER ARLINGTON, OH 43221
*(relates to Docket No. 5273)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 3141 Ashbury Drive Upper Arlington, OH 43221 (the "Motion") filed by US Bank National Association ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 3141 Ashbury Drive Upper Arlington, OH 43221 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.** All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: US Bank National Association*
*D&G Reference: 213633*
*Property Address: 3141 Ashbury Drive Upper Arlington, OH 43221*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____    _____
         Wilmington, Delaware       UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 17580 SANTA BARBARA DR DETROIT, MI 48221**
*(relates to Docket No. 5274)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 17580 Santa Barbara Dr

Detroit, MI 48221 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

17580 Santa Barbara Dr Detroit, MI 48221 (the "Property") under applicable non-bankruptcy

law; it is hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Wells Fargo Bank, N.A.*
*D&G Reference: 213384*
*Property Address: 17580 Santa Barbara Dr Detroit, MI 48221*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 329 BROADWAY DAVISBURG, MI 48350
*(relates to Docket No. 5275)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 329 Broadway Davisburg, MI 48350 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 329 Broadway Davisburg, MI 48350 (the "Property") under applicable non-bankruptcy law; it is hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Wells Fargo Bank, N.A.*
*D&G Reference: 213291*
*Property Address: 329 Broadway Davisburg, MI 48350*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 112 BOWEN RD PERRIS, CA 92571**
*(relates to Docket No. 5276)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 112 Bowen Rd Perris, CA

92571 (the "Motion") filed by WM Specialty Mortgage LLC ("Movant"), and any response

thereto; the Court having determined that (A) the Court has jurisdiction over the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited

parties stated on the Certificate of Service is adequate under the circumstances; and the Court

having further determined that cause exists to grant Movant relief from the automatic stay with

respect to Movant's exercise of any rights and remedies against the real property located at 112

Bowen Rd Perris, CA 92571 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is

otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic

stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted

to exercise its rights under applicable non-bankruptcy law against the Property, including but not

limited to foreclosure of the Mortgage; and it is further

   **ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor

holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any

interest in the Property; and it is further

   **ORDERED,** that this Order is immediately effective and is not stayed by operation of

law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
            Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 64 MARYS LANE SOUTH HAMPTON, NY 11968
*(relates to Docket No. 5277)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 64 Marys Lane South Hampton, NY 11968 (the "Motion") filed by PHH Mortgage Corporation ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 64 Marys Lane South Hampton, NY 11968 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: PHH Mortgage Corporation*
*D&G Reference: 212944*
*Property Address: 64 Marys Lane South Hampton, NY 11968*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 1429 ALWYNNE DRIVE LEIGH ARCHES, FL 33936
*(relates to Docket No. 5278)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1429 Alwynne Drive Leigh Arches, FL 33936 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2006-HE2 by : Saxon Mortgage Services, Inc.f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1429 Alwynne Drive Leigh Arches, FL 33936 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
          Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 |
| | Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 3905 NE DR, HOMESTEAD, FL 33033**
*(relates to Docket No. 5308)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 3905 NE Dr, Homestead, FL 33033 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 3905 NE Dr, Homestead, FL 33033 (the "Property") under applicable non-bankruptcy law; it is hereby

---

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 213112*
*Property Address: 3905 NE Dr, Homestead, FL 33033*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 7000 NEWPORT STREET, COMMERCE CITY, CO 8002**
*(relates to Docket No. 5309)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 7000 Newport Street, Commerce City, CO 8002 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2006-HE3 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 7000 Newport Street, Commerce City, CO 8002 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 558 DECATUR STREET, BROOKLYN, NY 11233
*(relates to Docket No. 5310)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 558 Decatur Street, Brooklyn, NY 11233 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by: Saxon Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 558 Decatur Street, Brooklyn, NY 11233 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by: Saxon Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 213117*
*Property Address: 558 Decatur Street, Brooklyn, NY 11233*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
       Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,                    Chapter 11
INC., et al.,                                 Case No. 07-10416-KJC, et seq

            Debtors.

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 6350 THUNDER GULCH AVENUE, LAS VEGAS, NV 89141
*(relates to Docket No. 5311)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 6350 Thunder Gulch

Avenue, Las Vegas, NV 89141 (the "Motion") filed by U.S. Bank National Association, as

Trustee for Home Equity Loan Trust 2005-HE2, by: Saxon Mortgage Services, Inc. as its

attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the

Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 6350 Thunder Gulch Avenue, Las Vegas, NV

89141 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 |
| | Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 11970 SW 188 TERRACE, MIAMI, FL 33177**
*(relates to Docket No. 5312)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 11970 SW 188 Terrace, Miami, FL 33177 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company as Trustee and Custodian for IXIS Real Estate Capital Inc by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 11970 SW 188 Terrace, Miami, FL 33177 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
         Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

### ORDER TERMINATING AUTOMATIC STAY
### UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 12222 GRAYSON STREET, SPRINGFIELD GARDENS, NY 11413
*(relates to Docket No. 5313)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 12222 Grayson Street, Springfield Gardens, NY 11413 (the "Motion") filed by Deutsche Bank Trust Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC1 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 12222 Grayson Street, Springfield Gardens, NY 11413 (the "Property") under applicable non-bankruptcy law; it is hereby

Movant: Deutsche Bank Trust Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC1 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact
D&G Reference: 212130
Property Address: 12222 Grayson Street, Springfield Gardens, NY 11413

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED**, that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED**, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
       Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 506 WARWICK STREET, BROOKLYN, NY 11207**
*(relates to Docket No. 5314)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 506 Warwick Street, Brooklyn, NY 11207 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee under the Pooling and Servicing Agreement dated as of September 1, 2007. Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 506 Warwick Street, Brooklyn, NY 11207 (the "Property") under applicable non-bankruptcy law; it is hereby

---

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee under the Pooling and Servicing Agreement dated as of September 1, 2007. Morgan Stanley ABS Capital I Inc. Trust 2007-HE7*
*D&G Reference: 213132*
*Property Address: 506 Warwick Street, Brooklyn, NY 11207*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
       Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 2322 SOUTH 13TH STREET, OMAHA, NE 68108
*(relates to Docket No. 5315)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 2322 South 13th Street,

Omaha, NE 68108 (the "Motion") filed by LaSalle Bank National Association, as Trustee and

Custodian for Morgan Stanley, MSAC 2006-HE8 by: Saxon Mortgage Services, Inc. as its

attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the

Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 2322 South 13th Street, Omaha, NE 68108 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____       _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 2306 GEARY BOULEVARD, SAN FRANCISCO, CA 94115**
*(relates to Docket No. 5316)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2306 Geary Boulevard, San Francisco, CA 94115 (the "Motion") filed by LaSalle Bank National Association, as Trustee and Custodian for Morgan Stanley, MSAC 2007-HE1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2306 Geary Boulevard, San Francisco, CA 94115 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 104 30 127TH STREET, RICHMOND HILL, NY 11419**
*(relates to Docket No. 5317)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 104 30 127th Street,

Richmond Hill, NY 11419 (the "Motion") filed by LaSalle Bank National Association, as

Trustee and Custodian for Morgan Stanley, MSAC 2007-HE1 by: Saxon Mortgage Services, Inc.

as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that

(A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 104 30 127th Street, Richmond Hill, NY 11419 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 720 WEST GORDON TERRACE UNIT 8C, CHICAGO, IL 60613**
*(relates to Docket No. 5343)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 720 West Gordon Terrace Unit 8C, Chicago, IL 60613 (the "Motion") filed by U.S. Bank National Association, as Trustee for Home Equity Loan Trust 2004-HE5, by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 720 West Gordon Terrace Unit 8C, Chicago, IL 60613 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____
       Wilmington, Delaware             _____
                                  UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY**
**UNDER SECTION 362 OF THE BANKRUPTCY**
**CODE WITH RESPECT TO REAL PROPERTY LOCATED**
**AT 4503 CORNERSTONE STREET, PEARLAND, TX 77584**
*(relates to Docket No. 5344)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 4503 Cornerstone Street,

Pearland, TX 77584 (the "Motion") filed by U.S. Bank National Association, as Trustee for

Home Equity Loan Trust 2004-HE7 by: Saxon Mortgage Services Inc. as its attorney-in-fact

("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 4503 Cornerstone Street, Pearland, TX 77584 (the "Property") under

applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 2054 VISTA CAJON, NEWPORT BEACH, CA 92660**
*(relates to Docket No. 5347)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2054 Vista Cajon, Newport Beach, CA 92660 (the "Motion") filed by U.S. Bank National Association, as Trustee for Home Equity Loan Trust 2005-HE1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2054 Vista Cajon, Newport Beach, CA 92660 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____     _____
          Wilmington, Delaware         UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC**
**STAY UNDER SECTION 362 OF THE BANKRUPTCY**
**CODE WITH RESPECT TO REAL PROPERTY LOCATED**
**AT 774 EAST 39TH ST, BROOKLYN, NY 11210**
*(relates to Docket No. 5349)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 774 East 39th St,

Brooklyn, NY 11210 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS Capital

Inc. MSAC 2007-HE3 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services,

Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined

that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28

U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is

adequate under the circumstances; and the Court having further determined that cause exists to

grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 774 East 39th St, Brooklyn, NY 11210 (the

"Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS Capital Inc.  MSAC 2007-HE3 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 213124*
*Property Address: 774 East 39th St, Brooklyn, NY 11210*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
          Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., <u>et al.</u>, | Chapter 11<br>Case No. 07-10416-KJC, <u>et seq</u> |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
<u>AT 1126 NORTH SPRINGER VIEW DRIVE, MIDWAY, UT 84049</u>**
*(relates to Docket No. 5350)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1126 North Springer View

Drive, Midway, UT 84049 (the "Motion") filed by Deutsche Bank Trust Company Americas

formerly known as Banker's Trust Company, as Custodian for Morgan Stanley STTR I 2007-1

by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact

("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 1126 North Springer View Drive, Midway, UT 84049 (the "Property")

under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 302 MISTY MEADOW DR, BAKERSFIELD, CA 93308

*(relates to Docket No. 5354)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 302 Misty Meadow Dr, Bakersfield, CA 93308 (the "Motion") filed by MERS ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 302 Misty Meadow Dr, Bakersfield, CA 93308 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: MERS*
*D&G Reference: 213163*
*Property Address: 302 Misty Meadow Dr, Bakersfield, CA 93308*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 21 MEADOW WAY, CAPE ELIZABETH, ME 04107
*(relates to Docket No. 5355)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 21 Meadow Way, Cape

Elizabeth, ME 04107 (the "Motion") filed by Deutsche Bank Trust Company Americas, as

Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services

Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined

that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28

U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is

adequate under the circumstances; and the Court having further determined that cause exists to

grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 21 Meadow Way, Cape Elizabeth, ME 04107 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 108 LLOYD STREET, NEW HAVEN, CT 06513**
*(relates to Docket No. 5356)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 108 Lloyd Street, New Haven, CT 06513 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC3 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 108 Lloyd Street, New Haven, CT 06513 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC3 by:
Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact
D&G Reference: 213164
Property Address: 108 Lloyd Street, New Haven, CT 06513*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____         _____
         Wilmington, Delaware         UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 6820 ALTER STREET, GWYNN OAK, MD 21207
*(relates to Docket No. 5357)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 6820 Alter Street, Gwynn

Oak, MD 21207 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, as Trustee and Custodian for IXIS 2005-HE3 by: Saxon

Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact

("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 6820 Alter Street, Gwynn Oak, MD 21207 (the "Property") under

applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2005-HE3 by: Saxon Mortgage*
*Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 213166*
*Property Address: 6820 Alter Street, Gwynn Oak, MD 21207*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
         Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 4001 NW 3RD STREET, MIAMI, FL 33126
*(relates to Docket No. 5358)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 4001 NW 3rd Street, Miami, FL 33126 (the "Motion") filed by Saxon Mortgage Service, Inc. ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 4001 NW 3rd Street, Miami, FL 33126 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 3111 FRESHMEADOWS DR, HOUSTON, TX 77063**
*(relates to Docket No. 5365)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 3111 Freshmeadows Dr,

Houston, TX 77063 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-

NC2 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-

in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 3111 Freshmeadows Dr, Houston, TX 77063 (the "Property") under

applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by:*
*Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 213157*
*Property Address: 3111 Freshmeadows Dr, Houston, TX 77063*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware               UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 156 HILLTOP DRIVE, BRENTWOOD, NY 11717**
*(relates to Docket No. 5366)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 156 Hilltop Drive,

Brentwood, NY 11717 (the "Motion") filed by Deutsche Bank Trust Company Americas

formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS

Capital I Inc., MSAC 2007-NC1 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage

Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 156 Hilltop Drive, Brentwood, NY 11717

(the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____      _____
　　　　Wilmington, Delaware　　　　　　UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 1333 JARRELL COURT, MODESTO, CA 95354
*(relates to Docket No. 5367)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1333 Jarrell Court, Modesto, CA 95354 (the "Motion") filed by U.S. Bank National Association, as Trustee for Home Equity Loan Trust 2004-HE5 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1333 Jarrell Court, Modesto, CA 95354 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware           UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>              Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 7317 OELSNER STREET, NEW PORT RICHEY, FL 34652
*(relates to Docket No. 5368)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 7317 Oelsner Street, New Port Richey, FL 34652 (the "Motion") filed by Saxon Mortgage Services, Inc. and Deed to FNMA ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 7317 Oelsner Street, New Port Richey, FL 34652 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Saxon Mortgage Services, Inc. and Deed to FNMA*
*D&G Reference: 213125*
*Property Address: 7317 Oelsner Street, New Port Richey, FL 34652*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____                    _____
　　　Wilmington, Delaware                          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY
## UNDER SECTION 362 OF THE BANKRUPTCY CODE
## WITH RESPECT TO REAL PROPERTY LOCATED
## AT 8237 MENDOTA, DETROIT, MI 48204
*(relates to Docket No. 5369)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 8237 Mendota, Detroit,

MI 48204 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as

Banker's Trust Company, as Trustee and Custodian for IXIS 2006-HE3 by: Saxon Mortgage

Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

8237 Mendota, Detroit, MI 48204 (the "Property") under applicable non-bankruptcy law; it is

hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____     _____
        Wilmington, Delaware     UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, <u>et seq</u> |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### <u>AT 117 EDGEWOOD DRIVE, BEDFORD, IN 47421</u>
*(relates to Docket No. 5447)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 117 Edgewood Drive,

Bedford, IN 47421 (the "Motion") filed by LaSalle Bank National Association, as Trustee and

Custodian for Morgan Stanley, MSAC 2006-HE8 ("Movant"), and any response thereto; the

Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 117 Edgewood

Drive, Bedford, IN 47421 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____        _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 14 PINE NEEDLE RD, PIEDMONT, SC 29673
*(relates to Docket No. 5448)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 14 Pine Needle Rd, Piedmont, SC 29673 (the "Motion") filed by WM Specialty Mortgage LLC ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 14 Pine Needle Rd, Piedmont, SC 29673 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: WM Specialty Mortgage LLC*
*D&G Reference: 213192*
*Property Address: 14 Pine Needle Rd, Piedmont, SC 29673*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
    Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 2342 BARONS CT, TAVARES, FL 32778**
*(relates to Docket No. 5449)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section
362 of the Bankruptcy Code with Respect to Real Property Located at 2342 Barons Ct, Tavares,
FL 32778 (the "Motion") filed by Washington Mutual Bank ("Movant"), and any response
thereto; the Court having determined that (A) the Court has jurisdiction over the Motion
pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §
157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited
parties stated on the Certificate of Service is adequate under the circumstances; and the Court
having further determined that cause exists to grant Movant relief from the automatic stay with
respect to Movant's exercise of any rights and remedies against the real property located at 2342
Barons Ct, Tavares, FL 32778 (the "Property") under applicable non-bankruptcy law; it is
hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized
terms not otherwise defined herein shall have the respective meanings set forth in the Motion;
and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____      _____
          Wilmington, Delaware                 UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 604 GRIGGS ST SW, GRAND RAPIDS, MI 49504**
*(relates to Docket No. 5450)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 604 Griggs St SW, Grand Rapids, MI 49504 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley, MSAC 2007-HE1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 604 Griggs St SW, Grand Rapids, MI 49504 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 468 BRIDGTON ROAD, WESTBROOK, ME 04092
*(relates to Docket No.5456)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 468 Bridgton Road,

Westbrook, ME 04092 (the "Motion") filed by U.S. Bank National Association, as Trustee for

Home Equity Loan Trust 2004-HE5 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 468 Bridgton Road, Westbrook, ME

04092 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>         Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 3731 SAUSALITO FERN, SAN ANTONIO, TX 78261**
*(relates to Docket No. 5457)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 3731 Sausalito Fern, San

Antonio, TX 78261 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee

and Custodian for HSBC Bank USA, NA ACE 2006-NC1 ("Movant"), and any response thereto;

the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 3731 Sausalito

Fern, San Antonio, TX 78261 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
     Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

---

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 5081 SHANNON WAY SW, MABLETON, GA 30126**
*(relates to Docket No. 5459)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 5081 Shannon Way SW,

Mableton, GA 30126 (the "Motion") filed by LaSalle Bank National Association, as Trustee and

Custodian for Morgan Stanley, MSAC 2007-HE1 ("Movant"), and any response thereto; the

Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 5081 Shannon

Way SW, Mableton, GA 30126 (the "Property") under applicable non-bankruptcy law; it is

hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC STAY**
**UNDER SECTION 362 OF THE BANKRUPTCY**
**CODE WITH RESPECT TO REAL PROPERTY LOCATED**
**AT 4035 CLOUD NINE LANE, LAS VEGAS, NV 89115**
*(relates to Docket No. 5461)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 4035 Cloud Nine Lane,

Las Vegas, NV 89115 (the "Motion") filed by LaSalle Bank National Association, as Trustee

and Custodian for Morgan Stanley, MSAC 2006-HE8 ("Movant"), and any response thereto; the

Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 4035 Cloud

Nine Lane, Las Vegas, NV 89115 (the "Property") under applicable non-bankruptcy law; it is

hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 16351 MAPLEMONT DR, HOUSTON, TX 77095**
*(relates to Docket No. 5462)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section
362 of the Bankruptcy Code with Respect to Real Property Located at 16351 Maplemont Dr,
Houston, TX 77095 (the "Motion") filed by Wells Fargo Bank N.A. as Trustee, on behalf of the
Certificateholders, MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through
Certificates Series 2007-NCW ("Movant"), and any response thereto; the Court having
determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and
1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper
pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of
Service is adequate under the circumstances; and the Court having further determined that cause
exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any
rights and remedies against the real property located at 16351 Maplemont Dr, Houston, TX
77095 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

　　　　　　　Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 88 PINE STREET, BROOKLYN, NY 11208
*(relates to Docket No. 5463)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 88 Pine Street, Brooklyn, NY 11208 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 88 Pine Street, Brooklyn, NY 11208 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 125 HEATHER STONE WAY UNIT G, GLEN BURNIE, MD 21061
*(relates to Docket No. 5464)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 125 Heather Stone Way Unit G, Glen Burnie, MD 21061 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE3 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 125 Heather Stone Way Unit G, Glen Burnie, MD 21061 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____

     Wilmington, Delaware             _____

                                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>             Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 1347 STUYVESANT AVE, UNION, NJ 07083**
*(relates to Docket No. 5465)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1347 Stuyvesant Ave,

Union, NJ 07083 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE2 ("Movant"), and

any response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

1347 Stuyvesant Ave, Union, NJ 07083 (the "Property") under applicable non-bankruptcy law; it

is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 8434 S TOLEDO AVE, TULSA, OK 74137
*(relates to Docket No. 5466)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 8434 S Toledo Ave,

Tulsa, OK 74137 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley, MSAC 2007-

HE1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 8434 S Toledo Ave, Tulsa, OK 74137 (the "Property") under applicable

non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware                          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 5101 SOMERSET DRIVE, BAYTOWN, TX 77521
*(relates to Docket No.5467)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 5101 Somerset Drive,

Baytown, TX 77521 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley, MSAC 2007-

NC1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 5101 Somerset Drive, Baytown, TX 77521 (the "Property") under

applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
          Wilmington, Delaware             UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

             Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTC Y CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 13494 SW 289 TERRACE, MIAMI, FL 33033
*(relates to Docket No. 5468)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 13494 SW 289 Terrace, Miami, FL 33033 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley ABS Capital I Inc., Trust 2006-HE8 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 13494 SW 289 Terrace, Miami, FL 33033 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>         Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 2642 ARACATUBA AVE, LAS VEGAS, NV 89121
*(relates to Docket No. 5469)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2642 Aracatuba Ave, Las Vegas, NV 89121 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2642 Aracatuba Ave, Las Vegas, NV 89121 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____      _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

### ORDER TERMINATING AUTOMATIC
### STAY UNDER SECTION 362 OF THE BANKRUPTCY
### CODE WITH RESPECT TO REAL PROPERTY LOCATED
### AT 1930 CARNEGIE COURT, OXNARD, CA 93033
*(relates to Docket No. 5470)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1930 Carnegie Court,

Oxnard, CA 93033 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley, MSAC 2007-

HE1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 1930 Carnegie Court, Oxnard, CA 93033 (the "Property") under

applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____         _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 4150 SW 111 AVE, MIAMI, FL 33165**
*(relates to Docket No. 5471)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 4150 SW 111 Ave, Miami, FL 33165 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE3 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 4150 SW 111 Ave, Miami, FL 33165 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>     Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 1209 GREENWOOD AVE, KEHIGH ACRES, FL 33972**
*(relates to Docket No. 5472)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1209 Greenwood Ave,

Kehigh Acres, FL 33972 (the "Motion") filed by Deutsche Bank Trust Company Americas

formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley ABS

Capital I Inc., MSAC 2007-NC4 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 1209 Greenwood Ave, Kehigh Acres, FL

33972 (the "Property") under applicable non-bankruptcy law; it is hereby

---

*Movant: Deutsche Bank Trust company Americas formerly known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4*
*D&G Reference: 213285*
*Property Address: 1209 Greenwood Ave, Kehigh Acres, FL 33972*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware                 UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 29445 ROCK POINT DRIVE, LAKE ELSINORE, CA 92530
*(relates to Docket No. 5473)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 29445 Rock Point Drive, Lake Elsinore, CA 92530 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE3 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 29445 Rock Point Drive, Lake Elsinore, CA 92530 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____    _____
    Wilmington, Delaware    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 100 AUBURN DRIVE, WALLEJO, CA 94589
*(relates to Docket No. 5474)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 100 Auburn Drive,

Wallejo, CA 94589 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE2 ("Movant"), and

any response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

100 Auburn Drive, Wallejo, CA 94589 (the "Property") under applicable non-bankruptcy law; it

is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 181 SHORT RUFF WAY, LAS VEGAS, NV 89148
*(relates to Docket No.5475)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 181 Short Ruff Way, Las

Vegas, NV 89148 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, Trustee and Custodian for Morgan Stanley ABS Capital I

Inc., MSAC 2007-NC1 ("Movant"), and any response thereto; the Court having determined that

(A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 181 Short Ruff Way, Las Vegas, NV 89148 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____      _____
      Wilmington, Delaware      UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 12420 FOREST LAKE CIRCLE, NORTH JACKSONVILLE, FL 32225**
*(relates to Docket No. 5479)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 12420 Forest Lake Circle, North Jacksonville, FL 32225 (the "Motion") filed by Fannie Mae ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 12420 Forest Lake Circle, North Jacksonville, FL 32225 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE