UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          *

NEW CENTURY TRS HOLDINGS, INC.,    *
a Delaware corporation, *et al.*,
        Debtor                                *

                                                    *

Case No. 07-10416-KJC
(Chapter 11)

Objections due by: March 18, 2008 4:00 PM
Hearing Date: March 25, 2008 at 1:30 PM

### ORDER TERMINATING AUTOMATIC STAY
### UNDER SECTION 362 OF THE BANKRUPTCY CODE AS IT APPLIES TO
### 6904 SAO TIAGO WAY, ELK GROVE, CA 95757
*(Relates to Docket # 5179)*

**UPON CONSIDERATION** of the Motion for Relief from Automatic Stay (hereinafter "Motion") filed by DLJ Mortgage Capital, Inc. c/o Select Portfolio Servicing, Inc., (hereinafter "Movant"), and any response thereto, the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) that this is a core proceedings pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that the Debtor does not have an interest in the real property and improvements thereon knows as 6904 Sao Tiago Way, Elk Grove, CA 95757 (hereinafter the "Property") and that the Debtor's interest in the Property, if any, is not necessary to an effective reorganization; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with to the Properties because Movant's interest in the Property is not adequately protected; it is hereby **ORDERED** as follows:

    1. The Motion be, and the same is hereby **GRANTED**.

2. Pursuant to 11 U.S.C. § 362, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of any Mortgage or Deed of Trust or other similar security instrument relating to the Property.

3. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date: April 3, 2008

BY THE COURT:

Kevin J. Carey
U.S. Bankruptcy Court Judge