IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 1347 STUYVESANT AVE, UNION, NJ 07083**
*(relates to Docket No. 5465)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1347 Stuyvesant Ave, Union, NJ 07083 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, Trustee and Custodian for IXIS 2006-HE2 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1347 Stuyvesant Ave, Union, NJ 07083 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED**, that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED**, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date: April 4, 2008
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE