# EXHIBIT A

RLF1-3266555-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

## STIPULATION BETWEEN TAJVINDER S. BINDRA AND DEBTORS AMENDING AND ALLOWING CERTAIN CLAIMS OF TAJVINDER S. BINDRA

This Stipulation Between Tajvinder S. Bindra And Debtors Amending And Allowing Certain Claims Of Tajvinder S. Bindra (the "Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1] and Tajvinder Singh Bindra ("Bindra"), by their respective counsel.

### RECITALS

A. On or about April 2, 2007 (the "Initial Petition Date"), the Debtors (other than New Century Warehouse Corporation, the "NC Debtors") filed voluntary petitions for relief

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

under chapter 11 of title 11 of United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are jointly administered as Case No. 07-10416.

B.  On August 3, 2007 (together with the "Initial Petition Date", the "Petition Date"), New Century Warehouse Corporation (together with the NC Debtors, the "Debtors") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

C.  On or about August 28, 2007, Bindra timely filed proofs of claim against each of the Debtors for claims arising under the Debtors' indemnity obligations to him as a former officer and director of multiple Debtor entities,[2] designated by the Debtors as proof of claim numbers 2167, 2169, 2170, 2172, 2173 and 2174 (collectively, the "Indemnity Claims") and a claim that duplicates Indemnity Claim 2174, filed by Bindra against Debtor New Century Warehouse on December 13, 2007 and numbered, by the Debtors as claim number 3723 ("Duplicate Claim").

D.  On or about February 2, 2008, the Debtors filed a Joint Chapter 11 Plan Of Liquidation ("Plan") of the Debtors and the Official Committee of Unsecured Creditors ("OCUC") and the accompanying Disclosure Statement[3].

E.  On or about February 22, 2008, the Debtors filed their Fourteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims (the "Fourteenth Omnibus Objection") pursuant to which the Debtors objected to certain of the Indemnity Claims.

---

[2] The basis for the Indemnity Claims are more particularly described in the Claims.

[3] Terms not defined herein shall have the meaning attributed to them in the Disclosure Statement, as amended or Plan, as amended.

2

F.  The Debtors and Bindra (collectively, the "Parties") have agreed to resolve the Indemnity Claims, as provided herein, subject to Bindra' rights to amend the Indemnity Claims at any time, in accordance with and pursuant to the terms of this Stipulation.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

1. The recitals set forth in Paragraphs A through E above are incorporated herein by this reference.

2. Upon Court approval of this Stipulation, for administrative convenience only, and without prejudice to Bindra's rights against any of the Debtors, the Indemnity Claims are deemed consolidated into proof of claim number 2167 (the "Surviving Claim").

3. Upon Court approval of this Stipulation, the Duplicate Claim, is disallowed.

4. Upon Court approval of this Stipulation, and without prejudice to Bindra's rights against each of the Debtors, the Surviving Claim shall remain on the Debtors' claim register against New Century Mortgage Corporation.

5. For administrative convenience only, and without prejudice to Bindra's rights against each of the Debtors, limited to the right to assert joint and several liability against some or all of the Debtors with respect to the Surviving Claim and/or the right to amend the Surviving Claim to modify Debtor(s) that the Surviving Claim is asserted against and/or the amount of the Surviving Claim, the Debtors and Bindra agree that, other than the Surviving Claim, upon Court approval of this Stipulation, the Indemnity Claims are expunged.

6. Neither the Debtors nor the OCUC shall seek to have the Surviving Claim disallowed, reduced or expunged solely on the basis that such Surviving Claim is asserted against New Century Mortgage Corporation rather than another Debtor or Debtors.

7. The Debtors and Bindra each reserve the right to request, or to object to any request, that this Court modify the Surviving Claim with regard to any Debtor or Debtors against which the Surviving Claim is asserted or may be asserted.

8. Upon Court approval of this Stipulation, for voting purposes only, and without prejudice to Bindra's rights, *inter alia*, to amend the Surviving Claim, at any time, the Surviving Claim is deemed to be a general unsecured claim with a value of $1.00.

9. Without limiting the foregoing rights, Bindra shall have the right to amend the Surviving Claim, at any time only to modify the Debtor(s) that the Surviving Claim is asserted against and/or the amount of the Surviving Claim; and any such amendment shall not be subject to any bar date for filing claims.

10. The Debtors and the OCUC expressly reserve their right to object to any of the Surviving Claim for any reason except that the Debtors and the OCUC hereby waive any right to object to the Surviving Claim on the basis that (i) the Surviving Claim is filed against New Century Mortgage Corporation as opposed to another Debtor or Debtors or (ii) an amendment that modified the Debtor(s) that the Surviving Claim is properly asserted against is untimely.

11. The Fourteenth Omnibus Objection is hereby withdrawn with respect to the Indemnity Claims (or any portion(s) thereof).

12. To the extent of any inconsistency between (i) this Stipulation and (ii) the Plan, the Disclosure Statement, the Confirmation Order or any other document, agreement or order, the terms of this Stipulation shall control.

13. Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

14. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto.

15. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

16. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when take together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this Stipulation.

**IT IS SO STIPULATED.**

April 4, 2008

_____
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

|  |  |
|---|---|
|  | Suzzanne S. Uhland<br>Natausha A. Wilson<br>O'MELVENY & MYERS LLP<br>275 Battery Street<br>San Francisco, California 94111<br>(415) 984-8700<br><br>ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION |
| April 4, 2008 | /s/ Bonnie Glantz Fatell<br>Bonnie Glantz Fatell (No. 3809)<br>David W. Carickhoff (No. 3715)<br>1201 Market Street, Suite 800<br>Wilmington, Delaware 19801<br>(302) 425-6400<br><br>-and-<br><br>Mark S. Indelicato<br>John P. McCahey<br>HAHN & HESSEN LLP<br>488 Madison Avenue<br>New York, New York 10022<br>(212) 478-7200<br><br>CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEW CENTURY TRS HOLDINGS, INC., ET AL |
|  | AND |
| April 4, 2008 | J. Michael Kelly (CA Bar No. 133657)<br>Gregg S. Kleiner (CA Bar No. 141311)<br>COOLEY GODWARD KRONISH LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111<br>(415) 693-2000<br><br>ATTORNEYS FOR TAJVINDER S. BINDRA |

                                  Suzzanne S. Uhland
                                  Natausha A. Wilson
                                  O'MELVENY & MYERS LLP
                                  275 Battery Street
                                  San Francisco, California 94111
                                  (415) 984-8700

                                  ATTORNEYS FOR DEBTORS AND
                                  DEBTORS IN POSSESSION

April ___, 2008

                                  _____

                                  Bonnie Glantz Fatell (No. 3809)
                                  David W. Carickhoff (No. 3715)
                                  1201 Market Street, Suite 800
                                  Wilmington, Delaware 19801
                                  (302) 425-6400

                                  -and-

                                  Mark S. Indelicato
                                  John P. McCahey
                                  HAHN & HESSEN LLP
                                  488 Madison Avenue
                                  New York, New York 10022
                                  (212) 478-7200

                                  CO-COUNSEL TO THE OFFICIAL
                                  COMMITTEE OF UNSECURED
                                  CREDITORS OF NEW CENTURY TRS
                                  HOLDINGS, INC., ET AL

                                  AND

April 3, 2008                        *[signature]*

                                  J. Michael Kelly (CA Bar No. 133657)
                                  Gregg S. Kleiner (CA Bar No. 141311)
                                  COOLEY GODWARD KRONISH LLP
                                  101 California Street, 5th Floor
                                  San Francisco, CA 94111
                                  (415) 693-2000

                                  ATTORNEYS FOR TAJVINDER S. BINDRA