IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEW CENTURY TRS HOLDINGS, INC., <br> a Delaware corporation, et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 07-10416 (KJC) <br><br> Jointly Administered <br><br> Hearing Date: April 9, 2008 at 10:00 a.m. <br><br> Re: D.I. 5260 |

**RESPONSE OF SPRINT COMMUNICATIONS COMPANY L.P. TO THE DEBTORS' SIXTEENTH OMNIBUS OBJECTION: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, BANKRUTPCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND RECORDS CLAIMS; (B) INSUFFICIENT DOCUMENTATION; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSFIED CLAIMS**

Sprint Communications Company L.P. d/b/a Sprint Nextel Corporation ("Sprint"), a creditor of the Debtors, through its undersigned counsel, for its Response (the "Response") to the Debtors' Sixteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 To Certain (A) Books and Records Claims; (B) Insufficient Documentation; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5260] (the "Objection"), respectfully represents as follows:

## STATEMENT OF FACTS

*The Bankruptcy*

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

1729072

1

*Proof of Claim Number 970*

2. The deadline to file proofs of claim in the above-captioned bankruptcy case was August 31, 2007.

3. On or about July 9, 2007, Sprint timely filed proof of claim number 970 ("Claim No. 970") in the amount of $1,035,744.73.

4. Sprint attached to the Proof of Claim a financial summary of the Debtors' accounts with Sprint (the "Accounts"). The summary reflects an outstanding balance of $1,035,744.73 for telecommunications services provided to the Debtors prior to the Petition Date. Additional review of the Accounts by Sprint indicates that the outstanding balance on account number 845249184 is $136,320.14, not $91,911.19, as stated on the summary of accounts attached to Claim 970, increasing the prepetition claim to $1,080,153.68.

*The Custom Service Agreement*

5. Prior to the Petition Date, the Debtors and Sprint entered into a Custom Service Agreement for various communications and data transmission services, which was first amended by that First Amendment to Sprint Custom Service Agreement, signed by the Debtors on December 21, 2005 and Sprint on December 28, 2005, and most recently amended by that Seventh Amendment to Sprint Custom Service Agreement, signed by the Debtors and Sprint on February 5, 2007 (the "Agreement").

6. The provisions of the Agreement apply to the Accounts.

7. The term of the Agreement extends to January 1, 2009 (the "Term").

8. Under the terms of the Agreement, the Debtors agreed to purchase $2,500,000 of services from Sprint for each year of the Term (the "Minimum Annual Commitment").

9. If the Debtors failed to meet the Minimum Annual Commitment, the Debtors agreed to pay Sprint the difference between the Minimum Annual Commitment and the Debtors' actual service usage charges for each year of the Term (the "Shortfall") that the Debtors did not meet the Minimum Annual Commitment.

10. After the Petition Date, Sprint continued to perform its obligations under the Agreement and the Debtors continued to receive service.

*Rejection*

11. On January 22, 2008, the Debtors filed a Notice of Rejection of Executory Contract (the "Notice of Rejection") [D.I. 4526]. Pursuant to the Notice of Rejection, the Agreement was deemed rejected, effective February 1, 2008.

12. Rejection of the Agreement gave rise to a Shortfall for 2007 and 2008 in the amounts of $872,416.00 and $2,500,000.00, respectively.

*Objection*

13. On March 7, 2008, the Debtors' filed the Objection, which alleges that Claim No. 970 should be reduced to $734,243.31 and allowed because the Debtors' books and records reflect the same.

**ARGUMENT**

14. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). The prima facie validity of the Proof of Claim is "strong enough to carry over a mere formal objection without more." Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991). However, where an objection is filed, the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim. In

3

re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992) (stating that "[t]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims' legal sufficiency"). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim. 9 COLLIER ON BANKRUPTCY at ¶ 3001.10 (15th ed. 1996).

15. The Debtors are required to present to the Court "evidence *equal in force* to the prima facie case." In re Allegheny Int'l, 954 F.2d at 173 (emphasis added). See also Brown v. IRS (In re Brown), 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by *substantial evidence*) (emphasis in original)). In short, the Debtors must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 954 F.2d at 623.

16. It is only if the objecting party overcomes the prima facie effect of the claim that the burden reverts to the claimant. Id. at 174. "The threshold question then is whether the Debtor has rebutted the otherwise prima facie effect of the proof of claim." In re L. Washington & Assoc., Inc., Case No. 00-12173 DWS, 2000 WL 1780329, at *2 (Bankr. E.D. Pa. Nov. 22, 2000) (attached hereto as Exhibit A).

17. In this case, Claim No. 970 constitutes prima facie evidence of the validity and amount of Sprint's claim against the Debtors' estates. The financial summary attached to Claim No. 970 further support Sprint's right to payment on Claim No. 970. Thus, the Debtors bear the burden of presenting *affirmative* evidence to demonstrate why Sprint's claim is invalid.

18. In the Objection, the Debtors' allege that Sprint's claim should be reduced to $734,243.31 and allowed at this reduced amount because the Debtors' books and records reflect the same. The Objection provides no evidence to support this allegation.

4

1729072

19.   In addition, rejection of the Agreement gave rise to a rejection damages claim based upon the Debtors' failure to meet the Minimum Annual Commitment for the years 2007 and 2008. See 11 U.S.C. §§ 365(g) and 502(g). The Shortfall for 2007 and 2008 is $3,372,416.00. Therefore, Sprint is entitled to a contract rejection damage claim in the amount of $3,372,416.00.

20.   Including the $1,080,153.68 owed to Sprint pre-petition and the $3,372,416.00 in post-rejection damages, Sprint is entitled to a total, general unsecured claim in the amount of $4,452,569.68.

21.   Without any evidence to rebut the prima facie validity of Claim No. 970 and given that Sprint is entitled to an additional $3,372,416.00 in rejection damages, the Objection should be overruled.

22.   Furthermore, and consistent with this Response, Sprint will file a proof of claim which amends Claim No. 970 to include the $3,372,416.00 in rejection damages (the "Amended Claim"). See In re Edison Brothers Stores, Inc., Case No. 99-529-38 JCA, 2002 WL 999260, at *4 (Bankr. D. Del. May 15, 2002) (finding that timing of amended proof of claim for rejection damages relates back to timely filed original proof of claim where amendment and original claim arises out of the same transaction) (attached hereto as Exhibit B). A true and correct copy of the Amended Claim is attached as Exhibit C.

## CONCLUSION

WHEREFORE, Sprint requests that this Court overrule the Objection and grant such other and further relief as this Court deems appropriate.

Dated: April 4, 2008        MORRIS JAMES LLP

*Ericka J. Johnson*
Brett D. Fallon (DE Bar No. 2480)
Carl N. Kunz, III (DE Bar No. 3201)
Ericka F. Johnson (DE Bar No. 5024)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Telephone: 302-888-6888
Facsimile: 302-571-1750
E-mail: bfallon@morrisjames.com
E-mail: ckunz@morrisjames.com
E-mail: ejohnson@morrisjames.com

McGUIREWOODS LLP
David I. Swan (PA Bar No. 74685)
Kenneth M. Misken (VA Bar No 72207)
1750 Tysons Boulevard, Ste. 1800
McLean, VA 22102
Telephone: 793-712-5000
E-mail: dswan@mcguirewoods.com
E-mail: kmisken@mcguirewoods.com

*Counsel for Sprint Communications Company L.P. d/b/a Sprint Nextel Corporation*

1729072