**<u>EXHIBIT 1</u>**

## NEW CENTURY LIQUIDATING TRUST AGREEMENT

This New Century Liquidating Trust Agreement (the "Trust Agreement"), dated as of the Effective Date by and among New Century Financial Corporation, a Maryland corporation, and all of its wholly owned direct and indirect subsidiaries and affiliates other than Access Lending (collectively, the "Debtors") and Alan M. Jacobs, as Liquidating Trustee, provides for the establishment of a liquidating trust evidenced hereby (the "Liquidating Trust") to resolve, liquidate and realize upon the Liquidating Trust Assets as successor to and representative of the Estates of the Debtors pursuant to the Debtors' Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code dated and filed in the United States Bankruptcy Court for the District of Delaware (the "Court") on February 2, 2008, as amended on March 18, 2008, as the same may be further amended (the "Plan"), with reference to the following facts, understandings and intentions:

A.      The Liquidating Trust is created pursuant to, and to effectuate, the Plan, which, along with the Confirmation Order, are attached as Exhibit "[___]";

B.      Except with respect to the terms defined in this Trust Agreement, all capitalized terms contained herein shall have the meanings ascribed to them in the Plan; provided, however, that the meaning of all such defined terms as used in this Trust Agreement, whether defined herein or in the Plan, shall be deemed to exclude Access Lending; provided, further, that "Debtors," as such term is used in this Trust Agreement, shall mean the Debtors, Debtors in Possession and the Estates, in each case excluding Access Lending;

C.      The Liquidating Trust is created on behalf of, and for the sole benefit of, the Holders of Holding Company Debtor Unsecured Claims and the Holders of Operating Debtor Unsecured Claims (collectively, the "Beneficiaries") (whether or not such Claims are Allowed as of the Effective Date);

D.       The Liquidating Trust is established for the sole purpose of liquidating the Liquidating Trust Assets, resolving Disputed Claims and making distributions on Allowed A/P/S Claims and to holders of Liquidating Trust Interests in accordance with the Plan, this Trust Agreement and Section 301.7701-4(d) of the Treasury Regulations, and with no objective to continue or engage in the conduct of a trade or business; and

E.      The Liquidating Trust is intended to qualify as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors agree as follows:

## ARTICLE I

## ESTABLISHMENT OF THE LIQUIDATING TRUST

1.1     Transfer of Property to Liquidating Trust; Assignment and Assumption of Claims.

(a)      Pursuant to the Plan, the Liquidating Trust is hereby established on behalf of the Holders of Holding Company Debtor Unsecured Claims and the Holders of Operating Debtor

Unsecured Claims (whether or not such Claims are Allowed as of the Effective Date), and the Debtors hereby transfer, assign, and deliver to the Liquidating Trust all of their right, title, and interest in the Liquidating Trust Assets free and clear of any lien, Claim or Interest in such property of any other person or entity except as provided in the Plan. The Liquidating Trustee hereby agrees to accept and hold the Liquidating Trust Assets in trust for the Holders of Holding Company Debtor Unsecured Claims and Operating Debtor Unsecured Claims, subject to the terms of this Trust Agreement and the Plan. Upon the transfer of the Liquidating Trust Assets, the Liquidating Trustee shall succeed to all of the Debtors' right, title and interest in the Liquidating Trust Assets and the Debtors will have no further interest in or with respect to the Liquidating Trust Assets or this Liquidating Trust.

(b)      The Liquidating Trustee on behalf of the Liquidating Trust hereby assumes and agrees that all such Liquidating Trust Assets will be transferred to the Liquidating Trust subject to the following liabilities, if any, which arise out of or relate to any known or unknown claim (as such term is defined in Section 101(5) of the Bankruptcy Code) or causes of action against the Debtors: (i) Allowed A/P/S Claims (other than Allowed A/P/S Claims against Access Lending) that have not been paid as of the Effective Date; (ii) A/P/S Claims (other than A/P/S Claims against Access Lending) that have not been Allowed as of the Effective Date but which are subsequently Allowed; (iii) all U.S. Trustee Fees until such time as the Court enters a final decree closing each Debtor's Chapter 11 Case; (iv) any expenses incurred and unpaid, or to be incurred, by the Liquidating Trustee in the performance of his or her administrative duties in liquidating the Liquidating Trust Assets and winding up the Debtors (including the filing of final tax returns and the payment of any taxes shown thereon, and any tax liability determined to be due and owing pursuant to any requests for expedited determinations under Section 505 of the Bankruptcy Code); (v) any obligations owing pursuant to the Plan and unpaid (including obligations incurred after the Confirmation Date and the fees and expenses payable from the Administrative Fund as provided in the Plan); (vi) payroll taxes owing to federal, state or local tax authorities by the Debtors in respect of payments or distributions on Claims, but only to the extent such payroll taxes constitute A/P/S Claims, and excluding any taxes satisfied through withholding; (vii) obligations to Holders of NCFC Interests if and when the Holders of Allowed Holding Company Debtor Unsecured Claims and the Holders of Allowed Operating Debtor Unsecured Claims are paid in full with interest in accordance with Article 9.D of the Plan; but (viii) specifically excluding any Claims which have been barred or discharged pursuant to the Plan.

1.2      Treatment of Transfer of Liquidating Trust Assets; Liquidating Trust Interests.

For federal income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee, the Holders of Holding Company Debtor Unsecured Claims and the Holders of Operating Debtor Unsecured Claims) shall treat the transfer of the Liquidating Trust Assets, which for purposes of this Section 1.2 shall include the Causes of Action (other than Access Lending Causes of Action) to the Liquidating Trust, in accordance with Section 1.1, above, as:

(a)      first, a transfer of such Assets to the Holders of Holding Company Debtor Unsecured Claims and Holders of Operating Debtor Unsecured Claims, whether or not such Claims are Allowed as of the Effective Date, with each such Holder receiving an undivided interest in the specific Assets, the liquidation proceeds of which such Holder is entitled to share in pursuant to Article 4 of the Plan, having a value that equals, as nearly as possible, the amount such Holder

would receive if, on the Effective Date, all Disputed Claims are treated as Allowed Claims, and all Assets are liquidated, converted to cash and distributed to Holders of Allowed Unsecured Claims; and

(b) <u>second</u>, a transfer to the Liquidating Trust by each such Holder of the undivided interest in that portion of the Liquidating Trust Assets such Holder was deemed to receive pursuant to subparagraph (a), above, in exchange for a beneficial interest in the Liquidating Trust (a "Liquidating Trust Interest"). Each such Holder, as a holder of a Liquidating Trust Interest, shall be treated as the grantor and owner of the undivided interest of that portion of the Liquidating Trust Assets such Holder was deemed to transfer to the Liquidating Trust pursuant to this subparagraph (b).

     1.3    <u>Valuation of Liquidating Trust Assets</u>.

As soon as practicable after the Effective Date, the Liquidating Trustee shall make a good faith determination of the fair market value of the Liquidating Trust Assets. This valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Liquidating Trustee, the Holders of Holding Company Debtor Unsecured Claims and the Holders of Operating Debtor Unsecured Claims) for all federal income tax purposes.

     1.4    <u>Name of Liquidating Trust</u>.

The name of the Liquidating Trust shall be "New Century Liquidating Trust" for all purposes under this Trust Agreement.

     1.5    <u>Appointment of the Liquidating Trustee</u>.

The Liquidating Trustee shall be Alan M. Jacobs. The Liquidating Trustee may serve in a separate capacity as the Plan Administrator for Reorganized Access Lending.

## ARTICLE II

## LIQUIDATING TRUST INTERESTS

     2.1    <u>Identification of Holders of Liquidating Trust Interests</u>.

The record holders of Liquidating Trust Interests shall be recorded and set forth in a register maintained by the Liquidating Trustee expressly for such purpose. All references in this Trust Agreement to holders of Liquidating Trust Interests shall be read to mean holders of record as set forth in the official register maintained by the Liquidating Trustee and shall not mean any beneficial owner not recorded on such official registry.

     2.2    <u>Transferability of Liquidating Trust Interests</u>.

The Liquidating Trust Interests shall not be transferable; <u>provided</u>, <u>however</u>, that Liquidating Trust Interests shall be assignable or transferable by will, intestate succession, operation of law, or as otherwise set forth in this Trust Agreement.

2.3    Holders of Liquidating Trust Interests Have Limited Rights in Connection with Administration of the Liquidating Trust.

This Trust Agreement grants exclusive authority over administration of the Liquidating Trust to the Liquidating Trustee, except as otherwise expressly provided in this Trust Agreement.

ARTICLE III

PURPOSE, AUTHORITY, LIMITATIONS, DISTRIBUTIONS AND DUTIES

3.1    Purpose of the Liquidating Trust.

The Liquidating Trust shall be established for the sole purpose of liquidating the Liquidating Trust Assets, resolving Disputed Claims and making distributions on Allowed A/P/S Claims and to holders of Liquidating Trust Interests in accordance with the Plan, this Trust Agreement and Section 301.7701-4(d) of the Treasury Regulations, and with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Liquidating Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the Liquidating Trust Assets, make timely distributions and not unduly prolong the duration of the Liquidating Trust. The liquidation of the Liquidating Trust Assets may be accomplished either through the sale of Liquidating Trust Assets (in whole or in combination), including the sale of any Causes of Action or through the prosecution or settlement of any Causes of Action, or otherwise.

3.2    Authority of Liquidating Trustee.

In connection with the administration of the Liquidating Trust, except as set forth in this Trust Agreement, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidating Trust as set forth herein and in the Plan. Specifically, in accordance with Article 9 of the Plan, the Liquidating Trustee is authorized to perform acts including, but not limited to, making distributions on account of Allowed A/P/S Claims and interim and final distributions on Allowed Unsecured Claims, establishing reserves for use by the Liquidating Trust on the Effective Date, calculating the Litigation Proceeds and the Net Distributable Assets for each of the Debtors and allocating expenses among the Debtors. All such acts performed by the Liquidating Trustee shall be performed in consultation with the Plan Advisory Committee as set forth in Section 3.5 hereof. Without limiting, but subject to, the foregoing and to Sections 3.3, 3.4 and 3.5, the Liquidating Trustee shall be expressly authorized to:

(a)    hold legal title to any and all property interests of the holders of the Liquidating Trust Interests in or arising from the Liquidating Trust Assets, including, but not limited to, collecting and receiving any and all money and other property belonging to the Liquidating Trust and the right to vote any claim or interest in an unrelated case under the Bankruptcy Code and receive any distribution thereon;

(b)    cause legal title (or evidence of title) to any of the Liquidating Trust Assets to be held by any nominee, on such terms and in such manner as the Liquidating Trustee may determine, subject to the approval of the Plan Advisory Committee;

(c)     perform the duties, exercise the powers, and assert the rights of a trustee under Sections 704, 108 and 1106 of the Bankruptcy Code, and be a representative of the Estates for purposes of Section 1123 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges, to the extent not inconsistent with the status of the Liquidating Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes;

(d)     protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(e)     compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, or otherwise deal with and settle claims and Causes of Action, or defenses thereto, in favor of or against the Liquidating Trust (including any or all A/P/S Claims and Unsecured Claims other than, in his capacity as Liquidating Trustee, such Claims against Access Lending) without further approval of or application to the Bankruptcy Court, as the Liquidating Trustee shall deem advisable in any and all appropriate jurisdictions;

(f)     recover and compel turnover of the Debtors' property as may be permitted by the Bankruptcy Code or applicable state law, including, without limitation, those identified in the Disclosure Statement;

(g)     determine and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust, in accordance with the terms set forth in Section 3.3 hereof;

(h)     file, on behalf of the Debtors, all tax returns of the Debtors;

(i)     file all tax and information returns with respect to the Liquidating Trust and pay taxes properly payable by the Liquidating Trust, if any;

(j)     make all necessary filings in accordance with any applicable law, statute or regulation;

(k)     dissolve any corporate entities, terminate joint ventures, or otherwise wind up any corporate entity owned by the Trust, and the Liquidating Trustee shall be deemed a board appointed officer to complete the same;

(l)     exercise any and all rights afforded a debtor under Section 505 of the Bankruptcy Code to request a determination of the state and federal tax liabilities of the Debtors, whether such liabilities were incurred prior to the Petition Date or during the pendency of the Chapter 11 Cases;

(m)     execute offsets against Claims as provided for in the Plan;

(n)     assert or waive any privilege or defense on behalf of the Liquidating Trust or the Debtors;

(o)    pay all expenses and make all other payments relating to the Liquidating Trust Assets;

(p)    pay all U.S. Trustee Fees until such time as the Court enters a final decree closing each Debtor's Chapter 11 Case;

(q)    utilize the Liquidating Trust Assets to purchase or create and carry all appropriate insurance coverage with respect to the liabilities and obligations of the Liquidating Trustee, and the Plan Advisory Committee and its members, under this Trust Agreement (in the form of an errors or omissions policy or otherwise);

(r)    obtain insurance coverage with respect to real and personal property which may become Liquidating Trust Assets, if any;

(s)    retain and pay law firms, subject to the pre-approval of the Plan Advisory Committee, as counsel to the Liquidating Trust to aid in the prosecution of any claims that constitute the Liquidating Trust Assets, and to perform such other functions as may be appropriate. The Liquidating Trustee shall pay such law firms reasonable compensation for services rendered and expenses incurred.  A law firm shall not be disqualified from serving as independent counsel to the Liquidating Trust solely because of its prior retention as counsel to the Debtors, the Committee, or any of the individual members of the Committee in the Chapter 11 Cases;

(t)    retain and pay, subject to the pre-approval of the Plan Advisory Committee, an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Liquidating Trust as may be appropriate and to prepare and file any tax returns or information returns for the Liquidating Trust as may be required.  The Liquidating Trustee shall pay such independent public accounting firm reasonable compensation for services rendered and expenses incurred.  An accounting firm shall not be disqualified from being retained by the Liquidating Trust solely because of its prior retention by the Debtors, the Committee, or any of the individual members of the Committee in the Chapter 11 Cases;

(u)    retain and pay, subject to the pre-approval of the Plan Advisory Committee, third parties to assist the Liquidating Trustee in carrying out its powers and duties under this Trust Agreement.  The Liquidating Trustee shall pay all such persons or entities reasonable compensation for services rendered and expenses incurred.  The Liquidating Trustee may commit the Liquidating Trust to indemnify any such parties in connection with the performance of services subject to the approval of the Plan Advisory Committee.  A third party shall not be disqualified from being retained by the Liquidating Trust solely because of such party's prior retention by the Debtors, the Committee, or any of the individual members of the Committee in the Chapter 11 Cases;

(v)    employ employees, subject to the pre-approval of the Plan Advisory Committee, to assist the Liquidating Trustee in carrying out its powers and duties under this Trust Agreement.  The Liquidating Trustee shall pay all such employees reasonable salary in the amounts it shall determine to be appropriate and any employee benefits it may establish pursuant to Section 3.2(w) below.  If the Liquidating Trustee employs employees pursuant to this Section 3.2(v), the Liquidating Trustee shall establish payroll procedures and pay any and all federal, state or local tax withholding required under applicable law with respect to any such employees, obtain workers'

compensation insurance, and take all other actions it deems necessary to effectuate the provisions of this Section 3.2(v);

(w)     establish and adopt or cease to provide such reasonable employee benefits for the benefit of any employees described in Section 3.2(v) above as the Liquidating Trustee may deem necessary or appropriate, and consistent with the purposes of the Liquidating Trust, including the adoption of any group health plan;

(x)     request any appropriate tax determination with respect to the Liquidating Trust, including, without limitation, requesting a prompt determination of the state and federal tax liabilities of the Liquidating Trust, if any, pursuant to Section 505 of the Bankruptcy Code;

(y)     open and maintain bank accounts in the name of the Liquidating Trust, draw checks and drafts thereon by the sole signature of the Liquidating Trustee, and terminate such accounts as the Liquidating Trustee deems appropriate;

(z)     invest any moneys held as part of the Liquidating Trust, subject to the approval of the Plan Advisory Committee, in accordance with the terms of Section 4.5 hereof, limited, however, to such investments that are consistent with the Liquidating Trust's status as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations;

(aa)     execute any documents, pleadings, and take any other actions related to, or in connection with, the liquidation of the Liquidating Trust Assets and the exercise of the Liquidating Trustee's powers granted herein, including, but not limited to, the exercise of the Debtors' or the Committee's respective rights to conduct discovery and oral examination of any party under Bankruptcy Rule 2004;

(bb)     sell or transfer any Liquidating Trust Assets subject to the provisions of Section 3.3 hereof;

(cc)     review A/P/S Claims and Unsecured Claims against the Debtors to determine which should be Allowed A/P/S Claims and Allowed Unsecured Claims;

(dd)     prepare and report telephonically, and if requested by the Plan Advisory Committee, in writing or in person, a monthly report of the status of the process of winding down the Estates including Causes of Action; and

(ee)     take or refrain from taking any and all actions as may be necessary or helpful to accomplish the purposes of the Plan, including, without in any manner limiting any of the foregoing, dealing with the Liquidating Trust Assets or any part or parts therof in all other ways as would be lawful and prudent for any person or entity owning the same to deal therewith; provided, however, that any such actions shall be limited to those that are consistent with maintaining the Liquidating Trust's status as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations.

    3.3     Certain Actions by the Liquidating Trustee.

(a)      The Liquidating Trustee shall review each of the Disputed A/P/S Claims and quantify each such Claim by determining the extent to which each such Claim should be Allowed, if any.  The Liquidating Trustee shall distribute to each holder of an Allowed A/P/S Claim the Allowed amount of such Claim, subject to Section 3.3(c) below.

(b)      The Liquidating Trustee shall be empowered to and, in its sole discretion (subject to Section 3.2 and this Section 3.3) shall, take all appropriate action with respect to the Liquidating Trust Assets consistent with the purpose of the Liquidating Trust, including, without limitation, the filing, prosecution, settlement or other resolution of claims, A/P/S Claims and Causes of Action, including, without limitation, those based upon Sections 542, 544, 547, 548, 549, 550, 551 or 553(b) of the Bankruptcy Code.  Notwithstanding the foregoing, the Liquidating Trustee shall follow the procedures set forth in this Section 3.3 prior to entering into any proposed action or series of related actions regarding the Liquidating Trust Assets.

(c)      The Liquidating Trustee shall consult with and obtain the approval of the Plan Advisory Committee before:  (i) completing any sale or transfer of any Liquidating Trust Assets, (ii) allowing any Disputed Claim if the final allowed amount exceeds $50,000, (iii) commencing to prosecute any Cause of Action or (iv) entering into any settlement or compromise with respect to any Cause of Action if the amount sought to be recovered by the Liquidating Trustee in the complaint or other document initiating or evidencing such cause of action exceeds $100,000.

(d)      In all other events, unless otherwise set forth herein, the Liquidating Trustee is authorized to consummate or settle, release or compromise an action without any notice or consent and shall be held harmless in taking such action, provided that the Liquidating Trustee shall not settle any Claim or Cause of Action unless a release in favor of the Liquidating Trust satisfactory in form and substance to the Liquidating Trustee is granted.

(e)      Anything contained in this Trust Agreement to the contrary notwithstanding, the Liquidating Trustee may, but is not required to, submit a proposed settlement to a court of competent jurisdiction, including the Bankruptcy Court, for its approval, and may comply with any settlement approved by such court, and shall have no obligation to submit any such action to the procedures set forth in this Section 3.3 hereof.

(f)      The Liquidating Trustee shall be authorized to pay the fees and expenses incurred by its professional advisors and counsel after the Effective Date.  Notwithstanding the foregoing and anything else contained in this Trust Agreement to the contrary, the Plan Advisory Committee shall approve in advance the Liquidating Trustee's retention of professionals and their compensation arrangements.  The Plan Advisory Committee shall also have thirty (30) days, or such other period as agreed to by the Plan Advisory Committee and the Liquidating Trustee, from the delivery of a fee statement to object to the fees of any professional retained by either the Liquidating Trust or the Plan Advisory Committee by giving notice of any such objection to the professional seeking compensation or reimbursement.  For an objection to be valid, it shall be in writing and set forth in detail the specific fees objected to and the basis for the objection.  Any objection that remains unresolved fifteen (15) days after it is made shall be submitted to the Bankruptcy Court for resolution.

(g)      [Records retention protocol to come]

3.4      Limitation of Liquidating Trustee's Authority.

(a)      Notwithstanding anything herein to the contrary, the Liquidating Trustee shall not be authorized to and shall not engage in any trade or business.  The Liquidating Trustee shall take such actions consistent with the orderly liquidation of the Liquidating Trust Assets as are required by applicable law, and such actions permitted under Sections 3.2, 3.3, 3.6, 3.7, 3.8 and 4.5 hereof.  Notwithstanding any other authority granted by Section 3.2, the Liquidating Trustee is not authorized to engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations.

(b)      The Liquidating Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes other than the stock of Access Lending, nor have any interest in an entity that is treated as a partnership or trust for federal income tax purposes, unless such stock, partnership or trust interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the Liquidating Trust Assets.

(c)      Neither the Liquidating Trust nor the Liquidating Trustee shall take any action that would result in the Liquidating Trust becoming subject to registration as an "investment company" pursuant to the Investment Company Act of 1940, as amended.

(d)      The Liquidating Trustee shall not commingle any of the Liquidating Trust Assets with his or her own property or the property of any other person.

3.5      Consultations With and Reports to the Plan Advisory Committee.

The Liquidating Trustee shall consult with the Plan Advisory Committee in good faith regarding all material issues affecting the Liquidating Trust, including the resolution of Claims, the commencement and pursuit of litigation and the disposition of assets. In addition, the Liquidating Trustee shall provide the Plan Advisory Committee with such other reports as they may reasonably request.

3.6      Books and Records.

The Liquidating Trustee shall maintain in respect of the Liquidating Trust and the holders of Liquidating Trust Interests books and records relating to the Liquidating Trust Assets and income of the Liquidating Trust and the payment of expenses of, and liabilities or claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to properly compute and allocate the income of the Liquidating Trust between its beneficiaries and to facilitate compliance with the tax reporting requirements of the Liquidating Trust.  Except as provided in Section 6.1, nothing in this Trust Agreement requires the Liquidating

Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for managing any payment or distribution out of the Liquidating Trust Assets. A holder of a Liquidating Trust Interest may obtain information relating to the management of the Liquidating Trust Assets as long as access is reasonably exercised during normal business hours and is not detrimental to the Liquidating Trust. Nothing in this Trust Agreement provides any holder with a right to review, inspect, seek discovery of or otherwise obtain any information that is privileged or subject to a third party's rights of privacy or confidentiality.

3.7     Additional Powers.

        Except as otherwise set forth in this Trust Agreement or in the Plan, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Court as provided for in the Plan, but without prior or further authorization, the Liquidating Trustee may control and exercise authority over the Liquidating Trust Assets and over the protection, conservation and disposition thereof. No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of the Liquidating Trust Assets.

3.8     Distributions; Withholding.

        Subject to the approval of the Plan Advisory Committee, the Liquidating Trustee shall distribute at least annually to the Holders of Allowed Holding Company Debtor Unsecured Claims and Allowed Operating Debtor Unsecured Claims, provided that any such distribution is not unduly burdensome, in accordance with such holders' relative beneficial interests in the Liquidating Trust, all of its net income and the net proceeds from the sale of Liquidating Trust Assets; provided, however, that any such distribution shall only be made if (i) the Administrative Fund and the A/P/S Claims Reserve are fully funded; (ii) with respect to interim distributions to Holders of Allowed Unsecured Claims against Holding Company Debtors, the Holding Company Debtor Claims Reserve is fully funded and will remain fully funded after such interim distributions are made; (iii) with respect to interim distributions to Holders of Allowed Unsecured Claims against Operating Debtors, the Operating Debtor Claims Reserve is fully funded and will remain fully funded after such interim distributions are made; and (iv) the Liquidating Trustee retains amounts reasonably necessary to meet contingent liabilities, to maintain the value of the Liquidating Trust Assets during liquidation, and to satisfy other liabilities or expenses incurred by the Liquidating Trust in accordance with the Plan or this Trust Agreement. In addition to such annual distributions, the Liquidating Trustee may make interim distributions to Holders of Allowed Holding Company Debtor Unsecured Claims and Allowed Operating Debtor Unsecured Claims, provided that such interim distributions are warranted and economical and the Liquidating Trustee obtains the approval of the Plan Advisory Committee, and provided further that the conditions for making distributions described in this Section 3.8 are otherwise satisfied. The Liquidating Trustee may withhold from amounts distributable to any person any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement.

3.9     Winding Up Debtors.

The Liquidating Trustee shall complete the wind up of the Debtors, including filing tax returns of the Debtors through the tax year ending 2008, settling or satisfying A/P/S Claims and completing any sales of assets that are not completed as of the Effective Date. The Liquidating Trustee shall wind up the remaining affairs of the Debtors, including the filing of all required tax returns including, without limitation, IRS forms related to the Debtors' 401k plan and other ERISA plans, and the handling of audits and shall have the right to request an expedited determination under section 505(b) of the Bankruptcy Code with respect to tax returns filed, or to be filed, for any and all taxable periods ending after the Effective Date through, and including, the dissolution of the Debtors.

3.10    Compliance with Laws.

Any and all distributions of Liquidating Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

ARTICLE IV

THE PLAN ADVISORY COMMITTEE

4.1    Formation.

The Plan Advisory Committee is established pursuant to the terms of the Plan and shall function consistent with the Plan. The Plan Advisory Committee's role shall be to advise and approve the actions of the Liquidating Trustee. The Plan Advisory Committee shall initially consist of the five (5) members of the Official Committee of Unsecured Creditors who were appointed by the U.S. Trustee in the Chapter 11 cases (the "Committee") chosen from those members of the Committee that notified counsel to the Committee in writing within fifteen (15) days prior to the deadline to vote to accept or reject the Plan of their intention to serve on the Plan Advisory Committee. As of the Effective Date, the initial members of the Plan Advisory Committee shall be:

    (a)    Credit Suisse First Boston Mortgage Capital LLC;

    (b)    Deutsche Bank National Trust Co.;

    (c)    Fidelity National Information Services, Inc.;

    (d)    Residential Funding Company, LLC; and

    (e)    Kodiak Funding, L.P.

4.2    Duties and Powers.

The Plan Advisory Committee shall represent the interests of the Beneficiaries during the existence of the Liquidating Trust, and shall have the obligation to undertake in good faith each of the acts and responsibilities set forth for the Plan Advisory Committee in this Trust Agreement and in the Plan, for the benefit of the Beneficiaries. The Advisory Committee shall

have such powers, rights and duties, including with respect to the Liquidating Trustee and the Liquidating Trust Assets, as set forth in this Trust Agreement and in Article 8.G. of the Plan.

4.3     <u>Vacancies</u>.

Vacancies on the Plan Advisory Committee shall be filled by a person designated by the remaining members of the Plan Advisory Committee from among the Holders of Unsecured Claims (other than Holders of Unsecured Claims against Access Lending) and the Plan Advisory Committee shall use reasonable efforts to maintain such composition of the members of the Plan Advisory Committee as existed prior to the resignation of such member.  Upon appointment of a successor member of the Plan Advisory Committee, notice of such appointment will be filed with the Court.  Unless and until such vacancy is filled, the Plan Advisory Committee shall function with such reduced membership.

4.4     <u>Voting</u>.

The Plan Advisory Committee shall create such by-laws (if any) as it deems necessary or convenient.  The passage of such by-laws, and all other decisions and actions of the Plan Advisory Committee, except as otherwise set forth in this Trust Agreement, shall be by majority vote of the Plan Advisory Committee.  The Plan Advisory Committee may meet and vote in person or telephonically and each member shall be entitled to receive reasonable notice of any such meeting.  A majority of the members of the Plan Advisory Committee shall constitute a quorum for all purposes.

4.5     <u>Objections to Post-Effective Date Professional Fees</u>.

The Plan Advisory Committee and the Liquidating Trustee are each authorized to file with the Bankruptcy Court an objection to any invoice submitted by a professional retained by the Liquidating Trustee or a sub-agent employed by the Liquidating Trustee seeking the payment of fees or expenses incurred after the Effective Date and to be paid from the Liquidating Trust Assets.

4.6     <u>Compensation</u>.

Each member of the Plan Advisory Committee shall be entitled to receive from the Liquidating Trust reimbursement for its necessary out-of-pocket expenses reasonably incurred in connection with the performance of his, her or its duties with respect to the Liquidating Trust or the Liquidating Trust Assets, which reimbursement shall include the expenses for fees paid to either counsel or financial advisors retained by the individual members of the Plan Advisory Committee up to an amount of $[_____].  The Plan Advisory Committee shall otherwise serve without compensation.

ARTICLE V

THE LIQUIDATING TRUSTEE

5.1     <u>Generally</u>.

The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidating Trust and not otherwise. In addition, the Liquidating Trustee may deal with the Liquidating Trust Assets for its own account as permitted by Section 5.6.

5.2    Responsibilities of Liquidating Trustee.

The Liquidating Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the Liquidating Trust Assets, resolve Disputed Claims, make timely distributions to holders of Allowed A/P/S Claims and Liquidating Trust Interests, and not unduly prolong the duration of the Liquidating Trust.    In so doing, and in consultation with the Plan Advisory Committee, the Liquidating Trustee will exercise reasonable business judgment in liquidating the Liquidating Trust Assets.   The liquidation of the Liquidating Trust Assets may be accomplished through the sale of Liquidating Trust Assets (in whole or in combination), including the sale of any Causes of Action or through the prosecution or settlement of any or all Causes of Action, or otherwise.   In connection therewith, and as authorized by Sections 3.2, 3.3, 3.4 and 3.5, the Liquidating Trustee shall have the power to (i) prosecute for the benefit of the Liquidating Trust all Claims, rights and Causes of Action transferred to the Liquidating Trust (including any or all A/P/S Claims and defenses thereto) whether or not such suits are brought in the name of the Liquidating Trust, the Debtors or otherwise for the benefit of the holders of Liquidating Trust Interests, (ii) liquidate the Liquidating Trust Assets, and (iii) otherwise perform the functions and take the actions permitted or required by the Plan, under applicable law, pursuant to this Trust Agreement. Any and all proceeds generated from the Liquidating Trust Assets shall be the property of the Liquidating Trust.   Except as expressly set forth herein, the Liquidating Trustee shall have the absolute right to pursue or not to pursue any and all claims, rights or Causes of Action, as it determines are in the best interests of the holders of the Liquidating Trust Interests and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of its decision.   Subject to Section 3.3, the Liquidating Trustee may incur any reasonable and necessary expenses (up to the amount of the Administrative Fund) in liquidating the Liquidating Trust Assets.

5.3    Liability of Liquidating Trustee; Indemnification.

Neither the Liquidating Trustee, the Plan Advisory Committee, their respective members, designees or professionals, or any duly designated agent or representative of the Liquidating Trustee or the Plan Advisory Committee, nor their respective employees, shall be liable for the act or omission of any other member, designee, agent or representative of such Liquidating Trustee or Plan Advisory Committee, nor shall such Liquidating Trustee, or any member of the Plan Advisory Committee, be liable for any act or omission taken or omitted to be taken in its capacity as Liquidating Trustee, or as a member of the Plan Advisory Committee, respectively, other than for specific acts or omissions resulting from such Liquidating Trustee's or such member's willful misconduct, gross negligence or fraud.   The Liquidating Trustee, or the Plan Advisory Committee, may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing.   Notwithstanding such authority, neither the Liquidating Trustee nor the Plan Advisory Committee shall be under any obligation to consult with its attorneys, accountants,

financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Liquidating Trustee or Plan Advisory Committee or their respective members and/or designees, unless such determination is based on willful misconduct, gross negligence, or fraud. The Liquidating Trust shall indemnify and hold harmless the Liquidating Trustee, the Plan Advisory Committee and their members, designees and professionals, and all duly designated agents and representatives thereof (in their capacity as such), from and against and in respect of all liabilities, losses, damages, claims, costs and expenses (including, without limitation, reasonable attorneys' fees, disbursements, and related expenses) which such parties may incur or to which such parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against such parties arising out of or due to their acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Liquidating Trust or the Plan or the discharge of their duties hereunder; provided, however, that no such indemnification will be made to such persons for actions or omissions as a result of willful misconduct, gross negligence, or fraud.  Persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Trust Agreement, and the Liquidating Trustee shall have no personal obligation to satisfy any such liability.

     5.4     Reliance by Liquidating Trustee.

     Except as otherwise provided in Section 5.3, the Liquidating Trustee may rely, and shall be fully protected in acting, or refraining from acting, on any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document ("Document") that the Liquidating Trustee has no reason to believe to be other than genuine and to have been signed or presented by the proper party or parties or, in the case of facsimiles or e-mails, to have been sent by the proper party or parties, and the Liquidating Trustee may rely as to the truth of the statements and correctness of the opinions expressed in any Document.  The Liquidating Trustee may consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or suffered by the Liquidating Trustee in accordance therewith.

     5.5     Investment and Safekeeping of Liquidating Trust Assets.

     The right and power of the Liquidating Trustee to invest Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power that a liquidating trust, within the meaning of Section 301.7701-4(d) of the Treasury Regulations, is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings or other IRS pronouncements, and to the investment guidelines of Bankruptcy Code Section 345.  The Liquidating Trustee may expend the cash of the Liquidating Trust (i) as reasonably necessary to meet contingent liabilities and to maintain the value of the respective assets of the Liquidating Trust during liquidation, (ii) to pay the respective reasonable administrative expenses (including, but not limited to, any taxes imposed on the Liquidating Trust) and (iii) to satisfy other respective liabilities incurred by the Liquidating Trust in accordance with the Plan or this Trust Agreement (including, without limitation, the payment of any taxes).

     5.6     Expense Reimbursement and Compensation.

(a)     The Liquidating Trust Assets shall be subject to the claims of the Liquidating Trustee, and the Liquidating Trustee shall be entitled to reimburse itself out of any available cash in the Liquidating Trust, for its actual out-of-pocket expenses and against and from any and all loss, liability, expense, or damage which the Liquidating Trustee may sustain in good faith and without willful misconduct, gross negligence, or fraud in the exercise and performance of any of the powers and duties of the Liquidating Trustee under this Trust Agreement.  As compensation for the performance of its duties, the Liquidating Trustee shall be compensated in accordance with the terms set forth in the letter agreement annexed hereto as Exhibit "[__]."  Notwithstanding the foregoing, the Plan Advisory Committee shall have authority in the exercise of its sole and reasonable discretion to enter into such modifications of the Liquidating Trustee's compensation terms as it deems desirable and necessary to further the intent and purpose of this Trust Agreement and the Plan.

(b)     If the cash in the Liquidating Trust shall be insufficient to compensate and reimburse the Liquidating Trustee, including any professionals and third parties retained by the Liquidating Trustee pursuant to Sections 3.2 and 3.3 hereof, and including reimbursements pursuant to 4.6 hereof, for any amounts to which they are entitled hereunder and if the Liquidating Trustee shall be unable to borrow funds sufficient for such compensation and reimbursement in accordance with the terms of this Trust Agreement, then the Liquidating Trustee may, subject to Sections 3.2 and 3.3 hereof, reduce to cash that portion of the Liquidating Trust Assets necessary so as to effect such compensation and reimbursement.

5.7     <u>Insurance; Bond</u>.

The Liquidating Trustee shall obtain insurance coverage with respect to the liabilities and obligations of the Liquidating Trustee and the Plan Advisory Committee under this Trust Agreement (in the form of an errors and omissions policy or otherwise) unless both the Liquidating Trustee and Plan Advisory Committee unanimously agree that such insurance shall not be required.  Unless otherwise agreed to by the Plan Advisory Committee, the Liquidating Trustee shall serve with a bond, the terms of which shall be agreed to by the Plan Advisory Committee, and the cost and expense of which shall be paid by the Liquidating Trust.

5.8     <u>Confidentiality</u>.

The Liquidating Trustee shall, during the period that it serves as Liquidating Trustee under this Trust Agreement and for a period of twelve (12) months following the earlier of the termination of this Trust Agreement or its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relates or of which it has become aware in its capacity as Liquidating Trustee.

ARTICLE VI

SUCCESSOR LIQUIDATING TRUSTEE

6.1     <u>Removal</u>.

The Liquidating Trustee may be removed or replaced, with or without cause, at any time by unanimous vote of the Plan Advisory Committee.  If the Liquidating Trustee is removed pursuant to this Section 5.1, the Plan Advisory Committee shall appoint a successor Liquidating Trustee by majority vote.  Removal shall become effective on the acceptance by such successor of such appointment; provided, however, that the Plan Advisory Committee shall file with the Bankruptcy Court a notice appointing such successor trustee.  If a successor Liquidating Trustee is not appointed or does not accept its appointment pursuant to this Section 6.1 within seventy-five (75) days following removal of the predecessor Liquidating Trustee, any holder of a Liquidating Trust Interest may petition the Court for the appointment of a successor Liquidating Trustee.

6.2    Resignation.

The Liquidating Trustee may resign by giving not less than forty-five (45) days prior written notice thereof to the Plan Advisory Committee; provided, however, that the initial Liquidating Trustee  may resign by giving not less than ten (10) days' prior written notice thereof to the Plan Advisory Committee if it has designated and appointed a successor Liquidating Trustee that is available, willing and able to serve as of the date of resignation of the initial Liquidating Trustee and if the Plan Advisory Committee has consented to the appointment of such successor Liquidating Trustee, which consent shall not be unreasonably withheld.   In the case of the resignation of any Liquidating Trustee other than the initial Liquidating Trustee, the Plan Advisory Committee shall appoint a successor Liquidating Trustee by majority vote.  Upon appointment of a successor Liquidating Trustee, notice of such appointment shall be filed with the Court. Resignation shall become effective on the later to occur of:  (i) the day specified in such notice or (ii) the appointment of a successor by the Liquidating Trustee and the acceptance by such successor of such appointment.  If a successor Liquidating Trustee is not appointed or does not accept its appointment within seventy-five (75) days following delivery of notice of resignation, the Liquidating Trustee may petition the Court for the appointment of a successor Liquidating Trustee.

6.3    Appointment of Successor upon Incapacity.

In the event of the Liquidating Trustee's death or the Liquidating Trustee's otherwise becoming incapable of serving as Liquidating Trustee, the Plan Advisory Committee may appoint a successor Liquidating Trustee by majority vote.  Upon appointment of a successor Liquidating Trustee, notice of such appointment shall be filed with the Court.  If a successor Liquidating Trustee is not appointed or does not accept its appointment pursuant to this Section 6.3 within seventy-five (75) days following the date of the predecessor Liquidating Trustee's death or incapacity, any holder of a Liquidating Trust Interest may petition the Court for the appointment of a successor Liquidating Trustee.

6.4    Acceptance of Appointment by Successor Liquidating Trustee.

Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment and shall file such acceptance with the Liquidating Trust records. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidating Trust with like effect as if originally named herein; provided, however, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating

Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.  Further, the Plan Advisory Committee shall give written approval to the compensation for the successor Liquidating Trustee if different from the compensation for the predecessor Liquidating Trustee.

     6.5     Continuance of the Liquidating Trust.

The death, incapacity, resignation, or removal of the Liquidating Trustee shall not operate to terminate the Liquidating Trust created by this Trust Agreement or revoke any existing agency (other than the agency of the former Liquidating Trustee as Liquidating Trustee) created pursuant to the terms of this Trust Agreement or invalidate any action taken by the Liquidating Trustee. The Liquidating Trustee agrees that the provisions of this Trust Agreement shall be binding upon and inure to the benefit of the Liquidating Trustee and the Liquidating Trustee's heirs, legal and personal representatives, successors or assigns, as the case may be.  In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly (i) execute and deliver by the effective date of resignation or removal such documents, instruments, and other writings as may be reasonably requested by the successor Liquidating Trustee to effect the termination of the resigning or removed Liquidating Trustee's capacity under this Trust Agreement; (ii) deliver to the successor Liquidating Trustee all documents, instruments, records, and other writings relating to the Liquidating Trust as may be in the possession or under the control of the resigning or removed Liquidating Trustee; and (iii) otherwise assist and cooperate in effecting the assumption of the resigning or removed Liquidating Trustee's obligations and functions by the successor Liquidating Trustee.  The resigning or removed Liquidating Trustee hereby irrevocably appoints the successor Liquidating Trustee as his or her attorney-in-fact and agent with full power of substitution for and in his or her name, place and stead to do any and all such acts that such resigning or removed Liquidating Trustee is obligated to perform under this Section 6.5.  Such appointment shall not be affected by the subsequent disability or incompetence of the Liquidating Trustee making such appointment.

ARTICLE VII

REPORTS TO HOLDERS OF LIQUIDATING TRUST INTERESTS

     7.1     Securities Laws and Other Reports to Holders of Liquidating Trust Interests.

     (a)     Securities Laws.  Under section 1145 of the Bankruptcy Code, the issuance of Liquidating Trust Interests under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities.  If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting or other requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with, or qualify for exemption from, such reporting or other requirements and to file periodic reports with the Securities and Exchange Commission as necessary.

(b)     Quarterly Reports.  Beginning with the first full month following the Effective Date, and as soon as practicable upon commencement of the Liquidating Trust, the Liquidating Trustee shall prepare and file with the Court on a timely basis, and shall serve on the Plan Advisory Committee and the U.S. Trustee the quarterly post-confirmation reports required by Bankruptcy Code Section 1106(a)(7) and U.S. Trustee Guidelines, and a report describing or listing the statuses of litigations involving the Liquidating Trust or the Liquidating Trust Assets and listing the Liquidating Trust Assets disposed of during the reporting period.  Such quarterly reports shall be served and filed until such time as the Liquidating Trust has been terminated.

(c)     Federal Income Tax.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulations Section 1.671-4(a).

(d)     Other Reporting.  The Liquidating Trustee shall file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidating Trust that are required by any governmental authority.

(e)     Tax Reporting.  Promptly following the end of each calendar year, the Liquidating Trustee shall submit to the holders of Liquidating Trust Interests a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit.  Allocations of Liquidating Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restrictions on distributions described herein) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the holders of the Liquidating Trust Interests (treating any holder of a Disputed Claim, for this purpose, as a current holder of a beneficial interest in the Liquidating Trust entitled to distributions), taking into account all prior and concurrent distributions from the Liquidating Trust (including all distributions held in reserve pending the resolution of Disputed Claims).  Similarly, taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Liquidating Trust Assets.  For this purpose, the tax book value of the Liquidating Trust Assets shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidating Trust, adjusted in either case in accordance with tax accounting principles prescribed by the Internal Revenue Code of 1986, as amended, the Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(f)     Detailed Reports.  The Liquidating Trustee shall prepare, file and/or distribute any additional reports as directed by the Plan Advisory Committee or otherwise required under this Trust Agreement or the Plan.

ARTICLE VIII

TERMINATION OF LIQUIDATING TRUST

8.1    <u>Termination of Liquidating Trust</u>.

The Liquidating Trust will terminate on the earlier of: (a) its liquidation, administration and distribution of the Liquidating Trust Assets in accordance with the terms of this Trust Agreement and the Plan, and its full performance of all other duties and functions set forth herein or in the Plan; and (b) the fifth (5th) anniversary of the Effective Date.  Notwithstanding the foregoing, multiple fixed term extensions can be obtained so long as Court approval is obtained within six (6) months before the expiration of the term of the Liquidating Trust and each extended term.  The aggregate of all such extensions shall not exceed three (3) years, unless the Liquidating Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes.  The Liquidating Trustee shall not unduly prolong the duration of the Liquidating Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all Liquidating Trust Assets and to effect the distribution of the Liquidating Trust Assets to the holders of Allowed A/P/S Claims and the Liquidating Trust Interests in accordance with the terms hereof and terminate the Liquidating Trust as soon as practicable.  Prior to and upon termination of the Liquidating Trust, the Liquidating Trust Assets will be distributed to the holders of Liquidating Trust Interests in accordance with the Plan.

ARTICLE IX

AMENDMENT AND WAIVER

9.1    <u>Amendment and Waiver</u>.

Any substantive provision of this Trust Agreement may be amended or waived by the Liquidating Trustee, with the prior approval of the Plan Advisory Committee, upon notice to the holders of Liquidating Trust Interests.  Upon approval by the Plan Advisory Committee, technical amendments to this Trust Agreement may be made by the Liquidating Trustee, as necessary, to clarify this Trust Agreement or enable the Liquidating Trustee to effectuate the terms of this Trust Agreement.  Notwithstanding this Section 9.1, any amendments to this Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with the Plan, Section 301.7701-4(d) of the Treasury Regulations, and Section 3.1 hereof.

ARTICLE X

MISCELLANEOUS PROVISIONS

10.1    <u>Intention of Parties to Establish Liquidating Trust</u>.

This Trust Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

10.2    Preservation of Privilege and Defenses.

In connection with the rights, claims, and Causes of Action that constitute the Liquidating Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust shall vest in the Liquidating Trustee and its representatives, and the Debtors and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

10.3    Cooperation and Further Assurances of the Debtors.

The Debtors shall, upon reasonable request of the Liquidating Trustee, execute, acknowledge and deliver such further instruments and do such further acts as may be necessary or proper to transfer to the Liquidating Trustee any portion of the Liquidating Trust Assets intended to be conveyed in the form and manner provided for in the Plan and to vest in the Liquidating Trustee the powers, instructions, or funds in trust hereunder.  The Debtors shall also, upon reasonable request of the Liquidating Trustee, provide additional documentation or information necessary to resolve Claims and resolve and prosecute all Causes of Action.  The Debtors, for themselves and any predecessor or successor entity, hereby disclaim and waive any and all rights to any reversionary interests in any of the Liquidating Trust Assets.  The Debtors shall provide the Liquidating Trustee with copies of such of their books and records as the Liquidating Trustee shall reasonably require for the purpose of performing its duties and exercising its powers hereunder.

10.4    Laws as to Construction.

This Trust Agreement shall be governed and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of law.

10.5    Severability.

If any provision of this Trust Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

10.6    Notices.

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended:

**If to the Debtors**:

New Century Financial Corporation
Attn:  [   ]


Phone: [   ]
Fax:     [   ]

**with copies to**:

Suzzanne Uhland, Esq.
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Phone: (415) 984-8941
Fax:     (415) 984-8701

**If to the New Century Liquidating Trust**:

New Century Liquidating Trust
Attn:  Alan M. Jacob
AJM Advisors LLC
999 Central Avenue
[City, State]
Phone: (516) 791-1100
Fax:     (212) 931-2300

**with copies to**:

Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Hahn & Hessen LLP
488 Madison Avenue
15th Floor
New York, New York 10022
Phone: (212) 478-7200
Fax:     (212) 478-7400

**If to the Plan Advisory Committee**:

[   ]


**with a copy to:**

[ ]

10.7    Headings.

The section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

10.8    Relationship to the Plan.

The principal purpose of this Trust Agreement is to aid in the implementation of the Plan.  This Trust Agreement, together with the Plan and related instruments expressly referred to herein and which are attached as Exhibits hereto, shall be construed as integrated and complimentary of each other and intended to carry out the terms of the Plan.  To that end, the Liquidating Trustee shall have full power and authority, except as otherwise set forth in this Trust Agreement, to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan and this Trust Agreement.  If any provisions of this Trust Agreement are found to be inconsistent with the provisions of the Plan, the provisions of this Trust Agreement and the Confirmation Order shall control.

10.9    Exclusive Jurisdiction and Standing.

As provided in Article 14 of the Plan, the Court has exclusive jurisdiction over all controversies, suits and disputes that may arise under this Trust Agreement.  The Liquidating Trustee shall have standing in any such proceeding to enforce the rights of the Liquidating Trust or of the holders of Liquidating Trust Interests arising under this Trust Agreement or the Plan, and the Plan Advisory Committee shall have standing in any such proceeding to enforce the rights of the Beneficiaries arising under this Trust Agreement or the Plan.

*(The remainder of this page has been intentionally left blank.)*

IN WITNESS WHEREOF, the Debtors and the Liquidating Trustee have either executed or acknowledged this Trust Agreement, or caused it to be executed or acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Debtors and Debtors in Possession

By:_____
    Name: _____
    Title:   _____

The Liquidating Trustee hereby accepts the Liquidating Trust imposed by this Trust Agreement upon the terms and conditions set forth herein

_____
Alan M. Jacobs, as Liquidating Trustee