# EXHIBIT A

(MOU)

## MEMORANDUM OF UNDERSTANDING

Subject to final approval by the applicable Courts, which counsel and parties agree to recommend in good faith, and with the provision that this Agreement will be further memorialized in a Joint Stipulation of Settlement, the parties hereby agree to the following binding settlement of the class/collective action designated Rubio, *et al. v. New Century Mortgage Corporation, et al.*, Case No. CV06-811 CJC (AJWx), pending in the United States District Court for the Central District of California (Southern Division) (hereinafter "Lawsuit"), as of this 14th day of March 2008.

1   Defendants New Century Mortgage Corporation; New Century Financial Corporation; and Home 123 Corporation (collectively referred to as "Corporate Defendants") and Carl Vernon; Frank Nese; Wallace Hayes; Steve Cassill and Nicole Haggard (collectively referred to as "Individual Defendants") (Corporate Defendants and Individual Defendants collectively referred to as "Defendants"), will stipulate that the class may be certified for settlement purposes only. The parties agree that certification for settlement purposes is in no way an admission that class certification is proper under the more stringent standard applied for litigation purposes. This stipulation will not be deemed admissible in this or any other proceeding, except to enforce the settlement.

2   The Settlement Class shall be defined as all persons who have been employed by Defendants in the State of California from March 21, 2001, through the date the Court preliminary approves the settlement of this action and who held the positions of Loan Advisor and Loan Officer (including Assistant, Senior, Junior, and Accelerated Loan Advisors and/or Loan Officers) and/or similar titles or titles with similar job duties.

3   Defendants will provide the Claims Administrator with a class list as part of the settlement. If the class list sent to the Claims Administrator identifies the total weeks worked by Class Members that is (a) over 5% more than 58,394 weeks worked by all Class Members during the Class Period (March 1, 2001 through April 2, 2007), and/or (b) over 5% more than 4,642 weeks worked by all Class Members during the Priority Period (October 4, 2006 to April 2, 2007), the Claims Administrator will notify Plaintiffs' counsel, who will then have the discretion to withdraw from the Settlement within seven (7) business days of notice from the Claims Administrator by giving written notification to Defendants' counsel.

4   The claims of all members of the Settlement Classes (hereinafter "Class Members") are settled on the terms set forth herein. On account of the Class Proof of Claim asserted against New Century Mortgage Corporation ("NCMC") the Class shall have an allowed priority unsecured claim of $330,000.00 and an allowed general unsecured claim in the amount of $10,800,000.00. On account of Class Proof of Claim asserted against Home 123 Corporation ("Home123"), the Class shall have an allowed priority unsecured claim in the amount of $220,000.00 and an allowed general unsecured claim in the amount of $7,2000,000.00 (collectively, "the Maximum Payments"). All other portions of the Proofs of Claim against NCMC and Home123 shall be disallowed, and the Proof of Claim asserted against New Century Financial Corporation shall be disallowed in its entirety. The individual proofs of claim filed by the three class representatives shall be disallowed in their entirety, and the class representatives shall be entitled to a portion of the Maximum Payments as Class Members. Subject to Court approval, except for those

-1 of 8 -

who opt out of the settlement, all other Class Members' proofs of claim that are reasonably related to the settled claims will be disallowed, effective one day after the last day on which Class Members may opt out

5    The Maximum Payments collectively shall be inclusive of attorneys' fees, costs and expenses directly related to the Lawsuit (which includes all such fees and costs incurred to date, as well as all such fees and costs incurred in documenting the settlement, securing court approval of the settlement, administering the settlement, and obtaining a dismissal of the Lawsuit), the service payments to the class representatives, Defendants' portion of the payroll tax, including the employer FICA, FUTA, and SDI contributions, and all costs of administration, including settlement administration fees estimated not to exceed $65,000 for two separate distributions

6    The Class Members shall release Defendants as follows: the Class Members, excluding those who submit timely and valid Exclusion Forms, shall fully and finally release and discharge Defendants and their former and present parents, subsidiaries and affiliated corporations and its present and former officers (including but not limited to all other defendants in this case), directors, employees, consultants, attorneys, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the class period for the Class Members based on the facts alleged in the Lawsuit or reasonably related to those alleged in Plaintiffs' lawsuit under both California law and the Fair Labor Standards Act ("FLSA"), except that this release does not release any claims class members may have under the federal WARN Act, including but not limited to, the claims alleged in Austin v. New Century TRS Holdings, Inc., et. al., United States Bankruptcy Court, District of Delaware, Case No. 07-50970

7.    Plaintiffs' counsel will request, and Defendant and its counsel will not oppose, an award of attorneys' fees of 33% of Maximum Payments and reasonable costs not to exceed $90,000.00, (subject to increase in the event of arbitration as described in ¶10(g)), and said amounts shall be included in the Maximum Payments. Class Counsel will be issued an IRS Form 1099 for their award of attorneys' fees. The parties stipulate and agree that these are reasonable amounts.

8.    Plaintiffs' counsel will request, and Defendants and their counsel will not oppose, payment to each of the class representatives, Daniel Rubio, John Hicks and John Vizcarra, in addition to whatever payment they are otherwise entitled to receive as Class Members, a service payment from the Maximum Payments in the amount of $20,000.00 to Daniel Rubio, $10,000.00 to John Hicks, and $10,000.00 to David Vizcarra  The parties stipulate and agree that these are reasonable amounts. The class representatives will be required to execute a general release of all known and unknown claims they may have against Defendants based on their employment with Defendants. The class representatives will be issued an IRS Form 1099 for their service payment

9    There will be a claims procedure  Each Class Member will be fully advised of the settlement  Each Class Member may submit a claim  Via this claims process. Individual Settlement Payments (calculated according to the method set forth below on each timely and valid claim submitted) will be paid as follows:

(a)     The Parties will jointly draft a Notice of Pendency of Class Action Settlement ("Notice") and submit it to the Court for approval. The Notice will include, but shall not be limited to, information regarding the nature of the lawsuit; a summary of the substance of the settlement; the class definitions; the procedure and time period to submit a claim, request exclusion from, or objection to the settlement; the date set for the Final Approval hearing; the formula used for the Individual Settlement Payments, including the estimated Individual Settlement Payment, as defined below and the projected effect of the Chapter 11 plan of distribution on the Individual Settlement Payments solely as disclosed in the Disclosure Statement approved by the Bankruptcy Court on March 18, 2008. The Notice will be mailed with a Claim Form and an Exclusion Form (collectively "Notice Packet")

(b)     Each Claim Form will identify the number of weeks worked by the Class Member during the applicable class period and the Class Member's estimated Individual Settlement Payment. To the extent a Class Member disputes the number of weeks worked described on a Claim Form the Class Member may produce evidence to the Claims Administrator indicating the number of weeks worked during the applicable class period. Defendants' records will be presumed determinative, but the Claims Administrator will evaluate the evidence submitted by the Class Member and make the final decision as to the number of weeks worked during the class period

(c)     Within 10 days of Preliminary Approval of the settlement, Defendants shall provide the Claims Administrator with the names, most current mailing address, social security number, and the number of weeks worked by each Settlement Class Member during the Class Period (collectively "Class List and Data")

(d)     Within 30 days after receipt of the Class List and Data, the Claims Administrator shall mail the Notice Packet to the Class Members via first-class regular U.S. mail. Class Members will have 60 days from the mailing of the Notice Packet to submit their claims. Prior to mailing, the Claims Administrator will perform a search based on the National Change of Address Database information to update and correct for any known or identifiable address changes. If a new address is obtained by a way of a returned Notice Packet, then the Claims Administrator shall promptly forward the original Notice Packet to the updated address via first-class regular U.S. mail indicating on the original Notice Packet the date of such re-mailing. Where a Notice Packet is returned as undeliverable, without a forwarding address, the Claims Administrator will perform a "skiptrace" search to obtain an updated address. The Parties agree to cooperate with the Claims Administrator to locate a more recent address for Class Members, where necessary.

(e)     If any Class Member files a defective Claim Form postmarked before the submission deadline, then the Claims Administrator shall send a Cure Letter to such Class Member advising that the claim is defective and must be cured to become valid. The Claims Administrator must mail the Cure Letter within 5 days of receiving a defective claim. The Cure Letter shall state that the Class Member has 15 days from the date of the Cure Letter or the submission

deadline, whichever date is later, to postmark a revised claim. If a Class Member responds to a Cure Letter by filing a defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure Such defective claims will be considered invalid and, if received after the submission deadline, Class Members will have no right to cure them

(f)   All Claim Forms and Exclusion Forms will be submitted to the Claims Administrator, who will certify jointly to Class Counsel and Defendant's counsel the forms that were timely submitted.

(g)   If more than 10% of the Class Members submit Exclusion Forms, Defendants at their sole option may withdraw from the settlement, within seven (7) days after the Defendant receives notice of the number of Class Members that submitted Exclusion Forms

10.   Once the memorialized Agreement and other settlement documents are approved by the applicable Courts, the payments to each Class Member who submits a timely and valid Claim Form will be in accordance with the provisions set forth below:

(a)   After deducting the amount of attorneys' fees and costs, service payments to the class representatives, Defendants' portion of the payroll tax, and the estimated costs of settlement administration, the remainder of the settlement fund ("Net Settlement Amount") will be distributed to the Class Members

(b)   The Net Settlement Amount will be divided into the portion related to the general unsecured claims (the "Net Unsecured Settlement Amount") and the portion related to the priority unsecured claims (the "Net Priority Settlement Amount").

(c)   The Claims Administrator will divide the total weeks worked in the class period relating to the general unsecured claims (March 1, 2001- October 3, 2006) by the Net Unsecured Settlement Amount to determine an estimated weekly Unsecured Claim Amount. Any residual amount from the Net Unsecured Settlement Amount resulting from amounts not claimed by Class Members, or otherwise, will be distributed pro rata to Class Members that make a valid and timely claim for a portion of the Net Unsecured Claim Amount. The Chapter 11 Plan of Liquidation ("Plan") contemplates payment of unsecured claims over a period of time, which will likely last several years. In order to avoid excessive costs of claims administration, all distributions from NCMC and Home123 of the Net Unsecured Settlement Amount shall be deposited by the Claim Administrator in an interest bearing account designated by Plaintiffs' counsel until such time as the final distribution of the Net Unsecured Settlement Amount under the Plan has occurred; at that time the Claims Administrator will distribute the Net Unsecured Settlement Amount to the Class Members.

(d)   The Claims Administrator will divide the total weeks worked in the class period relating to the priority unsecured claim (October 4, 2006 – April 2, 2007) by the Net Priority Settlement Amount to determine an estimated weekly Priority Claim Amount. Any residual amount from the Net Priority Settlement Amount resulting from amounts not claimed by Class Members, or otherwise, will be

distributed pro rata to Class members that make a valid and timely claim for a portion of the Net Priority Claim Amount.

(e) Any residual remaining in the Settlement Fund shall revert back to the Participating Class Members on a pro rata basis, as described above. No portion of the Maximum Payment or the Settlement Fund will revert to Defendants, for any reason. Any portion of the Net Settlement Amount not distributed to Class Members (from uncashed settlement checks or otherwise) shall be disbursed to the nonprofit organization The Impact Fund, or other similar organization devoted to employee rights.

(f) Any disputes (including those concerning the period of time a Class Member worked during the applicable class period) not resolved by the Court concerning administration of the settlement will be resolved by arbitration through JAMS in Orange County, California. The parties agree to proportionally split the fees and costs of the arbitrator, with Plaintiffs' portion of any such fees or costs to be reimbursed from the Maximum Payments and in the event such arbitration fees and costs result in costs exceeding the $90,000 described in ¶7, Plaintiffs may seek Court approval of such increased amounts. Prior to any such arbitration, counsel for the parties will confer in good faith to resolve the dispute without the necessity of arbitration.

11.  The parties and their counsel agree that before final approval of the Settlement, they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about this case and/or the fact, amount or terms of the settlement. Any communication about the settlement to Class Members prior to the Court approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court approved notice. Before final approval of the Settlement, the class representatives and their counsel will refrain from discussing the terms or the fact of this settlement with third parties other than (1) their immediate family members, (2) their respective accountants or lawyers as necessary for tax purposes; or (3) other class members.

12.  The parties agree that the Agreement is fair and reasonable and will so represent to the Court. In addition, mediator David Stratton, may, at his discretion, execute a declaration supporting the settlement, and the Court may, in its discretion, contact Mr Stratton to discuss the settlement and whether or not the settlement is fair and reasonable.

13  The parties recognize that the settlement amounts to be paid to the Class Members are wages and penalties for the relief sought in the Lawsuit. The parties agree that 50% of all payments to claimants will be treated as wages subject to W2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law and the employer will make all required contributions. The other 50% represents interest and penalties sought in the Lawsuit and claimants will be issued an IRS Form 1099 for that portion of their payments.

14  The parties agree to waive appeals and to stipulate to class certification for purposes of implementing this settlement only; provided, however, Plaintiffs can appeal any reduction in the attorneys' fees or costs award.

15    The parties agree that the subsequent filing of a Stipulation for Class Certification
      is for settlement purposes only and if, for any reason, the settlement is not approved,
      the Stipulation will be of no force or effect

16.   The parties agree that, within 30 days of the final satisfaction of all terms of this
      Settlement including distribution of the Net Settlement Amount, the Lawsuit will be
      dismissed with prejudice. This dismissal will constitute a binding and final resolution
      of any and all claims by any Class Members, as set forth above

17    NCMC and Home 123 will make the distribution of the priority unsecured claims after
      the effective date of the Chapter 11 Plan of Liquidation of NCMC and Home123 on the
      earlier of (a) 10 days after final approval of the settlement if there are no objections filed
      or within 60 days after the final approval of the settlement if there are objections filed,
      but no appeals filed or within 10 days of the resolution of any appeal if an appeal is filed
      and is unsuccessful (the "Final Order"); or (b) 30 days after the effective date of
      NCMC's and Home123's Chapter 11 Plan of Liquidation; or (c) at such earlier time as
      other priority claims are paid  However, the Claims Administrator shall not distribute
      any portion of the Net Priority Claim Amount to the Class Members until the time
      periods in ¶17(a) have expired. NCMC and Home 123 will make the initial distribution
      of the general unsecured claims on the later of (a) the date of the Final Order; or (b) the
      date on which the Debtors make their initial distribution to other holders of allowed
      general unsecured claims under their Plan. It is expressly understood that all other
      distributions on account of the general unsecured claims will be made under the terms
      set forth in the Plan

18.   The parties intend that this Memorandum of Agreement shall be fully enforceable and
      binding upon all parties, and that it shall be admissible and subject to disclosure in any
      proceeding to enforce its terms, notwithstanding the mediation confidentiality provisions
      that otherwise might apply under federal and state law

19    The automatic stay shall be modified upon the effective date of the Bankruptcy Court's approval
      of the Settlement Agreement, solely to allow the Parties to comply with the class action
      settlement procedures set out in Federal Rule of Civil Procedure 23 and to obtain the approval of
      the Settlement Agreement in the United Stated District Court for the Central District of California
      (the "California District Court")  If the California District Court denies approval of the
      settlement, the automatic stay shall remain in full force and effect, subject to Plaintiffs' right to
      renew their motion for relief from the automatic stay upon proper notice

20    The settlement agreement shall be subject to approval of both the Delaware Bankruptcy Court
      and the California District Court.  Plaintiffs shall have the right to terminate this agreement by
      sending a written termination notice within 5 business days of a Termination Option Event to
      Russell C. Silberglied of Richards, Layton & Finger, P A., counsel to the Corporate Defendants in
      their bankruptcy cases  For the purposes of this Paragraph 20, "Termination Option Event" shall
      mean (a) the date upon which any order is entered by the Delaware Bankruptcy Court converting
      the chapter 11 bankruptcy cases of NCMC and Home123 to cases under Chapter 7 of the
      Bankruptcy Code; or (b) the Date upon which the Delaware Bankruptcy Court or the California
      District Court enters an order denying approval of any material term of the Settlement. In the
      event that a Termination Option Event occurs, or Plaintiffs withdraw from the Settlement as
      described in ¶3, or Defendants withdraw from the Settlement as described in ¶9(g); then (i) this
      Agreement and the Settlement shall be considered null and void; (ii) neither this Agreement, the

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21.  Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22.  This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation

By: _____
      Holly Felder Etlin, CEO

Plaintiff Daniel Rubio

By: _____

Defendant New Century Financial Corporation

By: _____
      Holly Felder Etlin, CEO

Plaintiff John Hicks

By: _____

Defendant Home 123 Corporation

By: _____
      Holly Felder Etlin, CEO

Plaintiff John Vizcarra

By: _____

Defendant Carl Vernon

By: _____

Defendant Wallace Hayes

By: _____

Defendant Frank Nese

By: _____

Defendant Steve Cassill

By: _____

Defendant Nicole Haggard

By: _____

W02-WEST:NLM\400734613 2

RLF1-3264251-1

-7 of 6 -

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21.    Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22.    This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation     Plaintiff Daniel Rubio

By: _____            By: _Daniel James Rubio_


Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____
                                                By: _____


Defendant Home 123 Corporation                 Plaintiff David Vizcarra

By: _____            By: _____


Defendant Carl Vernon                          Defendant Wallace Hayes

By: _____            By: _____


Defendant Frank Nese                           Defendant Steve Cassill

By: _____            By: _____


Defendant Nicole Haggard

By: _____

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21.    Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22.    This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation    Plaintiff Daniel Rubio

By: _____    By: _____

Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____    By: _____

Defendant Home 123 Corporation    Plaintiff David Vizcarra

By: _____    By: _____

Defendant Carl Vernon    Defendant Wallace Hayes

By: _____    By: _____

Defendant Frank Nese    Defendant Steve Cassill

By: _____    By: _____

Defendant Nicole Haggard

By: _____

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21. Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22. This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation    Plaintiff Daniel Rubio

By: _____    By: _____


Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____
                                                By: _____


Defendant Home 123 Corporation    Plaintiff David Vizcarra

By: _____    By: _____


Defendant Carl Vernon    Defendant Wallace Hayes

By: _____    By: _____


Defendant Frank Nese    Defendant Steve Cassill

By: _____    By: _____


Defendant Nicole Haggard

By: _____

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21. Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22. This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation     Plaintiff Daniel Rubio

By: _____     By: _____


Defendant New Century Financial Corporation     Plaintiff John Hicks

By: _____     
                                  By: _____


Defendant Home 123 Corporation     Plaintiff John Vizcarra

By: _____     By: _____


Defendant Carl Vernon     Defendant Wallace Hayes

By: _____     By: _Wallace Hayes_____


Defendant Frank Nese     Defendant Steve Cassill

By: _____     By: _____


Defendant Nicole Haggard

By: _____


SHEPPARD, MULLIN, RICHTER &          TRUSH LAW OFFICE

W02-WLST:5EM9\460734613.2                    -7 of 6 -
RLF1-3264251-1

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21. Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22 This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation    Plaintiff Daniel Rubio

By: _____    By: _____


Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____
                                 By: _____


Defendant Home 123 Corporation    Plaintiff John Vizcarra

By: _____    By: _____


Defendant Carl Vernon    Defendant Wallace Hayes

By: _____    By: _____


Defendant Frank Nese    Defendant Steve Cassill

By: _____    By: _____


Defendant Nicole Haggard

By: _____


SHEPPARD, MULLIN, RICHTER &    TRUSH LAW OFFICE

W02-WEST:NLM400734613 2    -7 of 6 -

RLF1-3264251-1

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21.   Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22.   This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation    Plaintiff Daniel Rubio

By: _____    By: _____


Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____

By: _____


Defendant Home 123 Corporation    Plaintiff John Vizcarra

By: _____    By: _____


Defendant Carl Vernon    Defendant Wallace Hayes

By: _____    By: _____


Defendant Frank Nese    Defendant Steve Cassill

By: _____    By: _____


Defendant Nicole Haggard

By: _____


SHEPPARD, MULLIN, RICHTER &    TRUSH LAW OFFICE

W02-WEST:NLM\4007J4613.2    -7 of 6 -

RLF1-3264251-1

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21.   Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22.   This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation     Plaintiff Daniel Rubio

By: _____     By: _____


Defendant New Century Financial Corporation     Plaintiff John Hicks

By: _____

By: _____


Defendant Home 123 Corporation     Plaintiff John Vizcarra

By: _____     By: _____


Defendant Carl Vernon     Defendant Wallace Hayes

By: _____     By: _____


Defendant Frank Nese     Defendant Steve Cassill

By: _____     By: _____

Defendant Nicole Haggard

By: _____


SHEPPARD, MULLIN, RICHTER &     TRUSH LAW OFFICE

Settlement, nor any of the related negotiations or proceedings shall be of any force or effect; (iii) all parties to this Agreement and the Settlement shall stand in the same position without prejudice, as if this Agreement and the Settlement had never been entered into or filed with the Bankruptcy Court or the California District Court.

21. Plaintiffs, on behalf of the Class, shall vote the Class Proof of Claim in favor of the Debtors' Plan or any non-material amendment or modification thereof.

22. This is an "as is" settlement offer, and, except as stated herein and/or in the final settlement agreement, Defendants make no representations or warranties concerning said settlement offer. This settlement agreement consists of 20 paragraphs and 6 pages.

Defendant New Century Mortgage Corporation    Plaintiff Daniel Rubio

By: _____    By: _____


Defendant New Century Financial Corporation    Plaintiff John Hicks

By: _____
    By: _____


Defendant Home 123 Corporation    Plaintiff John Vizcarra

By: _____    By: _____


Defendant Carl Vernon    Defendant Wallace Hayes

By: _____    By: _____


Defendant Frank Nese    Defendant Steve Cassill

By: _____    By: _____

Defendant Nicole Haggard

By: _____


SHEPPARD, MULLIN, RICHTER &    TRUSH LAW OFFICE

W02-WEST:NLM400'34613 2    -7 of 6 -

RLF1-3264251-1

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By _____
Greg S. Labate
Attorneys for Defendant-



TRU SEI LAW OFFICE

By _____
James Leach
Attorneys for Plaintiffs

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

By: _____
Greg S. Labate
Attorneys for Defendants

TRUSH LAW OFFICE

By: 
James Trush
Attorneys for Plaintiffs