UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NEW CENTURY TRS HOLDINGS,** | ) | |
| **INC., a Delaware corporation, <u>et</u> <u>al</u>.** | ) | Case No. 07-10416 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### FEE AUDITOR'S FINAL REPORT REGARDING
### INTERIM FEE APPLICATION OF HOWREY LLP
### <u>FOR THE FIRST INTERIM PERIOD</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Howrey LLP for the First Interim Period</u> (the "Application").

### BACKGROUND

1. Howrey LLP ("Howrey") was retained as special outside counsel to the debtors and debtors-in-possession. In the Application, Howrey seeks approval of fees totaling $122,732.50 and costs totaling $1,548.00 for its services from April 2, 2007 through June 30**,** 2007[1] (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for

---

[1]The First Interim Period is April 2, 2007 through July 31, 2007. However, Howrey's Application only covers the period of April 2, 2007 through June 30, 2007, without explanation of the difference. Thus this report will address the time frame covered by the Application.

**FEE AUDITOR'S FINAL REPORT** - Page 1
nc FR re Howrey 1Q 4-6.07.wpd

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Howrey an initial report based on our review, and received a response from Howrey, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that the time billed in this application was kept in increments of one-quarter hour rather than in tenths of an hour. Pursuant to the Guidelines, Paragraph, II.D.5., "[t]ime entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour. . ." We also noted that the time entries are "lumped" together rather than each specific task separately delineated with the amount of time spent on that particular task. Pursuant to the Guidelines, Paragraph II.D.5., " .... [s]ervices should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; ..."

4. We asked Howrey to provide further explanation as to why time was kept in this manner. In response to our inquiry, Howrey submitted revised time entries which are attached as Response Exhibit 1. We have reviewed the revised time entries and have no objection to these fees.

5. We noted that Howrey's retention order was entered on June 15, 2007 [docket no.1273], nunc pro tunc to April 2, 2007. Further, in reviewing the June 15, 2007 retention order, we note that the second to last paragraph states as follows:

> ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by Howrey after May 31, 2007 in these chapter 11 cases shall not exceed $25,000.00.

We asked Howrey to state the amount of fees requested by Howrey as compensation from June 1 through June 30, 2007 and explain the fee request in light of the above. Howrey responded as

follows.

> .............it is true that the Howrey retention order provides that the aggregate amount of allowed fees incurred by Howrey after May 31, 2007 shall not exceed $25,000, the Committee has agreed to amend that order to provide for a $65,000 fee cap for fees incurred after May 31, 2007.  The most recent fee application submitted by Howrey requested $25,000 for fees incurred between June 1, 2007 and June 30, 2007, even though Howrey had actually incurred $28,075 in fees during that time period.  However, as soon as the Court approves the amendment to Howrey's retention order, Howrey will request the additional $3,075 for fees incurred between June 1, 2007 and June 30, 2007, plus additional amounts incurred since June 30, 2007.
>
> We have reviewed the <u>Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, as Special Outside Counsel to the Debtors Nunc Pro Tunc as of April 2, 2007</u> (the "Retention Order") and note that the next to the last paragraph states:
> ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by Howrey after May 3, 2007 in these chapter 11 cases shall not exceed $25,000.00.

We contacted Mark Indelicato of Hahn & Hessen, LLP ("Hahn & Hessen"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), and requested confirmation of any cap increase agreed to by the Committee for Howrey.  We received an email from Huria Naviwala of Hahn & Hessen on April 4, 2008 which stated:

> "The Committee has agreed by email to Debtors' counsel, Chris Samis, on 2/22/08 to increase Howrey's fee cap to $65.000. "

We appreciate Hahn & Hessen's confirmation of the increase in Howrey's fee cap.

      6.      We noted that there were 2,067 in-house copies produced at the rate of .16 per copy during the Application Period, for a total charge to the estate of $330.72 in expenses.  Pursuant to Local Rule 2016-2(e)(iii), "[t]he motion shall state the requested rate for copying charges (which shall not exceed $.10 per page), ...."  We asked Howrey to explain whether a reduction of $124.02 in expenses is in order.  Howrey responded as follows: "Howrey is agreeable to a $124.02 reduction for copy costs."  We appreciate Howrey's response and recommend a reduction of $124.02 in

**FEE AUDITOR'S FINAL REPORT** - Page 3
nc FR re Howrey 1Q 4-6.07.wpd

expenses.

## CONCLUSION

7.      Thus we recommend approval of fees totaling $122,732.50 and expenses totaling $1,423.98 ($1,548.00 minus $124.02) for Howrey's services from April 2, 2007 through June 30, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1275
Republic Center
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 9th day of April, 2008.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Jan L. Handzlik, Esq.
Michael L. Resch, Esq.
Howrey LLP
550 South Hope Street
Los Angeles, CA 90071

Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Christopher M. Samis, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

**United States Trustee**
Joseph J. McMahon, Jr.
U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

**Counsel to the Debtors**
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Paul N. Heath, Esq.
Christopher M. Samis, Esq.
Richards, Layton & Finger, P.A.
920 N. King St.
One Rodney Square
Wilmington, DE 19801

**Counsel to the Debtors**
Suzzanne Uhland, Esq.
Ben H. Logan, Esq.
Victora A. Newmark, Esq.
Andrew M. Parlen, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

**Counsel to the Debtors**
Shannon Lowry Nagle, Esq.
O'Melveny &Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

**Counsel to the Debtors**
Ivan Lerer Kallick, Esq.
Manatt Phelps & Phillips, LLP
11344 W. Olympic Blvd.
Los Angeles, CA 90064

and

Ellen R. Marshall, Esq.
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626

**Counsel for Crisis Managers**
Laura J. Eisele, Esq.
AlixPartners, LLP
2000 Town Center
Suite 2400
Southfield, MI 48075

**Accounting and Tax Advisor
for the Debtors**
Gary A. Grush
Grant Thornton LLP
18400 Von Karman Ave., Suite 900
Irvine, CA 92612

**Accounting and Tax Advisor
for the Debtors**
Ernst & Young, LLP
Richard Magnuson
Ernst & Young LLP
Dept. 6793
Los Angeles, CA  90084-6793

| | |
|---|---|
| **Accounting and Tax Advisor for the Debtors**<br>Ari Lefkovits, Director<br>Lazard Freres & Co., LLC<br>30 Rockefeller Plaza, 61st Floor<br>New York, NY 10020 | **Counsel to the Examiner**<br>Edward M. Fox, Esq.<br>Kirkpatrick & Lockhart Preston<br>Gates Ellis, LLP<br>599 Lexington Ave.<br>New York, NY 10022 |
| **Accounting and Tax Advisor for the Debtors**<br>Jeffrey R. Boyle, Esq.<br>PricewaterhouseCoopers LLP<br>Two Commerce Square, Ste. 1700<br>2001 Market St.<br>Philadelphia, PA 19103 | **Counsel to the Examiner**<br>Mark Minuti, Esq.<br>Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, DE 19899 |
| **Counsel to the Official Committee of Unsecured Creditors**<br>Bonnie Glantz Fatell, Esq.<br>David W. Carickhoff, Jr., Esq.<br>Blank Rome, LLP<br>1201 Market Street, Ste. 800<br>Wilmington, DE 19801 | **Accountants and Financial Advisor to the Examiner**<br>William K. Lenhart<br>Naushon Vanderhoop<br>BDO Seidman, LLP<br>330 Madison Ave., 10th Floor<br>New York, NY 10017 |
| **Counsel to the Official Committee of Unsecured Creditors**<br>Mark S. Indelicato, Esq.<br>Hahn & Hessen, LLP<br>488 Madison Avenue<br>14th & 15th Floors<br>New York, NY 10022 | **Special Regulatory Counsel for the Debtors**<br>Eric M. Davis, Esq.<br>Kimberly A. LaMaina, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636 |
| **Financial Advisor to the Official Committee of Unsecured Creditors**<br>Samuel Star<br>FTI Consulting, Inc.<br>Three Times Square<br>New York, NY 10036 | **Special Counsel to the Audit Subcommittee**<br>Peter Benvenutti, Esq.<br>Heller Ehrman, LLP<br>333 Bush Street<br>San Francisco, CA 94104 |
| **Examiner**<br>Michael J. Missal, Esq.<br>Kirkpatrick & Lockhart Preston<br>Gates Ellis, LLP<br>1601 K. Street, N.W.<br>Washington, DC 20006-1600 | **Special Outside Counsel to the Debtors**<br>Tara Kowalski<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071-2627 |

**Special Counsel - OCP**
Diana M. Thimmig, Esq.
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center, 9th Floor
Cleveland, OH 44115

**Sheppard, Mullin, Richter & Hampton LLP**
Mette H. Kurth, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

**Special Litigation Counsel to Debtors**
Joshua D. Morse, Esq.
Hennigan Bennett & Domann LLP
865 S. Figueroa Street, Ste. 2900
Los Angeles, CA 90017

**Special Litigation Counsel to Debtors**
Jeffrey Tidus, Esq.
Baute & Tidus LLP
777 S. Figueroa Street, Ste. 4900
Los Angeles, CA 90017