**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NEW CENTURY TRS HOLDINGS,** | ) | |
| **INC., a Delaware corporation, <u>et al.</u>** | ) | Case No. 07-10416 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**INTERIM FEE APPLICATION**
**OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**FOR THE FIRST INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Skadden, Arps, Slate, Meagher & Flom LLP for the First Interim Period</u> (the "Application").

## BACKGROUND

1. Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") was retained as special regulatory counsel to the debtors. In the Application, Skadden seeks approval of fees totaling $239,156.50 and costs totaling $5,339.95 for its services from April 16, 2007[1] through July 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for

---

[1] Skadden's retention was effective as of April 16, 2007.

**FEE AUDITOR'S FINAL REPORT** - Page 1
nc FR re Skadden 1Q 4-7.07.wpd

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Skadden an initial report based on our review, and received a response from Skadden, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report we noted that Skadden's retention order was entered on June 15, 2007 [docket no. 1272], *nunc pro tunc* to April 16, 2007. Furthermore, in reviewing the June 15, 2007 retention order, we note that paragraph 5 states:

> Subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of compensable fees incurred by Skadden, Arps after May 31, 2007 in these chapter 11 cases shall not exceed $230,000.00.

Further, it appears that Skadden has requested $89,832.00 in compensable fees after May 31, 2007 in the Application. We asked Skadden to confirm this amount and further explain the $230,000.00 fee cap agreement referenced above. Skadden's response is provided below:

> For the first interim period after May 31, 2007, Skadden, Arps confirms that it requests fees of $89,832.
>
> With respect to a further explanation regarding the $230,000 fee cap, Skadden, Arps agreed with the Debtors and the Official Committee of Unsecured Creditors (the "Committee") to an initial fee cap on fees in the amount of $230,000. Under the agreement, the fee cap only applies to fees incurred after May 31, 2007 and may be increased by either the agreement of the Committee or by a further order by the Bankruptcy Court. On or about December 21, 2007, the Committee agreed to an increase in the fee cap for Skadden, Arps by $50,000.

Upon receipt of Skadden's response, we contacted Mark Indelicato of Hahn & Hessen, LLP ("Hahn & Hessen"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), and requested confirmation of any cap increase agreed to by the Committee for Skadden. We received

an email from Huria Naviwala of Hahn & Hessen on April 4, 2008 which stated:

> "The Committee has agreed by email to Debtors' counsel, Chris Samis, on 12/21/07 to increase Skadden's fee cap to $280,000."

We appreciate Hahn & Hessen's confirmation of the increase in Skadden's fee cap.

    4.    We noted that during the Application Period, Froehlich ($225), Dorjee ($95), and Murgai ($160) spent 45.20 hours and $9,858.00 performing tasks which appear to be clerical in nature. The time entries are as follows:

| Name | Date | Hours | Description |
|---|---|---|---|
| Froehlich JN | 04/16/07 | 5.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/17/07 | 1.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/18/07 | 4.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/19/07 | 1.80 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/24/07 | 2.20 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/25/07 | 2.60 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/26/07 | 1.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 04/27/07 | 2.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 05/01/07 | 1.00 | ASSEMBLE FOR ATTORNEY REVIEW THE CORRESPONDENCE FROM TN, MD AND MA. |
| Froehlich JN | 05/02/07 | 3.00 | ASSEMBLE FOR ATTORNEY REVIEW THE CORRESPONDENCE FROM TN, MD AND MA. |
| Froehlich JN | 05/22/07 | 5.00 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |

| Froehlich JN | 05/30/07 | 0.50 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| --- | --- | --- | --- |
| Froehlich JN | 05/31/07 | 4.70 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Dorjee T | 05/01/07 | 1.20 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 06/13/07 | 3.50 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 06/20/07 | 2.30 | SCAN AND LOG REGULATORY CORRESPONDENCE INTO DATABASE FOR POTENTIAL DISCLOSURE. |
| Froehlich JN | 07/06/07 | 2.00 | INDEX/CHRON CORRESPONDENCE. |
| Murgai P | 07/09/07 | 1.30 | ASSEMBLE FOR ATTORNEY REVIEW THE APPRAISERS AND TITLE SPREADSHEETS (1.0); MAINTAIN FILES FOR NCDC 001-000483 TO NDC 001-000494 (.3). |
| Murgai P | 07/11/07 | 0.70 | ASSEMBLE FOR ATTORNEY REVIEW THE CORRESPONDENCE (.2); . . . |
| Murgai P | 07/16/07 | 0.20 | ASSEMBLE FOR ATTORNEY REVIEW THE 7/12 AND 7/13 TRANSMITTAL LETTERS. |
| Murgai P | 07/20/07 | 0.70 | MAINTAIN FILES FOR NEW CENTURY PRODUCTIONS. |

We recommend that clerical tasks be billed at no more than $80.00 per hour. In *re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 855 n.34 (3rd Cir. 1994)*, the Court stated that "the statute [11 U.S.C. 330] plainly specifies that the type of service performed by a paralegal (including whether it is clerical) affects the rate of compensation, not compensability vel non." *Busy Beaver at 849.* Further, on the issue of adjusting rates downward for certain tasks, the Third Circuit seems fond, in the bankruptcy context, of quoting its opinion in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's

barn." *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 260 (3rd Cir. 1995); *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 n.34 (3rd Cir. 1994). *Busy Beaver*, in footnote 34 on page 855, lists 15 cases in support of the statement "[w]hen an experienced attorney does clerk's work, he or she should be paid clerk's wages." We asked Skadden to review these time entries and explain why a reduction in hourly rate(s) is not warranted. Skadden responded as follows:

> The services identified in the Report at paragraph 4 are not clerical services. Rather, the services are necessary services for the regulatory work performed for New Century. The services are for maintaining a database of New Century documents for review by Skadden, Arps professionals and production/disclosure to regulators or other third parties, where needed. The Report identifies other necessary related activities such as updating document production logs and finalizing production letters.
>
> It is more efficient and economical for a paraprofessional, rather than an attorney, to perform the needed services. Paraprofessionals are trained to provide the services and are familiar with case issues, thereby allowing for efficient review and proper coding and maintenance of documents. The majority of services identified in the Report were performed by the primary paraprofessional on these cases. The delegation of these services primarily to one paraprofessional reflects an effort to utilize efficient case management practices.
>
> The hourly rates charged for the services are the usual and customary hourly rates charged by the Firm in matters typical of the New Century cases. Such rates are commensurate with the hourly rates of other paraprofessionals employed by the Firm.
>
> Accordingly, Skadden, Arps respectfully submits that the services are fully compensable and at the rates charged.

We appreciate Skadden's response. However, we respectfully disagree that maintaining a database and assembling correspondence requires the acumen of a paralegal, especially at their full hourly rate. We recommend a reduction of the billing rate of the three timekeepers, to $80.00 per hour for the time entries referenced above. Thus, we recommend a reduction of $6,242.00 in fees.

     5.     We noted that during the Application Period, several professionals spent a total of 7.10 hours and total fees of $2,247.50 on firm conflict checks:

| | | | |
|---|---|---|---|
| Davis EM | 05/01/07 | 2.10 | . . .; READ AND ANALYZE DISCLOSURE OF CONFLICTS PER EMAIL RESPONSES AND NEED TO ADD TO DECLARATION (.9). |
| Morton LS | 04/16/07 | 3.30 | ASSIST ATTORNEY WITH CONFLICT CHECK RE: REVIEW VARIOUS LIST OF DEBTORS (2.7); DISCUSSION AND MEETING WITH ATTORNEY RE: SAME (.6). |
| Morton LS | 04/27/07 | 2.90 | REVISE CONFLICTS LIST WITH ADDITIONAL PARTIES RE: 2002 LIST (2.9). |

Ordinarily, time spent performing the initial conflicts check required as a condition of a firm's employment is not compensable. See *In re ACT Manufacturing, Inc.*, 281 B.R. 468, 490 (Bankr.D.Mass. 2002); *In re Sterling Chemicals Holdings, Inc.*, 293 B.R. 701, 704 (Bankr. S.D.Tex. 2003). Such preliminary conflict checks do not benefit the estate. We asked Skadden to review these time entries and explain why an exception should be made for these fees. Skadden responded as follows:

> The conflicts work performed by Skadden, Arps was not an initial conflicts check. Skadden, Arps has been employed by New Century since 2003. The services performed were in connection with being retained in the bankruptcy cases, including the drafting and presentation of the application and supporting declaration. The services were necessary to comply with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.
>
> Accordingly, Skadden, Arps respectfully submits that the services are fully compensable.

We appreciate Skadden's response and have no objection to these fees.

## CONCLUSION

6.     Thus we recommend approval of fees totaling $232,914.50 ($239,156.50 minus $6,242.00) and expenses totaling $5,339.95 for Skadden's services from April 16, 2007 through July 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1275
Republic Center
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 10th day of April, 2008.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Eric M. Davis, Esq.
Kimberly A. LaMaina, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

**United States Trustee**
Joseph J. McMahon, Jr.
U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

**Counsel to the Debtors**
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Paul N. Heath, Esq.
Chris M. Samis, Esq.
Richards, Layton & Finger, P.A.
920 N. King St.
One Rodney Square
Wilmington, DE 19801

**Counsel to the Debtors**
Suzzanne Uhland, Esq.
Ben H. Logan, Esq.
Victora A. Newmark, Esq.
Andrew M. Parlen, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

**Counsel to the Debtors**
Shannon Lowry Nagle, Esq.
O'Melveny &Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

**Counsel to the Debtors**
Ivan Lerer Kallick, Esq.
Manatt Phelps & Phillips, LLP
11344 W. Olympic Blvd.
Los Angeles, CA 90064

**Counsel for Crisis Managers**
Sheldon S. Toll, Esq.
Attorneys for AP Services, LLC
2000 Town Center, Suite 2550
Southfield, MI 48075

**Accounting and Tax Advisor for the Debtors**
Gary A. Grush
Grant Thornton LLP
18400 Von Karman Ave., Suite 900
Irvine, CA 92612

**Accounting and Tax Advisor for the Debtors**
Ari Lefkovits, Director
Lazard Freres & Co., LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020

**Accounting and Tax Advisor for the Debtors**
Jeffrey R. Boyle, Esq.
PricewaterhouseCoopers LLP
Two Commerce Square, Ste. 1700
2001 Market St.
Philadelphia, PA 19103

| | |
|---|---|
| **Counsel to the Official Committee of Unsecured Creditors**<br>Bonnie Glantz Fatell, Esq.<br>David W. Carickhoff, Jr., Esq.<br>Blank Rome, LLP<br>1201 Market Street, Ste. 800<br>Wilmington, DE 19801 | **Accountants and Financial Advisor to the Examiner**<br>William K. Lenhart<br>Naushon Vanderhoop<br>BDO Seidman, LLP<br>330 Madison Ave., 10th Floor<br>New York, NY 10017 |
| **Counsel to the Official Committee of Unsecured Creditors**<br>Mark S. Indelicato, Esq.<br>Hahn & Hessen, LLP<br>488 Madison Avenue<br>14th & 15th Floors<br>New York, NY 10022 | **Special Counsel to the Audit Subcommittee**<br>Peter Benvenutti, Esq.<br>Heller Ehrman, LLP<br>333 Bush Street<br>San Francisco, CA 94104 |
| **Financial Advisor to the Official Committee of Unsecured Creditors**<br>Samuel Star<br>FTI Consulting, Inc.<br>Three Times Square<br>New York, NY 10036 | **Special Counsel - OCP**<br>Diana M. Thimmig, Esq.<br>Roetzel & Andress<br>1375 East Ninth Street<br>One Cleveland Center, 9th Floor<br>Cleveland, OH 44115 |
| **Examiner**<br>Michael J. Missal, Esq.<br>Kirkpatrick & Lockhart Preston Gates Ellis, LLP<br>1601 K. Street, N.W.<br>Washington, DC 20006-1600 | **Sheppard, Mullin, Richter & Hampton LLP**<br>Mette H. Kurth, Esq.<br>Sheppard, Mullin, Richter & Hampton LLP<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448 |
| **Counsel to the Examiner**<br>Edward M. Fox, Esq.<br>Kirkpatrick & Lockhart Preston Gates Ellis, LLP<br>599 Lexington Ave.<br>New York, NY 10022 | **Special Litigation Counsel to Debtors**<br>Jeffrey Tidus, Esq.<br>Baute & Tidus LLP<br>777 S. Figueroa Street, Ste. 4900<br>Los Angeles, CA 90017 |
| **Counsel to the Examiner**<br>Mark Minuti, Esq.<br>Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, DE 19899 | |