## EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :   **Chapter 11** |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | :   **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | :   **Jointly Administered** |
| | : |
| Debtors. | :   Re: Docket No. 5396 |

### STIPULATION BETWEEN DEBTORS AND WELLS FARGO BANK N.A. ESTABLISHING THE AMOUNT OF EPD BREACH CLAIM(S) FOR VOTING PURPOSES

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century

Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings,

Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and

indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the

"Debtors"), filed petitions for relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy

Court for the District of Delaware (the "Court"); and

WHEREAS, WELLS FARGO BANK N.A., as trustee, paying agent,

registrar, and transfer agent in connection with certain mortgage loan securitization trusts

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

(the "EPD/Breach Claimant") filed the proofs of claim listed in Exhibit A hereto which are classified in Class OP3b or Class OP6b (the "EPD/Breach Claims") set forth in the *First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated as of March 18, 2008* (the "Plan"); and

WHEREAS, on March 18, 2008, the Court entered its *Order (A) Approving the Disclosure Statement Regarding First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008 (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Liquidation and (C) Scheduling a Hearing on Confirmation of Joint Plan of Liquidation and Approving Related Notice Procedures* [Docket No. 5396] (the "Solicitation Procedures Order"); and

WHEREAS, pursuant to the EPD/Breach Claim Tabulation Rules[2] set forth in paragraph 6 of the Solicitation Procedures Order, the Solicitation Packages mailed to the EPD/Breach Claimant contained EPD/Breach Claim Voting Notices that informed the EPD/Breach Claimant of the amounts calculated by the Debtors pursuant to the EPD/Breach Tabulation Rules for the EPD/Breach Claims for purposes of voting on the Plan (the "Voting Amounts"); and

WHEREAS, the EPD/Breach Claim Tabulation Rules also provide that to the extent that the EPD/Breach Claimant disagrees with the Voting Amounts as set forth in the EPD/Breach Claim Voting Notices, the EPD/Breach Claimant could file an objection with the Court on or before April 11, 2008 at 4:00 p.m. (EDT) and that the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Procedures Order.

2

amounts of any such EPD/Breach Claims for voting purposes would be set either by a stipulation between the Debtors and the EPD/Breach Claimant or at a hearing to be held on April 16, 2008 at 10:00 a.m. (EDT); and

WHEREAS, a dispute as to the Voting Amounts arose between the EPD/Breach Claimant and the Debtors; and

WHEREAS, after good faith negotiations, the Debtors and the EPD/Breach Claimant have reached a resolution regarding the Voting Amounts.

NOW, THEREFORE, in consideration of the foregoing, the Debtors and the EPD/Breach Claimant hereby agree and stipulate as follows:

1.     The Voting Amounts of the EPD/Breach Claims listed on Exhibit A hereto are hereby allowed, for purposes of voting on the Plan, in the amounts and in the Classes set forth on Exhibit A (the "Agreed Voting Amounts and Classes").

2.     The Agreed Voting Amounts and Classes are for voting purposes only and are without prejudice to the rights of the Debtors, the Official Committee of Unsecured Creditors or the EPD/Breach Claimant to assert different amounts and different Classes for other purposes, including allowance and distribution, and nothing in this Stipulation will be admissible with respect to, or have any effect on, the amounts or Classes of the EPD/Breach Claims for allowance and distribution purposes.

3.     This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

3

4.      This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

5.      The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

4

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of

this 11th day of April, 2008.

J.R. Smith (Va. Bar No. 41913)
Jason W. Harbour (DE Bar No. 4176,
Va. Bar No. 68220)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
(804) 788-8200


ATTORNEYS FOR WELLS FARGO BANK
N.A.

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071(213)430-6000
ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

5

## EXHIBIT A

| Claim Number | Debtor | Class | Voting Amount |
|---|---|---|---|
| 2908 | NC Mortgage Corporation | OP3B | $ 7,748.00 |
| 2910 | NC Capital Corporation | OP6B | $ 7,748.00 |
| 2911 | NC Capital Corporation | OP6B | $ 1,803,538.00 |
| 2914 | NC Mortgage Corporation | OP3B | $ 5,000.00 |
| 2926 | NC Capital Corporation | OP6B | $ 4,218,905.00 |
| 2928 | NC Capital Corporation | OP6B | $ 5,366,829.00 |
| 2930 | NC Capital Corporation | OP6B | $ 5,311,617.00 |
| 2931 | NC Capital Corporation | OP6B | $ 2,422,223.00 |
| 2934 | NC Capital Corporation | OP6B | $ 3,044,756.00 |
| 2937 | NC Mortgage Corporation | OP3B | $ 5,000.00 |
| 3632 | NC Capital Corporation | OP6B | $ 2,764,242.00 |
| 3633 | NC Capital Corporation | OP6B | $ 26,943.00 |
| 3634 | NC Capital Corporation | OP6B | $ 2,291,056.00 |
| 3635 | NC Mortgage Corporation | OP3B | $ 1,472,547.00 |

RLF1-3270340-1
LA3:1146545.2