# EXHIBIT 1

RLF1-3272364-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket Nos. 3926 and 4042 |

**STIPULATION BETWEEN DEBTORS AND TAX APPRAISAL DISTRICT OF BELL COUNTY, COUNTY OF DENTON, WYLIE INDEPENDENT SCHOOL DISTRICT, COUNTY OF HAYS, COUNTY OF BRAZOS, MEXIA INDEPENDENT SCHOOL DISTRICT AND COUNTY OF WILLIAMSON RESOLVING THE DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS AND ESTABLISHING THE TREATMENT OF CLAIM NOS. 457, 471, 472, 473, 3784, 3785, 3786, 3787, 3788 AND 3789**

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

RLF1-3267710-1

"Debtors")[2], filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, On June 28, 2007, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof* [Docket No. 1721], whereby, among other things, the Court established August 31, 2007 as the deadline for filing prepetition claims against the Debtors, except for claims held by Governmental Units as that term is defined under section 101(27) of the Bankruptcy Code; and

WHEREAS, Tax Appraisal District of Bell County, County of Denton, Wylie Independent School District, County of Hays, County of Brazos, Mexia Independent School District, and County of Williamson (collectively, the "Taxing Authorities") filed proofs of claim[3] relating to amounts allegedly due and owing for property taxes for the tax years 2005-2007 due on property titled in the names of the Debtors; and

WHEREAS, on November 20, 2007, the Debtors filed the *Debtors' Fifth Omnibus Objection Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Books and*

---

[2] New Century Warehouse Corporation ("NC Warehouse"), a California Corporation that is a wholly-owned subsidiary of New Century TRS, filed its chapter 11 petition on August 3, 2007, rather than on April 2, 2007 with the other Debtors. The deadline for filing prepetition claims against New Century Warehouse, other than claims held by "Governmental Units" as such term is defined under section 101(27) of the Bankruptcy Code, was December 14, 2007.

[3] The Proofs of Claims were filed in the following amounts and priorities: Tax Appraisal District of Bell County (Original Claim No. 471 $8,898.71/Amended Claim No. 3784, $3,214.08 Secured), County of Denton (Original Claim No. 472 $15,200.30/Amended Claim No. 3785, $3,574.87 Secured), Wylie Independent School District (Original Claim No. 3786, $9,366.43 Secured), County of Hays (Original Claim No. 3789, $1,531.68 Secured), County of Brazos (Original Claim No. 3787, $2,637.37 Secured), Mexia Independent School District (Original Claim No. 457 $2,998.73 Secured) and County of Williamson (Original Claim No. 473 $15,238.21/Amended Claim No. 3788, $9,362.84 Secured).

*Records Claims; and (II) Reduced and/or Reclassified Claims* [Docket No. 3926] (the "Fifth Omnibus Objection"), whereby the Debtors, among other things, objected to Claims No. 457, 471, 472, and 473, on the basis that the claims were not supported by the Debtors' books and records; and

WHEREAS, the Taxing Authorities have formally responded to the relief requested in the Fifth Omnibus Objection by filing the *Response to Debtors' Fifth Omnibus Objection to Certain Tax Claims (Tax Claims 457, 471, 472, 473)* [Docket No. 4042]; and

WHEREAS, the Debtors and the Taxing Authorities have continued the hearing on the Fifth Omnibus Objection, as it relates to the Taxing Authorities in an effort to allow the parties an opportunity to pursue settlement negotiations relating to the Fifth Omnibus Objection and the ultimate treatment of Claims No. 457, 471, 472, and 473; and

WHEREAS, after extensive negotiations between the parties, the Debtors and the Taxing Authorities have reached a resolution regarding the Fifth Omnibus Objection and the treatment of Claims No. 457, 471, 472, and 473, as well as those additional claims and jurisdictions reflected in footnote 3; and

WHEREAS, these tax jurisdictions do not assert any personal property taxes; and

WHEREAS, portions of Claims No. 457, 471, 472, and 473, as well as those additional claims and jurisdictions reflected in footnote 3, are predicated on real property taxes; and

WHEREAS, the Debtors have no current interest in the real properties that are the subject of Claims No. 457, 471, 472, and 473 as well as those additional claims and jurisdictions reflected in footnote 3, other than bare legal title; and

WHEREAS, the Debtors hereby disclaim any and all interest in the real properties that are the subject of Claims No. 457, 471, 472, and 473 as well as those additional claims and jurisdictions reflected in footnote 3; and

NOW, THEREFORE, in consideration of the foregoing, and subject to the Court's approval of this Stipulation, the Debtors and the Taxing Authorities hereby agree and stipulate as follows:

1. The Taxing Authorities shall be granted relief from the automatic stay imposed by § 362 of the Bankruptcy Code to the extent necessary to pursue any legal remedy available, including state foreclosure proceedings, to collect real property taxes that remain due and owing to the Taxing Authorities on account of properties that are the subject of subject of Claim Nos. 471, 472, 457 and 473 as well as those additional claims and jurisdictions reflected in footnote 3.

2. Except as otherwise set forth in this Stipulation, in consideration of the commitments made herein, as to the properties referred to in Claims Nos. 457, 471, 472, and 473 as well as those additional claims and jurisdictions reflected in footnote 3; the Taxing Authorities agree to completely release and forever discharge the Debtors from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or

state law and whether for damages (either compensatory, exemplary or aggravated) or equitable relief, which the Taxing Authorities have or may have against the Debtors, other than naming the debtors "in rem only" in any lawsuit for the collection of taxes on any property as to which the deed records reflect the debtor as the legal title holder.

    3.   In consideration of the commitments made herein, the Debtors hereby agree to completely release and forever discharge the Taxing Authorities from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or state law and whether for damages (either compensatory, exemplary or aggravated) or equitable relief, which the Debtors have or may have against the Taxing Authorities and hereby disclaim and abandon any interest in the properties identified in the above referenced claims.

    4.   This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of the Court.

    5.   No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

      a.   This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

RLF1-3267710-1

b. The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of this __11__ day of April, 2008.

/s/ Michael Reed
Michael Reed
MCCREARY, VESELKA, BRAGG AND ALLEN, P.C.
P.O. Box 1269
Round Rock, Texas 78665
(512) 323-2300

ATTORNEYS FOR TAXING AUTHORITIES

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

## EXHIBIT A

RLF1-3272364-1