UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NEW CENTURY TRS HOLDINGS,** | ) | |
| **INC., a Delaware corporation, <u>et</u> <u>al</u>.** | ) | Case No. 07-10416 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### FEE AUDITOR'S FINAL REPORT REGARDING INTERIM FEE APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP FOR THE FIRST INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Sheppard, Mullin, Richter & Hampton, LLP for the First Interim Period</u> (the "Application").

### BACKGROUND

1. Sheppard, Mullin, Richter & Hampton, LLP ("Sheppard") was retained as special corporate and litigation counsel to the debtors. In the Application, Sheppard seeks approval of fees totaling $158,893.23 and costs totaling $2,107.43 for its services from April 2, 2007 through July 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Sheppard an initial report based on our review, and received a response from Sheppard, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report we noted that the amount of $5,534.50 is set forth as fees for July 1, 2007 through July 31, 2007 in the interim fee application. However, we further noted that the monthly fee application for this time frame states the fee amount as $5,344.50. We asked Sheppard to confirm the correct amount of fees requested for July 1, 2007 through July 31, 2007. Sheppard responded as follows:

> The Report noted that there was a discrepancy between the amount of $5,534.50 set forth as fees for the July 1, 2007 through July 31, 2007 in the interim fee application, and the amount of $5,344.50 set forth in the monthly fee application. The correct amount is $5,344.50. The other amount listed was a typographical error.

We appreciate Sheppard's response and further note that the total amount of fees for the Application Period was calculated correctly.

4. We noted that Sheppard's retention order was entered on June 15, 2007 [docket no. 1270], *nunc pro tunc* to April 2, 2007. Further, in reviewing the June 15, 2007 retention order, we note that the last paragraph states:

> ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by SMRH after May 31, 2007 in these chapter 11 cases shall not exceed $35,000.00, not inclusive of a separate monthly fee amount not to exceed $2,500.00 allowed in connection with services related to general corporate matters.

We asked Sheppard to explain the amount of fees requested as compensation for the Application Period in light of the above. Sheppard responded as follows:

> The total amount requested for compensation for the period from April 2, 2007 through July 31, 2007 (the "First Interim Period) was $158,893.23 in fees and $2,107.43 for costs. As noted by the fee auditors, the retention order provided that

> "the allowed fees incurred by SMRH after May 31, 2007… shall not exceed $35,000, not inclusive of a separate monthly fee amount not to exceed $2,500.00 allowed in connection with services related to general corporate matters." SMRH did not exceed the fee cap in the First Interim Period. The First Interim Period only covers two months in which SMRH was subject to the cap: June and July. The total fees requested by SMRH for June and July is $11,051.30.[1] The remaining fees were all incurred prior to the effective date of the fee cap.[2]

We appreciate Sheppard's response. We note that the footnote to the response references an increase in the cap. For convenience the footnote is provided below:

> " Pursuant to the order authorizing employment of Sheppard, the fee cap can be raised subject to the agreement of the Official Committee of Unsecured Creditors or by further order of the Court. The debtor has requested additional work from Sheppard beyond the scope of what was initially provided for in the order authorizing Sheppard's employment, and accordingly Sheppard is in the process of requesting that the Committee agree to a corresponding increase of the fee cap."

We further note that an <u>Amended Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Sheppard, Mullin, Richter & Hampton LLP, As Special Corporate and Litigation Counsel to the Debtors *Nunc Pro Tunc* As of April 2, 2007</u>, was entered April 2, 2008 [docket no. 5642], and states as follows:

> ORDERED that, subject to the agreement of the Official Committee of Unsecured Creditors or a further order of this Court, the aggregate amount of allowed fees incurred by SMRH after May 31, 2007 in these chapter 11 cases shall not exceed $100,000.00, not inclusive of a separate monthly fee amount not to exceed $2,500.00 allowed in connection with services related to general corporate matters.

---

[1] The total fees requested for June by Sheppard is $5,706.80. The total fees requested for July by Sheppard is $5,344.50.

[2] Pursuant to the order authorizing employment of Sheppard, the fee cap can be raised subject to the agreement of the Official Committee of Unsecured Creditors or by further order of the Court. The debtor has requested additional work from Sheppard beyond the scope of what was initially provided for in the order authorizing Sheppard's employment, and accordingly Sheppard is in the process of requesting that the Committee agree to a corresponding increase of the fee cap.

Finally, regarding the separate monthly fee cap of $2,500.00 relating to "general corporate matters", Sheppard did not bill any time to this category during the Application Period.

     5.     We noted that during the Application Period, 0.50 hours and $112.50 were spent performing tasks which appear to be clerical in nature. The time entry is as follows:

04/30/07     Received correspondence from attorneys re status of Interested Parties cases and updated index.

     Gail H. Reinig     .50 hrs     $225.00/hr     $112.50

We recommend that clerical tasks be billed at no more than $80.00 per hour. In *re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 855 n.34 (3rd Cir. 1994)*, the Court stated that "the statute [11 U.S.C. 330] plainly specifies that the type of service performed by a paralegal (including whether it is clerical) affects the rate of compensation, not compensability vel non." *Busy Beaver at 849*. Further, on the issue of adjusting rates downward for certain tasks, the Third Circuit seems fond, in the bankruptcy context, of quoting its opinion in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 260 (3rd Cir. 1995); *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 n.34 (3rd Cir. 1994). *Busy Beaver*, in footnote 34 on page 855, lists 15 cases in support of the statement "[w]hen an experienced attorney does clerk's work, he or she should be paid clerk's wages." We asked Sheppard to review this time entry and explain why a reduction in hourly rate(s) is not warranted. Sheppard responded as follows:

> The Report noted that .50 hours and $112.50 were spent on tasks which appeared to be clerical in nature, and further recommended that clerical tasks be billed at no more than $80.00 per hour. SMRH has no objection to a reduction of this amount to reflect the fee auditor's recommendations, thus reducing the payment for this entry from $112.50 to $40.00.

We appreciate Sheppard's response and recommend a reduction of $72.50 in fees.

**FEE AUDITOR'S FINAL REPORT** - Page 4
nc FR re Sheppard Revision 2 1Q 4-7.07.wpd

6. We noted that the monthly fee application dated April 2, 2007 through June 30, 2007, sets forth the internal duplication rate as $0.25 per page. We further note that $475.30 was charged to the estate in this time frame. Pursuant to Local Rule 2016-2(e)(iii), "[t]he motion shall state the requested rate for copying charges (which shall not exceed $.10 per page), ...." We asked Sheppard to state the number of copies made during this time frame and whether the estate was charged $0.25 per page. Sheppard responded as follows:

> The Report requested that SMRH provide the exact number of copies made. The total number of copies was 4,753, all of which were billed to the estate at $0.10 per page, despite the monthly fee application individually listing the internal duplication rate as $0.25 per page. Thus, 4,753 x $0.10 = $475.30 in total duplication costs for the First Interim Period. The debtor has been charged at a rate of $0.10 per copy since 2007.

We appreciate Sheppard's response and have no objection to these expenses.

**CONCLUSION**

7. Thus we recommend approval of fees totaling $158,820.73 ($158,893.23 minus $72.50) and expenses totaling $2,107.43 for Sheppard's services from April 2, 2007 through July 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1275
Republic Center
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 14th day of April, 2008.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Mette H. Kurth, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

**United States Trustee**
Joseph J. McMahon, Jr.
U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

**Counsel to the Debtors**
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Paul N. Heath, Esq.
Chris M. Samis, Esq.
Richards, Layton & Finger, P.A.
920 N. King St.
One Rodney Square
Wilmington, DE 19801

**Counsel to the Debtors**
Suzzanne Uhland, Esq.
Ben H. Logan, Esq.
Victora A. Newmark, Esq.
Andrew M. Parlen, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

**Counsel to the Debtors**
Joshua D. Morse, Esq.
Hennigan, Bennett & Dorman, LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017

**Counsel to the Debtors**
Shannon Lowry Nagle, Esq.
O'Melveny &Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

**Counsel to the Debtors**
Ivan Lerer Kallick, Esq.
Manatt Phelps & Phillips, LLP
11344 W. Olympic Blvd.
Los Angeles, CA 90064

**Counsel for Crisis Managers**
Sheldon S. Toll, Esq.
Attorneys for AP Services, LLC
2000 Town Center, Suite 2550
Southfield, MI 48075

**Accounting and Tax Advisor for the Debtors**
Gary A. Grush
Grant Thornton LLP
18400 Von Karman Ave., Suite 900
Irvine, CA 92612

**Accounting and Tax Advisor for the Debtors**
Ari Lefkovits, Director
Lazard Freres & Co., LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020

**Accounting and Tax Advisor for the Debtors**
Jeffrey R. Boyle, Esq.
PricewaterhouseCoopers LLP
Two Commerce Square, Ste. 1700
2001 Market St.
Philadelphia, PA 19103

**Counsel to the Official Committee of Unsecured Creditors**
Bonnie Glantz Fatell, Esq.
David W. Carickhoff, Jr., Esq.
Blank Rome, LLP
1201 Market Street, Ste. 800
Wilmington, DE 19801

**Counsel to the Official Committee of Unsecured Creditors**
Mark S. Indelicato, Esq.
Hahn & Hessen, LLP
488 Madison Avenue
14th & 15th Floors
New York, NY 10022

**Financial Advisor to the Official Committee of Unsecured Creditors**
Samuel Star
FTI Consulting, Inc.
Three Times Square
New York, NY 10036

**Examiner**
Michael J. Missal, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
1601 K. Street, N.W.
Washington, DC 20006-1600

**Counsel to the Examiner**
Edward M. Fox, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
599 Lexington Ave.
New York, NY 10022

**Counsel to the Examiner**
Mark Minuti, Esq.
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

**Accountants and Financial Advisor to the Examiner**
William K. Lenhart
Naushon Vanderhoop
BDO Seidman, LLP
330 Madison Ave., 10th Floor
New York, NY 10017

**Special Regulatory Counsel for the Debtors**
Eric M. Davis, Esq.
Kimberly A. LaMaina, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

**Special Counsel to the Audit Subcommittee**
Peter Benvenutti, Esq.
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104

**Special Counsel - OCP**
Diana M. Thimmig, Esq.
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center, 9th Floor
Cleveland, OH 44115

**Special Litigation Counsel to Debtors**
Jeffrey Tidus, Esq.
Baute & Tidus LLP
777 S. Figueroa Street, Ste. 4900
Los Angeles, CA 90017