# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

## ORDER APPROVING STIPULATION REGARDING PROOF OF CLAIM NO. 1449 FILED BY CSHV DENVER TECH CENTER, LLC

The Court having considered the *Stipulation Between Debtors and CSHV Denver Tech Center, LLC Regarding Proof of Claim No. 1449* (the "Stipulation") attached hereto as Exhibit A; the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice of the Stipulation must be given;

**IT IS HEREBY ORDERED** that the Stipulation is approved.

Dated: _____, 2008
Wilmington, Delaware

                                               THE HONORABLE KEVIN J. CAREY
                                               UNITED STATES BANKRUPTCY JUDGE

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Related Docket No. 5023 |

## STIPULATION REGARDING PROOF OF CLAIM NO. 1449 FILED BY CSHV DENVER TECH CENTER, LLC

This Stipulation (the "Stipulation") is entered into by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and CSHV Denver Tech Center, LLC ("CSHV" and together with the Debtors, the "Parties"), by and through their respective counsel, based on the following facts:

1. On April 2, 2007, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. By Office Lease Agreement dated November 13, 2002 (as modified and amended by First Amendment dated April 17, 2003 and Second Amendment dated July 30, 2003, the "Lease"), between successor-landlord CSHV and successor-tenant Home123 Corporation, debtor Home123 Corporation ("Home123") leased commercial premises in the building located at 5445 DTC Parkway, Greenwood Village, Colorado, for a term expiring October 31, 2008.

3. On June 20, 2007, the Debtors filed and served a Notice of Rejection of Unexpired Lease of Non-Residential Real Property, rejecting the Lease effective as of June 30, 2007.

4. On July 31, 2007, CSHV filed a Proof of Claim against Home123 in the total amount of $318,924.32, which was designated as Claim No. 1449 by the Debtors' claims agent (the "CSHV Claim"). $291,371.04 of the CSHV Claim relates to CSHV's damages with respect to the Debtors' rejection of the Lease. The remaining, secured portion of the CSHV Claim is asserted in the amount of $27,553.28 with respect to the security deposit (the "Security Deposit") which CSHV holds as security for the performance of the Debtors' obligations under the Lease.

5. On February 22, 2008, the Debtors filed the Fourteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Equity Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [Docket No. 5023] (the "Fourteenth Omnibus Claim Objection"). Pursuant to the Fourteenth Omnibus Claim Objection, the Debtors sought entry of an Order reducing the amount of the CSHV Claim in accordance with the Debtors' books and records to an unsecured claim in the amount of $190,975.00, which the Debtors allege is the remaining amount of the Debtors' obligations related to the lease.

6. The Parties have negotiated a resolution of this dispute and have agreed that CSHV may keep and apply the Security Deposit to the amounts due and owing under the Lease. Further, CSHV has agreed to reduce the unsecured rejection damages portion of the CSHV Claim.

NOW, THEREFORE, the signatories, on behalf of the Debtors and CSHV, intending to be legally bound upon the joint execution of this Stipulation, agree as follows:

2

1. The CSHV Claim is hereby allowed as a general unsecured claim in the amount of $190,975.00 (the "Allowed Claim").

2. In addition to the Allowed Claim, CSHV is authorized to immediately apply the amount of the Security Deposit to those amounts it is due and owing under the Lease.

3. Other than the remaining outstanding claim allowed by paragraph 1 of this Order, this Stipulation effectuates a full and final satisfaction of any and all claims related to or arising from the Lease.

4. This Stipulation may be executed in counterparts, all of which taken together shall constitute one and the same instrument.

5. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

6. This Stipulation is subject to the approval of the Bankruptcy Court.

7. This Stipulation constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the parties, written or oral, to the extent they relate in any way to the subject matter hereof.

Dated: April 14, 2008

| | |
|---|---|
| GREENBERG TRAURIG, LLP | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ Victoria W. Counihan | *[signature]* |
| Victoria W. Counihan (Bar No. 3488) | Mark Collins (Bar No. 2981) |
| Sandra G. M. Selzer (Bar No. 4283) | Michael J. Merchant (Bar No. 3458) |
| The Nemours Building | Christopher M. Samis (Bar No. 4909) |
| 1007 North Orange Street, Suite 1200 | One Rodney Square |
| Wilmington, Delaware 19801 | 920 North King Street |
| (302) 661-7000 | Wilmington, Delaware 19801 |
| | (302) 651-7700 |
| -and- | -and- |
| Daniel Ansell, Esq. | Suzanne S. Uhland, Esq. |
| Kenneth Philbin, Esq. | Emily R. Culler, Esq. |
| Greenberg Traurig, LLP | Ana Acevedo, Esq. |
| 200 Park Avenue | O'Melveny & Myers LLP |
| New York, New York 10166 | 275 Battery Street |
| (212) 801-9200 | San Francisco, California 94111 |
| | (415) 984-8700 |
| Attorneys for CSHV Denver Tech Center, LLC | Attorneys for the Debtors and Debtors-in-Possession |

4