**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

## ORDER GRANTING STIPULATION BETWEEN
## GMAC CF AND DEBTORS TEMPORARILY VALUING
## GENERAL UNSECURED CLAIM FOR VOTING PURPOSES

AND NOW, upon consideration of the *Stipulation Between GMAC CF and Debtors Temporarily Valuing General Unsecured Claim for Voting Purposes*, attached hereto as Exhibit "A" (the "Stipulation"); and after due deliberation; and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. Claim numbers 2341, 2358, and 2340 are is hereby temporarily valued in the amount of $6,700,000.00 as a general unsecured claim against the estate of debtors New Century Financial Corporation, New Century Mortgage Corporation, and New Century TRS Holdings, Inc. for voting purposes only.

3. Temporary valuation of claim numbers 2341, 2358 and 2340 for voting purposes shall not affect (a) the right of the Debtors or other parties-in-interest to object to the GMAC CF Claims in the future, and (b) the valuation of the GMAC CF Claims for the purposes of distribution from the estates of the Debtors or any other purpose.

    4. No later than three (3) business days after the date of this order, the Debtors are directed to serve a copy of the order on all parties upon all whom are entitled to notice and are directed to file a certificate of service no later than two (2) business days after service.

Dated: _____, 2008
      Wilmington, Delaware

 

                        _____
                        THE HONORABLE KEVIN J. CAREY
                        UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | |

### STIPULATION BETWEEN GMAC CF
### AND DEBTORS TEMPORARILY VALUING GENERAL
### UNSECURED CLAIM FOR VOTING PURPOSES

This "Stipulation Between GMAC CF and Debtors Temporarily Valuing General Unsecured Claim for Voting Purposes" (the "Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1] and GMAC Commercial Finance LLC ("GMAC CF"), by their respective counsel.

### RECITALS

A.    On or about April 2, 2007 (the "Petition Date"), the Debtors (other than New Century Warehouse Corporation) filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are jointly administered as Case No. 07-10416.

---

[1]    The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

B.    On or about August 29, 2007, claim numbers 2341, 2358, and 2340 were filed as secured claims against New Century Financial Corporation ("NCFC"), New Century Mortgage Corporation ("NCMC") and New Century TRS Holdings, Inc. on behalf of GMAC CF (the "GMAC CF Claims"), in the amount of $7,498,022.10, relating to that certain promissory note and master security agreement, as amended, dated as of June 24, 2005, in the original principal amount of $15,851,259.55.[2]

C.    While the GMAC CF Claims were filed as "secured," the parties hereto agree that the collateral supporting the claims is not worth $7,498,022.10. The parties have been in negotiations regarding the value of the secured portion of the GMAC CF Claims but have not concluded the negotiations. Therefore, the proper valuation of the GMAC CF Claims is uncertain.

D.    The Debtors and GMAC CF (collectively, the "Parties") agree that partial resolution of the GMAC CF Claims is required to ensure that voting on the "Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008" (the "Plan") may proceed without delay.

E.    Pursuant to 28 U.S.C. §157(b)(2)(b), the Court is authorized to estimate claims for purposes of confirming a plan under Chapter 11. Further, pursuant to Rule 3018 (a) of the Federal Rules of Bankruptcy Procedure, the Court may temporarily allow a claim or interest in an amount deemed proper for the purposes of accepting or rejecting a plan.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

1.    The recitals set forth in Paragraphs A through E above are incorporated herein by this reference.

---

[2]    Claim number 2358 was previously expunged in error pursuant to the Order on the First Omnibus Objection (Docket No.  ). It was inadvertently docketed as a duplicate claim. The Debtors have agreed to redocket the claim as claim number 2358.

2.    Upon Court approval of this Stipulation, Claim numbers 2341, 2358 and 2340 shall be deemed temporarily valued in the amount of $6,700,000.00 as a general unsecured claim against the estates of debtor NCFC, NCMC and TRS, respectively for Plan voting purposes only (the "Temporarily Valued Claims").

3.    The Parties further stipulate that the Temporarily Valued Claims shall not affect:

      a.    The rights of the Debtors or other parties-in-interest to object to the GMAC CF Claims in the future;

      **b.**    The valuation of the GMAC CF Claims for the purposes of distribution from the estates of debtors NCFC, NCMC and TRS, or any other purpose; and

      c.    The value of the secured portion of the GMAC CF Claims as ultimately agreed to or determined by the Court.

4.    This Stipulation is the entire agreement between the Debtors and GMAC CF with respect of the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held our other than as may be expressly provided herein.

5.    Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

6.    This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or in part is subject to the approval of the Court.

7.    The Bankruptcy Court shall maintain jurisdiction over this Stipulation indefinitely to enforce and to administer it.

3

Case 07-10416-BLS    Doc 6201-2    Filed 04/14/08    Page 8 of 9

8.    Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

9.    This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when take together shall constitute one and the same Stipulation.  Delivery of an executed counterpart of a signature page of this Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this Stipulation.

**IT IS SO STIPULATED.**

April 14, 2008

_____
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000
ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION


AND

4

April 14, 2008

William E. Chipman, Jr.
EDWARDS ANGELL PALMER & DODGE LLP
919 N. Market Street
Suite 1500
Wilmington, DE 19801
(302) 777-7770

ATTORNEYS FOR GMAC COMMERCIAL
FINANCE LLC

5