**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

### STIPULATION BETWEEN DEBTORS AND TEXAS COMPTROLLER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY, (II) PERMITTING SETOFF OF MUTUAL OBLIGATIONS AND (III) ALLOWING A LATE FILED CLAIM AGAINST NEW CENTURY WAREHOUSE CORPORATION

This *Stipulation Between Debtors And Texas Comptroller (I) Granting Relief From The Automatic Stay, (II) Permitting Setoff of Mutual Obligations And (III) Allowing A Late Filed Claim Against New Century Warehouse Corporation* (the "Stipulation") is entered into by and among New Century Financial Corporation ("NCF"), a Maryland corporation, New Century Mortgage Corporation, a California Corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors") and the Texas Comptroller of Public Accounts (the "Comptroller," and collectively with the Debtors, the "Parties"), by their respective counsel. The Parties hereby stipulate and agree as follows:

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## RECITALS

WHEREAS, on or about April 2, 2007 (the "Initial Petition Date"), the Debtors (other than New Century Warehouse Corporation) filed chapter 11 bankruptcy petitions in this Court. The cases are jointly administered as Case No. 07-10416.

WHEREAS, on August 3, 2007 (together with the Initial Petition Date, the "Petition Date"), New Century Warehouse Corporation ("NC Warehouse") filed its chapter 11 bankruptcy petition in this Court.

WHEREAS, on February 22, 2008, the Comptroller filed claim no. 3823 (the "Late Claim") after the claims bar date. The Late Claim was filed in a $75,879.53 unsecured priority amount and was asserted against NC Warehouse.

WHEREAS, the Debtors currently owe the Comptroller **$200,017.99** for unpaid taxes. These tax liabilities (the "Liabilities") are associated with the following Debtor entities:

- **$85,687.63** due on New Century Mortgage Corporation's ("NCMC's") 2007 franchise tax return;
- **$3,140.22** due on an audit of NCMC's 2004-2006 report periods;
- **$68,382.72** due on NC Warehouse's 2007 franchise tax return; and
- **$42,807.42** due on Home123 Corporation's ("Home123's") 2007 franchise tax return.

WHEREAS, The Comptroller currently owes NCMC a refund (the "Refund") in the amount of **$124,382.12**. The Refund resulted from a refund request in connection with NCMC's 2004 franchise tax return.

WHEREAS, the Parties desire to address the Liabilities and the Refund in a cost-effective and efficient manner and resolve their dispute regarding the Late Claim. The Parties accordingly agree as follows:

## AGREEMENT

1.  The recitals set forth above are incorporated herein by reference.

2.  *Relief from Stay.* Upon Court approval of this Stipulation, the automatic stay shall be lifted to allow the Debtors and the Comptroller to exercise their setoff rights.

3.  *Exercise of Setoff Rights.* Upon Court approval of this Stipulation, the Debtors' $200,017.99 tax liability shall be setoff against the $124,382.12 Refund in the following manner:

    a.  NCMC's full tax liability shall be setoff against the Refund. NCMC owes the Comptroller $88,827.85: $85,687.63 for its 2007 franchise tax return and $3,140.22 for the audit of the 2004-2006 reporting periods. After setting off this $88,827.85 amount against the $124,282.12 Refund, the Debtors will be left with net refund in the amount of $35,454.27 (the "Net Refund").

    b.  This Net Refund shall be split and applied 50% to NC Warehouse's tax liability and 50% to Home123's tax liability. Thus, both NC Warehouse and Home123 shall benefit from a $17,727.13 reduction in their tax liability, leaving NC Warehouse with an aggregate liability of $50,655.59 and Home123 with an aggregate liability of $25,080.29.

4.  *Allowance of the Late Claim.* Upon Court approval of this Stipulation, the Late Claim shall be allowed as timely filed in a $75,879.53 unsecured priority amount against NC Warehouse.

5.  This Stipulation is the entire agreement between the Debtors and the Comptroller respecting the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises or representations have been

made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as my be expressly provided herein.

6. Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

7. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or in part is subject to the approval of the Court.

8. The Bankruptcy Court shall maintain jurisdiction over this Stipulation indefinitely to enforce and to administer it.

9. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

10. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this Stipulation by telecopy shall be effective as delivery of a manually executed copy of this Stipulation.

**IT IS SO STIPULATED.**

April 3, 2008

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Austin K. Barron
Alexandra B. Feldman
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

April 3, 2008

/s/ Jay W. Hurst
JAY W. HURST
Assistant Attorney General
State Bar No. 10315620

Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
(512) 475-4861 / Fax #: (512) 482-8341

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS