IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, <u>et al.</u>,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket Nos. 4261, 4845, 5168 & 5260 |

## ORDER GRANTING MOTION FOR RECONSIDERATION AND SETTING FORTH CERTAIN DIRECTIVES WITH RESPECT TO THE DEBTORS' OBJECTIONS TO CLAIMS OF ALSYE RAFIDI

Upon the *Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims* (the "Eighth Omnibus Objection") and the *Debtors' Sixteenth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to (A) Certain Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Claims and (D) Reduced and/or Reclassified Claims* (the "Sixteenth Omnibus Objection" and together with the Eighth Omnibus Objection, the "Omnibus Objections"); and it appearing that notice of the Omnibus Objections was good and sufficient upon the particular circumstances,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

RLF1-3271969-1

and that no other further notice need be given; and the Court having considered the Omnibus Objections, the Claimant's response to the Eighth Omnibus Objection (the "Motion for Reconsideration") and the request of claimant Alsye Rafidi ("Claimant") for a continuance of the Sixteenth Omnibus Objection with respect to her claim [Claim No. 3111] (the "Claim"); and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Motion for Reconsideration is GRANTED.

2. The hearing on the Omnibus Objections to Claim Nos. 3110 and 3111 (the "Claims") is continued to the omnibus hearing scheduled for May 7, 2008 at 10:00 a.m. (EST) (the "Omnibus Hearing").

3. Claimant must provide medical records signed by a licensed medical professional evidencing the medical condition that Claimant asserts prevents Claimant from appearing in Court (the "Medical Records") to the Chambers of the Honorable Kevin J. Carey at the following address:

> Chambers of The Honorable Kevin J. Carey
> United States Bankruptcy Court for the District of Delaware
> 824 North Market Street
> 5th Floor
> Wilmington, DE 19801

4. The Medical Records must be received at the aforementioned address no later than May 5, 2008.

5. Claimant or a representative for the Claimant must appear either live or telephonically at the Omnibus Hearing.

6. If the Claimant fails to comply with any of the directives contained in paragraphs 2 through 4, the Court ~~will~~ *in (illegible)* grant the relief requested in the Omnibus Objections with respect to the Claims.

7. This Court shall retain jurisdiction to enforce and interpret the terms of this Order.

Dated: April 14, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3