**EXHIBIT A**

RLF1-3272358-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : |
| | : Jointly Administered |
| | : |
| Debtors. | : Re: Docket Nos. 3926 and 4074 |

## STIPULATION BETWEEN DEBTORS AND ORANGE COUNTY TREASURER-TAX COLLECTOR RESOLVING THE DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS AND ESTABLISHING THE TREATMENT OF CLAIM NO. 3339

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors")[2], filed petitions for relief under chapter 11 of title 11 of the United States

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] New Century Warehouse Corporation ("NC Warehouse"), a California Corporation that is a wholly-owned subsidiary of New Century TRS, filed its chapter 11 petition on August 3, 2007, rather than on April 2, 2007 with the other Debtors. The deadline for filing prepetition claims against New Century Warehouse, other than claims held by "Governmental Units" as such term is defined under section 101(27) of the Bankruptcy Code, was December 14, 2007.

RLF1-3246770-1

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, On June 28, 2007, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof* [Docket No. 1721], whereby, among other things, the Court established August 31, 2007 as the deadline for filing prepetition claims against the Debtors, except for claims held by Governmental Units as that term is defined under section 101(27) of the Bankruptcy Code; and

WHEREAS, Orange County Treasurer-Tax Collector ("County") filed a proof of claim (Claim No. 3339) relating to amounts allegedly due and owing for property taxes for the tax years 2005-2007 due on property titled in the names of the Debtors. As filed, Claim No. 3339 was classified as $56,216.50 secured, and $474.15 unsecured priority under 11 U.S.C. section 507(a)(8); and

WHEREAS, on November 20, 2007, the Debtors filed the *Debtors' Fifth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (I) Books and Records Claims; and (II) Reduced and/or Reclassified Claims* [Docket No. 3926] (the "Fifth Omnibus Objection"), whereby the Debtors, among other things, objected to Claim No. 3339 on the basis that the claim was not supported by the Debtors' books and records; and

WHEREAS, the County formally responded to the relief requested in the Fifth Omnibus Objection by filing the *Opposition of the Orange County Treasurer-Tax Collector to Debtors' Fifth Omnibus to Claims* [Docket No. 4074]; and

RLF1-3246770-1

WHEREAS, the Debtors and the County have continued the hearing on the Fifth Omnibus Objection, as it relates to the County in an effort to allow the parties an opportunity to pursue settlement negotiations relating to the Fifth Omnibus Objection and the ultimate treatment of Claim No. 3339; and

WHEREAS, after extensive negotiations between the parties, the Debtors and the County have reached a resolution regarding the Fifth Omnibus Objection and the treatment of Claim No. 3339; and

WHEREAS, the Debtors do not oppose the portions predicated on personal property taxes;

WHEREAS, portions of Claim No. 3339 are predicated an real property taxes and other portions may be predicated on personal property taxes;

WHEREAS, the Debtors have no current interest in the real properties that are the subject of Claim Nos. 3339 other than bare legal title; and

WHEREAS, the Debtors hereby disclaim any and all interest in the real properties that are the subject of Claim No. 3339;

NOW, THEREFORE, in consideration of the foregoing, and subject to the Court's approval of this Stipulation, the Debtors and the County hereby agree and stipulate as follows:

1. The Debtors hereby represent that they have no interest in the real properties that are the subject of Claim No. 3339 other than bare legal title.

2. The automatic stay under 11 U.S.C. section 362 does not apply to the properties that are the subject of Claim No. 3339 and the Debtors have no objection to any action the County might take against the properties under California law.

3. In full satisfaction of any and all amounts allegedly owed to the County with respect to any and all claims, rights and/or remedies asserted in connection with Claim No. 3339, the County shall be granted allowed priority claims under 11 U.S.C. section 507(a)(8) for the personal property amounts as follows:

- Claim No. 3339 against Debtors in the amount of $324.15 and Claim No. 3339 shall be deemed amended accordingly;

4. This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of the Court. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

5. This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

6. The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

RLF1-3246770-1

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of this **27** day of February, 2008.

BENJAMIN P. de MAYO,
COUNTY COUNSEL

_____
By: James C. Harman, Senior Deputy

ATTORNEYS FOR CREDITOR ORANGE
COUNTY TREASURER-TAX
COLLECTOR

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION