UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          *

                                                        Case No. 07-10416-KJC
NEW CENTURY TRS HOLDINGS, INC.,   *      (Chapter 11)
a Delaware corporation, *et al.*,
                          Debtor              *      **Objections due by: April 30, 2008 at 4:00 PM**
                                                        **Hearing Date: May 7, 2008 at 10:00 AM**

*********** 

## MOTION OF HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE C/O SELECT PORTFOLIO SERVICING, INC. FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

HSBC Bank USA, National Association, as trustee, on behalf of the holders of the Nomura Home Equity Loan, Inc. Asset-Backed Certificates Series 2005-HE1 c/o Select Portfolio Servicing, Inc. (hereinafter "Movant"), by its undersigned counsel, files thus motion for relief from the automatic stay to exercise its non-bankruptcy rights with respect to each parcel of real property listed on **Exhibit A** hereto (hereinafter each a "Property" and collectively the "Properties") and, as grounds therefore, states as follows:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).  The statutory basis for the relief requested in this motion is 11 U.S.C.  §§ 362 and 105.

2.  On April 2, 2007 (hereinafter the "petition Date"), New Century TRS Holdings and certain of its affiliates (hereinafter "the Debtors"), including but not limited to New Century Mortgage Corporation (hereinafter "the Debtor") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Sine the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.  At various times, the individuals listed in the column entitled "Obligors" on
    Exhibit A (hereinafter each an "Obligor" and collectively, the "Obligors")
    executed promissory notes in the respective[1] principal amounts, and the
    respective interest rates per annum, described in that exhibit (hereinafter each a
    "Note" and collectively, the "Notes"). In addition, each of the Notes provides for
    the recovery of attorneys' fees, late charges and other costs. The Notes were
    delivered to the respective parties listed in the column entitled "Original Obligee"
    on Exhibit A hereto (hereinafter the "Original Obligees").

4.  To secure the repayment of the sums due under the Notes, each of the Obligors
    executed and delivered to the respective Original Obligees a mortgage, deed of
    trust, or comparable instrument of security on the Property (hereinafter each a
    "Mortgage" or collectively, the "Mortgages").  Each of the Mortgages was
    recorded among the land records in the state and county in which the respective
    Property is situated.

5.  To the extent Movant was not the Original Obligee in connection with any of the
    Properties, the Mortgages and Notes were later transferred to Movant, and
    Movant is the present holder of the Mortgages and Notes.

6.  Review of the title to the Properties shows that the Debtor may hold liens on each
    of the Properties junior to the Mortgages.

7.  Each of the Obligors is now in default under the respective Notes, and Movant
    seeks to exercise its non-bankruptcy rights and remedies with respect to the

---

[1] As used in connection with the terms identified on Exhibit A hereto, "respective" means appearing on the same row of the table.

Notes, including but not limited to enforcement of its rights against the respective Mortgages.

8. Because its junior liens described in paragraph 6 above are subordinate to the Mortgages, the Debtor has no equity in the Properties.

9. Because the Debtor's junior liens add little or no value to the Debtor's bankruptcy estate, the Properties are not necessary for the Debtor's reorganization.

10. Because the Debtor has no equity in the Properties and the Properties are not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages.

11. Moreover, upon information and belief, the value of each Property is deceasing, or not increasing, at the same rate as Obligor's indebtedness under the respective Note is increasing.  Therefore, Movant's interest in each of the Mortgages is not adequately protected.

12. Movant does not know whether the Properties, including but not limited to Movant's interest in the Mortgages, is properly insured. Therefore, Movant's interest in the Mortgages is not adequately protected.

13. Movant does not know whether each of the Obligors is properly maintaining the physical premises of the respective Properties and therefore Movant's interests in the Mortgages is not adequately protected.

14. A continued stay of Movant's action against the Obligors and the Properties will cause the Movant significant prejudice.

15. Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages pursuant to § 362(d)(1) of the Bankruptcy Code.

16. Movant believes that this motion will be unopposed or granted upon consensual terms.  A stay of any order granting this motion would, in such instance, be in appropriate. Therefore, Movant is also seeking relief from the stay provisions of Fed. R. Bankr. P. 4001 (a)(3).

17. Copies of this Motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee. In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

**WHEREFORE**, for the foregoing reasons, Movant requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights and remedies as to each of the Properties, including but not limited to foreclosure of each of the Mortgages, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

WITTSTADT & WITTSTADT, P.A.

/s/ *Lisa R. Hatfiled*_____
Lisa R. Hatfield (DE No. 4967)
284 East Main Street
Newark, Delaware 19771
(302) 444-4602
(866) 503-4930 (toll free)