## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NEW CENTURY TRS HOLDINGS,** | ) | Case No. 07-10416 (KJC) |
| **INC., <u>et al.</u>,** | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP
### <u>FOR THE FIRST INTERIM PERIOD</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of PricewaterhouseCoopers LLP for the First Interim Period</u> (the "Application").

### BACKGROUND

1. PricewaterhouseCoopers LLP ("PwC") was retained as Accountants for the Debtors-in-Possession. In the Application, PwC seeks approval of fees totaling $248,398.25[1], and costs totaling $3,693.61 for its services from April 1, 2007, through July 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the

---

[1] PwC received pre-petition payments that exceeded pre-petition fees by $116,259.18. Because PwC intends to credit the excess pre-petition payments against its post-petition fees, the Application purports to seek payment of only the net amount of $132,331.68 in fees. The entire $248,398.25, however, is subject to our review.

Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on PwC an initial report based on our review, and received a response from PwC, portions of which response are quoted herein.

## DISCUSSION

3.   In our initial report, we noted that some timekeepers recorded their time in blocks of time greater than tenths of hours (full- or half-hour blocks), while others recorded their time in blocks of five minutes, resulting in entries for, *e.g.*, 0.42 hour and 4.92 hours. Guideline II.D.5, however, states that "[t]ime entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour." We asked PwC to advise its timekeepers to comply with this guideline in the future.

4.   In our initial report, we noted two inadequately detailed time entries:

| | | | | |
|---|---|---|---|---|
| 04/19/07 | Boyle | 3.00 | $2,025.00 | Review of documents |
| 05/31/07 | Boyle | 2.00 | $1,350.00 | Review of documents and analyses |

We asked PwC to provide a further description regarding these activities. PwC provided the following response:

> Mr. Boyle responded with better descriptions for the two dates identified by the Fee Auditor. PwC believes these fees are valid, benefits to the client and reimbursable. Please see his revised time descriptions below:
>
> 4/19/2007 - Review of company documents and PwC analyses of the residual interest in securitization models, including a review of the delinquency buckets for each deal

and how these varied over time.

> 5/31/2007 - Review of working paper binders created by PwC in connection with the Residual Interest in Securitization and the Repurchase Reserve to refresh recollection of calculations, assumptions, and other work in anticipation of call with Heller Ehrman

We appreciate this response and have no objection to the associated fees.

5. In our initial report, we noted several meetings and conference calls in which more than one PwC professional participated. See Exhibit A. We asked PwC to review Exhibit A and explain why it was necessary for each professional to participate on each referenced occasion, as well as the specific area of expertise each professional provided. PwC provided a response that is attached hereto as Response Exhibit 1. We accept this response and recommend no reduction in this regard.

6. In our initial report, we noted a number of time entries for "[w]rap up of files". See Exhibit B. These activities might be characterized as ministerial or clerical activities for which billing rates of $175 to $425 are inappropriate. We asked PwC to provide a further description of these activities along with an explanation of why the stated rates are justified. PwC provided the following response:

> The individuals were responsible for ensuring that all of our files (electronic and hard copy) were well organized, indexed and contained all relevant information collected from our investigation into the two areas. This information was to be provided to Heller Ehrman, and was also done with the knowledge that the files were to be provided to the SEC and Bankruptcy Examiner. All files were provided and we have received no requests for clarification regarding the nature of our files from any party. The majority of staff were associates (Moncada and Nangia), the lowest level of employees on our team. Their work was supervised and supplemented by a senior associate (Dijamco) and quality reviewed by one of the Directors on the engagement (Yagana) for completeness. PwC believes these fees are valid, benefits to the client and reimbursable.

While we appreciate this response, and we believe it justifies a rate of $175 per hour, we believe that it does not carry PwC's burden of showing that it is reasonable to bill some of this time at more than $175 per hour. Accordingly, we recommend a reduction, to bring all this time down to $175 an hour, for a reduction of $925.00 in fees.

7.  In our initial report, we noted that of the $248,398.25 in fees for which approval is sought, the project category "Employment Application and Other Retention Documents" accounts for $19,582 (or 7.9%) of the total. We asked PwC to explain why it was necessary to bill so much for this activity. PwC provided the following response:

> PricewaterhouseCoopers agrees that performing the retention application processes typically does not take this much time to complete. This was the first time that any of our team had been through this process. There were some questions raised by the Court appointed attorney to review our application. This required us to perform additional research into the issues, including interacting with our Office of General Counsel and outside legal counsel.
>
> These services are above and beyond our normal retention procedures and specifically related to the U.S. Bankruptcy requirements, as such, PricewaterhouseCoopers believes we should be compensated for these services. PricewaterhouseCoopers recommends a reduction to 5% of our requested fees or $12,419.91 or a reduction of $7,162.09.

We appreciate this response, accept the proposed reduction, and thus recommend a reduction of $7,162.09 in fees.

8.  In our initial report, we noted several meal expenses that either appear to exceed our standard of reasonableness or are not detailed sufficiently to allow us to assess their reasonableness.

| | | |
|---|---|---|
| 4/5/2007 | Jeffrey Boyle, Partner - dinner in Orange County | $56.62 |
| 5/2/2007 | Steven Skalak, Partner - group meal in Los Angeles (Boyle, Keenan, Judice) | $129.00 |

We generally apply a limit of $25 per person for lunch and $50 per person for dinner. For the first charge above, we asked PwC to indicate whether the charge relates solely to Mr. Boyle, and, for the

second charge, we asked PwC to indicate whether the meal was breakfast, lunch, or dinner. PwC provided the following response:

> Mr. Skalak's meal expenditure was for a lunch, as such, PricewaterhouseCoopers agrees to a meal reduction of $60.62.

We appreciate this response but note that PwC appears to have overstated our proposed reduction. For the first item, a dinner for one, a reduction of $6.62 is appropriate, and for the second item, a lunch for four, a reduction of $29.00 is appropriate. Accordingly, we recommend a reduction of $35.62 in expenses.

9. In our initial report, we noted several substantial "Rental Car/Public Transportation" charges:

| | |
|---|---|
| 4/2/2007  Jeffrey Boyle, Partner - LAX airport to client offices Orange County | $183.50 |
| 5/1/2007  Steven Skalak, Partner - transportation home to airport | $135.00 |
| 5/2/2007  Steven Skalak, Partner - transportation airport to home | $135.00 |

We asked PwC to indicate whether these charges were for transportation by car service or by regular taxi. For the second and third charges above, we asked PwC to indicate the location of the home and the identity of the airport. PwC provided the following response:

> Mr. Boyle used a personal car service given the massive traffic impact on the 45 mile journey from LAX airport to the Orange County. This trip could range from $75 - $150 based upon traffic conditions. As such, PricewaterhouseCoopers agrees to use an average of $100 for this trip.
>
> Mr. Skalak used a personal car service and if he would have used a taxi, we expect the charges would have ranged between $80 - $100 depending upon the level of traffic and tolls. As such, PricewaterhouseCoopers agrees to a voluntary reduction of $90 (using an average of $90/trip).
>
> PricewaterhouseCoopers agrees to a meal [sic] reduction of $173.50.

We appreciate this response and recommend a reduction of $173.50 in expenses.

## CONCLUSION

10.Thus we recommend approval of fees totaling $240,311.16 ($248,398.25 minus $8,087.09) and expenses in the amount of $3,484.49 ($3,693.61 minus $209.12) for PwC's services from April 1, 2007, through July 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050
Mark W. Steirer
Texas State Bar No. 19139600

325 N. St. Paul Street, Suite 1275
Republic Center
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 15th day of April 2008.

_____
Warren H. Smith

# SERVICE LIST

**The Applicant**
Jeffrey R. Boyle, Esq.
PricewaterhouseCoopers LLP
Two Commerce Square, Suite 1700
2001 Market Street
Philadelphia, PA  19103
(267) 330-2215
jeffrey.r.boyle@us.pwc.com

**United States Trustee**
Joseph J. McMahon, Jr.
U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

**Counsel to the Debtors**
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Paul N. Heath, Esq.
Chris M. Samis, Esq.
Richards, Layton & Finger, P.A.
920 N. King St.
One Rodney Square
Wilmington, DE 19801

**Counsel to the Debtors**
Suzzanne Uhland, Esq.
Ben H. Logan, Esq.
Victora A. Newmark, Esq.
Andrew M. Parlen, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

**Counsel to the Debtors**
Shannon Lowry Nagle, Esq.
O'Melveny &Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

**Counsel to the Debtors**
Ivan Lerer Kallick, Esq.
Manatt Phelps & Phillips, LLP
11344 W. Olympic Blvd.
Los Angeles, CA 90064

**Counsel for Crisis Managers**
Sheldon S. Toll, Esq.
Attorneys for AP Services, LLC
2000 Town Center, Suite 2550
Southfield, MI 48075

**Accounting and Tax Advisor
for the Debtors**
Gary A. Grush
Grant Thornton LLP
18400 Von Karman Ave., Suite 900
Irvine, CA 92612

**Accounting and Tax Advisor
for the Debtors**
Ari Lefkovits, Director
Lazard Freres & Co., LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020

**Accounting and Tax Advisor
for the Debtors**
Jeffrey R. Boyle, Esq.
PricewaterhouseCoopers LLP
Two Commerce Square, Ste. 1700
2001 Market St.
Philadelphia, PA 19103

**Counsel to the Official Committee of Unsecured Creditors**
Bonnie Glantz Fatell, Esq.
David W. Carickhoff, Jr., Esq.
Blank Rome, LLP
1201 Market Street, Ste. 800
Wilmington, DE 19801

**Counsel to the Official Committee of Unsecured Creditors**
Mark S. Indelicato, Esq.
Hahn & Hessen, LLP
488 Madison Avenue
14th & 15th Floors
New York, NY 10022

**Financial Advisor to the Official Committee of Unsecured Creditors**
Samuel Star
FTI Consulting, Inc.
Three Times Square
New York, NY 10036

**Examiner**
Michael J. Missal, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
1601 K. Street, N.W.
Washington, DC 20006-1600

**Counsel to the Examiner**
Edward M. Fox, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
599 Lexington Ave.
New York, NY 10022

**Counsel to the Examiner**
Mark Minuti, Esq.
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

**Accountants and Financial Advisor to the Examiner**
William K. Lenhart
Naushon Vanderhoop
BDO Seidman, LLP
330 Madison Ave., 10th Floor
New York, NY 10017

**Special Counsel to the Audit Subcommittee**
Peter Benvenutti, Esq.
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104

**Special Counsel - OCP**
Diana M. Thimmig, Esq.
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center, 9th Floor
Cleveland, OH 44115

**Sheppard, Mullin, Richter & Hampton LLP**
Mette H. Kurth, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

**Special Litigation Counsel to Debtors**
Jeffrey Tidus, Esq.
Baute & Tidus LLP
777 S. Figueroa Street, Ste. 4900
Los Angeles, CA 90017

<u>Exhibit A</u>

1. On May 1, 2007, two directors participated in a conference call. The two billed a total of 3.00 hours and $1,275.

| | | | | |
|---|---|---|---|---|
| 05/01/07 | Keenan | 1.50 | $637.50 | Conference call with J. Landry (Heller), K. Hornbeck, B. Judice (PwC) and N. Keenan (PwC) - 2 pm to 3:30 pm |
| 05/01/07 | Judice | 1.50 | $637.50 | Conference call with J. Landry (Heller), K. Hornbeck, B. Judice (PwC) and N. Keenan (PwC) - 2 pm to 3:30 pm |

2. On May 9, 2007, a partner and two directors participated in a conference call. The three billed a total of 2.25 hours and $1,143.75.

| | | | | |
|---|---|---|---|---|
| 05/09/07 | Boyle  | 0.75 | $506.25 | Conference call with B. Judice (PwC), N. Keenan (PwC), J. Boyle (PwC) and T. Bindra (NC) |
| 05/09/07 | Keenan | 0.75 | $318.75 | Conference call with B. Judice (PwC), N. Keenan (PwC), J. Boyle (PwC) and T. Bindra (NC) |
| 05/09/07 | Judice | 0.75 | $318.75 | Conference call with B. Judice (PwC), N. Keenan (PwC), J. Boyle (PwC) and T. Bindra (NC) |

3. On May 13, 2007, one partner and one director participated in a conference call. The two billed a total of 6.00 hours and $3,300.

| | | | | |
|---|---|---|---|---|
| 05/13/07 | Boyle  | 3.00 | $2,025.00 | Conference call with T. Bindra (NC) |
| 05/13/07 | Keenan | 3.00 | $1,275.00 | Conference call with T. Bindra (NC) |

Exhibit B

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/02/07 | Dijamco | 1.00 | $225.00 | Wrap up of files (collection, organization and return of company documents) |
| 04/02/07 | Moncada | 1.00 | $175.00 | Wrap up of files (collection, organization and return of company documents) |
| 04/03/07 | Moncada | 2.00 | $350.00 | Wrap up of files (collection, organization and return of company documents) |
| 04/05/07 | Nangia | 5.00 | $875.00 | Wrap up of files (4-day close process and repurchase reserve) and internal budgeting documents |
| 04/06/07 | Nangia | 2.50 | $437.50 | Wrap up of files (4-day close process and repurchase reserve) and internal budgeting documents |
| 04/20/07 | Dijamco | 0.50 | $112.50 | Wrap up of files (organization of PwC workpapers and company documents collected) |
| 04/23/07 | Dijamco | 0.50 | $112.50 | Wrap up of files (organization of PwC workpapers and company documents collected) |
| 04/25/07 | Dijamco | 0.50 | $112.50 | Wrap up of files (organization of PwC workpapers and company documents collected) |
| 04/26/07 | Dijamco | 0.50 | $112.50 | Wrap up of files (organization of PwC workpapers and company documents collected) |
| 04/30/07 | Yagana | 1.00 | $425.00 | Wrapping up engagement (collection of documents, analyses, etc.) |
| 04/30/07 | Dijamco | 0.50 | $112.50 | Wrap up of files (organization of PwC workpapers and company documents collected) |
| 05/01/07 | Yagana | 1.00 | $425.00 | Wrapping up engagement (collection of documents, analyses, etc.) |
| 05/02/07 | Yagana | 1.00 | $425.00 | Wrapping up engagement (collection of documents, analyses, etc.) |

Response Exhibit 1

Below, PwC has tried to explain the general overview of the services provided and each professional's role on the project:

At several meetings and conference calls, several PwC individuals participated. This was primarily a factor of the manner in which the work was performed. To complete the work in a timely manner, Neil Keenan was primarily responsible for overseeing the Repurchase Reserve element of the investigation. Bryan Judice took the lead to oversee the Residual Interest in Securitization work performed. After one month of the investigation, both elements were run in parallel to ensure the timely review of each alleged issue. Jeffrey Boyle, supported by Steven Skalak, was the lead partner who supervised the overall delivery of the services and reviewed the work of Neil Keenan and Bryan Judice. The majority of conference calls and meetings discussed both elements of the investigation. Accordingly, both Neil Keenan and Bryan Judice were required to be in attendance. Where only one issue was discussed, which was rare, based on the subject matter either Neil Keenan or Bryan Judice participated, but not both. Jeffrey Boyle or Steven Skalak participated to assist the SEC, Bankruptcy Examiner and Creditor Committee representatives answer questions related to our work, and what impact, if any, the two elements combined had on overall observations.

Description of Meetings Identified within Exhibit A:
- May 1, 2007 - Mr. Keenen, Director, provided guidance on the Repurchase Reserve services and Mr. Judice, Director, provided guidance on the Residual Interest in Securitization services;
- May 9, 2007 - Mr. Boyle, Partner, participated to provide guidance regarding the overall project, its deliverables and overall objectives supporting the SEC requests; Mr. Keenen, Director, provided guidance on the Repurchase Reserve services and Mr. Judice, Director, provided guidance on the Residual Interest in Securitization services;
- May 13, 2007 - Mr. Boyle, Partner, participated to provide guidance regarding the overall project, its deliverables and overall objectives supporting the SEC requests; Mr. Keenen, Director, provided guidance on the Repurchase Reserve services.

PwC believes these fees are valid, benefits to the client and reimbursable.