UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                          )    Case No. 07-10416-KJC
                                )    Chapter 11
NEW CENTURY TRS HOLDINGS INC.,)
a Delaware corporation,         )    Courtroom No. 5
_et_ _al.,_                      )    824 Market Street
                                )    Wilmington, Delaware 19801
                  Debtors.  )
                                )
                                )    April 9, 2008
                                )    10:02 A.M.


TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:            Richards Layton & Finger, PA
                            By:  CHRIS SAMIS, ESQ.
                            One Rodney Square, P.O. Box 551
                            Wilmington, Delaware 19899

For the Committee:          Blank Rome, LLP
                            By:  DAVID CARICKHOFF, ESQ.
                            Chase Manhattan Centre
                            1201 Market Street, Suite 800
                            Wilmington, Delaware 19801

For UBS Real Estate         Ashby & Geddes
Securities:                 By:  BEN KEENAN, ESQ.
                            222 Delaware Avenue, 17th Floor
                            Wilmington, Delaware 19801

ECRO:                       Leslie Murin

Transcription Service:      TRANSCRIPTS PLUS
                            435 Riverview Circle
                            New Hope, Pennsylvania 18938
                            Telephone:  215-862-1115
                            Facsimile: 215-862-6639
                            e-mail CourtTranscripts@aol.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

Appearances:
(Continued)


For Bank of America:          Potter Anderson & Corroon, LLP
                              By: GABRIEL MacCONAILL, ESQ.
                              Hercules Plaza, P.O. Box 951
                              1313 N. Market Street
                              Wilmington, Delaware 19899-0951

For Natixus Real             The Bayard Firm
Estate Capital:              By:  ERIC M. SUTTY, ESQ.
                              222 Delaware Avenue, Suite 900
                              P.O. Box 25130
                              Wilmington, Delaware 19899-5130


TELEPHONIC APPEARANCES:

For the Debtors:             O'Melveny & Myers LLP
                              By:  SUZZANNE UHLAND, ESQ.
                              400 South Hope Street
                              Los Angeles, California 90071

For Bank of America:         Kaye Scholer
                              By:  NICHOLAS CREMONA, ESQ.
                              425 Park Avenue
                              New York, New York 10022-3598

For Fidelity National        Baker & Hostetler LLP
Information Services         By:  DONALD WORKMAN, ESQ.
et al.:                      45 Rockefeller Plaza
                              New York, New York 10111

For Credit Suisse            Chadbourne & Park, LLP
First Boston, et al:        By:  DOUGLAS DEUTSCH, ESQ.
                              30 Rockefeller Plaza
                              New York, New York 10112

For the Internal             Tax Division Department of Justice
Revenue Service:            By:  JAN GEHT, ESQ.
                              P.O. Box 227 Ben Franklin Station
                              Washington, DC 20044

For Merlin Grant:            Legal Services of Greater Miami, Inc.
                              By:  JEFFREY HEARNE, ESQ.
                              3000 Biscayne Boulevard, Suite 500
                              Miami, Florida 33137-4129

TELEPHONIC APPEARANCES:
(Continued)


For the County of         Office of the County Counsel
Santa Clara:              By:  LIZANNE REYNOLDS, ESQ.
                          70 West Hedding Street, 9th Floor
                          San Jose, California 95110

For Aquino:               DiNapoli & Sibley
                          By:  JOHN DiNAPOLI, ESQ.
                          Ten Almaden Boulevard
                          Suite 1250
                          San Jose California 95113-2271

For UBS Real Estate       Paul Hastings Janofsky & Walker
Securities, Inc.:         By:  KIMBERLY NEWMARCH, ESQ.
                          191 N. Wacker Drive
                          30th Floor
                          Chicago, Illinois

For Geraldine Pulliam:    GERALDINE PULLIAM, Pro Se

For Pierre Augustin:      BRIDGETTE NGAMRA

4

INDEX

AGENDA ITEMS                                               PAGE

Items 1 through 10                                          5*
Items 11 through 16                                         7**
Item 17    Motion for reconsideration                      7
Item 18    Motion of Merscorp for an order compelling
           the assumption or rejection of an executory
           contract, as compelling the payment of an
           administrative claim                            8
Item 19    13th omnibus objection claims                   10
Item 20    14th omnibus objection claims                   10
Item 21    15th omnibus objection claims                   14
Item 22    16th omnibus objection claims                   19
Item 23    16th omnibus objection claims                   22
Item 24    Supplemental retention application for
           Ernst and Young                                 23

*Continued
**Orders entered

1          THE COURT:  Good morning.

2          FEMALE SPEAKERS:  Good morning.

3          MR. SAMIS:  Good morning, Your Honor.  Chris Samis of

4 Richards Layton and Finger today -- here today on behalf of the

5 debtors.

6          Your Honor, I'll just briefly walk through the

7 agenda:

8          Matters 1 through 10 are continued.  However, I

9 believe Ms. Uhland of O'Melveny and Myers and Mr. Geht from the

10 Internal Revenue Service, who are participating telephonically,

11 would like to briefly update the Court on the status of Agenda

12 Item 8, which is the debtors' objection to Claim Number 3752 of

13 the IRS on insufficient documentation grounds.

14          THE COURT:  Okay.  Ms. Uhland?  Ms. Uhland, this is

15 Judge Carey, can you hear me?

16                    (No audible response heard)

17          THE COURT:  Must not be on the phone connection.

18          MR. SAMIS:  Mr. Geht may be on, Your Honor.

19          MR. GEHT:  Your Honor, this is Jan Geht, Your Honor.

20 I can brief you or we can wait for Ms. Uhland to join, if you'd

21 like.

22          THE COURT:  No, let's go ahead.

23          MR. GEHT:  The debtors and the Service have been in

24 discussions and I believe Your Honor has the response we filed

25 estimating our claim as of the day we filed the response.

6

1  Since then, we've had some more neg -- uh -- discussions with

2  the debtors.  And we currently estimate that the Service's

3  claim is approximately three and a half million dollars.  We

4  hope to get that number firmed out by the time of the

5  confirmation hearing as the debtors have indicated that the

6  Court is concerned with the range of what the debtors might be

7  entitled to, versus what the Service is claiming.

8          There is a couple of issues on the table that might

9  take some time resolving that's technical tax issues.  Some of

10  them are in the taxpayer's hands right now and they're writing

11  it up for the service.  Some of them are with the National

12  Office and the taxpayers are aware of that.

13          The parties have discussed the potential of a partial

14  refund, if we ever get to the point where the Service's

15  estimated claim goes to zero.  Now, we'll be in the overpayment

16  position.  And we've advised the debtors that although the

17  Service would be open to the possibility of a partial refund,

18  everyone needs to be mindful of the fact that given the

19  magnitude of the potential refund, any partial refund

20  application will have to go through the joint Committee and

21  Taxation because they would have jurisdiction over any refund

22  over $2 million and that might slow down the process a bit.

23          MR. SAMIS:  Your Honor --

24          THE COURT:  Go ahead.

25          MR. SAMIS:  I have nothing to add.  And that --

1  that's an accurate representation of where the negotiations are

2  at.

3          THE COURT:  All right.  Thank you, Mr. Geht.

4          MR. GEHT:  Thank you, Your Honor.

5          MR. SAMIS:  Your Honor, Matters 11 through 16 are all

6  stay relief motions with certificates of no objection.  I

7  believe orders were actually entered yesterday with respect to

8  all of these.

9          THE COURT:  They were entered, I don't recall exactly

10 when.

11          MR. SAMIS:  I know there's a lot of them.  Your

12 Honor, Matter 17 is the motion for reconsideration filed by Ms.

13 Leslie Hill.  Your Honor, since the entry of the Court's order

14 that granted the relief that was requested in the motion for

15 reconsideration, the debtors and Ms. Hill actually entered a

16 further dialogue and reached a settlement.  And I do have an

17 order with me today in court that reflects the terms of the

18 settlement.

19          THE COURT:  All right.

20          MR. SAMIS:  Your Honor, I can approach with all of

21 the orders at the end or I can do them on a --

22          THE COURT:  Yeah, why don't we save them until the

23 end?

24          MR. SAMIS:  Okay.

25          THE COURT:  Thank you.

1          MR. SAMIS:  Very well.  Your Honor, Matter Number 18

2    is the motion of Merscorp for an order compelling the

3    assumption or rejection of an executory contract, as well as

4    compelling the payment of an administrative claim.

5          A certification of counsel resolving this motion was

6    actually filed yesterday afternoon.  I don't know if Your Honor

7    has seen it yet, but it was filed by the movant.

8          THE COURT:  You know, I don't recall.  I know that

9    there's nothing presently in the In-Box in my desk, so --

10          MR. SAMIS:  Okay.

11          THE COURT:  -- as soon as I get it, I'll address it.

12          MR. SAMIS:  Your Honor, as it was a -- as of a

13    certification of counsel, that was filed by the movant.  I

14    don't have a copy here with me today, but I will get on the

15    phone with them after this hearing to make sure it makes its

16    way to you.

17          THE COURT:  All right.  Thank you.

18          MR. SAMIS:  Your Honor, this brings us to the omnibus

19    objections that are going forward today.  They're Matters

20    Number -- Matter Numbers 19 through 23.  As in the past, many

21    of the objections that are contained on these, the 13th, 14th,

22    15th, 16th and 17th objections are continued pending

23    negotiation or the execution of global stipulations resolving

24    such claims.

25          Thus, if it pleases the Court, I'll address those

1  objections that are either going forward, being withdrawn by

2  the debtors where a settlement has been reached, or the debtors

3  would like to otherwise comment.

4          THE COURT:  I don't have any specific questions

5  except to tell you that I did not have the opportunity to

6  review any of the responses that were filed with the amended

7  agenda.

8          MR. SAMIS:  Okay.

9          THE COURT:  The only matter that looked to be going

10  forward, apart from those which were just recently submitted,

11  was the Alyse Rafidi response, which I took to say get my name

12  right, would you --

13          MR. SAMIS:  Yes.

14          THE COURT:  -- kind of thing.

15          MR. SAMIS:  I believe that's accurate, Your Honor.

16  And up-front, I can address Ms. Rafidi's response, if you'd

17  rather have it done in that order.  Or I can go in order of the

18  objections.

19          THE COURT:  As -- as you wish, Counsel.

20          MR. SAMIS:  I guess we'll just go in order of the

21  objections then.  I think chronologically Ms. Rafidi's response

22  in that -- in the context of the chronological presentation

23  will make more sense.

24          THE COURT:  All right.

25          MR. SAMIS:  So, on the 13th objection to claims, it

1  was a multi-debtor duplicate objection.  Ms. Rafidi actually

2  had Claim Number 3111, was being expunged as a multi-debtor

3  duplicate.  The debtors are actually withdrawing their

4  objection with respect to that claim for administrative

5  convenience reasons, which I'll explain when I reach the

6  objection to her claim on the 16th omnibus objection.

7          THE COURT:  Okay.

8          MR. SAMIS:  The other claims that are listed that the

9  debtors would like to comment upon.  The ACE entities, these

10 claims are subject to a global stipulation that was actually

11 filed with the Court.  And I think in order -- in order -- the

12 Court's review is just -- is merely pending with respect to

13 that stipulation.

14         THE COURT:  All right.  I think I've acted on that.

15         MR. SAMIS:  Oh.

16         THE COURT:  Hold on.  Yes, I think I've acted on

17 that.

18         MR. SAMIS:  Oh, excellent.  Your Honor, also the --

19 the other claimants that are listed there are all plaintiffs in

20 the Rubio matter.  And the claims objection is going to be

21 resolved by the Rubio settlement agreement, that's been filed

22 under a 9019 motion with the Court.

23         Your Honor, that brings us to the 14th omnibus

24 objection.  The -- before I -- before I address any claims with

25 particularity on this objection, I'd just like to note that

1  Your Honor will recall that Mr. -- Mr. Aaron Celious (phonetic)

2  shortly after the inception of this case had moved for relief

3  from stay.  And in the colloquy between the Court and the

4  debtors, in resulting Mr. -- Mr. Celious's stay relief motion,

5  the Court instructed the debtors that we were to find some way

6  to deal with consumer claims in this case.  The debtors

7  acknowledged that.  Took it to heart.  And we went through --

8  we reviewed the claims register and we actually found -- and

9  Your Honor will also recall that there was talk of appointing a

10 consumer ombudsman in this case, pursuant to the plan, that

11 would evaluate these claims, communicate with the consumers,

12 direct them to the appropriate resources and -- and conduct

13 other activities of that nature.

14         After reviewing the claims register, the debtors

15 actually discovered that there are far fewer consumer claims

16 than we initially expected.  And I should -- I should note that

17 because of that fact, we were unable to find a consumer

18 ombudsman candidate that could be employed at a price that was

19 economical for the estates.  Thus, a decision was made to

20 address the consumer claims through the objection process.

21         That said, the debtors are not -- we're not taking a

22 heavy-handed approach with respect to the consumers.  What

23 we're really trying to do is push people to the table so that

24 we can engage in something that's more akin to a mediation and

25 discuss potential settlements with those claims that we think

1  have merit.

2         Furthermore, the debtors -- given our knowledge of

3  the claims at issue, and the knowledge of the case in general,

4  we think that we -- it actually might be more cost effective

5  and efficient than a consumer ombudsman who would have to come

6  in and start from scratch understanding the debtors' policies

7  and procedures.

8         So, the first batch of these claims that were

9  objected to on the fourth -- 14th omnibus objection are, for

10 the most part, claims that the debtors believe are largely the

11 responsibility of title insurers, either because the title

12 insurers are the more culpable co-defendant in the underlying

13 litigation, or the title insurance policies may cover the

14 causes of action that are at issue.

15        As such, we're engaged in negotiations with the

16 claimants to resolve the claims by a series of stipulations

17 that take those factors into account.  And we plan to engage in

18 a similar colloquy with the remaining consumer claimants, and

19 only litigate those claims where a negotiated settlement proves

20 hopelessly unworkable.

21        So, Your Honor, I've made those initial statements.

22 I think the Committee supports me, as well.

23        MR. CARICKHOFF:  Good morning, Your Honor.  David

24 Carickhoff of Blank Rome on behalf of the Creditors' Committee.

25        Your Honor, in addition to the debtors' analysis, the

1  Committee, as well, looked at this.  And we took to heart Your

2  Honor's concern with respect to consumer claimants.  Going

3  through the analysis, just so Your Honor has an idea of the

4  actual number of consumer claims, depending on how they're

5  defined, our understanding is that there are less than 100, and

6  probably less than 50 in this case.  So, based on the scale, we

7  thought it was more appropriate to try and address them on a

8  one all type basis and didn't think that the use of an

9  ombudsman in this case would be efficient.

10       THE COURT:  I'm -- I'm amazed, given the number of

11  loans this company made that it's that few.

12       MR. CARICKHOFF:  Thank you, Your Honor.

13       MR. SAMIS:  Your Honor, all that said, the consumer

14  claims that did -- the consumer claimants that did respond with

15  respect to the 14th omnibus objection we're currently

16  negotiating with.  So, there aren't any of those that are going

17  forward today.

18       Your Honor, the claim of Zhiwen Yu, which was Claim

19  Number 3463, it was a books and records objection, I actually

20  spoke with Mr. Yu last night.  He provided me with further

21  documentation and we believe his claim is now valid and we're

22  going to withdrawal our objection with respect to his claim.

23       Your Honor, the Hillsborough County Tax Collector

24  claims that are listed here are going to be subject to a global

25  settlement stipulation, that is going to be filed with the

1  Court shortly.

2           And, Your Honor, the CSHV Denver Tech Center, LLC

3  claim is also subject to a settlement stipulation that's going

4  to be filed with the Court.

5           THE COURT:  All right.  Thank you.

6           MR. SAMIS:  That brings us, Your Honor, to the 15th

7  omnibus objection.  The responses that we -- we would like to

8  discuss briefly here.  Countrywide Home Loans, we've spoken

9  with Countrywide.  The debtors now agree with Countrywide's

10 position and we're going to withdrawal our objection with

11 respect to their claim.

12          With respect to Clarion Mortgage Capital, we've

13 communicated with this claimant.  The claimant has decided to

14 withdrawal its response.

15          Hillsborough County Tax Collector claims are also

16 going to be resolved by the same global stipulation that I

17 mentioned.

18          And then, Your Honor, I would note also that Balboa

19 Life Insurance, which was Claim Number 3622, this was

20 inadvertently left off the status charts on the agenda.

21 However, it was included on the omnibus objection.  No response

22 was received.  So, the parties should not be prejudiced by the

23 objection.

24          And, Your Honor, I noticed on the call in sheet that

25 there is someone on the phone who is -- apparently on behalf of

1  Mr. -- on Pierre Augustin, he was Claim Number 3781, it was a

2  duplicate objection.  The remaining claim would be Claim Number

3  3759.  I didn't know if they had anything to say before I --

4  before I moved on.  I believe it's a Ms. Ngamra

5           MS. NGAMRA:  Bridgette Ngamra.

6           THE COURT:  Can you speak up, please?

7           MS. NGAMRA:  Good morning, Your Honor.  My name is

8  Bridgette Ngamra, and I'm speaking for my husband Pierre

9  Augustin.

10          THE COURT:  All right.  Do you have anything you'd

11 like to tell us?

12          MS. NGAMRA:  Uh, actually I -- Your Honor, I just

13 wanted to ask if you had the opportunity to read Pierre's

14 motions?

15          THE COURT:  I'm sorry.  I don't understand the

16 question?

17          MS. NGAMRA:  I just want to know if you had, Your

18 Honor, if you had the opportunity to read his motion.

19          THE COURT:  Well, we're on it now.

20          MR. SAMIS:  Your Honor, if I may -- if I may add just

21 one point?

22          THE COURT:  Go ahead.

23          MR. SAMIS:  Mr. Augustin filed a motion that is not

24 directly related to the claims objection in this case.  That

25 may be what she's referring to.

1        THE COURT:  All right.  And has that been scheduled

2  for hearing?

3        MR. SAMIS:  It has not ben calendared by the Clerk's

4  Office, Your Honor.

5        THE COURT:  Okay.  What do you think would be

6  appropriate?  To reschedule it for the next omnibus?

7        MR. SAMIS:  I think the debtors would be fine with

8  that, Your Honor.

9        THE COURT:  What's the nature of the -- of the

10  motion?

11        MR. SAMIS:  The nature -- essentially it's a -- it's

12  a motion that's seeking to have a late filed claim allowed, I

13  believe.  And the late filed claim is based upon a -- I think

14  alleged mortgage fraud.

15        THE COURT:  All right.  And is that the subject of

16  this claim objection?

17        MR. SAMIS:  It's not, Your Honor.  This -- this claim

18  objection is solely objecting to the duplicative nature of

19  another claim that was filed.  It's related in that the

20  remaining claim is the underlying claim that is -- that's

21  related to the motion.  But at the same time, we're merely

22  seeking to expunge the duplicate.

23        THE COURT:  All right.  Ms. Ngamra, do you understand

24  what we just said?

25        MS. NGAMRA:  No, not really.

1          THE COURT:  The motion -- the motion that you're

2 referring to, which I was unaware of, will be scheduled for our

3 next omnibus hearing.  What's the date of that?

4          MR. SAMIS:  It's May the 7th, Your Honor, 10 A.M.

5          THE COURT:  May the 7th.

6          MS. NGAMRA:  May 7th, okay.

7          THE COURT:  And the matter that's on for today is an

8 objection to a claim that the debtor says is a duplicate of

9 another claim.

10          MS. NGAMRA:  Okay.

11          THE COURT:  All right.  Do you have any other

12 questions?

13          MS. NGAMRA:  Uh, can I -- okay.  My husband said that

14 if you will please give the opportunity for rebuttal after we

15 hear what New Century has to say.  Because they are the one

16 that are objecting to the mortgage fraud claim that he has.

17          THE COURT:  Yes.  Again, I'm told, I haven't read it,

18 but I'm told that the motion doesn't -- that's schedule -- now

19 scheduled for hearing next month doesn't have anything to do

20 with the objection that's on for hearing today.  I'll tell you

21 what --

22          MS. NGAMRA:  Okay.

23          THE COURT:  -- let's just make it simple and push

24 this over to the next hearing date, as well.  Okay?

25          MR. SAMIS:  Fair enough.

1          THE COURT:  This will be carried over to May 7th, as

2  well.

3          MS. NGAMRA:  Okay.

4          THE COURT:  All right?

5          MS. NGAMRA:  So, on May 7, he will have -- we will

6  have another hearing?

7          MR. SAMIS:  That's correct.

8          THE COURT:  Yes.

9          MS. NGAMRA:  Okay.  And --

10          THE COURT:  And what time of day is that?

11          MR. SAMIS:  That's at 10 A.M. eastern standard --

12          THE COURT:  At 10 o'clock also eastern time.

13          MS. NGAMRA:  At 10 A.M., okay.

14          THE COURT:  Okay?  Now, I will tell you that if it's

15  your husband's intention to give testimony, either in support

16  of the motion or in opposition to the debtors' objection,

17  that's something that, more likely than not, I would require a

18  personal appearance for.  Because I find it difficult to judge

19  people's credibility over the telephone.  So, while we do

20  permit telephone appearances for many purposes, to the extent

21  that there is a presentation that involves -- which must

22  involve testimony under oath, and I don't know whether your

23  matter will or won't, it's unlikely that I would hear that

24  testimony by telephone.  So, I just need you to know that now.

25  Okay?

1          MS. NGAMRA:  Okay, sir.  I understand.

2          THE COURT:  All right.  Thank you.

3          MS. NGAMRA:  Thank you, sir.  Thank you, Your Honor.

4          MR. SAMIS:  Your Honor, that brings us to the 16th

5  omnibus objection claims.  The only matter that -- that is

6  going to take a little bit of exposition is the -- the claim by

7  Ms. Rafidi -- Ms. Alyse Rafidi.  Your Honor, Ms. Rafidi filed a

8  motion that the Court indicated that it would treat as a motion

9  for reconsideration, as Your Honor will probably recall.  And

10 that was with respect to Claim 3110 that was expunged on the

11 8th omnibus objection.

12         Although the motion was never officially calendared

13 for hearing by the Clerk's Office, the debtors subsequently

14 objected to Claim 3111, which was a duplicate of Claim 3110 on

15 the 13th omnibus objection.

16         That was the -- the -- the one that I discussed

17 earlier at today's hearing, but I said it would make more sense

18 when I discussed it in the global context of this omnibus

19 objection.

20         That objection was actually made in error due to the

21 pending motion for reconsideration.  I'm informed that because

22 the claim was never treated as expunged, given the pending

23 motion, it was accidentally swept up in a multi-debtor

24 duplicate analysis by the -- by the Alix Partners individuals

25 handling the claims.  And then it was objected to again on the

20

1  13th.  Of course, logically that doesn't make any sense because

2  you can't have a claim that duplicates a claim that was already

3  expunged.

4          THE COURT:  The evil of the omnibus objection.

5          MR. SAMIS:  Yes.  So, the debtors are going to

6  withdrawal the -- the objection on the 13th for administrative

7  purposes, and only ride through with the objection to Claim

8  3111 on the -- on a books and records basis.

9          THE COURT:  All right.

10          MR. SAMIS:  Nevertheless, I actually spoke with Ms.

11  Rafidi and Ms. Rafidi's mother, who indicated that she might

12  intend to appear telephonically today, a few days ago, I think

13  on Monday of this week.  And she indicated that her daughter

14  had, once again, fallen ill.  And the illness that she suffers

15  from, as Your Honor will remember from her motion for

16  reconsideration, due to -- stress related.  So, the inception

17  of the -- the onset of this hearing apparently brought on the

18  symptoms that she suffers from.

19          Now, Ms. Rafidi called me again this morning because

20  she only indicated that she might, and then she wanted to

21  follow-up this morning to indicate whether or not she was going

22  to.  And she said that she -- she said that she was going to be

23  unable to appear, and she asked me for a continuance of the

24  matter today.

25          Your Honor, I -- the debtors certainly don't oppose

1 the motion for reconsideration.  We think it's valid, we looked

2 at the documentation.

3          However, if Ms. Rafidi -- Ms. Rafidi's mother is not

4 an attorney.  And if she's going to -- it raises questions as

5 to whether or not she could even appear to represent her

6 daughter at the outset.

7          THE COURT:  Well, I -- here's the rule that I've kind

8 of developed over the years with respect to such matters.

9 There's this concept of next friend in the law.  And for

10 spouses or close relatives who wish to speak for others who

11 otherwise suffer from some disability or in which there's a

12 language issue, I typically will hear them and not require

13 counsel.  When it comes to, say, the family's accountant, I

14 don't want to hear from the accountant, then it's time to turn

15 to a lawyer.

16          So, that's kind of the rough practice I've developed.

17 But that doesn't solve the issue of actually getting somebody

18 to come to a hearing to address the motion.  I -- I -- counsel,

19 let me ask you to submit a form of order which resets the

20 hearing on the motion, which requires evidence of -- medical

21 evidence, written medical evidence of her inability to

22 participate in the hearing.  And the order should require

23 someone at the next hearing to appear in person or

24 telephonically on her behalf, or the -- or the order should

25 indicate that the Court would intend to deny the relief.

1          MR. SAMIS:  I understand, Your Honor.

2          THE COURT:  I mean at some point, we have to move on.

3          MR. SAMIS:  And that was going to be the debtors'

4   point, Your Honor, to the --

5          THE COURT:  Okay.

6          MR. SAMIS:  Your Honor, also on the 16th omnibus

7   objection, Maria Gonzales responded.  But after it was

8   explained to her that we were merely eliminating a multi-debtor

9   duplication, she withdrew her response.

10         And, again, Your Honor, the ACE entities, as well as

11  Tajvinder Bindra's claims are all being resolved by global

12  stipulations.  Or have -- ACE has been resolved, and I think

13  Mr. Bindra's order has also been entered, as well, so --

14         THE COURT:  Yes, I think so.

15         MR. SAMIS:  Your Honor, that brings us finally to the

16  17th omnibus objections.  The debtor has received no responses

17  to the 17th omnibus objection.  And that wraps up the omnibus

18  objections, Your Honor.

19         I'm just going to quickly pull out the orders for the

20  15th and -- and the 14th, so that we can amend them based upon

21  Your Honor's rulings here today.

22         THE COURT:  All right.

23         MR. SAMIS:  And then I will -- I'll approach with the

24  remainder of the orders.

25         THE COURT:  Okay.

23

1                        (Pause)

2              THE COURT:  Those orders have been signed.

3              MR. SAMIS:  Thank you, Your Honor.  Your Honor, this

4    brings us to the final matter that's on the agenda today, which

5    is the supplemental retention application for Ernst and Young.

6    The debtors filed a certificate of no objection with respect to

7    this, I think two days ago.  We had extended the objection

8    deadline for the Office of the United States Trustee, but Mr.

9    McMahon indicated that he was not taking a position with

10   respect to the supplemental retention.

11             I do have a form of order here with me in court if

12   Your Honor has o questions.

13             THE COURT:  I think I acted on that already.

14             MR. SAMIS:  We checked, I guess this morning.

15   Perhaps it just hasn't hit yet.

16             THE COURT:  It may not have hit yet.  I'm almost

17   possible.  I know I read it.  And I -- typically if I have a

18   question about it, either you hear from Ms. Hunt right away, or

19   if I know a hearing's coming up, I'll put it in the pile to

20   talk to you about.  And I do have one thing, but that's not it.

21             MR. SAMIS:  Well, Your Honor, I'm more than willing

22   to proceed to your one thing.

23             THE COURT:  All right.  Are you familiar at all with

24   the certification that was submitted concerning the Texas

25   controllers -- the stipulation with the Texas controllers?

1          MR. SAMIS:  Yes, Your Honor, I am.

2          THE COURT:  Okay.  I read the stipulation, and the

3  only question I had had to do with the allocation of the

4  priority portion of the claims.  Bear with me for one second.

5          MR. SAMIS:  Certainly.

6                    (Pause)

7          THE COURT:  The line under the refund was allocated

8  to Home 1-2-3.

9          MR. SAMIS:  Your Honor, I'm familiar with the

10  stipulation.  I'm not -- I don't know that I'm prepared to

11  answer that question.  I can certainly answer it under

12  certification.

13          THE COURT:  Okay.

14          MR. SAMIS:  If it -- because the business people

15  actually work this out, but I can get an answer to that.

16          THE COURT:  Yeah.

17          MR. SAMIS:  And then -- and then --

18          THE COURT:  I'm sure there's a reason, it just wasn't

19  apparently from the submission.

20          MR. SAMIS:  Um-hum.

21          THE COURT:  Okay.  If you would do that, I would

22  appreciate it.

23          MR. SAMIS:  Certainly.

24          THE COURT:  All right.  Well, that was my

25  housekeeping matter.

1              MR. SAMIS:  Very well.

2              THE COURT:  Is there anything else for today?

3              MR. SAMIS:  Your Honor, I believe that's it for

4    today.

5              THE COURT:  All right.  Thank you.  That concludes

6    this hearing.  Court will stand in recess.

7              MR. SAMIS:  Thank you very much, Your Honor.

8                   (Proceedings Adjourned 10:29 A.M.)

9                    (Proceedings Adjourn at ***)

10

11

12                   C E R T I F I C A T I O N

13

14         I, Karen Hartmann, certify that the foregoing is a

15   correct transcript to the best of my ability, from the

16   electronic sound recording of the proceedings in the above-

17   entitled matter.

18

19

20

21    /s/  Karen Hartmann                Date:

22   TRANSCRIPTS PLUS

23

24

25

**A**

**AARON-** 11:1
**ACCIDENTALLY-** 19:23
**ACCOUNT-** 12:17
**ACCOUNTANT-** 21:13,14
**ACCURATE-** 7:1 9:15
**ACE-** 10:9 22:10,12
**ACKNOWLEDGED-** 11:7
**ACTED-** 10:14,16 23:13
**ACTION-** 12:14
**ACTIVITIES-** 11:13
**ACTUAL-** 13:4
**ADD-** 6:25 15:20
**ADDITION-** 12:25
**ADDRESS-** 8:11,25 9:16
10:24 11:20 13:7 21:18
**ADJOURNED-** 25:8
**ADMINISTRATIVE-**
4:12 8:4 10:4 20:6
**ADVISED-** 6:16
**AFTERNOON-** 8:6
**AGENDA-** 4:4 5:7,11 9:7
14:20 23:4
**AGREE-** 14:9
**AGREEMENT-** 10:21
**AHEAD-** 5:22 6:24 15:22
**AKIN-** 11:24
**AL-** 1:10 2:32,36
**ALIX-** 19:24
**ALLEGED-** 16:14
**ALLOCATED-** 24:7
**ALLOCATION-** 24:3
**ALLOWED-** 16:12
**ALMADEN-** 3:12
**ALYSE-** 9:11 19:7
**AMAZED-** 13:10
**AMEND-** 22:20
**AMENDED-** 9:6
**AMERICA-** 2:5,25
**ANALYSIS-** 12:25 13:3 19:24
**ANDERSON-** 2:5

**ANGELES-** 2:23
**APPARENTLY-** 14:25
20:17 24:19
**APPEAR-** 20:12,23 21:5,23
**APPEARANCE-** 18:18
**APPEARANCES-** 1:23
2:1,18 3:1 18:20
**APPLICATION-** 4:18 6:20 23:5
**APPOINTING-** 11:9
**APPRECIATE-** 24:22
**APPROACH-** 7:20
11:22 22:23
**APPROPRIATE-**
11:12 13:7 16:6
**APPROXIMATELY-** 6:3
**APRIL-** 1:14
**AQUINO-** 3:10
**AREN'T-** 13:16
**ASHBY-** 1:36
**ASSUMPTION-** 4:10 8:3
**ATTORNEY-** 21:4
**AUGUSTIN-** 3:24
15:1,9,23
**AVENUE-** 1:38
2:13,27
**AWARE-** 6:12

**B**

**BAKER-** 2:30
**BALBOA-** 14:18
**BANK-** 2:5,25
**BANKRUPTCY-** 1:1,20
**BASED-** 13:6 16:13 22:20
**BASIS-** 13:8 20:8
**BATCH-** 12:8
**BAYARD-** 2:11
**BEAR-** 24:4
**BEN-** 1:37 2:42 16:3
**BINDRA'S-** 22:11,13
**BISCAYNE-** 2:47
**BIT-** 6:22 19:6

**BLANK-** 1:30 12:24
**BOOKS-** 13:19 20:8
**BOSTON-** 2:36
**BOULEVARD-** 2:47 3:12
**BOX-** 1:27
2:7,14,42
**BRIDGETTE-** 3:24 15:5,8
**BRIEF-** 5:20
**BRINGS-** 8:18 10:23 14:6 19:4
22:15 23:4
**BROUGHT-** 20:17
**BUSINESS-** 24:14

**C**

**CALENDARED-** 16:3 19:12
**CALIFORNIA-** 2:23
3:8,14
**CALL-** 14:24
**CALLED-** 20:19
**CAN'T-** 20:2
**CANDIDATE-** 11:18
**CAPITAL-** 2:12
14:12
**CAREY-** 1:19 5:15
**CARICKHOFF-** 1:31
12:23,24 13:12
**CARRIED-** 18:1
**CASE-** 1:6 11:2,6,10 12:3
13:6,9 15:24
**CAUSES-** 12:14
**CELIOUS-** 11:1
**CELIOUS'S-** 11:4
**CENTER-** 14:2
**CENTRE-** 1:32
**CENTURY-** 1:8 17:15
**CERTAINLY-** 20:25
24:5,11,23
**CERTIFICATE-** 23:6
**CERTIFICATES-** 7:6
**CERTIFICATION-**
8:5,13 23:24

**CHADBOURNE-** 2:35
**CHAPTER-** 1:7
**CHARTS-** 14:20
**CHASE-** 1:32
**CHECKED-** 23:14
**CHICAGO-** 3:20
**CHRIS-** 1:26 5:3
**CHRONOLOGICAL-** 9:22
**CHRONOLOGICALLY-**
9:21
**CLAIMANT-** 14:13
**CLAIMANTS-** 10:19
12:16,18 13:2,14
**CLAIMING-** 6:7
**CLARA-** 3:6
**CLARION-** 14:12
**CLERK'S-** 16:3 19:13
**CLOSE-** 21:10
**CO-DEFENDANT-**
12:12
**COLLECTOR-** 13:23
14:15
**COLLOQUY-** 11:3
12:18
**COME-** 12:5 21:18
**COMES-** 21:13
**COMING-** 23:19
**COMMENT-** 9:3 10:9
**COMMITTEE-** 1:30
6:20 12:22,24 13:1
**COMMUNICATE-** 11:11
**COMMUNICATED-**
14:13
**COMPANY-** 13:11
**COMPELLING-** 4:9,11 8:2,4
**CONCEPT-** 21:9
**CONCERN-** 13:2
**CONCERNED-** 6:6
**CONCERNING-** 23:24
**CONCLUDES-** 25:5
**CONDUCT-** 11:12
**CONFIRMATION-** 6:5

**CONNECTION-** 5:17
**CONSUMER-**
11:6,10,15,17,20
12:5,18 13:2,4,13,14
**CONSUMERS-** 11:11,22
**CONTAINED-** 8:21
**CONTEXT-** 9:22 19:18
**CONTINUANCE-** 20:23
**CONTINUED-** 2:2 3:2 5:8
8:22
**CONTRACT-** 4:11 8:3
**CONTROLLERS-** 23:25
**CONVENIENCE-** 10:5
**COPY-** 8:14
**CORPORATION-** 1:9
**CORROON-** 2:5
**COST-** 12:4
**COUNSEL-** 3:5 8:5,13 9:19
21:13,18
**COUNTRYWIDE-** 14:8,9
**COUNTRYWIDE'S-** 14:9
**COUNTY-** 3:5 13:23
14:15
**COUPLE-** 6:8
**COURSE-** 20:1
**COURT'S-** 7:13 10:12
**COVER-** 12:13
**CREDIBILITY-** 18:19
**CREDIT-** 2:35
**CREDITORS'-** 12:24
**CREMONA-** 2:26
**CSHV-** 14:2
**CULPABLE-** 12:12
**CURRENTLY-** 6:2 13:15

    D

**DATE-** 17:3,24
**DAUGHTER-** 20:13
21:6
**DAVID-** 1:31 12:23
**DAY-** 5:25 18:10

**DAYS-** 20:12 23:7
**DC-** 2:43
**DEADLINE-** 23:8
**DEAL-** 11:6
**DEBTOR-** 17:8 22:16
**DEBTORS'-** 5:12
12:6,25 18:16 22:3
**DECIDED-** 14:13
**DECISION-** 11:19
**DEFINED-** 13:5
1:2,9,11,28,34,38 ,39
**DELAWARE-** 2:9,13,15
**DENVER-** 14:2
**DENY-** 21:25
**DEPARTMENT-** 2:40
**DESK-** 8:9
**DEUTSCH-** 2:36
**DEVELOPED-**
21:8,16
**DIALOGUE-** 7:16
**DIDN'T-** 13:8 15:3
**DIFFICULT-** 18:18
**DINAPOLI-** 3:10,11
**DIRECTLY-** 15:24
**DISABILITY-** 21:11
**DISCOVERED-** 11:15
**DISCUSSIONS-** 5:24 6:1
**DISTRICT-** 1:2
**DIVISION-** 2:40
**DOCUMENTATION-**
5:13 13:21 21:2
**DOESN'T-** 17:18,19
20:1 21:17
**DOLLARS-** 6:3
**DON'T-** 7:9,22 8:6,8,14 9:4
15:15 18:22 20:25 21:14 24:10
**DONALD-** 2:31
**DOUGLAS-** 2:36
**DRIVE-** 3:18
**DUE-** 19:20 20:16
**DUPLICATE-** 10:1,3
15:2 16:22 17:8 19:14,24

**DUPLICATES-** 20:2
**DUPLICATION-** 22:9
**DUPLICATIVE-** 16:18

    E

**EARLIER-** 19:17
**EASTERN-** 18:11,12
**ECONOMICAL-** 11:19
**EFFECTIVE-** 12:4
**EFFICIENT-** 12:5 13:9
**ELECTRONIC-** 1:50
**ELIMINATING-** 22:8
**EMAIL-** 1:48
**EMPLOYED-** 11:18
**ENGAGE-** 11:24 12:17
**ENGAGED-** 12:15
**ENTERED-** 4:48
7:7,9,15 22:13
**ENTITIES-** 10:9
22:10
**ENTITLED-** 6:7
**ENTRY-** 7:13
**ERIC-** 2:12
**ERNST-** 4:19 23:5
**ERROR-** 19:20
2:6,12,21,26,31,3 6,41,46
**ESSENTIALLY-** 16:11
**ESTATE-** 1:36 2:12 3:16
**ESTATES-** 11:19
**ESTIMATE-** 6:2
**ESTIMATED-** 6:15
**ESTIMATING-** 5:25
**ET-** 1:10 2:32,36
**EVALUATE-** 11:11
**EVERYONE-** 6:18
**EVIDENCE-**
21:20,21
**EVIL-** 20:4
**EXCELLENT-** 10:18
**EXCEPT-** 9:5
**EXECUTION-** 8:23

**EXECUTORY-** 4:10 8:3
**EXPECTED-** 11:16
**EXPLAIN-** 10:5
**EXPLAINED-** 22:8
**EXPOSITION-** 19:6
**EXPUNGE-** 16:22
**EXPUNGED-** 10:2 19:10,22
20:3
**EXTENDED-** 23:7
**EXTENT-** 18:20

    F

**FACSIMILE-** 1:47
**FACTORS-** 12:17
**FAIR-** 17:25
**FALLEN-** 20:14
**FAMILY'S-** 21:13
**FAR-** 11:15
**FEMALE-** 5:2
**FIDELITY-** 2:30
**FINAL-** 23:4
**FINALLY-** 22:15
**FIND-** 11:5,17
18:18    **FINE-** 16:7
**FINGER-** 1:25 5:4
**FIRM-** 2:11
**FIRMED-** 6:4
**FIRST-** 2:36 12:8
**FLOOR-** 1:38 3:7,19
**FLORIDA-** 2:48
**FOLLOW-UP-** 20:21
**FORM-** 21:19 23:11
**FORWARD-** 8:19
9:1,10 13:17
**FOUND-** 11:8
**FOURTH-** 12:9
**FRANKLIN-** 2:42
**FRAUD-** 16:14
17:16
**FRIEND-** 21:9
**FURTHER-** 7:16

13:20
**FURTHERMORE-** 12:2

G

**GABRIEL-** 2:6
**GEDDES-** 1:36
**GEHT-** 2:41
5:9,18,19,23
7:3,4
**GENERAL-** 12:3
**GERALDINE-** 3:22
**GET-** 6:4,14
8:11,14 9:11
24:15
**GIVE-** 17:14 18:15
**GIVEN-** 6:18 12:2
13:10 19:22
**GLOBAL-** 8:23
10:10 13:24 14:16
19:18 22:11
**GO-** 5:22 6:20,24
9:17,20 15:22
**GONZALES-** 22:7
**GOOD-** 5:1,2,3
12:23 15:7
**GRANT-** 2:45
**GRANTED-** 7:14
**GREATER-** 2:45
**GROUNDS-** 5:13
**GUESS-** 9:20 23:14

H

**HALF-** 6:3
**HANDLING-** 19:25
**HANDS-** 6:10
**HASN'T-** 23:15
**HASTINGS-** 3:16
**HAVEN'T-** 17:17
**HEAR-** 5:15 17:15
18:23 21:12,14
23:18

**HEARD-** 5:16
**HEARING'S-** 23:19
**HEARNE-** 2:46
**HEART-** 11:7 13:1
**HEAVY-HANDED-**
11:22
**HEDDING-** 3:7
**HERCULES-** 2:7
**HERE'S-** 21:7
**HILL-** 7:13,15
**HILLSBOROUGH-**
13:23 14:15
**HIT-** 23:15,16
**HOLD-** 10:16
**HOLDINGS-** 1:8
**HOME-** 14:8 24:8
**HONOR'S-** 13:2
22:21
**HONORABLE-** 1:19
**HOPE-** 1:45 2:22
6:4
**HOPELESSLY-** 12:20
**HOSTETLER-** 2:30
**HOUSEKEEPING-** 24:25
**HUNT-** 23:18
**HUSBAND-** 15:8
17:13
**HUSBAND'S-** 18:15

I

**I'D-** 10:25
**I'LL-** 5:6 8:11,25
10:5 17:20 22:23
23:19
**I'M-** 13:10
15:8,15 17:17,18
19:21 22:19
23:16,21
24:9,10,18
**I'VE-** 10:14,16
12:21 21:7,16
**ILL-** 20:14

**ILLINOIS-** 3:20
**ILLNESS-** 20:14
**INABILITY-** 21:21
**INADVERTENTLY-**
14:20
**IN-BOX-** 8:9
**INC-** 1:8 2:45 3:17
**INCEPTION-** 11:2 20:16
**INDEX-** 4:2
**INDICATED-** 6:5
19:8 20:11,13,20
23:9
**INFORMED-** 19:21
**INITIAL-** 12:21
**INITIALLY-** 11:16
**INSTRUCTED-** 11:5
**INSUFFICIENT-**
5:13
**INSURANCE-** 12:13
14:19
**INSURERS-**
12:11,12
**INTEND-** 20:12
21:25
**INTENTION-** 18:15
**INTERNAL-** 2:40
5:10
**INVOLVE-** 18:22
**INVOLVES-** 18:21
**IRS-** 5:13
**ISSUE-** 12:3,14
21:12,17
**ISSUES-** 6:8,9
**ITEM-** 5:12
**ITEMS-** 4:4,6,7

J

**JAN-** 2:41 5:19
**JANOFSKY-** 3:16
**JEFFREY-** 2:46
**JOHN-** 3:11
**JOIN-** 5:20

**JOINT-** 6:20
**JOSE-** 3:8,14
**JUDGE-** 1:20 5:15
18:18
**JURISDICTION-**
6:21
**JUSTICE-** 2:40

K

**KAYE-** 2:25
**KEENAN-** 1:37
**KEVIN-** 1:19
**KIMBERLY-** 3:17
**KNOWLEDGE-** 12:2,3

L

**LANGUAGE-** 21:12
**LARGELY-** 12:10
**LATE-** 16:12,13
**LAWYER-** 21:15
**LAYTON-** 1:25 5:4
**LEFT-** 14:20
**LEGAL-** 2:45
**LESLIE-** 1:41 7:13
**LET'S-** 5:22 17:23
**LINE-** 24:7
**LISTED-** 10:8,19
13:24
**LITIGATE-** 12:19
**LITIGATION-** 12:13
**LIZANNE-** 3:6
**LLC-** 14:2
**LLP-** 1:30
2:5,20,30,35
**LOANS-** 13:11 14:8
**LOGICALLY-** 20:1
**LOOKED-** 9:9 13:1 21:1
**LOS-** 2:23
**LOT-** 7:11

M

**MACCONAILL-** 2:6

**MAGNITUDE-** 6:19

**MAKE-** 8:15 9:23
17:23 19:17 20:1

**MANHATTAN-** 1:32

**MANY-** 8:20 18:20

**MARIA-** 22:7

**MARKET-** 1:10,33
2:8

**MATTERS-** 5:8 7:5
8:19 21:8

**MCMAHON-** 23:9

**MEDIATION-** 11:24

**MEDICAL-** 21:20,21

**MERELY-** 10:12
16:21 22:8

**MERIT-** 12:1

**MERLIN-** 2:45

**MERSCORP-** 4:9 8:2

**MIAMI-** 2:45,48

**MILLION-** 6:3,22

**MINDFUL-** 6:18

**MONDAY-** 20:13

**MONTH-** 17:19

**MORNING-** 5:1,2,3
12:23 15:7
20:19,21 23:14

**MORTGAGE-** 14:12
16:14 17:16

**MOTHER-** 20:11
21:3

**MOTIONS-** 7:6
15:14

**MOVANT-** 8:7,13

**MOVE-** 22:2

**MOVED-** 11:2 15:4

**MUCH-** 25:7

**MULTI-DEBTOR-**
10:1,2 19:23 22:8

**MURIN-** 1:41

**MYERS-** 2:20 5:9

N

**NATIONAL-** 2:30 6:11

**NATIXUS-** 2:11

**NEG-** 6:1

**NEGOTIATED-** 12:19

**NEGOTIATING-**
13:16

**NEGOTIATION-** 8:23

**NEGOTIATIONS-** 7:1
12:15

**NEVERTHELESS-**
20:10

**NEW-** 1:8,45
2:28,33,38 17:15

**NEWMARCH-** 3:17

**NICHOLAS-** 2:26

**NIGHT-** 13:20

**NOTE-** 10:25 11:16 14:18

**NUMBERS-** 8:20

O

**O'MELVENY-** 2:20 5:9

**OBJECTED-** 12:9
19:14,25

**OBJECTING-** 16:18 17:16

**OBJECTIONS-** 8:19,21,22
9:1,18,21 22:16,18

**OFFICE-** 3:5 6:12
16:4 19:13 23:8

**OFFICIALLY-** 19:12

**OMBUDSMAN-**
11:10,18 12:5 13:9

**ONE-** 1:27 13:8
15:21 17:15 19:16
23:20,22 24:4

**ONSET-** 20:17

**OPEN-** 6:17

**OPPOSE-** 20:25

**OPPOSITION-** 18:16

**ORDER-** 4:9
7:13,17 8:2

9:17,20 10:11
21:19,22,24 22:13
23:11

**ORDERS-** 7:7,21 22:19,24
23:2

**OTHERWISE-** 9:3 21:11

**OUTSET-** 21:6

**OVERPAYMENT-** 6:15

P

**PARTIAL-** 6:13,17,19

**PARTICIPATE-** 21:22

**PARTICIPATING-** 5:10

**PARTICULARITY-** 10:25

**PARTIES-** 6:13
14:22

**PARTNERS-** 19:24

**PAST-** 8:20

**PAUL-** 3:16

**PAUSE-** 23:1 24:6

**PAYMENT-** 4:11 8:4

**PENDING-** 8:22
10:12 19:21,22

**PENNSYLVANIA-**
1:45

**PEOPLE-** 11:23
24:14

**PEOPLE'S-** 18:19

**PERHAPS-** 23:15

**PERMIT-** 18:20

**PERSON-** 21:23

**PERSONAL-** 18:18

**PHONE-** 5:17 8:15 14:25

**PIERRE-** 3:24
15:1,8

**PIERRE'S-** 15:13

**PILE-** 23:19

**PLAINTIFFS-** 10:19

**PLAN-** 11:10 12:17

**PLAZA-** 2:7,32,37

**PLEASES-** 8:25

**PO-** 1:27          2:7,14,42

**POLICIES-** 12:6,13

**PORTION-** 24:4

**POSITION-** 6:16
14:10 23:9

**POSSIBILITY-** 6:17

**POTENTIAL-**
6:13,19 11:25

**POTTER-** 2:5

**PRACTICE-** 21:16

**PREJUDICED-** 14:22

**PREPARED-** 24:10

**PRESENTATION-**
9:22 18:21

**PRICE-** 11:18

**PRIORITY-** 24:4

**PRO-** 3:22

**PROCEDURES-** 12:7

**PROCEED-** 23:22

**PROCEEDINGS-** 1:50
25:8

**PRODUCED-** 1:51

**PROVES-** 12:19

**PROVIDED-** 13:20

**PULL-** 22:19

**PULLIAM-** 3:22

**PURSUANT-** 11:10

**PUSH-** 11:23 17:23

Q

**QUICKLY-** 22:19

R

**RAFIDI-** 9:11 10:1
19:7 20:11,19
21:3

**RAFIDI'S-** 9:16,21
20:11 21:3

**RAISES-** 21:4

**RANGE-** 6:6

**RATHER-** 9:17

**RE-** 1:6

REACH- 10:5
REACHED- 7:16 9:2
REASON- 24:18
REASONS- 10:5
REBUTTAL- 17:14
RECEIVED- 14:22
22:16
RECENTLY- 9:10
RECONSIDERATION-
4:8 7:12,15
19:9,21 20:16
21:1
RECORDED- 1:50
RECORDING- 1:50
RECORDS- 13:19
20:8
REFLECTS- 7:17
REFUND-
6:14,17,19,21
24:7
REGISTER- 11:8,14
REJECTION- 4:10
8:3
RELATIVES- 21:10
RELIEF- 7:6,14
11:2,4 21:25
REMAINDER- 22:24
REMAINING- 12:18
15:2 16:20
REPRESENTATION-
7:1
REQUESTED- 7:14
REQUIRE- 18:17
21:12,22
REQUIRES- 21:20
RESCHEDULE- 16:6
RESETS- 21:19
RESOLVE- 12:16
RESOLVED- 10:21
14:16 22:11,12
RESOLVING- 6:9
8:5,23
RESOURCES- 11:12

RESPECT- 7:7
10:4,12 11:22
13:2,15,22
14:11,12 19:10
21:8 23:6,10
RESPOND- 13:14
RESPONDED- 22:7
RESPONSE-
5:16,24,25
9:11,16,21
14:14,21 22:9
RESPONSES- 9:6
14:7 22:16
RESPONSIBILITY-
12:11
RESULTING- 11:4
RETENTION- 4:18
23:5,10
REVENUE- 2:41
5:10
REVIEWED- 11:8
REVIEWING- 11:14
REYNOLDS- 3:6
RICHARDS- 1:25
5:4
RIDE- 20:7
ROCKEFELLER-                     2:32,37
RODNEY- 1:27
ROME- 1:30 12:24
ROUGH- 21:16
RUBIO- 10:20,21
RULE- 21:7
RULINGS- 22:21

                    S

SAN- 3:8,14
SANTA- 3:6
SAVE- 7:22
SCALE- 13:6
SCHEDULE- 17:18
SCHEDULED- 16:1
17:2,19

SCHOLER- 2:25
SCRATCH- 12:6
SECOND- 24:4
SECURITIES- 1:37
3:17
SEEKING- 16:12,22
SEEN- 8:7
SERIES- 12:16
SERVICE- 1:43,51
2:41 5:10,23
6:7,11,17
SERVICE'S- 6:2,14
SERVICES- 2:31,45
SETTLEMENT-
7:16,18 9:2 10:21
12:19 13:25 14:3
SETTLEMENTS-
11:25
SHE'S- 15:25 21:4
SHEET- 14:24
SHORTLY- 11:2
14:1
SIBLEY- 3:10
SIGNED- 23:2
SIMILAR- 12:18
SIMPLE- 17:23
SLOW- 6:22
SOLELY- 16:18
SOLVE- 21:17
SOUND- 1:50
SOUTH- 2:22
SPEAKERS- 5:2
SPECIFIC- 9:4
SPOKEN- 14:8
SPOUSES- 21:10
SQUARE- 1:27
STAND- 25:6
STANDARD- 18:11
START- 12:6
STATEMENTS- 12:21
STATION- 2:42
STATUS- 5:11
14:20

STAY- 7:6 11:3,4
STIPULATION-
10:10,13 13:25
14:3,16 23:25
24:2,10
STIPULATIONS-
8:23 12:16 22:12
STREET- 1:10,33
2:8,22 3:7
STRESS- 20:16
SUBMISSION- 24:19
SUBMITTED- 9:10
23:24
SUBSEQUENTLY-
19:13
SUFFER- 21:11
SUFFERS- 20:14,18
SUISSE- 2:35
SUITE- 1:33
2:13,47 3:13
SUPPLEMENTAL-
4:18 23:5,10
SUPPORT- 18:15
SUPPORTS- 12:22
SUTTY- 2:12
SUZZANNE- 2:21
SWEPT- 19:23
SYMPTOMS- 20:18

                    T

TABLE- 6:8 11:23
TAJVINDER- 22:11
TAKING- 11:21
23:9
TAX- 2:40 6:9
13:23 14:15
TAXATION- 6:21
TAXPAYER'S- 6:10
TAXPAYERS- 6:12
TECH- 14:2
TECHNICAL- 6:9
TELEPHONE- 1:46

18:19,20,24
**TELEPHONIC-** 2:18
3:1
**TELEPHONICALLY-**
5:10 20:12 21:24
**TEN-** 3:12
**TERMS-** 7:17
**TESTIMONY-**
18:15,22,24
**TEXAS-** 23:24,25
**THERE'S-** 7:11 8:9 21:9,11
24:18
**THESE-** 7:8 8:21
10:9 11:11 12:8
**THEY'RE-** 6:10
8:19 13:4
**THREE-** 6:3
**THUS-** 8:25 11:19
**TIME-** 6:4,9 16:21
18:10,12 21:14
**TITLE-** 12:11,13
**TODAY-** 5:4 7:17
8:14,19 13:17
17:7,20 20:12,24
22:21 23:4 25:2,4
**TODAY'S-** 19:17
**TOOK-** 9:11 11:7 13:1
**TREAT-** 19:8
**TREATED-** 19:22
**TRS-** 1:8
**TRUSTEE-** 23:8
**TURN-** 21:14
**TWO-** 23:7
**TYPICALLY-** 21:12 23:17

U

**UBS-** 1:36 3:16
**UHLAND-** 2:21 5:9,14,20
**UMHUM-** 24:20
**UNABLE-** 11:17 20:23
**UNAWARE-** 17:2
**UNDERLYING-** 12:12 16:20

**UNITED-** 1:1,20
23:8
**UNLIKELY-** 18:23
**UNWORKABLE-** 12:20
**UPDATE-** 5:11
**UPFRONT-** 9:16

V

**VALID-** 13:21 21:1
**VERSUS-** 6:7

W

**WACKER-** 3:18
**WAIT-** 5:20
**WALK-** 5:6
**WALKER-** 3:16
**WASHINGTON-** 2:43
**WASN'T-** 24:18
**WE'LL-** 6:15 9:20
**WE'RE-** 11:21,23
12:15 13:15,21
14:10 15:19 16:21
**WE'VE-** 6:1,16
14:8,12
**WEEK-** 20:13
**WEST-** 3:7
**WHAT'S-** 16:9 17:3
**WILLING-** 23:21
**WILMINGTON-**
1:11,28,34,39
2:9,15
**WISH-** 9:19 21:10
**WITHDRAWAL-** 13:22
14:10,14 20:6
**WITHDRAWING-** 10:3
**WITHDRAWN-** 9:1
**WITHDREW-** 22:9
**WON'T-** 18:23
**WORK-** 24:15
**WORKMAN-** 2:31
**WRAPS-** 22:17

**WRITING-** 6:10
**WRITTEN-** 21:21

Y

**YEARS-** 21:8
**YESTERDAY-** 7:7
8:6
**YORK-** 2:28,33,38
**YOU'D-** 5:20 9:16
15:10
**YOUNG-** 4:19 23:5
**YU-** 13:18,20

Z

**ZERO-** 6:15