# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket Nos. 4261 and 4738 |

**STIPULATION BETWEEN DEBTORS AND THE COLLECTOR OF REVENUE,
CITY OF ST. LOUIS, MISSOURI RESOLVING THE DEBTORS'
EIGHTH OMNIBUS OBJECTION TO CLAIMS AND ESTABLISHING
THE TREATMENT OF CLAIM NO. 3341**

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors")[1], filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, On June 28, 2007, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice Thereof* [Docket No. 1721], whereby, among other things, the Court established August 31, 2007 as the deadline for filing prepetition claims against the Debtors, except for claims held by Governmental Units as that term is defined under section 101(27) of the Bankruptcy Code; and

---

[1] New Century Warehouse Corporation ("NC Warehouse"), a California Corporation that is a wholly-owned subsidiary of New Century TRS, filed its chapter 11 petition on August 3, 2007, rather than on April 2, 2007 with the other Debtors. The deadline for filing prepetition claims against New Century Warehouse, other than claims held by "Governmental Units" as such term is defined under section 101(27) of the Bankruptcy Code, was December 14, 2007.

RLF1-3267728-1

WHEREAS, the Collector of Revenue, City of St. Louis, Missouri (the "Taxing Authority") filed a proof of claim relating to amounts allegedly due and owing for property taxes for the tax years 2006-2007 due on property titled in the names of the Debtors; and

WHEREAS, on December 28, 2007, the Debtors filed the *Debtors' Eighth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims* [Docket No. 4261] (the "Eighth Omnibus Objection"), whereby the Debtors, among other things, objected to Claim Nos. 3341 on the basis that the claim was not supported by the Debtors' books and records; and

WHEREAS, the Taxing Authority has formally responded to the relief requested in the Eighth Omnibus Objection by filing the *Response of Gregory F. X. Daly, Collector of Revenue, City of St. Louis to Debtors' Objection to Claim #3341* [Docket No. 4738]; and

WHEREAS, the Debtors and the Taxing Authority have continued the hearing on the Eighth Omnibus Objection, as it relates to the Taxing Authority in an effort to allow the parties an opportunity to pursue settlement negotiations relating to the Eighth Omnibus Objection and the ultimate treatment of Claim No. 3341; and

WHEREAS, after extensive negotiations between the parties, the Debtors and the Taxing Authority have reached a resolution regarding the Eighth Omnibus Objection and the treatment of Claim No. 3341; and

WHEREAS, Claim No. 3341 is predicated on real property taxes; and

WHEREAS, the Debtors have no current interest in the real properties that are the subject of Claim No. 3341 other than bare legal title; and

RLF1-3267728-1

WHEREAS, the Debtors hereby disclaim any and all interest in the real properties that are the subject of Claim No. 3341;

NOW, THEREFORE, in consideration of the foregoing, and subject to the Court's approval of this Stipulation, the Debtors and the Taxing Authority hereby agree and stipulate as follows:

1. The Debtors hereby represent that they have no interest in the real properties that are the subject of Claim No. 3341 other than bare legal title.

2. Claim 3341 is disallowed and expunged in its entirety.

3. Except as otherwise set forth in this Stipulation, in consideration of the commitments made herein, the Taxing Authority agree to completely release and forever discharge the Debtors from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or state law and whether for damages (either compensatory, exemplary or aggravated) or equitable relief, which the Taxing Authority have or may have against the Debtors.

4. In consideration of the commitments made herein, the Debtors hereby agree to completely release and forever discharge the Taxing Authority from any and all claims, rights, demands, actions, liabilities, obligations, causes of action of any and all kinds, nature and character whatsoever, known or unknown, whether based on a tort, including but not limited to a negligent or intentional tort, contract (implied, oral or written), statute or any other theory of recovery under any international, federal or state law and whether for damages (either compensatory, exemplary or aggravated) or equitable relief, which the Debtors have or may have against the Taxing Authority.

5. This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. Any such modification, alteration,

amendment or vacation in whole or part shall be subject to the approval of the Court. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

6. This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

7. The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of this 15th day of April, 2008.

/s/ Anthony J. Sestric
Anthony J. Sestric
The Sestric Law Firm
3967 Holly Hills Blvd.
St. Louis, MO 63116-3135
(314) 351-2512
(314-351-2396 (Fax)

ATTORNEYS FOR TAXING AUTHORITY

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION