## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

### ORDER GRANTING STIPULATION
### BETWEEN THE ACE COMPANIES AND DEBTORS
### AMENDING AND ALLOWING CERTAIN CLAIMS OF THE ACE COMPANIES

AND NOW, upon consideration of the foregoing Stipulation, and good cause appearing for approval thereof, IT IS HEREBY ORDERED THAT:

1. The Stipulation attached hereto as Exhibit A is APPROVED.

2. Without prejudice to the ACE Companies' rights against each of the Debtors, each of the ACE American Surviving Claim, Bankers Surviving Claim, INA Insurance Surviving Claim, INA Surety Surviving Claim, and IINA Surviving Claim (collectively, the "Surviving Claims") shall remain on the Debtors' claim register against New Century Mortgage Corporation.

3. Without prejudice to the ACE Companies' rights against each of the Debtors to amend the Surviving Claims at any time to: (i) assert joint and several liability against some or all of the Debtors with respect to the Surviving Claims, (ii) modify the Debtor(s) against which the Surviving Claims are asserted, and/or (iii) amend the amounts of the Surviving Claims, the Debtors and the ACE Companies agree that, other than the Surviving Claims, upon Court approval of this Stipulation, the Proofs of Claim are expunged.

4. The Debtors shall not seek to have any Surviving Claim disallowed, reduced or expunged solely on the basis that such Surviving Claim is asserted against New Century Mortgage Corporation rather than another Debtor or Debtors.

5. For voting purposes only, and without prejudice to the ACE Companies' rights, *inter alia*, to amend any or all Surviving Claims to a greater amount, at any time, each of the ACE American Surviving Claim, the Bankers Surviving Claim and the INA Insurance Surviving Claim is deemed (i) an Allowed Secured Claim against the estate of New Century Mortgage Corporation and (ii) to the extent of any deficiency, an Allowed Other Unsecured Claim in the amount of $1.00 against the estate of New Century Mortgage Corporation.

6. For voting purposes only, and without prejudice to the ACE Companies' rights to amend any or all Surviving Claims to, , *inter alia*, increase the amount of such Surviving Claims to a greater amount, at any time, each of the INA Surety Surviving Claim and the IINA Surviving Claim is deemed is deemed an Allowed Other Unsecured Claim in the amount of $1.00against the estate of New Century Mortgage Corporation.

7. Without limiting the foregoing rights, the ACE Companies shall have the right to amend the Surviving Claims, at any time, as provided in the Stipulation; and any such amendment shall not be subject to any bar date for filing claims.

8. Except as provided in the Stipulation, the ACE Companies shall not be permitted to amend the Surviving Claims for any other reasons, including amendments or additions to the grounds for liability asserted in the Insurance Claims.

9. To the extent that any portion of any Surviving Claim arises pursuant to an insurance policy or related agreement or bond or related agreement listed on Exhibit A to the Plan or arises after the Petition Date, such portion of such Surviving Claim shall be an Allowed

Administrative Claim pursuant to the Plan and the Debtors are directed, subject only to paragraph 9 of the Stipulation, to pay such Allowed Administrative Claim to the ACE Companies in the ordinary course of business without the need or requirement for the ACE Companies to file a request, application, claim or motion requesting allowance and/or payment of such Allowed Administrative Claim.

10. The Debtors expressly reserve their right to object to any of the Surviving Claims for any reason except that the Debtors hereby waive any right to object to any Surviving Claim on the basis that (i) the Surviving Claim is filed against New Century Mortgage Corporation as opposed to another Debtor or Debtors or (ii) an amendment to a Surviving Claim was untimely or is filed to change the entity against which the claim is made; and only for this purpose, Local Rule 3007-1(f)(iii) shall not apply to prevent the Debtors from asserting such objection.

11. The temporary valuation of the each of the Surviving Claims for voting purposes shall not affect the valuation of each of the Surviving Claims for the purposes of a distribution from the Debtors' estate.

12. The Thirteenth Omnibus Objection is hereby withdrawn with respect to the Claims (or any portion(s) thereof).

13. The Sixteenth Omnibus Objection is hereby withdrawn with respect to the Claims (or any portion(s) thereof).

14. To the extent of any inconsistency between (i) this Stipulation and (ii) the Plan, the Disclosure Statement, the Confirmation Order or any other document, agreement or order, the terms of this Stipulation shall control.

15. No later than three (3) business days after the date of this order, the Debtors are directed to serve a copy of the order on all parties upon all whom are entitled to notice and are directed to file a certificate of service no later than two (2) business days after service.

Dated: __April 16__, 2008
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE