# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,** | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

## STIPULATION BETWEEN THE ACE COMPANIES AND DEBTORS AMENDING AND ALLOWING CERTAIN CLAIMS OF THE ACE COMPANIES

This Stipulation Between The ACE Companies And Debtors Amending And Allowing Certain Claims Of The ACE Companies (the "Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[1] and ACE American Insurance Company, Indemnity Insurance Company of North America, Bankers Standard Insurance Company, and Insurance Company of North America (together with each of their affiliates, the "ACE Companies"), by their respective counsel.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

## RECITALS

A. On or about April 2, 2007 (the "Initial Petition Date"), the Debtors (other than New Century Warehouse Corporation, the "NC Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are jointly administered as Case No. 07-10416.

B. On August 3, 2007 (together with the "Initial Petition Date", the "Petition Date"), New Century Warehouse Corporation (together with the NC Debtors, the "Debtors") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

C. On or about August 31, 2007, ACE American Insurance Company, Bankers Standard Insurance Company, and Insurance Company of North America timely filed proofs of claim against each of the Debtors for claims arising under insurance policies and related agreements[2] (collectively, the "Insurance Claims").

D. On or about August 31, 2007, Insurance Company of North America and Indemnity Insurance Company of North America timely filed proofs of claim against each of the Debtors for claims arising under certain bonds and related agreements[3] (collectively, the "Surety Claims"; and together with the "Insurance Claims," the "Claims").

E. The Insurance Claims include the following:

1. ACE American Insurance Company filed proof of claim numbers 2541, 2578, 2610, 2611, 2612, 2613, 2614, 2615, 2616, 2617, 2618, 2619, 2620, 2621, 2622, and 2623 (collectively, the "ACE American Proofs of Claim");

---

[2] The insurance policies and related agreements are more particularly described in the Claims.

[3] The bonds and related agreements are more particularly described in the Claims.

2. Bankers Standard Insurance Company filed proof of claim numbers 2692, 2693, 2694, 2695, 2696, 2697, 2698, 2699, 2700, 2701, 2702, 2703, 2704, 2705, 2706, and 3018 (collectively, the "Bankers Proofs of Claim"); and

3. Insurance Company of North America filed proof of claim numbers 2707, 2708, 2709, 2710, 2711, 2712, 2713, 2714, 2715, 2716, 2717, 2718, 2719, 2720, 2721, and 2722 (collectively, the "INA Insurance Proofs of Claim").

F. The Insurance Claims are secured by letters of credit and may also be secured by cash collateral, paid loss deposit funds, loss reimbursement funds and/or other amounts held by the ACE Companies, as security.

G. The Surety Claims include the following:

1. Insurance Company of North America filed proof of claim numbers 2959, 2723, 2738, 2739, 2950, 2951, 2952, 2953, 2955, 2960, 2962, 2963, 2968, 2971, and 2974 (collectively, the "INA Surety Proofs of Claim"); and

2. Indemnity Insurance Company of North America filed proof of claim numbers 2982, 2985, 2989, 2991, 2996, 3001, 3007, 3009, 3010, 3012, 3013, 3014, 3016, 3019, 3021, and 3023 (collectively, the "IINA Proofs of Claim").

H. On or about February 4, 2008, the Debtors filed their Thirteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Multiple-Debtor Duplicate Claims (the "Thirteenth Omnibus Objection") pursuant to which the Debtors objected to certain of the Claims.

I. On or about March 7, 2008, the Debtors filed the Sixteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient

3

Documentation Claims; (C) Multiple Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims (the "Sixteenth Omnibus Objection" and together with the Thirteenth Omnibus Objection, the "Omnibus Objections") pursuant to which the Debtors objected to certain of the Claims.

J. On or about February 2, 2008, the Debtors filed a Joint Chapter 11 Plan Of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "Plan") and the accompanying Disclosure Statement[4].

K. The Debtors and the ACE Companies (collectively, the "Parties") have agreed to resolve the Claims, as provided herein, subject to the ACE Companies' rights to amend the Claims at any time, in accordance with and pursuant to the terms of this Stipulation.

NOW, THEREFORE, THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1. The recitals set forth in Paragraphs A through J above are incorporated herein by this reference.

2. Upon Court approval of this Stipulation, for administrative convenience only, and without prejudice to the ACE Companies' rights against any of the Debtors, the ACE American Proofs of Claim are deemed consolidated into proof of claim number 2617 (the "ACE American Surviving Claim"), the Bankers Proofs of Claims are deemed consolidated into proof of claim number 2695 (the "Bankers Surviving Claim"), the INA Insurance Proofs of Claim are deemed consolidated into proof of claim number 2711 (the "INA Insurance Surviving Claim"), the INA Surety Proofs of Claim are deemed consolidated into proof of claim number 2953 (the

---

[4] Terms not defined herein shall have the meaning attributed to them in the Disclosure Statement or Plan.

"INA Surety Surviving Claim"), and the IINA Proofs of Claim are deemed consolidated into proof of claim number 3001 (the "IINA Surviving Claim").

3. Upon Court approval of this Stipulation, and without prejudice to the ACE Companies' rights against each of the Debtors, each of the ACE American Surviving Claim, Bankers Surviving Claim, INA Insurance Surviving Claim, INA Surety Surviving Claim, and IINA Surviving Claim (collectively, the "Surviving Claims") shall remain on the Debtors' claim register against New Century Mortgage Corporation.

4. For administrative convenience only, and without prejudice to the ACE Companies' rights against each of the Debtors to amend the Surviving Claims at any time to: (i) assert joint and several liability against some or all of the Debtors with respect to the Surviving Claims and the right to amend the Surviving Claims, (ii) modify the Debtor(s) against which the Surviving Claims are asserted, and/or (iii) amend the amount of the Surviving Claims, the Debtors and the ACE Companies agree that, other than the Surviving Claims, upon Court approval of this Stipulation, the Claims are expunged.

5. The Debtors shall not seek to have any Surviving Claim disallowed, reduced or expunged solely on the basis that such Surviving Claim is asserted against New Century Mortgage Corporation rather than another Debtor or Debtors.

6. The Debtors and the ACE Companies each reserve the right to request, or to object to any request, that this Court modify the Debtor or Debtors against which any of the Surviving Claims are asserted.

7. Upon Court approval of this Stipulation, for voting purposes only, and without prejudice to the ACE Companies' rights, *inter alia*, to amend any or all Surviving Claims to a greater amount, at any time, each of the ACE American Surviving Claim, the

5

Bankers Surviving Claim and the INA Insurance Surviving Claim is deemed (i) an Allowed Secured Claim against the estate of New Century Mortgage Corporation and (ii) to the extent of any deficiency, an Allowed Other Unsecured Claim in the amount of $1.00 against the estate of New Century Mortgage Corporation.

8. Upon Court approval of this Stipulation, for voting purposes only, and without prejudice to the ACE Companies' rights, *inter alia*, to amend any or all Surviving Claims to a greater amount, at any time, each of the INA Surety Surviving Claim and the IINA Surviving Claim is deemed is deemed an Allowed Other Unsecured Claim in the amount of $1.00 against the estate of New Century Mortgage Corporation.

9. Without limiting the foregoing rights, the ACE Companies shall have the right to amend the Surviving Claims, at any time, as provided in this Stipulation; and any such amendment shall not be subject to any bar date for filing claims.

10. Except as provided in this Stipulation, the ACE Companies shall not be permitted to amend the Surviving Claims for any other reasons, including amendments or additions to the grounds for liability asserted in the Insurance Claims.

11. Upon Court approval of this Stipulation, to the extent that any portion of any Surviving Claim arises pursuant to an insurance policy or related agreement or bond or related agreement listed on Exhibit A to the Plan or arises after the Petition Date, such portion of such Surviving Claim shall be an Allowed Administrative Claim pursuant to the Plan, and the Debtors are directed, subject only to paragraph 9 of this Stipulation, to pay such Allowed Administrative Claim to the ACE Companies in the ordinary course of business without the need or requirement for the ACE Companies to file a request, application, claim or motion requesting allowance and/or payment of such Allowed Administrative Claim.

6

12. The Debtors expressly reserve their right to object to any of the Surviving Claims for any reason except that the Debtors hereby waive any right to object to any Surviving Claim on the basis that (i) the Surviving Claim is filed against New Century Mortgage Corporation as opposed to another Debtor or Debtors or (ii) an amendment to a Surviving Claim was untimely or is filed to change the entity against which the claim is made; and only for this purpose, Local Rule 3007-1(f) shall not apply to prevent the Debtors from asserting such objection.

13. The temporary valuation of the each of the Surviving Claims for voting purposes shall not affect the valuation of each of the Surviving Claims for the purposes of a distribution from the Debtors' estate.

14. The Thirteenth Omnibus Objection is hereby withdrawn with respect to the Claims (or any portion(s) thereof).

15. The Sixteenth Omnibus Objection is hereby withdrawn with respect to the Claims (or any portion(s) thereof).

16. To the extent of any inconsistency between (i) this Stipulation and (ii) the Plan, the Disclosure Statement, the Confirmation Order or any other document, agreement or order, the terms of this Stipulation shall control.

17. Any ambiguities are not to be construed against either party solely due to the identity of the drafter.

18. This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto.

19. Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on

behalf of such party and to bind her/his respective Party to the terms and conditions of the Stipulation.

20. This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when take together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page of this Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this Stipulation.

**IT IS SO STIPULATED.**

April 3, 2008

_____
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Natausha A. Wilson
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

April 3, 2008

/s/ Richard W. Riley
Richard W. Riley, Esquire
DE I.D.: 4052
DUANE MORRIS LLP
1100 North Market Street, Suite 1200

8

Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
rwriley@duanemorris.com

-and-

Margery N. Reed, Esquire (PA 37148)
Wendy M. Simkulak, Esquire (PA 89452)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

ATTORNEYS FOR THE ACE COMPANIES