# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a** | : | **Case No. 07-10416 (KJC)** |
| **Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | Objection Deadline: May 6, 2008 at 4:00 p.m. |
| | : | |
| | : | |

## SECOND MONTHLY APPLICATION OF BAUTE & TIDUS LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO NEW CENTURY FINANCIAL, INC. FOR THE PERIOD FROM FEBRUARY 1, 2008 THROUGH MARCH 31, 2008

| | |
|---|---|
| Name of Applicant: | Baute & Tidus LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | April 24, 2007, *nunc pro tunc* to April 2, 2007 |
| Period for which compensation and reimbursement are sought: | February 1, 2008 through March 31, 2008 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $68,995.00 (80% of $86,243.75) |

Amount of Expense Reimbursement sought as actual, reasonable, and necessary:  $ 4,068.02
This is a(n): _X_ monthly _____ interim _____ final application

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|
| 3/28/08 | April 2007 - January 2008 | $176,818.50 | $8,257.53 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey A. Tidus | Joined firm as Partner in 2000. Member of California Bar since 1979. | $585.00<br>$292.50 | 49.30<br>0.60 | $28,840.50<br>$175.50 |
| David P. Crochetiere | Joined firm as Partner in 1996. Member of CA Bar since 1984. | $475.00<br>$237.50 | 45.50<br>1.00 | $21,612.50<br>$237.50 |
| Wendy L. Thompson | Joined firm as "Of Counsel" in 2007. Member of CA Bar since 1992. | $325.00 | 89.25 | $29,006.25 |
| Ronnie M. DeCesare | Joined firm as Chief Financial Officer in 1998. | $235.00 | 11.20 | $2,632.00 |
| Nilo A. Cardeno | Joined firm as Legal Assistant in 2004. | $135.00 | 27.70 | $3,739.50 |
|  |  |  | 224.55 | $86,243.75 |

Grand Total $86,243.75

Attorney Compensation $79,872.25

Total Attorney Hours 185.65

Blended Rate $430.23

Dated:   April 16, 2008
         Los Angeles, California

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Communications with clients/co-counsel (A) | 8.40 | $3,826.00 |
| Communications:  other (B) | 7.40 | $2,034.00 |
| Appellate/writ work (C) | 0.10 | $58.50 |
| Summary judgment/opposition briefs (D) | 62.20 | $29,932.00 |
| Depositions (E) | 0.00 | $0.00 |
| Court appearances (F) | 2.00 | $950.00 |
| Legal Research (G) | 1.00 | $585.00 |
| Written Discovery (H) | 0.40 | $234.00 |
| Document analysis and management (I) | 121.25 | $40,314.25 |
| Trial Preparations (J) | 0.40 | $234.00 |
| Motions/oppositions/pleadings (K) | 2.60 | $1,521.00 |
| Mediation (L) | 1.10 | $643.50 |
| Fee Application (M) | 16.10 | $5,498.50 |
| Travel (N) | 1.60 | $413.00 |
| **TOTAL** | **224.55** | **$86,243.75** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
| --- | --- | --- |
| In-House Reproduction (Duplication/Printing) | 3, 569 @ $0.10 pg. | $356.90 |
| Outside Reproduction | Copy Best | $1,499.09 |
| Legal Research | Lexis | $135.27 |
| Outside Courier & Expense Carriers | Federal Express | $236.79 |
| Messenger, Court and Document Retrieval Service | Ace Messenger and Attorney Service | $483.97 |
| Mediator Fee | ADR Services | $1,350.00 |
| Parking | David P. Crochetiere (Partner) | $6.00 |
| | | |
| **TOTAL** | | **$4,068.02** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a | : | **Case No. 07-10416 (KJC)** |
| Delaware corporation, et al.,[2] | : | |
| | : | **Jointly Administered** |
| | : | |
| Debtors. | : | Objection Deadline: <u>May 7, 2008</u> |
| | : | |
| | : | |

**FIRST MONTHLY APPLICATION OF BAUTE & TIDUS LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO
NEW CENTURY FINANCIAL, INC. FOR THE PERIOD
<u>FROM FEBRUARY 1, 2008 THROUGH MARCH 31, 2008</u>**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

the Court's Administrative Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the

"Administrative Order"), Baute & Tidus LLP ("B&T") hereby files its First Monthly Application

for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as

Counsel to the Debtors and Debtors in Possession for the Period from February 1, 2008 through

and including March 31, 2008 (the "Application"). By this Application, B&T seeks a monthly

---

[2] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

allowance pursuant to the Administrative Order with respect to the sums of $68,995.00 (80% of $86,243.75) as compensation and $4,068.02 for reimbursement of actual and necessary expenses for a total of $73,063.02 for the period February 1, 2008 through and including March 31, 2008 (the "Compensation Period"). In support of this Application, B&T respectfully represents as follows:

### Background

1.    On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "April 2 Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    On August 3, 2007 (the "NC Warehouse Petition Date"), New Century Warehouse Corporation ("NC Warehouse")[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    The April 2 Debtors' retention of B&T was approved effective as of the Petition Date by this Court's Order dated April 24, 2007 (the "Retention Order"). The Retention Order authorized B&T to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

---

[3] The April 2 Debtors and NC Warehouse are referred to collectively herein as the "Debtors."

## Compensation Paid and Its Source

4.    All services for which compensation is requested by B&T were performed for or on behalf of the Debtors.

5.    B&T has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between B&T and any other person other than the partners of B&T for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

6.    The fee statements for the Compensation Period are attached hereto as Exhibit A.  These statements contain daily time logs describing the time spent by each attorney and paraprofessional for this period.  The actual billed travel time has been reduced by 50% and is reflected in the amount of compensation being requested.  To the best of B&T's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

## Actual and Necessary Expenses

7.    A summary of actual and necessary expenses and daily logs of expenses incurred by B&T during the Compensation Period is attached hereto as Exhibit B.  B&T charges all of its clients $.15 (or more) per page for photocopying expenses and charged $.15 per page on the invoices in Exhibit A.  However, in order to comply with Local Rule 2016-2-(e)(iii), the amount being requested for reimbursement on this application has been adjusted to $.10 per page.  Actual long-distance carrier charges for outgoing facsimile transmissions are not billed to the client.

8.      Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), B&T charges all of its clients the actual usage cost these providers charge.

9.      B&T believes the foregoing rates are the market rates that the majority of law firms charges clients for such services. In addition, B&T believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

10.     The partners, associates, and of counsel attorneys of B&T who have rendered professional services in these cases are as follows: Jeffrey A. Tidus, David P. Crochetiere and Wendy L. Thomas. The paraprofessionals of B&T who have provided service to these attorneys in these cases are Ronnie M. DeCesare and Nilo A. Cardeno.

11.     B&T, by and through the above-named persons, has prosecuted a lawsuit entitled *New Century Financial Corporation v. Liberty Surplus Insurance Corporation, et al.,* Los Angeles Superior Court Case No. GC033678. During the time period covered by this application, B&T conducted and responded to discovery, worked on obtaining, organizing, analyzing and producing voluminous documents, successfully opposed three (3) separate motions for summary judgment, successfully opposed a petition for writ filed first with the California Court of Appeal and then with the California Supreme Court, and started the process of setting up a mediation.

## Summary of Services By Project

12.     The services rendered by B&T during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached

Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

The following is a list of categories by which tasks have been broken down in the various B&T bills:

A.    Communications With New Century Financial Corporation And Its Representatives - Fees: $3,826.00; Total Hours: 8.40

This category includes e-mails, telephone conferences and letters with officers, employees, agents and representatives of New Century Financial Corporation, including both in-house and outside legal counsel. Where a particular communication dealt with a substantive issue (*i.e.*, telephone conferences with Texas counsel concerning obtaining documents for discovery purposes), an attempt has been made to allocate those communications to the substantive task rather than to this category.

B.    Communications With Third Parties - Fees $2,034.00; Total Hours 7.40.

This category includes e-mails, letters and telephone conferences and meetings with third parties other than officers, agents or representatives of New Century Financial Corporation. This category principally includes communications with opposing counsel in the *Liberty Surplus* matter.

C.    Appellate/Writ Work - Fees $58.50; Total Hours 0.10.

This category includes all of the time spent on matters pending in the appellate court, including but not limited to drafting of oppositions to writs, legal research, and review of the factual record.

D.     Summary Judgment/Summary Adjudication Motions - Fees $29,932.00 - Total Hours 62.20.

This category relates to the three (3) separate motions brought by the three (3) defendants for summary judgment or summary adjudication in the *Liberty Surplus* matter. The category includes all legal and factual research done to prepare the oppositions, the actual drafting and revision of the opposition briefs and supporting papers. Although there is a separate category for experts below, the time spent with the expert at this stage of the case related to obtaining an expert declaration for use in opposing one of the summary judgment motions.

E.     Depositions - Fees $0.00 - Total Hours $0.00.

This category includes all time spent preparing for and/or attending depositions and reflects a 50% reduction in the travel time going to and from the depositions.

F.     Court Appearances - Fees $950.00 - Total Hours 2.00.

This time includes all time spent in court appearances, other than the court appearances specifically in connection with the summary judgment motions.

G.     Legal Research - Fees $585.00 - Total Hours 1.00.

This category includes legal research necessary for the case which is not tied specifically to a pending motion or opposition paper.

H.     Written Discovery - Fees $234.00 - Total Hours 0.40.

This category involves the preparation and response to interrogatories, request for admissions and requests for production of documents. It also includes the time spent "meeting and conferring" concerning purported inadequate responses.

I.     Document Analysis And Management - Fees $40,314.25 - Total Hours 121.25.

This category includes all work done to gather, organize, analyze and produce documentary evidence in this case. The principal source of documentary evidence covered by

11

the B&T's bills which are part of this application is production of records relating to the

underlying *PSSI* matter, as requested by the defendants in *Liberty Surplus* matter.

J.      Trial Preparation - Fees $234.00 - Total Hours 0.40

This category includes the basics for trial preparation, including but not limited to

preparing witnesses and witness outlines, preparing exhibit binders and witness binders,

preparing various trial documents (*i.e.*, proposed jury instructions, trial brief, motions *in limine*),

the preparation and service of trial subpoenas, and interviewing preparing of witness list.  It also

includes items such as preparing opening and closing statements.

K.      Motions/Pleadings $1,521.00 - Total Hours 2.60.

This category includes the preparation of specific motions or pleadings filed with the

Court other than the summary judgment motions.  It includes items such as discovery motions,

case management conference statements and pretrial reports.

L.      Mediation - $643.50 - Total Hours 1.10.

This category includes all time spent at mediation.  It also includes time for preparing for

mediation, including but not limited to the preparation of mediation conference statement, the

production of evidence to the defendants to assist in the mediation, and communication with the

client representatives who would attend the mediation.

M.      Fee Applications - $5,498.50 - Total Hours 16.10.

This category includes all time spent preparing the fee applications.

N.      Travel - $413.00 - Total Hours 1.60.

This category includes all time spent traveling.   The billing rates and the fees being

billed for all time related to traveling has been reduced by half.

O.      Experts - $0.00 - Total Hours - 0.00.

This category includes all time spent locating, retaining and preparing experts to testify at

trial. This also includes time spent, other than deposition time, which is covered under Category

E, in connection with preparing to cross-examine any experts retained by the defense.

B&T reserves the right to add additional categories in future fee applications should they

prove necessary.

### Valuation of Services

13.     Attorneys and paraprofessionals of B&T have expended a total of <u>224.50</u>

hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Jeffrey A. Tidus | 49.30 | $585.00 |
| | 0.60 | $292.50 |
| David P. Crochetiere | 45.50 | $475.00 |
| | 1.00 | $234.50 |
| Wendy L. Thompson | 89.25 | $325.00 |

| PARAPROFESSIONALS | HOURS | HOURLY RATE |
|---|---|---|
| Ronnie M. DeCesare | 11.20 | $235.00 |
| Nilo A. Cardeno | 27.70 | $135.00 |

The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> attached hereto.

These are B&T's normal hourly rates for work of this character. The reasonable value of the

services rendered by B&T to the Debtors during the Compensation Period is $86,243.75.

14.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by B&T is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services.

13

Moreover, B&T has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, B&T respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to B&T in the sum of $68,995.00 (80% of $86,243.75) as compensation for necessary professional services rendered, and the sum of $4,068.02 for reimbursement of actual necessary costs and expenses, for a total of $73,063.02, and that such sums be authorized for payment less what has been paid previously to B&T pursuant to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated: April 16, 2008
        Los Angeles, California

_____
Jeffrey A. Tidus (SBN 089585)
BAUTE & TIDUS LLP
777 South Figueroa Street, Suite 4900
Los Angeles, California  90017
(213) 630-5000
(213) 683-1225

*Counsel for Debtors and Debtors in Possession*

## VERIFICATION

STATE OF CALIFORNIA     )
                        ) SS:
COUNTY OF LOS ANGELES  )

       Jeffrey A. Tidus, being duly sworn according to law, deposes and says:

a)    I am a Partner with the applicant firm, Baute & Tidus LLP and have been admitted to appear before this Court.

b)    I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
Jeffrey A. Tidus

SWORN AND SUBSCRIBED before me
this 16 day of April, 2008

_____
Notary Public
My Commission Expires: 9/09/09

EDEE BROWNELL
Commission # 1604940
Notary Public - California
Los Angeles County
My Comm. Expires Sep 9, 2009