IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, ) | |
| INC., a Delaware Corporation, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**INTERNAL REVENUE SERVICE'S OBJECTION TO FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF MARCH 18, 2008**

The Internal Revenue Service (the "Service"), by and through its undersigned counsel, hereby submits this objection to First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated as of March 18, 2008 (the "Plan".) (PACER # 5405.)

As grounds for its response to the Debtors' objection, the Service states that the injunction language in the Plan prohibits the Service from setting off a potential overpayment in one taxable year by a potential underpayment in another.

### STATEMENT

The Debtors and the Official Committee of Unsecured Creditors filed the Plan on March 18, 2008.

The Plan, in Article 12(A), provides that the Service, among other parties, is "permanently enjoined from: . . . (iv) asserting or effecting, directly or indirectly, any setoff, right of subrogation, or recoupment of any kind against obligation due to any Protected Party or any property of any Protected party . . . ."

3205614.1

The Plan, in Article 3(B), provides that Allowed Priority Tax Claims may be paid over a period ending not later than five years after the Petition Date.

As of the date of this objection, the Service believes that it has Allowed Priority Tax Claims for 2003 and 2004 tax years. As of the date of this objection, the Debtors believe that the Service does not have those claims and that, moreover, the Debtors are entitled to a refund. The audit of the Debtors' tax returns for the relevant years will not be completed before the date of the confirmation hearing.

This Court, by an order dated March 18, 2008, has set April 18, 2008 as the deadline for filing of the objections.

## ARGUMENT

Section 553 of the Bankruptcy Code provides that a creditor may offset a mutual debt owing by such creditor to the debtor before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .." 11 U.S.C. § 553(a). Under that provision, the courts have routinely upheld the Service's right to offset the overpayment of taxes by the Debtors. See, e.g, In re Emery, 379 B.R. 688, 690 (W.D. Ky. 2007); In re Carpenter, 367 B.R. 850, 856 (M.D. Fla. 2006); In re Jones, 359 B.R. 837, 841 (M.D. Ga. 2006); In re Beaucage, 334 B.R. 353, 358 (D. Mass. 2005).

In the present case, the Service currently believes that it will not need to exercise its right of setoff because the Debtors have underpaid their taxes for 2003 and 2004. Nevertheless, there exists a possibility that the eventual completion of the audit will

show that the Debtors have an overpayment in one year and an underpayment in another year. The Service interprets Article 3 of the Plan to provide, in such a scenario, that the Service must immediately refund the overpayment but must wait five years to collect the underpayment. The availability of an eventual payment, however, should not prevent the Service's right to seek immediate setoff prior to refunding any remaining overpayment. <u>See</u>, <u>e.g.</u>, <u>In re Rivera</u>, 345 B.R. 229, 232-234 (E.D. Cal. 2005).

## CONCLUSION

For the foregoing reasons, the Service respectfully requests that either (1) the Plan be amended to reflect the Service's statutory right of setoff or (2) the confirmation order expressly provide that, notwithstanding anything to the contrary in the Plan, the injunction contained in Article 12(A)(iv) does not apply to the Service and that the Service retains its right of setoff.

DATE: April 17, 2008

                                                  Respectfully submitted,

                                                  /s/ Jan M. Geht
                                                  JAN M. GEHT
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 227
                                                  Washington, D.C. 20044
                                                  Telephone: (202) 307-6449
                                                  Fax: (202) 514-6866
                                                  E-mail: jan.m.geht@usdoj.gov
                                                  *Counsel for the United States*

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing OBJECTION was served on April 17, 2008, by ECF and by placing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

| | |
|---|---|
| MARK D. COLLINS<br>MICHAEL J. MERCHANT<br>CHRISTOPHER M. SAMIS<br>Richards Layton & Finger<br>One Rodney Square<br>PO Box 551<br>Wilmington, DE 19899 | MONIKA L. MCCARTHY<br>New Century Financial Corporation<br>3337 Michelson Drive, Suite CN -350<br>Irvin, CA 92612 |
| SUZANNE S. UHLAND<br>BEN H. LOGAN<br>VICTORIA NEWMARK<br>EMILY R. CULLER<br>O'Melveny & Meyers LLP<br>275 Battery Street<br>San Francisco, CA 94111 | MARK S. INDELICATO<br>MARK T. POWER<br>Hahn & Hessen LLP<br>488 Madison Ave<br>New York, NY 10022 |
| BONNIE GLANTZ FATELL<br>REGINA STANGO KELBON<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19891 | JOSEPH J. MCMAHON, JR.<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 |

    /s/Jan M. Geht
    JAN M. GEHT

3205614.1