UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., *et al.*, | Case No. 07-10416 |
| | Jointly Administered |
| Debtors | Re: Docket Nos. 4805, 5405, 5734 |

**OBJECTION OF ZURICH AMERICAN INSURANCE COMPANY AND/OR
ITS AFFILIATES INCLUDING BUT NOT LIMITED TO FIDELITY & DEPOSIT
COMPANY OF MARYLAND AS THEIR INTERESTS MAY APPEAR TO THE
CURE AMOUNTS LISTED IN THE ASSUMPTION SCHEDULE AT
EXHIBIT A TO THE AMENDED PLAN**

Zurich American Insurance Company, and/or its affiliates including, but not limited to, Fidelity & Deposit Company of Maryland, as they may appear, (together "Zurich") hereby files its objection to the cure amounts listed in the assumption schedule at Exhibit A to the Amended Plan (the "Objection") as relevant to Zurich, and in support hereof, avers as follows:

**BACKGROUND**

1. One or more of the debtors in the above-captioned proceeding and Zurich are parties to certain insurance contracts including but not limited to: FIA 01002565, FIA 01003282, CPO 9137628-02, CAP 0016872, UMB 913752, UMB 5344245 (together the "Zurich Policies").

2. On or about April 2, 2007, New Century TRS Holdings, Inc. and certain of its affiliates (together, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On or about March 18, 2008, the Debtors filed the First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "Amended Plan".)

4. Article 11 of the Amended Plan sets forth the treatment of executory contracts and unexpired leases. Subsection A of Article 11 contemplates the assumption of certain contracts contained on Exhibit A to the Amended Plan. Subsection A of Article 11 also contemplates an objection process should there be a dispute as to the cure amounts set forth in Exhibit A to the Amended Plan, which objections must be filed and served by the "Assumption Objection Deadline" defined in the Amended Plan as seven (7) days prior to the Confirmation Hearing (currently scheduled for April 24, 2008).

5. Subsection D of the Amended Plan discusses the assumption of certain "Insurance Policies". Subsection D provides that all insurance policies set forth on Exhibit A to the Amended Plan are to be assumed, however, the Debtors believe there are no cure amounts due under any of the "Insurance Policies".

6. On April 4, 2008, the Debtors filed "Exhibit 1 Assumption Schedule" which on "Part B Insurance Policies", lists the aforementioned Zurich Policies for assumption. As the Debtors believe that no cure amounts are due, they have not listed any cure amount for the Zurich Policies (or for any contract on the assumption schedule for that matter.)

## THE RELIEF REQUESTED AND REASONS THEREFORE

7.      Despite the Debtors' belief that no amounts remain due to be cured under the Zurich Policies, a review of Zurich's accounts reveals that there is a net amount of $221,605.98[1] due to Zurich under certain of the Zurich Policies.[2]  A copy of Zurich's statement of account is attached hereto as Exhibit A.

8.      Pursuant to 11 U.S.C. § 365(b), the Debtor may only assume an executory contract or unexpired lease:

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default

See 11 U.S.C. § 365(b)(1)(A).

9.      Thus, under 11 U.S.C. § 365, the Debtors may only assume and assign the Zurich Policies if there is a full cure of all defaults.  In the present case, the Proposed Cure falls far short of the actual cure amount due.  Zurich therefore objects to the proposed cure of $0.00 as deficient.  In order to comply with 11 U.S.C. § 365(b), therefore, the cure amount must be set at no less than $221,605.98.

---

[1] Since obtaining a copy of the Assumption Schedule, Zurich has been in communication with the Debtors' insurance broker, Willis, to determine the source of this fairly significant discrepancy.  While the parties continue to consider the issues, no resolution has been reached as of the date of this pleading.

[2] Notably, this net amount due contemplates Zurich's rights to setoff and recoupment, which Zurich expressly reserves herein.

3

WHEREFORE, Zurich hereby requests that this Honorable Court reject the assumption of the Zurich Policies where the cure amount is listed as any less than $221,605.98, plus any additional amounts which become due and owing prior to the time of actual assumption.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*Karen Lee Turner*
Ronald S. Gellert
300 Delaware Avenue, Suite 1260
Wilmington, DE 19801
Telephone:   302.425.0430
Facsimile:   302.425.0432

Counsel for Zurich American Insurance Company, and/or its affiliates as their interests may appear, including but not limited to Fidelity & Deposit Company of Maryland

Dated: April 17, 2008