# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, | : Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| | : |
| Debtors. | : Re: Docket No. 5396 |

**STIPULATION BETWEEN DEBTORS AND MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, fka MORGAN STANLEY MORTGAGE CAPITAL INC., MORGAN STANLEY CAPITAL REIT II INC., AND MORGAN STANLEY BANK, ESTABLISHING AMOUNT OF MRA CLAIM FOR VOTING PURPOSES**

WHEREAS, on April 2, 2007 (the "Petition Date"), New Century Financial Corporation ("NCFC"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and certain of their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp, a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

WHEREAS, Morgan Stanley Mortgage Capital Holdings LLC, fka Morgan Stanley Mortgage Capital Inc., Morgan Stanley Capital REIT II Inc., and Morgan Stanley Bank (collectively, "Morgan Stanley"), filed the proofs of claim listed in Exhibit A hereto (the "MRA Claims") based on that certain Master Repurchase Agreement, dated as of December 12, 2005 (as amended, restated, supplemented, or otherwise modified and in effect from time to time, the "MRA")[2]; and

WHEREAS, the MRA was (i) by and among Morgan Stanley, on one hand, and NC Capital Corporation, New Century Mortgage Corporation, Home 123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, and NC Residual IV Corporation, on the other hand, and (ii) guaranteed by NCFC; and

WHEREAS, Morgan Stanley filed the MRA Claims as secured, and to the extent not secured, unsecured, and (as applicable) entitled to priority status; and

WHEREAS, on March 18, 2008, the Court entered its *Order (A) Approving the Disclosure Statement Regarding First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008 (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Liquidation and (C) Scheduling a Hearing on Confirmation of Joint Plan of Liquidation and Approving Related Notice Procedures* [Docket No. 5396] (the "Solicitation Procedures Order"); and

---

[2] Morgan Stanley and certain of their affiliates filed other proofs of claim against the Debtors related to matters other than the MRA. This stipulation does not address proofs of claim unrelated to the MRA with Morgan Stanley.

WHEREAS, pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated as of March 18, 2008* (the "Plan") and the Solicitation Procedures Order, secured and priority claims are not entitled to vote on the Plan; and

WHEREAS, the MRA Claims indicate that Morgan Stanley received from an auction of the mortgage loans and residual interests that were subject to its MRA at least $52,200,000 less than the obligations owed to Morgan Stanley by the Debtor parties to the MRA; and

WHEREAS, pursuant to the *Order Granting Joint Motion of Debtors and Debtors in Possession and Their Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Sections 105(a), 361, 362, and 363 of the Bankruptcy Code for Approval of Stipulation of Global Settlement Resolving Disputes with Adequate Protection Parties* entered on March 27, 2008 (the "Adequate Protection Order") the Debtors paid to Morgan Stanley $13,956,893.99 in connection with its MRA Claims; and

WHEREAS, a dispute as to the amounts and classification of the MRA Claims arose between the Debtors and Morgan Stanley; and

WHEREAS, the Debtors and Morgan Stanley fully reserve their rights with respect to the MRA Claims with respect to allowance and classification of the MRA claims for purposes of distribution under the Plan (or any alternative plan), but have reached agreement regarding the amounts and classification of the MRA Claims for purposes of voting on the Plan.

3

NOW, THEREFORE, in consideration of the foregoing, the Debtors and Morgan Stanley hereby agree and stipulate as follows:

1. The voting amount of the MRA Claims listed on Exhibit A hereto is hereby allowed, for purposes of voting on the Plan, in the amount and in the Classes set forth on Exhibit A (the "Agreed Voting Amount and Classes").

2. For purposes of voting on the Plan, the MRA Claims filed by Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley Capital REIT II Inc., and Morgan Stanley Bank shall be aggregated so that these three legal entities will be entitled, but not obligated, to cast a single vote with respect to each of the Debtors listed on Exhibit A with respect to the MRA Claims.

3. The Agreed Voting Amount and Classes are for voting purposes only and are without prejudice to the rights of the Debtors, the Official Committee of Unsecured Creditors, the Liquidating Trustee (as defined in the Plan), or Morgan Stanley to object to the MRA Claims, to assert that the MRA Claims should be allowed in different amounts and different Classes, or to assert claims against Morgan Stanley, in each case for any purpose whatsoever (including distributions under the Plan) other than voting on the Plan.

4. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

5. This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and may be signed in counterpart originals.

6. The undersigned represent that they are duly authorized to execute this Stipulation on behalf of their respective clients.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of this 17th day of April, 2008.

_____
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
PO Box 1347
Wilmington, Delaware 19899
(302) 658-9200

-and-

Wilbur F. Foster, Jr.
Jeffrey K. Milton
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

ATTORNEYS FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Ben H. Logan
Suzzanne S. Uhland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
(213) 430-6000

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# EXHIBIT A

| Claim Number | Debtor | Class | Voting Amount |
| --- | --- | --- | --- |
| 2672, 2669, and 2863 | Home 123 Corporation | OP9b | $38,243,106.01 |
| 2673, 2668, and 2864 | New Century Credit Corporation | HC10b | $38,243,106.01 |
| 2674, 3030, and 3033 | NC Residual IV Corporation | HC13 | $38,243,106.01 |
| 2675, 3027, and 3045 | NC Residual III Corporation | OP12 | $38,243,106.01 |
| 2676, 2667, and 3043 | NC Asset Holding, L.P. | OP12 | $38,243,106.01 |
| 3093, 2671, and 2860 | New Century Mortgage Corporation | OP3c | $38,243,106.01 |
| 3094, 2670, and 2862 | NC Capital Corporation | OP6c | $38,243,106.01 |
| 3039, 3037, and 3035 | New Century Financial Corporation | HC3b | $38,243,106.01 |