## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., *et al*.,<br><br>          Debtors. | Case Nos. 07-10416 through<br>07-10417, 07-10419 through 07-10431, and<br>07-11043 (KJC)<br>(Chapter 11) |

**STATEMENT OF CARRINGTON CAPITAL MANAGEMENT, LLC REGARDING THE PROPOSED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF MARCH 18, 2008**

Carrington Capital Management, LLC ("CCM"), for itself and in its capacity as general partner of Carrington Investment Partners, L.P. (the "Fund"), respectfully submits the following statement (the "Statement") regarding the proposed First Amended Joint Chapter 11 Plan of Liquidation Dated As of March 18, 2008 (the "Plan") filed by New Century TRS Holdings, Inc. and fifteen affiliated entities, including New Century Financial Corporation ("NCFC") (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"):

1.  CCM is the managing partner of the Fund, a fixed income investment partnership headquartered in Greenwich, Connecticut.  In 2004, NCFC acquired a limited liability company membership interest in CCM subject to certain limitations and restrictions, which are set forth in the First Amended and Restated Limited Liability Company Agreement dated as of July 11, 2006 (as amended, the "LLC Agreement"), of CCM entered into by and between Bruce Rose, as managing member (the "Managing Member"), and NCFC, as special member (the "Special Member"); at present, NCFC's membership interest represents 36.75% of CCM's equity.  In addition, NCFC acquired a limited partnership interest in the Fund in early 2004; at present, this

CHDB01 1438716.4 18-Apr-08 10:27

WCSR 3883408v1

interest in the Fund amounts to approximately 4% of the Fund's overall capitalization.[1]  Both interests are purely passive investment stakes, and the Debtors have no managerial or voting control over either entity.  Moreover, NCFC's original investment in CCM was returned to it in the beginning of 2006 as a return of capital; thus, NCFC today enjoys only a wholly discretionary income stream generated from its retained limited liability company membership interest in CCM.

2.      Under the express terms of the LLC Agreement, NCFC's interest in CCM (a) is entirely passive, with no control rights over either CCM itself or the Fund, (b) only entitles NCFC to distributions from CCM, if and when the Managing Member of CCM elects in his sole discretion to make such distributions, and (c) is subject to restrictions on transferability under the terms of the LLC Agreement, including a sole consent right of the Managing Member. NCFC's interest in the Fund is subject to similar limitations and restrictions pursuant to the terms of the Second Amended and Restated Agreement of Limited Partnership, dated as of March 31, 2006 (as amended, the "LP Agreement").  Neither CCM nor the Managing Member has waived, amended or modified any of the applicable provisions of the LLC Agreement or the LP Agreement.

3.      On February 2, 2008, the Debtors, in cooperation with the Committee, filed their proposed plan of liquidation and related disclosure statement.  The Disclosure Statement to the

---

1.   Confidentiality provisions govern and restrict dissemination of specific information relating to CCM and the Fund, including as to the specific terms of CCM's limited liability company operating agreement and CCM's and the Fund's financial information.  In restating any general information set forth herein, CCM does not intend to waive and does not waive such confidentiality restrictions.

First Amended Joint Chapter 11 Plan of Liquidation (the "Disclosure Statement") was approved by order of this Court on March 18, 2008.  As set forth in the Disclosure Statement, the Plan contemplates that on the Effective Date (as defined therein), the Debtors will transfer substantially all of their assets—including NCFC's interests in CCM and the Fund—to a Liquidating Trust to be established under the terms of the Plan (the "Liquidating Trust").[2]

4.     CCM and the Managing Member have elected not to object to the Plan's provisions for the distribution or transfer of NCFC's interests in the Fund and CCM <u>to the Liquidating Trust</u> for the limited purpose of effectuating the Plan.  However, such failure to object by CCM and/or the Managing Member is in no way intended to, and shall not be deemed to, constitute a waiver or abandonment of any limitations or restrictions on the transferability of such interests set forth in the operative agreements or otherwise.  Instead, consistent with the prior disclosure agreed to by CCM and the Debtors and the Committee, as set forth at pages 110-111 of the Disclosure Statement, each of CCM and the Managing Member expressly reserve all of its respective contractual and legal rights, claims, powers and remedies (including, without limitation, under the operative provisions of the LLC Agreement or the LP Agreement) including with respect to any subsequent attempts by the Liquidating Trust to convey, sell, transfer, or assign such interests.

---

2.   In particular, the Disclosure Statement states in pertinent part that:

> On the Effective Date, the Debtors . . . will distribute and will be deemed for all purposes to have distributed all Assets of the Debtors . . . for the benefit of the Holders of Holding Company Debtor Unsecured Claims and for the benefit of the Holders of Operating Debtor Unsecured Claims . . . to the Liquidating Trust.

(Discl. Stat. 83).

Dated: April 18, 2008
Wilmington, Delaware

/s/ Steven K. Kortanek
Steven K. Kortanek (Del. Bar No. 3106)
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Ph: (302) 252-4363
Fax: (302) 661-7728
skortanek@wcsr.com

- and -

MAYER BROWN LLP
Thomas S. Kiriakos
Sean T. Scott
Michael W. Ott
71 South Wacker Drive
Chicago, IL  60606
Ph: 312-701-8310
Fax: 312-706-8482
tkiriakos@mayerbrown.com
stscott@mayerbrown.com
mott@mayerbrown.com

Counsel to Carrington Capital Management, LLC