IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br>Re: Docket No. 5024 |

**ORDER (REVISED) PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, FED R. BANKR. P. 3007 AND 9014, AND DEL. BANKR. L.R. 3007-1 DISALLOWING AND EXPUNGING CERTAIN (A) AMENDED AND SUPERSEDED CLAIMS; (B) DUPLICATE CLAIMS; (C) LATE FILED CLAIMS; AND (D) NO SUPPORTING DOCUMENTATION CLAIMS SET FORTH IN DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS**

Upon the Debtors' Fifteenth Omnibus Objection To Claims: Non-Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Amended and Superseded Claims; (B) Duplicate Claims; (C) Late Filed Claims; and (D) No Supporting Documentation Claims (the "Objection"),[2] filed by New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession in the above-styled case (collectively, the "Debtors"); and it appearing that notice of the objection was good and sufficient upon the particular

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

circumstances and that no other or further notice need be given; and the Court having considered the Objection, the claims listed on <u>Exhibits A</u> through <u>D</u> annexed hereto, and any responses thereto; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby

FOUND AND DETERMINED THAT:

A.  This Objection is a core proceeding under 28 U.S.C. § 157(b)(2); and

B.  Each holder of a claim (as to each, a "Claim") listed on <u>Exhibits A</u> through <u>D</u> attached hereto was properly and timely served with a copy of the Objection, the Proposed Order, the accompanying exhibits, and the Notice; and

C.  Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and

D.  The Amended and Superseded Claims listed on <u>Exhibit A</u> hereto are Claims that have been amended and superseded by other claims set forth in later Proofs of Claim and, therefore, have been amended and superseded by the Remaining Claims; and

E.  The Duplicate Claims listed on <u>Exhibit B</u> hereto are Claims that assert duplicate or multiple claims against the same Debtor asserting the same liability in the same amount and, therefore, are duplicative of those asserted in the remaining Claims; and

F.  The Late Filed Claims listed on <u>Exhibit C</u> hereto are Claims that were filed after the Bar Date and, therefore, were not timely filed; and

G.  The No Supporting Documentation Claims listed on <u>Exhibit D</u> hereto are Claims for which no supporting documentation was attached to the filed Proofs of Claim; and

H.  The relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.  The Objection is GRANTED.

2.  The Amended and Superseded Claims listed on <u>Exhibit A</u> in the column labeled "Amended Claim Number" be, and hereby are, disallowed or expunged in their entirety.

3.  The Duplicate Claims listed on <u>Exhibit B</u> in the column labeled "Duplicate Claim Number" be, and hereby are, disallowed and expunged in their entirety, and each Claimant retains a Claim that incorporates the entire liability asserted by the Claimant.

4.  The Late Filed Claims listed on <u>Exhibit C</u> be, and hereby are, disallowed and expunged in their entirety.

5.  The No Supporting Documentation Claims listed on <u>Exhibit D</u> be, and hereby are, disallowed and expunged in their entirety.

6.  The objection is hereby continued to May 7, 2008 at 10:00 a.m. with respect to the following Claims: Doug Belden Hillsborough County Tax Collector [Claim Nos. 3412, 3415, 3416, 3414 and 3413], Travis County [Claim Nos. 3735 and 1818], Tajvinder S. Bindra [Claim No. 3723], Pierre R. Augustin Pro Se Creditor & Party in Interest [Claim No. 3781] and AT&T [Claim No. 3683].

7.  The Objection is hereby withdrawn with respect to the following Claim: Countrywide Tax Services Corp. [Claim No. 3621].

8.  The Debtors' rights to amend, modify, or supplement this Objection, to file additional objections to the Claims or any other claims (filed or not) which may be asserted against the Debtors, and to seek further reduction of any Claim to the extent such Claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases are preserved.

9.  This Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

10. Each Claim and the objections by the Debtors to such Claim, as addressed in the Objection and as set forth on Exhibits A through D hereto, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

Dated: April 18, 2008
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE