IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq.<br><br>**Objections due by: April 29, 2008, 4:00 p.m.**<br>**Hearing Date: May 7, 2008 at 10:00 am** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 89-91 PEARL PLACE PERTH AMBOY, NJ 08861

HSBC Bank USA, National Association as Trustee for Nomura Asset-Backed Certificate Series 2006-AF1 ("Movant"), by its undersigned counsel, files this motion to terminate the automatic stay to exercise its rights against a parcel of real property located at 89-91 Pearl Place Perth Amboy, NJ 08861 (the "Property"), and in support hereof states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On April 2, 2007 (the "Petition Date"), New Century TRS Holdings and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On or about December 22, 2006, Edward Diez ("Obligor") executed and delivered to Landcaster Mortgage Bankers a promissory note (the "Note") in the principal amount of $206,700, plus interest at the rate of 7.875% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years.

*Movant: HSBC Bank USA, National Association as Trustee for Nomura Asset-Backed Certificate Series 2006-AF1*
*D&G Reference: 214140*
*Property Address: 89 91 Pearl Place*
*Perth Amboy, NJ 08861*

4. To secure the repayment of the sums due under the Note, Obligor executed and delivered to Landcaster Mortgage Bankers a mortgage, deed of trust, or comparable instrument of security on the Property dated December 22, 2006 (the "Mortgage").[1]

5. The Mortgage and Note were later transferred to Movant, and Movant is the present holder of the Mortgage and Note.

6. Review of the title to the Property shows that one or more of the Debtors may hold a lien junior to the Mortgage.

7. The Obligor is now in default under the Note, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage.

8. Because the junior mortgage described in ¶ 6 above is subordinate to the Mortgage, the Debtors have no equity in the Property.

9. Upon information and belief, the value of Movant's claims against the Property may be equal to or may exceed the value of the Property.

10. Because the junior mortgage described in ¶ 6 above adds little or no value to the bankruptcy estate, the Property is not necessary for the Debtors' reorganization.

11. Because the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

---

[1] Copies of the Note and the Mortgage are available by contacting Movant's counsel.

12.     Moreover, upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the Obligor's indebtedness under the Note is increasing. Therefore, Movant's interest in the Mortgage is not adequately protected.

13.     Movant does not know whether the Property, including but not limited to Movant's interest in the Mortgage, is properly insured.  Therefore, Movant's interest in the Mortgage is not adequately protected.

14.     Movant does not know whether the Obligor is properly maintaining the physical premises of the Property.  Therefore, Movant's interest in the Mortgage is not adequately protected.

15.     A continued stay of Movant's action against the Obligor and the Property will cause Movant significant prejudice.

16.     Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

17.     Movant believes that this motion will be unopposed or entered upon consensual terms.  A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

18.     Copies of this motion and notice hereof has been served upon the Debtors, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee.  In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the Mortgage, and granting such other and further relief as this court deems just and proper.

Dated: April 18, 2008  
       Wilmington, Delaware

Respectfully submitted,

DRAPER & GOLDBERG, PLLC

 /s/ Adam Hiller  
Adam Hiller (DE No. 4105)  
Maria Aprile Sawczuk (DE No. 3320)  
1500 North French Street, 2nd Floor  
Wilmington, Delaware 19801  
(302) 339-8776 telephone  
(302) 213-0043 facsimile

*Attorneys for Movant*