## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-10416 (KJC)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Objection Deadline: May 14, 2008** |
| | : | **Hearing Date: May 21, 2008 at 10:00 a.m.** |

### MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR A PRECAUTIONARY ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIOD DURING WHICH ONLY THE DEBTORS MAY SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

Out of an abundance of caution, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, New Century Financial Corporation ("NCFC"), a Maryland corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel and with the support of the Official Committee of Unsecured Creditors (the "Committee"), hereby file their motion (the "Motion") for the entry of a precautionary order pursuant to section 1121(d) of the United States Bankruptcy Code, 11 U.S.C. sections 101-1532 (as amended from time to time, the "Bankruptcy Code"), extending the period during which the Debtors have the exclusive right to solicit

---

[1]  The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California Corporation.

LA1:1160552.1

acceptances of a chapter 11 plan and during which parties other than the Committee are barred from filing a chapter 11 plan (the "Exclusive Solicitation Period") by 30 days through and including May 21, 2008. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. sections 157 and 1334. Venue is proper under 28 U.S.C. sections 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. section 157(b)(2).

2.      The bases for the relief requested herein are sections 105 and 1121(d) of the Bankruptcy Code.

## BACKGROUND

3.      On April 2, 2007 (the "Petition Date"), the Debtors other than New Century Warehouse Corporation ("Access Lending") filed chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Access Lending filed its chapter 11 petition on August 3, 2007. The Debtors' chapter 11 cases are being jointly administered pursuant to orders of the Bankruptcy Court. Since the Petition Date, the Debtors have operated their business and managing their affairs as debtors and debtors in possession.

4.      On July 13, 2007, the Debtors filed the *Motion Of The Debtors And Debtors In Possession For An Order Pursuant To Section 1121(D) Of The Bankruptcy Code For Entry Of An Order Extending The Exclusive Periods During Which Only The Debtors May File A Chapter 11 Plan And Solicit Acceptances Thereof* (the "First Exclusivity Motion") [Docket No. 1925], by which the April Debtors requested that the Bankruptcy Court extend the Exclusive

LA1:1160552.1                                    2

Filing Period by one hundred and twenty (120) days, through and including November 28, 2007, and extending the Exclusive Solicitation Period for sixty (60) days through and including January 28, 2008. By order dated July 31, 2007 [Docket No. 2106], the Bankruptcy Court granted the First Exclusivity Motion, although the Committee was exempted from the extension of the Exclusive Periods.

5.    On November 28, 2007, the Debtors filed the *Second Motion Of The Debtors And Debtors In Possession For An Order Pursuant To Section 1121(D) Of The Bankruptcy Code For Entry Of An Order Extending The Exclusive Periods During Which Only The Debtors May File A Chapter 11 Plan And Solicit Acceptances Thereof* (the "Second Exclusivity Motion") [Docket No. 3969], by which the Debtors requested that the Bankruptcy Court enter an order (i) extending the Exclusive Filing Period (with respect to all non-Debtor parties other than the Committee) for all Debtors other than New Century Warehouse by thirty (30) days, through and including December 28, 2007, (ii) extending the Exclusive Filing Period (with respect to all non-Debtor parties other than the Committee) for New Century Warehouse by twenty-five 25) days through and including December 28, 2007, and (iii) extending the Exclusive Solicitation Period for thirty (30) days through and including February 27, 2008. By order dated December 20, 2007 [Docket No. 4177], the Bankruptcy Court granted the Second Exclusivity Motion.

6.    On December 28, 2007, the Debtors filed the *Third Motion Of The Debtors And Debtors In Possession For An Order Pursuant To Section 1121(D) Of The Bankruptcy Code For Entry Of An Order Extending The Exclusive Periods During Which Only The Debtors May File A Chapter 11 Plan And Solicit Acceptances Thereof* [Docket No. 4263],

by which the Debtors requested that the Bankruptcy Court enter an order (i) extending the Exclusive Filing Period (with respect to all non-Debtor parties other than the Committee) by thirty (31) days, through and including January 31, 2008 and (ii) extending the Exclusive Solicitation Period for thirty (30) days through and including March 28, 2008. By order dated January 23, 2008 [Docket No. 4530], the Bankruptcy Court granted the Third Exclusivity Motion.

7.      On January 28, 2008, the Debtors filed the *Fourth Motion Of The Debtors And Debtors In Possession For An Order Pursuant To Section 1121(D) Of The Bankruptcy Code For Entry Of An Order Extending The Exclusive Periods During Which Only The Debtors May File A Chapter 11 Plan And Solicit Acceptances Thereof* (the "Fourth Exclusivity Motion" and collectively with the First Exclusivity Motion, the Second Exclusivity Motion, and the Third Exclusivity Motion, the "Exclusivity Motions") [Docket No. 4720], by which the Debtors requested that the Bankruptcy Court enter an order (i) extending the Exclusive Filing Period (with respect to all non-Debtor parties other than the Committee) by twenty-four days, through and including February 21, 2008 and (ii) extending the Exclusive Solicitation Period for twenty-four days through and including April 21, 2008. By order dated February 19, 2008 [Docket No. 4925], the Bankruptcy Court granted the Fourth Exclusivity Motion.

8.      Five days after filing the Fourth Exclusivity Motion, the Debtors and the Committee (together, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of February 2, 2008* [Docket No. 4805]. Subsequently, on March 18, 2008, the Debtors and the Committee filed the

*First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008* (the "Plan") [Docket No. 5395].

9.     Also on March 18, 2008, this Court entered the *Order (A) Approving Disclosure Statement Regarding First Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Liquidating, and (C) Scheduling a Hearing on Confirmation of Joint Plan of Liquidation and Approving Related Notice Procedures* (the "Solicitations Procedures Order") [Docket No. 5396]. The Solicitation Procedures Order approved the Debtors' Disclosure Statement and authorized the Plan Proponents to solicit votes on the Plan.  Thereafter, on March 21, 2008, the Plan Proponents mailed "Solicitation Packages" to all creditors of the Debtors.

10.     The Plan Proponents are in the process of soliciting acceptances or rejections of the Plan, and a hearing to consider confirmation of the Plan (the "Confirmation Hearing") is currently scheduled for April 24, 2008.  The Plan Proponents thus require a limited amount of additional time to seek confirmation of the Plan (or amended version thereof) and to meet the conditions precedent to the Plan's effectiveness.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek the entry of a precautionary order pursuant to Bankruptcy Code section 1121(d) extending the Debtors' Exclusive Solicitation Period through and including May 21, 2008.  The Debtors request this relief out of an abundance of caution, as they are hopeful that their chapter 11 plan will be confirmed prior to the hearing on this Motion, thereby rendering this Motion moot.

LA1:1160552.1                               5

RLF1-3275350-1

## BASIS FOR RELIEF

12.    Pursuant to Bankruptcy Code section 1121(b), a debtor has the exclusive right to file a chapter 11 plan during the first 120 days after the commencement of a chapter 11 case. If a debtor files a plan during this period, pursuant to Bankruptcy Code section 1121(c)(3), an additional 60 day period is automatically granted during which parties other than the debtor are barred from filing a chapter 11 plan.

13.    Bankruptcy Code section 1121(d) provides that the Court may extend these exclusive periods for cause. See 11 U.S.C. § 1121(d) ("[O]n request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."). Although the Bankruptcy Code does not define "cause," a number of courts have construed the term in consideration of the Bankruptcy Code's underlying legislative history. See, e.g., In re Perkins, 71 B.R. 294, 297-98 (W. D. Tenn. 1987); In re Lake in the Woods, 10 B.R. 338, 343-45 (E.D. Mich. 1981); In re Ravenna Indus., Inc., 20 B.R. 886, 889 (Bankr. N.D. Ohio 1982).

14.    In determining whether cause exists to extend a debtor's exclusive period to file and solicit acceptance of a plan, courts have relied on a variety of factors, each of which may constitute sufficient grounds for extending the periods. These factors typically include (a) the size and complexity of the case, (b) the debtor's progress in resolving issues facing the estate and (c) whether an extension of time will harm the debtor's creditors. See, e.g., In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y. 1989); In re Grand Traverse Dev. Co. Ltd. P'ship., 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Gen. Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992); In re Southwest Oil Co. of Jourdanton, Inc.,

84 B.R. 448, 451-54 (Bankr. W.D. Tex 1987).

15.    Considering the factors discussed below, the Debtors submit that ample cause exists to grant the relief requested herein and extend the Exclusive Solicitation Period through and including May 21, 2008.

## A.    The Requested Extension of the Exclusive Periods is Justified by the Size and Complexity of the Debtors' Chapter 11 Cases.

16.    The size and complexity of a debtor's case alone may constitute cause to extend a debtor's exclusive periods. "The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods." In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

17.    Here, the size and complexity of the Debtors' businesses, corporate structure and financing arrangements compel the requested extension of the Exclusive Solicitation Period. Immediately prior to filing these cases, the Debtors had over 6,000 employees in approximately 300 locations across the country. The size and complexity of these cases have required the Debtors to devote a substantial amount of time to negotiating and securing court approval of the sale of the Debtors' assets. Despite the numerous difficulties arising from operating in chapter 11, the Debtors have made substantial progress in achieving results beyond those available outside of bankruptcy. As stated above, on May 7, 2007 and June 28, 2007, the Court approved the sale of approximately $190 million in mortgage loans and related to Ellington, on May 23, 2007 the Court approved the sale of the Debtors' servicing business, on July 3, 2007 the Court approved the sale of the Debtors' technology platform, and

the Debtors have rejected approximately 295 real property leases and approximately 825 executory contracts.

18.    In addition to negotiating the sale of their assets, during the first ten months of these cases, the Debtors focused their efforts on stabilizing, winding down their remaining operations and implementing the transition services related to those sales. For example, the Debtors entered into an agreement with Carrington to transition the servicing business which required the Debtors to continue to operate the servicing business in the ordinary course while it was transitioned.

19.    Moreover, the Debtors have dedicated substantial resources to cooperating in government investigations and with the Examiner. Such cooperation has demanded extensive time and energy from the Debtors' few remaining employees and the Debtors' professionals. Not only have these employees and professionals been responsible for disposing of and transitioning the Debtors' assets and cooperating with the Examiner's and government's investigations, but they also have had steer the Debtors through, among numerous other complex and demanding tasks, matters involving the WARN Act, the Debtors' deferred compensation plan, DBNTC's cure claim, and the disposition of the funds in the Debtors' general corporate account.

20.    Despite these hurdles, the Debtors, working together with the Committee, succeeded in filing a chapter 11 plan only 10 months after the commencement of these cases and in obtaining approval of their Disclosure Statement shortly thereafter.

21.    In light of the foregoing factors, the Debtors' request for a 30 day extension of the Exclusive Solicitation Period is modest and justified. In fact, given that the

Debtors have filed their chapter 11 plan and that the requested extension, if granted, will result in the Exclusive Solicitation Period having been extended for a total of less than eight months, the Debtors' request is substantially less than the extensions granted by this and other courts in large reorganization cases. See, e.g., In re Loewen Group Int'l. Inc., No. 99-1244 (PJW) (Bankr. D. Del.) (exclusivity extended for approximately 19 months); In re Montgomery Ward Holding Corp., No 97-1409 (PJW) (Bankr. D. Del ) (exclusivity extended for approximately 22 months); In re Trans World Airlines, Inc., No. 92-115 (HSB) (Bankr. D. Del.) (exclusivity extended for approximately 20 months).[2]  Although the cases cited above were filed prior to the amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the extension requested by the Debtors (which when added to the Exclusive Solicitation Period, as currently extended, will total less than 14 months) is well within the respective 18 and 20 month exclusive period limits now set forth in Bankruptcy Code sections 1121(d)(1)(2)(A) and (B).

**B.**    **The Debtors' Progress in These Cases Warrants an Extension of the Exclusive Periods.**

22.    An extension of a debtor's exclusive periods may also be justified by progress in resolving issues facing creditors and the estate. See, e.g., In re McLean Indus. Inc.,

---

[2]    See also, In re Elder-Beerman Stores Corp., No. 95-33643 (Bankr. S.D. Ohio) (exclusivity extended approximately 21 months); In re CSC Indus., Inc. and Copperweld Steel Co., Nos. 93-41898 and 93-41899 (Bankr. N. D. Ohio 1997) (exclusivity extended approximately 19 months); In re Phar-Mor, Inc., No. 92-41599 (Bankr. N.D. Ohio) (exclusivity extended for approximately three years); In re Federated Dep't Stores, Inc., No. 1-90-00130 (Bankr. S.D. Ohio) (exclusivity extended for approximately two years); Gibson & Cushman, 101 B.R 405, 407, 411 (E.D.N.Y. 1989) (exclusive period extended 14 months); Gaines v. Perkins, 71 B.R. at 294, 296 (W.D. Tenn. 1987) (exclusive period extended more than 22 months); In re Ravenna Industries, Inc., 20 B.R. at 886, 887 (Bankr. N.D. Ohio 1982) (exclusive period extended more than 10 months).  Because they are voluminous, the unreported orders cited herein are not attached to the Motion but are available from counsel for the Debtors upon request.

87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 327; In re Swatara Coal Co., 49 B.R. 898, 899-900 (Bankr. E.D. Pa. 1985).

23.    Much of the Debtors' time and efforts since the commencement of these cases have been devoted to examining the value of their assets and negotiating and effecting the sale of their assets as well as negotiating their post-sale obligations. The Debtors have made significant process in resolving asset disposition issues and have fulfilled nearly all of their obligations arising from the sales.

24.    In addition, the Debtors have made significant progress in stabilizing their operations and transitioning to a wind-down mode by (i) implementing the various forms of relief granted by the Court during the first days of these cases that allowed the Debtors to maintain business as usual to the fullest extent possible and ultimately consummate the sale of their assets, (ii) retaining the professionals and consultants necessary to the Debtors' sale efforts and administration of their chapter 11 cases, (iii) negotiating, documenting and litigating certain issues with respect to debtor-in-possession financing and employee retention matters, (iv) completing the complex and time-consuming process of preparing and filing the Schedules, and (v) analyzing all claims filed against the Debtors and filing 19 omnibus objections in respect thereof.

25.    Most importantly, the Debtors have filed a chapter 11 plan and have obtained approval of their Disclosure Statement, thereby allowing the Plan Proponents to solicit acceptances of the Plan. Moreover, the Confirmation Hearing is scheduled within the requested extension of the Exclusive Solicitation Period. Thus, in filing this Motion, the Debtors simply seek to ensure that the Plan Proponents are permitted a fair opportunity to obtain the

confirmation of the solicited Plan (as it may be amended) and to fulfill the conditions precedent to the effectiveness of the Plan.  To be clear, the Debtors are unaware that any other parties in interest are contemplating filing a competing plan and seek the relief requested herein solely out of an abundance of caution.

**C.      The Requested Extension of the Exclusive Periods Will Not Harm the Debtors' Creditors or Other Parties in Interest.**

26.      The Debtors respectfully submit that the extension of the Exclusive Solicitation Period requested herein will not harm creditors or other parties in interest.  In light of the complex nature of these cases, the Debtors believe that neither their creditors nor any other party in interest would be in a position to propose a chapter 11 plan prior to the proposed expiration of the Exclusive Solicitation Period in the first instance.  Accordingly, the relief requested herein will not result in a delay of the plan process, and will simply permit the process to continue to move forward in an orderly fashion.

### No Prior Request

27.      No previous motion for the relief sought herein has been made to this or any other Court.

### Notice

28.      No trustee has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) the Committee; (3) all parties who have objected to the confirmation of the Plan; and (4) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").  In light of

the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, for all of the foregoing reasons, the Debtors pray:  (i) for the entry of an Order, substantially in the form attached hereto as Exhibit A, extending the Debtors' Exclusive Solicitation Period, with respect to all non-Debtor parties other than the Committee, through and including May 21, 2008 (or some other similar date as this Court might deem just); and (ii) for such other and further relief as this Court deems just.

Dated:  April 21, 2008
Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Andrew M. Parlen
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

LA1:1160552.1

12

RLF1-3275350-1