BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
AZ State Bar No. 023544
Attorney for Creditor Pima County

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

NEW CENTURY TRS HOLDINGS,
INC., a Delaware corporation, <u>et al.</u>,

Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 07-10416 (KJC)

(Jointly Administered)

PIMA COUNTY'S OBJECTION TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN
OF LIQUIDATION

COMES NOW secured creditor Pima County, by and through undersigned counsel, and reasserts its objection to the Second Amended Joint Chapter 11 Plan of Liquidation for the following reasons:

1. Pima County is a secured creditor with a claim for personal property taxes against Debtor Home 123 Corporation for tax year 2007. The claim, which totaled $1,641.48 as of the filing of the Debtors' Petition, is secured by a first priority statutory lien on the personal property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17153.

2. The liens include post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; s*ee also* 11 U.S.C. 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes).

3. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2); *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 17 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

4. The Plan, in Article 9, section L, provides that no postpetition interest will be paid on any claim unless expressly agreed to by the Debtors or provided for in the Plan. The Plan makes no provision for payment of postpetition interest on oversecured claims. Therefore, the Plan violates section 506(b) of the Bankruptcy Code, and cannot be confirmed.

//

//

//

//

//

WHEREFORE, Pima County respectfully requests that the Court deny confirmation of the Joint Plan of Liquidation unless it is amended to remedy the above defects.

Dated this 22nd day of April, 2008.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

/s/ German Yusufov

German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorney for Creditor Pima County

## CERTIFICATE OF SERVICE

I, Sharon Severson, certify that on the 22nd day of April, 2008, I caused to be served a true and correct copy of Pima County's Objection to the Second Amended Joint Chapter 11 Plan of Liquidation Dated March 18, 2008, on the following:

Hon. Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

Mark D. Collins
Michael J. Merchant
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Attorneys for Debtors

Suzanne S. Uhland
Ben H. Logan
Laine Mervis
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111
Attorneys for Debtors

Bonnie Glantz Fatell
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Attorneys for the Creditors' Committee

*Sharon Severson*
Sharon Severson