IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**COUNTRYWIDE HOME LOANS, INC.'S
LIMITED OBJECTION TO CONFIRMATION OF
FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Countrywide Home Loans, Inc. ("Respondent"), on behalf of itself and the mortgagees and lienholders whose interests it services in these cases, by its undersigned counsel, files this limited objection to confirmation of the First Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008 (the "Plan") filed by New Century TRS Holdings, Inc. and its affiliated debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and with the Debtors, the "Plan Proponents"), and in support hereof states as follows:

1. This Court has jurisdiction over objections to confirmation of a Chapter 11 plan pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Respondent and numerous of its affiliates are, or act as servicing agents, outsourcers, or other agents for, lienholders against real property located across the country, including but not limited to an extensive portfolio of real property in which the Debtors have, may have, or may have had an interest of record. Respondent has appeared in these cases seeking relief from the automatic stay to enforce its claims against these assets, because the enforcement of its rights may impair, limit, or extinguish the Debtors' competing rights against, or interests in, these assets.

4. Respondent's limited objection to confirmation of the Plan relates, in this instance, only to certain provisions in the Plan that do not clearly indicate how the automatic stay will apply to the exercise of Respondent's rights and interests in these properties.

5. First, under Article I.A. of the Plan, "Claim" is defined as "'claim,' as such term is defined in § 101(5) of the Bankruptcy Code and, except as otherwise provided in the context, means a Claim against the Debtors or the Estates." It is critical to Respondent that any ambiguity in this definition be resolved because the broad injunctive language in Article 12.A. of the Plan purports to establish a permanent injunction against

> (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding against any Protected Party or any property of any Protected Party; (ii) enforcing, attaching, executing, collecting, or recovering in any manner, directly or indirectly, any judgment, award, decree, or order against any Protected Party or any property of any Protected Party; (iii) creating, perfecting, or enforcing, directly or indirectly, any lien or encumbrance of any kind against any Protected Party or any property of any Protected Party; (iv) asserting or effecting, directly or indirectly, any setoff, right of subrogation, or recoupment of any kind against obligation due to any Protected Party or any property of any Protected Party; and (v) any act, in any manner, in any place whatsoever, that does not conform to, comply with, or is inconsistent with any provisions of this Plan.

6.      Even if the Plan Proponents intend the automatic stay to remain in effect, Respondent does not believe that the Plan Proponents intend that the Plan will permanently enjoin Respondent and other similarly situated lienholders from enforcing their liens on property.  The injunctions, however, purport to apply to "all Persons and entities who have held, currently hold, *or may hold* Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date[,] Id. (emphasis added), suggesting that if there is doubt about whether the definition of "Claim" applies, the injunctive provisions apply.  Therefore, Respondent requests that the Court include in any order confirming the Plan a provision stating that a right to enforce a lien, mortgage, security interest, deed of trust, or other encumbrance against property in which the Debtors may also have a right to enforce a lien, mortgage, security interest, deed of trust, or other encumbrance is not a "Claim" under the Plan.

7.      Second, under some circumstances, Respondent and other similarly situated lienholders may have acquired mortgages from the Debtors before or after the Petition Date on properties owned by third parties.  The Court has granted blanket relief with respect to at least one such creditor, presumably acknowledging that the only remaining interest in the Debtors' estate with respect to such mortgages is the bare legal title not yet divested because no assignment has yet been recorded.  Again, Respondent does not believe that the Plan Proponents intended Respondent or similarly situated lienholders to be holders of "Claims" in this context, as evidenced by, among other thngs, Article 14.C. of the Plan.[1]  Respondent therefore requests

---

[1] Article 14C of th Plan contains the customary language enabling the Debtors and the Liquidating Trust to execute such documents as may be necessary or appropriate to effectuate the terms of the Plan.  It also contains the following provision:

> Additionally, with respect to mortgage loans purchased from one or more of the Debtors prior to or subsequent to the Petition Date, the applicable Debtor, if on or prior to the Effective Date, or the Liquidating Trust, if after the Effective Date, shall execute, upon written request, any instruments necessary to fully effectuate the transfer of such loan or otherwise to effect the

that the Court include in any order confirming the Plan a provision stating that a right to enforce a pre-Effective Date assignment, including but not limited to any instruments relating thereto described in Article 14C of the Plan, is not a "Claim" under the Plan.

      8.      Similarly, Article 9.K. of the Plan provides, in relevant part:

> As of the Effective Date, except as with respect to the stock of Access Lending, all notes, agreements and securities evidencing Claims and Interests and the rights thereunder of the holders thereof shall, with respect to the Debtors, be canceled and deemed null and void and of no further force and effect, and the holders thereof shall have no rights against the Debtors, the Estates, or the Liquidating Trust, and such instruments shall evidence no such rights, except the right to receive the distributions provided for in this Plan.

Although Respondent believes that this provision was intended to constitute boilerplate, it may have a profound, possibly unintended, impact upon the rights of Respondent and a large number of purchasers of mortgages from the Debtors. Interpreted literally, this provision may bar parties that acquired mortgages from the Debtors, whether prepetition or postpetition, from obtaining or recording assignments of those mortgages in the event it becomes necessary to enforce them. Other provisions of the Plan suggest that this consequence was not intended, such as Article 14.C., but this language should be clarified to exclude prepetition assignments, and any instruments relating thereto described in Article 14C of the Plan, from the scope of the cancellation of pre-Effective Date instruments.

---

appropriate transfer of record title or interest in such loan, including, without limitation, any powers of attorney as may be necessary to allow the purchaser of such mortgage loan from such Debtor (including any trustee or servicer on behalf of the purchaser) to complete, execute and deliver, in the name of and on behalf of the applicable Debtor or the Liquidating Trust, any required assignments of mortgage or instruments of satisfaction, discharge or cancellation of mortgages, mortgage notes or other instruments related to such mortgage loan; <u>provided, however</u>, that the party making the request presents evidence to the Debtors or the Liquidating Trust, as the case may be, of the validity of the transfer being effectuated and that the loan being transferred was purchased from the applicable Debtor.

WHEREFORE, for the foregoing reasons, Respondent respectfully requests that this Court deny confirmation of the Plan except to the extent that the Plan is modified, either by amendment or in the confirmation order, to reflect the foregoing clarifications, and granting such other and further relief as this court deems just and proper.

Dated: April 23, 2008
      Wilmington, Delaware

Respectfully submitted,

DRAPER & GOLDBERG, PLLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Maria Aprile Sawczuk (DE No. 3320)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 339-8776 telephone
(302) 213-0043 facsimile

*Attorneys for Respondent*