IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| Debtors. | Hearing Date: 4/24/08 at 11:00 a.m. |
| | Objection Deadline: At the hearing |

**EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), hereby submit this motion (the "Seal Motion") requesting an order authorizing the Debtors to submit under seal documents related to the Debtors' investment in a limited partnership fund managed by Carrington Capital Management LLC and an interest in Carrington Capital Management LLC (the "Confidential Information") as trial exhibits and providing that any testimony regarding the contents of the Confidential Information will be under seal.

In support of the Seal Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

**Jurisdiction**

1.  The Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are section 107(b) of Bankruptcy Code and Rule 9018 of the Bankruptcy Rules.

**Background**

3.  On April 2, 2007 (the "Petition Date"), the Debtors other than New Century Warehouse Corporation ("Access Lending") filed chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Access Lending filed its chapter 11 petition on August 3, 2007. The Debtors' chapter 11 cases are being jointly administered pursuant to orders of the Bankruptcy Court. Since the Petition Date, the Debtors have operated their business and managing their affairs as debtors and debtors in possession.

4.  NCFC has investments in structured securitizations in the residential subprime sector in a limited partnership fund (the "Carrington Fund") managed by Carrington Capital Management, LLC ("CCM"). NCFC owns a stake of approximately 4% in the Carrington Fund and a 36.75% stake in CCM, which, in turn, has a 20% carried interest in the Carrington Fund. To date, the Carrington Fund, which was established in 2004, has structured securitizations with approximately $22 billion of subprime mortgage loans

5.  Information concerning CCM, including the books of account and other Company records required to be maintained under Delaware law, is subject to confidentiality provisions. Both CCM and its Managing Member have informed the Debtors that they are not waiving any of such confidentiality provisions and are expressly reserving and intend to rely

upon, defend, and otherwise enforce their contractual and legal rights, including under the other operative provisions of the operative limited liability company agreement for CCM..

### Relief Requested

6.   Pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, the Debtors seek an Order from the Court authorizing the Debtors to submit under seal the Confidential Information as trial exhibits and providing that any testimony regarding the contents of the Confidential Information will be under seal.

### Basis for Relief Requested

7.   Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities and individuals from potential harm that may result from the disclosure of certain information. This section provides, in relevant part:

> (b)   On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1)   Protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)   Protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (2006).

8.   Rule 9018 of the Bankruptcy Rules defines the procedures by which a party may move for relief under section 107, providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . ." According to section 107(b), a court

must protect confidential commercial information. In re Frontier Group, LLC, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000).

9. The Debtors submit that the Confidential Information is confidential and commercial in nature and should not be subject to disclosure to the general public. The Debtors believe that the Confidential Information should be filed under seal, not be made public, and be available only to the (a) Court, (b) the Office of the United States Trustee for the District of Delaware; (c) the Official Committee of Unsecured Creditors (the "Committee") and its professionals. If other parties-in-interest wish to review the Confidential Information, they may request such information from the Debtors, who will, in their sole discretion, agree to release additional information subject to the party in interest's submission to a confidentiality agreement relating to the information.

10. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Debtors seek to seal the Confidential Information and any portion of any document or hearing that references the content of the Confidential Information to prevent the disclosure of information that could substantially harm the Debtors and their estates. See In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994) (commercial information defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor").

11. The Debtors seek to file the Confidential Information under seal in order to protect certain sensitive commercial information. Specifically, in order to maximize the value of the Debtor's estate, the Confidential Information must be filed under seal so as to preserve the value of the New Century's investment. Preserving the confidentiality of the information is also critical to the Carrington Fund and CCM in light of the Debtor's substantial investment in the Carrington Fund.

LA3:1147189.1      4

RLF1-3213489-1

### No Briefing Schedule Required

12. The Debtors submit that this motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Court Rules.

### Notice

13. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware; (2) the Committee; and (3) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### No Prior Request

14. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons stated above, the Debtors respectfully request the entry of an order: (a) authorizing the Debtors to file the Confidential Information under seal, (b) ordering that any portions of documents or hearings with respect to the contents of the Confidential Information shall be maintained under seal, and (c) granting such other and further relief as the Court deems appropriate.

Dated: April 24, 2008
       Wilmington, Delaware

/s/ *signature*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
Andrew M. Parlen
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION