## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **NEW CENTURY TRS HOLDINGS,** | ) | |
| **INC., a Delaware corporation, et al.** | ) | **Case No. 07-10416 (KJC)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## FEE AUDITOR'S FINAL REPORT REGARDING
## INTERIM FEE APPLICATION OF HELLER EHRMAN LLP
## FOR THE FIRST INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Heller Ehrman LLP for the First Interim Period</u> (the "Application").

## BACKGROUND

1.      Heller Ehrman LLP ("Heller Ehrman") was retained as counsel for the audit committee[1] of the board of directors of New Century Financial Corporation.  In the Application, Heller Ehrman seeks approval of fees totaling $1,060,768.50 and costs totaling $27,908.62 for its services from April 2, 2007 through July 31, 2007 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

---

[1]Footnote 2 of the Application states that "[s]hortly after the investigation described in this Application began, a subcommittee of the Audit Committee was formed to carry on the investigation. For convenience, this Application refers to the Audit Committee as a shorthand for the board committee responsible for the investigation, initially the Audit Committee and then its subsequently formed investigation subcommittee.

Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330,

Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established

in the United States Bankruptcy Court for the District of Delaware, the United States District

Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Heller

Ehrman an initial report based on our review, and received a response from Heller Ehrman,

portions of which response are quoted herein.

## DISCUSSION

3.      We note that the <u>Order Authorizing Debtors to Retain and Employ Heller Ehrman</u>

<u>LLP as Special Counsel to the Audit Subcommittee *Nunc Pro Tunc* to the Petition Date Pursuant</u>

<u>to Sections 327(e) and 1107 (b) of the Bankruptcy Code</u> ("the Retention Order") [docket no.

1272], states in paragraph 5:

> Subject to the agreement of the Official Committee of Unsecured Creditors or a
> further order of this Court, the aggregate amount of allowed fees incurred by
> Heller Ehrman after July 17, 2007, in these chapter 11 cases shall not exceed
> $50,000.00.

In its Application, Heller has requested $19,263.50 in compensable fees after July 17, 2007 and

thus Heller is below the cap for this Interim Period.

4.      In our initial report we noted that Heller Ehrman billed 18.1 hours and $9,173.50

for the following fee application preparation tasks:

| 16-Jul-07 | ...; prepare monthly fee statements, including review and revision of prebills (3.2). | Correa | 3.2 | $485.00 | $1,552.00 | 25126-0007 |
|-----------|-----------|--------|-----|---------|-----------|------------|
| 17-Jul-07 | ...; draft monthly fee application (3.5) | Correa | 3.5 | $485.00 | $1,697.50 | 25126-0007 |
| 23-Jul-07 | Prepare fee application. | Correa | 0.4 | $485.00 | $194.00 | 25126-0007 |
| 24-Jul-07 | Draft fee application. | Correa | 0.2 | $485.00 | $97.00 | 25126-0007 |
| 26-Jul-07 | Correspondence re billing entries for fee application, | Correa | 1.5 | $485.00 | $727.50 | 25126-0007 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | revise same. | | | | | |
| 27-Jul-07 | Draft fee application. | Correa | 3.0 | $485.00 | $1,455.00 | 25126-0007 |
| 27-Jul-07 | Review materials for submission on fees. | Dixon | 0.5 | $580.00 | $290.00 | 25126-0007 |
| 28-Jul-07 | Review fee statement. | Shepard | 0.5 | $750.00 | $375.00 | 25126-0007 |
| 30-Jul-07 | Review, research, and edit time entries for bankruptcy action. | Dixon | 1.0 | $580.00 | $580.00 | 25126-0007 |
| 30-Jul-07 | Revise fee application and transmit to Ms. Correa. | Brockmeyer | 0.8 | $635.00 | $508.00 | 25126-0007 |
| 31-Jul-07 | Draft fee application. | Correa | 3.5 | $485.00 | $1,697.50 | 25126-0007 |
| | | | 18.1 | | $9,173.50 | |

It is customary for firms to utilize their paraprofessional staff in the initial drafting of fee applications. We asked Heller Ehrman about these fees, and Heller Ehrman responded as follows:

> As disclosed in Heller Ehrman's Third and Fourth Applications, each filed with the Court on January 14, 2008 [Docket Nos. 4425 and 4426, respectively], Heller Ehrman has already agreed to reduce by $63,597.50[2] its total fees for services rendered during the period from April 2, 2007 through July 31, 2007 (the "First Interim Period") in connection with its retention.

> After giving effect to this prior reduction, the Application as amended[3] seeks allowance of compensation in the reduced amount of $997,171.00, rather than $1,060,768.50 (as originally requested), and reimbursement of actual and necessary expenses in the amount of $27,908.62 for services rendered during the First Interim Period. The amount of this reduction substantially exceeds the total of all matters in billing category 0007 as to which the Fee Auditor's report has raised questions, and Heller Ehrman submits that this reduction in itself constitutes a sufficient response to all questions raised by the Fee Auditor with respect to fees sought in category 0007.

While we appreciate Heller Ehrman's response, we note that nine of the above-referenced time entries totaling 11.40 hours and $5,924.00 in fees were billed after July 17, 2008, and are thus

---

[2]This amount represents fee reductions agreed upon in discussions with the U.S. Trustee's office. *See* Response Exhibit 1.

[3]Heller did not file an amended application for the Application Period but instead reduced its fees in subsequent monthly invoices. Because the reductions were applied to subsequent invoices, the $63,597.50 voluntary reduction will not be applied, for purposes of our recommendations, to the amount requested in the quarterly application for this Application Period.

subject to the $50,000.00 cap.   The pertinent time entries are provided below:

| 23-Jul-07 | Prepare fee application. | Correa | 0.4 | $485.00 | $194.00 | 25126-0007 |
|---|---|---|---|---|---|---|
| 24-Jul-07 | Draft fee application. | Correa | 0.2 | $485.00 | $97.00 | 25126-0007 |
| 26-Jul-07 | Correspondence re billing entries for fee application, revise same. | Correa | 1.5 | $485.00 | $727.50 | 25126-0007 |
| 27-Jul-07 | Draft fee application. | Correa | 3.0 | $485.00 | $1,455.00 | 25126-0007 |
| 27-Jul-07 | Review materials for submission on fees. | Dixon | 0.5 | $580.00 | $290.00 | 25126-0007 |
| 28-Jul-07 | Review fee statement. | Shepard | 0.5 | $750.00 | $375.00 | 25126-0007 |
| 30-Jul-07 | Review, research, and edit time entries for bankruptcy action. | Dixon | 1.0 | $580.00 | $580.00 | 25126-0007 |
| 30-Jul-07 | Revise fee application and transmit to Ms. Correa. | Brockmeyer | 0.8 | $635.00 | $508.00 | 25126-0007 |
| 31-Jul-07 | Draft fee application. | Correa | 3.5 | $485.00 | $1,697.50 | 25126-0007 |
| | | | 11.4 | | $5,924.00 | |

We asked Heller about these specific fee entries for purposes of calculating the $50,000.00 cap in

allowed fees, and Heller Ehrman responded as follows:

> The entries listed on your spreadsheet were included in the negotiations with the
> UST re the fee reduction. Therefore, they are not subject to the $50,000 cap you
> have referenced.

We appreciate Heller Ehrman's response, and have no objection to these fees.[4]

5.      In our initial report we noted that Heller Ehrman billed 5.2 hours and $2,588.50 to

draft its engagement letter and to budget for fee caps, tasks that appear to benefit Heller Ehrman

and not the estate:

| 9-Apr-07 | Draft engagement letter, 2014 and 2016 disclosures. | Correa | 4.5 | $2,182.50 | 25126-0007 |
|---|---|---|---|---|---|
| 20-Jun-07 | Budgeting for caps re BK issues/compensation. | Dixon | 0.7 | $406.00 | 25126-0007 |
| | | | 5.2 | $2,588.50 | |

---

[4] As noted in paragraph 3, we calculated $19,263.50 in compensable fees billed after July 17, 2007; however, it is our opinion that since the $5,924.00 in fees delineated above are part of the voluntary reduction agreed to with the U.S. Trustee, it would be improper not to reduce the compensable fee amount in like manner.  Thus for purposes of monitoring the $50,000.00 fee cap imposed in the Retention Order, we consider Heller Erhman to have incurred $13,339.50 ($19,263.50 minus $5,924.00 = $13,339.50) in compensable fees during the Application Period, leaving a balance remaining under the cap of $36,660.50.

We asked Heller Ehrman about these fees, and Heller Ehrman responded as follows:

> These fees are in billing category 0007, which is the subject of the voluntary reduction described in paragraph 8 above.  Because Heller Ehrman has already reduced the fees in billing category 0007 during the First Interim Period by $63,597.50, Heller Ehrman submits that no further fee reduction is warranted with respect to these entries.

We appreciate Heller Ehrman's response and we recommend no additional reduction in this regard.

6.    In our initial report we noted that Heller Ehrman billed 41.5 hours and $24,439.00 for the following instances in which multiple professionals participated in witness interviews:

| Date | Description | Name | Hours | Amount | Number |
|---|---|---|---|---|---|
| 23-Apr-07 | Finalize preparation for and participate in witness interviews. | Dixon | 14.0 | $8,120.00 | 25126-0004 |
| 23-Apr-07 | Travel to NC (billed @ 50%) (1.5); conduct Cole and Gotschall interviews (12.0); …… | Shepard | 13.5 | $10,125.00 | 25126-0004 |
| 30-Apr-07 | ...; travel to and from Irvine (billed at 50%) (1.0); conduct Hatch and Licata interview (2.3); …… | Landry | 3.3 | $1,963.50 | 25126-0004 |
| 30-Apr-07 | ...; interview Mr. Hatch and Mr. Licata re presentation and par value issue (3.8); …… | Liftik | 3.8 | $1,919.00 | 25126-0005 |
| 30-Apr-07 | Travel to Irvine billed @ 50% (1.0); interview Mr. Licata and Mr. Hatch (5.9). | Hornbeck | 6.9 | $2,311.50 | 25126-0004 |

While we do not believe that all instances of the use of multiple professionals are inappropriate, it is our opinion that the use of multiple professionals should be scrutinized closely.  *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3rd Cir. 1994).  Paragraph II.D.5. of the Guidelines provides that  "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  Furthermore, the Delaware Local Rules, rule 2016-2(d)(ix), states "....[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  We asked Heller Ehrman about these fees, and

Heller Ehrman's response is provided in Response Exhibit 2.  Although we appreciate Heller Ehrman's response, it is our opinion that it does not establish the necessity for three professionals at the April 30th witness interview.  Thus we recommend a reduction of Hornbeck's fees, for a reduction of $2,311.50 in fees.

      7.      We noted an additional 76.8 hours and $51,160.00 for the following instances in which multiple professionals participated in meetings and a court hearing:

| Date | Description | Name | Hours | Amount | Matter |
|---|---|---|---|---|---|
| 30-Apr-07 | Prepare for meeting with USAO and SEC (11.0); travel to LA (billed @ 50%) (1.0) | Shepard | 12.0 | $9,000.00 | 25126-0005 |
| 1-May-07 | Finalize preparation for and participate in presentation to SEC and USAO. | Dixon | 12.2 | $7,076.00 | 25126-0005 |
| 1-May-07 | Prepare for and present to SEC and USAO (9.5); return travel from LA to SF re same. (billed @ 50%) (1.0). | Shepard | 10.5 | $7,875.00 | 25126-0005 |
| 1-May-07 | Prepare for government presentation (1.2); ...; attend and assist with presentation to the government (5.0); travel from Los Angeles to SF (billed @ 50%) (1.0). | Liftik | 7.2 | $3,636.00 | 25126-0005 |
| 19-Jun-07 | Finalize preparation for and attend presentation to examiner (3.5); follow up with OMM, PwC, BK team (1.0). | Dixon | 4.5 | $2,610.00 | 25126-0005 |
| 19-Jun-07 | Prepare for and assist presentation to bankruptcy examiner (3.3); …… | Liftik | 3.3 | $1,666.50 | 25126-0005 |
| 19-Jun-07 | Prepare for and presentation to examiner and others (.5); call with S.E.C (3.5). | Shepard | 4.0 | $3,000.00 | 25126-0005 |
| 15-Jul-07 | Prepare for court hearing (2.3); unusable travel time to same (2.1) (billed at 50%). | Shepard | 4.4 | $3,300.00 | 25126-0007 |
| 15-Jul-07 | Travel to Delaware for hearing on motion re Heller Ehrman's retention as special counsel, including preparation for hearing in route (review pleadings, review and analyze case authority, outline argument and testimony at hearing) (9.00); …… | Benvenutti | 9.0 | $6,255.00 | 25126-0007 |
| 16-Jul-07 | Prepare for hearing on Heller Ehrman employment, including outline argument and testimony and pre-hearing conference with Mr. Shepard re same (3.50); attend hearing, including local travel to and from courthouse (2.20); ...; return travel from Delaware (billed at 50%) (4.00). | Benvenutti | 9.7 | $6,741.50 | 25126-0007 |

We asked Heller Ehrman about these fees, and Heller Ehrman's response is provided in

Response Exhibit 3.  We appreciate Heller Ehrman's response and the fact that these fees are

already subject to a reduction, and thus have no objection to these fees.

       8.     In our initial report we noted that Heller Ehrman billed 55.6 hours and $18,744.50

for the following entries regarding document review training:

| | | | |
|---|---|---|---|
| 11-Apr-07 | Correspond re training for most recent review of New Century documents. | Millar | 0.2 | $75.00 |
| 11-Apr-07 | Coordinate with vendor re insider trading document review (5.4); conference re review strategy (.8); train document reviewers (1.0); analyze search string hit report (1.2). | Hornbeck | 8.4 | $2,814.00 |
| 12-Apr-07 | Attend training re document review software and strategy (1.0); research re case background (.1). | Rosenthal | 1.1 | $313.50 |
| 12-Apr-07 | Coordinate with vendor re insider trading document review (6.0); train document review team (1.0); analyze database workflow to develop efficiencies (1.8). | Hornbeck | 8.8 | $2,948.00 |
| 12-Apr-07 | Prepare for and conference call re document review training. | Peterson | 1.3 | $461.50 |
| 13-Apr-07 | Attend training meeting for document review (.5); review documents (5.2). | Tcheng | 5.7 | $2,365.50 |
| 13-Apr-07 | Attend training re case background and strategy in preparation for document review project. | Rosenthal | 0.8 | $228.00 |
| 13-Apr-07 | Attend training re document review program; conduct document review. | Jackson | 4.5 | $1,282.50 |
| 13-Apr-07 | Conference re email review strategy (.7); attend training for email review program (.5); review emails (6.0). | Richlin | 7.2 | $2,052.00 |
| 13-Apr-07 | Conference re insider trading document review (.5); attend training re same (1.0); review insider trading documents (3.6). | Marvin | 5.1 | $1,453.50 |
| 13-Apr-07 | Coordinate insider trading document review (6.2); train reviewers (1.0); troubleshoot review problems with reviewers (1.5); conferences re review strategy (1.5). | Hornbeck | 10.2 | $3,417.00 |
| 13-Apr-07 | Telephone with Ali Mayorkas and with Jan Handzlik re status (.4); correspond with Mr. Abascal, Mr. DiCanio re interviews (.5); supervise team on training and document review issues (.9); meet with associates re interview outlines (.5). | Dixon | 2.3 | $1,334.00 |
| | | | 55.6 | $18,744.50 |

The training of firms' professionals is generally considered to be an overhead expense and thus

not charged to the estate.  We asked Heller Ehrman about these fees, and Heller Ehrman

responded as follows:

       It is true that in certain instances Heller Ehrman professionals recorded their time

as "training;" however, training in this context does not mean training in how to review documents – which Heller Ehrman recognizes is not billable – but rather means training about what had already been learned about the specific issues in the investigation and about the key employees in the investigation, to ensure that the reviewers would understand and identify all the relevant documents. The recorded time at issue involved case-specific discussions among document review team members to inform the reviewers about the substantive issues at hand, as well as preparation of case-specific materials (coding sheets, memoranda explaining or identifying the various issues, charts of key players, instructions regarding limitations on scope or areas of particular focus) that could be circulated to the team to ensure that attorneys were able to look for and identify relevant documents.

When undertaking a large and expedited document review process such as that associated with the NCF investigation, "training" of this nature is necessary. Here, Heller Ehrman attorneys were required to work in a pre-existing non-standard database set up and categorized by NCF's outside general counsel. Communication and organization were essential to provide the attorneys with an efficient means of maneuvering through the NCF database and locating the information they needed within it. These efforts were case-specific and driven by the unique facts and circumstances of this case, as opposed to education or training of general applicability. Therefore, the "training" should be compensable in its entirety.

We appreciate Heller Ehrman's response and have no objection to these fees.

9.     In our initial report we noted that Heller Ehrman billed 12.5 hours and $2,415.00

for the following tasks that appear clerical in nature:

| Date | Description | Timekeeper | Hours | Amount | Matter |
|------|-------------|------------|-------|--------|--------|
| 3-May-07 | Create and organize correspondence file for entry into network database. | Barth | 2.8 | $504.00 | 25126-0004 |
| 17-May-07 | Print documents from database for attorney review. | Overholser | 3.0 | $705.00 | 25126-0008 |
| 29-May-07 | File and prepare documents for entry into network database. | Barth | 2.8 | $504.00 | 25126-0008 |
| 28-Jun-07 | Discuss file storage issue with records. | Barth | 0.2 | $36.00 | 25126-0008 |
| 3-Jul-07 | Organize, file, and prepare for entry into network database, public/private documents sent from Brittany Little. | Barth | 1.3 | $234.00 | 25126-0005 |
| 5-Jul-07 | Scan, organize and distribute Board of Directors meeting material from January 2007- present per attorney request. | Barth | 2.4 | $432.00 | 25126-0006 |
| | | | 12.5 | $2,415.00 | |

We consistently recommend that clerical tasks be billed at no more than $80.00 per hour.  We asked Heller Ehrman about these fees, and Heller Ehrman responded that it "agrees to reduce its fees associated with such arguably clerical work from $2,415.00 to $1,000.00 (12.5 x $80), a $1,415.00 reduction."  We appreciate Heller Ehrman's response, and thus recommend a reduction of the fees in excess of $80 per hour, for a total reduction of $1,415.00 in fees.

10.    In our initial report we noted that Heller Ehrman billed 6.6 hours and $3,356.00 for the following tasks we believe appear more suited for a professional billing at a lower hourly rate:

| Date | Description | Timekeeper | Hours | Rate | Amount | Matter |
|---|---|---|---|---|---|---|
| 20-Apr-07 | Retrieve documents cited in spreadsheet for Mr. Liftik and Ms. Dixon, PDF documents for review. | McMurray | 1.1 | $360.00 | $396.00 | 25126-0004 |
| 23-Apr-07 | Arrange for delivery of documents to Mr. Liftik re Mr. Cole's trades. | McMurray | 0.4 | $360.00 | $144.00 | 25126-0004 |
| 25-May-07 | ...; logistical and arrangements for Wednesday meeting (.4); ………… | Dixon | 0.4 | $580.00 | $232.00 | 25126-0005 |
| 20-Jun-07 | Conduct legal research and analysis re 327(e) standards of employment in light of UST objection to employment application. | Trodella, Jr. | 3.9 | $520.00 | $2,028.00 | 25126-0007 |
| 5-Jul-07 | E-mails re, make arrangements for travel to Wilmington for hearing on Heller Ehrman application (.20);………… | Benvenutti | 0.2 | $695.00 | $139.00 | 25126-0007 |
| 12-Jul-07 | ...; review local rules, pro hac admission form, hearing agenda (.40); attend to pro hac vice form for self and Mr. Shepard, including e-mails re same (.20); ………… | Benvenutti | 0.6 | $695.00 | $417.00 | 25126-0007 |
| | | | 6.6 | | $3,356.00 | |

On the issue of adjusting rates downward for certain tasks, the Third Circuit seems fond, in the bankruptcy context, of quoting its opinion in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.  A Michelangelo should not charge Sistine Chapel rates for painting a

farmer's barn."  719 F.2d 670, 677 (3d Cir. 1983); *see also Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 260 (3rd Cir. 1995) and *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 n.34 (3rd Cir. 1994). *Busy Beaver*, in footnote 34 on page 855, lists 15 cases in support of the statement "[w]hen an experienced attorney does clerk's work, he or she should be paid clerk's wages."  We asked Heller Ehrman about these fees, and Heller Ehrman responded as follows:

> The Fee Auditor has questioned 6.6 hours/$3,356.00 associated with various tasks, involving either fees in billing category 0007 (4.7 hours/$2,584.00) or research or other work that may appear to be clerical in nature (1.9 hours/$772.00).
>
> The questioned matter 0007 fees are already the subject of the voluntary reduction described in paragraph 8 below, and thus should not be subject to further reduction.
>
> Heller Ehrman proposes to reduce the remaining fees by $386.00, a 50% reduction from the $772.00.

We appreciate Heller Ehrman's response and concur that the voluntary fee reduction reached in agreement with the U.S. Trustee (and discussed in more detail in paragraph 4 above) applies to the above-questioned tasks reported in Category 7 - Retention & Fee Applications.  Thus we recommend  no additional reduction in this regard.  However, concerning the remaining 1.9 hours billed for a total of $772.00, the response does not justify billing for these administrative tasks at the rates of $360 to $580 per hour.  Further, we consistently recommend that these types of tasks be billed at no more than $80.00 per hour.  Thus we recommend a reduction of $620.00[5] in fees.

  11.  In our initial report we noted that Heller Ehrman seeks reimbursement of

---

[5]1.9 hours times $80 equals $152.00 in allowed fees. $772.00 minus $152.00 equals $620.00.

$2,435.44 for the following airfare charge which appears potentially excessive:

| | | |
|---|---|---|
| 17-May-07 | Vendor: Lawyers Travel Service Name:MICHAEL SHEPARD Ticker No: 7047221330 Depart Date: 5/29/2007 Route: SFO/JFK/SFO | $2,435.44 |

We asked Heller Ehrman about this expense, and Heller Ehrman responded as follows:

> Heller Ehrman has agreed to reduce Mr. Shepard's $2,435.44 airfare by $975.54, from $2,435.44 to $1,459.90, the coach fare paid by Ms. Dixon for the same flight.

We appreciate Heller Ehrman's response and thus recommend a reduction in the amount the fare exceeds the comparable coach class fare, for a reduction of $975.54 in expenses.

12.    In our initial report we noted that Heller Ehrman seeks reimbursement of $459.12 for the following meal charges which appear excessive:

| | | |
|---|---|---|
| 9-May-07 | VENDOR: Dixon, Megan; INVOICE#: 42807; DATE: 5/9/2007 - M Dixon, meals on 4/22-23/07 trp from San Francisco, CA to Orange County re investigation - New Century | $103.12 |
| 20-Jul-07 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 70207; DATE: 7/20/2007 - M Shepard, meals on 7/15-17/07 trip from San Francisco, CA to Wilmington, DE to Washington DC to attend court hearing, meet with client and examiner | $70.63 |
| 29-May-07 | VENDOR: SEAMLESSWEB PROFESSIONAL INVOICE#: 210924 DATE: 6/3/2007   Name: Megan Dixon Caterer: Bistro New York Catering; Order Time:5/29/2007 17:16; Comment - Client Mtg | $199.07 |
| 30-May-07 | VENDOR: SEAMLESSWEB PROFESSIONAL INVOICE#: 210924 DATE: 6/3/2007   Name: Megan Dixon Caterer: Bistro New York Catering; Order Time:5/30/2007 12:39; Comment - Client Mtg | $86.30 |
| | | $459.12 |

We consistently recommend that the estate should not be asked to reimburse dinner expenses beyond $50 per person, lunch expenses beyond $25 per person, or breakfast charges beyond $15 per person. We asked Heller Ehrman about these expenses, and Heller Ehrman responded as follows:

> Response Exhibit 4 attached hereto contains a breakdown of the meal expenses at issue. All of the reimbursement requests fall within the Guidelines with the exception of two meals on April 23, 2007 and July 16, 2007, which exceeded the Guideline amounts by $0.43 and $4.20, respectively. Heller Ehrman will reduce

the amount sought by $4.63, from $459.12 to $454.49.

We appreciate Heller Ehrman's response and note its offer to reduce two of the questioned meal charges by $4.63. We concur with this offered reduction but note a $35.20 breakfast[6] for two persons which exceeds our reasonableness standard cited above, and thus recommend an additional reduction of $5.20 in expenses, for a total reduction of $9.83 in expenses.

    13.    In our initial report we noted that Heller Ehrman seeks reimbursement of $918.87 for the following transportation charges which appear excessive:

| | | |
|---|---|---|
| 30-Apr-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 206307; DATE: 4/30/2007 Voucher #230337/A. Milla to La Crescenta, CA 4/13/07 | $49.40 |
| 30-Apr-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 206307; DATE: 4/30/2007 Voucher #230351/R. Garza to Rowland Heights, CA 4/24/07 | $70.00 |
| 30-Apr-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 206307; DATE: 4/30/2007 Voucher #230352/R. Garza to Rowland Heights, CA 4/25/07 | $69.00 |
| 30-Apr-07 | VENDOR: LUXOR CABS; INVOICE#: 43007; DATE: 4/30/2007 - Liftik/ Dixon 4/30/07 | $41.85 |
| 1-May-07 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50107; DATE: 5/1/2007 M. Shepard - 4/19/07 Airport parking and taxis in Orange County for client meeting | $71.04 |
| 15-May-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 206820; DATE: 5/15/2007 Voucher #230367/R. Garza to Rowland Heights, CA 5/15/07 | $70.00 |
| 29-May-07 | VENDOR: DAV-EL RESERVATIONS SYSTEM,INC.; INVOICE#: AR963774; DATE: 05/29/07 - Car service from JFK Airport to W Hotel 1567 Broadway, NY, M.Shepard 5/29/07 | $173.76 |
| 31-May-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 207091; DATE: 5/31/2007 Voucher #230361/R. Garza to Rowland Heights, CA 5/7/07 | $68.15 |
| 31-May-07 | VENDOR: ADMINISTRATIVE SERVICES CO-OP; INVOICE#: 207091; DATE: 5/31/2007 Voucher #230373/R. Garza to Rowland Heights, CA 5/24/07 | $70.00 |
| 5-Jun-07 | VENDOR: Vital Transportation, Inc.; INVOICE#: 83151; DATE: 6/5/2007 - Car service - 05/30/07 - M. Dixon | $61.71 |
| 6-Jun-07 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 60607; DATE: 6/6/2007 M. Dixon - 5/29/07, 5/30/07 Airport parking, mileage and various taxis in New York for New Century Meetings | $112.25 |
| 12-Jun-07 | VENDOR: Vital Transportation, Inc.; INVOICE#: 83461; DATE: 6/12/2007 - Car service - 05/30/07 - M. Shepard | $61.71 |
| | | $918.87 |

The Guidelines II.E.1., states ". . .[f]actors relevant to a determination that the expense is proper

---

[6]This individual charge is part of the $70.63 travel charge posted on July 20, 2007.

include the following: 1.  Whether the expense is reasonable and economical.  For example, first

class and other luxurious travel mode or accommodations will normally be objectionable."  We

asked Heller Ehrman about these expenses, and Heller Ehrman responded as follows:

> Response Exhibit 5 provides details regarding certain "at issue" charges totaling
> $480.47 for which Heller Ehrman seeks reimbursement, and which Heller Ehrman
> believes are appropriate.  The remaining charges, totaling $438.40, were for
> reimbursement of expenses incurred by staff who worked overtime on this
> engagement and were actually reimbursed for late-night travel in accordance with
> the firm's policy, reflecting safety considerations and market conditions.  Heller
> Ehrman nevertheless will reduce its expenses in connection with this category by
> $438.40.

We appreciate Heller Ehrman's response and note its offer to reduce the requested transportation

charges by $438.40 for its overtime transportation charges.  With regard to the line-item charges

identified on Response Exhibit 5, we have no objections with the exception of the following

entry:

| May 29, 2007 | VENDOR: DAV-EL RESERVATIONS SYSTEM,INC.; INVOICE#: AR963774; DATE: 05/29/07  -  Car service from JFK Airport to W Hotel 1567 Broadway, NY, M.Shepard 5/29/07 | $173.76 |

Description of Charge

| Car service from JFK to W Hotel on May 29, 2007 | $173.76 |

This itinerary represents an approximate 18.29 mile trip.  We note the New York City Taxi &

Limousine Commission maintains a $45.00 flat-fare from John F. Kennedy International Airport

to locations within Manhattan, which applies to the itinerary above.  It is our opinion that the

response does not establish the reasonableness for this charge, nor does it explain why a car

versus taxi service was necessary.  We thus recommend a reduction in the amount this charge

exceeds the $45.00 flat fare plus tip (for a total comparison charge of $52), for an additional

reduction of $121.76 in expenses, for a total reduction of $560.16 in expenses.

14.     In our initial report we noted that Heller Ehrman seeks reimbursement of

$3,391.94 for the following travel-related charges which are reported in a lumped manner, thus

we are unable to determine the reasonableness of each charge:

| | | |
|---|---|---:|
| 9-May-07 | VENDOR: Dixon, Megan; INVOICE#: 42807; DATE: 5/9/2007 - M Dixon, lodging/parking/photocopying on 4/22-23/07 trp from San Francisco, CA to Orange County re investigation - New Century | $637.58 |
| 9-May-07 | VENDOR: Dixon, Megan; INVOICE#: 50207; DATE: 5/9/2007 - M Dixon, lodging/cabfare on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA re SEC/USAO Presentation for New Century | $448.24 |
| 8-May-07 | VENDOR: Liftik, Michael E.; INVOICE#: 50507; DATE: 5/8/2007 - M Liftik, lodging/cabfare/internet/computer expense on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA re presentation to government | $343.17 |
| 4-Jun-07 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 50507B; DATE: 06/04/07 - M Shepard, lodging/cabfare/parking/mileage on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA to meet with DOJ & SEC | $478.57 |
| 4-Jun-07 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 60207; DATE: 06/04/07 - M Shepard, lodging/parking/mileage on 5/29-30/07 trip from San Francisco to Los Angeles, CA to meet with Creditors Committee | $552.73 |
| 20-Jul-07 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 70207; DATE: 7/20/2007 - M Shepard, lodging/cabfare/parking/telephone on 7/15-17/07 trip from San Francisco, CA to Wilmington, DE to Washington DC to attend court hearing, meet with client and examiner | $770.58 |
| 2-May-07 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50207; DATE: 5/2/2007 M. Shepard - 4/23/07 Mileage, airport parking and meal services for client meeting in Santa Ana | $103.67 |
| 9-May-07 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50907; DATE: 5/9/2007 M. Dixon - 4/19/07 Mileage, tolls, airport parking and taxi in Orange County re New Century witness interviews | $57.40 |
| | | $3,391.94 |

We asked Heller Ehrman about these expenses, and Heller Ehrman responded as follows:

Response Exhibit 6 attached hereto contains an itemized list of the expenses comprising the lumped expenses.  Each of these expenses falls within the Guidelines.  Accordingly, Heller Ehrman does not believe any reduction in its reimbursement request for these expenses is warranted.

We appreciate Heller Ehrman's response and have no objection to the line-item entries on

Response Exhibit 6 with the exception of the following hotel charges:

| | |
|---|---|
| Fairmont Hotel room charged on April 22, 2007 | $319.30 |
| Le Meridien Hotel Room charged for stayed on April 30, 2007 | $341.05 |
| W New York Hotel Room charged for stay on May 29, 207 | $433.19 |

The hotel charges correspond to accommodations in Orange County and Los Angeles, California. With respect to hotel expenses, we take into consideration that certain geographical areas require payment of a higher per night rate.  Therefore we maintain a standard of reasonableness for hotel rates as follows: charges exceeding $400.00 per person, per night in the New York City market are considered excessive.  For all other markets, we hold that a maximum per person, per night excluding taxes of $250.00 is excessive.  Thus we recommend a reduction in the amount the hotel charges exceed this reasonableness standard, for a reduction of $208.54[7] in expenses.

15.     In our initial report we noted that Heller Ehrman seeks reimbursement of $346.65 for the following charges which are insufficient in detail:

| | |
|---|---|
| 22-Apr-07 VENDOR: Network Global Logistics; INVOICE#: 1069602; DATE: 04/22/07 - Servie 4/20/07 from SF Heller - Bacar Resort and Spa, 8301 Hollister Ave, El Encanto Heights, CA 93117 Attn: Megan Dixon VOUCHER NO SFO053947934 | $254.24 |
| 30-Apr-07 VENDOR: U.S. Legal Management Services, Inc.; INVOICE#: 34101; DATE: 4/30/2007 Job #3801300/To John Landry, Los Angeles 4/20/07 | $50.88 |
| 30-Apr-07 VENDOR: U.S. Legal Management Services, Inc.; INVOICE#: 34101; DATE: 4/30/2007 Job #3807635/To Le Meridian Hotel, Los Angeles 4/30/07 | $41.53 |
| | $346.65 |

We asked Heller Ehrman about these expenses, and Heller Ehrman responded that "each [charge] relates to a document delivery expense that is reimbursable under the Guidelines."  We appreciate Heller Ehrman's response and have no objections to these expenses.

16.     In our initial report we noted that Heller Ehrman seeks reimbursement of $2,512.50 for "Additional Staff Expenses" which is insufficient in detail:

---

[7]Utilizing an 18% tax rate to incorporate local, occupancy, and state taxes.

Additional Staff Expenses                                        $2,512.50

We asked Heller Ehrman about this expense, and Heller Ehrman responded as follows:

> Heller Ehrman agrees to reduce its fees by $2,512.50, the amount reflected on the
> billing statement as "Additional Staff Expenses."

We appreciate Heller Ehrman's response and thus recommend a reduction of $2,512.50 in

expenses.

## CONCLUSION

17.    Thus we recommend approval of fees totaling $1,056,422.00  ($1,060,768.50

minus $4,346.50) and expenses totaling $23,642.05 ($27,908.62 minus $4,266.57), for Heller

Ehrman's services from April 2, 2007 through July 31, 2007.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1275
Republic Center
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 25th day of April, 2008.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Peter J. Benvenutti
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

**United States Trustee**
Joseph J. McMahon, Jr.
U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

**Counsel to the Debtors**
Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Paul N. Heath, Esq.
Christopher M. Samis, Esq.
Richards, Layton & Finger, P.A.
920 N. King St.
One Rodney Square
Wilmington, DE 19801

**Counsel to the Debtors**
Suzzanne Uhland, Esq.
Ben H. Logan, Esq.
Victora A. Newmark, Esq.
Andrew M. Parlen, Esq.
O'Melveny & Myers LLP
275 Battery Street
San Francisco, CA 94111

**Counsel to the Debtors**
Shannon Lowry Nagle, Esq.
O'Melveny &Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

**Counsel to the Debtors**
Ivan Lerer Kallick, Esq.
Manatt Phelps & Phillips, LLP
11344 W. Olympic Blvd.
Los Angeles, CA 90064

and

Ellen R. Marshall, Esq.
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626

**Counsel for Crisis Managers**
Laura J. Eisele, Esq.
AlixPartners, LLP
2000 Town Center
Suite 2400
Southfield, MI 48075

**Accounting and Tax Advisor
for the Debtors**
Gary A. Grush
Grant Thornton LLP
18400 Von Karman Ave., Suite 900
Irvine, CA 92612

**Accounting and Tax Advisor
for the Debtors**
Ernst & Young, LLP
Richard Magnuson
Ernst & Young LLP
Dept. 6793
Los Angeles, CA  90084-6793

**Accounting and Tax Advisor
for the Debtors**
Ari Lefkovits, Director
Lazard Freres & Co., LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020

**Accounting and Tax Advisor
for the Debtors**
Jeffrey R. Boyle, Esq.
PricewaterhouseCoopers LLP
Two Commerce Square, Ste. 1700
2001 Market St.
Philadelphia, PA 19103

**Counsel to the Official Committee of
Unsecured Creditors**
Bonnie Glantz Fatell, Esq.
David W. Carickhoff, Jr., Esq.
Blank Rome, LLP
1201 Market Street, Ste. 800
Wilmington, DE 19801

**Counsel to the Official Committee of
Unsecured Creditors**
Mark S. Indelicato, Esq.
Hahn & Hessen, LLP
488 Madison Avenue
14th & 15th Floors
New York, NY 10022

**Financial Advisor to the Official
Committee of Unsecured Creditors**
Samuel Star
FTI Consulting, Inc.
Three Times Square
New York, NY 10036

**Examiner**
Michael J. Missal, Esq.
Kirkpatrick & Lockhart Preston
Gates Ellis, LLP
1601 K. Street, N.W.
Washington, DC 20006-1600

**Counsel to the Examiner**
Edward M. Fox, Esq.
Kirkpatrick & Lockhart Preston
Gates Ellis, LLP
599 Lexington Ave.
New York, NY 10022

**Counsel to the Examiner**
Mark Minuti, Esq.
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

**Accountants and Financial Advisor
to the Examiner**
William K. Lenhart
Naushon Vanderhoop
BDO Seidman, LLP
330 Madison Ave., 10th Floor
New York, NY 10017

**Special Regulatory Counsel for the
Debtors**
Eric M. Davis, Esq.
Kimberly A. LaMaina, Esq.
Skadden, Arps, Slate, Meagher
& Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

**Special Outside Counsel to the Debtors**
Tara Kowalski
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071-2627

**Special Counsel - OCP**
Diana M. Thimmig, Esq.
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center, 9th Floor
Cleveland, OH 44115

**Sheppard, Mullin, Richter &
Hampton LLP**
Mette H. Kurth, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

**<u>Special Litigation Counsel to Debtors</u>**
Joshua D. Morse, Esq.
Hennigan Bennett & Domann LLP
865 S. Figueroa Street, Ste. 2900
Los Angeles, CA 90017

**<u>Special Litigation Counsel to Debtors</u>**
Jeffrey Tidus, Esq.
Baute & Tidus LLP
777 S. Figueroa Street, Ste. 4900
Los Angeles, CA 90017

**RESPONSE EXHIBIT 2**

Although Heller Ehrman provided a general justification for its use of multiple professionals to perform certain tasks during its engagement (see 27 of the First Monthly Fee Application, filed September 4, 2007 [Docket No. 2657]), additional information in response to the Fee Auditor's specific challenges is provided below.

*Witness Interviews*.   Heller Ehrman was engaged by the Audit Committee of NCF's Board to conduct an internal investigation of matters involving possible serious wrongdoing, and to do so in as short a time as possible.  For counsel who are conducting such an investigation to perform their responsibilities properly and effectively, the investigative team must identify, review, assimilate and make effective use of a great mass of documents and oral information, and must interview dozens of witnesses at the same time they are getting "up to speed".  Consequently, in conducting witness interviews as part of internal investigations it is the normal, expected and best practice – not only for Heller Ehrman, but throughout the legal profession – to participate in each witness interview: typically one attorney asks the questions, and the other attorney(s) support him or her by identifying documents and suggesting additional questions or background information, by taking notes, and by being able to serve as a witness, if necessary, to the manner in which the interview was conducted and the information provided.  This minimizes the chances of overlooking significant information in the fast-track interviews, and enables each of the attorneys to perform at his/her highest efficiency and ultimately to contribute effectively to writing and editing the related witness memoranda.  This also enables attorneys with lower billing rates to author the first drafts of interview memoranda, reducing the overall cost to the estate.  Accordingly, the fees sought by Heller Ehrman in connection with witness interviews are reasonable and compensable in their entirety.

**RESPONSE EXHIBIT 3**

*Court Hearing*.  These fees are included within billing category 0007 and are the subject of the voluntary reduction described in paragraph 4 above, which Heller Ehrman submits constitutes a full response to the Fee Auditor's concerns.  In addition, Heller Ehrman provides the following specific explanation:

The United States Trustee ("UST") filed a limited objection to Heller Ehrman's employment, asserting that Heller Ehrman's representation of NCF's auditor in matters unrelated to NCF or its bankruptcy case created a disqualifying conflict under 11 U.S.C. §327(e).  After informal efforts to resolve the UST's objection proved unsuccessful, Heller Ehrman prepared and filed a detailed written response and a hearing on Heller Ehrman's retention was held on July 16, 2007.  Peter J. Benvenutti (a bankruptcy lawyer) appeared as counsel on behalf of Heller Ehrman, and Michael Shepard – the Heller Ehrman lawyer who had overseen the internal investigation and therefore had personal knowledge of the underlying facts and circumstances, and who had submitted a lengthy declaration in response to the UST's objection – appeared as a witness.  Mr. Shepard testified at the hearing, both on direct and on cross-examination.  Based on Heller Ehrman's response, including Mr. Shepard's testimony, the Court overruled the UST's objection in its entirety and authorized Heller Ehrman's employment retroactively to the petition date.  Absent Mr. Shepard's testimony at that hearing, elicited by Mr. Benvenutti, there is a substantial likelihood that NCF would have been faced with an unanticipated need to retain alternate counsel, which would have caused detriment to the estate in the forms of delay and unnecessary expense.  The attendance of both Mr. Benvenutti and Mr. Shepard at the July 16 hearing was justified, and their related fees should be allowed in their entirety.

*Meetings*.  In response to inquiries by the SEC and the United States Attorney's Office ("USAO"), Heller Ehrman prepared an oral and visual presentation, lasting approximately three hours, to communicate what Heller Ehrman and PricewaterhouseCoopers ("PwC") had learned during the investigation.  In reality, this presentation represented the culmination of the internal investigation and one of the primary "deliverables" from the engagement (the other primary deliverable being the witness interview memoranda).  The SEC, the USAO, the Committee, the bankruptcy examiner and NCF had each expressed a sense of urgency about completing and communicating the results of the internal investigation.  To accommodate this expedited time schedule, and to ensure that the meetings/presentations would convey the complex and voluminous information in an orderly and comprehensive fashion, multiple Heller Ehrman attorneys were required to attend and participate.  This approach ensured that the attorney most knowledgeable about each specific subject area could address and/or ensure accurate responses to the interested parties' specific questions.  Heller Ehrman attorneys and representatives of PwC made the presentation to the SEC and USAO on May 1, 2007, to the Creditors Committee on May 30, 2007, and to the bankruptcy Examiner (and additional representatives of the Creditors Committee) on June 19, 2007.  Heller Ehrman staffed these projects as leanly as was appropriate, and only utilized multiple professionals to the extent necessary.  Heller Ehrman does not believe that a reduction in its fees in connection with its use of multiple professionals at these meetings and presentations is warranted.

**RESPONSE EXHIBIT 4**

| DATE | DESCRIPTION | Amount Charged | Offered Reduction |
|------|-------------|----------------|-------------------|
| May 09, 07 | VENDOR: Dixon, Megan; INVOICE#: 42807; DATE: 5/9/2007 - M Dixon, meals on 4/22-23/07 trp from San Francisco, CA to Orange County re investigation - New Century | $103.12 | |

Description of Charge

| | | | |
|------|-------------|----------------|-------------------|
| Dining at Fairmont Newport Beach on April 22, 2007 (dinner) | | $36.87 | |
| Dining at Fairmont Newport Beach on April 23, 2007 (lunch) | | $25.43 | $0.43 |
| Dining at Omni Hotels on April 23, 2007 (dinner) | | $40.82 | |
| TOTAL CHARGED | | $103.12 | |

| | | | |
|------|-------------|----------------|-------------------|
| July 20, 07 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 70207; DATE: 7/20/2007 - M Shepard, meals on 7/15-17/07 trip from San Francisco, CA to Wilmington, DE to Washington DC to attend court hearing, meet with client and examiner | $70.63 | |

Description of Charge

| | | | |
|------|-------------|----------------|-------------------|
| Breakfast at Green Room on July 16, 2007 | | $19.20 | $4.20 |
| Breakfast at The Lounge at Park Hyatt Hotel with Mr. Skolak | | $35.20 | |
| Dinner MJS | | $16.23 | |
| TOTAL CHARGED | | $70.63 | |

| | | | |
|------|-------------|----------------|-------------------|
| May 29, 07 | VENDOR: SEAMLESSWEB PROFESSIONAL INVOICE#: 210924 DATE: 6/3/2007   Name: Megan Dixon Caterer: Bistro New York Catering; Order Time:5/29/2007 17:16; Comment - Client Mtg | $199.07 | |

Description of Charge

| | | | |
|------|-------------|----------------|-------------------|
| Catering with Bistro New York for a Client Meeting (approximately 15 people) on May 29, 2007. | | $199.07 | |

| | | | |
|------|-------------|----------------|-------------------|
| May 30, 07 | VENDOR: SEAMLESSWEB PROFESSIONAL INVOICE#: 210924 DATE: 6/3/2007   Name: Megan Dixon Caterer: Bistro New York Catering; Order Time:5/30/2007 12:39; Comment - Client Mtg | $86.30 | |

Description of Charge

Catering with Bistro New York for a Client Meeting (approximately 15 people)    $86.30
on May 30, 2007.

      **Total Reduction:**                                                                                                    $4.63

**RESPONSE EXHIBIT 5**

| DATE | DESCRIPTION | AMOUNT CHARGED |
|------|-------------|----------------|
| May 01, 2007 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50107; DATE: 5/1/2007 M. Shepard - 4/19/07 Airport parking and taxis in Orange County for client meeting | $71.04 |

Description of Charge

| | | |
|------|-------------|----------------|
| Yellow Cab CO. - taxi service on April 19, 2007 | | $12.00 |
| SFO Parking on April 19, 2007 | | $28.00 |
| Mileage usage on April 19, 2007 (64 miles) | | $31.04 |
| TOTAL CHARGED | | $71.04 |

| May 29, 2007 | VENDOR: DAV-EL RESERVATIONS SYSTEM,INC.; INVOICE#: AR963774; DATE: 05/29/07 - Car service from JFK Airport to W Hotel 1567 Broadway, NY, M.Shepard 5/29/07 | $173.76 |
|------|-------------|----------------|

Description of Charge

| | | |
|------|-------------|----------------|
| Car service from JFK to W Hotel on May 29, 2007 | | $173.76 |

| June 05, 2007 | VENDOR: Vital Transportation, Inc.; INVOICE#: 83151; DATE: 6/5/2007 - Car service - 05/30/07 - M. Dixon | $61.71 |
|------|-------------|----------------|

Description of Charge

| | | |
|------|-------------|----------------|
| Car service for Megan Dixon on May 30, 2007 | | $61.71 |

| June 06, 2007 | VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 60607; DATE: 6/6/2007 M. Dixon - 5/29/07, 5/30/07 Airport parking, mileage and various taxis in New York for New Century Meetings | $112.25 |
|------|-------------|----------------|

Description of Charge

| | | |
|------|-------------|----------------|
| Bridge Toll on May 29, 2007 | | $5.00 |
| Mileage usage on May 29, 2007 (50 miles R/T to Sausalito) | | $24.25 |
| SFO Parking from May 29 thru 30, 2007 | | $33.00 |
| Taxi service on May 30, 2007 | | $50.00 |
| TOTAL CHARGED | | $112.25 |

| June 12, 2007 | VENDOR: Vital Transportation, Inc.; INVOICE#: 83461; DATE: 6/12/2007 - Car service - 05/30/07 - M. Shepard | $61.71 |
|------|-------------|----------------|

Description of Charge

| | | |
|------|-------------|----------------|
| Car Service for Michael Shepard on May 30, 2007 | | $61.71 |

| | **TOTAL** | $480.47 |
|------|-------------|----------------|

**RESPONSE EXHIBIT 6**

| DATE | DESCRIPTION | AMOUNT CHARGED |
|------|-------------|----------------|
| May 09, 2007 | VENDOR: Dixon, Megan; INVOICE#: 42807; DATE: 5/9/2007 - M Dixon, lodging/parking/photocopying on 4/22-23/07 trp from San Francisco, CA to Orange County re investigation - New Century | $637.58 |
| Fairmont Hotel room charged on April 22, 2007 | | $319.30 |
| Omni Hotel room charged on April 23, 2007 | | $286.03 |
| Parking charged at Omni Hotel on April 23, 2007 | | $20.00 |
| Photo coping charged on April 23, 2007 | | $12.25 |
| TOTAL CHARGED | | $637.58 |
| May 09, 2007 | VENDOR: Dixon, Megan; INVOICE#: 50207; DATE: 5/9/2007 - M Dixon, lodging/cabfare on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA re SEC/USAO Presentation for New Century | $448.24 |
| Taxi cab to Hotel on April 30, 2007 | | $50.00 |
| Le Meridien Hotel Room charged for stayed on May 1, 2007 | | $318.24 |
| Taxi cab to SEC on May 1, 2007 | | $30.00 |
| Taxi cab to LAX on May 1, 2007 | | $50.00 |
| TOTAL CHARGED | | $448.24 |
| June 04, 2007 | VENDOR: Liftik, Michael E.; INVOICE#: 50507; DATE: 5/8/2007 - M Liftik, lodging/cabfare/internet/computer expense on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA re presentation to government | $343.17 |
| Le Meridien Hotel Room charged for stay on April 30, 2007 | | $318.24 |
| Internet charged usage on April 30, 2007 | | $9.95 |
| Computer Exp. on May 1, 2007 | | $10.83 |
| Taxi cab service on May 1, 2007 | | $4.15 |
| TOTAL CHARGED | | $343.17 |
| May 04, 2007 | VENDOR: MICHAEL J. SHEPARD; INVOICE#: 50507B; DATE: 06/04/07 - M Shepard, lodging/cabfare/parking/mileage on 4/30-5/1/07 trip from San Francisco to Los Angeles, CA to meet with DOJ & SEC | $478.57 |
| Le Meridien Hotel Room charged for stayed on April 30, 2007 | | $341.05 |
| Cab to Hotel on April 30, 2007 | | $44.00 |
| Cab to Airport on May 1, 2007 | | $50.00 |
| Airport parking on May 1, 2007 | | $28.00 |
| Mileage to & from Airport usage on May 1, 2007 | | $15.52 |
| TOTAL CHARGED | | $478.57 |

| | |
|---|---|
| June 04, 2007  VENDOR: MICHAEL J. SHEPARD; INVOICE#: 60207; DATE: 06/04/07  -  M Shepard, lodging/parking/mileage on 5/29-30/07 trip from San Francisco to Los Angeles, CA to meet with Creditors Committee | $552.73 |

| | |
|---|---|
| Parking on May 28, 2007 | $22.50 |
| SFO Parking from May 29 and 30, 2007 | $66.00 |
| W New York Hotel Room charged for stay on May 29, 207 | $433.19 |
| Mileage to & from Airport (64 miles) usage on May 30, 2007 | <u>$31.04</u> |
| TOTAL CHARGED | $552.73 |

| | |
|---|---|
| July 20, 2007  VENDOR: MICHAEL J. SHEPARD; INVOICE#: 70207; DATE: 7/20/2007  -  M Shepard, lodging/cabfare/parking/telephone on 7/15-17/07 trip from San Francisco, CA to Wilmington, DE to Washington DC to attend court hearing, meet with client and examiner | $770.58 |

| | |
|---|---|
| Hotel Dupont charged for stayed on July 16, 2007 | $295.90 |
| Park Hyatt Washington D.C. hotel charged for stayed on July 17, 2007 | $360.68 |
| Taxi cab on July 16, 2007 | $12.00 |
| Phone call charges on July 16, 2007 | $4.00 |
| Taxi cab on July 17, 2007 | $14.00 |
| SFO parking from July 15 to 18, 2007 | <u>$84.00</u> |
| TOTAL CHARGED | $770.58 |

| | |
|---|---|
| May 02, 2007  VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50207; DATE: 5/2/2007 M. Shepard - 4/23/07 Mileage, airport parking and meal services for client meeting in Santa Ana | $103.67 |

| | |
|---|---|
| Mileage (64 miles) on April 23, 2007 | $15.52 |
| SFO parking on April 23, 2007 | $66.50 |
| Starbucks coffee on April 23, 2007 | $6.80 |
| HMSHost (meal) on April 23, 2007 | <u>$14.85</u> |
| TOTAL CHARGED | $103.67 |

| | |
|---|---|
| May 09, 2007  VENDOR: PETTY CASH CUSTODIAN; INVOICE#: 50907; DATE: 5/9/2007 M. Dixon - 4/19/07 Mileage, tolls, airport parking and taxi in Orange County re New Century witness interviews | $57.40 |

| | |
|---|---|
| SFO parking on April 19, 2007 | $28.00 |
| Taxi cab service on April 19, 2007 | $10.00 |
| Mileage (40 miles) on April 19, 2007 | <u>$19.40</u> |
| TOTAL CHARGED | $57.40 |

| | |
|---|---|
| **TOTAL** | $3,391.94 |