# U.S. Department of Justice
## Office of the United States Trustee
District of Delaware
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Tel. (302) 573-6491    Fax (302) 573-6497

## "SENSITIVE BUT UNCLASSIFIED"
# FACSIMILE TRANSMITTAL SHEET

DATE: 2/29

**TO**

NAME: Miki Crane / Peter Benvenutti

PHONE: _____ FAX: 415 772-6268

NUMBER OF PAGES (including cover sheet) 4

ORIGINAL TO FOLLOW:  Yes ☐  No ☑

**FROM**

NAME: Joe McMahon

**IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED ABOVE OR THE MESSAGE IS POORLY RECEIVED, PLEASE CONTACT OUR OFFICE AS SOON AS POSSIBLE AT (302) 573-6491.**

COMMENTS: _____

**CONFIDENTIALITY NOTICE**

THE INFORMATION CONTAINED IN THIS TELEFACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL AND INTENDED EXCLUSIVELY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITIES NAMED ON THIS COVER SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED USE OF THIS INFORMATION AND MATERIALS, INCLUDING COPYING OR DISTRIBUTION IS STRICTLY PROHIBITED AND REVIEW OF THIS INFORMATION BY OTHER THAN THE INTENDED RECIPIENT SHALL NOT CONSTITUTE A WAIVER OF THE ATTORNEY/CLIENT PRIVILEGE. IF YOU HAVE RECEIVED THIS MATERIAL MATERIAL IN ERROR, PLEASE CONTACT US AT THE ABOVE NUMBER IMMEDIATELY TO ARRANGE FOR RETURN OF THE MATERIALS.

IF YOU DO NOT RECEIVE ALL PAGES INDICATED ABOVE OR THE MESSAGE IS POORLY RECEIVED, PLEASE CONTACT OUR OFFICE AS SOON AS POSSIBLE AT (302) 573-6491.

# HellerEhrman LLP

February 28, 2008

Peter J. Benvenutti
peter.benvenutti@hellerehrman.com
Direct (415) 772-6403
Main (415) 772-6000
Fax (415) 772-6268

*Via Electronic Mail*

25126-0007

Joseph McMahon, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King St., Suite 2207, Lockbox 35
Wilmington, DE 19801

Re: New Century Financial Corporation, Case No. 07-10416;
Agreement re Heller Ehrman's First Interim Fee Request

Dear Mr. McMahon:

This letter memorializes the oral compromise Heller Ehrman reached with the Office of the United States Trustee ("UST") in November 2007 with respect to Heller Ehrman's request for fees relating to the firm's retention as special counsel for the debtor's Audit Committee in this case during the period from April 2, 2007 through July 31, 2007 (the "First Interim Period").

As you know, in October 2007 the UST raised informal concerns about certain time entries reflected in Heller Ehrman's billing matter 0007 (entitled "Retention and Fee Applications"). In response, Heller Ehrman reviewed the detailed billing statements for matter 0007 for the First Interim Period and, in a letter to you dated October 24, 2007, we broke the services down into five distinct segments:

Segment 1 – Preparation of original retention application, April 5 – 30, 2007;

Segment 2 – Informal response to informal objections to Heller Ehrman's retention raised by U.S. Trustee's Office – June 12 – 30, 2007;

Segment 3 – Preparation of formal written response to U.S. Trustee's objection to retention – July 1 – 13, 2007;

Segment 4 – Preparation for and attendance at hearing on objection – July 15 – 16, 2007;

Heller Ehrman LLP  333 Bush Street  San Francisco, CA 94104-2878  www.hellerehrman.com

San Francisco   Silicon Valley   Los Angeles   San Diego   Seattle   Portland   Anchorage   New York   Washington D.C.   Madison, WI
Hong Kong   Singapore   Beijing    *Affiliated Offices:*   Milan   Paris   Rome

> Segment 5 — Post-hearing activities (preparation of order, negotiation of fee "cap" with committee, preparation of initial fee application) – July 17 – 31, 2007.

Although Heller Ehrman continued (and continues) to believe that all of the time spent in each of these segments was appropriate, was necessary to the administration of the case and was justified by the circumstances, Heller Ehrman proposed downward adjustments to each of the matter 0007 segments in an effort to satisfy the UST's specific concerns.

After further discussions with the UST, and in an effort to avoid incurring more fees that might be the subject of future disputes, and in a spirit of compromise, Heller Ehrman agreed (a) to seek the reduced total of $87,500 (plus allowable expenses)—a reduction of approximately $63,500—in fees for all the services in matter 0007 for the First Interim Period, and (b) not to seek any fees on account of the time spent responding to the UST's informal objection to the matter 0007 fee requests. In return, the UST agreed not to oppose the reduced request for matter 0007 fees, and confirmed that it did not intend to, and would not, challenge any of the remaining fees requested by Heller Ehrman in other billing categories during the First Interim Period. Aside from Heller Ehrman's agreement not to seek fees for responding to the UST's informal objection (as provided in clause (b) of the first sentence of this paragraph), this agreement does not apply to any fees requested by Heller Ehrman for periods after the First Interim Period, or the UST's right to object to any such fees requested.

In addition, since Heller Ehrman's role in this case is now concluded, Heller Ehrman desires to seek final approval of all of its fees in the near future as soon as it is in a position to present an application covering all its services in the case. The UST, while reserving the right to object to the fees and costs requested for periods after the First Interim Period on any basis, will not oppose Heller Ehrman's request that the Court consider that application for final approval, subject to the proviso stated in the following paragraph.

Notwithstanding any final Court approval of Heller Ehrman's fees, the UST would reserve the right to reopen the Court's approval of those fees for the purpose of raising a "lack of disinterestedness" or other similar challenge to the appropriateness of Heller Ehrman's retention as counsel in this case, solely to the extent such challenge may be based on facts and circumstances discovered by the UST in the future; and Heller Ehrman consents to this right and to continuing jurisdiction of the Bankruptcy Court to entertain such a challenge. To make explicit what is implicit in the foregoing sentence, facts and circumstances of which the UST is currently aware via Heller Ehrman's disclosures under Federal Rule of Bankruptcy Procedure 2014(a) and all other declarations and pleadings filed in connection with the UST's objection to Heller Ehrman's retention do not represent a basis on which the UST would be entitled to bring such a post-final-approval challenge.

Please sign the original of this letter where indicated below to confirm the UST's agreement to the terms stated above, and return a copy to me by electronic means and the

Joseph McMahon, Esq.
February 28, 2008
Page 3

signed original by regular mail. It is our intention to attach a copy of this letter, when signed on behalf of the UST, to our next fee application and to request the Court's approval of it at that time and in that context.

Should you have any questions, please feel free to contact me.

Very truly yours,

Peter J. Benvenutti

cc via e-mail:
    Michael Shepard, Esq.
    Neal Brockmeyer, Esq.
    Megan Dixon, Esq.
    Michaeline Correa, Esq.
    Christopher Samis, Esq.
    Alejandro Mayorkas, Esq.
    Suzzanne Uhland, Esq.
    Bonnie Glantz Fatell, Esq.
    Mark Indelicato, Esq.

The Office of the United States Trustee hereby acknowledges and agrees to the terms set forth above.

Dated: February 29, 2008

OFFICE OF THE UNITED STATES TRUSTEE

By: _____
    Joseph McMahon
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee

SF 1443070 v2