IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., | : Case No. 07-10416 (KJC) |
| a Delaware Corporation, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Objection Deadline: |
| | : May 15, 2008 at 4:00 p.m. |

------------------------------------------------------x

## NINTH MONTHLY APPLICATION OF KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP, COUNSEL TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 1, 2008 THROUGH MARCH 31, 2008, INCLUDING REQUEST FOR LIMITED WAIVER OF INFORMATION REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d)

Name of Applicant:  **Kirkpatrick & Lockhart Preston Gates Ellis LLP**

Authorized to Provide Professional Services to:  **Michael J. Missal, Examiner**

Date of Retention:  **July 25, 2007, *nunc pro tunc* to June 1, 2007**

Period for Which Compensation and Reimbursement is Sought:  **March 1, 2008 through March 31, 2008**

Amount of Compensation Sought as Actual, Reasonable and Necessary:  **$131,038.02 (80% of $163,797.53[1])**

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$9,789.24**

This is a:      **X** monthly      ___ interim      ___ final application.

The total time expended for fee application preparation during the Ninth Monthly Period is approximately 61.4 hours and the corresponding compensation requested is approximately $26,582.85.[1]

---

[1] Reflects K&L Gates' voluntary ten percent (10%) reduction of its fees for this matter.

Prior Applications:

| Date Filed Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Date Filed: 8/24/07 Docket No. 2572 | 6/1/07–7/31/07 | $1,372,266.36 (80% of $1,715,332.95) | $54,844.68 | $1,372,266.36 | $54,844.68 |
| Date Filed: 9/25/07 Docket No. 3060 | 8/1/07-8/31/07 | $1,321,472.20 (80% of $1,651,840.26) | $68,086.20 | $1,321,472.20 | $68,086.20 |
| Date Filed: 10/26/07 Docket No. 3434 | 9/1/07-9/30/07 | $1,277,253.96 (80% of $1,596,567.45) | $59,187.10 | $1,277,253.96 | $59,187.10 |
| Dated Filed: 11/21/07 Docket No. 3930 | 10/1/07–10/31/07 | $1,579,162.36 (80% of $1,973,952.95) | $56,574.53 | $1,579,162.36 | $56,574.53 |
| Dated Filed: 12/21/07 Docket No. 4188 | 11/1/07–11/30/07 | $1,306,044.63 (80% of $1,632,555.78) | $51,419.50 | $1,306,044.63 | $51,419.50 |
| Dated Filed: 1/25/08 Docket No. 4709 | 12/1/07-12/31/07 | $1,130,861.62 (80% of $1,413,577.03) | $69,114.08 | $1,130,861.62 | $69,114.08 |
| Dated Filed: 2/25/08 Docket No. 5034 | 1/1/08-1/31/08 | $1,176,604.92 (80% of $1,470,756.15) | $62,743.40 | $1,176,604.92 | $62,743.40 |
| Dated Filed: 3/25/08 Docket No. 5494 | 2/1/08-2/29/08 | $1,333,948.68 (80% of $1,667,435.85) | $51,470.12 | $1,333,948.68[2] | $51,470.12 |

---

[2] As of the date of this Application, K&L Gates has not received payment from the Debtors on account of K&L Gates' fees and expenses incurred pursuant to its Eighth Monthly Application although the objection deadline has passed and there have been no objections to the payment of the Eighth Monthly Application.

2

**ATTACHMENT B**
**TO FEE APPLICATION**

The following is a summary of the fees incurred by K&L Gates during the period covered by this Ninth Monthly Fee Application:

| Name of Professional Person | Position of the Applicant, Number of Years in that Position[3], Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| David T. Case | Partner; Joined K&L Gates in 1984; Practice Area(s): Commercial Litigation | Member of the MI Bar since 1979 | $650.00 | 4.3 | $2,795.00 |
| Edward J. Fishman | Partner; Joined K&L Gates in 2001; Practice Area(s): Internal Investigations | Member of the MD Bar since 1996 and the DC Bar since 1998 | $550.00 | 4.2 | $2,310.00 |
| Edward M. Fox | Partner; Joined K&L Gates in 2004; Practice Area(s): Bankruptcy / Insolvency | Member of the MA Bar since 1985 and the NY Bar since 1986 | $850.00 | 16.7 | $14,195.00 |
| Rebecca L. Kline Dubill | Partner; Joined K&L Gates in 1998; Practice Area(s): Securities Enforcement | Member of the MD Bar since 1998 and the DC Bar since 1999 | $485.00 | 81.2 | $39,382.00 |

---

[3] For some K&L Gates' personnel, the year in which they joined K&L Gates indicates the year in which they joined a predecessor firm by merger.

| Name of Professional Person | Position of the Applicant, Number of Years in that Position[3], Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Lawrence C. Lanpher | Partner; Joined K&L Gates in 1975; Practice Area(s): Commercial Litigation; Internal Investigations | Member of the DC Bar since 1975 | $650.00 | 22.2 | $14,430.00 |
| Michael J. Quinn | Partner; Joined K&L Gates in 2000; Practice Area(s): Securities Enforcement; Commercial Litigation | Member of the CA Bar since 1998 | $510.00 | 15.3 | $7,803.00 |
| Glenn R. Reichardt | Partner; Joined K&L Gates in 1984; Practice Area(s): Securities Enforcement; Internal Investigations | Member of the DC Bar since 1977 | $675.00 | 8.3 | $5,602.50 |
| Stephen G. Topetzes | Partner; Joined K&L Gates in 1988; Practice Area(s): Securities Enforcement; Internal Investigations | Member of the WI Bar since 1988 and the DC Bar since 1990 | $675.00 | 12.6 | $8,505.00 |
| | | | **PARTNER TOTALS** | **164.8** | **$95,022.50** |
| Kevin S. Asfour | Associate; Joined K&L Gates in 2003; Practice Area(s): Commercial Litigation | Member of the CA Bar since 2003 | $425.00 | 19.5 | $8,287.50 |

4

| Name of Professional Person | Position of the Applicant, Number of Years in that Position[3], Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Jonathan D. Borrowman | Associate; Joined K&L Gates in 2002; Practice Area(s): Commercial Litigation | Member of the DC and MI Bars since 2002 | $410.00 | 6.5 | $2,665.00 |
| Ashley J. Camron | Associate; Joined K&L Gates in 2003; Practice Area(s): Commercial Litigation | Member of the CA Bar since 2001 | $475.00 | 13.6 | $6,460.00 |
| Alex C. Frisbee | Associate; Joined K&L Gates in 2006; Practice Area(s): Securities Enforcement | Member of the VA Bar since 2007 | $285.00 | 9.6 | $2,736.00 |
| Erin A. Koeppel | Associate; Joined K&L Gates in 2000; Practice Area(s): Commercial Litigation; Securities Enforcement | Member of the NY and DC Bars since 2001 | $460.00 | 1.0 | $460.00 |
| Amanda B. Kostner | Associate; Joined K&L Gates in 2006; Practice Area(s): Commercial Litigation | Member of the CA Bar since 2006 | $325.00 | 21.7 | $7,052.50 |
| Robert A. Lawton | Associate; Joined K&L Gates in 2002; Practice Area(s): Commercial Litigation | Member of the PA Bar since 2003 | $260.00 | 9.4 | $2,444.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position[3], Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Andrew R. McFall | Associate; Joined K&L Gates in 2005; Practice Area(s): Securities Enforcement | Member of the IL Bar since 2005 and the DC Bar since 2006 | $335.00 | 13.4 | $4,489.00 |
| R. James Mitchell | Associate; Joined K&L Gates in 2001; Practice Area(s): Securities Enforcement | Member of the MD Bar since 2008 | $285.00 | 3.1 | $883.50 |
| Eunice Rim | Associate; Joined K&L Gates in 2006; Practice Area(s): Bankruptcy/ Insolvency | Not Yet Admitted | $390.00 | 41.7 | $16,263.00 |
| Justin H. Roeber | Associate; Joined K&L Gates in 2006; Practice Area(s): Commercial Litigation | Member of the NY Bar since 2007 | $390.00 | 17.6 | $6,864.00 |
| | | | ASSOCIATE TOTALS | 157.1 | $58,604.50 |
| Matthew B. Bowman | Paralegal; Joined K&L Gates in 2005 | N/A | $260.00 | 88.7 | $23,062.00 |
| James V. Catano | Paralegal; Joined K&L Gates in 2006 | N/A | $195.00 | 6.8 | $1,326.00 |
| L. Joseph Fortier | Proofreader; Joined K&L Gates in 2007 | N/A | $175.00 | 4.0 | $700.00 |
| Patricia L. Novak | Paralegal; Joined K&L Gates in 1993 | N/A | $225.00 | 3.3 | $742.50 |
| Marie A. Santos | Paralegal; Joined K&L Gates in 2006; Terminated in 2008 | N/A | $220.00 | 8.5 | $1,870.00 |

6

| Name of Professional Person | Position of the Applicant, Number of Years in that Position[3], Prior Relevant Experience, Area of Expertise | Year of Admission to Practice | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Jennifer Shuttleworth | Legal Secretary/ Clerk; Joined K&L Gates in 1988 | N/A | $195.00 | 5.3 | $1,033.50 |
| **PARAPROFESSIONAL TOTALS** | | | | 116.6 | $28,734.00 |
| **TOTAL PROFESSIONAL HOURS** | | | | 438.5 | $182,361.00 |
| **VOLUNTARY 10% REDUCTION** | | | | | ($18,236.10) |
| **REDUCTION FOR NON-WORKING TRAVEL** | | | | | ($327.38) |
| **DISCOUNTED TOTAL** | | | | | $163,797.53 |
| **TOTAL BLENDED HOURLY RATE** (excluding paraprofessionals) | | | | | $477.25 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Investigation | 375.6 | $152,097.00 |
| Billing, Compensation & Fee Applications | 61.4 | $29,536.50 |
| Non-Working Travel | 1.5 | $727.50 |
| **TOTAL** | **438.5** | **$182,361.00** |
| **VOLUNTARY 10 %REDUCTION** | | **($18,236.10)** |
| **REDUCTION FOR NON-WORKING TRAVEL** | | **($327.38)** |
| **DISCOUNTED TOTAL** | | **$163,797.53** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Telephone/Conference Calls/Outgoing Facsimile Transmission | | $5.40 |
| Telephone/Conference Call | Chorus Call, Inc. | $336.39 |
| Facsimile | | $89.05 |
| Postage | | $0.41 |
| Copying Expense—Internal (Billed at $0.10/page) | | $348.20 |
| Color Copying/Printing | | $2.00 |
| Computer Research | Lexis | $2,680.23 |
| Computer Research | Westlaw | $3,520.23 |
| Employee Overtime | | $1,417.50 |
| Local Courier | | $46.52 |
| Long Distance Courier | | $608.80 |
| Parking/Mileage | | $50.00 |
| Overtime Dinner, Cabs, Parking | | $91.50 |
| Travel Expenses | | $1,139.57 |
| Transportation Expenses | | $692.75 |
| Cab Fare | | $873.93 |
| Air Fare | | $3,198.42 |
| Business Meals | | $1,431.26 |
| Other (Outside Auditor Document Production Reimbursement, CD Creation and Dinners) | | ($6,742.92) |
| | TOTAL | $9,789.24 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:                                                : Chapter 11
                                                      :
NEW CENTURY TRS HOLDINGS, INC.,                       : Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,                       :
                                                      :
                        Debtors.[4]                   : Jointly Administered
                                                      :
                                                      : Objection Deadline:
                                                      : May 15, 2008 at 4:00 p.m.
                                                      :
                                                      :
-------------------------------------------------------x

## NINTH MONTHLY APPLICATION OF KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP, COUNSEL TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 1, 2008 THROUGH MARCH 31, 2008, INCLUDING REQUEST FOR LIMITED WAIVER OF INFORMATION REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d)

Pursuant to Sections 330 and 331 of Chapter 11, Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Local Bankruptcy Rule 2016-2 and the Administrative Order Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals entered herein on

April 24, 2007 (the "Fee Procedures Order"), Kirkpatrick & Lockhart Preston Gates Ellis LLP

("K&L Gates") hereby submits its ninth monthly application (the "Application") for allowance

[4] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a/ Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century REO III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

of compensation and reimbursement of expenses as counsel to the Examiner for the period from
March 1, 2008 through March 31, 2008 (the "Ninth Monthly Period"). For the Ninth Monthly
Period, K&L Gates seeks allowance of interim compensation in the amount of $131,038.02 (80%
of $163,797.53) and reimbursement of actual and necessary expenses in the amount of $9,789.24
for a total of $140,827.26. In support of the Application, K&L Gates respectfully states:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§
157 and 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      Venue of this proceeding and the Application is proper in this district
pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §§
105(a), 330 and 331, and Fed R. Bankr. P. 2016.

## BACKGROUND

5.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the
Debtors have continued to operate their businesses and manage their affairs as debtors-in-
possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6.      On June 1, 2007, the Court Entered an Order Denying in Part and
Granting in Part Motion of the United States Trustee (the "UST") for an Order Directing
Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner (the "Examiner
Order").

7.      Pursuant to the Examiner Order, the Court authorized and directed the
Examiner to, inter alia,

11

> investigate any and all accounting and financial statement
> irregularities, errors or misstatements, including but not limited to
> such irregularities, errors or misstatements that (i) gave rise to the
> announced need to restate the Debtors' financial statements for the
> first three quarters of 2006 and/or (ii) led the Debtors' management
> and Audit Committee to conclude it was more likely than not that
> pre-tax earnings in the 2005 financial statements were materially
> overstated (collectively, the "Accounting Issues"), and identify and
> evaluate any claims or rights of action that the estates might have
> arising from or relating to such irregularities, errors or
> misstatements.

Examiner Order at ¶ 3. The Court also authorized and directed the Examiner to investigate any

possible unauthorized post-petition use of cash collateral by the Debtors (the "Cash Collateral

Issue") and to otherwise perform the duties of an examiner pursuant to Section 1106(a)(3) and

(a)(4) of the Bankruptcy Code, subject to the provisions of the Examiner Order.  Id.

8.     The Examiner Order further authorized the Examiner to "retain counsel

and other professionals if he . . . determines that such retention is necessary to discharge his . . .

duties, with such retention to be subject to Court approval under standards equivalent to those set

forth in 11 U.S.C. § 327[.]"  Id. at ¶ 7.

9.     On June 8, 2007, the Examiner filed an Application for an Order

Authorizing the Retention of K&L Gates as Counsel to the Examiner *Nunc Pro Tunc* to June 1,

2007. On July 25, 2007, the Court entered an Order approving the Examiner's retention of K&L

Gates *nunc pro tunc* to June 1, 2007.

## COMPENSATION PAID AND ITS SOURCE

10.     All services for which K&L Gates requests compensation were performed

for or on behalf of the Examiner.

11.     K&L Gates has received no payment and has received no promises for

payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Application.  There is no agreement or

12

understanding between K&L Gates and any other person, other than the partners of K&L Gates, for the sharing of compensation to be received for services rendered in this case.

12.    Since its retention by the Examiner, K&L Gates has received payments from the Debtors totaling $9,598,994.07 on account of 80 % of its fees and 100 % of its expenses requested and approved pursuant to K&L Gates' First, Second, Third, Fourth, Fifth, Sixth and Seventh Monthly Applications. As of the date of this Application, K&L Gates has not received payment from the Debtors on account of its fees and expenses requested and approved pursuant to K&L Gates Eighth Monthly Application.

13.    No retainer has been paid to K&L Gates for services rendered or to be rendered on behalf of the Examiner.

## FEE STATEMENTS

14.    The fee statement for the Ninth Monthly Period is attached hereto as Exhibit A. The fee statement contains daily time logs describing the time spent by each K&L Gates attorney and paraprofessional during the Ninth Monthly Period.

15.    To the best of K&L Gates' knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Fee Guidelines prescribed by the UST and the Fee Procedures Order.

16.    K&L Gates notes that its time reports are organized and prepared on a daily basis, and its charges for professional services have been billed at K&L Gates' standard hourly rates, less a 10% discount on fees. K&L Gates' requested compensation is commensurate with compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

13

17.     In accordance with the Local Rules of this Court, K&L Gates has also reduced its fees associated with non-working travel time by 50%.

## ACTUAL AND NECESSARY EXPENSES

18.     A summary of actual and necessary expenses incurred by K&L Gates during the Ninth Monthly Period is attached as part of Attachment B to this Application, and a copy of K&L Gates' detailed expense records is attached hereto as Exhibit B.

19.     K&L Gates customarily charges $0.18 per page for photocopying expenses but, in accordance with the Local Rules of this Court, has charged $0.10 per page for photocopying expenses incurred in this matter.

20.     K&L Gates customarily charges $0.75 per page for out-going facsimile transmissions. K&L Gates also customarily charges for long distance telephone calls on outgoing facsimile transmissions. K&L Gates believes that its charges for outgoing facsimile transmissions do not exceed the $1.00 per page limitation imposed under the Local Rules of this Court.

21.     Regarding providers of on-line legal research (e.g., Lexis, Westlaw and Pacer), K&L Gates charges the standard usage rates these providers charge for computerized legal research and case management. K&L Gates bills its clients the actual amount charged by such services, with no premium. Any volume discount received by K&L Gates is passed on to the client.

22.     K&L Gates believes the foregoing rates and expense charges are the market rates that the majority of law firms charge clients for such services. In addition, K&L Gates believes that such charges are in accordance with the American Bar Association's

14

("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated March 12, 1995, regarding billing for disbursements and other charges.

## SUMMARY OF SERVICES RENDERED

23.     The names of the partners and associates of K&L Gates who have rendered professional services to the Examiner in these Chapter 11 cases during the Ninth Monthly Period, and the K&L Gates paraprofessionals who provided services to these attorneys during the Ninth Monthly Period, are set forth in Attachment B to this Application.

24.     K&L Gates, by and through such persons, has assisted the Examiner in preparing at the request of the Creditors Committee, an annotated version of the report he submitted to the Court on February 29, 2008 (the "Final Report"), engaged in a coordinated effort to preserve and organize the documentary and other evidence relied upon as the basis for the Examiner's Final Report, responded to various inquiries by the Creditors Committee and certain government agencies regarding the Final Report and performed all necessary professional services which are described and narrated in detail below and on the time records attached as Exhibit A to this Application.

## SUMMARY OF SERVICES BY PROJECT

25.     Pursuant to the UST's Fee Guidelines, K&L Gates classified services performed during the Ninth Monthly Period into separate categories. K&L Gates attempted to place the services provided in the category that best relates to the services provided. However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided in

15

Exhibit A. A summary of the categories identified, the amount of hours expended, and the total amount of fees for each category is also included as part of Attachment B to this Application.

A.   **Investigation**

26.   K&L Gates expended 375.6 hours[5] with respect to services under this category, for which total compensation amounts to \$136,887.30. Throughout the Ninth Monthly Period, K&L Gates devoted time to preparing, at the request of the Creditors Committee, an annotated version of the Examiner's Final Report.

27.   Additionally, during the Ninth Monthly Period, K&L Gates engaged in a coordinated effort to preserve and organize the evidence relied upon as the basis for the Examiner's Final Report, and to respond to various document requests from the Creditors Committee and certain government agencies. K&L Gates also expended time throughout the Ninth Monthly Period responding to various inquiries from the Creditors Committee and certain government agencies regarding the Examiner's investigation and Final Report.

28.   K&L Gates attorneys also prepared for and attended a meeting with counsel to the Creditors Committee to discuss the Examiner's investigation.

29.   Finally, K&L Gates arranged for the unsealing of the Final Report and prepared a motion seeking the discharge of the Examiner from the bankruptcy case.

B.   **Court Hearings**

30.   K&L Gates expended no time under this category during the Ninth Monthly Period.

---

[5] A modest amount of time included in the invoice for the Ninth Monthly Period is on account of fees incurred during the Seventh and Eighth Monthly Periods, which had not been previously invoiced.

16

## C.    Billing, Compensation and Fee Applications

31.    K&L Gates expended 61.4 hours with respect to services under this category, for which total compensation is requested in the amount of $26,582.85. During the Ninth Monthly Period, K&L Gates reviewed its time and disbursements records and prepared its invoices for the Eighth Monthly Period and K&L Gates' Eighth Monthly Fee Application. K&L Gates also reviewed the Examiner's time and disbursements records and prepared the Examiner's invoices for the Eighth Monthly Period and the Examiner's Eighth Monthly Fee Application.

## D.    Non-Working Travel

32.    During the Ninth Monthly Period, K&L Gates expended 1.5 hours of non-working travel time, for which total compensation is requested in the amount of $327.38. K&L Gates' request for compensation of non-working travel time reflects a 50% reduction in K&L Gates' standard hourly rates (which already reflect K&L Gates' voluntary 10% reduction of its standard hourly rates in this matter).

33.    During the Ninth Monthly Period, a K&L Gates attorney traveled to and from Wilmington, Delaware to attend a meeting with the Creditors Committee on March 13, 2008.

## E.    Retention of Professionals

34.    K&L Gates expended no time under this category during the Ninth Monthly Period.

## F.    eDAT

35.    K&L Gates expended no time under this category during the Ninth Monthly Period.

17

## VALUATION OF SERVICES

36.     Attorneys and paraprofessionals of K&L Gates expended a total of 438.5

hours in connection with these cases during the Ninth Monthly Period, as follows:

| Name of Professional | Hourly Rate | Total Hours | Charge |
|---|---|---|---|
| **Partners** | | | |
| David T. Case | $650.00 | 4.3 | $2,795.00 |
| Edward J. Fishman | $550.00 | 4.2 | $2,310.00 |
| Edward M. Fox | $850.00 | 16.7 | $14,195.00 |
| Rebecca L. Kline Dubill | $485.00 | 81.2 | $39,382.00 |
| Lawrence C. Lanpher | $650.00 | 22.2 | $14,430.00 |
| Michael J. Quinn | $510.00 | 15.3 | $7,803.00 |
| Glenn R. Reichardt | $675.00 | 8.3 | $5,602.50 |
| Stephen G. Topetzes | $675.00 | 12.6 | $8,505.00 |
| **Associates** | | | |
| Kevin S. Asfour | $425.00 | 19.5 | $8,287.50 |
| Jonathan D. Borrowman | $410.00 | 6.5 | $2,665.00 |
| Ashley J. Camron | $475.00 | 13.6 | $6,460.00 |
| Alex C. Frisbee | $285.00 | 9.6 | $2,736.00 |
| Erin A. Koeppel | $460.00 | 1.0 | $460.00 |
| Amanda B. Kostner | $325.00 | 21.7 | $7,052.50 |
| Robert A. Lawton | $260.00 | 9.4 | $2,444.00 |
| Andrew R. McFall | $335.00 | 13.4 | $4,489.00 |
| R. James Mitchell | $285.00 | 3.1 | $883.50 |
| Eunice Rim | $390.00 | 41.7 | $16,263.00 |
| Justin H. Roeber | $390.00 | 17.6 | $6,864.00 |
| **Paraprofessionals** | | | |
| Matthew B. Bowman | $260.00 | 88.7 | $23,062.00 |
| James V. Catano | $195.00 | 6.8 | $1,326.00 |
| L. Joseph Fortier | $175.00 | 4.0 | $700.00 |
| Patricia L. Novak | $225.00 | 3.3 | $742.50 |
| M.A. Santos | $220.00 | 8.5 | $1,870.00 |
| Jennifer Shuttleworth | $195.00 | 5.3 | $1,033.50 |
| **TOTAL** | | 438.5 | $182,361.00 |
| **VOLUNTARY 10% REDUCTION** | | | ($18,236.10) |
| **REDUCTION FOR NON-WORKING TRAVEL** | | | ($327.38) |
| **DISCOUNTED TOTAL** | | | $163,797.53 |

18

37.    The nature of work performed by these persons is fully set forth in the monthly fee statement attached hereto as Exhibit A. As noted above, K&L Gates has voluntarily reduced its standard hourly rates in this matter by ten percent (10%).

38.    The reasonable value of the services rendered by K&L Gates to the Examiner during the Ninth Monthly Period is $163,797.53 of which eighty percent (80%) of such services are $131,038.02.[6] In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by K&L Gates is fair and reasonable given (a) the complexity of the issues the Examiner has been charged with investigating, (b) the timeframe within which the Examiner has been asked to complete his investigation and prepare his report, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

.

---

[6] It is possible that some professional time expended or expenses incurred by K&L Gates during the Ninth Monthly Period are not reflected in the amounts set forth in this Application. K&L Gates reserves all rights to include such amounts in future fee applications to the Court.

19

WHEREFORE, K&L Gates respectfully requests that the Court enter an order (a) awarding K&L Gates interim compensation for professional and paraprofessional services rendered during the Ninth Monthly Period in the amount of $131,038.02 (80% of $163,797.53), and reimbursement of actual, reasonable and necessary expenses incurred in the amount of $9,789.24; (b) authorizing and directing the Debtors to remit payment to K&L Gates for such fees and expenses; and (c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 25, 2008

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By:

Edward M. Fox, Esq.
A Member of the Firm
599 Lexington Avenue
New York, New York 10022
(212) 536-3900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                    :  Chapter 11
                                          :
NEW CENTURY TRS HOLDINGS, INC.,           :  Case No. 07-10416 (KJC)
a Delaware Corporation, et al.,           :
                                          :  Jointly Administered
                         Debtors.         :
-----------------------------------------------------------x
```

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

Edward M. Fox, having been duly sworn according to law, deposes and says as follows:

1.      I am a partner of the applicant law firm, Kirkpatrick & Lockhart Preston Gates

Ellis LLP ("K&L Gates"). I have been admitted *pro hac vice* to appear before this Court in the

above-captioned Chapter 11 cases.

2.      I am familiar with the work performed on behalf of the Examiner by K&L Gates

professionals and paraprofessionals during the Ninth Monthly Period.

3.      I have reviewed the foregoing Application and the facts set forth therein are true

and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the

requirements of Del. Bankr. L. R. 2016-2 and the Fee Procedures Order, and I believe that the

Application is in compliance therewith, except where noted in the Application.

Edward M. Fox

SWORN AND SUBSCRIBED to before
me on this 25th day of April, 2008

ELAINE FERA
NOTARY PUBLIC, State of New York
No. 01FE4867816
Qualified in Westchester County
Commission Expires August 25, 2010