IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Jointly Administered |
| **Debtors.** | : | |
| | : | Objection Deadline: May 14, 2008 at 4:00 p.m. |
| | : | Hearing Date: May 21, 2008 at 10:00 a.m. |
| | : | |

## MOTION FOR ORDER APPROVING SETTLEMENTS BETWEEN DEBTORS AND VARIOUS CLAIMANTS REGARDING LEASE AGREEMENTS AND OTHER CONTRACTS

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), respectfully request that the Court enter an order (the "Order") approving the settlements of claims asserted by various claimants on account of lease agreements or other contracts entered into with the Debtors pre-petition on the terms and conditions set forth in the stipulations attached hereto at Exhibit A-1 through Exhibit A-7, respectively (the "Stipulations"). The Debtors submit that these Stipulations represents a reasonable settlement of the parties' disputes and that it is in the best interest of the Debtors, their estates and creditors. The Debtors further represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

## BACKGROUND FACTS

1. Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern and otherwise for the benefit of stakeholders.

## CLAIMS AGAINST ESTATES

2. The Debtors were parties to executory contracts and leases for nonresidential real property. Pursuant to the order on the "Motion of the Debtors and Debtors in Possession for Entry of an Order Pursuant to Section 365 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property" [Docket No. 388] the Debtors were authorized to reject executory contracts and leases on 30-days notice to the other contracting party pursuant to streamlined procedures.

3. As part of their downsizing, the Debtors rejected executory contracts and/or leases with the following: Basepoint Analytics LLC, BRCP/Lincoln Plaza LLC, Pasadena Towers L.L.C., CA-Gateway Limited Partnership, CA-Plaza at San Ramon Limited Partnership, CA-Mission Street Limited Partnership and Kilroy Realty, L.P. (collectively, the "Contract Parties").

4. After the contracts and leases were rejected, the Contract Parties filed various claims against the estates.

5. The Debtors and the Contract Parties engaged in settlement communications recognizing that it would the most efficient manner of resolving the claims. Accordingly, the Debtors and the Contract Parties have stipulated to the following settlement agreements, each of which is described in further detail in the Stipulations attached hereto:

2

a. With respect to claimant Basepoint Analytics LLC ("Basepoint Analytics"), claim number 2431 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $150,000,000, and claim number 3373 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $1,206,515.94. Claim numbers 2431 and 3373 shall be the only claims of BasePoint Analytics allowed in the Debtors' cases. The Debtors and Basepoint Analytics executed a stipulation confirming the terms of their agreement on February 4, 2008, a copy of which is attached hereto as Exhibit A-1.

b. With respect to claimant BRCP/Lincoln Plaza LLC ("BRCP"), claim number 3294 is reduced and allowed as a general unsecured claim against debtor Home123 in the amount of $91,731.95, and claim number 3253 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $209,751.68. Claim numbers 3294 and 3253 shall be the only claims of BRCP allowed in the Debtors' cases. The Debtors and BRCP executed a stipulation confirming the terms of their agreement on February 19, 2008, a copy of which is attached hereto as Exhibit A-2.

c. With respect to claimant Pasadena Towers, L.L.C. ("Pasadena"), subject to the payment by the Debtors to Pasadena within 10 days of the Order of $10,140.64 in satisfaction of the administrative priority portion of the their claim, claim number 2486 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $88,896.98 and claim number 2531 is disallowed and expunged in its entirety. Claim number 2486 shall be the only claim of Pasadena allowed in the Debtors' cases. The Debtors and Pasadena executed a stipulation confirming the terms of their agreement on March 5, 2008, a copy of which is attached hereto as Exhibit A-3.

d. With respect to claimant CA-Gateway Limited Partnership ("Gateway"), subject to the payment by the Debtors to Gateway within 10 days of the Order of $1,437.72 in satisfaction of the administrative priority portion of the their claim, claim number 2601 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $124,013.56. Claim number 2601 shall be the only claim of Gateway allowed in the Debtors' cases. The Debtors and Gateway executed a stipulation confirming the terms of their agreement on March 5, 2008, a copy of which is attached hereto as Exhibit A-4.

LA3:1147156 3
RLF1-3277609-1

e.  With respect to claimant CA-Plaza at San Ramon Limited Partnership ("San Ramon"), subject to the payment by the Debtors to San Ramon within 10 days of the Order of $30,656.50 in satisfaction of the administrative priority portion of the their claim, claim number 2159 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $320, 000.71. Claim number 2159 shall be the only claim of San Ramon allowed in the Debtors' cases. The Debtors and San Ramon executed a stipulation confirming the terms of their agreement on March 5, 2008, a copy of which is attached hereto as Exhibit A-5.

f.  With respect to claimant CA-Mission Street Limited Partnership ("Mission"), claim number 2520 is reduced and allowed as a general unsecured claim against debtor Home123 Corporation in the amount of $44,885.98. The Debtors security deposit held by Mission shall be applied in satisfaction of the secured portion of Mission's claim. Claim number 2520 shall be the only claim of Mission allowed in the Debtors' cases. The Debtors and Mission executed a stipulation confirming the terms of their agreement on March 5, 2008, a copy of which is attached hereto as Exhibit A-6.

g.  With respect to claimant Kilroy Realty, L.P. ("Kilroy"), claim numbers 583, 1727 and 1731 are deemed withdrawn. The Debtors' security deposit held by Kilroy shall be applied in satisfaction of its claim number 2052. Claim number 2052 is reduced and allowed as a general unsecured claim against debtor Home123 Corporation in the amount of $90,745.36, Claim number 1976 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $578,900.95 and Claim number 1977 is reduced and allowed as a general unsecured claim against debtor New Century Mortgage Corporation in the amount of $109,475.52. The Debtors and Kilroy executed a stipulation confirming the terms of their agreement on November 29, 2007 a copy of which is attached hereto as Exhibit A-7.

## LEGAL ARGUMENT

6.  Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

7.  The standard for approval of a proposed compromise is well established. The Delaware District Court has held that a court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R.

4

243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

8. In fact, a court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

9. In the present case, the Contract Parties filed, in many instances, duplicate claims, secured claims and claims for incorrect amounts according to the Debtors calculations and business records. The Debtors and the Contract Parties engaged in discussions over the various issues relating to these claims. As a result of these efforts, the Debtors, in consultation with the Creditors' Committee, have successfully reached a resolution whereby the claims of the Contracting Parties will be allowed as set forth in the Stipulations, while avoiding the expense associated with litigation over issues that would be incurred in connection with resolving these claims.

10. The Debtors believe that these settlements represent a sensible compromise of these claims, and that the settlements are in the best interest of the Debtors, their estates and creditors. In re Marvel Entertainment Group, Inc., 222 B.R. at 249. The Debtors request that the Court approve the Stipulation.

## NOTICE

11. Notice of this Motion has been provided to: (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Creditors' Committee, and (4) other parties entitled to notice. The Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order Approving the Stipulations in their entirety and granting such other relief as the Court deems just and proper consistent with the foregoing.

Dated: April 28, 2008
Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

-and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 408-2452

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION