IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | : Jointly Administered |
| **Debtors.** | : Objection Deadline: May 28, 2008 at 4:00 p.m. |
| | : Hearing Date: June 4, 2008 at 10:00 a.m. |

## MOTION FOR ORDER PURSUANT TO RULE 9019 APPROVING SETTLEMENT BETWEEN DEBTORS AND GENERAL ELECTRIC CAPITAL CORPORATION REGARDING EQUIPMENT LEASE CLAIMS

New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully request that the Court enter an order pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement of over 150 secured, unsecured, and administrative expense priority claims asserted by General Electric Capital Corporation ("GECC") on account of various prepetition equipment leases entered into between one or more of the Debtors and GECC, all on the terms described herein.

In support of this Motion, the Debtors represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

LA3:1146456.7
RLF1-3279433-1

## FACTS

1. Prior to the April 2, 2007 commencement of these chapter 11 cases, the Debtors were one of the largest specialty mortgage finance businesses in the United States. The Debtors originated, purchased, sold, and serviced mortgage loans nationwide. The Debtors commenced these cases to complete the pre-petition process of downsizing operations and pursuing sales of their businesses as a going concern and otherwise for the benefit of stakeholders.

2. Prepetition, the Debtors and GECC entered into various equipment lease agreements (the "GE Leases") pursuant to which the Debtors leased telephone and other office equipment for use in their Irvine and other offices nationwide. Many of the GE Leases were assumed by the Debtors as part of prepetition acquisitions and the lack of documentation or unknown location of the lease equipment was a substantial factor behind the need to consensually resolve this dispute.

3. Immediately following the filing of these cases, the Debtors' legal and financial advisors worked to analyze the GE Leases to determine which of those leases continued to be essential to the Debtors' operations postpetition and to reject leases pursuant to section 365(g) of Title 11 of the United States Code (the "Bankruptcy Code") and limit the liabilities associated therewith as promptly as practicable. At this time, the Debtors have rejected all of the GE Leases.

4. GECC filed over 150 proofs of claim asserting several million dollars of claims asserting a combination of secured, unsecured lease rejection, and administrative expense priority claims purportedly on account of obligations arising under the GE Leases (the "GE Lease Claims"). The Debtors initially objected to a majority of the GE Lease Claims as duplicative and on various other grounds.

5. Thereafter, the Debtors and GECC agreed to enter into negotiations in an attempt to reconcile the various claims and objections concerning the GE Leases. The Debtors withdrew their initial objections without prejudice pending these negotiations. Central among the issues in

dispute between the parties was the apportionment of claims that should be attributed to general unsecured status versus administrative expense priority status.

6. As a result of these negotiations, the parties have reached the following resolution of their disputes, and hereby request that the Court approve this settlement:

(A) GECC shall be allowed the following claims with respect to the GE Leases and the GE Lease Claims. The surviving three claims shall be Allowed Claims as that term is defined in the Debtors' Joint Plan of Liquidation (the "GE Allowed Lease Claims"). The GE Allowed Lease Claims shall represent any and all claims GECC has or may have on account of the GE Leases and any and all other lease agreements entered into between any of the Debtors and GECC. The GE Allowed Lease Claims shall be:

(i) Proof of Claim No 1504. An allowed, general unsecured claim against the estate of Debtor Home123 Corporation in the amount of $828,880.12,

(ii) Proof of Claim No. 1761. An allowed, general unsecured claim against the estate of Debtor New Century Mortgage Corporation in the amount of $920,221.00, and

(iii) Proof of Claim No. 1760. An allowed, general unsecured claim against the estate of Debtor New Century Financial Corporation in the amount of $920,221.00;

(B) The remaining GE Lease Claims and any and all other claims on account of the GE Leases shall be disallowed in their entirety with the exception of the GE Allowed Lease Claims above; and

(C) GECC shall have an administrative expense claim entitled to priority treatment pursuant to sections 365(d)(5) and 503(b) of the Bankruptcy Code in the amount of $30,677.87, which shall be included in the definition of GE Allowed Lease Claims for purposes of this Motion and the order thereon.

7. The Debtors believe that the proposed settlement fairly represents the value of GECC's claims resulting from rejection of the GE Leases. Further, this settlement will save the estates considerably by avoiding the substantial costs that would otherwise be associated with

litigating objections to over 150 claims before this Court. The documentation associated with the GE Leases and unknown location of some of the equipment contributed to the need to consensually resolve the objections to the GE Lease Claims. Litigation over these claims would be fact and document intensive, and could potentially result in fees to the estates disproportionate to the benefit to be obtained.

## LEGAL ARGUMENT

8. Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9. The standard for approval of a proposed compromise is well established. The District Court for the District of Delaware has held that a court should approve a compromise where it "is fair, reasonable, and in the interest of the estate. In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

10. In fact, a Court will reject a proposed settlement only where it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. at 249.

11. In the present case, GECC asserts several million dollars in secured, unsecured, and administrative expense priority claims against the Debtors' estates in connection with the GE Lease Claims. The proposed settlement fairly values GECC's claims on account of the GE Leases, while avoiding significant litigation before this Court.

12. The Debtors believe that this settlement represents a sensible compromise of the parties' disputes, and that the settlement is in the best interest of the Debtors, their estates and creditors. The Debtors request that the Court approve the settlement.

## NOTICE

13.  Notice of this Motion has been provided to: (1) the Office of the United States Trustee, (2) the Examiner appointed in these cases, (3) the Creditors' Committee, and (4) other parties entitled to notice. The Debtors submit that no other or further notice is required.

14.  The Debtors submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice of the United States District Court for the District of Delaware, incorporated by reference into Local Rule 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a).

15.  No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

## CONCLUSION

WHEREFORE, the Debtors request entry of an Order:

1.  Approving the settlement agreement set forth in this Motion.

2.  Allowing the GE Allowed Lease Claims as follows:

    (i)   Claim No. 1504 as an allowed, general unsecured claim against the estate of Debtor Home123 Corporation in the amount of $828,880.12;

    (ii)  Claim No. 1761 as an allowed, general unsecured claim against the estate of Debtor New Century Mortgage Corporation in the amount of $920,221.00;

    (iii) Claim No. 1760 as an allowed, general unsecured claim against the estate of Debtor New Century Financial Corporation in the amount of $920,221.00; and

    (iv)  an administrative expense claim entitled to priority treatment pursuant to sections 365(d)(5) and 503(b) in the amount of $30,677.87.

3. Disallowing the other GE Lease Claims and any and all other claims on account of the GE Leases in their entirety.

4. Granting such other relief as the Court deems just and proper consistent with the foregoing.

Dated: May 2, 2008
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

-and-

Shannon Lowry Nagle
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 408-2452

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION