# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | : Jointly Administered |
| **Debtors.** | : |
| | : |

## ORDER PURSUANT TO RULE 9019 APPROVING SETTLEMENT BETWEEN DEBTORS AND GENERAL ELECTRIC CAPITAL CORPORATION REGARDING EQUIPMENT LEASE CLAIMS

The Court has reviewed the motion ("Motion") of New Century Financial Corporation, a Maryland corporation, New Century TRS Holdings, Inc., a Delaware corporation, New Century Mortgage Corporation, a California corporation, and their direct and indirect subsidiaries in the above-captioned chapter 11 cases (collectively, "Debtors"), requesting Court approval pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure of the settlement of claims asserted by General Electric Capital Corporation ("GECC") on account of various telephone and other equipment lease agreements entered into prepetition between the Debtors and GECC ("GE Leases") and the over 150 proofs of claim filed by GECC on account of those leases "GE Lease Claims"),

The Court having found that: (1) The Court has jurisdiction over this matter

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation

pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (3) notice of the Motion was sufficient under the circumstances; and (4) the settlement set forth in the Motion is fair, reasonable, and in the interest of the Debtors, their estates and creditors, and other good and sufficient cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion and the settlement set forth in the Motion are APPROVED.

2. GECC shall be allowed the following "allowed claims" on account of the GE Leases and the GE Lease Claims:

   (i) Proof of Claim No 1504. An allowed, general unsecured claim against the estate of Debtor Home123 Corporation in the amount of $828,880.12.

   (ii) Proof of Claim No. 1761. An allowed, general unsecured claim against the estate of Debtor New Century Mortgage Corporation in the amount of $920,221.00.

   (iii) Proof of Claim No. 1760. An allowed, general unsecured claim against the estate of Debtor New Century Financial Corporation in the amount of $920,221.00.

   (iv) An administrative expense claim entitled to priority treatment pursuant to sections 365(d)(5) and 503(b) of the Bankruptcy Code in the amount of $30,677.87.

3. All other claims asserted on account of the GE Leases and the GE Lease Claims are hereby disallowed in their entirety.

4. GECC will be entitled to distributions on account of the allowed claims described herein as set forth in the plan of liquidation in these cases, as ultimately confirmed.

5. The Court shall retain jurisdiction to enforce the terms of this Order.

Dated: _____, 2008
   Wilmington, Delaware

   THE HONORABLE KEVIN J. CAREY
   UNITED STATES BANKRUPTCY JUDGE