IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Alyse Zahi Rafidi<br>C/o Sonia Rafidi<br>2475 Heavenly Way<br>Corona, CA 92881<br>Email alyse_ttk@yahoo.com<br>Phone: 714-809-4749 | The Honorable Kevin J. Carey<br>United States Bankruptcy Judge<br>824 Market Street, 5th Floor<br>Wilmington, DE 19801 |
| In re:<br>New Century TRS Holdings, Inc.,<br>A Delaware corporation, et al., Debtors, | Chapter 11<br>Case No. 07-10416(KJC)<br>Jointly Administered |
| | Re: Docket Nos. 4261, 4845, 5108 & 5260 |

## ORDER GRANTING MOTION FOR RECONSIDERATION AND SETTING FORTH CERTAIN DIRECTIVES WITH RESPECT TO THE DEBTORS' OBJECTIOS TO CLAIMS OF ALYSE RAFIDI

The Honorable Kevin J. Carey:

On behalf of Alyse Zahi Rafidi, I am extending my deepest gratitude for allowing me to act on behalf of my daughter.

According to the GRANTED Motion for Reconsideration, please find attached a note form the attending physician, Dr. Jack Gutman, who has provided medical assistance for Alyse, since February 2007 (Exhibit 1). The note provides the documentation needed to excuse Alyse from appearing telephonically on May 7, 2008. Alyse has an appointment scheduled for May 2, 2008 (Exhibit 2).

As advised, I would follow the appropriate procedures to appear telephonically on her behalf on May 7, 2008. I wanted to submit the attached information and review the following:

1. As for the "Sixteenth Omnibus Objection to claims", there is only one claim for Alyse Zahi Rafidi case #3111 & # 3110, only one of these cases is being persued. When Alyse was notified about the law suite, she was presented with two forms, (Exhibit 3 "A") did not know at the time the difference between both, so both forms were completed and sent in before the August 30, 2007 deadline, little that she knew then, that these are two cases. Please Your Honor, decide which case will remain in effect and expunge the other, so there would not be any claim duplication.

2.  As for the records that the "Debtor" does not show or exist, the attached are account history printout (Exhibit 3 "B") from the Employee designated web site _____ for the stock shares Alyse contributed to, with authorized payroll deductions.
    These records were submitted to someone "the Web Administrator" to update the status of the stock plan she is a member of. Without sending any records to the website account, Alyse would not have a way to follow the history of the stocks she owns. There **ARE** records available of the contribution and payroll deductions that Alyse is claiming against the "Debtors".

3.  Attached please find a copy of the latest statement from Computershare (Exhibit 4), which services the plan for the "Debtors" and conducts the transactions on behalf of the participants and New Century. In the statement, it indicates that there are 174.874607 for stocks available. The value does not exist because of the "Debtors" law suit (Internal error) liquidated the value, the only claim that Alyse is asking is the amount of $6539.95 that was deducted from her wages during her employment and dividends she paid taxes on during her participation in the plan.
    (Check stubs submitted earlier to show total deductions

    As for these stocks, Alyse had the option to sell before the law suite was ever created. In late February 2007, Alyse accessed her account online, and selected the option to sell. The access was blocked and she could not select to sell or take any action to retrieve her shares when value existed. Please see (Exhibit 5) a copy of a bulletin sent to the employees after the employees questioned their managers about the blocked actions.

    Furthermore, Alyse could not discuss anything with anyone about the situation and the status of the "New Century Mortgage Company". An employee meeting was held and the "internal error" disclosed. They were instructed not to share this information with any outsider. Any outsider would be family members, counsel or anyone who is not employed by the "Debtors". (Please see attached document print out from an email sent to all New Century employees.) (Exhibit 6)

4.  Presented earlier and re-attaching (Exhibit 7, for your convenience) three year-end check stubs showing total amounts deducted from her wages as part of an active member in the Employee Stock Option Plan, money that belong to Alyse and has the right to a refund or re-imbursement. Adding to the payroll deductions there were also reportable dividends that added to the income for year-end tax returns.

    Under normal circumstances, the risk of loosing in the stock market exists and Alyse agreed to take this risk when she authorized the payroll deductions; the risk was the loss of shares value when the stock market plunges **normally** and

not when contributed by the "Debtors" "internal error" which is the reason for this lawsuit. What is the difference between Breaching Insider Trading policy and this "internal error"? What is the effect of these actions on the stock market? The law prosecutes anyone involved in breaching insider-trading policies, and these criminals are jailed and/or fined for their actions. These criminals had a huge effect on the stock that belongs to the public, they trade these stocks and some people make money and some loose money. The effect is the same as the effect of this "internal error" on the stocks that belong to the public.

I am sure many of the stockholders, who lost their stock value in the New Century Corporation, would like to know how many of these internal shareholders involved in, and new of this "internal error" had the opportunity to collect their money from stocks they had, and how many lost them just like Alyse.

Finally, Your Honor, businesses have insurance, although there will be an objection to settling this case through their insurance policy; I am requesting payment by the Director and Officer (D & O) insurance carriers. The sum requested is a drop in the bucket to New Century Corporation "The Debtors" but it is worth a total earning of over 10 weeks of labor 40 hours a week @ $15.23 per hour for Alyse (Exhibit 8).

Thank you.

Sincerely,

*Sonia Rafidi*

Sonia Rafidi
On Behalf of Alyse Rafidi

05/02/08

DEA # AG7999447    (Exhibit 2)

**JACK H. GUTMAN, D.O.**
6200 E. Canyon Rim Road
Suite 105B
Anaheim Hills, CA 92807
714-998-3627

Name: Alyse Rafidi

Address: _____    Date: 4/29/08

℞ (Please Print)

This certifies that my patient, Alyse Rafidi, has an appointment with me on Fri. 5/2 @ 8:45 am

JACK H. GUTMAN, D.O.

☐ LABEL
REFILL ___ TIMES   PRN   NR
☐ DO NOT SUBSTITUTE _____ D.O.
TO INSURE BRAND NAME DISPENSING,
CHECK AND INITIAL BOX.

03-NOV 05                    TRI051103_100014063-4_00_49688 0001

# PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A DELAWARE CORPORATION, ET AL.
NEW CENTURY CLAIMS PROCESSING
C/O XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

**In Re:** New Century TRS Holdings, Inc., a Delaware corporation, et al.
**Chapter 11 Case No. 07-10416 (KJC)** (Jointly Administered)

**Name of Debtor:** New Century Mortgage Corporation
**Case Numbers:** 07-10419

**Name of Creditor:** Rafidi Alyse Zahi

**Name and Address Where Notices Should be Sent:**
Rafidi Alyse Zahi
2475 Heavenly Way
Corona CA 92881

3240668

**Telephone No:**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:** 428 49 4930

**CHECK HERE IF THIS CLAIM:** ☐ REPLACES ☐ AMENDS a previously filed claim, dated ____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other: Stolen money Bought Stock in Company

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of SS #: ____
Unpaid compensation for services performed from ____ to ____

**2. DATE DEBT WAS INCURRED:**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.**
**Secured Claim**
☐ Check this box if your claim is secured by collateral
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other ____
Value of Collateral: $____
Amount of arrearage and other charges at time case was filed included in secured claim above, if any: $____
Unsecured Nonpriority Claim $____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**5. Total Amount of Claim at Time Case Filed:** $176.70 (Unsecured Nonpriority) + $5221.75 (Secured) + $141.50 (Unsecured Priority) = $6539.95 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents...

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim...

**DATE:** 8/29/07
**Signature:** Alyse Rafidi / Alyse Rafidi

I AM PAYING TAXES ON $769.00 REPORTABLE DIVIDENDS ON 2006 TAX RETURN —

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A DELAWARE CORPORATION, ET AL.
NEW CENTURY CLAIMS PROCESSING
c/o XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

**PROOF OF CLAIM**

Chapter 11 Case No. 07-10416 (KJC)
(Jointly Administered)
Case Numbers

In Re:
New Century TRS Holdings, Inc., a Delaware corporation, et al.
Name of Debtor

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Alyse Zahi Rafidi                                                     3038309

Name and Address Where Notices Should be Sent:

Alyse Zahi Rafidi
2475 Heavenly Way
Corona CA 92881

THIS SPACE IS FOR COURT USE ONLY

Telephone No:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

CHECK HERE IF THIS CLAIM:
☐ REPLACES     ☐ AMENDS     a previously filed claim, dated _____

| 1. BASIS FOR CLAIM | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (Fill out below) |
| ☐ Money loaned | Last four digits of SS #: ___ ___ ___ ___ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date)           (date) |

2. DATE DEBT WAS INCURRED:

3. IF COURT JUDGMENT, DATE OBTAINED:

4. **CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case was filed included in secured claim above, if any:
$ _____

**Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

5. Total Amount of Claim at Time Case Filed: $ 176.70 + $ 5221.15 + $ 1191.50 = $ 6539.95
(Unsecured Nonpriority)   (Secured)   (Unsecured Priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below. (Complete box 6 if applicable.)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

DATE: 8/29/07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) Alyse Rafidi  /s/ Alyse Rafidi

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



#### Portfolio                Valuation                Dividends

**Employee Portfolio**
This table provides you with a summary of all holdings in your Portfolio. For more detailed information about each holding or to perform a transaction, please click on the details link.

Your current portfolio:

| Description | Balance | |
|---|---|---|
| NEW CENTURY FINANCIAL CORPORATION | 174.874607 | Details |

Copyright © 2008 Computershare Limited. All rights reserved. Reproduction in whole or in part in any form or medium without express written permission of Computershare Limited is prohibited. Please view our Terms and Conditions and Privacy policy.

| Holding | History | Transact |

**Holding**  NEW CENTURY FINANCIAL CORPORATION

Please Note: You can view your historical transactions by clicking here

Summary of Current Holdings

| Description | Number of Shares | Market Value |
|---|---|---|
| 423b Qualified Shares | 107.925496 | unavailable |
| 423b Subject to Disqualification | 31.191289 | unavailable |
| Dividend Shares | 35.757822 | unavailable |
| **Total** | **174.874607** | **unavailable** |

Market Data © Reuters Limited. Click for Restrictions.

**REUTERS**

Copyright © 2008 Computershare Limited. All rights reserved. Reproduction in whole or in part in any form or medium without express written permission of Computershare Limited is prohibited. Please view our Terms and Conditions and Privacy policy.

| Holding | History | Transact |
|---|---|---|

**Holding**: NEW CENTURY FINANCIAL CORPORATION

**Show Me**: All

○ For the Year: All

⦿ Date Range — From: 01 Jan 2002  To: 31 Dec 2007

Search

For purchases and sales, Transaction Date is the date your trade was executed while the Effective Date represents the settlement date and all currency amounts shown represent US DOLLAR.

Historical Transactions

| Transaction Date | Effective Date | Description | FMV | Amount | Share Price | Transaction Shares | |
|---|---|---|---|---|---|---|---|
| 01 Feb 2007 | 06 Feb 2007 | DIVIDEND | 30.1235 | 277.54 | 30.1235 | 9.213404 | Details |
| 29 Dec 2006 | 22 Jan 2007 | PAYROLL PURCHASE | 31.5900 | 556.81 | 28.4300 | 19.585297 | Details |
| 01 Nov 2006 | 06 Nov 2006 | DIVIDEND | 39.0030 | 237.50 | 39.0030 | 6.089281 | Details |
| 29 Sep 2006 | 03 Nov 2006 | PAYROLL PURCHASE | 39.3100 | 410.62 | 35.3800 | 11.605992 | Details |
| 01 Aug 2006 | 04 Aug 2006 | DIVIDEND | 44.4209 | 215.55 | 44.4209 | 4.852449 | Details |
| 30 Jun 2006 | 11 Jul 2006 | PAYROLL PURCHASE | 45.7500 | 155.48 | 41.1800 | 3.775619 | Details |
| 01 May 2006 | 04 May 2006 | DIVIDEND | 50.7938 | 181.11 | 50.7938 | 3.565589 | Details |
| 31 Mar 2006 | 11 Apr 2006 | PAYROLL PURCHASE | 46.0200 | 525.96 | 41.4200 | 12.698213 | Details |
| 31 Jan 2006 | 03 Feb 2006 | DIVIDEND | 39.7659 | 142.87 | 39.7659 | 3.592774 | Details |
| 31 Dec 2005 | 17 Jan 2006 | PAYROLL PURCHASE | 36.0700 | 514.73 | 32.4630 | 15.855897 | Details |
| 01 Nov 2005 | 04 Nov 2005 | DIVIDEND | 30.9861 | 131.66 | 30.9861 | 4.249000 | Details |
| 30 Sep 2005 | 06 Oct 2005 | PAYROLL PURCHASE | 36.2700 | 531.77 | 32.6430 | 16.290476 | Details |
| 01 Aug 2005 | 04 Aug 2005 | DIVIDEND | 52.2788 | 98.58 | 52.2788 | 1.885659 | Details |
| 30 Jun 2005 | 12 Jul 2005 | PAYROLL PURCHASE | 51.4500 | 514.78 | 41.8900 | 12.288852 | Details |
| 02 May 2005 | 05 May 2005 | DIVIDEND | 46.9205 | 74.01 | 46.9205 | 1.577350 | Details |

Next 15

Market Data © Reuters Limited. Click for Restrictions.

REUTERS

Copyright © 2008 Computershare Limited. All rights reserved. Reproduction in whole or in part in any form or medium without express written permission of Computershare Limited is prohibited. Please view our

Terms and Conditions and Privacy policy.

| Holding | History | Transact |
|---|---|---|

**Holding**: NEW CENTURY FINANCIAL CORPORATION

**Show Me**: All

○ **For the Year**: All

◉ **Date Range**: From 01 Jan 2002 To 31 Dec 2007

Search

For purchases and sales, Transaction Date is the date your trade was executed while the Effective Date represents the settlement date and all currency amounts shown represent US DOLLAR.

Historical Transactions

| Transaction Date | Effective Date | Description | FMV | Amount | Share Price | Transaction Shares | |
|---|---|---|---|---|---|---|---|
| 31 Mar 2005 | 15 Apr 2005 | PAYROLL PURCHASE | 46.8200 | 515.34 | 42.1380 | 12.229816 | Details |
| 01 Feb 2005 | 04 Feb 2005 | DIVIDEND | 60.6397 | 38.13 | 60.6397 | 0.628796 | Details |
| 31 Dec 2004 | 27 Jan 2005 | PAYROLL PURCHASE | 63.9100 | 530.24 | 55.9890 | 9.470432 | Details |
| 01 Nov 2004 | 01 Nov 2004 | STOCK SPLIT UP | | | | 0.051030 | |
| 30 Sep 2004 | 28 Oct 2004 | PAYROLL PURCHASE | 60.2200 | 526.15 | 40.5360 | 12.979820 | Details |
| 02 Aug 2004 | 01 Oct 2004 | STOCK SPLIT UP | 47.0568 | | 47.0568 | 0.052490 | |
| 30 Jun 2004 | 01 Oct 2004 | STOCK SPLIT UP | 46.8200 | | 42.1380 | 12.336371 | |

Previous 15

Market Data © Reuters Limited. Click for Restrictions.

**REUTERS**

Copyright © 2008 Computershare Limited. All rights reserved. Reproduction in whole or in part in any form or medium without express written permission of Computershare Limited is prohibited. Please view our Terms and Conditions and Privacy policy.

**NEW CENTURY FINANCIAL CORPORATION ESPP**

(exhibit 4)

**Computershare** 

Computershare Trust Company, N.A.
PO Box 43021
Providence, Rhode Island 02940-3021
Within the US, Canada & Puerto Rico  800-401-9763
Outside the US, Canada & Puerto Rico  732-491-0723
http://www-us.computershare.com/employee

000579

UEJ
ALYSE Z RAFIDI
2475 HEAVENLY WAY
CORONA CA  92881

**Statement Period**
01 Jan 2008 - 07 Apr 2008

Please advise Computershare Trust Co., N.A.
immediately of any discrepancies on your Statement

## NEW CENTURY FINANCIAL CORPORATION ESPP - Account Summary

### Summary of Holdings

| Security Description | Symbol | Opening Position 01 Jan 2008 | Closing Position 07 Apr 2008 | Closing Share Price 07 Apr 2008 ($) | Closing Share Value 07 Apr 2008 ($) |
|---|---|---|---|---|---|
| NEW CENTURY FINANCIAL CORP | NEWCQ | 174.874607 | 174.874607 | | NA |

### Summary Information

| Description | This Period 01 Jan 2008 - 07 Apr 2008 ($) | Year to Date 01 Jan 2008 - 07 Apr 2008 ($) |
|---|---|---|
| Reportable Proceeds | 0.00 | 0.00 |
| Reportable Dividends | 0.00 | 0.00 |

To address privacy concerns, your account number has been removed from your statement. If you need assistance with accessing your account via the Phone or the Internet (if applicable), please speak to a Participant Services Representative at the toll free number listed at the top right hand corner of this statement.

This statement may not reflect the investment of all funds deducted from your pay since information may be received by us after the statement preparation date.

Please retain this statement for your records. This statement should not be used for tax reporting purposes.

Computershare Trust Company, N.A., as agent, upon written request, will provide the name of the executing broker dealer associated with the transaction(s), and within a reasonable amount of time will disclose the source and amount of compensation received from third parties in connection with the transaction(s), if any.

1UESP                                                                                                       NCEN 


01CD40004

# Computershare

**Statement Period**
01 Jan 2008 - 07 Apr 2008

## NEW CENTURY FINANCIAL CORPORATION ESPP - Account Summary

### Transaction Details

| Date | Transaction Type | Symbol | Amount ($) | Price ($) | Shares | Trading Fees ($) | Tax Withheld ($) | Other Fees ($) |
|---|---|---|---|---|---|---|---|---|
| | No Reportable Transactions | | | | | | | |

Sales transacted last year are not reportable this year. However, sales transacted last year but settling this year will reflect on the 'Summary Information' and 'Transaction Details' sections of this statement. Please refer to the year-end 1099 statement for accurate tax reporting information. Please note that your January purchase transaction is reflected in the Transaction Details on page 2 and on page 1 Summary Holdings listed on page 1.

**Privacy Notice**

At Computershare, we take privacy seriously. In the course of providing services to you, in connection with employee stock purchase plans, dividend reinvestment plans, direct stock purchase plans, and other stock and other registration services, we receive nonpublic personal information about you. We receive this information through transactions we perform for you from enrollment forms and through correspondence with you. We may also receive information about you by virtue of your transactions with affiliates of Computershare or other parties. This information may include your name, social security number, stock ownership information and other financial information.

We respect both the current and former customers. Computershare does not share nonpublic personal information with any non-affiliated third-party except as necessary to process a transaction, service your account, as permitted by law. Our affiliates and outside service providers with whom we share information are legally bound not to disclose the information in any manner unless permitted by law. Other governmental processes. We restrict access to your personal information to those employees who need to know the information to provide our services to you. Computershare maintains physical, electronic and procedural safeguards to protect your personal information.

Computershare realizes that you entrust us with confidential personal and financial information and we take that trust very seriously.

The name, address and employer identification number (EIN) of the stock issuer are provided for your information.

NEW CENTURY FINANCIAL
33-0683629
18400 Von Karman Avenue, Suite 1000
Irvine CA 92312

Note: Certain shares may be restricted from sale and/or transfer as defined by your Plan. For further information, please reference your Plan documents.



March 5, 2007

**To:**   All New Century Associates

**From:**   Brad A. Morrice, President and Chief Executive Officer

**Message To Associates**

By now I am sure you have seen the recent media attention on our company and our stock's performance. I recognize this news could be troubling to you and wanted to let you know that I understand your anxieties and have read some of the e-mails that have been sent in.

Due to the lawsuits that have been filed against New Century and the ongoing government inquiries, we are limited in what we can publicly say at this time. Let me assure you that the senior management team and I are working very hard to address the issues that we identified in Friday's public filing.

There are tremendous forces at work in the mortgage industry right now and the non-prime sector is feeling the brunt of the adjustments taking place in the mortgage business.

On Friday, we told our stockholders that we are working with the financial institutions that back our mortgages to try and provide the company flexibility. We are also exploring a range of other, long-term solutions and are hopeful one or more of these options will materialize.

With regard to the criminal inquiry that the press coverage has focused on over the past couple days, the company intends to cooperate voluntarily with the Securities and Exchange Commission and the U.S. Attorney's Office in Santa Ana, and plan to have an initial meeting to discuss these issues.

I ask for your patience as the senior management team and I work through these matters. The best thing you can do to help the company and its employees is to not be distracted by rumors and the recent media attention and instead, stay focused on your job. You have my word that we will provide you meaningful updates to the full extent we can.

(exhibit 6)

**From:** Associate Bulletin
**Sent:** Wednesday, March 07, 2007 11:25 AM
**To:** Dist-New Century All Associates
**Subject:** Blackout Period Initiated Immediately

March 7, 2007

To:     All New Century Associates

From:   Terry Theologides, EVP, Corporate Affairs and General Counsel

**Blackout Period Initiated Immediately**

In light of New Century's recent public announcements, which have been discussed in the Associate Bulletins recently distributed, New Century has decided to exercise its rights under the Insider Trading Policy to impose a "Blackout Period" on its securities effective immediately. **As a result, no director, officer or Associate may buy, sell or otherwise trade in New Century stock until further notice pursuant to a subsequent Associate Bulletin. In addition, all directors, officers and Associates are strictly prohibited from notifying anyone that this suspension is in effect.**

**Severe Consequences for Violations**

Breaching the Insider Trading Policy can affect your employment status, as well as subject you to civil or criminal penalties. These penalties can include stiff fines and even prison terms.

**For More Information and Questions**

Visit the Legal section of the Go! Intranet to read the full Insider Trading Policy. There are also some helpful Questions and Answers about our policy in the Code of Conduct. If you have any questions about this Associate Bulletin, please contact our Corporate Secretary, Jennifer Jewett, at (949) 250-5177 or jjewett@ncen.com.

(Exhibit 7)

# NEW CENTURY MORTGAGE CORPORATION

**NEW CENTURY MORTGAGE**
18400 VON KARMAN, SUITE 1000
IRVINE, CA 92612

| CHECK NO: | 085740 |
|---|---|
| CHECK DATE: | 12/15/04 |
| PERIOD ENDING: | 12/15/04 |
| PAY FREQUENCY: | SEMIMONTHLY |
| PAY PERIOD: | 12/01/04-12/15/04 |

ALYSE ZAHI RAFIOI
934 NAPLES DR
CORONA, CA 92882

ID NUMBER: 4125717439
BASE RATE: 15.2300
SSN: 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

STATUS  EXEMPT  TAX ADJUSTMENTS
FED: SINGLE  00   FED:
ST1: SINGLE  00   DI/UC:
ST2:              LOCAL:

STATE AND LOCAL CODES
PRI: CA   LOC1:   LOC3:
SEC:      LOC2:   LOC4:
                  LOC5:

IMPORTANT MESSAGE / PAYSTUB. IF CHANGES ARE NECESSARY COMPLETE A PERSONNEL
REVIEW YOUR MAILING ADDRESS AND OTHER INFORMATION ON YOUR
CHANGE FORM AND SUBMIT IT TO YOUR HR GENERALIST.

## HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS |
|---|---|---|---|---|
| REG | 15.2300 | 88.00  1340.24 | | |
| O/T | 22.8450 | 8.00   182.76 | | |
| REG | | | 1915.50 | 29173.06 |
| PRNSL | | | 8.00 | 121.84 |
| VAC | | | 50.50 | 769.12 |
| SICK | | | 26.00 | 395.98 |
| O/T | | | 214.00 | 4888.85 |
| BONUS | | | | 137.82 |
| NPBON | | | | 4305.48 |
| CONT | | | | 363.15 |

## TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 93.04 | 2478.37 |
| MEDICARE TAX | 21.76 | 579.62 |
| FED INC TAX | 159.66 | 5130.82 |
| PRI-STATE TAX | 35.80 | 1310.34 |
| SD1/UC TAX | 17.71 | 487.99 |
| **TOTAL TAXES** | **327.87** | **9986.94** |

AFTER TAX DEDUCTIONS
EMP STOCK PLN    76.15    1490.28
STOCK OUT                   23.98-

## SPECIAL INFORMATION

| 401K MATCH | 45.69 |
| YTD 401K MATCH | 897.74 |
| YTD ESPP EARNINGS | 313.25 |
| VACATION ACCRUAL | 3.34 |
| VACATION BALANCE | 39.62 |
| SICK ACCRUAL | |
| SICK BALANCE | 70.00 |
| PERSONAL ACCRUAL | |
| PERSONAL BALANCE | .00 |

X 1498.26

| TOTAL H/E | 96.00 | 1523.00 | 2214.00 | 40155.40 |

PRE TAX ITEMS
401K          228.45-         4488.73-
DENTAL          5.00-          110.00-
MEDICAL        17.50-          385.00-

| TOTAL PRE-TAX | | 250.95- | | 4983.73- |
| TOTAL | 96.00 | 1272.05 | 2214.00 | 35171.67 | TOTAL PER DED 76.15 1472.30 NET PAY |

| | GROSS WAGES | PRE TAX ITEMS | TAXABLE WAGES | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1523.00 | 250.95- | 1272.05 | 327.87 | 76.15 | 888.03 |
| Y-T-D | 40155.40 | 4983.73- | 35171.67 | 9906.94 | 1472.30 | 23732.43 |

Detach at perforation below and keep for your records.    A Payroll Service By Ceridian

```
/se Z Rafidi                    New Century Mrtg Corp        PAY DATE      12-29-2006
N05000017439                    18400 Von Karman             BEGIN DATE    12-11-2006
                                Suite 1000                   END DATE      12-24-2006
                                Irvine          CA 92612     CHECK NO.     001020202
te    16.2320
```

| | RATE | CURRENT HOURS | CURRENT EARNINGS | YTD EARNINGS | | CURRENT DEDUCTIONS | YTD DEDUCTIONS |
|---|---|---|---|---|---|---|---|
| | | | | 24882.41 | PRE TAX DEDUCTIONS | | |
| Regular | | 56.00 | 908.99 | 3207.10 | | | |
| Overtime | | 7.00 | 170.44 | 389.57 | PreTxMed | 27.69 | 583.97 |
| Vacation | | 16.00 | 259.71 | 486.96 | P/T Dent | 6.00 | 126.00 |
| Sick | | | | 389.57 | PreTxVis | 1.85 | 40.05 |
| Holiday | | 8.00 | 129.86 | 129.86 | P/T 401k | 220.35 | 4946.64 |
| Personal | | | | 2227.99 | | | |
| PS Bonus | | | | 1264.17 | | | |
| N Prd Bn | | | | 58.41 | | | |
| ESPPEarn | | | | | | | |

| | TAXES | |
|---|---|---|
| Medicare | 20.79 | 468.15 |
| Soc Sec | 88.87 | 2001.73 |
| Fed Tax | 152.54 | 3805.83 |
| CA State | 33.12 | 926.16 |
| SDI/WC 1 | 11.47 | 257.82 |

| | AFTER TAX DEDUCTIONS | |
|---|---|---|
| Vol Life | 1.66 | 35.98 |
| ESPP | 73.45 | 1648.87 |
| 401kCoMT | 44.07 | 989.35 |

**TAX INFORMATION**

```
FED EXEMPT      00
STATE EXEMPT    00
STATE           CA
TAX STATUS      S
FED ADDL
STATE ADDL
```

**DIRECT DEPOSIT INFORMATION**

```
                    NET  PAY
CHKG ACCT
SAV     ACCT
        ALT  DEPOSITS
CHKG ACCT
SAV     ACCT
OTHER   ACCT
```

**MISC INFORMATION**

```
Vac Bal    60.70        Sick Bal    65.25
Pers Bal    0.00
```

For W2 verify your address Make changes no later than Dec 15

| | GROSS PAY | PRE TAX DEDUCTIONS | TAXES | AFTER TAX DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| CURRENT | 1469.00 | 255.89 | 306.79 | 119.18 | 831.21 |

DETACH AT PERFORATION BELOW AND KEEP FOR YOUR RECORDS

**NEW CENTURY MORTGAGE CORPORATION**

NEW CENTURY MORTGAGE
18400 VON KARMAN, SUITE 1000
IRVINE, CA 92612

CHECK NO: 119287
CHECK DATE: 12/30/05
PERIOD ENDING: 12/31/05
PAY FREQUENCY: SEMIMONTHLY
PAY PERIOD: 12/16/05 - 12/31/05

YSE ZAHI RAFIDI
75 HEAVENLY WAY
IRONA, CA 92884

ID NUMBER: 4126717438
BASE RATE: 15.7631
SSN: 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

STATUS  EXEMPT  TAX ADJUSTMENTS
FED: SINGLE  00   FED:           ST:
ST1: SINGLE  00   DI/UC:
ST2:              LOCAL:

STATE AND LOCAL CODES
PRI: CA  LOC1:  LOC3:
SEC:     LOC2:  LOC4:
                LOC5:

IMPORTANT MESSAGE

## HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | CURRENT EARNINGS | Y-T-D HOURS/UNITS | Y-T-D EARNINGS |
|---|---|---|---|---|
| REG | 15.7631 | 32.00 | 504.42 | |
| VAC | 15.7631 | 40.00 | 630.52 | |
| SICK | 15.7631 | 16.00 | 252.21 | |
| REG | | | 1908.75 | 29932.14 |
| | | | 8.00 | 126.11 |
| RNSL | | | 108.00 | 1698.01 |
| VAC | | | 55.25 | 858.12 |
| SICK | | | 181.50 | 4270.73 |
| O/T | | | 85.00 | |
| BONUS | | | | 70.21 |
| AWARD | | | | 4101.83 |
| PSBON | | | 23.50 | 366.16 |
| SHORS | | | | 96.49 |
| RETRO | | | | |

| TOTAL H/E | 88.00 | 1387.15 | 2285.00 | 41602.80 |

**PRE-TAX ITEMS**
401K$  208.07-   6229.90-
DENTAL  6.00-   134.00-
MEDICAL  26.00-  567.00-
VISION  2.00-   26.00-

## TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 83.77 | 2553.32 |
| MEDICARE TAX | 19.59 | 597.15 |
| FED INC TAX | 140.00 | 4822.70 |
| PRI STATE TAX | 26.80 | 1203.18 |
| SDI/UC TAX | 14.58 | 441.42 |
| TOTAL TAXES | 284.75 | 9717.77 |

**AFTER-TAX DEDUCTIONS**
EMP STOCK PLN  89.36  2078.62
VOL LIFE  1.80  28.80
FRINGE OFFSET       40.00

## SPECIAL INFORMATION

| | |
|---|---|
| 401K MATCH | 41.61 |
| YTD 401K MATCH | 1245.98 |
| YTD ESPP EARNINGS | 308.85 |
| VACATION ACCRUAL | 3.34 |
| VACATION BALANCE | 15.12 |
| SICK ACCRUAL | |
| SICK BALANCE | 56.25 |
| PERSONAL ACCRUAL | |
| PERSONAL BALANCE | .00 |
| VACG | |

| | GROSS WAGES | PRETAX ITEMS | TAXABLE WAGES | TAXES | DED/OTHER | NET PAY |
|---|---|---|---|---|---|---|
| TOTAL PRE-TAX | | 244.07- | | | | |
| TOTAL | 88.00 | 1143.08 | 2285.00 | | | |
| CURRENT | 1387.15 | 244.07- | 1149.08 | 284.75 | 71.16 | 787.17 |
| Y-T-D | 41602.80 | 6958.90- | 34643.90 | 9717.77 | 2145.42 | 22780.71 |

TOTAL PER DED  71.16  2145.42

Detach at perforation below and keep for your records.

A Payroll Service By Ceridian

(Exhibit 8)

Total amount claimed divided (/) by hourly wages = Total hours worked

$6539.95 / $15.23 = 429.41 total **Hours** worked

Total hours worked divided (/) by hours worked per week (40) = Total weeks worked

429.91 / 40 = 10.74 Total **Weeks** worked

Total Weeks worked divided (/) by Average monthly weeks (4.3) = Total Monthly worked

10.74 / 4.3 = 2.5 Total **Months** worked

"The Debtors" owe Alyse a total of two and a half months of wages that she contributed to the stock option plan and illegally lost this amount due to an "internal error" caused the bankruptcy and this lawsuit against the "Debtors"