IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered<br><br>**Obj. Deadline: 5/7/08 at 4:00 p.m. (extended by agreement)**<br>**Hearing Date: 5/21/08 at 10:00 a.m.**<br><br>**Related to Docket No. 5537** |

**WASHINGTON MUTUAL BANK'S RESPONSE TO DEBTORS' EIGHTEENTH OMNIBUS OBJECTION: SUBSTANTIVE OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, BANKRUPTCY RULES 3007 AND 9014, AND LOCAL RULE 3007-1 TO CERTAIN (A) BOOKS AND RECORDS CLAIMS; (B) INSUFFICIENT DOCUMENTATION CLAIMS; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS**

Washington Mutual Bank ("WaMu"), by and through its undersigned counsel, hereby responds (the "Response") to the Debtors' Eighteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (a) Books and Records Claims; (b) Insufficient Documentation Claims; (c) Multiple-Debtor Duplicate Claims; and (d) Reduced and/or Reclassified Claims (the "Objection"), and in support thereof, respectfully represents as follows:

Background

1. On or about April 2, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, WaMu, as sublandlord, and Home123 Corporation, one of the Debtors, as subtenant, entered into a Sublease Agreement (the "Sublease"). Pursuant to the Sublease, the Debtors subleased certain non-residential real property from WaMu, which was

located at 1200 Camp Hill Bypass, in Camp Hill, Pennsylvania. Pursuant to the Sublease, the Debtors were required to pay WaMu $1,044.00 per month. The term of the Sublease was set to expire pursuant to its own terms on September 30, 2008.

3. On or about April 24, 2007, the Court entered an order that provided that the Debtors rejected the Sublease the later of April 30, 2007 or the date the Debtors relinquished control of the premises subject to the Sublease by returning the keys or key codes to WaMu. Upon information and belief, the correct effective date of rejection of the Sublease was April 30, 2007.

4. On or about August 31, 2007, WaMu filed a proof of claim for a general unsecured, non-priority claim for its rejection damages due under the Sublease in the amount of $17,548.00 plus taxes and common area maintenance charges (the "Claim"). The Debtors have designated the Claim as claim no. 3129.

5. On or about March 27, 2008, the Debtors filed the Objection. In the Objection, the Debtors assert that the Claim should be disallowed because WaMu has not provided sufficient documentation that there is any amount due and owing by the Debtors.

The Objection Should be Denied With Respect to the Claim

6. WaMu attached a true and correct copy of the Sublease to the Claim, which provides the basis for the Claim. Regarding the amount of the Claim, attached hereto as Exhibit A is a copy of the breakdown that shows the specific amounts that were due under the Sublease until the Sublease was set to expire pursuant to its own terms. To summarize, the Debtors owe WaMu a total of $16,504.00 as rejection damages related to the Sublease.

7. Given the relatively simple terms of the Sublease, WaMu cannot imagine that the Debtors do not already possess in their records the information that forms the basis for the

Claim. Nevertheless, because all of the required information is now attached to the Claim and hereto, WaMu respectfully requests that the Objection be denied with respect to the Claim, and that instead, the Claim be allowed in the amount of $16,504.00.

WHEREFORE, for all of the forgoing reasons, WaMu respectfully requests that this Court enter an order that (i) denies the Objection with respect to the Claim, (ii) allows the Claim in the amount of $16,504.00, and (iii) grants such other and further relief as is just and proper.

Dated: May 7, 2008
Wilmington, Delaware

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Attorneys for Washington Mutual Bank*

606591

# EXHIBIT A

| Building | Tenant | Lease | Gross Amount | Open Amount | Remark | G/L Date |
|---|---|---|---|---|---|---|
| B4693 | 400352 | 00422038 | 1,044.00 | 844 | Rent | 6/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 7/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 8/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 9/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 10/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 11/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 12/1/2007 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 1/1/2008 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 2/1/2008 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 3/1/2008 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 4/1/2008 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 5/1/2008 |
| B4693 | 400352 | 00422038 | 1,044.00 | 1,044.00 | Rent | 6/1/2008 |
| B4693 | 400352 | 422038 | 1,044.00 | 1,044.00 | Rent | 7/1/2008 |
| B4693 | 400352 | 422038 | 1,044.00 | 1,044.00 | Rent | 8/1/2008 |
| B4693 | 400352 | 422038 | 1,044.00 | 1,044.00 | Rent | 9/1/2008 |
| | | | total: | 16,504.00 | | |

609811