# ATTACHMENT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware corporation, et al.,[1] | Case No. 07-10416 (KJC) |
| | Jointly Administered |
| | Objection Deadline: June 3, 2008 |

ELEVENTH MONTHLY APPLICATION OF MANATT, PHELPS &
PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES
AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2008
THROUGH MARCH 31, 2008

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Manatt, Phelps & Phillips, LLP ("Manatt") hereby files this Eleventh Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period from March 1, 2008 through and including March 31, 2008 (the "Application"). By this

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage)(d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware Corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

1

Application, Manatt seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of $1,914.00 (80% of $2,392.50) as compensation and $105.31 for reimbursement of actual and necessary expenses for the period March 1, 2008 through and including March 31, 2008 for a total of $2,019.31 (the "Compensation Period"). In support of this Application, Manatt respectfully represents as follows:

## Background

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home 123 Corporation, new Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P., (collectively, the "Debtors') filed voluntary petitioners for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' retention of Manatt was approved effective as of the petition Date by this Court's Order dated April 24, 2007 (the "Retention Order"). The Retention Order authorized Manatt to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

3. All services for which compensation is requested by Manatt were performed for or on behalf of the Debtors.

4. Except to the extent of the retainer paid to Manatt as described in the application seeking approval of Manatt's employment by the Debtors during the period covered by this Application, Manatt has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the

2

matters covered by this Application. There is no agreement or understanding between Manatt and any other person other than the directors of Manatt for the sharing of compensation to be received for services rendered in these cases.

### Fee Statement

5. The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Manatt's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr.L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

6. A summary of actual and necessary expenses and daily logs of expenses incurred by Manatt during the Compensation Period is attached hereto as Exhibit B.

### Summary of Services Rendered

7. The attorney of Manatt who has rendered professional services in this case is as follows: Ellen R. Marshall. The litigation specialist who has provided services to these attorneys in this case is Hunter McArn.

8. Manatt, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Valuation of Services

9. The attorneys (partners) and litigation support specialist of Manatt have expended a total of 5.70 hours in connection with this matter during the Compensation Period, as follows:

| Name of Partners | Hourly Billing Rate | Total Hours Billed |
|---|---|---|
| Ellen R. Marshall | 685.00 | 3.00 |
| Name of Litigation Support Specialist | | |
| Hunter McArn | 120.00 | 2.70 |

The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> attached hereto. These are Manatt's normal hourly rates for the work of this character. The reasonable value of the services rendered by Manatt to the Debtors during the Compensation Period is $2,392.50.

10. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Manatt is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Manatt has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Manatt respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Manatt in the sum of $1,914.00 (80% of $2,392.50) as compensation for necessary professional services rendered, and the sum of $105.31 for reimbursement of actual necessary costs and expenses, for a total of $2,019.31 and that such sums be authorized for payment less what has been paid previously to Manatt pursuant

to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated: May 12, 2008.

MANATT, PHELPS & PHILLIPS, LLP

By: *Ellen R. Marshall*
Ellen R. Marshall [CA Bar No.66715]
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
(714) 371-2508

Attorneys for Debtors

# EXHIBIT

# A

# EXHIBIT A

# FEE STATEMENT

| Deutsche Bank Settlement: Within this category, the Firm participated in negotiations to settle claims of Deutsche Bank and provided analysis and information regarding the underlying mortgage servicing contracts to other representatives of New Century who participated in those negotiations. | | | |
|---|---|---|---|
| DATE | DESCRIPTION OF SERVICES RENDERED | ATTORNEYS AND LITIGATION SUPPORT SPECIALIST | HOURS |
| 003.27.08 | Participate in conference call with Deutsche Bank representatives regarding settlement. | E. Marshall | .40 |

| Fee Applications: Within this category, the Firm prepared and filed applications for payment of its fees and expenses. The Firm also prepared and filed its monthly face sheet application. | | | |
|---|---|---|---|
| DATE | DESCRIPTION OF SERVICES RENDERED | ATTORNEYS AND LITIGATION SUPPORT SPECIALIST | HOURS |
| 03.07.08 | E-file multiple documents in United States Bankruptcy Court – District of Delaware as requested by E. Marshall | H. McArn | 2.70 |

| Repurchase Liability Advice: Within this category, the Firm advised bankruptcy counsel to New Century regarding contractual liabilities under securitization documentation. | | | |
|---|---|---|---|
| DATE | DESCRIPTION OF SERVICES RENDERED | ATTORNEYS AND LITIGATION SUPPORT SPECIALIST | HOURS |
| 03.11.08 | Review securitization documents for selected transactions to identify those containing early payment default provisions and the nature of those provisions (2.10); Emails with B. Logan regarding extent of early payment default provisions in securitization transactions (0.20). | E. Marshall | 2.30 |
| 03.12.08 | Call with B. Logan on extent of early payment default provisions in securitization trust. | E. Marshall | 0.30 |

# EXHIBIT

# B

## EXHIBIT B

## EXPENSE STATEMENT

| DATE | DESCRIPTION | MANATT PERSONNEL | AMOUNT |
|---|---|---|---|
| 03.07.08 | Federal Express delivery to Hahn & Hessen, LLP, New York, NY | E. Marshall | 14.90 |
| 03.07.08 | Federal Express delivery to O'Melveny &Myers, LLP, Los Angeles, CA | E. Marshall | 9.80 |
| 03.07.08 | Federal Express delivery to AP Services, LLC, New York City, NY | E. Marshall | 14.90 |
| 03.07.08 | Federal Express delivery to Office of the U.S. Trustee, Wilmington, DE | E. Marshall | 14.90 |
| 03.07.08 | Federal Express delivery to New Century Mortgage Corporation, Irvine, CA | E. Marshall | 9.80 |
| 03.07.08 | Federal Express delivery to Blank Rome LLP, Wilmington, DE | E. Marshall | 14.90 |
| 03.07.08 | Federal Express delivery to Richards, Layton & Finger, Wilmington, DE | E. Marshall | 14.90 |
| 03.07.08 | Postage: letter to Fee Auditor, Dallas, TX | E. Marshall | .41 |
| 03.07.08 | Reproduction: mailing copies of court filings; 54 copies @ 20¢ per page | E. Marshall | 10.80 |

## VERIFICATION

STATE OF CALIFORNIA        )
                           ) SS:
COUNTY OF ORANGE           )

Ellen R. Marshall, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Manatt, Phelps & Phillips, LLP, and been admitted to appear before this Court.

2. I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

3. I have reviewed the foregoing ELEVENTH MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2008 THROUGH MARCH 31, 2008 and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
Ellen R. Marshall [CA Bar No. 66715]

SWORN AND SUBSCRIBED before me
this 12th day of May, 2008.

_____
Notary Public, Valarie D. Dennis
My Commission Expires: Oct. 4, 2011

## PROOF OF SERVICE

I, Tracey J. Dunn, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626. On May 12, 2008, I served the within documents:

**ELEVENTH MONTHLY APPLICATION OF MANATT, PHELPS & PHILLIPS, LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL SECURITIZATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2008 THROUGH MARCH 31, 2008**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. from (310) 312-4000, the transmission was reported as complete and without error, and a true copy of the transmission report was properly issued by the transmitting facsimile machine and is annexed to this proof of service.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed FedEx Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Please see attached Service List*

I am readily familiar with the Manatt, Phelps & Phillips, LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2008, at Costa Mesa, California.

*/s/ Tracey J. Dunn*
Tracey J. Dunn

9

# END OF ATTACHMENT