**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **NEW CENTURY TRS HOLDINGS,** | : Case No. 07-10416 (KJC) |
| **INC., a Delaware corporation, et al.,**[1] | : |
| | : Jointly Administered |
| **Debtors.** | : |
| | : |

## SUPPLEMENTAL STIPULATION REGARDING RECLAMATION CLAIM OF KST DATA, INC.

This supplemental stipulation ("Supplemental Stipulation") is entered into by and among New Century Financial Corporation, a Maryland corporation, New Century Mortgage Corporation, a California corporation ("NCMC"), New Century TRS Holdings, Inc., a Delaware corporation, and their direct and indirect subsidiaries, each as debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, "Debtors") and KST Data, Inc., a California corporation ("KST"), through their duly authorized counsel.

## RECITALS

A.   On March 13, 2008, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order Approving Stipulation Regarding Reclamation Claim of KST Data, Inc.* (the "KST Order") [Docket No. 5348]. Attached as Exhibit A to the KST Order is a copy of the executed *Stipulation Regarding Reclamation Claim*

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

LA3:1147297.1

*of KST Data, Inc.* entered into by the Debtors and KST (the "Stipulation"). In turn, Exhibit A to the Stipulation lists the Segregated Equipment[2] to be returned to KST.

    B.    Paragraph 2 of the Stipulation provides:

> In full and complete satisfaction of the Reclamation Claim, KST (a) shall have the right to reclaim the Segregated Equipment at its own expense within five business days after notice of entry of an order by the Bankruptcy Court approving this Stipulation, and (b) shall be granted allowed administrative expense claims against the estates of NCMC, Home123, and NC Capital pursuant to sections 503(b), 507(a)(2), and 546(c) of the Bankruptcy Code (collectively, the "Administrative Claims") in the aggregate amount of $86,442.99, which amount is the difference between the aggregate Purchase Price of the Equipment and the aggregate Purchase Price of the Segregated Equipment, <u>provided however</u> that the allowed amount of the Administrative Claims may be reduced as specified in paragraph 6 below.

    C.    Paragraph 3 of the Stipulation provides that "[u]nless reduced as specified in paragraph 5 below, KST shall hold (i) an allowed Administrative Claim against NCMC in the amount of $72,102.10 (the "NCMC Administrative Claim"); (ii) an allowed Administrative Claim against Home123 in the amount of $12,845.43 (the "Home123 Administrative Claim"); and (iii) an allowed Administrative Claim against NC Capital in the amount of $1,495.46 (the "NC Capital Administrative Claim")."

    D.    Pursuant to the Stipulation, on or about March 25, 2008, KST retrieved the Segregated Equipment from the Debtors.

    E.    On March 26, 2008, KST notified the Debtors that two units of the equipment described as "Cisco Catalyst Blade Switch 30" that the Debtors had represented were included in the Segregated Equipment were not included among the items retrieved by KST from the Debtors.

    F.    Subsequently, the Debtors determined that the two units of the equipment described as "Cisco Catalyst Blade Switch 30," each with a purchase price of $3,732.00, should

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

LA3:1147297.1

not have been listed on Exhibit A to the Stipulation as Segregated Equipment. Accordingly, in the Stipulation, the aggregate Purchase Price of the Segregated Equipment should have been agreed upon as $89,766.36.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Stipulation, through their respective counsel, as follows:

## AGREEMENT

1. The recitals set forth in paragraphs A through F above are incorporated herein by this reference.

2. Except as expressly set forth herein, the Stipulation and Exhibit A thereto are incorporated by this reference and are binding on the parties.

3. Subject to the terms of the Stipulation, the aggregate amount of the Administrative Claims shall be $93,906.99, which amount is the difference between the aggregate Purchase Price of the Equipment and the aggregate Purchase Price of the Segregated Equipment.

4. Unless reduced as specified in the Stipulation, KST shall hold (i) an allowed Administrative Claim against NCMC in the amount of $78,330.47 (the "NCMC Administrative Claim"); (ii) an allowed Administrative Claim against Home123 in the amount of $13,951.24 (the "Home123 Administrative Claim"); and (iii) an allowed Administrative Claim against NC Capital in the amount of $1,625.28 (the "NC Capital Administrative Claim").

5. This Supplemental Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all parties hereto. Any such modification, alteration,

///

LA3:1147297.1

amendment, or vacation in whole or in part shall be subject to the approval of this Court.

**STIPULATED AND AGREED**

May 12, 2008

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Suzzanne S. Uhland
Andrew M. Parlen
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700
ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

AND

May 12, 2008

_____
Christopher A. Ward
KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 552-5512

-and-

Randall S. Leff
Eric W. Cheung
ERVIN, COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
(310) 273-6333
ATTORNEYS FOR KST DATA, INC.

LA3:1147297.1