IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: June 17, 2008 at 4:00 p.m.<br>Hearing Date: June 24, 2008 at 10:00 a.m. |

**DEBTORS' TWENTIETH OMNIBUS OBJECTION: SUBSTANTIVE
OBJECTION PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, FED. R.
BANKR. P. 3007 AND 9014, AND DEL. BANKR. L.R. 3007-1 TO CERTAIN
(A) BOOKS AND RECORDS CLAIMS; (B) INSUFFICIENT DOCUMENTATION
CLAIMS; (C) MULTIPLE-DEBTOR DUPLICATE CLAIMS; (D) REDUCED
AND/OR RECLASSIFIED CLAIMS; AND (E) EQUITY CLAIMS**

New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc. ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby object (the "Objection"), pursuant to sections 502, 503, 506 and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Delaware Local Bankruptcy Rules (the "Local Rules") to certain (a) books and records claims (the "Books and Records Claims"); (b) insufficient documentation

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

claims (the "Insufficient Documentation Claims"); (c) multiple-debtor duplicate claims (the "Multiple-Debtor Duplicate Claims"); (d) reduced and/or reclassified claims (the "Reduced and/or Reclassified Claims"); and (e) the equity claims (the "Equity Claims," and collectively with the Books and Records Claims, the Insufficient Documentation Claims, the Multiple-Debtor Duplicate Claims, and the Reduced and/or Reclassified Claims, the "Disputed Claims") listed on Exhibits A through E to the proposed order attached hereto as Exhibit 2 (the "Proposed Order"), and for the reasons set forth herein, seek entry of the Proposed Order disallowing and expunging or reducing and/or reclassifying the Disputed Claims. In support of this Objection, the Debtors rely on the Declaration of Andrew D. Wagner attached hereto as Exhibit 1 (the "Wagner Declaration"). In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 502, 503, 506(a) and 507 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1.

## BACKGROUND

### A.    The Chapter 11 Filings

3. On April 2, 2007 (the "Petition Date"), the Debtors each filed a petition under chapter 11 of the Bankruptcy Code. The Court has entered an order authorizing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. The Debtors are operating their business and managing their affairs as debtors and debtors-in-possession.

2

RLF1-3280189-1

4.      On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these cases. On June 7, 2007, the Court entered an order granting the U.S. Trustee's motion for the appointment of Michael J. Missal as examiner (the "Examiner").

**B.      Bar Date and Proofs of Claim**

5.      On June 28, 2007, the Court entered an *Order (A) Fixing General Bar Date for Filing Proofs of Claim, (B) Approving Procedures for Filing Proofs of Claim, and (C) Approving Form, Manner and Sufficiency of Notice of the General Bar Date and Procedures for Filing Proofs of Claim* (the "Bar Date Order"), which, among other things, established August 31, 2007 at 5:00 p.m. (the "General Bar Date") as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) (the "Claimants") against one or more of the Debtors, except for claims against New Century Warehouse Corporation,[2] to file and serve a written proof of claim for payment of any such claim. The General Bar Date applies to all purported claims held by non-governmental units against the Debtors arising prior to the Petition Date.[3] Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. To date, approximately 3,910 proofs of claim (collectively, the "Proofs of Claim") have been filed asserting claims against the Debtors (collectively, the "Claims").

---

[2] Debtor New Century Warehouse Corporation ("NC Warehouse") did not file its chapter 11 petition until August 3, 2007. As such, the Bar Date Order does not apply with respect to claims against NC Warehouse. On October 23, 2007, the Court entered an *Order Establishing Bar Dates for Filing Proofs of Claims in the Chapter 11 Case of New Century Warehouse Corporation and Approving Form, Manner, and Sufficiency of Notice Thereof*, which, among other things, established December 14, 2007 at 5:00 p.m. as the deadline for creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against NC Warehouse to file and serve a written proof of claim for payment of any such claim. The deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file and serve a written proof of claim for payment of any such claim was 5:00 p.m. (Prevailing Eastern Time) on January 31, 2008.

[3] The Bar Date Order provides that the Bar Date for governmental units (as defined in section 101(27) of the Bankruptcy Code was 5:00 p.m. (Prevailing Eastern Time) on October 2, 2007.

3

6. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. The Debtors and their advisors have commenced a review of the Proofs of Claim filed in these cases (including any supporting documentation) and have performed a comparison of the Claims asserted in the Proofs of Claim with the Books and Records to determine the validity of the asserted Claims. For the reasons set forth in more detail below and based on these reviews, the Debtors have determined that certain Claims asserted against the Debtors in the Proofs of Claim are objectionable on substantive grounds.

## RELIEF REQUESTED

7. By this Objection, the Debtors object to the Disputed Claims and, for the reasons described below, seek entry of the Proposed Order, pursuant to sections 502(b), 503, 506(a), and 507 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, disallowing and expunging the Claims as set forth below.

### A. Books and Records Claims

8. As a result of a review of their Books and Records, the Debtors have identified approximately thirty-eight (38) Claims, which the Debtors have been unable to reconcile with their Books and Records. The Debtors believe they are not liable for the Books and Records Claims because (i) the Debtors' Books and Records, which the Debtors believe to be accurate, do not reflect the existence of the asserted Claim or otherwise indicate a scheduled liability of zero with respect to such Claim, or (ii) the asserted Claim has previously been satisfied by the Debtors and their Books and Records do not reflect any additional amounts owing on account of the asserted Claims.

9. Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors assert that, based on their review and analysis of their Books and Records, the register of Claims and the Proofs of Claim and supporting documentation, the Books and Records Claims are not enforceable under any applicable law or agreement and, therefore, the Debtors are not liable for such Claims.

10. Set forth on Exhibit A to the Proposed Order is a list of the Books and Records Claims that the Debtors have identified. For each creditor, the Books and Records Claim to be expunged appears in the column labeled "Claim Number." Also contained on Exhibit A to the Proposed Order is a brief description of the Debtors' basis for why they are not liable for each of the Books and Records Claims.

11. The Debtors dispute and deny that they are liable for any of the Books and Records Claims listed on Exhibit A to the Proposed Order. Therefore, by this Objection, the Debtors (a) object to the Books and Records Claims, and (b) seek entry of the Proposed Order, disallowing and expunging the Books and Records Claims in their entireties.

### B. Insufficient Documentation Claims

12. The Debtors, upon a thorough review of their Books and Records and the Proofs of Claim, have identified thirteen (13) Claims (the "Insufficient Documentation Claims") that were filed without sufficient documentation in support thereof. The Debtors object to the Claims listed on Exhibit B to the Proposed Order because the claimants have provided insufficient documentation to indicate that there are any amounts due and owing by the Debtors. Accordingly, for the reasons set forth below, the Debtors seek an order disallowing the Claims

5

RLF1-3280189-1

set forth on <u>Exhibit B</u> to the Proposed Order. Accordingly, such Claims should be disallowed in their entireties.

### C. **Multiple-Debtor Duplicate Claims**

13. As a result of their review, the Debtors have identified approximately three (3) Multiple-Debtor Duplicate Claims that have been filed by claimants against multiple Debtors in these chapter 11 cases despite having a potential Claim against only one Debtor. Each Claim set forth as a "Duplicate Claim" on <u>Exhibit C</u> to the Proposed Order is a Claim that is duplicative of a Claim previously filed against one or more Debtors in these chapter 11 cases asserting the same liability in the same amount.

14. After carefully reviewing the relevant Debtors' Books and Records, the Debtors have determined that there is no amount due and owing to the claimants by the Debtor entity specified in the Multiple-Debtor Duplicate Claims, because such Claims could not be a liability of the Debtor against which they were asserted but could only be a liability of a different Debtor. Additionally, it appears from the Debtors' Schedules that the Multiple-Debtor Duplicate Claims are properly asserted against one of the other Debtors. Therefore, the Debtors have determined that the Multiple-Debtor Duplicate Claims may be asserted only against the Debtor identified on <u>Exhibit C</u> to the Proposed Order under the heading "Remaining Claim."

15. If the Debtors' objection is sustained, each claim listed as a "Remaining Claim" on <u>Exhibit C</u> to the Proposed Order will remain in the Claims Register subject to the Debtors' right to object to each such Remaining Claim in the future on any grounds allowed under applicable law. The disallowance of the Multiple-Debtor Duplicate Claims will not prejudice the claimants or their substantive rights or claims against the Debtors. The Proposed Order confirms that each Claimant retains a Claim that incorporates the entire liability asserted by the Claimant.

RLF1-3280189-1

16.     Accordingly, the Debtors (a) object to the Multiple-Debtor Duplicate Claims listed on Exhibit C to the Proposed Order and (b) seek entry of the Proposed Order disallowing and expunging the Multiple-Debtor Duplicate Claims in their entireties, subject to the Debtors' further objections on any other grounds to the Claim listed under the heading labeled "Remaining Claim."

### D.     Claims to be Reduced and/or Reclassified

17.     The Debtors, upon a thorough review of their Books and Records and the Proofs of Claim, have identified twenty-four (24) Claims that were filed in the incorrect amounts and/or classifications set forth on Exhibit D to the Proposed Order. As such, these Reduced and/or Reclassified Claims should be reclassified and/or reduced. Thus, the Debtors object to the Claims and request the entry of an order reducing and/or reclassifying such Claims in accordance with Exhibit D to the Proposed Order.

### E.     Equity Claims

18.     The Claim identified on Exhibit E to the Proposed Order derives from a shareholder interest (an "Interest") in the Debtors. During a review of the Debtor's Books and Records, the Debtors have identified approximately one (1) Equity Claim. The Debtors believe that the disallowance of such Claim is appropriate because the Claimant's ownership of stock in the Debtors gives rise to an interest in, and not a claim against, the Debtors' estates. Furthermore, disallowance of the Claim will not prejudice the holder of an interest in Debtors, insofar as no bar date for filing proofs of interest has been established in the Debtors' cases. Instead, disallowance of the Claim will simply remove this claim from the Debtors' claims registers, where it has been filed inappropriately. Should a bar date for filing proofs of interest be established in these cases, holders of interests in the Debtors will be entitled to file proofs of

interest even if they had previously improperly filed a proof of claim. Accordingly, the Debtors object to the Equity Claim set forth on Exhibit E and request the entry of an order disallowing and expunging such Claim in its entirety.

## SEPARATE CONTESTED MATTERS

19. Each of the Disputed Claims and the Debtors' objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESERVATION OF RIGHTS

20. The Debtors expressly reserve the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims (filed or not) which may be asserted against the Debtors. Should one or more of the grounds of the objection stated in this Objection be dismissed, the Debtors reserve their rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases. In addition, the Debtors reserve the right to seek further reduction of any Claim to the extent such Claim has been paid.

## RESPONSES TO THE OBJECTION

### A.  Filing and Service of Responses

21. Pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court, to contest an Objection, a Claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, Wilmington, Delaware 19801; and the Response must be served so as to be

received by the undersigned counsel to the Debtors no later than **June 17, 2008 at 4:00 p.m. (Prevailing Eastern Time).**

### B.  Contents of Responses

22.  Every Response to an Objection must contain at a minimum the following information:

    (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

    (b) the name of the Claimant and description of the basis for the amount of the Claim; a concise statement specifically setting forth the reasons why the Claim should not be disallowed by the Court in the manner set forth in the Objection, including, but not limited to, the specific factual and legal bases in support of the Response;

    (c) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Court, upon which the Claimant will rely in opposing the Objection;

    (d) the address(es), if different from that or those presented in the Claim, to which the Debtors must return any reply to the Response; and

    (e) the name, address, and telephone number of the person (who may be a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim.

23.  If a Response contains an address different from that stated on the Proof of Claim actually filed, that address in the Response shall control and shall be the service address for other future service of papers.

### C.  Timely Response Required; Hearing; Replies

24.  If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on **June 24, 2008 at 10:00 a.m. (Prevailing Eastern Time)**, or such other date and time as parties filing responses may be notified. Only those Responses made

9

in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors reserve the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

25. If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Claim without further notice to the Claimant.

26. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

## NOTICE

27. The Debtors will serve copies of this Objection by first-class United States mail, postage prepaid, upon each of the Claimants identified in Exhibits A through E to the Proposed Order at the addresses listed in the Proofs of Claim. Copies of this Objection also shall be served upon the U.S. Trustee, counsel to the Committee, the Examiner, and all persons filing notices of appearance in these cases.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

28. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as Exhibit 2 disallowing and expunging or reducing and/or reclassifying the Disputed Claims, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: May 14, 2008
Wilmington, Delaware

Respectfully submitted,

*/s/ Mark Collins/*

Mark Collins (No. 2981)
Michael J. Merchant (No. 3458)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA 94111
(415) 984-8700

COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION

11

RLF1-3280189-1