**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., | : | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al., | : | |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: June 4, 2008 at 4:00 p.m. ET**<br>**Hearing Date:  TBD (if necessary)** |

**APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED
(DECEMBER 1, 2007 THROUGH MARCH 31, 2008)**

| | |
|---|---|
| Name of applicant: | Skadden, Arps, Slate, Meagher & Flom LLP |
| Authorized to provide professional services to: | New Century Financial Corp., et al., Debtors |
| Date of retention: | June 15, 2007 (effective April 16, 2007) |
| Period for which compensation and reimbursement are sought: | 12/01/07 – 3/31/08 |
| Amount of compensation sought as actual, reasonable, and necessary: | $47,676.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $1,655.69 |
| This is a/an: | X  Monthly Application    __ Interim Application    __ Final Application |

The Applicant does not request compensation at this time for services rendered in preparing this Application. The Applicant intends to seek such compensation at a later date.

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Prior Applications

| DATE FILED | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED (80%) | EXPENSES APPROVED (100%) |
|---|---|---|---|---|---|
| 9/14/07 | 4/16/07 – 7/31/07[2] | $239,156.50 | $5,339.95 | $191,325.20 | $5,339.95 |
| 11/8/07 | 8/1/07 – 9/30/07 | $105,669.50 | $1,816.24 | $84,535.60 | $1,816.24 |
| 1/14/08 | 10/1/07 – 11/30/07 | $34,763.50 | $904.80 | $27,810.80 | $904.80 |

---

[2] The Fee Examiner (defined below) has requested a reduction of $6,242 in fees sought by Skadden, Arps for the first interim period. Skadden, Arps hopes to resolve this issue with the Fee Examiner before any hearing on the first interim fee application.

ii

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

**TIME SUMMARY**
**(DECEMBER 1, 2007 – MARCH 31, 2008)**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNER** | | | | |
| Eric M. Davis | 1992 | $775 | 1.10 | $ 852.50 |
| Benjamin B. Klubes | 1990 | 870 | 8.80 | 7,656.00 |
| | **TOTAL PARTNER** | | **9.90** | **$ 8,508.50** |
| **ASSOCIATE** | | | | |
| Valerie L. Hletko | 2002 | $610 | 35.50 | $ 21,655.00 |
| Kimberly A. LaMaina | 2001 | 610 | 18.00 | 10,980.00 |
| | **TOTAL ASSOCIATE** | | **53.50** | **$ 32,635.00** |
| **PARAPROFESSIONALS** | | | | |
| Thinley Dorjee | N/A | $100 | 1.20 | $120.00 |
| James E. Evans | N/A | 170 | 3.10 | 527.00 |
| Puja Murgai | N/A | 205 | 21.60 | 4,428.00 |
| Larry S. Morton | N/A | 265 | 5.50 | $ 1,457.50 |
| | **TOTAL PARAPROFESSIONALS** | | **31.40** | **$ 6,532.50** |
| | | **TOTAL** | **94.80** | **$47,676.00** |
| | | **BLENDED HOURLY RATE** | | **$502.91** |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

**PROJECT CATEGORY SUMMARY**
**(DECEMBER 1, 2007 – MARCH 31, 2008)**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Regulatory and SEC Matters | 71.00 | $34,874.00 |
| Retention/Fee Matters (SASM&F) | 23.80 | $12,802.00 |
| **TOTAL** | **94.80** | **$47,676.00** |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

**EXPENSE SUMMARY**
**(DECEMBER 1, 2007 – MARCH 31, 2008)**

| Expense Category | Total Expenses |
|---|---:|
| In-House Reproduction (@ $.10 per page) | $337.30 |
| Outside Reproduction | 925.84 |
| Outside Research | 48.32 |
| Filing/Court Fees | 35.79 |
| Courier & Express Carriers (e.g. Federal Express) | 102.10 |
| Postage | 41.58 |
| Electronic Document Management | $164.76 |
| **TOTAL** | **$1,655.69** |

v

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al., | : : : | Case No. 07-10416 (KJC) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : : | **Objection Deadline: June 4, 2008 at 4:00 p.m. ET**<br>**Hearing Date: TBD** |

### APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
### (DECEMBER 1, 2007 – MARCH 31, 2008)

Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities (collectively, "Skadden, Arps"), special counsel for the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submit this application (the "Application") seeking allowance of interim compensation and reimbursement of expenses under 11 U.S.C. §§ 330 and 331 for the period from December 1, 2007 through and including March 31, 2008 (the "Application Period"), and represent as follows:

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

**Jurisdiction**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 331.

**Background**

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions in this Court under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

3. The Debtors are continuing in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

4. On April 9, 2007, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases under Bankruptcy Code section 1102.

5. On April 24, 2007, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses of professionals (Docket No. 389) (the "Administrative Order").

6. On May 11, 2007, the Debtors applied (the "Retention Application") to the Court for an order authorizing them to retain Skadden, Arps as their special regulatory counsel effective as of the Petition Date (Docket No. 642). On June 15, 2007, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their special

2

regulatory counsel effective as of April 16, 2007 (Docket No. 1272).[2]  A copy of the Retention Application and the Retention Order are attached hereto at Exhibit A.

       7.       On October 10, 2007, this Court entered an order appointing Warren H. Smith & Associates, P.C. as the fee examiner in these cases (Docket No. 3260) (the "Fee Examiner Order").

       8.       Skadden, Arps setoff $281,928.33 of its prepetition retainer against prepetition fees and expenses, as permitted by the Retention Order.  Skadden, Arps continues to hold prepetition retainer funds for application against prepetition fees and expenses, as permitted by the Retention Order.  Skadden, Arps presently estimates that remaining prepetition retainer funds are in the amount of $18,071.

## Relief Requested

       9.       Pursuant to the Administrative Order, Skadden, Arps is filing the Application for compensation for professional services rendered and reimbursement of disbursements for the Application Period.

       10.       Skadden, Arps seeks compensation in the amount of $47,676 (80% of which is $38,140.80) for professional services rendered by Skadden, Arps during the Application Period as special counsel to the Debtors in these cases.  This amount is derived from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.

       11.       Skadden, Arps also requests reimbursement of actual and necessary out of pocket expenses in the amount of $1,655.69, which expenses were incurred while rendering required professional services.

---

[2]  Pursuant to an agreement reached with the U.S. Trustee, the Debtors and Skadden, Arps agreed that Skadden, Arps' retention in these cases would be effective as of April 16, 2007.

3

12. Skadden, Arps makes this Application without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Administrative Order.

### Basis for Relief

13. It is not practical to describe every phone call made, meeting attended, document generated, or other service provided during the Application Period. Thus, this Application highlights the most significant services performed during the Application Period by Skadden, Arps for the Debtors.

14. Skadden, Arps submits that the legal services and advice that it rendered to the Debtors during the Application Period were necessary and beneficial to the Debtors, their creditors and their estates.

15. Skadden, Arps spent a total of 94.80 hours during the Application Period, resulting in an average billing rate of $502.91 per hour. The rates charged by Skadden, Arps are the normal hourly bundled billing rates that were in effect during the Application Period. The summary preceding the Application contains a list of the attorneys and paraprofessionals who have performed services on behalf of the Debtors during the Application Period, as well as a breakdown of the hours, hourly rates and fees attributable to those individuals. Also included is a summary of total hours and fees by project category. Skadden, Arps' time records, allocated by matter, listing the name of the attorney or paraprofessional, the date on which the services were performed, and the amount of time spent in performing the services, are attached to the Application at Exhibits B-1 through E-1.

16. Skadden, Arps also maintains records of all actual and necessary out of pocket expenses incurred in connection with its rendition of services on behalf of the Debtors.

4

The summary preceding the Application includes a breakdown of expenses incurred during the Application Period. The detail for such expenses is attached hereto at Exhibits B-2 through D-2.

**Summary of Services Rendered**

17. The services rendered by Skadden, Arps during the Application Period were grouped into the following categories and are summarized below: Regulatory Services and Retention/Fee Applications.

18. <u>Regulatory Services (Matter 30)</u>. During the Application Period, Skadden, Arps continued to represent the Debtors in various state proceedings and regulatory matters.

19. Skadden, Arps spent time during the Application Period reviewing and addressing issues regarding a complaint filed against New Century Mortgage Corporation by the Attorney General for the District of Columbia. The lawsuit arises out of an alleged "foreclosure rescue" fraudulent scheme. The complaint alleged that New Century Mortgage Corporation, which originated many of the loans involved, knew or had reason to know of the alleged fraud. Skadden, Arps reviewed the complaint and issues raised by the litigation.

20. Skadden, Arps negotiated extensively with the Assistant Attorney General for the District of Columbia in order to have the complaint dismissed against New Century. As a result of such efforts, Skadden, Arps, on behalf of New Century, executed a consent order and final judgment ("Settlement"). The Settlement dismisses New Century Mortgage Corporation from the lawsuit without any admission of liability or monetary penalty, and requires New Century's cooperation with the Office of the Attorney General in its pursuit of relief for the alleged victims of the fraudulent scheme that forms the basis for the complaint. During the Application Period, the Settlement was approved by the District of Columbia Superior Court Judge. Skadden, Arps has complied on behalf of New Century with the terms of the Settlement

by producing documents and information relating to the loans at issue in the lawsuit, as requested by the Attorney General.

21. During the Application Period, Skadden, Arps also assisted the Debtors in preparing a response to a broad request for information and documents from Senator Schumer's Office in connection with an investigation by the Subcommittee on Administrative Oversight and the Courts on the role of the bankruptcy system in the subprime loan crisis.

22. During the Application Period, Skadden, Arps professionals devoted a total of 71.00 hours to this category, for which compensation is sought in the aggregate amount of $34,874.

23. <u>Retention/Fee Applications (Matter 33)</u>. During the Application Period, Skadden, Arps necessarily spent time complying with the Administrative Order, which order governs compensation of professionals in the cases.

24. In compliance with the Administrative Order, Skadden, Arps spent time preparing monthly applications for the period October 1, 2007 through November 30, 2007. Preparation of fee statements is time-consuming as it requires a review of all time and expense entries to ensure that they are properly charged to the Debtors, that they are recorded in the proper category and that they do not reveal privileged information. Further, preparation of statements requires time to ensure that the statements are prepared in accordance with the Administrative Order, the Bankruptcy Code and Rules as well as the local rules of this Court.

25. On January 14, 2008, Skadden, Arps filed the respective applications. No objections were filed or otherwise received by Skadden, Arps.

26. Skadden, Arps also spent time during the Application Period preparing its second interim fee application as required under the Administrative Order.

27.     Skadden, Arps also spent time during the Application Period reviewing issues pertaining to its continued retention in these cases and complying with requirements under both the Retention Order and the Fee Examiner Order.

28.     During the Application Period, Skadden, Arps professionals devoted a total of 23.80 hours to this category, for which compensation is sought in the aggregate amount of $12,802.

### Allowance of Compensation

29.     <u>Compensation Sought</u>.  Because of the benefits realized by the Debtors, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required, and the contingent nature of the compensation, Skadden, Arps requests that it be allowed compensation for professional services rendered during the Application Period in the sum of $47,676.  Skadden, Arps reserves the right to seek compensation for work performed during the Application Period, but not yet reflected in the firm's time records, or to correct any inadvertent bookkeeping error.  In the event that a subsequent review reveals that additional professional services have been rendered to or expenses have been incurred on behalf of the Debtors during the Application Period, Skadden, Arps will seek any such fees and expenses by subsequent application to the Court.[3]

30.     Skadden, Arps achieved cost efficiencies by employing a streamlined case management structure.  Instead of assigning various attorneys to the tasks that arose, Skadden, Arps designated a core group of attorneys and paraprofessionals.  This permitted the case to be staffed with as little personnel as appropriate and enabled Skadden, Arps to avoid performing duplicative or unnecessary work.  Skadden, Arps professionals at times, however, unavoidably

---

[3]  Skadden, Arps further reserves the right to request additional compensation at a later date for time spent preparing the Application.

7

needed to converse and work together to resolve issues raised. Skadden, Arps submits that any such time was necessary for the representation in these cases and no less compensable.

31.     Reimbursement of Expenses. Skadden, Arps requests reimbursement for $1,655.69. This amount represents actual, necessary expenses incurred by Skadden, Arps in the rendition of professional services in these cases.[4]

32.     Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted under Bankruptcy Code section 504(b)(1).

**Certificate of Compliance and Waiver**

33.     The undersigned representative of Skadden, Arps certifies that he has reviewed the requirements of Del. Bankr. LR 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Del. Bankr. LR 2016-2, Skadden, Arps believes such deviations are not material and respectfully requests that any such requirement be waived.

---

[4]     Exhibits B-2 through D-2 to this Application provide further information and detail concerning the firm's expenses.

WHEREFORE, Skadden, Arps respectfully requests that the Court approve and allow Skadden, Arps (a) compensation for professional services rendered during the Application Period in the amount of $47,676, which, absent objection, may be paid at 80% (or $34,140.80), (b) reimbursement of actual and necessary expenses incurred during the Application Period in the amount of $1,655.69 and (c) such other and further relief as is just and proper.

Dated: May 15, 2008
       Wilmington, Delaware

                                          /s/ *Eric M. Davis*
                                          Eric M. Davis (I.D. No. 3621)
                                          Kimberly A. LaMaina (I.D. No. 4568)
                                          SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM LLP
                                          One Rodney Square
                                          P.O. Box 636
                                          Wilmington, Delaware 19899-0636
                                          (302) 651-3000

                                          Special Counsel for Debtors and
                                              Debtors in Possession