IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : |
| | : Jointly Administered |
| | : |
| Debtors. | : Objection Deadline: June 4, 2008, 4:00 p.m. |

**SECOND MONTHLY APPLICATION OF HOWREY LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL OUTSIDE
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR
THE PERIOD FROM JUNE 1, 2007 THROUGH MARCH 31, 2008**

| | |
|---|---|
| Name of Applicant: | Howrey LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | June 15, 2007, *nunc pro tunc* to April 2, 2007 |
| Period for which compensation and reimbursement are sought: | June 1, 2007 through March 31, 2008[2] |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

[2] The Court granted Howrey's First Monthly Application and First Interim Fee Application, both of which covered the period April 2, 2007 through June 30, 2007. At the time those applications were filed, the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, As Special Outside Counsel to the Debtors Nunc Pro Tunc As of April 2, 2007* (the "Employment Authorization Order") provided that fees in excess of $25,000 after May 30, 2007 may not be allowed. Through June 30, 2007, Howrey had exceeded

Amount of Compensation sought as actual,
reasonable, and necessary: $28,000 (80% of $35,000)[3]

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $814.76

This is a(n): _X_ monthly  ___ interim  ___ final application

---

that amount by $3,075. Accordingly, Howrey did not include the $3,075 in the amount sought, and approved, in its First Monthly Fee Application and First Interim Fee Application. However, the Employment Authorization Order has since been amended to change the $25,000 cap to a $60,000 cap. Accordingly, by this application, Howrey seeks the additional $35,000 available under the revised cap, including the $3,075 incurred in June 2007. In addition, Howrey intends to seek further amendment of the Employment Authorization Order to increase the cap to cover additional amounts incurred by Howrey during the time period covered by this application.

[3] Since July 1, 2007, Howrey has incurred $62,516.75 in fees. In addition, as discussed above, Howrey incurred $3,075 in fees in June, 2007, which exceeded the fee cap that has since been increased. Accordingly, the total amount of fees included in this application is $65,591.75. However, Howrey has reduced the fees sought by this application to $35,000 because the remaining $30,591.75 exceeds the current $60,000 cap for fees incurred after May 30, 2007. Nonetheless, as discussed above, Howrey intends to seek further amendment of the Employment Authorization Order to increase the cap to cover the additional $30,591.75 in fees incurred through March 31, 2008, plus any additional fees incurred thereafter.

2

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|
| 8/23/07 | 04/02/07 – 6/30/07 | $122,732.50 | $1,548 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jan L. Handzlik | Joined firm as partner in 2004. Member of CA Bar since 1971. | $695 | 1.5 | $1,042.50 |
|  |  | $725 | 18.45 | $13,376.25 |
| Tara C. Kowalski | Joined firm as associate in 2004. Member of CA Bar since 2002. | $405 | 19.5 | $7,897.50 |
|  |  | $470 | 76.15 | $35,790.50 |
| John Fitzpatrick | Paralegal since 1986. Joined firm in 1992. | $245 | 2 | $490 |
|  |  | $255 | 8 | $2040 |
| Yvonne A. Kubicek | Paralegal since 1997. Joined firm in 2005. | $230 | 4 | $920 |
|  |  | $240 | 4 | $960 |
| **TOTAL** |  |  | **133.6** | **$62,516.75**[4] |

|  |  |
|---|---|
| Grand Total | $ 62,516.75 |
| Attorney Compensation | $ 58,106.75 |
| Total Attorney Hours | 115.6 |
| Blended Rate | $502.65 |

Dated: May  15 , 2008
      Los Angeles, California

---

[4] This amount does not include the $3,075 incurred in June 2007. The $3,075 was included in the calculations and the backup data provided in the First Monthly Fee Application, but was reduced from the amount sought. Accordingly, that data is not included in the calculations and backup data provided in this application. However, the amounts in excess of the $60,000 cap, incurred between July 1, 2007 and March 31, 2008 are included in the calculations and backup data provided in this application, even though they are not sought by this application, because, as discussed above, Howrey intends to seek an amendment of the Employment Authorization Order to increase the cap to cover such fees.

4

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Factual investigation and investigation findings | 32.5 | $17,127.25 |
| Responding to bankruptcy examiner inquiries re investigation | 27.7 | $12,685.00 |
| Bankruptcy related tasks | 61.4 | $29,234.50 |
| Compliance with Employment Authorization Order | 12 | $3,470.00 |
| **TOTAL** | **133.6** | **$62,516.75** |

DM_US:21228132_1

## **EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Telephone | Voice Over Internet Protocol | $11.7 |
| Reproduction | Lanier (in-house) | $690.6 |
| Legal Research | Westlaw | $21.84 |
| Out-of-Town Couriers | Federal Express | $41.63 |
| Local Courier | Nationwide Legal Inc. (in-house) | $47 |
| Postage | United States Post Office | $1.99 |
| **TOTAL** | | **$814.76** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| NEW CENTURY TRS HOLDINGS, INC., a | : Case No. 07-10416 (KJC) |
| Delaware corporation, et al.,[5] | : |
| | : Jointly Administered |
| | : |
| **Debtors.** | : Objection Deadline: June 4, 2008, 4:00 p.m. |
| | . Hearing Date: N/A |
| | : |

## SECOND MONTHLY APPLICATION OF HOWREY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL OUTSIDE COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 1, 2007 THROUGH MARCH 31, 2008

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Howrey LLP ("Howrey") hereby files this Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as

---

[5] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

Counsel to the Debtors and Debtors in Possession for the Period From June 1, 2007 through and including March 31, 2008 (the "Application")[6]. By this Application, Howrey seeks an allowance pursuant to the Administrative Order with respect to the sums of $28,000 (80% of $35,000)[7] as compensation and $814.76 for reimbursement of actual and necessary expenses for a total of $28,814.76 for the period June 1, 2007 through and including March 31, 2008 (the "Compensation Period"). In support of this Application, Howrey respectfully represents as follows:

---

[6] The Court granted Howrey's First Monthly Application and First Interim Fee Application, both of which covered the period April 2, 2007 through June 30, 2007. At the time those applications were filed, the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing Employment of Howrey LLP, As Special Outside Counsel to the Debtors Nunc Pro Tunc As of April 2, 2007* (the "Employment Authorization Order") provided that fees in excess of $25,000 after May 30, 2007 may not be allowed. Through June 30, 2007, Howrey had exceeded that amount by $3,075. Accordingly, Howrey did not include the $3,075 in the amount sought, and approved, in its First Monthly Fee Application and First Interim Fee Application. However, the Employment Authorization Order has since been amended to change the $25,000 cap to a $60,000 cap. Accordingly, by this application, Howrey seeks the additional $35,000 available under the revised cap, including the $3,075 incurred in June 2007. In addition, Howrey intends to seek further amendment of the Employment Authorization Order to increase the cap to cover additional amounts incurred by Howrey during the time period covered by this application.

[7] Since July 1, 2007, Howrey has incurred $62,516.75 in fees. In addition, as discussed above, Howrey incurred $3,075 in fees in June, 2007, which exceeded the fee cap that has since been increased. Accordingly, the total amount of fees included in this application is $65,591.75. However, Howrey has reduced the fees sought by this application to $35,000 because the remaining $30,591.75 exceeds the current $60,000 cap for fees incurred after May 30, 2007. Nonetheless, as discussed above, Howrey intends to seek further amendment of the Employment Authorization Order to increase the cap to cover the additional $30,591.75 in fees incurred through March 31, 2008, plus any additional fees incurred thereafter.

**Background**

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Special Investigation Committee, a subcommittee of the Audit Committee of the Board of Directors of New Century Financial Corporation ("New Century"), retained Howrey to conduct an internal investigation of the sale of New Century stock by a member of the Board of Directors. The Debtors' retention of Howrey was approved effective as of the Petition Date by this Court's Order dated June 15, 2007 (the "Retention Order"). The Retention Order authorized Howrey to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**Compensation Paid and Its Source**

3. All services for which compensation is requested by Howrey were performed for or on behalf of the Debtors.

4. Except to the extent of the retainer paid to Howrey as described in the application seeking approval of Howrey's employment by the Debtors during the period covered by this Application, and the amounts approved in Howrey's First Fee Application, Howrey has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

There is no agreement or understanding between Howrey and any other person other than the partners of Howrey for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

5.      The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Howrey's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

6.      A summary of actual and necessary expenses and daily logs of expenses incurred by Howrey during the Compensation Period is attached hereto as Exhibit B. Howrey charges its clients $.16 per page for photocopying expenses.

7.      Regarding providers of on-line legal research (i.e., WESTLAW), Howrey charges its clients the standard usage rates these providers charge, with a 10 percent discount, which, due to contractual flat fees, may not always equal Howrey's actual cost. Howrey currently is under contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rates, plus a 10 percent discount, allows Howrey to cover adequately the monthly flat fees it must pay to these types of providers.

8.      Howrey believes the foregoing rates are the market rates that the majority of law firms charges clients for such services. In addition, Howrey believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

9. The Howrey partners and associates who have rendered professional services in these cases during the Compensation Period are as follows: Jan L. Handzlik and Tara C. Kowalski.

10. Howrey, by and through the above-named persons, has conducted an internal investigation into the sales of certain New Century securities by a member of the Board of Directors.

## Summary of Services By Project

11. The services rendered by Howrey during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Factual investigation and investigation findings (A) | 32.5 | $17,127.25 |
| Responding to bankruptcy examiner inquiries re investigation (B) | 27.7 | $12,685.00 |
| Bankruptcy Related Tasks (C) | 61.4 | $29,234.50 |
| Compliance with Employment Authorization Order (D) | 12 | $3,470.00 |
| **TOTAL** | **133.6** | **$62,516.75** |

### A. Factual Investigation and Investigation Findings

12.     The "Factual Investigation" category includes time and effort spent between June 1, 2007 and March 31, 2008 gathering and analyzing facts related to the New Century stock sales at issue, including, but not limited to, identifying and interviewing witnesses, identifying and collecting documents, and reviewing and analyzing information and documents collected. This category also includes time and effort spent forming legal conclusions and recommendations relating to the New Century stock sales at issue, including, but not limited to, researching applicable law, analyzing the implications of the stock sales at issue under applicable law, making reports and recommendations to the Special Investigation Committee, communicating with the SEC and counsel for Mr. Sachs, and preparing a Chronology of Events for the SEC.

### B. Responding to Bankruptcy Examiner Inquiries re Investigation

13.     The "Responding to Bankruptcy Examiner Inquiries re Investigation" category includes time and effort spent between June 1, 2007 and March 31, 2008 responding to inquiries from the bankruptcy examiner regarding the investigation, including, but not limited to, reviewing and providing documents to the examiner and reviewing and responding to issues raised by the examiner regarding the facts underlying the investigation.

### C. Bankruptcy Related Tasks

14.     The "Bankruptcy Related Tasks" category includes time and effort spent between June 1, 2007 and March 31, 2008 on bankruptcy related tasks, including, but not limited to preparing monthly fee and interim compensation applications, responding to requests from the United States Trustees Office and the bankruptcy fee auditor, and seeking and obtaining amendment of the Employment Authorization Order.

**D.    Compliance With Employment Authorization Order**

15.    The "Compliance with Employment Authorization Order" category includes time and effort spent between June 1, 2007 and March 31, 2008 taking affirmative steps to comply with the Employment Authorization Order, including but not limited to monitoring for any connections between Howrey and previously undisclosed parties-in-interest.

### Valuation of Services

16.    Attorneys and paraprofessionals of Howrey have expended a total of 133.6 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Jan L. Handzlik | 1.5 | $695 |
|  | 18.45 | $725 |
| Tara C. Kowalski | 19.5 | $405 |
|  | 76.15 | $470 |
| **PARAPROFESSIONALS** | **HOURS** | **HOURLY RATE** |
| John Fitzpatrick | 2 | $245 |
|  | 8 | $255 |
| Yvonne A. Kubicek | 4 | $230 |
|  | 4 | $240 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Howrey's normal hourly rates for work of this character. The reasonable value of the services rendered by Howrey to the Debtors during the Compensation Period is $62,516.75 (in addition to the $3,075 incurred in June 2007 that exceeded the fee cap, which has since been increased).

17.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Howrey is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and

extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Howrey has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Howrey respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Howrey in the sum of $28,000 (80% of $35,000) as compensation for necessary professional services rendered that fall within the fee cap, and the sum of $814.76 for reimbursement of actual and necessary expenses for a total of $28,814.76, and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: May __15__, 2008
Los Angeles, California

*(signature)*
Jan L. Handzlik (California Bar No. 047959)
Michael L. Resch (California Bar No. 202909)
Tara C. Kowalski (California Bar No. 223834)
HOWREY LLP
550 South Hope Street
Los Angeles, California 90071
(213) 892-1800

*Special Outside Counsel for Debtors and Debtors in Possession*

## VERIFICATION

STATE OF DELAWARE )
) SS:
COUNTY OF NEW CASTLE )

      Tara C. Kowalski, after being duly sworn according to law, deposes and says:

    a)     I am an associate with the applicant firm, Howrey LLP and am a member of the State Bar of California.

    b)     I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

    c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

                                                               */s/ Tara Kowalski*
                                                              Tara C. Kowalski (California Bar No. 223834)

SWORN AND SUBSCRIBED before me
this 15th day of May, 2008.

*/s/ Linda Elizabeth Minky*
Notary Public
My Commission Expires: Oct 3, 2010

[Notary Seal: LINDA ELIZABETH MINKY, Commission # 1697331, Notary Public - California, Los Angeles County, My Comm. Expires Oct 3, 2010]