## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416(KJC) |
| INC., a Delaware corporation, et al.[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 4, 2008 @ 4:00 p.m. |
| | | Hearing Date TBD. |

**SECOND AND FINAL APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 2, 2007 THROUGH DECEMBER 31, 2007**

**To:    The Notice Parties Listed on Exhibit E hereto**

| Name of Applicant: | **Lazard Frères & Co. LLC** |
|---|---|
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **April 25, 2007 *nunc pro tunc* April 2, 2007** |
| Interim Period for which compensation and/or reimbursement is sought: | **August 1, 2007 through December 31, 2007** |
| Final Period for which compensation and/or reimbursement is sought: | **April 2, 2007 through December 31, 2007** |

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership and New Century Warehouse Corporation, a California Corporation

| Name of Applicant: | **Lazard Frères & Co. LLC** |
|---|---|
| Interim Amount of Compensation sought as actual, reasonable, and necessary: | **$410,000.00** |
| Final Amount of Compensation sought as actual, reasonable, and necessary: | **$6,435,000.00** |
| Interim Amount of Expenses sought as actual, reasonable, and necessary: | **$0.00** |
| Final Amount of Expenses sought as actual, reasonable, and necessary: | **$72,150.83** |
| Less: Amounts Paid to Date: | **($5,620,150.83)** |
| Net Amount of Compensation Requested: | **$887,000.00** |

This is a:  _____ monthly  _____ interim  __X__ final application

Total time expended for final fee application preparation is approximately 8 hours.

Summary of Monthly Fee Applications for Compensation Period:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Amounts Paid Fees | Amounts Paid Expenses | Net Requested |
|---|---|---|---|---|---|---|
| 07/12/07 | 04/02/07 – 04/30/07 | n/a[2] | $3,876.88 | n/a[2] | $3,876.88 | $0.00 |
| 09/12/07 | 05/01/07 – 07/31/07 | 6,025,000.00 | 68,273.95 | 5,220,000.00 | 68,273.95 | 805,000.00 |
| 10/04/07 | 08/01/07 – 08/31/07 | 397,500.00 | 0.00 | 318,000.00 | 0.00 | 79,500.00 |
| 01/14/08 | 09/01/07 – 12/31/07 | 12,500.00 | 0.00 | 10,000.00 | 0.00 | 2,500.00 |
| **TOTAL** | | **$6,435,000.00** | **$72,150.83** | **$5,548,000.00** | **$72,150.83** | **$887,000.00** |

**PLEASE TAKE NOTICE** that, pursuant to the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 (the "Interim Compensation Order"), and the Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official

---

[2] As set forth in Lazard's Retention Order, Monthly Fees credit against Sale Transaction Fees.

Committees and Consideration of Fee Applications (the "Fee Auditor Order") dated October 10,

2007 [Docket No. 3260], objections, if any, to the Final Fee Application Request must be filed

with the Court and served on the Applicant at the address set forth below and the notice parties,

identified on Exhibit A attached hereto so as to be received by June 4, 2008 at 4:00 p.m. (Eastern

Time). If no timely objections are filed to the Interim Fee Application Request, the Court may

enter an order granting the Interim Fee Application Request without a hearing.

### Attachment A to Fee Application

| LAZARD FRERES RESTRUCTURING GROUP CREDENTIALS New Century Financial Corporation Restructuring Team | | | | |
|---|---|---|---|---|
| Name | Highest Degree, School | Licenses [3] | Title | Business Experience (years) |
| David Kurtz | J.D., Case Western Reserve University, 1979 | Ill. Bar, Series 7, 24 | Managing Director | 27 |
| J. Blake O'Dowd | MBA, NYU Stern, 1994 | Series 7 | Managing Director | 14 |
| Richard Puccio | J.D. Fordham University | Series 7 NY Bar | Director | 10 |
| Ari Lefkovits | JD, Stanford University, 1999 | Series 7 Mass. Bar NY Bar | Director | 8 |
| Suneel Mandava | B.S., The Wharton School of the University of Pennsylvania | Series 7 | Director | 11 |
| Pranav Popat | B.S., Haas School of Business at the University of California at Berkeley | Series 7 | Vice President | 8 |

---

[3] The **Series 7** examination is a required exam to obtain the main NASD series license. It is a comprehensive standardized test that covers 3 broad areas of expertise in business and financial matters: Securities Markets and Customer Accounts, Product Knowledge, and Investment and Economic Analysis.

The **Series 24** examination is for licensing NYSE managers to supervise branch activities as a General Securities Principal. The test covers such topics as: Supervision of Investment Banking, Trading Market Supervision, Sales Supervision, Primary and Secondary Markets, Supervising Customer Accounts and Orders, and Investment Companies and Retirement Plans.

The **Series 63** is required for most individuals who solicit orders for any type of security in that state. The exam covers topics such as: State Registration Laws and Procedure, Lawful Practices, and a Definition of Terms.

| | | | | Business Experience (years) |
|---|---|---|---|---|
| Name | Highest Degree, School | Licenses [3] | Title | |
| Evan Geller | MBA, Harvard University | Series 7 | Vice President | 6 |
| Sayles Braga | B.S., Harvard University, 2005 | - | Financial Analyst | 2 |
| Brett Barna | B.S., University of Michigan, 2006 | - | Financial Analyst | 1 |
| Ben Skrodzki | BA, Washington and Lee University, 2006 | - | Financial Analyst | 1 |

*LAZARD FRERES RESTRUCTURING GROUP CREDENTIALS*
*New Century Financial Corporation Restructuring Team*

\*\*\* Note – This table excludes the names of certain Lazard professionals who were asked to assist the deal team on an as needed basis but whose hours we not recorded.

## Compensation by Project Category
### Please see Exhibit C – Summary of Hours Expended

Lazard, in its normal course of business, invoices its clients a flat monthly fee and does not charge by the hour. Thus, Lazard does not ordinarily keep time records. However, for the benefit of the Court, Lazard recorded its hourly time as of April 2, 2007 and has provided summaries of the time spent by Professionals during the Final Application Period, attached hereto as Exhibit C.[4]

## Expense Summary
### Please see Exhibit D – Fee Calculation and Summary of Out-of-Pocket Expenses

Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Revised Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 (the "Administrative Order"), Lazard Frères & Co. LLC ("Lazard") files this Final Fee Application (the "Application") for Allowance of Compensation

---

[4] Lazard professionals expended a significant amount of time on the Debtors behalf prior to their voluntary petitions of relief, to this Court. Lazard, in its normal course of business did not record these pre-petition hours.

and Reimbursement from April 2, 2007, through December 31, 2007 (the "Final Application Period"). By this application, Lazard seeks a final allowance in the amount of $6,435,000.00 and $72,150.83 for financial advisory services provided to New Century TRS Holdings, Inc, et al. (collectively, the "Debtors" and/or the "Company") and reimbursement of actual and necessary expenses incurred on the Debtors' behalf, respectively, for a total of $6,507,150.83. Of this amount, $5,620,150.83 has already been paid to Lazard, resulting in a net amount requested of $887,000.00. In support of this Application, Lazard respectfully represents as follows:

## BACKGROUND

1.    On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    Lazard was retained as financial advisor to the Debtors to perform services set forth in our engagement letter dated as of March 29, 2007, attached hereto as **Exhibit A**. The Debtors retained Lazard concurrently with their bankruptcy filing to provide comprehensive financial advisory services across a variety of matters. The Debtors retained Lazard due to its well-established reputation and expertise in investment banking, particularly in the restructuring and bankruptcy area. Lazard's Restructuring Group consists of an experienced group of professionals dedicated to providing advisory services in the area of debt restructuring and business reorganizations. Lazard's Restructuring Group has been involved in over 250 assignments since 1990 including

both out-of-court and Chapter 11 restructurings, representing over $350 billion in restructured debt.

3.    The Court approved the Debtors' retention of Lazard as financial advisor at a rate of $200,000.00 per month, plus reimbursement of expenses, in the Retention Order dated April 25, 2007 *nunc pro tunc* April 2, 2007, attached hereto as **Exhibit B**. The compensation for Lazard, as detailed in the Engagement Letter and Retention Order, is summarized as follows (defined terms have the same meaning as set forth in the Retention Order and Engagement Letter):

(a) A monthly fee (the "Monthly Fee") of $200,000 payable each month until the completion of the Restructuring or the termination of Lazard's Engagement (per Paragraph 2(b) of the Engagement Letter).

(b) A fee equal to $4,250,000 payable upon consummation of a Sales Transaction (per Paragraph 2(b)(i) of the Retention Order).

(c) An additional fee, payable upon the consummation of any Sale Transaction, equal to 5% of the total amount of cash and the fair market value of all other property paid and payable for the Carrington Assets or the Greenwich Assets, as applicable, in excess of the purchase price stated in the Carrington Agreement or Greenwich Agreement, as applicable (per Paragraph 2(b)(ii) of the Retention Order).

(d) An additional fee, payable upon the consummation of any Sale Transaction involving all or part of the Origination Business, equal to the greater of (i) 5% of the OB Consideration and (ii) $1 million[5] (per Paragraph 2(b)(iii) of the Retention Order).

(e) The Retainer and all Monthly Fees shall be credited (without duplication) against any Sale Transaction or Alternative Transaction Fee, and the Alternative Transaction Fee shall be credited (without duplication) against any Sale Transaction Fee (per Paragraph 2(c) of the Retention Order).

(f) Notwithstanding anything to the contrary in the Engagement Letter, the aggregate fees paid to Lazard thereunder shall not exceed $6 million if no part or the

---

[5] Reflecting a subsequent agreement with the Debtors, Lazard voluntarily reduced this amount to $250,000.

Origination Business is sold and shall, in no event, exceed $7 million (per Paragraph 2(d) of the Retention Order).

4.    All services for which compensation is requested by Lazard was performed for or on behalf of the Debtors. Lazard has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. Lazard has not entered into any agreement, express or implied, with any party in interest, including the Debtors, any creditors, or any representative of any of them, or with any attorney for such party in interest, for the purpose of fixing the fees or other compensation to be paid to Lazard for services rendered in connection herewith, from the assets of the Debtors. There is no agreement or understanding between Lazard and any other person, other than members, associates and employees of Lazard, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

## FEE STATEMENTS

5.    Lazard requests final allowance of **$6,435,00.00** (after deducting for amounts credited) for the period commencing April 2, 2007 through and including December 31, 2007, as compensation for professional services rendered during the Final Application Period.

6.    Lazard, in its normal course of business, invoices its clients a flat monthly fee and does not charge by the hour. Thus, Lazard does not ordinarily keep time records. However, for the benefit of the Court, Lazard has recorded its hourly time and has provided a Summary of Services Rendered by Project as well as a Summary of Services Rendered by Professional for the Interim Period attached hereto as **Exhibit C**.

## ACTUAL AND NECESSARY EXPENSES

7.     Lazard also requests final allowance of **$72,150.83** as reimbursement for actual and necessary expenses Lazard incurred during the period April 2, 2007 through December 31, 2007. Lazard has provided the Detail of Out-of-Pocket Expenses incurred during this period attached hereto as **Exhibit D**. Lazard reserves its right to request reimbursement at a later date for any unbilled items not included in this Application.

## SERVICES PROVIDED

8.     Lazard has acted as financial advisor to the Debtors since prior to the Petition Date. As an investment banker, Lazard assisted the Debtors in their restructuring and asset sales, as well as offering advice to the Debtors' management and Board in other related matters. The Managing Directors, Directors, Vice Presidents and Financial Analysts of Lazard who have rendered professional services in these cases during the Final Application Period are as follows: David Kurtz (Managing Director); J. Blake O'Dowd (Manging Director); Richard Puccio (Director); Ari Lefkovits (Director); Suneel Manadava (Director); Pranav Popat (Vice President); Evan Geller (Vice President); Sayles Braga (Financial Analyst); Brett Barna (Financial Analyst); and Ben Skrodski (Financial Analyst).

9.     During the Final Application Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters relating to the Debtors' restructuring, including strategy, asset sales, management issues, expert testimony, and interface and negotiation with key creditor groups and their respective advisors. As a result, Lazard's most highly skilled restructuring professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

10.  The services enumerated in paragraphs 11-15 below were performed without duplication of those provided by any other professionals retained or proposed to be retained by the Debtors.

11.  Pursuant to the Engagement Letter, Lazard provided, in consideration of the compensation provided in the Engagement Letter, as modified by the Retention Order, investment banking services as follows:

> (a)  advised the Debtor in connection with a variety of financial matters, including a review of the Company's financial position and existing obligations, and a review and evaluation of possible strategic alternatives, liquidity alternatives and transactions; and

> (b)  advised the Debtor in the development of financial forecasts. Lazard evaluated the Debtors' financial forecasts throughout these chapter 11 cases. Lazard augmented the Debtors' financial models to help the Debtors evaluate different strategic and financial alternatives under a wide variety of scenarios; and

> (c)  advised management and the Board of Directors on strategic and financial planning matters in the period prior to and during the Chapter 11 filing, including the development of a financing, and M&A strategy that involved securing DIP financing, obtaining stalking horse bids for the Company's Servicing business and whole loan portfolio, as well as pursuing a sale of the Company's origination and technology assets in Chapter 11; and

> (d)  assisted in negotiations with the Debtors' creditors, as well as other parties-in-interest in these cases. Specifically, Lazard was a participant in long and complex negotiations with the Debtors' warehouse lenders. Lazard also presented the Debtors' asset sale plans to the Unsecured Creditors' Committee (the "Committee") and worked with the Committee to modify the terms of the planned transactions to obtain the Committee's support; and

> (e)  assisted in soliciting and negotiating the Debtors' DIP Facility. Namely, in April 2007, when the Debtors implemented a DIP facility led by Greenwich Capital. As part of this process, Lazard approached multiple potential lenders on the Debtors' behalf and advised the Debtors on negotiating the principal terms of the DIP Facility. Lazard also testified at the Court hearing regarding the DIP facility, although such testimony was ultimately not required; and

(f) Advised the Company and its Board of Directors on a range of alternatives in connection with its Limited Partnership ("LP") interest and General Partnership interest in Carrington Capital Management. In this capacity Lazard assisted the Company in negotiating a stand-still agreement with Carrington with respect to its LP interest.

## Sale Transactions

12.    Lazard advised the Debtors on the sale of certain whole loans and residual interests in mortgage securities. The Debtors announced a transaction with Greenwich Capital ("Greenwich") for $47 million in April 2007; Greenwich was declared the stalking horse bidder on these assets. Lazard then marketed these assets by approaching over 40 potential buyers. The Debtors held an auction in May 2007, in which seven bidders participated and Ellington Management Group ("Ellington") was declared the winner for a purchase price of $58 million. The sale to Ellington closed in May 2007.

13.    Lazard advised the Debtors on the sale of their mortgage servicing rights and platform. Prior to the Petition Date, Lazard and the Debtors engaged in discussions with eight potential purchasers of these assets. The Debtors announced a transaction with Carrington Capital Management ("Carrington") for $147 million in April 2007; Carrington was declared the stalking horse bidder on these assets. Lazard then marketed these assets by approaching over 40 potential buyers. The Debtors held an auction in May 2007, in which four bidder groups participated and Carrington was declared the winner for a purchase price of $184 million. The sale to Carrington closed in June 2007.

14.    Lazard advised the Debtors' on the sale of certain origination data and approached over 50 buyers on the Debtors' behalf. The Debtors announced transactions to sell the data to each of RMC and EquiFirst for $250,000 and to HSBC for proceeds of $150,000 ($650,000 in the aggregate) in June 2007. The sales closed in July 2007, December 2007 and August 2007, respectively. Additionally, in December 2007, the Debtors closed on the sale of certain brokerage and loan data to Goldman Sachs for proceeds of $250,000.

15.     Lazard advised the Debtors' on the sale of certain origination technology and approached over 50 potential acquirors on the Debtors behalf. The Debtors announced transactions to sell origination data to Barclays for proceeds of $7.80 million ($8.05 million total purchase price less $250,000 data purchase price paid in July 2007). The sale closed in August 2007.

## Standards for Allowance of Compensation

16.     Section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, for the payment of:

        (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

        (b) reimbursement for actual, necessary expenses

17.     To grant a request for compensation pursuant to section 330 of the Bankruptcy Code, a court must find that such request is reasonable. The reasonableness of a compensation request is determined by taking into account the nature, extent and value of the services provided by the professional and the cost of comparable services in nonbankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994).

18.     In the Retention Order, this Court found the terms of Lazard's engagement and retention to be reasonable. The compensation requested in this application reflects the application of the standards set forth in the Order and, consequently, is reasonable.

## Standards for Allowance of Expenses

19.     Sections 330(a)(1)(B) and 503(b)(4) of the Bankruptcy Code permit reimbursement for actual, necessary expenses. See Zolfo Cooper, 50 F.3d at 258; White Motor, 50 B.R. at 891-92. Accordingly, those Expenses for which reimbursement is sought in this Application satisfy the standards set forth in section 330(a)(1)(B) of the Bankruptcy Code and the Guidelines.

**CONCLUSION**

20.    In accordance with the applicable factors enumerated in the Bankruptcy Code, it is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

21.    **WHEREFORE**, Lazard respectfully requests (i) allowance of compensation for professional services rendered during the Final Application Period in the amount of **$6,435,000.00** and reimbursement for actual and necessary expenses Lazard incurred during the Final Application Period in the amount of **$72,150.83** for a total of **$6,507,150.83** (and a net amount of $887,000.00, reflecting deductions for amounts paid to date); (ii) that the allowance of such expenses incurred be without prejudice to Lazard's right to seek such further compensation for the full value of services performed; and (iii) that the Court grant Lazard such other and further relief as is just.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## FEE SUMMARY

| | |
|---|---:|
| **Sale Transaction Fees:** | |
| Servicing Operations and LNFA/Residuals | $6,000,000.00 |
| Origination Data | 25,000.00 |
| Data and Technology | 397,500.00 |
| Broker and Loan Data | 12,500.00 |
| **Total Sale Transaction Fees** | **$6,435,000.00** |
| | |
| **Monthly Advisory Fees:** | |
| April 2, 2007 - April 30, 2007 | $200,000.00 |
| May 1, 2007 - May 31, 2007 | 200,000.00 |
| June 1, 2007 - June 30, 2007 | 200,000.00 |
| July 1, 2007 - July 31, 2007 | 200,000.00 |
| August 1, 2007 - August 31, 2007 | 200,000.00 |
| Less: Applicable credits | (1,000,000.00) |
| **Net Monthly Advisory Fees** | **$0.00** |
| | |
| Plus: Out-of-Pocket Expenses Requested | **$72,150.83** |
| | |
| Less: Amounts Already Paid | **($5,620,150.83)** |
| | |
| **TOTAL FEES REQUESTED** | **$887,000.00** |

Dated:     May 15, 2008
           New York, New York

LAZARD FRÈRES & CO. LLC

/s/ *Evan Geller*
Evan Geller
Vice President
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020
(212/632-6000)
Financial Advisor for the Debtors