# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 971 CAMPBELL CIRCLE, WOODLAND, CA 95776**

*(relates to Docket No. 6468)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 971 Campbell Circle, Woodland, CA 95776 (the "Motion") filed by Deutsche Bank National Trust Company On Behalf Of The Certificate Holders Morgan Stanley ABS Capital I Inc. Trust 2005-NC2 Mortgage Pass Through Certificates, Series 2005-Nc2 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 971 Campbell Circle, Woodland, CA 95776 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank National Trust Company On Behalf Of The Certificate Holders Morgan Stanley ABS Capital I Inc. Trust 2005-NC2 Mortgage Pass Through Certificates, Series 2005-Nc2*

*D&G Reference: 215013*

*Property Address: 971 Campbell Circle, Woodland, CA 95776*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 1504 HELIX STREET, SPRING VALLEY, CA 91977

*(relates to Docket No. 6469)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1504 Helix Street, Spring Valley, CA 91977 (the "Motion") filed by Deutsche Bank National Trust Company on Behalf of The Certificate Holders GSAMP Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-He3 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1504 Helix Street, Spring Valley, CA 91977 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank National Trust Company on Behalf of The Certificate Holders GSAMP Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-He3.*

*D&G Reference: 215018*
*Property Address: 1504 Helix Street, Spring Valley, CA 91977*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, <u>et seq.</u> |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 7821 RIVER MIST AVE BAKERSFIELD, CA 93313

*(relates to Docket No. 6470)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 7821 River Mist Ave Bakersfield, CA 93313 (the "Motion") filed by Deutsche Bank National Trust Company, on Behalf of The Morgan Stanley ABS Capital I Inc. Trust 2007-HE3 Mortgage Pass-Through Certificates, Series 2007-HE3 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 7821 River Mist Ave Bakersfield, CA 93313 (the "Property") under applicable non-bankruptcy law; it is hereby

---

*Movant: Deutsche Bank National Trust Company, on Behalf of The Morgan Stanley ABS Capital I Inc. Trust 2007-HE3, Mortgage Pass-Through Certificates, Series 2007-HE3*

*D&G Reference: 215020*
*Property Address: 7821 River Mist Ave Bakersfield, CA 93313*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
         Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

    Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 4027 ABBEY TERRACE 101, FREMONT, CA 94536
*(relates to Docket No. 6471)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 4027 Abbey Terrace 101,

Fremont, CA 94536 (the "Motion") filed by Deutsche Bank National Trust Company as Trustee

For Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificate,

Series 2006-HE7 ("Movant"), and any response thereto; the Court having determined that (A)

the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 4027 Abbey Terrace 101, Fremont, CA 94536 (the

"Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank National Trust Company as Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificate, Series 2006-HE7*

*D&G Reference: 215029*
*Property Address: 4027 Abbey Terrace 101, Fremont, CA 94536*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 31689 CANYON ESTATES DRIVE, LAKE ELSINORE, CA 92532**
*(relates to Docket No. 6472)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 31689 Canyon Estates

Drive, Lake Elsinore, CA 92532 (the "Motion") filed by Deutsche Bank National Trust

Company as Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-

Through Certificates, Series 2006-HE7 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 31689 Canyon Estates Drive, Lake

Elsinore, CA 92532 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
       Wilmington, Delaware                      UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 17440 LANGTON WAY, HAYWARD, CA 94541
*(relates to Docket No. 6473)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 17440 Langton Way, Hayward, CA 94541 (the "Motion") filed by Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 17440 Langton Way, Hayward, CA 94541 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7*
*D&G Reference: 215034*
*Property Address: 17440 Langton Way, Hayward, CA 94541*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware             UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 |
| | Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 10902 SNOWCREEK FALLS AVENUE, BAKERSFIELD, CA 93312**
*(relates to Docket No. 6474)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 10902 Snowcreek Falls Avenue, Bakersfield, CA 93312 (the "Motion") filed by Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 10902 Snowcreek Falls Avenue, Bakersfield, CA 93312 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 104 PROSPECT STREET, ANSONIA, CT 06401**
*(relates to Docket No. 6475)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 104 Prospect Street, Ansonia, CT 06401 (the "Motion") filed by Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 104 Prospect Street, Ansonia, CT 06401 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7*
*D&G Reference: 215036*
*Property Address: 104 Prospect Street, Ansonia, CT 06401*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 24868 CHIPPENDALE STREET, MORENO VALLEY, CA 92553**
*(relates to Docket No. 6476)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 24868 Chippendale Street,

Moreno Valley, CA 92553 (the "Motion") filed by Deutsche Bank National Trust Company, On

Behalf of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through

Certificates, Series 2007-NC1   ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 24868 Chippendale Street, Moreno

Valley, CA 92553 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Deutsche Bank National Trust Company, On Behalf of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1*
*D&G Reference: 215054*
*Property Address: 24868 Chippendale Street, Moreno Valley, CA 92553*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____     _____
      Wilmington, Delaware                UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>           Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 277 SPENCER AVENUE UNIT 134A, UPLAND, CA 91786**
*(relates to Docket No. 6477)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 277 Spencer Avenue unit

134A, Upland, CA 91786 (the "Motion") filed by Deutsche Bank National Trust Company As

Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through

Certificates, Series 2006-NC5 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 277 Spencer Avenue unit 134A, Upland,

CA 91786 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.** All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 2065 SUNBURST DR., PERRIS, CA 92571**
*(relates to Docket No. 6478)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2065 Sunburst Dr., Perris, CA 92571 (the "Motion") filed by Deutsche Bank National Trust Company As Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006-NC5 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2065 Sunburst Dr., Perris, CA 92571 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank National Trust Company As Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006-NC5*
*D&G Reference: 215056*
*Property Address: 2065 Sunburst Dr., Perris, CA 92571*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____        _____
         Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 6421 GRATTAN WAY, NORTH HIGHLANDS, CA 95660
*(relates to Docket No. 6479)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 6421 Grattan Way, North

Highlands, CA 95660 (the "Motion") filed by Deutsche Bank National Trust Company As

Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through

Certificates, Series 2006-NC5 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 6421 Grattan Way, North Highlands,

CA 95660 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Deutsche Bank National Trust Company As Trustee For Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006-NC5*
*D&G Reference: 215057*
*Property Address: 6421 Grattan Way, North Highlands, CA 95660*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____       _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 9947 CEDARDALE DR, SANTA FE SPRINGS, CA 90670**
*(relates to Docket No. 6479)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 9947 Cedardale Dr, Santa

Fe Springs, CA 90670 (the "Motion") filed by Deutsche Bank National Trust Company As

Trustee For the Holders Of  New Century Home Equity Loan Trust, Series 2005-A, Asset

Backed Pass-Through Certificates ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 9947 Cedardale Dr, Santa Fe Springs,

CA 90670 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 8444 FARMERS LANE, BAKERSFIELD, CA 93307
*(relates to Docket No. 6481)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 8444 Farmers Lane, Bakersfield, CA 93307 (the "Motion") filed by Deutsche Bank National Trust Company As Trustee For the Holders Of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 8444 Farmers Lane, Bakersfield, CA 93307 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 14328 MAGNOLIA BOULEVARD #4, LOS ANGELES, CA 91423**
*(relates to Docket No. 6482)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 14328 Magnolia

Boulevard #4, Los Angeles, CA 91423 (the "Motion") filed by Deutsche Bank National Trust

Company as Trustee For the Holders of New Century Home Equity Loan Trust, Series 2005-A,

Asset Backed Pass-Through Certificates ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 14328 Magnolia Boulevard #4, Los

Angeles, CA 91423 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Deutsche Bank National Trust Company as Trustee For the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through
Certificates*
*D&G Reference: 215060*
*Property Address: 14328 Magnolia Boulevard #4, Los Angeles, CA 91423*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 2071 JOAN DRIVE, SAN LEANDRO, CA 94578
*(relates to Docket No. 6483)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2071 Joan Drive, San Leandro, CA 94578 (the "Motion") filed by Deutsche Bank National Trust Company, On Behalf Of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2071 Joan Drive, San Leandro, CA 94578 (the "Property") under applicable non-bankruptcy law; it is hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank National Trust Company, On Behalf Of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1*
*D&G Reference: 215061*
*Property Address: 2071 Joan Drive, San Leandro, CA 94578*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

              Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 4548 WILLARD STREET, BAKERSFIELD, CA 93314**
*(relates to Docket No. 6484)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 4548 Willard Street,

Bakersfield, CA 93314 (the "Motion") filed by Countrywide Home Loans, Inc. ("Movant"), and

any response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

4548 Willard Street, Bakersfield, CA 93314 (the "Property") under applicable non-bankruptcy

law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____       _____
          Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 25132 CAMINO DEL MAR UNIT 1, LAGUNA NIGUEL, CA 92677
### *(relates to Docket No. 6485)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 25132 Camino Del Mar Unit 1, Laguna Niguel, CA 92677 (the "Motion") filed by Deutsche Bank National Trust Company, on Behalf Of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 25132 Camino Del Mar Unit 1, Laguna Niguel, CA 92677 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 167 WHITTIER STREET, SAN FRANCISCO, CA 94112**
*(relates to Docket No. 6486)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 167 Whittier Street, San

Francisco, CA 94112 (the "Motion") filed by Deutsche Bank National Trust Company, On

Behalf Of Morgan Stanley ABS Capital I Inc. Trust 2007-NC1, Mortgage Pass-Through

Certificates, Series 2007-NC1 ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 167 Whittier Street, San Francisco, CA

94112 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 409 HARWOOD CIRCLE, EULESS, TX 76039
*(relates to Docket No.6509)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 409 Harwood Circle,

Euless, TX 76039 (the "Motion") filed by LaSalle Bank National Association, as Trustee and

Custodian for Merrill Lynch Mortgage Investors, Inc. 2006-RM3 by: Saxon Mortgage Services,

Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined

that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28

U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is

adequate under the circumstances; and the Court having further determined that cause exists to

grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 409 Harwood Circle, Euless, TX 76039 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.** All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: LaSalle Bank National Association, as Trustee and Custodian for Merrill Lynch Mortgage Investors, Inc. 2006-RM3 by: Saxon Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 215174*
*Property Address: 409 Harwood Circle, Euless, TX 76039*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 127 PINEHURST DR, NEW ORLEANS, LA 70131**
*(relates to Docket No. 6510)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 127 Pinehurst Dr, New

Orleans, LA 70131 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-

NC2 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-

in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D)

service to the limited parties stated on the Certificate of Service is adequate under the

circumstances; and the Court having further determined that cause exists to grant Movant relief

from the automatic stay with respect to Movant's exercise of any rights and remedies against the

real property located at 127 Pinehurst Dr, New Orleans, LA 70131 (the "Property") under

applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by:
Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact
D&G Reference: 215198
Property Address: 127 Pinehurst Dr, New Orleans, LA 70131*

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., et al.,<br><br>         Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq. |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 3250 NW 106TH AVENUE, SUNRISE, FL 33351**
*(relates to Docket No. 6511)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 3250 NW 106th Avenue, Sunrise, FL 33351 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 3250 NW 106th Avenue, Sunrise, FL 33351 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC2 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 215200*
*Property Address: 3250 NW 106th Avenue, Sunrise, FL 33351*

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

ORDERED, that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

ORDERED, that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

ORDERED, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 26 MONROVIA STREET, SPRINGFIELD, MA 01104
*(relates to Docket No. 6512)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 26 Monrovia Street, Springfield, MA 01104 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2007-HE1 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 26 Monrovia Street, Springfield, MA 01104 (the "Property") under applicable non-bankruptcy law; it is hereby

*Movant: Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for IXIS 2007-HE1 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact*
*D&G Reference: 215204*
*Property Address: 26 Monrovia Street, Springfield, MA 01104*

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

ORDERED, that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

ORDERED, that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

ORDERED, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____           _____
         Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 1436 W GLASGOW CT, BLOOMINGTON, IN 47403
*(relates to Docket No. 6513)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1436 W Glasgow Ct, Bloomington, IN 47403 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1436 W Glasgow Ct, Bloomington, IN 47403 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact*
*D&G Reference: 215218*
*Property Address: 1436 W Glasgow Ct, Bloomington, IN 47403*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

              Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 2429 NORTH SILVER MOSAIC DRIVE, TUCSON, CA 85745
*(relates to Docket No. 6514)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 2429 North Silver Mosaic Drive, Tucson, CA 85745 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 2429 North Silver Mosaic Drive, Tucson, CA 85745 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 2216 MEADOW GREEN AVENUE, NORTH LAS VEGAS, NV 89031**
*(relates to Docket No. 6515)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 2216 Meadow Green

Avenue, North Las Vegas, NV 89031 (the "Motion") filed by Mortgage Electronic Registration

Systems ("Movant"), and any response thereto; the Court having determined that (A) the Court

has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 2216 Meadow Green Avenue, North Las Vegas,

NV 89031 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Mortgage Electronic Registration Systems*
*D&G Reference: 215223*
*Property Address: 2216 Meadow Green Avenue, North Las Vegas, NV 89031*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____        _____
        Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 3403 SOUTH 58TH AVENUE, CICERO, IL 60804**
*(relates to Docket No. 6516)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 3403 South 58th Avenue, Cicero, IL 60804 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 3403 South 58th Avenue, Cicero, IL 60804 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact*
*D&G Reference: 215225*
*Property Address: 3403 South 58th Avenue, Cicero, IL 60804*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
        Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 1328 W. 23RD ST # C, HOUSTON, TX 77008**
*(relates to Docket No. 6517)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 1328 W. 23rd St # C, Houston, TX 77008 (the "Motion") filed by Mortgage Electronic Registration Systems ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1328 W. 23rd St # C, Houston, TX 77008 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____

     Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 755 LAKEHAVEN DR, SUNNYVALE, CA 94085
*(relates to Docket No. 6518)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 755 Lakehaven Dr, Sunnyvale, CA 94085 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 755 Lakehaven Dr, Sunnyvale, CA 94085 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 925 INTERVALE DR, GARLAND, TX 75043**
*(relates to Docket No. 6519)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 925 Intervale Dr, Garland,

TX 75043 (the "Motion") filed by Saxon Mortgage Services, Inc. ("Movant"), and any response

thereto; the Court having determined that (A) the Court has jurisdiction over the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited

parties stated on the Certificate of Service is adequate under the circumstances; and the Court

having further determined that cause exists to grant Movant relief from the automatic stay with

respect to Movant's exercise of any rights and remedies against the real property located at 925

Intervale Dr, Garland, TX 75043 (the "Property") under applicable non-bankruptcy law; it is

hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Saxon Mortgage Services, Inc.*
*D&G Reference: 215236*
*Property Address: 925 Intervale Dr, Garland, TX 75043*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
         Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11 Case No. 07-10416-KJC, et seq. |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 594 ALEXIS CIRCLE, DALY CITY, CA 94014
*(relates to Docket No. 6520)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 594 Alexis Circle, Daly City, CA 94014 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 594 Alexis Circle, Daly City, CA 94014 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact*
*D&G Reference: 215237*
*Property Address: 594 Alexis Circle, Daly City, CA 94014*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
     Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Debtors.

Chapter 11
Case No. 07-10416-KJC, et seq.

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 1406 MICHAEL PLACE 114 M, BAYSIDE, NY 11360**
*(relates to Docket No. 6521)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1406 Michael Place 114

M, Bayside, NY 11360 (the "Motion") filed by Saxon Mortgage Services, Inc. ("Movant"), and

any response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

1406 Michael Place 114 M, Bayside, NY 11360 (the "Property") under applicable non-

bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Saxon Mortgage Services, Inc.*
*D&G Reference: 215239*
*Property Address: 1406 Michael Place 114 M, Bayside, NY 11360*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
       Wilmington, Delaware        UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 37 DORMAN AVE, LAWRENCEBURG, IN 47025**
*(relates to Docket No. 6522)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 37 Dorman Ave, Lawrenceburg, IN 47025 (the "Motion") filed by Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 37 Dorman Ave, Lawrenceburg, IN 47025 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Deutsche Bank Trust Company Americas, as Trustee and Custodian for HSBC Bank USA, NA ACE 2006-NC1 by: Saxon Mortgage Services Inc. as its attorney-in-fact*
*D&G Reference: 215245*
*Property Address: 37 Dorman Ave, Lawrenceburg, IN 47025*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____       _____
      Wilmington, Delaware       UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS,<br>INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416-KJC, <u>et seq.</u> |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
<u>AT 71A SOMERS STREET, BROOKLYN, NY 11233</u>**
*(relates to Docket No. 6523)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 71A Somers Street,

Brooklyn, NY 11233 (the "Motion") filed by Saxon Mortgage Services, Inc. ("Movant"), and

any response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

71A Somers Street, Brooklyn, NY 11233 (the "Property") under applicable non-bankruptcy law;

it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Saxon Mortgage Services, Inc.*
*D&G Reference: 215247*
*Property Address: 71A Somers Street, Brooklyn, NY 11233*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____

       Wilmington, Delaware           _____

                                  UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Case No. 07-10416-KJC, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE
BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 15123 LANCE CIRCLE, HOUSTON, TX 77053**
*(relates to Docket No. 6524)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 15123 Lance Circle,

Houston, TX 77053 (the "Motion") filed by Deutsche Bank Trust Company Americas formerly

known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley ABS Capital I

Inc., MSAC 2007-NC4 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services,

Inc. as its attorney-in-fact ("Movant"), and any response thereto; the Court having determined

that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28

U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is

adequate under the circumstances; and the Court having further determined that cause exists to

grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 15123 Lance Circle, Houston, TX 77053 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____        _____
          Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-