Form 210A (10/06)

# United States Bankruptcy Court
### District Of Delaware

In re New Century Mortgage Corporation, et al.,   Case No. 07-10416 (KJC)
*Chapter 11*, Jointly Administered

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Fulcrum Tower I, LP** | **Western Capital Mortgage** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Name and Current Address of Transferor:

Fulcrum Tower I, LP
The Littlefield Building
106 East 6th Street, Suite 900
Austin, Texas 78701
Attn: General Counsel
Tel: (512) 322-5374
Fax: (512) 322-5301

Western Capital Mortgage
1063 McGaw Avenue, Suite 200
Irvine, CA 92614
Attn: Aaron Leffler
Tel: 714-780-3910

Amount of Claim: $538,893.59**
Claim No. 985 (See Exhibit C)
Date Claim Filed: July 9, 2007

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   /s/ Matthew W. Hamilton                     Date:   May 16, 2008
        Transferee/Transferee's Agent

**See Evidence of Transfer, attached as Exhibit A hereto, and Schedule of Transferred Claims, attached as Exhibit B hereto, for complete description of amount and nature of claims assigned**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EXHIBIT A
## EVIDENCE OF TRANSFER

TO: THE DEBTOR AND THE BANKRUPTCY COURT

Western Capital Mortgage, with an address at 1063 McGaw Avenue, Suite 200, Irvine, CA 92614 ("Seller") transfers unto Fulcrum Tower I, LP, its successors and assigns ("Buyer"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases[1], of even date herewith (the "Agreement"), all of its right, title and interest in and to the claims, identified on the attached Schedule (the "Claims"), against New Century Mortgage Corporation (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under In re New Century TRS Holdings, Inc., et al., Chapter 11 Case No. 07-10416 (KJC).

Seller hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the foregoing Claims and recognizing the Buyer as the sole owner and holder of the Claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the Seller and the Buyer have caused this Evidence of Transfer to be duly executed as of April 7, 2008.

**SELLER:**

WESTERN CAPITAL MORTGAGE

By: _____
Name: Aaron M. Leffler
Title: President

---

[1] Capitalized terms not otherwise defined herein, have those meaning ascribed to such terms in the Agreement.

A-1

# EXHIBIT B
## SCHEDULE OF TRANSFERRED CLAIMS

| **Transferor Name** | **Transferee Name** | **Proof of Claim Number** | **Proof of Claim Amount** | **Schedule F Amount** | ***Allowed Amount** |
|---|---|---|---|---|---|
| Western Capital Mortgage Corporation | Fulcrum Tower I, LP | 985 | $538,893.59 | $41,390.55 | $93,500.00 |

*Subject to allowance per Debtor's 18th Omnibus Objection to claims.

**EXHIBIT C**
PROOF(S) OF CLAIM TRANSFERRED

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
NEW CENTURY TRS HOLDINGS, INC., A DELAWARE CORPORATION, ET AL.
NEW CENTURY CLAIMS PROCESSING
C/O XROADS CASE MANAGEMENT SERVICES
1821 EAST DYER ROAD, SUITE 225
SANTA ANA, CA 92705
T: (888) 784-9571

**PROOF OF CLAIM**   #985

| In Re: | Chapter 11 Case No. 07-10416 (KJC) |
| New Century TRS Holdings, Inc., a Delaware corporation, et al. | (Jointly Administered) |
| Name of Debtor | Case Numbers |

Name of Creditor (The person or other entity to whom the debtor owes money or property)
Western Capital Mortgage

Name and Address Where Notices Should be Sent:   3138832

Western Capital Mortgage
500 N State College
Ste 1470
Orange CA 92868

Telephone No: (714) 780-3900

THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

CHECK HERE IF THIS CLAIM:
☐ REPLACES   ☐ AMENDS   a previously filed claim, dated _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other  LOANS SOLD

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)   (date)

**2. DATE DEBT WAS INCURRED:** 1-5-07

**3. IF COURT JUDGMENT, DATE OBTAINED:** No

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
Amount of arrearage and other charges at time case was filed included in secured claim above, if any:
$_____
**Unsecured Nonpriority Claim** $ 538,893.59
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
   Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:** $ 538,893.59 + $ — + $ — = $ 538,893.59
(Unsecured Nonpriority)   (Secured)   (Unsecured Priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below. (Complete box 6 if applicable.)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. SUPPORTING DOCUMENTS:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY



RECEIVED JUL 17 2007 XRoads Claims Management Services

DATE: 7-9-07
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
AARON LEFFLER, PRES.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0710416070515172205104716



July 10, 2007

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295

    *Re: Western Capital Mortgage*
    *[New Century Mortgage Corporation*
    */BK Case Nos. 07-10416 and/or 07-10419]*

Dear Sir or Madam:

    Enclosed is the completed and executed "Proof of Claim" form received in our office on or about July 5, 2007 for Case No. 07-10416. Please be advised that on or about April 9, 2007 Western Capital Mortgage filed a claim in BK Case No. 07-10419. Enclosed is a copy of that filing received in your office on or about April 13, 2007 with related attachments.

    It is the desire of Western Capital Mortgage to ensure that its claim is properly filed against the appropriate New Century entity. Without knowing the "inter-workings" of New Century's corporate structure, it is difficult to determine for a certainty which would be most appropriate. As such, in an abundance of caution, we submit this claim under Case No. 07-10416, which is pre-printed on the claim form in addition to the claim previously filed under Case No. 07-1010419.

    If there are any issues that need to be further addresses, please contact me directly at (714) 780-3935.

Sincerely,

Dale A. Martin
General Counsel

enclosures

---

500 N. State College Blvd.    Suite 1470    Orange, CA 92868    Tel: (714) 780-3900    Fax: (714) 780-3901



VIA OVERNIGHT MAIL
April 9, 2007

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295

*Re: Western Capital Mortgage*
*[New Century Mortgage Corporation/BK Case No. 07-10419]*

Dear Sir or Madam:

Enclosed is the original executed claim form submitted on behalf of Western Capital Mortgage ("WCM"). In essence, the claim concerns four (4) different structured loan sale transactions (see attached schedule "A").

The <u>first</u> loan sale transaction involved loans totaling $6,008,770.00, which occurred on January 5, 2007. New Century Mortgage Corporation ("NCM") agreed to pay a bulk premium purchase price of 102.75 for the entire loan portfolio. Instead, NCM failed to honor its commitment price by paying only 101.90 for $4,374,870.00 of the loans (first group) and varying prices for the remaining $1,633,900.00 in loans [Jones, Oliver, Doktor, Luna, and Moore], (the second group). As a result, WCM lost $37,186.39 on the sale of the first group and $40,585.05 on the sale of the second group. WCM's total loss on this January 5 bulk sale was $77,771.44.

The <u>second</u> loan sale transaction occurred on January 7, 2007, and involved only one (1) loan in the amount of $1,096,500.00 [Couch Loan]. NCM agreed to purchase this loan for a premium of 101.85, but instead purchased it for 100.1. A price differential of 1.75 basis points, which resulted in a loss of $19,188.75.

The <u>third</u> loan sale transaction pertained to a volume incentive premium offered by NCM under its "Correspondent Savings Volume Incentive Program" (see agreement attached as schedule "B"). This sale took place on or about December 6, 2006 through January 7, 2007. WCM was never paid and is now due the sum of $37,869.00 for funding in excess of $2 Million as specified under the agreement.

**New Century Mortgage Corporation**
**April 9, 2007**
**Page 2**

    The <u>fourth</u> loan sale transaction pertained to various loans with committed purchase prices ranging from 100 to 103.5. These loans were never purchased despite NCM's commitment to do so and, therefore, WCM was forced to sell the loans at a substantial discount, which resulted in a loss to WCM in the amount of $366,878.00.

    The total loss sustained by WCM from the actions of NCM is $538,893.59. If additional information is needed, you may contact me directly at (714) 780-3935. Also, please be sure to place WCM on the creditor's list to receive any future notices concerning the bankruptcy.

Respectfully submitted,

Dale A. Martin
General Counsel


enclosures



VIA OVERNIGHT MAIL
May 25, 2007

New Century Claims Processing
c/o XRoads Case Management Services
P.O. Box 8901
Marina Del Rey, CA 90295

    *Re: Western Capital Mortgage*
    *[New Century Mortgage Corporation/BK Case No. 07-10419]*

Dear Sir or Madam:

    Enclosed is a form "Correspondent Savings Volume Incentive Agreement", which was inadvertently not included with the original claim submitted by Western Capital Mortgage ("WCM") April 9, 2007 and received by your office on April 13, 2007. This agreement supports WCM's position that New Century failed to honor the agreed loan purchase price in accordance with the volume incentive plan. Please ensure that the Agreement is included in WCM's claim file.

    If anything else is needed, please contact me directly at (714) 780-3935.

Respectfully submitted,

Dale A. Martin
General Counsel

enclosures



**Correspondent Savings Volume Incentive Agreement**

### The Program
For your company's efficiencies, loyalty, and consistent loan production, and in recognition of the value of the services you are providing to borrowers, New Century Mortgage Corporation is pleased to offer your company the opportunity to participate in our Correspondent Savings Volume Incentive program.

### Volume Incentive Payout
The monthly incentive payout will be paid retroactive on or about the 20th of each month for loan production purchased during the immediately preceding calendar month. The incentive will be paid on New Century Mortgage Corporation's purchased loan volume of non-prime mortgage loans eligible for the incentive according to the plan below.

### Eligible Volume (for determining qualification)
You will qualify to participate in the Correspondent Savings Volume Incentive program if New Century Mortgage Corporation purchases non-prime mortgage loans from you for any given month.

### Eligible Loan Programs (for calculating incentive)
If you qualify, you will be entitled to receive a volume incentive payout based on your sale to New Century Mortgage Corporation of non-prime mortgage loans. The 10-year Interest Only product is excluded from payout. All other Interest Only non-prime programs are eligible.

### Incentive Percentage (basis points)
The incentive amount will be determined by the following characteristics and subject to the restrictions referenced above in "Eligible Loan Programs":

*Total Purchased Loan Volume $0 to less than $1 million*

| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 50 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 50 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 15 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 0 basis points (bps) payout on eligible volume |

*Total Purchased Loan Volume $1 million to less than $2 million*

| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 75 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 75 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 40 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 25 basis points (bps) payout on eligible volume |

*Total Purchased Loan Volume >=$2 million*

| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 100 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 100 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 65 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 50 basis points (bps) payout on eligible volume |

*Payout Incentive Adjustment (calculated on a loan by loan basis)*
1.5 basis point reduction in incentive for every 1 basis point of rate deviation below rate sheet*

*Rate sheet is determined based on the published rate sheet on the date the loan is approved by New Century so long as the Correspondent funds the loan within 30 days of approval. For loans that fund more than 30 days after approval, the current rate sheet at time loan is funded will be used.

*Payout Incentive and Rebate (calculated on a loan by loan basis)*
The combination of Rebate and Volume Incentive cannot exceed 300 basis points (3.00%) on loans that carry a prepayment penalty term ≥ 2 years and Texas A6/Cashout Loans, 250 basis points (2.50%) on loans that carry a prepayment penalty term of 1 year, and 200 basis points (2.00%) on loans without a prepayment penalty term.

### Other Terms
This document will serve as an amendment to the correspondent agreement between New Century Mortgage Corporation and your company. New Century Mortgage Corporation reserves the right to modify or terminate this amendment in its sole discretion at any time. Except as expressly modified by this agreement, all terms of the correspondent agreement shall remain in full force and effect. Correspondent agrees to preserve the confidentiality of the terms of this amendment and of the Correspondent Savings Volume Incentive program and not to disclose the terms to any third party except to the Correspondent's auditors or attorneys, or unless required by applicable law.

| CORRESPONDENT | NEW CENTURY MORTGAGE CORPORATION |
|---|---|
| Company Name: _Western Capital Mortgage_ | Signature: _____ |
| Signature: _[signed]_ | Date: _____ |
| Date: _1/29/07_ | Printed Name: _____ |
| Printed Name: _Aaron Leffler_ | Title: _____ |
| Title: _President_ | AE Name: _____ |
| Email Address: _ALeffler@Wcloan.com_ | Broker#: _____ |

Effective date 2/1/07 Version 4.5

**COPY**

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT — DISTRICT OF **DELAWARE** | PROOF OF CLAIM |
|---|---|

| Name of Debtor: New Century Mortgage Corporation | Case Number: 07-10419 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Western Capital Mortgage**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Aaron Leffler, President
500 N. State College Blvd., Suite 1470
Orange, CA 92868
Telephone number: (714) 780-3900

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 62913

Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☑ Other **LOANS SOLD**
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:_____
  Unpaid compensation for services performed
  From _____ to _____
  (date)        (date)

**2. Date debt was incurred:** 01/05/2007

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ **538,893.59**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate    ☐ Other _____
- ☐ Motor Vehicle

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ **538,893.59** _____ _____ **538,893.59**
(unsecured)        (secured)        (priority)        (total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**Received**
**APR 13 2007**
**Kurtzman Carson**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 04/09/2007 | Aaron M. Leffler, President   /s/ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Western Capital Claim for
Trading Recievables against
New Century

| Date | Original Bulk Amt | Bulk#010507 | NC Commit Price | NC Buy Price | Price differential | Cash differential |
|---|---|---|---|---|---|---|
| 1/5/2007 | $6,008,770 | $4,374,870.00 | 102.75 | 101.9 | 0.85 | $37,186.39 |

*1st Sale*

The following loans are part of our bulk #010507 and are incorrectly paid:

| | Loan Amt | NC Commit Price | NC Buy Price | Price differential | Cash differential |
|---|---|---|---|---|---|
| Jones #2733084 | $497,700.00 | 102.75 | 99.2 | 3.55 | $17,668.35 |
| Oliver #2732451 | $291,200.00 | 102.75 | 99.9 | 2.85 | $8,299.20 |
| Doktor #2731787 | $250,000.00 | 102.75 | 100.9 | 1.85 | $4,625.00 |
| Luna #2732569 | $315,000.00 | 102.75 | 100.6 | 2.15 | $6,772.50 |
| Moore #2729379 | $280,000.00 | 102.75 | 101.6 | 1.15 | $3,220.00 |
| | $1,633,900.00 | | | | $40,585.05 |

| Bulk - GOS: | $6,008,770.00 | | | | $77,771.44 |
|---|---|---|---|---|---|

Jan-07   Flow loan and incorrectly priced:

*2nd Sale*

| | Loan Amt | NC Commit Price | NC Buy Price | Price differential | Cash differential |
|---|---|---|---|---|---|
| Couch#2731736 | $1,096,500.00 | 101.85 | 100.1 | 1.75 | $19,188.75 |

| Flow - Gain On Sale: | | | | | $19,188.75 |
|---|---|---|---|---|---|

Dec-06 through Jan-07   VIP approved not yet been paid:

*3rd Sale*

| | Loan Amt | | | | |
|---|---|---|---|---|---|
| Couch #2731736 | $1,096,500.00 | **based on VIP flow agreement | | NC Commit Price | |
| Player #2731937 | $115,000.00 | | | | |
| Williams #2731684 | $153,000.00 | | | | |
| Nougues #2730697 | $261,000.00 | | | | |
| Perdmo #2731622 | $184,000.00 | | | | |
| Tyron #2730546 | $373,000.00 | | | | |
| Caruso #272097 | $209,650.00 | | | | |
| Eastwood #2732367 | $139,500.00 | | | | |
| Gonzalez #2731436 | $655,500.00 | | | | |
| Smoots #2729660 | $159,750.00 | | | | |
| Jackson #2732113 | $352,000.00 | | | | |
| Jackson #2732190 | $88,000.00 | | | | |
| VIP: ** | $3,786,900.00 | | | 101 | $37,869.00 |

Current Status   Loans approved not yet purchased:

*4th Sale*

| | Loan Amt | NC Commit Price | Scratch & Dent | Price differential | Cash differential |
|---|---|---|---|---|---|
| Cammock #2733057 | $297,000.00 | 103 | 90 | 13 | $38,610.00 |
| Davidson #2735529 | $500,000.00 | 102 | 90 | 12 | $60,000.00 |
| Davidson #2735530 | $125,000.00 | 100 | 90 | 10 | $12,500.00 |
| Eby #2733800 | $64,800.00 | 103 | 94 | 9 | $5,832.00 |
| Farquhar #2734203 | $236,000.00 | 102 | 90 | 12 | $28,320.00 |
| Farquhar #2735018 | $59,000.00 | 100 | 90 | 10 | $5,900.00 |
| Hunnicut #2734058 | $345,100.00 | 102 | 82.25 | 19.75 | $68,157.25 |
| Jackson #2735534 | $337,500.00 | 102 | 86.25 | 15.75 | $53,156.25 |
| Pierre #2733657 | $207,250.00 | 103 | 90 | 13 | $26,942.50 |
| Pierre #2733659 | $51,800.00 | 100 | 90 | 10 | $5,180.00 |
| Salazar #2728970 | $408,000.00 | 103.5 | 90 | 13.5 | $55,080.00 |
| Salazar #273329 | $72,000.00 | 100 | 90 | 10 | $7,200.00 |
| | $2,703,450.00 | | | | $366,878.00 |

| Grand Total (New Century owes WCM): | | | | | $538,893.59 |
|---|---|---|---|---|---|

SCHEDULE "A"



**Correspondent Savings Volume Incentive Agreement**

**The Program**

For your company's efficiencies, loyalty, and consistent loan production, and in recognition of the value of the services you are providing to borrowers, New Century Mortgage Corporation is pleased to offer your company the opportunity to participate in our Correspondent Savings Volume Incentive program.

**Volume Incentive Payout**

The monthly incentive payout will be paid retroactive on or about the 20th of each month for loan production purchased during the immediately preceding calendar month. The incentive will be paid on New Century Mortgage Corporation's purchased loan volume of non-prime mortgage loans eligible for the incentive according to the plan below.

**Eligible Volume (for determining qualification)**

You will qualify to participate in the Correspondent Savings Volume Incentive program if New Century Mortgage Corporation purchases non-prime mortgage loans from you for any given month.

**Eligible Loan Programs (for calculating incentive)**

If you qualify, you will be entitled to receive a volume incentive payout based on your sale to New Century Mortgage Corporation of non-prime mortgage loans. The 10-year Interest Only product is excluded from payout. All other Interest Only non-prime programs are eligible.

**Incentive Percentage (basis points)**

The incentive amount will be determined by the following characteristics and subject to the restrictions referenced above in "Eligible Loan Programs":

*Total Purchased Loan Volume $0 to less than $1 million*
| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 50 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 50 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 15 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 0 basis points (bps) payout on eligible volume |

*Total Purchased Loan Volume $1 million to less than $2 million*
| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 75 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 75 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 40 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 25 basis points (bps) payout on eligible volume |

*Total Purchased Loan Volume >=$2 million*
| | |
|---|---|
| Loans with ≥ 2 year prepayment penalty term | 100 basis points (bps) payout on eligible volume |
| All Illinois Loans & Texas A6/Cashout Loans | 100 basis points (bps) payout on eligible volume |
| Loans with 1 year prepayment penalty term | 65 basis points (bps) payout on eligible volume |
| Loans with 0 prepayment penalty term | 50 basis points (bps) payout on eligible volume |

*Payout Incentive Adjustment (calculated on a loan by loan basis)*
1.5 basis point reduction in incentive for every 1 basis point of rate deviation below rate sheet*

*Rate sheet is determined based on the published rate sheet on the date the loan is approved by New Century so long as the Correspondent funds the loan within 30 days of approval. For loans that fund more than 30 days after approval, the current rate sheet at time loan is funded will be used.

*Payout Incentive and Rebate (calculated on a loan by loan basis)*
The combination of Rebate and Volume Incentive cannot exceed 300 basis points (3.00%) on loans that carry a prepayment penalty term ≥ 2 years and Texas A6/Cashout Loans, 250 basis points (2.50%) on loans that carry a prepayment penalty term of 1 year, and 200 basis points (2.00%) on loans without a prepayment penalty term.

**Other Terms**

This document will serve as an amendment to the correspondent agreement between New Century Mortgage Corporation and your company. New Century Mortgage Corporation reserves the right to modify or terminate this amendment in its sole discretion at any time. Except as expressly modified by this agreement, all terms of the correspondent agreement shall remain in full force and effect. Correspondent agrees to preserve the confidentiality of the terms of this amendment and of the Correspondent Savings Volume Incentive program and not to disclose the terms to any third party except to the Correspondent's auditors or attorneys, or unless required by applicable law.

| CORRESPONDENT | NEW CENTURY MORTGAGE CORPORATION |
|---|---|
| Company Name: _Western Capital Mortgage_ | Signature: _____ |
| Signature: _[signed]_ | Date: _____ |
| Date: _1/29/07_ | Printed Name: _____ |
| Printed Name: _Aaron Leffler_ | Title: _____ |
| Title: _President_ | AE Name: _____ |
| Email Address: _ALeffler@Wcloan.com_ | Broker#: _____ |

Effective date 2/1/07 Version 4.5