# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.,*[1] | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. | **Objection Deadline: June 5, 2008** |

## NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | May 30, 2007 (effective April 9, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | December 1, 2007 through December 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $456,717.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $11,488.47 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

This is a ☒ monthly ☐ interim ☐ final application.

80% OF FEES FOR PERIOD 12/1/07-12/31/07:  $365,373.60 (Holdback: $91,343.40)

100% OF DISBURSEMENTS:                    $11,488.47

TOTAL DUE:                                $376,862.07

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $695.00 | 114.60 | $79,647.00 |
| Mark T. Power | Partner (1989) | $695.00 | 73.20 | $50,874.00 |
| John P. McCahey | Partner (1986) | $695.00 | 88.50 | $61,507.50 |
| Don D. Grubman | Partner (1979) | $625.00 | 10.70 | $6,687.50 |
| John P. Amato | Partner (1986) | $695.00 | 23.60 | $16,402.00 |
| Edward L. Schnitzer | Associate (2001) | $465.00 | 4.20 | $1,953.00 |
| Janine M. Cerbone | Associate (2003) | $400.00 | 118.20 | $47,280.00 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 12.30 | $3,997.50 |
| Huria Naviwala | Associate (2005) | $280.00 | 49.40 | $13,832.00 |
| Allison M. Croessmann | Associate (2006) | $280.00 | 22.60 | $6,328.00 |
| Emmet Keary | Associate (2007) | $280.00 | 5.10 | $1,428.00 |
| Greg P. Kochansky | Associate (2007) | $325.00 | 5.80 | $1,885.00 |
| Preetpal Grewal | Associate (2001) | $400.00 | 56.80 | $22,720.00 |
| Stephen J. Grable | Associate (2007) | $260.00 | 63.20 | $16,432.00 |

| James P. Laughlin | Special Counsel (1989) | $675.00 | 0.60 | $405.00 |
|---|---|---|---|---|
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 55.90 | $29,347.50 |
| Maria A. Arnott | Special Counsel (1989) | $550.00 | 51.30 | $28,215.00 |
| F. Michael Marhyan | Paralegal (N/A) | $220.00 | 75.80 | $16,676.00 |
| Dustin Millman | Paralegal (N/A) | $200.00 | 86.90 | $17,380.00 |
| Charmone Wright | Paralegal (N/A) | $200.00 | 168.60 | $33,720.00 |
| **Grand Totals:** | | | **1,087.30** | **$456,717.00** |
| **Blended Rate:** | | **$ 420.05** | | |
| **Blended Rate excluding Paraprofessionals:** | **$ 514.47** | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 19.30 | $4,388.50 |
| Creditors' Committee | 142.10 | $74,124.50 |
| Retentions | 1.10 | $415.00 |
| Executory Contracts/Leases | 125.30 | $60,820.50 |
| DIP/Investigation of Lien | 20.80 | $12,339.50 |
| Sale of Assets | 22.70 | $13,228.00 |
| Fees | 13.30 | $3,482.50 |
| Hahn & Hessen LLP Fees | 43.80 | $10,396.00 |
| Litigation | 42.20 | $26,481.50 |
| Plan and Disclosure Statement | 104.20 | $59,090.50 |
| Employee Issues | 38.80 | $19,854.00 |
| Claims Administration | 56.40 | $24,421.50 |
| Investigation of Company | 457.30 | $147,675.00 |
| **Total:** | **1,087.30** | **$456,717.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride, Inc. | $2,917.82 |
| Computer/Hard Drive Supplies | Insight | $843.10 |
| Courier Service | Deluxe Delivery Systems, Inc. | $6.89 |
| Travel | | $290.00 |
| Overnight Delivery | Federal Express, Inc. | $133.86 |
| Word Processing Overtime | | $39.00 |
| Duplicating [at 10¢ per page] | | $2,791.30 |
| Telecopy Pages [at $1.00 per page] | | $156.00 |
| VeloBind | | $33.00 |
| Long Distance Telephone Charges/ Telephone Conference Calls | American Express | $509.37 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | | $901.40 |
| Postage | | $36.35 |
| Lexis | Lexis-Nexis | $2,113.74 |
| Search Fees | Pacer Service Center | $716.64 |
| **Total:** | | **$ 11,488.47** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEW CENTURY HOLDINGS, INC.,
a Delaware corporation, *et al.*,

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
Jointly Administered

**Objection Deadline: June 5, 2008**

## NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP,
## FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
## FOR THE PERIOD DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

TO:   THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the

Court's approval of its request for its ninth monthly compensation and reimbursement of

expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee")

during the period of December 1, 2007 through December 31, 2007 (the "Compensation

Period"), and in support thereof respectfully represents:

1.      H&H makes this ninth monthly application for allowance of $376,862.07

for services provided to the Committee during the Compensation Period consisting of (i) fees in

the amount of $365,373.60, and (ii) out-of-pocket expenses in the amount of $11,488.47.

### Background

2.      On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' cases.

3.      On April 9, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wells Fargo Bank, N.A., as Trustee (Co-Chair), Fidelity National Information Services, Inc. (Co-Chair), Credit-Based Asset Servicing and Securitization LLC, Residential Funding Company, LLC, Credit Suisse First Boston Mortgage Capital LLC, Deutsche Bank National Trust Co., and Maguire Properties – Park Place, LLC.

4.      The Committee selected the firms of Hahn & Hessen LLP and Blank Rome LLP to act as its co-counsel in these cases and FTI Consulting as its financial advisor ("FTI").

5.      Pursuant to an order of this Court dated May  30, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of April 9, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New

York University, The Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mssrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise in the area of issues concerning counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Fee Order").

## Summary of H&H Services during the Compensation Period

8.      From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions, sales of major assets and adversary proceedings commenced during the first few months of the case. Applicant has devoted considerable time and attention at the inception of its retention in order to get up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of December 2007, H&H expended 1,087.30 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered

the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

## (a)    General Case Administration

9.     H&H expended 19.30 hours with respect to services under this category, for which total compensation amounts to $4,388.50. Applicant's services included review of the docket regarding status updates and critical dates, and calendaring of same; and download and review of recently filed pleadings, and responses and objections filed thereto. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets, case calendars and e-mail distribution lists.

## (b)    Creditors' Committee

10.     H&H expended 142.10 hours with respect to services under this category, for which total compensation amounts to $74,124.50. Under this category, Applicant devoted considerable time attending to issues including, but not limited to, Debtors' motions to maintain the Examiners report under seal, and to enforce the Automatic Stay against the IRS; asset sales related issues; examiner related issues; and issues relating to terms of Chapter 11 plan and plan term sheet. Additionally, Applicant spent time reviewing numerous lift stay motions and notices of miscellaneous asset sales. Applicant prepared for and participated in several meetings with the Creditors Committee and the Debtor. In addition, Applicant engaged in numerous conference calls to address many issues including, but not limited to, plan and sale related issues. Applicant also prepared for, attended and participated in omnibus hearings in Delaware; and attended Chambers conferences with Judge Carey, Debtors' counsel and UST regarding issues

concerning the Examiner and fees. Applicant prepared numerous memos and e-mails to the Committee updating them on developments in the case.

**(c)**     **Retentions**

11.    H&H expended 1.10 hours with respect to services under this category, for which total compensation amounts to $415.00. Applicant spent time reviewing a motion to expand the scope of retention and an amended affidavit; as well as notices and affidavits regarding same for various ordinary course professionals.

**(d)**     **Executory Contracts/Leases**

12.    H&H expended 125.30 hours with respect to services under this category, for which total compensation amounts to $60,820.50. Under this category, Applicant devoted considerable time attending to issues relating to Deutsche Bank's cure claim and reviewing various documents regarding same. Applicant spent considerable time drafting, reviewing, revising and finalizing a responsive letter to Nixon Peabody regarding DB's cure claim and reviewing and analyzing pre 4/2/07 bankruptcy fees. Applicant spent time preparing for and participating in a meeting with Debtors' counsel, Deutsche Bank's counsel and Nixon Peabody regarding DBNT's cure claim litigation.

**(e)**     **DIP/Investigation of Lien**

13.    H&H expended 20.80 hours with respect to services under this category, for which total compensation amounts to $12,339.50. Under this category, Applicant devoted considerable time attending to adequate protection related issues, including negotiations and

settlements. Additionally, Applicant attended various meetings and participated in conference calls with adequate protection claimants and Debtors regarding the foregoing.

**(f)    Sale of Assets**

14.    H&H expended 22.70 hours with respect to services under this category, for which total compensation amounts to $13,228.00. Applicant spent time in this category attending to pending asset sales issues, Carrington indemnity claim issues and related representations and warranties, and reviewing, editing and revising documentation pertaining to same. Applicant prepared for and participated in numerous teleconference calls and meetings regarding these issues.

**(g)    Fees**

15.    H&H expended 13.30 hours with respect to services under this category, for which total compensation amounts to $3,482.50. Applicant's services in this category included routine review and monitoring of the docket for filing of fee applications. Applicant also reviewed certain professionals' fee applications and created a spreadsheet detailing the fees and expenses of professionals in this case for distribution to the Committee.

**(h)    Hahn & Hessen LLP Fees**

16.    H&H expended 43.80 hours with respect to services under this category, for which total compensation amounts to $10,396.00. Applicant's services in this category included review of monthly fee statements and revisions to same. Applicant in turn prepared, revised, edited and finalized monthly fee applications and cover sheets and exhibits to same.

Additionally, Applicant prepared both hardcopies and searchable electronic formats of filed fee applications to forward to fee auditor as required by order of appointment.

**(i)    Litigation**

17.    H&H expended 9.20 hours with respect to services under this category, for which total compensation amounts to $4,494.00.  Applicant spent time in this category attending to issues related to the Examiner's investigation and cash collateral report and pending WARN litigation issues.  Applicant spent time researching and reviewing materials and documents relating to the foregoing; and prepared for and participated in several meetings and conference calls with regard to issues relating to the foregoing.

**(j)    Plan and Disclosure Statement**

18.    H&H expended 104.20 hours with respect to services under this category, for which total compensation amounts to $59,090.50.  Applicant spent considerable time in this category attending to issues relating to the Debtors' proposed chapter 11 plan and its draft plan term sheet.  Applicant was required to review and analyze documents pertaining to the structure of the proposed plan and participated in numerous conference calls and meetings with members of the Committee and Committee/Debtor's professionals regarding same.  Applicant spent time conducting research regarding the appropriate distribution of litigation proceeds.  Additionally, Applicant prepared for and participated in numerous conference calls and meetings with the Committee with regard to possible plan scenarios and plan alternatives and recommendations for resolving disputes related thereto.

**(k)    Employee Issues**

19.    H&H expended 38.80 hours with respect to services under this category, for which total compensation amounts to $19,854.00. Applicant spent considerable time in this category attending to WARN related issues and conducting research and reviewing materials regarding same. Applicant drafted, revised and finalized memoranda's and prepared for and participated in conference calls and meetings with regard to issues relating to the foregoing.

**(l)    Claims Administration**

20.    H&H expended 56.40 hours with respect to services under this category, for which total compensation amounts to $24,421.50. Applicant's services in this category included time spent researching creditor's entitlement to proceeds held in escrow pursuant to pre-petition settlement agreements, and class action proofs of claim and effects of opting out (in connection with Bonner class action claim). Applicant spent considerable time attending to issues relating to GECC's claims and settlement negotiations and Positive Software's mediation. Applicant also reviewed issues related to responses filed to Omnibus Objections to Claims (Substantive) in preparation for Omnibus hearings. Applicant prepared for and participated in several meetings with regard to issues relating to the foregoing.

**(m)    Investigation of Company**

21.    H&H expended 457.30 hours with respect to services under this category, for which total compensation amounts to $147,675.00. Applicant's services in this category included considerable time spent reviewing and analyzing thousands ofdocuments provided by Debtors, Examiner, FTI and KPMG, including minutes of board meetings and other key documents. Thereafter, Applicant spent considerable time coding documents for specific issues

using Ringtail and Concordance, updating FileSite folders and importing various chronologies and related documents into CaseMap and TimeMap for use in later litigation. Applicant in turn prepared numerous memos regarding its analysis of the foregoing documents and related research. Applicant also communicated frequently with the Committee via e-mails, meetings and memoranda regarding this investigation.

### H&H Fees for the Compensation Period

22.     Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $456,717.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

23.     Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation and the hours spent in performance of such services.

24.     In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that

the time for both attorneys at such meetings and/or hearings are properly compensable and should be approved.

25.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for December 2007 in the amount of $456,717.00, and payment of **$365,373.60** representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

26.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of **$11,488.47.**

27.     In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

28.     H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not

appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in

H&H's billing system, or have not yet been billed by a third party vendor.

      **WHEREFORE**, H&H respectfully requests that the Court enter an order

allowing compensation in the amounts set forth herein and provide such other and further relief

as may be just and equitable.

Dated:   New York, New York
        May 15, 2008

                    **HAHN & HESSEN LLP**
                    Co-Counsel to The Official Committee of
                    Unsecured Creditors of New Century Holdings,
                    Inc., *et al*. Debtors
                    By:
                         MARK S. INDELICATO
                        A Member of the Firm
                    488 Madison Avenue
                    New York, NY  10022
                    (212) 478-7200
                    (212) 478-7400 facsimile

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*, | Case No. 07-10416 (KJC) Jointly Administered |
| Debtors. |  |

## AFFIDAVIT PURSUANT TO SECTION 504 OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

MARK S. INDELICATO, being duly sworn, deposes and says:

1.     I am a member of the law firm of Hahn & Hessen LLP ("H&H"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed herein. I am the attorney responsible for the services rendered and to be rendered to the Committee as well as for compliance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.     This affidavit is submitted in support of the foregoing Ninth Monthly Fee Application (the "Application") for allowance of compensation and reimbursement of expenses incurred by H&H, as co-counsel to the Committee, for the period from December 1, 2007 through and including December 31, 2007.

3.     I have personally performed many of the services rendered by H&H and am thoroughly familiar with all other services performed on behalf of the Committee by the lawyers and paraprofessionals in my firm.

4.    The facts contained in the Application are true and correct to the best of my knowledge, information and belief.

5.    The fees and disbursements requested in the Application are in accordance with practices customarily employed by H&H and generally accepted by H&H's clients.

6.    No agreement or understanding exists between H&H and any other person or persons or parties to share in any compensation received in connection with this case except as with respect to the terms of partnership agreements with members of H&H.

7.    To the best of my knowledge, information and belief, the application substantially complies with the Local Rules.

MARK S. INDELICATO

Sworn to before me this
15th day of May, 2008

SUSAN FARRELL
Notary Public, State of New York
No. 01FA4890039
Qualified in Nassau County
Commission Expires April 27, 20_11_