IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NEW CENTURY TRS HOLDINGS, INC., et al.,<br><br>                Debtors. | Chapter 11<br>Case No. 07-10416-KJC, et seq.<br><br>**Objections due by: May 28, 2008, 4:00 p.m.**<br>**Hearing Date: June 4, 2008 at 10:00 a.m.** |

**ORDER TERMINATING AUTOMATIC STAY**
**UNDER SECTION 362 OF THE BANKRUPTCY CODE**
*(relates to Docket No. ____)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (the "Motion") filed by U.S. Bank National Association, as Trustee for Mortgage Pass-Through Certificates, Series 2006-NC2 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against each parcel of real property listed on **Exhibit A** hereof (each a "Property," and collectively, the "Properties") under applicable non-bankruptcy law; it is HEREBY ORDERED as follows:

1.      The Motion is hereby GRANTED. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2.      To the extent that the automatic stay is applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, pursuant to 11 U.S.C. § 362(d),

with respect to Movant's interest in the Properties.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against each of the Properties, including but not limited to foreclosure of any Mortgage relating to such Properties.

3. Nothing in this order (i) shall constitute a determination that New Century TRS Holdings, Inc. or its affiliated debtors (the "Debtors") hold any interest in any of the Properties or (ii) shall estop the Debtors from denying that they hold any interest in any of the Properties.

4. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____           _____
       Wilmington, Delaware                 HONORABLE KEVIN J. CAREY
                                            UNITED STATES BANKRUPTCY JUDGE