# **EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC.,** | : | **Case No. 07-10416-KJC** |
| a Delaware corporation, et al.,[1] | : | |
| | : | |
| **Debtor.** | : | **Re: Docket No. 514** |

## ORDER AUTHORIZING THE EMPLOYMENT OF
## ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
## AS FINANCE COUNSEL TO THE DEBTORS
## NUNC PRO TUNC TO THE PETITION DATE PURSUANT
## TO § 327(a) OF THE BANKRUPTCY CODE

This matter coming before the Court on the Application of the Debtors for Order

Authorizing the Employment of Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen

Matkins") as special finance counsel to the Debtors *Nunc Pro Tunc* to the Petition Date Pursuant

to § 327(e) of the Bankruptcy Code (the "Application"), filed by the above-captioned Debtors

(the "Debtors"); and the Court having reviewed the Application; and the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) notice of this Application was

sufficient under the circumstances; and the Court having considered the Affidavit of John E.

Stoner (the "Stoner Affidavit") and the Supplemental Affidavit of John E. Stoner (the "Stoner

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Supplemental Affidavit"); and in light of the Debtors' agreement to modify the application so as to employ Allen Matkins under 11 U.S.C. § 327(a) (not 11 U.S.C. § 327(e)); and the Court having determined that the legal and factual bases set forth in the Application, the Stoner Affidavit and the Stoner Supplemental Affidavit establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Application is GRANTED as modified herein.

2.     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.     Pursuant to § 327(a) of the Bankruptcy Code, the Debtors are authorized to employ Allen Matkins as special finance counsel upon the terms and conditions set forth in the Application effective *nunc pro tunc* to the Petition Date.

4.     Allen Matkins shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

5.     Subject to further order of the Court, the aggregate amount of fees incurred by Allen Matkins on or after June 1, 2007, shall not exceed $15,000 overall.

6.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: May ___, 2008
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE