# Exhibit A-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| | : | |

## STIPULATION BETWEEN NEW CENTURY MORTGAGE CORPORATION AND BASEPOINT ANALYTICS LLC RESOLVING CLAIMS

This Stipulation Resolving Claims (the "Stipulation") is entered into by and between

New Century Mortgage Corporation ("NCMC") and BasePoint Analytics LLC ("BasePoint

Analytics" and, together with NCMC, the "Parties") with reference to the following facts:

## RECITALS

A.      On April 2, 2007 (the "Petition Date"), NCMC and various of its affiliates and

subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code").

B.      On August 31, 2007, BasePoint Analytics filed a claim against NCMC in the

amount of $430,000 as a general unsecured claim (the "August Unsecured Claim") and on

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Stalking Horse Bidders Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

September 14, 2007, BasePoint Analytics filed an additional claim against NCMC in the amount of $1,736,515.94 as a general unsecured claim (the "September Unsecured Claim" and, together with the August Unsecured Claim, the "Claims"). The August Unsecured Claim was assigned Claim No. 2431 and the September Unsecured Claim was assigned Claim No. 3373. BasePoint Analytics asserts the amount in the August Unsecured Claim is due and owing as a result of amounts due for goods sold and services performed pursuant to certain services agreements with NCMC and that the amount in the September Unsecured Claim is due and owing as a result of the rejection of certain license and service agreements and a consulting agreement between BasePoint Analytics and NCMC effective August 31, 2007.

    C.     The Debtors disagree with the amounts of the Claims.

    D.     After negotiations between the Parties, an agreement was reached with respect to allowance of the Claims as set forth herein.

    NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties that:

## AGREEMENT

1.     The foregoing recitals are incorporated herein by reference and are made a part of this Stipulation.

2.     This Stipulation shall become effective upon the date (the "Stipulation Date") that it is approved by the Court.

3.     Upon the Stipulation Date, the August Unsecured Claim shall be decreased and allowed in the amount of $150,000.00 (the "Allowed August Unsecured Claim") and the September Unsecured Claim shall be decreased and allowed in the amount of $1,206,515.94 (the "Allowed September Unsecured Claim"). The aggregate allowed unsecured claims of BasePoint

2

Analytics shall be the sum of the Allowed August Unsecured Claim and the Allowed September Unsecured Claim or $1,356,515.94 (the "Allowed Claims").

4.    The Allowed Claims shall be entitled to distributions for holders of general unsecured claims as provided for in the plan of reorganization ultimately confirmed in the chapter 11 case of NCMC.

5.    The Allowed Claims shall be the only claims of BasePoint Analytics allowed in the Debtors' cases.

6.    The Court shall retain jurisdiction to enforce the terms and conditions of this Stipulation to the full extent allowed under law.

7.    This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

*[Remainder of this page is intentionally left blank]*

3

8.      This Stipulation contains or expressly incorporates by reference the entire agreement of the Parties with respect to the matters contemplated herein and supersedes all prior negotiations. This Stipulation shall not be modified except by written instrument executed by the Parties.

February 4, 2008

Agreed to by:

**BASEPOINT ANALYTICS LLC**

Scott Draeker
Corporate Counsel, BasePoint Analytics LLC

Counsel to the Creditor

**NEW CENTURY MORTGAGE CORPORATION**

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
       -and-
Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700\

Counsel to the Debtors

# Exhibit A-2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,[1]** | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |
| | : | |
| | : | |

## STIPULATION BETWEEN NEW CENTURY MORTGAGE CORPORATION, HOME123 CORPORATION AND BRCP/LINCOLN PLAZA LLC RESOLVING CLAIMS

This Stipulation Resolving Claims (the "Stipulation") is entered into by and between New Century Mortgage Corporation ("NCMC"), Home123 Corporation ("Home123") and BRCP/Lincoln Plaza LLC ("BRCP" and, together with NCMC and Home123, the "Parties") with reference to the following facts:

### RECITALS

A.    On April 2, 2007 (the "Petition Date"), NCMC, Home123 and various of their affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Stalking Horse Bidders Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

1

B.      BRCP was formerly the landlord of Home123 under a lease of non-residential real property commonly known as Suite 130, Building A, Lincoln Plaza, 11235 SE 6th Street, Bellevue, WA 98004 (the "Suite 130 Lease").    Home123 became a party to the Suite 130 Lease as a result of the assignment of the Suite 130 Lease to Home123 by RBC Mortgage Corporation on July 8, 2005. Prior to the assignment of the Suite 130 Lease to Home123, RBC Mortgage Corporation had delivered to BRCP a security deposit of $10,455.00 for the Suite 130 Lease (the "Security Deposit"). BRCP has always retained, and continues to retain, possession and control of the Security Deposit.

C.      BRCP was formerly the landlord of NCMC under a lease of non-residential real property commonly known as Suite 200, Building A, Lincoln Plaza, 11235 SE 6th Street, Bellevue, WA 98004 (the "Suite 200 Lease").

D.      The Debtors subsequently rejected the Suite 130 Lease and the Suite 200 Lease and BRCP filed a Proof of Claim on August 31, 2007 asserting a combined lease rejection claim of $327,080.04 ($117,328.36 for the Suite 130 Lease and $209,751.68 for the Suite 200 Lease). The combined lease rejection claim was place on the claims docket twice, first as Claim No. 3253 and subsequently as Claim No. 3294 (together with Claim No. 3253, the "Claims").

E.      The Debtors disagree with the amount and classification of the Claims.

F.      After negotiations between the Parties, an agreement was reached with respect to allowance of the Claims as set forth herein.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties that:

## AGREEMENT

1.      The foregoing recitals are incorporated herein by reference and are made a part of this Stipulation.

2

2.      This Stipulation shall become effective upon the date (the "Stipulation Date") that it is approved by the Court.

3.      Upon the Stipulation Date, Claim No. 3253 shall be decreased and allowed as a general unsecured claim against NCMC for the rejection of the Suite 200 Lease in the amount of $209,751.68 (the "Allowed NCMC Claim").

4.      Upon the Stipulation Date, Claim No. 3294 shall be decreased and allowed as a general unsecured claim against Home123 in the amount of $91,731.95 (the "Allowed Home123 Claim"). The Allowed Home123 Claim is comprised of a general unsecured claim of $102,186.95 less $10,455.00 or the amount of the Security Deposit.

5.      The aggregate allowed unsecured claims of BRCP shall be the sum of the Allowed NCMC Claim and the Allowed Home123 Claim or $301,483.63 (the "Allowed Claims").

6.      The Allowed NCMC Claim shall be entitled to distributions for holders of general unsecured claims as provided for in the plan of reorganization ultimately confirmed in the chapter 11 case of NCMC.

7.      The Allowed Home123 Claim shall be entitled to distributions for holders of general unsecured claims as provided for in the plan of reorganization ultimately confirmed in the chapter 11 case of Home123.

8.      The Allowed Claims shall be the only claims of BRCP allowed in the Debtors' cases.

9.      The Court shall retain jurisdiction to enforce the terms and conditions of this Stipulation to the full extent allowed under law.

3

10.    This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

*[Remainder of this page is intentionally left blank]*

11.    This Stipulation contains or expressly incorporates by reference the entire agreement of the Parties with respect to the matters contemplated herein and supersedes all prior negotiations.  This Stipulation shall not be modified except by written instrument executed by the Parties.

~~February~~ April 29, 2008

Agreed to by:

**BRCP/LINCOLN PLAZA LLC**

_____
Mark D. Northrup, WSBA #16947
GRAHAM & DUNN PC
Pier 70
2801 Alaskan Way, Suite 300
Seattle, WA  98121-1128
(206) 340-9628

Counsel to BRCP/Lincoln Plaza

**NEW CENTURY MORTGAGE CORPORATION**
**HOME123 CORPORATION**

_____
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
        -and-
Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

Counsel to the Debtors

LA3:1144711.1
2/11/08

5

## Exhibit A-3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
-------------------------------------------------------------------x

In re

NEW CENTURY TRS HOLDINGS, INC., et al.

Debtors.
-------------------------------------------------------------------x

Chapter 11

Case No. 07-10416 (KJC)

Jointly Administered

## STIPULATION FIXING AND ALLOWING GENERAL UNSECURED CLAIM OF PASADENA TOWERS, L.L.C.

This stipulation (the "Stipulation") by and between New Century TRS Holdings,

Inc. et al., the above-captioned chapter 11 debtors (the "Debtors") and Pasadena Towers, L.L.C.

("Pasadena"), is made with reference to the following facts:

### RECITALS

WHEREAS, on or about April 23, 2003, Pasadena, as landlord, and New Century

Mortgage Corporation, as tenant, entered into an Office Lease Agreement (as amended, the

"Lease") for office space located at Suite 540, 55 S. Lake Avenue, Pasadena, California 91101;

and

WHEREAS, on April 2, 2007 the Debtors filed voluntary petitions for relief in

this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to this Court's "Order Pursuant to Sections 356 and 554 of

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases

of Nonresidential Real Property and (B) Authorizing and Approving Procedures For the

Rejection of Executory Contracts And Unexpired Leases of Personal and Non-Residential Real

Property," dated April 24, 2007 [Docket No. 388] (the "Order"), the Debtors, on or about June

20, 2007, served Pasadena with a Notice of Rejection of Unexpired Lease of Non-Residential Property (the "Rejection Notice"), pursuant to which, the rejection of the Lease became effective on June 30, 2007; and

WHEREAS, the Rejection Notice incorrectly stated the tenant was Home123 Corporation; and

WHEREAS, the tenant according to the records of Pasadena was at all times New Century Mortgage Corporation; and

WHEREAS, on August 30, 2007, Pasadena timely filed Proof of Claim No. 2486 against New Century Mortgage Corporation, wherein Pasadena asserted a general unsecured claim of $85,299.78, a secured claim of $6,536.60 and an administrative priority claim of $13,737.84, for a total claim amount of $105,574.22, for damages from the Debtors' rejection of the Lease and administrative expenses arising under the Lease prior to the rejection (the "New Century Claim"); and

WHEREAS, on August 30, 2007, Pasadena timely filed Proof of Claim No. 2531 against Home123 Corporation, wherein Pasadena asserted a general unsecured claim of $85,299.78, a secured claim of $6,536.60 and an administrative priority claim of $13,737.84, for a total claim amount of $105,574.22, for damages from the Debtors' rejection of the Lease and administrative expenses arising under the Lease prior to the rejection (the "Home123 Claim"); and

WHEREAS, the Debtors have reviewed their books and records and additional records provided by Pasadena and believe that Pasadena's New Century Claim is valid, subject to

2

an agreed upon recharacterization of $3,597.20 of the administrative priority portion of the New Century Claim as part of the general unsecured claim; and

WHEREAS, the parties have exchanged information, negotiated and now desire to resolve all matters respecting Pasadena's claims upon the terms and conditions set forth below.

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1.      This Stipulation shall not be effective until approved by the Court.

2.      This Stipulation constitutes the entire agreement and understanding of the parties and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

3.      The Debtors consent to modification of the automatic stay imposed by Bankruptcy Code section 362 to the extent necessary to permit Pasadena to take and apply the Debtors' security deposit under the lease in the amount of $6,536.60 in satisfaction of the secured portion of the New Century Claim, thereby reducing the total New Century Claim amount to $99,037.62, and upon entry of an Order approving this Stipulation, the stay will thereby be modified.

4.      The Debtors shall pay Pasadena, not later than 10 business days after this Stipulation is approved by the Court, the amount of $10,140.64 in satisfaction of the administrative priority portion of the New Century Claim, thereby reducing the total New Century Claim to $88,896.98.  Payment shall be made by check, payable to Pasadena Towers, L.L.C., and delivered via overnight courier or express mail to:

Rosen Slome Marder LLP
Attn: Alan Marder

3

333 Earle Ovington Boulevard
Suite 901
Uniondale, New York 11553

5.      Upon the Debtors' payment of $10,140.64, Pasadena and the Debtors agree Pasadena's New Century Claim, Proof of Claim No. 2486, shall be reduced and allowed in the amount of $88,896.98 as a general unsecured claim in the New Century Mortgage Corp. bankruptcy case (the "Allowed Claim"), and shall be paid in accordance with distributions to be made to general unsecured creditors in the New Century Mortgage Corp. case.

6.      Upon Pasadena's receipt of $10,140.64 from the Debtors, Pasadena and the Debtors agree Pasadena's Home123 Claim, Proof of Claim No. 2531, shall be disallowed and expunged in its entirety.

7.      Except for the right to receive a distribution for the full amount of the Allowed Claim fixed and allowed by this Stipulation, and upon receipt of $10,140.64 from the Debtors, Pasadena waives all other claims or rights to payment for administrative claims in the Debtors' cases.

8.      This Stipulation may be executed in separate counterparts each of which shall be deemed an original, but all of which together shall constitute one document.

9.      The individuals executing and delivering this Stipulation have been duly authorized to do so and this Stipulation is legally binding upon and enforceable against the parties hereto upon entry of an Order approving this Stipulation.

10.     This Stipulation shall be binding upon and inure to the benefit of the parties' respective assigns and successors, including trustees and receivers.

4

11.     This Stipulation may be signed by facsimile which shall be deemed to have the full force and effect of original ink signatures.

12.     This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

13.     This Stipulation is not binding or enforceable unless and until it has been approved by the Court. In the event the Court fails to approve this Stipulation, this Stipulation and its terms and provisions are null, void and of no effect and may not be introduced into evidence or otherwise used in any further proceeding. Nothing herein shall constitute an admission of liability by any party.

14.     The Court shall retain exclusive jurisdiction over the Debtors and Pasadena for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms.

Dated: March 5, 2008                          ROSEN SLOME MARDER LLP

                                              By: _____
                                                        Alan E. Marder

                                              ROSEN SLOME MARDER LLP
                                              333 Earle Ovington Boulevard
                                              Suite 901
                                              Uniondale, New York 11553
                                              (516) 227-1600

                                              *Attorneys for Pasadena Towers, L.L.C.*

Dated: March __, 2008

By: _____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
        -and-
Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

*Attorneys for New Century TRS Holdings,
    Inc. et al.*

6

## Exhibit A-4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
-------------------------------------------------------------x

In re                                                        Chapter 11

NEW CENTURY TRS HOLDINGS, INC., et al.                       Case No. 07-10416 (KJC)

                                                             Jointly Administered

                        Debtors.
-------------------------------------------------------------x

### STIPULATION FIXING AND ALLOWING GENERAL UNSECURED CLAIM OF CA-GATEWAY OFFICE LIMITED PARTNERSHIP

This stipulation (the "Stipulation") by and between New Century TRS Holdings,

Inc. et al., the above-captioned chapter 11 debtors (the "Debtors") and CA-Gateway Office

Limited Partnership ("Gateway"), is made with reference to the following facts:

### RECITALS

WHEREAS, on or about October 8, 2004, Gateway, as landlord, and New

Century Mortgage Corporation, as tenant, entered into an Office Lease Agreement (as amended,

the "Lease") for office space located at Suite 700W, 2001 Gateway Place, San Jose, California

95110 (the "Premises"); and

WHEREAS, on April 2, 2007, the Debtors filed voluntary petitions for relief in

this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to this Court's "Order Pursuant to Sections 356 and 554 of

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases

of Nonresidential Real Property and (B) Authorizing and Approving Procedures For the

Rejection of Executory Contracts And Unexpired Leases of Personal and Non-Residential Real

Property," dated April 24, 2007 [Docket No. 388] (the "Order"), the Lease was to be rejected,

effective as of April 24, 2007 (the "Effective Date"), but subsequent to the entry of the Order, the Debtors requested, and Gateway agreed, that the rejection be effective May 31, 2007; and

WHEREAS, on August 30, 2007, Gateway timely filed Proof of Claim No. 2601 against New Century Mortgage Corporation, wherein Gateway asserted a general unsecured claim of $124,013.56, a secured claim of $8,870 and a priority claim of $1,437.72, for a total claim amount of $134,321.28, for damages from the Debtors' rejection of the Lease and administrative expenses arising under the Lease prior to the rejection (the "Claim"); and

WHEREAS, the Debtors have reviewed their books and records and additional records provided by Gateway and believe that Gateway's Claim is valid; and

WHEREAS, the parties have exchanged information, negotiated and now desire to resolve all matters respecting Gateway's Claim upon the terms and conditions set forth below.

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1.      This Stipulation shall not be effective until approved by the Court.

2.      This Stipulation constitutes the entire agreement and understanding of the parties and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

3.      The Debtors consent to modification of the automatic stay imposed by Bankruptcy Code section 362 to the extent necessary to permit Gateway to take and apply the Debtors' security deposit under the lease in the amount of $8,870 in satisfaction of the secured portion of the Claim, thereby reducing the total Claim amount to $125,451.28, and upon entry of an Order approving this Stipulation, the automatic stay will thereby be modified.

4.      The Debtors will pay Gateway, not later than 10 business days after this Stipulation is approved by the Court, the amount of $1,437.72 in satisfaction of the priority portion of the Claim, thereby reducing the total Claim amount to $124,013.56. Payment shall be made by check, payable to CA-Gateway Office Limited Partnership, and delivered via overnight courier or express mail to:

> Rosen Slome Marder LLP
> Attn: Alan Marder
> 333 Earle Ovington Boulevard
> Suite 901
> Uniondale, New York 11553

5.      Upon the Debtors' payment of $1,437.72, Gateway and the Debtors agree Gateway's Claim, Proof of Claim No. 2601, shall be reduced and allowed in the amount of $124,013.56 as a general unsecured claim in the New Century Mortgage Corp. bankruptcy case (the "Allowed Claim"), and shall be paid in accordance with distributions to be made to general unsecured creditors in the New Century Mortgage Corp. case.

6.      Except for the right to receive a distribution for the full amount of the Allowed Claim fixed and allowed by this Stipulation, and upon receipt of $1,437.72 from the Debtors, Gateway waives all other claims or rights to payment for administrative claims in the Debtors' cases.

7.      This Stipulation may be executed in separate counterparts each of which shall be deemed an original, but all of which together shall constitute one document.

8.      The individuals executing and delivering this Stipulation have been duly authorized to do so and this Stipulation is legally binding upon and enforceable against the parties hereto upon entry of an Order approving this Stipulation.

9.     This Stipulation shall be binding upon and inure to the benefit of the parties' respective assigns and successors, including trustees and receivers.

10.    This Stipulation may be signed by facsimile which shall be deemed to have the full force and effect of original ink signatures.

11.    This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

12.    This Stipulation is not binding or enforceable unless and until it has been approved by the Court. In the event the Court fails to approve this Stipulation, this Stipulation and its terms and provisions are null, void and of no effect and may not be introduced into evidence or otherwise used in any further proceeding. Nothing herein shall constitute an admission of liability by any party.

13.    The Court shall retain exclusive jurisdiction over the Debtors and Gateway for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms.

Dated: March 5, 2008

ROSEN SLOME MARDER LLP

By: _____
     Alan E. Marder

Rosen Slome Marder LLP
333 Earle Ovington Boulevard
Suite 901
Uniondale, New York 11553
(516) 227-1600

*Attorneys for CA-Gateway Office Limited
     Partnership*

4

Dated: March 28 2008
       Apel

By: _____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
        -and-
Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California  94111
(415) 984-8700

*Attorneys for New Century TRS Holdings,
    Inc. et al.*

## Exhibit A-5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re

NEW CENTURY TRS HOLDINGS, INC., et al.

Debtors.

-----------------------------------------------------------x

Chapter 11

Case No. 07-10416 (KJC)

Jointly Administered

## STIPULATION FIXING AND ALLOWING GENERAL UNSECURED CLAIM OF CA-PLAZA AT SAN RAMON LIMITED PARTNERSHIP

This stipulation (the "Stipulation") by and between New Century TRS Holdings,

Inc. et al., the above-captioned chapter 11 debtors (the "Debtors") and CA-Plaza at San Ramon

Limited Partnership ("San Ramon"), is made with reference to the following facts:

### RECITALS

WHEREAS, on or about June 28, 2002, San Ramon, as landlord, and New

Century Mortgage Corporation ("Tenant"), as tenant, entered into an Office Lease Agreement (as

amended, the "Lease") for office space located at 2000 Crow Canyon Place, San Ramon,

California 94583 (the "Premises"); and

WHEREAS, on April 2, 2007 the Debtors filed voluntary petitions for relief in

this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to this Court's "Order Pursuant to Sections 356 and 554 of

the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases

of Nonresidential Real Property and (B) Authorizing and Approving Procedures For the

Rejection of Executory Contracts And Unexpired Leases of Personal and Non-Residential Real

Property," dated April 24, 2007 [Docket No. 388] (the "Order"), the Debtors, on or about June

20, 2007, served San Ramon with a Notice of Rejection of Unexpired Lease of Non-Residential Property (the "Rejection Notice"), pursuant to which, the rejection of the Lease became effective on June 30, 2007; and

WHEREAS, on August 28, 2007, San Ramon timely filed Proof of Claim No. 2159 against New Century Mortgage Corporation, wherein San Ramon asserted a general unsecured claim of $320,000.71 and an administrative priority claim of $30,656.50, for a total claim amount of $350,657.21, for damages from the Debtors' rejection of the Lease and administrative expenses arising under the Lease prior to the rejection (the "Claim"); and

WHEREAS, the Debtors have reviewed their books and records and additional records provided by San Ramon and believe that San Ramon's Claim is valid; and

WHEREAS, the parties have exchanged information, negotiated and now desire to resolve all matters respecting San Ramon's Claim upon the terms and conditions set forth below.

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1.      This Stipulation shall not be effective until approved by the Court.

2.      This Stipulation constitutes the entire agreement and understanding of the parties and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

3.      The Debtors will pay San Ramon, not later than 10 business days after this Stipulation is approved by the Court, the amount of $30,656.50 in satisfaction of the administrative priority portion of the Claim, thereby reducing the total Claim amount to

$320,000.71.  Payment shall be made by check, payable to CA-Plaza at San Ramon Limited Partnership, and delivered via overnight courier or express mail to:

> Rosen Slome Marder LLP
> Attn: Alan Marder
> 333 Earle Ovington Boulevard
> Suite 901
> Uniondale, New York 11553

4.    Upon the Debtors' payment of $30,656.50, San Ramon and the Debtors agree San Ramon's Claim, Proof of Claim No. 2159, shall be reduced and allowed in the amount of $320,000.71 as a general unsecured claim in the New Century Mortgage Corp. bankruptcy case (the "Allowed Claim"), and shall be paid in accordance with distributions to be made to general unsecured creditors in the New Century Mortgage Corp. case.

5.    Except for the right to receive a distribution for the full amount of the Allowed Claim fixed and allowed by this Stipulation, and upon receipt of $30,656.50 from the Debtors, San Ramon waives all other claims or rights to payment for administrative claims in the Debtors' cases.

6.    This Stipulation may be executed in separate counterparts each of which shall be deemed an original, but all of which together shall constitute one document.

7.    The individuals executing and delivering this Stipulation have been duly authorized to do so and this Stipulation is legally binding upon and enforceable against the parties hereto upon entry of an Order approving this Stipulation.

8.    This Stipulation shall be binding upon and inure to the benefit of the parties' respective assigns and successors, including trustees and receivers.

9.     This Stipulation may be signed by facsimile which shall be deemed to have the full force and effect of original ink signatures.

10.     This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

11.     This Stipulation is not binding or enforceable unless and until it has been approved by the Court. In the event the Court fails to approve this Stipulation, this Stipulation and its terms and provisions are null, void and of no effect and may not be introduced into evidence or otherwise used in any further proceeding. Nothing herein shall constitute an admission of liability by any party.

12.     The Court shall retain exclusive jurisdiction over the Debtors and San Ramon for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms.


Dated: March 5, 2008                           ROSEN SLOME MARDER LLP

                                               By: _____
                                                      Alan E. Marder

                                               ROSEN SLOME MARDER LLP
                                               333 Earle Ovington Boulevard
                                               Suite 901
                                               Uniondale, New York 11553
                                               (516) 227-1600

                                               *Attorneys for CA-Plaza at San Ramon
                                               Limited Partnership*


4

April 28
Dated: ~~March~~ __, 2008

By: _____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
        -and-
Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

*Attorneys for New Century TRS Holdings,
Inc. et al.*

# **Exhibit A-6**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
---------------------------------------------------------------x

In re                                                    Chapter 11

NEW CENTURY TRS HOLDINGS, INC., et al.                   Case No. 07-10416 (KJC)

                                                         Jointly Administered

            Debtors.
---------------------------------------------------------------x

### STIPULATION FIXING AND ALLOWING GENERAL UNSECURED CLAIM OF CA-MISSION STREET LIMITED PARTNERSHIP

This stipulation (the "Stipulation") by and between New Century TRS Holdings,

Inc. et al., the above-captioned chapter 11 debtors (the "Debtors") and CA-Mission Street

Limited Partnership ("Mission"), is made with reference to the following facts:

### RECITALS

WHEREAS, on or about April 1, 2005, Mission, as landlord, and RBC Mortgage

Company ("RBC"), as tenant, entered into an Office Lease Agreement (as amended, the "Lease")

for office space located at Suite 1300, 201 Mission Street, San Francisco, California 94105, and

by subsequent agreement of assignment and assumption of lease made and entered in to on or

about July 8, 2005, and pursuant to a consent agreement with Mission entered into on or about

September 7, 2005, RBC assigned and transferred all its right, title and interest in and to the

Lease to Home123 Corporation ("Tenant"), one of the Debtors, and Tenant agreed to be bound

by the Lease and to fully perform all of the covenants, stipulations, agreements and obligations of

RBC arising under the Lease; and

WHEREAS, on April 2, 2007 the Debtors filed voluntary petitions for relief in

this Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to this Court's "Order Pursuant to Sections 356 and 554 of the Bankruptcy Code (A) Authorizing and Approving the Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Authorizing and Approving Procedures For the Rejection of Executory Contracts And Unexpired Leases of Personal and Non-Residential Real Property," dated April 24, 2007 [Docket No. 388] (the "Order"), the Lease was to be rejected, effective as of April 24, 2007 (the "Effective Date"), but, subsequent to the entry of the Order, the Debtors requested, and Mission agreed, that the rejection be effective June 30, 2007; and

WHEREAS, on August 30, 2007, Mission timely filed Proof of Claim No. 2520 against Home123 Corporation, wherein Mission asserted a general unsecured claim of $44,885.98 and a secured claim of $4,460.42, for a total claim amount of $49,346.40, for damages from the Debtors' rejection of the Lease (the "Claim"); and

WHEREAS, the Debtors have reviewed their books and records and additional records provided by Mission and believe that Mission's Claim is valid; and

WHEREAS, the parties have exchanged information, negotiated and now desire to resolve all matters respecting Mission's Claim upon the terms and conditions set forth below.

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1.      This Stipulation shall not be effective until approved by the Court.

2.      This Stipulation constitutes the entire agreement and understanding of the parties and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

3.      The Debtors consent to modification of the automatic stay imposed by Bankruptcy Code section 362 to the extent necessary to permit Mission to take and apply the

2

Debtors' security deposit under the Lease in the amount of $4,460.42 in satisfaction of the secured portion of the Claim, thereby reducing the total Claim amount to $44,885.98, and upon entry of an Order approving this Stipulation, the automatic stay will thereby be modified.

4.      Upon entry of an Order approving this Stipulation, Mission and the Debtors agree Mission's Claim, Proof of Claim No. 2520, shall be reduced and allowed in the amount of $44,885.98 as a general unsecured claim in the Home123 Corp. case (the "Allowed Claim"), and shall be paid in accordance with distributions to be made to general unsecured creditors in the Home123 Corp. case.

5.      Except for the right to receive a distribution for the full amount of the Allowed Claim fixed and allowed by this Stipulation, and upon entry of an Order approving this Stipulation, Mission waives all other claims or rights to payment for administrative claims in the Debtors' cases.

6.      This Stipulation may be executed in separate counterparts each of which shall be deemed an original, but all of which together shall constitute one document.

7.      The individuals executing and delivering this Stipulation have been duly authorized to do so and this Stipulation is legally binding upon and enforceable against the parties hereto upon entry of an Order approving the Stipulation.

8.      This Stipulation shall be binding upon and inure to the benefit of the parties' respective assigns and successors, including trustees and receivers.

9.      This Stipulation may be signed by facsimile which shall be deemed to have the full force and effect of original ink signatures.

3

10.    This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

11.    This Stipulation is not binding or enforceable unless and until it has been approved by the Court. In the event the Court fails to approve this Stipulation, this Stipulation and its terms and provisions are null, void and of no effect and may not be introduced into evidence or otherwise used in any further proceeding. Nothing herein shall constitute an admission of liability by any party.

12.    The Court shall retain exclusive jurisdiction over the Debtors and Mission for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms.

Dated: March 5, 2008                                    ROSEN SLOME MARDER LLP

                                                       By: _____
                                                              Alan E. Marder

                                                       ROSEN SLOME MARDER LLP
                                                       333 Earle Ovington Boulevard
                                                       Suite 901
                                                       Uniondale, New York 11553
                                                       (516) 227-1600

                                                       *Attorneys for CA-Mission Stree Limited Partnership*

4

Dated: ~~March~~ April 28, 2008

By: _____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
        -and-
Suzzanne S. Uhland
Ben H. Logan
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

*Attorneys for New Century TRS Holdings,*
    *Inc. et al.*

5

# Exhibit A-7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, | : | Case No. 07-10416 (KJC) |
| INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

### STIPULATION FOR WITHDRAWAL OF DUPLICATE CLAIMS, ALLOWANCE OF REMAINING CLAIMS AND PERMITTING APPLICATION OF SECURITY DEPOSIT

The parties to this stipulation are the above-captioned Debtors and Debtors-in-Possession, on the one hand, and Kilroy Realty, L.P. a Delaware limited partnership, ("Kilroy") on the other hand  The Debtors and Kilroy hereby enter into this stipulation (the "Stipulation") and agree as follows:

### RECITALS

WHEREAS, on February 1, 2006, Home123 Corporation entered into a nonresidential real property lease with Kilroy relating to the real property located within the Kilroy Realty Airport Center in Long Beach, California (the "Long Beach Lease").

WHEREAS, on April 25, 2007, the Court-approved procedures for the rejection of non-residential real property leases and the rejection of the Long Beach Lease by the Debtors pursuant to those procedures.

---

[1] The Debtors are the following entities:  New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc  (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O  Corp., a California corporation; New Century R E O  II Corp., a California corporation; New Century R.E.O. III Corp , a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex. LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership; New Century Warehouse Corporation, a California corporation.

LA3:1141675 1

WHEREAS, on May 29, 2007, Kilroy caused to be filed a claim for lease rejection damages in the amount of $99,319.53 for the Long Beach Lease. Said claim was filed in the New Century TRS Holdings, Inc. case and assigned Claim No. 583 Subsequently, on August 20, 2007, Kilroy caused to be filed a duplicate claim relating to the same Long Beach Lease. Said duplicate claim was filed in the Home 123 Corporation case and assigned Claim No. 2052. Both claims acknowledge that Kilroy is holding an unapplied security deposit of $8,574.17 with respect to the Long Beach Lease.

WHEREAS, on September 17, 2004, New Century Mortgage Corporation entered into a nonresidential real property lease with Kilroy relating to the real property within the Kilroy Airport Center/Seatac in Seattle, Washington (the "Seattle Lease")

WHEREAS, on June 20, 2007, the Debtors provided notice of rejection of the Seattle Lease pursuant to Court-approved procedures in these cases

WHEREAS, on August 01, 2007, Kilroy caused to be filed a claim for lease rejection damages in the amount of $109,475.52 relating to the Seattle Lease. Said claim was filed in the New Century TRS Holdings, Inc. case and assigned Claim No 1731. Subsequently, on August 20, 2007, Kilroy caused to be filed a duplicate claim relating to the Seattle Lease. Said duplicate claim was filed in the New Century Mortgage Corporation case and assigned Claim No 1977.

WHEREAS, on August 1, 2004, New Century Mortgage Corporation entered into a nonresidential real property lease with Kilroy relating to the real property located at 13520 Evening Creek Drive, Suites 130 & 450, San Diego, California (the "San Diego Lease").

WHEREAS, on June 21, 2007, the Debtors provided notice of rejection of the San Diego Lease pursuant to Court-approved procedures in these cases.

WHEREAS, on August 01, 2007, Kilroy caused to be filed a claim for lease rejection damages in the amount of $578,900.95 relating to the San Diego Lease Said claim was filed in the New Century TRS Holdings, Inc. case and assigned Claim No 1727. Subsequently, on August 20, 2007, Kilroy caused to be filed a duplicate claim relating to the San Diego Lease

Said duplicate claim was filed in the New Century Mortgage Corporation case and assigned
Claim No. 1976.

WHEREAS, representatives of the Debtors and Kilroy, through their respective
counsel, have discussed the issues relative to the filing of each of the three claims and the
respective duplicate claims and have agreed upon a disposition thereof, subject to Court
approval, as follows.

NOW THEREFORE, it is hereby stipulated and agreed by and between the
Debtors and Kilroy, subject to the approval of the Court, as follows:

## AGREEMENT

1.      Kilroy shall be immediately permitted to apply the security deposit it is currently
holding with respect to the Long Beach Lease to Claim No. 2052 reducing the claim to a net
remaining balance of $90,745.36; and

2.      Upon entry by the Court of an order approving this Stipulation, the Kilroy claims
filed in the New Century TRS Holdings, Inc case and assigned Claim Nos. 583, 1727 and 1731
shall be deemed WITHDRAWN and DISALLOWED  The claims filed by Kilroy in the Home
123 Corporation case and assigned Claim No. 2052 (in the reduced amount of $90,745.36) and in
the New Century Mortgage Corporation case and assigned Claim No. 1976 (in the amount of
$578,900.95) and Claim No. 1977 (in the amount of $109,475.52) shall be deemed ALLOWED
in the amounts provided herein as general unsecured claims in the Home 123 Corporation and
New Century Mortgage Corporation cases.

3      The Effective Date of this Stipulation shall be the date the Bankruptcy Court
enters a final order approving this Stipulation

LA3:11-11675.1

Dated: ~~December~~ 2007
       *April*

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

       -and-

Suzzanne S. Uhland
Ben H. Logan
Victoria Newmark
Emily R. Culler
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, California 94111
(415) 984-8700

Attorneys for the Debtors

LA3:1141675 1

Dated: November 29, 2007

_Lawrence C. Meyerson_

Lawrence C. Meyerson, Esq. (Ca Bar No.
54136)
A member of
LAWRENCE C. MEYERSON,
A Professional Law Corporation
578 Washington Blvd., Suite 867
Marina Del Rey, California 90292
Telephone:    (310) 827-3344
Facsimile:    (310) 827-2244

Attorneys for Kilroy Realty. L. P. a
Deleware limited partnership

LA3.1141675.1