IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br><br>Jointly Administered<br><br>Re: Docket No. 5260, 5821 & 6306 |

## ORDER (THIRD) PURSUANT TO 11 U.S.C. §§ 502, 503, 506 AND 507, FED R. BANKR. P. 3007 AND 9014, AND DEL. BANKR. L.R. 3007-1 DISALLOWING AND EXPUNGING (A) BOOKS AND RECORDS CLAIMS; (B) INSUFFICIENT DOCUMENTATION CLAIMS; (C) CERTAIN MULTIPLE-DEBTOR DUPLICATE CLAIMS; AND (D) REDUCED AND/OR RECLASSIFIED CLAIMS AS SET FORTH IN DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS

Upon the Debtors' Sixteenth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims (the "Objection"),[2] filed by New Century Financial Corporation ("NCF"), a Maryland corporation, New Century TRS Holdings, Inc, ("New Century TRS"), a Delaware corporation, and their direct and indirect subsidiaries, each as a debtor and debtor-in-possession

---

[1] The debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

in the above-styled case (collectively, the "Debtors"); and it appearing that notice of the objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and the Court having considered the Objection, the claim listed on Exhibit A annexed hereto, and any responses thereto; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby

FOUND AND DETERMINED THAT:

A. This Objection is a core proceeding under 28 U.S.C. § 157(b)(2); and

B. The holder of the claim (as to each, a "Claim") listed on Exhibit A attached hereto was properly and timely served with a copy of the Objection, the Proposed Order, the accompanying exhibits, and the Notice; and

C. Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and

D. Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and

E. The relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED.

2. The Books and Records Claim listed on Exhibit A attached hereto is hereby disallowed and expunged in its entirety.

3. The Objection is hereby continued to June 4, 2008 at 10:00 a.m. with respect to the following Claims: Hartford Fire Insurance Company [Claim Nos. 3608, 3613, 3610, 3616, 3607, 3606, 3592, 3594, 3543, 3612, 3611, 3609, 3615, 3593 and 3614], Natixis Real Estate Capital, Inc. [Claim Nos. 3642, 3643, 3646, 3647, 3644 and 3645], Redwood Mortgage Funding Inc. [Claim No. 2596], The Hartford [Claim Nos. 2376, 2424, 2326, 2371, 2339, 2425 and 2338], The Travelers Indemnity Company and its Affiliates [Claim No. 2117], Pennsylvania Department of Revenue [Claim No. 3763], Sutton Funding LLC [Claim Nos. 3603 and 3588], Sprint Nextel Corporation [Claim No. 970] and SBC Global Services Inc. [Claim No. 3748].

4. The Objection is hereby continued to June 24, 2008 at 10:00 a.m. with respect to the following Claims: Barclays Bank PLC [Claim No. 3604] and Barclays Bank PLC for itself and as Agent for Loan Purchasers [Claim Nos. 3601, 3599, 3589, 3598, 3602 and 3600].

5. The Debtors' rights to amend, modify, or supplement this Objection, to file additional objections to the Claims or any other claims (filed or not) which may be asserted against the Debtors, and to seek further reduction of any Claim to the extent such Claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these cases are preserved.

6. This Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

7. Each Claim and the objections by the Debtors to such Claim, as addressed in the Objection and as set forth on Exhibit A hereto, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014 and Local Rule 3007-1. This Order shall be deemed a

separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

Dated: May 21, 2008
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4

RLF1-3285309-1