# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : Objection Deadline: September 10, 2008, at 4:00 p.m. |

## SECOND MONTHLY APPLICATION OF JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONALS TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2007, THROUGH NOVEMBER 30, 2007

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | June 2007, *nunc pro tunc* to April 2, 2007 |
| Period for which compensation and reimbursement are sought: | November 1, 2007, through November 30, 2007 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $47,423.50 |

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $2,603.84

This is a(n): _X_ monthly ___ interim ___ final application

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|
| 8/21/08 | 10/01/07 - 10/31/07 | $7,752.50 | $1,690.57 |

2

RLF1-3304777-1

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Lorelie S. Masters | Joined firm as partner in 2002. Member of DC bar since 1981; NY bar since 2000. | $525 | 26.80 | $14,070.00 |
| Jason R. Donovan | Joined firm as associate in 2007. Member of Chicago Bar since February 2003. | $350 | 78.70 | $27,545.00 |
| Lilia V. Rozhkova | Joined firm in January 2007. Paralegal since 2003. | $180 | 9.70 | $1,746.00 |
| Omar N. Khan | Joined firm in September 2007. Project Assistant since September 2007. | $125 | 10.30 | $1,287.50 |
| Renuka Nagaraj | Joined firm in 2007. Project Assistant since July 16, 2007. | $125 | 22.20 | $2,775.00 |
| **TOTAL** | | | **147.70** | **$47,423.50** |

Summaries of compensation by category and expenses are attached.

| | |
|---|---|
| Grand Total | $47,423.50 |
| Attorney Compensation | $41,615.00 |
| Total Attorney Hours | 105.50 |

Dated: July 18, 2008
Washington, DC

*Lorelie S. Masters* (signature)

Lorelie S. Masters
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6076 (direct)
(202) 639-6066 (fax)
Lmasters@jenner.com

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Insurance Issues (V) | 147.70 | $47,423.50 |
| **TOTAL** | **147.70** | **$47,423.50** |

# EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Facsimile | | $0.00 |
| Long Distance Telephone | | $2.50 |
| In-House Reproduction (Duplication/Printing) | 1,894@ $.11/pg. $.01 finishing on colored paper | $208.35 |
| Outside Reproduction | Access Litigation | $89.97 |
| Legal Research | Westlaw | $167.31 |
| Filing/Court Fees | | $0.00 |
| Court Reporting | | $0.00 |
| Travel Expenses | Jason R. Donovan 11/1-2/07 and 11/7-9/07 | $2,124.70 |
| Inside Courier & Expense Carriers | | $0.00 |
| Outside Courier & Expense Carriers | UPS | $11.01 |
| Postage | | $0.00 |
| Binding | | $0.00 |
| Business Meals | | $0.00 |
| Document Retrieval | | $0.00 |
| Record Retrieval | | $0.00 |
| Professional Services | | $0.00 |
| JENNER Service Corp | | $0.00 |
| Information Services | | $0.00 |
| Overtime | | $0.00 |
| Stationery Supplies | | $0.00 |
| **TOTAL** | | **$2,603.84** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : Objection Deadline: September 10, 2008, at 4:00 p.m. |

## SECOND MONTHLY APPLICATION OF JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONALS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2007, THROUGH NOVEMBER 30, 2007

Pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 24, 2007 [Docket No. 389] (the "Administrative Order"), Jenner & Block LLP ("Jenner") hereby files this First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period From November 1,

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

2007, through and including November 30, 2007 (the "Application"). By this Application, Jenner seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of $47,423.50 as compensation and $2,603.84 for reimbursement of actual and necessary expenses for a total of $50,027.34 for the period November 1, 2007, through and including November 30, 2007 (the "Compensation Period"). In support of this Application, Jenner respectfully represents as follows:

## **Background**

1. On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, New Century TRS Holdings, Inc., New Century Mortgage Corporation, NC Capital Corporation, Home123 Corporation, New Century Credit Corporation, NC Asset Holding, L.P., NC Residual III Corporation, NC Residual IV Corporation, New Century R.E.O. Corp., New Century R.E.O. II Corp., New Century R.E.O. III Corp., New Century Mortgage Ventures, LLC, NC Deltex, LLC and NCoral, L.P. (collectively, the "April 2 Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On August 3, 2007 (the "NC Warehouse Petition Date"), New Century Warehouse Corporation ("NC Warehouse")[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors' retention of Jenner became effective on "negative notice." The notice period elapsed without objection on July 16, 2008, at which time approval of Jenner became effective. Jenner therefore is authorized to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. Pursuant to the Order Authorizing Retention of Professionals Utilized in the Ordinary Course of Business Pursuant to Sections 327

---

[2] The April 2 Debtors and NC Warehouse are referred to collectively herein as the "Debtors."

and 328 of the Bankruptcy Code [Docket No. 569], this is an application requesting an amount in excess of the $35,000.00 monthly cap applicable to Jenner.

### Compensation Paid and Its Source

4. All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

5. Except to the extent of the retainer paid to Jenner as described in the application seeking approval of Jenner's employment by the Debtors during the period covered by this Application, Jenner has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jenner and any other person other than the directors of Jenner for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

6. The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

### Actual and Necessary Expenses

7. A summary of actual and necessary expenses and back-up for expenses incurred by Jenner during the Compensation Period is attached hereto as Exhibit B. Jenner charges all of its bankruptcy clients $.11 per page for photocopying expenses. Jenner only charges for

international long-distance carrier charges for outgoing facsimile transmissions and those charges (if any) are reflected in the long-distance telephone charges.

8. Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), Jenner pays flat monthly fees for use of Westlaw and Lexis. Due to a positive ratio of usage to the flat fees, the firm enjoys significant discounts from the online services' standard rates. Jenner passes on all such discounts, in full, to our clients.

9. Jenner believes the foregoing rates are the market rates that the majority of law firms charges clients for such services. In addition, Jenner believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

10. The directors and associates of Jenner who have rendered professional services in these cases are as follows: Lorelie S. Masters and Jason D. Donovan. The paraprofessionals of Jenner who have provided service to these attorneys in these cases are as follows: Lilia V. Rozhkova, Omar N. Khan, and Renuka Nagaraj.

11. Jenner, by and through the above-named persons, has advised the Debtors on a regular basis with respect to insurance coverage issues in connection with this bankruptcy proceeding, and has performed all necessary professional services which are described and narrated in detail hereinafter.

**Summary of Services by Project**

12. The services rendered by Jenner during the Compensation Period are limited to advice and counseling regarding the Debtor's directors and officers (D&O), errors and omissions

4

(E&O), and other types of insurance and coverage for outstanding claims under such insurance. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

A. Insurance

Fees: $47,423.50; Total Hours: 147.70.

This category includes work on all matters related to New Century's insurance policies or coverage and efforts to obtain insurance coverage for claims against New Century.

**Valuation of Services**

13. Attorneys and paraprofessionals of Jenner have expended a total of 147.70 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Lorelie S. Masters | 26.80 | $525 |
| Jason D. Donovan | 78.70 | $350 |
| | | |
| PARAPROFESSIONALS | HOURS | HOURLY RATE |
| Lilia A. Rozhkova | 9.70 | $180 |
| Omar N. Khan | 10.30 | $125 |
| Renuka Nagaraj | 22.20 | $125 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of the services rendered by Jenner to the Debtors during the Compensation Period is $47,423.50.

14. In accordance with the factors enumerated in § 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a

5

RLF1-3304777-1

case under this title. Moreover, Jenner has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that the Court enter an order providing that for the Compensation Period, an allowance be made to Jenner in the sum of $47,423.50 as compensation for necessary professional services rendered, and the sum of $2,603.84 for reimbursement of actual necessary costs and expenses, for a total of $50,027.34, and that such sums be authorized for payment less what has been paid previously to Jenner pursuant to the Administrative Order, and for such other and further relief as this Court may deem just and proper.

Dated: July 18, 2008
Washington, DC

*Lorelie S. Masters*
Lorelie S. Masters
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6076 (direct)
(202) 639-6066 (fax)
Lmasters@jenner.com

# VERIFICATION

| CITY OF WASHINGTON | ) |
|---|---|
| | ) ss.: |
| DISTRICT OF COLUMBIA | ) |

Lorelie S. Masters, being duly sworn according to law, deposes and says:

a) I am a partner with the applicant firm, Jenner & Block LLP, and I am a member in good standing of the bars of the District of Columbia and the state of New York.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers at my firm, Jenner & Block LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
Lorelie S. Masters

SWORN AND SUBSCRIBED before me
this 18th day of July, 2008.

_____
Notary Public
My Commission Expires: 2-14-2010

Mary E. Hassine
Notary Public, District of Columbia
My Commission Expires 02-14-2010