# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE
### 824 North Market Street
### Wilmington, Delaware 19801

CHAPTER 11

In Re:

NEW CENTURY TRS
HOLDINGS, INC, a Delaware
corporation, et al.,

Debtors.

CASE NO. 07-10416-KJC

Hearing Date:_____
Hearing TIME (ET):_____

Objection Deadline
(ET):_____

MOTION FOR RELIEF FROM STAY AND
MOTION TO COMPEL DISCOVERY

**ANITA B. CARR'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH
CALIFORNIA SUPERIOR COURT CASE AND MOTION TO COMPEL DISCOVERY.**

## BACKGROUND

Anita B. Carr originally purchased her home at 11801 Bloomington Way in Dublin, California in
Alameda County in January of 1999.

Subsequently Ms. Carr was approached by an employee of HOME123 Corporation, now known to
be a subsidiary or affiliate of New Century Mortgage Corporation, who offered a refinance of the
mortgage loan with better terms. This refinance loan closed on January 25, 2006. Ms. Carr was
instructed to make payments using the payment stubs for New Century Mortgage Corporation.
Both of these entities are/were corporations in California. NEW CENTURY NORTGAGE CORP
is a notorious subprime predatory lender now under federal grand jury investigation.

On March 16, 2007 the California Corporations Commissioner ordered both NEW CENTURY
MORTGAGE CORPORATION and HOME123 CORPORATION to discontinue violations of
unsafe and injurious practices pursuant to California Financial Code Sections 50321 and 50322
AND issued a desist and refrain order pursuant to California Financial Code Section 22712.

On October 4, 2007 the California Corporations Commissioner revoked the residential mortgage lender and residential mortgage loan servicer license of NEW CENTURY MORTGAGE CORPORATION.

On October 4, 2007, The California Corporations Commissioner revoked the residential mortgage lender license of HOME123 Corp.

On April 2, 2007 the bankruptcy for this debtor, NEW CENTURY TRS HOLDINGS INC, et al., was filed in this court.

On March 20, 2009 in the Superior Court of California in Alameda County, ANITA B. CARR, pro se, filed a complaint against NEW CENTURY MORTGAGE CORP/HOME123 CORP and eight other named defendants.
This is case # RG09442589, a copy of which has been scanned into PACER after it was mailed to the Delaware Bankruptcy Court. Judge Patrick J. Zika, Dept. 24 is presiding over this matter. The case is filed under 'Anita B. Carr' in PACER for 07-10416 KJC.

Also to note is that a Telephonic Hearing was conducted by Judge Kevin Carey on or about March 4, 2009 with Anita B. Carr and Elizabeth A. Sloan, who is counsel for New Century. The matters discussed were the lack of response to the QWRs (Qualified Written Request) and Ms. Carr's request for production of the 'Original Promissory Note'.

Ms. Sloan subsequently emailed Ms. Carr stating that since neither New Century Mortgage Corp or HOME123 Corp owned her mortgage loan or currently serviced it, they were not obliged to answer the QWRs. Ms. Sloan also indicated the 'debtors' were not in possession of the 'Original Promissory Note'.

New Century Mortgage Corp was the loan servicer for Ms. Carr's loan until May of 2006.

Ms. Carr's complaint in California is for Fraud, TILA violations, Wrongful Foreclosure, slander of title, RESPA violations, unjust enrichment, civil conspiracy, and other violations of California laws & other laws etc.

ANITA B. CARR respectfully requests this court to Grant the Relief from the Automatic Stay and to Compel Discovery. Every Defendant in Ms. Carr's complaint has been served with First Discovery-Interrogatories-Admissions-Request for Document Production. Attorney Elizabeth Sloan of Blank Rome, LLP received that service on May 21, 2009.

Ms. Carr has suffered significant harm from the wrongful foreclosure & unlawful detainer action. Ms. Carr is still residing on her property at 11801 Bloomington Way in Dublin, CA 94568.

It is imperative that New Century Mortgage Corp/HOME123 Corp be tried along with the other named defendants in Anita B. Carr's complaint.

Significant issues in this case are, aside from the fraud etc., irregular & illegal recordings at the Alameda County Recorder's Office, questionable signatures on those recordings, possible forgery, lack of complete chain of title to the property, multiple sales of the same mortgage note/deed by New Century Mortgage Corp to several different entities concurrently and concealment of the true lender's name at closing on the loan. In other words—HOME123 Corp. was only the 'pretender lender'.

One suspect signature by a V.P (vice president) of HOME123 Corp occurred on May 22, 2007, after the Chapter 11 was filed. This was on a recorded document titled 'Corporation Assignment of Deed of Trust' granting the deed to U.S. Bank N.A.. There is handwritten backdating on the document and it must be determined 'whose' handwriting that is. A verification of the suspect V.P.'s signature must be done by examining the employment records of said individual, who purports to work at & be authorized by HOME123 Corp.

There are also out of sequence property recordings with respect to Ms. Carr' property.

KPMG has been named as a defendant in Ms. Carr's complaint. Discovery from NEW CENTURY MORTGAGE CORP will be essential to determining the extent of the negligence by KPMG.

Discovery from NEW CENTURY MORTGAGE CORP & HOME123 CORP is critical to Ms. Carr's case.

Judge Zika has set a September 25, 2009 case management hearing, which had been originally scheduled for June 4, 2009.

## RELIEF REQUESTED

### Relief From the Automatic Stay is Warranted Under 11 U.S.C. § 362(d).

Anita B. Carr seeks relief from the automatic stay to proceed with the Superior Court of California of Alameda County Action to final judgment. Anita B. Carr seeks the set aside of the wrongful foreclosure & also quiet title to her property and other remedies that the California courts may determine with respect to fraud, TILA violations, RESPA and other actions listed in the complaint. Real property is at stake in this matter, albeit New Century Mortgage Corp & HOME123 Corp claim to have sold the note/deed on subject property to a JP Morgan Chase entity in February of 2006. There is initial evidence that at loan closing on Jan. 25, 2006, there was a 'ghost' entity, Deutsche Bank/Bankers Trust, who also claims to own the interest in subject property & the note/deed. Anita B. Carr needs to determine the identities of the investor(s) who purchased MBS (Mortgage Backed Securities) and who may be the actual & true holders of the note/deed on subject property. The case is complex.

### The "Balancing Test" Also Compels Relief From the Stay

Courts have widely found that the kind of facts and circumstances present in this case constitute "cause" for modifying the automatic stay to permit parties to conclude pending litigation. In addition, courts in the Third Circuit separately have approached the issue of stay relief by applying

a balancing test between the interests of the bankrupt estate and the movant. For example, in deciding to lift the stay in favor of the movant, the Delaware Bankruptcy Court in *Rexene* considered three factors in its analysis. Those factors are:

1. whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the suit.

2. whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

3. the probability of the creditor prevailing on the merits.

*In re Rexene Prods. Co.,* 141 B.R. 574 (Bankr. D. Del. 1992). The United States District Court of Delaware applied this same test in affirming stay relief for the movant *in re Continental Airlines, Inc.,* 152 B.R. 420 (D. Del. 1993).

Even more recently, the Delaware Bankruptcy Court has considered the three *Rexene* factors along with the general "policies underlying the automatic stay," which include the twelve factors followed by the United States Court of Appeals for the Second Circuit in *Sonnax*. *In re W.R. Grace & Co., et al.,* 2007Bankr. LEXIS 1214, *12 (Bankr. D. Del. 2007); *see also In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984). The *Sonnax* factors are:

1. whether the relief would result in a partial or complete resolution of the issues;

2. lack of any connection with or interference with the bankruptcy case;

3. whether the other proceeding involves the debtor as a fiduciary;

4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5. whether the debtor's insurer has assumed full responsibility for defending it';

6. whether the action primarily involves third parties;

7. whether litigation in another forum would prejudice the interests of other creditors;

8. whether the judgment claim arising from the other action is subject to equitable subordination

9. whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

10. the interests of judicial economy and the expeditions and economical resolution of litigation;

11. whether the parties are ready for trial in the other proceedings; and

12. impact of the stay on the parties and the balance of harms.

*Id.* Courts have been clear that not all the factors will be implicated in every case. *See Mazzeo v. Lenhart (In re Mazzeo),*167 F.3d 139, 143 (2d Cir. 1999), *In re Enron Corp,* 306 B.R. 465m 476 (Bankr. S.D.N.Y. 2004). However, the factors that are applicable here plainly favor the lifting of the automatic stay to allow the Superior Court of California case to proceed.

Dated _6/22/09_

Anita B. Carr, pro se _____

DECLARATION

**"I Anita B. Carr, declare under penalty of perjury under the laws of the State of California and the United States, that this Motion for Relief from Stay is filed in good faith.**

Dated _6/22/09_

Anita B. Carr, pro se _____