## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NEW CENTURY TRS HOLDINGS,** | : | **Case No. 07-10416 (KJC)** |
| **INC., a Delaware corporation, et al.,**[1] | : | |
| | : | Hearing Date: July 22, 2009 at 1:00 p.m. |
| **Debtors.** | : | Objection Deadline: July 15, 2009 |
| | : | |
| | : | |

## OBJECTION OF THE NEW CENTURY LIQUIDATING TRUST TO ANITA B. CARR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH CALIFORNIA SUPERIOR COURT CASE AND MOTION TO COMPEL DISCOVERY

The New Century Liquidating Trust (the "Trust"), by and through Alan M. Jacobs, as its

Bankruptcy Court appointed Liquidating Trustee (the "Trustee"), by and through its co-counsel,

Hahn & Hessen LLP and Blank Rome LLP, hereby submits this objection (the "Objection") to

Anita B. Carr's Motion for Relief from the Automatic Stay to Proceed with California Superior

Court Case and Motion to Compel Discovery (the "Motion") and respectfully represents as

follows:

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

## GENERAL BACKGROUND

1. On April 2, 2007, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Until August 1, 2008 when the Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors (the "Committee") Dated as of April 23, 2008 (the "Plan") became effective, the Debtors continued in the management and operation of their businesses pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee has been appointed in these cases.

2. On July 2, 2008, based on a fully developed evidentiary record, this Court issued its Opinion and Order Regarding the Opinion on Confirmation of the Plan (together, the "Confirmation Opinion"), which overruled an objection to confirmation of the Plan filed by former employees Gregory J. Schroeder, Michelle Park, Martin Warren, Steve Holland and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Deferred Compensation Plans"), for themselves and all other similarly situated beneficiaries of the New Century Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries") and approved confirmation of the Plan subject to the entry of a confirmation order to be submitted by the Debtors and the Committee.

3. On July 15, 2008, the Court entered the Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Confirmation Order"). The Order Amending the Confirmation Order was entered on July 22, 2008.

4. On July 14, 2008, the Beneficiaries filed a Notice of Appeal of the Confirmation

2

Opinion (the "First Appeal"). On July 24, 2008, the Beneficiaries filed a Notice of Appeal of the Confirmation Order (the "Second Appeal" and together with the First Appeal, the "Appeal").[2]

5.     On August 1, 2008 (the "Effective Date"), the Plan became effective. Pursuant to the terms of the Plan, on the Effective Date the New Century Liquidating Trust Agreement (the "Trust Agreement") was executed, thereby creating the Trust and appointing Alan M. Jacobs as Trustee of the Trust. On the Effective Date, among other things, all Assets of the Debtors[3] (excluding Access Lending Assets but including Access Lending Interests) were distributed to the Trust, and all of the remaining officers of the Debtors and members of the Debtors' Boards of Directors ceased to serve in those capacities by operation of the Confirmation Order.

6.     On August 4, 2008, the Notice of (I) Entry of Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (II) Effective Date and (III) Bar Dates for Administrative Claims, Professional Fee Claims, Subordination Statements, and Rejection Damage Claims (the "Notice of Effective Date") was filed.

7.     Pursuant to Article 13. A. of the Plan and paragraph 9 of the Confirmation Order, on or after the Effective Date, any party who has held, currently holds or may hold Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date is permanently enjoined from commencing or continuing an action or other proceeding in any manner against the Trust, the Trustee or the Estates (the "Plan Injunction").

8.     Briefing on the Appeal was completed on February 24, 2009.

9.     On June 16, 2009, the District Court issued a Memorandum Opinion and Order

---

[2] The First Appeal and the Second Appeal were subsequently consolidated into a single appeal before the United State District Court for the District of Delaware (the "District Court").

[3] All capitalized terms not herein defined shall have the same meaning ascribed to them in the Plan

3

regarding the Appeal (together, the "Order Reversing Confirmation"). The Order Reversing Confirmation was entered on June 17, 2009.

10. On June 24, 2009, the Trust filed with the District Court (i) the Motion for Rehearing on the Motion to Dismiss for Equitable Mootness Pursuant to Federal Rule of Bankruptcy Procedure 8015 or, in the Alternative, for Clarification of Order Reversing Confirmation (the "Rehearing Motion") and (ii) the Motion for a Stay, Pursuant to Federal Rule of Bankruptcy Procedure 8017 of the Order Reversing Confirmation Pending (I) the Court's Final Decision on Appellees' Motion for Rehearing or (II) if the Court (A) Decides that a Rehearing is not Warranted or (B) Upholds its Order Denying the Motion to Dismiss and Reversing Confirmation, Appeal to the Third Circuit Court of Appeals (the "Stay Motion").

11. The District Court entered the Memorandum Order on June 26, 2009 denying the Rehearing Motion but granting the Stay Motion.

## RELEVANT BACKGROUND

12. On or about January 25, 2006, Anita B. Carr (the "Claimant") executed an Adjustable Rate Balloon Note (the "Note") for a loan issued by Debtor Home 123 Corporation ("Home123") for $782,000 in connection with property located at 11801 Bloomington Way, Dublin, CA 94568 (the "Loan"). A copy of the Note is attached hereto as Exhibit "A."

13. Pursuant to the Mortgage Loan Sale and Interim Servicing Agreement (the "MLSA") between Debtor New Century Mortgage Corporation and J.P. Morgan Mortgage Acquisition Corp. ("JPMorgan"), dated February 1, 2006, the Loan was transferred to JPMorgan and later service released to Chase Manhattan Mortgage, a subsidiary or affiliate of JPMorgan, on May 1, 2006. In accordance with the MLSA, all original loan files would have been transferred at the direction of JPMorgan. A copy of the MLSA is attached hereto as Exhibit "B." The Debtors did not retain any interest in the Loan subsequent to transfer and release of

servicing.

14.     On or about February 23, 2009, the Claimant filed the Emergency Motion to Stay Eviction (the "Motion to Stay Eviction") [D.I. 9347], seeking an order of the Court to stay the foreclosure proceedings commenced in connection with the Loan by the then-current third party servicer.

15.     On March 3, 2009, the Trust filed the Limited Objection of the New Century Liquidating Trust to Anita Carr's Motion for Emergency Stay of Eviction [D.I. 9350] asserting that as the Debtors have no interest in the Loan, the Debtors have no control over any proceedings that may have been commenced against the Claimant's property.  Furthermore, the Trust asserted that since the Debtors have no interest in the Loan, the Court does not have jurisdiction to hear this matter.

16.     In a telephonic hearing before the Honorable Judge Carey held on March 4, 2009, (the "March 4 Hearing") the Court determined that it did not have jurisdiction to hear the matter; however, the Court directed the Trust to either provide the Claimant with a copy of the Note or take reasonable steps to find the original Note on an expedited basis.  On March 10, 2009, the Court entered the Order Denying Anita Carr's Motion for Emergency Stay of Eviction for the reasons stated on the record on March 4, 2009 [D.I. 9371].

17.     Subsequent to the March 4 Hearing, professionals for the Trust conducted a search pursuant to the Court's instructions.  Pursuant to the terms of the MLSA, however, the Debtors were required to forward certain legal documents, including the original Note to a document custodian as provided by the purchaser of the Note.  Thus, the Debtors relinquished possession of the original Note pursuant to the transfer of the loan to JPMorgan on February 1, 2006 and retained only a copy of the Note.  Counsel for the Trust provided a copy of the Note to

Claimant by electronic mail on March 4, 2009. A copy of the email is annexed hereto as Exhibit "C."

18.     On or about April 23, 2009, the Claimant filed the Notice of Adverse Action [D.I. 9604] stating that she had commenced an action on or about March 20, 2009 against several parties including the Debtors in the Superior Court of California in Alameda County, case number RG09442589 (the "CA Action"). In the CA Action, the Claimant alleges multiple causes of action, including but not limited to alleged fraudulent acts committed by several parties in connection with the issuance of the Loan, the sale of the Loan, the foreclosure of the Loan and subsequent foreclosure sale of the underlying property.

19.     On or about April 20, 2009, the Trust filed a Notice of Stay of Proceedings in the CA Action, which stated, *inter alia*, that the CA Action was stayed as to New Century Mortgage Corp. and Home123 Corp. pursuant to this Court's Confirmation Order, which the Trust attached to the Notice of Stay of Proceedings.

20.     The Claimant has not commenced an adversary proceeding in this Court nor has the Claimant filed a proof of claim in these bankruptcy cases.

## RELIEF REQUESTED

21.     The Trust respectfully requests that the Court enter an order denying the Claimant's Motion for relief from the automatic stay under section 362 of the Bankruptcy Code to proceed with the CA Action and to compel the Trust to comply with discovery in the CA Action.

22.     As an initial matter, the Claimant's request for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code is not proper because the Claimant is barred by the Plan Injunction from bringing any action against the Debtors.

23.     In addition, the Claimant should not be granted relief from the automatic stay

130566.01600/40182161v.1

because the Claimant failed to commence an action prior to the Petition Date or during the pendency of these bankruptcy cases in any jurisdiction. Further, the Claimant failed to bring an adversary proceeding in this Court and failed to file a proof of claim against the Debtors. By virtue of the various bar dates established in these bankruptcy cases, the Plan and the Confirmation Order, which became operative on the Effective Date, the Claimant is now enjoined from commencing the CA Action against the Debtors or proceeding in any manner to compel discovery or otherwise as the CA Action is in connection with the purchase and transfer of a Loan which occurred prior to the Effective Date. See MCI Worldcom Network Servs. v. Graphnet, Inc., 2005 U.S. Dist. LEXIS 40835, 38-40* (D.N.J. 2005) (dismissing a counterclaim and a third party complaint that arose prior to the effective date of the plan but filed after the effective date pursuant to a permanent injunction in the plan and confirmation order).

24.     Furthermore, the Trust has complied with the Court's directive and has given the Claimant a copy of the original Note as a result of the transfer of this Loan to JPMorgan in accordance with the terms of the MLSA.

25.     Accordingly, the Claimant is not entitled to relief from the stay pursuant to section 362 of the Bankruptcy Code where the Claimant is barred by the Plan Injunction from commencing any action against the Debtors.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, the Trust requests that the Court enter an order denying the Motion and granting such other and further relief as may be appropriate.

130566.01600/40182161v.1

Dated: Wilmington, Delaware
July 15, 2009

BLANK ROME LLP

By
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
Elizabeth A. Sloan (No. 5045)
1201 Market Street, Suite 800
Wilmington, Delaware  19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn: Mark S. Indelicato
        Huria N. Patwardhan

*Co-Counsel to the New Century Liquidating*
*Trust*

130566.01600/40182161v.1