UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re | Bk. No. 07-10416-KJC |
|---|---|
| New Century TRS Holdings, Inc., a Delaware corporation, et al.[1], | Chapter 11 |
| Debtors. | |
| Alan M. Jacobs, as Liquidating Trustee, of the New Century Liquidating Trust, | Adv. No. **Refer to Summons** |
| Plaintiff, | |
| vs. | |
| Home Mortgage Finance Group, Corp., | |
| Defendant. | |

## COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. §542]

Plaintiff, Alan M. Jacobs, as Liquidating Trustee ("Liquidating Trustee") of the New Century Liquidating Trust (the "Trust") hereby files this Complaint for Turnover for Property of the Estate and, in support thereof, states:

### JURISDICTIONAL ALLEGATIONS

1. These bankruptcy cases were commenced by the filing on April 2, 2007 (the "Petition Date") of petitions under Title 11 of the United States Code (the "Bankruptcy Code").

2. On July 15, 2008, the Court entered the Order, as amended (the "Confirmation Order"), Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 as amended (the "Plan").

---

[1] The pre-petition debtors (the "Debtors") were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

-1-    COMPLAINT
NCF651006203 - Home Mortgage Finance Group, Corp. -    F:\WP\MM\NCF\S1\BATCH1\C-006203.WPD / 05Aug09, 10:53

3. On August 1, 2008 (the "Effective Date"), the Plan became effective and pursuant to the terms thereof, the New Century Liquidating Trust Agreement (the "Trust Agreement") was executed, thereby creating the Trust and appointing Alan M. Jacobs as the Liquidating Trustee of the Trust. On the Effective Date, among other things, all assets of the Debtors (excluding Access Lending Assets but including Access Lending Interests) were distributed to the Trust. Included in the assets of the Debtors were the contractual and property rights asserted herein.

4. This adversary proceeding arises out of and is related to the above-captioned case pending before this United States Bankruptcy Court. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. The cause of action set forth herein involves the determination, allowance and amount of claims pursuant to 11 U.S.C. § 542 and, as such, constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is based on 28 U.S.C. §§ 1408 and 1409.

6. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation organized under the laws of the State of Florida.

7. The instant complaint (the "Complaint") initiates an adversary proceeding in which Plaintiff seeks to recover from Defendant a debt that is property of the estate and that is matured and payable on demand and which must be paid to the Trust under 11 U.S.C. § 542.

**FIRST CLAIM FOR RELIEF**
**(FOR TURNOVER OF PROPERTY TO THE ESTATE**
**PURSUANT TO 11 U.S.C. § 542(b))**

8. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

9. Defendant (also referred to herein as the "Seller") and one or more of the Debtors (also referred to herein as the "Purchaser") entered into one or more Loan Purchase and Sale Agreement(s) (the "Agreement(s)"). A copy of the Agreement(s) is/are attached hereto as "Exhibit A."

10. Pursuant to the terms of the Agreement(s), the Liquidating Trustee has the right to recover for the Trust damages from Defendant for the repurchase and/or the indemnification of under-performing, non-performing or defaulted loans. These claims are comprised of: (i) a right to full indemnification from any loss incurred by one or more of the Debtors, and/or (ii) damages from a breach of certain warranties concerning the financial condition of the borrowers and the status of the loan at the time of purchase by one or more of the Debtors.

**The Indemnification Claim.**

11. Section VI (Remedies) of the Agreement(s) states, in pertinent part, that the Debtors "shall have the right and standing to . . . specifically enforce Seller's obligation to indemnify Purchaser." Specifically, "Seller's indemnity obligation extends to all demands on Purchaser by any third party . . . to indemnify as to . . . a Loan sold by Purchaser to that third party . . ." This indemnity obligation under the Agreement is independent of any indemnity obligation for any breach of warranty or representation.

12. Indemnification claims are those claims that have been scheduled for payment in the Debtors' bankruptcy case. The Order confirming the Plan allows the filing of claims based on Early Payment Default ("EPD") losses and calculates such claims based on a Claims Protocol. A copy of the Claims Protocol as provided in the Plan is attached hereto as "Exhibit B."

13. Specifically, the Claims Protocol set the value of any EPD claim based upon the state of the individual loan default. If a loan was 31-60 days delinquent on the Petition Date, the investor's claim was set at 15% of the unpaid balance. If the loan was 60-90 days late, the claim was set at 20%, over 90 days the claim was set at 30%, in foreclosure the claim was set at 40%, and if bank-owned, the claim was set at 45%. The total amount of EPD Claims relating to the Agreements for which Seller is obligated to indemnify Purchaser is $207,463.96 (the "Indemnification Claim")

**Summary of Amount at Issue**.

14. A summary of the specific correspondent loans at issue as referenced in the Agreement(s) and the accounting of the losses incurred by one or more of the Debtors is attached hereto as "Exhibit C." To date, one or more of the Debtors have incurred losses on account of the Indemnification Claim as set forth above in the total aggregate amount of $207,463.96 due to the under-performing/non-performing/defaulting loans that Defendant sold to one or more of the Debtors and for which Defendant is responsible based on the indemnification provisions of the Agreement(s).

15. The Indemnification Claim amount owed to one or more of the Debtors under the Agreement(s) is a debt that is property of the estate, and is a debt that is matured, payable on demand or payable on order.

16. The Liquidating Trustee has made demand for the turnover of $207,463.96 on account of the Indemnification Claim.

17. Defendant must pay $207,463.96 on account of the Indemnification Claim to the Liquidating Trustee pursuant to 11 U.S.C. § 542(b).

**SECOND CLAIM FOR RELIEF
(DISALLOWANCE OF ALL CLAIMS
PURSUANT TO 11 U.S.C. § 502(d) & (j))**

18. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19. Pursuant to 11 U.S.C. 502(d), any and all claims of the Defendant against the estate or the Plaintiff must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

20. Pursuant to 11 U.S.C. 502(j), any and all claims of the Defendant, and/or its assignee, against the estate or the Plaintiff previously allowed by the Debtors or the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. $207,463.96 on account of the Indemnification Claim is property of the estate subject to turnover;

2. Plaintiff shall recover $207,463.96 on account of the Indemnification Claim, together with prejudgment interest thereon, at the legal rate allowed under 28 U.S.C. § 1961 from the Petition Date;

3. Disallowing any claims of the Defendant, and/or its assignee, if it refuses to turn over any transfers to the Plaintiff pursuant to Section 502;

4. Pursuant to the Agreement(s), Plaintiff is entitled to recover his attorneys' fees and costs incurred in this suit; and

5. Such other and further relief as this Court may deem necessary and proper.

Dated: August 5, 2009                 By      /s/  *Ronald S. Gellert*

Local Counsel                   Ronald S. Gellert, Esq.  DE 4259
            Tara Lattomus, Esq.  DE 3515
            Brya Keilson, Esq.  DE 4643
            ECKERT SEAMANS CHERIN & MELLOTT, LLC
            300 Delaware Avenue, Suite 1210
            Wilmington, DE 19801
            **Telephone:** (302) 425-0430  Fax: (302) 425-0432

            and

Primary Counsel
(Please Contact Primary Counsel)   Joseph L. Steinfeld, Jr., DC SBN 297101,
            MN SBN 0266292, VA SBN 18666
            Gary D. Underdahl, MN SBN 0301693
            A·S·K FINANCIAL LLP
            2600 Eagan Woods Drive, Suite 400
            St. Paul, MN  55121
            **Telephone:** (651) 406-9665  ext. 857   **Fax:** (651) 406-9676

            Attorneys For Plaintiff, Alan M. Jacobs, as Liquidating Trustee,
            of the New Century Liquidating Trust