IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Pierre Richard Augustin, Private Attorney General, Ex Rel )
Consumer Creditor )
)
V. )
) No. 07-10416
IN RE NEW CENTURY TRS HOLDING )
IN RE NEW CENTURY LIQUIDATING TRUST )
Debtor )



Requesting Party : Pierre R. Augustin, Private Attorney General, Ex Rel, Consumer Creditor
Responding Party: New Century Liquidating Trust ("Trust")

**Motion to Oppose Trust's Objection Filed on August 18, 2009
With Provided Proof That Trust, As Officer of the Court, Has Made False Statement
and Misrepresentation to the Court of Not Receiving Document Sent by Mr. Augustin**
*Modern Money Mechanics is attached as exhibit*

The Request For Admission is in accordance with the "original intent" of the Advisory Committee Notes on the 1970 Amendments to Rule 36 of FRCP (see also 71 Yale L.J. 371 (1962)) for narrowing and eliminating issues before the trial. **The purpose of an admission is not to discover a fact, but to establish a fact conclusively.** A request for admission is a close-ended inquiry, I.e., it requires, either by admission or denial, an answer that is unambiguous, unequivocal and without evasion (walker v. Employers Insurance of Wausau, 846 N.E.2d 1098 (Ind. Ct. App. 2006)).

I. Notes of Advisory Committee for Rule 36

**Subdivision (e).**
"The revision also clarifies that the obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions, but not ordinarily to deposition testimony. "

**Subdivision (b)(1).**
"The amendments also modify the provision regarding discovery of information not admissible in evidence. As added in 1946, this sentence was designed to make clear that otherwise relevant material could not be withheld because it was hearsay or otherwise inadmissible. The amendments also modify the provision regarding discovery of information not admissible in evidence. As added in 1946, this sentence was designed to make clear that otherwise relevant material could not be withheld because it was hearsay or otherwise inadmissible. The Committee was concerned that the "reasonably

Tracking#: EH 831054725 US                                                                 1

calculated to lead to the discovery of admissible evidence" standard set forth in this sentence might swallow any other limitation on the scope of discovery. Accordingly, this sentence has been amended to clarify that information must be relevant to be discoverable, even though inadmissible, and that discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence."

## II. FRCP 37

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling disclosure or discovery. More specifically, Rule 37(a)(3)(A)-(B) allows a party to move to compel discovery when another party has failed to properly answer discovery request or fail to produce documents pursuant to a discovery request. Further, under Rule 37(a)(4), "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclosure, answer to respond."

Rule 33(b)(3) requires that a party fully answer each interrogatory that is not objected to. A party to whom an interrogatory is propounded "must provide true, explicit, responsive, complete and candid answers." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996). The answers received from the Trust are incomplete, evasive or otherwise non-responsive. In general, a responding party is required to provide full answers to interrogatories, which include all information within that party's knowledge and control (Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401 (N.D. Ill. 2007)). Also, interrogatories are not an undue burden when New Century Mortgage's operations were computerized and the information can be found with minimal effort (PHE, Inc. v. Department of Justice, 139 F.R.D. 249 (D.D.C. 1991)).

### 1. Response in Opposition to Trust's Objection number 18 on page 5

First of all, Consumer Creditor denied having received any written answers on May 13, 2009. After receiving the order from the court to provide answers to the Trust by July 15, 2009, Consumer Creditor reminded and made a proper request that stated that he had not received any answers to his motion to compel granted by the Court. Here is one of the response from the Trust:

> -----Original Message-----
> From: Sloan, Elizabeth <Sloan@BlankRome.com>
> To: hdmhos@aol.com
> Sent: Thu, Jul 9, 2009 4:43 pm
> Subject: New Century
>
> Pierre,
> As requested, attached is docket No. 9373 as well as New Century's Objection to your Motion to Compel. I did not include all of the attachments on the Objection to the Motion to Compel, as the documents were very voluminous, and we already sent a copy of the Objection and all attachments to you when we filed the Objection.
> Regards
> Liz

Therefore, Consumer Creditor was not in a position to object to the Trust's discovery responses.

Furthermore, Consumer Creditor objected to being painted as someone who is delaying the resolution of the dispute and demanding equal treatment and preservation of his right to fully litigate the matter transparently.

## 2. Response in Opposition to Trust's Objection number 19 on page 5

The Trust did reserve the right to further object to Consumer Creditor's discovery request using the doctrine of work product and attorney-client privilege. Therefore, Consumer Creditor rightfully stated that the Trust should not be allowed to use the work product doctrine as a device for hiding facts or evidence that are discoverable. The Trust is hoping to erect a shield for such information by mixing the hard evidence with work product materials or try to mis-characterize such evidence as work product (United States v. Dentsply Int'l, 187 F.R.D. 152 (D.Del. 1999); (United States v. Frederick, 182 F.3d 496 (7th Cir. Wis. 1999); Starlight Int's, Inc., v. Herlihy, 186 F.R.D. 626 (D.Kan. 1999)). **None of the questions posed in the combined discovery requests by Consumer Creditor falls under the category of work product doctrine or attorney-client privilege and the production of responses and documents will not reveal any classified, confidential and privileged material.**

## 3. Response in Opposition to Trust's Objection number 20 on page 5

The Trust stated that some of the requests required expert opinion. Accordingly, the rule requires the

Responding Party to make a reasonable inquiry and effort to secure information that is readily available from persons and documents within the Responding Party's relative control. The reasonable inquiry includes an investigation and inquiry of employees, agents and others who realistically may have information which might lead to or furnish, the necessary and appropriate response. Furthermore, the Trust stated as follows:

**ANSWER:** KPMG, LLP was New Century's independent registered public accounting firm. KPMG's address is 355 South Grand Avenue, Los Angeles, CA 90071. There is no record as to whether KPMG performed any services or testing in connection with the loan.

To further highlight on this point, the Trust was able to formulate a lawsuit against KPMG demanding a minimum of $1 billion for damages, who were the experts that the Trust consulted in formulating the lawsuit against KPMG questionable accounting practices? These same experts that help to pinpoint accounting violations should be able to provide the Trust the truthful answers to Consumer Creditor's discovery request.

> **KPMG faces $1bn (billion-dollar) suit over sub-prime lender New Century**
> **Accountancy giant KPMG has been hit with a billion-dollar lawsuit related to the collapse of sub-prime mortgage lender New Century Financial Corporation.**
> By Yvette Essen, Published: 7:12PM BST 02 Apr 2009
>
> A liquidating trust made up of New Century debtors have accused the accountant of covering up "catastrophic" problems, which led to its collapse. It alleged that KPMG carried out "grossly negligent audits". "As New Century's auditor, KPMG failed its public watchdog duty," the suit says, demanding at least $1bn (£680m) in damages. "The result was catastrophic." The demise of New Century in 2007 marked the start of the US housing crisis. It was one of the largest providers of home loans to people with poor credit and filed for bankruptcy amid mounting customer defaults. A flood of similar warnings on defaults followed from mortgage lenders.
>
> KPMG served as New Century's auditor since the company was formed in 1995, until April 27, 2007. It resigned after issuing 12 unqualified audit opinions on the company's financial statements. A spokesman for KPMG said: "While we have not seen the complaint yet, any claim that we acquiesced to client demands is unsupportable. "KPMG acted in accordance with professional standards in New Century, and we will vigorously defend our audit work. Any implication that the collapse of New Century was related to accounting issues ignores the reality of the global credit crisis. This was a business failure not an accounting issue."

Therefore, the logical conclusion from the answer above is that the Trust provided a false answer to a simple question and which beg the question, on what basis is the Trust now suing KPMG for a minimum of 1$ billion dollar. Furthermore, the Trust denial of facts presented in the questions for discovery are very material to Consumer Creditor's preparation for trial and his position. Once again, the requested facts are

very important and revised responses were expected ("as per the good faith effort to meet and to confer") and the Trust had ample time to conduct and exercise their due diligence to determine the validity of the request as well as reviewing and conducting their own investigation based on the supporting authority submitted (modern money mechanics) to assist their effort/investigation. The failure to make a reasonable investigation must subject the Trust to sanctions (Unique Envelope Corp. a. GS America, Inc., 331 F. Supp. 2d 643 (N.D. Ill. 2004)).

**4. Response in Opposition to Trust's Objection number 21 on page 6**

Here are the evidences that based on the Trust responses and other irrefutable facts that there were more than one account in question...

Synopsis of Trust's Answer #2

Securities, Inc. and referred to as the UBS Wet-Ink Funding line ("UBS Credit Line"). Deutsche Bank Trust Company Americas acted as trust agent to disburse the funds from the UBS Credit Line through an account with Deutsche Bank.

Synopsis of Trust's Answer #4

borrower, and thus, the question is unclear. Without waiving this objection, the Trust states that the Deutsche Bank account that was utilized to disburse the funds for the loan at issue from the UBS Credit Line is identified as Account WO-33986 4000033986 ("Deutsche Bank Account").

Synopsis of Trust's Answer #10

records reflect UBS Real Estate Securities, Inc., 1285 Avenue of the Americas, New York, NY 10019; Deutsche Bank Trust Company Americas, c/o DB Services Tennessee, Inc., Corporate Trust Operations, P.O. Box 305050, Nashville, TN 37230.

Synopsis of Trust's Answer #29

**ANSWER:** Loan number 1455340 was assigned to the loan at issue, originated on behalf of Briget Ngampa and Pierre R. Augustin,

"To understand what occurred between Debtor (NCM) and Consumer Creditor (and his wife) concerning the

alleged loan of *money* or, more accurately, *credit*, it is helpful to review a modern Federal Reserve description of a bank's lending process. *See*, David H. Friedman, MONEY AND BANKING (4 ed. 1984):

"The commercial bank lending process is similar to that of a thrift in that the receipt of cash from depositors increases both its assets and its deposit liabilities, which enables it to make additional loans and investments. ... When a commercial bank makes a business loan, it accepts as an asset the borrower's debt obligation (the promise to repay) and creates a liability on its books in the form of a demand deposit in the amount of the loan"

(Consumer loans are funded similarly.) Banks are required to adhere to Generally Accepted Accounting Principles (GAAP). GAAP follows an accounting convention that lies at the heart of the double-entry bookkeeping system called the Matching Principle. This principle works as follows:

When a bank accepts bullion, coin, currency, checks, drafts, promissory notes, or any other similar instruments (hereinafter "instruments") from customers and deposits or records the instruments as assets, it must record offsetting liabilities that match the assets that it accepted from customers. The liabilities represent the amounts that the bank owes the customers, funds accepted from customers.

Therefore, the bank's original bookkeeping entry should show an increase in the amount of the asset credited on the asset side of its books and a corresponding increase equal to the value of the asset on the liability side of its books. This would show that the bank received the customer's signed promise to repay as an *asset*, thus *monetizing* the customer's signature and creating on its books a liability in the form of a demand deposit or other demand liability of the bank. The bank then usually would hold this demand deposit in a transaction account on behalf of the customer. Instead of the bank lending its *money* or other assets to the customer, as the customer reasonably might believe from the face of the Note, the bank *created* funds for the customer's transaction account **without the customer's permission, authorization, or knowledge and delivered the *credit* on its own books representing those funds to the customer, meanwhile alleging that the bank lent the customer *money***. If Debtor (NCM)'s response to this line of argument is to the effect that it acknowledges that it lent credit or issued credit instead of money, one might refer to Thomas P. Fitch, BARRON'S BUSINESS GUIDE DICTIONARY OF BANKING TERMS, "Credit banking," 3. "Bookkeeping entry representing a deposit of funds into an account."

The publication, Anne Marie L. Gonczy, MODERN MONEY MECHANICS 7-33, Federal Reserve Bank of Chicago (rev. ed. June 1992), contains standard bookkeeping entries demonstrating that *money* ordinarily is recorded as a bank *asset*, while a bank *liability* is evidence of *money* that a bank owes. The bookkeeping entries tend to prove that banks accept cash, checks, drafts, and promissory notes/credit agreements (assets) as *money* deposited to create credit or checkbook money that are bank *liabilities* , which shows that, absent any right of setoff, banks owe *money* to persons who deposit *money* .. Cash (money of exchange) is money, and credit or promissory notes (money of account) become money when banks deposit promissory notes with the intent of treating them like deposits of cash. *See*, 12 U.S.C. Section 1813 *(l)* (1) (definition of "deposit" under Federal Deposit Insurance Act).

## 5. Response in Opposition to Trust's Objection number 22 on page 6

First of all, the Trust never identified which person, his function and title, that provided the responses to Consumer Creditor's discovery request. Also, the Trust is not a witness, Trust cannot testify, Trust cannot be allowed to give any testimony, Trust cannot testify or speak on behalf of witnesses and the Trust must provided answers that witnesses with first hand knowledge provided under oath and penalty of perjury.

Consumer Creditor hereby objects to the Trust avoidance, evasion, objection and circumvention since Rule 36(a) permit's the request to include "an application of law to fact." The Trust factual responses to Consumer Creditor's discovery questions are meritless.

Also, the Trust and the parties mentioned in Request #1 have failed to provide responses from witnesses under oath and a written certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosure/discovery responses are complete and correct. Unverified responses to discovery interrogatories and RFA are tantamount to no responses at all (Steven Garber & Associates v. Exkandarian, 59 Cal. Rptr.3d 1, 150 Cal.App. 4th 813 (2007)) and are deemed admitted for failing to conduct reasonable inquiry (A supplier was entitled to recover Rule 37 expenses where the buyer's alter ego did not conduct a reasonable inquiry before making denials of requests for admissions and did not have a reasonable basis to believe that he might prevail on the matters for which the subject admissions were sought (Unique Envelope Corp. a. GS America,Inc., 331 F. Supp. 2d 643 (N.D. Ill. 2004)). Herrera v. Scully, 143 F.R.D. 545 (S.D. N.Y. 1992) delivered the customary litany to the effect that a party who fails to respond to a request for admissions is liable to the requesting party for the reasonable expenses (including attorney's fees) incurred by the requesting party to prove the truth of the matter that was subject of the requests.

### 6. Response in Opposition to Trust's Objection number 23 on page 7

Once more, Consumer Creditor denies having received any of the information below. Since the Trust is maintaining the untrue statement that the Trust served all relevant documents to Mr. Augustin, however, Mr. Augustin had compelled the trust to provide these documents since December 2008, the court has been silent and took no action beyond the motion to compel submitted by Mr. Augustin and it has been 9 months since Trust is withholding material document that is needed by Mr. Augustin in preparation for trial.

## 7. Response in Opposition to Trust's Objection number 24 on page 7

As stated below, this is an exact copy of the email sent to the Trust on Jul 27, 2009 2:12 pm and here are the titles of the attached files as listed below in blue to the right of the symbol attachment:

> Objection_to_Discovery_7-27-2009.doc, Modern_Money_Mechanics_FRBC.pdf, HUD-Treasury_Predatory_Lending_Report.pdf, RelationshipBtwnCRAandSubprimeCrisis.pdf, Dawning_of_a_New_Age.rtf

Thus, as officer of the Court, the Trust has supplied false information to the Court and should be sanctioned for falsely stated to the Court the fact that Mr. Augustin has failed to supply a copy of "Modern Money Mechanics," its author, date of publication, etc. as wrongly and maliciously in number 24 on page 7. Now the time has come, where right must overcome wrong, truth must overcome lies, cover up and aiding and abetting to the civil conspiracy of mortgage fraud must be stop in its track so that Justice can prevail over injustice because the bank of justice in the United States of America is not yet bankrupt.



The Trust denial of Request of Admission questions has forced Consumer Creditor to submit Rule of law and Official Federal Reserve Document of Chicago, "Modern Money Mechanics"; Modern Money Mechanics is a booklet produced and distributed free by the Public Information Center of the Federal Reserve Bank of Chicago. Pursuant to Federal Rule of Evidence, Judicial notice of "Modern Money Mechanics" in federal court is based on the notion that certain undisputed facts or incontrovertible propositions exist that must be accepted as true without further proof.

The rule governing requests for admissions requires the Responding Party to make a reasonable inquiry and effort to secure information that is readily available from persons and documents within the Responding Party's relative control. The reasonable inquiry includes an investigation and inquiry of employees, agents and others who realistically may have information which might lead to or furnish, the necessary and appropriate response. The inquiry by the Responding Party may also require venturing beyond the parties to the litigation such as Modern Money Mechanics mentioned above.

## 8. Response in Opposition to Trust's Objection number 25 on page 7

Request for Admissions are not a discovery device; they are designed to narrow the issues for trial. This Court must order the Trust to pay the costs in denying Consumer Creditor's RFA if Consumer Creditor is required to prove the genuineness of a document **or the truth of a matter requested** (McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP, 243 F.R.D. 1 (D.D.C. 2007)) as exemplified by mis-statement perpetuated on Mr. Augustin to the Court that he failed "to supply a copy of Modern Money Mechanics to the Trust. The Trust did not act in good faith, disregard to the rule of fairness and blocking Mr. Augustin effort to bring factual document into evidence in preparation for trial.

## 9. Response in Opposition to Trust's Objection number 26 on page 8

As pointed out above, the Trust has misrepresented facts such as stating to this court that Mr. Augustin failed to meet and confer and falsely stated that it did not received document sent by Mr. Augustin.

In order to help Trust in conducting their due diligence to provide more accurate and truthful answers, a list of relevant federal statutes, case law and documents were suggested to the Trust. In addition, the Trust should certified under oath and state under penalty of perjury that a reasonable investigation was conducted per the "Federal Statutes, Case Law, Document & Questions" provided and produce a certified copy of the name and title and organization that provided any answers to the investigative questions below under oath and produce a certified copy to Consumer Creditor and Judge Kevin Carey for inspection and review.

## REQUESTED RELIEF

According to the United Supreme Court, the purpose behind Rule 37 of the FRCP was to protect the courts and Consumer Creditor from "delaying or harassing tactics (**such as misrepresenting facts to the Court of not receiving Modern Money Mechanics**) during the discovery process (Cunningham v. Hamilton County, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed. 184 (1999)). The Trust in filing a responsive discovery pleading on behalf of New Century Mortgage must certify that it made a reasonable effort to see to it that Debtor has provided all of the information requested (see Poole v. Textron, 192 F.R.D. 494 (D.Md. 2000) and Legault v. Zambarano, 105 F.3d 24 (1st Cir. 1997)). **According to the discovery rule, a party may obtain any information that pertains, even slightly, to any issue in the lawsuit, as long as the material sought is not legally 'privileged' or otherwise protected and [will tend to lead to admissible evidence.]**

Wherefore, Consumer Creditor respectfully request that this court issued an EMERGENCY order compelling the Trust for a full and complete response to discovery questions in accordance with FRCP Rule 36(a)(6) and Rule 37(c)(2) to not only narrow the issues before trial because the answers are crucial to Consumer Creditor's preparation for trial. The Trust's objection should be denied because, the Trust, as officer of this court, has misrepresented facts so that Mr. Augustin will just go to the motion of going to trial without entering material facts into evidence to prove his case.

Respectfully submitted,

*/s/ Pierre R. Augustin*

**Pierre R. Augustin, MPA, MBA, Private Attorney General, Ex Rel**
Plaintiff, 3941 Persimmon Drive, #102
Fairfax, VA 22031 | 617.202.8069

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion was served via email to the Trust and mailed to the court as well as,

*/s/ Pierre R. Augustin*

Pierre R. Augustin, Private Attorney General, Ex Rel, 3941 Persimmon Drive, #102
Fairfax, VA 22031, Tel: 617-202-8069

## VERIFICATION

I, Pierre R. Augustin, hereby depose and state as follows:

1. I am Pierre R. Augustin, represented by self.
2. I have read the foregoing responses filed herein and knowing the contents thereof have found that the allegations of fact set forth therein are true of my own personal knowledge, except as to those allegations based on information and belief which I believe to be true.

Signed under the penalties of perjury this __27th__ *PRA* day of __August__ 2009.
X _Pierre R. Augustin_

STATE OF __Virginia__ COUNTY OF __Fairfax__
On this __27th__ day of __August__, 2009, before me, the undersigned notary public, personally appeared __Pierre R. Augustin__, proved to me through satisfactory evidence of identification, which was __Virginia Driver's License__, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that s/he signed it voluntarily for its stated purpose.

_Megan Boykin_
Notary Public
My Commission Expires: __August 31, 2010__
(SEAL)

MEGAN E. BOYKIN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUG. 31, 2010
COMMISSION # 7019822

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

Pierre Richard Augustin, Private Attorney General, Ex Rel )
Consumer Creditor )
)
V. )
) No. 07-10416
IN RE NEW CENTURY TRS HOLDING )
IN RE NEW CENTURY LIQUIDATING TRUSTEE )
Debtor )

## AFFIDAVIT / AFFIRMATION

I, Pierre-Richard Augustin, affirm the following under penalty of perjury, being duly sworn, deposes and says:

1) I am the Plaintiff in this action, and I respectfully submit this affidavit/affirmation.
2) I have personal knowledge of facts which bear on this Motion.

I declare under penalty of perjury that the foregoing is true and correct, except as to those allegations based on information and belief, which I believe to be true.

Dated: 8-27-09 Pierre R. Augustin
Pierre-Richard Augustin, Private Attorney General, Ex Rel
3941 Persimmon Drive, #102, Fairfax, VA 22031 (617) 202-8069

STATE OF __Virginia__ COUNTY OF __Fairfax__

On this __27th__ day of __August__, 2009, before me, the undersigned notary public, personally appeared __Pierre R. Augustin__, proved to me through satisfactory evidence of identification, which was __Virginia Driver's License__, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that s/he signed it voluntarily for its stated purpose.

Notary Public
My Commission Expires: August 31, 2010
(SEAL)

MEGAN E. BOYKIN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUG. 31, 2010
COMMISSION # 7019822

Tracking#: