# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>NEW CENTURY TRS HOLDINGS, INC., <u>et al.</u>1, a Delaware Corporation,<br>Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>(Jointly Administered)<br><br>Re: 9779, 5878 |

## ORDER GRANTING THE MOTION OF THE NEW CENTURY
## LIQUIDATING TRUST TO DISALLOW CLAIMS FOR
## FAILURE TO PROVIDE I.R.S. FORM W-9 TO THE TRUST

Upon the Motion of the New Century Liquidating Trust to Disallow Claims for Failure to Provide I.R.S. Form W-9 to the Trust, dated August 5, 2009 (the "Motion"); and upon the Declaration of Michael C. Pascoe in support of the Motion (the "Pascoe Declaration"), the exhibits attached to the Motion and Exhibit "1" annexed hereto; seeking the relief set forth in the Motion and the Pascoe Declaration; and it appearing that notice of the Motion was proper and sufficient under the particular circumstances and that no other or further notice need be given; and the Court having considered the Motion and any objections or responses thereto; and this Court having determined that granting the relief requested in the Motion with respect to the

---

1 The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporation, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

Noncompliant Claims is in the best interest of the Trust, its beneficiaries, creditors and interest holders; and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY FOUND THAT:

A. Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion;

B. The Noncompliant Trust Beneficiaries were properly and timely served with a copy of the Motion, the accompanying exhibits and the proposed order and Exhibit "1" attached hereto and has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Motion;

C. The relief requested in the Motion is in the best interests of the Trust, its beneficiaries, creditors and other parties in interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The relief sought in the Motion is GRANTED as set forth herein.

2. The Noncompliant Claims set forth in the schedule which is attached hereto as Exhibit "1" are and hereby expunged and disallowed in full.

3. Nothing herein shall, pursuant to Section 502(d) of the Bankruptcy Code, be deemed a waiver of the Trust's causes of action against the Noncompliant Trust Beneficiaries that are subject to the Motion, including, with limitation, any actions to avoid preferential transfers or fraudulent conveyances.

4. This Order shall affect only the Noncompliant Claims set forth in the schedule which is attached hereto as Exhibit "1." The Noncompliant Claims set forth in Exhibit

"1" do not include any claims of the Deferred Compensation Beneficiaries[2] who include plaintiffs in an adversary proceeding (Adv. Pro. No. 07-51598) (the "Deferred Compensation Litigation"). As such, nothing herein affects the claims of the Deferred Compensation Beneficiaries asserted in the Deferred Compensation Litigation, or settlement of those claims under any compromise of the Deferred Compensation Litigation.

5. To the extent the Trustee seeks to object to any other claim (filed or not) that may be asserted against the Debtors or the Trust for which the Trust is not in receipt of adequate federal taxpayer information, the Trust is required to file a separate motion with the Court seeking such relief, and nothing herein shall affect the Trust's right to file such additional motions.

6. This Court shall retain jurisdiction over the Trust and the Noncompliant Trust Beneficiaries with respect to any matters related to or arising from the Motion or the implementation of this Order.

Dated: Sept 14, 2009

Honorable Kevin J. Carey
United States Bankruptcy Judge

---

[2] "Deferred Compensation Beneficiaries" means and refers to any participant and/or beneficiary of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, including, but not limited to, Gregory J. Schroeder, Michelle Parker, Martin Warren, Steve Holland, and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan.

4