UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| New Century TRS Holdings, Inc., a Delaware ) | |
| corporation, et al., ) | |
| Debtors ) | Bk. No. 07-10416-KJC |
| ) | |
| Alan M. Jacobs, as Liquidating Trustee, of the ) | |
| New Century Liquidating Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| Providential Bancorp, Ltd., ) | |
| ) | |
| Defendant ) | |

**DEFENDANT PROVIDENTIAL BANCORP, LTD.'S
MOTION TO STAY THE CLAIMS FOR RELIEF OF PLAINTIFF, AND TO COMPEL
ARBITRATION**

Defendant, PROVIDENTIAL BANCORP, LTD., ("PROVIDENTIAL") by and through its attorneys, LAW FIRM OF R. M. DREGER P.C. and for its Motion to Stay the First and Second Claim for Relief (the "Claims For Relief") by Plaintiff, Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust ("PLAINTIFF") and compel Arbitration, and in support thereof states as follows:

**I
BACKGROUND**

1. This action arises from a dispute between Plaintiff, as trustee for the Debtor, New Century TRS Holdings, Inc., ("Debtor") and PROVIDENTIAL, a mortgage broker, in connection with two mortgage loans brokered by PROVIDENTIAL pursuant to a written Correspondent Lending Loan Purchase and Sale Agreement

(the "Contract") between PROVIDENTIAL and New Century Mortgage Corporation (New Century"). A true and correct copy of the Contract is attached hereto and made a part hereof as Exhibit "A".[1]

2. The Contract was drafted by New Century and executed by New Century and PROVIDENTIAL on or about January 26, 2004, and expressly provides for alternative dispute resolution in the form of binding arbitration to be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association. (See Exhibit A, Section VIII, Paragraph "O").

3. On or about July 24, 2008, PLAINTIFF issued a Notice of Intended Arbitration to PROVIDENTIAL, in which PLAINTIFF asserted two claims for indemnification against PROVIDENTIAL. See the Notice of Intended Arbitration and attachments thereto, attached hereto and made a part hereof as Group Exhibit "B").

4. The first claim asserted allegations of breach of warranty by PROVIDENTIAL in PROVIDENTIAL's handling of a residential mortgage relating to Musthansar Bukhari (the "Breach of Warranty Claim"), based on the alleged default by Mr. Bukhari for having failed to make the first monthly mortgage payment that was due on April 1, 2006.

5. The second claim asserted claims for indemnification relating to the same transaction (the "Bukhari Indemnification Claim").

6. Upon review of the allegations and the loan history subsequently provided by PLAINTIFF, PROVIDENTIAL denied PLAINTIFF's claim on October 23, 2008,

---
[1] The copy of the Contract provided by PLAINTIFF to PROVIDENTIAL contains additional handwritten marks on pages 7, and 9. These marks were made, upon information and belief, by PLAINTIFF, and are not, nor should they be deemed to be, any part of or modification to the Contract.

2

on the grounds that Mr. Bukhari's first monthly payment had been received on Tuesday, April 4, 2006. Because the express terms of the Mortgage Loan Agreement clearly stated that Mr. Bukhari would not be in default unless he failed to make a payment within thirty (30) days of the due date, Mr. Bukhari's payment of April 4, 2006 meant that he was never in default.

7. Because Mr. Bukhari was not in default, PLAINTIFF's right to foreclose and then to seek a breach of warranty claim against PROVIDENTIAL never arose.

8. Moreover, PLAINTIFF was expressly advised that any subsequent claim grounded on allegations of a breach of warranty by PROVIDENTIAL would be regarded as frivolous, as there clearly existed neither a factual nor legal basis for PLAINTIFF's assertion of a breach of warranty by PROVIDENTIAL.

9. Further, PLAINTIFF's claim for indemnification is unsupported by the terms of the Contract, as it ignores the fact that the Contract terms do not provide for indemnification to PLAINTIFF, absent a breach of the Contract by PROVIDENTIAL.

10. Notwithstanding the aforementioned, on or about February 16, 2009, PLAINTIFF issued a Revised Notice of Intended Litigation to PROVIDENTIAL ("Revised Notice"). See a true and correct copy of the Revised Notice and all attachments thereto, attached hereto and made a part hereof as Group Exhibit "C".

11. The Revised Notice reasserted the same unfounded Breach of Warranty Claim, and the same Bukhari Indemnification Claim, and in addition asserted a second claim for indemnification for a mortgage loan issued to Joshua Goin (the "Goin Indemnification Claim"). SEE Group Exhibit C.

12. Similar to the Bukhari Indemnification Claim, the Goin Indemnification Claim lacked any allegation of breach of the Contract by Providential, but baldly and incorrectly claimed a right to indemnification by PLAINTIFF under all circumstances. SEE Group Exhibit C.

13. Providential promptly responded to the Revised Notice, reasserting its denial of the Breach of Warranty Claim, the Bukhari Indemnification Claim, and denying the Goin Indemnification Claim on the same grounds as those that led to the denial of the Bukhari Indemnification Claim; specifically, that the Contract's terms did not provide for a blanket indemnification under all circumstances, but only under those circumstances where PROVIDENTIAL breached the Contract.

14. Notwithstanding PROVIDENTIAL's denials and PLAINTIFF's obligation under the Contract to submit any claim to binding arbitration, PLAINTIFF instead filed suit in the United Stated Bankruptcy Court for the District of Delaware on or about August 5, 2009.

15. The plain language of the Contract, which PLAINTIFF drafted, and Illinois Uniform Arbitration Act and the holding of the Illinois Supreme Court, however, mandate that these proceedings be stayed in the Bankrupcty Court and that PLAINTIFF be compelled to proceed to binding arbitration.

## II
## STATEMENT OF LAW

16. At all relevant times there has been in effect 9 U.S.C.S. § 2 *et. seq.*, the Federal Arbitration Act ("Act").

17. Section 2 of the Act, provides as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

18. The Federal Arbitration Act embodies a legislative policy favoring the expansive reach of the the Act, coinciding with the Commerce Clause of the U.S. Constitution. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (U.S. 1995).

19. The basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate. Id.

20. The question of whether or not a dispute arising out of contract will be subject to arbitration process is left solely to agreement of parties to contract, and if contract does not so provide, then no federal law requires arbitration; if agreement does provide for arbitration, 9 USCS § 2 removes previous impediments to enforcement of clause. *Commercial Metals Co. v Balfour, Guthrie, & Co.* 577 F2d 264 (5th Circ. 1978).

### III
### LEGAL ARGUMENT

21. In this case, the mutual rights of PROVIDENTIAL and PLAINTIFF with respect to PLAINTIFF's claims, including terms for dispute resolution, are set forth in the plain language of the Contract executed by the parties. (SEE Exhibit A, Section VIII, Paragraph O) (the "Arbitration Provisions").

22. Specifically, the Arbitration Provisions expressly provide, in pertinent part as follows:

> **Notwithstanding any provision to the contrary in this Agreement or the Guide, any claim or action arising out of or relating to this Agreement, including any claim or action contesting the validity of this arbitration provision or of the Agreement, will be settled by binding arbitration.** Except as otherwise provided herein, the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, but without regard to any portions thereof which require administration by such association.
>
> * * * *
>
> The powers of the arbitrator shall be limited as set forth in this Section VII.O [sic]. **The parties acknowledge that this Agreement evidences a transaction involving interstate commerce. Except as specifically provided otherwise in this Section, the Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings pursuant to this Section.**
>
> (See Exhibit A, at Section VIII, Paragraph O (Emphasis Added)

23. The language of the Arbitration Provisions evidences with crystal clarity, the express intent of the parties to submit to binding arbitration. Moreover, it is equally irrefutable that the dispute which is pending between PROVIDENTIAL and PLAINTIFF falls squarely within the all encompassing scope of the Arbitration Provisions.

24. Given these facts, this Court must apply the broad standard narrow standard of review dictated by the United States Supreme Court and reach the following inescapable conclusions: (a) an agreement exists to arbitrate the dispute in question; (b) there has been asserted no claim by either party that the Arbitration Provisions should not be enforced as written; and (c) the proceedings in the Circuit Court must be stayed. SEE *Allied-Bruce Terminix Cos. v. Dobson; Commercial Metals Co. v Balfour, Guthrie, & Co.*, supra.

25. Indeed, this Court need not entertain the Claims For Relief any further, as this proceeding is in blatant derogation of the plain language of the Arbitration Provisions of the Contract, and contravenes established controlling case authority and Federal Statute.

## IV
## CONCLUSION

26. PLAINTIFF filed its Claims For Relief against PROVIDENTIAL in direct violation of its contractual duty under the Contract, the plain language of the Federal Arbitration Act and the holdings of the United States Supreme Court.

27. The Contract requirement that all disputes arising from the parties' performance under the Contract be resolved by means of binding arbitration, requires that this Court stay this proceeding and compel PLAINTIFF to proceed with arbitration of its Claims For Relief before the American Arbitration Association.

WHEREFORE, Defendant, PROVIDENTIAL BANCORP, LTD., prays that this Honorable Court enter an order which provides as follows:

1. This proceeding on the First and Second Claims For Relief of the Plaintiff's Claim For Turnover Of Property of the Estate in the Federal Bankruptcy Court for the District of Delaware is stayed until further notice pending the completion of binding arbitration between the parties;

2. PLAINTIFF is hereby ordered to submit its claims, if any, to the jurisdiction of the American Arbitration Association and to proceed with resolution of all disputes with PROVIDENTIAL in the binding arbitration process set forth in the Contract; and,

Defendant PROVIDENTIAL is granted such other and further relief as this Court finds to be just and equitable.

Respectfully submitted,

PROVIDENTIAL BANCORP. LTD.

By: */s/ Martin J. McKenzie*
        One of its attorneys

Martin J. McKenzie – ND IL
On behalf of LAW FIRM OF R.M. DREGER, P.C.
410 S. Michigan Avenue, Suite 310
Chicago, IL 60605
Telephone (312) 322-0955
MJMcKenzie@DregerLaw.com

Robert M. Dreger – ND IL 6181136
LAW FIRM OF R.M. DREGER, P.C.
410 S. Michigan Avenue, Suite 310
Chicago, IL 60605
(312) 322-0955
RDreger@DregerLaw.com