IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

NEW CENTURY TRS HOLDINGS, INC., et al.,
Corporation,

CHAPTER 11

Debtor.

CASE NO.. 07-104-16 KJC, and Related
Actions, Jointly Administered a Delaware

ADVERSARY PROCEEDING
CASE NO.: 09-being filed right now

ANITA B. CARR,

Plaintiff

RELATED CASE:
CALIF SUPERIOR COURT
ALAMEDA COUNTY Case No:
RG09442589

vs.

NEW CENTURY TRS HOLDINGS, INC., a
Delaware Corporation, et al.

Debtors

PLAINTIFF ANITA B. CARR's OBJECTION TO ORDER APPROVING GLOBAL SETTLEMENT AGREEMENT AMONG ALAN M. JACOBS AS TRUSTEE FO THE NEW CENTURY LIQUIDATING TRUSE AND THE BENEFICIARIES OF THE NEW CENTURY CORPORATION DEFERRED COMPENSATION PLAY AND/OR SUPPLEMENTAL EXECUTIVE RETIREMENT/SAVINGS PLAN.

TO: The United States Trustee for the District of Delaware and all parties on the Post-Effective Service List

Adversary Plaintiff Anita B. Carr hereby OBJECTS to the Motion of New Century Liquidating Trust and Reorganized New Century Warehouse Corporation's for an Order approving global settlement. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

GENERAL BACKGROUND

1. On or about April 2, 2007, Debtors filed for protection under the Bankruptcy Code.

2. On or about May 22, 2007, Debtors executed a Corporation Assignment of Deed of Trust over to U.S. BANK, N.A for the Property commonly known as 11801 Bloomington Way Dublin, CA 94568. On this document is a handwritten 'effective date 4-12-2007'. This transfer is in violation of BANKRUPTCY CODE, RESPA, TILA and other STATE AND FEDERAL violations. Plaintiff seeks and respectfully requests this Court order said pre-petition wrongful transfer of her property transfer to U.S. BANK, N.A. **INVALID** effective immediately. The recorded date is June 15, 2007 Instrument 2007224804 Alameda County California. In *Toffel v. Indus. Concrete Contrs., Inc. 2007 Bankr. LEXIS 1/35* the court reiterated that the **initial transfer was invalid and void ab initio** and as such had already been avoided. Plaintiff will suffer manifest injustice should the Trustee's motion be granted. This is in violation of Bankruptcy Code as well as the wrongful transfer of property within days of filing for relief of the automatic stay. Plaintiff will suffer manifest injustice should the Trustee's motion be granted.

3. At some point yet unknown & unproven in a court of law, but only on information supplied by a New Century Chpt. 11 Bankruptcy attorney to Plaintiff, New Century claims to have also 'sold' the loan on the property to Chase Home Finance. There are NO recorded instruments on this 'sale'. Funds were allegedly exchanged between New Century and Chase for Plaintiff's property in further violation of bankruptcy law.

4. Allowing Trustee to pay any global settlement that does not include Plaintiff is extremely prejudicial to Plaintiff. For example: Plaintiff attempted a good faith settlement with New Century. New Century, instead of making a good faith effort to settle this matter, New Century chose to be aloof & dismissing. It appears to Plaintiff that New Century believes it can continue to wrong her in Federal Court. Again New Century transferred property in violation of Bankruptcy law. New Century received monies in violation of Bankruptcy Law and as such these issues should be addressed not ignored. On the Corporation Deed of Assignment Instrument No.: 2007224804, the first line states "FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS, AND TRANSFERS TO U.S. BANK, N.A. all beneficial interest under certain deed of trust.....etc. and it is signed on May 22, 2007 by a Vice President of New Century or Home123 Corp. A copy of the the recording was sent to

New Century or Home123 at 3351 Michelson Dr. Ste. 400 Irvine, CA 92612, per its request.

5. Allowing the Trust to continue bad faith acts while it posters to reorganize in good faith is clear bold disrespect for the law. New Century continues to disrespect the law. These acts should not be allowed, enabled or continued.

6. The Trust files yet more meritless motions that do not appear to be in good faith or in the interest of justice under the law.

7. Debtor bemoans the numerous claims and hardships it must endure, hardships that are the direct and proximate result of their own bad faith and fraudulent acts. As such, Plaintiff respectfully requests that Debtors motion be denied in its entirety with prejudice. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this Objection under 28 U.S.C §334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. Venue of this proceeding and this Objection is properly in this district pursuant to 28 U.S.C. §§1408 and 1409.

## RELIEF REQUESTED AND BASIS FOR OBJECTION TO REQUESTED RELIEF

11. By this objection Plaintiff seeks DENIAL of the order approving global settlement agreement among Alan M. Jacobs as trustee for the new century liquidating trust and the beneficiaries of the New Century Corporation deferred compensation play and/or supplemental executive retirement/savings plan.

## BASIS FOR OBJECTION

12. The Trust does not seek to reconcile its bad faith acts with a single act in good faith. Instead Debtor bemoans being made responsible to answer for questionable acts of its own doing. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

13. In this matter, the Trust moves the Court with motions and pleadings that attempt to AVOID

14. Debtor offers no valid case law to support its motion. Vigorously seeking to avoid all pre-& post- petition payments made by Debtor that could be characterized as a preference payment and/or fraudulent transfer, perhaps should, in the best interest of justice, be viewed exactly as what it is. Plaintiff will suffer manifest injustice should Debtor's motion be granted. Seeking to allow members of the Trust and any of its KEEP bonuses that they are fruits of their bad faith

subprime lending scheme is unfair and unjust. This litigation "grinding to a halt" may be appropriate to rethink what is in the best interest of justice here. Plaintiff continues to suffer manifest injustice at the hands of New Century.

15. There will never be sufficient time for the Trust to address the enormity of the bad faith acts of Debtor given the state of the world economy as a direct and proximate result of said bad faith acts. Perhaps it is time for justice for holders of valid claims in the interest of furtherance of justice. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

16. Plaintiff brought an adversary proceeding seeking a determination that certain mortgage loans created by the debtor are applicable to 11 U.S.C. § 523 on the grounds of fraud, defalcation while acting in a fiduciary capacity, and willful and malicious injury to Plaintiffs property among other egregious damages. Further, Plaintiff objects to the debtor's motion under 11 U.S.C. § 727 on the grounds of transferring and concealing property of the Plaintiff within days of the date of filing - boldly, making a false oath in connection with this case, and the unlawful transfer of property. The Court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b).

17. As a direct and proximate result of Debtor's conduct Plaintiff has been damaged in an amount not yet determined, but reasonably believed to exceed $1,000,000. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

18. Within DAYS before filing its petition for relief. Debtor, with bold and clear intent to hinder, delay, and defraud one or more of its victims and creditors, fraudulently transferred Plaintiff's property to various entities including but not limited to U.S. BANK, N.A. Debtor now seeks to be granted the right to EXTEND the right to DENY VALID claims of Plaintiff and other victims. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

19. As result of this fraudulent transfer, Plaintiffs credit report reflects the SAME MORTAGE loan represented by TWO different loan numbers, that of New Century and that of Chase. On account of such transfers, Debtor's Motion should be denied. On account of such transfers, Debtor's discharge should continue to be denied. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

20. Plaintiff is entitled to benefit from the trustee's turnover powers under 11 U.S.C. § 542. Plaintiff is further entitled to an award of whatever additional just and equitable relief as this Court deems appropriate.

21. Plaintiff seeks declaratory judgment that the April 2, 2007 security interest fraudulently granted to U.S. BANK, N.A. constitutes a voidable transfer pursuant to 11 U.S.C. § 548 and the Uniform Fraudulent Transfer Act, O.C.G.A § 18-2-70. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

22. To the extent that any of the counts Plaintiff's Adversary Complaint are "non-core," the District Court has supplemental jurisdiction to hear those counts pursuant to 28 U.S.C. § 1367(a) (2003) as they are so related to valid claims in this action within the District Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution. Therefore, the Bankruptcy Court may hear those counts pursuant to the Local Rules for the United States District Court for the District of Delaware because they are related to cases under Title 11.

23. Pursuant to 11 U.S.C. §§ 501, 502, 506 , 544 and 1111, and Bankruptcy Rules 3001 through 3003, 3007, 3012, 7001 through 7087, and 9014, to determine the validity, priority and extent

of U.S. BANK, N.A.'s purported lien & ensuing illegal foreclosure action against property of Plaintiff, and to invalidate and void any such purported lien resulting from the fraudulent transfer by Debtor. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

Pursuant to 11 U.S.C. §§ 501, 502, 506, 544 and 1111, and Bankruptcy Rules 3001 through 3003, 3007, 3012, 7001 through 7087, and 9014, to determine the validity, priority and extent of DB Structured Products purported lien against Plaintiff's property, and to invalidate and void any such purported lien resulting from the fraudulent transfer by Debtors. Plaintiff will suffer manifest injustice should Debtor's motion be granted.

*Section 707(a) of the Bankruptcy Code* permits a court to **dismiss** a bankruptcy case, after notice and a hearing, for "cause." *See 11 U.S.C. § 707(a) (West 2006)*. The Bankruptcy Code does not define the phrase "for cause." However, "cause" for purposes of § 707(a) includes a **debtor's** lack of "good faith" (or stated differently, "bad faith") in filing his or her bankruptcy petition. *Seedling Landscaping & Design, Inc. v. Fryer (In re Fryer)*, 288 B.R. 193, 200 (Bankr. W.D. Pa. 2003). Thus, a case may be dismissed "for cause" if the **debtor** fails to demonstrate good faith in the filing of the bankruptcy petition. *Id.* (citing *Tamecki v. Frank (In re Frank)*, 229 F.3d 205, 207 (3d Cir. 2000)). The ultimate burden is on the moving party to demonstrate that cause exists for dismissing a Chapter 7 petition for lack of good faith pursuant to § 707(a). *Turner v. Johnson (In re Johnson)*, 318 B.R. 907, 912 (Bankr. N.D. Ga. 2005). Nonetheless, once a party calls into question a **debtor's** good faith, the burden shifts to the **debtor** to prove his or her good faith in the filing of the bankruptcy petition. *Tamecki*, 229 F.3d at 207 (citation omitted).

The notion of "cause" under § 362(d) is "viewed as a broad and flexible concept." *In re The Score Board, Inc.*, 238 B.R. 585, 593 (D.N.J. 1999) (citation omitted). The court has the flexibility and the discretion to fashion the relief to the circumstances of the particular matter. *Id.* (citations omitted). On a motion to lift or modify the automatic stay, the [burden of proof is a shifting one. That is, § 362(d)(1) of the Code requires an initial showing of "cause" by the movant, while § 362(g) places the burden of proof on the **debtor** for **all** issues other than "the

debtor's equity in property." *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999) (citations omitted). It is well-settled that a basis for granting relief from the automatic stay for "cause" exists when it is necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple non-debtor parties or is ready for trial. *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr. D.N.J. 2004); *In re Telegroup, Inc.*, 237 B.R. at 87. Plaintiff does Not wish to see more orders for the SOLE benefit of Debtors and to the detriment of Plaintiff. Plaintiff will suffer manifest injustice if these matters are not immediately addressed. Plaintiff's complaint in the State of California charges fraud, predatory lending, wrongful foreclosure, usury, TILA violations etc. as a direct and proximate result of the bad faith, subprime acts of New Century before this Court, in Plaintiff's two personal bankruptcies Chpt. 7 and Chpt. 13 in the United States Bankruptcy Court in the Northern District of California and prior to seeking refuges in the Delaware Bankruptcy court to avoid federal investigation. Additionally this Plaintiff intends to reopen her personal bankruptcies to challenge that New Century has committed fraud upon the court in the U.S. Bankruptcy Court in the Northern District of California.

Plaintiff will suffer and continues to suffer manifest injustice at the hands of the New Century. Finally, Debtors motion should be denied as it is made in bad faith and is not and will not result in the reasonable determination of good faith and justice. Again, Plaintiff will suffer and continues to suffer manifest injustice as a direct and proximate result of the bad faith acts of Debtor and those damages will be magnified and even irreversible should Debtor's motion be granted.

Plaintiff has requested and New Century has FAILED to correctly characterize the Adversary Proceeding in the Docket in this matter. The motion to dismiss was NOT heard. It remains unclear why Plaintiff's adversary matter is on hold. Plaintiff has a valid claim, Plaintiff has timely filed her complaint, this is a CORE matter. Plaintiff will suffer manifest injustice if

New Century is NOT even willing to "play fair' in a FEDERAL court of law. Defendants came to the table with unclean hands and makes no attempt to wash them. Defendants continue their bad faith acts under the umbrella of Title 11. Plaintiff continues to suffer manifest injustice it Defendants are permitted to continue in this manner.

WHEREFORE, Plaintiff Anita B. Carr, respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, Denying Global Settlement. Plaintiff seeks an Order DEEMING the post-petition transfer of the Property to U.S. BANK, N.A. and any other party as INVALID, effective immediately. Plaintiff seeks and Order GRANTING Quite Title to her homestead. Plaintiff seek Monetary relief in the amount of $1,000,000 in addition to the violations alleged herein which cannot be disputed. Plaintiff will suffer manifest injustice should Debtor's motion be granted and sums of any kind disbursed without addressing Plaintiffs issues FIRST, determining the liability of New Century and Granting her immediate relief from this colossal nightmare that New Century has created. Plaintiff seeks and sincerely hopes this Court will grant her JUSTICE.

WHEREFORE, this Court should grant Plaintiff all relief sough any other further relief it deems fair, equitable, just and proper.

DATED: September 28, 2009                Timely submitted, s<Anita B. Carr

Anita B. Carr, pro se