## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., *et al*., a Delaware Corporation,[1]<br>Debtors. | Case No. 07-10416 (KJC)<br>(Jointly Administered) |

## MOTION TO SHORTEN TIME FOR NOTICE AND RESPONSE TO APPROVAL OF MODIFIED DISCLOSURE STATEMENT AND MOTION OF THE TRUSTEE FOR AN ORDER (I) ESTABLISHING PROCEDURES FOR LIMITED SOLICITATION AND THE TABULATION OF VOTES TO ACCEPT OR REJECT THE MODIFIED PLAN; (II) APPROVING PROPOSED DISCLOSURE STATEMENT FOR MODIFICATIONS TO THE PLAN; (III) SCHEDULING A HEARING ON CONFIRMATION OF THE MODIFIED PLAN AND APPROVING RELATED NOTICE PROCEDURES; AND (IV) CONFIRMING THE MODIFIED PLAN

The New Century Liquidating Trust (the "Liquidating Trust") and Reorganized Access Lending (together with the Liquidating Trust, the "Trust"), by and through Alan M. Jacobs, as their Bankruptcy Court-appointed Liquidating Trustee and Plan Administrator (together, the "Trustee"), by and through the undersigned counsel, hereby submits this motion (the "Motion to Shorten") seeking an order to shorten time for notice and response to approval of the modified disclosure

---

[1] The pre-confirmation debtors (collectively, the "Debtors") were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1

statement (the "Modified Disclosure Statement") and the *Motion Of The Trustee For An Order (I) Establishing Procedures For Limited Solicitation And The Tabulation Of Votes To Accept Or Reject The Modified Plan; (II) Approving Proposed Disclosure Statement For Modifications To The Plan; (III) Scheduling A Hearing On Confirmation Of The Modified Plan And Approving Related Notice Procedures; And (IV) Confirming The Modified Plan* (the "Motion to Establish Solicitation Procedures")[2].  In support of this Motion to Shorten, the Trustee respectfully represents as follows:

## **Background**

1.      On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Court entered the Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Confirmation Order") on July 15, 2008, and the Order Amending Confirmation Order on July 22, 2008 (the "Order Amending Confirmation Order").

3.      On August 1, 2008 (the "Effective Date"), the Second Amended Joint Chapter 11 Plan of Liquidation of the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Original Plan") became effective.  Pursuant to the terms of the Original Plan, on the Effective Date, Jacobs was appointed as Plan Administrator of Reorganized Access Lending and the New Century Liquidating Trust Agreement (the "Trust Agreement") was executed, thereby creating the Liquidating Trust and appointing Jacobs as Liquidating Trustee of the Liquidating Trust.

---

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Establish Solicitation Procedures.

4.      On August 4, 2008, a Notice of (I) Entry of Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated as of April 23, 2008, (II) Effective Date and (III) Bar Dates for Administrative Claims, Professional Fee Claims, Subordination Statements and Rejection Damages Claims (the "Notice of Effective Date") was filed with the Court and served on all known creditors and parties-in-interest.

5.      On July 14, 2008, Gregory J. Schroeder, Michelle Park, Martin Warren, Steve Holland and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, for themselves and all other similarly situated beneficiaries of the New Century Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (collectively, the "Beneficiaries") filed a Notice of Appeal of the Opinion on Confirmation and the Order Regarding the Opinion on Confirmation (the "First Appeal").  On July 24, 2008, the Beneficiaries filed a Notice of Appeal of the Confirmation Order and the Order Amending the Confirmation Order (the "Second Appeal").

6.      On October 1, 2008, the Beneficiaries filed a motion to consolidate their First Appeal and Second Appeal (together, the "Appeal").  On October 16, 2008, this Court granted their motion.

7.      Pursuant to a scheduling order, the Beneficiaries filed their opening brief in support of their Appeal on December 22, 2008.  The Debtors filed their answering brief on January 22, 2009, along with their motion to dismiss the Appeal on the grounds of equitable mootness (the "Motion to Dismiss").  The Beneficiaries filed their answering brief to the Motion

to Dismiss on February 9, 2009. The Debtors filed their reply brief on February 20, 2009, and timely requested oral argument on the Motion to Dismiss on February 24, 2009.

8.      On June 16, 2009 the United States District Court for the District of Delaware (the "District Court") issued a Memorandum Opinion ("Memorandum Opinion") and signed an Order (the "Order on Appeal") denying the Motion to Dismiss and reversing the Confirmation Order. The Memorandum Opinion and Order on Appeal were entered on June 17, 2009.

9.      On June 24, 2009, the Trustee filed with the District Court: (i) a Motion for Rehearing or in the alternative Clarification of the District Court Order on Appeal (the "Motion for Rehearing"), (ii) a Motion for Stay of the District Court Order (the "Motion for Stay"), (iii) an Affidavit of Alan M. Jacobs in support of Motion for Rehearing and Motion for Stay, and (iv) an Emergency Motion for Expedited consideration of Motion for Rehearing and Motion for Stay.

10.     On June 26, 2009, the District Court entered an order (the "Stay Order") denying the Motion for Rehearing, but granting the Motion for Stay – granting a stay of the Memorandum Opinion and Order on Appeal pending appeal to the Third Circuit Court of Appeals (the "Stay").

11.     On July 17, 2009, the Liquidating Trustee made a motion to preserve the status quo and maintain the Liquidating Trust and the Trustee until entry of a final order consistent with the Memorandum Opinion.

12.     On July 27, 2009, this Court entered an order preserving the status quo, including maintenance of the Liquidating Trust and maintenance of Alan M. Jacobs as Liquidating Trustee, pending entry of a final order (the "Status Quo Order"). Following entry of the Status Quo Order, the Liquidating Trustee dismissed his appeal of the Order on Appeal.

13.     On September 8, 2009, the Trust filed the Motion for an Order Approving the Global Settlement Agreement Among Alan M. Jacobs as Trustee and the Beneficiaries of the

New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "DCP Settlement Motion").

14.     If this Motion to Shorten is granted, the Trust intends to adjourn the hearing for the DCP Settlement Motion, originally scheduled for October 6, 2009, to October 14, 2009 at 10:00 a.m. so that this Court may consider both the DCP Settlement Motion and Motion to Establish Solicitation Procedures together.

15.     On September 30, 2009, the Trust filed the Modified Disclosure Statement and a modified version of the Original Plan (the "Modified Plan"). The Modified Plan, among other things, would implement the settlement that is the subject of the DCP Settlement Motion.

## **Relief Requested**

16.     Del.Bankr.LR 9006-1(c) provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail; sixteen (16) days if service is by overnight delivery) prior to the hearing date." Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

17.     Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules … the court for cause shown may in its discretion with or without motion or notice order the period reduced."[3]

18.     For the reasons stated herein, the Trustee requests that the time period for notice be shortened so that the Court may consider approval of the Modified Disclosure Statement and

---

[3]  The exceptions to Bankruptcy Rule 9006(c) where reduction is not permitted are not applicable here.

the Motion to Establish Solicitation Procedures on an expedited basis on October 14, 2009 at 10:00 a.m. (the "Hearing"). The Trustee also requests that the Court require any responses or objections to approval of the Modified Disclosure Statement or the Motion to Establish Solicitation Procedures to be made on or before October 12, 2009 at 4:00 p.m. Eastern Time.

19.     Pursuant to Bankruptcy Rule 9006(c) and Del. Bankr. L.R. 9006-1(e), the Court may rule on this Motion to Shorten without the need for a hearing, and the Trustee requests that the Motion to Shorten be granted without further hearing.

20.     The Trustee believes that prompt consideration of the Modified Disclosure Statement and Motion to Establish Solicitation Procedures at the Hearing is appropriate under the circumstances, as set forth more fully below.

21.     Given the timing of the reversal of the Confirmation Order almost one year after it was entered and the substantial consummation of its terms by the Trust, the Trustee seeks to move forward with confirmation of the Modified Plan as quickly as possible. Approval of the Modified Disclosure Statement and Motion to Establish Solicitation Procedures is the first step in that process.

22.     Further, even though the Status Quo Order clearly establishes the Trustee's authority to continue to act on behalf of the Trust, certain parties question this. Accordingly, in order to finally resolve any issues with respect to the Trustee's authority, the Trustee believes it is in the best interests of the Estates and their creditors to expedite consideration of the Modified Disclosure Statement and the Motion to Establish Solicitation Procedures.

23.     Notice of the hearing on the Modified Disclosure Statement and the Motion to Establish Solicitation Procedures will be provided by regular first class U.S. Mail to: (a) the Office of the United States Trustee, (b) all Creditors and indenture trustees, (c) all parties who

had filed an objection to the Plan, and (d) all parties who have previously requested notice pursuant to this Court's Order Granting the Motion of the Liquidating Trustee Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 2007 Establishing Notice and Service Procedures, entered on November 18, 2008 [Docket No. 9165].

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the form attached hereto that (i) schedules an expedited hearing to consider approval of the Modified Disclosure Statement and the Motion to Establish Solicitation Procedures on October 14, 2009 at 10:00 a.m., (ii) establishes an objection deadline of October 12, 2009 at 4:00 p.m. for the Modified Disclosure Statement and the Motion to Establish Solicitation Procedures, and (iii) grants the Trust such other and further relief as may be just and proper.

Dated: September 30, 2009

**BLANK ROME LLP**

By: */s/ David W. Carickhoff*
  Bonnie Glantz Fatell (No. 3809)
  David W. Carickhoff (No. 3715)
  1201 Market Street, Suite 800
  Wilmington, Delaware 19801
  (302) 425-6400 - Telephone
  (302) 425-6464 - Facsimile

   - and -

  HAHN & HESSEN LLP
  488 Madison Avenue
  New York, New York 10022
  (212) 478-7200 - Telephone
  (212) 478-7400 - Facsimile
  Attn: Mark S. Indelicato, Esq.
    Mark T. Power, Esq.
    Janine M. Cerbone, Esq.

  Co-Counsel to the New Century Liquidating Trust
  and Reorganized Access Lending