**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-10416 (KJC) |
| NEW CENTURY TRS HOLDINGS, INC., *et al*.,[1] | (Jointly Administered) |
| Debtors. | |

*SECOND AMENDED*[2] NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON OCTOBER 6, 2009 AT 10:00 A.M.

I.  **CONTINUED MATTERS:**

1.  Debtors' Fourth Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Certain (A) Amended Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late-Filed Claims [D.I. 3925; filed 11/20/07]

    Objection deadline:  December 13, 2007

    Objections/Responses Received:

    A.  The Debtors received an informal response from Residential Mortgage Solution LLC.

    Related Documents:

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] **The amendments appear at Agenda Item No. 25 and Exhibit A.**

./v.

i. Order Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain (A) Amended and Superseded Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late Filed Claims Set Forth in Debtors' Fourth Omnibus Objection to Claims [D.I. 4242; filed 12/28/07]

ii. Order (Second) Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain (A) Amended and Superseded Claims, (B) No Supporting Documentation Claims, (C) Duplicate Claims and (D) Late Filed Claims Set Forth in Debtors' Fourth Omnibus Objection to Claims [D.I. 4371; filed 1/10/08]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claim that has not yet been adjudicated. *(See Status Chart attached hereto as Exhibit A)*

2. Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims [D.I. 4261; filed 12/28/07]

Objection deadline: January 30, 2008

Objections/Responses Received:

A. Response to Debtors' Eighth Omnibus Objection to Claims (filed by Michigan Department of Treasury) [D.I. 4358; filed 1/10/08]

B. Response to Debtors' Eighth Omnibus Objection to Claims (filed by The Commonwealth of Pennsylvania) [D.I. 4362; filed 1/10/08]

C. Response to Debtors' Eighth Omnibus Objection to Claims (filed by the State of New Jersey [D.I. 4392; filed 1/11/08]

D. Response to Debtors' Eighth Omnibus Objection to Claims (filed by the State of Washington Department of Revenue) [D.I. 4500; filed 1/17/08]

E. Response to Debtors' Eighth Omnibus Objection to Claims (filed by New York State Department of Taxation and Finance) [D.I. 4529; filed 1/18/08]

F. The Debtors received an informal response from City of New York Department of Finance.

G. The Debtors received an informal response from the State of Rhode Island.

H. The Debtors received a consolidated informal response received from various taxing authorities (Blanco CAD, *et al.*).

Related Documents:

i. Notice of Submission of Copies of Proofs of Claims for Debtors' Eighth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Section 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Books and Records Claims Re: Docket No. 4261 [D.I. 4548; filed 1/23/08]

ii. Withdrawal of Michigan Department of Treasury's Response to the Debtors' Eighth Omnibus Objection [D.I. 4796; filed 2/1/08]

iii. Order Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 (A) Disallowing and Expunging Certain Books and Records Claims and (B) Reducing and/or Reclassifying Certain Books and Records Claims Set Forth in Debtors' Eighth Omnibus Objection to Claims [D.I. 4845; filed 2/6/08]

iv. Order (Revised) Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 (A) Disallowing and Expunging Certain Books and Records Claims and (B) Reducing and/or Reclassifying Certain Books and Records Claims Set Forth in Debtors' Eighth Omnibus Objection to Claims [D.I. 5340; filed 3/13/08]

v. Stipulation Between New Century Liquidating Trust and The State of New Jersey Division of Taxation Resolving Certain Claims [D.I. 9298; filed 1/16/09]

vi. Notice of Limited Withdrawal of Debtors' Eighth Omnibus Objection [D.I. 9308; filed 1/21/09]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A)*

3. Debtors' Thirteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Multiple-Debtor Duplicate Claims [D.I. 4815; filed 2/4/08]

Objection deadline: February 27, 2008

Objections/Responses Received:

A. The Debtors received an informal response received from The Travelers Indemnity Company and its affiliates.

Related Documents:

i. Notice of Submission of Copies of Proofs of Claims for Debtors' Thirteenth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Section 502 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain Multiple Debtor Duplicate Claims [D.I. 4997; filed 2/20/08]

ii. Order Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain Multiple-Debtor Duplicate Claims [D.I. 5249; filed 3/6/08]

iii. Order (Second) Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 Disallowing and Expunging Certain Multiple-Debtor Duplicate Claims [D.I. 5764; filed 4/9/08]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A)*

4. Debtors' Fourteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Equity Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5023; filed 2/22/08]

   Objection deadline: March 18, 2008

   Related Documents:

   i. Notice of Submission of Copies of Proofs of Claims for Debtors' Fourteenth Omnibus Objection to Claims: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Equity Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5297; filed 3/11/08]

   ii. Certification of Counsel Regarding Debtors' Fourteenth Omnibus Objection to Claims as it Pertains to the Claims of Rose Townsend Trust and the Law Offices of Timothy G. McFarlin [D.I. 9361; filed 3/4/09]

   iii. Order Scheduling Evidentiary Hearing Regarding Fourteenth Omnibus Objection To Claims - Substantive As It Pertains To the Claims of Rose Townsend Trust And The Law Offices of Timothy G. McFarlin [D.I. 9366; filed 3/6/09]

   iv. Certification of Counsel Regarding (A) Debtors' Twenty-Second Omnibus Objection to Claims as it Pertains to the Claim of Timothy G. McFarlin (Gary and Ginny McCormack); and (B) Debtors' Fourteenth Omnibus

Objection to Claims as it Pertains to the Claim of the Law Offices of Timothy G. McFarlin (Robert and Deborah Massie) [D.I. 9607; filed 4/30/09]

    v.    Order Disallowing and Expunging Books and Records Claims [D.I. 9667; filed 5/28/09]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A)*.

5. Debtors' Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Claim of Internal Revenue Service for Which Insufficient Documentation is Attached to the Filed Proof of Claim [D.I. 5025; filed 2/22/08]

   Objection Deadline: March 18, 2008

   Objections/Responses Received:

   A. Internal Revenue Service's Responses to Debtors' Non-Substantive Objection Pursuant to 11 U.S.C. Section 502, Fed. R. Bankr. P. 3007 and 9014 and Del. Bankr. L.R. 3007-1 to Claim of Internal Revenue Service for Which Insufficient Documentation is Attached to the Filed Proof of Claim [D.I. 5391; filed 3/18/08]

   Related Documents: None to date.

   Status: The objection is continued to November 24, 2009 at 2:00 p.m.

6. Debtors' Sixteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5260; filed 3/7/08]

   Objection deadline: April 2, 2008

   Objections/Responses Received:

   A. Response to Debtors' Sixteenth Omnibus Objection to Claims (filed by Redwood Mortgage Funding, Inc.) [D.I. 5631; filed 4/2/08]

   B. Response to Debtors' Sixteenth Omnibus Objection to Claims (filed by The Hartford and Hartford Fire Insurance Company) [D.I. 5634; filed 4/2/08]

   C. Response to Debtors' Sixteenth Omnibus Objection to Claims (filed by Natixis Real Estate Capital Inc.) [D.I. 5635; filed 4/2/08]

D.    Response to Debtors' Sixteenth Omnibus Objection to Claims (filed by Sprint Communications Company L.P.) [D.I. 5735; filed 4/4/08]

E.    The Debtors received an informal response from Barclays Bank PLC.

F.    The Debtors received an informal response from Sutton Funding LLC.

G.    The Debtors received an informal response from The Travelers Indemnity Company and its Affiliates

H.    Response to Debtors' Sixteenth Omnibus Objection to Claims (filed by Pennsylvania Department of Revenue) [D.I. 5359; filed 3/13/08]

Related Documents:

i.    Notice of Submission of Copies of Proofs of Claims for Debtors' Sixteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5523; filed 3/26/08]

ii.   Order Pursuant to 11 U.S.C. Sections 502, 203, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 Disallowing and Expunging (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Certain Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims as Set Forth in Debtors' Sixteenth Omnibus Objection to Claims [D.I. 5821; filed 4/15/08]

iii.  Order (Revised) Pursuant to 11 U.S.C. Sections 502, 203, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 Disallowing and Expunging (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Certain Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims as Set Forth in Debtors' Sixteenth Omnibus Objection to Claims [D.I. 6306; filed 4/18/08]

iv.   Declaration in Support of Allowance of Liquidated Amounts of Claim and in Further Response to the Debtors Sixteenth Omnibus Objection to the Claims of the Hartford Fire Insurance Company Pursuant to 11 U.S.C. §§ 502(B) and 503, Fed. R. Bankr. P. 3001 and 3007 and Local Rule 3007-1 Filed by Hartford Fire Insurance Company [D.I. 9715; filed 7/9/09]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A).*

7. Debtors' Eighteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims [D.I. 5537; filed 3/27/08]

   Objection deadline: April 30, 2008

   Objections/Responses Received:

   A. Response to Debtors' Eighteenth Omnibus Objection to Claims (filed by Patrick J. Moloney) [D.I. 6425; filed 4/24/08]

   B. Response to Debtors' Eighteenth Omnibus Objection to Claims) filed by Washington Mutual) [D.I. 6593; filed 5/7/08]

   C. Objection of the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation to Pierre Augustin's Motion to Compel and Additional Discovery [D.I. 9403; filed 3/23/09]

   Related Documents:

   i. Claim No. 417 filed by Patrick Moloney

   ii. Claim No. 3759 filed by Pierre Augustin

   iii. Notice of Withdrawal of Debtors' Eighteenth Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; (C) Multiple-Debtor Duplicate Claims; and (D) Reduced and/or Reclassified Claims Re: Claim No. 3537 of Natixis Real Estate Capital, Inc. [D.I. 6400; filed 4/22/08]

   iv. Scheduling Order Regarding Objections to Claims of Pierre R. Augustin [D.I. 8905; filed 9/5/08]

   v. Order Regarding Discovery In Connection With Objections To Claims of Pierre R. Augustin [D.I. 9176; filed 11/20/08]

   vi. Order Disallowing And Expunging Duplicate Claim Set Forth In The Debtors' Fifteenth Omnibus Objection To Claims And Reclassifying Remaining Claim [D.I. 9323; filed 1/29/09]

   vii. Motion to Compel filed by Pierre Augustin [D.I. 9332, filed 2/11/09]

   viii. Letter Requesting Court to Reconsider Allowance of Claims 563, 416 & 417 Filed by Patrick J Moloney [D.I. 9343, filed 2/18/09]

ix.  Certification of Counsel Regarding Claims of Mr. Patrick J. Molony and the Debtors' Eighteenth Omnibus Objection to Claims [D.I. 9359; filed 3/4/09]

x.  Certification of Counsel Regarding Pierre R. Augustin's Request to Subpoena Non-Parties in Connection With Claim Dispute [D.I. 9360; filed 3/4/09]

xi.  Order Regarding Claim of Pierre R. Augustin And Issuance of Third Party Subpoenas [D.I. 9365; filed 3/6/09]

xii.  Order Disallowing And Expunging Duplicate Claim Set Forth In The Debtors Fifteenth Omnibus Objection To Claims And Reclassifying Remaining Claim [D.I. 9367; filed 3/6/09]

xiii.  Certification of Counsel Regarding Claims of Mr. Patrick J. Molony and the Debtors' Eighteenth Omnibus Objection to Claims (Amended Proposed Order) [D.I. 9374; filed 3/11/09]

xiv.  Order (AMENDED) Reclassifying Claim of Patrick J. Moloney Set Forth In The Debtors Eighteenth Omnibus Objection To Claims [D.I. 9379; filed 3/12/09]

Status:  The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A).*

8.  Debtors' Twenty-Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 To Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims; and (C) Reduced and/or Reclassified Claims [D.I. 8616; filed 7/18/08]

    Objection Deadline:  August 13, 2008

    Related Documents:

    i.  Notice of Submission of Copies of Proofs of Claims Regarding Twenty-Second Omnibus Objection: Substantive Objection Pursuant to 11 U.S.C. Sections 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Books and Records Claims; (B) Insufficient Documentation Claims and (C) Reduced and/or Reclassified Claims [D.I. 8711; filed 8/7/08]

    ii.  Certification of Counsel Regarding Debtors' Twenty-Second Omnibus Objection to Claims as it Pertains to the Claims of Timothy G. McFarlin (Gary and Ginny McCormack), Jillian Stoffel, Nicole Payne, and Nora Cornado [D.I. 9357; filed 3/3/09]

iii. Order Scheduling Evidentiary Hearing Regarding Twenty-Second Omnibus Objection To Claims - Substantive As It Pertains To The Claims of Timothy G. McFarland (Gary And Ginny McCormack), Jillian Stoffel, Nicole Payne, And Nora Coronado [D.I. 9364; filed 3/5/09]

iv. Certification of Counsel Regarding (A) Debtors' Twenty-Second Omnibus Objection to Claims as it Pertains to the Claim of Timothy G. McFarlin (Gary and Ginny McCormack); and (B) Debtors' Fourteenth Omnibus Objection to Claims as it Pertains to the Claim of the Law Offices of Timothy G. McFarlin (Robert and Deborah Massie) [D.I. 9607; filed 4/30/09]

v. Notice of Limited Withdrawal of Debtors' Twenty-Second Omnibus Objection (Substantive) [D.I. 9665; filed 5/28/09]

Status: The objection is continued to November 24, 2009 at 2:00 p.m. with respect to the claims that have not yet been adjudicated or resolved. *(See Status Chart attached hereto as Exhibit A).*

9. Internal Revenue Service's Notice to Increase the Reserve [D.I. 8765; filed 8/19/08]

   Objection Deadline: To be determined

   Objections/Responses Received: None to date

   Related Documents: None to date

   Status: The hearing on this matter will be continued to a date to be determined.

10. Substantive Objection of New Century Liquidating Trust's Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 to Carrington Securities, L.P.'s Claims for Forced Liquidating of Certain Loans [D.I. 9346; filed 2/24/09]

    Objection deadline: March 19, 2009

    Objections/Responses Received:

    A. Response to Substantive Objection by New Century Liquidating Trust to Carrington Securities L.P.S Claims for Forced Liquidateon of Certain Loans [Filed by Carrington Securities L.P.] [D.I. 9396; filed 3/19/09]

    Related Documents:

    i. Notice of Submission of Proof of Claim [D.I. 9380; filed 3/12/09]

    Status: The hearing on this matter will be continued to November 24, 2009 at 2:00 p.m.

11. Gregory J. Schroeder, et al. v. New Century TRS Holdings, Inc., et al. (Adv. Pro. No. 07-51598)

<u>Related Documents</u>:

i. Motion of Liquidating Trust for an Order Authorizing the Liquidating Trust to File Under Seal a Motion to Dismiss the Adversary Proceeding [Adv. D.I. 74; filed 8/21/08]

ii. New Century Liquidating Trust's Motion to Dismiss Adversary Proceeding (filed under seal) [Adv. D.I. 75; filed 8/21/08]

iii. Certification of Paul A. Friedman with Exhibits A through K (filed under seal) [Adv. D.I. 75; filed 8/21/08]

iv. Opening Brief in Support of New Century Liquidating Trust's Motion to Dismiss the Adversary Proceeding (filed under seal) [Adv. D.I. 76; filed 8/21/08]

v. Joinder of The New Century Defendants to the Official Committee of Unsecured Creditors of New Century TRS Holdings, Inc., et al. Motion to Dismiss [Filed by New Century Holdings, Inc. [Adv. D.I. 78; filed 8/21/08

vi. Joinder of Defendant Wells Fargo Bank N.A. to the New Century Liquidating Trust's Motion to Dismiss the Adversary Proceeding [Adv. D.I. 86; filed 9/2/08]

vii. Plaintiffs' Answering Brief in Opposition to the Motion to Dismiss filed by the New Century Liquidating Trust [Adv. D.I. 90; filed 10/6/08]

viii. Declaration of Paul McDonald and Exhibit 1 thereto filed under seal [Adv. D.I. 90; filed 10/6/08]

ix. Joint Stipulation And Agreement To Extend The Deadline For The New Century Liquidating Trustee To File His Reply To The Plaintiffs' Opposition To The Liquidating Trustee's Motion To Dismiss The Complaint [Adv. D.I. 92; filed 10/14/08]

x. Reply Brief In Support of the New Century Liquidating Trustee's Motion to Dismiss the Adversary Proceeding (filed under seal) [Adv. D.I. 94; filed 10/20/08]

xi. Notice of Completion of Briefing Regarding New Century Liquidating Trust's Motion to Dismiss the Adversary Proceeding [Filed by New Century Liquidating Trust and Reorganized New Century Warehouse Corporation] [Adv. D.I. 117; filed 1/7/09]

xii. Order Granting Motion of Liquidating Trust for an Order Authorizing the Liquidating Trust to File Under Seal a Motion to Dismiss the Adversary Proceeding [Adv. D.I. 124; filed 1/21/09]

Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

12. Gregory J. Schroeder, et al. v. New Century TRS Holdings, Inc., et al. (Adv. Pro. No. 07-51598)

Related Documents:

i. Motion for Class Certification and Appointment of Class Counsel and Brief in Support Thereof [Adv. D.I. 7; filed 7/16/07]

ii. Joinder of Alan M. Jacobs as the Bankruptcy Court-Appointed Liquidating Trustee of the New Century Liquidating Trust on Behalf of the Trust to the Debtors' Opposition to Plaintiffs' Motion for Class Certification [Adv. D.I. 77; filed 8/21/08]

iii. New Century Defendants' Opposition to Plaintiffs' Motion for Class Certification (filed under seal) [Adv. D.I. 79; filed 8/21/08]

iv. Plaintiffs' Reply to the New Century Defendants' Opposition to Plaintiffs' Motion for Class Certification and the Joinder of Alan M. Jacobs, Liquidating Trustee of The New Century Liquidating Trust [Adv. D.I. 89; filed 10/6/08]

v. Notice of Completion Briefing on Plaintiffs' reply to the New Century Defendants' Opposition to Plaintiffs' Motion for Class Certification and the Joinder of Alan M. Jacobs, Liquidating Trustee of the New Century Liquidating Trust (with Incorporated Memorandum of Law [Adv. D.I. 110; filed 12/4/08 ]

Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

13. Motion of New Century Liquidating Trust Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9355; filed 3/3/09]

Objection deadline: March 16, 2009

Objections/Responses Received:

A. Alaska Seaboard Partners Limited's Objection to the Motion of New Century Liquidating Trust Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9384; filed 3/16/09]

11

B. Molly S. White, Ralph N. White's Objection and Response to the Liquidating Trust's Motion Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9386; filed 3/17/09]

C. Objection of Washington Mutual Mortgage Securities Corporation and WM Specialty Mortgage LLC to Motion of New Century Liquidating Trust Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9649; filed 5/20/09]

Related Documents:

i. Order Granting the New Century Liquidating Trust's Motion Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9479; filed 3/27/09]

ii. Order Granting the New Century Liquidating Trust's Motion Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9662; filed 5/27/09]

iii. Order (CORRECTIVE) Granting the New Century Liquidating Trust's Motion Estimating and Allowing as Estimated for Distribution Purposes Certain EPD/Breach Claims [D.I. 9663; filed 5/27/09]

iv. Certification of Counsel Regarding Stipulation Between New Century Liquidating Trust, SNGC LLC and Alaska Seaboard Partners Limited Partnership, Resolving the Claims of SNGC LLC and Alaska Seaboard Partners Limited Partnership [D.I. 9672; filed 6/8/09]

v. Order Approving Stipulation Between New Century Liquidating Trust, SNGC LLC And Alaska Seaboard Partners Limited Partnership, Resolving The Claims of SNGC LLC And Alaska Seaboard Partners Limited Partnership [D.I. 9675; filed 6/10/09]

vi. Certification of Counsel Regarding Stipulation Between New Century Liquidating Trust, Washington Mutual Bank, WM Specialty Mortgage LLC and Washington Mutual Mortgage Securities Corp. Fixing and Allowing Their EPD/Breach Claims [D.I. 9711; filed 7/2/09]

vii. Certification of Counsel Regarding Stipulation Among New Century Liquidating Trust and UBS Real Estate Securities Inc. Fixing and Allowing Its Claims [D.I. 9881; filed 9/16/09]

Status: The motion as it relates to the claims of Deutsche Bank National Trust Company, JPMorgan Mortgage Acquisition Corp and JPMorgan Chase Bank NA, Morgan Stanley & Co Incorporated, Morgan Stanley Market Products Inc., and Morgan Stanley Mortgage Capital Holdings LLC fka Morgan Stanley Mortgage Capital Inc. will be continued to the next

omnibus hearing on November 24, 2009 at 2:00 p.m. The parties continue to negotiate stipulations and anticipate resolving all matters by settlement.

14. The New Century Liquidating Trust's (I) Objection to the Administrative Claims of William J. Popejoy Pursuant 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3001, 3007 and Local Rule 3007-1 [Substantive] and (II) Motion to Estimate the Contingent Portion of the Claim at Zero Pursuant to 11 U.S.C. § 502(c) [D.I. 9393; filed 3/18/09]

    Objection deadline: April 24, 2009

    Objections/Responses Received: None to date

    Related Documents: None to date

    Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

15. The New Century Liquidating Trust Estimating Certain Deferred Compensation Claims [D.I. 9550; filed 3/31/09]

    Objection deadline: April 24, 2009

    Objections/Responses Received:

    A. Objection to Motion of The New Century Liquidating Trust Estimating Certain Deferred Compensation Claims [D.I. 9601; filed 4/24/09]

    Related Documents:

    i. Order (AGREED) (I) Partially Resolving the Motion of the New Century Liquidating Trust Estimating Certain Deferred Compensation Claims, and (II) Adjourning the New Century Liquidating Trust's Twenty-Ninth Omnibus Objection to Claims Filed (Non-Substantive) With Respect to Claim Numbers 1491, 1493 and 1612 [9617; filed 5/1/09]

    Status: The hearing on this matter will be continued to a date to be determined.

16. The New Century Liquidating Trust's Twenty-Ninth Omnibus Objection to Claims filed Pursuant to 11 U.S.C. § 502(b), Fed. R. Bankr. P. 3001 and 3007, and Local Rule 3007-1 [Non-Substantive] [D.I. 9551; filed 3/31/09]

    Objection deadline: April 24, 2009

    Objections/Responses Received:

    A. Limited Objection Of The Beneficiaries Of The Deferred Compensation Plans To: (I) The New Century Liquidating Trust's Twenty-Eighth Omnibus Objection To Claims Filed Pursuant To 11 U.S.C. Section

13

502(B), Fed. R. Bankr. P. 3001 And 3007, And Local Rule 3007-1 [Substantive]; And (II) The New Century Liquidating Trust's Twenty-Ninth Omnibus Objection To Claims Filed Pursuant To 11 U.S.C. Section 502(B), Fed. R. Bankr. P. 3001 And 3007, And Local Rule 3007-1 [Non-Substantive] [D.I. 9599; filed 4/24/09]

Related Documents:

i. Order Granting the New Century Liquidating Trust's Twenty-Ninth Omnibus Objection to Claims (Non-Substantive) [9615; filed 5/1/09]

ii. Order (AGREED) (I) Partially Resolving the Motion of the New Century Liquidating Trust Estimating Certain Deferred Compensation Claims, and (II) Adjourning the New Century Liquidating Trust's Twenty-Ninth Omnibus Objection to Claims Filed (Non-Substantive) With Respect to Claim Numbers 1491, 1493 and 1612 [9617; filed 5/1/09]

Status: The hearing on this matter will be continued to a date to be determined.

17. The New Century Liquidating Trust's (A) Motion Pursuant to 11 U.S.C. Sec. 505 for Determination of Pennsylvania Corporate Net Income Tax and Franchise Tax Liabilities and (B) Supplemental Substantive Objection to the Claim Filed by the Pennsylvania Department of Revenue [D.I. 9605; filed 4/27/09]

Objection deadline: May 20, 2009

Objections/Responses Received: None to date

Related Documents: None to date

Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

18. Motion of the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation Estimating Claims filed by the California Franchise Tax Board at Zero [D.I. 9747; filed 7/24/09]

Objection deadline: August 20, 2009

Objections/Responses Received:

A. California Franchise Tax Board's Response to the Motion of the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation Estimating Claims Filed by the California Tax Board at Zero [D.I. 9861; filed 8/28/09]

Related Documents: None to date

Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

19. **Gregory J. Schroeder, et al. v. New Century TRS Holdings, Inc., et al. (Adv. Pro. No. 07-51598:** Motion to Compel Discovery From the New Century Defendants and Defendants Black, *et al*. [Adv. D.I. 144; filed 4/7/09]

    Related Documents:

    A. Opposition of Defendants Black, Forster, Lange, and Sachs to Plaintiffs' Motion to Compel Discovery [Adv. D.I. 154; filed 4/28/09]

    B. The Liquidating Trustee's Opposition to Plaintiffs' Motion to Compel [Adv. D.I. 155; filed 3/17/09]

    C. Plaintiffs' Consolidated Reply to the Opposition to the Motion to Compel Discovery From the New Century Defendants and From Defendants Black, et al. [Adv. D.I. 157; filed 5/5/09]

    D. Ex Parte Motion of the Liquidating Trustee for Leave to File a Sur-Reply Brief to Plaintiffs' Consolidated Reply to the Oppositions to the Motion to Compel Discovery From the New Century Defendants and From Defendants Black, et al. [Adv. D.I. 171; filed 5/26/09]

    E. Notice of Completion of Briefing on Plaintiffs' Motion to Compel Discovery From the New Century Defendants and Defendants Black, *et al.* [Adv. D.I. 158; filed 5/8/09]

    Status: The hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.

20. Motion for an Order Approving Global Settlement Agreement Among Alan M. Jacobs as Trustee of the New Century Liquidating Trust and the Beneficiaries of the New Century Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan [D.I. 9874; filed 9/8/09]

    Objection deadline: September 29, 2009

    Objections/Responses Received:

    A. Objection to Order Approving Global Settlement Agreement Among Alan M. Jacobs as Trustee of the New Century Liquidating Trust and the Beneficiaries of the New Century Corporation Deferred Compensation Play and/or Supplemental Executive Retirement/Savings Plan [Filed by Pierre R. Augustin] [D.I. 9892; filed 9/28/09]

    B. Objection to Order Approving Global Settlement Agreement Among Alan M. Jacobs as Trustee of the New Century Liquidating Trust and the Beneficiaries of the New Century Corporation Deferred Compensation

15

Play and/or Supplemental Executive Retirement/Savings Plan [Filed by Leslie Marks] [D.I. 9893; filed 9/28/09]

C. Objection to Order Approving Global Settlement Agreement Among Alan M. Jacobs as Trustee of the New Century Liquidating Trust and the Beneficiaries of the New Century Corporation Deferred Compensation Play and/or Supplemental Executive Retirement/Savings Plan [Filed by Anita B. Carr] [D.I. 9894; filed 9/28/09]

Related Documents: None to date

Status: **The hearing on this matter will be continued to October 14, 2009 at 10:00 a.m.**

## II. **MATTERS UNDER ADVISEMENT:**

21. New Century Liquidating Trust's Objection To The Administrative Claim Of Creditor Cedric Muhammad Pursuant To 11 U.S.C. § 502 (b) And Fed. R. Bankr. P. 3001, 3007 And Local Rule 3007-1 [Substantive] [Filed 9/30/08; Docket No. 9028]

    Related Documents:

    i. Order Granting Request of Claimant Cedric Muhammad For Reconsideration of The November 20, 2008 Order Expunging His Claim [D.I. 9322; filed 1/29/09]

    ii. Certification of Counsel Regarding Scheduling Order Regarding Submissions of Findings of Fact and Conclusions of Law Regarding Claimant Cedric Muhammad [D.I. 9578; filed 4/7/09]

    iii. Scheduling Order Regarding Submissions of Findings of Fact and Conclusions of Law From Evidentiary Hearing on Claimant Cedric Muhammad's Motion for Payment of Administrative Expense and the New Century Liquidating Trust's Objection to the Administrative Claims of Creditor Cedric Muhammad Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3001, 3007 and Local Rule 3007-1 [D.I. 9583; filed 4/9/09

    iv. Certification of Counsel Regarding Proposed Findings of Fact and Conclusions of Law of the New Century Liquidating Trust Regarding the New Century Liquidating Trust's Objection to Creditor Cedric Muhammad's Administrative Claim [D.I. 9624; filed 5/1/09]

    v. Affidavit-of-Truth Filed by Cedric Muhammad [D.I. 9670; filed 6/1/09]

    Status: Both parties have filed their findings of fact & conclusions of law. Under the scheduling order, the court may schedule a status hearing.

22. **Leslie Marks v. New Century TRS Holdings,Inc., et al. (Adv. Pro. No. 09-50244):** Motion of New Century Liquidating Trust to Dismiss Adversary Proceeding Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Adv. D.I. 7; filed 4/17/09]

   Related Documents:

   A. Memorandum of Law in Support of The New Century Liquidating Trust's Motion to dismiss Adversary Proceeding Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Adv. D.I. 8; filed 4/17/09]

   B. Memorandum of Law In Support of Plaintiff's Opposition to The New Century Liquidating Trust's Motion to Dismiss and Request for Sanctions [Adv. D.I. 9; filed 4/28/09]

   C. Reply Memorandum of law in response to Plaintiff's opposition to the New Century Liquidating Trust's Motion to Dismiss [Adv. D.I. 13; filed 5/21/09]

   D. Order Suspending Proceedings Pending Adjudication of The Motion To Dismiss [Adv. D.I. 19; filed 6/10/09]

   E. Order Denying Motion To Allow Pro Se Plaintiff to E-File, Granting In Part Motion To Allow Pro Se Plaintiff To Appear Telephonically [Adv. D.I. 21; filed 6/11/09]

   Status: The Court has ordered that all proceedings shall be suspended pending adjudication of the Motion of the New Century Liquidating Trust to Dismiss [Adv. D.I. 7; filed 4/17/09].

### III. CONTESTED MATTERS:

23. Motion to Reconsider Order Disallowing and Expunging Certain (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) No Supporting Documentation Claims Set Forth in Debtors' Twenty-First Omnibus Objection to Claims [D.I. 9229; filed 12/10/08]

    Objection deadline: January 13, 2009

    Objections/Responses Received:

    A. Objection of the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation to the Request by Alfonso and Janet Longo to Reconsider the Order Disallowing and Expunging Certain (A) Amended and Superseded Claims; (B) Late Filed Claims; (C) No Supporting Documentation Claims Set Forth in Debtors' Twenty-First Omnibus Objection to Claims [D.I. 9287; filed 1/13/09]

Related Documents:

i. Debtors' Twenty-First Omnibus Objection to Claims: Non-Substantive Objection Pursuant to 11 U.S.C. §§ 502, 503, 506 and 507, Fed. R. Bankr. P. 3007 and 9014, and Del. Bankr. L.R. 3007-1 to Certain (A) Amended And Superseded Claims; (B) Late Filed claims; and (C) No Supporting Documentation Claims [D.I. 7017; filed 5/14/08]

ii. Order Disallowing and Expunging Certain (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) No Supporting Documentation Claims Set Forth in Debtors' Twenty-First Omnibus Objection to Claims [D.I. 8553; filed 7/11/08]

iii. Order Granting Request of Alfonso and Janet Longo for Reconsideration of the July 11, 2008 Order Expunging Their Claims and Setting Hearing and Discovery Schedule Regarding the Value of Such Claim [D.I. 9753; filed 7/29/09]

iv. Documentation provided in Support of Their Action Against New Century TRS Holdings, Inc. [Filed by Janet Longo] [D.I. 9891; filed 9/25/09]

Status: **At the request of the Longos, the hearing on this matter will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.**

IV. **PRE-TRIAL CONFERENCES:**

24. **The New Century Liquidating Trust and Reorganized New Century Warehouse Corporation v. Robert K. Cole, Brad A. Morrice, Edward F. Gotschall, John Doe, Jane Doe, Marilyn A. Alexander, Harold A. Black, Fredric J. Forster, Donald E. Lange, William J. Popejoy, Michael M. Sachs, Richard A. Zona, David Einhorn, Patrick Flanagan, Kevin M. Cloyd, Patti M. Dodge, Joseph F. Eckroth, Jr., Stergios Theologides, EG Enterprises, Pacific Financial Services, Inc., Zona Financial, LLC., Greenlight Capital, Inc., F&A Forster Family Revocable Trust** (Adv. Pro. No. 09-50882)

Related Documents:

A. Complaint [Adv. D.I. 1, filed 4/1/09]

B. Order Granting Manner of Service of Complaint and Extending Deadline to Respond to Complaint [Adv. D.I. 6, filed 5/20/09]

C. Summons [Adv. D.I. 12, filed 7/8/09]

D. Order Granting Stipulation Pertaining to Substitution of Party, Acceptance of Service, and Standstill of the Adversary Proceeding [Adv. D.I. 14, filed 7/17/09]

E. Order Granting Stipulation Between The New Century Liquidating Trust, By And Through Alan M. Jacobs, As Liquidating Trustee And Defendants David Einhorn, Fredric J. Forster, Donald E. Lang, Richard A. Zona, Greenlight Capital, Inc., F&A Forster Family Trust, Pacific Financial Services And Zona Financial Agreeing To Dismiss Certain Defendants From Adversary Proceeding [Adv. D.I. 15, filed 7/17/09]

F. Notice of Voluntary Dismissal as to Defendants Greenlight Capital, Inc., F&A Forster Family Revocable Trust, Pacific Financial Services, Inc. and Zona Financial, LLC [Adv. D.I. 17, filed 7/21/09]

G. Order Granting Stipulation Extending Time To Respond to The Complaint [Adv. D.I. 18, filed 7/21/09]

Status: The pre-trial conference will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m., however, a status conference will go forward on October 6, 2009.

25. **Alan M. Jacobs, as Liquidating Trustee, of the New Century Liquidating Trust v. Equillance, LLC (Adv. Pro. No. 09-51811)**

Related Documents:

A. Complaint [Adv. D.I. 1, filed 8/6/09]

B. Summons [Adv. D.I. 3, filed 8/25/09]

C. Answer to Complaint [Adv. D.I. 5, filed 9/16/09]

D. Motion to Allow Request to Reschedule Pre-Trial Conference and to Attend the Conference by Telephone [Filed by Equillance, LLC] [Adv. D.I. 6, filed 9/16/09]

E. Notice of Hearing for Request to Reschedule Pre-Trial Conference [Adv. D.I. 7, filed 9/17/09]

<u>Status</u>: The court issued a notice of hearing for request to reschedule a pre-trial conference in this adversary proceeding. **By agreement of the parties, the pre-trial conference will be continued to the next omnibus hearing on November 24, 2009 at 2:00 p.m.**

Dated: October 5, 2009                        **BLANK ROME LLP**

*/s/ David W. Carickhoff*
Bonnie Glantz Fatell (DE No. 3809)
David W. Carickhoff (DE No. 3715)
Elizabeth A. Sloan (DE No. 5045)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

HAHN & HESSEN LLP
488 Madison Avenue, 15th Floor
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn: Mark T. Power
       Mark S. Indelicato
       Edward L. Schnitzer
       Janine Cerbone
       Huria Patwardhan

*Co-Counsel to the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation*