UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
NEW CENTURY HOLDINGS, INC., a                       : Case No. 07-10416 (KJC)
Delaware corporation, et al.,[1]                    : Jointly Administered
                                                    :
                Debtors.                            :
                                                    : Re: Docket No. 9874
---------------------------------------------------------------x
GREGORY J. SCHROEDER, et al.,                       :
                                                    :
                Plaintiffs,                         : Adv. Pro. No. 07-51598
                                                    :
        v.                                          :
                                                    : Re: Docket No. 196
NEW CENTURY HOLDINGS, INC., et al.,                 :
                                                    :
                Defendants.                         :
---------------------------------------------------------------x

ORDER APPROVING GLOBAL SETTLEMENT AGREEMENT AMONG
ALAN M. JACOBS AS TRUSTEE OF THE NEW CENTURY LIQUIDATING
TRUST AND THE BENEFICIARIES OF THE NEW CENTURY CORPORATION
DEFERRED COMPENSATION PLAN AND/OR
SUPPLEMENTAL EXECUTIVE RETIREMENT/SAVINGS PLAN

UPON THE MOTION for an Order Approving the Global Settlement Agreement Among

Alan M. Jacobs as Liquidating Trustee of the New Century Liquidating Trust, Plan

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation (the "New Century Financial Debtors").

Administrator for Reorganized New Century Warehouse Corporation and Sole Officer and Director of the Debtors and the Beneficiaries of the New Century Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (the "Motion"), and having reviewed the Motion and the Settlement Agreement[2] attached to the Motion as Exhibit "A", and this Court possessing jurisdiction to consider the Motion, and venue being proper, and notice of the Motion having been sufficient, and the relief requested in the Motion being warranted, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement Agreement annexed hereto as "Exhibit A" is APPROVED.

3. The parties to the Settlement Agreement may exercise and perform their respective rights and obligations under the Settlement Agreement. In the event that the Effective Date (as defined in the Settlement Agreement) occurs on or before November 20, 2009, the payment set forth in paragraph 1(a) of the Settlement Agreement shall be made by wire-transfer on or before November 30, 2009 and the payments provided for in paragraph 1(b) of the Settlement Agreement shall be made, as to all Participants or Beneficiaries who have submitted a new W-4 form (or otherwise satisfactory alternative documentation) by November 20, 2009, on or before December 31, 2009; provided however, that the distributions that would otherwise be made to the Target Defendants (as defined in the Settlement Agreement) pursuant to paragraph 1(b) of the Settlement Agreement will be held by the Liquidating Trustee pending the conclusion of the litigation against the Target Defendants and/or further order of this Court.

4. In accordance with the Settlement Agreement, on the Effective Date (as defined in the Settlement Agreement) any proofs of claims filed by any of the Beneficiaries shall be

---

[2] Capitalized terms not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

hereby expunged and the claims represented thereby, to the extent not satisfied under the Settlement Agreement, shall be disallowed, in both respects solely with respect to any amount asserted in such proof of claim pursuant to the New Century Corporation Deferred Compensation Plan and/or the Supplemental Executive Retirements Savings Plan.

5. This Court shall retain jurisdiction over all matters related to the interpretation or implementation of this Order.

Dated: October 14, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE