## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement") is made and entered into as of July ___, 2009, by and among, ALAN M. JACOBS, AS LIQUIDATING TRUSTEE OF THE NEW CENTURY LIQUIDATING TRUST AND AS SOLE OFFICER AND DIRECTOR OF NEW CENTURY FINANCIAL CORPORATION (the "Liquidating Trustee") and the AD HOC COMMITTEE OF BENEFICIARIES OF THE NEW CENTURY FINANCIAL CORPORATION DEFERRED COMPENSATION PLAN AND SERP (the "Ad Hoc Committee").

## W I T N E S S E T H

WHEREAS, on or about July 1, 2004, New Century Financial Corporation (the "Company" or "NCFC") established the New Century Financial Corporation Deferred Compensation Plan and SERP ( jointly, the "Plan");

WHEREAS, New Century Financial Corporation and its affiliates (the "Debtors") are debtors in Chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under Case No. 07-10416 (KJC) (collectively, the "Bankruptcy Case"), which Bankruptcy Case was commenced on April 2, 2007 (the "Petition Date");

WHEREAS, The Ad Hoc Committee represents the more than 500 employees of the Debtors who participated in the Plan ("Participants") and who constitute all of the Plaintiffs-Beneficiaries in the Adversary Proceeding (as defined below);

WHEREAS, the Plan purports to be a "top hat" plan designed to provide "certain key employees" with "additional retirement benefits . . . on a tax favored basis";

WHEREAS, NCFC's obligations under the Plan are supported by an irrevocable trust (the "Plan Trust") created by the New Century Supplemental Benefit and Deferred Compensation Trust Agreement (the "Trust Agreement"), as amended.

WHEREAS, all deferred compensation and employer contributions to be contributed to the Plan were placed into a segregated account in the name of the trustee appointed pursuant to the Trust Agreement, Wells Fargo Bank (the "Trustee") and such amounts (the "Plan Assets") have remained segregated in such account since being contributed (except to the extent distributed to Beneficiaries under the Plan and as otherwise set forth below);

WHEREAS, the Ad Hoc Committee alleges that the Plan is not a "top hat" plan, but is an "employee benefit plan" under ERISA and that the Plan is subject to ERISA's substantive provisions, including the "exclusive benefit," "exclusive purpose" and "non-inurement" provisions, because the Plan is not a "top hat" plan exempt from such provisions. The Ad Hoc Committee alleges that, regardless of any language in the Plan or Plan Trust, under ERISA the Plan Assets are held for the exclusive benefit of the Beneficiaries, and cannot be used for any purpose other than to pay benefits to Beneficiaries. The Debtors and the Liquidating Trustee dispute such contentions;

WHEREAS, on April 17, 2007, the Ad Hoc Committee filed a motion requesting this Court to order the United States Trustee to appoint an official committee of Plan Beneficiaries (the "1102 Motion"), and on April 30, 2007, the Court issued an order in the chapter 11 case requiring the Plan Assets to remain status quo until resolution of the then-pending 1102 Motion. Order [Case No. 07-10416, D.I. 466];

WHEREAS, following a May 7, 2007 hearing on the 1102 Motion, the Court entered the Order Denying Emergency Motion of Plan Beneficiaries for an Order Directing the United States Trustee to Appoint an Official Committee of Plan Beneficiaries an order dated May 21, 2007, denying the 1102 Motion but ordering that the Plan Assets remain segregated until further order of the Court. [Id., D.I. 834];

WHEREAS, the Ad Hoc Committee Beneficiaries subsequently filed an adversary proceeding on June 20, 2007, against certain parties[1] (the "Adversary Proceeding"), which Adversary Proceeding was filed as a class action, but the class has not yet been certified;

WHEREAS, the Debtors filed a Motion to Dismiss on or about July 25, 2007; the Committee filed its joinder to the Debtors' Motion to Dismiss, with additional alleged grounds, on August 6, 2007, on or about April 23, 2008, the Court issued its decision denying the Motions to Dismiss, styled Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95 (Bankr. D. Del. 2008);

WHEREAS, on or about July 2, 2008, the Court confirmed a liquidating plan for the Debtors, over the objections of the Ad Hoc Committee, which confirmation order (the "Confirmation Order") was appealed by the Ad Hoc Committee to the United States District Court. Under the terms of the confirmed plan, Alan M. Jacobs was appointed the liquidating trustee of the Liquidating Trust and Sole Officer and Director of New Century Financial Corporation (the "Liquidating Trustee"). In such capacity, and on behalf of the Creditors

---

[1] New Century Holdings, Inc., a Delaware corporation; New Century Financial Corporation (f/k/a New Century Reit, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800ANYLOAN.COM, ANYLOAN.COM), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation, NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation, New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, Trats Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCORAL, L.P., a Delaware limited partnership; and Wells Fargo Bank N.A. a/k/a Wells Fargo ITS, as trustee of the trust formed under the New Century Financial Corporation Supplemental Benefit and Deferred Compensation Trust Agreement; and Harold A. Black, Frederic J. Foster, Donald E. Lange, and Michael M. Sachs, in their capacity as the Compensation Committee of the Board of Directors of New Century Financial Corporation and therefore the Plan Administrator, and any successors thereto and any Committee (as defined in the Plan) appointed by the Plan Administrator; and The Official Committee of Unsecured Creditors.

Committee pursuant to the terms of the confirmed plan, the Liquidating Trustee is the named defendant in the Adversary Proceeding;

WHEREAS, since the Court's decision denying the Motions to Dismiss, the parties have engaged in extensive document discovery, which discovery is substantially complete;

WHEREAS, the Liquidating Trustee filed an additional motion to dismiss premised upon an alleged lack of standing by the Beneficiaries, to which the Beneficiaries replied; the Court has not yet heard such motion to dismiss;

WHEREAS, by agreement, Wells Fargo Bank was allowed to resign as Trustee and was dismissed from the Adversary Proceeding, and the Liquidating Trustee was named the successor Trustee under the Plan Trust, which events were agreed and ordered to have no impact on the rights or arguments of the parties to the Adversary Proceeding;

WHEREAS, by agreement, the surplus funds in the Plan Trust (calculated as the funds in the Plan Trust exceeding the maximum liabilities due under the Plan) were transferred to the Liquidating Trustee as successor trustee under the Plan Trust;

WHEREAS, the balance of assets in the Plan and Plan Trust assets remain segregated, and the Liquidating Trustee is currently holding approximately $36 million dollars in the Plan Trust (the "Plan Assets Balance");

WHEREAS, the Liquidating Trustee brought actions to recover prepetition payments out of the Plan and Plan Trust to certain Beneficiaries as preferences or fraudulent conveyances, including Jacobs v. Sussman, Adv. Proc. No. 09-50883-KJC, Complaint [Docket No. 1] (the "Sussman Action") and Jacobs v. Warren, Adv. Proc. No. 09-50884-KJC, Complaint [Docket No. 1] (the "Warren Action");

WHEREAS, the parties to the Adversary Proceeding have filed various motions and cross-motions for summary judgment, which motions remain pending;

WHEREAS, on or about June 17, 2009, the United States District Court for the District of Delaware (the "District Court") entered an order reversing the Confirmation Order and remanding the case to the Bankruptcy Court (the "Reversal Order");

WHEREAS, on or about June 26, 2009, the District Court entered an order staying the Reversal Order pending appeal by the Liquidating Trustee (the "District Court Stay");

WHEREAS, the Liquidating Trustee and the Ad Hoc Committee have agreed to settle all of the disputes and differences between them by executing this Settlement Agreement; and

WHEREAS, the parties recognize that upon the effectiveness of this Settlement Agreement, their respective legal rights to the herein mentioned disputes and differences will be relinquished.

NOW THEREFORE, for ten ($10.00) dollars, paid in hand, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto,

intending to be legally bound, but subject to the express approval by the Bankruptcy Court and other conditions provided in Paragraph 19 below, agree as follows:

1. **Payment of Settlement Amount; Assignment of Causes of Action.** Upon the Effective Date, as herein defined, the Liquidating Trustee will commence the liquidation of the assets in the Plan Trust and as soon as practicable thereafter either make the payments described in this Paragraph or distribute the proceeds of such liquidation to the Ad Hoc Committee or its designee to make the payments described in this Paragraph. In addition, the Liquidating Trustee shall assign certain causes of action described below. The total of the payments to be made, or assignments completed, to, or for the benefit of the Ad Hoc Committee and the other Participants pursuant to this Paragraph shall be referred to as the "Settlement Amount", and shall be paid as follows:

      a.    [$2,312,000] shall be paid to counsel for the Ad Hoc Committee, Bernstein, Shur, Sawyer & Nelson, in payment of legal fees and expenses of the Ad Hoc Committee, including, without limitation, to be used for payment of fees and expenses of local counsel Stevens & Lee. This amount will not be treated as a distribution to the Participants in the Plan. In addition, Bernstein, Shur, Sawyer & Nelson shall have no further claim against the Debtors, the Liquidating Trust or the Liquidating Trustee for any fees or expenses either under this Settlement Agreement, as counsel to the Ad Hoc Committee or pursuant to § 503(b) of the Bankruptcy Code.

      b.    [$18,898,000], minus any costs incurred in implementing this Settlement Agreement, including costs to certify and solicit the class or taxes of whatever kind or nature, including but not limited to taxes withheld pursuant to this Paragraph shall be distributed pro rata to the Participants in the Plan, based on the aggregate of vested balances in the Plan as of December 31, 2007, as more particularly set forth on Exhibit A to this Settlement Agreement. Such amounts shall be paid without penalty as may otherwise be required in the Plan, in accordance with the Bankruptcy Court's Order approving this Settlement Agreement (the "Approval Order") and directing such payments pursuant to 11 U.S.C. § 503(b)(1)(A) and Fed. R. Bankr. P. 9019. If the Effective Date has occurred, such amounts shall be administered and paid on or before August 30, 2009 (or as soon thereafter as is practicable after the occurrence of the Effective Date) except for amounts distributable to Target Defendants (which shall be handled as set forth in subparagraph c. below). The Liquidating Trustee shall issue or cause to be issued a form W-2 or 1099, as appropriate with respect to such payments, to each Participant who receives a distribution, provided, however, that the costs of preparing such forms shall be borne by the Participants and deducted from the amount to be paid under this subparagraph. The parties agree that for tax purposes such distributions shall be treated as payment of compensation. Each Participant must submit to the appropriate party a fully completed form W-4 and agrees that any distribution will be subject to the appropriate bonus tax rate for all appropriate federal, state and local taxes related to

such distributions. All taxes arising from the distribution(s) to be made under this subparagraph shall be borne by the Participants; the Liquidating Trustee and the Liquidating Trust shall have no liability for any taxes associated with these distributions.

c. With respect to Mssrs. Cloyd, Theologides, Eckroth, Morrice and Ms. Dodge, (collectively the "Target Defendants"), all of whom are defendants in litigation brought by the Liquidating Trustee for, *inter alia*, breach of fiduciary duty and breach of contract, the distributions that would otherwise be made to the Target Defendants pursuant to subparagraph 1(b) above and as shown on <u>Exhibit A</u> hereto (the "Target Distributions") will be held by the Liquidating Trustee pending the conclusion of the litigation against the Target Defendants and/or further order of the Bankruptcy Court with respect to the Target Distributions.

d. The remainder of the Plan Assets Balance that is not necessary to fund the expenses and payments set forth in paragraphs (a) through (c) inclusive above shall be turned over to the Liquidating Trust, for use in accordance with the Amended Liquidating Plan, as defined below.

e. In addition to the consideration detailed above, the Liquidating Trustee shall also assign to the Ad Hoc Committee, on behalf of the Participants, all causes of action held by the Liquidating Trust and arising out of the creation and administration of the Plan, against all third-party administrators, consultants, and professionals who provided services with respect to the Plan, provided, however, that the Ad Hoc Committee shall not prosecute, and agrees not to prosecute, any claims against prior officers or directors of the Debtors named in the Adversary Proceeding or otherwise involved in the establishment or operation of the Plan. To the extent that the Ad Hoc Committee receives a judgment against any third party as a result of these lawsuits pursuant to which claims are asserted against the Debtors, the Liquidating Trustee or the Liquidating Trust, by way of indemnification, contribution or some other theory in law or fact, the Ad Hoc Committee agrees to reduce its recovery against such parties for the amounts that the Liquidating Trust would be required to contribute or otherwise pay towards such judgment or settlement.

2. **Disallowance of Plan Related Claims.** On the Effective Date, all claims asserted by Participants respecting any and all amounts due with respect to the Plan and not satisfied by payments made under this Settlement Agreement shall automatically be disallowed in their entirety, and the Participants shall not be entitled to any further distribution on any such claims from the Debtors, the Liquidating Trust or the Liquidating Trustee.

3. **Remaining Claims.** Nothing in this Settlement Agreement shall affect, reduce or modify any other claims, defenses or rights held by any Participant and not arising out of or related to the Plan, nor shall it affect any litigation the Trust and the Liquidating Trustee may

have commenced against various Participants except as more specifically set forth in this Settlement Agreement.

4. **Release of the Liquidating Trustee and Debtors**. Upon the Effective Date, the Participants and the Ad Hoc Committee, on behalf of themselves and their members, predecessors, successors, assigns, and all persons acting by or through them, fully and forever release, waive any argument, assertion, and claim to the contrary, and discharge the Liquidating Trustee, the Liquidating Trust, the Plan Advisory Committee in its capacity as such and its members and their advisors, the Debtors and their estates, subsidiaries, shareholders, predecessors, successors, assigns, officers, directors, agents, employees, trustees, estates, advisors, attorneys, divisions, affiliates, related companies, and all persons acting by, through or in concert with them, but excluding the third-party administrators, advisors, consultants and professionals rendering services with respect to the Plan and referred to in subparagraph 1 (e) above (all of the foregoing, collectively, the "Debtor Released Parties"), from, and acknowledge full and complete satisfaction of, any and all claims, disputes, objections, litigations, demands and causes of action of any kind whatsoever, whether in law or in equity, known or unknown, currently viable or arising hereafter, suspected or unsuspected by the Ad Hoc Committee or the Participants, and whether or not concealed or hidden, which the Ad Hoc Committee and the Participants now or hereafter own or hold as against the Debtor Released Parties, and each of them or any of them, by reason of any matters which: (a) arise out of, or are in any way connected with, or related to the Plan or the Plan Trust, or (b) are the subject of the Adversary Proceeding (collectively, the "Ad Hoc Committee Release"). The Ad Hoc Committee Release shall be construed as broadly and as generally as possible and as permitted by law, provided, however, that such release shall not affect, reduce or discharge any obligations arising under this Settlement Agreement or any claims preserved under Paragraph 3 of this Settlement Agreement. Upon the Effective Date, the Adversary Proceeding will be dismissed against each and every defendant, including the defendants not a party to this Settlement Agreement.

5. **Release of the Ad Hoc Committee and Participants**. Upon the Effective Date, the Liquidating Trustee and the Liquidating Trust, in his capacity as such, on behalf of themselves, the Debtors' estates, and their respective subsidiaries, predecessors, successors, assigns, divisions, affiliates, related entities, and all persons acting by or through them, fully and forever release, waive any argument, assertion, and claim to the contrary, and discharge the Ad Hoc Committee, its members, predecessors, successors, assigns, and all persons acting by or through them, and the Participants in such capacity (all of the foregoing, collectively, the "Ad Hoc Committee Released Parties") from, and acknowledge full and complete satisfaction of, any and all claims, disputes, objections, litigations, demands and causes of action of any kind whatsoever, whether in law or in equity, known or unknown, currently viable or arising hereafter, suspected or unsuspected by the Debtors, and whether or not concealed or hidden, which the Debtors, the Liquidating Trust, the Liquidating Trustee or any successors thereto, now or hereafter own or hold as against the Ad Hoc Committee Released Parties, and each of them or any of them, and that arise out of, or are in any way connected with, or related to the Plan or the Plan Trust, including, without limitation, by reason of any distributions made to the Ad Hoc Committee Released Parties from or on account of the Plan or the Plan Trust prior to the date of this Settlement Agreement or distributions made pursuant to this Settlement Agreement (collectively, the "Debtors Release"). The Debtors Release shall be construed as broadly and as generally as possible and as permitted by law, and shall include, without limitation, claims

arising under Chapter 5 of the Bankruptcy Code or otherwise based on any distributions made to the Ad Hoc Committee Released Parties from or on account of the Plan or the Plan Trust prior to the date of this Settlement Agreement or distributions made pursuant to this Settlement Agreement; provided, however, that (i) any claims that the Debtors or their bankruptcy estates may hold against the Ad Hoc Committee Released Parties under Chapter 5 of the Bankruptcy Code that are not based on distributions made to the Ad Hoc Committee Released Parties from or on account of the Plan prior to the date of this Settlement Agreement or distributions made pursuant to this Settlement Agreement, shall not be released and are expressly preserved and (ii) notwithstanding anything to the contrary contained in this subparagraph, nothing herein shall release the Target Defendants with respect to any litigation pending against them or any causes of action related thereto. The Warren Action and those counts of the Sussman Action that relate to and/or attempt to avoid and/or recover payments and/or distributions from the Plan, or the value of any such payments, shall be dismissed with prejudice.

6.     **Effect of Releases.** Each party is aware that it may hereafter discover claims or facts in addition to, or different from, those it now knows or believes to be true. Nevertheless, it is the intention of each of the Liquidating Trustee and the Ad Hoc Committee to fully, finally, and forever settle and release any and all controversies between them related to the subject matter hereof, and all claims relative thereto, that do not yet exist, may exist, or heretofore have existed against each other solely to the extent described in the above Debtors Release and Ad Hoc Committee Release. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto, except as expressly stated herein.

7.     **Covenant Not to Sue.** The Ad Hoc Committee on their own behalf and on behalf of the Participants and the Liquidating Trustee hereby covenant that they shall not sue or otherwise prosecute in any way any of the Debtor Released Parties or the Ad Hoc Committee Released Parties with respect to any and every claim released by the Debtors Release and/or the Ad Hoc Committee Release.

8.     **Withdrawal of Objections to Disclosure Statement and Plan.** Upon approval of the Settlement Agreement by the Bankruptcy Court as set forth below, and incorporation of a provision into the Debtors' currently filed plan of liquidation (the "Current Liquidation Plan") (and any future plan of liquidation) incorporating this Settlement Agreement and which plan shall not derogate from the terms of this Settlement Agreement, the Ad Hoc Committee, and each of its members, shall withdraw any objection filed to the Current Liquidation Plan or any future plan containing a similar provision preserving all aspects of this Settlement Agreement, and any disclosure statement filed with respect thereto, and shall file no other objections to any such plan or disclosure statement. Upon approval of this Settlement Agreement by the Bankruptcy Court, the Ad Hoc Committee, on its own behalf and on behalf of the Participants (including in their capacity as actual or potential unsecured creditors) shall consent to the Current Liquidation Plan, subject to any modifications necessary to incorporate this Settlement Agreement and address the Reversal Order or any subsequent liquidating plan which does not derogate from the terms of this Settlement Agreement (the "Amended Liquidating Plan"). The Ad Hoc Committee on its own behalf and on behalf of the Participants further agree to cooperate with the Liquidating Trust and the Liquidating Trustee to file any appropriate pleadings in either

7

the Bankruptcy Court, District Court or Court of Appeals for the Third Circuit to preserve the Current Liquidation Plan or implement an Amended Liquidation Plan.

9. **No Prior Transfer.** The Liquidating Trust and the Ad Hoc Committee on its own behalf and on behalf of each Participant, each represent and warrant that they have not assigned or transferred, in whole or in part, to any other person, corporation, or other entity, in any manner, including but not limited to assignment or transfer by subrogation or any operation of law, any claim, right, demand or cause of action which they may now have, or may in the future acquire, or claim to have, or may have had regarding the claims released by the Ad Hoc Committee Release and the Debtors Release.

10. **Third Party Beneficiaries.** The parties hereto hereby acknowledge that each individual and entity released herein other than the signatories hereto is intended to be a third party beneficiary of this Settlement Agreement. There shall be no other third party beneficiaries of this Settlement Agreement.

11. **Assignment, Predecessors, Successors and Assigns.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties hereto and the Participants and their legal representatives, predecessors, successors and assigns, including any bankruptcy trustee or state law receiver later appointed.

12. **No Admission.** This Settlement Agreement effects the settlement of potential claims regarding the Plan and the Plan Trust which are denied and contested, and nothing contained herein shall be construed as an admission by any party hereto to any liability of any kind to any other party. Each party hereto denies any liability in connection with any claim and intends hereby solely to settle litigation and finally resolve any and all potential issues among the parties hereto.

13. **Construction.** The parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Settlement Agreement or, alternatively, have had an opportunity to retain the services of independent legal counsel and have affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. No party hereto relies upon any statement, representation, or promise of any other party in executing this Settlement Agreement or in making the settlement provided for herein, except as expressly stated in this Settlement Agreement. The parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Settlement Agreement or, alternatively, have had an opportunity to have input into the drafting of this Settlement Agreement. Accordingly, in any construction to be made of this Settlement Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Settlement Agreement and the expressed intent of the parties.

14. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement and understanding between the parties relating to the subject matter contained herein, and this Settlement Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the parties hereto.

15. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Signatures of this Agreement evidenced and delivered by facsimile or electronic mail shall be as valid as an original thereof.

16. **Severability and Survival.** In the event that any part of this Settlement Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law or in equity, such finding shall not invalidate any other part hereof. The terms and provisions of this Settlement Agreement, including, without limitation, the Ad Hoc Committee Release and the Debtors Release granted herein, once approved by the Bankruptcy Court as set forth below, shall, in all events, be final, valid and enforceable regardless of whether the Bankruptcy Case is ultimately dismissed or converted to Chapter 7.

17. **GOVERNING LAW.** THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE AND THE FEDERAL LAWS OF THE UNITED STATES AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS. IN ANY ACTION BROUGHT TO ENFORCE THIS AGREEMENT, EACH OF THE PARTIES HERETO EXPRESSLY AGREES THAT THE BANKRUPTCY COURT SHALL HAVE THE JURISDICTION TO HEAR SUCH MATTER. TO THE EXTENT THAT THE BANKRUPTCY COURT REFUSES JURISDICTION OF SUCH MATTER, THEN EACH OF THE PARTIES HERETO EXPRESSLY AGREES THAT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE SHALL HAVE THE SOLE JURISDICTION TO HEAR SUCH MATTER.

18. **Notices.** All demands, notices and communications hereunder shall be in writing and shall be deemed to have been duly given if personally delivered at or mailed by regular U.S. Mail, postage prepaid, addressed as follows, or such other address as may be furnished by proper notice as described herein:

| | |
|---|---|
| Liquidating Trustee: | Mark S. Indelicato |
| | HAHN & HESSEN LLP |
| | 488 Madison Avenue |
| | New York, New York 10022 |
| | |
| Ad Hoc Committee: | Robert J. Keach |
| | Bernstein, Shur, Sawyer & Nelson |
| | 100 Middle Street |
| | P.O. Box 9729 |
| | Portland, Maine 04104 |

19. **Bankruptcy Court Approval and Jurisdiction; Class Certification.** The terms and conditions of this Settlement Agreement will only be effective upon satisfaction of the following conditions: (i) signature by the parties hereto, (ii) entry by the Bankruptcy Court of an order under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Approval Order") approving the Settlement Agreement, without modification (absent consent by each of the parties

hereto to such modification), upon notice to all necessary parties and approval of the class of beneficiaries as a class pursuant to Federal Rule 23 of Civil Procedure (iii) the Approval Order has not been reversed, stayed, modified, or amended and as to which (a) the time to appeal or petition for review, rehearing or certiorari or move for reargument has expired (other than a motion filed pursuant to Fed. R. Civ. P. 60, as incorporated in bankruptcy proceedings by Bankruptcy Rule 9024) and as to which no appeal or petition for review, rehearing or certiorari or motion for reargument is pending; or (b) any appeal or petition for review, rehearing, certiorari or reargument has been finally decided and no further appeal or petition for review, rehearing, certiorari or reargument can be taken or granted, and (iv) entry of an order by a court of competent jurisdiction vacating the Reversal Order or of an order of the Bankruptcy Court approving amendments to the Current Liquidation Plan reasonably acceptable to the Plan Advisory Committee which maintains the Liquidating Trustee, the Liquidating Trust and provides substantially similar economic terms as provided for in the Current Liquidation Plan. The date upon which items (i) through (iv) above have been satisfied, shall be deemed the effective date of this Settlement Agreement (the "Effective Date"). Each of the parties hereto consents to the jurisdiction of the Bankruptcy Court for the purpose of enforcing and interpreting the terms and provisions of this Settlement Agreement. In connection with the Bankruptcy Court's approval of this Settlement Agreement and for the purpose of having any such settlement bind all Participants in the Plan, the Ad Hoc Committee will request the Bankruptcy Court to hear and determine, on an expedited basis, its motion for class certification as filed in the Adversary Proceeding. The Liquidating Trustee consents, and shall file a pleading consenting, to certification of the class for purposes of settlement pursuant to this Settlement Agreement. The Ad Hoc Committee and the Liquidating Trustee shall cooperate with respect to any notice to be provided to the class with respect to the settlement and with respect to obtaining interim and/or final approval of this Settlement Agreement. The order certifying the class shall also provide that the class representatives appointed thereunder shall have the authority to bind the class, and each member of the class, with respect to consenting to the confirmation of the Amended Liquidating Plan and entering into this Settlement Agreement.

20. **Proceedings in the District Court.** Upon the Bankruptcy Court's approval of this Settlement Agreement, the Ad Hoc Committee and the Liquidating Trustee shall jointly move the District Court to vacate the Reversal Order by mutual consent or, in the alternative, to render permanent the District Court Stay. If an order is not entered vacating the Reversal Order or rendering the District Court Stay permanent, the Ad Hoc Committee and the class representatives appointed pursuant to any order with respect to class certification shall consent to the confirmation of the Amended Liquidating Plan. Any such confirmation order shall, with the consent of the Ad Hoc Committee and such class representatives, provide for the continued and uninterrupted appointment of Alan Jacobs as the Liquidating Trustee and the continued existence, without interruption or suspension in any way, of the Liquidating Trust and provide for substantially similar economic terms as those provided for in the Current Liquidation Plan. In the event the Ad Hoc Committee and the Liquidating Trustee agree on an alternative method of having the settlement approved by the Bankruptcy Court by virtue of a method that the Bankruptcy Court finds and orders is binding upon all of the Participants, the parties need not seek class certification but may instead cooperate in pursuing such alternative method.

**IN WITNESS WHEREOF** and in agreement herewith, the parties have executed and delivered this Settlement Agreement.

10

By: _____
Alan M. Jacobs, as Liquidating Trustee of the New
Century Liquidating Trust and as Sole Officer and
Director of New Century Financial Corp.

THE AD HOC COMMITTEE, by its subcommittee
duly authorized:

_____
Gregory J. Schroeder

_____
Michelle Parker

_____
Martin Warren

11

By:_____
Alan M. Jacobs, as Liquidating Trustee of the New
Century Liquidating Trust and as Sole Officer and
Director of New Century Financial Corp.


THE AD HOC COMMITTEE, by its subcommittee
duly authorized:

_____
Gregory J. Schroeder


_____
Michelle Parker


_____
Martin Warren

11

By: _____

Alan M. Jacobs, as Liquidating Trustee of the New
Century Liquidating Trust and as Sole Officer and
Director of New Century Financial Corp.

THE AD HOC COMMITTEE, by its subcommittee
duly authorized:

_____
Gregory J. Schroeder

_____
Michelle Parker

_____
Martin Warren

11

Steve Holland

Nabil Bawa

Steve Holland

Nabil Bawa

12

# EXHIBIT A

| Participant | Vested Balance |
|---|---|
| Acosta, Leonard | 105,261.45 |
| Adams, Tracy L | 787.88 |
| Addington, Anthony H | 46,099.95 |
| Ahmadi, Shahla A | 36,703.43 |
| Aita, Colin R | 2,268.59 |
| Aleksin, Stacy L | 186,560.89 |
| Allahyari, Panteha | 1,955.55 |
| Allen, Marc R | 13,744.65 |
| Allen, Michael J | 69,888.02 |
| Allison, James M | 482.55 |
| Ames, Linda M | 306,622.41 |
| Anderson, Nancy | 747,947.99 |
| Arde, Julie Ann | 18,262.76 |
| Armbruster, Linda R | 45,942.53 |
| Arsenault, Kim M | 61,667.59 |
| Aulenbauch, Brian Marshall | 67,258.43 |
| Austin, Richard Dennis | 39,906.23 |
| Baldwin, Shawn M | 71,986.06 |
| Bankers, Robert John | 1,770.79 |
| Bartlow, Andrew Carter | 2,114.10 |
| Bartyczak, Michael Andrew | 1,905.76 |
| Bastian, Brian S | 7,942.67 |
| Bautista, Efren F | 71,062.29 |
| Bawa, Nabil M | 44,445.49 |
| Beamon, Gary Robert | 16,894.39 |
| Becker, Tim | 3,251.30 |
| Bell, Thomas Rollins | 441.58 |
| Beninati, Joseph V | 42,721.49 |
| Bennett, Tracy L | 38,661.71 |
| Beresford, William S | 132,801.45 |
| Berger, Thomas John | 16,893.31 |
| Beshara, Kristy A | 40,229.32 |
| Bevacqua, Edward | 20,892.23 |
| Biggers, Vernon R | 454,005.02 |
| Birchfield, Ken Ray | 5,383.63 |
| Birkett, Karen V | 81,147.90 |
| Bisnath, Anthony Claudius | 756.54 |
| Blocker, Daniel D | 638,181.99 |
| Bohman, Corrine Louise | 1,721.33 |
| Bonilla, Roberto N | 34,300.08 |
| Booth, Nicholas J | 28,773.61 |
| Borja, Wendy R | 168,097.79 |
| Bowar, Dale J | 337,220.33 |
| Bradish, Scott E | 67,753.73 |
| Brandt, Francis M | 216,238.35 |

| | |
|---|---|
| Branham, Dawn C | 3,088.11 |
| Brayer, Krista K | 17,577.98 |
| Brigagliano, Michael C | 1,030.20 |
| Broaddus, Steven Daniel | 148,631.10 |
| Brown, Ingrid A | 7,823.00 |
| Brown, Martin J. | 949.21 |
| Brown, Rick | 1,759.63 |
| Brown, Ronald H | 3,546.06 |
| Bruington, David | 34,181.76 |
| Brungardt, Christopher L | 10,421.32 |
| Budry, Cynthia B | 24,537.70 |
| Burchfield, Charles Ryan | 36,411.41 |
| Burgess, Gregory P | 6,172.15 |
| Burns, Christine | 35,437.00 |
| Burns, Jonathan | 15,562.38 |
| Burritt, James B | 131,883.13 |
| Burruel-Cox, Stephanie J | 5,363.58 |
| Buzan, Candace A | 30,364.13 |
| Calderon, Christopher A | 58,754.99 |
| Caldwell, Torrey J | 4,644.53 |
| Calicchio, David | 15,476.87 |
| Campbell, Charles B | 530,952.75 |
| Capurro, Jane Maher | 470.48 |
| Carey, Barbara A | 325.80 |
| Carlson, Shannon M | 28,055.11 |
| Carothers, John J | 937.05 |
| Carson, Christopher E | 41,164.24 |
| Carter, Brandon E | 70,762.09 |
| Caskey, James Christopher | 2,967.13 |
| Cassill, Steve F | 37,874.31 |
| Castaneda, Marco | 56,371.55 |
| Castelo, Steven Keith | 14,523.35 |
| Castle, Catherine | 148,608.24 |
| Cerle, Darcy L | 38,914.56 |
| Champion, Robert I | 656,951.11 |
| Chavez, Daniel R | 127,003.83 |
| Chen, Michael | 3,568.87 |
| Chu, Kim H | 1,962.77 |
| Chun, Xina Ann | 44,011.94 |
| Cimino, Richard S | 544,490.66 |
| Cisneros, Stefan Jay | 16,230.72 |
| Claiborne, Kelley | 1,010.29 |
| Clark, Timothy John | 3,114.90 |
| Closset, Bryan Jeffery | 1,811.15 |
| Cloyd, Kevin M | 912,862.52 |
| Cohen, Moshe | 29,023.79 |
| Coleman, Robert C | 86,334.07 |

| | |
|---|---:|
| Coloma, Kathleen J | 26,184.05 |
| Colton, Carin L | 31,254.31 |
| Connelly, Karin M | 79,524.16 |
| Conticelli, David Anthony | 20,058.31 |
| Corral, Javier | 14,015.32 |
| Cox, Christopher R | 11,877.03 |
| Crow, Amy S | 10,841.88 |
| Cugno, Sherri Lynn | 10,707.29 |
| Cure, Thuy | 26,032.95 |
| Cutting, Terri | 12,218.15 |
| Czuprynski, Chris | 38,383.11 |
| Dacosta, Raymond | 43,531.64 |
| Daley, John C | 53,108.14 |
| Davis, Carthran R | 22,576.84 |
| Davis, Robert | 9,106.96 |
| Dawley, William | 64,462.34 |
| De Boer, Oliver E | 114,335.78 |
| De Varennes, Julianne P | 11,825.11 |
| Dech, Jonathan Mark | 5,941.43 |
| Dechert, Kirk P | 16,566.96 |
| Decuir, Rochelle Marie | 19,033.50 |
| Deja, Brian J | 33,454.65 |
| Desai, Ankoor V | 1,498.42 |
| Dias, Amrish | 1,087.12 |
| Dienes, Jerold P | 11,977.07 |
| Diez, Jason | 7,895.97 |
| Difonzo, Silvano | 6,595.27 |
| Dinan, Thomas P | 82,228.87 |
| Dodge, Patti | 431,804.28 |
| Draeger, Bruce Allen | 3,682.96 |
| Duarte, Ricardo | 11,428.22 |
| Dumalanta, Teresita | 2,962.59 |
| Dumke, Jason Lee | 84,273.61 |
| Duncan, Katherine J | 1,652.12 |
| Dungworth, Duncan L | 9,704.14 |
| Dunne, John P | 5,709.56 |
| Eason, Nathan W | 36,197.45 |
| Ebeling, Daniel A | 2,838.96 |
| Eckroth, Joseph | 85,842.21 |
| Edwards, Rebecca E | 12,514.85 |
| Edwards, Tina L | 13,680.20 |
| Elvick, James S | 1,335.30 |
| Eneix, Brent A | 260,189.01 |
| Eneix, Randy Lloyd | 47,965.61 |
| Engers, Kenneth P | 13,677.57 |
| Espinosa, Alfred | 5,749.39 |
| Fahrner, Devin M | 53,043.07 |

| | |
|---|---:|
| Falk, David | 28,364.80 |
| Fariman, Nima | 139,956.06 |
| Farr, Candus | 2,174.76 |
| Farruggio, Chris Anthony | 1,275.40 |
| Feliciano-Zamora, Paula | 10,270.55 |
| Fellman, Ame M | 1,562.14 |
| Ferguson, David J | 167,304.35 |
| Fidler, Christine A | 67,439.95 |
| Finley, Kelly K | 123,685.03 |
| Fischella, Michele Marie | 1,876.84 |
| Fischer, Jennifer Yuri | 29,092.23 |
| Fischer, Mark W | 69,413.40 |
| Fishman, Donald F | 16,692.87 |
| Fitch, Tina L | 3,675.89 |
| Flores, Marco Antonio | 24,117.79 |
| Flores-McGugan, Myrta Belen | 9,357.13 |
| Foley, John M | 31,582.66 |
| Foreman, Bryan S | 76,937.44 |
| Forker, Thomas S | 735.95 |
| Forlani, Kevin A | 15,188.21 |
| Foster, Bradford S | 6,463.06 |
| Fowler, Amanda Claire | 1,546.46 |
| Fox, Shawne | 28,212.19 |
| Frachiseur, Keith | 145,588.48 |
| Franczak, Joseph Craig | 16,984.77 |
| Frantz, Jennifer A | 35,165.95 |
| Freed, Michael Jay | 13,580.73 |
| Freire, Berta Maria | 15,541.17 |
| Froning, Steven M | 111,216.83 |
| Fulgham, Jason Fitzgerald | 37,330.53 |
| Galasso, Dawn Orr | 82,161.21 |
| Gallagher, James Brian | 28,600.42 |
| Gallant, Marc B | 14,694.08 |
| Gallwas, Isa Jane | 345.47 |
| Gamble, Michael A | 235,202.06 |
| Gangola, Mark John | 1,691.75 |
| Garcia, Cameron J | 11,761.49 |
| Garcia, Raymond P | 238,232.74 |
| Garcia, Robert N | 16,036.32 |
| Garcia, Sheila Ann | 20,854.28 |
| Garrison, Terri | 9,977.80 |
| Garza, Julie | 40,105.81 |
| Geraci, Vincent J | 6,193.35 |
| Gerard, William | 269,426.51 |
| Ghebremichael, Mewael J | 1,433.99 |
| Gibson, Mike Kerry | 8,518.22 |
| Gingles, Shannon C | 46,894.93 |

| | |
|---|---:|
| Glass, Jason C | 1,021.81 |
| Goglanian, Cristina Laila | 14,269.95 |
| Goldberg, Jeffrey David | 36,000.96 |
| Goss, Tyson Anthony | 34,986.90 |
| Gossman, Ana Becerra | 30,965.55 |
| Goudy, Kristopher W | 12,515.28 |
| Griffith, Vanya Lea | 14,695.10 |
| Guifoil, William P | 33,501.08 |
| Guillot, John M | 938.41 |
| Gulotta, Anthony P | 22,005.15 |
| Guzman, Charis | 4,217.16 |
| Hacker, Curtis J | 19,390.25 |
| Hager, Kevin J | 265,293.51 |
| Hahn, Tonya S | 17,053.65 |
| Haines, John | 33,596.75 |
| Hainey, Nancy Wood | 50,037.16 |
| Halbreich, Todd S | 62,922.83 |
| Hall, Christopher J | 50,445.02 |
| Hampapur, Raveesh K | 1,715.60 |
| Hampton, Milton E | 7,319.28 |
| Harris, Clint C | 9,347.25 |
| Harrison, Colleen M | 179,964.96 |
| Hart, Amber Coleen | 11,590.78 |
| Hart, Fred M | 1,338.41 |
| Hartzler, Wendy | 4,970.11 |
| Haye, Jason L | 107,124.04 |
| Heidari, Farzad Reza | 53,004.37 |
| Helmick, Kevin A | 286,067.99 |
| Hernandez, Jose | 32,119.74 |
| Herring, Eric C | 119,176.74 |
| Herrmann, Erich G | 44,055.67 |
| Hesse, Maria N | 23,919.51 |
| Hickey, Timothy | 17,588.91 |
| Hicks, Kenneth Michael | 1,624.66 |
| Hijazin, Wesam Hanna | 5,912.43 |
| Hively, Brett J. | 5,320.80 |
| Hodges, Lisa M | 109.50 |
| Hogle, Richard A | 65,575.90 |
| Hoheisel, David B | 40,194.55 |
| Holland, Steven D | 263,101.40 |
| Holland, Tricia C | 17,614.04 |
| Houston, Charles E | 35,916.74 |
| Howard, Greg K | 26,548.96 |
| Hundeby, Coleman A | 133,101.99 |
| Hunter, Tory Deandre | 12,532.32 |
| Ineman, Ronald M | 74,687.84 |
| Insley, Richard J | 32,672.84 |

| | |
|---|---:|
| Jablon, Cheryl Lynn | 994.13 |
| Jackson, Charles | 24,522.41 |
| Jackson, Keelo L | 15,266.00 |
| Jackson, Trebony J | 12,125.57 |
| Jesson, Patrick Mahony | 1,623.18 |
| Jimenez, Zetulio | 2,602.59 |
| Johnson, Jared J | 14,370.77 |
| Johnson, Richard A | 5,090.91 |
| Johnson, Scott A | 40,785.53 |
| Kammermeier, Mark Henry | 13,418.29 |
| Karl, Peter J | 288,793.52 |
| Katz, Wayne N | 76,425.21 |
| Keiffer, Josh F | 91,548.54 |
| Keillor, Eric Lee | 1,074,667.12 |
| Kenneally, David Nicholas | 94,345.26 |
| Kenney, Janet L | 12,185.07 |
| Khairi, Arash | 125,816.74 |
| Khaki, Rahim | 15,451.46 |
| Khoury, Daniel | 59,382.01 |
| Kieffer, Kent | 16,819.14 |
| Kim, Mike S | 216.56 |
| Kimball, Gregory M | 1,875.17 |
| King, Chad Michael | 7,056.71 |
| Klein, Jeffrey L | 1,604.51 |
| Klubnikin, Elaine N | 9,587.34 |
| Koenig, Douglas W | 1,164.69 |
| Koepke, Kristopher Garrett | 43,925.28 |
| Koepnick, Kam Alvin | 12,826.39 |
| Kotowski, John M | 323,591.27 |
| Krampota, Sandra | 1,318.02 |
| Kraus, David A | 16,877.43 |
| Kronengold, Eric J | 107,582.40 |
| Krupinski, Ronald J | 28,905.71 |
| Kruss, Jeanne M | 18,795.02 |
| Kyle, Karen L | 14,825.66 |
| Labie, Doris Anne | 10,814.41 |
| Lacy, Kevin R | 67,047.84 |
| Lagioia, Larry | 2,497.00 |
| Lally, John P | 243,207.90 |
| Lambert, Robert | 40,214.33 |
| Lanagan, Kimberly S | 121,907.61 |
| Landon, Mills G | 50,970.86 |
| Lanford, Kimberly Lynn | 321.85 |
| Lanier, Cynthia M | 19,526.73 |
| Lawson, Jamie A | 15,519.75 |
| Lazarus, Bruce | 19,405.21 |
| Lechman, Katrina E | 2,601.25 |

| | |
|---|---:|
| Lee, William D | 834.90 |
| Leipheimer, Amanda Lynn | 40,054.99 |
| Leipheimer, John G | 78,948.47 |
| Lemon, Steve | 610,072.03 |
| Lemongello, Ronald | 22,691.55 |
| Lent, Robert W | 26,792.87 |
| Leonard, Alejandro Hugo | 15,155.72 |
| Levey, Perry A | 96,137.72 |
| Levine, Alisa J | 134,945.00 |
| Levinger, Chad R | 61,972.98 |
| Lewin, Alan Bruce | 19,919.77 |
| Leyden, Christine M | 198,403.24 |
| Licata, Warren J | 205,481.68 |
| Ling, Ambrose | 5,747.28 |
| Livingston, Rayyan T | 56,173.16 |
| Lochbaum, Kelly E | 12,052.46 |
| Loeb, Ranae | 16,282.16 |
| Loewenstine, Scott M | 3,651.87 |
| Loiacono, Marco | 982.58 |
| Lowe, Debra C | 22,265.80 |
| Lowery, Kenneth W. | 36,473.08 |
| Luckham, Elise J | 18,617.70 |
| Luman, Floyd Eugene | 14,591.16 |
| Luper, Douglas A | 51,271.81 |
| Lutwin, Lois F. | 34,999.46 |
| Lyons, Kevin M | 16,938.70 |
| Magora, Nickolas | 16,841.13 |
| Magruder, David C | 16,314.52 |
| Mahoney, Daniel Justin | 26,847.56 |
| Malenfant, Benu | 29,586.31 |
| Malloy, Mary | 20,321.09 |
| Malovos, Mark Mitchell | 33,925.13 |
| Marcanti, Deanna Marie | 48,614.03 |
| Marcelo, Michelle L | 725.78 |
| Marcus, Michael Robert | 33,944.98 |
| Martin, Richard Frederick | 239,661.33 |
| Matney, Victoria | 92,853.99 |
| McAndrew, Toni Louise | 5,838.56 |
| McCarthy, Michael | 67,882.51 |
| McCarty, Robert A | 16,565.36 |
| McCasland, Joshua Douglas | 1,893.87 |
| McCluskey, Aidan | 99,549.04 |
| McCord-Ochoa, Darlene | 32,773.13 |
| McCormick, Michelle | 33,760.88 |
| McCormick, Wayne Earle | 1,594.98 |
| McCracken, Bryon R | 31,737.44 |
| McCray, Kim Anne | 147.42 |

| | |
|---|---:|
| McElligott, Thomas S | 24,935.32 |
| McKay, William J | 36,766.10 |
| McMillan, Oden Matthew | 17,476.06 |
| McNulty, Marcus Andrew | 18,353.83 |
| McWhorter, David R | 71,462.37 |
| Mejia, Maria A | 23,757.47 |
| Melich, Carlos | 293,041.16 |
| Meola, Anthony | 54,423.79 |
| Merryman, Erin | 19,010.39 |
| Michelini, George C | 52,169.81 |
| Minton, David J | 11,982.18 |
| Mizzell, Joe Deno | 789.74 |
| Moffett, Randy D | 33,862.76 |
| Mohr, Judy | 5,637.56 |
| Mola, Christine | 41,415.84 |
| Monteleon, Francine J | 32,603.02 |
| Montgomery, Denise | 9,763.25 |
| Monthie, Shaun A | 1,370.28 |
| Moreland, Nancy | 53,672.62 |
| Morones, Judith A | 301,415.64 |
| Morrice, Brad A | 3,962,699.27 |
| Morris, Daniel R | 88,325.61 |
| Morris, Steven M | 58,171.82 |
| Morris, Troy R | 40,876.19 |
| Morse, Michael James | 13,905.73 |
| Mostafavipour, Arash | 14,954.38 |
| Munroe, Gavin Allen | 2,651.44 |
| Murgatroy, Michael | 13,341.81 |
| Need, Lisa P | 32,805.24 |
| Nelson, Bonnie L | 30,840.77 |
| Nelson, Joseph B | 1,363.30 |
| Nelson, Robert D | 53,451.35 |
| Nguyen, Huyen L | 35,725.69 |
| Nguyen, Mathias T | 37,805.61 |
| Nikolopoulos, Pelagia | 21,990.38 |
| Nolander, Darren M | 83,409.87 |
| Nunez, Roland | 2,988.77 |
| Nyman, Matthew K | 17,883.21 |
| O'leary, Sean M | 27,169.97 |
| O'Neal, Kelly L | 46,497.48 |
| O'reilly, James Michael | 14,186.24 |
| Okawa, David M | 16,505.04 |
| Olson, Michelle D | 41,793.76 |
| Orders, Jason R V | 55,309.76 |
| Orta, Rosa O | 1,830.68 |
| Ortega, John | 1,729.52 |
| Otico, Gary L | 77,886.47 |

| | |
|---|---:|
| Owen, James E | 14,722.89 |
| Owsley, Shannon R | 48,704.36 |
| Pangle, Kevin | 22,528.26 |
| Panigutti, Louis Anthony | 28,735.42 |
| Papendick, Mariana | 12,670.65 |
| Paplanus-Kline, Penny A | 2,127.05 |
| Paradiso, James | 57,824.34 |
| Parker, David Allan | 32,281.96 |
| Parker, Michelle | 480,027.38 |
| Parlett, Anthony William | 25,099.34 |
| Pasquini, Richard Michael | 1,405.43 |
| Patterson, Michelle Jacqueline | 9,268.74 |
| Pauri, Fabrizio | 12,922.41 |
| Pearce, Cary Alan | 39,541.98 |
| Peles-Gray, Tal T | 38,744.60 |
| Pena, Richard | 5,763.29 |
| Pereira, Alejandro | 13,867.08 |
| Pereira, Miguel P | 12,770.20 |
| Perez, Kathryn E | 25,048.54 |
| Perrigo, Robert M | 19,076.73 |
| Peterson, Amanda Jiyoung | 1,914.95 |
| Petrucci, Anthony Vincent | 19,469.11 |
| Phan, Tung | 14,311.49 |
| Phelan, Jeffrey M | 3,954.37 |
| Philips, Maria M | 14,002.00 |
| Piacenza, Alexandra T | 54,792.85 |
| Pinckney, Jennifer M | 9,917.29 |
| Pinto, Jason Michael | 1,222.80 |
| Pittman, Ken | 188,704.48 |
| Plummer, Carolyn A | 114,984.89 |
| Podgorski, Karen Ann | 13,948.80 |
| Poe, Michelle Marie | 2,278.16 |
| Polivka, Kevin Wayne | 11,811.20 |
| Pollard, Tammy | 54,275.14 |
| Pondelicek, Robert J | 37,758.52 |
| Porter, Darin Andrew | 9,600.96 |
| Powell, Brian E | 101,446.38 |
| Powell, James Monroe | 1,443.55 |
| Powell, Mandy R | 16,808.92 |
| Power, Lisa A | 19,504.59 |
| Powers, Bernadette Mutuc | 41,089.07 |
| Prouty, William Clyde | 1,136.30 |
| Pyatigorsky, Yury | 185,056.92 |
| Quinn, Colleen M | 49,670.17 |
| Ramirez, Daniel E | 58,838.36 |
| Rasmussen, Amanda E | 894.40 |
| Raus, Vicki L | 64,445.94 |

| | |
|---|---:|
| Reichstein, Alan | 132,360.89 |
| Reyes, Patricia L | 9,619.41 |
| Rhinehart, Richard A | 773.42 |
| Richardson, Camille S | 16,856.63 |
| Richardson, Geoffrey H | 26,851.58 |
| Richman, Kathryn Kay | 12,907.50 |
| Rieman, Richard M | 13,679.46 |
| Rigg, Pamela A | 37,598.75 |
| Rivelli, Dennis E | 29,955.88 |
| Rivera, Moises P | 3,660.94 |
| Rivera, Tracey L | 37,311.39 |
| Rivers, George | 34,045.10 |
| Rizzo, Ross | 360.64 |
| Roberts, Aaron G | 15,520.70 |
| Robinson, Scott H | 11,635.18 |
| Robson, Kathleen | 16,360.19 |
| Rodriguez, Jennifer E | 10,221.69 |
| Rodriguez, Kathleen V | 29,222.26 |
| Rodriguez, Richard R | 71,469.83 |
| Rodriguez, Tamara F | 70,433.47 |
| Rogers, Lawrence Keith | 2,032.94 |
| Rossow, Kelly A | 146.05 |
| Rourke, John A | 35,445.83 |
| Rousseau, Lori J | 14,090.33 |
| Row, Eileen M | 10,382.13 |
| Rudas, Gabriela | 35,636.78 |
| Ruelos, Vernon | 5,041.01 |
| Sakuma, Alan | 22,762.00 |
| Salpeter, Wendy | 9,563.39 |
| Sanchez, Pedro E | 15,985.62 |
| Sandoval, Philip Luis | 268.74 |
| Sandstedt, Edward E | 17,630.38 |
| Sarley, Orna | 109,796.35 |
| Sasaki, Stanton S | 108,108.27 |
| Savage, Gregory A | 28,211.30 |
| Scales, Samuel | 10,629.95 |
| Schabow, Steve L | 4,196.73 |
| Schaufler, James A | 16,426.70 |
| Scheetz, Marlene | 101,514.06 |
| Schermerhorn, Elizabeth | 196,579.67 |
| Schiavulli, Joseph F | 1,606.29 |
| Schreck, Chrisopher M | 15,446.94 |
| Schroeder, Gregory J | 825,741.58 |
| Schroeder, Russell W. | 28,926.39 |
| Scott, Tracy Da'nell | 1,847.42 |
| Seccombe, Thomas A | 3,457.43 |
| Seden, Theodore Richard | 1,586.04 |

| | |
|---|---|
| Seymour, Gregory Scott | 17,044.31 |
| Shannon, Lawrence | 1,125.72 |
| Shepard, David John | 9,791.91 |
| Shields, Mary | 23,876.68 |
| Siddiqui, Bilal Anwar | 2,535.72 |
| Siegel, Mark A | 57,341.15 |
| Singer, Daryl W | 19,024.13 |
| Sloane, Howard M | 103,925.25 |
| Sloane, Shawn P | 1,186.17 |
| Smart, Misty Lin | 42,171.40 |
| Smith, Michael | 2,582.63 |
| Smith, Scott A | 1,832.82 |
| Sokoloff, Deanne V | 30,561.21 |
| Solares, Alejandro R | 27,469.14 |
| Somogyi, Peter F | 68,504.03 |
| Sorrells, Annabella | 13,903.97 |
| Sorsabal, Brad | 169,992.65 |
| Sovare, Steven J | 34,883.60 |
| Spanos, Gregory A | 2,583.32 |
| Spatola, Leonard | 2,201.33 |
| Spragg, Carla Elizabeth | 309.76 |
| St John, Lavon M | 4,513.83 |
| Stagnolia, Melissa R | 10,991.65 |
| Stair, David G | 26,253.61 |
| Stanley, Ryan William | 16,923.22 |
| Stanley, Tamera Paulette | 121,169.05 |
| Stewart, Beverley A | 3,297.88 |
| Stewart, Bruce E | 406,352.84 |
| Stewart, Randy | 42,588.28 |
| Stucker, Benjamin Dewitt | 50,517.72 |
| Sullivan, Brian | 696.89 |
| Sullivan, Cindy T | 23,081.12 |
| Sullivan, Torrie L | 1,810.53 |
| Swearingen, Matthew Chapman | 821.16 |
| Tanita, Roger Kei | 21,590.58 |
| Thacker, Dana Ray | 14,670.62 |
| Theologides, Stergios | 870,040.63 |
| Thiesse, Blake A | 87,893.30 |
| Thill, Brandi A | 1,771.75 |
| Thompson, Cletius L | 1,622.79 |
| Thompson, Sarah A | 24,239.11 |
| Thompson, Stephen C | 62,190.02 |
| Tighe, Melanie L | 571.55 |
| Tillman, Carleen M | 29,768.29 |
| Tisdel, Grant Alan | 5,189.38 |
| To, Rachel B | 105,349.58 |
| Tomek, Todd P | 84,974.25 |

| | |
|---|---:|
| Tortorelli, Joseph John | 29,433.89 |
| Touk, Komarith | 577.00 |
| Traver, Michelle E | 17,437.99 |
| Travers, David A | 53,573.48 |
| Trinchieri, Tommaso | 1,418.39 |
| Trinh, Tracy | 2,468.06 |
| Trueland, Nancy L | 32,707.71 |
| Tucker, Daniel H | 17,882.55 |
| Tuplin, John Michael | 1,761.32 |
| Urbina, Kelly Lynn | 410.33 |
| Van Law, James Travis | 5,322.59 |
| Van Manen, Brent | 99,363.69 |
| Vandall, Michael C | 1,778.52 |
| Varga, Joseph Alexander | 2,212.95 |
| Vaughan, Richard Duane | 6,430.92 |
| Vaughn, John H | 54,272.17 |
| Ventura, Vince | 42,213.85 |
| Vest, Andrew David | 19,586.82 |
| Vinson, Beatriz M | 1,013.03 |
| Vinson, Michael Craig | 51,254.71 |
| Viola, Alice G | 824.51 |
| Vitasa, Tricia | 15,252.95 |
| Vittali, Bernard Samson | 3,635.16 |
| Volling, Daniel J | 74,772.27 |
| Vultaggio, Joseph N | 178,935.52 |
| Wagstaff, Thomas J | 27,687.88 |
| Walburn, Stephen Sean | 950.30 |
| Walker, Donna E | 37,231.23 |
| Wallis, Donna L | 35,929.05 |
| Waltuch, Joseph L | 145,518.12 |
| Ward, Christopher M | 110,194.52 |
| Warnock, John S | 308,490.85 |
| Warren, Martin J | 1,081,275.51 |
| Warren, Teresa Christine | 4,554.95 |
| Watt, Richard Hawthorne | 17,756.31 |
| Watters, Conan Van | 42,541.69 |
| Watters, Rebecca A | 29,053.26 |
| Webb, Richard Joseph | 12,178.93 |
| Wert, Jeffrey Stewart | 1.24 |
| Wetzel, Mark W | 34,159.26 |
| White, Beverly | 811.70 |
| Whited, S Wayne | 11,376.45 |
| Whitenight, Eric C | 31,991.91 |
| Whittington, Diane | 10,885.52 |
| Wickett, Michelle | 6,726.59 |
| Wilborn, Lamar G | 33,584.77 |
| Williams, Paul E | 17,980.09 |

| | |
|---|---|
| Williamson, David A | 133,674.20 |
| Wilson, Charles B | 10,265.82 |
| Wilson, Donald A | 7,738.85 |
| Wilson, Tim M | 1,915.61 |
| Winer, Chad Eliot | 2,542.93 |
| Winn, John | 2,605.22 |
| Witt, Andrea D | 31,511.33 |
| Wolf, Colleen A | 115,409.95 |
| Wrinn, Linda Sue | 15,250.16 |
| Wynn, William B | 13,297.79 |
| Xerez-Burgos, Suzie G | 5,277.39 |
| Young, Bill M | 824.87 |
| Zach, Ron M | 3,581.02 |
| Zalle, Paul M | 2,210.53 |
| Zastrow, Lawrence | 11,757.02 |
| Zeilmann, Sharon E | 42,133.05 |
| **TOTAL** | **36,436,722.64** |