IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-10416 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: Docket Nos. 9904 & 9906** |
| | : | |

## ORDER (A) APPROVING DISCLOSURE STATEMENT REGARDING MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (C) SCHEDULING A HEARING ON CONFIRMATION OF THE MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND APPROVING RELATED NOTICE PROCEDURES

This matter coming before the Bankruptcy Court on the Motion of the Debtors, by and through their sole officer and director, and the Liquidating Trust and Reorganized Access Lending, by and through their Bankruptcy Court appointed Liquidating Trustee and/or Plan Administrator, for an Order (A) Approving Disclosure Statement Regarding Modified Second Amended Joint Chapter 11 Plan of Liquidation, Dated as of September 30, 2009, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Modified

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

1

Second Amended Joint Chapter 11 Plan of Liquidation and (C) Scheduling a Hearing on Confirmation of Modified Second Amended Joint Chapter 11 Plan of Liquidation and Approving Related Notice Procedures (the "Motion") filed by the above-captioned debtors and debtors in possession by and through their sole officer and director, and the Liquidating Trust and Reorganized Access Lending, by and through their Bankruptcy Court appointed Liquidating Trustee and/or Plan Administrator (collectively, the "Plan Proponents of the Modified Plan"); the Bankruptcy Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Bankruptcy Court (the "Hearing"); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

THE BANKRUPTCY COURT HEREBY FINDS THAT:

a. Capitalized terms not otherwise defined in this order have the meanings given to them in the Motion.

b. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

c. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

d. Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

e. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' estates and creditors.

f.  The Disclosure Statement for the Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009 (the "Modified Disclosure Statement"), contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

g.  The forms of ballots attached hereto as Exhibit 2-A, Exhibit 2-B and Exhibit 2-C (the "Ballots") (1) are consistent with Official Form No. 14, (2) adequately address the particular needs of these Chapter 11 Cases, (3) are appropriate for each Class of Claims entitled to vote to accept or reject the Modified Second Amended Joint Chapter 11 Plan of Liquidation, Dated as of September 30, 2009 (the "Modified Plan") and (4) comply with Bankruptcy Rule 3017(d).

h.  The proposed modifications to the Original Plan (as defined herein) as described in the Modified Disclosure Statement address the concerns set forth in the Memorandum Opinion issued by Judge Robinson of the Delaware District Court (the "Memorandum Opinion") and the Reversal Order signed by the Delaware District Court on June 16, 2009 (as defined in the Motion) reversing the Confirmation Order (as defined in the Motion).

i.  The analysis of the proposed distribution model under the Modified Plan, prepared as part of the due diligence undertaken by the Liquidating Trustee and the Plan Advisory Committee in addressing the issues surrounding the reversal of the Original Confirmation Order, adequately and sufficiently indicates that creditors not being asked to vote will not suffer any material adverse changes to their proposed treatment or to their expected recoveries under the Modified Plan.

j.  Holders of Claims and Interests in the Non-Voting Classes (as defined herein) with the exception of Claims in Class HC3b who were impaired by the Original Plan (as defined herein) and who previously voted or had an opportunity to vote on the Original Plan shall be bound by their vote or the vote of their Class, and resolicitation of such Holders of Claims and

3

Interests is not required by the Liquidating Trustee. Certain Creditors that were classified as Class HC3b Creditors in the Original Plan have been removed from Class HC3b and have been separately classified as Class HC14 Creditors under the Modified Plan. Creditors in HC3b as reconstituted under the Modified Plan who previously voted or had the opportunity to vote on the Original Plan shall be bound by their vote or the vote of Class HC3b as reconstituted and resolicitation of such Creditors is not required by the Liquidating Trustee.

k.  Ballots need not be provided to Holders of Claims and Interests in the Classes listed in the following table (the "Non-Voting Classes") because such Classes under the Modified Plan are either (a) unimpaired and are conclusively presumed to accept the Modified Plan in accordance with section 1126(f) of the Bankruptcy Code; (b) are impaired and entitled to receive nothing under the Modified Plan and are conclusively presumed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code; or (c) are impaired and voted or had an opportunity to vote on the Original Plan, and will suffer no material adverse impact on their potential recovery under the Modified Plan, and shall be bound as to the Modified Plan by the vote they cast related to the Original Plan:

| Class | Description |
| --- | --- |
| Class HC1 | Priority Claims against New Century Financial Corporation ("NCFC") |
| Class HC2 | Secured Claims against NCFC |
| Class HC3a | Class HC3a consists of Special Deficiency Claims against NCFC. |
| Class HC3b | Class HC3b consists of Other Unsecured Claims against NCFC. |
| Class HC4a | Class HC4a consists of Series A Preferred Stock Interests. |
| Class HC4b | Series A 51 O(b) Claims |

| Class | Description |
|---|---|
| Class HC4c | Series B Preferred Stock Interests |
| Class HC4d | Series B 51 O(b) Claims |
| CiassHC4e | Common Stock Interests and Common Stock 510(b) Claims |
| Class HC5 | Priority Claims against New Century TRS Holdings, Inc. ("TRS Holdings") |
| Class HC6 | Secured Claims against TRS Holdings |
| Class HC7 | Class IIC7 consists of Other Unsecured Claims against TRS Holdings. |
| Class HC8 | Priority Claims against New Century Credit Corporation ("NC Credit") |
| CiassHC9 | Secured Claims against N C Credit |
| ClassHC11 | Priority Claims against New Century Residual IV |
| Class HC12 | Secured Claims against NC Residual IV |
| Class HC13 | Class HC13 consists of Other Unsecured Claims against NC Residual IV |
| Class OP1 | Priority Claims against New Century Mortgage Corporation ("NCMC") |
| Class OP2 | Secured Claims against NCMC |
| Class OP3a | Class OP3a consists of Special Deficiency Claims against NCMC. |
| Class OP3b | Class OP3b consists of EPD/Breach Claims against NCMC. |
| Class OP3c | Class OP3c consists of Other Unsecured Claims against NCMC. |
| Class OP4 | Class OP4 consists of Priority Claims against NC Capital. |
| Class OP5 | Secured Claims against NC Capital |
| Class OP6a | Class OP6a consists of Special Deficiency Claims against NC Capital. |
| Class OP6b | Class OP6b consists of EPD/Breach Claims against NC Capital. |

| Class | Description |
|---|---|
| Class OP6c | Class OP6c consists of Other Unsecured Claims against NC Capital. |
| Class OP7 | Priority Claims against Home 123 Corporation ("Home 123") |
| Class OP8 | Secured Claims against Home123 |
| Class OP9a | Class OP9a consists of Special Deficiency Claims against Home123. |
| Class OP9b | Class OP9b consists of Other Unsecured Claims against Home123. |
| Class OP10 | Priority Claims against NC Asset Holding, L.P. ("NC Asset Holding"), NC Deltex, LLC ("NC Deltex"), New Century R.E.O. Corp. ("NC REO"), New Century R.E.O. II Corp. ("NC REO II"), New Century R.E.O. III Corp. ("NC REO III"), NC Residual III Corporation ("NC Residual III"), New Century Mortgage Ventures, LLC ("NCM Ventures"), and NCoral, L.P. ("NCoral") |
| Class OP11 | Secured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |
| Class OP12 | Class OP12 consists of Other Unsecured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral. |
| Class AL1 | Priority Claims against New Century Warehouse Corporation ("Access Lending") |
| Class AL2 | Secured Claims against Access Lending |
| Class AL3 | Class AL3 consists of Other Unsecured Claims against Access Lending. |

1. The period during which the Plan Proponents of the Modified Plan may solicit votes to accept or reject the Modified Plan, as established by this Order, provides a sufficient

time for Creditors to make informed decisions to accept or reject the Modified Plan and submit timely Ballots.

m.  The procedures for the solicitation and tabulation of votes to accept or reject the Modified Plan, as approved herein, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

n.  The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as more particularly set forth herein.

2.  The Modified Disclosure Statement, attached hereto as Exhibit 1, is APPROVED.

3.  The Ballots substantially in the forms attached hereto as Exhibit 2-A, Exhibit 2-B and Exhibit 2-C, including the instructions attached to the Ballots, are APPROVED. The Ballots shall be distributed only to Holders of Claims in the Classes listed in the following table, as such Classes are the only Classes entitled to vote to accept or reject the Modified Plan:

| Class | Description |
| --- | --- |
| Class HC10a | Special Deficiency Claims against NC Credit |
| Class HC10b | Other Unsecured Claims against NC Credit |
| Class HC14 | Settling Parties' Claims in Settlement of the Schroeder Litigation |

4.  To be counted as votes to accept or reject the Modified Plan, all Ballots must be properly executed, completed and delivered to the Balloting Agent either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier or (c) by personal delivery so that,

in each case, they are received by the Balloting Agent no later than 5:00 p.m., Pacific Time, on November 10, 2009 (the "Voting Deadline").

5. Solely for purposes of voting to accept or reject the Modified Plan and not for the purpose of the allowance of, or distribution on account of a Claim and without prejudice to the rights of the Liquidating Trust in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Modified Plan shall be temporarily allowed in accordance with the following rules (the "Tabulation Rules"):

    a) Unless otherwise provided in the Tabulation Rules described below, a Claim shall be deemed temporarily allowed for voting purposes in an amount equal to (i) the amount of such Claim as set forth in a timely filed Proof of Claim or (ii) if no Claim has been timely filed, the amount of such Claim as set forth in the respective Debtors' Schedules if such claim is listed in the Schedules;

    b) If a Claim was temporarily allowed for voting purposes in connection with the Original Plan pursuant to a Stipulation or an order of the Bankruptcy Court, and such Claim has not yet become an Allowed Claim, such Claim shall be allowed in the same amount for voting purposes for the Modified Plan;

    c) If a Claim is deemed allowed in accordance with the Modified Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Modified Plan;

    d) If a Claim for which a Proof of Claim has been timely filed is filed as a contingent or unliquidated Claim it shall be temporarily allowed for voting purposes only in the amount of $1.00;

    e) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court;

    f) If a Claim is deemed allowed in Class HC14, in accordance with the Modified Plan, as a Settling Party's Claim in the Schroeder Litigation (as defined in the Modified Plan), such Claim shall be temporarily allowed for voting purposes in the amount set forth on Exhibit A to the *Settlement Agreement by and Among Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust and as Sole Officer and Director of New Century Financial Corporation and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and SERP.*

g) If the Debtors have filed and served an objection to a Claim by the Voting Deadline, which objection has not been resolved, such Claim shall be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection or by order of the Bankruptcy Court unless the Bankruptcy Court has issued an order estimating or otherwise temporarily allowing the Claim for voting purposes pursuant to a motion filed by the Creditor;

h) If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the lesser amount identified on such Ballot;

i) If a Holder of a Claim identifies a Claim amount on its Ballot that is more than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules;

j) Any Ballot received from a Holder of a Claim listed as contingent, disputed, or unliquidated in the Debtors' Schedules shall not be counted unless the Holder of such Claim filed a Proof of Claim on or before the applicable Bar Date.

6. If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules, such claimant must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Modified Plan (a "Rule 3018 Motion") and serve such motion on the Liquidating Trustee so that it is received by the later of (a) November 3, 2009 and (b) five days after the date of service of a notice of an objection, if any, to the underlying Claims. Any Ballot submitted by a creditor that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules and the other applicable provisions of this Order unless and until the underlying Claim is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing.

7. In tabulating the Ballots, the following additional procedures shall be utilized: (a) any Ballot that is properly completed, executed and timely returned to the Balloting Agent, but that does not indicate an acceptance or rejection of the Modified Plan, shall not be counted either

as a vote to accept the Modified Plan or a vote to reject the Modified Plan; (b) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (c) if a Creditor holds a Claim in more than one Class, such creditor must submit a separate Ballot for voting its Claims in each Class; (d) if a Creditor uses one Ballot to vote Claims in more than one Class, such Ballot shall not be counted; and (e) Creditors shall be required to vote all of their Claims within a particular Class under the Modified Plan either to accept or reject the Modified Plan and may not split their votes; thus, a Ballot (or a group of Ballots within a Modified Plan Class received from a single Creditor) that partially rejects and partially accepts the Modified Plan shall not be counted.

8. No later than November 13, 2009, the Balloting Agent shall file a voting report (the "Voting Report") with the Bankruptcy Court which shall detail the tabulation of Ballots cast for or against the Modified Plan. The Voting Report shall also detail any defective, irregular or otherwise invalid Ballots that were not counted.

9. The Confirmation Hearing is scheduled to be conducted on November ~~17,~~ 20, 2009 at ~~2:00~~ 2:00 p.m. (ET) The Confirmation Hearing may be continued from time to time without further notice except for an announcement made at the Confirmation Hearing or any adjourned confirmation hearing.

10. Objections, if any, to the confirmation of the Modified Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court and served so as to be received by (i) counsel to the Liquidating Trust, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attention: Mark S.

Indelicato, Esq. and Mark T. Power, Esq.) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and David W. Carickhoff, Esq.); (ii) Chairman of the Plan Advisory Committee, c/o Baker Hostetler, 1050 Connecticut Avenue, N.W., Washington, DC 20036 (Attention: Donald Workman); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attention: Joseph J. McMahon, Jr., Esq.), no later than 4:00 p.m., Eastern Time, on November 10, 2009 (the "Confirmation Objection Deadline"). For purposes of filing pleadings in this case, the address of the Bankruptcy Court is 824 North Market Street, Third Floor, Wilmington, Delaware 19801.

11. The Confirmation Hearing Notice substantially in the form attached hereto as Exhibit 3 is APPROVED. The Plan Proponents of the Modified Plan shall serve copies of the Confirmation Hearing Notice substantially in the form attached hereto Exhibit 3, along with the other materials comprising the Solicitation Package, in accordance with the procedures below.

12. Pursuant to Bankruptcy Rule 3017(d), June 30, 2009 shall be the new record date for purposes of determining which Holders of Claims or Interests are entitled to receive Solicitation Packages, a Notice of Non-Voting Status, or Confirmation Hearing Notice and, where applicable, vote on the Modified Plan (the "Record Date"); provided, however, that a Holder of any Claim that has been expunged by order of the Bankruptcy Court subsequent to the Record Date shall not be entitled to receive the Solicitation Package or vote on the Modified Plan and shall only be entitled to receive such notice as it would be entitled to receive if its Claim were expunged prior to the Record Date. The establishment of the Record Date is for the foregoing purposes only and shall otherwise have no preclusive effect.

13. With respect to a transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if, by the Record Date, (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001 (e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee shall be treated as a single Creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code and the other voting and solicitation procedures set forth in this order.

14. With regard to Holders of Claims entitled to vote to accept or reject the Modified Plan, the Plan Proponents of the Modified Plan shall mail or cause to be mailed Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) the Modified Disclosure Statement (together with the exhibits thereto, including the Modified Plan, that have been filed with the Bankruptcy Court before the date of the mailing); and (c) an appropriate form of Ballot and a Ballot return envelope. If a Creditor is entitled to vote to accept or reject the Modified Plan on account of more than one Claim, the Plan Proponents of the Modified Plan shall mail a single Solicitation Package to such Creditor, which Solicitation Package shall contain the appropriate form of Ballots and Ballot return envelopes.

15. Three notices of non-voting status, substantially in the forms attached hereto as Exhibit 4-A, Exhibit 4-B and Exhibit 4-C, are hereby APPROVED. The Plan Proponents of the Modified Plan shall mail or cause to be mailed one of these three notices of non-voting status attached hereto as Exhibit 4-A, Exhibit 4-B and Exhibit 4-C and the Confirmation Hearing Notice to each of the Holders of Claims in the Non-Voting Classes.

16. With regard to Holders of Claims and Interests in the Non-Voting Classes with the exception of Creditors in Class HC3b who were impaired by the Original Plan and who previously voted or had an opportunity to vote on the Original Plan shall be bound by their vote or the vote of their Class, and the Liquidating Trustee will not seek to solicit such votes for the Modified Plan. Certain Creditors that were classified as Class HC3b Creditors in the Original Plan have been removed from Class HC3b and have been separately classified as Class HC14 Creditors under the Modified Plan. Creditors in Class HC3b as reconstituted under the Modified Plan who previously voted or had the opportunity to vote on the Original Plan shall be bound by their vote or the vote of that Class HC3b as reconstituted and resolicitation of such Creditors is not required by the Liquidating Trustee.

17. The Solicitation Packages containing the materials indicated above shall be mailed no later than October 19, 2009 to: (a) the NC Credit Unsecured Creditors holding Claims in Classes HC10a and HC10b, and (b) the Settling Parties holding Claims (collectively with the NC Credit Unsecured Claims, the "Voting Creditors"); and (c) the Office of the United States Trustee for the District of Delaware.

18. In addition, the Plan Proponents of the Modified Plan shall serve the Confirmation Hearing Notice on (i) any creditors listed as having a claim on the Debtors' schedules and/or having timely filed a Proof of Claim and not otherwise expunged pursuant to an order of the Bankruptcy Court prior to the Record Date; and (ii) any additional parties that the Plan Proponents of the Modified Plan, in the exercise of their sole discretion, determine should receive the Confirmation Hearing Notice.

19. The Plan Proponents of the Modified Plan will not be required to mail Solicitation Packages or the Confirmation Hearing Notice to any individual or entity at an address from

which the Modified Disclosure Statement Notice was returned by the United States Postal Service as undeliverable unless the Plan Proponents of the Modified Plan were provided with an accurate address by such individual or entity prior to the Record Date.

20. The Plan Proponents of the Modified Plan and the Balloting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Bankruptcy Court.

Dated: Oct 14, 2009
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge