**Exhibit 3**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-10416 (KJC) |
| | : Jointly Administered |
| Debtors. | : |
| | : Objection Deadline: November 10, 2009 |
| | : at 4:00 p.m. (Eastern Time) |
| | : Hearing Date: November 17, 2009 |
| | at __:__ _.m. |

## NOTICE OF (A) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF SEPTEMBER 30, 2009, (B) HEARING TO CONSIDER CONFIRMATION OF MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (C) RELATED MATTERS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On September 30, 2009, the above-captioned debtors (the "Debtors"), by and through their sole officer and director, and the Liquidating Trust and Reorganized Access Lending, by and through their Bankruptcy Court appointed Liquidating Trustee[2] and/or Plan Administrator, (together, the "Liquidating Trustee" and collectively with the Debtors, the "Plan Proponents of the Modified Plan") filed the Modified Second Amended Joint Chapter 11 Plan of

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the Modified Plan.

Liquidation Dated as of September 30, 2009 (as it may be amended, the "Modified Plan"), and on September 30, 2009, the Plan Proponents of the Modified Plan filed the related Disclosure Statement for the Modified Plan (as it may be amended, the "Modified Disclosure Statement").

2. Pursuant to an order of the Bankruptcy Court dated October __, 2009 (the "Modified Disclosure Statement Order"), the Modified Disclosure Statement and certain related materials (collectively, the "Solicitation Materials") have been approved for solicitation of votes to accept or reject the Modified Plan.

3. A hearing to consider the confirmation of the Modified Plan (the "Confirmation Hearing") will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801 on November 17, 2009 at _:00 _.m. (Eastern Time).

4. Pursuant to the Modified Disclosure Statement Order, the Bankruptcy Court approved certain procedures for tabulation of votes to accept or reject the Modified Plan (the "Modified Disclosure Statement Order"). If you are the holder of a Claim against the Debtors as of June 30, 2009 (the Record Date as established in the Modified Disclosure Statement Order) in a Class entitled to vote on the Modified Plan, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your claim. The following procedures apply with respect to voting your Claim:

    a. Except as provided in subparagraph (b) below, for your vote to accept or reject the Modified Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot so that it is received by 5:00 p.m., Pacific Time, on November 10, 2009 (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly

completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

    b.  Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Modified Plan in accordance with the following tabulation rules approved by the Bankruptcy Court in the Modified Disclosure Statement Order (the "Tabulation Rules"):

> (1) Unless otherwise provided in the Tabulation Rules described below, a Claim shall be deemed temporarily allowed for voting purposes in an amount equal to (i) the amount of such Claim as set forth in a timely filed Proof of Claim or (ii) if no Claim has been timely filed, the amount of such Claim as set forth in the respective Debtors' Schedules if such claim is listed in the Schedules;

> (2) If a Claim was temporarily allowed for voting purposes in connection with the Original Plan pursuant to a stipulation or an order of the Bankruptcy Court, and such Claim has not yet become an Allowed Claim, such Claim shall be allowed in the same amount for voting purposes for the Modified Plan;

> (3) If a Claim is deemed allowed in accordance with the Modified Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Modified Plan;

> (4) If a Claim for which a Proof of Claim has been timely filed is filed as a contingent or unliquidated Claim it shall be temporarily allowed for voting purposes only in the amount of $1.00;

> (5) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court;

> (6) If a Claim is deemed allowed in Class HC14, in accordance with the Modified Plan, as a Settling Party's Claim in the Schroeder Litigation (as defined in the Modified Plan), such Claim shall be temporarily allowed for voting purposes in the amount set forth on Exhibit A to the *Settlement Agreement by and Among Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust and as Sole Officer and Director of New Century Financial Corporation and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and SERP.*

> (7) If the Debtors or the Liquidating Trustee have filed and served an objection to a Claim by the Voting Deadline, which objection has not been resolved, such Claim shall be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection or by order of the Bankruptcy Court unless the Bankruptcy Court has issued an order estimating or

3

otherwise temporarily allowing the Claim for voting purposes pursuant to a motion filed by the Creditor;

(8) If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the lesser amount identified on such Ballot;

(9) If a Holder of a Claim identifies a Claim amount on its Ballot that is more than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim shall be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules;

(10) Any Ballot received from a Holder of a Claim listed as contingent, disputed, or unliquidated in the Debtors' Schedules shall not be counted unless the Holder of such Claim filed a Proof of Claim on or before the applicable Bar Dates.

c. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of receiving distributions under the Modified Plan and is without prejudice to the rights of the Liquidating Trust in any other context, including the right of the Liquidating Trust to contest the amount or validity of any Claim for purposes of allowance and distribution under the Modified Plan. If you wish to challenge the temporary allowance or disallowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Liquidating Trust so that it is received by the later of (a) November 3, 2009, and (b) five days after the date of service of a notice of objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted for voting purposes in excess of the amount as determined in accordance with the Tabulation Rules.

5. Objections, if any, to the confirmation of the Modified Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or

4

Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court and served so as to be received by (i) counsel to the Liquidating Trust, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attention: Mark S. Indelicato, Esq. and Mark T. Power, Esq.) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and David W. Carickhoff, Esq.); (ii) Chairman of the Plan Advisory Committee, c/o Baker Hostetler, 1050 Connecticut Avenue, N.W., Washington, DC 20036 (Attention: Donald Workman); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attention: Joseph J. McMahon, Jr., Esq.), no later than 4:00 p.m., Eastern Time, on November 10, 2009. For purposes of filing pleadings in this case, the address of the Bankruptcy Court is 824 North Market Street, Third Floor, Wilmington, Delaware 19801.

6. Requests for additional copies of the Modified Disclosure Statement and the Modified Plan (with all exhibits filed with the Bankruptcy Court) by parties in interest may be obtained by contacting New Century Liquidating Trust, 3777 Michelson, Suite CN-350, Irvine, CA 92612 (Attention: Monika Lemhoefer McCarthy), and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19891 (Attention: Bonnie Glantz Fatell, Esq. and David W. Carickhoff, Esq.), or **by email to LiquidatingTrust@ncen.com**. Copies of the Modified Disclosure Statement and the Modified Plan (with all exhibits filed with the Bankruptcy Court) are available for review at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, and may be reviewed by any party in interest during normal business hours.

7. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

Dated: _____, 2009
      Wilmington, Delaware

Respectfully submitted,

**BLANK ROME LLP**

By: _____
Bonnie Glantz Fatell (#3809)
David W. Carickhoff (#3715)
Elizabeth A. Sloan (#5045)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

-and-

HAHN & HESSEN LLP
Mark S. Indelicato, Esq.
Mark T. Power, Esq.
488 Madison Avenue
New York, New York 10022
(212) 478-7200

ATTORNEYS FOR THE NEW CENTURY
LIQUIDATING TRUST AND REORGANIZED
ACCESS LENDING