On September 8, 2009, the Liquidating Trustee filed a motion with the Bankruptcy Court seeking approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019 (the "Approval Motion"). The Approval Motion is set to be heard by the Bankruptcy Court on October 14, 2009.

## III. THE MODIFIED PLAN

### A. SUMMARY OF THE MODIFIED PLAN

The following is a brief summary of the Modified Plan, which is qualified in its entirety by reference to the Modified Plan, a copy of which is attached as <u>Exhibit A</u> to this Modified Disclosure Statement. The Original Disclosure Statement sets forth in greater detail the structure and purpose of the Original Plan, including an analysis of the rationale for the creation of the Debtor Groups, and the establishment of the Multi-Debtor Claim Protocol, the Intercompany Claim Protocol and the EPD/Breach Claim Protocol. Each of these protocols was developed to effectuate distributions to Creditors in accordance with the heavily negotiated settlements which form the foundation of the Original Plan and are adopted and incorporated into the Modified Plan with certain discreet modifications necessary to comply with the Memorandum Opinion and Reversal Order. In addition to adopting and incorporating the provisions of the Original Plan consistent with the Memorandum Opinion and Reversal Order, the Modified Plan also provides for the implementation of the Settlement Agreement with the Beneficiaries and preserves the integrity of the actions taken by the Liquidating Trustee and Plan Administrator since the Original Effective Date. This Modified Disclosure Statement shall not repeat the analysis of the various protocols contained in the Original Disclosure Statement, but shall adopt those portions of the Original Disclosure Statement which shall be incorporated by reference herein.

In order to address the specific concerns raised by the District Court in its Memorandum Opinion, the Proposed Modifications to the Original Plan as embodied in the Modified Plan center around three discreet modifications with respect to (a) the treatment of NC Credit Creditors and NC Credit Assets as the treatment of such under the Original Plan was a basis for the District Court's reversal of the Confirmation Order, (b) the implementation of the Settlement Agreement, and (c) preservation of actions taken by the Liquidating Trustee in reliance on the Original Plan having gone effective without any stay pending appeal (the "Proposed Modifications"). First, the Trustee and the Plan Advisory Committee have modified the Original Plan to remove NC Credit from the Holding Company Debtor Group and, thus, from each of the provisions that treat the Holding Company Debtors as a unified debtor group sharing assets and liabilities. Accordingly, NC Credit's Assets, consisting solely of an intercompany claim against NCFC in the amount of $67.6 million and an intercompany claim against NCMC in the amount of $16.9 million, will not be included among the Holding Company Debtor Assets and, thus, will not be available for distribution to Holders of Allowed Claims against the Holding Company Debtors. Rather, the NC Credit Assets will be available only for distribution to Holders of Allowed Claims against NC Credit. As a result of the removal of the NC Credit Assets from the Holding Company Debtor Assets, it is no longer necessary to give certain NCFC Creditors enhanced distributions in exchange for their agreement to forgo recoveries on their NC Credit Claims pursuant to the terms of the Multi Debtor Claim Protocol contained in the Original Plan. This mechanism was found by the District Court to have violated Section 1124(a)(3) of the Bankruptcy Code by creating disparate treatment among similarly situated NCFC Creditors.

12

Likewise, Holders of Allowed Claims against NC Credit will not be entitled to share in a distribution from any of the Holding Company Debtor Assets except to the extent that they have an allowed claim against multiple Debtors and as a result of the intercompany claim against Holding Company Debtors. Additionally, in order to maintain the same proportionality in potential litigation recoveries that were originally assigned to Holders of Allowed Claims against NC Credit in the Original Plan by virtue of Holders of Allowed Claims against NC Credit sharing in the Holding Company Debtor Portion of Litigation Proceeds, the Holding Company Debtor Portion of Litigation Proceeds will be reduced from 27.5% to 24.75% of the Litigation Proceeds. As a result, the remaining 2.75% of the Litigation Proceeds will become the NC Credit Portion of the Litigation Proceeds to be distributed to Holders of Allowed Claims against NC Credit in accordance with the Modified Plan.

Next, the Modified Plan includes provisions to effectuate the terms of the DCP Settlement. In July 2009, the Beneficiaries and the Liquidating Trustee agreed to resolve the Adversary Proceeding in accordance with the terms of the Settlement Agreement. The Settlement Agreement provides, in relevant part, that the Trustee will liquidate the assets currently being held by the Trustee related to the Rabbi Trust established by the Debtors prior to the Petition Date (the "Plan Trust Assets") to make certain payments to the Beneficiaries, their counsel and returning the balance of the Plan Trust Assets to the Liquidating Trust. The settlement amount shall be paid pro rata to the Beneficiaries, based upon vested balances in the New Century Benefit Plan as of December 31, 2007; with distributions to certain of the Beneficiaries, who are currently defendants in a litigation brought by the Trustee for breach of fiduciary duty, to be held by the Trustee pending the conclusion of such litigation. To the extent that the Trustee prevails in such litigation, these distributions may be used to satisfy any judgments that may be obtained in such litigation.

The Settlement Agreement will not become effective until the Bankruptcy Court enters an order approving the Modified Plan. The distributions contemplated by the Settlement Agreement are to be made as soon as is practicable after the occurrence of the Modified Effective Date. Additionally, the parties have agreed, pursuant to the Settlement Agreement, to enter into full and final mutual releases, with the exception of any claims that the Liquidating Trust may have under Chapter 5 of the Bankruptcy Code against the Beneficiaries that are not based on distributions made on account of the New Century Benefit Plan. The Beneficiaries shall not be entitled to any further distribution under the terms of the Modified Plan or from the Liquidating Trust. The Settlement Agreement also provides that the Beneficiaries will consent to the Modified Plan provided it preserves the Settlement Agreement.

Lastly, the Modified Plan preserves the integrity of the actions taken by the Liquidating Trustee (including in his capacity as Plan Administrator and sole Director and Officer) since the Original Effective Date given that the Bankruptcy Court denied the Beneficiaries' Stay Motion such that the Original Plan became effective on August 1, 2008 and the Liquidating Trustee was required to operate the Liquidating Trust and Reorganized Access Lending in his capacity as Liquidating Trustee, Plan Administrator and sole Director and Officer in accordance with the terms of the Original Plan.

**B.     RECOMMENDATION**

THE LIQUIDATING TRUSTEE AND THE PLAN ADVISORY COMMITTEE ("PAC") RECOMMEND THAT ALL CREDITORS ENTITLED TO VOTE ON THE MODIFIED PLAN CAST THEIR BALLOTS TO ACCEPT THE MODIFIED PLAN. THE LIQUIDATING TRUSTEE AND THE PAC BELIEVE THAT CONFIRMATION OF THE MODIFIED PLAN WILL PROVIDE THE GREATEST AND EARLIEST POSSIBLE RECOVERIES TO CREDITORS.

### C. CLASSIFICATION AND TREATMENT OF CLAIMS

Section 1122 of the Bankruptcy Code provides that a Chapter 11 plan must classify the claims and interests of a debtor's creditors and equity interest holders. In accordance with Section 1122 of the Bankruptcy Code, the Modified Plan divides Claims and Interests into Classes and sets forth the treatment for each Class (other than Administrative Claims and Priority Tax Claims, which pursuant to section 1123(a)(1) of the Bankruptcy Code, do not need to be classified). The Liquidating Trustee also is required, under section 1122 of the Bankruptcy Code, to classify Claims against and Interests in the Debtors into Classes that contain Claims and Interests that are substantially similar to other Claims and Interests in such Class.

The classification of Claims (except for Administrative Claims and Priority Tax Claims) and Interests listed below is for all purposes, including without limitation, voting, confirmation, and distributions under the Modified Plan and under sections 1122 and 1123(a)(1) of the Bankruptcy Code. A Claim will be deemed classified in a particular Class only to the extent such Claim satisfies the definition of such Class and will be deemed classified in a different Class to the extent any remainder or other portion of such Claim satisfies the definition of such different Class. A Claim is in a particular Class only to the extent such Claim is an Allowed Claim in such Class and has not been paid or otherwise settled before the Modified Effective Date.

The classification of Claims pursuant to the Modified Plan is as follows:

| CLASS | DESCRIPTION | STATUS |
|---|---|---|
| [unclassified] | Administrative and Priority Tax Claims against all Debtors. | Unimpaired – not entitled to vote |

| **Claims Against Holding Company Debtors and NC Credit** |||
|---|---|---|
| Class HC1 | Class HC1 consists of Priority Claims against NCFC. | Unimpaired - not entitled to vote |
| Class HC2 | Class HC2 consists of Secured Claims against NCFC. | Unimpaired - not entitled to vote |

871230.009-1738947.6

| Claims Against Holding Company Debtors and NC Credit | | |
|---|---|---|
| Class HC3a | Class HC3a consists of Special Deficiency Claims against NCFC. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class HC3b | Class HC3b consists of Other Unsecured Claims against NCFC. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class HC4a | Class HC4a consists of Series A Preferred Stock Interests. | Deemed to reject - not entitled to vote |
| Class HC4b | Class HC4b consists of Series A 510(b) Claims. | Deemed to reject - not entitled to vote |
| Class HC4c | Class HC4c consists of Series B Preferred Stock Interests. | Deemed to reject - not entitled to vote |
| Class HC4d | Class HC4d consists of Series B 510(b) Claims. | Deemed to reject - not entitled to vote |
| Class HC4e | Class HC4e consists of Common Stock Interests, Option Interests, Warrant Interests, and Common Stock 510(b) Claims. | Deemed to reject - not entitled to vote |
| Class HC5 | Class HC5 consists of Priority Claims against TRS Holdings. | Unimpaired - not entitled to vote |
| Class HC6 | Class HC6 consists of Secured Claims against TRS Holdings. | Unimpaired - not entitled to vote |
| Class HC7 | Class HC7 consists of Other Unsecured Claims against TRS Holdings. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |

871230.009-1738947.6

| **Claims Against Holding Company Debtors and NC Credit** |
|---|---|---|
| Class HC8 | Class HC8 consists of Priority Claims against NC Credit. | Unimpaired - not entitled to vote |
| Class HC9 | Class HC9 consists of Secured Claims against NC Credit. | Unimpaired - not entitled to vote |
| Class HC10a | Class HC10a consists of Special Deficiency Claims against NC Credit. | Impaired - entitled to vote |
| Class HC10b | Class HC10b consists of Other Unsecured Claims against NC Credit. | Impaired - entitled to vote |
| Class HC11 | Class HC11 consists of Priority Claims against NC Residual IV | Unimpaired - not entitled to vote |
| Class HC12 | Class HC12 consists of Secured Claims against NC Residual IV | Unimpaired - not entitled to vote |
| Class HC13 | Class HC13 consists of Other Unsecured Claims against NC Residual IV | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class HC14 | Class HC14 consists of Settling Parties Claims in Settlement of the Schroeder Litigation | Impaired – entitled to vote |
| **Claims Against Operating Debtors** | | |
| Class OP1 | Class OP1 consists of Priority Claims against NCMC. | Unimpaired - not entitled to vote |
| Class OP2 | Class OP2 consists of Secured Claims against NCMC. | Unimpaired - not entitled to vote |
| Class OP3a | Class OP3a consists of Special Deficiency Claims against NCMC. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |

871230.009-1738947.6

| Claims Against Holding Company Debtors and NC Credit |||
|---|---|---|
| Class OP3b | Class OP3b consists of EPD/Breach Claims against NCMC. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP3c | Class OP3c consists of Other Unsecured Claims against NCMC. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP4 | Class OP4 consists of Priority Claims against NC Capital. | Unimpaired - not entitled to vote |
| Class OP5 | Class OP5 consists of Secured Claims against NC Capital. | Unimpaired - not entitled to vote |
| Class OP6a | Class OP6a consists of Special Deficiency Claims against NC Capital. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP6b | Class OP6b consists of EPD/Breach Claims against NC Capital. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP6c | Class OP6c consists of Other Unsecured Claims against NC Capital. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP7 | Class OP7 consists of Priority Claims against Home123. | Unimpaired - not entitled to vote |

| Claims Against Holding Company Debtors and NC Credit | | |
|---|---|---|
| Class OP8 | Class OP8 consists of Secured Claims against Home123. | Unimpaired - not entitled to vote |
| Class OP9a | Class OP9a consists of Special Deficiency Claims against Home123. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP9b | Class OP9b consists of Other Unsecured Claims against Home123. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |
| Class OP10 | Class OP10 consists of Priority Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral. | Unimpaired – not entitled to vote |
| Class OP11 | Class OP11 consists of Secured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral. | Unimpaired – not entitled to vote |
| Class OP12 | Class OP12 consists of Other Unsecured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |

871230.009-1738947.6

| Claims Against Access Lending | | |
|---|---|---|
| Class AL1 | Class AL1 consists of Priority Claims against Access Lending. | Unimpaired – not entitled to vote |
| Class AL2 | Class AL2 consists of Secured Claims against Access Lending. | Unimpaired – not entitled to vote |
| Class AL3 | Class AL3 consists of Other Unsecured Claims against Access Lending. | Impaired – voted to accept the Original Plan. No material adverse impact on potential recovery under Modified Plan so no additional voting will be solicited. |

The classification of Claims under the Modified Plan is identical to the classification of Claims under the Original Plan with the exception of Class HC14, which was added to the Modified Plan to separately classify the Claims of the Settling Parties in settlement of the Schroeder Litigation. Class HC14 Settling Parties are entitled to receive their pro rata distribution under the terms of the Settlement Agreement in full and complete satisfaction of any and all Claims they have against the Liquidating Trust arising out of their participation in the New Century Benefit Plan. The Original Disclosure Statement contains a complete description of the classification of all other Claims under the Original Plan and this Modified Plan. See Original Disclosure Statement at 81–107.

The treatment of unclassified Claims is the same under the Modified Plan as it was under the Original Plan and the Original Disclosure Statement contains a complete description of such treatment. Likewise, the treatment of all Classes of Claims under the Modified Plan is identical to the treatment of such Classes of Claims under the Original Plan, with the exception of Classes HC3b, HC10a, HC10b and HC14. The Treatment of the Claims in Class HC3b have been modified from the Original Plan to (a) eliminate the enhanced Determined Distribution Amounts assigned to certain HC3b Creditors under the Original Plan in exchange for agreeing to have their Claims in Class HC10b against NC Credit reduced to zero; and (b) remove Creditors from Class HC3b that would be deemed Settling Parties under the Modified Plan. Class HC14 has been added in order to separately classify the Settling Parties that were previously classified in HC3b. Such Settling Parties will no longer be entitled to a pro rata share of the Holding Company Debtor Net Distributable Assets and will only be entitled to a pro rata share of the DCP Settlement Amount pursuant to the terms of the Settlement Agreement. Creditors in Class HC10a will no longer share with all Holding Company Debtor Creditors in the Holding Company Debtor Portion of Litigation Proceeds. Likewise, Holding Company Debtor Creditors will not be entitled to a distribution from the NC Credit Portion of Litigation Proceeds. As the enhanced Determined Distribution Amount has been removed from the Class HC3b Creditors who previously were given such enhanced Determined Distribution Amount in exchange for having their HC10b Claims allowed at $0, such corresponding HC10b Claims will now have a Determined Distribution Amount of 100% of the Allowed Amount of their Claim. HC10b Creditors will no longer be entitled to a distribution from the Holding Company Debtor Net

19

Distributable Assets and will only share in the NC Creditor Net Distribution Assets. Likewise, Holding Company Debtor Creditors will not be entitled to share in the NC Credit Assets. The Original Disclosure Statement contains a complete description of the treatment of all other classified Claims. See Original Disclosure Statement at 81–107.

### D. SOLICITATION PROCEDURES

The Order (A) Approving Disclosure Statement Regarding Modified Second Amended Joint Chapter 11 Plan of Liquidation, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Modified Second Amended Joint Chapter 11 Plan of Liquidation and (C) Scheduling a Hearing on Confirmation of the Modified Second Amended Joint Chapter 11 Plan of Liquidation and Approving Related Notice Procedures (the "Modified Procedures Order") was entered by the Bankruptcy Court on October 14, 2009. The Modified Procedures Order approved this Modified Disclosure Statement as providing adequate information in accordance with and meeting all other requirements of section 1125 of the Bankruptcy Code. The Modified Procedures Order further approved the solicitation procedures as set forth herein.

#### (i) Eligibility to Vote

As provided in the Original Plan and section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims will not be classified for the purposes of voting or receiving distributions under the Modified Plan. Rather, all such Claims will be treated separately as unclassified Claims and will be paid in full. Certain of these Claims have, in fact, been paid in full since the Original Effective Date. The remaining unclassified Claims are unimpaired and are not entitled to vote on the Modified Plan.

As set forth in the Modified Procedures Order, the only Creditors entitled to vote on the Modified Plan are those Creditors in Classes HC10a, HC10b and HC14. All other Holders of Claims and Interests will (i) be deemed to have rejected the Modified Plan in accordance with Section 1126(g) of the Bankruptcy Code, (ii) be deemed to have accepted the Modified Plan in accordance with Section 1126(f) of the Bankruptcy Code, or (iii) be deemed to have retained the same vote on the Modified Plan as their vote on the Original Plan in accordance with Sections 105 and 1127 of the Bankruptcy Code because the treatment of such Creditors is not adversely effected by the modifications to the Original Plan contained in the Modified Plan.

The Claims in the Classes listed in the following table are unimpaired and were conclusively presumed to have accepted the Original Plan and are conclusively presumed to have accepted this Modified Plan as well:

| Class | Description |
|---|---|
| Class HC1 | Priority Claims against NCFC |
| Class HC2 | Secured Claims against NCFC |

20

| Class | Description |
|---|---|
| Class HC5 | Priority Claims against TRS Holdings |
| Class HC6 | Secured Claims against TRS Holdings |
| Class HC8 | Priority Claims against NC Credit |
| Class HC9 | Secured Claims against NC Credit |
| Class HC11 | Priority Claims against NC Residual IV |
| Class HC12 | Secured Claims against NC Residual IV |
| Class OP1 | Priority Claims against NCMC |
| Class OP2 | Secured Claims against NCMC |
| Class OP4 | Priority Claims against NC Capital |
| Class OP5 | Secured Claims against NC Capital |
| Class OP7 | Priority Claims against Home123 |
| Class OP8 | Secured Claims against Home123 |
| Class OP10 | Priority Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |
| Class OP11 | Secured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |

871230.009-1738947.6

| Class | Description |
|---|---|
| Class AL1 | Priority Claims against Access Lending |
| Class AL2 | Secured Claims against Access Lending |

Creditors in the Classes listed in the above table are not entitled to vote on the Modified Plan. If and to the extent that any Class identified as unimpaired is determined to be impaired, the Creditors in such Class will be entitled to vote to accept or reject the Modified Plan.

All other Classes of Claims and Interests under the Modified Plan are impaired. However, as provided in the Modified Procedures Order, those Creditors that voted on or had the opportunity to vote on the Original Plan and that are not being materially adversely affected by the Modified Plan will not be resolicited and will not be entitled to modify their vote on the Modified Plan. The vote cast by these Creditors that voted or had the opportunity to vote for or against the Original Plan will be deemed their vote on the Modified Plan. Accordingly, the Creditors listed in the following table will not be resolicited for the Modified Plan and their vote on the Original Plan will be deemed their vote on the Modified Plan:

| Class | Description |
|---|---|
| Class HC3a | Special Deficiency Claims against NCFC |
| Class HC3b | Other Unsecured Claims Against NCFC |
| Class HC7 | Other Unsecured Claims Against TRS Holdings |
| Class HC13 | Other Unsecured Claims against NC Residual IV |
| Class OP3a | Special Deficiency Claims against NCMC |
| Class OP3b | EPD/Breach Claims against NCMC |
| Class OP3c | Other Unsecured Claims against NCMC |

871230.009-1738947.6

| Class | Description |
| --- | --- |
| Class OP6a | Special Deficiency Claims against NC Capital |
| Class OP6b | EPD/Breach Claims against NC Capital |
| Class OP6c | Other Unsecured Claims against NC Capital |
| Class OP9a | Special Deficiency Claims against Home123 |
| Class OP9b | Other Unsecured Claims against Home123 |
| Class OP12 | Other Unsecured Claims against NC Asset Holding, NC Deltex, NC REO, NC REO II, NC REO III, NC Residual III, NCM Ventures, and NCoral |
| Class AL3 | Other Unsecured Claims against Access Lending |

The Creditors listed in the following table are impaired and entitled to vote to accept or reject the Modified Plan:

| Class | Description |
| --- | --- |
| Class HC10a | Special Deficiency Claims against NC Credit |
| Class HC10b | Other Unsecured Claims against NC Credit |
| Class HC14 | Settling Parties |

Each of Classes HC3a, HC3b, OP3a, OP3b, OP3c, OP6a, OP6b, OP6c, OP9a, and OP9b were considered a separate Class for purposes of voting to accept or reject the Original Plan and will be considered as a separate Class for voting on the Modified Plan.

Holders of Claims and Interests in the Classes listed in the following table will not be entitled to a distribution under the Modified Plan and were conclusively presumed to have

23

rejected the Original Plan and are conclusively presumed to have rejected the Modified Plan as well:

| Class | Description |
| --- | --- |
| Class HC4a | Series A Preferred Stock Interests |
| Class HC4b | Series A 510(b) Claims |
| Class HC4c | Series B Preferred Stock Interests |
| Class HC4d | Series B 510(b) Claims |
| Class HC4e | Common Stock Interests and Common Stock 510(b) Claims |

The record date for determining any Creditor's eligibility to vote on the Modified Plan is June 30, 2009. Only those Creditors entitled to vote on the Modified Plan will receive a Ballot with this Modified Disclosure Statement.

**ANY CREDITOR WHOSE CLAIM IS BEING OBJECTED TO BY THE VOTING DEADLINE AND THE OBJECTION HAS NOT BEEN RESOLVED, SUCH CLAIM SHALL BE TEMPORARILY ALLOWED OR DISALLOWED FOR VOTING PURPOSES IN ACCORDANCE WITH THE RELIEF SOUGHT IN THE OBJECTION UNLESS, AFTER NOTICE AND A HEARING PURSUANT TO BANKRUPTCY RULE 3018(A), THE BANKRUPTCY COURT ALLOWS THE CLAIM TEMPORARILY OR ESTIMATES THE AMOUNT OF THE CLAIM FOR THE PURPOSE OF VOTING TO ACCEPT OR REJECT THE PLAN. ANY CREDITOR THAT WANTS ITS CLAIM TO BE ALLOWED TEMPORARILY OR ESTIMATED FOR THE PURPOSE OF VOTING MUST TAKE THE STEPS NECESSARY TO ARRANGE AN APPROPRIATE HEARING WITH THE BANKRUPTCY COURT UNDER BANKRUPTCY RULE 3018(a). PROVIDED, HOWEVER, IF A CLAIM WAS ESTIMATED EITHER BY AGREEMENT OR ORDER OF THE BANKRUPTCY COURT FOR PURPOSES OF VOTING ON THE ORIGINAL PLAN AND SUCH CLAIM HAS NOT BECOME AN ALLOWED CLAIM FOR PURPOSES OF VOTING ON THE MODIFIED PLAN, SUCH CLAIM SHALL BE ALLOWED FOR VOTING PURPOSES IN THE AMOUNT SET FOR VOTING ON THE ORIGINAL PLAN.**

### (ii) Ballots

In voting for or against the Modified Plan, please use only the Ballot or Ballots sent to you with this Modified Disclosure Statement. Votes cast to accept or reject the Modified Plan will be counted by Class. Please read the voting instructions accompanying the Ballot for a thorough explanation of voting procedures.

IF YOU BELIEVE THAT YOU ARE A HOLDER OF A CLAIM IN A VOTING CLASS FOR WHICH YOU DID NOT RECEIVE A BALLOT, IF YOUR BALLOT IS DAMAGED OR LOST, OR IF YOU HAVE QUESTIONS CONCERNING VOTING PROCEDURES, PLEASE CONTACT NEW CENTURY LIQUIDATING TRUST, 3777 MICHELSON, SUITE CN-350, IRVINE, CA 92612 (ATTENTION: MONIKA LEMHOEFER MCCARTHY), <u>OR BY ELECTRONIC MAIL TO LiquidatingTrust@ncen.com</u>.

### (iii) Voting Procedure

Unless otherwise directed in your solicitation package, mail your completed ballots to: New Century Liquidating Trust, 3777 Michelson, Suite CN-350, Irvine, CA 92612 (Attention: Monika Lemhoefer McCarthy). **DO NOT RETURN BALLOTS TO THE BANKRUPTCY COURT.** A Ballot that does not indicate an acceptance or rejection of the Modified Plan will not be counted either as a vote to accept or a vote to reject the Modified Plan. If you cast more than one Ballot voting the same Claim before 5:00 p.m. Pacific Time on the voting deadline (November 10, 2009), the last Ballot received before the voting deadline will be deemed to reflect your intent and thus will supersede any prior Ballots. Additionally, you may not split your votes for your Claims within a particular Class under the Modified Plan either to accept or reject the Modified Plan. Therefore, a Ballot or a group of Ballots within a Plan Class received from a single creditor that partially rejects and partially accepts the Modified Plan will not be counted.

Unless the Bankruptcy Court permits you to do so after notice and a hearing to determine whether sufficient cause exists to permit the change, you may not change your vote after the voting deadline passes. **FACSIMILE, EMAIL OR ELECTRONICALLY TRANSMITTED BALLOTS WILL NOT BE ACCEPTED.**

**PLEASE PUT YOUR TAXPAYER IDENTIFICATION NUMBER ON YOUR BALLOT; THE LIQUIDATING TRUSTEE MAY NOT BE ABLE TO MAKE DISTRIBUTIONS TO YOU WITHOUT IT.**

### (iv) Deadline for Voting

**IN ORDER TO BE COUNTED, BALLOTS MUST BE <u>RECEIVED</u> BY 5:00 P.M., PACIFIC TIME ON NOVEMBER 10, 2009.**

### (v) Importance of your Vote

Your vote is important. The Bankruptcy Code defines acceptance by a Class of Claims as acceptance by Holders of at least two-thirds in amount and a majority in number of Allowed