# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-10416 (KJC)<br><br>(Jointly Administered)<br>**Hearing Date: Nov. 20, 2009 @ 2:00 p.m. (ET)**<br>**Objection Deadline: Nov. 10, 2009 @ 4:00 p.m. (ET)**<br><br>**Re: Docket Nos. 9905 and 9928** |

## OBJECTION OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM TO MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF SEPTEMBER 30, 2009

The New York State Teachers' Retirement System ("NYSTRS"), a creditor/party in interest and the Lead Plaintiff in a securities fraud class action currently entitled *In re New Century*, Case No. 2:07-cv-00931-DDP (JTLx) (the "Securities Litigation"), pending in the United States District Court for the Central District of California (the "District Court"), and filed on behalf of the putative class of investors (the "Securities Class") who purchased securities of New Century Financial Corp. ("NCFC"), one of the Debtors[1] herein, during the period from May 5, 2005 to March 13, 2007, inclusive (the "Class Period"), hereby submits this objection (the "Objection") to the Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009 (the "Modified Plan"), and states the following:

## BACKGROUND

1. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Subsequently, New Century Warehouse Corporation, one of the Debtors, also filed a voluntary Chapter 11 petition, which is being jointly administered with the initially filed Debtors' petitions.

2. Prior to the Petition Date, approximately twenty (20) securities class action complaints were filed in the District Court,[2] each alleging violations by the Debtors and certain

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Modified Plan.
[2] The first such complaint, *Avi Gold v. Brad A. Morrice, et al.*, was filed on February 8, 2007.

20480/2
11/10/2009 12966507.1

of their current and/or former officers, directors and underwriters and their outside auditor, KPMG LLP (collectively, the "Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and, in some instances, Sections 11 and 15 of the Securities Act of 1933 (collectively, the "Securities Laws"). These allegations arise from, *inter alia*, false and misleading statements concerning NCFC's financial results and business made during the Class Period.

3. On or about June 26, 2007, the District Court appointed NYSTRS as Lead Plaintiff, consolidated the pending putative class actions into the Securities Litigation and directed Lead Plaintiff to file an amended consolidated complaint.

4. On September 14, 2007, NYSTRS filed a consolidated amended complaint (the "Second Amended Consolidated Complaint"). Although NCFC was named as a defendant in several of the class action complaints filed prior to the Petition Date, NCFC is not named as a defendant in the Second Amended Consolidated Complaint pursuant to the dictates of 11 U.S.C. §362(a). The Securities Litigation did, however, name the Non-Debtor Defendants.[3]

5. NYSTRS and members of the putative Class are creditors, equity holders and parties-in-interest in these Chapter 11 proceedings by virtue of the fact that NYSTRS and the putative Class lost millions of dollars as a result of their purchases of NCFC securities.

6. The Securities Litigation and this Chapter 11 proceeding were the result of what has been exposed as a massive fraud. NCFC and the Non-Debtor Defendants artificially inflated the price of NCFC securities through false and misleading statements concerning NCFC's finance and mortgage lending business. Specifically, and among other things, NCFC maintained inadequate reserves against losses associated with loan delinquencies and repurchases, which reserves caused NCFC to overstate significantly its publicly reported earnings, thereby creating the false impression that NCFC was profitable when, in fact, it was not. The report of the Court-

---

[3] On December 3, 2008, the District Court substantially denied all of the motions to dismiss the Second Amended Consolidated Complaint.

approved Examiner in this Chapter 11 proceeding supports these allegations with significant detail after an exhaustive review of the documents provided by the Debtors and third parties.

7. Since the Petition Date, the Debtors have engaged in an orderly liquidation of their assets through a sequence of court-approved sales.

8. Following approval of the original Disclosure Statement, a hearing was held to confirm the Original Plan. NYSTRS filed an objection to confirmation of the Original Plan (the "NYSTRS Confirmation Objection," Docket No. 6307) raising the following issues:

(A) the Original Plan failed to provide for any protocol for the retention and safeguarding of documents and information stored on computers and computer-related equipment and for a chain of custody between the Liquidating Trust (and Trustee) and the Debtors with respect to same;

(B) the Original Plan improperly extended the automatic stay and Plan injunctions indefinitely and beyond any Plan Effective Date;

(C) separate and apart from (b) above, the Original Plan appeared to enjoin NYSTRS from issuing any process on or enforcing any such process against the Liquidating Trustee in connection with future discovery in the Securities Litigation;

(D) the Original Plan improperly and unjustifiably precluded NYSTRS from proceeding against the Debtors post-confirmation solely to the extent of available insurance coverage, irrespective of any injunction or distribution under the Plan;

(E) NYSTRS was entitled to the same release, discharge and injunction carve-out afforded to the SEC with respect to claims against non-debtors to the extent the Original Plan was intended to impact NYSTRS's claims against non-debtors; and

(F) the exculpation provision, to the extent it related to pre-petition claims in connection with the timing of the commencement of the Chapter 11 Cases, was improper.

A copy of the NYSTRS Confirmation Objection is annexed hereto as Exhibit A and is incorporated herein.

9. Subsequently, the NYSTRS Confirmation Objection was resolved by the inclusion of certain language in paragraphs 9 (Injunction), 10 (Term of Stay and Injunctions), 12 (Exculpation), 33 (Document Retention) and 71 (Insurance Policies) of the Original

Confirmation Order (Docket No. 8596), as amended by the Order Amending Confirmation Order (Docket No. 8626). In each instance, specific language was included to address the objections raised in the NYSTRS Confirmation Objection. Copies of the relevant paragraphs from the Original Confirmation Order and the Order Amending Confirmation Order are annexed hereto as Exhibits B-1 and B-2, respectively.

10. In a memorandum opinion dated June 16, 2009 (the "Opinion"), in connection with the appeal of the Original Confirmation Order by certain other creditors, the United States District Court for the District of Delaware reversed the Original Confirmation Order.

11. On or about September 30, 2009, the Plan Proponents filed the Modified Plan and Disclosure Statement, purportedly addressing the deficiencies set forth in the Opinion. The Opinion did not appear to impact the language included in the Original Confirmation in response to the NYSTRS Confirmation Objection.

12. On October 14, 2009, the Court approved the Modified Disclosure Statement.

13. The Plan Proponents now seek entry of an Order confirming the Modified Plan.

## **OBJECTION**

14. NYSTRS objects to confirmation of the Modified Plan because the Modified Plan fails to include or provide for the language negotiated by NYSTRS and the proponents of the Original Plan (who are essentially identical to the current Plan Proponents) to address the objections raised in the NYSTRS Confirmation Objection. Indeed, in only one instance relevant to the NYSTERS Confirmation Objection, does the Modified Plan (Modified Plan, Art. 13. A) appear to even acknowledge the Original Confirmation Order.

15. For all of the reasons set forth in the NYSTRS Confirmation Order (which have been incorporated herein in full), until the language previously negotiated and agreed upon by NYSTRS and the Plan Proponents and included in the Original Confirmation Order, is included in the Modified Plan and in any order confirming the Modified Plan, the Modified Plan cannot and should not be confirmed.

## CONCLUSION

16.     Based on the foregoing, NYSTRS respectfully requests that an order be entered (i) denying confirmation of the Modified Plan and (ii) granting such other and further relief as the Court deems just and proper.

## STATEMENT THAT NO BRIEF IS NECESSARY

17.     As no novel issue of law is raised by the within Objection and the relevant authorities relied upon by NYSTRS are set forth herein and in the NYSTRS Confirmation Objection annexed hereto as Exhibit A, NYSTRS respectfully requests that the Court waive the requirements of D. Del. LR 7.1.2, incorporated in these proceedings by Local Rule 1001-1(b), of filing a separate brief in support of the Objection. However, if the Court determines otherwise, NYSTRS respectfully requests the opportunity to submit an appropriate brief or memorandum.

Dated: November 10, 2009
       Wilmington, Delaware

CROSS & SIMON LLC

By: *CPS*
Christopher P. Simon (No. 3697)
913 North Market St., 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)
csimon@crosslaw.com

-and-

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to NYSTRS*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano, Esq.
Hannah Greenwald Ross, Esq.
Lauren McMillen, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

Blair A. Nicholas, Esq.
12481 High Bluff Drive, Suite 300
San Diego, California 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

*Lead Counsel to NYSTRS*