IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELEWARE

In re

NEW CENTURY TRS HOLDINGS,
INC., et al.,

Chapter 11
Case No. 07-10416-KJC, et. Seq.
(Jointly Administered)

Debtors,

**OBJECTION OF MOLLY S. WHITE AND RALPH N. WHITE, AS HOMEOWNERS AND EQUITY HOLDERS
TO MOTION HEARING NOTICED FOR NOVEMBER 20, 2009, AND MOTION FOR REHEARING
AND REQUEST FOR LEAVE TO AMEND AND SET AS ADVERSARIAL PROCEEDING AND THE WHITES
OBJECTION TO CONFIRMATION ORDER DATED NOVEMBER 20, 2009 AND MEMORANDUM IN SUPPORT**

Molly S. White and Ralph N White, (hereafter known as the "Whites") files this objection to the

motion hearing noticed for November 20, 2009 and request a rehearing and leave to amend papers and set

hearing on the matter as on adversarial proceeding pursuant to Federal Rule of Civil Procedure Rule 59

(e) and as grounds therefore states as follows:

1.  The Whites received a copy of the Modified Second Amended Joint Chapter 11 Plan of Liquidation

dated as of September30, 2009 with objection deadline f November 10, 2009.

2.  The Whites filed Objections to the Debtor's Modified Second Amended Joint Chapter 11 Plan of

Liquidation on November 6, 2009 and in accordance with the objection deadline set for November 10,

2009. The White's objection and Motion for Relief and Sanctions was based upon among other things the

following premises [Docket No. 9937]

    A.  The White's mortgage originated by New Century Mortgage Corporation (NCMC)

through the use of fraud, fraud in the inducement, truth lending Act violations subjecting it to recession,

violations of the Federal Trade Commission Act, 15 USC § 41 et Seq. and others;

    B.  Lack of notice in the Debtor's Chapter 11 proceeding order for the Whites to properly

protect their rights as homeowners and equity holders;

C.   Alleged transfers of interest to insider 3rd parties that would constitute if true a fraudulent transfer and again conducted without notice.

D.   The need for a classification of claims to those affected by NCMC's prepetition bad faith conduct;

E.   And bad faith conduct on behalf of non-debtor parties, Deutsche Bank National Trust Company (DBNT) and Morgan Stanley Mortgage Capital (Morgan) and others in violation of the automatic stay imposed.

3.   The Whites request this court take judicial notice of the docket in these Chapter 11 cases maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered , and all arguments made in this court, district and circuit, and this court's findings of fact included in its decision in In re New Century TRS Holdings, Inc, et. Al, 30 B.R. 140 (Bankr D. Del 2008)

4.   On November 19, 2009, the Debtors served on the Whites its brief of the plan proponents of the modified plan in support of confirmation which contained within it the Debtor's response to the White's objection [Docket No. 9953].

5.   Debtor overly simplified to suggest that the White's specific objection was that the plan does not provide a separate classification for claims or interest against the Debtors incurred through the use of fraud and categorizes these claims of interest as unsecured claims.

6.   On November 19, 2009, the Debtor served on the Whites a Notice and Agenda of Matters scheduled for hearing as contested matters on November 20, 2009 at 2:00pm.

7.   On November 19, 2009 at 3:27pm, the Whites attempted to reach counsel for the Debtors regarding the Notice of Hearing and left a message for a return call.

8.   On November 19, 2009 at 5:22pm the Whites received a return call from counsel, David Carickhoff.

9.   On November 20, 2009 at 11:29am, the Whites attempted to reach counsel for the Debtors and again left a message for a return call. As of the date of this writing, no return call has been received.

10. Due to the White's lack of knowledge regarding the status of the hearing, on November 23, 2009 at 3:39pm, the Whites contacted the Clerk of Court and left a message for Mr. Lagoda in order to obtain a copy of the minutes from the November 20, 2009 hearing.

11. On November 25, 2009 at 1:16pm, the Whites contacted the Clerk of Court and left a message again for Mr. Lagodo regarding obtaining a copy of the minutes from the hearing on November 20, 2009.

12. From November 25 – 26, 2009, the Whites drafted this Motion in order to preserve their rights in the absence of any information regarding the status of the hearing and therefore reserve the right to amend or withdraw this Motion as information becomes available.

13. The Whites incorporates all previously submitted documents by the Whites in this case as reference, and in particular Docket No. 9937 and all contents as though contained within.

## MEMORANDUM OF SUPPORT

The United States Court of Appeals for the Third Circuit has set forth (3) three major grounds for a re-argument in which one must be met; (1) a change in the controlling law; (2) availability of new evidence not available previously; (3) the need to correct clear error of law or fact or prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 677(3rd Cir. 1999) (citing North River Ins. Co., v. Cigna Reinsurance Co., 52F. 3d 1194, 1218 (3rd Cir. 1995).

<u>INSUFFICIENCY NOTICE OF HEARING, UNTIMELY OBJECTION<br>BY DEBTORS AND INSUFFICIENT NOTICE OF AGENDA MATTERS</u>

A. Federal Rule of Bankruptcy Procedures 9006 and local rules of this court provide for more notice of a hearing than one (1) day.

B. On November 19, 2009, the Debtors served upon the Whites its Notice and Amended

Notice of Agenda of Matters scheduled for hearing on November 20, 2009 at 2:00pm [Docket Nos.9949 and 9954]

C. Local Rule 9001-1 (e) provides that no Motion will be scheduled on less notice than required by these local rules or the Fed. R. Bankr. P. <u>except</u> by order of the court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The court will rule on such motion promptly without need for a hearing.  No motion applicable to this hearing was served.

D. Local Rule 9029-3 (a)(i) applicable to all Chapter 11 cases states in pertinent parts that counsel shall file the agenda in the Bankruptcy Court on or before 12:00pm prevailing eastern time two (2) business days <u>before </u>the date of the hearing.

E. Local Rule 9006-1 (d) states that reply papers may be filed and, <u>if filed,</u> shall be served so as to be received by 4:00pm prevailing eastern time the day prior to the deadline for filing the agenda.

F. Local Rule 9006-1 (c) (ii) states in pertinent part that "In all instances, any objection must be filed and served so as to be <u>received </u>on or before the applicable objection deadline".

G. It's important for the court to note that an objection at a minimum and in accordance with Local Rule 9006-1 et. Seq., shall be served no later than 7 days <u>before a </u>hearing.

H. The Whites received their response concealed within a brief of the plan proponents [Docket No. 9953] on November 19, 2009, and among other things, this objection was not in conformity with Local Rule 9004-1.

I. The Whites served their objection on the Debtors on <u>November 6, 2009</u> which certainly provided a reasonable time for review and a proper response if desired, and <u>the Debtor were responsible for noticing the hearing date and time</u>. The Debtor's objection was untimely.

J. When Local Rules 2002-1, 9006-1, 9013-1 and 9029-3 are read collectively, it would indicate that the Debtors objections were untimely, the notice of hearing was insufficiency and completely

unreasonable, and the Agenda of Matters for the hearing was not filed by 12:00pm; two (2) business days <u>before</u> the hearing.

1. The Agenda would have to be field on or before November 17, 2009 by 12:00pm.

2. The objection would have to be received by the Whites 7 days prior to the hearing on November 20, 2009.

3. The reply papers would have to be received by the court by 4:00pm on November 16, 2009.

K. In any event, none of these factors occurred timely and created an unreasonable barrier for the Whites to overcome.

## <u>WHITE'S MOTION INCORRECTLY SET BY DEBTORS AS A CONTESTED MATTER IN PLACE OF AN ADVERSARIAL PROCEEDING</u>

A. The Whites timely filed their Motion and objection to the Debtors Modified Second Amended Joint Chapter 11 Plan and Confirmation on November 6, 2009.

B. The Debtor insufficiently noticed and set the hearing as a contested matter for November 20, 2009.

C. The Whites Motion was incorrectly set and improperly heard as a contested matter instead of an adversarial proceeding.

D. Adversarial Proceedings are governed by Federal Rules of Bankruptcy Procedure Rule 7001.

E. The Whites Motion met several of the following criteria governing adversarial proceedings that are stated herein pertinent parts under Rule 7001 et. Seq.

(1) A proceeding to recover money or property;

(2) A proceeding to determine the validity, priority, or extent of a lien or other interest in property;

(4) a proceeding to object to or revoke a discharge;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing.

F.   As stated previously within this Motion and contained within the Whites timely filed Motion and objection to confirmation along with the exhibits attached filed on November 6, 2009, the Whites have consistently questioned the validity and dischargeability of the debts and sought to recover money and obtain an injunction for both equitable and declaratory relief.

G.   The confirmation of the Debtors Modified Second Amended Joint Chapter 11 Plan as ordered on November 20, 2009 effectively serves as an injunction and foreclosed the White's rights to recovery from the Debtors relating to their prepetition fraudulent activities.

H.   Bankruptcy Rule 7008, by virtue of Federal Rules of Civil Procedure 8 (f), mandates a liberal construction of pleading so as "to do substantial justice". It is appropriate that where the delay in filing a timely objection and motion to discharge instead of as an adversarial proceeding, it constitutes harmless error. Haseotes v. Cumberland Farms, Inc. (In re Cumberland Farms, Inc.), 284 F.3d 216,226(1st Cir 2002), Tully Constrr. Co., Inc. v. Cannonsburg Envtl. Assoc., Ltd, (In re Cannonsburg Envtl. Assoc., Ltd), 72 F. 3d 1260, 1264-65 (6th Cir. 1996) (holding that an objection to discharge filed as motion instead of through an adversarial proceeding constituted harmless error) and the cases cited therein.

I.   The Debtors have had notice of the Whites objection since November 6, 2009 and that the Whites seek to enforce a claim against it. There can be no prejudice to the Debtors by granting an adversarial proceeding.

J.   The Whites should be afforded an adversarial proceeding in order to protect their due process rights and the added protection that an adversarial proceeding provides. The opportunity to conduct discovery on the validity of the allegedly transferred mortgages, the fraud by the prepetition

Debtors, and the dischargeablity of the claims among other things would warrant an adversarial hearing as the Whites have had no meaningful opportunity to challenge the accepted facts.

## FINDINGS OF FACT

A. On July 2, 2008, the Honorable Kevin J. Carey filed his opinion on confirmation which constituted findings of fact and conclusion of law, as required by Fed. R. Bankr. P. 7052.

B. On page 5, paragraph B, of the opinion on confirmation, Judge Carey expressly notes "The Securitization Trust were separate entities not included in the Debtor's Chapter 11 filings".

C. The Whites motion and exhibits questions the ownership of the properties allegedly owned by the Trust and in which DBNT, Morgan and others have claimed ownership, and DBNT has prosecuted in violation of the automatic stay imposed in these proceedings.

D. On November 19, 2009, and as stated previously herein, the Whites received insufficient notice and Amended Notice to a November 20, 2009 Hearing. Also within the packet received were Declarations from Samuel Star and Alan M. Jacobs, the brief of Plan Proponents in Support of Confirmation and the Notice of proposed order confirming the plan.

E. The specific reference to each document and corresponding docket number is provided below:

(1) Notice of Agenda [9949]
(2) Amended Notice of Agenda [9954]
(3) Declaration of Mr. Star; [9951]
(4) Declaration of Mr. Jacobs; [9952]

F. If the opinion on confirmation is a finding of fact filed in accordance with Fed. R. Bankr. P. 7052 and dated July 2, 2008, then how could any properties allegedly owned or within the Securitization Trust have been within the subject matter jurisdiction of this court when it was separate entities and not included in the Debtor's Chapter 11 filings?

G. Neither the declaration of Mr. Star or Mr. Jacobs addresses the Securitization Trust.

H. The Debtor's proposed order confirming the Modified Second Amended Joint Chapter 11 Plan however proposes to incorporate providing tax exemption to non-debtors (Securitization Trust) that were separate entities and not included in the Chapter 11 filing. Furthermore, said order proposes to grand and execute documents upon only a showing to the liquidating trustee that is reasonably satisfactory to the trustees and his determination.

I. This would and could include unperfected liens that the securitization trust allegedly has over property allegedly a part of the trust and hasn't been under the preview of the court.

J. It is believed that the language contained within the Modified Second Amended Joint Chapter 11 Plan does not contain the language regarding instrument creation etc., and tax exemptions contained within the proposed order and therefore wasn't properly noticed as it was received on 11/19/09 and the White's and others were not provided with the a reasonable opportunity to challenge the validity of the debt. Baltimore County v. HIS Liquidating LLC (In re Integrated Health Servs.)(2006 DC Del)46 BCD 47.

K. The very nature of the conflict between this court's finding of fact, and the Debtors contentions along with the Whites Motion questioning amongst other things, the validity and dischargability of the debt by the Debtor would warrant the court to consider whether the court has subject matter jurisdiction and the validity of debt. As the third district has held, a bankruptcy court may not allow the sale of property as "property of the estate" without first determining whether the property is property of the estate. See Moldo v. Clark (in re Clark), 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001). The 3rd Circuit held that lien invalidation can occur only through litigation in an adversarial proceeding which provides greater procedural protection and therefore "the adversary proceeding rule at issue here is mandatory and establishes a right to specific process that must be afforded". Its mandatory nature is grounded in principles of due process that trump finality. SLW Captal, LLC v. Mansary. Ruff in (In re Mansaray-Ruffin), 530 F. 3d 230 WL 2498048 at *6.

Based on the reasons stated above, the pleading filed in this Chapter 11 case and suspected bad faith by the Debtors, the Whites respectfully request that this court (1) grant the Whites timely objection Motion as one for an adversary with leave to amend its filing; (2) grant the Whites request for a permanent Injunction to stop the foreclosure if the "bad faith" is proven in this proceeding; (3) enter a judgment against the Debtors, DBNT and Morgan in an amount equal to the face amount of the security instrument; (4) invalidate any lien on the Whites property if its proven to not be a part of the Debtors Chapter 11 filing and ; (5) enter an order that all properties of the Morgan Stanley ABS Capital 1 Trust that has unperfected liens be subject to the court's review before an instrument is provided or tax exemption is granted; (6) revoke the Debtor's confirmation order if its proven to be filed in bad faith as fraudulent conduct in securing the confirmation would warrant revoking the discharge and any other relief as this court deems just and proper.

Dated: November 27, 2009     Respectfully Submitted,

_Molly S, White_

Molly S. White
Homeowner & Equity Holder
5948 Doraville Drive
Port Orange, Fl 32127
(386) 304-1189

Ralph N. White
Homeowner & Equity Holder
5948 Doraville Drive
Port Orange, Fl 32127
(386) 304-1189

## Certificate of Service

## Via US Express Overnight Mail

U.S. Bankruptcy Court
824 North Market Street, Third Floor
Wilmington, DE 19801;

Counsel to the Liquidating Trust
Hahn & Hessen LLP
Attn: Mark S. Indelicato, Esq.
Attn: Mark T. Power, Esq.
488 Madison Avenue
New York, NY 10022

Blank Rome, LLP
Attn: Bonnie Glantz Fatell, Esq.
Attn: David W. Carickhoff, Esq.
1201 Market Street, Suite 800
Wilmington DE 19891

Chairman of the Plan Advisory Committee
C/O Baker Hosteller
Attn: Donald Workman
1050 Connecticut Avenue
N.W., Washington, DC 20036

Office of the United States Trustee, J. Caleb Boggs
Federal Building
Attn: Joseph J. McMahon, Jr., Esq.
844 King Street, Suite 2207
Lockbox 35, Wilmington, DE 19801

Dated: November 27, 2009

*Molly S. White*

Molly S. White