IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANITA B. CARR, Plaintiff, pro se | CHAPTER 11 |
| v. | AP Case No.: 09-52251 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, et al. | Case No.: 07-010416 KJC<br>Jointly Administered |
| Defendants. | |

## MOTION OF ANITA B. CARR, PRO SE
## TO CONSIDER PROOF OF CLAIM TIMELY FILED

Anita B. Carr, Pro Se, the Plaintiff ("Plaintiff")respectfully submits this motion (the "Motion") seeking entry of an order, pursuant to Section 501 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 3002(c)(3) and 9006(b)(1) of the Federal Rules of Bankrutpcy Procedure (the "Bankrutpcy Rules"), deeming the Creditor's proof of claim (the "Claim") against debtor New Century Mortgage Corporation ("New Century Mortgage"), filed after the general claims bar date established in these bankruptcy cases, timely filed. In support of the Motion, the Creditor states:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Section 501 of the Bankruptcy Code, and Rules 3002(c)(3) and 9006(b)(1) of the Bankruptcy Rules.

## Background

2. On or about October 17, 2008, Plaintiff's real property residence at 11801 Bloomington Way in Dublin, CA was sold at a trustee's sale.

3. Subsequently an Unlawful Detainer action was begun in Alameda County California. in early November 2008.

4. Up until this point in time Plaintiff Carr had no knowledge that New Century or Home123 Corporation was in Chapter 11 bankruptcy in Delaware.

5. Up until this point in time Plaintiff Carr was not knowledgeable that New Century Mortgage or Home123 Corp. had committed significant fraudulent activities and TILA violations and Predatory Lending against not only the Plaintiff but to thousands of other homeowners across the USA..

6. Up until this point in time Plaintiff Carr did not have knowledge that there was a Federal Grand Jury investigation of New Century or that the California Corporations Commissioner had revoked both New Century and Home123's licenses to operate in California.

7. On or about December 16, 2008, a letter was filed with this court by the Plaintiff. requesting the illegal foreclosure to be set aside and a stay issued on any eviction. This was denied at a hearing on March 4, 2009.

8. On March 20, 2009 Plaintiff Carr filed a complaint in California Superior Court alleging Fraud, TILA violations, Predatory Lending, Usury, Civil Rico, Wrongful Foreclosure amongst other counts against New Century and Home123 Corp et al.

9. On or about March 23, 2009 Plaintiff filed a Motion to Consolidate the UD case with the larger Fraud case in Superior Court of California. That was granted.

10. On or about June 12, 2009 a Proof of Claim was sent to the clerk in Delaware by Plaintiff. It apparently was lost. On or about July 16, 2009 a second Proof of Claim was sent to the clerk by Plaintiff.

11. There was a hearing held on or about July 22, 2009 in Judge Carey's court to address the Plaintiff's motion to lift the stay on New Century. This was denied.

12. In August of 2009 an early settlement offer was sent to Attorney Sloan and Attorney Cerbone. The Plaintiff received no response.

13. On or about October 5, 2009, the Plaintiff filed an Adversary Complaint in the Delaware, Adversary Case No. 09-52251 KJC against New Century TRS Holdings, Inc. et al.

14. Judge Carey indicated to Plaintiff, at the last telephonic hearing, that Plaintiff should file this motion. To Consider Proof of Claim Timely Filed.

15. On October 20, 2009, the California case was stayed pending the outcome of this AP and pending the outcome of the entire New Century bankruptcy case # 07-010416.

16. On November 23, 2009 a Request for Judicial Notice was filed with this court providing proof of forgeries with respect to Plaintiff's recorded documents. Indeed, counsel for the defendant(s) continues to allege to the court that Plaintiff's loan was sold to Chase in February of 2006 and counsel continues to provide some sort of document (MLSA) which counsel alleges proves the sale, yet the document is not signed by anyone from Chase. If the court examines closely the exhibits in the judicial notice, the court will note (Exhibit A) that as late as May 22, 2007 a Vice President of Home123, Stephen L. Nagy, is signing a Deed document over to U.S. Bank, N.A. and not Chase! May 22, 2007 is well over 42 days past the time when New Century and Home123 declared Chapter 11 bankruptcy in this court. May 22, 2007 is well beyond the February 2006 sale closing date between New Century and Chase, yet opposing counsel continues to tell the court and Plaintiff that this sale occurred.

17. The Plaintiff did not receive any notice of the bankruptcy filing by New Century or Home123 Corp and only recently learned of this and the requirement for filing a

Proof of Claim.

## Argument

18. As set forth below, this Court should enter an order deeming the Plaintiff's Claim filed after the Bar Date as timely because the Plaintiff's tardy filing was due to excusable neglect.

19. Pursuant to Rule 9006(b)(1) of the Bankrutpcy Rules, the Court may permit a proof of claim to be filed after the bar date if the failure to file a timely claim was the result of "excusable neglect." The determination of whether the failure to file a timely claim was due to excusable neglect is an equitable one and requires consideration of all relevant facts and circumstances. *Pioneer Inv. Serv. Co. v. Brunswick Associ. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (affirming judgment holding creditor's delay was due to excusable neglect). Thus, excusable neglect is not limited to situations where a creditor's late filing was due to circumstances beyond the creidtor's control, but also encompasses situations where the omission was caused by the creditor's "inadvertance, mistake or carelessness." *Id.* at 388.

20. In determining whether the excusable neglect standard is met, courts examine the following four factors enunciated by the Supreme Court in the Pioneer case: (i) "the danger of prejudice to the debtor," (ii)" the length of delay and its potential impact on judicial proceedings," (iii) "the reason for the delay, including whether it was within reasonable control of the movant," and (iv) "whether the movant acted in good faith." *Id.* at 395; *see also, NRG Energy, Inc. v. Official Comm. Of Unsecured Creditors (In re O'Brien Envtl. Energy, Inc.)*, 188 F. 3d 116, 125-130 (3d Cir. 1999). Consideration of those factors in light of the circumstances present here clearly demonstrates that the Creditor's late filing was the result of excusable neglect.

21. Application of the factors set forth in *Pioneer*, in light of the relevant facts,

strongly supports a finding that the Creditor's failure to file the Claim before the bar date was the result of excusable neglect.

22. The New Century Mortgage will not be prejudiced by the Plaintiff-Creditor's late filed claim because New Century Mortgage is being liquidated under the chapter 11 plan confirmed by this Court. Thus allowance of the Creditor's claim will not effect New Century Mortgage's ability to reorganize. In addition, it appears that the Liquidating Trustee is still in the process of resolving claims and has not made distributions to unsecured creditors. *See In re FLYI, Inc.*, No. 05-20011 (MFW), 2008 WL 170555, at *4 (Bankr. D. Del. Jan. 16, 2008) (finding no prejudice where liquidating trust still in the process of objecting to claims and no distribution to unsecured creditors had been made); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice although plan had been confirmed and gone effective where claims reconciliation process was ongoing). Thus, this factor weighs in favor of finding excusable neglect. *See, e.g., Id.; BuildNet* 2003 WL 22078079, at *3; *In re Sacred Heart Hosp. of Norristown*, 186 B.R. 891, 896-97 (Bankr. E.D. Pa. 1995)(finding no prejudice where debtor was liquidating).

23. The Creditor filed her Claim against the New Century Mortgage shortly after she became aware that New Century Mortgage was in a bankruptcy and investigated the claims process in this bankruptcy case. Moreover, the allowance of the Creditor's Claim will have no effect on the structure of the Plan or the administration of these bankruptcy cases because the Claim falls within one of the classes of unsecured claims delineated in the Plan. Accordingly, this factor weighs in favor of finding excusable neglect. The Creditor acted in good faith because she has promptly filed her proof of claim after learning of the New Century Mortgage's bankruptcy and there was not indication that the Creditor

delayed filing her proof of claim. *See. eg, In re FLYi, Inc.,* 2008 WL 170555, at *4 (finding delay of eigteen months reasonable under the circumstances); BuildNet, 2003 WL 22078079, at 3.

24. The Creditor has a very credible and reasonable explanation for failing to file the Claim before the Bar Date. The Creditor was not on notice of the bankruptcy filing. Thus, this factor weighs in favor of finding excusable neglect.

25. Accordingly, because an analysis of the factors set forth in *Pioneer* establishes that the tardiness of the Creditor's claim resulted from excusable neglect, this Court should enter a nunc pro tunc order permitting the Creditor's claim as timely filed.

## Notice

26. The Plaintiff has given notice of the Motion to (i) the counsel for Debtors.

27. The Creditor contends that the limited notice contemplated herein comports with the Local Rules for the United States Bankruptcy Court for the District of Delaware and the Bankruptcy Rules, and constitutes good and sufficient notice of the relief sought herein under the circumstances.

## Conclusion

WHEREFORE, Plaintiff-Creditor, Anita B. Carr, pro se, respectfully requests that this Court enter an Order deeming the Plaintiff's Proof of Claim timely filed, and for any further relief this court deems just and proper.

Dated: December 1, 2009                    Respectfully submitted,

                                           *[signature]*
                                           Anita B. Carr, pro se