## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re:

NEW CENTURY TRS HOLDINGS, INC., a Delaware
Corporation, *et al.*,

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
(Jointly Administered)

-------------------------------------------------------------------x

## NOTICE OF (I) ENTRY OF ORDER CONFIRMING MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AS OF SEPTEMBER 30, 2009 AND (II) EFFECTIVE DATE

**PLEASE TAKE NOTICE THAT:**

1.        On April 2, 2007 (the "Petition Date"), New Century Financial Corporation, a Maryland corporation, and its direct and indirect subsidiaries, New Century TRS Holdings, Inc., a Delaware Corporation, New Century Mortgage Corporation, a California corporation, NC Capital Corporation, a California corporation, Home123 Corporation, a California corporation, New Century Credit Corporation, a California corporation, NC Asset Holding, L.P., a Delaware limited partnership, NC Residual III Corporation, a Delaware corporation, NC Residual IV Corporation, a Delaware corporation, New Century R.E.O. Corp., a California corporation, New Century R.E.O. II Corp., a California corporation, New Century R.E.O. III Corp., a California corporation, New Century Mortgage Ventures, LLC, a Delaware limited liability company, NC Deltex, LLC, a Delaware limited liability company, and NCoral, L.P., a Delaware limited partnership, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively with New Century Warehouse Corporation, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and on August 3, 2007, New Century Warehouse Corporation, a California corporation filed voluntary petition for relief under the Bankruptcy Code in the Bankruptcy Court, which case was jointly administered with the chapter 11 cases of the other Debtors.

2.        On July 15, 2008, the Bankruptcy Court entered an order (as amended  by order of the Bankruptcy Court dated July 23, 2008, the "Original Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008* (the "Original Plan").

3.     Pursuant to the Original Confirmation Order, the Original Plan became effective in accordance with its terms.  The effective date of the Original Plan occurred on August 1, 2008 (the "Original Effective Date").

4.     On July 14, 2008, the Beneficiaries[1] filed a Notice of Appeal of the Confirmation Opinion (the "First Appeal").  On July 24, 2008, the Beneficiaries filed a Notice of Appeal of the Confirmation Order (the "Second Appeal" and together with the First Appeal, the "Appeal").[2]

5.     On June 16, 2009, the District Court issued a Memorandum Opinion and Order regarding the Appeal (together, the "Order Reversing Confirmation").  The Order Reversing Confirmation was entered on June 17, 2009.

6.     On September 30, 2009, the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of September 30, 2009* (the "Modified Plan")[3] was filed.

7.     Pursuant to section 1129 of the Bankruptcy Code, on November 20, 2009, the Bankruptcy Court entered an order (the "Modified Confirmation Order") confirming the Modified Plan, which Modified Confirmation Order provides, among other things, that:

A.     The Modified Plan is confirmed as having met the requirements of section 1129 of the Bankruptcy Code.

B.     The Modified Plan and its provisions shall be binding on any Holder of a Claim or Interest and their respective successors and assigns, whether or not the Holder of a Claim or Interest is impaired under the Modified Plan and whether or not such Holder has accepted the Modified Plan.

8.     Pursuant to the Modified Confirmation Order, the Modified Plan became effective in accordance with its terms, and the Effective Date occurred on December 1, 2009.

9.     Pursuant to the terms of the Original Plan, on the Original Effective Date the New Century Liquidating Trust Agreement (the "Trust Agreement") was executed, thereby

---

[1] The "Beneficiaries" are former employees, Gregory J. Schroeder, Michelle Park, Martin Warren, Steve Holland and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan, for themselves and all other similarly situated beneficiaries of the New Century Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan who had filed an objection to confirmation of the Plan which was overruled by the Bankruptcy Court based on a fully developed evidentiary record by its Opinion and Order Regarding the Opinion on Confirmation of the Plan entered on July 2, 2008 [D.I. 8254 and 8255].

[2] The First Appeal and the Second Appeal were subsequently consolidated into a single appeal before the United States District Court for the District of Delaware (the "District Court").

[3] Capitalized terms used herein and not otherwise defined have the meanings ascribed to such terms in the Modified Confirmation Order and the Modified Plan.

creating the Trust and appointing Alan M. Jacobs as Trustee of the Trust. On the Original Effective Date, among other things, all Assets of the Debtors (excluding Access Lending Assets but including Access Lending Interests) were distributed to the Trust and all of the remaining members of the Debtor's Board of Directors and Officers ceased to serve in those capacities by operation of the Original Confirmation Order.

10. Pursuant to the terms of the Modified Plan and Modified Confirmation Order, the creation of the Trust, the appointment of the Trustee and the transfer of the Assets to the Trust have been adopted, ratified and confirmed, effective as of the Original Effective Date.

11. Persons wishing to obtain copies of the Modified Plan or Modified Confirmation Order may request copies of the same from counsel to the Liquidating Trust. Such requests may be directed to Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attention: Mark S. Indelicato and Janine M. Cerbone.

Dated: December 4, 2009

*/s/ David W. Carickhoff*
Bonnie Glantz Fattell (No. 3809)
David W. Carickhoff (No. 3715)
BLANK, ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 – Telephone
(302) 425-6460 – Facsimile

- and -

Mark S. Indelicato
Mark T. Power
Janine M. Cerbone
Huria S. Patwardhan
HAHN & HESSEN LLP
488 Madison Avenue, 15th Floor
New York, New York 10022
(212) 478-7200 – Telephone
(212) 478-7400 – Facsimile

Co-Counsel to the New Century Liquidating Trust, the Liquidating Trustee, and the Plan Administrator for Reorganized New Century Warehouse Corporation