IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NEW CENTURY HOLDINGS, | ) | Bk. No. 07-10416 (KJC) |
| INC., et al., | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

| | | |
|---|---|---|
| PIERRE RICHARD AUGUSTIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-378-SLR |
| | ) | |
| NEW CENTURY LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 24th day of March, 2010, having considered the motion to dismiss filed by New Century Liquidating Trust ("the Trust") against Pierre Richard Augustin ("Augustin"), and the papers submitted in connection therewith;

IT IS ORDERED that the motion to dismiss (D.I. 3) is granted for the reasons that follow:[1]

---

[1] Accordingly, in light of the reasons set forth herein, Augustin's request that this court issue a writ of mandamus compelling the bankruptcy court to apply the Best Evidence Rule is denied. (D.I. 8)

1. New Century TRS Holdings, Inc., and its affiliated companies (collectively, "debtors"), filed chapter 11 petitions on April 2, 2007.[2] In January 2008, Augustin filed two proofs of claim against the debtors alleging mortgage fraud, each for over $700,000 plus punitive damages. (Bk. at D.I. 5024, 5537)  On February 22 and May 27, 2008, the debtors objected to Augustin's claims, creating a contested matter. (*Id.* at D.I. 9332)  After the debtors' chapter 11 plan became effective, the Trust assumed prosecution of the debtors' objections.

2. On September 4, 2008, the bankruptcy court issued a "scheduling order" to allow for formal discovery of Augustin's contested claims.[3] On February 11, 2009, Augustin filed a motion to compel the Trust to produce the original front and back of his mortgage note.[4] (*Id.* at D.I. 9332)

3. On March 26, 2009, the bankruptcy court held a hearing to consider pending motions. (*Id.* at D.I. 9475)  The bankruptcy court denied Augustin's motion to produce and ordered the Trust to submit a form of order outlining the decision. On April 6, 2009, Augustin filed an "emergency petition for reconsideration of denying in part the request for providing original note with wet ink signature for authentic proof." (*Id.* at D.I. 9575)

---

[2]*In re: New Century TRS Holdings, Inc., et al*, Bk. No. 07-10416O (KJC) (hereinafter cited as "Bk.")

[3]More specifically, deadlines were set for: fact and deposition discovery; expert reports; expert discovery; dispositive motions; pretrial memorandum and a trial. (*Id.* at D.I. 8905)

[4]The Trust represented to the bankruptcy court that it was no longer in possession of the original mortgage note as the note had been sold and the original note was given to the subsequent mortgage holder. (D.I. 4)

2

4. On April 14, 2009, the bankruptcy court entered an order changing the discovery deadlines and, inter alia,: (1) denying Augustin's motion to compel, in part, with respect to the request that the Trust produce the original mortgage note for the reasons stated at the hearing on March 26, 2009; (2) granting Augustin's motion to compel, in part, with respect to the revised discovery request; and (3) granting the Trust's motion to compel Augustin to respond to discovery requests. (*Id.* at D.I. 9587) It is this order that forms the basis of Augustin's appeal. (*Id.* at D.I. 9664)

5. **Discussion.** This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" or "with leave of court, from other interlocutory orders and decrees" of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1), (a)(3). The bankruptcy court's order is clearly a discovery order addressing Augustin's motion to compel production of a certain discovery document, i.e., the original mortgage note. Discovery orders, generally, are interlocutory and not final decisions. *Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353, 360 (3d Cir. 2006); *In re Kaiser Group Int'l, Inc.*, 400 B.R. 140, 144 (D. Del. 2009).

6. In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of an interlocutory order of a district court to a court of appeals is warranted. *See In re Magic Restaurants, Inc.*, 202 B.R. 24, 25 (D. Del.1996); *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009). The party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basis policy of postponing review until after

the entry of final judgment." *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del.), *aff'd,* 884 F.2d 1383 (3d Cir.1989). Piecemeal litigation is generally disfavored by the Third Circuit. *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988).

7. Moreover, under § 1292(b), an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 754 (3d Cir. 1974). Leave to file an interlocutory appeal, however, may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. *Id.*

8. Considering the circumstances of this case in light of the applicable legal principles, the court cannot conclude that an interlocutory appeal of the bankruptcy court's discovery order is warranted. First, it is apparent that the bankruptcy court's order does not involve a controlling question of law as to which there is substantial ground for difference of opinion; instead, the issue is whether the original mortgage note should have been ordered produced. Second, there does not appear to be a substantial difference in authority as to the discovery of an original copy of a document. *See* e.g., Fed. R. Civ. P. 34 (requires a party to produce documents that are in its possession, custody or control); Fed. R. Evid. 1003 (allows copies being offered into evidence unless a genuine issue is raised as to authenticity or it would be unfair to

admit a duplicate instead of original). Third, this matter will not be advanced by permitting interlocutory appeal; instead, the bankruptcy court must still render a final determination on the merits of Augustin's claims. Exceptional circumstances are not present to warrant a review of this matter prior to a final determination by the bankruptcy court.

                                                                                                        _____
                                                                                                        United States District Judge