IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re

NEW CENTURY TRS HOLDINGS, INC.,
a Delaware Corporation, *et al*.,[1]

                    Debtors.

---------------------------------------------------------------x

Chapter 11
Case No. 07-10416 (KJC)

(Jointly Administered)

### THE NEW CENTURY LIQUIDATING TRUST'S RESPONSE TO KIMBERLY S. CROMWELL'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 (made applicable herein by Federal Bankruptcy Rules 7033\), the New Century Liquidating Trust (the "Trust"), by and through its co-counsel, Blank Rome LLP and Hahn & Hessen LLP, respond as follows to Claimant's First Set of Interrogatories (the "Discovery Requests"):

### GENERAL OBJECTIONS AND CONDITIONS (collectively, the "General Objections")

1. The Trust objects to the Discovery Requests insofar as they are vague and ambiguous, overly broad and/or impose burdens upon the Trust, not authorized by the Federal Rules and beyond the scope permitted by applicable Local Bankruptcy Rules.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.) ("NCFC"); New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation); New Century Mortgage Corporation (f/k/a JBE Mortgage) ("NCMC"); NC Capital Corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com); New Century Credit Corporation (f/k/a Worth Funding Incorporated); NC Asset Holding, L.P. (f/k/a NC Residual II Corporation); NC Residual III Corporation; NC Residual IV Corporation; New Century R.E.O. Corp.; New Century R.E.O. II Corp.; New Century R.E.O. III Corp.; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage); NC Deltex, LLC; NCoral, L.P.; and New Century Warehouse Corporation.

1

2. The Trust objects to the Discovery Requests insofar as they call for the disclosure of (a) privileged information; (b) materials prepared in anticipation of litigation and/or trial preparation materials without the showing required by Fed. R. Civ. P. 26(b) and Fed. R. Bank. P. 7026(b); (c) opinions, mental impressions, conclusions or legal theories of the Trust's counsel or other representatives; and/or (d) mediation documents or records that are protected by Local Bankruptcy Rule 9019-5(d).

3. The Trust objects to the Discovery Requests insofar as they call for the Trust's opinions or contentions, or for the basis of any such opinions or contentions, before discovery and evidence gathering has been completed.

4. The Trust objects to the Discovery Requests insofar as they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Trust objects to Claimant's definitions to the extent that they deviate from or expand upon obligations, duties or requirements under the Federal Rules of Civil Procedure, the Bankruptcy Rules, and Local Bankruptcy Rules.

6. The Trust objects to the Discovery Requests to the extent that they seek information which may be derived from documents in Claimant's possession, from documents which have been produced to Claimant or documents available to the public. As such, the burden of deriving or answering the Discovery Requests is substantially the same for Claimant as it is for the Trust and Claimant can ascertain the Responses by performing a review and analysis of the documents previously produced

7. The Trust reserves all objections to the admissibility of any Discovery Request and the response thereto at trial.

871230/009-2169395.3

8. To the extent that any Discovery Request is argumentative or assumes facts not yet proven, it is responded to as if propounded without such argument or assumption.

9. The Trust reserves the right at any time to revise, correct, or clarify the objections or responses set forth herein.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY No. 1.** Set forth the name, address, phone number, and title or position of each and every person with personal knowledge who can testify to facts certain, concerning the subject Loan.

**RESPONSE:** Subject to and without waiving the General Objections, at the present time, the Trust is aware that the following individuals have personal knowledge of certain relevant facts: Monika L. McCarthy, Helen King, Diane Denney, and Donna Walker, all consultants to the New Century Liquidating Trust, c/o Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022. The Trust may become aware that other individuals, including former employees of the Debtors have personal knowledge and will supplement this response if and when such additional information becomes available.

**INTERROGATORY No. 2.** Set forth the name, address, phone number, and title or position of each and every person with personal knowledge who can testify to facts certain concerning Debtors' policies, procedures and controls as they relate to document perfection and compliance with the Morgan Stanley Trust, as mandated by the laws set forth in the Morgan Stanley Trust, pursuant to and in compliance with the New York State Trust Laws governing such matters.

**RESPONSE:** The Trust objects to this interrogatory as the term "Debtors' policies, procedures, and controls", "document perfection", "laws set forth in the Morgan Stanley Trust"

and "New York State Trust Laws" are undefined and vague. The Trust objects to this request to the extent it calls for personally identifiable information. The Trust objects to this request as it calls for a response that is not reasonably calculated to lead to the production of admissible evidence. The Trust objects to this request as it calls for a legal conclusion.

**INTERROGATORY No. 3.** If you contend that the Cromwell Claim is without merit, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this request as it calls for a legal conclusion. Subject to and without waiving the General Objections, the Trust refers Claimant to the *Objection of the New Century Liquidating Trust to the Motion of Kimberly S. Cromwell, Pro Se, to Consider Proof of Claim Timely Filed.* Specifically the Claim is without merit because (i) the Claimant received notice of the Bar Date in accordance with the Bar Date Order, but failed to timely file their claim, and (ii) the Debtors' books and records reflect that Debtors properly sold Claimant's first lien loan and second lien loan in 2006 and thus do not hold any right, title or interest in Claimant's loans or the real property secured by them. The Trust further submits that the Debtors' books and records reflect that Claimant's loan was originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033. The Trust reserves its rights to supplement the foregoing.

**INTERROGATORY No. 4.** If you contend that the subject Loan was properly perfected and assignment/transfer lawfully executed to the Morgan Stanley Trust or any intervening

parties, as mandated by the laws set forth in the Morgan Stanley Trust, pursuant to and in compliance with the New York State Trust Laws governing such matters, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this interrogatory as the terms "properly perfected", "intervening parties", "laws set forth in the Morgan Stanley Trust" and "New York State Trust Laws" are undefined and vague. The Trust objects to this request as it calls for a legal conclusion. Subject to and without waiving the foregoing objections and the General Objections, the Trust submits that the Debtors' books and records reflect that Claimant's loan was originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033. The Trust further submits that the Debtors' books and records reflect that Claimant's loans were transferred to Deutsche Bank as Custodian pursuant to Debtors' customary procedures as reflected in the January 27, 2006 email, and attachments, from Dawn Wells of Deutsche Bank National Trust Company produced contemporaneously herewith ("DB email") pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033. The Trust reserves its rights to supplement the foregoing.

**INTERROGATORY No. 5.** If you contend that the subject loan was lawfully qualified for sale, assignment/transfer to the Morgan Stanley Trust, or any intervening parties with intent to transfer to the Morgan Stanley Trust, as mandated by the laws set forth in the Morgan Stanley

5

Trust, pursuant to and in compliance with the New York State Trust Laws governing such matters, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this interrogatory as the terms "lawfully qualified for sale, assignment/transfer,", "intervening parties", "laws set forth in the Morgan Stanley Trust" and "New York State Trust Laws" are undefined and vague. Subject to and without waiving the foregoing objections and the General Objections, the Trust submits that the Debtors' books and records reflect that Claimant's loan was originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033. The Trust further submits that the Debtors' books and records reflect that Claimant's loans were transferred to Deutsche Bank as Custodian pursuant to Debtors' customary procedures as reflected in DB email. The Trust reserves its rights to supplement the foregoing.

**INTERROGATORY No. 6.** If you contend that the Debtors fully disclosed each and every commission, payment, or proceed as required by the applicable governing regulations of TILA, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this request as the term "TILA" is undefined and vague. The Trust objects to this request as it is the Claimant's burden to establish that the Debtors did not disclose "each and every commission, payment, or proceed as required by the applicable governing regulations of TILA." Subject to and without waiving the foregoing objections and the General Objections, the Trust submits that the Debtors' books and records

6

reflect that Claimant's loan was originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033.

**INTERROGATORY No. 7.** If you contend that the Debtors' fiduciary actions, either through negligence or policy, did not result in the slander of Cromwell's title to the Real Property, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this interrogatory as the terms "Debtors' fiduciary actions", and "slander of Cromwell's title to the Real Property" are undefined and vague. The Trust further objects to this interrogatory as it is Claimant's burden to establish that the Debtors' actions resulted in a "slander of Cromwell's title to real property." Subject to and without waiving the foregoing objections, the Trust submits that the Debtors' books and records reflect that Claimant's loans were originated in compliance with applicable regulations. After origination, the Loan was transferred and servicing was released. Once transferred, the Debtors were not responsible for the actions of others with regard to the Loan. The Trust also refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033.

**INTERROGATORY No. 8.** If you contend that the Debtors' actions and conduct concerning the alleged origination of the subject Loan were not predatory, as defined by the Office of the Inspector General of the FDIC and the California Department of Real Estate, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this interrogatory as the terms "alleged origination", "predatory", "Office of the Inspector General of the FDIC", and "California Department of Real Estate" are undefined and vague. The Trust objects to this request as it calls for the production of documents that are not reasonably calculated to lead to the production of admissible evidence. The Trust objects to this interrogatory as it is the Claimant's burden to establish that the Debtors' actions "were predatory." Subject to and without waiving the foregoing objections, to the extent Claimant is referring to the term "predatory" as defined at http://www.dre.ca.gov/mlb_predatory.html, the Trust submits that the Debtors' books and records reflect that Claimant's loans were originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033.

**INTERROGATORY No. 9.** If you contend that the Debtors effectively sold, assigned/transferred the Note and Secured Interests to the subject Loan, pursuant to and in compliance with the State of California Civil Code as well as the mandates by the law set forth in the Morgan Stanley Trust, pursuant to and in compliance with the New York State Trust Laws governing such matters, state each and every fact upon which you base your contention.

**RESPONSE:** The Trust objects to this interrogatory as the terms "effectively sold" "State of California Civil Code", "law set forth in the Morgan Stanley Trust" and "New York State Trust Laws" are undefined and vague. The Trust objects to this request as it calls for the production of documents that are not reasonably calculated to lead to the production of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, the Trust submits that the Debtors' books and records reflect that Claimant's loans were originated in compliance with applicable regulations. The Trust refers the Claimant to the Claimant's loan files previously produced as Bates Stamp "Crom 000001" to "Crom 000219" and contemporaneously with The New Century Liquidating Trust's Response to Kimberly S. Cromwell's First Request for the Production of Documents pursuant to Federal Rule of Civil Procedure 33(d), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033. The Trust reserves its rights to supplement the foregoing.

**INTERROGATORY No. 10.** Identify any and all documents or communications that could lead the Debtors to believe that, as of July 2, 2007, Cromwell or any other mortgage recipient may have a potential claim (instant or future) against any of the Debtors.

**RESPONSE:** The Trust objects to this interrogatory as overly broad and unduly burdensome. The Trust objects to this interrogatory as it calls for the production of information that is not reasonably calculated to lead to the production of admissible evidence. The Trust objects to this request as the term "any other mortgage recipient" is undefined and vague. Subject to and without waiving the foregoing objections or the General Objections, there are no documents in the Trust's books and records responsive to this interrogatory as the Debtors did not know and could not have known that the Claimant had a potential claim against any of the Debtors. As information concerning "any other mortgage recipient" is not reasonably calculated

to lead to the production of admissible evidence to this contested matter, this response will not address such.

**INTERROGATORY No. 11.** Identify any and all documents that evidence the subject loan originated or brokered by Debtors did or did not become subject to repurchase from the Morgan Stanley Trust.

**RESPONSE:** The Trust objects to this interrogatory as ambiguous as it seeks production of documents that evidence an event that did not occur. The Trust objects to this interrogatory as overly broad and unduly burdensome. The Trust objects to this interrogatory as it calls of the identification of documents that are not reasonably calculated to lead to the production of admissible evidence. Subject to and without waiving the foregoing objections or the General Objections, there are no documents in the Trust's books and records responsive to this interrogatory.

**INTERROGATORY No. 12.** Identify any and all documents that describe, discuss, or otherwise list the causes or bases for the repurchase requirements of the subject loan listed in the answer to Interrogatory No. 11.

**RESPONSE:** The Trust objects to this request as it calls for the identification of documents that are not reasonably calculated to lead to the production of admissible evidence. The Trust further objects to this interrogatory as there are no documents responsive to this request found in the Debtors' books and records.

**INTERROGATORY No. 13.** Identify any and all documents that describe, discuss, outline or otherwise list or refer to any challenges or failings of Debtors to comply with the Morgan Stanley Trust.

**RESPONSE:** The Trust objects to this interrogatory as the terms "challenges", "failings" and "Morgan Stanley Trust" are undefined and vague. The Trust objects to this request as it calls for information not reasonably calculated to lead to the production of admissible evidence.

**INTERROGATORY No. 14.** Identify the individual who affixed the Stamped Endorsement In Blank on the back of subject loan, under what authority the endorsement was affixed, the Date, Time, and location where the endorsement was affixed.

**RESPONSE:** The Trust objects to this interrogatory as the terms "Stamped Endorsement In Blank", "subject loan", "Date" and "Time" are undefined and vague. Subject to and without waiving the foregoing objections or the General Objections, the Trust's books and records reflect that Debtors' procedures provided that the "shipping process analysts" prepared the note endorsements and obtained the appropriate corporate signature. The endorsement was prepared pursuant to Debtors' procedures. The Debtors' books and records do not contain information regarding the individual that affixed the referred-to endorsement as the Debtors had many employees and independent contractors handling hundreds of loan files daily. Further, the Debtors' books and records do not have information regarding the exact date and time of when the referred-to endorsement was affixed. The Debtors' books and records indicate that the pertinent department where endorsements of this kind took place was located at 210 Commerce Street, Irvine, California, 92602.

**INTERROGATORY No. 15.** Identify by Interrogatory number each and every person who provided information for the preparation of the responses to these interrogatories.

**RESPONSE:** The Trust objects to this request as the interrogatory should be broken up into thirteen interrogatories- one for each prior interrogatory. For Interrogatories Numbered 1,

11

2, 6, 7, 8, 10-15, Monika L. McCarthy and for interrogatories numbered 3-5 and 9, Monika L. McCarthy, Donna Walker, Helen King, Diane Denney.

Dated: February 11, 2011

**BLANK ROME LLP**

By: */s/ Alan M. Root*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

 - and -

HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn: Mark S. Indelicato
Edward L. Schnitzer
Janine M. Cerbone
Nicholas C. Rigano

*Co-Counsel to the New Century Liquidating Trust*

# VERIFICATION

**Alan M. Jacobs**, being duly sworn, deposes and says:

I am the Liquidating Trustee for the New Century Liquidating Trust (the "Trust") and have held that position since August 1, 2008. I have read the foregoing Responses to Interrogatories 1-15 contained in Kimberly S. Cromwell's First Set of Interrogatories Directed to the New Century Liquidating Trust and know the contents thereof, and believe that such responses to be true based upon the records and documents of the Debtors that the Trust has access to in this matter.

Dated: February 11, 2011

_____
**ALAN M. JACOBS**

Sworn to before me this

11th day of February 2011

_____
Notary Public

Jeffrey Zawadzki
Notary Public, State of New York
No. 01ZA5067204
Qualified in Queens County
Commission Expires Oct. 15, 2013