## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.* [1] | : | Case  No. 07-10416 (KJC) |
| Debtors | : | Re: docket nos. 10781, 10851 |

## MEMORANDUM AND ORDER
## DISMISSING MOTIONS BY ANNETTE LAMOUR

<u>Background</u>

On September 8, 2011, Annette Lamour ("Lamour") filed proof of claim number 4134

(the "Claim") against debtor New Century Mortgage Corporation ("NCMC").  Attached to the

Claim was the Motion to Consider Proof of Claim Timely Filed.[2]  The Liquidating Trustee for

the New Century Liquidating Trust filed an objection to the Motion.[3]  (Docket no. 10613).  An

evidentiary hearing on the Motion was scheduled for March 1, 2012, and, after Lamour failed to

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52).  New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007.  The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2]The Motion to Consider Proof Claim Timely Filed, dated September 1, 2011, was entered on the docket on December 7, 2012 as docket number 10662.  On or about February 5, 2012, Lamour amended the motion, which was filed on February 22, 2012 as docket number 10750.  The motion and amended motion are referred to jointly herein as the "Motion."

[3]On November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") (D.I. 9905).  The Modified Plan adopted, ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust (the "Trust") and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

appear in person, rescheduled for April 12, 2012.[4]    On  March 6, 2012, the Court entered an

Order scheduling the Motion on a "must be tried" basis and ordering that Lamour appear in court

personally on April 12, 2012 (Docket no. 10804). After Lamour failed to appear on April 12,

2012, without explanation (either before or after the scheduled hearing), the Court entered an

Order dated April 23, 2012 granting the Trustee's objection to the Motion and disallowing and

expunging the Claim. (Docket No. 10861).  No appeal was taken  from the April 23, 2012 Order.

On February 29, 2012, Lamour filed the Motion to Invoke the Application of the New

Rule 2019 of the Federal Bankruptcy Procedures (the "2019 Motion") (docket no. 10781).  On

April 18, 2012, the Trustee filed an objection to the 2019 Motion (docket no. 10843).

On April 20, 2012, Lamour filed the Motion for Bonds and Oaths of Office for Public

and Private Officials and Counselors (the "Bonds Motion") (docket no. 10851).  The Trustee

filed an objection to the Bonds Motion on May 14, 2012 (docket no. 10885).

The 2019 Motion and the Bonds Motion are currently pending before this Court.

Discussion

Because Lamour's Claim was disallowed and expunged by a final order of this Court,

Lamour is not a creditor of the Debtors' estates.  At issue is whether Lamour has standing to

pursue the pending 2019 Motion and the Bonds Motion in the Debtor's bankruptcy case.

To appear and be heard in a bankruptcy case, a party must establish standing under either

(i)  Article III of the United States Constitution (which is required for all litigants in all federal

---

[4]At the scheduled March 1, 2012 hearing, Lamour appeared telephonically and asked that the hearing be adjourned to a later date.

cases), or (ii) Bankruptcy Code §1109.[5]  *In re Global Indus. Tech., Inc.*, 645 F.3d 201, 210-11

(3d Cir. 2011).  The Third Circuit decided that the boundaries for both Article III standing and

standing under the Bankruptcy Code are coextensive.  *Id.* at 211.

"A party seeking constitutional standing must demonstrate an 'injury in fact' that is

'concrete', 'distinct and palpable', and 'actual or imminent.'" *Id.* at 210 citing *Whitmore v.*

*Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).  The Third Circuit further

decided:

> The party must establish that the injury fairly can be traced to the challenged
> action and is likely to be redressed by a favorable decision.  We have noted that
> the contours of the injury-in-fact requirement, while not precisely defined, are
> very generous.  The standard is met as long as the party alleges a specific,
> identifiable trifle of injury or a personal stake in the outcome of the litigation.

*Id.* at 210 (internal quotations and citations omitted).  Similarly, Bankruptcy Code §1109 grants

standing to a "party in interest," which has been described as "anyone who has a legally

protected interest that could be affected by a bankruptcy proceeding."  *In re James Wilson*

*Associates,* 965 F.2d 160, 169 (7th Cir. 1992).[6]

Lamour has not asserted a legally protected interest that could be affected by the

Debtors' bankruptcy proceeding.  Lamour asks for disclosures in the 2019 Motion and for

copies of "bonds and oaths of office" in the Bonds Motion, yet her motions do not describe a

---

[5]Bankruptcy Code §1109(b) provides:
A party in interest, including the debtor, the trustee, a creditors' committee, an equity
security holders' committee, a creditor, an equity security holder, or any indenture
trustee, may raise and may appear and be heard on any issue in a case under this chapter.
11 U.S.C. §1109(b).

[6]In *Global Indus.*, the Third Circuit adopted the Seventh Circuit's "party in interest" test as set
forth in *James Wilson.  Global Indus.*, 645 F.3d at 210-11.

specific injury that could be redressed by a favorable decision in the bankruptcy case.[7]

Lamour's claim against the Debtors' bankruptcy estate was disallowed and, therefore, she is not

a party with standing under Bankruptcy Code §1109.

Conclusion

 For the reasons set forth above, I conclude that Lamour lacks standing to bring the 2019

Motion and the Bonds Motion and, therefore, it is hereby **ORDERED** that the 2019 Motion and

the Bonds Motion are hereby **DISMISSED.**


BY THE COURT:

_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE


Dated:  May 16, 2012

cc: Alan M. Root, Esquire[8]

---

[7]Even if Lamour had standing to assert her 2019 Motion, it would be denied for the same reasons that a similar motion was denied at a hearing on April 25, 2012 (*see* Order dated May 8, 2012, docket no. 10882), at which time I determined that Fed.R.Bankr.P. 2019 is not applicable to the Liquidating Trustee or the Plan Advisory Committee established by the Modified Plan.

[8]Counsel shall serve a copy of this Order and Memorandum upon all interested parties and file a Certificate of Service with the Court.