**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.* [1] | : | Case  No. 07-10416 (KJC) |
| Debtors | : | (Re: docket no. 10932) |

**MEMORANDUM ORDER DENYING**
**SECOND DISCLOSURE MOTION BY ANNETTE LAMOUR**

On June 8, 2012, Annette Lamour filed a document with the Court that was entitled "2nd

Motion Demand for Validation of Subscribed Oaths of Office and Bonds for all Public and

Private Officials (All Official Identifying Oaths and Bonds for Counselors, the Trustee and the

Judge Carey) Per Title 28 U.S.C. §453, U.S.C. 5 §3331, The Delaware Constitution IV (to be

Submitted with 3 days of Court Receipt 5PM; Challenge Jurisdiction of the Court (Federal Rules

of Civil Procedure 60); Motion to Subpoena the Records, Contracts, Purchase and Sale of the

Lamour Property; 2nd Motion to Invoke the Rule 2019" (D.I. 10932)(the "Second Disclosure

Motion").  On July 5, 2012, the Trustee for New Century Liquidating Trust filed an objection to

the Second Disclosure Motion, and the matter was taken under advisement.[2]

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52).  New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007.  The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2]On November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") (D.I. 9905).  The Modified Plan adopted, ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1, 2008, which created the Trust and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

Background

Ms. Lamour has initiated other contested matters before the Court in the Debtors'
bankruptcy case. The first matter involved Ms. Lamour's proof of claim. On September 8,
2011, Ms. Lamour filed proof of claim number 4134 (the "Claim") against debtor New Century
Mortgage Corporation ("NCMC"), which attached a motion to consider the proof of claim timely
filed (D.I. 10662) (the "Claim Litigation"). The Trustee filed an objection to Ms. Lamour's
motion (D.I. 10613).[3] An evidentiary hearing for the Claim Litigation was scheduled for March
1, 2012, and, after Ms. Lamour failed to appear in person, rescheduled for April 12, 2012. On
March 6, 2012, the Court entered an Order scheduling the Claim Litigation on a "must be tried"
basis and ordering that Ms. Lamour appear in court personally on April 12, 2012 (Docket no.
10804). After Ms. Lamour failed to appear on April 12, 2012, without explanation (either before
or after the scheduled hearing), the Court entered an Order dated April 23, 2012 denying the
motion to consider Ms. Lamour's claim timely filed and disallowing and expunging the Claim.
(Docket No. 10861). No appeal was taken from the April 23, 2012 Order.

After filing the Claim, Ms. Lamour filed the first request for disclosures under
Fed.R.Bankr.P. 2019 and a separate request for "bonds and oaths of office" ( the "First
Disclosure Motions").[4] By Memorandum and Order dated May 16, 2012 (D.I. 10887) (the "May
16, 2012 Order"), the First Disclosure Motions were denied on the grounds that Ms. Lamour

---

[3]Pursuant to an Order dated June 28, 2007, the general bar date for filing proofs of claim in the
Debtors' case was August 31, 2007. (D.I. 1721).

[4]The Motion to Invoke the Application of the New Rule 2019 of Federal Bankruptcy Procedures
(D.I. 10781) (the "2019 Motion") was filed on February 29, 2012. The Motion for Bonds and Oaths of
Office of Public and Private Officials and Counselors (D.I. 10851) (the "Bonds Motion") was filed on
April 20, 2012. The Trustee filed objections to both motions (D.I. 10843, D.I. 10885).

lacked standing to pursue the First Disclosure Motions. Ms. Lamour did not appeal the May 16, 2012 Order, but on June 8, 2012, Ms. Lamour filed the Second Disclosure Motion, which seeks the same relief as the First Disclosure Motions, and adds an "objection to jurisdiction" and a "motion to subpoena" certain documents.  Ms. Lamour claims that her requests in the First Disclosure Motions were "unanswered by this court" and that the First Disclosure Motions were not addressed by the Court at the May 23, 2012 omnibus hearing.

Discussion

1.      Second Demand for Oaths of Office and Bonds and Second Demand for disclosure under Rule 2019.

Ms. Lamour seeks identical relief as that requested in the First Disclosure Motions that were denied by May 16, 2012 Order.  She asserts that the matter should have been addressed at the May 23, 2012 hearing, but the order denying the relief was entered prior to that hearing.

If the Second Disclosure Motion is treated as a motion for reconsideration of the May 16, 2012 Order pursuant to Federal Rule of Civil Procedure 59(e), made applicable here pursuant to Fed.R.Bankr.P. 9023, it is untimely.  Rule 9023 provides that a "motion   . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of the judgment."   The Second Disclosure Motion was filed twenty-three days after entry of the May 16, 2012 Order.

Furthermore, a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 59(e) motion should not be used as a means to reargue matters already argued and disposed of by prior rulings, or to put forward additional arguments which a party could have made, but neglected to make, before judgment.

*Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa. 1992) citing *Davis v. Lukhard*, 106

F.R.D. 317, 318 (E.D. Va. 1984) *judgment vacated on other grounds* 788 F.2d 973 (4th Cir.

1986).   Ms. Lamour has not provided any grounds, nor do I perceive any basis, to reconsider the

conclusions in the May 16, 2012 Order.

      Ms. Lamour also fails to assert adequate grounds for relief from the May 16, 2012 Order

under Rule 60.  Federal Rule of Bankruptcy Procedure 9024, which incorporates Fed.R.Civ.P. 60

(with specific exceptions not applicable here), provides in pertinent part:

(b)     **Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)      the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Ms. Lamour has not provided any reason that justifies granting relief from

the May 16, 2012 Order.  In that order, I concluded that Ms. Lamour did not have standing to

assert her requests for relief because the claim she asserted against the Debtors was disallowed.

She is not a creditor of the Debtors.  Her First Disclosure Motions did not describe any specific

injury for which she is entitled to redress in this bankruptcy case.  Her Second Disclosure

Motion simply repeats the first request with no new information.

2.     <u>Objection to Jurisdiction</u>

      In the Second Disclosure Motion, Ms. Lamour also "challenges" this Court's jurisdiction

to consider the Claim Litigation, which resulted in the disallowance of her claim. Ms. Lamour's

request is made pursuant to Rule 60, made applicable hereto by Fed.R.Bank.P. 9024.[5]  The Court

had jurisdiction to consider allowance of her Claim.  First, the Third Circuit has previously

recognized that a party filing a proof of claim submits to the Bankruptcy Court's jurisdiction,

although the Bankruptcy Court may not have exclusive jurisdiction over all aspects of the claim.

*In re Mystic Tank Lines Corp.,* 544 F.3d 524, 528 (3d Cir. 2008).  Moreover, the Claim

Litigation before this Court was a core proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C.

§157(a), (b)(1) and (b)(2)(B).  The Third Circuit Court of Appeals has decided that:

> In order to evaluate whether a claim is "core," a court must first look to the
> illustrative list of "core" proceedings found in §157(b)(2).  It must then conduct
> this Court's two-step test, according to which a claim will be deemed core "if (1)
> it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that
> by its nature, could arise only in the context of a bankruptcy case."

*In re Exide Tech.*, 544 F.3d 196, 206 (3d Cir. 2008) citing *Halper v. Halper*, 164 F.3d 830, 836

(3d Cir. 1999). In the Claim Litigation, the specific issue before the Court was whether Ms.

Lamour's late-filed proof claim should be considered timely.  Issues regarding allowance of a

claim that was filed after the proof of claim bar date, by their nature, could arise only in the

context of a bankruptcy case.  Accordingly, I conclude that this Court had jurisdiction to

consider the Claim Litigation and to enter a final order with respect thereto.


3.      Motion to Subpoena Documents

        Ms. Lamour's discovery request is not related to any ongoing litigation.  The Claim

---

[5]Bankruptcy Rule 9024 provides that a motion for "reconsideration of any order allowing or
disallowing a claim against the estate entered without a contest is not subject to the one year limitation
prescribed in Rule 60(c)."  Fed.R.Bank.P. 9024.  Ms. Lamour's challenge to jurisdiction was timely filed
within 46 days of the Order disallowing her claim.

Litigation is complete.[6]  For the same reasons stated in the May 16, 2012 Order, I conclude that

Ms. Lamour lacks standing to bring this request.

For the foregoing reasons, it is **ORDERED** that the Second Disclosure Motion is

**DENIED.**

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: April 30, 2013

cc: Alan M. Root, Esquire[7]

---

[6]In his objection, the Trustee asserts that he previously provided Ms. Lamour with substantial documentation about her loan with the Debtors, including, without limitation, the Debtors loan file. (D.I. 10958, p. 9, n.5).

[7]Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a Certificate of Service with the Court.