### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.*[1] | : | Case No. 07-10416 (KJC) |
| Debtors | : | (Re: D.I. 10883 ) |

### MEMORANDUM DENYING
### <u>MOTION BY HELEN GALOPE TO IMPEACH/REMOVE TRUSTEE[2]</u>

## BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Currently before the Court is a Motion To Impeach/Remove The Trustee (the "Removal Motion") (D.I. 10883), filed by Helen Galope. The New Century Liquidating Trust, by and through Alan M. Jacobs, as the Liquidating Trustee, filed an objection to the Removal Motion (D.I. 10955). An evidentiary hearing on the Removal Motion was held on June 20, 2013. For the reasons set forth below, the Removal Motion will be denied.

<u>Background</u>

On April 2, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. By order dated June 28, 2007 (the "Bar Date Order"), this Court established August 31, 2007 as the deadline for filing proofs of claim in the chapter 11 case (the "Bar Date") (D.I. 1721).

On November 20, 2009, the Court entered an Order confirming the Modified Second

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2]This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(A).

Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") (D.I. 9905, D.I. 9957).[3]
The Modified Plan adopted, ratified and confirmed the New Century Liquidating Trust
Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust (the
"Trust") and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust
and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

(a)    *Galope Claim Litigation*

On or about July 29, 2011, Helen Galope filed proof of claim number 4131 in the amount
of $350,000 (secured) plus unliquidated amounts (the "Galope Claim").  On August 26, 2011,
the Trustee filed an objection to the Galope Claim on the grounds that it was a late claim, filed
almost four years after the Bar Date.[4]  Ms. Galope filed a response in opposition to the Trustee's
Claim Objection.  An evidentiary hearing was held on December 13, 2011 to consider only the
issues related to the late filing of the claim and not the underlying merits of the Galope Claim.[5]

---

[3]This Court entered an Order Confirming the Second Amended Joint Chapter 11 Plan of
Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008
(the "Original Confirmation Order") on July 15, 2008 (D.I. 8596), which became effective on August 1,
2008. An appeal was taken and, on July 16, 2009, the United States District Court for the District of
Delaware issued a Memorandum Opinion reversing the Original Confirmation Order.  On July 27, 2009,
the Bankruptcy Court entered the Order Granting Motion of the Trustee for an Order Preserving the
Status Quo Including Maintenance of Alan M. Jacobs as Liquidating Trustee, Plan Administrator and
Sole Officer and Director of the Debtors, Pending Entry of a Final Order Consistent with the District
Court's Memorandum Opinion (the "Status Quo Order")(D.I. 9750).

[4]*See* The New Century Liquidating Trust's Forty-Second Omnibus Objection to Claims Pursuant
to 11 U.S.C. §502(b) and Fed.R.Bankr.P. 3001 and 3007 and Local Rule 3007-1 [Non-Substantive] (D.I.
10562) (the "Claim Objection").

[5]On December 6, 2011, Ms. Galope filed an adversary proceeding against Debtors New Century
TRS Holdings, Inc., New Century Mortgage Corporation and NC Capital Corporation alleging the
following claims:  (1) Fraud at Loan Origination, (2) TILA Violation, (3) Intentional Misrepresentation,
(4) Fraudulent Conveyance, (5) Civil Conspiracy v. Homeowners, (6) Civil Conspiracy - Preferential
Treatment Accorded Banks, (7) REMIC Fraud and Tax Evasion, (8) Fraudulent Misrepresentation, (9)
Unjust Enrichment, (10) Fraud by Omission & Inducement,  (11) Deceit & Concealment of Assets, (12)
Breach of the Deed of Trust, (13) Breach of Good Faith & Fair Dealing, and (14) Quiet Title. (the "First

(*See* Scheduling Order, D.I. 10593). At the December 13, 2011 evidentiary hearing, the Trust

presented evidence and testimony of the Trustee and former lead counsel for the Debtors in

support of its arguments that the Galope Claim should be disallowed as late-filed.  Ms. Galope

also presented evidence and cross-examined the Trustee's witnesses.

On February 7, 2012, this Court issued a Memorandum and Order  (docket nos. 10725

and 10726) (the "February 7 Decision") sustaining the Trustee's Claim Objection and

disallowing and expunging the Galope Claim.[6]  Ms. Galope's Motion for Reconsideration of the

February 7 Decision (D.I. 10742) was denied by Memorandum and Order dated May 17, 2012

(D.I. 10890).  Ms. Galope has filed a Second Motion for Reconsideration based upon the

decision issued by the Third Circuit Court of Appeals on May 18, 2012: *Wright v. Owens*

*Corning*, 679 F.3d 101 (3d Cir. 2012).  Oral argument on Ms. Galope's Second Motion for

Reconsideration was also held on June 20, 2013 and the matter is currently under advisement.

    (b)    *The Removal Motion*

In the Removal Motion, Ms. Galope sets forth a number of arguments for removing the

---

Adversary Proceeding") (*See* Adv. No. 11-53893, Adv. D.I. 1). Ms. Galope filed a motion for voluntary
dismissal of the First Adversary Proceeding on August 4, 2012 (Adv. D.I. 20) and the adversary case was
dismissed by Order dated August 27, 2012 (Adv. D.I. 23).  On October 23, 2012, Ms. Galope moved to
reopen the adversary proceeding, which was denied by Order dated April 16, 2013, (Adv. D.I. 30),
because Ms. Galope had, by then, filed a second adversary proceeding asserting similar causes of action
on November 19, 2012 (Adv. No. 12-51000).  The Trustee filed a motion to dismiss the second adversary
proceeding, which is currently under advisement.

[6]More particularly, the February 7 Decision determined that (i) the Galope Claim is a pre-petition
claim subject to the Bar Date, (ii) Galope was an unknown creditor at the time the Bar Date Notice was
being served and was entitled only to constructive notice by publication, (iii) the Debtors' publication of
the Bar Date Notice in the national edition of *The Wall Street Journal*, supplemented with notice in *The
Orange County Register*, was constitutionally adequate for unknown creditors, and (iv) Galope was not
entitled to relief from the Bar Date for excusable neglect based upon consideration of the factors set forth
in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74
(1993).

Trustee that may be summarized as follows:

(1)     Ms. Galope argues that the Trustee's counsel wrongfully included a retention of jurisdiction provision in the proposed order denying Ms. Galope's "Motion to Invoke the Application of New Rule 2019 of the Federal Bankruptcy Procedures" (the "Rule 2019 Motion") prepared at the request of the Court at the hearing on April 25, 2012 and signed by the Court on May 8, 2012 (*see* D.I. 10882);

(2)     Ms. Galope argues that the Trustee lacks disinterestedness because he appointed counsel that previously worked for the Committee of Unsecured Creditors, demonstrating that the Trustee and his counsel are "beholden" to large bank creditors;

(3)     Ms. Galope characterizes the Trustee's testimony at the evidentiary hearing on the objection to her claim as "hearsay" and "perjury" because she claims he did not provide evidence of a "true sale" of her loan;

(4)     Ms. Galope argues that an article written by Trustee's counsel in 2002 regarding "special purpose vehicles" demonstrates his acceptance of deceitful transfers of property by a debtor, thereby requiring Trustee's counsel to discontinue representation of the Trust and disgorge his fees;

(5)     Ms. Galope argues that the Trustee wrongfully refuses to recognize the borrowers' "secured priority claims" and wrongfully characterizes the borrowers' claims arising from the Debtor's predatory lending practices as pre-petition claims, which has led to a "mass stealing of properties" through foreclosure;[7]

(6)     Ms. Galope argues that the Trustee has wrongfully refused to bring actions to avoid the Debtors' sale of mortgage loans as preferential transfers under Bankruptcy Code §547(b) or as fraudulent transfers under §548;

(7)     Ms. Galope argues that the Trust was structured "in DECEIT" to avoid disclosure requirements of Bankruptcy Rule 2019;

(8)     Ms. Galope argues that the Trust has wrongfully paid excessive fees to his counsel, including a "year end bonus," and she argues that the Trust could save money by paying Borrower Claims rather than objecting to and litigating those claims;

---

[7]Ms. Galope does not define the term "borrowers" as used in her Removal Motion, but I understand the term to refer to a number of people who have filed proofs of claim (usually after the Bar Date) asserting claims against the Debtors based upon pre-petition loan transactions in which the claimants borrowed funds from a Debtor entity secured by a mortgage lien against their residence or other real property (hereinafter, the "Borrowers" or the "Borrowers Claims").

(9)     Ms. Galope argues that the Trust has not been supervised by the Office of the United States Trustee; and

(10)    Ms. Galope argues that the Trustee and his counsel have violated provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure.

(c)     *The Removal Motion Hearing*

Hearing on the Removal Motion was held on June 20, 2013 (the "Hearing").  Ms. Galope appeared telephonically at the Hearing.[8]   However, prior to the Hearing, she submitted proposed exhibits to the Trustee, which exhibits were admitted into evidence at the Hearing without objection and consist of:

(1)     Selected pages of the Disclosure Statement for the Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009 (D.I. 9931);

(2)      Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 entered in an unrelated bankruptcy case filed by American Home Mortgage Holdings, Inc. (Case No. 07-11047, D.I. 7042) assigned to my colleague, Judge Sontchi;

(3)     Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 for American Home Mortgage Holdings, Inc. (Case No. 07-11047, D.I. 6627);

(4)     Tenth Monthly Application of Hahn & Hessen LLP, Co-Counsel for the Official Committee of Unsecured Creditors For the Period May 1, 2008 through May 31, 2008 in the bankruptcy case for American Home Mortgage Holdings, Inc. (Case No. 07-11047, D.I. 6660);

(5)     Interim Servicing Agreement between Sutton Funding LLC (Purchaser) and New Century Mortgage Corporation (Interim Servicer) dated as of January 1, 2006;

---

[8] The Order dated April 29, 2013 scheduling the Hearing provided, in pertinent part, that "Ms. Galope may appear by telephone to present legal argument on the Removal Motion . . . however, Ms. Galope and any party who wishes to testify, examine any witness, or present other evidence in connection with the Removal Motion . . . must appear **in person** at the June 20, 2013 hearing." (D.I. 11149) (emphasis in original).

    (6)      Letter to NC Capital Corporation from Barclays Bank PLC dated January 18, 2007 regarding an agreement to purchase residential mortgage loans, with the bid letter attached as Exhibit A;

    (7)      Amended and Restated Mortgage Loan Purchase Agreement between Sutton Funding LLC (Purchaser) and NC Capital Corporation (Seller) dated as of June 1, 2006, with exhibits, and Amendment No. 1 dated December 28, 2006; and

    (8)      NC Capital Corporation Settlement Notification dated February 28, 2007 for Investor (Buyer) Barclays, with attached (redacted) loan schedule [showing Ms. Galope's loan as one of the loans sold];

Also, just prior to the Hearing, Ms. Galope had certain documents hand-delivered to the Court and marked as Ex. A, which included pages already provided to the Trustee and admitted into evidence (described in items (6) and (8) above).[9]

The Trust presented testimony of the Trustee, Alan M. Jacobs, at the Hearing, along with the following documentary evidence, which was admitted into evidence without objection:

    (1)      Modified Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of September 30, 2009 (D.I. 9905);

    (2)      Order Confirming The Modified Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (D.I. 9957); and

    (3)      New Century Liquidating Trust Agreement filed on April 24, 2008 (D.I. 6414).

Discussion

Alan M. Jacobs was duly appointed as Trustee for the New Century Liquidating Trust pursuant to the terms of the Original Plan (D.I. 6412) and the Original Confirmation Order  (D.I. 8596).  Although the Original Confirmation Order was reversed by the District Court on July 16,

---

[9]The extra "Exhibit A" hand-delivered to the Court prior to the hearing included pages identified with bates stamp numbers 000376-000382; 000472-000473, 000486-000489, 000502-000505.

2009, the authority of the Liquidating Trustee over the Liquidating Trust assets was preserved by

the Status Quo Order dated July 27, 2009 (D.I. 9750). Mr. Jacobs' appointment as Liquidating

Trustee as of the Original Effective Date [August 1, 2008] was adopted, ratified and confirmed

by the Order confirming the Modified Plan (D.I. 9957, ¶22).  The Order confirming the Modified

Plan further provided:

> The Liquidating Trustee has been deemed, pursuant to various orders of this
> Court, and shall continue to be deemed the Estates' representative effective as of
> the Original Effective Date . . . in accordance with the provisions of the
> Bankruptcy Code, including but not limited to section 1123 of the Bankruptcy
> Code and shall have all powers, authority, and responsibilities specified in the
> Modified Plan and the Liquidating Trust Agreement, including, without
> limitation, the powers of a trustee under sections 704, 108 and 1106 of the
> Bankruptcy Code and Rule 2004 of the Bankruptcy Rules (including without
> limitation, commencing, prosecuting or settling Causes of Action, enforcing
> contracts, and asserting claims, defenses, offsets and privileges), to the extent not
> inconsistent with the status of the Liquidating Trust as a liquidating trust within
> the meaning of Treasury Regulations 301.7701-4(d) for federal income tax
> purposes."

(D.I. 9957, ¶23).  The documents granting and defining the Trustee's duties and powers also

provide the Plan Advisory Committee with the authority to remove the Trustee. The Order

confirming the Modified Plan identifies the five members of the Plan Advisory Committee:

Credit Suisse First Boston Mortgage Capital LLC; Deutsche Bank National Trust Co.; Fidelity

National Information Services, Inc.; Kodiak Funding, L.P., and Residential Funding Company,

LLC.  (D.I. 9957, ¶36).  The Order confirming the Modified Plan also provides that the

"Liquidating Trustee may be removed or replaced at any time by the Plan Advisory Committee

in accordance with the procedures in the Liquidating Trust Agreement."  (D.I. 9957, ¶28). The

New Century Liquidating Trust Agreement provides that "[t]he Liquidating Trustee may be

removed with or without cause, at any time, by supermajority vote of the Plan Advisory

Committee."[10]  (D.I. 6414-1, §6.1).  Thus, the confirmed Modified Plan and the Liquidating

Trust Agreement provide for removal only by the Plan Advisory Committee.

Ms. Galope does not specify a Bankruptcy Code section or Bankruptcy Rule as the basis

for her Removal Motion, but she argues that the misconduct alleged in the Removal Motion

provides sufficient reason to remove the Trustee. The Trustee's objection to the Removal Motion

discusses, among other things, Bankruptcy Code §324, which provides that "[t]he court, after

notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner,

for cause."  11 U.S.C. §324(a).  It is questionable whether §324 applies to a post-confirmation

liquidating trustee appointed pursuant to a plan or trust agreement, but I will assume for the

limited purpose of this decision - - without deciding - - that §324 does apply here, Ms. Galope

has not demonstrated cause for removal of the Trustee.

"Cause" for removal of a trustee is not defined by the Bankruptcy Code, but must be

determined on a case-by-case basis. *Livore v. John W. Hargrave and Assoc.,* No. 08-32423,

2010 WL 1849322, *2 (Bankr.D.N.J. May 6, 2010) citing *In re Reed*, 178 B.R. 817, 821

(Bankr.D.Ariz. 1995).   "Cause has been found to exist, *inter alia*, where the trustee is not

disinterested, fails to perform his or her duties, unreasonably delays in the performance of those

duties, or violates the fiduciary duty to the estate." *Id.*  citing *In re Lundborg*, 110 B.R. 106, 108

(Bankr.D.Conn. 1990) (collecting cases).  "The party seeking removal of a trustee must also

prove actual injury or fraud."  *Id.* citing *In re Martin,* 817 F.2d 175, 181 (1ˢᵗ Cir. 1987)

("Horrible imaginings alone cannot be allowed to carry the day.").

---

[10]The Liquidating Trust Agreement goes on to define "supermajority" as "one less than the then
existing number of Plan Advisory Committee members."  (D.I. 6414-1, §6.1).

Ms. Galope has not proven any claim of Trustee misconduct. To begin, her allegations related to the inclusion of a retention of jurisdiction provision in the proposed order on her Rule 2019 Motion do not demonstrate bad faith or any actual injury as a result of that provision. This ubiquitous language provides that future disputes in connection with the Order may be brought before the Bankruptcy Court; it does not limit Ms. Galope's ability to file further motions or appeals.

Ms. Galope also asserts that the Trustee's failure to recognize the Borrowers' Claims arising from the Debtors' predatory lending practices has allowed a "mass stealing of properties" through foreclosure. This assertion fails to reveal any connection between the Trustee's claim objections and any injuries to the Borrowers' caused by third parties' state court foreclosure of properties. There is no evidence that either the Debtors, the Trustee, or any estate representative has filed any action in foreclosure. There is no evidence in this record showing that the Trustee's actions or inaction caused actual injuries related to third party foreclosure actions or involved any fraud.[11]  Similarly, Ms. Galope failed to prove any fraud or actual injury arising from her

---

[11]The Trustee testified credibly that he has provided all Borrowers who requested information about the sale or transfer of their loans to third parties with all information in his possession regarding their loan files, including information about the sales. (Tr. at 33-34). I have repeatedly noted that Ms. Galope, and other Borrowers, are not content with information about the Debtors' sale of their loans, but instead seek remedies involving third parties who are not before this Court. In *In re New Century TRS Holdings, Inc.,* 465 B.R. 38,53 n.12 (Bankr.D.Del. 2012), I wrote:

> As I said in the *Carr* decision (*Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.),* Adv. No. 09-52251, 2011 WL 6097910, *3 (Bankr.D.Del. Dec. 7, 2011)), the Trustee claims no interest in this or other similar loans, long since either transferred, sold or repossessed by non-debtor counter-parties. Apart from the payment of money damages, the remedies that Ms. Galope and others similarly situated truly seek, are the rescission of their mortgage loans and/or the right to remain in or regain title to and/or possession of their residences.
>
> If a final judgment has been entered in state court foreclosure proceedings, the *Rooker-Feldman* doctrine prevents this Court from determining that a state court judgment was erroneously entered or taking action to render a state court judgment

assertion that the United States Trustee has not supervised the Trust's operations (even if accepted as true).

Moreover, I note that nothing in this record supports Ms. Galope's claim that an article written in 2002 by the Trustee's counsel regarding the use of bankruptcy remote special purpose vehicles provides any foundation for establishing fraud in connection with this case or otherwise.

Ms. Galope's assertion that the Trustee should be removed for statements that were "hearsay" or "perjury" at the December 13, 2011 evidentiary hearing on the objection to her claim also do not provide any basis for removal of the Trustee.  To the extent Ms. Galope believed the Trustee's testimony to be inadmissible hearsay, she had an opportunity to object to the testimony on those grounds at the hearing, which would have enabled the Trustee to respond. Furthermore, even if the Trustee offered hearsay testimony at the claim objection hearing, such testimony does not provide "cause" for removal.   *See In re Reed*, 178 B.R. 817, 821

---

ineffectual.  *See Edwards v. New Century Mortgage Corp. (In re New Century TRS Holdings, Inc.)*, 423 B.R. 467, 472 (Bankr.D.Del. 2010) citing *Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009).  The remedies for claimants seeking more than monetary damages do not lie with this Court, but elsewhere - - most likely, in a court with jurisdiction over those parties who currently claim rights pursuant to various loan documents.  *Id.  See also White*, 450 B.R. at 510, in which I determined that this Court "is without subject matter jurisdiction to order rescission or cancellation of the Mortgage Loan, now  held by an unrelated third party. Moreover, any modification or adjustment to the Mortgage Loan would have no effect or impact on the Debtors' estate or the Liquidating Trust."  *See Scott v. Aegis Mortgage Corp. (In re Aegis Mortgage Corp.)*, 2008 WL 2150120, *5 (Bankr.D.Del. May 22, 2008) (A declaration as to the rights of parties under a mortgage that was transferred prior to the bankruptcy filing will not alter the debtors' rights, liabilities, options or freedom of action because the debtors are no longer a party to it.). *See also In re Resorts Int'l, Inc.*, 372 F.3d 154, 168-69 (3d Cir. 2004)(Post-confirmation, a bankruptcy court's jurisdiction is limited to matters in which "there is a close nexus to the bankruptcy plan or a proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement.").

(Bankr.D.Ariz. 1995) (noting, in part, that cause for removal requires something of a substantial

nature directly affecting the rights and interests of the public.).  Ms. Galope's allegations of

hearsay affect potentially only her own interests, not that of any creditor or the estate.  Moreover,

Ms. Galope has provided absolutely no evidence to support her inflammatory and baseless

allegations that the Trustee has perjured himself in his testimony.  Instead, the documentary

evidence provided by Ms. Galope supports the veracity of the Trustee's statements regarding the

Debtors' sale of Ms. Galope's loan.  (*See* Galope's exhibits, item (8), NC Capital Corporation

Settlement Notification dated February 28, 2007 for  Investor (Buyer) Barclays, with attached

(redacted) loan schedule).

Ms. Galope also argues that the Trustee lacks disinterestedness.  The Bankruptcy Code

provides that a "disinterested person" means a person that:

(A)     is not a creditor, an equity security holder, or an insider;

(B)     is not and was not, within 2 years before the date of the filing of the petition, a
director, officer or employee of the debtor; and

(C)     does not have an interest materially adverse to the interest of the estate or of any
class of creditors or equity security holders, by reason of any direct or indirect
relationship to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. §101(14).[12]  Ms. Galope contends that the Trustee and his counsel have an interest

adverse to the Borrowers.  She claims that the Trustee hired counsel who previously represented

the Committee of Unsecured  Creditors, which consisted mostly of large banks, who hold an

anti-Borrower bias. She asserts that this adverse interest is shown by the Trustee's objections to

the Borrowers' Claims and refusal to create a fund to pay those claims.

The Order confirming the Modified Plan invested the Trustee with all powers included in

---

[12]I am uncertain that a post-effective date liquidating trustee is subject to the "disinterestedness"
requirement of the Bankruptcy Code (*see* 11 U.S.C. §§ 327, 328), but again will assume for the limited
purpose of this decision - - without deciding - - that it applies here.

Bankruptcy Code §704 and §1106 (D.I. 9957, ¶23), which includes the obligation "to examine

proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C.

§704(a)(5).  The Rules of Bankruptcy Procedure set forth the procedure for objecting to claims

if, for among other reasons, the claim is not timely filed.  *See, e.g.,* Fed.R.Bankr.P. 3007(d)(4).

The Trustee has filed numerous objections to claims in this case, including objections to the late-

filed claims by Borrowers, conduct wholly in accordance with his duties and obligations as a

trustee.[13]

      The Trustee was not and is not a creditor, equity security holder or insider of the Debtors.

(Tr. at 27-28).   The Trust, however, requires the Trustee to report to and, on occasion, seek

approval of certain actions from the Plan Advisory Committee, which is comprised of creditors

of the Debtors.  (Tr. at 28-29).  Ms. Galope provides no evidence to support her allegation that

the Trust was structured in a deceitful manner to avoid disclosure requirements when, in fact, the

members of the Plan Advisory Committee were disclosed in the Order confirming the Modified

Plan.  The creditors of New Century voted in favor of a plan that created the Liquidating Trust to

liquidate and distribute the Debtors' assets for their benefit.  It is neither unusual nor

inappropriate for creditor representatives to retain supervision of this process. The Plan Advisory

Committee has not prevented the Trustee from diligently and successfully carrying out his duties

and obligations.  His efforts have enabled him to complete three distributions to unsecured

creditors in the aggregate amount of approximately $225 million.  (Tr. at 33).   I cannot conclude

that the Plan Advisory Committee's oversight creates any conflict of interest or manifests an

---

[13]The objection to Ms. Galope's claim was included in the Trust's *Forty-Second* Omnibus
Objection to Claims.  The Trustee's many claim objections included objections to all sorts of claims and
clearly were not targeted solely to Borrowers' Claims.

adverse interest toward a particular group of claimants. Ms. Galope has not provided any evidence to support her allegation that the Trustee is not disinterested.

Ms. Galope also seeks the Trustee's removal based on his failure to pursue actions to avoid the Debtors' sale of mortgage loans as preferential transfers under Bankruptcy Code §547(b) or as fraudulent transfers under Bankruptcy Code §548.   The Trustee testified that he investigated potential causes of action belonging to the estate and pursued over 200 actions, resulting in judgments and settlements of between $75 and $85 million.  (Tr. at 25-26).  The Trustee also testified that he considered actions against creditors that had purchased loans from the Debtors, but elected not to pursue those claims based on his evaluation of the entities' defenses and his determination that such claims would not be beneficial to the estate.  (Tr. at 26).

A bankruptcy trustee's decision is reviewed, typically, under a business judgment standard and I will apply this standard to the Liquidating Trustee.  *Livore*, 2010 WL 1849322 at *2 ("[A] trustee is protected by the business judgment rule, and cause for removal will only be found where the trustee acts in bad faith or unreasonably under the circumstances.").  As further explained in a leading treatise:

> A Chapter 7 trustee is given a substantial degree of discretion in deciding how to administer the bankruptcy estate and his or her actions are governed by the business judgment standard.  Therefore, a trustee will not be removed for mistakes in judgment where the judgment is discretionary and reasonable under the circumstances.  Nor is a trustee required to prosecute every cause of action belonging to the estate.  Courts should consider the best interests of the estate, rather than those of a single complaining creditor when determining whether to remove a trustee.

3 Collier On Bankruptcy ¶324.02[3] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).  There is no basis in this record for concluding that the estate would benefit from avoidance of the Debtors' sale of loans.  Correspondingly, there is no basis for concluding that the Trustee acted

unreasonably or in bad faith in deciding not to pursue preferential or fraudulent avoidance actions with respect to the Debtors' sale of loans.

Ms. Galope also contends that the Trustee should be removed for paying excessive fees to his counsel.   Paragraph 41 of the Order confirming the Modified Plan (D.I. 9957) provides that the Trustee may hire professionals:

> as necessary or desirable to carry out the obligations of the Liquidating Trustee hereunder and under the Liquidating Trust Agreement.  More specifically, the Liquidating Trustee may retain counsel in any matter related to its administration, including counsel that has acted as counsel for the Debtors, the Committee, or any of the individual members of the Committee in the Chapter 11 Cases.

(D.I. 9957, ¶41).  The Order also requires the Plan Advisory Committee to approve in advance the Liquidating Trustee's retention of professionals and compensation arrangements.[14]  (*Id.*).  At the hearing, the Trustee testified he developed a budget for counsel and would review monthly invoices from counsel to determine if the actual invoices were in line with the budget.  (Tr. at 31).  The Trustee also provided notice of the monthly invoices to the Plan Advisory Committee.  (*Id.*).  If the Trustee or the Committee had any concerns or comments about the reasonableness of counsel's monthly fees, the parties would meet to address those concerns.  (*Id.* at 31-32).  The Trustee testified that all fees paid to the Trust's professionals have been reasonable.  (*Id.*).

The Trustee's counsel has been working to assist the Trustee in performing his duties since August 2008.  While Ms. Galope objects to the amount of fees paid to the Trustee's counsel, the fee amounts must be viewed in light of the number of hours spent and the amount of funds collected by the Trust and distributed to creditors.  On this record, there is no evidence to

---

[14]I note that, as is typical, the Order confirming the Modified Plan provides that the Trustee may pay post-effective date fees to professionals without application to or review by the Court.  (D.I. 9957, ¶41).

14

support a conclusion that the Trustee's counsels' fees were unreasonable or excessive.

<u>Conclusion</u>

For the reasons set forth above, I conclude that there is no evidence in this record to support a finding that any action of the Trustee was unreasonable, unethical, in violation of the Bankruptcy Code or Bankruptcy Rules, or unauthorized by the Liquidating Trust Agreement and related documents.  The record does not establish any cause for removal of the Trustee.  The Removal Motion will be denied.  An appropriate Order follows.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: July 9, 2013