**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.*[1] | : | Case No. 07-10416 (KJC) |
| Debtors | : | (Re: D.I. 11165 ) |

**MEMORANDUM ORDER DENYING MOTION FOR ORDER
APPOINTING AN OFFICIAL COMMITTEE OF BORROWERS
PURSUANT TO 11 USC §1102(a)(2)**[2]

## BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

More than six years after commencement of this chapter 11 proceeding, more than three

years after confirmation of a chapter 11 plan, and after the United States Trustee ("UST") denied

her request to appoint a "borrowers committee," Helen Galope filed a "Motion for Order

Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the

Bankruptcy Code" on May 20, 2013 (D.I. 11165) (the "Borrowers Committee Motion").[3]   The

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52).  New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007.  The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2]This Memorandum Order constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. §1334 and §157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A).

[3]Anita B. Carr and Leslie Patrice Barnes Marks filed joinders to the Borrowers Committee Motion (D.I. 11176 and D.I. 11188).  However, because their claims have been settled and paid, neither Ms. Carr nor Ms. Marks has standing to be heard on this matter. *In re New Century TRS Holdings, Inc.*, 2012 WL 1744740 (Bankr. D.Del. May 16, 2012) (motion by *pro se* litigant, whose claim had been disallowed and expunged, was denied for lack of standing).  *See also Marks v. New Century TRS Holdings, Inc.*, 2011 WL 1811050 (Bankr. D.Del. May 10, 2011) *reconsid. denied* 2011 WL 6097982 (Bankr. D.Del. Dec. 7, 2011) (denying Marks' motion to stay dismissal of her adversary proceeding based on her claim that the Trustee violated the settlement agreement).  *See also Carr v. New Century TRS*

(continued...)

UST and Alan M. Jacobs, as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee"), filed objections to the Borrowers Committee Motion.  (D.I. 11172 and D.I. 11174).  Ms. Galope filed a response to the objections. (D.I. 11178).  A hearing on the Borrowers Committee Motion was held on June 20, 2013.

In her Motion, Ms. Galope asks this Court to appoint a committee to represent the interests of a specific class of creditors - - the "Borrowers."[4] Ms. Galope argues that the Borrowers each hold "secured senior priority claims, superior over all unsecured creditors."[5] (Motion, p. 2).[6]  She asserts that the Liquidating Trust is managed by the Plan Advisory Committee, which is comprised of former members of the Official Committee of Unsecured Creditors, and consists of large, institutional creditors who do not and cannot represent the

_____

[3](...continued)
*Holdings, Inc.,* 2011 WL 1792544 (Bankr.D.Del. May 10, 2011) *reconsid. denied* 2011 WL 6097910 (Bankr. D.Del. Dec. 7, 2011) *second reconsid. denied* 2012 WL 38974 (Bankr.D.Del. Jan. 9, 2012) *aff'd* 2013 WL 1196605 (D.Del. Mar. 25, 2013) *reconsider. denied* 2013 WL 1680472 (D.Del. April 17, 2013) (denying Carr's motion to stay dismissal of her adversary proceeding based on her claim that the Trustee obtained the settlement by fraudulent inducement).
    In her response, the UST notes that Ms. Galope's claim was disallowed by this Court. (UST Response, D.I. 11172, ¶9, n.1). Ms. Galope's first and second motions for reconsideration of the disallowance of her claim have both been denied.  At the time of the hearing on the Borrowers Committee Motion, her Second Motion for Reconsideration was still pending.

[4]Although not specifically defined in the pleadings, I understand that the term "borrowers," as used by the parties, refers to individuals who assert claims against the Debtors based upon pre-petition loan transactions in which those individuals borrowed funds from a Debtor entity secured by a mortgage lien against their residence or other real property (the "Borrowers").

[5]Ms. Galope does not provide any evidence to support her assertion that the Borrower's claims are secured or entitled to priority under the Bankruptcy Code. Neither can the Court fathom how such claims would be entitled to either status.

[6]In the Borrowers Committee Motion, Ms. Galope also raises issues concerning disclosure, conflicts, and excessive fees with respect to the Plan Advisory Committee and counsel for the Liquidating Trust.  These issues were addressed in the Memorandum and Order denying Ms. Galope's Motion for Removal of the Trustee dated July 9, 2013.  (D.I. 11204, D.I. 11205).

interests of the Borrowers.  She also asserts that a Borrowers Committee is needed because a

number of Borrowers, including Ms. Galope, are asserting claims against the Debtors *pro se*:

> without proper representation, armed with limited resources, (SOME HAVE ALREADY
> LOST HOMES), uneducated on the applicable laws and rules of filing, and are, therefore
> helpless against the super lawyer caliber of Hahn & Hessen and Blank Rome, Counsels
> for the Trustee.

(Motion, p. 4).   She also offers the names of four individuals to be the members of the

Borrowers Committee and proposes that counsel who is currently representing her in a state

court action be appointed to represent the Borrowers Committee.  (Motion, p. 7).

The UST and the Trustee object to the Borrowers Committee Motion due to, among other

reasons, the timing and the purpose of proposed committee.  They argue that it is too late in the

bankruptcy case to appoint an additional committee and, further, that it is inappropriate to

appoint a committee for the purpose of representing individual creditors in litigation to support

allowance of their individual claims.


Background

This bankruptcy case began on April 2, 2007, when the Debtors filed voluntary chapter

11 bankruptcy petitions.  On April 9, 2007, the UST appointed the Official Committee of

Unsecured Creditors (the "Official Committee"), consisting of seven members: Credit-Based

Asset Servicing and Securitization LLC; Residential Funding Company, LLC; Credit Suisse

First Boston Mortgage Capital LLC; Deutsche Bank National Trust Co.; Wells Fargo Bank,

N.A., as Indenture Trustee; Fidelity National Information Services, Inc.; and Maguire Properties

- Park Place, LLC.  (D.I. 143).

On November 20, 2009, the Court entered an Order confirming the Modified Second

Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") (D.I. 9905, D.I. 9957).[7]

The Modified Plan ratified and reaffirmed the automatic dissolution of the Official Committee

on August 1, 2008, the Original Effective Date. (D.I. 9957, ¶18). The Modified Plan adopted,

ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1,

2008, which created the New Century Liquidating Trust (the "Trust") and appointed the Trustee.

(*Id.*, ¶20). The actions of the Trustee in performing his duties require the consent of and

consultation with the Plan Advisory Committee. (*Id.*, ¶29). The Plan Advisory Committee was

appointed on the Original Effective Date and consisted of five members: Credit Suisse First

Boston Mortgage Capital LLC; Deutsche Bank National Trust Co.; Fidelity National Information

Services, Inc., Kodiak Funding, LP; and Residential Funding Company, LLC. (*Id.*, ¶36). The

holders of unsecured claims are the sole beneficiaries of the Trust. (*Id.*, ¶19).


Discussion

    Bankruptcy Code §1102(a)(2) provides that "[o]n request of a party in interest, the court

may order the appointment of additional committees of creditors . . . if necessary to assure

adequate representation of creditors." 11 U.S.C. §1102(a)(2). "Appointment of an additional

Committee is an extraordinary remedy that courts are reluctant to grant." *In re Residential*

---

[7]This Court entered an Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Original Confirmation Order") on July 15, 2008 (D.I. 8596), which became effective on August 1, 2008 (the "Original Effective Date"). An appeal was taken and, on July 16, 2009, the United States District Court for the District of Delaware issued a Memorandum Opinion reversing the Original Confirmation Order. On July 27, 2009, the Bankruptcy Court entered the Order Granting Motion of the Trustee for an Order Preserving the Status Quo Including Maintenance of Alan M. Jacobs as Liquidating Trustee, Plan Administrator and Sole Officer and Director of the Debtors, Pending Entry of a Final Order Consistent with the District Court's Memorandum Opinion (the "Status Quo Order") (D.I. 9750).

*Capital, LLC,* 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012) citing *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006). *See also In re Sharon Steel Corp.,* 100 B.R. 767, 778 (Bankr. W.D.Pa. 1989) (a single committee for unsecured creditors is the norm and appointment of additional committees is an extraordinary remedy).[8]

"Bankruptcy Courts have discretion to examine the circumstances on a case-by-case basis to determine if additional committees are warranted." *Dana,* 344 B.R. at 38 citing *In re Enron Corp.,* 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002). When analyzing a request for an additional committee, some courts apply a two-part test: first, whether the appointment of an additional committee is necessary to assure that the movants are adequately represented; and second, whether the court should exercise its discretion and order the appointment. *In re Garden Ridge Corp.,* No. 04-10324, 2005 WL 523129, * 2 (Bankr. D.Del. Mar. 2, 2005) citing *Enron*, 279 B.R. at 685.

To support her argument for appointment of a Borrowers Committee, Ms. Galope relies on the American Home Mortgage Holdings, Inc. (case no. 07-11047) ("AHMH"), as an example of a chapter 11 bankruptcy case in which a borrowers committee was appointed. The motion for appointment of a borrowers committee occurred much earlier in the AHMH case (just over one year after the chapter 11 petitions were filed, and prior to the expiration of the extended period during which AHMH had an exclusive right to file a chapter 11 plan). After granting the motion to appoint a borrowers committee, the AHMH Court entered an order limiting the scope of the

---

[8]Indeed, in her response, the UST points out that, "[o]ther than as provided in the terms of a confirmed plan, the appointment of a committee post-confirmation in a liquidating Chapter 11 case appears to be without precedent." (UST Response, D.I. 11172, ¶12). Query whether, under such circumstances, appointment of a committee would ever be appropriate? I need not, however, answer that inquiry.

borrowers committee's participation to "matters concerning the Plan and Disclosure Statement, seeking stay relief on behalf of all borrowers in connection with foreclosure actions, and issues relating to the appointment of the Borrowers Committee and administrative matters incidental to the foregoing." *See* AHMH Disclosure Statement, p. 29 (D.I. 6627, filed on November 25, 2008,).  The AHMH borrowers committee also sent informal document requests to AHMH's counsel.  *Id.*

    A Borrowers Committee is not necessary to provide similar services in this case because (i) the time is long past for any committee to negotiate the plan, which has long since been confirmed; (ii) the Court granted limited stay relief with the "Amended Order Terminating The Automatic Stay Under Section 362(a) Of The Bankruptcy Code To Permit The Commencement Or Continuation Of Any Act To Exercise Any Rights And Remedies Upon Interests In Real Property" (D.I. 8892) (which granted stay relief to allow litigants to add the Debtors as nominal parties in foreclosure actions related to the Debtors' interest in real property, but did not include the right to assert actions against the Debtors for monetary damages), and (iii) the Trustee has responded to the Borrowers' document requests pursuant to the "Order Authorizing the Immediate Abandonment and Destruction of Certain Mortgage Loan Files and Non-Mortgage Loan Business Files" (D.I. 11102), dated March 15, 2013.

    Ms. Galope argues that the Borrowers were not represented by the Official Committee and are not currently represented by the Plan Advisory Committee.  An official committee of unsecured creditors has a duty to represent all general unsecured creditors, to the extent they have general unsecured claims. *Garden Ridge*, 2005 WL 523129, *3.  "The chief purpose of an official committee is to maximize distribution to this class."  *Id.  See also Residential Capital*,

480 B.R. at 559 ("[A]dequate representation does not require proportionate representation of distinct groups of creditors on a committee of unsecured creditors.  The determinative factor is whether the official committee is serving their interests as unsecured creditors.").  To the extent a Borrower has an allowed unsecured claim against the Debtors, those interests are represented and there is no need for an additional committee.

Even if I were to conclude (and I do not conclude) that the Borrowers were not adequately represented by the Official Committee or the Plan Advisory Committee, I would not exercise discretion to appoint a Borrowers Committee at this late stage in the bankruptcy case. In deciding whether to exercise discretion, a court may consider: (1) the cost associated with the appointment; (2) the time of the application; (3) the potential for added complexity; and (4) the presence of other avenues for creditor participation. *Garden Ridge*, 2005 WL 523129, *2 citing *Enron*, 279 B.R. at 685.

Of particular concern in this case is the timing of this request.  The Borrowers Committee Motion was filed six years after the Debtors' voluntary petitions were filed and more than three years after confirmation of the Modified Plan.  The Trustee asserts that he has "liquidated substantially all of the assets, resolved nearly all the more than 4,100 claims filed in these chapter 11 cases, and made three (3) interim distributions to creditors."  (Trustee Objection, p. 9; *see also* Tr. 6/20/2013 at 22:13 - 23:25,  32:22 - 33:10).  At this point in the case, it is well past the time to perform those duties that are typical for an official committee. *See* 11 U.S.C. §1103(c).[9] Other courts have denied requests for appointment of an official committee when the

---

[9]Section 1103(c) provides:
(c)      A committee appointed under section 1102 of this title may  –
         (1)      consult with the trustee or debtor in possession concerning the administration of the case;
(continued...)

request was made after a plan had been negotiated and filed.  *See In re eToys, Inc.*, 331 B.R. 176,

186 (Bankr. D.Del. 2005) (denying a post-confirmation motion for appointment of an equity

committee "because it will provide no benefit to the estate and is simply too late" when the

interests of the equity holders were extinguished by the plan); *Matter of Kalvar Microfilm, Inc.,*

195 B.R. 599, 601 (Bankr. D.Del. 1996) (denying a motion to appoint an equity committee after

the plan had been negotiated and filed, deciding that the only remaining purpose of an equity

committee would be to object to confirmation and litigate valuation issues), *Sharon Steel*, 100

B.R. at 779 ("The appointment of an additional committee at this point in the reorganization

would not vindicate a prime function of a committee, to wit, assistance in the formulation of a

plan of reorganization.").

Ms. Galope's request may be viewed as seeking a Borrowers Committee to "perform

such other services as are in the interest of those represented."  11 U.S.C. §1103(c)(5).  At the

hearing on the Borrowers Committee Motion, Ms. Galope stated that the purpose of a Borrowers

Committee would be to investigate and obtain "disclosures" regarding the Debtors' sale or

transfer of the Borrowers' loans.  (Tr. 6/20/13 at 70:4 - 70:9).[10]  This stated purpose serves only

---

[9](...continued)

    (2)     investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

    (3)     participate in the formulation of a plan, advise those represented by such committee of such committee's determinations as to any plan formulated, and collect and file with the court acceptances or rejections of a plan;

    (4)     request the appointment of a trustee or examiner under section 1104 of this title; and

    (5)     perform such other services as are in the interest of those represented.

11 U.S.C. §1103.

[10]This particular objective for a Borrowers Committee would be duplicative of relief already granted in this case.  The "Order Authorizing the Immediate Abandonment and Destruction of Certain Mortgage Loan Files and Non-Mortgage Loan Business Files" (D.I. 11102), dated March 15, 2013,

(continued...)

individual Borrowers and does nothing to further the administration of the case.  "[F]orming a

Borrowers Committee solely to advance individual borrowers' claims is not appropriate, because

acting as *de facto* counsel for borrowers would be an impermissible role for an official

committee." *Residential Capital*, 480 B.R. at 558-59 citing *Mirant Americas Energy Marketing,*

*L.P. v. Off'l Comm. Of Unsecured Creditors of Enron Corp.*, No. 02-civ-6274, 2003 WL

22327118, *6 (S.D.N.Y. Oct. 10, 2003) ("The principal purpose of creditors' committees is not to

advocate any particular creditor class's agenda, but rather to 'strike a proper balance between the

parties such that an effective and viable reorganization of the debtor may be accomplished.'"),

and *Garden Ridge*, 2005 WL 523129 (declining to appoint an official committee of landlords

because an "Official Committee is simply not intended to represent individual creditor

interests.").

At this point in the proceeding, the relief sought by the Borrowers in the New Century

bankruptcy case is related solely to their individual claims and interests.  To the extent they have

standing to do so, the Borrowers may continue to pursue that relief, either *pro se* or with counsel,

without the need for a Borrowers Committee.[11]


Conclusion

---

[10](...continued)
provided that (to the extent the Trustee had not previously done so), the Trustee is required to provide all
"Objectors" (which includes Ms. Galope and other Borrowers) with any files in the Trustee's possession
concerning or related to the mortgage loan originated to the Objectors.

[11]I note that the Borrowers have repeatedly demonstrated their ability, even without
representation, to assert their claims vigorously.

For the reasons set forth above, it is hereby **ORDERED** that the Borrower Committee

Motion is **DENIED**.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: September 26, 2013

cc: Alan M. Root, Esquire[12]

---

[12]Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a
Certificate of Service with the Court.