UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | CHAPTER 11 |
|  | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: |  |  |
| *et al.*[1] | : | Case No. 07-10416 (KJC) |
| Debtors | : | (Re: D.I. 11216) |

## MEMORANDUM ORDER DENYING MOTION TO STRIKE[2]

**BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

On May 8, 2012, Helen Galope filed a motion that, among other relief, asked the Court to "Impeach/Remove the Trustee" (D.I. 10883) (the "Original Motion"). On July 9, 2013, this Court entered the Memorandum and Order Denying the Motion by Helen Galope to Impeach/Remove Trustee (D.I. 11204, D.I. 11205) (the "Removal Decision"). On August 1, 2013, Ms. Galope filed a Motion to Strike (D.I. 11216), asking the Court to strike the following finding in the Removal Decision:

> Instead, the documentary evidence provided by Ms. Galope supports the veracity of the Trustee's statements regarding the Debtors' sale of Ms. Galope's loan. (*See* Galope's exhibits, item (8), NC Capital Corporation Settlement Notification dated February 28, 2007 for Investor (Buyer) Barclays, with attached (redacted) loan schedule).

(D.I. 11204, p. 11). Ms. Galope argues that the Court failed to consider her argument that the

---

[1] The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2] This Memorandum Order constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. § 1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A).

exhibit, which she moved into evidence, was part of the documents provided to her by the Trustee that, she argued, were "fabricated, . . . unverifiable and **bear no semblance of authenticity nor truthfulness.**." (Motion to Strike, p. 2) (emphasis in original).

The New Century Liquidating Trust, by and through Alan M. Jacobs, Liquidating Trustee (the "Trustee") objects to the Motion to Strike (D.I. 11230).

Ms. Galope does not cite to any authority as the basis for her Motion to Strike, but I will construe it liberally as a motion for reconsideration, which may be filed pursuant to Fed.R.Civ.P. 59(e), made applicable hereto by Fed.R.Bankr.P. 9023, or Fed.R.Civ.P. 60(b), made applicable hereto by Fed.R.Bankr.P. 9024. *See Edwards v. Phelps,* No. 08-117, 2012 WL 626265, *1 (D.Del. Feb. 27, 2012).[3]

A Rule 60(b) motion permits a party to seek relief from a final judgment or order under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *Id.* citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.E.2d 480 (2005). The *Edwards* Court also noted that:

> A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir. 1987).

*Id.*

A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

---

[3] Ms. Galope's motion is timely under either rule. A motion for reconsideration under Fed.R.Civ.P. 59(e) must be filed no later 28 days after entry of the judgment. A motion for relief from a judgment or order under Fed.R.Civ.P. 60(b) must be made within a reasonable time after entry of the judgment or order.

correct a clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Motion to Strike fails, whether it is considered as a request for relief based upon a mistake under Rule 60(b), or a motion to alter or amend a judgment to correct an error of law or prevent manifest injustice under Rule 59(e). Ms. Galope does nothing more than reiterate the same arguments raised in her Original Motion and her disagreement with the Court's conclusions. "It is improper for the moving party to 'ask the court to rethink what it has already thought through - - rightly or wrongly.'" *Gerasimov v. Caravan Ingredients, Inc.,* No. 2:13-cv-01925, 2013 WL 4487472, *1 (D.N.J. Aug. 20, 2013) quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.,* 744 F.Supp. 1311, 1314 (D.N.J. 1990).

For the reasons set forth above, it is hereby **ORDERED** that the Motion to Strike is **DENIED**.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: September 26, 2013
cc: Alan M. Root, Esquire[4]

---

[4] Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a Certificate of Service with the Court.