UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC,**: | | |
| *et al.*[1] | : | Case  No. 07-10416 (KJC) |
| Debtors | : | (Re: D.I. 11160) |

## MEMORANDUM ORDER DENYING REQUEST BY
## ANITA B. CARR FOR ACCOUNTING AND AFFIDAVIT[2]

## BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Currently before the Court is the "Request for Accounting and Affidavit" (D.I. 11160) (the "Request") filed by Anita B. Carr on May 16, 2013. Alan M. Jacobs, in his capacity as Liquidating Trustee of the New Century Liquidating Trust (the "Trustee"), filed an objection to the Request (D.I. 11202).

Background

In October 2009, Ms. Carr filed an adversary complaint alleging a number of claims against the Debtors arising out of a loan transaction between Ms. Carr and Debtor Home123

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52).  New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007.  The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

[2]This Memorandum Order constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. § 1334 and §157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A).

1

Corporation entered into on or about January 25, 2006. On or about October 5, 2010, the Trustee and Ms. Carr entered into a Settlement Agreement, in which the Trustee agreed to pay a settlement sum of $60,000 "in full and final satisfaction of the Causes of Action and any other claim(s) that [Ms. Carr] may have against the Debtors or the Trust." *See Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.)*, 2011 WL 1792544, *1 (Bankr. D.Del. May 10, 2011).[3] On November 2, 2010, Ms. Carr filed a Notice of Voluntary Dismissal of the adversary proceeding. (Adv. No. 09-52251, D.I. 52). On November 3, 2010, the Adversary Proceeding was closed.

On December 13, 2010, Ms. Carr filed a request to stay dismissal of the adversary proceeding, arguing that she had obtained new evidence demonstrating that the Trustee made false representations to induce her to enter into the Settlement Agreement. On May 10, 2011, this Court issued a Memorandum and Order (the "May 10, 2011 Decision") denying her request to stay dismissal of the adversary proceeding, deciding that "there is no credible evidence of any misrepresentation by the Trustee in the record" and "[t]he record establishes that any claims regarding the validity of the Assignment were known to - - and asserted by - - [Ms. Carr] prior to the signing of the Settlement Agreement and, therefore, were included in the release." *Carr*, 2011 WL 1792544 at *4. Ms. Carr filed two motions for reconsideration of the May 10, 2011 Decision, which were denied. *Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.)*, 2011 WL 6097910 (Bankr. D.Del. Dec. 7, 2011) (denying first motion for reconsideration), 2012 WL 38974 (Bankr. D.Del. Jan. 9, 2012) (denying second motion for

---

[3]The Memorandum was amended by Order dated May 19, 2011, which corrected the amount of the settlement payment from $65,000 to $60,000. (Adv.No. 09-52251, D.I. 80).

reconsideration).  Ms. Carr filed an appeal. The United States District Court for the District of

Delaware affirmed the May 10, 2011 Decision. *Carr v. Jacobs (In re New Century TRS*

*Holdings, Inc.),* 2013 WL 1196605 (D.Del. Mar. 25, 2013) *reconsid. denied* 2013 WL 1680472

(D.Del. Apr. 17, 2013).[4]


Discussion

    Ms. Carr lacks standing to bring her Request.  To appear and be heard in a bankruptcy

case, a party must establish standing under either (i) Article III of the United States Constitution

(which is required for all litigants in all federal cases), or (ii) Bankruptcy Code §1109.[5]  *In re*

*Global Indus. Tech., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011).  The Third Circuit decided that

the boundaries for both Article III standing and standing under the Bankruptcy Code are

coextensive. *Id.* at 211.

    "A party seeking constitutional standing must demonstrate an 'injury in fact' that is

'concrete', 'distinct and palpable', and 'actual or imminent.'" *Id.* at 210 citing *Whitmore v.*

*Arkansas,* 495 U.S. 149, 155., 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).  The Third Circuit

further decided:

> The party must establish that the injury fairly can be traced to the challenged
> action and is likely to be redressed by a favorable decision.  We have noted that

---

[4]Ms. Carr filed an appeal of the orders of the Delaware District Court which is currently pending
before the Third Circuit Court of Appeals.

[5]Bankruptcy Code §1109(b) provides:
A party in interest, including the debtor, the trustee, a creditors' committee, an equity
security holders' committee, a creditor, an equity security holder, or any indenture
trustee, may raise and may appear and be heard on any issue in a case under this chapter.
11 U.S.C. §1109(b).

the contours of the injury-in-fact requirement, while not precisely defined, are very generous. The standard is met as long as the party alleges a specific, identifiable trifle of injury or a personal stake in the outcome of the litigation.

*Id.* at 210 (internal quotations and citations omitted).  Similarly, Bankruptcy Code §1109 grants standing to a "party in interest", which has been described as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *In re James Wilson Associates,* 965 F.2d 160, 169 (7th Cir. 1992).[6]

In her Request, Ms. Carr asks this Court to order the Trustee to provide information related to a "Corporation Assignment Deed of Trust" dated May 22, 2007, which falls after the filing of the Debtors' chapter 11 bankruptcy petitions.  This Court has already decided that Ms. Carr's claims regarding the assignment of the deed of trust were released in her settlement with the Trustee.  Ms. Carr's claims against the Debtors' estate and the Liquidating Trust were settled and paid.  She has no injury that can be addressed in this bankruptcy case.[6]

[remainder of page intentionally left blank]

---

[6]In *Global Indus.*, the Third Circuit adopted the Seventh Circuit's "party in interest" test as set forth in *James Wilson. Global Indus.*, 645 F.3d at 210-11.

[6]Even if Ms. Carr had standing to assert her Request, it would denied.  Her Request is similar to the Request for Accounting and Affidavit filed by Daneford Wright (D.I. 11156).  Mr. Wright's Request for Accounting and Affidavit was denied by this Court for reasons stated on the record at a hearing on September 12, 2013.  (*See* D.I. 11258).  Ms. Carr's Request would also be denied for the same reasons.

Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the Ms. Carr's Request for

Accounting and Affidavit is **DENIED**.

BY THE COURT:

_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: September 30, 2013

cc: Alan M. Root, Esquire[7]

---

[7]Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a
Certificate of Service with the Court.