UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re  :<br><br>**NEW CENTURY TRS HOLDINGS, INC,**: <br>*et al.*[1]  :<br>  :<br>Debtors  : | CHAPTER 11<br>(Jointly Administered)<br><br>Case No. 07-10416 (BLS)<br>(Re: D.I. 11348) |

MEMORANDUM AND ORDER
DENYING MOTION TO AMEND JUDGMENT[2]

BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

On March 4, 2014, I issued a Memorandum and Order (D.I. 11343 and D.I. 11344) (the "Cromwell Decision") denying the Motion of Kimberly S. Cromwell, *pro se*, to Consider Proof of Claim Timely Filed (D.I. 10113) (the "Claim Motion"). On March 18, 2014, Ms. Cromwell filed a Motion for Amendment of Judgement [*sic*] (D.I. 11348) (the "Motion to Amend"). In the Motion to Amend, Ms. Cromwell requests that this Court reconsider and amend the Cromwell Decision pursuant to Bankruptcy Rule 9023, which incorporates Fed.R.Civ.P. 59(e). The New Century Liquidating Trust (the "Trust"), by and through Alan M. Jacobs, the Liquidating Trustee

---

[1] The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

By Order dated January 31, 2014 (D.I. 11340), this bankruptcy case was reassigned to Judge Brendan Linehan Shannon, although I retained certain matters under advisement for decision, including the Claim Motion (defined below). The Motion for Amendment of Judgment (D.I. 11348) relates directly to my decision on the Claim Motion (D.I. 11343 and D.I. 11344).

[2] This Memorandum constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. §1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A) and (B).

(the "Trustee"), filed an objection to the Motion to Amend (D.I. 11354). For the reasons set forth herein, the Motion to Amend will be **DENIED**.

A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used to reargue the facts or applicable law. *Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington, Inc. (In re Catholic Diocese of Wilmington, Inc.)*, 437 B.R. 488, 490 (Bankr. D. Del. 2010). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992).

In the Cromwell Decision, I determined that Ms. Cromwell was an unknown creditor of the Debtors, entitled only to constructive notice (via publication) of the bar date for filing proofs of claim (the "Bar Date"). Ms. Cromwell submits two letters with her Motion to Amend, which she claims she received from the Trustee *after* the evidentiary hearing on the Claim Motion. Ms. Cromwell argues that the letters establish that she was a known creditor of the Debtors, and therefore entitled to actual notice of the Bar Date. The Trustee objects to the Motion to Amend, arguing that (i) the letters are not "new evidence," since they were available at the time of the evidentiary hearing, and (ii) that, even if considered, the letters do not provide evidence that Ms. Cromwell was a known creditor of the Debtors. I need not determine whether the letters were available prior to the evidentiary hearing because, even after considering the two letters included in the Motion to Amend, I conclude that the letters do not establish that Ms. Cromwell was a

known creditor of the Debtors at the time notice of the Bar Date was served.[3]

<u>The Morgan Stanley Letter</u>

The first letter attached to the Motion to Amend, dated "as of January 27, 2006," is from two Debtors (NC Capital Corporation and New Century Mortgage Corporation) to Morgan Stanley Mortgage Capital, Inc. ("Morgan Stanley"), regarding Morgan Stanley's purchase of certain mortgage loans from NC Capital Corporation (the "Morgan Stanley Letter"). In short, the parties to the Morgan Stanley Letter agreed that the Debtor/Seller would repurchase certain deficient loans, identified on Exhibit A attached to the letter, from Morgan Stanley, unless the Debtor/Seller could cure the deficiency within a 30-day cure period. Ms. Cromwell claims that her loan is identified as a deficient loan on Exhibit A under the heading "Appraisal Kick."

In the Cromwell Decision, I noted that Ms. Cromwell argued that her loan was included in the Debtors' internal reports that identified certain loans with problems, known as "kick-outs" and "scratch and dent pools."[4] I further noted that she produced no evidence to support her assertion. Ms. Cromwell now argues that the Morgan Stanley Letter provides the missing evidence.

---

[3] In his Objection, the Trustee recounted that, pursuant to the Court's direction, the parties engaged in informal discovery in connection with the Claim Motion and exchanged hundreds of pages of documents, including the mortgage loan purchase agreement between Morgan Stanley and NC Capital Corporation. Whether the Morgan Stanley Letter (defined below) was included in that discovery is not clear but, in light of my decision herein, that factual issue need not be resolved.

[4] The Final Report of Michael J. Missal Bankruptcy Court Examiner, February 29, 2008 (D.I. 5518) (the "Examiner's Report") describes "kickouts" as loans that the Debtors sought to sell to investors in the secondary market that were rejected by those investors due to defective appraisals, incorrect credit reports and missing documentation. Examiner Report, p. 109. "Kickouts," and loans with egregious deficiencies (such as non-performing loans or loans that did not comply with New Century's underwriting standards) were then moved into the "scratch and dent" category of New Century's loan inventory. Examiner Report, p. 67.

I previously determined that the Debtors did not associate their "kick-out" reports or "scratch and dent pools" with potential claims by borrowers. *See* Cromwell Decision, at 10-11. Therefore, showing that Ms. Cromwell's loan appeared on a kick-out report does not change the determination that the Debtors were unaware of her potential claims and Ms. Cromwell was an unknown creditor. The Motion to Amend merely repeats her argument that any borrower whose mortgage loan was identified as a "kick-out" was a known creditor of the Debtors. I have already decided that this argument has no merit.

### The April 11, 2006 Letter

The second letter attached to the Motion to Amend is a letter from New Century Mortgage Corporation ("NCMC") to Ms. Cromwell dated April 11, 2006, advising that, in a post-funding review of her mortgage loan, NCMC discovered an error related to the calculation of the monthly payment when there is an interest rate change (the "April 2006 Letter"). It notes that the terms of her loan provided for a 40-year amortization and a 30-year term. The letter states:

> We are, therefore, advising you that we are unilaterally adjusting the terms of the note to provide that on each interest rate change date the principal balance of the loan will be re-amortized over the remaining 40-year amortization period and not over the remaining thirty-year term.

The April 2006 Letter further provides that "[i]f left untouched, you would not enjoy the benefit of a 40-year amortization period" and "[t]his change is being made solely for your benefit." Ms. Cromwell argues that this letter provides evidence that NCMC knew she held claims against the Debtors.

I do not agree that the April 2006 Letter provides evidence that Ms. Cromwell was a

4

known creditor to the Debtors. Rather, the letter shows NCMC's correction of an error a year prior to the bankruptcy filing. The letter does not establish that the Debtors would have reason to believe that Ms. Cromwell held any claim against them at the time of the bankruptcy filing or service of the Bar Date Notice. The April 2006 Letter does not alter my conclusion that Ms. Cromwell's claims were "conjectural" or were claims that "although they could be discovered upon investigation, do not in the due course of business come to knowledge [of the Debtors]." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950).

For the reasons set forth above, the Motion to Amend is **DENIED**.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: May 30, 2014

cc: Alan M. Root, Esquire[5]

---

[5] Counsel shall serve a copy of this Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.