UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | CHAPTER 11 |
| : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | |
| *et al.*[1] : | Case No. 07-10416 (BLS) |
| : | (Re: D.I. 11349) |
| Debtors : | |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR RECONSIDERATION[2]

BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

On March 12, 2014, I issued a Memorandum and Order (D.I. 11345 and D.I. 11346) (the "Russell Decision") granting the New Century Liquidating Trust's objection to the proof of claim filed by Karan J. Russell (D.I. 10562) (the "Claim Objection"). On March 27, 2014, Ms. Russell filed a Motion for Reconsideration (D.I. 11349). In the Motion for Reconsideration, Ms. Russell requests that this Court reconsider the Russell Decision pursuant to Bankruptcy Rule 9023, which incorporates Fed.R.Civ.P. 59(e). The New Century Liquidating Trust (the "Trust"), by and through Alan M. Jacobs, the Liquidating Trustee (the "Trustee"), filed an objection to the

---

[1] The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

By Order dated January 31, 2014 (D.I. 11340), this bankruptcy case was reassigned to Judge Brendan Linehan Shannon, although I retained certain matters under advisement for decision, including the Claim Objection (defined below). The Motion for Reconsideration (D.I. 11349) relates directly to my decision on the Claim Objection (D.I. 11345 and D.I. 11346).

[2] This Memorandum constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. §1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A) and (B).

Motion for Reconsideration (D.I. 11356). For the reasons set forth herein, the Motion for Reconsideration will be **DENIED**.

A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used to reargue the facts or applicable law. *Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington, Inc. (In re Catholic Diocese of Wilmington, Inc.)*, 437 B.R. 488, 490 (Bankr. D. Del. 2010). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992).

In the Russell Decision, I determined that Ms. Russell was an unknown creditor of the Debtors, entitled only to constructive notice (via publication) of the bar date for filing proofs of claim (the "Bar Date"). Ms. Russell submits two documents with her Motion for Reconsideration, which she claims she received from the Trustee *after* the evidentiary hearing on the Claim Objection. The documents appear to be internal records of the Debtors tracking the sale of Ms. Russell's loans, as part of a pool of loans, to different investors (the "Documents"). Ms. Russell argues that the Documents establish that she was a known creditor of the Debtors, and therefore entitled to actual notice of the Bar Date. The Trustee objects to the Motion for Reconsideration, arguing that (i) the Documents are not "new evidence," since they were available to Ms. Russell at the time of the evidentiary hearing, and (ii) that, even if considered,

2

the documents do not provide evidence that Ms. Russell was a known creditor of the Debtors.[3]
I need not determine whether the Documents were available prior to the evidentiary hearing because, even after considering them, I conclude that the Documents do not establish that Ms. Russell was a known creditor of the Debtors at the time notice of the Bar Date was served.

Ms. Russell contends that the Documents establish that her loans were sold and resold and, therefore, must have been identified by the Debtors as deficient loans that were "kick-outs" or included in the "scratch and dent pools."[4] She argues that the Debtors' attempts to sell her loan and the identification of her loan as a "kick-out" show that she was a known creditor of the Debtors. However, I previously determined that the Debtors did not associate their "kick-out" reports or "scratch and dent pools" with potential claims by borrowers. *See, e.g., In re New Century TRS Holdings, Inc.*, 2014 WL 842637, *5 (Bankr.D.Del. Mar. 4, 2014). Therefore, showing that Ms. Russell's loan was identified as a "kick-out" loan or as part of a "scratch and dent pool" does not change the determination that the Debtors were unaware of any potential claims and that Ms. Russell was an unknown creditor.

The Motion for Reconsideration merely repeats the argument that any borrower whose

---

[3]In his Objection, the Trustee argues that the documents were produced to Ms. Russell six months prior to the evidentiary hearing as part of the discovery process conducted pursuant to this Court's scheduling order. The Trustee produced a CD-ROM to Ms. Russell containing copies of the loan origination files for her two loans with the Debtors.

[4]The Final Report of Michael J. Missal Bankruptcy Court Examiner, February 29, 2008 (D.I. 5518) (the "Examiner's Report") describes "kickouts" as loans that the Debtors sought to sell to investors in the secondary market that were rejected by those investors due to defective appraisals, incorrect credit reports and missing documentation. Examiner Report, p. 109. "Kickouts," and loans with egregious deficiencies (such as non-performing loans or loans that did not comply with New Century's underwriting standards) were then moved into the "scratch and dent" category of New Century's loan inventory. Examiner Report, p. 67.

mortgage loan was identified as a "kick-out" was a known creditor of the Debtors. I have already decided that this argument has no merit. The Documents do not alter my conclusion that Ms. Cromwell's claims were "conjectural" or were claims that "although they could be discovered upon investigation, do not in the due course of business come to knowledge [of the Debtors]." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950).

For the reasons set forth above, the Motion for Reconsideration is **DENIED**.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: May 30, 2014

cc: Alan M. Root, Esquire[5]

---

[5]Counsel shall serve a copy of this Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.