IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Bankr. No. 07-10416-BLS |
| a Delaware Corporation, et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| MOLLY S. WHITE and RALPH N. WHITE, | ) | |
| | ) | |
| Appellants, | ) | Civ. No. 13-1719-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN M. JACOBS, as liquidating trustee | ) | |
| of the New Century Liquidating Trust, | ) | |
| | ) | |
| Appellee. | ) | |

Molly S. White and Ralph N. White, Port Orange, Florida. Pro se Appellants.

Bonnie Glantz Fatell and Alan M. Root, Esquires, Blank Rome LLP, Wilmington, Delaware. Counsel for Appellee.

**MEMORANDUM OPINION**

Dated: August 19, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Appellants Molly S. White and Ralph N. White ("White") ("appellants") filed this bankruptcy appeal on October 18, 2013. (D.I. 1) They appear *pro se*. The appeal arises from an order entered by the bankruptcy court on August 30, 2013, that determined debtors complied with the bankruptcy court's order establishing bar dates for filing proofs of claim and approving the form, manner, and sufficiency of the notice as applied to unknown creditors. The court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).

## II. BACKGROUND

Appellants entered into a consumer mortgage loan transaction that closed on or about July 26, 2006. *White v. New Century TRS Holdings, Inc.*, Adv. No. 10-55357-BLS, D.I. 59.[1] In April 2007, New Century TRS Holdings, Inc. ("TRS Holdings") and its affiliates (collectively, "debtors"[2]) filed chapter 11 bankruptcy petitions in the United

---

[1]The lead case (07-10416) and adversary proceeding were originally assigned to United States Bankruptcy Judge Kevin J. Carey. The cases were reassigned to United States Bankruptcy Chief Judge Brendan Linehan Shannon on January 31, 2014. (Bankr. No. 07-10416-BLS, D.I. 11340)

[2]Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort

States Bankruptcy Court for the District of Delaware ("bankruptcy court") in Bankr. No. 07-10416-BLS (the "bankruptcy proceeding"). See In re New Century TRS Holdings, Inc., 407 B.R. 675 (D. Del. 2009). On June 8, 2007, debtors filed a motion pursuant to Fed. R. Bankr. P. 2002, 3003(c)(3), and 9007, asking the bankruptcy court to fix the time within which proofs of claim may be filed ("debtors' bar date motion"). (Bankr. No. 07-10416-BLS at D.I. 1173) On June 28, 2007, the bankruptcy court entered an order (the "bar date order") that established August 31, 2007 at 5:00 p.m. (prevailing Pacific Time) as the deadline for filing proofs of claim in the chapter 11 case (the "bar date"). (Id. at D.I. 1721) On July 9, 2007, debtors' claims and noticing agent, Xroads Case Management Service LLC ("claims agent") filed a declaration of service, stating that it mailed a copy of the notice of bar date (the "bar date notice") and a proof of claim form substantially similar to Official Form No. 10 to "parties listed on the master mailing matrix as set forth on a list maintained by debtors' counsel." (Id. at D.I. 1861) On August 3, 2007, the claims agent filed affidavits of publication stating that the bar date notice was published in the national edition of The Wall Street Journal and The Orange County Register on July 23, 2007. (Id. at D.I. 2148, D.I. 2149)

On November 22, 2008, appellants filed claim 4073, and later, on or about January 21, 2009, they filed claim numbers 4074 and 4080 in debtors' bankruptcy

---

Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited liability partnership. (bankruptcy proceeding, D.I. 8254 at 1 n.1) "Debtors" also include New Century Warehouse Corporation (a/k/a Access Lending), a California corporation, which filed its voluntary chapter 11 petition on August 3, 2007. (Id.)

2

case.³ (Adv. No. 10-55357-BLS, D.I. 59) On November 20, 2009, the bankruptcy court entered an order confirming the modified second amended joint chapter 11 plan of liquidation that adopted, ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation ("Trustee"). (*Id.* at 9905, 9957)

On August 13, 2010, the Trustee filed an objection to appellants' claims on the grounds they lacked merit and were filed after the bar date. (Adv. No. 10-55357-BLS, D.I. 59) On November 10, 2010, appellants filed adversary proceeding *White v. New Century TRS Holdings*, Adv. No. 10-55356-BLS. Disputes regarding appellants' claims and the adversary proceeding complaint were consolidated in a scheduling order that was entered in the adversary proceeding on December 13, 2010. (*Id.* at D.I. 9) On June 7, 2011, the bankruptcy court granted in part and denied in part the Trustee's motion to dismiss appellant's adversary complaint. (*Id.* at D.I. 59, 60) The bankruptcy court stated, "[a]lthough the [d]ebtors arguably complied with the stated minimum requirements of the [b]ar [d]ate [o]rder, without a more fully developed factual record, I am unable to determine whether the publication notice was reasonably calculated to provide notice to consumer mortgagors like the Whites. At this stage in the proceeding, the Trustee has not met his burden of proving that publication in one national edition

---

³The bankruptcy court believes that claim numbers 4074 and 4080 are duplicative of claim number 4073. (Adv. No. 10-55357-BLS, D.I. 59)

3

newspaper and one local newspaper is sufficient to meet due process requirements as applied to the Whites as unknown creditors." (*Id.* at D.I. 59 at 14)

In July 2011, Helen Galope ("Galope") filed proof of claim number 4131, objected to by the Trustee, and an evidentiary hearing was held on December 13, 2011 to determine whether the claim should be disallowed as filed after the claims bar date. (Bankr. No. 07-10416-BLS at D.I. 11256) On February 7, 2012, the bankruptcy court entered a memorandum and order that disallowed and expunged Galope's claim. (*Id.* at 10725, 10726) The February 7, 2012 memorandum and order determined, in part, that debtors' publication of the bar date notice in the national edition of The Wall Street Journal, supplemented with notice in The Orange County Register, was constitutionally adequate for Galope, who was an unknown creditor at the time the bar date notice was served. The bankruptcy court subsequently denied two motions for reconsideration of the February 7, 2012 order filed by Galope. (*Id.* at D.I. 10742, 11256)

On April 2, 2012, the Trustee filed a global constructive notice motion seeking a determination that the debtors had: (1) complied with the requirements of the bankruptcy court's June 28, 2007 order establishing bar dates for filing proofs of claim and approving form, manner and sufficiency of notice; and (2) provided constructive notice of the bar date by publication that satisfied the requirements of due process for all unknown creditors. (*Id.* at D.I. 10824) The Trustee sought an order consistent with the February 7, 2012 Galope decision and first reconsideration order that concluded debtors' publication notice of the bar date complied with the requirements set forth in the bar date order and satisfied the requirements of due process for unknown creditors. On April 18, 2012, appellants (and others) filed an objection to the global constructive

4

notice motion and, on April 20, 2012, the Trustee filed an omnibus reply in further support of the motion and in response to the objections filed by the Whites and other pro se litigants. (*Id.* at D.I. 10841, 10853)

The bankruptcy court held an evidentiary hearing on the matter on May 23, 2012. (*Id.* at 10916) White appeared at the hearing but, due to his scheduled flight home, was unable to fully participate in the hearing. (*Id.* at 10916 at 145). During the hearing, White was told that this was his opportunity to cross-examine witnesses. (*Id.* at 145-46) The matter was taken under advisement and, on August 30, 2013, the bankruptcy court entered an order finding that debtors had complied with the requirements of the bar date order, and that debtors had published the bar date notice in a manner that was "reasonably calculated, under the circumstances, to apprise interested parties nationwide of the bar date and afford them an opportunity to file claims". (*Id.* at D.I. 11233, 11234). The bankruptcy court specifically stated that the memorandum "addresses only the constitutional sufficiency of the publication of the bar date notice as it applies to unknown creditors," that it made no "determination about whether particular creditors were unknown creditors or known creditors entitled to actual notice," that it did not "address whether any particular individual claimants have met the requirements of excusable neglect for a late-filed proof of claim," and that the decision did not "address the merits of any underlying borrower claims." (*Id.* at 11233 at 4-5 n.9, 15) The order is the subject of this appeal.

### III. STANDARD OF REVIEW

In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to

5

that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Fed. R. Bankr. P. 8013.

### IV. ISSUES RAISED ON APPEAL

Appellants raise the following issues for review (D.I. 2):

(1) whether the bankruptcy court abused its discretion by assuming without competent evidentiary support that the publication notice of the bar date placed in the national edition of The Wall Street Journal was in fact distributed nationwide throughout the United States when the declaration of the advertising clerk specifically declares and limits such

6

published and general circulation to (3) three locations, New York, New York, DePage County, Illinois and Dallas, Texas;

(2) whether the bankruptcy court erred in considering the declaration of Suzzanne Uhland ("Uhland") despite contradiction in the declarant's testimony and evidence on record that the declaration was not based on the declarant's personal knowledge;

(3) whether the bankruptcy court misapplied the controlling law in effect pertaining to the claims process and noticing as articulated in *Wright v. Owens Corning*, 679 F.3d 101 (3d Cir. 2012), *cert. denied*, __U.S.__, 133 S.Ct. 1239 (2013);

(4) whether the bankruptcy court erred in permitting and allowing one group of potential unknown creditors to be treated differently as it pertains to the right to receive the bar date notice than another group of potential unknown creditors; and

(5) whether the bankruptcy court abused its discretion to exclude relevant evidence presented at the May 23, 2012 hearing pertinent to the reasonableness of debtors' publication of the bar date notice.

Appellee's counter-statement raises four issues on appeal (D.I. 3):

(1) whether the bankruptcy court made a clear error in its finding in the memorandum and order that the debtors complied with the terms of the bar date order;

(2) whether the bankruptcy court abused its discretion in considering the declaration and testimony of the debtors' former lead counsel in making its determination in the memorandum and order that the debtors considered publications that would provide nationwide notice of the bar date to apprise all interested parties such that constitutional requirements of due process were satisfied;

(3) whether the appellants waived their rights to challenge the bankruptcy court's alleged exclusion of evidence presented at the May 23, 2012 evidentiary hearing where the appellants failed to request the admission of such evidence; and

(4) whether there is a credible challenge to the bankruptcy court's determination in the memorandum and order that the constructive notice of the bar date provided by publication, including the size, placement, and manner thereof, was reasonably calculated, under the circumstances, to apprise all interested parties nationwide such that constitutional requirements of due process were satisfied.

7

## V. DISCUSSION

Appellants raise a number of issues that challenge the ruling of the bankruptcy court on the grounds that the bankruptcy court abused its discretion, erred, and misapplied the law. Appellants contend that they were entitled to receive actual notice of the bar date and, because they were not, they were not afforded due process. That issue, however, is not before the court. As discussed by the bankruptcy court, the August 30, 2013 order was limited solely to the issue of the constitutional sufficiency of the publication of the bar date notice as applied to unknown creditors. No ruling was made on the issue of whether any particular creditors were entitled to receive actual notice. Appellants further contend that the constructive notice was insufficiently published to provide unknown creditors with any meaningful opportunity to participate in debtors' chapter 11 proceedings.

### A. Unknown Creditors and Notice

An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). Notice is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality . . . ." *Mullane,* 339 U.S. at 314. Whether adequate notice has been provided depends on the circumstances of a particular case. *In re Grossman's, Inc.*, 607 F.3d 114, 127 (3d Cir. 2010). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Wright v. Owens Corning,* 679 F.3d at 108 (quoting *Mullane,* 339 U.S. at 314). "Lack or

8

inadequacy of notice of a bankruptcy prevents a claimant from having the opportunity to participate meaningfully in a bankruptcy proceeding to protect his or her claim." *Wright v. Owens Corning*, 679 F.3d at 107 (citing 11 U.S.C. § 342(a) ("There shall be given such notice as is appropriate . . . of an order for relief . . . under [the Bankruptcy Code].")). Inadequate notice accordingly "precludes discharge of a claim in bankruptcy." *Chemetron*, 72 F.3d at 346.

It is well settled that constructive notice of the claims bar date by publication satisfies the requirements of due process for unknown creditors. *Id.* at 348. Publication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially when supplemented with notice in papers of general circulation in locations where the debtor is conducting business. *Id.* at 348; *see also City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best. . . . But when the names, interests and addresses of persons are unknown, plain necessity may cause a resort to publication.").

The bar date order provided for debtors to cause the publication notice to be published once in the national edition of The Wall Street Journal and any such other local publications as debtors deemed appropriate not less than thirty days prior to the general bar date. (Bankr. No. 07-10416-BLS, D.I. 1729 ¶ 18) Debtors published notice of the bar date in The Wall Street Journal and The Orange County Register on July 23, 2007.

### B. Evidence Considered by the Bankruptcy Court

In its August 30, 2013 ruling, the bankruptcy court referred to its prior February 7, 2012 memorandum and order wherein it considered the testimony of Uhland, debtors'

9

former lead counsel, regarding the decision-making behind the publication of the bar date notice with regard to Galope, an unknown creditor, and found the publication in the national edition of The Wall Street Journal supplemented with notice in The Orange County Register passed constitutional muster. (Bankr. No. 07-10416-BLS, D.I. 11233 at 4) In addition, the bankruptcy court considered the May 23, 2012 testimony presented by Uhland as well as a declaration she submitted in support of the bar date motion. That evidence included Uhland's testimony and declaration that notice of the bar date was published in the national edition of The Wall Street Journal because debtors had business operations throughout the United States and publication in a newspaper that was published and available nationwide would provide notice to unknown creditors (whether institutional or individual) as broadly as possible throughout the country. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶¶ 5(b), (d); D.I. 10916 at 59-60, 92-93) Debtors had been doing business throughout the nation and had more than a million borrowers. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶ 5(c)) Debtors determined that The Wall Street Journal was a customary place to publish legal notices and believed it was prudent to publish notice in a newspaper where parties might expect to find a bar date notice. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶ 5(c); D.I. 10916 at 60)

The bar date order required publication in the national edition of The Wall Street Journal and "such local newspapers as the debtors deem appropriate, "and debtors published notice of the bar date in The Orange County Register because debtors' main office was located in the City of Irvine in Orange County, California. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶ 6(a)) A large concentration of debtors' employees were based in Orange County, and debtors were concerned about the potential for unknown claims asserted by former employees affected by debtors' substantial workforce reduction in

10

the weeks and months prior to the bankruptcy filing. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶ 6(a); D.I. 10916 at 60-61) Debtors were aware that The Orange County Register was providing extensive coverage of debtors' bankruptcy, and debtors believed that supplementary notice in the local publication would reach individuals who may have been reading The Orange County Register to keep track of the chapter 11 cases. (*Id.* at D.I. 10825, ex. Uhland decl. at ¶ 6(b))

### C. Analysis

Appellants proceed *pro se* and generally contend, as characterized by appellee in his statement of issues raised on appeal, that the constructive notice of the bar date provided by publication, including the size, placement, and manner thereof, was not reasonably calculated, under the circumstances, to apprise all interested parties nationwide such that constitutional requirements of due process were satisfied. The court starts its analysis with the reminder that the August 30, 2013 memorandum specifically excludes the issues of whether particular creditors were unknown creditors or known creditors entitled to actual notice or whether individual claimants met the requirements for excusable neglect for a late-filed proof of claim. Therefore, those issues will not be addressed on appeal.

With respect to the question of whether the constructive notice provided passes constitutional muster, the court finds no error by the bankruptcy court in its reliance upon Uhland's testimony and declaration to the extent that Uhland explained why The Wall Street Journal and The Orange County Register were chosen as appropriate publications in which to circulate notice of the bar date to unknown claimants. *See In re Myers*, 491 F.3d 120, 126 (3d Cir. 2007) ("The bankruptcy court is best positioned to assess the facts, particularly those related to credibility . . . ."). Given "the due process

11

concern in [*Wright v. Owens Corning*, 679 F.3d 101 (3d Cir 2012)] – that claimants would lose any opportunity for relief without first receiving proper notice," *In re W.R. Grace & Co.*, 729 F.3d 311, 323 (2013), the question remains whether the constructive notice provided in the instant bankruptcy proceeding was sufficient under the law.

As explained above,

> [d]ischarge of the claims of future unknown claimants raises questions regarding due process. Notice is '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." . . . Lack or inadequacy of notice of a bankruptcy prevents a claimant from having the opportunity to participate meaningfully in a bankruptcy to protect his or her claim. . . . Inadequate notice accordingly "precludes discharge of a claim in bankruptcy."

*Wright*, 679 F.3d at 107 (citations omitted). While the Third Circuit generally deems notice by publication in national newspapers sufficient to satisfy the requirements of due process for unknown claimants, "whether adequate notice has been provided depends on the circumstances of a particular case. . . . Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 108 (citations omitted).

Looking to the circumstances in this particular case, the court reiterates the description of the landscape provided by Uhland. Debtors had business operations throughout the United States and had more than a million borrowers. Debtors were concerned about the potential for unknown claims asserted by former employees (unknown employee claims) but apparently did not consider their customers (borrowers) at all in connection with the question of notice.[4]

---

[4]Early in the case, Uhland declared that "the borrowers were not considered a source of potential claims" as debtors did not associate troubled loans with potential

12

In *Wright*, the Third Circuit found debtors' notices "sufficient as to most unknown claimants,"[5] to wit: In November 2001, the bankruptcy court set a claims bar date of April 15, 2002. The bankruptcy court also approved a bar date notice, which was published twice in The New York Times, twice in The Wall Street Journal, and twice in USA Today, among other publications. *Id.* at 103. By comparison, unknown claimants in the instant proceeding were given a mere 39 days' notice by a single publication.[6] That single publication was presented in The Wall Street Journal, certainly a newspaper with a national distribution,[7] but not one - like USA Today - that necessarily enjoys a

---

borrower claims. (Bankr. No. 07-10416-BLS, D.I. 11233 at 14-15) In addition, during the May 23, 2012 hearing, Uhland testified, "we did not consider borrowers to be creditors . . . . We considered the borrowers to be account debtors . . . . And accordingly didn't – wouldn't have considered noticing them generally with the bar date . . . ." (*Id.* at D.I. 10916 at 61-62)

[5]The exceptions being for those persons whose claims were based solely on the retroactive effect of the rule announced in *In re Grossman's, Inc.*, 607 F.3d 113 (3d Cir. 2010), wherein the Third Circuit established that a "'claim' arises when an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code."

[6]In this regard, debtors chose The Orange County Register as the publication most likely to provide notice to their workforce, not to unknown creditors such as the borrowers who apparently resided throughout the United States.

[7]Appellants contend that the bankruptcy court abused its discretion in determining that the evidence supported a finding that the publication notice of the bar date was placed in the national edition of The Wall Street Journal. In the affidavit of Glenn Hellums, Jr. ("Hellums"), advertising clerk of the publisher of The Wall Street Journal, he describes The Wall Street Journal as a daily national newspaper published, and of general circulation, in the City and County of New York, New York; City of Naperville, DuPage County, Illinois; and City and County of Dallas, Texas. (*Id.* at D.I. 2148) With regard to publication of the bar date notice, Hellums' affidavit specifically states that the notice was "regularly published in The Wall Street Journal **for national distribution**" on July 23, 2007. (*Id.*) The bankruptcy court did not abuse its discretion in determining that a notice placed in The Wall Street Journal reached a nationwide audience. *See e.g., In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 112 B.R. 920 (N.D. Ill. 1990) (holding publication notice in the Wall Street Journal adequate under bankruptcy law); *Wright v. Placid Oil Co.*, 107 B.R. 104 (N.D. Tex.1989) (holding

13

broad circulation among less than sophisticated, focused readers. The court concludes that the adequacy of the notice provided in this case has not been meaningfully explored and likely was not reasonably calculated to apprise appellants of the bar date. The court concludes that "[d]ue process affords a re-do" under the circumstances of this case.[8] Id. at 108.

## VI. CONCLUSION

Based on the reasoning above, the bankruptcy court's August 30, 2013 order will be vacated and the matter remanded for further proceedings consistent with this memorandum opinion.[9] An appropriate order shall follow.

---

publication in The Wall Street Journal sufficient notice to unknown creditor injured in Louisiana).

[8] It strikes the court that, when the bar date is set so close to the publication date, debtors have a heavier burden to ensure that notice is widespread.

[9] In this regard, the court finds that the bankruptcy court did not err in excluding the publication Landier, Augustine & Sraer, David & Thesmar, David, 2010. "Going for Broke: New Century Financial Corporation, 2004-2006). The transcript of the May 23, 2012 hearing indicates that the publication was marked as exhibit W-1, and opposing counsel objected on the grounds of hearsay. (Bankr. No. 07-10416-BLS, D.I. 10916 at 130) The bankruptcy court indicated that there might be an exception to hearsay and White was allowed to question Uhland about the publication. (Id. at D.I. 10919 at 127-35) Although the publication was marked as an exhibit, White did not move for its admission into evidence. (Id. at D.I. 10919 at 125-35) Appellants later filed a motion for the bankruptcy court to take judicial notice of the publication. (Id. at D.I. 11011) While appellants contend that the bankruptcy court did not consider the publication, there is no indication from the record that the bankruptcy court did not consider the publication.

14