**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10416 (BLS)<br>(Jointly Administered)<br><br>**Re: Doc. No. 11498** |
| In re:<br><br>NEW CENTURY FINANCIAL CORPORATION, a Maryland corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10417 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NEW CENTURY MORTGAGE CORPORATION, a California corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10419 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NC CAPITAL CORPORATION, a California corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10420 (BLS)<br>(Jointly Administered) |
| In re:<br><br>HOME123 CORPORATION, a California corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10421 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NEW CENTURY CREDIT CORPORATION, a California corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 07-10422 (BLS)<br>(Jointly Administered) |

130566.01600/103324393v.2

| | |
|---|---|
| In re:<br><br>NC ASSET HOLDING, L.P., a Delaware<br>limited partnership,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10423 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NC RESIDUAL III CORPORATION, a<br>Delaware corporation,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10424 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NC RESIDUAL IV CORPORATION, a<br>Delaware corporation,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10425 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NEW CENTURY R.E.O. CORP., a California<br>corporation,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10426 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NEW CENTURY R.E.O. II CORP., a California<br>corporation,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10427 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NEW CENTURY R.E.O. III CORP., a<br>California corporation,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 07-10428 (BLS)<br>(Jointly Administered) |

<div align="center">-2-</div>

| | |
|---|---|
| In re:<br><br>NEW CENTURY MORTGAGE VENTURES,<br>LLC, a Delaware limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10429 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NC DELTEX, LLC, a Delaware limited liability<br>company,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10430 (BLS)<br>(Jointly Administered) |
| In re:<br><br>NCORAL, L.P., a Delaware limited partnership,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10431 (BLS)<br>(Jointly Administered) |

## FINAL DECREE AND ORDER (I) CLOSING THE ABOVE-CAPTIONED CHAPTER 11 CASES, (II) EXTENDING THE TERM OF THE TRUST TO COMPLETE CERTAIN POST-DISTRIBUTION ADMINISTRATIVE TASKS, AND (III) GRANTING RELATED RELIEF

Upon the Motion[1] of Alan M. Jacobs, the Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust (the "Trust"), by and through his co-counsel, Hahn & Hessen LLP and Blank Rome LLP, pursuant to Sections 105(a), 350(a), 363(b)(1) and 554(a) of the Bankruptcy Code, Bankruptcy Rules 3022 and 6007, and Local Rule 3022-1, requesting the entry of an order (a) issuing a final decree closing these Chapter 11 Cases, (b) terminating the engagement of the Claims Agent, (c) authorizing the Trustee to discontinue providing Powers of Attorney, (d) authorizing the release of the Disputed Claim Reserves established for certain disputed claims which have been resolved, (e) approving treatment of Unclaimed Distributions,

-3-

(f) authorizing the disposition of any Residual Funds, (g) authorizing the abandonment of Residual Assets, and (h) extending the term of the Trust to complete certain post-distribution administrative tasks necessary to complete the wind down of the Debtors' estates and administration of the Trust through the earlier of (i) the finalization of the Trustee's liquidation, administration and distribution of remaining assets of the Trust and his full performances of all other duties and functions set forth in the Modified Plan and the Trust Agreement, and (ii) December 31, 2017; and the Court having found that the Trustee has achieved substantial consummation of the Modified Plan; and it appearing that the Debtors' estates have been fully administered; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Trustee has filed the Final Report concerning the period from the Petition Date through August 1, 2016 in accordance with Local Rule 3022-1(c); and consideration of the Motion and the relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice being required; and the Court having found that good and sufficient cause exists for granting the relief requested in the Motion; it is hereby

**ORDERED, DECREED AND ADJUDGED THAT**:

1.      The Motion is GRANTED. All objections to the Motion and the relief requested therein, including the objection of Deatra Dehorney [Docket No. 11506], are hereby overruled on the merits and denied.

2.      The Chapter 11 Cases, as captioned above and listed below, shall be and hereby are closed effective immediately as of the date of the entry of this Order:

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.

-4-

| Case Name | Case Number |
|---|---|
| *In re:* New Century TRS Holdings, Inc. | 07-10416 (BLS) |
| *In re:* New Century Financial Corporation | 07-10417 (BLS) |
| *In re:* New Century Mortgage Corporation | 07-10419 (BLS) |
| *In re:* NC Capital Corporation | 07-10420 (BLS) |
| *In re:* Home123 Corporation | 07-10421 (BLS) |
| *In re:* New Century Credit Corporation | 07-10422 (BLS) |
| *In re:* NC Asset Holding, L.P. | 07-10423 (BLS) |
| *In re:* NC Residual III Corporation | 07-10424 (BLS) |
| *In re:* NC Residual IV Corporation | 07-10425 (BLS) |
| *In re:* New Century R.E.O. Corp. | 07-10426 (BLS) |
| *In re:* New Century R.E.O. II Corp. | 07-10427 (BLS) |
| *In re:* New Century R.E.O. III Corp. | 07-10428 (BLS) |
| *In re:* New Century Mortgage Ventures, LLC | 07-10429 (BLS) |
| *In re:* NC Deltex, LLC | 07-10430 (BLS) |
| *In re:* NCoral, L.P. | 07-10431 (BLS) |

3.　　The Trustee is hereby authorized to discontinue providing Powers of Attorney and is relieved and discharged from any further obligations with respect thereto pursuant to paragraph 69 of the Modified Confirmation Order, Section 15.C of the Modified Plan, or otherwise; provided, that, any Power of Attorney executed by the Debtors or the Trustee prior to the date of entry of this Order shall remain in full force and effect.

4.　　Pursuant to Sections 105(a), 363(b)(1) and 554(a) of the Bankruptcy Code, and the relevant provisions of the Modified Plan and Trust Agreement, the Trustee is hereby authorized to dispose of any Residual Funds that may remain with the Trust or the estates after the final distribution has been made and the post-distribution wind down of the Trust has been completed, provided that such Residual Funds are determined by the Trustee, in his sole and absolute discretion, to be in an amount that is economically burdensome to the Trust to distribute

to holders of allowed claims, by donating such Residual Funds to the charity identified in the Motion or such other charity or charities as the Trustee may choose, without being required to re-open the Chapter 11 Cases or to obtain further order of the Court. In the event that such Residual Funds are in an amount that the Trustee, in his sole and absolute discretion, determines makes economic sense for the Trust to distribute to holders of allowed claims, the Trustee shall distribute such Residual Funds pursuant to the Modified Plan and the Trust Agreement, without being required to re-open the Chapter 11 Cases or to obtain further order of the Court; provided, however, that notwithstanding anything to the contrary in the Modified Plan or the Trust Agreement, the Trustee shall not make any distribution of Residual Funds on account of an allowed claim if the pro rate distribution on such claim would be in an amount less than one hundred ($100) dollars.

5.     The term of the New Century Liquidating Trust is hereby extended from August 1, 2016 through and including the earlier of (i) the finalization of the Trustee's liquidation, administration and distribution of remaining assets of the Trust and his full performances of all other duties and functions set forth in the Modified Plan and the Trust Agreement, and (ii) December 31, 2017. Such extension is without prejudice to the Trust's right to seek a further extension of the Trust termination date by motion on notice to the United States Trustee.

6.     To the extent not previously paid, the outstanding fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid within ten (10) business days of the date of the entry of this Order.

7.     The Trustee is hereby authorized to cancel any outstanding fidelity bonds originated by the Trust pursuant to the terms of the Modified Plan.

8.     The Trustee and the Trust and their employees, professionals and representatives are hereby authorized and directed to take any and all actions necessary or appropriate in connection with the closing of these Chapter 11 Cases in accordance with this Order.

9.     Upon entry of this Order, the Trustee shall be, and hereby is, fully released and discharged of his duties and obligations as Trustee of the Trust other than those duties and obligations relating to the wind down of the Trust and under the Document Destruction Order and this Order (the "Trailing Obligations"), which Trailing Obligations shall terminate, without further Order of the Court, upon termination of the Trust.

10.     The Trustee is hereby discharged from any obligation to maintain the Disputed Claim Reserves and authorized to release the funds held in the Disputed Claim Reserves, which funds shall immediately revert to Liquidating Trust Assets and be available for administration of the Trust and distribution according to the terms of Modified Plan, the Trust Agreement and this Order.

11.     Any holder of an allowed claim which fails to negotiate a distribution check issued in respect of such claim within ninety (90) days of the initial distribution date of such check (such distribution, an "Unclaimed Distribution") shall forfeit all right and entitlement to the Unclaimed Distribution and any future distribution under the Modified Plan with respect to such claim (a "Non-Compliant Claim"). The Non-Compliant Claim shall be deemed disallowed and expunged and all funds held with respect to the Non-Compliant Claim shall funds shall immediately revert to Liquidating Trust Assets and be available for administration of the Trust and distribution according to the terms of Modified Plan, the Trust Agreement and this Order.

130566.01600/103324393v.2

12.    The Trustee is hereby authorized to abandon any assets of the Trust, including, without limitation, the Restitution Awards, which he determines, in his business judgment, to be burdensome or of inconsequential value to the Trust and its beneficiaries, without the need to re-open these Chapter 11 Cases or further order of the Court.

13.    Except as provided herein, the Claims Agent is hereby released as claims and noticing agent for the Debtors' Chapter 11 Cases under Bankruptcy Rule 2002 and 28 U.S.C. § 156(c).

14.    Pursuant to Local Rule 2002-1(f)(ix), within thirty (30) days of entry of this final decree, the Claims Agent shall (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register. The Claims Agent shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

15.    Upon the entry of this final decree, the Claims Agent may destroy any and all physical copies of documents pertaining to the Chapter 11 Cases in its actual or constructive possession, including but not limited to:

    a.    copies of notices, pleadings, plan solicitation documents, customized envelopes or any other printed materials;

    b.    letters, e-mails, facsimiles or other correspondence;

    c.    all undeliverable and/or returned mail; and

    d.    all other materials related to the Chapter 11 Cases; provided, however, that the Claims Agent may not destroy original proofs of claims (which the Claims Agent shall transport in accordance with Local Rule 2002-1(f)(ix)) and original ballots (which the Claims Agent shall maintain for a period of ten (10) years following the Effective Date, after which the ballots may be destroyed).

-8-

16.     Should the Claims Agent receive any mail related to the Chapter 11 Cases after entry of this Order, the Claims Agent shall collect and forward such mail on a monthly basis to the Trustee at the following address:  Alan M. Jacobs, Trustee, c/o AMJ Advisors LLC. 999 Central Avenue, Suite 208, Woodmere, New York 11598.

17.     The services of the Claims Agent are terminated effective thirty (30) days after the entry of this Order.

18.     This Order is without prejudice to any party's right to seek to reopen the Chapter 11 Cases.

19.     This Order is without prejudice to and does not otherwise affect the continuing effect of the Modified Plan and applicable provisions of the Modified Confirmation Order that will survive the closing of the Chapter 11 Cases.

20.     Notwithstanding any stay that might be applicable to this Order, this Order shall be effective and enforceable immediately upon entry hereof.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to (a) the Chapter 11 Cases, as provided for in Article 15 of the Modified Plan, and (b) the implementation, interpretation and enforcement of this Order.

Dated:     Aug 25 , 2016
         Wilmington, Delaware

HONORABLE BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

130566.01600/103324393v.2