IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*, | Case No. 07-10416 (BLS) |
| Debtors.[1] | Re: Docket No. 11548 |

## OBJECTION OF THE FORMER TRUSTEE OF THE NEW CENTURY LIQUIDATING TRUST TO MOTION TO REOPEN CHAPTER 11 CASES [ECF 11548]

Alan M. Jacobs, in his capacity as the former Bankruptcy Court-appointed Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust (the "Trust"), by and through his former co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this objection to the *Motion to Reopen Case # 07-10416 (BLS)* [ECF 11548] (the "Johnson Motion"), filed by Drusella and Jerry Johnson, and, in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Johnson Motion should be denied because it fails to establish any reason, let alone a compelling reason, to warrant reopening these Chapter 11 cases. Contemporaneously with

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

the filing of this objection, the Trustee has filed an objection to the amended motion to reopen of Michael and Candice Lynch [ECF 11553]. The relevant portions of the Trustee's objection to the Lynch motion hereby are incorporated by reference.

## BACKGROUND

2. On April 2, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On April 23, 2008, the Debtors filed the *Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008* (the "Original Plan").

4. On July 15, 2008, the Court entered the order confirming the Original Plan (the "Original Confirmation Order").

5. On August 1, 2008 (the "Original Effective Date"), the Original Plan became effective. Pursuant to the terms of the Original Plan, on the Original Effective Date the *New Century Liquidating Trust Agreement* (the "Trust Agreement") was executed, thereby creating the Trust and appointing Alan M. Jacobs as Trustee of the Trust.

6. On June 16, 2009, the United States District Court for the District of Delaware (the "Delaware District Court") issued a *Memorandum Opinion* and an order reversing the Original Confirmation Order.

7. On September 30, 2009, the Trustee filed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009* (the "Modified Plan").

8. On November 20, 2009, the Court entered an order confirming the Modified Plan.

2

9. On December 1, 2009 (the "Modified Effective Date"), the Modified Plan became effective. On the Modified Effective Date, the Modified Plan, *inter alia*, (a) confirmed that all actions taken by the Trustee subsequent to the Original Effective Date were valid and binding; (b) adopted, ratified and confirmed the formation of the Trust as of the Original Effective Date; (c) adopted, ratified and confirmed the Trust Agreement as of the Original Effective Date; and (d) adopted, ratified and confirmed the appointment of Alan M. Jacobs as Trustee as of the Original Effective Date.

10. On May 18, 2016, the Court entered an order authorizing the Trustee to destroy the Debtors' and Trust's records and documents (collectively, "Records") subject to certain procedures in that order (the "Document Destruction Order").

11. On August 25, 2016, the Court entered a *Final Decree* [ECF 11535] closing these Chapter 11 cases and fully releasing and discharging the Trustee of his duties and obligations as Trustee of the Trust (other than with respect to certain ministerial obligations related to Trust wind down ("Trailing Obligations")). Final Decree, ¶¶ 2, 9. A copy of the Final Decree is annexed hereto as Exhibit 1.

12. By September 30, 2016, the Trust had made a final distribution of the Trust assets [ECF 11539] and completed the disposal of the Records pursuant to the Document Destruction Order.

13. By February 2017, the Trustee had completed the Trailing Obligations and the Trust terminated by operation of its terms and in accordance with the Final Decree.

14. On October 8, 2019, movants filed the Johnson Motion.

**OBJECTION**

15. A bankruptcy case may be reopened only "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The movant "bears the burden of demonstrating circumstances sufficient to justify the reopening of [the] bankruptcy case." *In re Rashid*, Civ. No. 04-1585, 2004 U.S. Dist. LEXIS 25032, at *9 (E.D. Pa. Dec. 13, 2004). Indeed, the "moving party must ordinarily demonstrate that there is a *compelling* cause." *In re Scheib*, 2014 Bankr. LEXIS 3084, at *7 (Bankr. W.D. Pa. July 18, 2014) (emphasis added).

16. "Whether to reopen the case is within the discretion of the Bankruptcy Court." *Rashid*, 2004 U.S. Dist. LEXIS 25032, at *8 (*citing Donaldson v. Bernstein,* 104 F.3d 547, 551 (3d Cir. 1997)). A court should "look beyond the mere reopening of the case if there would be no benefit to the estate to do so." *In re Smith*, 400 B.R. 370, 377 (Bankr. E.D.N.Y. 2009). "Generally, a bankruptcy case should remain closed if no valid purpose would be served if the matter were reopened." *Rashid*, 2004 U.S. Dist. LEXIS 25032, at *10 (*citing In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)).

17. The Johnson Motion is fatally flawed as it fails to set forth any reason, let alone a compelling reason, to reopen these Chapter 11 cases. *See In re Rashid*, at *9; *In re Scheib*, at *7. In the absence of a compelling reason, no valid purpose would be served by reopening these Chapter 11 cases.

18. Further, it has been over three (3) years since the entry of the Final Decree. The Trust's assets and the Records have all been disposed of, the Trustee has been fully released and discharged of his duties and obligations, and the Trust has terminated by operation of law and pursuant to the terms of the Final Decree. The Trustee submits that the substantial passage of time further mitigates against reopening these Chapter 11 cases at this juncture.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court (a) deny the Johnson Motion, and (b) grant such other or further relief that the Court deems just and proper.

Dated:  November 12, 2019    **BLANK ROME LLP**

/s/ Bryan J. Hall
Victoria A. Guilfoyle, Esq. (DE No. 5183)
Bryan J. Hall, Esq. (DE No. 6285)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Jeffrey Zawadzki, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Former Co-Counsel to the Former Trustee of the New Century Liquidating Trust*