## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC, | : | |
| *et al.*, | : | Case No. 07-10416 (BLS) |
| | : | (Re: docket no. 11553) |
| Debtors. | : | |

Michael D. Lynch and
Candence B. Lynch
12860 SW 21st Street
Miami, FL 33175
*Movants*

Victoria A. Guilfoyle, Esquire
Bryan J. Hall, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

Mark S. Indelicato, Esquire
Jeffrey Zawadzki, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

*Co-counsel for the former Trustee of
the New Century Liquidating Trust*

### REISSUED MEMORANDUM ORDER[1]

Before the Court is a motion to reopen the chapter 11 bankruptcy case of New

Century TRS Holdings, Inc.[2] filed by Michael D. and Candence B. Lynch (the

---

[1] This Reissued Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[2] The Amended Motion to Reopen Chapter 11 Bankruptcy Case to Permit the Filing of an Adversarial Complaint Against the New Century Liquidating Trust and Alan M. Jacobs in his Capacity as the Liquidating Trustee of the New Century Liquidating Trust (the "Motion to Reopen") (Docket No. 11553).

"Movants"). After a hearing held on November 19, 2019, and after due deliberation, the Court hereby FINDS and follows:

A.    <u>Background of the Delaware Bankruptcy Case</u>

1.    On April 2, 2007, New Century TRS Holdings, Inc. and related entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in this Court.

2.    On July 15, 2008, the Court entered an order (the "Original Confirmation Order")[3] confirming the Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Original Plan").[4]

3.    On August 1, 2008, the Original Plan became effective and, pursuant to its terms, the New Century Liquidating Trust Agreement was executed, thereby creating the New Century Liquidating Trust (the "NCL Trust") and appointing Alan M. Jacobs as Trustee of the Trust (the "New Century Trustee").[5]

4.    After the United States District Court for the District of Delaware issued an opinion reversing the Original Confirmation Order, on November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan"), which became effective on December 1, 2009.[6]

---

[3] Docket No. 8596.
[4] Docket No. 6412.
[5] Docket No. 8705.
[6] Docket Nos. 9957, 9905, and 9976.

5.    The Modified Plan (i) confirmed that all actions taken by the New Century Trustee subsequent to the Original Effective Date were valid and binding; (ii) adopted, ratified and confirmed the formation of the NCL Trust as of the Original Effective Date; (iii) adopted, ratified and confirmed the Trust Agreement as of the Original Effective Date; and (iv) adopted, ratified and confirmed the appointment of Alan M. Jacobs as trustee of the NCL Trust as of the Original Effective Date.

6.    Paragraph 69 of the Modified Confirmation Order entered in the New Century bankruptcy case provides, in pertinent part:

> General Authority.  [T]he Liquidating Trust . . . shall execute such documents, and take such other actions, as are necessary to effectuate the transactions provided for in this Modified Plan.  Additionally, with respect to mortgage loans purchased from one or more of the Debtors prior to or subsequent to the Petition Date, the Liquidating Trust shall execute, upon written request, and at the expense of the requesting party, any powers of attorney as shall be prepared by the requesting party and reasonably satisfactory to the Liquidating Trustee, as applicable, necessary to fully effectuate the transfer of such loan or otherwise to effect the appropriate transfer of record title or interest in such loan, including, without limitation, any powers of attorney as may be necessary to allow the purchaser of such mortgage loan from such Debtor (including any trustee or servicer on behalf of the purchaser) to complete, execute and deliver, in the name of and on behalf of the applicable Debtor or the Liquidating Trust, any required assignments of mortgage or instruments of satisfaction, discharge or cancellation of mortgages, mortgage notes or other instruments related to such mortgage loan; provided, however, that the party making the requests presents evidence reasonably satisfactory to the Liquidating Trustee, as the case may be, of the validity of the transfer being effectuated and that the loan being transferred was purchased from the applicable Debtor; provided, further, that the Liquidating Trust shall not be liable for the actions of the requesting party under any such powers of attorney . . . .

7.    On May 18, 2016, the Court entered an order authorizing the New Century Trustee to destroy the Debtors' and the NCL Trust's records and documents

(collectively, the "Records") subject to certain procedures in that order (the "Document Destruction Order").[7]

8.    On August 25, 2016, the Court entered a Final Decree closing the chapter 11 cases, discharging the New Century Trustee of his obligations under paragraph 69 of the Modified Confirmation Order, and fully releasing and discharging the New Century Trustee of his duties an obligations as trustee to the NCL Trust (other than certain ministerial obligations related to NCL Trust wind down and Records destruction).[8]

9.    On September 30, 2016, the New Century Trustee made a final distribution of the NCL Trust assets.[9]

B.    Background of the Movants' Loan and the Florida Bankruptcy Case

10.    On or about June 2, 2004, Michael D. Lynch executed a promissory note (the "Note") in favor of New Century Mortgage Corporation ("NCMC") in the principal amount of $224,000 (the "Loan") secured by a mortgage (the "Mortgage") executed by the Movants granting a lien upon real property located in Miami, Florida (the "Real Property").

11.    On July 24, 2012, the Movants filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Case").[10]

---

[7] Docket No. 11486.
[8] Docket No. 11535.
[9] Docket No. 11539.
[10] Case No. 12-27731-AJC.

12.    On February 19, 2013, Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for New Century Home Equity Loan Trust Series 2004-A Asset Backed Pass Through Certificates, Series 2004-A (the "Securitized Trust"), filed a notice of appearance and request for service in the Florida Bankruptcy Case as the secured creditor under the Note and Mortgage.

13.    On February 26, 2013, the Movants filed a motion against Deutsche Bank in the Florida Bankruptcy Case to compel production of the Note, Mortgage and all assignments of the mortgage.[11]  The Motion to Compel was denied by Order dated April 5, 2013.[12]

14.    On October 23, 2014, Movants filed an adversary proceeding against Deutsche Bank, as Trustee for the Securitized Trust, and Ocwen Loan Servicing LLC ("Ocwen") seeking declaratory judgment that Deutsche Bank and Ocwen were not the owners of the Loan and could not enforce it against the Movants (the "Florida Adversary Proceeding").[13]

15.    In the summer of 2016, in accordance with paragraph 69 of the Modified Confirmation Order, and at the request of Deutsche Bank and Ocwen, the NCL Trust, as successor to NCMC: (i)  prepared a "business records" affidavit explaining the sale of the Note and Mortgage (the "Walker Affidavit"),[14] and (ii) executed a Limited

---

[11] Florida Bankruptcy Case, docket no. 85.

[12] Florida Bankruptcy Case, docket no. 112.

[13] Adv. Case No. 14-01786-AJC. *See* Former Trustee Objection (docket no. 11556), Ex. 1.

[14] Former Trustee Objection (docket no. 11556) ("Trustee Obj."), Ex. 2.  The Affidavit provides (among other things) that "[f]ollowing origination of the Loan, NCMC sold the Loan to NC Capital [Corporation], who, in turn, sold the Loan to New Century Mortgage Securities, Inc.  On or about August 4, 2004, the Loan was transferred to, and securitized as part of, the New Century Home Equity Loan Trust, Series 2004-A."  *Id.* at ¶ 7.

Power of Attorney (the "LPOA")[15] appointing Deutsche Bank, as the Securitization Trustee, as NCMC's attorney-in-fact with respect to the mortgage loans originated by NCMC and transferred to, and securitized as part of, the Securitized Trust (including the Movant's Loan) for the limited purpose of, *inter alia*, executing such documentation as necessary to correct or otherwise remedy any errors or deficiencies contained in any documentation prepared or executed by NCMC, and relating to or evidencing the transfer of such mortgage loans.

16.     On February 15, 2017, Deutsche Bank and Ocwen filed a motion for summary judgment in the Florida Adversary Proceeding (the "Summary Judgment Motion"), attaching the Walker Affidavit and an allonge making the Loan payable to the Securitization Trustee that was executed by Deutsche Bank pursuant to the LPOA.

17.     The Movants opposed the Summary Judgment Motion and cross-moved for summary judgment in their favor, arguing, among other things, that the Walker Affidavit and the LPOA were "*void ab initio.*"[16]

18.     By Order dated June 8, 2017, the Florida Bankruptcy Court granted Deutsche Bank and Ocwen's Summary Judgment Motion and denied the Movants' cross-motion for summary judgment.[17]   On November 9, 2017, the United States District Court for the Southern District of Florida (the "Florida District Court") affirmed the Florida Bankruptcy Court's decision,[18] and on November 15, 2018, the

---

[15] Trustee Obj., Ex. 3.
[16] Trustee Obj. Ex. 4 and Ex. 5.
[17] Trustee Obj., Ex. 7.
[18] Trustee Obj., Ex. 11.

United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit Court") affirmed the Florida District Court's decision.[19]  On May 20, 2019, the United States Supreme Court denied the Movants' petition for a writ of certiorari.[20]

C.     The Movants' Motion to Reopen the New Century Bankruptcy Case

19.    On November 7, 2019, the Movants filed the Motion to Reopen for the limited purpose of allowing Movants to file an adversary proceeding against the NCL Trust and  New Century Trustee asserting claims for (i) lack of legal authority, (ii) negligence, (iii) gross negligence, and (iv) intent to defraud in connection with the preparation of the Walker Affidavit and execution of the LPOA, which the Movants assert caused them to suffer injuries.

20.    The New Century Trustee filed an objection to the reopening of the Debtors' chapter 11 bankruptcy cases.

STANDARD

21.    Pursuant to Section 350(b) of the Bankruptcy Code, a bankruptcy court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause."[21]

---

[19] Trustee Obj., Ex. 17.

[20] Trustee Obj., Ex. 24.  The Movants' litigation before the Florida Bankruptcy Court, that was appealed to and heard by the Florida District Court and the Eleventh Circuit Court, along with the petition for writ of certiorari before the United States Supreme Court, is collectively referred to herein as the "Florida Litigation."

[21] 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010.

22.     Whether to reopen the case is within the discretion of the bankruptcy court.[22] "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings."[23]

23.     The Movant bears the burden of demonstrating circumstances sufficient to justify the reopening of the bankruptcy case.[24]  Courts consider a variety of non-exclusive factors when deciding whether to reopen a case, including:

(i)     the length of time that the case was closed;

(ii)    whether a non-bankruptcy forum, such as a state court, has the ability to determine the dispute to be posed by the debtor were the case reopened;

(iii)   whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties;

(iv)    whether any parties would be prejudiced were the case reopened or not reopened;

(v)     the extent of the benefit which the debtor seeks to achieve by reopening; and

(vi)    whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened.[25]

---

[22] *In re Rashid*, Civ. No. 04-1585, 2004 WL 2861872, * 3 (E.D. Pa. Dec. 13, 2004) (citing *Donaldson v. Bernstein,* 104 F.3d 547, 551 (3d Cir.1997); *Judd v. Wolfe,* 78 F.3d 110, 116 (3d Cir.1996)). A decision denying a motion to reopen "is binding on review absent a clear showing that there was an abuse of discretion." *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P.2d Cir.1997) (citations omitted).

[23] *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir.1991).

[24] *Rashid,* 2004 WL 2861872 at *3 (citing *In re Cloninger,* 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); *In re Nelson,* 100 B.R. 905 (Bankr. N.D. Ohio 1989)).

[25] *In re Fansteel, Inc.*, Case No. 02-10109, 2017 WL 3822724, *5 (Bankr. D. Del. Aug. 8, 2017) (citing *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007) (citations omitted)).

24.    "Generally, a bankruptcy case should remain closed if no valid purpose would be served if the matter were reopened."[26]

## DISCUSSION

25.    The Movants argue that this Court has jurisdiction to hear the claims asserted in the proposed adversary complaint because those claims require the interpretation, implementation, consummation, execution or administration of the confirmed plan and the Liquidating Trust Agreement.[27]    The Movants assert that this Court should determine whether the NCL Trust and the New Century Trustee acted without authority in the creation and execution of the Walker Affidavit and the LPOA.

26.    The New Century Trustee opposes reopening the cases to litigate the Movants' claims disputing the validity of the Walker Affidavit, the LPOA, and the transfer to of the Loan because, he argues, those claims have already been fully and finally litigated in the Florida District Court, and upheld on appeal through the Eleventh Circuit, and a (denied) petition for writ of certiorari to the United States

---

[26] *Rashid*, 2004 WL 2861872, *4 (citing *In re Carberry,* 186 B.R. 401, 402 (Bankr.E.D.Va.1995) (noting that a bankruptcy case should remain closed "where it appears that [reopening the case] would be futile and a waste of judicial resources")).

[27] The Movants rely on *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3d Cir. 2004), in which the Third Circuit Court held that bankruptcy courts have post-confirmation jurisdiction to hear claims when a sufficiently close nexus exists between the dispute and the confirmed plan; in particular, the Third Circuit determined that  "[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Id.* at 167.   The *Resorts* Court also notes that: "[w]hether a matter has a close nexus to a bankruptcy plan or proceeding is particularly relevant to situations involving continuing trusts, like litigation trusts, where the plan has been confirmed, but former creditors are relegated to the trust res for payment on account of their claims. To a certain extent, litigation trusts by their nature maintain a connection to the bankruptcy even after the plan has been confirmed." *Id.*

Supreme Court.  The New Century Trustee asserts that the Movants' claims are barred by the doctrines of collateral estoppel and res judicata.

27.     Collateral estoppel (or issue preclusion) bars relitigation of an issue when (i) the identical issue was previously adjudicated; (ii) the issue was actually litigated; (iii) the previous determination was necessary to the decision; and (iv) the party being precluded from relitigating the issue was fully represented in the prior action.[28]  The Third Circuit also considers whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment."[29]

28.     The underlying basis of the Movants' claims in the proposed adversary complaint is that the New Century Trustee was lacked legal authority and was negligent or grossly negligent in performing his duties when he executed the LPOA and authorized the execution of the Walker Affidavit, which allowed Deutsche Bank, acting under the LPOA, to execute the allonge.  The Movants seek declaratory judgment that the LPOA, the Walker Affidavit and the allonge are *void ab initio* and seek judgment in their favor for injuries caused to the Movants based on those documents.[30]

29.     Collateral estoppel applies here because the issues about the validity of the LPOA, the Walker Affidavit, and the allonge are identical to the issues pursued by the Movants and finally decided in the Florida Litigation.  The validity of the

---

[28] *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citing *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)).
[29] *Id.* (citations omitted).
[30] The Motion to Reopen, ¶ 35 - ¶ 36.

LPOA and the Walker Affidavit were necessary to the final judgment and the Movants had a full and fair opportunity to litigate the issues in the Florida Litigation.[31]

30.    The doctrine of res judicata (or claim preclusion) "bars repetitious litigation based on the same cause of action."[32]  It applies when (i) there was a final judgment on the merits in a prior suit, (ii) involving the same parties or their privities, and (iii) the present suit is based on the same cause of action.[33] In the present case, there was a final judgment on the merits in the Florida Litigation and, because of the "mutual or successive relationship to the same right of property"[34] between the New Century Trustee and Deutsche Bank and Ocwen, there was privity between the parties.

---

[31] The New Century Trustee points out that the Movants asserted the same arguments that the Walker Affidavit was hearsay, the LPOA was defective or invalid, and the allonge was *void ab initio* in their briefs before the Florida Bankruptcy Court, the Florida District Court, the Eleventh Circuit Court and the petition for certiorari before the United States Supreme Court.  *See* Trustee's Obj., Ex. 4 (Movants' Response in Opposition to the Summary Judgment Motion) at ¶ 42; Ex. 5 (Movants' Cross-Motion for Summary Judgment) at ¶¶ 26-30; Ex. 8 (Movants' Brief in Florida District Court) at pp. 25-28, 41-45; Ex. 9 (Movants' Reply Brief in Florida District Court) at pp. 10-12, 15-17; Ex. 15 (Movants' Brief in the Eleventh Circuit Court) at pp.20-27, 30-31; Ex. 16 (Movants' Reply Brief in the Eleventh Circuit Court) at pp. 11-12; and Ex. 23 (Movants' Petition for a Writ of Certiorari) at pp. 24-25, 27-28.  The Florida District Court affirmed the decision by the Florida Bankruptcy Court that the Walker Affidavit was admissible, valid and reliable (*see* Trustee's Obj., Ex. 10 at pp. 3-6), and that the allonge was valid (*see id.* at p. 8).  The Eleventh Circuit Court affirmed the decisions of the Florida Bankruptcy Court and the Florida District Court. *See* Trustee's Obj., Ex. 17.

[32] *Digene Corp. v. Ventana Medical Sys., Inc.*, 511 F. Supp. 2d 407, 412 (D. Del. 2007) (quoting *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 266 (3d Cir. 1978)).

[33] *Digene*, 511 F.Supp.2d at 412 (citing *CoreStates Bank v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)); *Williams v. Atlantic Law Group, LLC*, 174 F.Supp.3d 874, 879 (D. Del. 2016) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).

[34] "In its broadest sense, 'privity' is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Greenway Center, Inc. v. Essex Ins. Co*, 475 F.3d 139, 149 (3d Cir. 2007) (quoting *Ammon v. McCloskey*, 440 Pa. Super. 251, 261, 655 A.2d 549 (1995) (in turn, quoting BLACK'S LAW DICTIONARY (5th ed. 1979)).

31.     When "deciding whether two suits are based on the same 'cause of action,' [it is proper to] take a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims."[35]  Courts should consider "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same."[36]

32.     The foregoing factors are present here. The Movants' proposed adversary proceeding complains of the same acts, is based on the same theory of recovery (i.e., the lack of authority to create and the invalidity of the LPOA and the Walker Affidavit), involves the same disputed documents and evidence, and the same underlying material facts.  Res judicata applies here.

33.     Assuming, however, that the Movants' proposed claims against the New Century Trustee for negligent or grossly negligent acts can be distinguished from those pursued in the Florida Litigation, this Court concludes that the New Century Trustee acted as specifically directed by paragraph 69 of the Modified Confirmation

---

[35] *Williams*, 174 F.Supp.3d at 879 (quoting *CoreStates*, 176 F.3d at 194).
[36] *Id.*  (quoting *Athlone*, 746 F.2d at 984).

Order.  The Third Circuit has recognized that "bankruptcy trustees are covered by quasi-judicial immunity when acting pursuant to an express court order."[37]

34.    Applying the standard for reopening a bankruptcy case to the facts and circumstances before me, I conclude that no valid purpose will be served by reopening this case because the Movants' proposed adversary proceeding claims are barred by collateral estoppel and res judicata.  The Movants are not prejudiced because they have already had a full and fair opportunity to litigate their claims through the Florida Litigation.  Moreover, the New Century Trustee is immune from suit when acting as directed by an order of this Court.

Accordingly, it is hereby:

**ORDERED** that the Motion to Reopen is DENIED.[38]

BY THE COURT:

Brendan Linehan Shannon
United States Bankruptcy Judge

Dated:  January 22, 2020
        Wilmington, Delaware

cc:    Michael D. Lynch and Candence B. Lynch (via first class mail)

---

[37] *Phoenician Mediterranean Villa, LLC v. Swope (In re J&S Properties, LLC)*, 872 F.3d 138, 150 (3d Cir. 2017) (citing *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981)).

[38] Consistent with the Order Vacating Memorandum Order entered on January 22, 2020, the Memorandum Order originally filed on December 6, 2019 has been vacated and is now replaced and superseded with this Reissued Memorandum Order.