United States Bankruptcy Court

District Of Delaware

**FILED**

2020 FEB 21  AM 8:39

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

**New Century TRS Holdings, Inc. et al.**          Case Number: 07-10416

Michael D. and Candence B. Lynch

        Appellants,

v.

New Century TRS Holdings, Inc.

        Appellee,

20-cv-182-MN

United States District Court

For The

District Of Delaware

**Appellants Designation Of Items To Be Included In The Record On Appeal
And Questions To Be Presented For Review**

1

## Designated Items To Be Included In The Record On Appeal

Bankruptcy Case # 07-10416

Docket# ( )     Title of Document

#(11553)     Amended Motion to Reopen Case to Permit the Filing of an Adversarial Complaint Against the New Century Liquidating Trust and Alan M. Jacobs in his Capacity as the Liquidating Trustee of the New Century Liquidating Trust- 34 pages

#(11556)     Objection of the Former Trustee of the New Century Liquidating Trust to Motion to Reopen Chapter 11 Cases /With all Attachments and Exhibits- 27 documents, 723 pages

#(11562)     Reissued Memorandum Order Denying Amended Motion to Reopen Case- 13 pages

#(11563)     PDF with attached audio file of Hearing on Motion to Reopen Case- 1 page

## Questions to be Presented For Review

1.   Is New Century Mortgage Securities a New Century TRS Holdings debtor?

2.   Is Mr. Jacobs as the Liquidating Trustee, immune from suit for Appellants claims of Gross Negligence and Intent to Defraud if in fact he did not adhere to the express requirements of ¶69 of the Modified Confirmation Order that, 1) the party making a request pursuant to ¶69 be <u>the party</u> or <u>an agent of the party</u> which purchased the loan from a New Century TRS Holdings debtor, 2) such a party is

2

required to submit the request in writing, 3) that such a party submit evidence of the validity of the transfer being effectuated?

3. Were Gross Negligence and Intent to Defraud issues which were litigated against the Florida Defendants in the Florida Bankruptcy Court Case?

4. Were Gross Negligence and Intent to Defraud claims against the New Century Liquidating Trust and Mr. Jacobs as the Trustee of the Liquidating Trust litigated in the Florida Bankruptcy Court Case?

5. Did the Florida Bankruptcy Court have jurisdiction to adjudicate Appellants claims against the New Century Liquidating Trust and Mr. Jacobs as the Trustee of the Liquidating Trust for Gross Negligence and Intent to Defraud which arise from Mr. Jacobs actions as the Trustee of the Liquidating Trust and the Modified Confirmation Order which necessarily require interpretation of the orders entered by the Delaware Bankruptcy Court, In re New Century TRS Holdings, Inc. et al.?

6. Can Mr. Jacobs maintain the defenses of Collateral Estoppel and Res Judicata if in fact he colluded with the Florida Defendants with the Intent of Defrauding the Appellants of their legal rights and property through Fraud upon the Florida Bankruptcy Court?

7.  Did the Delaware Bankruptcy Court err when it concluded no valid purpose will be served by reopening the New Century bankruptcy case because 1) the Appellants proposed claims are barred by collateral estoppel and res judicata, 2) the Appellants are not prejudiced because we have already had a full and fair opportunity to litigate our claims through the Florida Litigation, and 3) Mr. Jacobs is immune from suit because he acted as specifically directed by ¶69 of the Modification Order?

8.  Based upon the facts before the Court and the applicable laws, is the denial of the Motion to Re-open by the Delaware Bankruptcy Court, which is the most competent court of jurisdiction to adjudicate Appellants claims against the New Century Liquidating Trust and Mr. Jacobs, a denial of Appellants rights under the United States Constitution of Due Process and Equal Protection of the Law?

## Standard of Review

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). Legal conclusions of the bankruptcy court are subject to de novo or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir.1997); *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d

4

Cir.1995). The factual determinations of the bankruptcy court are not to be set aside unless "clearly erroneous." See Fed. R. Bankr.P. 8013; *Chemetron*, 72 F.3d at 345; *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 203 (3d Cir.1995). On review of the factual findings of a bankruptcy court, a district court must "give `due regard' to the opportunity of that court to judge first-hand the credibility of the witnesses." *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3d Cir.1995). Where a matter presents mixed questions of law and fact, it is appropriate to apply the relevant standard to each component of the issue. *Chemetron*, 72 F.3d at 345.

Respectfully submitted by: _____

Michael D. Lynch Pro se

12860 SW 21 Street

Miami, FL 33175

305/798/3460

mlynch@yahoo.com

IN THE UNITED STATES BANKRUPTCY COURT FILED

FOR THE DISTRICT OF DELAWARE

2020 FEB 21 AM 8:39

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:
New Century TRS Holdings Inc.,                Case No: 07-10416-BLS

Debtors,

Chapter 11

Bankruptcy BAP No. 20-3
District Court No. 20-cv-182-MN

## CERTIFICATE OF SERVICE

I, *Michael D. Lynch, Pro se,* do hereby certify that on this **18th day of February 2020**, I caused one copy of the **Appellants Designation of Items to be included in the Record on Appeal and Questions to be Presented for Review** to be served as follows:

Upon the **New Century Liquidating Trust and Alan M. Jacobs in his capacity as Liquidating Trustee of the New Century Liquidating Trust,**

via U.S. Postal Service First Class Certified Mail return receipt requested postage prepaid, addressed to:

C/O Alan M. Jacobs Liquidating Trustee of New Century Liquidating Trust
999 Central Avenue, Suite 208
Woodmere, NY 11598

Copies,

via U.S.Postal Service First Class Mail, postage prepaid, addressed to:

**Hahn & Hessen LLP**               And               **Blank Rome LLP**
Attn: Victoria A. Guilfoyle, Esq.                      Attn: Mark S. Indelicato, Esq.
1201 Market Street                                    488 Madison Avenue
New York, NY 10022                                    Wilmington, DE 19801

Michael D. Lynch Pro se
12860 SW 21 Street
Miami, FL 33175
mlynch@yahoo.com
305-798-3460