## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.,* | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

FILED 2020 OCT 30 PM 1:17 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

---

### NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO
### (i)   FILE ADVERSARIAL COMPLAINT;
### (ii) OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND
### (iii) OBTAIN RELATED RELIEF

---

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW NANCY ALANIS (the "Movant"), a party in interest [1] in In re New Century TRS Holdings, Inc., a Delaware corporation, et al, 07-10416-KJC, (Bankr. D. Del.) ("New Century Bankruptcy") and in support of this motion to reopen the Chapter 11 Bankruptcy case of New Century TRS Holdings [2], respectfully shows as follows:

A.

**Summary of the Motion**

1.    Movant moves this court to reopen this case to address the Wells Fargo knowing and willful automatic stay and injunction violations that mirror the stay violations addressed by the U.S. Bankruptcy Court in *Sundquist v. Bank of America, N.A.*, 566 B.R. 563, 571-85 (Bankr. E.D. Cal. 2017).

2.    On October 17, 2020 (the "Petition Date"), Movant was required to file a Chapter 13 Bankruptcy Case in the United States Bankruptcy Court For The Western District Of Texas San Antonio Division to address Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3 ("Wells Fargo", "Wells Fargo, As Trustee") fabricated Transfer of Lien filed in public records and used to obtain a March 3, 2016 state court foreclosure order and subsequent eviction order affecting the Movant's homestead and the property that belonged to the Debtor Estate of New Century Mortgage Corporation pursuant to a mortgage loan executed with Movant on June 15, 2006.  New Century Mortgage Corporation was identified as the "Beneficiary" in the Deed of Trust.

---

[1]    The Fifth Circuit has held that, although "[t]he term 'party in interest' is not defined in the Bankruptcy Code[,] . . . [i]t generally means anyone who has a legally protected interest that could be affected by the bankruptcy case." *Khan v. Xenon Health, L.L.C. (In re Xenon Anesthesia of Tex., P.L.L.C.)*, 698 F. App'x 793, 794 (5th Cir. 2017)

[2]    Fed. R. Bankr. P. 5010 (emphasis added).

3.      The March 3, 2016 order on Wells Fargo counterclaim for foreclosure was entered during the pending bankruptcy case of the Debtors without Wells Fargo filing a timely claim or motion for relief from the stay and currently, provides Wells Fargo (*not* New Century Liquidating Trust as successor in interest to New Century Mortgage Corporation) the right to seek from Movant, sums in excess of $700,000.00.

4.      The March 3, 2016 order on Wells Fargo counterclaim for foreclosure was obtained by Wells Fargo by providing state trial courts a fabricated Transfer of Lien purportedly executed in "2011" between Wells Fargo and the liquidated New Century Mortgage Corporation using an unauthorized and extinguished "March 2005" power of attorney that *pre-dated* the Debtors April 2007 bankruptcy case and the Movant's 2006 mortgage loan which provides patent proof, there was no power of attorney authorization from the Liquidating Trustee, Alan Jacobs.

5.      Movant resides in San Antonio, Texas in a home that was purchased with the proceeds from a loan obtained from Debtor New Century Mortgage Corporation. She is a paralegal with a BBA in accounting and is a former business owner who closed her successful fifteen-year seasonal business in 2015 to defend and protect her property rights against Wells Fargo fraudulent acts that placed her in peril of losing her home and placed her in financial ruin.

6.      For close to ten years, Wells Fargo, As Trustee engaged Movant in a stay-violating foreclosure and eviction scheme consisting of multiple fraudulent acts against property that belonged to the Debtors Estate through a Bexar County, Texas state court litigation that originated in *Cause No. 2011-CI-02839* ("First Lawsuit").  The said Wells Fargo fraudulent acts violated the November 20, 2009 Modified Confirmation Order authorized stay and injunction and said acts were undertaken by Wells Fargo without filing a motion for relief from stay and include but are not limited to:

a)   falsely swearing under the *penalty of perjury*, in state court summary judgment proceedings and/or interrogatories, to "***three*" different assignment dates** with New Century Mortgage Corporation, *not* New Century Liquidating Trust;

b)   falsely swearing under the *penalty of perjury*, in state court summary judgment proceedings, that **Movant was in *default* with loan payments when she was not**;

c)   recording a fabricated Transfer of Lien purportedly executed in "2011" with the liquidated "August 2008" New Century Mortgage Corporation, *not* New Century Liquidating Trust as the successor-in-interest to New Century Mortgage;

d)   recording a fabricated Transfer of Lien purportedly executed in "2011" with New Century Mortgage Corporation using an ***extinguished* "March 2005" limited power of attorney that *predated* the New Century Bankruptcy case** and which lacked authority through a power of attorney from the New Century Liquidating Trust to execute the same; and

e)   modifying the stay when preparing and obtaining state court orders including, a March 3, 2016 foreclosure order which **removed Debtor New Century Mortgage Corporation as the "Beneficiary"** as identified in Movants Deed of Trust and falsely **stated Wells Fargo was the "Beneficiary"** and first lien holder.

**B.**

**Background of the Delaware New Century Bankruptcy Case:**

7.      On April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc. and related entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in this Court.

8.      On July 15, 2008, the Court entered an order (the "Original Confirmation Order")[3] confirming the Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Original Plan"). [4]

9.      On August 1, 2008 ("the Effective Date"), the Original Plan became effective and, pursuant to its terms, the New Century Liquidating Trust Agreement was executed, thereby

---

[3]   Docket No. 8596
[4]   Docket No. 6412

creating the New Century Liquidating Trust (the "NCL Trust") and appointing Alan M. Jacobs as

Trustee of the Trust (the "New Century Trustee").[5]

10.     The United States District Court for the District of Delaware issued an opinion

reversing the Original Confirmation Order and thereafter, on November 20, 2009, the Court

entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation

(the "Modified Plan"), which became effective on December 1, 2009. [6]

11.     On May 18, 2016, the Court entered an order authorizing the New Century Trustee

to destroy the Debtors' and the NCL Trust's records and documents (collectively, the "Records")

subject to certain procedures in that order (the "Document Destruction Order").[7]

12.     On August 25, 2016, the Court entered a Final Decree closing the chapter 11 cases,

discharging the New Century Trustee of his obligations under paragraph 69 of the Modified

Confirmation Order, and fully releasing and discharging the New Century Trustee of his duties an

obligations as trustee to the NCL Trust (other than certain ministerial obligations related to NCL

Trust wind down and Records destruction).[8]

13.     On September 30, 2016, the New Century Trustee made a final distribution of the

NCL Trust assets.[9]

14.     ***11.20.09 Modified Plan and Bankruptcy Court Jurisdiction***.  In relevant part, the

November 20, 2009 *Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of*

---

[5]   Docket No. 8705
[6]   Docket Nos. 9957, 9905, and 9976
[7]   Docket No. 11486
[8]   Docket No. 11535
[9]   Docket No. 11539

*Liquidation Dated As Of September 30, 2009* ("Modified Plan", "Modified Confirmation Order")

at "Articles" (pg. 127), Article 15.A authorized exclusive bankruptcy court jurisdiction as follows:

A. **Retention Of Jurisdiction. This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction .... over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the Chapter 11 Cases, the Original Plan or this Modified Plan,** or (iii) that relates to the following:
*********

5. **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates **or property abandoned or transferred by the Debtors or the Estate;**
*********

7. **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**
*********

17. **to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. Proceedings to recover assets of (i) the Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located....**

15. *11.20.09 Modified Plan and Stay and Injunction.* In relevant part, the Modified

Confirmation Order at (pg. 13, par. 9) and (pg. 15, par. 10), authorized a stay and injunction as

follows:

"...**Term of Stay and Injunctions.** Unless otherwise provided herein or in the Modified Plan, all injunctions or stays provided for in Chapter 11 Cases by orders of the Court, **under sections 105 or 362 of the Bankruptcy Code, the Modified Plan or otherwise, and extant on the Modified Confirmation Date, shall remain in full force and effect until the later of (x) the entry of Final Decree or (y) the dissolution of the Liquidating Trust.** In accordance therewith, and without limiting the foregoing, **until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from**
**********

(iii) **any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates**

(iv) **any act to create, perfect, or enforce any lien against property of the Estates,** and...."

16.    *11.20.09 Modified Plan and Relief From Stay.*    In relevant part, the Modified

Confirmation Order at (pg. 16, par. 11), authorized compliance with Relief from Stay as follows:

> "...**(i) all orders of the Court entered during the Chapter 11 Cases,
> including, without limitation, the** *Order Providing that the Automatic Stay
> Under Section 362(a) of the Bankruptcy Code Is Terminated To Permit the
> Commencement or Continuation of any Action to Foreclose Upon or
> Extinguish an Interest Listed in the Name of the Debtor* **dated as of July 14,
> 2008** (the "Stay Termination Order"), that provide for relief from the
> automatic stay imposed by section 362 of the Bankruptcy Code shall remain
> in full force and effect following the Modified Effective Date, **(ii) to the
> extent that the Liquidating Trust or any third parties file motions prior to
> the Modified Effective Date seeking relief from the automatic stay
> imposed by section 362 of the Bankruptcy Code, any order of the Court
> granting such relief**, including, without limitation, the Stay Termination
> Order, **shall supersede this Order, and (iii) following the Modified
> Effective Date, parties may seek relief from all injunctions or stays
> provided for in the Chapter 11 Cases by orders of the Court, including
> this Order, upon sufficient notice and a hearing.....**"

17.    *11.20.09 Modified Plan and Cancellation Of Agreements.*    In relevant part, the

Modified Confirmation Order at (pg. 38, par.51), authorized the cancellation of all **notes,**

**agreements and securities evidencing Claims and Interests and the rights thereunder of**

**the holders** as follows:

> "...51.  **Cancellation of Instruments and Agreements.**  As of the Original
> Effective Date subject to the occurrence of the Modified Effective Date...**all
> notes, agreements and securities evidencing Claims and Interests and
> the rights thereunder of the holders thereof were, with respect to the
> Debtors, canceled and deemed null and void and of no further force and
> effect, and the holders thereof shall have no rights against the Debtors,
> the Estates, or the Liquidating Trust, and such instruments shall
> evidence no such rights, except the right to receive the distributions
> provided for in the Modified Plan...**"

18.    *11.20.09 Modified Plan and New Century Mortgage Assignment of Assets To The*

*New Century Liquidating Trust.*    The Modified Confirmation Order at (pg. 24, par. 21),

authorized **all of the New Century Mortgage Corporation assets transferred to the <u>New**

**Century Liquidating Trust on the Effective Date (August 1, 2008)**.  And at (pg. 22, par. 17), authorized the Dissolution of Debtors and "…(iii) **no assets shall revest in the Debtors** (other than Access Lending)…"

19.    The Modified Confirmation Order at (pg. 37, par. 50), authorized NCT as the successor to the Debtors as follows:

> "…50.  **Successors.  The Liquidating Trust shall be the successor to the Debtors** (other than Access Lending) and their Estates for the purposes of sections 1123, 1129, and 1145 of the Bankruptcy Code **and with respect to all pending Causes of Action and other litigation matters…**"

20.    *11.20.09 Modified Plan and Trustee Authority.*  The Modified Confirmation Order also (i) confirmed that all actions taken by the New Century Trustee subsequent to the Original Effective Date were valid and binding; (ii) adopted, ratified and confirmed the formation of the NCL Trust as of the Original Effective Date; (iii) adopted, ratified and confirmed the Trust Agreement as of the Original Effective Date; and (iv) adopted, ratified and confirmed the appointment of Alan M. Jacobs as trustee of the NCL Trust as of the Original Effective Date.

21.    In relevant part, the Modified Confirmation Order at (pg. 24, par. 22-23), authorized **Alan M. Jacobs as the sole Liquidating Trustee** with all powers, authority and responsibilities to commence, prosecute, settle Causes of Action, enforce contracts, and assert claims, defenses, offsets and privileges to the extent not inconsistent with the status of the Liquidating Trust.  And at (pg. 36, par. 49), the U.S. Bankruptcy Court further ordered:

> "…**the Liquidating Trustee… shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtors or the Estates may have against any Person or entity effective as the Original Effective Date**….The Liquidating Trustee may pursue such retained claims ….or Causes of Action…in accordance with the best interests of the creditors of the Debtors….the Estates…or the Liquidating Trust in any or all appropriate jurisdictions as the Liquidating Trustee shall deem advisable…"

22.     Paragraph 69 of the Modified Confirmation Order entered in the New Century

bankruptcy case provides, in pertinent part:

> General Authority. [T]he Liquidating Trust . . . shall execute such documents, and
> take such other actions, as are necessary to effectuate the transactions provided for in
> this Modified Plan. Additionally, with respect to mortgage loans purchased from one
> or more of the Debtors prior to or subsequent to the Petition Date, the **Liquidating
> Trust shall execute, upon written request, and at the expense of the requesting
> party, any powers of attorney as shall be prepared by the requesting party and
> reasonably satisfactory to the Liquidating Trustee, as applicable, necessary to
> fully effectuate the transfer of such loan or otherwise to effect the appropriate
> transfer of record title or interest in such loan, including, without limitation,
> any powers of attorney as may be necessary to allow the purchaser of such
> mortgage loan from such Debtor** (including any trustee or servicer on behalf of the
> purchaser) to complete, execute and deliver, in the name of and on behalf of the
> applicable Debtor or the Liquidating Trust, any required assignments of mortgage or
> instruments of satisfaction, discharge or cancellation of mortgages, mortgage notes
> or other instruments related to such mortgage loan; **provided, however, that the
> party making the requests presents evidence reasonably satisfactory to the
> Liquidating Trustee, as the case may be, of the validity of the transfer being
> effectuated and that the loan being transferred was purchased from the
> applicable Debtor**; provided, further, that the Liquidating Trust shall not be liable
> for the actions of the requesting party under any such powers of attorney . . . .

23.     ***11.20.09 Modified Plan and Damages For Violations***.  The Modified Confirmation

Order at (pg. 13, par. 9), authorized damages that could be recovered for violations of the

injunction as follows:

> **"...Any Person or entity injured by any willful violation of such injunction
> may recover actual damages, including costs and attorney fees, and in
> appropriate circumstances, may recover punitive damages from the willful
> violator...."**

**C.**

**Background of Movant's Loan**
**Affected By The Bankruptcy Case and State Court Action**

24.     The *Affidavit Of Nancy Alanis In Support Of Motion To Reopen Chapter 11 Case...*

and corresponding exhibits are incorporated herein by reference for all purposes as though

repeated in full verbatim.

25.    **Original Loan:**    On or about June 15, 2006, the Movant executed an adjustable rate balloon  note (the "Note") in favor of New Century Mortgage Corporation ("NCMC" "New Century Mortgage") in the principal amount of $193,500 (the "Loan") secured by a mortgage (the "Mortgage", "Deed of Trust") executed by the Movant granting a lien upon the real property commonly known as 13210 Hunters View, San Antonio, Bexar County, Texas, and further identified as:

> Lot 2, Block 6, New City Block 16984, HUNTERS CREEK NORTH, UNIT-3, in the City of San Antonio, Bexar County, Texas, according to the map or plat thereof recorded in Volume 8200, Page(s) 215-216, of the Deed and Plat Records of Bexar County, Texas (the "Property").

26.    On page 2 of the Deed of Trust, the Movant's original lender New Century Mortgage Corporation was identified as the sole "Beneficiary".

27.    On September 15, 2006, New Century Mortgage Corporation mailed the Movant a letter instructing her to remit her mortgage payments to their loan servicer HomEq Servicing with assurance that all the terms of her loan remained the same other than the change in "loan servicer" terms as follows:

> "...**Please be reassured that this** assignment, sale or **transfer of servicing of the mortgage loan** from New Century to HomEq **does not in any way affect any terms or conditions of your mortgage instruments, other than terms related to the servicing of your loan**..." *(emphasis added)*

28.    In response to the September 15, 2006 letter which Movant received in 2007, the Movant personally contacted New Century Mortgage Corporation Customer Service on or about February 2007 and inquired if her loan had been assigned to a new lender.  It was the Movant's understanding that New Century Mortgage Corporation remained her lender and HomEq was the loan servicer.

29.     On the face of the original Note, Deed of Trust and the September 15, 2006 letter, the New Century Mortgage Corporation loan number appeared as "**No. 1008511112**".

30.     ***Original Lender Bankruptcy Case***:   Ten months following the execution of her mortgage loan, on April 2, 2007, the Movant's original lender, New Century Mortgage Corporation and certain of its affiliates, filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). (In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.)) ("New Century Mortgage Bankruptcy").

31.     On July 15, 2008, a Plan was confirmed.

32.     On August 26, 2016, the Chapter 11 bankruptcy case terminated.

33.     ***Movant Discovery of U.S. Bankruptcy Court 11.20.09 Modified Order***:   On August 18, 2020, the Movant obtained from the U.S Bankruptcy Court, District of Delaware, a certified copy of the November 20, 2009 Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009 – In re New Century TRS Holdings, Inc., a Delaware corporation, et al, 07-10416-KJC, (Bankr. D. Del.) ("11.20.09 Modified Confirmation Order").

34.     After reading the 11.20.09 Modified Confirmation Order, Movant discovered that Defendants Wells Fargo, as Trustee,  Ocwen Loan Servicing, LLC ("OCWEN") and Mackie Wolf Zientz & Mann, P.C., (collectively "Defendants") worked in concert for close to ten years beginning in the state court action in *Cause No. 2011-CI*-02839, to engage the Movant in a willful and knowing nefarious stay foreclosure-eviction scheme to steal property (i.e. a mortgage loan asset) belonging to the Debtor Estate of her original lender New Century Mortgage Corporation during their pending bankruptcy case between April 2007 and August 2016 in violation of the 11.20.09 Modified Confirmation Order on stay and injunction without filing a timely claim and/or

filing a Motion for Relief from the Stay ("relief from stay").  Movant disputes the Wells Fargo et al alleged debt asserted against her mortgage loan with New Century Mortgage Corporation.

35.    *"August 2008" Assignment of Assets From New Century Mortgage Corporation To The New Century Liquidating Trust.*  Pursuant to the Modified Confirmation Order, on "August 1, 2008", the assets of New Century Mortgage Corporation were transferred to the New Century Liquidating Trust and did not revest back in New Century Mortgage.  On page 2 of her Deed of Trust, New Century Mortgage Corporation was identified as the sole "Beneficiary" and the Movant's mortgage loan transferred to the New Century Liquidating Trust.

36.    *May 2010 Sale Of Loan Servicer HomEq to Ocwen*: On or about "May 2010", and during the pending New Century Mortgage bankruptcy case, Barclays Capital sold its U.S. mortgage servicing business HomEq - with $28 billion in mortgage servicing rights - to Ocwen Loan Servicing, LLC ("Ocwen").  *See* LINK:

**https://home.barclays/content/dam/home-barclays/documents/investor-relations/IRNewsPresentations/2010News/28-May-Barclays-announces-sale-of-HomEq-Servicing-to-Ocwen-Loan-Servicing-LLC.pdf**

37.    After HomEq was purchased by Ocwen in May 2010, without filing a timely claim and/or *Motion For Relief From The Stay & Order ("relief from stay")*, on August 10, 2010 HomEq allegedly mailed Movant a loan servicing transfer notice advising her to remit her loan payments to Wells Fargo loan servicer, Ocwen.  Movant relied on this notice.

38.    Through this sale, Ocwen unlawfully assumed the HomEq servicing rights which were extinguished pursuant to the 11.20.09 Modified Confirmation Order and thereafter, without filing a timely claim, motion for relief from the stay and/or obtaining authority from the U.S.

Bankruptcy Court, "Ocwen" (*not* the Trustee of the New Century Liquidating Trust) is alleged to have secretly assigned the Movant's mortgage loan to Wells Fargo, as Trustee and Mortgagee.

39.    In relevant part, the 11.20.09 Modified Confirmation Order at (pg. 38, par.51), ordered the cancellation of all **notes, agreements and securities evidencing Claims and Interests and the rights thereunder of the holders**. Id. And that would include the cancellation of the New Century Mortgage Corporation agreements with HomEq in September 2006.

40.    ***Movants Timely Remitted Loan Payments to HomEq and Ocwen***:  While Movant timely remitted all of her loan payments to HomEq with secured money orders through USPS certified mail through August 2010, she relied on the alleged HomEq notice of change of loan servicer and timely remitted secured money order loan payments through USPS certified mail to Wells Fargo loan servicer Ocwen from September 2010 through February 2011 and disregarded random notices she received from the New Century Mortgage TRS Holdings bankruptcy case.

41.    Thereafter, Ocwen routinely failed to post the Movant's payments and created a "fake default" to aid the Wells Fargo foreclosure counterclaim.

42.    ***Wells Fargo, Ocwen, Mackie Wolf Zientz & Mann, PC (2011 Notice of Acceleration):***  During the pending New Century Mortgage Corporation bankruptcy case and without filing a timely claim and/or *relief from stay*, Wells Fargo and Ocwen's debt collector law firm of Mackie Wolf Zientz & Mann, PC, mailed Movant at her home, a January 13, 2011 *Notice of Acceleration* and *Notice of Foreclosure Sale* alleging a default and demanding payment in full of $222,256.14.

43.    The Mackie Wolf Zientz & Mann, PC *Notice of Acceleration of Loan Maturity* advised Movant they were a debt collector retained by "Ocwen" (*not* New Century Mortgage or the New Century Liquidating Trust) and contained language in relevant part as follows:

**We have been retained by Ocwen Loan Servicing, Mortgage Servicer for Wells Fargo Bank**, National Association, As Trustee For The Pooling And Servicing Agreement Dated As Of October 1, 2006, Securitized Asset Backed Receivables, LLC Trust 2006 -NC3 Mortgage Pass-Through Certificates, Series 2006-NC3, **the current Mortgagee of the Note and Deed of Trust.**

********

**A default occurred under the terms of the Note**. Notification was sent that default had occurred in the payment of the Note and that OCWEN LOAN SERVICING would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective 01/13/11.

All unpaid principal and accrued interest on the Note are due and payable at this time. **According to the Mortgage Servicer's records, the total balance due as of the date of this notice is $222,256.14**...

********

**On Tuesday 03/01/2011, the Trustee or Substitute Trustee will sell to the highest cash bidder, the property legally described in the enclosed Notice of Foreclosure Sale....** We have enclosed a copy of the Notice of Foreclosure Sale, which is being posted at the Bexar County Courthouse in accordance with Texas law and the provisions of the Deed of Trust.

44.     Movant was shocked when she received this notice because at all times from the date she executed her mortgage loan with New Century Mortgage Corporation, she was never in default with her loan payments and she was current with her taxes and insurance payments.

45.     Without filing a timely claim and/or a motion for relief from stay, the threat to schedule for foreclosure the "property that is collateral for the Note" was a threat to take action to foreclose on property of the Debtor Estate, New Century Mortgage Corporation. And by mailing Movant this acceleration letter, the Defendants sought to obtain possession, exercise control, or enforce a lien against property of the Debtor Estate and ran afoul of the injunction and the automatic stay imposed by the U.S. Bankruptcy Court in the 11.20.09 Modified Order. *Id.*

46.     ***Defendants Ignore Debtor Letters Addressing Loan Posting Errors:***  To stop the foreclosure, the Movant retained attorney Loren Peters.  Loren Peters worked with vigilance to place telephone calls to the loan servicers and also mailed certified letters to Wells Fargo loan

servicer Ocwen, HomEq and Mackie Wolf Zientz & Mann attempting to correct loan posting errors.  Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC ignored all of his letters and *never* responded.

47.     ***The State Court First Lawsuit (Cause No. 2011-CI-02839):***  In February 2011, Loren Peters filed a lawsuit in state court in *Cause No. 2011-CI-02839* ("First Lawsuit").  Loren Peters sued Defendants Wells Fargo, Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC.

48.     ***Wells Fargo Live Counterclaim In First Lawsuit:***  In the First Lawsuit and during the pending New Century Mortgage Corporation bankruptcy case, Mackie Wolf Zientz & Mann, PC represented Wells Fargo and Ocwen through their lead attorney Mark D. Cronenwett and also, with San Antonio co-counsel Jeffrey Hiller.

49.     In behalf of themselves, Wells Fargo filed a live February 10, 2015 counterclaim ***(never referring to the Debtor, New Century Mortgage Corporation or the New Century Liquidating Trust).***  At all relevant times, "Wells Fargo" alleged they were the "owner and holder" of the Movant's Note and Deed of Trust pursuant to a *Transfer of Lien* purportedly negotiated in "September 2010" and executed in "February 2011" with Movant's original lender, New Century Mortgage Corporation.

50.     When filing their counterclaim, Wells Fargo filed no evidence in the trial court they filed a timely claim and/or filed a motion for relief from stay in the New Century Mortgage Bankruptcy case.

51.     ***Wells Fargo Motion(s) For Summary Judgment In First Lawsuit & Declaration Containing False Sworn Statements:***  In the First Lawsuit and during the pending New Century Bankruptcy case, Wells Fargo also filed multiple summary judgment motions.

52.     When filing their summary judgment motion(s) in the First Lawsuit, Wells Fargo filed no evidence they acted in behalf of the Debtor, New Century Mortgage Corporation or the New Century Liquidating Trust. And Wells Fargo did not file any evidence of a timely filed claim and/or motion for relief from the stay in the New Century Bankruptcy case.

53.     In their summary judgment motions filed in the First Lawsuit, Wells Fargo also routinely attached the affidavit and/or declaration of Ocwen Custodian of Records, "Gina Feezer". *(emphasis added)*.

54.     In her 1.11.16 *Declaration of Gina Feezer* attached to the 1.28.16 ***Motion For Partial Summary Judgment By Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing LLC, On RESPA, Section 51.002 Of The Texas Property Code and Counterclaim For Foreclosure***, Gina Feezer filed patently false sworn statements *under the penalty of perjury* regarding the Movant's loan payments and swore to a "fake default" which aided Wells Fargo unlawful foreclosure action against property belonging to the Estate of Debtor (New Century Mortgage Corporation and New Century Liquidating Trust as successor-in-interest). *(emphasis added)*.

55.     Gina Feezer and Wells Fargo also filed patently false sworn statements *under the penalty of perjury* regarding Wells Fargo alleged assignment(s) from New Century Mortgage Corporation.

56.     ***Wells Fargo False Sworn Movant Default:***  In par. 10 of her 1.11.16 *Declaration of Gina Feezer,* Gina Feezer falsely swore under the penalty of perjury, that the Movant defaulted and failed to make her mortgage payments when due and that the loan was due and owing for "…**February 1, 2010 payment and all subsequent monthly payments**…"

57.     In response, the Movant filed proof of her USPS certified by mail and timely remitted loan payments between January 2010 and February 2011 to both loan servicers HomEq and Ocwen.   After filing the First Lawsuit in February 2011, Movant stopped remitting payments.

58.     ***Wells Fargo Fabricated Transfer of Lien Purportedly Executed With Liquidated Debtor New Century Mortgage Corporation:***   In the First Lawsuit and during the pending bankruptcy case of the Debtor New Century Mortgage Corp., Wells Fargo also filed in summary judgment proceedings and recorded in public records, a fabricated and unauthorized February 2, 2011 *Transfer of Lien* to support their false "owner and holder status" in the Movant's mortgage loan.

59.     Without filing a motion to lift the stay or filing a timely claim, "Ocwen" manager Christina Carter purportedly executed the Transfer of Lien in "2011" between New Century Mortgage Corporation and Wells Fargo and made notable patently *false* sworn statements on the face of the Transfer of Lien as follows:

- The Transfer of Lien was purportedly negotiated in "September 2010" and executed in "February 2011" between Wells Fargo and Movant's original lender New Century Mortgage Corporation, (*not* with successor-in-interest, New Century Liquidating Trust ("NCT")).   New Century Mortgage Corporation was liquidated in Bankruptcy on "August 1, 2008" and lacked capacity and Debtor assets to assign in 2011 after assigning all of their assets to the New Century Liquidating Trust on August 1, 2008.

- "Ocwen" manager Christina Carter swore she was acting as "attorney-in-fact" for the "August 2008" liquidated New Century Mortgage Corporation, (*not* with successor-in-interest, New Century Liquidating Trust ("NCT")).   New Century Mortgage Corporation was liquidated in Bankruptcy on "August 1, 2008" and lacked capacity and Debtor assets to assign in 2011 after assigning all of their assets to the New Century Liquidating Trust on August 1, 2008.

- "Ocwen" manager Christina Carter swore to a false "Florida" Ocwen address for the liquidated and non-existent New Century Mortgage Corporation when the New Century Mortgage Corporation bankruptcy petition listed a "California" address;

- "Ocwen" manager Christina Carter swore to using an extinguished March 2005 limited power of attorney that *predated* both the New Century Mortgage bankruptcy case and Alanis mortgage loan. This provided patent proof neither Ocwen or Wells Fargo obtained power of attorney authority from the New Century Liquidating Trust to execute the assignment in "2011".

60.     Alanis' original lender New Century Mortgage Corporation liquidated in "August 2008" and lacked existence and capacity to have a "Florida address" and/or assign any Debtor Estate asset to Wells Fargo in "February 2011".

61.     The Modified Confirmation Order at (pg. 24, par. 21), authorized **all of the New Century Mortgage Corporation assets transferred to the <u>New Century Liquidating Trust on the Effective Date (August 1, 2008)</u>**. And at (pg. 22, par. 17), the Court further authorized the Dissolution of Debtors and "…(iii) **no assets shall revest in the Debtors** (other than Access Lending)…"

62.     Through the 11.20.09 Modified Order at (pg. 37, par. 50), the Court authorized the New Century Liquidating Trust as the successor to the Debtors.

63.     Therefore, when the Movant's mortgage loan was transferred in August 2008 from her original lender "New Century Mortgage Corporation" to the "New Century Liquidating Trust", any purported assignment or transfer of the Movant's mortgage in "2011" to Wells Fargo or any entity should have been executed with power of attorney authority from the "**New Century Liquidating Trust as Successor-in-Interest to New Century Mortgage Corporation**", *not* with the liquidated New Century Mortgage Corporation. *(emphasis added).*

64.     As further proof of the fraudulent and void "2011" Transfer of Lien", in the First Lawsuit, Wells Fargo swore under the *penalty of perjury* to "three" false conflicting assignment dates with "New Century Mortgage Corporation" through summary judgment proceedings and sworn interrogatories as follows:

- **Wells Fargo Assignment Date No. 1:**          **"June 27, 2006"**
  [April 2012 Defendants Response To Plaintiff First Set of Interrogatories, *Interrogatory No. 2*]

- **Wells Fargo Assignment Date No. 2:**          **"October 31, 2006"**
  [ 1.11.16 *Declaration Of Gina Feezer*, ¶9]

- **Wells Fargo Assignment Date No. 3:**          **"February 2, 2011"**
  [1.11.16 *Declaration Of Gina Feezer*, ¶14, Ex A-3]

65.     And when reviewing the billing records of Wells Fargo debt collector law firm of Mackie Wolf Zientz & Mann, PC filed in the First Lawsuit, the billing records show Wells Fargo attorney Mark Cronenwett orchestrated for his clients Wells Fargo and Ocwen, the filing of the fraudulent assignment and false asserted claims against the property belonging to the Debtors Estate and he admits to drafting the contents of the Gina Feezer 1.11.16 declaration.

66.     To wit, Mark Cronenwett billed his clients for **preparing and drafting** the 1.11.16 *Declaration of Gina Feezer* which contained patently false statements about the Movant's loan payments and conflicting false assignment dates which placed Movant in peril of foreclosure and subsequent eviction from her home.

67.     In relevant part, the billing entries of attorney Mark Cronenwett stated as follows:

> "…Date Entry **10/19/2015 Prepare declaration of Gina Feezer for summary judgment**…$322…"

> "…Date Entry **11/13/2015** Senior Attorney Fee Hourly, Cronenwett, Mark…**Prepare summary judgment affidavit for G. Feezer (for judicial foreclosure)**…$92…"

> "…Date Entry 12/3/2015…**draft declaration**…$115)…"

68.     In stark contrast, in (par. 5-6) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore under the *penalty of perjury*, to making her own Affidavit which contained false sworn statements of a default and two conflicting assignment dates.

69.    ***Movant Securitization Expert Conclusions On Wells Fargo Lack Of Standing To Assert Interest In Alanis Mortgage:***  In the First Lawsuit and in a Bill of Review proceeding in *Cause No. 2019-CI-03042* (the "Second Lawsuit"), the Movant also filed the uncontroverted securitization expert report of Daniel Castro who reviewed the filed Wells Fargo motions for summary judgment, affidavits/declarations, exhibits and NCT records.  Mr. Castro concluded Wells Fargo never securitized the Movant's loan into their trust and further, they held no interest in the Movant's mortgage loan and lacked standing to foreclose.  Wells Fargo filed no controverting expert report.

70.    ***Movant Notice To Defendants In The First Lawsuit Of New Century Bankruptcy Case & Fraudulent Void Lien***:  In the First Lawsuit, the Movant placed Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann on notice of the New Century Mortgage Corporation Bankruptcy case and void Transfer of Lien on at least "four" occasions before they obtained their March 3, 2016 order on Wells Fargo counterclaim for foreclosure as follows:

71.    ***1st Movant Notice to Wells Fargo et al of New Century Mortgage Bankruptcy***:  During a June 9, 2015, *Motion for Reconsideration* hearing before <u>Judge Arteaga</u>, Wells Fargo *et al* was placed on notice by Movant's attorney Philip Ross of the void 2.2.11 Transfer of Lien and the New Century Mortgage bankruptcy case as follows:

Mr. Ross:   And the reason for that is we requested the Court take judicial notice that **New Century Mortgage Corporation was bankrupt and it was liquidated in bankruptcy in 2008.  And nobody acting under a power of attorney that was executed in 2005 could have legally signed an assignment of lien in 2011 transferring the ownership of the deed of trust from New Century to Wells Fargo**.

That document we're claiming is void.  And it was known to be void.  And never the less it was recorded in the Bexar County deed records.  **And because Mr. Cronenwett has admitted in the May 4th hearing that that was not the document that transferred the lien to Wells Fargo, he admits that that document is void and that the chain of title that that document reflects from New**

Century, which had been liquidated in bankruptcy three years earlier to – directly to Wells Fargo cannot be the true chain of title in this transaction...

72. **2ⁿᵈ *Movant Notice to Wells Fargo et al of New Century Mortgage Bankruptcy*:** On pg. 12-17 of her 10.20.15 *Plaintiff's Seventh Amended Original Petition (Cause No. 2011-CI-02839)*, Movant placed Wells Fargo *et al* on notice of the New Century Mortgage bankruptcy case.

73. **3ʳᵈ *Movant Notice to Wells Fargo et al of New Century Mortgage Bankruptcy*:** During an October 29, 2015, *Defendants Motion for Continuance* hearing, Wells Fargo *et al* was placed on notice by Movant's attorney Philip Ross of the New Century Mortgage bankruptcy case as follows:

Mr. Ross: Also, **we just received the certified evidence that the original mortgagee was liquidated in bankruptcy, and what Wells Fargo did, after they realized that they did not have record title to the property, which they realized that apparently after they served a notice of default—or attempted to serve a notice of default, and so they quickly filed a transfer of lien in February 2, 2011, which purported to be a transfer of lien from New Century Mortgage Company directly to Wells Fargo** as trustee of a pooling and servicing agreement, which was five years after the cutoff date for the pooling and servicing agreement, **and also about three years after New Century Mortgage had been liquidated in bankruptcy. When we discovered evidence which was not revealed to us by the Defendants, that New Century Mortgage Company had been bankrupted and all of their assets had been transferred to the New Century Liquidating Trust**, and—

The Court: Are those claims still part of this lawsuit?

Mr. Ross: We believe they are. They are in our seventh amended petition which we amended after Judge Saldana ruled.

The Court: It looks like you need to go back to Judge Saldana.

Mr. Hiller: **We do not. Those have been stricken and I'll tell you why...**

74. **4ᵗʰ *Movant Notice to Wells Fargo et al of New Century Mortgage Bankruptcy*:** In a February 17, 2016 *Plea To The Jurisdiction* hearing, Wells Fargo et al was placed on notice that there was a New Century Mortgage bankruptcy case. The Movant's evidence was uncontroverted and

it was undisputed the Movant's mortgage loan was in fact, property of the New Century Mortgage Corporation Debtor Estate *(emphasis)* as follows:

Ms. Alanis:   "...(pg. 36) ...And you'll see that clearly the Transfer of Lien is a forgery because New Century didn't exist and – you know, as of August 1, 2008. And additionally, Alan Jacobs became the sole liquidation trustee and the individual to handle all related matters for the debtors. And so if that transfer of lien was a valid transfer of lien, it should have Alans Jacobs as the liquidating trustee on it and not somebody acting as the attorney in fact for New Century Mortgage Corporation who is now a dissolved entity and who doesn't exist..."

Ms. Alanis:   "...(pg. 37) ...I've contacted the bankruptcy court and there is no evidence in the bankruptcy court in Delaware that my note was --anything related to my note was addressed in the bankruptcy proceeding. I've done exhaustive research ..."

The Court:   (pg. 38) That's a yes or a no. Is your note or your account number listed as an asset on New Century's list of assets that they filed in the bankruptcy?

Ms. Alanis:   I was told by a liquidating trustee it was on a list -- it was on a list –of the bankruptcy trustees list, but I was never able to get that form.

The Court:   So you've been told that your note was listed as an asset of New Century?

Ms. Alanis:   Yes.

The Court:   And so it went into bankruptcy correct?

Ms. Alanis:   That's correct.

75.   **Without Filing A Motion To Lift The Stay, Defendants Obtained Court Orders Prohibiting Movant From Asserting All of Her Claims as to The Deed Of Trust, Validity of The Transfer of Lien (i.e. Walker NCT Records) Which Is Not Subject To *Res Judicata*.** The Modified Order" at "Articles" (pg. 127), Article 15.A included provisions for the bankruptcy court jurisdiction as follows:

A.   **Retention Of Jurisdiction. This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction .... over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the**

**Chapter 11 Cases, the Original Plan or this Modified Plan,** or (iii) that relates to the following:

*********

5. **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates or **property abandoned or transferred by the Debtors or the Estate;**

*********

7. **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**

*********

17. to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. **Proceedings to recover assets of (i) the Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located**....

76.    In the First Lawsuit, despite the undisputed multiple New Century Mortgage Corporation bankruptcy notices the Movant provided to the Defendants Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann, PC in multiple hearings and in pleadings between 2015-2016, the Defendants continued to willfully and intentionally file motions for summary judgment to obtain court orders aiding and abetting their effort to obtain property from the Debtors Estate (New Century Mortgage Corp.) without filing a timely claim or motion to lift the stay in the U.S. Bankruptcy Court as follows:

a) **_October 13, 2015 - Order on Defendants' First Amended Special Exceptions_:** On October 13, 2015, the trial court (Judge Saldana) entered an order on Wells Fargo special exceptions prohibiting Movant from asserting in the state court, all of her claims and presenting evidence of the New Century Liquidating Trust interest in her mortgage loan.  Specifically, the trial court order struck the Movants claims challenging the **"Deed of Trust"** and the "**validity of the transfer of lien**" which deprived the Movant due process and from proving a broken chain of title from New Century Mortgage Corp. to New Century Liquidating Trust to any other entity.

b) **_November 10, 2015 -  Order On Wells Fargo Motion For Summary Judgment (Loan Accounting):_**  On November 10, 2015 the trial court (Judge Pozza) entered an order granting Wells Fargo motion for summary judgment on loan accounting in connection with property (i.e. mortgage

loan) belonging to the Debtor Estate (New Century Mortgage) and disregarded evidence of the Movant's timely remitted loan payments.

c) ***March 3, 2016 - Order On Wells Fargo Motion For Summary Judgment (Counterclaim for Foreclosure):***    On March 3, 2016, (Judge Saldana) granted Wells Fargo summary judgment on their counterclaim for foreclosure and ordered the Movant to pay "Wells Fargo" (*not* New Century Liquidating Trust), **$356,217.31**.

More significant, the March 3, 2016 foreclosure order was prepared by Wells Fargo and Ocwen attorneys Mark D. Cronenwett and Jeffrey A. Hiller. They placed language in the order altering the terms of the Deed of Trust where Debtor New Century Mortgage Corporation was identified as the "lender" and sole "Beneficiary".

The trial court signed the March 3, 2016 foreclosure order and falsely identified Wells Fargo as the "...**Beneficiary of the Deed of Trust representing a valid and *first lien* on the Property...**". *Id. (emphasis added).*

When obtaining the March 3, 2016 court order for foreclosure in *Cause No. 2011-CI-02839* without filing a timely claim or lifting the stay, and which ordered a foreclosure to the "property that is collateral for the Note", that was a threat to foreclose on property of the Estate of Debtors. And by providing Movant a copy of this March 3, 2016 foreclosure order, the Defendants sought to obtain possession, exercise control, or enforce a lien against property belonging to the Debtor Estate and ran afoul of the November 20, 2009 Modified Order injunction and automatic stay imposed by the U.S. Bankruptcy Court. Id.

77.    ***Movant 2016 Communication With Trustee, New Century Liquidating Trust***: Between 2015 - 2016 and prior to the entry of the March 3, 2016 foreclosure order in the First Lawsuit, the Movant contacted the New Century Liquidating Trust to inquire about the suspicious litigation in the First Lawsuit with Wells Fargo and to determine who the "owner and holder" of her mortgage loan was.

78.   On multiple occasions, the Movant personally spoke to Alan Jacobs, the Liquidating Trustee of the New Century Liquidating Trust ("NCT") and also spoke to attorneys representing the NCT.

79.   Through her communications with Alan Jacobs and the NCT attorneys, it was the Movant's understanding that the New Century Liquidating Trust (NCT) became the successor "owner and holder" of her mortgage loan after New Century Mortgage Corporation transferred all of their assets to the NCT in August 2008 and the NCT held her mortgage loan records. It was also the Movant's understanding that Wells Fargo was *never* in her chain of title.

80.   Following her communications with Alan Jacobs and the NCT attorneys, Alan Jacobs personally facilitated the Movant's request to obtain a copy of her NCT bates stamped and authenticated June 15, 2006 mortgage loan records that were transferred from her original lender New Century Mortgage Corporation to the New Century Liquidating Trust in August 2008 through the May 10, 2016 *Declaration of Donna E. Walker Concerning Records Produced By The Liquidating Trust.* In relevant part, Donna Walker swore:

> "...I, the undersigned, Donna E. Walker, pursuant to 28 U.S.C. § 1746, declare that: 1. **I was an employee of New Century Mortgage Corporation ("NCMC") before it filed for bankruptcy**, and I am presently a consultant for the liquidating trustee of the New Century Liquidating Trust (the "Trust"), established pursuant to a confirmed Chapter 11 plan of liquidation (the "Plan") of New Century TRS Holdings, Inc. and its affiliated debtors (the "Debtors"), including NCMC. **The Trust is the custodian of documents and electronic data for the Debtors and has maintained such documents and electronic data turned over to the Trust by the Debtors since the effective date of the Plan**. 2. **In response to a request for <u>documents made to the Trust</u> by Nancy Alanis ("Alanis"),** the Trust searched its files and produced to Alanis the files identified as bates range NC_Alanis_00000001-NC_Alanis_0000885 (the "Produced Files"). **The Produced Files were provided to Alanis on or about April 21, 2016....**"

81.    Among the records the Movant was provided by the Liquidating Trustee, was her Deed of Trust and Note.  The Movant discovered the Trustee of the New Century Liquidating Trust (NCT) held her Note with "**NO Indorsement**" thereon.  Additionally, the NCT records provided to the Movant did not include any assignment from either New Century Mortgage Corporation or the New Century Liquidating Trust to Wells Fargo or any entity. *Id.*

82.    In material contrast to the authenticated and bates stamped New Century Liquidating Trust records the Movant was provided, in the First Lawsuit Wells Fargo attorney Mark Cronenwett filed and recorded for ,his clients, a fabricated *indorsed* Note with an unauthorized "Steve Nagy" indorsement thereon and falsely swore "…**this copy has been made from the actual original Note**…".

83.    The Mark Cronenwett indorsed Note was a fabrication that stood in stark contrast to the NCT authenticated actual Alanis Note with *"No Indorsement"* and therefore, was *not* made from the actual original Note held by the New Century Liquidating Trust.

84.    Further, in (par. 15) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore *under the penalty of perjury* that "…**the original Note, with the indorsement, is presently kept in the offices of Mackie Wolf Zientz & Mann,** PC, 14160 North Dallas Parkway, Suite 900, Dallas Texas 75243….**The original Note was assigned only once, from New Century to Wells Fargo**….".  The Gina Feezer sworn statements were patently false and contradicted the Donna Walker affidavit regarding the Movant's mortgage loan records that were transferred from New Century Mortgage Corporation to the New Century Liquidating Trust in August 2008.

85.    Further, on the face of the fabricated February 2, 2011 Transfer of Lien, Ocwen Manager Christina Carter acting *without* authority as the "attorney-in-fact" for New Century Mortgage Corporation falsely swore the Wells Fargo agreements with the 2008 liquidated New

Century, were entered into on "September 1, 2010" and the Transfer of Lien was purportedly executed on February 2, 2011. *Id.* Thus, Wells Fargo could only have obtained the alleged "Steve Nagy" indorsed Note on or after "September 2010".

86.     ***May 23, 2012 U.S. Bankruptcy Reporter Record & Sworn Testimony of Alan Jacobs on Prohibited Steve Nagy Indorsements & Only New Century Employees Authorized To Execute Documents For The Trust:*** The Christina Carter, Gina Feezer and Mark Cronenwett sworn statements were patently false and stood in stark conflict with the Liquidating Trustee Alan Jacobs sworn testimony provided during a May 23, 2012 New Century Mortgage U.S. Bankruptcy case where Alan Jacobs summarized that a "Steve Nagy" stamp placed on any Note on or *after* "August 2008" was prohibited and unauthorized by the New Century Liquidating Trust.  Alan Jacobs further testified that only "New Century" employees (*not* Ocwen employees) were authorized to execute documents for the Trust.

87.     Therefore, the 2.2.11 Transfer of Lien was fabricated and void as a matter of law because "Ocwen" manager Christina Carter executed the instrument acting as an "Ocwen" employee, *not* a New Century employee.

88.     As further proof there was *never* an assignment executed between New Century Mortgage Corporation and Wells Fargo, the Trustee for the New Century Liquidating Trust also provided the Movant the authenticated and bates stamped May 17, 2006 letter agreements executed between New Century Mortgage Corporation and Barclays Bank (*not* Wells Fargo) which conflicted with all of the Wells Fargo *false* sworn assignment dates with New Century Mortgage between 2006-2011.

89.     Through the New Century Liquidating Trust authenticated records by Donna Walker, the Movant discovered New Century Mortgage Corporation only sold an "Interest" in her

mortgage loan to Barclays Bank, *not* Wells Fargo.   The letter agreements at (par. 11) read in

relevant part as follows:

> "…11.   It is the intention of the parties that the Purchaser is purchasing,
> and the Seller is selling, **interests in the Mortgage Loans and not a debt**
> **instrument of the Seller or other security**.   **Accordingly, each party**
> **intends to treat the transaction for federal income tax purposes as a**
> **sale by the Seller, and a purchase by the Purchaser, of an ownership**
> **interest (the "Ownership Interest") in the Mortgage Loans…".** *Id.*

90.      According to the Modified Confirmation Order at (pg. 38, par. 51), the Court

ordered a cancellation of all agreements and Interests of holders as follows:

> "…51.   **Cancellation of Instruments and Agreements.**   As of the
> Original Effective Date subject to the occurrence of the Modified
> Effective Date…**all notes, agreements and securities evidencing**
> **Claims and Interests and the rights thereunder of the holders**
> **thereof were, with respect to the Debtors, canceled and deemed**
> **null and void and of no further force and effect…"** *Id.*

91.      ***Movant's May 24, 2016 Plea To Jurisdiction Hearing:***   Thereafter, the Movant

filed a plea to the jurisdiction ("plea") in the First Lawsuit and attached her New Century

Liquidating Trust authenticated and bates stamped mortgage records.   The plea was heard on May

24, 2016 and Wells Fargo filed no response or objections to the Movant's New Century

Liquidating Trust evidence and the trial court (Judge Noll) denied the plea. *(emphasis added).*

92.      During the hearing, the court misled the Movant and advised her to use her NCT

records against other parties who were not claiming an interest in her loan and was prohibited from

asserting all of her claims in state court.

93.      Specifically, the Movant was not allowed to admit her Donna Walker affidavit and

attached bates stamped evidence. The trial court deprived the Movant the right to prove a broken

chain of title from "New Century Mortgage Corporation" and successor-in-interest "New Century

Liquidating Trust" to Wells Fargo.   Additionally, the trial court also refused to permit the Movant

28

to make an "offer of proof" and the Movant's plea argument is contained in the 5.24.16 Reporter

Record as follows:

**Ms. Alanis:**     Your Honor, I'm going to object on the record to the mischaracterization by Mr. Hiller. We were just in the courtroom of Judge Walsh, and Judge Walsh told Mr. Hiller that before a court can hear his motion to sever the plea to the jurisdiction needs to be heard.

**The Court:**     All right.

**Ms. Alanis:**     It needs to be heard.

**The Court:**     I have considered that. Your motion is overruled so let's go ahead. I have heard it. It's overruled. What's the next argument?

**Ms. Alanis:**     Your Honor, you have heard my plea to the jurisdiction?

**The Court:**     I read your plea in here. You presented to me a book which is about three inches thick that has pleadings in it and references prior orders, and I think this issue has been ruled on previously. There's no need for going any further with it. So that- -

**Ms. Alanis:**     **Your Honor - -**

**The Court:**     **In my opinion, it's previously been overruled. If it hasn't been, it's overruled now.**

**Ms. Alanis:**     **Your Honor, may I respond?**

**The Court:**     **Yes**

**Ms. Alanis:**     **There is new evidence I obtained after the entry of that March 3rd, 2016 partial summary judgment order by Judge Saldana. When I - - I had filed a partial - - plea to the jurisdiction and Judge Walsh heard it on February 17, 2016. Judge Walsh advised that there were records that needed to be obtained in order to make a determination on the plea to the jurisdiction. Otherwise it would be denied.**

**I exercised due diligence. I contacted the New Century Liquidating Trust. I obtained records from the New Century Liquidating. And if you have read my - - if you have read the plea and looked at the records, you will see that the trust provided records showing Wells Fargo never had an interest in my note and deed of trust. Only Barclays Bank purchased an interest in my mortgage loan.**

> **And I would like - - As part of the plea to the jurisdiction, I would like to admit the records into evidence that I attached to my pleading for this - - you know, to make a record for the court of appeals; that I attached these and that I am apprising this court of these records that I just obtained after the entry of the March 3, 2016 - -**

**The Court:**   **It would seem to me you can use that in our case against Barclays or Ocwen, whoever it is, but your request to admit it in this hearing is denied. All right. Go ahead.**

**Ms. Alanis:**   **May I make an offer - - Are you saying I can't admit my exhibits into the record?**

**The Court:**   **That's correct.**

94.     The trial court in the First Lawsuit (Judge Noll) also granted Wells Fargo motions to quash the Movant's written discovery requests which prohibited her ability to prove her claims against Wells Fargo et al.

95.     ***The "Judges Notes" and Ex Parte Communications With Wells Fargo Attorneys***: During the litigation, a clerk provided the Movant a copy of Judge Saldana "Judges Notes" dated September 25, 2015 that were faxed to the Wells Fargo attorneys (Mark Cronenwett and Jeffrey Hiller), *not* the Movant's attorney, Philip Ross. The Judges Notes contained an orchestrated plan for select judges to hear the Movant matters not yet set for hearing.

96.     After September 25, 2015, **Judge Saldana, Judge Pozza, Judge Arteaga** and **Judge Noll** were each assigned to hear matters in the Movant's litigation. During hearings set after 9.25.15, each judge ignored Movant's evidence of timely remitted payments, fabricated transfer of lien, expert report and/or Donna Walker affidavit and bates stamped Movant mortgage records and signed orders favorable to Wells Fargo which deprived the Movant of having a full and fair hearing, due process and from asserting all of her claims in state court.

97.     The Mark Cronenwett billing records acknowledged receipt of the Judges Notes at Entry dated 9/28/2015 and states: "…*receipt and review of judges letter ruling on our special exceptions and plea to jurisdiction*…" The entry omits reference to the Judges orchestrated plan to hear the Movant matters not yet set for hearing.

98.     ***Mark Cronenwett 10.24.18 Email To Movant (Sheriff's Sale / Recorded Deed):*** Without filing a motion for relief from stay or complying with the U.S. Bankruptcy Court stay and injunction orders, Wells Fargo asserted a false claim against property belonging to the Debtors Estate (New Century Mortgage Corporation) when enforcing the March 3, 2016 foreclosure order obtained in the First Lawsuit and permitting the sheriff to execute a writ for foreclosure sale in September 2018 and record a Sheriff's Deed relying on the March 3, 2016 state court order which falsely alleged, the Movant owed "Wells Fargo" sums totaling **$421,653.83.** Wells Fargo attorney Mark Cronenwett emailed the Movant proof of the September 2018 Sheriff's sale and recorded deed on October 24, 2018.

99.     ***November 29, 2018 Judgement On Forcible Detainer & Bond:***  Without filing a motion for relief from stay or complying with the U.S. Bankruptcy Court stay and injunction orders, Wells Fargo asserted a false claim against property belonging to the Debtors Estate (New Century Mortgage Corporation) when filing a forcible detainer relying on the March 3, 2016 state court order and obtaining a void November 29, 2018 judgment on the same *(Cause No. 32E 180 3776)*.  The Movant was required to post a bond in the amount of **$6,000 to appeal to the county court.**

100.     ***County Court Bond & Appeals:*** When Wells Fargo prevailed in the county court, the Movant was required to post a **$13,500** bond to stop the eviction and appeal to the Fourth Court of Appeals. The court of appeals ignored the Movant's evidence of a Wells Fargo fake default,

Wells Fargo fabricated Transfer of Lien and the New Century Bankruptcy case evidence and affirmed the trial court judgment and order for eviction. (Appeal No. 04-19-00461-CV). The Movant timely filed a motion for extension of time to file a petition for review with the Texas Supreme Court, (Case No. 20-0798) which is currently pending.

101.    ***Bill of Review and Appeal:***  The Movant also filed a Bill of Review in February 2019 in the state court in *Cause No. 2019-CI-03042* and appealed summary judgment orders to the Fourth Court of Appeals.  The court of appeals ignored the Movant's evidence of a Wells Fargo fake default, Wells Fargo fabricated Transfer of Lien based on new evidence, the uncontroverted Movant's Expert Report and the New Century Bankruptcy case evidence and affirmed the trial court judgment and order denying Movant's bill of review.  (Appeal No. 04-19-00764-CV). The Movant timely filed a motion for extension of time to file a petition for review with the Texas Supreme Court, Case: 20-0803 which is pending.

102.    ***Appeal In First Lawsuit:***  In connection with the First Lawsuit, the Movant timely appealed trial court orders in *Cause No. 2011-CI-02839.*  The court of appeals ignored the Movant's evidence of a Wells Fargo fake default, Wells Fargo fabricated Transfer of Lien, uncontroverted Movant's Expert Report and the New Century Bankruptcy case and issued an April 4, 2018 Memorandum Opinion and affirmed the trial court judgment and order for foreclosure. (Case No. 01-17-00069-CV).

103.    Following the April 4, 2018 Memorandum Opinion, the Movant filed a petition for review and sought sanctions against Wells Fargo at the Texas Supreme Court (No. 18-0617). Wells Fargo filed an August 6, 2018 *Response To Petitioner's Motion For Sanctions* and continued to conceal the New Century Mortgage Corporation "Beneficiary" status.

104.    Wells Fargo made patently false statements in pleadings to the high court and falsely alleged Wells Fargo was the current mortgagee.    More significant, Wells Fargo contradicted their Transfer of Lien purportedly executed with assignor New Century Mortgage Corporation, and falsely identified the **"original lender"** of the Movant's mortgage loan in par. 5, as **BARCLAYS**, when they knew Barclays was *never* the Movant's original lender as follows:

> "...(Par. 5)...On December 14, 2016, the Fourth Court of Appeals in San Antonio under Case No. 04-16-001210CV (the First Appeal) issued a Mandate reversing and remanding the Trial Court's Order severing Petitioners claims against **Barclays Capital Real Estate, Inc, formerly d/b/a HomEq Servicing (Barclays), the original lender**....(Par. 9) **As of the time the Notice of Writ was served, the judgment amount was $702,339.83 plus any additional costs incurred...**".

105.    *TransUnion Credit Report & Concealed Wells Fargo Foreclosure To Debtors Property & Alleged Debt Owed By Movant*:  On September 28, 2020 the Movant pulled her credit reports from TransUnion, Experian and Equifax.  Oddly, no adverse reporting as to the sums she is alleged to owe Wells Fargo (i.e. $702,339.83) appears in any of the credit reports.  And there is no adverse reporting of a 2018 sheriff's foreclosure sale.  Movant believes Wells Fargo intentionally is concealing the theft of property belonging to the Debtor Estate of New Century Mortgage.

106.    *Wells Fargo, As Trustee Fabricated Assignments With Other Texas Homeowners*:  The Movant researched other Wells Fargo, As Trustee cases involving the New Century Liquidating Trust and discovered Wells Fargo, *As Trustee* also fabricated the Transfer of Lien in connection with Houston residents.  Specifically, on November 10, 2015 the Houston, Texas jury in *Wolf v Wells Fargo (Cause No. 2011-36476)* awarded the Wolf's 5.4 million finding Wells Fargo lacked standing to pursue a foreclosure action when relying on a October 15, 2009 assignment purportedly executed between Wells Fargo, As Trustee and New Century Mortgage Corporation, an "August 2008" liquidated entity.  The Wolf's October 15, 2009

Transfer of Lien was *not* executed with "**New Century Liquidating Trust Successor-In-Interest to New Century Mortgage Corporation**". *See* **LINK:**

https://www.hughesellzey.com/news/wells-fargo-carrington-must-pay-5m-in-foreclosure-row

107.    *Defendants' Violations of the US Bankruptcy Stay, Injunction and Damages*: Between 2010-2020, the Movant has been fighting to defend and protect her property rights against Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann, PC.   Among other things, she closed her very successful 15-year seasonal business in 2015 and materially altered her life to challenge the unauthorized and unlawful Wells Fargo 2011 acceleration and March 3, 2016 order for foreclosure.  As a result of her daily absence from her business, the Movant suffered substantial financial injury. The Movant has forgone employment opportunities and suffered undetermined revenue loss between 2015- 2020 after closing her business.   The Movant has also lost the goodwill created with the public and businesses that she cultivated between 1999 and 2014.   The Movant also ceased with the annual charitable fundraisers for local high school athletics and the Boys & Girls Club that raised over $100,000 between 2000-2014 through her business.

108.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and prevented her from maintaining a daily presence at her business from 2015 onward.  In February 2019, homeless people started a fire to keep warm and the fire traveled to the Movant's closed business and caused substantial damage. To rebuild her business will cost approx. **$3,000,000.00** which includes and is not limited to, multiple engineering fees (mechanical, architect, electrical, etc.), building materials, designing new room scenes, purchasing new props, labor, media promotions, code compliance fees and travel.

109.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and her ability to pay property taxes. In 2015, the taxing authority advised the Movant they were only

accepting tax payments from the loan servicer Ocwen and required the Movant to file for a refund of her tax payment.

110.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and forced her to retain attorneys to challenge Wells Fargo fake defaults, fabricated assignments and file lawsuits to stop their foreclosure and address compliance with the New Century Bankruptcy case.  The New Century mortgage loan was valued at **$193,500 and the 2013 acceleration notice sought $222,256.14 from the Movant**. In violation of US Bankruptcy Court stay and injunction orders, Wells Fargo mailed the Movant a notice of acceleration which caused her to hire attorney Loren Peters and remit payment to him of approx. **$12,000** to help defend and protect her property rights.   Loren Peters also filed the First Lawsuit in *Cause No. 2011-CI-02839* and thereafter, the Movant incurred attorney fees of approx. **$200,000** with attorney Philip Ross.  The Movant also had to obtain the services of a securitization expert and incurred fees of **$20,000.**

111.    When Wells Fargo obtained a March 3, 2016 foreclosure order in *Cause No. 2011-CI-02839,* they were awarded **$356,217.56** plus attorney fees of **$185,364** (almost the value of the Movant's mortgage loan) which was concealed from the Trustee of the New Century Liquidating Trust and Debtor Estate.  Wells Fargo was also awarded expenses of **$7,671.28**;  **$2,500** to respond to a motion for new trial; **$10,000** for an unsuccessful appeal and **$2,500** for a response to an unsuccessful petition for review.

112.    The 2018 Sheriff's Deed alleges the Movant owes Wells Fargo **$421,653.83.**    In their August 6, 2018 *Response To Petitioner's Motion For Sanctions*, Wells Fargo attorney Mark Cronenwett stated in the pleading that "...**As of the time the Notice of Writ was served, the judgment amount was $702,339.83 plus any additional costs incurred...**"

113.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and the Movant was required to retain attorney David Kirkendall to challenge an unlawful Wells Fargo eviction order and incurred legal fees of **$3,000.** Wells Fargo obtained an eviction order in the justice court *(Cause No. 32E 180 3776)* and the Movant had to post a bond with the justice court and the county court totaling approx. **$19,500.** In 2020, when a Sheriff's three-day eviction notice was placed on the Movant's front door, many neighbors stopped by to inquire about the eviction.

114.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and forced her to separately, pay attorneys for appeal work and incur Clerk Record and Transcript costs in excess of **$20,000** between the First Lawsuit and Second Lawsuit.

115.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and interfered with her ability to obtain mortgage loans.  When the Movant applied for loans and had to disclose on lender applications the Wells Fargo unlawful foreclosure order and sheriff's sale, she was denied mortgage loans without a credit check.

116.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and caused her homeowners association to deny her the ability to make necessary improvements to her property because Wells Fargo is the current record owner of the property.  This has caused additional repair issues exceeding **$100,000.**  The Movant reported this issue to Wells Fargo attorney Dwayne Danner with McGlinchey Stafford in 2020 and he did nothing to correct the false Wells Fargo representations and false records filed in the state court litigation and used on appeal.

117.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and caused the Fourth Court of Appeals to render multiple opinions defaming her good name.  The Fourth Court of Appeals opinions rendered in favor of Wells Fargo when violating bankruptcy stay and injunction orders has severely tarnished and defamed the Movant's good name and will be

published in perpetuity on legal research sites such as Lexis, Westlaw, Pacer and the internet and those damages far exceed **$5,000,000.00**.  Since the publication of the Fourth Court of Appeals opinions in connection with her litigations with Wells Fargo, attorneys and pro se litigants from all over Texas routinely contact the Movant to discuss their cases against Wells Fargo and inquire about her legal research tools and methods used to investigate Well Fargo deceptive conduct. Given the history of Wells Fargo deceptive business practices, the Movant expects those telephone calls to continue in the future.

118.    Wells Fargo et al deceptive acts interfered with the Movant's property rights and forced her to retain an attorney to file a Chapter 13 petition to address Wells Fargo et al violations . of the U.S. Bankruptcy Code, Rules and non-compliance with the November 20, 2009 Modified Order in connection with her original lender and Debtor New Century Mortgage Corporation. Filing Chapter 13 and a motion to reopen the New Century Mortgage TRS Holdings bankruptcy case will cost Movant in excess of **$6,000** and cripple Movant's credit report for the following three years.

119.    Perhaps most important, because Wells Fargo failed to comply with the U.S. Bankruptcy Court stay and injunction orders, the Movant lost the ability to travel between 2010-2015 and care for her elderly parents who resided in another state.   The Movant's mother passed away in 2010 and her father passed away in 2015, during the period Wells Fargo asserted a false claim in her mortgage loan which belonged to the Estate of the Debtor, New Century Mortgage Corporation and the New Century Liquidating Trust as successor-in-interset and forced the Movant to launch a litigation to protect and defend her property rights. The Movant has also lost opportunities to travel and spend quality time with family and friends due to the focus required in the litigation.

120.    After discovering the November 20, 2009 Modified Confirmation Order in 2020 and Wells Fargo et al violations of the same, the Movant intends to file an adversary proceeding with claims to include but not limited to FDCPA and TILA violations.

**D.**

**Legal Standard**

121.    Pursuant to Section 350(b) of the Bankruptcy Code, a bankruptcy court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." [10]

122.    Whether to reopen the case is within the discretion of the bankruptcy court.[11] "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings." [12]

123.    Enforcement of the automatic stay arises under 11 U.S.C.S. § 362 and is a core proceeding that may be heard and determined by a bankruptcy judge. 28 U.S.C.S. § 157(b)(2)(G).

124.    The Movant bears the burden of demonstrating circumstances sufficient to justify the reopening of the bankruptcy case. [13] Courts consider a variety of non- exclusive factors when deciding whether to reopen a case, including:

  (i)      the length of time that the case was closed;

  (ii)     **whether a non-bankruptcy forum, such as a state court, has the ability to determine the dispute to be posed by the debtor were the case reopened;**

---

[10]  11 U.S.C § 350(b); *see also* Fed. R. Bankr. P. 5010

[11]  *In re Rashid,* Civ. No. 04-1585, 2004 WL 2861872, * 3 (E.D. Pa. Dec. 13, 2004) (citing *Donaldson v. Bernstein,* 104 F.3d 547, 551 (3d Cir.1997); *Judd v. Wolfe,* 78 F.3d 110, 116 (3d Cir.1996)). A decision denying a motion to reopen "is binding on review absent a clear showing that there was an abuse of discretion." *Batstone v. Emmerling (In re Emmerling),* 223 B.R. 860, 864 (B.A.P.2d Cir.1997) (citations omitted).

[12]  *Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1018 (5th Cir.1991)

[13]  *Rashid,* 2004 WL 2861872 at *3 (citing *In re Cloninger,* 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); *In re Nelson,* 100 B.R. 905 (Bankr. N.D. Ohio 1989)).

     (iii)    whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties;

    **(iv)**    **whether any parties would be prejudiced were the case reopened or not reopened;**

    **(v)**    **the extent of the benefit which the debtor seeks to achieve by reopening**; and

    (vi)    whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened. [14]

## E.

## Argument

125.    Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The phrase "other cause" is not defined by the Bankruptcy Code. However, the Fifth Circuit Court of Appeals has held that the phrase "is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *Matter of Case*, 937 F.2d 1014, 1019 (5th Cir. 1991) (citing *In re Rosinksi*, 759 F.2d 549, 540-41 (6th Cir. 1985); *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984)).

126.    Pursuant to the November 20, 2009 Modified Confirmation Order, post confirmation, the U.S. Bankruptcy Court (*not* the state court) had exclusive jurisdiction to hear any matter related to the Chapter 11 case, the Original Plan or the Modified Plan **including hearing matters related to the assets of the Estates and determine the extent, validity, and/or priority**

---

[14]  *In re Fansteel, Inc.*, Case No. 02-10109, 2017 WL 3822724, *5 (Bankr. D. Del. Aug. 8, 2017) (citing *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007) (citations omitted)).

**of any Lien asserted against property of the Debtors** or the Estates **or property abandoned or transferred by the Debtors or the Estate**.[15]

127.   When a matter comes within the bankruptcy court's exclusive jurisdiction however, general preclusion rules and the *Rooker-Feldman* doctrine do not apply. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39, 84 L. Ed. 370, 60 S. Ct. 343 (1940).

128.   "Various courts have concluded that matters requiring a declaration of whether certain property comes within the definition of property of the estate as set forth in Bankruptcy Code §541 are core proceedings." *Touch Am. Holdings, Inc.*, 401 B.R. 107, 117 (Bankr. D. Del. 2009). [16]

129.   To determine whether a proceeding is a "core" proceeding, courts must consult two sources. First, a court must consult 28 U.S.C.S. § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core" 28 U.S.C.S. § 157(b)(2)(A)-(O). Second, the court must apply this court's test for a "core" proceeding. Under that test, a proceeding is core if it invokes a substantive right provided by Title 11 or 2 if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.

---

[15] November 20, 2009 *Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009* ("Modified Order") at "Articles" (pg. 127), Article 15.A.

[16] Exclusive jurisdiction exists over "core" proceedings. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) ("The separation of "core" and "non-core" proceedings . . . creates a distinction between those judicial acts deriving from the plenary Article I bankruptcy power and those subject to general Article III federal court jurisdiction."); *see also* 28 U.S.C. § 157. A "'core proceeding' is one 'that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Gruntz*, 202 F.3d at 1081 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). **Core proceedings include**, but are not limited to: confirmation of plans (28 U.S.C. § 157(b)(2)(L)); motions to terminate, annul, or **modify the automatic stay** [or permanent discharge injunction of § 524] (28 U.S.C. § 157(b)(2)(G)), *see McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 n.9 (9th Cir. 2002) (actions relating to the § 524 discharge are "core" proceedings); and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship . . . ." (28 U.S.C. § 157(b)(2)(O)).

130.    Pursuant to 28 USCS § 157(b)(2) Core proceedings include, but are not limited to:

**(E)  orders to turn over property of the estate;**

**(G)** motions to terminate, annul, or **modify the automatic stay**;

**(H)  proceedings to determine, avoid, or recover fraudulent conveyances;**

**(K)  determinations of the validity, extent, or priority of liens;**

**(N)** orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)  other proceedings affecting the liquidation of the assets of the estate** or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and….

131.    Pursuant to the November 20, 2009 Modified Confirmation Order, the stay and injunction was effective through the dissolution of the trust and prohibited "… **(iii)  any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates** …and **(iv) any act to create, perfect, or enforce any lien against property of the Estates**…." [17]

132.    Upon commencement of a case under title 11, the bankruptcy judges have exclusive authority over, among other things, property of the estate under 11 U.S.C.S. § 541(a). 28 U.S.C.S. § 1334(e)(1) and § 157(a). All matters affecting property of the estate must begin with the presiding bankruptcy court. To protect this exclusive jurisdiction, subsections (a)(2), (3), and (4) of 11 U.S.C.S. § 362 operate as a stay against "all entities" from enforcing a prepetition judgment against property of the estate, obtaining possession of property of the estate, exercising control over property of the estate, or creating, perfecting, or enforcing any lien against property of the estate.[18]

---

[17]  November 20, 2009 Modified Order (pg. 13, par. 9) and (pg. 15, par. 10)

[18]  Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 2002 Bankr. LEXIS 152 (Section 541(a) of the Bankruptcy Code defines "property of the estate" and provides

133.    When the Modified Confirmation Order ordered the Dissolution of the Debtors,
**all of the New Century Mortgage Corporation assets transferred to the New Century
Liquidating Trust on the Effective Date (August 1, 2008) and no assets to revest back to the
Debtors.** [19]

134.    The Modified Confirmation Order authorized New Century Liquidating Trust
(NCT) as the "successor" to the Debtors. [20]

135.    The Modified Confirmation Order also authorized a Relief from Stay [21] in relevant
part as follows:

> **"...(i) all orders of the Court entered during the Chapter 11 Cases, ...**
> shall remain in full force and effect following the Modified Effective Date, **(ii)
> to the extent that the Liquidating Trust or any third parties file motions
> prior to the Modified Effective Date seeking relief from the automatic
> stay imposed by section 362 of the Bankruptcy Code, any order of the
> Court granting such relief,** including, without limitation, the Stay
> Termination Order, **shall supersede this Order, and (iii) following the
> Modified Effective Date, parties may seek relief from all injunctions or**

---

that **the estate includes "all legal or equitable interests of the debtor in property as of the
commencement of the case." 11 U.S.C. § 541(a)(1). Various courts have concluded that matters
requiring a declaration of whether certain property comes within § 541's definition of "property of
the estate"  are core proceedings.** See Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In
re Continental Airlines), 138 B.R. 442, 445 (D.Del. 1992) **(A determination regarding "property of
the estate" is a core proceeding);** All American Laundry Service v. Ascher (In re Ascher), 128 B.R.
639, 643 (Bankr.N.D.Ill. 1991)**(When a debtor and its creditors claim interests in property
asserted to be part of the estate, the bankruptcy court has core jurisdiction to adjudicate all of
those interests);** Knopfler v. Schraiber (In re Schraiber), 97 B.R. 937, 939-40 (Bankr.N.D.Ill.
1989)(Bankruptcy court has core jurisdiction to determine what is estate property and can apply state law
or any other relevant authority in making such a determination).  **"[A] determination of what
is "property of the estate" and concurrently, of what is available for distribution to creditors of
that estate, is precisely the type of proceeding over which the bankruptcy court has exclusive
jurisdiction."** Ascher, 128 B.R. at 643. This is so, even though such a determination may rest upon
interpretation of state law. Continental, 138 B.R. at 445 ("The determination of each party's interest in
the property is made by reference to the applicable state's law, Butner v. United States, 440 U.S. 48, 55-
56, 99 S. Ct. 914, 917-919, 59 L. Ed. 2d 136 (1979), and the Bankruptcy Code determines whether that
particular interest may properly be included in the "property of the estate".").

[19] November 20, 2009 Modified Order at (pg. 24, par. 21)(pg. 22, par. 17)
[20] November 20, 2009 Modified Order at (pg. 37, par. 50)
[21] November 20, 2009 Modified Order at (pg. 16, par. 11)

**stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, <u>upon sufficient notice and a hearing</u>.....”**

136.    Courts have extended the stay to non-debtor third parties. *Id.*  A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 1986 U.S. App. LEXIS 24563, 15 Collier Bankr. Cas. 2d (MB) 235, 14 Bankr. Ct. Dec. 752, Bankr. L. Rep. (CCH) P71,094.  Such unusual circumstances may be found, at least, where: (i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization. *Id.; accord In re Loewen Group Inc.*, No. 986740, 2001 U.S. Dist. LEXIS 6482, at *3-4 (E.D. Pa. 2001).

137.    Here, the "unusual circumstances" to warrant the extension of the section 362(a) stay are present. As detailed above, (1) because the Debtor owed potential contractual and common law duties to the Non-Debtor through the September 15, 2006 loan servicer notice where all loan terms remained the same including the "Beneficiary" status of the Debtor (New Century Mortgage Corp.), the interests of the Debtors and Non-Debtor in the state action are identical, and (2) the diversion of property of the Debtors to Wells Fargo caused by the state action against the Non-Debtor impacted the Debtors' ability to engage in an equitable liquidation of all of the Debtors property.

138.    The court in *Potter v. Newkirk*, 2020 U.S. Dist. LEXIS 194033 held in relevant part:

**"...Put differently, a violation of the automatic stay directly interferes with the exercise of exclusive jurisdiction over all the debtor's property and the equitable distribution of that property among the debtor's creditors..."**

"...When the automatic stay has been violated, the relevant provision is 11 U.S.C. § 362(k)(1). It provides "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). For a plaintiff to prove violation of an automatic stay, he must show that (1) the offending party violated the stay; (2) the violation of the stay was willful; and (3) the willful violation must have been caused debtor some

injury. *Renzulli v. Ullman* (In re Renzulli), Nos. 15-14918-ABA, 15-01983-ABA, 2015 Bankr. LEXIS 4439 at *(Bankr. D.N.J. Nov. 23, 2015).

A willful violation does not require a "specific intent" to violate the automatic stay. *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990). Rather, for a violation to be "willful" the defendant needs to know of the stay and the conduct that violates the automatic stay must be intentional. *Id.* **Knowledge of the existence of the bankruptcy case is treated as knowledge of the automatic stay.** *In re Traversa*, 585 B.R. 215, 220 (Bankr. E.D. Pa. 2018). Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was willful. *Cuffee v. Atl. Bus. & Cmty. Dev. Corp.* (In re Atl. Bus. & Cmty. Corp.), 901 F.2d 325, 329 (3d Cir. 1990)...."

139.    It is undisputed that the Movant's original lender and "Beneficiary" as stated in her Deed of Trust was New Century Mortgage Corporation (NCM).

140.    It was also undisputed that on September 15, 2006, New Century Mortgage Corporation (NCM) mailed a letter to Movant advising her that no terms in her mortgage instruments were changing other than the change in "loan servicer".

141.    It was also undisputed that following their voluntary April 2007 bankruptcy filing, the assets of New Century Mortgage Corporation (NCM) were transferred to the New Century Liquidating Trust (NCT) in August of 2008.

142.    Thereafter, the New Century Liquidating Trust (NCT) became the successor-in-interest to the New Century Mortgage Corporation.

143.    In the First Lawsuit and during the pending New Century Bankruptcy case, Wells Fargo filed no motion to lift the stay when filing a February 2015 counterclaim asserting their "owner and holder" status in the Movant's Note and Deed of Trust through the "February 2011" Transfer of Lien purportedly executed between Wells Fargo and the liquidated and non-existent New Century Mortgage Corporation, *not* the successor-in-interest New Century Liquidating Trust.

The Movant's adversary proceeding should also be considered a core proceeding because Wells Fargo Counterclaim constitutes, "in substance, a proof of claim against the estate." [22]

144.    In a February 17, 2016 plea to the jurisdiction hearing filed by the Movant in the First Lawsuit, it was undisputed that the Movant's mortgage loan was transferred to the New Century Liquidating Trust and was property of the Debtors Estate.    And the May 2016 Donna Walker Affidavit confirmed the same. [23]

145.    As evidenced by the May 2010 Walker Affidavit, New Century Mortgage Corporation lacked existence and capacity to assign Debtors property in "2011" because the Movant's Note and Deed of Trust was previously transferred in "August 2008" to the New Century Liquidating Trust, *as successor* to New Century Mortgage Corporation. *Id.*

146.    In the First Lawsuit and during the pending New Century Bankruptcy case, the Movant maintained the February 2, 2011 Transfer of Lien was an unauthorized and void instrument because the New Century Liquidating Trust held her Note and Deed of Trust and they were the successor to New Century Mortgage Corp.

147.    On the face of the "2011" Transfer of Lien, there was a notation to the "March 2005" limited power of attorney used to execute the purported assignment to Wells Fargo from New Century Mortgage Corporation which *predated* the New Century Mortgage Corporation bankruptcy case and was not a power of attorney authorized by the New Century Liquidating Trust during the pending bankruptcy case.

---

[22]    *In re RBGSC Investment Corporation*, 253 B.R. 369 (E.D. Pa. 2000) (the district court held that a state court action asserted pre-petition against the debtor and other non-debtor co-defendants and thereafter removed to the bankruptcy court constituted a core proceeding  because it "amounted to a proof of claim against the estate." Id. at 379)

[23]    May 10, 2016 *Declaration of Donna E. Walker Concerning Records Produced By The Liquidating Trust*

148.    Pursuant to the November 20, 2009 Modified Order, the "March 2005" limited power of attorney was extinguished on the April 2007 petition date of New Century Mortgage Corporation and it was an invalid power of attorney which was not authorized by the New Century Liquidating Trustee on or after the "April 2007" bankruptcy petition date of New Century Mortgage Corporation. *(emphasis added)*.

149.    On the face of the "2011" Transfer of Lien, "Ocwen" manager Christina Carter swore she was acting as "attorney-in-fact" for New Century Mortgage Corporation when the Liquidating Trustee Alan Jacobs swore in a May 23, 2012 U.S. Bankruptcy hearing, that only ten "New Century" employees (*not* Ocwen employees) were authorized to execute documents in behalf of the New Century Liquidating Trust after August 1, 2008.[24]

150.    To reach a proper final judgment on the merits, the state court consideration of the validity of the Deed of Trust, the validity of the Transfer of Lien, the undisputed securitization expert report and the Walker Affidavit with bates stamped and authenticated Movant mortgage records attached thereto were necessary to determine the proper chain of title and whether the Movant's mortgage loan was property that belonged to the Estate of the Debtors.

151.    Pursuant to the Modified Confirmation Order, Wells Fargo filed no timely claim or motion for relief from stay.  The stay was modified by the state court as demonstrated by the March 3, 2016 foreclosure order and the October 13, 2015 Order on Defendants' First Amended Special Exceptions entered in the First Lawsuit which struck all of the Movant's claims challenging the "validity of the Transfer of Lien" and "Deed of Trust" which affected property belonging to the Debtor Estate. *See Brumfield v. La. State Bd. of Educ.,* 806 F.3d 289, 298 (5th Cir.

---

[24] 5.23.12 Reporters Record U.S. Bankruptcy proceeding (Case No. 07-10416 (BLS)

2015) ("An order is void only if the court that rendered it lacked jurisdiction of the subject matter, of the parties, or it acted in a manner inconsistent with due process of law.")

152.    The Movant was prejudiced, deprived due process and further deprived from having a full and fair opportunity to litigate all of her claims to determine the validity of the transfer of lien, the proper chain of title from New Century Mortgage Corporation to New Century Liquidating Trust, Barclays, Wells Fargo and/or any other entity and whether there was property belonging to the Estate of the Debtors since the Movant's Deed of Trust identified New Century Mortgage Corporation as the "Beneficiary", *not* Wells Fargo.

153.    Pursuant to the November 20, 2009 Modified Confirmation Order, Wells Fargo filed no timely claim or motion for relief from stay.  The stay was modified by the state court as demonstrated in the First Lawsuit when the trial court refused to admit in a May 2016 plea to the jurisdiction hearing, the Walker Affidavit with bates stamped and authenticated records attached thereto and entered an order on the same.

154.    The Movant was prejudiced, deprived due process and further deprived from having a full and fair opportunity to litigate all of her claims to determine the validity of the transfer of lien, the proper chain of title from New Century Mortgage Corporation to New Century Liquidating Trust, Barclays, Wells Fargo and/or any other entity and whether there was property belonging to the Estate of the Debtors since the Movant's Deed of Trust identified New Century Mortgage Corporation as the "Beneficiary", *not* Wells Fargo.

155.    Due to the evidence the trial court prohibited the Movant from admitting in legal proceedings in the First Lawsuit, the Movant was deprived of having full and fair hearings on all of her claims. And when the court of appeals affirmed the trial court judgment favorable to Wells

47

Fargo without considering all of the Movant's evidence, the Movant was left to file a Chapter 13

bankruptcy case and this motion to reopen case to protect and defend her property rights.

156.    State court *intrusions* on all 'bankruptcy court orders' *(or other 'core' bankruptcy

proceedings)*" are barred. *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 n.9 (9th Cir.

2002); *Contractors' State License Bd. v. Dunbar (In re Dunbar)*, 245 F.3d 1058, 1060 (9th Cir.

2001) (state court modifications of the automatic stay do not preclude, under the doctrines of

collateral estoppel and res judicata, federal relitigation of the stay's scope and applicability).

157.    In relevant part, the Modified Confirmation Order at (pg. 13, par. 9), provided for

damages that can be recovered for violations of the stay injunction [25] which Movant intends to

invoke as follows:

> **"…Any Person or entity injured by any willful violation of such injunction**
> **may recover actual damages, including costs and attorney fees, and in**
> **appropriate circumstances, may recover punitive damages from the willful**
> **violator…."**

**F.**

**Requested Relief**

158.    For all of the reasons set forth herein and in connection with the Debtors Chapter 11

bankruptcy case in *Case No. 07-10416 (BLS)* and pursuant to 28 USCS § 157(b)(2) Core

proceedings, Movant desires to remit payment to the valid owner and holder of her Note and Deed

of Trust and seeks the entry of order(s) to determine the same with a thirty-day deadline that

includes:

(1)    Reopening the Case;

---

[25]    **Violations of Stay, Damages**
    11 U.S.C.S. § 362(h) provides that any individual victim of a willful stay violation may recover actual
    damages, including costs and attorneys' fees, as well as punitive damages: An individual injured by any
    willful violation of a stay provided by this section shall recover actual damages, including costs and
    attorneys' fees, and, in appropriate circumstances, may recover punitive damages. § 362(k)(1).

(2)   Permitting the Movant to file an adversary proceeding to assert claims and seek damages against Wells Fargo and others working in concert with them pursuant to the Modified Confirmation Order, <u>11 U.S.C.S. § 362(h)</u>;

(3)   Compelling Wells Fargo, As Trustee to show their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an order on their counterclaim for foreclosure in connection with the Movant's mortgage Deed of Trust and the subsequent sheriff's sale and eviction order relying on the foreclosure order;

(4)   Compelling Wells Fargo, As Trustee to show their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an amended special exceptions order modifying the stay and striking the Movants claims challenging the "Deed of Trust" and "validity of the Transfer of Lien".

(5)   Compelling Wells Fargo, As Trustee to show timely filed claims in connection with the Movant's Note and Deed of Trust and the corresponding order on the same.

(6)   Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties written evidence of their negotiations and corresponding proof of all sums and consideration paid for the Movant's Note and Deed of Trust to the New Century Liquidating Trust as Successor In Interest To New Century Mortgage Corporation on or after "September 10, 2010" as stated in the February 2, 2011 Transfer of Lien.

(7)   Compelling Wells Fargo, As Trustee to provide proof of all of their written communications with the New Century Liquidating Trust in connection with the Movant's Note and Deed of Trust and any corresponding order(s) or power of attorneys in support of the same.

(8)   Compelling Wells Fargo, As Trustee to show a valid conveyance to the Movant's Note and Deed of Trust by providing the power of attorney obtained from the New Century Liquidating Trust that authorized the execution of a February 2, 2011 Transfer of Lien using: an "Ocwen" employee to act as the "attorney-in-fact" for the liquidated New Century Mortgage Corporation; an extinguished "March 2005" power of attorney that *predates* the Debtors bankruptcy case; and a "Florida" address for the non-existent New Century Mortgage Corporation.

(9)    Compelling Wells Fargo, As Trustee to provide to all parties their response to the Movant's Plea To The Jurisdiction that was heard on May 24, 2016 in the state court action *Cause No 2011-CI-02839* where the Donna Walker New Century Liquidating Trust records were filed by the Movant.

## CONCLUSION AND PRAYER

For ten years, the Movant has been fighting to protect and defend her property rights against Wells Fargo, *As Trustee* and their nefarious stay-violating foreclosure and eviction scheme to steal assets from the Debtors Estate during their pending bankruptcy to enrich their bottom line. After receiving notice of the New Century bankruptcy case in the First Lawsuit, Wells Fargo disregarded the Debtors stay and injunction and other bankruptcy laws with impunity.  Wells Fargo falsely asserted an "owner and holder" interest in the liquidated New Century Mortgage Corporation mortgage loans (i.e. the Movant and the Wolf's) by filing summary judgment proceedings and filing attached affidavits or declaration swearing under the *penalty of perjury*, to false borrower defaults, multiple New Century Mortgage Corporation assignment dates with no evidence in support, recording fabricated assignments for trial courts to rely on and/or retaining skilled attorneys to convince courts to ignore borrowers authenticated bates stamped evidence obtained directly from the New Century Liquidating Trust.  Texas courts relied on the *ipsi dixit* of Wells Fargo and entered foreclosure and eviction orders on property that rightfully belonged to the Debtor Estate of New Century Liquidating Trust, as successor-in-interest to New Century Mortgage Corporation.

In connection with Houston residents, on November 10, 2015 the Houston, Texas jury in *Wolf v Wells Fargo (Cause No. 2011-36476)* awarded the Wolf's 5.4 million finding Wells Fargo lacked standing to pursue a foreclosure action when relying on a October 15, 2009 assignment purportedly executed between Wells Fargo, As Trustee and the "August 2008"

liquidated New Century Mortgage Corporation, not the **"New Century Liquidating Trust as**

**Successor-In-Interest to New Century Mortgage Corporation"**.  *See* **LINK:**

https://www.hughesellzey.com/news/wells-fargo-carrington-must-pay-5m-in-foreclosure-row

WHEREFORE, PREMISES CONSIDERED, the Movant respectfully requests that the

Court enter an order(s): (i) reopening this bankruptcy case; (ii) on the orders requested in this

motion; (iii) waive all applicable fees; and (iv) grant the Movant such other and further relief to

which she may be justly entitled in law or in equity.

**RESPECTFULLY SUBMITTED on this 28th day of October, 2020.**

> /s/ *Nancy Alanis*
> NANCY ALANIS
> 13210 Hunters View
> San Antonio, Texas 78230
> 210.226.2666 Telephone
> Nalanis12@yahoo.com
> *Movant Pro Se*

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on October 21, 2020, there was communication between my Chapter 13 attorney Mr. Blanco and with Hahn & Hessen, LLP and he concluded they would be unopposed to this motion.

By: /s/ *Nancy Alanis*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 28th day of October 2020, a true and correct copy of this Motion, with the proposed order thereon, Movant Affidavit and all exhibits, were mailed USPS CRR on parties entitled to notice thereof.

Mark S. Indelicato, Esquire
Jeffrey Zawadzki, Esquire
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY   10022
212.478.7252.
jzawadzki@hahnhessen.com

*Co-counsel for the former Trustee of*
*the New Century Liquidating Trust*

By: /s/ *Nancy Alanis*

51

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.,* | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

## AFFIDAVIT OF NANCY ALANIS IN SUPPORT OF
## MOTION TO REOPEN CHAPTER 11 CASE TO
### (i)   FILE ADVERSARIAL COMPLAINT;
### (ii) OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND
### (iii) OBTAIN RELATED RELIEF

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

**BEFORE ME**, the undersigned authority, personally appeared Nancy Alanis, who, being by me duly sworn and through presentation of her Texas Driver's License, deposed as follows:

"...My name is Nancy Alanis. I am over 21 years of age, of sound mind, with personal knowledge of the following facts, and fully competent to testify to the facts as stated herein.  I further attest that the statements contained herein are true and correct and I am executing this document for the purpose and consideration therein expressed. I can testify to the statements contained herein and the exhibits attached hereto.  The exhibits were personally obtained by me from public records, the New Century Liquidating Trust and/or filed and personally served on me by Wells Fargo, As Trustee, Ocwen

Loan Servicing and Mackie Wolf Zientz & Mann through the state court actions in *Cause No. 2011-CI-02839 ("First Lawsuit")* and *Cause No. 2019-CI-03042 ("Second Lawsuit")*.

My affidavit exhibits and my *Nancy Alanis Motion To Reopen Chapter 11 Case* in Nancy Alanis v. Liquidating Trustee, In re New Century TRS Holdings, Inc *et al.,* No. 07-10416 (BLS) are incorporated herein by reference for all purposes as though fully restated herein.

1.      I reside in San Antonio, Texas in my home that was purchased with the proceeds of a loan that forms the basis of this suit. I am a paralegal with a BBA in accounting. I am also a former business owner who closed my successful fifteen-year seasonal business in 2015 to defend and protect my property rights against Wells Fargo *et al.*

2.      ***Original Loan:*** On or about June 15, 2006, I executed an adjustable rate balloon note (the "Note") [1] in favor of New Century Mortgage Corporation ("NCMC" "New Century Mortgage") in the principal amount of $193,500 (the "Loan") secured by a mortgage (the "Mortgage", "Deed of Trust") executed by me, granting a lien upon the real property commonly known as 13210 Hunters View, San Antonio, Bexar County, Texas, and further identified as:

> Lot 2, Block 6, New City Block 16984, HUNTERS CREEK NORTH,
> UNIT- 3, in the City of San Antonio, Bexar County, Texas, according to
> the map or plat thereof recorded in Volume 8200, Page(s) 215-216, of the
> Deed and Plat Records of Bexar County, Texas (the "Property"). [2]

3.      On page 2 of the Deed of Trust, my original lender New Century Mortgage Corporation was identified as the sole "Beneficiary".

4.      On September 15, 2006, New Century Mortgage mailed me a letter instructing me to remit my mortgage payments to their loan servicer HomEq Servicing. [3]

5.      On the face of my original Note, Deed of Trust and the September 15, 2006 letter, the New Century Mortgage Corporation loan number appeared as "**No. 1008511112**".

6.      In relevant part, the September 15, 2006 New Century letter advised me that all of the terms in my mortgage instruments were remaining the same except for the change of "loan servicer" as follows:

> "...**Please be reassured** that this assignment, sale or transfer of servicing
> of the mortgage loan from New Century to HomEq **does not in any way**
> **affect any terms or conditions of your mortgage instruments, other**
> **than terms related to the servicing of your loan...**" *(emphasis*
> *added).*

---

[1]  **Ex-1: 6.15.06 Adjustable Rate Balloon Note (New Century Loan Mortgage No. 1008511112)**
[2]  **Ex-2: 6.15.06 Deed Of Trust          (New Century Loan Mortgage No. 1008511112)**
[3]  **Ex-3: 9.15.06 Notice of Assignment, Sale Or Transfer of Servicing Rights**
        **(New Century Loan Mortgage No. 1008511112)**

2

7.      In response to the September 15, 2006 letter which I received in 2007, I personally contacted New Century Mortgage Corporation Customer Service on or about February 2007 and inquired if my loan had been assigned to a new lender mortgagee.  It was my understanding New Century Mortgage Corporation remained my lender and HomEq was the loan servicer.

8.      ***Original Lender Bankruptcy Proceeding***:  Ten months following the execution of my mortgage loan, on April 2, 2007, New Century Mortgage Corporation and certain of its affiliates filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). (In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.)) ("New Century Mortgage Bankruptcy"). [4]

9.      On July 15, 2008, a Plan was confirmed. *Id.*

10.     On August 26, 2016, the Chapter 11 bankruptcy proceeding terminated. *Id.*

11.     ***Alanis Discovery of U.S. Bankruptcy Court 11.20.09 Modified Order***:  On August 18, 2020, I obtained from the U.S Bankruptcy Court, District of Delaware, a certified copy of the November 20, 2009 Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009 – In re New Century TRS Holdings, Inc., a Delaware corporation, et al, 07-10416-KJC, (Bankr. D. Del.) ("Modified Confirmation Order"). [5]

12.     I personally read the 11.20.09 Modified Order which exceeded two hundred pages.

13.     After I read the 11.20.09 Modified Order, I discovered that Defendants Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3 ("Wells Fargo", "Wells Fargo, As Trustee"), Ocwen Loan Servicing, LLC ("OCWEN") and Mackie Wolf Zientz & Mann, P.C., (collectively "Defendants") worked in concert for close to ten years beginning in the state court action in *Cause No. 2011-CI*-02839, to engage me in a willful and knowing nefarious stay-violating foreclosure and eviction scheme which included stealing property (i.e. a mortgage asset) belonging to the Debtor Estate of my original lender New Century Mortgage Corporation during their pending bankruptcy proceeding between April 2007 and August 2016 in violation of the 11.20.09 Modified Confirmation Order which authorized a stay and injunction.   The said acts were undertaken in violation of U.S.  Bankruptcy law without filing a timely claim and/or filing a motion for relief from the stay and I dispute the Wells Fargo et al alleged debt.

14.     To accomplish what I allege was a pre-meditated scheme to steal property (i.e. my mortgage loan asset) from the Debtors Estate (New Century Mortgage) without filing a timely claim or motion for relief from the stay during the Debtors pending bankruptcy proceeding, the Defendants

---

[4]  **Ex-4:  Certified Docket Summary Sheet - US Bankruptcy Court, District of Delaware Bankruptcy Petition #: 07-10416-BL**

[5]  **Ex-5: November 20, 2009 Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009 – In re New Century TRS Holdings, Inc., a Delaware corporation, et al ("11.20.09 Modified Order").**

worked in concert to willfully ignore the Modified Confirmation Order,  deny me due process and concealed the New Century Mortgage bankruptcy proceeding in the state court action in *Cause No. 2011-CI-02839* and their various deceptive acts included among other things:

a) falsely swearing under the *penalty of perjury*, in state court summary judgment proceedings and/or interrogatories, to "***three*" different assignment dates** with New Century Mortgage Corporation, *not* New Century Liquidating Trust;

b) falsely swearing under the *penalty of perjury*, in state court summary judgment proceedings, that **I was in *default* with loan payments when I was not;**

c) recording a fabricated Transfer of Lien purportedly executed in "2011" with the liquidated "August 2008" New Century Mortgage Corporation, *not* New Century Liquidating Trust as the successor-in-interest to New Century Mortgage;

d) recording a fabricated Transfer of Lien purportedly executed in "2011" with New Century Mortgage Corporation using an ***extinguished* "March 2005" limited power of attorney that *predated* the New Century Bankruptcy case** and which lacked authority through a power of attorney from the New Century Liquidating Trust to execute the same; and

e) modifying the stay when preparing and obtaining state court orders including, a March 3, 2016 foreclosure order which **removed Debtor New Century Mortgage Corporation as the "Beneficiary"** as identified in Movants Deed of Trust and falsely **stated Wells Fargo was the "Beneficiary"** and first lien holder.

15.     The November 20, 2009 *Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009* ("Modified Confirmation Order") at "Articles" (pg. 127), Article 15.A authorized exclusive bankruptcy court jurisdiction as follows:

A. **Retention Of Jurisdiction.  This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction …. over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the Chapter 11 Cases, the Original Plan or this Modified Plan, or (iii) that relates to the following:**

*********

5. **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates or property abandoned or transferred by the Debtors or the Estate;

*********

7. **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**

*********

17. to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. **Proceedings to recover assets of (i) the Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located….**

4

16.     In the Modified Confirmation Order at (pg. 13, par. 9) and (pg. 15, par. 10), the U.S. Bankruptcy Court authorized a stay and injunction as follows:

"...**Term of Stay and Injunctions.** Unless otherwise provided herein or in the Modified Plan, all injunctions or stays provided for in Chapter 11 Cases by orders of the Court, **under sections 105 or 362 of the Bankruptcy Code, the Modified Plan or otherwise, and extant on the Modified Confirmation Date, shall remain in full force and effect until the later of (x) the entry of Final Decree or (y) the dissolution of the Liquidating Trust.** In accordance therewith, and without limiting the foregoing, **until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from**

\*\*\*\*\*\*\*\*\*\*

**(iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates**

**(iv) any act to create, perfect, or enforce any lien against property of the Estates, and...."**

17.     In the Modified Confirmation Order at (pg. 16, par. 11), the U.S. Bankruptcy Court authorized compliance with Relief from Stay in relevant part as follows:

"...**(i) all orders of the Court entered during the Chapter 11 Cases, including, without limitation, the** *Order Providing that the Automatic Stay Under Section 362(a) of the Bankruptcy Code Is Terminated To Permit the Commencement or Continuation of any Action to Foreclose Upon or Extinguish an Interest Listed in the Name of the Debtor* **dated as of July 14, 2008 (the "Stay Termination Order"), that provide for relief from the automatic** stay imposed by section 362 of the Bankruptcy Code shall remain in full force and effect following the Modified Effective Date, **(ii) to the extent that the Liquidating Trust or any third parties file motions prior to the Modified Effective Date seeking relief from the automatic stay imposed by section 362 of the Bankruptcy Code, any order of the Court granting such relief,** including, without limitation, the Stay Termination Order, **shall supersede this Order, and (iii) following the Modified Effective Date, parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, upon sufficient notice and a hearing....."**

18.     In the Modified Confirmation Order at (pg. 13, par. 9), the U.S. Bankruptcy Court ordered that damages could be recovered for violations of the injunction as follows:

"...**Any Person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages from the willful violator....**"

19.     The Modified Confirmation Order (pg. 24, par. 22-23), authorized **Alan M. Jacobs as the sole Liquidating Trustee** with all powers, authority and responsibilities to commence,

5

prosecute, settle Causes of Action, enforce contracts, and assert claims, defenses, offsets and privileges to the extent not inconsistent with the status of the Liquidating Trust. And at (pg. 36, par. 49), the U.S. Bankruptcy Court further ordered:

> "...the Liquidating Trustee... shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtors or the Estates may have against any Person or entity effective as the Original Effective Date....The Liquidating Trustee may pursue such retained claims ....or Causes of Action...in accordance with the best interests of the creditors of the Debtors....the Estates...or the Liquidating Trust in any or all appropriate jurisdictions as the Liquidating Trustee shall deem advisable..."

20.    *May 2010 Sale Of Loan Servicer HomEq to Ocwen*: On or about May 2010, and during the pending New Century Mortgage bankruptcy proceeding, Barclays Capital sold its U.S. mortgage servicing business HomEq - with $28 billion in mortgage servicing rights - to Ocwen Loan Servicing, LLC ("Ocwen"). [6]  *See* LINK:

https://home.barclays/content/dam/home-barclays/documents/investor-relations/IRNewsPresentations/2010News/28-May-Barclays-announces-sale-of-HomEq-Servicing-to-Ocwen-Loan-Servicing-LLC.pdf

21.    After HomEq was purchased by Ocwen in May 2010, without filing a timely claim and/or *Motion For Relief From The Stay & Order ("relief from stay")*, on August 10, 2010 HomEq allegedly mailed me a loan servicing transfer notice advising me to remit my loan payments to Wells Fargo loan servicer Ocwen. [7]

22.    Through this sale, Ocwen unlawfully assumed the HomEq servicing rights which were extinguished pursuant to the Modified Confirmation Order and thereafter, Ocwen assigned my mortgage loan to Wells Fargo without any authority from the New Century Liquidating Trust and/or without filing a timely claim or motion for *relief from stay*.

23.    *11.20.09 Modified Order and Cancellation Of Agreements*: In relevant part, the Modified Confirmation Order at (pg. 38, par.51), authorized the cancellation of all **notes, agreements and securities evidencing Claims and Interests and the rights of the holders** which included the September 2006 New Century Mortgage HomEq agreements as follows:

> "...51.  **Cancellation of Instruments and Agreements.** As of the Original Effective Date subject to the occurrence of the Modified Effective Date...all notes, agreements and securities evidencing Claims and Interests and the rights thereunder of the holders thereof were, with respect to the Debtors, canceled and deemed null and void and of no further force and effect, and the holders thereof shall have no rights against the Debtors, the Estates, or the Liquidating Trust, and such instruments shall evidence no such

---

[6] Ex-6: 5.28.10 Barclays Website Sale Of HomEq To Ocwen Loan Servicing
[7] Ex-7: 8.11.10 HOMEQ Notice of Loan Servicer Transfer to OCWEN

rights, except the right to receive the distributions provided for in the Modified Plan..."

24.    ***Alanis Timely Remitted Loan Payments to HomEq and Ocwen***:  While I timely remitted all of my loan payments to HomEq with secured money orders through USPS certified mail through August 2010, I relied on the HomEq notice of change of loan servicer and timely remitted secured money order loan payments through USPS certified mail to Wells Fargo loan servicer Ocwen from September 2010 through February 2011 and disregarded random notices I received from the New Century Mortgage TRS Holdings bankruptcy proceedings. [8]  Ocwen failed to post my payments and created a "fake default" to aid the Wells Fargo foreclosure scheme.

25.    ***Wells Fargo, Ocwen, Mackie Wolf Zientz & Mann, PC (2011 Notice of Acceleration):***  During the pending New Century Mortgage Corporation bankruptcy proceeding and without filing a timely claim and/or *relief from stay*, Wells Fargo and Ocwen's debt collector law firm of Mackie Wolf Zientz & Mann, PC, mailed me at my home, a January 13, 2011 *Notice of Acceleration* and *Notice of Foreclosure Sale* alleging a default and demanding payment in full of $222,256.14. [9]

26.    The Mackie Wolf Zientz & Mann, PC *Notice of Acceleration of Loan Maturity* advised me they were a debt collector and contained language in relevant part as follows:

> **We have been retained by Ocwen Loan Servicing, Mortgage Servicer for Wells Fargo Bank**, National Association, As Trustee For The Pooling And Servicing Agreement Dated As Of October 1, 2006, Securitized Asset Backed Receivables, LLC Trust 2006 -NC3 Mortgage Pass-Through Certificates, Series 2006-NC3, **the current Mortgagee of the Note and Deed of Trust.**
>
> ********
>
> **A default occurred under the terms of the Note.** Notification was sent that default had occurred in the payment of the Note and that OCWEN LOAN SERVICING would accelerate the maturity of the Note if you did not cure the default.  Because of your failure to cure the default, the maturity date of the Note was accelerated effective 01/13/11.
>
> All unpaid principal and accrued interest on the Note are due and payable at this time.  **According to the Mortgage Servicer's records, the total balance due as of the date of this notice is $222,256.14...**
>
> ********
>
> **On Tuesday 03/01/2011, the Trustee or Substitute Trustee will sell to the highest cash bidder, the property legally described in the enclosed Notice of Foreclosure Sale....** We have enclosed a copy of the Notice of Foreclosure Sale, which is being

---

[8]  Ex-8:  Alanis Jan 2010-  Feb 2011 Timely Remitted Loan Payments to HomEq and OCWEN
[9]  Ex-9:

**1.13.11 Mackie Wolf Zientz & Mann (Notice of Acceleration/Foreclosure)**

posted at the Bexar County Courthouse in accordance with Texas law and the provisions of the Deed of Trust.

27.    I was shocked when I received this notice because at all times from the date I executed my mortgage loan with New Century Mortgage Corporation in June 2006, I was never in default with my loan payments and I was current with my taxes and insurance payments.

28.    Without filing a timely claim and/or a motion for relief from stay, the threat to schedule for foreclosure the "property that is collateral for the Note" was a threat to take action to foreclose on property of the Estate of Debtor, New Century Mortgage Corporation.  And by mailing me this acceleration letter, the Defendants sought to obtain possession, exercise control, or enforce a lien against property of the Debtor Estate and ran afoul of the injunction and the automatic stay imposed by the U.S. Bankruptcy Court in the 11.20.09 Modified Confirmation Order. *Id.*

29.    ***Defendants Ignore Alanis Letters Addressing Loan Posting Errors:***  To stop the foreclosure, I retained attorney Loren Peters.  Loren Peters worked with vigilance to place telephone calls to the loan servicer and mailed certified letters to Wells Fargo loan servicer Ocwen, HomEq and Mackie Wolf Zientz & Mann.  Through his letters, Loren Peters addressed the suspicious default and acceleration notice and tried to correct the loan posting errors.  Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC ignored all of his letters and never responded. [10]

30.    ***The State Court "First Lawsuit" (Cause No. 2011-CI-02839):***  In February 2011, Loren Peters filed a lawsuit in state court in *Cause No. 2011-CI-02839* ("First Lawsuit").  Loren Peters sued Defendants Wells Fargo, Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC.  Between filing appeals and also filing a separate bill of review, this litigation involving my home has lasted close to ten years and caused me substantial financial harm in excess of ten million dollars.

31.    ***Wells Fargo Live Counterclaim In First Lawsuit:***  During the First Lawsuit and during the pending bankruptcy proceeding of my original lender New Century Mortgage. Corp., *(In re New Century TRS Holdings, Inc., et al., 07-10416-KJC (Bankr. D. Del.)* ("New Century Bankruptcy"), Mackie Wolf Zientz & Mann, PC represented Wells Fargo and Ocwen through their lead attorney Mark D. Cronenwett and with San Antonio co-counsel Jeffrey Hiller.

32.    Wells Fargo filed a live February 10, 2015 counterclaim on their own behalf (**not in the name of the Debtor, New Century Mortgage or the New Century Liquidating Trust as Successor-In Interest**) and maintained that "Wells Fargo" was the owner and holder of my Note and Deed of Trust pursuant to a *Transfer of Lien* purportedly negotiated in "September 2010" and executed on "February 2, 2011" with my original lender, New Century Mortgage Corporation.[11]

33.    When filing their counterclaim, Wells Fargo filed no evidence in the trial court they filed a timely claim and/or filed relief from stay in the New Century Bankruptcy proceeding.

---

[10]    **Ex-10:  Loren Peters - Letters To HomEq, Ocwen, Mackie Wolf Zientz & Mann**
[11]    **Ex-11:  2.10.15 Wells Fargo Counterclaim, ¶5**

34.     ***Wells Fargo Motions For Summary Judgment In First Lawsuit:***  During the First Lawsuit and during the pending New Century Bankruptcy proceeding, Wells Fargo also filed multiple summary judgment motions.

35.     When filing their summary judgment motion(s) in the First Lawsuit, Wells Fargo filed no evidence they acted in behalf of the Debtor, New Century Mortgage or the New Century Liquidating Trust as successor in interest to New Century Mortgage Corporation. And Wells Fargo did not file evidence of a timely filed claim and/or relief from the stay in the New Century Bankruptcy proceeding.

36.     In their summary judgment motions filed in the First Lawsuit, Wells Fargo routinely attached the affidavit and/or declaration of Ocwen Custodian of Records, "Gina Feezer". *(emphasis added)*.

37.     In her 1.11.16 *Declaration of Gina Feezer* attached to the 1.28.16 *Motion For Partial Summary Judgment By Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing LLC, On RESPA, Section 51.002 Of The Texas Property Code and Counterclaim For Foreclosure*, Gina Feezer filed patently false sworn statements under the penalty of perjury regarding the Wells Fargo assignments and my loan payments and created a fake default to aid and abet Wells Fargo unlawful foreclosure action against property belonging to the Estate of Debtor (New Century Mortgage Corporation). [12]

38.     ***Wells Fargo False Sworn Alanis Delinquency:***   In par. 10 of her 1.11.16 *Declaration of Gina Feezer,* Gina Feezer falsely swore under the penalty of perjury, that I defaulted and failed to make my mortgage payments when due and my loan was due and owing for "...**February 1, 2010 payment and all subsequent monthly payments**..." *(See Ex-12 @ par. 10).*

39.     In response, I filed proof of my USPS certified by mail and timely remitted loan payments between January 2010 and February 2011 to both loan servicers HomEq and Ocwen. Ocwen intentionally failed to timely post my payments and created a "fake default" to aid the Wells Fargo foreclosure action against the property of the Debtors (New Century Mortgage Corp.). *(See Ex-8: Alanis Jan. 2010 – Feb. 2011 Loan Payments to HomEq and Ocwen).*

40.     ***Wells Fargo Fabricated Transfer of Lien Executed With Liquidated Debtor:***  To support their false "owner and holder status" in my mortgage loan, Wells Fargo also filed in summary judgment proceedings and recorded in public records, a fabricated and unauthorized February 2, 2011 *Transfer of Lien* purportedly negotiated in "September 2010" and executed on "February 2, 2011" with my original lender and Debtor, New Century Mortgage Corporation. My original lender New Century Mortgage liquidated in "August 2008" and lacked existence and capacity to assign any Debtor Estate asset to Wells Fargo in "2011". *(See Ex-12:   1.11.16 Declaration of Gina Feezer @ par. 14 & Ex-A-3 Transfer of Lien).*

---

[12]   **Ex-12:   *Excerpt*** – 1.28.16 Wells Fargo Motion For Summary Judgment &
attached 1.11.16 Declaration of Gina Feezer *(@ par. 10, 14 & Ex-A-3 Transfer of Lien)*

41.    The Modified Confirmation Order at (pg. 24, par. 21), authorized **all of the New Century Mortgage Corporation assets transferred to the** <u>**New Century Liquidating Trust on the Effective Date (August 1, 2008)**</u>. And at (pg. 22, par. 17), it authorized the Dissolution of Debtors and "…(iii) **no assets shall revest in the Debtors** (other than Access Lending)…"

42.    The Modified Confirmation Order at (pg. 37, par. 50), also authorized the New Century Liquidating Trust as the successor to the Debtors as follows:

> "…50.  <u>**Successors**</u>.  <u>**The Liquidating Trust shall be the successor to the Debtors**</u> (other than Access Lending) and their Estates for the purposes of sections 1123, 1129, and 1145 of the Bankruptcy Code **and with respect to all pending Causes of Action and other litigation matters…**"

43.    Therefore, when my mortgage loan was transferred in August 2008 from my original lender "New Century Mortgage Corporation" to the "New Century Liquidating Trust", any purported assignment or transfer of my mortgage in "2011" to Wells Fargo or any entity should have been executed with the "**New Century Liquidating Trust as Successor to New Century Mortgage Corporation**". *(emphasis added)*.

44.    *Wells Fargo Multiple False Sworn Assignments & Fabricated Transfer of Lien Filed In Summary Judgment Proceedings (Cause No. 2011-CI-02839)*: In her 1.11.16 *Declaration of Gina Feezer (See Ex-12)*, Gina Feezer made no reference to Wells Fargo having any authority from the "<u>**New Century Liquidating Trust as successor to New Century Mortgage Corporation**</u>" to execute assignments and in her declaration, she falsely swore to "two" conflicting assignment dates between Wells Fargo and "New Century Mortgage Corporation" as follows:

a)    In (par. 7) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer swore my loan was executed between me and <u>**New Century Mortgage Corporation ("New Century") "as lender"**</u> on a loan secured by real property commonly known as 13210 Hunters View, San Antonio, Texas 78230 ("the Property").

b)    In (par. 15) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore "…<u>**The original Note was assigned only once, from New Century to Wells Fargo**</u>…" *Id.*  In contrast, Gina Feezer swore *under the penalty of perjury* to "2" assignment dates: <u>**October 31, 2006**</u> and <u>**February 2, 2011**</u>.

c)    In (par. 8-9) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore "…The <u>**Loan Agreement was assigned to Wells Fargo on or about October 31, 2006**</u>…" This conflicts with the purported "February 2, 2011" Transfer of Lien allegedly negotiated in "September 2010". *Id.*

d)    In (par. 14) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer identified herself as the Custodian of Records and falsely swore "…**The records attached hereto are the original or exact duplicates of the originals…A-3 Transfer of Lien**…" *Id.*

10

e) Attached to her 1.11.16 *Declaration of Gina Feezer* was **"Ex. A-3"**, a copy of the **"February 2, 2011"** **Transfer of Lien** purportedly executed between "New Century Mortgage Corporation" and Wells Fargo and **signed by Ocwen Loan Servicing Account Manager Christina Carter, acting as "Attorney In Fact" for "New Century Mortgage Corp, not the New Century Liquidating Trust**." *Id.*

f) On the face of the February 2, 2011 Transfer of Lien, Christina Carter falsely swore the **Transfer of Lien was negotiated on "September 1, 2010"**, which was during the pending New Century Mortgage bankruptcy proceeding. **This was a second sworn assignment date that conflicted with the "October 31, 2006" sworn assignment date.**

New Century Mortgage Corporation could not have negotiated any assignment in "2010" because pursuant to the November 20, 2009 Modified Confirmation Order, they were liquidated and assigned all of their assets to the New Century Liquidating Trust ("NCT") on the Effective Date of August 1, 2008.

Pursuant to the November 20, 2009 Modified Confirmation Order at (pg. 24, par. 21), the Court ordered all of the New Century Mortgage Corporation assets transferred to the New Century Liquidating Trust on the Effective Date (August 1, 2008).  And at (pg. 22, par. 17), the Court further ordered the Dissolution of Debtors and "...**(iii) no assets shall revest in the Debtors (other than Access Lending)...**" [13] *Id. (See Ex-13 8.8.8. Affidavit Alan Jacobs @ par. 5, 6, 8, 14).*

g) On the face of the February 2, 2011 Transfer of Lien, **Christina Carter also falsely swore the New Century Mortgage Corporation address was the "Ocwen Loan Servicing" address as follows:**

    **1661 Worthington Rd., Ste 100, West Palm Beach, FL 33409.**

In stark contrast, in their April 2007 bankruptcy proceeding, **New Century Mortgage Corporation listed a "California" address** which was *not* the Ocwen Loan Servicing Florida address as follows:

    **Debtor New Century TRS Holdings, Inc.,**
    **18400 Von Karman Ave., Suite 1000, Irvine, CA, 92612**

    *(See Ex-4:   Certified Docket Summary Sheet - US Bankruptcy Court, #: 07-10416-BL)*

---

[13] **Ex-13:**  Excerpt – *See 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14)*

In their April 2007 bankruptcy proceeding, the "**New Century Liquidating Trust**" also listed a "**California**" **address** as follows:

New Century Liquidating Trust
**575 Anton Blvd., Floor, 3rd Floor, Costa Mesa, CA. 92626**

*(See Ex-4:    Certified Docket Summary Sheet - US Bankruptcy Court, #: 07-10416-BL)*

h)  On the face of the February 2, 2011 Transfer of Lien, **Christina Carter** also swore to using an extinguished "**March 2, 2005**" **Limited Power of Attorney ("POA")** that *pre-dated* the New Century Mortgage Corporation bankruptcy proceeding and also *pre-dated* the 2006 Alanis mortgage loan with New Century Mortgage Corp.

i)  The March 2005 POA provided patent proof Wells Fargo had no authority from the "New Century Liquidating Trust" Trustee to execute a transfer of lien and assert a false claim in the Debtors Estate property in "February 2011". [14]

45.    In the First Lawsuit, Wells Fargo swore under the *penalty of perjury* to "three" false conflicting assignment dates with "New Century Mortgage Corporation" as follows:

▪  **Assignment Date No. 1:    "June 27, 2006"**
[Ex-15: April 2012 Defendants Response To Plaintiff First Set of Interrogatories, *Interrogatory No. 2*] [15]

▪  **Assignment Date No. 2:    "October 31, 2006"**
[Ex-12: 1.11.16 *Declaration Of Gina Feezer*, ¶9]

▪  **Assignment Date No. 3:    "February 2, 2011" (2.2.11 Transfer of Lien)**
[Ex-12: 1.11.16 *Declaration Of Gina Feezer*, ¶14, Ex A-3]

46.    And when reviewing the billing records of Wells Fargo debt collector law firm of Mackie Wolf Zientz & Mann filed in the First Lawsuit, the billing records show Wells Fargo attorney Mark Cronenwett orchestrated for his clients Wells Fargo and Ocwen, the fraudulent lien and false asserted claims against the property belonging to the Debtors Estate and crafted the contents of the Gina Feezer 1.11.16 declaration.

47.    Mark Cronenwett billed his clients for <u>preparing and drafting</u> the 1.11.16 *Declaration of Gina Feezer* which contained patently false sworn statements about my loan payments and multiple conflicting false assignment dates which placed me in peril of foreclosure and subsequent eviction from my home.   In relevant part, the billing entries of Wells Fargo attorney Mark Cronenwett stated as follows:

---

[14]  **Ex-14:  3.2.05 New Century Mortgage Limited Power of Attorney**
[15]  **Ex-15:  Excerpt-4.23.12** *Defendants Response To Plaintiff's First Set of Interrogatories, (Inter. No. 2)*

"...Date Entry **10/19/2015** <u>**Prepare declaration of Gina Feezer for summary judgment...$322**</u>..."

"...Date Entry **11/13/2015** Senior Attorney Fee Hourly, Cronenwett, Mark...**Prepare summary judgment affidavit for G. Feezer (for judicial foreclosure)...$92**...**"

"...Date Entry 12/3/2015...<u>**draft declaration...$115**</u>)..." [16]

48.      In stark contrast, in (par. 5-6) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore under the penalty of perjury to making her Affidavit which contained false sworn statements of a default and two conflicting assignment dates as follows:

"...5. I make this affidavit based on my personal knowledge of the facts contained herein and they are true and correct. My personal knowledge is based on my review of the business records described below. I am familiar with the business records maintained by Ocwen for the purpose of servicing mortgage loans, collecting payments and pursuing any delinquencies...."

"...6. I researched and reviewed all of the necessary documents in Ocwen's possession regarding Nancy Alanis loan agreement that is serviced by Ocwen, and the statements in this Affidavit are based upon my research and review of these documents..." *Id.*

49.      *Alanis Securitization Expert & Conclusions On Wells Fargo Lack Of Standing To Assert Interest In Alanis Mortgage:*  In the First Lawsuit and in a Bill of Review proceeding in *Cause No. 2019-CI-03042* (the "Second Lawsuit"), I also filed the uncontroverted securitization expert report of Daniel Castro who reviewed the filed Wells Fargo motions for summary judgment, affidavits/declarations, exhibits and New Century Liquidating Trust records. My expert concluded Wells Fargo never securitized my loan into their trust and further, they held no interest in my mortgage loan and lacked standing to foreclose. [17] Wells Fargo filed no controverting expert report.

50.      *Alanis Notice To Defendants In The First Lawsuit Of New Century Bankruptcy*:  In the First Lawsuit, I placed Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann on notice of the New Century Bankruptcy proceeding on at least "four" occasions before they obtained their March 3, 2016 order on Wells Fargo counterclaim for foreclosure as follows:

a)   *1st Alanis Notice to Wells Fargo of New Century Mortgage Bankruptcy*:  During a June 9, 2015, *Motion for Reconsideration* proceeding before <u>Judge Arteaga</u>, Wells Fargo *et al* was placed on notice by my attorney Philip Ross of the void 2.2.11 Transfer of Lien and New Century Mortgage bankruptcy proceeding as follows:

Mr. Ross:      And the reason for that is we requested the Court take judicial notice that **New Century Mortgage Corporation was bankrupt and it**

[16]   **Ex-16: 11.5.15 Affidavit of Mark D. Cronenwett Billing Records (@ *Entry 11/13/15  & 12/13/15*)**
[17]   **Ex-17: 5.23.19 Alanis Securitization Expert Daniel Castro (Affidavit/Expert Report)**

was liquidated in bankruptcy in 2008. And nobody acting under a power of attorney that was executed in 2005 could have legally signed an assignment of lien in 2011 transferring the ownership of the deed of trust from New Century to Wells Fargo.

That document we're claiming is void. And it was known to be void. And never the less it was recorded in the Bexar County deed records. And because Mr. Cronenwett has admitted in the May 4th hearing that that was not the document that transferred the lien to Wells Fargo, he admits that that document is void and that the chain of title that that document reflects from New Century, which had been liquidated in bankruptcy three years earlier to – directly to Wells Fargo cannot be the true chain of title in this transaction...[18]

b) **2nd *Alanis Notice to Wells Fargo of New Century Mortgage Bankruptcy*:** On pg. 12-17 of her 10.20.15 *Plaintiff's Seventh Amended Original Petition (Cause No. 2011-CI-02839)*, I placed Wells Fargo *et al* on notice of the New Century Mortgage bankruptcy proceeding. [19]

c) **3rd *Alanis Notice to Wells Fargo of New Century Mortgage Bankruptcy*:** During an October 29, 2015, *Defendants Motion for Continuance* proceeding, Wells Fargo *et al* was placed on notice by my attorney Philip Ross of the New Century Mortgage bankruptcy proceeding as follows:

Mr. Ross:  Also, we just received the certified evidence that the original mortgagee was liquidated in bankruptcy, and what Wells Fargo did, after they realized that they did not have record title to the property, which they realized that apparently after they served a notice of default—or attempted to serve a notice of default, and so they quickly filed a transfer of lien in February 2, 2011, which purported to be a transfer of lien from New Century Mortgage Company directly to Wells Fargo as trustee of a pooling and servicing agreement, which was five years after the cutoff date for the pooling and servicing agreement, and also about three years after New Century Mortgage had been liquidated in bankruptcy. When we discovered evidence which was not revealed to us by the Defendants, that New Century Mortgage Company had been bankrupted and all of their assets had been transferred to the New Century Liquidating Trust, and—

The Court:  Are those claims still part of this lawsuit?

Mr. Ross:  We believe they are. They are in our seventh amended petition which we amended after Judge Saldana ruled.

The Court:  It looks like you need to go back to Judge Saldana.

---

[18]  **Ex-18: Excerpt – 6.9.15 Reporter Record** *Motion For Reconsideration, (pg. 16-17)*
[19]  **Ex-19: 10.20.15** *Plaintiff's Seventh Amended Original Petition (pg. 12-17)*

Mr. Hiller:      **We do not.  Those have been stricken and I'll tell you why...**[20]

d)  *4th Alanis Notice to Wells Fargo of New Century Mortgage Bankruptcy*:  In a February 17, 2016 *Plea To The Jurisdiction* proceeding, I placed Wells Fargo et al on notice that there was a New Century Mortgage bankruptcy proceeding.[21]  It was undisputed my Alanis mortgage loan was in fact, property of the New Century Mortgage Corporation Debtor Estate as follows:

| | |
|---|---|
| Ms. Alanis: | "...(pg. 36) ...And you'll see that clearly the Transfer of Lien is a forgery because New Century didn't exist and – you know, as of August 1, 2008.  And additionally, Alan Jacobs became the sole liquidation trustee and the individual to handle all related matters for the debtors.  And so if that transfer of lien was a valid transfer of lien, it should have Alans Jacobs as the liquidating trustee on it and not somebody acting as the attorney in fact for New Century Mortgage Corporation who is now a dissolved entity and who doesn't exist..." |
| Ms. Alanis: | "...(pg. 37) ...I've contacted the bankruptcy court and there is no evidence in the bankruptcy court in Delaware that my note was --- anything related to my note was addressed in the bankruptcy proceeding.  I've done exhaustive research ..." |
| The Court: | (pg. 38) That's a yes or a no.  Is your note or your account number listed as an asset on New Century's list of assets that they filed in the bankruptcy? |
| Ms. Alanis: | I was told by a liquidating trustee it was on a list -- it was on a list –of the bankruptcy trustees list, but I was never able to get that form. |
| The Court: | So you've been told that your note was listed as an asset of New Century? |
| Ms. Alanis: | Yes. |
| The Court: | And so it went into bankruptcy correct? |
| Ms. Alanis: | That's correct. |

51.      *Defendants Obtained Court Orders After Receiving Notice In The First Lawsuit Of New Century Bankruptcy*:  In the First Lawsuit, despite the undisputed multiple New Century Mortgage bankruptcy notices I provided to Defendants Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann, PC in multiple hearings and in pleadings between 2015-2016, the Defendants continued to willfully and intentionally file motions for summary judgment and/or seek and obtain court orders

---

[20]   **Ex-20:    Excerpt - 10.29.15 Reporter Record *Defendants Motion for Continuance (pg. 20-21)***
[21]   **Ex-21:    Excerpt - 2.17.16 Reporter Record *Plea To The Jurisdiction (pg. 36-38)***

asserting a knowing false claim in the Debtors Estate (New Century Mortgage Corp.) without filing a timely claim or motion to lift the stay in the U.S. Bankruptcy Court as follows:

a) ***October 13, 2015 - Order on Defendants' First Amended Special Exceptions***: On October 13, 2015, the trial court (Judge Saldana) entered an order on Wells Fargo special exceptions striking my relevant claims. Specifically, the trial court denied me due process and deprived me from asserting all of my claims in state court when prohibiting me from challenging the "**Deed of Trust**" and the "**validity of the transfer of lien**" to prove a broken chain of title from New Century Mortgage Corp. to New Century Liquidating Trust to Wells Fargo.[22]

b) ***November 10, 2015 -  Order On Wells Fargo Motion For Summary Judgment (Loan Accounting):*** On November 10, 2015 the trial court (Judge Pozza) entered an order granting Wells Fargo motion for summary judgment on loan accounting in connection with property (i.e. mortgage loan) belonging to the Debtor Estate (New Century Mortgage) and disregarded evidence of my timely remitted loan payments. [23] *(See Ex-8: Alanis Jan. 2010 – Feb. 2011 Loan Payments to HomEq and Ocwen).*

c) ***March 3, 2016 -  Order On Wells Fargo Motion For Summary Judgment (Counterclaim for Foreclosure):***  On March 3, 2016, (Judge Saldana) granted Wells Fargo summary judgment on their counterclaim for foreclosure which asserted a false claim in the property belonging to the Estate of the Debtor New Century Mortgage Corporation and ordered me to pay "Wells Fargo" (*not* New Century), **$356,217.31**. [24]

More significant, the March 3, 2016 foreclosure order was prepared by Wells Fargo and Ocwen attorneys Mark D. Cronenwett and Jeffrey A. Hiller and they altered the terms of the Deed of Trust where Debtor New Century Mortgage Corporation was identified as the lender and sole "Beneficiary".

The signed March 3, 2016 order falsely identified Wells Fargo as "...**Beneficiary of the Deed of Trust representing a valid and *first lien* on the Property...**". *Id. (emphasis added).*

When obtaining the March 3, 2016 court order for foreclosure in *Cause No. 2011-CI-02839* without filing a timely claim or lifting the stay, and which ordered a foreclosure to the "property that is collateral for the Note", that was a threat to foreclose on property of the Estate of Debtors. And by providing me a copy of this March 3, 2016 foreclosure order, the Defendants sought to obtain possession, exercise control, or enforce a lien against property belonging to the Debtor Estate and ran afoul of the November 20, 2009 Modified Order injunction and automatic stay imposed by the US Bankruptcy Court. Id. .

---

[22]  Ex-22:  10.13.15 Order on Defendants' First Amended Special Exceptions
[23]  Ex-23:  11.10.15 MSJ Order on Wells Fargo (Loan Accounting)
[24]  Ex-24:  3.3.16 Order on Wells Fargo (Counterclaim For Foreclosure)

52.    *Alanis 2016 Communication With Trustee, New Century Liquidating Trust*:
Between 2015 - 2016 and prior to the entry of the March 3, 2016 foreclosure order in the First
Lawsuit, I contacted the New Century Liquidating Trust to discuss the suspicious litigation in the
First Lawsuit with Wells Fargo and determine who the owner and holder of my mortgage loan was.
On multiple occasions, I personally spoke to Alan Jacobs, the Liquidating Trustee of the New
Century Liquidating Trust ("NCT") and I also spoke to attorneys representing the NCT.

53.    Through my communications with Alan Jacobs and the NCT attorneys, it was my
understanding that the NCT became the successor in interest to New Century Mortgage Corporation
and were the owner and holder of my mortgage loan after New Century Mortgage Corporation
transferred all of their assets to the New Century Liquidating Trust (NCT) in August 2008.  The
NCT held my mortgage loan records after August 2008.  It was also my understanding that I should
not have ignored notices from the New Century Bankruptcy proceeding and further, my loan
payments should not have been made to Wells Fargo because they were *never* in my chain of title.

54.    Following my communications with Alan Jacobs and the NCT attorneys, Alan Jacobs
personally facilitated my request to obtain a copy of my NCT bates stamped and authenticated June
15, 2006 mortgage loan records that were transferred from my original lender New Century
Mortgage Corporation to the New Century Liquidating Trust in August 2008 through the May 10,
2016 *Declaration of Donna E. Walker Concerning Records Produced By The Liquidating Trust*.  In
relevant part, Donna Walker swore:

> "...I, the undersigned, Donna E. Walker, pursuant to 28 U.S.C. § 1746, declare
> that:   1.   **I was an employee of New Century Mortgage Corporation
> ("NCMC") before it filed for bankruptcy**, and I am presently a consultant
> for the liquidating trustee of the New Century Liquidating Trust (the "Trust"),
> established pursuant to a confirmed Chapter 11 plan of liquidation (the "Plan")
> of New Century TRS Holdings, Inc. and its affiliated debtors (the "Debtors"),
> including NCMC. **The Trust is the custodian of documents and electronic
> data for the Debtors and has maintained such documents and electronic
> data turned over to the Trust by the Debtors since the effective date of the
> Plan.** 2. **In response to a request for documents made to the Trust** by
> Nancy Alanis ("Alanis"), the Trust searched its files and produced to Alanis
> the files identified as bates range NC_Alanis_00000001-NC_Alanis_0000885
> (the "Produced Files"). **The Produced Files were provided to Alanis on or
> about April 21, 2016....**" [25]

55.    Among the records I was provided by the NCT Trustee, was my Deed of Trust and
Note.  Most significant, I discovered the NCT Trustee held my Note with **"NO Indorsement"**
thereon.  Additionally, the NCT records provided to me did not include any assignment from either
New Century Mortgage Corporation or the New Century Liquidating Trust to Wells Fargo or any
entity. *Id.* There were also no records provided to me showing a Wells Fargo timely filed a claim

---

[25]  Ex-25:   **5.10.16 Declaration of Donna E. Walker Concerning Records Produced By The New
Century Liquidating Trust (Note-No Indorsement) (5.17.06 Letter Between New Century
and Barclays Bank, par. 11)**

and/or a motion to lift the stay in the New Century Bankruptcy proceeding. Id. *(See Ex-25: NCT Note No Indorsement)*.

56.     In material contrast to the authenticated and bates stamped New Century Liquidating Trust records I was provided through Donna Walker, in the First Lawsuit Wells Fargo attorney Mark Cronenwett filed a fabricated *indorsed* Note with an unauthorized "Steve Nagy" indorsement thereon and falsely swore "...**this copy has been made from the actual original Note**...".  The Mark Cronenwett indorsed Note was a fabrication that stood in stark contrast to the NCT authenticated Alanis Note with *"No Indorsement"* and was *not* made from the original NCT Note. [26]

57.     In (par. 15) of her 1.11.16 *Declaration of Gina Feezer*, Gina Feezer falsely swore *under the penalty of perjury* that "...**the original Note, with the indorsement, is presently kept in the offices of Mackie Wolf Zientz & Mann,** PC, 14160 North Dallas Parkway, Suite 900, Dallas Texas 75243....**The original Note was assigned only once, from New Century to Wells Fargo**...." *(See Ex-12)*.  Those sworn statements were patently false because I obtained a copy of my original mortgage records from the New Century Liquidating Trust and my Note had "No Indorsement" thereon. *(emphasis added)*.

58.     Further, on the face of the fabricated February 2, 2011 Transfer of Lien, Ocwen Manager Christina Carter acting without authority as the attorney-in-fact for New Century Mortgage Corporation, falsely swore the Wells Fargo agreements with the 2008 liquidated New Century Mortgage Corporation, were entered into on "September 1, 2010" and the Transfer of Lien was purportedly executed on February 2, 2011. *Id.* Thus, Wells Fargo could only have obtained the alleged Steve Nagy indorsed Note on or after "September 2010". *(See Ex-12 @ Ex-A-3)*.

59.     *May 23, 2012 U.S. Bankruptcy Reporter Record & Sworn Testimony of Alan Jacobs on Prohibited Steve Nagy Indorsements & Only New Century Employees Authorized To Execute Documents For The Trust:*  The Christina Carter, Gina Feezer and Mark Cronenwett sworn statements were patently false and stood in stark conflict with the Liquidating Trustee Alan Jacobs sworn testimony provided during a May 23, 2012 New Century Mortgage U.S. Bankruptcy proceeding where Alan Jacobs summarized that a "Steve Nagy" stamp placed on any Note on or *after* "August 2008" was prohibited and unauthorized by the New Century Liquidating Trust.  And further, only New Century employees (*not* Ocwen employees) were authorized to execute documents for the Trust. [27]

60.     As further proof there was *never* an assignment executed between New Century Mortgage Corporation and Wells Fargo, the NCT Liquidating Trustee Alan Jacobs also provided me the authenticated and bates stamped May 17, 2006 letter agreements executed between New Century Mortgage Corporation and Barclays Bank (*not* Wells Fargo) which conflicted with all of the Wells Fargo *false* sworn assignment dates with New Century Mortgage between 2006-2011. *Id. (See Ex-25 @ 5.17.06 letter between New Century and Barclays Bank at par. 11)*

---

[26]   Ex-26:  11.5.15 Affidavit of Mark D. Cronenwett  (Steve Nagy Indorsed Note)
[27]   Ex-27:  5.23.12 Excerpt – Reporter Record U.S. Bankruptcy Court *(from pg. 177)*
New Century TRS Holdings (Case No.:  07-10416-KJC)

61.    Through the New Century Liquidating Trust records, I discovered New Century Mortgage Corporation only sold an *"Interest"* in my mortgage loan to Barclays Bank, *not* Wells Fargo. The letter agreements at (par. 11) read in relevant part as follows:

> "...11.    It is the intention of the parties that the Purchaser is purchasing, and the Seller is selling, interests in the Mortgage Loans and not a debt instrument of the Seller or other security. **Accordingly, each party intends to treat the transaction for federal income tax purposes as a sale by the Seller, and a purchase by the Purchaser, of an ownership interest (the "Ownership Interest") in the Mortgage Loans...".** *Id.*

62.    The November 20, 2009 Modified Confirmation Order at (pg. 38, par. 51), expressly authorized a cancellation of all agreements as follows:

> "...51.    **Cancellation of Instruments and Agreements.** As of the Original Effective Date subject to the occurrence of the Modified Effective Date...all notes, agreements and securities evidencing Claims and Interests and the rights thereunder of the holders thereof were, with respect to the Debtors, canceled and deemed null and void and of no further force and effect..." *Id.*

63.    *Alanis May 24, 2016 Plea To Jurisdiction Hearing:* Thereafter, I filed a plea to the jurisdiction ("plea") in the First Lawsuit and attached my New Century Liquidating Trust authenticated and bates stamped mortgage records and the plea was heard on May 24, 2016. Wells Fargo filed no response or objections to my New Century Liquidating Trust evidence and the trial court (Judge Noll) denied the plea.[28] *(emphasis added).*

64.    During the hearing, the court misled me and advised me to use my NCT records against other parties not claiming an interest in my loan. I was again prohibited from asserting all of my claims in state court. Specifically, I was not allowed to admit evidence of the authenticated New Century Liquidating Trust successor "owner and holder" status in my mortgage loan, *not* Wells Fargo. The trial court deprived me the right to prove a broken chain of title from "New Century Mortgage Corporation" and successor "New Century Liquidating Trust" to Wells Fargo. Additionally, the trial court also refused to permit me to make an "offer of proof" and my plea argument included the following:

**Ms. Alanis:**    Your Honor, I'm going to object on the record to the mischaracterization by Mr. Hiller. We were just in the courtroom of Judge Walsh, and Judge Walsh told Mr. Hiller that before a court can hear his motion to sever the plea to the jurisdiction needs to be heard.

**The Court:**    All right.

**Ms. Alanis:**    It needs to be heard.

---

[28] Ex-28:  5.24.16 Excerpt - Reporter Record Plea To Jurisdiction /Order*(Cause No. 2011-CI-02839)*

| | |
|---|---|
| **The Court:** | I have considered that. Your motion is overruled so let's go ahead. I have heard it. It's overruled. What's the next argument? |
| **Ms. Alanis:** | Your Honor, you have heard my plea to the jurisdiction? |
| **The Court:** | I read your plea in here. You presented to me a book which is about three inches thick that has pleadings in it and references prior orders, and I think this issue has been ruled on previously. There's no need for going any further with it. So that- - |
| **Ms. Alanis:** | Your Honor - - |
| **The Court:** | In my opinion, it's previously been overruled. If it hasn't been, it's overruled now. |
| **Ms. Alanis:** | Your Honor, may I respond? |
| **The Court:** | Yes |
| **Ms. Alanis:** | There is new evidence I obtained after the entry of that March 3rd, 2016 partial summary judgment order by Judge Saldana. When I - - I had filed a partial - - plea to the jurisdiction and Judge Walsh heard it on February 17, 2016. Judge Walsh advised that there were records that needed to be obtained in order to make a determination on the plea to the jurisdiction. Otherwise it would be denied.<br><br>I exercised due diligence. I contacted the New Century Liquidating Trust. I obtained records from the New Century Liquidating. And if you have read my - - if you have read the plea and looked at the records, you will see that the trust provided records showing Wells Fargo never had an interest in my note and deed of trust. Only Barclays Bank purchased an interest in my mortgage loan.<br><br>And I would like - - As part of the plea to the jurisdiction, I would like to admit the records into evidence that I attached to my pleading for this - - you know, to make a record for the court of appeals; that I attached these and that I am apprising this court of these records that I just obtained after the entry of the March 3, 2016 - - |
| **The Court:** | It would seem to me you can use that in our case against Barclays or Ocwen, whoever it is, but your request to admit it in this hearing is denied. All right. Go ahead. |
| **Ms. Alanis:** | May I make an offer - - Are you saying I can't admit my exhibits into the record? |
| **The Court:** | That's correct. |

20

65.     The trial court in the First Lawsuit (Judge Noll) also granted Wells Fargo motions to quash my written discovery requests which prohibited my ability to prove my claims against Wells Fargo et al. [29]

66.     **The "Judges Notes" and Ex Parte Communications With Wells Fargo Attorneys**: During the litigation, a clerk provided me a copy of the Judge Saldana "Judges Notes" dated September 25, 2015 that were faxed to the Wells Fargo attorneys (Mark Cronenwett and Jeffrey Hiller), *not* my attorney, Philip Ross. **Judge Saldana, Judge Pozza, Judge Arteaga** and **Judge Noll** were each assigned to hear future matters in my litigation not yet set for hearing.  In hearings, each judge ignored my evidence of timely remitted payments, the fabricated transfer of lien and my expert report and signed orders favorable to Wells Fargo which deprived me of having a full and fair hearing in state court on all of my claims and denied me due process. [30]

67.     The 9.25.15 Judges Notes contradicted the Bexar County District Court Local Rules where allegedly, all civil court assignments to judges are made through Presiding Court where judges are selected at random and according to availability to hear case matters timely set for hearing.  See Link:

https://www.bexar.org/DocumentCenter/View/23495/Part-3-Civil-District-Court-Rules

68.     The Mark Cronenwett billing records acknowledged receipt of the Judges Notes at Entry dated 9/28/2015 and states: "…*receipt and review of judges letter ruling on our special exceptions and plea to jurisdiction…*" The entry omits reference to the Judges orchestrated plan to hear Alanis matters not yet set for hearing. *(See Ex-16 @ Dated Entry 9/28/2015).*

69.     *Mark Cronenwett 10.24.18 Email To Alanis (Sheriff's Sale / Recorded Deed):* Without filing a motion for relief from stay or complying with the Modified Confirmation Order authorizing stay and injunction, Wells Fargo asserted a false claim against property belonging to the Debtors Estate (New Century Mortgage Corporation) when enforcing the March 3, 2016 foreclosure order obtained in the First Lawsuit and permitting the sheriff to execute a writ for foreclosure sale in September 2018 and record a Sheriff's Deed relying on the March 3, 2016 state court order and which falsely alleged, I owed "Wells Fargo" sums totaling **$421,653.83.  Wells Fargo attorney Mark Cronenwett emailed me proof of the September 2018 Sheriff's sale and recorded deed on October 24, 2018.** [31]

70.     *November 29, 2018 Judgement On Forcible Detainer & Bond:*  Without filing a motion for relief from stay or complying with the Modified Confirmation Order authorizing stay and injunction, Wells Fargo asserted a false claim against property belonging to the Debtors Estate (New Century Mortgage Corporation) when filing a forcible detainer relying on the March 3, 2016 state court order and obtaining a void November 29, 2018 judgment on the same *(Cause No. 32E*

---

[29]   Ex-29:  8.10.15 Order On Wells Fargo Motion To Quash Written Discovery
[30]   Ex-30:  9.25.15 Judges Notes
[31]   Ex-31:  10.24.18 Email Mark Cronenwett (September 2018 Sheriff's Sale/Deed)

*180 3776).* I was required to post a bond in the amount of **$6,000 to appeal to the county court.**
[32]

71.    ***County Court Bond & Appeals:*** When Wells Fargo prevailed in the county court, I was required to post a **$13,500** bond to stop the eviction and appeal to the Fourth Court of Appeals. The court of appeals ignored my evidence of a Wells Fargo fake default, Wells Fargo fabricated transfer of lien and the New Century Bankruptcy proceeding evidence and affirmed the trial court judgment and order for eviction. (Appeal No. 04-19-00461-CV).   I timely filed a motion for extension of time to file a petition for review with the Texas Supreme Court. (Case No. 20-0798).

72.    ***Bill of Review and Appeal:*** I also filed a Bill of Review in February 2019 in the state court in *Cause No. 2019-CI-03042* and appealed summary judgment orders to the Fourth Court of Appeals.  The court of appeals ignored my evidence of a Wells Fargo fake default, Wells Fargo fabricated transfer of lien, my Expert Report and the New Century Bankruptcy proceeding evidence and affirmed the trial court judgment and order denying my bill of review.  (Appeal No. 04-19-00764-CV). I timely filed a motion for extension of time to file a petition for review with the Texas Supreme Court. (Case No. 20-0803).

73.    ***Appeal In First Lawsuit:*** In connection with the First Lawsuit, I timely appealed trial court orders in *Cause No. 2011-CI-02839.* The court of appeals ignored my evidence of a Wells Fargo fake default, Wells Fargo fabricated transfer of lien, my Expert Report and the New Century Bankruptcy proceeding and issued an April 4, 2018 Memorandum Opinion and affirmed the trial court judgment and order for foreclosure.  Chief Justice Sandee Bryan Marion authored the opinion. (Case No. 01-17-00069-CV). [33]

74.    Following the April 4, 2018 Memorandum Opinion, I filed my petition for review and sought sanctions against Wells Fargo at the Texas Supreme Court (No. 18-0617).  Wells Fargo filed an August 6, 2018 *Response To Petitioner's Motion For Sanctions.* [34]  Wells Fargo made patently false statements in pleadings to the high court and falsely alleged <u>Wells Fargo was the current mortgagee</u>.  More significant, Wells Fargo continued to intentionally conceal that New Century Mortgage Corporation was the original lender and "Beneficiary" of my mortgage loan and falsely stated in par. 5, that **BARCLAYS was my "<u>original lender</u>"** *(emphasis added)* when they knew Barclays was *never* my original lender and only purchased an "Interest" in my mortgage loan as follows:

> "...(Par. 5)...On December 14, 2016, the Fourth Court of Appeals in San Antonio under Case No. 04-16-001210CV (the First Appeal) issued a Mandate reversing and remanding the Trial Court's Order severing Petitioners claims against **Barclays Capital Real Estate, Inc, formerly d/b/a HomEq Servicing (Barclays), <u>the original lender</u>**....(Par. 9) **As of the time the Notice of Writ was**

---

[32]   **Ex-32:  11.29.18 Judgment Forcible Detainer**
[33]   **Ex-33:  4.4.18 4COA Mem. Opinion (Case No. 04-17-00069)**
[34]   **Ex-34:  8.6.18 TxSCt Response To Petitioner Sanctions (Case No. 18-0617)**

served, the judgment amount was $702,339.83 plus any additional costs incurred...".

75.     *TransUnion Credit Report & Concealed Wells Fargo Foreclosure To Debtors Property & Alleged Debt Owed By Alanis*: On September 28, 2020 I pulled my credit report from TransUnion, Experian and Equifax. Oddly, no adverse reporting as to the sums I am alleged to owe Wells Fargo (i.e. $702,339.83) appears in any of the credit reports. And there is no adverse reporting of a 2018 sheriff's foreclosure sale. I tried to get copies of historical reports from the credit reporting agencies and it was my understanding that no historical records are maintained. I believe Wells Fargo has intentionally not reported this false alleged debt in order to continue to conceal their deceptive acts which involved asserting in state court false and unauthorized interests in the property (i.e. mortgage loans) that rightfully belonged to the Debtors (New Century Mortgage Corporation) and which they knew violated the U.S. Bankruptcy Code, Rules and the November 20, 2009 Modified Confirmation Order. While I dispute owing any sums to Direct TV who refused to cancel my service when requested and/or Midland Funding who I have no loan history with, I am attaching the TransUnion credit report because it contained the most comprehensive details. [35]

76.     *Wells Fargo, As Trustee Fabricated Assignments With Other Texas Homeowners*: I researched other Wells Fargo, As Trustee cases involving the New Century Liquidating Trust and discovered Wells Fargo, *As Trustee* also fabricated the Transfer of Lien in connection with Houston residents. Specifically, on November 10, 2015 the Houston, Texas jury in *Wolf v Wells Fargo (Cause No. 2011-36476)* awarded the Wolf's 5.4 million finding Wells Fargo lacked standing to pursue a foreclosure action when relying on an October 15, 2009 assignment purportedly executed between Wells Fargo, As Trustee and New Century Mortgage Corporation, an "August 2008" liquidated entity. [36]  *See* **LINK**:

https://www.hughesellzey.com/news/wells-fargo-carrington-must-pay-5m-in-foreclosure-row

77.     Upon liquidation in "August 2008" and pursuant to the November 20, 2009 Modified Confirmation Order, New Century Mortgage Corporation assigned all of their assets to the "New Century Liquidating Trust". The Wolf's October 15, 2009 Transfer of Lien was *not* executed with "**New Century Liquidating Trust Successor-In-Interest to New Century Mortgage Corporation**".

78.     *Defendants' Violations of the US Bankruptcy Stay, Injunction and Damages*: Between 2010-2020, I have been fighting to defend and protect my property rights against Wells Fargo, Ocwen and Mackie Wolf Zientz & Mann, PC. Among other things, I closed my very successful fifteen year seasonal business in 2015 and materially altered my life to challenge the unauthorized and unlawful Wells Fargo acceleration and foreclosure counterclaim March 3, 2016 state court order in *Cause No. 2011-CI-02839*. As a result of my daily absence from my business, I suffered substantial financial injury. I have forgone employment opportunities and suffered undetermined revenue loss between 2015-2020 from my closed business. I have also lost the

---

[35]   Ex-35: 9.28.20 TransUnion Credit Report
[36]   Ex-36: 10.15.09 Transfer of Lien "Wolf"

goodwill created with the public and other businesses that I cultivated between 1999 and 2014. I also ceased with the annual charitable fundraisers for local high school athletics and the Boys & Girls Club that raised over $100,000 between 2000-2014 through my business.

79.     Wells Fargo et al deceptive acts interfered with my property rights and prevented me from maintaining a daily presence at my business from 2015 onward. In February 2019, homeless people started a fire to keep warm and the fire traveled to my closed business and caused substantial damage. To rebuild my business will cost approx. **$3,000,000.00** which includes and is not limited to multiple engineering costs, building materials, designing new room scenes, purchasing new props, labor, media promotions, code compliance fees and travel.

80.     Wells Fargo et al deceptive acts interfered with my property rights and with my ability to my taxes. In 2015, the taxing authority advised me they were only accepting my tax payments from the loan servicer Ocwen and required me to file for a refund of my tax payment.[37]

81.     Wells Fargo et al deceptive acts interfered with my property rights and forced me to retain attorneys to challenge Wells Fargo fake defaults, fabricated assignments and file lawsuits to stop their foreclosure, eviction and address the New Century Mortgage bankruptcy proceeding. The New Century mortgage loan value was **$193,500 and the 2013 acceleration notice sought $222,256.14 from me**.

82.     In violation of the Modified Confirmation Order authorizing stay and injunction, Wells Fargo mailed me a notice of acceleration which caused me to hire attorney Loren Peters and remit payment to him of approx. **$12,000** to help me defend and protect my property rights. Loren Peters also filed the First Lawsuit in *Cause No. 2011-CI-02839* and thereafter, I incurred attorney fees of approx. **$200,000** with attorney Philip Ross. I also incurred securitization expert fees of **$20,000.**

83.     When Wells Fargo obtained a March 3, 2016 foreclosure order in *Cause No. 2011-CI-02839,* they were awarded **$356,217.56** plus attorney fees of **$185,364** (almost the value of my mortgage loan) which was concealed from the Liquidating Trustee. Wells Fargo was also awarded expenses of **$7,671.28**; **$2,500** to respond to a motion for new trial; **$10,000** for an unsuccessful appeal and **$2,500** for a response to an unsuccessful petition for review. The Sheriff's Deed alleges I owe Wells Fargo **$421,653.83.** In their August 6, 2018 *Response To Petitioner's Motion For Sanctions,* Mark Cronenwett stated in the pleading that "**...As of the time the Notice of Writ was served, the judgment amount was $702,339.83 plus any additional costs incurred...**"

84.     Wells Fargo et al deceptive acts interfered with my property rights and forced me to retain attorney David Kirkendall to challenge an unlawful eviction. In November 2019, Wells Fargo obtained an eviction order in the justice court *(Cause No. 32E 180 3776)* and I had to post a bond with the justice court and the county court totaling approx. **$19,500** to stop the eviction and appeal the court judgments. I had an eviction notice posted to my front door and at least twenty neighbors

---

[37]   Ex-37: **Bexar Appraisal Taxing Authority (Refund Form)**

stopped by to inquire about the eviction posting. That was another shocking experience that tarnished my good name. I paid David Kirkendall **$3,000** for representation.

85.     Wells Fargo et al deceptive acts interfered with my property rights and forced me to separately, pay attorneys for appeal work and incur Clerk Record and Transcript costs in excess of **$20,000 between the First Lawsuit and Second Lawsuit.**

86.     Wells Fargo et al deceptive acts interfered with my property rights and my ability to obtain mortgage loans.  When I applied for loans and had to disclose on lender applications the Wells Fargo unlawful foreclosure order and sheriff's sale, I was denied mortgage loans without a credit check.

87.     Wells Fargo et al deceptive acts interfered with my property rights and caused my homeowners association to deny me the ability to make necessary improvements to my property because Wells Fargo is the record owner of my property.  Neighbors also apprised me that Wells Fargo owned my loan. This has caused additional defamation and repair issues exceeding **$100,000.** I reported this issue to Wells Fargo attorney Dwayne Danner with McGlinchey Stafford in 2020 and he did nothing to correct the false Wells Fargo representations and false records filed in my litigation and used on appeal and to date, I have been unable to make necessary repairs.

88.     Wells Fargo et al deceptive acts interfered with my property rights and caused the Fourth Court of Appeals to render opinions defaming my good name.  The Fourth Court of Appeals opinions were rendered in favor of Wells Fargo when they violated bankruptcy stay and injunction orders and other federal laws.  Through my timely filed briefs, the court of appeals was made aware the trial court in the First Lawsuit struck my claims challenging the validity of the transfer of lien /deed of trust and also, where the trial court refused to permit me to admit my New Century Liquidating Trust records as evidence in a May 24, 2016 plea to the jurisdiction proceeding. I never had a full and fair opportunity to assert all of my claims in the state court. *(emphasis added).*

89.     The Fourth Court of Appeals opinions severely tarnished and defamed my good name and will be published in perpetuity on legal research sites such as Lexis, Westlaw, Pacer and the internet and those damages far exceed **$5,000,000.00.**  Since the publication of the Fourth Court of Appeals opinions in connection with my litigations with Wells Fargo, attorneys and pro se litigants from all over Texas routinely contact me to discuss my published cases and inquire about my legal research in connection with their cases involving Well Fargo deceptive conduct. Given the history of Wells Fargo deceptive business practices, I expect those telephone calls to continue in the future.

90.     Wells Fargo et al deceptive acts interfered with my property rights and forced me to file Chapter 13 on October 17, 2020 to address Wells Fargo et al violations of the U.S. Bankruptcy Code, Rules and noncompliance with the November 20, 2009 Modified Confirmation Order in connection with my original lender and Debtor New Century Mortgage Corporation.  I understand filing Chapter 13 will now cripple my credit report for the following three years.

91.     Perhaps most important, because Wells Fargo failed to comply with the November 20, 2009 Modified Confirmation Order stay and injunction, I lost the ability to travel between 2010-2015 and care for my elderly parents who resided in another state.  My mother passed away in 2010

and my father passed away in 2015, during the period Wells Fargo asserted a false claim in my mortgage loan which belonged to the Estate of the Debtor, New Century Mortgage Corporation and the New Century Liquidating Trust as successor-in-interest to New Century Mortgage Corporation and left me in financial ruin while fighting to protect and defend my property rights.  I have also lost opportunities to travel and spend quality time with family and friends due to the focus required in the litigation to protect my property.

92.     I served a copy of this Affidavit on Wells Fargo and their attorneys on October 26, 2020 in connection with my *Petitioner's Response To Respondents' Motion To Dismiss And Re-Urges Motion To Invoke Disciplinary Action And Request Texas Attorney General Investigation* filed at the Texas Supreme Court (Case No. 20-0803)

93.     Because I desire to remit mortgage payments to the valid owner and holder of my New Century mortgage loan and also place the federal government on notice of the Wells Fargo corruption by retaining attorneys to advance an unlawful stay foreclosure and eviction fraud scheme to acquire property from the New Century Bankruptcy case, I am filing a motion to reopen the New Century TRS Holdings, Inc. et al bankruptcy case (No. 07-10416 (BLS) with the U.S. Bankruptcy Court-District of Delaware and request they grant my motion to enter order(s) as follows:

(1)   Reopen the Case;

(2)   Permit the Movant to file an adversary proceeding to assert claims and seek damages against Wells Fargo and others working in concert with them pursuant to the Modified Confirmation Order, 11 U.S.C.S. § 362(h);

(3)   Compel Wells Fargo, As Trustee to show their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an order on their counterclaim for foreclosure in connection with the Movant's mortgage Deed of Trust and the subsequent sheriff's sale and eviction order relying on the foreclosure order;

(4)   Compel Wells Fargo, As Trustee to show their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an amended special exceptions order modifying the stay and striking the Movants claims challenging the "Deed of Trust" and "validity of the Transfer of Lien".

(5)   Compel Wells Fargo, As Trustee to show timely filed claims in connection with the Movant's Note and Deed of Trust and the corresponding order on the same.

(6)   Compel Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties written evidence of their negotiations and corresponding proof of all sums and consideration paid for the Movant's Note and Deed of Trust to the New Century Liquidating Trust as Successor In Interest To New Century Mortgage Corporation on or after "September 10, 2010" as stated in the February 2, 2011 Transfer of Lien.

(7)   Compel Wells Fargo, As Trustee to provide proof of all of their written communications with the New Century Liquidating Trust in connection with the Movant's Note and Deed of Trust and any corresponding order(s) or power of attorneys in support of the same.

(8)   Compel Wells Fargo, As Trustee to show a valid conveyance to the Movant's Note and Deed of Trust by providing the power of attorney obtained from the New Century Liquidating Trust that authorized the execution of a February 2, 2011 Transfer of Lien using: an "Ocwen" employee to act as the "attorney-in-fact" for the liquidated New Century Mortgage Corporation; an extinguished "March 2005" power of attorney that *predates* the Debtors bankruptcy case;  and a "Florida" address for the non-existent New Century Mortgage Corporation.

(9)   Compel Wells Fargo, As Trustee to provide to all parties their response to the Movant's Plea To The Jurisdiction that was heard on May 24, 2016 in the state court action *Cause No 2011-CI-02839* where the Donna Walker New Century Liquidating Trust records were filed by the Movant.

*Further Affiant Sayeth Not…"*

_____

**NANCY ALANIS,** *Plaintiff*

**SUBSCRIBED AND SWORN TO** before me on the 25 day of October 2020 to certify with my hand and seal of office.

_____          **SEAL:**
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

My Commission Expires: 02/14/2024 _____

RICHARD SANCHEZ
Notary Public, State of Texas
My Commission Expires
February 14, 2024
NOTARY ID: 13046698-5