## Sheriff's Deed, Alanis v. Ocwen et al., Cause No.. 2011-CI-02839, 45th District Court

From: MARK CRONENWETT (MCRONENWETT@mwzmlaw.com)

To: nalanis12@yahoo.com

Date: Wednesday, October 24, 2018, 1:11 PM CDT

Ms. Alanis,

Attached is a copy of the recorded sheriff's deed.

Mark D. Cronenwett

Mackie Wolf Zientz & Mann, PC

14160 N. Dallas Parkway, Suite 900

Dallas, TX 75254

Direct: (214) 635-2670

Main: (214) 635-2650

Fax: (214) 635-2686

mcronenwett@mwzmlaw.com

 Alanis 18-10-24 - Sheriff's Deed - RECORDED.pdf
2.1MB

DOCUMENT SCANNED AS FILED

CASS-SHERIFF'S DEED UNDER EXECUTION-Class S                                                                    CLARKE & COURTS, INC.

**67/55**            Doc# 20180209751 10/24/2018 12:17PM Page 1 of 3 Gerard C. Rickhoff, Bexar County Clerk

# THE STATE OF TEXAS, }

                                                    KNOW ALL MEN BY THESE PRESENTS:

*County of Bexar*

That, whereas, by virtue of a certain Execution issued out of the          45th District       Court of the County of          Bexar

in a cause numbered          2011CI02839          on the docket of said Court, in favor of

                              **Wells Fargo Bank National Association**

                                            vs.

                                    **Nancy Alanis**

on a certain judgment rendered of the          **3rd**          day of          **March**          A.D.          **2016**          and

directed and delivered to me, as Sheriff of          Bexar          County, commanding me, of the goods

and chattels, lands and tenements of the said                    **Nancy Alanis**

to made certain moneys in said writ specified, I          **Javier Salazar**

Sheriff as aforesaid, did, upon the          **25th**          day of          **July**          A.D.          **2018**,          levy on and seize all

the estate, right, title and interest which the said defendant,   on the          **25th**          day of          **July**          A.D.          **2018**,

so had of, in and to the premises hereinafter described; and on the first Tuesday of          **September**          A.D.          **2018**,

within the hours prescribed by law, sold said premises at public vendue, in the County of          Bexar

at the door of the Court House thereof, having first given public notice of the time and place of such sale, (by an ad-

vertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first

publication appearing not less than twenty days immediately preceding the day of sale, beginning on the          **14th**

day of          **August**          A.D. **2018**,          in the          **San Antonio Express-News**          , a newspaper pub-

lished in the County of          **Bexar**          , stating in said advertisement the authority by virtue of which

said sale was to be made,  the time of levy,  the time and place of sale, a brief description of the property to be sold, the

number of acres, the original survey, its locality in the County, and the name by which the land is generally known ;)

~~(by causing an advertisement thereof to be posted up at three public places in the County aforesaid, one of which was~~

~~at the Court House door of said County, for twenty successive days next before the day of sale,)~~ and

                                                            Delivering or Mailing

to each of the above named defendants a copy of said notice of sale,  or giving a copy of same to defendant's Attorney

of record in said cause; and, whereas, at said sale the said premises were struck off to

          **Wells Fargo Bank, N.A., as Trustee for the Pooling & Servicing AGMT Dated as of 10-01-06 Securitized Asset Back Receivables**

                    **LLC Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006-NC3**

for the sum of          **Four Hundred Twenty One Thousand Six Hundred Fifty Three and 83/100----($421,653.83)-----**          Dollars,

he being the highest bidder therefore, and that being the highest secure sum bid for the same;

          Now, Therefore, in consideration of the premises aforesaid, and of the payment of the said sum of

          **Four Hundred Twenty One Thousand Six Hundred Fifty Three and 83/100----($421,653.83)----**          Dollars,

the receipt of which is hereby acknowledged, I,          **Javier Salazar**

as the Sheriff as aforesaid, have sold, and by these presents do grant and convey unto the said

          **Wells Fargo Bank, N.A., as Trustee for the Pooling & Servicing AGMT Dated as of 10-01-06 Securitized Asset Back Receivables**

                    **LLC Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006-NC3**

all the estate, right, title and interest which the said          Nancy Alanis

had on the          **3rd**          day of          **March**          A.D.          **2016**          or at any time afterwards, of, in and to the

following described premises, viz:          **LOT 2, BLOCK 6, NEW CITY BLOCK 16984, HUNTERS CREEK NORTH, UNIT-3,**

**IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF**

**RECORDED IN VOLUME 8200, PAGE(S) 215-216, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS**

**("Property").**

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

10/25/18          BY:          DEPUTY
DATE

351

**\*If no newspaper will publish said advertisement, then so state, strike out the first clause and leave the clause showing advertisement "posted," etc. If published in newspaper, strike out the clause in regard to posting.**

DOCUMENT SCANNED AS FILED

To Have and to Hold the above described premises unto the said

Wells Fargo Bank, N.A., as Trustee for the Pooling & Servicing AGMT Dated as of 10-01-06 Securitized Asset Back

Receivables LLC Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006-NC3                    heirs and assigns

forever, as fully and as absolutely as I, as Sheriff as aforesaid, can convey, by virtue of the said order of sale.

In Testimony Whereof, I have hereunto set my hand, this   15ᵗʰ   day of       October       A. D.    2018

                                                (on behalf of Javier Salazar)                    Sheriff,

                                                                        Bexar County, Texas.

                                        By _____                    Deputy.

---

## THE STATE OF TEXAS,                    BEFORE ME the undersigned authority

*County of Bexar*

                                        in and for      Bexar                    County,

Texas, on this day personally appeared          Captain Martin Molina      (on behalf of Javier Salazar)        Sheriff

of        Bexar            County, Texas,

known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same

for the purposes and consideration therein expressed, and in the capacity therein set fourth.

Given under my hand and seal of office, this _____15ᵗʰ_____ day of        October        A.D.        2018

IRMA RAMOS
Notary Public, State of Texas
My Commission Expires
January 11, 2019

---

## THE STATE OF TEXAS,

*County of Bexar*                                    I,                                    Clerk of

the County Court of said County, do hereby certify that the foregoing instrument of writing, dated the

day of _____ A. D. 2018, with its Certificate of Authentication, was filed for record in

my office on the            day of            A.D. 2018, at            o'clock        M., and

duly recorded this            day of            A.D. 2018, at            o'clock        M., and

the Deed Records of said County, in Volume            on Pages

Witness my hand and the seal of the County Court of said County, at office in

                                                        the day and year last above written.

                                                                        Clerk

            County Court                                            County

                        By _____                    Deputy

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been illegally altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



10/25/18        DATE        BY:        DEPUTY

DOCUMENT SCANNED AS FILED

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY**
**GERARD C. RICKHOFF, BEXAR COUNTY CLERK**

| | |
|---|---|
| **Document Number:** | 20180209751 |
| **Recorded Date:** | October 24, 2018 |
| **Recorded Time:** | 12:17 PM |
| **Total Pages:** | 3 |
| **Total Fees:** | $30.00 |

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on:
10/24/2018 12:17 PM

Gerard C. Rickhoff
Bexar County Clerk

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
Information but is otherwise a full, true and correct
copy of the original on file and of record in my office

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

10/25/18
DATE          BY:          DEPUTY

353

DOCUMENT SCANNED AS FILED

# Gerard C. Rickhoff



**COUNTY CLERK**      **BEXAR COUNTY**

BEXAR COUNTY COURTHOUSE
100 DOLOROSA, SUITE 104
SAN ANTONIO, TEXAS 78205

## CERTIFICATE

STATE OF TEXAS §

COUNTY OF BEXAR §

    I, GERARD C. RICKHOFF, COUNTY CLERK OF BEXAR COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE OFFICIAL PUBLIC RECORDS OF REAL PROPERTY OF BEXAR COUNTY, TEXAS, NOW IN MY LAWFUL CUSTODY AND POSSESSION AS SAME APPEARS OF RECORD FILED IN:

DOCUMENT NUMBER _____20180209751_____   VOLUME _____N/A_____   PAGE _N/A_

    THIS COPY MAY HAVE BEEN ALTERED TO REDACT CONFIDENTIAL PERSONAL INFORMATION AS REQUIRED BY TEXAS GOVERNMENT CODE 552.147.

    IN TESTIMONY WHEREOF, WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE GIVEN IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ON THIS

_25TH_ DAY OF _____OCTOBER_____ A. D. , _____2018_____ .

GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
**Deputy County Clerk**

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL ORIGIN IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

354



**GERARD C. RICKHOFF**

BEXAR COUNTY CLERK

| 100 Dolorosa, Suite 104 | (210) 335-2216 | Visit our website at: |
|---|---|---|
| San Antonio, TX 78205 | Mon - Fri 8am - 5pm | www.Bexar.org |

**Receipt Number: 20181025000130**         **Status: ORIGINAL COPY**

| Description | Document Type | Document # | Book/Vol/Page | # Pages | GF/Serial # | Amount |
|---|---|---|---|---|---|---|
| Copy From Inbox | DEED | 20180209751 | | 1 | | $8.00 |

**Total Documents : 1**                                                          **Total:**      **$8.00**

| Payment Method | Payment ID | Authorization # | Amount |
|---|---|---|---|
| Cash | | | $20.00 |

**Tender Subtotal:**                                              **Total Payments:**    **$20.00**
Cash:         $20.00                                              Change Due:    $-12.00

Client Name: nancy alanis                        Date: 10/25/2018 | 09:45AM
                                                 Clerk: Jessica H

355

DOCUMENT SCANNED AS FILED

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re<br>NEW CENTURY TRS HOLDINGS, INC *et al.*,<br><br>Debtors. | §<br>§<br>§<br>§ | Case No. 07-10416 (BLS)<br><br>(Chapter 11) |
| NANCY K ALANIS<br><br>*Movant*<br><br>v.<br><br>Liquidating Trustee<br>NEW CENTURY TRS HOLDINGS, INC *et al*<br><br>And<br><br>NEW CENTURY TRS HOLDINGS, INC *et al*<br><br>*Respondents* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO
### (i)   FILE ADVERSARIAL COMPLAINT;
### (ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND
### (iii)  OBTAIN RELATED RELIEF

# Ex-32

CAUSE NO. 32E1803776

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR
THE POOLING AND SERVICING AGREEMENT DATED AS OF
OCTOBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES
LLC TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-NC3Plaintiff(s)
VS.

NANCY ALANIS AND ALL OCCUPANTS
Defendant(s)

In the Justice Court

BEXAR PRECINCT 3, Place 2

Bexar County, Texas

### JUDGMENT
### (EVICTION/ FE&D)

On this day came to be heard the above captioned cause. Plaintiff(s) announced ready. The Court finds that
Defendant(s) have been served with citation in accordance with the Rules of Civil Procedure to appear, and have

☒ Appeared   or   ☐ Made Default

The Court, after having examined the pleadings, and heard the evidence and argument of counsel on all matters in
controversy as well as of law, finds that the facts alleged in Plaintiff's Complaint have been proven by full and satisfactory
evidence, and further finds that Plaintiff(s) properly terminated the lease or tenancy at issue in this case, and therefore,
Defendants(s) have forcibly detained the premises described in Plaintiff's Complaint, and that Plaintiff(s) should recover
damages for the reasonable rental value of the property, plus attorney fees (if any), plus court costs.
The Court determines that Defendant's monthly rental is $ —0— , of which $ —0—
is paid by a government agency, and the remainder is paid by Defendant. If this is a residential eviction case based on non-
payment of rent, monthly rent in the same proportional amounts stated above shall be paid each rental pay period during
the pendency of any appeal.

## IT IS THEREFORE ORDERED AND DECREED:

Plaintiff(s) have restitution of the premises described in Plaintiff's Complaint, and have judgment for rent in the
amount of $ —0— , plus court costs, plus attorney fees in the amount of
$ —0— , and interest at the highest rate allowed by law, for all which let execution issue. All writs,
including a Writ of Possession, shall issue in enforcement of this judgment.

This judgment finally disposes of all parties and all claims and is appealable.

Signed this ___29th___ day of _____November_____, 20__18__

By: _[signature]_____

JUDGE JEFF WENTWORTH
Justice Court BEXAR PRECINCT 3, Place 2
8918 Tesoro Drive, Suite 300
San Antonio, TX 78217-
Phone: 210-335-4700

Defendant's appeal bond is set at $ __6,000⁰⁰__

DOC034B    381

Original

DOCUMENT SCANNED AS FILED   Ex-C

**Cash Deposit in Lieu of Bond – Eviction Case Appeal**
*Instructions:* In lieu of filing an appeal bond, the party appealing may make a cash deposit with the clerk of the Justice Court in the amount of the bond. The deposit must be payable to the Appellee and must be conditioned on the Appellant's prosecution of the appeal to effect and the payment of any judgment and all costs rendered against the appellant on appeal.  A copy of this Cash Deposit must be served on all other parties within 5 days of making the cash deposit. Tex. R. Civ. P. Rule 510.9

## CAUSE NO. 3 2 E 1 8 0 3 7 7 6

| | | |
|---|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-NC3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006 NC3 | § § § § § § § § | IN THE JUSTICE COURT |
| *Plaintiff* | § | PRECINCT 3 PLACE 1 |
| *vs.* | § § | |
| NANCY ALANIS and ALL OCCUPENTS OF 13210 HUNTERS VIEW, SAN ANTONIO, TEXAS 78230 | § § § § | |
| *Defendant(s)* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT NANCY ALANIS'
## CASH DEPOSIT FOR APPEAL (EVICTION CASE)

The undersigned Appellant is depositing under protest, cash in lieu of a bond in order to appeal the Judgment entered on November 29, 2018 by the Court (Judge Wentworth).  The Court lacked jurisdiction based on "Title" issues (i.e. Wells Fargo *et al* criminal *forgeries* on Appellant mortgage documents and adverse possession) raised by Appellant and also denied Appellant a timely requested and fee paid jury trial demand. This deposit is payable to Plaintiff Wells Fargo, As Trustee, Appellee. Appellant agrees that this deposit is conditioned on the prosecution of this appeal to effect and the payment of any judgment rendered against Appellant on appeal, together with the payment of any costs for which Appellant may be liable.

- Amount of cash deposited: $ 6,000  (Six Thousand Dollars).
- Date: December 4, 2018

/s/ Nancy Alanis

/s/ Nancy Alanis
NANCY ALANIS
13210 Hunters View
San Antonio, Texas 78230
210.226.2666
nalanis12@yahoo.com

### ACKNOWLEDGMENT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF BEXAR | § |

This instrument was acknowledged before me on 4, day of December, 2018.

Name: Melanie A. Desrosiers
NOTARY IN AND FOR THE STATE OF TEXAS        SEAL:

[Ex-A]

383

MELANIE A DESROSIERS
Notary Public, State of Texas
My Comm. Exp. 08-31-2021
ID No. 13126625-3

6
DOCUMENT SCANNED AS FILED



JP Courts, Precinct 3

8918 Tesoro Drive, Suite 300

San Antonio, TX. 78217

PH: (210) 335-4700

| | |
|---|---|
| Receipt #: | 1042290 |
| Receipt Date: | 12/04/2018 |
| Cashier : | 1001237 |
| Register: | TELANDER CASHDRAWERPCT3 |
| Payment Source: | Walk In |
| Receipt Of: | NANCY ALANIS AND ALL OCCUPANTS |
| Account Of : | NANCY ALANIS AND ALL OCCUPANTS |

Remarks :

Case Number: 32E1803776

COURT DT:        11/28/2018 1:30:00 PM

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE POOLING AND SERVICING
AGREEMENT DATED AS OF OCTOBER 1, 2006
SECURITIZED ASSET BACKED RECEIVABLES LLC TRU
2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-NC3 VS NANCY ALANIS AND ALL
OCCUPANTS

Charge:

Sub Total : $ 20.00

Grand Total : $20.00

| Tender Type | Auth # | Amot. |
|---|---|---|
| MONEY ORDER | R2080046536 92 | $20 |

Total Paid : $20

Over Payment : $0.

Change Due : $ 0.

Balance After Payment:

| Case Number | Balance |
|---|---|
| 32E1803776 | 6000.00 |
| Total Balance : | 6000.00 |

Print Date :        12/4/2018 1:15:51 PM

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the forgoing are true and correct copies of Nancy Alanis V. Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset-Backed Receivables LLC Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006NC3, Homeq Servicing Corp. et al in my lawful custody and possession as appears of records issued <u>April 4, 2018</u> in my office. WITNESS my official hand and seal of office, this <u>July 17, 2019.</u>

The following Certified Copies are:

1. Memorandum Opinion



FOURTH COURT OF APPEALS
DISTRICT FOR THE STATE OF
TEXAS

BY _Cecilia Phillips_
Cecilia Phillips
Deputy Clerk

1901

DOCUMENT SCANNED AS FILED

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.,* | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |

| | |
|---|---|
| | § |
| NANCY K ALANIS | § |
| | § |
| *Movant* | § |
| | § |
| v. | § |
| | § |
| Liquidating Trustee | § |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § |
| | § |
| And | § |
| | § |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § |
| | § |
| *Respondents* | § |

---

**NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO**
**(i)    FILE ADVERSARIAL COMPLAINT;**
**(ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND**
**(iii)  OBTAIN RELATED RELIEF**

---

# Ex-33



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00069-CV

Nancy **ALANIS**,
Appellant

v.

**WELLS FARGO BANK NATIONAL ASSOCIATION**, as Trustee for the Pooling and
Servicing Agreement Dated as of October 1, 2006 Securitized Asset-Backed Receivables LLC
Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006NC3, et al.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-02839
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

Nancy Alanis appeals a series of orders signed by the trial court culminating in a final
judgment, including orders denying pleas to the jurisdiction, granting special exceptions, and
granting and denying motions for summary judgment. We affirm the trial court's judgment.

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2017 in my office. WITNESS my official hand and
seal of office, this _____

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY_____
       Deputy Clerk

1903

**DOCUMENT SCANNED AS FILED**

## BACKGROUND[1]

In June of 2006, Alanis borrowed $193,500 from New Century Mortgage Company to purchase a house. Alanis signed a note secured by a deed of trust.

New Century declared bankruptcy, and Alanis's note and deed of trust lien became assets of New Century's bankruptcy estate which were subsequently transferred and assigned to Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006–NC3 Mortgage Pass Through Certificates Series 2006 NC3. Initially, HomeEq Servicing Corporation serviced the loan for Wells Fargo. In April of 2010, HomeEq sent Alanis notice of a substitute trustee's sale scheduled for June 1, 2010; however, the foreclosure was subsequently suspended. Effective August 31, 2010, the servicing of the loan was transferred to Ocwen Loan Servicing, LLC.

On December 8, 2010, Ocwen sent Alanis a notice of default with intent to accelerate. In January of 2011, Mackie Wolf Zientz & Mann, P.C., a law firm representing Ocwen (the "Law Firm"), sent Alanis notice of Wells Fargo's acceleration and intent to foreclose.

In response to the notice, in February of 2011, Alanis filed the underlying lawsuit alleging multiple causes of action against Wells Fargo, HomeEq, Ocwen, and the Law Firm. Wells Fargo filed a counterclaim seeking a judicial foreclosure.

On May 6, 2011, Alanis took a default judgment against HomeEq. Wells Fargo, the Law Firm, and Ocwen then obtained a series of orders in their favor relating to various claims asserted by Alanis, culminating in an order dated March 3, 2016 which (1) granted Wells Fargo a summary judgment on its counterclaim for a judicial foreclosure, (2) declared that Alanis take nothing on

---

[1] We substantially rely on the factual background contained in this court's opinion in *Alanis v. Wells Fargo Bank Nat'l Ass'n*, No. 04-16-00121-CV, 2016 WL 7234047 (Tex. App.—San Antonio Dec. 14, 2016, no pet.).(mem. op.).

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2 - 7 -2015 in my office. WITNESS my official hand and
seal of office, this _____, 2015.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY _____
Deputy Clerk

1905

DOCUMENT SCANNED AS FILED

certain claims, and (3) stated the judgment fully and finally disposed of all remaining parties and claims.

On April 1, 2016, Barclays Capital Real Estate, Inc. filed a motion to set aside the default judgment against HomeEq, alleging HomeEq's assets, including the right to use the name "HomeEq Servicing," were sold to Barclays in 2006. Barclays argued the May 6, 2011 default judgment against a party identified as "HomeEq Servicing Corporation" was obtained after improper service. On May 12, 2016, the trial court signed an order setting aside the default judgment against HomeEq and severed Alanis's claims against HomeEq into a separate cause.

On December 14, 2016, this court issued an opinion holding the trial court erred in severing Alanis's claims against HomeEq. *See Alanis*, 2016 WL 7234047, at *2. We reversed the order granting the severance and remanded the cause for further proceedings. *See id.* After the cause was remanded, Barclays filed a motion for summary judgment which was granted by the trial court. As previously noted, Alanis appeals numerous orders that culminated in a final judgment, including orders denying her pleas to the jurisdiction, granting special exceptions, and granting and denying motions for summary judgment.

### PLEAS TO THE JURISDICTION

In her first and second issues, Alanis challenges the trial court's orders denying her pleas to the jurisdiction. Alanis contends the trial court erred in denying her pleas because: (1) Wells Fargo lacked standing to seek a foreclosure because the transfer or assignment of lien from New Century to Wells Fargo was void; and (2) Wells Fargo's right to foreclose was barred by limitations.

A.    Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the

- 3 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2017 in my office. WITNESS my official hand and
seal of office, this _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY _____
Deputy Clerk

1907

**DOCUMENT SCANNED AS FILED**

pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.*

### B.    Standing

With regard to Wells Fargo's standing, Alanis recognizes in her brief that she only had standing to challenge the assignment from New Century to Wells Fargo on grounds that would render the assignment void. *Vasquez v. Deutsche Bank Nat'l Trust Co., N.A.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Alanis does not have standing to challenge the assignment on any ground that "merely renders the assignment voidable at the election of the assignor." *Reinagel*, 735 F.3d at 225.

In her brief, Alanis uses the word "forgery" in an effort to present an argument that would cause the assignment from New Century to Wells Fargo to be void. *See Vasquez*, 441 S.W.3d at 789 (recognizing forgery would render assignment void). Examining the actual bases on which Alanis claims the assignment was forged, however, reveals that Alanis claims the assignment was forged based on the timing of the assignment and indorsement and the authority of those who signed the assignment and indorsement. The execution of a document by a person who lacks

- 4 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
in my office. WITNESS my official hand and
seal of office, this _____, 2019

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY: _____
           Deputy Clerk

1909

**DOCUMENT SCANNED AS FILED**

authority renders the document voidable, not void. *Reinagel*, 735 F.3d at 226; *Uribe v. Carrington Mortg. Servs., LLC*, No. 04-16-00060-CV, 2017 WL 603648, at *3 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.). Similarly, whether the timing of the assignment violated some deadline in an agreement governing the assignment or was otherwise unauthorized would render the assignment voidable, not void. *Reinagel*, 735 F.3d at 228 (holding "facially valid assignment cannot be challenged for want of authority except by defrauded assignor"); *Uribe*, 2017 WL 603648, at *3 (assignment in violation of terms of agreement pursuant to which assignment was made "would not render the assignment void"). Because Alanis does not present any argument that would render the assignment from New Century to Wells Fargo void, she does not have standing to challenge the assignment to Wells Fargo, and the facially valid assignment establishes Wells Fargo's standing to foreclose.

C.    Limitations

Alanis next contends the trial court erred in denying her plea to the jurisdiction because Wells Fargo's right to foreclose was barred by limitations. In making this argument, Alanis relies on the notice of substitute trustee's sale sent by HomeEq in April of 2010, and argues Wells Fargo's counterclaim seeking judicial foreclosure was barred by the four-year statute of limitations.

A suit for a foreclosure of a real property lien must be brought no later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035 (West 2002). The cause of action accrues upon the acceleration of the maturity date of the debt secured by the real property lien. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to

- 5 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-201___ in my office. WITNESS my official hand and
seal of office, this _____ July 17 2019 .

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY _____
Deputy Clerk

1911

**DOCUMENT SCANNED AS FILED**

it upon declared maturity." *Holy Cross Church of God in Christ*, 44 S.W.3d at 566-67; *Biedryck v. U.S. Bank Nat'l Ass'n*, No. 01-14-00017-CV, 2015 WL 2228447, at *4 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.) (holding lender abandoned acceleration by accepting payments and taking no affirmative steps to foreclose); *Karam v. Brown*, 407 S.W.3d 464, 473-74 (Tex. App.—El Paso 2013, no pet.) (holding lender abandoned acceleration by accepting payments on note).

In this case, Alanis attached to her pleadings a letter from her attorney dated December 21, 2010, in which Alanis's attorney acknowledged that Alanis's payments were accepted for the months of October, November, and December of 2010, which was after the April 2010 acceleration notice. The letter further acknowledged that Ocwen sent Alanis a letter in December of 2010, stating it would accept less than the full accelerated amount "to bring the account current." Accordingly, the trial court did not err in denying the plea because the evidence presented by Alanis established Wells Fargo abandoned the April 2010 acceleration by accepting subsequent payments and not taking affirmative steps to foreclose.

D.     Conclusion

Alanis's first and second issues are overruled.

### MARCH 3, 2016 SUMMARY JUDGMENT

In her third and fourth issues, Alanis challenges the trial court's March 3, 2016 order granting a motion for partial summary judgment filed by Wells Fargo and Ocwen. The order sustains twenty objections to summary judgment evidence produced by Alanis, orders that Alanis take nothing on her claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and section 51.002(d) of the Texas Property Code, and grants Wells Fargo a judicial foreclosure.

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). To prevail on a traditional

-6-

1912

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE. CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-200 h my office. WITNESS my official hand and
seal of office, this_____ Aug 17 2019.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY_____
Deputy Clerk

1913

DOCUMENT SCANNED AS FILED

motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Hansen*, 525 S.W.3d at 681. "A [no evidence] motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent [fails to produce more than a scintilla of] summary judgment evidence raising a genuine issue of material fact on those elements." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) ("More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.") (internal quotation omitted).

Alanis's third and fourth issues are multifarious because they refer to "disregarding ex parte communications, uncontroverted expert affidavit, Wells Fargo/Ocwen lack of standing (unlawful acceleration/time-barred foreclosure/suit on the note), and Ocwen's RESPA/Texas Property Code violations" and to "granting excess relief by disposing of Wells Fargo counterclaims and appellant's claims not asserted as summary judgment grounds by appellees and sustaining appellees conclusory objections on appellant's summary judgment affidavit/exhibits entered into the record by a previous court." "'An issue is multifarious when it generally attacks [a] trial court's order with numerous arguments.'" *Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *3 (Tex. App.—San Antonio May 13, 2015, pet. denied) (mem. op.) (quoting *Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied)). "'We may disregard any assignment of error that is multifarious.'" *Id.* (quoting *Hamilton*, 298 S.W.3d at 338 n.3). "'Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made.'" *Id.* (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

-7-

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2010 in my office. WITNESS my official hand and
seal of office, this _____

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY_____
        Deputy Clerk

1915

**DOCUMENT SCANNED AS FILED**

Some of the arguments made by Alanis in her third and fourth issues overlap the arguments made in her first and second issues. We overrule those complaints for the reasons previously stated.

Other than citing law referencing the applicable standard of review, the only law cited by Alanis is section 51.002 of the Texas Property Code and the law relating to a loan servicer's obligations under RESPA. Therefore, we address Alanis's arguments in relation to the cited law.

With regard to the notice requirement under section 51.002, Wells Fargo produced the affidavit of Ocwen's senior loan analyst, who testified the notice requirement was met.[2] *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2017) (requiring mortgage service to provide notice of default). Alanis argues Wells Fargo was required to produce the certified mail receipts documenting the notice. Affidavits generally are considered sufficient summary judgment evidence. *See Brown v. Mesa Dist., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding affidavit providing detailed account of the facts is sufficient summary judgment evidence). Alanis cites no authority to support her contention that Wells Fargo was required to produce certified mail receipts. Because the affidavit produced by Wells Fargo was sufficient summary judgment evidence to establish that Wells Fargo satisfied the section 51.002 notice requirement, Alanis's complaint is overruled.

Under RESPA, a loan servicer must provide a written response acknowledging a qualified written request within five days of the servicer's receipt of the request. 12 U.S.C. § 2605(e)(1)(A). In addition, within thirty days of receiving the request, the loan servicer must: (a) make appropriate corrections to the borrower's account; (b) provide the borrower with a written explanation stating the reasons the account is correct and who the borrower may contact for further assistance; or (c)

---

[2] We note Wells Fargo also asserted in its motion that Alanis's claims based on a violation of section 51.002 "failed as a matter of law because no foreclosure sale has occurred."

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-20 in my office. WITNESS my official hand and
seal of office, this _____

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY _____
                    Deputy Clerk

1917

**DOCUMENT SCANNED AS FILED**

provide the borrower with the information requested and provide the borrower with the person the borrower may contact for further assistance.  12 U.S.C. § 2605(e)(2)(A)-(C).  "RESPA provides that servicers who fail to comply with the provisions of the statute shall be liable to borrowers for any actual damages incurred by borrowers as a result of such failure." *Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 662 (E.D. Tex. 2016) (citing 12 U.S.C. § 2605(f)(1)(A)).  "The burden is on the borrower to prove that he or she incurred actual damages in order to substantiate a RESPA claim." *Id.*

Wells Fargo and Ocwen filed a no-evidence motion on Alanis's RESPA claim asserting she could produce no evidence of any actual damages.  In her brief, Alanis cites her affidavit as providing evidence that she was damaged by the alleged RESPA violations.  However, the trial court sustained Wells Fargo's and Ocwen's objections to Alanis's affidavit, and Alanis does not challenge that finding on appeal.  "We will not consider summary judgment evidence that was excluded by the trial court unless the appellant timely and successfully challenges the evidentiary ruling." *Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *5 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.); *see also Chain Distrib. v. Am. Freightways, Inc.*, No. 04-02-00071-CV, 2003 WL 288277, at *1 n.2 (Tex. App.—San Antonio Feb. 12, 2003, no pet.) (mem. op.) (refusing to consider summary judgment affidavit where appellant did not challenge trial court's ruling sustaining objection to affidavit).  Accordingly, because the trial court excluded Alanis's affidavit which is the only evidence Alanis cites as satisfying her burden of proof to produce more than a scintilla of evidence in response to the no-evidence motion, she has not demonstrated on appeal that the trial court erred in granting the no-evidence motion as to her RESPA claim.

1918

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-201 in my office. WITNESS my official hand and
seal of office, this _____ July 15, 2019 _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY
                    Deputy Clerk

1919

DOCUMENT SCANNED AS FILED

### SPECIAL EXCEPTIONS

In her fifth and sixth issues, Alanis challenges the trial court's October 13, 2015 sustaining special exceptions filed by Wells Fargo, Ocwen, and the Law Firm. The order sustained the special exceptions to the following claims asserted by Alanis in her sixth amended original petition: (1) claims regarding the validity of the assignment from New Century to Wells Fargo; (2) claims alleging violations of section 12.002 of the Texas Civil Practice and Remedies Code; (3) claims based on limitations barring Wells Fargo's counterclaim; and (4) claims against the Law Firm.

Alanis's fifth and sixth issues are multifarious because they refer to "engaging in ex parte communications with appellees causing the rendition of improper orders from October 2015-2017, and disregarding Wells Fargo lack of standing to pursue time-barred foreclosure, plea to the jurisdiction, motion to compel and TDCA violations" and to "sustaining appellees special exceptions on appellees previously denied summary judgment grounds (i.e. attorney immunity, limitations and standing) and disregarding appellees void transfer of lien, appellant's standing to challenge void assignments, appellant's uncontroverted expert affidavit/report which relied on appellees PSA to support opinions." Because the issues are multifarious, we only consider the issues to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

With regard to the special exceptions relating to the validity of the assignment and the limitations defense, we have previously addressed the reasons Alanis lacked standing to challenge the validity of the assignment and the reasons Wells Fargo's foreclosure claim is not barred by limitations. Therefore, Alanis cannot show she was harmed by the trial court's granting of the special exceptions as to those claims.

Although Alanis's brief cites to section 12.002 of the Texas Civil Practice and Remedies Code and cases discussing that statute, Alanis does not explain the manner in which this claim was

- 10 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-200 in my office. WITNESS my official hand and
seal of office, this _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY_____
Deputy Clerk

1921

DOCUMENT SCANNED AS FILED

pled in her sixth amended original petition or the special exceptions made regarding that claim. Alanis also does not argue how the trial court erred in granting the special exceptions as to that claim. Accordingly, we do not further address this complaint.

In her brief, Alanis also makes reference to "[t]he undisputed facts as to 'attorney immunity,'" which appears to relate to the special exceptions raised with regard to the claims against the Law Firm. The special exceptions challenged the claims against the Law Firm on the basis that the claims were barred by attorney immunity, citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015). Under *Cantey Hanger, LLP*, "attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." 467 S.W.3d at 481 (internal quotation omitted); *see also Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 402 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court order granting special exceptions and dismissing cause based on attorney immunity). "Even conduct that is wrongful in the context of the underlying suit is not actionable if it is part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger, LLP*, 467 S.W.3d at 481 (internal quotation omitted).

In her sixth amended original petition, Alanis recognized the Law Firm was representing Ocwen. Even in her brief, Alanis recognizes the correspondence sent by the Law Firm was sent in connection with its representation of Ocwen. Although Alanis asserts she sued the Law Firm "in their capacity as a 'debt collector,'" she fails to address the broad scope of attorney immunity under the holding in *Cantey Hanger, LLP*, or explain why that holding does not apply to the actions taken by the Law Firm in its representation of Ocwen. Accordingly, Alanis has failed to establish the trial court erred in granting the special exceptions with regard to her claims against the Law Firm.

- 11 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2017 in my office. WITNESS my official hand and
seal of office, this _____ July 17 2019 _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
By _____
                Deputy Clerk

1923

### NOVEMBER 10, 2015 SUMMARY JUDGMENT

In her seventh issue, Alanis challenges the trial court's November 10, 2015 order granting Wells Fargo's and Ocwen's motion for partial summary judgment filed on October 19, 2015. In the motion, Wells Fargo and Ocwen moved for a traditional summary judgment on: (1) Alanis's claim that their accounting of her loan was incorrect; and (2) their defense that Alanis's claims are barred by the economic loss doctrine. Wells Fargo and Ocwen further moved for a no-evidence summary judgment on Alanis's claims for: (1) DTPA; (2) fraud; (3) intentional infliction of emotional distress; (4) unreasonable debt collection; (5) breach of contract; (6) violations of the Texas Penal Code; and (7) punitive damages. The trial court's order sustains Wells Fargo's and Ocwen's objections to Alanis's response and overrules Alanis's objections. The order granted the motion in its entirety concluding that the accounting of the loan is accurate and ordering that Alanis take nothing on the claims challenged by the no-evidence motion.

Alanis's seventh issue is multifarious because it refers to "engag[ing] in ex parte communications, sustaining appellees conclusory objections, overruling appellant's undisputed objections; striking valid appellant claims, and disregarding time barred limitations, appellant's expert affidavit/report, appellees violations of debt collection laws/RESPA and discovery abuse pursuant to TRCP 193.6." Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

Apart from summarizing the summary-judgment motion, Alanis's response, and her objections, Alanis's brief contains no analysis of the grounds asserted in the motion or of the trial court's ruling on the motion. Alanis does not identify the elements of each of her claims Wells Fargo and Ocwen challenged in their no-evidence motion or cite specific evidence she produced

- 12 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2017 in my office. WITNESS my official hand and
seal of office, this _____ 2018.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY
Deputy Clerk

1925

**DOCUMENT  SCANNED  AS  FILED**

as to each of those elements.  Because we cannot identify any specific error about which Alanis is

complaining with reasonable certainty, we do not further address this issue.  *See id.*

### NOVEMBER 18, 2014 SUMMARY JUDGMENT

In her eighth issue, Alanis challenges the trial court's November 18, 2014 order denying

her motion for partial summary judgment and partially granting the counter-motion filed by Wells

Fargo, Ocwen, and the Law Firm.  The trial court's order granted the counter-motion as to Alanis's

causes of action for alleged violations of the Texas Finance Code, Texas Debt Collection Act, and

Federal Debt Collection Practices Act and dismissed those claims with prejudice.

In her brief, Alanis again raises her contention that Wells Fargo's counterclaim for judicial

foreclosure was barred by limitations.  For the reasons previously explained, the foreclosure claim

is not barred by limitations.

The only other argument Alanis makes in her brief is that "[a]ppellees collectively violated

debt collection laws causing Appellant damages."  In making this argument, Alanis cites 15 U.S.C.

1692g and asserts Wells Fargo/Ocwen violated the Federal Debt Collection Practices Act by not

responding "to debt dispute letters" and "never ceas[ing] collection of a debt."  However, mortgage

lenders and mortgage servicing companies are not "debt collectors" within the meaning of the

Federal Debt Collection Practices Act.  *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx.

424, 428 n.1 (5th Cir. 2012); *Sequel Group, Inc. v. Wilmington Sav. Fund Soc'y FSB*, No. 3:16-

CV-02056-N (BF), 2017 WL 3704833, at *4 (N.D. Tex. June 7, 2017).  Alanis also contends the

Law Firm violated sections 392.304(19) and 392.101 of the Texas Finance Code; however,

Alanis's argument makes global assertions that fail to explain how those provisions are applicable

to a law firm representing a loan servicer.  *See Cantey Hanger, LLP*, 467 S.W.3d at 481.  Finally,

Alanis contends Wells Fargo and Ocwen breached the deed of trust but fails to explain how such

- 13 -

DOCUMENT  SCANNED  AS  FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-7-2013 in my office. WITNESS my official hand and
seal of office, this _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS

BY _____
Deputy Clerk

1927

DOCUMENT SCANNED AS FILED

04-17-00069-CV

a breach resulted in a violation of the Texas Finance Code, Texas Debt Collection Act, or Federal Debt Collection Practices Act.  Accordingly, we overrule Alanis's eighth issue.

## ORDER SETTING ASIDE DEFAULT JUDGMENT

In her ninth issue, Alanis challenges the trial court's order setting aside the default judgment entered against HomeEq on May 6, 2011.  In its May 12, 2016 order, the trial court found service was improper and vacated the default judgment.[3]

Alanis's ninth issue is multifarious because it refers to the trial court granting Barclays' motion to set aside the default judgment "when not a named defendant and disregarding judicial admissions, conclusory affidavit, non-compliance (RESPA/Tex. Prop Code) and where the court refused to admit appellant's uncontroverted evidence."  Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'"  *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

Although Alanis again summarizes various events and the content of various pleadings, the only error about which Alanis complains with reasonable certainty is that the trial court erred in setting aside the default judgment based on Barclays' motion because Barclays was "never a true party to the litigation."[4]  In its motion and the evidence attached to the motion, however, Barclays explained that it acquired all of the assets of HomeEq Servicing Corporation on November 1, 2006, including the right to use the name "HomeEq Servicing."  This acquisition was before the default judgment was entered on May 6, 2011.  Based on Alanis's pleadings, the default judgment could be considered to be a judgment against Barclays through its ownership of the name "HomeEq

---

[3] As an alternative to setting aside the default judgment, Barclays requested the trial court to modify the default judgment "so that it is clear that the judgment defendant is HomeEq Servicing Corporation, and not Barclays Capital Real Estate, Inc. formerly d/b/a HomeEq Servicing."

[4] We note Alanis does not argue service of process was proper.

- 14 -

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, DO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2-5-2017 in my office. WITNESS my official hand and
seal of office, this _____ July 17, 2015 .

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
BY _____
Daputy Clerk

1929

DOCUMENT  SCANNED  AS  FILED

Servicing," This is especially true since no "HomeEq Servicing" entity was ever properly served. Therefore, Barclays could properly file the motion to set aside the default judgment.

### JANUARY 25, 2017 SUMMARY JUDGMENT

In her tenth and final issue, Alanis complains the trial court erred in granting Barclays's motion for summary judgment and in denying her motion for summary judgment. Alanis's issue is multifarious because it refers to the trial court granting Barclays' motion, denying Alanis's motion and "disregarding discovery rule, Barclays admissions, RESPA, TDCA, lack of standing, no evidence response and disposing of appellant's remaining claims not asserted." Because the issue is multifarious, we only consider the issue to the extent "'we can determine, with reasonable certainty, the error about which complaint is made.'" *Martin*, 2015 WL 2255139, at *3 (quoting *Hamilton*, 298 S.W.3d at 338 n.3).

In her brief, Alanis does not identify the grounds upon which Barclays moved for summary judgment. Alanis also fails to explain how she could file a no-evidence motion for summary judgment on her claims for which she has the burden of proof. *See La Tier v. Compaq Computer Corp.*, 123 S.W.3d 557, 561 (Tex. App.—San Antonio 2003, no pet.) ("A no-evidence motion is appropriate when the party without the burden of proof moves for summary judgment on the basis that the party with the burden of proof at trial cannot produce legally sufficient evidence to support its theory of liability."). Although Alanis claims Barclays failed to attach certain evidence and admitted certain facts, Alanis does not explain the reason the trial court erred in granting Barclays' motion based on the absence of that evidence or the admissions. Finally, Alanis contends Barclays lacked standing to service her loan but does not explain how this argument gives rise to a claim

DOCUMENT SCANNED AS FILED

COURT OF APPEALS
FOURTH APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
I, KEITH E. HOTTLE, CLERK OF THE FOURTH APPEALS
DISTRICT, for the State of Texas, OO HEREBY CERTIFY that the
foregoing is a true and correct copy of the original document in
my lawful custody and possession as appears of record filed
2 - 7 - 201 in my office. WITNESS, my official hand and
seal of office, this _____.

FOURTH COURT OF APPEALS DISTRICT
FOR THE STATE OF TEXAS
By_____
Deputy Clerk

1931

DOCUMENT SCANNED AS FILED

against Barclays.[5]  Having reviewed the arguments made by Alanis under her tenth issue, we cannot determine with reasonable certainty the error about which she is complaining.  Accordingly, we do not further address this issue.

CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[5] Alanis also contends that she did not assert any claims against Barclays.  To the extent Alanis is asserting Barclays is not liable on any of her claims, she should have no complaint with the trial court granting summary judgment in Barclays's favor.

- 16 -

DOCUMENT SCANNED AS FILED

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.,* | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

**NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO**
**(i)    FILE ADVERSARIAL COMPLAINT;**
**(ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND**
**(iii)  OBTAIN RELATED RELIEF**

# Ex-34

FILED
18-0617
8/6/2018 3:45 PM
tex-26544247
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

## NO. 18-0617

## IN THE SUPREME COURT OF TEXAS

### NANCY ALANIS,

**PETITIONER,**

**v.**

**WELLS FARGO BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT
DATED AS OF OCTOBER 1, 2006 SECURITIZED ASSET-BACKED
RECEIVABLES LLC TRUST 2006-NC3 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006NC3, HOMEQ SERVICING CORP., ET AL.,**

**RESPONDENTS.**

**Appeal from the Fourth Court of Appeals
San Antonio, Texas
Case No. 04-17-00069-CV**

## RESPONSE TO PETITIONER'S MOTION FOR SANCTIONS

**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Respondent
Mackie Wolf Zientz & Mann, P.C.*

370

TO THE HONORABLE SUPREME COURT OF TEXAS:

Respondent Mackie Wolf Zientz & Mann, P.C., together with its counsel, ("MWZM" or "Respondent") file this Response to the *Motion for Sanctions* filed by Petition Nancy Alanis ("Petitioner" or "Alanis"), and respectfully shows the motion should be denied as follows:

## GLOSSARY OF TERMS

Citations in this Response, where necessary, will be as noted below to the following volumes of the record on file in this appeal, said volumes being incorporated herein by reference:

| | |
|---|---|
| Clerk's Record, Volume 1 | "1 CR" |
| Clerk's Record, Volume 2 | "2 CR" |
| Clerk's Record, Volume 3 | "3 CR" |
| 1st Supplemental Clerk's Record | "1 Supp CR" |
| 2nd Supplemental Clerk's Record | "2 Supp CR" |
| 3rd Supplemental Clerk's Record | "3 Supp CR" |
| 4th Supplemental Clerk's Record | "4 Supp CR." |

DOCUMENT SCANNED AS FILED

## RELEVANT FACTUAL BACKGROUND

1.     This appeal is one in a series of protracted litigation by Petitioner concerning the real property and improvements located at known as 13210 Hunters View, San Antonio, Texas 78230, and more particularly described as follows:

> LOT 2, BLOCK 6, NEW CITY BLOCK 16984, HUNTERS CREEK NORTH, UNIT-3, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 8200, PAGE(S) 215-216, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property"). *See 1 CR 1267, 1272.*

2.     Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006-NC3 ("Wells Fargo"), is the current owner and holder of a promissory note and mortgagee of the corresponding Deed of Trust executed by Petitioner, which grants Wells Fargo a lien on the Property. *See 1 CR 1259, 1267, 1272..* The Deed of Trust is recorded in the real property records of Bexar County, Texas under document number 20060146541 (the Note and Deed of Trust are collectively referred to as the "Loan Agreement"). *1 CR 1272.* Ocwen Loan Servicing, LLC ("Ocwen") services the Loan for Wells Fargo. *1 CR 1259.* Ocwen, as the servicer for Wells Fargo, retained MWZM to foreclose the Deed of Trust due to Petitioner's default on the Note. *1 CR 1259.*

DOCUMENT SCANNED AS FILED

3.    Petitioner filed suit against in the 438th Judicial District Court, Bexar County, Texas under Cause No. 2011CI02839 (the "Trial Court") for: breach of contract, violations of the Fair Debt Collection Practices Act, violation of the Real Estate Settlement and Practices Act, violations of the Texas Debt Collection Action, tortious interference with contract, fraud, negligent misrepresentation, conversion, and a request for declaratory judgment. *See 1 CR 1345.* All of her claims were finally disposed of in the Trial Court after a series of partial summary-judgment rulings and the sustaining of special exceptions. *1 CR 869; 2 CR 1242; 3 CR 2758-62.*

4.    Wells Fargo also brought a counterclaim for a judgment of foreclosure, on which the Trial Court also granted summary judgment, entering an order for judicial foreclosure by sheriff's sale in favor of Wells Fargo. *3 CR 2758-62.*

5.    On December 14, 2016, the Fourth Court of Appeals in San Antonio, under Case No. 04-16-00121-CV (the "First Appeal") issued a Mandate reversing and remanding the Trial Court's order severing Petitioner's claims against Barclays Capital Real Estate, Inc., formerly d/b/a HomEq Servicing ("Barclays"), the original lender. *See Pet.'s Mot. for Sanctions at Exh. A.* The Fourth Court of Appeals awarded Petitioner her costs of the First Appeal from Wells Fargo, Ocwen, and MWZM. *See id.*

4

DOCUMENT SCANNED AS FILED

6.    After remand, the Trial Court granted summary judgment in favor of Barclays on January 23, 2017, rendering final judgment in the Trial Court. *6 Supp. CR, Vol. 2, 1319, 1321, 1326.*

7.    Petitioner appealed the final judgment to the Fourth Court of Appeals in San Antonio. The Fourth Court of Appeals affirmed the Trial Court's judgment and order for foreclosure on April 4, 2018. *Alanis v. Wells Fargo Bank Nat'l Ass'n*, No. 04-17-00069-CV, 2018 Tex. App. LEXIS 2376 (Tex. App.—San Antonio Apr. 4, 2018, pet. filed). Chief Justice Sandee Bryan Marion authored the opinion on behalf of the Court of Appeals. *Id.* The panel consisted of Chief Justice Marion, Justice Karen Angelini, and Justice Patricia O. Alvarez. *Id.*

8.    Wells Fargo and Ocwen recovered a judgment in the amount of $356,217.31, plus prejudgment interest and post-judgment interest. *3 CR 2761.* Wells Fargo and Ocwen were also awarded $185,364.00 in attorneys' fees, plus additional fees for appeals. *3 CR 2761.*

9.    After the Court of Appeals affirmed the Trial Court's judgment, MWZM, as counsel retained by Ocwen as servicer for Wells Fargo, proceeded to execute the judicial foreclosure order. *See Pet.'s Mot. for Sanctions at Exh. D.* As of the time the Notice of Writ was served, the judgment amount was $702,339.83, plus any additional costs incurred. *See Pet.'s Mot. for Sanctions at Exh. D.*

DOCUMENT SCANNED AS FILED

10.    Petitioner filed her Brief and her Motion for Sanctions against MWZM and its counsel, Mark D. Cronenwett, in this Court on July 27, 2018.

11.    In her Motion for Sanctions, Petitioner claims (1) Respondents have not paid her costs from the First Appeal, and (2) Respondents should not be allowed to execute the order for sheriff's sale. *See, Pet.'s Mot. for Sanctions at ¶¶ 2, 10.* Petitioner's Motion must be denied because Wells Fargo and Ocwen confirmed the costs owed under the Mandate from the First Appeal will be offset from the amount of the judgment owed. In any event, the Property will sell for market value to the highest bidder at the sheriff's sale, thus rendering the exact dollar amount of the final judgment inconsequential. Moreover, MWZM or its counsel on behalf of Ocwen and Wells Fargo never agreed to suspend execution of the order for foreclosure, and Petitioner may superseded the judgment if she wishes to stop the sale.

## RESPONSE

### A.    Costs will be Offset from Final Judgment Amount

12.    Petitioner seems to base the crux of her argument on the contention she has not recovered her costs from the First Appeal. *See Pet.'s Mot. for Sanctions at ¶10.* Appellees agree to offset the costs of $4,499.80[1], and confirm herein the intent to do so. *See Pet.'s Mot. for Sanctions at Exh. C.*

13.    In any event, the offset of costs from the final judgment amount will

---

[1] *See Pet.'s Mot. for Sanctions at Exh. B.*

DOCUMENT SCANNED AS FILED

have no effect on the pending sheriff's sale. The amount Respondents stand to recover for the judgment will be satisfied in part from the proceeds, if any, from the sheriff's sale of the Property. *See 3 CR 2761.* The price paid by the highest bidder at the sale, or market value of the Property, will not necessarily satisfy the entire judgment[2]. As such, Respondents will reduce the amount owed by Petitioner on the judgment by the net amount recovered at the sale and offset the costs of $4,499.80 owed to Alanis on the First Appeal before proceeding with a claim for deficiency under the judgment. *See 3 CR 2761.* Petitioner has no basis for sanctions at this time, and her Motion must be denied.

### B.   Petitioner May Supersede the Judgment to Suspend the Sale

14.   Alanis by her Motion seeks to sanction MWZM and deprive Respondents of the right to liquidate the Property to satisfy the judgment. If she wishes to postpone the sale pending this Court's review of her Petition, the appropriate procedure is to supersede the judgment. *See* TEX. R. APP. P. 25.1(h)(1). Even if an appeal is perfected, the prevailing party may execute on the judgment unless a supersedeas bond is filed. *Id.; see also Robinson v. Lufkin Fed. Sav. & Loan Ass'n*, No. 09-96-113 CV, 1997 Tex. App. LEXIS 3249, at *5 (Tex. App.— Beaumont June 19, 1997, no pet.). Texas Rule of Appellate Procedure Rule

---

[2] The sale is unlikely to do so given the Bexar County Appraisal District's valuation of the Property is only $242,000.00. http://www.bcad.org/clientdb/Property.aspx?prop_id=635246&year=2018.

7

DOCUMENT SCANNED AS FILED

24.2(a)(2) provides guidance on the appropriate amount of money to be posted when a judgment is for real property, which must at least "the value of the property interest's rent or revenue, if the property interest is real[.]" TEX. R. APP. P. 24.2(a)(2).

15.    This suit was filed by Plaintiff over seven years ago to avoid paying on her loan. Plaintiff continues to reside in the Property, and the Loan is still due for the February 1, 2010 payment. *See 3 CR 2622, ¶10.* Further, Respondents have been involved in this lawsuit since its inception and have been precluded from exercising the right to foreclose on the Property. Petitioner does not, because she can not, provide evidence that MWZM or its counsel agreed to suspend enforcement of the judgment for foreclosure. *See Pet.'s Motion for Sanctions, generally.* Her remedy to prevent the sheriff from executing the writ for foreclosure sale would have been to supersede the judgment. TEX. R. APP. P. 25.1(h), 24.2. She did not do so, and her baseless request for sanctions must therefore be denied.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondent MWZM and its counsel respectfully pray that this Honorable Court of Appeals deny Petitioner Nancy Alanis's Motion for Sanctions and grant MWZM all other relief to which it may be entitled.

8

DOCUMENT SCANNED AS FILED

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Respondent*
*Mackie Wolf Zientz & Mann, P.C.*

378

DOCUMENT SCANNED AS FILED

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2018, a true and correct copy of the foregoing was served via electronic service to the pro se party and counsel of record listed below:

Nancy Alanis
13210 Hunters View
San Antonio, Texas 78230
*nalanis12@yahoo.com*

David Rogers
Law Office of David Rogers
595 Round Rock West Dr., Ste. 102
Round Rock, TX 78681
*firm@DARogersLaw.com*

Reid Nelson
Law Office of R. Reid Nelson
916 E. 32nd Ste., No. 102
Austin, TX 78705
*reid@rnelsonlaw.net*

Cody P. Peterson
McGlinchey Stafford, PLLC
6688 N. Central Exp., Suite 400
Dallas, Texas 75206
*cpeterson@mcglinchey.com*

Jeffrey A. Hiller
Cacheaux Cavazos & Newton, L.L.P.
333 Convent St.
San Antonio, Texas 78205
*jhiller@ccn-law.com*

Jeffrey R. Sandberg
Palmer & Manuel, LLP
8350 N. Central Exp., Suite 1111
Dallas, Texas 75206
*jsandberg@pamlaw.com*


*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

DOCUMENT SCANNED AS FILED

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re<br>NEW CENTURY TRS HOLDINGS, INC *et al.,* | § <br> § <br> § | Case No. 07-10416 (BLS) |
| Debtors. | § | (Chapter 11) |
| | § | |
| NANCY K ALANIS | § <br> § | |
| *Movant* | § <br> § | |
| v. | § <br> § | |
| Liquidating Trustee<br>NEW CENTURY TRS HOLDINGS, INC *et al* | § <br> § <br> § | |
| And | § <br> § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § <br> § | |
| *Respondents* | § | |

**NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO**
**(i)    FILE ADVERSARIAL COMPLAINT;**
**(ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND**
**(iii)  OBTAIN RELATED RELIEF**

# Ex-35



Get your next report or finish
Repeat these steps for each credit report

Welcome, Nancy Alanis   Help


**TransUnion.**

Have questions?
Contact us

# Your Credit Report

| Credit Report | Score | ID Protection |
| --- | --- | --- |

»  **Your Rights**

**INITIATE A DISPUTE**

## Personal Credit Report for NANCY KAY ALANIS

September 28, 2020
Source: TransUnion

**Found an inaccuracy?**
**Click to learn about correcting.**

🖨 **Print report**
   (Please select the 'Fit to Page' option before printing)

🖺 **Save as PDF**

**We recommend that you print or save this page.** Closing this window
will end the free credit report request process and you will be unable
to return for a year.

  
Get
ADOBE® READER®

File Number: 415162703

## Personal Information

You have been on our files since 04/01/1990
**Date of Birth:**      01/28/1959

SSN: XXX-XX-1520
Your SSN has been masked for your protection.

**Names Reported:** NANCY KAY ALANIS, NANCY ALANISKAY, NANCY KAY ALANIS, NANCY K. ALSIAS and

### Addresses Reported:

| Address | Date Reported |
| --- | --- |
| PO BOX 15524, SAN ANTONIO, TX 78212-8724 | 08/01/2008 |
| 13210 HUNTERS VIEW ST, SAN ANTONIO, TX 78230-2032 | 07/31/2006 |
| 922 E HILDEBRAND AVE, SAN ANTONIO, TX 78212-2538 | 12/01/2000 |
| 525 W MAGNOLIA AVE, SAN ANTONIO, TX 78212-3251 | 06/12/2007 |
| 527 W MAGNOLIA AVE, SAN ANTONIO, TX 78212-3251 | 07/15/2008 |
| 1040 BLANCO RD, SAN ANTONIO, TX 78212-3243 | 12/31/2006 |
| 414 W LAUREL, SAN ANTONIO, TX 78212-4624 | 12/31/2018 |
| 1040 BLANCO RD APT C, SAN ANTONIO, TX 78212-3243 | 12/29/2015 |

**Telephone Numbers Reported:**

## Employment Data Reported:

| Employer Name | Location | Date Verified |
|---|---|---|
| TAX SERVICE | | 01/01/1994 |
| BEN WALKER ATTORNEY AT LAW | | 07/01/1993 |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported:

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

### FRANKLIN COLLECTION SERVICE INC #103481****

2978 W JACKSON ST
TUPELO, MS 38803
(877) 592-0150

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 05/28/2020 | Balance: | $196 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 09/24/2020 | | |
| Account Type: | Open Account | Original Amount: | $196 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | DIRECTV | | |
| | | Past Due: | >$196< | | |

**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 10/2025

### MIDLAND FUNDING LLC #30657****

320 EAST BIG BEAVER
SUITE 300
TROY, MI 48083
(877) 822-0381

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 06/21/2017 | Balance: | $528 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 09/23/2020 | | |
| Account Type: | Open Account | Original Amount: | $528 | | |
| Loan Type: | DEBT BUYER | Original Creditor: | CITIBANK N A | | |
| | | Past Due: | >$528< | | |

**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 08/2023

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### RANDOLPH-BROOKS FCU #19150****

PO BOX 2097
UNIVERSAL CTY, TX 78148-2097
(800) 580-3300

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 02/03/2015 | Date Updated: | 03/02/2020 | Pay Status: | Current Account |
| Responsibility: | Joint Account | Payment Received: | $0 | Terms: | $0 per month, paid Monthly for 60 months |
| Account Type: | Installment Account | Last Payment Made: | 03/02/2020 | | |
| | | | | Date Closed: | 03/02/2020 |

**Loan Type:** AUTOMOBILE
**High Balance:** High balance of $12,000 from 03/2018 to 03/2020
**Remarks:** CLOSED

| | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $0 | $242 | $483 | $723 | $961 | $1,198 | $1,433 | $1,667 | $1,899 | $2,130 |
| Scheduled Payment | $0 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 |
| Amount Paid | $0 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|

|  | 05/2019 | 04/2019 | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $2,358 | $2,586 | $2,812 | $3,038 | $3,262 | $3,484 | $3,714 | $3,939 | $4,136 | $4,351 |
| Scheduled Payment | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $245 |
| Amount Paid | $245 | $245 | $245 | $245 | $245 | $245 | $245 | $257 | $245 | $245 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $4,565 | $4,778 | $4,989 | $5,201 | $5,408 | | | | | |
| Scheduled Payment | $245 | $245 | $245 | $245 | $245 | | | | | |
| Amount Paid | $245 | $245 | $245 | $245 | $245 | | | | | |
| Past Due | $0 | $0 | $0 | $0 | $0 | | | | | |
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 03/2015 | 02/2015 |
|---|---|---|
| Rating | OK | OK |

## SYNCB/CONNS #603459063559****

C/O PO BOX 965036
ORLANDO, FL 32896-5036
(866) 396-8254

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 11/27/2015 | Balance: | $0 | Pay Status: | Current Account |
| Responsibility: | Individual Account | Date Updated: | 08/04/2017 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | Payment Received: | $0 | Date Closed: | 12/15/2016 |
| Loan Type: | CHARGE ACCOUNT | High Balance: | $0 | | |
| | | Credit Limit: | $3,000 | | |

**Remarks:** INACTIVE ACCOUNT; CLOSED

|  | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 11/2015 |
|---|---|
| Rating | OK |

## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance.

They did not receive your full credit report, but they did obtain your name and address and may offer you credit.

**TBOM**

PO BOX 4499

BEAVERTON, OR 97076
(866) 453-2636

**Requested On:** 01/23/2020

**GRANITE BAY ACCEPTANCE INC**

1781 VINEYARD DR.
#222
ANTIOCH, CA 94509
(925) 779-1801

**Requested On:** 12/15/2019, 09/15/2019

## Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries, certain collection companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

**T-MOBILE**

12920 SE 38TH ST

BELLEVIEW, WA 98006
(800) 937-8997

**Requested On:** 07/14/2020, 05/03/2020, 04/06/2020

**RANDOLPH-BROOKS FCU**

PO BOX 2097

UNIVERSAL CTY, TX 78148-2097
(800) 580-3300

**Requested On:** 03/31/2020, 12/30/2019, 09/30/2019

**NATIONSTAR MORTGAGE LLC**

8950 CYPRESS WATERS BLVD

DALLAS, TX 75063
(888) 480-2432

**Requested On:** 02/14/2020, 01/08/2020, 12/06/2019, 11/05/2019, 10/07/2019, 09/05/2019

**MIDLAND CREDIT MANAGEMENT**

2365 NORTHSIDE DRIVE
SUITE 300
SAN DIEGO, CA 92108
(858) 309-6462

**Requested On:** 09/08/2020

**LTD FINANCIAL SERVICES**

3200 WILCREST DR
SUITE 600
HOUSTON, TX 77042
(713) 414-2100

**Requested On:** 08/07/2020

**MIDLAND CREDIT MGMT**

320 EAST BIG BEAVER
SUITE 300
TROY, MI 48083
(800) 825-8131

**Requested On:** 07/09/2020, 05/06/2020, 03/07/2020, 12/22/2019, 10/11/2019, 08/12/2019, 06/18/2019, 04/17/2019, 02/20/2019, 12/11/2018, 10/26/2018

**FRANKLIN COLLECTION**

2978 W. JACKSON ST.
TUPELO, MS 38803
(662) 844-7776

**Requested On:** 05/29/2020

**AFNI**

1310 MARTIN LUTHER KING
DRIVE
BLOOMINGTON, IL 61701
(800) 371-3645

**Requested On:** 02/11/2020

**ENHANCED RECOVERY COMPANY**

8014 BAYBERRY ROAD
JACKSONVILLE, FL 32256
(800) 942-0015

**Requested On:** 08/14/2019

**RADIUS GLOBAL SOLUTIONS**

9550 REGENCY SQUARE BLVD
SUITE 602
JACKSONVILLE, FL 32225
(888) 904-1800

**Requested On:** 07/17/2019

**HORACE MANN INSURANCE**

1 HORACE MANN PLAZA
SPRINGFIELD, IL 62715
(217) 788-5177

**Requested On:** 03/14/2019

**ELEPHANT INSURANCE**

9950 MAYLAND DRIVE
SUITE 400
HENRICO, VA 23233
(804) 955-1700

**Requested On:** 12/05/2018

**THE HARTFORDLEXIS NEXIS**

4002 EXECUTIVE BLVD.
SOUTHINGTON, CT 06489
(800) 451-6944

**Requested On:** 12/05/2018

**GEICO**

ONE GEICO PLAZA
WASHINGTON, DC 20079
(800) 841-3000

**Requested On:** 12/04/2018

## SHOULD YOU WISH TO CONTACT TRANSUNION, YOU MAY DO SO,

**Online:**
To report an inaccuracy, please visit: dispute.transunion.com
For answers to general questions, please visit: www.transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time,
Monday through Friday, except major holidays.

*For all correspondence, please have your TransUnion file number available (located at the top of this report).*

SHOW ME MY
CREDIT SCORE NOW  

Offer details

TransUnion.

For your convenience, we will use the personal data
you entered when you requested your report.

## Consumer Rights

Para informacion en espanol, visite www.consumerfinance.gov o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W. Washington, DC 20552.

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your 'file disclosure'). You will be required to provide proper identification, which may include your Social Security Number. In many cases, the disclosure will be free. You are entitled to a free disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert on your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for more additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need usually to consider an application with a creditor, insurer, employer, landlord or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688 (888-5OPTOUT).

- **CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE.** You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

  A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost.** An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert

file at no cost. An identity theft ... is p... ... a consumer's request ... or display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court. You may also have the right to file suit under state law.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates | Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552 |
| b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | Federal Trade Commission<br>Consumer Response Center - FCRA<br>Washington, DC 20580        1-877-382-4357 |
| 2. To the extent not included in item 1 above: | Office of the Comptroller of the Currency |
| a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks | Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050 |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | Federal Reserve Consumer Help (FRCH)<br>PO Box 1200<br>Minneapolis, MN 55480        1-888-851-1920 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and Insured state savings associations | FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106 |
| d. Federal Credit Unions | National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590        1-202-366-1306 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors subject to Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or<br>Federal Trade Commission: Consumer Response Center-FCRA<br>Washington, DC 20580        1-877-382-4357 |

**INFORMATION REGARDING STATE LAWS**
**TEXAS RESIDENTS**
**TEXAS BILL OF RIGHTS**

As of September 1, 2003 you have the right to place a security alert in your consumer file, which will warn anyone who receives information in your consumer file that your identity may have been used without your consent and that recipients of your consumer file information are advised to verify your identity prior to issuing credit. The security alert may prevent credit, loans, and services from being approved in your name without your consent. The security alert may delay or interfere with the timely approval of any subsequent request or application you make that involves access to your credit information such as a new loan, credit, mortgage, insurance, rental housing, employment, investment, license, cellular phone, utilities, digital signature, Internet credit card transaction, and an extension of credit at point of sale. The security alert will remain on your consumer file for not less than 1 year after the date the security alert is placed on your file. You have the right to obtain a free copy of your consumer file every 45 days while the security alert is in effect. A security alert may be requested by calling 800-680-7289 or it may be requested in writing by sending a request to TransUnion Security Alert, Post Office Box 2000, Chester, PA 19016.

You have the following rights to file action in court or arbitrate disputes:

(1) An action to enforce an obligation of a consumer reporting agency to a consumer under the Texas Regulation of Consumer Credit Reporting Agencies (Texas Business and Commerce Code Chapter 20) may be brought in court as provided by the FCRA, as amended, or, if agreed to by both parties, may be submitted to binding arbitration after you have followed all dispute procedures in Section 20.06 and have received the notice specified in Section 20.06(f) in the manner provided by the rules of the American Arbitration Association.

(2) A decision rendered by an arbitrator does not affect the validity of an obligation or debt owed by the consumer to any party.

(3) A prevailing party in an action or arbitration proceeding shall be compensated for the party's attorney fees and costs of the proceeding as

(4) A consumer may not submit to arbitration more than one action against a particular consumer reporting agency during any 120-day period.

(5) The results of an arbitration action brought against a consumer reporting agency doing business in Texas shall be communicated in a timely manner to other consumer reporting agencies doing business in Texas.

determined by the court or arbitrator.

©2020 TRANSUNION LLC. ALL RIGHTS RESERVED.    TRANSUNION.COM    PRIVACY POLICY    TERMS OF USE    DO NOT SELL MY PERSONAL DATA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.*, | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | § | |
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

**NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO**
**(i)   FILE ADVERSARIAL COMPLAINT;**
**(ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND**
**(iii) OBTAIN RELATED RELIEF**

# Ex-36

ASSGN

09-008559

20·0478521
10/20/2009   ER · $20.00

# TRANSFER OF LIEN

Date:  To Be Effective 9/30/09



Holder of Note and Lien:

New Century Mortgage Corporation

Holder's Mailing Address:

1610 E. St. Andrews Pl, #B150
Santa Ana, CA 92705

Transferee:

Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC3   2EE
Asset-Backed Pass-Through Certificates

Transferee's Mailing Address:

1610 E. St. Andrews Pl, #B150
Santa Ana, CA 92705

Note

Date:   June 15, 2006

Original Amount:  $400,000.00

Maker: Mary Ellen Wolf and David Wolf, Wife and Husband

Payee: New Century Mortgage Corporation

Note and Lien are described in the following documents recorded in:

Deed of Trust recorded under Clerk's File/Instrument Number Z394249/ 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, Deed
of Trust Records, Harris County, Texas.

Property (including any improvements) Subject to Lien:

THE SOUTH 1/2 OF LOT SIX (6), BLOCK THIRTY (30) OF WEST UNIVERSITY   D
PLACE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP
OR PLAT THEREOF RECORDED IN VOLUME 9, PAGE 13, OF THE MAP RECORDS
OF HARRIS COUNTY, TEXAS.

*effective 9-30-09*

*10-20-09*

Title Data, Inc. LS TDI18850 HA 20090478521.001

ER 014 - 09 - 0900

DOCUMENT SCANNED AS FILED

Prior Lien(s) (including recording information):

For value received Holder of the note and lien transfers them to Transferee, warrants that the lien is valid against the property in the priority indicated, and represents that the unpaid principal and interest on the note are correctly stated.

When the context requires, singular nouns and pronouns include the plural.

New Century Mortgage Corporation

**1OR**

BY: ~~TOM CROFT~~
ITS: **VICE PRESIDENT OF REO**

(Corporate Acknowledgement)

State of California
County of _____Orange_____

On Oct 15 2009, before me, _____N. Deeter_____ a Notary Public in and for said county, personally appeared _____Tom Croft_____ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and Acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (seal)

AFTER RECORDING, PLEASE RETURN TO:
BAXTER, SCHWARTZ & SHAPIRO LLP
5450 Northwest Central Dr. #307
Houston, TX 77092
/TY
CARRINGTON MORTGAGE SERVICES
Mortgagor: WOLF, DAVID ELLEN AND MARY

Title Data, Inc. LS TDI18850 HA 20090478521.002

397

ER 014 - 09 - 0901

ER 014 - 09 - 0902

20090478521
# Pages 3
10/20/2009    13:48:00 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
BEVERLY KAUFMAN
COUNTY CLERK
Fees 20.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color of
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

Title Data, Inc. LS TDI18850 HA 20090478521.003

398

DOCUMENT SCANNED AS FILED



**EXHIBIT**
**2**

THIS IS AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6),
ARTICLE XVI OF THE TEXAS CONSTITUTION

THIS EXTENSION OF CREDIT HAS A VARIABLE RATE OF INTEREST AS AUTHORIZED BY
SECTION 50(a)(6)(O), ARTICLE XVI OF THE TEXAS CONSTITUTION
2 YEAR RATE LOCK

# TEXAS HOME EQUITY
## FIXED/ADJUSTABLE RATE NOTE
(LIBOR 6 Month Index (As Published in *The Wall Street Journal*) - Rate Caps)
(First Lien)

THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE.
THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND
THE MAXIMUM RATE I MUST PAY.

Place of Execution
June 15, 2008                         Houston                         Texas
(Date)                                                                 (State)

6404 Buffalo Speedway, Houston, TX 77005
(Property Address)

**1.   BORROWER'S PROMISE TO PAY**

This is an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit"). In return for the Extension of Credit that I have received evidenced by this Note, I promise to pay U.S. $ 400,000.00                  (this amount is called "Principal"), plus interest, to the order of the Lender. Lender is New Century Mortgage Corporation

I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

I understand that this is not an open-end account that may be debited from time to time or under which credit may be extended from time to time.

The property described above at the Property Address is subject to the lien of the Security Instrument executed concurrently herewith (the "Security Instrument").

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          10.150 %. The interest rate I will pay may change in accordance with Section 4 of this Note. It is agreed that the total of all interest and other charges that constitute interest under applicable law shall not exceed the maximum amount of interest permitted by applicable law. Nothing in this Note or the Security Instrument shall entitle the Note Holder upon any contingency or event whatsoever, including by reason of acceleration of the maturity or prepayment of the Extension of Credit, to receive or collect interest or other charges that constitute interest in excess of the highest rate allowed by applicable law on the Principal or on a monetary obligation incurred to protect the property described above authorized by the Security Instrument, and in no event shall I be obligated to pay interest in excess of such rate.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

Initials: [signature]

NCMC
TX Home Equity Fixed/Adjustable Rate Note
(Libor 6 Month) (Cash Out - First Lien)
RE-110   (072003)
Page 1 of 5

1007965339

DOCUMENT SCANNED AS FILED        CARRINGTON-0053(



**3.   PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on August 1        , 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on 07/01/2036                  , I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "Maturity Date." I will make my monthly payments at 1800 Von Karman, Suite 1000, Irvine, CA 92612
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 3,554.71        . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of the Extension of Credit and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of July, 2008        and the adjustable interest rate I will pay may change on that day every 6th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And Seven Tenth(s)                                        percentage point(s) (    6.700 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal successive monthly payments, each of which will exceed the amount of accrued interest as of the date of the scheduled installment. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than        11.850 % or less than 10.150 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than one and one half percentage points from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than        17.150 % or less than        10.150 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

MCMC
7Z Home Equity Fixed/Adjustable Rate Note
(Libor 6 Month) (Cash Out - First Lien)
RE-210    (12/2003)

Initials: [signature]

Page 2 of 5

1007965339

DOCUMENT SCANNED AS FILED

CARRINGTON-00531



**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates or amount of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES AND FEES**

All agreements between Note Holder and me are expressly limited so that any interest, loan charges or fees (other than interest) collected or to be collected from me, any owner or the spouse of any owner of the property described above in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.

If a law, which applies to this Extension of Credit and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this Extension of Credit exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder will make this refund by making a payment to me. The Note Holder's payment of any such refund will extinguish right of action I might have arising out of such overcharge.

It is the express intention of the Note Holder and me to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstances whatsoever, any promise, payment, obligation or provision of this Note, the Security Instrument or any other loan document involving the Extension of Credit transcends the limit of validity prescribed by applicable law, then such promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement, if necessary for compliance with such law, and such document may be reformed by written notice from the Note Holder without the necessity of the execution of any new instrument or new document by me.

The provisions of this Section 6 shall supersede any inconsistent provision of this Note or the Security Instrument.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means. This Note may not be accelerated because of a decrease in the market value of the property described above or because of any default under any indebtedness not evidenced by this Note or the Security Instrument.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. These expenses include, for example, reasonable attorneys' fees. I understand that these expenses are not contemplated as fees to be incurred in connection with maintaining or servicing this Extension of Credit.

NCMC
TX Home Equity Fixed/Adjustable Rate Note
(Libor 6 Month) (Cash Out - First Lien)
RE310 (122901)

Initials: _____

Page 3 of 5

1007965339

DOCUMENT SCANNED AS FILED

CARRINGTON-00532



**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3 (A) above or at a different address if I am given a notice of that different address. However, if the purpose of the notice is to notify Note Holder of failure to comply with Note Holder's obligations under this Extension of Credit, or noncompliance with any provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then notice by certified mail is required.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

Subject to the limitation of personal liability described below, each person who signs this Note is responsible for ensuring that all of my promises and obligations in this Note are performed, including the payment of the full amount owed. Any person who takes over these obligations is also so responsible.

I understand that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that this Note is given without personal liability against each owner of the property described above and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of an owner.

If this Extension of Credit is obtained by such actual fraud, I will be personally liable for the payment of any amounts due under this Note. This means that a personal judgment could be obtained against me if I fail to perform my responsibilities under this Note, including a judgment for any deficiency that results from Note Holder's sale of the property described above for an amount less than is owing under this Note.

If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Section 9 shall not impair in any way the right of the Note Holder to collect all sums due under this Note or prejudice the right of the Note Holder as to any promises or conditions of this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, the Security Instrument, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 17, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond or deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

NCRSC
TX Home Equity Fixed/Adjustable Rate Note
(Libor 6 Month) (Cash Out - First Lien)
RB310    (1229U)

Initials: _____

Page 4 of 5

1007955339

402

DOCUMENT SCANNED AS FILED

CARRINGTON-0053

**12.  APPLICABLE LAW**

This Note shall be governed by the law of Texas and any applicable federal law. In the event of any conflict between the Texas Constitution and other applicable law, it is the intent that the provisions of the Texas Constitution shall be applied to resolve the conflict. In the event of a conflict between any provision of this Note and applicable law, the applicable law shall control to the extent of such conflict and the conflicting provisions contained in this Note shall be modified to the extent necessary to comply with applicable law. All other provisions in this Note will remain fully effective and enforceable.

**13.  NO ORAL AGREEMENTS**

THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

WITNESS THE HAND(S) OF THE UNDERSIGNED.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

_____  Borrower       _____  Borrower
Mary Ellen Wolf                                  David Wolf

_____  Borrower       _____  Borrower

_____  Borrower       _____  Borrower

_____  Borrower

Pay to the order of, without recourse
New Century Mortgage Corporation
By: _____
Staci Way
VP, Records Management

HCXC
TX Home Equity Fixed/Adjustable Rate Note
(Libor 6 Month) (Cash Out - First Lien)
RB210    (12/03)                    Page 5 of 5                    1007965339

DOCUMENT SCANNED AS FILED        CARRINGTON-00534

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.*, | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

---

**NANCY ALANIS MOTION TO REOPEN CHAPTER 11 CASE TO**
**(i)    FILE ADVERSARIAL COMPLAINT;**
**(ii)  OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND**
**(iii)  OBTAIN RELATED RELIEF**

---

# Ex-37



# Application for Tax Refund of Overpayments or Erroneous Payments

Property Tax
**Form 50-181**

ALBERT URESTI, M.P.A.

2015 MAR 18 P 12: 18

Albert Uresti, MPA  Bexar County Tax Assessor-Collector
Collection Office Name

(210) 335-6571
Phone (area code and number)

P.O. Box 839950  San Antonio, Texas 78283-3950
Address, City, State, ZIP Code

Bexar County, City of San Antonio, School
Collecting Tax For (taxing units)

This document must be filed with the tax collector of the taxing unit for which you are requesting a refund. It must not be filed with the office of the Comptroller of Public Accounts.

**GENERAL INSTRUCTIONS:** This application is for use in requesting a tax refund pursuant to Tax Code Section 31.11 and Comptroller Rule 9.3039. The refund check will be made payable to the taxpayer and mailed to the taxpayer address provided below.

To apply for a tax refund, the taxpayer or representative must complete Steps 1 through 4.

## STEP 1: Ownership Information

NANCY ALANIS
Name of Property Owner

13210 S. HUNTERS VIEW
Mailing Address

SAN ANTONIO, TX  78230
City, State, ZIP Code

NALANIS12@YAHOO.COM

Phone (area code and number)

## STEP 2: Property Information

635246
Appraisal District Account Number

OR

16984 006 0020
Tax Receipt Number

13210 S. HUNTERS VIEW
Location (Street Address, City, State, ZIP Code)

NCB 16984 BLK 6 LOT 2
Legal Description (or attach copy of the tax bill or tax receipt)

## STEP 3: Tax Payment Information

| Name of Taxing Unit From Which Refund Is Requested | Year for Which Refund Is Requested | Date of the Tax Payment | Amount of Taxes Paid | Amount of Tax Refund Requested |
|---|---|---|---|---|
| 1. CITY / COUNTY / SCHOOL | | | $ 5,000 | $ 5,000 |
| 2. | | | $ | $ |
| 3. | | | $ | $ |
| 4. | | | $ | $ |
| 5. | | | $ | $ |

**Property Owner's Reason for Refund** (attach supporting documentation)

I TRIED TO PAY MY "2014" TAXES TO THE BEXAR COUNTY TAXING AUTHORITY BEFORE JANUARY 31, 2015. A TAX REPRESENTATIVE TOLD ME "OCWEN" HAD ALREADY PAID. I WAS TOLD BY THE TAX REPRESENTATIVE THAT IF I MADE A "DUPLICATE" TAX PAYMENT I WOULD LOSE IT. I RETURNED TO THE TAX OFFICE AND MADE A PAYMENT ON 2.2.15. THE TAX OFFICE SENT ME A REFUND NOTICE IN MARCH 2015. OCWEN/WELLS FARGO CONTINUES TO INTERFERE W/MY ABILITY TO PAY MY TAXES.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax

50-181 • 08-13/7

357

DOCUMENT SCANNED AS FILED



Property Tax
Form 50-181   Application for Tax Refund of Overpayments or Erroneous Payment

## STEP 4: Signature

"I hereby apply for the refund of the above-described taxes and certify that the information I have given on this form is true and correct."

**print here ▶** NANCY ALANIS
Print Name

**sign here ▶** _(signature)_                    3.18.15
Authorized Signature                            Date

If you make a false statement on this form, you could be found guilty of a Class A misdemeanor or a state jail felony under Penal Code Section 37.10.

RE. ATTACHED

FOR COLLECTOR USE ONLY

## STEP 5: Tax Refund Determination



print here ▶

sign here ▶

print here ▶

sign here ▶

DOCUMENT SCANNED AS FILED



359

DOCUMENT SCANNED AS FILED

*JLC*



**ALBERT URESTI, MPA, PCC**
**Bexar County Tax Assessor-Collector**
PO BOX 839950   SAN ANTONIO, TX 78283-3950

Phone No.: (210) 335-2251
Fax No.: (210) 335-6643
E-mail: taxoffice@bexar.org

ALBERT URESTI, M.P.A.

2015 MAR 23 P 1: 01

Print Date: 03/18/2015

| Account Number |
| --- |
| 16984-006-0020 |

| Legal Description of the Property |
| --- |
| NCB 16984 BLK 6 LOT 2 |
| 13210   S HUNTERS VW 78230 |
| OWNER: ALANIS NANCY |

ALANIS NANCY
PO BOX 15524
SAN ANTONIO , TX 78212-8724

**TAXING UNITS:**                                                    **2014 OVERAGE AMOUNT   $585.84**
8:   FLOOD FUND, 9:   ALAMO COMM COLLEGE, 10:   HOSPITAL DISTRICT, 11:   BEXAR COUNTY, 19:   S A RIVER AUTHORITY, 21:   CITY / SAN ANTONIO, 55:   NORTH EAST ISD

**APPLICATION FOR PROPERTY TAX REFUND**
If you paid the taxes on this account and believe you are entitled to a refund, please complete this application, sign it, and return it with proof of payment. Applications must be submitted within three years of the date of payment or you waive the right to the refund per Section 31.11(c) of Texas Property Tax Code. Governing body approval is required for refunds in excess of $2500. **PLEASE ALLOW 60 DAYS FOR PROCESSING.**

NOTE: SEE ATTACHED TAX RECEIPT (Acct. # 16984-006-0020)

| | | |
| --- | --- | --- |
| **Step 1: Identify the Payer** requesting the refund if different than shown above: | Name NANCY ALANIS | Relationship to Property Owner PROPERTY OWNER |
| | Mailing Address 13210 S. HUNTERS VW. | Daytime Telephone Number E-MAIL NALANIS12@yahoo.com |
| | City, State, Zip Code SAN ANTONIO, TX 78230 | |
| **Step 2: Refunds are only issued to party that paid taxes. Affirm that you are the payer:** | I paid the taxes for year 2014 | and am the party entitled to the refund. |
| **Step 3: Check the reason for the refund and provide a brief explanation:** | Overpaid the account | |
| | ✓ Duplicate payment | |
| | Paid in error (explain) | |
| **Step 4: Provide payment information. Attach copies of cancelled check(s) or original tax receipt(s)** | Total amount paid by this taxpayer | $5,585.84 |
| | Total tax, penalty, and interest amount owed for the year | — 0 — |
| | Amount of refund claimed | $585.84 |
| **Step 5: How should the refund be processed?** (Check the refund choice): | ✓ Mail to Property Owner | |
| | Mail to Payer at address in Step 1 | |
| | Transfer this amount to account | For tax year |
| | Pre-Payment / Escrow for next year 's taxes | |
| **Step 6: Sign the application form. Unsigned applications will not be processed. Please allow 60 days from the time this application is returned to the tax office for the refund to be processed:** | By completing and signing this form, I hereby apply for the refund of the above described taxes and certify that the information I have given on this form is true and correct. | |
| | SIGN HERE | Date of application 3.23.15 |
| | If you make a false statement on this application, you could be found guilty of a Class A Misdemeanor or a state jail felony under Texas Penal Code Section 37.10 | |

| TAX OFFICE USE ONLY: | ☐ Approved    ☐ Denied    By:_____    Date:_____ |
| --- | --- |

**This application must be completed, signed, and submitted with supporting documentation to be valid.**

360

42.1.41                              DOCUMENT SCANNED AS FILED



(Ex-A)

DOCUMENT SCANNED AS FILED