## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.*, | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |

| | | |
|---|---|---|
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| *Respondents* | § | |

## ORDER GRANTING NANCY ALANIS MOTION
## TO REOPEN CHAPTER 11 CASE TO
## (i) FILE ADVERSARIAL COMPLAINT;
## (ii) OBTAIN COURT ORDERS ON CORE PROCEEDING MATTERS; AND
## (iii) OBTAIN RELATED RELIEF

THIS MATTER comes before the Court on a motion to reopen a Chapter 11 Case, file an adversarial proceeding, obtain court orders on core proceeding matters and obtain related relief ("Motion") filed by Movant Nancy Alanis ("Movant"). Chapter 13 Counsel for Movant communicated with Hahn & Hessen, LLP, co-counsel for the former Trustee the New Century Liquidating Trust in advance of filing the motion. The Court set the Motion for hearing on_____ _____. After considering the evidence submitted, arguments of the parties, and applicable law, the Court finds the Motion should in all respects be GRANTED.

## I. Facts and Procedural History

### A. The Debtors Bankruptcy Case

On April 7, 2007, Debtor New Century Mortgage Corporation and certain of its affiliates filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). (In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.)) ("New Century Mortgage Bankruptcy"). Their plan was confirmed on July 15, 2008. The U.S. Bankruptcy Court entered a November 20, 2009 Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009 – In re New Century TRS Holdings, Inc., a Delaware corporation, et al, 07-10416-KJC, (Bankr. D. Del.) ("11.20.09 Modified Order"). On August 26, 2016, the Chapter 11 bankruptcy proceeding was closed.

### B. The Note, the Mortgage, and the Foreclosure

On or about June 15, 2006, the Movant executed an adjustable rate balloon note (the "Note") in favor of New Century Mortgage Corporation ("NCMC" "New Century Mortgage") in the principal amount of $193,500 (the "Loan") secured by a mortgage (the "Mortgage", "Deed of Trust") and executed by the Movant, granting a lien upon the real property commonly known as 13210 Hunters View, San Antonio, Bexar County, Texas, and further identified as:

> Lot 2, Block 6, New City Block 16984, HUNTERS CREEK NORTH, UNIT- 3, in the City of San Antonio, Bexar County, Texas, according to the map or plat thereof recorded in Volume 8200, Page(s) 215-216, of the Deed and Plat Records of Bexar County, Texas (the "Property")

On page 2 of the Deed of Trust, the Movant's original lender New Century Mortgage Corporation was identified as the sole "Beneficiary". On September 15, 2006, New Century Mortgage mailed the Movant a letter instructing her to remit her mortgage payments to their loan

servicer HomEq Servicing (HomEq). The letter reassured the Movant that none of the terms in the mortgage instruments were changing other than the "loan servicer".

Ten months following the execution of the Movant's mortgage loan, on April 2, 2007, New Century Mortgage Corporation and certain of its affiliates filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware.

Pursuant to the November 20, 2009 Modified Plan, the New Century Mortgage Corporation assets were transferred to the New Century Liquidating Trust ("NCT") on the Plan Effective Date of August 1, 2008 and the New Century Liquidating Trust became the successor, to the New Century Mortgage Corporation.

Pursuant to the November 20, 2009 Modified Plan included a relief from stay requiring that (iii) following the Modified Effective Date, parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, upon sufficient notice and a hearing....."

The Movant continued to timely remit certified through USPS, her loan payments to Homeq until she received an alleged HomEq notice in August 2010 advising her to mail her payments to Ocwen Loan Servicing, LLC ("Ocwen"), the loan servicer to Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3 ("Wells Fargo", "Wells Fargo, As Trustee").

The Movant continued to timely remit certified through USPS, her loan payments to Ocwen until Wells Fargo and Ocwen's debt collector law firm of Mackie Wolf Zientz & Mann, PC, mailed Movant at her home, a January 13, 2011 *Notice of Acceleration* and *Notice of Foreclosure Sale* alleging a default and demanding payment in full of $222,256.14.

Without filing a timely claim and/or a motion for relief from stay, the threat to schedule for foreclosure the "property that is collateral for the Note" was a threat to take action to foreclose on property of the Estate of Debtor, New Century Mortgage Corporation. And by mailing the Movant this acceleration letter, the Defendants sought to obtain possession, exercise control, or enforce a lien against property of the Debtor Estate and ran afoul of the injunction and the automatic stay imposed by the U.S. Bankruptcy Court in the 11.20.09 Modified Order.

To stop the foreclosure, the Movant retained attorney Loren Peters. Loren Peters worked with vigilance to place telephone calls to the loan servicers and also mailed certified letters to Wells Fargo loan servicer Ocwen, HomEq and Mackie Wolf Zientz & Mann attempting to correct loan posting errors. Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC ignored all of his letters and *never* responded.

In February 2011, Loren Peters filed a lawsuit in state court in *Cause No. 2011-CI-02839* ("First Lawsuit"). Loren Peters sued Defendants Wells Fargo, Ocwen, HomEq and Mackie Wolf Zientz & Mann, PC.

During the First Lawsuit, the trial court entered a October 2015 order on Wells Fargo amended special exceptions striking all of the Movant claims challenging the validity of the "Transfer of Lien" and "Deed of Trust". The Movant was precluded from asserting all of her claims in the First Lawsuit, including showing the property belonging to the Debtors Estate.

During the First Lawsuit, Wells Fargo filed a February 2015 counterclaim for foreclosure and filed a January 2016 summary judgment proceeding in support. To support their "owner and holder" status in the Movant's Note and Deed of Trust, Wells Fargo filed a February 2, 2011 Transfer of Lien.

In the First Lawsuit, the Transfer of Lien was alleged by Movant to be void because it was purportedly executed in "2011" between Wells Fargo and New Century Mortgage Corporation (NCMC) after NCMC liquidated and assigned all of their assets to the New Century Liquidating Trust on the Effective Date on August 1, 2008.

The Transfer of Lien was also executed by "Ocwen" manager Christina Carter acting as "attorney-in-fact" for the liquidated New Century Mortgage Corporation using an extinguished "March 2005" power of attorney that predated the Debtors Bankruptcy proceeding and was not a power of attorney provided by the New Century Liquidating Trust.

In a May 23, 2012 Debtor Bankruptcy hearing, the liquidating Trustee Alan Jacobs swore he only used "New Century" employees to handle all trust matters (not Ocwen employees).

The Transfer of Lien also listed a fiction "Florida" address for the "2008" liquidated New Century Mortgage Corporation.

In connection with the 2016 summary judgment proceeding, Wells Fargo also falsely alleged the Movant failed to remit payments from February 2010 when Movant had certified proof of mailing timely payments.

In connection with the 2016 summary judgment proceeding, Wells Fargo loan servicer Custodian of Records also falsely swore under the penalty of perjury to multiple assignment dates with New Century Mortgage Corporation.

Using the February 2, 2011 Transfer of Lien, Wells Fargo obtained a March 3, 2016 summary judgment order on their counterclaim for foreclosure. The language in the order altered the terms in the Deed of Trust and identified "Wells Fargo" (not New Century Mortgage) as the "Beneficiary" and first lien holder.

In April 2016, the Movant obtained her authenticated and bates stamped mortgage records from the New Century Liquidating Trust. Among other things, the Movant's Note contained no indorsement thereon and there were May 2006 letter agreements showing the New Century Mortgage Corporation sold an interest in the Movant's mortgage loan to Barclays Bank (not Wells Fargo).

In the First Lawsuit, Wells Fargo filed an indorsed Note with a "Steve Nagy" stamp thereon. In contrast, Liquidating Trustee Alan Jacobs swore in a 5.23.12 U.S. Bankruptcy Debtor hearing that "Steve Nagy" stamps on notes were unauthorized after "August 2008". To wit, on the face of the 2.2.11 Transfer of Lien, Ocwen manager Christina Carter swore Wells Fargo negotiated the terms of the Transfer of Lien with New Century Mortgage in "September 2010". Therefore, the "Steve Nagy" stamp was not authorized by the New Century Liquidating Trust.

When the Movant attempted to admit her New Century Liquidating Trust authenticated and bates stamped mortgage records in a May 2016 plea to the jurisdiction proceeding in the First Lawsuit, the trial court refused to permit Movant to admit her evidence or make an offer of proof on the same.

Due to the evidence the trial court prohibited the Movant from admitting in legal proceedings, the Movant was deprived of having full and fair hearings on all of her claims and the court of appeals affirmed the trial court judgment favorable to Wells Fargo and the Movant has been left to file this motion to reopen proceeding.

## II. Legal Analysis

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

other cause." 11 U.S.C. § 350(b). The phrase "other cause" is not defined by the Bankruptcy Code. However, the Fifth Circuit Court of Appeals has held that the phrase "is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *Matter of Case*, 937 F.2d 1014, 1019 (5th Cir. 1991) (citing *In re Rosinksi*, 759 F.2d 549, 540-41 (6th Cir. 1985); *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984)).

The November 20, 2009 Modified Order, post confirmation, authorized the U.S. Bankruptcy Court with "exclusive jurisdiction" to hear any matter related to the Chapter 11 case, the Original Plan or the Modified Plan including hearing matters related to the assets of the Estates and **determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates **or property abandoned or transferred by the Debtors or the Estate**.[1]

When a matter comes within the bankruptcy court's exclusive jurisdiction however, general preclusion rules and the *Rooker-Feldman* doctrine do not apply. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39, 84 L. Ed. 370, 60 S. Ct. 343 (1940).   "Various courts have concluded that matters requiring a declaration of whether certain property comes within the definition of property of the estate as set forth in Bankruptcy Code §541 are core proceedings." *Touch Am. Holdings, Inc.*, 401 B.R. 107, 117 (Bankr. D. Del. 2009).[2]

---

[1]  November 20, 2009 *Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009* ("Modified Order") at "Articles" (pg. 127), Article 15.A.
[2]  Exclusive jurisdiction exists over "core" proceedings. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) ("The separation of "core" and "non-core" proceedings . . . creates a distinction between those judicial acts deriving from the plenary Article I bankruptcy power and those subject to general Article III federal court jurisdiction."); *see also* 28 U.S.C. § 157. A "'core proceeding' is one 'that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Gruntz*, 202 F.3d at 1081 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). **Core proceedings include**, but are not limited to: confirmation of plans (28 U.S.C. § 157(b)(2)(L)); motions to terminate, annul, or **modify the**

To determine whether a proceeding is a "core" proceeding, courts must consult two sources. First, a court must consult 28 U.S.C.S. § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core" 28 U.S.C.S. § 157(b)(2)(A)-(O). Second, the court must apply this court's test for a "core" proceeding.  Under that test, a proceeding is core if it invokes a substantive right provided by Title 11 or 2 if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.

Pursuant to 28 USCS § 157(b)(2) Core proceedings include, but are not limited to—

**(E)**      orders to turn over property of the estate;

**(G)**      motions to terminate, annul, or modify the automatic stay;

**(H)**      proceedings to determine, avoid, or recover fraudulent conveyances;

**(K)**      determinations of the validity, extent, or priority of liens;

**(N)**      orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)**      other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and....

Pursuant to the November 20, 2009 Modified Order, the U.S. Bankruptcy Court entered a stay and injunction effective through the dissolution of the trust and prohibited "... **(iii)  any act to obtain possession of property of the Estates or of property from the Estates or to exercise**

---

automatic stay [or permanent discharge injunction of § 524] (28 U.S.C. § 157(b)(2)(G)), *see McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 n.9 (9th Cir. 2002) (actions relating to the § 524 discharge are "core" proceedings); and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship . . . ." (28 U.S.C. § 157(b)(2)(O)).

control over property of the Estates …and **(iv) any act to create, perfect, or enforce any lien against property of the Estates**.…" [3]

Upon commencement of a case under title 11, the bankruptcy judges have exclusive authority over, among other things, property of the estate under 11 U.S.C.S. § 541(a). 28 U.S.C.S. § 1334(e)(1) and § 157(a). All matters affecting property of the estate must begin with the presiding bankruptcy court. To protect this exclusive jurisdiction, subsections(a)(2), (3), and (4) of 11 U.S.C.S. § 362 operate as a stay against "all entities" from enforcing a prepetition judgment against property of the estate, obtaining possession of property of the estate, exercising control over property of the estate, or creating, perfecting, or enforcing any lien against property of the estate.[4]

---

[3]    November 20, 2009 Modified Order (pg. 13, par. 9) and (pg. 15, par. 10)

[4]    Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 2002 Bankr. LEXIS 152 (Section 541(a) of the Bankruptcy Code defines "property of the estate" and provides that **the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."** 11 U.S.C. § 541(a)(1). **Various courts have concluded that matters requiring a declaration of whether certain property comes within § 541's definition of "property of the estate" are core proceedings.** See *Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental Airlines),* 138 B.R. 442, 445 (D.Del. 1992) **(A determination regarding "property of the estate" is a core proceeding);** *All American Laundry Service v. Ascher (In re Ascher),* 128 B.R. 639, 643 (Bankr.N.D.Ill. 1991)**(When a debtor and its creditors claim interests in property asserted to be part of the estate, the bankruptcy court has core jurisdiction to adjudicate all of those interests);** *Knopfler v. Schraiber (In re Schraiber),* 97 B.R. 937, 939-40 (Bankr.N.D.Ill. 1989)(Bankruptcy court has core jurisdiction to determine what is estate property and can apply state law or any other relevant authority in making such a determination). **"[A] determination of what is "property of the estate" and concurrently, of what is available for distribution to creditors of that estate, is precisely the type of proceeding over which the bankruptcy court has exclusive jurisdiction."** *Ascher*, 128 B.R. at 643. This is so, even though such a determination may rest upon interpretation of state law. *Continental,* 138 B.R. at 445 ("The determination of each party's interest in the property is made by reference to the applicable state's law, *Butner v. United States,* 440 U.S. 48, 55-56, 99 S. Ct. 914, 917-919, 59 L. Ed. 2d 136 (1979), and the Bankruptcy Code determines whether that particular interest may properly be included in the "property of the estate".").

When the U.S. Bankruptcy Court ordered the Dissolution of the Debtors, **all of the New Century Mortgage Corporation assets transferred to the New Century Liquidating Trust on the Effective Date (August 1, 2008) and no assets to revest back to the Debtors.** [5]

The U.S. Bankruptcy Court further ordered that New Century Liquidating Trust (NCT) was the "successor" to the Debtors. [6]

The U.S. Bankruptcy Court also ordered a Relief from Stay [7] provision in relevant part as follows:

> "...(i) all orders of the Court entered during the Chapter 11 Cases, ... shall remain in full force and effect following the Modified Effective Date, **(ii) to the extent that the Liquidating Trust or any third parties file motions prior to the Modified Effective Date seeking relief from the automatic stay imposed by section 362 of the Bankruptcy Code, any order of the Court granting such relief,** including, without limitation, the Stay Termination Order, **shall supersede this Order, and (iii) following the Modified Effective Date, parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, <u>upon sufficient notice and a hearing</u>.....**"

It is undisputed that the Movant's original lender and "Beneficiary" as stated in her Deed of Trust was New Century Mortgage Corporation (NCM).

It was also undisputed that on September 15, 2006, New Century Mortgage Corporation (NCM) mailed a letter to Movant advising her that no terms in her mortgage instruments were changing other than the change in "loan servicer".

It was also undisputed that following their voluntary April 2007 bankruptcy filing, the assets of New Century Mortgage Corporation (NCM) were transferred to the New Century Liquidating Trust (NCT) in August of 2008.

---

[5]   November 20, 2009 Modified Order at (pg. 24, par. 21)(pg. 22, par. 17)
[6]   November 20, 2009 Modified Order at (pg. 37, par. 50)
[7]   November 20, 2009 Modified Order at (pg. 16, par. 11)

Thereafter, the New Century Liquidating Trust (NCT) became the successor to the New Century Mortgage Corporation.

In the First Lawsuit and during the pending New Century Bankruptcy proceeding, Wells Fargo filed a February 2015 counterclaim asserting their "owner and holder" status in the Movant's Note and Deed of Trust was through the "February 2011" Transfer of Lien purportedly executed between Wells Fargo and the liquidated and non-existent New Century Mortgage Corporation, not the NCT. The Movant's adversary proceeding should be considered core proceeding a because Wells Fargo Counterclaim constitutes, "in substance, a proof of claim against the estate." [8]

In a February 17, 2016 plea to the jurisdiction proceeding filed by the Movant in the First Lawsuit, it was undisputed that the Movant's mortgage loan was transferred to the New Century Liquidating Trust and was property of the Debtors Estate. And the May 2016 Donna Walker Affidavit confirmed the same. [9]

As evidenced by the May 2010 Walker Affidavit, New Century Mortgage Corporation lacked existence and capacity to assign Debtors property in "2011" because the Movant's Note and Deed of Trust was previously assigned in "August 2008" to the New Century Liquidating Trust, *as successor* to New Century Mortgage Corporation. *Id.*

In the First Lawsuit and during the pending New Century Bankruptcy proceeding, Movant maintained the February 2, 2011 Transfer of Lien was an unauthorized and void instrument because the New Century Liquidating Trust held her Note and Deed of Trust.

---

[8]   *In re RBGSC Investment Corporation*, 253 B.R. 369 (E.D. Pa. 2000) (the district court held that a state court action asserted pre-petition against the debtor and other non-debtor co-defendants and thereafter removed to the bankruptcy court constituted a core proceeding because it "amounted to a proof of claim against the estate." Id. at 379)

[9]   May 10, 2016 *Declaration of Donna E. Walker Concerning Records Produced By The Liquidating Trust*

On the face of the "2011" Transfer of Lien, there was a reference to the "March 2005" limited power of attorney used to execute the assignment which *predated* the New Century Mortgage Corporation bankruptcy proceeding.

Pursuant to the November 20, 2009 Modified Order, the "March 2005" limited power of attorney was extinguished on the April 2007 petition date of New Century Mortgage Corporation and it was an invalid power of attorney which was not authorized by the New Century Liquidating Trustee on or after the "April 2007" bankruptcy petition date of New Century Mortgage Corporation. *(emphasis added).*

On the face of the "2011" Transfer of Lien, "Ocwen" manager Christina Carter swore she was acting as "attorney-in-fact" for New Century Mortgage Corporation when the Liquidating Trustee Alan Jacobs swore in a 5.23.12 U.S. Bankruptcy proceeding,  that only ten "New Century" employees (*not* Ocwen employees) were authorized to execute documents in behalf of the New Century Liquidating Trust after August 1, 2008.[10]

To reach a proper final judgment on the merits, the state court consideration of the validity of the Deed of Trust, the validity of the Transfer of Lien and the Walker Affidavit with bates stamped and authenticated records attached thereto were necessary to determine the proper chain of title and whether this property belonged to the Estate of the Debtors.

Pursuant to the November 20, 2009 Modified Order, Wells Fargo filed no timely claim or motion for relief from stay.  The stay was modified by the state court as demonstrated by the October 13, 2015 Order on Defendants' First Amended Special Exceptions entered in the First Lawsuit which struck all of the Movant's claims addressing the "validity of the Transfer of Lien" and validity of the "Deed of Trust" which affected property belonging to the Debtor Estate. *See Brumfield v. La. State Bd. of Educ.,* 806 F.3d 289, 298 (5th Cir. 2015) ("An order is void

---

[10] 5.23.12 Reporters Record U.S. Bankruptcy proceeding (Case No. 07-10416 (BLS)

only if the court that rendered it lacked jurisdiction of the subject matter, of the parties, or it acted in a manner inconsistent with due process of law.")

The Movant was prejudiced, deprived due process and further deprived from having a full and fair opportunity to litigate all of her claims to determine the validity of the lien, the proper chain of title from New Century Mortgage Corporation to New Century Liquidating Trust, Barclays, Wells Fargo and/or any other entity and whether there was property belonging to the Estate of the Debtors since the Movant's Deed of Trust identified New Century Mortgage Corporation as the "Beneficiary", *not* Wells Fargo.

Pursuant to the November 20, 2009 Modified Order, Wells Fargo filed no timely claim or motion for relief from stay. The stay was modified by the state court as demonstrated in the First Lawsuit when the trial court refused to admit in a May 2016 plea to the jurisdiction proceeding, the Walker Affidavit with bates stamped and authenticated records attached thereto and entered an order on the same. The stay was further modified in the March 3, 2016 state court order on Wells Fargo counterclaim for foreclosure when said order removed New Century Mortgage Corporation as "Beneficiary" and replaced "Wells Fargo, As Trustee" as Beneficiary and first lien holder.

In the state court, the Movant was prejudiced, deprived due process and further deprived from having a full and fair opportunity to litigate all of her claims to determine the validity of the lien, the proper chain of title from New Century Mortgage Corporation to New Century Liquidating Trust, Barclays, Wells Fargo and/or any other entity and to have determined the Movant's mortgage loan was property belonging to the Estate of the Debtors since the Movant's Deed of Trust identified New Century Mortgage Corporation as the "Beneficiary", *not* Wells Fargo.

State court *intrusions* on all 'bankruptcy court orders' *(or other 'core' bankruptcy proceedings)"* are barred. *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 n.9 (9th Cir. 2002); *Contractors' State License Bd. v. Dunbar (In re Dunbar)*, 245 F.3d 1058, 1060 (9th Cir. 2001) (state court modifications of the automatic stay do not preclude, under the doctrines of collateral estoppel and res judicata, federal re-litigation of the stay's scope and applicability).

Accordingly, in connection with the Debtors Chapter 11 bankruptcy case in *Case No. 07-10416 (BLS)*, it is hereby **ORDERED**:

(1) Movant's Motion to Reopen the Case **is GRANTED**;

(2) Permitting Movant to file an adversary proceeding to assert claims and seek damages against Wells Fargo and others working in concert with them pursuant to the Modified Confirmation Order, 11 U.S.C.S. § 362(h), **is GRANTED**;

(3) Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an order on their counterclaim for foreclosure in connection with the Movant's mortgage Deed of Trust and thereafter, permitting a subsequent sheriff's sale and obtaining an eviction order relying on the foreclosure order **is GRANTED;**

(4) Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties their timely filed **motion for relief from the stay** and corresponding order on the same, that permitted their state court action to obtain an amended special exceptions order striking the Movants claims challenging the "Deed of Trust" and "validity of the Transfer of Lien" **is GRANTED**;

(5) Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties proof of their timely filed claims in connection with the Movant's Note and Deed of Trust and the corresponding order on the same **is GRANTED**;

(6) Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties written evidence of their negotiations and corresponding proof of all sums and consideration paid for the Movant's Note and Deed of Trust to

the New Century Liquidating Trust as Successor In Interest To New Century Mortgage Corporation pursuant to agreements on or after "September 10, 2010" as stated in the February 2, 2011 Transfer of Lien **is GRANTED**;

(7)    Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties proof of a valid conveyance by providing the power of attorney obtained from the New Century Liquidating Trust that authorized the execution of a February 2, 2011 Transfer of Lien using:  1) an "Ocwen" employee to act as the "attorney-in-fact" for the liquidated New Century Mortgage Corporation; 2) an extinguished "March 2005" power of attorney that predated the bankruptcy proceeding; and 3) a "Florida" address for the non-existent New Century Mortgage Corporation **is GRANTED**;

(8)    Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties proof of all of their written communications with the New Century Liquidating Trust in connection with the Movant's Note and Deed of Trust and any corresponding order(s) or power of attorneys in support of the same **is GRANTED;** and

(9)    Compelling Wells Fargo, As Trustee within thirty days from the date of this signed order, to provide to all parties proof of their filed response to the Movant's Plea To The Jurisdiction heard on May 24, 2016 in *Cause No. 2011-CI-02829* in the state court action where the Donna Walker authenticated New Century Liquidating Trust records were filed by the Movant **is GRANTED.**


**Dated:** _____, 2020

    **Wilmington, Delaware**

                                BY THE COURT:

                                _____
                                **United States Bankruptcy Judge**