## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.*, | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |

| | |
|---|---|
| | § |
| NANCY K ALANIS | § |
| | § |
| *Movant* | § |
| | § |
| v. | § |
| | § |
| Liquidating Trustee | § |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § |
| | § |
| And | § |
| | § |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § |
| | § |
| *Respondents* | § |

RECEIVED / FILED

JAN 1 2 2021

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

### MOVANT NANCY ALANIS RESPONSE TO OBJECTION OF THE FORMER TRUSTEE OF THE NEW CENTURY LIQUIDATING TRUST TO MOTION TO REOPEN CHAPTER 11 CASE AND MOTION TO VACATE VOID STATE COURT JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Movant Nancy Alanis files her *Movant Nancy Alanis Response To Objection Of The Former Trustee Of The New Century Liquidating Trust To Motion To Reopen Chapter 11 Case And Motion To Vacate Void State Court Judgment* pursuant to USCS Bankruptcy R 9024/FRCP 60(b)(3)(4)(6).

and in support of the same respectfully show as follows:

**I.**

**RESPONSE TO PRELIMINARY STATEMENT AND JUDICIAL NOTICE REQUESTED OF JURISDICTIONAL DEFECTS, VOID STATE ORDER**

1.      The *Nancy Alanis Motion to Reopen Chapter 11 Case to (i) File Adversarial Complaint; (ii) Obtain Court Orders on Core Proceeding Matters; and (iii) Obtain Related Relief* [ECF 11572] (the "Motion") and corresponding affidavit in support and Trustee Objections to the same are incorporated herein by reference for all purposes as thought repeated in full verbatim.

2.      The Alanis Motion should not be denied because both the Trustee and Alanis have established a compelling reason for reopening the Chapter 11 case.  In relevant part, denying the motion will permit Wells Fargo to continue their extensive history of discriminatory and abusive consumer predatory mortgage practices to transform the American dream of home ownership into life altering nightmares by cheating New Century mortgage loan compliant borrowers out of their homes through unlawful schemes, practices and knowing and willful violations of U.S. Bankruptcy laws.[1]

3.      Additionally, because the U.S. Constitution guarantees due process in connection with protecting property rights and the U.S. Bankruptcy laws require compliance with the automatic stay, Alanis respectfully disagrees with the Trustee who ignores the rule of law on U.S. Bankruptcy Court jurisdiction in connection with core proceedings (i.e. automatic stay and property of the bankruptcy estate) and the exclusive jurisdiction of the U.S. Bankruptcy Court post confirmation pursuant to November 20, 2009 Modified Order.  [2] *See* Motion, ¶14-23, ¶75.

4.      The Trustee objections appear to repudiate the May 10, 2016 Donna Walker Declaration which authenticated and bates stamped Alanis mortgage records held by the New Century Liquidating Trust ("NCT") and turned over to NCT by Alanis' original lender and

---

[1] *See* City of Philadelphia v Wells Fargo & Company and Wells Fargo Bank, Case No. 2:17-cv-02203-LDD, Complaint For Violations of the Fair Housing Act.  Alanis is filing a HUD Complaint in connection with this case.

[2] 28 U.S.C.S. § 1334(e)(1) affords the court with jurisdiction over all the property, wherever located, of the debtor and of property in the estate.

mortgagee/debtor New Century Mortgage Corporation on the effective date (i.e. August 1, 2008), and which were provided in April 2016, to Alanis ("Walker NCT Records").[3]

5.      Said Walker NCT Records provide conclusive proof there was no post petition assignment of the Alanis Note and mortgage from New Century Mortgage Corporation or the New Century Liquidating Trust to Wells Fargo National Association as Trustee for the Pooling and Servicing Agreement dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3 ("Wells Fargo") and therefore, the Alanis Note and mortgage remained an asset of New Century Mortgage Corporation and Wells Fargo was *never* in the Alanis chain of title. *See* Motion, ¶81, *See* Alanis Affidavit, *See id.,* **Ex. 25.**

6.      Pursuant to the Trustee and the Walker NCT Records, after transferring all beneficial interest in their assets to the New Century Liquidating Trust in August 2008, New Century Mortgage Corporation was liquidated and lacked existence, capacity and assets to assign to Wells Fargo or any entity in "February 2011". *See* Motion, ¶80-81, *See* Motion, ¶ ¶ 61-63, *See* Alanis Affidavit, *See id.,* **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.,* **Ex. 25,** *See* Alanis Affidavit, ¶ 53.

7.      And after New Century Mortgage Corporation transferred all of their assets to the New Century Liquidating Trust in August 2008, all assignments thereafter could only be executed by "New Century Liquidating Trust -**as-Successor-to**- New Century Mortgage Corporation".[4]  *See* Motion, ¶ ¶ 61-63.

---

[3] See MEMORANDUM ORDER, Case No. 07-10416 (BLS) (Re: docket no. 11553), Michael D. Lynch & Candence B. Lynch:  ("…5. The Modified Plan (i) confirmed that **all actions taken by the New Century Trustee subsequent to the Original Effective Date were valid and binding**…")

[4] See MEMORANDUM ORDER, Case No. 07-10416 (BLS) (Re: docket no. 11553), Michael D. Lynch & Candence B. Lynch: (…15. and at the request of Deutsche Bank and Ocwen, **the NCL Trust, as successor to NCMC**: (i) prepared a "business records" affidavit explaining the sale of the Note and Mortgage…)

8.      The Trustee concludes in error, there was a valid Transfer of Lien assignment executed between "New Century Mortgage Corporation" and Wells Fargo on "February 2, 2011" after the Trustee swore New Century transferred all beneficial interests in their assets to the New Century Liquidating Trust on the effective date (August 1, 2008) and where it violated the Modified Confirmation Order.  Courts have held that **an assignment by a party that no longer possesses legal title to the property is void.** [5]  *See* Objection, ¶20 ¶69, *See* Alanis Affidavit, *See id.,* **Ex. 12**, at Ex. A, ¶4 and Ex. A-3, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.,* **Ex. 25**, Modified Confirmation Order ¶17, ¶21.

9.      Therefore, without Wells Fargo filing a timely claim and/or motion to lift the stay, the February 2, 2011 Transfer of Lien assignment purportedly executed between "New Century Mortgage Corporation" and Wells Fargo *after* New Century Mortgage assigned all of their beneficial interest in assets to the New Century Liquidating Trust in August 2008, is *void ab initio.*

10.      And after the NCT attorneys advised Alanis in April 2016 the NCT held no assignment of her mortgage loan to Wells Fargo in the NCT records and Wells Fargo filed no claim and/or filed no motion to lift the stay in connection with her mortgage loan, the Trustee cannot take a different position in "December 2020" that contradicts the Walker NCT Records provided to Alanis in "April 2016" which contained no assignment to Wells Fargo.

---

[5] See *Culhane v. Aurora Loan Services of Nebraska* (1st Cir.2013) 708 F.3d 282, 291(*Culhane* ) [a mortgage assignment is void, not merely voidable, where the assignor "had nothing to assign" or "no interest to assign"]; See Also *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552 [202 Cal.Rptr.3d 219] (*Sciarratta*), the plaintiff alleged that the original owner of her DOT, JPMorgan Chase, assigned the DOT to Deutsche Bank in April of 2009. (*Id.* at p. 557.) Chase then purported to sell the DOT to Bank of America in November 2009. (*Ibid.*) On the same day, Bank of America foreclosed and, as the purported "'foreclosing beneficiary,'" acquired the property via a trustee's deed upon sale. (*Id.* at p. 558.) The court found the assignment to Bank of America void because it had already assigned "'all beneficial interest'" to Deutsche Bank months earlier. (*Id.* at p. 564.)

11.    Further, the undisputed Alanis evidence also shows the state trial court (**Judge Noll**) refused to admit the Walker NCT Records in a May 2016 plea to the jurisdiction hearing and refused to permit Alanis to make an offer of proof and therefore, the state court *never* considered the issue of Wells Fargo unlawful control of property (i.e. Alanis mortgage loan) belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation.

12.    As a result, the state trial court retained unlawful jurisdiction and denied Alanis due process and a full and fair opportunity to be heard on all matters, including their lack of jurisdiction. *See* Motion, ¶91-94.

13.    And the Alanis evidence is undisputed regarding the "ex parte" communications between state court judges (including **Judge Noll**) and the Wells Fargo attorneys designed to fix her litigation matters that were not set for hearing.  The "Judge Saldana Judges Notes" were provided only to the Wells Fargo attorneys and not Alanis or her attorney. *See* Motion, ¶ 95-97, *See* Alanis Affidavit, ¶ 65-68, *See id.,* **Ex. 30.**[6]

14.    Therefore, the Trustee is incorrect when affirmatively stating:

"…**The TX State Court determined that the loan was transferred pursuant to a facially valid assignment and enforceable against Alanis by the current holder of the note and deed of trust** and that judgment was upheld on appeal…". *See* Objection, ¶2. *See* Motion, ¶14-23, ¶75.

15.    It is undisputed that on or about June 15, 2006, Alanis executed a note (the "Note") in favor of New Century Mortgage Corporation in the principal amount of $193,500 (the "Loan") as lender on a loan secured by real property located in Bexar County, Texas (the "Real Property"). *See* Alanis Affidavit, *See id.,* **Ex. 1**. The Note was secured by a *Deed of Trust*

---

[6] In re Philadelphia Entm't & Dev. Partners, 17-1954, 2018 WL 358216, at *6 (3d Cir. Jan. 11, 2018). (A federal court has jurisdiction "as long as the 'federal plaintiff present[s] some independent claim,' even if that claim denies a legal conclusion reached by the state court).

executed by Alanis (the "Deed of Trust") which identified New Century Mortgage Corporation as the "Beneficiary" and was recorded in the public records of Bexar County, Texas under document number 20060146541. *See* Alanis Affidavit, *See id.*, **Ex. 2.**

16.    It is undisputed that Alanis, was fully compliant with mortgage loan and her 2010 loan payments which were mailed to the Wells Fargo loan servicers through USPS certified mail money orders *before* the Wells Fargo January 13, 2011 Notice of Acceleration. *See id.*, **Ex. 8, Ex-9,** *See id.*, **Ex. 12**, at Ex. A, ¶10.

17.    It is further undisputed that Wells Fargo mailed Alanis a January 13, 2011 Notice of Acceleration "one month" *prior* to the alleged fabricated "February 2, 2011" Transfer of Lien which provides patent proof, Wells Fargo lacked the requisite *standing* to assert an interest in property and accelerate on property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. on January 13, 2011, without any valid assignment or valid indorsed Note from the New Century Mortgage Corporation and/or the New Century Liquidating Trust. *See id.*, **Ex-9, Ex-25.**

18.    The undisputed Walker NCT Records provided to Alanis in April 2016 demonstrate that the Debtor New Century Mortgage Corporation held the **Alanis Note with "no indorsement"** thereon when transferring their assets and original records to the New Century Liquidating Trust in August 2008 and the Walker NCT Records contained no records of any assignment from Debtor New Century Mortgage Corporation or the New Century Liquidating Trust to Wells Fargo after 2008. *See* Motion, ¶ ¶ 61-62, 79-81, *See* Alanis Affidavit, ¶ ¶ 52-55, *See id.*, **Ex-25.**

19.    Declarant Walker swore that on the effective date of the Plan (i.e. August 2008), the New Century Mortgage Corporation records were turned over to the NCT, *not* to Wells Fargo or their attorney Mackie Wolf Zientz & Mann, PC as follows:

> "...I, the undersigned, Donna E. Walker, pursuant to 28 U.S.C. § 1746, declare that: 1. **I was an employee of New Century Mortgage Corporation ("NCMC") before it filed for bankruptcy**, and I am presently a consultant for the liquidating trustee of the New Century Liquidating Trust (the "Trust"), established pursuant to a confirmed Chapter 11 plan of liquidation (the "Plan") of New Century TRS Holdings, Inc. and its affiliated debtors (the "Debtors"), including NCMC. <u>The Trust is the custodian of documents and electronic data for the Debtors and has maintained such documents and electronic data turned over to the Trust by the Debtors since the effective date of the Plan.</u> 2. **In response to a request for <u>documents made to the Trust</u> by Nancy Alanis ("Alanis"),** the Trust searched its files and produced to Alanis the files identified as bates range NC_Alanis_00000001-NC_Alanis_0000885 (the "Produced Files"). **The Produced Files were provided to Alanis on or about April 21, 2016...."**    *See* Alanis Affidavit, ¶ ¶ 52-55, *See id.*, **Ex-25.**

20.    In stark contrast and three months prior to Alanis receiving the April 2016 Walker NCT Records, Wells Fargo filed the January 11, 2016 Declaration of Gina Feezer (Ocwen Custodian of Records) in a January 28, 2016 summary judgment proceeding on Wells Fargo counterclaim for foreclosure in state court Cause No. 2011-CI-02839 with attached exhibits ("Feezer Declaration").  *See id.*, **Ex. 12**, at Ex. A.

21.    Declarant Feezer engaged in gross misconduct when making patently false statements and misrepresentation and fraudulently concealing the New Century Mortgage Corporation bankruptcy case and "first assignment" in August 2008 from Debtor New Century Mortgage Corporation to the New Century Liquidating Trust **as-successor-to** New Century Mortgage Corporation.  *See id.*, **Ex. 12**, at Ex. A.

22.    Among other things, Declarant Feezer made patently false sworn statements *under the penalty of perjury* that Alanis failed to remit a loan payment since "February 2010" when the undisputed Alanis evidence showed she mailed her loan payments by USPS certified mail with

secured funds to the loan servicers HomEq Loan Servicing and Ocwen Loan Servicing for all of

"2010". *See id.*, **Ex. 8, Ex-9,** *See id.*, **Ex. 12**, at Ex. A, ¶10.

23.     Pursuant to the  Wells Fargo August 6, 2018 Response to Petitioner's Motion For

Sanctions filed at the Texas Supreme Court in Case No. 18-0617, Wells Fargo apprised the high

court in ¶ 8-9, that Wells Fargo and Ocwen recovered a judgment in the amount of 356,217.31,

plus prejudgment and post judgment interest and were also awarded $185,364.00 in attorney fees

and additional fees for appeal.   And as of the time the Notice of Writ was served, the judgment

amount was $702,339.83 plus any additional costs incurred. *See id.*, **Ex. 34, Ex. 32, 31**, and

*Alanis* Affidavit, **¶69-72, ¶74.**

24.     Declarant Feezer contradicted the 5.10.16 Donna Walker Declaration and made

patently false sworn statements *under the penalty of perjury* that revealed the break in the chain of

title as follows:   "...**the original Note was assigned only once from New Century to Wells**

**Fargo, and there is only one indorsement** which is by New Century in blank...." *See id.*, **Ex. 12**,

at Ex. A, ¶15, **Ex. 25**. [7]

---

[7] A "fraud exception" to *Rooker-Feldman*'s jurisdictional bar, applies when a litigant alleges that a "state court judgment[] [was] procured by . . . [the d]efendants through fraud, misrepresentation, or other improper means." *McCormick v. Braverman*, 451 F.3d 382, 392-93 (6th Cir. 2006); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). The Sixth and Ninth Circuits have reasoned that, under such circumstances, a plaintiff asserts a claim that is independent of the claims brought in a state court foreclosure proceeding.

The Third Circuit has permitted a plaintiff to pursue a claim for damages that arises from a defendant's alleged fraudulent conduct or deceptive practices occurring prior to a state court judgment of foreclosure. *See Easley v. New Century Mortg. Corp.*, 394 Fed. Appx. 946, 948 (3d Cir. 2010) (finding that, because the plaintiff's "allegations of fraud and other pre-foreclosure wrongs were not presented to the state court (which granted default judgment)," the "state court's judgment would not be implicated by a finding that [the defendant] was liable under the [applicable consumer fraud statute] for fraud and/or other pre-foreclosure wrongs."); *Gray v. Martinez*, 465 Fed. Appx. 86, 89 (3d Cir. 2012) (holding that the plaintiff "appears to allege that the financial defendants committed fraud by their actions in commencing and executing the foreclosure action . . . . All told, while the question is close, we cannot conclude that [the plaintiff's] claims against the financial defendants would require us to directly review the state-court decision."); *Conklin v. Anthou*, 495 Fed. Appx. 257, 262 (3d Cir. 2012) (explaining that a plaintiff is not prevented [by Rooker -Feldman] from otherwise attacking the parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of

25.     The Court in *In re Walker*, 466 B.R. 271, 2012 Bankr. LEXIS 451, 2012 WL 444042 reviewed the analysis of the Court in *In Re David A. Simpson*, PC, 711 S.E.2d 165 (N.C. Ct. App. 2011) on proving ownership status in connection with a Note that is *not indorsed* and held as follows:

> "...In Simpson, the court denied the plaintiff's request to foreclose on real property based on an asserted default under the note and concluded that the plaintiff's possession of the note, by itself, did not establish its status as the holder. However, the court reached that result because the note in question "was not indorsed to [the plaintiff] or to bearer," 711 S.E.2d at 172, reasoning that **"[m]ere possession of a note by a party to whom the note has neither been indorsed nor made payable does not suffice to prove ownership or holder status**," id. (quoting In re Adams, 204 N.C. App. 318, 693 S.E.2d 705, 710 (N.C. Ct. App. 2010))(internal quotations omitted)...The outcome in Simpson turned on the absence of an indorsement...."

26.     On September 30, 2009, the Trustee Alan Jacobs filed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009* (the "Modified Plan").

27.     On November 20, 2009, the Court entered an order confirming the Modified Plan (the "Modified Confirmation Order") [ECF 9957]. We regularly recognize the wide latitude of the bankruptcy courts to "reopen a closed case 'to administer assets, to accord relief to the debtor or for other cause.'" In re Lazy Days' RV Center, Inc., 724 F.3d 418, 422 (3d Cir. 2013) (quoting 11 U.S.C. § 350(b)). Such latitude is appropriate because it is the bankruptcy court that can "provide the best interpretation of its own order[.]" Id. at 423.

28.     When Alanis obtained a copy of the November 20, 2009 Modified Confirmation Order in August 2020, Alanis discovered among other things, the U.S. Bankruptcy Court entered a stay and injunction as to all entities in connection with property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation and the New Century Liquidating Trust as-Successor-to New Century Mortgage Corporation.

---

fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state court judgments into question).

29.     The Modified Confirmation Order at (pg. 13, par. 9), also authorized damages that could be recovered for violations of the injunction as follows:

> **"...Any Person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages from the willful violator...."**

30.     Alanis seeks to reopen this Chapter 11 case to complain of substantial financial injuries she suffered as a result of Wells Fargo and its agents willful and knowing series of fraudulently concealed nefarious acts between 2010 and 2020 that violated the U.S. bankruptcy "automatic stay" and a November 20, 2009 Modified Confirmation Order on federal stay injunction order to aid and abet their foreclosure eviction scheme to unlawfully control property (including her mortgage loan) that belonged to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation (who was identified as the "Beneficiary" in the Alanis Deed of Trust) and the New Century Liquidating Trust when they held no interest in the property at the time of acceleration or anytime thereafter.

31.     Under Texas state law, the Texas Supreme Court has held that any actions taken by a party in violation of the automatic stay are void. *Continental Casing Corp. v. Sameden Oil Corp.,* 751 SW2d 499 (Tex. 1988).  Therefore, any action taken by the state court during the automatic stay against property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. was void because the state court never acquired jurisdiction to enter orders in violation of the federal injunction on automatic stay.[8]

---

[8] *Browning v. Navarro*, 887 F.2d 553, 559, 563 (5th Cir. 1989)) (....**It is black-letter law that a claim is not barred by res judicata if it could not have been brought. If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim, then it is not precluded.** ...A judgment which is void because of lack of jurisdiction or because the judgment is vitiated by fraud is not entitled to full faith and credit in a court sitting in bankruptcy. *See Kelleran v. Andrijevic,* 825 F.2d 692, 694(2nd Cir. 1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). Other than lack of jurisdiction or fraud, there are no other federal grounds which nullify a state court judgment.

32.    Central to the New Century bankruptcy "case" where exclusive Article I federal jurisdiction lies was the automatic stay imposed by 11 U.S.C. § 362(a), the U.S. Supreme Court has held that **the automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts.** *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). The Court held as follows:

> *Held:* Respondents must obey the Bankruptcy Court's injunction. **The well-established rule that "persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order,"** *GTE Sylvania, Inc.* v. *Consumers Union of United States, Inc.*, 445 U.S. 375, 386, applies to bankruptcy cases, *Oriel* v. *Russell*, 278 U.S. 358. A bankruptcy court has jurisdiction over proceedings "arising under," "arising in," or "related to" a Chapter 11 case. 28 U.S.C. § 1334(b) and 157(a). **The "related to" language must be read to grant jurisdiction over more than simply proceedings involving the debtor's property or the estate.** Respondents' immediate execution on the bond is at least a question "related to" Celotex's bankruptcy. [9]

33.    The U.S. Supreme Court explained in *Kalb v Feuerstein*, 308, 443 U.S. 433 (1940), the weaker predecessor statute to 11 U.S.C. § 362(a) as follows:

> "...**The mortgagees who sought to enforce the mortgage after the petition was duly filed in the bankruptcy court,** the Walworth County Court that attempted to grant the mortgagees relief, and the sheriff who enforced the court's judgment, **were all acting in violation of the controlling Act of Congress. Because that state court had been deprived of all jurisdiction or power to proceed with the foreclosure, the confirmation of the sale, the execution of the sheriff's deed, the writ of assistance, and the ejection of appellants from their property** — to the extent based upon the court's actions — **were all without authority of law...**"

Kalb, 308 U.S. at 443. [10]

---

[9] **28 U.S. Code § 2283. Stay of State court proceedings** (A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.)

[10] *Matsushita Electric Indus. Co. v. Epstein*, 516 U.S. 367, 386 (1996) (noting that **state court judgments are binding only if the state court had power to enter the judgment**).

34.     Similarly, in *Raymark Industries, Inc., Debtor-Appellant v. George Q. Lai*, 973 F.2d

1125, 1132 (3rd Cir. (1992), the court held that a federal bankruptcy court may intervene only when

the actions taken in violation of the automatic stay are *void ab initio* as follows:

> "...**We observed that a bankruptcy court "possess [es] the power to enjoin a
> pending state action that violates the automatic stay,**" id., and set out the following
> general principle: .....The distinction between a void judgment and one that is
> erroneously decided is crucial:
>
> A void judgment is to be distinguished from an erroneous one, in that the latter is
> subject only to direct attack. **A void judgment is one which, from its inception, was
> a complete nullity and without legal effect**. In the interest of finality, the concept of
> void judgments is narrowly construed. Id. at 52 (citation omitted) (quoting Lubben v.
> Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972) (footnote
> omitted))....**Here, the bankruptcy court has the power to vacate the decision of
> the California Court of Appeal dismissing Raymark's appeal because <u>actions
> taken in violation of the automatic stay are void ab initio</u>. See Kalb v.
> Feuerstein, <u>308 U.S. 433</u>, 438-40, 60 S. Ct. 343, 345-46, 84 L. Ed. 370 (1940); In re
> Ward, 837 F.2d 124, 126 (3d Cir. 1988). "Because a void judgment is null and
> without effect, the vacating of such a judgment is merely a formality and does not
> intrude upon the notion of mutual respect in federal-state interests."** In re James,
> 940 F.2d at 52..." [11]

35.     The hearing on a motion for relief from stay is meant to be a summary

proceeding, and the statute requires prompt action by the bankruptcy court. 11 U.S.C. § 362(e).

Section § 362(e) provides that a bankruptcy court must hold a preliminary hearing on a motion

to lift the stay within thirty days from the date the motion is filed. In addition, relief from a stay

is obtained by a simple motion, Fed.R.Bankr.P. 4001, and it is a "contested matter," rather than

an adversary proceeding. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994). [12]

---

[11] The filing of a bankruptcy petition under Chapter 11 of the Bankruptcy Code creates a bankruptcy estate
"consisting of all property in which the debtor holds an interest" and implements the automatic stay to preclude
efforts to obtain or disburse property of the estate. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien
Envtl. Energy, Inc.)*, 181 F.3d 527, 532 (3d Cir. 1999). In addition, any act to obtain property or exercise
control over property of the estate, or to "collect, assess, or recover a claim against the debtor that arose before
the commencement of the case" constitutes a violation of the automatic stay. 11 U.S.C. §§ 362(a)(3) and (6).
The stay is in effect until a court orders it vacated, until a court grants or denies a discharge, or until a case is
closed or dismissed. *In re Hawk*, 314 B.R. 312, 314 (Bankr. D.N.J. 2004) (citations omitted).

[12] United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988): The Supreme Court
pointed to the language in other Code provisions, specifically §§ 506, 552, and 362(d)(2), and the substantive

36.     Alanis was also deprived due process when Wells Fargo failed to comply with U.S. Bankruptcy laws and file a motion to lift the stay to permit the U.S. Bankruptcy Court to determine its jurisdiction and that the Alanis mortgage loan was property belonging to New Century Mortgage Corp., *not* Wells Fargo. *See* Motion, ¶¶ 76(a), 96, 151-154.

37.     The Due Process Clause of the Fourteenth Amendment of the Unites States Constitution provides that no State 'shall deprive any person of life, liberty, or property, without due process of law...."

38.     It is undisputed that pursuant to the November 20, 2009 Modified Order, the U.S. Bankruptcy Court had "exclusive jurisdiction" over all Chapter 11 matters, including the automatic stay.   Section 362 contains the automatic stay provisions of the Code, and subsection (d) of that section provides that the court shall grant relief from the automatic stay.  In support of due process, **11 USCS § 362(d)** provides in relevant part:

**(d) On request of a party in interest and after notice and a hearing**, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    **(1)** for cause, including the lack of adequate protection of an interest in property of **such party in interest**;

    **(2)** with **respect to a stay of an act against property** under subsection (a) of this section, if—

        **(A) the debtor does not have an equity in such property**; and

        **(B) such property is not necessary to an effective reorganization**;

39.     In the instant case, Wells Fargo could not have been granted relief from the automatic stay under subsection (d)(1) or (d)(2) of section 362 where Wells Fargo held no interest in the Alanis mortgage loan New Century Mortgage Corporation was identified as the "Borrower" in the Alanis Deed of Trust.

40.     Section **11 USCS § 362(g)** provides in relevant part:

---

dispositions that they effect, and concluded that a secured party's right to immediate foreclosure is not one of the rights protected by § 362(d)(1).

**(g) In any hearing under subsection (d) or (e)** of this section concerning relief from the stay of any act under subsection (a) of this section—

    **(1) the party requesting such relief has the burden of proof** on the issue of the debtor's equity in property; and

    **(2) the party opposing such relief has the burden of proof** on all other issues.

41.    It is undisputed Wells Fargo was never a party in interest and intentionally and willfully did not file a motion for relief from the automatic stay to conceal from the Trustee and U.S. Bankruptcy Court, their control of real property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation during the pending bankruptcy case because they never could have satisfied the requirements of section 362 in showing they were a party in interest and/or the debtor lacked equity.

42.    Therefore, Alanis was denied due process and an opportunity to file an Answer and be heard on opposing relief due to the alleged nefarious acts of Wells Fargo in connection with unlawfully perfecting their fictitious foreclosure and eviction scheme to control property they held no interest in and which belonged to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation.

43.    On October 30, 2020, Alanis filed her Motion with the Court. Based upon the Trustee's review of the Motion and documents filed in connection with Alanis' prior litigation, upon "information and belief", the Trustee allegedly identified facts and circumstances, which strongly militate against reopening the Chapter 11 case without consideration of the evidentiary information Alanis provided to him between 2015 and 2016 regarding the suspicious Wells Fargo state court litigation in *Cause No. 2011-CI-02839* where she was never delinquent with her New Century Mortgage loan and which prompted the Trustee to exercise great care and concern and request research and delivery to Alanis, the May 10, 2016 New Century Liquidating Trust ("NCT") Walker NCT Records.  See *Alanis* Affidavit, ¶52-55, *See id.* **Ex. 25.**

44.     To wit, the Hahn & Hessen attorneys also exercised great care and facilitated the delivery of the Walker NCT Records to Alanis and advised Alanis to file the same in the state court to show the break in her chain of title because the Walker NCT Records revealed Wells Fargo never was assigned any interest in her mortgage loan and New Century Mortgage Corporation sold only an "interest" in her loan to Barclays Bank, *not* Wells Fargo.  *See id.*, **Ex. 25**, *Alanis* Affidavit, **¶ 61.**

45.     In connection with the March 3, 2016 Order on Motion For Partial Summary Judgment by Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing, LLC on RESPA, Section 51.002 of the Texas Property Code and Counterclaim for Foreclosure in Cause No. 2011-CI-02839, Bexar County, Texas ("3.3.16 Order"), Alanis is not inviting the Court to review, reject and invalidate the state-court judgment based on the Wells Fargo counterclaim for foreclosure.

46.     But rather, Alanis requests this Court to engage in the ministerial task of determining the U.S. Bankruptcy Court jurisdiction versus the state court's jurisdiction to enter orders during the New Century Mortgage Corporation pending bankruptcy case and federal injunction on automatic stay period between April 2007 and August 2016.

47.     Aside from jurisdiction, Alanis is also asking the Court to review the manner in which the state court judgment was procured by Wells Fargo and their agents.  That is, a review of matters that could not and were not considered by the state-court foreclosure judgment including the Wells Fargo fraudulent concealment of their foreclosure eviction scheme to violate the automatic stay pursuant to section 362 and unlawfully control property (including the Alanis mortgage loan) they held no interest in and which property belonged to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation (who was identified as the "Beneficiary" in the Deed of Trust) and the New Century Liquidating Trust.

48.     The state-court foreclosure judgment never set forth the Wells Fargo violations of the automatic stay that ultimately caused the damages claimed by Alanis who relied to her financial detriment, on the Wells Fargo documents and representations when timely remitting her payments to Wells Fargo loan servicer Ocwen Loan Servicing ("Ocwen") who intentionally failed to post her payments to create a fake default and obtain a foreclosure order for Wells Fargo, and *not* the property belonging to the estate of New Century Mortgage. *(emphasis added).*

49.     Among other things, to defend and protect her property rights against the unlawful Wells Fargo foreclosure counterclaim litigation, Alanis incurred over $200,000 in attorney fees in *Cause No. 2011-CI-02839* and closed her successful seasonal business in 2015 and lost substantial income streams.  Wells Fargo is also currently seeking to evict Alanis from her home and collect from Alanis close to one million dollars after they interfered with her property rights and the property belonging to the bankruptcy estate of New Century Mortgage in violation of the automatic stay and during the period Alanis was fully compliant with her mortgage loan. *Alanis* Affidavit, ¶ ¶ **24, 78-92.**

50.     This Court should grant the Alanis motion because in the Trustees ***Other Factors Mitigate against Reopening these Chapter 11 Cases,*** the Trustee has all but admitted he is fully aware of the substantial financial harm Wells Fargo has inflicted on other New Century Mortgage Corporation mortgage loan compliant homeowners beyond Alanis.

51.     The Trustee is now asking this Court to ignore the rule of law on jurisdictional prerequisites,  the Walker NCT Records, the November 20, 2009 Modified Order, the U.S. Bankruptcy laws, and the willful and knowing automatic stay violations committed over and over again by Wells Fargo between 2010 and 2020 when they lacked standing to assert an interest in the Alanis mortgage loan that was property belonging to the bankruptcy estate of

mortgagee debtor New Century Mortgage Corp., who was identified as "Beneficiary" in the Alanis Deed of Trust.

52.     Pursuant to Texas law, the 3rd Circuit and the U.S. Supreme Court, actions taken in violation of the automatic stay are *void ab initio* and the Trustee in error, is asking the Court to permit Wells Fargo to continue engaging in consumer predatory practices to steal homesteads from New Century Mortgage loan compliant homeowners when stating:

> "…d.  **Wells Fargo, on the other hand, would be severely prejudiced** because any relief granted to Alanis **would inherently negate the Final Judgment.** *See* Objections, ¶¶54(d).

> e.  The Trust and Trustee would also be severely prejudiced by reopening these cases and upsetting the finality of the Final Decree and the final resolution of the Trust and these Chapter 11 cases. **Moreover, granting the Motion could open the "flood gates" for similar motions by borrowers seeking to re-litigate their state court foreclosure actions before this Court.** Indeed, the Trustee is currently litigating an appeal of an order of this Court appropriately denying a recent motion by another borrower seeking to re-litigate foreclosure claims under the guise of an adversary proceeding. …". *See* Objections, ¶¶54(e).

53.     Between 2010 and 2020 and during the pending New Century TRS Holdings, Inc. bankruptcy case, Wells Fargo engaged in a successful well executed nefarious scheme to interfere with Alanis' property rights and property that belonged to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation which Wells Fargo held no interest in.

54.     Wells Fargo willful violation of the automatic stay caused Alanis substantial financial damages including losing her home through a Wells Fargo unlawful foreclosure-eviction scheme when she was never delinquent with her loan.  Therefore, Alanis has established a compelling reason for reopening the Chapter 11 case and where pursuant to 11 U.S.C.S. § 350(b), a bankruptcy court may reopen a closed case to administer assets, to accord relief to the debtor, or for other cause.

## II.

## ALANIS RESPONSE TO BACKGROUND

55.     It is undisputed that on September 30, 2009, the Trustee filed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009* (the "Modified Plan"). On November 20, 2009, the Court entered an order confirming the Modified Plan (the "Modified Confirmation Order").

56.     The November 20, 2009 *Order Confirming The Modified Second Amended Joint Chapter 11 Plan Of Liquidation Dated As Of September 30, 2009* ("Modified Confirmation Order") at "Articles" (pg. 127), Article 15.A ordered exclusive bankruptcy court jurisdiction as follows:

> A.     **Retention Of Jurisdiction.   This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code.   Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction .... over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the Chapter 11 Cases, the Original Plan or this Modified Plan,** or (iii) that relates to the following:
>
> \*\*\*\*\*\*\*\*
>
> 5.   **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates or property abandoned or transferred by the Debtors or the Estate;
>
> \*\*\*\*\*\*\*\*
>
> 7.   **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**
>
> \*\*\*\*\*\*\*\*
>
> 17. to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. **Proceedings to recover assets of (i) the Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located....**

57.     In the Modified Confirmation Order at (pg. 13, par. 9) and (pg. 15, par. 10), the U.S. Bankruptcy Court ordered a stay and injunction as follows:

> "...**Term of Stay and Injunctions.**   Unless otherwise provided herein or in the Modified Plan, all injunctions or stays provided for in Chapter 11 Cases by orders of the Court, **under sections 105 or 362 of the Bankruptcy Code, the Modified Plan or otherwise, and extant on the Modified Confirmation Date, shall remain in full force and effect until the later of (x) the entry of Final Decree or (y) the dissolution of the Liquidating Trust.** In accordance therewith, and without limiting

the foregoing, **until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from**
**\*\*\*\*\*\*\*\*\*\***

**(iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates**

**(iv) any act to create, perfect, or enforce any lien against property of the Estates, and....**"

58.    In the Modified Confirmation Order at (pg. 16, par. 11), the U.S. Bankruptcy Court ordered compliance with Relief from Stay in relevant part as follows:

"...(i) all orders of the Court entered during the Chapter 11 Cases, including, without limitation, the *Order Providing that the Automatic Stay Under Section 362(a) of the Bankruptcy Code Is Terminated To Permit the Commencement or Continuation of any Action to Foreclose Upon or Extinguish an Interest Listed in the Name of the Debtor* dated as of July 14, 2008 (the "Stay Termination Order"), that provide for relief from the automatic stay imposed by section 362 of the Bankruptcy Code shall remain in full force and effect following the Modified Effective Date, (ii) to the extent that the Liquidating Trust or any third parties file motions prior to the Modified Effective Date seeking relief from the automatic stay imposed by section 362 of the Bankruptcy Code, any order of the Court granting such relief, including, without limitation, the Stay Termination Order, shall supersede this Order, **and (iii) following the Modified Effective Date, parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, <u>upon sufficient notice and a hearing.....</u>**"

59.    In the Modified Confirmation Order at (pg. 13, par. 9), the U.S. Bankruptcy Court ordered that damages could be recovered for violations of the injunction as follows:

"**...Any Person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages from the willful violator....**"

60.    The Modified Confirmation Order (pg. 24, par. 22-23), authorized **Alan M. Jacobs as the sole Liquidating Trustee** with all powers, authority and responsibilities to commence, prosecute, settle Causes of Action, enforce contracts, and assert claims, defenses, offsets and privileges to the extent not inconsistent with the status of the Liquidating Trust. And at (pg. 36, par. 49), the U.S. Bankruptcy Court further ordered:

"**...the Liquidating Trustee... shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtors or the Estates may have against any Person or entity effective as**

> **the Original Effective Date**....The Liquidating Trustee may pursue such
> retained claims ....or Causes of Action...in accordance with the best interests
> of the creditors of the Debtors....the Estates...or the Liquidating Trust in any
> or all appropriate jurisdictions as the Liquidating Trustee shall deem
> advisable..."

## III.

## ALANIS RESPONSE TO THE LOAN
## AND NOTICE OF JURISDICTION DEFECTS,
## VOID ORDER AND UNDISPUTED PROPERTY
## OF THE NEW CENTURY BANKRUPTCY ESTATE

61.    It is undisputed that on or about June 15, 2006, Alanis executed a note (the

"Note") in favor of New Century Mortgage Corporation in the principal amount of $193,500

(the "Loan") as lender on a loan secured by real property located in Bexar County, Texas (the

"Real Property"). *See* Motion, ¶25, **Ex. 1**. The Note was secured by a *Deed of Trust* executed by

Alanis (the "Deed of Trust") which identified New Century Mortgage Corporation as the

"Beneficiary" and was recorded in the public records of Bexar County, Texas under document

number 20060146541. *See id.*, **Ex. 2.**

62.    Following the origination of the Loan, it is undisputed that Alanis, was fully

compliant with her 2010 loan payments which were mailed to the Wells Fargo loan servicers

through USPS certified mail money orders *before* the Wells Fargo January 13, 2011 Notice of

Acceleration. *See id.*, **Ex. 8, Ex-9,** *See id.*, **Ex. 12**, at Ex. A, ¶10.

63.    On or about April 2007, New Century Mortgage Corporation filed their voluntary

Chapter 11 petition in bankruptcy. *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶¶ 5, 6,

8, 14), *See id.*, **Ex. 4.** On August 26, 2016, the Chapter 11 bankruptcy proceeding terminated. *id.*

64.    On July 15, 2008, a Plan was confirmed and on August 1, 2008, New Century

Mortgage Corporation liquidated in bankruptcy and transferred all of their assets to the New

Century Liquidating Trust. *See id.*, **Ex. 13**, 8.08.08 Affidavit of Alan Jacobs (@ ¶¶ 5, 6, 8, 14), *See id.*, **Ex. 4.**

65.    After August 2008, New Century Mortgage lacked existence, capacity and assets to assign and thereafter, the Alanis mortgage loan could only be assigned by the "New Century Liquidating Trust-*as-Successor*-To New Century Mortgage Corporation". *id.* [13]

66.    Without filing a claim and/or motion to lift the stay, it is undisputed that Wells Fargo lacked an interest in the Alanis mortgage loan when mailing Alanis a **"December 2010"** **Notice of Default** *without* any prior assignment from the New Century Liquidating Trust-*as-Successor*-To New Century Mortgage Corporation *after* August 2008. *See id.*, **Ex. 12**, at Ex. A, ¶11.

67.    Without filing a claim and/or motion to lift the stay, it is undisputed that *after* August 2008, Wells Fargo lacked an interest in the Alanis mortgage loan when mailing Alanis a **"January 13, 2011" Notice of Acceleration** *without* any prior assignment from the New Century Liquidating Trust-*as-Successor*-To New Century Mortgage Corporation. *See id.*, **Ex. 9**, *See Alanis Affidavit*, ¶ 24-28.

68.    Without filing a claim and/or motion to lift the stay, it is undisputed that Wells Fargo filed a live February 10, 2015 counterclaim in Cause No. 2011-CI-02839 alleging Wells Fargo became the owner and holder of the Alanis Note and Deed of Trust pursuant to a Transfer of Lien. *See id.,* **Ex. 11** ¶5.

---

[13] See MEMORANDUM ORDER, Case No. 07-10416 (BLS) (Re: docket no. 11553), Michael D. Lynch & Candence B. Lynch (**...**15. and at the request of Deutsche Bank and Ocwen, **the NCL Trust, as successor to NCMC**: (i) prepared a "business records" affidavit explaining the sale of the Note and Mortgage...)
(5. The Modified Plan (i) confirmed that all actions taken by the New Century Trustee subsequent to the Original Effective Date were valid and binding)

69.    **Wells Fargo 1st False Sworn Assignment Date with New Century Mortgage Corporation**: It is undisputed that without filing a claim and/or motion to lift the stay, Wells Fargo filed a January 28, 2016 Motion for Summary Judgment in Cause No. 2011-CI-02839 and attached as "Ex. A", the January 11, 2016 Declaration of Gina Feezer with attached exhibits (Custodian of Records for Ocwen Loan Servicing) ("Feezer Declaration"). Attached thereto as Ex. A-3, was Wells Fargo *first* **alleged assignment,** a fabricated *Transfer of Lien* purportedly executed on "**February 2, 2011**" between Wells Fargo and "New Century Mortgage Corporation" (*not* New Century Liquidating Trust-*as-Successor*-To New Century Mortgage Corporation). *See id.*, **Ex. 12**, at Ex. A, ¶4, ¶14 and Ex. A-3. *See id.*, ¶¶ 47, 71 (the Transfer of Lien is "void"), 74 ("the Transfer of Lien is a forgery").

70.    The Transfer of Lien is recorded as document number 20110164234 in official public records of Bexar County, Texas. *See id.*, **Ex. 12**, at Ex. A, ¶4, ¶14 and Ex. A-3.

71.    The **February 2, 2011** Transfer of Lien was purportedly executed two years *after* the August 2008 liquidation of New Century Mortgage Corporation and where New Century Mortgage Corporation had no assets to assign in "2011" to any entity after transferring their assets to the NCT in "August 2008". Therefore, Wells Fargo obtained no assets and suffered no injury when lacking standing and an interest in the Alanis mortgage loan. *See id.,* **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶¶ 5, 6, 8, 14).[14]

72.    The "**February 2, 2011**" Transfer of Lien was a fabrication because on its face, it was purportedly executed using an extinguished "March 2005" power of attorney that predated

---

[14] See *Culhane v. Aurora Loan Services of Nebraska* (1st Cir.2013) 708 F.3d 282, 291(*Culhane* ) [a mortgage assignment is void, not merely voidable, where the assignor "had nothing to assign" or "no interest to assign"]; *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552 [202 Cal.Rptr.3d 219] (*Sciarratta*) (The court found the assignment to Bank of America void because it had already assigned "`all beneficial interest'" to Deutsche Bank months earlier. (*Id.* at p. 564.)

the April 2007 New Century Mortgage bankruptcy case and it was not compliant with the Modified Confirmation Order requiring power of attorneys to be executed by the Liquidating Trust during the pending bankruptcy proceeding between April 2007 and August 2016. *See id.,* **Ex. 14.** *See Alanis* Affidavit, ¶ 44(h), *See* Objections, ¶ 11.

73.    Additionally, the "**February 2, 2011**" Transfer of Lien was a fabrication because it was executed by Christina Carter, an "Ocwen" Manager acting as the attorney-in-fact for New Century Mortgage Corporation, and it was not compliant with the Modified Confirmation Order requiring power of attorneys to be executed by the "Liquidating Trust"(not Ocwen employees) during the pending bankruptcy proceeding between April 2007 and August 2016. *See id.,* **Ex. 14.** *See Alanis* Affidavit, ¶ 44(h), *See* Objections, ¶ 11.

74.    It is undisputed that NCT Trustee Alan Jacobs swore in a May 23, 2012 New Century TRS Holdings hearing before the U.S. Bankruptcy Court that *after* August 2008, he employed *only* "New Century" employees to handle all trust matters for the NCT, *not* "Ocwen" employees. *See id.,* **Ex. 27 (pg. 177-78).**  Therefore, Christina Carter was never authorized to execute any documents in "2011" for the NCT. *(emphasis added).*

75.    And to prevent Alanis from learning of their non-compliance with the U.S. Bankruptcy automatic stay laws and orders entered during the New Century bankruptcy proceeding and complaining of the same, Ocwen Manager Christina Carter continued making false sworn statements when swearing to a fake "2011" address for the August 2008 liquidated Debtor New Century Mortgage Corporation described as (**1661 Worthington Rd., Ste 100, West Palm Beach, FL 33409)** and which was not the Debtor New Century TRS Holdings, Inc. address as stated in their bankruptcy petition **(18400 Von Karman Ave., Suite 1000, Irvine, CA, 92612).** *See id.*

76.   **Wells Fargo 2nd False Sworn Assignment Date with New Century Mortgage Corporation**: Following the origination of the Loan and without filing a claim and/or motion to lift the stay, it is undisputed that in the Feezer Declaration, Declarant Feezer falsely swore under the *penalty of perjury* to a *second* **assignment date** which conflicted with the "February 2, 2011" Transfer of Lien date as follows:

> "…The Loan Agreement was assigned to Wells Fargo
> on or about **October 31, 2006**…" *See id.*, **Ex. 12**, at Ex. A, ¶9.

77.   **Wells Fargo 3rd False Sworn Assignment Date with New Century Mortgage Corporation**: Following the origination of the Loan, it is further undisputed that on April 23, 2012, Wells Fargo provided Alanis their response to sworn Interrogatories in Cause No. 2011-CI-02839 and swore to a *third* **assignment date** which was *not* the "February 2, 2011" Transfer of Lien date and also **swore the loan servicers were never owners of the loan** *(emphasis added)* as follows:

> "…**Both Homeq and Ocwen have acted as servicing agents, and not owners,**
> **with respect to the loan. Wells Fargo is the owner of the note and mortgage**
> **pursuant to assignment dated June 27, 2006**…". *See id.*, **Ex. 15** ¶2.

78.   Without filing a motion to lift the stay, it is undisputed that in the Feezer Declaration, Gina Feezer, also falsely swore under the *penalty of perjury* "…**the original Note was assigned only once from New Century to Wells Fargo, and there is only one indorsement which is by New Century in blank….**". *See id.*, **Ex. 12**, at Ex. A, ¶15.

79.   The Gina Feezer sworn declaration statements were patently false and contradicted the Trustee and Walker NCT Records which swore the New Century Mortgage Corporation records (i.e. Alanis mortgage records) were turned over to the NCT and in support,

provided Alanis in April 2016, her **authenticated Note held by the NCT with** *no indorsement*

**thereon**. *See id.*, **Ex. 25,** *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶¶ 5, 6, 8, 14).

80.    The Walker NCT Records also revealed that on May 17, 2006, New Century

Mortgage Corporation entered into written agreements to sell only an "interest" in the Alanis

mortgage loan to Barclays Bank, *not* Wells Fargo. *See id.*, **Ex. 25**.

81.    According to Alan Jacobs, all agreements and "Interests" in Notes were cancelled

August 1, 2008. *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

**IV.**
**ALANIS RESPONSE TO THE ALANIS LOAN LITIGATION**
**DURING THE NEW CENTURY BANKRUPTCY CASE**

82.    It is undisputed that Alanis executed a Note in favor of New Century Mortgage

Corporation on June 15, 2006 in the principal amount of $193,500 (the "Loan") as lender on a

loan secured by real property located in Bexar County, Texas (the "Real Property"). *See* Motion,

¶25, **Ex. 1**.

83.    It is undisputed the Note was secured by a *Deed of Trust* executed by Alanis which

was recorded in the public records of Bexar County, Texas under document number

20060146541 with New Century Mortgage Corporation identified as the "Beneficiary", *not*

Wells Fargo. (the "Deed of Trust" "DOT"). *See id.*, **Ex. 2.**

84.    It is undisputed that on September 15, 2006, New Century Mortgage Corporation

mailed Alanis a letter instructing her to remit her mortgage payments to their loan servicer

HomEq Servicing ("HomEq") and all of the terms in her mortgage instruments remained the

same except for the change of "loan servicer". *See id.*, **Ex. 3**. Wells Fargo swore in April 23,

2012 Interrogatories filed in Cause No. 2011-CI-02839 that the loan servicers **Homeq and**

**Ocwen** were *never* owners of the Alanis mortgage loan. *See id.*, **Ex. 15** ¶2.

85.    It is undisputed that pursuant to the April 2, 2007 New Century Mortgage Bankruptcy, the Alanis mortgage loan became the property of the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation and on August 1, 2008, the assets of New Century Mortgage Corporation were transferred to the New Century Liquidating Trust. *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.*, **Ex.  4.**

86.     It is undisputed that on July 15, 2008, a Plan was confirmed and on August 26, 2016, the Chapter 11 bankruptcy proceeding terminated.  *See id.*, **Ex.  4.**

87.    It is undisputed that through the Feezer Declaration, Declarant Feezer falsely swore under the penalty of perjury, Alanis was delinquent with her mortgage loan beginning with her "February 2010" loan payment. *See id.*, **Ex. 12**, at Ex. A, ¶10.

88.    Prior to Wells Fargo January 13, 2011 Acceleration by their debt collector law firm of Mackie Wolf Zientz & Mann, Alanis was fully compliant with her loan and there was no New Century Mortgage Corporation litigation alleging Alanis was delinquent with her loan agreement in any respect. *See id.*, **Ex. 8-9** and **Alanis** Affidavit., **¶ 24.**

89.    It is undisputed that on February 22, 2011, Alanis commenced litigation against Wells Fargo, Ocwen and other parties in the state court, Bexar County, Texas, Cause No. 2011-CI-02839 ("state court") challenging Well Fargo's efforts to foreclose on the Loan and the Real Property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation while she was *not delinquent* with her loan.

90.    Thereafter, the alleged nefarious acts of Wells Fargo surfaced in the state court during the pending New Century Mortgage Corporation bankruptcy case.  Wells Fargo knew about the New Century Mortgage Corporation in the state court and willfully violated the automatic stay and the November 20, 2009 Modified Order on stay and injunction to aid their fiction foreclosure and eviction scheme and control the property (i.e. Alanis mortgage loan)

belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. when they held no interest in the property (i.e. Alanis mortgage loan) and lacked standing at the time of acceleration and the Wells Fargo unlawful acts were at all times intentionally concealed from the Trustee and U.S. Bankruptcy Court to accomplish thier unlawful foreclosure eviction scheme which included but were not limited to:

a) Not filing a motion to lift the stay to conceal from the Trustee and U.S. Bankruptcy Court, the Wells Fargo unlawful control of property (i.e. Alanis mortgage loan) belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. when they held no interest in the property and lacked standing to foreclose;

b) Mailing Alanis a *Notice of Default with Intent to Accelerate* on December 8, 2010 when there was *no assignment* executed between **New Century Mortgage Corporation / New Century Liquidating Trust ("NCT")** and Wells Fargo or any other entity during the pending bankruptcy case **which deprived Wells Fargo of the requisite standing** to mail a notice of default to Alanis. *See id.*, **Ex. 12**, at Ex. A, ¶11;

c) Mailing Alanis a "January 13, 2011" *Notice of Acceleration and Notice of Foreclosure* when there was *no assignment* executed between **New Century Mortgage Corporation / New Century Liquidating Trust ("NCT")** and Wells Fargo or any other entity during the pending bankruptcy case **which deprived Wells Fargo of the requisite standing** to mail a notice of acceleration to Alanis. *See id.*, **Ex. 9**, *See Alanis* Affidavit, 24-28;

d) Filing an original counterclaim on August 11, 2014 in the state court and seeking a judgment for foreclosure when there was *no assignment* executed between **New Century Mortgage Corporation / NCT** and Wells Fargo or any other entity during the pending bankruptcy case **which deprived Wells Fargo of the requisite standing** to file a counterclaim; *See id.*, **Ex. 12**, at Ex. A, ¶12; *See id.*, **Ex. 11**, ¶5 and *Alanis* Affidavit., **¶31-33**;

e) **Wells Fargo 1st Sworn Assignment Date with New Century Mortgage**: Wells Fargo recorded in public records the fabricated "**February 2, 2011**" **Transfer of Lien** purportedly executed between Wells Fargo and New Century Mortgage Corporation one month *after* the Wells Fargo January 13, 2011 acceleration notice was mailed to Alanis using an extinguished unauthorized "2005" power of attorney, **which violated the Modified Confirmation Order requiring power of attorneys to be executed by the Liquidating Trust and deprived Wells Fargo of the requisite standing** to mail a January 13, 2011 notice of acceleration to Alanis. *See* Objections **¶ 11**, *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶4, 14 and Ex. A-3, *See id.*, **Ex. 9**, *See Alanis* Affidavit., **¶ 40-45, ¶ 44 (h)(i)**, *See id.*, **Ex. 14**, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14);

f) Wells Fargo executed a "**February 2, 2011**" **Transfer of Lien** using Ocwen employee Christina Carter as attorney in fact for New Century Mortgage Corporation without using a "Liquidating Trust" former New Century employee to execute the power of attorney as

required by the Trustee Alan Jacobs through his sworn testimony that only former New Century employees (*not* Ocwen employees) were authorized to handle all Trust matters. See Alanis Affidavit ¶59, *id.* **Ex. 27** (beginning at pg. 177).

g) Ocwen Manager Christina Carter continued making false sworn statements in the "**February 2, 2011**" **Transfer of Lien** when swearing to a fake "2011" address for the August 2008 liquidated Debtor New Century Mortgage Corporation described as (**1661 Worthington Rd., Ste 100, West Palm Beach, FL 33409**) and which was an Ocwen address and not the Debtor New Century TRS Holdings, Inc. address as stated in their bankruptcy petition (**18400 Von Karman Ave., Suite 1000, Irvine, CA, 92612**) which was a Wells Fargo scheme to direct all New Century Mortgage Corp. disputes back to an Ocwen address, and not the U.S. Bankruptcy Court or the New Century Liquidating Trust.

h) The Transfer of Lien purportedly executed between Wells Fargo and New Century Mortgage Corporation transferred nothing to Wells Fargo because it was executed with a nonexistent entity (New Century Mortgage Corporation) who liquidated and assigned all of their beneficial interest in assets to the New Century Liquidating Trust on the effective date of August 1, 2008 and thereafter, lacked existence, capacity and assets to assign to Wells Fargo in "February 2011". Modified Confirmation Order, ¶21, ¶17. *See* Alanis Affidavit, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶ ¶ 5, 6, 8, 14).

i) The Transfer of Lien purportedly executed between Wells Fargo and New Century Mortgage Corporation transferred nothing to Wells Fargo because the May 10, 2016 Donna Walker Declaration and attached authenticated and bates stamped Alanis mortgage records transferred from New Century Mortgage Corporation to the New Century Liquidating Trust on the effective date of August 1, 2008, contained a May 17, 2006 letter agreement where New Century Mortgage Corporation agreed to sell only an "interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo who was never in the Alanis chain of title. *See* Alanis Affidavit, *See id.*, **Ex. 25** (5.17.06 letter ¶ 11, Intention of Parties).

j) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...the total due under the terms of the Loan Agreement...was $356,834.09...". *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶13.

k) **Wells Fargo 2nd Sworn Assignment Date with New Century Mortgage :** Wells Fargo served Alanis responses to Interrogatories in April 2012 in the state court and swore to a different assignment date which was *not* the February 2, 2011 Transfer of Lien date. Wells Fargo falsely swore **the loan servicers were never owners** of the loan and Wells Fargo is the owner of the note and mortgage **pursuant to assignment dated June 27, 2006**...". *See id.*, **Ex. 15** ¶2;

l) **Wells Fargo 3rd Sworn Assignment Date with New Century Mortgage:** Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that Wells Fargo was assigned the loan on or about **October 31, 2006** which was a different assignment date without any evidence of the same. *See id.*, **Ex. 12**, at Ex. A, ¶9;

m) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that Ocwen Loan Servicing was the loan servicer. *See id.*, **Ex. 12**, at Ex. A, ¶4-6;

n) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that Alanis' defaulted under the terms of the Note and failed to remit a February 2010 loan payment and every month thereafter which created a fake default to aid Wells Fargo scheme to allege a fictitious 2010 default and 2011 acceleration. *See id.*, **Ex. 12**, at Ex. A, ¶10. Alanis mailed her 2010 loan payments to the loan servicers (Homeq and Ocwen) through USPS certified mail and secured money orders. *See id.*, **Ex. 8**, *See Alanis* Affidavit, ¶38-39;

o) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...the total due under the terms of the Loan Agreement...was $356,834.09...". *See id.*, **Ex. 12**, at Ex. A, ¶13;

p) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...**the original Note with the indorsement was held in the offices of Mackie Wolf Zientz & Mann, PC**..." and contradicted the Trustee and May 10, 2016 Declaration of Donna Walker where Declarant Donna Walker swore the Alanis records were transferred to the New Century Liquidating Trust on the effective date (August 1, 2008) not to Mackie Wolf Zientz & Mann, PC and where the Walker NCT Records provided to Alanis in April 2016, showed the Trust held the Alanis Note with *no indorsement* thereon. *See id.*, **Ex. 12**, at Ex. A, ¶15; *See id.*, **Ex. 25**; **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14);

q) Through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...**the original Note was assigned only once from New Century to Wells Fargo, and there is only one indorsement** which is by New Century in blank...." and contradicted the Trustee and May 10, 2016 Declaration of Donna Walker where Declarant Donna Walker swore the Alanis records were transferred to the New Century Liquidating Trust on the effective date (August 1, 2008) (not to Wells Fargo or Mackie Wolf Zientz & Mann, PC) and where the Walker NCT Records provided to Alanis in April 2016, showed the Trust held the Alanis Note with *no indorsement* thereon. *See id.*, **Ex. 12**, at Ex. A, ¶15; *See id.*, **Ex. 25**; **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14);

r) Wells Fargo attorney Mark D. Cronenwett also filed in a January 28, 2016 motion for summary judgment in state court, his November 5, 2015 Affidavit of Mark Cronenwett with an attached "Ex. B-1", a fabricated Alanis Note containing an unauthorized "Steve Nagy" indorsement thereon and swore "...**Attached hereto as Exhibit B-1 is a true and correct copy of a the original Adjustable Rate balloon Note ("Note") ....this copy has been made from the actual original Note, which is presently located in the offices of Mackie Wolf Zientz & Mann, PC**...". The "Ex. B-1" Alanis Note contradicted the May 23, 2012 sworn testimony of Alan Jacobs who swore "Steve Nagy" stamps on Notes after August 2008 were unauthorized. See Alanis Affidavit ¶59-62, *id.* **Ex. 26**, *id.* **Ex. 27** (beginning at pg. 177). The "Ex. B-1" Alanis Note also contradicted the Walker NCT Records which showed the Trust held the actual original Alanis Note with no indorsement thereon. *See* Alanis Affidavit, **Ex. 25**, See Alanis Affidavit ¶52-58.

s) Obtaining a state court March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo during the pending bankruptcy and in violation of the automatic stay which authorized Wells Fargo unlawful control over property belonging to the bankruptcy estate of New Century Mortgage Corporation, where they were identified as the "Beneficiary" in the Alanis Deed of Trust. *See* Alanis Affidavit, *See id.*, **Ex. 24.**

t) Altering the Deed of Trust terms when preparing the state court March 3, 2016 Order and concealed "New Century Mortgage Corporation" as the sole Beneficiary and falsely stating in the March 3, 2016 Order that Wells Fargo was the Beneficiary and first lien holder when they were not without a valid assignment from New Century Mortgage Corporation and/or NCT. *See id.*, **Ex. 24**, and *Alanis* Affidavit, **¶51.**

u) During the state court litigation, Alanis filed the undisputed securitization expert report of Daniel L. Castro who concluded the Alanis Note had PSA chain of title endorsement defects and was never securitized in the Wells Fargo Trust. He further concluded Wells Fargo, As Trustee, never owned a legal or equitable interest in the Alanis mortgage loan. *See* Alanis Affidavit, **Ex. 17,** *id.,* ¶49. Wells Fargo ignored the expert report and proceeded with their foreclosure eviction scheme.

v) During the state court litigation, Alanis discovered through the October 2015 Judges Notes, there were pervasive *ex parte* communications between Wells Fargo attorneys (Jeffrey Hiller and Mark Cronenwett) and multiple state court judges  collectively working in concert to repudiate the U.S. Bankruptcy Code and other laws to aid and abet the Wells Fargo nefarious foreclosure eviction scheme to take control of property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust, in violation of the automatic stay. *See* Alanis Affidavit, **Ex. 30,** *id.,* ¶66-68.

w) To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court when refusing to permit Alanis from admitting the Walker NCT Records in a May 24, 2016 plea to the jurisdiction hearing so no record could be made of the New Century Bankruptcy case and/or of the property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.  And with a trial court record containing no admitted exhibits, the court of appeals would be unable to enter any order on bankruptcy court jurisdiction. *See* Alanis Affidavit ¶ 63-68, *See id.*, **Ex. 28**, **Ex. 30.**

x) To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court by entering an October 13, 2015 Order on Wells Fargo Amended Special Exceptions which prohibited Alanis from challenging the Deed of Trust and "validity of the Transfer of Lien".  Therefore, Alanis was unable to present evidence in the state court there was property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust and to also prove, a broken chain of title which deprived Alanis due process. *See* Alanis Affidavit ¶ 51(a), *See id.*, **Ex. 22.**

91.    The Wells Fargo et al fraudulent concealment and other unlawful acts in the state court action in *Cause No. 2011-CI-02839* were conducted without filing a motion to lift the stay and were an intentional and willful violation of the November 20, 2009 Modified Order on stay and federal injunction and at all times, Wells Fargo lacked the requisite standing to file a claim and/or relief from the stay because they held no legal interest in the mortgaged property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation.

92.    During the state court litigation, Alanis contacted the New Century Liquidating Trust Trustee Alan Jacobs to apprise him of her pending state court litigation and requested copies of her mortgage loan records and all assignments.

93.    The Trust provided Alanis the May 10, 2016 Donna Walker Declaration with an attached copy of her authenticated and bates stamped New Century Mortgage Corporation loan file that was transferred to the New Century Liquidating Trust in August 2008. Among other records, the Trustee held the Alanis Note with no indorsement and a May 17, 2006 letter agreement executed between New Century Mortgage Corporation and Barclays Bank, where New Century Mortgage sold only an "interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo. (Walker NCT Records). There were no records of any assignment to Wells Fargo.

94.    The 9.25.15 Judges Notes that revealed the ex parte communications between the Wells Fargo attorneys and multiple judges also revealed the unlawful end game. To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court (Judge Noll) intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court by refusing to permit Alanis to admit her Walker NCT Records in the May 2016 plea to the jurisdiction hearing to show Wells Fargo was never in her chain of title and the U.S. Bankruptcy

31

Court had jurisdiction over property belonging to the estate of New Century Mortgage Corporation, who was identified as the sole beneficiary in the Alanis Deed of Trust. *See id.*, **Ex. 28** and *Alanis* Affidavit, **¶63-65.**

95.     It is undisputed that during the state court litigation, Wells Fargo filed no response to Alanis' May 2016 plea to the jurisdiction after Alanis served Wells Fargo copies of the "Walker NCT Records".

96.     To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court (Judge Saldana) also intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court by entering an October 13, 2015 Order on Wells Fargo Amended Special Exceptions which prohibited Alanis from challenging the Deed of Trust and "validity of the Transfer of Lien".   Therefore, Alanis was deprived due process when she was prohibited by court order from presenting evidence in the state court regarding property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust and to also prove, a broken chain of title. *See* Alanis Affidavit ¶ 51(a), *See id.*, **Ex. 22.**

97.     Therefore, the trial court never provided Alanis a full and fair opportunity to hear all matters to determine its jurisdiction and to avoid compliance with U.S. Bankruptcy laws (automatic stay) in order to retain unlawful jurisdiction to aid the Wells Fargo scheme, Alanis was denied due process.

98.     The state trial court and the Fourth Court of Appeals ignored Alanis' undisputed expert report and timely remitted certified by USPS mail 2010-2011 loan payments that never could have created a default and the court of appeals never considered the Walker NCT Records because the trial court refused to permit Alanis from admitting her New Century Liquidating

Trust mortgage records into the record during the May 2016 plea to the jurisdiction hearing in *Cause No. 2011-CI-02839*. *Alanis* Affidavit, **¶72-73, 63-65.**

99.    While it has been over four (4) years since the entry of the final decree and the closing of the Chapter 11 case, it is undisputed that Alanis has been able to discover the Wells Fargo willful violations with the automatic stay that deprived the state court of jurisdiction.

100.    Through her communications with Hahn & Hessen, LLP and NCT Liquidating Trustee Alan Jacobs, Alanis understood Wells Fargo was *never* in her chain of title.   ¶ **59-61.** And  as evidenced by the Walker NCT Records, not all of the Debtors' and Trust's records have been destroyed and said records can aid the Court in determining jurisdiction issues. See *Alanis* Affidavit, **¶52-56 Ex. 25**.

101.    At the Texas Supreme Court (Case No. 20-0803), Alanis filed a copy of her Affidavit filed in support of her motion to reopen the Chapter 11 cases with her *Petitioner's Response To Respondents' Motion To Dismiss And Re-Urges Motion To Invoke Disciplinary Action And Request Texas Attorney General Investigation,* Texas Supreme Court (Case No. 20-0803) and served the Wells Fargo attorneys on October 26, 2020. *Alanis* Affidavit, **¶92.**

102.    In her November 3, 2020 SurReply, Alanis also placed the high Court on notice of her motion to reopen and in par. No. 10 of their *Respondents' Reply In Support Of Their Motion To Dismiss For Want Of Jurisdiction,* Wells Fargo attorney Mark Cronenwett filed a response showing a flagrant and continued disregard for the U.S. Bankruptcy automatic stay as follows:

> "...Petitioner's remaining arguments in response are red herrings. **Her suggestion she will have New Century's bankruptcy case re-opened is absurd....**"

> The records can be reviewed at:
> **http://www.search.txcourts.gov/Case.aspx?cn=20-0803&coa=cossup**

## V.

## THE TEXAS BANKRUPTCY COURT PROCEEDINGS

103.    On October 17, 2020, Alanis filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of Texas (the "TX Bankruptcy Court") under Case No. 20-51774 (RBK) (the "TX Bankruptcy Case"). *See* TX BK ECF 1.

104.    On November 3, 2020, the TX Bankruptcy Court dismissed the TX Bankruptcy Case due to Alanis' "attorney" failure to timely file a Chapter 13 plan. *See* TX BK ECF 12.

105.    On December 3, 2020 the TX Bankruptcy Court heard Alanis' attorney (Jesse Blanco) motion to withdraw and admonished the attorney for filing incorrect documents.

106.    Alanis provided testimony that she fully complied with all of the attorney instructions and the attorney refused to make requested corrections before filing documents with the Court.

107.    Jesse Blanco advised the Court he mailed a letter on November 3, 2020 to the Texas State Bar and was voluntarily surrendering his law license.

108.    The Court has set a January 14, 2021 hearing on Alanis' motion to vacate the dismissal order and reinstate the TX Bankruptcy Case. Alanis is placing all parties on notice that she has a conflict with this Court's January 14, 2021 setting because it conflicts with her Tx. Bankruptcy case setting

## VI.

## DELAWARE BANKRUPTCY COURT PROCEEDINGS

109.    The Trustee has summarized the purpose of the Alanis motion to reopen as follows:  "…On October 30, 2020, after having fully litigated the issues in the TX State Court

and exhausted all possible avenues of state appellate relief, Alanis filed the instant Motion seeking this Court to reopen these Chapter 11 cases so Alanis can **"file an adversary proceeding to assert claims and seek damages against Wells Fargo and others working in concert with them"** for purportedly violating the automatic stay in these Chapter 11 cases by foreclosing on the Loan and, *inter alia*, compel Wells Fargo "to show a valid conveyance to the [] Note and Deed of Trust." *See* Motion, ¶158.

**VII.**

**LEGAL AUTHORITY ON OBJECTIONS**

110.    Alanis incorporates herein the previous paragraphs as stated for all purposes as though repeated in full verbatim.

111.    Among other things, the Trustee objects because no cause exists to reopen a bankruptcy case where the movant already had **a full and fair opportunity** to litigate its claims before another tribunal. *See, e.g., Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club, LLC)*, 431 B.R. 830, 835 (B.A.P. 8th Cir. 2010).

112.    As stated herein, Alanis has provided uncontroverted evidence that she *never* had a full and fair opportunity to litigate her claims when the state trial court in Cause No. 2011-CI-012839 refused to admit the Walker NCT Records in a May 2016 plea to the jurisdiction hearing and further refused to permit Alanis to make an offer of proof and where Wells Fargo filed no response or objections. *See* id., **Ex. 28** and *Alanis* Affidavit, **¶63-65.**

113.    As stated herein, Alanis has provided uncontroverted evidence that she *never* had a full and fair opportunity to litigate her claims when the trial court in Cause No. 2011-CI-012839 signed Wells Fargo 10.13.15 Order on Amended Special Exceptions one year before the entry of the March 23, 2016 foreclosure order and struck claims without permitting Alanis to amend

pleadings and ordered Alanis not to challenge the Deed of Trust or the "**VALIDITY OF THE TRANSFER OF LIEN**". *See* id., **Ex. 22** and *Alanis* Affidavit, **¶ 51(a).**

114.    The state court orders were predominantly prepared by the Wells Fargo attorneys for the trial courts to sign and provide patent proof, Wells Fargo knew their Transfer of Lien was in fact, an invalid and fabricated instrument when placing language in proposed court orders to prevent Alanis from addressing the transfer of lien and the corresponding New Century Mortgage Corporation bankruptcy case and property belonging to the bankruptcy estate of New Century Mortgage Corporation.

115.    As stated herein, Alanis has provided uncontroverted evidence that she never had a full and fair opportunity to litigate her claims when the trial court in Cause No. 2011-CI-02839 disregarded Alanis timely remitted certified by 2010 mail loan payments that Wells Fargo and their agents intentionally failed to post and where Declarant Feezer falsely swore in the Feezer Declaration *under the penalty of perjury,* that Alanis failed to remit a payment since "February 2010", which created a fake default for Wells Fargo to pursue an unlawful acceleration-foreclosure-eviction scheme in violation of the automatic stay and to control the property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation who was the identified Beneficiary in the Alanis June 2006 Deed of Trust, *not* Wells Fargo. *See* id., **Ex. 8** and *Alanis* Affidavit, **¶ 24,** *See id.,* **Ex. 12,** at Ex. A, ¶10.

116.    As stated herein, Alanis has provided uncontroverted evidence that she never had a full and fair opportunity to litigate her claims in the proper forum before the U.S. Bankruptcy Court to show Wells Fargo lacked the requisite standing to file a claim and/or relief from the stay because they held no legal interest in the mortgaged property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation when: 1) mailing Alanis a

Notice of Default in "December 2010", *See id.*, **Ex. 12**, at Ex. A, ¶11; 2) mailing Alanis a Notice

of Acceleration in "January 2011", *See id.*, **Ex. 9**, *See Alanis* Affidavit, 24-28; and 3) swearing

under the *penalty of perjury*, to "three" different assignment dates (i.e. June 27, 2006, October 31,

2006, February 2, 2011) without any valid assignment from the New Century Mortgage

Corporation and or the New Century Liquidating Trust *prior to* December 2010.

*See id.*, **Ex. 12**, at Ex. A, ¶ 9, 14 and Ex. A-3, **Ex. 15** (Interrog. 2), *Alanis* Affidavit **¶45.**

117.    As stated herein, the movant has provided uncontroverted evidence that she never

had a full and fair opportunity to litigate her claims in the proper forum before the U.S.

Bankruptcy Court to show the Wells Fargo attorneys (Jeffrey Hiller and Mark Cronenwett)

engaged in *ex parte* communications with state court judges designed to fix the Alanis state court

litigation on matters not yet set for hearing and to ignore the New Century Mortgage Corp.

bankruptcy case and the jurisdiction of the U.S. Bankruptcy Court pursuant to the automatic

stay; *See id.*, **Ex. 30** and *Alanis* Affidavit **¶66-68.**

118.    As stated herein, the movant has provided uncontroverted evidence that she never

had a full and fair opportunity to litigate her claims in the proper forum before the U.S.

Bankruptcy Court to show, Wells Fargo filed no response to Alanis' May 2016 plea to the

jurisdiction where Alanis served Wells Fargo copies of the "Walker NCT Records" and the state

trial court (Judge Noll) refused to permit Alanis to admit her Walker NCT Records in the May

2016 plea to the jurisdiction hearing to show Wells Fargo was never in her chain of title. *See id.*,

**Ex. 28** and *Alanis* Affidavit, **¶63-65.**

119.    As stated herein, the movant has provided uncontroverted evidence that she never

had a full and fair opportunity to litigate her claims in the proper forum before the U.S.

Bankruptcy Court to show the trial court March 3, 2016 foreclosure order in Cause No. 2011-CI-

02839 *never* considered the Wells Fargo violations of the automatic stay during the New Century bankruptcy and controlling property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation who was the identified Beneficiary in the Alanis June 2006 Deed of Trust, *not* Wells Fargo. *See id.*, **Ex. 24** and *Alanis* Affidavit, **¶51(c).**

120.    Alanis submits that Wells Fargo convinced the trial court and the court of appeals that they were the Beneficiary of the Alanis mortgage loan by fraudulently concealing and never disclosing their failure to file a motion to lift the stay. Alanis relied on the false representations of Wells Fargo and vigorously fought for close to ten years to defend and protect her property rights until she obtained a copy of the November 20, 2009 Modified Order in August 2020 and discovered the U.S. Bankruptcy Court federal injunction in connection with the automatic stay that deprived Wells Fargo and their agents of the fraudulent actions undertaken in the state court to control property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation (i.e. Alanis mortgage loan) and obtain a court order to unjustly enrich their bottom line from New Century loan compliant homeowners.

121.    As stated herein, the movant has provided uncontroverted evidence that she never had a full and fair opportunity to litigate her claims when she was never heard on her claims in the proper forum before the U.S. Bankruptcy Court and where the trial court in Cause No. 2011-CI-02839 lacked jurisdiction to enter a March 3, 2016 foreclosure order on Wells Fargo counterclaim in violation of the automatic stay which caused Alanis to be subject to paying Wells Fargo close to one million dollars. *Raymark Industries, Inc., Debtor-Appellant v. George Q. Lai*, 973 F.2d 1125, 1132 (3rd Cir. (1992), **(void judgment is one which, from its inception, was a complete nullity and without legal effect.....Here, the bankruptcy court has the power to vacate the decision of the California Court of Appeal dismissing Raymark's appeal because <u>actions taken in violation of the automatic stay are void ab initio).</u>**

122.    Therefore, addressing violations of the automatic stay is not a "second bite at the apple" in the bankruptcy court as the Trustee incorrectly concluded when the state court lacked jurisdiction to hear bankruptcy core proceeding matters (i.e. violations of the automatic stay) and prevented Alanis from having a full and fair hearing in the state trial court which was a denial of due process .

**A. Federal Rule Of Bankruptcy Procedure 9024, Which Incorporates Rule 60(b), Permits A Party To Seek Relief From A Void Judgment Or Order. (i.e. Violation Of The Stay, State Court Lack Of Jurisdiction And Void State Court Judgment)**

123.    The Trustee fails to address the Wells Fargo unlawful actions taken in violation of the automatic stay and November 20, 2009 Modified Order that could not validly serve as a basis for the entry of the state court March 3, 2016 foreclosure order against property belonging to mortgagee debtor New Century Mortgage Corporation who was the named Beneficiary in the June 2006 Deed of Trust and where the Alanis mortgage loan belonged to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation upon filing a voluntary Chapter 11 bankruptcy in April 2007.

124.    The Trustee has also rolled the dice and concluded in error,  that out of three different sworn assignment dates by Wells Fargo, the Transfer of Lien is a valid instrument. *See* Objections, ¶ 20.

125.    To wit, Wells Fargo mailed a "January 13, 2011" Notice of Acceleration to Alanis without any purported assignment from New Century Mortgage Corp. and/or the New Century Liquidating Trust, and therefore, they never held an interest in the Alanis mortgage loan and lacked the requisite standing to accelerate. [15]  Without being assigned the Alanis mortgage loan,

---

[15] Standing "is a threshold jurisdictional requirement, derived from the `case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). A plaintiff must establish standing in order for the court to possess jurisdiction. *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v.*

Wells Fargo suffered no injury and lacked standing to accelerate and control property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation. *See id.*, **Ex. 9**, *See Alanis* Affidavit, ¶ 24-28

126. The fabricated "February 2, 2011" Transfer of Lien was purportedly executed one month after the January 13, 2011 acceleration between a nonexistent entity (New Century Mortgage Corporation) and Wells Fargo (not the New Century Liquidating Trust As Successor to New Century Mortgage Corporation), two years *after* New Century Mortgage Corp. turned over all beneficial interest in their assets to the New Century Liquidating Trust in "August 2008" and had no assets to assign in 2011. Therefore, because Wells Fargo received no assets from the fatally defective transfer of lien assignment, they suffered no injury and lacked standing to accelerate. *See id.*, **Ex. 12**, at Ex. A, ¶ ¶ 9, 14 and Ex. A-3, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

127. The state court March 3, 2016 Final Judgment in Cause No. 2011-CI-02839 is *void ab initio* because Wells Fargo never held a valid interest between April 2007 and August 2016, in property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation. *See id.*, **Ex. 4.**

128. Because the Walker NCT Records provided to Alanis in April 2016 contained no records of any assignment executed between New Century Liquidating Trust As Successor to New Century Mortgage Corporation and/or New Century Mortgage Corporation and Wells Fargo, Wells Fargo held no interest in the Alanis mortgage loan at the time of their January 13, 2011 acceleration of the Alanis Note. *See id.*, **Ex. 25**, *See Alanis* Affidavit, ¶ 52-58.

---

*Defenders of Wildlife,* 504 U.S. 555, 560 (1992). **First, the plaintiff must have suffered an injury in fact** that is (a) concrete and particularized, and (b) actual or imminent rather than conjectural or hypothetical. *Id.* Second, the injury must be fairly traceable to the defendant. *Id.* Third, and finally, it must be likely, rather than speculative, that the injury will be redressed by a favorable decision. *Id.* at 561.

129.    As further proof of the same, the Walker NCT Records, provide patent proof that on May 17, 2006, only an "interest" in the Alanis mortgage loan was sold by New Century Mortgage Corp. to Barclays Bank, *not* Wells Fargo. *See id.*, **Ex. 25**, May 17, 2006 Letter Agreement ¶ 11 *See Alanis* Affidavit, ¶ 60-62. Therefore, Wells Fargo was never in the Alanis chain of title.

130.    It is undisputed that Wells Fargo falsely swore *under the penalty of perjury* to three different assignment dates in the state court Cause No. 2011-CI-02839. *See id.*, **Ex. 12**, at Ex. A, ¶ 9, 14 and Ex. A-3, **Ex. 15** (Interrog. 2), *Alanis* Affidavit ¶**45.**

131.    It is also undisputed that Wells Fargo filed the 1.11.16 Declaration of Gina Feezer in a 1.28.16 summary judgment proceeding in state court Cause No. 2011-CI-02839 (Feezer Declaration) and Declarant Feezer falsely swore *under the penalty of perjury* "…**the original Note was assigned only once from New Century to Wells Fargo, and there is only one indorsement which is by New Century in blank….**". *See id.*, **Ex. 12**, at Ex. A, ¶15.

132.    The Declarant Feezer statements were patently false and contradicted the Walker NCT Records and the Walker Declaration where Donna Walker swore the New Century Mortgage Corporation records (i.e. Alanis mortgage loan) were transferred to the NCT and where NCT provided Alanis in April 2016, her authenticated New Century mortgage records which included her authenticated Note with *no indorsement* thereon. *See id.*, **Ex. 25,** *Alanis* Affidavit ¶**52-56.**

133.    The Declarant Feezer statements were patently false and also contradicted the August 8, 2008 Affidavit of Alan M. Jacobs In Support of Objections To Motion To Stay Confirmation Order Pending Appeal filed in the U.S. Bankruptcy Court For The District of Delaware, where Alan Jacobs also swore that on the effective date of the Plan (i.e. August 1,

2008), all assets of the Debtors were distributed to the Trust. *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶ ¶ 5, 8).

134.    The February 2, 2011 Transfer of Lien was purportedly executed between Wells Fargo and "New Century Mortgage Corporation" after New Century Mortgage assigned all of their assets to the NCT in "August 2008" and lacked capacity and assets to assign to Wells Fargo in "2011". Therefore, Wells Fargo received no assets and suffered no injury. *See id.*, **Ex. 12**, at Ex. A, ¶ 9, 14 and Ex. A-3, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

135.    Further, on the face of the February 2, 2011 Transfer of Lien, the power of attorney identified **Ocwen Loan Servicing, LLC, By Account Manager Christina Carter as the New Century Mortgage Corporation "Attorney In Fact"**, *not* the Liquidating Trust.

136.    The February 2, 2011 Transfer of Lien was purportedly executed between Wells Fargo and New Century Mortgage Corporation (not the New Century Liquidating Trust As Successor To New Century Mortgage Corporation) using an extinguished **"March 2, 2005"** *notarized* **power of attorney** that *predated* the April 2007 New Century Mortgage bankruptcy petition. *See id.*, **Ex. 14**, *See Alanis* Affidavit, ¶ 44 (h)(i), *See id.*, **Ex. 4.**

137.    The extinguished power of attorney *notarized* on **"March 2, 2005"** and appearing on the face of the February 2, 2011 Transfer of Lien, *predated* the New Century Mortgage Corporation April 2007 petition date and provided patent proof, the Transfer of Lien was never authorized and *executed* by the Liquidating Trust on or after "November 20, 2009" as court ordered through the Modified Confirmation Order which stated in relevant part:

> "...with respect to mortgage loans purchased from one or more of the Debtors prior to or subsequent to the Petition Date, **the Liquidating Trust shall execute, upon written request, and at the expense of the requesting party, any powers of attorney as shall be prepared by the**

**requesting party and reasonably satisfactory to the Liquidating Trustee, as applicable, necessary to fully effectuate the transfer of such loan** or otherwise to effect the appropriate transfer of record title or interest in such loan… **provided, however, that the party making the requests presents evidence reasonably satisfactory to the Liquidating Trustee, as the case may be, of the validity of the transfer being effectuated and that the loan being transferred was purchased from the applicable Debtor; …"**

*See* Objections, ¶ 11

138.    The Transfer of Lien was a notable fabrication because it did not comply with the Modified Order which authorized only the Liquidating Trust "to execute" any powers of attorney, not Ocwen Loan Servicing or their Account Manager, Christina Carter. Therefore, Wells Fargo was assigned zero assets through the February 2, 2011 Transfer of Lien.

139.    Without being assigned any assets, Wells Fargo suffered no injury and lacked standing to accelerate and file a counterclaim for foreclosure to control property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation where they were identified as the "Beneficiary" in the Alanis Deed of Trust. *See id.*, **Ex. 9,** *See id.*, **Ex. 11** ¶ 5**.**

140.    Further, after New Century Mortgage Corporation was liquidated in August 2008 and transferred all of their assets to the NCT on the same day, New Century Mortgage Corporation became a nonexistent entity and lacked capacity to assign any asset to Wells Fargo in "2011" and Wells Fargo never acquired any asset or interest in the Alanis mortgage loan and suffered no injury.    Therefore, in connection with the Wells Fargo acceleration and live counterclaim for foreclosure, the state court acquired jurisdiction over no one, and its March 3, 2016 judgment on Wells Fargo counterclaim for foreclosure determined nothing and is a nullity. *See id.*, **Ex. 11** ¶ 5, *See Alanis* Affidavit, ¶ 31-33.

141.    Therefore, the March 3, 2016 order on Wells Fargo counterclaim for foreclosure in Cause No. 2011-CI-02839 was entered by a state court lacking jurisdiction and in violation of the automatic stay and is *void ab initio. See id.*, **Ex. 24,** *See id.*, **Ex. 11** ¶ 5.

142.    Courts have held that **relief from the automatic stay is prerequisite to proceeding with hearing on confirmation of foreclosure sale.** *Merrill Lynch Credit Corp. v. King*, 255 B.R. 388, 2000 U.S. Dist. LEXIS 16681, 2000 WL 1694053. The Trustee has provided no evidence of the Wells Fargo compliance with the automatic stay and the Walker NCT Records provided to Alanis in April 2016, contained no assignments from New Century Mortgage Corporation or the NCT to Wells Fargo.

143.    Filing a petition under any chapter of the Bankruptcy Code triggers imposition of an automatic stay by the bankruptcy court under section 362, which provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
>> (1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .
>> . . . .
>> (3)    **any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]**
>> 11 U.S.C. § 362(a)(1), (3).

144.    The filing of a petition for relief automatically stays all acts against a debtor **and against property of the estate.** See 11 U.S.C. § 362(a). Upon the filing of a bankruptcy petition, an estate is created which includes all legal and equitable rights of the bankruptcy debtor as well as those interests recovered or recoverable through transfer and lien avoidance provisions. 11 U.S.C.S. § 541. **The stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the**

proceedings stayed are aware that a petition has been filed. *See NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa. 1988); *In re Boston Business Machines,*87 B.R. 867, 870 (Bankr.E.D.Pa.1988). Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986). **Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.** *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th Cir.1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986). **The bankruptcy court may provide relief upon request of "a party in interest" and after notice and a hearing.** *See* 11 U.S.C. § 362(d). The court grants relief "by terminating, annulling, modifying, or conditioning the stay." *Id*

145.    Additionally, § 362 operates as an injunction against interference with the Bankruptcy Court's jurisdiction over petitioning debtors. *In re Stonegate Security Services, Ltd.,* 56 B.R. 1014, 1019 (N.D. Ill. 1986). **Thus both the powers of the Bankruptcy Court and the interests of the debtor are implicated by the automatic stay provision.**

146.    **Actions taken in violation of an automatic stay are void,** *Kalb v. Feuerstein,* 308 U.S. 433, 438, 84 L. Ed. 370, 60 S. Ct. 343 (1940) ("the action of the ... Court was not merely erroneous but was beyond its power, void, and subject to collateral attack"); *See also In re Ward,* 837 F.2d 124, 126 (3d Cir.1988) **(sheriff's sale conducted in violation of the stay is "void and without effect", citing *Kalb*)**; *Matter of American Central Airlines, Inc.,* 52 B.R. 567, 569 (Bankr. N.D. Iowa 1985); *In re Victoria Grain Co. of Minneapolis,* 45 B.R. 2, 6-7 (Bankr. D. Minn. 1984) (citing thirteen cases in accord), regardless of whether the creditor knew of the bankruptcy

petition that affected the stay, *In re Ellis,* 66 B.R. 821, 823 (N.D. Ill. 1986); *Rhyne v. Cunningham,* 59 B.R. 276, 278 (Bankr. E.D. Pa. 1986).

147.    Other cases among the many holding that **judicial acts in violation of the automatic stay are void,** are these: *In re Advent Corp.,* 24 B.R. 612 (1st Cir.Bankr.1982); *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir.), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1987); *In re Smith,* 876 F.2d 524, 526 (6th Cir.1989); *In re Shamblin,* 890 F.2d 123, 125 (9th Cir.1989); *Ellis,* 894 F.2d at 372; *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984); *In re Joyce Purnell,* 92 B.R. 625 (Bankr.E.D.Pa.1988); *In re Clark,* 69 B.R. 885, 891, *vacated in part on other grounds,* 71 B.R. 747 (Bankr.E.D.Pa.1987); *In re A.I.A. Industries, Inc.,* 75 B.R. 1013, 1021 n. 5 (Bankr.E.D.Pa. 1987); *In re Fasgo, Inc.,* 58 B.R. 99, 100 (Bankr. E.D.Pa.1986); *In re Marta Group, Inc.,* 33 B.R. 634, 639 (Bankr.E.D.Pa.1983).

148.    In *Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194, 1206 (3d Cir. 1991), the Court held that "...**Holding that judicial acts and proceedings in violation of the automatic stay are void** *ab initio* **is consistent with the stay's function of "enabl[ing] the bankruptcy court to decide whether it will exercise its power under section 502(b) of the Bankruptcy Code to establish the validity and amount of claims against the debtor** or allow another court to do so, thereby preventing a `chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986),quoting *In re Holtkamp,* 669 F.2d 505 (7th Cir.1982)...."

149.    Similarly, in *Raymark Industries, Inc., Debtor-Appellant v. George Q. Lai,* 973 F.2d 1125, 1132 (3rd Cir. (1992), the court held that a federal bankruptcy court may intervene only when the actions taken in violation of the automatic stay are *void ab initio* as follows:

"...A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. **A void judgment is one which, from its inception, was**

**a complete nullity and without legal effect**. In the interest of finality, the concept of void judgments is narrowly construed. Id. at 52 (citation omitted) (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972) (footnote omitted))....**Here, the bankruptcy court has the power to vacate the decision of the California Court of Appeal dismissing Raymark's appeal because <u>actions taken in violation of the automatic stay are void ab initio</u>. See Kalb v. Feuerstein, <u>308 U.S. 433</u>, 438-40, 60 S. Ct. 343, 345-46, 84 L. Ed. 370 (1940); In re Ward, 837 F.2d 124, 126 (3d Cir. 1988). "Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests."** In re James, 940 F.2d at 52..." [16]

150.    The Supreme Court's holding in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983) compels the conclusion that **a creditor who has possession of property in which a debtor has an interest at the time a bankruptcy petition is filed has an obligation to immediately return the property to the debtor's estate upon receiving notice of the petition**. *See Id.* at 205 (explaining that **the estate includes property in which the debtor could have had a possessory interest on the date the petition was filed, including property not in the debtor's possession on the date of the petition). Property of the estate under 11 U.S.C. § 541 includes property made available to the estate under § 542(a). This section requires an entity that has possession of a debtor's property to turn the property over to the trustee.** As observed by the bankruptcy court in *Weber v. SEFCU*, 477 B.R. 308 (Bankr. N.D.N.Y. 2012), this interpretation of the Supreme Court's holding in *Whiting Pools* has been adopted by the majority of appellate courts to address the issue. *Id.* at 312 (citing *Thompson v. Gen. Motors Acceptance Corp. LLC*, 566 F.3d 699, 703 (7th Cir. 2009); *In re*

---

[16] The filing of a bankruptcy petition under Chapter 11 of the Bankruptcy Code creates a bankruptcy estate "consisting of all property in which the debtor holds an interest" and implements the automatic stay to preclude efforts to obtain or disburse property of the estate. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532 (3d Cir. 1999). In addition, **any act to obtain property or exercise control over property of the estate**, or to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case" **constitutes a violation of the automatic stay**. 11 U.S.C. §§ 362(a)(3) and (6). The stay is in effect until a court orders it vacated, until a court grants or denies a discharge, or until a case is closed or dismissed. *In re Hawk*, <u>314 B.R. 312, 314</u> (Bankr. D.N.J. 2004) (citations omitted).

*Yates,* 332 B.R. 1, 4-5 (B.A.P. 10th Cir. 2005); *In re Sharon,* 234 B.R. 676, 681 (B.A.P. 6th Cir. 1999); *State of California v. Taxel (In re Del Mission),* 98 F.3d 1147, 1151 (9th Cir. 1996); *In re Knaus,* 889 F.2d at 775).

151.    **The general principle is that any creditor action taken in violation of an automatic stay is void** *ab initio.* **See** *Maritime Electric Co. v. United Jersey Bank,* **959 F.2d 1194, 1206 (3d Cir. 1991).**   In *In re Ford,* 188 Bankr. 523, 526 (Bankr. E.D. Pa. 1995), the Court reviewed concurrent jurisdiction of bankruptcy courts and state courts in reference to issues relevant to the effect of the bankruptcy stay and held as follows:

> **"relief from the [automatic] stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case."** *Constitution Bank v. Tubbs,* 68 F.3d 685 [,691] (3d Cir. 1995). *Accord, Gibbs v. Housing Authority of City of New Haven,* 76 Bankr. 257, 263 (D. Conn. 1983); and *Labat v. Bank of Coweta,* 218 Ga. App. 187, 460 S.E.2d 831, 834 (1995). This rule of law is logical, **because no other court should generally interfere with the bankruptcy estate while the bankruptcy case is pending in bankruptcy court and the automatic stay would otherwise remain fully applicable.** . . .

152.    Section 362(k)(1) of the Bankruptcy Code provides for actual damages upon injury from a "willful violation" of an automatic stay. See 11 U.S.C. § 362(k)(1). The Third Circuit has held that:

> A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.

> Whether the party believes in good faith that it had a right to property is not relevant to whether the act was 'willful' or whether compensation must be awarded.

> *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp).,* 901 F.2d 325, 329 (3d Cir. 1990) (quoting *In re Bloom,* 875 F. 2d 224, 227 (9th Cir. 1989)).

153.    Alanis has provided evidence Wells Fargo was at all times aware of the New Century Mortgage Corporation bankruptcy case and willfully and intentionally sought to repudiate the bankruptcy laws with impunity. *See id.*, **Ex. 18, Ex. 19, Ex. 20, Ex. 21.**

154.    To achieve the end game, Wells Fargo engaged in a sophisticated methodical foreclosure -eviction scheme to control property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

155.    Part of the Wells Fargo scheme was to conceal their unlawful acts of controlling and stealing property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor New Century Mortgage Corporation from the NCT, Trustee and U.S. Bankruptcy Court by intentionally not filing a motion to lift the stay.

156.    Instead, as evidenced by the 9.25.15 Judges Notes which were only faxed to Wells Fargo attorneys, Wells Fargo chose to willfully violate the automatic stay federal injunction and engage in *ex parte* communications with select state court judges to fix the Alanis litigation on matters not yet set for hearing and further convince the state court judges to disregard the U.S. Bankruptcy laws, maintain unlawful jurisdiction, not admit in any state court proceeding the Walker NCT Records providing evidence of the pending New Century bankruptcy case, enter orders prohibiting Alanis from challenging the Deed of Trust identifying New Century Mortgage as the "Beneficiary" and (which Alanis executed) and prohibit Alanis from challenging the "validity of the Transfer of Lien" to ensure Wells Fargo could obtain a foreclosure and eviction order which would increase the Wells Fargo  bottom line, not New Century's estate. *See id.*, **Ex. 30**, *See Alanis* Affidavit, ¶ 66-68.

157.    The state court lacked jurisdiction to hear any matters in connection with property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation

(i.e. Alanis mortgage loan) during the federal automatic stay injunction that became effective on or about April 2007 and terminated on or about August 2016.

158.   The appropriate forum to hear matters on controlling property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation in violation of the automatic stay was the U.S. Bankruptcy Court.   Therefore, the March 3, 2016 state court foreclosure order entered in Cause No. 2011-CI-02839 was a nullity because actions taken in violation of the automatic stay are void ab initio. See Kalb v. Feuerstein, 308 U.S. 433, 438-40, 60 S. Ct. 343, 345-46, 84 L. Ed. 370 (1940); In re Ward, 837 F.2d 124, 126 (3d Cir. 1988).

159.   The Third Circuit Court of Appeals has observed that a bankruptcy court may enjoin a pending state action that violates the automatic stay. *Raymark Indus., Inc.*, 973 F.2d at 1132 (citing *In re James*, 940 F.2d at 52).

160.   Rule 60(b)(6) vests a court with authority to vacate a judgment when such action is appropriate to accomplish justice. *See Klapprott v. U.S.,* 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Relief from judgment pursuant to Rule 60(b)(6) is extraordinary relief and may be granted only upon a showing of exceptional circumstances. *See In re Fine Paper Antitrust Litigation,* 840 F.2d 188, 194 (3d Cir.1988).

161.   A void judgment may be attacked at any time, regardless of statute of limitations and other deadlines. *See, e.g., United States v. One Toshiba Color TV.,* 213 F.3d 147, 157 (3d Cir.2000) (noting that **if a final judgment is void, "no passage of time can transmute [it] into a binding judgment" and further stating that "a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought"**).

162.   The Court in *Armstrong v. Burdette Tomlin Memorial Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006) held that "...**A judgment rendered by a court that lacked subject matter jurisdiction**

**is void**. .... "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered `a decree which is not within the powers granted to it by the law.'" 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)); see also 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER& MARYKAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 2006) (noting that "[a] judgment is not void merely because it is erroneous. **It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.").**

163.    **A judgment will be rendered void** for lack of subject matter jurisdiction only where there is a `total want of jurisdiction' **or `in the rare instance of a clear usurpation of power**." *U.S. v. Zimmerman,* 491 F. App'x 341, 344 (3d Cir. 2012) (citation omitted).


**B.    There Is A Basis To Reopen These Chapter 11 Cases Because Alanis Is Not Barred From Asserting Disputed Claims That Were Never Fairly And Fully Litigated in State Court**

164.    For the reasons stated in the previous paragraphs and incorporated herein by reference for all purposes, the Trustee ignores jurisdictional prerequisites and the fraudulent acts of Wells Fargo and their agents to procure an unlawful state court judgment in violation of the U.S. Bankruptcy laws and November 20, 2009 Modified Order.    The Trustee incorrectly concludes that "...Alanis admits (as she must) that the Disputed Claims have already been fully and finally litigated in the TX State Court and a Final Judgment as to the transfer of the Loan and Wells Fargo's standing to foreclose upon the Loan has been rendered against her. *See id.,* ¶76(c) (TX State Court "granted Wells Fargo summary judgment on their counterclaim for foreclosure and ... identified Wells Fargo as the 'Beneficiary of the Deed of Trust representing a valid and first lien on the [Real] Property'")...."

165.    Alanis' bill of review is currently pending at the Texas Supreme Court (Case No. 20-0803).

166.    Alanis re-urges jurisdictional defects where the state court lacked jurisdiction to hear any matters and enter a March 3, 2016 order on Wells Fargo counterclaim for foreclosure in connection with property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation (i.e. Alanis mortgage loan) during the federal automatic stay injunction that became effective on or about April 2007 and terminated on or about August 2016. *See id.*, **Ex. 4**, *See id.*, **Ex. 24**, *See id.*, **Ex. 11**, ¶ 5.

167.    The appropriate forum to hear matters on property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation in violation of the automatic stay was the U.S. Bankruptcy Court.  Therefore, the March 3, 2016 state court foreclosure order entered in Cause No. 2011-CI-02839 was a nullity because actions taken in violation of the automatic stay are void ab initio. See Kalb v. Feuerstein, 308 U.S. 433, 438-40, 60 S. Ct. 343, 345-46, 84 L. Ed. 370 (1940); In re Ward, 837 F.2d 124, 126 (3d Cir. 1988).

168.    The Third Circuit Court of Appeals has observed that a bankruptcy court may enjoin a pending state action that violates the automatic stay. *Raymark Indus., Inc.*, 973 F.2d at 1132 (citing *In re James*, 940 F.2d at 52).

## C.  The Rooker-Feldman Doctrine

169.    The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments" from seeking relief from the judgment from an inferior federal court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). In order for the *Rooker-Feldman* to apply, the following requirements must be met:

(1) the federal plaintiff lost in state court;

(2) **the plaintiff complain[s] of injuries caused by [the] state-court judgments;**

(3) those judgments were rendered before the federal suit was filed; and

(4) **the plaintiff is inviting the district court to review and reject the state judgments.**

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d at 166. The *Rooker-Feldman* doctrine applies to federal bankruptcy courts as well as district courts. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *In re Ogilvie*, 533 B.R. 460, 465 (Bankr. M.D. Pa. 2015).

170.    If a federal bankruptcy court were to intervene in a state court judgment, it could do so if the state proceedings were void ab initio; a void judgment being one which from its inception was a complete nullity and without legal effect. In re James, 940 F.2d 46, 52 (3d Cir. 1991).

171.    The Rooker-Feldman doctrine, "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of judgments."[Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

172.    The Trustee all but admits Alanis is not seeking a review and rejection of the state court judgment when stating that "…On October 30, 2020, after having fully litigated the issues in the TX State Court and exhausted all possible avenues of state appellate relief, **Alanis filed the instant Motion seeking this Court to reopen these Chapter 11 cases so Alanis can "file an adversary proceeding to assert claims and seek damages against Wells Fargo and others working in concert with them" for purportedly violating the automatic stay in these Chapter**

11 cases by foreclosing on the Loan and, *inter alia*, compel Wells Fargo "to show a valid

conveyance to the Note and Deed of Trust." *See* Objections, ¶31.

173.    The court in *Zaid v. DiSante (In re Zaid)*, 582 B.R. 370, 2018 Bankr. LEXIS 618, 65

Bankr. Ct. Dec. 95 distinguished **complaints about state court judgments and complaints about**

**the acts of Defendants** and has held that:

> "...For Rooker -Feldman to apply, the plaintiff must be complaining of injuries caused by the
> state court judgment, as opposed to injuries caused by the defendant's actions. "The critical task is
> thus to identify those federal suits that profess to complain of injury by a third party, but actually
> complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or
> left unpunished by it." Id. at 167 (quotations omitted)....**an action is not barred by Rooker -**
> **Feldman if the injury was caused by the defendant's actions** and not by the state court
> judgment....**The court favorably cited *McCormick v. Braverman*, 451 F.3d 382, 384 (6th Cir.**
> **2006), a case in which a plaintiff asserted that the defendants engaged in fraud and**
> **misrepresentation in state court proceedings that interfered with her ownership of real**
> **property. In McCormick, the Sixth Circuit determined that the claim that the defendants**
> **procured the state court judgment through fraud and misrepresentation and abused the**
> **state court process (in various ways) was an injury independent of the judgment.** "Even
> though the injuries of which the plaintiff complained helped to cause the adverse state judgments,
> these claims were 'independent' because they stemmed from some other source of injury, such as
> a third party's actions." Great Western Mining & Mineral Co., 615 F.3d at
> 168 (quoting McCormick, 451 F.3d at 393) (quotations omitted)...."

174.    However, Courts have held the application "of the Rooker -Feldman doctrine in

bankruptcy is limited by the separate jurisdictional statutes that govern federal bankruptcy

law." *In re Sasson,* 424 F.3d 864, 871 (9th Cir. 2005). As such,**[t]he Rooker -Feldman doctrine**

**has little or no application to bankruptcy proceedings that invoke the substantive rights**

**under the Bankruptcy Code or that,** by their nature, could arise only in the context of a federal

bankruptcy case. *Id.* Further, as the court stated in *In re Ehmke,* 2006 U.S. Dist. LEXIS 47995,

2006 WL 1994904 at *5 (E.D.N.Y. July 14, 2006):

> "...**Rooker -Feldman has never had much impact in bankruptcy cases. Congress'**
> **power under Article I of the Constitution to enact uniform bankruptcy laws such**
> **as the Bankruptcy Code necessarily means that state court judgments will be**
> **treated differently,** with less or even no effect, then they would be treated in state
> court. This is not regarded as "second-guessing" the merits decided by the state court,

which is all that Rooker -Feldman seeks to prevent. **It is merely a necessary incident of enforcing the provisions on the Bankruptcy Code....**"

175.    In *In re Knapper,* 407 F.3d 573, 583 n.22 (3d Cir. 2005), the Court of Appeals has highlighted the broad jurisdiction of bankruptcy courts to discharge state court judgments as follows:

> "...In apparent contradiction to Rooker -Feldman theory, **bankruptcy courts are empowered to avoid state judgments,** *see, e.g.,* 11 U.S.C. §§ 544, 547, 548, 549; to modify them, *see, e.g.,* 11. U.S.C. §§ 1129, 1325; **and to discharge them,** *see, e.g.,* 11 U.S.C. §§ 727, 1141, 1328 . . . . Thus, **final judgments in state courts are not necessarily preclusive in United States bankruptcy courts. Indeed, the rule has long stood that a state court judgment entered in a case that falls within the federal court's exclusive jurisdiction is subject to collateral attack in the federal courts.** *Id.* (citations omitted) (emphasis added); *see also Sasson,* 424 F.3d at 871 ("[i]n the exercise of federal bankruptcy power, bankruptcy courts may avoid state court judgments in core bankruptcy proceedings, . . . may modify judgments . . . and may discharge them").

176.    The Court in *Great Western Mining & Mineral* Co., *v. Fox Rothschild* LLP, 615 F.3d 159, 166 (3d Cir. 2010) explained that ***Rooker-Feldman* is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court."** *Id.* If the matter was previously litigated, as long as the "federal plaintiff `present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (quoting *GASH Assocs. v. Rosemont,* 995 F.2d 726, 728 (7th Cir.1993)) (further citation omitted)....**when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent,** even if it asks the federal court to deny a legal conclusion reached by the state court...**When, however, a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal**

**jurisdiction.** *See, e.g., Coles v. Granville,* 448 F.3d 853, 859 (6th Cir.2006); *Davani v. Va. Dep't of*

*Transp.,* 434 F.3d 712, 719 (4th Cir.2006)...."

177.    To illustrate the distinction between an injury caused by a third party and an

injury produced by a state-court judgment, the  Court in *Great Western, id.,* at 615 F.3d 159 at

171-73, also cited *Nesses v. Shepard,* 68 F.3d 1003 (7th Cir. 1995).   Great Western alleged an

extensive conspiracy among Rutter, numerous attorneys, and various state-court judges to

engineer Great Western's defeat in state court.   In *Nesses,* the federal plaintiff alleged that his

losses in state court stemmed from a conspiracy among the judges and the lawyers involved in

the case. The Great Western Court held as follows:

> **Great Western claims that "people involved in the decision violated some
> independent right," that is, the right to an impartial forum.** *Nesses,* 68 F.3d at
> 1005. **The alleged agreement to reach a predetermined outcome in a case would
> itself violate Great Western's constitutional rights, independently of the
> subsequent state-court decisions.** *See Marshall v. Jerrico, Inc.,* 446 U.S. 238,
> 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980) (**"The Due Process Clause entitles a
> person to an impartial and disinterested tribunal in both civil and criminal
> cases."). "[B]ecause [Great Western's] claim for damages is based on an alleged
> independent violation of [its] constitutional rights," the source of Great
> Western's purported injury was the actions of Defendants and members of the
> Pennsylvania judiciary, not the state-court decisions themselves.** *Brokaw,* 305
> F.3d at 667. **"It was this separate constitutional violation which caused the
> adverse state court decision" and the injury to Great Western.** *Id.;
> accord McCormick,* 451 F.3d at 392. **Thus, as the state-court judgments were not
> themselves the cause of Great Western's alleged injuries, the** *Rooker-Feldman*
> **doctrine did not deprive the District Court of jurisdiction over Great Western's
> claims.**

178.    *As Stated Herein, The Federal Plaintiff Lost In State Court:* Due to the pervasive

fraudulent acts of Wells Fargo and their agents to contaminate the judicial proceedings through

the filing of fabricated records and engaging in *ex parte* communications (See Judge Saldana

Judges Notes) resulted in an impartial tribunal that refused to admit the Walker NCT Records in

a May 2016 plea to the jurisdiction hearing, entered a October 2015 order prohibiting Alanis

from challenging the Deed of Trust and "validity of the Transfer of Lien" and refusing to

relinquish jurisdiction to the U.S. Bankruptcy Court when being presented with the Walker NCT Records in a May 2016 plea to the jurisdiction proceeding ultimately denied Alanis guaranteed constitutional rights including due process and she lost in the trial court.

179. *As Stated Herein, The Federal Plaintiff Does Not Complain Of Injuries Caused By [The] State-Court Judgment:* Alanis is complaining of the pervasive fraudulent acts of Wells Fargo and their agents that were used to procure a void state court judgment in violation of U.S. Bankruptcy stay and injunction and the November 20, 2009 Modified Order.

180. *As Stated Herein, The State Court Judgment Was Rendered On March 3, 2016:* During the pending bankruptcy proceeding of New Century Mortgage Corporation between April 2007 and August 2016 and before the federal suit was filed, the state court entered a void March 3, 2016 order on Wells Fargo counterclaim for foreclosure during the period the U.S. Bankruptcy Court had exclusive jurisdiction over all New Century Mortgage bankruptcy matters and where Wells Fargo lacked an interest in the property belonging to the bankruptcy estate of New Century Mortgage Corporation and where New Century Mortgage was identified as the "Beneficiary" in the Alanis Deed of Trust.

181. *As Stated Herein, The Plaintiff Is Not Inviting The District Court To Review And Reject The State Court Judgment:* Alanis is asking the Court to undertake the ministerial task of determining appropriate jurisdiction during the bankruptcy case of New Century Mortgage Corp. and further, is seeking damages for injuries caused by Defendants knowing and willful violations of the automatic stay pursuant to Section 362(k)(1) of the Bankruptcy Code which provides for actual and punitive damages upon injury from a "willful violation" of an automatic stay. See 11 U.S.C. § 362(k)(1)..

182.    *As Stated Herein, The Alanis Is Inviting The District Court To Review The Pervasive Fraudulent Acts Of Wells Fargo And Their Agents That Were Used To Obtain A Void State Court Judgment (i.e. Using A Fabricated Transfer of Lien, False Sworn Statements, False Allegations of Default, Ex Parte Communications With State Court Judges, Acceleration with No Interest In Alanis Mortgage Loan, Control Property Belonging to The Estate Of New Century Mortgage, Failure To File A Motion To Lift The Stay etc.) In Violation Of The Federal Injunction On Automatic Stay.*

The filing of a petition for relief automatically stays all acts against a debtor **and against property of the estate.** See 11 U.S.C. § 362(a).  Upon the filing of a bankruptcy petition, an estate is created which includes all legal and equitable rights of the bankruptcy debtor as well as those interests recovered or recoverable through transfer and lien avoidance provisions. 11 U.S.C.S. § 541.  The stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed. *See NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa. 1988); *In re Boston Business Machines,*87 B.R. 867, 870 (Bankr.E.D.Pa.1988).  Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986).    **Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.** *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th Cir.1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986). The bankruptcy court may provide relief upon request of "a party in interest" and after notice and a hearing. *See* 11 U.S.C. § 362(d).  The court grants relief "by terminating, annulling, modifying, or conditioning the stay." *Id*

With respect to acts against estate property, Bankruptcy Code § 362(c)(1) provides that the **automatic stay terminates when the property is no longer property of the**

estate. Bankruptcy Code § 362(d) **sets forth two independent grounds under which a creditor or other entity may seek relief from the automatic stay. The moving party may seek relief for "cause, including the lack of adequate protection"** under § 362(d)(1) or, alternatively, under § 362(d)(2) on the grounds that the debtor has no equity in the property and the property is not necessary for an effective reorganization. See 11 U.S.C. § 362(d). The standards for relief under subsections (d)(1) and (d)(2) are independent and alternative -- relief may be given under either subsection. See id. In this case, Wells Fargo never held any interest in the bankruptcy estate property belonging to debtor mortgagee New Century Mortgage Corporation and intentionally never sought relief under either subsections.

183.   The Wells Fargo fraudulent acts in violation of the automatic stay were never considered by the state court. Wells Fargo well concealed intentional and knowing fake default - acceleration -foreclosure -eviction scheme was executed methodically for ten years in violation of the automatic stay which violated Alanis constitutional rights (due process) and which included but are not limited to all of those acts as stated in Section: Alanis Response To The Alanis Loan Litigation During The New Century Bankruptcy Case, and paragraph 90. Additionally, Alanis adds

- Wells Fargo and their agents acted under the color of state law when corruptly conspiring with state court judges (9.25.15 Judge Saldana Judges Notes) to ignore the U.S. Bankruptcy case of New Century Mortgage Corp. and Wells Fargo willful violations of the automatic stay which included unlawfully controlling property belonging to the bankruptcy estate of mortgage debtor New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust;

- Wells Fargo and their agents acted under the color of state law when corruptly conspiring with state court judges to use fabricated records to assert an interest in the debtor estate property and deliberately failing to file a motion to lift the stay between April 2007 and August 2016 to conceal from the U.S. Bankruptcy

Court and the Trustee, the Wells Fargo control of debtor estate property and their state court foreclosure action;

- Wells Fargo and their agents acted under the color of state law when corruptly conspiring with state court judges to ignore the bankruptcy case of New Century Mortgage Corp. and the Wells Fargo willful violations of the automatic stay which included the trial court (Judge Noll) unlawfully refusing to admit the Walker NCT Records in a May 2016 plea to the jurisdiction hearing in Cause No. 2011-CI-02839 and refusing to relinquish jurisdiction to the U.S. Bankruptcy Court;

- Wells Fargo and their agents acted under the color of state law when corruptly conspiring with state court judges to ignore the U.S. Bankruptcy case of New Century Mortgage Corp. and the Wells Fargo willful violations of the automatic stay which included the trial court (Judge Saldana) unlawfully entering an October 13, 2015 order on amended special exceptions striking Alanis claims and ordering her to not challenge the Deed of Trust or "validity of the Transfer of Lien" which Alanis maintained was void;

- Wells Fargo and their agents controlling the property of bankruptcy debtor mortgagee New Century Mortgage Corporation (Alanis Deed of Trust identified New Century Mortgage as the Beneficiary) through violations of the U.S. Bankruptcy laws (i.e. stay and federal injunction) and at all times, concealing the New Century Mortgage bankruptcy from Alanis;

- Wells Fargo and their agents intentionally concealing the unlawful state court foreclosure action on the Wells Fargo counterclaim from the NCT and Trustee by intentionally not filing a claim and/or motion to lift the stay in the U.S. Bankruptcy Court between April 2007 and August 2016;

- Wells Fargo and their agents deceiving Alanis into believing Ocwen was the loan servicer for New Century Mortgage Corporation when New Century Mortgage Corporation advised Alanis in a September 2006 letter that "HOMEQ" was her loan servicer;

- Wells Fargo and their agents deceiving Alanis into believing Wells Fargo held an interest in her mortgage loan when mailing Alanis a "January 13, 2011" notice of acceleration when Wells Fargo held no assignment from the New Century Mortgage Corporation and no power of attorney or assignment authority from the NCT, Trustee or U.S. Bankruptcy Court.

- Wells Fargo and their agents deceiving Alanis into believing the fabricated "February 2, 2011" Transfer of Lien" assignment purportedly executed with New Century Mortgage Corporation using an extinguished "2005" power of

attorney was valid when purportedly executed two years after New Century Mortgage Corp. liquidated and transferred all their beneficial interest in their assets to the NCT August 2008.

- Wells Fargo and their agents placing an invalid address for New Century Mortgage Corporation on the face of the "February 2, 2011" Transfer of Lien" assignment, intended to give the false appearance of the continued existence and authorization of the assignment by the 2008 liquidated New Century Mortgage Corporation;

- Wells Fargo and their agents deceiving Alanis into believing there was a New Century Mortgage Corporation power of attorney and/or assignment authority when swearing to "three" false assignment dates in state court judicial proceedings;

- Wells Fargo and their agents intentionally failing to post the Alanis timely remitted 2010 USPS certified mail payments to falsely allege a default to support acceleration and obtain an order on their counterclaim for foreclosure and corresponding eviction order; and

- Wells Fargo and their agents engaging in *ex parte* communications with state court judges to get them to adopt their fraudulent litigation strategy to ignore the U.S. Bankruptcy laws on automatic stay because the state court lacked jurisdiction.

- The state court judges had knowledge of the U.S. Bankruptcy Code and as proof, they refused to relinquish jurisdiction when Alanis requested to admit the Walker NCT Records in a May 2016 plea to the jurisdiction hearing and the trial court refused to admit the Walker NCT exhibits.

## D. The Res Judicata Doctrine

184.    The doctrine of res judicata, or claim preclusion, is intended to "avoid piecemeal litigation of claims arising from the same events." *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir.1999).

185.    "The doctrine of res judicata is predicated upon a valid judgment and a void judgment may not be used to invoke its application." *Conway v. Sanset*, 59 Misc. 2d 666, 300 N.Y.S.2d 243, 247 (1969); 46 Am. Jur. 2d Judgments § 440.

186.   New Century Mortgage Corporation was liquidated in August 2008 and assigned all of their assets to the NCT on the same day.  Because they became a nonexistent entity and lacked capacity to assign any asset to Wells Fargo in "2011", Wells Fargo never acquired an interest in the Alanis mortgage loan.  Therefore, the state court acquired jurisdiction over no one, its March 3, 2016 judgment on Wells Fargo counterclaim for foreclosure determined nothing and is a nullity.

187.   Further, the acts taken by Wells Fargo which included mailing Alanis a January 13, 2011 notice of acceleration without any assignment, fabricating a February 2, 2011 Transfer of Lien and obtaining a March 3, 2016 foreclosure order on Wells Fargo counterclaim were acts taken without an interest in the Alanis mortgage loan and to control the property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation (i.e. Alanis Deed of Trust identified New Century Mortgage as the "Beneficiary") in violation of the automatic stay.

188.   In *Merrill Lynch Credit Corp. v. King*, 255 B.R. 388, 2000 U.S. Dist. LEXIS 16681, 2000 WL 1694053, the Court distinguished between actions taken before and during the automatic stay period and expressly held that **relief from automatic stay is prerequisite to proceeding with hearing on confirmation of foreclosure sale** as follows:

"…Since the foreclosure sale preceded the filing of the bankruptcy petition, the Court must deny King's motion to vacate the foreclosure sale. **The Court will vacate the later orders entered during the period of the automatic stay, however, because an action to confirm the sale falls under those actions prohibited by 11 U.S.C. § 362(a).** *See, e.g., In re Russell Corp.*, 156 B.R. 347, 350 (Bankr. N.D. Ga. 1993)(action to confirm foreclosure sale falls under actions prohibited by section 362(a)); *United States v. Molitor*, 157 B.R. 427, 429 (W.D. Wis. 1992) **(relief from automatic stay is prerequisite to proceeding with hearing on confirmation of foreclosure sale)**. As of 10:10 a.m. AST on December 1, 1998, when King filed his bankruptcy petition, the automatic stay went into effect. It remained in effect until the petition was dismissed on March 3, 1999. Accordingly, **ASC's motion for an order confirming the foreclosure sale filed and**

**docketed December 13, 1998, and the Court's order confirming the sale filed January 7, 1999 and docketed January 11, 1999, were barred by the stay and, therefore, void *ab initio*.** *See In re Graves*, 33 F.3d 242, 247-48 (3d Cir. 1994); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991); *In re Ward*, 837 F.2d 124, 126 (3d Cir. 1988). The Court will vacate its order confirming the sale. For similar reasons, the Court will also vacate its order releasing the proceeds of the sale…"

189.    The state court March 3, 2016 Final Judgment in Cause No. 2011-CI-02839 is *void ab initio* because Wells Fargo never held a valid interest between April 2007 and August 2020, in property belonging to the bankruptcy estate of Alanis original lender mortgagee and debtor, New Century Mortgage Corporation.

190.    Further, the Alanis undisputed evidence (Walker NCT Records) shows Wells Fargo never held any valid interest or assignment from New Century Mortgage Corporation or the NCT in the Alanis mortgage loan prior to accelerating on the Alanis Note on January 13, 2011 or anytime thereafter. *Id.*

191.    *See Also* **Section A.    Federal Rule Of Bankruptcy Procedure 9024, Which Incorporates Rule 60(b)(4).**

192.    The Trustee incorrectly states that "…Even assuming *arguendo* that the Disputed Claims are different from the issues that were litigated in the TX State Court and the subsequent appeals (which they are not), **Alanis is still precluded from asserting the Disputed Claims in this Court because she could have (and should have) raised them in the** TX State Court Litigation…"

193.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court and tried to raise jurisdictional challenges apprising the state court of the New Century Mortgage Corp. bankruptcy case in a February 2016 and May 2016 plea to the jurisdiction in Cause No. 2011-CI-02839.  The state court refused Alanis request to admit the

Walker NCT Records and refused to relinquish jurisdiction to the U.S. Bankruptcy Court. *See id.*, **Ex. 28** and *Alanis* Affidavit, **¶63-65.**

194.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court because the state court entered an October 13, 2015 order prohibiting Alanis from challenging the Deed of Trust when New Century Mortgage Corp. was identified as the "Beneficiary" and which prevented Alanis from discussing the bankruptcy property of New Century Mortgage Corporation. *See* id., **Ex. 22** and *Alanis* Affidavit, **¶ 51(a).**

195.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court because the state court entered an October 13, 2015 order prohibiting Alanis from challenging the "validity of the February 2, 2011 Transfer of Lien" which was a void instrument when purportedly executed between Wells Fargo and New Century Mortgage Corp., a nonexistent entity who turned over their assets to the NCT in August 2008 and had no assets to assign in "2011". *See* id., **Ex. 22** and *Alanis* Affidavit, **¶ 51(a).**

196.    **Res judicata requires a final judgment by a court of competent jurisdiction** and identity of causes of action, issues and parties. *See Culver v. Insurance Co. of North America,* 115 N.J. 451, 461, 559 A.2d 400 (1989). "[R]es judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit" and requires: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *McLaughlin v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan,* 686 F. App'x 118, 121 (3d Cir. 2017) (citing *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir. 2008))

197.    Here, there is no risk of retrying the same action adjudicated by the state court. The Alanis motion seeks court review of Wells Fargo and their agents unlawful actions taken in violation of specific Bankruptcy Code provisions and the November 20, 2009 Modified Order

pertaining to the bankruptcy case of her original lender mortgagee debtor New Century Mortgage Corporation. Alanis obtained a copy of the Modified Order in August 2020 and after review, Alanis discovered among other things, the stay and federal injunction applicable to "all entities" in connection with property belonging to the estate of New Century Mortgage Corporation .

198.    *A Court Without Competent Jurisdiction*:  The state court lacked jurisdiction to hear the bankruptcy matters of New Century Mortgage Corporation.  The U.S. Bankruptcy Court had exclusive jurisdiction to hear all post confirmation and core matters (i.e. Automatic stay). *See* Motion, ¶ 75.

199.    *A Final Judgment On The Merits In A Prior Suit Involving The Same Parties Or Their Privies:* There was a final judgment in Cause No. 2011-CI-02839 involving Wells Fargo, Mackie Wolf Zientz & Mann, Ocwen and HOMEQ.  In the federal court, Alanis intends to add additional parties and sue the individual Wells Fargo attorneys (Jeffrey Hiller, Mark Cronenwett and Dwayne Danner) who conspired with their clients Wells Fargo and Ocwen to ignore the U.S. Bankruptcy laws as (i.e. injunction on automatic stay) after being  provided notice by Alanis of the New Century Mortgage bankruptcy case in the state court.  Wells Fargo and their agents orchestrated the fake default-acceleration scheme and to accomplish the same, they filed fabricated records (transfer of lien) and false statements in affidavits and/or declarations *under the penalty of perjury* to create false standing and interest in the Alanis mortgage loan, engaged in ex parte communications with state court judges to ignore the New Century Mortgage bankruptcy case, Walker NCT Records, and U.S. bankruptcy laws on automatic stay and lack of jurisdiction in order to control the property belonging to debtor, New Century Mortgage Corporation.

200.    *A Subsequent Suit Would Not Be Based On The Same Cause Of Action:* Alanis

discovered the November 20, 2009 Modified Order in August 2020 and through a review of the

same, was able to determine the pervasive ten year Wells Fargo fraudulent concealment acts that

violated the November 20, 2009 Modified Order and other U.S. Bankruptcy laws (i.e. injunction

and automatic stay) and which violated Alanis constitutional rights (due process) and said acts

were never raised in Cause No. 2011-CI-02839 and included but were not limited to the acts as

described in the Rooker Feldman argument. *See* Rooker -Feldman section and ¶ 179.

201.    *The State Court Proceeding In Cause No. 2011-CI-02839 Was Based On Texas*

*Foreclosure Law:* Further, the state court action was a proceeding against property (in rem) while

this federal case proceeds against an individual (in personam). Because of those differences, the

Alanis claims are not precluded because they have not yet been reviewed by any bankruptcy

court. In *In re Smith,* 876 F.2d 524, 527 (9th Cir. 1989), the Court held that when a foreclosure

sale was conducted in violation of automatic stay, proceeds of sale must be returned to estate.

202.    This Court can also exercise its equitable power to set aside the State Court

Judgment where there **are allegations of fraud, collusion or lack of lack of jurisdiction.** *Pepper*

*v. Litton,* 308 U.S. 295, 84 L. Ed. 281, 60 S. Ct. 238 (1939) stands for the proposition that "[the

**Court's] review includes "full power to inquire into the validity of any claim asserted against**

**the estate and to disallow it if its ascertained to be without lawful existence.'"** Id.

(quoting Pepper, 308 U.S. at 305).

203.    *Margolis v. Nazareth Fair Grounds & Farmers Mkt.*, 249 F.2d 221 (2d Cir. 1957)

stands for the proposition that "to the extent that equitable principles require reexamination by

the bankruptcy court of the bases for the judgment where these bases have been or could have

been previously adjudicated the doctrine of res judicata is inapplicable in bankruptcy

proceedings." Id. at 16(quoting Margolis, 249 F.2d at 224). On these bases, Debtors argue that

"the facts and equities compel [the Court] to exercise its equitable powers to 'look behind' BCT's judgment to resolve BCT's claim." Id. at 16.

204.    **The Margolis Court specified that such equitable principles exist in cases in which "[the judgment] was obtained by collusion of the parties or is founded upon no real debt."** Margolis, 249 F.2d at 224 (quoting Pepper, 308 U.S. at 306). In applying this rule, the Margolis Court allowed collateral attack on certain judgments "on the ground that they were fraudulently obtained and not founded on any legally enforceable obligation." Id. See generally In re Farrell, 27 B.R. 241, 245 (Bankr. E.D.N.Y. 1982) ("**The Second Circuit in Margolis . . . held that in a bankruptcy proceeding where equitable principles require reexamination of the basis for the judgment, res judicata becomes inapplicable to the proceeding. These equitable principles exist according to the court in Margolis where the claim upon which the judgment is based is without lawful existence, <u>or the judgment was fraudulently obtained.</u>**") (citation omitted).

205.    In *Heiser v. Woodruff*, 327 U.S. 726, 736-37, 90 L. Ed. 970, 66 S. Ct. 853, reh'g denied, 328 U.S. 879, 90 L. Ed. 1647, 66 S. Ct. 1335 (1946), the Supreme Court asserted that:

> "**...undoubtedly since the bankruptcy act authorizes a proof of claim based on a judgment, such proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court that rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party.** But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself. It has from an early date, been held to the contrary. . . .Pepper v. Litton [does not] sustain the contention that the bankruptcy court in passing on the validity of creditors' claims, may disregard the principle of res judicata..."

206.    Other United States Courts of Appeal have reached the same result in similar cases. See In re Bulic, 997 F.2d 299, 305 (7th Cir. 1993) **(precluding debtors from challenging validity of judgment creditor's claims, where debtors had failed to allege lack of state court**

**jurisdiction or fraud**); Johnson v. Laing (In re Laing), 945 F.2d 354, 357 (10th Cir. 1991) (according preclusive effect to state court judgment where fraud and lack of jurisdiction exceptions were not applicable); Browning v. Navarro, 887 F.2d 553, 563 (5th Cir. 1989) ("**Other than lack of jurisdiction or fraud, there are no other federal grounds which nullify a state court judgment**."), reh'g denied, 894 F.2d 99 (5th Cir. 1990); Boyajian v. DeFusco (In re Giorgio), 862 F.2d 933, 937 (1st Cir. 1988)("We do not understand [Pepper [**53] ] to suggest that bankruptcy court can permit a state claim in the face of state authority indicating that no such claim exists, not does it hold that a bankruptcy court can ignore the state's own law of res judicata."). See also Lewison, 162 B.R. at 983-84 (applying res judicata to claims related to earlier foreclosure action in state court).

## E. Collateral Estoppel

207.    In contrast to Res Judicata, Collateral estoppel requires only **identity of parties and issues and bars only relitigation of those issues**. Such issues, however, must have been "fully and fairly litigated in the prior proceeding" for collateral estoppel to apply. *N.M. v. J.G.,* 255 N.J.Super. 423, 605 A.2d 709 (App.Div. 1992).

208.    For issue preclusion to apply, four elements must be present: "(1) **the identical issue was previously adjudicated**; (2) the **issue was actually litigated**; (3) the **previous determination was necessary to the decision**; and (4) the **party being precluded from relitigating the issue was fully represented in the prior action**." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247-48 (3d Cir. 2010).

209.    The elements of a federal adversary proceeding would materially differ from those in the state court foreclosure case because the issue adjudicated by the state court was the Wells Fargo right to foreclose on the mortgage.

210.     As stated in the previous paragraphs which are incorporated herein by reference for all purposes as though repeated in full verbatim, the issue(s) to be addressed in an adversary proceeding is the **review of Wells Fargo and their agents unlawful fraudulent actions taken in violation of specific Bankruptcy Code provisions and violations of the November 20, 2009 Modified Order on stay and injunction**. Both the factual determinations, as well as the controlling law, are unrelated. So neither preclusion doctrine is appropriate here.

211.     The Trustee advises that the doctrine of collateral estoppel (issue preclusion) "bars relitigation of an issue identical to that in a prior action." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 329 n.2 (3d Cir. 2000). .... Additionally, courts also consider whether the party being precluded "**had a full and fair opportunity to litigate the issue in question in the prior action**" and "**whether the issue was determined by a final and valid judgment**." *Id.* (citations omitted). *See* Objections, **¶ 40.**

212.     The Trustee ignores evidence showing the state court Final Judgment was not valid because the state court lacked jurisdiction to review automatic stay matters and compliance with the November 20, 2009 Modified Order and where the U.S. Bankruptcy Court had "exclusive jurisdiction" to hear all matters in connection with the Debtors Chapter 11 case. *See* Alanis Affidavit, **¶ 15.**

213.     The March 3, 2016 Final Judgment on Wells Fargo counterclaim for foreclosure in Cause No. 2011-CI-02839 was entered by a state court in violation of the automatic stay and is *void ab initio* and collateral estoppel is inapplicable.

214.     The state court lacked jurisdiction during the pending bankruptcy to enter orders affecting property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed

of Trust and Wells Fargo never held a valid interest in the debtor property between April 2007 and August 2016.

215.    Wells Fargo violations of the automatic stay provisions is a core bankruptcy proceeding because it arose under 11 U.S.C.S. § 101 et seq. The claims did not arise without a bankruptcy case. *In re: Turbowind, Inc.,* 42 B.R. 579 (B.Ct. S.D. Cal. 1984) (motion to reject executory contract and **complaint alleging violations of automatic stay were "matters concerning the administration of the estate" and therefore core proceedings)**

216.    Section 157(b)(2) lists fourteen examples of matters which are considered "core ". Those which are relevant here are:

(B)    allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims . . . . for the purpose of conforming a plan under Chapter 11 . . . .;

(G)    motions to . . . . modify the automatic stay;

(M)    orders approving the use or lease of property; and

(O)    other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship

217.    As  reaffirmed in *In re B. Cohen & Sons Caterers, Inc., B. Cohen & Sons Caterers, Inc. v. New Plan Realty Trust,* 97 Bankr. 808, slip op. at 12 (Bankr. E.D.Pa. 1989), **proceedings seeking to recover damages for an alleged violation of the automatic stay have consistently been classified as a core proceeding under** 28 U.S.C. §§ 157(b)(2)(A) or 157(b)(2)(G). *See, e.g., In re TM Carlton House Partners, Ltd.,* 93 B.R. 859, 872 (Bankr. E.D.Pa. 1988); and *In re Stephen W. Grosse, P.C.,* 84 B.R. 377, 382 n. 4 (Bankr. E.D.Pa. 1988), *aff'd,* 96 B.R. 29 (E.D.Pa. 1989).

218.    Courts have held that **relief from the automatic stay is prerequisite to proceeding with hearing on confirmation of foreclosure sale.** *Merrill Lynch Credit Corp. v. King,* 255 B.R. 388, 2000 U.S. Dist. LEXIS 16681, 2000 WL 1694053.  The Trustee has provided no evidence of the Wells Fargo compliance with the automatic stay and the Walker NCT Records provided

to Alanis in April 2016, contained no assignments from New Century Mortgage Corporation or the NCT to Wells Fargo.

219.    Further, the Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court and tried to raise jurisdictional challenges apprising the state court of the New Century Mortgage Corp. bankruptcy case in a February 2016 and May 2016 plea to the jurisdiction in Cause No. 2011-CI-02839.  The state court refused Alanis request to admit the Walker NCT Records and refused to relinquish jurisdiction to the U.S. Bankruptcy Court. *See id.*, **Ex. 28** and *Alanis* Affidavit,  **¶63-65.**

220.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court because the Wells Fargo attorneys engaged in *ex parte* communications with state court judges where they were allegedly convinced to rely on the fabricated transfer of lien and ignore the New Century Mortgage Corporation bankruptcy case and Walker NCT Records - which Alanis disclosed in two plea to the jurisdiction hearings (February 17, 2016 and May 24, 2016).  Most important, the state court retained unlawful jurisdiction to aid and abet Wells Fargo false interest and false standing to unlawfully control property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. (i.e. Alanis mortgage loan where New Century was identified as the "Beneficiary" in the Deed of Trust). *See id.*, **Ex. 30** and *Alanis* Affidavit,  **¶66-68.**

221.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court because the state court entered an October 13, 2015 order prohibiting Alanis from challenging the Deed of Trust when New Century Mortgage Corp. was identified as the "Beneficiary" and which prevented Alanis from discussing the bankruptcy property of New Century Mortgage Corporation. *See* id., **Ex. 22** and *Alanis* Affidavit,  **¶ 51(a).**

222.    The Alanis evidence is undisputed that she never had a full and fair opportunity to be heard in state court because the state court entered an October 13, 2015 order prohibiting Alanis from challenging the "validity of the February 2, 2011 Transfer of Lien" which was a void instrument when purportedly executed between Wells Fargo and New Century Mortgage Corp., a nonexistent entity who turned over their assets to the NCT in August 2008 and had no assets to assign in "2011". *See* id., **Ex. 22** and *Alanis* Affidavit, **¶ 51(a).**

223.    Additionally, to determine the violations of the November 20, 2009 Modified Order, the Court would be required to review among other things, the three Wells Fargo alleged assignments to determine if they contained a "power of attorney" executed by the Liquidating Trust as authorized by the Modified Order.

224.    And to determine the violations of the November 20, 2009 Modified Order on stay and injunction, the Court would be required to review whether Wells Fargo filed a timely motion to lift the stay requesting to pursue a foreclosure action on property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation.

**F. Other Factors Mitigate against Reopening these Chapter 11 Cases**_____

225.    In ***Other Factors Mitigate against Reopening these Chapter 11 Cases,*** the Trustee unfortunately has repudiated U.S. bankruptcy laws, the November 20, 2009 Modified Order and the authenticated and bates stamped Alanis mortgage records held by the New Century Liquidating Trust (i.e. Walker NCT Records) which the Trustee facilitated in providing to Alanis in 2016 when stating in relevant part:

> "…Wells Fargo, on the other hand, **would be severely prejudiced** because any relief granted to Alanis would inherently negate the Final Judgment. …"
> *See* Objections ¶54(d)

> "...Moreover, **granting the Motion could open the "flood gates" for similar motions by borrowers seeking to re-litigate their**

**state court foreclosure actions** before this Court...".
*See* Objections ¶54(e)

226.    The Trustee has all but acknowledged that prejudice is not merely the loss of an advantageous position.    But rather, prejudice requires a review of facts and evidence to determine the increased disadvantaged position to other homeowners to suffer potential fraud as demonstrated by the Wells Fargo foreclosure-eviction scheme to violate U.S. bankruptcy laws and the automatic stay to control New Century estate property that was never heard by the state court and if left unchecked, those violations will potentially open the "flood gates" for continued Wells Fargo fraud on New Century loan compliant homeowners who will be subject to losing their homes through the threat of fake defaults and unlawful accelerations, foreclosures and evictions made possible through permitted violations of the U.S. Bankruptcy laws and the automatic stay .

227.    In relevant part, the Wells Fargo foreclosure eviction scheme was accomplished through intentional repudiation of U.S. bankruptcy laws and deliberately not filing the required motion to lift the stay in order to conceal from the U.S. Bankruptcy Court and Trustee, their unlawful control over property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. who was identified as the "Beneficiary" in the Alanis Deed of Trust.

228.    The state court March 3, 2016 Final Judgment in Cause No. 2011-CI-02839 is *void ab initio* because Wells Fargo obtained their order in violation of the automatic stay without filing a motion to lift the stay in the U.S. Bankruptcy Court to obtain the requisite authorization to proceed with a foreclosure action on property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

229.    Further, Wells Fargo could never be severely prejudiced when the Alanis undisputed evidence (including the Walker NCT Records) shows Wells Fargo never held any valid interest or assignment from New Century Mortgage Corporation or the NCT prior to accelerating on the Alanis Note on January 13, 2011 or anytime thereafter and lacked the requisite standing to accelerate. *Id.*

230.    And Wells Fargo could never be severely prejudiced when the Walker NCT Records, provide patent proof that on May 17, 2006, only an "interest" in the Alanis mortgage loan was sold by New Century Mortgage Corp. to Barclays Bank, *not* Wells Fargo. *See id.*, **Ex. 25**, May 17, 2006 Letter Agreement ¶ 11 *See Alanis* Affidavit, ¶ 60-62.  Therefore, Wells Fargo was never in the Alanis chain of title.

231.    As demonstrated herein, Wells Fargo falsely swore *under the penalty of perjury* to three different assignment dates in the state court (Cause No. 2011-CI-02839) and the February 2, 2011 Transfer of Lien was purportedly executed with "New Century Mortgage Corporation" using an extinguished "March 2005" power of attorney that was not executed by the Liquidating Trust in violation of the Modified Order; *predated* the April 2007 bankruptcy case;  and where New Century Mortgage lacked capacity and assets to assign to Wells Fargo in "2011" after assigning all of their assets to the NCT in "August 2008".

232.    While Wells Fargo was assigned zero assets through the February 2, 2011 Transfer of Lien, Courts have held that **relief from the automatic stay is prerequisite to proceeding with hearing on confirmation of foreclosure sale.** *Merrill Lynch Credit Corp. v. King*, 255 B.R. 388, 2000 U.S. Dist. LEXIS 16681, 2000 WL 1694053.

233.    And the Trustee has provided no evidence of the Wells Fargo compliance with the automatic stay and the Walker NCT Records provided to Alanis in April 2016, contained no assignments from New Century Mortgage Corporation or the NCT to Wells Fargo.

234. Regarding the remaining *Other Factors Mitigate against Reopening these Chapter 11*

*Cases, Alanis responds as follows:*

a. Over four (4) years have passed since the entry of the Final Decree closing these Chapter 11 cases and discharging the Trustee. As evidenced by Wells Fargo ten year protracted fraudulent concealment of their foreclosure-eviction scheme from the Trustee and the U.S. Bankruptcy Court to control the debtor New Century Mortgage estate property (Alanis mortgage loan) as well as the Houston lawsuit with the Wolf's, not all of the Trust assets have been distributed. As evidence by the May 10, 2016 Donna Walker Declaration and authenticated bates stamped records in connection with the Alanis mortgage loan that was transferred by New Century Mortgage Corporation to the New Century Liquidating Trust in August 2008 (Walker NCT Records), not all of the Records have been destroyed.

b. The Trustee is correct when stating a non-bankruptcy forum (the TX State Court and TX Appeals Court) entered orders. The Trustee ignores that the state orders were entered in violation of the automatic stay and November 20, 2009 Modified Order and therefore, the state court lacked jurisdiction to hear and determine any dispute posed by Alanis and/or Wells Fargo on their counterclaim for foreclosure when Wells Fargo filed no motion to lift the stay and held no interest in and had no NCT assignment authority to control property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corp. who was identified as the "Beneficiary" in the Alanis Deed of Trust. The U.S. Bankruptcy Court had exclusive jurisdiction to hear core proceedings (i.e. Automatic Stay).

The Modified Confirmation Order at Articles" (pg. 127), Article 15.A authorized exclusive jurisdiction to the U.S. Bankruptcy Court (Not State Courts) as follows:

A. **Retention Of Jurisdiction. This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court <u>shall retain and have exclusive jurisdiction</u> .... over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the Chapter 11 Cases, the Original Plan or this Modified Plan,** or (iii) that relates to the following:

********

5. **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates or property abandoned or transferred by the Debtors or the Estate;

********

7. **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**

********

17. to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. **Proceedings to recover assets of (i) the**

> **Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located...**

The Modified Confirmation Order (pg. 24, par. 22-23), authorized **Alan M. Jacobs as the sole Liquidating Trustee** with all powers, authority and responsibilities to commence, **prosecute,** settle Causes of Action, **enforce contracts, and assert claims**, defenses, offsets and privileges to the extent not inconsistent with the status of the Liquidating Trust (*not* WELLS FARGO). And at (pg. 36, par. 49), the Modified order further ordered:

> **"...the Liquidating Trustee... shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtors or the Estates may have against any Person or entity effective as the Original Effective Date...."**

At (pg. 16, par. 11), the Modified Confirmation Order authorized **compliance with Relief from Stay** in relevant part as follows:

> **"...(iii) following the Modified Effective Date, <u>parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court</u>, including this Order, <u>upon sufficient notice and a hearing.....</u>"**

At (pg. 13, par. 9) and (pg. 15, par. 10), the Modified Confirmation Order authorized a stay and injunction as follows:

> **"...<u>Term of Stay and Injunctions</u>.** .... In accordance therewith, and without limiting the foregoing, **until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from**
> **\*\*\*\*\*\*\*\*\*\***
> **(iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates**
>
> **(iv) any act to create, perfect, or enforce any lien against property of the Estates, and...."**

c. Alanis has never had her day in court in the proper forum and was denied due process. Through her multiple plea to the jurisdiction hearings and pleadings filed in state court, Alanis tried to apprise the state court of the New Century Mortgage bankruptcy case.

When Wells Fargo was placed on notice that New Century Mortgage Corp was a debtor in bankruptcy, Wells Fargo knew they had to protect their foreclosure eviction scheme by engaging in forum shopping through *ex parte* communications with state court judges to ensure the state court rejected any Alanis plea to the jurisdiction and retained unlawful jurisdiction to hear matters regarding property that belonged to the

bankruptcy estate of mortgagee debtor New Century Mortgage Corp. who was identified as the "Beneficiary" in the Alanis Deed of Trust.

The Texas State Court knew the automatic stay protects a debtors property wherever located and the state court lacked jurisdiction to enter orders against the debtors property.   To retain unlawful jurisdiction, the state court refused to admit the Walker NCT Records in a May 24, 2016 plea to the jurisdiction and also entered an October 13, 2015 order prohibiting Alanis from challenging the "validity of the transfer of lien" purportedly executed between Wells Fargo and New Century Mortgage Corporation two years after their August 2008 liquidation and transfer of all beneficial interest in assets to the New Century Liquidating Trust.

While the U.S. Bankruptcy Court had exclusive jurisdiction to hear core proceedings (i.e. Automatic Stay), Wells Fargo intentionally concealed their foreclosure eviction scheme from the U.S. Bankruptcy Court and Trustee by not filing a motion to lift the stay so they could continue to litigate in state court without NCT authority and/or U.S. Bankruptcy Court interference so they could continue to exercise control over the Debtors property which they knew they held no interest in. (See "b":  Modified Orders).

********************

f.   Bankruptcy Rule 7001 states, in pertinent part, the following:
An adversary proceeding ... is a proceeding ... (2) **to determine the validity, priority, or extent of a lien or other interest in property**, other than a proceeding under Rule 4003(d), ... (7) to obtain an injunction **or other equitable relief**, ... [or] (9) to obtain a declaratory judgment relating to any of the foregoing.

11 U.S. Code § 521 - Debtor's duties.  The debtor is required to file a schedule of assets and liabilities (a)(1)(A)(B).

The Modified Confirmation Order at (pg. 13, par. 9) ordered that damages could be recovered for violations of the injunction as follows:

> **"...Any Person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages from the willful violator...."**

The Trust and Trustee is implicated to the extent they received the assets from New Century Mortgage Corporation on or about August 1, 2008, the effective date of the Plan and as evidenced by the May 10, 2016 Donna Walker Declaration (Walker NCT Records).

The Trust and Trustee is implicated to the extent they drafted the terms of the Modified Confirmation Order pursuant to U.S. Bankruptcy laws which they asked the U.S. Bankruptcy Court to enter and enforce.

Between 2015 and 2016, Alanis made the Trust and Trustee aware of property belonging to the bankruptcy estate of New Century Mortgage (Alanis mortgage loan) and in response, the NCT provided Alanis the Walker NCT Records to admit in the state trial court to show Wells Fargo was not in her chain of title.

In both law and equity, the Trustee should be asking this Court to reopen the Chapter 11 cases and demand full compliance with the Modified Confirmation Order and U.S. Bankruptcy laws in connection with any violations regardless of the benefit that will inure to the Trust or its beneficiaries.

235.    The record contains sufficient grounds to support the Bankruptcy Court's decision to reopen for cause and cause exists to reopen because the Alanis motion relies on the November 20, 2009 Modified Confirmation Order which implicates issues regarding the "effect of the automatic stay during the duration of the bankruptcy case and an interpretation of [the] court's orders granting relief from [the automatic] stay.

236.    In error, the Trustee concludes that Alanis is not entitled to any relief because the Disputed Claims are barred by the *Rooker-Feldman* doctrine or the doctrines of collateral estoppel or *res judicata* which is incorrect.

237.    And the weight of the relevant factors favors strongly for reopening these Chapter 11 cases to ensure compliance with U.S. Bankruptcy laws and the November 20, 2009 Modified Confirmation Order particularly when the state court lacked jurisdiction to enter a March 3, 2016 order during the automatic stay period against property belonging to the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

238.    To avoid a grave miscarriage of justice,  Alanis should not be forced to lose her home to the Wells Fargo fraudulent foreclosure -eviction scheme when she was fully compliant with her loan and where Wells Fargo held no interest in the Alanis mortgage loan on the date of acceleration (January 13, 2011), which was an unauthorized control of  property belonging to

the bankruptcy estate of mortgagee debtor New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Movant Nancy Alanis respectfully prays that the Court grant the Alanis Motion(s) in their entirety and grant such other or further relief in law or in equity to which she shows herself to be justly entitled.

**RESPECTFULLY SUBMITTED on this 31st day of December, 2020.**

> */s/ Nancy Alanis*
> **NANCY ALANIS**
> 13210 Hunters View
> San Antonio, Texas 78230
> 210.226.2666 Telephone
> Nalanis12@yahoo.com
> *Movant Pro Se*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that before filing her motion to reopen, she emailed and placed over five telephone calls to Ms. Guilfoyle to discuss this case and she never responded.

By: */s/ Nancy Alanis*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 31st day of December 2020, a true and correct copy of this Motion, with the proposed order thereon, Movant Affidavit and all exhibits, were mailed USPS CRR on parties entitled to notice thereof.

**BLANK ROME LLP**
*/s/ Victoria A. Guilfoyle*
Victoria A. Guilfoyle, Esq.
(DE No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
guilfoyle@blankrome.com

- and –

**HAHN & HESSEN, LLP**
Mark S. Indelicato, Esquire
Jeffrey Zawadzki, Esquire
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY   10022
212.478.7200
212.478.7252
212.478.7400
jzawadzki@hahnhessen.com
*Co-counsel for the former Trustee of*
*the New Century Liquidating Trust*

By: /s/ *Nancy Alanis*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | § |
| NEW CENTURY TRS HOLDINGS, INC *et al.*, | § Case No. 07-10416 (BLS) |
| | § |
| Debtors. | § (Chapter 11) |

| | |
|---|---|
| Nancy K. Alanis | Victoria A. Guilfoyle, Esquire |
| 13210 Hunters View | Blank Rome LLP |
| San Antonio, Texas 78230 | 1201 Market Street, Suite 800 |
| *Movant* | Wilmington, DE 19801 |
| | |
| | Mark S. Indelicato, Esquire |
| | Jeffrey Zawadzki, Esquire |
| | Hahn & Hessen LLP |
| | 488 Madison Avenue |
| | New York, NY 10022 |
| | *Co-counsel for the former Trustee* |
| | *of the New Century Liquidating Trust* |

## MEMORANDUM ORDER[1]

This matter came before the Court on interested party, NANCY ALANIS

(hereinafter "Alanis" "Movant") on her Motion To Vacate Void State Court Judgment

pursuant to USCS Bankruptcy R 9024/FRCP 60(b)(3)(4)(6).  A hearing has been set to hear

these matters. Alanis is representing herself pro se. Appearing on behalf of the Debtors

Trustee are attorneys from Blank Rome LLP and Hahn & Hessen, LLP.

After a hearing held on January \_\_\_\_, 2021, and after due deliberation, the Court

hereby FINDS and follows:

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

A.   Procedural Background: Delaware Bankruptcy Case

1.   On April 2, 2007, the Debtors New Century Mortgage Corporation filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2.   On April 23, 2008, the Debtors filed the *Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008* (the "Original Plan").

3.   On July 15, 2008, the Court entered an order (the "Original Confirmation Order") [2] confirming the Second Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (the "Original Plan"). [3]

4.   On August 1, 2008 (the "Original Effective Date"), the Original Plan became effective. Pursuant to the terms of the Original Plan, on the Original Effective Date the *New Century Liquidating Trust Agreement* (the "Trust Agreement") was executed, thereby creating the Trust and appointing Alan M. Jacobs as Trustee of the Trust. ("New Century Trustee"). [4]

5.   On August 1, 2008, Debtor New Century Mortgage Corporation transferred all beneficial interests in their assets to the New Century Liquidating Trust ("NCT").

6.   On June 16, 2009, the United States District Court for the District of Delaware issued a *Memorandum Opinion* and an order reversing the Original Confirmation Order and on September 30, 2009, the Trustee filed the *Modified Second Amended Joint*

---

[2] Docket No. 8596.
[3] Docket No. 6412.
[4] Docket No. 8705.

*Chapter 11 Plan of Liquidation Dated as of September 30, 2009* (the "Modified Plan"). On

November 20, 2009, the Court entered an order confirming the Modified Plan (the

"Modified Confirmation Order"). [5]

       7.    The Modified Plan (i) confirmed that all actions taken by the New Century

Trustee subsequent to the Original Effective Date were valid and binding; (ii) adopted,

ratified and confirmed the formation of the NCL Trust as of the Original Effective Date; (iii)

adopted, ratified and confirmed the Trust Agreement as of the Original Effective Date; and

(iv) adopted, ratified and confirmed the appointment of Alan M. Jacobs as trustee of the

NCL Trust as of the Original Effective Date.

       8.    The Modified Confirmation Order provided, in relevant part:

> Articles" (pg. 127), Article 15.A authorized exclusive jurisdiction to the U.S. Bankruptcy Court (Not State Courts) as follows:
>
> > A.  **Retention Of Jurisdiction.  This Modified Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction …. over any matter (i) arising under the Bankruptcy Code, (ii) arising in or related to the Chapter 11 Cases, the Original Plan or this Modified Plan,** or (iii) that relates to the following:
> >
> > *********
> >
> > 5.   **to determine the extent, validity, and/or priority of any Lien asserted against property of the Debtors** or the Estates or property abandoned or transferred by the Debtors or the Estate;
> >
> > *********
> >
> > 7.  **to hear and determine matters related to the assets of the Estates, including liquidation of the Debtors' assets;**
> >
> > *********
> >
> > 17. to hear and determine all controversies of Action, avoidance Actions, and other suits and adversary. **Proceedings to recover assets of (i) the Liquidating Trust, as successor in interest to any of the Debtors (other than Access Lending) wherever located…**

---

[5] Docket Nos. 9957, 9905, and 9976.

Modified Confirmation Order, ¶22-23
Modified Confirmation Order, ¶49

"…**the Liquidating Trustee… shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtors or the Estates may have against any Person or entity effective as the Original Effective Date….**"

Modified Confirmation Order, ¶11

"…**(iii) following the Modified Effective Date, <u>parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court</u>, including this Order, <u>upon sufficient notice and a hearing</u>…..**"

Modified Confirmation Order, ¶9
Modified Confirmation Order, ¶10

"…**<u>Term of Stay and Injunctions</u>.**   ….   In accordance therewith, and without limiting the foregoing, **until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from**

**\*\*\*\*\*\*\*\*\***

**(iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates**

**(iv)  any act to create, perfect, or enforce any lien against property of the Estates, and….**"

Modified Confirmation Order, ¶9

"…**Any Person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages from the willful violator….**"

Modified Confirmation Order, ¶69

"…with respect to mortgage loans purchased from one or more of the Debtors prior to or subsequent to the Petition Date, the Liquidating Trust shall execute, upon written request, and at the expense of the requesting party, any powers of attorney as shall be prepared by the requesting party and reasonably satisfactory to the Liquidating Trustee, as applicable, necessary to fully effectuate the transfer of such loan or otherwise to effect the appropriate transfer of record title or interest in such loan, including, without

4

limitation, any powers of attorney as may be necessary to allow the purchaser of such mortgage loan from the Debtor (including any trustee or servicer on behalf of the purchaser) to complete, execute and deliver, in the name of and on behalf of the applicable Debtor or the Liquidating Trust, any required assignments of mortgage or instruments of satisfaction, discharge or cancellation of mortgages, mortgage notes or other instruments related to such mortgage loan; provided, however, that the party making the requests presents evidence reasonably satisfactory to the Liquidating Trustee, as the case may be, of the validity of the transfer being effectuated and that the loan being transferred was purchased from the applicable Debtor; provided, further, that the Liquidating Trust shall not be liable for the actions of the requesting party under any such powers of attorney...

Modified Confirmation Order, ¶21.

Pursuant to the November 20, 2009 Modified Confirmation Order, all of the New Century Mortgage Corporation assets transferred to the New Century Liquidating Trust on the Effective Date (August 1, 2008).

Modified Confirmation Order, ¶17.

And the Court further ordered the Dissolution of Debtors and "...**(iii) no assets shall revest in the Debtors (other than Access Lending)**..."

9.      On May 18, 2016, the Court entered an order authorizing the New Century Trustee to destroy the Debtors' and the NCL Trust's records and documents (collectively, the "Records") subject to certain procedures in that order (the "Document Destruction Order"). [6]

10.      On August 25, 2016, the Court entered a Final Decree closing the chapter 11 cases, discharging the New Century Trustee of his obligations under paragraph 69 of the Modified Confirmation Order, and fully releasing and discharging the New Century Trustee

---

[6] Docket No. 11486.

of his duties an obligations as trustee to the NCL Trust (other than certain ministerial obligations related to NCL Trust wind down and Records destruction). [7]

11.     On September 30, 2016, the New Century Trustee made a final distribution of the NCL Trust assets.[8]

B.     Background: Movant Loan and Texas State Court Case

12.     On or about June 15, 2006, Alanis executed a note (the "Note") in favor of New Century Mortgage Corporation in the principal amount of $193,500 (the "Loan") as lender on a loan secured by real property located in Bexar County, Texas (the "Real Property").

13.     The Note was secured by a *Deed of Trust* executed by Alanis (the "Deed of Trust") where New Century Mortgage Corporation was identified as the "Beneficiary".  The Deed of Trust is recorded in the public records of Bexar County, Texas under document number 20060146541.

14.     On or about December 8, 2010, Wells Fargo mailed Alanis a Notice of Default.

15.     On January 13, 2011, Wells Fargo mailed Alanis a "Notice of Acceleration" and "Notice of Foreclosure" in connection with her June 15, 2006 Note and Deed of Trust and asserted control over property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

---

[7] Docket No. 11535.
[8] Docket No. 11539.

6

16.    On February 22, 2011, Alanis filed a lawsuit titled Nancy Alanis v. Wells
Fargo National Association as Trustee for the Pooling and Servicing Agreement dated as of
October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass
Through Certificates Series 2006 NC3 ("Wells Fargo") et al. , Cause No. 2011-CI-02839, in
Bexar County, Texas ("state court").

17.    One month after Wells Fargo mailed Alanis the "January 13, 2011" Notice of
Acceleration and Notice of Foreclosure, Wells Fargo recorded a fabricated Transfer of Lien
in Bexar County Deeds and Trust Records which was purportedly executed on "February 2,
2011" between Wells Fargo and New Century Mortgage Corporation, two years after New
Century Mortgage Corporation liquidated and transferred all of their asserts to the New
Century Liquidating Trust in August 2008. Modified Confirmation Order, ¶21, ¶17.

18.    The "February 2, 2011" Transfer of Lien was executed by Ocwen Loan
Servicing Manager Christina Carter acting as the power of attorney for the New Century
Mortgage Corporation using a March 2, 2005 limited power of attorney that *pre-dated* the
New Century Mortgage Corporation April 2007 bankruptcy case.  There was no evidence of
a power of attorney executed by the Liquidating Trust to authorize the assignment as
required by the Modified Confirmation Order. Modified Confirmation Order, ¶69.

19.    In August 2014, Wells Fargo filed an original counterclaim for foreclosure in
connection with the property belonging to the bankruptcy estate of Alanis original lender
mortgagee debtor, New Century Mortgage Corporation who was identified as the
"Beneficiary" in the Alanis Deed of Trust.

20.    During the state court litigation, Wells Fargo swore to "three" different
assignment dates. Wells Fargo served their April 23, 2012 responses to interrogatories and

swore the loan servicers were never owners of the loan and Wells Fargo is the owner of the note and mortgage pursuant to assignment dated "June 27, 2006".

21.    Wells Fargo also filed a January 28, 2016 motion for summary judgment and attached the January 11, 2016 Declaration of Gina Feezer, Custodian of Records for Ocwen Loan Servicing, LLC. with attached exhibits ("Feezer Declaration").

22.    While Declarant Feezer falsely swore *under the penalty of perjury* that Alanis failed to remit any loan payments since "February 2010", the state court record shows Alanis filed her timely remitted monthly mortgage loan payments for all of 2010 which she mailed to loan servicers HOMEQ Loan Servicing and Ocwen Loan Servicing through USPS certified mail.

23.    Declarant Feezer also falsely swore *under the penalty of perjury*, 1) the Alanis loan was assigned to Wells Fargo on "October 31, 2006";  2) the Alanis loan was assigned to Wells Fargo on "February 2, 2011"; 3) the original Note, with the indorsement, is presently kept in the offices of Mackie Wolf Zientz & Mann; and 4) the original Note was assigned only once, from New Century to Wells Fargo.

24.    Wells Fargo attorney Mark D. Cronenwett also filed in a January 28, 2016 motion for summary judgment in state court,  his November 5, 2015 Affidavit of Mark Cronenwett with an attached "Ex. B-1", a fabricated Alanis Note containing an unauthorized "Steve Nagy" indorsement thereon and  swore "…Attached hereto as Exhibit B-1 is a true and correct copy of a the original Adjustable Rate balloon Note ("Note") ….this copy has been made from the actual original Note, which is presently located in the offices of Mackie Wolf Zientz & Mann, PC…".

25.    The "Ex. B-1" Alanis Note contradicted the May 23, 2012 sworn testimony of Alan Jacobs who testified in a U.S. Bankruptcy New Century hearing that "Steve Nagy"

stamps on Notes after August 2008 were unauthorized by the Trust and Steve Nagy was not employed by the Trust.

26.     During the state court litigation, Alanis contacted the Trustee for the New Century Liquidating Trust, Alan Jacobs and apprised him of her pending state court litigation and requested her mortgage loan records and all assignments.

27.     The New Century Liquidating Trust provided Alanis a May 10, 2016 Donna Walker Declaration with an attached copy of her authenticated and bates stamped New Century Mortgage Corporation loan file and records that were transferred to the New Century Liquidating Trust in August 2008.  (Walker NCT Records).

28.     In relevant part, there were no assignments from the New Century Liquidating Trust or the New Century Mortgage Corporation executed with Wells Fargo or any other entity.

29.     Among the Walker NCT Records provided to Alanis, the Trustee held the Alanis Note with no indorsement thereon and also held the May 17, 2006 letter agreement executed between New Century Mortgage Corporation and Barclays Bank, where New Century Mortgage sold only an "interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo.  (Walker NCT Records).

30.     The Trustee and the Walker NCT Records contradicted the Feezer Declaration where Declarant Feezer swore *under the penalty of perjury* "...**the original Note was assigned only once from New Century to Wells Fargo, and there is only one indorsement** which is by New Century in blank....".

31.     The May 10, 2016 Declaration of Donna Walker and the August 8, 2008 Affidavit of Alans Jacobs Trustee both contained sworn statements that on the effective date

9

of August 1, 2008, New Century Mortgage Corporation transferred all their assets and records to the New Century Liquidating Trust, *not* to Wells Fargo.

32.     The Walker NCT Records also held the Alanis Note with no indorsement thereon.

33.     During the state court litigation, the trial court and Wells Fargo were placed on notice of the New Century Mortgage Corporation pending bankruptcy case through multiple hearings and where Alanis filed two pleas to the jurisdiction (February 17, 2016 and May 24, 2016) and served Wells Fargo copies of the Walker NCT Records.  Wells Fargo filed no response to the May 2016 plea.

34.     The state court refused to permit Alanis to admit her Walker NCT Records or make an offer of proof in the May 24, 2016 plea hearing and refused to relinquish jurisdiction to the U.S. Bankruptcy Court when being apprised by Alanis of the New Century Mortgage pending bankruptcy.

35.     During the state litigation, the state court also entered an October 15, 2015 Order on Wells Fargo Amended Special Exceptions and struck Alanis claims and prohibited Alanis from challenging the "Deed of Trust" and the "validity of the Transfer of Lien".

36.     When the trial court refused to admit the Walker NCT Records in a May 2016 plea to the jurisdiction and through a October 2015 Order, struck Alanis claims and prohibited Alanis from challenging the "Deed of Trust" and the "validity of the Transfer of Lien", Alanis was denied a fair and full hearing to present evidence to the trial court of property belonging to the bankruptcy estate of New Century Mortgage Corporation where New Century Mortgage was identified as the Beneficiary in the Alanis Deed of Trust.

37.     During the state court litigation, a clerk provided Alanis a copy of Judges Notes that revealed *ex parte* communication between Wells Fargo attorneys and various state court judges that outlined matters to be heard in the Alanis case that had not yet been set for any hearing.

38.     During the state court litigation, Wells Fargo never filed a motion to lift the stay and on March 3, 2016, the trial court entered the March 3, 2016 Order on Motion For Partial Summary Judgment by Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing, LLC on RESPA, Section 51.002 of the Texas Property Code and Counterclaim for Foreclosure in Cause No. 2011-CI-02839, Bexar County, Texas ("3.3.16 Order").

39.     Alanis timely appealed the order to the Fourth Court of Appeals and did not prevail.  And the Texas Supreme Court declined to hear her petition for review.

40.     While at the Texas Supreme Court, Wells Fargo filed an August 6, 2018 Response to Petitioner's Motion For Sanctions in Case No. 18-0617 and apprised the high court in ¶ 8-9, that Wells Fargo and Ocwen recovered a judgment in the amount of 356,217.31, plus prejudgment and post judgment interest and were also awarded $185,364.00 in attorney fees and additional fees for appeal.  **And as of the time the Notice of Writ was served, the judgment amount was $702,339.83 plus any additional costs** incurred

41.     In 2019, Alanis filed a bill of review based on new evidence and the trial court and the Fourth Court of Appeals denied her bill of review based on res judicata.  Alanis timely filed a petition for review which is currently pending at the Texas Supreme Court.

42.     Following a September 2019 sheriff's sale, Wells Fargo obtained an eviction order and obtained a writ of execution which Alanis timely appealed and which is currently pending at the Texas Supreme Court.

43.     In August 2020, Alanis obtained a copy of the Modified Confirmation Order and after review of the same, discovered that without filing a motion to lift the federal automatic stay injunction, Wells Fargo unlawfully advanced a state court litigation to control the property belonging to the  bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust and where the U.S. Bankruptcy Court had the exclusive jurisdiction post confirmation, over all Chapter 11 matters of the Debtors, including automatic stay matters regarding the property belonging to the estate of debtor New Century Mortgage Corporation.

44.     Because Alanis was denied due process in the wrong forum (state court) and suffered substantial financial harm in connection with the state court litigation which included closing a successful seasonal business to defend and protect her property rights and losing her home in a sheriff's sale while being fully compliant with the New Century Mortgage loan prior to the January 13, 2011 acceleration, on October 30, 2020, Alanis filed a motion to reopen the Chapter 11 cases.

C.    Jurisdiction

45.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and of the March 3, 2016 Order on foreclosure. This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(G). Bankruptcy jurisdiction is, at its core, *in rem* and state courts lack authority

and jurisdiction to modify bankruptcy court orders.[9]

46.     The impact of the automatic stay is to place jurisdiction in the bankruptcy

court over all matters subject to the automatic stay. *In re Benalcazar,* 283 B.R. 514, 521

(Bankr. N.D. Ill. Aug. 15, 2002) (*citing LaBarge v. Vierkant,* 240 B.R. 317, 322-25 (8th Cir.

BAP 1999)(collecting authorities). Thus, this Court has exclusive jurisdiction over matters

regarding the automatic stay, including those seeking annulment of the stay.


D.     Conclusions of Law

47.     Alanis' Motion to Vacate cites various authority or case law supporting her

position and references sections in the Federal Rules of Civil Procedure or the Federal Rules

of Bankruptcy Procedure as a basis for filing the Motion to Vacate, including violations of

the November 20, 2009 Modified Confirmation Order and the federal injunction on

automatic stay.[10]

---

[9] *In re Hackney,* 2008 WL 4830040, at *15 (Bankr. N.D. Ala. Oct. 10, 2008)(state courts lack authority to modify or dissolve a bankruptcy court's order); *Gruntz v. Los Angeles,* 202 F.3d 1074, 1079 (9th Cir. 2008); *In re McGhan,* 288 F.3d 1172 (9th Cir. 2002)("because bankruptcy court orders are not subject to collateral attack in other courts, any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay . . ."); *Contractors' State License Bd. v. Dunbar,* 245 F.3d 1058, 1063 (9th Cir. 2001)(federal courts are not bound by state court modifications of the automatic stay); *see also Central Va. Cmty. College v. Katz,* 546 U.S. 356 (2006).

[10] The filing of a petition for relief automatically stays all acts against a debtor **and against property of the estate.** See 11 U.S.C. § 362(a).  Upon the filing of a bankruptcy petition, an estate is created which includes all legal and equitable rights of the bankruptcy debtor as well as those interests recovered or recoverable through transfer and lien avoidance provisions. 11 U.S.C.S. § 541.  **The stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed**. See *NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa. 1988); *In re Boston Business Machines,* 87 B.R. 867, 870 (Bankr.E.D.Pa.1988). Because the automatic stay serves the interests of both debtors and creditors, it may

48.    Alanis argues under various provisions of FRCP 60(b) her basis for relief.

This Court will apply the necessary legal framework within which to consider the Motion to

Vacate

49.    Considering Alanis arguments, it appears that her Motion to Vacate would

fall under Rule 60 of the Federal Rules of Civil Procedure as made applicable to bankruptcy

by Rule 9024 of the Federal Rules of Bankruptcy Procedure and the final argument, to re-

open the case, would fall under Rule 5010 of the Federal Rules of Bankruptcy Procedure.

Because of this, the Court will consider Alanis' Motion to Vacate as having been brought

under Rule 60(b).


E.    The Rule 60(b) Argument

50.    Rule 60(b) is an extraordinary remedy designed to address mistakes

attributable to exceptional circumstances. *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th

Cir. 1984)(*citing Ackerman v. United States,* 340 U.S. 193, 202 (1950). The burden of proof in

seeking relief from a final judgment or final order initially lies with the moving party. *Id.*

"The burden for setting aside a final order is a heavy one for res judicata is being negated."

---

not be waived and its scope may not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986).  **Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.** *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th Cir.1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986). **The bankruptcy court may provide relief upon request of "a party in interest" and after notice and a hearing.** *See* 11 U.S.C. § 362(d). The court grants relief "by terminating, annulling, modifying, or conditioning the stay." *Id*

Additionally, § 362 operates as an injunction against interference with the Bankruptcy Court's jurisdiction over petitioning debtors. *In re Stonegate Security Services, Ltd.,* 56 B.R. 1014, 1019 (N.D. Ill. 1986). **Thus both the powers of the Bankruptcy Court and the interests of the debtor are implicated by the automatic stay provision.**

**Actions taken in violation of an automatic stay are void,** *Kalb v. Feuerstein,* 308 U.S. 433, 438, 84 L. Ed. 370, 60 S. Ct. 343 (1940) ("the action of the ... Court was not merely erroneous but was beyond its power, void, and subject to collateral attack"); *See also In re Ward,* 837 F.2d 124, 126 (3d Cir.1988) **(sheriff's sale conducted in violation of the stay is "void and without effect", citing *Kalb*).**

14

*In re Abrams,* 305 B.R. 920 (S.D. Ala. Mar. 8, 2002). Whether to grant such relief is within

this Court's discretion. *In re Timmons,* 479 B.R. 597, 608 (Bankr. N.D. Ala. 2012).

      51.    Alanis' Motion to Vacate requests this Court's review pursuant to Rule 60(b)

or corresponding Bankruptcy Rule 9024 and the Court must consider each of the six

grounds for relief provided by Rule 60(b).[11] Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no
> longer equitable; or
> **(6)** any other reason that justifies relief.
> Fed. R. Civ. P. 60.

      52.    The Court has analyzed all six grounds for relief provided by Rule 60(b) as

they apply to Alanis arguments and concludes that they fall under subsections (3), (4), and

(6).

Rule 60(b)(4): Jurisdictional

      53.    First, to be a void judgment under Rule 60 (b)(4), the judgment must be a

"legal nullity." *United Student Aid Funds, Inc. v. Espinsoa,* 130 S. Ct. 1367, 1377 (2010). A

---

[11] Rule 9024 states: Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen
a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the
estate entered without a contest is not subject to the one- year limitation prescribed in Rule 60(c), (2) a
complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed
by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only
within the time allowed by § 1144, § 1230, or § 1330. In some circumstances, Rule 8008 governs post-
judgment motion practice after an appeal has been docketed and is pending.

judgment is not void simply because it is erroneous. Id. (citing Hoult v. Hoult, 57 F.3d 1, 6

(1st Cir. 1995)). Rule 60(b)(4) only applies when a judgment contains a jurisdictional or due

process error. Rule 60(b)(4) allows the Court to relieve a party from a final order or

judgment that is void. A judgment or order is "void only if the court that rendered it lacked

jurisdiction of the subject matter or of the parties or it acted in a manner inconsistent with

due process of law." In re Tyler, 285 B.R. 635, 642 (Bankr. W.D. Tex. 2002) (quoting,

Williams v. New Orleans Public Serv., Inc., 728 F.2d 730, 735. (5th Cir.1984)). [12]

54.    On March 3, 2016, the state court entered an Order on Motion For Partial

Summary Judgment by Wells Fargo Bank National Association, As Trustee, And Ocwen

Loan Servicing, LLC on RESPA, Section 51.002 of the Texas Property Code and

Counterclaim for Foreclosure in Cause No. 2011-CI-02839, Bexar County, Texas ("3.3.16

Order").

55.    The state court lacked jurisdiction to enter the March 3, 2016 Order over

property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor,

New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis

Deed of Trust in violation of the automatic stay. Modified Confirmation Order, ¶9, ¶10,

¶11. See Alanis Affidavit ¶2-5, id. **Ex. 1**, **Ex. 2**.

56.    The state court lacked jurisdiction to enter the March 3, 2016 Order where the

U.S. Bankruptcy Court had the exclusive jurisdiction post confirmation, over all Chapter 11

matters of the Debtors, including matters regarding the property belonging to the estate of

---

[12] The Rooker-Feldman doctrine does not bar a bankruptcy court from reviewing a state court's determination of whether the automatic stay applies. Kalb v. Feuerstein, 308 U.S. 433 (1940) created an exception in bankruptcy cases to the general rule that judgments determining jurisdiction should be corrected through direct review, not collateral attack, because erroneous decisions by state courts as to the applicability of the automatic stay are void ab initio. See In re Cole, 552 B.R. 903, 909 (Bankr. N.D. Ga. June 24, 2016); In re Clarke, 373 B.R. 769 (Bankr. S.D. Fla. 2006)(the Rooker-Feldman doctrine does not abrogate the bankruptcy court's authority to enforce the automatic stay).

debtor New Century Mortgage Corporation, who was identified as the "Beneficiary" in the Alanis Deed of Trust. Modified Confirmation Order" at "Articles" (pg. 127), Article 15.A.[13]

57.    The state court lacked jurisdiction to enter the March 3, 2016 Order when Wells Fargo held no interest in the property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.

58.    The state court lacked jurisdiction to enter the March 3, 2016 Order when Wells Fargo mailed Alanis a January 13, 2011 Notice of Acceleration and Notice of Foreclosure falsely representing they were the mortgagee without any assignment from the New Century Mortgage Corporation or New Century Liquidating Trust. *See* Alanis Affidavit ¶25-28, *id.* **Ex. 9**.

59.    The state court lacked jurisdiction to enter the March 3, 2016 Order based on a fabricated Transfer of Lien (purportedly executed between Wells Fargo and New Century Mortgage Corporation) that was not executed with a "Liquidating Trust" power of attorney as required by the Modified Confirmation Order.  Modified Confirmation Order, ¶69. *See*

---

[13] The filing of a petition for relief automatically stays all acts against a debtor **and against property of the estate.** See 11 U.S.C. § 362(a).  Upon the filing of a bankruptcy petition, an estate is created which includes all legal and equitable rights of the bankruptcy debtor as well as those interests recovered or recoverable through transfer and lien avoidance provisions. 11 U.S.C.S. § 541.  **The stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed.** *See NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa. 1988); *In re Boston Business Machines,*87 B.R. 867, 870 (Bankr.E.D.Pa.1988). Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986).  **Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.** *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th Cir.1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986). **The bankruptcy court may provide relief upon request of "a party in interest" and after notice and a hearing.** *See* 11 U.S.C. § 362(d). The court grants relief "by terminating, annulling, modifying, or conditioning the stay." *Id*

Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶ ¶ 9, 14 and Ex. A-3, *See id.*, **Ex. 13** 8.08.08

Affidavit of Alan Jacobs (@ ¶ ¶ 5, 6, 8, 14).

60.     The state court lacked jurisdiction to enter the March 3, 2016 Order based on

a Transfer of Lien was purportedly executed using a March 2, 2005 limited power of

attorney that *predated* the April 2007 New Century Mortgage Corporation bankruptcy case

with an agent of Ocwen Loan Servicing, LLC through Manager Christina Carter acting as

"attorney-in-fact" for New Century Mortgage Corporation which was not authorized by the

Modified Confirmation Order that required the Liquidating Trust to execute powers of

attorney (*not* Ocwen employees). *id,* Modified Confirmation Order, ¶69.

61.     The state court lacked jurisdiction to enter the March 3, 2016 Order based on

a February 2, 2011 Transfer of Lien purportedly executed with an unauthorized agent of

Ocwen Loan Servicing, LLC through Manager Christina Carter acting as "attorney-in-fact"

for New Century Mortgage Corporation when in a May 23, 2012 U.S. Bankruptcy hearing,

the Trustee Alan Jacobs provided sworn testimony that only former New Century

employees (*not* Ocwen employees) were authorized to handle all Trust matters.  See Alanis

Affidavit ¶59, *id.* **Ex. 27** (beginning at pg. 177).

62.     The state court lacked jurisdiction to enter the March 3, 2016 Order based on

the fabricated Transfer of Lien purportedly executed between Wells Fargo and New

Century Mortgage Corporation because it transferred nothing to Wells Fargo when it was

executed with a nonexistent entity (New Century Mortgage Corporation) who liquidated

and assigned all of their beneficial interest in assets to the New Century Liquidating Trust

on the effective date of August 1, 2008 and thereafter, lacked existence, capacity and assets

to assign to Wells Fargo in "February 2011".  Modified Confirmation Order, ¶21, ¶17.  *See*

Alanis Affidavit, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶ ¶ 5, 6, 8, 14).

63.     The state court lacked jurisdiction to enter the March 3, 2016 Order where the

May 10, 2016 Donna Walker Declaration and attached authenticated and bates stamped

Alanis mortgage records transferred from New Century Mortgage Corporation to the New

Century Liquidating Trust on the effective date of August 1, 2008, contained a May 17,

2006 letter agreement where New Century Mortgage Corporation agreed to sell only an

"interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo. *See* Alanis

Affidavit, *See id.*, **Ex. 25** (5.17.06 letter ¶ 11, Intention of Parties).

64.     The state court lacked jurisdiction to enter the March 3, 2016 Order where the

May 10, 2016 Donna Walker Declaration and attached authenticated and bates stamped

Alanis mortgage records transferred from New Century Mortgage Corporation to the New

Century Liquidating Trust on the effective date of August 1, 2008, held the Alanis Note

with no indorsement thereon. *See* Alanis Affidavit, *See id.*, **Ex. 25**

### Rule 60(b)(3): Fraud, Misrepresentation or Misconduct

65.     Rule 60(b)(3) allows for relief from a judgment due to fraud,

misrepresentation, or misconduct by an opposing party. "In order to obtain relief under

Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the

adverse party obtained the verdict through fraud and that the conduct prevented the moving

party from fully presenting its case." Echeverria v. Bank of Am., N.A., 632 F. App'x 1006,

1010 (11th Cir. 2015)(citing Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309

(11th Cir.2003); Booker v. Dugger, 825 F.2d 281, 283-84 (11th Cir. 1987) ("Conclusory

averments of the existence of fraud made on information and belief and unaccompanied by

a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud . . . .").

66.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they intentionally concealed from the Trustee and U.S. Bankruptcy Court, their unlawful scheme to control property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation, who was identified as the "Beneficiary" in the Alanis Deed of Trust, by not filing a motion to lift the stay in violation of the automatic stay. Modified Confirmation Order, ¶9, ¶10, ¶11. *See* Alanis Affidavit ¶2-5, *id*. **Ex. 1**, **Ex. 2**.

67.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court,  that they mailed Alanis a January 13, 2011 Notice of Acceleration and Notice of Foreclosure when there was *no assignment* executed between New Century Liquidating Trust and/or New Century Mortgage Corporation with Wells Fargo during the pending bankruptcy case which deprived Wells Fargo of the requisite standing to mail a notice of acceleration and to control property belonging to the bankruptcy estate of New Century Mortgage Corporation. *See id*., **Ex. 9**, *See* Alanis Affidavit, 24-28.

68.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, they mailed Alanis a *Notice of Default with Intent to Accelerate* on December 8, 2010 when there was *no assignment* executed between New Century Liquidating Trust and/or New Century Mortgage Corporation with Wells Fargo during the pending bankruptcy case which deprived Wells Fargo of the requisite

standing to mail a notice of default to Alanis and to control property belonging to the bankruptcy estate of New Century Mortgage Corporation.  *See* Alanis Affidavit, *See id.*, **Ex. 12,** at Ex. A, ¶11.

69.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, they filed an original counterclaim on August 11, 2014 and an amended counterclaim in 2015 in the state court litigation seeking a judgment for foreclosure when there was *no assignment* executed between New Century Liquidating Trust and/or New Century Mortgage Corporation with Wells Fargo during the pending bankruptcy case which deprived Wells Fargo of the requisite standing to file a counterclaim and to control property belonging to the bankruptcy estate of New Century Mortgage Corporation. *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶12;  *See id.*, **Ex. 11**, ¶5 and *Alanis* Affidavit., **¶31-33**.

70.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, they recorded in public records and filed in a January 28, 2016 motion for summary judgment attached as "Ex A.3" to the 1.11.16 *Declaration of Gina Feezer*, the fabricated "February 2, 2011" Transfer of Lien purportedly executed between Wells Fargo and New Century Mortgage Corporation one month *after* Wells Fargo mailed a January 13, 2011 acceleration notice to Alanis using an extinguished unauthorized "2005" power of attorney that was not compliant with the required Liquidating Trust power of attorney authorized by the Modified Confirmation Order. See Objections ¶11, Modified Confirmation Order, ¶69. *See* Alanis Affidavit, *See id.*, **Ex. 12**, at

Ex. A, ¶4, 14 and Ex. A-3, *See id.*, **Ex. 9**, *See Alanis* Affidavit., ¶ 40-45, ¶ 44 (h)(i), *See id.*,

**Ex. 14**, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

71.    The state court entered the March 3, 2016 Order based on the fraud,

misrepresentation and misconduct of Wells Fargo where they concealed from the state

court, the Trustee and U.S. Bankruptcy Court, that the "February 2, 2011" Transfer of Lien

was a fabrication because it was executed by Christina Carter, an "Ocwen" Manager acting

as the attorney-in-fact for New Century Mortgage Corporation, which was not compliant

with the Modified Confirmation Order requiring a power of attorney to be executed by the

"Liquidating Trust"(*not* Ocwen employees) during the pending bankruptcy proceeding

between April 2007 and August 2016. *See Alanis* Affidavit, ¶ 44(h), *See id.,* **Ex. 14**, *See*

Objections, ¶ 11.  NCT Trustee Alan Jacobs swore in a May 23, 2012 New Century TRS

Holdings hearing before the U.S. Bankruptcy Court that *after* August 2008, he employed

*only* former "New Century" employees to handle all trust matters for the NCT, *not* "Ocwen"

employees. *See id.*, **Ex. 27 (pg. 177-78).**  Therefore, Christina Carter was never authorized

to execute any documents in "2011" for the NCT.  *(emphasis added).*

72.    The state court entered the March 3, 2016 Order based on the fraud,

misrepresentation and misconduct of Wells Fargo where they concealed from the state

court, the Trustee and U.S. Bankruptcy Court, that  Ocwen Manager Christina Carter

continued making false sworn statements when swearing to a fake "2011" address for the

August 2008 liquidated Debtor New Century Mortgage Corporation described as

(**1661 Worthington Rd., Ste 100, West Palm Beach, FL 33409**) and which was not the

Debtor New Century TRS Holdings, Inc. address as stated in their bankruptcy petition

(**18400 Von Karman Ave., Suite 1000, Irvine, CA, 92612**) which was a Wells Fargo

scheme to direct all New Century Mortgage Corp. disputes back to an Ocwen address, and not the U.S. Bankruptcy Court or the New Century Liquidating Trust.

73.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that the Transfer of Lien purportedly executed between Wells Fargo and New Century Mortgage Corporation transferred nothing to Wells Fargo because it was executed with a nonexistent entity (New Century Mortgage Corporation) who liquidated and assigned all of their beneficial interest in assets to the New Century Liquidating Trust on the effective date of August 1, 2008 and thereafter, lacked existence, capacity and assets to assign to Wells Fargo in "February 2011". Modified Confirmation Order, ¶21, ¶17. *See* Alanis Affidavit, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ ¶¶ 5, 6, 8, 14).

74.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that the Transfer of Lien purportedly executed between Wells Fargo and New Century Mortgage Corporation transferred nothing to Wells Fargo because the May 10, 2016 Donna Walker Declaration and attached authenticated and bates stamped Alanis mortgage records transferred from New Century Mortgage Corporation to the New Century Liquidating Trust on the effective date of August 1, 2008, contained a May 17, 2006 letter agreement where New Century Mortgage Corporation agreed to sell only an "interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo who was never in the Alanis chain of title. *See* Alanis Affidavit, *See id.*, **Ex. 25** (5.17.06 letter ¶ 11, Intention of Parties).

75.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration, Declarant Feezer falsely wore *under the penalty of perjury* that the February 2, 2011 Transfer of Lien was an "…original or exact duplicate of the originals…".  *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶14 and Ex. A-3 Transfer of Lien.

76.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, they responded to Interrogatories in April 2012 and falsely swore to a different assignment date which was *not* the February 2, 2011 Transfer of Lien date. Wells Fargo falsely swore "…Wells Fargo is the owner of the note and mortgage pursuant to assignment dated June 27, 2006…".  *See* Alanis Affidavit, *See id.*, **Ex. 15 ¶2.**

77.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, they filed a January 28, 2016 motion for summary judgment in state court and attached the January 11, 2016 Declaration of Gina Feezer, Ocwen Custodian of Records with attached exhibits ("Feezer Declaration") and where Declarant Feezer falsely swore *under the penalty of perjury* that Wells Fargo was assigned the Alanis loan on or about October 31, 2006 which was a different assignment date and *not* the February 2, 2011 Transfer of Lien date.  *See id.*, **Ex. 12**, at Ex. A, ¶9.

78.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state

court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* Wells Fargo was the "owner and holder of this mortgage loan". *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶4.

79.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury,* Ocwen Loan Servicing was Alanis' loan servicer. *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶4-6.

80.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that Alanis' defaulted under the terms of the Note and failed to remit a "February 2010" loan payment and every month thereafter which created the Wells Fargo fake default to allege a fictitious 2010 default and 2011 acceleration. *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶10.

81.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that Alanis had in fact, mailed her 2010 loan payments to the loan servicers (Ocwen and Homeq) through USPS certified mail and secured money orders and the loan servicers intentionally failed to post the same. *See id.*, **Ex. 8**, *See* Alanis Affidavit, ¶38-39.

82.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration,

Declarant Feezer falsely swore *under the penalty of perjury* that "...the total due under the terms of the Loan Agreement...was $356,834.09...". *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶13.

83.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, that through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...**the original Note with the indorsement was held in the offices of Mackie Wolf Zientz & Mann, PC**..." and contradicted the 8.8.08 Alan Jacobs Affidavit, the Walker NCT Records and sworn statements that the New Century Mortgage Corporation records (i.e. Alanis mortgage loan) were transferred to the Trust (not Wells Fargo or Mackie Wolf Zientz & Mann). *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶15; *See id.*, **Ex. 25**, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

84.    The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, through the Feezer Declaration, Declarant Feezer falsely swore *under the penalty of perjury* that "...**the original Note was assigned only once from New Century to Wells Fargo, and there is only one indorsement** which is by New Century in blank...." and contradicted the 8.8.08 Alan Jacobs Affidavit, the Walker NCT Records and sworn statements that the New Century Mortgage Corporation records (i.e. Alanis mortgage loan) were transferred to the Trust (not Wells Fargo or Mackie Wolf Zientz & Mann). *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶15; *See id.*, **Ex. 25**, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

85.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the state court, the Trustee and U.S. Bankruptcy Court, Wells Fargo attorney Mark D. Cronenwett filed in a January 28, 2016 motion for summary judgment in state court,  his November 5, 2015 Affidavit of Mark Cronenwett with an attached "Ex. B-1", a fabricated Alanis Note containing an unauthorized "Steve Nagy" indorsement thereon and swore "...**Attached hereto as Exhibit B-1 is a true and correct copy of a the original Adjustable Rate balloon Note ("Note") ....this copy has been made from the actual original Note, which is presently located in the offices of Mackie Wolf Zientz & Mann, PC**...".  The "Ex. B-1" Alanis Note contradicted the May 23, 2012 sworn testimony of Alan Jacobs who swore "Steve Nagy" stamps on Notes after August 2008 were unauthorized. See Alanis Affidavit ¶59-62, *id*. **Ex. 26**, *id*. **Ex. 27** (beginning at pg. 177). The "Ex. B-1" Alanis Note also contradicted the Walker NCT Records which showed the Trust held the actual original Alanis Note with no indorsement thereon. *See* Alanis Affidavit, **Ex. 25,** See Alanis Affidavit ¶52-58.

86.     The state court entered the March 3, 2016 Order based on the fraud, misrepresentation and misconduct of Wells Fargo where they concealed from the Trustee and U.S. Bankruptcy Court, that Wells Fargo obtained a March 3, 2016 order on Wells Fargo counterclaim for foreclosure in Cause No. 2011-CI-02839 during the pending bankruptcy and in violation of the automatic stay which authorized Wells Fargo unlawful control over property belonging to the bankruptcy estate of New Century Mortgage Corporation, where Wells Fargo concealed New Century Mortgage as "Beneficiary" and identified Wells Fargo as the "Beneficiary" in the Alanis Deed of Trust.  *See* Alanis Affidavit, *See id*., **Ex. 24.**

## Rule 60(b)(6): Any Other Reason that Justifies Relief

87.     It is well settled that Rule 60(b)(6) is a residual provision designed to cover unforeseen contingencies. *In re Timmons,* 479 B.R. 597, 605 (Bankr. N.D. Ala. Sept. 20, 2012). "Relief is appropriate under this provision only upon a showing of exceptional circumstances and where absent such relief, an extreme and unexpected hardship will result." *Id.* (citation and quotation marks omitted). "Even then, whether to grant the requested relief is a matter for the ... court's sound discretion." *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006). Intervening developments, without something more, rarely constitute extraordinary circumstances for purposes of Rule 60(b)(6). *Timmons,* 479 B.R. at 605 (*citing Agostini v. Felton,* 521 U.S. 203, 239 (1997). A motion brought under Rule 60(b)(6) should be granted if appropriate to accomplish justice. *Id.* (citing *Klapprott v. U.S.* 335 U.S. 601, 614-615 (1949).

88.     During the state court litigation, Alanis filed the undisputed securitization expert report of Daniel L. Castro who concluded the Alanis Note had PSA chain of title endorsement defects and was never securitized in the Wells Fargo Trust.  He further concluded Wells Fargo, As Trustee, never owned a legal or equitable interest in the Alanis mortgage loan. *See* Alanis Affidavit, **Ex. 17,** *id.,* ¶49.

89.     After obtaining a copy of the Modified Confirmation Order in August 2020 and reviewing the same, Alanis discovered the state court lack of jurisdiction and Wells Fargo foreclosure eviction scheme in violations of the U.S. Bankruptcy Code and other laws.

90.     Alanis discovered through the October 2015 Judges Notes, there were pervasive *ex parte* communications between Wells Fargo attorneys and multiple state court

judges collectively working in concert to repudiate the U.S. Bankruptcy Code and other laws to aid and abet the Wells Fargo nefarious foreclosure eviction scheme to take control of property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust, in violation of the automatic stay. *See* Alanis Affidavit, **Ex. 30,** *id.,* ¶66-68.

91.    To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, Wells Fargo intentionally did not file a motion to lift the stay to avoid exposing their control of property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust and to increase their bottom line.

92.    To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court when refusing to permit Alanis from admitting the Walker NCT Records in a May 24, 2016 plea to the jurisdiction hearing so no record could be made of the New Century Bankruptcy case and/or of the property belonging to the bankruptcy estate of Alanis original lender mortgagee debtor, New Century Mortgage Corporation who was identified as the "Beneficiary" in the Alanis Deed of Trust.  And with a trial court record containing no admitted exhibits, the court of appeals would be unable to enter any order on bankruptcy court jurisdiction. *See* Alanis Affidavit ¶ 63-68, *See id.*, **Ex. 28**, **Ex. 30.**

93.    To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and U.S. Bankruptcy Court, the state court intentionally refused to relinquish jurisdiction to the U.S. Bankruptcy Court by entering an October 13, 2015 Order on Wells Fargo Amended Special Exceptions which prohibited Alanis from challenging the Deed of Trust and "validity of the Transfer of Lien".  Therefore, Alanis was unable to present evidence in the

state court there was property belonging to the bankruptcy estate of Alanis original lender

mortgagee debtor, New Century Mortgage Corporation who was identified as the

"Beneficiary" in the Alanis Deed of Trust and to also prove, a broken chain of title which

deprived Alanis due process. *See* Alanis Affidavit ¶ 51(a), *See id.*, **Ex. 22.**

94.    To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and

U.S. Bankruptcy Court, the state court intentionally ignored the filed Alanis timely remitted

2010 loan payments with secured money orders mailed USPS certified to the Wells Fargo

loan servicer which conflicted with the Declarant Feezer falsely sworn statements made

*under the penalty of perjury*, that Alanis failed to remit payments since "February 2010".  *See*

Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶10, *See id.*, **Ex. 8**, *See* Alanis Affidavit, ¶38-39.

95.    To conceal the Wells Fargo foreclosure eviction scheme from the Trustee and

U.S. Bankruptcy Court, the state court intentionally permitted Wells Fargo to alter the Deed

of Trust terms when removing "New Century Mortgage Corporation" as the sole

Beneficiary and permitting Wells Fargo to falsely include in the March 3, 2016 Order that

Wells Fargo was the Beneficiary and first lien holder when they were not without a valid

assignment from New Century Mortgage Corporation and/or NCT. and *See id.*, **Ex. 24**, and

*Alanis* Affidavit, **¶51(c).**

96.    The state court all but rewarded the Wells Fargo foreclosure eviction scheme

when entering the March 3, 2016 Order and ordering Wells Fargo to foreclose and recover a

judgment against Alanis in the amount of $356, 217.31 plus interest, attorneys fees, and

costs and further ordering the Deed of Trust foreclosed because Alanis breached her

payment obligations under the Note and Deed of Trust, when the state court and Wells

Fargo knew Alanis was never in breach of her loan agreements.

97.     And pursuant to the  Wells Fargo August 6, 2018 Response to Petitioner's Motion For Sanctions filed at the Texas Supreme Court in Case No. 18-0617, Wells Fargo apprised the high court in ¶ 8-9, that Wells Fargo and Ocwen recovered a judgment in the amount of 356,217.31, plus prejudgment and post judgment interest and were also awarded $185,364.00 in attorney fees and additional fees for appeal.  **And as of the time the Notice of Writ was served, the judgment amount was $702,339.83 plus any additional costs** incurred. *See id.*, **Ex. 34, Ex. 32, 31**, and *Alanis* Affidavit, **¶69-72, ¶74.**

### Conclusion

This Court agrees with the line of cases that concludes the Rooker-Feldman doctrine does not bar a bankruptcy court from reviewing a state court's determination of whether the automatic stay applies. *See In re Cole,* 552 B.R. 903, 909 (Bankr. N.D. Ga. June 24, 2016); *In re Clarke,* 373 B.R. 769 (Bankr. S.D. Fla. 2006).  If a federal bankruptcy court were to intervene in a state court judgment, it could do so if the state proceedings were void ab initio, where a void judgment being one which from its inception was a complete nullity and without legal effect. *In re James*, 940 F.2d 46, 52 (3d Cir. 1991).  A void judgment may be attacked at any time, regardless of statute of limitations and other deadlines. *See, e.g., United States v. One Toshiba Color TV.,* 213 F.3d 147, 157 (3d Cir.2000) (noting that if a final judgment is void, "no passage of time can transmute [it] into a binding judgment" and further stating that "a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought").

Actions taken in violation of an automatic stay are void, *Kalb v. Feuerstein,* 308 U.S. 433, 438, 84 L. Ed. 370, 60 S. Ct. 343 (1940).  Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings

31

against the debtor. *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th

Cir.1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986).  The general principle is that

any creditor action taken in violation of an automatic stay is void *ab initio.  See Maritime*

*Electric Co. v. United Jersey Bank,* 959 F.2d 1194, 1206 (3d Cir. 1991).  *Maritime Electric Co. v.*

*United Jersey Bank,* 959 F.2d 1194, 1206 (3d Cir. 1991).  A creditor who has possession of

property in which a debtor has an interest at the time a bankruptcy petition is filed has an

obligation to immediately return the property to the debtor's estate upon receiving notice of

the petition. *See Id.* at 205 (explaining that the estate includes property in which the debtor

could have had a possessory interest on the date the petition was filed, including property

not in the debtor's possession on the date of the petition). *United States v. Whiting Pools, Inc.*,

462 U.S. 198, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983).  Relief from the [automatic] stay can

be granted only by the bankruptcy court having jurisdiction over a debtor's

case." *Constitution Bank v. Tubbs,* 68 F.3d 685 [691] (3d Cir. 1995).

The state court lacked jurisdiction to enter orders in connection with property

belonging to the bankruptcy estate of New Century Mortgage Corporation who was

identified as the "Beneficiary" in Alanis Deed Of Trust in violation of the automatic stay.

Res judicata requires a final judgment by a court of competent jurisdiction and

identity of causes of action, issues and parties. *See Culver v. Insurance Co. of North*

*America,* 115 N.J. 451, 461, 559 A.2d 400 (1989).  In contrast to Res Judicata, Collateral

estoppel requires only **identity of parties and issues and bars only relitigation of those**

**issues**. Such issues, however, must have been "fully and fairly litigated in the prior

proceeding" for collateral estoppel to apply. *N.M. v. J.G.,* 255 N.J.Super. 423, 605 A.2d 709

(App.Div. 1992).

The state court lacked jurisdiction to enter orders in connection with property belonging to the bankruptcy estate of New Century Mortgage Corporation who was identified as the "Beneficiary" in Alanis Deed Of Trust and Alanis has raised claims in connection with Wells Fargo violations of the federal automatic stay injunction and the Modified Confirmation Order that were never asserted claims in the state court. The state court action was a proceeding against property (in rem) while the proposed federal case would proceed against an individual (in personam). Because of those differences, the Alanis claims are not precluded because they have not yet been reviewed by any bankruptcy court.In a bankruptcy proceeding where equitable principles require reexamination of the basis for the judgment, res judicata becomes inapplicable to the proceeding. *In re Farrell,* 27 B.R. 241, 245 (Bankr. E.D.N.Y. 1982).

Alanis has met her burden of showing relief is appropriate under select FRCP 60(b) provisions upon a showing of exceptional circumstances and where absent such relief, an extreme and unexpected hardship will result. The American dream of home ownership requires compliance with all laws and never contemplated or authorized a predator creditor like Wells Fargo to ignore with impunity, the U.S. Bankruptcy laws in order to conceal unlawful control over Debtor property and then undertake deceptive acts to ignore bankruptcy court jurisdiction and obtain state court orders to unlawfully foreclose and evict New Century loan compliant homeowners from their homes and create potential homeless issues. Alanis has demonstrated that over a ten year period, she suffered substantial financial harm to defend and protect her property rights against the titanic Wells Fargo who chose to continue on the grim path towards an iceberg that would eventually sink their scheme to willfully ignore the U.S. Bankruptcy Code and other laws including willful violations of the automatic stay and the Modified Confirmation Order that ultimately

33

deprived Alanis a full and fair opportunity to litigate her claims.  For the reasons set forth

herein, it is hereby **ORDERED** the Motion To Vacate the state court March 3, 2016 Order

on Motion For Partial Summary Judgment by Wells Fargo Bank National Association, As

Trustee, And Ocwen Loan Servicing, LLC on RESPA, Section 51.002 of the Texas

Property Code and Counterclaim for Foreclosure in Cause No. 2011-CI-02839, Bexar

County, Texas ("3.3.16 Order") is in all respects GRANTED.  The corresponding sheriff

sale and eviction judgment (Cause No. 32E1803776) that relied on the 3.3.16 Order are

declared void, a nullity and of no further force and effect.  It is further ORDERED that

within thirty days, Wells Fargo shall record a full release of lien in the Deeds and Trust

Records of Bexar County, Texas in connection with the real property as described in the

Note and Deed of Trust loan documents (Deed of Trust Recorded Doc #: 20060146541)

executed on June 15, 2006 between Alanis and New Century Mortgage Corporation.  This

Court shall retain exclusive jurisdiction.

Accordingly, it is hereby:

**ORDERED** that the Motion To Vacate is GRANTED.

BY THE COURT:

_____

BRENDAN LINEHAN SHANNON
United States Bankruptcy Judge

Dated: January ____, 2021
Wilmington, Delaware