# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY TRS HOLDINGS, INC., a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 07-10416 (BLS)<br><br>Re: Docket Nos. 11572, 11574 and 11581<br><br>Hearing: January 28, 2021 at 10:00 am (ET)<br>Objections Due: January 21, 2021 at 4:00 pm (ET) |

## MOTION FOR JUDICIAL NOTICE IN CONSIDERATION OF MOTION TO REOPEN CHAPTER 11 CASE

Alan M. Jacobs, in his capacity as the former Bankruptcy Court-appointed Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust, by and through his former co-counsel, Hahn & Hessen LLP and Blank Rome LLP, respectfully moves this Court, in consideration of the *Nancy Alanis Motion to Reopen Chapter 11 Case to (I) File Adversarial Complaint; (II) Obtain Court Orders on Core Proceeding Matters; and (III) Obtain Related Relief* [ECF 11572] (the "Motion"), filed by Nancy Alanis ("Alanis"), the Trustee's objection thereto [ECF 11574] (the "Objection"), and *Movant Nancy Alanis Response to Objection of the Former Trustee of the New Century Liquidating Trust to Motion to Reopen Chapter 11 Case and Motion to Vacate Void State Court Judgment* [ECF 11581] (the "Response"), to take judicial

---

[1] The pre-confirmation Debtors were the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a

notice of the information contained in **Exhibit A**. In support of the Trustee's motion, he respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  In the interest of judicial economy, the Trustee respectfully requests that the Court take judicial notice of its own *Order Providing that the Automatic Stay under Section 362(a) of the Bankruptcy Code is Terminated to Permit the Commencement or Continuation of any Action to Foreclose upon or Extinguish an Interest Listed in the Name of the Debtor* dated as of July 14, 2008 [ECF 8595] (annexed hereto as **Exhibit A**, the "Stay Termination Order"). The Trustee believes that taking judicial notice of the Stay Termination Order will enable the Court to more efficiently, fully and fairly decide the issues raised in the Motion.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This request constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  Pursuant to Local Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware*, the Trustee consents to the entry of a final judgment or order with respect to the Trustee's motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

5. The legal predicate for the relief requested herein is Federal Rule of Evidence 201 ("FRE 201").

**RELEVANT BACKGROUND**

6. On October 30, 2020, Alanis filed the Motion seeking to "reopen this case to address the Wells Fargo knowing and willful automatic stay and injunction violations" and, *inter alia*, obtain a judgment for purported damages arising from such actions. Motion, ¶1; See *id*., n. 25, ¶¶157, 158(2)-(4).

7. Alanis asserted that

> the Modified Confirmation Order (at p.16, par. 11), authorized compliance with Relief from Stay as follows:
>
> … (i) **all Orders of the Court entered during the Chapter 11 Cases including, without limitation, the Order Providing that the Automatic Stay under Section 362(a) of the Bankruptcy Code is Terminated to Permit the Commencement or Continuation of any Action to Foreclose upon or Extinguish an Interest Listed in the Name of the Debtor dated as of July 14, 2008** (the "Stay Termination Order"), that provide for relief from the automatic stay imposed by section 362 of the Bankruptcy Code shall remain in full force and effect following the Modified Effective Date, **(ii) to the extent that the Liquidating Trust or any third parties file motions prior to the Modified Effective Date seeking relief from the automatic stay imposed by section 362 of the Bankruptcy Code, any order of the Court granting such relief**, including, without limitation, the Stay Termination Order **shall supersede this Order, and (iii) following the Modified Effective Date, parties may seek relief from all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, including this Order, upon sufficient notice and a hearing**.

Motion, ¶16 (emphasis in original).

8. Although her Motion (and her Response) specifically refer to the Stay Termination Order, Alanis did not include that Order with the approximately nine hundred (900)

pages of exhibits filed in support of her Motion. *Compare* Motion, ¶16, and Response, ¶58, *with*

**Ex**. **1-36**.

    9.     The Stay Termination Order provides, in relevant part, that …

> 3.     The automatic stay under 11 U.S.C. § 362(a) is hereby terminated to permit the commencement or continuation of any action to foreclose or similarly proceed to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor….
>
> 6.     Any party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property held by the Debtor shall not file a motion for relief from stay relating to such foreclosure or extinguishment or otherwise extinguish an interest in real property held by the Debtor nor shall serve any documents related thereto upon the Debtors, the Committee, the Liquidating Trustee/Plan Administrator or their respective counsel in these cases.  Such professionals are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following entry of the order granting this Motion.
>
> 7.     If, notwithstanding the Court's directive in paragraph 6 of this Order, a party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property listed as held by a Debtor files a motion for relief from stay in these chapter 11 cases, such motion shall be deemed moot and will not be granted or otherwise entertained by this Court.

Stay Termination Order, ¶¶3, 6-7.

    10.     On December 10, 2020, the Trustee filed the Objection.

    11.     On January 12, 2021, Alanis filed the Alanis Response.

    12.     A hearing on the Motion is scheduled for January 28, 2021 at 10:00 a.m. (EST).

## **ARGUMENT**

    13.     This Court has the authority to take judicial notice of its own docket, pleadings and orders. FED. R. EVID. 201; *See, e.g., Richardson v. Monaco (In re Summit Metals, Inc.)*, 477

B.R. 484, 488 n.1 (Bankr. D. Del. 2012).  **Exhibit A** is a true and accurate copy of the Stay Termination Order entered by this Court. *See* ECF 8595.  The date of entry of and the contents of that Order are not subject to reasonable dispute.  Just cause exists for this Court to take judicial notice of the Stay Termination Order as it will advance the interests of judicial economy.

14. Through the Stay Termination Order, this Court established a process by which the automatic stay had been "terminated to permit commencement or continuation of any action to foreclose or similarly proceed to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor." Stay Termination Order, ¶3.  In fact, parties taking such action were not required (or even permitted) to file a motion for relief from the stay to do so. *Id*., ¶6 ("shall not file").  Moreover, even if a party did file such a motion, that motion would "be deemed moot" and would "not be granted or otherwise entertained by the Court." *Id*., ¶7.  Thus, a party commencing or continuing an action to foreclose on a mortgage, such as the mortgage reference in the Motion, could not have violated the automatic stay.  As such, the Stay Termination Order is relevant to this contested matter because the basis for the claims that Alanis seeks to assert if the Motion is granted arise from Well Fargo's purported stay violation and taking judicial notice of that Order will advance the interests of judicial economy by assisting this Court to efficiently, fully and fairly decide the issues raised in the Motion.

15. No prejudice will inure to Alanis from taking judicial notice of the Stay Termination Order because, even though Alanis did not include that Order with her other voluminous supporting exhibits, she was aware of and referred to the Order in both her Motion and Response.[2] *See* Motion, ¶16: Response, ¶58.

---

[2] The Trustee draws no inference from this omission.  Rather, the Trustee merely posits that the Court will benefit from a more fulsome record by taking judicial notice of the Stay Termination Order.

## NOTICE

16. Notice of this motion will be given to (a) the office of the United States Trustee for the District of Delaware, and (b) Alanis. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice is necessary.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially annexed hereto as **Exhibit B**, granting (i) the relief sought in the Trustee's motion, and (ii) such further relief that the Court deems just and proper.

Dated: January 14, 2021

**BLANK ROME LLP**

*/s/ Victoria A. Guilfoyle*
Victoria A. Guilfoyle, Esq. (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Jeffrey Zawadzki, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Former Trustee of the
New Century Liquidating Trust*