# EXHIBIT A

## Stay Termination Order

999998.02565/124967385v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

NEW CENTURY TRS HOLDINGS, INC., et al.,[1]

Debtors.

Chapter 11

Case No. 07-10416 (KJC)
(Jointly Administered)

Re Docket No. 8214

## ORDER PROVIDING THAT THE AUTOMATIC STAY UNDER SECTION 362(a) OF THE BANKRUPTCY CODE IS TERMINATED TO PERMIT THE COMMENCEMENT OR CONTINUATION OF ANY ACTION TO FORECLOSE UPON OR EXTINGUISH AN INTEREST LISTED IN THE NAME OF A DEBTOR

Upon the joint motion dated June 27, 2008 (the "Motion") of New Century TRS Holdings, Inc., et al., the above-captioned debtors and debtors-in-possession (the "Debtors") and The Official Committee of Unsecured Creditors (the "Committee"), by and through their counsel, for the entry of an order providing that the automatic stay under section 362(a) of the Bankruptcy Code is terminated to permit the commencement or continuation of any action to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor; and notice of the Motion having been provided to the Office of the United States Trustee and all parties requesting notice pursuant to Bankruptcy Rule 2002; and it appearing that

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a new Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership; and New Century Warehouse Corporation, a California corporation.

no other or further notice is required; and after due notice and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion, as set forth in this Order, is GRANTED.

2. Capitalized terms not defined herein have the meanings given to them in the Motion.

3. The automatic stay under 11 U.S.C. § 362(a) is hereby terminated to permit the commencement or continuation of any action to foreclose or similarly proceed to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor.

4. Any party seeking to foreclose upon a mortgage or otherwise extinguish an interest in real property listed in the name of a Debtor must comply with all notice requirements under applicable state or local law but shall not serve any documents related thereto upon counsel to the Debtors, counsel to the Committee or counsel to the Liquidating Trustee/Plan Administrator. Such professionals are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following entry of the order granting this Motion.

5. This order supersedes any order confirming the *Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dates as of April 23, 2008* insofar as such Order extends the automatic stay and otherwise enjoins the commencement or continuation of any action to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property listed as held by a Debtor.

2

6. Any party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property held by the Debtor shall not file a motion for relief from stay relating to such foreclosure or extinguishment or otherwise extinguish an interest in real property held by the Debtor nor shall serve any documents related thereto upon the Debtors, the Committee, the Liquidating Trustee/Plan Administrator or their respective counsel in these cases. Such professionals are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following entry of the order granting this Motion.

7. If, notwithstanding the Court's directive in paragraph 6 of this Order, a party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property listed as held by a Debtor files a motion for relief from stay in these chapter 11 cases, such motion shall be deemed moot and will not be granted or otherwise entertained by this Court.

8. A notice shall be placed on the docket for these chapter 11 cases providing that parties seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property listed as held by a Debtor are ordered not to file relief from stay motions relating thereto and directing such parties to this Order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: July 14, 2008
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3