## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re                                            §
NEW CENTURY TRS HOLDINGS, INC *et al.*,          §          Case No. 07-10416 (BLS)
                                                 §
Debtors.                                         §          (Chapter 11)

_____

NANCY K ALANIS                                   §
                                                 §
*Movant*                                         §
                                                 §
v.                                               §
                                                 §
Liquidating Trustee                              §
NEW CENTURY TRS HOLDINGS, INC *et al*            §
                                                 §
And                                              §
                                                 §
NEW CENTURY TRS HOLDINGS, INC *et al*            §   **Hearing: January 28, 2021 at 10:00 am (ET)**
                                                 §   **Objections Due: January 21, 2021 at 4:00 pm (ET)**
*Respondents*                                    §

**FILED
2021 JAN 19 AM 10:56
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE**

### NANCY ALANIS RESPONSE TO TRUSTEE AND FORMAL COUNSEL OF TRUSTEE MOTION FOR JUDICIAL NOTICE IN CONSIDERATION OF MOTION TO REOPEN CHAPTER 11 CASE AND MOTION TO VACATE VOID 362(a) TERMINATION ORDER AND VACATE VOID STATE COURT FORECLOSURE ORDERS IN BEHALF OF ALL NEW CENTURY MORTGAGE CORPORATION BORROWERS

TO THE HONORABLE JUDGE OF SAID COURT:

Nancy Alanis, a party-in-interest in the above-captioned bankruptcy case (the "Bankruptcy Cases") of NEW CENTURY TRS HOLDINGS, INC. *et al* (the "Debtors"), respectfully submits this *Nancy Alanis Response To Trustee And Formal Counsel Of Trustee Motion For Judicial Notice In Consideration Of Motion To Reopen Chapter 11 Case And Motion To Vacate Void 362(A) Termination Order And Vacate Void State Court Foreclosure Orders In Behalf Of All New Century Mortgage Corporation Borrowers* (the "Motion"), and in support thereof respectfully states as follows:

1

## I.    PRELIMINARY STATEMENT & OBJECTIONS

1.     The *Nancy Alanis Motion to Reopen Chapter 11 Case to (i) File Adversarial Complaint; (ii) Obtain Court Orders on Core Proceeding Matters; and (iii) Obtain Related Relief* [ECF 11572] (the "Motion") and corresponding affidavit in support of the same, Trustee Objections ("Objections") and *Motion For Judicial Notice In Consideration Of Motion To Reopen Chapter 11 Case* ("Trustee Judicial Notice") are incorporated herein by reference for all purposes as thought repeated in full verbatim. [1]

2.     On January 14, 2021, Alan M. Jacobs, in his capacity as the former Bankruptcy Court-appointed Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust, by and through his former co-counsel, Hahn & Hessen LLP and Blank Rome LLP filed his Trustee Judicial Notice.

3.     In relevant part, the Trustee asked this Court to take judicial notice of the July 14, 2008 Order Providing That **The Automatic Stay Under Section 362(A) Of The Bankruptcy Code Is Terminated To Permit The Commencement Or Continuation Of Any Action To Foreclose Upon Or Extinguish An Interest Listed In The Name Of The Debtor** ("362(A) Stay Termination Order") which was a manifest reveal which Alanis had not been previously provided and which order on its face is void *ab initio* for ignoring and whitewashing the U.S. Bankruptcy Code with impunity when unlawfully terminating the automatic stay in violation of 11 U.S.C. § 362(j), 362(c) and 11 U.S.C. § 362(d). [2]

4.     Alanis objects to the void *ab initio* **362(A) Stay Termination Order** because it disregarded and grossly undervalued the bankruptcy estate of debtor New Century Mortgage

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(A).

[2] The 362(A) Stay Termination Order is new evidence which Alanis received through the Trustee January 14, 2021 judicial request motion. The November 20, 2009 Modified Confirmation Order contained only an excerpt of the Order which Alanis reviewed.

Corporation by gifting billions of dollars in fraudulent transfers to creditors everywhere *without* consideration.

5.      The *362(A) Stay Termination Order* also ignored billions of dollars in mortgage loans where debtor New Century Mortgage Corporation was identified as the "Beneficiary" in Deeds of Trust.   Rather than protect the mortgage loan assets belonging to the debtor bankruptcy estate, the order repudiated and ordered non-compliance with the U.S. Bankruptcy Code automatic stay provisions resulting in millions of dollars of substantial financial harm to thousands of loan compliant New Century Mortgage Corporation borrowers across this country who lost their homes to unlawful foreclosures as Alanis, after New Century Mortgage Corporation transferred all of their assets to the New Century Liquidating Trust on or about August 1,  2008 and trusted their compliance with the U.S. Bankruptcy Code, rules and other laws.

6.      Thereafter, the New Century Liquidating Trust became the Successor-In-Interest To New Century Mortgage Corporation ("NCT") and the NCT ratified an unlawful July 2014 stay termination order that removed the automatic stay safety protocols envisioned by Congress to ensure true parties in interest were filing motions to lift the stay to continue state court litigation in connection with foreclosures.

7.      As a result, predator creditors like Wells Fargo began fabricating assignments after 2008 purportedly executed with the liquidated New Century Mortgage Corporation to falsely assert standing in the mortgage loans of thousands of New Century Mortgage Corporation borrowers and then allege false defaults/false accelerations to obtain unlawful foreclosure and eviction orders to aid in removing loan compliant borrowers from their homes and increase their bottom line.

8.     Because New Century Mortgage Corporation was identified as the "Beneficiary" in her Deed of Trust and Alanis suffered substantial financial harm including closing her successful business to fight an unlawful foreclosure and eviction as a result of the unauthorized acts of the Trustee, Alanis has constitutional and bankruptcy standing to file her motion to reopen the Chapter 11 bankruptcy case of New Century TRS Holdings as well as seek orders to declare void, orders that were entered in violation of the U.S. Bankruptcy Code.[3]

9.     It is undisputed that only *after the entry of the 362(A) Termination Order*, Wells Fargo engaged in the most egregious fraudulent conduct at the invitation of the Trustee who never moved to vacate the void *362(A) Stay Termination Order* which was entered in violation of the U.S. Bankruptcy Code as demonstrated through the Texas Alanis 2011 litigation and separately from the Texas Wolf litigation.

10.     In November 2015, a Houston Texas jury awarded 5.4 million dollars to the Wolfs against Wells Fargo, As Trustee after Wells Fargo fabricated a "September 30, 2009

---

[3] A party seeking constitutional standing must demonstrate an "injury in fact" that is "concrete", "distinct and palpable", and "actual or imminent." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135(1990). Additionally, the party must establish that the injury "fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Id.* (internal quotations omitted). We have noted that "[t]he contours of the injury-in-fact requirement, while not precisely defined, are very generous." *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982). The standard is met as long as the party alleges a "specific, 'identifiable trifle' of injury," *id.* (quoting *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686-90, 690 n. 14, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)), or a "personal stake in the outcome of [the] litigation," *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000). *See In re Congoleum Corp.*, 426 F.3d 675, 685 (3d Cir. 2005) ("Article III standing need not be financial and only need be fairly traceable to the alleged illegal action.").

Standing in bankruptcy cases is also governed by the terms of 11 U.S.C. § 1109(b), which provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). **The list of potential parties in interest in § 1109(b) is not exclusive. On the contrary, that section "has been construed to create a broad right of participation in Chapter 11 cases."** *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 n. 21 (3d Cir. 2004). **The United States Court of Appeals for the Seventh Circuit has described a party in interest as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding."** *In re James Wilson Associates*, 965 F.2d 160, 169 (7th Cir. 1992). **That "party in interest" test comports with our own definition of a "party in interest" as one who "has a sufficient stake in the proceeding so as to require representation."** *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985).

transfer of lien assignment purportedly executed with the August 2008 liquidated New Century Mortgage Corporation (not the NCT as successor) and identified New Century Mortgage Corporation as the "holder of Note and Lien" and used the fabricated assignment to unlawfully foreclose and evict the Wolf's from their homestead property, (Cause No. 2011-36476). *See* Alanis Affidavit, *See id.,* **Ex. 36.** *See Also* **LINK: https://www.hughesellzey.com/sample-trial-experience**

11.     Pursuant to the Trustee and the Walker NCT Records, after transferring all beneficial interest in their assets to the New Century Liquidating Trust in August 2008, New Century Mortgage Corporation was liquidated and lacked existence, capacity and assets to assign to Wells Fargo or any entity after "August 2008" and/or in "February 2011". *See* Motion, ¶80-81, *See* Motion, ¶ ¶ 61-63, *See* Alanis Affidavit, *See* Alanis Affidavit, **¶ 53,** *See id.,* **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.,* **Ex. 25.**

12.     And after New Century Mortgage Corporation transferred all of their assets to the New Century Liquidating Trust in August 2008, all assignments thereafter could only be executed by "New Century Liquidating Trust -**as-Successor-to**- New Century Mortgage Corporation".[4]  *See* Motion, ¶ ¶ 61-63.

13.     In the Alanis litigation which commenced in Bexar, County, Texas in 2011, it is undisputed that on or about June 15, 2006, Alanis executed a note (the "Note") in favor of New Century Mortgage Corporation in the principal amount of $193,500 (the "Loan") as lender on a loan secured by real property located in Bexar County, Texas (the "Real Property"). *See* Alanis Affidavit, *See id.,* **Ex. 1**. The Note was secured by a *Deed of Trust*

---

[4] See MEMORANDUM ORDER, Case No. 07-10416 (BLS) (Re: docket no. 11553), Michael D. Lynch & Candence B. Lynch: (…15. and at the request of Deutsche Bank and Ocwen, **the NCL Trust, as successor to NCMC**: (i) prepared a "business records" affidavit explaining the sale of the Note and Mortgage…)

executed by Alanis (the **"Deed of Trust"**) **which identified New Century Mortgage Corporation as the "Beneficiary"** and was recorded in the public records of Bexar County, Texas under document number 20060146541. *See* Alanis Affidavit, *See id.*, **Ex. 2.**

14.     It is undisputed that  in her state court litigation with Wells Fargo in Cause No. 2011-CI-02839, Wells Fargo loan servicer falsely swore under the *penalty of perjury* to an Alanis "February 2010" default when Alanis was fully compliant with her New Century Mortgage Corporation loan and her 2010 loan payments which were mailed to the Wells Fargo loan servicers (Homeq and Ocwen) through USPS certified mail money orders *before* the Wells Fargo January 13, 2011 Notice of Acceleration.  *See* Alanis Affidavit, *See id.*, **Ex. 8, Ex-9,** *See id.*, **Ex. 12**, at Ex. A, ¶10.

15.     It is undisputed that only *after the entry of the 362(A) Stay Termination Order* that ignored the U.S. Bankruptcy Code with impunity, Wells Fargo, As Trustee engaged in unconscionable acts of fraud in a Texas state court litigation in Cause No. 2011-CI-02839 and:

- falsely alleged an Alanis default in **"December 2010"** without any valid assignment from the New Century Liquidating Trust; *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A ¶11, *See* Alanis Affidavit, *See id.*, **Ex. 8, Ex-9,**

- falsely accelerated the Alanis Note on **"January 13, 2011"** without any valid assignment from the New Century Liquidating Trust; *See* Alanis Affidavit, ¶ 24-28,  *See id.*, **Ex. 9**

- Falsely alleged a **"February 2, 2011"** transfer of lien assignment purportedly executed with the August 2008 liquidated New Century Mortgage Corporation *after* their assets were assigned to the New Century Liquidating Trust in August 2008 and they held no assets to assign in 2011.  *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶4, ¶14 and Ex. A-3. *See Motion id.*, ¶¶ 47, 71 (the Transfer of Lien is "void"), 74 ("the Transfer of Lien is a forgery"). *See id.,* Alanis Affidavit, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

- Falsely swore to a **"October 31, 2006"** assignment. *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶9.

- Falsely swore to a "**June 27, 2006" assignment**…". *See* Alanis Affidavit, *See id.*, **Ex. 15 ¶2.**

- Obtained a state court **March 3, 3016** order for foreclosure. *See* Alanis Affidavit, *See id.*, **Ex. 4.**

- Obtained an eviction order. *See id.*, **Ex. 30**, *See Alanis* Affidavit, ¶ 66-68, *See id.*, **Ex. 30**.

16.    The Trustee concluded in error, there was a valid Transfer of Lien assignment executed between "New Century Mortgage Corporation" and Wells Fargo on "February 2, 2011" after the Trustee swore New Century transferred all beneficial interests in their assets to the New Century Liquidating Trust on the effective date (August 1, 2008) and where it violated the Modified Confirmation Order.  Courts have held that **an assignment by a party that no longer possesses legal title to the property is void.** [5]  *See* Objection, ¶20 ¶69, *See* Alanis Affidavit, *See id.*, **Ex. 12**, at Ex. A, ¶4 and Ex. A-3; *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.*, **Ex. 25**, Modified Confirmation Order ¶17, ¶21.

17.    In *Ross v. Deutsche Bank* Nat. Tr. Co., 933 F. Supp. 2d 225, 231 (D. Mass. 2013), the Court reviewed the assignment of assets to the New Century Liquidating Trust and held in relevant part as follows:

> **While it is true that bankruptcy law ordinarily permits a mortgage lender with debtor in possession status to execute and record assignments in the normal course of its business,** Juarez v. Select Portfolio Servicing, Inc., No. 11-2431, 2013 WL 500868, at \*11 (1st Cir. Feb. 12, 2013), **the presumption that such transfers are permitted is defeated when a bankruptcy court has confirmed a plan requiring the dissolution of the corporation, the**

---

[5] See *Culhane v. Aurora Loan Services of Nebraska* (1st Cir.2013) 708 F.3d 282, 291(*Culhane* ) [a mortgage assignment is void, not merely voidable, where the assignor "had nothing to assign" or "no interest to assign"];  See Also *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552 [202 Cal.Rptr.3d 219] (*Sciarratta*), the plaintiff alleged that the original owner of her DOT, JPMorgan Chase, assigned the DOT to Deutsche Bank in April of 2009. (*Id.* at p. 557.) Chase then purported to sell the DOT to Bank of America in November 2009. (*Ibid.*) On the same day, Bank of America foreclosed and, as the purported "'foreclosing beneficiary,'" acquired the property via a trustee's deed upon sale. (*Id.* at p. 558.) The court found the assignment to Bank of America void because it had already assigned "'all beneficial interest'" to Deutsche Bank months earlier. (*Id.* at p. 564.)

**termination of the company's operations, or the divestiture of its assets.**
See Juarez v. U.S. Bank Nat. Ass'n ex rel. Holders of the Asset Backed Sec.
Corp. Home Equity Loan Trust, Series NC 2005-HE8, No. 11-10318-DJC,
2011 WL 5330465 at *7 (D. Mass. Nov. 4, 2011) (Casper J.), rev'd on other
grounds sub nom. Juarez, 2013 WL 500868 (observing that the plaintiff did
not allege any action#—#such as dissolution, cessation of operations, or
divestiture#—#prohibiting the post-petition assignment of mortgage); New
Century Mortg. Corp. v. Braxton, No. 09 MISC 393485(GHP), 2010 WL
59277, at *6 (Mass. Land Ct. Jan. 11, 2010) **(noting that lender failed to
show how it retained the authority to assign mortgage during its
bankruptcy proceedings in light of the transfer of its assets to a liquidating
trust).** As matter of bankruptcy law, a confirmed reorganization plan is
binding on the debtor. See 11 U.S.C. § 1141(a); In re New Seabury Co. Ltd.
P'ship, 450 F.3d 24, 33 (1st Cir. 2006) ("A plan of reorganization is a binding
contract between the debtor and the creditors and is subject to the general
rules of contract construction and interpretation."). **Pursuant to the
Bankruptcy Court order confirming New Century Financial's
reorganization plan, all of the assets of New Century Mortgage were
conveyed to a separate entity, the New Century Liquidating Trust,
effective July 15, 2008.** Confirmation Order ¶ 22, at 24. **The plan also
precluded New Century Mortgage and the other petitioners from having
any interest in the assets or the trust following the transfer.** Plan 51;
Confirmation Order ¶ 22, at 24. In a second and final amended plan also
confirmed by the Bankruptcy Court in 2009, **the debtors, including New
Century Mortgage, confirmed that their assets were conveyed to the trust
as provided for in the original plan on the effective date, July 15, 2008.**
Order Confirming Modified Second Am. Joint Ch. 11 Plan Liquidation
Dated September 30, 2009, In re New Century TRS Holdings, Inc., No. 07-
10416, at *24 (Bankr. D. Del. Nov. 20, 2009), ECF No. 9957. **Thus,
accepting as true the Rosses' claim that New Century Mortgage held the
Note and the Mortgage during the pendency of its bankruptcy, the Rosses
have a plausible claim that these assets became the property of the
Liquidating Trust on July 15, 2008, and that New Century Mortgage
retained no valid interest to assign to Deutsche Bank in 2011.**

18.     It is undisputed that in the *Ross* case, Deutsche Bank fabricated an assignment

purportedly executed with New Century Mortgage Corporation in "2011" and *after the entry*

*of the 362(A) Termination Order.*

19.     In *Saint v Wells Fargo Home Mortgage,* Civil Action No. 17-cv-12121-ADB, pg. 1-

2, 7, 13-14 (February 12, 2019) (ST. VIL v. Wells Fargo Home Mortgage, Dist. Court, D.

Massachusetts 2019), Wells Fargo Bank, N.A., recorded an assignment of the Mortgage

executed on "December 30, 2011" on behalf of New Century to U.S. Bank and *after the entry of the 362(A) Termination Order.* The Court reviewed the assignment of assets to the New Century Liquidating Trust and held in relevant part as follows:

> "...This suit arises out of the threatened foreclosure of Plaintiff's residence in Malden, MA (the "Property")....**On July 7, 2006, Nazon St. Vil Maurilus, Plaintiff's former husband, executed a promissory note in the amount of $410,000 (the "Note") in exchange for a refinanced mortgage (the "Mortgage")** on the Property from New Century Mortgage Corporation ("New Century"). Id. ¶¶ 7-9, 11; [ECF No. 13-2]. Both Mr. St. Vil Maurilus and Plaintiff executed the Mortgage. Complaint ¶ 11.Id. ¶¶ 7-9, 11; [ECF No. 13-2]. Both Mr. St. Vil Maurilus and Plaintiff executed the Mortgage. Complaint ¶ 11.... **On January 3, 2012, Wells Fargo Bank, N.A., recorded an assignment of the Mortgage executed on December 30, 2011 on behalf of New Century to U.S. Bank** (the "Assignment"). Complaint ¶ 22; [ECF No. 13-3].

> "A mortgage assignment executed by an assignor who has no interest to assign or 'no authority to make an assignment to a particular assignee' is thus void and does not confer upon the assignee the legal status required to exercise the power of sale." Ross, 933 F. Supp. 2d at 230 (quoting Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 290 (1st Cir. 2013)).

> **The Court finds that Plaintiff has alleged sufficient facts to set forth a plausible claim that Defendants are not entitled to exercise the statutory power of sale because the Assignment of Plaintiff's Mortgage to U.S. Bank was invalid and void.** As described supra at 7, "a foreclosing mortgagee must demonstrate an unbroken chain of assignments in order to foreclose a mortgage." Sullivan v. Kondaur Capital Corp., 7 N.E.3d 1113, 1119 (Mass. App. Ct. 2014). "While it is true that bankruptcy law ordinarily permits a mortgage lender with debtor in possession status to execute and record assignments in the normal course of its business, . . . the presumption that such transfers are permitted is defeated when a bankruptcy court has confirmed a plan requiring the dissolution of the corporation, the termination of the company's operations, or the divestiture of its assets." Ross, 933 F. Supp. 2d 225, 231 (D. Mass. 2013)(citations omitted). Pursuant to the Original and Second Confirmation Orders, all of New Century's assets were assigned to and assumed by the Liquidating Trust as of August 1, 2008. [Bankruptcy Case ECF No. 5395-11 at 9-10; Bankruptcy Case ECF No. 9957-2 at 64-65]. **Following that transfer of assets, New Century had no further interest in the Liquidating Trust Assets or the Liquidating Trust. [Bankruptcy Court ECF No. 9904-2 at 64-65].** Even assuming that, as Defendants contend, New Century granted Wells Fargo Bank, N.A. a power of attorney that was binding on the Liquidating Trust pursuant to the Original and Second Confirmation Orders, **Defendants have not substantiated how Wells**

**Fargo Bank, N.A. could assign the Mortgage on behalf of New Century after the Mortgage was conveyed to the Liquidating Trust and New Century no longer held any interest in it.**[11] ....Thus, accepting Plaintiff's allegations as true, the Court is unable to find at this time that the Assignment is valid and that Defendants are authorized under M.G.L. c. 244, § 14 to foreclose on Plaintiff's property.

20.     Similarly, Wells Fargo engaged Alanis in a ten year foreclosure eviction scheme and caused her to lose the equity in her home through an unlawful foreclosure and eviction which is currently pending at the Texas Supreme Court.   The state court March 3, 2016 foreclosure order relied on a void fabricated Wells Fargo transfer of lien assignment purportedly executed with New Century Mortgage Corporation in "2011" and after the entry of the *362(A) Termination Order*.   Alanis is now subject to paying Wells Fargo close to one million dollars. *See* Alanis Affidavit, *See id.*, ¶ ¶ **24, 78-92.**

21.     On page 46 of the U.S. Department of Justice Chapter 11 Trustee Handbook (2004 Version), it states in relevant part:

**2. Adversary Proceedings**

Bankruptcy Rule 7001 defines the types of actions that must be brought by adversary proceedings. *See* Fed.R.Bankr.P.7001. These actions include proceedings:

- **to recover money or property,** except a proceeding to compel the debtor to deliver property to the trustee or a proceeding under § 554(b) or 725, or Bankruptcy Rules 2017 or 6002;
- **to determine the validity, priority, and extent of a lien or other interest in property**
- **to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;**
- **to obtain a declaratory judgment; or**
- to determine a claim or cause of action removed to a bankruptcy court.

22.     For the reasons stated herein, this Court should promptly vacate the *362(A) Stay Termination Order* and state court orders on foreclosure to protect past, present and future New Century Mortgage Corporation borrowers who have or will incur substantial financial injury to protect and defend their property rights caused by the grossly negligent fiduciary acts of the

Trustee who ratified and never moved to vacate the *362(A) Stay Termination Order* that violated the U.S. Bankruptcy Code and automatic stay provisions.

## II. JUDICIAL NOTICE
## AND MOTION TO VACATE VOID ORDER

**"JULY 14, 2008" ORDER PROVIDING THAT THE AUTOMATIC STAY UNDER SECTION 362(A) OF THE BANKRUPTCY CODE IS TERMINATED TO PERMIT THE COMMENCEMENT OR CONTINUATION OF ANY ACTION TO FORECLOSE UPON OR EXTINGUISH AN INTEREST LISTED IN THE NAME OF THE DEBTOR ("362(A) TERMINATION ORDER")**

23.     On "July 14, 2008", the U.S. Bankruptcy Court, District of Delaware signed an Order Providing That The Automatic Stay Under Section 362(A) Of The Bankruptcy Code Is Terminated To Permit The Commencement Or Continuation Of Any Action To Foreclose Upon Or Extinguish An Interest Listed In The Name Of The Debtor ("362(A) Termination Order").

24.     The Trustee violated his fiduciary duties by ratifying the *362(A) Stay Termination Order* which effectively terminated all of the protections of the automatic stay as to the property belonging to the bankruptcy estate of New Century TRS Holdings, the New Century Liquidating Trust and particularly New Century Mortgage Corporation, where they were identified as the "Beneficiary" in the Alanis Deed of Trust as well as in the Deed of Trust of thousands of other New Century Mortgage Corporation borrowers.

### (a) *Court Ordered Fraudulent Transfers*

25.     The language in the *362(A) Stay Termination Order* ordered noncompliance with the U.S. Bankruptcy Code 11 U.S.C. § §548, 549, 550 when ordering fraudulent transfers in the billions of dollars out of the bankruptcy estate of debtor New Century Mortgage

Corporation as follows: "…3. **the automatic stay under 11 U.S.C. §362 is hereby terminated to permit the commencement or continuation of ANY ACTION** to foreclose or similarly proceed **to foreclose upon or extinguish an interest in real property listed in the title records as being held by the Debtor…**"

26.     When the *362(A) Stay Termination Order* ordered the "commencement of ANY ACTION "to foreclose upon **or extinguish an interest in real property listed in the title records as being held by the Debtor"** this ordered unlawful transactions to occur that were "constructively fraudulent" because it provided no consideration to the debtors.

27.     Knowledge of this fatal defect can be imputed to the Trustee because the *362(A) Stay Termination Order* was entered and/or available for review during the Trustees scope of employment and the Trustee had actual knowledge the debtors received "zero" consideration and or "less than a reasonably equivalent value in exchange for such transfer or obligation" and was, among other things, insolvent, left with "unreasonably small capital," or unable to pay its debts as such debts matured, when or immediately after the transfer was made or the obligation was incurred.

28.     When the *362(A) Stay Termination Order* structured the equivalent of a cash cow mortgage loan lottery and fraudulent transfer of New Century Mortgage Corporation mortgage loans to predator creditors everywhere without identifying specific mortgage loans, true mortgagees or required consideration and particularly, where Deeds of Trust identified New Century Mortgage Corporation as the "Beneficiary" (i.e. for tax purposes, New Century Mortgage held ownership interest in loans without selling the security instrument as evidenced by the Walker Declaration-Alanis loan), the Trustee ignored mortgage loan receivables and grossly undervalued the bankruptcy estate of the debtors.

29.     While creditor preditors like Wells Fargo received a windfall from the *362(A)*
*Termination Order*, New Century Mortgage Corporation borrowers across the country have
suffered substantial financial injury to protect and defend their property rights.

30.     Section 548(c) requires both the provision of value and good faith, which, if
established, permit a good-faith transferee to, among other things, retain the transferred
property "to the extent" it gave value to the debtor. *See Williams v. FDIC (In re Positive Health
Mgmt.)*, 769 F.3d 899, 908 (5th Cir. 2014) (under the "netting approach," where a good-faith
transferee gave value for a vessel that was less than reasonably equivalent value, the transfer
was voidable only to the extent of the shortfall).

31.     If a transfer is avoided under section 548, section 550(a) provides that, with
certain exceptions, "the trustee may recover, for the benefit of the estate, the property
transferred, or, if the court so orders, the value of such property," from both initial and
subsequent transferees of the transferred property.

32.     As evidenced by the Texas litigations involving Alanis and Wolf and the Walker
Declaration, the Trustee took no action to recover, for the benefit of the estate, the debtor
property unlawfully transferred out of the debtor estate through the 362(A) Termination
Order.

*(b)*     *The Automatic Stay General Protections*

33.     After a bankruptcy petition is filed, an automatic stay arises to safeguard the newly
created estate. § 362(a). "The stay prohibits 'all entities' from making collection efforts against the
debtor or the property of the debtor's estate." *Campbell v. Countrywide Home Loans, Inc.*, 545
F.3d 348, 353 (5th Cir. 2008). Specifically, the stay prohibits any willful "act to obtain possession
of property of the estate or of property from the estate or to exercise control over property of the

estate." § 362(a)(3). The statute's terms 'obtain possession' and 'exercise control' indicate that a wide spectrum of acts are stayed. *In re Montgomery*, 525 B.R. 682, 696 (Bankr. W.D. Tenn. 2015) (citing In re Allentown Ambassadors, Inc., 361 B.R. 422, 437 (Bankr.E.D.Pa.2007) ("The term [exercise control] has been described as 'elusive' and one which can be defined only in a 'case by case' manner because a 'continuum of conduct exists which the Court must evaluate in determining whether [a party] has assumed control of property of the estate.' ") (citations omitted)); see also Control, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining Control is as "exercise[ing] power or influence over."). The Fifth Circuit has determined that the Code: provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005). With regards to what is considered intentional, the Fifth Circuit has stated that the Code "does not require a specific intent to violate the automatic stay, only that the defendant's actions which violated the stay were intentional." *In re Small*, 486 F. App'x 436, 439 (5th Cir. 2012) (citation omitted). "A violation of the automatic stay in a bankruptcy case . . . can be a serious, unfair, disruptive and, of course, unlawful thing." *In re White-Robinson*, No. 11-32080-SGJ-7, 2011 WL 4807934, at *1 (Bankr. N.D. Tex. Oct. 11, 2011). Violations of the automatic stay are incredibly serious and this Court will exercise little tolerance for actions that violate the automatic stay. Determining liability for a violation of the automatic stay requires "finding that the [Defendants] knew of the automatic stay and that the [Defendants'] actions which violated the stay were intentional." See *In re Chesnut*, 422 F.3d at 302.

34.    The automatic stay requires creditors to cease actions against the debtor and the debtor's property as described in 11 U.S.C. § 362(a). The stay continues until either the case is dismissed or closed.

### (c)    *The Automatic Stay Protections: Three Categories*

35.    11 U.S.C.  § 362(a) operates as a stay of certain actions in three categories: against the debtor, the debtor's property, and property of the bankruptcy estate." [6] For example, § 362(a)(1) stays actions "against the debtor"; § 362(a)(2) stays "enforcement of a judgment against the debtor or against property of the estate"; and § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate." [7]

36.    In defining the automatic stay, § 362(a) differentiates between debtor, property of the debtor, and property of the estate, providing:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . .

**************

(2) the enforcement, against the *debtor* or against *property of the estate*, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of *property from the estate* or to exercise control over *property of the estate*;

(4) any act to create, perfect, or enforce any lien against *property of the estate*;

(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the *debtor* that arose before the commencement of the case under this title; . . .

11 U.S.C. §§ 362(a)(2)-(6)

---

[6] *In re Smith*, 910 F.3d 576, 580 (1st Cir. 2018).

[7] *In re Alvarez*, 432 B.R. 839, 842 (Bankr. S.D. Cal. 2010) (quoting *In re Jones*, 330 B.R. 360, 363-64 (Bankr. E.D.N.C. 2006)); 11 U.S.C. § 362(a).

**d.** **_The Stay and Section 362(c) (closed, dismissed, discharged)_**

37.    Given that 11 U.S.C.  § 362(a) operates as a stay as to certain actions in three separate categories, the language in § 362(c) is noteworthy and should not be overlooked. In §362(c) Congress stated that "Except as provided in subsections (d), (e), (f), and (h) of this section, **the stay under [§ 362(a)] . . . continues until the time the case is closed, dismissed or discharged.**" There is no mention of U.S. Bankruptcy Courts having the unbridled authority to whitewash and terminate § 362(a) and ignore § 362(c) and subsections (d), (e), (f), and (h) and this Court should decline to insert such language. [8]

38.    As demonstrated by subsections (d), (e), (f), and (h) of § 362, the automatic stay is not absolute.  Congress contemplated "due process" and additional safeguards to ensure the automatic stay would preserve and protect property belonging to the bankruptcy estate of the debtor and also protect creditors by requiring true parties in interest to file a motion to lift the stay and ask the court to remove the stay.

**(e)** **_The Automatic Stay and Section 362(d): Relief From Stay_**

39.    If a creditor believes that it qualifies for relief from the stay, it must seek such relief by filing a motion under §362(d). Such a motion is a contested matter, rather than an adversary proceeding. [9] Section 362(e) provides that the court may hold a preliminary hearing

---

[8] Except as provided in subsections (d), (e), (f), and (h) of this section—
  (1)  **the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;**
  (2)  the stay of any other act under subsection (a) of this section continues until the earliest of—
      **(A)**  the time the case is closed;
      **(B)**  the time the case is dismissed; or
      **(C)**  if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

[9] 11 U.S.C. § 362(d)

followed by a final hearing on a motion for relief from the stay, or may consolidate the two and just hold a single hearing. The court must hold a preliminary hearing within 30 days after a motion for stay relief is filed, unless the movant agrees otherwise. If the initial hearing is a preliminary hearing, then a final hearing must be concluded by no later than 30 days after the conclusion of the preliminary hearing, unless the parties agree otherwise or the court finds "compelling circumstances." The motion must be heard within 30 days, and it will be granted unless the debtor can offer the creditor adequate protection. *Id.*

40.   Therefore, even if the automatic stay remains in effect with respect to the bankruptcy estate, § 362(c) creditors can still obtain judicial relief under § 362(d) if they can convince the bankruptcy court that there is a valid reason to lift the stay. At minimum, a creditor would have to show how they are a "party in interest".[10]

41.   Section 362(d) sets forth four alternative, independently sufficient grounds for relief from stay.

42.   First, relief may be granted "for cause." The statute provides one non-exclusive example of such cause, the "lack of adequate protection." There is a lack of adequate protection when (1) a creditor has a secured claim; (2) there is a substantial risk that the value of the collateral securing the claim will fall below, or fall farther below, the amount of the debt; and (3) there is no other mechanism that protects the creditor in the event that the collateral does in fact fall in value. "Cause" warranting relief from stay includes failure to

---

[10] (d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
      (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;
      (2)  with respect to a stay of an act against property under subsection (a) of this section, if—
         (A)  the debtor does not have an equity in such property; and
         (B)  such property is not necessary to an effective reorganization;

maintain and preserve collateral, waste or mismanagement, failure to pay taxes, and undue delay by the debtor in proposing a reorganization plan. Secured creditors who want to foreclose on their collateral are just one group of parties who often seek stay relief.

43.      Second, a party may get relief from the stay in order to repossess or foreclose upon specific collateral where (1) the debtor has no equity in the property; and (2) the property is not necessary to the debtor's effective reorganization.

44.      Third, a creditor with a security interest in "single-asset real estate," that is, a single real estate parcel or project whose operation generates almost all of the debtor's income, is entitled to have the stay of foreclosure lifted 91 days after the petition is filed, unless the debtor has filed an apparently feasible plan of reorganization or has begun paying the real estate creditors interest at the contract rate. This reduces delay by debtors whose income comes from one hotel, office or apartment building.

45.      Fourth, a creditor with a security interest in real estate is entitled to relief from stay if the court finds that the debtor tried to defraud the creditor by multiple bankruptcy filings or unauthorized transfer of the real estate. In such cases, the bankruptcy court not only may lift the stay, but also may order that no stay shall arise as to that real estate in any subsequent bankruptcy case filed within two years after entry of the order.

46.      Section 362(g) sets out the movant's and non-movant's respective burdens in a motion for relief from stay as follows: The party requesting relief from the stay has the burden of proof on the issue of whether the debtor has equity in the property.

**(f)** ***Stay Termination Comfort Orders Must Comply With Section 362(c) & 362(j)***

47.     Courts traditionally have exercised broad discretion in determining whether to enter comfort orders.[11] The power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which provides bankruptcy courts authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

48.     But comfort orders on termination cannot be considered without reviewing the requirements of Section 362(j) of the Bankruptcy Code that provides, "[o]n request of a party in interest, the court shall issue an order ***under subsection (c)*** confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j). Subsection 362(c)(1) of the Bankruptcy Code provides that the stay applies until property is no longer property of the estate.

49.     Therefore, by its own terms, § 362(j) mandates the entry of termination comfort orders *only* if the request arises under § 362(c) of the Bankruptcy Code.  Section 362(c) lists a series of events that cause the automatic stay to terminate. For example, **the stay terminates when a case is closed or dismissed or**, in a Chapter 7 case filed by an individual, when a **discharge** is granted.

50.     However, Section 362(c) does not include a stay termination category extended to "permit the commencement or continuation of any action to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor" to the exclusion of Section 362(d).

---

[11] A "comfort order" is a bankruptcy term of art for an order confirming an undisputed legal result, and often is entered to confirm that the automatic stay has terminated.

51.   Section 362(c) expressly excludes its own subsection from the listed events resulting in the termination of the automatic stay. Subsection (c) begins, "[e]xcept as provided in subsections (d), (e), (f), and (h). . .(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;" (*emphasis added*). This language cannot be ignored. And the court must give effect to every clause and word of a statute. [12]

52.   Therefore, Section 362(c) lists numerous reasons why the stay terminates and Section 362(j), which imposes a mandatory obligation on bankruptcy courts to enter comfort orders, only applies to those grounds to terminate the stay listed in Section 362(c).

53.   The language in the *362(A) Stay Termination Order* ordered *noncompliance* with Section 362 as follows:

> "...6. **Any party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed** as the holder of the mortgage or otherwise extinguish an interest in real property held by the Debtor **shall not file a motion for relief from stay relating to such foreclosure or extinguishment or otherwise extinguish an interest in real property held by the Debtor nor shall serve any documents related thereto upon the Debtors, the Committee, the Liquidating Trustee/Plan Administrator or their respective counsel in these cases.** Such Professional are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following entry of the order granting this Motion...",

54.   The language in the *362(A) Stay Termination Order* also ordered noncompliance with Section 362 as follows:

---

[12]   In re Dienberg, 348 B.R. 482, 484-485 (Bankr. N.D. Ind. 2006) (citing U.S. Dept. of Treasury v. Fabe, 508 U.S. 491, 504 (1993) (other internal citations omitted); In re Jass, 340 B.R. 411, 415 (Bankr.D.Utah 2006) ("the Court must give meaning and import to every word in a statute") (citing Negonsott v. Samuels, 507 U.S. 99, 106, (1993)).

"...If, notwithstanding the Court's directive in paragraph 6 of this Order, a party seeking to foreclose upon a mortgage lien recorded against real property in which a Debtor is listed as the holder of the mortgage or otherwise extinguish an interest in real property listed as held by the Debtor files a motion for relief from stay in these chapter 11 cases, such motion shall be moot and will not be granted or otherwise entertained by this Court...."

55.     The *362(A) Stay Termination Order* ordered *noncompliance* with the U.S. Bankruptcy Code automatic stay in all respects.   When ordering any party seeking to foreclose on property belonging to the bankruptcy estate of the debtors to *not file a motion for relief from the stay* as said motion would be considered *moot* and not be granted and to further refuse documents related thereto was a deliberate repudiation of the Congressional U.S. Bankruptcy Code protections extended to the bankruptcy estate of the debtors and which ultimately affected the New Century Mortgage Corporation borrowers.

56.     To protect the debtor, the property of the debtor and the bankruptcy estate of debtors, Congress required parties in interest to file motions to lift the stay to obtain judicial relief under § 362(d) upon a showing to the bankruptcy court there is a valid reason to lift the stay.

57.     Neither the Trustee or the Court had statutory authority to circumvent the U.S. Bankruptcy Code with impunity and deprive the debtors of the §362 stay protections in connection with property belonging to the bankruptcy estate of the debtors and New Century Mortgage Corporation to preserve the status quo.

58.     Entering a comfort order with a knowing and intentional blind eye towards the §362 stay protections afforded by the U.S. Bankruptcy Code to a debtor, a debtors property and the bankruptcy estate of a debtor was not only grossly negligent, but that order ultimately tortured and inflicted substantial financial wounds on thousands of loan compliant New Century Mortgage Corporation borrowers and their families across the country who lost their

homes because they lacked additional resources to defend and protect their property rights from the unscrupulous acts of predator creditors like Wells Fargo, who easily muscled their way into courtrooms across this country and obtained foreclosure and eviction orders using unorthodox litigation strategies including, fabricating assignments with the liquidated New Century Mortgage Corporation after they assigned their assets to the Trust, alleging fake defaults and accelerations without any valid assignment from the August 2008 liquidated New Century Mortgage Corporation and also by falsely swearing in the Alanis state court litigation *under the penalty of perjury*, to "three" different assignment dates with New Century Mortgage Corporation, which is a crime again property.

59.    Compliance with § 362(d) stay protections would have provided the U.S. Bankruptcy Court the vetting process contemplated by Congress to discover Wells Fargo was *never* a party in interest in the Alanis mortgage loan and/or the Wolf loan using fabricated "2009-2012" assignments purportedly executed with the liquidated New Century Mortgage Corporation after they assigned their assets to the Liquidating Trust in August 2008.

### III.  JUDICIAL NOTICE REQUESTED:
###       BANKRUPTCY FRAUD

60.    **18 U.S. Code § 153**: Sections153 criminalize other commonly prosecuted offenses—including embezzlement of bankruptcy estate assets, agreements to fix fees or compensation, **and knowing disregard of bankruptcy rules and procedures.**

(a)  **Offense.—**
A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, **or transfers any property** or secretes or destroys any document **belonging to the estate of a debtor** shall be fined under this title, imprisoned not more than 5 years, or both.

(b)  **Person to Whom Section Applies.—**
**A person described in this subsection is one who has access to property or documents belonging to an estate by virtue of the person's participation in the**

**administration of the estate as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent,** employee, or other person engaged by such an officer to perform a service with respect to the estate.

61.    **18 U.S. Code § 1519. Destruction, alteration, or falsification of records in Federal investigations and bankruptcy:** Section 1519 imposes higher penalties—up to twenty years' imprisonment—for the destruction, alteration, or falsification of records to interfere with an investigation or bankruptcy proceeding.

**Whoever knowingly** alters, destroys, mutilates, **conceals, covers up,** falsifies, or **makes a false entry in any record,** document, or tangible object **with the intent to** impede, **obstruct, or influence** the investigation or **proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11,** or in relation to or contemplation of any such matter or case, **shall be fined under this title, imprisoned not more than 20 years, or both.**

62.    **18 U.S. Code § 3057. Bankruptcy investigations:** Section 3057 imposes mandatory reporting requirements on judges, receivers, and trustees who reasonably believe a legal violation has occurred, requiring that they report the possible violation to the U.S. Attorney's office.

"(a) **Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.** Where one of such officers has made such report, the others need not do so.

IV.    **JUDICIAL NOTICE REQUESTED:**
       **THE U.S. TRUSTEE'S ROLE IN**
       **CHAPTER 11 BANKRUPTCY CASES**
       **PURSUANT TO DEPARTMENT OF JUSTICE**
       **& TRUSTEE FIDUCIARY FAILURE TO COMPLY WITH**
       **"2015 NOTICE" & AUTOMATIC STAY**

63.    The United States Trustee Program is the component of the Department of Justice that works to protect the integrity of the bankruptcy system by overseeing case administration and litigating to enforce the bankruptcy laws.

64.    The U.S. Department of Justice publishes a Chapter 11 Trustee Handbook to contribute to the competence in the Chapter 11 Trustees administration of cases with references to U.S. Bankruptcy statutes or regulations.  The applicable version of the Chapter 11 Trustee Handbook for the April 2007 New Century TRS Holdings voluntary Chapter 11 petition in Bankruptcy can be viewed at the internet LINK:

https://www.justice.gov/ust/file/ch11handbook-200405.pdf/download

65.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 8-9) provides that a Trustee must be a disinterested person as defined at **§ 101(14).  The Trustee must not be one of the following:**

> "...**a person holding an interest materially adverse to the interest of the estate** or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor or the debtor's investment banker or attorney for the debtor's investment banker...."

66.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 17) provides "...**Chapter 6:  Duties of A Trustee:** The statutory duties of a chapter 11 trustee are set forth in **§ 1106,** which incorporates by reference certain chapter 7 trustee duties as specified in **§ 704.** The applicable duties prescribed by **§ 704** include the obligation to: **(2) be accountable for all property received..."**

67.    In relevant part, 11 U.S.C. § 704 – Duties of Trustee provides that:
    (a) **The trustee shall—**

    **(2)  be accountable for all property received;**

(7)  unless the court orders otherwise, **furnish such information concerning the estate and the estate's administration as is requested by a party in interest;**

68.    In relevant part, 11 U.S.C. § 1106 – Duties of Trustee /Examiner provides that: **(a)** A <u>trustee</u> shall—

(1)  perform the duties of the <u>trustee</u>, as specified in paragraphs (2), (5), (7), (8), (9), (10), (11), and (12) of section 704(a);

(2)  if the debtor has not done so, file the list, schedule, and statement required under <u>section 521(a)(1) of this title</u>;

(3)  except to the extent that the court orders otherwise, **investigate the acts, conduct, assets, liabilities, and financial condition of the debtor**, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

(4)  as soon as practicable—

(A)  file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

69.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 17) also provides that:  In addition to the duties described in **§ 704, the following provision require a trustee to: "... (2)** if the debtor has not done so, file the list, schedule, and statement required under section 521(1) of this title;  (*See* Footnote: "…However, it must be noted that § 521(1) actually requires two schedules - **a schedule of assets and liabilities** and a schedule of current income and expenditures. See 11 U.S.C. § 521(1)….").

70.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 17) also provides "…(3) except to the extent that the court orders otherwise, **investigate the acts, conduct, assets, liabilities, and financial condition of the debtor**, the operation of the

debtor's business and the desirability of the continuance of such business, and any other matter

relevant to the case or to the formulation of a plan; ..."

71.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 21) provides:

"...**D. CONTROL AND PRESERVATION OF PROPERTY**

Upon court approval of the trustee appointment, **it is imperative that the chapter 11 trustee secure the assets of the estate. The trustee must immediately assume control of all bank accounts held in the name of the debtor, whether or not they are designated as "debtor in possession" accounts**, see Chapter 7, *infra*; **identify, secure, and ascertain the value of the assets of the estate; review and implement internal controls of an operating debtor to safeguard assets**; obtain and/or maintain adequate and appropriate insurance coverages, see Chapter 7, *infra*; **and determine whether the initial bond set by the United States Trustee is sufficient to protect the estate against loss.** See Chapter 3, *supra*. Monitoring insurance and bond coverage is an ongoing duty of the trustee. **If a loss occurs as a result of a trustee's failure to ensure or otherwise protect property of the estate, the trustee could be liable.**

72.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 18) provides:

"...(4). as soon as practicable - (A) **file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate**; and

73.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 18) provides:

"...Finally, 28 U.S.C. § 959 provides that: **Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.** Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury..."

74.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 19) provides:

"...This is not an exhaustive list of all duties that a chapter 11 trustee is required to perform on behalf of the estate and its beneficiaries. For example, the trustee is required to make diligent inquiry into any professional's eligibility to be employed and compensated by the estate pursuant to § 326(d); **protect monies of the estate in accordance with the provisions of § 345;** <u>**give notice of the case to any entity holding money or property of the debtor pursuant to Bankruptcy Rule 2015(a)(4); and file tax returns where appropriate under §346(c)(2)**</u>; withhold state and local taxes as required by law under § 346(f); and meet with a committee of creditors pursuant to § 1103(d). ... **In short, a chapter 11 trustee is a fiduciary charged with protecting the interests in the bankruptcy estate of all parties, including all classes of creditors and the debtor.** <u>**The trustee must protect and preserve estate assets....**</u>"

75.    Pursuant to the Federal Rules of Bankruptcy Procedure, **Rule 2015(a)(4):**

"...(4) **as soon as possible after the commencement of the case, give notice of the case to every entity known to be holding money or property** subject to withdrawal or order of the debtor, including every bank, savings or building and loan association, public utility company, and landlord with whom the debtor has a deposit, and to every insurance company which has issued a policy having a cash surrender value payable to the debtor, except that notice need not be given to any entity who has knowledge or has previously been notified of the case;..."

76.    Pursuant to the United State Bankruptcy Code, **§ 101(15),** the term "entity"

**includes person,** estate, trust, governmental unit, and United States Trustee.

77.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 32) provides:

**B. THE ESTATE**

**1. Property of the Estate**

The commencement of a bankruptcy case creates an "estate" that is broadly and inclusively defined. See 11 U.S.C. § 541(a). **The trustee should review § 541 in detail to ensure that all property of the estate has been identified.**

**With certain limited exceptions set forth in § 541(b) and (c)(2), the trustee succeeds to all of the legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). The trustee must review not only tangible property of the debtor, but also intangible property of the**

**debtor, including any potential claims and causes of action the debtor may have had when the case was commenced**. See generally 11 U.S.C. § 541.

In addition to the debtor's property interests and rights, the Bankruptcy Code gives the trustee certain rights and powers that the debtor did not have prepetition. Any property resulting from the exercise of those rights and powers is automatically included in the estate. See 11 U.S.C. § § 541(a)(3) and (a)(4). **For example, the trustee may seek to avoid certain preferential or fraudulent transfers,** or may assert rights that otherwise could be exercised only by particular creditors of the estate. See generally 11 U.S.C. § § 544-553. These provisions are discussed in Chapter 8, Section E, infra. The Bankruptcy Code thereby preserves the rights of particular creditors under state law, but does so for benefit of the estate as a whole, ensuring equality of distribution for all similarly situated creditors. As discussed generally in chapter 6, supra, the trustee i s required to investigate and report on the debtor's affairs as required under § § 1106(a)(3) and (a)(4), and then evaluate the extent to which any causes of action may have value to the estate.

78. In relevant part, 11 U.S. Code § 541 - Property of the estate provides:

**(a) The commencement of a case under section <u>301</u>, <u>302</u>, or <u>303</u> of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:**

   **(1)**  Except as provided in subsections (b) and (c)(2) of this section, **all legal or equitable interests of the debtor in property as of the commencement of the case.**

   **(2)**  All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
      **(A)**  under the sole, equal, or joint management and control of the debtor; or
      **(B)**  liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

   **(3)**  **Any interest in property that the trustee recovers under section <u>329(b)</u>, <u>363(n)</u>, <u>543</u>, <u>550</u>, <u>553</u>, or <u>723</u> of this title.**

   **(4)**  **Any interest in property preserved for the benefit of or ordered transferred to the estate under section <u>510(c)</u> or <u>551</u>of this title.**

   **(5)**  **Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition,** and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
      **(A)**  by bequest, devise, or inheritance;
      **(B)**  as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

> **(C)**   as a beneficiary of a life insurance policy or of a death benefit plan.
>
> **(6) Proceeds, product, offspring, rents, or profits of or from property of the estate,** except such as are earnings from services performed by an individual debtor after the commencement of the case.
>
> **(7)** Any interest in property that the estate acquires after the commencement of the case.

(d)   Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

79. The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 33) provides:

**PRESERVING THE ESTATE**

**1.  The Automatic Stay**

**The trustee must be concerned with preserving the property of the estate**. Fortunately, the Bankruptcy Code provides protection of estate property with the automatic stay, which takes effect immediately upon the filing of a bankruptcy petition. See 11 U.S.C. § 362(a). The stay restricts most efforts to take possession of or alter the debtor's rights in property of the estate. See id. **Specifically, the stay prohibits the commencement or continuation of most legal proceedings, enforcement of judgments, imposition of most liens, and other actions designed to improve one creditor's position relative to other creditors**. Id.

**Unless a creditor or other party in interest obtains judicial relief from the automatic stay, it remains in effect as long as the property is part of the "estate," or until the case is closed or dismissed. 11 U.S.C. § 362(c).** Actions taken in violation of the automatic stay may be determined to be void or voidable, and, in appropriate circumstances, may lead to the imposition of sanctions for contempt of court.

**A creditor has two statutory grounds for relief from the automatic stay. First, the creditor may establish "cause" for relief, which would include the lack** of adequate protection of that creditor's interest in the estate's property. 11 U.S.C. § 362(d)(l). **Second, the creditor may show that the estate property i s not necessary for an effective reorganization and that the estate has no equity in the property. § § U.S.C. § 362(d)(2).** A creditor seeking relief from the stay must file the appropriate motion under

Bankruptcy Rule 4001(a), which the court is required to address within the applicable time constraints of § 362(e) and (9. Fed. R. Bankr. P. 4001(a).

80.    When the Trustee requested the U.S. Bankruptcy Court to take judicial notice of the "July 14, 2008" **362(a) Stay Termination Order** seeking termination of the automatic stay under 11 U.S.C. § 362(a) to "...**permit the commencement or continuation of ANY ACTION TO FORECLOSE or similarly proceed to foreclose upon or extinguish an interest in real property listed in title records as being held by a debtor...**", the Trustee all but admitted he never moved to vacate the **362(A) Stay Termination Order** that violated the U.S. Bankruptcy Code and automatic stay and where it was protecting all property belonging to the estate of the debtor. Instead, the Trustee ratified the transfer of property valued at billions of dollars out of the bankruptcy estate of debtor New Century Mortgage Corporation where they were identified as the "Beneficiary" in borrower's Deed of Trust, to "whomever" and "wherever located". A violation of the automatic stay is void *ab initio.* [13]

81.    Filing a petition under any chapter of the Bankruptcy Code triggers an automatic stay by the bankruptcy court under section 362, which provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a

---

[13] The Third Circuit has acknowledged the general rule that violations of the automatic stay are void *ab initio. In re Siciliano,* 13 F.3d 748, 750 (3d Cir. 1994); Property of the estate falls under the exclusive jurisdiction of the bankruptcy court. *See* 28 U.S.C. § 1334(e). Since property of the estate is now in *custodia legis,* it is administered exclusively by a specifically designated fiduciary, a trustee. *See, e.g.,* 11 U.S.C. §§ 323(a), 363 and 704. *See also* 28 U.S.C. § 1334(e)(1) (The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, **wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]**).

claim against the debtor that arose before the commencement of the case
under this title . . . .

. . . .

(3)  any act to obtain possession of property of the estate or of property from
the estate or to exercise control over property of the estate[.]

(4)  any act to create, perfect, or enforce any lien against property of the
estate;

11 U.S.C. § 362(a)(1), (3), (4).

82.    The *362(a) Stay Termination Order* contained no protocols requiring "creditor
proof To Trustee of consideration, valid purchase or valid debtor assignment" as demonstrated
by the litigations of Alanis and the Wolf's where their mortgage loans were executed
prepetition in 2006 and identified the "Beneficiary" in their Deed Of Trust as New Century
Mortgage Corporation.    And after the entry of the *362(a) Stay Termination Order,* between
2009-2012, Wells Fargo fabricated assignments and recorded them across this country, and
falsely represented they were executed with New Century Mortgage Corporation, a liquidated
entity who held no interest in any assets after assigning them to the New Century Liquidating
Trust in August 2008.

83.    Only *after* the signed July 14, 2008 *362(a) Stay Termination Order*, Wells Fargo
took aggressive action to falsely represent to be the owner and holder of the Alanis Note and
Deed of Trust in state court proceedings in Cause No. 2011-CI-02839 and to perfect their
foreclosure eviction scheme, they fabricated an assignment and swore to "three" different
assignment dates to falsely assert "owner and holder" status to unlawfully allege a fake default,
accelerate, foreclose and evict Alanis from her homestead while Alanis was fully compliant
with her New Century Mortgage Corporation mortgage loan.

84.    The *362(a) Stay Termination Order* further ordered that all parties seeking to
foreclose upon a mortgage shall not serve any document related thereto upon counsel of the

Debtors, counsel to the Committee or counsel to the Liquidating Trust/ Plan Administrator which without proper chain of title accounting, was a repudiation of the U.S. Bank

85.     That statement provided patent proof the Trustee was not going to comply with 11 U.S.C. § 362(a)(1), (3), (4) and was unfortunately complicit in prohibited acts as a fiduciary when not marshalling all debtor property from "everywhere" into the bankruptcy estate of New Century Mortgage Corporation and which resulted in New Century Mortgage Corporation loan compliant borrowers across the country to be subjected to creditor predator unlawful acts to foreclose and evict New Century Mortgage Corporation borrowers from their homes.

86.     The 362(a) Termination Order appears to be the equivalent of a cash cow criminal lottery guaranteeing predator creditors "everywhere" a winning ticket to seize the assets **"listed in title records as being held by a debtor"** "wherever located".

87.     By using information contained in a publicly recorded deed of trust identifying debtor New Century Mortgage Corporation as the "Beneficiary", Creditors like Wells Fargo were able to fabricate assignments, swear to multiple false assignment dates, allege a fake default to support acceleration, file fake counterclaims for foreclosure and then evict loan compliant New Century Mortgage Corporation borrowers from their homes resulting in many borrowers losing their equity and suffering  substantial financial injury to defend and protect their homestead property rights.

88.     Between 2015 and 2016, Alanis personally spoke to the Trustee Alan Jacobs and apprised him of the New Century Mortgage Corporation "Beneficiary" status in her Deed of Trust; the fabricated Wells Fargo assignment and other records; and Wells Fargo false allegations of default in her state court action in Cause No. 2011-CI-02839 to obtain a foreclosure order and the Trustee expressed concern and helped facilitate a response to Alanis

request for her New Century Mortgage Corporation loan records transferred to the New Century Liquidating Trust including all assignments to Wells Fargo, As Trustee. See *Alanis* Affidavit, ¶52-56, ¶ 59-61, *See id.,* **Ex. 25.**

89.    After the U.S. Bankruptcy Court signed the "*362(a) Stay Termination Order*", thereafter, the Trustee had a heightened duty to move to vacate the "*362(a) Stay Termination Order*" and protect and secure the assets belonging to the bankruptcy estate of New Century Mortgage Corporation by disclosing to the U.S. Trustee and the U.S. Bankruptcy Court the substantial financial harm being suffered by loan compliant New Century Mortgage Corporation borrowers  as evidenced by Alanis information provided to the Trustee regarding Wells Fargo fabricated assignment used to falsely assert "owner and holder" status and falsely allege a default/acceleration to unlawfully foreclose and ultimately evict Alanis from her homestead and where the New Century Liquidating Trust records showed the Alanis mortgage loan records were transferred from New Century Mortgage Corporation to the New Century Liquidating Trust in August 2008 and there were no assignments in the Walker Declaration Alanis records showing an assignment to Wells Fargo or any entity.[14] *See* Motion, ¶80-81, *See* Motion, ¶ ¶ 61-63, *See* Alanis Affidavit, *See id.,* **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14), *See id.,* **Ex. 25,** *See* Alanis Affidavit, **¶ 53.**

90.    Following her communications with Alan Jacobs and the NCT attorneys, Alan Jacobs personally facilitated Alanis' request to obtain a copy of her NCT bates stamped and authenticated June 15, 2006 mortgage loan records that were transferred from her original lender New Century Mortgage Corporation to the New Century Liquidating Trust in August

---

[14]  The court has inherent authority as well as statutory authority under 11 U.S.C. § 105(a) to enter an order to enforce its own order and to nullify acts in violation of the automatic stay.

2008 through the May 10, 2016 *Declaration of Donna E. Walker Concerning Records Produced By The Liquidating Trust*.  In relevant part, Donna Walker swore:

> "...I, the undersigned, Donna E. Walker, pursuant to 28 U.S.C. § 1746, declare that:  1.  **I was an employee of New Century Mortgage Corporation ("NCMC") before it filed for bankruptcy,** and I am presently a consultant for the liquidating trustee of the New Century Liquidating Trust (the "Trust"), established pursuant to a confirmed Chapter 11 plan of liquidation (the "Plan") of New Century TRS Holdings, Inc. and its affiliated debtors (the "Debtors"), including NCMC. **The Trust is the custodian of documents and electronic data for the Debtors and has maintained such documents and electronic data turned over to the Trust by the Debtors since the effective date of the Plan**. 2. **In response to a request for documents made to the Trust** by Nancy Alanis ("Alanis"), the Trust searched its files and produced to Alanis the files identified as bates range NC_Alanis_00000001-NC_Alanis_0000885 (the "Produced Files"). **The Produced Files were provided to Alanis on or about April 21, 2016...."**
> *See* Motion, ¶ ¶ 61-62, 79-81, *See* Alanis Affidavit, ¶ ¶ 52-55, *See id.*, **Ex-25.**

91.    The New Century Liquidating Trust provided Alanis the May 10, 2016 Declaration of Donna Walker with attached authenticated and bates stamped Alanis mortgage loan records as held by the Trustee. ("Walker Declaration").  Those records included May 17, 2006 written agreements executed between New Century Mortgage Corporation and Barclays Bank which provide evidence of New Century Mortgage selling only an "Interest" in the Alanis mortgage loan to Barclays Bank, *not* Wells Fargo. *See* Alanis Affidavit, *See id.*, **Ex. 25**.

92.    **In relevant part the** May 17, 2006 written letter agreements stated as follows:

> "...11.  It is the intention of the parties that the Purchaser is purchasing and the Seller is selling, interests in the mortgage loans and not a debt instrument of the Seller or other security.  **Accordingly, each party intends to treat the transaction for federal tax income purposes as a Sale by the Seller and a purchase by the Purchaser of an ownership interest (the "Ownership Interest") in the Mortgage Loans**...." *See* Alanis Affidavit, *See id.*, **Ex. 25**.

93.    And according to the Trustee August 8, 2008 Affidavit of Alan M. Jacobs In Support of Objection To Stay Confirmation Order Pending Appeal, the Trustee swore all Interests were extinguished on the Effective Date as follows:

> :...5.  On August 1, 2008 at 5:00pm (the "Effective Date"), the Plan became effective....
>
> "...8.  Also on the Effective Date, pursuant to Article 8 (E)(1) of the Plan, **all assets of the Debtors ...were distributed to the Trust...**"
>
> "...14. As of the Effective Date (August 1, 2008), **pursuant to the terms of the Plan, all notes, agreements and securities evidencing Claims and Interest and the rights thereunder of the holders thereof were cancelled and deemed null and void** and of no further force and effect..."
>
> *See* Alanis Affidavit, *See id.*, **Ex. 13** 8.08.08 Affidavit of Alan Jacobs (@ par. 5, 6, 8, 14).

94.    The Donna Walker authenticated records provide patent proof that New Century Mortgage Corporation for tax purposes, sold only "interests" in mortgage loans and remained the "Beneficiary" in Deeds of Trust across the country. Id.

95.    Armed with NCT records and Alanis information,  the Trustee failed in his fiduciary duties when failing to apprise the U.S. Trustee and/or the U.S. Bankruptcy Court of the financial harm caused by the *362(a) Stay Termination Order* on New Century Mortgage loan compliant homeowners and the grossly undervalued property belonging to the bankruptcy estate of debtors based on his actual knowledge obtained from a review of the Alanis NCT records and from the Alanis state court litigation.

96.    The *362(a) Stay Termination Order* caused the unlawful transfer of mortgage loans out of the bankruptcy estate of New Century Mortgage Corporation which were never audited and accounted for and which had a potential value totaling approximately ten billion dollars **($10,000,000,000)** belonging to the estate of debtor New Century Mortgage

35

Corporation in connection with mortgage loans throughout the United States where New Century Mortgage Corporation was identified as the "Beneficiary". *(See* Alanis Affidavit @ **Ex. 36:** Wolf New Century Note $400,000) *(See* Alanis Affidavit @ **Ex. 1:** Alanis New Century Note $193,500). [15]

97.    As further proof, Wells Fargo swore in (par. 2) of their April 23, 2012 *Defendants Response To Plaintiff's First Set of Written Interrogatories*, served in state court Cause No. 2011-CI-02839, the loan servicers did not own the Alanis mortgage loan, in  as follows:

> "...**Both HOMEQ and OCWEN have acted as servicing agents, and not owners, with respect to the loan.**  Wells Fargo is the owner of the note and mortgage pursuant to assignment dated June 27, 2006...."          *See id.*, Alanis Affidavit @ **Ex. 15** ¶2.

98.    And it is undisputed that on September 15, 2006, New Century Mortgage Corporation mailed Alanis a letter instructing her to remit her mortgage payments to their loan servicer HomEq Servicing ("HomEq") and emphasized that all of the terms in her mortgage instruments remained the same except for the change of "loan servicer". *See id.*, Alanis Affidavit @ **Ex. 3**.

99.    Therefore, when reviewing the Walker Declaration records in concert with the Alanis litigation records, it is patently obvious that for tax purposes, New Century Mortgage Corporation sold only "Interests" in many of their mortgage loans and remained the mortgagee and "Beneficiary" on many of the mortgage loan Deeds of Trust, including the Alanis mortgage Deed of Trust.

---

[15] Ten billion dollars is an estimate and may be understated. During the New Century TRS Holdings bankruptcy case, Delaware bankruptcy filings indicated there were 12,991 boxes containing approximately 190,000 loan files, of which approximately 5,800 boxes contain funded loan files and 7,200 boxes contain cancelled/denied, withdrawn loan files. *Also See* other New Century litigations referenced herein.

100.    The Trustee also failed in his fiduciary duties when not apprising the U.S. Trustee and/or the U.S. Bankruptcy Court of his failure to provide Alanis and other New Century Mortgage Corporation mortgage borrowers a mandatory **Rule 2015(a)(4)** notice of the "April 2007" New Century TRS Holdings, Inc. et al, bankruptcy Case No. 07-10416 (KJC) before or after the entry of the "July 14, 2008" *362(a) Stay Termination Order*, and therefore the July 14, 2008 order is void *ab initio* because that concealment caused:

   a) The Trustee to violate **Rule 2015(a)(4);** [16]

   b) The Trustee to violate **18 U.S. Code § 153;**

   c) The Trustee to violate 11 U.S.C. § 704;

   d) The Trustee to violate 11 U.S.C. § 1106;

   e) Thousands of New Century Mortgage Corporation loan compliant borrowers (including Alanis) holding a mortgage Deed Of Trust identifying New Century Mortgage Corporation as the "Beneficiary" to be deprived notice of the bankruptcy case, deprived "due process" and an opportunity to heard in the U.S. Bankruptcy Court on matters to regarding her Deeds Of Trust identifying New Century Mortgage Corporation as the "Beneficiary" and to determine the valid mortgagee and loan servicer to remit payment particularly where Wells Fargo swore in April 23, 2012 Interrogatories that the loan servicers were *not* the owners of the mortgage loan; [17]

   f) Thousands of New Century Mortgage Corporation loan complaint borrowers (including Alanis) holding a mortgage Deed Of Trust identifying New Century Mortgage Corporation as the "Beneficiary" to be subjected to unlawful false default, acceleration, foreclosure and eviction actions;

---

[16] Alanis first notices from the New Century Liquidating Trust (NCT) were mailed between March and April 2016. The NCT notices apprised Alanis of record destruction of mortgage loans. The NCT mailed the notice to Alanis after the hearing date. Through legal research, Alanis discovered the New Century Mortgage Corporation bankruptcy proceeding in 2015 and contacted the Trust and Trustee in 2015 requesting her mortgage loan records and all assignments to Wells Fargo. Alanis obtained her authenticated and bates stamped loan records through the 5.10.16 Declaration of Donna Walker facilitated by Trustee Alan Jacobs.

[17] *The 14th Amendment to the U.S. Constitution states in relevant part:*
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws.

g) Thousands of New Century Mortgage Corporation borrowers (including Alanis) holding a mortgage Deed Of Trust identifying New Century Mortgage Corporation as the "Beneficiary" to be subjected to suffering through protracted litigations for years and incurring substantial litigation attorney fees and costs to defend and protect their property rights against predatory creditors fabricating assignments and other documents to assert a false interest in the property belonging to the bankruptcy estate of New Century TRS Holdings, Inc. / New Century Mortgage Corporation;

h) The bankruptcy estate of debtors of New Century TRS Holdings, Inc to be grossly undervalued by billions of dollars; and

i) Deprived the IRS of receiving proper notice of New Century TRS Holdings, Inc. assets subject to taxation.

101.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 29) provides:

**C. REPORT OF INVESTIGATIONS**
**Section 1106(a)(3) requires the chapter 11 trustee to investigate the "acts, conduct, assets, liabilities, and financial condition of the debtor**, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1106(a)(3). **Section 1106(a)(4) requires the trustee to file a statement of the results of the investigation, setting forth any facts concerning "fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor..."** 11U.S.C. § 1106(a)(4)(A). **A copy of this report is to be served on the United States Trustee and the committee of unsecured creditors**, if one exists, and other parties designated by the court. ...Investigations are extremely important when a chapter 11 trustee has been appointed based upon the fraud, gross mismanagement, or dishonesty of the principals of the debtor. The trustee will need to investigate the prior management to determine if significant causes of action against former officers and directors exist...".

102.    The U.S. Department of Justice Chapter 11 Trustee Handbook (pg. 30) provides:

**3. FINAL REPORTS**

Section 1106(a)(1) incorporates by way of reference § 704(9), which requires a trustee to file a final report and final accounting of the administration of the estate. This final report is to be filed with the court and served on the United States Trustee. 11 U.S.C. § 704(9). The report should include an "exit inventory" of property to be returned to the debtor....

## CONCLUSION AND PRAYER

On July 9, 2013, this Court considered a Motion To Impeach/Remove The Trustee (the "Removal Motion") (D.I. 10883), filed by Helen Galope.   Among other things, Ms. Galope argued that: 1) the Trustee lacks disinterestedness because he appointed counsel that previously worked for the Committee of Unsecured Creditors, **demonstrating that the Trustee and his counsel are beholden to large bank creditors**.   2) the Trustee's testimony at the evidentiary hearing on the objection to her claim was hearsay and perjury because **she claimed the Trustee did not provide evidence of a true sale of her loan;** and 3)  the Trustee and his counsel have **violated provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure**.[18]  Although the Court denied the motion, what is clear today is that the Galope motion was filled with more than just conclusory allegations and was in fact, prophetic.

In his objections to Alanis reopening the Chapter 11 bankruptcy case of New Century TRS Holdings, the Trustee demonstrated he was beholden to big banks.  After reviewing the Alanis undisputed evidence that caused her mortgage Deed of Trust to be foreclosed when Wells Fargo: 1)  alleged a fake December 2010 default; 2)  alleged a fake January 2011 acceleration without any assignment and while her payments were not delinquent; 3) . fabricated an assignment purporting to be executed with New Century Mortgage Corporation

---

[18] "Cause" for removal of a trustee is not defined by the Bankruptcy Code, but must be determined on a case-by-case basis. *Livore v. John W. Hargrave and Assoc.,* No. 08-32423, 2010 WL 1849322, *2 (Bankr.D.N.J. May 6, 2010) citing *In re Reed,* 178 B.R. 817, 821 (Bankr.D.Ariz. 1995). **"Cause has been found to exist, *inter alia,* where the trustee** is not disinterested, fails to perform his or her duties, unreasonably delays in the performance of those duties, or **violates the fiduciary duty to the estate."** *Id.* citing *In re Lundborg,* 110 B.R. 106, 108 (Bankr.D.Conn 1990) (collecting cases). "The party seeking removal of a trustee must also prove actual injury or fraud." *Id.* citing *In re Martin,* 817 F.2d 175, 181 (1stCir. 1987) ("Horrible imaginings alone cannot be allowed to carry the day.").

in "February 2011" almost three years after they transferred all of their assets to the

Liquidating Trust in August 2008, the Trustee objected on the following grounds:

> "...d. **Wells Fargo, on the other hand, would be severely prejudiced** because any relief
> granted to Alanis **would inherently negate the Final Judgment.** *See* Objections,
> ¶¶54(d).
>
> e. The Trust and Trustee would also be severely prejudiced by reopening these cases and
> upsetting the finality of the Final Decree and the final resolution of the Trust and
> these Chapter 11 cases. **Moreover, granting the Motion could open the "flood
> gates" for similar motions by borrowers seeking to re-litigate their state court
> foreclosure actions before this Court.** Indeed, the Trustee is currently litigating an
> appeal of an order of this Court appropriately denying a recent motion by another
> borrower seeking to re-litigate foreclosure claims under the guise of an adversary
> proceeding. ...". *See* Objections, ¶¶54(e).

The July 14, 2008 362(A) Stay Termination Order further demonstrated the Trustee

was beholden to the big banks and knowingly violated his fiduciary duty to the bankruptcy

estate of New Century TRS Holdings, New Century Liquidating Trust and New Century

Mortgage Corporation who was the identified "Beneficiary" in the Alanis Deed of Trust.  The

362(A) Stay Termination Order was the equivalent of a fraudulent transfer order which

contained language ordering noncompliance with § 362 automatic stay / lift stay which was a

violation of the U.S. Bankruptcy Code.  At its core, the 362(A) Stay Termination Order was a

cash cow mortgage lottery guaranteeing big banks unbridled authority to steal billions of

dollars of property from the bankruptcy estate of the debtors by simply trolling the public

records and locating debtor property to falsely assert an interest in without having to comply

with § 362(d) safety protocols and/or remitting consideration when the debtors were insolvent,

left with "unreasonably small capital," or unable to pay its debts as such debts matured, when

or immediately after the transfer was made or the obligation was incurred. And by definition, a

fraudulent transfer would never be able to provide evidence of a true sale of a loan.

While Alanis has suffered excessive financial injury including fighting an unlawful foreclosure and eviction action for close to ten years against Wells Fargo who swore under the *penalty of perjury* to three different assignments, there are thousands of New Century Mortgage Corporation borrowers who have already suffered financially through the 362(A) Stay Termination Order or who will fight an unscrupulous creditor in the future relying on the same. [19]

**WHEREFORE PREMISES CONSIDERED**, Movant Nancy Alanis respectfully prays that this Court vacate the 362(A) Stay Termination Order which has facilitated potentially thousands of unlawful state court foreclosure orders in violation of the automatic stay. Alanis further re-urges this Court to vacate the March 3, 2016 state court order in Cause No. 2011-CI-02839 which was entered in violation of the automatic stay and after the entry of the 362(A) Stay Termination Order which ordered noncompliance with the U.S. Bankruptcy Code automatic stay provisions and grant such other or further relief in law or in equity to which she shows herself to be justly entitled.

**RESPECTFULLY SUBMITTED on this 18th day of Janaury, 2021.**

/s/ *Nancy Alanis*
**NANCY ALANIS**
13210 Hunters View
San Antonio, Texas 78230
210.226.2666 Telephone
Nalanis12@yahoo.com
*Movant Pro Se*

---

[19] A Rule 60(b) motion permits a party to seek relief from a final judgment or order under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *Id.* citing *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.E.2d 480 (2005). The *Edwards* Court also noted that: A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Mootenaar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir. 1987).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 18th day of January, 2021, a true and correct copy of this Motion, with the proposed order thereon, Movant Affidavit and all exhibits, were mailed USPS CRR on parties entitled to notice thereof.

**BLANK ROME LLP**
*/s/ Victoria A. Guilfoyle*
Victoria A. Guilfoyle, Esq.
(DE No. 5183)
1201 Market Street, Suite 800
Wilmington,Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
guilfoyle@blankrome.com

- and –


**HAHN & HESSEN, LLP**
Mark S. Indelicato, Esquire
Jeffrey Zawadzki, Esquire
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY   10022
212.478.7200
212.478.7252
212.478.7400
jzawadzki@hahnhessen.com
*Co-counsel for the former Trustee of*
*the New Century Liquidating Trust*


**OFFICE OF THE U.S. TRUSTEE**
ATTN: OFFICE OF CRIMINAL ENFORCEMENT
GEORGE C. YOUNG FEDERAL BUILDING AND COURTHOUSE
400 W. WASHINGTON STREET, SUITE 1100
ORLANDO, FL 32801

**T. PATRICK TINKER, ASSISTANT U.S. TRUSTEE**
844 KING STREET, SUITE 2207
WILMINGTON, DE 19801
**PHONE**: 302-573-6491
**FAX**: 302-573-6497

FILED 2021 JAN 19 AM 10: 56 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

**UNITED STATES BANKRUPTCY COURT**
FOR THE DISTRICT OF **DELAWARE**
824 MARKET ST N
3RD FLOOR
WILMINGTON, DE 19801


By: /s/ *Nancy Alanis*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al.,* | § | Case No. 07-10416 (BLS) |
| | § | |
| Debtors. | § | (Chapter 11) |
| | | |

| | | |
|---|---|---|
| | § | |
| NANCY K ALANIS | § | |
| | § | |
| *Movant* | § | |
| | § | |
| v. | § | |
| | § | |
| Liquidating Trustee | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | |
| | § | |
| And | § | |
| | § | |
| NEW CENTURY TRS HOLDINGS, INC *et al* | § | Hearing: January 28, 2021 at 10:00 am (ET) |
| | § | Objections Due: January 21, 2021 at 4:00 pm (ET) |
| *Respondents* | § | |

**ORDER ON NANCY ALANIS RESPONSE TO TRUSTEE AND FORMAL**
**COUNSEL OF TRUSTEE MOTION FOR JUDICIAL NOTICE IN**
**CONSIDERATION OF MOTION TO REOPEN CHAPTER 11 CASE**
**AND MOTION TO VACATE VOID 362(a) TERMINATION ORDER AND**
**VACATE VOID STATE COURT FORECLOSURE ORDERS IN BEHALF OF ALL NEW**
**CENTURY MORTGAGE CORPORATION BORROWERS**

THIS MATTER comes before the Court on a motion to reopen a Chapter 11 Case, file an

adversarial proceeding, obtain court orders on core proceeding matters and obtain related relief

("Motion") filed by Movant Nancy Alanis ("Movant"). Chapter 13 Counsel for Movant

communicated with Hahn & Hessen, LLP, co-counsel for the former Trustee the New Century

Liquidating Trust in advance of filing the motion. On January 18, 2021, Movant filed *Nancy Alanis*

*Response To Trustee And Formal Counsel Of Trustee Motion For Judicial Notice In Consideration Of Motion To*

*Reopen Chapter 11 Case And Motion To Vacate Void 362(A) Termination Order And Vacate Void State Court*

*Foreclosure Orders In Behalf Of All New Century Mortgage Corporation Borrowers.* The Court set the Motion for hearing on_____. After considering the evidence submitted, arguments of the parties, and applicable law, the Court finds the Motion should in all respects be GRANTED.

**I. Facts and Procedural History**

1.      On January 14, 2021, Alan M. Jacobs, in his capacity as the former Bankruptcy Court-appointed Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust, by and through his former co-counsel, Hahn & Hessen LLP and Blank Rome LLP filed his Trustee Judicial Notice.

2.      In relevant part, the Trustee asked this Court to take judicial notice of the July 14, 2008 Order Providing That **The Automatic Stay Under Section 362(A) Of The Bankruptcy Code Is Terminated To Permit The Commencement Or Continuation Of Any Action To Foreclose Upon Or Extinguish An Interest Listed In The Name Of The Debtor** ("362(A) Stay Termination Order") which was a manifest reveal which Alanis had not been previously provided and which order on its face is void *ab initio* for ignoring and whitewashing the U.S. Bankruptcy Code with impunity when unlawfully terminating the automatic stay  in violation of 11 U.S.C. § 362(j),  362(c) and 11 U.S.C. § 362(d).[20]

3.      Alanis objects to the void *ab initio 362(A) Stay Termination Order* because it disregarded and grossly undervalued the bankruptcy estate of debtor New Century Mortgage Corporation by gifting billions of dollars in fraudulent transfers to creditors everywhere *without* consideration and caused financial harm to New Century Mortgage Corporation borrowers

---

[20] The 362(A) Stay Termination Order is new evidence which Alanis received through the Trustee January 14, 2021 judicial request motion.  The November 20, 2009 Modified Confirmation Order contained only an excerpt of the Order which Alanis reviewed.

who were left to defend and protect their property rights when the stay termination order ordered *noncompliance* with the stay protection provisions of the U.S. Bankruptcy Code.

Accordingly, in connection with the Debtors Chapter 11 bankruptcy case in *Case No. 07-10416 (BLS)*, it is hereby **ORDERED**:

(1)  Movant's Motion to Reopen the Case **is GRANTED**;

(2)  Movant's Motion to vacate the March 3, 2016 state court Order On Motion For Partial Summary Judgment By Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing, LLC, On RESPA, Section 51.002 Of The Texas Property Code And Counterclaim For Foreclosure in Cause No. 2011-CI-02839 is **GRANTED** and the order is vacated and of no further force and effect;

(3)  Every order, judgment and opinion entered by any court in reliance on the March 3, 2016 state court Order On Motion For Partial Summary Judgment By Wells Fargo Bank National Association, As Trustee, And Ocwen Loan Servicing, LLC, On RESPA, Section 51.002 Of The Texas Property Code And Counterclaim For Foreclosure in Cause No. 2011-CI-02839 is **ORDERED VACATED** and of no further force and effect;

(4)  Movant's Motion to vacate the July 14, 2008 Order Providing That The Automatic Stay Under Section 362(A) Of The Bankruptcy Code Is Terminated To Permit The Commencement Or Continuation Of Any Action To Foreclose Upon Or Extinguish An Interest Listed In The Name Of The Debtor ("362(A) Stay Termination Order") is GRANTED and the order is vacated and of no further force and effect;

(5)  This Court shall retain exclusive jurisdiction.

**Dated:** _____, 2021

        **Wilmington, Delaware**

                                        BY THE COURT:

                                        _____

                                        **United States Bankruptcy Judge**