# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC, | : | |
| *et al.*, | : | Case No. 07-10416 (BLS) |
| | : | (Re: docket no. 11572, 11582) |
| Debtors. | : | |

_____

Nancy Alanis
13210 Hunters View
San Antonio, TX 78230
*Movant*

Victoria A. Guilfoyle, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

Mark S. Indelicato, Esquire
Jeffrey Zawadzki, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

*Co-counsel for the former Trustee of
the New Century Liquidating Trust*


## OPINION[1]

Before the Court are two motions:  (i) the motion to reopen the chapter 11

bankruptcy case of New Century TRS Holdings, Inc.[2] filed by Nancy Alanis ("Ms.

Alanis" or the "Movant") and (ii) the Motion for Judicial Notice filed by the former

---

[1] This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 157 and § 1334(b). This Opinion constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.
[2] Docket No. 11572  (the "Motion to Reopen").

1

Liquidating Trustee of the New Century Liquidating Trust.[3]  After a hearing[4] and

due deliberation, and for the reasons set forth herein, the Judicial Notice Motion

will be granted, and the Motion to Reopen will be denied.

FACTS

A.    Background of the New Century Bankruptcy Case

1.    On April 2, 2007, New Century TRS Holdings, Inc., and related

entities, (the "Debtors") filed voluntary petitions for relief under chapter 11 of the

United States Bankruptcy Code in this Court.

2.    On July 15, 2008, the Court entered an order (the "Original

Confirmation Order")[5] confirming the Second Amended Joint Chapter 11 Plan of the

Debtors and the Official Committee of Unsecured Creditors Dated as of April 23,

2008 (the "Original Plan").[6]

3.    On August 1, 2008, the Original Plan became effective and, pursuant

to its terms, the New Century Liquidating Trust Agreement was executed, thereby

creating the New Century Liquidating Trust (the "NCL Trust") and appointing Alan

M. Jacobs as Trustee of the Trust (the "New Century Trustee").[7]

4.    After the United States District Court for the District of Delaware

issued an opinion reversing the Original Confirmation Order, on November 20,

2009, the Court entered an Order confirming the Modified Second Amended Joint

---

[3] Docket No. 11582 (the "Judicial Notice Motion").
[4] At the hearing held on January 28 and February 3, 2021, Ms. Alanis moved numerous exhibits into evidence. Those exhibits will be referred to herein as "Alanis Ex. __."
[5] Docket No. 8596.
[6] Docket No. 6412.
[7] Docket No. 8705.

Chapter 11 Plan of Liquidation (the "Modified Plan"), which became effective on December 1, 2009.[8]

5.      The Modified Plan (i) confirmed that all actions taken by the New Century Trustee subsequent to the Original Effective Date were valid and binding; (ii) adopted, ratified and confirmed the formation of the NCL Trust as of the Original Effective Date; (iii) adopted, ratified and confirmed the Trust Agreement as of the Original Effective Date; and (iv) adopted, ratified and confirmed the appointment of Alan M. Jacobs as trustee of the NCL Trust as of the Original Effective Date.

6.      On May 18, 2016, the Court entered an order authorizing the New Century Trustee to destroy the Debtors' and the NCL Trust's records and documents (collectively, the "Records") subject to certain procedures in that order (the "Document Destruction Order").[9]

7.      On August 25, 2016, the Court entered a Final Decree closing the chapter 11 cases and fully releasing and discharging the New Century Trustee of his duties and obligations as trustee to the NCL Trust (other than certain ministerial obligations related to NCL Trust wind down and Records destruction (the "Trailing Obligations")).[10]

---

[8] Docket Nos. 9957, 9905, and 9976.
[9] Docket No. 11486.
[10] Docket No. 11535.

3

8.      On September 30, 2016, the New Century Trustee made a final distribution of the NCL Trust assets[11] and completed the disposal of the Records pursuant to the Document Destruction Order.

9.      By February of 2017, the New Century Trustee completed the Trailing Obligations and the NCL Trust terminated by operation of its terms and in accordance with the terms of the Final Decree.

B.      Background of Ms. Alanis's Mortgage Loan and the Texas State Court Litigation

10.     On or about June 15, 2006, Ms. Alanis executed an adjustable rate balloon note (the "Note") in favor of New Century Mortgage Corporation ("NCMC") in the principal amount of $193,500 (the "Mortgage Loan") secured by a deed of trust (the "Deed of Trust") executed by Ms. Alanis that granted a lien upon real property located in San Antonio, Texas (the "Real Property").[12]  The Deed of Trust was recorded in the official public records of Bexar County, Texas on June 22, 2006.

11.     On September 15, 2006, NCMC notified Ms. Alanis that servicing of the Mortgage Loan was assigned to HomEq Servicing Corporation ("HomEq") effective October 1, 2006.[13]

12.     On August 11, 2010, HomEq notified Ms. Alanis that servicing of the Mortgage Loan was assigned to Ocwen Loan Servicing, LLC ("Ocwen").[14]

---

[11] Docket No. 11539.
[12] Alanis Ex. 1 and Ex. 2.
[13] Alanis Ex. 3.
[14] Alanis Ex. 7.

13.     Ms. Alanis made monthly Mortgage Loan payments to HomEq (from January 2010 to August 2010) and to Ocwen (from September 2010 to February 2011).[15]

14.     In letters dated September 19, 2010, and October 11, 2010, Ms. Alanis informed Ocwen's Customer Service Department that she disputed a default notice from Ocwen dated September 13, 2010 and wrote of her continuing efforts since January 2009 to correct Ocwen's and HomEq's records claiming that there was "unpaid debt" on her Mortgage Loan account.[16]

15.     On October 13, 2010, Ms. Alanis's attorney (Loren Peters, Esquire) wrote a 4-page letter to Ocwen disputing amounts claimed due and demands made by HomEq and Ocwen to Ms. Alanis regarding the Mortgage Loan and explaining ongoing efforts by Ms. Alanis and Peters to communicate with HomEq or Ocwen in connection with Ms. Alanis's account.[17]  By letters dated December 21, 2010, Peters again wrote on behalf of Ms. Alanis to Ocwen and HomEq (including sending a copy of the letter to Ocwen's CEO) regarding Ocwen's failure to respond to his earlier letter, objecting to a December 7, 2010 demand letter to Ms. Alanis, and asserting claims by Ms. Alanis pursuant to the Texas Deceptive Trade Practices Act.[18]

---

[15] Ms. Alanis provided this Court with copies of money orders and certified mail receipts for her monthly Mortgage Payments in Alanis Ex. 8.

[16] Alanis Ex. 10.

[17] *Id.* A review of the letters in Exhibit 10 indicates that, although Ms. Alanis made monthly payments on her Mortgage Loan, there were disputes regarding late charges and the application of Ms. Alanis's payments to escrow items such as taxes or insurance premiums, although Ms. Alanis argued that NCMC had waived the escrow account requirement and she was making those payments directly .

[18] *Id.*

16.     On or about January 13, 2011, Mackie Wolf Zientz & Mann, P.C., attorneys for Ocwen as mortgage servicer for Well Fargo Bank, National Association, as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3 ("Wells Fargo"), sent Ms. Alanis a Notice of Acceleration of Loan Maturity and a Notice of Foreclosure Sale regarding her Mortgage Loan and Property.[19]

17.     On February 22, 2011, Ms. Alanis commenced state court litigation against Wells Fargo and other parties in the District Court for the 45th Judicial District of Bexar County, Texas (the "Texas State Court"), Cause No. 2011-CI-02839, challenging Wells Fargo's efforts to foreclose on the Mortgage Loan and Deed of Trust.[20]

18.     Wells Fargo filed a counterclaim against Ms. Alanis in the Texas State Court Litigation asserting claims for breach of contract, judicial foreclosure, and equitable subrogation.[21]

19.     On or about January 28, 2016, Wells Fargo and Ocwen filed a Motion for Partial Summary Judgment on RESPA, Section 51.002 of the Texas Property

---

[19] Alanis Ex. 9.

[20] Alanis Response (D.I. 11581) ¶ 89 (the "Texas State Court Litigation.). Ms. Alanis clearly has spent  significant time and effort to provide this Court with documentation of her payments and her numerous attempts to discuss and challenge the servicing companies' accounting of her payments and allegations of default under her Mortgage Loan.  Although the Court is sympathetic to Ms. Alanis's frustrated efforts to resolve these disputes prior to filing the Texas State Court Litigation, the payment dispute issues between Ms. Alanis and Wells Fargo under the Mortgage Loan documents are not within this Court's jurisdiction.

[21] *See, e.g.,* Alanis Ex. 11 ("Second Amended Counterclaim by Defendant/Counter-Plaintiff Wells Fargo Bank, NA, as Trustee" filed on February 10, 2015.)

Code and Counterclaim for Foreclosure (the "Defendants' Motion for Partial Summary Judgment").[22]

20.     On March 3, 2016, the Texas State Court entered an Order granting the Defendants' Motion for Partial Summary Judgment deciding, among other things, that: (i) "Wells Fargo is the current holder of the Note and beneficiary of the Deed of Trust representing a valid and existing first lien on the Property," (ii) "that Nancy Alanis [is] in breach of her payment obligations under the Note and the Deed of Trust is foreclosed," (iii) that judgment be entered against Nancy Alanis, "which judgment shall be satisfied and paid, in whole or in part, from the proceeds of the judicial foreclosure sale of the Property," and (iv) "this Judgment fully and finally disposes of all remaining parties and claims in this action and may be appealed." (the "Final Judgment").[23]

21.     While the Texas State Court Litigation was pending, Ms. Alanis communicated with the New Century Trustee and, on April 21, 2016, the Trustee

---

[22] Alanis Ex. 12.  Although Ms. Alanis did not file a complete copy of the docket or all pleadings in the Texas State Court Litigation, her exhibits included copies of some orders and transcripts which indicate that the Texas State Court considered her arguments regarding the amount owing to Wells Fargo under the Mortgage Loan and the validity of the transfer of lien to Wells Fargo prior to the filing of the Defendants' Motion for Partial Summary Judgment.  *See, e.g.,* Alanis Ex. 22 (Order dated October 13, 2015 deciding, among other things, that "All of Plaintiffs' claims relying upon or regarding the Pooling and Servicing Agreement (PSA), the Assignment of Deed of Trust and the validity of the transfer of lien are stricken … ."); and Alanis Ex. 23 (Order dated November 10, 2015 on the Defendants' Motion for Partial Summary Judgment on Loan Accounting, Economic Loss and No-Evidence Grounds, deciding, among other things, that "the accounting of the loan as specified in the Motion and the attached Exhibit A-8 is accurate.").

[23] Alanis Exhibit 24.

provided copies of the Debtors' files regarding the Mortgage Note and Deed of Trust that were held by the New Century Trustee as custodian.[24]

22.     Ms. Alanis filed a plea to dismiss the Texas State Court Litigation for want of jurisdiction (the "Plea"), attaching the copies of documents she received from the New Century Trustee.  She argued that there were inconsistencies between the documents in the New Century Trustee's file and the documents submitted in support of the Defendants' Motion for Partial Summary Judgment. The Texas State Court denied the Plea at a hearing on May 24, 2016.[25]

23.     Ms. Alanis appealed the Final Judgment, as well as other orders of the Texas State Court, to the Fourth Court of Appeals, San Antonio, Texas (the "Texas Appellate Court").  On April 4, 2018, the Texas Appellate Court entered an order affirming, among other things, the Final Judgment.[26]

24.     Ms. Alanis asserts that after the Texas Appellate Court's decision, she filed a petition for review and sought sanctions against Wells Fargo in the Supreme Court of Texas.[27]

---

[24] The Declaration of Donna E. Walker Concerning Records Produced By The New Century Liquidating Trust, dated May 10, 2016 (Alanis Exhibit 25) (the "Walker Declaration"), stated that the files were produced to Ms. Alanis on April 21, 2016.

[25] Motion to Reopen, ¶¶ 91-93.

[26] Alanis Exhibit 33.

[27] Motion to Reopen, ¶ 103.  *See also* Alanis Exhibit 34. Although these matters were pending when the Motion to Reopen was filed in this Court, the docket for the Texas Supreme Court (Case No. 20-0803) shows that the Supreme Court of Texas denied Ms. Alanis's petition for review on March 12, 2021, and denied her motion for rehearing of petition for review on June 11, 2021.  *See* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=e8789fc5-c29f-4811-b292-a049fc462cbb&coa=cossup&DT=CERTIFIED%20COPY%20SENT&MediaID=9fedddff-82ee-48f6-9993-e61bfbb64571

25.    On September 4, 2018, the Sheriff of Bexar County, Texas sold the

Property to Wells Fargo and issued a Sheriff's Deed to Wells Fargo.[28]

26.    On or about November 29, 2018, Wells Fargo obtained judgment on a

forcible detainer action and an eviction order against Ms. Alanis.[29]

C.    Ms. Alanis's Motion to Reopen the New Century Bankruptcy Case and the New
      Century Trustee's Motion for Judicial Notice

27.    Ms. Alanis filed the Motion to Reopen seeking to file an adversary

proceeding in this Court against Wells Fargo and others for allegedly violating the

automatic stay by pursuing counterclaims in the Texas State Court Litigation, and

to require Wells Fargo to provide evidence that it filed a claim in the New Century

bankruptcy case, as well as proof of other actions taken in connection with the

transfer of her Mortgage Loan and Deed of Trust

28.    The New Century Trustee filed an objection to the Motion to Reopen,[30]

and Ms. Alanis timely filed a response to the New Century Trustee's objection.[31]

29.    In response to Ms. Alanis's submissions, the New Century Trustee also

filed the Motion for Judicial Notice in Consideration of the Motion to Reopen, which

asks the Court to take judicial notice of the *Order Providing that the Automatic Stay*

*under Section 362(a) of the Bankruptcy Code is Terminated to Permit the*

*Commencement or Continuation of any Action to Foreclose upon or Extinguish an*

---

[28] Alanis Exhibit 31.
[29] Alanis Exhibit 32.  *See also* Motion to Reopen, ¶¶ 99, 113.
[30] D.I. 11574.
[31] D.I. 11581.

*Interest Listed in the Name of the Debtor* dated July 14, 2008 (D.I. 8595) (the "Stay Termination Order").[32]

30.    Ms. Alanis timely filed a response objecting to the Motion for Judicial Notice.[33]  These motions have been fully briefed and argued, and both motions are ripe for disposition.


DISCUSSION

I.    The Judicial Notice Motion

The Judicial Notice Motion, being integral to arguments underlying the Motion to Reopen and the New Century Trustee's objection thereto, requires consideration first.

The Trustee notes that Ms. Alanis requests reopening the bankruptcy case to address Wells Fargo's "knowing and willful automatic stay and injunction violations" in connection with Wells Fargo's counterclaim for foreclosure in the Texas State Court Litigation.   The Trustee argues that this Court entered the Stay Termination Order over a decade ago to establish a process which terminated the automatic stay "to permit commencement or continuation of any action to foreclose or similarly proceed to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor."[34]  Thus, the Trustee claims, a

---

[32] D.I. 11582.
[33] D.I. 11583.
[34] D.I. 8595, ¶ 3.

party commencing or continuing an action to foreclose on a mortgage, such as the Alanis Deed of Trust, could not have violated the automatic stay.

Ms. Alanis objects to the Judicial Notice Motion, arguing that the Stay Termination Order should be *void ab initio* for ignoring the protections of the Bankruptcy Code for the "billions of dollars in mortgage loans" that were "assets belonging to the debtor bankruptcy estate."[35]

Standard – Judicial Notice

"This Court may take judicial notice of its own docket since 'Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact not subject to reasonable dispute . . . [and] so long as it is not unfair to a party to do so and does not undermine the trial court's fact-finding authority.'"[36]

Discussion – Judicial Notice

It is undisputed that the Stay Termination Order was entered in the New Century Bankruptcy Case.  The Court may take judicial notice of its own docket.[37] Taking judicial notice of the Stay Termination Order does not prejudice Ms. Alanis, who  refers to the Order in her Motion to Reopen when citing to a section of the Modified Confirmation Order.[38]

Ms. Alanis challenges the fairness of recognizing the Order, claiming that the Stay Termination Order should be *void ab initio*. However, there is no basis for

---

[35] D.I. 11583, ¶ 5.
[36] *Newhall Land and Farming Co. v. American Heritage Landscape, LP (In re Landsource Comm. Dev., LLC)*, 476 B.R. 454, 456 n.2 (Bankr. D. Del. 2012) (quoting *In re Indian Palms Assocs.*, 61 F.3d 197, 205 (3d Cir. 1995)); Fed.R.Evid. 201).
[37] *Id.*
[38] Motion to Reopen, ¶ 16.

11

concluding that the Stay Termination Order was void or even voidable. Statements

in the Joint Motion by the Debtors and the Official Committee of Unsecured

Creditors for entry of the Stay Termination Order, filed in 2008, directly contradict

the grounds for Ms. Alanis's *void ab initio* argument:

> During the course of the bankruptcy cases, the Debtors sold and
> disposed of all of their interests in and to any mortgage loans in which
> they held an economic interest. As a result, the Debtors no longer own
> any mortgage loans. … As the Debtors have sold all of their interests
> in mortgage loans and no longer have any obligation to service mortgage
> loans, the Debtors and the Committee believe that the automatic stay
> under 11 U.S.C. § 362(a) is no longer needed to remain in place in order
> to protect the bankruptcy estates' (the "Estates") potential asset or
> interest in and to any mortgage loan from being foreclosed upon by the
> holder of a senior mortgage lien. Furthermore, as the Debtors have
> wound down their operations and the Estates are liquidating, the large
> number of Foreclosure Notices that are received by the Committee and
> the Debtors on a weekly basis and the number of motions for relief from
> the stay that are filed with the Court in connection with efforts to
> foreclose upon any and all liens still held in the name of a Debtor is
> placing an unnecessary burden on the Court's and Estate's valuable
> time and resources.[39]

After a hearing on July 14, 2008, the Court entered the Stay Termination

Order. That Order was well-founded at the time of its entry, has been relied upon

by parties for more than a decade, and is final and non-appealable. Ms. Alanis's

objection to the Judicial Notice Motion is overruled and the Court will take judicial

notice of the Stay Termination Order.

II.   The Motion to Reopen

Ms. Alanis filed the Motion to Reopen to allow her to "file an adversary

proceeding to assert claims seeking damages against Wells Fargo and others

---

[39] D.I. 8214 (the "Joint Motion"), ¶ 10.

working in concert with them" for purportedly violating the automatic stay when Wells Fargo filed a counterclaim in foreclosure and other claims in the Texas State Court Litigation.[40]  Ms. Alanis also seeks to compel Wells Fargo to provide evidence that, among other things, Wells Fargo (i) filed timely claims in the bankruptcy case in connection with the Mortgage Loan and Deed of Trust, (ii) negotiated and provided consideration to the New Century Liquidating Trust for the Note and Deed of Trust, and (iii) obtained a "valid conveyance" of the Note and Deed of Trust by providing documentation to support that the February 2, 2011 Transfer of Lien was properly authorized.[41]

The New Century Trustee responds that no valid purpose could be served by reopening the bankruptcy case because the claims Ms. Alanis wants to assert against Wells Fargo and others have been fully and finally litigated in the Texas State Court Litigation.  The New Century Trustee also argues that other factors weigh against reopening the bankruptcy case, such as the length of time the bankruptcy case has been closed, potential burden upon and prejudice to the Trust and Trustee, and the lack of any benefit to the Trust or its beneficiaries.

Standard – Motion to Reopen

Pursuant to Section 350(b) of the Bankruptcy Code, a bankruptcy court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause."[42]  Whether to reopen the case is within the sound discretion of the

---

[40] Motion to Reopen, ¶ 158.
[41] *Id.*
[42] 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010.

bankruptcy court.[43] "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings."[44]

The movant bears the burden of demonstrating circumstances sufficient to justify the reopening of the bankruptcy case.[45] Courts consider a variety of non-exclusive factors when deciding whether to reopen a case, including:

(i)     the length of time that the case was closed;

(ii)    whether a non-bankruptcy forum, such as a state court, has the ability to determine the dispute to be posed by the debtor were the case reopened;

(iii)   whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties;

(iv)   whether any parties would be prejudiced were the case reopened or not reopened;

(v)    the extent of the benefit which the debtor seeks to achieve by reopening; and

(vi)   whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened.[46]

---

[43] *In re Rashid*, Civ. No. 04-1585, 2004 WL 2861872, * 3 (E.D. Pa. Dec. 13, 2004) (citing *Donaldson v. Bernstein,* 104 F.3d 547, 551 (3d Cir.1997); *Judd v. Wolfe,* 78 F.3d 110, 116 (3d Cir.1996)). A decision denying a motion to reopen "is binding on review absent a clear showing that there was an abuse of discretion." *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P.2d Cir.1997) (citations omitted).

[44] *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir.1991), *superseded by Rule, in part, as stated in In re United Refuse LLC*, 171 F. App'x 426, 430 n. 3 (4th Cir. 2006).

[45] *Rashid,* 2004 WL 2861872 at *3 (citing *In re Cloninger,* 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); *In re Nelson,* 100 B.R. 905 (Bankr. N.D. Ohio 1989)).

[46] *In re Fansteel, Inc.*, Case No. 02-10109, 2017 WL 3822724, *5 (Bankr. D. Del. Aug. 8, 2017) (citing *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007) (citations omitted)).

"Generally, a bankruptcy case should remain closed if no valid purpose would be served if the matter were reopened."[47]

Discussion – Motion to Reopen

    1.  There is no valid purpose to reopening the New Century bankruptcy case.

        The New Century Trustee argues that reopening the bankruptcy case will not assist Ms. Alanis in her quest to further pursue claims against Wells Fargo.  The New Century Trustee points out that the core tenet underlying each of Ms. Alanis's proposed adversary proceeding claims against Wells Fargo is that her Mortgage Note and Deed of Trust were never validly transferred from the Debtors to Wells Fargo and, therefore, at all relevant times remained property of the estate.  The Trustee argues that the central issue underlying those claims - - whether the Mortgage Note and Deed of Trust were validly transferred to Wells Fargo - - has been decided in the Texas State Court Litigation.[48]

    (a)  Reopening the Bankruptcy Case to Pursue Sanctions and Damages for Violating the Automatic Stay

        Ms. Alanis requests reopening of the New Century bankruptcy case to allow her to file an adversary proceeding seeking damages and sanctions from Wells Fargo and others for pursuing the counterclaims in the Texas State Court Litigation without first getting relief from the automatic stay from this Court.

---

[47] *Rashid*, 2004 WL 2861872, *4 (citing *In re Carberry*, 186 B.R. 401, 402 (Bankr.E.D.Va.1995) (noting that a bankruptcy case should remain closed "where it appears that [reopening the case] would be futile and a waste of judicial resources")).

[48] The Final Judgment issued by the Texas State Court on March 3, 2016, determined that "Wells Fargo is the current holder of the Note and beneficiary of the Deed of Trust representing a valid and existing first lien on the Property."  Alanis Exhibit 24.  *See also* n. **23**, *supra*.

The automatic stay of Bankruptcy Code § 362 prevents any entity from (among other things) taking any action to obtain property of the estate,[49] or to create, perfect or enforce any lien against property of the estate.[50] Ms. Alanis claims that her Mortgage Loan and Deed of Trust were property of the New Century bankruptcy estate that transferred to the NCL Trust upon confirmation of the Original Plan and the Modified Plan and, therefore, she asserts that the defendants' counterclaim for foreclosure and other claims filed in the Texas State Court violated the automatic stay.

But Ms. Alanis's argument is flawed.  The Stay Termination Order discussed above negates her argument that Wells Fargo's foreclosure counterclaim violated the automatic stay since that Order expressly granted relief from the stay "to permit the commencement or continuation of any action to foreclose upon or extinguish an interest in real property listed in the title records as being held by a Debtor."[51] The Joint Motion seeking entry of the Stay Termination Order included the Debtors' and the Creditors' Committee's representation that the Debtors had sold or transferred all of their interests in any loans prior to confirmation.[52]  The Walker Declaration producing copies of NCL Trust files to Ms. Alanis is evidence of the copies of the Debtors' documents held by the NCL Trust, but those documents

---

[49] 11 U.S.C. § 362(a)(3).
[50] 11 U.S.C. § 362(a)(4).
[51] The Stay Termination Order, ¶3.
[52] D.I. 8214 (the "Joint Motion"), ¶ 10.

do not necessarily prove that the Mortgage Loan was property of the estate at any time relevant to this proceeding.[53]

Finally, the Texas State Court has already determined that Wells Fargo was the current holder of the Mortgage Note and the beneficiary of the Deed of Trust. For reasons discussed in more detail below, principles of collateral estoppel and res judicata prevent this Court from reconsidering those issues.

Finally, there is no evidence that the New Century bankruptcy estate, the NCL Trust, or any creditors could benefit in any respect from a decision on whether the stay was violated in this case.   Ms. Alanis has not provided a valid basis for reopening the bankruptcy case to pursue an adversary proceeding based on violations of the automatic stay.

    (b)   <u>Reopening the Bankruptcy Case to Require Proof of the Valid Transfer of the Mortgage Loan and Deed of Trust to Wells Fargo</u>

Ms. Alanis also seeks to reopen the New Century bankruptcy case so that she can file an adversary proceeding against Wells Fargo and others to demand proof by Wells Fargo that it: (i) filed valid claims in the bankruptcy case regarding the Mortgage Loan and Deed of Trust, (ii) negotiated and provided consideration to the estate in connection with the Mortgage Loan and Deed of Trust, and (iii) has documentation to show that the February 2, 2011 Transfer of Lien was properly authorized.

---

[53] Alanis Ex. 25. As stated in the Declaration, the NCL Trust is the custodian of documents and electronic data from the Debtors and Walker made no "representations or warranties, express or implied, regarding the completeness, condition, or quality of such Produced Files." *Id.* at ¶ 1, ¶ 3.

The New Century Trustee objects to reopening the bankruptcy case to allow Ms. Alanis to pursue these claims, arguing that issues regarding whether Wells Fargo obtained a valid transfer of the Mortgage Loan and Deed of Trust have been fully and finally adjudicated in the Texas State Court Litigation. Therefore, the New Century Trustee claims, the principles of collateral estoppel and res judicata prevent this Court's reconsideration of those issues. The New Century Trustee is correct.

        (i)     <u>Collateral Estoppel</u>

Collateral estoppel (or issue preclusion) bars relitigation of an issue when (i) the identical issue was previously adjudicated; (ii) the issue was actually litigated; (iii) the previous determination was necessary to the decision; and (iv) the party being precluded from relitigating the issue was fully represented in the prior action.[54]  The Third Circuit also considers whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment."[55]

Ms. Alanis's proposed adversary proceeding claims assert that the Mortgage Note and the Deed of Trust were not properly transferred to Wells Fargo and, therefore, remained property of the New Century bankruptcy estate. This issue was actually litigated and decided in the Final Judgment issued by the Texas State

---

[54] *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citing *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)).
[55] *Id.* (citations omitted).

Court,[56] which was upheld on appeal.[57]  Ms. Alanis directly participated in the

Texas State Court Litigation, including issues related to the transfer of Mortgage

Loan.  Therefore, Ms. Alanis's proposed claims are barred by collateral estoppel.

(ii)    <u>Res Judicata</u>

The doctrine of res judicata (or claim preclusion) "bars repetitious litigation

based on the same cause of action."[58]  It applies when (i) there was a final judgment

on the merits in a prior suit, (ii) involving the same parties or their privities, and

(iii) the present suit is based on the same cause of action.[59]

When "deciding whether two suits are based on the same 'cause of action,' [it

is proper to] take a broad view, looking to whether there is an essential similarity of

the underlying events giving rise to the various legal claims."[60]  Courts should

consider "(1) whether the acts complained of and the demand for relief are the same

(that is, whether the wrong for which redress is sought is the same in both actions);

(2) whether the theory of recovery is the same; (3) whether the witnesses and

documents necessary at trial are the same (that is, whether the same evidence

necessary to maintain the second action would have been sufficient to support the

first); and (4) whether the material facts alleged are the same."[61]

---

[56] *See* ¶ 20 *supra.*

[57] *See* ¶ 21 *supra.*

[58] *Digene Corp. v. Ventana Medical Sys., Inc.*, 511 F. Supp. 2d 407, 412 (D. Del. 2007) (quoting *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 266 (3d Cir. 1978)).

[59] *Digene*, 511 F.Supp.2d at 412 (citing *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)); *Williams v. Atlantic Law Group, LLC*, 174 F.Supp.3d 874, 879 (D. Del. 2016) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).

[60] *Williams*, 174 F.Supp.3d at 879 (quoting *CoreStates*, 176 F.3d at 194).

[61] *Id.*  (quoting *Athlone*, 746 F.2d at 984).

Each of the foregoing factors are present here.  A broad view of the proposed litigation and the Texas State Court Litigation indicates that the wrong alleged at the core of both cases is that Wells Fargo failed to obtain a valid transfer of the Mortgage Loan and Deed of Trust from the Debtors.  The theory of the case, material facts and documents involved in both cases will be the same.  Ms. Alanis has previously litigated the validity of transfer issues in the Texas State Court Litigation and a final judgment was issued.   Res judicata applies to Ms. Alanis's proposed claims.

Ms. Alanis argues, however, that Bankruptcy Courts are courts of equity and case law has recognized that res judicata does not prevent a Bankruptcy Court from exercising its equitable powers and inquiring into the validity of a claim.[62]  Ms. Alanis claims that Wells Fargo's judgment against her is based on fraud, by way of an unlawful foreclosure scheme that allegedly included (among other things) sending a notice of default to Ms. Alanis before Wells Fargo had any interest in the Mortgage Loan or Deed of Trust, fabricating lien transfer documents, and including false statements in the Declaration attached to the Partial Summary Judgment Motion.[63]

Courts have recognized that "the bankruptcy trustee may collaterally attack a judgment offered as a claim against the estate for the purpose of showing that it

---

[62] *See Pepper v. Linton*, 308 U.S. 295, 305, 60 S.Ct. 238, 84 L.Ed. 281 (1939) (""[A] bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence . . . [a]nd the mere fact that a claim has been reduced to judgment does not prevent such an inquiry.")

[63] Alanis Response to Obj. of Former Trustee (D.I. 11581), ¶ 90, ¶ 187.

was obtained by collusion of the parties or is founded upon no real debt."[64]  This

principle, however, is not applicable here.  First, Ms. Alanis is arguing for the

review of Wells Fargo's claim against *her*; there is no claim asserted against the

bankruptcy estate for either this Court or the New Century Trustee to review.

Second, courts are equally reluctant to apply equitable relief to judgments entered

after a full trial on the merits, when a party's defense has already been litigated

and decided by the prior court.[65]

Ms. Alanis argues that she did not have an adequate opportunity to a full and

fair trial on her claims because the Texas State Court rejected her arguments and

motions, including her attempts to admit the documentation received from the New

Century Trustee after the Final Judgment.  However, denial of her motions does not

establish that the Texas State Court failed to consider her arguments.  This matter

---

[64] *Margolis v. Nazareth Fair Grounds & Farmers Market, Inc.*, 249 F.2d 221, 224 (2d Cir. 1957) (citing *Boynton v. Ball*, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985 (1887)).

[65] *Compare Margolis*, 249 F.2d at 224 (concluding that the bankruptcy court properly exercised its equitable powers to inquire into the validity of two confessed judgments obtained in state court when the judgment holders dominated the corporate debtor's affairs and the corporate debtor was prevented by fraud from raising valid defenses in state court) *with Heiser v. Woodruff*, 327 U.S. 726, 737, 66 S.Ct. 853, 90 L.Ed. 970 (1946) (deciding that an attack cannot be sustained "on a judgment allegedly procured by fraudulent representations ... when the charge of fraud has been rejected in previous litigations by the parties to the suit in which the judgment was rendered"), *and In re Farrell*, 27 B.R. 241, (Bankr. E.D.N.Y. 1982) (applying res judicata to a default judgment when the state court had already heard and denied, the debtors' defenses in a motion to open the default judgment), *and In re Miller*, 626 B.R. 503 (Bankr. S.D. Ohio 2021) (applying principles of res judicata to a state court foreclosure judgment and rejecting the debtor's request to use its equitable powers to look behind that judgment, when the debtor's allegations of duress and coercion were litigated and decided after a trial on the merits in state court).

Courts generally use their equitable powers in cases involving default judgments or confessed judgments - - the type of judgments that are more susceptible to foul play.  *Margolis*, 249 F.2d at 224 ("The doctrine of res judicata in bankruptcy courts 'is subject to the paramount equitable powers of bankruptcy courts to prevent the perpetration of fraud and collusion.  This principle [is] ... applicable especially to judgments by default or pro confesso' ... since the danger of fraud in such judgments is far greater than in adversary proceedings.") (quoting 3 COLLIER, BANKRUPTCY, Sec. 63.07 at 1800-01 (14th ed. 1940)).

has been litigated, decided, and upheld on appeal.  As the Supreme Court stated in

*Heiser v. Woodruff*:

> [W]e are aware of no principle of law or equity which sanctions the
> rejection by a federal court of the salutary principle of res judicata,
> which is founded upon the generally recognized public policy that there
> must be some end to litigation and that when one appears in court to
> present his case, is fully heard, and the contested issue is decided
> against him, he may not later renew the litigation in another court.[66]

There is no valid reason to renew Ms. Alanis's litigation in another court.

Because Ms. Alanis's proposed claims are barred by collateral estoppel and res

judicata, the Court concludes that no valid purpose will be served by reopening the

bankruptcy case.

2.  <u>The Motion to Reopen fails to demonstrate other circumstances to justify
     reopening this Chapter 11 case</u>

An analysis of other applicable factors that courts consider when deciding

whether to reopen a bankruptcy case also weigh heavily against granting the

Motion to Reopen.

(1)     <u>The length of time that the case was closed</u>

The Court entered a final decree closing the Chapter 11 cases on

August 25, 2016.  The New Century Trustee made a final distribution of

NCL Trust assets on September 30, 2016.  All records of the NCL Trust

have been disposed of pursuant to the Document Destruction Order entered

by the Court and the New Century Trustee has been fully released and

discharged of his duties.  Reopening this Chapter 11 case would provide no

---

[66] *Heiser v. Woodruff*, 327 U.S. at 733 (citing *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525-26, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931)).

benefit to the estate or its creditors.  This factor weighs against reopening

the case.

    (2)    <u>Whether a non-bankruptcy forum, such as a state court, has the ability to determine the dispute to be posed by the debtor were the case reopened</u>

        A non-bankruptcy forum (i.e., the Texas State Court) has already

heard and determined the dispute Ms. Alanis seeks to bring before this

Court.  On March 3, 2016, the Texas State Court entered an Order deciding

(among other things) that Wells Fargo was the holder of the Note and the

beneficiary of the Deed of Trust representing a valid and existing first lien

on the Property.  The Texas Appellate Court affirmed that decision on April

4, 2018.  This factor also weighs against reopening the Chapter 11 case.

    (3)    <u>Whether any parties would be prejudiced were the case reopened or not reopened</u>

        The New Century Trustee would be prejudiced by reopening the

case since he has been discharged from his duties and could incur costs by

monitoring or participating in any litigation involving the estate. This

factor also weighs against reopening the case.

    (4)    <u>The extent of the benefit which the debtor seeks to achieve by reopening/ whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened</u>

        Neither the Debtors nor the New Century Trustee are seeking to

reopen the Chapter 11 case and it is apparent that the estate will not

benefit from reopening the case.  This factor also weighs against granting

the Motion to Reopen.

CONCLUSION

Accordingly, for the reasons set forth above, the Judicial Notice Motion will

be granted and the Motion to Reopen will be denied.  The Court will enter an

appropriate Order.

BY THE COURT:

_____
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

Dated:  October 12, 2021
        Wilmington, Delaware